(B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**TRIBUNE COMPANY** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): **See Attachment 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>36-1880355 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>435 N. Michigan Ave.<br>Chicago, IL                     ZIP CODE 60611 | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Cook County, IL | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                      ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7          ☐ Chapter 15 Petition for<br>☐ Chapter 9             Recognition of a Foreign<br>☒ Chapter 11           Main Proceeding<br>☐ Chapter 12        ☐ Chapter 15 Petition for<br>☐ Chapter 13           Recognition of a Foreign<br>                              Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose      ☒ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only)  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>-------------------------------------------------------------<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptance of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over-100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $50 million | $10,000,001 to $100 million | $50,000,001 to $500 million | $100,000,001 to $1 billion | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B 1 (Official Form 1) (1/08)                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):** TRIBUNE COMPANY |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location<br>Where Filed:        None | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor:        See Attachment 2 | Case Number: | Date Filed: |
| District:        District of Delaware | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☒ Exhibit A is attached and made a part of this petition. | X _____<br>     Signature of Attorney for Debtor(s)            Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No  See Attachment 3

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
**(Check any applicable box)**

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
**(Check all applicable boxes.)**

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(l)).

B 1 (Official Form 1) (1/08)

| **Voluntary Petition** *(This page must be completed and filed in every case)* | **Name of Debtor(s):** TRIBUNE COMPANY |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
    Telephone Number (If not represented by attorney)

_____
    Date

### Signature of Attorney*

X *James F. Conlan* / *Norman L. Pernick (2290)*
    Signature of Attorney for Debtor(s)

James F. Conlan    Norman L. Pernick (2290)
Printed Name of Attorney for Debtor(s)

    Cole, Schotz, Meisel,
Sidley Austin LLP    Forman & Leonard, P.A.
Firm Name

One South Dearborn St.    1000 N. West St., Ste 1200
Chicago, IL 60603    Wilmington, DE 19801
Address

312-853-7000    302-652-3131
Telephone Number

December 8, 2008
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *Chandler Bigelow III*
    Signature of Authorized Individual

Chandler Bigelow III
Printed Name of Authorized Individual

Senior Vice President & Chief Financial Officer
Title of Authorized Individual

December 8, 2008
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

X _____
    (Printed Name of Foreign Representative)

_____
    Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that Section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

## **ATTACHMENT 1 TO VOLUNTARY PETITION**

All other names used by the Debtor in the last 8 years:

### Prior Legal Name:

Times Mirror Corporation (merger)

## ATTACHMENT 2 TO VOLUNTARY PETITION

Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

On December 8, 2008, each of the affiliated entities listed below, including the Debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Tribune Company is the direct or indirect parent corporation of each of the other Debtors. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

The Debtors are the following entities:

Tribune Company
435 Production Company
5800 Sunset Productions Inc.
Baltimore Newspaper Networks, Inc.
California Community News Corporation
Candle Holdings Corporation
Channel 20, Inc.
Channel 39, Inc.
Channel 40, Inc.
Chicago Avenue Construction Company
Chicago River Production Company
Chicago Tribune Company
Chicago Tribune Newspapers, Inc.
Chicago Tribune Press Service, Inc.
ChicagoLand Microwave Licensee, Inc.
Chicagoland Publishing Company
Chicagoland Television News, Inc.
Courant Specialty Products, Inc.
Direct Mail Associates, Inc.
Distribution Systems of America, Inc.
Eagle New Media Investments, LLC
Eagle Publishing Investments, LLC
forsalebyowner.com corp.
ForSaleByOwner.com Referral Services, LLC
Fortify Holdings Corporation
Forum Publishing Group, Inc.
Gold Coast Publications, Inc.

