# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-_____ |
| Debtors. | Joint Administration Requested |

**AFFIDAVIT AND DISCLOSURE STATEMENT OF DANIEL C. MCELHINNEY IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO RETAIN AND EMPLOY EPIQ BANKRUPTCY SOLUTIONS, LLC AS CLAIMS, NOTICING, AND BALLOTING AGENT PURSUANT TO 28 U.S.C. § 156(C), RULE 2002(F) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2002-1(F) AS OF THE PETITION DATE**

STATE OF NEW YORK   )
                    :  ss.:
COUNTY OF NEW YORK  )

Daniel C. McElhinney, being duly sworn, deposes and says:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am an Executive Director of Epiq Bankruptcy Solutions, LLC ("Epiq"), which is engaged in chapter 11 administration consulting and analysis. I submit this affidavit in support of the Application (the "Application") of the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), for entry of an order appointing Epiq as claims, noticing, and balloting agent in these cases (the "Claims Agent").

2. The services that Epiq proposes to render as Claims Agent are set forth in the Application and are incorporated herein by reference.

3. Epiq specializes in providing consulting and data processing services to chapter 11 debtors in connection with the distribution of notices of filings and orders, the administration, reconciliation, and negotiation of claims, and the solicitation of votes to accept or reject plans of reorganization. Epiq has provided identical or substantially similar services to other chapter 11 debtors in this judicial district. See, e.g., In re WCI Communities, Inc., Case No. 08-11643 (KJC) (Bankr. D. Del. Aug. 5, 2008); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. Jan. 23, 2008); In re Quaker Fabric Corp., Case No. 07-11146 (KG) (Bankr. D. Del. Aug. 20, 2007); In re American Home Mortgage Holdings, Inc., Case No. 07-11047 (CSS) (Bankr. D. Del. Aug. 17, 2007); In re Pliant Corp., Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 3, 2006) (MFW); In re Foamex International Inc., Case No. 05-12685 (PJW) (Bankr. D. Del. Sept. 20, 2005). Accordingly, I believe that Epiq is well qualified to act as Claims Agent in these cases.

4. Epiq has conducted a thorough analysis of its contacts with each of the Debtors and the significant potential creditors and parties-in-interest in these chapter 11 cases. To the best of my knowledge, neither Epiq nor any of its personnel have any relationship with the Debtors that would impair Epiq's ability to serve as Claims Agent. Epiq may have

2

relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as claims and noticing agent for another Chapter 11 debtor. To the best of my knowledge, such relationships are completely unrelated to these chapter 11 cases. In addition, Epiq personnel may have relationships with certain of the Debtors' creditors or other parties in interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to these chapter 11 cases. Epiq has and will continue to represent clients in matters unrelated to these chapter 11 cases. Epiq also has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtors' cases in matters unrelated to these cases.

5.  As compensation for its services, Epiq will charge the rates set forth in the Engagement Letter that is attached to the Application as <u>Exhibit B</u>. I believe that such compensation is reasonable in light of the services to be performed by Epiq as Claims Agent. These rates are at least as favorable as those charged by Epiq to other chapter 11 debtors for similar services.

6.     Epiq will comply with all requests of the Clerk of the Bankruptcy Court and follow the guidelines promulgated by the Judicial Conference of the United States for the implementation of Section 156(c), Title 28, United States Code, 28 U.S.C. § 156(c).

_____
Daniel C. McElhinney
Executive Director
Epiq Bankruptcy Solutions, LLC

Sworn to before me this 5th day of December, 2008.

_____
Notary Public

REGINA AMPORFRO
Notary Public, State of New York
No. 01AM6064508
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Sept. 24, 2009