# **EXHIBIT B**



P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

## EPIQ BANKRUPTCY SOLUTIONS, LLC

## STANDARD BANKRUPTCY SERVICES AGREEMENT

Between Epiq Bankruptcy Solutions, LLC (formerly known as Bankruptcy Services LLC), a New York limited liability company ("Epiq") and Tribune Company and related debtors (collectively, the "Customer" or "Debtor"), dated as of November 26, 2008.

In consideration of the premises herein contained and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

### General Terms and Conditions

1. Services.

In accordance with the charges, terms and conditions contained in this Agreement and in the schedule attached hereto (the "Agreement"), Epiq agrees to furnish Customer with computerized bankruptcy support services and bankruptcy administrative services according to the pricing schedule annexed hereto (the "Schedule"). This Schedule sets forth individual unit pricing for services provided by Epiq. The price listed for each service represents a bona fide proposal for that service and the Customer may accept separate Service components or may accept the Services listed in their entirety. Services will be provided when requested by the Customer. Services are mutually exclusive and are deemed delivered and accepted when provided by Epiq.

2. Term.

This Agreement shall become effective on the later of (i) the date of its acceptance by Epiq and (ii) the date of entry of an order by the Bankruptcy Court approving this Agreement (or such earlier date set by the Bankruptcy Court). **The Agreement shall remain in effect until terminated by the Customer on one (1) month's prior written notice received by Epiq and entry of an order of the Court discharging Epiq as claims agent or by Epiq upon three (3) month's prior written notice received by the Customer and entry of an order of the Court discharging Epiq as claims agent.**

3. Charges.

3.1 For services and materials furnished by Epiq under this Agreement, Customer shall pay the charges set forth in the schedule annexed hereto attached hereto and made a part of this Agreement. Epiq will bill Customer monthly. All invoices shall be due and payable upon receipt.

3.2 Epiq reserves the right to reasonably increase its prices, charges and rates annually on January 2nd of each year beginning on January 2, 2010. However, if such increases exceed 10%, Epiq will be required to give sixty (60) days prior written notice to Customer.

3.3 Customer agrees to pay Epiq for all materials reasonably necessary for Epiq's performance under this Agreement, other than computer hardware and software, and any reasonable out of pocket expenses including, without limitation, transportation, long distance communications, printing, postage and related items.



3.4 In addition to all charges for services and materials hereunder, Customer shall pay to Epiq all taxes, however designated, levied or based that are applicable to this Agreement or are measured directly by payments made under this Agreement and are required to be collected by Epiq or paid by Epiq to taxing authorities. This provision, includes but is not limited to, sales, use and excise taxes, but does not include personal property taxes or taxes based on net income.

3.5 In addition to all other charges for services and materials hereunder, Customer shall pay to Epiq any actual charges related to, arising out of or as a result of any Customer error or omission, as mutually agreed by Epiq and Customer. Such charges shall include but not be limited to re-runs and any additional clerical work billed at the Epiq then prevailing standard rates, supplies, long distance phone calls, travel expenses and overtime expenses for work chargeable at the rates set forth on the schedule annexed hereto.

3.6 [Intentionally Left Blank.]

3.7 In the event of termination due to Customer's default, Customer shall be liable for all amounts then owing and earned.

3.8 Customer shall pay Epiq a retainer in the amount of $25,000 to be applied immediately in satisfaction of obligations pursuant to this agreement.

4. Confidentiality.

All of Customer's data and information given to Epiq, whether directly or indirectly, shall be kept confidential by Epiq and shall not be used for any purposes other than for performance of the services described in this agreement; provided, however, that if data is publicly available, was already in Epiq's possession or known to it on a non-confidential basis prior to the signing of this agreement, or was rightfully obtained from a third party, Epiq shall bear no responsibility for disclosure.

5. Title to Property.

Epiq reserves all property rights in and to all materials, concepts, know-how, techniques, programs, systems and other information, including, without limitation, data processing programs, specifications, applications, routines, sub-routines, procedural manuals and documentation furnished or developed by Epiq for itself or for use by the Customer ("Property"). Charges paid by Customer do not vest in Customer any rights to the Property, it being expressly understood that the Property is made available to Customer under this Agreement solely for Customer's use during and in connection with each use of the Epiq equipment and services. Customer agrees not to copy or permit others to copy any of the Property.

