# EXHIBIT A

**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-_____ |
| Debtors. | Joint Administration Requested |

## ORDER GRANTING DEBTORS' MOTION AND (I) AUTHORIZING: (A) PAYMENT OF PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) PAYMENT OF PREPETITION COMPENSATION OWED TO INDEPENDENT CONTRACTORS AND TEMPORARY WORKERS; (C) REIMBURSEMENT OF PREPETITION EMPLOYEE BUSINESS EXPENSES; (D) PAYMENTS FOR WHICH PREPETITION PAYROLL AND TAX DEDUCTIONS WERE MADE; (E) CONTRIBUTIONS TO PREPETITION EMPLOYEE BENEFIT PROGRAMS AND CONTINUATION OF SUCH PROGRAMS IN THE ORDINARY COURSE; (F) PAYMENT OF WORKERS' COMPENSATION OBLIGATIONS; AND (G) PAYMENT TO THIRD PARTIES OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (II) AUTHORIZING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PAY ALL CHECKS AND TRANSFERS DRAWN ON THE <u>DEBTORS' PAYROLL ACCOUNTS TO MAKE THE FOREGOING PAYMENTS</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Upon the Motion[2] of the above-captioned Debtors for entry of an order: (i) authorizing, but not directing, the Debtors, in accordance with their stated policies, to: (a) pay all prepetition wages, salaries, and other compensation owed to the Debtors' Employees, subject to the Caps; (b) pay all prepetition compensation owed to individuals who work regularly as the Debtors' Independent Contractors and Temporary Workers, subject to the Caps; (c) reimburse all prepetition business expenses to Employees, subject to the Cap; (d) make all payments for which prepetition payroll and tax deductions were made, subject to the Caps; (e) honor prepetition obligations under Specified Employee Benefits, subject to the Caps where applicable, and continue such programs in the ordinary course; (f) honor workers' compensation obligations; (g) make all payments to third parties relating to the foregoing payments and contributions; and (ii) authorizing applicable banks and other financial institutions to honor and pay all checks and transfers drawn on the Debtors' payroll accounts to make the foregoing payments and ratifying such actions to the extent any prepetition payroll checks cleared prior to the entry of this Order; and upon consideration of the Motion and all pleadings related thereto, including the Bigelow Affidavit; and due and proper notice of this Motion having been given; and it appearing that no other or further notice is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interest of the Debtors, their estates, and creditors and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED, that the Debtors are authorized, but not directed, to continue to honor and pay in the ordinary course all prepetition amounts relating the (a) following Employees Wages and Benefits, subject to the applicable Caps itemized in the Motion:(i) the Unpaid Wages, (ii) unpaid compensation to Independent Contractors and Temporary Workers, (iii) Reimbursable Expenses, (iv) the Payroll Taxes, (v) the Deductions, (v) the Specified Employee Benefits, and (b) the Workers' Compensation Program; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to provide and pay Continued Healthcare Benefits (i) to all Severed Employees during the Notice Period and (ii) to Severed Employees who are 55 years old or older or have provided evidence of their retirement for the balance of the duration of the promised severance benefits, subject to the Cap; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay postpetition Wages in the ordinary course and in accordance with their prepetition practices and policies; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay for their Independent Contractors' postpetition services in accordance with their prepetition practices and policies, subject to the Cap; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay for their Temporary Workers' postpetition services in accordance with their prepetition practices and policies, subject to the Cap; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to pay all postpetition Reimbursable Expenses in accordance with their prepetition practices and policies, subject to the Cap; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to allocate and distribute all postpetition Payroll Taxes and Deductions in accordance with the Debtors' policies and prepetition practices, subject to the Cap; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to provide and pay for the postpetition Specified Employee Benefits in accordance with their prepetition policies and practices; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue postpetition the Workers' Compensation Program; and it is further

ORDERED, that the Debtors are authorized, but not directed, to continue to make all payments to third parties incident to payment of the Employee Wages and Benefits, the Reimbursable Expenses, and the Specified Employee Benefits; and it is further

ORDERED, that (i) the Debtors' banks are authorized to honor prepetition payroll and transfers on or after the Petition Date and, to the extent the bank may have honored any prepetition payroll checks prior to the Petition Date, such honoring is ratified, and (ii) the Debtors' banks and financial institutions are authorized to process and honor all other checks and transfers issued for payments approved by this Order and/or reissue checks for any payments approved by this Order where checks may be dishonored postpetition; both (i) and (ii) of this section are to the extent the Debtors have good funds standing in their credit with such bank or other financial institution, and without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2008

_____
United States Bankruptcy Judge