# EXHIBIT D


# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-_____ |
| Debtors. | Joint Administration Requested |

## ORDER (I) APPROVING CASH MANAGEMENT SYSTEMS, (II) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS AND BUSINESS FORMS, (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(b) ON AN INTERIM BASIS, AND (IV) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS

Upon the Motion[2] of the above-captioned Debtors for entry of an order (i) authorizing and approving the Debtors' continued use of their existing cash management system, (ii) authorizing the Debtors to continue using prepetition bank accounts and business forms, (iii)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

CH1 4504427v.1

waiving the requirements of section 345(b) on an interim basis; and (iv) granting administrative expense status to postpetition intercompany claims between and among the Debtors and between and among the Debtors and their non-Debtor affiliates; and upon consideration of the Motion and all pleadings related thereto, including the Bigelow Affidavit; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized, in the reasonable exercise of their business judgment, to (i) designate, maintain and continue to use, with the same account numbers, all of their bank accounts in existence on the Petition Date, including, without limitation, those bank accounts identified in Exhibit C to the Motion, (ii) use, in their present form, checks and other documents related to their bank accounts, and (iii) treat such accounts for all purposes as accounts of the Debtors as debtors in possession; and it is further

ORDERED, that the Cash Management Banks are hereby authorized to continue to service and administer all such accounts as accounts of the relevant Debtor as debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on, or electronic transfer requests made on, said account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court; and it is further

ORDERED, that except for those checks that may be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the bank accounts before the Petition Date but presented for payment after the Petition Date shall be honored or paid; and it is further

ORDERED, that notwithstanding any other provision of this Order, no Cash Management Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of a good faith error made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order; and it is further

ORDERED that the Cash Management Banks are (a) authorized to accept and honor all representations from the Debtors as to which checks or other items drawn on any account that is the subject of this Order should be honored or dishonored consistent with any order(s) of this Court, whether the checks or other items are dated prior to, on, or subsequent to the Petition Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by an order(s) of the Court, (b) have no duty to inquire as to whether such payments are authorized by any order(s) of this Court and (c) have no liability to any party on account of following the Debtors' instructions in accordance with this Order; and it is further

ORDERED, that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any bank accounts as they may deem necessary and appropriate; and it is further

ORDERED, that each Debtor is authorized to continue to use and re-order its existing business and correspondence forms and checks without alteration and without designation "Debtor in Possession" imprinted upon them; provided, however, that the Debtors shall replace

their existing check stock with new checks identifying their status as debtors in possession as existing check forms are depleted; <u>provided, further, however,</u> that with respect to checks that the Debtors print themselves, the Debtors shall begin printing these checks with a "Debtor in Possession" designation within five (5) business days of the date this Order is entered; and it is further

ORDERED, that the Debtors are authorized to make disbursements from the bank accounts other than by check, to the extent consistent with the Debtors' existing cash management practices; and it is further

ORDERED, that effective <u>nunc pro tunc</u> to the Petition Date, the Cash Management Banks shall be and hereby are authorized to receive, process, honor and pay any and all prepetition checks and electronic transfers authorized for payment by the Court and any and all post-petition checks and electronic transfers; and it is further

ORDERED, that for banks at which the Debtors hold accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall within 15 days of the date of entry of this Order (a) contact each bank, (b) provide each of the Debtors' employer identification numbers and (c) identify each of their accounts held at such banks as being held by a debtor in possession in a bankruptcy case; and it is further

ORDERED, that for banks at which the Debtors hold accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall use their good faith efforts to cause the bank to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within 45 days of the date of this Order; and it is further

ORDERED, that the Debtors are otherwise authorized to deposit funds in accordance with their established deposit practices in effect as of the commencement of these cases and, to the extent such deposit practices are not consistent with the requirements of section 345(b) of the Bankruptcy Code or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived for forty-five (45) days, on an interim basis only, without prejudice to the Debtors' right to seek a further interim waiver; and it is further

ORDERED, that the Debtors are authorized to continue utilizing their Cash Management Systems to manage their cash, to pay intercompany payables, if any, to extend intercompany credit, if necessary, and to continue all other Intercompany Transactions between and among the Debtors and between and among the Debtors and their non-Debtor affiliates in a manner consistent with the Debtors' prepetition practices; and it is further

ORDERED, that intercompany claims created subsequent to the Petition Date through Intercompany Transactions generated between and among the Debtors and between and among the Debtors and their non-Debtor affiliates are hereby granted administrative priority status pursuant to 11 U.S.C. § 507(a)(2); and it is further

ORDERED, that the Debtors shall continue to maintain detailed records in the ordinary course of business reflecting transfers of cash, if any, including intercompany transfers, so as to permit all such transactions to be readily ascertained; and it is further

ORDERED, that to the extent a bank has a valid and enforceable right of setoff or lien in cash present in a Debtor's account at such bank at the moment of the filing of the petition commencing the chapter 11 case of such Debtor (the "Petition Date Cash"), and to the extent such cash is thereafter used by such Debtor, such bank is hereby granted (i) a replacement lien in the Debtors' cash, and such replacement lien shall be of the same extent and priority as such bank's interest, as of the filing of the petition commencing the chapter 11 case of such Debtor, in

the Petition Date Cash subsequently used by the Debtors and (ii) an administrative expense claim to the extent of any diminution of Petition Date Cash after the petition commencing the case is filed; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware

_____, 2008

_____
UNITED STATES BANKRUPTCY JUDGE