IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-_____<br><br>Joint Administration Requested |

**FINAL ORDER PURSUANT TO SECTIONS
105(a) AND 366(b) OF THE BANKRUPTCY CODE
(I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING,
OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY PROVIDERS
ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING
PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon the Motion[2] of the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") for entry of (i) an Interim Order and (ii) a Final Order (a) prohibiting Utility Providers from altering, refusing, or discontinuing services to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Debtors, except as set forth herein; (b) deeming the Utility Providers adequately assured of future performance; and (c) establishing procedures for resolving requests for additional adequate assurance of future payment and authorizing the Debtors to provide adequate assurance of future payment to the Utility Providers; and upon consideration of the Motion and all pleadings related thereto, including the Bigelow Affidavit; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and an Interim Order on this matter having been entered on December ___, 2008; and after due deliberation thereon, and good and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted on a final basis; and it is further

ORDERED, that the Debtors are authorized, but not directed, to pay on a timely basis and in accordance with their prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Providers to the Debtors; and it is further

ORDERED, that the Debtors shall maintain the Adequate Assurance Account, as provided in the Interim Order, for the purpose of providing each Utility Provider adequate assurance of payment of its postpetition Utility Services to the Debtors. The Adequate Assurance Account shall be maintained with a minimum balance equal to fifty percent (50%) of the Debtors' estimated average monthly cost of Utility Services, which may be adjusted by the Debtors to account for: (i) the termination of Utility Services by the Debtors regardless of any Additional Assurance Requests, (ii) agreements with Utility Providers, and (iii) to remove from

the monthly spending figure citied in paragraph 11 of the Motion, any amount spent on Utility Services from Utility Providers that already hold deposits from the Debtors for such Utility Services; and it is further

ORDERED, that, except in accordance with the procedures set forth herein and absent further order from this Court, all Utility Providers are (i) prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors shall serve a copy of the Motion and this Order on each Utility Provider within three (3) business days after entry of this Order by the Court; and it is further

ORDERED, that if a Utility Provider is not satisfied with the Adequate Assurance Deposit provided by the Debtors, the Utility Provider shall serve a request for additional adequate assurance (the "Additional Assurance Request") so that it is received by the Debtors at the following addresses: (i) Tribune Company, 435 North Michigan Avenue, Chicago, Illinois 60611, Attn: Ms. Stephanie Pater and (ii) Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, Attn: Kenneth P. Kansa; and it is further

ORDERED, that any Additional Assurance Request shall (i) be in writing; (ii) set forth the location(s) for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and it is further

ORDERED, that, without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request, if the Debtors, in their discretion, determine that the Additional Assurance Request is reasonable; and it is further

ORDERED, that, if the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider, the Debtors will request a hearing before this Court within a reasonable time after receipt of the Additional Assurance Request to determine the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code, without prejudice to the right of any Utility Provider to seek relief separately under section 366(c)(3) of the Bankruptcy Code (any hearing requested by the Debtors or a Utility Provider, the "Determination Hearing"); and it is further

ORDERED, that, pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider is prohibited from altering, refusing, or discontinuing services to, or discriminating against, the Debtors solely on the basis of the commencement of these chapter 11 cases or any unpaid prepetition charges; and it is further

ORDERED, that the Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that fails to make an Additional Assurance Request; and it is further

ORDERED, that nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

Dated: Wilmington, Delaware
_____, 2008

_____
UNITED STATES BANKRUPTCY JUDGE