# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-_____ |
| Debtors. | Joint Administration Requested |

## MOTION FOR AN ORDER GRANTING DEBTORS ADDITIONAL TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, move this Court (the "Motion") for entry of an order granting the Debtors additional time to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements"). The facts and circumstances supporting this Motion are set forth in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 4505191v.1

concurrently filed affidavit of Chandler Bigelow III, Senior Vice President & Chief Financial Officer of Tribune Company, in Support of First Day Motions (the "Bigelow Affidavit"). In further support of this Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions or applications seeking certain typical "first day" relief, including an order to have these cases jointly administered.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and no official committee has yet been established in these cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a), 521, 1107 and 1108 of the Bankruptcy Code, Rules 1007(c) and 9006(b) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND OF THE DEBTORS

5. Debtor Tribune Company ("Tribune") is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors. The Debtors

operate businesses in publishing, interactive, and broadcasting. These operations are conducted through two business segments: (i) publishing and (ii) broadcasting and entertainment.

6. The Debtors' publishing segment currently operates eight (8) market leading daily newspapers and related businesses, distributes entertainment and syndicated content, and manages a 24-hour cable news channel. The Debtors are the nation's third largest newspaper publisher in terms of revenue and circulation. Daily newspapers published by the Debtors include the Los Angeles Times and the Chicago Tribune. The Debtors' publishing segment also manages the websites of their daily newspapers, television stations, and other branded sites targeting specific communities of interest. As of the Petition Date, the Debtors' publishing segment employed approximately 12,000 full-time equivalent employees.

7. The Debtors' broadcasting and entertainment segment includes 23 television stations, WGN America, WGN-AM, and the Chicago Cubs baseball team.[2] Through their television stations and WGN America, the Debtors' broadcasting and entertainment segment reaches more than 80% of television households in the United States. Thirteen (13) of the Debtors' stations are affiliates of The CW Television Network, America's "fifth" major broadcast network. Seven (7) are affiliates of Fox Broadcasting Network. As of the Petition Date, the Debtors' broadcasting and entertainment segment employed approximately 2,600 full-time equivalent employees.

8. The Debtors are based in the United States, with headquarters located in Chicago, Illinois. In fiscal year 2007, the Debtors and their non-debtor subsidiaries (collectively, the "Tribune Entities") recorded revenues of approximately $5.1 billion, resulting in net income of approximately $87.0 million. During this time, the publishing segment contributed

---

[2] The Debtors' subsidiaries that own the Chicago Cubs baseball operations and an interest in the broadcast network Comcast SportsNet Chicago, LLC are not Debtors in these cases.

approximately 72% of the Tribune Entities' revenue and the broadcasting and entertainment segment contributed approximately 28% of the Tribune Entities' revenue. Advertising revenue is the primary source of revenue for both the publishing and broadcasting and entertainment segments. For the quarterly period ended September 28, 2008, the consolidated financial statements of the Tribune Entities reported approximately $7.6 billion in total assets and approximately $13.9 billion in total liabilities.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an interim order, pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), granting the Debtors an initial extension of fifteen (15) days (in addition to the automatic extension of 15 days under Local Rule 1007-1(b)) to file their Schedules and Statements and setting a status hearing on this Motion to consider the length of a further extension. The requested extension would give the Debtors an initial total of forty-five (45) days from the Petition Date to file their Schedules and Statements.

10. Given the sheer size and scope of the Debtors' chapter 11 cases, it is a practical impossibility for the Debtors to complete their Schedules and Statements within the 30-day extension period provided by the Bankruptcy Rules and the Local Rules, or indeed within the additional 15-day extension requested herein. The requested extension will, however, give the Debtors sufficient time to estimate the total length of time that will be required to complete and file the Schedules and Statements and seek an appropriate additional extension from this Court. The Debtors respectfully seek to have the deadline to file their Schedules and Statements extended on an interim basis in the manner set forth herein.

## BASIS FOR RELIEF

11.     Pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b), this Court is authorized to grant an extension in connection with the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c); Del. Bankr. L.R. 1007-1(b).

12.     The Debtors filed their consolidated list of creditors, consolidated list of creditors holding the thirty (30) largest unsecured claims, and lists of equity security holders for each Debtor with their voluntary petitions on the Petition Date, demonstrating that the total number of creditors in these jointly administered cases greatly exceeds 200 creditors. Accordingly, the deadline for filing the Schedules and Statements is automatically extended by fifteen (15) additional days, for a total of thirty (30) days from the Petition Date. Del. Bankr. L.R. 1007-1(b). The extension requested herein is in addition to the automatic extension.

