## **EXHIBIT C**

GUARANTY

THIS GUARANTY dated as of December 8, 2008 is executed in favor of BARCLAYS BANK PLC, as Administrative Agent, and the Secured Parties under the Receivables Loan Agreement (as defined below).

## W I T N E S S E T H:

WHEREAS, Tribune Receivables, LLC, a Delaware limited liability company (the "Company"), has entered into a Receivables Loan Agreement dated as of July 1, 2008 (as amended or otherwise modified from time to time, the "Receivables Loan Agreement"; terms used but not defined herein are used as defined in the Receivables Loan Agreement) with Tribune Company, the Persons from time to time party thereto as Conduit Lenders, Committed Lenders and Funding Agents, and Barclays Bank PLC, as Administrative Agent (in its capacity as Administrative Agent, together with any successor in such capacity, the "Administrative Agent"), pursuant to which the Company may from time to time request Loans from the Lenders; and

WHEREAS, each of the undersigned will benefit from the making of Loans to the Company pursuant to the Receivables Loan Agreement and is willing to guaranty the Post-Petition Obligations (as defined below) as hereinafter set forth;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of the undersigned hereby jointly and severally, unconditionally and irrevocably, as primary obligor and not merely as surety, guarantees the full and prompt payment when due, whether by acceleration or otherwise, and at all times thereafter, of all Post-Petition Obligations to each of the Administrative Agent and each Secured Party, in each case howsoever created, arising or evidenced, whether direct or indirect, absolute or contingent, now or hereafter existing, or due or to become due.

"Post-Petition Obligations" means the Loans and the other Secured Obligations; provided, however, that for purposes of determining the "Post-Petition Obligations" as of any date, the aggregate Principal Balance of the Loans shall be deemed to be, as of such day, an amount equal to the excess of (x) the aggregate Principal Balance of the Loans on such day over (y) the Pre-Petition Loan Balance on such day. "Pre-Petition Loan Balance" means, as of any date of determination, an amount equal to (a) the aggregate Principal Balance of the Loans as of the opening of business on the Filing Date minus (b) all amounts applied by the Company after the Filing Date to the repayment of the principal amount of the Loans in accordance with Clauses 2.6(b)(ii) or (v) and 2.7(b)(vi) or (viii) of the Receivables Loan Agreement (it being understood that each Repeat Advance shall constitute a repayment of the Loans in an amount equal to such Repeat Advance for purposes of this definition).

Each of the undersigned agrees that if any Facility Termination Event shall occur under Clause 7.2 of the Receivables Loan Agreement, and if such event shall occur at a time when any of the Post-Petition Obligations may not then be due and payable, such undersigned will pay to the Administrative Agent for the account of the Secured Parties forthwith the full amount which

would be payable hereunder by such undersigned if all Post-Petition Obligations were then due and payable.

This Guaranty shall in all respects be a continuing, irrevocable, absolute and unconditional guaranty, and shall remain in full force and effect (notwithstanding, without limitation, the dissolution of any of the undersigned or that at any time or from time to time no Post-Petition Obligations are outstanding) until the Final Payout Date.

The undersigned further agree that if at any time all or any part of any payment theretofore applied by the Administrative Agent or any Secured Party to any of the Post-Petition Obligations is or must be rescinded or returned by the Administrative Agent or such Secured Party for any reason whatsoever (including the insolvency, bankruptcy or reorganization of the Company or any of the undersigned), such Post-Petition Obligations shall, for the purposes of this Guaranty, to the extent that such payment is or must be rescinded or returned, be deemed to have continued in existence, notwithstanding such application by the Administrative Agent or such Secured Party, and this Guaranty shall continue to be effective or to be reinstated, as the case may be, as to such Post-Petition Obligations, all as though such application by the Administrative Agent or such Secured Party had not been made.

The Administrative Agent or any Secured Party may, from time to time, at its sole discretion and without notice to the undersigned (or any of them), take any or all of the following actions: (a) retain or obtain a security interest in any property to secure any of the Post-Petition Obligations or any obligation hereunder, (b) retain or obtain the primary or secondary obligation of any obligor or obligors, in addition to the undersigned, with respect to any of the Post-Petition Obligations, (c) extend or renew any of the Post-Petition Obligations for one or more periods (whether or not longer than the original period), alter or exchange any of the Post-Petition Obligations, or release or compromise any obligation of any of the undersigned hereunder or any obligation of any nature of any other obligor with respect to any of the Post-Petition Obligations, (d) release its security interest in, or surrender, release or permit any substitution or exchange for, all or any part of any property securing any of the Post-Petition Obligations or any obligation hereunder, or extend or renew for one or more periods (whether or not longer than the original period) or release, compromise, alter or exchange any obligations of any nature of any obligor with respect to any such property, and (e) resort to the undersigned (or any of them) for payment of any of the Post-Petition Obligations when due, whether or not the Administrative Agent or such Secured Party shall have resorted to any property securing any of the Post-Petition Obligations or any obligation hereunder or shall have proceeded against any other of the undersigned or any other obligor primarily or secondarily obligated with respect to any of the Post-Petition Obligations.

