# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141-KJC |
| Debtors. | Joint Administration Requested |
| | **Related to Docket No. 19** |

## JOINT MOTION OF THE DEBTORS AND BARCLAYS BANK PLC FOR ENTRY OF AN ORDER AUTHORIZING TO FILE UNDER SEAL CERTAIN FEE LETTERS

The above-captioned debtors and debtors in possession (together, the "Debtors")

and Barclays Bank PLC ("Barclays" or "DIP Agent," together with the Debtors, the

"Movants") hereby move the Court (the "Motion") for entry of an order (the "Order"), in

substantially the form attached hereto as Exhibit A, authorizing the Movants to file under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

seal certain Fee Letters (as defined below). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION

1.     The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are Section 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3.     On December 8, 2008, the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4.     No trustee, examiner or statutory committee has yet been appointed in the Chapter 11 Cases.

5.     Debtor Tribune Company ("Tribune") is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors. The Debtors operate businesses in publishing, interactive, and broadcasting. These operations are conducted through two business segments: (i) publishing and (ii) broadcasting and entertainment.

6.     The Debtors' publishing segment currently operates eight (8) market leading daily newspapers and related businesses, distributes entertainment and syndicated

content, and manages a 24-hour cable news channel. The Debtors are the nation's third largest newspaper publisher in terms of revenue and circulation. Daily newspapers published by the Debtors include the <u>Los Angeles Times</u> and the <u>Chicago Tribune</u>. The Debtors' publishing segment also manages the websites of their daily newspapers, television stations, and other branded sites targeting specific communities of interest. As of the Petition Date, the Debtors' publishing segment employed approximately 12,000 full-time equivalent employees.

7.    The Debtors' broadcasting and entertainment segment includes 23 television stations, WGN America, WGN-AM, and the Chicago Cubs baseball team.[2] Through their television stations and WGN America, the Debtors' broadcasting and entertainment segment reaches more than 80 percent of television households in the United States. Thirteen (13) of the Debtors' stations are affiliates of The CW Television Network, America's "fifth" major broadcast network. Seven (7) are affiliates of Fox Broadcasting Network. As of the Petition Date, the Debtors' broadcasting and entertainment segment employed approximately 2,600 full-time equivalent employees.

8.    The Debtors are based in the United States, with headquarters located in Chicago, Illinois. In fiscal year 2007, the Debtors and their non-debtor subsidiaries (collectively, the "<u>Tribune Entities</u>") recorded revenues of approximately $5.1 billion, resulting in net income of approximately $87.0 million. During this time, the publishing segment contributed approximately 72% of the Tribune Entities' revenue and the broadcasting and entertainment segment contributed approximately 28% of the Tribune Entities' revenue. Advertising revenue is the primary source of revenue for both the

---

[2] The broadcasting and entertainment segment also includes the subsidiaries that own the Chicago Cubs baseball operations and an equity interest in regional sports network Comcast SportsNet Chicago, LLC, which are not Debtors in these cases.

publishing and broadcasting and entertainment segments. For the quarterly period ended September 28, 2008, the consolidated financial statements of the Tribune Entities reported approximately $7.6 billion in total assets and approximately $13.9 billion in total liabilities.

## THE PROPOSED FINANCING

9.  Contemporaneously with the filing of this Motion, the Debtors have sought authority to continue post-petition a modified securitization transaction and enter into a debtor-in-possession letter of credit facility (the "DIP Financing Motion").

*The Securitization Facility.*

10. The DIP Financing Motion seeks authority for Tribune Company and the other Originators[3] to continue, as modified, the existing securitization facility in a manner that will provide Tribune Company and other Originators access to approximately $75 million of additional funds (the "Securitization Facility"). Specifically, the DIP Financing Motion seeks authority for Tribune Company and the other Originators to enter into an Omnibus Amendment to (a) that certain Receivables Loan Agreement, dated as of July 1, 2008 among Tribune Company, Tribune Receivables, LLC ("Tribune Receivables") and Barclays Bank PLC ("Barclays"), in its capacities as Lender, Funding Agent and Administrative Agent (in all such capacities, and together with its successors in such capacities, the "RLA Agent"), (b) that certain Receivables Purchase Agreement,

---

[3] "Originators" means, collectively, the following Debtors: Tribune Company, Chicagoland Television News, Inc., Tribune Broadcast Holdings, Inc., Tribune Interactive, Inc., Tribune Television Holdings, Inc., WGN Continental Broadcasting Company, WPIX, Inc., Tribune Television New Orleans, Inc., KSWB Inc., KTLA Inc., KIAH Inc., Tower Distribution Company, Tribune Television Northwest, Inc., Tribune Television Company, Channel 40, Inc., Channel 39, Inc., Los Angeles Times Communications LLC, WDCW Broadcasting, Inc., Orlando Sentinel Communications Company, Sun-Sentinel Company, Gold Coast Publications, Inc., Forum Publishing Group, Inc., The Daily Press, Inc., Chicago Tribune Company, The Baltimore Sun Company, The Hartford Courant Company and The Morning Call, Inc.

dated as of July 1, 2008 among Tribune Receivables, Tribune Company and the other Originators and (c) that certain Servicing Agreement, dated as of July 1, 2008 among Tribune Receivables, Tribune Company and the other Originators. Pursuant to the Omnibus Amendment, Barclays, as RLA Agent, would increase the aggregate principal amount of loans available to Tribune Receivables to $300,000,000, providing access to an additional $75,000,000 in loans. This is described in more detail in the DIP Financing Motion, Tribune Company and the other Originators shall guarantee certain of the obligations of Tribune Receivables under the operative agreements and grant the RLA Agent a non-priming security interest in substantially all of their assets.

*The Letter of Credit Facility.*

11.     The DIP Financing Motion also seeks authority for Tribune Company and the other Debtors to enter into a new, postpetition letter of credit facility in the amount of up to $50,000,000 (the "Letter of Credit Facility") to be provided by Barclays, as administrative agent and issuing bank in such capacity, together with a syndicate of other financial institutions. The terms of the Letter of Credit Facility are described in detail in the DIP Financing Motion. The obligations under the Letter of Credit Facility will be secured by cash collateral in an amount equal to 105% of the face amount of the letters of credit.

## THE FEE LETTERS

12.     In connection with the provision of the proposed securitization and letter of credit facilities, Tribune Receivables LLC and Tribune Company have, as is customary, agreed to pay certain fees and expenses to Barclays pursuant to certain separate, confidential, fee letters (the "Fee Letters").

13. Pursuant to Rule 4001(c) of the Bankruptcy Rules and Rule 4001-2 of the Local Rules for the United States Bankruptcy District of Delaware ("Local Rules"), a debtor is generally required to disclose a summary of the essential terms of any proposed use of cash collateral and/or financing. Since it is not a Debtor, however, Tribune Receivables LLC would not be required to disclose such information.[4] Furthermore, fees that Tribune Receivables LLC pays in connection with the financing of its operations would not, typically, be something that Barclays, as a Lender, or any other lender similarly situated, would disclose to anyone. Given the totality of the circumstances, however, and recognizing that a certain degree of transparency and public scrutiny is a necessary part of the bankruptcy process, prior to the hearing on this Motion, the Movants thought it reasonable and appropriate to disclose the Fee Letters to the United States Trustee, which they have done.

14. A broad publication of the Fee Letters would be inappropriate and materially harmful to Barclays' business. It has become essential to Barclays' ability to provide financing of this type, in these times, where bankruptcy financing has all but become unavailable to these and other Debtors, that the highly-sophisticated and proprietary methodology for calculating such fees remain strictly confidential. The process of calculating such fees is at the core of Barclays' business know-how. The fees and expense reimbursement provided for in the Fee Letters are, as one would expect, intended to compensate Barclays in three areas: expense reimbursement in connection with out-of-pocket expenses; partial compensation for credit risk (supplementing the interest to be paid under the facilities); and compensation for a large,

---

[4] The Movants are not aware of any applicable case law that would require a non-debtor to disclose such information pursuant to either Rule 4001(c) of the Bankruptcy Rules or Rule 4001-2 of the Local Rules.

senior, interdisciplinary team of underwriting, credit, financial, economics, marketing and legal experts that have developed a proprietary way to make facilities like this available to Debtors like these in markets like this. Barclays' methodology is unique and proprietary intellectual property the disclosure of which would put Barclays at a competitive disadvantage. Disclosure of Barclays' proprietary pricing methodology for arranging a bankruptcy financing of this complexity, in less than a week, would place Barclays in an untenable business position causing it, potentially, to chose to pass on this lending need, and even exit this marketplace, at least temporarily, as so many lenders to bankrupt firms have done. It is common knowledge that bankruptcy financing has essentially dried up -- just at the point in the economic cycle when it will be needed most. Accordingly, maintaining the highly-sensitive information comprising the amount, and methodology for arriving at, the fees set forth in the Fee Letters, thus allowing Barclays to remain competitive and interested in making these kinds of loans, is reasonable and appropriate under the circumstances of these Chapter 11 Cases.

## RELIEF REQUESTED

15.     Accordingly, the Debtors respectfully request entry of the Order, pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Movants to file the Fee Letters under seal.

## BASIS FOR RELIEF

16.     Pursuant to Section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Fee Letters under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

17.    Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

18.    Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in Section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no discretion to deny the application. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under Section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that Section 17(b)(1) creates an exception to the general rule that court records are open to examination by the

public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

19.     The Movants respectfully request that this Court permit the Fee Letters to be filed under seal pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules because of the harm that would ensue if the highly confidential information contained in the Fee Letters became public information. Moreover, the Movants submit that creditors will not be prejudiced by this Motion because they will have access to the Fee Letters upon entering into a confidentiality agreement. For these reasons, the Debtors believe the relief requested in this Motion should be granted by the Court.

## NOTICE

20.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) the administrative agents for the Debtors' prepetition loan facilities; and (vii) the indenture trustee for the Debtors' prepetition notes. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

21.     No previous application for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Movants respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Movants to file under seal the Fee Letters; and (b) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
December 9, 2008

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Candice L. Kline
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Norman L. Pernick
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION

MAYER BROWN LLP
Brian Trust
Frederick D. Hyman
Jeffrey G. Tougas
Amit Trehan
Barbara Yan
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

-and-

EDWARDS ANGELL PALMER & DODGE LLP

By: */s/ William S. Chipman*
Stuart M. Brown (No. 4050)
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
919 North Market Street, 15th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-7770
Facsimile: (302) 777-7263

ATTORNEYS FOR BARCLAYS BANK PLC