**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. _____** |

# MOTION OF DEBTOR CHICAGO TRIBUNE COMPANY FOR ENTRY OF AN ORDER AUTHORIZING CHICAGO TRIBUNE COMPANY TO FILE UNDER SEAL AN UNREDACTED VERSION OF THE MASTER SERVICES AGREEMENT WITH DOW JONES & COMPANY, INC.

Chicago Tribune Company, one of the above-captioned debtors and debtors in possession ("CTC" or the "Debtor" and collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order (the "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

17545962.6
46429/0001-5219307v1

Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing CTC to file under seal an unredacted version of that certain Master Services Agreement and related Statement of Work 1 (collectively, the "MSA"),[2] by and between CTC and Dow Jones & Company, Inc. ("Dow Jones"). In support of this Motion, CTC respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket No. 43].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

---

[2] Nothing contained in this Motion is intended to alter any provision of the MSA. In the event of a discrepancy between the description of the MSA provided herein and the terms of the MSA, the terms of the MSA shall control.

## BACKGROUND TO THE MOTION

6. Contemporaneously with the filing of this Motion, CTC has sought authority to enter into the MSA with Dow Jones (the "MSA Motion"). As set forth more fully in the MSA Motion, in order to meet its business needs commencing as of the first of the year, Dow Jones has retained CTC under the MSA for a provisional ninety (90) day term pending Bankruptcy Court approval of the MSA Motion, to provide printing and related services to Dow Jones for certain publications produced, published and sold by Dow Jones. Dow Jones desires to retain CTC to perform these services under the MSA on a long-term basis, and assuming the relief requested in the MSA Motion is granted, the full ten (10) year term of the MSA will become operative.[3]

7. CTC believes that its proposed entry into the MSA is in the best interests of CTC, its estate and creditors. The Debtors who are in the publishing industry have previously entered into approximately fifty-nine (59) other outsourcing printing agreements and approximately fifty (50) other commercial delivery agreements with other publications. Accordingly, CTC believes that its proposed entry into the MSA is within the ordinary course of business for purposes of section 363 of the Bankruptcy Code, and therefore does not require Court approval. However, sensitive to certain unique circumstances, including the appointment of a Committee just yesterday (December 18), and following discussions with Dow Jones, CTC has determined out of an abundance of caution to seek Court authorization to enter the MSA for the full contract term. Further, as indicated above, the MSA has a provisional term of ninety (90) days that will extend to the full term intended by the parties if CTC obtains an order of this Court authorizing CTC to enter into the MSA within forty-five (45) days of the Effective Date of the

---

[3] For larger contracts, such as the MSA, a ten (10) year term is customary.

MSA. By the MSA Motion, CTC seeks entry of an order authorizing CTC to enter into the MSA with Dow Jones, so as to extend the term of the MSA.

8. Certain provisions of the MSA reflect information that is confidential, proprietary, or commercially or competitively sensitive to either or both parties. In order to protect the business interests of both parties to the agreement, the MSA attached to the MSA Motion has been redacted to eliminate such terms.

## RELIEF REQUESTED

9. By this Motion, CTC respectfully requests entry of an Order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing CTC to file an unredacted version of the MSA under seal.

## BASIS FOR RELIEF

10. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize CTC to file the MSA under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

11. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of

> a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

12. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that section 17(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

13. CTC submits that good cause exists for the Court to grant the relief requested herein. As mentioned above, certain provisions of the MSA reflect information that is confidential, proprietary, or commercially or competitively sensitive to either or both parties. Protection of such information is of critical importance to both Dow Jones and CTC because of the potential impact disclosure of such terms could have on their business operations. Specifically, disclosure of the MSA's terms could significantly impede CTC's ability to successfully negotiate certain terms contained in the MSA with future outsourcing customers.

Similarly, with respect to Dow Jones, disclosure of certain technical specifications contained in the MSA could potentially create a competitive disadvantage for future outsourcing arrangements. Accordingly, public dissemination of certain information contained in the MSA could provide CTC's and Dow Jones' competitors and future contract counterparties with a substantial and unfair advantage. CTC believes that Court authorization to file the MSA under seal will ensure that such information is not misused. Moreover, CTC believes that no valid purpose would be served by the disclosure of the information to the general public.

14.    For these reasons, CTC respectfully requests that this Court permit an unredacted version of the MSA to be filed under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 because of the harm that would ensue if the highly confidential information contained in the MSA became public information. CTC submits that if this Motion is granted, CTC will also provide, on a confidential basis, unredacted copies of the MSA to the Office of the United States Trustee and counsel to the Committee.[4]

## NOTICE

15.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) proposed counsel for the Committee; (vi) the administrative agents for the Debtors' prepetition loan facilities; (vii) the indenture trustee for the Debtors' prepetition notes; (viii) counsel to Dow Jones; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, CTC submits no other or further notice is necessary.

---

[4] Pursuant to Del. Bankr. L. R. 9018-1(b), a unredacted copy of Exhibit A to the MSA Motion is being provided to the Court for its review in an envelope marked "DOCUMENT TO BE KEPT UNDER SEAL."

## NO PRIOR REQUEST

16. No previous application for the relief sought herein has been made to this Court or any other court.

WHEREFORE, CTC respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (i) authorizing CTC to file under seal unredacted versions of the MSA and (ii) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
December 19, 2008

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kerriann S. Mills
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION