IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY., et al., | ) | Case No. 08-13141 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Hearing Date: 01/05/2009 |

MOTION TO RECONSIDER INTERIM ORDER OF DECEMBER 10, 2008 AND OBJECTION TO DEBTORS' MOTION FOR AN INTERIM ORDER AND A FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT
_____

Florida Power & Light Co. ("FPL"), Potomac Electric Power Company ("Pepco"), Delmarva Power & Light Company, Entergy New Orleans, Inc. and Entergy Louisiana LLC (collectively the "Objecting Utilities") hereby move to reconsider or vacate the Interim Order of December 10, 2008 (Docket No. 61) and object to Debtors' Motion For An Interim Order and A Final Order Pursuant to Sections 105(a) and 366 of the Bankruptcy Code (I) Prohibiting Utility Providers From Altering, Refusing Or Discontinuing Service, (II) Deeming Utilities Adequately Assured Of Future Performance, (III) Establishing Procedures For Determining Adequate Assurance Of Payment (Docket No. 11). Each of the Objecting Utilities provided electric service under its tariff on the date of the petition under accounts as set forth in the attached Exhibits A, B and C.

The Interim Order and the Debtors' Motion create procedures that put the Debtors and this Court in the role of a shadow state regulator and effectively gut the amendments to Section 366 of the Bankruptcy Code. The Debtors' "Procedures" not only violate

Section 366 but they also run afoul of 28 U.S.C. 959(b) by imposing requirements inconsistent with state law tariffs and regulations.  Those state mandates impose their own procedures that specifically permit utilities to determine when and how they demand authorized deposits from customers.  Aside from lacking support in Section 366 and the federal rules, the Debtors' apparatus is unduly cumbersome for utilities.  It should not require further judicial review to establish here that the sole function of the bankruptcy court under Section 366 is to determine whether the <u>amount of an assurance</u> should be changed after the debtors begin a contested matter to challenge an assurance they have already paid to a utility under Section 366(c)(2).

The list of legal deficiencies in Debtors' Motion is extensive.  First, without benefit of proper service under B.R. 9014 or the commencement of an adversary proceeding under B.R. 7001, the Debtors' Motion in effect declared an emergency and sought to enjoin utilities from exercising their statutory right to demand and hold before the 30th day the security specifically authorized under Section 366 and applicable state tariffs.  As is obvious from Section 366(a) itself, <u>no emergency existed on the petition date</u>, and the record is silent thus far in explaining why a first day order that reversed the burdens of Section 366 was legally authorized.  Second, even emergency relief that is otherwise proper must comply with the statute and procedures in Bankruptcy Rules 7001, 7065 and 9014, and the Motion failed to follow those Rules here.  Third, the defined term, "Proposed Adequate Assurance", (composed of the utility deposit account plus the "facts and circumstances of the Debtors' Chapter 11 cases") dilutes the concept of adequate assurance and appears to violate the definition of an assurance of payment under Section 366(c)(1) and the specific prohibition in Section 366(c)(3)(B) forbidding

the consideration of an administrative expense priority as adequate assurance.  Fourth, the Motion sought to require utilities dissatisfied with the Debtors' "Proposed Adequate Assurance" to serve on Debtors' counsel an "Adequate Assurance Request" (terminology nowhere found in the Code or Rules) providing a summary of Debtors' payment history (the consideration of which is specifically forbidden by Section 366(c)(3)(B)).  Fifth, the Motion and the Interim Order impose time periods that violate the specific requirement in Section 366 that a utility's demand be satisfied within 30 days.  Sixth, the Order and the Motion establish a form of adequate assurance, the Utility Deposit Account,  that is not even permitted under Section 366(c)(1) and takes this Court far beyond its limited role of determining the "amount" of adequate assurance.

In their Motion, at Paragraph 25 Debtors rely upon unpublished orders of this Court in In re Linens Holding Co. No. 08-10832 in support of the relief they have requested here.  Several of the Objecting Utilities challenged the relief sought in that case at Docket No. 330 and obtained a two month deposit from Debtors.  The Objecting Utilities here rely upon the authorities cited in the Linens Holding Co. objection and incorporate those arguments herein.

The Objecting Utilities reserve the right to supplement this filing and request the Court to a) enforce as written Section 366 of the Bankruptcy Code, b) deny the Debtors' Motion and vacate the Interim Order, c) direct that the Debtors pay the Objecting Utilities their 2-month adequate assurance demand immediately or be subject to disconnection on the thirty-first day after the Petition Date, and d) for such other and further relief as the Court deems just and proper.

Respectfully submitted,

        McCarthy & White, PLLC

        /s/William Douglas White
        William Douglas White
        McCarthy & White, PLLC
        8180 Greensboro Drive, Suite 875
        McLean VA  22102
        Telephone:  (703) 770-9265
        Facsimile:   (703) 770-9266
        Email: wdw@mccarthywhite.com

CERTIFICATE OF SERVICE

       I hereby certify that on the 23rd day of December, 2008 I caused a copy of the foregoing to be sent to all persons on the Court's electronic service list and to be mailed by first class, postage prepaid to the following and to be emailed and faxed where indicated:

Ms. Stephanie Pater
Tribune Company
435 North Michigan Avenue
Chicago IL  60611

Kenneth P. Kansa
Sidley Austin LLP
One South Dearborn Street
Chicago IL  60603
Fax:  312.853.7036
kkansa@sidley.com

Cole Schotz Meisel Forman & Leonard P.A.
Norman L Pernick
J. Kate Stickles
1000 N. West Street, Suite 1200
Wilmington DE 19801
kstickles@coleschotz.com

United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035
Fax: 302-573-6497

                                                  /s/William Douglas White
                                                  William Douglas White