# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: January 8, 2009 at 4:00 p.m.** |
| | **Hearing Date: January 15, 2009 at 1:30 p.m.** |

## MOTION FOR AN ORDER AUTHORIZING BUT NOT DIRECTING PAYMENT OF PREPETITION CONTRIBUTIONS TO UNION PENSION PLANS AND CONTINUATION OF CONTRIBUTIONS POSTPETITION IN THE ORDINARY COURSE

Tribune Company and most of its wholly-owned subsidiaries, each of which is a

debtor and debtor-in-possession herein (each a "Debtor" and collectively, the "Debtors"), hereby

move this Court (the "Motion") for entry of an order pursuant to sections 105(a), 363(b),

507(a)(4), and 507(a)(5) of title 11 of the United States Code (the "Bankruptcy Code"),

authorizing, but not directing, the Debtors to pay prepetition contributions owed to certain union

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

pension plans pursuant to collective bargaining agreements, but not to exceed $550,000, and to continue making contributions to these union pension plans postpetition in the ordinary course of business. The facts and circumstances supporting this Motion are set forth in the accompanying Declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company, (the "Bigelow Declaration") filed with this Court on December 24, 2008. In further support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also jointly filed motions seeking certain typical "first day" relief, including an order to have these cases jointly administered. This Court granted the requested "first day" relief and ordered the cases to be jointly administered. The "first day" relief granted by this Court included an Order (the "Wage Order") authorizing, but not directing, payments of prepetition obligations and continuation of prepetition programs and other requested relief in the ordinary course as required to meet the Debtors' employee wage and benefits obligations (the "Wage Motion"). See Wage Order (Docket No. 53); Wage Motion (Docket No. 9).

2.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3.      On December 18, 2008, the United States Trustee appointed the Official Committee of Unsecured Creditors.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

2

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

sought herein are sections 105(a), 363(b), 507(a)(4), 507(a)(5) and 1113(f) of the Bankruptcy

Code.

## BACKGROUND INFORMATION

5.      The Debtors currently employ approximately 13,940 full-time and 2,450

part-time employees (the "Employees"). Approximately 15% of the Debtors' Employees are

represented by unions (the "Union Employees") and are covered under various collective

bargaining agreements (the "CBAs"). Bigelow Decl. ¶ 4.

6.      Certain of the Debtors' Union Employees participate in third-party union

pension and annuity plans (the "Pension Plans").[2] These participating Union Employees (the

"Participating Union Employees") include newsroom personnel, engineers, electricians, printing

personnel, and drivers and impact many aspects of the Debtors' ongoing operations. Bigelow

Decl. ¶ 5.

7.      The Debtors' Union Employees are represented by 26 local union

bargaining units. CBAs with 17 of the union local bargaining units require the Debtors to make

contributions to 13 separate Pension Plans according to specially negotiated terms, which vary

by local bargaining unit. The Pension Plans cover approximately 720 Participating Union

Employees and various prior employees who are now retirees. The Debtors' contributions to the

Pension Plans are customary and usual components in CBAs and are consistent with industry

practices. Bigelow Decl. ¶ 6.

8.      The pension contribution payments vary by CBA and generally range

between 2% and 19% of earnings as calculated on a shift, hourly, weekly, or annual basis.

---

[2] The Debtor entities with Union Employees that participate in the Pension Plans are: WGN Continental
Broadcasting Company, WPIX, Inc., KPLR, Inc., KTLA Inc., Chicago Tribune Company, and The Baltimore Sun
Company.

Certain contributions are capped at a dollar amount per week or as a percentage of annual earnings. The pension contributions are paid on a monthly basis, except for one plan, which is paid on a bi-monthly basis. The Debtors' average monthly payment under the Pension Plans is approximately $407,000. Bigelow Decl. ¶ 7.

## RELIEF REQUESTED

9.     To maintain morale, union relationships, and an essential Union Employee workforce, the Debtors, by this Motion, seek authority, but not the direction, to pay all prepetition contributions owed to the Pension Plans pursuant to CBAs, and to continue contributions postpetition in the ordinary course of business; provided that the Debtors shall not pay more than $550,000 in unpaid prepetition contributions to the pension plans.

10.     The Debtors estimate that the aggregate amount of the contributions that remained unpaid as of the Petition Date to the Pension Plans was approximately $443,000 (the "Unpaid Pension Contributions"). Prior to the Petition Date, and in the ordinary course of business, the Debtors made contributions to the Pension Plans as required under the CBAs. These payments were made in arrears and typically on a monthly basis in a manner consistent with the past practices.

11.     The Debtors believe that failure to timely pay the Unpaid Pension Contributions would cause unrest and strain relationships with Participating Union Employees and their unions at a time when their dedication and cooperation are most critical.

12.     Without the requested relief, the Debtors' stability would be undermined by the potential threat that otherwise loyal Participating Union Employees would seek other employment or legal redress pursuant to their rights under the CBAs and applicable law.

4

**BASIS FOR RELIEF**

13.     Courts in this district have regularly approved the payment of prepetition union pension contributions on the grounds that the payment of such claims was necessary to effectuate a successful reorganization.  Such relief requested herein is customarily granted in this district.  See, e.g., ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); In re Vertis Holdings, Inc., Case No. 08-11460 (CSS) (Bankr. D. Del. July 16, 2008); In re Tropicana Entertainment, LLC, Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008); In re Werner Holding Co., Inc., Case No. 06-10578 (KJC) (Bankr. D. Del. June 13, 2006); In re J.L. French Automotive Castings, Inc., Case No. 06-10119 (MFW) (Bankr. D. Del. Mar. 3, 2006); In re Pliant Corp., Case No. 06-10001 (MFW) (Bankr. D. Del. Jan. 4, 2006); In re Meridian Automotive Systems – Composites Operations, Inc., Case No. 05-11168 (MFW) (Bankr. D. Del. May 27, 2005).

14.     The failure to pay the Unpaid Pension Contributions would likely cause a significant administrative burden to the Debtors.  The Debtors expect union representatives to immediately seek legal relief to compel payment of the prepetition unpaid pension contributions.  The potential legal remedies -- arbitration and grievance procedures -- available to the Debtors' unions to attempt to enforce the CBAs may proceed notwithstanding the automatic stay provision of section 362 in light of the way various courts have interpreted section 1113(f) of the Bankruptcy Code.  See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 82 (3d Cir. 1999); Air Line Pilots Ass'n v. Continental Airlines (In re Continental Airlines), 125 F.3d 120, 137 (3d. Cir. 1997); In re Roth Am., Inc., 975 F.2d 949, 956 (3d Cir. 1992); Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.), 922 F.2d 984, 989-90 (2d. Cir. 1990).

46429/0001-5230262v1

15.     The Debtors believe that paying the Unpaid Pension Contributions will not result in any of the Participating Union Employees receiving payments on account of (i) prepetition wages and the other quantified Employee prepetition benefits authorized in the Wage Order, and (ii) these Unpaid Pension Contributions, that would exceed the statutory priority of $10,950 per individual set forth in sections 507(a)(4) and (5) of the Bankruptcy Code. The average estimated Unpaid Pension Obligations per Participating Union Employee is only $616, and the amount of the unpaid prepetition wages owed to each of these Participating Union Employees did not come close to the statutory cap of $10,950.  Thus, the relief sought by this Motion is consistent with the Wage Order, and would probably have been included as part of the relief requested by the Wage Motion, except that the United States Trustee and the prepetition lenders expressly requested that the Wage Motion not include any pension contributions except for contributions to tax qualified 401(k) plans.

16.     In addition, the Debtors believe that the contributions to three of the Pension Plans are already effectively authorized by the Wage Order in that three of the Pension Plans are dedicated to providing health benefits to the Participating Union Employees. Nevertheless, the Debtors have included the contributions to these three Pension Plans in the relief requested by this Motion because of the representations they made to the United States Trustee and the prepetition lenders that no payments to pensions other than 401(k) plans were contemplated by the Wage Motion.

17.     For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of their estates and creditors.

46429/0001-5230262v1

18.     The Debtors also seek a waiver of the ten-day stay pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure to permit immediate payment of the Unpaid Pension Contributions for the reasons set forth in this Motion.

## RESERVATION OF RIGHTS

19.     Nothing contained herein is intended or shall be construed as an assumption of the CBAs.  Nevertheless, the Debtors intend to continue performing under their CBAs, unless the Debtors seek to modify or reject such agreements in accordance with section 1113 of the Bankruptcy Code.

## NOTICE

20.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) proposed counsel for the Official Committee of Unsecured Creditors; (vi) the administrative agents for the Debtors' prepetition loan facilities; (vii) the administrative agent for debtors' postpetition loan facility; (viii) the indenture trustee for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002.   In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

21.     The Debtors have not previously sought the relief requested herein from this or any other Court.

46429/0001-5230262v1

WHEREFORE, the Debtors respectfully seek entry of an order, in substantially the form of the order attached hereto as Exhibit A, (i) authorizing, but not directing, the Debtors to pay Unpaid Pension Contributions owed to the Pension Plans pursuant to CBAs, and to continue contributions postpetition in the ordinary course of business; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware  
      December 24, 2008

Respectfully submitted,

SIDLEY AUSTIN LLP  
James F. Conlan  
Bryan Krakauer  
Kevin T. Lantry  
Candice L. Kline  
One South Dearborn Street  
Chicago, IL  60603  
Telephone:  (312) 853-7000  
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: */s/ Norman L. Pernick*  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
1000 N. West Street, Suite 1200  
Wilmington, DE  19801  
Telephone:  (302) 652-3131  
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR DEBTORS AND  
DEBTORS-IN-POSSESSION