# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF CHANDLER BIGELOW III, SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER OF TRIBUNE COMPANY IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER AUTHORIZING BUT NOT DIRECTING PAYMENT OF PREPETITION CONTRIBUTIONS TO UNION PENSION PLANS AND CONTINUATION OF CONTRIBUTIONS POSTPETITION IN THE ORDINARY COURSE

I, Chandler Bigelow III, declare as follows:

1. I am a Senior Vice President and the Chief Financial Officer of Tribune Company, a corporation organized under the laws of Delaware and one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors").[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. I submit this declaration (the "Declaration") in support of the Debtors' "Motion for an Order Authorizing but Not Directing Payment of Prepetition Contributions to Union Pension Plans and Continuation of Contributions Postpetition in the Ordinary Course" (the "Motion"). I am familiar with the contents of this Motion, and supporting data, and I believe that the relief sought (i) is necessary to enable the Debtors to operate in chapter 11 with minimum disruption or loss of productivity or value; (ii) constitutes an important element in achieving a successful reorganization of the Debtors; and (iii) is in the best interests of the Debtors, their estates, and creditors.

3. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, on information supplied to me by other members of the Debtors' management teams and/or professionals retained by the Debtors, on information learned from my review of relevant documents, or on my opinion based upon my experience and knowledge of the Debtors' operations, financial condition and present liquidity needs. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.

## BACKGROUND INFORMATION

4. The Debtors currently employ approximately 13,940 full-time and 2,450 part-time employees (the "Employees"). Approximately 15% of the Debtors' Employees are represented by unions (the "Union Employees") and are covered under various collective bargaining agreements (the "CBAs").

5. Certain of the Debtors' Union Employees participate in third-party union pension and annuity plans (the "Pension Plans"). These participating Union Employees (the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"Participating Union Employees") include newsroom personnel, engineers, electricians, printing personnel, and drivers and impact many aspects of the Debtors' ongoing operations.

6. The Debtors' Union Employees are represented by 26 local union bargaining units. CBAs with 17 of the union local bargaining units require the Debtors to make contributions to 13 separate Pension Plans according to specially negotiated terms, which vary by local bargaining unit. The Pension Plans cover approximately 720 Participating Union Employees and various prior employees who are now retirees. The Debtors' contributions to the Pension Plans are customary and usual components in CBAs and are consistent with industry practices.

7. The pension contribution payments vary by CBA and generally range between 2% and 19% of earnings as calculated on a shift, hourly, weekly, or annual basis. Certain contributions are capped at a dollar amount per week or as a percentage of annual earnings. The pension contributions are paid on a monthly basis, except for one plan, which is paid on a bi-monthly basis. The Debtors' average monthly payment under the Pension Plans is approximately $407,000.

## RELIEF REQUESTED

8. The Debtors estimate that the aggregate amount of the contributions that remained unpaid as of the Petition Date to the Pension Plans was approximately $443,000 (the "Unpaid Pension Contributions"). Prior to the Petition Date, and in the ordinary course of business, the Debtors made contributions to the Pension Plans as required under the CBAs. These payments were made in arrears and typically on a monthly basis in a manner consistent with the past practices.

9. I believe that failure to timely pay the Unpaid Pension Contributions would cause unrest and strain relationships with Participating Union Employees and their unions at a time when their dedication and cooperation are most critical.

10. Without the requested relief, I believe that the Debtors' stability would be undermined by the potential threat that otherwise loyal Participating Union Employees would seek other employment or legal redress pursuant to their rights under the CBAs and applicable law.

11. I believe that paying the Unpaid Pension Contributions will not result in any of the Participating Union Employees receiving payments on account of (i) prepetition wages and the other quantified Employee prepetition benefits authorized in the Wage Order, plus (ii) these Unpaid Pension Contributions, that would exceed the statutory priority of $10,950 per individual set forth in sections 507(a)(4) and (5) of the Bankruptcy Code. The average estimated Unpaid Pension Obligations per Participating Union Employee is only $616, and the amount of the unpaid prepetition wages owed to each of these Participating Union Employees did not come close to the statutory cap of $10,950.

12. In addition, I believe that the contributions to three of the Pension Plans are already effectively authorized by the Wage Order in that three of the Pension Plans are dedicated to providing health benefits to the Participating Union Employees.

13. I believe that the relief requested by the Motion is in the best interests of the Debtors' stakeholders and other parties-in-interest.

I declare under the penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Dated: December 24, 2008

_____
Chandler Bigelow III
Senior Vice President & Chief Financial Officer
Tribune Company