UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

Hearing Date: January 15, 2009 at 1:30 p.m. (ET)
Objection Deadline: January 8, 2009 at 4:00 p.m. (ET)

### FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors to reject certain unexpired leases of nonresidential real property. Parties that receive this Motion and whose Lease is subject to rejection hereby can locate their name and the property to which their Lease corresponds on <u>Exhibit B</u> attached hereto. In support of this Motion, the Debtors: (i) submit the Declaration of Stephanie Pater, Director, Real Estate of Tribune Company (the "<u>Pater Declaration</u>"), a copy of which is attached hereto as <u>Exhibit A</u> and incorporated herein by reference; and (ii) respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner in these chapter 11 cases. On December 18, 2008, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicate for the relief sought herein is section 365 of the Bankruptcy Code.

## BACKGROUND OF THE DEBTORS

5. Debtor Tribune Company ("Tribune") is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors. The Debtors operate businesses in publishing, interactive, and broadcasting. These operations are conducted through two business segments: (i) publishing and (ii) broadcasting and entertainment.

6. The Debtors' publishing segment currently operates eight (8) market leading daily newspapers and related businesses, distributes entertainment and syndicated content, and manages a 24-hour cable news channel. The Debtors are the nation's third largest newspaper publisher in terms of revenue and circulation. Daily newspapers published by the Debtors include the Los Angeles Times and the Chicago Tribune. The Debtors' publishing segment also manages the websites of their daily newspapers, television stations, and other branded sites targeting specific communities of interest. As of the Petition Date, the Debtors' publishing segment employed approximately 12,000 full-time equivalent employees.

7. The Debtors' broadcasting and entertainment segment includes 23 television stations, WGN America, WGN-AM, and the Chicago Cubs baseball team.[2] Through their television stations and WGN America, the Debtors' broadcasting and entertainment segment reaches more than 80% of television households in the United States. Thirteen (13) of the Debtors' stations are affiliates of The CW Television Network, America's "fifth" major broadcast network. Seven (7) are affiliates of Fox Broadcasting Network. As of the Petition Date, the Debtors' broadcasting and entertainment segment employed approximately 2,600 full-time equivalent employees.

---

[2] The broadcasting and entertainment segment also includes the subsidiaries that own the Chicago Cubs baseball operations and an equity interest in regional sports network Comcast SportsNet Chicago, LLC, which are not Debtors in these cases.

8. The Debtors are based in the United States, with headquarters located in Chicago, Illinois. In fiscal year 2007, the Debtors and their non-debtor subsidiaries (collectively, the "Tribune Entities") recorded revenues of approximately $5.1 billion, resulting in net income of approximately $87.0 million. During this time, the publishing segment contributed approximately 72% of the Tribune Entities' revenue and the broadcasting and entertainment segment contributed approximately 28% of the Tribune Entities' revenue. Advertising revenue is the primary source of revenue for both the publishing and broadcasting and entertainment segments. For the quarterly period ended September 28, 2008, the consolidated financial statements of the Tribune Entities reported approximately $7.6 billion in total assets and approximately $13.9 billion in total liabilities.

## RELIEF REQUESTED

9. The Debtors respectfully request that the Court enter an order approving the rejection of certain unexpired leases of nonresidential real property where the Debtors are a lessee and which are listed on Exhibits B and C attached hereto (the "Leases"). Exhibits B and C cover the same Leases; however, Exhibit B is organized alphabetically by landlord, consistent with the requirements of Fed. R. Bankr. P. 6006, while Exhibit C identifies the cost savings expected to be achieved by the Debtors through rejection of the Leases. Specifically, the Leases are for certain office, distribution and warehouse spaces which are either vacant as of the date of the filing of this Motion or, in a small minority of cases, will be vacant as of the date scheduled for the hearing on this Motion. Copies of the Leases are available at the offices of Debtors' counsel for inspection during reasonable business hours upon request.

10. The Bankruptcy Code provides that "the trustee [or debtor(s) in possession], subject to the court's approval, may ... reject any ... unexpired lease of the debtor." 11 U.S.C. §

365(a). Courts utilize the business judgment standard to determine whether to approve the rejection of a contract or lease. Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.), 872 F.2d 36, 40 (3d Cir. 1989); In re G. Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) ("In determining whether a debtor may be permitted to reject an executory contract, courts usually apply the business judgment test. Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered."). Under the business judgment test, the debtor-in-possession need demonstrate only that the assumption or rejection of the unexpired lease or executory contract will benefit the estate. See Id. ("Generally, absent a showing of bad faith, or an abuse of discretion, the debtor's business judgment will not be altered") (citing inter alia, In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd sub nom, N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 104 S.Ct. 1188 (1984)), aff'd, 187 B.R. 111 (S.D.N.Y. 1995). In particular, rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. See In re Stable Mews Assocs., Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).

11. Rejection of the Leases is well justified. As described more fully in the Pater Declaration, the real property spaces that are the subject of the Leases are currently vacant or will be vacant by the date scheduled for the hearing on this Motion. None of the properties that are the subject of the Leases are being utilized by the Debtors for any business purpose, nor do the Debtors have any anticipated future uses for the locations covered by the Leases. See Pater Declaration at ¶ 4. The Leases cost the Debtors in excess of $3.3 million in annual rental obligations, providing the Debtors with considerable financial benefits if rejection of the Leases is approved. See id.

12. In addition, because the properties that are the subject of the Leases are vacant, the Debtors have further determined that the benefit of rejecting of the Leases is far more certain, and outweighs, any benefit that might be achieved from assuming and attempting to assign the Leases. See id. For these reasons, the Debtors believe that it is in their business judgment to reject the Leases and that the Debtors' motion to reject the Leases should be granted.

13. The Debtors request that rejection of the Leases be effective immediately upon this Court's entry of the order approving this Motion. Because the properties covered by the Leases are currently vacant, no cause exists to delay the timing of the rejection, and the Debtors will maximize their cost savings from the rejections by having such rejections take immediate effect.

## NOTICE

14. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) the administrative agents for the Debtors' prepetition loan facilities; (vii) the indenture trustee for the Debtors' prepetition notes; (viii) the proposed counsel to the Official Committee of Unsecured Creditors; (ix) the landlords under the Leases, at the addresses specified on Exhibit B; and (x) any party who has requested to receive notices in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

15. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, (i) approving the rejection of the Leases, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
December 26, 2008

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION