## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

Hearing Date: January 15, 2009 at 1:30 p.m. (ET)
Objection Deadline: January 8, 2009 at 4:00 p.m. (ET)

## APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN MCDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL FOR GENERAL DOMESTIC LEGAL MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors (each a "Debtor" and collectively, the "Debtors")

hereby submit this Application (the "Application") for entry of an order, in substantially the form

attached hereto, authorizing the Debtors to employ and retain the law firm of McDermott Will &

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Emery LLP ("McDermott") as their special counsel for general domestic legal matters pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), nunc pro tunc to the Petition Date (as defined herein).  In support of the Application, the Debtors submit the Declaration of Blake D. Rubin (the "Rubin Declaration"), which is filed concurrently herewith and incorporated herein by reference.  In further support of this Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the cases for procedural purposes only.

2.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.  On December 18, 2008, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these cases.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is section 327(e) of the Bankruptcy Code.

## BACKGROUND OF THE DEBTORS

5.      Debtor Tribune Company ("Tribune") is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors.  The Debtors

2

operate businesses in publishing, interactive, and broadcasting. These operations are conducted through two business segments: (i) publishing and (ii) broadcasting and entertainment.

6.     The Debtors' publishing segment currently operates eight (8) market leading daily newspapers and related businesses, distributes entertainment and syndicated content, and manages a 24-hour cable news channel. The Debtors are the nation's third largest newspaper publisher in terms of revenue and circulation. Daily newspapers published by the Debtors include the <u>Los Angeles Times</u> and the <u>Chicago Tribune</u>. The Debtors' publishing segment also manages the websites of their daily newspapers, television stations, and other branded sites targeting specific communities of interest. As of the Petition Date, the Debtors' publishing segment employed approximately 12,000 full-time equivalent employees.

7.     The Debtors' broadcasting and entertainment segment includes 23 television stations, WGN America, WGN-AM, and the Chicago Cubs baseball team.[2] Through their television stations and WGN America, the Debtors' broadcasting and entertainment segment reaches more than 80% of television households in the United States. Thirteen (13) of the Debtors' stations are affiliates of The CW Television Network, America's "fifth" major broadcast network. Seven (7) are affiliates of Fox Broadcasting Network. As of the Petition Date, the Debtors' broadcasting and entertainment segment employed approximately 2,600 full-time equivalent employees.

8.     The Debtors are based in the United States, with headquarters located in Chicago, Illinois. In fiscal year 2007, the Debtors and their non-debtor subsidiaries (collectively, the "<u>Tribune Entities</u>") recorded revenues of approximately $5.1 billion, resulting in net income

---

[2] The broadcasting and entertainment segment also includes the subsidiaries that own the Chicago Cubs baseball operations and an equity interest in regional sports network Comcast SportsNet Chicago, LLC, which are not Debtors in these cases.

of approximately $87.0 million.  During this time, the publishing segment contributed

approximately 72% of the Tribune Entities' revenue and the broadcasting and entertainment

segment contributed approximately 28% of the Tribune Entities' revenue.  Advertising revenue

is the primary source of revenue for both the publishing and broadcasting and entertainment

segments.  For the quarterly period ended September 28, 2008, the consolidated financial

statements of the Tribune Entities reported approximately $7.6 billion in total assets and

approximately $13.9 billion in total liabilities.

## RELIEF REQUESTED

9.      By this Application, the Debtors seek authorization to employ and retain

McDermott as its special counsel for general domestic legal matters in connection with these

chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to the Petition

Date.  The Debtors anticipate that McDermott, which has been outside counsel to the Debtors

and certain of the Debtors' affiliates for more than 20 years, will assist the Debtors in a wide

variety of general domestic legal matters – including, but not limited to, tax, employment

benefits, employment, corporate, real estate, and other legal matters that may arise in the

ordinary course of the Debtors' business.  McDermott has agreed to continue to advise the

Debtors with respect to the general domestic legal matters as they may arise in these chapter 11

cases in the ordinary course of the Debtors' operations, or otherwise (collectively, "General

Domestic Legal Matters").

10.      McDermott also represents certain of the non-filing affiliates of the

Debtors and will continue to represent such non-filing affiliates of the Debtors during the

pendency of these chapter 11 cases.  In particular, McDermott is representing two of the

Debtors' subsidiaries in connection with proposed transactions involving TV Food Network,

4

G.P. and the Chicago Cubs baseball franchise.  In connection with such representations, McDermott is in the process of entering into separate retention agreements with those subsidiaries.  Such subsidiaries have agreed to pay from their own funds McDermott's fees and expenses for services rendered on their behalf.  See Rubin Declaration at ¶ 5.

11.     McDermott is well qualified to assist the Debtors on the matters for which it proposes to be retained.  McDermott is a full service international law firm with more than 1,100 attorneys and 1,100 staff, and 16 offices worldwide.  McDermott's attorneys render services in virtually every major practice area including, but not limited to tax, employee benefits, employment, corporate and securities, real estate, restructuring and insolvency, litigation, intellectual property, banking, regulatory and governmental affairs, and international services.

12.     The Debtors have selected McDermott, subject to the Court's approval, to serve as their special counsel to represent the Debtors in connection with General Domestic Legal Matters.  The partners, counsel, and associates of McDermott have become extremely familiar with the Debtors and their business affairs as a result of their longtime representation of the Debtors, and have gained extensive experience in all areas of the General Domestic Legal Matters.  In light of that experience, retaining McDermott to continue to perform services relating to the General Domestic Legal Counsel is exceptionally cost-effective and will ensure minimal disruption to a wide range of the Debtors' legal affairs.  Accordingly, the Debtors believe that McDermott's continued representation of the Debtors, as discussed herein, is essential to the ongoing operation of the Debtors' businesses and will provide a substantial benefit to the Debtors and their estates.

13.     The Debtors have also chosen Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their bankruptcy co-counsel, and such other law firms as section 327(e) counsel and/or ordinary course professionals with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice to the Debtors, Cole Schotz acting as the Debtors' Delaware local counsel, and McDermott focusing on the General Domestic Legal Matters. The Debtors' management and legal department will continually monitor these professionals to ensure that they are utilized in an efficient, non-duplicative and cost efficient manner. Sidley, Cole Schotz and McDermott have advised the Debtors that they will make every effort to minimize unnecessary duplication of services.

14.     Subject to the Court's approval, McDermott will charge the Debtors for their legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. McDermott's billing rates currently range from $445 to $1010 per hour for partners, from $285 to $590 per hour for associates and from $105 to $345 per hour for para-professionals. These hourly rates are subject to adjustment on a periodic basis. See Rubin Declaration at ¶ 14.

15.     In addition to the hourly rates set forth above, McDermott customarily charges its clients for all costs and expenses incurred in the rendition of services, including mail and express mail charges, special and hand delivery charges, outside photocopying charges, travel expenses, expenses for "working meals," transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses.

McDermott believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase its hourly rates and thereby spread the expenses among all clients.

16.     McDermott has received a pre-petition retainer in the amount of $500,000 from the Debtors (the "Retainer") in connection with providing the Debtors with representation on the General Domestic Legal Matters.[3]  A portion of the Retainer has been applied to all prepetition fees and expenses incurred on behalf of the Debtors, and the remainder will constitute a general retainer for post-petition services and expenses.  McDermott will not apply the Retainer to postpetition fees and expenses without prior approval of this Court.  In addition to the Retainer, McDermott has received approximately $7,037,500 from the Debtors and affiliates within one year prior to the Petition Date on account of services rendered with regard the General Domestic Legal Matters.

17.     McDermott has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable orders of this Court.

18.     McDermott has further informed the Debtors that, as set forth in more detail in the concurrently filed Rubin Declaration and subject to any exceptions contained therein or in the exhibits thereto, McDermott does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which McDermott is to be engaged.  All information with respect to McDermott's connections with the debtor, creditors,

---

[3] No portion of the Retainer will be applied to any fees and expenses incurred by non-filing affiliates of the Debtors after the Petition Date.

any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee is set forth in the Rubin Declaration. (See Rubin Declaration at ¶ 7).

19.    McDermott will conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates.  In this regard, McDermott will promptly amend the Rubin Declaration to the extent that McDermott becomes aware of material information or relationships which it determines require further disclosure.

20.    The Debtors believe that it is necessary and in the best interest of their estates and creditors to employ and retain McDermott as their special counsel to render professional services on their behalf in connection with the General Domestic Legal Matters.

## NOTICE

21.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) proposed counsel for the Official Committee of Unsecured Creditors; (vi) the administrative agents for the Debtors' prepetition loan facilities; (vii) the administrative agent for debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

22.    The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the Debtors to retain McDermott as special counsel to the Debtors concerning General Domestic Legal Matters in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to the Petition Date and (ii) granting to the Debtors such other relief as may be just and proper.

Dated:  December 26, 2008

TRIBUNE COMPANY
(for itself and on behalf of each Debtor)

_____

David P. Eldersveld
Vice President, Deputy General Counsel
& Secretary