**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

Hearing Date: January 15, 2009 at 1:30 p.m. (ET)
Objection Deadline: January 8, 2009 at 4:00 p.m. (ET)

**APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY AND RETAIN PAUL, HASTINGS, JANOFSKY & WALKER LLP AS SPECIAL COUNSEL FOR GENERAL REAL ESTATE AND RELATED MATTERS PURSUANT TO 11 U.S.C. § 327(e), *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the "Application") for entry of an order, in substantially the form attached hereto as Exhibit A, authorizing the Debtors to employ

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and retain the law firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings" or the "Firm") as their special counsel for general real estate and related matters pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), *nunc pro tunc* to the Petition Date (as defined herein). In support of the Application, the Debtors (i) submit (a) the Declaration of Richard A. Chesley (the "Chesley Declaration"), a copy of which is attached hereto as Exhibit B and incorporated herein by reference and (b) Paul Hastings' Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as Exhibit C and incorporated herein by reference; (ii) incorporate the statements contained in the Affidavit of Chandler Bigelow III in Support of First Day Motions (the "Bigelow Affidavit") filed on December 8, 2008; and (iii) further respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Court entered an order directing the joint administration and procedural consolidation of these chapter 11 cases.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner. On December 18, 2008, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in these cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

sought herein are sections 327(e) and 1107 of the Bankruptcy Code and rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND OF THE DEBTORS

5. Debtor Tribune Company ("Tribune") is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors. The Debtors operate businesses in publishing, interactive, and broadcasting. These operations are conducted through two business segments: (i) publishing and (ii) broadcasting and entertainment.

6. The Debtors' publishing segment currently operates eight (8) market leading daily newspapers and related businesses, distributes entertainment and syndicated content, and manages a 24-hour cable news channel. The Debtors are the nation's third largest newspaper publisher in terms of revenue and circulation. Daily newspapers published by the Debtors include the Los Angeles Times and the Chicago Tribune. The Debtors' publishing segment also manages the websites of their daily newspapers, television stations, and other branded sites targeting specific communities of interest. As of the Petition Date, the Debtors' publishing segment employed approximately 12,000 full-time equivalent employees.

7. The Debtors' broadcasting and entertainment segment includes 23 television stations, WGN America, WGN-AM, and the Chicago Cubs baseball team.[2] Through their television stations and WGN America, the Debtors' broadcasting and entertainment segment reaches more than 80% of television households in the United States. Thirteen (13) of the Debtors' stations are affiliates of The CW Television Network, America's "fifth" major broadcast network. Seven (7) are affiliates of Fox Broadcasting Network. As of the Petition

---

[2] The Debtors' subsidiaries that own the Chicago Cubs baseball operations and an interest in the broadcast network Comcast SportsNet Chicago, LLC are not Debtors in these cases.

Date, the Debtors' broadcasting and entertainment segment employed approximately 2,600 full-time equivalent employees.

8. The Debtors are based in the United States, with headquarters located in Chicago, Illinois. In fiscal year 2007, the Debtors and their non-debtor subsidiaries (collectively, the "Tribune Entities") recorded revenues of approximately $5.1 billion, resulting in net income of approximately $87.0 million. During this time, the publishing segment contributed approximately 72% of the Tribune Entities' revenue and the broadcasting and entertainment segment contributed approximately 28% of the Tribune Entities' revenue. Advertising revenue is the primary source of revenue for both the publishing and broadcasting and entertainment segments. For the quarterly period ended September 28, 2008, the consolidated financial statements of the Tribune Entities reported approximately $7.6 billion in total assets and approximately $13.9 billion in total liabilities.

## RELIEF REQUESTED

9. By this Application, the Debtors seek authorization to employ and retain Paul Hastings as their special counsel for general real estate matters and related matters in connection with these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date. In support of this Application, the Debtors submit (a) the Chesley Declaration and (b) the Disclosure of Compensation. The Debtors anticipate that Paul Hastings - which has been advising the Debtors on a series of complex real estate transactions and related real estate advice during the past year - will continue to advise the Debtors with respect to general real estate matters, as well as with respect to other related matters which may arise in these chapter 11 cases in the ordinary course of the Debtors' operations, or otherwise (collectively, "General Real Estate and Related Matters").

**PAUL HASTINGS' QUALIFICATIONS**

10. Paul Hastings is particularly qualified to serve as special counsel to represent the Debtors in connection with General Real Estate and Related Matters. Paul Hastings is one of the largest law firms in the world, with a national and international practice, and has substantial experience in those areas of law that it will be asked to assist on in these chapter 11 cases.

11. Paul Hastings is uniquely positioned to represent clients with a focus on subperforming, nonperforming and defaulted real estate and real estate related assets. Through several real estate cycles, with over 150 lawyers, Paul Hastings' Real Estate Group has continuously represented a range of buyers, sellers, and investors with respect to all forms of distressed and nonperforming real estate assets.

12. Paul Hastings' Restructuring Group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. The Group comprises approximately 90 attorneys practicing around the world. In roles ranging from debtor's counsel to committee counsel, Paul Hastings' lawyers have played a significant role in many of the largest and most complex cases under the Bankruptcy Code, including, among many others, the chapter 11 cases of Dana Corporation, Loewen Group International, Inc., Delta Air Lines Inc., Federated Department Stores, Allegheny Health, Education and Research Foundation, Northwest Airlines Corporation, Kmart Corporation, Imperial Home Décor Group Inc. and Kaiser Aluminum Corporation.

13. Paul Hastings is also especially qualified to represent the Debtors in connection with General Real Estate and Related Matters because it is intimately familiar with the Debtors' real estate assets, real estate transactions and business. In connection with various prepetition matters, Paul Hastings' professionals have worked closely with the Debtors'

management and other professionals and, as a result, have become well acquainted with the Debtors' history, operations, capital structure, real estate assets and transactions and related matters. Accordingly, Paul Hastings has developed substantial knowledge regarding the Debtors that will result in effective and efficient services in connection with the General Real Estate and Related Matters.

## SERVICES TO BE PROVIDED

14. The Debtors have also chosen Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel and Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their Delaware bankruptcy co-counsel. Sidley, Cole Schotz and Paul Hastings have advised the Debtors that they will make every effort to minimize duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice to the Debtors, Cole Schotz acting as Delaware bankruptcy co-counsel, and Paul Hastings focusing on General Real Estate and Related Matters. Sidley, Cole Schotz and Paul Hastings will confer on certain matters in order to minimize duplicative efforts and billing.

## COMPENSATION AND THE APPLICATIONS

15. Subject to the Court's approval of this Application, Paul Hastings intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date the services are rendered[3] and (b) seek reimbursement of actual and necessary out-of-pocket expenses. The names, positions and current hourly rates of the Paul Hastings lawyers and paraprofessionals currently expected to

---

[3] The hourly rates charged by Paul Hastings professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is resident.

have primary responsibility for providing services to the Debtors are set forth in the Chesley Declaration.[4]

16. Paul Hastings will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above. Paul Hastings intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the U.S. Trustee Guidelines and pursuant to any additional procedures that have been or may be established by the Court in these chapter 11 cases. Paul Hastings has agreed to accept as compensation such sums as may be allowed by the Court. Paul Hastings understands that interim and final fee awards are subject to approval by the Court.

## DISCLOSURE CONCERNING CONFLICTS OF INTEREST

17. Paul Hastings has further informed the Debtors that, as set forth in more detail in the Chesley Declaration and subject to any exceptions contained therein or in the schedules thereto, Paul Hastings does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which Paul Hastings is engaged. All information with respect to Paul Hastings' connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee is set forth in the Chesley Declaration.

---

[4] Paul Hastings' hourly rates may change from time to time in accordance with Paul Hastings' established billing practices and procedures.

18. Paul Hastings will conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates. To the extent any information disclosed herein or in the Chesley Declaration requires amendment or modification upon Paul Hastings' completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

19. The Debtors believe that it is necessary and in the best interest of their estates and creditors to employ and retain Paul Hastings as their special counsel to render professional services on their behalf in regard to the General Real Estate and Related Matters.

## NOTICE

20. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (vi) the administrative agents for the Debtors' prepetition loan facilities; (vii) the indenture trustee for the Debtors' prepetition notes; (viii) proposed counsel to the Official Committee of Unsecured Creditors; and (ix) all parties who have requested to receive notices in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

21. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, Debtors respectfully request that the Court enter an order (i) granting the relief requested herein, and (ii) such other and further relief as the Court deems just and proper.

Dated: December 26, 2008

By: _____
David P. Eldersveld
Vice President, Deputy General Counsel
& Secretary