**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: January 15, 2009 at 1:30 p.m. (ET) |
| | Objection Deadline: January 8, 2009 at 4:00 p.m. (ET) |

**APPLICATION FOR AN ORDER**
**AUTHORIZING DEBTORS AND DEBTORS IN**
**POSSESSION TO EMPLOY AND RETAIN REED SMITH LLP AS**
**SPECIAL COUNSEL FOR CERTAIN LITIGATION MATTERS PURSUANT**
**TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the "Application") for entry of an order, in substantially the form attached hereto, authorizing the Debtors to employ and retain the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 4520067v.1

law firm of Reed Smith LLP as their special counsel for insurance coverage legal matters pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), <u>nunc pro tunc</u> to the Petition Date (as defined herein). In support of the Application, the Debtors submit the Declaration of John Shugrue (the "<u>Shugrue Declaration</u>"), which is filed concurrently herewith and incorporated herein by reference. In further support of this Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner in these cases. On December 18, 2008, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in these chapter 11 cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

## BACKGROUND OF THE DEBTORS

5.  Debtor Tribune Company ("Tribune") is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors. The Debtors operate businesses in publishing, interactive, and broadcasting. These operations are conducted through two business segments: (i) publishing and (ii) broadcasting and entertainment.

6.  The Debtors' publishing segment currently operates eight (8) market leading daily newspapers and related businesses, distributes entertainment and syndicated content, and manages a 24-hour cable news channel. The Debtors are the nation's third largest newspaper publisher in terms of revenue and circulation. Daily newspapers published by the Debtors include the Los Angeles Times and the Chicago Tribune. The Debtors' publishing segment also manages the websites of their daily newspapers, television stations, and other branded sites targeting specific communities of interest. As of the Petition Date, the Debtors' publishing segment employed approximately 12,000 full-time equivalent employees.

7.  The Debtors' broadcasting and entertainment segment includes 23 television stations, WGN America, WGN-AM, and the Chicago Cubs baseball team.[2] Through their television stations and WGN America, the Debtors' broadcasting and entertainment segment reaches more than 80% of television households in the United States. Thirteen (13) of the Debtors' stations are affiliates of The CW Television Network, America's "fifth" major broadcast network. Seven (7) are affiliates of Fox Broadcasting Network. As of the Petition Date, the Debtors' broadcasting and entertainment segment employed approximately 2,600 full-time equivalent employees.

---

[2] The broadcasting and entertainment segment also includes the subsidiaries that own the Chicago Cubs baseball operations and an equity interest in regional sports network Comcast SportsNet Chicago, LLC, which are not Debtors in these cases.

8. The Debtors are based in the United States, with headquarters located in Chicago, Illinois. In fiscal year 2007, the Debtors and their non-debtor subsidiaries (collectively, the "Tribune Entities") recorded revenues of approximately $5.1 billion, resulting in net income of approximately $87.0 million. During this time, the publishing segment contributed approximately 72% of the Tribune Entities' revenue and the broadcasting and entertainment segment contributed approximately 28% of the Tribune Entities' revenue. Advertising revenue is the primary source of revenue for both the publishing and broadcasting and entertainment segments. For the quarterly period ended September 28, 2008, the consolidated financial statements of the Tribune Entities reported approximately $7.6 billion in total assets and approximately $13.9 billion in total liabilities.

## RELIEF REQUESTED

9. By this Application, the Debtors seek authorization to employ and retain Reed Smith as their special counsel for insurance coverage legal matters in connection with these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to the Petition Date. The Debtors anticipate that Reed Smith, including specifically Mr. Shugrue, who has been the Debtors' insurance coverage counsel since 2000, will provide legal advice and assistance on the following matters: (a) the purchase, placement, renewal and/or modification of various insurance policies and coverages, including without limitation D&O, Fiduciary Liability, Property, General Liability, Workers' Compensation, and Fidelity insurance policies; (b) implementation and performance of terms and conditions of settlement agreement between Tribune Company and Marsh USA, Inc., including advice and assistance concerning any disputes that may arise between the parties in connection with same; (c) pursuing various claims for payment by the estate of Reliance National Indemnity Company (in liquidation), including

4

possible litigation or other dispute resolution proceedings with respect to such claims; (d) pursuing claims against insurers with respect to loss suffered by Tribune Company in connection with newspaper circulation issues related to Newsday and Hoy; (e) pursuing and providing counsel with respect to claims submitted to various D&O and Fiduciary Liability insurers of Tribune Company related to newspaper circulation issues and third-party claims related to Newsday and Hoy; (f) providing ongoing advice and assistance with respect to insurance claims coverage, reporting and notice of claims to insurers, and otherwise protecting Tribune Company's rights and interests in connection with insurance claims; (g) pursuing insurance claims related to a third-party bodily injury lawsuit entitled Henderson v. Tribune Company, pending in the Circuit Court of Cook County, Illinois; (h) insurance-related terms and conditions of various contracts, transaction documents, or other agreements (collectively, the "Insurance Coverage Legal Matters").

10. The Debtors have selected Reed Smith, subject to the Court's approval, to serve as their special counsel to represent the Debtors in connection with Insurance Coverage Legal Matters. Mr. Shugrue of Reed Smith, through his prior representation of the Debtors, has become very familiar with the Debtors and their business affairs, and has gained extensive experience in most, if not all, aspects of the Debtors' insurance coverage legal work and needs. The Debtors believe that Reed Smith's continued representation of the Debtors, as discussed herein, is essential to the Debtors effectuating a successful chapter 11 reorganization and will provide a substantial benefit to the Debtors and their estates. Thus, the Debtors believe that Reed Smith is well qualified to represent the Debtors as their special counsel with respect to Insurance Coverage Legal Matters.

11. The Debtors have also chosen Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their bankruptcy co-counsel, and several other law firms as section 327(e) counsel and/or ordinary course professionals. The Debtors' management and legal department will continuously monitor all of the Debtors' professionals to ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner. Sidley, Cole Schotz and Reed Smith, in turn, have advised the Debtors that they will make every effort to minimize duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole Schotz acting as Delaware co-counsel for the Debtors, and Reed Smith advising the Debtors on Insurance Coverage Legal Matters, each consistent with their experience and expertise.

12. Subject to the Court's approval, Reed Smith will charge the Debtors for their legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. Reed Smith's billing rates currently range from $245 to $905 per hour for attorneys and from $105 to $315 per hour for para-professionals. These hourly rates are subject to adjustment on a periodic basis. Mr. Shugrue, who shall be primarily responsible for the representation has an hourly rate of $515.

13. In addition to the hourly rates set forth above, Reed Smith customarily charges its clients for all costs and expenses incurred in the rendition of services, including mail and express mail charges, special and hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses. Reed Smith

believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase its hourly rates and thereby spread the expenses among all clients.

14. Reed Smith has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable orders of this Court.

15. Reed Smith has further informed the Debtors that, as set forth in more detail in the concurrently filed Shugrue Declaration and subject to any exceptions contained therein or in the exhibits thereto, Reed Smith does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which Reed Smith is to be engaged pursuant to this Application. All information with respect to Reed Smith's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee is set forth in the Shugrue Declaration.

16. Reed Smith will represent creditors in this bankruptcy proceeding and will enter appearances on behalf of those various creditors when required. The Debtors have consented to Reed Smith's representation of such creditors, so long as those representations do not involve the Insurance Coverage Legal Matters and so long as any necessary waiver and screening procedures are established to ensure that none of the Debtors' or various creditors' client confidences are breached. Reed Smith will not represent any party adverse to the Debtors on Insurance Coverage Legal Matters.

7

17. Reed Smith will conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates in matters upon which Reed Smith is to be engaged pursuant to this Application. In this regard, Reed Smith will promptly amend the Shugrue Declaration to the extent that Reed Smith becomes aware of material information or relationships that it determines require further disclosure.

18. The Debtors believe that it is necessary and in the best interest of their estates and creditors to employ and retain Reed Smith as their special counsel to render professional services on their behalf in regard to Insurance Coverage Legal Matters.

## **LEGAL AUTHORITY**

19. Section 327(e) of the Bankruptcy Code provides:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. See id.; see also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

20. When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited

8

to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

21.  In the instant case, the retention of Reed Smith by the Debtors is in the best interests of the Debtors' estates, and satisfies all other standards for retention under sections 327(e) and 1107. Reed Smith has substantial experience in representing the Debtors with respect to the Insurance Coverage Legal Matters, which experience would be lost if the Application were denied. Moreover, as postpetition, non-bankruptcy matters similar to the Insurance Coverage Legal Matters involving the Debtors arise, Reed Smith's experience with the Debtors will enable it to act as counsel for the Debtors with minimal need to incur background or other costs to learn necessary information about the Debtors' businesses. Accordingly, the Debtors believe that it is necessary and in the best interests of their estates and creditors to employ and retain Reed Smith as their special counsel in regard to the Insurance Coverage Legal Matters.

## NOTICE

22.  Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v)

proposed counsel for the Official Committee of Unsecured Creditors; (vi) the administrative agents for the Debtors' prepetition loan facilities; (vii) the administrative agent for debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

23. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the Debtors to retain Reed Smith LLP as special counsel to the Debtors concerning Insurance Coverage Legal Matters in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to the Petition Date and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: December 26, 2008

                TRIBUNE COMPANY
                (for itself and on behalf of each Debtor)

By: David P. Eldersveld
Title: Vice President, Deputy General Counsel & Secretary