**EXHIBIT B**



## AMENDED LETTER OF AGREEMENT

December 22, 2008,

Mr. Gary Weitman
Senior Vice President, Corporate Relations
Tribune Company
435 N Michigan Ave, 6th Floor
Chicago, IL 60611

Dear Gary:

It is Edelman's policy to document in contractual form the terms under which it accepts client assignments. This amended letter, once signed by you, authorizes us to continue work providing corporate communications and investor relations counsel with respect to possible future initiatives on behalf of Tribune Company ("Client") under the following terms and conditions, which in some cases amend the prior terms and conditions for the Services (letter of agreement dated December 2, 2008).

Pre-payment.
Edelman shall bill upon Client's execution of this Agreement and Client shall pay a $50,000 per month retainer based on our transaction/crisis rates ("Retainer"). The billing for fees for the next month shall be done three weeks after the execution of this Agreement and during the third week of each billing month thereafter so that Client will have pre-paid the Retainer prior to Edelman beginning or continuing to perform any Services. The Retainer, as applicable, shall compensate Edelman for performance of the Services during the first month of the term following the execution of this Agreement and each subsequent month. Such amounts shall be retained by Edelman and shall be applied towards the payment of Edelman's invoices for fees and expenses hereunder. In the event the Retainer amount is at any time less than the fees and expenses incurred during any month or anticipated to be incurred in the following month, Client agrees to increase the amount so retained by Edelman. Edelman will provide you with a summary report on the hours incurred on this project. If necessary, Edelman may require a mutually agreed upon deposit amount applicable to the project hereunder.

Internal Expenses.
Such monthly billing shall also include billing for estimated internal expenses for the prior month. Internal expenses consist of local phone, fax, copier, postage, and the use of database and research tools including Bloomberg, BigDough, First Call and NewsPrompt.

Third Party Expenses.
Edelman will also bill you each month for actual out-of-pocket costs incurred on your behalf. We will endeavor to have out-of-pocket expenses billed directly to you by third-party vendors. Where this is not possible and you also cannot pre-pay such expenses, we will charge you a 10 percent (10%) service charge on any such out-of-pocket, third-party vendor expenses. This service charge does not apply to travel and entertainment expenses reimbursable to Edelman employees. Any advertising that Edelman may develop and place on your behalf will be invoiced and charged separately from this Agreement. Where direct billing by vendors and/or pre-payment



by you is not practicable, if payment is not received by Edelman within [five (5) days] of the invoice date, Edelman may, at its sole discretion, cancel the purchase related to such expense and Client shall pay Edelman for any related non-cancelable expenses.

Payments for fees and expenses are due and owing to Edelman no later than the invoice dates; provided, however, that, payments shall not be deemed late if received by Edelman within [five (5) days] of such invoice dates. If Client is late in paying any invoice, Edelman may, in its sole discretion, cease performing Services until Client had paid all outstanding invoices.

### Indemnification

Client shall defend, indemnify and hold Edelman harmless from and against any third-party liabilities, actions, claims, damages, judgments or expenses, including reasonable attorneys' fees and costs, (collectively "Claims") that arise out of or relate to: (i) information, statements or materials (including any Claims relating to intellectual property rights therein), prepared or provided by Client, that Client directed Edelman to use or that were approved by Client, including, without limitation, any Claims of infringement or misappropriation of copyright, trademark, patent, trade secret or other intellectual property or proprietary right, infringement of the rights of privacy or publicity, or defamation or libel  (ii) product liability or death, personal injury or property damage arising out of, or relating to, Client's acts or omissions or Client's products, services or equipment; and/or (iii) Client's gross negligence or willful misconduct.

Edelman shall defend, indemnify and hold Client harmless from and against any Claims that arise out of, or relate to Edelman's gross negligence or willful misconduct in performing the Services under this Agreement.

The indemnifying party's obligations under this Agreement are conditioned upon (i) the other party's giving prompt, written notice of a Claim; (ii) the indemnifying party having sole control of the defense and settlement of a Claim (provided that the indemnifying party may not settle any Claim in a manner that would adversely affect the other party's rights, reputation or interests without the other party's prior written consent, which shall not be unreasonably withheld); and (iii) the other party's cooperation with the indemnifying party, at the indemnifying party's expense, in the defense and settlement of the Claim, as the indemnifying party may reasonably request. The party seeking indemnification shall have the right to participate in the defense thereof with counsel of its choosing at its own expense.

In addition, in matters in which Edelman is not an adverse party, Client shall pay or reimburse Edelman for all reasonable staff time, attorneys' fees and expenses Edelman incurs in relation to subpoenas, depositions, discovery demands and other inquiries in connection with suits, proceedings, governmental, legislative or regulatory hearings, investigations or other civil or criminal proceedings in which Client is a party, subject or target. This Section shall survive termination or expiration of this Agreement.

This amended letter of agreement constitutes a single agreement, as well as the entire agreement with respect to the Services in connection with the project, supersedes any prior or contemporaneous agreement between the parties, whether written or oral, with respect to the Services in connection with the project, and may be modified or amended only by a writing signed by the party to be charged.

Please sign both copies of this letter, retaining the original for your files and returning the copy to us.



Yours truly,

DANIEL J. EDELMAN, INC.

By: _____

Name: Jeffrey R. Zilka

Title: Executive Vice President

To: Edelman

You are authorized to begin working for our account on the aforestated terms.

TRIBUNE COMPANY

By: _____          12-23-08
                                          Date

Name: GARY WEITMAN

Title: SVP / CORPORATE RELATIONS

### Transaction/Crisis Rates

| Title | Hourly Rates |
|---|---|
| Global Managing Director | 700 |
| Executive Vice President/DGM | 550 |
| Senior Vice President | 435 |
| Vice President | 375 |
| Senior Account Supervisor | 320 |
| Account Supervisor | 225 |
| Senior Account Executive | 205 |
| Account Executive | 185 |
| Assistant Account Executive | 175 |
| Administrative Assistant | 95 |