# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of the above-captioned Debtors for entry of an order,

authorizing the employment and compensation of certain professionals utilized in the ordinary

course of the Debtors' business operations; and upon consideration of the Motion and all

pleadings related thereto; and the Court finding that (a) the Court has jurisdictions over this

matter pursuant to 20 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

meaning of 20 U.S.C. § 157(b)(2), and (c) notice of this Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtors are authorized to retain, employ, and compensate the Ordinary Course Professionals to assist and advise the Debtors in the day-to-day operations of their business; and it is further

ORDERED, that, following the submission by an Ordinary Course Professional of (i) an OCP Affidavit and (ii) a monthly invoice setting forth in reasonable detail the nature of the services rendered by such Ordinary Course Professional, the Debtors shall be authorized to pay, without the requirement of Court approval, 100% of the postpetition fees and expenses incurred by such Ordinary Course Professional, provided that the fees incurred by such Ordinary Course Professional (excluding expenses) do not exceed the Monthly Cap applicable to such Ordinary Course Professional (as set forth on Exhibit A to the Motion, as such Exhibit may be updated from time to time) per month on average over the prior rolling three-month period; and it is further

ORDERED, that, in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the monthly cap set forth in the proceeding paragraph, such Ordinary Course Professional shall be required to seek this Court's approval of all such fees in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and applicable orders of this Court; and it is further

ORDERED, that each Ordinary Course Professional shall file with the Court and serve upon (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors; (iv) the administrative agent for the Debtors' prepetition loan facilities; and (v) the administrative agent for the Debtors' postpetition loan facility (collectively, the "Notice Parties") an OCP Affidavit, in substantially the form attached the the Motion as Exhibit B, on or before the later of (i) 30 days after the entry of an order by this Court granting the Motion; or (ii) thirty (30) days from commencing post-petition services to the Debtors; and it is further

ORDERED, that the Notice Parties shall have ten (10) days after the receipt of each OCP Affidavit (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional; and it is further

ORDERED, that, any objecting party shall serve any such objection upon each of the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline, and if any such objection cannot be consensually resolved within ten (10) days of its receipt by the Debtors, the objection shall be scheduled for a hearing before the Court at the next regularly scheduled omnibus hearing date or such other date otherwise agreeable to the parties thereto; and it is further

ORDERED, that, if no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to employ and compensate such Ordinary Course Professionals in accordance with the OCP Procedures; and it is further

ORDERED, that, unless a plan of reorganization of the Debtors has become effective prior to such date, commencing on March 31, 2009, and on a quarterly basis thereafter,

the Debtors shall file with the Court and serve upon the Notice Parties a statement that includes

the following information for each Ordinary Course Professional: (a) the name of the Ordinary

Course Professional; (b) the aggregate amounts paid as compensation for services rendered and

reimbursement of expenses incurred by such Ordinary Course Professional during the previous

quarter; and (c) a general description of the services rendered by such Ordinary Course

Professional during the previous quarter; and it is further

   ORDERED, that the Debtors may supplement the list of Ordinary Course

Professionals in Exhibit A to the Motion from time to time, in their discretion, as necessary to

add or remove Ordinary Course Professionals or to increase or decrease the Monthly Caps

applicable to particular Ordinary Course Professionals, without the need for further Court

approval; provided, however, that the Monthly Cap for any Ordinary Course Professional whose

Monthly Cap on Exhibit A originally filed with the Motion is $35,000 or less shall not be

permitted to have their Monthly Cap increased above $35,000 without further order of the Court;

and it is further

   ORDERED, that, in the event the Debtors supplement the list of Ordinary Course

Professionals, the Debtors will file a supplemental list of Ordinary Court Professionals with this

Court and serve it on the Notice Parties, and if no objection is received from any of the Notice

Parties by the Objection Deadline with respect to the supplemental list of Ordinary Course

Professionals, the Debtors shall be authorized to employ and compensate such additional

Ordinary Course Professionals in accordance with the OCP Procedures; and it is further

   ORDERED, that, in the event any Ordinary Course Professional exceeds or

expects to exceed the Monthly Cap on an ongoing basis, the Debtors may immediately to seek

the retention of such Ordinary Course Professional by separate application pursuant to the relevant provision(s) of the Bankruptcy Code and applicable orders of this Court; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009


_____
The Honorable Kevin J. Carey