**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>Hearing Date: February 3, 2009 at 10:00 a.m.<br>Objection Deadline: January 27, 2009 at 4:00 p.m. |

**APPLICATION OF DEBTORS FOR AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
**AS CO-COUNSEL TO THE DEBTORS PURSUANT TO 11 U.S.C. § 327(a)**
*NUNC PRO TUNC* **TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the "Application") for entry of an order authorizing the employment and retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as general reorganization and bankruptcy co-counsel for the Debtors pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

sections 327(a) and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), *nunc pro tunc* to the Petition Date. In support of this Application, the Debtors have relied on the affidavit of Norman L. Pernick ("Pernick Affidavit"), a copy of which is attached hereto as Exhibit A. In further support of the relief sought in the Application, the Debtors respectfully represent as follows:

## Status Of The Case And Jurisdiction

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)(1), consisting of the following members: JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, Deutsche Bank Trust Company of Americas, as Indenture Trustee, Warner Bros. Television, Vertis, Inc., William Niese, Pension Benefit Guaranty Corporation and Washington-Baltimore Newspaper Guild, Local 32035. On December 30, 2008, Wilmington Trust Company, as successor Indenture Trustee, was added to the Committee.

4. No request has been made for the appointment of a trustee or examiner.

5.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 327(a) and 1107 of the Bankruptcy Code.

## Background Of The Debtors

6.  Debtor Tribune Company ("<u>Tribune</u>") is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors. The Debtors operate businesses in publishing, interactive, and broadcasting. These operations are conducted through two business segments: (i) publishing and (ii) broadcasting and entertainment.

7.  The Debtors' publishing segment currently operates eight (8) market leading daily newspapers and related businesses, distributes entertainment and syndicated content, and manages a 24-hour cable news channel. The Debtors are the nation's third largest newspaper publisher in terms of revenue and circulation. Daily newspapers published by the Debtors include the <u>Los Angeles Times</u> and the <u>Chicago Tribune</u>. The Debtors' publishing segment also manages the websites of their daily newspapers, television stations, and other branded sites targeting specific communities of interest. As of the Petition Date, the Debtors' publishing segment employed approximately 12,000 full-time equivalent employees.

8.  The Debtors' broadcasting and entertainment segment includes 23 television stations, WGN America, WGN-AM, and the Chicago Cubs baseball team.[2] Through its television stations and WGN America, the Debtors' broadcasting and entertainment segment reaches more than 80 percent of television households in the United States. Thirteen (13) of the Debtors' stations are affiliates of The CW Television Network, America's "fifth" major

---

[2] The broadcasting and entertainment segment also includes the subsidiaries that own the Chicago Cubs baseball operations and an equity interest in regional sports network Comcast SportsNet Chicago, LLC, which are not Debtors in these cases.

3

broadcast network. Seven (7) are affiliates of Fox Broadcasting Network. As of the Petition Date, the Debtors' broadcasting and entertainment segment employed approximately 2,600 full-time equivalent employees.

9. The Debtors are based in the United States, with headquarters located in Chicago, Illinois. In fiscal year 2007, the Debtors and their non-debtor subsidiaries (collectively, the "Tribune Entities") recorded revenues of approximately $5.1 billion, resulting in net income of approximately $87.0 million. During this time, the publishing segment contributed approximately 72% of the Tribune Entities' revenue and the broadcasting and entertainment segment contributed approximately 28% of the Tribune Entities' revenue. Advertising revenue is the primary source of revenue for both the publishing and broadcasting and entertainment segments. For the quarterly period ended September 28, 2008, the consolidated financial statements of the Tribune Entities reported approximately $7.6 billion in total assets and approximately $13.9 billion in total liabilities.

## Relief Requested

10. By this Application, the Debtors seek authority to employ and retain Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz" or the "Firm") as their bankruptcy co-counsel with respect to the filing and prosecution of their chapter 11 cases. For the reasons set forth below, the Debtors desire to retain Cole Schotz as section 327(a) co-counsel *nunc pro tunc* to the Petition Date.

**Cole Schotz's Qualifications**

11. The Debtors seek to retain Cole Schotz as their co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and because Cole Schotz is familiar

4

with the Debtors' business. In preparing for these chapter 11 cases, Cole Schotz has become familiar with the Debtors' business and affairs and with many of the potential legal issues which may arise in the context of these cases. Accordingly, the Debtors believe that Cole Schotz is well-qualified and uniquely able to represent them in these chapter 11 cases in an efficient and timely manner.

12.  The Debtors have also filed an application to retain the law firm of Sidley Austin LLP ("Sidley") to act as their bankruptcy co-counsel in these chapter 11 cases. Sidley does not maintain an office in the State of Delaware, and the Debtors are required to retain Delaware counsel. Cole Schotz's and Sidley's bankruptcy lawyers have worked together on matters in the past and have conferred about their respective roles in these cases in order to avoid duplication of effort.

**Services To Be Provided**

13.  The Debtors contemplate that the legal services to be rendered by Cole Schotz will include, but shall not be limited to, the following:

   a. advising the Debtors of their rights, powers and duties as debtors in possession;

   b. advising the Debtors regarding matters of bankruptcy law;

   c. representing the Debtors in proceedings and hearings in the United States Bankruptcy Court for the District of Delaware;

   d. preparing on behalf of the Debtors any necessary motions, applications, orders, responses, and other legal papers;

   e. providing assistance, advice, and representation concerning the confirmation of any proposed plan(s) and solicitation of any acceptances or responding to objections to such plan(s);

   f. advising the Debtors concerning, and assisting in the negotiation and documentation of, financing agreements, debt restructurings, cash collateral arrangements, and related transactions;

g. providing assistance, advice, and representation concerning any possible sale of the Debtors' assets;

h. reviewing the nature and validity of liens asserted against the property of the Debtors and advising the Debtors concerning the enforceability of such liens;

i. providing assistance, advice and representation concerning any further investigation of the assets, liabilities, and financial condition of the Debtors that may be required under local, state, or federal law;

j. prosecuting and defending litigation matters and such other matters that might arise during these chapter 11 cases;

k. providing counseling and representation with respect to assumption or rejection of executory contracts and leases, sales of assets, and other bankruptcy-related matters arising from these cases;

l. rendering advice with respect to general corporate and litigation issues relating to these cases, including, but not limited to, securities, corporate finance, tax, and commercial matters;

m. preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

n. performing such other legal services as may be necessary and appropriate for the efficient and economical administration of these chapter 11 cases.

As noted above, Cole Schotz will work with Sidley to avoid duplication of effort in providing services to the Debtors.

**Payment Of Fees And Expenses**

14. The current rates of Cole Schotz members, associates and paralegals are as follows:

| | |
|---|---|
| Partners and Special Counsel | $300.00 to $675.00 per hour |
| Associates | $150.00 to $365.00 per hour |
| Paralegals | $135.00 to $220.00 per hour |

The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Cole Schotz has informed the

6

Debtors that its hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

15. In addition to the hourly rates set forth above, it is Cole Schotz's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier (outgoing only) toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of 10¢ per page, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Cole Schotz will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and the Local Rules.

16. The Debtors submit that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Cole Schotz in accordance with the rules and orders of the Court.

17. Cole Schotz was retained by Debtors in connection with the preparation and filing of these chapter 11 cases. Prior to the Petition Date, Cole Schotz received an initial retainer from the Debtors in the amount of $200,000, and an additional retainer in the amount of $214,290, for a total received of $414,290 for the planning, preparation of documents and its proposed post-petition representation of the Debtors, and for the petition filing fees (in the amount of $115,329). Of the retainer amount, $43,211.65 was applied to pay pre-petition fees and expenses incidental to the preparation and filing of these cases, and $115,329 in designated filing fees was used to pay the actual filing fees. The remaining $255,749.35 constitutes an advance security

7

retainer to be applied against Cole Schotz's allowed fees and expenses, as permitted by the Court.

18. A statement of the compensation paid for services rendered by Cole Schotz in the one year period preceding the Petition Date, and the source of such compensation, is set forth in the Pernick Affidavit.

**Cole Schotz's Disclosures Regarding Retention By The Debtors**

19. The standard for a debtor-in-possession to employ attorneys as general bankruptcy counsel is set forth in Sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Third Circuit. Those sections provide that a debtor-in-possession, with the Court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a); 11 U.S.C. § 1107; see also In re BH&P, Inc., 949 F.2d 1300, 1314 (3d Cir. 1991) (citing In re Star Broadcasting, Inc., 81 B.R. 835, 838 (Bankr. D.N.J. 1988) (for counsel to be retained, "counsel must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person.'). A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason. See 11 U.S.C. § 101(14)(e). In general, however, subject to the requirements of section 327(a) and 1107, a debtor-in-possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

20. As described in detail in the attached Pernick Affidavit, Cole Schotz has conducted an extensive search of its conflict database with respect to the Debtors and a voluminous list of parties in interest and potential parties in interest in these chapter 11 cases.

See Pernick Affidavit at ¶ 5. The scope of that conflicts search is set out on Exhibit 1 to the Pernick Affidavit and the results of the conflicts search are set forth on Exhibit 2 to the Pernick Affidavit. Based on the results of that conflicts search, Cole Schotz has informed the Debtors that, as set forth in more detail in the concurrently filed Pernick Affidavit and subject to any explanations and/or exceptions contained therein, Cole Schotz (a) does not hold or represent any interest adverse to the Debtors' estates, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

21.    Cole Schotz has informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Cole Schotz will supplement its disclosure to the Court.

22.    Cole Schotz has informed the Debtors that it has not shared or agreed to share any compensation received in connection with these chapter 11 cases with any entity other than its members, counsel or associates in accordance with section 504(b) of the Bankruptcy Code.

### Notice

23.    Notice of this Application has been given to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) proposed counsel for the Committee; (vi) the administrative agents for the Debtors' prepetition and post-petition loan facilities; (vii) the indenture trustee for the Debtors' prepetition notes; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**WHEREFORE,** based on the facts and disclosures above, the Debtors respectfully request that the Court enter an Order, substantially in the form submitted herewith, (i) granting the Application and authorizing the Debtors to employ Cole Schotz as their bankruptcy co-counsel pursuant to section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, on the terms and conditions set forth in this Application; and (ii) granting such other and further relief as may be just and proper.

Dated: January 7, 2009

Respectfully submitted,

TRIBUNE COMPANY
(for itself and on behalf of each Debtor)

By: _____
David P. Eldersveld
Vice President, Deputy General Counsel
& Secretary