# **EXHIBIT 2**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. _____ |

### ORDER APPROVING STIPULATION BY AND BETWEEN DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS EXTENDING TIME FOR RECONSIDERATION OF FIRST DAY ORDERS PURSUANT TO DEL. BANKR. L. R. 9013-1(m)(v)

Upon the Stipulation by and Between Debtors and Official Committee of Unsecured Creditors Extending Time for Reconsideration of First Day Orders Pursuant to Del. Bankr. L. R. 9013(m)(v), a copy of which is attached hereto as Exhibit A (the "Stipulation");[2] the Court having reviewed the Stipulation, and the Court finding that: (i) jurisdiction is appropriate over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper under 28 U.S.C. §§

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation.

698.001-23830

1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Stipulation is in the best interest of the Debtors' estates, its creditors, and the Committee; and (v) sufficient cause appearing therefor; it is hereby:

  ORDERED that the Stipulation is hereby APPROVED; and it is further

  ORDERED that this Court retains jurisdiction over any and all matters or disputes with respect to any of the relief granted in this Order.

Dated: January ___, 2009
   Wilmington, Delaware

                     The Honorable Kevin J. Carey
                     Chief United States Bankruptcy Judge

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

## STIPULATION BY AND BETWEEN DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS EXTENDING TIME FOR RECONSIDERATION OF FIRST DAY ORDERS PURSUANT TO DEL. BANKR. L. R. 9013-1(m)(v)

This stipulation (the "**Stipulation**") is entered into by and among Tribune Company, et al., the above captioned debtors and debtors in possession (collectively, the "**Debtors**"), and the Official Committee of Unsecured Creditors of Tribune Company, et al., (the "**Committee**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

5261545_1.DOC

## RECITALS

A. WHEREAS, these chapter 11 cases were commenced on December 8, 2008 (the "**Petition Date**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

B. WHEREAS, on December 10, 2008, the Court entered certain "First Day Orders," including the following:

    (i)    Order Directing Joint Administration of Chapter 11 Cases [Docket No. 43];

    (ii)    Order Authorizing the Debtors and Debtors in Possession to Retain and Employ Epiq Bankruptcy Solutions, LLC as Claims, Noticing, and Balloting Agent as of the Petition Date [Docket No. 44];

    (iii)    Order Authorizing, but not Directing, the Debtors to Pay Prepetition Claims of Shippers and Lien Claimants [Docket No. 45];

    (iv)    Order Authorizing the Debtors to (I) Pay Installments Under Prepetition Insurance Premium Finance Arrangement, (II) Continue Prepetition Liability and Property Insurance Programs and (III) Pay all Prepetition Obligations in Respect Thereof [Docket No. 46]

    (v)    Order Authorizing, but not Directing the Payment of Certain Prepetition Sales, Use, Franchise and Property Taxes, Licensing Fees, and Similar Obligations [Docket No. 49];

    (vi)    Order Authorizing, But Not Requiring, the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business [Docket No. 50];

    (vii)    Order (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Contractors and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions Were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers' Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and

|        | (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn on the Debtors' Payroll Accounts to Make the Foregoing Payments [Docket No. 53]; |
|--------|---|
| (viii) | Order (I) Approving Cash Management Systems, (II) Authorizing Use of Prepetition Bank Accounts and Business Forms, (III) Waiving the Requirements of 11 U.S.C. Section 345(b) on an Interim Basis, and (IV) Granting Administrative Expense Status to Postpetition Intercompany Transactions [Docket No. 56]; |
| (ix)   | Order Granting the Debtors' Motion Authorizing, But Not Requiring, The Debtors to Continue to Operate in the Ordinary Course, Including Payment of Pre-Petition Date Claims, With Respect to Brokers [Docket No. 59]; |
| (x)    | Order Granting the Debtors' Motion for (I) an Order Authorizing, on an Emergency Basis, Payment of Certain Prepetition Claims of Critical Vendors and (II) an Order Authorizing, but not Directing, After Notice and a Hearing, the Debtors to Pay Certain Obligations Arising in Connection with Goods Received by the Debtors Within the Twenty Day Period Before the Petition Date [Docket No. 60]; |
| (xi)   | Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (II) Deeming Utility Providers Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Adequate Assurance of Payment [Docket No. 61]; and |
| (xii)  | Order Authorizing the Debtors and Barclays Bank PLC to File Under Seal Certain Fee Letters [Docket No. 62] |

(collectively, the "**First Day Orders**").

C. WHEREAS, pursuant to Local Rule 9013-1(m)(v), the date for any party-in-interest to seek reconsideration of the First Day Orders is January 9, 2009 (the "**First Day Order Reconsideration Period**").

D. WHEREAS, at the request of the Committee, and with permission of the Court, certain matters were adjourned, including the Debtors' requests for entry of final orders with respect to certain of the First Day Orders, from January 5, 2008 to January 15, 2009. As a

consequence of the adjournment, there is no hearing scheduled prior to the expiration of the First Day Order Reconsideration Period.

E. WHEREAS, in order to provide the Committee additional time to review the facts and circumstances surrounding the entry of the First Day Orders, and to obviate the need for the Committee to seek reconsideration of the First Day Orders prior to the expiration of the First Day Order Reconsideration Period, the Debtors have agreed to extend the First Day Order Reconsideration Period solely for the Committee on the terms set forth herein.

## STIPULATION

NOW, THEREFORE, based on the foregoing, the Debtors and Committee hereby stipulate and agree as follows:

1. Solely with respect to the Committee, and not for any other party-in-interest, the First Day Order Reconsideration Period shall be and hereby is extended to (a) January 15, 2009 with respect to First Day Orders for which final relief has been entered and (b) the date of the final hearing with respect to First Day Orders for which interim relief was entered subject to a final hearing (together the "**Extended First Day Order Reconsideration Period**").

2. Pursuant to and consistent with Local Rule 9013-1(m)(v), to the extent the Committee seeks reconsideration of any First Day Order within the Extended First Day Order Reconsideration Period, the burden of proof with respect to the appropriateness of the First Day Order subject to reconsideration shall remain with the Debtors, notwithstanding the Court's prior entry of such First Day Order.

3. Prior to filing any pleadings seeking reconsideration of any of the First Day Orders, the Committee shall advise the Debtors of such intention and meet and confer in a good faith effort to consensually resolve the issue(s).

4.     This Stipulation shall not prejudice the Committee's right, if any, to object, on or before January 12, 2009 at 6:00 p.m. (Eastern Time) to the entry of a final order with respect to any interim order entered or interim relief granted in the Debtors' cases, except that, the Committee shall have until January 27, 2009 at 4:00 p.m. (Eastern Time) to object to the Motion of the Debtors for an Order (I) Approving Cash Management Systems, (II) Authorizing Use of Prepetition Bank Accounts and Business Forms, (III) Waiving the Requirements of 11 U.S.C. § 345(b) on an Interim Basis, and (IV) Granting Administrative Expense Status to Postpetition Intercompany Transactions.

5.     This Stipulation represents the entire agreement among the Debtors and the Committee hereto with respect to the subject matter hereof. This Stipulation supersedes any and all prior or contemporaneous oral and written agreements and discussions among the parties hereto with respect to the subject matter of this Stipulation.

6.     This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, when taken together, shall be one and the same Stipulation. A facsimile or .pdf of any party's signature to this Stipulation shall be treated as an original for all purposes of this Stipulation and shall be fully effective to bind such party to the terms of this Stipulation.

7.     The Bankruptcy Court shall retain shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

Dated: January __, 2009
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
Douglas E. Deutsch
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Proposed Counsel to the Official
Committee of Unsecured Creditors*

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

/s/ illegible
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Proposed Counsel to the Debtors and Debtors in Possession*