# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: February 3, 2009 at 10:00 a.m.<br>Objection Deadline: January 27, 2009 at 4:00 p.m. |

## MOTION FOR AN ORDER GRANTING DEBTORS ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(A) OR TO SEEK A MODIFICATION OF SUCH REPORTING REQUIREMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(D)

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order granting the Debtors additional time to file their reports of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

financial information on entities in which a chapter 11 estate holds a controlling or substantial interest (the "Rule 2015.3 Reports") or to seek a modification of such reporting requirement for cause. In support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner in these cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 1107 and 1108 of the Bankruptcy Code, Rules 2015.3 and 9006(b) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 9006(b) and Local Rule 9006-2, granting the Debtors additional time to file their Rule

2015.3 Reports or to file a motion with this Court seeking a modification of such reporting requirement for cause, pursuant to Rule 2015.3(d). Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the time in which the Debtors may file the Rule 2015.3 Reports to the date of the hearing on this Motion.

## BASIS FOR RELIEF REQUESTED

6. Pursuant to Bankruptcy Rule 9006(b)(1), this Court may, "for cause shown" enlarge the period of time within which an act is required to be done. Fed. R. Bankr. P. 9006(b)(1). Cause exists to extend the deadline for the filing of the Debtors' Rule 2015.3 reports as requested herein based on (i) the size and complexity of the Debtors' businesses and the number of entities in which the Debtors' chapter 11 estates hold a controlling or substantial interest; and (ii) the substantial burdens imposed by compliance with new Rule 2015.3(a) on the Debtors' reorganization efforts.

7. Tribune Company is the nation's largest employee-owned media company, operating businesses in the publishing, broadcasting and entertainment segments. The Tribune corporate family is comprised of nearly 130 entities, 111 of which are Debtors in these chapter 11 cases. In addition, Tribune and certain of its subsidiaries have equity interests (which are generally minority interests) in various joint venture businesses in which the Debtors may have a qualifying "substantial" interest under this new rule.

8. At this time, the Debtors estimate that there may be upwards of 30 entities in which the Debtors' estates hold a substantial or controlling interest within the meaning of Rule 2015.3(d). These entities include a number of complex and sizeable businesses, such as the several corporate entities that comprise the Chicago Cubs baseball team of the National League. In addition, those entities include a number of joint ventures in which one or more of the Debtors

may have more than a 20% interest – hence triggering application of Rule 2015.3 – but may not have sole discretion to disseminate information concerning the business. Assembling and compiling the financial reports of the value, operations, and profitability of these various entities in the very brief period of time permitted by Rule 2015.3, would be a physical impossibility. Moreover, doing so may implicate (and violate) various third party governing and other agreements. Accordingly more time is needed not just to be in a position to meet the Rule's requirements, but also to assess the impact of the Rule's application on the many potentially qualifying non-Debtor entities.

9. This situation is exacerbated by the concurrent requirement for the Debtors to prepare and file their Schedules of Assets and Liabilities and Statements of Financial Affairs, as well as the process of transitioning the Debtors' businesses into chapter 11. These tasks have imposed substantial burdens on the Debtors' management, personnel, and advisers in addition to the day-to-day operations of the Debtors' business.

10. The Debtors and their financial advisors are in the process of evaluating the extent to which cause exists for this Court to vary the reporting requirement established by this new Rule, as contemplated by subdivision 2015.3(d). The factors under consideration by the Debtors include the number of entities and the complexity of their business operations, the time and resources that must be devoted by the Debtors' financial advisors and other professionals to collect, analyze, and present the Rule 2015.3 Reports as prescribed in new Official Form 26, the costs to the Debtors' estates, the availability of such information from the Debtors and from publicly available sources, and the impact of such Reports on third party agreements. Accordingly, the Debtors respectfully request that the Court extend, through and including February 16, 2009, the time in which the Debtors must file their Rule 2015.3 Reports or to file a

motion with this Court seeking an appropriate modification, waiver, or request for protection of the information under section 107 of the Bankruptcy Code.

11.    The relief requested herein will not prejudice any party in interest. The Debtors have been working cooperatively with the Office of the United States Trustee, the Committee, their lenders, their professionals, and other constituents to provide access to the Debtors' books and records, including disclosures relating to the Debtors' non-Debtor affiliates. The Debtors and their professionals are also working diligently to complete their Schedules and Statements of Financial Affairs, which will provide considerable information on the Debtors' business operations and financial position to all parties in interest.

12.    Subject to their ongoing review and evaluation of the various reporting requirements, the Debtors reserve the right to supplement this motion.

## NOTICE

13.    Notice of this Motion is being provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) proposed counsel for the Committee; (vi) the administrative agent for the Debtors' prepetition loan facilities; (vii) the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustee for the Debtors' prepetition notes; and (ix) all parties having requested notices in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

14. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the deadline to file the Rule 2015.3 Reports or to seek a modification of such reporting requirement for cause, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       January 12, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. McClelland
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ 
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION