# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to D.I. 12 and 59 |

## SUPPLEMENTAL STATEMENT IN SUPPORT OF DEBTORS' REQUEST FOR AUTHORITY, BUT NOT DIRECTION, TO PAY INDIVIDUAL EMPLOYEE SALES REPRESENTATIVES IN EXCESS OF $10,950 CAP

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby file this supplemental statement (the "Supplemental Statement") in support of the Debtors' request for authority, but not direction, to pay individual

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 4537102v.2

Employee Sales Representatives[2] in excess of the $10,950 Cap (as defined below). In further support of this request, the Debtors respectfully state as follows:

1. On December 8, 2008 (the "Petition Date"), the Debtors filed the Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 363(b) and 363(c)(1) Authorizing, But Not Requiring, the Debtors to Continue to Operate in the Ordinary Course, Including Payment of Prepetition Date Claims, With Respect to Brokers [D.I. 12] (the "Motion"). Included within the Motion was a request for authority to pay pre-Petition Date commissions to approximately 1,651 Employee Sales Representatives that solicit new advertising agreements and contracts for the Debtors.

2. In response to a request made by the Office of the United States Trustee (the "US Trustee"), the Debtors agreed to limit the relief that they were seeking under the Motion on a "first day" basis with respect to individual Employee Sales Representatives. For these individuals, the Debtors agreed to seek on a "first day" basis to pay only prepetition amounts owed to such individuals in an amount not to exceed $10,950 as set forth in 11 U.S.C. §§ 507(a)(4) and (a)(5), after excluding (a) health care programs, long-term disability, and workers compensation, and (b) vacation time that is actually taken by the Employee Sales Representative by receiving continued pay during vacation leave rather than through any lump sum cash out of accrued vacation time, and vacation time that is required to be cashed out under applicable state law (the "10,950 Cap"). The US Trustee and Debtors further agreed that payment of any prepetition amounts in excess of the $10,950 Cap would be considered at a subsequent hearing scheduled by the Court.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms by the Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 363(b) and 363(c)(1) Authorizing, But Not Requiring, the Debtors to Continue to Operate in the Ordinary Course, Including Payment of Prepetition Date Claims, With Respect to Brokers [D.I. 12].

2

3. On December 10, 2008, the Court entered an order granting the relief requested by the Motion, as modified, and scheduled a hearing for January 5, 2009 to consider the Debtors' request to pay Employee Sales Representatives in excess of the $10,950 Cap. At the request of the Official Committee of Unsecured Creditors (and with the agreement of the Debtors and the US Trustee), the hearing to consider the Debtors' request was postponed to January 15, 2009.

4. The Debtors have reviewed their books and records in order to determine the estimated number of individual Employee Sales Representatives owed prepetition amounts in excess of the $10,950 Cap and the amounts owed to such individuals. Based upon this review, the Debtors believe that approximately 55 individual Employee Sales Representatives are owed prepetition amounts over the $10,950 Cap. The prepetition amounts owed to these Employees that exceed the cap total, in the aggregate, approximately $350,000 and are on account of commission compensation. As fully set forth in the Motion, the maintenance of the Debtors' relationship with their sales force is essential to the Debtors' operations and those individuals owed in excess of the $10,950 Cap are among the best Sales Representatives in the Debtors' sales force. Accordingly, for all of the reasons set forth in the Motion, it is in the best interests of all parties in interests in these cases that the Debtors be granted authority to pay amounts to Employee Sales Representatives in excess of the $10,950 Cap. The Debtors have provided substantial additional information concerning the relief described herein to the Official Committee of Unsecured Creditors and understand that the Official Committee of Unsecured Creditors has no objection.

WHEREFORE, the Debtors respectfully request that the Court enter an order in the form attached hereto as <u>Exhibit A</u> (i) authorizing the Debtors to pay, in their discretion, prepetition amounts owed to Employee Sales Representatives amounts that exceed the $10,950 Cap, and (ii) granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware  
January 13, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
James F. Conlan  
Jessica C.K. Boelter  
Kerriann S. Mills  
One South Dearborn Street  
Chicago, IL  60603  
Telephone:  (312) 853-7000  
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
1000 N. West Street, Suite 1200  
Wilmington, DE  19801  
Telephone:  (302) 652-3131  
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR  
DEBTORS AND DEBTORS IN  
POSSESSION

4