**Exhibit 1**

**Third Omnibus Amendment**

## THIRD OMNIBUS AMENDMENT

This THIRD OMNIBUS AMENDMENT, dated as of January 13, 2009 (this "Amendment"), is by and among TRIBUNE RECEIVABLES, LLC, as Borrower (the "Borrower"), TRIBUNE COMPANY, as Servicer (in such capacity, the "Servicer"), as Parent (the "Parent") and as a Guarantor, the subsidiaries of Parent party hereto as Sub-Originators (the "Sub-Originators") and as Guarantors, BARCLAYS BANK PLC, as a committed lender (in such capacity, the "Lender"), as a funding agent in such capacity, the "Funding Agent") and as the administrative agent (in such capacity, the "Administrative Agent").

### BACKGROUND

1.  Borrower, Servicer, the Lender, the Funding Agent and the Administrative Agent are parties to that certain Receivables Loan Agreement, dated as of July 1, 2008 (as heretofore amended, the "RLA").

2.  The Parent, the Servicer, the Sub-Originators and the Borrower are parties to that certain Receivables Purchase Agreement and Servicing Agreement, each dated as of July 1, 2008 (as heretofore amended, the "RPA" and "Servicing Agreement").

3.  The parties hereto desire to amend the RLA and the Servicing Agreement in certain respects as set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

SECTION 1. Definitions. Capitalized terms used in this Amendment and not otherwise defined herein shall have the meanings assigned thereto in the RLA.

SECTION 2. Amendment to RLA.

(a) Clause 1.1 of the RLA is hereby amended by adding the following new defined term, immediately following the term "Post-Petition Omnibus Amendment":

> "Post-Petition PDT Debt" means "PDT Debt" as defined in the Senior Credit Agreement as in effect on December 8, 2008, to the extent such PDT Debt is incurred after the filing of the Chapter 11 Cases.

(b) Paragraph (c) of Clause 7.2 of the RLA is hereby deleted in its entirety and the following paragraph (c) is hereby substituted therefor:

> "(c) any holder of Post-Petition PDT Debt shall demand payment thereof, or any Post-Petition PDT Debt is paid, declared to be due or otherwise becomes due,".

SECTION 3. Amendment to Servicing Agreement". Paragraph (g) in Clause 2.3 of the Servicing Agreement is hereby deleted in its entirety and the following paragraph (g) is hereby substituted therefor:

> "(g) Post-Petition PDT Debt. The Servicer shall furnish or cause to be furnished to each Funding Agent (i) as soon as possible and in any event within one Business Day after the occurrence thereof, notice that any holder of Post-Petition PDT Debt shall demand payment thereof, or any Post-Petition PDT Debt is paid, declared to be due or otherwise becomes due, or receipt by the Transaction Parties of notice of any other material default in a financing arrangement that could reasonably be expected to result in any Post-Petition PDT Debt being drawn on or becoming due, and (ii) within a reasonable time promptly following the incurrence of any Post-Petition PDT Debt, notice of the material terms thereof (taking into account any confidentiality restrictions as to pricing or other proprietary information of the beneficiaries of such Post-Petition PDT Debt) and (iii) from time to time such other information with respect to such Post-Petition PDT Debt as a Funding Agent shall reasonably request (taking into account such confidentiality restrictions).

SECTION 4. Representations and Warranties. Each Transaction Party hereby represent and warrant that after giving effect to this Amendment, (i) the representations and warranties of such Transaction Party contained in the Transaction Documents shall be true and correct on and as of the Effective Date as though made on and as of such date, and shall have been deemed to have been made on and as of such date, and (ii) no event shall have occurred and be continuing, or would result from this Amendment, that constitutes a Facility Event.

SECTION 5. Confirmation of the Transaction Documents. The Transaction Parties each hereby acknowledge and agree that, except as herein expressly amended, the Transaction Documents are each ratified and confirmed in all respects and shall remain in full force and effect in accordance with their respective terms. Without limiting the foregoing, each Guarantor ratifies and reaffirms its obligations under the Guaranty and the Guaranty Security Agreement.

SECTION 6. Conditions to Effectiveness. This Amendment shall become effective on the date (the "Effective Date")on which each of the following conditions shall have been satisfied:

(a) The Administrative Agent shall have received this Amendment duly executed by each of the parties thereto; and

(b) The representations and warranties set forth in Section 4 hereof shall be true and correct.

SECTION 7. Miscellaneous. Each of the RLA and the RPA as amended hereby, remains in full force and effect. Any reference to the RLA or the RPA from and after the date

hereof shall be deemed to refer to the RLA or the RPA, as applicable, as amended hereby unless otherwise expressly stated. This Amendment may be executed in any number of counterparts and by the different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same agreement. Executed counterparts of this Amendment may be delivered by facsimile, which shall be effective as delivery of a manually executed signature page. This Amendment shall be governed by, and construed in accordance with, the laws of the State of New York without giving effect to the conflict of Laws principles thereof (other than Section 5-1401 of the New York General Obligations Law) and the obligations, rights and remedies of the parties under this Amendment shall be determined in accordance with such laws.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed by their respective officers thereunto duly authorized, as of the date first above written.

**TRIBUNE RECEIVABLES LLC**
as Borrower

By: _____
Name: Chandler Bigelow III
Title: President/Treasurer


**TRIBUNE COMPANY**
as Servicer and as a Guarantor

By: _____
Name: Chandler Bigelow III
Title: Senior Vice President/Chief Financial Officer

CHICAGOLAND TELEVISION NEWS, INC.
TRIBUNE BROADCAST HOLDINGS, INC.
TRIBUNE INTERACTIVE, INC.
TRIBUNE TELEVISION HOLDINGS, INC.
WGN CONTINENTAL BROADCASTING COMPANY
WPIX, INC.
TRIBUNE TELEVISION NEW ORLEANS, INC.
KSWB INC.
KTLA INC.
KIAH INC.
TOWER DISTRIBUTION COMPANY
TRIBUNE TELEVISION NORTHWEST, INC.
TRIBUNE TELEVISION COMPANY
CHANNEL 40, INC.
CHANNEL 39, INC.
LOS ANGELES TIMES COMMUNICATIONS LLC
WDCW BROADCASTING, INC.
ORLANDO SENTINEL COMMUNICATIONS
    COMPANY
SUN-SENTINEL COMPANY
GOLD COAST PUBLICATIONS, INC.
FORUM PUBLISHING GROUP, INC.
THE DAILY PRESS, INC.
CHICAGO TRIBUNE COMPANY
THE BALTIMORE SUN COMPANY
THE HARTFORD COURANT COMPANY
THE MORNING CALL, INC.
as Sub-Originators and as Guarantors

By: _____
Name: Chandler Bigelow III
Title: Assistant Treasurer

TRIBUNE PUBLISHING COMPANY
INSERTCO, INC.
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: Treasurer


TMLS I, INC.
SOUTHERN CONNECTICUT NEWSPAPERS, INC.
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: President and Assistant Treasurer


TIMES MIRROR LAND AND TIMBER COMPANY
as a Guarantor

By: _____
Name: Chandler Bigelow III
Title:

SHEPARD'S INC.
TIMES MIRROR SERVICES COMPANY, INC.
CANDLE HOLDINGS CORPORATION
DISTRIBUTION SYSTEMS OF AMERICA, INC.
EAGLE NEW MEDIA INVESTMENTS, LLC
EAGLE PUBLISHING INVESTMENTS, LLC
FORTIFY HOLDINGS CORPORATION
GREENCO, INC.
JULIUSAIR COMPANY, LLC
JULIUSAIR COMPANY II, LLC
STAR COMMUNITY PUBLISHING GROUP, LLC
NBBF, LLC
TIMES MIRROR PAYROLL PROCESSING COMPANY, INC.
TRIBUNE FINANCE, LLC
TRIBUNE FINANCE SERVICE CENTER, INC.
TRIBUNE LICENSE, INC.
TRIBUNE LOS ANGELES, INC.
TRIBUNE MANHATTAN NEWSPAPER HOLDINGS, INC.
TRIBUNE NEW YORK NEWSPAPER HOLDINGS, LLC
TRIBUNE NM, INC.
PUBLISHERS FOREST PRODUCTS CO. OF WASHINGTON
NEW RIVER CENTER MAINTENANCE ASSOCIATION, INC.
SIGNS OF DISTINCTION, INC.
TRIBUNE BROADCASTING HOLDCO, LLC
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: President and Treasurer

FORSALEBYOWNER.COM REFERRAL SERVICES, LLC
INTERNET FORECLOSURE SERVICE, INC.
435 PRODUCTION COMPANY
5800 SUNSET PRODUCTIONS INC.
BALTIMORE NEWSPAPER NETWORKS, INC.
CALIFORNIA COMMUNITY NEWS CORPORATION
CHANNEL 20, INC.
CHICAGO AVENUE CONSTRUCTION COMPANY
CHICAGO RIVER PRODUCTION COMPANY
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: Assistant Treasurer

CHICAGO TRIBUNE NEWSPAPERS, INC.
CHICAGO TRIBUNE PRESS SERVICE, INC.
CHICAGOLAND MICROWAVE LICENSEE, INC.
CHICAGOLAND PUBLISHING COMPANY
COURANT SPECIALTY PRODUCTS, INC.
DIRECT MAIL ASSOCIATES, INC.
FORSALEBYOWNER.COM CORP.
HEART & CROWN ADVERTISING, INC.
HOMEOWNERS REALTY, INC.
HOMESTEAD PUBLISHING CO.
HOY, LLC
HOY PUBLICATIONS, LLC
KPLR, INC.
KWGN INC.
LOS ANGELES TIMES INTERNATIONAL, LTD.
LOS ANGELES TIMES NEWSPAPERS, INC.
MAGIC T MUSIC PUBLISHING COMPANY
NEOCOMM, INC.
NEW MASS. MEDIA, INC.
NEWSCOM SERVICES, INC.
NEWSPAPER READERS AGENCY, INC.
NORTH MICHIGAN PRODUCTION COMPANY
NORTH ORANGE AVENUE PROPERTIES, INC.
OAK BROOK PRODUCTIONS, INC.
PATUXENT PUBLISHING COMPANY
SENTINEL COMMUNICATIONS NEWS VENTURES, INC.
STEMWEB, INC.
THE OTHER COMPANY LLC
TMLH 2, INC.
TMS ENTERTAINMENT GUIDES, INC.
TOWERING T MUSIC PUBLISHING COMPANY
TRIBUNE BROADCASTING COMPANY
TRIBUNE BROADCASTING NEWS NETWORK, INC.
TRIBUNE CALIFORNIA PROPERTIES, INC.
TRIBUNE DIRECT MARKETING, INC.
TRIBUNE ENTERTAINMENT COMPANY
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: Assistant Treasurer

TRIBUNE ENTERTAINMENT PRODUCTION COMPANY
TRIBUNE MEDIA NET, INC.
TRIBUNE MEDIA SERVICES, INC.
TRIBUNE NETWORK HOLDINGS COMPANY
VALUMAIL, INC.
VIRGINIA COMMUNITY SHOPPERS, LLC
VIRGINIA GAZETTE COMPANIES, LLC
WATL, LLC
WCWN LLC
WLVI INC
WTXX INC.
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: Assistant Treasurer

**BARCLAYS BANK PLC**
as Administrative Agent

By: _____
Name:        Fouad S. Onbargi
Title:              Director


**BARCLAYS BANK PLC**
as a Committed Lender and a Funding Agent for the Class A Loans

By: _____
Name:        Fouad S. Onbargi
Title:              Director