# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Related to Docket Nos. 15, 60 and 191** |

### ORDER GRANTING THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY CERTAIN OBLIGATIONS ARISING IN CONNECTION WITH GOODS RECEIVED BY THE DEBTORS WITHIN THE TWENTY DAY PERIOD BEFORE THE PETITION DATE

Upon the Motion[2] of the above-captioned debtors and debtors in possession for entry of an order allowing, among other things, administrative expense status for certain obligations arising in connection with goods received by the Debtors in the ordinary course of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but otherwise not defined herein shall have the meaning ascribed to such terms in the Motion.

Debtors, in their discretion, to pay such expense claims arising under section 503(b)(9) of the Bankruptcy Code as they become due; and upon consideration of the Motion and all pleadings related thereto, including the Bigelow Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted with respect to payment of the Twenty Day Claims as set forth herein; and it is further

ORDERED, that the Debtors are authorized, but not directed, in their discretion and in the reasonable exercise of their business judgment, to pay and/or effect a Cancellation to satisfy any such obligations to the Twenty Day Vendors as they become due; and it is further

ORDERED, that the Debtors, in their discretion, shall undertake appropriate efforts to cause the Twenty Day Vendors to acknowledge in writing that payment of their Twenty Day Claims is conditioned upon the applicable Twenty Day Vendor continuing to supply goods to the Debtors on trade terms that, at a minimum, such Twenty Day Vendor provided to the Debtors six (6) months prior to the Petition Date, or such other trade practices and programs that are at least as favorable to the Debtors as those in effect prior to the Petition Date, and the Debtors reserve the right to negotiate more favorable trade terms with any Twenty Day Vendor as a condition to payment of any such Twenty Day Claim; and it is further

ORDERED, that nothing in this Order shall be deemed either a grant of administrative expense priority status to, or authority to pay, any amounts that are disputed by the Debtors; and it is further

ORDERED, that any payment made by the Debtors on account of section 503(b)(9) of the Bankruptcy Code is conditioned upon the Twenty Day Vendor's agreement to refrain from asserting, or to withdraw, any reclamation claim with respect to the goods that are the subject of any such payment; and it is further

ORDERED, that all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order to the extent the Debtors have good funds standing to their credit with such bank or other financial institution without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED, that the Debtors shall provide to the financial advisors for the Official Committee of Unsecured Creditors (the "Committee") and the agent for the prepetition senior credit facility (the "Agent") on a weekly basis a report that sets forth payments made by the Debtors during the prior weekly period on account of any Critical Vendor Claims and Twenty Day Claims; provided, however, that the Debtors and the Committee and the Debtors and the Agent may mutually agree to modify the frequency of any such reporting at any time after the entry of this Order; and it is further

ORDERED, that the Debtors shall provide to the financial advisors for the Committee and the Agent notice of any payment on account of any individual Critical Vendor Claim or Twenty Day Claim that equals or exceeds $250,000 and such notice shall be provided two calendar days prior to making any such payment; and it is further

ORDERED, that the information provided to the financial advisors for the Committee and the Agent pursuant to the preceding two paragraphs shall be subject to any confidentiality arrangements or agreements between the Debtors and the Committee and the Debtors and the Agent; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
      January 13, 2009

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge