# EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Related to Docket No. 128** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS AND COMMITTEE MEMBERS PURSUANT TO 11 U.S.C. §§ 105(a) AND 331

Upon the Motion[2] of the above-captioned Debtors for entry of an order, pursuant to sections 105(a) and 331 of the Bankruptcy Code, establishing (i) procedures for interim compensation for services rendered and reimbursement of expenses incurred by Professionals and (ii) expense reimbursement procedures for the Committee Members; and upon consideration

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune (FN) Cable Ventures, Inc. (9782); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune Interactive, Inc. (9100); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune National Marketing Company (6231); Tribune ND, Inc. (4926); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

46429/0001-5276856V1

of the Motion and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED that, except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these cases may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

(a) No earlier than the 25th day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (the "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on each of the following parties (the "Notice Parties") by first class mail: (i) co-counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, attn: Kenneth P. Kansa; and Cole, Schotz, Meisel, Forman, & Leonard, P.A., 1000 N. West St., Suite 1200, Wilmington, DE 19801, attn: J. Kate Stickles; (ii) counsel to the Barclays Bank PLC, in its capacity as Lender, Funding Agent, and Administrative Agent; (iii) counsel to the Administrative Agent for the Prepetition Lenders: Davis, Polk, & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017; (iv) counsel to the Committee; and (v) the Office of the United States Trustee for the District of Delaware. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

(b) Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtors shall be authorized

to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "Maximum Interim Payment"). If an objection is properly filed pursuant to subparagraph (c) below, the Debtors shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "Actual Interim Payment"). The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including January 31, 2009.

(c) If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with the Court and serve on such Professional and each Notice Party a written objection (the "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within twenty (20) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to such Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(d) Beginning with the approximate three month period from the Petition Date and ending on February 28, 2009, and at each three month period thereafter, each Professional shall file with the Court and serve on the Notice Parties a request (a "Quarterly Fee Application Request"), pursuant to Section 331 of the Bankruptcy Code, for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period"). The Quarterly Fee Application Request will include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the local rules. Each Quarterly Fee Application Request shall be filed with the Court and served on the Notice Parties by no later than 45 days after the end of the applicable Interim Fee Period (the "Interim Fee Application Deadline"). The first Interim Fee Application Deadline shall be April 15, 2009, and the first Quarterly Fee Application Request shall cover the Interim Fee Period from the Petition Date through and including February 28, 2009. Any Professional who fails to file a Quarterly Fee Application Request when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the Quarterly Fee Application Request is submitted.

3

(e) Each Notice Party will have twenty (20) days after service of a Quarterly Fee Application Request to object thereto, with any such objections, if not resolved, to be heard by the Court as the Court may schedule. The Debtors shall request that the Court schedule a hearing on Quarterly Fee Application Requests at least once every six (6) months or at such other intervals as the Court deems appropriate.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Quarterly Fee Application Request will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court;

and it is further

ORDERED, that each Committee Member shall be permitted to submit statements of expenses (excluding any attorneys' fees and expenses) and supporting vouchers to counsel to the Committee, who will collect and submit such requests for reimbursement in accordance with the Compensation Procedures as if such Committee Member were a Professional; and it is further

ORDERED, that service of the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices shall be limited as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and Hearing Notices, and (ii) any parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Interim Fee Applications and Hearing Notices; and it is further

4

5

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

46429/0001-5276856V1
CH1 4540103v.1