## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>                      Debtors. | Chapter 11<br>Case No. 08-13141-KJC<br>Jointly Administered<br>**Related to Docket No. 148** |

### CERTIFICATION OF COUNSEL REGARDING MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO <u>SECTIONS 105(A), 327, 328 AND 330 OF THE BANKRUPTCY CODE</u>

The undersigned, proposed counsel to the above-captioned debtors and debtors in possession (the "Debtors"), hereby certifies as follows:

1.  On December 26, 2008, the **Notice of Motion** (the "Notice") and **Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code** [Docket No. 148] (the "Motion") were filed with the Court.

2.      Pursuant to the Notice, objections, if any, to the Motion were required to have been filed with the Court and served no later than 4:00 p.m. on January 8, 2009 (the "Objection Deadline"). On consent of the parties, the Objection Deadline was continued until 10:00 a.m. on January 13, 2009 for the Official Committee of Unsecured Creditors (the "Committee") and the United States Trustee (the "US Trustee").

3.      The Debtors received informal comments from the Committee and US Trustee with respect to the order and form of affidavit filed with the Court.

4.      Attached hereto as Exhibit "A" is a revised form of order (the "Proposed Order") incorporating the US Trustee's and Committee's comments. The US Trustee and Committee consent to entry of the Proposed Order.

5.      Attached hereto as Exhibit "B" is a black-lined copy of the Proposed Order reflecting changes made to the document originally filed with the Court.

6.      The Objection Deadline has passed and no objections appear on the docket or were served upon the undersigned proposed counsel. The Debtors respectfully request that the Court enter the proposed Order.

Dated:  January 14, 2009

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. McClelland
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone:  (302) 652-3131

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

# EXHIBIT "A"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 148** |

### ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of the above-captioned Debtors for entry of an order,

authorizing the employment and compensation of certain professionals utilized in the ordinary

course of the Debtors' business operations; and upon consideration of the Motion and all

pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

of 28 U.S.C. § 157(b)(2), and (c) notice of this Motion was due and proper under the

circumstances; and it appearing that the relief requested in the Motion is in the best interests of

the Debtors, their estates and creditors; and after due deliberation and good and sufficient cause

appearing therefor, it is hereby:

ORDERED, that the Motion is granted as provided herein; and it is further

ORDERED, that the Debtors are authorized to retain, employ, and compensate the

Ordinary Course Professionals, a list of which is attached hereto as Exhibit A, to assist and

advise the Debtors in the day-to-day operations of their business; and it is further

ORDERED, that, following the submission by an Ordinary Course Professional of

(i) an OCP Affidavit and (ii) a monthly invoice setting forth in reasonable detail the nature of the

services rendered by such Ordinary Course Professional, the Debtors shall be authorized to pay,

without the requirement of Court approval, 100% of the postpetition fees and expenses incurred

by such Ordinary Course Professional, provided that the fees incurred by such Ordinary Course

Professional (excluding expenses) do not exceed the Monthly Cap applicable to such Ordinary

Course Professional (as set forth on Exhibit A hereto, as such Exhibit may be updated from time

to time) per month on average over the prior rolling three-month period; and provided further

that the fees incurred by any Ordinary Course Professional with a Monthly Cap of $50,000 shall

not exceed such Monthly Cap per month on average over any consecutive two-month period; and

it is further

ORDERED, that, in the event the fees incurred and invoiced by any Ordinary

Course Professional exceed the monthly cap set forth in the proceeding paragraph, such Ordinary

Course Professional shall be required to seek this Court's approval of all fees invoiced for that

month (including amounts below the cap) in accordance with sections 330 and 331 of the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and applicable orders of this Court; and it is further

ORDERED, that no Ordinary Course Professional shall be entitled to compensation from any of the Debtors for any services performed for or on behalf of the Debtors' affiliates or subsidiaries that are not parties to these chapter 11 cases; and it is further

ORDERED, that each Ordinary Course Professional shall file with the Court and serve upon (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors; (iv) the administrative agent for the Debtors' prepetition loan facilities; and (v) the administrative agent for the Debtors' postpetition loan facility (collectively, the "Notice Parties") an OCP Affidavit, in substantially the form attached hereto as Exhibit B, on or before the later of (i) 30 days after the entry of an order by this Court granting the Motion; or (ii) thirty (30) days from commencing post-petition services to the Debtors; and it is further

ORDERED, that each OCP Affidavit shall disclose, without limitation, (a) the amount of any pre-petition retainer(s) paid to the relevant Ordinary Course Professional, and (b) the amount of any pre-petition claim asserted against the Debtors by any Ordinary Course Professional; and it is further

ORDERED, that the Notice Parties shall have twenty (20) days after the receipt of each OCP Affidavit (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional; and it is further

ORDERED, that, any objecting party shall serve any such objection upon each of the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline, and if any such objection cannot be consensually resolved within ten (10) days of its

3

receipt by the Debtors, the objection shall be scheduled for a hearing before the Court at the next regularly scheduled omnibus hearing date or such other date otherwise agreeable to the parties thereto; and it is further

ORDERED, that, if no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors shall be authorized to employ and compensate such Ordinary Course Professionals in accordance with the OCP Procedures; and it is further

ORDERED, that by the 20th day of each month, the Debtors shall provide the Committee and the Office of the United States Trustee with a report describing, for the preceding month, (a) the Ordinary Course Professionals that seek payment for services in such prior month, and (b) the amount of fees and expenses requested by such Ordinary Course Professionals; and it is further

ORDERED, that the Committee and the Office of the United States Trustee shall be entitled to review the report described in the preceding paragraph for a period of twenty (20) days from receipt and, to the extent that the Committee has any objections to the payments proposed to any of the Ordinary Course Professionals by the Debtors, the Committee shall serve any such objection upon the Debtors and the relevant Ordinary Course Professional; and it is further

ORDERED, that if any such objection by the Committee or the Office of the United States Trustee cannot be resolved within ten (10) days of its receipt by the Debtors, the objection shall be scheduled for a hearing before the Court at the next regularly scheduled omnibus hearing date or such other date otherwise agreeable to the parties; and it is further

4

ORDERED, that, unless a plan of reorganization of the Debtors has become effective prior to such date, commencing on March 31, 2009, and on a quarterly basis thereafter, the Debtors shall file with the Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the previous quarter; and (c) a general description of the services rendered by such Ordinary Course Professional during the previous quarter; and provided further that the Committee and the Office of the United States Trustee shall have twenty (20) days from receipt of any such supplemental list to object to the continued employment and/or compensation of such Ordinary Course Professional by the Debtors; and it is further

ORDERED, that the Debtors may supplement the list of Ordinary Course Professionals in Exhibit A to the Motion from time to time, in their discretion, as necessary to add or remove Ordinary Course Professionals, without the need for further Court approval; and it is further

ORDERED, that, in the event the Debtors supplement the list of Ordinary Course Professionals, the Debtors will file a supplemental list of Ordinary Court Professionals with this Court and serve it on the Notice Parties within twenty (20) days of the inception of the professional's employment; and it is further

ORDERED, that, in the event any Ordinary Course Professional exceeds or expects to exceed the Monthly Cap on an ongoing basis, the Debtors may immediately to seek the retention of such Ordinary Course Professional by separate application pursuant to the relevant provision(s) of the Bankruptcy Code and applicable orders of this Court; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January ___, 2009

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

6

**Formatted:** Font: 7 pt

CH1 4580795 1

EXHIBIT "A"

| Firm Name and Address | Services Provided | Estimated Monthly Cap |
|---|---|---|
| Ajalat, Polley, Ayoob & Matarese<br>500 N. Brand Blvd. Suite 1670<br>Glendale, CA 91203<br>Contact:  Terry Polley | Tax law counsel | $25,000 |
| Allen Matkins Leck Gamble Mallory & Natsis LLP<br>1901 Avenue of the Stars, Suite 1800<br>Los Angeles, CA  90067-6019<br>Contact:  Mike McFadden | Real estate counsel | $10,000 |
| Arnold & Porter<br>555 Twelfth Street, NW<br>Washington, DC  20004-1206<br>Contact:  Jeffrey H. Smith | First Amendment and federal administrative law counsel | $10,000 |
| Baker & Hostetler LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, OH 44114-3485 | Litigation/patent counsel for ForSaleByOwner.com | $20,000 |
| Baker & McKenzie LLP<br>One Prudential Plaza<br>130 E. Randolph Drive<br>Chicago, Il 60601<br>(312) 861-8000<br>Contact:  Andy Boling | International law counsel | $1,000 |
| Bollinger, Ruberry & Garvey<br>Citicorp Center<br>500 West Madison Street, Suite 2300<br>Chicago, Illinois 60661<br>Contact:  Scott Bentivenga | Litigation counsel | $15,000 |
| Booth Mitchel & Strange LLP<br>707 Wilshire Boulevard<br>Suite #4450<br>Los Angeles, CA 90017<br>Contact:  Seth W. Whitaker | Litigation counsel - casualty claims and insurance matters; counsel for contractual and procedural risk allocation and avoidance | $5,000 |
| Bostwick & Jassy LLP<br>12400 Wilshire Boulevard, Suite 400<br>Los Angeles, California 90025<br>Contact:  JP Jassy | First Amendment and business law litigation counsel | $15,000 |
| Bruno, Gerbino & Soriano, LLP<br>445 Broad Hollow Road, Suite #220<br>Melville, NY 11747<br>Contact: Vince Gerbino | Litigation counsel | $10,000 |

| | | |
|---|---|---|
| Cadence Law Group LLP<br>P.O. Box 351510<br>Los Angeles, CA  90035<br>Contact:  Clara Martin | Internet and technology<br>law transactional counsel | $15,000 |
| Corporate Tax Management<br>9001 Airport Freeway, Suite 700<br>Fort Worth, TX 76180<br>Contact:  Gary Sneed | Personal and secured<br>property tax filings and<br>audit support | $15,000 |
| Crowell & Moring LLP<br>800 Wilshire Boulevard, Suite 500<br>Los Angeles, CA  90017<br>Contact:  John Vandevelde | Criminal law counsel | $10,000 |
| Davis Wright & Tremaine LLP<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, CA  90017-2566<br>(213) 633 6821<br>Contact:  Kelli Sager | First Amendment, internet,<br>telecommunications<br>counsel | $50,000 |
| Day, Pitney LLP<br>242 Trumbull Street<br>Hartford, CT 06103<br>(860) 275-0467<br>Contact:  Victoria Chavey | Employment litigation<br>counsel | $10,000 |
| Downey, Smith and Fier<br>4010 Watson Plaza Drive, Suite 190<br>Lakewood, CA  90712<br>Contact:  Lyle A. Downey | Tax consultants for excess<br>circulation and state sales<br>tax refund proceedings | 20% contingency<br>fee agreement on<br>any tax refunds<br>obtained |
| Emery Celli Brinckeroff & Abady LLP<br>75 Rockefeller Plaza<br>New York, NY 10019<br>Contact:  Andy Celli | Litigation counsel | $30,000 |
| Funkhouser Vegosen Liebman & Dunn<br>Ltd.<br>55 West Monroe, Suite 2300<br>Chicago, IL  60603<br>Contact:  Damon Dunn | First Amendment counsel | $5,000 |
| Finers Stephens Innocent<br>179 Great Portland Street<br>London W1W 5LS<br>DX 42739 Oxford Circus North<br>United Kingdom<br>Contact: Mark Stephens | Media law counsel (United<br>Kingdom) | $5,000 |
| Franke Greenhouse List & Lippitt LLP<br>1228 15th St.<br>Denver CO 80202<br>Contact:  Charlie Greenhouse | Real estate/land use law | $1,000 |

| | | |
|---|---|---|
| Gerald K White & Associates PC<br>205 W. Randolph<br>Suite 835<br>Chicago, IL 60606 | Patent prosecution counsel | $15,000 |
| Goldberg Kohn Bell Black & Rosenbloom LLP<br>55 East Monroe<br>Suite 3300<br>Chicago, IL 60603 | Intellectual property counsel/TMS real estate work/litigation | $35,000 |
| Gonzales & Harris, P.C.<br>35 N. Lake Avenue<br>Suite 710<br>Pasedena, CA 91101<br>(621) 229-9896<br>Contact: Josie Gonzales | Immigration counsel | $2,500 |
| Grippo & Elden<br>111 S. Wacker Drive<br>Chicago, IL  60606<br>Contact:  George Dogherty | Litigation counsel | $10,000 |
| Gross, McGinley, LaBarre & Eaton LLP<br>33 S. 7th Street<br>P.O. Box 4060<br>Allentown, PA 18105-4060<br>(610) 820-5450<br>Contact: Malcolm J. Gross | Employment litigation counsel | $10,000 |
| Haight Brown & Bonesteel LLP<br>5 Hutton Centre Drive<br>#900<br>Santa Ana, CA 92707<br>Contact: Bruce Cleeland | Personal injury and litigation counsel | $5,000 |
| Hendershot Intellectual Property Law<br>500 N. Michigan Ave.<br>Suite 300<br>Chicago, IL 60611 | Intellectual property counsel/Contract work | $10,000 |
| Hinckley, Allen & Snyder LLP<br>185 Asylum Street<br>CityPlace I, 35th Floor<br>Hartford, CT  06103-3488<br>Contacts: Bill Fish, Paul Guggina | Litigation/Media law counsel | $25,000 |
| Hogan & Hartson LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>USA<br>(202) 637-5600<br>Contact:  Peter A. Rohrbach | Media law counsel | $50,000 |

3

| | | |
|---|---|---|
| Holland & Knight LLP<br>100 North Tampa Street<br>Suite 4100<br>Tampa, FL 33602<br>Contact: Howell Melton | Patent prosecution counsel | $25,000 |
| Howrey LLP<br>321 North Clark Street, Suite 3400<br>Chicago, IL 60610 | Patent litigation counsel | $20,000 |
| Hunton & Williams LLP<br>1111 Brickell Avenue<br>Suite 2500<br>Miami, Florida<br>(305) 810-2500<br>Contact: Juan Enjamio | Employment litigation counsel | $5,000 |
| Jackson Walker<br>1401 McKinney<br>Suite 1900<br>Houston, TX 77010<br>Contact: Chip Babcock | Litigation counsel | $15,000 |
| Johnson & Bell, Ltd.<br>33 W. Monroe<br>Suite 2700<br>Chicago, IL 60603<br>Contact: Patrick Morris | Litigation counsel | $20,000 |
| Kaufman & Canoles<br>150 West Main Street<br>Post Office Box 3037<br>Norfolk, Virginia 23514-3037 | Litigation counsel | $10,000 |
| King Blackwell Downs & Zehnder PA<br>25 E. Pine Street<br>P.O. Box 1631<br>Orlando, FL 32801<br>Contact: David King | Litigation counsel | $30,000 |
| Kirkland & Ellis LLP<br>200 E. Randolph<br>Chicago, IL 60601 | Patent litigation counsel | $35,000 |
| Latham & Watkins<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1560 | Environmental counsel/Litigation counsel | $20,000 |
| Law Office of Don Craven<br>Counselors at Law<br>1005 North Seventh Street<br>Springfield, IL 62702-3918 | First Amendment counsel | $5,000 |

| | | |
|---|---|---|
| Law Office of Mary Carragher<br>155 Franklin Road<br>Glenview, IL 60022 | Contracts counsel | $15,000 |
| Law Offices of Gerald S. Sack, LLC<br>836 Farmington Avenue<br>West Hartford, CT 06119<br>Contact: Gerald Sack | Litigation counsel | $23,000 |
| Law Offices of Peter Michaels<br>6114 La Salle Avenue, #445<br>Oakland, California 94611<br>Contact: Peter Michaels | Tax counsel for excess<br>circulation and sales tax<br>matters | $5,000 |
| Leader & Berkon LLP<br>630 Third Avenue<br>New York, NY 10017 | Litigation counsel to<br>ForSaleByOwner.com | $35,000 |
| Levine Sullivan Koch & Schulz LLP<br>321 West 44th Street<br>Suite 510<br>New York, NY 10036<br><br>1050 17th Street, N.W.<br>Suite 800<br>Washington, D.C. 20036-5514<br>(202) 508-1110<br>Contact: Lee Levine | First Amendment counsel | $50,000 |
| Levy, Ram & Olson Rossi LLP<br>639 Front Street, Fourth Floor<br>San Francisco, CA 94111<br>Contact: Karl Olson | First Amendment and<br>contract counsel | $10,000 |
| Lindner & Marsack, S.C.<br>411 E. Wisconsin Avenue<br>Suite 1`800<br>Milwaukee, WI 53202<br>(414) 273-3910<br>Contact: Laura Lindner | Employment litigation<br>counsel | $1,000 |
| Loeb & Loeb LLP<br>321 N. Clark St.<br>Suite 2300<br>Chicago, IL 60610 | Entertainment law<br>counsel/Litigation counsel | $35,000 |
| Mandell Menkes LLC<br>333 W. Wacker Drive<br>Suite 300<br>Chicago, IL 60606 | Contract work | $10,000 |
| McCarter & English LLP<br>245 Park Avenue<br>New York, NY 10167 | Real estate counsel –<br>Tower Matters | $10,000 |

| | | |
|---|---|---|
| McKenna Long & Aldridge LLP<br>1900 K Street NW<br>Washington, DC 20006-1108<br>Contact: Steve Gardner | Energy counsel | $10,000 |
| Morgan Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY 10178<br>(212) 309-7011<br>Contact: Edward Cerasia<br><br>300 South Grand Avenue,<br>22nd Floor<br>Los Angeles, CA 90071<br>Contact: Jason Komorsky | Employment litigation<br>counsel/Insurance counsel | $50,000 |
| Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494 | Patent Litigation | $10,000 |
| Nancy K. Ducharme<br>8045 Apache Trail<br>P.O. Box 222<br>Tinley Park, IL 60477-0222 | TMS contract counsel | $15,000 |
| Neal Gerber & Eisenberg<br>2 North LaSalle Street<br>Suite 2200<br>Chicago, IL 60602<br>312 269-8000<br>Contact: Tom McNulty | Real estate tax counsel;<br>property tax assessments<br>and rates proceedings | Contingency fee:<br>20% for successful<br>challenge to<br>assessments; 10%<br>for settled<br>assessment<br>reduction; and 30%<br>for successful rate<br>reduction |
| Novian & Novian LLP<br>1801 Century Park East<br>Suite 1201<br>Los Angeles, CA 90067<br>(310) 553-1222<br>Contact: Farhad Novian | Transactional counsel to<br>Tribune Entertainment | $50,000 |
| Offit & Kurman<br>8 Park Center Court, Suite 200<br>Owings Mills, MD 21117 | Labor law & Litigation<br>counsel | $10,000 |
| Payne & Fears LLP<br>Jamboree Center<br>4 Park Plaza, Suite 1100<br>Irvine, CA 92614<br>(949) 797-1229<br>Contact: Daniel F. Fears | Employment litigation<br>counsel | $12,500 |

| | | |
|---|---|---|
| Phyllis Volk<br>250 E. Pearson St.<br>Suite 906<br>Chicago, IL 60611<br>(312) 440-7266 | Real estate law | $10,000 |
| Poole & Shaffery LLP<br>445 South Figueroa Street Suite 2520<br>Los Angeles, California 90071<br>Contact: David Poole | Environmental counsel | $5,000 |
| Quinn Emanuel Urquhart Oliver & Hedges<br>865 S. Figueroa St. 10th Floor<br>Los Angeles, California 90017<br>Contact: David Quinto | Business litigation counsel;<br>California non-competition<br>and trade secret issues | $10,000 |
| Saul Ewing LLP<br>Lockwood Place<br>500 E. Pratt Street, 8th Floor<br>Baltimore, MD 21202<br>Contact: Ted Baines | Litigation counsel | $5,000 |
| Sedgwick, Detert, Moran & Arnold, LLP<br>2400 E. Commercial Blvd.<br>Suite 1100<br>Fort Lauderdale, FL 33308<br>Contact: John Hargrove | Litigation counsel | $20,000 |
| Seyfarth Shaw<br>131 S. Dearborn Street<br>Suite 2400<br>Chicago, IL 60603<br>Contact: Camille Olson, Jeremy Sherman | Business litigation<br>counsel/Employment<br>litigation counsel | $35,000 |
| Sheppard Mullin Richter & Hampton LLP<br>333 South Hope Street<br>Forty-Eighth Floor<br>Los Angeles, CA 90071<br>Contact: Guylyn Cummins | First Amendment counsel | $5,000 |
| Siebman Reynolds Burg Phillips<br>713 S. Washington Ave.<br>Marshall, TX 756700 | Patent litigation counsel | $10,000 |
| Smith, von Schleicher & Associates<br>39 South LaSalle Street, Suite 1005<br>Chicago, IL 60603<br>(312) 541-0300<br>Contact: Michael J. Smith | Benefits litigation counsel | $5,000 |

| | | |
|---|---|---|
| Sonnenschein Nath & Rosenthal LLP<br>7800 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6404<br>Contacts: Rosemary Gullikson, Natalie Spears, Jim Klenk | First Amendment counsel /Litigation counsel/ Outsourcing counsel | $50,000 |
| Thomas & Locicero PL<br>400 North Ashley Drive, Suite 1100<br>Tampa, FL 33602<br>Contact: Greg Thomas | Media law counsel | $50,000 |
| Wellborn Sullivan Meck & Tooley<br>821 Seventeenth Street, Suite 500<br>Denver, Colorado 80202<br>Contact: Steve Bain | Environmental counsel | $10,000 |
| Weston Benshoof<br>333 S. Hope St., 16th Fl.<br>Los Angeles, CA 90071<br>Contact: Steven Weston | Environmental counsel | $5,000 |
| Willcox & Savage PC<br>One Commercial Place, Suite 1800<br>Norfolk, Virginia 23510<br>Contact: Conrad Shumadine | Antitrust litigation/Media law counsel | $10,000 |
| Withers & Rogers LLP<br>Goldings House<br>2 Hays Lane<br>London SE1 2HW<br>UK | Foreign Patent counsel | $10,000 |
| Young & Sommer<br>5 Palisades Drive<br>Albany, NY 12205<br>Contact: Dean Young | Environmental counsel | $15,000 |
| Zulkie Partners LLC<br>222 S. Riverside Plaza<br>Suite 2300<br>Chicago, Il 60606<br>(312) 648-2244<br>Contact: Paul Zulkie | Immigration counsel | $5,000 |

EXHIBIT "B"

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

| | | |
|---|---|---|
| STATE OF [_____] | ) | |
| | : | ss.: |
| COUNTY OF [_____] | ) | |

[AFFIANT], being duly sworn, deposes and says:

1.     I am a [position] of [the firm] (the "Firm"), which maintains offices at

[Address].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.      This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about _____, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3.      The Firm has represented and advised the Debtors as [_____] with respect to certain aspects of the Debtors' business operations.  The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4.      The Firm's current customary rates, subject to change from time to time are _____. In the normal course of its business, the Firm revises its billing rates on _____ of each year and requests that, effective _____ of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5.      In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks."  The Firm's database contains information regarding the Company's present and past representations.  Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities.  The Firm's search of the database identified the following connections:

**[Disclose Connections Here]**

6.      Neither I nor [any principal, partner, director, officer, etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the

2

compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7.    I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

8.    Neither I nor [any principal, partner, director, officer, etc.] of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.  If the Firm is not an law firm, the Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

9.    The Debtors owe the Firm $ [_____] for prepetition services. The Firm [**is/is not**] waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence.

10.    The Firm currently holds a retainer from the Debtors in the approximate amount of $_____.  The Firm will apply the outstanding retainer balance as fees and expenses become due pursuant to this Court's order authorizing the employment of "ordinary course" professionals.

11.    As of the Petition Date, the Firm [**was/was not**] party to a services agreement with the Debtors.  **[A copy of such agreement, together with any agreement(s) that the Firm and the Debtors intend to govern their relationship after the Petition Date, is attached as <u>Exhibit 1</u> to this Affidavit].**

12.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of

3

its employment, if the Firm should discover any facts bearing on the matters described herein,

the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2009

_____
Affiant

Sworn to and subscribed before me
this _____ day of _____ 2009

_____
Notary Public

4

# EXHIBIT "B"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of the above-captioned Debtors for entry of an order,

authorizing the employment and compensation of certain professionals utilized in the ordinary

course of the Debtors' business operations; and upon consideration of the Motion and all

pleadings related thereto; and the Court finding that (a) the Court has ~~jurisdictions~~jurisdiction

over this matter pursuant to ~~29~~28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

within the meaning of ~~20~~28 U.S.C. § 157(b)(2), and (c) notice of this Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and good and sufficient cause appearing ~~therefore~~therefor, it is hereby:

ORDERED, that the Motion is granted as provided herein; and it is further

ORDERED, that the Debtors are authorized to retain, employ, and compensate the Ordinary Course Professionals, a list of which is attached hereto as Exhibit A, to assist and advise the Debtors in the day-to-day operations of their business; and it is further

ORDERED, that, following the submission by an Ordinary Course Professional of (i) an OCP Affidavit and (ii) a monthly invoice setting forth in reasonable detail the nature of the services rendered by such Ordinary Course Professional, the Debtors shall be authorized to pay, without the requirement of Court approval, 100% of the postpetition fees and expenses incurred by such Ordinary Course Professional, provided that the fees incurred by such Ordinary Course Professional (excluding expenses) do not exceed the Monthly Cap applicable to such Ordinary Course Professional (as set forth on Exhibit A ~~to the Motion~~hereto, as such Exhibit may be updated from time to time) per month on average over the prior rolling three-month period; and provided further that the fees incurred by any Ordinary Course Professional with a Monthly Cap of $50,000 shall not exceed such Monthly Cap per month on average over any consecutive two-month period; and it is further

ORDERED, that, in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the monthly cap set forth in the proceeding paragraph, such Ordinary Course Professional shall be required to seek this Court's approval of all ~~such~~ fees invoiced for that month (including amounts below the cap) in accordance with sections 330 and 331 of the

2

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and applicable orders of this Court; and it is further

ORDERED, that no Ordinary Course Professional shall be entitled to compensation from any of the Debtors for any services performed for or on behalf of the Debtors' affiliates or subsidiaries that are not parties to these chapter 11 cases; and it is further

ORDERED, that each Ordinary Course Professional shall file with the Court and serve upon (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the Debtors; (iv) the administrative agent for the Debtors' prepetition loan facilities; and (v) the administrative agent for the Debtors' postpetition loan facility (collectively, the "Notice Parties") an OCP Affidavit, in substantially the form attached ~~the the Motion~~hereto as Exhibit B, on or before the later of (i) 30 days after the entry of an order by this Court granting the Motion; or (ii) thirty (30) days from commencing post-petition services to the Debtors; and it is further

ORDERED, that each OCP Affidavit shall disclose, without limitation, (a) the amount of any pre-petition retainer(s) paid to the relevant Ordinary Course Professional, and (b) the amount of any pre-petition claim asserted against the Debtors by any Ordinary Course Professional; and it is further

ORDERED, that the Notice Parties shall have ~~ten~~twenty (~~10~~20) days after the receipt of each OCP Affidavit (the "Objection Deadline") to object to the Debtors' employment and compensation of such Ordinary Course Professional; and it is further

ORDERED, that, any objecting party shall serve any such objection upon each of the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline, and if any such objection cannot be consensually resolved within ten (10) days of its

3

receipt by the Debtors, the objection shall be scheduled for a hearing before the Court at the next

regularly scheduled omnibus hearing date or such other date otherwise agreeable to the parties

thereto; and it is further

ORDERED, that, if no objection is received from any of the Notice Parties by the

Objection Deadline with respect to any particular Ordinary Course Professional, the Debtors

shall be authorized to employ and compensate such Ordinary Course Professionals in accordance

with the OCP Procedures; and it is further

ORDERED, that by the 20th day of each month, the Debtors shall provide the

Committee and the Office of the United States Trustee with a report describing, for the preceding

month, (a) the Ordinary Course Professionals that seek payment for services in such prior month,

and (b) the amount of fees and expenses requested by such Ordinary Course Professionals; and it

is further

ORDERED, that the Committee and the Office of the United States Trustee shall

be entitled to review the report described in the preceding paragraph for a period of twenty (20)

days from receipt and, to the extent that the Committee has any objections to the payments

proposed to any of the Ordinary Course Professionals by the Debtors, the Committee shall serve

any such objection upon the Debtors and the relevant Ordinary Course Professional; and it is

further

ORDERED, that if any such objection by the Committee or the Office of the

United States Trustee cannot be resolved within ten (10) days of its receipt by the Debtors, the

objection shall be scheduled for a hearing before the Court at the next regularly scheduled

omnibus hearing date or such other date otherwise agreeable to the parties; and it is further

ORDERED, that, unless a plan of reorganization of the Debtors has become effective prior to such date, commencing on March 31, 2009, and on a quarterly basis thereafter, the Debtors shall file with the Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the previous quarter; and (c) a general description of the services rendered by such Ordinary Course Professional during the previous quarter; and provided further that the Committee and the Office of the United States Trustee shall have twenty (20) days from receipt of any such supplemental list to object to the continued employment and/or compensation of such Ordinary Course Professional by the Debtors; and it is further

ORDERED, that the Debtors may supplement the list of Ordinary Course Professionals in Exhibit A to the Motion from time to time, in their discretion, as necessary to add or remove Ordinary Course Professionals or to increase or decrease the Monthly Caps applicable to particular Ordinary Course Professionals, without the need for further Court approval; provided, however, that the Monthly Cap for any Ordinary Course Professional whose Monthly Cap on Exhibit A originally filed with the Motion is $35,000 or less shall not be permitted to have their Monthly Cap increased above $35,000 without further order of the Court; and it is further

ORDERED, that, in the event the Debtors supplement the list of Ordinary Course Professionals, the Debtors will file a supplemental list of Ordinary Court Professionals with this Court and serve it on the Notice Parties. and if no objection is received from any of the Notice Parties by the Objection Deadline with respect to the supplemental list of Ordinary Course

5

~~Professionals, the Debtors shall be authorized to employ and compensate such additional~~ ~~Ordinary Course Professionals in accordance with the OCP Procedures~~ within twenty (20) days of the inception of the professional's employment; and it is further

ORDERED, that, in the event any Ordinary Course Professional exceeds or expects to exceed the Monthly Cap on an ongoing basis, the Debtors may immediately to seek the retention of such Ordinary Course Professional by separate application pursuant to the relevant provision(s) of the Bankruptcy Code and applicable orders of this Court; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009

_____
The Honorable Kevin J. Carey

6

EXHIBIT "A"

| Firm Name and Address | Services Provided | Estimated Monthly Cap |
|---|---|---|
| Ajalat, Polley, Ayoob & Matarese<br>500 N. Brand Blvd. Suite 1670<br>Glendale, CA 91203<br>Contact:  Terry Polley | Tax law counsel | $25,000 |
| Allen Matkins Leck Gamble Mallory &<br>Natsis LLP<br>1901 Avenue of the Stars, Suite 1800<br>Los Angeles, CA  90067-6019<br>Contact:  Mike McFadden | Real estate counsel | $10,000 |
| Arnold & Porter<br>555 Twelfth Street, NW<br>Washington, DC  20004-1206<br>Contact: Jeffrey H. Smith | First Amendment and<br>federal administrative law<br>counsel | $10,000 |
| Baker & Hostetler LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, OH 44114-3485 | Litigation/patent counsel<br>for ForSaleByOwner.com | $20,000 |
| Baker & McKenzie LLP<br>One Prudential Plaza<br>130 E. Randolph Drive<br>Chicago, Il 60601<br>(312) 861-8000<br>Contact:  Andy Boling | International law counsel | $1,000 |
| Bollinger, Ruberry & Garvey<br>Citicorp Center<br>500 West Madison Street, Suite 2300<br>Chicago, Illinois 60661<br>Contact:  Scott Bentivenga | Litigation counsel | $~~50,000~~15,000 |
| Booth Mitchel & Strange LLP<br>707 Wilshire Boulevard<br>Suite #4450<br>Los Angeles, CA 90017<br>Contact:  Seth W. Whitaker | Litigation counsel -<br>casualty claims and<br>insurance matters; counsel<br>for contractual and<br>procedural risk allocation<br>and avoidance | $5,000 |
| Bostwick & Jassy LLP<br>12400 Wilshire Boulevard, Suite 400<br>Los Angeles, California 90025<br>Contact:  JP Jassy | First Amendment and<br>business law litigation<br>counsel | $15,000 |
| Bruno, Gerbino & Soriano, LLP<br>445 Broad Hollow Road, Suite #220<br>Melville, NY 11747<br>Contact: Vince Gerbino | Litigation counsel | $10,000 |
| Cadence Law Group LLP<br>P.O. Box 351510<br>Los Angeles, CA  90035 | Internet and technology<br>law transactional counsel | $15,000 |

| | | |
|---|---|---|
| Contact: Clara Martin | | |
| Corporate Tax Management<br>9001 Airport Freeway, Suite 700<br>Fort Worth, TX 76180<br>Contact: Gary Sneed | Personal and secured property tax filings and audit support | $15,000 |
| Crowell & Moring LLP<br>800 Wilshire Boulevard, Suite 500<br>Los Angeles, CA 90017<br>Contact: John Vandevelde | Criminal law counsel | $10,000 |
| Davis Wright & Tremaine LLP<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, CA 90017-2566<br>(213) 633 6821<br>Contact: Kelli Sager | First Amendment, internet, telecommunications counsel | $50,000 |
| Day, Pitney LLP<br>242 Trumbull Street<br>Hartford, CT 06103<br>(860) 275-0467<br>Contact: Victoria Chavey | Employment litigation counsel | $10,000 |
| Downey, Smith and Fier<br>4010 Watson Plaza Drive, Suite 190<br>Lakewood, CA 90712<br>Contact: Lyle A. Downey | Tax consultants for excess circulation and state sales tax refund proceedings | 20% contingency fee agreement on any tax refunds obtained |
| Emery Celli Brinckeroff & Abady LLP<br>75 Rockefeller Plaza<br>New York, NY 10019<br>Contact: Andy Celli | Litigation counsel | $30,000 |
| Funkhouser Vegosen Liebman & Dunn Ltd.<br>55 West Monroe, Suite 2300<br>Chicago, IL 60603<br>Contact: Damon Dunn | First Amendment counsel | $5,000 |
| Finers Stephens Innocent<br>179 Great Portland Street<br>London W1W 5LS<br>DX 42739 Oxford Circus North<br>United Kingdom<br>Contact: Mark Stephens | Media law counsel (United Kingdom) | $5,000 |
| Franke Greenhouse List & Lippitt LLP<br>1228 15th St.<br>Denver CO 80202<br>Contact: Charlie Greenhouse | Real estate/land use law | $1,000 |
| Gerald K White & Associates PC<br>205 W. Randolph<br>Suite 835 | Patent prosecution counsel | $15,000 |

2

| | | |
|---|---|---|
| Chicago, IL 60606 | | |
| Goldberg Kohn Bell Black & Rosenbloom LLP<br>55 East Monroe<br>Suite 3300<br>Chicago, IL 60603 | Intellectual property counsel/TMS real estate work/litigation | $35,000 |
| Gonzales & Harris, P.C.<br>35 N. Lake Avenue<br>Suite 710<br>Pasedena, CA 91101<br>(621) 229-9896<br>Contact:  Josie Gonzales | Immigration counsel | $2,500 |
| Grippo & Elden<br>111 S. Wacker Drive<br>Chicago, IL  60606<br>Contact:  George Dogherty | Litigation counsel | $10,000 |
| Gross, McGinley, LaBarre & Eaton LLP<br>33 S. 7th Street<br>P.O. Box 4060<br>Allentown, PA 18105-4060<br>(610) 820-5450<br>Contact: Malcolm J. Gross | Employment litigation counsel | $10,000 |
| Haight Brown & Bonesteel LLP<br>5 Hutton Centre Drive<br>#900<br>Santa Ana, CA 92707<br>Contact: Bruce Cleeland | Personal injury and litigation counsel | $5,000 |
| Hendershot Intellectual Property Law<br>500 N. Michigan Ave.<br>Suite 300<br>Chicago, IL 60611 | Intellectual property counsel/Contract work | $10,000 |
| Hinckley, Allen & Snyder LLP<br>185 Asylum Street<br>CityPlace I, 35th Floor<br>Hartford, CT  06103-3488<br>Contacts: Bill Fish, Paul Guggina | Litigation/Media law counsel | $25,000 |
| Hogan & Hartson LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>USA<br>(202) 637-5600<br>Contact:  Peter A. Rohrbach | Media law counsel | $50,000 |
| Holland & Knight LLP<br>100 North Tampa Street<br>Suite 4100<br>Tampa, FL 33602 | ~~Litigation counsel;~~ ~~Environmental counsel;~~ Patent prosecution ~~and telemarketing counsel~~ | $~~50,000~~25,000 |

3

| Contact: Howell Melton | | |
|---|---|---|
| Howrey LLP<br>321 North Clark Street, Suite 3400<br>Chicago, IL 60610 | Patent litigation counsel | $~~35,000~~20,000 |
| Hunton & Williams LLP<br>1111 Brickell Avenue<br>Suite 2500<br>Miami, Florida<br>(305) 810-2500<br>Contact: Juan Enjamio | Employment litigation counsel | $5,000 |
| Jackson Walker<br>1401 McKinney<br>Suite 1900<br>Houston, TX 77010<br>Contact: Chip Babcock | Litigation counsel | $15,000 |
| Johnson & Bell, Ltd.<br>33 W. Monroe<br>Suite 2700<br>Chicago, IL 60603<br>Contact: Patrick Morris | Litigation counsel | $20,000 |
| Kaufman & Canoles<br>150 West Main Street<br>Post Office Box 3037<br>Norfolk, Virginia 23514-3037 | Litigation counsel | $10,000 |
| King Blackwell Downs & Zehnder PA<br>25 E. Pine Street<br>P.O. Box 1631<br>Orlando, FL 32801<br>Contact: David King | Litigation counsel | $30,000 |
| Kirkland & Ellis LLP<br>200 E. Randolph<br>Chicago, IL 60601 | Patent litigation counsel | $35,000 |
| Latham & Watkins<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1560 | Environmental counsel/Litigation counsel | $20,000 |
| Law Office of Don Craven<br>Counselors at Law<br>1005 North Seventh Street<br>Springfield, IL 62702-3918 | First Amendment counsel | $5,000 |
| Law Office of Mary Carragher<br>155 Franklin Road<br>Glenview, IL 60022 | Contracts counsel | $15,000 |
| Law Offices of Gerald S. Sack, LLC<br>836 Farmington Avenue | Litigation counsel | $23,000 |

| | | |
|---|---|---|
| West Hartford, CT 06119<br>Contact: Gerald Sack | | |
| Law Offices of Peter Michaels<br>6114 La Salle Avenue, #445<br>Oakland, California 94611<br>Contact: Peter Michaels | Tax counsel for excess circulation and sales tax matters | $5,000 |
| Leader & Berkon LLP<br>630 Third Avenue<br>New York, NY  10017 | Litigation counsel to ForSaleByOwner.com | $35,000 |
| Levine Sullivan Koch & Schulz LLP<br>321 West 44th Street<br>Suite 510<br>New York, NY 10036<br><br>1050 17th Street, N.W.<br>Suite 800<br>Washington, D.C.  20036-5514<br>(202) 508-1110<br>Contact:  Lee Levine | First Amendment counsel | $50,000 |
| Levy, Ram & Olson Rossi LLP<br>639 Front Street, Fourth Floor<br>San Francisco, CA 94111<br>Contact: Karl Olson | First Amendment and contract counsel | $10,000 |
| Lindner & Marsack, S.C.<br>411 E. Wisconsin Avenue<br>Suite 1`800<br>Milwaukee, WI 53202<br>(414) 273-3910<br>Contact:  Laura Lindner | Employment litigation counsel | $1,000 |
| Loeb & Loeb LLP<br>321 N. Clark St.<br>Suite 2300<br>Chicago, IL 60610 | Entertainment law counsel/Litigation counsel | $35,000 |
| Mandell Menkes LLC<br>333 W. Wacker Drive<br>Suite 300<br>Chicago, IL 60606 | Contract work | $~~20,000~~10,000 |
| McCarter & English LLP<br>245 Park Avenue<br>New York, NY  10167 | Real estate counsel – Tower Matters | $10,000 |
| McKenna Long & Aldridge LLP<br>1900 K Street NW<br>Washington, DC  20006-1108<br>Contact:  Steve Gardner | Energy counsel | $10,000 |
| Morgan Lewis & Bockius LLP | Employment litigation | $50,000 |

5

| | | |
|---|---|---|
| 101 Park Avenue<br>New York, NY 10178<br>(212) 309-7011<br>Contact: Edward Cerasia<br><br>300 South Grand Avenue,<br>22nd Floor<br>Los Angeles, CA 90071<br>Contact: Jason Komorsky | counsel/Insurance counsel | |
| Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494 | Patent Litigation | $~~20,000~~10,000 |
| Nancy K. Ducharme<br>8045 Apache Trail<br>P.O. Box 222<br>Tinley Park, IL 60477-0222 | TMS contract counsel | $15,000 |
| Neal Gerber & Eisenberg<br>2 North LaSalle Street<br>Suite 2200<br>Chicago, IL 60602<br>312 269-8000<br>Contact: Tom McNulty | Real estate tax counsel; property tax assessments and rates proceedings | Contingency fee: 20% for successful challenge to assessments; 10% for settled assessment reduction; and 30% for successful rate reduction |
| Novian & Novian LLP<br>1801 Century Park East<br>Suite 1201<br>Los Angeles, CA 90067<br>(310) 553-1222<br>Contact: Farhad Novian | Transactional counsel to Tribune Entertainment | $50,000 |
| Offit & Kurman<br>8 Park Center Court, Suite 200<br>Owings Mills, MD 21117 | Labor law & Litigation counsel | $10,000 |
| Payne & Fears LLP<br>Jamboree Center<br>4 Park Plaza, Suite 1100<br>Irvine, CA 92614<br>(949) 797-1229<br>Contact: Daniel F. Fears | Employment litigation counsel | $12,500 |
| Phyllis Volk<br>250 E. Pearson St.<br>Suite 906<br>Chicago, IL 60611<br>(312) 440-7266 | Real estate law | $10,000 |
| Poole & Shaffery LLP<br>445 South Figueroa Street Suite 2520<br>Los Angeles, California 90071 | Environmental counsel | $5,000 |

CHI ~~4540813~~4540817v.1

| | | |
|---|---|---|
| Contact: David Poole | | |
| Quinn Emanuel Urquhart Oliver & Hedges<br>865 S. Figueroa St. 10th Floor<br>Los Angeles, California 90017<br>Contact: David Quinto | Business litigation counsel; California non-competition and trade secret issues | $10,000 |
| Saul Ewing LLP<br>Lockwood Place<br>500 E. Pratt Street, 8th Floor<br>Baltimore, MD 21202<br>Contact: Ted Baines | Litigation counsel | $5,000 |
| Sedgwick, Detert, Moran & Arnold, LLP<br>2400 E. Commercial Blvd.<br>Suite 1100<br>Fort Lauderdale, FL 33308<br>Contact: John Hargrove | Litigation counsel | $20,000 |
| Seyfarth Shaw<br>131 S. Dearborn Street<br>Suite 2400<br>Chicago, IL 60603<br>Contact: Camille Olson, Jeremy Sherman | Business litigation counsel/Employment litigation counsel | $35,000 |
| Sheppard Mullin Richter & Hampton LLP<br>333 South Hope Street<br>Forty-Eighth Floor<br>Los Angeles, CA 90071<br>Contact: Guylyn Cummins | First Amendment counsel | $5,000 |
| Siebman Reynolds Burg Phillips<br>713 S. Washington Ave.<br>Marshall, TX 756700 | Patent litigation counsel | $~~20,000~~10,000 |
| Smith, von Schleicher & Associates<br>39 South LaSalle Street, Suite 1005<br>Chicago, IL 60603<br>(312) 541-0300<br>Contact: Michael J. Smith | Benefits litigation counsel | $5,000 |
| Sonnenschein Nath & Rosenthal LLP<br>7800 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6404<br>Contacts: Rosemary Gullikson, Natalie Spears, Jim Klenk | First Amendment counsel /Litigation counsel/ Outsourcing counsel | $50,000 |
| Thomas & Locicero PL<br>400 North Ashley Drive, Suite 1100<br>Tampa, FL 33602<br>Contact: Greg Thomas | Media law counsel | $50,000 |
| Wellborn Sullivan Meck & Tooley<br>821 Seventeenth Street, Suite 500 | Environmental counsel | $10,000 |

7

| | | |
|---|---|---|
| Denver, Colorado 80202<br>Contact: Steve Bain | | |
| Weston Benshoof<br>333 S. Hope St., 16th Fl.<br>Los Angeles, CA 90071<br>Contact: Steven Weston | Environmental counsel | $5,000 |
| Willcox & Savage PC<br>One Commercial Place, Suite 1800<br>Norfolk, Virginia 23510<br>Contact: Conrad Shumadine | Antitrust litigation/Media<br>law counsel | $10,000 |
| Withers & Rogers LLP<br>Goldings House<br>2 Hays Lane<br>London SE1 2HW<br>UK | Foreign Patent counsel | $10,000 |
| Young & Sommer<br>5 Palisades Drive<br>Albany, NY 12205<br>Contact: Dean Young | Environmental counsel | $15,000 |
| Zulkie Partners LLC<br>222 S. Riverside Plaza<br>Suite 2300<br>Chicago, Il 60606<br>(312) 648-2244<br>Contact: Paul Zulkie | Immigration counsel | $5,000 |

CH1 4540817v.1

EXHIBIT "B"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF [_____]    )
                                                       :    ss.:
COUNTY OF [_____]    )

      [AFFIANT], being duly sworn, deposes and says:

           1.      I am a [position] of [the firm] (the "Firm"), which maintains offices at

[Address].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.      This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about _____, 2009, authorizing the above-captioned debtors and debtors in possession (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3.      The Firm has represented and advised the Debtors as [_____] with respect to certain aspects of the Debtors' business operations.  The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4.      The Firm's current customary rates, subject to change from time to time are _____. In the normal course of its business, the Firm revises its billing rates on _____ of each year and requests that, effective _____ of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

~~5.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases. To the best of my knowledge, the Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.~~

~~6.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in these chapter 11 cases.~~

<u>5.      In the ordinary course of its business, the Firm maintains a database for</u>

purposes of performing "conflicts checks." The Firm's database contains information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

**[Disclose Connections Here]**

7. 6. Neither I nor [any principal, partner, director, officer, etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7.      I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

8. 8. Neither I nor [any principal, partner, director, officer, etc.] of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed. If the Firm is not an law firm, the Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

9. 9. The Debtors owe the Firm $ [_____] for prepetition services. The Firm **[is/is not]** waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence.

10.      The Firm currently holds a retainer from the Debtors in the approximate amount of $_____. The Firm will apply the outstanding retainer balance as fees and

3

expenses become due pursuant to this Court's order authorizing the employment of "ordinary course" professionals.

　　　　　　　　11.　　As of the Petition Date, the Firm **[was/was not]** party to a services agreement with the Debtors. **[A copy of such agreement, together with any agreement(s) that the Firm and the Debtors intend to govern their relationship after the Petition Date, is attached as Exhibit 1 to this Affidavit]**.

~~10.~~ 12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

　　　　　　I declare under penalty of perjury that the foregoing is true and correct.

Executed on 　＿＿＿＿＿＿, 2009

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Affiant

Sworn to and subscribed before me
this ＿＿＿＿ day of ＿＿＿＿＿ 2009

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Notary Public

4