# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Deadline: January 27, 2009 at 4:00 p.m.**<br>**Hearing Date: February 3, 2009 at 10:00 a.m.** |

## APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN JONES DAY AS SPECIAL COUNSEL FOR CERTAIN LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the "Application") for entry of an order, in substantially the form attached hereto, authorizing the Debtors to employ and retain the law firm of Jones Day ("Jones Day") as their special counsel for certain antitrust and commercial litigation matters pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5280258v1

"Bankruptcy Code"), nunc pro tunc to the Petition Date (as defined herein). In support of the Application, the Debtors submit the Declaration of Phillip A. Proger (the "Proger Declaration"), which is filed concurrently herewith and incorporated herein by reference. In further support of this Application, the Debtors respectfully represent as follows:

### STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors Committee") in the Debtors' chapter 11 cases. No request has been made for the appointment of a trustee or examiner.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

### BACKGROUND OF THE DEBTORS

5.      Debtor Tribune Company ("Tribune") is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors. The Debtors

46429/0001-5280258v1

operate businesses in publishing, interactive, and broadcasting.  These operations are conducted

through two business segments:  (i) publishing and (ii) broadcasting and entertainment.

6.     The Debtors' publishing segment currently operates eight (8) market

leading daily newspapers and related businesses, distributes entertainment and syndicated

content, and manages a 24-hour cable news channel.  The Debtors are the nation's third largest

newspaper publisher in terms of revenue and circulation.  Daily newspapers published by the

Debtors include the <u>Los Angeles Times</u> and the <u>Chicago Tribune</u>.  The Debtors' publishing

segment also manages the websites of their daily newspapers, television stations, and other

branded sites targeting specific communies of interest.  As of the Petition Date, the Debtors'

publishing segment employed approximately 12,000 full-time equivalent employees.

7.     The Debtors' broadcasting and entertainment segment includes 23

television stations, WGN America, WGN-AM, and the Chicago Cubs baseball team.[2]  Through

their television stations and WGN America, the Debtors' broadcasting and entertainment

segment reaches more than 80% of television households in the United States.  Thirteen (13) of

the Debtors' stations are affiliates of The CW Television Network, America's "fifth" major

broadcast network.  Seven (7) are affiliates of Fox Broadcasting Network.  As of the Petition

Date, the Debtors' broadcasting and entertainment segment employed approximately 2,600 full-

time equivalent employees.

8.     The Debtors are based in the United States, with headquarters located in

Chicago, Illinois.  In fiscal year 2007, the Debtors and their non-debtor subsidiaries (collectively,

the "Tribune Entities") recorded revenues of approximately $5.1 billion, resulting in net income

of approximately $87.0 million.  During this time, the publishing segment contributed

---

[2] The broadcasting and entertainment segment also includes the subsidiaries that own the Chicago Cubs baseball operations and an equity interest in regional sports network Comcast SportsNet Chicago, LLC, which are not Debtors in these cases.

46429/0001-5280258v1

approximately 72% of the Tribune Entities' revenue and the broadcasting and entertainment segment contributed approximately 28% of the Tribune Entities' revenue. Advertising revenue is the primary source of revenue for both the publishing and broadcasting and entertainment segments. For the quarterly period ended September 28, 2008, the consolidated financial statements of the Tribune Entities reported approximately $7.6 billion in total assets and approximately $13.9 billion in total liabilities.

## RELIEF REQUESTED

9.      By this Application, the Debtors seek authorization to employ and retain Jones Day as their special counsel for certain antitrust and commercial litigation matters pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to the Petition Date. Jones Day has represented the Debtors in various antitrust and commercial litigation matters prior to the Petition Date, and the Debtors anticipate that Jones Day will continue to advise them with respect to those antitrust and commercial litigation matters, as well as with respect to other, similar matters as the Debtors may request during the pendency of the chapter 11 cases, or otherwise (collectively, the "Litigation Matters"). The Debtors' engagement of Jones Day with regard to the Litigation Matters is consistent with the measured scope of the Debtors' engagement of Jones Day prior to the Petition Date.

10.     The partners, counsel, and associates of Jones Day, through Jones Day's prior representation of the Debtors, have become very familiar with the Debtors and the Litigation Matters. Jones Day's continued representation of the Debtors, as discussed herein, is essential to the ongoing operation of the Debtors' business and will provide a substantial benefit to the Debtors and their estates. Thus, the Debtors believe that Jones Day is well qualified to represent the Debtors as their special counsel with respect to the Litigation Matters.

11.    The Debtors have also chosen Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their bankruptcy co-counsel, and several other law firms as section 327(e) counsel and/or ordinary course professionals.  The Debtors' management and legal department will continually monitor all of the Debtors' professionals to ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner.  Sidley, Cole Schotz and Jones Day, in turn, have advised the Debtors that they will make every effort to minimize duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole Schotz acting as Delaware co-counsel for the Debtors, and Jones Day advising the Debtors on the Litigation Matters, each consistent with their experience and expertise.

12.    Subject to the Court's approval, Jones Day will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases.  The hourly rates for the attorneys Jones Day anticipates will be working on the Litigation Matters are set forth on Schedule 3 attached to the Proger Declaration.  The list of attorneys set forth on Schedule 3 to the Proger Declaration is a non-exclusive list of professionals that may work on matters for the Debtors, and the hourly rates set forth therein are subject to adjustment on a periodic basis.

13.    In addition to the hourly rates set forth above, Jones Day customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including mail and express mail charges, special and hand delivery charges, outside photocopying charges, travel expenses, expenses for "working meals," transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary

overhead expenses.  Jones Day believes that it is appropriate to charge these expenses to the
clients incurring them rather than to increase its hourly rates and thereby spread the expenses
among all clients.

14.     Jones Day has received approximately $130,015 from the Debtors and
affiliates within one year prior to the Petition Date on account of services rendered with regard to
the Litigation Matters.

15.     Jones Day has advised the Debtors that it intends to apply to the Court for
allowance of compensation for professional services rendered and reimbursement of expenses
incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy
Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the
United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any
applicable orders of this Court.

16.     Jones Day has further informed the Debtors that, as set forth in more detail
in the concurrently filed Proger Declaration and subject to any exceptions contained therein or in
the exhibits thereto, Jones Day does not hold or represent in these proceedings any interests
adverse to the Debtors, or to their estates in matters upon which Jones Day is to be engaged.  All
information with respect to Jones Day's connections with the Debtors, creditors, any other party
in interest, their respective attorneys and accountants, the United States Trustee, or any person
employed in the Office of the United States Trustee is set forth in the Proger Declaration.

17.     Jones Day will conduct an ongoing review of its files to ensure that it
continues to neither hold nor represent in these proceedings any interests adverse to the Debtors
or to their estates.  In this regard, Jones Day will promptly amend the Proger Declaration to the
extent that Jones Day becomes aware of material information or relationships which it
determines require further disclosure.

## LEGAL AUTHORITY

18.    Section 327(e) of the Bankruptcy Code provides:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e).

Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. See id.; see also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

19.    When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

46429/0001-5280258v1

20.    In the instant case, the retention of Jones Day by the Debtors is in the best interests of the Debtors' estates, and satisfies all other standards for retention under sections 327(e) and 1107. Jones Day has substantial experience in representing the Debtors with respect to the Litigation Matters, which experience would be lost if the Application were denied. Moreover, as postpetition, non-bankruptcy litigation matters involving the Debtors arise, Jones Day's experience with the Debtors will enable it to act as counsel for the Debtors with minimal need to incur background or other costs to learn necessary information about the Debtors' businesses. Accordingly, the Debtors believe that it is necessary and in the best interests of their estates and creditors to employ and retain Jones Day as their special counsel in regard to the Litigation Matters.

## NOTICE

21.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) proposed counsel for the Creditors Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; and (viii) any party who has requested to receive notices in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

22.    The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the Debtors to retain Jones Day as special counsel to the Debtors concerning Litigation Matters in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to the Petition Date, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated:  January 15, 2009

> TRIBUNE COMPANY
> (for itself and on behalf of each Debtor)
>
>
> _____
> David P. Eldersveld
> Vice President, Deputy General Counsel
> and Secretary