IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: February 3, 2009 @ 10:00 a.m. (ET)<br>Objection Deadline: January 27, 2009 @ 4:00 p.m. (ET) |

## APPLICATION TO EMPLOY AND RETAIN LANDIS RATH & COBB LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO THE RETENTION DATE, PURSUANT TO BANKRUPTCY CODE SECTION 1103(a)

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Application to Employ and Retain Landis Rath & Cobb LLP as Co-Counsel to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to the Retention Date, Pursuant to Bankruptcy Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Section 1103(a) (the "Application"). In support of this Application, the Committee respectfully represents as follows:

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. The Debtors remain in possession of their assets and continue to manage their property as debtors-in-possession.

5. On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed the Committee.

6. In addition, on December 18, 2008 (the "Retention Date"), the Committee met with and selected Chadbourne & Parke LLP ("Chadbourne") as its counsel, and Landis Rath & Cobb LLP ("LRC") as its co-counsel.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicate for the relief requested herein is Bankruptcy Code Section 1103(a).

## RELIEF REQUESTED

9. By this Application, the Committee requests that the Court enter an order authorizing the Committee to employ and retain LRC, *nunc pro tunc* to the Retention Date, as its co-counsel pursuant to Bankruptcy Code Section 1103(a), so that LRC may render the necessary

legal services to the Committee during these Chapter 11 cases. By separate application, the Committee will also request that the Court approve the employment and retention of Chadbourne as its counsel. LRC has discussed with Chadbourne and the Committee a division of responsibility in order to minimize a duplication of efforts on behalf of the Committee.

10. LRC has informed the Committee that Adam G. Landis, a partner of LRC, Matthew B. McGuire and Mona A. Parikh, associates of LRC, as well as other partners and associates of LRC who will be involved in these Chapter 11 cases, are members in good standing of various state and federal bars.

### LRC'S QUALIFICATIONS

11. The Committee has selected LRC as its co-counsel because of LRC's expertise in the field of debtor and creditor law and business reorganizations under Chapter 11 of the Bankruptcy Code. LRC's attorneys have represented debtors, creditors' committees, bank groups, officers and directors, and other parties-in-interest in numerous bankruptcy cases in this district and in other jurisdictions.

12. Attorneys at LRC have become familiar with the Debtors' business operations and capital structure. Accordingly, the Committee believes that LRC has the necessary background to deal effectively with many of the legal issues that may arise in the context of these Chapter 11 cases. Thus, because of LRC's recognized expertise in bankruptcy law, the Committee believes that the employment and retention of LRC is appropriate and necessary to enable the Committee to execute faithfully its duties as a statutory committee of unsecured creditors.

## SERVICES TO BE PROVIDED BY LRC

13. The Committee anticipates that, in connection with these Chapter 11 cases, LRC will render general legal services as needed, including, but not limited to, the following:

    (a) Render legal advice with respect to the powers and duties of the Committee and the other participants in the Debtors' cases;

    (b) Assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and any other matter relevant to the Debtors' cases, as and to the extent such matters may affect the Debtors' creditors;

    (c) Participate in negotiations with parties-in-interest with respect to any disposition of the Debtors' assets, plan of reorganization and disclosure statement in connection with such plan, and otherwise protect and promote the interests of the Debtors' creditors;

    (d) Assist with the preparation of all necessary applications, motions, answers, orders, reports and papers on behalf of the Committee, and appear on behalf of the Committee at Court hearings as necessary and appropriate in connection with the Debtors' cases;

    (e) Render legal advice and perform legal services in connection with the foregoing; and

    (f) Perform all other necessary legal services in connection with these Chapter 11 cases, as may be requested by the Committee.

14. LRC has indicated a willingness to act on the Committee's behalf as its co-counsel in the capacities designated above.

15. Subject to this Court's approval, LRC will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date services are rendered. These rates may change from time to time in accordance with LRC's

billing practices and procedures. LRC will maintain detailed, contemporaneous records of time, any action and necessary expense incurred in connection with the rendering of legal services described above by category and nature of services rendered.

16. LRC intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the administrative order governing professional fees entered in these cases, and any other orders entered in these cases for all services performed and expenses incurred on and after the Retention Date.

17. The Committee proposes to pay LRC its customary hourly rates in effect from time to time for services rendered, as set forth in the affidavit of Adam G. Landis (the "Landis Affidavit"), attached hereto as Exhibit A, and to reimburse LRC according to its customary reimbursement policies, which rates and policies the Committee believes to be reasonable. All payments are subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and such further orders of this Court.

## BASIS FOR RELIEF

18. Bankruptcy Code Section 1103(a) provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

19. To the best of the Committee's knowledge, and except as disclosed herein and in the Landis Affidavit, LRC has no interest in or connection with any creditor or other party-in-interest in the Debtors' pending Chapter 11 proceedings, nor to the best of the Committee's knowledge does LRC hold any interest adverse to the interests of the Committee or the Debtors' creditors, except as set forth in the Landis Affidavit.

20. The Committee believes that the employment of LRC is necessary in order to protect the interests of the Debtors' creditors.

## NOTICE AND NO PRIOR APPLICATION

21. Notice of this Application has been provided to: (a) the United States Trustee; (b) the Debtors; (c) counsel to the Debtors; and (d) all entities that have filed a request for service of pleadings in these cases. The Committee respectfully submits that, given the administrative nature of the relief requested, no other notice of the relief requested herein need be given.

22. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests the entry of an order, substantially in the form as attached hereto: (a) authorizing the retention of LRC to represent the Committee in these Chapter 11 cases; and (b) granting such other and further relief as is just and proper.

Dated: January 15, 2009

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL.**

JPMorgan Chase Bank, N.A., solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity.

*/s/ Miriam Kulnis*
Miriam Kulnis
Executive Director

Warner Bros. Television, solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity.

_____
Wayne M. Smith
Vice President, Senior Litigation
& Chief Patent Counsel

WHEREFORE, the Committee respectfully requests the entry of an order, substantially in the form as attached hereto: (a) authorizing the retention of LRC to represent the Committee in these Chapter 11 cases; and (b) granting such other and further relief as is just and proper.

Dated: January _____, 2009

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL.**

JPMorgan Chase Bank, N.A., solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity.

_____
Miriam Kulnis
Executive Director

Warner Bros. Television, solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity.

_____
Wayne M. Smith
Vice President, Senior Litigation
& Chief Patent Counsel