IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br>**Hearing Date: February 3, 2009 at 10:00 a.m. (ET)**<br>**Objections Due: January 27, 2009 at 4:00 p.m. (ET)** |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL., PURSUANT TO 11 U.S.C. §§ 327 AND 1103 AND FED. R. BANKR. P. 2014, FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CHADBOURNE & PARKE LLP AS CO-COUNSEL, EFFECTIVE AS OF DECEMBER 18, 2008

The Official Committee of Unsecured Creditors (the "Creditors' Committee")

appointed in the above-captioned chapter 11 cases of Tribune Company, et al. (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting

(Cont'd on following page)

"Debtors") hereby submits this application (the "Application"), pursuant to sections 327 and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the employment and retention of Chadbourne & Parke LLP ("Chadbourne") as co-counsel for the Creditors' Committee, effective as of December 18, 2008.[2] In support of this Application, the Creditors' Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Application are sections 327 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

---

(Cont'd from preceding page)

Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] The Creditors' Committee will file a separate retention application for its proposed Delaware counsel, Landis Rath & Cobb LLP.

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in these chapter 11 cases.

5. On December 18, 2008 (the "Formation Date"), the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Creditors' Committee, which was originally comprised of the following eight members: (i) JPMorgan Chase Bank, N.A., (ii) Merrill Lynch Capital Corporation, (iii) Deutsche Bank Trust Company Americas, as Indenture Trustee, (iv) Warner Bros. Television, (v) Vertis, Inc., (vi) Mr. William Niese, (vii) Pension Benefit Guaranty Corporation, and (viii) Washington-Baltimore Newspaper Guild, Local 32035. On December 30, 2008, the U.S. Trustee added Wilmington Trust Company, as Successor Indenture Trustee, to the Creditors' Committee.

6. On the Formation Date, the Creditors' Committee selected Chadbourne to serve as its co-counsel, subject to Bankruptcy Court approval.

## RELIEF REQUESTED

7. By this Application, the Creditors' Committee seeks to employ and retain Chadbourne as its co-counsel, effective as of the Formation Date, in connection with the Debtors' chapter 11 cases. The Debtors' cases are complex and the Creditors' Committee requires counsel – such as Chadbourne – with extensive experience in bankruptcy, insolvency and restructuring matters, as well as specialized and substantial experience in litigation, corporate, tax, employment and benefit, real estate, intellectual property, and media, law.

## RETENTION OF CHADBOURNE

8.  The Creditors' Committee respectfully submits that it is necessary and appropriate for it to employ and retain Chadbourne to provide, among other things, the following services:

(a) advise the Creditors' Committee with respect to its rights, duties, and powers in these chapter 11 cases;

(b) assist and advise the Creditors' Committee in its consultation with the Debtors relative to the administration of these chapter 11 cases;

(c) assist the Creditors' Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

(d) assist the Creditors' Committee and its professionals in the investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' businesses;

(e) assist the Creditors' Committee and its professionals in the analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing, or other transactions and the terms of any plan of reorganization or liquidation for the Debtors and accompanying disclosure statement and related plan documents;

(f) assist and advise the Creditors' Committee as to its communications to the general creditor body regarding significant matters in these chapter 11 cases;

(g) represent the Creditors' Committee at hearings and other proceedings;

(h) review and analyze all applications, orders, statements of operations, and schedules filed with the Bankruptcy Court and advise the Creditors' Committee as to their propriety, and, to the extent deemed appropriate by the Creditors' Committee, support, join, or object thereto;

(i) advise and assist the Creditors' Committee with respect to any legislative, regulatory, or governmental activities;

(j) assist the Creditors' Committee in preparing pleadings and applications, including, without limitation, motions, memoranda, responses, complaints, and objections, as may be necessary in furtherance of the interests and objectives of the Creditors' Committee;

(k) assist the Creditors' Committee in its review and analysis of the Debtors' various commercial agreements;

(l) investigate and analyze claims against third parties and the Debtors' non-debtor affiliates, including, without limitation, avoidance actions; and

(m) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Creditors' Committee in accordance with the powers and duties of the Creditors' Committee.

9. The Creditors' Committee believes that Chadbourne possesses extensive knowledge and expertise in the areas of law relevant to these chapter 11 cases, and that Chadbourne is well qualified to represent the Creditors' Committee. In selecting counsel, the Creditors' Committee sought attorneys with considerable experience in representing committees of unsecured creditors in chapter 11 cases, as well as experience in the newspaper and media industry. Chadbourne has such experience, having represented a number of creditors' committees in significant chapter 11 cases. Specifically, Chadbourne's lawyers have represented creditors' committees in the chapter 11 cases of Maxwell Newspapers, Inc. (The New York Daily News) and the New York Post, as well as other significant cases including, among others, In re Spiegel, Inc., In re Parmalat USA Corp., In re Metromedia Fiber Network, Inc., In re Learningsmith, Inc., In re Pocket Communications, Inc., In re Wallace's Bookstores, Inc., In re Crown Books Corp., In re Lauriat's, Inc., In re Sher Distributing Company, and In re Pacific Pipeline, Inc. The Creditors' Committee believes that, in the course of those cases, Chadbourne's lawyers have acquired extensive knowledge and insight representing creditors'

committees that will translate directly into the efficient and cost-effective handling of these cases.

10. Given the extensive legal services that may be necessary in these chapter 11 cases, the Creditors' Committee believes that the employment and retention of Chadbourne to provide the services described above and such other services as may be necessary for the Creditors' Committee to satisfy its obligations to the Debtors' unsecured creditor constituency is appropriate and in the best interests of the Debtors' estates and creditors.

11. The Creditors' Committee requests that all fees and related costs and expenses incurred by the Creditors' Committee on account of services rendered by Chadbourne be paid as administrative expenses pursuant to sections 327, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code. Subject to the Bankruptcy Court's approval, Chadbourne will charge its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 327(a) and 330 of the Bankruptcy Code. The current hourly rates charged by Chadbourne for professionals and paraprofessionals employed in its offices are:

| Billing Category | Range |
| --- | --- |
| Partners | $635 - $955 |
| Counsel | $585 - $745 |
| Associates | $345 - $595 |
| Paraprofessionals | $135 - $295 |

12. The hourly rates set forth above are subject to periodic adjustments, subject to approval of the client, (typically in November of each year) to reflect economic and other conditions. Chadbourne will maintain detailed records of actual and necessary costs and

Case 08-13141-BLS   Doc 243   Filed 01/16/09   Page 7 of 11

expenses incurred in connection with the legal services provided to the Creditors' Committee. Chadbourne reserves its right to file an application for allowance of an enhanced fee award at the end of these chapter 11 cases, subject to the discretion of the Creditors' Committee.

13.   In addition to the hourly rates set forth above, Chadbourne customarily charges its clients for all costs and expenses incurred in connection with a client's case. These charges include, among other things, long-distance telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, filing fees, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial overtime. Chadbourne will seek reimbursement for such expenses pursuant to, among other things, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, any applicable guidelines established by the Bankruptcy Court or the U.S. Trustee, and any orders of the Bankruptcy Court.

14.   As described in detail in the attached Affidavit of David M. LeMay duly sworn to on January 16, 2009 (the "LeMay Affidavit"), attached hereto as Exhibit "A", Chadbourne has conducted an extensive search of its conflict database and has made other extensive internal inquiries with respect to the Debtors and a voluminous list of parties in interest and potential parties in interest in these chapter 11 cases. The scope of that search and of those inquiries is set out on Exhibit "1" to the LeMay Affidavit, while the results are set forth on Exhibit "2" to the LeMay Affidavit. Upon information and belief, Chadbourne does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in connection with these chapter 11 cases, except to the extent set forth in the LeMay Affidavit. Chadbourne is a "disinterested person," as the Creditors' Committee understands this term to be

NY4 - 210558.06

7

defined, within the meaning of section 101(14), as modified by section 1103(b), of the Bankruptcy Code. Chadbourne, however, is a large firm with a national and international practice and may represent or may have represented certain of the Debtors' creditors, equity holders, related parties, or other parties in interest in matters unrelated to these chapter 11 cases.

15. Chadbourne has informed the Creditors' Committee that Chadbourne has not shared or agreed to share any compensation received in connection with these chapter 11 cases with any entity other than its partners and associates in accordance with Chadbourne's partnership agreement and section 504(b) of the Bankruptcy Code.

16. The Creditors' Committee respectfully requests that Chadbourne's retention be approved effective as of the Formation Date (i.e., December 18, 2008). The Creditors' Committee believes retention effective as of the Formation Date -- the date Chadbourne was selected as Creditors' Committee counsel -- is appropriate due to the nature of these chapter 11 cases and the need for the Creditors' Committee to have representation as early as possible. Additionally, Chadbourne began work on behalf of the Creditors' Committee on the Formation Date. Chadbourne has also advised the Creditors' Committee that the conflict and connections search that Chadbourne undertook (described in paragraph 14 above) prior to the filing of this Application was extensive and time-consuming.

## NOTICE

17. Notice of this Application has been provided to: (a) the United States Trustee; (b) the Debtors; (c) counsel to the Debtors; (d) all entities that have filed a request for service of pleadings in these cases. The Committee submits that no other or further notice is needed.

## NO PRIOR REQUEST

18. No prior application for the relief sought in this Application has been made to this or any other court.

**[REMANDER OF PAGE LEFT BLANK INTENTIONALLY]**

WHEREFORE, the Creditors' Committee respectfully requests that the Bankruptcy Court (i) enter an order, substantially in the form annexed hereto as Exhibit "B", authorizing the Creditors' Committee to employ and retain Chadbourne as its co-counsel in these chapter 11 cases, nunc pro tunc to the Formation Date, on the terms and conditions set forth herein, and (ii) grant such other and further relief as may be just and proper.

Dated: January 16, 2009

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TRIBUNE
COMPANY, ET AL.

JPMorgan Chase Bank, N.A., solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity.

_____
Miriam Kulnis
Executive Director

Warner Bros. Television, solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity.

_____
Wayne M. Smith
Vice President, Senior Litigation & Chief Patent Counsel

WHEREFORE, the Creditors' Committee respectfully requests that the Bankruptcy Court (i) enter an order, substantially in the form annexed hereto as Exhibit "B", authorizing the Creditors' Committee to employ and retain Chadbourne as its co-counsel in these chapter 11 cases, nunc pro tunc to the Formation Date, on the terms and conditions set forth herein, and (ii) grant such other and further relief as may be just and proper.

Dated: January 16, 2009

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TRIBUNE
COMPANY, ET AL.

JPMorgan Chase Bank, N.A., solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity.

_____
Miriam Kulnis
Executive Director

Warner Bros. Television, solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity.

_____
Wayne M. Smith
Vice President, Senior Litigation & Chief Patent Counsel

NY4 - 210558.06

9