# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:                                                    :    Chapter 11
                                                          :
TRIBUNE COMPANY, et al.,[1]                               :    Case No. 08-13141 (KJC)
                                                          :
                              Debtors.                    :    Jointly Administered

------------------------------------------------------- x    **Hearing Date: February 3, 2009 @ 10:00 a.m. (ET)**
                                                             **Objection Deadline: January 27, 2009 @ 4:00 p.m. (ET)**

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL., PURSUANT TO 11 U.S.C. §§ 327 AND 1103 AND FED. R. BANKR. P. 2014, FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ALIXPARTNERS, LLP, AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO DECEMBER 19, 2008

The Official Committee of Unsecured Creditors (the "Creditors' Committee")

appointed in the above-captioned chapter 11 cases of Tribune Company, et al. (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Debtors") hereby submits this Application (the "Application"), pursuant to sections 327 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for entry of an order authorizing the employment and retention of AlixPartners LLP ("AlixPartners") to serve as financial advisor to the Creditors' Committee, effective as of December 19, 2008.  This Application is supported by the Declaration of Alan D. Holtz (the "Holtz Declaration,") filed concurrently herewith and attached hereto as Exhibit "B".  In support of this Application, the Creditors' Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in this Application are sections 327 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

NY3 - 481807.02

4.	No trustee or examiner has been appointed in these chapter 11 cases.

5.	On December 18, 2008, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Creditors' Committee, which is currently comprised of the following nine members: (i) JPMorgan Chase Bank, N.A., (ii) Merrill Lynch Capital Corporation, (iii) Deutsche Bank Trust Company Americas, as Indenture Trustee, (iv) Warner Bros. Television, (v) Vertis, Inc., (vi) Mr. William Niese, (vii) Pension Benefit Guaranty Corporation, (viii) Washington-Baltimore Newspaper Guild, Local 32035, and, (ix) Wilmington Trust Company, as Successor Indenture Trustee.

6.	On December 19, 2008, the Creditors' Committee selected AlixPartners to serve as its financial advisor.

## RELIEF REQUESTED

7.	By this Application, the Creditors' Committee seeks to employ and retain AlixPartners as its financial advisor, effective as of December 19, 2008, for the purpose of advising the Creditors' Committee during all phases of the Debtors' chapter 11 cases in accordance with the terms of an engagement letter dated as of December 19, 2008 (the "Engagement Letter"). A copy of the Engagement Letter is attached hereto as Exhibit A and incorporated herein by reference.

8.	The Creditors' Committee brings this Application because of the critical importance of a financial advisor to assist in the performance of its duties. The Creditors' Committee believes that AlixPartners is well qualified to provide those advisory services and that the terms of the Engagement Letter are reasonable.

A. AlixPartners' Qualifications

9.	AlixPartners is a global business advisory firm with 13 offices worldwide and more than 800 professionals. AlixPartners provides comprehensive financial advisory

3

NY3 - 481807.02

services and execution capabilities in a variety of areas, including financial restructuring, crisis management, enterprise improvement and litigation support.

(a)    AlixPartners' professionals have assisted and advised, and provided strategic advice to, debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to the Debtors' Chapter 11 Cases. AlixPartners has an excellent reputation for the services it has rendered on behalf of debtors in cases throughout the United States. Since its inception in 1981, AlixPartners, its predecessor entities, and its affiliate, AP Services, LLC, have provided restructuring or crisis management services in numerous large cases, including most recently, In re ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. 2008); In re Bally Total Fitness of Greater New York, Case No. 08-14818 (BRF) (Bankr. S.D.N.Y. 2008) and Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. 2007); In re BHM Technologies, Case No. 08-04413 (SWD) (Bankr. W.D. Mich. 2008); In re Caruso Homes, Inc., Case No. 08-18254 (JFS) (Bankr. D. Maryland 2008); In re Charys Holding Company, Inc., Case No. 07-10289 (BLS) (Bankr. D. Del. 2008); In re Gainey Corporation, Case No. 08-09092 (JDG) (Bankr. W.D. Mich. 2008); In re Hilex Poly Co., LLC, Case No. 08-10890 (KJC) (Bankr. D. Del. 2008); In re Motor Coach Industries International, Case No. 08-12136 (BLS) (Bankr. D. Del. 2008); In re Paper International, Inc. et al., Case No. 08-13917 (RDD) (Bankr. S.D.N.Y. 2008); In re SemGroup, L.P., Case No. 08-11525 (BLS) (Bankr. D. Del 2008); In re Tropicana Casinos & Resorts, Case No. 08-10856 (DJC) (Bankr. D. Del. 2008); In re VeraSun Energy Corporation, Case No. 08-12606 (BLS) (Bankr. D. Del. 2008); In re Levitt and Sons, LLC, Case No. 07-19845 (RBR) (Bankr. S.D. Fla. 2007); In re New Century TRS Holdings, Inc., Case No. 07-10416 (KJC) (Bankr. D. Del. 2007); In re Remy Worldwide Holdings, Inc., Case No. 07-11481 (KJC) (Bankr. D. Del. 2007); In re Dana Corp., Case No. 06-10354 (BRL) (Bankr.

4

S.D.N.Y. 2006); In re Dura Auto. Sys., Inc., Case No. 06-11202 (KJC) (Bankr. D. Del. 2006); In re Sea Containers Ltd., Case No. 06-11156 (KJC) (Bankr. D. Del. 2006); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. 2005). In addition, AlixPartners has acted as the financial advisor to the official creditors' committees in the chapter 11 cases of, among others, UniBoring Co., Kitty Hawk, Inc. and Second Chance Body Armor.

10. In light of the size and complexity of the Debtors' chapter 11 cases, the Creditors' Committee requires the services of a seasoned and experienced financial advisor, and one that is familiar with the Debtors' businesses and operations and the chapter 11 process. The Creditors' Committee believes that AlixPartners is well-qualified to provide its services in a cost-effective, efficient, and timely manner. AlixPartners will coordinate with the other retained professionals in the chapter 11 cases to eliminate unnecessary duplication or overlap of work. The Creditors' Committee submits that the employment and retention of AlixPartners would be in the best interest of the Debtors, their estates and their creditors.

B.  Scope of Services

11. Subject to this Court's approval, AlixPartners has agreed to provide the Creditors' Committee with certain restructuring advisory services in accordance with the Engagement Letter. As set forth in the Engagement Letter, AlixPartners will provide assistance to the Creditors' Committee in evaluating and implementing strategic and factual options through the Debtors' bankruptcy and restructuring process. A general list of tasks AlixPartners will likely perform is as follows:

- Advise and assist the Creditors' Committee in its analysis and monitoring of the Debtors' historical, current and projected financial affairs, including without limitation, schedules of assets and liabilities, statement of financial affairs, periodic operating reports, analyses of cash receipts and disbursements and analyses of cash flow forecasts.

NY3 - 481807.02

- Analyze the Debtors' business plans, including prospective financial statements and the related underlying assumptions and support thereto.

- Develop periodic monitoring reports to enable the Creditors' Committee to effectively evaluate the Debtors' performance on an ongoing basis.

- Advise and assist the Creditors' Committee and its counsel in reviewing and evaluating any court motions filed or to be filed by the Debtors or any other parties-in-interest.

- Analyze the Debtors' assets and claims and assess potential recoveries to the various creditor constituencies under various scenarios.

- Assist the Creditors' Committee and its advisors in developing, analyzing, negotiating and implementing alternative reorganization scenarios in an effort to maximize the recovery to unsecured creditors.

- Advise and assist the Creditors' Committee in its assessment of the Debtors' management team, including a review of any bonus, incentive and retention plans.

- Advise and assist the Creditors' Committee in its review of:  (i) intercompany transactions, including those between the Debtors and non-Debtor subsidiaries and affiliates and (ii) related-party transactions.

- Advise and assist the Creditors' Committee in identifying and/or reviewing preference payments, fraudulent conveyances and other causes of action that the Debtors' estates may hold against third parties.

- Render expert testimony and litigation support services, as requested from time to time by the Creditors' Committee and its counsel, regarding any of the matters to which AlixPartners is providing services.

- Attend Creditors' Committee meetings and court hearings as may be required in the role of advisor to the Creditors' Committee.

- Provide other services that are consistent with the Creditors' Committee's role and duties as may be requested from time to time and that fall within AlixPartners' expertise.

12.    The Creditors' Committee respectfully requests that the court approve AlixPartners' retention *nunc pro tunc* to December 19, 2008.  The Creditors' Committee believes retention as of December 19, 2008 -- the date AlixPartners was selected as the financial advisor to the Creditors' Committee -- is appropriate, because, since that date, AlixPartners has been

6

providing critical services to the Creditors' Committee, including (i) reviewing extensive operating information, (ii) meeting with the Debtors' management and advisors, (iii) analyzing various issues confronting the Debtors, and (iv) communicating with the Creditors' Committee regarding such matters.

## C. Terms of Retention

13.     The Creditors' Committee understands that AlixPartners intends to apply to the Court for allowance of compensation and reimbursement of expenses for financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court, and the guidelines established by the U.S. Trustee.  The current hourly rates, subject to periodic adjustments, charged by AlixPartners professionals anticipated to be assigned to this case are as follows:

| | |
|---|---|
| Managing Directors | $685 - 995 |
| Directors | $510 - 685 |
| Vice Presidents | $395 - 505 |
| Associates | $260 - 365 |
| Analysts | $235 - 260 |
| Paraprofessionals | $180 - 200 |

The hourly rates set forth above will remain in effect through December 31, 2009.  AlixPartners will review and revise its rates January 1 of each year to reflect economic and other conditions. AlixPartners will maintain detailed records of actual and necessary costs and expenses incurred in connection with the financial advisory services provided to the Creditors' Committee.

14.     In addition to compensation for professional services rendered by AlixPartners personnel, AlixPartners will seek reimbursement for reasonable and necessary expenses incurred in connection with the Debtors' Chapter 11 Cases, including but not limited to, transportation costs, lodging, photocopying, food, telephone, and facsimile charges, all in

NY3 - 481807.02

accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules

for the United States Bankruptcy Court for the District of Delaware, and any orders of this Court.

15.    Additionally, as set forth in the Engagement Letter, the Debtors will

indemnify and hold AlixPartners and its affiliates, and their past, present, and future partners,

directors, officers, owners, employees, and agents harmless from and against any and all claims,

liabilities, losses, expenses, or damages arising out of or in connection with the engagement,

except to the extent they arise as a result of any gross negligence or willful misconduct on the

part of AlixPartners in the performance of its services.  The terms of the indemnification

provisions in the Engagement Letter, as modified by the proposed retention order, reflect the

qualifications and limits on such terms that are customary in this jurisdiction, and are

substantially in the same form as terms that were approved by the Court in other cases.  See, e.g.,

In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); In re WCI Communities, Inc.,

Case No. 08-11643 (KJC) (Bankr. D. Del. Nov. 6, 2008); In re J.L. French Automotive Castings,

Inc., Case No. 06-10119 (MFW) (Bankr. D. Del. Mar. 3, 2006); In re Foamex Int'l Inc., Case No.

05-12685 (PJW) (Bankr. D. Del. Oct. 17, 2005).  Therefore, the Creditors' Committee and

AlixPartners believe that the terms of the indemnification provisions in the Engagement Letter

are customary and reasonable for engagements of this type and should be approved in these

cases.

16.    As set forth more fully in the Holtz Declaration, the terms of the

engagement are similar and comparable to the terms, both financial and otherwise, agreed to by

AlixPartners and other financial advisors and crisis managers in similar engagements, both in

and outside of bankruptcy.  The terms of the Engagement Letter were negotiated at arm's-length

between the Creditors' Committee and AlixPartners, and reflect the extensive work to be performed by AlixPartners and the firm's advisory expertise.

D.  AlixPartners' Disinterestedness

17.    AlixPartners has informed the Creditors' Committee that, except as may be set forth in the Holtz Declaration, AlixPartners (i) is not a creditor, equity security holder, or insider of the Debtors, (ii) was not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of the Debtors and (iii) does not have an interest materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, and (iv) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

18.    To determine its relationship with the parties-in-interest in these cases, AlixPartners researched its client databases as to the following types of individuals and entities (collectively, the "Interested Parties"), that were identified to AlixPartners by the Debtors:  (i) the Debtors and non-debtor affiliates of the Debtors, , (ii) the current and former directors and officers of the Debtors, (iii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (iv) the prepetition lenders to the Debtors, (v) counterparties to hedging agreements with the Debtors, (vi) professionals retained by the prepetition lenders of the Debtors in connection with the Debtors' chapter 11 cases, (vii) the indenture trustees for certain notes, (viii) the Debtors' insurers, (ix) professionals retained by the Debtors outside the ordinary course of business, (x) major customers of the Debtors, (xi) parties to significant litigation with the Debtors, (xii) significant landlords of the Debtors, (xiii) Judges on the United States Bankruptcy Court for the District of Delaware, (xiv) certain individuals employed by the U.S. Trustee, (xv) the Trustee for the Debtors' ESOP, (xvi) entities involved in the leveraged ESOP transactions involving the Debtors in 2007, (xvii) significant former shareholders of Debtor Tribune Company, the ultimate

9

NY3 - 481807.02

parent of the other Debtors, (xviii) major holders of the PHONES debt, (xix) counterparties to recent significant asset dispositions by the Debtors, (xx) partners in joint ventures with the Debtors, (xxi) certain entities in which the Debtors hold equity investments, (xxii) prior indenture trustees for the Debtors' note debt, (xxiii) agents under the Debtors' prepetition credit agreements, (xxiv) members of the Creditors' Committee, and (xxv) certain additional entities, all as detailed on Schedule 1 to the Holtz Declaration.

19.    AlixPartners' review, completed under the supervision of the firm's compliance department, consisted of queries of an internal computer database containing names of individuals and entities that are present or recent and former clients of AlixPartners in order to identify potential relationships. A summary of such present or recent representations that AlixPartners was able to locate using its reasonable efforts is reflected on Schedule 2 to the Holtz Declaration, and none of them are related to any matters concerning the Debtors.

20.    If any new material facts or relationships are discovered or arise, AlixPartners will provide the Court with a supplemental declaration.

21.    In addition, in accordance with section 504 of the Bankruptcy Code, AlixPartners has informed the Creditors' Committee that there is no agreement or understanding between AlixPartners and any other entity, other than employees of AlixPartners, for the sharing of compensation received or to be received for services rendered in connection with the chapter 11 cases.

## NOTICE

22.    Notice of this Motion has been provided to: (i) the Debtors; (ii) counsel to the Debtors; (iii) the Office of the United States Trustee for the District of Delaware; and (iv) all parties having requested notices in the Debtors' chapter 11 cases pursuant to Rule 2002 of the

NY3 - 481807.02

Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the

Debtors submit that no other or further notice is necessary.

23.    No prior Application for the relief requested herein has been made to this

or any other Court.

11

23.    No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Creditors' Committee respectfully requests that the Bankruptcy Court (i) enter an order substantially in the form attached hereto as Exhibit "C," authorizing the Creditors' Committee to employ and retain AlixPartners as its financial advisor in the Debtors' chapter 11 cases, *nunc pro tunc* to December 19, 2008, on the terms and conditions set forth herein, and (ii) grant such other and further relief as the Bankruptcy Court may deem proper.

Dated: January 16, 2009

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL.

JPMorgan Chase Bank, N.A., solely in its capacity as the Co-Chair of the Creditors' Committee and not in its individual capacity.

Miriam Kulnis
Executive Director

Warner Bros. Television, solely in its capacity as the Co-Chair of the Creditors' Committee and not in its individual capacity.

Wayne M. Smith
Vice President, Senior Litigation & Chief Patent Counsel

12

23.    No prior Application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Creditors' Committee respectfully requests that the Bankruptcy Court (i) enter an order substantially in the form attached hereto as Exhibit "C," authorizing the Creditors' Committee to employ and retain AlixPartners as its financial advisor in the Debtors' chapter 11 cases, *nunc pro tunc* to December 19, 2008, on the terms and conditions set forth herein, and (ii) grant such other and further relief as the Bankruptcy Court may deem proper.

Dated: January 16, 2009

> **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL.**
>
> JPMorgan Chase Bank, N.A., solely in its capacity as the Co-Chair of the Creditors' Committee and not in its individual capacity.
>
> _____
> Miriam Kulnis
> Executive Director
>
> Warner Bros. Television, solely in its capacity as the Co-Chair of the Creditors' Committee and not in its individual capacity.
>
> _____
> Wayne M. Smith
> Vice President, Senior Litigation & Chief Patent Counsel

12