## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Related to Docket No. \_\_\_\_\_**<br>**Hearing Date: February 3, 2009 at 10:00 a.m. (ET)**<br>**Objection Deadline: January 27, 2009 at 4:00 p.m. (ET)** |

## MOTION OF DEBTOR KPLR, INC.
## FOR AN ORDER AUTHORIZING THE FILING UNDER SEAL
## OF UNREDACTED VERSION OF CERTAIN EXHIBITS TO
## MOTION FOR AN ORDER AUTHORIZING ENTRY INTO A
## POSTPETITION LOCAL MARKETING AGREEMENT
## WITH COMMUNITY TELEVISION OF MISSOURI

KPLR, Inc., one of the above-captioned debtors and debtors in possession ("KPLR" or the "Debtor" and collectively, the "Debtors"), by and through its undersigned proposed counsel,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

hereby moves this Court (the "Seal Motion") for entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing KPLR to file under seal an unredacted version of certain Exhibits to the Motion for an Order Authorizing Entry into a Postpetition Local Marketing Agreement with Community Television of Missouri (the "Motion"). In support of this Seal Motion, KPLR respectfully states as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors' Committee"). No request has been made for the appointment of a trustee or examiner.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought

herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND TO THE MOTION

6. Contemporaneously with the filing of this Seal Motion, KPLR has filed a Motion seeking Court approval to enter into a local marketing agreement ("LMA") which would permit it to greatly expand the programming provided by third-parties Community Television of Missouri, LLC and Community Television of Missouri License, LLC (collectively, "Community Missouri") as well as continue the integration of certain operations under an existing agreement with Community Missouri. A redacted copy of the LMA is attached to the Motion as Exhibit A.

7. The Motion also references a shared service agreement (the "SSA") between KPLR and Community Missouri, which addresses certain operating and programming related services. A redacted copy of the SSA is attached to the Motion as Exhibit B.

8. In addition, the Motion references a related Letter Agreement, a copy of which is attached to the Motion as Exhibit C. The Letter Agreement contains specific business terms governing how Community Missouri and KPLR will physically integrate their studios and upgrade the resulting combined studio at KPLR. Exhibits A, B, and C are collectively referred to as the "Exhibits".

9. Certain provisions of the Exhibits reflect information that is confidential, proprietary, or commercially or competitively sensitive to either or both parties. In order to protect the business interests of both parties to the agreements, the Exhibits attached to the Motion have been redacted to eliminate such terms.

## RELIEF REQUESTED

10. By this Seal Motion, KPLR respectfully requests entry of an Order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, authorizing KPLR to file an unredacted version of the Exhibits to the Motion under seal.

## BASIS FOR RELIEF

11. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize KPLR to file the Exhibits under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

13. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the

4

Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

14. KPLR submits that good cause exists for the Court to grant the relief requested herein. As mentioned above, certain provisions of the Exhibits reflect information that is confidential, proprietary, or commercially or competitively sensitive to either or both parties. Protection of such information is of critical importance to both KPLR and Community Missouri because of the potential impact disclosure of such terms could have on their business operations.

15. KPLR believes that Court authorization to file the Exhibits under seal will ensure that such information is not misused. Moreover, KPLR believes that no valid purpose would be served by the disclosure of the information to the general public.

16. For these reasons, KPLR respectfully requests that this Court permit an unredacted version of certain Exhibits to the Motion to be filed under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 because of the

45654/0003-5281601v3

harm that would ensue if the highly confidential information contained in the Exhibits became public information. KPLR submits that if this Seal Motion is granted, KPLR will also provide, on a confidential basis, unredacted copies of the Exhibits to the Office of the United States Trustee and the Creditors' Committee.[2]

## NOTICE

17. Notice of this Seal Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) proposed counsel for the Creditors' Committee; (vi) counsel for the administrative agent for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) counsel the indenture trustee for the Debtors' prepetition notes; (ix) counsel for Community Missouri; and (x) all parties having requested notices in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the KPLR submits that no other or further notice is necessary.

## NO PRIOR REQUEST

18. No previous application for the relief sought herein has been made to this Court or any other court.

---

[2] Pursuant to Del. Bankr. L. R. 9018-1(b), an unredacted copy of the Exhibits is being provided to the Court for its review in an envelope marked "DOCUMENTS TO BE KEPT UNDER SEAL."

WHEREFORE, KPLR respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (i) authorizing KPLR to file under seal an unredacted version of the Exhibits and (ii) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
       January 16, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Theodore R. Scarborough
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION