# 7IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. ___ |

## MOTION TO SHORTEN THE NOTICE PERIOD FOR MOTION OF DEBTOR KPLR, INC. FOR AN ORDER AUTHORIZING ENTRY INTO A POSTPETITION LOCAL MARKETING AGREEMENT WITH COMMUNITY TELEVISION OF MISSOURI

KPLR, Inc. one of the above-captioned debtors and debtors in possession ("KPLR" or the "Debtor" and collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby moves this Court (the "Motion to Shorten") for entry of an order shortening by two (2) days the notice period for Debtor KPLR's motion ("Motion") to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5281538v2

authorize its entry into a postpetition local marketing agreement, with Community Television of Missouri, LLC and Community Television of Missouri License, LLC.[2] In support of the Motion to Shorten,[3] KPLR respectfully states as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors' Committee") in the Debtors' chapter 11 cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 4001 and Local Rule 9006-1(e).

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[3] This motion is brought pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002 and 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## RELIEF REQUESTED AND BASIS FOR RELIEF

5.  The Bankruptcy Rules require twenty days notice prior to the hearing date for motions involving the use of estate property. *See* Fed. R. Bankr. P. 2002(a)(2). Pursuant to Local Rule 9006-1(e), the notice period for a motion may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice." Del. Bankr .L. R. 9006-1(e).

6.  By this Motion, KPLR respectfully requests entry of an Order shortening the applicable notice period for the Motion to (i) allow a hearing on the Motion on February 3, 2009 at 10:00 a.m., the next regularly scheduled omnibus hearing. KPLR does not seek to modify the deadline for filing responses or objections to the Motion and, therefore, pursuant to the Local Rules, objections to the Motion would be due on January 27, 2009 at 4:00 p.m.

7.  As set forth more fully in the Motion filed concurrently herewith, KPLR seeks Court approval to enter into a local marketing agreement ("LMA") which would permit it to greatly expand the programming and advertising sales provided by third-parties Community Television of Missouri, LLC and Community Television of Missouri License, LLC (collectively, "Community Missouri") as well as continue the integration of certain operations begun under an existing Shared Services Agreement with Community Missouri. Moreover, the LMA would provide greater regulatory certainty. While the Federal Communications Commission ("FCC") has reviewed and approved on a case by case basis shared services agreements entered into by broadcasters, the FCC has not to date addressed shared services agreements in its rules. With the FCC rules applying to local marketing agreements established, entering into the LMA here affords enhanced stability and predictability to the parties.

8. Although the parties currently qualify to enter into the LMA, they may not continue to qualify if their audience share rankings change in the near future. (For example, the results of the next ratings period will be released shortly after February 4, 2009, and in the event of a change in rankings, the parties may be unable to enter into the LMA.) Accordingly, KPLR seeks prompt approval of the Motion to ensure that the parties are qualified to enter into the LMA.

9. The parties only reached agreement on the terms of the LMA on January 16, 2009 so it was not possible to bring this Motion earlier.

10. In light of the foregoing, KPLR submits that there is sufficient cause justifying shortening the notice period for the hearing on the Motion by two (2) days. Accordingly, KPLR requests that the twenty-day notice period be shortened so as to permit this Motion to be heard prior to the release of ratings, and at the next regularly scheduled omnibus hearing on February 3, 2009.

## **NOTICE**

11. Contemporaneous with the filing of this Motion to Shorten, in accordance with Local Rule 2002-1(b) and to ensure that all parties receive notice as soon as possible, notice of the filing of this Motion to Shorten and the Motion will be provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) proposed counsel for the Creditors' Committee; (vi) the administrative agent for the Debtors' prepetition loan facilities; (vii) the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustee for the Debtors' prepetition notes; (ix) counsel for Community Missouri; and (x) all parties having requested notices in these chapter 11 cases

pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the KPLR submits that no other or further notice is necessary.

WHEREFORE, KPLR respectfully requests that the Court enter an Order, in substantially the form attached hereto, (i) shortening the applicable notice period to allow a hearing on the Motion on February 3, 2009 at 10:00 a.m. and (ii) fixing January 27, 2009 at 4:00 p.m. as the deadline to file responses or objections to the Motion.

Dated: Wilmington, Delaware
       January 16, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Theodore R. Scarborough
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION