# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 139** |

## SUPPLEMENTAL AFFIDAVIT OF JAMES F. CONLAN IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

STATE OF ILLINOIS )
                             ) ss:
COUNTY OF COOK )

JAMES F. CONLAN declares as follows:

1. I am a partner in the law firm of Sidley Austin LLP ("Sidley" or the "Firm") and am resident at its office located at One South Dearborn Street in Chicago, Illinois

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

60603. I make this supplemental affidavit (the "Supplemental Affidavit") in support of the proposed employment and retention of Sidley by each of the above-captioned entities, all of which are debtors and debtors-in-possession herein (collectively, the "Debtors"), as their general reorganization and bankruptcy counsel in the above-referenced chapter 11 cases pursuant to sections 327(a) and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), nunc pro tunc to the Petition Date. Unless otherwise stated in this Supplemental Affidavit, I have personal knowledge of the facts set forth herein.

2. This Supplemental Affidavit is made to clarify and augment the disclosures to the Court concerning Sidley's compensation contained in my previous Affidavit submitted in support of Sidley's retention on December 26, 2008 (the "Original Affidavit").

3. Specifically, as set forth in the Original Affidavit, Sidley received approximately $2,991,701.75 in fees and $51,615.56 in expenses from the Debtors within one (1) year prior to the Petition Date on account of legal services rendered in contemplation of or in connection with the restructuring efforts of the Debtors and the filing of these chapter 11 cases. The advance payment retainer provided by the Debtors to Sidley was allocated to those amounts. Receipts by Sidley from the Debtors "for services rendered .... in contemplation of or in connection with" the Debtors' chapter 11 cases (i.e., the precise language of section 329 of the Bankruptcy Code) are less than such amount. The chart that was provided in the Original Affidavit is a breakdown of the prepetition payments to Sidley referenced in the first sentence of this paragraph.

4. In paragraph 8 of the Original Affidavit, I stated that "the remaining amount of the advance payment retainer over unpaid fees and expenses owed to Sidley was

2

approximately $1,400,000.00...." See Original Affidavit at ¶ 8. Since the filing of the Original Affidavit, Sidley has been able to refine and determine further the amount of its prepetition fees and expenses as Sidley's professionals and para-professionals have input their time worked and expenses incurred into Sidley's billing system. Following such determination, and subject to any further determination of Sidley's prepetition fees and expenses, the remaining amount of the advance payment retainer is approximately $965,000. As stated in the Original Affidavit, such amount will be used to satisfy any initial post-petition fees and expenses incurred by Sidley.

5. This Supplemental Affidavit is made without prejudice to Sidley's rights to supplement further its disclosures in the Debtors' chapter 11 cases.

I declare under penalty of perjury that the foregoing is true and correct.

*James F. Conlan*

Sworn to and subscribed
before me this 23rd day of
January 2009.

_____
Notary Public

"OFFICIAL SEAL"
Diana R. Manheim
Notary Public, State of Illinois
My Commission Expires March 31, 2010

4

CHI 4548516v.5