the Company will, upon demand of the Trustee, pay to it, for the benefit of the Holders of such Securities, the whole amount then due and payable on such Securities for principal (and premium, if any) and interest, interest on any overdue principal (and premium, if any) and, to the extent that payment of such interest shall be legally enforceable, interest on any overdue interest, at the rate or rates prescribed therefor in such Securities, and, in addition thereto, such further amount as shall be sufficient to cover the costs and expenses of collection, including the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel.

If the Company fails to pay such amounts forthwith upon such demand, the Trustee, in its own name as trustee of an express trust, may institute a judicial proceeding for the collection of the sums so due and unpaid, may prosecute such proceeding to judgment or final decree and may enforce the same against the Company or any other obligor upon such Securities and collect the moneys adjudged or decreed to be payable in the manner provided by law out of the property of the Company or any other obligor upon such Securities, wherever situated.

If an Event of Default with respect to Securities of any series occurs and is continuing, the Trustee may in its discretion proceed to protect and enforce its rights and the rights of the Holders of Securities of such series by such appropriate judicial proceedings as the Trustee shall deem most effectual to protect and enforce any such rights, whether for the specific enforcement of any covenant or agreement in this Indenture or in aid of the exercise of any power granted herein, or to enforce any other proper remedy.

SECTION 5.04.  Trustee May File Proofs of Claim.
--------------------------------

In case of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other similar judicial proceeding relative to the Company, or any other obligor upon the Securities or the property of the Company, or of such other obligor or their creditors, the Trustee (irrespective of whether the principal of the Securities shall then be due and payable as therein expressed or by declaration or otherwise and irrespective of whether the Trustee shall have made any demand on the Company for the payment of overdue principal or interest) shall be entitled and empowered, by intervention in such proceeding or otherwise:

(1)  to file and prove a claim for the whole amount of principal (and premium, if any) and interest owing and unpaid in respect of the Securities and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Trustee (including any claim for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel) and of the Holders allowed in such judicial proceeding, and

(2)  to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute the same;

and any custodian, receiver, assignee, trustee, liquidator, sequestrator or other similar official in any such judicial proceeding is hereby authorized by each Holder to make such payments to the

-31-

Trustee, and in the event that the Trustee shall consent to the making of such payments directly to the Holders, to pay to the Trustee any amount due it for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel, and any other amounts due the Trustee under Section 6.07.

Subject to the provisions of Article Eight of this Indenture, nothing herein contained shall be deemed to authorize the Trustee to authorize or consent to or accept or adopt on behalf of any Holder any plan of reorganization, arrangement, adjustment or composition affecting the Securities or the rights of any Holder thereof or to authorize the Trustee to vote in respect of the claim of any Holder in any such proceeding.

SECTION 5.05.   Trustee May Enforce Claims Without Possession of Securities.

All rights of action and claims under this Indenture or the Securities may be prosecuted and enforced by the Trustee without the possession of any of the Securities or the production thereof in any proceeding relating thereto, and any such proceeding instituted by the Trustee shall be brought in its own name as trustee of an express trust, and any recovery of judgment shall, after provision for the payment of the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel, be for the ratable benefit of the Holders of the Securities in respect of which such judgment has been recovered.

In any proceeding brought by the Trustee (and also in any proceeding involving the interpretation of any provision of this Indenture to which the Trustee shall be a party), the Trustee shall be held to represent all the Holders of the Securities in respect to which action was taken, and it shall not be necessary to make any Holders of such Securities parties to any such proceedings.

SECTION 5.06.   Application of Money Collected.

Any money collected by the Trustee pursuant to this Article in respect of Securities of any series shall be applied in the following order, at the date or dates fixed by the Trustee and, in case of the distribution of such money on account of principal (or premium, if any) or interest, upon presentation of the Securities in respect of which moneys have been collected and the notation thereon of the payment if only partially paid and upon surrender thereof if fully paid:

FIRST:  To the payment of all amounts due the Trustee under Section 6.07 applicable to such series;

SECOND:  To the payment of the amounts then due and unpaid for principal of (and premium, if any) and interest on the Securities of such series in respect of which or for the benefit of which such money has been collected, ratably, without preference or priority of any kind, according to the amounts due and payable on such Securities of such series for principal (and premium, if any) and interest, respectively; and

-32-

Source: TRIBUNE CO, 8-K, April 09, 1999

THIRD:  To the Company.

SECTION 5.07.  Limitation on Suits.
            --------------------

          No Holder of any Security of any series shall have any right to
institute any proceeding, judicial or otherwise, with respect to this Indenture,
or for the appointment of a custodian, liquidator, assignee, sequestrator,
receiver, trustee, or other similar official, or for any other remedy hereunder,
unless:

          (1)  such Holder has previously given written notice to the Trustee of
a continuing Event of Default with respect to the Securities of that
series;

          (2)  the Holders of not less than 25% in principal amount of the
Outstanding Securities of that series shall have made written request to
the Trustee to institute proceedings in respect of such Event of Default in
its own name as Trustee hereunder;

          (3)  such Holder or Holders have offered to the Trustee reasonable
indemnity against the costs, expenses and liabilities to be incurred in
compliance with such request;

          (4)  the Trustee for 60 days after its receipt of such notice, request
and offer of indemnity has failed to institute any such proceeding; and

          (5)  no direction inconsistent with such written request has been
given to the Trustee during such 60-day period by the Holders of a majority
in principal amount of the Outstanding Securities of that series;

it being understood and intended that no one or more of Holders of Securities of
any series shall have any right in any manner whatever by virtue of, or by
availing of, any provision of this Indenture to affect, disturb or prejudice the
rights of any other such Holder or Holders of any other series, or to obtain or
to seek to obtain priority or preference over any other such Holders or to
enforce any right under this Indenture, except in the manner herein provided and
for the equal and ratable benefit of all Holders of Securities of the affected
series.

SECTION 5.08.  Unconditional Right of Holders to Receive Principal, Premium and
            ----------------------------------------------------------------
            Interest.
            --------

          Notwithstanding any other provision in this Indenture, the Holder of
any Security shall have the right, which is absolute and unconditional, to
receive payment of the principal of (and premium, if any) and (subject to
Section 3.07) interest on such Security on the due dates (subject to any right
- ------------
of the Company, if any, to defer any payment or extend any due date in
accordance with the terms of the Security) expressed in such Security (or, in
the case of redemption, on the Redemption Date) and to institute suit for the
enforcement of any such payment, and such rights shall not be impaired without
the consent of such Holder.

                                    -33-

Source: TRIBUNE CO, 8-K, April 09, 1999

SECTION 5.09.   Restoration of Rights and Remedies.
             ------------------------------------

        If the Trustee or any Holder has instituted any proceeding to enforce
any right or remedy under this Indenture and such proceeding has been
discontinued or abandoned for any reason, or has been determined adversely to
the Trustee or to such Holder, then and in every such case, subject to any
determination in such proceeding, the Company, the Trustee and the Holders shall
be restored severally and respectively to their former positions hereunder and
thereafter all rights and remedies of the Trustee and the Holders shall continue
as though no such proceeding had been instituted.

SECTION 5.10.   Rights and Remedies Cumulative.
             -------------------------------

        Except as otherwise provided with respect to the replacement or
payment of mutilated, destroyed, lost or stolen Securities in the last paragraph
of Section 3.06, no right or remedy herein conferred upon or reserved to the
             ------------
Trustee or to the Holders is intended to be exclusive of any other right or
remedy, and every right and remedy shall, to the extent permitted by law, be
cumulative and in addition to every other right and remedy given hereunder or
now or hereafter existing at law or in equity or otherwise. The assertion or
employment of any right or remedy hereunder, or otherwise, shall not prevent the
concurrent assertion or employment of any other appropriate right or remedy.

SECTION 5.11.   Delay or Omission Not Waiver.
             ------------------------------

        No delay or omission of the Trustee or of any Holder of any Securities
to exercise any right or remedy accruing upon any Event of Default shall impair
any such right or remedy or constitute a waiver of any such Event of Default or
an acquiescence therein. Every right and remedy given by this Article or by law
to the Trustee or to the Holders may be exercised from time to time, and as
often as may be deemed expedient, by the Trustee or by the Holders, as the case
may be.

SECTION 5.12.   Control by Holders.
             --------------------

        The Holders of a majority in principal amount of the Outstanding
Securities of any series shall have the right to direct the time, method and
place of conducting any proceeding for any remedy available to the Trustee, or
exercising any trust or power conferred on the Trustee, with respect to the
Securities of such series, provided that
                           -------- ----

        (1)  such direction shall not be in conflict with any rule of law or
with this Indenture,

        (2)  the Trustee shall have determined that the action so directed
would not be unjustly prejudicial to the Holders of any Securities of any
series with respect to which the Trustee is the Trustee not taking part in
such direction,

-34-

Source: TRIBUNE CO, 8-K, April 09, 1999

(3)   the Trustee may take any other action deemed proper by the Trustee which is not inconsistent with such direction, and

(4)   the Trustee shall be indemnified as hereinafter provided.

SECTION 5.13.   Waiver of Past Defaults.
                ------------------------

Subject to Section 5.02, the Holders of not less than a majority in principal amount of the Outstanding Securities of any series may by written notice to the Trustee on behalf of the Holders of all the Securities of such series waive any past default or Event of Default hereunder with respect to such series and its consequences, except a default or Event of Default

(1)   in respect of the payment of the principal of (or premium, if any) or interest on any Security of such series, or

(2)   in respect of a covenant or provision hereof which under Article Nine cannot be modified or amended without the consent of the Holder of each Outstanding Security of such series affected.

Upon any such waiver, such default or Event of Default shall cease to exist and shall be deemed to have been cured, for every purpose of this Indenture and the Securities of such series; but no such waiver shall extend to any subsequent or other default or Event of Default or impair any right consequent thereon.

SECTION 5.14.   Undertaking for Costs.
                ----------------------

All parties to this Indenture agree, and each Holder of any Security by his acceptance thereof shall be deemed to have agreed, that any court may in its discretion require, in any suit for the enforcement of any right or remedy under this Indenture, or in any suit against the Trustee for any action taken, suffered or omitted by it as Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, and that such court may in its discretion assess reasonable costs, including reasonable attorneys' fees, against any party litigant in such suit, having due regard to the merits and good faith of the claims or defenses made by such party litigant; but the provisions of this Section shall not apply to any suit instituted by the Trustee, to any suit instituted by any Holder, or group of Holders, holding in the aggregate more than 10% in principal amount of the Outstanding Securities of any series, or to any suit instituted by any Holder for the enforcement of the payment of the principal of (or premium, if any) or interest on any Security on or after the due dates expressed in such Security (or, in the case of redemption, on or after the Redemption Date).

SECTION 5.15.   Waiver of Stay or Extension Laws.
                --------------------------------

The Company covenants (to the extent that it may lawfully do so) that it will not at any time insist upon, or plead, or in any manner whatsoever claim or take the benefit or advantage of, any stay or extension law wherever enacted, now or at any time hereafter in force, which may

-35-

Source: TRIBUNE CO, 8-K, April 09, 1999

affect the covenants or the performance of this Indenture; and the Company (to the extent that it may lawfully do so) hereby expressly waives all benefit or advantage of any such law and covenants that it will not hinder, delay or impede the exercise of any power herein granted to the Trustee, but will suffer and permit the exercise of every such power as though no such law had been enacted.

SECTION 5.16.  Duty to Accelerate.
             -------------------

          The Trustee shall be under no duty to accelerate the debt hereunder or to institute any proceedings unless it knows or in the exercise of reasonable diligence should have known of the existence of an Event of Default hereunder.


                              ARTICLE VI

                             THE TRUSTEE

SECTION 6.01.  Certain Duties and Responsibilities.
             -------------------------------------

          (a)  Except during the continuance of an Event of Default with respect to Securities of any series, the Trustee's duties and responsibilities with respect to Securities of such series under this Indenture shall be governed by Section 315(a) of the Trust Indenture Act.

          (b)  In case an Event of Default with respect to Securities of any series has occurred and is continuing, the Trustee shall exercise, with respect to Securities of such series, such of the rights and powers vested in it by this Indenture, and use the same degree of care and skill in their exercise, as a prudent man would exercise or use under the circumstances in the conduct of his own affairs.

          (c)  No provision of this Indenture shall be construed to relieve the Trustee from liability for its own negligent action, its own negligent failure to act, or its own willful misconduct, except that
                                           ------ ----

          (1)  this Subsection shall not be construed to limit the effect of Subsection (a) of this Section;

          (2)  the Trustee shall not be liable for any error of judgment made in good faith by a Responsible Officer, unless it shall be proved that the Trustee was negligent in ascertaining the pertinent facts;

          (3)  the Trustee shall not be liable with respect to any action taken or omitted to be taken by it in good faith in accordance with the direction of the Holders of a majority in principal amount of the Outstanding Securities of any series pursuant to the provisions of Section 5.12
                                                                         ------------
relating to the time, method and place of conducting any proceeding for any remedy available to the Trustee, or

                                 -36-

exercising any trust or power conferred upon the Trustee, under this
Indenture with respect to the Securities of such series; and

        (4)  no provision of this Indenture shall require the Trustee to
expend or risk its own funds or otherwise incur any financial liability in
the performance of any of its duties hereunder, or in the exercise of any
of its rights or powers, if it shall have reasonable grounds for believing
that repayment of such funds or adequate indemnity against such risk or
liability is not reasonably assured to it.

        (d)  Whether or not therein expressly so provided, every provision of
this Indenture relating to the conduct or affecting the liability of or
affording protection to the Trustee shall be subject to the provisions of this
Section.

SECTION 6.02.  Notice of Defaults.
               -------------------

        Within 90 days after the occurrence of any default hereunder with
respect to the Securities of any series, the Trustee shall transmit by mail to
all Holders of Securities of such series, as their names and addresses appear in
the Security Register, notice of such default hereunder known to the Trustee,
unless such default shall have been cured or waived; provided, however, that,
                                                     --------  -------
except in the case of a default in the payment of the principal of (or premium,
if any) or interest on any Security of such series or in the payment of any
sinking fund installment with respect to Securities of such series, the Trustee
shall be protected in withholding such notice if and so long as the board of
directors, the executive committee or a trust committee of directors or
Responsible Officers of the Trustee in good faith determine that the withholding
of such notice is in the interest of the Holders of Securities of such series;
and provided, further, that in the case of any default of the character
    --------  -------
specified in Section 5.01(4) with respect to the Securities of such series, no
             ---------------
such notice to Holders shall be given until at least 30 days after the
occurrence thereof. For the purpose of this Section, the term "default" means
any event which is, or after notice or passage of time or both would become, an
Event of Default with respect to Securities of such series.

SECTION 6.03.  Certain Rights of Trustee.
               --------------------------

        Subject to the provisions of Section 6.01 and the Trust Indenture Act:
                                     ------------

        (1)  the Trustee may rely and shall be protected in acting or
refraining from acting upon any resolution, certificate, statement,
instrument, opinion, report, notice, request, direction, consent, order,
bond, debenture, note, other evidence of indebtedness or other paper or
document believed by it to be genuine and to have been signed or presented
by the proper party or parties;

        (2)  any request or direction of the Company mentioned herein shall be
sufficiently evidenced by a Company Request or Company Order and any
resolution of the Board of Directors shall be sufficiently evidenced by a
Board Resolution;

                                    -37-

(3)   whenever in the administration of this Indenture the Trustee shall deem it desirable that a matter be proved or established prior to taking, suffering or omitting any action hereunder, the Trustee (unless other evidence be herein specifically prescribed) may, in the absence of bad faith on its part, rely upon an Officers' Certificate;

(4)   before the Trustee acts or refrains from acting, the Trustee may consult with counsel and the written advice of such counsel or any Opinion of Counsel shall be full and complete authorization and protection in respect of any action taken, suffered or omitted by it hereunder in good faith and in reliance thereon;

(5)   the Trustee shall be under no obligation to exercise any of the rights or powers vested in it by this Indenture at the request or direction of any of the Holders pursuant to this Indenture, unless such Holders shall have offered to the Trustee reasonable security or indemnity against the costs, expenses and liabilities which might be incurred by it in compliance with such request or direction;

(6)   the Trustee shall not be bound to make any investigation into the facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, debenture, note, other evidence of indebtedness or other paper or document, but the Trustee, in its discretion, may make such further inquiry or investigation into such matters of fact as it may see fit, and, if the Trustee shall determine to make such further inquiry or investigation, it shall be entitled to examine the books, records and premises of the Company, personally or by agent or attorney;

(7)   the Trustee may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through agents or attorneys and the Trustee shall not be responsible for any misconduct or negligence on the part of any agent or attorney appointed with due care by it hereunder; and

(8)   except for (i) a default under Sections 5.01 (1), (2) or (3) hereof or (ii) any other event of which the Trustee has "actual knowledge" and which event, with the giving of notice or the passage of time or both, would constitute an Event of Default under this Indenture, the Trustee shall not be deemed to have notice of any default or Event of Default with respect to Securities of any series at the time Outstanding unless specifically notified in writing of such event by the Company or the Holders of not less than 25% in principal amount of the Outstanding Securities of that series; as used herein, the term "actual knowledge" means the actual fact or state of knowing, without any duty to make any investigation with regard thereto.

-38-

Source: TRIBUNE CO, 8-K, April 09, 1999

SECTION 6.04.  Not Responsible for Recitals or Issuance of Securities.
               --------------------------------------------------------

          The recitals contained herein and in the Securities, except the
Trustee's certificate of authentication, shall be taken as the statements of the
Company, and neither the Trustee nor any Authenticating Agent assumes any
responsibility for their correctness. The Trustee makes no representations as to
the validity or sufficiency of this Indenture or of the Securities. Neither the
Trustee nor any Authenticating Agent shall be accountable for the use or
application by the Company of Securities or the proceeds thereof.

SECTION 6.05.  May Hold Securities.
               --------------------

          The Trustee, any Authenticating Agent, any Paying Agent or any other
agent of the Company, in its individual or any other capacity, may become the
owner or pledgee of Securities and, subject to Sections 6.08 and 6.13, may
                                                  -------------   ----
otherwise deal with the Company with the same rights it would have if it were
not Trustee, Authenticating Agent, Paying Agent or such agent.

SECTION 6.06.  Money Held in Trust.
               --------------------

          Money held by the Trustee in trust hereunder need not be segregated
from other funds except to the extent required by law and except as otherwise
provided herein. The Trustee shall be under no liability for interest on any
money received by it hereunder except as otherwise agreed with the Company.

SECTION 6.07.  Compensation and Reimbursement.
               -------------------------------

          The Company agrees:

          (1)  to pay to the Trustee from time to time reasonable compensation
     in Dollars for all services rendered by it hereunder (which compensation
     shall not be limited by any provision of law in regard to the compensation
     of a trustee of an express trust);

          (2)  except as otherwise expressly provided herein, to reimburse the
     Trustee in Dollars upon its request for all reasonable expenses,
     disbursements and advances incurred or made by the Trustee in accordance
     with any provision of this Indenture (including the reasonable compensation
     and the expenses and disbursements of its agents and counsel), except any
     such expense, disbursement or advance as may be attributable to its
     negligence or bad faith; and

          (3)  to indemnify the Trustee for, and to hold it harmless against,
     any loss, liability or expense incurred without negligence or bad faith on
     its part, arising out of or in connection with the acceptance or
     administration of the trust or trusts hereunder, including the costs and
     expenses of defending itself against any

                                    -39-

Source: TRIBUNE CO, 8-K, April 09, 1999

claim or liability in connection with the exercise or performance of any of
its powers or duties hereunder.

SECTION 6.08.  Disqualification; Conflicting Interests.
-----------------------------------------

   The Trustee shall be disqualified only where such disqualification is
required by Section 310(b) of the Trust Indenture Act. Nothing shall prevent the
Trustee from filing with the Commission the application referred to in the
second to last paragraph of Section 310(b) of the Trust Indenture Act.

SECTION 6.09.  Corporate Trustee Required; Eligibility.
-----------------------------------------

   There shall at all times be a trustee hereunder which shall be
eligible to act as Trustee under Section 310(a)(1) of the Trust Indenture Act
having a combined capital and surplus of at least $50,000,000 and subject to
supervision or examination by federal or State authority. If such corporation
publishes reports of condition at least annually, pursuant to law or to the
requirements of said supervising or examining authority, then for the purposes
of this Section, the combined capital and surplus of such corporation shall be
deemed to be its combined capital and surplus as set forth in its most recent
report of condition so published. Neither the Company nor any Person directly or
indirectly controlling, controlled by, or under common control with the Company
may serve as Trustee. If at any time the Trustee shall cease to be eligible in
accordance with the provisions of this Section, it shall resign immediately in
the manner and with the effect hereinafter specified in this Article Six.
                                                             ------------

SECTION 6.10.  Resignation and Removal; Appointment of Successor.
--------------------------------------------------

   (a)  No resignation or removal of the Trustee and no appointment of a
successor Trustee pursuant to this Article shall become effective until the
acceptance of appointment by the successor Trustee in accordance with the
applicable requirements of Section 6.11.
                            ------------

   (b)  The Trustee may resign at any time with respect to the Securities
of one or more series by giving written notice thereof to the Company. If the
instrument of acceptance by a successor Trustee required by Section 6.11 shall
                                                             ------------
not have been delivered to the Trustee within 30 days after the giving of such
notice of resignation, the resigning Trustee may petition any court of competent
jurisdiction for the appointment of a successor Trustee with respect to the
Securities of such series.

   (c)  The Trustee may be removed at any time with respect to the
Securities of any series by Act of the Holders of a majority in principal amount
of the Outstanding Securities of such series, delivered to the Trustee and to
the Company.

   (d)  If at any time:

                                  -40-

(1)   the Trustee shall fail to comply with Section 310(b) of the Trust Indenture Act after written request therefor by the Company or by any Holder who has been a bona fide Holder of a Security of the series as to which the Trustee has a conflicting interest for at least six months; or

(2)   the Trustee shall cease to be eligible under Section 6.09 and shall fail to resign after written request therefor by the Company or by any such Holder; or

(3)   the Trustee shall become incapable of acting or shall be adjudged a bankrupt or insolvent or a receiver of the Trustee or of its property shall be appointed or any public officer shall take charge or control of the Trustee or of its property or affairs for the purpose of rehabilitation, conservation or liquidation;

then, in any such case, (i) the Company by a Board Resolution may remove the Trustee with respect to all Securities, or (ii) subject to Section 5.14, any Holder who has been a bona fide Holder of a Security for at least six months may, on behalf of himself and all others similarly situated, petition any court of competent jurisdiction for the removal of the Trustee with respect to all Securities and the appointment of a successor Trustee or Trustees.

(e)   If the Trustee shall resign, be removed or become incapable of acting, or if a vacancy shall occur in the office of Trustee for any cause, with respect to the Securities of one or more series, the Company, by a Board Resolution, shall promptly appoint a successor Trustee or Trustees with respect to the Securities of that or those series (it being understood that any such successor Trustee may be appointed with respect to the Securities of one or more or all of such series and that at any time there shall be only one Trustee with respect to the Securities of any particular series) and shall comply with the applicable requirements of Section 6.11. If, within one year after such resignation, removal or incapability, or the occurrence of such vacancy, a successor Trustee with respect to the Securities of any series shall be appointed by Act of the Holders of a majority in principal amount of the Outstanding Securities of such series delivered to the Company and the retiring Trustee, the successor Trustee so appointed shall, forthwith upon its acceptance of such appointment in accordance with the applicable requirements of Section 6.11, become the successor Trustee with respect to the Securities of such series and to that extent supersede the successor Trustee appointed by the Company with respect to such Securities. If no successor Trustee with respect to the Securities of any series shall have been so appointed by the Company or the Holders of Securities of such series and accepted appointment in the manner required by Section 6.11, any Holder who has been a bona fide Holder of a Security of such series for at least six months may, on behalf of himself and all others similarly situated, petition any court of competent jurisdiction for the appointment of a successor Trustee with respect to the Securities of such series.

(f)   The Company shall give notice of each resignation and each removal of the Trustee with respect to the Securities of any series and each appointment of a successor Trustee with respect to the Securities of any series by mailing written notice of such event by first-class mail, postage prepaid, to all Holders of Securities of such series as their names and addresses

-41-

Source: TRIBUNE CO, 8-K, April 09, 1999

appear in the Security Register. Each notice shall include the name of the successor Trustee with respect to the Securities of such series and the address of its Corporate Trust Office.

SECTION 6.11.    Acceptance of Appointment by Successor.
----------------------------------------

        (a)    In case of the appointment hereunder of a successor Trustee with respect to all Securities, every such successor Trustee so appointed shall execute, acknowledge and deliver to the Company and to the retiring Trustee an instrument accepting such appointment, and thereupon the resignation or removal of the retiring Trustee shall become effective and such successor Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers, trusts and duties of the retiring Trustee; but, on the request of the Company or the successor Trustee, such retiring Trustee shall, upon payment of its charges, execute and deliver an instrument transferring to such successor Trustee all the rights, powers and trusts of the retiring Trustee and shall duly assign, transfer and deliver to such successor Trustee all property and money held by such retiring Trustee hereunder.

        (b)    In case of the appointment hereunder of a successor Trustee with respect to the Securities of one or more (but not all) series, the Company, the retiring Trustee and each successor Trustee with respect to the Securities of one or more series shall execute and deliver an indenture supplemental hereto wherein each successor Trustee shall accept such appointment and which (1) shall contain such provisions as shall be necessary or desirable to transfer and confirm to, and to vest in, each successor Trustee all the rights, powers, trusts and duties of the retiring Trustee with respect to the Securities of that or those series to which the appointment of such successor Trustee relates, (2) if the retiring Trustee is not retiring with respect to all Securities, shall contain such provisions as shall be deemed necessary or desirable to confirm that all the rights, powers, trusts and duties of the retiring Trustee with respect to the Securities of that or those series as to which the retiring Trustee is not retiring shall continue to be vested in the Trustee, and (3) shall add to or change any of the provisions of this Indenture as shall be necessary to provide for or facilitate the administration of the trusts hereunder by more than one Trustee, it being understood that nothing herein or in such supplemental indenture shall constitute such Trustees co-trustees of the same trust, that each such Trustee shall be trustee of a trust or trusts hereunder separate and apart from any trust or trusts hereunder administered by any other such Trustee and that no Trustee shall be responsible for any act or failure to act on the part of any other Trustee hereunder; and upon the execution and delivery of such supplemental indenture the resignation or removal of the retiring Trustee shall become effective to the extent provided therein, such retiring Trustee shall with respect to the Securities of that or those series to which the appointment of such successor Trustee relates have no further responsibility for the exercise of rights and powers or for the performance of the duties and obligations vested in the Trustee under this Indenture, and each such successor Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers, trusts and duties of the retiring Trustee with respect to the Securities of that or those series to which the appointment of such successor Trustee relates; but, on request of the Company or any successor Trustee, such retiring Trustee shall duly assign, transfer and deliver to such Successor Trustee, to the extent contemplated by such supplemental indenture, the property and money held by such retiring Trustee hereunder

-42-

Source: TRIBUNE CO, 8-K, April 09, 1999

with respect to the Securities of that or those series to which the appointment of such successor Trustee relates.

(c)  Upon request of any such successor Trustee, the Company shall execute any and all instruments for more fully and certainly vesting in and confirming to such successor Trustee all such rights, powers and trusts referred to in paragraph (a) or (b) of this Section, as the case may be .

(d)  No successor Trustee shall accept its appointment unless at the time of such acceptance such successor Trustee shall be qualified and eligible under this Article Six.

SECTION 6.12.  Merger, Conversion, Consolidation or Succession to Business.
               -------------------------------------------------------------

Any corporation into which the Trustee may be merged or converted or with which it may be consolidated, or any corporation resulting from any merger, conversion or consolidation to which the Trustee shall be a party, or any corporation succeeding to all or substantially all the corporate trust business of the Trustee, shall be the successor of the Trustee hereunder, provided such corporation shall be otherwise qualified and eligible under this Article, without the execution or filing of any paper or any further act on the part of any of the parties hereto. In case any Securities shall have been authenticated, but not delivered, by the Trustee then in office, any successor (by merger, conversion, consolidation or otherwise permitted hereunder) to such authenticating Trustee may adopt such authentication and deliver the Securities so authenticated with the same effect as if such successor Trustee had itself authenticated such Securities.

SECTION 6.13.  Preferential Collection of Claims Against Company.
               -------------------------------------------------

The Trustee shall comply with Section 311(a) of the Trust Indenture Act, excluding any creditor relationship listed in Section 311(b) of the Trust Indenture Act. A Trustee who has resigned or been removed shall be subject to Section 311(a) of the Trust Indenture Act to the extent indicated therein.

SECTION 6.14.  Appointment of Authenticating Agent.
               -----------------------------------

At any time when any of the Securities remain Outstanding the Trustee may appoint an Authenticating Agent or Agents with respect to one or more series of Securities which shall be authorized to act on behalf of the Trustee to authenticate Securities of such series issued upon exchange, registration of transfer or partial .redemption thereof or pursuant to Section 3.06 and Securities so authenticated shall be entitled to the benefits of this Indenture and shall be valid and obligatory for all purposes as if authenticated by the Trustee hereunder. Wherever reference is made in this Indenture to the authentication and delivery of Securities by the Trustee or the Trustee's certificate of authentication, such reference shall be deemed to include authentication and delivery by an Authenticating Agent and a certificate of authentication executed by an Authenticating Agent. Each Authenticating Agent shall be acceptable to the Company and shall at all times be a corporation organized and doing business under the laws of the United States of

-43-

Source: TRIBUNE CO, 8-K, April 09, 1999

America, any State thereof or the District of Columbia, authorized under such laws to act as Authenticating Agent, having a combined capital and surplus of not less than $50,000,000 and subject to supervision or examination by Federal or State authority. If such Authenticating Agent publishes reports of condition at least annually, pursuant to law or to the requirements of said supervising or examining authority, then for the purposes of this Section 6.14, the combined capital and surplus of such Authenticating Agent shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition so published. If at any time an Authenticating Agent shall cease to be eligible in accordance with the provisions of this Section 6.14, such Authenticating Agent shall resign immediately in the manner and with the effect specified in this Section 6.14.

Any corporation into which an Authenticating Agent may be merged or converted or with which it may be consolidated, or any corporation resulting from any merger, conversion or consolidation to which such Authenticating Agent shall be a party, or any corporation succeeding to the corporate agency or corporate trust business of an Authenticating Agent, shall continue to be an Authenticating Agent, provided such corporation shall be otherwise eligible under this Section 6.14, without the execution or filing of any paper or any further act on the part of the Trustee or the Authenticating Agent.

An Authenticating Agent may resign at any time by giving written notice thereof to the Trustee and to the Company. The Trustee may at any time terminate the agency of an Authenticating Agent by giving written notice thereof to such Authenticating Agent and to the Company. Upon receiving such a notice of resignation or upon such a termination, or in case at any time such Authenticating Agent shall cease to be eligible in accordance with the provisions of this Section, the Trustee may appoint a successor Authenticating Agent which shall be acceptable to the Company and shall mail written notice of such appointment by first-class mail, postage prepaid, to all Holders of Securities of the series with respect to which such Authen-ticating Agent will serve, as their names and addresses appear in the Security Register. Any successor Authenticating Agent upon acceptance of its appointment hereunder shall become vested with all rights, powers and duties of its predecessor hereunder, with like effect as if originally named as an Authenticating Agent. No successor Authenticating Agent shall be appointed unless eligible under the provisions of this Section 6.14.

The Trustee agrees to pay to each Authenticating Agent from time to time reasonable compensation for its services under this Section 6.14, and the Trustee shall be entitled to be reimbursed for such payments.

The provisions of Sections 3.08, 6.04 and 6.05 shall be applicable to each Authenticating Agent.

Pursuant to each appointment made under this Section 6.14, the Securities of each series covered by such appointment may have endorsed thereon, in addition to the Trustee's certificate of authentication, an alternate certificate of authentication in the following form:

-44-

This is one of the Securities of the series designated herein referred to in the within-mentioned Indenture.

_____
As Authenticating Agent


By: _____
Authorized Signature


ARTICLE VII

HOLDERS' LISTS AND REPORTS BY TRUSTEE AND COMPANY

SECTION 7.01.    Company to Furnish Trustee Names and Addresses of Holders.
                 ----------------------------------------------------------

        The Company will furnish or cause to be furnished to the Trustee

        (1)  semi-annually, not more than 15 days after each record date with respect to a regular interest payment date for each series of Securities, a list, in such form as the Trustee may reasonably require, containing all the information in the possession and control of the Company or of its paying agents regarding the names and addresses of the Holders of such series as of such record date; provided, however, that if Securities of any
                                              --------  -------
series shall have more than two regular interest payment dates in each calendar year or shall not bear interest, then such list with respect to such series of Securities will be furnished to the Trustee semi-annually on such dates as may be agreeable to the Trustee; and

        (2)  at such other times as the Trustee may request in writing, within 30 days after the receipt by the Company of any such request, a list of similar form and content as of a date not more than 15 days prior to the time such list is furnished;

except that if the Trustee is the sole registrar with respect to any series of Securities, no such list need be furnished with respect to such series.

SECTION 7.02.    Preservation of Information; Communications to Holders.
                 ------------------------------------------------------

        (a)  The Trustee shall preserve, in as current a form as is reasonably practicable, the names and addresses of Holders contained in the most recent list furnished to the Trustee as provided in Section 7.01 and the names and
                                                           ------------
addresses of Holders received by the

                                 -45-

Trustee in its capacity as sole Security Registrar, if so acting. The Trustee may destroy any list furnished to it as provided in Section 7.01 upon receipt of a new list so furnished.

(b)  If three or more Holders (herein referred to as "applicants") apply in writing to the Trustee, and furnish to the Trustee reasonable proof that each such applicant has owned a Security for a period of at least six months preceding the date of such application, and such application states that the applicants desire to communicate with other Holders with respect to their rights under this Indenture or under the Securities and is accompanied by a copy of the form of proxy or other communication which such applicants propose to transmit, then the Trustee shall, within five Business Days after the receipt of such application, at its election, either

(1)  afford such applicants access to the information preserved at the time by the Trustee in accordance with Section 7.02(a), or

(2)  inform such applicants as to the approximate number of Holders whose names and addresses appear in the information preserved at the time by the Trustee in accordance with Section 7.02(a), and as to the approximate cost of mailing to such Holders the form of proxy or other communication, if any, specified in such application.

If the Trustee shall elect not to afford such applicants access to such information, the Trustee shall, upon the written request of such applicants, mail to each Holder whose name and address appears in the information preserved at the time by the Trustee in accordance with Section 7.02(a) a copy of the form of proxy or other communication which is specified in such request, with reasonable promptness after a tender to the Trustee of the material to be mailed and of payment, or provision for the payment, of the reasonable expenses of mailing, unless within five days after such tender the Trustee shall mail to such applicants and file with the Commission, together with a copy of the material to be mailed, a written statement to the effect that, in the opinion of the Trustee, such mailing would be contrary to the best interest of the Holders or would be in violation of applicable law. Such written statement shall specify the basis of such opinion. If the Commission, after opportunity for a hearing upon the objections specified in the written statement so filed, shall enter an order refusing to sustain any of such objections or if, after the entry of an order sustaining one or more of such objections, the Commission shall find, after notice and opportunity for hearing, that all the objections so sustained have been met and shall enter an order so declaring, the Trustee shall mail copies of such material to all such Holders with reasonable promptness after the entry of such order and the renewal of such tender; otherwise the Trustee shall be relieved of any obligation or duty to such applicants respecting their application.

(c)  Every Holder of Securities, by receiving and holding the same, agrees with the Company and the Trustee that neither the Company nor the Trustee nor any agent of either of them shall be held accountable by reason of the disclosure of any such information as to the names and addresses of the Holders in accordance with Section 7.02(b), regardless of the source from which such information was derived, and that the Trustee shall not be held accountable by reason of mailing any material pursuant to a request made under Section 7.02(b).

-46-

SECTION 7.03.  Reports by Trustee.
                -------------------

        (a)  Within 60 days after May 15 of each year commencing with the year
2000, the Trustee shall transmit by mail to all Holders as provided in Section
313(c) of the Trust Indenture Act, a brief report dated as of such May 15, if
required by and in compliance with Section 313(a) of the Trust Indenture Act.
The Trustee shall also comply with Section 313(b) of the Trust Indenture Act.

        (b)  A copy of each such report shall, at the time of such
transmission to Holders, be filed by the Trustee with each stock exchange upon
which any Securities are listed, with the Commission and with the Company. The
Company will notify the Trustee when any Securities are listed on any stock
exchange.

SECTION 7.04.  Reports by Company.
                -------------------

        The Company shall:

        (1)  file with the Trustee, within 15 days after the Company is
required to file the same with the Commission, copies of the annual reports
and of the information, documents and other reports (or copies of such
portions of any of the foregoing as the Commission may from time to time by
rules and regulations prescribe) which the Company may be required to file
with the Commission pursuant to Section 13 or Section 15(d) of the
Securities Exchange Act of 1934, as amended (the "Exchange Act"); or, if
                                                  ------------
the Company is not required to file information, documents or reports
pursuant to either of said Sections, then it shall file with the Trustee
and the Commission, in accordance with rules and regulations prescribed
from time to time by the Commission, such of the supplementary and periodic
information, documents and reports which may be required pursuant to
Section 13 of the Exchange Act in respect of a security listed and
registered on a national securities exchange as may be prescribed from time
to time in such rules and regulations;

        (2)  file with the Trustee and the Commission, in accordance with
rules and regulations prescribed from time to time by the Commission, such
additional information, documents and reports with respect to compliance by
the Company with the conditions and covenants of this Indenture as may be
required from time to time by such rules and regulations; and

        (3)  transmit by mail to all Holders, as their names and addresses
appear in the Security Register, within 30 days after the filing thereof
with the Trustee, such summaries of any information, documents and reports
required to be filed by the Company pursuant to paragraphs (1) and (2) of
this Section as may be required by rules and regulations prescribed from
time to time by the Commission.

                                    -47-

ARTICLE VIII

CONSOLIDATION, MERGER, CONVEYANCE, TRANSFER OR LEASE

SECTION 8.01.  Company May Consolidate, Etc., Only on Certain Terms.
-------------------------------------------------------

        The Company shall not consolidate with or merge into any other
corporation or convey, transfer or lease its properties and assets substantially
as an entirety to any Person, unless:

        (1)  the corporation formed by such consolidation or into which the
    Company is merged or the Person which acquires by conveyance or transfer,
    or which leases, the properties and assets of the Company substantially as
    an entirety shall be a corporation organized and existing under the laws of
    the United States of America, any State thereof or the District of Columbia
    and shall expressly assume, by an Indenture supplemental hereto, executed
    and delivered to the Trustee, in form satisfactory to the Trustee, the due
    and punctual payment of the principal of (and premium, if any) and interest
    on all the Securities and the due and punctual performance and observance
    of every covenant of this Indenture on the part of the Company to be
    performed or observed;

        (2)  immediately after giving effect to such transaction, no Event of
    Default, and no event which, after notice or lapse of time or both, would
    become an Event of Default, shall have happened and be continuing; and

        (3)  the Company has delivered to the Trustee an Officers' Certificate
    and an opinion of Counsel, each stating that such consolidation, merger,
    conveyance, transfer or lease and supplemental Indenture comply with this
    Article and that all conditions precedent herein provided for relating to
    such transaction have been complied with.

SECTION 8.02.  Successor Corporation Substituted.
-----------------------------------

        Upon any consolidation of the Company with or merger of the Company
into any other corporation or any conveyance, transfer or lease of the
properties and assets of the Company substantially as an entirety in accordance
with Section 8.01, the successor corporation formed by such consolidation or
-----------
into which the Company is merged or to which such conveyance, transfer or lease
is made shall succeed to, and be substituted for, and may exercise every right
and power of, the Company under this Indenture with the same effect as if such
successor corporation had been named as the Company herein, and thereafter,
except in the case of a lease, the predecessor corporation shall be relieved of
all obligations and covenants under this Indenture and the Securities.

-48-

Source: TRIBUNE CO, 8-K, April 09, 1999

ARTICLE IX

SUPPLEMENTAL INDENTURES

SECTION 9.01.  Supplemental Indentures without Consent of Holders.
-----------------------------------------------------

          Without the consent of any Holders, the Company, when authorized by a
Board Resolution, and the Trustee, at any time and from time to time, may enter
into one or more indentures supplemental hereto, in form satisfactory to the
Trustee, for any of the following purposes:

          (1)  to evidence the succession of another corporation to the Company
and the assumption by any such successor of the covenants of the Company
herein and in the Securities; or

          (2)  to add to the covenants of the Company for the benefit of the
Holders of all or any series of Securities (and if such covenants are to be
for the benefit of less than all series of Securities, stating that such
covenants are expressly being included solely for the benefit of such
series) or to surrender any right or power herein conferred upon the
Company; or

          (3)  to add any additional Events of Default (and if such Events of
Default are to be applicable to less than all series, stating such Events
of Default are expressly being included solely to be applicable to such
series); or

          (4)  to add to or change any of the provisions of this Indenture to
such extent as shall be necessary to permit or facilitate the issuance of
Securities in bearer form, registrable as to principal, and with or without
interest coupons; or

          (5)  to add to, change or eliminate any of the provisions of this
Indenture, in respect of one or more series of Securities, provided that
                                                            --------
any such addition, change or elimination (A) shall neither (i) apply to any
Security of any series created prior to the execution of such supplemental
indenture and entitled to the benefit of such provision nor (ii) modify the
rights of the Holder of any such Security with respect to such provision or
(B) shall become effective only when there is no such Security Outstanding;
or

          (6)  to establish the form or terms of Securities of any series as
permitted by Sections 2.01 and 3.01; or
             -------------    ----

          (7)  to evidence and provide for the acceptance of appointment
hereunder by a successor Trustee with respect to the Securities of one or
more series and to add to or change any of the provisions of this Indenture
as shall be

                                    -49-

necessary to provide for or facilitate the administration of the trusts
hereunder by more than one Trustee, pursuant to the requirements of Section
6.11(b); or
-------

(8)  to cure any ambiguity, to correct or supplement any provision
herein which may be inconsistent with any other provision herein, or to
make any other provisions with respect to matters or questions arising
under this Indenture which shall not be inconsistent with the provisions of
this Indenture, provided such action shall not adversely affect the
interest of the Holders of Securities of any series in any material
respect.

SECTION 9.02.  Supplemental Indentures with Consent of Holders.
               ------------------------------------------------

With the consent of the Holders of a majority in principal amount of
the Outstanding Securities of each series affected by such supplemental
indenture, by Act of said Holders delivered to the Company and the Trustee, the
Company, when authorized by a Board Resolution, and the Trustee may enter into
an indenture or indentures supplemental hereto for the purpose of adding any
provisions to or changing in any manner or eliminating any of the provisions of
this Indenture or of modifying in any manner the rights of the Holders of
Securities of such series under this Indenture; provided, however, that no such
                                                 --------  -------
supplemental indenture shall, without the consent of the Holder of each
Outstanding Security affected thereby,

(1)  change the due date of the principal of, or any installment of
principal of or interest on, any Security, or reduce the principal amount
thereof or the rate of interest thereon or any premium payable upon
redemption thereof, or reduce the amount of the principal of any Security
that would be due and payable upon a declaration of the maturity thereof
pursuant to Section 5.02, or change the place of payment where, or the coin
            ------------
or Currency in which, any Security or any premium or the interest thereon
is denominated or payable (or, in the case of certain Securities which
provide for less than the entire principal amount thereof to be due and
payable upon a declaration of acceleration of the maturity thereof pursuant
to Section 5.02, reduce the amount of principal payable upon such a
   ------------
declaration of acceleration of the maturity thereof), or impair the right
to institute suit for the enforcement of any such payment on or after the
due date thereof (or, in the case of redemption,.on or after the Redemption
Date), or

(2)  reduce the percentage of the principal amount of the Outstanding
Securities of any series, the consent of whose Holders is required for any
such supplemental indenture, or the consent of whose Holders is required
for any waiver (of compliance with certain provisions of this Indenture or
certain defaults hereunder and their consequences) provided for in this
Indenture, or

(3)  modify any of the provisions of this Section, Section 5.13 or
                                                   ------------
Section 10.08, except to increase any such percentage or to provide that
-------------
certain other provisions of this Indenture cannot be modified or waived
without the consent of the Holder of each Outstanding Security affected
thereby.

-50-

Source: TRIBUNE CO, 8-K, April 09, 1999