A supplemental indenture which changes or eliminates any covenant or other provision of this Indenture which has expressly been included solely for the benefit of one or more particular series of Securities, or which modifies the rights of the Holders of Securities of such series with respect to such covenant or other provision, shall be deemed not to affect the rights under this Indenture of the Holders of Securities of any other series.

It shall not be necessary for any Act of Holders under this Section to approve the particular form of any proposed supplemental indenture, but it shall be sufficient if such Act shall approve the substance thereof.

SECTION 9.03.    Execution of Supplemental Indentures.
----------------------------------------

In executing, or accepting the additional trusts created by, any supplemental indenture permitted by this Article or the modifications thereby of the trusts created by this Indenture, the Trustee shall be entitled to receive, and (subject to Section 6.01) shall be fully protected in relying upon, an
------------
Opinion of Counsel stating that the execution of such supplemental indenture is authorized or permitted by this Indenture. The Trustee may, but shall not be obligated to, enter into any such supplemental indenture which affects the Trustee's own rights, duties or immunities under this Indenture or otherwise.

SECTION 9.04.    Effect of Supplemental Indentures.
----------------------------------------

Upon the execution of any supplemental indenture under this Article, this Indenture shall be modified in accordance therewith, and such supplemental indenture shall form a part of this Indenture for all purposes; and every Holder of Securities theretofore or thereafter authenticated and delivered hereunder shall be bound thereby.

SECTION 9.05.    Conformity with Trust Indenture Act.
----------------------------------------

Every supplemental indenture executed pursuant to this Article shall conform to the requirements of the Trust Indenture Act as then in effect.

SECTION 9.06.    Reference in Securities to Supplemental Indentures.
----------------------------------------------------

Securities of any series authenticated and delivered after the execution of any supplemental indenture pursuant to this Article may, and shall if required by the Trustee, bear a notation in form approved by the Trustee as to any matter provided for in such supplemental indenture. If the Company shall so determine, new Securities of any series so modified as to conform, in the opinion of the Trustee and the Company, to any such supplemental indenture may be prepared and executed by the Company and authenticated and delivered by the Trustee in exchange for Outstanding Securities of such series.

-51-

ARTICLE X

COVENANTS

SECTION 10.01. Payment of Principal, Premium and Interest.
------------------------------------------------

The Company covenants and agrees for the benefit of each series of
Securities that it will duly and punctually pay the principal of (and premium,
if any) and interest on the Securities of that series in accordance with the
terms of the Securities and this Indenture.

SECTION 10.02. Maintenance of Office or Agency.
---------------------------------

The Company will maintain in The City of New York, for any series of
Securities, an office or agency where Securities of that series may be presented
or surrendered for payment, where Securities of that series may be surrendered
for registration of transfer or exchange and where notices to and demands upon
the Company in respect of the Securities of that series and this Indenture may
be served. Unless otherwise designated by the Company in a written notice to the
Trustee, such office or agency for all purposes shall be the Corporate Trust
Office of the Trustee. The Company will give prompt written notice to the
Trustee of the location, and any change in the location, of such office or
agency. If at any time the Company shall fail to maintain such required office
or agency or shall fail to furnish the Trustee with the address thereof, such
presentations, surrenders, notices and demands may be made or served at the
Corporate Trust Office of the Trustee in The City of New York, and the Company
hereby appoints the Trustee as its agent to receive all such presentations,
surrenders, notices and demands.

SECTION 10.03. Money for Securities Payments To Be Held in Trust.
----------------------------------------------------

If the Company shall at any time act as its own Paying Agent with
respect to any series of Securities, it will, on or before each due date of the
principal of (and premium, if any) or interest on any of the Securities of that
series, segregate and hold in trust for the benefit of the Persons entitled
thereto a sum sufficient to pay the principal (and premium, if any) or interest
so becoming due until such sums shall be paid to such Persons or otherwise
disposed of as herein provided and will promptly notify the Trustee of its
action or failure so to act.

Whenever the Company shall have one or more Paying Agents for any
series of Securities, it will, prior to each due date of the principal of (and
premium, if any) or interest on any Securities of that series, deposit with a
Paying Agent a sum sufficient to pay the principal (and premium, if any) or
interest so becoming due, such sum to be held in trust for the benefit of the
Persons entitled to such principal, premium or interest, and (unless such Paying
Agent is the Trustee) the Paying Agent will promptly notify the Trustee of the
Company's action or failure so to act.

-52-

Source: TRIBUNE CO, 8-K, April 09, 1999

The Company will cause each Paying Agent for any series of Securities other than the Trustee to execute and deliver to the Trustee an instrument in which such Paying Agent shall agree with the Trustee, subject to the provisions of this Section, that such Paying Agent will:

(1)  hold all sums held by it for the payment of the principal of (and premium, if any) or interest on Securities of that series in trust for the benefit of the Persons entitled thereto until such sums shall be paid to such Persons or otherwise disposed of as herein provided;

(2)  give the Trustee notice of any default by the Company (or any other obligor upon the Securities of that series) in the making of any payment of principal (and premium, if any) or interest on the Securities of that series; and

(3)  at any time during the continuance of any such default, upon the written request of the Trustee, forthwith pay to the Trustee all sums so held in trust by such Paying Agent.

The Company may at any time, for the purpose of obtaining the satisfaction and discharge of this Indenture or for any other purpose, pay, or by Company Order direct any Paying Agent to pay, to the Trustee all sums held in trust by the Company or such Paying Agent, such sums to be held by the Trustee upon the same trusts as those upon which such sums were held by the Company or such Paying Agent; and, upon such payment by any Paying Agent to the Trustee, such Paying Agent shall be released from all further liability with respect to such money.

Any money deposited with the Trustee or any Paying Agent, or then held by the Company, in trust for the payment of the principal of (and premium, if any) or interest on any Security of any series and remaining unclaimed for one year after such principal (and premium, if any) or interest has become due and payable shall be paid to the Company on Company Request, or (if then held by the Company) shall be discharged from such trust; and the Holder of such Security shall thereafter, as an unsecured general creditor, look only to the Company for payment thereof, and all liability of the Trustee or such Paying Agent with respect to such trust money, and all liability of the Company as trustee thereof, shall thereupon cease; provided, however, that the Trustee or such Paying Agent, before being required to make any such repayment, may at the expense of the Company cause to be published once, in a newspaper published in the English language, customarily published on each Business Day and of general circulation in the Borough of Manhattan, The City of New York, notice that such money remains unclaimed and that, after a date specified therein, which shall not be less than 30 days from the date of such publication, any unclaimed balance of such money then remaining will be repaid to the Company.

SECTION 10.04. Corporate Existence.

Subject to Article Eight, the Company will do or cause to be done all things necessary to preserve and keep in full force and effect its corporate existence and that of each Subsidiary and the rights (charter and statutory) and franchises of the Company and its Subsidiaries; provided, however, that the Company shall not be required to preserve any such

-53-

Source: TRIBUNE CO, 8-K, April 09, 1999

right or franchise if the Company or the Subsidiary concerned shall determine
that the preservation thereof is no longer desirable in the conduct of the
business of the Company and its Subsidiaries considered as a whole.

SECTION 10.05. Maintenance of Properties.
               --------------------------

     The Company will cause all properties used or useful in the conduct of
its business or the business of any Subsidiary to be maintained and kept in good
condition, repair and working order (normal wear and tear accepted) and supplied
with all necessary equipment and will cause to be made all necessary repairs,
renewals, replacements, betterments and improvements thereof, all as in the
judgment of the Company may be necessary so that the business carried on in
connection therewith may be properly and advantageously conducted at all times;
provided, however, that nothing in this Section shall prevent the Company from
- -------- -------
discontinuing the operation and maintenance of any of such properties, or
disposing of any of them, if such discontinuance or disposal is, in the judgment
of the Company or of the Subsidiary concerned, desirable in the conduct of its
business or the business of any Subsidiary and not disadvantageous in any
material respect to the Holders.

SECTION 10.06. Payment of Taxes and Other Claims.
               ----------------------------------

     The Company will pay or discharge or cause to be paid or discharged,
before the same shall become delinquent, (1) all material taxes, assessments and
governmental charges levied or imposed upon the Company or any Subsidiary or
upon the income, profits or property of the Company or any Subsidiary, and (2)
all lawful claims for labor, materials and supplies which, if unpaid, might by
law become a lien upon the property of the Company or any Subsidiary; provided,
                                                                       --------
however, that the Company shall not be required to pay or discharge or cause to
- -------
be paid or discharged any such tax, assessment, charge or claim whose amount,
applicability or validity is being contested in good faith by appropriate
proceedings and the Company shall have set aside on its books adequate reserves
with respect thereto (segregated to the extent required by generally accepted
accounting principles).

SECTION 10.07. Statement as to Compliance.
               ---------------------------

     The Company will deliver to the Trustee, within 120 days after the end
of each fiscal year, an Officers' Certificate (executed by at least the
principal executive officer, the principal financial officer or the principal
accounting officer of the Company) stating whether or not to the best knowledge
of the signers thereof the Company is in default in the performance and
observance of any of the Company's covenants and agreements contained in this
Indenture and if the Company shall be in default, specifying all such defaults
and the nature and status thereof of which they may have knowledge.

                                     -54-

SECTION 10.08. Waiver of Certain Covenants.
                -----------------------------

        The Company may omit in any particular instance to comply with any
term, provision or condition set forth in Sections 10.04 to 10.06, inclusive,
                                          --------------   -----
with respect to the Securities of any series if before or after the time for
such compliance the Holders of a majority in principal amount of the Outstanding
Securities of such series shall, by Act of such Holders, either waive such
compliance in such instances or generally waive compliance with such term,
provision or condition, but no such waiver shall extend to or affect such term,
provision or condition except to the extent so expressly waived, and until such
waiver shall become effective, the obligations of the Company and the duties of
the Trustee in respect of any such term, provision or condition shall remain in
full force and effect.

SECTION 10.09. Payment of Additional Amounts.
                ------------------------------

        If the Securities of any series provide for the payment of additional
amounts, the Company will pay to the Holder of any Security of any series
additional amounts upon the terms and subject to the conditions provided
therein. Whenever in this Indenture there is mentioned, in any context, the
payment of the principal of (or premium, if any) or interest on, or in respect
of, any Security of any series or the net proceeds received on the sale or
exchange of any Security of any series, such mention shall be deemed to include
mention of the payment of additional amounts provided for in the terms of such
Securities and this Section to the extent that, in such context, additional
amounts are, were or would be payable in respect thereof pursuant to the
provisions of this Section and express mention of the payment of additional
amounts (if applicable) in any provisions hereof shall not be construed as
excluding additional amounts in those provisions hereof where such express
mention is not made.


                                ARTICLE XI

                         REDEMPTION OF SECURITIES

SECTION 11.01. Applicability of Article.
                -------------------------

        Securities of any series which are redeemable before their stated
maturity shall be redeemable in accordance with their terms and (except as
otherwise specified as contemplated by Section 3.01 for Securities of any
                                       ------------
series) in accordance with this Article.

SECTION 11.02. Election to Redeem; Notice to Trustee.
                --------------------------------------

        In case of any redemption at the election of the Company of less than
all the Securities of any series, the Company shall, at least 60 days prior to
the Redemption Date fixed by the Company (unless a shorter notice shall be
satisfactory to the Trustee), notify the Trustee of such Redemption Date and of
the principal amount of Securities of such series to be redeemed. In the case of
any redemption of Securities prior to the expiration of any restriction on such

                                   -55-

redemption provided in the terms of such Securities or elsewhere in this Indenture, the Company shall furnish the Trustee with an Officers' Certificate evidencing compliance with such restriction.

SECTION 11.03. Selection by Trustee of Securities to Be Redeemed.
-------------------------------------------------

If less than all the Securities of any series are to be redeemed, the particular Securities to be redeemed shall be selected not more than 60 days prior to the Redemption Date by the Trustee, from the Outstanding Securities of such series not previously called for redemption, substantially pro rata, by lot or by any other method as the Trustee shall deem fair and appropriate and that complies with the requirements of the principal securities exchange, if any, on which such Securities are listed, and which may provide for the selection for redemption of portions (equal to the minimum authorized denominations for Securities of that series or any integral multiple thereof) of the principal amount of Securities of such series of a denomination larger than the minimum authorized denomination for Securities of that series.

The Trustee shall promptly notify the Company in writing of the Securities selected for redemption and, in the case of any Securities selected for partial redemption, the principal amount thereof to be redeemed.

For all purposes of this Indenture, unless the context otherwise requires, all provisions relating to the redemption of Securities shall relate, in the case of any Securities redeemed or to be redeemed only in part, to the portion of the principal amount of such Securities which has been or is to be redeemed.

SECTION 11.04. Notice of Redemption.
--------------------

Unless otherwise specified in the Securities of any series, notice of redemption shall be given by first-class mail, postage prepaid, mailed not less than 30 nor more than 60 days prior to the Redemption Date, to each Holder of Securities to be redeemed, at his address appearing in the Security Register.

All notices of redemption shall state:

(1)  the Redemption Date;

(2)  the Redemption Price;

(3)  if less than all the Outstanding Securities of any series are to be redeemed, the identification (and, in the case of partial redemption, the principal amounts) of the particular Securities to be redeemed;

(4)  that on the Redemption Date the Redemption Price will become due and payable upon each such Security to be redeemed and, if applicable, that interest thereon will cease to accrue on and after said date;

-56-

Source: TRIBUNE CO, 8-K, April 09, 1999

(5)  the place or places where such Securities are to be surrendered for payment of the Redemption Price;

(6)  that the redemption is for a sinking fund, if such is the case; and

(7)  the CUSIP number, if any, of the Securities to be redeemed.

Notice of redemption of Securities to be redeemed at the election of the Company shall be given by the Company or, at the Company's request, by the Trustee in the name and at the expense of the Company.

SECTION 11.05. Deposit of Redemption Price.
----------------------------

On or prior to any Redemption Date, the Company shall deposit with the Trustee or with a Paying Agent (or, if the Company is acting as its own Paying Agent, segregate and hold in trust as provided in Section 10.03) an amount of
--------------
money sufficient to pay the Redemption Price of, and (except if the Redemption Date shall be the date for an installment of interest) accrued interest on, all the Securities which are to be redeemed on that date.

SECTION 11.06. Securities Payable on Redemption Date.
-------------------------------------

Notice of redemption having been given as aforesaid, the Securities so to be redeemed shall, on the Redemption Date, become due and payable at the Redemption Price therein specified, and from and after such date (unless the Company shall default in the payment of the Redemption Price and accrued interest) such Securities shall cease to bear interest. Upon surrender of any such Security for redemption in accordance with said notice, such Security shall be paid by the Company at the Redemption Price, together with accrued interest to the Redemption Date; provided, however, that installments of interest whose
--------  -------
due date is on or prior to the Redemption Date shall be payable to the Holders of such Securities, or one or more Predecessor Securities, registered as such at the close of business on the relevant record date with respect to such installments of interest according to their terms and the provisions of Section
-------
3.07.
- ----

If any Security called for redemption shall not be so paid upon surrender thereof for redemption, the principal (and premium, if any) shall, until paid, bear interest from the Redemption Date at the rate prescribed therefor in the Security.

SECTION 11.07. Securities Redeemed in Part.
----------------------------

Any Security which is to be redeemed only in part shall be surrendered at a specified place of payment therefor (with, if the Company or the Trustee so requires, due endorsement by, or a written instrument of transfer in form satisfactory to the Company and the Trustee duly executed by, the Holder thereof or his attorney duly authorized in writing), and the Company shall execute, and the Trustee shall authenticate and deliver to the Holder of such Security without service charge, a new Security or Securities of the same series, of any authorized

-57-

Source: TRIBUNE CO, 8-K, April 09, 1999

denomination as requested by such Holder, in aggregate principal amount equal to and in exchange for the unredeemed portion of the principal of the Security so surrendered.

ARTICLE XII

SINKING FUNDS

SECTION 12.01. Applicability of Article.

The provisions of this Article shall be applicable to any sinking fund for the retirement of Securities of a series except as otherwise specified as contemplated by Section 3.01 for Securities of such series.

The minimum amount of any sinking fund payment provided for by the terms of Securities of any series is herein referred to as a "mandatory sinking fund payment," and any payment in excess of such minimum amount provided for by the terms of Securities of any series is herein referred to as an "optional sinking fund payment." If provided for by the terms of Securities of any series, the cash amount of any sinking fund payment may be subject to reduction as provided in Section 12.02. Each sinking fund payment shall be applied to the redemption of Securities of any series as provided for by the terms of Securities of such series.

SECTION 12.02. Satisfaction of Sinking Fund Payments with Securities.

The Company (1) may deliver Outstanding Securities of a series (other than any Securities previously called for redemption) and (2) may apply as a credit Securities of a series which have been redeemed either at the election of the Company pursuant to the terms of such Securities or through the application of permitted optional sinking fund payments pursuant to the terms of such Securities, in each case in satisfaction of all or any part of any sinking fund payment with respect to the Securities of such series required to be made pursuant to the terms of such Securities as provided for by the terms of such series; provided that such Securities have not been previously so credited. Such Securities shall be received and credited for such purpose by the Trustee at the Redemption Price specified in such Securities for redemption through operation of the sinking fund and the amount of such sinking fund payment shall be reduced accordingly.

SECTION 12.03. Redemption of Securities for Sinking Fund.

Not less than 60 days prior to each sinking fund payment date for any series of Securities (unless a shorter period shall be satisfactory to the Trustee), the Company will deliver to the Trustee an Officers' Certificate specifying the amount of the next ensuing sinking fund payment for that series pursuant to the terms of the series, the portion thereof, if any, which is to be satisfied by payment of cash in the Currency in which the Securities of such series are denominated (except as provided pursuant to Section 3.01) and the portion thereof, if any, which is to be satisfied by delivering and crediting Securities of that series pursuant to Section 12.02 and, prior to or concurrently with the delivery of such Officers' Certificate, will also deliver to the

-58-

Trustee any Securities to be so delivered. Not less than 45 days before each sinking fund payment date the Trustee shall select the Securities to be redeemed upon such sinking fund payment date in the manner specified in Section 11.03 and cause notice of the redemption thereof to be given in the name of and at the expense of the Company in the manner provided in Section 11.04. Such notice having been duly given, the redemption of such Securities shall be made upon the terms and in the manner stated in Sections 11.06 and 11.07.

ARTICLE XIII

DEFEASANCE

SECTION 13.01. Applicability of Article.

If pursuant to Section 3.01 provision is made for the defeasance of Securities of a series, and if the Securities of such series are denominated and payable only in Dollars (except as provided pursuant to Section 3.01) then the provisions of this Article shall be applicable except as otherwise specified as contemplated by Section 3.01 for Securities of such series. Defeasance provisions, if any, for Securities denominated in a Foreign Currency may be specified pursuant to Section 3.01.

SECTION 13.02. Defeasance upon Deposit of Moneys or U.S. Government Obligations.

At the Company's option, either (a) the Company shall be deemed to have been Discharged (as defined below) from its obligations with respect to Securities of any series on the 91st day after the applicable conditions set forth below have been satisfied or (b) the Company shall cease to be under any obligation to comply with any term, provision or condition set forth in Section 8.01, Section 10.04, Section 10.05 and Section 10.06 with respect to Securities of any series (and, if so specified pursuant to Section 3.01, any other restrictive covenant added for the benefit of such series) at any time after the applicable conditions set forth below have been satisfied:

(1) the Company shall have deposited or caused to be deposited irrevocably with the Trustee as trust funds in trust, specifically pledged as security for, and dedicated solely to, the benefit of the Holders of the Securities of such series (i) money in an amount, or (ii) U.S. Government Obligations (as defined below) which through the payment of interest and principal in respect thereof in accordance with their terms will provide, not later than one day before the due date of any payment, money in an amount, or (iii) a combination of (i) and (ii), sufficient in the opinion (with respect to (ii) and (iii)) of a nationally recognized firm of independent public accountants expressed in a written certification thereof delivered to the Trustee, to pay and discharge each installment of principal (including any mandatory sinking fund payments) of, and interest on, the Outstanding Securities of such series on the dates such installments of interest or principal are due;

-59-

Source: TRIBUNE CO, 8-K, April 09, 1999

(2)  if the Securities of such series are then listed the New York Stock Exchange, the Company shall have delivered to the Trustee an Opinion of Counsel to the effect that the Company's exercise of its option under this Section would not cause such Securities to be delisted;

(3)  no Event of Default or event (including such deposit) which, with notice or lapse of time, or both, would become an Event of Default with respect to the Securities of such series shall have occurred and be continuing on the date of such deposit;

(4)  the Company shall have delivered to the Trustee an Opinion of Counsel to the effect that Holders of the Securities of such series will not recognize income, gain or loss for Federal income tax purposes as a result of the Company's exercise of its option under this Section and will be subject to Federal income tax on the same amount and in the same manner and at the same times as would have been the case if such option had not been exercised, and, in the case of the Securities of such series being Discharged, accompanied by a ruling to that effect received from or published by the Internal Revenue Service.

"Discharged" means that the Company shall be deemed to have paid and discharged the entire indebtedness represented by, and obligations under, the Securities of such series and to have satisfied all the obligations under this Indenture relating to the Securities of such series (and the Trustee, at the expense of the Company, shall execute proper instruments acknowledging the same), except (A) the rights of Holders of Securities of such series to receive payment of the principal of and the interest on such Securities when such payments are due, (B) the Company's obligations with respect to the Securities of such series under Sections 3.05, 3.06, 10.02 and 13.03 and (C) the rights, powers, trusts, duties and immunities of the Trustee hereunder.

"U.S. Government Obligations" means securities that are (i) direct obligations of the United States of America or the payment of which its full faith and credit is pledged or (ii) obligations of a Person controlled or supervised by and acting as an agency or instrumentality of the United States of America, the payment of which is unconditionally guaranteed as a full faith and credit obligation by the United States of America, which in either case under clauses (i) or (ii) are not callable or redeemable at the option of the issuer thereof, and shall also include a depository receipt issued by a bank or trust company as custodian with respect to any such U.S. Government Obligation or a specific payment of interest on or principal of any such U.S. Government Obligation held by such custodian for the account of the holder of a depository receipt, provided that (except as required by law) such custodian is not authorized to make any deduction from the amount payable to the holder of such depository receipt from any amount received by the custodian in respect of the U.S. Government Obligation or the specific payment of interest on or principal of the U.S. Government Obligation evidenced by such depository receipt .

-60-

SECTION 13.03. Deposited Moneys and U.S. Government Obligations to Be Held in
Trust.

         All moneys and U.S. Government Obligations deposited with the Trustee
pursuant to Section 13.02 in respect of Securities of a series shall be held in
trust and applied by it, in accordance with the provisions of such Securities
and this Indenture, to the payment, either directly or through any Paying Agent
(including the Company acting as its own Paying Agent) as the Trustee may
determine, to the Holders of such Securities, of all sums due and to become due
thereon for principal (premium, if any) and interest, if any, but such money
need not be segregated from other funds except to the extent required by law.

SECTION 13.04. Repayment to Company.

         The Trustee and any Paying Agent shall promptly pay or return to the
Company upon Company Request any money or U.S. Government Obligations held by
them at any time that are not required for the payment of the principal of
(premium, if any) and interest on the Securities of any series for which money
or U.S. Government Obligations have been deposited pursuant to Section 13.02.

         The provisions of the last paragraph of Section 10.03 shall apply to
any money held by the Trustee or any Paying Agent under this Article that
remains unclaimed for one year after the maturity of any series of Securities
for which money or U.S. Government obligations have been deposited pursuant to
Section 13.02.


                              ARTICLE XIV

                             SUBORDINATION

SECTION 14.01. Securities Subordinate to Senior Indebtedness.

         The Securities shall be subordinated to Senior Indebtedness as set
forth in this Article Fourteen. The Company covenants and agrees, and each
Holder of a Security of any series by such Holder's acceptance thereof likewise
covenants and agrees, that, to the extent and in the manner hereinafter set
forth in this Article Fourteen, the indebtedness represented by the Securities
of such series and the payment of the principal amount, interest and such other
amounts as provided for in Section 3.01, if any, in respect of each and all of
the Securities of such series are hereby expressly made subordinate and subject
in right of payment to the prior payment in full of all Senior Indebtedness;
provided, however, that no provision of this Article Fourteen shall prevent the
occurrence of any default or Event of Default hereunder.

         For purposes of this Article Fourteen, the following terms shall have
the following meanings:

                                -61-

(1) "Indebtedness," as applied to a Person, means, as of the date on which Indebtedness is to be determined and without duplication (i) all obligations represented by notes, bonds, debentures or similar evidences of indebtedness; (ii) all indebtedness for borrowed money or for the deferred purchase price of property or services other than, in the case of any such deferred purchase price, on normal trade terms; (iii) all rental obligations as lessee under leases which shall have been or should be, in accordance with generally accepted accounting principles, recorded as capital leases; and (iv) all Indebtedness of others for the payment of which such Person is responsible or liable as obligor or guarantor.

(2) "Senior Indebtedness" means the principal of (and premium, if any) and interest on (including interest accruing after the filing of a petition initiating any proceeding pursuant to any Federal bankruptcy law or any other applicable Federal or State law, but only to the extent allowed or permitted to the holder of such Indebtedness of the Company against the bankruptcy or any other insolvency estate of the Company in such proceeding) and other amounts due on or in connection with any Indebtedness of the Company incurred, assumed or guaranteed by the Company, whether outstanding on the date of this Indenture or hereafter incurred, assumed or guaranteed and all renewals, extensions and refundings of any such Indebtedness of the Company; provided, however, that the following will not constitute Senior Indebtedness:

(A) any Indebtedness of the Company as to which, in the instrument creating the same or evidencing the same or pursuant to which the same is outstanding, it is expressly provided that such Indebtedness of the Company shall be subordinated to or pari passu with the Securities;

(B) Indebtedness of the Company in respect of the Securities;

(C) any Indebtedness of the Company constituting trade accounts payable arising in the ordinary course of business; and

(D) any Indebtedness of the Company to any Subsidiary of the Company.

SECTION 14.02.    Payment Over of Proceeds upon Dissolution, Etc.

Upon any distribution of assets of the Company in the event of:

(1) any insolvency or bankruptcy case or proceeding, or any receivership, liquidation, reorganization or other similar case or proceeding in connection therewith, relative to the Company or to its creditors, as such, or to its assets; or

(2) any liquidation, dissolution or other winding up of the Company, whether voluntary or involuntary and whether or not involving insolvency or bankruptcy; or

-62-

Source: TRIBUNE CO, 8-K, April 09, 1999

(3) any assignment for the benefit of creditors or any other
marshaling of assets and liabilities of the Company; then and in such event

    (A) the holders of Senior Indebtedness shall be entitled to
receive payment in full of all amounts due or to become due on or in
respect of all Senior Indebtedness, or provision shall be made for
such payment in cash, before the Holders of the Securities of any
series are entitled to receive any payment on account of the principal
amount, interest or such other amounts as may be provided for in
Section 3.01, if any, in respect of the Securities of such series; and
------------

    (B) any payment or distribution of assets of the Company of
any kind or character, whether in cash, property or securities, by
set-off or otherwise, to which the Holders or the Trustee would be
entitled but for the provisions of this Article Fourteen, including
-----------------
any such payment or distribution which may be payable or deliverable
by reason of the payment of any other Indebtedness of the Company
being subordinated to the payment of the Securities of such series,
shall be paid by the liquidating trustee or agent or other Person
making such payment or distribution, whether a trustee in bankruptcy,
a receiver or liquidating trustee or otherwise, directly to the
holders of Senior Indebtedness or their representative or
representatives or to the trustee or trustees under any indenture
under which any instruments evidencing any of such Senior Indebtedness
may have been issued, ratably according to the aggregate amounts
remaining unpaid on account of the principal of (and premium, if any)
and interest on the Senior Indebtedness held or represented by each,
to the extent necessary to make payment in full of all Senior
Indebtedness remaining unpaid, after giving effect to any concurrent
payment or distribution to the holders of such Senior Indebtedness or
provision therefor.

In the event that, notwithstanding the foregoing provisions of this
Section 14.02, the Trustee or the Holder of any Security of any series shall
- -------------
receive any payment or distribution of assets of the Company of any kind or
character, whether in cash, property or securities, including any such payment
or distribution which may be payable or deliverable by reason of the payment of
any other Indebtedness of the Company being subordinated to the payment of the
Securities of such series, before all Senior Indebtedness is paid in full or
payment thereof provided for, and if such fact shall then have been made known
to the Trustee as provided in Section 14.10, or, as the case may be, such
-------------
Holder, then and in such event such payment or distribution shall be paid over
or delivered forthwith to the trustee in bankruptcy, receiver, liquidating
trustee, custodian, assignee, agent or other Person making payment or
distribution of assets of the Company for application to the payment of all
Senior Indebtedness remaining unpaid, to the extent necessary to pay all Senior
Indebtedness in full, after giving effect to any concurrent payment or
distribution to or for the holders of Senior Indebtedness.

For purposes of this Article Fourteen only, the words "cash, property
----------------      --------------
or securities," or any combination thereof, shall not be deemed to include
- -------------
shares of capital stock of the Company as reorganized or readjusted, or
securities of the Company or any other corporation provided for by a plan of
reorganization or readjustment the payment of which is subordinated, at

-63-

least to the extent provided in this Article Fourteen with respect to the
                      ----------------
Securities, to the payment of all Senior Indebtedness which may at the time be
outstanding; provided, however, that (i) Senior Indebtedness is assumed by the
new corporation, if any, resulting from any such reorganization or readjustment,
and (ii) the rights of the holders of the Senior Indebtedness are not, without
the consent of such holders, altered, in any manner adverse to such holders, by
such reorganization or readjustment.

        The consolidation of the Company with, or the merger of the Company
into, another corporation or the liquidation or dissolution of the Company
following the conveyance or transfer of all or substantially all of its assets
to another Person upon the terms and conditions set forth in Article Eight shall
                                                              -------------
not be deemed a dissolution, winding up, liquidation, reorganization, assignment
for the benefit of creditors or marshaling of assets and liabilities of the
Company for the purposes of this Section 14.02 if the corporation formed by such
                                 -------------
consolidation or into which the Company is merged or the Person which acquires
by conveyance or transfer all or substantially all of the assets of the Company,
as the case may be, shall, as a part of such consolidation, merger, conveyance
or transfer, comply with the conditions set forth in Article Eight.
                                                     -------------

SECTION 14.03. Prior Payment to Senior Indebtedness upon Acceleration of
               ------------------------------------------------------------
               Securities.
               ----------

        In the event that any Securities of any series are declared due and
payable before their maturity in accordance with Section 5.02 because of an
                                                 ------------
Event of Default, then and in such event the holders of Senior Indebtedness
shall be entitled to receive payment in full of all amounts due or to become due
on or in respect of all Senior Indebtedness or provision shall be made for such
payment in cash, before the Holders of the Securities of such series are
entitled to receive any payment (including any payment which may be payable by
reason of the payment of any other Indebtedness of the Company being
subordinated to the payment of the Securities of such series) by the Company on
account of the principal of (or premium, if any) or interest or other amounts on
Securities of such series as provided in Section 3.01, if any, or on account of
                                         ------------
the purchase or other acquisition of Securities of such series.

        In the event that, notwithstanding the foregoing, the Company shall
make any payment to the Trustee or the Holder of any Securities of any series
prohibited by the foregoing provisions of this Section 14.03, and if such facts
                                               -------------
then shall have been known or thereafter shall have been made known to the
Trustee (as provided in Section 14.10) or to such Holder, as the case may be,
                        -------------
pursuant to the terms of this Indenture, then and in such event such payment
shall be paid over and delivered forthwith to the Company by or on behalf of the
Person holding such payment for the benefit of the holders of Senior
Indebtedness.

        The provisions of this Section 14.03 shall not apply to any payment
                               -------------
with respect to which Section 14.02 would be applicable.
                      -------------

                                  -64-

SECTION 14.04. Default in Senior Indebtedness.
                --------------------------------

          In the event and during the continuation of any default by the Company
in the payment of principal (and premium, if any) interest or any other payment
due on any Senior Indebtedness of the Company, as the case may be, beyond any
applicable grace period with respect thereto, or in the event that the maturity
of any Senior Indebtedness of the Company has been accelerated because of a
default, then, in any such case, no payment shall be made by the Company with
respect to the principal (including redemption or exchange payments, if any) of,
premium, if any, or interest or other amounts on the Securities until such
default is cured or waived or ceases to exist or any such acceleration or demand
for payment has been rescinded.

SECTION 14.05. Payment Permitted if No Default.
                --------------------------------

          Nothing contained in this Article Fourteen or elsewhere in this
                                          ----------------
Indenture or in any of the Securities shall prevent (a) the Company, at any time
except during the pendency of any case, proceeding, dissolution, liquidation or
other winding up, assignment for the benefit of creditors or other marshaling of
assets and liabilities of the Company referred to in Section 14.02 or under the
                                                      --------------
conditions described in Sections 14.03 or 14.04, from making payments at any
                        ---------------  -----
time of the principal amount, interest or such other amounts as may be provided
for in Section 3.01, if any, as the case may be, in respect of the Securities,
       ------------
or (b) the application by the Trustee or the retention by any Holder of any
money deposited with it hereunder to the payment of or on account of the
principal amount, interest or such other amounts as may be provided for in
Section 3.01, if any, as the case may be, in respect of the Securities if the
- ------------
Trustee did not have, at the time provided in the proviso to the first paragraph
of Section 14.10, notice that such payment would have been prohibited by the
   --------------
provisions of this Article Fourteen.
                   ----------------

SECTION 14.06. Subrogation Rights of Holders of Senior Indebtedness.
                -------------------------------------------------------

          Subject to the payment in full of all Senior Indebtedness, the Holders
of the Securities of any series shall be subrogated to the extent of the
payments or distributions made to the holders of such Senior Indebtedness
pursuant to the provisions of this Article Fourteen to the rights of the holders
                                   ----------------
of such Senior Indebtedness to receive payments or distributions of cash,
property or securities applicable to the Senior Indebtedness until the principal
amount, interest or such other amounts as provided for in Section 3.01, if any,
                                                          ------------
as the case may be, in respect of the Securities of such series shall be paid in
full. For purposes of such subrogation, no payments or distributions to the
holders of the Senior Indebtedness of any cash, property or securities to which
the Holders of the Securities of such series or the Trustee would be entitled
except for the provisions of this Article Fourteen, and no payments pursuant to
                                  ----------------
the provisions of this Article Fourteen to the Company or to the holders of
                       ----------------
Senior Indebtedness by Holders of the Securities of such series or the Trustee,
shall, as between the Company, its creditors other than holders of Senior
Indebtedness and the Holders of the Securities of such series, be deemed to be a
payment or distribution by the Company to or on account of the Senior
Indebtedness.

                                     -65-

Source: TRIBUNE CO, 8-K, April 09, 1999

SECTION 14.07. Provision Solely to Define Relative Rights.
---------------------------------------------

        The provisions of this Article Fourteen are and are intended solely
for the purpose of defining the relative rights of the Holders of the Securities
of any series, on one hand, and the holders of Senior Indebtedness, on the other
hand. Nothing contained in this Article Fourteen or elsewhere in this Indenture
or in the Securities of any series is intended to or shall:

        (1) impair, as between the Company and the Holders of the
    Securities of such series, the obligation of the Company, which is absolute
    and unconditional, to pay to the Holders of the Securities of such series
    the principal amount, interest or such other amounts as may be provided for
    in Section 3.01, if any, as the case may be, in respect of the Securities
    of such series as and when the same shall become due and payable in
    accordance with the terms of the Securities of such series and this
    Indenture and which, subject to the rights under this Article Fourteen of
    the holders of Senior Indebtedness, is intended to rank equally with all
    other general obligations of the Company; or

        (2) affect the relative rights against the Company of the Holders
    of the Securities of such series and creditors of the Company other than
    holders of Senior Indebtedness; or

        (3) prevent the Trustee or the Holder of any Security of such
    series from exercising all remedies otherwise permitted by applicable law
    upon default or an Event of Default under this Indenture, subject to the
    rights, if any, under this Article Fourteen of the holders of Senior
    Indebtedness to receive cash, property or securities otherwise payable or
    deliverable to the Trustee or such Holder.

SECTION 14.08. Trustee to Effectuate Subordination.
-----------------------------------

        Each Holder of a Security by such Holder's acceptance thereof
authorizes and directs the Trustee on such Holder's behalf to take such action
as may be necessary or appropriate to effectuate the subordination provided in
this Article Fourteen and appoints the Trustee such Holder's attorney-in-fact
for any and all such purposes.

SECTION 14.09. No Waiver of Subordination Provisions.
---------------------------------------

        No right of any present or future holder of any Senior Indebtedness to
enforce subordination as herein provided shall at any time in any way be
prejudiced or impaired by any act or failure to act on the part of the Company
or by any act or failure to act, in good faith, by any such holder, or by any
noncompliance by the Company with the terms, provisions and covenants of this
Indenture, regardless of any knowledge thereof any such holder may have or be
otherwise charged with.

        Without in any way limiting the generality of the foregoing paragraph,
the holders of Senior Indebtedness may, at any time and from time to time,
without the consent of, or notice to, the Trustee or the Holders of the
Securities of any series, without incurring responsibility to

                                -66-

Source: TRIBUNE CO, 8-K, April 09, 1999

the Holders of the Securities of such series and without impairing or releasing the subordination provided in this Article Fourteen or the obligations hereunder of the Holders of the Securities of such series to the holders of Senior Indebtedness, do any one or more of the following: (i) change the manner, place or terms of payment or extend the time of payment of, or renew or alter, Senior Indebtedness, or otherwise amend or supplement in any manner Senior Indebtedness or any instrument evidencing the same or any agreement under which Senior Indebtedness is outstanding; (ii) sell, exchange, release or otherwise dispose of any property pledged, mortgaged or otherwise securing Senior Indebtedness; (iii) release any Person liable in any manner for the collection of Senior Indebtedness and (iv) exercise or refrain from exercising any rights against the Company or any other Person.

SECTION 14.10. Notice to Trustee.

          The Company shall give prompt written notice to the Trustee of any fact known to the Company which would prohibit the making of any payment to or by the Trustee in respect of the Securities of any series. Failure to give such notice shall not affect the subordination of the Securities of such series to Senior Indebtedness. Notwithstanding the provisions of this Article Fourteen or any other provision of this Indenture, the Trustee shall not be charged with knowledge of the existence of any facts which would prohibit the making of any payment to or by the Trustee in respect of the Securities of such series, unless and until the Trustee shall have received written notice thereof in accordance with Section 1.05 from the Company or a holder of Senior Indebtedness or from any trustee or agent therefor; and, prior to the receipt of any such written notice, the Trustee, subject to the provisions of Section 6.01, shall be entitled in all respects to assume conclusively that no such facts exist; provided, however, that if the Trustee shall not have received, at least three Business Days prior to the date upon which by the terms hereof any such money may become payable for any purpose (including, without limitation, the payment of the principal amount, interest or such other amounts as may be provided for in Section 3.01, if any, as the case may be, in respect of any Security of such series), the notice with respect to such money provided for in this Section 14.10, then, anything herein contained to the contrary notwithstanding, the Trustee shall have full power and authority to receive such money and to apply the same to the purpose for which such money was received and shall not be affected by any notice to the contrary which may be received by it within three Business Days prior to such date.

          Subject to the provisions of Section 6.01, the Trustee shall be entitled to rely on the delivery to it of a written notice by a Person representing himself to be a holder of Senior Indebtedness (or a trustee or agent on behalf of such holder) to establish that such notice has been given by a holder of Senior Indebtedness (or a trustee or agent on behalf of any such holder). In the event that the Trustee determines in good faith that further evidence is required with respect to the right of any Person as a holder of Senior Indebtedness to participate in any payment or distribution pursuant to this Article Fourteen, the Trustee may request such Person to furnish evidence to the reasonable satisfaction of the Trustee as to the amount of Senior Indebtedness held by such Person, the extent to which such Person is entitled to participate in such payment or distribution and any other facts pertinent to the rights of such Person under this Article Fourteen, and if such evidence is not furnished, the Trustee may defer any payment which it may be required

-67-

to make for the benefit of such Person pursuant to the terms of this Indenture pending judicial determination as to the right of such Person to receive such payment.

SECTION 14.11. Reliance on Judicial Order or Certificate of Liquidating Agent.

Upon any payment or distribution of assets of the Company referred to in this Article Fourteen, the Trustee, subject to the provisions of Section 6.01, and the Holders of the Securities of any series shall be entitled to rely upon any order or decree entered by any court of competent jurisdiction in which such insolvency, bankruptcy, receivership, liquidation, reorganization, dissolution, winding up or similar case or proceeding is pending, or a certificate of the trustee in bankruptcy, liquidating trustee, custodian, receiver, assignee for the benefit of creditors, agent or other Person making such payment or distribution, delivered to the Trustee or to the Holders of Securities of such series, for the purpose of ascertaining the Persons entitled to participate in such payment or distribution, the holders of Senior Indebtedness and other indebtedness of the Company, the amount thereof or payable thereon, the amount or amounts paid or distributed thereon and all other facts pertinent thereto or to this Article Fourteen.

SECTION 14.12. Trustee Not Fiduciary for Holders of Senior Indebtedness.

The Trustee shall not be deemed to owe any fiduciary duty to the holders of Senior Indebtedness and shall not be liable to any such holders if the Trustee shall in good faith mistakenly pay over or distribute to Holders of Securities or to the Company or to any other Person cash, property or securities to which any holders of Senior Indebtedness shall be entitled by virtue of this Article Fourteen or otherwise. The Trustee shall not be charged with knowledge of the existence of Senior Indebtedness or of any facts that would prohibit any payment hereunder unless the Trustee shall have received notice in accordance with Section 1.05. With respect to the holders of Senior Indebtedness, the Trustee undertakes to perform or to observe only such of its covenants or obligations as are specifically set forth in this Article Fourteen and no implied covenants or obligations with respect to holders of Senior Indebtedness shall be read into this Indenture against the Trustee.

SECTION 14.13. Rights of Trustee as Holder of Senior Indebtedness; Preservation of Trustee's Rights.

The Trustee in its individual capacity shall be entitled to all the rights set forth in this Article Fourteen with respect to any Senior Indebtedness which may at any time be held by it, to the same extent as any other holder of Senior Indebtedness, and nothing in this Indenture shall deprive the Trustee of any of its rights as such holder.

Nothing in this Article Fourteen shall apply to claims of, or payments to, the Trustee under or pursuant to Section 6.07.

-68-

Source: TRIBUNE CO, 8-K, April 09, 1999

SECTION 14.14. Article XIV Applicable to Paying Agents.
-------------------------------------------

    The term "Trustee" as used in this Article Fourteen shall (unless the
        -------                ----------------
context otherwise requires) be construed as extending to and including the
Paying Agent within its meaning as fully for all intents and purposes as if the
Paying Agent were named in this Article Fourteen in addition to or in place of
                         ----------------
the Trustee; provided, however, that Sections 14.10 and 14.12 shall not apply to
                             ---------------     -----
the Company or any Affiliate of the Company if it or such Affiliate acts as
Paying Agent.

---

    This instrument may be executed in any number of counterparts, each of
which so executed shall be deemed to be an original, but all such counterparts
shall together constitute but one and the same instrument.

-69-

Source: TRIBUNE CO, 8-K, April 09, 1999

IN WITNESS WHEREOF, the parties hereto have caused this Indenture to be duly executed as of the day and year first above written.

TRIBUNE COMPANY

By: /s/ David J. Granat
--------------------------------
Name:  David J. Granat
Title: Vice President/Treasurer


BANK OF MONTREAL TRUST
COMPANY, Trustee


By: /s/ Amy Roberts
--------------------------------
Name:  Amy Roberts
Title: Vice President

-70-

Created by 10KWizard    www.10KWizard.com

Source: TRIBUNE CO, 8-K, April 09, 1999