IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. _____** |

## ORDER GRANTING TRIBUNE COMPANY'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AUTHORIZING ASSIGNMENT OF ENGAGEMENT LETTER WITH J.P. MORGAN SECURITIES INC.

Upon consideration of the motion (the "Motion")[2] of Tribune Company ("Tribune"), one of the above-captioned debtors and debtors-in-possession, for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014 authorizing the consensual assignment of that certain Engagement Letter dated as of July 9,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

46429/0001-5315724v1

2007 (the "Engagement Letter") between Tribune and J.P. Morgan Securities, Inc. ("JPMorgan") in accordance with the proposed assignment agreement (the "Assignment Agreement") by and among Tribune, JPMorgan and Chicago National League Ball Club, LLC ("CNLBC"); and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that good business reasons justify the relief requested in the Motion and that such relief is in the best interests of Tribune, its estate and its creditors; and it appearing that due and adequate notice of the Motion has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that Tribune is authorized, pursuant to sections 105(a) and 363 of the Bankruptcy Code, to enter into the Assignment Agreement and, without limiting the foregoing, to assign its rights and obligations thereunder to CNLBC; and it is further

ORDERED, that Tribune, its respective officers, employees and agents are authorized to execute and deliver all documents and take such actions as may be necessary, desirable or appropriate to effect, implement and/or consummate the relief granted in this Order, without further application to, or order of, this Court; and it is further

ORDERED that the Transaction Fee payable to JPMorgan, along with any and all reimbursement amounts then due to JPMorgan under the terms of the Engagement Letter and not yet paid, shall be paid upon closing of any such disposition from the proceeds of such disposition, on the terms set forth in the Engagement Letter, regardless of the process or mechanics used to effectuate the disposition, and shall be provided for as a closing cost under any agreements effectuating a disposition of the Assets; and it is further;

3

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction regarding the implementation or interpretation of this Order or the Assumption and Assignment Agreement.

Dated: Wilmington, Delaware
       February ____, 2009

 

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge