# EXHIBIT "A"

## Revised Proposed Order

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 246 and 290** |

## ORDER AUTHORIZING ENTRY INTO A POSTPETITION
## LOCAL MARKETING AGREEMENT
## WITH COMMUNITY TELEVISION OF MISSOURI

Upon the Motion[2] of Debtor KPLR ("KPLR") for entry of an order pursuant to

sections 105(a) and 363 of the Bankruptcy Code authorizing KPLR to enter into a Local

Marketing Agreement with Community Television of Missouri, LLC and Community Television

of Missouri License, LLC; and the Court finding that (a) the Court has jurisdiction over this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the

circumstances; and it appearing that the relief requested in the Motion is in the best interests of

KPLR, its estate, creditors and other parties in interest; and after due deliberation, and good and

sufficient cause appearing therefor, it is hereby:

> ORDERED, that the Motion is granted;

> ORDERED, that KPLR is authorized to enter into the LMA and related

agreements and to take such actions and enter into such transactions as are contemplated by the

terms of the LMA without further application to, or order of, this Court; and it is further

> ORDERED, that KPLR, and its respective officers, employees and agents are

authorized to execute and deliver all documents and take such actions as may be necessary,

desirable or appropriate to effect, implement and/or consummate the relief granted in this Order,

without further application to, or order of, this Court; and it is further

> ORDERED, that the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry; and it is further

> ORDERED, that the rights and powers of the Federal Communications

Commission (the "FCC") to take any action pursuant to its regulatory authority including,

without limitation, its authority under the Communications Act of 1934 as amended  (the "Act")

and the rules and regulations promulgated thereunder, and further including, without limitation,

its rights and powers to take any action pursuant to its regulatory authority with respect to any

application to transfer, assign, lease or dispose of any rights or interests, granted under the Act,

and any related requests for relief, are fully preserved, and nothing contained in this Order or any

2

ancillary documents contemplated therein shall proscribe or constrain the FCC's exercise of its regulatory authority; and it is further

ORDERED, that compliance with Bankruptcy Rule 6004(h) is waived; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  Wilmington, Delaware
        February ___, 2009

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

3