# EXHIBIT "A"

*Revised Proposed Form of Order*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket Nos. 172 and \_\_\_** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF**
**COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**
**AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION,**
**PURSUANT TO 11 U.S.C. §§ 327(a) AND 1107,**
***NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application of the above-captioned Debtors for entry of an order authorizing the employment and retention of Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as general reorganization and bankruptcy co-counsel for the Debtors pursuant to sections 327(a) and 1107(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), *nunc pro tunc* to the Petition

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5260492v3

Date; and upon consideration of the Application and all pleadings related thereto, including the Pernick Affidavit; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) notice of the Application was due and proper under the circumstances; and (d) it appearing that Cole Schotz neither holds nor represents any interest adverse to the Debtors' estates; and it further appearing that Cole Schotz is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and the legal and factual bases set forth in the Application and the Pernick Affidavit establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor,

It is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. The Application shall be, and hereby is, **GRANTED**.

2. Each of the Debtors, as debtors in possession, is authorized to retain and employ Cole Schotz as their bankruptcy co-counsel *nunc pro tunc* to the Petition Date at the expense of these chapter 11 estates, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014, 2016 and 5002, Local Rule 2014-1 and the terms set forth in the Application and the Pernick Affidavit, under an advance security retainer.

3. Cole Schotz shall be compensated for services rendered, and reimbursed for any related expenses, in accordance the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court.

4. Cole Schotz shall apply the retainer to compensation and reimbursement allowed on an interim basis and shall exhaust the retainer before seeking additional payments from the

Debtors for allowed fees and expenses. Cole Schotz's consent to this term is based upon the facts and circumstances of these cases and is without prejudice to the firm's ability to file applications seeking this Court's approval of an "evergreen" or replenishing retainer in other bankruptcy cases.

5.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February ___, 2009

                                                                                                                _____
                                                                                                                 The Honorable Kevin J. Carey
                                                                                                                 Chief United States Bankruptcy Judge