## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Re: Docket No. 144 |

## SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE OF RICHARD A. CHESLEY
## ON BEHALF OF PAUL, HASTINGS, JANOFSKY & WALKER LLP

STATE OF ILLINOIS    )
                             ) ss:

COUNTY OF COOK    )

        I, Richard A. Chesley, being duly sworn, hereby depose and state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      I am an attorney at law admitted and in good standing to practice in the

States of Illinois and Ohio and before the United States Supreme Court, the United States Courts

of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and

Eleventh Circuits, and the United States District Courts for the Northern District of Illinois and

the Southern and Northern Districts of Ohio.

2.      I am a member of the law firm of Paul, Hastings, Janofsky & Walker LLP

("Paul Hastings" or the "Firm"), located at 191 North Wacker Drive, 30th Floor, Chicago,

Illinois 60606, and am duly authorized to make this declaration on behalf of Paul Hastings.

3.      On December 8, 2008 (the "Petition Date"), the above-captioned debtors

and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition under

chapter 11 of title 11 of the United States Code, 11 USC §§ 101-1532 (as amended, the

"Bankruptcy Code"). On December 26, 2008, the Debtors filed their application [Dkt. No. 144]

(the "Application") for an order authorizing the employment of Paul Hastings as special counsel

for general real estate and related matters in the Debtors' jointly-administered chapter 11 cases.

In support of the Application, the Debtors filed an affidavit executed by Richard A. Chesley on

behalf of Paul Hastings in accordance with, *inter alia*, Rules 2014(a) and 2016(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      In connection with certain discussions Paul Hastings has had with the

Office of the United States Trustee for the District of Delaware (the "US Trustee"), Paul

Hastings agreed, without changing the scope of their retention as set forth in the Application, to

be retained in the Debtors' cases pursuant to section 327(a) instead of section 327(e) of the

Bankruptcy Code. Additionally, pursuant to Bankruptcy Rules 2014(a) and 2016(b) and in

connection with Paul Hastings' routine practices Paul Hastings conducted supplemental conflict

checks with respect to interested or potentially interested parties.  In connection with Paul

Hastings' agreement to be retained pursuant to section 327(a) and its supplemental conflict

check, I submit this supplemental declaration.

   5.  After reviewing the results of the original conflict check and the

supplemental conflict check completed by Paul Hastings, to the best of my knowledge and belief,

insofar as I have been able to ascertain after reasonable inquiry, neither I nor Paul Hastings nor

any Partners or associate thereof holds or represents an interest adverse to the Debtors or their

respective estates, and Paul Hastings is a "disinterested person," as defined in section 101(14) of

the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that: (a) Paul

Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person

employed in the office of the U.S. Trustee or any other party with an actual or potential interest

in these chapter 11 cases or their respective attorneys or accountants, except as set forth in my

original declaration and as set forth herein; (b) Paul Hastings is not a creditor, equity security

holder or insider of the Debtors; (c) Paul Hastings is not and was not, within two years of the

Petition Date, a director, officer or employee of the Debtors; and (d) Paul Hastings neither holds

nor represents an interest materially adverse to the Debtors, their respective estates or any class

of creditors or equity security holders, by reason of any direct or indirect relationship to,

connection with or interest in Debtors, or for any other reason.  Accordingly, I believe that Paul

Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as

required by section 327(a) of the Bankruptcy Code.

   6.  Attached hereto as Exhibit A is a supplemental list of former clients and

affiliates thereof that have been represented by Paul Hastings in the past five years in matters

unrelated to the Debtors' cases.  <u>Exhibit A</u> supplements the affidavit I submitted in connection with the Application.

Executed on ~~January~~ *February 2*, 2009

Respectfully submitted,

_____

Richard A. Chesley (Ill. Bar No. 6240877)

**Exhibit A**

| Interested Party or Its Affiliate | Relationship to the Debtors | Clients and Their Affiliates |
|---|---|---|
| Bank of New York | Former Indenture Trustee & Landlord | Bank of New York and certain affiliates are former clients |