# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Hearing Date: February 20, 2009 at 10:00 a.m. (ET)**<br>**Objection Deadline: February 13, 2009 at 4:00 p.m. (ET)** |

## SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the Debtors to reject certain unexpired leases of nonresidential real property. **Parties that receive**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, LLC (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**this Motion and whose Lease is subject to rejection hereby can locate their name and Lease on <u>Exhibit B</u> attached hereto.** In support of this Motion, the Debtors: (i) submit the Declaration of Stephanie Pater, the Director of Real Estate of the Tribune Company (the "<u>Pater Declaration</u>"), a copy of which is attached hereto as <u>Exhibit A</u> and incorporated herein by reference; and (ii) respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 365 of the Bankruptcy Code.

## RELIEF REQUESTED

5. The Debtors respectfully request that the Court enter an order approving the rejection of four (4) unexpired leases of nonresidential real property where the Debtors are a

lessee and which are listed on Exhibit B attached hereto (the "Leases"), as well as subleases that are applicable to two (2) of the locations subject to the Leases (the "Subleases"). Specifically, and as described in more detail below and on the exhibits hereto, the Leases and the Subleases relate to certain office and distribution spaces which are either vacant or no longer needed by the Debtors. Copies of the Leases and the Subleases are available at the offices of Debtors' counsel for inspection during reasonable business hours upon request.

6. The Bankruptcy Code provides that "the trustee [or debtor(s)-in-possession], subject to the court's approval, may ... reject any ... unexpired lease of the debtor." 11 U.S.C. § 365(a). Courts utilize the business judgment standard to determine whether to approve the rejection of a contract or lease. Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.), 872 F.2d 36, 40 (3d Cir. 1989); In re G. Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) ("In determining whether a debtor may be permitted to reject an executory contract, courts usually apply the business judgment test. Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered."). Under the business judgment test, the debtor in possession need demonstrate only that the assumption or rejection of the unexpired lease or executory contract will benefit the estate. See Id. ("Generally, absent a showing of bad faith, or an abuse of discretion, the debtor's business judgment will not be altered") (citing inter alia, In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd sub nom, N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 104 S.Ct. 1188 (1984)), aff'd, 187 B.R. 111 (S.D.N.Y. 1995). In particular, rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. See In re Stable Mews Assocs., Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).

46429/0001-5318846v1

7.   Furthermore, courts in this jurisdiction have held that "when a lease is deemed rejected pursuant to § 365(d)(4), any subleases under the primary lease must also be deemed rejected since the sublessee's rights in the property extinguish with those of the sublessor." Chaltos Systems, Inc. v. Kaplan, 147 B.R. 96, 100 (D. Del. 1992). Out of an abundance of caution, and in the interest of full disclosure, the Debtors request the authority of this Court to reject the Subleases pursuant to section 365 of the Bankruptcy Code.

8.   As described more fully in the Pater Declaration, the real property spaces that are the subject of the Leases are currently vacant and/or no longer needed by the Debtors and are costing the Debtors approximately $765,000 in annual rental obligations. Each of the properties subject to the Leases and the Subleases, and the circumstances giving rise to the relevant Debtor's intention to reject the applicable Lease (and, where applicable, the relevant Sublease), may be described as follows:

- **1936 University Avenue, Lisle, Illinois**: This property is no longer needed by the Debtors because the Chicago Tribune has consolidated its distribution operations into other locations in Illinois. This property has been vacated by the Debtors.

- **1201 Mateo Street, Los Angeles, California**: This property is surplus to the operations of the Los Angeles Times in light of the relocation of distribution operations elsewhere. The relevant Debtor is currently subleasing the entirety of the Mateo Street property, however, the subtenant at the Mateo Street property is five (5) months past due in its obligations under the sublease.[2]

- **1500 N. FL Mango, West Palm Beach, Florida**: This property is no longer needed by the Debtors because the South Florida Sun-Sentinel has consolidated its distribution operations in other facilities in south Florida. This property has been vacated by the Debtors.

- **3340 Ocean Park Blvd., Santa Monica, California**: This property is surplus office space no longer needed by Tribune Media Services, Inc. Approximately half of the Ocean Park Boulevard property is currently being sublet at a rental

---

[2] By this Motion, none of the Debtors release any claims they may have against any parties under the Leases and/or the Subleases.

4

rate that is less than the rent per square foot paid by the Debtors under the primary lease; the remainder of the space is currently vacant.

See Pater Declaration at ¶ 4.

9. Rejection of the Leases and the Subleases will afford a clear financial benefit to the Debtors' estates. None of the properties that are subject to the Leases are of any current or plausible future use to the Debtors. Rejection of the Leases will save the Debtors $765,000 in annual rent obligations, and three of the Leases have periods running more than one year from the date of this Motion. See Id. at ¶ 5. Furthermore, based on the Debtors' knowledge of the applicable real estate markets, the Debtors do not believe there is any value in assuming and assigning the Leases, nor do they believe that the parties to the Subleases would be willing to take on the Debtors' obligations under the applicable Leases. See Id. For these reasons, the Debtors believe that it is in their business judgment to reject the Leases and that the Debtors' motion to reject the Leases should be granted.

## NOTICE

10. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) proposed counsel for the Official Committee of Unsecured Creditors; (iii) counsel to the administrative agents for the Debtors' prepetition loan facilities; (iv) counsel to the administrative agent for Debtors' postpetition loan facility; (v) the Indenture Trustee for the Debtors' Prepetition Notes; (vi) the United States Securities and Exchange Commission; (vii) the Office of the United States Attorney for the District of Delaware; (viii) the Internal Revenue Service; (ix) counsel to the landlords under the Leases and the subtenants of the Debtors at the properties covered by the Leases; and (x) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

11. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, (i) approving the rejection of the Leases, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
February 2, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Proposed Attorneys for Debtors and
Debtors in Possession

46429/0001-5318846v1