# EXHIBIT A

## *Pater Declaration*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF STEPHANIE PATER
## FOR AN ORDER AUTHORIZING DEBTORS TO
## REJECT CERTAIN LEASES OF NONRESIDENTIAL REAL
## PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

STATE OF ILLINOIS          )
                           )  ss:
COUNTY OF COOK             )

STEPHANIE PATER, hereby states:

1.       I am Director, Real Estate of Tribune Company, a corporation organized

under the laws of Delaware and one of the above-captioned debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4571); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH 14553234v.3

(collectively, the "Debtors"). Tribune Company is the direct or indirect parent of the other

Debtors herein. I am generally familiar with the Debtors' real property and needs and operations

and I make this Declaration (the "Declaration") on behalf of the Debtors.

2.    I submit this Declaration in support of the Second Omnibus Motion of the

Debtors to Reject Certain Leases of Nonresidential Real Property (the "Motion")[2] in these

chapter 11 cases pursuant to § 365 of title 11 of the United States Code (the "Bankruptcy Code").

Unless otherwise stated in this Declaration, I have personal knowledge of the facts as set forth

herein.

3.    The list of leases that is attached to the Motion as Exhibit B (the "Leases")

was compiled at my direction and under my supervision and comprises of four (4) unexpired

leases of nonresidential real property where the Debtors are a lessee, as well as subleases that are

applicable to two (2) of the locations subject to the Leases (the "Subleases"). Specifically, the

Leases and the Subleases relate to certain office and distribution spaces which are either vacant

or no longer needed by the Debtors and are costing the Debtors approximately $765,000 in

annual rental obligations.

4.    Each of the properties subject to the Leases and the Subleases, and the

circumstances giving rise to the relevant Debtor's intention to reject the applicable Lease (and,

where applicable, the relevant Sublease), may be described as follows:

- 1936 University Avenue, Lisle, Illinois: This property is no longer needed by
  the Debtors because the Chicago Tribune has consolidated its distribution
  operations into other locations in Illinois. This property has been vacated by the
  Debtors.

- 1201 Mateo Street, Los Angeles, California: This property is surplus to the
  operations of the Los Angeles Times in light of the relocation of distribution
  operations elsewhere. The relevant Debtor is currently subleasing the entirety of

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

the Mateo Street property, however, the subtenant at the Mateo Street property is five (5) months past due in its obligations under the sublease.[3]

- <u>1500 N. FL Mango, West Palm Beach, Florida</u>:  This property is no longer needed by the Debtors because the South Florida Sun-Sentinel has consolidated its distribution operations in other facilities in south Florida.  This property has been vacated by the Debtors.

- <u>3340 Ocean Park Blvd., Santa Monica, California</u>:  This property is surplus office space no longer needed by Tribune Media Services, Inc.  Approximately half of the Ocean Park Boulevard property is currently being sublet at a rental rate that is less than the rent per square foot paid by the Debtors under the primary lease; the remainder of the space is currently vacant.

5.       Rejection of the Leases and the Subleases will afford a clear financial benefit to the Debtors' estates.  None of the properties that are subject to the Leases are of any current or plausible future use to the Debtors.  Rejection of the Leases will save the Debtors $765,000 in annual rent obligations, and three of the Leases have periods running more than one year from the date of this Motion.  Furthermore, based on the Debtors' knowledge of the applicable real estate markets, the Debtors do not believe there is any value in assuming and assigning the Leases, nor do they believe that the parties to the Subleases would be willing to take on the Debtors' obligations under the applicable Leases.  For these reasons, the Debtors submit, and I agree, that it is in their business judgment to reject the Leases and that rejection of the Leases and the corresponding savings of the $765,000 in annual rental obligations that go with them is in the best interests of the Debtors' estates and creditors.

---

[3] By this Motion, none of the Debtors release any claims they may have against any parties under the Leases and/or the Subleases.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: February 2, 2009                          _/s/ Stephanie Pater_____
                                                 STEPHANIE PATER