# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY AND RETAIN PAUL, HASTINGS, JANOFSKY & WALKER LLP AS SPECIAL COUNSEL FOR GENERAL REAL ESTATE AND RELATED MATTERS, *NUNC PRO TUNC* TO THE PETITION DATE

This matter coming before the Court upon the application of the above-captioned debtors and debtors in possession (collectively, the "Debtors") to employ and retain Paul, Hastings, Janofsky & Walker LLP as special counsel for general real estate and related matters[2],

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used herein as defined terms and not otherwise defined herein shall have those meanings ascribed to them in the Application.

*nunc pro tunc* to the Petition Date (the "Application"); the Court having reviewed the Application, the Chesley Declaration, as subsequently supplemented, and the Disclosure of Compensation, and having considered the statements of counsel and evidence adduced with respect to the Application at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 (iv) notice of this Application and the Hearing was appropriate under circumstances; (iv) Paul Hastings is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code in that (A) Paul Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed by the office of the U.S. Trustee or any party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth in the Chesley Declaration, as subsequently supplemented (B) Paul Hastings is not a creditor, equity security holder or insider of the Debtors, (C) Paul Hastings is not and was not, within two years of the Petition date, a director, officer or employee of the Debtors and (D) Paul Hastings neither has nor represents an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and the Court having determined that the legal and factual bases set forth in the Application, the Chesley Declaration, as subsequently supplemented, and at the Hearing, establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED, as provided herein.

2. The Debtors are authorized to retain and employ Paul Hastings as their special counsel in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code on the terms and conditions set forth in the Application, the Chesley Declaration, as subsequently supplemented, and as set forth herein, *nunc pro tunc* to the Petition Date.

3. Paul Hastings is authorized to represent the Debtors in connection with general real estate and related matters; provided, however, that the other related matters which may arise in these chapter 11 cases in the ordinary course of the Debtors' operations, or otherwise described in paragraph 9 of the Application shall be limited to real estate maters; provided further, that Paul Hastings shall be limited to providing incidental bankruptcy advice in connection with the general real estate and related matters.

4. Paul Hastings shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders or procedures of this Court.

5. Paul Hastings shall exhaust the Trust Balance in satisfaction of fees and expenses allowed on an interim basis by this Court pursuant to this Order before seeking further payments from the Debtors on account of allowed compensation and reimbursement.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: ___Feb 3___, 2009
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

3