# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. 244** |

## ORDER APPROVING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO LIMIT CREDITOR ACCESS TO CONFIDENTIAL AND PRIVILEGED INFORMATION *NUNC PRO TUNC* TO THE FORMATION DATE AND TO ESTABLISH RELATED PROCEDURES PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 1102(B)(3) AND 1103(C)

Upon consideration of the Official Committee of Unsecured Creditors' Motion to Limit Creditor Access to Confidential and Privileged Information *nunc pro tunc* to the Formation Date and to Establish Related Procedures Pursuant to Bankruptcy Code Sections 105(a), 1102(b)(3) and 1103(c) (the "Motion"); and due and proper notice having been given; and a hearing on the Motion having been held (the "Hearing"); and the Court having considered the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); LVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

698.000-24226.rtf

Motion and all responses; and upon the record of the Hearing; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. <u>Jurisdiction and Venue; Core Proceeding</u>. The Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of these chapter 11 cases and the Motion is proper under 28 U.S.C. §§ 1408 and 1409(a).

B. <u>Statutory Predicates</u>. The statutory predicates for the relief sought in the Motion are Bankruptcy Code Sections 105(a), 1102(b)(3) and 1103.

C. <u>Adequacy of Notice</u>. Notice of the Motion was timely, adequate, proper and sufficient and constituted the best notice practicable under the particular circumstances, and no other or further notice of the Motion is required.

D. <u>Opportunity to be Heard</u>. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein and granted in this Order has been afforded.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. <u>Objections</u>. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, including all reservations of rights in connection therewith therein, which are not otherwise resolved in this Order, are overruled on the merits.

2. <u>Motion</u>. The Motion is hereby GRANTED to the extent provided herein.

3. <u>Committee Confidential Information</u>. The Committee, its professionals and its members and their respective agents, representatives, advisors and counsel, shall not be required, absent entry of an order of this Court, to disseminate information to unsecured creditors developed independently or obtained from third-parties other than the Debtors, which

information is non-public in nature, including, but not limited to, any recommendations or reports to Committee members prepared by its professionals, and/or any information deemed by the Committee's professionals to be of a sensitive and confidential nature (the "Committee Confidential Information").

4. Access To Creditor Information. In satisfaction of the Committee's obligation to provide access to information for creditors and solicit and receive comments in accordance with Bankruptcy Code Sections 1102(b)(3)(A) and (B), and to otherwise clarify and fix the statutory that the Committee provide access to information for general unsecured creditors, the Committee may, in its reasonable discretion, until the earliest to occur of dissolution of the Committee, dismissal of these chapter 11 cases, or conversion of these chapter 11 cases, or upon further order of the Court:

    a. Establish and maintain an Internet-accessed website or an electronic mail address for creditors to submit questions and comments to the Committee;

    b. Establish and maintain an Internet-accessed website (the "Committee Website") for the benefit of constituent unsecured creditors, that may provide, without limitation:

        i. general information concerning the chapter 11 cases of the Debtors including, case dockets and docket filings, or access or links or the Internet address to the case dockets and docket filings, and general information concerning significant parties in the cases;

        ii. periodic Committee-written reports summarizing recent proceedings, events and public financial information;

        iii. highlights of significant and material events in the cases;

    iv.    deadlines for upcoming significant and material events or time and place for hearings in the cases;

    v.    the internet address, access or links to the claims docket as and when established by the Debtors or any claim agent retained in the cases;

    vi.    a general overview of the chapter 11 process, press releases (if any) issued by any of the Debtors or the Committee;

    vii.    responses to creditor questions, comments and requests for access to information; <u>provided</u>, <u>however</u>, that the Committee may privately provide such responses in the exercise of its reasonable discretion, including in light of the nature of the information request and the creditor's agreements to appropriate confidentiality and trading of claims or interests constraints;

    viii.    answers to frequently asked questions; and

    ix.    access or links or the internet address to other relevant websites and information.[2]

    c.    Retain Kurtzman Carson LLC ("<u>KCC</u>") as the Committee's Website Administrative Agent, on the terms as set forth in the services agreement attached hereto as Exhibit "A" (the "<u>KCC Services Agreement</u>").

5.    <u>Privileged and Confidential Information</u>. Absent entry of an order of this Court to the contrary, the Committee shall not be required or obligated to disseminate to any entity (all references to "entity" herein shall be as defined in Bankruptcy Code Section 101(15),

---

[2] No access or link will bypass the login and password requirements of the PACER or ECF websites. To obtain a PACER account and password, parties should contact the PACER Service Center at (800) 676-6856 or visit its website via the Internet at www.pacer.psc.uscourts.gov.

"Entity"):  (a) Confidential Information;[3] (b) Committee Confidential Information; or (c) Privileged Information.

6. <u>Information Subject to Discovery</u>.  Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation in these chapter 11 cases or related to the Debtors shall not be governed by the terms of this Order but, rather, by any order governing such discovery or adversary proceeding, contested matter on other litigation; <u>provided, however</u>, that any information received (formally or informally) by the Committee from the Debtors shall be governed by the terms of this Order and any confidentiality agreement between the Committee and the Debtors concerning these chapter 11 cases. Notwithstanding anything to the contrary contained in this Order, this Order does not govern information which any member of the Committee has received other than in its capacity as a member of the Committee.

7. <u>Identification</u>.  The Debtors shall assist the Committee in identifying any Confidential Information concerning the Debtors that is provided by the Debtors or their agents or professionals, or by any third party, to the Committee, its agents and professionals.

8. <u>Creditor Information Requests</u>.  If a general unsecured creditor (the "<u>Requesting Creditor</u>") submits a written request (including electronic mail) (the "<u>Information Request</u>") for the Committee to disclose or provide information, the Committee shall as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (including, if relevant, on the Committee Website) (the "<u>Response</u>"), including providing access to the information requested or the reasons the

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Information Request cannot be complied with. If the Response is to deny the Request because the Committee believes the Information Request implicates Confidential Information, Committee Confidential Information or Privileged Information that need not be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102 (b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the rules of the court. The Committee shall not object to any Requesting Creditor's request to participate in any such hearing by telephone conference. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information, Committee Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information, Committee Confidential Information, or Privileged Information. Finally, nothing in this paragraph or order limits, affects, or otherwise prejudices the rights, if any, of individuals to seek relief from this Court under 11 U.S.C. § 1102(b)(3).

    9.  <u>Committee Response</u>. In its Response to an Information Request for access to Confidential Information or Committee Confidential Information, the Committee shall consider whether:

    a. the Requesting Creditor is willing to enter into the confidentiality agreement, substantially in the form attached hereto as Exhibit "B" (the "<u>Confidentiality</u>

Agreement"), and which form of Confidentiality Agreement is hereby approved, and trading restrictions with respect to such Confidential Information and/or Committee Confidential Information and represents that such trading restrictions and any information-screening process complies with applicable securities laws, Bankruptcy Rules or contract laws; and

  i. <u>Claims/Equity Security Traders</u>: If the Requesting Creditor is involved in purchasing, selling or trading claims against or equity interest in the Debtors, the Requesting Creditor must file serve upon counsel to the Committee, the Debtors and the United States Trustee, a document with the Court, and confirming that it has established an information screening barrier ("<u>Screening Wall</u>") that will be enforced, that no Confidential Information or Committee Confidential Information will be revealed to purchasers, sellers or claims traders or any persons or entities involved in trading of claims and listing the name of the person that has been designated as monitor to ensure compliance with the provisions hereof; and

  ii. <u>Market Competitors</u>: If the Requesting Creditor is a competitor or prospective competitor of the Debtors and the information requested may impair the Debtors' business in any material way, no information will be disclosed unless the Court orders such disclosure after notice and a hearing. The determination that a Requesting Creditor is a competitor or prospective competitor is reviewable by the Court; and

 b. under the particular facts, such agreement and any information-screening process that it implements will reasonably protect the confidentiality of such information;

<u>provided</u>, <u>however</u>, that if the Committee elects to provide access to Confidential Information or Committee Confidential Information on the basis of the entry into the Confidentiality Agreement and such trading restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities or contract laws.

Any disputes with respect to this paragraph shall be resolved as provided in the preceding paragraph, and, to the extent applicable, the next paragraph.

10. <u>Release of Confidential Information or Privileged Information of the Debtors to Third Parties</u>. Notwithstanding anything herein to the contrary, if the Information Request implicates Confidential Information or Privileged Information of the Debtors (or any other Entity other than the Committee) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information or Privileged Information to creditors, the Committee shall make a demand for the benefit of the Debtors' creditors pursuant to the following procedures:

    a. <u>Debtors' Confidential Information or Privileged Information</u>. If the Confidential Information or Privileged Information is information of the Debtors, the Committee shall submit a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors ("<u>Debtors' Counsel</u>"), stating that such information will be disclosed in the manner described in the Committee Information Demand unless the Debtors object in writing to such Committee Information Demand on or before ten (10) days after the service of such Committee Information Demand. If the Debtors so object, the Debtors, the Committee and the Requesting Party shall work in good faith to resolve the Debtors' objection to the Committee Information Demand. In the event that the Debtors' objection is not resolved, the Debtors shall request that the Court schedule a hearing (that is acceptable to the Committee and Requesting Creditor) no later than thirty (30) days after the service of the Debtors' objection to Committee Information Demand. At such hearing, the Debtors must demonstrate why such Committee Information Demand is prejudicial to the Debtors and why the Debtors should not comply with the request pursuant to 11 U.S.C. § 704(a)(7).

    b. <u>Third Party Confidential Information</u>. If the Confidential Information is information held by another Entity (including, without limitation, agents and representatives of the Debtors), the Committee shall

       submit a written request, each captioned as a "Committee Information Demand," to such Entity and its counsel of record, with a copy to Debtors' Counsel, stating that such information will be disclosed in the manner described in the Committee Information Demand unless such Entity or the Debtors object in writing to such Committee Information Demand on or before ten (10) days after the service of such Committee Information Demand. If the Debtors or the Entity so object, the Debtors, the Committee, the Entity and Requesting Creditor shall work in good faith to resolve the Debtors' or the Entity's objection to the Committee Information Demand. In the event that the Debtors' or the Entity's objection is not resolved, the Debtors or Entity shall request that the Court schedule a hearing (that is acceptable to the Committee, the Entity and Requesting Creditor) no later than thirty (30) days after the service of the objection to Committee Information Demand. At such hearing, the objecting party must demonstrate why such Committee Information Demand should not be complied with and, if applicable, why the Debtors should not comply pursuant to 11 U.S.C. § 704(a)(7).

    c. The Committee may in its sole discretion disclose any Committee Confidential Information pursuant to and consistent with the terms of this Order.

Nothing in this paragraph or this order limits, affects, or otherwise prejudices the rights, if any, of individuals to seek relief from this Court under 11 U.S.C. § 1102(b)(3).

    11. <u>Limitations</u>. Nothing in this Order requires the Committee to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in Bankruptcy Code Section 1102(b)(3).

    12. <u>Committee Website Expenses</u>. The fees and expenses of KCC as Committee's Website Administrative Agent incurred by the Committee under the terms of the KCC Services Agreement (the "<u>Committee Website Expenses</u>") shall be paid directly to KCC by the Debtors' estates without further order of the Court upon the service of appropriate invoices

by KCC upon counsel for the Debtors, the United States Trustee and counsel to the Committee (the "Notice Parties"). This Court retains jurisdiction to resolve any disputes regarding KCC's fees and expenses that may arise among or between the Notice Parties. Committee Website Expenses shall be treated as administrative expense priority claims against the Debtors' estates pursuant to Bankruptcy Code Section 503(b).

13. <u>Limitation of Liability</u>. None of the Debtors, the Committee nor any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "<u>Covered Parties</u>"), shall have or incur any liability to any Entity (including the Debtors and their affiliates) or any governmental Entity (as such term is defined under 11 U.S.C. § 101(14)) for any act taken or omitted to be taken in compliance with this Order. To the extent applicable law affords the Covered Parties qualified immunity or similar protections for any act taken or omitted to be taken in compliance with this Order, entry of this Order shall not limit or otherwise affect such qualified immunity or similar protection.

14. <u>Effective Date</u>. This Order shall be effective as of December 18, 2008.

15. <u>Binding</u>. This Order shall be binding in all respects upon the Debtors, Committee and affected parties and any successors thereto and all creditors and parties-in-interest.

16. <u>Nonseverable</u>. The provisions of this Order are nonseverable and mutually dependent.

17. <u>Jurisdiction</u>. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respect and further to hear and determine all matters arising from the construction and implementation of this Order.

Dated: Feb 3, 2009
Wilmington, Delaware

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge