# EXHIBIT A



# KCC AGREEMENT FOR SERVICES

This Agreement is entered into as of the 14th day of January, 2009, between the Official Committee of Unsecured Creditors (hereinafter referred to collectively as the "Committee") in the Chapter 11 cases (the "Cases") of Tribune Company, and Kurtzman Carson Consultants LLC (hereinafter referred to as "KCC").

The services rendered by KCC will commence February 3, 2009, and continue until either party shall exercise its rights of suspension or termination as set forth below.

"KCC" shall mean Kurtzman Carson Consultants LLC, its servants, agents, employees, licensees, and subcontractors, and the term "Committee" shall include all members of the committee in their capacity as such and their respective servants, agents, employees, licensees and subcontractors.

## Terms and Conditions

### I. SERVICES

A.    KCC agrees to provide the Committee with technology and other services in connection with the Committee's involvement in the Cases.

B.    KCC may upon request provide a communications plan including but not limited to preparation of communications materials, dissemination of information and a call center staffed by KCC.

### II. DOCUMENT MANAGEMENT

KCC agrees to provide copy and notice services consistent with the applicable Local Rules of the United States Bankruptcy Court and as requested by the Committee and/or the Court.

### III. PRICES, CHARGES AND PAYMENT

A.    KCC agrees to charge and the Committee agrees to use its best efforts to cause Tribune Company to pay KCC for its services, and reasonable and documented expenses at the rates or prices in effect on the day such services are rendered and/or expenses are incurred, in accordance with the KCC Fee Structure. KCC shall receive a retainer in the amount of $5,000 for services to be performed and expenses to be incurred in this matter due upon execution of this Agreement. KCC acknowledges that the Committee, its individual members and their respective advisors or professionals (including, but not limited to, counsel to the Committee) shall have no obligation to pay its fees, expenses or any indemnity amounts.

Kurtzman Carson Consultants LLC 2230 Avenue of the Americas, 7th Floor, New York, NY 10020 PHONE 866-381-9100 kccllc.com


KURTZMAN
CARSON
CONSULTANTS

## KCC AGREEMENT FOR SERVICES

B.    KCC's prices are adjusted periodically to reflect changes in the business and economic environment.

C.    Committee agrees to use its best efforts to cause Tribune Company to pay reasonable and documented expenses incurred by KCC related to transportation, lodging, meals, publications, postage and other third-party charges, in addition to the hourly consulting fees set forth in the KCC Fee Structure. Where the expenses related to these items are expected to exceed $10,000 in any single month, KCC may require advance payment.

D.    KCC agrees to submit its invoice to the Committee and Tribune Company monthly. If any amount is unpaid as of thirty (30) days from the receipt of the invoice, Committee further agrees to use its best efforts to cause Tribune Company to pay a late charge, calculated as one and one-half percent (1-1/2%) of the amount unpaid every thirty (30) days. In the case of a dispute in the invoice amount, notice shall be given to KCC within ten (10) days of receipt of the invoice by the Committee. Late charges shall not accrue on any amounts in dispute. The balance of the invoice amount is due and payable by Tribune Company in the normal course.

## IV.    RIGHTS OF OWNERSHIP

A.    The parties understand that the software programs and other materials furnished by KCC pursuant to this Agreement and/or developed during the course of this Agreement by KCC are the sole property of KCC. The term "program" shall include, without limitation, data processing programs, specifications, applications, routines, and documentation. Committee agrees not to copy or permit others to copy the source code from the support software or any other programs or materials furnished pursuant to this Agreement.

B.    Committee further agrees that any ideas, concepts, know-how or techniques relating to data processing or KCC's performance of its services developed during the course of its Agreement by KCC shall be the exclusive property of KCC.

C.    Furthermore, upon Committee's request at any time or times while this Agreement is in effect, KCC shall immediately deliver to Committee, at Committee's sole expense, any or all of the non-proprietary data and records held by KCC pursuant to this Agreement, in the form requested by Committee.

## V.    CONFIDENTIALITY

KCC, on behalf of itself and its employees, agrees to keep confidential all records and other information with respect to the Committee. Committee agrees to keep all proprietary, non-public information with respect to KCC's system, procedures and software confidential; provided, however, that if either party is required to produce any such information by order of any governmental agency or other regulatory body it may, upon not less than five (5) business days' written notice to the other party, release the required information.



# KCC AGREEMENT FOR SERVICES

## VI.    SUSPENSION OF SERVICE AND TERMINATION

A.    This Agreement shall remain in force until terminated or suspended by either party upon thirty (30) days' written notice to the other party, or for cause, in which event no notice shall be required.  Cause shall mean an act or omission to act by KCC performed with either gross negligence or wanton misconduct that causes, or an act or omission with the intent to cause, harm to the Committee's efforts in the Cases.  Cause shall also mean failure of the Company to pay KCC invoices for more than sixty (60) days from the date of invoice, or the accrual of invoices or unpaid services in excess of the retainer held by KCC where KCC has any reasonable fear of non-payment.

B.    In the event that this contract is terminated, regardless of the reason for such termination; KCC shall cooperate with Committee to maintain an orderly transfer of record keeping functions and shall provide all necessary staff, services and assistance required for an orderly transfer.  Committee agrees to use its best efforts to cause Tribune Company to pay for such services in accordance with KCC's then existing prices for such services.

## VII.    SYSTEM IMPROVEMENTS

KCC will provide continuous improvements in the quality of service to the Committee.  KCC, therefore, reserves the right to make changes in operating procedure, operating systems, programming languages, general purpose library programs, application programs, time period of accessibility, types of terminal and other equipment and the KCC data center serving the Committee, so long as any such changes do not materially interfere with ongoing services provided to the Committee.

## VIII.    LIMITATIONS OF LIABILITY AND INDEMNIFICATION

A.    Committee shall use its best efforts to cause Tribune Company to indemnify and hold KCC, its officers, employees and agents harmless against any losses, claims, damages, judgments, liabilities and expense (including reasonable counsel fees and expenses) resulting from action taken or permitted by KCC in good faith with due care and without gross negligence in reliance upon instructions or orders received from Committee as to anything arising in connection with its performance under this Agreement.  KCC shall be without liability to Committee with respect to any performance or non-performance, in accordance with the terms of this Agreement or instructions properly received pursuant hereto, if done in good faith and without gross negligence or willful or wanton misconduct.

B.    Except as provided herein, KCC's liability to Committee or any person claiming through or under Committee for any claim, loss, damages or expense of any kind, even if KCC has been advised of the possibility of such damages, whether direct or indirect and unless due to gross negligence or willful misconduct of KCC shall be limited to the total amount billed or billable to Committee for the portion of the particular work which gave rise to the loss or damage.  In no event shall KCC's liability to Committee for any losses or damages, whether direct or indirect, arising out of this Agreement exceed the total amount

3

KURTZMAN
CARSON
CONSULTANTS

# KCC AGREEMENT FOR SERVICES

billed to Committee and paid to KCC for the services contemplated under the Agreement. In no event shall KCC be liable for any indirect, special or consequential damages such as loss of anticipated profits or other economic loss in connection with or arising out of the services provided for in this Agreement.

C.    Committee is responsible for the accuracy of the programs and data it submits for processing to KCC and for the output. Committee agrees to initiate and maintain backup files that would allow Committee to regenerate or duplicate all programs and data submitted by Committee to KCC.

D.    Committee agrees that except as set forth herein, KCC makes no representations or warranties, express or implied, including, but not limited to, any implied or express warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

## IX.    INDEPENDENT CONTRACTORS

Committee and KCC are and shall be independent contractors of each other and no agency, partnership, joint venture or employment relationship shall arise, directly or indirectly, as a result of this agreement.

## X.    FORCE MAJEURE

Whenever performance by KCC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock-out or other industrial or transportation disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions or by reason of any other matter beyond KCC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

## XI.    NOTICES

All notices and requests in connection with this Agreement shall be given or made upon the respective parties in writing and shall be deemed as given as of the third day following the day it is deposited in the U.S. Mail, postage pre-paid or on the day it is given if sent by facsimile or on the day after the day it is sent if sent by overnight courier to the appropriate address set forth below:



# KCC AGREEMENT FOR SERVICES

Kurtzman Carson Consultants LLC
2335 Alaska Ave.
El Segundo, CA 90245
Attn: James Le
Tel: (310) 823-9000
Fax: (310) 823-9133

Landis Rath & Cobb LLP
919 Market St., Suite 1800
PO Box 2087
Wilmington, DE 19899
Attn: Adam Landis, Esq.
Tel: (302) 467-4410
Fax: (302) 467-4450

Landis Rath & Cobb LLP
919 Market St., Suite 1800
PO Box 2087
Wilmington, DE 19899
Attn: Matthew McGuire, Esq.
Tel: (302) 467-4400
Fax: (302) 467-4450

Or to such other address as the party to receive the notice or request so designates by written notice to the other.

## XII.    APPLICABLE LAW

The validity, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of California.

## XIII.    ENTIRE AGREEMENT/ MODIFICATIONS

Each party acknowledges that it has read this Agreement, understands it, and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings and other agreements, oral and written between the parties relating to the subject matter of this Agreement. The Committee represents that it has the authority to enter into this Agreement, and the Agreement is non-dischargeable under any applicable statute or law. If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby. This Agreement may be modified only by a written instrument duly executed by an authorized representative of Committee and an officer of KCC.

## XIV.    ASSIGNMENT

This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other, with the exception that this Agreement can be assigned by KCC to a wholly owned subsidiary of KCC.

## XV.    ARBITRATION.

Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration



# KCC AGREEMENT FOR SERVICES

Association, and judgment upon the award rendered by the arbitrator(s) shall be entered in any court having jurisdiction thereof. For that purpose, the parties hereto consent to the jurisdiction and venue of an appropriate court located in the Los Angeles County, State of California.

## XVI.   ATTORNEYS' FEES.

In the event that any legal action, including an action for declaratory relief, is brought to enforce the performance or interpret the provisions of this Agreement, the parties agree to reimburse the prevailing party's reasonable attorneys' fees, Court costs, and all other expenses, which may be set by the Court in the same action or in a separate action brought for that purpose, in addition to any other relief to which the prevailing party may be entitled.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the first date mentioned above.

Kurtzman Carson Consultants LLC

BY:   _James M. Le_
TITLE:   _Chief Operational Officer_

The Official Committee of Unsecured Creditors of Tribune Company, et al.

JPMorgan Chase Bank, N.A., solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity

---

BY:   Miriam Kulnis
TITLE: Executive Director

Warner Bros. Television, solely in its capacity as Co-Chair of the Creditors' Committee and not in its individual capacity

---

BY:   Wayne M. Smith
TITLE:  Vice President, Senior Litigation & Chief Patent Counsel

6



# KCC OFFICIAL COMMITTEE
# FEE STRUCTURE

## WEBSITE ADMINISTRATION

### KCC CaseView

| | |
|---|---|
| Creation of case-specific public website | Waived |
| Hosting case-specific public website | $200.00 per month |
| Image Storage | Waived |
| Creditor Storage | Waived |
| Case-specific voicemail box for creditor inquiries | Waived |
| Case-specific e-mail box for creditor inquiries | Waived |

## OPTIONAL SERVICES[1]

### Consulting Services & Rates

| | | |
|---|---|---|
| Clerical | $45.00 - $65.00 | per hour |
| Project Specialist | $80.00 - $140.00 | per hour |
| Consultant | $165.00 - $245.00 | per hour |
| Senior Consultant | $255.00 - $275.00 | per hour |
| Senior Managing Consultant | $295.00- $325.00 | per hour |
| Technology/Programming Consultant | $145.00 - $195.00 | per hour |
| Weekend, holidays and overtime | Waived | |

### Document Management/Imaging

| | |
|---|---|
| Electronic imaging (scanning and bar-coding) | $0.25 per imaged page |
| Virtual data room | $2,500 one time set-up fee |

---

[1] Expenses shall be consistent with the general practice procedures authorized in the District of Delaware.

1

Kurtzman Carson Consultants LLC 1230 Avenue of the Americas, 7th Floor, New York, NY 10020  PHONE 866-381-9100  kccllc.com

 KURTZMAN
CARSON
CONSULTANTS

# KCC OFFICIAL COMMITTEE
# FEE STRUCTURE

## Notice Printing & Publication Services

| | |
|---|---|
| Setup | Waived |
| Inserting creditor information into customized documents | $0.15 per piece |
| Electronic noticing (e-mail) | $50.00 per 1,000 |
| Electronic noticing (domestic facsimile) | $0.50 per page |
| Document folding and inserting | $0.10 per document |
| Legal notice publishing | Quote prior to publishing |

## Other Expenses

| | |
|---|---|
| Printing, photocopies and labels | $0.10 per image |
| Facsimile – standard incoming/outgoing correspondences | No charge |