IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------- x
In re:                                               :   Chapter 11
                                                     :
                                                     :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                             :
                                                     :   Jointly Administered
       Debtors.                                      :
                                                     :   **Hearing Date: February 20, 2009 at 10:00 a.m.**
                                                     :   **Objection Deadline: February 13, 2009 at 10:00 a.m.**
                                                     :
---------------------------------------------------- x

## MOTION OF COMCAST CABLE COMMUNICATIONS, LLC FOR RELIEF FROM THE AUTOMATIC STAY TO DELIVER NOTICE OF NON-RENEWAL OF AFFILIATION AGREEMENT

Comcast Cable Communications, LLC ("Comcast") hereby respectfully moves (the "Motion") for entry of an order granting Comcast relief from the automatic stay pursuant to section 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), to allow it to provide notice of non-renewal of that certain affiliation agreement (the "Agreement") between Comcast, as successor-in-interest to Satellite Sports Services, Inc., and ChicagoLand Television News, Inc., ("ChicagoLand"), one of the above-captioned debtors. In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

### JURISDICTION

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein is section 362(d)(1) of the Bankruptcy Code, as supplemented by Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-

1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

A. The Agreement

2. On January 20, 1992, Satellite Sports Services, Inc. ("SSI") and Tribune Regional Programming, Inc. ("Tribune") entered into the Agreement for the distribution of the ChicagoLand Television network ("CLTV"). Comcast became the successor-in-interest to the Agreement when it acquired the cable-related properties of AT&T Corporation, including SSI, in 2002. Since the execution of the Agreement, Tribune has been formally renamed as ChicagoLand.

3. The Agreement was amended on September 20, 1993, and further amended by letter agreements dated December 19, 2007, February 26, 2008, June 17, 2008, August 11, 2008, December 16, 2008, and January 15, 2009.[1] At all material times the Agreement provided that the then-current contract would be automatically renewed for a five-year term unless Comcast provided written notice of its intent not to renew the Agreement at least 60 days prior to the end of the current term. Under the Agreement, the right to terminate in this regard is at will and unconditional; there is no obligation to show cause or give reasons for such non-renewal.

4. Under the terms of the January 15, 2009 amendment, the parties agreed that the Agreement would be extended through and including March 31, 2009 and further agreed that Comcast may elect not to renew the Agreement by providing written notice to ChicagoLand of such non-renewal no later than March 15, 2009 (the "Termination Notice").

---

[1] These letter agreements provided for short-term extensions to the Agreement while the parties continued carriage discussions. However, the parties were unable to reach agreement on a renewal.

B.   Procedural Background

5.   On December 8, 2008 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Upon filing for bankruptcy, the automatic stay when into effect, pursuant to section 362(a) of the Bankruptcy Code.

6.   The Debtors are operating their businesses and managing their properties and assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### RELIEF REQUESTED

7.   By this Motion, Comcast requests relief from the automatic stay in order to exercise its right under the Agreement to provide the Termination Notice to ChicagoLand, thereby notifying ChicagoLand of Comcast's intent not to renew the Agreement for another five-year term.

### BASIS FOR RELIEF REQUESTED

8.   Pursuant to section 362(d) of the Bankruptcy Code, Comcast is entitled to relief from the automatic stay. Section 362(d) of the Bankruptcy Code provides, in pertinent part, that "after notice and a hearing, the court shall grant relief from the stay . . . for cause . . . ." 11 U.S.C. § 362(d). Neither the Bankruptcy Code nor its legislative history define "cause" under this section, however, the term "is viewed as a broad and flexible concept." In re M.J. & K. Co., 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993).

9.   The party opposing relief from the automatic stay under section 362(d) of the Bankruptcy Code bears the burden of proof on all issues other than the debtor's equity in property. See In re Domestic Fuel Corp., 70 B.R. 455, 462-63 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g). If the party seeking relief from the stay makes a prima facie case of "cause" for

lifting the stay, then the burden shifts to the debtor, pursuant to section 362(g) of the Bankruptcy Code. See In re 234-6 West 22nd St. Corp., 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

10. With respect to contract termination in the context of the automatic stay, it has been expressly held under section 362(d) of the Bankruptcy Code that "[c]ause exists when a party desires, pursuant to [its] contract terms, to prevent the automatic renewal of a contract, and no substantive basis is established why such party's right should not be recognized by the bankruptcy court." River Bank America v. Colonial Realty Co. (In re Colonial Realty Co.), 1990 Bankr. LEXIS 2839 at *6 (Bankr. D. Conn. Dec. 27, 1990). See also, In re Nat'l Envtl. Waste Corp., 191 B.R. 832, 838 (Bankr. C.D. Cal. 1996) (in support of the court's decision to retroactively annul the automatic stay, it stated that had the non-debtor party sought relief from the stay originally, in order to provide notice of non-renewal of its contract with the debtor, "the Court would have routinely granted the motion."); Schewe v. Fairview Estates (In re Schewe), 94 B.R. 938, 950 (Bankr. W.D. Mich. 1989) (holding that when a lessor desires to terminate a lease that is a month-to-month tenancy at will with a debtor-lessee, "cause" exists to modify the stay to permit the lessor to exercise such right, and "the court [would] not impose a new lease agreement upon the parties."). Here, Comcast is seeking relief identical to that addressed in Colonial Realty — to provide notice in order to prevent the otherwise automatic renewal of the Agreement. The plain terms of the Agreement provide Comcast with this right. Because there is no substantive basis for not recognizing this right, which is included in the Agreement as unconditional, the Court should grant Comcast relief from the stay in order to provide the Termination Notice.

11. The relief sought herein is also consistent with general doctrine surrounding the automatic stay and contractual rights, including the principle that "[t]he Bankruptcy Code neither

enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms. . . The Bankruptcy Court cannot recreate an interest for the Debtor where none exists." In re Unidigital, Inc., 2000 WL 33712306 (Bankr. D. Del. 2000); see also 3 Lawrence P. King, et al., COLLIER ON BANKRUPTCY, ¶ 362.03[5][a] (15th rev. ed. 2008) (A "nondebtor party who is stayed from proceeding should not be denied valuable rights simply because of the stay."). The express terms of the Agreement provide that Comcast may terminate the Agreement and elect not to renew it for another five-year term as long as timely notice is provided. The Bankruptcy Code should not be used to abrogate this right and bind Comcast to the Agreement for another five years to which it would not otherwise have been bound outside of chapter 11. Such action would certainly enlarge the Debtors' rights under the Agreement, which, as described above, is not proper under the Bankruptcy Code.

12.  Based on the foregoing, Comcast respectfully requests that the Court grant it relief from the automatic stay in order to provide ChicagoLand with the Termination Notice.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
February 3, 2009

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Robert J. Dehney
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

-and-

WILLKIE FARR & GALLAGHER LLP
Marc Abrams
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

Co-Counsel for Comcast Corporation

2715202