## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

Hearing Date: February 20, 2009 at 10:00 a.m.
Related to Docket No. 189
Objection Deadline: February 13, 2009 at 4:00 p.m.

### SUPPLEMENT TO MOTION FOR AN ORDER GRANTING DEBTORS ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(A) OR TO SEEK A MODIFICATION OF SUCH REPORTING REQUIREMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(D)

The above-captioned debtors and debtors in possession (each a "Debtor" and

collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this

supplement ("Supplement") to their motion for entry of an order granting additional time to file

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

their reports of financial information in respect of entities in which a chapter 11 estate holds a controlling or substantial interest pursuant to Bankruptcy Rule 2015.3 or to seek a modification of such reporting requirement for cause (the "Motion"). The Motion, which was filed on January 12, 2009, was originally scheduled to be heard on February 3, and was subsequently adjourned, with the consent of the Office of the U.S. Trustee ("U.S. Trustee") to the February 20 hearing.

These administratively consolidated cases are comprised of 111 Debtors. Within the Debtors' corporate family are 18 non-Debtor entities which are wholly owned by one or more Debtors.[2] Additionally, the Debtors directly hold non-majority (i.e. 50% or less) equity interests in eight non-Debtor entities (the "Non Majority Interest Entities"). By this Supplement, the Debtors propose a protocol for compliance with the reporting requirement of the newly enacted Bankruptcy Rule 2015.3 respecting non-Debtors in which Debtors directly hold a "controlling or substantial interest", including the modification of such requirement in connection with certain non-Debtors. This proposed protocol, developed by the Debtors with the assistance of their financial advisors, has been discussed with the advisors to the Unsecured Creditors' Committee ("Committee") and the advisors to the senior lenders' steering committee ("Steering Committee"), who have expressed no objection to the Debtors' proposal. In addition, in a telephone conference on January 23, the Debtors described their proposal to the U.S. Trustee and, at the U.S Trustee's request, forwarded a list of the Non Majority Interest Entities.[3] The

---

[2] The non-Debtors wholly owned by the Debtors are: Fairfax Media, Incorporated; Multimedia Insurance Company; Tribune (FN) Cable Ventures, Inc.; Tribune Interactive, Inc.; Tribune National Marketing Company; Tribune ND, Inc.; Tribune Receivables, LLC; Chicago Cubs Dominican Baseball Operations, LLC; Chicago National League Ball Club, LLC; Diana-Quentin, LLC; Tribune Sports Network Holdings, LLC; Wrigley Field Premium Ticket Services, LLC; TMS Entertainment Guides Canada Corp; Tribune Hong Kong Ltd.; Tribune Media Services B.V.; Professional Education Publishers International (Africa) Pty Ltd.; Tribune Employee Lease Company LLC ; and Tribune Technology LLC.

[3] By email to the U.S. Trustee on February 9, 2009, the list was slightly modified.

Debtors have not received further substantive response or inquiry in respect of this matter from the U.S. Trustee.

The Debtors respectfully submit that their proposal for compliance with the new reporting requirement of Rule 2015.3, as described below, provides meaningful financial reporting for those non-Debtors in which the Debtors have an actual controlling interest, but due to legitimate confidentiality and competitive concerns as well as significant legal considerations, the Debtors are unable to deliver the financial information of non-Debtors that they do not control or which are bound by confidentiality restrictions.  In so doing, the Debtors' proposed protocol balances the need for adequate financial reporting of non-Debtors over which the Debtors have actual control with the practical constraints imposed by third party business relationships and legal considerations.

The Declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company, in support of the Motion and this Supplement is attached hereto as Exhibit A.

## RELIEF REQUESTED

1.    Bankruptcy Rule 2015.3 has been in effect for little over two months and there is little interpretive guidance regarding the parameters for compliance.  By its terms, Rule 2015.3(a) requires that a debtor in possession shall "file periodic financial reports of the value, operations and profitability of each entity that is not a publicly traded corporation or a debtor in a case under chapter 11, and in which the estate holds a substantial or controlling interest."  The Rule creates a presumption that "an entity of which the estate controls or owns at least a 20% interest" is an entity "in which the estate has a substantial or controlling interest."  Rule 2015.3(c).  This presumption is rebuttable and the Court may determine whether the estate's

interest in a given entity is in fact "substantial or controlling." Id. Reporting under Rule 2015.3 is to be based upon the new Official Form 26, with the initial report to be filed not later than five days before the date set for the first meeting of creditors and subsequent reports to be filed not less frequently than every six months thereafter until the effective date of a plan or dismissal or conversion of the case. Rule 2015.3(b). The Court may "vary the reporting requirement established by subdivision (a) of this rule for cause, including that the ... debtor in possession is not able, after a good faith effort, to comply with those reporting requirements...." Rule 2015.3(d).

2.    As noted, non-Debtor entities as to which Rule 2015.3 would literally apply include 18 wholly owned entities and the Non Majority Interest Entities. The wholly owned entities include the Chicago National League Ball Club, LLC  and related entities (collectively, the "Cubs Entities")[4].

3.    The Debtors propose to comply with Rule 2015.3(a) in the following manner. As to all non-Debtors wholly owned by a Debtor (other than the Cubs Entities), the Debtors shall file periodic financial reports consisting of cash flow statements, income statements and balance sheets on an entity by entity basis. The Debtors propose to file the first financial reports on March 23,[5] the date that the Debtors' schedules and statements of financial

---

[4] The Cubs Entities are: Chicago Cubs Dominican Baseball Operations, LLC; Chicago National League Ball Club, LLC; Diana-Quentin, LLC; Tribune Sports Network Holdings, LLC, and Wrigley Field Premium Ticket Services, LLC.

[5] As noted, Rule 2015.3(b) contemplates that the initial reporting shall be made at least five days prior to the date set for the meeting of creditors under section 341 of the Bankruptcy Code. The first meeting of creditors occurred on January 16, and was adjourned, presumably at least in part to allow for the filing of the Debtors' schedules and statements of financial affairs, which are now due on March 23. The adjourned section 341 meeting has not yet been rescheduled.

affairs are required to be filed, and to file subsequent financial reports every six months thereafter.[6]

   4. With respect to the Cubs Entities and the Non Majority Interest Entities, the Debtors seek to be excused from the reporting requirements of Rule 2015.3(a) on the following grounds. As to the Cubs Entities, Major League Baseball prohibits the disclosure by member teams of the kind of non-public financial information required under Rule 2015.3(a). Thus, the Debtors are not able to file such non-public financial information respecting the Cubs Entities. For the foregoing reasons, the Debtors submit that sufficient cause exists to excuse compliance with Rule 2015.3(a) in respect of the Cubs Entities.

   5. With respect to the Non Majority Interest Entities, the Debtors in no instance have "control" over such entities, and, for this and other reasons, these entities are not included in the Debtors' consolidated financial reporting. The Debtors own 50% or less of the Non Majority Interest Entities, with the remaining equity interests held by non-affiliated third parties. As such, the Debtors do not have voting control of any of the Non Majority Interest Entities. Furthermore, the Debtors do not control the board of any of the Non Majority Interest Entities, and, for the most part, the Debtors do not participate in the day-to-day management of any of the Non Majority Interest Entities. In addition to lacking voting or board control in any Non Majority Interest Entity, in many, if not all instances, confidentiality constraints limit the Debtors' ability to publicly disclose certain operational or financial information, and the other non affiliated third party owners of such entities would likely not accede to the publication of

---

[6] The Debtors submit that the proposed financial reporting, which is comparable to the reporting presently required of chapter 11 debtors, is sufficient under the circumstances to satisfy the requirements of Rule 2015.3(a). The Debtors further believe that additional reporting respecting the "value" of non-Debtor entities at this time, beyond the reporting set forth above, would be impracticable and would yield inaccurate and incomplete information. Additionally, the Debtors simply do not maintain or produce such valuation information in the ordinary course of their businesses and requiring same would only impose substantial additional administrative burdens and expense to develop information not presently available.

this information.  Moreover, such disclosure could raise significant competitive and commercially sensitive considerations.  In light of the Debtors' non-majority ownership stakes and lack of voting, board or management control in the Non Majority Entities, the Debtors submit that the presumption of a "substantial or controlling interest" therein is rebutted. Moreover, the Debtors submit that these facts, when weighed together with the significant countervailing considerations against disclosure, constitute sufficient cause to excuse compliance under Rule 2015.3(a) as to the Non Majority Interest Entities.

6.     As to both the Cubs Entities and the Non Majority Interest Entities, the Debtors are prepared to make reasonable efforts to provide, where they are permitted to do so, financial disclosure to the U.S. Trustee, the Committee and the Steering Committee subject to acceptable confidentiality restrictions.

7.     Notice of this Supplement is being provided by overnight mail, facsimile and/or e-mail delivery to the same parties who received notice of the Motion: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) the administrative agent for the Debtors' prepetition loan facilities; (vii) the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustee for the Debtors' prepetition notes; and (ix) all parties having requested notices in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) granting the Motion and authorizing the adoption by the Debtors of the reporting protocol described herein for compliance with Rule 2015.3, including a determination that the presumption of a "controlling or substantial interest" by the Debtors in the Non Majority Interest Entities has been rebutted, that cause exists to excuse compliance with Rule 2015.3 in respect of the Non Majority Interest Entities and the Cubs Entities and that the reporting protocol proposed by the Debtors satisfies the requirements of Rule 2015.3(a), and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
        February 10, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:  _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR
DEBTORS AND DEBTORS IN
POSSESSION