# EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: February 20, 2009 at 10:00 a.m.**<br>**Related to Docket Nos. 189**<br>**Objection Deadline: February 13, 2009 at 4:00 p.m.** |

**DECLARATION OF CHANDLER BIGELOW III, SENIOR VICE PRESIDENT
AND CHIEF FINANCIAL OFFICER OF TRIBUNE COMPANY, IN SUPPORT
OF (i) MOTION FOR ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL
INFORMATION PURSUANT TO BANKRUPTCY RULE 2015.3(A) OR TO SEEK
A MODIFICATION OF SUCH REPORTING REQUIREMENT PURSUANT TO
BANKRUPTCY RULE 2015.3(D) AND (ii) SUPPLEMENT THERETO**

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss: |
| COUNTY OF COOK | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

I, Chandler Bigelow III, declare as follows:

1.    I am a Senior Vice President and the Chief Financial Officer of the Tribune Company, a corporation organized under the laws of Delaware and one of the above-captioned debtors and debtors in possession (collectively, the "Debtors").  Tribune Company is the direct or indirect parent company of the other Debtors herein.  I am generally familiar with the Debtors' day-to-day operations, business affairs, and books and records.

2.    I submit this declaration (the "Declaration") in support of the Debtors' Motion for Additional Time to File Reports of Financial Information Pursuant to Bankruptcy Rule 2015(a) or to Seek Modification of Such Reporting Requirement Pursuant to Bankruptcy Rule 2015(d) (the "Motion") and the Supplement to such Motion, filed contemporaneously herewith.  I am familiar with the contents of the Motion and Supplement.  Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, on information supplied to me by other members of the Debtors' management teams and/or professionals retained by the Debtors, on information learned from my review of relevant documents, or on my opinion based upon my experience and knowledge of the Debtors' operations, financial condition and present liquidity needs.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of the Debtors.

3.    Within the Debtors' corporate family, the following 18 non-Debtors are wholly owned directly by one or more Debtors:  Fairfax Media, Incorporated; Multimedia Insurance Company; Tribune (FN) Cable Ventures, Inc.; Tribune Interactive, Inc.; Tribune National Marketing Company; Tribune ND, Inc.; Tribune Receivables, LLC; Chicago Cubs Dominican Baseball Operations, LLC; Chicago National League Ball Club, LLC; Diana-

Quentin, LLC; Tribune Sports Network Holdings, LLC; Wrigley Field Premium Ticket Services, LLC; TMS Entertainment Guides Canada Corp; Tribune Hong Kong Ltd.; Tribune Media Services B.V.; Professional Education Publishers International (Africa) Pty Ltd.; Tribune Employee Lease Company LLC ; and Tribune Technology LLC. Of these wholly owned non-Debtors, the following constitute the Chicago Cubs baseball team and related entities: Chicago National League Ball Club, LLC; Chicago Cubs Dominion Baseball Operations, LLC; Diana-Quentin, LLC; Tribune Sports Network Holdings, LLC, and Wrigley Field Premium Ticket Services, LLC (the "Cubs Entities").

4.      The Debtors also directly hold non-majority (i.e. 50% or less) equity interests in eight non-Debtor entities (the "Non Majority Interest Entities"). The wholly owned non-Debtors described above together with the Non Majority Interest Entities are the only non-Debtor entities in which the Debtors directly hold a 20% or greater equity interest.

5.      The Debtors propose to comply with the financial reporting requirements of the wholly owned non-Debtors (other than the Cubs Entities) by filing periodic financial reporting consisting of cash flow statements, income statements, and balance sheets on a entity by entity basis, with the first set of such reports to be filed on March 23, 2009 (when the Debtors' schedules and statements of financial officers are due) and with subsequent reports to be filed every six months thereafter. The Debtors submit, and I agree, that such financial reporting is comparable to that presently required of the Debtors. Further, reporting as to "valuation" of non-Debtors at this time would be impracticable and yield inaccurate and incomplete information. Additionally, the Debtors do not maintain or produce such valuation information in the ordinary course of their businesses and requiring such reporting would impose

a substantial additional administrative burden and expense to develop information not presently available.

6.    With respect to the Non Majority Interest Entities, in no instance do the Debtors have actual "control" over such entities.  The Debtors own 50% or less of each of the Non Majority Interest Entities, with the remaining equity interests held by non-affiliated third parties.  As such, the Debtors do not have voting control of any of the Non Majority Interest Entities.  Furthermore, the Debtors do not control the board of any of the Non Majority Interest Entities, and, for the most part, the Debtors do not participate in the day-to-day management of any of the Non Majority Interest Entities.  For these and other reasons, none of the Non Majority Interest Entities are included in the Debtors' consolidated financial reporting.

7.    Even if the Debtors were determined to have a "substantial or controlling interest" in the Non Majority Interest Entities, the Debtors believe and I agree that cause exists to excuse the Debtors' compliance with the reporting requirements of Rule 2015.3(a) as to both the Non Majority Interest Entities and the Cubs Entities for the following reasons.

8.    The Non Majority Interest Entities are non-public entities in which non-affiliated third parties own or control at least a 50% interest.  With respect to each of such entities, the parties never contemplated that significant financial and operations information would be shared publicly.  Indeed, most if not all of the agreements governing the formation and operation of the Non Majority Interest Entities contain confidentiality restrictions which would limit the Debtors' ability to publicly disclose certain operational or financial information.  The Debtors do not believe that the other non affiliated third party owners of such entities would be likely to accede to the publication of this information.

4

9.      Chicago National League Ball Club, LLC, owns and operates the Chicago Cubs, a member team of Major League Baseball.  All of the Cubs Entities are directly involved in carrying out the many facets of the business operations of the Chicago Cubs team.  Major League Baseball prohibits the disclosure by member teams of the kind of non-public financial information required under Rule 2015.3(a).  Thus, the Debtors are not able to file such non-public financial information respecting the Cubs Entities.

10.      Accordingly, for the foregoing reasons, the Debtors believe and I agree that cause exists to excuse the Debtors' compliance with the reporting requirements of Rule 2015.3(a) as to both the Non Majority Interest Entities and the Cubs Entities.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Dated: _2 - 10 - 09_

_Chandler Bigelow III_
Chandler Bigelow III
Senior Vice President & Chief Financial Officer
Tribune Company

Sworn to and subscribed before me this 10th day of February, 2009.

_Susan A Kelly_
Notary Public

OFFICIAL SEAL
SUSAN A KELLY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/10/12

CHI 4868184