# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered<br><br>**Related to Docket No. 140 and 321** |

## ORDER AUTHORIZING RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS RESTRUCTURING ADVISORS FOR THE DEBTORS AND DEBTORS IN POSSESSION

Upon the application (the "Application")[2] of Tribune Company and certain of its direct and indirect subsidiaries, as above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 327(a) of the Bankruptcy Code, authorizing them to retain Alvarez & Marsal North America, LLC ("A&M") as restructuring advisors; and upon the Declaration of Thomas E. Hill in support of the Application and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

Supplemental Declaration of Thomas E. Hill in support of the Application (Docket No. 321); and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that A&M neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that A&M is "disinterested," as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interest of the Debtors' estates and their creditors; after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that in accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain A&M as of the Petition Date as their restructuring advisors on the terms set forth in the Application and the Engagement Letter (as modified by this Order), *nunc pro tunc* to the Petition Date; and it is further

ORDERED, that A&M shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and any applicable Federal Rules of Bankruptcy Procedure, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that, absent further order of this Court after notice is given, the Debtors shall not hire any employee of A&M in such employee's individual capacity during the pendency of the Chapter 11 Cases; and it is further

ORDERED that, A&M shall apply the retainer to compensation and reimbursement allowed on an interim basis and shall exhaust the retainer before seeking additional payments from the Debtors for allowed fees and expenses. A&M's consent to this term is based upon the facts and circumstances of these cases and is without prejudice to A&M's

2

ability to file applications seeking this Court's approval of an "evergreen" or replenishing retainer in other bankruptcy cases.; and it is further

ORDERED, that the indemnification provisions of the Engagement Letter are approved, subject to the following clarifications. For avoidance of doubt, the defined term "A&M" includes all Indemnified Parties (as that term is defined in the Indemnification Agreement appended to the Engagement Letter) where it appears in this "ORDERED" paragraph:

(a) Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, A&M, in accordance with the Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with A&M's performance of the services described in the Engagement Letter;

(b) A&M shall not be entitled to indemnification, contribution, or reimbursement for services other than the claims agent services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

(c) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of A&M's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(d) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no

longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, A&M must file an application before this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by A&M for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&M;

(e)    For services rendered during the period beginning with the Petition Date and ending with the date of closure of these chapter 11 cases or the termination of A&M's employment (whichever occurs first), the following language found at paragraph D on page 7 of the Engagement Letter is deleted from the Letter and is of no further force and effect: "; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities and expenses exceed the amount of fees actually received by the Indemnified Parties pursuant to the Agreement".

and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: February 11, 2009

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge