## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TRIBUNE COMPANY, et al., ) | Case No. 08-13141 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

| | |
|---|---|
| STATE OF ILLINOIS ) | |
| ) ss: | |
| COUNTY OF COOK ) | |

Scott C. Bentivenga, being duly sworn, deposes and says:

1. I am a partner of Bollinger, Ruberry & Garvey (the "Firm"), which maintains offices at 500 W. Madison Street, Suite 2300, Chicago, Illinois 60661 (312) 466-8000.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. The Firm has represented and advised the Debtors as litigation counsel with respect to certain aspects of the Debtors' business operations. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time and time, are $225.00 per hour for partners and $195.00 per hour for associates. However, our deeply discounted rates for Tribune Company work have been $175.00 per hour for partners and

$165.00 per hour for associates, and these rates have not been raised since 2002. In the normal course of its business, the Firm revises its billing rates on or about April 30 of each year and requests that, effective April 30 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections: Tribune Company; Chicago Tribune Company; Chicago Tribune Newspapers, Inc.; Hoy Publications, LLC.; Tribune California Properties, Inc.

6. Neither I nor any partner of, or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. §328(c) and applicable law.

8. Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed. If the Firm is not a law firm, the Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. §101(14).

9. The Debtors owe the Firm $12,497.10 for prepetition services (before 12/8/08). The Firm is not waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence.

10. The Firm does not hold a retainer from the Debtors.

11. As of the Petition Date (12/8/08), the Firm was not party to a services agreement with the Debtors.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 12, 2009.

_____
Affiant

Sworn to and subscribed before me
this 12th day of February, 2009.

_____
Notary Public

OFFICIAL SEAL
ESTHER ANN IANNINO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/15/09