IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF NEW YORK   }
                              : ss.:
COUNTY OF NEW YORK }

ANDREW G. CELLI, Jr., being duly sworn, deposes and says:

1.  I am a partner of Emery Celli Brinckerhoff & Abady, LLP (the "Firm"), which maintains offices at 75 Rockefeller Plaza, New York, New York 10019.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399): Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); ChicagoLand Publishing Company (3237); ChicagoLand Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (3455); Star Community Publishing Group, LLC (5612); Sternweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMall, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI, Inc. (8074); WPIX, Inc. (0191); and WTXX, Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these Chapter 11 cases.

3. The Firm has represented and advised several of the Debtors as counsel with respect to certain aspects of their business operations (the "Represented Debtors"). The Represented Debtors have requested, and the Firm has agreed, to continue to provide such services to them on a postpetition basis during the course of these Chapter 11 cases.

4. The Firm's current customary hourly rates, subject to change from time to time are as follows: $750 (Richard D. Emery); $525 (Andrew G. Celli Jr., Jonathan S. Abady, and Matthew D. Brinckerhoff); $450 (Ilann M. Maazel, Mariann M. Wang, and Eric Hecker); $400 (Sarah Netburn); $325-$375 (Associates). In the normal course of its business, the Firm revises its billing rates in early January of each year and requests that, effective January 31 of each year, the aforementioned rates be revised to the regularly hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm conducts "conflict checks" through a regularized internal review process involving all partners in the Firm and a check of computer records of past and current clients. We have reviewed this process to determine the Firm's present and past representations of Represented Debtors. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of determining the connection(s) which the Firm has with

such entities. The Firm's search identified the following connections: The Tribune Company is a current client of the Firm. Hoy, LLC is a past client of the Firm.

6. Neither I nor any principal, partner, director, officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

7. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

8. Neither I nor any principal, partner, director, officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9. The Debtors do not owe the Firm any money for prepetition services, i.e., services rendered before December 8, 2008.

10. The Firm currently holds no retainer from the Debtors.

11. As of the Petition Date, the Firm was party to a services agreement with the Represented Debtors, a copy of which is attached as Exhibit A.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

13. To comply with this Court's Order of January 15, 2009, I am enclosing representative invoices from October and November 2008 setting forth in reasonable detail the

nature of the services rendered by this Firm to Represented Debtors, copies of which are attached as Ex. B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Feb. 13 , 2009

ANDREW G. CEILLI, JR.

Sworn to and subscribed before me this 13th day of February 2009

_____
Notary Public

ELORA MUKHERJEE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02MU6179783
Qualified In New York County
My Commission Expires December 24, 2011

4