## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | |
| | : | ss.: |
| COUNTY OF LOS ANGELES | ) | |

Terry L. Polley, being duly sworn, deposes and says:

1.      I am Terry L. Polley, President of Terry L. Polley, a Professional

Corporation, partner of Ajalat, Polley, Ayoob & Matarese, a Partnership including Professional

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Corporations (the "Firm" or "Ajalat, Polley, Ayoob & Matarese"), which maintains offices at 500 N. Brand Boulevard, Suite 1670, Glendale, California 91203.

      2.      This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

      3.      The Firm has represented and advised the Debtors with respect to property tax matters in California. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

      4.      The Firm's current customary rates, subject to change from time to time are $515 to $650 per hour. In the normal course of its business, the Firm revises its billing rates on January 1 of each year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

      5.      In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

2

A.     <u>Debtors and Non-Debtor Affiliates</u>:

Ajalat, Polley, Ayoob & Matarese and/or a predecessor to the Firm presently, or has in the past, represented Los Angeles Times Communications LLC with respect to California state and/or local tax matters.

B.     <u>Thirty Largest Unsecured Creditors (Consolidated)</u>:

Ajalat, Polley, Ayoob & Matarese and/or a predecessor to the Firm presently, or has in the past, represented GE - NBC Universal and Sony Corporation of America with respect to California state and/or local tax matters.

C.     <u>Prepetition Lenders to the Debtors</u>:

Ajalat, Polley, Ayoob & Matarese and/or a predecessor to the Firm presently, or has in the past, represented Canyon Partners LLC, GE Asset Management Inc., General Electric Capital Corp., Morgan Stanley Dean Witter & Co. Inc., The TCW Group, Inc., and UBS Financial Services, Inc., with respect to California state and/or local tax matters

D.     <u>Other Professionals Retained by the Debtors Outside of the Ordinary Course of Business</u>:

Ajalat, Polley, Ayoob & Matarese and/or a predecessor to the Firm presently, or has in the past, represented Jenner & Block LLP, with respect to California state and/or local tax matters.

E.     <u>Major Customers of the Debtors</u>:

Ajalat, Polley, Ayoob & Matarese and/or a predecessor to the Firm presently, or has in the past, represented Cablevision Industries, The Walt Disney Company, Disney Sports Enterprises Inc., Ford, GE – NBC Universal, Beckman / Smith Kline, General Motors Corporation, Kraft Foods, Inc., Qwest Communications Corporation, Southwest Airlines, Nextel

Communications, Inc., and T-Mobile USA, Inc., with respect to California state and/or local tax matters

      F.     <u>Parties to Significant Litigation with the Debtors</u>:

      Ajalat, Polley, Ayoob & Matarese and/or a predecessor to the Firm presently, or has in the past, represented ARCO Refinery and Gemstar-TV Guide with respect to California state and/or local tax matters.

      G.     <u>Significant Former Shareholders</u>:

      Ajalat, Polley, Ayoob & Matarese and/or a predecessor to the Firm presently, or has in the past, represented TMCT, LLC, and TMCT II, LLC, with respect to California state and/or local tax matters.

      H.     <u>Other</u>:

      Ajalat, Polley, Ayoob & Matarese and/or a predecessor to the Firm presently, or has in the past, represented Equity Office Properties Trust with respect to California state and/or local tax matters.

      6.     Neither I nor any partner of, officer or director of any professional corporation which is a partner in, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

      7.     I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

      8.     Neither I nor any partner of, officer or director of any professional corporation which is a partner in, or professional employed by, the Firm, insofar as I have been

4

able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9.      The Debtors owe the Firm $0.00 for prepetition services. The Firm is waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence.

10.      The Firm currently holds a retainer from the Debtors in the approximate amount of $23,598.17. The Firm will apply the outstanding retainer balance as fees and expenses become due pursuant to this Court's order authorizing the employment of "ordinary course" professionals.

11.      As of the Petition Date, the Firm was party to a services agreement with the Debtors. A copy of such agreement, together with any agreement(s) that the Firm and the Debtors intend to govern their relationship after the Petition Date, is attached as Exhibit 1 to this Affidavit.

12.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   February 13, 2009

Perry L. Polley, Affiant

Sworn to and subscribed before me
this _____ day of _____ 2009

_____
Notary Public

6

## JURAT

State of California

County of **LOS ANGELES** } SS.

Subscribed and sworn to (or affirmed) before me on this **13th** day of **FEBRUARY**, 20 **09**, by

**TERRY LEE POLLEY**, proved to me on the basis of satisfactory evidence

to be the person(s) who appeared before me.

[Notary seal: STEVEN RAY GARCIA / COMM. # 1789091 / NOTARY PUBLIC-CALIFORNIA / LOS ANGELES COUNTY / MY COMM. EXP. JAN. 27, 2012]

NOTARY'S SIGNATURE

PLACE NOTARY SEAL IN ABOVE SPACE

### ══ OPTIONAL INFORMATION ══

The information below is optional.  However, it may prove valuable and could prevent fraudulent attachment of this form to an unauthorized document.

**CAPACITY CLAIMED BY SIGNER (PRINCIPAL)**

[X] INDIVIDUAL
[ ] CORPORATE OFFICER _____
[ ] PARTNER(S)                    TITLE(S)
[ ] ATTORNEY-IN-FACT
[ ] TRUSTEE(S)
[ ] GUARDIAN/CONSERVATOR
[ ] OTHER: _____

**ABSENT SIGNER (PRINCIPAL) IS REPRESENTING:**
NAME OF PERSON(S) OR ENTITY(IES)

**DESCRIPTION OF ATTACHED DOCUMENT**

**AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL**
TITLE OR TYPE OF DOCUMENT

**6 + JURAT**
NUMBER OF PAGES

**2/13/09**
DATE OF DOCUMENT

OTHER

RIGHT THUMBPRINT OF SIGNER

Top of thumbprint here

CHARLES R AJALAT*
TERRY L POLLEY*
RICHARD J AYOOB
CHRISTOPHER J MATARESE
*PROFESSIONAL CORPORATION

LAW OFFICES
**AJALAT, POLLEY & AYOOB**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
AREA CODE 818
TELEPHONE 553-1300

SUITE 1670
500 NORTH BRAND BOULEVARD
GLENDALE, CA 91203-4708
TELECOPIER (818) 553-1308

July 11, 2006

Julie K. Xanders, Esq.
Assistant General Counsel
Tribune Company
202 West First Street
Los Angeles, CA 90012

Re:    <u>Property Taxes Los Angeles County 2001-2005</u>

Dear Ms. Xanders:

Thank you for asking us to represent Los Angeles Times Communications, LLC (as successor in interest to the tax matters described herein of the Times Mirror Company and New TMC, Inc.) (hereafter referred to as the "Company") with respect to property tax matters in Los Angeles County for the fiscal years 2001 through 2005. As you know, our fee is not set by law but is negotiable between attorney and client. This letter, including the attached Tribune Company Retention Policy, will serve to outline the terms and conditions of our representation. Please review this letter carefully and, if it is satisfactory, confirm that you agree to its terms by signing the last page of the original and the enclosed copy of this letter. Please return the signed copy to us in the envelope provided.

1.    <u>Scope of Our Services and Your Responsibility.</u>

We will represent the Company with respect to property tax matters in Los Angeles County for the fiscal years 2001 through 2005. Our representation will include negotiations with the assessor, proceedings before the Assessment Appeals Board, and, if required or appropriate, trial in a court having jurisdiction.

For us to represent you effectively, we need you to cooperate fully with us in our work by, among other things, providing us with relevant information and making yourself reasonably available for consultation, interview, and discovery.

2.    <u>Fees.</u>

Our fee for services is based upon the actual time expended. We will bill you, and you will pay currently, fees as legal services are performed. Our hourly rates for this matter will range from $500 to $650 per hour. My hourly rate will be $650 per hour. A separate representation letter will be entered into for all related matters that arise out of our relationship other than the matters described in this representation letter.

Exhibit 1

Julie K. Xanders, Esq.
Assistant General Counsel
Tribune Company
July 11, 2006
Page 2

It is the policy of our firm that, to the extent consistent with our professional responsibilities, we will perform no further legal services for you if you become more than sixty (60) days delinquent in the payment of our bills, unless that delinquency is cured.

3.     Expenses Incurred and Other Charges.

In addition to our fees, you will reimburse us, consistent with the policies and procedures set forth in the attached Tribune Company Retention Policy, for all expenses incurred on your behalf and the fees and expenses of any third parties, such as consultants, appraisers, expert witnesses, and court reporters, engaged with respect to your matter(s) and with your prior approval. Additionally, if we incur expenses on your behalf, which we consider to be substantial or unusual, we may ask you to prepay those expenses.

4.     Billing Statements and Late Payment Charge.

We submit our bills on a monthly basis, and we expect payment of each statement within thirty (30) days from the date that the statement is mailed. All bills will be addressed as follows (unless you instruct us otherwise):

> Julie K. Xanders, Esq.
> Assistant General Counsel
> Tribune Company
> 202 West First Street
> Los Angeles, CA 90012

As you know, a part of the cost of doing business is the cost of funds. We will render a monthly statement for our professional services and related costs and disbursements unless a different arrangement is made with you.

5.     Written Agreement.

California law requires that law firms have a written fee agreement in certain situations. As a matter of firm policy, we prefer to have written agreements with all of our clients.

6.     Termination of Representation.

The attorney-client relationship is one of mutual trust and confidence, and you are, of course, free to terminate our relationship at any time. We will also be free to terminate the relationship at any time and, should that unlikely event occur, we will do so in a manner, which complies with applicable law, court rules and the Rules of Professional Conduct of the State Bar of California. These rules permit us to withdraw if, among other reasons, your conduct renders it unreasonably difficult for us to carry out the representation effectively, you fail to pay the fees or

Julie K. Xanders, Esq.
Assistant General Counsel
Tribune Company
July 11, 2006
Page 3


costs of third parties engaged with respect to a matter, or you fail to pay our fees and costs in accordance with this Agreement.

If you agree with the foregoing, please sign the enclosed copy of this letter, and then return the signed copy to us in the enclosed self-addressed envelope.

Very truly yours,

Terry L. Polley

TLP:lsh
Enclosures

ACCEPTED AND AGREED TO THIS
2{6^h} DAY OF JULY 2006

Los Angles Times Communications, LLC

By