UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
TRIBUNE COMPANY, et al.,                                   :   Case No. 08-13141 (KJC)
                                                           :
            Debtors.                                       :   Jointly Administered
---------------------------------------------------------- x

**FIRST SUPPLEMENTAL AFFIDAVIT OF DAVID M. LEMAY IN CONNECTION
WITH THE RETENTION AND EMPLOYMENT OF CHADBOURNE & PARKE LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

STATE OF NEW YORK        )
                         )   ss:
COUNTY OF NEW YORK       )

DAVID M. LEMAY declares as follows:

1. I am an attorney-at-law, duly admitted to practice before all of the courts of the State of New York, as well as the United States District Court for the Southern District of New York, the United States District Court for the Northern District of California, and the United States District Court for the Eastern District of Michigan. I am a member of the firm of Chadbourne & Parke LLP ("Chadbourne" or the "Firm"), which maintains (i) a principal office for the practice of law at 30 Rockefeller Plaza, New York, New York 10112, (ii) regional offices in Washington, D.C., Houston and Los Angeles, and (iii) foreign offices in Mexico City, London, Beijing, Moscow, St. Petersburg, Warsaw, Almaty, Kyiv, and Dubai.

2. I submit this first supplemental affidavit (the "First Supplemental Affidavit") on behalf of Chadbourne pursuant to Rule 2014 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") at the request of the Office of the United States Trustee (the "U.S. Trustee") pursuant to discussions subsequent to the filing of my affidavit, sworn to

1

January 16, 2009 (the "Prior Affidavit"), in support of the application of the Creditors' Committee for an order approving Chadbourne's retention as counsel to the Creditors' Committee in the above-captioned cases.

3. Unless otherwise stated, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Chadbourne's completion of further review or as additional information becomes available to Chadbourne, a further supplemental affidavit reflecting such amended or modified information will be submitted to the Court. Capitalized terms used herein and not otherwise defined shall have the respective defined meanings set forth in the Prior Affidavit.

### Supplemental Disclosure

4. As disclosed in the Prior Affidavit, JPMorgan Chase & Co. and Merrill Lynch & Co., Inc. and/or their respective subsidiaries ("JPMC" and "Merrill Lynch", respectively) are current clients of Chadbourne in various matters entirely unrelated to the Debtors or to these Chapter 11 cases, and subsidiaries of JPMC and Merrill Lynch are members of the Creditors' Committee. Subsequent to the submission of the Prior Affidavit, Chadbourne obtained written confirmation from JPMC and Merrill Lynch, respectively, of Chadbourne's ability to review and investigate certain possible avoidance and litigation issues potentially arising in connection with (i) the Senior Credit Agreement dated May 17, 2007, as amended, among Tribune Company, as borrower, the lenders party thereto, JPMorgan Chase Bank N.A. as Administrative Agent, and certain other parties named therein, and (ii) the Senior Unsecured Interim Term Loan Agreement dated December 20, 2007, among Tribune Company, the Lenders named therein, Merrill Lynch Capital Corporation, as Administrative Agent, and certain other

parties named therein (the "Bridge Facility"), and to negotiate with JPMC and Merrill Lynch, respectively, concerning such issues (in the case of Merrill Lynch, such ability to review and investigate is limited to the Bridge Facility). Copies of the letters evidencing such written confirmation have been furnished to the U.S. Trustee. Under applicable ethical rules, Chadbourne is not able to initiate or pursue litigation against JPMC or Merrill Lynch relating to such issues, and the respective letters from JPMC and Merrill Lynch do not permit Chadbourne to initiate or pursue any such litigation.

5.    The Definitive Proxy Statement filed by Tribune Company on Schedule 14A pursuant to the Securities Exchange Act of 1934, as amended, dated July 13, 2007 (the "Proxy Statement") discloses in the sections entitled "Summary Term Sheet" and "Special Factors -- Background of the Merger" that the following entities, among others, performed certain services in connection with the Merger (as that term is defined therein) and related transactions:

i.    Citigroup Global Markets Inc., a subsidiary of Citigroup, acted as a financial advisor to Tribune Company.

ii.   Merrill Lynch, Pierce, Fenner & Smith Incorporated, a subsidiary of Merrill Lynch, acted as a financial advisor to Tribune Company.

iii.  Morgan Stanley acted as financial advisor to the Special Committee of the Board of Directors of Tribune Company.

NY3 - 483963.05

3

iv. Valuation Research Corporation ("VRC") provided certain opinions to the Board of Directors of Tribune Company concerning the solvency and capital adequacy of Tribune Company.

6. As disclosed in the Prior Affidavit, Citigroup, Merrill Lynch, and Morgan Stanley are all current clients of Chadbourne in various matters entirely unrelated to the Debtors or to these Chapter 11 cases. The Office of the United States Trustee has requested that Chadbourne disclose whether it is able to investigate or pursue possible claims against those entities arising out of the advisory services described in paragraph 5 above.

7. The issue of the existence of possible malpractice-type or similar conduct-based claims ("Malpractice Claims") against Citigroup, Merrill Lynch, and Morgan Stanley arising out of advisory services that they may have performed in connection with the Merger and related transactions has not yet been considered by the Creditors' Committee. As an ethical matter, Chadbourne is not in a position to investigate or pursue possible Malpractice Claims against the parties named above because each of such entities is, as disclosed in the Prior Affidavit, a current client of Chadbourne, albeit in unrelated matters. Accordingly, under applicable ethical restrictions, Chadbourne would not be able to pursue the investigation or litigation of any Malpractice Claims against any of such entities without a specific waiver permitting such activities.

8. In the case of Merrill Lynch, the letter described in paragraph 4 above specifically limits Chadbourne's right to investigate Merrill Lynch to the investigation of claims relating to the Bridge Facility, and Chadbourne is therefore not able to investigate any claims arising out of any advisory services provided by Merrill Lynch in connection with the Merger.

As to Citigroup and Morgan Stanley, whether or not a waiver could be obtained, Chadbourne does not believe it would be appropriate, and it would not be useful to the Creditors' Committee, for Chadbourne to conduct an investigation of possible Malpractice Claims concerning its current clients. Accordingly, Chadbourne has advised the Creditors' Committee that should any investigation, review or pursuit of these matters be required, such work would need to be handled by Landis, Rath & Cobb LLP or by special counsel (subject to the retention and other requirements of the Bankruptcy Code should the Creditors' Committee seek to retain special counsel).

9.  Chadbourne has reviewed the Conflicts Database and has made email inquiry of all its lawyers concerning any possible connection between Chadbourne and VRC. To the best of my knowledge and information after such inquiry, Chadbourne has no connections whatsoever with VRC.

10. I declare under penalty of perjury that the foregoing is true and correct.

_____
David M. LeMay

Sworn to and subscribed
before me this /6 day of
February 2009.

_____
Notary Public

**DAVID M. BAVA**
**NOTARY PUBLIC, State of New York**
**No. 01BA6175197**
Qualified in New York County
Commission Expires Oct. 9, 20__

NY3 - 483963.05

5