IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11
                                            :
TRIBUNE COMPANY, *et al.*                   :   Case No. 08-13141 (KJC)
                                            :
        Debtors.                            :   (Jointly Administered)
                                            :
---------------------------------------------------------------x

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

DISTRICT OF COLUMBIA    )    ss:

Marissa G. Repp, being duly sworn, deposes and says:

1. I am a partner with the law firm of Hogan & Hartson L.L.P. (the "Firm"), which maintains offices at 555 Thirteenth Street, NW, Washington, D.C. 20004-1109 and in more than twenty-five locations elsewhere in the United States and around the world.

2. This Affidavit is submitted in connection with the order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

1

3. The Firm has represented and advised the Debtors as transaction and regulatory counsel with respect to certain aspects of the Debtors' business operations. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time, are approximately $900 to $235 per hour for attorneys and $230 to $140 per hour for paralegals. In the normal course of its business, the Firm revises its billing rates in January of each year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. The Firm has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Debtors or otherwise have interests in these cases. The Firm, which is comprised of in excess of approximately 1,200 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.

6. In preparing this Affidavit and any supplement hereto, we have used and will use a set of procedures established by the Firm to determine its relationships, if any, to parties that may have connections to a debtor-client. The Firm requested and obtained from the Debtors and from their bankruptcy counsel a lengthy list of the Debtors, their creditors, other parties in interest and their

respective attorneys and accountants (the "Parties List"). The Firm maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of the Firm to make and maintain these records. The conflict check system maintained by the Firm is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the attorney in the Firm who is knowledgeable about the matter. It is the policy of the Firm that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the Firm's conflict check system is intended to assure that the database is updated for every new matter undertaken by the firm. However, the scope and effectiveness of the system depend on the timeliness, completeness and accuracy of the information submitted by the attorney opening a new matter.

7. The Firm may have performed services in the past and may perform services in the future, in matters related and unrelated to these Chapter 11 cases, for persons that are creditors or other parties in interest in the Debtors' Chapter 11 cases, including those among the Parties List. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in these Chapter 11 cases. At this time, to the best of

affiant's current knowledge, information and belief, the Firm does not hold, represent or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates except as set forth below.

8. Individual attorneys with the Firm may own equity and debt securities issued by the Debtors or other parties in interest.

9. To the best of affiant's current knowledge, information and belief, the Firm does not and will not represent any interest adverse to the Debtors or their estates with respect to matters on which the firm is to be employed; neither is this affiant aware of any relationship the Firm has with any such attorneys, accountants, financial consultants, and investment bankers for the Debtors, their creditors or other parties in interest that would be adverse to the Debtors or their estates with respect to the matters for which the Firm is proposed to be retained.

10, Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), the Firm is using the Parties List to continue the search the aforementioned databases and to determine the connection(s), if any, which the Firm has with such entities. Any connections will be the subject of one or more supplemental affidavits which will be submitted to the Court.

11. Neither I nor any professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

12. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

13. Neither I nor any professional employed by the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

14. The Debtors owe the Firm $9,192.43 for prepetition services. The Firm is not waiving any and all claims that it has against the Debtors, including the amount referenced din the prior sentence.

15. The Firm does not hold a retainer from the Debtors.

16. As of the Petition Date, the Firm was party to a services agreement with the Debtors in the form of the engagement letter dated August 15, 2008.

17. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters describe herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2009

_____
Affiant

District of Columbia ss
Sworn to an subscribed before me
this 17th day of February 2009


_____
Notary Public

CAROL L. HEDGPETH
Notary Public District of Columbia
My Commission Expires December 14, 2011