# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Docket Ref. No. 242 |

## FIRST SUPPLEMENTAL AFFIDAVIT OF ADAM G. LANDIS IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN LANDIS RATH & COBB LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO THE RETENTION DATE, PURSUANT TO BANKRUPTCY CODE SECTION 1103(a)

STATE OF DELAWARE    )
                     ) SS
COUNTY OF NEW CASTLE )

ADAM G. LANDIS, being duly sworn, does depose and say as follows:

1. I am a partner in the firm of Landis Rath & Cobb LLP ("LRC") and I am duly authorized to make this first supplemental affidavit (the "First Supplemental Affidavit") on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (0893); KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

behalf of LRC. I submit this First Supplemental Affidavit in accordance with Bankruptcy Code Section 1103 and Bankruptcy Rules 2014(a) and 5002 in connection with the Application to Employ and Retain Landis Rath & Cobb LLP as Co-Counsel to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to the Retention Date, Pursuant to Bankruptcy Code Section 1103(a) (the "Application").[2] I make this First Supplemental Affidavit on personal knowledge or on information and belief as set forth herein.

2. I am admitted to practice law in the states of Delaware and New York, the Commonwealth of Massachusetts, the United States District Courts for the District of Delaware, the Southern and Eastern Districts of New York, and the Third Circuit Court of Appeals.

3. On December 18, 2008, the United States Trustee appointed the Committee, which consists of the following members: JPMorgan Chase Bank, N.A.; Merrill Lynch Capital Corporation.; Deutsche Bank Trust Company Americas; Warner Bros. Television; Vertis, Inc.; William Niese; Pension Benefit Guaranty Corporation; Washington-Baltimore Newspaper Guild, Local 32035; and Wilmington Trust Company.

4. In addition, on December 18, 2008 (the "Retention Date"), the Committee met with and selected Chadbourne & Parke LLP as its counsel, and LRC as its co-counsel.

5. This First Supplemental Affidavit supplements the Affidavit of Adam G. Landis (the "Initial Affidavit"), which was filed contemporaneously with and in support of the Application.

6. As noted in the Initial Affidavit, in connection with its employment by the Committee and the Court's approval of its retention as counsel, LRC has undertaken an extensive examination of its files and records to determine whether it has any connections or

---

[2] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Application.

2

other relationships with parties in interest in the Debtors' Chapter 11 cases. In the Initial Application, LRC identified those entities which LRC represents or has represented or with which LRC has a connection.

7. In light of LRC's continuing duty to update its disclosures, I hereby submit the following additional disclosures as a supplement to the Initial Affidavit:

(a) LRC represents Banc of America Securities in matters unrelated to the Chapter 11 cases. Based on the list of parties in interest provided to me by the Debtors, Banc of America Securities is an agent under one of the Debtors' prepetition credit agreements.

(b) LRC represents Barclaycard US in matters unrelated to the Chapter 11 cases. Based on the list of entities provided to me by the Debtors, Barclays Bank PLC is an agent under one of the Debtors' prepetition credit facilities.

(c) With respect to the foregoing representations in matters unrelated to the Chapter 11 cases, each of Banc of America Securities and Barclaycard US has waived any actual or potential conflicts of interest that might arise should LRC be required to be adverse to them in any matter unrelated to the matters for which they have retained LRC.

8. As disclosed in the Initial Affidavit, JPMorgan Chase & Co. and/or its respective subsidiaries ("JPMC") is a present client of LRC in various matters unrelated to these Chapter 11 cases, and a subsidiary of JPMC is a member of the Creditors' Committee. Subsequent to the submission of the Initial Affidavit, LRC obtained written confirmation from JPMC (which confirmation has been provided to the Office of the United States Trustee (the "UST")) of LRC's ability to review and investigate certain possible avoidance and litigation issues potentially arising in connection with (i) the Senior Credit Agreement dated May 17, 2007, as amended, among Tribune Company, as borrower, the lenders party thereto, JPMorgan Chase Bank N.A. as

3

698.001-24230.DOC

Administrative Agent, and certain other parties named therein and to negotiate with JPMC concerning any such issues. Under applicable ethical rules, LRC is not able to initiate or pursue litigation against JPMC relating to such issues and JPMC has not waived any actual or potential conflict of interest to permit LRC to initiate or pursue any such litigation.

9. The Definitive Proxy Statement filed by Tribune Company on Schedule 14A pursuant to the Securities Exchange Act of 1934, as amended, dated July 13, 2007 (the "Proxy Statement") discloses in the section entitled "Special Factors -- Background of the Merger" that the following entities, among others, performed certain services in connection with the Merger (as that term is defined therein) and related transactions:

(a) Citigroup Global Markets Inc., a subsidiary of Citigroup ("Citigroup"), acted as a financial advisor to Tribune Company.

(b) Merrill Lynch, Pierce, Fenner & Smith Incorporated, a subsidiary of Merrill Lynch & Co., Inc. ("Merrill Lynch"), acted as a financial advisor to Tribune Company.

(c) Morgan Stanley ("Morgan Stanley") acted as financial advisor to the Special Committee of the Board of Directors of Tribune Company.

(d) Valuation Research Corporation ("VRC") provided certain opinions to the Board of Directors of Tribune Company concerning the solvency and capital adequacy of Tribune Company.

10. LRC does not represent Merrill Lynch, Morgan Stanley, VRC or, to the best of my knowledge, information and belief, any entities affiliated therewith or related thereto. In my Initial Affidavit, I disclosed that LRC represents Citicorp USA ("Citicorp"). Citicorp may be affiliated with or related to Citigroup. LRC's representation of Citicorp is limited to serving as Delaware counsel in monitoring the chapter 7 case In re: Winstar Communications, Case No. 01-01430 (KJC) and the chapter 11 liquidation in In re: IT Group, Inc., Case No. 02-10118

698.001-24230.DOC

(MFW). The UST has requested that LRC disclose whether it is able to investigate or pursue possible claims against Citigroup arising out of the advisory services described in paragraph 9 above.

11. The issue of the existence of possible malpractice-type or similar conduct-based claims ("Malpractice Claims") against Citigroup arising out of advisory services that it may have performed in connection with the Merger and related transactions has not yet been considered by the Committee. I do not believe there are ethical restrictions that would prevent LRC from investigating possible Malpractice Claims against Citigroup. To the extent that in the future it is determined that (a) Malpractice Claims against Citigroup exist; (b) the Committee has standing and seeks to pursue such Malpractice Claims against Citigroup; (c) the Committee wishes to have LRC pursue such Malpractice Claims on its behalf against Citigroup; and (d) LRC still represents Citicorp at the time such Malpractice Claims against Citigroup are to be pursued, ethical restrictions in connection with LRC's representation of Citicorp in matters unrelated to these cases may prohibit LRC from pursuing such Malpractice Claims against Citigroup absent a specific waiver of conflicts that would permit such litigation. In the event such waiver is required and cannot be obtained, such litigation work would need to be handled by special counsel, subject to the retention and other requirements of the Bankruptcy Code.

_____
Adam G. Landis

SWORN TO AND SUBSCRIBED before
me this 18th day of February, 2009.

_____
Notary Public

KIMBERLY A. BECKER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires July 23, 2010

698.001-24230.DOC