IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

**SUPPLEMENTAL DECLARATION OF JAMES E. MILLSTEIN IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER AND FINANCIAL ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), James E. Millstein, under penalty of perjury, declares as follows:

1. I am over the age of 18 and competent to testify. I am a Managing Director of the firm Lazard Frères & Co. LLC ("Lazard"), which has its principal office at 30 Rockefeller Plaza, New York, New York 10020. I am duly authorized to make and submit this supplemental declaration (the "Supplemental Declaration") on behalf of Lazard in accordance with sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 2014(a) and 5002 in support of the application (the "Application") of the Tribune Company and its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, for entry of an order authorizing the Debtors to employ and retain Lazard as their investment banker and financial advisor in connection with their chapter 11 cases. Unless otherwise stated in this Supplemental Declaration, I have personal

knowledge of the facts set forth herein, or have been informed of such matters by professionals of Lazard, and, if called as a witness, I would testify thereto.

2. I submitted an initial declaration with the Application (the "Initial Declaration"). The Initial Declaration was dated December 23, 2008 and was attached as **Exhibit A** to the Application.

3. As set forth in the Initial Declaration, Lazard obtained from the Debtors the names of individuals and entities that may be parties-in-interest in these chapter 11 cases and such parties were listed on **Schedule 1** to the Initial Declaration (the "Parties-In-Interest List"). Lazard researched its electronic client files and records to determine its connections with any of the parties on the Parties-In-Interest List. To the extent that Lazard had been retained within the last three years to represent any of the parties on the Parties-In-Interest List, such parties were listed on **Schedule 2** to the Initial Declaration. As noted in the Initial Declaration, however, Lazard's representation of each entity listed on **Schedule 2** was or is only on matters that are unrelated to the Debtors and/or these cases.

4. After the Debtors filed the Application, the Office of the United States Trustee (the "UST") contacted the Debtors and Lazard and requested information and documents from both the Debtors and Lazard concerning Lazard's prior engagement by the Sun-Times Media Group, Inc. (the "Sun-Times"). In response thereto, Lazard confirmed that it was in fact previously engaged by the Sun-Times (as had been widely reported in the press), but that such engagement was unrelated to the Debtors and these cases. Lazard further informed the UST that work on the Sun-Times engagement largely ceased in or around September 2008 -- months before the commencement of these cases.

5. The Sun-Times, notably, was not listed on the Parties-In-Interest List prepared by the Debtors and given to Lazard and the other professionals in these cases. As noted above, Lazard ran the entities on this list through its clients files and records in order to determine any connections with potential parties-in-interest in these cases. This is the common and customary practice in Chapter 11 cases. The Parties-In-Interest List provided to Lazard was 11 pages long and contained 966 parties. Because, however, the Sun-Times was not one of the 966 parties listed on the Parties-In-Interest List prepared by the Debtors, **Schedule 2** to the Initial Declaration did not reflect Lazard's unrelated work for the Sun-Times.

6. To the extent that the Sun-Times is a party-in-interest in these cases by reason of some contract or other relationship with the Debtors, Lazard hereby discloses that it has advised the Sun-Times on matters unrelated to the Debtors and these cases. As noted above, moreover, work on that engagement largely ceased in or around September 2008 -- months before the commencement of these cases -- and the engagement was officially terminated on January 30, 2009.

7. Additionally, although the fact of Lazard's engagement by the Sun-Times was a matter of public record, Lazard informed the Debtors of its experience and expertise in advising media enterprises, including such entities as the Sun-Times and others, in interviewing for the current engagement by the Debtors in late 2008. The Debtors thus were aware and had no objection to Lazard's unrelated work for the Sun-Times and/or other media entities.

*[Remainder of Page Intentionally Left Blank]*

I declare under the penalty of perjury that the foregoing is true and correct.

LAZARD FRERES & CO. LLC

By: _____
Name: James E. Millstein
Title: Managing Director

Executed on February 19, 2009