## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Requested Objection Deadline: March 3, 2009 at 4:00 p.m.**<br>**Requested Hearing Date: March 10, 2009 at 10:00 a.m.** |

### DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO CONTINUE TO PROVIDE MEDICAL BENEFITS TO EMPLOYEES TERMINATED PRIOR TO THE IMPLEMENTATION OF THE POST-PETITION SEVERANCE ARRANGEMENT

Tribune Company and most of its wholly-owned subsidiaries, each of which is a

debtor and debtor in possession herein (each a "Debtor" and collectively, the "Debtors"), hereby

move this Court (the "Motion") for entry of an order, in substantially the form attached hereto as

Exhibit A, pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Code"), authorizing the Debtors to continue to provide medical benefits to certain employees terminated prior to the implementation of the Court-approved post-petition severance arrangement for a period lasting until the earlier of (i) the hearing scheduled for April 15, 2009 and (ii) the end of the employee's applicable severance payment period.

The facts and circumstances supporting this Motion are set forth in the Affidavit of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company, in support of the Motion (the "Bigelow Affidavit"). A copy of the Bigelow Affidavit is attached hereto as Exhibit B. In further support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.     On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3.     An official committee of unsecured creditors (the "Creditors Committee") was established on December 18, 2008.

4.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code.

2

## BACKGROUND

5.      Prior to the Petition Date the Debtors customarily provided employees that were terminated without cause with severance payments (the "Severance Payments") equal to their base wages for specified periods of time that correlated with the number of years that the employees had worked for the Debtors (the "Severance Payment Period"). The Debtors also customarily continued to provide such terminated employees with various medical and dental benefits (the "Medical Benefits") during this Severance Payment Period.

6.      On December 10, 2008, this Court entered an Order granting various relief requested in the Debtors' first-day wage motion (the "Employee Wage Order") (Docket No. 53), including authorizing the Debtors to continue providing Medical Benefits to former employees for the earlier of (i) 90 days after the Petition Date, ending on March 8, 2009, and (ii) the duration of their individual Severance Payment Period.

7.      There are approximately 240 employees (the "Terminated Employees") that would otherwise continue to receive Medical Benefits for the remainder of their applicable Severance Payment Period extending past March 8, 2009. However, under the terms of the Employee Wage Order, provision of Medical Benefits to these Terminated Employees will be suspended on March 8, 2009.

8.      The Creditors Committee has endorsed the provision of Medical Benefits to these Terminated Employees for the remainder of their Severance Payment Periods, and the provision of other severance payments to other terminated employees.

9.      The Debtors are discussing various other pre-petition liabilities owed to employees or prior employees with the Creditors Committee. The Debtors hope these discussions will lead to mutually satisfactory conclusions, and that the Creditors Committee will support the relief that the Debtors will seek through motions to be heard on April 15, 2009.

3

During the interim, the Debtors' believe that it would be prudent to continue to provide the Medical Benefits for the Terminated Employees so that their health care coverage does not lapse. A number of the Terminated Employees are members of labor unions that have collective bargaining agreements with the Debtors. The Debtors believe that maintaining a positive relationship with these labor unions by seeking this relief should provide considerably greater long-term benefits than the comparatively small short-term expense of continuing the Medical Benefits.

## RELIEF REQUESTED

10.    By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing, but not directing, the Debtors to continue to provide Medical Benefits for Terminated Employees until the earlier of (i) the Hearing to be held on April 15, 2009 and (ii) the end of their applicable Severance Payment Periods. The Debtors estimate that the aggregate cost of providing Medical Benefits to these Terminated Employees through this period will be approximately $175,000.00.

## BASIS FOR RELIEF

11.    Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow the debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Debtors' decisions to use, sell or lease assets outside the ordinary course of business must be based upon the sound business judgment of the debtor. See In re Chateaugay Corp., 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge determining a section 363(b) application must find from the evidence presented before him a good business reason to grant such application); see also Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) (same); In re Global Crossing Ttd., 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); In re Ionosphere Clubs, Inc., 100 B.R. 670, 674 (Bankr.

4

S.D.N.Y. 1989) (noting that the standard for determining a section 363(b) motion is a "good business reason").

12.    The business judgment rule is satisfied where "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company." Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)). In fact, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." Committee of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

13.    Authorizing, but not directing, the Debtors to continue to provide Medical Benefits to the Terminated Employees is a sound exercise of business judgment, and is in the best interest of the Debtors, creditors and all parties in interest. The Creditors Committee has endorsed the relief requested herein. The support of the Creditors Committee for the relief sought in this Motion underlines and reinforces the Debtors' sound exercise of business judgment in seeking this relief.

14.    Continuing to honor the Debtors' Medical Benefit obligations to the Terminated Employees should also be beneficial to existing employees' morale. By reassuring the Debtors' current employees that the Debtors will honor their obligations to provide for them in the event some of them may be terminated, granting the relief requested herein will preserve employee morale.

46429/0001-5365447v1

15.     Honoring the Debtors' pre-petition obligations to provide Medical Benefits to the Terminated Employees should also avoid disputes with the union representatives who are likely to make demands regarding the Terminated Employees' rights to these Medical Benefits under their collective bargaining agreements and assert various legal remedies that are available to unions notwithstanding the automatic stay of section 362 in light of the way various courts have interpreted section 1113(f) of the Bankruptcy Code. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 82 (3d Cir. 1997); Air Line Pilots Ass'n v. Continental Airlines (In re Continental Airlines), 122 F.3d 120, 137 (3d Cir. 1997).

16.     The relief sought herein is also authorized pursuant to the Court's general equitable powers under Section 105(a). Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." Ionosphere Clubs, 98 B.R. at 175-176 (citing Miltenberger v. Logansport, C & S.W.R.Co., 106 U.S. 286 (1882)). This authority is often referred to as the "necessity of payment" doctrine. See In re Just for Feet, Inc., 242 B.R. 821, 824 (D. Del. 1999) ("While the doctrine was not codified in the Bankruptcy Code, courts have used their equitable power under section 105(a) of the Code to authorize the payment of pre-petition claims when such a payment is deemed necessary to the survival of a debtor in a chapter 11 reorganization.").

17.     Finally, the relief sought herein has been granted by Courts in this district in other cases. See, e.g., In re ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 12, 2008) (Debtors authorized to continue to provide post-petition health insurance

6

coverage to employees terminated pursuant to the debtors' pre-petition severance plan); In re Werner Holding Co., Inc., Case No. 06-10578 (KJC) (Bankr. D. Del. June 13, 2006) (Debtors authorized to continue to provide post-petition medical and dental coverage to employees terminated pursuant to the debtors' pre-petition severance plan).

## NOTICE

18.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Creditors Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

19.     Other than the 90-day extension of Medical Benefits authorized by this Court pursuant to the December 10, 2008 Employee Wage Order, the Debtors have not previously sought the relief requested herein from this or any other Court.

46429/0001-5365447v1

WHEREFORE, the Debtors respectfully seek entry of an order, in substantially the form of the order attached hereto as Exhibit A, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to continue to provide Medical Benefits for Terminated Employees until the earlier of (a) the Hearing to be held on April 15, 2009 and (b) the end of their applicable Severance Payment Periods; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  Wilmington, Delaware
       February 19, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Matthew D. Dickerson
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION