# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Requested Objection Deadline: March 3, 2009 at 4:00 p.m.**<br>**Requested Hearing Date: March 10, 2009 at 10:00 a.m.** |

## DEBTORS' MOTION TO SET EXPEDITED HEARING AND SHORTEN TIME PERIOD FOR DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO CONTINUE TO PROVIDE MEDICAL BENEFITS TO EMPLOYEES TERMINATED PRIOR TO THE IMPLEMENTATION OF THE POST-PETITION SEVERANCE ARRANGEMENT

The debtors and debtors in possession in the above-captioned cases (the "Debtors") hereby move this Court (the "Motion"), pursuant to Rules 2002(a)(2) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rules"), for entry of an order setting an expedited hearing for and shortening the notice period on the Debtors' Motion for an Order Authorizing the Debtors to Continue to Provide Medical Benefits to Employees Terminated Prior to the Inception of the Post-Petition Court-Approved Severance Arrangement (the "Medical Benefits Motion"). The Debtors further request that (i) if no objections to the Medical Benefits Motion are filed by the objection deadline, upon the Debtors' filing of a Certificate of No Objection, the Court enter an order approving the Medical Benefits Motion without hearing on or before March 8, 2009, or (ii) in the alternative, if objections to the Medical Benefits Motion are filed, that the Court enter a two-day bridge order authorizing the Debtors' to continue to provide Medical Benefits[2] to Terminated Employees until the March 10 hearing. In further support hereof, the Debtors respectfully represent as follows:

1. Pursuant to this Court's Employee Wage Order entered on December 10, 2008 (Docket No. 53), the Debtors have been authorized to continue to provide Medical Benefits to a range of former employees, including the Terminated Employees, for 90 days after the Petition Date, ending on March 8, 2009.

2. The Creditors Committee has endorsed the provision of Medical Benefits to these Terminated Employees for the remainder of their Severance Payment Periods, and thus supports the relief requested by this Medical Benefits Motion.

3. Pursuant to this Court's *Omnibus Hearing Order* entered on December 23, 2008 (Docket No. 122), the next available Omnibus Hearing Date is March 10, 2009. However, under Bankruptcy Rule 2002(a)(2), all motions proposing to use estate property other than in the ordinary course of business must be served with not less than twenty (20) days notice. Thus, for

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Medical Benefits Motion.

2

46429/0001-5365446v1

the Medical Benefits Motion to be scheduled for a hearing on March 10, 2009, the Debtors must seek relief from the twenty day notice requirement of Rule 2002(a)(2).

4. Under Bankruptcy Rule 2002(a)(2), the Court may, for cause shown, shorten the otherwise applicable 20-day notice period. This requirement is also expressed in Bankruptcy Rule 9006(c)(1). ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). Additionally, under Local Rule 9006-1(e), "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

5. The Debtors respectfully submit that the circumstances described above satisfy the requirement of cause under Rules 2002(a)(2) and 9006(c)(1), and the exigencies required under Local Rule 9006-1(e). Unless the relief requested herein is granted, the Terminated Employees will experience a potential gap in the health coverage, during which they will either be required to obtain health coverage of their own or go without coverage.

6. Therefore, the Debtors respectfully request entry of an Order granting relief from the 20-day Notice Period under Rule 2002(a)(2) and setting a hearing date for the Medical Benefits Motion on March 10, 2009 at 10:00 a.m., and establishing March 3, 2009 at 4:00 p.m. as the deadline for objections to the Medical Benefits Motion.

7. The Debtors further request that (i) if no objections to the Medical Benefits Motion are filed by the objection deadline, upon the Debtors' filing of a Certificate of No Objection, the Court enter an order approving the Medical Benefits Motion without hearing on or before March 8, 2009, or (ii) in the alternative, if objections to the Medical Benefits

3

Motion are filed, that the Court enter a two-day bridge order authorizing the Debtors' to continue to provide Medical Benefits to the Terminated Employees until the March 10 hearing.

## NOTICE

8. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Creditors Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

9. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully seek entry of an order, in substantially the form of the order attached hereto as Exhibit A, pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c)(1) and Local Rule 9006-1(e), setting an expedited hearing for and shortening the notice period on the Medical Benefits Motion. The Debtors further respectfully request that (i) if no objections to the Medical Benefits Motion are filed by the objection deadline, upon the Debtors' filing of a Certificate of No Objection, the Court enter an order approving the Medical Benefits Motion without hearing on or before March 8, 2009, or (ii) in the alternative, if objections to the Medical Benefits Motion are filed, that the Court enter a two-day bridge order authorizing the Debtors' to continue to provide Medical Benefits to the Terminated Employees until the Hearing.

Dated: Wilmington, Delaware
February 19, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Matthew D. Dickerson
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-5365446v1