UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| THE TRIBUNE COMPANY, et al., ) | Case No. 08-13141 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**FIRST SUPPLEMENTAL DECLARATION OF ALAN D. HOLTZ OF ALIXPARTNERS, LLP AS FINANCIAL ADVISOR TO THE <u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Alan D. Holtz hereby declares under penalty of perjury, as follows:

1. I am a Managing Director of AlixPartners, LLP ("AlixPartners" or the "Firm") and am duly authorized to execute this first supplemental declaration (the "Supplemental Declaration") on behalf of AlixPartners, which maintains its principal office at 2000 Town Center, Suite 2400, Southfield, MI 48075.

2. I submit this Supplemental Declaration on behalf of AlixPartners at the request of the Office of the United States Trustee (the "U.S. Trustee"), pursuant to discussions subsequent to filing of my original declaration (the "Original Declaration") in support of the application (the "Application"), dated January 16, 2009, of the Unsecured Creditors' Committee (the "Committee") of the Tribune Company, Inc. ("Tribune") and its affiliated debtors (the "Debtors") for entry of an order approving AlixPartners as financial advisor to the Committee.

ny-837482

3. I am familiar with the matters set forth herein and, if called as a witness, would testify competently thereto. To the extent any information disclosed herein requires amendment or modification upon AlixPartners' completion of further review or as additional information becomes available to AlixPartners, a further supplemental declaration reflecting such amended or modified information will be submitted to the Court.

4. As disclosed in the Original Declaration, JPMorgan Chase & Co. and Merrill Lynch & Co., Inc. and/or their respective subsidiaries ("JPMC" and "Merrill Lynch," respectively) are current clients of AlixPartners in various matters entirely unrelated to the Debtors or these Chapter 11 cases, and subsidiaries of JPMC and Merrill Lynch are members of the Committee. AlixPartners is not prohibited by any ethical rules from reviewing, investigating and testifying in connection with certain possible avoidance and litigation issues potentially arising from (i) the Senior Credit Agreement dated May 17, 2007, as amended, among Tribune Company, as borrower, the lenders party thereto, JPMorgan Chase Bank N.A. as Administrative Agent, and certain other parties named therein, and (ii) the Senior Unsecured Interim Term Loan Agreement dated December 20, 2007, among Tribune Company, the Lenders named therein, Merrill Lynch Capital Corporation, as Administrative Agent, and certain other parties. However, as a business practice and to preserve client relations, AlixPartners may not be in a position to pursue such an investigation or otherwise support the litigation. Accordingly, in the event that any such investigation or litigation is required, AlixPartners may advise the Committee that such litigation support must be handled by special litigation advisors.

5. The Definitive Proxy Statement filed by Tribune Company on Schedule 14A pursuant to the Securities Exchange Act of 1934, as amended, dated July 13, 2007 (the "Proxy Statement") discloses in the sections entitled "Summary Term Sheet" and "Special Factors –

Background of the Merger" that Merrill Lynch, Pierce, Fenner & Smith Incorporated, a subsidiary of Merrill Lynch, among others, performed certain services in connection with the Merger (as that term is defined therein) and related transactions. Merrill Lynch and a confidential client of AlixPartners (the "Confidential Client") acted as financial advisors to the Debtors in connection with the Merger and related transactions.

6. As disclosed in the Original Declaration, Merrill Lynch and the Confidential Client are current or former clients of AlixPartners in various matters entirely unrelated to the Debtors or to these Chapter 11 cases. The U.S. Trustee has requested that AlixPartners disclose whether it is able to investigate or testify with respect to possible claims against those entities arising out of the advisory services described in paragraph 5 above.

7. The issue of the existence of possible malpractice-type or similar conduct-based claims ("Malpractice Claims") against Merrill Lynch or the Confidential Client arising out of advisory services that they may have performed in connection with the Merger and related transactions has not yet been considered by the Committee. While AlixPartners is not precluded by ethical rules from investigating or testifying with respect to possible Malpractice Claims against Merrill Lynch or the Confidential Client, as a business practice and to preserve client relations, AlixPartners may not be in a position to pursue such an investigation or otherwise support litigation of the Malpractice Claims. Accordingly, in the event that any such investigation or litigation is required, AlixPartners may advise the Committee that such litigation support must be handled by special litigation advisors.

8. In its Original Declaration, AlixPartners disclosed that "seven confidential clients of AlixPartners and/or APS are pre-petition lenders, customers, former indenture trustees, agents under credit agreements, creditors and entities in leveraged ESOP transactions for the Debtors."

The U.S. Trustee has requested additional information regarding these confidential clients. Since filing the Original Declaration, AlixPartners has determined that three of the clients are no longer confidential as noted below:

- Bank of America Securities LLC, Bank of America and Bank of America N.A., or affiliates thereof (collectively "Bank of America") are a customer, agent under credit agreement and pre-petition lender of the Debtors. Bank of America is a current and former AlixPartners client in matters unrelated to the Debtors.

- Bank of New York, a former indenture trustee of the Debtors, is a former AlixPartners client in matters unrelated to the Debtors.

- Deutsche Bank AG, Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas or affiliates thereof (collectively "Deutsche Bank") is a pre-petition lender, creditor and indenture trustee of the Debtors. Deutsche Bank is a current and former AlixPartners client in matters unrelated to the Debtors.

9. AlixPartners is providing litigation support, either financial consulting or expert testimony, to three of the four remaining confidential current or former clients. With respect to each of these three clients, AlixPartners' role in connection with the relevant litigation has not yet been or was not disclosed to the opposing parties to such litigation, and as such, AlixPartners' engagement remains confidential.

10. AlixPartners is providing confidential investigative services for the remaining confidential client, who is a pre-petition lender of the Debtors. AlixPartners is not representing this confidential client in a restructuring, crisis management or financial advisory capacity.

11. The U.S. Trustee also requested additional information regarding the existing AlixPartners employee who is a former Tribune employee. The existing AlixPartners employee is Allison May. She worked for Tribune from April of 2005 through October of 2006. Allison May is not working on the Tribune matter for AlixPartners.

12. AlixPartners does not intend to use independent contractors for this engagement. To the extent AlixPartners uses independent contractors for this engagement, AlixPartners will

charge the Debtors the same rate that AlixPartners pays the independent contractor for services rendered.

13. AlixPartners has reviewed its conflicts database and determined that it has no connections with Valuation Research Consultants.

14. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 19th day of February, 2009

_____
Alan D. Holtz