IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TRIBUNE COMPANIES, et al. : | CHAPTER 11 |
| Debtors. : | CASE NO. 08-13141 (KJC) |
| : | Objections Due: March 5, 2009 at 4:00 p.m. |
| : | Hearing Date: March 10, 2009 at 10:00 a.m. |

## MOTION OF ALLEN FRANCISO FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

Allen Francisco ("Movant"), by and through undersigned counsel, hereby respectfully moves (the "Motion") this Court for entry of an order granting the Movant relief from automatic stay the pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), to allow him to prosecute that certain Civil Action No. 06 L 5276 pending in the Circuit Court of Cook County, Illinois County Department, Law Division. In support of the Motion, the Movant respectfully represent as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein is section 362(d) of the Bankruptcy Code, as supplemented by Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Federal Rules") and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

2. On or about May 19, 2006 Civil Action 06 L 5276 (the "Civil Action") was filed in the Circuit Court of Cook County, Illinois County Department, Law Division by the Movant in which the debtors were named as co-defendants. A true and correct copy of the complaint filed in the Civil Action is attached hereto as Exhibit A.

3. The Civil Action is based, in part, upon the careless, reckless, negligent, willful, wanton, malicious, and unlawful acts of Oscar Molina, an employee acting as the duly authorized agent of the Debtors. Oscar Molina, while acting in his capacity as agent of the Debtors caused the Movant to be thrown from a moving vehicle leased by the Debtors, leading to the severe injury of the Movant.

4. Upon information and belief, the Movant asserts liability insurance is available to the Debtors to compensate the Movant for damages. The Defendants' Answers to Plaintiff's Interrogatories as obtained through discovery in the Civil Action, a true and correct copy of which is attached hereto as Exhibit B, provides in the Defendant's answer to question five:

> Oscar R. Molina was the driver of the vehicle involved in the occurrence leased by Chicago Tribune Company from Ryder.
>
> Oscar R. Molina was covered under the following policy:
> Policy #: **(redacted)**
> Policy Period: 03/01/05-03/01/06
> Limits: 2,000,000 CSL

5. On December 8, 2008 (the "Petition Date"), each of the above captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Upon filing this petition, the automatic stay pursuant to §362(a) of the Bankruptcy Code became effective.

6. The Debtors are operating their businesses and managing their properties and assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## RELIEF REQUESTED

7. By this Motion, the Movant requests relief from the automatic stay, in the amount up to the limits of any applicable insurance policies held by the Debtors, to allow the Movant to prosecute the Civil Action referenced above.

## BASIS FOR RELIEF REQUESTED

8. In considering whether to lift a stay, Delaware Bankruptcy Courts have considered three criteria, as set forth in In re: Rexene, 141 B.R. 574,576 (Bankr. D. Del. 1992):

1. Whether there will be great prejudice to the estate or the debtor in continuing the civil suit;

2. Whether the hardship to the creditor outweighs the hardship to the debtor in maintaining the stay;

3. The probability that the creditor will prevail on the merits.

Rexene, 141 B.R. at 576.

9. The Movant's claims satisfy the *Rexene* factors and has shown cause for a modification of the automatic stay. First, the Movant will take no action to collect against the Debtors' and is seeking a modification only up to the applicable insurance limits. The Debtors have no equity interest in the insurance proceeds sought. Therefore, the Debtors' insurance proceeds are not assets of the Debtor, and should not be subject to the protection of §362 of the Bankruptcy Code.

10. The Movant submits that the second *Rexene* factor is satisfied. The Movant has incurred actual medical expenses and economic loss as a result of the incident. The Movant and his family continue to experience mental anguish and suffering and will continue to do so until there is some closure in this matter.

11. Lastly, the Movant has also met the threshold required for the third *Rexene* factor. The circumstances of the incident, among other things, demonstrate that the Movant has a significant probability of prevailing on the merits of the civil claim.

WHEREFORE, Movant, respectfully requests that the Court enter an order in substantially the same form as that in attached <u>Exhibit C</u>, lifting the automatic stay imposed by 11 U.S.C. §362(a)(1) with respect to the case now pending under Civil Action No. 06 L 5276 in the Circuit Court of Cook County, Illinois County Department, Law Division and such other and further relief as the Court deems appropriate.

Dated: February 20, 2009         **ELLIOTT GREENLEAF**

Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Neil R. Lapinski (DE Bar ID 3645)
1000 West Street, Suite 1440
Wilmington, Delaware 19899
Telephone: (302) 384-9400
Facsimile: (302) 656-3714
Email: rxza@elliottgreenleaf.com
Email: nrl@elliottgreenleaf.com

*Counsel to Allen Francisco*