# EXHIBIT 1

46429/0001-5367787v2

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF CHANDLER BIGELOW III, SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER OF TRIBUNE COMPANY, IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO CONTINUE TO PROVIDE MEDICAL BENEFITS TO EMPLOYEES TERMINATED PRIOR TO THE IMPLEMENTATION OF THE POST-PETITION SEVERANCE ARRANGEMENT

STATE OF ILLINOIS        )
                         ) ss:
COUNTY OF COOK           )

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHANDLER BIGELOW III, being duly sworn, deposes and states:

1. I am a Senior Vice President and the Chief Financial Officer of Tribune Company, a corporation organized under the laws of Delaware and one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Tribune Company is the direct or indirect parent company of the other Debtors herein. I am generally familiar with the Debtors' day-to-day operations, business affairs, and books and records.

2. I submit this affidavit (the "Affidavit") in support of the Debtors' Motion for an Order Authorizing the Debtors to Provide Medical Benefits to Employees Terminated Prior to the Implementation of the Post-Petition Severance Arrangement (the "Medical Benefits Motion"). I am familiar with the contents of the Medical Benefits Motion. Except as otherwise indicated, all facts set forth in this Affidavit are based on my personal knowledge, on information supplied to me by other members of the Debtors' management teams and/or professionals retained by the Debtors, on information learned from my review of relevant documents, or on my opinion based upon my experience and knowledge of the Debtors' operations, financial condition and present liquidity needs. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Affidavit on behalf of the Debtors.

3. Prior to the Petition Date the Debtors customarily provided employees that were terminated without cause with severance payments (the "Severance Payments") equal to their base wages for specified periods of time that correlated with the number of years that the employee had worked for the Debtors (the "Severance Payment Period"). The Debtors also customarily continued to provide such terminated employees with various medical and dental benefits (the "Medical Benefits") during this Severance Payment Period.

2

4. There are approximately 240 employees (the "Terminated Employees") that would otherwise continue to receive Medical Benefits for the remainder of their applicable Severance Payment Period extending past March 8, 2009. However, under the terms of the Employee Wage Order, provision of Medical Benefits to these Terminated Employees will be suspended on March 8, 2009.

5. On the evening of February 12, 2009, the Creditors Committee first indicated to the Debtors that they endorsed the provision of Medical Benefits to these Terminated Employees for the remainder of their Severance Payment Periods, as well as the provision of other severance payments to other terminated employees.

6. The Debtors are discussing various other pre-petition liabilities owed to employees or prior employees with the Creditors Committee. The Debtors hope these discussions will lead to mutually satisfactory conclusions, and that the Creditors Committee will support the relief that the Debtors will seek through motions to be heard on April 15, 2009. During the interim, I believe that it would be prudent to continue to provide the Medical Benefits for the Terminated Employees so that their health care coverage does not lapse.

7. A number of the Terminated Employees are members of labor unions that have collective bargaining agreements with the Debtors. I believe that maintaining a positive relationship with these labor unions by seeking this relief should provide considerably greater long-term benefits than the comparatively small short-term expense of continuing the Medical Benefits.

8. It is my estimate that the aggregate cost of providing Medical Benefits to the Terminated Employees for the full remainder of their applicable Severance Payment

3

Periods past March 8, 2009 will total approximately $396,000.00. The average length of the Terminated Employees remaining Severance Payment Periods past March 8, 2009 is approximately 13 weeks. Thus, it is my estimate that the approximately five and a half weeks of coverage between March 8, 2009 and the hearing on April 15, 2009 will cost the Debtors approximately $175,000.00.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Dated: 2-19-09

_____
Chandler Bigelow III
Senior Vice President & Chief Financial Officer
Tribune Company

Sworn to and subscribed before me this 20th day of February, 2009.

_____
Notary Public

OFFICIAL SEAL
KENYA S SPANN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/05/12

4