## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x   Chapter 11

In re:                                                  :
                                                        :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                :
                                                        :   Jointly Administered
        Debtors.                                        :
                                                        :   Objections Due: March 17, 2009
------------------------------------------------------- x   Hearing Date:  N/A


### FIRST MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>DECEMBER 18, 2008 THROUGH JANUARY 31, 2009</u>


| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | December 18, 2008 through January 31, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $820,262.40   (80% of $1,025,328.00) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $ 20,199.48 |


This is a(n):    _x_ Monthly         ____ Interim        ____ Final Application


Prior Applications Filed:  None

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**December 18, 2008 through January 31, 2009**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2008/2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 198.50 | 186,225.00 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 955 | 39.00 | 37,245.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 217.10 | 179,107.50 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 78.40 | 62,328.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 3.40 | 2,601.00 |
| Vincent Dunn (1998) | Corporate | 1989 (NY) | 735 | 23.50 | 17,272.50 |
| Edouard S. Markson (2007) | Tax | 1997 (NY) | 735 | 58.00 | 42,630.00 |
| Kevin Smith (2001) | Corporate | 1993 (NY) | 725 | 10.90 | 7,902.50 |
| Scott Berson (2004) | Corporate | 1996 (NY) | 675 | 47.00 | 31,725.00 |
| Dana Frix (2002) | Communications, Media & Technology | 1989 (PA) 1991 (DC) 2001 (VA) | 675 | 0.50 | 337.50 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 635 | 10.90 | 6,921.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Douglas E. Deutsch | Bankruptcy and Financial Restructuring | 1997 (NY) | 625 | 341.20 | 210,093.75 |
| James A. Stenger | Communications, Media & Technology | 1978 (DC) | 475 | 6.20 | 2,945.00 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2008/2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 63.10 | 37,544.50 |
| Richard Wright | Tax | 1999 (NY) | 595 | 4.00 | 2,380.00 |
| Joseph Giannini | Corporate | 2002 (NJ) 2004 (NY) | 585 | 32.00 | 18,720.00 |
| Kessar N. Nashat | Corporate | 2003 (NY) | 585 | 0.40 | 234.00 |
| Robert J. Gayda | Bankruptcy & Financial Restructuring | 2005 (NY) | 535 | 20.00 | 10,700.00 |
| Benjamin Carson | Corporate | 2008 (NY) | 395 | 10.00 | 3,950.00 |
| Jason Porter | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 167.50 | 65,866.25 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 20.80 | 8,216.00 |
| | | | | | |
| **Law Clerks:** | | | | | |
| Blake Betheil | Tax | JD-2008 | 345 | 41.50 | 14,317.50 |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 48.20 | 16,629.00 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 20.60 | 7,107.00 |
| Alison Kronstadt | Corporate | JD-2008 | 345 | 17.60 | 6,072.00 |
| Rachel Kurth | Employee Benefits | JD-2008 | 345 | 10.00 | 3,450.00 |
| Young Yoo | Corporate | JD-2008 | 345 | 40.50 | 13,972.50 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2008/2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Paraprofessionals:** | | | | | |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 49.00 | 12,740.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 45.20 | 11,752.00 |
| Sarah Chan | Corporate | n/a | 245 | 0.50 | 122.50 |
| Tom Scott | Corporate | n/a | 245 | 6.20 | 1,519.00 |
| Kristen Garry | Corporate | n/a | 190 | 7.00 | 1,330.00 |
| | | | | | |
| **Librarian:** | | | | | |
| Tania Danielson | n/a | n/a | 175 | 0.50 | 87.50 |
| Barbara Schubeck | n/a | n/a | 120 | 10.70 | 1,284.00 |
| | | | | | |
| **TOTAL:** | | | | **1,649.90** | **$1,025,328.00** |

BLENDED RATE:     $625.57

\* Includes year elected Partner at firm or joined firm as Partner.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x   Chapter 11
In re:                                             :
                                                   :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                           :
                                                   :   Jointly Administered
          Debtors.                                 :
                                                   :   Objections Due: March 17, 2009
-------------------------------------------------- x   Hearing Date:  N/A
```

## FIRST MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 18, 2008 THROUGH JANUARY 31, 2009

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $1,025,328.00 (80% of which equals $820,262.40) and reimbursement of expenses incurred in the amount of $20,199.48 during the period commencing December 18, 2008 through and including January 31, 2009 (the "Application Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Application is

11 U.S.C. § 1103(a).

2.      The statutory bases for relief requested herein are Sections 105(a), 330 and 331 of

the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.  On December 30, 2009,

the United States Trustee appointed Wilmington Trust Company as an additional member of the

Committee.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.    No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.    All services for which compensation is requested by Chabourne were performed

for or on behalf of the Committee.

9.    During the Application Period, Chadbourne has received no payment and no

promise of payment from any source for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application.  There is no agreement

or understanding between Chadbourne and any other person, other than members of the firm,

for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.    The fee statement for the Application Period is attached hereto as Exhibit A.  This

statement contains daily time logs describing the time spent by each attorney and

paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the

Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the

Compensation Order.

## SUMMARY OF SERVICES

11.    As set forth in the detailed statement of fees attached hereto as Exhibit A, fees

incurred by Chadbourne during the Application Period total $1,025,328.00.  The services

rendered by Chadbourne during the Application Period are grouped into specific project

categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services

3

relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.     Bankruptcy General (Matter 002)**

Fees: $183,662.00    Total Hours: 306.10

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessional supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist

attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

15.    During the Application Period, Chadbourne also expended time preparing, reviewing and finalizing the Committee By-Laws and resolving confidentiality issues among and between the Debtors, the Committee and certain third parties.  These confidential issues were important gate-keeping issues related to the flow of information from the Debtors and others and required the expenditure of significant effort.

**B.    Committee Meetings (Matter 003)**

Fees: $157,071.00    Total Hours:  220.90

16.    Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review and discuss pending motions, the Debtors' business operations and numerous other issues regarding the administration of the Debtors' cases. Certain of the meetings included presentations by the Debtors.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.   Chadbourne attorneys prepared for these meetings and spent time, among other things, drafting agendas and comprehensive presentation materials related thereto.

**C.**    **Creditor Communications (Matter 004)**

Fees: $21,578.00   Total Hours: 31.40

17.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.**    **DIP Financing (Matter 005)**

Fees: $188,350.50   Total Hours: 297.10

18.    Chadbourne attorneys devoted significant time during the Application Period to the Debtors' DIP motion and request for entry of a final DIP order.  This work entailed a comprehensive review and analysis of the underlying DIP facility documentation.  In connection with its review of the DIP facility, Chadbourne reviewed and discussed confidentiality issues with Barclays Bank and, working with the Committee's financial advisors and the Debtors, prepared a confidentiality agreement for same.  Chadbourne set forth its analyses of the proposed DIP facility in detailed memoranda to the Committee and negotiated certain terms of the proposed DIP facility with Barclays Bank and the Debtors.

19.    During the Application Period, Chadbourne attorneys also reviewed the documentation for the prepetition receivables securitization facility in order to analyze perfection of security interests and true sale issues.   Chadbourne summarized its analysis in a detailed memorandum to the Committee.

E.    **Inter-Company Issues/Cash Management (Matter 006)**

Fees: $7,994.50    Total Hours: 12.30

20.    During the Application Period, Chadbourne attorneys reviewed cash management and operational issues and participated in telephone conferences and correspondence with the Committee's financial advisors regarding same. Further, Chadbourne reviewed and analyzed issues in connection with the Debtors' motion requesting a further extension of time to comply with section 345 account requirements and prepared a memorandum to the Committee summarizing same.

F.    **Business Operations (Matter 007)**

Fees: $53,376.00    Total Hours: 94.00

21.    During the Application Period, Chadbourne attorneys expended time on various issues with regards to the Debtors' day-to-day business operations. Chadbourne attorneys reviewed, commented and negotiated on several significant motions prepared by the Debtors. These included (i) the critical vendor motion, where Chadbourne attorneys worked with the Committee's financial advisors and the Debtors in negotiating acceptable terms for payments to critical vendors; (ii) the motion for continued utility service as well as several objections filed by utility providers; and (iii) the motion to enter into a local broadcasting agreement. Chadbourne also prepared written summaries of each of these motions (and the issues they presented) for the Committee.

22.    Chadbourne also expended time reviewing the Debtors' motion to enter into a master services contract with Dow Jones, including a comprehensive review of the contract's

proposed terms and discussions with the Committee's financial advisors.  Chadbourne alerted

the Debtors to certain concerns with the terms of the contract and worked with Debtors' counsel

and Dow Jones' counsel to revise the proposed agreement in a consensual manner.

23.    Further, Chadbourne reviewed the status of FCC assignment applications with

respect to the various FCC licenses held by subsidiaries of the Debtors and discussed transfer of

control procedures and the FCC transfer process in connection with same.

**G.    <u>Asset Disposition (Matter 008)</u>**

Fees: $86,049.00    Total Hours:  117.60

24.    Most of the work in this category during the Application Period focused on the

possible transaction involving the Chicago Cubs baseball team.  Chadbourne attorneys

reviewed the Debtors' preliminary overview of the disposition process and reviewed documents

in connection therewith including materials on corporate structure, SEC filings, and certain

proposed transaction documents.  Chadbourne and the Committee's professionals reviewed and

analyzed competing third-party proposals and the Debtors' recommendations regarding those

proposals.  Chadbourne also worked on confidentiality issues with Major League Baseball.

Chadbourne participated in numerous conferences and correspondence with the Committee's

professionals and the Debtors in connection with the foregoing.

**H.    Fee/Retention Applications (Matter 010)**

Fees: $165,232.00    Total Hours:  294.20

25.    During the Application Period, Chadbourne attorneys expended significant time

on retention issues.  Chadbourne reviewed and revised the retention letters for the Committee's

proposed financial advisors (AlixPartners) and investment bankers (Moelis & Company). Additionally, Chadbourne prepared and filed retention applications for itself and AlixPartners in connection therewith.

26.     The Debtors have retained a variety of professionals due the complexity and wide range of issues in these Chapter 11 cases.  Chadbourne attorneys performed a comprehensive review of the various retention applications of the Debtors' proposed professionals in order to ensure that their retention was in the best interests of the Debtors' estates.  Chadbourne's analyses of the retention applications were summarized in detailed memoranda to the Committee.  At the direction of the Committee, Chadbourne addressed concerns with each of the Debtors' professionals and obtained agreements for modifications to their proposed order or other related documents.

27.     Chadbourne expended time in reviewing and analyzing issues with respect to pre-petition payments to professionals and participated in the resolution of concerns raised by the U.S. Trustee with respect to Committee professionals and the Debtors' professionals.

I.     **Executory Contracts (Matter 012)**

Fees:  $2,617.50    Total Hours:  4.10

28.     During the Application Period, Chadbourne attorneys reviewed issues in connection with the Debtors' motion to reject leases and prepared a memorandum to the Creditor's Committee regarding same.

9

**J.**    **Employee Issues (Matter 014)**

Fees: $42,070.00   Total Hours: 75.80

29.    During the Application Period, Chadbourne attorneys expended time on various issues in connection with obligations to employees of the Debtors.  This work included a comprehensive review of several motions requesting authorization to (i) make payments to employees pursuant to a retention plan, (ii) pay certain brokers, and (iii) make pension contributions.  Certain of these requests required the review of the underlying collective bargaining agreements.  Further, Chadbourne reviewed motions with respect to incentive compensation awards and severance commitments to employees.   Chadbourne participated in extensive discussions with the Committee's financial advisors and the Debtors in connection with the foregoing, including certain changes thereto, and outlined its recommendations in detailed memoranda to the Committee.

**K.**    **Tax Issues (Matter 016)**

Fees: $85,266.00   Total Hours: 118.60

30.    During the Application Period, Chadbourne attorneys performed a comprehensive review of the Tribune Company's ESOP/S-Corp tax structure and prepared an analysis of same which considered reorganization options and alternative equity positions available to creditors.  Chadbourne also reviewed certain related transaction structures, considered their respective tax benefits and their significance to the disposition of certain assets.  Further, Chadourne reviewed the tax aspects of major asset bids.   In connection with the foregoing, Chadbourne performed extensive tax law review and analysis, participated in numerous conferences and

correspondence with the Committee's professionals and the Debtors and prepared and

participated in presentations to the Committee and the Debtors on their findings.

**L.    Travel (Matter 018)**

      Fees: $6,795.00  Total Hours: 18.60

    31.    During the Application Period, Chadbourne attorneys spent time traveling to

Wilmington, Delaware to attend omnibus hearings and the creditors' section 341 meeting.

Additionally, a Chadbourne attorney traveled to Chicago, Illinois to attend a special meeting of

the Committee at the Debtors' headquarters.  The hours reflect non-working travel time and the

fees requested are at 50% of Chadbourne's normal hourly rates.

**M.    Review of Prepetition Financings (Matter 019)**

      Fees: $25,266.50   Total Hours: 59.20

    32.    During the Application Period, Chadbourne attorneys began a comprehensive

review of the Debtors' prepetition financing documents and capital structure as part of the

Committee's review and analysis of certain potential challenges that could potentially be

asserted to the Debtors' prepetition obligations.

**ACTUAL AND NECESSARY EXPENSES**

    33.    A summary of the actual and necessary expenses and daily logs of expenses

incurred by Chadbourne during the Application Period in the amount of $20,199.48 is attached

hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For

purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.  Also,

Chadbourne customarily charges its clients $1.25/per page for out-going facsimile

transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

34.    In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.

35.    With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

36.    With respect to Intralinks fees, Chadbourne established an Intralinks account, a confidential repository for important documentation in these chapter 11 cases for access by members of the Committee, in which yearly renewal fees and maintenance fees are paid to an outside vendor.

37.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.  In connection with catering costs, Chadbourne hosted Committee meetings (where the Committee's professionals were also in attendance) on January 6, 2009 and January 22, 2009.

38.    Also consistent with firm policy, attorneys and other employees of Chadbourne who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES

39.    Attorneys and paraprofessionals of Chadbourne have expended a total of 1,649.90 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,025,328.00.

40.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

41.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period December 18, 2008 through January 31, 2009:

(a) authorizing compensation in the amount of $1,025,328.00 (80% of which equals $820,262.40) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $20,199.48, for a total of $1,045,527.48; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:  February 24, 2009
        Wilmington, Delaware

CHADBOURNE & PARKE LLP

By: _____
    Howard Seife (NY I.D. No. 1219138)
    A Member of the Firm

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Counsel to The Official Committee of
Unsecured Tribune Company, et al.

14

# VERIFICATION

STATE OF NEW YORK        :
                                            :  ss:
COUNTY OF NEW YORK  :

David M. LeMay, after being duly sworn according to law, deposes and says:

(a)        I am a member of the applicant firm, Chadbourne & Parke LLP , and have been admitted to the bar of the State of New York since 1982.

(b)        I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)        I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

David M. LeMay (NY I.D. No. 1780931)

Sworn to before me this
24th day of February 2009

Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010