# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>Objections Due: March 17, 2009 at 4:00 p.m.<br>Hearing Date: N/A |

## FIRST MONTHLY APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR REIMBURSEMENT OF COMMITTEE MEMBERS' EXPENSES PURSUANT TO 11 U.S.C. § 503(b)(3)(F)

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through the undersigned

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

698.001-24683

counsel, pursuant to 11 U.S.C. § 503(b)(3)(F), respectfully applies for reimbursement of the expenses incurred by certain members of the Creditors' Committee (the "Application") during the period commencing December 18, 2008 through and including January 31, 2009 (the "Application Period") and states as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors commenced their bankruptcy cases by each filing with the United States Bankruptcy Court for the District of Delaware a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the United States Trustee appointed the Committee which consists of the following members (the "Committee Members"): JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, Deutsche Bank Trust Company, Warner Bros. Television, Vertis, Inc., William Niese, Pension Benefit Guaranty Corporation and Washington-Baltimore Newspaper Guild, Local 32035. On December 30, 2008, the Office of the United States Trustee appointed Wilmington Trust Company, as an additional Committee Member.

4. During the Application Period, certain of the Committee Members have incurred actual expenses in the performance of the duties of the Committee in the aggregate amount of $5,154.42. A detailed description of these expenses is annexed hereto as Exhibit A.

5. The expenses of the applicable Committee Members relate to attendance at and participation in meetings on behalf of the Committeee.

### JURISDICTION AND VENUE

6. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceedings within the meaning of 28 U.S.C. § 157(b)92)(A) and (M)).

7. The statutory bases for relief requested herein are Sections 105(a), 330 and 503(b)(3)(F) the Bankruptcy Code.

### TERMS AND CONDITIONS OF COMPENSATION

8. Subject to Court approval, the Committee seeks reimbursement of actual, necessary expenses incurred by certain Committee Members during the Application Period.

9. A statement of expenses incurred by certain Committee Members during the Application Period is annexed hereto as Exhibit A. All requested expenses are in compliance with 11 U.S.C. § 503(b)(3)(F).

10. On January 15, 2009, this Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Administrative Order"). Pursuant to the Administrative Order, Committee Members are authorized to seek reimbursement of their expenses from the Debtors.

11. All costs for which reimbursement is requested by the Committee Members in this Application were reasonable and necessary and were incurred in the Committee Members' performance of the duties of the Committee during the Application Period.

## CASE STATUS

12. The Debtors' monthly operating reports contain up-to-date information regarding the amount of cash on hand or on deposit in the Debtors' estates, the amount and nature of accrued unpaid administrative expenses, the Debtors' operating profit or loss; or the amount of unencumbered funds in the Debtors' estates.

13. To the best of the Committee's knowledge, the Debtors have paid to the United States Trustee its quarterly fees.

## NOTICE AND NO PRIOR APPLICATION

14. No trustee or examiner has been appointed in these Chapter 11 cases. Notice of this Application has been given to (i) co-counsel to the Debtors; (ii) co-counsel to the Barclays Bank PLC, in its capacity as Lender, Funding Agent, and Administrative Agent; (iii) co-counsel to the Administrative Agent for the Prepetition Lender; (iv) the Office of the United States Trustee; and (v) all other parties required to be given notice in the Administrative Order. In light of the nature of the relief requested herein, the Committee submits that no further or other notice is required.

15. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court, in accordance with the Administrative Order, (i) allow reimbursement of expenses as set forth herein and (ii) grant such further relief as is just and proper.

Dated: Wilmington, Delaware
February 25, 2009

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Matthew B. McGuire (No.4366)
919 Market Street, Suite 1800
Wilmington, DE 19801
(302) 467-4400

- and -

**CHADBOURNE & PARKE LLP**
David M. LeMay (DML-9093)
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5100

Counsel to the Official Committee of Unsecured Creditors