## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | SS: |
| COUNTY OF NEW YORK | ) | |

Edward Cerasia II, first being duly sworn, deposes and says:

1.    I am a partner with Morgan, Lewis & Bockius LLP ("Morgan Lewis" or the "Firm"), having an office located at 101 Park Avenue, New York, New York, employed by certain of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the ordinary course of their businesses.

---

[1]    The Debtors consist of the following entities: Tribune Company; 425 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspapers, Inc.; Chicago Tribune Press Service, Inc.; Chicagoland Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC; Forsalebyowner.com Corp.; Forsalebyowner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; Greenco, Inc.; Heart & Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy Publications, LLC; Hoy, LLC; Insertco, Inc.; Internet Foreclosure Service, Inc.; Juliusair Company II, LLC; Juliusair Company, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, LTD.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; NEOCOMM, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Sothern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing

Footnote continued on next page

2.      This Affidavit is submitted pursuant to the Order of the United States Bankruptcy Court for the District of Delaware entered on January 15, 2009, authorizing the Debtors to Retain, Employ and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "OCP Order"). *See* Dkt. Entry No. 227.

3.      The Firm has represented and advised the Debtors as labor and employment counsel and insurance counsel with respect to certain aspects of the Debtors' business operations. The Debtors have requested that Morgan Lewis continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases. Morgan Lewis has agreed to do so.

4.      Prior to December 8, 2008 (the "Petition Date"), Morgan Lewis provided professional services to the Debtors.

5.      As of the Petition Date, the Debtors owed Morgan Lewis approximately $11,350.82 in connection with pre-petition professional services rendered to the Debtors. Morgan Lewis is not waiving any claims that it has against the Debtors, including the amount referenced in the prior sentence.

---

Footnote continued from previous page
Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLH I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcast Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance Service Center, Inc.; Tribune Finance, LLC; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; Valumail, Inc.; Virginia Community shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

6.    The principal members, associates and/or employees designated to represent the Debtors and their current standard hourly rates are:

| | |
|---|---|
| Edward Cerasia II | $555 hourly rate |
| Jason Komorsky | $600 hourly rate |
| Christie Del Rey-Cone | $450 hourly rate |
| August W. Heckman III | $375 hourly rate |
| Joseph A. Nuccio | $375 hourly rate |
| Allison J. Adler | $375 hourly rate |

The hourly rates set forth above are subject to periodic adjustments and are Morgan Lewis' regular hourly rates for work of this nature.  The rates are set at a level designed to fairly compensate Morgan Lewis for the work of its members, associates and/or employees, and to cover fixed and routine overhead expenses.  It is Morgan Lewis' policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's case.  The expenses charged to clients include, among other things, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, temporary employment of additional staff, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  Morgan Lewis will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to other clients.  Morgan Lewis believes it is appropriate to charge these expenses to the client incurring them rather, than to increase the hourly rates and spread the expenses among all clients.

7.    Morgan Lewis does not hold any interest adverse to the Debtors or their estates with respect to the matters for which Morgan Lewis is retained.  Morgan Lewis has not

performed services in the past for persons that are parties-in-interest in the Debtors' chapter 11

cases, in matters related or unrelated to these chapter 11 cases, except as set forth herein.

8.    The Debtors have sought this Court's authorization to retain Pricewaterhouse

Coopers ("PwC") as their compensation and tax advisors and independent auditors pursuant to a

motion dated December 26, 2008 (the "PwC Motion").  Dkt. Entry No. 143.  The U.S. Trustee

and the Official Committee of Unsecured Creditors informally objected to the PwC Motion, but

PwC has resolved such objection.  PwC has requested that Morgan Lewis act as PwC's counsel

in connection with the PwC Motion, and Morgan Lewis has agreed to do so.  Both the Debtors

and PwC have consented to this representation, provided that, in the event PwC's interests were

to become adverse to the Debtors, Morgan Lewis would withdraw from its representation of

PwC.

9.    Morgan Lewis is currently representing NFL Properties, LLC and certain of its

affiliates, which have a contractual relationship with Tribune Broadcast Company for certain

broadcasting and related rights.  The Debtors have consented to Morgan Lewis' representation of

NFL Properties, LLC, and other creditors in these chapter 11 cases, on matters other than those

in which Morgan Lewis represents the Debtors, including for the purpose of assisting creditors in

filing proofs of claim in these chapter 11 cases, provided that Morgan Lewis may not represent

any creditor or party-in-interest in any adversary proceeding involving, or file any action adverse

to, the Debtors.

10.    In the ordinary course of its business, the Firm maintains a database for the

purpose of performing "conflicts checks."  The Firm's database contains information regarding

its present and past representations.  Pursuant to Federal Rule of Bankruptcy Procedure 2014(a),

I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for

purposes of searching the aforementioned database and determining the connections that Morgan

Lewis has with such entities.[2]

11.     Further, Morgan Lewis has from time to time provided, and/or may currently

provide, services to the following parties-in-interest, or affiliates thereof, in all instances on

matters in which such party does not or did not hold or represent an interest adverse to the

Debtors:

- ABN Amro Holding NV
- AEGON USA Investment Managment
- AIG Global Investment Corp.
- Ares Management LP
- Bank of America, N.A.
- Bank of America Securities LLC
- Bank of Montreal
- Bank of New York
- Barclays Bank plc
- Barclays Capital Inc.
- Bear Stearns & Co., Inc.
- Bear Stearns Asset Managment
- CapitalSource Finance LLC
- Citadel
- Citibank, N.A.
- Citicorp North America Inc.
- Citigroup Global Markets Inc.
- Citigroup Financial Products Inc.

---

[2]     As of the date hereof, Morgan Lewis has reviewed its connections with the following parties-in-interest to these chapter 11 cases: (a) the Debtors and their non-debtor affiliates; (b) the Debtors' current and former officers and directors; (c) the thirty largest unsecured creditors; (d) the Debtors' pre-petition lenders; (e) counterparties to hedging agreements with the Debtors; (f) former and current indenture trustees; (g) the Debtors' insurance carriers; (h) the ESOP trustee; (i) entities involved in leveraged ESOP transactions with the Debtors; (j) the Debtors' significant former shareholders; (k) major holders of PHONES; (l) counterparties to recent significant asset distributions; (m) joint venture partners; (n) equity method investments; and (o) agents under credit agreements. Due to the limited nature of Morgan Lewis' retention and the remote possibility of any conflict in connection therewith, Morgan Lewis has not to date reviewed its connections with the following parties: (x) the Debtors' major customers; (y) parties to significant litigation with the Debtors; or (z) the Debtors' significant landlords. From time to time, Morgan Lewis may have provided, and/or may currently provide, services to certain of those parties-in-interest, or affiliates thereof, in all instances on matters in which such party does not or did not hold or represent an interest adverse to the Debtors.

- Columbus Nova Credit Investment Management LLC
- Comcast Sportsnet Chicago
- Credit Suisse Asset management
- Credit Suisse Group AG
- Deutsche Bank AG
- Deutsche Investment Management Americas Inc.
- Duquesne Capital Management LLC
- Eaton Vance Management
- EBF & Associates LP
- Equity Group Investments LLC
- Farallon Capital Management LLC
- Fidelity Investment/Fidelity Mutual Fund Comp
- Fidelity Investments
- Four Corners Capital Management LLC
- Franklin Templeton Investment Management Ltd.
- Gannett Co., Inc.
- General Electric Capital Corp.
- Goldman Sachs & Co.
- Goldman Sachs Asset Management LP
- Goldman Sachs Group Inc.
- GreatBanc Trust Company
- Guggenheim Management LLC
- Hearst Corporation
- Highland Capital Management LP
- Illinois National Insurance Company
- ING Investment Management LLC
- Invesco Inst NA Inc.
- John Hancock Financial Services Inc.
- JPMorgan Chase Bank, N.A.
- Lehman Brothers Commercial Bank
- Lehman Brothers Holdings, Inc.
- Marathon Asset Management LLC
- McDonnell Investment Management LLC
- Merrill Lynch & Co.
- Merrill Lynch Capital Corp.
- Metropolitan Life Insurance Company
- Moore Capital Management LLC
- Morgan Stanley/Morgan Stanley Investment Management
- National City Corporation
- NBC Universal Domestic Television
- New York Life Insurance Company
- New York Life Investment Management

- Nicholas Applegate Capital Management LLC
- Oaktree Capital Management
- Ore Hill Partners LLC
- Pacific Investment Management Company
- Paloma Partners Management Co., Inc.
- Paramount Pictures Corporation
- Perry Corporation
- PPM America Incorporated
- Primus Asset Management Inc.
- Prudential Investment Management, Inc.
- Putnam Investment Management LLC
- R3 Capital Management LLC
- Rabobank International
- Raven Asset Management LLC
- Riversource Investments LLC
- Royal Bank of Scotland
- Sandelman Partners LP
- Satellite Asset Management LP
- Scotia Capital, Inc.
- Silver Point Capital L.P.
- Societe Generale
- Sony Pictures Television
- Sumitomo Mitsui Banking Corp.
- Swiss Reinsurance Co. Ltd.
- Symphony Asset Management LLC
- Taconic Capital Advisors LLC
- UBS AG
- Varde Partners, Inc.
- Wachovia Bank, N.A.
- Wells Fargo Bank, N.A.
- Wells Fargo Foothill Inc.
- Western Asset Management
- Wilmington Trust Company
- York Capital Management LLC

12.    Additionally, from time to time and in the ordinary course of business, Morgan Lewis has worked with or has been adverse to certain of the Debtors' advisors, in all instances on matters in which such advisor does not or did not hold or represent an interest adverse to the Debtors.

13.     Neither I nor any partner of or professional employed by Morgan Lewis, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters that Morgan Lewis is retained.

14.     I have read the proposed OCP Order and understand the limitations on compensation allowed to be paid without an order of this Court.

15.     Morgan Lewis intends to apply directly to the Debtors for compensation for professional services rendered in accordance with the OCP Order, with such application to request compensation for services based on the hourly rates set forth above, plus reimbursement of actual and necessary expenses and other charges incurred by Morgan Lewis.  Pursuant to the OCP Order, services rendered to the Debtors resulting in fees of more than an average of $50,000 per month over any rolling three-month period, or in excess of $50,000 over any consecutive two-month period, will require entry of an order of the Court authorizing such higher amount.

16.     Except as provided in the OCP Order, no representations or promises have been received by Morgan Lewis or by any member, partner, counsel, associate, or employee thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code.  Neither I nor any partner of or professional employed by the Firm has any agreement with any other entity to share with such entity any compensation received by Morgan Lewis in connection with these chapter 11 cases.

17.     As of the Petition Date, Morgan Lewis was not a party to any services or retention agreement with the Debtors.

18.     Morgan Lewis currently holds two separate retainers from the Debtors in the approximate amounts of $20,039.97 with respect to the Firm's engagement as labor and

employment counsel, and $2,639.10 with respect to the Firm's engagement as insurance counsel, against which Morgan Lewis will credit all accrued and unpaid amounts for professional services rendered and expenses charged prior to the Petition Date.  Also, the Firm will apply the remaining outstanding retainer balances as fees and expenses become due pursuant to the OCP Order.

19.    I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under Section 328(c) of the Bankruptcy Code and applicable law.

20.    At any time during the period of its employment, if Morgan Lewis should discover any facts bearing on the matters described herein, it will supplement the information contained in this Affidavit.

21.    I declare under penalty of perjury that the foregoing is true and correct.


Dated:  February 26, 2009

_Edward Cerasia II_

Edward Cerasia II


Sworn to and subscribed
before me on this 26th
day of February, 2009

_Lorraine Landau_
Notary Public
My Commission Expires: _____

LORRAINE LANDAU
Notary Public, State of New York
No. 604879478
Qualified in Westchester County
Certified in New York County
Commission Expires December 1, 2010