## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL DECLARATION OF WILLIAM T. ENGLAND FOR AN ORDER AUTHORIZING DEBTORS TO RETAIN AND EMPLOY PRICEWATERHOUSECOOPERS LLP AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

STATE OF ILLINOIS       )
                        ) ss:
COUNTY OF COOK          )

WILLIAM T. ENGLAND, being duly sworn, deposes and states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am a Partner of PricewaterhouseCooper LLP ("PwC"), which has its principal office at One North Wacker, Chicago, Illinois, 60606. I am duly authorized to make and submit this supplemental declaration (the "Supplemental Declaration") on behalf of PwC in accordance with section 327 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 2014(a) and 5002 in support of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to employ and retain PwC as general compensation and tax advisors and independent auditors, nunc pro tunc to the Petition Date, in connection with their chapter 11 cases. Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein, or have been informed of such matters by professionals of PwC, and, if called as a witness, I would testify thereto.

2. The Debtors filed the Application with the Court on December 26, 2008. Filed contemporaneously with the Application was PricewaterhouseCoopers' Declaration of William T. England for an Order Authorizing the Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc*, to the Petition Date ("Initial Declaration").

3. The objection deadline for the Application was extended for the Federal Communications Commission, the Official Committee of Unsecured Creditors and the United States Trustee. PricewaterhouseCoopers has worked with these parties to resolve their concerns regarding its retention in this matter.

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application to Employ and Retain PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to the Petition Date (the "Application").

4.      Attached to the Application were five (5) separate engagement letters by which the Debtors intend for PwC to provide services to the Debtors subsequent to the Petition Date. Two of those engagement letters, the Tax Engagement Letter and Claims Engagement Letter, had "draft" identified within the pages. PwC has attached the final Engagement Letters for the Courts consideration. The Tax Engagement Letter and Claims Engagement Letter are attached hereto as Exhibit A and Exhibit B, respectively.

5.      The Claims Engagement Letter provided a provision permitting the Debtors to delegate negotiation of disputes with the taxing authorities to PwC. PwC has agreed to strike this language from the Claims Engagement Letter and represents that PwC will only be a messenger of the Debtors' conclusions and not directly negotiating on their behalf. Additional language as been added to the Proposed Order representing this change.

6.      In addition to the Compensation Retainer, PwC received total payments of $4,482,990 from the Debtors within one year of the Petition Date. Attached here in as Exhibit C, PwC has prepared a payment schedule of the invoices and each corresponding payment. PwC does not believe these payments are considered preferential transfers under section 547 of the Bankruptcy Code.

7.      Additional disclosure information was requested about our relationships with certain Interested Parties as disclosed within the Initial Declaration, Schedule 2. PwC has provided additional information in response to the inquiries:

-      ESOP Trustee: GreatBanc Trust Company and Entities Involved in Leveraged ESOP Transactions, EGI-TRB, L.L.C.: These entities were originally identified within our Relationship Check database as projects which were "accepted" and as thus created the flag for disclosure on our Schedule 2. Upon further inquiry, PwC has not provided any

services to either company: GreatBanc Trust Company, as ESOP Trustee, or EGI-TRB, L.L.C., as entities involved in Leveraged ESOP transaction. When the ESOP transaction was being considered, PwC had to perform a relationship check to confirm its independence to continue to provide the audit services to Tribune Company. The "hits" within our database were the searches to clear our independence to assist with the transaction on behalf of the Tribune Company and no services have been offered to GreatBanc Trust or EGI-TRB, L.L.C. These entities have been removed from our client disclosure.

- <u>Entities Involved in Leveraged ESOP Transactions, Goldman Sachs & Company</u> - PwC provides corporate tax compliance, as well as non-SEC alternative investment compliance work for private equity funds associated with Goldman Sachs. PwC has also performed some economic analysis, investigations and due diligence projects for Goldman Sachs or projects in which Goldman Sachs was an interested party. There are no engagements identified in our databases which are adverse or related the Debtors.

- <u>Other, Equity Group Investments LLC</u> - PwC provided some merger/acquisition assistance to Equity Group Investments, L.L.C. regarding buy side financial due diligence procedures. This project has been completed and released within our "Relationship Check" system, indicating this is no longer an active engagement. This was confirmed by reviewing our financial systems and billing systems as no active engagement.

8. As stated in the Initial Declaration, in connection with its retention by the Debtors in these cases, PwC was unable to complete its review of its connections with the Interested Parties, as identified to PwC by counsel for the Debtors. As of the date of this Supplemental Declaration, PwC has completed its internal review of these Interested Parties. For these remaining entities, I have been able to ascertain that PwC has been retained within the

last three years to represent these Interested Parties (or their apparent affiliates, as the case may be) in matters unrelated to these cases, such additional parties are listed on Exhibit D annexed hereto.

9. To the best of my knowledge, PwC is not providing and will not provide services to any of these Interested Parties listed on Exhibit D that are adverse to the Debtors or related to issued connected to the Debtors' bankruptcy. PwC's assistance and services being provided to the Interested Parties has been primarily related to auditing, tax and/or other consulting services. To the best of my knowledge, no services are being provided to these Interested Parties which could impact their rights in the Debtors' case, nor does PwC's involvement in these cases compromise its ability to continue such accounting, tax and financial advisory services.

10. PricewaterhouseCoopers intends to supplement its disclosures further as and if it becomes aware of additional relationships requiring disclosures.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: February 27th, 2009

_____
WILLIAM T. ENGLAND