# Exhibit A

46429/0001-5388329v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF DON LIEBENTRITT, EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL OF TRIBUNE COMPANY, IN SUPPORT OF DEBTORS' OBJECTION TO THE MOTION OF ALLEN FRANCISCO FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

STATE OF ILLINOIS       )
                        ) ss:
COUNTY OF COOK          )

DON LIEBENTRITT, being duly sworn, deposes and states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5388329v1

1. I am an Executive Vice President and the General Counsel of Tribune Company, a corporation organized under the laws of Delaware and one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Tribune Company is the direct or indirect parent company of the other Debtors herein. I am generally familiar with the Debtors' day-to-day operations, business affairs, and books and records.

2. I submit this affidavit (the "Affidavit") in support of the Debtors' Objection to the Motion (the "Motion") of Allen Francisco for Relief From Stay Under Section 362 of the Bankruptcy Code (the "Objection"). I am familiar with the contents of the Objection. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, on information supplied to me by other members of the Debtors' management teams and/or professionals retained by the Debtors. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Affidavit on behalf of the Debtors.

3. Francisco's pre-petition case (the "Action") is one of at least 50 other pre-petition personal injury cases pending against the Debtors. The Debtors' insurance coverage applicable to these cases generally has a $1 million deductible per occurrence, and the insurer is not required to provide any defense or coverage until the Debtors have expended $1 million on defense costs or damages (or the insurer, in its sole discretion, has concluded that the damages will exceed $1 million).[2]

4. As of the Petition Date, the Debtors had only expended approximately $120,954.00 on defense costs in connection with the Action. Through discussions with my staff members and professionals previously retained by the Debtors in connection with the Francisco

---

[2] The insurance coverage applicable to one of the pre-petition personal injury cases has a $500,000 deductible per occurrence.

46429/0001-5388329v1

2

litigation, it is my understanding that Francisco would not be able to submit evidence showing that he is likely to win a judgment substantially in excess of the $880,000 remaining deductible.

5. There are also at least 45 pre-petition cases pending against the Debtors involving media-related claims (such as defamation, slander and libel). The Debtors' insurance coverage for these media-related claims is also subject to a $1 million deductible obligation, but the defense costs (which are much more expensive than the defense costs for personal injury cases) are not included in the deductible. In 2008, the Debtors expended more than $500,000 in defense costs in just one of these cases. In addition, the Debtors are subject to at least 15 employment–related cases (such as wrongful termination and breach of employment contract), none of which are covered by insurance.

6. I believe that if the Court were to grant the relief requested in the Motion, it could open the floodgates for at least 50 other personal injury claimants to seek the same relief, and would also invite the plaintiffs in at least 45 pre-petition media-related cases and at least 15 employment-related cases to do the same. Multiple pre-petition personal injury and media-related claimants have already threatened to seek relief from the automatic stay.

7. The Debtors and the Official Committee of Unsecured Creditors are currently in discussions about a procedure for liquidating these types of disputed claims, and anticipate seeking Court approval of such a process once they have reached a consensus.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Dated: 3/3/09

_____
Don Liebentritt
Executive Vice President & General Counsel
Tribune Company

OFFICIAL SEAL
SUSAN A KELLY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/10/12

Susan A Kelly