# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Docket Nos. 143 and 461 |

## ORDER AUTHORIZING DEBTORS TO RETAIN AND EMPLOY PRICEWATERHOUSECOOPERS LLP AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") for an order authorizing the employment and retention of PricewaterhouseCoopers LLP ("PwC") as compensation and tax advisors and independent auditors to the Debtors pursuant to section 327(a) and 1107 of the Bankruptcy Code,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

-1-

46429/0001-5385611v2

nunc pro tunc to the Petition Date; and upon consideration of the Application and all pleadings related thereto, including the England Declarations;[3] and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application was due and proper under the circumstances; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and it appearing that PwC neither holds nor represents any interest adverse to the Debtors or their estates with respect to the matters on which PwC is to be employed and is a "disinterested person" as required by section 327(a) of the Bankruptcy Code; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted as provided herein; and it is further

ORDERED, that the retention and employment of PwC as compensation and tax advisors and independent auditors to the Debtors pursuant to section 327(a) of the Bankruptcy Code, on the terms set forth in the Application and the England Declarations, is hereby approved nunc pro tunc to the Petition Date; and it is further

ORDERED, that paragraph 12(f) of the Application is modified to strike the existing language and add the following: "Additional compensation, tax and/or accounting consulting incident to the services described in paragraph 12(a – e) of the Application."; and it is further

ORDERED, that the Engagement Letters are approved, subject to the following clarifications:

    (a)    PwC shall not be entitled to indemnification (for indemnity-eligible services), contribution, or reimbursement for services other than the services provided under the Engagement Letters, unless such services and

---

[3] The plural reference to "England Declarations" includes both the England Declaration and the Supplemental Declaration of William T. England filed in connection with the Application.

-2-

the indemnification, contribution, or reimbursement therefor are provided for in the Engagement Letters and approved by the Court.

(b)     Notwithstanding anything to the contrary in the Engagement Letters, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence, willful misconduct, breach of fiduciary duty, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PwC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letters, including without limitation the advancement of defense costs, PwC must file an application before this Court, and the Debtors may not pay any such amounts to PwC before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by PwC for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC;

and it is further

ORDERED, that the paragraphs titled "Limitations on Liability" in the Compensation Engagement Letter, Tax Engagement Letter, and Claims Engagement Letter are deleted and replaced with the following language for services rendered on or after the Petition Date until the earlier of (i) the date the above-captioned cases are closed and (ii) the date(s) PwC's respective engagements under the Engagement Letters are concluded:

> You agree that PricewaterhouseCoopers LLP shall not have any
> liability to you or any person asserting claims on behalf of you or

-3-

in your right for or in connection with this engagement or any transactions or conduct in connection therewith, except for losses, claims, damages, liabilities or expenses incurred which are judicially determined (either by a court of competent jurisdiction on the merits, or by the bankruptcy court after notice and a hearing if a claim is settled prior to a determination on the merits) to have resulted from PricewaterhouseCoopers LLP's gross negligence, willful misconduct, breach of contract, breach of fiduciary duty, bad faith or self-dealing; and it is further

ORDERED, that notwithstanding any language in the Claims Engagement Letter to the contrary, the Debtors are not authorized to delegate negotiation of disputes with taxing authorities to PwC; and it is further

ORDERED, that PwC shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee and expense guidelines established by the Office of the United States Trustee, and any applicable orders of this Court; provided, however, that a limited waiver of the information requirements of Local Rule 2016-2 is granted such that (i) for fixed-fee engagements, PwC may submit time records in a summary format which shall set forth a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors and (ii) for hourly rate engagements, PwC may submit time records in ½-hour increments; and it is further

ORDERED, that notwithstanding anything in the Application, the Engagement Letters, or the England Declarations to the contrary, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
　　　　March 3, 2009

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE