# EXHIBIT A

| | |
|---|---|
| DOCKET NO: MMX-CV-05-4003488S (X04) | : SUPERIOR COURT |
| JENNIFER FAGGIO, CONSERVATOR OF ANDREW FAGGIO AND JENNIFER FAGGIO | : J.D. OF MIDDLESEX |
| VS. | : AT MIDDLETOWN (COMPLEX LITIGATION DOCKET) |
| LEON BROWN II ET AL | : OCTOBER 16, 2007 |

### THIRD AMENDED COMPLAINT

**FIRST COUNT:** (Negligence as to Leon Brown II by Jennifer Faggio as Conservator of Andrew Faggio)

1. On January 31, 2003 at approximately 4:01 a.m., a motor vehicle owned by the defendant Constance Brown, was being operated by the defendant Leon Brown II in a northerly direction on Route 79 (also known as Durham Road), in Madison, Connecticut.

2. On said date at said time, the defendant Leon Brown II, crossed over into the southbound lane of Route 79 and stopped his motor vehicle at #271 Durham Road so that he could deliver a newspaper to said address from the driver's window.

3. At said time and place, Andrew Faggio was operating a 1999 Jeep Cherokee in a southerly direction on Route 79 and was forced to take evasive action when he came upon the defendant, Leon Brown II, stopped in Andrew Faggio's lane of travel.

4. As a result of said evasive action, Andrew Faggio made contact with the right rear quarter panel of the defendant, Leon Brown II's motor vehicle, causing Andrew Faggio to lose control and violently collide with a tree causing the injuries and losses hereinafter stated.

Jacobs, Grudberg, Belt, Dow & Katz P.C. • P.O. BOX 606 • NEW HAVEN, CT 06503
350 ORANGE STREET • (203) 772-3100 • JURIS NO. 28884

5. The injuries and losses of Andrew Faggio were caused by the negligence of the defendant Leon Brown II in one or more of the following respects in that:

a. he failed to drive in an established lane in violation of Connecticut General Statutes, Section 14-236;

b. he failed to drive said motor vehicle as nearly as practicable entirely within a single lane, moved said vehicle from such lane when he had not ascertained that such movement could be made with safety, in violation of Section 14-236 of the Connecticut General Statutes;

c. he failed to drive said motor vehicle in the right-hand lane in violation of Section 14-230 of the Connecticut General Statutes;

d. he failed to keep and operate said motor vehicle under proper control;

e. he failed to grant the right of way;

f. he failed to take evasive action to avoid said collision;

g. he was inattentive and failed to keep a proper lookout;

h. he failed to sound his horn in order to warn Andrew Faggio of his position;

i. he failed to operate his motor vehicle in the manner a reasonably prudent person would.

j. he failed to drive in the proper lane.

6. As a result thereof, Andrew Faggio sustained the following debilitating, severe and permanent injuries:

Jacobs, Grudberg, Belt, Dow & Katz P.C.  •  350 ORANGE STREET  •  POST OFFICE BOX 606  •  NEW HAVEN, CT 06503  •  (203) 772-3100  •  JURIS NO. 28884

a. a severe traumatic closed head injury with ancephalomalacia and intracranial swelling and ischemic changes, consisting of a left frontal epidural hematoma and a left temporal epidural hematoma;

b. said head injury immediately required a decompressive craniotomy ventricular catheter placement for increased intracranial pressures and a bone flap cranioplasty;

c. a left cranial defect;

d. a left maxillary sinus fracture;

e. a left orbital roof apex fracture;

f. temporal sphenoid fractures;

g. left zygomatic fractures;

h. said injuries required placement into a neurosurgical intensive care unit and the utilization of mechanical ventilation with therapeutic paralyzation/sedation followed by tracheotomy tube placement;

i. multiple gram negative and gram-positive infections requiring multiple IV antibiotics;

j. wound infection;

k. epigastric fluid collections resulting in abdominal abscesses which required drainage via fluoroscopic ultrasound guidance;

l. increased risk of thrombeombolic disease necessitating placement of a Simon Nitinol Filter;

m. percutaneous gastrostanny tube placement for nutritional support;

n. intensive inpatient traumatic brain injury rehabilitation;

o. right lower lobe aspiration pneumonia with subsequent acute respiratory failure, pulmonary edema, hypoxia and high fever;

p. tachypnia and related breathing difficulties requiring mechanical ventilation, suctioning and chest physical therapy;

q. trachestomy;

r. placement of invasive central and arterial lines;

s. bronchoscopy;

t. extended neurosurgical ICU stay resulting in severe muscular atrophy and contractions, loss of previous functional and sensory rehabilitation gains, anxiety and coccyx decubitis ulcer;

u. complex partial seizures;

v. anemia for which he required multiple transfusions;

w. acute renal dysfunction secondary to inadequate fluid intake;

x. as a result of said injuries, Andrew Faggio will permanently be completely and totally dependent on caregivers for his personal care including all activities of daily living, including but not limited to bathing, hygiene, nutrition, bowel and bladder care, dressing, grooming, and medication. He will be permanently impaired cognitively and unable to perform any intellectual functions;

y. significant cognitive deficits;

z. loss of speech;

aa. complete paralysis of his lower extremities which places him at risk of

impaired skin integrity, risk for falls, risk of future aspiration with pneumonia; and contractions and all other risks associated with immobility, including but not limited to obesity, kidney stones, urinary retention, constipation, thromboeumbolism and drop foot.

7. Future care for Andrew Faggio, will include, but is not limited to, daily care, 24 hour nursing, therapy, surgery to release contractions, trach care, G-tube feedings, trach-tube care, medications; pulmonary toilet and other equipment; he will require total and continuous care at a rehabilitation hospital.

8. Andrew Faggio has incurred and will incur expenses for hospitalization, medical and surgical care and attention, 24 hour nursing, therapy, medication, x-rays, cat scans, and MRI's and will incur similar expenses in the future.

9. Andrew Faggio has been and will be permanently unable to perform his occupational duties as he did prior to said occurrence; and his earning capacity has been completely diminished all of which has caused and will cause him loss and damage.

10. Andrew Faggio has lost and will continue to be deprived of all enjoyment of living, including association with his wife and two children.

11. At said date and time, Andrew Faggio, was a police officer employed by the City of New Haven. As a result of said accident, Andrew Faggio was caused to file a workers compensation claim and continues to receive medical and indemnity benefits. As of January 27, 2006, he has received approximately $1,932,361.55 in said benefits.

**SECOND COUNT:** (Recklessness as to Leon Brown II by Jennifer Faggio as Conservator of Andrew Faggio)

1–4.   Paragraphs 1 through 4 of the First Count are hereby incorporated as Paragraphs 1 through 4 of Count Two as if fully alleged herein.

5.   The injuries and losses of Andrew Faggio, were caused by the recklessness of defendant Leon Brown II in one or more of the following ways:

    a.  he drove, and then stopped to idle his vehicle at that time, on the wrong side of said road at the time of the accident and that the defendant consciously did this in order to facilitate his delivering newspapers by speeding up his delivery time;

    b.  he chose to drive and then idle his vehicle on the wrong side of said road at 4:01 a.m. on the morning of January 31, 2003, despite the fact that a driver of another vehicle (who would be driving the correct direction) would neither expect to see Brown's vehicle, nor be able to see Brown's vehicle in time to safely react, because the road was dark with poor visibility.

    c.  he chose to allow his car to idle at that morning, right before a steep incline in the road, so the driver of another vehicle (who would be traveling in the correct direction) would not be able to see his vehicle down the incline in time to safely react.

6–10.   Paragraphs 6 through 10 of the First Count are hereby incorporated as Paragraphs 6 through 10 of Count Two as if fully alleged herein.

11.   In the defendant's actions as outlined in paragraph 6, supra, the defendant clearly demonstrated intentional conduct accompanied by a reckless indifference to safety

Jacobs, Grudberg, Belt, Dow & Katz P.C.  •  350 ORANGE STREET  •  POST OFFICE BOX 606  •  NEW HAVEN, CT 06503
(203) 772-3100  •  JURIS NO. 28884

and the just right of others and the consequence of his actions, in violation of Connecticut General Statutes Section 14-222.

12. The defendant's violation of Connecticut General Statutes Section 14-222 was a substantial factor in causing Andrew Faggio's injuries.

13. At said date and time, Andrew Faggio, was a police officer employed by the City of New Haven. As a result of said accident, Andrew Faggio was caused to file a workers compensation claim and continues to receive medical and indemnity benefits. As of January 27, 2006, he has received approximately $1,932,361.55 in said benefits.

**THIRD COUNT:** (Double or Treble Damages for Injury Resulting from Traffic Violations, Connecticut General Statute Section 14-222 and 14-230 against Leon Brown)

1–13. Paragraphs 1 through 13 of the Second Count are hereby incorporated as Paragraphs 1 through 13 of Count Three as if fully alleged herein.

14. The plaintiff claims double or treble damages as authorized by Connecticut General Statutes Section 14-295 which allow such damages in the case of a defendant's violation of Sections 14-222 and 14-230.

**FOURTH COUNT:** (Presumption of Family Car against Constance Brown)

1–13. Paragraphs 1 through 13 of the Second Count are hereby incorporated as Paragraphs 1 through 13 of Count Four as if fully alleged herein.

14. At all times mentioned herein, Leon Brown was the husband of Constance Brown.

7

15. The vehicle owned by Constance Brown and driven by Leon Brown was being operated at the time of the accident as a family car with the general authority of the owner (pursuant to Connecticut General Statutes Section 52-182).

**FIFTH COUNT:** (Respondeat Superior against The Hartford Courant
                  Company for employing Leon Brown II)

1-11. Paragraphs 1 through 11 of the First Count are hereby incorporated as Paragraphs 1 through 11 of Count Five as if fully alleged herein.

12. At all relevant times, the defendant Leon Brown II, was the agent, servant, and/or employee of the Hartford Courant.

13. At all relevant times, The Hartford Courant Company (hereinafter referred to as the "Hartford Courant") controlled more than the result of the defendant's work, as can be seen by the paper's control of the:

    a. delivery route;

    b. list of subscribers to deliver to;

    c. which locations would receive deliveries;

    d. how the papers were to be delivered;

    e. when deliveries were to occur;

    f. to whom the defendant would be able to outsource the work.

14. The defendant Leon Brown was acting in the scope of his employment when he was delivering the newspaper to #271 Durham Road as alleged, supra.

15. The Hartford Courant is therefore liable for the acts and omissions of Leon Brown II under the doctrine of respondeat superior.

**SIXTH COUNT**: (Respondeat Superior against The Hartford Courant Company for contracting with Leon Brown II)

1-11. Paragraphs 1 through 11 of the First Count are hereby incorporated as Paragraphs 1 through 11 of Count Six as if fully alleged herein.

12. At all relevant times, the defendant Leon Brown II, was the agent, servant, and/or contractor of the Hartford Courant.

13. At the time Andrew Faggio was injured as alleged herein, The Hartford Courant Company (hereinafter referred to as the "Hartford Courant") assumed control and interfered with Leon Brown II's performance of his newspaper delivery work in that defendant Hartford Courant, through its agent Mike Scott, specifically and affirmatively instructed and advised Leon Brown II to deliver newspapers by crossing over into the lanes of oncoming traffic, and stopping his vehicle there, in order to deliver newspapers in a more purportedly efficient manner which would benefit defendant Hartford Courant;

14. The Hartford Courant is therefore liable for the acts and omissions of Leon Brown II under the doctrine of respondeat superior.

**SEVENTH COUNT** : (Negligent Supervision of Leon Brown II against The Hartford Courant Company)

1-11. Paragraphs 1 through 11 of the First Count are hereby incorporated as Paragraphs 1 through 11 of Count Seven as if fully alleged herein.

12. The defendant, Hartford Courant, owed a duty to use reasonable care in its supervision its agent, servant and/or employee, Leon Brown, II, and it breached said duty in one or more of the following respects:

Jacobs, Grudberg, Belt, Dow & Katz P.C. • 350 ORANGE STREET • P.O. • ICE BOX 606 • NEW HAVEN, CT 06503
(203) 772-3100 • JURIS NO. 28884

a. in that it failed to train Leon Brown II to drive safely without violating sections 14-222, 14-230 and 14-236 of the Connecticut General Statutes;

b. in that it failed to train Leon Brown II to deliver a newspaper without violating 14-222, 14-230 and 14-236 of the Connecticut General Statutes;

c. in that it failed to train or instruct Leon Brown II on how to deliver a newspaper from a motor vehicle without injuring another human being;

d. in that it failed to provide Leon Brown II with any driving manuals, any handbooks concerning the duties of a newspaper carrier or other training manual;

e. in that defendant Hartford Courant, through its agent Mike Scott, specifically and affirmatively instructed and advised Leon Brown II to deliver newspapers by crossing over into the lanes of oncoming traffic, and stopping his vehicle there, in order to deliver newspapers in a more purportedly efficient manner which would benefit defendant Hartford Courant;

13. Defendant Hartford Courant's failure to train Leon Brown II to drive safely and to deliver newspapers safely, and its affirmative direction to Leon Brown II to deliver newspapers in a manner which the Hartford Courant knew, or should have known, would cause injury to persons, such as Andrew Faggio, was a proximate cause of the injuries and losses suffered by Andrew Faggio.

**EIGHTH COUNT:** (By Jennifer Faggio as Conservator of Andrew Faggio,
Liability of Leon Brown II under Section 14-295)

1. All of the allegations of the First, Second, Third, Fourth and Fifth Counts are incorporated as if fully alleged herein.

10

**THIRTEENTH COUNT**: (By Jennifer Faggio as Conservator of Andrew Faggio, Liability of The Hartford Courant Company for Common Law Punitive Damages.)

1. All of the allegations of the First, Second, Third, Fourth, Fifth and Sixth Counts are incorporated as if fully alleged herein.

2. The defendant, The Hartford Courant Company and/or its managerial agent Michael Scott authorized the act of its agent, or employee, Michael Brown, in pulling across Route 79 into the oncoming lane to deliver newspapers through his driver's door window.

Jacobs, Grudberg, Belt, Dow & Katz P.C. • 350 ORANGE STREET • P.O. BOX 606 • NEW HAVEN, CT 06503 • (203) 772-3100 • JURIS NO. 28884

| FACSIMILE FILING COVER SHEET | | CONNECTICUT JUDICIAL BRANCH |
|---|---|---|
| JD-CL-73 Rev. 10-04 | INSTRUCTIONS | SUPERIOR COURT |
| | | www.jud.ct.gov |

1. See back/page 2 for Procedures and Technical Standards for Electronic Filing.
2. Type or print legibly. One cover sheet must be submitted per document.
3. Do not fax back/page 2 of this form to the court.
4. The filing party shall retain the signed copy of the pleading, document or other paper during the pendency of the action, any appeal period and any applicable appellate process.
5. The transmission record of each filing shall be the filing party's confirmation of receipt by the Court. Please **do not** call the Clerk's Office to confirm receipt.

**TO: The below-named Superior Court.**

☒ Judicial District at: **Middlesex - Complex Lit.**   ☐ Geographical Area No.: _____

☐ Housing Session at: _____   ☐ Juvenile Matters at: _____

☐ Small Claims Area at: _____   ☐ Child Protection Session at Middletown

| FAX NO. OF ABOVE COURT |
|---|
| 860-343-6467 |

| DOCKET NO. | |
|---|---|
| MMX-CV-05-4003488S(X04) | (Include prefix: e.g., CI, CP, CR, CV, FA, HC, JV, MI, MV, SC, SP) |

| TITLE OF DOCUMENT FAXED |
|---|
| THIRD AMENDED COMPLAINT |

| NUMBER OF PAGES | |
|---|---|
| 16 | (Unless otherwise directed by the court, documents shall not exceed 20 pages (including cover sheet).) |

*The filing party assumes the risk of incomplete transmission or other factors that result in the document not being accepted for filing.*

| FROM: | NAME (Print or type full name of person to be contacted, if necessary) | DATE |
|---|---|---|
| | Edward J. McManus, Esq. | 10/16/07 |
| | TELEPHONE NO. (Include area code) | FAX NO. (Include area code) |
| | 203-772-3100 | 203-772-1691 |

---

**TO BE COMPLETED BY THE COURT ONLY**

The document was not filed by the clerk's office for the following reason(s):

☐ The document is not in compliance with procedures and technical standards established by the Office of the Chief Court Administrator. See the Judicial Branch procedure at *www.jud.state.ct.us.*

☐ The document exceeds the 20-page limit.

☐ The document is:   ☐ incomplete.   ☐ illegible.

☐ The document was not accompanied by the required fax cover sheet.

☐ The document was faxed to the wrong court.

☐ Other _____

Pursuant to the Procedures and Technical Standards for Electronic Filing established by the Office of the Chief Court Administrator, such documents will not be returned by the clerk.

| FROM (Print name and title) | DATE |
|---|---|
| | |

*The information contained in this facsimile message may be privileged and confidential and is intended only for the use of the individual or entity named above. If the reader of this is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the sender immediately.*

```
MODE = MEMORY TRANSMISSION          START=OCT-16 16:21    END=OCT-16 16:25

   FILE NO.=689

STN    COMM.   ONE-TOUCH/   STATION NAME/EMAIL ADDRESS/TELEPHONE NO.   PAGES    DURATION
NO.            ABBR NO.

001    OK         ♯         18603436467                               016/016   00:03:20
```

                                                          -JACOBS GRUDBERG BELT DOW -

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* -JACOBS GRUDBERG - \*\*\*\*\* -    203 772 1691- \*\*\*\*\*\*\*\*\*

---

**FACSIMILE FILING**                                   CONNECTICUT JUDICIAL BRANCH
**COVER SHEET**                  **INSTRUCTIONS**                       **SUPERIOR COURT**
JD-CL-73 Rev. 10-04                                                 www.jud.ct.gov

1. See back/page 2 for Procedures and Technical Standards for Electronic Filing.
2. Type or print legibly. One cover sheet must be submitted per document.
3. Do not fax back/page 2 of this form to the court.
4. The filing party shall retain the signed copy of the pleading, document or other paper during the pendency of the action, any appeal period and any applicable appellate process.
5. The transmission record of each filing shall be the filing party's confirmation of receipt by the Court. Please **do not** call the Clerk's Office to confirm receipt.

**TO: The below-named Superior Court.**

☒ Judicial District at: **Middlesex - Complex Lit.**       ☐ Geographical Area No.: _____

☐ Housing Session at: _____       ☐ Juvenile Matters at: _____

☐ Small Claims Area at: _____       ☐ Child Protection Session at Middletown

| FAX NO. OF ABOVE COURT |
|---|
| 860-343-6467 |

| DOCKET NO. |
|---|
| MMX-CV-05-4003488S(X04) |

(Include prefix: e.g., CI, CP, CR, CV, FA, HC, JV, MI, MV, SC, SP)

| TITLE OF DOCUMENT FAXED |
|---|
| THIRD AMENDED COMPLAINT |

| NUMBER OF PAGES |
|---|
| 16 |

(Unless otherwise directed by the court, documents shall not exceed 20 pages (including cover sheet).)

The filing party assumes the risk of incomplete transmission or other factors that result in the document not being accepted for filing.

**FROM:**

| NAME (Print or type full name of person to be contacted, if necessary) | DATE |
|---|---|
| Edward J. McManus, Esq. | 10/16/07 |
| TELEPHONE NO. (Include area code) | FAX NO. (Include area code) |
| 203-772-3100 | 203-772-1691 |

---

**TO BE COMPLETED BY THE COURT ONLY**

The document was not filed by the clerk's office for the following reason(s):

☐ The document is not in compliance with procedures and technical standards established by the Office of the Chief Court Administrator. See the Judicial Branch procedure at www.jud.state.ct.us.

☐ The document exceeds the 20-page limit.

☐ The document is: ☐ incomplete. ☐ illegible.

☐ The document was not accompanied by the required fax cover sheet.

☐ The document was faxed to the wrong court.

☐ Other _____

Pursuant to the Procedures and Technical Standards for Electronic Filing established by the Office of the Chief Court Administrator, such documents will not be returned by the clerk.

| FROM (Print name and title) | DATE |
|---|---|
| | |

The information contained in this facsimile message may be privileged and confidential and is intended only for the use of the individual or entity named above. If the reader of this is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify the sender immediately.

# EXHIBIT B

DOCKET NO. X04-MMX CV-05-4003488 S

| | | |
|---|---|---|
| ANDREW FAGGIO, ET AL. | : | COMPLEX LITIGATION |
| | : | |
| VS. | : | JUDICIAL DISTRICT OF MIDDLESEX |
| | : | AT MIDDLETOWN |
| | : | |
| LEON BROWN, II, ET AL. | : | AUGUST 23, 2007 |

**Defendant's Supplemental Responses to**
**Plaintiffs' Interrogatories and Requests for Production**

Pursuant to Connecticut Practice Book §13-15, the defendant, The Hartford Courant Company, hereby supplements its responses to the plaintiffs' Interrogatories and Requests for Production dated October 4, 2005, by further responding to Interrogatory 8.

8. If, at the time of the incident which is the subject of this lawsuit, you were protected against the type of risk which is the subject of this lawsuit by excess or umbrella insurance, or any other insurance, state:

(a) the name(s) and address(es) of the named insured;
(b) the amount of coverage effective at this time;
(c) the name(s) and address(es) of said insurer(s).

<u>Answer</u>:

1) a. Tribune Company, 435 N. Michigan Avenue, Chicago, IL 60611;
   b. Excess liability policy no. 01-A2-FF-0000051-00, with $15 million limit, effective 3/1/02-3/1/03;
   c. American Alternative Insurance Company, 555 College Road East, Princeton, NJ 08543-5241

2) a. Tribune Company, 435 N. Michigan Avenue, Chicago, IL 60611;
   b. Excess liability policy no. 7976-93-03 DTO, with $15 million limit, effective 3/1/02-3/1/03;
   c. Chubb Group of Insurance Companies, 15 Mountain View Road, Warren, NJ 07059;

3)    a.    Tribune Company, 435 N. Michigan Avenue, Chicago, IL 60611;
       b.    Excess liability policy no. 9SR 128424-00, with $25 million limit, effective 3/1/02-3/1/03;
       c.    Lumbermens Mutual Casualty Company, 1 Kemper Drive, Long Grove, IL 60049-0001;

4)    a.    Tribune Company, 435 N. Michigan Avenue, Chicago, IL 60611;
       b.    Excess liability policy no. 21-L42000046-02, with $10 million limit, effective 3/1/02-3/1/03;
       c.    General Security Indemnity Company, 1 Seaport Plaza, New York, NY 10038;

5)    a.    Tribune Company, 435 N. Michigan Avenue, Chicago, IL 60611;
       b.    Excess liability policy no. C000118, with $25 million limit, effective 3/1/02-3/1/03;
       c.    Allied World Assurance Company, Ltd., The Bermuda Commercial Bank Building, 43 Victoria Street, Hamilton HM 12, Bermuda;

6)    a.    Tribune Company, 435 N. Michigan Avenue, Chicago, IL 60611;
       b.    Excess liability policy no. XCP G20581323, with $10 million limit, effective 3/1/02-3/1/03;
       c.    ACE American Insurance Company, 1601 Chestnut Street, P.O. Box 41484, Philadelphia, PA 19101-1484;

7)    a.    Tribune Company, 435 N. Michigan Avenue, Chicago, IL 60611;
       b.    Excess liability policy no. XSRE-601524, with $25 million limit, effective 3/1/02-3/1/03;
       c.    XL Insurance (Bermuda) Ltd., P. O. Box HM 2245, Hamilton HM JX Bermuda.

DEFENDANT
THE HARTFORD COURANT COMPANY

By_____
Gerald S. Sack
Juris No. 423992
Law Offices of Gerald S. Sack, LLC
836 Farmington Avenue, Suite 109
West Hartford, CT  06119
(860)236-7225
gssack@sacklawoffice.com

## Certification

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 23rd day of August, 2007, to the following counsel of record:

Edward J. McManus, Esquire
Jacobs, Grudberg, Belt, Dow & Katz, PC
350 Orange Street
New Haven, CT 06503

Anne Kelly Zovas, Esquire
Pomeranz, Drayton & Stabnick
95 Glastonbury Boulevard
Glastonbury, CT 06033-4412

Stacy Lynn Werner, Esquire
New Haven Corporation Counsel
165 Church Street
New Haven, CT 06510

Susan O'Donnell, Esquire
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Gerald S. Sack