IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## SUPPLEMENTAL DECLARATION OF PHILLIP A. PROGER

Phillip A. Proger declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney at law admitted and in good standing to practice law in the State of Ohio and the District of Columbia.

2. I am a partner in the law firm of Jones Day ("Jones Day"), and I am duly authorized to make this additional declaration (the "Supplemental Declaration") on behalf of Jones Day.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1689196v3

3.     On January 15, 2009, the Debtors filed an application to retain Jones Day as their counsel, pursuant to §§ 327 and 1107 of the Bankruptcy Code [Docket No. 235] (the "Retention Application").

4.     The Retention application was accompanied by my initial declaration setting forth certain disclosures and representations as required under § 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 (the "Initial Declaration").

5.     Subsequent to the filing of the Initial Declaration, it has come to my attention that Jones Day has been retained to represent 6400-6500 Park of Commerce Boulevard, LLC ("Park of Commerce"), a subsidiary of Prime Property Fund, in connection with a lease of nonresidential real property, pursuant to which Park of Commerce, as landlord, leases certain real property to Sun-Sentinel Company, one of the Debtors in these bankruptcy cases. It is my understanding that Jones Day's representation of Park of Commerce will include in its scope any matters associated with the Debtors' treatment of the applicable lease under section 365 of the Bankruptcy Code, including any claims arising against the Debtors' estates in connection therewith. Both Park of Commerce and the Debtors are aware of Jones Day's respective roles in these bankruptcy cases and waived any actual or potential conflict.

6.     Given the waivers and the limited and separate nature of Jones Day's proposed retentions (a) under section 327(e) of the Bankruptcy Code to advise the Debtors in connection with certain antitrust and commercial litigation matters, and (b) by Park of Commerce in connection with the applicable lease, I believe that Jones Day neither holds nor presents any interest adverse to the Debtors or to the estates with respect to the matters on which it is to be retained. Except as specifically disclosed in this Supplemental Declaration and the Initial Declaration, to the best of my knowledge, information and belief formed after reasonable

CHI-1689196v3

inquiry, and except as otherwise set forth herein or in the Initial Declaration or the exhibits attached thereto, the partners, counsel, and associates of Jones Day: (i) do not have any connection with the Debtors, their creditors, any other parties-in-interest known to me, their respective attorneys and accountants, the United States Trustee for Region 3 (the "<u>United States Trustee</u>"), or any person employed in the office of the United States Trustee, in accordance with Bankruptcy Rule 2014(a) and (ii) do not hold or represent any interest adverse to the Debtors or their estates with respect to the Litigation Matters (as defined in the Initial Declaration) on which Jones Day is to be employed and retained in accordance with § 327(e) of the Bankruptcy Code.

7. To the extent that I become aware of any additional connections and/or relations that may be relevant to Jones Day's representation of the Debtors, I will file an additional supplemental declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Feb. 2, 2009

_____
Phillip A. Proger, Esq.

CHI-1689196v3