# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: March 25, 2009 at 3:00 p.m. (ET)**<br>**Objection Deadline: March 18, 2009 at 4:00 p.m. (ET)** |

## THIRD OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion")

pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") for entry

of an order authorizing the Debtors to reject certain unexpired leases of nonresidential real

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

property.  **Parties that receive this Motion and whose Lease is subject to rejection hereby can locate their name and Lease on Exhibit B attached hereto.**  In support of this Motion, the Debtors:  (i) submit the Declaration of Stephanie Pater, Director, Real Estate of Tribune Company (the "Pater Declaration"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference; and (ii) respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.    On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.    The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.

3.    On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases (the "Committee").

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is section 365 of the Bankruptcy Code.

## RELIEF REQUESTED

5.    The Debtors respectfully request that the Court enter an order approving the rejection of seventeen (17) unexpired leases of nonresidential real property where the Debtors

are a lessee and which are listed on <u>Exhibit B</u> attached hereto (the "<u>Leases</u>").  Specifically, and

as described in more detail below and on the exhibits hereto, the Leases relate to certain office

and distribution spaces which are either vacant or no longer needed by the Debtors.  Copies of

the Leases are available at the offices of Debtors' counsel for inspection during reasonable

business hours upon request.

      6.    The Bankruptcy Code provides that "the trustee [or debtor(s)-in-possession],

subject to the court's approval, may ... reject any ... unexpired lease of the debtor."  11 U.S.C.

§ 365(a).  Courts utilize the business judgment standard to determine whether to approve the

rejection of a contract or lease.  <u>Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re</u>

<u>Sharon Steel Corp.)</u>, 872 F.2d 36, 40 (3d Cir. 1989); <u>In re G. Survivor Corp.</u>, 171 B.R. 755, 757

(Bankr. S.D.N.Y. 1994) ("In determining whether a debtor may be permitted to reject an

executory contract, courts usually apply the business judgment test.  Generally, absent a showing

of bad faith, or an abuse of business discretion, the debtor's business judgment will not be

altered.").  Under the business judgment test, the debtor in possession need demonstrate only that

the assumption or rejection of the unexpired lease or executory contract will benefit the estate.

<u>See</u> <u>id.</u> ("Generally, absent a showing of bad faith, or an abuse of discretion, the debtor's

business judgment will not be altered") (<u>citing</u> <u>inter</u> <u>alia</u>, <u>In re Bildisco</u>, 682 F.2d 72, 79 (3d Cir.

1982), <u>aff'd</u> <u>sub</u> <u>nom</u>, <u>N.L.R.B. v. Bildisco & Bildisco</u>, 465 U.S. 513, 104 S.Ct. 1188 (1984)).  In

particular, rejection of an executory contract or unexpired lease is appropriate where such

rejection would benefit the estate.  <u>See</u> <u>In re Stable Mews Assocs., Inc.</u>, 41 B.R. 594, 596 (Bankr.

S.D.N.Y. 1984).

      7.    As described more fully in the Pater Declaration, the real property spaces that

are the subject of the Leases are currently vacant and/or no longer needed by the Debtors.  <u>See</u>

Pater Declaration at ¶ 4.  Following the Petition Date, in an effort to streamline the Debtors'

businesses and reduce inefficiencies, the Debtors began a process of examining their operations

in order to determine ways in which they could increase performance, produce synergies and

revenue and create substantial cost savings.  As part of this process, the Debtors began a labor

intensive and detailed analysis of their Leases in order to determine which operations could be

consolidated for these purposes.  While this analysis is not yet complete, the Debtors found it

prudent to begin the process of moving employees into different offices and changing staffing

requirements, all of which has allowed the Debtors to consolidate various of their offices.

Consequently, this process has eliminated the Debtors' need for the Leases.  As the analysis

continues, the Debtors anticipate that more consolidations will occur, freeing up additional

leased space on a rolling basis.  See id.

        8.    Rejection of the Leases will afford a clear financial benefit to the Debtors'

estates.  None of the properties that are subject to the Leases are of any current or plausible

future use to the Debtors.  Rejection of the Leases will save the Debtors approximately

$2,178,374 in annual rent obligations, and ten of the Leases have periods running more than one

year from the date of this Motion.  See id. at ¶ 5.  Accordingly, the damages limitation contained

in section 502(b)(6) of the Bankruptcy Code would apply to limit any damages that may result

from the rejection of those Leases.

        9.    The Debtors are currently subletting the premises located at 1717 4th Street,

Santa Monica, CA 90401, (the "Sublease").  This is the only property subject to the Leases that

has an attendant sublease.  Although courts in this jurisdiction have held that "when a lease is

deemed rejected pursuant to § 365(d)(4), any subleases under the primary lease must also be

deemed rejected since the sublessee's rights in the property extinguish with those of the

sublessor," <u>Chaltos Systems, Inc. v. Kaplan</u>, 147 B.R. 96, 100 (D. Del. 1992), out of an abundance of caution, and in the interest of full disclosure, the Debtors request the authority of this Court to reject the Sublease pursuant to section 365 of the Bankruptcy Code.

10.    Based on the Debtors' knowledge of the applicable real estate markets, the Debtors do not believe there is any value in assuming and assigning the Leases, nor do they believe (after appropriate inquiry) that the parties to the Sublease would be willing to take on the Debtors' obligations under the applicable Lease. <u>See id.</u> For these reasons, the Debtors, in the exercise of their business judgment, believe it is beneficial to their estates to reject the Leases.

## **NOTICE**

11.    Notice of this Motion has been provided to:  (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for the Debtors' prepetition loan facilities; (iv) counsel to the administrative agent for Debtors' postpetition loan facility; (v) counsel to the landlords under the Real Property Leases and the subtenants of the Debtors at the properties covered by the Real Property Leases; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

12.    The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, (i) approving the rejection of the Leases and Sublease, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       March 6, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION