# **EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DECLARATION OF STEPHANIE PATER FOR AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

| | |
|---|---|
| STATE OF ILLINOIS | ) |
|  | ) ss: |
| COUNTY OF COOK | ) |

STEPHANIE PATER, hereby states:

1. I am Director, Real Estate of Tribune Company, a corporation organized under the laws of Delaware and one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Tribune Company is the direct or indirect parent of the other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 4594372v.1

Debtors herein. I am generally familiar with the Debtors' real property and needs and operations and I make this Declaration (the "Declaration") on behalf of the Debtors.

2. I submit this Declaration in support of the Third Omnibus Motion of the Debtors to Reject Certain Leases of Nonresidential Real Property (the "Motion")[2] in these chapter 11 cases pursuant to § 365 of title 11 of the United States Code (the "Bankruptcy Code"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts as set forth herein.

3. The list of leases that is attached to the Motion as Exhibit B (the "Leases") was compiled at my direction and under my supervision and comprises of seventeen (17) unexpired leases of nonresidential real property where the Debtors are a lessee, as well a sublease that is applicable to the premises located at 1717 4th Street, Santa Monica, CA 90401 (the "Sublease"). This is the only property subject to the Leases that has an attendant sublease.

4. Specifically, the Leases and the Sublease relate to certain office and distribution spaces which are either vacant and/or no longer needed by the Debtors. Following the Petition Date, in an effort to streamline the Debtors' businesses and reduce inefficiencies, the Debtors began a process of examining their operations in order to determine ways in which they could increase performance, produce synergies and revenue and create substantial cost savings. As part of this process, the Debtors began a labor intensive and detailed analysis of their Leases in order to determine which operations could be consolidated for these purposes. While this analysis is not yet complete, the Debtors found it prudent to begin the process of moving employees into different offices and changing staffing requirements, all of which has allowed the Debtors to consolidate various of their offices. Consequently, this process has eliminated the

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

Debtors' need for the Leases. As the analysis continues, the Debtors anticipate that more consolidations will occur, freeing up additional leased space on a rolling basis.

5. Rejection of the Leases and the Sublease will afford a clear financial benefit to the Debtors' estates. None of the properties that are subject to the Leases are of any current or plausible future use to the Debtors. Rejection of the Leases will save the Debtors approximately $2,178,374 in annual rent obligations, and ten of the Leases have periods running more than one year from the date of this Motion. Furthermore, based on the Debtors' knowledge of the applicable real estate markets, the Debtors do not believe there is any value in assuming and assigning the Leases, nor do they believe (after appropriate inquiry) that the parties to the Sublease would be willing to take on the Debtors' obligations under the applicable Lease. For these reasons, the Debtors submit, and I agree, that, in the exercise of their business judgment, it is beneficial to their estates to reject the Leases.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: March 6, 2009                          /s/ Stephanie Pater
                                              STEPHANIE PATER