# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: March 25, 2009 at 3:00 p.m. (ET)**<br>**Objection Deadline: March 18, 2009 at 4:00 p.m. (ET)** |

## MOTION OF DEBTORS FOR AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion")

pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") for

entry of an order granting a ninety (90) day extension of the time for the Debtors to assume or

reject any of the leases, subleases or other agreements to which any of the Debtors are a party

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

that may be considered unexpired leases of nonresidential real property, but excluding those leases previously rejected by the Debtors pursuant to an order of the Court (collectively, the "Real Property Leases"), through and including July 6, 2009.  In support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.    On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.    The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.

3.    On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases (the "Committee").

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicate for the relief sought herein is section 365(d)(4) of the Bankruptcy Code.

## RELIEF REQUESTED

5.    By this Motion, the Debtors request the entry of an order, pursuant to section 365(d)(4) of the Bankruptcy Code, granting a ninety (90) day extension of the period in which the Debtors may elect to assume or reject any of the Real Property Leases (the

2

"Assumption/Rejection Period"). The Debtors request that this extension be in addition to and run from the end of the 120-day period afforded to the Debtors under section 365(d)(4) of the Bankruptcy Code, such that the Assumption/Rejection Period would now run through and including July 6, 2009. Such an extension would be subject to and without prejudice to the rights of the Debtors to request a further extension of the time to assume or reject the Real Property Leases with the consent of the affected lessors.

      6. Pursuant to section 365(d)(4) of the Bankruptcy Code, a debtor has an initial 120-day period following the filing of a bankruptcy petition in which to elect to assume or reject unexpired leases of non-residential real property. See 11 U.S.C. § 365(d)(4). Under section 365(d)(4)(B) of the Bankruptcy Code, the Bankruptcy Court may extend that initial 120-day period by a further 90 days for cause upon the motion of the debtor. See 11 U.S.C. § 365(d)(4)(B). Any subsequent extensions of the period in which such leases may be assumed or rejected may only be obtained with the prior written consent of the affected lessors. See 11 U.S.C. § 365(d)(4)(B)(ii). If a debtor does not make an election to assume a lease within the period provided, such lease shall be deemed to be rejected. See 11 U.S.C. § 365(d)(4)(A).

      7. The Third Circuit has recognized that "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." Channel Home Ctrs., 989 F.2d 682, 689 (3d Cir. 1993). Moreover, courts in this District have frequently granted such extensions in large chapter 11 cases which are arguably less complex than Debtors' cases.[2]

---

[2] See, e.g., In re Boscov's, Inc., Case No. 08-11673 (KG) (Bankr. D. Del. August 28, 2008); In re Goody's Family Clothing Inc., Case No. 08-11133 (CSS) (Bankr. D. Del. July 25, 2008); In re Linens Holding Co., Case No. 08-10832 (CSS) (Bankr. D. Del. June 3, 2008); In re Sharper Image Corp., Case No. 08-10322 (KG) (Bankr. D. Del. June 17, 2008).

46429/0001-5400895v1

8.    As one prominent decision observed, there are essentially three factors weighed by courts in determining whether cause exists to extend the period in which a debtor may assume or reject unexpired leases of real property:

a.    where the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

b.    where the case is complex and involves large numbers of leases; and

c.    where the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization.

In re Wedtech Corp., 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); accord Channel Home Ctrs., 989 F.2d at 689.

9.    The Debtors submit that the Wedtech factors are readily satisfied in the instant cases.  The Debtors' chapter 11 cases are among the largest and most complex ever commenced in this District.  Of particular relevance to this Motion, the Debtors currently has approximately 252 real property leases in 16 states, and three foreign countries.[3]  Evaluating each of the Real Property Leases and making a determination as to whether the Debtors should assume or reject such leases is a substantial and time-consuming task.  Given the volume of other tasks required of the Debtors' personnel and professionals during the first 120 days of these chapter 11 cases, evaluating carefully each of the approximately 252 Real Property Leases has not been possible.  The Debtors have begun that process, and to date have rejected or sought to reject approximately 54 leases of real property pursuant to three motions filed with the Bankruptcy Court.[4]  The extension requested herein should be granted in order to allow time for the Debtors' evaluation of the remaining Real Property Leases to continue.

---

[3]    The Debtors currently have leases in the United States, Hong Kong, the UK and the Netherlands.

[4]    See Docket Nos. 138 and 319 (authorizing the rejection of various real property leases), as well as the Debtors' Third Omnibus Motion for Entry of an Order Authorizing the Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property, filed concurrently herewith.

4

10.   Moreover, the requested extension should be granted so the Debtors may preserve the maximum flexibility in restructuring their business.  Given the inherent fluidity in the operation of a large, complex business enterprise such as the Debtors', circumstances may arise during the pendency of these chapter 11 cases that will cause the Debtors to rethink the need to continue leasing a particular premise or their decision to reject a given Real Property Lease.  In the absence of an extension of the current deadline, the Debtors could be forced prematurely to assume Real Property Leases that may later be burdensome, giving rise to large potential administrative claims against the Debtors' estates and hampering the Debtors' ability to reorganize successfully.  Alternatively, the Debtors could be forced prematurely to reject Real Property Leases that would have been of benefit to the Debtors' estates, to the detriment of all stakeholders.  Rather than risk such outcome, the extension requested herein should be granted.

11.   There should be no prejudice to the lessors under the Real Property Leases (the "Lessors") as a result of the requested extension.  Pending their election to assume or reject the Real Property Leases, the Debtors will perform all of their obligations arising from and after the Petition Date in a timely fashion, including payment of postpetition rent due, as required by section 365(d)(3) of the Bankruptcy Code.  As a result, the requested extension affords the Debtors maximum flexibility in seeking to implement their long-term business plan and reorganize successfully while preserving the Lessors' rights under the Bankruptcy Code, and, accordingly, should be approved.

12.   Pursuant to Local Rule 9006-2, the filing of this Motion automatically extends the Assumption/Rejection Period until such time as the Court acts on this Motion.  See Del. Bankr. L. R. 9006-2.[5]  The Debtors have filed this Motion with the intent of it being heard at

---

[5]      Del. Bankr. L. R. 9006-2 provides in pertinent part that "[i]f a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed.R.Bankr.P., these Rules, the District

46429/0001-5400895v1

the March 25, 2009 omnibus hearing in these cases, which falls before the current expiration of

the Assumption/Rejection Period.  Nonetheless, in the event that consideration of the relief

requested herein should be delayed past the current expiration of the Assumption/Rejection

Period, the Debtors intend for Del. Bankr. L. R. 9006-2 to apply to extend the

Assumption/Rejection Period until an order is entered on the relief requested herein.  In light of

the applicability of the Local Rule, the Debtors have not submitted a form of bridge order with

this Motion.

## NOTICE

13.  Notice of this Motion has been provided to:  (i) the Office of the United

States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for the

Debtors' prepetition loan facilities; (iv) counsel for the administrative agent for Debtors'

postpetition loan facility; (v) counsel to the landlords under the Real Property Leases and the

subtenants of the Debtors at the properties covered by the Real Property Leases; and (vi) all

parties having requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy

Procedure.  In light of the nature of the relief requested herein, the Debtors submit that no other

or further notice is necessary.

## NO PRIOR REQUEST

14.  The Debtors have not previously sought the relief requested herein from this

or any other Court.

---

Court Rules, or Court order, the time shall be automatically extended until the Court acts on the motion, without the
necessity for the entry of a bridge order."

46429/0001-5400895v1

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form of the order attached hereto as <u>Exhibit A</u>, (i) granting a ninety (90) day extension of the period in which the Debtors may elect to assume or reject the Real Property Leases, through and including July 6, 2009, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      March 6, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION