## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: March 25, 2009 at 3:00 p.m. (ET)**<br>**Objection Deadline: March 18, 2009 at 4:00 p.m. (ET)** |

## MOTION PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULES 9006(b) AND 9027 FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' TIME TO FILE NOTICES OF REMOVAL OF CLAIMS AND CAUSES OF ACTION RELATED TO THE DEBTORS' CHAPTER 11 PROCEEDINGS

The debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court

for entry of an order pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") extending by 120 days the Debtors' time to file notices of removal of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

claims and causes of action relating to the Debtors' chapter 11 proceedings pursuant to 28 U.S.C.

§ 1452 and Bankruptcy Rule 9027 (the "Motion").  In support of this Motion, the Debtors

respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the

Debtors' chapter 11 cases for procedural purposes only.

2.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a

trustee or examiner.

3.      On December 18, 2008, the Office of the United States Trustee appointed an

official committee of unsecured creditors in these cases (the "Committee").

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought

herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b)(2) and 9027.

## RELIEF REQUESTED

5.      By this Motion, the Debtors seek entry of an order, pursuant to Rule 9006(b) of

the Bankruptcy Rules, extending the time within which the Debtors may file notices of removal

by one hundred and twenty (120) days, through and including July 6, 2009, with respect to

claims and causes of action pending as of the Petition Date.  The Debtors request that the July 6,

2009 deadline to file removal actions apply to all matters specified in Bankruptcy Rule 9027(a)(2). The Debtors further request that the relief requested herein be granted without prejudice to the Debtors' right to seek further extensions of time within which to remove claims and causes of action relating to the Debtors' chapter 11 proceedings.

## BASIS FOR RELIEF

6. Section 1452 and Bankruptcy Rule 9027 govern the removal of claims and causes of action pending as of the Petition Date. Specifically, Section 1452 provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such government unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452.

7. Bankruptcy Rule 9027 sets forth the time period in which a debtor may file notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027 provides in pertinent part:

> If the claim or cause of action or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

8. Bankruptcy Rule 9006 permits the court to extend the period in which a debtor may file notices to remove claims or causes of action pursuant to Bankruptcy Rule 9027.

Specifically, Bankruptcy Rule 9006 provides in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

9.    It is well-established that this Court has authority to grant the relief requested and extend the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 pursuant to Bankruptcy Rule 9006. See, e.g., Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325 (S.D.W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); In re Jandous Elec. Constr. Corp., 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (a court may extend the time in which to file motions to remove civil actions pursuant to Bankruptcy Rule 9006); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (Bankruptcy Rule 9006 was designed to give bankruptcy judges the authority to enlarge the removal periods under Bankruptcy Rule 9027(a)); Raff v. Gordon, 58 B.R. 988, 990 (E.D. Pa. 1986) (Bankruptcy Rule 9006 authorizes the expansion of time to file notice of removal).

10.    Given the pending expiration of the Debtors' removal periods on March 8, 2009, the Debtors intend that the operation of Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware 9006-2 shall extend the time during which the Debtors may remove actions from the March 8, 2009 expiration of the Debtors' removal period until such time as this Motion shall be heard by this Court and an order entered thereon.

46429/0001-5401037v1

## CAUSE EXISTS TO EXTEND REMOVAL PERIOD

11.     As previously mentioned, the time in which the Debtors must file notices to remove claims or causes of action is set to expire on March 8, 2009.  Since the Petition Date, the Debtors have devoted substantially all of their resources to stabilizing their business operations and addressing critical case management issues.  Given the size of the Debtors' business enterprise and the unusually large number of Debtors involved in these procedurally consolidated cases, transitioning the Debtors' businesses into smooth operations in chapter 11 and meeting the initial requirements of the chapter 11 process, together with the substantial existing effort required to manage the Debtors' business enterprise, have been formidable tasks.  Indeed, with the approval of this Court, the Debtors have until later this month to file their schedules of assets and liabilities and Statements of Financial Affairs with the Court.  [Docket No. 261].

12.     Given these tasks and their attendant demands on the Debtors' personnel and professionals, the Debtors have a legitimate need for additional time to review their outstanding litigation matters and evaluate whether those matters should properly be removed pursuant to Bankruptcy Rule 9027.  In the absence of such relief, the Debtors would lose a potentially key element of their overall ability to manage litigation during these chapter 11 cases even before that litigation would reasonably have been evaluated, to the detriment of the Debtors, their estates, and their creditors as a whole.

13.     Requests by debtors for extensions of removal period have been routinely granted by courts in this District.  See, e.g., In re Werner Holding Co. (DE), Inc., No. 06-10578 (Docket No. 409) (Bankr. D. Del. Sept. 7, 2006) (KJC) (extending time period to remove cases under Bankruptcy Rule 9027 and 9006(b) for 90 days); In re Dana Corp., No. 06-10354 (Docket No. 1372) (Bankr. S.D.N.Y. May 31, 2006) (BRL) (extending time period to remove cases by 210

days); In re FLYi, Inc., No. 05-20011 [Docket No. 643] (Bankr. D. Del. Feb. 21, 2006) (MFW) (extending time period to remove cases by 115 days); In re Meridian Automotive Systems Composites Operations, Inc., No. 05-11168 [Docket No. 617] (Bankr. D. Del. Oct. 17, 2005) (MFW) (extending time period to remove cases by 120 days). The Debtors' request for a 120-day extension to remove claims is thus well within the range granted by courts in this District and to other debtors in similar circumstances.

14.     The counterparties to any claim or cause of action relating to the Debtors' chapter 11 proceedings will suffer no discernible prejudice from the relief sought herein. Prepetition causes of action against the Debtors are stayed by operation of the automatic stay contained in section 362(a) of the Bankruptcy Code, and no bar date for the filing of claims against the Debtors has yet been set. Accordingly, preserving the Debtors' ability to remove actions imposes no delay or unnecessary burdens on any counterparties to claims or other causes of action relating to the Debtors' chapter 11 proceedings.

## NOTICE

15.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agents for the Debtors' prepetition loan facilities; (iv) counsel to the administrative agent for Debtors' post-petition loan facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

16.     The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) extending the period in which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 by 120 days, through and including July 6, 2009, and (ii) granting such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware
            March 6, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Wendell M. Harp
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

        -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION