## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Objection Deadline: March 18, 2009 at 4:00 p.m. (ET)**<br>**Hearing Date: March 25, 2009 at 3:00 p.m. (ET)** |

### MOTION TO AUTHORIZE ENTRY INTO STIPULATION AMONG DEBTOR THE HARTFORD COURANT COMPANY, THE UNITED STATES OF AMERICA, AND THE STATE OF CONNECTICUT AND FOR RELIEF FROM THE AUTOMATIC STAY

The Hartford Courant Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Courant" or the "Debtor" and collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5401653v1

"Bankruptcy Code") approving a stipulation among the Courant, the United States of America, and the State of Connecticut, which is attached hereto as Exhibit A (the "Stipulation"). The sole and limited purpose of the Stipulation is to permit the United States District Court for the District of Connecticut (the "District Court") to approve an environmental consent decree that embodies a settlement entered into by the parties approximately four months prior to the Petition Date (the "Consent Decree"). The Courant made all payments required by the settlement at the time it was executed (approximately $288,000) and all that remains to be done is to have the District Court approve and enter the Consent Decree to effectuate its terms. The United States Department of Justice has requested that the Courant seek relief from the automatic stay to ensure that the stay in the Courant's chapter 11 case poses no impediment to the entry of the Consent Decree by the District Court. In support of this Motion, the Courant respectfully states as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [Docket No. 43].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 362(d) of the Bankruptcy Code.

## BACKGROUND TO THE MOTION

6. Several years prior to the Petition Date, the Courant was identified as a potentially responsible party ("PRP") in connection with the environmental cleanup costs incurred at the Solvents Recovery Service of New England, Inc. Superfund Site in Southington, Connecticut (the "Site"). Together with a group of other PRPs, the Courant engaged in extensive negotiations with the United States and the State of Connecticut (collectively, the "Governments") to consensually resolve its alleged liability.

7. On August 7, 2008, approximately 4 months prior to the Petition Date, the Courant executed the Consent Decree, which embodies a settlement resolving the cost recovery claims of the Governments against certain of the PRPs, including the Courant, that were deemed to have only de minimis liability in connection with the Site. Pursuant to this settlement, the Courant made a payment on that date to the Governments in the amount of $288,274, which represents the Courant's total de minimis settlement amount.

8. On September 30, 2008, the Governments filed two complaints against the Courant and multiple other PRP defendants in the District Court pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). The Governments' actions were consolidated into a single pleading entitled State of Connecticut, et al. v. A.R. Sandri, Inc., et al., Case No. 08-CV-1505 (WWE). Shortly thereafter, the Governments lodged the Consent Decree with the District Court to seek the District Court's approval of the terms of

the settlement with the de minimis settling defendants. Before the District Court had the opportunity to approve and enter the Consent Decree and effectuate the de minimis settlement terms, the Courant and the other Debtors filed their chapter 11 cases in this Court, effectively staying the continuation of the proceedings as against the Courant.

## RELIEF REQUESTED

9. By this Motion, the Courant seeks this Court's authorization to enter into the Stipulation and an order of this Court granting relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code to permit the District Court to approve and enter the Consent Decree and implement its terms.

## BASIS FOR RELIEF

10. Section 362(d) provides that the Court shall grant relief from the automatic stay "for cause" on request of a party in interest. 11 U.S.C. § 362(d). The Courant respectfully states that cause exists to modify the automatic stay under the circumstances because the limited relief being requested by this Motion will allow the Courant to receive the benefits of the prepetition Consent Decree while imposing no new burdens or obligations. Implementing the Consent Decree will bind the parties to the de minimis settlement, which was negotiated and executed well in advance of the Petition Date and which resolves the Courant's alleged civil liability in connection with the Site.

11. Put simply, limited relief from the stay to implement the Consent Decree is appropriate given that the Courant has already made all payments required more than 90 days prior to the Petition Date and that the relief does not require the payment of any further amounts or the taking of any other affirmative action by the Courant with respect to the Site. Pursuant to the Stipulation, any other action that the Governments may seek to have the Courant take in

4

respect of the Consent Decree – including the performance of any affirmative obligations by the Courant – remain subject to the automatic stay.

12. The Courant, in the exercise of its business judgment, has determined that it is in the best interests of its estate and creditors to enter into the Stipulation and to implement the Consent Decree. The Governments have required that the Courant seek relief from the automatic stay from this Court as a condition of making their request to the District Court to enter the Consent Decree, out of an abundance of caution and to ensure that the stay in Courant's chapter 11 case poses no impediment to the effectuation of its terms. In these unusual circumstances, the Courant believes that limited relief from the stay is appropriate and should be granted by this Court. Accordingly, the Courant requests that the Court authorize its entry into the Stipulation and grant relief from the automatic stay to permit the action in the District Court to continue to the extent necessary to implement the Consent Decree.

## NOTICE

13. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the administrative agent for the Debtors' prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' postpetition loan facility; (v) the Governments; and (vi) all parties having requested notices in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

14. The Courant has not previously sought the relief requested herein from this or any other Court.

46429/0001-5401653v1

WHEREFORE, the Courant respectfully requests that the Court enter an order, in substantially the form attached hereto, (i) authorizing the Courant to enter into the Stipulation; (ii) granting relief from the automatic stay to the extent necessary to implement the Consent Decree; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
March 6, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. McClelland
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION