# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 10, 56, 255, 400 and 408**<br>**Hearing Date: March 25, 2009 at 3:00 p.m.**<br>**Objection Deadline: March 18, 2009 at 4:00 p.m.** |

## MOTION FOR AN ORDER GRANTING A FURTHER INTERIM EXTENSION OF TIME FOR DEBTORS TO COMPLY WITH THE REQUIREMENTS OF 11 U.S.C. § 345

The above-captioned debtors and debtors in possession herein (each a "Debtor"

and collectively, the "Debtors"), hereby move this Court (the "Motion") for entry of an order

further extending the time within which the Debtors must comply with the requirements of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

section 345 of title 11 of the United States Code (the "Bankruptcy Code"). In support of this

Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.          On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the

Debtors also jointly filed motions seeking certain typical "first day" relief, including an order to

have these cases jointly administered. This Court granted the requested "first day" relief and

ordered the cases to be jointly administered. The "first day" relief granted by this Court included

an Order (the "Cash Management Order") (I) Approving Cash Management Systems, (II)

Authorizing Use of Prepetition Bank Accounts and Business Forms, (III) Waiving the

Requirements of 11 U.S.C. § 345(b) on an Interim Basis, and (IV) Granting Administrative

Expense Status to Postpetition Intercompany Transactions. See Cash Management Order

(Docket No. 56).

2.          The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the

appointment of a trustee or examiner.

3.          On December 18, 2008, the United States Trustee appointed the Official

Creditor Committee of unsecured creditors (the "Committee").

4.          The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

sought herein are sections 105(a) and 345 of the Bankruptcy Code, Rule 9006 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of

Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND INFORMATION

5.      As described in more detail in the Debtors' cash management motion filed on the Petition Date and incorporated herein by reference,[2] in the ordinary course of business, the Debtors utilize a centralized cash management system to collect funds from their operations and to pay operating and administrative expenses in connection therewith.  As more fully set forth in the Cash Management Motion, the Debtors maintain approximately 130 bank accounts in the United States in the ordinary course of their businesses (the "U.S. Accounts").  With the exception of a few investment accounts, all of the U.S. Accounts are maintained at financial institutions insured by the Federal Deposit Insurance Corporation (the "FDIC").[3]

6.      The Debtors maintain certain investment accounts at Fidelity Investments Institutional Operations Company, Inc. (the "Fidelity Accounts") and the funds in those accounts are invested predominantly in U.S. Treasury obligation-based money market funds.  The Debtors also maintain "AAAm" S&P-rated money market fund accounts at Bank of America and J.P. Morgan, both primary cash management banks.  The Debtors also maintain a "AAAm" S&P-rated U.S. Treasury obligation-based money market account at Barclays Capital Inc., which serves as the collateral account under the Debtors' letter of credit facility.[4]

---

[2]      See Motion of the Debtors for an Order (I) Approving Cash Management Systems, (II) Authorizing Use of Prepetition Bank Accounts and Business Forms, (III) Waiving the Requirements of 11 U.S.C. §345(b) on an Interim Basis, and (IV) Granting Administrative Expense Status to Postpetition Intercompany Transactions (the "Cash Management Motion") (Docket No. 10).

[3]      As of the Petition Date, the Debtors had 8 inactive investment accounts with various financial institutions. The Debtors have since closed 4 of the inactive accounts.

[4]      The Debtors' letter of credit facility, including the collateral account required by the facility, were authorized by the Court in an order entered January 15, 2009.  See Final Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and for Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter into a Letter of

7.      In addition, the Debtors maintain approximately 5 non-U.S. bank accounts with foreign banking institutions in the ordinary course of their businesses (the "Non-U.S. Accounts").  Of the Non-U.S. Accounts, the bank account maintained with Toronto Dominion Bank is insured by the Canada Deposit Insurance Corporation (the "CDIC").  Certain other Non-U.S. Accounts are located outside North America and are required to support the Debtors' foreign correspondent activities and U.K. operations.

8.      On December 10, 2008, this Court entered the Cash Management Order, which waived the deposit requirements imposed by section 345 of the Bankruptcy Code (the "345 Requirements") on an interim basis until January 23, 2009.  On February 19, 2009, the Court entered an order granting a further interim extension of time to comply with the requirements of section 345 of the Bankruptcy Code until March 8, 2009 (the "Current Deadline"), which was granted without prejudice to the Debtors' ability to request additional time or a final waiver of the section 345 requirements should it become necessary.

## RELIEF REQUESTED

9.      By this Motion, the Debtors respectfully request entry of an order extending the Debtors' time to comply with the 345 Requirements for approximately 45 days through and including April 22, 2009.[5]  As described below, this additional extension of time is necessary to enable the Debtors to continue their discussions with certain of the financial institutions and close bank accounts, to the extent necessary.

---

Credit Facility, (3) Modifying the Automatic Stay and (4) Granting Other Related Relief (the "DIP Order") (Docket No. 233).

[5]      Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Deadline serves to automatically extend the Current Deadline until such time as the Court rules on the Motion.

**BASIS FOR RELIEF**

10.    Section 345(a) of the Bankruptcy Code authorizes deposits or investments

of money of estates in a manner that will "yield the maximum reasonable net return on such

money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a).  For

deposits or investments that are not "insured or guaranteed by the United States or by a

department, agency or instrumentality of the United States or backed by the full faith and credit

of the United States," section 345(b) of the Bankruptcy Code provides that, "unless the Court for

cause orders otherwise," the estate must require (i) a bond from the entity with which the money

is deposited or invested in favor of the United States secured by the undertaking of an adequate

corporate surety, or (ii) a deposit of securities of the kind specified in section 9303 of title 31 of

the United States Code by the depository entity.  11 U.S.C. § 345(b).

11.    The Debtors continue to work diligently and expeditiously with their

financial institutions to satisfy the 345 Requirements, and in particular, to relocate their bank

accounts to financial institutions that are parties to Uniform Depository Agreements (the "UDA

Banks").  Shortly after the entry of the Cash Management Order, the United States Trustee

provided the Debtors with a list of the Debtors' financial institutions that are not parties to

Uniform Depository Agreements (the "Non-UDA Banks").  Immediately thereafter, the Debtors

began evaluating their bank accounts at the Non-UDA Banks.  With respect to certain of those

accounts, the Debtors determined that the accounts could be closed.  The Debtors have provided

progress reports to the United States Trustee showing the status of accounts with Non-UDA

Banks.  As of the filing of this Motion, the Debtors closed several accounts with Non-UDA

Banks and anticipate closing more such accounts within the next few weeks.  The account

closure process and relocation of accounts to UDA Banks has required significant effort by the

Debtors. Upon completion of this transition, most depository accounts at Non-UDA Banks will be closed.

12.     The Debtors are also in discussions with the United States Trustee with respect to certain of their banking relationships. Pursuant to these discussions, Northern Trust recently agreed to complete a Uniform Depository Agreement and provide additional information as requested by the United States Trustee. Additional time is needed to complete the Northern Trust arrangement. The Debtors' money market accounts are in high demand with restricted new investment access due to the nature of the markets. Accordingly, the Debtors would be unable to find appropriate replacement investment vehicles or to reinvest in their current money market accounts at a future date. For these reasons, an extension of time is necessary to avoid severe disruption to the Debtors' cash management system and to continue working with the United States Trustee. The Debtors have also discussed with the United States Trustee other accounts maintained with Non-UDA Banks, such as their foreign bank accounts, which are now operated subject to a proposed "cap" deposit amount.

13.     Given the complexity of the Debtors' cash management system, including certain cross-border operations and investment needs, as well as the relative security of the U.S. and Non-U.S. Accounts, the Debtors submit that cause exists to grant a further 45-day waiver of the section 345 deadline. During the extension period, the Debtors will continue to evaluate their cash management system in the context of the 345 Requirements. In the event the Debtors are unable to comply with the 345 Requirements with respect to any account, the Debtors reserve the right to request a final waiver of such requirements.

14.     For the foregoing reasons, the Debtors submit that good and sufficient cause exists for granting the Debtors additional time to comply with the 345 Requirements.

## **NOTICE**

15.     Notice of this Motion has been provided to:  (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; (ix) the Debtors' cash management banks; and (x) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully seek entry of an order, in substantially the form of the order attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
      March 6, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Jessica C.K. Boelter
Candice L. Kline
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION