# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Objection Deadline: March 18, 2009 at 4:00 p.m.**
**Hearing Date: March 25, 2009 at 3:00 p.m.**

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO SECTIONS 501, 502, AND 1111(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND <u>APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>

Tribune Company ("<u>Tribune</u>") and most of its wholly-owned subsidiaries, each of

which is a debtor and debtor-in-possession herein (each a "<u>Debtor</u>" and collectively, the

"<u>Debtors</u>"), hereby move this Court (the "<u>Motion</u>") pursuant to sections 501, 502, and 1111(a) of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1(e) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") for entry of an order (i) establishing deadlines for filing

proofs of claim against the Debtors in these chapter 11 cases and (ii) approving the form and

manner of notice thereof.  In support of this Motion, the Debtors respectfully represent as

follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors have continued in possession of their respective properties

and have continued to operate their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a

trustee or examiner.

3.      On December 18, 2008, the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the

"Committee") pursuant to section 1102(a) of the Bankruptcy Code.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

requested herein are sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules

2002 and 3003(c)(3), and Local Rule 2002-1(e).

46429/0001-5402277v1

## RELIEF REQUESTED

5.       By this Motion, the Debtors seek entry of an order, substantially in the

form attached hereto as <u>Exhibit A</u> (the "<u>Bar Date Order</u>"), establishing deadlines for filing proofs

of claim in these chapter 11 cases and approving the form and manner of notice thereof, as

follows:

a.       except as otherwise provided herein, the Debtors propose to establish June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "<u>General Bar Date</u>"), as the deadline for all persons and entities (including governmental units), holding a claim against any of the Debtors, to file proof of such claims in these chapter 11 cases;

b.       except where the Debtors have previously included a claim in the Schedules (as defined below) as disputed, contingent, or unliquidated, the Debtors propose to establish the later of (i) the General Bar Date or (ii) thirty (30) days after the holder of such claim is served with notice of the applicable amendment or supplement to the Schedules as the bar date (the "<u>Amended Schedule Bar Date</u>") for filing a Proof of Claim (as defined below) with respect to such amended claim;[2]

c.       except as otherwise set forth in any order authorizing rejection of an executory contract or unexpired lease, the Debtors propose to establish the later of (i) the General Bar Date or (ii) thirty (30) days after entry of any order authorizing the rejection of an executory contract or unexpired lease, as the bar date (the "<u>Rejection Bar Date</u>" and together with the aforementioned bar dates, the "<u>Bar Dates</u>") by which a Proof of Claim relating to the Debtors' rejection of such contract or lease must be filed.

## ESTABLISHMENT OF THE BAR DATES

6.       The Debtors submit that the notice period provided by the Bar Dates is

more than sufficient to comply with the Bankruptcy Rules in light of the proposed notice

procedures provided herein.  Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs

of claim in a chapter 11 case and provides in relevant part: "[t]he court shall fix and for cause

shown may extend the time within which proofs of claim or interest may be filed." Fed. R.

---

[2] The imposition of the Amended Schedule Bar Date is consistent with Local Rule 1009-2, which provides a creditor with twenty (20) days to file a proof of claim after the date that notice of the applicable amendment is served on such creditor.

Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty (20) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases, other than section 502(b)(9) of the Bankruptcy Code, which provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.

7.     Here, the Debtors propose to give all creditors more than 60 days' notice of the Bar Dates. Moreover, while the Debtors have not yet filed their Schedules, the Debtors intend to do so on or before March 23, 2009, in advance of the proposed hearing date on this Motion. Creditors will, therefore, have ample time to review the Schedules and their own records and file a proof of claim if necessary.

8.     The Debtors' goal is to complete their restructuring and emerge from chapter 11 as soon as possible. To facilitate this goal and develop a comprehensive, viable plan of reorganization, the Debtors will require complete and accurate information regarding the nature, validity, amount, and status of all claims against the Debtors that will be asserted in these chapter 11 cases. The Debtors seek to establish the Bar Dates to determine what claims may be asserted against the Debtors in addition to those listed in the Schedules. For these reasons, the Bar Dates and the form and manner of notice proposed in this Motion are appropriate and should be approved.

9.     The Debtors have discussed the details of the relief requested herein with the Committee, and the Committee has raised no objection to this Motion.

4

10.    <u>General Bar Date</u>.  The Debtors request that the Court establish June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) as the General Bar Date.  Following entry of the Bar Date Order, and no later than April 13, 2009 (the "<u>Service Date</u>"), the Debtors intend to provide notice of the Bar Dates, substantially in the form attached hereto as <u>Exhibit C</u> (the "<u>Bar Date Notice</u>"), by mailing a copy of the Bar Date Notice, together with a Proof of Claim form,[3] by first-class U.S. mail to all known entities holding potential claims against the Debtors.  The Debtors have requested that the Court establish June 12, 2009, as the General Bar Date to ensure that potential creditors receive no fewer than 60 days' notice after the Service Date for creditors to file proofs of claim in these chapter 11 cases.

11.    The General Bar Date would be the date by which all persons and entities, including governmental units, holding prepetition claims must file Proofs of Claim unless they fall within one of the exceptions as set forth in this Motion.  Subject to these exceptions, the General Bar Date would apply to all persons or entities, holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), (5), and (8) and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.

12.    The Debtors also propose that the filing of a Proof of Claim be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite the administrative priority status, are prepetition claims); <u>provided</u>, <u>however</u>, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

---

[3] The Proof of Claim form is substantially in the form of Official Bankruptcy Form B10 but has been modified, and may be further modified in certain limited respects, to accommodate the claims process in these chapter 11 cases.

13.    Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide. . . ." 11 U.S.C. § 502(b)(9).  Accordingly, the Debtors also propose to establish June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) as the deadline for all governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtors in these chapter 11 cases.  The General Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from (i) prepetition tax years or periods or (ii) prepetition transactions to which the Debtors were a party.

14.    <u>Amended Schedule Bar Date</u>.  The Debtors propose that they will retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claims listed or reflected in the Schedules as to nature, amount, liability, characterization or otherwise; (b) subsequently designate any claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules.  If the Debtors amend or supplement their Schedules after the Service Date (i) to reduce the undisputed, noncontingent and liquidated amount of a claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the Debtors propose that the affected claimant be required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or prior to the Amended Schedule Bar Date.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

15.     <u>Rejection Bar Date</u>.  The Debtors anticipate that certain persons or entities may assert claims ("<u>Rejection Damages Claims</u>") in connection with the Debtors' rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code.  The Debtors propose that the Court establish the Rejection Bar Date as the deadline for filing Proofs of Claim for any Rejection Damages Claims.

## PARTIES REQUIRED TO FILE PROOFS OF CLAIM

16.     The proposed Bar Date Order provides that each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust or governmental unit) asserting a claim against one or more of the Debtors is required to file a separate proof of claim in the bankruptcy case of each Debtor against whom a claim is asserted.  Each proof of claim must substantially comply with Official Bankruptcy Form 10, attached hereto as <u>Exhibit B</u> (a "<u>Proof of Claim</u>"), and must be <u>actually received</u> on or before the bar date associated with such claim by Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>"), the Court-approved claims and noticing agent in these chapter 11 cases.  Proofs of Claim sent to Epiq via first-class mail must be addressed to Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, NY 10150-5069; whereas Proofs of Claim sent to Epiq by messenger or overnight courier must be delivered to the following address: Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017.  **Proofs of Claim will be deemed timely filed only if <u>actually received</u> by Epiq on or before the applicable Bar Date.**

46429/0001-5402277v1

## PARTIES NOT REQUIRED TO FILE PROOFS OF CLAIM

17.    The Debtors propose that the following persons or entities are not required

to file Proofs of Claim:

a.    any person or entity that has already properly filed a Proof of Claim against the applicable Debtor(s) with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b.    any person or entity (i) whose claim is listed in the Debtors' schedules of assets and liabilities, list of equity holders, and statements of financial affairs (collectively, the "Schedules") or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;

c.    professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d.    any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; provided, however, that, as described in paragraph 12 above, any person or entity that has a claim on account of prepetition goods received by the Debtors within twenty days of the Petition Date must file a Proof of Claim on or before the General Bar Date;

e.    current officers and directors[4] of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f.    any Debtor asserting a claim against another Debtor;

g.    solely in the event that the Administrative Agent under either that certain Credit Agreement, dated as of May 17, 2007 or that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007 (in each case with its related security agreements, guarantees, and other documents and collectively, as amended, supplemented or otherwise modified, the "Prepetition Credit Agreements" with claims arising thereon or thereunder referred to herein as "Bank Claims") files a Proof of Claim on account of the applicable Bank Claims, any person or entity (a

---

[4] Current officers and directors shall include the officers and directors of the Debtors as of the date of the Bar Date Order.

46429/0001-5402277v1

"Prepetition Lender") whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest and other applicable fees and charges on or under the applicable Prepetition Credit Agreement; provided, however, that (a) the Administrative Agent under either Prepetition Credit Agreement shall be authorized, but not directed, to file on behalf of itself and all Prepetition Lenders under the applicable Prepetition Credit Agreement a single Proof of Claim on account of the applicable Bank Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Administrative Agent and by each such Prepetition Lender against all Debtor(s) liable under such Prepetition Credit Agreement and (c) if the Administrative Agent files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[5] and (ii) any holder of a Bank Claim under the Prepetition Credit Agreements that asserts a claim against a Debtor arising out of or relating to the Prepetition Credit Agreements other than a Bank Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

h.    solely in the event that any of the Indenture Trustees under any of the Indentures (in each case with its related documents and collectively, as amended, supplemented, or otherwise modified, the "Indentures" with claims arising thereon or thereunder referred to herein as "Note Claims") files a Proof of Claim on account of the applicable Note Claims, any person or entity (a "Noteholder") whose claim is limited exclusively to a claim for repayment by Tribune of principal, interest, and other applicable fees and charges on or under the applicable Indenture; provided, however, that (a) the Indenture Trustees under any of the Indentures shall be authorized, but not directed, to file on behalf of themselves and all Noteholders under the applicable Indentures a single Proof of Claim on account of the applicable Note Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Indenture Trustee and by each such Noteholder against Tribune under such Indenture, and (c) if any Indenture Trustee files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[6] and (ii) any holder of a Note Claim under the Indentures that asserts a claim against any of the Debtors arising out of or relating to the Indentures other than a Note Claim shall be required to file

---

[5] The filing of a Proof of Claim by the Administrative Agent under either of the Prepetition Credit Agreements should not affect the right of any Prepetition Lender under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

[6] The filing of a Proof of Claim by any of the Indenture Trustees under any of the Indentures should not affect the right of any Noteholder under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;[7]

i.      any wholly-owned non-debtor subsidiary of a Debtor asserting a claim against a Debtor; and

j.      any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the General Bar Date.

18.     For the avoidance of doubt, there are certain affiliates of Tribune that have not filed petitions for relief under chapter 11 of the Bankruptcy Code; therefore, claims against such entities will not be administered in these proceedings.[8] Accordingly, parties holding claims against such entities should not file Proofs of Claim in these chapter 11 cases.

## NO REQUIREMENT TO FILE PROOFS OF INTEREST

19.     The Debtors additionally wish to clarify that any entity holding any interest in any Debtor (an "Interest Holder"), which interest is based solely upon the ownership of common or preferred stock in a corporation, a membership interest in a limited liability company, warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest") need not file a proof of interest on or before the General Bar Date; provided, however, that Interest Holders that wish to assert *claims* against any of the Debtors that arise out of or relate to the ownership or purchase of an Interest,

---

[7] Tribune issued Notes pursuant to (i) Indenture, dated as of January 1, 1997 between Tribune Company and Citibank, N.A. (successor to Bank of Montreal Trust Company and Bank of New York), as trustee; (ii) Indenture, dated as of April 1, 1999 between Tribune Company and Citibank, N.A. (successor to Bank of Montreal Trust Company and Bank of New York), as trustee; (iii) Indenture, dated as of January 30, 1995 between Tribune Company (as successor pursuant to the First Supplemental Indenture to The Times Mirror Company, f/k/a New TMC Inc.) and Citibank, N.A. (successor to Bank of New York, Wells Fargo Bank, N.A. and First Interstate Bank of California), as trustee; (iv) Indenture, dated as of March 19, 1996 between Tribune Company (successor pursuant to the Second Supplemental Indenture to The Times Mirror Company) and Citibank, N.A., as trustee; and (v) Indenture, dated as of March 1, 1992 between Tribune Company and Citibank, N.A. (successor to Continental Bank, National Association, Bank of Montreal Trust Company and Bank of New York), as trustee.

[8] The non-debtor subsidiaries are:  Chicago National League Ball Club, LLC; Chicago Cubs Dominican Baseball Operations, LLC; Diana-Quentin, LLC; Fairfax Media, Inc.; Multimedia Insurance Company; Professional Education Publishers International (Africa) Pty Ltd.; TMS Entertainment Guides Canada Corp.; Tribune (FN) Cable Ventures Inc.; Tribune Hong Kong, Ltd.; Tribune Interactive, Inc.; Tribune Media Services, B.V.; Tribune National Marketing Company; Tribune ND, Inc.; Tribune Receivables LLC; Tribune Sports Network Holdings, LLC; and Wrigley Field Premium Tickets and Services, LLC.

10

including claims arising out of or relating to the sale, issuance, or distribution of an Interest, must

file Proofs of Claim on or before the General Bar Date, unless another of the exceptions

enumerated in the preceding paragraph applies.

## EFFECT OF FAILURE TO FILE PROOFS OF CLAIM

20.    The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any

person or entity that is required to file a timely Proof of Claim in the form and manner specified

in the Bar Date Order and who fails to do so on or before the bar date associated with such claim:

(i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors

or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases; (ii) shall not,

with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon

any plan of reorganization in these proceedings; and (iii) shall not receive or be entitled to

receive any payment or distribution of property from the Debtors or their successors or assigns

with respect to such claim.

## PROPOSED PROCEDURES FOR PROVIDING NOTICE OF BAR DATES AND OF PROCEDURES FOR FILING PROOFS OF CLAIM

21.    Following entry of the Bar Date Order, and no later than April 13, 2009,

the Debtors intend to provide notice of the Bar Dates, substantially in the form attached hereto as

Exhibit C (the "Bar Date Notice"), by mailing a copy of the Bar Date Notice, together with a

Proof of Claim form, by first-class U.S. mail to all known persons and entities holding potential

prepetition claims against the Debtors.  The mailing of the Bar Date Notice no later than

April 13, 2009, will ensure that creditors receive no less than sixty (60) days' notice of the Bar

Dates, which notice substantially exceeds the minimum 20-day notice period provided by

Bankruptcy Rule 2002(a)(7).

46429/0001-5402277v1

22.     The Debtors propose to send the Proof of Claim form to, among others, persons or entities scheduled on the Debtors' Schedules.  When sent to a scheduled creditor, the Proof of Claim form will be customized to specify (a) the identity of the Debtor against which the person or entity's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as disputed, contingent, or unliquidated; and (d) whether the claim is listed as a secured, unsecured priority, or unsecured nonpriority claim.[9]

23.     Furthermore, the Debtors intend to provide notice of the Bar Dates to unknown creditors by causing a copy of the notice attached hereto as Exhibit D (the "Publication Notice") to be published at least once no later than twenty (20) days prior to the General Bar Date in the national editions of the Wall Street Journal and The New York Times.  In the Debtors' judgment, these publications are likely to reach the widest possible audience of creditors who may not otherwise have notice of these chapter 11 cases.

24.     The Bar Date Notice and the Publication Notice will: (i) set forth the Bar Dates; (ii) advise creditors under what circumstances they must file a Proof of Claim under Bankruptcy Rules 3002(c)(2) and 3003(c)(3) or an order of this Court, as applicable; (iii) alert creditors to the consequences of failing to timely file a Proof of Claim, as set forth in Bankruptcy Rule 3003(c)(2) or an order of this Court, as applicable; (iv) set forth the addresses to which Proofs of Claim must be sent for filing; and (v) notify creditors that (a) Proofs of Claim must be filed with original signatures and (b) facsimile or e-mail filings of Proofs of Claim are not acceptable and are not valid for any purpose.  The Debtors submit that the Bar Date Notice and the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

---

[9] To the extent a creditor disagrees with the information on the customized Proof of Claim form, the creditor should correct the claim amount or make any other changes to the information on the pre-printed form regarding its claim.

## LEGAL BASIS FOR THE DEBTORS' NOTICE PROCEDURES

25.    In conjunction with the setting of the General Bar Date, the Debtors must ensure that interested parties receive appropriate notice of such date.  To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  See Chemetron Corp. v. Jones (In re Chemetron Corp.), 72 F.3d 341, 345 (3d Cir. 1995).  As the Third Circuit in Chemetron explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For unknown claimants, notification by publication will generally suffice."  Id. at 346 (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  Id. (citing Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  Chemetron, 71 F.3d at 346 ((citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950)).

26.    In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . . The requisite search instead focuses on the debtor's own books and records.  Efforts beyond a careful examination of these documents are generally not required.  Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors.

Chemetron, 72 F.3d at 346-47 (citations omitted).  As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'"  In re Grand Union Co., 204 B.R.

13

864, 871 (Bankr. D. Del. 1997) (citing Oppenheim, Appel, Dixon & Co. v. Bullock (In re

Robintech, Inc.), 863 F.2d 393, 396 (5th Cir. 1989), cert. denied, 493 U.S. 811 (1989)).

       27.     The Debtors submit that the proposed notice procedures respecting the Bar

Dates more than satisfy the Chemetron standard.  The Debtors have identified those entities that

are known to the Debtors to hold claims against one or more of the Debtors, or are especially

likely to be potential holders of claims.  Those entities were identified following careful review

of the Debtors' books and records and those of the Debtors' professionals, where applicable.

       28.     The Debtors' publication notice respecting the Bar Dates has been tailored

to provide notice of such Bar Dates on an extensive basis throughout the United States.  The

Debtors believe that such publication notice suffices to provide any claimants unknown to the

Debtors that may potentially hold claims against any of the Debtors with adequate notice of the

Bar Dates. In addition, the Debtors believe that the publication notice contemplated by this

Motion constitutes good and sufficient notice to "unknown" creditors, as defined by the Third

Circuit in Chemetron.

       29.     Courts in this district have held that publication in one or more of the

national editions of the Wall Street Journal and The New York Times constitutes adequate notice

to unknown creditors.  See, e.g., In re Tropicana Entertainment, LLC, Case No. 08-10856 (KJC)

(Bankr. D. Del. July 10, 2008); In re Landsource Communities Dev. LLC, Case No. 08-11111

(KJC) (Bankr. D. Del. Sept. 9, 2008); In re Netversant Solutions, Inc., Case No. 08-12973 (PJW)

(Bankr. D. Del. Feb. 20, 2009); In re Solution Technology Int'l, Inc., Case No. 08-12640 (MFW)

(Bankr. D. Del. Jan. 5, 2009).

## NOTICE

30.     Notice of this Motion has been provided to:  (i) the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the Administrative Agents under both Prepetition Credit Agreements; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

31.     No prior request for the relief sought in this Motion has been made to this or any other Court.

[Remainder of page intentionally left blank.]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) establishing the Bar Dates as deadlines for filing Proofs of Claim against the Debtors, (ii) approving the form and manner of notice of the Bar Date Order, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      March 6, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kerriann S. Mills
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

     -and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS-IN-POSSESSION