# EXHIBIT C

**Bar Date Notice**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

| DEBTOR | CASE NO. | EID NO. |
|---|---|---|
| Tribune Company | 08-13141 | 36-1880355 |
| 435 Production Company | 08-13142 | 95-4388865 |
| 5800 Sunset Productions Inc. | 08-13143 | 36-3845510 |
| Baltimore Newspaper Networks, Inc. | 08-13144 | 52-1998258 |
| California Community News Corporation | 08-13145 | 95-4425306 |
| Candle Holdings Corporation | 08-13146 | 95-4645626 |
| Channel 20, Inc. | 08-13147 | 06-1057399 |
| Channel 39, Inc. | 08-13148 | 65-0085256 |
| Channel 40, Inc. | 08-13149 | 68-0183844 |
| Chicago Avenue Construction Company | 08-13150 | 36-4328634 |
| Chicago River Production Company | 08-13151 | 36-3845434 |
| Chicago Tribune Company | 08-13152 | 36-2643437 |
| Chicago Tribune Newspapers, Inc. | 08-13153 | 36-6100439 |
| Chicago Tribune Press Service, Inc. | 08-13154 | 36-2273167 |
| ChicagoLand Microwave Licensee, Inc. | 08-13155 | 36-3721579 |
| Chicagoland Publishing Company | 08-13156 | 36-3993237 |
| Chicagoland Television News, Inc. | 08-13157 | 36-3801352 |
| Courant Specialty Products, Inc. | 08-13159 | 06-1529221 |
| Direct Mail Associates, Inc. | 08-13160 | 23-2536121 |
| Distribution Systems Of America, Inc. | 08-13161 | 11-3033811 |
| Eagle New Media Investments, LLC | 08-13162 | 14-1871168 |
| Eagle Publishing Investments, LLC | 08-13163 | 14-1871171 |
| forsalebyowner.com Corp. | 08-13165 | 13-4120219 |
| ForSaleByOwner.com Referral Services, LLC | 08-13166 | 26-2909205 |
| Fortify Holdings Corporation | 08-13167 | 95-4645628 |
| Forum Publishing Group, Inc. | 08-13168 | 65-0612940 |
| Gold Coast Publications, Inc. | 08-13169 | 59-2145505 |
| Greenco, Inc. | 08-13170 | 95-2067416 |
| Heart & Crown Advertising, Inc. | 08-13171 | 06-1099808 |
| Homeowners Realty, Inc. | 08-13172 | 84-1641507 |
| Homestead Publishing Co. | 08-13173 | 52-0704903 |
| Hoy Publications, LLC | 08-13175 | 35-2212352 |
| Hoy, LLC | 08-13174 | 22-3608033 |
| Insertco, Inc. | 08-13176 | 11-3522663 |
| Internet Foreclosure Service, Inc. | 08-13177 | 06-1656550 |
| JuliusAir Company II, LLC | 08-13179 | N/A |
| JuliusAir Company, LLC | 08-13178 | 36-4449479 |
| Kiah Inc. | 08-13180 | 76-0484014 |

46429/0001-5402277v1

| DEBTOR | CASE NO. | EID NO. |
|---|---|---|
| KPLR, Inc. | 08-13181 | 43-0737943 |
| KSWB Inc. | 08-13182 | 94-2457035 |
| KTLA Inc. | 08-13183 | 95-1743404 |
| KWGN Inc. | 08-13184 | 84-0565347 |
| Los Angeles Times Communications LLC | 08-13185 | 36-4371324 |
| Los Angeles Times International, Ltd. | 08-13186 | 95-4456079 |
| Los Angeles Times Newspapers, Inc. | 08-13187 | 36-4370416 |
| Magic T Music Publishing Company | 08-13188 | 36-3716522 |
| NBBF, LLC | 08-13189 | 26-2990893 |
| Neocomm, Inc. | 08-13190 | 59-3227208 |
| New Mass. Media, Inc. | 08-13191 | 04-2529553 |
| New River Center Maintenance Association, Inc. | 08-13192 | 65-0245621 |
| Newscom Services, Inc. | 08-13193 | 65-0574817 |
| Newspaper Readers Agency, Inc. | 08-13194 | 36-1547335 |
| North Michigan Production Company | 08-13195 | 36-3845466 |
| North Orange Avenue Properties, Inc. | 08-13196 | 59-3564056 |
| Oak Brook Productions, Inc. | 08-13197 | 36-4012598 |
| Orlando Sentinel Communications Company | 08-13198 | 59-1103775 |
| Patuxent Publishing Company | 08-13200 | 52-2064223 |
| Publishers Forest Products Co. of Washington | 08-13201 | 91-0844750 |
| Sentinel Communications News Ventures, Inc. | 08-13202 | 36-4132027 |
| Shepard's Inc. | 08-13203 | 13-3337931 |
| Signs of Distinction, Inc. | 08-13204 | 52-2073603 |
| Southern Connecticut Newspapers, Inc. | 08-13205 | 06-0971455 |
| Star Community Publishing Group, LLC | 08-13206 | 11-3475612 |
| Stemweb, Inc. | 08-13207 | 11-3634276 |
| Sun-Sentinel Company | 08-13208 | 59-1022684 |
| The Baltimore Sun Company | 08-13209 | 95-4066880 |
| The Daily Press, Inc. | 08-13210 | 54-1399368 |
| The Hartford Courant Company | 08-13211 | 06-0383490 |
| The Morning Call, Inc. | 08-13212 | 23-0337560 |
| The Other Company LLC | 08-13213 | 26-2455337 |
| Times Mirror Land And Timber Company | 08-13214 | 95-4017088 |
| Times Mirror Payroll Processing Company, Inc. | 08-13215 | 95-4684227 |
| Times Mirror Services Company, Inc. | 08-13216 | 84-1301326 |
| TMLH 2, Inc. | 08-13217 | 95-4640720 |
| TMLS 1, Inc. | 08-13218 | 95-4640719 |
| TMS Entertainment Guides, Inc. | 08-13219 | 36-4386325 |
| Tower Distribution Company | 08-13220 | 73-1539066 |
| Towering T Music Publishing Company | 08-13221 | 36-4202470 |
| Tribune Broadcast Holdings, Inc. | 08-13222 | 94-2444438 |
| Tribune Broadcasting Company | 08-13223 | 36-3082569 |
| Tribune Broadcasting Holdco, LLC | 08-13224 | 71-1032534 |
| Tribune Broadcasting News Network, Inc. | 08-13225 | 36-3731088 |
| Tribune California Properties, Inc. | 08-13226 | 36-3491629 |
| Tribune Direct Marketing, Inc. | 08-13227 | 36-3751479 |
| Tribune Entertainment Company | 08-13228 | 36-2596232 |
| Tribune Entertainment Production Company | 08-13229 | 36-3845393 |

2

| DEBTOR | CASE NO. | EID NO. |
|---|---|---|
| Tribune Finance Service Center, Inc. | 08-13231 | 36-4407844 |
| Tribune Finance, LLC | 08-13230 | 71-1032537 |
| Tribune License, Inc. | 08-13232 | 95-4401035 |
| Tribune Los Angeles, Inc. | 08-13233 | 04-3724522 |
| Tribune Manhattan Newspaper Holdings, Inc. | 08-13234 | 43-2027279 |
| Tribune Media Net, Inc. | 08-13235 | 36-4407847 |
| Tribune Media Services, Inc. | 08-13236 | 13-0571080 |
| Tribune Network Holdings Company | 08-13237 | 36-4039936 |
| Tribune New York Newspaper Holdings, LLC | 08-13238 | 43-2027278 |
| Tribune Nm, Inc. | 08-13239 | 95-4579939 |
| Tribune Publishing Company | 08-13240 | 36-3779720 |
| Tribune Television Company | 08-13241 | 06-1251634 |
| Tribune Television Holdings, Inc. | 08-13242 | 36-3491630 |
| Tribune Television New Orleans, Inc. | 08-13244 | 36-3234055 |
| Tribune Television Northwest, Inc. | 08-13245 | 62-1172975 |
| Valumail, Inc. | 08-13246 | 06-1539512 |
| Virginia Community Shoppers, LLC | 08-13247 | 43-1994025 |
| Virginia Gazette Companies, LLC | 08-13248 | 36-4419587 |
| WATL, LLC | 08-13249 | 95-4527384 |
| WCWN LLC | 08-13250 | 04-3465982 |
| WDCW Broadcasting, Inc. | 08-13251 | 36-4308300 |
| WGN Continental Broadcasting Company | 08-13252 | 36-1919530 |
| WLVI Inc. | 08-13253 | 36-3918074 |
| WPIX, Inc. | 08-13254 | 36-3110191 |
| WTXX, Inc. | 08-13255 | 06-1501268 |

## NOTICE OF ENTRY OF BAR DATE ORDER ESTABLISHING
## DEADLINES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS

### PLEASE TAKE NOTICE THAT:

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing deadlines to file proofs of claim for all claims (as defined below) against the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") that arose prior to December 8, 2008 (the "Petition Date").

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit) that holds or asserts a claim against any of the Debtors must file a proof of claim with original signature, substantially conforming to the proof of claim form attached hereto, so that it is **actually received** by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Bankruptcy Court-approved claims and noticing agent in these chapter 11 cases, on or before the Bar Dates set forth below.  Proofs of claim sent by **first-class mail** must be sent to the following address:

46429/0001-5402277v1

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station
P.O. Box 5069
New York, NY 10150-5069

Proofs of claim sent by **messenger** or **overnight courier** must be sent to the following address:

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, Third Floor
New York, NY 10017

The Debtors will enclose a Proof of Claim form to this Bar Date Notice for each person or entity scheduled on the Debtors' Schedules. When sent to a creditor whose claim is scheduled, the Proof of Claim form will be customized to specify (a) the identity of the Debtor against which the person or entity's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as disputed, contingent, or unliquidated; and (d) whether the claim is listed as a secured, unsecured priority, or unsecured nonpriority claim. If you have enclosed herewith a customized proof of claim form, then you are listed on the Debtors' Schedules. To the extent that you disagree with the information provided on the customized proof of claim form, you should substitute the pre-printed information with the information that you believe is correct.

If you have not received a pre-printed proof of claim form, you are not listed on the Debtors' Schedules. If you believe that you have a claim against the Debtor(s), you may download a form from Epiq's website (http://chapter11.epiqsystems.com/tribune).

To be properly filed, a proof of claim must be filed in the bankruptcy case of the specific Debtor against which the claimant holds or asserts a claim. For example, if a claimant holds or asserts a claim against 435 Production Company, the proof of claim must be filed against 435 Production Company in case number 08-13142. If a claimant wishes to assert a claim against more than one Debtor, separate proof of claim forms must be filed against each applicable Debtor. A complete list of Debtors with corresponding case numbers is set forth above.

Proofs of claim will be deemed timely filed only if <u>actually received</u> by Epiq on or before the bar date associated with such claim. Further, Epiq will not accept Proofs of Claim sent by facsimile, telecopy, e-mail or other electronic submission.

<u>General Bar Date</u>. Except as otherwise provided herein, each person or entity (including any governmental unit), holding or asserting a claim against one or more of the Debtors that arose prior to the Petition Date must file a proof of claim so that it is <u>actually received</u> by Epiq on or before **June 12, 2009 at 4:00 p.m. (prevailing Eastern Time)**.

<u>Amended Schedules Bar Date</u>. If, on or after the date on which the Debtors serve this Notice, the Debtors amend or supplement their schedules of assets and liabilities, list of equity holders, and statements of financial affairs (collectively, the "<u>Schedules</u>") (i) to reduce the

4

undisputed, noncontingent and liquidated amount of a claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim so that the proof of claim is actually received by Epiq on or before the later of (x) the General Bar Date or (y) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

Rejection Bar Date.  A proof of claim relating to a Debtor's rejection of an executory contract or unexpired lease pursuant to a Court order entered prior to the applicable Debtor's plan of reorganization must be filed so that it is actually received by Epiq on or before the later of (i) the General Bar Date or (ii) thirty (30) days after the effective date of such Court order.

For purposes of the Bar Date Order and this Notice, the term "claim" means (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured as of the Petition Date.

For the avoidance of doubt, there are certain affiliates of Tribune that have not filed petitions for relief under chapter 11 of the Bankruptcy Code; therefore, claims against such entities will not be administered in these proceedings.[1]  Accordingly, parties holding claims against such entities should not file Proofs of Claim in these chapter 11 cases.

The following persons and entities need **NOT** file a proof of claim:

a.  any person or entity that has already properly filed a Proof of Claim against the applicable Debtor(s) in these chapter 11 cases with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b.  any person or entity (i) whose claim is listed in the Debtors' Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;

c.  professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses

---

[1] The non-debtor subsidiaries are:  Chicago National League Ball Club, LLC; Chicago Cubs Dominican Baseball Operations, LLC; Diana-Quentin, LLC; Fairfax Media, Inc.; Multimedia Insurance Company; Professional Education Publishers International (Africa) Pty Ltd.; TMS Entertainment Guides Canada Corp.; Tribune (FN) Cable Ventures Inc.; Tribune Hong Kong, Ltd.; Tribune Interactive, Inc.; Tribune Media Services, B.V.; Tribune National Marketing Company; Tribune ND, Inc.; Tribune Receivables LLC; Tribune Sports Network Holdings, LLC; and Wrigley Field Premium Tickets and Services, LLC.

subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d.  any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; provided, however, that any person or entity that has a claim on account of prepetition goods received by the Debtors within twenty days of the Petition Date must file a proof of claim on or before the General Bar Date;

e.  current officers and directors[2] of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f.  solely in the event that the Administrative Agent under either that certain Credit Agreement, dated as of May 17, 2007 or that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007 (in each case with its related security agreements, guarantees, and other documents and collectively, as amended, supplemented or otherwise modified, the "Prepetition Credit Agreements" with claims arising thereon or thereunder referred to herein as "Bank Claims") files a Proof of Claim on account of the applicable Bank Claims, any person or entity (a "Prepetition Lender") whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest and other applicable fees and charges on or under the applicable Prepetition Credit Agreement; provided, however, that (a) the Administrative Agent under either Prepetition Credit Agreement shall be authorized, but not directed, to file on behalf of itself and all Prepetition Lenders under the applicable Prepetition Credit Agreement a single Proof of Claim on account of the applicable Bank Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Administrative Agent and by each such Prepetition Lender against all Debtor(s) liable under such Prepetition Credit Agreement and (c) if the Administrative Agent files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[3] and (ii) any holder of a Bank Claim under the Prepetition Credit Agreements that asserts a claim against a Debtor arising out of or relating to the Prepetition Credit Agreements other than a Bank Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

---

[2] Current officers and directors shall include the officers and directors of the Debtors as of the date of the Bar Date Order.

[3] The filing of a Proof of Claim by the Administrative Agent under either of the Prepetition Credit Agreements should not affect the right of any Prepetition Lender under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

g.    solely in the event that any of the Indenture Trustees under any of the Indentures (in each case with its related documents and collectively, as amended, supplemented, or otherwise modified, the "Indentures" with claims arising thereon or thereunder referred to herein as "Note Claims") files a Proof of Claim on account of the applicable Note Claims, any person or entity (a "Noteholder") whose claim is limited exclusively to a claim for repayment by Tribune of principal, interest, and other applicable fees and charges on or under the applicable Indenture; provided, however, that (a) the Indenture Trustees under any of the Indentures shall be authorized, but not directed, to file on behalf of themselves and all Noteholders under the applicable Indentures a single Proof of Claim on account of the applicable Note Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Indenture Trustee and by each such Noteholder against Tribune under such Indenture, and (c) if any Indenture Trustee files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[4] and (ii) any holder of a Note Claim under the Indentures that asserts a claim against any of the Debtors arising out of or relating to the Indentures other than a Note Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;[5]

h.    any Debtor asserting a claim against another Debtor;

i.    any wholly-owned non-debtor subsidiary of a Debtor asserting a claim against a Debtor; and

j.    any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the Bar Date.

**Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that is required to file a timely proof of claim in the form and manner specified by the Bar Date Order and this Notice and that fails to do so on or before the bar date associated with**

---

[4] The filing of a Proof of Claim by any of the Indenture Trustees under any of the Indentures should not affect the right of any Noteholder under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

[5] Tribune issued Notes pursuant to (i) Indenture, dated as of January 1, 1997 between Tribune Company and Citibank, N.A. (successor to Bank of Montreal Trust Company and Bank of New York), as trustee; (ii) Indenture, dated as of April 1, 1999 between Tribune Company and Citibank, N.A. (successor to Bank of Montreal Trust Company and Bank of New York), as trustee; (iii) Indenture, dated as of January 30, 1995 between Tribune Company (as successor pursuant to the First Supplemental Indenture to The Times Mirror Company, f/k/a New TMC Inc.) and Citibank, N.A. (successor to Bank of New York, Wells Fargo Bank, N.A. and First Interstate Bank of California), as trustee; (iv) Indenture, dated as of March 19, 1996 between Tribune Company (successor pursuant to the Second Supplemental Indenture to The Times Mirror Company) and Citibank, N.A., as trustee; and (v) Indenture, dated as of March 1, 1992 between Tribune Company and Citibank, N.A. (successor to Continental Bank, National Association, Bank of Montreal Trust Company and Bank of New York), as trustee.

**such claim (or other applicable date as may be fixed by the Court), (i) shall be forever barred, estopped and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in these chapter 11 cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purposes of voting upon any plan of reorganization in these proceedings; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.**

Acts or omissions of the Debtors, if any, that occurred prior to the Petition Date, including acts or omissions related to any indemnity agreements, guarantees, or services provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they are based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds or asserts a claim or a potential claim against the Debtors, no matter how remote or contingent, must file a proof of claim on or before the General Bar Date.

You should not file a Proof of Claim if you do not have a claim against the Debtors. The fact that you received this Notice does not necessarily mean that you have a claim or that either the Debtors or the Bankruptcy Court believe that you have a claim.

You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed," you **must** file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website. Information relating to the Debtors' restructuring, including all documents referenced in this notice can also be viewed and downloaded free of charge on Epiq's website (http://chapter11.epiqsystems.com/tribune).

Questions concerning the contents of this Bar Date Notice and requests for proofs of claim should be directed to Epiq at (800) 622-1125 between the hours of 9:00 a.m. and 5:00 p.m. (Prevailing Eastern Time), Monday through Friday. Please note that Epiq's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: Wilmington, Delaware
March   , 2009

BY ORDER OF THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

8

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kerriann S. Mills
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, IL  60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel to the Debtors and Debtors in Possession

46429/0001-5402277v1