# EXHIBIT A

CALLAHAN & BLAINE
A Professional Law Corporation
Daniel J. Callahan (Bar No. 91490)
Sarah C. Serpa (Bar No. 196127)
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
Ph: (714) 241-4444
Fax: (714) 241-4445

Attorneys for Plaintiff
JON ROBERT VAN SENUS by and through his guardian ad litem NEALA OLSON

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 0 5 2007

ALAN SLATER, Clerk of the Court

BY: ___G. GALON___, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| JON ROBERT VAN SENUS by and through his guardian ad litem, NEALA OLSON, <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES TIMES COMMUNICATIONS LLC, dba LOS ANGELES TIMES, a limited liability company; TAI VO, individually and dba as DM DISTRIBUTION; THOMAS TRONG NGO, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. **07CC04639** <br><br> **JUDGE JAMOA MOBERLY** <br> **DEPT. C7** <br><br> **COMPLAINT FOR :** <br><br> 1.  **NEGLIGENCE;** <br> 2.  **NEGLIGENCE-RESPONDEAT** <br>     **SUPERIOR;** <br> 3.  **NEGLIGENT HIRING/RETENTION** <br><br> **DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff, JON ROBERT VAN SENUS, by and through his guardian ad litem, NEALA OLSON, and complains against Defendants, LOS ANGELES TIMES COMMUNICATIONS LLC, dba LOS ANGELES TIMES; TAI VO, individually, and dba as DM DISTRIBUTION; THOMAS TRONG NGO, an individual; and DOES 1 through 50, inclusive, as follows:

1

COMPLAINT

## GENERAL ALLEGATIONS

1.      Plaintiff, JON ROBERT VAN SENUS, is an incompetent adult hospitalized in the City of Santa Ana, County of Orange, State of California.

2.      Guardian ad litem for Plaintiff, JON ROBERT VAN SENUS, is his mother, NEALA OLSON, an individual residing in the City of Port Charlotte, County of Charlotte, State of Florida.

3.      Plaintiff is informed and believes and based thereon alleges that Defendant, LOS ANGELES TIMES COMMUNICATIONS LLC dba LOS ANGELES TIMES (hereinafter "L.A. TIMES"), is a limited liability company authorized to do business in the County of Orange, State of California.

4.      Plaintiff is informed and believes and based thereon alleges that Defendant, TAI VO (hereinafter "VO"), is an individual, dba as DM DISTRIBUTION, doing business in the County of Orange, State of California.

5.      Plaintiff is informed and believes and based thereon alleges that Defendant, THOMAS TRONG NGO (hereinafter, "NGO"), is an individual whose residence is in the City of Santa Ana, County of Orange, State of California.

6.      Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendant, VO, was an employee and/or agent of the L.A. TIMES.

7.      Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendant, NGO, was an employee and/or agent of VO and of the L.A. TIMES.

COMPLAINT

1            8.     Plaintiff is informed and believes and based thereon alleges that at all times

2    herein, Defendant, NGO, was the lawful registered owner of a 1991 Toyota Previa Van, VIN No.

3    JT3AC12RXM0063968, bearing California license number 5PMU366.

4

5            9.     Plaintiff is ignorant of the true names and capacities of Defendants sued in

6    this Complaint as DOES 1 through 50, inclusive, and therefore Plaintiff sues these Defendants by

7    these fictitious names. Plaintiff is informed and believes and thereon alleges that each of the

8    Defendants designated herein as a DOE are negligently, carelessly and tortuously responsible in

9    some manner for the events and happenings herein referred to and proximately caused injury and

10   damages to Plaintiff as herein alleged. Plaintiff will amend this Complaint to allege their true names

11   and capacities when ascertained.

12

13          10.    Plaintiff is informed and believes and upon such information and belief

14   alleges that at all times herein mentioned that each named Defendant, and Defendants DOES 1

15   through 50, inclusive, and each of them, were the agents, servants, employees and assistants of each

16   remaining Defendant, and in doing the things alleged in this Complaint, were acting within the

17   course, scope, purpose and authority of said agency and employment.

18

19          11.    All events relevant to this dispute and all damages suffered as a result thereof

20   occurred in the County of Orange, State of California.

21

22                   **FIRST CAUSE OF ACTION**

23       **(Negligence against all Defendants, and DOES 1 through 50, Inclusive, and each of them)**

24

25          12.    Plaintiff realleges, and incorporates by reference herein, the allegations

26   contained in paragraphs 1 through 11 as though fully set forth at length herein.

27

28

3

1          13.    On March 7, 2007, at approximately 5:30 a.m., *Plaintiff, JON ROBERT VAN*

2    *SENUS*, was riding his bicycle in a legal and careful manner within the Northbound bicycle lane

3    located adjacent to Dover Drive, North of the intersection with Cliff Drive, heading Northbound, in

4    the City of Newport Beach.

5

6          14.    At that time and place, Defendants, L.A. TIMES, VO, NGO and DOES 1

7    through 50, inclusive, and each of them, so negligently and carelessly owned, operated, maintained,

8    entrusted, managed, drove, and controlled the 1991 Toyota Previa Van, VIN No.

9    JT3AC12RXM0063968, bearing California license number 5PMU366, so as to strike Plaintiff, JON

10   ROBERT VAN SENUS, and his bicycle and to legally and proximately cause the personal injuries

11   described in this Complaint.

12

13         15.    At the moment immediately prior to the collision, Defendants, NGO, and

14   DOES 1 through 50, inclusive, and each of them, while acting as an agent and/or employee of

15   Defendants, L.A. TIMES, VO, and DOES 1 through 50, inclusive, and each of them, were traveling

16   Northbound on Dover Drive while delivering L.A. TIMES newspapers upon the driving route

17   usually and customarily personally operated by NGO. As Plaintiff, JON ROBERT VAN SENUS,

18   was traveling Northbound within the bicycle lane adjacent to Dover Drive, Defendant, NGO, and

19   DOES 1 through 50, inclusive, and each of them, veered into the Northbound bicycle lane and struck

20   Plaintiff, JON ROBERT VAN SENUS and his bicycle.

21

22         16.    As a proximate result of the negligence of all the Defendants, and DOES 1

23   through 50, inclusive, and each of them, Defendants, NGO, and DOES 1 through 50, inclusive, and

24   each of them, violently collided into Plaintiff, JON ROBERT VAN SENUS, while riding his bicycle,

25   causing him to sustain severe personal injuries to various parts of his body, and primarily, his head.

26

27

28

                    4                                                           COMPLAINT

1          17.    As a direct and legal result of the negligence of all the Defendants, and DOES

2    1 through 50, inclusive, and each of them, Plaintiff, JON ROBERT VAN SENUS, was hurt and

3    injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of

4    which injuries have caused, and continue to cause, Plaintiff, JON ROBERT VAN SENUS, to be in a

5    coma at this time and to suffer great mental, physical, emotional, and nervous pain and suffering.

6    Plaintiff is informed and believes and based on this information and belief alleges that these injuries

7    will result in permanent disability to Plaintiff, JON ROBERT VAN SENUS. As a result of these

8    injuries, Plaintiff, JON ROBERT VAN SENUS, has suffered general damages in an amount which

9    will be proven according to proof at trial.

10

11          18.    As a further proximate result of the acts of all the Defendants, and DOES 1

12    through 50, inclusive, and each of them, Plaintiff, JON ROBERT VAN SENUS, has incurred, and

13    will continue to incur, medical and related expenses. The full amount of these expenses is not

14    known at this time. Plaintiff, JON ROBERT VAN SENUS, will move to amend this Complaint to

15    state the amount when it becomes known to him.

16

17          19.    As a further direct and legal result of the negligence of all the Defendants, and

18    DOES 1 through 50, inclusive, and each of them, Plaintiff, JON ROBERT VAN SENUS', bicycle

19    and other personal property was significantly damaged, all to Plaintiff, JON ROBERT VAN

20    SENUS', damage in an amount as yet unascertained, but which will be established according to

21    proof.

22

23                   **SECOND CAUSE OF ACTION**

24    **(Negligence - Respondeat Superior against Defendants L.A. TIMES, VO, and Does 1 through**

25                   **50, Inclusive, and each of them)**

26

27          20.    Plaintiff realleges, and incorporates by reference herein, the allegations

28    contained in paragraphs 1 through 19 as though fully set forth at length herein.

                          COMPLAINT

1    21.    At all times herein mentioned, Defendant, NGO, and DOES 1 through

2    50, inclusive, and each of them, were the agent and/or employee of Defendants, L.A. TIMES, VO,

3    and DOES 1 through 50, inclusive, and each of them, and in doing the acts herein, Defendants,

4    NGO, and DOES 1 through 50, inclusive, and each of them, were acting within the course and scope

5    of their authority as agent and/or employee, and in the regular course of business of the agency

6    and/or employment. Defendants, L.A. TIMES, VO, and DOES 1 through 50, inclusive, and each of

7    them, are therefore liable to Plaintiff for the acts of Defendants, NGO, and DOES 1 through 50,

8    inclusive, and each of them.

9

10    22.    At all times herein mentioned, Defendant, VO, and DOES 1 through 50,

11    inclusive, and each of them, were the agent and/or employee of Defendants, L.A. TIMES and DOES

12    1 through 50, inclusive, and each of them, and in doing the acts herein, Defendants, VO and DOES 1

13    through 50, inclusive, and each of them, were acting within the course and scope of their authority as

14    agent and/or employee, and in the regular course of business of the agency and/or employment.

15    Defendants, L.A. TIMES, VO, and DOES 1 through 50, inclusive, and each of them, are therefore

16    liable to Plaintiff for the acts of Defendants, NGO, and DOES 1 through 50, inclusive, and each of

17    them.

18

19    23.    As a proximate result of the negligence of the Defendants, L.A. TIMES, VO,

20    NGO, and DOES 1 through 50, inclusive, and each of them, Defendants, NGO and DOES 1 through

21    50, inclusive, and each of them, violently collided into Plaintiff, JON ROBERT VAN SENUS, while

22    riding his bicycle, causing him to sustain severe personal injuries to various parts of his body, and

23    primarily to his head.

24

25    24.    As a direct and legal result of the negligence of the Defendants, L.A. TIMES,

26    VO, NGO, and DOES 1 through 50, inclusive, and each of them, Plaintiff, JON ROBERT VAN

27    SENUS, was hurt and injured in his health, strength, and activity, sustaining injury to his nervous

28    system and person, all of which injuries have caused, and continue to cause, Plaintiff, JON ROBERT

6

COMPLAINT

1  VAN SENUS, to be in a coma at this time and to suffer great mental, physical, emotional, and

2  nervous pain and suffering. Plaintiff is informed and believes and based on this information and

3  belief alleges that these injuries will result in permanent disability to Plaintiff, JON ROBERT VAN

4  SENUS. As a result of these injuries, Plaintiff, JON ROBERT VAN SENUS, has suffered general

5  damages in an amount which will be proven according to proof at trial.

6

7       25.    As a further proximate result of the acts of Defendants, L.A. TIMES, VO,

8  NGO, and DOES 1 through 50, inclusive, and each of them, Plaintiff, JON ROBERT VAN SENUS,

9  has incurred, and will continue to incur, medical and related expenses. The full amount of these

10  expenses is not known at this time. Plaintiff, JON ROBERT VAN SENUS, will move to amend this

11  Complaint to state the amount when it becomes known to him.

12

13      26.    As a further direct and legal result of the negligence of Defendants, L.A.

14  TIMES, VO, NGO, and DOES 1 through 50, inclusive, and each of them, Plaintiff, JON ROBERT

15  VAN SENUS', bicycle and other personal property was significantly damaged, all to Plaintiff, JON

16  ROBERT VAN SENUS', damage in an amount as yet unascertained, but which will be established

17  according to proof.

18

19                      **THIRD CAUSE OF ACTION**

20    **(Negligence Hiring/Retention of Unfit Employee against Defendants L.A. TIMES, VO,**

21              **and DOES 1 through 50, Inclusive, and each of them)**

22

23      27.    Plaintiff realleges, and incorporates by reference herein, the allegations

24  contained in paragraphs 1 through 26 as though fully set forth at length herein.

25

26      28.    Plaintiff is informed and believes and upon such information and belief

27

28

7                                    COMPLAINT

1 | alleges that Defendants L.A. TIMES, VO, and DOES 1 through 50, inclusive, and each of them,
2 | negligently hired, trained, instructed, directed and/or retained Defendants, NGO, and Does 1 through
3 | 50, inclusive, and each of them, as a newspaper carrier.

4

5 |         29.    Plaintiff is informed and believes and upon such information and belief
6 | alleges that at all times mentioned herein, Defendants, NGO, and Does 1 through 50, inclusive, and
7 | each of them, exhibited repeated dangerous and reckless driving habits, and that such dangerous and
8 | reckless driving habits created a foreseeable risk of injury to persons such as Plaintiff, JON
9 | ROBERT VAN SENUS.

10

11 |         30.    Plaintiff is informed and believes and upon such information and belief
12 | alleges that Defendants, L.A. TIMES, VO, and DOES 1 through 50, inclusive, and each of them,
13 | knew or should have known of the dangerous and reckless driving habits of Defendants, NGO, and
14 | Does 1 through 50, inclusive, and each of them.

15

16 |         31.    As a proximate result of the negligence of Defendants, L.A. TIMES, VO,
17 | and DOES 1 through 50, inclusive, and each of them, Defendants, NGO, and Does 1 through 50,
18 | inclusive, and each of them, violently collided into Plaintiff, JON ROBERT VAN SENUS, while
19 | riding his bicycle, causing him to sustain severe personal injuries to various parts of his body and
20 | primarily his head.

21

22 |         32.    As a direct and legal result of the negligence of Defendants, L.A. TIMES, VO,
23 | and DOES 1 through 50, inclusive, and each of them, Plaintiff, JON ROBERT VAN SENUS, is in a
24 | coma and was hurt and injured in his health, strength, and activity, sustaining injury to his nervous
25 | system and person, all of which injuries have caused, and continue to cause, Plaintiff, JON ROBERT
26 | VAN SENUS, great mental, physical, emotional, and nervous pain and suffering. Plaintiff is
27 | informed and believes and based on this information and belief alleges that these injuries will result
28 | in permanent disability to Plaintiff, JON ROBERT VAN SENUS. As a result of these injuries,

8                                                COMPLAINT

1 | Plaintiff, JON ROBERT VAN SENUS, has suffered general damages in an amount which will be

2 | proven according to proof at trial.

3

4 |        33.    As a further proximate result of the acts of Defendants, L.A. TIMES, VO,

5 | and DOES 1 through 50, inclusive, and each of them, Plaintiff, JON ROBERT VAN SENUS, has

6 | incurred, and will continue to incur, medical and related expenses. The full amount of these

7 | expenses is not known at this time. Plaintiff, JON ROBERT VAN SENUS, will move to amend this

8 | Complaint to state the amount when it becomes known to him.

9

10 |        34.    As a further direct and legal result of the negligence of Defendants, L.A.

11 | TIMES, VO, and DOES 1 through 50,  inclusive, and each of them, Plaintiff, JON ROBERT VAN

12 | SENUS', bicycle and other personal property was significantly damaged, all to Plaintiff, JON

13 | ROBERT VAN SENUS', damage in an amount as yet unascertained, but which will be established

14 | according to proof.

15

16 |     **WHEREFORE,** Plaintiff, JON ROBERT VAN SENUS, by and through his guardian ad

17 | litem, NEALA OLSON, pray for judgment as follows:

18

19 |               **ON THE FIRST CAUSE OF ACTION**

20 |     1.    For general damages in an amount according to proof;

21 |     2.    For special damages according to proof, including but not limited to all

22 | medical and related expenses, and property damage in an amount according to proof;

23

24 |               **ON THE SECOND CAUSE OF ACTION**

25 |     1.    For general damages in an amount according to proof;

26 |     2.    For special damages according to proof, including but not limited to all

27 | medical and related expenses, and property damage in an amount according to proof;

28

COMPLAINT

1

## ON THE THIRD CAUSE OF ACTION

2          1.      For general damages in an amount according to proof;

3          2.      For special damages according to proof, including but not limited to all

4  medical and related expenses, and property damage in an amount according to proof;

5

## ON ALL CAUSES OF ACTION

6

7          1.      For all costs of suit incurred herein;

8          2.      For such other and further relief as this Court may deem just and proper.

9

10  Dated: April 4, 2007           **CALLAHAN & BLAINE**

11

12          By: _____

13            Sarah C. Serpa

14          Attorneys for Plaintiff,
        JON ROBERT VAN SENUS by and through his
        guardian ad litem, NEALA OLSON

15

16

## DEMAND FOR JURY TRIAL

17

18       Plaintiff, JON ROBERT VAN SENUS, by and through his guardian ad litem,

19  NEALA OLSON, hereby demand a jury trial in the above-captioned matter.

20

21  Dated: April 4, 2007           **CALLAHAN & BLAINE**

22

23          By: _____

24            Sarah C. Serpa

25          Attorneys for Plaintiff,
        JON ROBERT VAN SENUS by and through his
        guardian ad litem, NEALA OLSON

26

27

28  G:\2793\2793-02\Pleadings\Complaint.wpd

                  10                           COMPLAINT

GG

**CALLAHAN & BLAINE**
A Professional Law Corporation
Daniel J. Callahan (Bar No. 91490)
Sarah C. Serpa (Bar No. 196127)
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
Ph:  (714) 241-4444
Fax: (714) 241-4445

Attorneys for Plaintiff
JON ROBERT VAN SENUS by and through his guardian ad litem NEALA OLSON

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 0 5 2007

ALAN SLATER, Clerk of the Court
G. Galon
BY G. GALON

GG

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| JON ROBERT VAN SENUS by and through his guardian ad litem, NEALA OLSON,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES TIMES COMMUNICATIONS LLC, dba LOS ANGELES TIMES, a limited liability company; TAI VO, individually and dba as DM DISTRIBUTION; THOMAS TRONG NGO, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  **07CC04639**<br><br>**JUDGE JAMOA MOBERLY**<br>DEPT. C7<br><br>COMPLAINT FOR :<br><br>1. **NEGLIGENCE;**<br>2. **NEGLIGENCE-RESPONDEAT SUPERIOR;**<br>3. **NEGLIGENT HIRING/RETENTION**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, JON ROBERT VAN SENUS, by and through his guardian ad litem, NEALA OLSON, and complains against Defendants, LOS ANGELES TIMES COMMUNICATIONS LLC, dba LOS ANGELES TIMES; TAI VO, individually, and dba as DM DISTRIBUTION; THOMAS TRONG NGO, an individual; and DOES 1 through 50, inclusive, as follows:

01070025639        SENUS
07CC04639          LOS ANGELES TIMES

UF  UNLIMITED CVL FILING; D        320.00
GB  45A01 04/05/2007 14:27 PAID CHK/

Summons Not Issued, Pending G.A.L.

1        COMPLAINT