# EXHIBIT C

MC–351

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Donna L. Snow, SBN 096741
Elizabeth Valadez, SBN 216235
PALMIERI, TYLER, WIENER, WILHELM & WALDRON, LLP
2603 Main Street, East Tower - Suite 1300
Irvine, CA 92614-4281
TELEPHONE NO.: (949) 851-9400    FAX NO. *(Optional)*: (949) 757-1225
E-MAIL ADDRESS *(Optional)*: dsnow@ptwww.com/evaladez@ptwww.com
ATTORNEY FOR *(Name)*: Petitioner Neala Olson

**COPY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

**JAN 28 2009**

ALAN CARLSON, Clerk of the Court

BY: L. KORSGAARD , DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: P.O. Box 14171
CITY AND ZIP CODE: Orange, California 92613-1571
BRANCH NAME: LAMOREAUX JUSTICE CENTER

CASE NAME: IN THE MATTER OF JON VAN SENUS

| ORDER APPROVING: | | CASE NUMBER: |
|---|---|---|
| ☐ | COMPROMISE OF DISPUTED CLAIM | 30-2008-00227434-PR-OP-LJC |
| ☒ | COMPROMISE OF PENDING ACTION | |
| ☐ | DISPOSITION OF PROCEEDS OF JUDGMENT | HEARING DATE: 1/16/09   DEPT.: L73 |
| ☐ Minor    ☒ Adult Person With A Disability | | |

1. Petitioner *(name)*: NEALA OLSON                                          has petitioned for court approval of a
   proposed compromise of a disputed claim or a pending action involving a minor or an adult person with a disability, or a
   proposed disposition of the proceeds of a judgment for a minor or an adult person with a disability.

2. **Hearing**
   Date: January 16, 2009    Time: 9:00 a.m.    Dept.: L73    Judicial officer: Randall J. Sherman

3. **Relationship to claimant**
   Petitioner is claimant's *(check all applicable boxes)*:
   a. ☒ Parent
   b. ☒ Guardian ad litem
   c. ☐ Guardian
   d. ☐ Conservator
   e. ☒ Other *(specify)*: Guardian—By order dated August 15, 2008, in Case No. 2008 GA 010957NC, Letters of Plenary
      Guardianship of the Person and Property of Jon Van Senus were issued to Petitioner by the Twelfth Circuit Court in
      and for Sarasota County, Florida.

4. **Claimant** *(name)*: JON VAN SENUS
   a. ☐ Is a minor.
   b. ☒ Is an adult "person with a disability" within the meaning of Probate Code section 3603.

5. **Defendant**
   The claim or action to be compromised is asserted, or the judgment is entered, against *(name of settling or judgment defendant or
   defendants (the "payer"))*: Los Angeles Times ($7,000,000); Thomas Ngo ($50,000).

6. **THE COURT FINDS** that all notices required by law have been given.

7. **THE COURT ORDERS**
   a. The petition is granted and the proposed compromise of claim or action or the proposed disposition of the proceeds of the
      judgment is approved. The gross amount or value of the settlement or judgment in favor of claimant is $ 7,050,000

   b. The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:

      (1) **Payment of fees and expenses**
          Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of the petitioner and the
          petitioner's attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following
          items of expense or damage, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:

      (a) ☒ Attorney fees in the total amount of: $ 2,525,000.00    payable to *(specify)*: Callahan & Blaine, APLC for
                                                                         distribution as set forth in
                                                                         Attachment 12.

Form Adopted for Mandatory Use
Judicial Council of California
MC-351 [Rev. January 1, 2007]

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING
ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR
MINOR OR ADULT PERSON WITH A DISABILITY**
*(Miscellaneous)*

Code of Civil Procedure, § 372;
Probate Code, § 3600 et seq.;
Cal Rules of Court, rules 3.1384, 7.953

Legal
Solutions
Plus

MC–351

| CASE NAME: IN THE MATTER OF JON VAN SENUS | CASE NUMBER:<br>30-2008-00227434-PR-OP-LJC |
|---|---|

7. b. (1) (b) [X] Reimbursement for medical and all other expenses paid by the petitioner or the petitioner's attorney in the total amount of:

*distribution as set fc* $ 467,142.39 Attachment 12.

(c) [X] Medical, hospital, ambulance, nursing, and other like expenses payable directly to providers as follows, in the total amount of: $ 457,112.91

(i) Payee *(name):*
(A) Address:

(B) Amount: $ *see attachment*

(ii) Payee *(name):*
(A) Address:

(B) Amount: $

[X] Continued on Attachment 7b(1)(c). *(Provide information about additional payees in the above format.)*

(d) [ ] Other authorized disbursements payable directly to third parties in the total amount of: $
*(Describe and state the amount of each item, and provide the name and address of each payee):*

[ ] Continued on Attachment 7b(1)(d).

(e) [x] Total allowance for fees and expenses from the settlement or judgment: $ 3,449,255.30

(2) **Balance**
The balance of the settlement or judgment available for claimant after payment of all allowed fees and expenses is: $ 3,600,744.60

The balance shall be disbursed as follows:

(a) [ ] By one or more checks or drafts in the total amount of *(specify):* $
drawn payable to the order of the petitioner as trustee for the claimant. Each such check or draft must bear an endorsement on the face or reverse that it is for deposit in one or more interest-bearing, federally insured accounts in the name of the petitioner as trustee for the claimant, and no withdrawals may be made from the accounts except as provided in the *Order to Deposit Money into Blocked Account*, which is signed contemporaneously with this order ("blocked account").

(b) [X] By the following method(s) *(describe each method, including the amount to be disbursed):*

[X] Continued on Attachment 7b(2)(b).

(c) [ ] If money is to be paid to a special needs trust under Probate Code section 3604, all statutory liens in favor of the state Department of Health Services, the state Department of Mental Health, the state Department of Developmental Services, and any city and county in California must first be satisfied by the following method *(specify):*

[ ] Continued on Attachment 7b(2)(c).

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY**
(Miscellaneous)

MC-351

| CASE NAME:  IN THE MATTER OF JON VAN SENUS | CASE NUMBER: . 30-2008-00227434-PR-OP-LJC |
|---|---|

8. ☐ **Further orders of the court concerning blocked accounts**
The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked account under item 7b(2)(a):

   a.   Within 48 hours of receipt of a check or draft described in item 7b(2)(a), the petitioner and the petitioner's attorney, if any, must deposit the check or draft in the petitioner's name as trustee for the claimant in one or more blocked accounts at *(specify name, branch, and address of each depository, and the amount of each account):*

      ☐ Continued on Attachment 8a.

   b.   The petitioner and the petitioner's attorney, if any, must deliver to each depository at the time of deposit three copies of the *Order to Deposit Money into Blocked Account*, which is signed contemporaneously with this order, and three copies of the *Receipt and Acknowledgment of Order to Deposit Money into Blocked Account* ("receipt"). The petitioner or the petitioner's attorney must file a copy of the receipt with this court within 15 days of the deposit. The sole responsibilities of the petitioner and the petitioner's attorney, if any, are to place the balance in a blocked account or accounts and to timely file a copy of the receipt.

   c.   The balance of the proceeds of settlement or judgment deposited in a blocked account or accounts under item 7b(2)(a) may be withdrawn only as follows *(check (1) or (2)):*

      (1) ☐   No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judge, and bearing the seal of this court. The money on deposit is not subject to escheat.

      (2) ☐   The blocked account or accounts belong to a minor. The minor was born on *(date):*
         No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this court, until the minor attains the age of 18 years. When the minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

9. ☒ **Authorization to execute settlement documents**
The petitioner is authorized to execute settlement documents as follows *(check only one):*

   a. ☐   Upon receipt of the full amount of the settlement sum approved by this order and the deposit of funds, the petitioner is authorized and directed to execute and deliver to the payer a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the accident or incident described in the petition and the resultant injuries to the claimant and a properly executed dismissal with prejudice.

   b. ☒   The petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

   c. ☐   The petitioner is authorized and directed *(specify):*

      ☐ Continued on Attachment 9c.

10. Bond is ☒ ordered and fixed in the amount of: $ 1,980,000 ⁰⁰          ☐ not required.

11. A copy of this order shall be served on the payer forthwith.

12. ☒ **Additional orders**
The court makes the following additional orders *(specify):*

      ☒ Continued on Attachment 12.

Date: January   , 2009

                                                      JUDICIAL OFFICER

                            ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

MC-351 [Rev. January 1, 2007]     **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY**     Page 3 of 3
*(Miscellaneous)*

1

**ATTACHMENT 7b(1)(c)**
**Order Approving Compromise of Disputed Claim**

2

3    Payer shall issue one or more checks payable to order of the following persons and/or companies in

4    the amounts set forth below:

5    (i)    Payee:  California Department of Health Care Services
             (A)    Address:  P.O. Box 997425, Sacramento, CA  95899-7425
6            (B)    Amount:  $137,277.51

7    (ii)    Payee:  CCS
             (A)    321 and 325 Braden Avenue, Sarasota, FL 34243
8            (B)    Amount:  $279,526.52

9    (iii)    Payee:  Medical Services for Indigents aka MSI,
             (A)    Address:  c/o Renee Nix, MSI Recovery, Physician Services, Inc. on behalf of the
10                          Orange County Health Agency, 210 South Juniper Street, Suite 200,
                            Escondido, CA  92025
11           (B)    Amount:  $40,308.88

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

1   **ATTACHMENT 7b(2)(b)**
    Order Approving Compromise of Disputed Claim

2

3   Payer shall issue one or more checks payable to order of the following persons and/or companies in

4   the amounts set forth below:

5   **Purchase of Annuities**

6   (i)    Payee:  Hartford Comprehensive Employee Benefit Service Company (TIN: 06-1120503)
7          (A)    Address:  200 Hopmeadow Street, Simsbury, CT  06089
           (B)    Amount: $600,124.13

8   (ii)   Payee:  MetLife Tower Resources Group, Inc.  (TIN: 13-4047186)
9          (A)    Address:  200 Park Avenue, New York, NY 10166-0188
           (B)    Amount: $600,124.13

10  (iii)  Payee:  John Hancock Assignment Company.  (TIN:  04-2903660
11         (A)    Address:  601 Congress Street, 8th Floor, Boston, MA  02210
           (B)    Amount:  $600,124.14

12  The Court hereby approves the Periodic Payment Summary prepared by EPS Settlement Group as
    follows:

13                   Periodic Payment Summary--Jon Van Senus
                Date of Birth: 02/28/1963--Life Expectancy: 32 Years

14

| | COSTS | GUARANTEED BENEFIT | EXPECTED BENEFIT |
|---|---|---|---|
| **SECTION I – Hartford** | | | |
| $3,410.00 paid monthly for life, guaranteed for 20 years, beginning on 03/23/2009. The last guaranteed payment will be made on 02/23/2029. | $600,124.13 | $878,316.00 | $1,405,301.76 |
| **SECTION II – Metropolitan** | | | |
| $3,659.65 paid monthly for life, guaranteed for 20 years, beginning on 03/23/2009. The last guaranteed payment will be made on 02/23/2029. | $600,124.13 | $818,400.00 | $1,309,440.00 |
| **SECTION III - John Hancock** | | | |
| $3,350.00 paid monthly for life, guaranteed for 20 years, beginning on 03/23/2009. The last guaranteed payment will be made on 02/23/2009 | $600,124.14 | $804,000.00 | $1,286,400.00 |
| **TOTAL** | $1,800,372.40 | $2,500,716.00 | $4,001,141.76 |

28  Funding must be completed on or before February 23, 2009. Total monthly payment $10,419.65

-1-

Order Approving Compromise of
Disputed Claim (Attachment 7b(2)(b))

1 | ~~In the event that more advantageous terms become available subsequent to the date of this order,~~

2 | ~~Petitioner is hereby authorized to accept said terms to maximize the monthly annuity distributions.~~

3 | **Distribution to Florida Guardianship**

4 | (iv)      Payee: Guardianship of Jon Van Senus,
                Twelfth Circuit Court, Sarasota County, Florida

5 |                Case No.: 2008 GA 010957 NC
                Neala Olson, Guardian

6 |         (A)    Address: 18178 Wolbrette Circle, Port Charlotte, FL  33948
         (B)    Amount:  $1,800,372.40

7 |

8 | Requirement of Bond and Order to Show Cause regarding Proof of Bond

9 | Payment shall be made to the Florida Guardianship upon proof of bond.  Petitioner shall request that

10 | the Florida Court order the posting of bond by Petitioner in an amount no less than $ 1,980,000 00

11 | and no funds shall be disbursed without proof of bond.  Petitioner shall file in this proceeding, on or

12 | before April 20, 2009, proof of issuance of said bond.   An Order to Show Cause regarding Proof of

13 | Bond is hereby set for hearing on April 24, 2009 at 9:00 a.m., in Department 73.  Attorney Sarah

14 | Serpa is hereby ordered to return unless proper documentation has been timely filed by April 20,

15 | 2009.

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Order Approving Compromise of
Disputed Claim (Attachment 7b(2)(b))

1

**ATTACHMENT 12**
Order Approving Compromise of Disputed Claim

2

3   As set forth in paragraph 7(b)(1)(a) and paragraph 7(b)(1)(b) Payer shall issue one or more checks

4   payable to Callahan & Blaine, APLC, 3 Hutton Centre Drive, Ninth Floor, Santa Ana, CA 92707, in

5   the total amount of $2,992,142.39. Callahan & Blaine shall distribute funds received pursuant to this

6   order as follows:

7   Payee                                        Amount

8   Palmieri, Tyler, Weiner, Wilhelm & Waldron        $25,000.00 (attorney fees)
    2603 Main Street                                  $    320.00 (filing fee)
9   Irvine, CA 92614

10  Neala Olson                                       $43,012.68 (reimbursement-medical expenses)
    18178 Wolbrette Circle
11  Port Charlotte, FL 33948

12  Callahan & Blaine shall retain the amount of $2,500,000.00 for attorney fees and $423,809.71 for

13  expenses.

14  It is so ordered.

15  Dated: January ___ JAN 2 8 2009 , 2009

16                                                  Hon. Randall J. Sherman
                                                    Judge of the Superior Court Randall J. Sherman
17                                                  County of Orange

18

19

20

21

22

23

24

25

26

27

28

-1-                          Order Approving Compromise of
                             Disputed Claim (Attachment 12)

1 | **CALLAHAN & BLAINE**
A Professional Law Corporation
2 | Daniel J. Callahan (SBN 91490)
Sarah C. Serpa (Bar No. 196127)
3 | Lee E. Burrows (Bar No. 170448)
Michael T. Smith(Bar No. 170522)
4 | 3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
5 | Ph: (714) 241-4444
Fax: (714) 241-4445
6

7 | Attorneys for Plaintiff JON ROBERT VAN SENUS by and through his guardian ad litem NEALA OLSON

8 | <center>SUPERIOR COURT OF THE STATE OF CALIFORNIA</center>

9 | <center>COUNTY OF ORANGE, CENTRAL JUSTICE CENTER</center>

10

| | |
|---|---|
| JON ROBERT VAN SENUS by and through his guardian ad litem, NEALA OLSON,    ) ) ) ) | **CASE NO.: 07CC04639** |
| Plaintiff,    ) ) | **NOTICE OF HEARING ON PETITION TO APPROVE SETTLEMENT OF PENDING ACTION** |
| v.    ) ) | **Date:**     **January 16, 2009** |
| LOS ANGELES TIMES COMMUNICATIONS LLC, dba LOS ANGELES TIMES, a limited liability company; TAI VO, individually and dba as DM DISTRIBUTION; THOMAS TRONG NGO, an individual; and DOES 1 through 50, inclusive,    ) ) ) ) ) ) ) ) ) | **Time:**     9:00 a.m. **Location:**  **Lamoreaux Justice Center** **Department:** L73 |
| Defendants.    ) ) ) | |

22 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23 | **PLEASE TAKE NOTICE** that the Court has set a hearing on the Petition to Approve the

24 | Settlement of the Pending Action in this matter (JON ROBERT VAN SENUS by and through his

25 | guardian ad litem, NEALA OLSON vs. LOS ANGELES TIMES COMMUNICATIONS LLC, dba

26 | LOS ANGELES TIMES, a limited liability company; TAI VO, individually and dba as DM

27 | DISTRIBUTION; THOMAS TRONG NGO, an individual; and DOES 1 through 50, inclusive, Orange

28 | County Superior Court Case Number: 07CC04639). The hearing on the Petition to Approve the

<center>1</center>

1  Settlement of the Pending Action will be held on  January 16, 2009 at 9:00 a.m., in Department L73

2  located at 341 The City Drive, Orange, California, 92613.  Attached hereto is the Petition to Approve

3  Compromise of Pending Action.

4  Date: December 9, 2008                          **CALLAHAN & BLAINE**

5
                                                By: _____
6                                                   Sarah C. Serpa, Esq.

7                                                Attorneys for Plaintiff,
                                                JON ROBERT VAN SENUS
8                                                by and through his guardian ad litem,
                                                NEALA OLSON
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COPY

MC-350

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Donna L. Snow, SBN 096741
Elizabeth Valadez, SBN 216235
PALMIERI, TYLER, WIENER, WILHELM & WALDRON, LLP
2603 Main Street, East Tower – Suite 1300
Irvine, CA 92614-4281
TELEPHONE NO.: (949) 851-9400  FAX NO. (Optional): (949) 757-1225
E-MAIL ADDRESS (Optional): dsnow@ptwww.com/evaladez@ptwww.com
ATTORNEY FOR (Name): Petitioner Neala Olson

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

DEC 08 2008

ALAN CARLSON, Clerk of the Court

BY: T ANDERSON , DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: P.O. Box 14171
CITY AND ZIP CODE: Orange, California 92613-1571
BRANCH NAME: LAMOREAUX JUSTICE CENTER

30-2008-00227434-
PR-OP-LJC

CASE NAME: IN THE MATTER OF JON VAN SENUS, an incapacitated adult

07604639

PETITION TO APPROVE:
☐ COMPROMISE OF DISPUTED CLAIM
☒ COMPROMISE OF PENDING ACTION
☐ DISPOSITION OF PROCEEDS OF JUDGMENT
   ☐ Minor ☒ Adult Person With A Disability

HEARING DATE:
01-16-09

DEPT.: L73   TIME: 9:00 a.m.

NOTE: This form is to be used for the compromise of a disputed claim of a minor, the compromise of a pending action or proceeding in which a minor or an adult person with a disability (including a conservatee) is a party, or disposition of the proceeds of a judgment for a minor or adult person with a disability under Code of Civil Procedure section 372 et seq. or Probate Code section 3500 et seq. The person compromising the claim or the action and the minor or adult person with a disability must attend the hearing on this petition unless the court for good cause dispenses with the personal appearance. The court may require the presence and testimony of witnesses, including the attending or examining physician, and other evidence relating to the merits of the claim and the nature and extent of the injury, care, treatment, and hospitalization.

BY FAX

1. Petitioner (name): Neala Olson, Guardian Ad Litem

2. Claimant (name): Jon Van Senus
   a. Address: CCS-Bayview 325 Braden Avenue, Sarasota, FL 34243

   b. Date of birth: Feb. 28, 1963   c. Age: 45  d. Sex: Male  e. ☐ Minor ☒ Adult person with a disability

3. Relationship
   a. Petitioner's relationship to the claimant (check all applicable boxes):
   (1) ☒ Parent          (7) ☒ Other relationship (specify): Florida Court Appointed
   (2) ☒ Guardian ad litem                              Guardian. Please see attachment 3(a).
   (3) ☐ Guardian
   (4) ☐ Conservator
   (5) ☐ Disabled adult claimant is a petitioner. (See instructions for items 3a(5) and (6) below.)
   (6) ☐ Disabled adult claimant's express consent to the relief requested in this petition is provided on Attachment 3a(6).
       (If you checked item (5) or (6), state facts on Attachment 3a(5) or (6) showing that the claimant has capacity under Probate Code section 812 to petition or consent to a petition. Only an adult claimant who has sufficient capacity and who does not have a conservator of the estate may petition or consent to a petition. See Probate Code section 3613.)
   b. (1) Petitioner ☒ is not ☐ is a plaintiff in a suit arising out of the same incident or accident from which the claim arises. (if you answered "is," explain in Attachment 3b the circumstances and whether the petitioner's own claim or its disposition has in any way affected the proposed compromise of the claim that is the subject of this petition.)
      (2) ☐ The claim that is the subject of this petition has been reduced to a judgment for the claimant.
   c. Petitioner ☐ is not ☒ is a claimant against the recovery of the claimant.
      (If you answered "is," explain in Attachment 3c the circumstances and whether the petitioner's own claim or its disposition has in any way affected the proposed compromise of the claim or the proposed disposition of the proceeds of the judgment that is the subject of this petition.)

Page 1 of 8

Form Adopted for Mandatory Use
Judicial Council of California
MC-350 [Rev. January 1, 2007]

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR
PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT
FOR MINOR OR ADULT PERSON WITH A DISABILITY**
(Miscellaneous)

Code of Civil Procedure § 372 et seq.;
Probate Code, § 3500 et seq.;
Cal. Rules of Court, rules 3.1384,
7.950, 7.951

Legal
Solutions
Plus

MC-350

| CASE NAME: IN THE MATTER OF JON VAN SENUS, an incapacitated adult | CASE NUMBER: |
|---|---|

**4. Nature of claim**

The claim of the minor or adult person with a disability

a. ☐ has not been filed in an action or proceeding. *(Complete items 5–23.)*

b. ☒ is the subject of a pending action or proceeding that will be compromised without a trial on the merits of the claim.
Name of court: Orange County Superior Court - A copy of the complaint is attached as Attachment 4(b).
Case No.: 07CC04639        Trial date: vacated        *(Complete items 5–23.)*

c. ☐ has been or will be reduced to a judgment for the claimant after a trial on the merits of the claim.
Judgment filed on *(date):*        Amount: $
*(Attach a copy of the (proposed) judgment as Attachment 4c and complete items 7–8, 10–11, 14–20, and 22–23.)*

**5. ☒ Incident or accident**

The incident or accident occurred as follows:

a. Date and time: March 7, 2007, 5:30 a.m.

b. Place: Newport Beach, California (intersection of Dover Dr. and Cliff Dr.)

c. Persons involved *(names):* Jon Van Senus and Thomas Ngo

☐ Continued on Attachment 5.

**6. ☒ Nature of incident or accident**

The facts, events, and circumstances of the incident or accident are *(describe):* This is an automobile/bicycle accident that occurred on or near the intersection of Dover Drive and Cliff Drive on March 7, 2007, in the City of Newport Beach, California. A delivery driver of the Los Angeles Times fell asleep behind the wheel of his van and struck Jon Van Senus as he rode his bicycle on Dover Drive.

☐ Continued on Attachment 6.

**7. Injuries**

The following injuries were sustained by the claimant as a result of the incident or accident *(describe):* Jon Van Senus suffered from significant hematomas deep within the brain and he was rendered totally incapacitated. Mr. Van Senus was in a coma for approximately two weeks and generally unresponsive for a month. Mr. Van Senus' brain injury left him with various cognitive and behavioral problems. Mr. Van Senus' treating physicians and experts agree that Mr. Van Senus now has the cognitive abilities of a six (6) year old. Mr. Van Senus also suffered other less traumatic injuries to his person, such as a fractured rib and injuries to head, elbow, forearm and wrist.

☐ Continued on Attachment 7.

**8. Treatment**

The claimant received the following care and treatment for the injuries sustained as a result of the incident or accident *(describe):* Mr. Van Senus required acute care following the incident. He was admitted to Western Medical Center and then transferred to St. Jude Medical Center for acute care. He thereafter received brain rehabilitation therapy. He was admitted to Winways Brain Injury Rehabilitation Center in Orange, California and then transferred temporarily to Casa Colina Brain Injury Rehabilitation Center. Mr. Van Senus has since been moved to CCS, Sarasota, Florida, an assisted living facility near petitioner's home

☐ Continued on Attachment 8.

Page 2 of 8

MC-350

| CASE NAME: IN THE MATTER OF JON VAN SENUS, an incapacitated adult | CASE NUMBER: |
|---|---|

**9.** [X] **Extent of injuries and recovery**
*(An original or a photocopy of all doctors' reports containing a diagnosis of and prognosis for the claimant's injuries, and a report of the claimant's present condition, must be attached to this petition as Attachment 9.)*

a. [ ]  The claimant has recovered completely from the effects of the injuries described in item 7, and there are no permanent injuries.

b. [ ]  The claimant has not recovered completely from the effects of the injuries described in item 7, and the following injuries from which the claimant has not recovered are temporary *(describe the remaining injuries):*

[ ]  Continued on Attachment 9b.

c. [X]  The claimant has not recovered completely from the effects of the injuries described in item 7, and the following injuries from which the claimant has not recovered are permanent *(describe the permanent injuries):* Mr. Van Senus is currently in an assisted living facility.  Mr. Van Senus' brain injury appears to be permanent.

[ ]  Continued on Attachment 9c.

**10. Medical expenses**
a.  **Totals**

| | | |
|---|---|---|
| (1) Total charges: | $ | 1,232,546.83 |
| (2) Total amount paid (whether or not by insurance): | $ | 294,164.46 |
| (3) Total of negotiated reductions, if any: | $ | 658,855.85 |
| (4) Total net amount owed: | $ | 279,526.52 *See Att.10(a) |
| (5) Total amount of medical liens, if any: $ 457,112.91 | | |
| (6) Total amount of medical expenses to be paid from proceeds of settlement or judgment: | $ | 496,741.70 |

*(Explain any differences between items 10a (4), (5), and (6) in Attachment 10.)*

b.  The names of the hospitals, doctors, and other health-care providers that have furnished care and treatment for claimant, the respective charges for such care and treatment, the amounts paid, the amounts of negotiated reductions of the charges, if any, the net amounts owed to each provider, and the amount of the provider's lien, if any, are described below:

(1) (a) Provider *(name):* SEE ATTACHMENT 10
   (b) Address:

   (c) Care or treatment *(describe):*

   (d) Amount charged:               $
   (e) Amount paid (whether or not by insurance):   $
   (f) Negotiated reduction, if any:          $
   (g) Net amount owed:             $
   (h) Amount of lien, if any:        $
   (i) Amount to be paid from proceeds of settlement or judgment:     $

(2) (a) Provider *(name):*
   (b) Address:

   (c) Care or treatment *(describe):*

   (d) Amount charged:               $
   (e) Amount paid (whether or not by insurance):   $
   (f) Negotiated reduction, if any:          $
   (g) Net amount owed:             $
   (h) Amount of lien, if any:        $
   (i) Amount to be paid from proceeds of settlement or judgment:     $

[X]  Continued on Attachment 10. *(Provide information about additional providers in the above format.)*

MC-350 [Rev. January 1, 2007] **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY**
*(Miscellaneous)*

MC-350

| CASE NAME: IN THE MATTER OF JON VAN SENUS, an incapacitated adult | CASE NUMBER: |
|---|---|

**11. Information about attorney representing or assisting petitioner**

a. (1) ☐ Petitioner has not been represented or assisted by an attorney in preparing this petition or in any other way with respect to the claim asserted *(if this item is checked, go to item 12)*.

   (2) ☒ Petitioner has been represented or assisted by an attorney in preparing this petition or with respect to the claim asserted *(if this item is checked, answer questions 11b–11g below)*.

b. The attorney who has represented or assisted petitioner is *(name):* Please see Attachment 11(b)
   (1) State Bar number:
   (2) Law firm:
   (3) Address:

   (4) Telephone number:

c. The attorney ☒ did not ☐ did become concerned with this matter, directly or indirectly, at the instance of a party against whom the claim is asserted or a party's insurance carrier. *(If you answered "did," explain the circumstances in Attachment 11c.)*

d. The attorney ☒ is not ☐ is representing or employed by any other party or any insurance carrier involved in the matter. *(If you answered "is," identify the party or carrier and explain the relationship in Attachment 11d.)*

e. The attorney ☒ has not ☐ has received attorney's fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition *(if you answered "has," identify the person who paid the fees or other compensation, the amounts paid, and the dates of payment):*

| From whom *(names)* | Amounts | Dates |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

☐ Continued on Attachment 11e.

f. The attorney ☒ does not ☐ does expect to receive attorney fees or other compensation in addition to that requested in this petition for services provided in connection with the claim giving rise to this petition *(if you answered "does," identify the person who will pay the fees or other compensation, the amounts to be paid, and the expected dates of payment):*

| From whom *(names)* | Amounts | Expected dates |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

☐ Continued on Attachment 11f.

g. Petitioner and the attorney ☐ do not ☒ do have an agreement for services provided in connection with the claim giving rise to this petition. *(If you answered "do," describe the terms of the agreement including the amount of any contingency fee):* Petitioner and Callahan & Blaine, APLC entered into a contingency fee agreement, whereby petitioner agreed to compensate attorney at 40% of any recovery on the case. Petitioner also agreed to reimburse Callahan & Blaine, APLC for costs advanced in connection with the litigation. The reason for the higher percentage rate of compensation called for in the Agreement between Callahan & Blaine, APLC is explained in detail in the Attached Declaration of Sarah C. Serpa.

Petitioner and PTWWW entered into an hourly fee agreement, whereby petitioner agreed to pay PTWWW for their services on an hourly basis and also agreed to reimburse them for costs advanced.

☐ Continued on Attachment 11g.

MC-350 [Rev. January 1, 2007] **PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY** (Miscellaneous)

MC-350

| CASE NAME: IN THE MATTER OF JON VAN SENUS, an incapacitated adult | CASE NUMBER: |
|---|---|

12. [X] **Amount and terms of settlement**

   a. [X] By way of settlement, the following defendants have offered to pay the following sums to the claimant:

| Defendants *(names)* | | Amounts |
|---|---|---|
| Thomas Ngo | $ | 50,000.00 |
| Los Angeles Times | $ | 7,000,000 |
| | $ | _____ |
| Total: | $ | 7,050,000 |

      [ ] Continued on Attachment 12.

   b. The terms of settlement are as follows *(if the settlement is to be paid in installments, both the total amount and the present value of the settlement must be included):* Payment in full upon settlement.

      [ ] Continued on Attachment 12.

13. [X] **Damage payments to others**

   a. [X] By way of settlement, no defendant has offered to pay to any other person or persons money damages arising out of the same incident or accident that resulted in injury to the claimant.

   b. [ ] By way of settlement, one or more defendants have offered to pay to another person or persons money damages arising out of the same incident or accident.

     (1) The total amount offered by all defendants to others *(specify):* $

     (2) The damage payments are to be apportioned and distributed as follows:

| Other plaintiffs or claimants *(names)* | Amounts |
|---|---|
| | $ |
| | $ |
| | $ |

      [ ] Continued on Attachment 13b.

14. **Attorney fees and expenses (other than medical expenses) to be paid from proceeds of settlement or judgment**

   a. Total amount of attorney fees for which court approval is requested: $ 2,842,795.03

     *(If attorney fees are requested, a declaration from the attorney explaining the basis for the requested fees must be attached as Attachment 14a.)*

   b. The following additional items of expense (other than medical expenses) have been incurred or paid, are reasonable, resulted from the incident or accident, and should be paid out of claimant's share of the proceeds of the settlement or judgment:

| Items | Payees *(names)* | Amounts |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | Total: | $ 424,129.71 |

[X] Continued on Attachment 14b.

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY**
*(Miscellaneous)*

**MC-350**

| CASE NAME: IN THE MATTER OF JON VAN SENUS, an incapacitated adult | CASE NUMBER: |
|---|---|

15. **Total balance**
The balance of the proceeds of the proposed settlement or judgment remaining for the claimant after payment of all requested fees and expenses is: $ `3,286,333.56`

16. **Disposition of balance of proceeds of settlement or judgment**
Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows:

a. [X] There is a guardianship of the estate of the minor or a conservatorship of the estate of the adult person with a disability filed in *(name of court):* Florida
Case No.: 2008 GA 010957 NC

(1) [X] $ `3,286,333.56`     of the proceeds in money or other property will be paid or delivered to the guardian of the estate of the minor or the conservator of the estate of the conservatee. The money or other property is specified in Attachment 16a(1).

(2) [ ] Petitioner is the guardian or conservator of the estate of the minor or the adult person with a disability. Petitioner requests authority to deposit or invest $                                     of the money or other property to be paid or delivered under 16a(1) with one or more financial institutions in this state or with a trust company, subject to withdrawal only as authorized by the court. The money or other property and the name, branch, and address of each financial institution or trust company are specified in Attachment 16a(2).

(3) [ ] Petitioner proposes that all or a portion of the proceeds **not** become part of the guardianship or conservatorship estate. Petitioner requests authority to deposit or transfer these proceeds as follows *(check all that apply):*

(a) [ ] $                          will be deposited in insured accounts in one or more financial institutions in this state from which no withdrawals can be made without a court order. The name, branch, and address of each depository are specified in Attachment 16a(3).

(b) [ ] $                          will be invested in a single-premium deferred annuity subject to withdrawal only on order of the court. The terms and conditions of the annuity are specified in Attachment 16a(3).

(c) [ ] $                          will be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act. The name and address of the proposed custodian and the property to be transferred are specified in Attachment 16a(3).

(d) [ ] $                          will be transferred to the trustee of a trust that is either created by or approved of in the order approving the settlement or the judgment given or to be given for the minor. This trust is revocable when the minor attains the age of 18 years and contains all other terms and conditions determined to be necessary by the court to protect the minor's interests. The terms of the proposed trust and the property to be transferred are specified in Attachment 16a(3)
[ ] A copy of the (proposed) judgment is attached as Attachment 4c.

(e) [ ] $                          will be transferred to the trustee of a special needs trust under Probate Code sections 3602(d) and 3604 for the benefit of the minor or the adult person with a disability. The terms of the proposed special needs trust and the property to be transferred are specified in Attachment 16a(3).

b. [ ] There is no guardianship of the estate of the minor or conservatorship of the estate of the adult person with a disability. Petitioner requests that the balance of the proceeds of the settlement or judgment be disbursed as follows *(check all that apply):*

(1) [ ] A guardian of the estate of the minor or a conservator of the estate of the adult person with a disability will be appointed. $                          of money and other property will be paid or delivered to the person so appointed. The money or other property are specified in Attachment 16b(1).

(2) [ ] $                          of money will be deposited in insured accounts in one or more financial institutions in this state, subject to withdrawal only upon the authorization of the court. The name, branch, and address of each depository are specified in Attachment 16b(2).

(3) [ ] $                          of money will be invested in a single-premium deferred annuity, subject to withdrawal only upon the authorization of the court. The terms and conditions of the annuity are specified in Attachment 16b(3).

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY**
**(Miscellaneous)**

MC-350

| CASE NAME: IN THE MATTER OF JON VAN SENUS, an incapacitated adult | CASE NUMBER: |
| --- | --- |

**16. b. Disposition of proceeds of settlement or judgment**

(4) ☐ $_____ will be paid or transferred to the trustee of a special needs trust under Probate Code sections 3604 and 3611(c) for the benefit of the minor or the adult person with a disability. The terms of the proposed special needs trust and the money or other property to be paid or transferred are specified in Attachment 16b(4).

(5) ☐ $_____ will be paid or delivered to a parent of the minor, upon the terms and under the conditions specified in Probate Code sections 3401–3403, without bond. The name and address of the parent and the money or other property to be delivered are specified in Attachment 16b(5). *(Value of minor's entire estate, including the money or property to be delivered, must not exceed $5,000.)*

(6) ☐ $_____ will be transferred to a custodian for the benefit of the minor under the California Uniform Transfers to Minors Act. The name and address of the proposed custodian and the money or other property to be transferred are specified in Attachment 16b(6).

(7) ☐ $_____ will be transferred to the trustee of a trust that is either created by or approved of in the order approving the settlement or the judgment given or to be given for the minor. This trust is revocable when the minor attains the age of 18 years and contains all other terms and conditions determined to be necessary by the court to protect the minor's interests. The terms of the proposed trust and the money or other property to be transferred are specified in Attachment 16b(7).
   ☐ A copy of the (proposed) judgment is attached as Attachment 4c.

(8) ☐ $_____ of money will be held on such conditions as the court in its discretion determines is in the best interest of the minor or the adult person with a disability. The proposed conditions are specified on Attachment 16b(8). *(Value must not exceed $20,000.)*

(9) ☐ $_____ of property other than money will be held on such conditions as the court in its discretion determines is in the best interest of the minor or the adult person with a disability. The proposed conditions and the property are specified in Attachment 16b(9).

(10) ☐ $_____ will be deposited with the county treasurer of the County of *(name):* The deposit is authorized under and subject to the conditions specified in Probate Code section 3611(h).

(11) ☐ $_____ will be paid or transferred to the adult person with a disability. The money or other property is specified in Attachment 16b(11).

☒ Continued on Attachment 16.

**17. Medi-Cal notice**
Notice of the claim or action ☒ has ☐ has not been given under Welfare and Institutions Code section 14124.73. *(If notice has not been given, explain):*

☐ Continued on Attachment 17.

**18. ☐ Statutory liens for special needs trust**
Petitioner requests a court order for payment of funds to a special needs trust *(explain how statutory liens under Probate Code section 3604, if any, will be satisfied):*

☐ Continued on Attachment 18.

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY (Miscellaneous)**

**MC-350**

| CASE NAME: IN THE MATTER OF JON VAN SENUS, an incapacitated adult | CASE NUMBER: |
|---|---|

19. **Summary**

   a. Gross amount of proceeds of settlement or judgment for claimant:       $   7,050,000.00

   b. Medical expenses to be paid from proceeds of settlement
      or judgment:       $     496,741.70

   c. Attorney fees to be paid from proceeds of settlement or
      judgment:       $    2,842,795.03

   d. Expenses (other than medical) to be paid from proceeds
      of settlement or judgment:       $     424,129.71

   e. Total of fees and expenses to be paid from proceeds of settlement or judgment
      (add (b), (c), and (d)):       $(   3,763,666.44 )

   f. Balance of proceeds of settlement or judgment available for claimant after payment of all
      fees and expenses (subtract (e) from (a)):       $   3,286,333.56

20. [X] **Additional orders**
    Petitioner requests the following additional orders (specify and explain):

    [ ] Continued on Attachment 20.

21. [X] Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident or accident in which the claimant was injured; the responsibility for the incident or accident; and the nature, extent, and seriousness of the claimant's injuries. Petitioner fully understands that if the compromise proposed in this petition is approved by the court and is consummated, the claimant will be forever barred from seeking any further recovery of compensation even though the claimant's injuries may in the future appear to be more serious than they are now thought to be.

22. Petitioner recommends the compromise settlement or the proposed disposition of the proceeds of the judgment for the claimant to the court as being fair, reasonable, and in the best interest of the claimant and requests that the court approve this compromise settlement or proposed disposition and make such other and further orders as may be just and reasonable.

23. Number of pages attached: 165

Date: December 8, 2008

Donna L. Snow
(TYPE OR PRINT NAME OF ATTORNEY)

▶ _Donna L. Snow_ (signature)
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 8, 2008

Neala Olson
(TYPE OR PRINT NAME OF PETITIONER)

▶ _Neala K. Olson_ (signature)
(SIGNATURE OF PETITIONER)

**PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR PENDING
ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR
ADULT PERSON WITH A DISABILITY
(Miscellaneous)**

ATTACHMENT 10(a)
Petition To Approve Compromise Of Pending Action

Explanation of Difference between Items 10a(4), (5) and (6):

Item 10a(4) – This number represents the amount due to CCS, a residential care facility located in Florida, in which Jon Van Senus currently resides.

Item 10a(5) – This number is the total of the following liens:

| | |
|---|---|
| DHS – Medi-Cal: | $137,277.51 |
| MSI: | $ 40,308.88 |
| CCS: | $279,526.52 |

Item 10a(6) – This number includes the $39,628.79 to be reimbursed to Neala Olson for payment of medical expenses paid by her, plus the amount of the liens set forth in Item 10a(5). The medical expenses to be paid from the proceeds of settlement are further detailed in the attached spreadsheet.

-1-

ATTACHMENT 10(a)
Petition to Approve Compromise of Pending Action

| Provider/Address/Description of Services | Amount Paid | Negotiated Reduction | Lien Amount | Net Proceeds to be Paid from Settlement |
|---|---|---|---|---|
| **California Department of Health Care Services (Medi-Cal)**, PO Box 997425, Sacramento, CA 95899-7425. Services: Claimant received Medi-Cal services for his injury from the State of California. The State of California has placed a lien on the subject action to recover a significant portion of the sums it paid. The breakdown of the total amount paid by Medi-Cal on behalf of Claimant is set forth in Attached 10(b). | $194,070.79 | $56,793.28 | $137,277.51 | $137,277.51 |
| **Medical Services for Indigents aka MSI**, c/o Renee Nix, MSI Recovery, Physician Services, Inc. on behalf of the Orange County Health Agency, 210 South Juniper Street, Suite 200, Escondido, CA 92025. Services: MSI paid for medical services on Claimant's behalf as detailed in Attachment 10(b). | $60,464.88 | $20,156.00 | $40,308.88 | $40,308.88 |
| **CCS**, 321-325 Braden Avenue, Sarasota, FL 34243; Treatment Provided: Brain Rehabilitation Treatment, as detailed in Attachment 10(b). | $336,466.52 | $56,940.00 | $279,526.52 | $279,526.52 |
| **Subtotal** | *$591,002.19* | *$133,889.28* | *$457,112.91* | *$457,112.91* |
| **Neala Olson**, c/o Palmieri, Tyler, Wiener, Wilhelm & Waldron, 2603 Main Street, 13th Floor, Irvine, CA 92614. Services: Petitioner paid for medical services on Claimant's behalf as detailed in Attachment 10(b). | $39,628.79 | $0.00 | $0.00 | $39,628.79 |
| **TOTALS** | **$630,630.98** | **$133,889.28** | **$457,112.91** | **$496,741.70** |

In the Matter of Jon Van Senus

ATTACHMENT 10(b)
PETITION TO APPROVE COMPROMISE OF PENDING ACTION

| Provider/Address/Treatment Provided | Amount Charged | Amount Paid by Medi-Cal | Amount Paid by MSI | Amount Paid by Neala Olson | Negotiated Reduction | Net Amount Owed/Amount of Lien/Amount to be Paid from Settlement Proceeds |
|---|---|---|---|---|---|---|
| Western Medical Center, 1001 North Tustin Avenue, Santa Ana, CA 92705; Treatment Provided: Acute Care | $490,599.55 | ($75,100.00) | ($57,776.65) | | $357,722.90 | $0.00 |
| St. Jude Medical Center, 101 East Valencia Mesa Drive, Fullerton, CA 92835; Treatment Provided: Acute Care | $350,770.66 | ($114,400.00) | | | $236,370.66 | $0.00 |
| Casa Colina, 255 East Bonita Avenue, PO Box 6001, Pomona, CA 91769-6001; Treatment Provided: Brain Rehabilitation | $6,550.79 | | | ($6,550.79) | $0.00 | $0.00 |
| Winways, 7732 E Santiago Canyon Road, Orange, CA 92869; Treatment Provided: Brain Rehabilitation Treatment | $33,078.00 | | | ($33,078.00) | $0.00 | $0.00 |
| CCS, 321-325 Braden Avenue, Sarasota, FL 34243; Treatment Provided: Brain Rehabilitation Treatment | $336,466.52 | | | | $56,940.00 | $279,526.52 |
| Care Ambulance (medical services billed through hospital); Treatment Provided: General medical treatment | $160.41 | ($160.41) | | | $0.00 | $0.00 |
| Edgar C. Stambuk (medical services billed through hospital); Treatment Provided: General medical treatment | $98.16 | ($98.16) | | | $0.00 | $0.00 |
| Fred E. Nowroozi (St. Jude) (medical services billed through hospital); Treatment Provided: General medical treatment | $3,585.27 | ($3,585.27) | | | $0.00 | $0.00 |
| Hugh R. Adams (medical services billed through hospital); Treatment Provided: General medical treatment | $125.71 | ($125.71) | | | $0.00 | $0.00 |
| Jayshee Sampat (medical services billed through hospital); Treatment Provided: General medical treatment | $18.74 | ($18.74) | | | $0.00 | $0.00 |
| Leslie M. Doi (medical services billed through hospital); Treatment Provided: General medical treatment | $10.51 | ($10.51) | | | $0.00 | $0.00 |
| Maren R. Sowerby (medical services billed through hospital); Treatment Provided: General medical treatment | $72.63 | ($72.63) | | | $0.00 | $0.00 |

In the Matter of Jon Van Senus

ATTACHMENT 10(b)
PETITION TO APPROVE COMPROMISE OF PENDING ACTION

| Provider/Address/Treatment Provided | Amount Charged | Amount Paid by Medi-Cal | Amount Paid by MSI | Amount Paid by Neala Olson | Negotiated Reduction | Net Amount Owed/Amount of Lien/Amount to be Paid from Settlement Proceeds |
|---|---|---|---|---|---|---|
| Minh Bui (medical services billed through hospital); Treatment Provided: General medical treatment | $162.31 | ($162.31) | | | | $0.00 |
| Robert C. Morten (medical services billed through hospital); Treatment Provided: General medical treatment | $25.54 | ($25.54) | | | | $0.00 |
| S. Calif Reference Lab (medical services billed through hospital); Treatment Provided: General medical treatment | $169.79 | ($169.79) | | | | $0.00 |
| Saif H. Siddiqi (medical services billed through hospital); Treatment Provided: General medical treatment | $30.50 | ($30.50) | | | | $0.00 |
| Samuel L. Maxwell (medical services billed through hospital); Treatment Provided: General medical treatment | $40.08 | ($40.08) | | | | $0.00 |
| Victor W. Lee (medical services billed through hospital); Treatment Provided: General medical treatment | $71.14 | ($71.14) | | | | $0.00 |
| John W. Witczak (medical services billed through hospital); Treatment Provided: General medical treatment | $285.00 | | ($120.80) | | $164.20 | $0.00 |
| Humberto Sauri (medical services billed through hospital); Treatment Provided: General medical treatment | $925.00 | | ($236.75) | | $688.25 | $0.00 |
| Newport Beach Fire Dept. Paramedics (medical services billed through hospital); Treatment Provided: General medical treatment | $1,154.52 | | ($163.58) | | $990.94 | $0.00 |
| David Holstein (medical services billed through hospital); Treatment Provided: General medical treatment | $2,120.00 | | ($1,525.19) | | $594.81 | $0.00 |
| Sherry A. Burchell (medical services billed through hospital); Treatment Provided: General medical treatment | $2,536.00 | | ($72.20) | | $2,463.80 | $0.00 |
| Donald J. Snider (medical services billed through hospital); Treatment Provided: General medical treatment | $85.00 | | ($67.32) | | $17.68 | $0.00 |

In the Matter of Jon Van Senus

ATTACHMENT 10(b)
PETITION TO APPROVE COMPROMISE OF PENDING ACTION

| Provider/Address/Treatment Provided | Amount Charged | Amount Paid by Medi-Cal | Amount Paid by MSI | Amount Paid by Neala Olson | Negotiated Reduction | Net Amount Owed/Amount of Lien/Amount to be Paid from Settlement Proceeds |
|---|---|---|---|---|---|---|
| John W. Chen (medical services billed through hospital); Treatment Provided: General medical treatment | $85.00 | | ($67.32) | | $17.68 | $0.00 |
| Zhanna Rapoport (medical services billed through hospital); Treatment Provided: General medical treatment | $85.00 | | ($67.32) | | $17.68 | $0.00 |
| David L. Rodibaugh (medical services billed through hospital); Treatment Provided: General medical treatment | $130.00 | | ($18.98) | | $111.02 | $0.00 |
| Glenda L. Romero-Urquhart (medical services billed through hospital); Treatment Provided: General medical treatment | $40.00 | | ($5.68) | | $34.32 | $0.00 |
| Laszlo P. Kaveggia (medical services billed through hospital); Treatment Provided: General medical treatment | $40.00 | | ($5.68) | | $34.32 | $0.00 |
| Gideon Strich (medical services billed through hospital); Treatment Provided: General medical treatment | $320.00 | | ($41.72) | | $278.28 | $0.00 |
| Joseph John Brugman Jr. (medical services billed through hospital); Treatment Provided: General medical treatment | $2,645.00 | | ($287.17) | | $2,357.83 | $0.00 |
| Michael L. Black (medical services billed through hospital); Treatment Provided: General medical treatment | $20.00 | | ($2.84) | | $17.16 | $0.00 |
| Michael G. McCalley (medical services billed through hospital); Treatment Provided: General medical treatment | $20.00 | | ($2.84) | | $17.16 | $0.00 |
| Patrick K. Kincaid (medical services billed through hospital); Treatment Provided: General medical treatment | $20.00 | | ($2.84) | | $17.16 | $0.00 |
| | | | | | | |
| TOTALS | $1,232,546.83 | ($194,070.79) | ($60,464.88) | ($39,628.79) | $658,855.85 | $279,526.52 |

In the Matter of Jon Van Senus

1

## PROOF OF SERVICE

2      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 3 Hutton Centre, Ninth Floor, Santa

3  Ana, California 92707.

4      On **December 9, 2008** I served the foregoing document(s) entitled as:

5  **NOTICE OF HEARING ON PETITION TO APPROVE SETTLEMENT OF PENDING ACTION**

6  on the interested parties in this action by placing [] the original [x] a true copy thereof enclosed to

7  all parties in a sealed envelope addressed as follows:

8          ** *SEE ATTACHED SERVICE LIST* **

9  [X]    **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's

10  practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am

11  aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in

12  affidavit.

13  []    **BY FEDEX:** I deposited such envelope for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I

14  am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly

15  maintained by Federal Express for receipt on the same day in the ordinary course of business.

16  []    **BY FACSIMILE:** I transmitted the foregoing document by facsimile to the party(s)

17  identified on the attached service list by using the facsimile number(s) indicated. Said transmission(s) was(were) verified as complete and without error.

18  []    **BY PERSONAL SERVICE:** I caused such envelope to be delivered by a process server

19  employed by First Legal Attorney Services.

20      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **December 9, 2008**, at Santa Ana, California.

21

22

23      Barbara Hirsch

24

25

26

27

28

**SERVICE LIST**

*Van Senus, et al. v. Los Angeles Times, et al.*
OCSC Case No. 07CC04639

| | |
|---|---|
| Seth W. Whitaker, Esq.<br>**BOOTH, MITCHEL & STRANGE LLP**<br>707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017<br>Tel:    (213) 738-0100<br>Fax:    (213) 380-3308 | *Attorneys for Defendant, LOS ANGELES TIMES COMMUNICATIONS LLC, dba LOS ANGELES TIMES, a limited liability company* |
| Daniel S. Alderman, Esq.<br>**KINKLE, RODIGER AND SPRIGGS**<br>888 South Figueroa Street, Suite 1000<br>Los Angeles, CA 90017<br>Tel:    (213) 629-1261<br>Fax:    (213) 629-8382 | *Attorneys for Defendant, TAI VO, individually and dba as DM DISTRIBUTION* |
| Eric Chase, Esq.<br>**BOLLINGTON & MCDONALD**<br>3780 Kilroy Airport Way, Suite 540<br>Long Beach, CA 90806<br>Tel:    (562) 988-1049<br>Fax:    (562) 988-6990 | *Attorneys for Defendant, THOMAS NGO* |
| Rivers J. Morrell, III, Esq.<br>**LAW FIRM OF RIVERS J. MORRELL III**<br>27201 Puerta Real, Suite 470<br>Mission Viejo, CA 92691<br>Tel:    (949) 305-1400<br>Fax:    (949) 305-1414 | *Attorneys for Defendant, LOS ANGELES TIMES COMMUNICATIONS LLC, dba LOS ANGELES TIMES, a limited liability company* |
| Bruce Cleeland, Esq.<br>**HAIGHT, BROWN & BONESTEEL LLP**<br>5 Hutton Centre Drive, Suite 900<br>Santa Ana, CA 92707<br>Tel:    (714) 754-1100<br>Fax:    (714) 754-0826 | *Attorneys for Defendant, LOS ANGELES TIMES COMMUNICATIONS LLC* |
| | |