# EXHIBIT "B"

## BLACK-LINED CONSENT ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## CONSENT ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER AND FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") for an order authorizing the employment and retention of Lazard Frères & Co. LLC ("Lazard") as investment banker to the Debtors pursuant to sections 327(a), 328(a) and 1107 of title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the

Code"), nunc pro tunc to the Petition Date; and upon consideration of the Application and all pleadings related thereto, including the Millstein Declaration and the Supplemental Declaration of James E. Millstein in support of the Application (D.I. 419); and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application was due and proper under the circumstances; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and it appearing that Lazard neither holds nor represents any interest adverse to the Debtors or their estates with respect to the matters on which Lazard is to be employed and is a "disinterested person" as required by section 327(a); and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Application is granted as provided herein; and it is further

ORDERED, that, as modified by this Order, and in accordance with Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014, and Local Rule 2014-1, the Debtors are authorized to employ and retain Lazard in accordance with the terms and conditions set forth in the Application, the Engagement Letter and, as modified herein, the Indemnification Letter, effective nunc pro tunc to the Petition Date; and it is further

ORDERED, that subject to the following "ORDERED" paragraph of this Order, Lazard shall be compensated in accordance with the terms of the Lazard Agreement, and, in particular, all of Lazard's fees and expenses in these cases, excepting Other Disposition Fees, which remain subject to further notice and Court approval, but including without limitation the Monthly Fee and the Restructuring/Disposition Fee (as defined in the Engagement Letter and

---

Application.

further modified by this Order), are approved pursuant to Bankruptcy Code section 328(a); and it is further

ORDERED, that, notwithstanding anything to the contrary in this Order, the U.S. Trustee shall retain the right and be entitled to object to the Monthly Fees, the Restructuring/Disposition Fee and any Other Disposition Fee based on the reasonableness standard under Bankruptcy Code sections 330 and 331. The Debtors and Lazard further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Lazard's compensation under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's compensation; and it is further

ORDERED, that notwithstanding anything in the Engagement Letter to the contrary, Lazard shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, and the Debtors are authorized to pay such compensation consistent with (and subject to the limitations of) the aforementioned authority; provided, however, that Lazard shall be compensated and reimbursed ~~pursuant to Bankruptcy Code section 328(a) and that Lazard's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330; and it is further~~ in accordance with the two prior "ORDERED" paragraphs of this Order; and it is further

<u>ORDERED, that the Restructuring/Disposition Fee is reduced from $16 million to $14 million; and it is further</u>

<u>ORDERED, that Lazard shall not seek reimbursement for the fees and expenses of its counsel that were incurred in connection with the prosecution of the Application; and it is further</u>

<u>ORDERED, that paragraph 4 of the Engagement Letter shall not preclude this Court from ordering appropriate remedies in the event that these cases are found to be administratively insolvent; and it is further</u>

<u>ORDERED, that nothing in the Application, the Millstein Declaration, or the Engagement Letter shall be construed to authorize the sharing of compensation in contravention of Bankruptcy Code section 504; and it is further</u>

ORDERED, that ~~the Debtors are authorized to, and shall, pay Lazard's fees and to reimburse Lazard for its costs and expenses as provided in the Lazard Agreement, in accordance with the monthly, interim and final fee application process approved by this Court, and~~ none of the fees payable to Lazard shall constitute a "bonus" or be considered a fee enhancement under applicable law; and it is further

ORDERED, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Lazard and the structure of Lazard's compensation pursuant to the Engagement Letter, Lazard and its professionals shall be ~~excused from maintaining time records as~~ <u>granted a limited waiver of the information requirements</u> set forth in Local Rule 2016-2 ~~and the United States Trustee Fee Guidelines in connection with the services to be rendered pursuant to the Engagement Letter;~~

~~provided, however, that Lazard shall instead present to the Court reasonably detailed descriptions of those services provided on behalf of the Debtors, the approximate time expended in providing those services and the individuals who provided professional services on behalf of the Debtors~~ to keep time records in 1/2-hour increments; and it is further

~~ORDERED, that notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Restructuring/Disposition Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; provided, however, that "reasonableness" for this purpose shall be evaluated by comparing (among other things) the transaction fees payable in these cases to fees paid to other investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length of case based criteria; and it is further~~

ORDERED, that the provisions set forth in the Indemnification Letter are approved, subject during the pendency of these cases to the following:

    (a) subject to the provisions of subparagraph (d), *infra*, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons (as defined in the Indemnification Letter) in accordance with the Indemnification Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter;

    (b) notwithstanding any provisions of the Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to

subparagraph (d), infra, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

(c) if during the pendency of the Debtors' cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and

(d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter (as modified by this Order), including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard.

and it is further;

ORDERED, that the Debtors are authorized and empowered to take, and shall take, all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE

| SIDLEY AUSTIN LLP | SONNENSCHEIN NATH & ROSENTHAL LLP |
|---|---|
| James F. Conlan | Thomas A. Labuda, Jr. |
| Bryan Krakauer | 7800 Sears Tower |
| Kevin T. Lantry | 233 S. Wacker Drive |
| Candice L. Kline | Chicago, Illinois 60606 |
| One South Dearborn Street | 312-876-8000 |
| Chicago, Illinois 60603 | 312-876-7934 |
| Telephone: 312-853-7000 | |
| Facsimile: 312-853-7036 | |
| | |
| By: _____ | By: _____ |
| Attorneys for Tribune Company | Attorneys for Lazard Frères & Co. LLC |