# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] ) | |
| ) | Case No. 08-13141 (KJC) |
| Debtors. ) | |
| ) | Jointly Administered |
| In re: ) | |
| ) | |
| TRIBUNE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding |
| vs. ) | No. 09-_____ |
| ) | |
| DAN NEIL, CORIE BROWN, HENRY ) | |
| WEINSTEIN, WALTER ROCHE, JR., ) | |
| MYRON LEVIN, and JULIE MAKINEN, ) | |
| individuals, on behalf of themselves and on ) | |
| behalf of all others similarly situated, ) | |
| ) | |
| Defendants. ) | |
| ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5418676v1

## ADVERSARY COMPLAINT FOR DECLARATORY
## JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff, Tribune Company, one of the above-captioned debtors and debtors-in-possession, by and through its undersigned counsel, for its Adversary Complaint for Declaratory Judgment and Injunctive Relief (the "Adversary Complaint") against defendants Dan Neil, Corie Brown, Henry Weinstein, Walter Roche, Jr., Myron Levin, and Julie Makinen, individuals, on behalf of themselves and purportedly on behalf of all others similarly situated ("Defendants" or the "*Neil* Plaintiffs") alleges as follows:

### NATURE OF THE ACTION

1.  Tribune Company ("Tribune") brings this complaint seeking declaratory relief that a lawsuit pending in the United States District Court for the Northern District of Illinois (the "District Court") is stayed pursuant to section 362(a) of the Bankruptcy Code and injunctive relief under section 105(a) of the Bankruptcy Code enjoining further prosecution of that lawsuit.

### THE PARTIES

2.  Tribune is a company headquartered in Chicago and organized under the laws of Delaware that operates newspapers, television stations, and other media outlets throughout the United States.

3.  Defendants in this Adversary Proceeding are six named plaintiffs (the "*Neil* Plaintiffs") in the civil action pending in the District Court styled as, *Dan Neil, Corie Brown, Henry Weinstein, Walter Roche, Jr., Myron Levin and Julie Makinen, individuals, on behalf of themselves and on behalf of all other similar situated v. Samuel Zell, GreatBanc Trust Company, EGI-TRB, LLC et al.*, Case No. 08-cv-06833 (the "*Neil* Action").

2

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §§ 157 and 1334(b), this Court has jurisdiction over this matter, because it arises under and is related to the chapter 11 cases, *In re Tribune Company, et al.*, Case No. 08-13141 (KJC), pending in this Court. Pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), this is a core proceeding.

5. An actual controversy exists between Tribune and the *Neil* Plaintiffs because the *Neil* Plaintiffs have violated the automatic stay by (i) continuing an action against non-debtors that they know or should know would have an adverse impact on Tribune's ability to reorganize; and (ii) continuing to pursue an action which will deplete Tribune's estate assets. In addition, an actual controversy exists between Tribune and the *Neil* Plaintiffs as to the amount of damages the *Neil* Plaintiffs may incur and therefore the amount of Tribune's exposure to claims for indemnification.

## BACKGROUND FACTS

### A.    Tribune's Bankruptcy Case.

6. On December 8, 2008, Tribune and the above-captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

7. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

46429/0001-5418676v1

9.  A detailed explanation of Tribune's business operations and of the circumstances leading to the commencement of Tribune's bankruptcy case is set forth in the *Affidavit of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company in Support of First Day Motions* (the "Bigelow Affidavit"). [Doc. No. 3]. Mr. Bigelow is the Senior Vice President and Chief Financial Officer of Tribune, as well as one of the named defendants in the *Neil* Action.

**B.     The *Neil* Action.**

   **i.     The Parties.**

10.  On September 16, 2008, former employees of the Los Angeles *Times*, Corie Brown, Henry Weinstein, Walter Roche, Jr., Myron Levin, and Jack Nelson and one current employee, Dan Neil, filed the *Neil* Action against Tribune and others, asserting six claims for alleged violations of the Employee Retirement and Income Security Act ("ERISA"), and two claims for common law breach of fiduciary duty and aiding and abetting breaches of fiduciary duty. The six plaintiffs sought to represent a putative class that allegedly includes several thousand people defined as "[a]ll individuals who are or, at the time of or after the date two years before the filing of this Complaint (the "class period"), were employed by the Tribune Company and had rights under the Tribune ESOP." (Compl. at ¶ 63.)

11.  Before an answer or other responsive pleading was due, Tribune's chapter 11 filing intervened. On December 30, 2008, the *Neil* Plaintiffs filed their First Amended Complaint (the "*Neil* Complaint" or the "Am Compl.") in the District Court.[2] The First Amended Complaint added a number of additional defendants, scaled back their claims to two ERISA claims and a claim for common law breach of fiduciary duty, modified the putative class,

---

[2]    Former employee Jack Nelson ceased to be a named plaintiff in the lawsuit and was replaced by current employee Julie Makinen.

asked the District Court "for judgment against Defendants, and each of them except the Tribune Company, on each claim for relief...", and also asked the District Court to remove certain of the individual defendants from Tribune's board of directors. (Am. Compl. at pages 57, 60.) The *Neil* Complaint now seeks to represent a putative class that allegedly includes: "[a]ll individuals who are or, at any time on or after the 2007 Transactions, were participants in or beneficiaries of the Tribune ESOP." (Am. Compl. at ¶ 140.) The *Neil* Plaintiffs did not obtain relief from the automatic stay before filing the *Neil* Complaint.

12. Of the *Neil* Plaintiffs, only Neil and Makinen are employees of Tribune and have a current or potential economic interest in the ESOP (defined below). (*See* Ex. A (Declaration of C. Bigelow, dated October 13, 2008) ¶ 12.)

13. The *Neil* Complaint continues to name Tribune but the prayer for relief does not seek recovery against Tribune. (*See* Ex. B (*Neil* Complaint.)) The other named defendants include: Tribune Company Employee Benefits Committee (the "Committee"), which administers the ESOP (Am. Compl. at ¶ 31.); GreatBanc Trust Company, the trustee for the ESOP (*Id.* at ¶ 45); EGI-TRB, L.L.C. (*Id.* at ¶ 46); and individual defendants Zell, Tribune's Chairman of the Board, President, and CEO since December 2007 (*Id.* at ¶ 47); current Tribune board members Jeffrey S. Berg, Brian L. Greenspun, Betsy D. Holden, William A. Osborn, William Pate, Mary Agnes Wilderotter, Mark Shapiro, and Frank Wood (collectively the "New Board") (*Id.* at ¶¶ 48-55); Tribune's Senior Vice President and Chief Financial Officer and member of the Committee, Chandler Bigelow (*Id.* at ¶ 34); Tribune's Senior Vice President of Financial Operations and member of the Committee, Harry Amsden (*Id.* at ¶ 33); Tribune's Vice President, Human Resources and member of the Committee, Michael Bourgon (*Id.* at ¶ 35); Tribune's Vice President, Strategy, and member of the Committee, Naomi Sachs (*Id.* at ¶ 42); members and

former members of the Committee (*Id.* at ¶¶ 32, 36-40, and 43-44); a former Tribune officer, John Poelking (*Id.* at ¶ 41); and Tribune's former Chairman of the Board, President, and CEO, Dennis J. FitzSimons. (*Id.* at ¶ 57.)

### ii. The ESOP Transaction in 2007.

14. The claims asserted in the *Neil* Complaint arise out of the transaction in 2007 in which Tribune went from a publicly-traded company to a privately-held company (the "Leveraged ESOP Transaction").

15. In 2006 and 2007, Tribune's board considered several possible transactions with respect to the company. (Ex. C (Proxy) (excerpted pages) at 17-26.) After considering various alternatives, engaging in extensive negotiations, and conducting significant due diligence, in April 2007, Tribune accepted a proposal from Equity Group Investments, L.L.C. (Ex. C at 27.)

16. In the first stage of the Leveraged ESOP Transaction, the ESOP borrowed $250 million from Tribune ("the ESOP Note") to purchase approximately 9 million shares of Tribune common stock for $28 a share. (Ex. D (ESOP Note); Ex. C at 8.) At that time, Tribune's stock was trading publicly at $32.81 per share. (*See* Ex. E (4/2/07 Stock Quote.)) The ESOP Note was to be repaid in initial annual installments of $15,342,301, commencing April 1, 2008, over 30 years, from annual contributions Tribune agreed to make to the ESOP and/or distributions paid on the shares of the Company's common stock. (Ex. D at 3; Ex. C at 8.) The ESOP Note is non-recourse to the ESOP and no ESOP participants are or will be required to make any contributions to repay the ESOP Note. (Ex. D at 2; Ex. F (ESOP Pledge Agmt.) at § 11.) In a cash tender offer in June 2007, Tribune acquired 126 million shares at $34 a share. (Am. Compl. at ¶ 96.)

17. In the second stage of the Leveraged ESOP Transaction, in December 2007, Tribune cancelled the remaining outstanding Tribune shares and automatically converted them

46429/0001-5418676v1

into the right to receive $34 per share. (*See id.* at ¶99.) Tribune then merged with a subsidiary of the ESOP, which resulted in the ESOP holding all of Tribune's stock. (*See Id.* at ¶¶ 100-101; Ex. C at 82.)

18. Fairness opinions, which have been publicly filed (Ex. C at B1-B3 and C1-C3), were prepared by Morgan Stanley and Merrill Lynch related to the Leveraged ESOP Transaction. Also, GreatBanc, the ESOP's trustee, obtained from Duff & Phelps LLC, an opinion that confirmed the fairness of the $28/share price that the ESOP paid for Tribune shares in April 2007. (Ex. G (7/18/07 Supplement to Proxy) at 3.)

### iii. The *Neil* Action Claims.

19. The *Neil* Complaint[3] alleges that: (a) the defendants in the *Neil* Action breached their fiduciary duties under ERISA §§502(a)(2) and (a)(3), 29 U.S.C §§ 1132(a)(2) and (a)(3); and (2) the defendants in the *Neil* Action engaged in prohibited transactions forbidden by ERISA §§ 406(a)-(b), 29 U.S.C. §§ 10106(a)-(b); and (c) certain of the defendants breached their state law fiduciary duties.

20. On February 27, 2009, Defendants filed in the District Court the *Plaintiff's Motion for Leave to File a Second Amended Complaint, Enter a Partial Stay and Set a Briefing and Discovery Schedule*. The proposed Second Amended Complaint dismisses, without prejudice, the state law fiduciary count. Defendants acknowledge that count is stayed as a result of Tribune's bankruptcy case. (*See* Ex. H (Second Amended Complaint.)) Tribune believes that the proposed Second Amended Complaint continues to violate the automatic stay.

21. On March 13, 2009, at the request of the District Court, Tribune and certain defendants in the *Neil* Action filed the *Tribune and Defendants' Memorandum of Law Regarding*

---

[3] Tribune refers here to the *Neil* Plaintiffs' allegations in the *Neil* Complaint, but Tribune does not admit any of the *Neil* Plaintiffs' allegations.

*Whether this Court or the Bankruptcy Court Should Decide Stay Issues*, which argues that the District Court should allow this Court to rule on the stay issues.

22. The *Neil* Plaintiffs have advised Tribune that they believe their damages may be in the "billions of dollars." Tribune disputes the *Neil* Plaintiffs' claim for damages.

### C.     Tribune's Indemnification Obligations and Insurance Policies.

23. Tribune is a Delaware Corporation. Pursuant to its Amended and Restated Certificate of Incorporation, Tribune is required to indemnify its directors and officers to the "fullest extent permitted by applicable law." (Ex. I (Amended and Restated Certificate of Incorporation.)) Delaware General Corporation Law § 145 allows a company to indemnify any person sued as a director, officer, employee, or agent of the company "if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation."

24. Although Tribune has purchased certain insurance policies that it contends would cover the claims asserted in the *Neil* Action, those policies are not sufficient to cover claims for the damages the *Neil* Plaintiffs purport to have incurred. In addition, the insurance policies at issue have self-insured retentions that have not been met and Tribune may have obligations to indemnify for these amounts too.

25. The *Neil* Plaintiffs' continued assertion of claims for amounts far in excess of the Debtors' insurance policies and their insistence that any recovery is not limited to insurance proceeds only, makes Tribune the real party in interest in the *Neil* Action because Tribune may ultimately be responsible for a significant portion of such claims asserted by the *Neil* Plaintiffs.

26. Tribune believes it likely that the *Neil* Plaintiffs will press their claims against Tribune in these bankruptcy cases, just as they originally had named Tribune as a defendant in

the *Neil* Action and that the defendants in the *Neil* Action who are directors and officers of Tribune will likely assert indemnity claims for attorneys' fees and any damages awarded in the *Neil* Action.

27. The outsized nature of the claims asserted by the *Neil* Plaintiffs in the District Court, outside this Court's jurisdiction, makes expeditious pursuit and confirmation of a plan of reorganization in these cases more difficult.

## COUNT I – DECLARATORY JUDGMENT
## (28 U.S.C. § 2201)

28. Tribune incorporates and alleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Section 362 of the Bankruptcy Code prohibits the commencement or continuation of any actions against a debtor that were or could have been commenced prior to the bankruptcy filing, or that seek to recover for any claim that arose prior to the commencement of the bankruptcy case.

30. Section 362(a)(3) of the Bankruptcy Code prohibits the commencement or continuation of any act to obtain possession or exercise control over the property of a debtor's estate.

31. Tribune is, in fact, the real party in interest in the litigation and the *Neil* Plaintiffs' assertion of claims in excess of the Debtors' insurance policies is an act to obtain possession of or exercise control over the Debtors' property.

32. If, and to the extent ultimately allowed, the claims likely to be asserted against Tribune in these chapter 11 cases, including the potential indemnification claims arising from the *Neil* Action, will be an important factor in determining the content and structure of the Debtors' plan of reorganization. It will be more difficult for the Debtors to negotiate a plan of

9

reorganization if the *Neil* Action is allowed to proceed outside the jurisdiction of this Court in a District Court proceeding of uncertain duration, as opposed to being determined in this Court in conjunction with the plan of reorganization process

33. Continued prosecution of the *Neil* Action will distract Tribune's key personnel (who are defendants in the *Neil* Action) from their reorganization efforts and will distract other members of Tribune's management as well.

34. A substantial controversy exists between Tribune and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.

WHEREFORE, Tribune respectfully requests that this Court enter judgment in its favor and enter an Order: (a) declaring that the continued prosecution of the *Neil* Action is a violation of section 362(a) of the Bankruptcy Code; and (b) awarding any such other and further relief as the court deems just and proper.

## COUNT II – INJUNCTIVE RELIEF

35. Tribune incorporates and alleges Paragraphs 1 through 27 and 31-34 of this Complaint as if fully set forth herein.

36. Both the *Neil* Plaintiffs and the non-debtor director and officer defendants in the *Neil* Action can be expected to assert their claims and indemnification claims, respectively, against Tribune in these chapter 11 cases.

37. Continued litigation of the *Neil* Action will impair the Tribune's restructuring efforts by distracting its directors and officers as the Debtors focus their efforts on devising and negotiating a viable reorganization plan.

38. The *Neil* Action exposes Tribune to the risk of clear prejudice as a result of findings made without Tribune's participation, including through the assertion of collateral

estoppel by the *Neil* Plaintiffs. Thus, although the *Neil* Action would continue only as to non-debtor defendants, it would nonetheless require the attention of and a defense of Tribune itself.

39. The harm to Tribune if an injunction is not issued will significantly outweigh any harm suffered by the *Neil* Plaintiffs if the *Neil* Action is enjoined. The *Neil* Plaintiffs will suffer no cognizable harm. A preliminary injunction will only delay resolution of the *Neil* Action.

40. Moreover, the Debtors' plan of reorganization may moot the *Neil* Action. The Debtors' confirmed plan of reorganization may cancel some or all of the existing Tribune common stock. If this were to occur, the ESOP's non-recourse obligations to pay for the cancelled stock would likely be eliminated as well, thereby mooting the damage claim asserted by the plaintiffs in the *Neil* Complaint.

41. An injunction will serve the public interest by allowing Tribune and its directors and officers to focus on reorganization efforts and maximization of the Debtors' estates. A stay will allow this Court to address the *Neil* Plaintiffs' claims and the indemnification claims, which are critical to the Debtors' ability to reorganize.

WHEREFORE, Tribune respectfully requests that this Court enter judgment in its favor and enter an Order: (a) preliminarily and permanently enjoining pursuant to sections 362(a) and 105(a) of the Bankruptcy Code prosecution of the *Neil* Action; and (b) awarding any such other and further relief as the court deems just and proper.

46429/0001-5418676v1

Dated: March 13, 2009

Respectfully submitted,

JENNER & BLOCK LLP
David J. Bradford
Craig C. Martin
330 North Wabash Avenue
Chicago, IL 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Special Counsel to the Debtors and Debtors in Possession for the Neil Litigation*

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Counsel to the Debtors and Debtors in Possession*

46429/0001-5418676v1