# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket No. 490<br>Hearing Date: March 25, 2009 3:00 p.m.<br>Reply Deadline: March 20, 2009 |

## DEBTORS' PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE MOTION OF JON VAN SENUS, BY AND THROUGH HIS GUARDIAN AD LITEM, NEALA OLSON, FOR RELIEF FROM THE AUTOMATIC STAY TO RECEIVE PAYMENT PURSUANT TO SETTLEMENT AGREEMENT

Tribune Company and most of its wholly owned subsidiaries, each of which is a debtor and debtor in possession (each a "Debtor" and collectively, the "Debtors"), hereby file this preliminary objection (the "Objection") and reservation of rights with respect to the motion of Jon Van Senus ("Van Senus"), by and through his guardian ad litem, Neala Olson, for relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5429958v1

from the automatic stay to pursue payment pursuant to settlement agreement [Docket No. 490] (the "Motion"). In support of this Objection, the Debtors respectfully represent as follows:

1. Through the Motion, Van Senus seeks relief from the stay to collect on an unexecuted prepetition settlement agreement involving the Debtors and two (2) of their insurers. The Debtors and Official Committee of Unsecured Creditors (the "Committee") are currently in the process of formulating global procedures for handling prepetition personal injury claims, including Van Senus' prepetition claim. The Debtors anticipate that, once finalized, these procedures will enable the Debtors to efficiently resolve such claims in a manner that is consistent with the terms of the Debtors' insurance policies, thereby limiting any potential exposure to the Debtors on account of outstanding deductible obligations under such policies or risk to the claimants that actions might adversely effect the insurance coverage.[2] As of the objection deadline to the Motion, however, the Debtors and Committee have not yet completed their analysis of these procedures and the Debtors have not yet completed their discussions with the relevant insurers.

2. In light of the foregoing, the Debtors communicated with Van Senus' counsel regarding the relief requested in the Motion and requested a brief continuance of the Motion for the purposes of (i) affording the Debtors sufficient time to develop and implement global claims resolution procedures and (ii) attempting to reach a consensual resolution to the Motion consistent with such procedures.[3] Van Senus' counsel, however, has not consented to

---

[2] As previously indicated, all but one (1) of the prepetition personal injury cases pending against the Debtors is subject to a $1 million deductible obligation. See Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code [Docket No. 465].

[3] There have been two (2) other motions filed in the Debtors' chapter 11 cases by personal injury claimants seeking relief from the automatic stay to pursue insurance proceeds. See Motion of Allen Francisco ("Francisco") for Relief From Stay Under Section 362 of the Bankruptcy Code [Docket No. 438] and Motion for Relief From Stay filed by of Andrew and Jennifer Faggio (the "Faggios") [Docket No. 476]. In light of the Debtors' and Committees' efforts to formulate global claims resolution procedures, counsel to Francisco and the Faggios have consented to a continuance of their Motions.

such a continuance. Accordingly, the Debtors submit this preliminary Objection seeking a continuance of the hearing on the Motion until April 9, 2009, the next scheduled omnibus hearing in the Debtors' chapter 11 cases.

3. Such continuance is consistent with Rule 4001 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), which provides that with respect to motions seeking relief from the automatic stay, the hearing date specified in the motion is a preliminary hearing date, and "[t]he attorneys for the parties shall confer with respect to the issues raised by the motion in advance of the hearing for the purpose of determining whether a consensual order may be entered . . ." See Local Rule 4001(c)(iii) and (d).

4. In the event ongoing discussions do not enable the parties to reach a consensual resolution prior to a continued hearing on the Motion, the Debtors reserve their right to supplement this limited Objection in response to certain aspects of the relief sought in the Motion.

[Remainder of page intentionally left blank.]

46429/0001-5429958v1

WHEREFORE, the Debtors respectfully request that the Motion be continued to April 9, 2009, the next scheduled omnibus hearing in the Debtors' cases, and that the Court grant such other and further relief as is warranted.

Dated: Wilmington, Delaware
March 18, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION