# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>*RE DOC NO. 540* |

## ORDER APPOINTING FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND CONSIDERATION OF FEE APPLICATIONS

The Court having entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") on January 15, 2009 [Docket No. 225]; and the Court having determined that the size and complexity of these cases will result in numerous and lengthy written applications for payment of professional fees and reimbursement of expenses; and it appearing that the appointment of a fee examiner pursuant to section 105(a) of the Bankruptcy Code, Rule 9017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 706 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Federal Rules of Evidence and Rule 2016-2(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the procedures of this Court is in the best interests of the Debtors' estates, their creditors, and all parties-in-interest; and it further appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and the Office of the United States Trustee having conferred and reached agreement with respect to this Order; and the Court having determined that sufficient cause exists to appoint a fee examiner;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. <u>Employment of Fee Examiner</u>. Stuart Maue is hereby appointed and employed as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review, as described in this Order.

2. <u>Scope of Order</u>. This Order applies to: (i) all professionals employed or to be employed in these cases pursuant to sections 327, 328, or 1103 of Title 11 of the United States Code (the "Bankruptcy Code"); (ii) all members of any official committee (the "Committee Members") appointed in these cases and (iii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court. This Order does **not** apply to: (a) fees earned by professionals that represent a percentage of a specified transaction, (b) ordinary course professionals employed by the Debtors in accordance with the Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business [Docket No. 227], dated January 15, 2009 (the "Ordinary Course Professionals Order"); provided, however, that to the extent the fees and expenses of any professional employed pursuant to the Ordinary Course Professionals Order exceed the compensation cap set forth therein, such fees and expenses shall be reviewed by the Fee Examiner as set forth herein, or

(c) as otherwise ordered by the Court. In addition, and for the avoidance of doubt, the terms of this Order shall not apply to services rendered by Case Professionals (as defined below) on behalf of non-Debtor affiliates of the Debtors. The parties subject to the terms of this Order are hereinafter referred to as "Case Professionals."

3. <u>Purpose of Order</u>. The Court has determined that, in conjunction with the appointment of the Fee Examiner, it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of Case Professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[2]

4. <u>Effect on Interim Compensation Procedures</u>. The terms of the Interim Compensation Order shall be modified by this Order to provide that the Monthly Fee Applications and Quarterly Fee Application Requests (as defined in the Compensation Order) filed by all Case Professionals shall also be sent to the Fee Examiner, including the time entries and itemized expenses that comprise portions of the Monthly Fee Applications and Quarterly Fee Application Requests (the "<u>Fee and Expense Detail</u>"). The Monthly Fee Applications and Quarterly Fee Application Requests may be sent to the Fee Examiner, via e-mail to l.cooper@smmj.com or hard-copy format via first-class U.S. Mail to: Linda K. Cooper, Stuart Maue, 3840 McKelvey Road, St. Louis, MO 63044.

The Fee and Expense Detail shall be sent to the Fee Examiner via e-mail in a searchable electronic format, such as LEDES or Excel. If the Fee and Expense Detail has been submitted in an electronic format with the Monthly Fee Applications, it shall not be necessary to resubmit such detail in conjunction with the filing of a Quarterly Fee Application Request, unless the Fee and Expense Detail has been changed or modified. If a Case Professional is unable to convert its Fee and Expense Detail to the LEDES or Excel formats, the Case Professional may discuss an alternative electronic format with the Fee Examiner.

---

[2] Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective January 30, 1996 ("Guidelines").

With respect to any Monthly Fee Applications that have been filed prior to the entry of this Order, the Case Professionals shall provide the Fee and Expense Detail to the Fee Examiner within fifteen (15) days of the entry of this Order.

5.  **Duties of Fee Examiner and Related Procedures**.  During the course of its review, the Fee Examiner shall be responsible for general familiarity with the docket in these chapter 11 cases.  The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

The Fee Examiner shall review and analyze in detail the Monthly Fee Applications, Quarterly Fee Application Requests, and final fee applications submitted by each Case Professional pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines.  Within thirty (30) days of receipt of a particular Case Professional's Quarterly Fee Application Request or final fee application and the electronic copy of the Fee and Expense Detail respecting such Quarterly Fee Application Request or final fee application, the Fee Examiner shall provide a preliminary report regarding such review (the "Preliminary Report") to the Case Professional.  This period may be extended by mutual consent of the Fee Examiner and the Case Professional.  The Preliminary Report will not be filed with the Court or sent to the Notice Parties.

The Case Professional shall thereafter have twenty (20) days to provide to the Fee Examiner additional information or comments in response to the Preliminary Report, which period may be extended by mutual consent of the Fee Examiner and the Case Professional. The response to the Preliminary Report shall be in writing in a searchable electronic format, such as Microsoft Word, WordPerfect, or Excel, and forwarded to the Fee Examiner by e-mail. The Case Professional may also respond telephonically to the Preliminary Report.

Within thirty (30) days after the date of the Case Professional's response to the Preliminary Report, the Fee Examiner shall file a final report (the "Final Report") with the Court regarding each Quarterly Fee Application Request or final fee application.  This period

4

may be extended by mutual consent of the Fee Examiner and the Case Professional. The Fee Examiner shall serve the Final Report upon the respective Case Professional and the Notice Parties (as defined in the Interim Compensation Order). The Final Report shall be in a format designed to opine whether the requested fees of the Case Professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines. Within fifteen (15) days after the date of the Final Report for each Quarterly Fee Application Request and final fee application, the Case Professional may file with the Court a response to such Final Report. This response shall be served upon the Notice Parties and the Fee Examiner.

Hearings on the Quarterly Fee Application Requests shall be scheduled after the Fee Examiner has filed Final Reports for all Quarterly Fee Application Requests submitted for that period. The hearing on the final fee applications shall be scheduled after the Fee Examiner has filed final reports for those applications.

Should a Case Professional fail to meet one or more deadlines set forth herein for the review of a Quarterly Fee Application Request, and, in the discretion of the Fee Examiner, the Case Professional's failure to meet these deadlines does not allow sufficient time for the review process to be completed with respect to such Quarterly Fee Application Request, such Quarterly Fee Application Request shall be heard at a subsequent hearing date.

The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the United States Trustee, any official committee appointed in these cases, and other parties-in-interest in the Debtors' chapter 11 cases, consistent with Rule 706 of the Federal Rules of Evidence.

6. **Fees and Expenses of the Fee Examiner**. The fees and expenses of the Fee Examiner shall be subject to application and review, pursuant to Federal Rule of Evidence 706(b), and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in

accordance with this Order shall be charged at the Fee Examiner's ordinary and customary hourly rates for services of this nature.

7. <u>Statutory Rights and Obligations of Interested Parties Unaffected</u>. This Order does not limit the statutory rights and obligations of parties-in-interest in these cases, including, but not limited to, the rights of parties-in-interest to object to Monthly Fee Applications, Quarterly Fee Application Requests, and/or final fee applications.

8. <u>Service of this Order</u>. Counsel for the Debtors shall promptly cause a copy of this Order to be served on the Notice Parties and each of the Case Professionals retained in these cases, and shall file a certificate of service upon completion of such service.

9. <u>Effect of this Order</u>. This Order shall be effective *nunc pro tunc* to February 20, 2009 and shall remain in effect unless and until the Court orders otherwise.

10. <u>Power of the Court</u>. The Court shall retain authority to modify this Order upon notice to the parties. Notwithstanding any of the other provisions in this Order, the Court shall retain the authority and responsibility to determine whether fees and expenses requested are reasonable and necessary fees and expenses under section 330 of the Bankruptcy Code.

Dated: March 19, 2009

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

CH1 4591896v.1