IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: April 9, 2009 at 10: 00 a.m. EST<br>Objection Deadline: April 2, 2009 at 4:00 p.m. EST<br>Related to Docket No. 559 |

## JOINT MOTION OF THE DEBTORS AND BARCLAYS BANK PLC FOR ENTRY OF AN ORDER AUTHORIZING TO FILE UNDER SEAL CERTAIN FEE LETTERS

The above-captioned debtors and debtors in possession (together, the "Debtors") and Barclays Bank PLC ("Barclays," together with the Debtors, the "Movants") hereby move the Court (the "Motion") for entry of an order (the "Order"), in substantially the form attached hereto as Exhibit A, authorizing the Movants to file under seal certain Fee Letters (as defined

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

below) associated with the Second DIP Financing Motion (as defined below). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On December 8, 2008, the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

5. The Debtors are continuing in possession of their properties, and continue to operate and manage their businesses, as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

6. On December 9, 2008, contemporaneously with the filing of the Debtors' motion seeking authority to continue post-petition a modified securitization transaction and enter into a debtor-in-possession letter of credit facility (the "DIP Facilities"), Debtors requested entry of an order authorizing certain fee letters associated with the DIP Facilities (the "Initial Fee Letters") to be filed under seal (Docket No. 20) (the "Initial Seal Motion").

7. On December 10, 2008, this Court entered an Order Authorizing the Debtors and Barclays Bank PLC To File Under Seal Certain Fee Letters (Docket No. 62).

8. On December 11, 2008, this Court entered an Interim Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and For Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter Into a Letter of Credit Facility, (3) Modify the Automatic Stay and (4) Granting Other Related Relief (Docket No. 67).

9. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

10. On January 15, 2009, this Court entered a Final Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and For Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter Into a Letter of Credit Facility, (3) Modify the Automatic Stay and (4) Granting Other Related Relief (Docket No. 233).

### THE PROPOSED SECOND DIP FINANCING

11. Contemporaneously with the filing of this Motion, the Movants have sought authority to amend and restate the DIP Facilities (the "Second DIP Financing Motion") in order to assure sufficient available sources of working capital and financing to continue to carry on the operation of the Debtors' businesses.

12. The Second DIP Financing Motion seeks authority for Debtor Tribune Company and the other Originators[2] to enter into (a) an Amended and Restated Receivables Loan Agreement, among Tribune Company, Tribune Receivables, LLC ("Tribune Receivables") and Barclays, in its capacities as lender, administrative agent, and other financial institutions from time to time party thereto as lenders, (b) an Amended and Restated Receivables Purchase Agreement among Tribune Receivables, Tribune Company and the other Originators, and (c) an Amended and Restated Servicing Agreement, among Tribune Receivables, Tribune Company and the other Originators (collectively, as amended, supplemented or otherwise modified from time to time, the "Amended and Restated Agreements"). Pursuant to the Amended and Restated Agreements, among other things, Barclays and the other lenders would reduce the aggregate principal amount of loans available to Tribune Receivables from $300,000,000 to up to $225,000,000 (consisting of an Aggregate Revolving Loan Commitment (as defined in the ARRLA) in the amount of [up to $75,000,000] and an Aggregate Term Commitment (as defined in the ARRLA) of [up to $150,000,000]) and extend the maturity date of the loans. Additionally, Tribune Company and the other Debtors would continue to guarantee certain of the obligations of Tribune Receivables under the Amended and Restated Agreements.

13. The Second DIP Financing Motion also seeks authority for Tribune Company and the other Debtors to enter into Amendment No. 2 to the Letter of Credit Agreement, which shall

---

[2] "Originators" means, collectively, the following: Tribune Company, Chicagoland Television News, Inc., Tribune Broadcast Holdings, Inc., Tribune Interactive, Inc., Tribune Television Holdings, Inc., WGN Continental Broadcasting Company, WPIX, Inc., Tribune Television New Orleans, Inc., KSWB Inc., KTLA Inc., KIAH Inc., Tower Distribution Company, Tribune Television Northwest, Inc., Tribune Television Company, Channel 40, Inc., Channel 39, Inc., Los Angeles Times Communications LLC, WDCW Broadcasting, Inc., Orlando Sentinel Communications Company, Sun-Sentinel Company, Gold Coast Publications, Inc., Forum Publishing Group, Inc., The Daily Press, Inc., Chicago Tribune Company, The Baltimore Sun Company, The Hartford Courant Company and The Morning Call, Inc. At the time of this Motion, the Debtors and Barclays were actively working to add Debtor Tribune Media Services, Inc. as an Originator.

extend the expiration date of that certain Letter of Credit Agreement among Barclays, as administrative agent and issuing bank, together with a syndicate of financial institutions and the Debtors (as amended, supplemented or otherwise modified from time to time, the "Amended Letter of Credit Agreement"). The terms of the Amended Letter of Credit Agreement and the Amended and Restated Agreements are described in detail in the Second DIP Financing Motion.

## THE FEE LETTERS

14. In connection with the provisions of the Amended and Restated Agreements and Amended Letter of Credit Agreement, Tribune Receivables and Tribune Company have agreed to supplement and/or amend and restate the Initial Fee Letters (the "Fee Letters").

15. Pursuant to Rule 4001(c) of the Bankruptcy Rules and Rule 4001-2 of the Local Rules for the United States Bankruptcy District of Delaware ("Local Rules"), a debtor is generally required to disclose a summary of the essential terms of any proposed use of cash collateral and/or financing. Since it is not a Debtor, however, Tribune Receivables would not be required to disclose such information.[3] Furthermore, fees that Tribune Receivables pays in connection with the financing of its operations would not, typically, be something that Barclays, as a Lender, or any other lender similarly situated, would disclose to anyone. Given the totality of the circumstances, however, and recognizing that a certain degree of transparency and public scrutiny is a necessary part of the bankruptcy process, prior to the hearing on this Motion, the Movants thought it reasonable and appropriate to disclose the Fee Letters to the United States Trustee and counsel to the Committee (subject to entry into an amended confidentiality agreement).

---

[3] The Movants are not aware of any applicable case law that would require a non-debtor to disclose such information pursuant to either Rule 4001(c) of the Bankruptcy Rules or Rule 4001-2 of the Local Rules.

16.     As with the Initial Fee Letters, a broad publication of the Fee Letters would be inappropriate and materially harmful to Barclays' business. It has become essential to Barclays' ability to provide financing of this type, in these times, where bankruptcy financing has all but become unavailable to these and other Debtors, that the highly-sophisticated and proprietary methodology for calculating such fees remains strictly confidential. The process of calculating such fees is at the core of Barclays' know-how. The fees and expense reimbursement provided for in the Fee Letters are, as one would expect, intended to compensate Barclays in three areas: expense reimbursement in connection with out-of-pocket expenses; partial compensation for credit risk (supplementing the interest to be paid under the facilities); and compensation for a large, senior, interdisciplinary team of underwriting, credit, financial, economics, marketing and legal experts that have developed a proprietary way to make facilities like this available to Debtors like these in markets like this. Barclays' methodology is unique and proprietary intellectual property, the disclosure of which would put Barclays at a competitive disadvantage. Disclosure of Barclays' proprietary pricing methodology for arranging a bankruptcy financing of this complexity, would place Barclays in an untenable business position causing it, potentially, to choose to pass on this lending need, and even exit this marketplace, at least temporarily, as so many lenders to bankrupt firms have done. Bankruptcy financing continues to be difficult to come by in the current economic cycle. Accordingly, maintaining the highly-sensitive information comprising the amount, and methodology for arriving at, the fees set forth in the Fee Letters, thus allowing Barclays to remain competitive and interested in making these kinds of loans, is reasonable and appropriate under the circumstances of these Chapter 11 Cases.

## RELIEF REQUESTED

17. Accordingly, the Movants respectfully request entry of the Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, authorizing the Movants to file the Fee Letters under seal.

## BASIS FOR RELIEF

18. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Fee Letters under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

19. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

20. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re

Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

21. At the hearing to approve the Initial Seal Motion, and after lengthy deliberation involving the testimony and cross examination of an officer of Barclays, this Court approved the Initial Seal Motion. As the facts and circumstances presented at the hearing on the Initial Seal Motion are substantially the same as those supporting this Motion, each of the undersigned respectfully submit that an adequate record exists to justify the relief requested herein.

22. The Movants submit that cause exists for the Court to grant the relief requested herein. The Fee Letters contain highly confidential information which would cause undue harm if such information became public. The Movants propose providing the Fee Letters on a confidential basis to the Court, the United States Trustee and counsel to the Committee (subject to entry into an amended confidentiality agreement). With respect to any other party in interest who demonstrates a legitimate need to obtain the confidential information contained in the Fee Letters, the Movants will meet and confer with such party or parties in an effort to reach an

agreement to provide the information subject to a confidentiality agreement. For these reasons, the Movants believe the relief requested in this Motion should be granted by the Court.

## NOTICE

23.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Movants respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Movants to file under seal the Fee Letters; and (b) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
March 20, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Candice L. Kline
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

MAYER BROWN LLP
Brian Trust
Frederick D. Hyman
Jeffrey G. Tougas
Amit Trehan
Barbara Yan
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

-and-

EDWARDS ANGELL PALMER & DODGE LLP

By: */s/ Stuart M. Brown*
Stuart M. Brown (No. 4050)
919 North Market Street, 15th Floor
Wilmington, DE 19801
Telephone: (302) 777-7770
Facsimile: (302) 777-7263

ATTORNEYS FOR BARCLAYS BANK PLC