IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: TRIBUNE COMPANY, et al.,[1] | CHAPTER 11 |
| Debtors. | CASE NO. 08-13141 (KJC) |
| | (Jointly Administered) |
| | Re: Docket Nos. 490, 538, 541 |

**REPLY TO: I) DEBTORS' PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS (DOCKET NO. 541) AND II) THE RESPONSE OF ZURICH AMERICAN INSURANCE COMPANY (DOCKET NO. 538) TO THE MOTION OF JON VAN SENUS, BY AND THROUGH HIS GUARDIAN AD LITEM, NEALA OLSEN, FOR RELIEF FROM THE AUTOMATIC STAY TO RECEIVE PAYMENT PURSUANT TO SETTLEMENT AGREEMENT (DOCKET NO. 490)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company 8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo. Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo. Inc. (2663); Internet Foreclosure Service, Inc, (6550); JuliusAir Company, LLC (9479); Julius Air Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc, (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276) Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Conrant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Jon Van Senus, by and through his guardian ad litem, Neala Olsen, ("Movant")[2] by his attorneys Elliott Greenleaf ("Delaware Counsel") and Callahan & Blaine ("Counsel") hereby submit this reply (the "Reply") to the Debtors' Preliminary Objection and Reservation of Rights with Respect to the Motion of Jon Van Senus, by and through his Guardian Ad Litem, Neala Olsen, for Relief from the Automatic Stay to Receive Payment Pursuant to Settlement Agreement (Docket No. 541) (the "Objection") and to the Response of Zurich American Insurance Company to Motion Motion of Jon Van Senus, by and through his Guardian Ad Litem, Neala Olsen, for Relief from the Automatic Stay to Receive Payment Pursuant to Settlement Agreement (Docket No. 538) (the "Response"). In support of this Reply, the Movant respectfully submits the following:

1. Mr. Van Senus' claim is: 1) a liquidated, undisputed claim for 2) assets which are not part of the Debtors' estate. The Debtors state that they desire more time as they are developing procedures designed to handle prepetition personal injury claims related to deductible obligations under their insurance policies. *See* Objection at ¶ 1. These procedures are not applicable to a liquidated claim for non-estate assets, which are the subject of the Motion before the Court.

2. Even if these procedures had any bearing on the relief sought in the Motion, the Debtors and Counsel have been in contact for two months. During that time, no party has questioned the amount of the liquidated claim, or the amounts due from the insurance carriers.

---

[2] All capitalized terms not defined herein are hereby defined as they are in the Motion.

3. No further hearing or continuance is appropriate in this matter. The Movant's claim is liquidated and uncontested, which eliminates the need for evidentiary proceedings, exchanges of documentation, or appraisal.

4. The Movant is willing to discuss the procedures the Debtors are working to develop in regard to personal injury claims. However, as stated in the Motion, whether those procedures are relevant to the $1 million the Debtors owe the Movant under the deductible, is a matter which is not before the Court at this time and to which the Movant has reserved his rights. *See* Motion at ¶ 16.

### A. The Movant's Claim is Liquidated and Undisputed

5. A liquidated claim is: "1. A claim for an amount previously agreed on by the parties or that can be precisely determined by operation of law or by the terms of the parties' agreement. 2. A claim that was determined in a judicial proceeding." *See* Black's Law Dictionary (8th ed. 2004). The amounts owed Movant are clearly established contractually in accordance with the settlement agreement reached ( the "October 7 Settlement Agreement") pursuant to the October 7, 2008 mediation (the "Mediation"). *See* Motion at ¶10. The parties all agreed to the stipulated settlement amount and the Movant's claims are therefore, by definition, liquidated claims. The procedures the Debtors anticipate developing have no bearing on the subject of the Motion, which is the Movant's request for relief from the stay, filed in an abundance of caution, for the Uncontested Proceeds due from the **insurance carriers**.

6. There is no dispute as to the amount of the Uncontested Proceeds[3]. The October 7 Settlement Agreement between the Movant, the Debtors, Tai Vo and Thomas

---

[3] Defined in the Motion as the remaining $5 million of the Settlement Funds (the amount in excess of the deductible).

Trong Ngo was reached after multiple mediation sessions. This shows that the Los Angeles Times and the insurance carriers were fully aware of the terms of the October 7 Settlement Agreement. To further illustrate that there is no dispute of the Uncontested Amounts, the two other defendants in this matter, Tai Vo dba DM Distribution and Thomas Ngo, paid their portions of the globally agreed upon settlement. Specifically, Tai Vo dba DM Distribution paid $1,000,000 and Thomas Ngo paid $50,000. *See* Declaration of Edward Susolik, attached hereto as <u>Exhibit A</u>, at ¶ 19. These payments were made pursuant to the October 7 Settlement Agreement between all parties, including the Los Angeles Times, and approved by the Orange County Superior Court. *See* Motion at ¶11.

7. The Movant has made numerous attempts over the past two months to resolve this issue with both the Debtors and the insurance providers. *See* <u>Exhibit A</u>, exhibits 1 through 10. At no time have the Debtors or the insurance carriers disputed the October 7 Settlement Agreement. Movant's Counsel corresponded with Debtors counsel regarding the Court Approved Settlement. *See* exhibit 1 to <u>Exhibit A</u>. Counsel corresponded regarding potential stipulations with the Debtors and the insurance providers. *See* exhibits 2-6 to <u>Exhibit A</u>. Counsel was also in contact with the insurance carriers. *See* exhibits 7-10 to <u>Exhibit A</u>. The Debtors and insurance carriers' failure to follow through with Counsel coupled with the Debtors and insurance carriers' desire to get Court approval for the payment of the amounts owed under the October 7 Settlement Agreement led to the filing of the Motion.

### B. The Movant Seeks Payment of Uncontested Proceeds <u>That are not Part of the Debtors' Estate</u>

8. The Motion seeks immediate payment only of the Uncontested Proceeds due from the insurance carriers and not from the Debtors' estate. *See* Motion at ¶ 16.

The decision regarding the amount owed that is subject to the deductible is a matter that the Movant has not yet brought before the Court. Id.

9. Furthermore, the Uncontested Proceeds should not be considered property of the Debtor's estate because the settlement terms extinguish any right or interest of the Debtor to the Uncontested Proceeds. See First Fidelity Bank v. McAteer, 985 F.2d 114, 118-19 (3d Cir. 1993) (recognizing that a debtor's contractual right to an insurance policy is property of the estate while a third party's right to the proceeds of such insurance policy does not constitute property of the estate). "The estate in bankruptcy only includes property to which the debtor would have had a right if the debtor were solvent." Id. at 117 (citing In re Louisiana World Exposition, Inc., 832 F.2d 1391, 1401 (5th Cir. 1987)).

10. Several courts have recognized that where the debtor does not have a cognizable interest in the proceeds of an insurance policy, then these policy proceeds do not constitute property of the estate. See e.g., Excelsior Insurance Co. v. Pennsbury Pain Ctr., 975 F. Supp. 342, 353-54 (D.N.J. 1996) (finding that the proceeds of a liability insurance policy that were assigned by the debtor pursuant to a settlement agreement prior to the bankruptcy filing did not qualify as property of the estate under section 541); In re Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993) (holding that proceeds of a Chapter 11 debtor's malpractice liability insurance were not property of the estate where debtor had no right or interest in such proceeds); Landry v. Exxon Pipeline Co., 260 B.R. 769, 783-90 (Bankr. M.D. La. 2001) (finding that proceeds of Chapter 11 debtor's general liability policies, which were payable only to third party claimants, were not included as property of the estate under section 541 of the Bankruptcy Code); In re Scott Wetzel Servs., Inc., 243 B.R. 802, 804-05 (Bankr. M.D. Fla. 1999) (holding that debtor did not possess

interest in proceeds of liability insurance policy because the proceeds were payable only for the benefit of those harmed by the debtor pursuant to the policy); In re Florian, 233 B.R. 25, 26-27 (Bankr. D. Conn. 1999) (holding that proceeds of commercial liability insurance policy payable to third party were not property of the debtor's estate); Cardinal Casualty Co. v. Correct Mfg. Corp. (In re Correct Mfg. Corp.), 88 B.R. 158, 162 (Bankr. S.D. Ohio 1988) (holding that debtor's insurance contracts were property of the estate only to the extent of the debtor's legal title; the estate's interest did not encompass the right to receive the insurance proceeds). Cf. In re Kaiser Aluminum Corp., 343 B.R. 88, 94 (D. Del. 2006).

### C. Neither a Further Hearing or Continuance is Appropriate in this Matter

11. The Debtors also refer to Rule 4001(c)(iii) of the Local Rules of Bankruptcy Practice and Procedure of the United States for the District of Delaware (the "Local Rules"). *See* Objection at paragraph 3. Local Rule 4001(c)(iii) states that:

> "The hearing date specified in the notice…will be a preliminary hearing at which the Court may (A) hear oral argument, (B) determine whether an evidentiary or other final hearing is necessary, (C) set a date by which the parties shall exchange supporting documentation, (D) set a date by which the parties must produce the report of any appraiser whose testimony is to be presented at the final hearing and/or (E) set a date and time for a final hearing.

12. There is nothing in the rule that prevents the hearing date on the notice from being the only hearing date. In this matter, there is no need for a further hearing as the Motion seeks immediate payment only of the undisputed amount owed by the insurance carriers. Because the October 7 Settlement Agreement clearly defines the amount owed, there is no need for evidentiary proceedings, any further exchange of

documentation, or appraisal of any kind. Consequently, there is no reason for the Court to be burdened with an additional hearing on this matter.

13. The Debtors state that they: "requested a brief continuance of the Motion for the purposes of (i) affording the Debtors sufficient time to develop and implement global claims resolution procedures and (ii) attempting to reach a consensual resolution to the Motion consistent with such procedures." *See* Objection, paragraph 2. The Debtors are seeking more time as they attempt to develop procedures to address claims of personal injury claimants subject to a $1 million dollar deductible. As stated above, such procedures are inapplicable to the relief sought here, though the Movant is willing to discuss the amounts owed by the Debtors as related to the deductible, this amount is not yet before the Court.

WHEREFORE, the Movant requests that this Court enter an order granting the Motion for relief from the automatic stay to permit the Movant to receive payment of the Uncontested Proceeds.

Dated: March 21, 2009   **ELLIOTT GREENLEAF**
Wilmington, Delaware

_____
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Neil R. Lapinski (DE Bar No. 3645)
Elliott Greenleaf
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 656-3714
Email: rxza@elliottgreenleaf.com
Email: nrl@elliottgreenleaf.com

and

CALLAHAN & BLAINE
Edward Susolik, Esquire
Sarah C. Serpa
3 Hutton Drive, Ninth Floor
Santa Ana, CA 92707
(714) 241-4444

*Counsel to Jon Van Senus, by and through his guardian ad litem, Neala Olson*