1  CALLAHAN & BLAINE, APLC
   Daniel J. Callahan (SBN 91490)
2  Sarah C. Serpa (Bar No. 196127)
   3 Hutton Centre Drive, Ninth Floor
3  Santa Ana, California 92707
   Tel: (714) 241-4444
4  Fax: (714) 241-4445

5  Attorneys for Plaintiff
   JON ROBERT VAN SENUS by and through his guardian ad litem NEALA OLSON
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  JON ROBERT VAN SENUS by and through    ) CASE NO. 07CC04639
    his guardian ad litem, NEALA OLSON,    ) Assigned for all purposes to:
12                                         ) Hon. Steven L. Perk
                                           ) Dept. C32
13              Plaintiff,                 )
                                           ) DECLARATION OF EDWARD SUSOLIK
14        v.                               )
                                           )
15  LOS ANGELES TIMES                      )
    COMMUNICATIONS LLC, dba LOS            )
16  ANGELES TIMES, a limited liability     ) Action Filed:  April 5, 2007
    company; TAI VO, individually and dba as ) Trial Date:    Vacated
17  DM DISTRIBUTION; THOMAS TRONG          )
    NGO, an individual; and DOES 1 through 50, )
18  inclusive,                             )
                                           )
19              Defendants.                )
                                           )
20  _____    )

21

22      I, EDWARD SUSOLIK, do hereby declare as follows:

23      1.      I am an attorney at law duly licensed to practice before all of the courts of the State of

24  California and am a shareholder of Callahan & Blaine, attorneys of record for Plaintiff, JON

25  ROBERT VAN SENUS by and through his guardian ad litem NEALA OLSON (the "Plaintiff"). I

26  am admitted to this court pro hac vice for this case. If called as a witness, I could and would

27  competently testify based on my personal knowledge to the following:

28

-1-

1     2.     On January 28, 2009, Judge Randall Sherman of the Orange County Superior Court,

2   formally approved the settlement reached between the defendants, including the Los Angeles Times,

3   and Jon Van Senus, by and through his guardian ad litem, Neala Olson.

4     3.     On January 29, 2009, I communicated to insurance defense counsel for the Los

5   Angeles Times, Bruce Cleeland, the approval of the settlement and requested immediate payment of

6   the settlement by the insurance companies. I also forwarded to him the Order of the Probate Judge

7   and the Settlement Agreement.

8     4.     Also on January 29, 2009, I contacted Bruce Cleeland and requested the names of

9   everyone who should receive a carbon copy of the correspondence and attachments.

10    5.     On that same day, Bruce Cleeland stated that he had "already forwarded" the Probate

11  Court's Order to the appropriate entities, presumably, those counsel handling the Tribune

12  bankruptcy matter.

13    6.     Between January 29, 2009 and February 4, 2009, I had several telephone conferences

14  with Bruce Cleeland regarding Jon Van Senus' demand for payment of the agreed upon settlement.

15    7.     On February 11, 2009, pursuant to the instruction of Bruce Cleeland, I had a detailed

16  telephone conference with Ken Kansa, bankruptcy counsel for the debtor, Tribune Company. We

17  discussed funding of the settlement by the insurers for the Los Angeles Times, the Settlement

18  Agreement's approval by the Probate Court in Orange County, the terms of the Settlement

19  Agreement, and the profound injuries of Jon Van Senus that requires urgency in the funding of the

20  settlement. Mr. Kansa told me that he "would not object to the insurance companies in question

21  paying out the insurance proceeds in question if no action is required of the Los Angeles Times."

22    8.     On February 12, 2009, I forwarded to Ken Kansa a detailed letter memorializing our

23  telephone conference and attaching the Order of the Probate Court and the executed Settlement

24  Agreement. A true and correct copy of this correspondence is attached hereto as Exhibit "1."

25    9.     On February 13, 2009, I was informed that the original bankruptcy counsel we

26  retained on behalf of Jon Van Senus, Rachel Mersky, was in contact with Tribune's bankruptcy

27  attorney "Kary Mills" at Sidley Austin to request resolution of this settlement and payment of the

28  funds. A true and correct copy of this correspondence is attached hereto as Exhibit "2."

DECLARATION OF EDWARD SUSOLIK

10.    On February 13, 2009, I was copied on an e-mail from Rachel Mersky to Kary Mills, memorializing a telephone conversation and requesting "ASAP" consent by the Los Angeles Times to a Stipulation for Relief from Stay providing a general unsecured claim to the extent of the $1,000,000 deductible in order to be able to proceed to collect from the insurance carriers. A true and correct copy of this correspondence is attached hereto as Exhibit "3."

11.    On that same day, an additional e-mail was drafted to Kary Mills by Rachel Mersky revising the breakdown of funds. A true and correct copy of this correspondence is attached hereto as Exhibits "4" and "5."

12.    Also on that same day, February 13, 2009, this office forwarded my letter to Ken Kansa of February 12, 2009, to Kary Mills, bankruptcy attorney for the debtor. A true and correct copy of this correspondence is attached hereto as Exhibit "6."

13.    Between February 13, 2009 and February 17, 2009, I continued to telephone the insurance carriers Zurich and St. Paul Travelers, in an attempt to informally resolve the funding of the settlement short of filing a motion for Relief from Stay. I spoke numerous times to Peg Anderson, bankruptcy counsel for Zurich. Ms. Anderson advised that Zurich would comply with any order of this Court allowing payment of the settlement. I also communicated with Ralph Chin of St. Paul Travelers. On February 23, 2009, Mr. Chin wrote me stating that St. Paul Travelers "has every intention in honoring its obligations, subject to the bankruptcy..." A true and correct copy of this correspondence is attached hereto as Exhibit "7."

14.    On February 17, 2009, I informed Rachel Mersky that I was still negotiating with the insurance carriers. A true and correct copy of this correspondence is attached hereto as Exhibit "8."

15.    On February 17, 2009, I was informed that I should speak to attorney Ed Leonard for St. Paul Travelers with respect to the funding of the settlement. I drafted e-mail correspondence to Mr. Leonard that same day requesting a telephone conference and explaining that the insurance companies should immediately fund the settlement. A true and correct copy of this correspondence is attached hereto as Exhibit "9."

16.    Also on February 17, 2009, I forwarded to Mr. Leonard my correspondence of February 12, 2009 to Ken Kansa. A true and correct copy of this correspondence is attached hereto

-3-

1    as Exhibit "10."

2       17.    I eventually spoke with Mr. Leonard. He indicated, just as Mr. Chin did, that St. Paul

3 Travelers has every intention of honoring its obligations to pay the settlement, subject to the

4 bankruptcy proceeding.

5       18.     From on or about February 17, 2009 to the present, I have heard little to nothing

6 from the various counsel for the Tribune and/or the Los Angeles Times. As a result, I instructed my

7 associate to have our retained bankruptcy counsel begin work on the Motion for Relief from Stay.

8       19.     Two other defendants in this matter, Tai Vo dba DM Distribution and Thomas Ngo,

9 have paid their portions of the globally agreed upon settlement. Tai Vo dba DM Distribution paid

10 $1,000,000 pursuant to the settlement agreement between all parties, including the Los Angeles

11 Times, that was approved by the Probate Court. Defendant, Thomas Ngo, paid $50,000 pursuant to

12 same.

13       20.     Those defendants paid their portions in exchange for a unilateral release of all claims

14 by Plaintiff. No signature of those defendants or their counsel was required within the settlement

15 agreement and release to effectuate a full and complete settlement as to those defendants. A true and

16 correct copy of the two release agreements are attached hereto as Exhibits 11 and 12, Settlement and

17 Release Agreements for Tai Vo dba DM Distribution and Thomas Ngo.

18       21.     I have litigated a large number of personal injury cases in my career as an attorney.

19 In the majority of those cases, all that was required to effectuate payment of settlement funds, was

20 Plaintiff's signature on a unilateral settlement and release document, virtually identical to those

21 provided to Tai Vo and Thomas Ngo, and virtually identical to the settlement and release agreement

22 provided to the Los Angeles Times.

23

24

25

26

27

28

DECLARATION OF EDWARD SUSOLIK

22.    In fact, in my experience it is common for an insurance defense attorney will provide a draft unilateral settlement and release agreement to Plaintiff at a mediation or settlement conference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 20th day of March, 2009, at Santa Ana, California.

_____
EDWARD SUSOLIK

G:\2793\2793-02\Pleadings\Dec ES re BK.wpd

DECLARATION OF EDWARD SUSOLIK

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _ORANGE_

On _3/20/09_ before me, _SANDRA L. MERIZALDE_
Date                                    Here Insert Name and Title of the Officer

personally appeared _EDWARD SUSOLIK_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
Signature of Notary Public

SANDRA LUISA MERIZALDE
COMM. # 1807301
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
COMM. EXPIRES JULY 25, 2012

Place Notary Seal Above

──────── **OPTIONAL** ────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _DECLARATION OF EDWARD SUSOLIK_

Document Date: _3-20-09_                     Number of Pages: _5_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _EDWARD SUSOLIK_
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☒ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer Is Representing: _____

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

# EXHIBIT "1"

**Sarah Serpa**

| | |
|---|---|
| **From:** | Ed Susolik |
| **Sent:** | Thursday, February 12, 2009 4:46 PM |
| **To:** | kkansa@sidley.com |
| **Cc:** | Cleeland, Bruce |
| **Subject:** | Letter to Kenneth Kansa re: Court Ordered Settlement re: Jon Van Senus |
| **Attachments:** | Letter to Kansa 021209.pdf; Order.pdf; Agreement.pdf; Request for Dismissal.pdf |

# CALLAHAN & BLAINE

*California's Premier Litigation Firm* ℠

DANIEL J. CALLAHAN
STEPHEN E. BLAINE
MICHAEL J. SACHS
EDWARD SUSOLIK
BRIAN J. MCCORMACK
JAVIER H. VAN OORDT
SARAH C. SERPA
MARC P. MILES

LISA J. BORODKIN
LEE E. BURROWS
DOUGLAS M. CARASSO
KIMBERLY A. CARASSO
KATHLEEN L. DUNHAM
DAVID E. HAYEN
JOHN W. HURNEY
TAE J. IM
SUE Y. PARK
JAMES R. ROUSE
KRISTY SCHLESINGER
JILL A. THOMAS

OF COUNSEL
CAROLINE A. MOLLOY
SHELLEY M. LIBERTO
   IN RABAT, MOROCCO
NICOLE VETTRAINO

OFFICE ADMINISTRATOR
LAURALI M. KOBAL

OUR FILE NUMBER:

2793-02



Member of the
International Law Firm

February 12, 2009

**SENT VIA E-MAIL, FACSIMILE
AND FIRST CLASS MAIL**
kkansa@sidley.com
**FAX #312/853-7036**

Kenneth P. Kansa, Esq.
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603

Re:   **Court Approved Settlement Re: Jon Van Senus**

Dear Mr. Kansa:

This correspondence shall follow-up our telephone conversation of yesterday afternoon. As we discussed, we are counsel for Jon Van Senus in a matter entitled <u>Van Senus v. Los Angeles Times</u>, OCSC Case No. 07CC04639. Our client is awaiting funding of a settlement that was reached in October of 2008 between Plaintiff Jon Van Senus and Defendants Los Angeles Times Communications LLC, Tai Vo and Thomas Trong Ngo. The Settlement Agreement entered into obligates Zurich North America Insurance Company and St. Paul Travelers Insurance Company, the liability insurers for Los Angeles Times, to pay Plaintiff Jon Van Senus a total of $6 Million. In terms unrelated to the instant issue, Defendants Tai Vo and Ngo, through their respective insurance companies, Progressive Insurance Company and 21st Century Insurance Company, are paying Plaintiff Jon Van Senus an additional $1,050,000.

In addition, the Settlement Agreement between the parties has been approved by the Probate Court that is responsible for the guardianship of Jon Van Senus. Specifically, on January 28, 2009, Judge Randall Sherman of the Orange County Superior Court approved the Settlement Agreement and all of its terms. The Court's Order requires payment by the insurance companies involved no later than February 23, 2009. I attach a copy of the Court's January 28, 2009 Order for your review. I have also forwarded the Court's Order to the insurance company appointed defense lawyers for the Los Angeles Times.

As we discussed, Plaintiff Jon Van Senus is profoundly injured. On March 7, 2007, while Mr. Van Senus was riding his bicycle in Newport Beach, California, he was brutally run down by an employee of the Los Angeles Times driving a delivery truck delivering Los Angeles Times newspapers to retail establishments. Rather than stopping and rendering emergency aid to Mr. Van Senus, the Los Angeles Times employee raced away from the scene and left Mr. Van Senus to die in the bushes on the side of the road. The Los Angeles Times employee was later caught and prosecuted for felony hit and run.

**CALLAHAN & BLAINE**
*California's Premier Litigation Firm™*

www.callahan-law.com

Kenneth P. Kansa, Esq.
**SIDLEY AUSTIN LLP**
February 12, 2009
Page 2

Mr. Van Senus, who is currently 45 years old, has a profound and permanent brain injury. He has the mental capacity of a 6 year old and lacks the ability to care for himself. As a result, he will require lifetime medical care and supervision. Currently, Mr. Van Senus is awaiting the disbursement of the settlement funds from the insurance companies in question for his medical care.

In addition, Mr. Van Senus' mother, Neala Olson, who is his guardian, has been forced to borrow and advance over $40,000.00 for Mr. Van Senus' medical care, much of it as credit card debt. Thus, pursuant to the Court's January 28, 2009 Order, Mrs. Olson is entitled to immediate disbursement of $43,012.00 from the insurance company proceeds.

The bottom line is that Zurich North America and St. Paul Travelers Insurance Company have an immediate obligation, pursuant to the Court's January 28, 2009 Order and the October 2008 Settlement Agreement that they agreed to fund, to immediately disburse $6 Million in settlement funds to the various parties set forth in the Court Order. On January 29, 2009, written demand for immediate payment of the insurance funds in question was made to Bruce Cleeland, insurance defense counsel appointed by the insurance companies. A copy of the Court Order was attached and a full and final settlement agreement enclosed. Furthermore, demand was made for payment of the insurance funds in question no later than February 23, 2009.

Furthermore, after colloquy with Mr. Cleeland, a revised settlement agreement was provided to Mr. Cleeland which provided for a full and complete unilateral release of the Los Angeles Times by Plaintiff. Critically, the settlement agreement requires the Los Angeles Times to do absolutely nothing. Thus, the Los Angeles Times is receiving a full, complete and final release of any and all claims that it has or may have with Plaintiff, including a Civil Code section 1542 release of unknown claims. The prior agreement that was sent to Mr. Cleeland was not executed by Plaintiff. Pursuant to this correspondence, I now attach a fully executed Release Agreement signed by Plaintiff, through his Guardian, Neala Olson. In addition, I enclose a fully executed Request for Dismissal, which should be filed upon payment of the insurance funds in question.

I have had numerous communications with Mr. Cleeland since the transmission of these letters making demand for immediate payment of the insurance funds in question. In my last communication from Mr. Cleeland, he indicated that I needed to obtain the approval of the Los Angeles Times bankruptcy counsel, and he gave me your name and number. Hence, my telephone call to you.

3 Hutton Centre Drive · Ninth Floor · Santa Ana, CA 92707 · (714) 241-4444 · Fax (714) 241-4445 · www.callahan-law.com

**CALLAHAN & BLAINE**
*California's Premier Litigation Firm™*

Kenneth P. Kansa, Esq.
**SIDLEY AUSTIN LLP**
February 12, 2009
Page 3

As I explained during our telephonic conference yesterday, I have been practicing insurance law nearly 20 years. My firm has significant expertise in insurance law issues. I am an editor on the leading insurance law treatise in California, and have taught insurance law on numerous occasions at the University of Southern California Law School.

As I explained, it is indisputable that the insurance proceeds at issue are not subject to the bankruptcy stay. In fact, the exact opposite is true. Pursuant to California Insurance Code section 11580 (California insurance law is the controlling jurisdiction here), the insurance policy proceeds exist to protect claimants such as Mr. Van Senus. Specifically, as a matter of public policy, individuals such as Mr. Van Senus who have been profoundly injured by the actions of companies doing business in California that have a liability insurance policy are the specific beneficiaries of the liability policies in question. Thus, pursuant to undisputed California law, Mr. Van Senus has a complete and absolute right to the $6 Million in insurance proceeds in question.

Second, it is unquestionable that Zurich North America Insurance Company and St. Paul's Travelers Insurance Company specifically and intentionally agreed to pay the $6 Million in question in settlement of this case in October of 2008. Both Zurich North America and St. Paul's Travelers had personal representatives and counsel present at the mediations. Further, it was employees of Zurich North America and St. Paul's Travelers who made the decision to pay the $6 Million in question in order to settle Mr. Van Senus' claim. Thus, it is unquestionable that Zurich North America and St. Paul's Travelers have an immediate obligation to pay the funds in question to Mr. Van Senus.

Third, Judge Randall Sherman of the Orange County Superior Court ordered the relevant parties, in this instance Zurich Insurance Company and St. Paul's Travelers Insurance Company, to pay the $6 Million no later than February 23, 2009. Furthermore, while the Los Angeles Times can purport to claim that a bankruptcy stay delays any legal responsibilities they have, no such bankruptcy stay applies to Zurich or St. Paul's Travelers. Zurich and St. Paul's cannot use the pretext of the bankruptcy of the Los Angeles Times to avoid paying their contractual and Court ordered obligations.

Fourth, the two insurance policies in question here specifically deal with issues of bankruptcy and address the fact that the insurance companies must pay all valid claims whether or not a bankruptcy of the insured exists. For example, Section IVB1 of the Zurich North America specifically provides, under General Conditions: Bankruptcy, as follows:

**CALLAHAN & BLAINE**
*California's Premier Litigation Firm™*

www.callahan-law.com

Kenneth P. Kansa, Esq.
**SIDLEY AUSTIN LLP**
February 12, 2009
Page 4

> Bankruptcy or insolvency of the "insured" or the "insured's" estate
> will not relieve us of any obligations under this Coverage Form.

Likewise, the St. Paul's Travelers insurance policy sets forth, under Section VII, C, entitled Bankruptcy or Insolvency, as follows:

> 1. The Insured's **bankruptcy, insolvency or inability to pay, when the bankruptcy, insolvency or inability to pay of any issuer of Scheduled Underlying Insurance** will not relieve us of our obligations under this policy.

As is self-evident, both Zurich North America and St. Paul's Travelers have an immediate obligation to pay the contractual and Court ordered obligation, irrespective of any bankruptcy by Los Angeles Times.

Fifth, it is likewise undisputed bankruptcy law that third party liability insurance proceeds are not assets of the estate subject to a bankruptcy stay.

With respect to the Bankruptcy issues, 11 U.S.C. §524(e) makes clear that the Los Angeles Times' insurers cannot claim protection of the bankruptcy discharge and thus cannot take advantage of the automatic stay in order to avoid its obligations to Jon Van Senus. Section 524(e) excludes the liability carrier from the automatic stay. This is because the bankrupt estate has no right to the insurance proceeds. "When a payment by an insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate." Matter of Edgeworth, 993 F.2d 51, 55-56.

Further, a debtor will not have a cognizable interest in the proceeds of a liability policy because the proceeds are payable only for the benefit of those harmed by the debtor under the terms of the insurance contract. Id. at 55. Further, since liability insurance policies, although purchased by the debtors, were intended to cover damages to non-estate property, proceeds are not property of the estate. In re Florian, 233 B.R. 25 (Bankr. Conn. 1999). Similarly, where the debtor assigns the proceeds or designates a third party as beneficiary pre-petition (as is the case with the insurance policies at issue here) the proceeds are outside the scope of the property of the estate. In re Louisiana World Exposition, Inc., 832 F.2d 1391, 1399-1400 (5th Cir. 1987).

Here, it is undisputed that the liability policies at issue inured only to the benefit of third-party claimants such as Jon Van Senus, and such was the case well before the bankruptcy petition. Proceeds of the Los Angeles Times liability policies produced in

**CALLAHAN & BLAINE**
*California's Premier Litigation Firm™*

www.callahan-law.com

Kenneth P. Kansa, Esq.
**SIDLEY AUSTIN LLP**
February 12, 2009
Page 5

discovery clearly show that the Los Angeles Times had no interest in the proceeds of any of those policies. The proceeds of those policies were payable only for the benefit of those harmed by the Los Angeles Times. Because the Los Angeles Times has no right to any of the funds from the policies, the insurance proceeds are not protected by the automatic stay. In re Wetzel Services, Inc., 243 B.R. 802, 1999 Bankr. LEXIS 1722.

Pursuant to our discussion yesterday, you specifically represented indicated that the Los Angeles Times would not stand in the way of the two insurance companies paying out insurance proceeds to Plaintiff Jon Van Senus pursuant to the October 2008 settlement agreement and the January 2009 Court Order. Specifically, you represented that you would not object to the insurance companies in question paying out the insurance proceeds in question if no action is required by Los Angeles Times. As discussed, no action is required by the Los Angeles Times.

Accordingly, as I informed you, I will be making further demand on Zurich North America and St. Paul's Travelers directly for immediate payment of the settlement funds in question. Given that Plaintiff has executed a Full and Complete Unilateral Release of the Los Angeles Times and provided a signed Request for Dismissal, and given that the Los Angeles Times is obtaining a full and complete release and does not have any obligations whatsoever to the Plaintiff, settlement funds should be paid immediately by the insurance companies in question.

Please call me if you have any questions regarding our conversation, this correspondence or the settlement in question.

Very truly yours,

Edward Susolik

ES/str
Enclosures

cc:   Bruce Cleeland (via e-mail)
      Daniel J. Callahan, Esq.
      Sarah C. Serpa, Esq.

G:\2793\2793-02\Correspondence\Kansa-021209.wpd

3 Hutton Centre Drive · Ninth Floor · Santa Ana, CA 92707 · (714) 241-4444 · Fax (714) 241-4445 · www.callahan-law.com

MC-351

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Donna L. Snow, SBN 096741<br>Elizabeth Valadez, SBN 216235<br>PALMIERI, TYLER, WIENER, WILHELM & WALDRON, LLP<br>2603 Main Street, East Tower - Suite 1300<br>Irvine, CA 92614-4281<br>TELEPHONE NO.: (949) 851-9400      FAX NO. *(Optional):* (949) 757-1225<br>E-MAIL ADDRESS *(Optional):* dsnow@ptwww.com/evaladez@ptwww.com<br>ATTORNEY FOR *(Name):* Petitioner Neala Olson | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>LAMOREAUX JUSTICE CENTER<br><br>JAN 28 2009<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY: L. KORSGAARD, DEPUTY |

COPY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: P.O. Box 14171
CITY AND ZIP CODE: Orange, California 92613-1571
BRANCH NAME: LAMOREAUX JUSTICE CENTER

CASE NAME: IN THE MATTER OF JON VAN SENUS

| ORDER APPROVING:<br><br>☐ COMPROMISE OF DISPUTED CLAIM<br>☒ COMPROMISE OF PENDING ACTION<br>☐ DISPOSITION OF PROCEEDS OF JUDGMENT<br><br>☐ Minor        ☒ Adult Person With A Disability | CASE NUMBER:<br>30-2008-00227434-PR-OP-LJC |
|---|---|
| | HEARING DATE: 1/16/09    DEPT.: L73 |

1. Petitioner *(name):* NEALA OLSON                                                   has petitioned for court approval of a
   proposed compromise of a disputed claim of a minor or a pending action involving a minor or an adult person with a disability, or
   a proposed disposition of the proceeds of a judgment for a minor or an adult person with a disability.

2. Hearing
   Date: January 16, 2009      Time: 9:00 a.m.      Dept.: L73          Judicial officer: Randall J. Sherman

3. Relationship to claimant
   Petitioner is claimant's *(check all applicable boxes):*
   a. ☒ Parent
   b. ☒ Guardian ad litem
   c. ☐ Guardian
   d. ☐ Conservator
   e. ☒ Other *(specify):* Guardian--By order dated August 15, 2008, in Case No. 2008 GA 010957NC, Letters of Plenary
      Guardianship of the Person and Property of Jon Van Senus were issued to Petitioner by the Twelfth Circuit Court in
      and for Sarasota County, Florida.

4. Claimant *(name):* JON VAN SENUS
   a. ☐ is a minor.
   b. ☒ is an adult "person with a disability" within the meaning of Probate Code section 3603.

5. Defendant
   The claim or action to be compromised is asserted, or the judgment is entered, against *(name of settling or judgment defendant or
   defendants (the "payer")):* Los Angeles Times ($7,000,000); Thomas Ngo ($50,000).

6. THE COURT FINDS that all notices required by law have been given.

7. THE COURT ORDERS
   a.  The petition is granted and the proposed compromise of claim or action or the proposed disposition of the proceeds of the
       judgment is approved. The gross amount or value of the settlement or judgment in favor of claimant is $ 7,050,000

   b.  The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:

       (1) **Payment of fees and expenses**
           Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of the petitioner and the
           petitioner's attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following
           items of expense or damage, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:

       (a) ☒ Attorney fees in the total amount of: $ 2,525,000.00    payable to *(specify):* Callahan & Blaine, APLC for
                                                                                                 distribution as set forth in
                                                                                                 Attachment 12.

Form Adopted for Mandatory Use
Judicial Council of California
MC-351 [Rev. January 1, 2007]

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING
ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR
MINOR OR ADULT PERSON WITH A DISABILITY**
(Miscellaneous)

Code of Civil Procedure, § 372;
Probate Code, § 3500 et seq.;
Cal. Rules of Court, rules 7.950, 7.951, 7.952,
7.953, 7.954, 7.955

Legal
Solutions
& Plus

MC–351

| CASE NAME: IN THE MATTER OF JON VAN SENUS | CASE NUMBER: 30-2008-00227434-PR-OP-LJC |
|---|---|

7. b. (1) (b) [X] Reimbursement for medical and all other expenses paid by the petitioner or the petitioner's attorney in the total amount of:     distribution as set fo $ 467,142.39 Attachment 12.

(c) [X] Medical, hospital, ambulance, nursing, and other like expenses payable directly to providers as follows, in the total amount of:     $ 457,112.91

     (i) Payee *(name):*
       (A) Address:

       (B) Amount: $     *See attachment*
     (ii) Payee *(name):*
       (A) Address:

       (B) Amount: $

     [X] Continued on Attachment 7b(1)(c). *(Provide information about additional payees in the above format.)*

(d) [ ] Other authorized disbursements payable directly to third parties in the total amount of: $
*(Describe and state the amount of each item, and provide the name and address of each payee):*

     [ ] Continued on Attachment 7b(1)(d).

(e) [X] Total allowance for fees and expenses from the settlement or judgment:     $ 3,449,255.30

(2) **Balance**
The balance of the settlement or judgment available for claimant after payment of all allowed fees and expenses is:     $ 3,600,744.80
The balance shall be disbursed as follows:

(a) [ ] By one or more checks or drafts in the total amount of *(specify):* $
drawn payable to the order of the petitioner as trustee for the claimant. Each such check or draft must bear an endorsement on the face or reverse that it is for deposit in one or more interest-bearing, federally insured accounts in the name of the petitioner as trustee for the claimant, and no withdrawals may be made from the accounts except as provided in the *Order to Deposit Money into Blocked Account*, which is signed contemporaneously with this order ("blocked account").

(b) [X] By the following method(s) *(describe each method, including the amount to be disbursed):*

     [X] Continued on Attachment 7b(2)(b).

(c) [ ] If money is to be paid to a special needs trust under Probate Code section 3604, all statutory liens in favor of the state Department of Health Services, the state Department of Mental Health, the state Department of Developmental Services, and any city and county in California must first be satisfied by the following method *(specify):*

     [ ] Continued on Attachment 7b(2)(c).

MC-351 [Rev. January 1, 2007]     **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY (Miscellaneous)**

MC–351

| CASE NAME: IN THE MATTER OF JON VAN SENUS | CASE NUMBER:<br>30-2008-00227434-PR-OP-LJC |
|---|---|

8. ☐ **Further orders of the court concerning blocked accounts**
The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked account under item 7b(2)(a):

   a. Within 48 hours of receipt of a check or draft described in item 7b(2)(a), the petitioner and the petitioner's attorney, if any, must deposit the check or draft in the petitioner's name as trustee for the claimant in one or more blocked accounts at *(specify name, branch, and address of each depository, and the amount of each account):*

      ☐ Continued on Attachment 8a.

   b. The petitioner and the petitioner's attorney, if any, must deliver to each depository at the time of deposit three copies of the *Order to Deposit Money Into Blocked Account,* which is signed contemporaneously with this order, and three copies of the *Receipt and Acknowledgment of Order to Deposit Money Into Blocked Account* ("receipt"). The petitioner or the petitioner's attorney must file a copy of the receipt with this court within 15 days of the deposit. The sole responsibilities of the petitioner and the petitioner's attorney, if any, are to place the balance in a blocked account or accounts and to timely file a copy of the receipt.

   c. The balance of the proceeds of settlement or judgment deposited in a blocked account or accounts under item 7b(2)(a) may be withdrawn only as follows *(check (1) or (2)):*

     (1) ☐ No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judge, and bearing the seal of this court. The money on deposit is not subject to escheat.

     (2) ☐ The blocked account or accounts belong to a minor. The minor was born on *(date):*
No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this court, until the minor attains the age of 18 years. When the minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

9. ☒ **Authorization to execute settlement documents**
The petitioner is authorized to execute settlement documents as follows *(check only one):*

   a. ☐ Upon receipt of the full amount of the settlement sum approved by this order and the deposit of funds, the petitioner is authorized and directed to execute and deliver to the payer a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the accident or incident described in the petition and the resultant injuries to the claimant and a properly executed dismissal with prejudice.

   b. ☒ The petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

   c. ☐ The petitioner is authorized and directed *(specify):*

      ☐ Continued on Attachment 9c.

10. Bond is ☒ ordered and fixed in the amount of: $ 1,980,000 <sup>00</sup>    ☐ not required.

11. A copy of this order shall be served on the payer forthwith.

12. ☒ **Additional orders**
The court makes the following additional orders *(specify):*

     ☒ Continued on Attachment 12.

Date: January   , 2009

                            JUDICIAL OFFICER

                     ☒ SIGNATURE FOLLOWS LAST ATTACHMENT

MC-351 [Rev. January 1, 2007]    **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY**
*(Miscellaneous)*

1

ATTACHMENT 7b(1)(c)
Order Approving Compromise of Disputed Claim

2

3   Payer shall issue one or more checks payable to order of the following persons and/or companies in

4   the amounts set forth below:

5   (i)    Payee: California Department of Health Care Services
        (A)    Address: P.O. Box 997425, Sacramento, CA 95899-7425
6        (B)    Amount: $137,277.51

7   (ii)   Payee: CCS
        (A)    321 and 325 Braden Avenue, Sarasota, FL 34243
8        (B)    Amount: $279,526.52

9   (iii)  Payee: Medical Services for Indigents aka MSI,
        (A)    Address: c/o Renee Nix, MSI Recovery, Physician Services, Inc. on behalf of the
10               Orange County Health Agency, 210 South Juniper Street, Suite 200,
               Escondido, CA 92025
11       (B)    Amount: $40,308.88

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

Order Approving Compromise of
Disputed Claim (Attachment 7b(1)(c))

1

ATTACHMENT 7b(2)(b)
Order Approving Compromise of Disputed Claim

2

3   Payer shall issue one or more checks payable to order of the following persons and/or companies in

4   the amounts set forth below:

5   **Purchase of Annuities**

6   (i)      Payee:  Hartford Comprehensive Employee Benefit Service Company (TIN: 06-1120503)
              (A)     Address:  200 Hopmeadow Street, Simsbury, CT  06089
7             (B)     Amount:  $600,124.13

8   (ii)     Payee:  MetLife Tower Resources Group, Inc.  (TIN: 13-4047186)
              (A)     Address:  200 Park Avenue, New York, NY 10166-0188
9             (B)     Amount:  $600,124.13

10  (iii)    Payee:  John Hancock Assignment Company.  (TIN: 04-2903660
              (A)     Address:  601 Congress Street, 8th Floor, Boston, MA  02210
11            (B)     Amount:  $600,124.14

12  The Court hereby approves the Periodic Payment Summary prepared by EPS Settlement Group as
    follows:
13                          Periodic Payment Summary--Jon Van Senus
                        Date of Birth: 02/28/1963--Life Expectancy: 32 Years

14

| | COSTS | GUARANTEED BENEFIT | EXPECTED BENEFIT |
|---|---|---|---|
| **SECTION I – Hartford** | | | |
| $3,410.00 paid monthly for life, guaranteed for 20 years, beginning on 03/23/2009. The last guaranteed payment will be made on 02/23/2029. | $600,124.13 | $878,316.00 | $1,405,301.76 |
| **SECTION II – Metropolitan** | | | |
| $3,659.65 paid monthly for life, guaranteed for 20 years, beginning on 03/23/2009. The last guaranteed payment will be made on 02/23/2029. | $600,124.13 | $818,400.00 | $1,309,440.00 |
| **SECTION III - John Hancock** | | | |
| $3,350.00 paid monthly for life, guaranteed for 20 years, beginning on 03/23/2009. The last guaranteed payment will be made on 02/23/2009 | $600,124.14 | $804,000.00 | $1,286,400.00 |
| TOTAL | $1,800,372.40 | $2,500,716.00 | $4,001,141.76 |

28  Funding must be completed on or before February 23, 2009.  Total monthly payment $10,419.65

Order Approving Compromise of
Disputed Claim (Attachment 7b(2)(b))

1   ~~In the event that more advantageous terms become available subsequent to the date of this order,~~

2   ~~Petitioner is hereby authorized to accept said terms to maximize the monthly annuity distributions.~~

3   **Distribution to Florida Guardianship**

4   (iv)    Payee: Guardianship of Jon Van Senus,
               Twelfth Circuit Court, Sarasota County, Florida
5                 Case No.: 2008 GA 010957 NC
                Neala Olson, Guardian
6         (A)   Address: 18178 Wolbrette Circle, Port Charlotte, FL 33948
        (B)   Amount: $1,800,372.40
7

8   <u>Requirement of Bond and Order to Show Cause regarding Proof of Bond</u>

9   Payment shall be made to the Florida Guardianship upon proof of bond. Petitioner shall request that

10   the Florida Court order the posting of bond by Petitioner in an amount no less than $ 1,980,000.00

11   and no funds shall be disbursed without proof of bond. Petitioner shall file in this proceeding, on or

12   before April 20, 2009, proof of issuance of said bond. An Order to Show Cause regarding Proof of

13   Bond is hereby set for hearing on April 24, 2009 at 9:00 a.m., in Department 73. Attorney Sarah

14   Serpa is hereby ordered to return unless proper documentation has been timely filed by April 20,

15   2009.

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Approving Compromise of
Disputed Claim (Attachment 7b(2)(b))

ATTACHMENT 12
Order Approving Compromise of Disputed Claim

1

2

3   As set forth in paragraph 7(b)(1)(a) and paragraph 7(b)(1)(b) Payer shall issue one or more checks

4   payable to Callahan & Blaine, APLC, 3 Hutton Centre Drive, Ninth Floor, Santa Ana, CA 92707, in

5   the total amount of $2,992,142.39. Callahan & Blaine shall distribute funds received pursuant to this

6   order as follows:

7   <u>Payee</u>                                                      <u>Amount</u>

8   Palmieri, Tyler, Weiner, Wilhelm & Waldron              $25,000.00 (attorney fees)
    2603 Main Street                                        $    320.00 (filing fee)
9   Irvine, CA 92614

10  Neala Olson                                             $43,012.68 (reimbursement-medical expenses)
    18178 Wolbrette Circle
11  Port Charlotte, FL 33948

12  Callahan & Blaine shall retain the amount of $2,500,000.00 for attorney fees and $423,809.71 for

13  expenses.

14  It is so ordered.

15  Dated: January ____JAN 2 8 2009____, 2009              _Randall J. Sherman_____

16                                                          Hon. Randall J. Sherman
                                                            Judge of the Superior Court Randall J. Sherman
17                                                          County of Orange

18

19

20

21

22

23

24

25

26

27

28

Order Approving Compromise of
Disputed Claim (Attachment 12)

## AGREEMENT AND RELEASE OF ALL CLAIMS

**1.    PARTIES**

Pursuant to this Agreement and Release of All Claims (hereinafter "RELEASE AGREEMENT") JON ROBERT VAN SENUS, by and through his guardian ad litem Neala Olson, and his heirs, executors, wards, administrators, agents, successors-in-interest, attorneys, assignees and lienholders (hereinafter "VAN SENUS"), hereby release LOS ANGELES TIMES COMMUNICATIONS, LLC, its predecessor and successor entities, assignees, parent entities, subsidiaries and any person or entity acting by or on its behalf, including, but not limited to, its agents, employees, heirs, executors, administrators, successors-in-interest, officers, directors, shareholders, attorneys, insurers, and indemnitors (hereinafter "LAT"), pursuant to the terms set forth below.  VAN SENUS and LAT may sometimes be referred to collectively as "SETTLING PARTIES."  Defendants TAI VO and DM DISTRIBUTION (hereinafter "VO") have resolved any and all claims of VAN SENUS against them by separate agreement and resolution.  VO is not a party to this agreement. THOMAS TRONG NGO (hereinafter "NGO") has resolved any and all claims of VAN SENUS against him by separate agreement and resolution.  NGO is not a party to this agreement.

**2.    RECITALS**

This RELEASE AGREEMENT is entered into with reference to the following facts:

A.    On or about April 5, 2007, VAN SENUS filed his Complaint entitled *Jon Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually*

1

*and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50,*

*inclusive,* Case No. 07CC04639 in the Orange County Superior Court (the "ACTION").

      B.      In the Action, VAN SENUS claims that on or about March 7, 2007, he was riding

a bicycle northbound upon Dover Drive in the City of Newport Beach, California. He claims that

he was struck by a vehicle driven by NGO. VAN SENUS claims that as a result, he suffered

bodily injury.

      C.      On or about August 6, 2008, LAT filed a Motion for Summary Judgment, or, in

the alternative, Summary Adjudication of Issues on the grounds that it was not liable to VAN

SENUS, as alleged, or otherwise.

      D.      The parties participated in multiple mediation sessions before private mediator

Justice Edward Panelli (Ret.). As a result of these mediation sessions, the parties entered into an

agreement to resolve the action.

      E.      By payment of the amount specified in this RELEASE AGREEMENT, LAT in no

way admits liability to VAN SENUS, or any other individual or entity, and, in fact, denies any

such liability.

**3.    FULL RELEASE OF ALL LIABILITY**:

      A.      For and in consideration of the payments made on behalf of LAT by LAT's

insurers as described in Paragraph 6 of this RELEASE AGREEMENT (the "Settlement

Amount"), VAN SENUS does hereby release, acquit and forever discharge LAT of and from any

and all past, present and future rights, actions, causes of action, claims, demands, damages, costs,

losses, expenses, attorneys' fees, penalties, liens, and other compensation or expense of any kind,

including, but not limited to, those for common law negligence, or in any way on the account of

or in any way arising out of, any and all known or unknown injuries and damages of any nature

whatsoever resulting from or by reason of any acts and/or omissions on the part of the LAT, including but not limited to, those alleged and contended in the action filed in the Orange County Superior Court entitled *Jon Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50, inclusive,* Case No. 07CC04639. This Release shall become effective immediately after all funds paid pursuant to Section 6 below have cleared any and all banks and financial institutions and are fully paid to VAN SENUS.

      B.    VAN SENUS hereby stipulates and agrees that the settlement amount fully satisfies any and all past, present and future liens and other claims, including, but not limited to, medical liens, governmental liens, MediCal liens, MediCare liens, private or public agency liens, or liens from any of VAN SENUS' healthcare providers.

## 4.    RELEASE OF KNOWN AND UNKNOWN CLAIMS

      A.    VAN SENUS expressly waives, to the full extent permitted by law, all rights pursuant to Section 1542 of the California Civil Code, which provides as follows:

> " A general release does not extend to claims which
>
> the creditor does not know or suspect to exist in his
>
> or her favor at the time of executing the release,
>
> which if known by him or her must have materially
>
> affected his or her settlement with the debtor."

      B.    VAN SENUS acknowledges that he is aware that he may discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of this RELEASE AGREEMENT, but that it is his intention to settle and release

3

fully, finally and forever, any and all disputes and differences, known and unknown, suspected and unsuspected, which now exist, may exist, have existed, or hereinafter may exist with respect to any claims between the parties including those which were the subject of the Action as specified in the recitals above. This RELEASE AGREEMENT specifically extinguishes all claims known and unknown between VAN SENUS, on the one hand and LAT, on the other hand.

## 5.   **LEGAL ADVICE**

A.   This RELEASE AGREEMENT has been negotiated by the SETTLING PARTIES through their respective counsel with the assistance of a professional mediator. VAN SENUS hereby warrants and represents that in executing this RELEASE AGREEMENT, VAN SENUS. has relied on legal advice from VAN SENUS' attorneys, and that the terms of this RELEASE AGREEMENT and its consequences have been completely read, reviewed and explained to VAN SENUS by VAN SENUS' attorneys and that VAN SENUS fully understands the terms of this RELEASE AGREEMENT. VAN SENUS further acknowledges and represents that VAN SENUS has been apprised of all relevant information and data furnish by VAN SENUS' attorneys, and all other information relevant to this RELEASE AGREEMENT, including, without limitation, future risks, complications, income tax consequences and costs. VAN SENUS further acknowledges and represents that in executing this RELEASE AGREEMENT, VAN SENUS has not relied on any inducements, promises, or representation other than those matters expressly set forth in this RELEASE AGREEMENT.

B.   VAN SENUS further warrants, represents and agrees that VAN SENUS is not relying on the advice of LAT, or anyone associated with it as to the legal and income tax or other consequences of any kind arising our of this RELEASE AGREEMENT. Accordingly, VAN

4

SENUS hereby releases and holds harmless LAT and any and all counsel or consultants for it from any claim, cause of action or other rights of any kind which VAN SENUS may assert because of the legal, income tax or other consequences of this RELEASE AGREEMENT are other than those anticipated by VAN SENUS.

6.    **PAYMENTS**

In consideration for the release set forth above, and hereafter, the amount of Six Million Dollars ($6,000,000.00) will be paid to VAN SENUS on behalf of LAT by LAT's insurers. Said payment shall be made by eight (8) separate checks payable to the following payees:

A.    **MEDICAL EXPENSES**

1.    Payee: California Department of Health Care Services

(A)    Address: P.O. Box 997425, Sacramento, CA 95899-7425

(B)    Amount: $137,277.51

2.    Payee: CCS

(A)    321 and 325 Braden Avenue, Sarasota, FL 34243

(B)    Amount: $279,526.52

3.    Payee: Medical Services for Indigents aka MSI,

(A)    Address: c/o Renee Mix, MSI Recovery, Physician Services, Inc. on behalf of the Orange County Health Agency, 210 South Juniper Street, Suite 200, Escondido, CA 92025

(B)    Amount: $40,308.88

5

**B.    PURCHASE OF ANNUITIES**

    1.    Payee: Hartford Comprehensive Employee Benefit Service Company

        (TIN: 06-1120503)

        (A)    Address: 200 Hopmeadow Street, Simsbury, CT 06089

        (B)    Amount: $600,124.13

    2.    Payee: MetLife Tower Resources Group, Inc. (TIN: 13-4047186)

        (A)    Address: 200 Park Avenue, New York, NY 10166-0188

        (B)    Amount: $600,124.13

    3.    Payee: John Hancock Assignment Company (TIN: 04-2903660)

        (A)    Address: 601 Congress Street, 8th Floor, Boston, MA 02210

        (B)    Amount: $600,124.13

**C.    DISTRIBUTION TO FLORIDA GUARDIANSHIP**

    1.    Payee: Guardianship of Jon Van Senus, Twelfth Circuit Court, Sarasota

        County, Florida

        Case No.: 2008 GA 010957 NC

        Neala Olson, Guardian

        (A)    Address: 18178 Wolbrette Circle, Port Charlotte, FL 33948

        (B)    Amount: $1,800,372.40

**D.    PAYEE**

    1.    Callahan & Blaine Client Trust Account

        (A)    Address:  3 Hutton Centre Drive, Ninth Floor, Santa Ana, CA

                92707

(B)     Amount:  $1,942,142.39

The payments that are set forth above will be made no later than February 23, 2009. Other than the three annuity checks, which must be paid directly to the annuity companies, any and all checks can be delivered to Callahan & Blaine, c/o of Edward Susolik, Esq., at 3 Hutton Centre Drive, 9th Floor, Santa Ana, CA 92707. Plaintiff's counsel will distribute said checks to the appropriate parties. In the alternative, the checks can be sent directly to the payees at the addresses listed above.

## 7.     DISCHARGE OF OBLIGATION

The obligation of LAT's insurers to the payee designated to receive such payment shall automatically be discharged upon the mailing and/or delivery of a valid check in the amount of such payment to the address of such payee most recently designated above or upon completion of an electronic funds transfer in the amount of such payment to the deposit account of such payee most recently designated consistent with the terms of this RELEASE AGREEMENT.

## 8.     DISMISSAL WITH PREJUDICE

VAN SENUS hereby authorizes and direct his attorneys to dismiss LAT with prejudice from the action filed in the Orange County Superior Court entitled *Jon Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50, inclusive,* Case No. 07CC04639 no later than ten (10) days following delivery of the instrument of payment or date of electronic transfer as otherwise described in this RELEASE AGREEMENT.

7

**9.    NO ADMISSION OF LIABILITY**

It is understood and agreed by VAN SENUS that the RELEASE AGREEMENT

constitutes a compromise of a disputed claim and is made solely to prevent further involvement

in what is anticipated to be expensive and time consuming litigation, is made without regard to

the merit or lack of merit of any of the claims asserted in the action, and that LAT expressly

denies any liability to VAN SENUS. Neither is the RELEASE AGREEMENT nor any

consideration given hereunder to be considered as an admission of liability, express or implied,

on the part of LAT. LAT specifically disclaims any liability to or against VAN SENUS.

**10.    NO ASSIGNMENT OR TRANSFER OF RIGHTS**

VAN SENUS agrees, acknowledges, represents and warrants that he has not assigned or

transferred or purported to assign or transfer, voluntarily, involuntarily, or by operation of law,

any matter released or assigned pursuant to this RELEASE AGREEMENT.

**11.    CAPACITY**

VAN SENUS, by and through his guardian Neala Olson, represents and warrants that he

has the right, power, legal capacity, and authority to enter into and perform the obligations under

this RELEASE AGREEMENT on his own behalf and that no further approval or consent of any

person or entity is necessary for the parties to enter into and perform their obligations.

VAN SENUS has obtained approval from the appropriate judicial authority to enter into

this RELEASE AGREEMENT.

**12.    COOPERATION**

VAN SENUS further agrees to cooperate fully, to execute any and all supplementary

documents and to take all additional actions that may be necessary or appropriate to give full

8

force and effect to the terms and intent of this RELEASE AGREEMENT which are not inconsistent with its terms.

**13.    SEVERANCE**

If any provision of the RELEASE AGREEMENT is determined by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be deemed severed and deleted from this RELEASE AGREEMENT, and it severance or deletion shall not affect the validity of the remaining portions of this RELEASE AGREEMENT.

**14.    ENFORCEMENT OF RELEASE AGREEMENT**

If any action or proceeding is brought for the enforcement of this RELEASE AGREEMENT or any of its provisions, or for a declaration of rights and duties hereunder because of an alleged dispute, breach, default, or misrepresentation in connection with any provision of this RELEASE AGREEMENT, the successful or prevailing party shall be entitled to recover attorneys' fees and other costs incurred in connection with that action or proceeding in addition to any other relief to which the party may be entitled.

**15.    CONSTRUCTION**

This RELEASE AGREEMENT shall not be construed against the parties' representatives who drafted this RELEASE AGREEMENT or any portion thereof.

**16.    BINDING EXTENT OF RELEASE AGREEMENT**

This RELEASE AGREEMENT and release shall bind and insure to the benefit of the parties, their heirs, executors, awards, administrators, agents, successors-in-interest and assignees.

9

**17.    GOVERNING LAW**

This RELEASE AGREEMENT shall be subject to, governed by, and enforced and construed pursuant to the laws of the State of California including, but not limited to, California Code of Civil Procedure section 664.6.

**18.    COUNTERPARTS**

This RELEASE AGREEMENT may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed one in the same instrument.  Signatures transmitted by electronic means or facsimile are the same as an original signature.

**19.    ARM'S LENGTH BARGAINING**

The parties, and their attorneys of record, have entered into this good faith resolution with each other, this resolution was negotiated by the parties through arm's length bargaining, and if fully effective upon the signing of this RELEASE AGREEMENT.

**20.    COSTS AND FEES**

The parties agree to bear their own costs and attorneys' fees in connection with the ACTION and claims or recovery sought, including, without limitation, those incurred prior to or after filing of the ACTION, and those costs incurred in connection with preparation of this RELEASE AGREEMENT.  Each party shall be responsible for its own attorneys' fees, as well as all costs of litigation and in support thereof.  VAN SENUS shall be responsible for any and all medical and related expenses and fees, incurred, or to be incurred.  VAN SENUS shall hold harmless, defend and indemnify, SETTLING PARTIES from any claims made against them by any individual or entity seeking recovery for any amount claimed or alleged to be owed to such

10

individual or entity as a result or any care service, or provision of anything of value, or claimed to be of value, to VAN SENUS.

21.    **CONFIDENTIALITY**

As a further consideration for this RELEASE AGREEMENT, VAN SENUS agrees that the RELEASE AGREEMENT, and its terms and contents, are confidential. VAN SENUS further agrees that neither the RELEASE AGREEMENT, nor its terms or contents, including, but not limited to, any amounts or consideration provided for in the RELEASE AGREEMENT, nor any correspondence or discussions between the parties concerning resolution, will be disclosed (except as may be required by court order, or to VAN SENUS' accountant, tax counsel, and attorney or pursuant to the effort to effect the court finding in support of the resolution) to any other person or entity (including, but not limited to, the news media, trade journals or journalists, trade associations, or other attorneys) by VAN SENUS. VAN SENUS may disclose the following information and only the following information:

"The matter has been resolved. The resolution and

its terms and conditions are confidential."

The provisions and requirements for confidentiality under this RELEASE AGREEMENT shall remain in effect for a period of 50 years following the date of execution of this RELEASE AGREEMENT.

If VAN SENUS is subpoenaed to testify or produce documents or is otherwise served with a discovery request or motion to compel a response to formal discovery request(s) concerning this matter or its settlement, he shall give immediate notice (in writing and by telephone) to LAT through Haight Brown & Bonesteel, LLP, 5 Hutton Centre Drive, Suite 900,

11

Santa Ana, California 92707, telephone (714) 754-1100, facsimile (714) 754-0826, within five

(5) days of service of the subpoena, discovery request or motion to compel a response to a formal

discovery request(s), or sooner if necessitated by the return date of the subpoena or response due

date to a discovery request or a motion to compel response to a form discovery request(s), that a

subpoena, discovery request or a motion to compel a response to a formal discovery request(s)

has been served and shall provide a copy of the subpoena, discovery request or motion to compel

a response to a formal discovery request(s) at the same time to permit LAT an opportunity to

maintain the confidentiality of this RELEASE AGREEMENT. The parties agree that a

subpoena, discovery request or motion to compel a response to a formal discovery request(s) by

itself, absent specific court order, shall be insufficient to cause VAN SENUS to disclose this

RELEASE AGREEMENT or its terms and that VAN SENUS shall seek to and cooperate in

good faith to maintain the confidentiality of this RELEASE AGREEMENT and its terms.

## 22.    PARAGRAPHS

The order in which the paragraphs appear in this RELEASE AGREEMENT has no

significance whatsoever. The paragraph headings are for convenience only.

## 23.    BINDING RELEASE AGREEMENT

This RELEASE AGREEMENT constitutes a single integrated written contract expressing

the entire RELEASE AGREEMENT of the parties. This RELEASE AGREEMENT supersedes

all prior and contemporaneous oral and written agreements and discussions. This RELEASE

AGREEMENT may be amended only upon an agreement in writing.

## 24.    SINGULAR INCLUDES PLURAL

The use of the singular herein is construed to include the plural where applicable.

12

25.    **TERMS ARE CONTRACTUAL**

The terms of this RELEASE AGREEMENT are contractual and not a mere recital.

I have read the foregoing RELEASE AGREEMENT AND RELEASE and fully

understand and accept it.

Dated ___2/11/09___, 2009

_Neala Olson_
JON ROBERT VAN SENUS, by
and through his guardian NEALA OLSON

**APPROVED AS TO FORM AND CONTENT**

Dated _____, 2009                    CALLAHAN & BLAINE, APLC

By _____
    Edward Susolik
Attorneys for Plaintiff JON ROBERT VAN
SENUS, by and through his guardian
NEALA OLSON

25.    **TERMS ARE CONTRACTUAL**

The terms of this RELEASE AGREEMENT are contractual and not a mere recital.


I have read the foregoing RELEASE AGREEMENT AND RELEASE and fully

understand and accept it.


Dated_____, 2009

JON ROBERT VAN SENUS, by
and through his guardian NEALA OLSON


**APPROVED AS TO FORM AND CONTENT**

Dated  2 - 11  , 2009

CALLAHAN & BLAINE, APLC

By_____
Edward Susolik
Attorneys for Plaintiff JON ROBERT VAN
SENUS, by and through his guardian
NEALA OLSON

G:\279X\2793-8\SETTLEMENT AGREEMENT -- UNILATERAL RELEASE.wpd

13

**CIV-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*  TELEPHONE NO:<br>Edward Susolik                   (714) 241-4444<br>CALLAHAN & BLAINE, APLC<br>3 Hutton Centre Drive, Ninth Floor<br><br>Santa Ana, CA 92707<br><br>ATTORNEY FOR *(Name):*  Plaintiff, Jon Robert Van Senus | FOR COURT USE ONLY |

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: JON ROBERT VAN SENUS by and
through his guardian ad litem, NEALA OLSEN
DEFENDANT/RESPONDENT: LOS ANGELES TIMES COMMUNICATIONS
LLC, dba LOS ANGELES TIMES, a limited liabi

| **REQUEST FOR DISMISSAL** | CASE NUMBER: |
|---|---|
| [X] Personal Injury, Property Damage, or Wrongful Death<br>   [X] Motor Vehicle   [ ] Other<br>[ ] Family Law<br>[ ] Eminent Domain<br>[ ] Other *(specify):* | 07CC04639 |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [X] With prejudice     (2) [ ] Without prejudice

   b. (1) [ ] Complaint     (2) [ ] Petition
      (3) [ ] Cross-complaint filed by *(name):*                     on *(date):*
      (4) [ ] Cross-complaint filed by *(name):*                     on *(date):*
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other *(specify):** LOS ANGELES TIMES COMMUNICATIONS LLC, dba LOS ANGELES TIMES, a
          limited liability company

Date:   2 /12/09

Edward Susolik

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
                                                        (SIGNATURE)
                                                Attorney or party without attorney for:

\* If dismissal requested is of specified parties only of specified causes of
action only, or of specified cross-complaints only, so state and identify
the parties, causes of action, or cross-complaints to be dismissed.

[ ] Plaintiff/Petitioner     [ ] Defendant/Respondent
[ ] Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

                                                        (SIGNATURE)
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)     Attorney or party without attorney for:

\*\* If a cross-complaint or Response (Family Law) seeking affirmative relief is on
file, the attorney for cross-complainant (respondent) must sign this consent
if required by Code of Civil Procedure section 581(i) or (j).

[ ] Plaintiff/Petitioner     [ ] Defendant/Respondent
[ ] Cross - complainant

*(To be completed by clerk)*
3. [ ] Dismissal entered as requested on *(date):*
4. [ ] Dismissal entered on *(date):*               as to only *(name):*
5. [ ] Dismissal not entered as requested for the following reasons *(specify):*

6. [ ] a. Attorney or party without attorney notified on *(date):*
       b. Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to conform   [ ] means to return conformed copy

Date:                                         Clerk, by _____ , Deputy

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007]   **REQUEST FOR DISMISSAL**   Legal<br>Solutions<br>& Plus   Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390

# EXHIBIT "2"

## Sarah Serpa

**From:**   Sarah Serpa
**Sent:**   Friday, February 13, 2009 8:56 AM
**To:**   Ed Susolik
**Subject:** Van Senus

Just spoke to Rachel, she says to call her back in 2 or 3 hours, b/c she's supposed to hear from the Sidly woman this morning.  I will stay on it.

Sarah C. Serpa, Esq.
*Callahan & Blaine, APLC*
3 Hutton Centre Drive
Ninth Floor
Santa Ana, California  92707
Ph:  714-241-4444
F:   714-241-4445
sserpa@callahan-law.com

Privacy Notice: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail at Callahan & Blaine and delete all copies of this communication.

# EXHIBIT "3"

## Sarah Serpa

| | |
|---|---|
| **From:** | Rachel B. Mersky [rmersky@monlaw.com] |
| **Sent:** | Friday, February 13, 2009 1:00 PM |
| **To:** | 'kmills@sidley.com' |
| **Cc:** | Shelley A. Losito; Sarah Serpa |
| **Subject:** | LA Times Bankruptcy |

**Attachments:** SDOC4899.pdf; SDOC4900.pdf; SDOC4901.pdf

Kary, It was a pleasure speaking to you earlier today. I attach the settlement documents. Please advise asap if the Debtor will consent to a Stipulation for Relief from Stay providing an allowed general unsecured claim to the extent of the deductible ($1,000,000.00) So that we can proceed to collect from the insurance carriers: Zurich (for the first 3,000,000 less the 1,000,000 deductible) and St Paul for the umbrella coverage for the remaining 4,500,000. If you have any further questions please do not hesitate to contact me. Thanks, Rachel


Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

3/19/2009

# EXHIBIT "4"

## Sarah Serpa

**From:** Sarah Serpa
**Sent:** Friday, February 13, 2009 1:06 PM
**To:** 'Rachel B. Mersky'
**Subject:** RE: LA Times Bankruptcy

Actually the "remaining: amount is $5,000,000. This is the breakdown:

Total Settlement Amount: $7,050,000

| | |
|---|---|
| Amount paid by Defendant, LA Times: | $6,000,000 |
| Amount paid by Defendant, Tai Vo: | $1,000,000 |
| Amount paid by Defendant Thomas Ngo: | $   50,000 |

I think there may have been some confusion over the fifty thousand. An extra zero got added on by your office somehow.

Sarah C. Serpa, Esq.
*Callahan & Blaine, APLC*
3 Hutton Centre Drive
Ninth Floor
Santa Ana, California  92707
Ph:  714-241-4444
F:    714-241-4445
sserpa@callahan-law.com


Privacy Notice: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail at Callahan & Blaine and delete all copies of this communication.

**From:** Rachel B. Mersky [mailto:rmersky@monlaw.com]
**Sent:** Friday, February 13, 2009 1:00 PM
**To:** 'kmills@sidley.com'
**Cc:** Shelley A. Losito; Sarah Serpa
**Subject:** LA Times Bankruptcy

Kary, It was a pleasure speaking to you earlier today. I attach the settlement documents. Please advise asap if the Debtor will consent to a Stipulation for Relief from Stay providing an allowed general

3/19/2009

unsecured claim to the extent of the deductible ($1,000,000.00) So that we can proceed to collect from the insurance carriers: Zurich (for the first 3,000,000 less the 1,000,000 deductible) and St Paul for the umbrella coverage for the remaining 4,500,000. If you have any further questions please do not hesitate to contact me. Thanks, Rachel

Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

3/19/2009

# EXHIBIT "5"

## Sarah Serpa

**From:** Rachel B. Mersky [rmersky@monlaw.com]
**Sent:** Friday, February 13, 2009 1:09 PM
**To:** Rachel B. Mersky; 'kmills@sidley.com'
**Cc:** Shelley A. Losito; Sarah Serpa
**Subject:** RE: LA Times Bankruptcy

Kary, Mea culpa, I got the settlement details and payments wrong.

Actually the "remaining: amount is $5,000,000. This is the breakdown:

Total Settlement Amount: $7,050,000

Amount paid by Defendant, LA Times:        $6,000,000 (The first $3,000,000 is from the
primary Zurich policy less the $1,000,000 deductible) and the next $2,000,000 is from
the umbrella coverage from the St. Paul policy.
Amount paid by Defendant, Tai Vo:        $1,000,000
Amount paid by Defendant Thomas Ngo:    $    50,000

Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

**From:** Rachel B. Mersky
**Sent:** Friday, February 13, 2009 4:00 PM
**To:** 'kmills@sidley.com'
**Cc:** Shelley A. Losito; 'sserpa@callahan-law.com'
**Subject:** LA Times Bankruptcy

Kary, It was a pleasure speaking to you earlier today. I attach the settlement documents. Please advise
asap if the Debtor will consent to a Stipulation for Relief from Stay providing an allowed general
unsecured claim to the extent of the deductible ($1,000,000.00) So that we can proceed to collect from
the insurance carriers: Zurich (for the first 3,000,000 less the 1,000,000 deductible) and St Paul for the
umbrella coverage for the remaining 4,500,000. If you have any further questions please do not hesitate
to contact me. Thanks, Rachel

Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400

3/19/2009

Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

3/19/2009

# EXHIBIT "6"

## Sarah Serpa

| | |
|---|---|
| **From:** | Sarah Serpa |
| **Sent:** | Friday, February 13, 2009 1:41 PM |
| **To:** | Rachel B. Mersky; kmills@sidley.com |
| **Subject:** | FW: Letter to Kenneth Kansa re: Court Ordered Settlement re: Jon Van Senus |
| **Attachments:** | Letter to Kansa 021209.pdf; Order.pdf; Agreement.pdf; Request for Dismissal.pdf |

Per Ed Susolik's request, please see the attached.

Sarah C. Serpa, Esq.
*Callahan & Blaine, APLC*
3 Hutton Centre Drive
Ninth Floor
Santa Ana, California  92707
Ph:  714-241-4444
F:   714-241-4445
sserpa@callahan-law.com

Privacy Notice: This communication constitutes an electronic communication within the meaning of the
Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the
recipient intended by the sender of this message. This communication may contain confidential and
privileged material for the sole use of the intended recipient and receipt by anyone other than the
intended recipient does not constitute a loss of the confidential or privileged nature of the
communication. Any review or distribution by others is strictly prohibited. If you are not the intended
recipient please contact the sender by return electronic mail at Callahan & Blaine and delete all copies of
this communication.

**From:** Ed Susolik
**Sent:** Thursday, February 12, 2009 4:46 PM
**To:** kkansa@sidley.com
**Cc:** Cleeland, Bruce
**Subject:** Letter to Kenneth Kansa re: Court Ordered Settlement re: Jon Van Senus

# EXHIBIT "7"

## Ed Susolik

| | |
|---|---|
| **From:** | Chin,Ralph [RCHIN@travelers.com] |
| **Sent:** | Monday, February 23, 2009 7:51 AM |
| **To:** | Ed Susolik; Lynch,Michael; Harrison,John R; 'Gary Bresee' |
| **Subject:** | Jon Van Senus/Tribune Bankruptcy |

**Follow Up Flag:** Follow up

**Flag Status:** Red

Mr. Susolik:
A copy of your 2/12/09 letter to the Sidley firm has been brought to my attention. Have you received a response? Travelers has every intention in honoring its obligations, subject to the bankruptcy which was filed prior to the Orange County Superior Court order dated 1/28/09. Please keep me informed.
Sincerely,
Ralph Chin
Managing Counsel
The Travelers

===============================================================================
This communication, together with any attachments hereto or links contained herein,

===============================================================================
The Travelers e-mail system made this annotation on 02/23/09, 10:51:13.

# EXHIBIT "8"

## Sarah Serpa

| | |
|---|---|
| **From:** | Ed Susolik |
| **Sent:** | Tuesday, February 17, 2009 7:02 PM |
| **To:** | Sarah Serpa; Rachel B. Mersky |
| **Subject:** | RE: Relief from Stay |

Rachel:

I will call you tomorrow. I have not yet decided if we will file the motion for relief from stay. I am still negotiating with the carriers to try to get payment voluntarily. I will know more tomorrow. Let's get the motion for relief from stay into final. Sarah will send you some language to add

**From:** Sarah Serpa
**Sent:** Tuesday, February 17, 2009 4:48 PM
**To:** Rachel B. Mersky
**Cc:** Ed Susolik
**Subject:** RE: Relief from Stay

Rachel,

We now need to file a motion for relief from stay. I will forward to you language regarding the circumstances and damages that you can plug into the motion. We need to file by Thursday. I will be in touch with you by telephone first thing tomorrow morning. Thank you for your cooperation.

Sarah C. Serpa, Esq.
*Callahan & Blaine, APLC*
3 Hutton Centre Drive
Ninth Floor
Santa Ana, California 92707
Ph: 714-241-4444
F:  714-241-4445
sserpa@callahan-law.com

Privacy Notice: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail at Callahan & Blaine and delete all copies of this communication.

3/19/2009

**From:** Rachel B. Mersky [mailto:rmersky@monlaw.com]
**Sent:** Wednesday, February 11, 2009 1:14 PM
**To:** Sarah Serpa
**Subject:** Relief from Stay


Rachel B. Mersky, Esquire
Monzack Mersky McLaughlin and Browder, P.A.
1201 N. Orange Street, Suite 400
Wilmington, DE 19801
P (302) 656-8162
F (302) 656-2769
Email rmersky@monlaw.com

# EXHIBIT "9"

**Sarah Serpa**

| | |
|---|---|
| **From:** | Ed Susolik |
| **Sent:** | Tuesday, February 17, 2009 8:22 PM |
| **To:** | eleonard@hfdclaw.com; Bruce L. Cleeland |
| **Cc:** | Sarah Serpa |
| **Subject:** | Payment of Settlement Checks by Travelers and Zurich |

Ed:

It would be much preferable to speak with you tomorrow.  We need to get this done.
There is a deadline of February 23, 2009 for Travelers and Zurich to fund the settlement,
including the annuities, which quotes are good only until February 23.  The Court order
states payment must be made the insurance carriers by February 23.

The reality is that there is not much to discuss.  Travelers and Zurich have all the
necessary payee information.  They need to cut the checks that they agreed to pay back in
October of 2008.  While the LA Times may be in bankruptcy, these settlements are being
funded by Travelers and Zurich.  Those companies are not in bankruptcy.

Both the Travelers and the Zurich policies specifically deal with the issue of bankruptcy
and have very similar language:  For example, Section IVB1 of the Zurich North
America specifically provides, under General Conditions: Bankruptcy, as follows:

> Bankruptcy or insolvency of the "insured" or the
> "insured's" estate will not relieve us of any obligations
> under this Coverage Form.

Likewise, the St. Paul's Travelers insurance policy sets forth, under Section VII, C,
entitled Bankruptcy or Insolvency, as follows:

> 1. The Insured's **bankruptcy, insolvency or inability**
> **to pay, when the bankruptcy, insolvency or inability**
> **to pay of any issuer of Scheduled Underlying**
> **Insurance** will not relieve us of our obligations under
> this policy.

As is self-evident, both Zurich North America and St. Paul's Travelers have
an immediate obligation to pay the contractual and Court ordered obligation, irrespective
of any bankruptcy by LA Times.

Please call me so we can get this done.

3/19/2009

My cell phone is (949) 422-7900; it is the best way to get a hold of me tomorrow.  You can also call work at (714) 241-4444.

I will also send you the various letters and e-mails I have sent to Bruce Cleeland and Ken Kansa.  You probably have them already, but I will send them so you have them in one place.

I look forward to hearing from you.

Ed Susolik

---

**From:** Ed Leonard [mailto:eleonard@hfdclaw.com]
**Sent:** Tuesday, February 17, 2009 6:08 PM
**To:** Ed Susolik; Bruce L. Cleeland
**Subject:** Re:

Ed

Call me on Thursday.

Ed LEONARD

Sent from my Verizon Wireless BlackBerry

---

**From**: Ed Susolik
**Date**: Tue, 17 Feb 2009 18:03:06 -0800
**To**: Cleeland, Bruce<BCleeland@hbblaw.com>
**Subject**: RE:
Does he represent travelers, zurich or both?

---

**From:** Cleeland, Bruce [mailto:BCleeland@hbblaw.com]
**Sent:** Tuesday, February 17, 2009 6:04 PM
**To:** Ed Susolik
**Cc:** Ed Leonard
**Subject:**

Mr. Susolik -

Please feel free to contact:

EDWARD R. LEONARD

HARRINGTON, FOXX, DUBROW & CANTER

714/973-4595 [OFFICE]

3/19/2009

eleonard@hfdclaw.com

Should you have any other questions feel free to contact me.

Enjoy your evening.

BC

# EXHIBIT "10"

## Sarah Serpa

| | |
|---|---|
| **From:** | Ed Susolik |
| **Sent:** | Tuesday, February 17, 2009 8:23 PM |
| **To:** | eleonard@hfdclaw.com |
| **Cc:** | Bruce L. Cleeland; Sarah Serpa |
| **Subject:** | FW: Letter to Kenneth Kansa re: Court Ordered Settlement re: Jon Van Senus |

**Attachments:** Letter to Kansa 021209.pdf; Order.pdf; Agreement.pdf; Request for Dismissal.pdf

**From:** Ed Susolik
**Sent:** Thursday, February 12, 2009 4:46 PM
**To:** 'kkansa@sidley.com'
**Cc:** Cleeland, Bruce
**Subject:** Letter to Kenneth Kansa re: Court Ordered Settlement re: Jon Van Senus

# EXHIBIT "11"

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

### 1.    PARTIES

The parties to this Settlement Agreement and Release of All Claims (hereinafter "SETTLEMENT AGREEMENT") are JON ROBERT VAN SENUS, by and through his guardian ad litem Neala Olson, his heirs, executors, wards, administrators, agents, successors-in-interest, attorneys, assignees and lienholders (hereinafter "VAN SENUS"), on the one hand, and TAI VO and DM DISTRIBUTION, their predecessors, assigns, parent entities, subsidiaries and any person or entity acting by or on their behalf, including, but not limited to, their agents, employees, heirs, executors, administrators, successors-in-interest, officers, directors, shareholders, attorneys, insurers, and indemnitors (hereinafter "VO").  VAN SENUS and VO may sometimes be referred to collectively as "SETTLING PARTIES."  THOMAS TRONG NGO (hereinafter "NGO") has resolved any and all claims of VAN SENUS against him by separate agreement and resolution.  NGO is not a party to this agreement.  Likewise, LOS ANGELES TIMES COMMUNICATIONS, LLC ("LAT") has resolved any and all claims of VAN SENUS against it and has prepared a separate agreement.  LAT is not a party to this agreement.

### 2.    RECITALS

This SETTLEMENT AGREEMENT is entered into with reference to the following facts:

A.    On or about April 5, 2007, VAN SENUS filed his Complaint entitled *Jon Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50,*

1

*inclusive,* Case No. 07CC04639 in the Orange County Superior Court (the "ACTION").

      B.     In the Action, VAN SENUS claims that on or about March 7, 2007, he was riding a bicycle northbound upon Dover Drive in the City of Newport Beach, California. He claims that he was struck by a vehicle driven by NGO. VAN SENUS claims that as a result, he suffered bodily injury.

      C.     VAN SENUS, VO, LAT AND NGO participated in multiple mediation sessions before private mediator Justice Edward Panelli (Ret.). As a result of these mediation sessions, VAN SENUS, VO, LAT and NGO entered into an agreement to resolve the action. The agreement reached at the mediation comprises a global settlement of all claims. VAN SENUS has agreed to provide a full and complete release to VO, LAT and NGO.

      D.     The SETTLING PARTIES deem it to be in their best interests to resolve and to compromise all remaining disputes which exist or which might exist between SETTLING PARTIES, and enter into this SETTLEMENT AGREEMENT as described herein.

      E.     This SETTLEMENT AGREEMENT is the product of informed negotiations involving compromise of the SETTLING PARTIES' previously stated legal positions. This SETTLEMENT AGREEMENT does not necessarily reflect the SETTLING PARTIES' views as to their rights and obligations with regard to matters or persons outside the scope of this SETTLEMENT AGREEMENT. This SETTLEMENT AGREEMENT is entered into in good faith by the SETTLING PARTIES and is entered into freely by the parties.

      F.     By payment of the amount specified in this SETTLEMENT AGREEMENT, VO does not in any way admit liability to VAN SENUS, or any other individual or entity, and, in fact, denies any such liability.

2

**3.** **FULL RELEASE OF ALL LIABILITY**

A.      For and in consideration of the covenants contained herein and in consideration of

total payments made on behalf of VO as described in Paragraph 6 of this SETTLEMENT

AGREEMENT (the "Settlement Amount"), VAN SENUS does hereby release, acquit and

forever discharge VO of and from any and all past, present and future rights, actions, causes of

action, claims, demands, damages, costs, losses, expenses, attorneys' fees, penalties, liens, and

other compensation or expense of any kind, including, but not limited to, those for common law

negligence, or in any way on the account of or in any way arising out of, any and all known or

unknown injuries and damages of any nature whatsoever resulting from or by reason of any acts

and/or omissions on the part of the SETTLING PARTIES, including but not limited to, those

alleged and contended in the action filed in the Orange County Superior Court entitled *Jon*

*Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times*

*Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually*

*and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50,*

*inclusive,* Case No. 07CC04639.  In addition, VAN SENUS has also provided a full and

complete release to LAT and NGO, by separate agreement.

B.      The SETTLING PARTIES hereby stipulate and agree that the settlement amount

fully satisfies any and all past, present and future liens and other claims, including, but not

limited to, medical liens, governmental liens, MediCal liens, MediCare liens, private or public

agency liens, or liens from any of VAN SENUS' healthcare providers.

**4.** **RELEASE OF KNOWN AND UNKNOWN CLAIMS**

A.      VAN SENUS expressly waives, to the full extent permitted by law, all rights

pursuant to Section 1542 of the California Civil Code, which provides as follows:

3

> " A general release does not extend to claims which
>
> the creditor does not know or suspect to exist in his
>
> or her favor at the time of executing the release,
>
> which if known by him or her must have materially
>
> affected his or her settlement with the debtor."

B.     VAN SENUS acknowledges that he is aware that he may discover facts in

addition to or different from those which he now knows or believes to be true with respect to the

subject matter of this SETTLEMENT AGREEMENT, but that it is his intention to settle and

release fully, finally and forever, any and all disputes and differences, known and unknown,

suspected and unsuspected, which now exist, may exist, have existed, or hereinafter may exist

with respect to any claims between the parties including those which were the subject of the

Action as specified in the recitals above. This SETTLEMENT AGREEMENT specifically

extinguishes all claims known and unknown between VAN SENUS, on the one hand and VO, on

the other hand.

## 5.     **LEGAL ADVICE**

A.     This SETTLEMENT AGREEMENT has been negotiated by the SETTLING

PARTIES through their respective counsel with the assistance of a professional mediator. VAN

SENUS hereby warrants and represents that in executing this SETTLEMENT AGREEMENT,

VAN SENUS has relied on legal advice from VAN SENUS' attorneys, and that the terms of this

SETTLEMENT AGREEMENT and its consequences have been completely read, reviewed and

explained to VAN SENUS by VAN SENUS' attorneys and that VAN SENUS fully understands

the terms of this SETTLEMENT AGREEMENT. VAN SENUS further acknowledges and

represents that VAN SENUS has been apprised of all relevant information and data furnish by

4

VAN SENUS' attorneys, and all other information relevant to this SETTLEMENT

AGREEMENT, including, without limitation, future risks, complications, income tax

consequences and costs. VAN SENUS further acknowledges and represents that in executing

this SETTLEMENT AGREEMENT, VAN SENUS has not relied on any inducements, promises,

or representation other than those matters expressly set forth in this SETTLEMENT

AGREEMENT.

B.    VAN SENUS further warrants, represents and agrees that VAN SENUS is not

relying on the advice of VO, or anyone associated with him as to the legal and income tax or

other consequences of any kind arising our of this SETTLEMENT AGREEMENT. Accordingly,

VAN SENUS hereby releases and holds harmless VO and any and all counsel or consultants for

him from any claim, cause of action or other rights of any kind which VAN SENUS may assert

because of the legal, income tax or other consequences of this SETTLEMENT AGREEMENT

are other than those anticipated by VAN SENUS.

**6.    PAYMENTS**

In consideration for the release set forth above, and hereafter, the amount of One Million

Dollars ($1,000,000.00) will be paid to VAN SENUS on behalf of VO. Said payment shall be

made payable to C&B Client Trust Account.

The payment set forth above will be made no later than February 12, 2009. Said checks

shall be delivered to Callahan & Blaine, c/o of Edward Susolik, Esq., at 3 Hutton Centre Drive,

9th Floor, Santa Ana, CA 92707.

5

7.    **DISCHARGE OF OBLIGATION**

The obligation of VO to the payee designated to receive such payment shall automatically be discharged upon the mailing and/or delivery of a valid check in the amount of such payment to the address of such payee most recently designated above or upon completion of an electronic funds transfer in the amount of such payment to the deposit account of such payee most recently designated consistent with the terms of this SETTLEMENT AGREEMENT.

8.    **DISMISSAL WITH PREJUDICE**

VAN SENUS hereby authorizes and direct his attorneys to dismiss VO with prejudice from the action filed in the Orange County Superior Court entitled *Jon Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50, inclusive,* Case No. 07CC04639 no later than ten (10) days following delivery of the instrument of payment or date of electronic transfer as otherwise described in this SETTLEMENT AGREEMENT.

9.    **NO ADMISSION OF LIABILITY**

· It is understood and agreed that the SETTLEMENT AGREEMENT constitutes a compromise of a disputed claim and is made solely to prevent further involvement in what is anticipated to be expensive and time consuming litigation, is made without regard to the merit or lack of merit of any of the claims asserted in the action, and that VO expressly denies any liability to VAN SENUS. Neither is the SETTLEMENT AGREEMENT nor any consideration given hereunder to be considered as an admission of liability, express or implied, on the part of VO. VO specifically disclaims any liability to VAN SENUS.

6

**10.    NO ASSIGNMENT OR TRANSFER OF RIGHTS**

VAN SENUS agrees, acknowledges, represents and warrants that he has not assigned or transferred or purported to assign or transfer, voluntarily, involuntarily, or by operation of law, any matter released or assigned pursuant to this SETTLEMENT AGREEMENT.

**11.    CAPACITY**

The parties represent and warrant that they have the right, power, legal capacity, and authority to enter into and perform the obligations under this SETTLEMENT AGREEMENT on their own behalf and that no further approval or consent of any person or entity is necessary for the parties to enter into and perform their obligations.

VAN SENUS has obtained approval from the appropriate judicial authority to enter into this SETTLEMENT AGREEMENT.

**12.    COOPERATION**

The parties further agree to cooperate fully, to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this SETTLEMENT AGREEMENT which are not inconsistent with its terms.

**13.    SEVERANCE**

If any provision of the SETTLEMENT AGREEMENT is determined by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be deemed severed and deleted from this SETTLEMENT AGREEMENT, and it severance or deletion shall not affect the validity of the remaining portions of this SETTLEMENT AGREEMENT.

7

14.    **ENFORCEMENT OF SETTLEMENT AGREEMENT**

If any action or proceeding is brought for the enforcement of this SETTLEMENT AGREEMENT or any of its provisions, or for a declaration of rights and duties hereunder because of an alleged dispute, breach, default, or misrepresentation in connection with any provision of this SETTLEMENT AGREEMENT, the successful or prevailing party shall be entitled to recover attorneys' fees and other costs incurred in connection with that action or proceeding in addition to any other relief to which the party may be entitled.

15.    **CONSTRUCTION**

This SETTLEMENT AGREEMENT shall not be construed against the parties' representatives who drafted this SETTLEMENT AGREEMENT or any portion thereof.

16.    **BINDING EXTENT OF SETTLEMENT AGREEMENT**

This SETTLEMENT AGREEMENT and release shall bind and insure to the benefit of the parties, their heirs, executors, awards, administrators, agents, successors-in-interest and assignees.

17.    **GOVERNING LAW**

This SETTLEMENT AGREEMENT shall be subject to, governed by, and enforced and construed pursuant to the laws of the State of California including, but not limited to, California Code of Civil Procedure section 664.6.

8

## 18.    COUNTERPARTS

This SETTLEMENT AGREEMENT may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed one in the same instrument.  Signatures transmitted by electronic means or facsimile are the same as an original signature.

## 19.    ARM'S LENGTH BARGAINING

The parties, and their attorneys of record, have entered into this good faith resolution with each other, this resolution was negotiated by the parties through arm's length bargaining, and if fully effective upon the signing of this SETTLEMENT AGREEMENT.

## 20.    COSTS AND FEES

The parties agree to bear their own costs and attorneys' fees in connection with the ACTION and claims or recovery sought, including, without limitation, those incurred prior to or after filing of the ACTION, and those costs incurred in connection with preparation of this SETTLEMENT AGREEMENT.  Each party shall be responsible for its own attorneys' fees, as well as all costs of litigation and in support thereof.  VAN SENUS shall be responsible for any and all medical and related expenses and fees, incurred, or to be incurred.  VAN SENUS shall hold harmless, defend and indemnify, SETTLING PARTIES from any claims made against them by any individual or entity seeking recovery for any amount claimed or alleged to be owed to such individual or entity as a result or any care service, or provision of anything of value, or claimed to be of value, to VAN SENUS.

9

21.    **CONFIDENTIALITY**

As a further consideration for this SETTLEMENT AGREEMENT, VAN SENUS agrees

that the SETTLEMENT AGREEMENT, and its terms and contents, are confidential. VAN

SENUS further agrees that neither the SETTLEMENT AGREEMENT, nor its terms or contents,

including, but not limited to, any amounts or consideration provided for in the SETTLEMENT

AGREEMENT, nor any correspondence or discussions between the parties concerning

resolution, will be disclosed (except as may be required by court order, or to VAN SENUS'

accountant, tax counsel, and attorney or pursuant to the effort to effect the court finding in

support of the resolution) to any other person or entity (including, but not limited to, the news

media, trade journals or journalists, trade associations, or other attorneys) by VAN SENUS.

VAN SENUS may disclose the following information and only the following information:

> "The matter has been resolved. The resolution and
>
> its terms and conditions are confidential."

The provisions and requirements for confidentiality under this SETTLEMENT

AGREEMENT shall remain in effect for a period of 50 years following the date of execution of

this SETTLEMENT AGREEMENT.

If VAN SENUS is subpoenaed to testify or produce documents or is otherwise served

with a discovery request or motion to compel a response to formal discovery request(s)

concerning this matter or its settlement, he shall give immediate notice (in writing and by

telephone) to VO through Daniel S. Alderman, Esq., **KINKLE, RODIGER AND SPRIGGS,**

888 South Figueroa Street, Suite 1000, Los Angeles, CA 90017, Telephone (213) 629-1261 and

Facsimile (213) 629-8382, within five (5) days of service of the subpoena, discovery request or

motion to compel a response to a formal discovery request(s), or sooner if necessitated by the

return date of the subpoena or response due date to a discovery request or a motion to compel

response to a form discovery request(s), that a subpoena, discovery request or a motion to compel

a response to a formal discovery request(s) has been served and shall provide a copy of the

subpoena, discovery request or motion to compel a response to a formal discovery request(s) at

the same time to permit VO an opportunity to maintain the confidentiality of this SETTLEMENT

AGREEMENT. The parties agree that a subpoena, discovery request or motion to compel a

response to a formal discovery request(s) by itself, absent specific court order, shall be

insufficient to cause VAN SENUS to disclose this SETTLEMENT AGREEMENT or its terms

and that VAN SENUS shall seek to and cooperate in good faith to maintain the confidentiality of

this SETTLEMENT AGREEMENT and its terms.

**22.   PARAGRAPHS**

The order in which the paragraphs appear in this SETTLEMENT AGREEMENT has no

significance whatsoever. The paragraph headings are for convenience only.

**23.   BINDING SETTLEMENT AGREEMENT**

This SETTLEMENT AGREEMENT constitutes a single integrated written contract

expressing the entire SETTLEMENT AGREEMENT of the parties. This SETTLEMENT

AGREEMENT supersedes all prior and contemporaneous oral and written agreements and

discussions. This SETTLEMENT AGREEMENT may be amended only upon an agreement in

writing.

**24.   SINGULAR INCLUDES PLURAL**

The use of the singular herein is construed to include the plural where applicable.

11

**25.    TERMS ARE CONTRACTUAL**

The terms of this SETTLEMENT AGREEMENT are contractual and not a mere recital.

I have read the foregoing SETTLEMENT AGREEMENT AND RELEASE and fully understand and accept it.

Dated ___2/10/09___, 2009                    _____
                                            JON ROBERT VAN SENUS, by
                                            and through his guardian NEALA OLSON


**APPROVED AS TO FORM AND CONTENT**

Dated ___2-10-09___, 2009                    CALLAHAN & BLAINE, APLC

                                            By_____
                                               Edward Susolik
                                            Attorneys for Plaintiff, JON ROBERT
                                            VAN SENUS, by and through his
                                            Guardian, NEALA OLSON

G:\2793\2793-02\SETTLEMENT AGREEMENT - TAI VO (Final).wpd

12

# EXHIBIT "12"

AUG.28.2008 05:13 7142576571                              A:G                              #:::: 5.::: /::::

**RELEASE OF ALL CLAIMS**


21st Century Insurance
21st.com
1-800-211-SAVE

INSURED        . Thomas Ngo
CLAIM NO        621687-SA-38
DATE OF LOSS . 3/7/2007

The Undersigned(s) Neala Olson as guardian ad litem and conservator for Jon Vansenus on behalf of himself/herself, his/her heirs, executors, administrators, and assigns, agrees to accept as complete and sole consideration. Fifty Thousand Dollars and 00/100 ($50,000.00) (hereinafter "Settlement Monies") payable to Neala Olson as guardian ad litem and conservator for Jon Vansenus, and any additional lienholders, which check will act as full compromise settlement and satisfaction of any and all claims that are known or unknown against Thomas Ngo  In exchange for the aforementioned SETTLEMENT MONIES, the undersigned agrees to execute this document and release and discharge of all actions, causes of action, claims and demands, damages, costs, loss of services, expenses and compensation including any and all liens arising out of the subject matter of this Release, whether actual or asserted, present or prospective, on account of, or in any way growing out of, any and all known and unknown bodily injuries, personal injuries and property damage whatsoever, that now exist, or may hereafter accrue, against solely Thomas Ngo, as a result of an accident, casualty or event which occurred on or about March 7, 2007, near Newport Beach, CA, and for which the Undersigned(s) claims(claim) the above named person(s) or parties are legally liable in the damages; which legal liability and damages are disputed and denied as pertains to Thomas Ngo and his/her insurer

The Undersigned(s) Warrants (Warrant), that no promise or inducement has been offered except as herein set forth; that this Release is executed free of duress and without reliance upon any statement or representation by the person(s) or parties released, or their representatives, or physicians, concerning the nature and extent of the injuries and/or damages and/or legal liability therefor; that the Undersigned(s) is(are) of legal age, legally competent to execute this Release and accept(s) full responsibility therefor, and,

The Undersigned(s) represents (represent) that no signator has been hospitalized or admitted to a medical facility within the past fifteen (15) days.

The Undersigned(s) hereby expressly waives(waive) the provisions of section 1542 of the Civil Code of the State of California, which reads as follows

"A general release does not extend to Claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

FOR YOUR PROTECTION CALIFORNIA LAW REQUIRES THE FOLLOWING TO APPEAR ON THIS FORM: Insurance Code §1871.2 "Any person who knowingly presents a false or fraudulent claim for payment of a loss is guilty of a crime and may be subject to fines and confinement in prison."

Signed this _5th_ day of _September_, 2008 at _Port Charlotte_  _FL_  _33558_
                                                                  City              State

_____                              _____
WITNESS TO SIGNATURE                                  SIGNATURE

_____                              _____
WITNESS TO SIGNATURE                                  SIGNATURE