## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY., et al.,[1] | Case No. 08-13431 (KJC) |
| Debtors. | Jointly Administered |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Tribune Company, et al.,[1] (collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all the Schedules and Statements. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared by the Debtors' management and are unaudited and subject to further review and potential adjustment and amendment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, however, subsequent information or discovery of other relevant facts may result in material changes to the Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist. The Debtors reserve all rights to amend or supplement their Schedules and Statements.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, matters involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Cases and "As of" Information Date**. On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 10, 2008, the Court entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b).

The Debtors filed for bankruptcy during the middle of the business day on December 8, 2008. As it is impractical to determine assets and liabilities during the middle of a business day, the books were closed as of the end of day on December 7, 2008 with certain adjustments for material, identifiable transactions that occurred between midnight on December 7, 2008 and the filing of the petitions on December 8, 2008.

**Basis of Presentation**. The Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis where

---

[2]    These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a "General Note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

possible. Accordingly, the totals listed in the Schedules and Statements may not be comparable to Tribune Company consolidated financial reports prepared for public reporting purposes or otherwise as these reports include Tribune Company and each of its subsidiaries, some of which are not Debtors in these proceedings.

For purposes of the Schedules and Statements, the Debtors used reasonable efforts to attribute the assets and liabilities of each of their businesses to the proper legal entity; however, because the Debtors' accounting systems are designed to report for purposes of operational and managerial decision making, rather than by individual legal entity, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules and Statements. As such, the Debtors reserve all rights to amend these Schedules and Statements accordingly.

Although these Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("GAAP"), the Statements and Schedules neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not a conclusion that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date. Likewise, to the extent that a Debtor shows more liabilities than assets, this is not a conclusion that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Confidentiality**. There may be instances within the Schedules and Statements where names, addresses or amounts have been left blank. Due to the nature of an agreement between the Debtors and the third party, concerns of confidentiality or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses and amounts.

**Consolidated Entity Accounts Payable and Disbursement Systems**. The Debtors use a centralized cash management system to collect funds from customers into their primary concentration accounts and maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Debtors currently disburse approximately 85% of their accounts payable and payroll obligations through Tribune Company accounts. Payments made by Tribune Company to third parties on behalf of other affiliated Debtors are reflected as payments to creditors in Statement Question 3b of Tribune Company's Statement of Financial Affairs, although such payments may have been made on behalf of an entity other than the Tribune Company.

The Debtors also maintain seven direct debit accounts for postage payments and tax payments. These accounts are held by various Debtors and are debited by the U.S. Postal Service or various tax authorities in the ordinary course of business. These direct debit disbursements are reflected as payments to creditors in Statement Question 3b of the applicable Debtor. Finally, there are certain other disbursement accounts which have

been reflected as payments to creditors in Statement Question 3b of the applicable Debtor.

**Intercompany Claims**.  Receivables and payables among the Debtors and/or the Debtors and non-Debtor subsidiaries of Tribune Company in these cases (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") are reported as assets on Schedule B or liabilities on Schedule F. These Intercompany Claims are comprised primarily of the following components:  1) concentration of accounts receivable collections from the various Debtors to Tribune Company, 2) accounts payable and payroll disbursements made out of Tribune Company bank accounts on behalf of other Debtors, 3) centrally billed expenses, 4) corporate expense allocations, and 5) accounting for other intercompany transactions.  These Intercompany Claims may or may not result in allowed or enforceable claims by or against a given Debtor, and by listing this claims the Debtors are not indicating a conclusion that the Intercompany Claims are enforceable.  Intercompany Claims may also be subject to set off, recoupment, and netting not reflected in the Schedules. In situations where there is not an enforceable claim, the assets and/or liabilities of the applicable Debtor may be greater or lesser than the amounts stated herein.  All rights to amend the Intercompany Claims in the Schedules and Statements are reserved.

The Debtors have listed all intercompany payables as unsecured non-priority claims on Schedule F for each applicable Debtor but reserve their rights to later change the characterization, classification, categorization or designation of such claims.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) as (a) directors, (b) officers, (c) relatives of directors or officers of the Debtors and (d) any managing agent of the Debtors.  Payments to insiders listed in (a) through (d) above are set forth on Statement 3c.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Excluded Accruals/GAAP entries**. The Debtors' balance sheets reflect liabilities recognized in accordance with GAAP; however, not all such liabilities would result in a claim against the Debtors and thus certain liabilities (including but not limited to certain reserves, deferred charges, and future contract obligations) have not been included in the Debtors' Schedules.  The Debtors have also excluded from the Schedules certain assets that have no book value and certain assets recorded in accordance with GAAP, including those associated with the aforementioned liabilities (such as future contract benefits.) (See Note on Schedule F below for addition information on certain excluded liabilities) Other immaterial assets and liabilities may also have been excluded.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

a.    **Foreign Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

b.    **Current Market Value — Net Book Value**.  In many instances, current market valuations are neither maintained by nor readily available to the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are otherwise not readily available.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date and may not reflect the net realizable value.  For this reason, amounts ultimately realized will vary, at some times materially, from net book value.

c.    **Paid Claims**.  Pursuant to certain first-day orders issued by the Bankruptcy Court (the "First Day Orders"), the Bankruptcy Court has authorized the Debtors to pay certain outstanding prepetition claims, such as certain employee wages and benefit claims, claims for taxes and fees, claims related to customer programs, critical vendor claims, broker claims, claims of shippers and warehousemen and claims related to insurance policies and premiums.  Unless otherwise stated, these Schedules and Statements reflect (and do not list) prepetition obligations that have been satisfied pursuant to such First Day Orders.  Notwithstanding best efforts, certain claims paid pursuant to a First Day Order may inadvertently be listed in the Schedules and Statements, and the Debtors may pay some of the claims listed on the Schedules and Statements in the ordinary course of business during these cases pursuant to such First Day Orders or other court orders.  To the extent claims listed on the Schedules and Statements have been paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary and appropriate.  Moreover, certain of the First Day Orders preserve the rights of parties in interest to dispute any amounts paid pursuant to First Day Orders.  Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a First Day Order that preserves such right to contest.

d.    **Setoffs**.  The Debtors routinely incur certain setoffs from customers or suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds and other disputes between the Debtors

and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

e.  **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to same.

f.  **Accounts Receivable**. The accounts receivable information listed on Schedule B includes net receivables from the Debtors' customers which receivables are calculated net of any amounts that, as of the Petition Date, may be owed to such customers in the form of rebates, offsets or other price adjustments pursuant to the Debtors' customer program policies and day-to-day operating policies. A claim is listed on Schedule F to the extent that a net payable remains to a given customer. Many of the Debtors sell their accounts receivable from advertising customers to Tribune Company, which in turn sells the receivables to Tribune Receivables, LLC ("TREC"), a non-debtor subsidiary of Tribune Company. TREC has pledged the receivables as security for loans borrowed by it under a securitization facility. TREC remits the proceeds of the loans to Tribune Company as part of the purchase price for the receivables. .

g.  **Mechanics' Liens**. The inventories, property and equipment listed in these Schedules and Statements are presented without consideration of any mechanics' liens.

h.  **Leases**. In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third party lessors for use in the daily operation of their businesses. The Debtors' obligations pursuant to capital leases appear on Schedule D and their obligations pursuant to operating leases have been listed on Schedule F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination of the legal

status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

**Undetermined Amounts**.    The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Estimates**.  To timely close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses as of the Petition Date.  The Debtors reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

**Totals**.  The asset totals listed on Schedules A and B represent all known amounts included in the Debtors' books and records as of the Petition Date.  The liability totals listed on Schedule F, however, reflect post-petition payments on prepetition claims made pursuant to First Day Orders, as noted above.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.  Also as noted above, certain liabilities reflected in the books and records in accordance with GAAP, but which would not represent a claim against the Debtors, are not reflected on Schedule F.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured priority," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

**Guaranties and Other Secondary Liability Claims**.  The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively "Guaranties") in their executory contracts, unexpired leases, secured financing, debt instruments and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.  Where such Guaranties have been identified, they have been included in the relevant Schedule.  The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H.  Guaranties with

respect to the Debtors contracts and leases are not included on Schedule H and the Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments and similar agreements may have been inadvertently omitted from the Schedules but that such Guaranties may be identified upon further review. Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

**Schedule A.**  Schedule A of a particular Debtor includes solely that Debtor's owned real property. As noted herein, the values listed for the various properties are the net book values.

**Schedule B.**

*Wearing Apparel.*  The Debtors have a small inventory of branded apparel that is used solely for promotional purposes and is not sold or otherwise distributed for sale by others. Because of the negligible value of this apparel and the limited quantities maintained by the Debtors, the Debtors have not attempted to assess the value in connection with this question. Certain Debtors hold other inventory of branded apparel which is held for sale at company stores and which is listed as Other Inventory under Schedule B.30.

*Intellectual Property.*  The Debtors have more than 17,400 registered copyrights which have not been listed in their response to Schedule B.22. These copyrights are available in the public domain. Furthermore, the Debtors have numerous other pieces of unregistered intellectual property which have not been included in Schedule B.22.

*Customer lists.*  All values for customer lists where applicable are included in the amounts listed for general intangibles.

**Schedule D — Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties which may hold security deposits.

**Schedule E — Creditors Holding Unsecured Priority Claims**.  All claims listed on the Debtors' Schedule E are claims owing to various taxing authorities to which the Debtors

may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

The Debtors have not listed on Schedule E any tax, wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to a First Day Order.  The Debtors believe that all such claims have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors reserve their right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

**Schedule F — Creditors Holding Unsecured Nonpriority Claims**.  The Debtors have attempted to relate all liabilities to each particular Debtor.  As a result of the Debtors' consolidated operations, however, the reader should review Schedule F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors.

Certain creditors owe amounts to the Debtors and, as such, may have valid setoff and recoupment rights with respect to such amounts.  Although the Debtors may have taken setoffs into account when scheduling the amounts owed to creditors, the Debtors reserve all rights to challenge such setoff and recoupment rights. The Debtors have not reduced the scheduled claims to reflect any such right of setoff or recoupment and reserve all rights to challenge any setoff and/or recoupment rights asserted.  Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Schedule F.  The Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F of any Debtor.

Schedule F contains information regarding pending litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined.  However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.  The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated and disputed in the Schedules.

The Debtors have made their best efforts to include all trade creditors on Schedule F; however the Debtors believe that there are instances where vendors have yet to provide invoices for prepetition goods or services or provided such invoices after the cutoff to produce this Schedule F.  While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such have not been included on Schedule F.  In addition, the Debtors are still finalizing certain payments of prepetition obligations under orders approved by the Bankruptcy Court and those payments would reduce the amounts listed herein.  The Debtors anticipate that they will file an amendment to their Schedules and Statements in April of 2009 to incorporate invoice detail received and payments made subsequent to the initial filing.

**<u>Schedule G — Executory Contracts and Unexpired Leases</u>**.  The businesses of the Debtors are complex.  Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively the "Agreements"), review is ongoing and inadvertent errors, omissions or over-inclusion may have occurred.  The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G.  In addition, Schedule G does not include certain confidential agreements which, by their terms, prohibit disclosure of the existence of such agreements.  Omission of an Agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted Agreement.  Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.  The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed on Schedule G.

Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G and (iii) to amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by more than one of the Debtors.  Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance.  In such cases, the Debtors made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such Agreements have been listed on Schedule G for Tribune Company.  Certain of the Agreements may not have been memorialized and could be subject to dispute.

**<u>Schedule H — Co-Debtors</u>**.  Certain of the Debtors are co-debtors with respect to the senior facility and the bridge facility.  For purposes of Schedule H, only the collateral agent or indenture trustee is listed for such borrowings.  Additionally, there may be instances where litigation is brought against multiple legal entities.  Where possible, such litigation is listed on Schedule F of the appropriate Debtor and on Schedule H.  However, not all such litigation is reflected in Schedule H.  Co-debtors and/or co-obligors with respect to leases and contracts are listed on Schedule F as applicable but are not listed on Schedule H.

**Statement of Financial Affairs**.  All amounts that remain outstanding to any creditor listed on SOFA 3b or 3c are reflected in Schedule E and F as applicable.  Any creditor wishing to verify any outstanding indebtedness should review those Schedules.

*SOFA 2 – Other Income*.  From time to time, the Debtor may have de minimis income from sources other than the operation of business that will not appear on SOFA 2.

*SOFA 7 - Gifts*.  The Debtors have listed gifts according to the legal entity making the disbursement, however, in certain instances, such disbursement is made on behalf of another debtor entity.

*SOFA 10a – Other Transfers*.  In response to Statement Question 10a, the Debtors have listed many transactions that they believe to be ordinary course, but have nonetheless disclosed them out of an abundance of caution.

*SOFA 11 – Closed Financial Accounts*. Certain financial instruments were sold during the applicable period and have been listed in response to Statement Question 2 for Tribune Company.

*SOFA 14 – Property Held for Others*.  In the ordinary course of business and in accordance with industry custom, certain Debtors retain a significant amount of ink, newsprint and other materials which are owned by the Debtors' customers or vendors. Such a Debtor generally agrees to pay its vendors if and when such raw materials are actually used by the Debtor, as determined by periodic reconciliation of such amounts between such vendors and the Debtor.

All of the Debtors newspapers hold preprinted inserts provided by customers which are awaiting insertion by the Company into its products.

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF Delaware

In re:  The Baltimore Sun Company              ,          Case No.  08-13209
                    Debtor                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.     Income from employment or operation of business**

None
☐

      State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

In re:   The Baltimore Sun Company                              Case No.     08-13209

|  |  |
| --- | --- |
| AMOUNT | SOURCE |

The Debtor's financials are presented on a consolidated basis and are reported under Tribune Company. (Case No. 08-13141). See response to question 1 of the Statement of Financial Affairs for Tribune Company for more information.

_____

**2.    Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  |  |
| --- | --- |
| AMOUNT | SOURCE |

See response to question 2 of the Statement of Financial Affairs for Tribune Company for more information.

_____

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| Not Applicable |  |  |  |

_____

None
☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| See attached rider |  |  |  |

In re:   The Baltimore Sun Company                    Case No.    08-13209

---

> Please refer to the Debtors' Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs attached hereto.

None

☒ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

> Please refer to the Debtors' Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs attached hereto.

**4.     Suits and administrative proceedings, executions, garnishments and attachments**

None

☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

See attached rider

None

 b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.     Repossessions, foreclosures and returns**

None

☒ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

In re:   The Baltimore Sun Company                    Case No.    08-13209

4

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6.    Assignments and receiverships**

None
☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

---

None
☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7.    Gifts**

None
☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

See attached rider

---

**8.    Losses**

In re:   The Baltimore Sun Company                              Case No.      08-13209

5

None
☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| See attached rider | | |

_____

**9.     Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| An affiliated Debtor (Tribune Company) paid all prepetition attorney and consultant costs relating to debt consolidation and bankruptcy for the Debtor and its Debtor affiliates.  Please see response to question 9 of the Statement of Financial Affairs for Tribune Company for more information. | | |

_____

**10.    Other transfers**

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Unknown | 02/04/2008 | Moscow Car, $4,800.00 |
| Barbara Ireland | 08/04/2008 | Dell Flat Panel Monitor, $50.00 |
| Unknown | 12/21/2007 | Johannesburg Car, $6,800.00 |

_____

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

6

In re:   The Baltimore Sun Company                    Case No.    08-13209

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

_____

### 11.   Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| JPMorgan Chase Bank, Attn: Kevin S. Johnson, 420 W. Van Buren St., Ste. IL1-0239, Chicago, IL 60606 | Circulation Account Account # XXXXX0008 Balance: $0.00 | August 19, 2008 |
| M&T Bank 25 South Charles Street Baltimore, MD 21201 | Misc. Account Account # XXXXX7509 Balance: $0.00 | April 2, 2008 |

_____

### 12.   Safe deposit boxes

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

_____

### 13.   Setoffs

None
☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

7

In re:  The Baltimore Sun Company                    Case No.    08-13209

---

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

Please refer to the Debtors' Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs attached hereto.

---

**14.   Property held for another person**

None ☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| Flint Group North America 1455 Paysphere Circle Chicago, IL 60674 | Ink: Undetermined | 501 N. Calvert Street, Baltimore, MD 21278 |
| Various Newspapers | Newsprint: Undetermined | 501 N. Calvert Street, Baltimore, MD 21278 |

---

**15.   Prior address of debtor**

None ☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| See attached rider | | |

---

**16.   Spouses and Former Spouses**

None ☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Not Applicable

---

**17.   Environmental Information**

For the purpose of this question, the following definitions apply:

8

In re:  The Baltimore Sun Company                    Case No.    08-13209

---

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None

☐

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| 68th Street Dump Rosedale, MD 21237 | USA EPA Region III | 04/01/1997 | CERCLA Section 104(e) |
| 68th Street Dump Rosedale, MD 21237 | USA EPA Region III | 07/09/1999 | CERCLA Section 107 |

---

None

☐

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| Baltimore Sun 300 E Cromwell | Emergency Response Notification System | 03/22/2006 | |
| Baltimore 501 N Calvert | OCP CASES (MDE OIL CONTROL PROGRAM) | | |

---

None

☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18.   Nature, location and name of business**

9

In re:   The Baltimore Sun Company                    Case No.    08-13209

None

☐

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| See attached rider | | | | |

_____

None

☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

_____

        The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

        *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

_____

**19.   Books, records and financial statements**

In re:  The Baltimore Sun Company                    Case No.    08-13209

---

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Brian Litman<br>435 N. Michigan Avenue<br>Chicago, IL  60611 | Dec 8, 2006 - Dec 8, 2008 |
| Nick Chakiris<br>435 N. Michigan Avenue<br>Chicago, IL  60611 | Sept. 30, 2008 - Dec. 8, 2008 |
| Harry Amsden<br>435 N. Michigan Avenue<br>Chicago, IL  60611 | Dec 8, 2006 - Dec 8, 2008 |
| R. Mark Mallory<br>435 N. Michigan Avenue<br>Chicago, IL 60611 | Dec 8, 2006 - Feb 17, 2008 |

---

None ☐    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

The books and records of Tribune Company and its subsidiaries are audited on a consolidated basis. Please see the response to question 19(b) of the Statement of Financial Affairs for Tribune Company for more information.

---

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Brian Litman | 435 N. Michigan Avenue<br>Chicago, IL  60611 |
| Nick Chakiris | 435 N. Michigan Avenue<br>Chicago, IL  60611 |
| Harry Amsden | 435 N. Michigan Avenue<br>Chicago, IL  60611 |

---

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

In re:  The Baltimore Sun Company                          Case No.    08-13209

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

Tribune Company, the ultimate parent company of the Debtor, filed quarterly and annual reports with the Securities and Exchange Commission ("SEC") for the preceding two years.  These financial statements are publicly available and may have been used by banks, customers, governmental authorities, suppliers, rating agencies and various other interested parties.  In January 2009, Tribune Company deregistered its debt securities and immediately suspended its SEC reporting obligations.

---

**20.   Inventories**

None ☐

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| 11/23/2008 | Sam Major and Derrick Green | $2,794,487.00 |
| 10/26/2008 | Sam Major and Derrick Green | $2,699,266.00 |

---

None ☐

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| 10/26/2008 | Tim Bader |
| 11/23/2008 | Tim Bader |

---

**21.   Current Partners, Officers, Directors and Shareholders**

None ☐

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| Not Applicable | | |

---

None ☐

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

12

In re:   The Baltimore Sun Company                          Case No.     08-13209

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

See attached rider

_____

**22.   Former partners, officers, directors and shareholders**

None    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately
□       preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

  Not Applicable

_____

None    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within
□       **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

See attached rider

_____

**23.   Withdrawals from a partnership or distributions by a corporation**

None    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,
☒       including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
        during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

  Please refer to the Debtors' Global Notes and Statement of Limitations, Methods and Disclaimer
  Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs attached
  hereto.

_____

**24.   Tax Consolidation Group.**

None    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any
□       consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately
        preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

13

In re:   The Baltimore Sun Company                                Case No.    08-13209

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| Tribune Company | 36-1880355 |

**25.  Pension Funds.**

None

☐

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|
| The Baltimore Sun Company Employees' Retirement Plan | 95-1066880, PN: 001 |
| The Baltimore Mailers Union Local No. 888 and The Baltimore Sun Company Retirement Plan (Plan Sponsor is the Board of Trustees, The Baltimore Mailers Union No. 888) | 52-6118764, PN: 001 |
| 'Baltimore Sun – Composers CWA/ITU Negotiated Pension Fund | Group Plan |
| 'Baltimore Sun – Drivers Truck Drivers and Helpers Local 355 Pension Fund | Group Plan |
| 'Baltimore Sun – Mailers Baltimore Mailers Local #888 Pension Trust Fund | Group Plan |
| 'Baltimore Sun – Pressroom GCIU-Employer Retirement Fund | Group Plan |

* * * * * *

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____          Signature of Debtor _____

Date _____          Signature of Joint Debtor _____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I or persons under my direction have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that based upon that review they are true and correct to the best of my knowledge, information and belief.

Date _____3/23/2009_____          Signature _____/s/ Chandler Bigelow, III_____

Chandler Bigelow, III,
Senior Vice President and Chief Financial Officer of Tribune Company

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___continuation sheets attached

In re: The Baltimore Sun Company

Case No. 08-13209

| Name of creditor | Address 1 | Address 2 | Address 3 | City | State | Zip | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 9/12/2008 | $68.82 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 9/22/2008 | $250.00 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 9/25/2008 | $12.95 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 9/29/2008 | $208.00 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 10/2/2008 | $4.50 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 10/6/2008 | $12,958.02 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 10/10/2008 | $664.70 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 10/17/2008 | $32.59 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 10/20/2008 | $141.50 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 10/21/2008 | $58.66 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 11/4/2008 | $5.95 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 11/5/2008 | $10,923.74 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 11/6/2008 | $38.75 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 11/10/2008 | $25.31 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 11/17/2008 | $6,485.95 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 11/24/2008 | $7,957.00 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 12/2/2008 | $4.50 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 12/3/2008 | $5.95 |
| AMERICAN EXPRESS | 1450 PLAINFIELD RD  STE NO.4 | | | DARIEN | IL | 60561 | 12/5/2008 | $10,895.63 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 9/11/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 9/18/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 9/25/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 9/30/2008 | $35.00 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 10/2/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 10/9/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 10/16/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 10/23/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 10/30/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 11/6/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 11/13/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 11/20/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 11/28/2008 | $19,123.99 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 12/1/2008 | $35.00 |
| ASSOCIATED PRESS | PO BOX 414189 | | | BOSTON | MA | 02241-4189 | 12/4/2008 | $19,123.99 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 9/12/2008 | $20.18 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 9/23/2008 | $19.54 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/1/2008 | $19.57 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/2/2008 | $35,395.19 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/7/2008 | $3,963.20 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/9/2008 | $70.00 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/14/2008 | $23.91 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/16/2008 | $594.62 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/17/2008 | $20.67 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/20/2008 | $734.33 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/22/2008 | $10.06 |

In re: The Baltimore Sun Company                    Sofa 3B Rider                                                    Case No. 08-13209

| Name of creditor | Address 1 | Address 2 | Address 3 | City | State | Zip | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/23/2008 | $30.27 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/27/2008 | $78.69 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 10/30/2008 | $27.56 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 11/3/2008 | $34,917.15 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 11/5/2008 | $107.00 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 11/10/2008 | $114.50 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 11/12/2008 | $45.72 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 11/17/2008 | $27.22 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 11/18/2008 | $79.96 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 11/21/2008 | $603.07 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 11/26/2008 | $193.92 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 12/1/2008 | $84.88 |
| Bank of America Merchant Services | Merchant Services Customer Service | P.O. Box 851310 | | Louisville | KY | | 12/2/2008 | $30,598.57 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/10/2008 | $10,164.71 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/11/2008 | $71,903.38 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/12/2008 | $23,814.37 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/15/2008 | $14,146.94 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/16/2008 | $24.52 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/17/2008 | $13.37 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/18/2008 | $50,609.46 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/19/2008 | $24,871.05 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/22/2008 | $8,991.47 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/23/2008 | $23,149.87 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/24/2008 | $1,278.00 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/25/2008 | $35,397.76 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/26/2008 | $85,528.73 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/29/2008 | $1,793.60 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 9/30/2008 | $9,605.45 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/1/2008 | $9,882.72 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/2/2008 | $410.68 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/3/2008 | $95,279.61 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/6/2008 | $939.03 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/7/2008 | $40.91 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/8/2008 | $208.42 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/9/2008 | $23,881.46 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/10/2008 | $57,758.14 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/14/2008 | $8,138.62 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/15/2008 | $42,405.64 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/16/2008 | $92,870.17 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/17/2008 | $17.28 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/20/2008 | $47,744.10 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/21/2008 | $13,164.49 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/22/2008 | $25,459.96 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/23/2008 | $64,644.85 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/24/2008 | $37,078.73 |

In re: The Baltimore Sun Company                                     Sofa 3B Rider                                                    Case No. 08-13209

| Name of creditor | Address 1 | Address 2 | Address 3 | City | State | Zip | Payment date | Amount paid |
|---|---|---|---|---|---|---|---|---|
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/27/2008 | $555.64 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/28/2008 | $7,406.45 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/29/2008 | $4,844.65 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/30/2008 | $51,674.39 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 10/31/2008 | $39,893.12 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/3/2008 | $482.90 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/4/2008 | $383.19 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/5/2008 | $12.67 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/6/2008 | $59,087.23 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/7/2008 | $35,062.24 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/10/2008 | $20,893.56 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/12/2008 | $404.53 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/13/2008 | $38.63 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/14/2008 | $60,853.84 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/17/2008 | $32,091.66 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/18/2008 | $1,075.22 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/19/2008 | $1,125.91 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/20/2008 | $60,329.70 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/21/2008 | $35,070.19 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/24/2008 | $1,236.77 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/25/2008 | $2,066.81 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/26/2008 | $414.19 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 11/28/2008 | $64,871.25 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 12/1/2008 | $59,361.96 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 12/2/2008 | $48.50 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 12/3/2008 | $27.39 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 12/4/2008 | $43,115.81 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 12/5/2008 | $67,743.13 |
| CAPS SERVICE CENTER | UNITED STATES POSTAL SERVICE | MANAGER | 2700 CAMPUS DR | SAN MATEO | CA | 94497-9442 | 12/8/2008 | $2,435.51 |
| M & T BANK | 268 MAIN ST | STE 400 | | BUFFALO | NY | 14202-4108 | 9/9/2008 | $5,538.07 |
| M & T BANK | 268 MAIN ST | STE 400 | | BUFFALO | NY | 14202-4108 | 10/8/2008 | $5,500.10 |
| M & T BANK | 268 MAIN ST | STE 400 | | BUFFALO | NY | 14202-4108 | 11/10/2008 | $5,325.25 |
| M & T BANK | 268 MAIN ST | STE 400 | | BUFFALO | NY | 14202-4108 | 12/8/2008 | $4,556.28 |
| | | | | | | | Total | $1,961,948.40 |

In re: The Baltimore Sun Company

Case No. 08-13209

**SOFA 4a - Suits and Administrative Proceedings, Executions, Garnishments and Attachments Rider**

| CAPTION/CLAIMANT | NATURE OF SUIT | COURT/AGENCY | STATUS/DISPOSITION |
|---|---|---|---|
| In re Literary Works in Electronic Databases Copyright Litigation, Case No. MDL No. 1379 | Debtor defendant in MDL / Copyright case | United States District Court for the Southern District of New York | Terminated |
| Insurance Claim No. 01412008212GB01 involving SMITHERS, JOHN WILLIAM | Insurance Claim - General Liability | Not Applicable | Terminated |
| Parren J. Mitchell v. The Baltimore Sun Company, et al., Case No. 24-C-02-003130 | Debtor defendant in Tort case | Maryland Circuit Court (Baltimore City) | Pending |
| Rachelle Anderson v. The Baltimore Sun; Elizabeth Lukes; Sarah Gering, Case No. 0101-0035799-2007 | Debtor defendant in Civil case | Maryland Circuit Court (Baltimore) | Terminated |
| Rober Henke v. The Baltimore Sun and Gadi Dechter, Case No. C-09-0340 | Debtor defendant in defamation case | Maryland Circuit Court (Baltimore County) | Pending |
| Streckfus v. The Baltimore Sun Company, Case No. CV13137-08 | Debtor defendant in personal injury case | District Court of Maryland (Baltimore County) | Pending |
| TWTR, Debtor in Possession v. Baltimore Sun Company, Case No. Bk. No. 07-10787-PJW | Debtor defendant in Bankruptcy Preference case | United States Bankruptcy Court for the District of Delaware | Pending |
| Worker Comp. Case No. B422041 | Worker Compensation Case involving FRED LUC | NYS Workers Compensation Board | Pending |
| Worker Comp. Case No. B593989 | Worker Compensation Case involving JONATHAN FRANKTON | Baltimore, MD | Pending |
| Worker Comp. Case No. B620858 | Worker Compensation Case involving HARLESS ROWE | Baltimore, MD | Terminated |
| Worker Comp. Case No. B623608 | Worker Compensation Case involving JAMES RHODES | Baltimore, MD | Pending |
| Worker Comp. Case No. B630245 | Worker Compensation Case involving JOSEPH QUEEN | Baltimore, MD | Pending |
| Worker Comp. Case No. B649531 | Worker Compensation Case involving GEORGE BATHON | Baltimore, MD | Pending |
| Worker Comp. Case No. B678340 | Worker Compensation Case involving HELEN DAVIS | Baltimore, MD | Terminated |

**In re: The Baltimore Sun Company**                                                      Case No. 08-13209

SOFA 4a - Suits and Administrative Proceedings, Executions, Garnishments and Attachments
Rider

| CAPTION/CLAIMANT | NATURE OF SUIT | COURT/AGENCY | STATUS/DISPOSITION |
|---|---|---|---|
| Worker Comp. Case No. B683303 | Worker Compensation Case involving NAZ DONAWA | Baltimore, MD | Terminated |
| Worker Comp. Case No. B687944 | Worker Compensation Case involving JAIME ALVAREZ | Baltimore, MD | Terminated |
| Worker Comp. Case No. B689089 | Worker Compensation Case involving ANDREW GONZALES | Baltimore, MD | Terminated |
| Worker Comp. Case No. B690371 | Worker Compensation Case involving DORIS HOKE | Aberdeen MD | Terminated |
| Worker Comp. Case No. B694035 | Worker Compensation Case involving JAMES MORROW | Aberdeen MD | Pending |
| Worker Comp. Case No. B696511 | Worker Compensation Case involving MICHAEL BUCKMASTER | Baltimore, MD | Pending |
| Worker Comp. Case No. B696939 | Worker Compensation Case involving JAMES NORDBROOK | Baltimore, MD | Terminated |
| Worker Comp. Case No. B700519 | Worker Compensation Case involving ABU OLOTO | Baltimore, MD | Terminated |
| Worker Comp. Case No. B701411 | Worker Compensation Case involving FRANK RAGUSA | Baltimore, MD | Pending |
| Worker Comp. Case No. W006417 | Worker Compensation Case involving BENJAMIN PRITCHETT | Baltimore, MD | Pending |

In re: The Baltimore Sun Company                                                                Case No. 08-13209

## SOFA 7 - Gifts Charitable Donations
## Rider

| Name of Organization | Date of Gift | Description/Value of Gift | Relationship to Debtor, if Any |
|---|---|---|---|
| MACY'S | 02/01/08 | $10,000.00 | NONE |
| UNITED WAY OF CENTRAL MARYLAND | 01/16/08 | $36,500.00 | NONE |
| BALTIMORE FESTIVAL OF THE ARTS | 02/08/08 | $15,000.00 | NONE |
| ECONOMIC ALLIANCE OF GREATER BALTIMORE | 01/15/08 | $50,000.00 | NONE |
| CATHOLIC CHARITIES | 07/07/08 | $2,000.00 | NONE |
| BALTIMORE COMMUNITY FOUNDATION | 09/09/08 | $5,000.00 | NONE |
| INDEPENDENT COLLEGE FUND OF MARYLAND | 09/18/08 | $1,000.00 | NONE |
| GERRES, JEFFREY NATE | 09/15/08 | $500.00 | NONE |
| O'HARE, GROUNDSPRING.ORG | 01/15/2008 | $700.00 | NONE |
| RANDALL, BALTIMORE READS INC | 02/15/2008 | $2,500.00 | NONE |
| O'HARE, THE FAMILY TREE | 4/15/08 | $2,000.00 | NONE |
| O'HARE, NATIONAL AQUARIUM IN B | 4/15/08 | $4,000.00 | NONE |
| CARR, CENTERSTAGE BOX OFFICE | 4/15/08 | $10,000.00 | NONE |
| CARR, CENTERSTAGE BOX OFFICE | 4/15/08 | $10,000.00 | NONE |
| PETTIT, PICTOPIA.COM* | 5/15/08 | $134.94 | NONE |
| CARR, MARYLAND SCI CTR-DEVEL | 5/15/08 | $5,000.00 | NONE |
| CARR, HOWARD HOSPITAL FOUNDATI | 9/15/08 | $1,000.00 | NONE |
| CARR, CATHOLIC CHARITIES | 9/15/08 | $5,000.00 | NONE |
| RANDALL, THE INDEPENDENT COLLE | 12/14/07 | $1,000.00 | NONE |
| DEBORAH L LEWIS BOOK FOUNDATION | 12/19/07 | $500.00 | NONE |

In re: The Baltimore Sun Company        SOFA 8 - LOSSES        Case No. 08-13209
Rider

| LOSS DATE | BRIEF DESCRIPTION OF LOSS | VALUE OF PROPERTY |
|---|---|---|
| 12/11/2007 | Workers' Compensation - Caught In, Under Or Between | $128.85 |
| 12/15/2007 | Workers' Compensation - Fall Slip Or Trip Injury | $127,004.00 |
| 12/19/2007 | Auto Liability - Collision | $752.57 |
| 12/19/2007 | Auto Physical Damage - Collision | $3,997.79 |
| 12/27/2007 | Workers' Compensation - Motor Vehicle | $218.09 |
| 12/27/2007 | Auto Liability - Collision | $0.00 |
| 12/27/2007 | Auto Physical Damage - Collision | $520.14 |
| 1/3/2008 | Workers' Compensation - Rubbed Or Abraded By | $439.00 |
| 1/7/2008 | Workers' Compensation - Caught In, Under Or Between | $161.22 |
| 1/11/2008 | Workers' Compensation - Strain Or Injury By | $8.00 |
| 1/14/2008 | Workers' Compensation - Strain Or Injury By | $476.91 |
| 1/31/2008 | Workers' Compensation - Strain Or Injury By | $2,900.00 |
| 2/4/2008 | Auto Liability - Collision | $1,100.00 |
| 2/4/2008 | Auto Physical Damage - Collision | $190.00 |
| 2/12/2008 | Workers' Compensation - Caught In, Under Or Between | $287.84 |
| 2/13/2008 | Workers' Compensation - Fall Slip Or Trip Injury | $61,453.48 |
| 2/21/2008 | Workers' Compensation - Motor Vehicle | $8.00 |
| 2/28/2008 | Workers' Compensation - Strain Or Injury By | $12.81 |
| 3/6/2008 | Workers' Compensation - Strain Or Injury By | $306.30 |
| 3/8/2008 | Workers' Compensation - Fall Slip Or Trip Injury | $244.30 |
| 3/15/2008 | Workers' Compensation - Caught In, Under Or Between | $29,654.00 |
| 4/15/2008 | Workers' Compensation - Caught In, Under Or Between | $19,347.00 |
| 4/22/2008 | Workers' Compensation - Rubbed Or Abraded By | $78,130.00 |
| 5/15/2008 | Workers' Compensation - Caught In, Under Or Between | $381.93 |
| 5/15/2008 | Workers' Compensation - Fall Slip Or Trip Injury | $366.16 |
| 5/21/2008 | Workers' Compensation - Caught In, Under Or Between | $247.33 |
| 5/22/2008 | Workers' Compensation - Strain Or Injury By | $811.17 |
| 5/29/2008 | Workers' Compensation - Burn Or Scald - Heat Or Cold Exposure - Contact With | $1,012.67 |
| 6/3/2008 | Workers' Compensation - Caught In, Under Or Between | $1,422.04 |
| 6/8/2008 | Workers' Compensation - Struck Or Injured By | $2,718.44 |
| 6/10/2008 | Auto Liability - Collision | $0.00 |
| 6/10/2008 | Workers' Compensation - Motor Vehicle | $8.00 |
| 6/25/2008 | Workers' Compensation - Struck Or Injured By | $281.57 |
| 7/1/2008 | Workers' Compensation - Fall Slip Or Trip Injury | $158.73 |
| 7/17/2008 | Workers' Compensation - Caught In, Under Or Between | $830.88 |
| 7/18/2008 | Auto Physical Damage - Collision | $1,200.00 |
| 8/2/2008 | Workers' Compensation - Struck Or Injured By | $70.00 |
| 8/16/2008 | Workers' Compensation - Strain Or Injury By | $550.00 |
| 8/19/2008 | Workers' Compensation - Struck Or Injured By | $923.84 |
| 8/28/2008 | General Liability - Struck By/ Against | $1,503.31 |
| 9/9/2008 | Workers' Compensation - Fall Slip Or Trip Injury | $789.91 |
| 9/11/2008 | Workers' Compensation - Fall Slip Or Trip Injury | $12,526.00 |
| 9/11/2008 | Workers' Compensation - Fall Slip Or Trip Injury | $96,005.00 |
| 9/19/2008 | Workers' Compensation - Strain Or Injury By | $1,700.00 |
| 9/25/2008 | Workers' Compensation - Caught In, Under Or Between | $4,989.95 |
| 9/29/2008 | Workers' Compensation - Caught In, Under Or Between | $495.77 |
| 10/1/2008 | Auto Physical Damage - Collision | $0.00 |
| 10/3/2008 | Workers' Compensation - Struck Or Injured By | $362.04 |

In re: The Baltimore Sun Company

**SOFA 8 - LOSSES**
**Rider**

Case No. 08-13209

| LOSS DATE | BRIEF DESCRIPTION OF LOSS | VALUE OF PROPERTY |
|---|---|---|
| 10/14/2008 | Workers' Compensation - Caught In, Under Or Between | $1,700.00 |
| 10/22/2008 | Workers' Compensation - Strain Or Injury By | $689.89 |
| 10/31/2008 | Workers' Compensation - Miscellaneous Causes | $306.13 |
| 11/17/2008 | Workers' Compensation - Striking Against Or Stepping On | $809.40 |
| 11/18/2008 | Workers' Compensation - Rubbed Or Abraded By | $2,124.00 |
| 11/26/2008 | Workers' Compensation - Striking Against Or Stepping On | $868.58 |

**In re: The Baltimore Sun Company**                                    **Case No. 08-13209**

**SOFA 15: Prior Addresses of Debtor**
**Rider**

| ADDRESS OF FACILITY | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 2 Locust Lane, Suite 202<br>Westminster, MD 21157 | Balt Sun | June 1, 2005 - December 31, 2007 |
| 2 Hamil Street<br>Baltimore, MD 21210 | Balt Sun | February 15, 2000 - November 13, 2008 |
| 9250 Rumsey Road<br>Columbia, MD 21045 | Balt Sun | April 18, 1996 - March 31, 2007 |
| 7221 D-F Grayburn Drive<br>Glen Burnie, MD 21061 | Balt Sun | February 1, 1996 - June 1, 2007 |
| 102 W. Pennsylvania Avenue<br>Suite 305<br>Towson, MD 21204 | Balt Sun | July 1, 2005 - November 21, 2008 |
| 4401 Erdman Avenue<br>Baltimore, MD 21213-2695 | Balt Sun | February 12, 1996 - February 28, 2006 |
| Westminster Carrol Commerce | Balt Sun | February 1, 1997 - January 31, 2007 |
| 7272 Park Circle Drive<br>Suite 190<br>Hanover, MD | Balt Sun | August 1, 2002 - July 31, 2008 |

**In re: The Baltimore Sun Company**               **SOFA 18a**                                                   **Case No. 08-13209**

**Nature, Location and Name of Business**

| Name and Address | EIN | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|
| Homestead Publishing Co.<br>10 South Hays Street<br>Bel Air, MD 21014 | 52-0704903 | Publishing | Current |
| Signs of Distinction, Inc.<br>501 North Calvert Street<br>Baltimore, MO 21278-0001 | 52-2073603 | Miscellaneous | Current |
| Tribune License, Inc.<br>202 West First Street<br>Los Angeles, CA 90012 | 95-4401035 | Miscellaneous | Current |

**In re: The Baltimore Sun Company**                                             Case No.  08-13209

**SOFA 21b**
**Current Partners, Officers, Directors and Shareholders**

| Name and Address | Title | Nature and Percentage of Stock Ownership |
|---|---|---|
| Tribune Company | Shareholder | 100% |
| Timothy Ryan<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Publisher, President, & CEO | N/A |
| Judith Berman<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Senior Vice President | N/A |
| Patricia M. Carroll<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Senior Vice President | N/A |
| Timothy Franklin<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Senior Vice President | N/A |
| Stephen G. Seidl<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Senior Vice President | N/A |
| Linda Hastings<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Vice President | N/A |
| Eric A. Smist<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Vice President | N/A |
| Timothy J. Thomas<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Vice President | N/A |
| Timothy F. Windsor<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Vice President | N/A |
| David P. Eldersveld<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Secretary, Director | N/A |
| Harry A. Amsden<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Assistant Treasurer | N/A |
| Chandler Bigelow, III<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Assistant Treasurer | N/A |

**In re: The Baltimore Sun Company**                                      Case No.  08-13209

**SOFA 21b**
**Current Partners, Officers, Directors and Shareholders**

| | | |
|---|---|---|
| Jack Rodden<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Assistant Treasurer | N/A |
| Patrick M. Shanahan<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Assistant Treasurer | N/A |
| Brian F. Litman<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Assistant Treasurer | N/A |
| Christopher Manis<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Controller | N/A |
| Daniel G. Kazan<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Director | N/A |
| Donald J. Liebentritt<br>501 N. Calvert Street<br>Baltimore, MD 21278 | Director | N/A |

In re: The Baltimore Sun Company                    SOFA 22b                    Case No. 08-13209
Former Partners, Officers, and Directors

| Name and Address | Title | Date of Termination |
|---|---|---|
| R. Mark Mallory | Assistant Treasurer | 4/17/08 |
| Scott C. Smith | Director | 7/2/08 |
| Randy Michaels | Director | 12/7/08 |
| Robert Gremillion | Director | 12/7/08 |
| Linda Hutzler | Vice President | 1/31/2008 |
| Diane Donovan | Vice President | 2/1/2008 |
| Mark W. Hianik | Assistant Secretary | 4/4/2008 |
| Louis Maranto | Vice President | 4/17/2008 |
| Crane H. Kenney | Director, Senior Vice Presicent, Secretary | 4/24/2008 |
| Kevin Scanlon | Vice President | 5/2/2008 |
| Erik A. Smist | Vice President | 9/29/2008 |