# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Requested Objection Deadline: April 2, 2009 at 4:00 p.m.**<br>**Requested Hearing Date: April 9, 2009 at 10:00 a.m.** |

## DEBTORS' SECOND MOTION FOR AN ORDER AUTHORIZING THE CONTINUATION OF MEDICAL BENEFITS FOR EMPLOYEES TERMINATED PRIOR TO THE APPROVAL OF THE POSTPETITION SEVERANCE PLAN

Tribune Company and most of its wholly-owned subsidiaries, each of which is a debtor and debtor in possession herein (each a "Debtor" and collectively, the "Debtors"), hereby file this motion (the "Motion") for entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to continue to provide medical benefits to certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

employees terminated prior to the approval of the postpetition severance arrangement until the earlier of (i) the hearing scheduled for April 24, 2009, and (ii) the end of the employees' individual severance payment periods.

The facts and circumstances supporting this Motion are set forth in the Affidavit of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company, in support of the Motion (the "Bigelow Affidavit"). A copy of the Bigelow Affidavit is attached hereto as Exhibit B. In further support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3. An official committee of unsecured creditors (the "Creditors Committee") was established on December 18, 2008.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code.

## BACKGROUND

5.    Prior to the Petition Date, the Debtors provided employees who were terminated without cause (the "Terminated Employees") with severance payments equal to their base wages for specified periods of time that correlated with the number of years that the employee had worked for the Debtors (the "Severance Period"). The Debtors also customarily provided such terminated employees with continued medical and dental benefits (the "Medical Benefits") during their respective Severance Periods.

6.    On December 10, 2008, this Court entered an Order granting the Debtors' first-day wage motion (the "First-Day Wage Order") (Docket No. 53) and authorized the Debtors to provide Medical Benefits for Terminated Employees until the earlier of (i) 90 days after the Petition Date, ending on March 8, 2009, and (ii) the expiration of their individual Severance Periods.

7.    On March 5, 2009, this Court entered an order (the "First Medical Benefits Order") (Docket No. 474) extending the Debtors' authority to provide Medical Benefits for Terminated Employees until the earlier of (i) the Hearing to be held on April 15, 2009 (the "April 15 Hearing"), and (ii) the expiration of their individual Severance Periods.

8.    The originally-scheduled April 15 Hearing was subsequently postponed until April 24, 2009 (the "April 24 Hearing"). At the April 24 Hearing, the Debtors anticipate requesting the continuation of Medical Benefits for all eligible Terminated Employees through the expiration of their respective Severance Periods.

9.    Under the terms of the First Medical Benefits Order, Medical Benefits for all Terminated Employees will be suspended on April 15, 2009. As of that date, there will be approximately 150 Terminated Employees whose Severance Periods have not yet lapsed and who are otherwise entitled to continuing Medical Benefits.

46429/0001-5439788v1

10. The Debtors request authority to continue providing Medical Benefits to these 150 Terminated Employees until the April 24 Hearing, at which point the Court will be able to consider the Debtors' request to fully pay all remaining Medical Benefits in conjunction with other requests to deal with employee-related claims. The total cost for extending the Medical Benefits during this brief period from April 15, 2009 through April 24, 2009 is approximately $10,614. The Debtors estimate that the aggregate cost of providing Medical Benefits to Terminated Employees through this interim period will be approximately $10,614.

11. The Creditors Committee supports this interim relief to continue providing the Medical Benefits to these Terminated Employees until the April 24 hearing.

## RELIEF REQUESTED

12. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing, but not directing, the Debtors to continue providing Medical Benefits for Terminated Employees until the earlier of (i) the April 24 Hearing, and (ii) the end of their applicable Severance Periods.

## BASIS FOR RELIEF

13. Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow the debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Before approving any motion under section 363(b)(1), "courts require the debtor to show that a sound business purpose justifies such actions." In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991). In evaluating whether sound business judgment exists, the Court "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike."

In re Montgomery Ward, 242 B.R. at 153 (quoting Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983)).

14.     Authorizing, but not directing, the Debtors to provide Medical Benefits to Terminated Employees until the April 24 Hearing represents a sound exercise of business judgment and is in the best interests of the Debtors, creditors and all parties in interest. Continuing the Medical Benefits through this short gap period is administratively more efficient and cost-effective than later reinstating the suspended health coverage or retroactively processing claims which arise during this interim period. The support of the Creditors Committee to continue these Medical Benefits to Terminated Employees further supports the Debtors' sound business judgment.

15.     The relief sought herein is also authorized pursuant to the Court's general equitable powers under Section 105(a), which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). Under the well-established "necessity of payment" doctrine, "courts have used their equitable power under section 105(a) of the Code to authorize the payment of prepetition claims when such a payment is deemed necessary to the survival of a debtor in a chapter 11 reorganization." See In re Just for Feet, Inc., 242 B.R. 821, 824 (D. Del. 1999); Matter of Lehigh and N.E. Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981); Matter of Columbia Gas System, Inc., 171 B.R. 189, 192 (Bankr. D. Del. 1994).

16.     Terminated Employees rely on these Medical Benefits to prevent financial hardship and ease their transition to new employment. Even if the Medical Benefits are reinstated pursuant to the April 24 Hearing, this gap in health coverage unnecessarily exposes Terminated Employees to personal liability for claims arising in this interim period. Unless this

46429/0001-5439788v1

Court grants this Motion, Terminated Employees will experience a disruption in health coverage and could encounter difficulties getting their Medical Benefits reinstated or their claims approved.

17. Employee support for the Debtors' reorganization efforts is crucial and one of the Debtors' primary motivations in continuing Medical Benefits to Terminated Employees is to boost morale and confidence among current employees.

18. Finally, the relief sought herein has been previously granted by this Court pursuant to the First Medical Benefits Motion.

19. For the foregoing reasons, the Debtors seek authority, but not direction to provide Terminated Employees with continued Medical Benefits until the earlier of (i) the April 24 Hearing, and (ii) the end of the employees' applicable Severance Periods.

## NOTICE

20. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Creditors Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

21. Other than the extensions to Medical Benefits authorized by this Court pursuant to the First-Day Wage Order on December 10, 2008 and the First Medical Benefits

Order on March 5, 2009, both of which will have completely lapsed by April 15, 2009, the Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully seek entry of an order, in substantially the form of the order attached hereto as Exhibit A, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to continue providing Medical Benefits for Terminated Employees until the earlier of (a) the April 24 Hearing and (b) the expiration of their individual Severance Periods; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
March 24, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Sarah Adamczyk
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-5439788v1