IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 796** |

**MOTION PURSUANT TO BANKRUPTCY RULE 9006(c) TO SHORTEN
NOTICE WITH RESPECT TO THE DEBTORS' SECOND MOTION FOR
AN ORDER AUTHORIZING THE CONTINUATION OF MEDICAL
BENEFITS FOR EMPLOYEES TERMINATED PRIOR TO THE
APPROVAL OF THE POSTPETITION SEVERANCE PLAN**

The debtors and debtors in possession in the above-captioned cases (the "Debtors") hereby file this motion (the "Motion to Shorten Notice"), pursuant to Rules 2002(a)(2) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order shortening the notice period for the Debtors' Second

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Motion for an Order Authorizing the Continuation of Medical Benefits for Employees Terminated Prior to the Approval of the Postpetition Severance Plan (the "Second Medical Benefits Motion").[2] In further support hereof, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code.

## RELIEF REQUESTED

2. By this Motion to Shorten Notice, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1, shortening the notice period with respect to the Second Medical Benefits Motion and allowing the Second Medical Benefits Motion to be heard during the hearing scheduled for April 9, 2009 (the "April 9 Hearing").

## BASIS FOR RELIEF

3. In order for the Second Medical Benefits Motion to be heard on April 9, 2009, the Debtors need to be granted relief from the otherwise applicable twenty (20) day notice requirement for any motion proposing to use estate property other than in the ordinary course of business. Fed. R. Bankr. P. 2002(a)(2). Pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c)(1), this Court may shorten the 20-day notice period for "cause shown." Local Rule 9006-1(e) further provides the notice period may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice." Del. Bankr. L. R. 9006-1(e).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Second Medical Benefits Motion filed with this Court on March 24, 2009.

2

4.  The Debtors submit that sufficient cause exists to justify shortening the applicable notice period for the Second Medical Benefits Motion. If the Debtors are not granted relief from the 20-day notice period, the Medical Benefits previously authorized by this Court will lapse on April 15, 2009.

5.  As set forth more fully in the Second Medical Benefits Motion, the Debtors seek to extend these Medical Benefits to Terminated Employees until the April 24 Hearing. When the First Medical Benefits Motion was filed, the Debtors anticipated that a variety of employee-related claims matters would be scheduled for a hearing on April 15. When the April 15 hearing was postponed to April 24, it became necessary to seek the relief requested in the Second Medical Benefits Motion.

6.  With the cancellation of the April 15 hearing, the only available hearing prior to the April 15 suspension of Medical Benefits is scheduled for April 9, 2009. Debtors submit that the Second Medical Benefits Motion needs to be heard at this April 9 Hearing to avoid any suspension of Medical Benefits.

7.  The Creditors Committee supports both the relief requested by the Second Medical Benefits Motion and this motion seeking shortened time for that motion to be heard.

8.  The Debtors respectfully submit that the circumstances described above satisfy the requirement of cause under Rules 2002(a)(2) and 9006(c)(1), and the exigencies required under Local Rule 9006-1(e). Unless the relief requested herein is granted, the Terminated Employees will experience a gap in the health coverage, during which they will be required either to obtain alternative health coverage or to forego coverage completely.

9.  Therefore, the Debtors respectfully request entry of an Order that the 20-day Notice Period under Rule 2002(a)(2) be shortened, that a hearing on the Second Medical

3

Benefits Motion be held on April 9, 2009 at 10:00 a.m., and that any responses or objections to the Second Medical Benefits Motion be submitted on or before April 2, 2009 at 4:00 p.m.

## NOTICE

10. Notice of this Motion to Shorten Notice has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Creditors Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

11. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, Debtors respectfully request that the Court enter an Order, in substantially the form attached hereto as Exhibit A, pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c)(1) and Local Rule 9006-1(e): (i) shortening the applicable notice period to allow the Second Medical Benefits Motion to be heard on April 9, 2009 at 10:00 a.m. and (ii) fixing April 2, 2009 at 4:00 p.m. as the deadline for responses or objections to that Motion.

Dated: Wilmington, Delaware
March 24, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Sarah Adamczyk
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _/s/ Kate Stickles_
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-5439776V1