## EXHIBIT A

**Proposed Modified Order**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No. 489** |

### ORDER PURSUANT TO SECTIONS 501, 502, AND 1111(a)
### OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND
### 3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES
### FOR FILING  PROOFS OF CLAIM AND APPROVING
### THE FORM AND MANNER OF NOTICE THEREOF

Upon the Motion[2] of the above-captioned Debtors for entry of an order pursuant

to sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and

3003(c)(3), and Local Rule 2002-1(e) for entry of an order (i) establishing deadlines for filing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Proofs of Claim against the Debtors in these chapter 11 cases and (ii) approving the form and

manner of notice thereof; and the Court finding that (a) it has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning

of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the

circumstances and in accordance with Local Rule 2002-1(e); and it appearing that the relief

requested in the Motion is in the best interests of the Debtors, their estates and creditors; and

after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the relief requested in the Motion is granted as modified herein;

and it is further

ORDERED, that each person or entity, including, without limitation, each

individual, partnership, joint venture, corporation, limited liability company, estate, trust or

governmental unit, that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy

Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of

each Debtor against whom a claim is asserted; and it is further

ORDERED, that except as otherwise provided herein, any person and entity

(including any governmental unit), asserting a claim against the Debtors in these chapter 11

cases shall file a Proof of Claim so that it is received by Epiq Bankruptcy Solutions, LLC

("Epiq") on or before **June 12, 2009 at 4:00 p.m. (prevailing Eastern Time)**; and it is further

ORDERED, that if, on or after the date on which the Debtors serve the Bar Date

Notice the Debtors amend or supplement their Schedules (i) to reduce the undisputed,

noncontingent, and liquidated amount of a claim, (ii) to change the nature or characterization of a

claim, or (iii) to add a new claim to the Schedules, the affected claimant shall file a Proof of

Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim

in accordance with the procedures described herein so that it is received by Epiq on or before the later of (x) the General Bar Date or (y) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules; and it is further

ORDERED, that in the event a Debtor rejects executory contracts or unexpired leases pursuant to 365 of the Bankruptcy Code, Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received by Epiq on or before the later of (i) the General Bar Date and (ii) thirty (30) days after the effective date of such Court order; and it is further

ORDERED, that Proofs of Claim sent to Epiq via first-class mail shall be addressed to Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, NY 10150-5069; whereas Proofs of Claim sent to Epiq by messenger or overnight courier shall be delivered to Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017; and it is further

ORDERED, that Proofs of Claim mailed or delivered to Epiq will be deemed timely filed only if actually received by Epiq on or before the bar date associated with such claim at one of the applicable addresses listed above; and it is further

ORDERED, that Epiq shall not accept Proofs of Claim by facsimile, telecopy, e-mail or other electronic submission; and it is further

ORDERED, that the following persons or entities are not required to file Proofs of Claim on or before the General Bar Date:

> a.    any person or entity that has already properly filed a Proof of Claim against one or more of the Debtors with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b.    any person or entity (i) whose claim is listed in the Debtors' Schedules or any amendments thereto, <u>and</u> (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;

c.    professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d.    any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that any person or entity that has a claim on account of prepetition goods received by the Debtors within twenty days of the Petition Date must either (i) file a Proof of Claim with Epiq on or before the General Bar Date or (ii) file a request for payment of such claim with the Court in accordance with section 503 of the Bankruptcy Code;

e.    current officers and directors[3] of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f.    current employees of the Debtors, or labor unions authorized by law to represent current employees, in each case with respect to any claim that arose prior to the Petition Date (i) based on the payment of wages, vacation pay, reimbursable expenses, worker's compensation claims, and other benefits, etc. that were previously authorized to be paid by order of the Court, including the Wage Order approved by the Court on December 10, 2008,[4] or (ii) based on the ordinary course of their employment with the Debtors and for which payment has not yet been authorized by order of the Court (e.g. various benefit plans and programs); <u>provided</u>, <u>however</u>, that if the Debtors provide written notice stating that the Debtors do not intend to exercise their authority to pay any such claim, the affected current employee shall have until the later of (i) the Bar Date and (ii) thirty

---

[3] Current officers and directors shall include the officers and directors of the Debtors as of the date of the Bar Date Order.

[4] "<u>Wage Order</u>" means the Order Granting Debtors' Motion and (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Contractors and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions Were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers' Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn On the Debtors' Payroll Accounts to Make the Foregoing Payments (Docket No. 53).

(30) days from the date of service of such written notice to file a Proof of Claim;

g.    customers who subscribe to the Debtors' newspapers with respect to any claim that arose prior to the Petition Date and is based on advance payments for hardcopy or online subscriptions of any of the Debtors' newspapers, for which claims the Debtors were previously authorized to honor by order of the Court, including the Customer Programs Order approved by the Court on December 10, 2008;[5] provided, however, that if the Debtors provide written notice stating that the Debtors do not intend to exercise their authority to honor any such claim, the affected subscriber shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of service of such written notice to file a Proof of Claim;

h.    any Debtor asserting a claim against another Debtor;

i.    solely in the event that the Administrative Agent under either that certain Credit Agreement, dated as of May 17, 2007 or that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007 (in each case with its related security agreements, guarantees, and other documents and collectively, as amended, supplemented or otherwise modified, the "Prepetition Credit Agreements" with claims arising thereon or thereunder referred to herein as "Bank Claims") files a Proof of Claim on account of the applicable Bank Claims, any person or entity (a "Prepetition Lender") whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest and other applicable fees and charges on or under the applicable Prepetition Credit Agreement; provided, however, that (a) the Administrative Agent under either Prepetition Credit Agreement shall be authorized, but not directed, to file on behalf of itself and all Prepetition Lenders under the applicable Prepetition Credit Agreement a single Proof of Claim on account of the applicable Bank Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Administrative Agent and by each such Prepetition Lender against all Debtor(s) liable under such Prepetition Credit Agreement and (c) if the Administrative Agent files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[6] and (ii) any holder of a Bank Claim under the Prepetition Credit Agreements that asserts a claim against a Debtor arising out of or relating to the Prepetition Credit Agreements other than a Bank Claim shall be required to file a

---

[5] "Customer Programs Order" means the Order Authorizing, but not Requiring, the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course Of Business (Docket No. 50).

[6] In the event that the Administrative Agent under either Prepetition Credit Agreement files a Proof of Claim, such filing should not affect the right of any Prepetition Lender under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

j.    solely in the event that any of the Indenture Trustees under any of the Indentures (in each case with its related documents and collectively, as amended, supplemented, or otherwise modified, the "Indentures"[7] with claims arising thereon or thereunder referred to herein as "Note Claims") files a Proof of Claim on account of the applicable Note Claims, any person or entity (a "Noteholder") whose claim is limited exclusively to a claim for repayment by Tribune of principal, interest, and other applicable fees and charges on or under the applicable Indenture; provided, however, that (a) the Indenture Trustees under any of the Indentures shall be authorized, but not directed, to file on behalf of themselves and all Noteholders under the applicable Indentures a single Proof of Claim on account of the applicable Note Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Indenture Trustee and by each such Noteholder against Tribune under such Indenture, and (c) if any Indenture Trustee files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[8] and (ii) any holder of a Note Claim under the Indentures that asserts a claim against any of the Debtors arising out of or relating to the Indentures other than a Note Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

k.    any wholly-owned non-debtor subsidiary of a Debtor asserting a claim against a Debtor; and

l.    any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the Bar Date;

and it is further

ORDERED, that any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the bar date associated with such claim shall not be treated as a creditor in these chapter 11 proceedings,

---

[7] "Indentures" is as defined in the motion and, in addition, shall include the Indenture, dated as of April 13, 1999 between Tribune Company and Wilmington Trust Company (successor to Bank of Montreal Trust Company), as trustee.

[8] In the event that any of the Indenture Trustees under any of the Indentures file a Proof of Claim, such filing should not affect the right of any Noteholder under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

and therefore, shall not be permitted to (i) vote on any plan of reorganization or plan of liquidation or (ii) receive any distribution under any confirmed plan; and it is further

ORDERED, that the Proof of Claim form, substantially in the form attached hereto as Exhibit A, and the Bar Date Notice, substantially in the form attached hereto as Exhibit B, are hereby approved in all respects; and it is further

ORDERED, that the Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail no later than April 13, 2009, upon all known persons and entities holding potential claims against the Debtors; and it is further

ORDERED, that the Debtors shall publish the Publication Notice, substantially in the form attached hereto as Exhibit C, in the national editions of the Wall Street Journal, The New York Times, the Los Angeles Times, and the Chicago Tribune at least once no later than twenty (20) days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Bar Dates by publication; and it is further

ORDERED, that nothing in this Order shall prejudice the right of the Debtors or any other party-in-interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated; and it is further

ORDERED, that the Debtors are hereby authorized and empowered to take such steps, expense such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2009
        Wilmington, Delaware

        _____
        Honorable Kevin J. Carey
        Chief United States Bankruptcy Judge

# EXHIBIT A

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| | |

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:_____**
   *(If known)*

Filed on: _____

Telephone number:                    Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:                    Email Address:

1. **Amount of Claim as of Date Case Filed:  S** _____

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) S _____

2. **Basis for Claim:** _____
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   **3a.** Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____

   Value of Property:  S_____  Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   S_____  Basis for perfection: _____

   **Amount of Secured Claim: S_____  Amount Unsecured: S_____**

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

   **Amount entitled to priority:**

   S_____

   *\* Amounts are subject to adjustment on 4-1-10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.  *(See instruction 7 and definition of "redacted" on reverse side.)*
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| | |

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name o fDebtor, and Case Number:**
Fill in the name of the debtor in the bankruptcy case and the case number. The full list of debtors is provided under the general information section on the Claims Agent's website http://chapter11.epiqsystems.com/tribune.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim. Also, check the appropriate box if all or a portion of your claim qualifies as an Administrative Expense priority under 11 U.S.C. § 503(b)(9) and provide the amount that is related to such priority.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at one of the following addresses:

*If by first-class mail:*
**Tribune Company Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, P.O. Box 5069**
**New York, NY 10150-5069**

*If by hand delivery or overnight mail:*
**Epiq Bankruptcy Solutions, LLC**
**Attn: Tribune Company Claims Processing Center**
**757 Third Avenue, 3rd Floor**
**New York, NY 10017**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property

of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.
A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials

## INFORMATION

of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website: (http://chapter11.epiqsystems.com/tribune) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

# EXHIBIT B

**Bar Date Notice**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

| DEBTOR | CASE NO. | EID NO. |
|---|---|---|
| Tribune Company | 08-13141 | 36-1880355 |
| 435 Production Company | 08-13142 | 95-4388865 |
| 5800 Sunset Productions Inc. | 08-13143 | 36-3845510 |
| Baltimore Newspaper Networks, Inc. | 08-13144 | 52-1998258 |
| California Community News Corporation | 08-13145 | 95-4425306 |
| Candle Holdings Corporation | 08-13146 | 95-4645626 |
| Channel 20, Inc. | 08-13147 | 06-1057399 |
| Channel 39, Inc. | 08-13148 | 65-0085256 |
| Channel 40, Inc. | 08-13149 | 68-0183844 |
| Chicago Avenue Construction Company | 08-13150 | 36-4328634 |
| Chicago River Production Company | 08-13151 | 36-3845434 |
| Chicago Tribune Company | 08-13152 | 36-2643437 |
| Chicago Tribune Newspapers, Inc. | 08-13153 | 36-6100439 |
| Chicago Tribune Press Service, Inc. | 08-13154 | 36-2273167 |
| ChicagoLand Microwave Licensee, Inc. | 08-13155 | 36-3721579 |
| Chicagoland Publishing Company | 08-13156 | 36-3993237 |
| Chicagoland Television News, Inc. | 08-13157 | 36-3801352 |
| Courant Specialty Products, Inc. | 08-13159 | 06-1529221 |
| Direct Mail Associates, Inc. | 08-13160 | 23-2536121 |
| Distribution Systems Of America, Inc. | 08-13161 | 11-3033811 |
| Eagle New Media Investments, LLC | 08-13162 | 14-1871168 |
| Eagle Publishing Investments, LLC | 08-13163 | 14-1871171 |
| forsalebyowner.com Corp. | 08-13165 | 13-4120219 |
| ForSaleByOwner.com Referral Services, LLC | 08-13166 | 26-2909205 |
| Fortify Holdings Corporation | 08-13167 | 95-4645628 |
| Forum Publishing Group, Inc. | 08-13168 | 65-0612940 |
| Gold Coast Publications, Inc. | 08-13169 | 59-2145505 |
| Greenco, Inc. | 08-13170 | 95-2067416 |
| Heart & Crown Advertising, Inc. | 08-13171 | 06-1099808 |
| Homeowners Realty, Inc. | 08-13172 | 84-1641507 |
| Homestead Publishing Co. | 08-13173 | 52-0704903 |
| Hoy Publications, LLC | 08-13175 | 35-2212352 |
| Hoy, LLC | 08-13174 | 22-3608033 |
| Insertco, Inc. | 08-13176 | 11-3522663 |
| Internet Foreclosure Service, Inc. | 08-13177 | 06-1656550 |
| JuliusAir Company II, LLC | 08-13179 | N/A |
| JuliusAir Company, LLC | 08-13178 | 36-4449479 |
| Kiah Inc. | 08-13180 | 76-0484014 |

| DEBTOR | CASE NO. | EID NO. |
|---|---|---|
| KPLR, Inc. | 08-13181 | 43-0737943 |
| KSWB Inc. | 08-13182 | 94-2457035 |
| KTLA Inc. | 08-13183 | 95-1743404 |
| KWGN Inc. | 08-13184 | 84-0565347 |
| Los Angeles Times Communications LLC | 08-13185 | 36-4371324 |
| Los Angeles Times International, Ltd. | 08-13186 | 95-4456079 |
| Los Angeles Times Newspapers, Inc. | 08-13187 | 36-4370416 |
| Magic T Music Publishing Company | 08-13188 | 36-3716522 |
| NBBF, LLC | 08-13189 | 26-2990893 |
| Neocomm, Inc. | 08-13190 | 59-3227208 |
| New Mass. Media, Inc. | 08-13191 | 04-2529553 |
| New River Center Maintenance Association, Inc. | 08-13192 | 65-0245621 |
| Newscom Services, Inc. | 08-13193 | 65-0574817 |
| Newspaper Readers Agency, Inc. | 08-13194 | 36-1547335 |
| North Michigan Production Company | 08-13195 | 36-3845466 |
| North Orange Avenue Properties, Inc. | 08-13196 | 59-3564056 |
| Oak Brook Productions, Inc. | 08-13197 | 36-4012598 |
| Orlando Sentinel Communications Company | 08-13198 | 59-1103775 |
| Patuxent Publishing Company | 08-13200 | 52-2064223 |
| Publishers Forest Products Co. of Washington | 08-13201 | 91-0844750 |
| Sentinel Communications News Ventures, Inc. | 08-13202 | 36-4132027 |
| Shepard's Inc. | 08-13203 | 13-3337931 |
| Signs of Distinction, Inc. | 08-13204 | 52-2073603 |
| Southern Connecticut Newspapers, Inc. | 08-13205 | 06-0971455 |
| Star Community Publishing Group, LLC | 08-13206 | 11-3475612 |
| Stemweb, Inc. | 08-13207 | 11-3634276 |
| Sun-Sentinel Company | 08-13208 | 59-1022684 |
| The Baltimore Sun Company | 08-13209 | 95-4066880 |
| The Daily Press, Inc. | 08-13210 | 54-1399368 |
| The Hartford Courant Company | 08-13211 | 06-0383490 |
| The Morning Call, Inc. | 08-13212 | 23-0337560 |
| The Other Company LLC | 08-13213 | 26-2455337 |
| Times Mirror Land And Timber Company | 08-13214 | 95-4017088 |
| Times Mirror Payroll Processing Company, Inc. | 08-13215 | 95-4684227 |
| Times Mirror Services Company, Inc. | 08-13216 | 84-1301326 |
| TMLH 2, Inc. | 08-13217 | 95-4640720 |
| TMLS I, Inc. | 08-13218 | 95-4640719 |
| TMS Entertainment Guides, Inc. | 08-13219 | 36-4386325 |
| Tower Distribution Company | 08-13220 | 73-1539066 |
| Towering T Music Publishing Company | 08-13221 | 36-4202470 |
| Tribune Broadcast Holdings, Inc. | 08-13222 | 94-2444438 |
| Tribune Broadcasting Company | 08-13223 | 36-3082569 |
| Tribune Broadcasting Holdco, LLC | 08-13224 | 71-1032534 |
| Tribune Broadcasting News Network, Inc. | 08-13225 | 36-3731088 |
| Tribune California Properties, Inc. | 08-13226 | 36-3491629 |
| Tribune Direct Marketing, Inc. | 08-13227 | 36-3751479 |
| Tribune Entertainment Company | 08-13228 | 36-2596232 |
| Tribune Entertainment Production Company | 08-13229 | 36-3845393 |

| DEBTOR | CASE NO. | EID NO. |
|---|---|---|
| Tribune Finance Service Center, Inc. | 08-13231 | 36-4407844 |
| Tribune Finance, LLC | 08-13230 | 71-1032537 |
| Tribune License, Inc. | 08-13232 | 95-4401035 |
| Tribune Los Angeles, Inc. | 08-13233 | 04-3724522 |
| Tribune Manhattan Newspaper Holdings, Inc. | 08-13234 | 43-2027279 |
| Tribune Media Net, Inc. | 08-13235 | 36-4407847 |
| Tribune Media Services, Inc. | 08-13236 | 13-0571080 |
| Tribune Network Holdings Company | 08-13237 | 36-4039936 |
| Tribune New York Newspaper Holdings, LLC | 08-13238 | 43-2027278 |
| Tribune Nm, Inc. | 08-13239 | 95-4579939 |
| Tribune Publishing Company | 08-13240 | 36-3779720 |
| Tribune Television Company | 08-13241 | 06-1251634 |
| Tribune Television Holdings, Inc. | 08-13242 | 36-3491630 |
| Tribune Television New Orleans, Inc. | 08-13244 | 36-3234055 |
| Tribune Television Northwest, Inc. | 08-13245 | 62-1172975 |
| Valumail, Inc. | 08-13246 | 06-1539512 |
| Virginia Community Shoppers, LLC | 08-13247 | 43-1994025 |
| Virginia Gazette Companies, LLC | 08-13248 | 36-4419587 |
| WATL, LLC | 08-13249 | 95-4527384 |
| WCWN LLC | 08-13250 | 04-3465982 |
| WDCW Broadcasting, Inc. | 08-13251 | 36-4308300 |
| WGN Continental Broadcasting Company | 08-13252 | 36-1919530 |
| WLVI Inc. | 08-13253 | 36-3918074 |
| WPIX, Inc. | 08-13254 | 36-3110191 |
| WTXX, Inc. | 08-13255 | 06-1501268 |

## NOTICE OF ENTRY OF BAR DATE ORDER ESTABLISHING
## DEADLINES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS

**PLEASE TAKE NOTICE THAT:**

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing deadlines to file proofs of claim for all claims (as defined below) against the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") that arose prior to December 8, 2008 (the "Petition Date").

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit) that holds or asserts a claim against any of the Debtors must file a proof of claim with original signature, substantially conforming to the proof of claim form attached hereto, so that it is **actually received** by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Bankruptcy Court-approved claims and noticing agent in these chapter 11 cases, on or before the Bar Dates set forth below. Proofs of claim sent by **first-class mail** must be sent to the following address:

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC

> FDR Station
> P.O. Box 5069
> New York, NY 10150-5069

Proofs of claim sent by **messenger** or **overnight courier** must be sent to the following address:

> Tribune Company Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, Third Floor
> New York, NY 10017

     The Debtors will enclose a Proof of Claim form to this Bar Date Notice for each person or entity scheduled on the Debtors' Schedules. When sent to a creditor whose claim is scheduled, the Proof of Claim form will be customized to specify (a) the identity of the Debtor against which the person or entity's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as disputed, contingent, or unliquidated; and (d) whether the claim is listed as a secured, unsecured priority, or unsecured nonpriority claim. If you have enclosed herewith a customized proof of claim form, then you are listed on the Debtors' Schedules. To the extent that you disagree with the information provided on the customized proof of claim form, you should substitute the pre-printed information with the information that you believe is correct.

     If you have not received a pre-printed proof of claim form, you are not listed on the Debtors' Schedules. If you believe that you have a claim against the Debtor(s), you may download a form from Epiq's website (http://chapter11.epiqsystems.com/tribune).

     To be properly filed, a proof of claim must be filed in the bankruptcy case of the specific Debtor against which the claimant holds or asserts a claim. For example, if a claimant holds or asserts a claim against 435 Production Company, the proof of claim must be filed against 435 Production Company in case number 08-13142. If a claimant wishes to assert a claim against more than one Debtor, separate proof of claim forms must be filed against each applicable Debtor. A complete list of Debtors with corresponding case numbers is set forth above.

     Proofs of claim will be deemed timely filed only if <u>actually received</u> by Epiq on or before the bar date associated with such claim. Further, Epiq will not accept Proofs of Claim sent by facsimile, telecopy, e-mail or other electronic submission.

     <u>General Bar Date</u>. Except as otherwise provided herein, each person or entity (including any governmental unit), holding or asserting a claim against one or more of the Debtors that arose prior to the Petition Date must file a proof of claim so that it is <u>actually received</u> by Epiq on or before **June 12, 2009 at 4:00 p.m. (prevailing Eastern Time)**.

     <u>Amended Schedules Bar Date</u>. If, on or after the date on which the Debtors serve this Notice, the Debtors amend or supplement their schedules of assets and liabilities, list of equity holders, and statements of financial affairs (collectively, the "<u>Schedules</u>") (i) to reduce the undisputed, noncontingent and liquidated amount of a claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the affected claimant is

required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim so that the proof of claim is actually received by Epiq on or before the later of (x) the General Bar Date or (y) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

    Rejection Bar Date.  A proof of claim relating to a Debtor's rejection of an executory contract or unexpired lease pursuant to a Court order entered prior to the applicable Debtor's plan of reorganization must be filed so that it is actually received by Epiq on or before the later of (i) the General Bar Date or (ii) thirty (30) days after the effective date of such Court order.

    For purposes of the Bar Date Order and this Notice, the term "claim" means (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured as of the Petition Date.

    For the avoidance of doubt, there are certain affiliates of Tribune that have not filed petitions for relief under chapter 11 of the Bankruptcy Code; therefore, claims against such entities will not be administered in these proceedings.[1]  Accordingly, parties holding claims against such entities should not file Proofs of Claim in these chapter 11 cases.

    The following persons and entities need **NOT** file proofs of claim on or before the General Bar Date:

   a.    any person or entity that has already properly filed a Proof of Claim against the applicable Debtor(s) in these chapter 11 cases with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

   b.    any person or entity (i) whose claim is listed in the Debtors' Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules) as set forth in the Schedules;

   c.    professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses

---

[1] The non-debtor subsidiaries are:  Chicago National League Ball Club, LLC; Chicago Cubs Dominican Baseball Operations, LLC; Diana-Quentin, LLC; Fairfax Media, Inc.; Multimedia Insurance Company; Professional Education Publishers International (Africa) Pty Ltd.; TMS Entertainment Guides Canada Corp.; Tribune (FN) Cable Ventures Inc.; Tribune Hong Kong, Ltd.; Tribune Interactive, Inc.; Tribune Media Services, B.V.; Tribune National Marketing Company; Tribune ND, Inc.; Tribune Receivables LLC; Tribune Sports Network Holdings, LLC; and Wrigley Field Premium Tickets and Services, LLC.

subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d.  any person or entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; provided, however, that any person or entity that has a claim on account of prepetition goods received by the Debtors within twenty days of the Petition Date may (i) file a Proof of Claim with Epiq prior to the General Bar Date or (ii) file a request for payment of such claim with the Court in accordance with section 503 of the Bankruptcy Code;

e.  current officers and directors[2] of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f.  current employees of the Debtors, or labor unions authorized by law to represent current employees, in each case solely with respect to any claim based on the payment of wages, salaries, vacation pay, reimbursable expenses, worker's compensation claims, and other benefits arising in the ordinary course of business and previously authorized to be paid by order of the Court, including the Wage Order approved by the Court on December 10, 2008,[3] provided, however, that if the Debtors provide written notice stating that the Debtors do not intend to exercise their authority to pay any such claim, the affected current employee shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of service of such written notice to file a Proof of Claim;

g.  customers who subscribe to the Debtors' newspapers with respect to any claim that arose prior to the Petition Date and is based on advance payments for hardcopy or online subscriptions of any of the Debtors' newspapers, for which claims the Debtors were previously authorized to honor by order of the Court, including the Customer Programs Order approved by the Court on December 10, 2008;[4] provided, however, that if the Debtors provide written notice stating that the Debtors do not intend to

---

[2] Current officers and directors shall include the officers and directors of the Debtors as of the date of the Bar Date Order.

[3] "Wage Order" means the Order Granting Debtors' Motion and (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Contractors and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions Were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers' Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn On the Debtors' Payroll Accounts to Make the Foregoing Payments (Docket No. 53).

[4] "Customer Programs Order" means the Order Authorizing, but not Requiring, the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course Of Business (Docket No. 50).

exercise their authority to honor any such claim, the affected subscriber shall have until the later of (i) the Bar Date and (ii) thirty (30) days from the date of service of such written notice to file a Proof of Claim;

h.   solely in the event that the Administrative Agent under either that certain Credit Agreement, dated as of May 17, 2007 or that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007 (in each case with its related security agreements, guarantees, and other documents and collectively, as amended, supplemented or otherwise modified, the "Prepetition Credit Agreements" with claims arising thereon or thereunder referred to herein as "Bank Claims") files a Proof of Claim on account of the applicable Bank Claims, any person or entity (a "Prepetition Lender") whose claim is limited exclusively to a claim for repayment by the applicable Debtor(s) of principal, interest and other applicable fees and charges on or under the applicable Prepetition Credit Agreement; provided, however, that (a) the Administrative Agent under either Prepetition Credit Agreement shall be authorized, but not directed, to file on behalf of itself and all Prepetition Lenders under the applicable Prepetition Credit Agreement a single Proof of Claim on account of the applicable Bank Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Administrative Agent and by each such Prepetition Lender against all Debtor(s) liable under such Prepetition Credit Agreement and (c) if the Administrative Agent files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[5] and (ii) any holder of a Bank Claim under the Prepetition Credit Agreements that asserts a claim against a Debtor arising out of or relating to the Prepetition Credit Agreements other than a Bank Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;

i.   solely in the event that any of the Indenture Trustees under any of the Indentures (in each case with its related documents and collectively, as amended, supplemented, or otherwise modified, the "Indentures" with claims arising thereon or thereunder referred to herein as "Note Claims") files a Proof of Claim on account of the applicable Note Claims, any person or entity (a "Noteholder") whose claim is limited exclusively to a claim for repayment by Tribune of principal, interest, and other applicable fees and charges on or under the applicable Indenture; provided, however, that (a) the Indenture Trustees under any of the Indentures shall be authorized, but not directed, to file on behalf of themselves and all Noteholders under the applicable Indentures a single Proof of Claim on

---

[5] The filing of a Proof of Claim by the Administrative Agent under either of the Prepetition Credit Agreements should not affect the right of any Prepetition Lender under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

account of the applicable Note Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Indenture Trustee and by each such Noteholder against Tribune under such Indenture, and (c) if any Indenture Trustee files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Proof of Claim;[6] and (ii) any holder of a Note Claim under the Indentures that asserts a claim against any of the Debtors arising out of or relating to the Indentures other than a Note Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies;[7]

j.     any Debtor asserting a claim against another Debtor;

k.     any wholly-owned non-debtor subsidiary of a Debtor asserting a claim against a Debtor; and

l.     any person or entity whose claim against the Debtors has been allowed by an order of the Court entered on or before the Bar Date.

**Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that is required to file a timely proof of claim in the form and manner specified by the Bar Date Order and this Notice and that fails to do so on or before the bar date associated with such claim shall not be treated as a creditor in these chapter 11 proceedings, and therefore, shall not be permitted to (i) vote on any plan of reorganization or plan of liquidation or (ii) receive any distribution under any confirmed plan.**

Acts or omissions of the Debtors, if any, that occurred prior to the Petition Date, including acts or omissions related to any indemnity agreements, guarantees, or services provided to or rendered by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they are based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds or asserts a claim or a potential claim against the

---

[6] The filing of a Proof of Claim by any of the Indenture Trustees under any of the Indentures should not affect the right of any Noteholder under the respective documents to vote separately the amount of its respective claims with respect to any plan of reorganization.

[7] Tribune issued Notes pursuant to (i) Indenture, dated as of January 1, 1997 between Tribune Company and Citibank, N.A. (successor to Bank of Montreal Trust Company and Bank of New York), as trustee; (ii) Indenture, dated as of April 1, 1999 between Tribune Company and Citibank, N.A. (successor to Bank of Montreal Trust Company and Bank of New York), as trustee; (iii) Indenture, dated as of January 30, 1995 between Tribune Company (as successor pursuant to the First Supplemental Indenture to The Times Mirror Company, f/k/a New TMC Inc.) and Citibank, N.A. (successor to Bank of New York, Wells Fargo Bank, N.A. and First Interstate Bank of California), as trustee; (iv) Indenture, dated as of March 19, 1996 between Tribune Company (successor pursuant to the Second Supplemental Indenture to The Times Mirror Company) and Citibank, N.A., as trustee; (v) Indenture, dated as of March 1, 1992 between Tribune Company and Citibank, N.A. (successor to Continental Bank, National Association, Bank of Montreal Trust Company and Bank of New York), as trustee; and (vi) Indenture, dated as of April 13, 1999 between Tribune Company and Wilmington Trust Company (successor to Bank of Montreal Trust Company), as trustee.

Debtors, no matter how remote or contingent, must file a proof of claim on or before the General Bar Date.

You should not file a Proof of Claim if you do not have a claim against the Debtors. The fact that you received this Notice does not necessarily mean that you have a claim or that either the Debtors or the Bankruptcy Court believe that you have a claim.

You may be listed as the holder of a claim against the Debtors in the Schedules. If you hold or assert a claim that is not listed in the Schedules or if you disagree with the amount or priority of your claim as listed in the Schedules, or your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed," you **must** file a proof of claim. Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Schedules and Bar Date Order may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website. Information relating to the Debtors' restructuring, including all documents referenced in this notice can also be viewed and downloaded free of charge on Epiq's website (http://chapter11.epiqsystems.com/tribune).

Questions concerning the contents of this Bar Date Notice and requests for proofs of claim should be directed to Epiq at (800) 622-1125 between the hours of 9 a.m. and 5 p.m. (Prevailing Eastern Time), Monday through Friday. Please note that Epiq's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

Dated: Wilmington, Delaware
March    , 2009

BY ORDER OF THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kerriann S. Mills
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117
Counsel to the Debtors and Debtors-in-Possession

# EXHIBIT C

**Publication Notice**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

| | | |
|---|---|---|
| Tribune Company | Kiah Inc. | TMLS I, Inc. |
| 435 Production Company | KPLR, Inc. | TMS Entertainment Guides, Inc. |
| 5800 Sunset Productions Inc. | KSWB Inc. | Tower Distribution Company |
| Baltimore Newspaper Networks, Inc. | KTLA Inc. | Towering T Music Publishing Company |
| California Community News Corporation | KWGN Inc. | Tribune Broadcast Holdings, Inc. |
| Candle Holdings Corporation | Los Angeles Times Communications LLC | Tribune Broadcasting Company |
| Channel 20, Inc. | Los Angeles Times International, Ltd. | Tribune Broadcasting Holdco, LLC |
| Channel 39, Inc. | Los Angeles Times Newspapers, Inc. | Tribune Broadcasting News Network, Inc. |
| Channel 40, Inc. | Magic T Music Publishing Company | Tribune California Properties, Inc. |
| Chicago Avenue Construction Company | NBBF, LLC | Tribune Direct Marketing, Inc. |
| Chicago River Production Company | Neocomm, Inc. | Tribune Entertainment Company |
| Chicago Tribune Company | New Mass. Media, Inc. | Tribune Entertainment Production Company |
| Chicago Tribune Newspapers, Inc. | New River Center Maintenance Association, Inc. | Tribune Finance Service Center, Inc. |
| Chicago Tribune Press Service, Inc. | Newscom Services, Inc. | Tribune Finance, LLC |
| ChicagoLand Microwave Licensee, Inc. | Newspaper Readers Agency, Inc. | Tribune License, Inc. |
| Chicagoland Publishing Company | North Michigan Production Company | Tribune Los Angeles, Inc. |
| Chicagoland Television News, Inc. | North Orange Avenue Properties, Inc. | Tribune Manhattan Newspaper Holdings, Inc. |
| Courant Specialty Products, Inc. | Oak Brook Productions, Inc. | Tribune Media Net, Inc. |
| Direct Mail Associates, Inc. | Orlando Sentinel Communications Company | Tribune Media Services, Inc. |
| Distribution Systems Of America, Inc. | Patuxent Publishing Company | Tribune Network Holdings Company |
| Eagle New Media Investments, LLC | Publishers Forest Products Co. of Washington | Tribune New York Newspaper Holdings, LLC |
| Eagle Publishing Investments, LLC | Sentinel Communications News Ventures, Inc. | Tribune Nm, Inc. |
| forsalebyowner.com Corp. | Shepard's Inc. | Tribune Publishing Company |
| ForSaleByOwner.com Referral Services, LLC | Signs of Distinction, Inc. | Tribune Television Company |
| Fortify Holdings Corporation | Southern Connecticut Newspapers, Inc. | Tribune Television Holdings, Inc. |
| Forum Publishing Group, Inc. | Star Community Publishing Group, LLC | Tribune Television New Orleans, Inc. |
| Gold Coast Publications, Inc. | Stemweb, Inc. | Tribune Television Northwest, Inc. |
| Greenco, Inc. | Sun-Sentinel Company | Valumail, Inc. |
| Heart & Crown Advertising, Inc. | The Baltimore Sun Company | Virginia Community Shoppers, LLC |
| Homeowners Realty, Inc. | The Daily Press, Inc. | Virginia Gazette Companies, LLC |
| Homestead Publishing Co. | The Hartford Courant Company | WATL, LLC |
| Hoy Publications, LLC | The Morning Call, Inc. | WCWN LLC |
| Hoy, LLC | The Other Company LLC | WDCW Broadcasting, Inc. |
| Insertco, Inc. | Times Mirror Land And Timber Company | WGN Continental Broadcasting Company |
| Internet Foreclosure Service, Inc. | Times Mirror Payroll Processing Company, Inc. | WLVI Inc. |
| JuliusAir Company II, LLC | Times Mirror Services Company, Inc. | WPIX, Inc. |
| JuliusAir Company, LLC | TMLH 2, Inc. | WTXX, Inc. |

## NOTICE OF ENTRY OF BAR DATE ORDER ESTABLISHING
## DEADLINE FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS

### TO ALL CREDITORS AND PARTIES IN INTEREST:

### PLEASE TAKE NOTICE THAT:

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order, dated March [  ], 2009 (the "Bar Date Order"), establishing deadlines for all persons and entities asserting a claim (as defined below) against Tribune Company or any of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") that arose prior to December 8, 2008 (the "Petition Date"), to file a separate proof of claim with respect to each such Debtor with Epiq Bankruptcy Solutions, LLC ("Epiq"), the Bankruptcy Court-approved claims and noticing agent in these chapter 11 cases.

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that asserts a claim against any of the Debtors **must** file a proof of claim so that it is **actually received** by Epiq as follows: If by first-class mail: Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, NY 10150-5069. If by messenger or overnight courier: Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017. **Proofs of claim submitted by facsimile, telecopy, e-mail or other electronic submission will not be accepted. If you wish to assert a claim against more than one Debtor, you must file a separate proof of claim form against each applicable Debtor.**

General Bar Date. Except as otherwise provided herein, each person or entity (including governmental units), holding or asserting a claim against the applicable Debtor(s) that arose prior to the Petition Date must file a proof of claim so that it is actually received by Epiq on or before **June 12, 2009 at 4:00 p.m. (Prevailing Eastern Time)**.

Amended Schedules Bar Date. If, on or after the date on which the Debtors serve this Notice, the Debtors amend or supplement their schedules of assets and liabilities, list of equity holders, and statements of financial affairs (collectively, the "Schedules") (i) to reduce the undisputed, noncontingent and liquidated amount of a claim, (ii) to change the nature or characterization of a claim, or (iii) to add a new claim to the Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim so that the proof of claim is actually received by Epiq on or before the later of (x) the General Bar Date or (y) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

Rejection Bar Date. A proof of claim relating to a Debtor's rejection of an executory contract or unexpired lease pursuant to a Court order entered prior to the applicable Debtor's plan of reorganization must be filed so that it is actually received by Epiq on or before the later of (i) the General Bar Date or (ii) thirty (30) days after the effective date of such Court order.

For purposes of the Bar Date Order and this Notice, the term "claim" means (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured as of the Petition Date.

For the avoidance of doubt, there are certain affiliates of Tribune that have not filed petitions for relief under chapter 11 of the Bankruptcy Code; therefore, claims against such entities will not be administered in these proceedings.[1] Accordingly, parties holding claims against such entities should not file Proofs of Claim in these chapter 11 cases.

---

[1] The non-debtor subsidiaries are: Chicago National League Ball Club, LLC; Chicago Cubs Dominican Baseball Operations, LLC; Diana-Quentin, LLC; Fairfax Media, Inc.; Multimedia Insurance Company; Professional

**Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that is required to file a timely proof of claim in the form and manner specified by the Bar Date Order and this Notice and that fails to do so on or before the bar date associated with such claim shall not be treated as a creditor in these chapter 11 proceedings, and therefore, shall not be permitted to (i) vote on any plan of reorganization or plan of liquidation or (ii) receive any distribution under any confirmed plan.**

Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 or on Epiq's website (http://chapter11.epiqsystems.com/tribune).

Proof of claim forms along with instructions for completing and filing the proof of claim forms have been mailed to all known creditors and parties in interest in the Debtors' chapter 11 cases. If you have not received that mailing and believe that you have a claim against the Debtors, you should contact Epiq at (800) 622-1125 between the hours of 9:00 a.m. and 5:00 p.m. (US Eastern Time), Monday through Friday.

Please note that Epiq's staff is not permitted to give legal advice.

Dated: Wilmington, Delaware
_____, 2009

BY ORDER OF THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kerriann S. Mills
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

---

Education Publishers International (Africa) Pty Ltd.; TMS Entertainment Guides Canada Corp.; Tribune (FN) Cable Ventures Inc.; Tribune Hong Kong, Ltd.; Tribune Interactive, Inc.; Tribune Media Services, B.V.; Tribune National Marketing Company; Tribune ND, Inc.; Tribune Receivables LLC; Tribune Sports Network Holdings, LLC; and Wrigley Field Premium Tickets and Services, LLC.

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel to the Debtors and Debtors-in-Possession