# IN THE UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>TRIBUNE COMPANY, et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 490, 538, 541, & 562 |

## ORDER MODIFYING THE AUTOMATIC STAY AUTHORIZING JON VAN SENUS, BY AND THROUGH HIS GUARDIAN AD LITEM, NEALA OLSON, TO RECEIVE PAYMENTS PURSUANT TO SETTLEMENT AGREEMENT

Upon the Motion of the Conservator of Jon Van Senus, Neala Olson, (the "Movant"), For Relief From the Automatic Stay to Receive Payments Pursuant to Settlement Agreement (the "Motion")[1], and the Motion having been served upon counsel for the Debtors, counsel for the Committee, the Office of the United States Trustee and all parties who have requested notice pursuant to Bankruptcy Rule 2002 in accordance with Del. Bankr. L.R. 2002-1(b); and the Court finding sufficient cause to grant the Motion:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED in its entirety.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Motion.

2.  The automatic stay is hereby modified pursuant to 11 U.S.C. § 362(d)(1) and (2) to the extent necessary to allow the Movant to receive payment of insurance proceeds, subject to the terms of this Order.

3.  The Insurers are hereby directed to provide payment to the Movant within ten (10) business days following entry of this Order in the following amounts:

    (a) Zurich North America Insurance Company : $2.4 million; and

    (b) St. Paul Travelers Insurance Company: $3 million.

4.  This Order is effective immediately, and the automatic ten-day stay of its enforcement pursuant to Fed. R. Bankr. P. 4001(a)(3) is hereby waived.

5.  The Movant shall not be entitled to recover any of the $600,000 in insurance proceeds corresponding to the deductible amount at present, pursuant to this Order. Disputes, if any, relating thereto and any payment thereof shall be continued until a date to be established by mutual agreement of the parties, by the Court, or pursuant to motion by the Movant.

6.  This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: March 25, 2009

_____
Kevin J. Carey
Chief United States Bankruptcy Judge