## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x   Chapter 11
In re:                                                  :
                                                        :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                :
                                                        :   Jointly Administered
            Debtors.                                    :
                                                        :   Objections Due: April 14, 2009
------------------------------------------------------- x   Hearing Date: N/A
```

### SECOND MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FEBRUARY 1, 2009 THROUGH FEBRUARY 28, 2009

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | February 1, 2009 through February 28, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $514,187.20  (80% of $642,734.00) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $ 42,979.74 |

This is a(n):    _x_ Monthly        ____ Interim        ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**February 1, 2009 through February 28, 2009**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2008/2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 84.70 | $80,888.50 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 955 | 18.30 | 17,476.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 98.60 | 80,932.50 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 59.20 | 47,064.00 |
| Thomas J. Hall (1988) | Litigation | 1980 (NJ) 1981 (NY) | 795 | 0.20 | 159.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 18.50 | 14,152.50 |
| Andrew A. Giaccia (1994) | Project Finance | 1984 (PA/NJ) 1987 (DC) | 755 | 0.80 | 604.00 |
| Marjorie M. Glover (1999) | Employee Benefits | 1988 (MA) 1989 (NY) | 755 | 2.60 | 1,963.00 |
| Walter G. Hanchuk (2005) | Intellectual Property | 1992 (NJ) 1993 (NY/DC) | 755 | 1.00 | 755.00 |
| Vincent Dunn (1998) | Corporate | 1989 (NY) | 735 | 21.00 | 15,435.00 |
| Edouard S. Markson (2007) | Tax | 1997 (NY) | 735 | 13.40 | 9,849.00 |
| Kevin Smith (2001) | Corporate | 1993 (NY) | 725 | 2.90 | 2,102.50 |
| Scott Berson (2004) | Corporate | 1996 (NY) | 675 | 18.50 | 12,487.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Douglas E. Deutsch | Bankruptcy and Financial Restructuring | 1997 (NY) | 625 | 171.50 | 107,187.50 |
| | | | | | |

3

NY4 - 211044.02

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2008/2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Eric Przybylko | Litigation | 1997 (NY) | 595 | 0.30 | 178.50 |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 67.00 | 39,865.00 |
| Joseph Giannini | Corporate | 2002 (NJ) 2004 (NY) | 585 | 92.00 | 53,820.00 |
| Robert J. Gayda | Bankruptcy & Financial Restructuring | 2005 (NY) | 535 | 25.30 | 13,535.50 |
| Kimberly Giuliano | Intellectual Property | 2005 (NY) | 535 | 1.20 | 642.00 |
| Megan J. Klein | Litigation | 2007 (NY) | 465 | 1.30 | 604.50 |
| Benjamin Carson | Corporate | 2008 (NY) | 395 | 9.70 | 3,831.50 |
| Jason Porter | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 77.90 | 30,770.50 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 13.30 | 5,253.50 |
| | | | | | |
| **Law Clerks:** | | | | | |
| Blake Betheil | Tax | JD-2008 | 345 | 15.90 | 5,485.50 |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 143.50 | 49,507.50 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 13.70 | 4,726.50 |
| Young Yoo | Corporate | JD-2008 | 345 | 60.50 | 20,872.50 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 19.70 | 5,122.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 23.10 | 6,006.00 |

NY4 - 211044.02

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2008/2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|------------|-------------------|----------------------|-------------|-------|
| Sarah Chan | Corporate | n/a | 245 | 30.00 | 7,350.00 |
| Sandra Buzaglo | Corporate | n/a | 240 | 3.00 | 720.00 |
| Kristen Garry | Corporate | n/a | 190 | 9.20 | 1,748.00 |
| | | | | | |
| **Librarian:** | | | | | |
| Tania Danielson | n/a | n/a | 175 | 0.50 | 87.50 |
| Adam Lederer | n/a | n/a | 125 | 3.00 | 375.00 |
| Barbara Schubeck | n/a | n/a | 120 | 9.80 | 1,176.00 |
| | | | | | |
| **TOTAL:** | | | | **1,131.10** | **$642,734.00** |

BLENDED RATE:     $568.60

\* Includes year elected Partner at firm or joined firm as Partner.

5

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ----------------------------------------------------- x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: April 14, 2009 |
| ----------------------------------------------------- x | | Hearing Date:  N/A |

**SECOND MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FEBRUARY 1, 2009 THROUGH FEBRUARY 28, 2009**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $642,734.00 (80% of which equals

$514,187.20) and reimbursement of expenses incurred in the amount of $42,979.74 during the

period commencing February 1, 2009 through and including February 28, 2009 (the "Application

Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of the

Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103(a).

2.      The statutory bases for relief requested herein are Sections 105(a), 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  On December 30, 2009, the United States Trustee appointed Wilmington Trust Company as an additional member of the Committee.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.     No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.     All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.     During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.     The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.     As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $642,734.00.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services

relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

A.     **Bankruptcy General (Matter 002)**

Fees: $76,659.00     Total Hours: 132.50

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.  Further work during this period included Chadbourne's consideration of the request of Centerbridge Partners to join the Committee.  Chadbourne summarized the Committee's position in a letter to the U.S. Trustee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents

and the distribution of documents both to the professionals at Chadbourne and to the members

of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist

attorneys in preparation of papers for electronic filing, and respond to third-party requests for

documents.

**B.**    **Committee Meetings (Matter 003)**

      Fees:  $64,797.00     Total Hours:  101.50

     15.     Regular and special meetings of the Committee (the "Committee Meetings") were

held during the Application Period and generally occurred weekly, either by telephone

conference or in person, to review and discuss pending motions, the Debtors' business

operations and numerous other issues regarding the administration of the Debtors' cases.

Committee Meetings continue to be the most effective and efficient way of providing a forum

for Committee members to express their views and to ensure that all members of the Committee

are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded

at each Committee Meeting to provide an official record of those meetings.  Chadbourne

attorneys prepared for these meetings and spent time, among other things, drafting agendas and

presentation materials related thereto.

**C.**    **Creditor Communications (Matter 004)**

      Fees:  $12,903.00     Total Hours:  17.20

     16.     Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries.

During the Application Period, Chadbourne attorneys reviewed and responded to

correspondence and other inquiries received from unsecured creditors and participated in

telephone conferences with members of the Committee to discuss open issues and

developments in the Debtors' cases.

### D.    DIP Financing (Matter 005)

Fees: $82,074.00    Total Hours: 149.90

17.    During the Application Period, Chadbourne attorneys continued their research and

review of documentation of the prepetition receivables securitization facility in order to analyze

perfection of security interests and true sale issues.   Chadbourne finalized its analysis of the

proposed financing in a detailed memorandum to the Committee.

18.    During the Application Period, Chadbourne attorneys also researched and

analyzed the contractual obligations of non-debtors to reimburse the administrative agent under

the Debtors' Senior Credit Facility for expenses alleged to be reimbursable under certain

guaranties.  Chadbourne reviewed and analyzed the underlying documents and prepared a

comprehensive memorandum setting forth its analysis and options available to the Committee.

### E.    Inter-Company Issues/Cash Management (Matter 006)

Fees: $16,954.00    Total Hours: 27.20

19.    During the Application Period, Chadbourne, working with the Committee's

financial advisors, carefully reviewed and analyzed issues in connection with the Debtors'

request to continue its existing cash management system in order to ensure it would be in the

best interest of creditors.  This work included an evaluation of the Debtors' cash management

systems and related intercompany issues.  Related thereto, Chadbourne also continued to

research and analyze options with respect to investment of the Debtors' cash and related

requirements set forth in the Bankruptcy Code.  Finally, Chadbourne reviewed and provided

comments to the proposed cash management order in connection with the upcoming hearing on

same.

**F.     Business Operations (Matter 007)**

     Fees:  $14,843.00      Total Hours:  22.80

20.     During the Application Period, Chadbourne attorneys expended time on various

issues with regards to the Debtors' day-to-day business operations.  This included the review

and summation of the Debtors' supplement to its 2015.3 motion seeking, among other things,

additional time to file periodic financial reports and requesting certain waivers with respect to

certain non-debtor affiliates.

**G.     Asset Disposition (Matter 008)**

     Fees:  $103,391.50   Total Hours:  171.50

21.     During the Application Period, Chadbourne continued its focus on the potential

Cubs transaction.  Chadbourne reviewed and analyzed the various transaction materials

received from the Debtors.  Chadbourne reviewed the terms of certain draft agreements and

prepared a summary analysis of same.  In addition, Chadbourne reviewed the Debtors' motion

to continue the engagement of JPMorgan Securities as financial advisor with respect to the

Cubs transaction in order to ensure the terms were consistent with those previously agreed to by

the Committee.  In connection with the foregoing, Chadbourne participated in numerous

conferences and exchanged substantial correspondence with the Committee's professionals and

the Debtors' professionals.

**H.     Fee/Retention Applications (Matter 010)**

Fees: $48,884.50    Total Hours: 87.60

22.     During the Application Period, Chadbourne continued follow-up research on numerous outstanding issues related to the retention of various case professionals.  Numerous calls were held to resolve these issues.  Chadbourne also continued to monitor and follow-up on all outstanding professional retention issues raised by the U.S. Trustee.  Additionally, Chadbourne expended time finalizing the Committee's investment banker's (Moelis & Company) engagement letter and finalized and filed its retention application in connection therewith.  Further, at the request of the U.S. Trustee, Chadbourne prepared and filed a supplemental affidavit in connection with its retention.

23.     In compliance with monthly fee procedures, Chadbourne expended time in preparing and filing its first monthly fee application.  In addition, Chadbourne prepared and filed the first expense reimbursement request for members of the Committee.

24.     Further, Chadbourne expended time on the treatment of ordinary course professionals which included the review and analysis of affidavits to ensure qualifications were met and monitored spending and monthly caps in connection with same.

**I.**    **Plan and Disclosure Statement (Matter 011)**

  Fees:  $11,608.50 Total Hours:  13.50

  25. During the Application Period, Chadbourne attorneys began reviewing the

potential structure for a plan of reorganization and participated in a videoconference with the

Debtors thereon.

**J.**    **Executory Contracts (Matter 012)**

  Fees:  $2,929.00 Total Hours:  6.60

  26. During the Application Period, Chadbourne reviewed a further motion of the

Debtors to reject certain leases, reviewed an analysis of the lease terms provided by the

Committee's financial advisors and prepared a memorandum to the Committee with its

recommendations regarding same.

**K.**    **Employee Issues (Matter 014)**

  Fees:  $2,062.50 Total Hours:  2.50

  27. During the Application Period, Chadbourne further reviewed employee severance

and health plan continuation issues and participated in telephone conferences with Debtors'

counsel regarding same.

**L.**    **Relief From Stay Issues (Matter 015)**

  Fees:  $9,212.50 Total Hours:  23.70

  28. During the Application Period, two motions for relief from the automatic stay

were filed.  Chadbourne reviewed the motions, performed research on the relief requested, and

summarized its findings in a memorandum to the Committee.  In addition, Chadbourne began

research on options available to address personal injury lawsuits and certain other claims

against the Debtors in a global fashion.  Initial calls with Debtors' counsel here held to discuss

same.

**M.      Tax Issues (Matter 016)**

   Fees: $28,042.50    Total Hours:  $39.50

   29.      During the Application Period, Chadbourne continued its review and analysis of

tax issues in connection with maintaining the Company's ESOP/S-Corp tax structure through

reorganization. Chadbourne further reviewed certain related transaction structures, considered

their respective tax benefits and their significance to the disposition of certain assets.

**N.      Travel (Matter 018)**

   Fees: $412.50    Total Hours:  1.00

   30.      During the Application Period, Chadbourne attorneys spent time traveling to/from

Wilmington, Delaware to attend an omnibus hearing.  The hours reflect non-working travel

time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**O.      Review of Prepetition Financings (Matter 019)**

   Fees: $167,960.50    Total Hours:  334.10

   31.      During the Application Period, Chadbourne attorneys continued their

comprehensive review of the Debtors' prepetition financing documents and capital structure as

part of the Committee's review and analysis of certain potential challenges that could be

asserted with respect to certain of the Debtors' prepetition transactions.  In addition,

Chadbourne attorneys continue analyzing the legal standards and requirements of such potential

challenges and any possible defenses and other considerations related thereto.

## ACTUAL AND NECESSARY EXPENSES

32.     A summary of the actual and necessary expenses and daily logs of expenses

incurred by Chadbourne during the Application Period in the amount of $42,979.74 is attached

hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For

purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.  Also,

Chadbourne customarily charges its clients $1.25/per page for out-going facsimile

transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

33.     Due to the national nature of the Debtors' business and the Committee's

participation in weekly meetings by telephone, long distance telephone and conference call

services have been required.  In accordance with the Guidelines, in seeking reimbursement for

long distance telephone charges, Chadbourne currently charges clients its approximate actual

cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call

services and requests reimbursement only for the amount billed to Chadbourne by the third-

party vendors.

34.     With respect to legal research expenses, Chadbourne has entered into flat-fee

contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order

to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis

and Westlaw are allocated among those clients based on the actual number and scope of

searches conducted on behalf of those clients.

35.    With respect to filing fees, Chadbourne utilized the services of a professional registered agent company to research and retrieve UCC filings (federal and state tax liens, pending suits and judgments) in numerous states for various entities of the Debtors.  In seeking reimbursement for this outside professional service, Chadbourne requests reimbursement for the actual cost incurred.

36.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.  In connection with catering costs, Chadbourne hosted a Committee meeting (where the Committee's professionals were also in attendance) on February 12, 2009.

37.    In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional and secretarial overtime.

## VALUATION OF SERVICES

38.    Attorneys and paraprofessionals of Chadbourne have expended a total of 1,131.10 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $642,734.00.

39.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

40.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period February 1, 2009 through February 28, 2009:

(a) authorizing compensation in the amount of $642,734.00 (80% of which equals $514,187.20) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $42,979.74, for a total of $685,713.74; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    March 25, 2009
          Wilmington, Delaware

                                        CHADBOURNE & PARKE LLP

                                        By: _____
                                            Howard Seife
                                            A Member of the Firm

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

## VERIFICATION

STATE OF NEW YORK    :
                           :  ss:

COUNTY OF NEW YORK  :

       Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

       (a)     I am counsel with the applicant firm, Chadbourne & Parke LLP , and have been admitted to the bar of the State of New York since 1997.

       (b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

       (c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

                                       _____
                                       Douglas E. Deutsch

Sworn to before me this
25th day of March 2009

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010