**ATTACHMENT 6**

**AMENDMENT NO. 2 TO LETTER OF CREDIT AGREEMENT**

AMENDMENT NO. 2 TO LETTER OF CREDIT AGREEMENT

AMENDMENT NO. 2, dated as of March __, 2009 (this "Amendment"), to the Letter of Credit Agreement, as defined in the recitals below, among TRIBUNE COMPANY, a Delaware Corporation (the "Company"), the Debtor Subsidiaries (as that term is defined in said Letter of Credit Agreement), the Lenders (as so defined) that are parties hereto and BARCLAYS BANK PLC, as Post-Petition Agent and as Issuing Bank (in such capacities, respectively, the "Post-Petition Agent" and the "Issuing Bank").

W I T N E S S E T H :

WHEREAS, the Company, the Debtor Subsidiaries, the Lenders, the Post-Petition Agent and the Issuing Bank are parties to the Post-Petition Letter of Credit Agreement, dated as of December 8, 2008 (as amended by Amendment No. 1 to Letter of Credit Agreement, dated as of March 6, 2009, the "Letter of Credit Agreement"); and

WHEREAS, the Company, the Debtor Subsidiaries, the Lenders party hereto, the Post-Petition Agent and the Issuing Bank wish to amend the Letter of Credit Agreement pursuant to Section 11.1 thereof as set forth herein.

NOW, THEREFORE, the parties hereto hereby covenant and agree as follows:

ARTICLE I
DEFINITIONS

SECTION 1.1.  Certain Definitions.  The following terms when used in this Amendment shall have the following meanings (such meanings to be equally applicable to the singular and plural forms thereof):

"Amendment" is defined in the preamble.

"Company" is defined in the preamble.

"Issuing Bank" is defined in the preamble.

"Letter of Credit Agreement" is defined in the first recital.

"Post-Petition Agent" is defined in the preamble.

SECTION 1.2.  Other Definitions.  Capitalized terms for which meanings are provided in the Letter of Credit Agreement (as amended hereby) are, unless otherwise defined herein, used in this Amendment with such meanings.

ARTICLE II
AMENDMENTS TO LETTER OF CREDIT AGREEMENT

Subject to the satisfaction of the applicable conditions set forth in Article III, the provisions of the Letter of Credit Agreement referred to below are hereby amended in accordance with this Article II.

SECTION 2.1.  The Letter of Credit Agreement is hereby amended as follows:

SECTION 2.1.1.  Section 1.1 of the Letter of Credit Agreement is hereby amended by inserting the following definitions in the appropriate alphabetical order:

"Amended and Restated RLA means that certain Amended and Restated Receivables Loan Agreement, to be dated on or about April 10, 2009, among the Company, Tribune Receivables, LLC, certain entities from time to time parties thereto as lenders and Barclays Bank PLC, as administrative agent, as the same may be amended, supplemented, amended and restated or otherwise modified from time to time."

"Amendment No. 2 to Letter of Credit Agreement means that certain Amendment No. 2 to this Agreement, dated as of March __, 2009, among the Company, the Debtor Subsidiaries, the Lenders party hereto and Barclays, as Post-Petition Agent and Issuing Bank."

"RLA means (a) prior to execution of the Amended and Restated RLA, that certain Receivables Loan Agreement, dated as of July 1, 2008, among Tribune Receivables, LLC, the Company, certain Subsidiaries of the Company and Barclays Bank PLC, as Administrative Agent and (b) upon the execution of the Amended and Restated RLA, the Amended and Restated RLA."

"Second Financing Order means an order of the Bankruptcy Court entered on a final basis, in form and substance satisfactory to the Post-Petition Agent, and after notice given and a hearing conducted in accordance with Bankruptcy Rule 4001(c), no later than April 10, 2009, (a) authorizing the amendments contemplated in Amendment No. 2 to Letter of Credit Agreement, (b) authorizing the execution of the Amended and Restated RLA, (c) extending the existing modification of the automatic stay, inter alia, which order shall be in full force and effect and shall not have been stayed, reversed, vacated or otherwise modified without the prior written consent of the Required Lenders (subject to the proviso to Section 8.2.2)."

SECTION 2.1.2.  The following definition set forth in Section 1.1 of the Letter of Credit Agreement is hereby amended and restated in their entirety as follows:

"Termination Date means the earlier to occur of (a) April 10, 2010 or (b) such other date on which the Commitments terminate pursuant to Section 9."

SECTION 2.1.3.  Section 2.1 of the Letter of Credit Agreement is hereby amended by adding a new subsection (k) thereto as follows:

"(k)    The Company may, from time to time on any Business Day, voluntarily reduce the Commitment Amount on the Business Day so specified by the Company; provided that (i) all such reductions shall require at least three days' prior notice to the Post-Petition Agent and be permanent and (ii) any partial reduction of the Commitment Amount shall be in a minimum amount equal to the lesser of (A) $1,000,000 or an integral multiple of $250,000 in excess thereof and (B) the then aggregate unused portion of the Commitment."

SECTION 2.1.4.  Section 4.2 of the Letter of Credit Agreement is hereby amended and restated as follows:

"4.2    Fee Letter.  The Company agrees to pay to Barclays for its own account the fees described in a fee letter dated as of March __, 2009 from Barclays to the Company, in the amounts and otherwise as set forth in said fee letter."

SECTION 2.1.5.  Section 7 of the Letter of Credit Agreement is hereby amended by adding the following Section 7.6 in the appropriate numerical order:

"7.6    Amended and Restated RLA.  Enter into the Amended and Restated RLA by no later than April 10, 2009."

SECTION 2.1.6.  Section 9.1.8 of the Letter of Credit Agreement is hereby amended and restated in its entirety as follows:

"9.1.8  Second Financing Order.  The Second Financing Order shall not have been entered by the Bankruptcy Court on or before April 10, 2009; or from and after the date of entry thereof, the Second Financing Order shall cease to be in full force and effect (or shall have been vacated, stayed, reversed, modified or amended), in each case without the consent of the Required Lenders."

SECTION 2.2.  The following definitions set forth in Section 1.1 of the Letter of Credit Agreement are hereby amended and restated in their entirety as follows:

"Final Financing Order means that certain Final Order of the Bankruptcy Court, dated January 15, 2009, (1) authorizing the Debtors to guarantee an amended securitization facility and for certain Debtors to continue selling receivables and related rights pursuant thereto, (2) authorizing the Debtors to enter into a letter of credit facility, (3) modifying the automatic stay and (4) granting other related relief, each as subsequently amended, modified or supplemented from time to time."

"Financing Orders mean, collectively, the Interim Financing Order, the Final Financing Order and the Second Financing Order."

SECTION 2.3.  Section 2.1(iii) of the Letter of Credit Agreement is hereby amended and restated in its entirety and a new subsection (iv) is hereby added as follows:

"(iii)    each such Letter of Credit shall provide that it shall expire on a date no later than the first anniversary of the date of issuance of such Letter of Credit (or, in the

case of any renewal or extension thereof, no later than one year after such renewal or extension), or

      (iv)    any Letter of Credit which provides for automatic renewal upon the expiration date thereof shall provide that such automatic renewal or extension may be terminated by notice from the Issuing Bank to the beneficiary of such Letter of Credit not less than 60 days prior to the date of such renewal or extension."

SECTION 2.4.  The second sentence of Section 2.1 of the Letter of Credit Agreement is hereby deleted.

SECTION 2.5.  Section 2.1(h)(ii) of the Letter of Credit Agreement is hereby amended by adding after the parenthetical therein ", and the Issuing Bank agrees that Letters of Credit substantially in the form of Exhibit B hereto are satisfactory".

SECTION 2.6.  Section 6.2 of the Letter of Credit Agreement is hereby amended to replace the references therein to "Interim Financing Order (or the Final Financing Order, as applicable)" with "Second Financing Order".

SECTION 2.7.  Section 7.1.5 of the Letter of Credit Agreement is hereby amended by inserting the following directly after the word "available" in the first line thereof: "(which in the case of Budgets shall be not later than 1:00 p.m., New York time on every Friday)".[1]

SECTION 2.8.  Section 7.2 of the Letter of Credit Agreement is hereby amended to replace the reference therein to "Interim Financing Order (and, if entered, the Final Financing Order)" with "Financing Orders".

SECTION 2.9.  Section 8.2.2 of the Letter of Credit Agreement is hereby amended and restated in its entirety as follows:

      "8.2.2  Orders.  The Second Financing Order shall be in full force and effect and shall not have been vacated, stayed, reversed, modified or amended; provided that the Required Lenders may approve any amendment or modification to the Financing Orders (except that any amendment or modification to any Financing Order that would have the effect of revising provisions contained herein that require the consent of all of the Lenders pursuant to Section 11.1 hereof will require the consent of all of the Lenders)."

SECTION 2.10.  Section 8.2.3 of the Letter of Credit Agreement is hereby amended to replace the reference therein to "Interim Financing Order or the Final Financing Order (as applicable)" with "Second Financing Order".

SECTION 2.11.  Section 9.1.13 of the Letter of Credit Agreement is hereby amended to replace the reference therein to "(except as provided in the Final Financing Order)" with "(except as provided in the Financing Orders)".

---

[1] To be conformed to corresponding changes in RLA.

SECTION 2.12.  Section 9.1.17 of the Letter of Credit Agreement is hereby amended to add the following at the end thereof: ", or the Company shall have entered into a financing after the date hereof that provides for the refinancing of any advances made under the RLA."

SECTION 2.13.  The Letter of Credit is hereby amended by adding an Exhibit B thereto as set forth on Schedule I hereto.

ARTICLE III
CONDITIONS TO EFFECTIVENESS

SECTION 3.1.  The amendments set forth in Section 2.1 shall become effective on the date when the conditions set forth in this Section 3.1 have been completed to the satisfaction of the Post-Petition Agent.

SECTION 3.1.1.  The Post-Petition Agent shall have received counterparts hereof executed on behalf of the Company, the Debtor Subsidiaries, each Lender, the Post-Petition Agent and the Issuing Bank.

SECTION 3.1.2.  Barclays and the Company shall have entered into a fee letter (the "Fee Letter"), dated on or about March __, 2009.

SECTION 3.2.  The amendments set forth in Sections 2.2 through 2.13 shall become effective on the date when the conditions set forth Section 3.1 have been completed to the satisfaction of the Post-Petition Agent and the further conditions set forth in this Section 3.2 shall have been completed:

SECTION 3.2.1.  Barclays shall have received for its own account the fees described in the Fee Letter as being payable on the date the conditions set forth in Section 3.2 hereof are satisfied.

SECTION 3.2.2.  The Second Financing Order shall have been entered by the Bankruptcy Court.

ARTICLE IV
RETENTION OF RIGHTS, ETC.

SECTION 4.1.  Retention of Rights.  Neither the execution, delivery nor effectiveness of this Amendment shall operate as a waiver of any present or future Event of Default or Unmatured Event of Default.  As provided in Section 11.1 of the Letter of Credit Agreement, no failure on the part of any Lender or any Agent to exercise, and no delay in exercising, any right under the Letter of Credit Agreement shall operate as a waiver thereof; nor shall any single or partial exercise of any such right preclude any other or further exercise thereof or the exercise of any other right.

SECTION 4.2.  Full Force and Effect; Limited Waiver.  Except as expressly amended hereby, all of the representations, warranties, terms, covenants, conditions and other provisions of the Letter of Credit Agreement shall remain unchanged and shall continue to be, and shall remain, in full force and effect in accordance with their respective terms.  The amendments set

forth herein shall be limited precisely as provided for herein to the provision expressly amended herein and shall not be deemed to be amendments to, waivers of, consents to or modifications of any other term or provision of the Letter of Credit Agreement or of any transaction or further or future action on the part of the Company which would require the consent of the Lenders under the Letter of Credit Agreement.

SECTION 4.3. <u>Liens Unimpaired</u>. After giving effect to this Amendment, neither the modification of the Letter of Credit Agreement effected pursuant to this Amendment nor the execution, delivery, performance or effectiveness of this Amendment will impair the validity, effectiveness or priority of the Liens granted pursuant to the Letter of Credit Agreement, and such Liens will continue unimpaired with the same priority to secure repayment of all Obligations, whether heretofore or hereafter incurred.

ARTICLE V
MISCELLANEOUS

SECTION 5.1. <u>Representations and Warranties</u>. The Company represents and warrants the following:

(a)    after giving effect to this Amendment, no Event of Default or Unmatured Event of Default is continuing; and

(b)    each representation and warranty contained in Section 6 of the Letter of Credit Agreement is correct on and as of the date hereof (or, if stated to have been made as of an earlier date, was true and correct as of such earlier date).

SECTION 5.2. <u>Provision of Letter of Credit Agreement</u>. This Amendment shall (unless otherwise expressly indicated herein) be construed, administered and applied in accordance with all of the terms and provisions of the Letter of Credit Agreement, including Section 1.2 thereof.

SECTION 5.3. <u>Successors and Assigns</u>. This Amendment shall be binding upon and inure to the benefit of the parties hereto and to the Letter of Credit Agreement and their respective successors and permitted assigns.

SECTION 5.4. <u>Execution in Counterparts</u>. This Amendment may be executed by the parties hereto in several counterparts, each of which shall be an original and all of which shall constitute together but one and the same agreement.

SECTION 5.5. <u>Governing Law</u>. THIS AMENDMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK (NOT INCLUDING SUCH STATE'S CONFLICT OF LAWS PROVISIONS OTHER THAN SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW).

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Amendment as of the date first above written.

**TRIBUNE COMPANY**

By:_____
      Name:
      Title:

**BARCLAYS BANK PLC**, as Post-Petition Agent, as Issuing Bank and as a Lender

By:_____
      Name: Diane Rolfe
      Title: Director

**TRIBUNE PUBLISHING COMPANY**
as Debtor Subsidiary


By:_____
        Name:
        Title:

**TMLS I, INC.**
**SOUTHERN CONNECTICUT NEWSPAPERS, INC.**
as Debtor Subsidiaries


By:_____
        Name:
        Title:

**TIMES MIRROR LAND AND TIMBER COMPANY**
as Debtor Subsidiary


By:_____
        Name:
        Title:

**INSERTCO, INC.**
as Debtor Subsidiary


By:_____
        Name:
        Title:

17558558

**SHEPARD'S INC.**
**TIMES MIRROR SERVICES COMPANY, INC.**
**CANDLE HOLDINGS CORPORATION**
**DISTRIBUTION SYSTEMS OF AMERICA, INC.**
**EAGLE NEW MEDIA INVESTMENTS, LLC**
**EAGLE PUBLISHING INVESTMENTS, LLC**
**FORTIFY HOLDINGS CORPORATION**
**GREENCO, INC.**
**JULIUSAIR COMPANY, LLC**
**JULIUSAIR COMPANY II, LLC**
**STAR COMMUNITY PUBLISHING GROUP, LLC**
**NBBF, LLC**
**TIMES MIRROR PAYROLL PROCESSING**
      **COMPANY, INC.**
**TRIBUNE FINANCE, LLC**
**TRIBUNE FINANCE SERVICE CENTER, INC.**
**TRIBUNE LICENSE, INC.**
**TRIBUNE LOS ANGELES, INC.**
**TRIBUNE MANHATTAN NEWSPAPER**
      **HOLDINGS, INC.**
**TRIBUNE NEW YORK NEWSPAPER HOLDINGS,**
      **LLC**
**TRIBUNE NM, INC.**
**PUBLISHERS FOREST PRODUCTS CO. OF**
      **WASHINGTON**
**NEW RIVER CENTER MAINTENANCE**
      **ASSOCIATION, INC.**
**SIGNS OF DISTINCTION, INC.**
**TRIBUNE BROADCASTING HOLDCO, LLC**
as Debtor Subsidiaries


By:_____
      Name:
      Title:

*Amendment No. 2 to Letter of Credit Agreement*

**FORSALEBYOWNER.COM REFERRAL
    SERVICES, LLC
INTERNET FORECLOSURE SERVICE, INC.
CHICAGOLAND TELEVISION NEWS, INC.
TRIBUNE BROADCAST HOLDINGS, INC.
TRIBUNE TELEVISION HOLDINGS, INC.
WGN CONTINENTAL BROADCASTING
    COMPANY
WPIX, INC.
TRIBUNE TELEVISION NEW ORLEANS, INC.
KSWB INC.
KTLA INC.
TOWER DISTRIBUTION COMPANY
TRIBUNE TELEVISION NORTHWEST, INC.
TRIBUNE TELEVISION COMPANY
CHANNEL 40, INC.
CHANNEL 39, INC.
LOS ANGELES TIMES COMMUNICATIONS LLC
WDCW BROADCASTING, INC.
ORLANDO SENTINEL COMMUNICATIONS
    COMPANY
SUN-SENTINEL COMPANY
GOLD COAST PUBLICATIONS, INC.
FORUM PUBLISHING GROUP, INC.
THE DAILY PRESS, INC.
CHICAGO TRIBUNE COMPANY
THE BALTIMORE SUN COMPANY
THE HARTFORD COURANT COMPANY
THE MORNING CALL, INC.
435 PRODUCTION COMPANY
5800 SUNSET PRODUCTIONS INC.
BALTIMORE NEWSPAPER NETWORKS, INC.
CALIFORNIA COMMUNITY NEWS
    CORPORATION
CHANNEL 20, INC.
CHICAGO AVENUE CONSTRUCTION COMPANY
CHICAGO RIVER PRODUCTION COMPANY**
as Debtor Subsidiaries


By:_____
        Name:
        Title:

CHICAGO TRIBUNE NEWSPAPERS, INC.
CHICAGO TRIBUNE PRESS SERVICE, INC.
CHICAGOLAND MICROWAVE LICENSEE, INC.
CHICAGOLAND PUBLISHING COMPANY
COURANT SPECIALTY PRODUCTS, INC.
DIRECT MAIL ASSOCIATES, INC.
FORSALEBYOWNER.COM CORP.
HEART & CROWN ADVERTISING, INC.
HOMEOWNERS REALTY, INC.
HOMESTEAD PUBLISHING CO.
HOY, LLC
HOY PUBLICATIONS, LLC
KIAH INC.
KPLR, INC.
KWGN INC.
LOS ANGELES TIMES INTERNATIONAL, LTD.
LOS ANGELES TIMES NEWSPAPERS, INC.
MAGIC T MUSIC PUBLISHING COMPANY
NEOCOMM, INC.
NEW MASS. MEDIA, INC.
NEWSCOM SERVICES, INC.
NEWSPAPER READERS AGENCY, INC.
NORTH MICHIGAN PRODUCTION COMPANY
NORTH ORANGE AVENUE PROPERTIES, INC.
OAK BROOK PRODUCTIONS, INC.
PATUXENT PUBLISHING COMPANY
SENTINEL COMMUNICATIONS NEWS
        VENTURES, INC.
STEMWEB, INC.
THE OTHER COMPANY LLC
TMLH 2, INC.
TMS ENTERTAINMENT GUIDES, INC.
TOWERING T MUSIC PUBLISHING COMPANY
TRIBUNE BROADCASTING COMPANY
TRIBUNE BROADCASTING NEWS NETWORK,
        INC.
TRIBUNE CALIFORNIA PROPERTIES, INC.
TRIBUNE DIRECT MARKETING, INC.
TRIBUNE ENTERTAINMENT COMPANY
as Debtor Subsidiaries


By:_____
        Name:
        Title:

**TRIBUNE ENTERTAINMENT PRODUCTION
COMPANY
TRIBUNE MEDIA NET, INC.
TRIBUNE MEDIA SERVICES, INC.
TRIBUNE NETWORK HOLDINGS COMPANY
VALUMAIL, INC.
VIRGINIA COMMUNITY SHOPPERS, LLC
VIRGINIA GAZETTE COMPANIES, LLC
WATL, LLC
WCWN LLC
WLVI INC
WTXX INC.**
as Debtor Subsidiaries


By:_____
      Name:
      Title: