**EXHIBIT 1**

**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In the Matter of                          :   Chapter 11
                                          :
TRIBUNE COMPANY, et al.,[1]               :   Case No. 08-13141 (KJC)
                                          :
              Debtors.                    :   Jointly Administered
---------------------------------------------------------x

## ORDER (A) APPROVING AMENDMENTS TO SECURITIZATION FACILITY AND LETTER OF CREDIT FACILITY AND (B) MODIFYING THE FINAL ORDER PURSUANT TO SECTIONS 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) AND 365 OF THE BANKRUPTCY CODE (1) AUTHORIZING THE DEBTORS TO GUARANTEE AN AMENDED SECURITIZATION FACILITY AND FOR CERTAIN DEBTORS TO CONTINUE SELLING RECEIVABLES AND RELATED RIGHTS PURSUANT THERETO, (2) AUTHORIZING THE DEBTORS TO ENTER INTO A LETTER OF CREDIT FACILITY, (3) MODIFYING THE AUTOMATIC STAY, AND (4) GRANTING OTHER RELATED RELIEF

---

[1] "Debtors" means, collectively, Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspapers, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC; forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart & Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

17559799.8
CH1 4620603v.2

Upon the motion dated March 20, 2009 (the "Motion")[2] of the above-captioned Debtors seeking an order of this Court (A) modifying the Final Financing Order (as defined below) and (B) authorizing Tribune Company and the other Originators[3] to: (i) to enter into (a) an Amended and Restated Receivables Loan Agreement (as amended, supplemented or otherwise modified from time to time, the "ARRLA"), among Tribune Company, Tribune Receivables, LLC ("Tribune Receivables" or the "Buyer"); Barclays Bank PLC, in its capacities as Lender, and Administrative Agent (in all such capacities, and together with its successors in such capacities, the "RLA Agent"), and the other financial institutions from time to time party thereto as Lenders, (b) an Amended and Restated Receivables Purchase Agreement (as amended, supplemented or otherwise modified from time to time, the "ARRPA"), among Tribune Receivables, Tribune Company and the other Originators, and (c) an Amended and Restated Servicing Agreement (as amended, supplemented or otherwise modified from time to time, the "ARSA"), among Tribune Receivables, Tribune Company and the other Originators which, among other things: (x) reduce the Aggregate Commitment (as defined in the ARRLA) from $300,000,000 to up to $225,000,000 (consisting of an Aggregate Revolving Loan Commitment (as defined in the ARRLA) in the amount of [up to $75,000,000] and an Aggregate Term Commitment (as defined

---

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings assigned thereto in the Motion.

[3] "Originators" means, collectively, the following: Tribune Company, Chicagoland Television News, Inc., Tribune Broadcast Holdings, Inc., Tribune Interactive, Inc., Tribune Television Holdings, Inc., WGN Continental Broadcasting Company, WPIX, Inc., Tribune Television New Orleans, Inc., KSWB Inc., KTLA Inc., KIAH Inc., Tower Distribution Company, Tribune Television Northwest, Inc., Tribune Television Company, Channel 40, Inc., Channel 39, Inc., Los Angeles Times Communications LLC, WDCW Broadcasting, Inc., Orlando Sentinel Communications Company, Sun-Sentinel Company, Gold Coast Publications, Inc., Forum Publishing Group, Inc., The Daily Press, Inc., Chicago Tribune Company, The Baltimore Sun Company, The Hartford Courant Company and The Morning Call, Inc. At the time of this Motion, the Debtors and Barclays were actively working to add Debtor Tribune Media Services, Inc. as an Originator.

in the ARRLA) of [up to $150,000,000]), and (y) extend the Maturity Date (as defined in the ARRLA) of the Loans (as defined in the ARRLA) to the earliest to occur of (1) ____, 2010, (2) the effective date of a Chapter 11 plan of reorganization for Tribune Company, (3) the date on which a sale of all or substantially all of the assets of the Debtors is consummated under Section 363 of the Bankruptcy Code and (4) the date on which maturity of the Loans is accelerated pursuant to the terms of the ARRLA, (ii) authorizing Tribune Company and the other Debtors to guarantee certain of the obligations of Tribune Receivables under the Amended and Restated Securitization Agreements (as defined below), and execute an Amended and Restated Guaranty (as amended, supplemented or otherwise modified from time to time, the "ARG") in favor of the RLA Agent in connection therewith and to secure their obligations under the ARG and the Amended and Restated Securitization Agreements pursuant to an Amended and Restated Guaranty Security Agreement (as amended, supplemented or otherwise modified from time to time, the "ARGSA" and together with the ARRLA, the ARRPA, the ARSA, the ARG and the other Transaction Documents (as defined in the ARRLA), the "Amended and Restated Securitization Agreements"); (iii) authorizing Tribune Company and the other Debtors to enter into an Amendment No. 2 to Letter of Credit Agreement ("Amendment No. 2") which shall amend that certain Post-Petition Letter of Credit Agreement dated as of December 8, 2008 (as heretofore amended pursuant to Amendment No. 1 to Letter of Credit Agreement dated as of March 6, 2009, and as amended, supplemented or otherwise modified from time to time, the "Letter of Credit Agreement," and together with Amendment No. 2, and the Amended and Restated Securitization Agreements, the "Amended and Restated Financing Agreements") among Barclays Bank PLC, as administrative agent (in such capacity, the "LC Agent") and issuing bank (in such capacity, the "Issuing Bank") and a syndicate of other financial institutions

3

17559799.8

(including Barclays Bank PLC, the "Lenders") and the Debtors; (iv) scheduling a final hearing (the "Hearing") on the Motion to consider entry of a final order (this "Order") pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and granting other related relief; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having considered the Motion and all documents related thereto, and after due deliberation and sufficient cause appearing therefor; the Hearing having been held on April 9, 2009; and all objections or responses, if any, to the Motion having been withdrawn or overruled either prior to the Hearing, or at the Hearing; and upon the record of the Hearing:

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On December 11, 2008, this Court entered its Interim Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and For Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter Into a Letter of Credit Facility, (3) Modifying the Automatic Stay and (4) Granting Other Related Relief (the "Interim Financing Order").

3. On January 15, 2009, this Court entered its Final Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the

4

17559799.8

Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and For Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter Into a Letter of Credit Facility, (3) Modifying the Automatic Stay and (4) Granting Other Related Relief (the "Final Financing Order").

4.    By entering into the Amended and Restated Financing Agreements, the Debtors seek to extend and otherwise modify the financing authorized by the Final Financing Order (the "Existing Facilities") in order to assure sufficient available sources of working capital and financing to continue to carry on the operation of their businesses. Specifically, the Amended and Restated Securitization Agreements will permit the Originators to continue transferring the Receivables, the Related Security and the Collections (each as defined in the ARRLA and hereinafter, collectively, the "ARRPA Assets") to Tribune Receivables, allowing the Originators to continue their prepetition and postpetition practice of converting Receivables to cash as soon as possible to provide cash flow necessary for various business purposes. The Letter of Credit Agreement, as amended by Amendment No. 2, will permit Tribune Company to continue to obtain stand-by letters of credit necessary in the ordinary course of its, and certain of its subsidiaries', businesses. The Debtors' ability to maintain business relationships with their vendors, suppliers and customers, to pay their employees, to purchase and supply new inventory and otherwise finance their operations, is essential to the Debtors' continued viability. The Existing Facilities expire on or about April 10, 2009. Any interruption in the Existing Facilities would cause serious and irreparable harm to the Debtors' business operations and their estates which may include third parties declining to conduct business dealings with the Debtors. The preservation, maintenance and enhancement of the going concern value of the Debtors are of the

utmost significance and importance to a successful reorganization of the Debtors under Chapter 11 of the Bankruptcy Code.

5. Notice of the Hearing and the Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the official committee of unsecured creditors; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) the indenture trustees for the Debtors' prepetition notes; (viii) counsel to the administrative agent for the Debtors' Receivables Facility; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. Under the circumstances, such notice of the Hearing and the relief requested in the Motion complies with the requirements of Sections 102(1), 364(c) and 364(d) of the Bankruptcy Code and Rules 2002 and 4001(c) of the Bankruptcy Rules, and no further notice of, or hearing on, the Motion or this Order is necessary or required.

6. The terms and conditions of the Amended and Restated Financing Agreements, and each of the other instruments and agreements executed or to be executed in connection therewith are in the best interests of the Debtors and their estates, and the Debtors are expressly authorized and empowered to enter into the Amended and Restated Financing Agreements to which they are a party, each in substantially the form filed with this Court, and are further expressly authorized to perform and do all acts that may be required in connection with the Amended and Restated Financing Agreements. Upon execution and delivery thereof, each Amended and Restated Financing Agreements shall constitute valid and binding obligations of the Debtors, enforceable against each such Debtor in accordance with their respective terms. The terms and conditions of the Amended and Restated Financing Agreements have been

17559799.8

negotiated in good faith and at arm's length and the transfers made or to be made and the obligations incurred or to be incurred shall be deemed to have been made for fair or reasonably equivalent value and in good faith (and without intent to "hinder, delay or defraud any creditor" of the Debtors) as those terms are used in the Bankruptcy Code and the transactions contemplated thereunder shall be deemed to have been made in "good faith," as that term is used in the Bankruptcy Code.

Based upon the foregoing findings and conclusions, and upon the record made at the Hearing, and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED that:

7.    (a)    Except to the extent specifically modified pursuant to this Order, all of the terms, conditions, provisions, findings of fact and conclusions of law of the Final Financing Order and the documents and agreements approved pursuant thereto are hereby ratified and shall remain in full force and effect. All references in the Final Financing Order to each of the various Financing Agreements (as defined in the Final Financing Order) shall be deemed to refer to such agreements as they may be amended, amended and restated or otherwise modified by the Amended and Restated Financing Agreements. All references in the Final Financing Order to the RPA Assets shall be deemed to refer to the ARRPA Assets. Nothing in this Order shall (i) constitute a repayment or release of any indebtedness or obligations outstanding under the Financing Agreements, which indebtedness and obligations shall be evidenced by the Amended and Restated Financing Agreements, or (ii) release any guaranty thereof or collateral securing such indebtedness, obligations or guaranty, which collateral and guaranties shall secure and support indebtedness and obligations under the Amended and Restated Financing Agreements. No transfer of RPA Assets under the Financing Agreements shall be impaired by this Order.

17559799.8

(b) Paragraph 16 of the Final Financing Order is hereby amended to insert the phrase ", Trigger Event" immediately after each of the three appearances of the phrase "Facility Termination Event" in such paragraph.

(c) Paragraph 22 of the Final Financing Order is hereby amended (i) to add the phrase ", Trigger Event" immediately following the phrase "Facility Termination Event" in the third line of such paragraph, (ii) to add "LC" immediately following the word "and" and prior to the phrase "Cash Collateral" on the twelfth line of such paragraph, (iii) to add the following parenthetical: "(including, without limitation, delivery of notices to the account banks to hold all funds in such accounts during such five-day period)" immediately following the phrase "administrative holds" in the twenty-fourth line of such paragraph, and (iv) to replace the phrase "Event of Default" with the phrase "Trigger Event" on the twenty-seventh line of such paragraph.

(d) Paragraph 26 of the Final Financing Order is hereby deleted in its entirety and the following new paragraph is substituted therefor:

> "26. The stipulations, admissions and releases contained in Paragraph 3 and Paragraph 4 shall be binding on all parties in interest, including, without limitation, the official committee of unsecured creditors, and shall not be subject to challenge or modification in any respect."

8. The Amended and Restated Financing Agreements are hereby approved and Tribune Company and the other Debtors are expressly authorized and empowered (i) to execute and deliver the Amended and Restated Financing Agreements and all related documents and instruments to be executed and delivered in connection therewith, (ii) to make, execute and deliver all instruments and documents and perform all other acts (including, without limitation,

8

17559799.8

the perfection of Tribune Receivables' ownership interest in the ARRPA Assets) that may be required in connection with the Amended and Restated Financing Agreements and the transactions contemplated thereby and (iii) to comply with and perform all of the terms and conditions of the Amended and Restated Financing Agreements, in each case subject to the terms and conditions set forth therein and this Order.

9.  In the event of any inconsistency between the terms of this Order, on the one hand, and the terms of the Final Financing Order or the Amended and Restated Financing Agreements, on the other hand, the terms of this Order shall govern.

10. As is customary in commercial transactions of this nature, the Originators and Tribune Receivables, respectively, will be required and are hereby authorized and directed (without the necessity of any further application being made to or Order being obtained from this Court) to pay or reimburse Tribune Receivables, the RLA Agent, the LC Agent, the Issuing Bank and the Lenders and their respective affiliates and agents, respectively, for the payment of certain fees and expenses pursuant to the Amended and Restated Financing Agreements and the other Transaction Documents (the "Fees"). In addition, pursuant to the fee letters dated April [_], 2009 (the "Fee Letters"), Tribune Company has agreed and is hereby authorized and directed (without the necessity of any further application being made to, or Order being obtained from, this Court) to pay the fees referred to in the Fee Letters in consideration of the RLA Agent's and the LC Agent's respective services in structuring and negotiating the Amended and Restated Financing Agreements.

11. Pursuant to Bankruptcy Rules 6004(g), 6006(d), 9014, 9006(c) and 7062, this Order shall be an additional exception to Rule 62(a) of the Federal Rules of Civil Procedure. Specifically, pursuant to this Order, the ten day automatic stay periods of Bankruptcy Rules

9

17559799.8

6004(g) and 6006(d) are expressly inapplicable to this Order and the transactions including, without limitation, transfers contemplated hereby, and accordingly, this Order shall become operative immediately upon entry on the docket.

Dated: Wilmington, Delaware
April ___, 2009

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE