```
                  UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE


IN RE:                           )  Case No. 08-13141(KJC)
                                 )  (JOINTLY ADMINISTERED)
TRIBUNE COMPANY, et al.,         )  Chapter 11
                                 )
                                 )  Courtroom 5
                                 )  824 Market Street
                    Debtors.     )  Wilmington, Delaware 19801
                                 )
                                 )  March 25, 2009
                                 )  3:06 P.M.

              TRANSCRIPT OF OMNIBUS HEARING
           BEFORE HONORABLE KEVIN J. CAREY
          UNITED STATES CHIEF BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:        Cole Schotz Meisel, Forman
                        & Leonard, P.A.
                        By:  J. KATE STICKLES, ESQ.
                        1000 N. West Street, Suite 1200
                        Wilmington, Delaware 19801

                        Sidley Austin LLP
                        By:  KENNETH P. KANSA, ESQ.
                        One South Dearborn
                        Chicago, Illinois 60603

For Zurich American     Morris James, LLP
Insurance Company:      By:  JEFF WAXMAN, ESQ.
                        500 Delaware Avenue, Suite 1500
                        P.O. Box 2306
                        Wilmington, Delaware 19899-2306


ECRO:                   AL LUGANO

TRANSCRIPTION SERVICE:  TRANSCRIPTS PLUS, INC.
                        435 Riverview Circle
                        New Hope, Pennsylvania 18938
                        Telephone:  215-862-1115
                        Facsimile:  215-862-6639
                        e-mail CourtTranscripts@aol.com
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
APPEARANCES:
(Continued)

For Greatbanc:          Womble Carlyle Sandridge & Rice, PLLC
                        By:  JOHN STROCK, ESQ.
                        222 Delaware Avenue, Suite 1501
                        Wilmington, Delaware 19801

For J.P. Morgan:        Richards Layton & Finger, PA
                        By: T. MAX RIFFIN, ESQ.
                        One Rodney Square, P.O. Box 551
                        Wilmington, Delaware 19899

For Barclays:           Edwards Angell Palmer & Dodge LLP
                        By:  R. CRAIG MARTIN, ESQ.
                        919 North Market Street
                        Wilmington, Delaware 19801

For Jon Van Senus:      Elliott Greenleaf
                        By:  RAFAEL X. ZAHRALDDIN, ESQ.
                        1000 West Street, Suite 1440
                        Wilmington, Delaware 19801

For Creditors'          Landis Rath & Cobb LLP
Committee:              By:  MATTHEW MCGUIRE, ESQ.
                        919 Market Street, Suite 1800
                        Wilmington, Delaware 19801

                        Chadbourne & Parke LLP
                        By:  DOUGLAS E. DEUTSCH, ESQ.
                        30 Rockefeller Plaza
                        New York, New York 10112

The U.S. Trustee:       United States Department of Justice
                        Office of the U.S. Trustee
                        By:  JOSEPH J. McMAHON, JR., ESQ.
                        844 King Street
                        Wilmington, Delaware 19899

TELEPHONIC APPEARANCES:

For the Debtor:         Sidley Austin, LLP
                        By:  D'LISA BERGERON, ESQ.
                             BRYAN KRAKAUER, ESQ.
                             KEVIN LANTRY, ESQ.
```

```
TELEPHONIC APPEARANCES:
(Continued)

For the Debtor:          Tribune Company
                         By:   CHANDLER BIGELOW
                               DAVID ELDERVELD
                               NILS LARSEN
                               DON LIEBENTRITT

For David Yadegar:       DAVID J. YADEGAR, Pro Se

For Travelers Insurance: Berger & Wolen, LLP
                         By:   GARY A. BRESEE, ESQ.
```

1        THE COURT:  Good afternoon, all.

2        MS. STICKLES:  Good afternoon, Your Honor.  Kate
3   Stickles on behalf of the Tribune Company and its affiliated
4   debtors.

5        Also on behalf of the debtors this afternoon is
6   present Kenneth Kansa from Sidley Austin.

7        Your Honor, an amended agenda was filed late this
8   morning, which reflects that Agenda Items 1 through 3 are
9   adjourned to the August 9 hearing.

10       The Court has entered orders with respect to Agenda
11  Items 4 through 7.

12       A certification of counsel was filed this morning
13  with respect to Agenda Item Number 8.

14       The remaining two items on the agenda are Items 9 and
15  10.  They are going forward.  And Mr. Kansa is here to address
16  the Court.

17       THE COURT:  All right.  Just with respect to Number
18  8, I did get the certification.  I did not sign the order only
19  because it came in so recently, meaning the hearing is coming
20  up, and just would ask if anyone would like to be heard in
21  connection with that motion.

22            (No audible response heard)

23       THE COURT:  All right.  Then I'll act on the order --

24       MS. STICKLES:  Thank you, Your Honor.

25       THE COURT:  -- as it was submitted.

1            MS. STICKLES:  Thank you.

2            MR. KANSA:  Good afternoon, Your Honor.  Ken Kansa of
3    Sidley Austin on behalf of the debtors.

4            The only two items that are remaining on the agenda,
5    as Ms. Stickles said, are Items 9 and 10.  I believe that both
6    are resolved at this point.  And we have forms of order that we
7    can submit to the Court today.

8            Item 9 is the debtors' motion to extend the time to
9    assume or reject nonresidential real property leases pursuant
10   to Section 365(d)(4).  There was one objection filed to that
11   motion.  That objection was consensually resolved.  And the
12   party filed a withdraw of their objection on Monday.

13           We are submitting a revised form of order with
14   respect to this motion because the debtors learned recently of
15   a category of additional leases which are transmitter and
16   broadcast tower leases that were not covered by the notice of
17   the original motion.

18           What we would propose with respect to this order,
19   Judge, is that we would have the order entered on an interim
20   basis as to those parties.  We will provide them with notice of
21   the motion, and with the -- and of the order.  And we will
22   provide them a new period in which to object to the motion and
23   the order.

24           If they do not so, the order -- if they do not so
25   object, the order will become final as to them.

1          If they do object, we would calendar that objection
2  for the April 30 hearing.
3          THE COURT:  All right.  Let me ask if anyone else
4  cares to be heard in connection with this motion.
5                  (No audible response heard)
6          THE COURT:  I hear no response.  I'm okay with that
7  process so long as what you're proposing provides that upon an
8  objection, it would be as if -- if the objector prevails, no
9  order had been entered with respect to that objector.  Do you
10 understand what I mean?
11         MR. KANSA:  I do, Your Honor.  I think if the
12 objector prevails, and is seeking rejection of their lease at
13 that point, the net result, I agree with the Court, it gets to
14 the same place.
15         THE COURT:  Okay.
16         MR. KANSA:  The lease would be deemed rejected.
17         THE COURT:  All right.  Thank you.
18         MR. KANSA:  And, Your Honor, I have revised forms of
19 order if I may approach?
20         THE COURT:  You may.  Thank you.
21                          (Pause)
22         THE COURT:  That order has been signed.
23         MR. KANSA:  Thank you, Your Honor.  That brings us to
24 Item 10 on today's agenda, which is the motion of Jon Van Senus
25 for relief from the automatic stay.  I'll cede the podium to

1 counsel for Van Senus in just a moment, but wanted to provide
2 just a brief background for the Court about this motion and the
3 debtors' agreement with respect to entering into an agreed
4 order with respect to the motion.
5          THE COURT:  All right.
6          MR. KANSA:  The motion -- this particular motion to
7 lift the stay is unusual in that this relates to a prepetition
8 settlement that is fully liquidated, and where two of the
9 debtors' insurers have agreed already to pay certain amounts to
10 settle the underlying claim.
11          The debtors and Zurich had initially objected to the
12 relief requested on -- for a number of reasons, and were really
13 looking to extend the time in which the parties could try and
14 resolve and work out an agreed order.  We have been able to do
15 that.  And the key element of being able to do that from the
16 perspective of the debtors has been that our understanding is
17 that this results in no net immediate economic impact on the
18 debtors' estates.
19          Pursuant to the form of proposed order, Zurich will
20 make a payment to the claimant of $2.4 million.  The insurer
21 sitting above them, Travelers, will make a payment to the
22 claimant of $3 million.
23          The issues relating to the remaining 600,000 of the
24 settlement amount, which relates to the unexhausted deductible
25 amount relating to this claim, those will be put essentially in

1  abeyance for a time.  Won't be addressed today.  And will be
2  addressed either through a future agreement by the parties, or
3  a future order of the Court, as it may be.
4         The difference between the 5 million that had
5  originally been agreed or originally been asked for by the
6  claimant in the motion, and the 5.4 million that is reflected
7  in the agreed order relates to the understanding that both the
8  debtors and, I understand, Zurich have that the -- there had
9  been approximately $400,000 in defense costs expenses with
10 respect to this claim to date.  That amount has eroded the
11 deductible, so there's only 600,000 left.  And so an additional
12 400,000 payment could be made from Zurich without having a net
13 economic impact on the estate today.
14         So, this is an unusual circumstance, but we have
15 worked well, and I believe we now have confirmation from both
16 insurers and from Mr. Van Senus that the form of order is
17 agreed.
18         And with that, I'll turn the podium over to Mr. Van
19 Senus's counsel
20         THE COURT:  Thank you.
21         MR. ZAHRALDDIN:  Good afternoon, Your Honor.  Rafael
22 Zahralddin from Elliott Greenleaf for Mr. Van Senus.
23         Mr. Kansa did a lot of good service to my client
24 there, I'm not going to have to do much.  He covered the
25 salient points, and he's covered our negotiations to date.

1        Although Travelers did not file a formal objection,
2   we did talk to them and responded to their informal concerns.
3   And they also have agreed to this form of order.
4        I have a black line, and also a clean copy, if I can
5   approach, if Your Honor wants to look at it and then ask some
6   questions.  And I believe that Ed Susolik of the Callahan firm
7   out in Orange County is available on the line, should you have
8   any questions.
9        And we also would ask one favor of Your Honor.  If we
10  could get the order -- if you approve it, if we could get the
11  order entered sometime today to provide some sort of order to
12  the caretakers of Mr. Van Senus so that he's not evicted from
13  his managed care, that would be very helpful to us.
14       May I approach, Your Honor?
15       THE COURT:  Certainly.  Thank you.
16                       (Pause)
17       THE COURT:  All right. Does anyone else care to be
18  heard in connection with this motion?
19       MR. DEUTSCH:  Good afternoon, Your Honor.  Doug
20  Deutsch from Chadbourne & Parke on behalf of the Official
21  Committee of Unsecured Creditors.
22       Your Honor, I just wanted to let Your Honor know that
23  the Committee has no objection to the entry of this order.
24  We've carefully reviewed it, and have been involved in the
25  process with Mr. Kansa and the other lift stay motions.  Again,

1 this is a different and -- and -- significantly different lift
2 stay motion than the others that were filed.  And we will work
3 with the debtors to move forward with respect to the other lift
4 stay motions and the -- a global approach, if you will, to any
5 other personal injury or other claimants that file lift stay
6 motions and other claims against the estates.
7          THE COURT:  Thank you.  Does anyone else care to be
8 heard?
9          MR. WAXMAN:  Good afternoon, Your Honor.  Jeff Waxman
10 of Morris James on behalf of Zurich.
11          Your Honor, the order that's been presented is the
12 subject of significant negotiations between the parties, and
13 Zurich consents to the entry of the order.
14          THE COURT:  All right.  Thank you.
15          MR. WAXMAN:  Thank you.
16          THE COURT:  Anyone else care to be heard?
17          MR. BRESEE:  Your Honor?
18          THE COURT:  Yes.
19          MR. BRESEE:  This is Gary Bresee representing
20 Travelers.
21          THE COURT:  Yes.
22          MR. BRESEE:  And the latest version of the order as
23 worded was fine with us, as well.
24          THE COURT:  All right.  Thank you.
25          Anyone else care to be heard?

```
 1            (No audible response heard)
 2        THE COURT:  I hear no further response.  I have no
 3 questions.  All I will add is that as described in the papers,
 4 the movant's circumstances here are certainly compelling.  So,
 5 the parties, I think, are to be congratulated for making this
 6 resolution.  I think it's entirely appropriate under the
 7 circumstances.  And, therefore, will sign the order.  It will
 8 be docketed today.
 9        UNIDENTIFIED ATTORNEY:  I appreciate it.  Thank you,
10 Your Honor.
11        THE COURT:  Is there anything further for today?
12        MR. KANSA:  No, Your Honor.  I believe that brings us
13 to the end of the agenda.  We have nothing further.
14        THE COURT:  All right.  Thank you, all, very much.
15 That concludes this hearing.  Court will stand in recess.
16      (Whereupon, at 3:18 P.M. the hearing was adjourned.)
```

17                         CERTIFICATE
18
19    I certify that the foregoing is a correct transcript from
20 the electronic sound recording of the proceedings in the
21 above-entitled matter.
22
23  /s/ Karen Hartmann                   Date:  April 1, 2009
24 TRANSCRIPTS PLUS, INC.
25

**$**
**$2.4-** 7:20
**$3-** 7:22
**$400,000-** 8:9

**&**
**&-** 9:20

**/**
**/S/-** 11:23

**1**
**1-** 4:8 11:23
**10-** 4:15 5:5 6:24

**2**
**2009-** 11:23

**3**
**3-** 4:8
**30-** 6:2
**365D4-** 5:10
**3:18-** 11:16

**4**
**4-** 4:11
**400,000-** 8:12

**5**
**5-** 8:4
**5.4-** 8:6

**6**
**600,000-** 7:23 8:11

**7**
**7-** 4:11

**8**
**8-** 4:13,18

**9**
**9-** 4:9,14 5:5,8

**A**
**ABEYANCE-** 8:1
**ABLE-** 7:14,15
**ABOVE-** 7:21
**ACT-** 4:23
**ADD-** 11:3
**ADDITIONAL-** 5:15 8:11
**ADDRESS-** 4:15
**ADDRESSED-** 8:1,2
**ADJOURNED-** 4:9 11:16
**AFFILIATED-** 4:3
**AFTERNOON-** 4:1,2,5 5:2 8:21 9:19 10:9
**AGAINST-** 10:6
**AGENDA-** 4:7,8,10,13,14 5:4 6:24 11:13
**AGREE-** 6:13
**AGREED-** 7:3,9,14 8:5,7,17 9:3

**AGREEMENT-** 7:3 8:2
**AMENDED-** 4:7
**AMOUNT-** 7:24,25 8:10
**AMOUNTS-** 7:9
**APPRECIATE-** 11:9
**APPROACH-** 6:19 9:5,14 10:4
**APPROPRIATE-** 11:6
**APPROVE-** 9:10
**APPROXIMATELY-** 8:9
**APRIL-** 6:2 11:23
**ASSUME-** 5:9
**ATTORNEY-** 11:9
**AUGUST-** 4:9
**AUSTIN-** 4:6 5:3
**AUTOMATIC-** 6:25
**AVAILABLE-** 9:7

**B**
**BACKGROUND-** 7:2
**BASIS-** 5:20
**BECOME-** 5:25
**BETWEEN-** 8:4 10:12
**BLACK-** 9:4
**BOTH-** 5:5 8:7,15
**BRESEE-** 10:17,19,22
**BRIEF-** 7:2
**BRINGS-** 6:23 11:12
**BROADCAST-** 5:16

**C**
**CALENDAR-** 6:1
**CALLAHAN-** 9:6
**CAN-** 5:7 9:4
**CARE-** 9:13,17 10:7,16,25
**CAREFULLY-** 9:24
**CARES-** 6:4
**CARETAKERS-** 9:12
**CATEGORY-** 5:15
**CEDE-** 6:25
**CERTAIN-** 7:9
**CERTAINLY-** 9:15 11:4
**CERTIFICATE-** 11:17
**CERTIFICATION-** 4:12,18
**CERTIFY-** 11:19
**CHADBOURNE-** 9:20
**CIRCUMSTANCE-** 8:14
**CIRCUMSTANCES-** 11:4,7
**CLAIM-** 7:10,25 8:10
**CLAIMANT-** 7:20,22 8:6
**CLAIMANTS-** 10:5
**CLAIMS-** 10:6
**CLEAN-** 9:4
**COMING-** 4:19
**COMMITTEE-** 9:21,23
**COMPANY-** 4:3
**COMPELLING-** 11:4
**CONCERNS-** 9:2
**CONCLUDES-** 11:15
**CONFIRMATION-** 8:15
**CONGRATULATED-** 11:5
**CONNECTION-** 4:21 6:4 9:18
**CONSENSUALLY-** 5:11
**CONSENTS-** 10:13
**COPY-** 9:4
**CORRECT-** 11:19
**COSTS-** 8:9
**COUNSEL-** 4:12 7:1 8:19
**COUNTY-** 9:7
**COVERED-** 5:16 8:24,25
**CREDITORS-** 9:21

**D**
**DATE-** 8:10,25 11:23
**DEBTORS-** 4:4,5 5:3,14 7:11,16 8:8 10:3
**DEBTORS'-** 5:8 7:3,9,18
**DEDUCTIBLE-** 7:24 8:11
**DEEMED-** 6:16
**DEFENSE-** 8:9
**DESCRIBED-** 11:3
**DEUTSCH-** 9:19,20
**DIFFERENCE-** 8:4
**DIFFERENT-** 10:1
**DOCKETED-** 11:8
**DOUG-** 9:19

**E**
**ECONOMIC-** 7:17 8:13
**ED-** 9:6
**ELECTRONIC-** 11:20
**ELEMENT-** 7:15
**ELLIOTT-** 8:22
**ENTERED-** 4:10 5:19 6:9 9:11
**ENTERING-** 7:3
**ENTIRELY-** 11:6
**ENTRY-** 9:23 10:13
**ERODED-** 8:10
**ESSENTIALLY-** 7:25
**ESTATE-** 8:13
**ESTATES-** 7:18 10:6
**EVICTED-** 9:12
**EXPENSES-** 8:9

**F**
**FAVOR-** 9:9
**FILE-** 9:1 10:5
**FILED-** 4:7,12 5:10,12 10:2
**FINAL-** 5:25

**FINE-** 10:23
**FIRM-** 9:6
**FOREGOING-** 11:19
**FORM-** 5:13 7:19 8:16 9:3
**FORMAL-** 9:1
**FORMS-** 5:6 6:18
**FORWARD-** 4:15 10:3
**FULLY-** 7:8
**FURTHER-** 11:2,11,13
**FUTURE-** 8:2,3

**G**
**GARY-** 10:19
**GET-** 4:18 9:10
**GETS-** 6:13
**GLOBAL-** 10:4
**GOING-** 4:15 8:24
**GOOD-** 4:1,2 5:2 8:21,23 9:19 10:9
**GREENLEAF-** 8:22

**H**
**HE'S-** 8:25 9:12
**HEAR-** 6:6 11:2
**HEARD-** 4:20,22 6:4,5 9:18 10:8,16,25 11:1
**HEARING-** 4:9,19 6:2 11:15,16
**HELPFUL-** 9:13

**I**
**IMMEDIATE-** 7:17
**IMPACT-** 7:17 8:13
**INC-** 11:24
**INFORMAL-** 9:2
**INITIALLY-** 7:11
**INJURY-** 10:5
**INSURER-** 7:20
**INSURERS-** 7:9 8:16
**INTERIM-** 5:19
**ISSUES-** 7:23
**IT'S-** 11:6
**ITEM-** 4:13 5:8 6:24
**ITEMS-** 4:8,11,14 5:4,5

**J**
**JAMES-** 10:10
**JEFF-** 10:9
**JON-** 6:24
**JUDGE-** 5:19

**K**
**KANSA-** 4:6,15 5:2 6:11,16,18,23 7:6 8:23 9:25 11:12
**KATE-** 4:2
**KEN-** 5:2
**KENNETH-** 4:6
**KEY-** 7:15

**L**
**LATE-** 4:7

**LATEST-** 10:22
**LEARNED-** 5:14
**LEASE-** 6:12,16
**LEASES-** 5:9,15,16
**LEFT-** 8:11
**LIFT-** 7:7 9:25 10:1,3,5
**LINE-** 9:4,7
**LIQUIDATED-** 7:8
**LONG-** 6:7
**LOOK-** 9:5
**LOOKING-** 7:13
**LOT-** 8:23

**M**
**MAKING-** 11:5
**MANAGED-** 9:13
**MATTER-** 11:21
**MILLION-** 7:20,22 8:4,6
**MONDAY-** 5:12
**MORNING-** 4:8,12
**MORRIS-** 10:10 5:8,11,14,17,21,22
**MOTION-** 4:21 6:4,24 7:2,4,6 8:6 9:18 10:2
**MOTIONS-** 9:25 10:4,6
**MOVANT'S-** 11:4
**MOVE-** 10:3
**MUCH-** 8:24 11:14

**N**
**NEGOTIATIONS-** 8:25 10:12
**NET-** 6:13 7:17 8:12
**NEW-** 5:22
**NONRESIDENTIAL-** 5:9
**NOTICE-** 5:16,20

**O**
**OBJECT-** 5:22,25 6:1
**OBJECTED-** 7:11
**OBJECTION-** 5:10,11,12 6:1,8 9:1,23
**OBJECTOR-** 6:8,9,12
**OFFICIAL-** 9:20
**ONE-** 5:10 9:9
**ORANGE-** 9:7 5:6,13,18,19,21,23,24,25
**ORDER-** 4:18,23 6:9,19,22 7:4,14,19 8:3,7,16 9:3,10,11,23 10:11,13,22 11:7
**ORDERS-** 4:10
**ORIGINAL-** 5:17
**ORIGINALLY-** 8:5

| P | REVISED- 5:13 6:18 | 7:19,21,25 8:1 10:2,4 11:3,7,15 | | |
|---|---|---|---|---|
| **PAPERS-** 11:3 | | **WITHDRAW-** 5:12 | | |
| **PARKE-** 9:20 | S | **WON'T-** 8:1 | | |
| **PARTICULAR-** 7:6 | **SALIENT-** 8:25 | **WORDED-** 10:23 | | |
| **PARTIES-** 5:20 7:13 8:2 10:12 11:5 | **SEEKING-** 6:12 **SENUS-** 6:24 7:1 8:16,22 9:12 | **WORK-** 7:14 10:2 **WORKED-** 8:15 | | |
| **PARTY-** 5:12 | **SENUS'S-** 8:19 | Y | | |
| **PAUSE-** 6:21 9:16 | **SERVICE-** 8:23 | **YOU'RE-** 6:7 | | |
| **PAY-** 7:9 | **SETTLE-** 7:10 | | | |
| **PAYMENT-** 7:20,21 8:12 | **SETTLEMENT-** 7:8,24 | Z **ZAHRALDDIN-** | | |
| **PERIOD-** 5:22 | **SIDLEY-** 4:6 5:3 | 8:21,22 | | |
| **PERSONAL-** 10:5 | **SIGN-** 4:18 11:7 | | | |
| **PERSPECTIVE-** 7:16 | **SIGNED-** 6:22 | | | |
| **PLACE-** 6:14 | **SIGNIFICANT-** 10:12 | | | |
| **PM-** 11:16 | | | | |
| **PODIUM-** 6:25 8:18 | **SIGNIFICANTLY-** 10:1 | | | |
| **POINTS-** 8:25 | **SITTING-** 7:21 | | | |
| **PREPETITION-** 7:7 | **SOUND-** 11:20 | | | |
| **PRESENT-** 4:6 | **STAND-** 11:15 | | | |
| **PRESENTED-** 10:11 | **STAY-** 6:25 7:7 9:25 10:2,4,5 | | | |
| **PREVAILS-** 6:8,12 | **STICKLES-** 4:2,3,24 5:1,5 | | | |
| **PROCEEDINGS-** 11:20 | **SUBMITTED-** 4:25 | | | |
| **PROCESS-** 6:7 9:25 | **SUBMITTING-** 5:13 | | | |
| **PROPERTY-** 5:9 | **SUSOLIK-** 9:6 | | | |
| **PROPOSE-** 5:18 | | | | |
| **PROPOSED-** 7:19 | T | | | |
| **PROPOSING-** 6:7 | **THEREFORE-** 11:7 | | | |
| **PROVIDE-** 5:20,22 7:1 9:11 | **TIME-** 5:8 7:13 8:1 | | | |
| **PROVIDES-** 6:7 | **TODAY-** 5:7 8:1,13 9:11 11:8,11 | | | |
| **PURSUANT-** 5:9 7:19 | **TODAY'S-** 6:24 | | | |
| | **TOWER-** 5:16 | | | |
| Q | **TRANSCRIPT-** 11:19 | | | |
| **QUESTIONS-** 9:6,8 11:3 | **TRANSCRIPTS-** 11:24 | | | |
| | **TRANSMITTER-** 5:15 | | | |
| R | **TRAVELERS-** 7:21 9:1 10:20 | | | |
| **RAFAEL-** 8:21 | **TRIBUNE-** 4:3 | | | |
| **REASONS-** 7:12 | **TURN-** 8:18 | | | |
| **RECENTLY-** 4:19 5:14 | **TWO-** 4:14 5:4 7:8 | | | |
| **RECORDING-** 11:20 | | | | |
| **REFLECTED-** 8:6 | U | | | |
| **REFLECTS-** 4:8 | **UNDERLYING-** 7:10 | | | |
| **REJECT-** 5:9 | **UNDERSTANDING-** 7:16 8:7 | | | |
| **REJECTED-** 6:16 | **UNEXHAUSTED-** 7:24 | | | |
| **REJECTION-** 6:12 | **UNIDENTIFIED-** 11:9 | | | |
| **RELIEF-** 6:25 7:12 | **UNSECURED-** 9:21 | | | |
| **REMAINING-** 4:14 5:4 7:23 | **UNUSUAL-** 7:7 8:14 | | | |
| **REQUESTED-** 7:12 | | | | |
| **RESOLUTION-** 11:6 | V | | | |
| **RESOLVE-** 7:14 | **VAN-** 6:24 7:1 8:16,18,22 9:12 | | | |
| **RESOLVED-** 5:6,11 | **VERSION-** 10:22 | | | |
| **RESPECT-** 4:10,13,17 5:14,18 6:9 7:3,4 8:10 10:3 | W | | | |
| **RESPONDED-** 9:2 | **WANTS-** 9:5 | | | |
| **RESPONSE-** 4:22 6:5,6 11:1,2 | **WAXMAN-** 10:9,15 **WHEREUPON-** 11:16 | | | |
| **RESULT-** 6:13 | **WILL-** 5:20,21,25 | | | |
| **RESULTS-** 7:17 | | | | |
| **REVIEWED-** 9:24 | | | | |