# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: April 24, 2009 at 11:00 a.m.**<br>**Objection Deadline: April 17, 2009 at 4:00 p.m.** |

## MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO PROVIDE ANY REMAINING MEDICAL BENEFITS TO EMPLOYEES TERMINATED PRIOR TO THE POSTPETITION SEVERANCE POLICY

Tribune Company and most of its wholly-owned subsidiaries, each of which is a debtor and debtor in possession herein (each a "Debtor" and, collectively, the "Debtors"), hereby file this Motion (the "Motion") for entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing, the Debtors to provide any remaining

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5495484v1

medical benefits to employees terminated prior to the Court-approval of the postpetition severance policy through the end of their respective severance periods. There are an estimated 133 former employees whose severance periods have not yet expired and who are still entitled to continuing medical benefits. The total cost of providing the medical benefits requested herein to these former employees is approximately $213,407.

The facts and circumstances supporting this Motion are set forth in the Affidavit of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company, in support of the Motion (the "Bigelow Affidavit"). A copy of the Bigelow Affidavit is attached hereto as Exhibit B. In further support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE

1.  On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3.  On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Creditors Committee").

## JURISDICTION

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code.

## BACKGROUND

5. Prior to the Petition Date and in the ordinary course of business, the Debtors provided employees that were terminated without cause (the "Terminated Employees") with severance payments based on the number of years of employment (the "Severance Period"). The Debtors also customarily provided Terminated Employees with continued medical and dental benefits (the "Medical Benefits") during their respective Severance Periods.

6. On December 10, 2008, this Court entered an Order granting various relief requested in the Debtors' first-day wage motion (the "First-Day Wage Order") (Docket No. 53), including authorization for the Debtors to provide Medical Benefits for Terminated Employees until the earlier of (i) 90 days after the Petition Date, ending on March 8, 2009, and (i) the expiration of their individual Severance Periods.

7. On March 5, 2009, this Court entered an order (the "Medical Benefits Order") (Docket No. 474) extending the Debtors' authority to provide Medical Benefits for Terminated Employees until the earlier of (i) the Hearing to be held on April 15, 2009, and (ii) the expiration of their individual Severance Periods.

8. The April 15 Hearing was subsequently postponed until April 24, 2009 and, to prevent any lapse in health coverage, the Debtors requested an interim extension of the Medical Benefits for Terminated Employees (the "Second Medical Benefits Motion") until the earlier of (i) the Hearing to be held on April 24, 2009, and (ii) the expiration of their individual Severance Periods.

9. Even if the Court grants this Second Medical Benefits Motion during the omnibus hearing on April 9, 2009, the Medical Benefits to Terminated Employees will be suspended on April 24, 2009. As of that date, there will be approximately 133 Terminated

Employees whose Severance Periods have not yet lapsed and who are otherwise entitled to continuing Medical Benefits.

10. The Debtors request authority to provide these 133 Terminated Employees with their remaining Medical Benefits through the expiration of their Severance Periods. The total cost for completing the Medical Benefits is approximately $213,407.

### RELIEF REQUESTED

11. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing, but not directing, the Debtors to provide Medical Benefits to Terminated Employees through the expiration of their individual Severance Periods. The total expense for these Medical Benefits to Terminated Employees is approximately $213,407.

12. The Creditors Committee supports the provision of any remaining Medical Benefits to the Terminated Employees through the end of the applicable Severance Periods.

### BASIS FOR RELIEF

13. The Debtors submit that there is considerable legal support for the relief requested herein. Section 363(b)(1) of the Bankruptcy Code empowers the Court to allow the debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Before approving any motion under section 363(b)(1), "courts require the debtor to show that a sound business purpose justifies such actions." In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991); In re Ionosphere Clubs, Inc., 98 B.R.174, 175 (Bankr. S.D.N.Y. 1989) ("the debtor must articulate some business justification, other than mere appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business before the court may permit such disposition under § 363(b)"). In evaluating whether sound business

judgment exists, the Court "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike." In re Montgomery Ward, 242 B.R. at 153 (quoting Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983)).

14. Authorizing the Debtors to provide Medical Benefits to the Terminated Employees is a sound exercise of business judgment, and is in the best interest of the Debtors, creditors and all parties in interest. The Debtors submit that the financial expense for this relief is outweighed by the benefits to the Debtors' reorganization efforts and employee relations. The support of the Creditors Committee for the relief sought in this Motion further reinforces the Debtors' sound business judgment in seeking this relief.

15. The relief sought herein is also authorized pursuant to the Court's general equitable powers under section 105(a), which empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). Under the well-established "necessity of payment" doctrine, Courts have authorized payment of prepetition claims under section 105(a) where such payment is necessary for the continued operation of the Debtors' business during reorganization. See Matter of Lehigh and N.E. Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981) ("if payment of a claim which arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of corpus"); In re Just for Feet, Inc., 242 B.R. 821, 824 (D. Del. 1999).

16. A number of Terminated Employees belong to labor unions that are subject to collective bargaining agreements with the Debtors. Granting the relief requested herein will foster positive relationships with these unions and may improve long-term labor

relations. By providing Medical Benefits to Terminated Employees who are union members, the Debtors also prevent a conflict with the union representatives regarding the protection of Medical Benefits under the collective bargaining agreements and the specific legal remedies available under section 1113. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 82 (3d Cir. 1997); Air Line Pilots Ass'n v. Continental Airlines (In re Continental Airlines), 122 F.3d 120, 137 (3d Cir. 1997).

17. Terminated Employees rely on these Medical Benefits to ease their transition to new employment. Discontinuing the Medical Benefits before all Severance Periods have lapsed could disrupt health coverage before the Terminated Employees are able to secure a suitable replacement policy.

18. Employee support for the Debtors' reorganization is crucial and one of Debtors' primary motivations in continuing Medical Benefits to Terminated Employees is to boost morale and confidence among current employees.

19. Finally, the relief sought herein has been previously granted by this Court. Similar relief has also been approved by Courts in this district in other cases. See, e.g., In re Werner Holding Co., Inc., Case No. 06-10578 (KJC) (Bankr. D. Del. June 13, 2006) (authorizing Debtors to continue providing medical and dental coverage to employees terminated pursuant to the Debtors' prepetition severance policy). In re ACG Holdings, Inc., Case No. 08-11467 (CSS) (Bankr. D. Del. Aug. 12, 2008) (same).

20. The Debtors submit that the anticipated financial cost of these benefits is more than offset by the positive gains in employee morale, retention, union relations, and public perception.

21. For the foregoing reasons, the Debtors seek authority, but not direction to provide Terminated Employees with their remaining Medical Benefits through the end of their individual Severance Periods.

## NOTICE

22. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Creditors Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; and (viii) all parties having requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

23. Other than the temporary extensions of Medical Benefits authorized by this Court pursuant to the First-Day Wage Order and the prior Medical Benefits Order, the Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully seek entry of an order, in substantially the form of the order attached hereto as Exhibit A, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to provide any remaining Medical Benefits for Terminated Employees through the end of their applicable Severance Periods; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
April 3, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Sarah Adamczyk
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Norman L. Pernick
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-5495484v1