IN THE UNITED BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 08-13141 (KJC)** |
| | ) | |
| **TRIBUNE COMPANY, et al.,** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |
| | ) | Hearing Date: April 28, 2009 at 10:00 a.m. |
| **Debtors.** | ) | Objection Deadline: April 21, 2009 by 4:00 p.m. |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## WITH RESPECT TO E. MICHAEL GUTMAN, M.D., MIKE
## GUTMAN, M.D. (MPAC), P.A. AND GUTMAN PAIN/ACCIDENT CENTER, INC.

Plaintiff E. Michael Gutman, M.D. ("Dr. Gutman"), Mike Gutman, M.D. (MPAC),

P.A. and Gutman Pain/Accident Center, Inc. a/k/a and/or d/b/a Back Pain Institute of

Orlando (collectively "Plaintiff" or "Dr. Gutman"), by and through his undersigned

counsel, hereby files this motion (the "Motion") for Relief from Automatic Stay with

Respect to Dr. Gutman.  In support of his Motion, Dr. Gutman represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b).  The statutory predicates for relief requested herein are

362(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(d) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### BACKGROUND

2.      Dr. Gutman is a physician licensed to practice medicine in the State of Florida

and resides in Orange County, Florida.  Dr. Gutman is the director of Mike Gutman, M.D.

(MPAC), P.A. and Gutman Pain/Accident Center, Inc., a/k/a/ and or d/b/a BACK PAIN INSTITUTE OF ORLANDO, both Florida corporations.

3.      On April 30, 2006, Dr. Gutman filed his Second Amended Complaint for relief against Defendants Orlando Sentinel Communications Company, the Tribune Company of Chicago a/k/a Tribune Company, Tribune Publishing Company, Sentinel Communications News Ventures, Inc., Rene Stutzman, individually, and Fred Schulte, individually (the "Florida Defendants") in the Circuit Court of the Ninth Judicial Circuit In and For Orange County Florida (the "Florida Action").

4.      The debtor, Tribune Company et al. (the "Debtor") commenced the above-captioned bankruptcy proceeding on December 22, 2008 (the "Petition Date").

5.      The Defendants in the Florida Action, Tribune Company of Chicago a/k/a Tribune Company and Tribune Publishing Company, are both foreign businesses authorized to do business in the state of Florida.  The Tribune Company owns and operates Orland Sentinel Communications Company.

6.      Plaintiff's Second Amended Complaint alleges that the Florida Defendants, including the Debtor, published false, misleading and defamatory statements which damaged the personal and professional reputation of Dr. Gutman and his businesses.  See Second Amended Complaint at ¶ 12 attached hereto as Exhibit "A".

7.      Defendants published a series of articles in the Orlando Sentinel newspaper that focused on doctors allegedly over-prescribing OxyContin, which allegedly led to the deaths of several Florida residents.  For example, these articles claimed that reputable physicians like Dr. Gutman were "drugging" the poor and "prescribing millions of dollars

2

worth of dangerous drugs that are feeding a booming black market and adding to a torrent of fatal over-doses". See Exhibit "A" at ¶ 22.

8.    In particular, on November 30, 2003, the Orlando Sentinel published two articles titled: (1) MANY DIE WHILE DOCTORS EXPLOIT MEDICAID – OVERPRESCRIBING BY SMALL GROUP FUELS BLACK MARKET ; and (2) 11 DIE FROM PILLS LOCAL DOCTOR PRESCRIBED – CENTRAL FLORIDA'S DR. E. MICHAEL GUTMAN IS UNDER INVESTIGATION BY THREE STATE ENTITIES. Id. at ¶ 17.

9.    The Orlando Sentinel, well over a year later, in February 2004 and August 2004, published a correction article acknowledging flaws in the way it characterized the abuse of OxyContin, yet it never attempted to retract any statements published about Dr. Gutman. Id. at ¶¶ 18-19.

10.    Plaintiff b claims against the Florida Defendants for defamation and false light/invasion of privacy.

11.    Trial in the Florida Action is set to go forward on June 1, 2009 in the Circuit Court of the Ninth Judicial Circuit In and for Orange County, Florida, but will not go forward if this Court does not grant Plaintiff's Motion for Relief from Stay.   See Uniform Order Setting Case for Jury Trial, attached hereto as Exhibit "B."

## RELIEF REQUESTED

12.    By this Motion, Plaintiff seeks an Order from this Court granting Plaintiff relief from the automatic stay so that trial in the Florida Action may go forward on June 1, 2009 in the Circuit Court of Orange County, Florida.

3

## BASIS FOR RELIEF

13.     Through this Motion, Plaintiff seeks relief from the automatic stay so that Plaintiff may proceed to trial with respect to a claim arising from injuries sustained over six (6) years ago.   Section 362(a) of the Bankruptcy Code defines the scope of the automatic stay in pertinent part as follows:

"[A] petition filed under … this title … operates as a stay … of –

    (1.)    The commencement or continuation  … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

    (3.)    Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

Section 362(d) of the Bankruptcy Code provides in pertinent part as follows:

    (d.)    On request of a party in interest and after notice and a hearing,  the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay …

        (1.)    for cause,  including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

14.     The bankruptcy court "shall" lift the automatic stay for "cause."  11 U.S.C. § 326(d)(1).  If a creditor seeking relief from the automatic stay makes a *prima facie* case of "cause" for lifting the stay, the burden going forward shifts to the debtor pursuant to

4

Bankruptcy Code § 362(g). <u>See In re 234-6 West 22nd St. Corp.</u>, 214 B.R. 751, 756 (Bankr.S.D.N.Y. 1997).

15.    The Bankruptcy Code does not define "cause."   Instead, whether "cause" exists to lift the automatic stay should be determined on a case by case basis.  <u>See Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.)</u>,  141 B.R. 574, 576 (Bankr.D.Del. 1992). <u>See also</u>, <u>In re Texas State Optical, Inc.</u>, 188 B.R. 552, 556 (Bankr. E.D.Tex. 1995) (Finding that "cause" for modification of the automatic stay is "an intentionally broad and flexible concept that permits … [a] [b]ankruptcy [c]ourt, as a court of equity, to respond to inherently fact-sensitive situations.")  Courts determine what constitutes "cause" based on the totality of the circumstances in each particular case.  <u>Baldino v. Wilson (In re Wilson)</u>, 116 F.3d 87, 90 (3d Cir. 1997).

16.    As is often cited in this Court, <u>In re Rexene</u> provides the "balancing test" to determine whether cause exists to lift the automatic stay.  141 B.R. at 576.  Under <u>Rexene</u>, the balancing test looks at three factors to decide whether to lift the automatic stay, including:

> (a.)    whether prejudice will be caused to the estate or the debtor;
>
> (b.)    whether hardship to the movant from continuing the stay outweighs any hardship to the debtor; and
>
> (c.)    whether the movant has a reasonable probability of prevailing on the merits of the suit.  <u>Id.</u>

17.    Plaintiff has satisfied the three factors set forth in <u>Rexene</u>.  With respect to the first factor, no prejudice will befall the Debtor if the Florida Action is allowed to move forward.  The Florida Action is not related to the bankruptcy proceedings before this Court.

WM1A 922738v2 04/09/09

To the contrary, Debtor states clearly in its first day pleadings that its bankruptcy was the result of a one-third decrease in cash flow due to an industry-wide drop in advertising revenue. <u>See</u> Affidavit of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company in Support of First Day Motions (the "Affidavit"), ¶ 24.

18.    At the time of the Petition Date, the parties in the Florida Action were completing discovery. Discovery was stayed after Debtor's issued a notice of bankruptcy. Once discovery continues, Plaintiff believes he will receive documentation showing his claims are covered, at least in part, by Debtor's liability insurance. Assuming Debtor has significant insurance for Movant's claims, Debtor will not suffer prejudice by allowing the Florida Action to proceed to final judgment. Through this Motion, Plaintiff agrees to limit his recovery against the Debtor to the extent of available insurance proceeds. Any portion of Plaintiff's judgment not covered by insurance would constitute an unsecured claim against Debtor's estate.

19.    With respect to the second <u>Rexene</u> factor, the hardship to the Plaintiff from continuing the stay, strongly outweighs any possible hardship to the Debtor. Plaintiff's claims arose approximately six years ago, on November 30, 2003, when the Debtor published defamatory statements about Plaintiff, which have irreparably harmed Plaintiff's professional and personal reputation, and have significantly impacted the financial success of his medical practice, Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc. Plaintiff has been waiting several years to clear his reputation of these false and highly-damaging statements, and deserves to do so now that trial has finally been scheduled.

6

20.     Conversely, Debtor will suffer no hardship if the action goes forth in Florida, and any hardship the Debtor would face is small in comparison to that of Plaintiff. Plaintiff's and Debtor's counsel are both located in Florida.   Key witnesses to the Florida Action reside in Florida.  Plaintiff commenced the Florida Action on May 11, 2005, almost four years ago.  Trial is scheduled for June 1, 2009.  A pre-trial conference is scheduled for May 18, 2009.  Were Plaintiff denied the relief sought in this Motion, Plaintiff's trial date could be pushed back for months or years.

21.     It should be noted that Plaintiff has incurred considerable legal expenses to prosecute the Florida Action.   Aside from retaining bankruptcy counsel in Delaware, Plaintiff retained counsel in Florida.  At the time of filing this Motion, Plaintiff has incurred legal expenses totaling $278,817.47.   Of this amount, Plaintiff has paid $150,000 out of pocket.

22.     With respect to the third Rexene factor, Plaintiff has a reasonable probability of prevailing in the Florida Action because the Florida Defendants set forth no evidence to support their statements with respect to Dr. Gutman, and failed to ever retract those false statements.  See In re: SCO Group, Inc., 395 B.R. 852, 859 (Nov. 27, 2007) ("Even a slight probability of success on the merits may be sufficient to support a lifting of the automatic stay in an appropriate case").   Further, Debtor has failed to have the Florida Action dismissed for failure to state of claim, nor has Debtor been successful in having the case dismissed through motions for summary judgment.

23.     In deciding whether to lift the automatic stay, this Court has also considered general policies, which include:

7

> 1) whether relief would result in a partial or complete
> resolution of the issues; 2) lack of any connection with or
> interference with the bankruptcy case . . . 10) the interests of
> judicial economy and the expeditious and economical
> resolution of litigation; 11) whether the parties are ready for
> trial in the proceeding; and 12) impact of the stay on the parties
> and the balance of the harms.

In re: SCO Group, Inc., 395 B.R. at 857-858.

24.     Factors 2, 10, 11 and 12 strongly weigh in Plaintiff's favor.  The Florida Action

has no connection with the Petition filed by the Debtor, and thus, would not interfere with

the bankruptcy proceedings in this Court.

25.     Moreover, judicial economy strongly weighs in favor of trying Plaintiff's

claims in Florida.  Discovery, mediation, exchange of witness lists, pre-trial preparation,

pre-trial motions, and exchange of expert reports have already occurred in the Florida

Action.  It would be extremely inefficient to stay those proceedings at this late juncture and

try Plaintiff's claims in a different court which would have to be brought up to speed on the

case.  It would be far more economical and expeditious to have Plaintiff's claims disposed

of in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida,

rather than requiring this Court to re-litigate the case in Delaware.  In addition, this Court

has granted relief from the automatic stay where the parties are about to proceed to trial.

See In re: SCO Group, Inc., 395 B.R. at 859 (granting automatic stay, in part because movant

had "already prepared extensively for a trial that was to take place in September . . . [and]

will be burdened by further delay and the fact that it will have to prepare again").

26.     Lastly, the balance of the harms significantly weighs in Plaintiff's favor.  Dr.

Gutman should be allowed the opportunity to attempt to clear his name in a timely

manner.  His personal and professional reputation is at stake, and he will continue to suffer severe pecuniary harm with respect to his business if this Court does not grant Plaintiff relief from the automatic stay.  Conversely, the Debtor will not be harmed if the stay is lifted with respect to Plaintiff.

CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order, in the form attached hereto, modifying the automatic stay with respect to Plaintiff E. Michael Gutman, M.D., Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc. a/k/a and/or d/b/a Back Pain Institute of Orlando, to allow Case No. 2005-CA-4071 pending in the Circuit Court of the Ninth Judicial Circuit In and For Orange County, Florida, and captioned E. Michael Gutman, M.D., Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc. a/k/a and/or d/b/a Back Pain Institute of Orlando v. Orlando Sentinel Communications Company, Tribune Company of Chicago a/k/a Tribune Company, Tribune Publishing Company, Sentinel Communications News Ventures, Inc., Rene Stutzman, and Fred Schulte to proceed to trial, and granting such other and further relief as this Court may deem just and proper.

FOX ROTHSCHILD LLP

/s/ L. JASON CORNELL, ESQUIRE
L. Jason Cornell, Esquire (No. 3821)
919 North Market Street, Suite 810
Wilmington, DE  19899-2323
302/654-7444; 302/656-8920 (fax)

*Attorneys for Plaintiff E. Michael Gutman, M.D.,*
*Mike Gutman, M.D. (MPAC), P.A. and Gutman*
*Pain/Accident Center, Inc.*

Dated:  April 9, 2009

9