# EXHIBIT B

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO. 48-2005-CA-4071-O
DIVISION : 37

E. MICHAEL GUTMAN, M.D., et al,
        Plaintiffs,

v.

ORLANDO SENTINEL COMMUNICATIONS
COMPANY, et al,
        Defendants,
_____/

### UNIFORM ORDER SETTING CASE FOR JURY TRIAL; PRE-TRIAL CONFERENCE AND REQUIRING PRETRIAL MATTERS TO BE COMPLETED

It appearing that this case is at issue and can be set for trial, it is **ORDERED** as follows:

1. **FAMILIARITY WITH THIS ORDER.** Counsel and pro se (unrepresented) parties shall read this order, be familiar with its contents and comply with its requirements.

2. **TRIAL DATE.** This case is set for a Jury Trial, time certain, beginning **June 1, 2009**, in **Courtroom 18-C at 9:00 a.m.**- Orange County Courthouse, **425 N. Orange Avenue**, Orlando, FL.

Length of time currently estimated for trial is **THREE (3) weeks.**

3. **PRETRIAL / SCHEDULING CONFERENCE.** Counsel and pro se parties shall attend a pretrial/scheduling conference on **May 18, 2009 at 9:30 a.m.**, in **Hearing Room 800.02.**

*THIS COURT WILL ALLOW APPEARANCE BY TELEPHONE FOR THE SCHEDULING CONFERENCE. THE ATTORNEY REQUESTING TO APPEAR BY PHONE SHALL CONTACT THE JUDICIAL ASSISTANT AT LEAST FIVE (5) DAYS PRIOR TO THE SCHEDULING CONFERENCE TO ARRANGE FOR THE TELEPHONIC APPEARANCE.*

4. **REFERRAL TO MEDIATION; DEADLINE.**

    (a) This case is hereby referred to mediation. The parties will agree upon a mediator and a date for the first mediation conference. In the event the parties cannot agree, the Court will select a mediator. Counsel for plaintiff will submit a proposed mediation order.

    **(b) MEDIATION SHALL BE COMPLETED PRIOR TO THE PRETRIAL CONFERENCE.**

    (c) Any party may move to defer or dispense with mediation upon good cause shown.

5. **EXCHANGE OF WITNESS LISTS AND EVIDENCE SCHEDULES.** Not later than forty-five (45) days before the pretrial conference, attorneys and pro se parties shall serve upon each other (but not file) the following:

(a) **LIST OF ALL WITNESSES** (including known impeachment and rebuttal witnesses) which the party might call at trial. The list shall contain the name, address and telephone number of the witness and whether the witness is a liability or damage witness. Additionally, expert witnesses shall be designated as such.

(b) **SCHEDULE OF ALL EXHIBITS** which a party may offer at trial numbered sequentially. The schedules will include all depositions to be offered in evidence at trial.

6. **REQUIREMENTS PRIOR TO PRETRIAL CONFERENCE.**

(a) **MEETING OF ATTORNEYS, AND PRO SE PARTIES.** No later than ten (10) working days prior to the pretrial conference, counsel who will try the case, and pro se parties, if any, shall meet. Attendance at this meeting is mandatory. Plaintiff's attorney (or if plaintiff is pro se, defendant's attorney) shall arrange a mutually agreeable time, date and place for this meeting.

At the meeting the attorneys, and pro se parties shall:

1. Discuss and attempt to settle the case.

2. Produce, examine, and initial every evidentiary exhibit intended to be offered at trial; agree upon those which can be admitted as joint exhibits, those which can be admitted without objection, and identify those to which objection will be made and the grounds of each objection, and note this on a separate copy of each party's exhibit schedule. Objections not reserved or grounds not noted on such separate schedule will be deemed waived at trial. The annotated separate copies of the schedules will be attached to and made a part of the joint pretrial statement required in paragraph 6 (B) of this order.

3. Review the witness lists and in good faith note on a separate copy which witnesses and depositions will actually be used at trial. The annotated separate copies of the witness list will be attached to the joint pretrial statement required in paragraph 6 (B) of this order.

4. Discuss and stipulate as to those facts which will require no proof at trial.

5. Discuss, clarify and frame all factual issues of fact to be tried.

6. Identify all issues of law, procedure or evidence to be decided by the Court prior to or during trial.

7. Agree upon and draft a concise but complete statement of the case to be read by the judge at the beginning of voir dire.

8. Attempt to agree upon the number of peremptory challenges.

9. Discuss and attempt to agree upon any other matters which will lead to a more orderly and expeditious trial, e.g., copies in lieu of originals, witnesses out of turn, which portions and how depositions will be presented, how collateral set-off will be handled, etc.

(b) **JOINT PRETRIAL STATEMENT.** Following the meeting of attorneys, plaintiff's attorney (or defendant's attorney, if plaintiff is pro se) shall prepare and present to opposing counsel and pro se parties a proposed joint written pretrial statement. The statement shall be signed by all attorneys and pro se parties and the original and one copy delivered to the judge no later than the pretrial conference. To the extent the parties differ as to how portions of the statement should read, the differing views should be set forth in the statement.

The pretrial statement will contain the following items in the following format:

1. A statement of the case to be read to the jury at the beginning of voir dire.

2. A statement of facts which are admitted and may be read in evidence at trial as a stipulation of counsel.

3. Issues of fact to be tried (framed as they would be set forth in an interrogatory verdict).

4. Issues of law, procedure or evidence to be determined by the Court prior to or during trial.

5. The annotated copy of each party's witness list will be attached.

6. The annotated copy of each party's schedule of exhibits showing objections and grounds will be attached.

7. The number of peremptory challenges agreed upon or requested.

8. A current estimate of the number of days required for trial.

9. **Each side's proposed verdict form.**

10. Any other matters agreed to by counsel or which need to be addressed by the Court at pretrial conference.

7. **DISCOVERY CUT-OFF DEADLINE.** All discovery shall close on the day prior to the pretrial conference unless extended by Court order for good cause shown. All depositions and IME's with reports will be completed, and answers to interrogatories, responses to request to produce and requests for admissions of fact will be due before the closure date.

8. **MOTIONS CUT-OFF DEADLINE.**

(a) All motions for summary judgment or judgment on the pleadings must be filed and scheduled for hearing to be held prior to the pretrial conference date.
(b) All Motions in Limine or to exclude witnesses or evidence or other motions directed to the conduct of the trial for which grounds then exist must be filed and copies delivered to opposing

counsel prior to the pretrial conference. Motions in Limine will be heard just prior to the start of the trial.

### 9. EXPERT WITNESSES; DISCLOSURE; DEADLINES; TESTS EXAMINATIONS AND EXPERIMENTS; LIMITATION ON NUMBER AT TRIAL.

(a) Not later than 90 days before the date of the pretrial conference, plaintiff(s) shall disclose all expert witnesses (including treating physicians) that in good faith plaintiff(s) actually intend to call at trial.

(b) Not later than 60 days before the date of the pretrial conference, defendant(s) shall disclose all expert witnesses (including treating physicians) that in good faith defendant(s) actually intend to call at trial. *The parties have already agreed + disclosed experts.* (MTS)

(c) Any additional experts will only be permitted to be listed upon stipulation or leave of court for good cause shown.

(d) Immediately following disclosure, the parties will confer and agree upon a schedule for taking the experts' depositions. Experts will be made available for deposition by the party retaining them without necessity of subpoena.

(e) The depositions of all experts should be completed prior to mediation and must be completed prior to the pretrial conference.

(f) All out-of-court testing, experiments or physical or mental examinations will be completed by an expert prior to the expert's deposition unless leave of Court is obtained for completion after deposition.

(g) As used herein, "disclosure" means furnishing in writing (i) the expert's name, business address and telephone number, (ii) his or her curriculum vitae or qualifications, (iii) his or her medical specialty or field of expertise, (iv) a statement of the specific subjects upon which the expert will testify and offer opinions and (v) the party or parties against whom the expert will be called to testify.

(h) The parties may supersede sub-paragraph A through G by filing a written stipulation or moving the Court to modify it upon good cause shown.

(i) The Court may limit the number of experts at trial.

10. **TRIAL BRIEFS.** Trial briefs are optional but if one is to be filed, the original should be filed and chambers copy delivered not later than three (3) working days before trial is to commence. Copies of primary legal authorities cited must accompany the chambers and opposing party's copy.

11. **NOTIFICATION OF SETTLEMENT.** The parties will notify the Judge's judicial assistant **immediately by telephone** upon the case being settled.

12. **JURY INSTRUCTIONS.** Unless otherwise directed by the Judge, the parties will exchange proposed jury instructions (verdict forms should already have been included in the Pre-Trial

Statement) not later than three (3) days before trial is to commence. Prior to jury selection, plaintiff's counsel will hand to the judge a set of those instructions (and verdict forms) which are in dispute.

**13.    INCONSISTENCY WITH CASE MANAGEMENT ORDER.** If there are any provisions of this order which are inconsistent with a case management order entered in this case, the case management order will govern.

**14.    MODIFICATION OF ORDER FOR GOOD CAUSE.** The provisions of this order, including any time limits, and the joint pretrial statement, witness lists and evidence schedules attached to it, may be modified by Court order based upon a motion showing good cause.

**15.    SANCTIONS.** Unexcused failure of counsel or unrepresented party to attend the meeting of attorneys required in paragraph 6 (A), the pretrial conference, or trial or to comply with the requirements of this order will subject offending counsel or party to appropriate sanctions, which may include contempt, dismissal, default, striking of pleadings, exclusion of evidence, assessment of fees or costs, and/or other sanctions.

**16.    AUDIO/VISUAL.** If you are in need of audio and/or visual equipment, requests must be made at least 48 hours in advance. Please go to the Court's web site, www.ninja9.org under Services, then Technology Services, then Audio/Visual.

**17.** Jury Instructions, Verdict Form and any Trial Memoranda provided should be made available to the Court prior to trial either via email to the Judicial Assistant or via disk format.

DONE AND ORDERED in Orlando, Florida this _____ day of __ORIGINAL SIGNED__, 2008.

OCT 2 2 2008

MAURA SMITH
Circuit Judge

Maura T. Smith
Circuit Judge

I HEREBY CERTIFY that a copy of the above order was furnished by U.S. Mail to the following: Manuel Socias, Esq. & Charles Emanuel, Esq., 111 N. Orange Ave., Orlando, FL 32801, Willie E. Gary, Esq., 221 E. Osceola St., Stuart, FL 34994, David B. King, Esq., P.O. Box 1631, Orlando, FL 32802, Gregg D. Thomas, Esq., 400 N. Ashley Dr., Suite 1100, Tampa, FL 33602 & David S. Bralow, Esq., Tribune Company, 220 E. 42nd St., New York, NY 10017, this _22_ day of ___Oct___, 2008.

Julie Andrade, Judicial Assistant to Judge Smith

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT COURT ADMINISTRATION AT 425 N. ORANGE AVENUE, ROOM 2130, ORLANDO, FLORIDA 32801, TELEPHONE: (407) 836-2303 WITHIN TWO (2) WORKING DAYS OF YOUR RECEIPT OF THIS NOTICE; IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 1-800-955-8771.