IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Related to Docket No. 432**<br>**Hearing Date: April 30, 2009 at 2:30 p.m. (ET)**<br>**Objection Deadline: April 23, 2009 at 4:00 p.m. (ET)** |

## SUPPLEMENTAL APPLICATION FOR AN ORDER EXPANDING THE SCOPE OF THE RETENTION OF JENNER & BLOCK LLP AS SPECIAL COUNSEL FOR CERTAIN LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107, *NUNC PRO TUNC* TO MARCH 5, 2009

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby submit this Supplemental Application (the "Supplemental Application") for entry of an order, in substantially the form submitted herewith, authorizing a limited expansion of the Debtors' already-authorized employment of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network Inc.) (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

law firm of Jenner & Block LLP ("Jenner") as their special counsel for certain litigation matters pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), nunc pro tunc to March 5, 2009. The purpose of this Supplemental Application is to clarify the scope of Jenner's retention to ensure that Jenner can represent the Debtors in connection with a certain subpoena recently issued by the United States Department of Labor ("DOL"), which is similar in nature to the litigation matters for which Jenner has already been retained by the Debtors with the Bankruptcy Court's approval.

This Supplemental Application expands and supplements the Debtors' Application for an Order Authorizing Debtor and Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§327(e) and 1107, Nunc Pro Tunc to the Petition Date, which was filed on December 26, 2008 [Docket No. 142] (the "Application") and subsequently approved by an order of this Court on February 20, 2009 [Docket No. 432] (the "February 20th Order"). The Application is hereby incorporated by reference.[2] In support of the Supplemental Application, the Debtors submit the Supplemental Declaration of David J. Bradford (the "Supplemental Bradford Declaration"), which is attached hereto as Exhibit A. In further support of this Supplemental Application, the Debtors respectfully represent as follows:

### STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

---

[2] The Debtors also incorporate herein by reference the Declaration of David Bradford in Support of the Application, which was filed on December 26, 2008 [Docket No. 142].

46429/0001-5516712V1

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner in these cases. On December 18, 2008, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in these chapter 11 cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

## BACKGROUND TO THE SUPPLEMENTAL APPLICATION

5. On December 26, 2008, the Debtors filed the Application to employ Jenner as their special counsel for certain litigation matters, nunc pro tunc to the Petition Date. Jenner represented the Debtors in various litigation matters prior to the Petition Date, including certain Employee Retirement Income Security Act ("ERISA") related matters and Tribune Employee Stock Ownership Plan (the "ESOP") related matters. Pursuant to the February 20th Order, Jenner was authorized to continue to advise the Debtors with respect to those litigation matters, but the authorization in respect of one particular matter - the Neil litigation - was limited to representing the Debtors in connection with enforcing the automatic stay in the District Court and the Bankruptcy Court (collectively, the "Litigation Matters"). See February 20th Order at ¶ 2. Since entry of the February 20th Order, Jenner has continued to represent the Debtors in the Litigation Matters.

46429/0001-5516712V1

6. On March 2, 2009, the DOL issued a subpoena requiring that the Debtors produce an extensive range of documents in relation to an investigation under ERISA by March 16, 2009 (the "DOL Subpoena"). The DOL subsequently agreed to extend the deadline to produce the documents until March 31, 2009. The requested documents specifically relate to the Tribune ESOP.

7. The Debtors requested that Jenner advise and assist them in connection with responding to the DOL Subpoena. Accordingly, on March 31, 2009, Jenner produced documents on behalf of the Debtors that Jenner believes substantially complied with the DOL Subpoena.

## RELIEF REQUESTED

8. Accordingly, by this Supplemental Application, the Debtors seek authorization to employ and retain Jenner as their special counsel to respond to the DOL Subpoena and engage in all matters related thereto (collectively, the "DOL Matters"). The Debtors believe that the DOL Matters are encompassed within the Litigation Matters for which the Court has already approved Jenner's retention by the Debtors, however, out of an abundance of caution and in the interest of full disclosure, the Debtors submit this Supplemental Application to clarify the scope of Jenner's retention. See Application at ¶ 9. Expanding the scope of Jenner's representation to include the DOL Matters is in the best interests of the Debtors' estates and creditors because Jenner is best positioned to respond to the DOL Subpoena efficiently and economically on behalf of the Debtors. Jenner is familiar with the ESOP and the various documents called for in response to the DOL Subpoena as well, further demonstrating its qualifications to advise and assist the Debtors in this matter.

46429/0001-5516712V1

9. The Debtors' engagement of Jenner with regard to the DOL Matters is consistent with the measured scope of the Debtors' engagement of Jenner prior to the date hereof and prior to the Petition Date. The partners, counsel, and associates of Jenner, through Jenner's prior representation of the Debtors, are very familiar with the Debtors and certain of their litigation matters, specifically ERISA and ESOP related matters such as the DOL Matters. To avoid any prejudice to the Debtors, Jenner has been handling the DOL Matters since Jenner's receipt of the DOL Subpoena on March 5, 2009 and is currently in the process of assisting and advising the Debtors in their collection of the documents requested in the DOL Subpoena. It is in the best interest of the estates and all creditors to retain Jenner to continue to handle the DOL Matters, as the time and cost associated with engaging new counsel who are unfamiliar with the DOL Matters and the Litigation Matters would be both exorbitant and inefficient.

10. In light of fact that Jenner has put forth a substantial amount of time and resources into the collection of the documents requested in the DOL Subpoena, beginning on the date that Jenner received the DOL Subpoena, the Debtors request this Court's authorization to clarify the scope of Jenner's Application with respect to the DOL Matters, <u>nunc pro tunc</u> to March 5, 2009. Upon the Debtors' receipt of the DOL Subpoena, they were required to act promptly in response thereto, in light of the DOL's 14-day deadline for the production of responsive documents. Jenner was accordingly called upon to act swiftly in assisting the Debtors. The Debtors have nonetheless timely submitted this Supplemental Application to clarify the scope of Jenner's retention.[3]

---

[3] In the Supplemental Bradford Declaration, Jenner also addresses certain issues raised by the Office of the United States Trustee (the "OUST"), respecting Jenner's disclosures concerning its employment and retention by the Debtors in these chapter 11 cases. Those issues were first raised by the OUST on March 30, 2009. Rather than submit multiple supplemental declarations concerning its retention Jenner has addressed both issues relating to this Supplemental Application and the OUST's recent questions in the Supplemental Bradford Declaration.

46429/0001-5516712V1

11.     Subject to the Court's approval, Jenner will charge the Debtors for its legal services in connection with the DOL Matters on the same basis as described in the Application, in accordance with the applicable orders of this Court concerning the compensation of professionals in the Debtors' chapter 11 cases. The original Application described in detail Jenner's billing methods, rates, and similar items, which discussion is incorporated herein by reference. See Application at ¶¶ 12-15.

12.     Jenner has informed the Debtors that, as set forth in more detail in the Application and the Bradford Declaration which was filed concurrently therewith [Docket No. 142], as well as the Supplemental Bradford Declaration (collectively, with the Bradford Declaration, the "Declarations"), Jenner does not hold or represent in these proceedings any interests adverse to the Debtors, or to their estates in matters upon which Jenner is to be engaged. All information with respect to Jenner's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee is set forth in the Declarations.

13.     Jenner will conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates. In this regard, Jenner will promptly amend the Declarations to the extent that Jenner becomes aware of material information or relationships which it determines require further disclosure.

## LEGAL AUTHORITY

14.     Section 327(e) of the Bankruptcy Code provides:

The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with

6

respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e).

Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. See id.; see also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

15. When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

16. In the instant case, the retention of Jenner by the Debtors with respect to the DOL Matters is in the best interests of the Debtors' estates, and satisfies all other standards for retention under sections 327(e) and 1107. The DOL Matters are on their face within the scope of the Litigation Matters for which the Court has already approved Jenner's retention and employment by the Debtors, and the DOL Matters are certainly within the scope of the types of

services for which the Debtors intended that Jenner would be permitted to advise them under the February 20th Order. Accordingly, the Debtors are only asking that the Court hereby clarify that Jenner may represent and advise the Debtors with respect to the DOL Matters, and are not seeking any material expansion in the scope of Jenner's permitted services. This Supplemental Application should as a result be approved by the Court, and the Court should clarify that Jenner's representation of the Debtors in connection with the DOL Matters is permitted.

## NOTICE

17.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel to the Creditors Committee; (iii) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' postpetition financing facility; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

18.    The Debtors have not previously sought the relief requested herein from this or any other Court.

46429/0001-5516712V1

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the Debtors' expanded retention of Jenner as special counsel in connection with the DOL Matters in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, nunc pro tunc to March 5, 2009, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: April 9, 2009

>TRIBUNE COMPANY
>(for itself and on behalf of each Debtor)
>
>_____
>David P. Eldersveld
>Vice President, Deputy General Counsel & Secretary