# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY., et al.,[1] | ) | Case No. 08-13431 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

## AMENDED SCHEDULES OF ASSETS AND LIABILITIES FOR

### Tribune Television Holdings, Inc.

### CASE NO. 08-13242

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY., et al.,[1] | Case No. 08-13431 (KJC) |
| Debtors. | Jointly Administered |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Tribune Company, et al.,[1] (collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statement of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, <u>all</u> the Schedules and Statements. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared by the Debtors' management and are unaudited and subject to further review and potential adjustment and amendment.  In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation.  The Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, however, subsequent information or discovery of other relevant facts may result in material changes to the Schedules and Statements and inadvertent errors, omissions or inaccuracies may exist.  The Debtors reserve all rights to amend or supplement their Schedules and Statements.

<u>Reservation of Rights</u>.  Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, matters involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

<u>Description of the Cases and "As of" Information Date</u>.  On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 10, 2008, the Court entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b).

The Debtors filed for bankruptcy during the middle of the business day on December 8, 2008.  As it is impractical to determine assets and liabilities during the middle of a business day, the books were closed as of the end of day on December 7, 2008 with certain adjustments for material, identifiable transactions that occurred between midnight on December 7, 2008 and the filing of the petitions on December 8, 2008.

<u>Basis of Presentation</u>. The Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis where

---

[2]    These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a "General Note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

possible.  Accordingly, the totals listed in the Schedules and Statements may not be comparable to Tribune Company consolidated financial reports prepared for public reporting purposes or otherwise as these reports include Tribune Company and each of its subsidiaries, some of which are not Debtors in these proceedings.

For purposes of the Schedules and Statements, the Debtors used reasonable efforts to attribute the assets and liabilities of each of their businesses to the proper legal entity; however, because the Debtors' accounting systems are designed to report for purposes of operational and managerial decision making, rather than by individual legal entity, it is possible that not all assets or liabilities have been recorded at the correct legal entity on the Schedules and Statements.  As such, the Debtors reserve all rights to amend these Schedules and Statements accordingly.

Although these Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("GAAP"), the Statements and Schedules neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not a conclusion that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not a conclusion that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Confidentiality**.  There may be instances within the Schedules and Statements where names, addresses or amounts have been left blank.  Due to the nature of an agreement between the Debtors and the third party, concerns of confidentiality or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses and amounts.

**Consolidated Entity Accounts Payable and Disbursement Systems**.  The Debtors use a centralized cash management system to collect funds from customers into their primary concentration accounts and maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts.  The Debtors currently disburse approximately 85% of their accounts payable and payroll obligations through Tribune Company accounts.  Payments made by Tribune Company to third parties on behalf of other affiliated Debtors are reflected as payments to creditors in Statement Question 3b of Tribune Company's Statement of Financial Affairs, although such payments may have been made on behalf of an entity other than the Tribune Company.

The Debtors also maintain seven direct debit accounts for postage payments and tax payments.  These accounts are held by various Debtors and are debited by the U.S. Postal Service or various tax authorities in the ordinary course of business.  These direct debit disbursements are reflected as payments to creditors in Statement Question 3b of the applicable Debtor.  Finally, there are certain other disbursement accounts which have

been reflected as payments to creditors in Statement Question 3b of the applicable Debtor.

**Intercompany Claims**.  Receivables and payables among the Debtors and/or the Debtors and non-Debtor subsidiaries of Tribune Company in these cases (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") are reported as assets on Schedule B or liabilities on Schedule F. These Intercompany Claims are comprised primarily of the following components:  1) concentration of accounts receivable collections from the various Debtors to Tribune Company, 2) accounts payable and payroll disbursements made out of Tribune Company bank accounts on behalf of other Debtors, 3) centrally billed expenses, 4) corporate expense allocations, and 5) accounting for other intercompany transactions.  These Intercompany Claims may or may not result in allowed or enforceable claims by or against a given Debtor, and by listing this claims the Debtors are not indicating a conclusion that the Intercompany Claims are enforceable.  Intercompany Claims may also be subject to set off,  recoupment, and netting not reflected in the Schedules. In situations where there is not an enforceable claim, the assets and/or liabilities of the applicable Debtor may be greater or lesser than the amounts stated herein.  All rights to amend the Intercompany Claims in the Schedules and Statements are reserved.

The Debtors have listed all intercompany payables as unsecured non-priority claims on Schedule F for each applicable Debtor but reserve their rights to later change the characterization, classification, categorization or designation of such claims.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) as (a) directors, (b) officers, (c) relatives of directors or officers of the Debtors and (d) any managing agent of the Debtors.  Payments to insiders listed in (a) through (d) above are set forth on Statement 3c.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Excluded Accruals/GAAP entries**. The Debtors' balance sheets reflect liabilities recognized in accordance with GAAP; however, not all such liabilities would result in a claim against the Debtors and thus certain liabilities (including but not limited to certain reserves, deferred charges, and future contract obligations) have not been included in the Debtors' Schedules.  The Debtors have also excluded from the Schedules certain assets that have no book value and certain assets recorded in accordance with GAAP, including those associated with the aforementioned liabilities (such as future contract benefits.) (See Note on Schedule F below for addition information on certain excluded liabilities) Other immaterial assets and liabilities may also have been excluded.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

a. **Foreign Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

b. **Current Market Value — Net Book Value**.  In many instances, current market valuations are neither maintained by nor readily available to the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are otherwise not readily available.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date and may not reflect the net realizable value.  For this reason, amounts ultimately realized will vary, at some times materially, from net book value.

c. **Paid Claims**.  Pursuant to certain first-day orders issued by the Bankruptcy Court (the "First Day Orders"), the Bankruptcy Court has authorized the Debtors to pay certain outstanding prepetition claims, such as certain employee wages and benefit claims, claims for taxes and fees, claims related to customer programs, critical vendor claims, broker claims, claims of shippers and warehousemen and claims related to insurance policies and premiums.  Unless otherwise stated, these Schedules and Statements reflect (and do not list) prepetition obligations that have been satisfied pursuant to such First Day Orders.  Notwithstanding best efforts, certain claims paid pursuant to a First Day Order may inadvertently be listed in the Schedules and Statements, and the Debtors may pay some of the claims listed on the Schedules and Statements in the ordinary course of business during these cases pursuant to such First Day Orders or other court orders.  To the extent claims listed on the Schedules and Statements have been paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary and appropriate.  Moreover, certain of the First Day Orders preserve the rights of parties in interest to dispute any amounts paid pursuant to First Day Orders.  Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a First Day Order that preserves such right to contest.

d. **Setoffs**.  The Debtors routinely incur certain setoffs from customers or suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds and other disputes between the Debtors

and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

e.     **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to same.

f.     **Accounts Receivable**. The accounts receivable information listed on Schedule B includes net receivables from the Debtors' customers which receivables are calculated net of any amounts that, as of the Petition Date, may be owed to such customers in the form of rebates, offsets or other price adjustments pursuant to the Debtors' customer program policies and day-to-day operating policies. A claim is listed on Schedule F to the extent that a net payable remains to a given customer. Many of the Debtors sell their accounts receivable from advertising customers to Tribune Company, which in turn sells the receivables to Tribune Receivables, LLC ("TREC"), a non-debtor subsidiary of Tribune Company. TREC has pledged the receivables as security for loans borrowed by it under a securitization facility. TREC remits the proceeds of the loans to Tribune Company as part of the purchase price for the receivables. .

g.     **Mechanics' Liens**. The inventories, property and equipment listed in these Schedules and Statements are presented without consideration of any mechanics' liens.

h.     **Leases**. In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third party lessors for use in the daily operation of their businesses. The Debtors' obligations pursuant to capital leases appear on Schedule D and their obligations pursuant to operating leases have been listed on Schedule F. The underlying lease agreements are listed on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination of the legal

6

status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

**Undetermined Amounts**.    The description of an amount as "unknown," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Estimates**.    To timely close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses as of the Petition Date.  The Debtors reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

**Totals**.    The asset totals listed on Schedules A and B represent all known amounts included in the Debtors' books and records as of the Petition Date.  The liability totals listed on Schedule F, however, reflect post-petition payments on prepetition claims made pursuant to First Day Orders, as noted above.   To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.  Also as noted above, certain liabilities reflected in the books and records in accordance with GAAP, but which would not represent a claim against the Debtors, are not reflected on Schedule F.

**Classifications**.    Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured priority," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Claims Description**.    Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."   Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

**Guaranties and Other Secondary Liability Claims**.    The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively "Guaranties") in their executory contracts, unexpired leases, secured financing, debt instruments and other such agreements; however, a review of these agreements, specifically the Debtors' leases and contracts, is ongoing.   Where such Guaranties have been identified, they have been included in the relevant Schedule.   The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H.  Guaranties with

respect to the Debtors contracts and leases are not included on Schedule H and the Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments and similar agreements may have been inadvertently omitted from the Schedules but that such Guaranties may be identified upon further review.  Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

**Schedule A.**  Schedule A of a particular Debtor includes solely that Debtor's owned real property.  As noted herein, the values listed for the various properties are the net book values.

**Schedule B.**

*Wearing Apparel.*  The Debtors have a small inventory of branded apparel that is used solely for promotional purposes and is not sold or otherwise distributed for sale by others. Because of the negligible value of this apparel and the limited quantities maintained by the Debtors, the Debtors have not attempted to assess the value in connection with this question. Certain Debtors hold other inventory of branded apparel which is held for sale at company stores and which is listed as Other Inventory under Schedule B.30.

*Intellectual Property.*  The Debtors have more than 17,400 registered copyrights which have not been listed in their response to Schedule B.22.  These copyrights are available in the public domain.  Furthermore, the Debtors have numerous other pieces of unregistered intellectual property which have not been included in Schedule B.22.

*Customer lists.*  All values for customer lists where applicable are included in the amounts listed for general intangibles.

**Schedule D — Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in Schedule D are intended only to be a summary.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies and other parties which may hold security deposits.

**Schedule E — Creditors Holding Unsecured Priority Claims**.  All claims listed on the Debtors' Schedule E are claims owing to various taxing authorities to which the Debtors

may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

The Debtors have not listed on Schedule E any tax, wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to a First Day Order.  The Debtors believe that all such claims have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted in the relevant First Day Orders.  The Debtors reserve their right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

**Schedule F — Creditors Holding Unsecured Nonpriority Claims**.  The Debtors have attempted to relate all liabilities to each particular Debtor.  As a result of the Debtors' consolidated operations, however, the reader should review Schedule F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors.

Certain creditors owe amounts to the Debtors and, as such, may have valid setoff and recoupment rights with respect to such amounts.  Although the Debtors may have taken setoffs into account when scheduling the amounts owed to creditors, the Debtors reserve all rights to challenge such setoff and recoupment rights. The Debtors have not reduced the scheduled claims to reflect any such right of setoff or recoupment and reserve all rights to challenge any setoff and/or recoupment rights asserted.  Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Schedule F.  The Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F of any Debtor.

Schedule F contains information regarding pending litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined.  However, to the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.  The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated and disputed in the Schedules.

The Debtors have made their best efforts to include all trade creditors on Schedule F; however the Debtors believe that there are instances where vendors have yet to provide invoices for prepetition goods or services or provided such invoices after the cutoff to produce this Schedule F.  While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such have not been included on Schedule F.  In addition, the Debtors are still finalizing certain payments of prepetition obligations under orders approved by the Bankruptcy Court and those payments would reduce the amounts listed herein.  The Debtors anticipate that they will file an amendment to their Schedules and Statements in April of 2009 to incorporate invoice detail received and payments made subsequent to the initial filing.

**Schedule G — Executory Contracts and Unexpired Leases**.  The businesses of the Debtors are complex.  Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively the "Agreements"), review is ongoing and inadvertent errors, omissions or over-inclusion may have occurred.  The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G.  In addition, Schedule G does not include certain confidential agreements which, by their terms, prohibit disclosure of the existence of such agreements.  Omission of an Agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted Agreement.  Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable.  The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed on Schedule G.

Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G and (iii) to amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by more than one of the Debtors.  Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance.  In such cases, the Debtors made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such Agreements have been listed on Schedule G for Tribune Company.  Certain of the Agreements may not have been memorialized and could be subject to dispute.

**Schedule H — Co-Debtors**.  Certain of the Debtors are co-debtors with respect to the senior facility and the bridge facility.  For purposes of Schedule H, only the collateral agent or indenture trustee is listed for such borrowings.  Additionally, there may be instances where litigation is brought against multiple legal entities.  Where possible, such litigation is listed on Schedule F of the appropriate Debtor and on Schedule H.  However, not all such litigation is reflected in Schedule H.  Co-debtors and/or co-obligors with respect to leases and contracts are listed on Schedule F as applicable but are not listed on Schedule H.

**Statement of Financial Affairs**.  All amounts that remain outstanding to any creditor listed on SOFA 3b or 3c are reflected in Schedule E and F as applicable.  Any creditor wishing to verify any outstanding indebtedness should review those Schedules.

*SOFA 2 – Other Income*.  From time to time, the Debtor may have de minimis income from sources other than the operation of business that will not appear on SOFA 2.

*SOFA 7 - Gifts*.  The Debtors have listed gifts according to the legal entity making the disbursement, however, in certain instances, such disbursement is made on behalf of another debtor entity.

*SOFA 10a – Other Transfers*.  In response to Statement Question 10a, the Debtors have listed many transactions that they believe to be ordinary course, but have nonetheless disclosed them out of an abundance of caution.

*SOFA 11 – Closed Financial Accounts*. Certain financial instruments were sold during the applicable period and have been listed in response to Statement Question 2 for Tribune Company.

*SOFA 14 – Property Held for Others*.  In the ordinary course of business and in accordance with industry custom, certain Debtors retain a significant amount of ink, newsprint and other materials which are owned by the Debtors' customers or vendors. Such a Debtor generally agrees to pay its vendors if and when such raw materials are actually used by the Debtor, as determined by periodic reconciliation of such amounts between such vendors and the Debtor.

All of the Debtors newspapers hold preprinted inserts provided by customers which are awaiting insertion by the Company into its products.

**Debtor-Specific Note**

The financial results for Tribune Television Holdings, Inc. (08-13242) include the results for WXMI and KMYQ.  However, KMYQ is jointly operated with KCPQ, whose financial results are reported under Tribune Television Northwest, Inc. (08-13245).  Therefore, to obtain a complete understanding of Tribune Television Holdings, Inc., the reader should review the Schedules and Statements of Tribune Television Holdings, Inc. in conjunction with a review of the Schedules and Statements of Tribune Television Northwest, Inc.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## _____ District Of Delaware_____

In re   Tribune Television Holdings, Inc._____,
                    Debtor

Case No. 08-13242_____

Chapter 11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property |  | 1 | $    3,394,099.00 |  |  |
| B - Personal Property |  | 12 | $  269,595,240.73 |  |  |
| C - Property Claimed as Exempt |  | 1 |  |  |  |
| D - Creditors Holding Secured Claims |  | 1 |  | $    0.00 |  |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) |  | 4 |  | $    0.00 |  |
| F - Creditors Holding Unsecured Nonpriority Claims |  | 22 |  | $    51,320,243.53 |  |
| G - Executory Contracts and Unexpired Leases |  | 11 |  |  |  |
| H - Codebtors |  | 4 |  |  |  |
| I - Current Income of Individual Debtor(s) | No |  |  |  | $    N/A |
| J - Current Expenditures of Individual Debtors(s) | No |  |  |  | $    N/A |
| TOTAL |  | 56 | $  272,989,339.73 | $    51,320,243.53 |  |

B6A (Official Form 6A) (12/07)

In re   **Tribune Television Holdings, Inc.**                    ,          Case No.   **08-13242**
          **Debtor**                                                                              **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Studio at 3117 Plaza Dr., Grand Rapids, MI | Fee simple | | Undetermined | None |
| Transmitter located at 12481 Davis Road, Middleville, MI | Fee simple | | Undetermined | None |
| Aggregate net book value for all owned property | | | $3,394,099.00 | |
| | | Total ▶ | $ 3,394,099.00 | |

(Report also on Summary of Schedules.)

The value stated above is net book value.

B6B (Official Form 6B) (12/07)

In re  Tribune Television Holdings, Inc.                              ,                    Case No.  08-13242
                    Debtor                                                                            (If known)

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | 100900 - Petty Cash | | $200.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | | See attached rider | | $0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

**B6B (Official Form 6B) (12/07) – Cont.**

In re   Tribune Television Holdings, Inc.                ,          Case No. 08-13242
                        **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | See attached rider | | $217,129,027.56 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

**B6B (Official Form 6B) (12/07) – Cont.**

In re  Tribune Television Holdings, Inc.                   ,          Case No. 08-13242
              **Debtor**                                                                     **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | See attached rider | | Undetermined |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | See attached rider | | $43,834,629.76 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | See attached rider | | $47,176.03 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | See attached rider | | $576,510.01 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | See attached rider | | $7,668,881.51 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re **Tribune Television Holdings, Inc.**                          ,                    Case No. **08-13242**
                            **Debtor**                                                                           **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | See attached rider | | $338,815.86 |
| | | | | |

                                                      ___3___ continuation sheets attached     Total ▶ | $ 269,595,240.73

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

**In re: Tribune Television Holdings, Inc.**                                                           **Case No. 08-13242**

**SCHEDULE B -PERSONAL PROPERTY**
**Rider B.2 -  Bank Accounts**

| BANK | ADDRESS | ACCOUNT TYPE | ACCOUNT NUMBER | BALANCE |
|------|---------|--------------|----------------|---------|
| Bank of America | 135 S. LaSalle Street Chicago, IL 60603 | Receivables Facility - Lockbox | *******020 | $0.00 |

| | |
|---|---|
| **Total** | **$0.00** |

**In re: Tribune Television Holdings, Inc.**                                          Case No. 08-13242

**SCHEDULE B -PERSONAL PROPERTY**
**Rider B.16 - Accounts Receivable**

| DESCRIPTION | NET BOOK VALUE |
|---|---|
| 102000 - Advertising Receivable | $6,734,338.81 |
| 102099 - Securitized Receivables | -$6,734,338.81 |
| 102470 - A/R Trade Agreements | $95,643.41 |
| 102700 - Other A/R | $41,254.89 |
| 102730 - A/R Network Co-Op | $28,541.00 |
| 103000 - Allowance for Bad Debts | -$118,244.38 |
| 103010 - Allowance for Sales Returns | -$9,537.00 |
| Intercompany Receivable from Channel 39, Inc. | $4,698.28 |
| Intercompany Receivable from Channel 40, Inc. | $12,420.70 |
| Intercompany Receivable from ChicagoLand Television News, Inc. | $611.71 |
| Intercompany Receivable from KPLR, Inc. | $10,799.80 |
| Intercompany Receivable from KSWB, Inc. | $3,876.02 |
| Intercompany Receivable from KWGN, Inc. | $570.10 |
| Intercompany Receivable from Orlando Sentinel Communications Company | $8.26 |
| Intercompany Receivable from Tower Distribution Company | $1,000.00 |
| Intercompany Receivable from Tribune Broadcasting Company | $100,589,396.53 |
| Intercompany Receivable from Tribune Company | $116,042,774.08 |
| Intercompany Receivable from Tribune Entertainment Company | $4,046.50 |
| Intercompany Receivable from Tribune Television New Orleans, Inc. | $7,940.15 |
| Intercompany Receivable from Tribune Television Northwest, Inc. | $398,780.43 |
| Intercompany Receivable from WDCW Broadcasting, Inc. | $9,348.30 |
| Intercompany Receivable from WGN Continental Broadcasting Company | $5,098.78 |

                                                            Total: | $217,129,027.56 |

**In re: Tribune Television Holdings, Inc.**                                    **Case No. 08-13242**

### SCHEDULE B -PERSONAL PROPERTY
### Rider B.22 - Patents, copyrights, and other intellectual property

| Domain Name | Value | Owner |
|---|---|---|
| FOXMICHIGAN.COM | Undetermined | WXMI |
| WXMI.COM | Undetermined | WXMI |

**In re: Tribune Television Holdings, Inc.**                                      **Case No. 08-13242**

## SCHEDULE B -PERSONAL PROPERTY
### Rider B.23 - Licenses, franchises and general intangibles

| DESCRIPTION | Net Book Value |
|---|---|
| 143050 - Software | $220,214.78 |
| 148090 - Accum Depr-Software | -$65,245.55 |
| 150000 - Syndicated B/R-LT | $2,075,616.86 |
| 152515 - Intang - FCC License | $27,000,438.00 |
| 152520 - Other Intang - network affil | $16,782,037.00 |
| 152920 - accum - network affill | -$2,178,431.33 |
| **Total:** | **$43,834,629.76** |

**In re: Tribune Television Holdings, Inc.**                                    **Case No. 08-13242**

### SCHEDULE B -PERSONAL PROPERTY
### Rider B.25 - Automobiles and other vehicles

| DESCRIPTION | Net Book Value |
|---|---|
| 143090 - Autos | $217,793.99 |
| 143100 - Trucks | $53,924.44 |
| 148120 - Accum Depr - Autos | -$170,617.96 |
| 148125 - Accum Deprec - Trucks | -$53,924.44 |
| **Total** | **$47,176.03** |

**In re: Tribune Television Holdings, Inc.**                                    **Case No. 08-13242**

**SCHEDULE B -PERSONAL PROPERTY**
**Rider B.28 - Office equipment, furnishings and supplies**

| DESCRIPTION | NET BOOK VALUE |
| --- | --- |
| 143030 - Office Equipment | $108,852.84 |
| 143040 - Computer Equipment | $1,481,884.28 |
| 145000 - Furniture & Fixtures | $250,923.21 |
| 145025 - Furniture/Fix not in PS AM | $0.00 |
| 148040 - Accum Depr-Furniture & Fixture | -$190,588.10 |
| 148050 - Accum Depr-Office Equipment | -$108,852.84 |
| 148060 - Accum Depr-Comp Equipment | -$965,709.38 |

**Total:** $576,510.01

**In re: Tribune Television Holdings, Inc.**                              **Case No. 08-13242**

### SCHEDULE B -PERSONAL PROPERTY
### Rider B.29 - Machinery, fixtures, equipment and supplies used in business

| DESCRIPTION | NET BOOK VALUE |
|---|---|
| 143000 - Machinery and Equipment | $173,188.58 |
| 143010 - Production Equipment | $14,459,877.46 |
| 143025 - Mach Equip not in PS AM | $0.00 |
| 147000 - CIP | $1,278,477.96 |
| 148020 - Accum Depr-Machinery&/Equip | -$164,467.47 |
| 148030 - Accum Depr-Production Equip | -$8,078,195.02 |
| 148199 - Accum Depr- not in PS AM | $0.00 |

|  | |
|---|---|
| **Total:** | **$7,668,881.51** |

**In re: Tribune Television Holdings, Inc.**                                    **Case No. 08-13242**

**SCHEDULE B -PERSONAL PROPERTY**
**Rider B.35 - Other personal property of any kind**

| DESCRIPTION | NET BOOK VALUE |
|---|---|
| 106000 - Prepaid Expenses | $32,401.56 |
| 106650 - Prepaid Events/Tickets/Promos | $13,965.82 |
| 120130 - Cable Launch Fees/Capitalizatn | $17,791.48 |
| 142000 - Building/Leaseholds | 315,584 |
| 148010 - Accum. Depreciation - Building/Leaseholds | -61,377 |
| 156070 - Other Long Term Assets | $20,450.00 |

| | |
|---|---|
| **Total:** | **$338,815.86** |

**B6C (Official Form 6C) (12/07)**

In re   Tribune Television Holdings, Inc.                    ,          Case No.  08-13242
              **Debtor**                                                              **(If known)**

# SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐   Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                        $136,875.
☐   11 U.S.C. § 522(b)(2)
☐   11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| None | | | |

B6D (Official Form 6D) (12/07)

In re   Tribune Television Holdings, Inc.                          ,        Case No. 08-13242
                 **Debtor**                                            **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Barclays Bank PLC, as Administrative Agent<br>200 Park Ave, 5th Floor<br>New York, NY 10166 | | | Secretary of State of Delaware UCC Filing Statement number 2008 2298196 dated 07/03/2008<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>CIT Technology Financing Services Inc.<br>650 CIT Dr<br>PO Box 1638<br>Livingston, NJ 07039 | | | Secretary of State of Delaware UCC Filing Statement number 20560056 dated 02/08/2002<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br><br><br> | | | <br><br><br>VALUE $ | | | | | |

  _0_  continuation sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | |
|---|---|
| $ 0.00 | $0.00 |
| $ 0.00 | $0.00 |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (12/07)

In re   Tribune Television Holdings, Inc.                          ,                    Case No. 08-13242
                    **Debtor**                                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐     Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐     **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐     **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐     **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐     **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (12/07) – Cont.**

In re  **Tribune Television Holdings, Inc.**                ,                    Case No. **08-13242**
                       **Debtor**                                                              **(if known)**

☐    **Certain farmers and fishermen**

     Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

     Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒    **Taxes and Certain Other Debts Owed to Governmental Units**

     Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

     Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

     Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

     * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

_1_  **continuation sheets attached**

**B6E (Official Form 6E) (12/07) – Cont.**

In re  **Tribune Television Holdings, Inc.**                          ,        Case No.  **08-13242**
               **Debtor**                                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>See attached rider E: Creditors Holding Unsecured Priority Claims | | | | | X | | Undetermined | Undetermined | Undetermined |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet no. __1__ of __1__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals ▶
(Totals of this page)

$ 0.00        $ 0.00        $ 0.00

Total ▶
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

$ 0.00

Totals ▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

$ 0.00        $ 0.00

In re: Tribune Television Holdings, Inc.

**Schedule E**
**Creditors Holding Unsecured Priority Claims**

| Creditor's Name, Mailing Address including Zip Code, and Account Number | Codebtor | Husband, Wife, Joint, or Community | Date Claim was Incurred and Consideration for Claim | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount Not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|---|
| CITY OF BATTLE CREEK 10 NORTH DIVISION ST BATTLE CREEK, MI 49014 | | | TAXING AUTHORITY | | X | | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| CITY OF PORTAGE 7900 S WESTNEDGE DR NE PORTAGE, MI 49002 | | | TAXING AUTHORITY | | X | | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| GRAND RAPIDS CITY TREASURER PROPERTY TAXES 300 MONROE AVE NW, RM 220 GRAND RAPIDS, MI 49503-2296 | | | TAXING AUTHORITY | | X | | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| GRAND RAPIDS INCOME TAX DEPT. CITY HALL, 3RD FLOOR, ROOM 380 300 MONROE AVENUE NW GRAND RAPIDS, MI 49503 | | | TAXING AUTHORITY | | X | | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| MICHIGAN DEPT. OF TREASURY COLLECTION DIVISION PO BOX 30199 LANSING, MI 48909 | | | TAXING AUTHORITY | | X | | UNDETERMINED | UNDETERMINED | UNDETERMINED |
| VILLAGE OF PAW PAW PO BOX 179 111 E MICHIGAN AVE PAW PAW, MI 49079 | | | TAXING AUTHORITY | | X | | UNDETERMINED | UNDETERMINED | UNDETERMINED |

B6F (Official Form 6F) (12/07)

In re  Tribune Television Holdings, Inc.                    ,          Case No. 08-13242
                    **Debtor**                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ABRAHAM, KRISTEN ELIZABETH<br>ATTN  STEPHEN BRATTWAITE<br>1675 BROADWAY   4TH FLR<br>NEW YORK, NY 10019 | | | General Trade Payable | | | | $20.00 |
| ACCOUNT NO.<br><br>ADVANCED COFFEE SERVICE<br>16464 136TH AVE<br>NUNICA, MI 49448 | | | General Trade Payable | | | | $368.83 |
| ACCOUNT NO.<br><br>ALLIED WASTE SERVICES<br>PO BOX 9001099<br>LOUISVILLE, KY 40290-1099 | | | General Trade Payable | | | | $8.47 |
| ACCOUNT NO.<br><br>ARC HOLDING LTD<br>DBA SPORTS ACCESS<br>PO BOX 55652<br>LOS ANGELES, CA 90074-5652 | | | General Trade Payable | | | | $800.00 |

Subtotal ▶  $ 1,197.30

  16  continuation sheets attached                                              Total ▶  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Tribune Television Holdings, Inc.**                    ,          Case No.   **08-13242**
_____
                       **Debtor**                                                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ART VAN FURNITURE INC<br>6500 E 14 MILE ROAD<br>WARREN, MI 48092 | | | General Trade Payable | | | | $1,500.00 |
| ACCOUNT NO.<br><br>AT&T<br>PO BOX 8100<br>AURORA, IL 60507-8100 | | | General Trade Payable | | | | $8.78 |
| ACCOUNT NO.<br><br>AT&T<br>PO BOX 13140<br>NEWARK, NJ 07101-5640 | | | General Trade Payable | | | | $280.10 |
| ACCOUNT NO.<br><br>BAKITA, BRET J<br>1970 BLUFFVIEW DRIVE<br>BYRON CENTER, MI 49315 | | | General Trade Payable | | | | $291.29 |
| ACCOUNT NO.<br><br>BLUE LAKE PUBLIC RADIO<br>300 E CRYSTAL LAKE ROAD<br>TWIN LAKE, MI 49457 | | | General Trade Payable | | | | $195.70 |

Sheet no.  _1_ of _16_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶    $ 2,275.87

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Tribune Television Holdings, Inc.          ,          Case No.   08-13242
                 **Debtor**                                                 **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>BROADCAST MEASUREMENTS LLC<br>PO BOX 955<br>CLARKSTON, MI 48347 | | | General Trade Payable | | | | $80.00 |
| ACCOUNT NO.<br><br>CHOICEPOINT PUBLIC RECORDS INC<br>PO BOX 945664<br>ATLANTA, GA 30394-5664 | | | General Trade Payable | | | | $4.40 |
| ACCOUNT NO.<br><br>CITADEL BROADCASTING CORP<br>60 MONROE CENTER NW  STE 1000<br>GRAND RAPIDS, MI 49503 | | | General Trade Payable | | | | $16,705.05 |
| ACCOUNT NO.<br><br>CITADEL BROADCASTING CORP<br>3375 MERRIAM ST<br>MUSKEGON, MI 49444 | | | General Trade Payable | | | | $787.86 |

Sheet no.   2  of  16  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 17,577.31

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Tribune Television Holdings, Inc.**                    ,                    Case No.   **08-13242**
                          **Debtor**                                                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  COCA COLA BTLG CO OF MICHIGAN GRAND RAPIDS SALES CENTER 2329 PAYSHERE CIRCLE CHICAGO, IL 60674-2329 | | | General Trade Payable | | | | $574.20 |
| ACCOUNT NO.  COMPUTER SCIENCES CORP INFO SYS LLC PO BOX 8500-S-4610 LOCKBOX 4610 PHILADELPHIA, PA 19178-4610 | | | General Trade Payable | | | | $192.02 |
| ACCOUNT NO.  CONSUMERS ENERGY PO BOX 30090 LANSING, MI 48909-7590 | | | General Trade Payable | | | | $20,493.70 |
| ACCOUNT NO.  CROSSTOWN COMMUNICATIONS INC 810 VERONA RD MARSHALL, MI 49068 | | | General Trade Payable | | | | $15,000.00 |

Sheet no. _3_ of _16_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶    $ 36,259.92

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Tribune Television Holdings, Inc.** ,                    Case No.  **08-13242**
_____
      **Debtor**                                                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> CW LICENSING LLC <br> PO BOX 30730 <br> LOS ANGELES, CA 90030-0730 | | | General Trade Payable | | | | $7,318.45 |
| ACCOUNT NO. <br><br> DHL EXPRESS USA INC <br> 515 GREENS RD <br> HOUSTON, TX 77069 | | | General Trade Payable | | | | $12.84 |
| ACCOUNT NO. <br><br> DLI PROPERTIES LLC <br> 2000 BRUSH STREET SUITE 200 <br> DETROIT, MI 48226 | | | General Trade Payable | | | | $500.00 |
| ACCOUNT NO. <br><br> DOC WORD <br> 416 WASHINGTON AVE <br> PELHAM, NY 10803 | | | General Trade Payable | | | | $16.73 |
| ACCOUNT NO. <br><br> DOMINION DISTRIBUTION <br> PO BOX 1040 <br> NORFOLK, VA 23501-1040 | | | General Trade Payable | | | | $10.73 |

Sheet no. _4_ of _16_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 7,858.75

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Tribune Television Holdings, Inc.                    ,          Case No.  08-13242
              **Debtor**                                                                                **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> DTE ENERGY <br> PO BOX 740786 <br> CINCINNATI, OH 45274-0786 | | | General Trade Payable | | | | $454.73 |
| ACCOUNT NO. <br><br> FEDEX <br> PO BOX 371461 <br> PITTSBURGH, PA 15250-7461 | | | General Trade Payable | | | | $365.20 |
| ACCOUNT NO. <br><br> FERA, SUSANNA FITLER <br> 1609 ROYAL OAK DR <br> SEWICKLEY, PA 15143 | | | General Trade Payable | | | | $112.50 |
| ACCOUNT NO. <br><br> FLEET FUELING <br> PO BOX 6293 <br> CAROL STREAM, IL 60197-6293 | | | General Trade Payable | | | | $3,639.46 |
| ACCOUNT NO. <br><br> FOX BROADCASTING COMPANY <br> C/O ERNST YOUNG <br> 7576 COLLECTION CENTER DRIVE <br> CHICAGO, IL 60693-6616 | | | General Trade Payable | | | | $62,263.61 |

Sheet no. _5_ of _16_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 66,835.50

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Tribune Television Holdings, Inc.**                    ,        Case No.  **08-13242**
_____
                   **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>FOX NEWS EDGE<br>1211 AVENUE OF THE AMERICAS<br>SECOND FLOOR<br>NEW YORK, NY 10036 | | | General Trade Payable | | | | $1,752.10 |
| ACCOUNT NO.<br><br>FOX NEWS NETWORK LLC<br>BANK OF AMERICA<br>5731 COLLECTION CT DR<br>CHICAGO, IL 60693 | | | General Trade Payable | | | | $1,199.94 |
| ACCOUNT NO.<br><br>GENERAL COMMUNICATIONS &<br>ELECTRONICS LLC<br>2851 3 MILE ROAD NW<br>GRAND RAPIDS, MI 49544 | | | General Trade Payable | | | | $14.68 |
| ACCOUNT NO.<br><br>GRAND RAPIDS CITY<br>TREASURER<br>ROOM 220 CITY HALL<br>300 MONROE AVE NW<br>GRAND RAPIDS, MI 49503-2296 | | | General Trade Payable | | | | $55.00 |

Sheet no. _6_ of _16_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶  $ 3,021.72

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Tribune Television Holdings, Inc.**                    ,          Case No.  **08-13242**
            **Debtor**                                                                                  **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | General Trade Payable | | | | $554.71 |
| GRAND RAPIDS CITY TREASURER WATER & SEWER DEPT 300 MONROE AVE NW,RM 220 CITY HALL GRAND RAPIDS, MI 49503-2296 | | | | | | | |
| ACCOUNT NO. | | | General Trade Payable | | | | $15.00 |
| GRAND RAPIDS CITY TREASURER PROPERTY TAXES 300 MONROE AVE NW, RM 220 GRAND RAPIDS, MI 49503-2296 | | | | | | | |
| ACCOUNT NO. | | | General Trade Payable | | | | $990.00 |
| GREEN SATELLITE SYSTEMS INC 209 PARKSIDE LANE OSWEGO, IL 60543-8210 | | | | | | | |
| ACCOUNT NO. | | | General Trade Payable | | | | $0.48 |
| HARRIS CORP HARRIS ALLIED BROADCAST DIV PO BOX 96776 CHICAGO, IL 60693 | | | | | | | |

Sheet no. _7_ of _16_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 1,560.19

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Tribune Television Holdings, Inc.          ,          Case No.   08-13242
　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> HARRIS CORPORATION BROADCAST DIVISION PO BOX 96776 CHICAGO, IL 60693 | | | General Trade Payable | | | | $869.82 |
| ACCOUNT NO. <br><br> HUNGERFORD ALDRIN NICHOLS AND CARTER PC PO BOX 3265 GRAND RAPIDS, MI 49501 | | | General Trade Payable | | | | $264.89 |
| ACCOUNT NO. <br><br> JP MORGAN CHASE BANK, NA ATTN: SHADIA AMINU 1111 FANNIN, 10TH FLOOR HOUSTON, TX 77002 | X | | Guaranty for Senior Facility | X | X | | Undetermined |
| ACCOUNT NO. <br><br> KENT WELDING INC 1915 STERLING AVE NW GRAND RAPIDS, MI 49504 | | | General Trade Payable | | | | $295.00 |
| ACCOUNT NO. <br><br> KING WORLD PRODUCTIONS PO BOX 73930 CHICAGO, IL 60673-7930 | | | General Trade Payable | | | | $19,288.84 |

Sheet no.  8  of  16  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 20,718.55

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Tribune Television Holdings, Inc.                    ,          Case No.   08-13242
                    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> LANGERAK ROOF SYSTEMS INC <br> 4266 CORPORATE EXCHANGE DR <br> PO BOX 85 <br> HUDSONVILLE, MI 49426-0085 | | | General Trade Payable | | | | $262.50 |
| ACCOUNT NO. <br><br> MARKETRON BRODCAST SOLUTIONS LLC <br> PO BOX 3375 <br> PORTLAND, OR 97208-3375 | | | General Trade Payable | | | | $221.90 |
| ACCOUNT NO. <br><br> MARKETRON BRODCAST SOLUTIONS LLC <br> PO BOX 67 <br> REEDSPORT, OR 97467 | | | General Trade Payable | | | | $982.72 |
| ACCOUNT NO. <br><br> MERRILL LYNCH CAPITAL CORPORATION <br> ATTN: SHARON HAWKINS <br> LOAN OPERATIONS <br> 600 E. LAS COLINAS BLVD., <br> SUITE 1300 <br> IRVING, TX 75039 | X | | Guaranty for Bridge Facility | X | X | | Undetermined |

Sheet no.  9  of  16  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 1,467.12

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Tribune Television Holdings, Inc.**                ,          Case No.  **08-13242**
　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>MIDDLETON, GARY<br>1609 MANITOU LN<br>MIDDLEVILLE, MI 49333 | | | General Trade Payable | | | | $135.00 |
| ACCOUNT NO.<br>MILLBROOK SERVICE CO<br>3060 MADISON ST SE STE H<br>GRAND RAPIDS, MI 49548 | | | General Trade Payable | | | | $830.86 |
| ACCOUNT NO.<br>MONOGRAMS OF DISTINCTION<br>115 KISSEWAUG RD<br>MIDDLEBURY, CT 06762 | | | General Trade Payable | | | | $38.95 |
| ACCOUNT NO.<br>MUSKEGON CENTRAL DISPATCH<br>770 TERRACE STREET<br>MUSKEGON, MI 49440 | | | General Trade Payable | | | | $9.33 |
| ACCOUNT NO.<br>NIELSEN MEDIA RESEARCH INC<br>PO BOX 88961<br>CHICAGO, IL 60695-8961 | | | General Trade Payable | | | | $651.43 |

Sheet no. _10_ of _16_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶　$ 1,665.57

Total ▶　$
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Tribune Television Holdings, Inc.**                    ,                    Case No.  **08-13242**
_____
        **Debtor**                                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>PRO DRY CARPET CLEANING<br>1430 W STATE ST<br>BELDING, MI 48809 | | | General Trade Payable | | | | $1,466.67 |
| ACCOUNT NO.<br><br>QUALITY AIR INC<br>3395 KRAFT SE<br>GRAND RAPDIS, MI 49512-0703 | | | General Trade Payable | | | | $1,622.73 |
| ACCOUNT NO.<br><br>REGENT BROADCASTING<br>PO BOX 643295<br>CINCINNATI, OH 45264-3259 | | | General Trade Payable | | | | $8,568.00 |
| ACCOUNT NO.<br><br>SCARBOROUGH RESEARCH CORP<br>PO BOX 88990<br>CHICAGO, IL 60695-1990 | | | General Trade Payable | | | | $5,145.48 |
| ACCOUNT NO.<br><br>See attached rider: Benefits Continuation | | | Benefits Continuation | | X | | Undetermined |

Sheet no. _11_of _16_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 16,802.88

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Tribune Television Holdings, Inc.                    ,          Case No.  08-13242
_____          _____
               **Debtor**                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> See attached rider, Intercompany Claims | | | Intercompany Claims | | | | $50,723,838.15 |
| ACCOUNT NO. <br><br> See attached rider: Other Compensation Plans | | | Other Compensation Plans | X | X | | Undetermined |
| ACCOUNT NO. <br><br> See attached rider: Salary Continuation | | | Salary Continuation | | X | | $11,731.20 |
| ACCOUNT NO. <br><br> See attached rider: Schedule F | | | Accrued Participation Payable, Accrued Other/General | | X | | $148,420.00 |
| ACCOUNT NO. <br><br> SHAVLIK TECHNOLOGIES 2665 LONG LAKE ROAD  SUITE 400 ROSEVILLE, MN 55113 | | | General Trade Payable | | | | $22.47 |

Sheet no.  _12_ of _16_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶  $ 50,884,011.82

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Tribune Television Holdings, Inc.                    ,          Case No.   08-13242
                    **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>SKYTERRA LP<br>PO BOX 791199<br>BALTIMORE, MD 21279-1199 | | | General Trade Payable | | | | $22.84 |
| ACCOUNT NO.<br><br>SONY PICTURES TELEVISION FKA MGM/UA<br>21872 NETWORK PLACE<br>CHICAGO, IL 60673-1218 | | | General Trade Payable | | | | $2,935.48 |
| ACCOUNT NO.<br><br>SONY PICTURES TELEVISION FKA COLUMBIA PICTURES TV INC<br>21872 NETWORK PLACE<br>CHICAGO, IL 60673-1218 | | | General Trade Payable | | | | $26,000.00 |
| ACCOUNT NO.<br><br>STANLEY STEEMER GREAT LAKES INC<br>8225 PFEIFFER FARMS DR SW<br>BYRON CENTER, MI 49315 | | | General Trade Payable | | | | $2,000.00 |
| ACCOUNT NO.<br><br>STRATA MARKETING INC<br>23608 NETWORK PLACE<br>CHICAGO, IL 60673-1236 | | | General Trade Payable | | | | $1,101.85 |

Sheet no.  _13_ of _16_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $ 32,060.17

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Tribune Television Holdings, Inc.                    ,          Case No.   08-13242
             **Debtor**                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>SUN N SNOW LAWN CARE<br>1132 OAKLAWN NE<br>GRAND RAPIDS, MI 49505 | | | General Trade Payable | | | | $140.00 |
| ACCOUNT NO.<br><br>SUNNYSLOPE FLORAL INC<br>4800 44TH ST SW<br>GRANDVILLE, MI 49418 | | | General Trade Payable | | | | $174.87 |
| ACCOUNT NO.<br><br>TELEVISION BUREAU OF ADVERTISING INC<br>3 E 54TH ST 10TH FL<br>NEW YORK, NY 10022-3108 | | | General Trade Payable | | | | $88.06 |
| ACCOUNT NO.<br><br>TWENTIETH CENTURY FOX TV SYNDICATION<br>3659 COLLECTION CENTER DRIVE<br>CHICAGO, IL 60693 | | | General Trade Payable | | | | $93,140.24 |
| ACCOUNT NO.<br><br>UNITED PARCEL SERVICE<br>LOCKBOX 577<br>CAROL STREAM, IL 60132-0577 | | | General Trade Payable | | | | $82.18 |

Sheet no.  _14_ of _16_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶    $ 93,625.35

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  **Tribune Television Holdings, Inc.**                ,          Case No.  **08-13242**
                  **Debtor**                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>UNIVERSAL CITY STUDIOS PRODUCTIONS LLP FILE 7149 7149 COLLECTION CENTER DRIVE CHICAGO, IL 60693 | | | General Trade Payable | | | | $6,751.61 |
| ACCOUNT NO.<br><br>US COURTS PACER SERVICE CENTER PO BOX 70951 CHARLOTTE, NC 28272-0951 | | | General Trade Payable | | | | $19.57 |
| ACCOUNT NO.<br><br>WARNER BROS PO BOX 905106 CHARLOTTE, NC 28290-5106 | | | General Trade Payable | | | | $121,566.03 |
| ACCOUNT NO.<br><br>WORLDNOW 747 3RD AVE 17TH FLOOR NEW YORK, NY 10017 | | | General Trade Payable | | | | $3,973.00 |

Sheet no. __15_ of __16_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $ 132,310.21

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) – Cont.

In re  Tribune Television Holdings, Inc.                    ,              Case No.   08-13242
_____
                    **Debtor**                                                                **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>WRIGHT EXPRESS<br>FLEET FUELING<br>PO BOX 6293<br>CAROL STREAM, IL 60197 | | | General Trade Payable | | | | $995.30 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __16_ of __16__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 995.30

Total ▶   $ 51,320,243.53
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re: Tribune Television Holdings, Inc.

Schedule F
Benefits Continuation

Case No. 08-13242

| Creditor name | Address | Country | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Amount |
|---|---|---|---|---|---|---|---|
| Hunter,BonnieB | | | Benefits Continuation | | Y | | Undetermined |

In re: Tribune Television Holdings, Inc.

Schedule F
Intercompany Liabilities

Case No. 08-13242

| Creditor name | Address | City | State | ZIP Code | Country | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Chicago Tribune Company | 435 N. Michigan Ave. | Chicago | IL | 60611 | UNITED STATES | Intercompany claim | | | | $296,493.43 |
| KTLA, Inc. | 5800 SUNSET BLVD. | Los Angeles | CA | 90028 | UNITED STATES | Intercompany claim | | | | $341.80 |
| Tribune Broadcasting News Network, Inc. | 1325 G St. NW | Washington | DC | 20005 | UNITED STATES | Intercompany claim | | | | $717,892.85 |
| Tribune Finance Service Center, Inc. | 435 N. Michigan Avenue | Chicago | IL | 60611 | UNITED STATES | Intercompany claim | | | | $48,410,287.48 |
| TRIBUNE INTERACTIVE, INC. | 435 N. MICHIGAN AVE. | Chicago | IL | 60611 | UNITED STATES | Intercompany claim | | | | $179,793.80 |
| TRIBUNE ND, INC. | 235 PINELAWN ROAD | Melville | NY | 11747-4250 | UNITED STATES | Intercompany claim | | | | $16.00 |
| Tribune Television Company | 435 N. Michigan Ave. | Chicago | IL | 60611 | UNITED STATES | Intercompany claim | | | | $40,314.11 |
| WPIX, Inc. | 220 E. 42nd St. | New York | NY | 10017 | UNITED STATES | Intercompany claim | | | | $1,078,698.68 |

In re: Tribune Television Holdings, Inc.

Schedule F
Other Compensation Plans

| Creditor name | Address 1 | City | State | ZIP Code | Country | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| Kolb, Patricia A | | | | | | MEIP Plan Participant | x | x | | Undetermined |

In re: Tribune Television Holdings, Inc.

Schedule F
Salary Continuation

| Creditor name | Address | Country | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Amount |
|---|---|---|---|---|---|---|---|
| Taber,FranklinR | | | Salary Continuation | | Y | | $11,731.20 |

In re: Tribune Television Holdings, Inc.

Schedule F
Current Liabilities

Case No. 08-13242

| Creditor name | Address | City | State | Zip | Country | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| CSC Systems & Solutions | PO Box 8500-S-4610, Lockbox 4610 | Philadelphia | PA | 19178 | | Accrued Other/General | | Y | | $1,951.00 |
| FOX Broadcasting | C/O Ernst & Young LLP, 7576 Collection Center Dr. | Chicago | IL | 60693 | | Accrued Participation Payable | | Y | | $137,974.60 |
| Ultimate Incentive Inc | 861 S Route 59 | Bartlett | IL | 60103 | | Accrued Other/General | | Y | | $8,494.40 |

B6G (Official Form 6G) (12/07)

In re   **Tribune Television Holdings, Inc.**                    ,          Case No.   **08-13242**
                        **Debtor**                                        **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| See attached rider: Executory Contracts and Unexpired Leases | |
| | |
| | |
| | |
| | |
| | |
| | |

In re: Tribune Television Holdings, Inc.

Schedule G
Executory Contracts and Unexpired Leases

Case No. 08-13242

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - BONES |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - DIVORCE COURT (08-09) |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - FAMILY GUY |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - HOW I MET YOUR MOTHER |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - JUDGE ALEX (08-09) |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - KING OF THE HILL (INITIAL) |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - KING OF THE HILL (08/09 2ND RUN) |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - M*A*S*H |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - MALCOLM IN THE MIDDLE |
| 20TH TV | 10201 W. PICO BLVD., BLDG. 88, ROOM 30 | | LOS ANGELES | CA | 90035 | UNITED STATES | PROGRAM CONTRACT (WXMI) - SIMPSONS |
| 220 NEWS BUILDING LLC | 220 EAST 42ND STREET | 4TH FLOOR | NEW YORK | NY | | UNITED STATES | LEASE AGREEMENT - NEW YORK 220 42ND STREET, 220 EAST 42ND STREET, |
| 615 MUSIC | 1030 16TH AVE, SOUTH | | NASHVILLE | TN | 37212 | UNITED STATES | LICENSE AGREEMENT - MAGNUM V2 NEWS MUSIC PACKAGE LICENSE AGREEMENT |

In re: Tribune Television Holdings, Inc.

Schedule G

Case No. 08-13242

Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS | 1 LINCOLN PLAZA | | NEW YORK | NY | 10023 | UNITED STATES | LICENSE AGREEMENT - LICENSE TO USE COPYRIGHTED MUSIC IN PRODUCTION OF ON-AIR |
| APPLIED IMAGING | 5282 E PARIS AVE SE | | GRAND RAPIDS | MI | 49512 | UNITED STATES | EQUIPMENT MAINTENANCE - MAINTENANCE CONTRACT FOR NEWS ROOM FAX MACHINE. |
| ARCH WIRELESS | PO BOX 941565 | | PLANO | TX | 75094 | UNITED STATES | EQUIPMENT LEASE - PAGER |
| ASSOCIATED PRESS | 450 W 33RD STREET | | NEW YORK | NY | 10001 | UNITED STATES | AP NEWSPOWER SERVICE |
| AT&T YELLOW PAGES | 100 BIG BEAVER ROAD | 2ND FLOOR | TROY | MI | 48083 | UNITED STATES | ADVERTISING AGREEMENT - YELLOW PAGES ADVERTISING |
| BLUE LAKE FINE ARTS CAMP | 301 EAST CRYSTAL LADE RD | | TWIN LAKE | MI | 49457 | UNITED STATES | LEASING SPACE ON RADIO TOWER FOR TRANSLATOR EQUIP |
| BRENT ASHCROFT | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND BRENT ASHCROFT |
| BRET BAKITA | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND BRET BAKITA |
| BRET BAKITA | | | | | | | INDEPENDENT CONTRACTOR FOR SPORTS |
| BROADCAST MUSIC INC | 320 WEST 57TH ST | | NEW YORK | NY | 10019 | UNITED STATES | LICENSE TO USE COPYRIGHTED MUSIC IN PRODUCTION OF ON-AIR |
| CARL APPLE | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND CARL APPLE |
| CARSEY-WERNER | 16027 VENTURA BLVD | SUITE 600 | ENCINO | CA | 91436 | UNITED STATES | PROGRAM CONTRACT (WXMI) - THAT 70'S SHOW (2ND CYCLE) |
| CBS TV DIST. | 1675 BROADWAY | 17TH FLOOR | NEW YORK | NY | 10019 | UNITED STATES | PROGRAM CONTRACT (WXMI) - EVERYBODY LOVES RAYMOND (2ND CYCLE) |
| CGS INFOGRAPHICS AUTOMATION | 232 S ASHLAND AVE | | LEXINGTON | KY | 40502 | UNITED STATES | TECHNOLOGY/SOFTWARE MAINTENANCE AGREEMENT - MAINTENANCE CONTRACT FOR SCHOOL CLOSING INFORMATION SYSTEM |

In re: Tribune Television Holdings, Inc.                    Schedule G                    Case No. 08-13242

Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| CHRISTIAN FRANK | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND CHRISTIAN FRANK |
| CITADEL BROADCASTING | 3375 MERRIAM ST | | MUSKEGON | MI | 49444 | UNITED STATES | LEASING SPACE ON RADIO TOWER FOR TRANSLATOR EQUIP |
| CNN NEWSOURCE SALES, INC. | ONE CNN CENTER | 12TH FLOOR NORTH TOWER | ATLANTA | GA | 30303-2762 | UNITED STATES | NEWS/CONTENT SERVICE AGREEMENT - CNN NEWS MATERIAL / WXMI |
| COFFMAN ELECTRICAL EQUIPMENT CO | 3300 JEFFERSON AVE SE | | GRAND RAPIDS | MI | 49548 | UNITED STATES | EQUIPMENT MAINTENANCE - PREVENTIVE MAINTANANCE ON GENERATORS |
| CRISPIN CORPORATION | PO BOX 110327 | | RESEARCH TRIANGLE PARK | NC | 27709 | UNITED STATES | TECHNOLOGY/SOFTWARE MAINTENANCE AGREEMENT - SOFTWARE SUPPORT ON SPOT PLAYER |
| CSC SYSTEMS & SOLUTIONS | 15000 CONFERENCE CENTER DRIVE | | CHANTILLY | VA | 20151 | UNITED STATES | TECHNOLOGY/SOFTWARE MAINTENANCE AGREEMENT - ANNUAL WEATHER WIRE SERVICE CONTRACT |
| DAN KRAUTH | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND DAN KRAUTH |
| DEBMAR-MERCURY | 1 DAG HAMMARSKJOLD PLAZA | 21ST FLOOR | NEW YORK | NY | 10017 | UNITED STATES | PROGRAM CONTRACT (WXMI) - SOUTH PARK |
| DETROIT LIONS, INC. | 222 REPUBLIC DR | | ALLEN PARK | MI | 48101 | UNITED STATES | PROGRAM CONTRACT (WXMI) - DETROIT LION PRESEASON |
| DG SYSTEMS | 875 BATTERY STREET | | SAN FRANSISCO | CA | 94111 | UNITED STATES | DIGITAL VIDEO SYSTEM PROVIDED AT NO CHARGE TO RECEIVE COMMERCALS. |
| DISNEY-ABC | 500 S. BUENA VISTA ST., MC 4015 | ATTN: LEGAL COUNSEL | BURBANK | CA | 91521 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - BUENA VISTA 8 |
| DISNEY-ABC | 500 S. BUENA VISTA ST., MC 4015 | ATTN: LEGAL COUNSEL | BURBANK | CA | 91521 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - BUENA VISTA 9 |
| DISNEY-ABC | 500 S. BUENA VISTA ST., MC 4015 | ATTN: LEGAL COUNSEL | BURBANK | CA | 91521 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - DISNEY IMAGINATION 6 |
| DISNEY-ABC | 500 S. BUENA VISTA ST., MC 4015 | ATTN: LEGAL COUNSEL | BURBANK | CA | 91521 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - DISNEY IMAGINATION 7 |

In re: Tribune Television Holdings, Inc.

Schedule G

Case No. 08-13242

Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| DISNEY-ABC | 500 S. BUENA VISTA ST., MC 4015 | ATTN: LEGAL COUNSEL | BURBANK | CA | 91521 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - DISNEY IMAGINATION 8 |
| DISNEY-ABC | 500 S. BUENA VISTA ST., MC 4015 | ATTN: LEGAL COUNSEL | BURBANK | CA | 91521 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - DISNEY IMAGINATION 9 |
| DISNEY-ABC | 500 S. BUENA VISTA ST., MC 4015 | ATTN: LEGAL COUNSEL | BURBANK | CA | 91521 | UNITED STATES | PROGRAM CONTRACT (WXMI) - LEGEND OF THE SEEKER |
| DOT TWO ENTERTAINMENT | 220 EAST 42ND STREET | PORTION OF SUITE 400 | NEW YORK | NY | | UNITED STATES | SUBLEASE AGREEMENT - NEW YORK 220 DOT TWO, 220 EAST 42ND STREET, |
| DP FOX SPORTS & ENTERTAINMENT LLC | 200 OTTAWA NW | SUITE 403 | GRAND RAPIDS | MI | 49503 | UNITED STATES | SIGNAGE SPONORSHIP AT VAN ANDEL ARENA |
| ENGINEERED PROTECTION SYSTEMS | 750 FRONT NW | | GRAND RAPIDS | MI | 49504 | UNITED STATES | EQUIPMENT MAINTENANCE - SECURITY CONTRACT FOR MONITORING OF TRANSMITTER SITE. |
| ENTERTAINMENT STUDIOS | 1925 CENTURY PARK EAST | SUITE 1025 | LOS ANGELES | CA | 90067 | UNITED STATES | PROGRAM CONTRACT (WXMI) - GLOBAL BUSINESS PEOPLE |
| FOX BROADCASTING COMPANY | ATTEN: NETWORK DISTRIBUTIONS | 10201 WEST PICO BLVD | LOS ANGELES | CA | 90035 | UNITED STATES | NETWORK AFFILIATION AGREEMENT - FOX AFFILIATION / WXMI |
| FOX NEWS NETWORK, L.L.C. | 1211 AVENUE OF THE AMERICAS | | NEW YORK | NY | 10036 | UNITED STATES | NEWS/CONTENT SERVICE AGREEMENT - FOX NEWS EDGE / WXMI |
| FRANK W. METTRICK | 220 EAST 42ND ST. | PORTION OF SUITE 400 | NEW YORK | NY | 10017 | UNITED STATES | SUBLEASE AGREEMENT - NEW YORK 220 42ND METTRIC, 220 EAST 42ND ST., 10017 |
| GRAND RAPIDS GRIFFINS | 130 WEST FULTON ST | | GRAND RAPIDS | MI | 49503 | UNITED STATES | SPONSORSHIP FOR SIGNS AROUND HOCKEY ARENA FOR THE SEASON |
| GRAND RAPIDS RADIO BROADCASTERS ASSO | 50 MONROE NW | ATTN: CRYSTAL | GRAND RAPIDS | MI | 49505 | UNITED STATES | CONTRACT FOR GRAIL(GR AREA INFO LINE) USED FOR SCHOOL CLOSINGS AND OTHER AREA INFO |
| GRAND RAPIDS-KENT COUNTY CONVENTION AUTHORITY | 130 WEST FULTON ST | | GRAND RAPIDS | MI | 49503 | UNITED STATES | 1/3 PARTER IN SUITE LEASE W/ LOCAL ENTERTAINMENT & SPORTS VENUE TO BE USED FOR ENTERTAINING CLIENTS |
| GRASS VALLEY | 400 PROVIDENCE MINE ROAD | | NEVADA CITY | CA | 95959 | UNITED STATES | TECHNOLOGY/SOFTWARE MAINTENANCE AGREEMENT - SUPPORT FOR JUPITER CONTROL SYSTEM; VENUS ROUTING SWITCHER |

In re: Tribune Television Holdings, Inc.

Schedule G

Case No. 08-13242

Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| HUNTER, BONNIE B | | | | | | | SEPARATION AGREEMENT - BENEFITS CONTINUATION |
| JIM CUTLER | | | | | | | VOICE TALENT |
| JON SHANER | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND JON SHANER |
| KEVIN CRAIG | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND KEVIN CRAIG |
| KONICA MINOLTA ALBIN | 46921 ENTERPRISE CT | | WIXOM | MI | 48393 | UNITED STATES | EQUIPMENT MAINTENANCE - MAINTENANCE CONTRACT FOR COPIER PURCHASED 11/13/08. |
| LAMAR OCI OF NORTH CORP | 4898 S QUARTERLINE RD | | MUSKEGON | MI | 49444 | UNITED STATES | REVENUE AGREEMENT - LEASE WXMI LAND FOR BILLBOARD |
| LINDSAY KUS | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND LINDSAY KUS |
| LITTON | LITTON TOWERS, SUITE 200 | 884 ALLBRITTON BLVD | MT. PLEASANT | SC | 29464 | UNITED STATES | PROGRAM CONTRACT (WXMI) - STORM STORIES |
| MARKETRON | 3000 RIVERCHASE GALLERIA | 8TH FLOOR | BIRMINGHAM | AL | 35244 | UNITED STATES | TECHNOLOGY EQUIPMENT/SOFTWARE PURCHASE - SOFTWARE LICENSE & SERVICE AGREEMENT-SALES RESEARCH DATA |
| MGM | 10250 CONSTELLATION BLVD. | | LOS ANGELES | CA | 90067 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - LION LEGACY 3 |
| MGM | 10250 CONSTELLATION BLVD. | | LOS ANGELES | CA | 90067 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - MGM PREMIERE 2 |
| MGM | 10250 CONSTELLATION BLVD. | | LOS ANGELES | CA | 90067 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - NEW LINE 12 |

In re: Tribune Television Holdings, Inc.

Schedule G
Executory Contracts and Unexpired Leases

Case No. 08-13242

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| MGM | 10250 CONSTELLATION BLVD. | | LOS ANGELES | CA | 90067 | UNITED STATES | PROGRAM CONTRACT (WXMI) - FIRST BUSINESS (08/09) |
| MGM | 10250 CONSTELLATION BLVD. | | LOS ANGELES | CA | 90067 | UNITED STATES | PROGRAM CONTRACT (WXMI) - RON HAZ. HOUSE CALLS |
| MICHELE DESELMS | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND MICHELE DESELMS |
| MICHIGAN DEPT OF TRANSPORTATION & CITY OF GRAND RAPIDS | MURRAY D VAN WAGONER BLDG | PO BOX 30050 | LANSING | MI | 48909 | UNITED STATES | ACCESS TO ITS TRAFFIC DATA AND/OR VIDEO |
| MIDWEST MEDIA GROUP | 316 N MILWAUKEE ST | SUITE 567 | MILWAUKEE | WI | 53202 | UNITED STATES | TECHNOLOGY/SOFTWARE MAINTENANCE AGREEMENT - CONTRACT FOR ISILON SUPPORT |
| MIKE AVERY | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND MIKE AVERY |
| MOBILE SATELLITE VENTURES LP | 10802 PARKRIDGE BLVD | | RESTON | VA | 20191 | UNITED STATES | SATELLITE TELEPHONE SERVICE AGREEMENT-ON MONTH TO MONTH AGREEMENT |
| MT MERCY LIMITED PARTNERSHIP | 1420 FULLER AVE SE | | GRAND RAPIDS | MI | 49507 | UNITED STATES | LEASE AGREEMENT - LEASING SPACE ON RADIO TOWER FOR MICROWAVE EQUIP |
| MYNETWORKTV, INC. | C/O TWENIETH TELEVISON, INC | 2121 AVENUE OF THE STARS, 21ST FLOOR | LOS ANGELES | CA | 90067 | UNITED STATES | NETWORK AFFILIATION AGREEMENT - MNTV AFFILIATION / KMYQ |
| NBC UNIVERSAL | 100 UNIVERSAL CITY PLAZA, BLDG 1440, SUITE 30, 30TH FL | ATTN: LEGAL COUNSEL | UNIVERSAL CITY | CA | 91608 | UNITED STATES | PROGRAM CONTRACT (WXMI) - STEVE WILKOS (08/09) |
| NEXTEL WEST CORP | 300 GALLERIA OFFICENTRE, SUITE 301 | LEASING DEPT | SOUTHFIELD | MI | 48034 | UNITED STATES | REVENUE AGREEMENT - LEASING SPACE ON OUR TOWER FOR CELL PHONE EQUIP |
| OFFICE STAFFING | 2627 E BELTLINE | SUITE 110 | GRAND RAPIDS | MI | 49546 | UNITED STATES | SERVICE CONTRACT - TEMPORARY HELP TO STAFF RECEPTIONISTS DESK |

In re: Tribune Television Holdings, Inc.

Schedule G
Executory Contracts and Unexpired Leases

Case No. 08-13242

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| PATTY KOLB | | | | | | | EMPLOYMENT AGREEMENT BETWEEN WXMI-GRAND RAPIDS AND PATTY KOLB |
| PETER CHAN | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND PETER CHAN |
| PITNEY BOWES | 1313 N ATLANTIC ST | FLOOR 3 | SPOKANE | WA | 99201 | UNITED STATES | EQUIPMENT MAINTENANCE - MAINTENANCE CONTRACT FOR POSTAGE METER |
| PROGRAM PARTNERS | 818 HAMPTON DRIVE | SUITE 1 | VENICE | CA | 90291 | UNITED STATES | PROGRAM CONTRACT (WXMI) - DEGRASSI: THE NEXT GEN |
| PROGRAM PARTNERS | 818 HAMPTON DRIVE | SUITE 1 | VENICE | CA | 90291 | UNITED STATES | PROGRAM CONTRACT (WXMI) - DEGRASSI: THE NEXT GEN (09-11) |
| QUALITY AIR | 3395 KRAFT SE | | GRAND RAPIDS | MI | 49512 | UNITED STATES | EQUIPMENT MAINTENANCE - MAINTENANCE CONTRACT FOR HVAC EQUIPMENT |
| RACELINE PRODUCTIONS | 10722 BURR OAK WAY | | BURKE | VA | 22015 | UNITED STATES | PROGRAM CONTRACT (WXMI) - RACELINE |
| RIVERSIDE INTEGRATED SYSTEMS | 2225 OAK INDUSTRIAL DR NE | | GRAND RAPIDS | MI | 49505 | UNITED STATES | CONTRACT FOR MONITORING OF FIRE ALARM SYSTEM AT STUDIO. |
| SARAH BRODHEAD | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND SARAH BRODHEAD |
| SBC | 226 W RANDOLPH, FLOOR 9C | CONTRACT INFORMATION MANAGEMENT | CHICAGO | IL | 60608 | UNITED STATES | LOCAL, TOLL AND T-1PHONE SERVICE |
| SESAC | 55 MUSIC SQUARE EAST | | NASHVILLE | TN | 37203 | UNITED STATES | LICENSE TO USE COPYRIGHTED MUSIC IN PRODUCTION OF ON-AIR-PER TMLC NEW 5 YEAR AGREEMENT READY TO SIGN BUT WE'VE NOT RECEIVED ANYTHING OFFICIAL |
| SMITA KALOKHE | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND SMITA KALOKHE |
| SONY | 3300 ZANKER ROAD | | SAN JOSE | CA | 95134-1901 | UNITED STATES | PROGRAM CONTRACT (WXMI) - BANANAS (08/09) |

In re: Tribune Television Holdings, Inc.

Schedule G
Executory Contracts and Unexpired Leases

Case No. 08-13242

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| SONY | 3300 ZANKER ROAD | | SAN JOSE | CA | 95134-1901 | UNITED STATES | PROGRAM CONTRACT (WXMI) - SEINFELD |
| SONY ELECTRONICS | 1730 N FIRST STREET | 2NW | SAN JOSE | CA | 95112 | UNITED STATES | EQUIPMENT MAINTENANCE - MAINTENANCE CONTRACT FOR STUDIO CAMERAS & VIDEO SWITCHER |
| SPORTS ACCESS | 100 EAST ROYAL LANE | SUITE 250 | IRVING | TX | 75039 | UNITED STATES | SATELITE ACCESS TO NETWORK TO MONITOR FOR NEWS AND NEWS HIGHLIGHTS |
| STEVE AMOROSE | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND STEVE AMOROSE |
| STRATA MARKETING | 23608 NETWORK PLACE | | CHICAGO | IL | 60673 | UNITED STATES | CONTRACT FOR MEDIA BUYING SERVICE |
| SUN-N-SNOW | 1132 OAKLAWN NE | | GRAND RAPIDS | MI | 49505 | UNITED STATES | CONTRACT FOR SNOWPLOWING OF PARKING LOTS |
| TABER, FRANKLIN R | 13413 FOREST RIVER | | LOWELL | MI | 49331 | UNITED STATES | SEPARATION AGREEMENT - SALARY CONTINUATION |
| TARA MILLER | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND TARA MILLER |
| TELEREP, INCORPORATED | ONE DAG HAMMARSKJOLD PLAZA | | NEW YORK | NY | 10017 | UNITED STATES | SALE REPRESENTATION AGREEMENT - NATIONAL SALES REP / KMYQ (FORMERLY KTWB) |
| TELEREP, INCORPORATED | ONE DAG HAMMARSKJOLD PLAZA | | NEW YORK | NY | 10017 | UNITED STATES | SALE REPRESENTATION AGREEMENT - NATIONAL SALES REP / WXMI |
| TELEVISION BUREAU OF ACVERTISING | 477 MADISON AVE | | NEW YORK | NY | 10022 | UNITED STATES | TOOLS TO HELP SALES DEPT SELL TELEVISION AS THE BEST ADVERTISING MEDIUM |
| TELEVISION MUSIC LICENSE COMMITTEE | 9 EAST 53RD ST | 5TH FLOOR | NEW YORK | NY | 10022 | UNITED STATES | SERVICE CONTRACT - NEGOTIATE DEALS WITH MUSIC LICENSE PROVIDERS |
| THE DETROIT LIONS INC | PO BOX 441310 | | DETROIT | MI | 48244 | UNITED STATES | LICENSE TO USE CLUB SEATS AT FORD FIELD, HOME OF THE DETROI LIONS NFL FOOTBALL TEAM |

In re: Tribune Television Holdings, Inc.

Schedule G

Executory Contracts and Unexpired Leases

Case No. 08-13242

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| TIM DOTY | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND TIM DOTY |
| TRACY FORNER | | | | | | | EMPLOYMENT/INDEPENDENT CONTRACTOR AGREEMENT - TALENT CONTRACT BETWEEN WXMI-GRAND RAPIDS AND TRACY FORNER |
| TRIANGLE SOFTWARE | 1901 S BASCOM AVE | SUITE 900 | CAMPBELL | CA | 95008 | UNITED STATES | TECHNOLOGY/SOFTWARE MAINTENANCE AGREEMENT - CONTRACT FOR BEAT THE TRAFFIC SYSTEM FOR AM NEWS |
| TRIFECTA | ATTN PAM EATON | 1775 BROADWAY SUITE 525 | NEW YORK | NY | 10019 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - DREAMWORKS FEATURES |
| TRIFECTA | ATTN PAM EATON | 1775 BROADWAY SUITE 525 | NEW YORK | NY | 10019 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - DREAMWORKS II |
| TRIFECTA | ATTN PAM EATON | 1775 BROADWAY SUITE 525 | NEW YORK | NY | 10019 | UNITED STATES | PROGRAM CONTRACT (WXMI) - AMERICAN IDOL REWIND (08/09) |
| TRIFECTA | ATTN PAM EATON | 1775 BROADWAY SUITE 525 | NEW YORK | NY | 10019 | UNITED STATES | PROGRAM CONTRACT (WXMI) - HOLLYWOOD SHOOTOUT |
| TRIFECTA | ATTN PAM EATON | 1775 BROADWAY SUITE 525 | NEW YORK | NY | 10019 | UNITED STATES | PROGRAM CONTRACT (WXMI) - PUNK'D |
| ULTIMATE INCENTIVES INC | 861 SOUTH ROUTE59 | | BARTLETT | IL | 60103 | UNITED STATES | PLANNING AND COORDINATING SALES INCENTIVE TRAVEL |
| US DEPT OF JUSTICE FBI | 26TH FLOOR, PV MCNAMARA | 477 MICHIGAN AVE | DETROIT | MI | 48226 | UNITED STATES | REVENUE AGREEMENT - LEASING SPACE ON MIDDLEVILLE ANTENNA FOR MICROWAVE EQUIP |
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - VOLUME 37 & 37B |
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - VOLUME 38 |
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - VOLUME 39 |

In re: Tribune Television Holdings, Inc.

Schedule G

Case No. 08-13242

Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Addresss 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract |
|---|---|---|---|---|---|---|---|
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - VOLUME 40 |
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | MOVIE/DISTRIBUTION PACKAGE (WXMI) - VOLUME 41 |
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | PROGRAM CONTRACT (WXMI) - FRIENDS (2ND CYCLE) |
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | PROGRAM CONTRACT (WXMI) - SEX AND THE CITY |
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | PROGRAM CONTRACT (WXMI) - TWO AND A HALF MEN |
| WARNER BROS. | 4000 WARNER BLVD. | STUDIO PLAZA 2ND FLOOR | BURBANK | CA | 91522 | UNITED STATES | PROGRAM CONTRACT (WXMI) - TYRA BANKS (08/09) |
| WASTE MANAGEMENT | 48797 ALPHA DRIVE | SUITE 150 | WIXOM | MI | 48393 | UNITED STATES | CONTRACT FOR TRASH REMOVAL |
| WEATHER SERVICE INTERNATIONAL | 400 MINUTEMAN RD | | ANDOVER | MA | 01810 | UNITED STATES | TECHNOLOGY/SOFTWARE MAINTENANCE AGREEMENT - WEATHER DATA SERVICES, HARDWARE & SOFTWARE SUPPORT AND MAINTENANCE |
| WEST MI UNIFORM | 407 W 17TH ST | | HOLLAND | MI | 49423 | UNITED STATES | CONTRACT FOR BI-WEEKLY FLOOR MAT MAINTENANCE |
| WGVU | 301 W FULTON | | GRAND RAPIDS | MI | 49504 | UNITED STATES | CONTRACT WITH LOCAL UNIVERSITY FOR USE OF BROADCASTING FACILITIES DUE TO AN OPERATING EMERGENCY |
| WRIGHT EXPRESS | PO BOX 639 | | PORTLAND | MA | 04104 | UNITED STATES | GAS CARD PROGRAM |

**B6H (Official Form 6H) (12/07)**

In re   **Tribune Television Holdings, Inc.**                    ,        Case No.   **08-13242**
                    **Debtor**                                                                        **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See attached rider | |

In re: Tribune Company, et al.                                                      Case No. 08-13141

**SCHEDULE H – DEBTORS**
**Rider**

**The Secured Facility**

The following Debtors:

> 5800 Sunset Production, Inc.
> California Community News Corporation
> Channel 39, Inc.
> Channel 40, Inc.
> Chicago Tribune Company
> Chicagoland Television News, Inc.
> Courant Speciality Products, Inc.
> Distribution Systems of America, Inc.
> Eagle New Media Investments, LLC (Tribune Company)
> Eagle Publishing Investments, LLC (Tribune Company)
> Forum Publishing Group, Inc.
> Gold Coast Publications, Inc.
> Homestead Publishing Company
> Hoy Publications, LLC (Tribune Company)
> KIAH Inc.
> KPLR, Inc.
> KSWB Inc.
> KTLA Inc.
> KWGN, Inc.
> Los Angeles Times Communications LLC (Tribune Los Angeles, Inc.)
> New Mass. Media, Inc.
> Orlando Sentinel Communications Company
> Patuxent Publishing Company
> Southern Connecticut Newspapers, Inc.
> Sun-Sentinel Company
> Star Community Publishing Group, LLC
> The Baltimore Sun Company
> The Daily Press, Inc.
> The Hartford Courant Company
> The Morning Call, Inc.
> TMLH 2, Inc.
> TMLS I, Inc.
> TMS Entertainment Guides, Inc.
> Tower Distribution Company
> Tribune Broadcast Holdings, Inc.
> Tribune Broadcasting Company
> Tribune Broadcasting Holdco, LLC (Tribune Company)
> Tribune California Properties, Inc.
> Tribune Direct Marketing, Inc.
> Tribune Entertainment Company
> Tribune Finance, LLC (Tribune Company)
> Tribune Los Angeles, Inc.
> Tribune Manhattan Newspaper Holdings, Inc.
> Tribune Media Net, Inc.
> Tribune Media Services, Inc.
> Tribune New York Newspaper Holdings, LLC (Tribune Manhattan Newspaper Holdings, Inc.)

Tribune NM, Inc.
Tribune Television Company
Tribune Television Holdings, Inc.
Tribune Television New Orleans, Inc.
Tribune Television Northwest, Inc.
Virginia Gazette Companies, LLC (The Daily Press, Inc.)
WDCW Broadcasting, Inc.
WGN Continental Broadcasting Company
WPIX, Inc.
WTXX Inc.

were either a borrower and/or guarantor with respect to the secured debt owed to the following party as of the Petition Date:

JP Morgan Chase Bank, NA as Agent
1111 Fannin
10th Floor
Houston, TX 77002

## **The Bridge Facility**

The following Debtors:

5800 Sunset Production, Inc.
California Community News Corporation
Channel 39, Inc.
Channel 40, Inc.
Chicago Tribune Company
Chicagoland Television News, Inc.
Courant Speciality Products, Inc.
Distribution Systems of America, Inc.
Eagle New Media Investments, LLC (Tribune Company)
Eagle Publishing Investments, LLC (Tribune Company)
Forum Publishing Group, Inc.
Gold Coast Publications, Inc.
Homestead Publishing Company
Hoy Publications, LLC (Tribune Company)
KIAH Inc.
KPLR, Inc.
KSWB Inc.
KTLA Inc.
KWGN, Inc.
Los Angeles Times Communications LLC (Tribune Los Angeles, Inc.)
New Mass. Media, Inc.
Orlando Sentinel Communications Company
Patuxent Publishing Company
Southern Connecticut Newspapers, Inc.
Sun-Sentinel Company
Star Community Publishing Group, LLC
The Baltimore Sun Company
The Daily Press, Inc.
The Hartford Courant Company
The Morning Call, Inc.
TMLH 2, Inc.
TMLS I, Inc.
TMS Entertainment Guides, Inc.

Tower Distribution Company
Tribune Broadcast Holdings, Inc.
Tribune Broadcasting Company
Tribune Broadcasting Holdco, LLC (Tribune Company)
Tribune California Properties, Inc.
Tribune Direct Marketing, Inc.
Tribune Entertainment Company
Tribune Finance, LLC (Tribune Company)
Tribune Los Angeles, Inc.
Tribune Manhattan Newspaper Holdings, Inc.
Tribune Media Net, Inc.
Tribune Media Services, Inc.
Tribune NM, Inc.
Tribune New York Newspaper Holdings, LLC (Tribune Manhattan Newspaper Holdings, Inc.)
Tribune Television Company
Tribune Television Holdings, Inc.
Tribune Television New Orleans, Inc.
Tribune Television Northwest, Inc.
Virginia Gazette Companies, LLC (The Daily Press, Inc.)
WDCW Broadcasting, Inc.
WGN Continental Broadcasting Company
WPIX, Inc.
WTXX Inc.

were either a borrower and/or guarantor with respect to the unsecured debt owed to the following parties as of the Petition Date:

Merrill Lynch Capital Corporation, as Agent
Loan Operations
600 E. Las Colinas Boulevard
Suite 1300
Irving, TX 75039

In re **Tribune Television Holdings, Inc.,**
           Debtor

Case No. **08-13242**
                    **(if known)**

# DECLARATION CONCERNING DEBTOR'S AMENDED SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____     Signature: _____ Debtor

Date _____     Signature: _____ (Joint Debtor, if any)

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------------------------------------------------

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

X _____                    _____
Printed or Typed Name and Title, if any,                                           Social Security No.
of Bankruptcy Petition Preparer                                                          *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____                    _____
Signature of Bankruptcy Petition Preparer                                           Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-------------------------------------------------------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Senior Vice President and Chief Financial Officer of Tribune Company, the parent company of the above-referenced Corporation, and an officer of the Corporation named as debtor in this case, declare under penalty of perjury that I or persons under my direction have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that based upon that review they are true and correct to the best of my knowledge, information, and belief.

Date   4/13/2009                                          Signature: /s/ Chandler Bigelow, III

                                                                       Chandler Bigelow, III
                                                                       Senior Vice President and Chief Financial Officer of the Tribune Company

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.