IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, : Debtors. : : | Case No. 08-13141 (KJC)<br>Objection Date: May 4, 2009 at 4:00 p.m.<br>Hearing Date: *Only if Objections are filed* |

## FIRST MONTHLY FEE APPLICATION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM <u>DECEMBER 8, 2008 THROUGH JANUARY 31, 2009</u>

| | |
|---|---|
| Name of Applicant: | **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.** |
| Authorized to Provide Professional Services to: | **Tribune Company, *et al.*** |
| Date of Retention: | **February 3, 2009** *nunc pro tunc* **to December 8, 2008** |
| Period for which Compensation and Reimbursement is sought: | **December 8, 2008 through January 31, 2009** |
| Amount of Compensation sought as actual, reasonable and necessary: | **$233,913** |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | **$21,827.87** |
| This is a: | **First Monthly Application** |

The time expended for the preparation of the Applicant's first monthly fee application will be included in the Applicant's *next* fee application.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Authorized Fees (80%)/ Expenses (100%) |
|---|---|---|---|---|
| 1st | 4/14/09 | 12/8/08 – 1/31/09 | $233,913/$21,827.87 | *pending* |

## TRIBUNE COMPANY, *et al.*

## SUMMARY OF BILLING BY ATTORNEY
## DECEMBER 8, 2008 THROUGH JANUARY 31, 2009

| Name of Professional Person | Date of Bar Admission | Position with the applicant and number of years in that position | Hourly billing rate* | Total billed hours | Total compensation |
|---|---|---|---|---|---|
| Norman L. Pernick | 1985 | Member (since 2008) | $650.00 | 89.0 | $57,850.00 |
| Michael F. Bonkowski | 1983 | Member (since 2008) | $525.00 | 7.8 | $4,095.00 |
| Warren Usatine [1] | 1995 | Member (since 2002) | $475.00 | 10.6 | $4,370.00 |
| J. Kate Stickles | 1990 | Member (since 2008) | $480.00 | 252.6 | $121,248.00 |
| Patrick J. Reilley | 2003 | Associate (since 2008) | $330.00 | 44.9 | $14,817.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (since 2008) | $190.00 | 159.9 | $30,381.00 |
| Kimberly A. Stahl | N/A | Paralegal (since 2008) | $160.00 | 7.2 | $1,152.00 |
| TOTALS | | | | 572.00 | $233,913.00 |

**Blended Rate: $408.94**

[1] This amount reflects a voluntary reduction of $665 (50%) related to non-working travel.

\*    This rate is Cole, Schotz, Meisel, Forman & Leonard, P.A.'s regular hourly rate for legal services. All hourly rates are adjusted by Cole, Schotz, Meisel, Forman & Leonard, P.A. on a periodic basis (the last such adjustment occurred on September 1, 2008).

## TRIBUNE COMPANY, et al.

### COMPENSATION BY PROJECT CATEGORY
### DECEMBER 8, 2008 THROUGH JANUARY 31, 2009

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Dispositions, Sales, Uses, and Leases (Sec. 363) | 37.5 | $15,370.00 |
| Automatic Stay Matters/Litigation | 2.0 | $886.00 |
| Case Administration | 135.7 | $47,126.00 |
| Cash Collateral and DIP Financing | 29.1 | $11,137.00 |
| Claims Analysis, Administration and Objections | 0.1 | $19.00 |
| Committee Matters and Creditor Meetings | 3.1 | $1,570.00 |
| Creditor Inquiries | 3.7 | $1,626.00 |
| Employee Matters | 19.5 | $6,547.00 |
| Executory Contracts | 13.7 | $5,563.00 |
| Fee Application Matters/Objections | 18.3 | $7,111.00 |
| Leases (Real Property) | 5.5 | $1,884.00 |
| Litigation/General (Except Automatic Stay Relief) | 2.2 | $1,155.00 |
| Non-Working Travel | 2.8 | $665.00 |
| Preparation for and Attendance at Hearings | 93.5 | $40,593.00 |
| Press/Public Affairs | 0.2 | $130.00 |
| Reports; Statements and Schedules | 12.0 | $5,478.00 |
| Retention Matters | 67.2 | $28,771.00 |
| Tax/General | 0.1 | $48.00 |
| U.S. Trustee Matters and Meetings | 36.1 | $19,495.00 |
| Utilities/Sec. 366 Issues | 76.6 | $32,864.00 |
| Vendor Matters | 7.3 | $2,869.00 |
| General Corporate Advice | 5.8 | $3,006.00 |
| **TOTAL** | **572.00** | **$233,913.00** |

**TRIBUNE COMPANY,** *et al.*

**EXPENSE SUMMARY**
**DECEMBER 8, 2008 THROUGH JANUARY 31, 2009**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying (17,150 pages @ $0.10/page) | | $1,715.00 |
| Telephone | | $30.46 |
| Postage | | $24.95 |
| Filing Fees (*Pro Hac Admissions*) | U.S. District Court | $150.00 |
| Travel Expenses (taxi, parking, mileage) | Eagle Transportation Services; City Wide Transportation; | $956.53 |
| Travel Expenses – Trainfare | Amtrak | $427.67 |
| Working Meals | Washington Street Ale House; Healy's; Cavanaugh's; Purebread | $1,043.59 |
| Document Retrieval/Court Documents | PACER Service Center | $64.40 |
| Transcripts | Laws Transcription Service | $495.95 |
| Meeting Room – Formation Meeting | Hotel DuPont | $3,412.24 |
| Outside Photocopying | Parcels, Inc. | $11,076.25 |
| Messenger Service | Parcels, Inc. | $1,446.10 |
| Outside Postage | Parcels, Inc. | $389.07 |
| Outside Telecopier | Parcels, Inc. | $265.25 |
| Overnight Delivery | Federal Express | $85.33 |
| Legal Research | Westlaw | $245.08 |
| **TOTAL** | | **$21,827.87** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors. | Objection Date: May 4, 2009 at 4:00 p.m. |
| | Hearing Date: *Only if Objections are filed* |

**FIRST MONTHLY FEE APPLICATION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A., CO-COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 8, 2008 THROUGH JANUARY 31, 2009**

Cole, Schotz, Meisel, Forman & Leonard, P.A. (the "Applicant"), co-counsel to the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases, hereby applies to the Court for monthly allowance of compensation for services rendered, in the amount of $233,913, and reimbursement of expenses in the amount of $21,827.87 for the period from December 8, 2008 through January 31, 2009 (the "Application"), and respectfully represents as follows:

1. On December 8, 2008, each of the Debtors filed a voluntary petition for relief with this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"). The Debtors operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On or about December 18, 2008, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") pursuant to 11 U.S.C. § 1102(a)(1).

3. On March 19, 2009, the Court appointed Stuart Maue as the Fee Examiner in these cases.

4. On February 3, 2009, this Court authorized the Debtors to retain Applicant, *nunc pro tunc* to December 8, 2008, to serve as co-counsel to the Debtors in these proceedings.

46429/0001-5303222v1

5. On January 15, 2009, this Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Official Committee Members (the "Fee Order"), and on January 6, 2009, this Court entered an Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Auditor Order"). Pursuant to the Fee Order and section 331 of the Bankruptcy Code, Applicant makes this Application for interim allowance of compensation for professional services rendered and for reimbursement of expenses necessarily incurred by Applicant in serving as co-counsel to the Debtors. By this procedure, in the absence of any objection to the monthly fee application within twenty (20) days of the submission thereof, Debtors are authorized to pay 80% of the fees requested and 100% of the disbursements requested. Pursuant to the Fee Order, Applicant submits this Application for the period from December 8, 2008 through January 31, 2009.

6. Attached hereto as Exhibit "A" is the Affidavit of Applicant with respect to the compensation requested.

7. Attached hereto as Exhibit "B" is an itemization by billing professional covering all the services performed by Applicant with respect to these matters from December 8, 2008 through January 31, 2009.

8. Attached hereto as Exhibit "C" is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters from December 8, 2008 through January 31, 2009. This detailed itemization complies with Del. Bankr. L. R. 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

9. The Applicant serves as co-counsel to the Debtors and is active in all aspects of these chapter 11 proceedings. The following summary highlights the major areas in which the Applicant rendered services for the time period covered by this Application. The full breadth of Applicant's services for the time period are reflected in the attached Exhibit "C".

1) <u>Asset Dispositions, Sales, Uses and Leases (Section 363)</u> (37.5 hours; $15,370.00). This category includes time related to review, analysis, negotiation and approval of various sales, dispositions or use/leases of property, including authorization for: (i) Debtor Chicago Tribune Company to enter into a Postpetition Master Services Agreement with Dow Jones & Company, Inc.; (ii) Debtor KPLR, Inc. to enter into a Postpetition Local Marketing Agreement with Community Television of Missouri; and (iii) Debtor Tribune Company to enter into an Amendment and Assignment of Engagement Letter with J.P. Morgan Securities Inc.

2) <u>Case Administration</u> (135.7 hours; $47,126.00). This category includes a number of different tasks necessary to comply with the requirements of this Court, the Office of the United States Trustee or the Bankruptcy Code, including without limitation, reviewing general case documents, reviewing and maintaining dockets and case calendar, scheduling of hearings with the Court, filing and service of pleadings and preparation of affidavits of mailing and service lists, time spent conferring with the Committee regarding action items, division of labor and strategies, maintaining a document depository, as well as other miscellaneous tasks not otherwise separately classifiable.

3) <u>Cash Collateral and DIP Financing</u> (29.1 hours; $11,137.00). This category includes time spent negotiating, preparing and filing a: (1) motion for interim and final DIP orders; (2) motion for cash management; (3) three omnibus DIP amendments; (4) amended securitization facility; and (5) motion to extend time to comply with section 345 requirements.

4) <u>Employee Matters</u> (19.5 hours; $6,547.00). This category includes time spent negotiating, preparing and filing a: (1) motion regarding union pension plans; (2) motion regarding employee retention plan; (3) motion implementing a severance policy; and (4) motion regarding non-insider incentive programs.

5) <u>Fee Application Matters/Objections</u> (18.3 hours; $7,111.00). This category includes time spent negotiating, preparing and filing a motion establishing interim compensation procedures and researching potential fee auditors pursuant to Court's request.

6) <u>Preparation for and Attendance at Hearings</u> (93.5 hours; $40,593.00). This category includes time related to attending hearings before this Court as well as time spent preparing for hearings, including review of documents, witness preparation, strategy meetings with the Debtors' representatives, preparation of hearing presentation, hearing notebooks and post-hearing reports.

7) <u>Retention Matters</u> (67.2 hours; $28,771.00). This category includes time related to obtaining approval of the retention of counsel and other professionals for the Debtors, including various professionals retained in the ordinary course of business, and filing supplemental disclosures.

8) <u>U.S. Trustee Matters and Meetings</u> (36.1 hours; $19,495.00). This category includes time related to preparation for meetings under section 341 of the Bankruptcy Code and complying with the other requirements of the office of the United States Trustee.

9) <u>Utilities/Sec. 336 Issues</u> (76.6 hours; $32,864.00). This category includes time related to preparing for interim and final utility hearings, and negotiating adequate assurance payments and related utility issues.

10. Attached hereto as Exhibit "D" is a description of the costs actually expended by the Applicant in the performance of services rendered as co-counsel to the Debtors. These costs

4

for which reimbursement is requested total $21,827.87. The breakdown of costs includes the rate for copying charges ($.10/page) and the basis for each rate, telephone charges, facsimile charges ($1.00/page – outgoing transmission only), postage, outside photocopying, messenger service, document retrieval charges, travel expenses, overnight delivery, working meals, legal research, transcription services. By this Application, the Applicant does not seek expenses for incoming facsimile transmissions.

WHEREFORE, Cole, Schotz, Meisel, Forman & Leonard, P.A. respectfully requests that the Court enter an Order: (i) granting the Application and authorizing allowance of compensation in the amount of $233,913 for professional services rendered, and $21,827.87 for reimbursement for actual and necessary costs; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as this Court deems necessary and just.

Dated: April 14, 2009

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 652-3131
(302) 652-3117 (fax)

*Attorneys for Debtors and
Debtors in Possession*

5