IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: May 5, 2009<br>Hearing Date: *Only if Objections are filed* |

**COMBINED[1] MONTHLY AND FIRST QUARTERLY APPLICATION OF MCDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009**

| | |
|---|---|
| **Name of Applicant:** | McDermott Will & Emery LLP |
| **Authorized to Provide Professional Services to:** | Tribune Company, et al. |
| **Date of Retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | December 8, 2008 through February 28, 2009 |
| **Amount of Compensation sought as actual, reasonable and necessary:** | $530,504.50 (80% of which is $424,403.60) |
| **Amount of Expense Reimbursement sought as actual, reasonable and necessary:** | $6,808.20 |

This is an: _x_ monthly   _x_ interim   ___ final application
This is a Combined Monthly and First Quarterly Fee Application

This fee application does not include any time for preparation of any fee application.
Prior Applications Filed: None

---

[1] This Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 ("Compensation Order") provides that retained professionals may file monthly fee statements and first quarterly fee applications shall be filed by April 15, 2009 for the period from December 8, 2008 through February 28, 2009. Because McDermott was only retained on March 13, 2009, it had not filed any monthly fee statements as of the date hereof. In consultation with the Fee Examiner appointed by this Court on March 19, 2009, and to remain in compliance with the Compensation Order, McDermott has determined that its first monthly fee statements and first quarterly fee application should be combined.

NYK 1204454-2.020336.0515

## COMPENSATION FOR PROFESSIONALS
## DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009[2]

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $915 | 168.80 | $154,452.00 |
| Philip J. Levine | Partner, Tax, Member of New York Bar since 1975, Member of District of Columbia Bar since 2002 | 835 | 18.00 | $15,030.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | 750 | 141.80 | $106,350 |
| Brooks B. Gruemmer | Partner, Corporate, Member of Illinois Bar since 1990 | 690 | 3.80 | $2,622.00 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | 715 | 12.80 | $9,152.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | 580 | 104.60 | $60,688.00 |
| Mark A. Opper | Partner, Tax, Member of Georgia Bar since 2000 (inactive), Member of Virginia Bar since 2002, Member of District of Columbia Bar since 2006 | 490 | 33.40 | $16,366.00 |
| Daniel N. Zucker | Partner, Tax, Member of Illinois Bar since 1984 | 795 | 1.00 | $795.00 |
| Geoffrey T. Raicht | Partner, Restructuring & Insolvency, Member of New York Bar since 1998 | 715 | 12.80 | $9,152.00 |
| Gary O. Ravert | Partner, Restructuring & Insolvency, Member of New York Bar since 2001 | 585 | 112.60 | $65,871.00 |
| William P. Smith | Partner, Restructuring & Insolvency, Member of Ohio Bar since 1977, Member of Illinois Bar since 1984 | 795 | 4.80 | $3,816.00 |
| Raymond M. | Partner, Employee Benefits, Member | 570 | 0.50 | $285.00 |

---

[2] Due to inadvertent error in communication, the billing rates provided in Blake D. Rubin's supplemental declaration are inaccurate as to Paul J. Compernolle and Philip J. Levine. The correct rates according to the guidelines are provided for in this fee application.

| Fernando | of Illinois Bar since 2002 | | | |
|---|---|---|---|---|
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | 610 | 0.50 | $305.00 |
| Joseph H. Selby | Partner, Tax, Member of Massachusetts Bar since 1999, Member of District of Columbia Bar since 2003 | 505 | 28.90 | $14,594.50 |
| Christopher Lin | Partner, Corporate, Member of Illinois Bar since 2002 | 480 | 1.50 | $720.00 |
| Samuel W. Wales | Partner, Corporate, Member of Illinois Bar since 2000 | 540 | 0.30 | $162.00 |
| Jennifer M. Mikulina | Partner, Intellectual Property Media & Technology, Member of Illinois Bar since 2001, Member of Wisconsin Bar since 2001 | 500 | 0.20 | $100.00 |
| Fred M. Ackerson | Counsel, Tax, Member of Illinois Bar since 1980 | 615 | 1.00 | $615.00 |
| Robert Feldgarden, PC | Counsel, Tax, Member of District of Columbia Bar since 1975 | 835 | 0.50 | $417.50 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | 320 | 73.20 | $23,424.00 |
| Timothy S. Shuman | Associate, Tax, Member of Illinois Bar since 2006, Member of District of Columbia Bar since 2007 | 320 | 35.30 | $11,296.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | 305 | 65.20 | $19,886.00 |
| Daniel S. Fuchs | Associate, Tax, Member of Illinois Bar since 2006 | 315 | 0.80 | $252.00 |
| Peter Acton | Associate, Trial, Member of Massachusetts Bar since 2002 | 445 | 0.30 | $133.50 |
| Kathleen I. Edwards | Associate, Corporate, Member of Illinois Bar since 2008 | 300 | 3.40 | $1,020.00 |
| Danica C. Dodds | Associate, Tax, Member of California Bar since 2009 | 280 | 46.50 | $13,020.00 |
| Grand Total: | | | 872.50 | $530,504.50 |
| Blended Rate: | | | | $608.03 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Tax | 0.5 | $457.50 |
| Newsday | 10.0 | $4,876.00 |
| Newsday Benefits | 5.0 | $3,450.00 |
| Chapter 11 Restructuring | 687.3 | $410,853.50 |
| Fee/Retention Applications | 169.7 | $110,867.50 |
| **TOTAL:** | 872.5 | $530,504.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Computer Assisted Legal Research | Lexisnexis Westlaw | $5,058.26 |
| Courier & Express Carriers | Washington Express Services | $15.86 |
| Facsimile (with rates) | | $0.00 |
| In-House Reproduction | | $210.00 |
| Filing/Court Fees | | $0.00 |
| Out-of-Town Travel | | $800.20 |
| Photocopies | | $39.60 |
| Telecommunications | Conference Plus | $574.12 |
| Transportation | | $110.16 |
| **TOTAL** | | $6,808.20 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objections Due: April __, 2009<br>Hearing Date: *Only if Objections are filed* |

## COMBINED MONTHLY AND FIRST QUARTERLY APPLICATION OF MCDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009

McDermott Will & Emery LLP, ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this combined monthly and first quarterly application (the "Application") for allowance of compensation for services rendered in the amount of $530,504.50 (80% of which equals $424,403.60) and reimbursement for expenses incurred in the amount of $6,808.20 during the period commencing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

December 8, 2008 (the "Petition Date") through and including February 28, 2009 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Application, McDermott respectfully represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

2.  On the Petition Date, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

3.  The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as a debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.  No trustee has been appointed in these chapter 11 cases.

5.  On March 19, 2009, this Court appointed a fee examiner (the "Fee Examiner") pursuant to the Fee Examiner Order.

### MCDERMOTT RETENTION

6.  Prior to the Petition Date, Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

7.  On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.

### COMPENSATION PAID AND ITS SOURCES

8.  All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

9.  In compliance with Rule 2016-A, McDermott confirms that during the Application Period McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between McDermott and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

10.     McDermott is not seeking any other compensation under any other section of the Bankruptcy Code other than section 330.

11.     As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26. McDermott is not subject to any other conditions of compensation or employment, including limitations on fees or other charges.

### FEE STATEMENTS/FIRST QUARTERLY FEE APPLICATION

12.     The Compensation Order provides that retained professionals may file monthly fee statements. The Compensation Order further provides that the first quarterly fee application shall be filed by April 15, 2009 for the period from December 8, 2008 through February 28, 2009. Because McDermott was only retained on March 13, 2009, it has not filed any monthly fee statements as of the date hereof. In consultation with the Fee Examiner, and to remain in compliance with the Compensation Order, McDermott has determined to combine its initial monthly fee statements and its first quarterly fee application.

13.     In accordance with the Guidelines, McDermott utilized its existing hourly rate structure. McDermott charges, and the Debtors have agreed to pay, McDermott's usual and customary rates for comparable work performed for other non-bankruptcy clients. The names and hourly rates for all of McDermott's attorneys and paralegals who performed services on behalf of the Debtors during the Application Period are shown on the cover sheet to the Application and are incorporated herein by reference.

14.     McDermott's detailed time and expense records for services rendered to the Debtors during the Application Period are made part of the monthly time records attached hereto as Exhibit A. The time records are broken out by specific matter and indicate the name of the

professional who rendered the services, a description of the services provided, the professional's billing rate and the amount of time (calculated in tenths of an hour) expended.

15. To the best of McDermott's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines, Local Rule 2016-2, the Fee Examiner Order and the Compensation Order. Attached hereto as Exhibit B is a certification of McDermott's compliance with such applicable rules.

## SUMMARY OF SERVICES

16. By this Application, McDermott seeks interim allowance of compensation for **872.50** hours of professional services rendered on behalf of the Debtors during the Application Period.

17. The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Application Period, organized by project category.

### Matter 0500 – General Tax

18. During the Application Period, McDermott provided general tax advice concerning the Debtor's OID reporting requirements.

### Matter 0507 – Newsday

19. During the Application Period, McDermott completed general post-closing work related to the Newsday transaction, including advising the Debtors regarding their obligations related to certain litigation matters and COBRA liability for certain terminating employees. Further, McDermott assisted the Debtors in connection with post-closing working capital reconciliation provided for certain Formation Agreements. Finally, McDermott reviewed intellectual property recordations in connection with the Newsday transaction.

**Matter 0509 – Newsday/Benefits**

20.  During the Application Period, McDermott advised the Debtors on whether the Debtors or Newsday had the legal obligation to provide COBRA medical plan continuation coverage after the end of the transition services agreement between the Debtors and Newsday. This involved researching Internal Revenue Service and Department of Labor guidance, reviewing Department of Labor reporting forms, reviewing the applicable contract, and various telephone conversations with individuals at the Debtors' offices.

**Matter 0515 – Chapter 11 Restructuring Tax Planning**

21.  During the Application Period, McDermott reviewed and analyzed various contractual arrangements to which certain non-Debtor affiliates were parties and performed legal research relating to the consequences under the contracts and applicable law of a potential bankruptcy filing by such affiliates. McDermott assisted the Debtors' in negotiating and documenting its DIP financing to ensure that the Debtors' would retain the flexibility to engage in various potential transactions involving the disposition of certain assets. McDermott worked extensively with the Debtors', their financial advisors and creditor representatives to develop various alternative structures for a reorganized Tribune involving S corporations, limited liability companies and C corporations, including researching and analyzing many novel tax issues arising in connection with the various alternatives. McDermott assisted the Debtors' in determining their tax reporting with respect to certain debt instruments as a result of the bankruptcy, and in analyzing the impact of the bankruptcy on the Debtors' own tax position. McDermott assisted the Debtors' in developing a financial model for use in developing and negotiating a plan of reorganization. McDermott assisted the Debtors' with various tax planning

NYK 1203943-5.020336.0515

matters arising as a result of its bankruptcy and their unique S corporation/ESOP ownership structure.

### Matter 0515 – Retention/Fee Application

22. During the Application Period, McDermott drafted, reviewed, responded to comments to, and finalized its 327(e) retention application, and a declaration in support thereof. After the filing, McDermott engaged in discussions with the United States Trustee concerning converting the application to a Bankruptcy Code section 327(a) application. In connection therewith, McDermott discussed, researched and responded to concerns raised by the United States Trustee concerning additional disclosures and requirements under *In re Pillowtex*, 304 F.3d 246 (3rd Cir. 2002). Following those discussions, McDermott resolved all of the concerns raised and filed two additional declarations in support of its application at the request of the United States Trustee and this Court.

### ACTUAL AND NECESSARY EXPENSES

23. By this Application, McDermott seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of such services in the amount of **$6,808.20**. Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues. In order for McDermott to analyze and address such issues properly, McDermott attorneys performed computerized legal research during the Application Period, all of which was necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

24. With respect to photocopying expenses, McDermott ordinarily charges all of its clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $.10 per page. With respect to facsimile expenses, in

compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions. In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls were required. On at least one occasion, overnight delivery of documents or other materials was required as a result of circumstances necessitating the use of such express services. These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates. Only clients who actually use services of the types set forth in the cover sheet to this Application are separately charged for such services. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

## CONCLUSION

25. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. McDermott has reviewed the requirements of Del. Bankr. L.R. 2016-2 and reasonably believes that this Application complies with that Rule.

## NOTICE

26. This Application has been served pursuant the requirements set forth in the Interim Compensation Order and the Fee Examiner Order, and the fee examiner has been provided copies of the detailed time and expenses records in LEDES format.

27. No previous motion for the relief sought herein has been made to this or any other court.

NYK 1203943-5.020336.0515

WHEREFORE, McDermott respectfully requests that this Court authorize that an allowance be made to McDermott pursuant to the terms of the Compensation Order for the period of December 8, 2008 through February 28, 2009:

(a) authorizing compensation in the amount of $530,504.50 (80% of which equals $424,403.60) for professional services rendered, and reimbursement of expenses incurred in connection wherewith in the amount of $6,808.20, for a total of $431,211.80; (b) authorizing and directing the McDermott to draw down on the retainer it holds in the amount of $67,777.26 and authorizing and directing the Debtors to remit payment to McDermott for the balance as set forth herein; and (c) granting such other and further relief as this Court deems just and proper

Dated: Washington, District of Columbia
April 13, 2009

McDERMOTT WILL & EMERY LLP

/s/ Blake D. Rubin

Blake D. Rubin (*Pro hac vice* pending)
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8424
Facsimile: (202) 756-8087

and

Gary O. Ravert (*Pro hac vice* pending)
340 Madison Avenue
New York, NY. 10173-1922
Telephone: (212) 547-5598
Facsimile: (212) 547-5444

*Special Counsel for Domestic Legal Matters to Tribune Company, et al.*

-9-