# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 ) ) Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) ) Jointly Administered |
| Debtors. | ) ) **Objections Due: May 5, 2009 at 4:00 p.m.** ) **Hearing Date: To be determined** ) |

## FIRST QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009

| Name of Applicant: | Jenner & Block LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which Compensation and Reimbursement is Sought: | December 8, 2008 to February 28, 2009 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $90,021.75 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $2,386.85 |

This is a Quarterly Application.

Prior Applications Filed: None

Summary of Time Recorded
December 8, 2008 through February 28, 2009

ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| David J. Bradford | Litigation | 1976 | 875.00 | 28.20 | 24,675.00 |
| | | | 800.00 | 8.10 | 6,480.00 |
| Craig C. Martin | Litigation | 1988 | 850.00 | 3.50 | 2,975.00 |
| | | | 775.00 | 0.50 | 387.50 |
| Catherine Steege | Commercial | 1982 | 725.00 | 15.00 | 10,875.00 |
| Barry Levenstam | Litigation | 1978 | 700.00 | 2.90 | 2,030.00 |
| | | | 675.00 | 4.20 | 2,835.00 |
| David M. Greenwald | Litigation | 1986 | 600.00 | 1.00 | 600.00 |
| **PARTNER TOTALS** | | | | 63.40 | 50,857.50 |

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **ASSOCIATES** | | | | | |
| Douglas Sondgeroth | Litigation | 2002 | 525.00 | 17.30 | 9,082.50 |
| | | | 470.00 | 14.40 | 6,768.00 |
| Melissa M. Hinds | Commercial | 2003 | 495.00 | 12.60 | 6,237.00 |
| Reena R. Bajowala | Litigation | 2005 | 435.00 | 10.30 | 4,480.50 |
| David H. Hixson | Commercial | 2006 | 400.00 | 12.80 | 5,120.00 |
| | | | 350.00 | 21.80 | 7,630.00 |
| Spiridoula Mavrothalasitis | Litigation | 2003 | 410.00 | 0.30 | 123.00 |
| **ASSOCIATE TOTALS** | | | | 89.50 | 39,441.00 |

PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Shawn K. McGee | 270.00 | 4.00 | 1,080.00 |
| Michael H. Matlock | 260.00 | 0.40 | 104.00 |
| David K. Morgan | 230.00 | 10.60 | 2,438.00 |
| | 220.00 | 10.30 | 2,266.00 |
| Panagiota Ramos | 170.00 | 4.00 | 680.00 |
| | 160.00 | 0.50 | 80.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | 29.80 | 6,648.00 |

Total dollar amount of services rendered (Attorneys and Paraprofessionals): $96,946.50

BLENDED HOURLY RATE: $530.63

## SUMMARY OF DISBURSEMENTS

| Description | Amount |
|---|---:|
| In-City Transportation | 24.00 |
| Outside Professional Services (Abe-Carvens Detective Agency) | 52.00 |
| Pacer Charges | 62.96 |
| Photocopy | 350.00 |
| Westlaw Research | 1,897.89 |
| | $2,386.85 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>　　　　　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 08-13141 (KJC)<br>)<br>) Jointly Administered<br>)<br>) **Objections Due: May 5, 2009 at 4:00 p.m.**<br>) **Hearing Date: To be determined**<br>) |

**FIRST QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009**

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") for approval and allowance of compensation for services rendered in the amount of $90,021.75 and reimbursement of expenses incurred in the amount of $2,386.85 during the period commencing December 8, 2008 through and including February 28, 2009 (the "Application Period"). This Application is submitted pursuant to Sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"). In support of the Application, Jenner respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103(a).

2. The statutory bases for relief requested herein are Sections 328, 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these chapter 11 cases.

6. On February 20, 2009, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the "Retention Order").

7. Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as special counsel in connection with litigation matters. Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and certain other defendants in the lawsuit *Neil et al. v.*

*Zell, et al.* (the "*Neil* Litigation"), Case No: 08-cv-06833 in the United States District Court for the Northern District of Illinois (the "District Court"). In the *Neil* Litigation, certain of the Debtors' former employees have asserted three causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act and Delaware state law related to The Tribune Company's Employee Stock Ownership Plans ("ESOP"). The plaintiffs are seeking class certification for their claims. With respect to the *Neil* Litigation, the scope of Jenner's representation is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases." (Retention Order at 2-3.)

8.  Jenner currently holds a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors. The Retention Order provides that Jenner shall exhaust this retainer in satisfaction of allowed interim compensation and reimbursement requests prior to seeking further payments from the Debtors.

9.  Additionally, as set forth in Jenner's application to be retained in these cases, Equity Group Investments, LLC ("EGI") is responsible for paying one-fourteenth (1/14) of the legal fees due to Jenner on account of its representation of the Debtors. EGI is not responsible for reimbursing Jenner on account of any expenses incurred by Jenner. Thus, in this Application, Jenner reduces the amount of compensation for services rendered it is seeking by the amount of the payments it has already received from EGI.

10. This is Jenner's first fee application.

## COMPENSATION PAID AND ITS SOURCES

11. All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

12. As set forth above, EGI is responsible for paying one-fourteenth of the legal fees due to Jenner, and Jenner has received payment of $6,924.75 for services rendered during the Application Period. During the Application Period, Jenner has received no payment and no promise of payment from any source other than EGI for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

13. The fee statement for the Application Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Jenner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

## SUMMARY OF SERVICES

14. As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Jenner during the Application Period total $96,946.50. The services rendered by Jenner during the Application Period are grouped into specific project categories as set forth in Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

15. The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Application Period, organized by project category.

A. **ESOP / Stay Issues**

Fees: $88,631.50     Total Hours: 165.80

16. During the Application Period, Jenner devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the enforcement of the automatic stay in the *Neil* Litigation. Jenner has researched and drafted memoranda regarding the applicability of the automatic stay to the *Neil* Litigation, which raised issues concerning indemnification of the Debtors' board of directors, whether the Debtors were necessary parties to the *Neil* Litigation, and whether the Neil Litigation would impact the Debtors' estate. These issues required additional analysis in light of the fact that the *Neil* plaintiffs have filed two amended complaints since the filing of the Debtors chapter 11 cases. Jenner has also sought to determine whether this Court could, in the alternative, stay the Neil Litigation pursuant to its authority under Section 105(a) of the Bankruptcy Code. Jenner's efforts in this regard culminated in the filing of a motion for a preliminary injunction staying the Neil Litigation and an adversary complaint seeking to stay the Neil Litigation pursuant to Section 105(a), both filed with this Court.

17. At the District Court's request, Jenner has also researched and briefed whether the District Court or this Court is the more appropriate forum to determine whether the automatic stay applies to the *Neil* Litigation.

18. In addition to the above, Jenner's time includes: (i) communications with Debtors' general bankruptcy counsel to coordinate efforts and avoid the duplication of work; (ii) communications with opposing counsel; (iii) drafting a notice of stay and motion to modify

the schedule in the *Neil* Litigation; (iv) appearing in court on the foregoing matters; and (v) updating and maintaining files related to the *Neil* Litigation and the proceedings in this Court.

**B.    Fee/Retention Applications**

Fees: $8,315.00        Total Hours: 16.90

19.    During the Application Period, Jenner attorneys expended limited time on retention issues. This category of time descriptions relates to the fees and expenses incurred in moving for the retention of Jenner as special litigation counsel for the Debtors.

20.    As the vast majority of time related to preparation of this Application has been incurred after February 28, 2009, the next fee application will capture the time and charges related to its preparation.

## ACTUAL AND NECESSARY EXPENSES

21.    A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Application Period in the amount of $2,386.85 is attached hereto as Exhibit B. Jenner's standard charge for photocopies is $0.08 per page. Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

22.    With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

23.    Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES

24.    Attorneys and paraprofessionals of Jenner have expended a total of 182.70 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly

rates for work of this character. The reasonable value of services rendered by Jenner to the Debtors during the Application Period is $96,940.50. As set forth above, Jenner has already received payment of $6,924.75 from EGI (representing one-fourteenth of legal fees due to Jenner), and therefore seeks allowance of compensation in the amount of $90,021.75. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Jenner reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

25. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that this Court enter and Order authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period December 8, 2008 through February 28, 2009 and:

(a) finding that Jenner is entitled to $96,946.50 for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $2,386.85, for a total of $99,333.35; (b) authorizing Jenner to draw against its retainer in the amount of

$92,408.60[1] for services rendered and expenses incurred; and (c) granting such other and further relief as this Court deems just and proper.

Dated: April 15, 2009

By: _____
One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
Craig C. Martin
330 North Wabash Avenue
Chicago, IL 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email: dbradford@jenner.com
cmartin@jenner.com

---

[1] This amount was calculated by taking the amount of legal fees owed to Jenner ($96,946.50), subtracting the one-fourteenth portion of those fees that EGI is responsible for ($6,924.75), and adding the amount of expenses incurred by Jenner ($2,386.85). ($96,946.50 - $6,924.75 + $2,386.85 = $92,408.60.)

11