GreenCo, Inc.
Heart & Crown Advertising, Inc.
Homeowners Realty, Inc.
Homestead Publishing Co.
Hoy, LLC
Hoy Publications, LLC
InsertCo, Inc.
Internet Foreclosure Service, Inc.
JuliusAir Company, LLC
JuliusAir Company II, LLC
KIAH Inc.
KPLR, Inc.
KSWB Inc.
KTLA Inc.
KWGN Inc.
Los Angeles Times Communications LLC
Los Angeles Times International, Ltd.
Los Angeles Times Newspapers, Inc.
Magic T Music Publishing Company
NBBF, LLC
Neocomm, Inc.
New Mass. Media, Inc.
New River Center Maintenance Association, Inc.
Newscom Services, Inc.
Newspaper Readers Agency, Inc.
North Michigan Production Company
North Orange Avenue Properties, Inc.
Oak Brook Productions, Inc.
Orlando Sentinel Communications Company
Patuxent Publishing Company
Publishers Forest Products Co. of Washington
Sentinel Communications News Ventures, Inc.
Shepard's Inc.
Signs of Distinction, Inc.
Southern Connecticut Newspapers, Inc.
Star Community Publishing Group, LLC
Stemweb, Inc.
Sun-Sentinel Company
The Baltimore Sun Company
The Daily Press, Inc.
The Hartford Courant Company
The Morning Call, Inc.
The Other Company LLC
Times Mirror Land and Timber Company
Times Mirror Payroll Processing Company, Inc.
Times Mirror Services Company, Inc.

TMLH 2, Inc.
TMLS I, Inc.
TMS Entertainment Guides, Inc.
Tower Distribution Company
Towering T Music Publishing Company
Tribune Broadcast Holdings, Inc.
Tribune Broadcasting Company
Tribune Broadcasting Holdco, LLC
Tribune Broadcasting News Network, Inc.
Tribune California Properties, Inc.
Tribune Direct Marketing, Inc.
Tribune Entertainment Company
Tribune Entertainment Production Company
Tribune Finance, LLC
Tribune Finance Service Center, Inc.
Tribune License, Inc.
Tribune Los Angeles, Inc.
Tribune Manhattan Newspaper Holdings, Inc.
Tribune Media Net, Inc.
Tribune Media Services, Inc.
Tribune Network Holdings Company
Tribune New York Newspaper Holdings, LLC
Tribune NM, Inc.
Tribune Publishing Company
Tribune Television Company
Tribune Television Holdings, Inc.
Tribune Television New Orleans, Inc.
Tribune Television Northwest, Inc.
ValuMail, Inc.
Virginia Community Shoppers, LLC
Virginia Gazette Companies, LLC
WATL, LLC
WCWN LLC
WDCW Broadcasting, Inc.
WGN Continental Broadcasting Company
WLVI Inc.
WPIX, Inc.
WTXX Inc.

## ATTACHMENT 3 TO VOLUNTARY PETITION

All real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety:

The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

B 1A (Official Form 1, Exhibit A (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re    TRIBUNE COMPANY                    ,    )    Case No.  08-_____

              Debtor                    )

                                     )

                                     )    Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 1-8572                        .

2. The following financial data is the latest available information and refers to the debtor's condition on December 8, 2008.[1]

    a.  Total assets                    $    7,604,195,000.00

    b.  Total debts (including debts listed in 2.c., below)    $    12,972,541,148.00

    c.  Debt securities held by more than 500 holders:[2]

| | | Approximate number of holders: |
|---|---|---|
| Medium-term Series D notes due 2026 | $ 120,000.00 | unknown |
| Medium-term Series E notes due Dec. 8, 2008 | $ 69,550,000.00 | unknown |
| 4.875% notes due 2010 | $ 450,000,000.00 | unknown |
| 7.25% debentures due 2013 | $ 82,083,000.00 | unknown |
| 5.25% notes due 2015 | $ 330,000,000.00 | unknown |
| 7.5% debentures due 2023 | $ 98,750,000.00 | unknown |
| 6.61% debentures due 2027 | $ 84,960,000.00 | unknown |
| 7.25% debentures due 2096 | $ 148,000,000.00 | unknown |
| Exchangeable subordinated debentures due 2029 ("PHONES") | $ 900,000,000.00 | unknown |

    d.  Number of shares of preferred stock            0            0

---

[1] Assets are reported on a consolidated basis for the Debtor and all of its direct and indirect subsidiaries, based on its consolidated third quarter balance sheet, as of September 28, 2008. Debts are reported on a consolidated basis for the Debtor and all of its direct and indirect subsidiaries as of December 8, 2008.

[2] The following debt securities were registered with the SEC at the time of issuance and may from time to time have had more than 500 holders. The Debtor is unaware of the approximate number of holders of the debt securities set forth in this subsection 2.c but believes that as of December 8, 2008 none of these series may have more than 500 holders per series.

e. Number of shares of common stock       56,521,739      1

Comments, if any

3. Brief description of debtor's business:

Tribune Company is a leading media and entertainment company.  Tribune operates businesses in publishing, broadcasting, and entertainment.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Tribune Employee Stock Ownership Plan, 100%

2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-_____ |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE
## THIRTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

The following is the consolidated list of creditors holding the thirty (30) largest unsecured claims against above captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") (the "List of Creditors"). The List of Creditors reflects estimated amounts owed by the Debtors as of the Petition Date.

The List of Creditors has been prepared on a consolidated basis from the books and records of each of the Debtors as of December 8, 2008. The Debtors take no position at this time

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

regarding whether any of the parties included in the List of Creditors are "insiders" of the Debtors, as that term is defined in section 101(31) of title 11 of the United States Code (the "Bankruptcy Code"), and the inclusion or exclusion of any party to this List of Creditors shall not constitute an admission by, nor shall it be binding on, the Debtors in any respect. The Debtors expressly reserve the right to, in their sole discretion, challenge the validity, priority and/or amount of any obligation reflected herein.

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, and fax number of employee, agent or department of creditor familiar with claim | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 1. JP Morgan Chase Bank, NA as Agent*<br>1111 Fannin, 10th Floor<br>Houston, Texas 77002 | Shadia Aminu<br>T: 713-750-7933<br>F: 713-750-2358 | Senior Facility | | $8,571,040,000[2] |

\* The following lenders are the largest holders of the Senior Facility based on information recently provided to the Debtors by JP Morgan Chase Bank NA, agent for the Senior Facility.[3]

| Name and address of creditor | Contact person and phone/fax | Amount of claim |
|---|---|---|
| JPMORGAN CHASE BANK, NA | Miriam Kulnis<br>T: 212-622-4526<br>F: 212-622-4557 | $1,045,833,000 |
| DEUTSCHE BANK AG | T:<br>F: | $737,543,000 |
| ANGELO GORDON & CO LP | Gavin Baiera<br>T: 212-692-0217<br>F: 212-867-6395 | $324,460,000 |
| KKR FINANCIAL CORPORATION | Jeremiah Lane<br>T: 415-315-6513<br>F: 415-391-3077 | $239,701,000 |
| VIKING GLOBAL PERFORMANCE LLC | Mina Faltas<br>T: 203-863-5011<br>F: 203-625-8706 | $231,279,000 |
| HIGHLAND CAPITAL MANAGEMENT LP | T: 972-628-4100<br>F: 972-628-4147 | $230,965,000 |
| DAVIDSON KEMPNER CAPITAL MANAGEMENT LLC | Jamie Donath<br>T: 212-371-3000<br>F: 212-371-4318 | $203,943,000 |
| AVENUE ADVISORS LLC | Trent Spiridellis<br>T: 212-905-5240<br>F: 212-878-3559 | $212,273,000 |
| GOLDMAN SACHS GROUP INC. | Scott Bynum<br>T: 212-902-8060<br>F: 212-902-3757 | $208,588,000 |
| TACONIC CAPITAL ADVISORS LLC | T: 212-209-3100<br>F: | $207,877,000 |

[2] Claim at Tribune Company (as borrower) and, pursuant to a senior guaranty, at all of its subsidiaries that were deemed material under the Senior Facility ( such subsidiaries, the "Guarantor Subsidiaries"). Claim secured at Tribune Company by the pledge of the equity interest of two of its subsidiaries, and unsecured at all of the subsidiaries of Tribune Company that guaranteed the Senior Facility debt. The value of the security is unknown.

[3] The Debtors will seek additional contact information for these parties and shall provide that information as soon as possible to the Office of the United States Trustee.

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, and fax number of employee, agent or department of creditor familiar with claim | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 2.  Merrill Lynch Capital Corporation, as Agent **<br>Loan Operations<br>600 E. Las Colinas Blvd.<br>Suite 1300<br>Irving, TX 75039 | Sharon Hawkins<br>T: 972-401-8572<br>F: 972-869-4818 | Bridge Loan Facility | | $1,600,000,000[4] |

** The following lenders are the largest holders of the Bridge Loan Facility based on information recently provided to the Debtors by Merrill Lynch Capital Corporation, agent for the Bridge Loan Facility[5]

| Name and address of creditor | Contact person and phone/fax | Amount of claim |
|---|---|---|
| JPMORGAN CHASE BANK, NA | Miriam Kulnis<br>T: 212-622-4526<br>F: 212-622-4557 | $437,371,428 |
| MERRILL LYNCH CAPITAL CORPORATION | Michael O'Brien<br>T: 212-449-0948<br>F: 212-738-1186 | $437,371,428 |
| CITICORP NORTH AMERICA, INC. | Tim Dillworth<br>T: 212-723-9641<br>F: 646-375-1606 | $326,380,952 |
| BANC OF AMERICA BRIDGE LLC | Bill Bowen<br>T: 704-388-3465<br>F: | $242,685,714 |

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| 3.  Deutsche Bank National Trust, as Trustee<br>Company Global Transaction Banking Trust & Securities Services<br>25 DeForest Avenue<br>Mail Stop: SUM01-0105<br>Summit, New Jersey 07901 | David Contino,<br>Vice President<br>T: 908-608-3183<br>F: 732-578-4635 | Exchangeable Subordinated Debentures Due 2029 | | $900,000,000[6] |
| 4.  Deutsche Bank National Trust, as Trustee<br>Company Global Transaction Banking Trust & Securities Services<br>25 DeForest Avenue<br>Mail Stop: SUM01-0105<br>Summit, New Jersey 07901 | David Contino,<br>Vice President<br>T: 908-608-3183<br>F: 732-578-4635 | 4.875% Unsecured Notes Due 2010 | | $450,000,000[7] |
| 5.  Deutsche Bank National Trust, as Trustee<br>Company Global Transaction Banking Trust & Securities Services<br>25 DeForest Avenue<br>Mail Stop: SUM01-0105<br>Summit, New Jersey 07901 | David Contino,<br>Vice President<br>T: 908-608-3183<br>F: 732-578-4635 | 5.25% Unsecured Notes Due 2015 | | $330,000,000[7] |

[4] Claim at Tribune Company as borrower and at Guarantor Subsidiaries pursuant to a subordinate guaranty.

[5] The Debtors will seek additional contact information for these parties and shall provide that information as soon as possible to the Office of the United States Trustee.

[6] Claim at Tribune Company only; subordinated to Senior Facility, Bridge Loan Facility and other Note/Debenture issuances.

[7] Claim only at Tribune Company.  Claim secured by the pledge of the equity interests of two of Tribune Company's subsidiaries.  The value of this security is unknown.

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number, and fax number of employee, agent or department of creditor familiar with claim | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 6. Deutsche Bank National Trust, as Trustee Company Global Transaction Banking Trust & Securities Services 25 DeForest Avenue Mail Stop: SUM01-0105 Summit, New Jersey 07901 | David Contino, Vice President T: 908-608-3183 F: 732-578-4635 | 7.25% Debentures Due 2096 | | $148,000,000[8] |
| 7. Barclays Capital Inc. 200 Park Avenue New York, NY 10166 Attn: US Client Valuations Group | US Client Valuations Group T: 973-576-3616 F: 973-576-3766 | Interest Rate Swaps | | $142,923,000 |
| 8. Deutsche Bank National Trust, as Trustee Company Global Transaction Banking Trust & Securities Services 25 DeForest Avenue Mail Stop: SUM01-0105 Summit, New Jersey 07901 | David Contino, Vice President T: 908-608-3183 F: 732-578-4635 | 7.5% Debentures Due 2023 | | $98,750,000[8] |
| 9. Deutsche Bank National Trust, as Trustee Company Global Transaction Banking Trust & Securities Services 25 DeForest Avenue Mail Stop: SUM01-0105 Summit, New Jersey 07901 | David Contino, Vice President T: 908-608-3183 F: 732-578-4635 | 6.61% Debentures Due 2027 | | $84,960,000[8] |
| 10. Deutsche Bank National Trust, as Trustee Company Global Transaction Banking Trust & Securities Services 25 DeForest Avenue Mail Stop: SUM01-0105 Summit, New Jersey 07901 | David Contino, Vice President T: 908-608-3183 F: 732-578-4635 | 7.25% Debentures Due 2013 | | $82,083,000[8] |
| 11. Deutsche Bank National Trust, as Trustee Company Global Transaction Banking Trust & Securities Services 25 DeForest Avenue Mail Stop: SUM01-0105 Summit, New Jersey 07901 | David Contino, Vice President T: 908-608-3183 F: 732-578-4635 | Medium Term Notes (Series E) Due 2008 | | $69,550,000[8] |

[8] Claim only at Tribune Company. Claim secured by the pledge of the equity interests of two of Tribune Company's subsidiaries. The value of this security is unknown.

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, and fax number of employee, agent or department of creditor familiar with claim | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 12.  Warner Bros. Television<br>400 Warner Boulevard<br>Burbank, CA  91522 | Ken Werner<br>President<br>Domestic Television<br>T: 818-954-6000<br>F: 818-954-7226 | Trade debt | | $23,691,000 |
| 13.  Mark Willes<br>4353 Sheffield Drive<br>Provo, UT 84604 | Mark Willes | Retirement & Deferred Comp | | $11,229,000 |
| 14.  Twentieth Television, Inc<br>2121 Avenue of the Stars<br>21st Floor<br>Los Angeles, CA 90067 | Bob Cook<br>President and COO<br>T: 310-369-1000<br>F: 310-369-3899 | Trade debt | | $8,051,000 |
| 15.  Buena Vista Entertainment Inc.<br>c/o Disney / ABC Domestic Television<br>2300 Riverside Drive<br>Burbank, CA  91506 | Janice Marinelli<br>President<br>T: 818-460-6017<br>F: 818-560-1930 | Trade debt | | $6,220,000 |
| 16.  SP Newsprint Company<br>c/o White Birch Paper Company<br>80 Field Point Road<br>Greenwich, CT  06830 | Christopher Brandt<br>CEO<br>T:  203-661-3344<br>F:  203-661-3349 | Trade debt | | $5,153,000 |
| 17.  NBC Universal Domestic Television Distribution<br>30 Rockefeller Plaza<br>New York, NY 10112 | Barry Wallach<br>President<br>T: 212-664-6167<br>F: 212-664-5998 | Trade debt | | $4,936,000 |
| 18.  Robert Erburu<br>1518 Blue Jay Way<br>Los Angeles CA 90069 | Robert Erburu | Retirement & Deferred Comp | | $4,352,000 |
| 19.  Abitibi Consolidated<br>(Abitibi Bowater Inc.)<br>1155 Metcalfe Street, Suite 800<br>Montréal, Québec<br>H3B 5H2 Canada | David J  Paterson,<br>President & CEO<br>T: 514-875-2160<br>F: 864-282-9482 | Trade debt | | $4,192,000 |
| 20.  Tower JK, LLC<br>c/o Equity Group Investments<br>Two North Riverside Plaza<br>Chicago, IL 60606 | Philip Tinkler<br>T: 312-454-0100<br>F: 312-454-0157 | Subordinated Promissory Notes due 2018 | | $3,323,632 |

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number, and fax number of employee, agent or department of creditor familiar with claim | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 21. Tower MS, LLC<br>c/o Equity Group Investments<br>Two North Riverside Plaza<br>Chicago, IL 60606 | Philip Tinkler<br>T: 312-454-0100<br>F: 312-454-0157 | Subordinated Promissory Notes due 2018 | | $2,812,500 |
| 22. Raymond Jansen Jr.<br>24 Dockside Lane<br>Box 422<br>Key Largo FL 33037 | Raymond Jansen Jr. | Retirement & Deferred Comp | | $2,805,000 |
| 23. Bowater Inc. (Abitibi Bowater Inc.)<br>1155 Metcalfe Street, Suite 800<br>Montréal, Québec<br>H3B 5H2 Canada | David J  Paterson, President & CEO<br>F: 864-282-9482<br>T: 514-875-2160 | Trade debt | | $2,770,000 |
| 24. Horst Bergman<br>4261 Preserve Parkway South<br>Greenwood CO 80121 | Horst Bergman | Retirement & Deferred Comp | | $2,681,000 |
| 25. Tower EH, LLC<br>c/o Equity Group Investments<br>Two North Riverside Plaza<br>Chicago, IL 60606 | Philip Tinkler<br>T: 312-454-0100<br>F: 312-454-0157 | Subordinated Promissory Notes due 2018 | | $2,658,915 |
| 26. Tower DC, LLC<br>c/o Equity Group Investments<br>Two North Riverside Plaza<br>Chicago, IL 60606 | Philip Tinkler<br>T: 312-454-0100<br>F: 312-454-0157 | Subordinated Promissory Notes due 2018 | | $2,357,142 |
| 27. Tower PT, LLC<br>c/o Equity Group Investments<br>Two North Riverside Plaza<br>Chicago, IL 60606 | Philip Tinkler<br>T: 312-454-0100<br>F: 312-454-0157 | Subordinated Promissory Notes due 2018 | | $2,250,000 |
| 28. Sony Pictures Television<br>10202 W Washington Boulevard<br>Culver City CA 90232 | Steve Mosko, President<br>T: 310-244-4000<br>F: 310-244-2626 | Trade debt | | $2,161,000 |
| 29. Nielsen Media Research Inc.<br>770 Broadway<br>New York, NY 10003 | Susan Whiting, President & CEO<br>T: 646-654-8300<br>F: 330-856-8480 | Trade debt | | $1,874,000 |
| 30. Paramount Pictures Corporation<br>5555 Melrose Ave, Suite 121<br>Hollywood, CA 90038 | Brad Grey President<br>T: 323-956-5000<br>F: 310-369-1283 | Trade debt | | $1,691,000 |

## DECLARATION REGARDING CREDITORS

## HOLDING THE THIRTY LARGEST UNSECURED CLAIMS

I, Chandler Bigelow III, am an authorized officer of Tribune Company and each of the other debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), and in such capacities am familiar with the financial affairs of each of the Debtors. I declare under penalty of perjury that I have read and reviewed the foregoing Consolidated List of Creditors Holding the Thirty (30) Largest Unsecured Claims Against the Debtors and that the information included therein is true and correct to the best of my knowledge, information and belief.

Dated: December 8, 2008

_____
Chandler Bigelow III
Senior Vice President &
Chief Financial Officer

TRIBUNE COMPANY

CHI 4502249v.1

## LIST OF EQUITY SECURITY HOLDERS OF
## TRIBUNE COMPANY

In accordance with Rules 1007(a)(1), 1007(a)(3), and 7007.1(a) of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

### NAME AND ADDRESS OF EQUITY HOLDERS                    INTEREST

| | | |
|---|---|---|
| Tribune Employee Stock Ownership Plan<br>435 North Michigan Ave.<br>Chicago, IL 60611 | 56,521,739 common shares | 100% |
| EGI-TRB, LLC<br>Two North Riverside Drive<br>Chicago, IL 60606 | 30,866,651 warrants | |
| Tower Greenspun, LLC<br>Two North Riverside Drive<br>Chicago, IL 60606 | 6,901,311 warrants | |
| Tower WP, LLC<br>Two North Riverside Drive<br>Chicago, IL 60606 | 941,965 warrants | |
| Tower JK, LLC<br>Two North Riverside Drive<br>Chicago, IL 60606 | 642,248 warrants | |
| Tower NL, LLC<br>Two North Riverside Drive<br>Chicago, IL 60606 | 579,710 warrants | |
| Tower MS, LLC<br>Two North Riverside Drive<br>Chicago, IL 60606 | 543,478 warrants | |
| Tower EH, LLC<br>Two North Riverside Drive<br>Chicago, IL 60606 | 513,800 warrants | |
| Tower DC, LLC<br>Two North Riverside Drive<br>Chicago, IL 60606 | 455,487 warrants | |

Tower PT, LLC
Two North Riverside Drive
Chicago, IL  60606

434,783 warrants

Tower MZ, LLC
Two North Riverside Drive
Chicago, IL  60606

326,087 warrants

Tower JP, LLC
Two North Riverside Drive
Chicago, IL  60606

175,983 warrants

Tower LZ, LLC
Two North Riverside Drive
Chicago, IL  60606

172,533 warrants

Tower JB, LLC
Two North Riverside Drive
Chicago, IL  60606

156,522 warrants

Tower TT, LLC
Two North Riverside Drive
Chicago, IL  60606

138,026 warrants

Tower HZ, LLC
Two North Riverside Drive
Chicago, IL  60606

138,026 warrants

Tower JS, LLC
Two North Riverside Drive
Chicago, IL  60606

78,261 warrants

Tower PH, LLC
Two North Riverside Drive
Chicago, IL  60606

69,013 warrants

Tower DL, LLC
Two North Riverside Drive
Chicago, IL  60606

69,013 warrants

Tower KS, LLC
Two North Riverside Drive
Chicago, IL  60606

62,112 warrants

Tower CH, LLC                                    62,112 warrants
3634 North Fremont Street
Unit 3
Chicago, IL  60613

Tower VC, LLC                                    43,478 warrants
Two North Riverside Drive
Chicago, IL  60606

Tower LL, LLC                                    34,507 warrants
3522 North Janssen Avenue
Chicago, IL  60657-1324

Tower SF, LLC                                    34,507 warrants
One Ferry Building
Suite 255
San Francisco, CA  94111

Tower MH, LLC                                    24,845 warrants
Two North Riverside Drive
Chicago, IL  60606

Tower LM, LLC                                    13,803 warrants
Two North Riverside Drive
Chicago, IL  60606

**DECLARATION REGARDING**
**LIST OF EQUITY SECURITY HOLDERS OF**
**TRIBUNE COMPANY**


    I, Chandler Bigelow III, am an authorized officer of Tribune Company, the debtor in this case (the "Debtor"), and in such capacity am familiar with the financial affairs of the Debtor.  I declare under penalty of perjury that the foregoing List of Equity Security Holders of the Debtor is true and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2008

 

_____
Chandler Bigelow III
Senior Vice President
& Chief Financial Officer

## CERTIFICATE OF RESOLUTIONS ADOPTED BY THE BOARD
## OF DIRECTORS OF TRIBUNE COMPANY

I, David Eldersveld, Vice President, Deputy General Counsel and Secretary of Tribune Company, a Delaware corporation (the "Company") hereby certify that the following resolutions were duly adopted by all of the members of the Board of Directors of the Company at a telephonic meeting held on December 8, 2008 in accordance with Article IV, Section 6 of the Amended and Restated Bylaws of the Company and Section 141(i) of the General Corporation Law of the State of Delaware, and that said resolutions have not been modified or rescinded, and are still in full force and effect on the date hereof:

RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED, that any individual duly appointed by the Board of Directors as the Chief Executive Officer, Interim Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, President, Executive Vice President, Senior Vice President, Vice President, General Counsel, Secretary, Assistant Secretary, Treasurer or Assistant Treasurer (each, an "Authorized Officer" and together, the "Authorized Officers") are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as said Authorized Officer executing the same shall determine and in such form or forms as such Authorized Officer may approve;

RESOLVED, that the law firm of Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, be, and hereby is, retained and employed as attorneys for the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A., 1000 N. West Street, Suite 1200, Wilmington, Delaware, 19801, be, and hereby is, retained and employed as Delaware attorneys for the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the financial advisory and asset management firm of Lazard Ltd., 190 LaSalle Street, 31st Floor, Chicago, Illinois 60603 and 30 Rockefeller Plaza, New York, New York 10020, be and hereby is, retained and employed as financial and asset management consultants for the Company in connection with prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the financial advisory firm of Alvarez & Marsal North America LLC, 55 West Monroe Street, Suite 4000, Chicago, IL 60603, be and hereby is, retained and employed as financial consultants for the Company in connection with prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the firm of Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017, be and hereby is, retained and employed as claims, noticing, and balloting agents for the Company in connection with prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the public relations firm of Edelman, 200 East Randolph Drive, Chicago, Illinois 60601, be and hereby is, retained and employed as public relations agents for the Company in connection with prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all further actions which the Authorized Officers or the Company's legal counsel may deem necessary or appropriate to file the voluntary petition for relief under chapter 11 of the Bankruptcy Code, and to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case including, without limitation, seeking authority to guarantee or borrow, and borrowing, amounts under any post-petition financing facility for itself or its affiliates, and granting liens, guarantees, pledges, mortgages and/or other security therefor and filing financing statements, mortgages, intellectual property security agreements and other documents related thereto;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized to employ and retain legal counsel, financial advisors, accountants and other professionals, to advise the Company in connection with its case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions to make, sign, execute, acknowledge and deliver (and record in the relevant office of the secretary of state or the county clerk, if necessary) any and all such agreements listed above (including exhibits thereto), including any and all affidavits, orders, directions, certificates, requests, receipts, financing statements, or other instruments as may reasonably be required to give effect to these Resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to fully perform the terms and provisions thereof;

RESOLVED, that the Authorized Officers, be, and each of them hereby is, authorized on behalf of, and in the name of, the Company to execute any and all plans of reorganization under chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, and to cause the same to be filed in the Bankruptcy Court at such time as said Authorized Officer executing the same shall determine;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge and deliver all such additional documents, agreements and certificates as may be reasonably required to give effect to the consummation of the transactions contemplated by these Resolutions and any chapter 11 plan of reorganization, and to execute and deliver such

documents, agreements and certificates, and to fully perform the terms and provisions thereof; and

RESOLVED, that to the extent that any of the actions authorized by any of these Resolutions have been taken by the Authorized Officers of the Company on its behalf, such actions are hereby ratified and confirmed in their entirety.

IN WITNESS WHEREOF, the undersigned has executed this written certificate as of the 8th day of December, 2008.

TRIBUNE COMPANY


_____

By:      David Eldersveld
Title:   Vice President, Deputy General Counsel
          and Secretary