6. Disposition of Data.

Any data, programs, storage media or other materials furnished by the Customer to Epiq in connection with this Agreement may be retained by Epiq until the services provided herein are paid for, or until this Agreement is terminated with the services provided herein having been paid for in full. Customer shall remain liable for all charges imposed under this Agreement as a result of data or physical media maintained by Epiq. Epiq shall dispose of the data and media in the manner requested by Customer. Customer agrees to pay Epiq for reasonable expenses incurred as a result of the disposition of the data or media. After giving Customer thirty (30) days advance notice, Epiq reserves the right to dispose of data or media maintained by Epiq for Customer if Customer has not utilized the services provided herein for a period of at least ninety (90) days or if Customer has not paid all charges due to Epiq.

7. Limitation of Liability, Warranty and Indemnity.

7.1 [Intentionally Left Blank.]



7.2 Customer is responsible for the accuracy of the programs and data it submits for processing to Epiq and for the output. Customer agrees to initiate and maintain backup files that would allow Customer to regenerate or duplicate all programs and data submitted by Customer to Epiq.

**7.3 Customer agrees that except as set forth in the paragraph 7.1 above, Epiq makes no representations or warranties, express or implied, including but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.**

7.4 Subject to the terms of any order of the Bankruptcy Court approving Epiq's retention by the Customer, the Customer shall indemnify and hold Epiq, its affiliates and each of their respective officers, members, directors, agents, consultants and employees (each an "Indemnified Person") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, liabilities, costs (including, without limitation, costs of preparation and attorneys' fees) and expenses as incurred (collectively, "Losses"), to which any Indemnified Person may become subject or involved in any capacity arising out of or relating to this Agreement or Epiq's rendering of services pursuant hereto, regardless of whether any of such Indemnified Persons is a party thereto, other than Losses resulting solely from Epiq's gross negligence or willful misconduct. Without limiting the generality of the foregoing, "Losses" includes any liabilities resulting from claims by third persons against any Indemnified Person. The Customer and Epiq shall notify the other party in writing promptly of the commencement, institution, threat, or assertion of any claim, action or proceeding of which such party is aware with respect to the services provided by Epiq under this Agreement. Such indemnity shall remain in full force and effect regardless of any investigation made by or on behalf of the Customer and shall survive the termination of this Agreement until the expiration of all applicable statutes of limitation with respect to Epiq's liabilities.

8. Bank Accounts

[Intentionally Left Blank.]

9. Confidential On-Line Workspace

[Intentionally Left Blank.]

10. General

10.1 No waiver, alteration, amendment or modification of any of the provisions of this Agreement shall be binding upon either party unless signed in writing by a duly authorized representative of both parties.

10.2 This Agreement may not be assigned by Customer without the express written consent of Epiq, which consent shall not be unreasonably withheld. The services provided under this Agreement are for the sole benefit and use of Customer, and shall not be made available to any other persons.

10.3 This Agreement shall be governed by the laws of the State of New York, without regard to that state's provisions for choice of law.

10.4 The parties agree that this Agreement is the complete and exclusive statement of the agreement between the parties which supersedes all proposals or prior agreements, oral or written, and all other communications between the parties relating to the subject matter of this Agreement.

10.5 Notices to be given or submitted by either party to the other, pursuant to this Agreement, shall be sufficiently given or made if given or made in writing and sent by certified mail, postage prepaid, and addressed as follows:



If to Epiq:

    Epiq Bankruptcy Solutions, LLC
    757 Third Avenue, Third Floor
    New York, New York 10017
    Attn: Ron Jacobs

If to Customer:

    _____
    _____
    _____

With a copy to:

    Kenneth P. Kansa, Esq
    Sidley Austin LLP
    One South Dearborn
    Chicago, Illinois 60603



10.6 This Agreement shall be subject to approval of the United States Bankruptcy Court for the District of Delaware.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement.

EPIQ BANKRUPTCY SOLUTIONS, LLC

*/s/ Daniel C. McElhinney*

Name:   Daniel C. McElhinney
Title:   Executive Director

TRIBUNE COMPANY AND RELATED DEBTORS

By:_____

Name:_____

Title:_____