13.     Cause exists to extend the deadline for the filing of the Debtors' Schedules and Statements as requested herein, based on (i) the size and complexity of the Debtors' businesses; (ii) the number of Debtors and the number of potential creditors of the Debtors; and (iii) the numerous burdens imposed by the Debtors' reorganization efforts.

14.     The size of the Debtors' businesses and the complexity of their chapter 11 cases are extraordinary, even by the standards of the sophisticated corporate chapter 11 proceedings filed in this district. Tribune Company is the nation's largest employee-owned media company, operating businesses in the publishing, broadcasting and entertainment segments. The Debtors have a long and complex corporate history, including a recent series of corporate restructuring transactions that returned the Debtors to private ownership. There are 111 Debtors in these chapter 11 cases, with operations in 15 states and the District of Columbia. The Debtors maintain 38 business offices and numerous plants and processing facilities to

support their business operations. The Debtors reported assets of $7.6 billion in the most recent 10-Q filing with the Securities and Exchange Commission. See Bigelow Affidavit at ¶ 11.

15.     The Debtors' management and employees, together with their outside legal and financial advisors, have been working diligently to compile the information necessary to complete the Schedules and Statements. While the Debtors maintain extensive books and records and a sophisticated computerized accounting system, completing the Schedules and Statements will require the collection, analysis, and compilation of a massive amount of data. To illustrate, together the Debtors have upwards of 60,000 creditors, including nearly 25,000 current and former employees. See Bigelow Affidavit at ¶ 33. The Debtors are party to numerous contracts, leases, and licenses that must be assembled and reviewed as part of the process of completing the Schedules and Statements. The magnitude of the task, when taken together with the considerable stresses of preparing for the filing of these chapter 11 cases, the anticipated burdens of preparing the Debtors' transition into chapter 11, and the pre-existing, ongoing responsibilities of operating the Debtors' businesses day-to-day, supports an extension of the deadline set forth in the Bankruptcy Rules and Local Rules for filing the Schedules and Statements.

16.     The relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties-in-interest. No bar date for the filing of proofs of claim has yet been set in these cases and the Debtors do not anticipate asking the Court to set a bar date in the near term. Rather, the 15-day additional interim extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which in turn will promote efficient administration of these chapter 11 cases.

17. Courts in this district routinely grant extensions of the period in which to file schedules of assets and liabilities and statements of financial affairs, with the period of the extension tracking the size and complexity of the cases in question. See, e.g., In re SemCrude, L.P., Case No. 08-11525 (BLS) (Bankr. D. Del. Aug. 19, 2008) (60-day additional extension granted); In re Hilex Poly Co. LLC, Case No. 08-10890 (KJC) (Bankr. D. Del. May 7, 2008) (45-day additional extension granted); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D. Del. Mar. 11, 2008) (45-day additional extension granted); In re Remy Worldwide Holdings, Inc., Case No. 07-11481 (KJC) (Bankr. D. Del. Dec. 4, 2007) (extension granted to 30 days before the claims bar date); In re Werner Holding Co. (DE), Inc., Case No. 06-10578 (KJC) (Bankr. D. Del. June 13, 2006) (30-day additional extension granted); In re Dura Auto Sys., Inc., Case No. 05-11202 (KJC) (Bankr. D. Del. Nov. 21, 2006) (30-day additional extension granted); In re Kaiser Aluminum Corp., Case No. 02-10429 (JKF) (Bankr. D. Del. Mar. 5, 2002) (90-day additional extension granted).

18. The complexity of the Debtors' businesses, their geographic scope, and their size all make completing the Schedules and Statements a massive and time-consuming undertaking. Accordingly, the Debtors respectfully request that this Court extend, by an additional fifteen (15) days, on an interim basis, the initial date by which the Schedules and Statements are required to be filed pursuant to Local Rule 1007-1(b) and set a further status hearing on this Motion prior to the expiration of the 45-day period to consider the length of a further extension.

### NOTICE

19. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the

7

CH1 4505191v.1

Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) the administrative agents for the Debtors' prepetition loan facilities; and (vii) the indenture trustee for the Debtors' prepetition notes. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

20. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order extending the deadline to file the Schedules and Statements by an additional forty-five days and granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
       December 8, 2008

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
James F. Conlan  
Kenneth P. Kansa  
Jillian K. McClelland  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
1000 N. West Street, Suite 1200  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

CH1 4505191v.1