Each of the undersigned hereby expressly waives: (a) notice of the acceptance by the Administrative Agent or any Secured Party of this Guaranty, (b) notice of the existence or creation or non-payment of all or any of the Post-Petition Obligations, (c) presentment, demand, notice of dishonor, protest, and all other notices whatsoever, and (d) all diligence in collection or protection of or realization upon any Post-Petition Obligations or any security for or guaranty of any Post-Petition Obligations.

Notwithstanding any payment made by or for the account of any of the undersigned pursuant to this Guaranty, the undersigned shall not exercise any rights of subrogation with respect to the Post-Petition Obligations until after the Final Payout Date.

Each of the undersigned further agrees to pay all reasonable out-of-pocket expenses (including the reasonable attorneys' fees and charges) paid or incurred by the Administrative Agent or any Secured Party in endeavoring to collect the Post-Petition Obligations of such undersigned, or any part thereof, and in enforcing this Guaranty against such undersigned.

The creation or existence from time to time of additional Post-Petition Obligations to the Administrative Agent or the Secured Parties or any of them is hereby authorized, without notice to the undersigned (or any of them), and shall in no way affect or impair the rights of the Administrative Agent or the Secured Parties or the obligations of the undersigned under this Guaranty, including each of the undersigned's guaranty of such additional Post-Petition Obligations.

In accordance with the terms of the Receivables Loan Agreement, the Administrative Agent and any Secured Party may from time to time without notice to the undersigned (or any of them), assign or transfer any or all of the Post-Petition Obligations or any interest therein. Notwithstanding any such assignment or transfer or any subsequent assignment or transfer thereof in accordance with the terms of the Receivables Loan Agreement, such Post-Petition Obligations shall be and remain Post-Petition Obligations for the purposes of this Guaranty, and each and every immediate and successive assignee or transferee of any of the Post-Petition Obligations or of any interest therein shall, to the extent of the interest of such assignee or transferee in the Post-Petition Obligations, be entitled to the benefits of this Guaranty to the same extent as if such assignee or transferee were an original Secured Party.

No delay on the part of the Administrative Agent or any Secured Party in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Administrative Agent or any Secured Party of any right or remedy shall preclude other or further exercise thereof or the exercise of any other right or remedy; nor shall any modification or waiver of any provision of this Guaranty be binding upon the Administrative Agent or the Secured Parties, except as expressly set forth in a writing duly signed and delivered on behalf of the Administrative Agent. No action of the Administrative Agent or any Secured Party permitted hereunder shall in any way affect or impair the rights of the Administrative Agent or any Secured Party or the obligations of the undersigned under this Guaranty. For purposes of this Guaranty, no claim or defense asserted by the Company or anyone else as to the invalidity or unenforceability of any Post-Petition Obligation shall affect or impair the obligations of any of the undersigned hereunder.

Pursuant to the Receivables Loan Agreement, (a) this Guaranty has been delivered to the Administrative Agent and (b) the Administrative Agent has been authorized to enforce this Guaranty on behalf of itself and each of the Secured Parties. All payments by the undersigned pursuant to this Guaranty shall be made to the Administrative Agent for the benefit of the Secured Parties.

This Guaranty shall be binding upon the undersigned and the successors and assigns of the undersigned; and to the extent that the Company or any of the undersigned is either a partnership or a corporation, all references herein to the Company and to the undersigned, respectively, shall be deemed to include any successor or successors, whether immediate or remote, to such partnership or corporation. The term "undersigned" as used herein shall mean all parties executing this Guaranty and each of them, and all such parties shall be jointly and severally obligated hereunder.

Wherever possible, each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Guaranty shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty.

This Guaranty may be executed in any number of counterparts and by the different parties hereto on separate counterparts, and each such counterpart shall be deemed to be an original but all such counterparts shall together constitute one and the same Guaranty. At any time after the date of this Guaranty, one or more additional Persons may become parties hereto by executing and delivering to the Administrative Agent a counterpart of this Guaranty. Immediately upon such execution and delivery (and without any further action), each such additional Person will become a party to, and will be bound by all of the terms of, this Guaranty.

This Guaranty may be secured by one or more security agreements, pledge agreements, mortgages, deeds of trust or other similar documents.

THIS GUARANTY AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HERETO SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK. ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH, THIS GUARANTY, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF THE ADMINISTRATIVE AGENT, THE SECURED PARTIES, THE COMPANY OR THE UNDERSIGNED SHALL BE BROUGHT IN THE BANKRUPTCY COURT, AND IF THE BANKRUPTCY COURT DOES NOT HAVE (OR ABSTAINS FROM) JURISDICTION, ANY STATE OR FEDERAL COURT IN THE STATE. EACH OF THE UNDERSIGNED HERETO HEREBY IRREVOCABLY SUBMITS TO THE NON-EXCLUSIVE JURISDICTION OF AFORESAID COURTS IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE GUARANTY, AND EACH PARTY HERETO HEREBY IRREVOCABLY AGREES THAT ALL CLAIMS IN RESPECT OF SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN SUCH COURTS.

THE UNDERSIGNED HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT THEY MAY EFFECTIVELY DO SO, THE DEFENSE OF INCONVENIENT FORUM TO THE MAINTENANCE OF SUCH ACTION OR PROCEEDING. THE PARTIES HERETO AGREE THAT A FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW. EACH OF THE

UNDERSIGNED CONSENTS TO THE SERVICE OF ANY AND ALL PROCESS IN ANY SUCH ACTION OR PROCEEDING BY THE MAILING OF COPIES OF SUCH PROCESS TO IT AT ITS ADDRESS SPECIFIED IN THE RECEIVABLES LOAN AGREEMENT. NOTHING IN THIS GUARANTY SHALL AFFECT THE RIGHT OF ANY PARTY TO SERVE LEGAL PROCESS IN ANY MANNER PERMITTED BY LAW.  THE SUBMISSION TO THE JURISDICTION OF THE COURTS REFERRED TO ABOVE SHALL NOT (AND SHALL NOT BE CONSTRUED SO AS TO) LIMIT THE RIGHT OF ANY PARTY TO TAKE PROCEEDINGS AGAINST ANY OTHER PARTY OR ANY OF ITS RESPECTIVE PROPERTY IN ANY OTHER COURT OF COMPETENT JURISDICTION NOR SHALL THE TAKING OF PROCEEDINGS IN ANY OTHER JURISDICTION PRECLUDE THE TAKING OF PROCEEDINGS IN ANY OTHER JURISDICTION, WHETHER CONCURRENTLY OR NOT.

EACH OF THE UNDERSIGNED HERETO HEREBY WAIVES, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, TRIAL BY JURY IN ANY JUDICIAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE) IN ANY WAY ARISING OUT OF, RELATED TO, OR CONNECTED WITH THIS GUARANTY.

IN WITNESS WHEREOF, this Guaranty has been duly executed and delivered as of the day and year first above written.

**TRIBUNE COMPANY**
as a Guarantor

By:_____
Name: Chandler Bigelow III
Title: Senior Vice President/Chief Financial Officer

**TRIBUNE PUBLISHING COMPANY**
**INSERTCO, INC.**
as Debtor Subsidiaries

By:_____
Name:  Chandler Bigelow III
Title:   Treasurer

**TMLS I, INC.**
**SOUTHERN CONNECTICUT NEWSPAPERS, INC.**
as Debtor Subsidiaries

By:_____
Name:  Chandler Bigelow III
Title:   President and Assistant Treasurer

**TIMES MIRROR LAND AND TIMBER COMPANY**
as Debtor Subsidiary

By:_____
Name:  Chandler Bigelow III
Title:

SHEPARD'S INC.
TIMES MIRROR SERVICES COMPANY, INC.
CANDLE HOLDINGS CORPORATION
DISTRIBUTION SYSTEMS OF AMERICA, INC.
EAGLE NEW MEDIA INVESTMENTS, LLC
EAGLE PUBLISHING INVESTMENTS, LLC
FORTIFY HOLDINGS CORPORATION
GREENCO, INC.
JULIUSAIR COMPANY, LLC
JULIUSAIR COMPANY II, LLC
STAR COMMUNITY PUBLISHING GROUP, LLC
NBBF, LLC
TIMES MIRROR PAYROLL PROCESSING
    COMPANY, INC.
TRIBUNE FINANCE, LLC
TRIBUNE FINANCE SERVICE CENTER, INC.
TRIBUNE LICENSE, INC.
TRIBUNE LOS ANGELES, INC.
TRIBUNE MANHATTAN NEWSPAPER
    HOLDINGS, INC.
TRIBUNE NEW YORK NEWSPAPER HOLDINGS,
    LLC
TRIBUNE NM, INC.
PUBLISHERS FOREST PRODUCTS CO. OF
    WASHINGTON
NEW RIVER CENTER MAINTENANCE
    ASSOCIATION, INC.
SIGNS OF DISTINCTION, INC.
TRIBUNE BROADCASTING HOLDCO, LLC
as Debtor Subsidiaries

By:_____
Name: Chandler Bigelow III
Title: President and Treasurer

TRIBUNE INTERACTIVE, INC.
FORSALEBYOWNER.COM REFERRAL SERVICES, LLC
INTERNET FORECLOSURE SERVICE, INC.
CHICAGOLAND TELEVISION NEWS, INC.
TRIBUNE BROADCAST HOLDINGS, INC.
TRIBUNE TELEVISION HOLDINGS, INC.
WGN CONTINENTAL BROADCASTING COMPANY
WPIX, INC.
TRIBUNE TELEVISION NEW ORLEANS, INC.
KSWB INC.
KTLA INC.
TOWER DISTRIBUTION COMPANY
TRIBUNE TELEVISION NORTHWEST, INC.
TRIBUNE TELEVISION COMPANY
CHANNEL 40, INC.
CHANNEL 39, INC.
LOS ANGELES TIMES COMMUNICATIONS LLC
WDCW BROADCASTING, INC.
ORLANDO SENTINEL COMMUNICATIONS COMPANY
SUN-SENTINEL COMPANY
GOLD COAST PUBLICATIONS, INC.
FORUM PUBLISHING GROUP, INC.
THE DAILY PRESS, INC.
CHICAGO TRIBUNE COMPANY
THE BALTIMORE SUN COMPANY
THE HARTFORD COURANT COMPANY
THE MORNING CALL, INC.
435 PRODUCTION COMPANY
5800 SUNSET PRODUCTIONS INC.
BALTIMORE NEWSPAPER NETWORKS, INC.
CALIFORNIA COMMUNITY NEWS CORPORATION
CHANNEL 20, INC.
CHICAGO AVENUE CONSTRUCTION COMPANY
CHICAGO RIVER PRODUCTION COMPANY
as Debtor Subsidiaries

By:_____
Name: Chandler Bigelow III
Title: Assistant Treasurer

      CHICAGO TRIBUNE NEWSPAPERS, INC.
      CHICAGO TRIBUNE PRESS SERVICE, INC.
      CHICAGOLAND MICROWAVE LICENSEE, INC.
      CHICAGOLAND PUBLISHING COMPANY
      COURANT SPECIALTY PRODUCTS, INC.
      DIRECT MAIL ASSOCIATES, INC.
      FORSALEBYOWNER.COM CORP.
      HEART & CROWN ADVERTISING, INC.
      HOMEOWNERS REALTY, INC.
      HOMESTEAD PUBLISHING CO.
      HOY, LLC
      HOY PUBLICATIONS, LLC
      KIAH INC.
      KPLR, INC.
      KWGN INC.
      LOS ANGELES TIMES INTERNATIONAL, LTD.
      LOS ANGELES TIMES NEWSPAPERS, INC.
      MAGIC T MUSIC PUBLISHING COMPANY
      NEOCOMM, INC.
      NEW MASS. MEDIA, INC.
      NEWSCOM SERVICES, INC.
      NEWSPAPER READERS AGENCY, INC.
      NORTH MICHIGAN PRODUCTION COMPANY
      NORTH ORANGE AVENUE PROPERTIES, INC.
      OAK BROOK PRODUCTIONS, INC.
      PATUXENT PUBLISHING COMPANY
      SENTINEL COMMUNICATIONS NEWS
          VENTURES, INC.
      STEMWEB, INC.
      THE OTHER COMPANY LLC
      TMLH 2, INC.
      TMS ENTERTAINMENT GUIDES, INC.
      TOWERING T MUSIC PUBLISHING COMPANY
      TRIBUNE BROADCASTING COMPANY
      TRIBUNE BROADCASTING NEWS NETWORK,
          INC.
      TRIBUNE CALIFORNIA PROPERTIES, INC.
      TRIBUNE DIRECT MARKETING, INC.
      TRIBUNE ENTERTAINMENT COMPANY
as Debtor Subsidiaries

By:_____
Name:  Chandler Bigelow III
Title:    Assistant Treasurer

> TRIBUNE ENTERTAINMENT PRODUCTION
>   COMPANY
> TRIBUNE MEDIA NET, INC.
> TRIBUNE MEDIA SERVICES, INC.
> TRIBUNE NETWORK HOLDINGS COMPANY
> VALUMAIL, INC.
> VIRGINIA COMMUNITY SHOPPERS, LLC
> VIRGINIA GAZETTE COMPANIES, LLC
> WATL, LLC
> WCWN LLC
> WLVI INC
> WTXX INC.
> as Debtor Subsidiaries
>
> By:_____
> Name:  Chandler Bigelow III
> Title:   Assistant Treasurer

The undersigned is executing a counterpart hereof for purposes of becoming a party hereto:

[ADDITIONAL GUARANTOR]

By: _____
    Name:
    Title: