# IN THE UNITED STATES BANKRUTPCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>                    Debtors. | Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Objection Deadline: May 5, 2009 @ 4:00 pm<br>Hearing Date: May 12, 2009 @ 10:00 am |

### MOTION OF NAVISTAR LEASING COMPANY FOR RELIEF FROM THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, TO COMPEL IMMEDIATE ASSUMPTION OR REJECTION OF THE UNEXPIRED LEASE AND FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE CLAIM

Movant, Navistar Leasing Company ("Navistar"), by and through its undersigned counsel, files this Motion for Relief from the Automatic Stay or to Compel Immediate Assumption or Rejection of the Unexpired Lease and for Allowance and Immediate Payment of Administrative Claim (the "Motion") and in support thereof states:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is a is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of this motion is proper pursuant to 28 U.S.C. § 1409.

2.  The statutory predicates for the requested relief are 11 U.S.C. §§ 362(d) and 365(d).

### PROCEDURAL AND FACTUAL BACKGROUND

3.  On or about December 8, 2008 (the "Petition Date"), Tribune Company, and numerous affiliated entities (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No.

08-13141 (the "Bankruptcy Case"). The cases of these entities are being jointly administered under Case No. 08-13141.

4. On or about April 1, 2004, Sun Sentinel Company, ("Debtor") executed in favor of Navistar a Master Lease Agreement (the "Master Lease") which permitted Debtor to lease various vehicles through subsequent lease schedules. The Debtor then executed four (4) Lease Schedules to the Lease covering a total of seven (7) vehicles (the Master Lease and the Lease Schedules collectively referred to as the "Lease").

5. Lease Schedule One was entered into on April 1, 2004 covering one 2005 International Tractor Model 9200, VIN# 3 HSCEAHR35N036729, for a term of 72 months and a monthly lease payment of $961.08 commencing on April 1, 2004.

6. The Debtor has failed to make the following post-petition payments to Navistar under the Lease:

| Payment Date: | Payment Amount: |
|---|---|
| January 22, 2009 | $961.08 |
| February 22, 2009 | $961.08 |
| March 22, 2009 | $961.08 |
| April 22, 2009 | $961.08 |

7. Lease Schedule Two was entered into on October 22, 2004 covering four (4) 2005 International Tractor Model 9200 units, bearing VIN Numbers: 2HSCEAHR05C08178, 2HSCEAHR95C038177, 2HSCEAHR75C038178, and 2HSCEAHR55C038175, for a term of 72 months and monthly lease payments of $981.08, per vehicle, commencing on October 22, 2004.

8. The Debtor has failed to make the following pre-petition payments to Navistar under the Lease:

| Payment Date: | Payment Amount: |
|---|---|
| December 22, 2008 | $1039.95 |
| December 22, 2008 | $1039.95 |
| December 22, 2008 | $721.91 |

9. The Debtor has failed to make the following post-petition payments to Navistar under the Lease:

| Payment Date: | Payment Amount: |
|---|---|
| January 22, 2009 | $3,924.32 |
| February 22, 2009 | $3,924.32 |
| March 22, 2009 | $3,924.32 |
| April 22, 2009 | $3,924.32 |

10. Lease Schedule Three was entered into on March 25, 2005 covering one 2005 International Tractor Model 8600, VIN# 1HSHXAHR35J184463, for a term of 72 months and monthly lease payments of $1,026.59 commencing on March 25, 2005.

11. The Debtor has failed to make the following pre-petition payments to Navistar under the Lease:

| Payment Date: | Payment Amount: |
|---|---|
| December 25, 2008 | $19.27 |

12. The Debtor has failed to make the following post-petition payments to Navistar under the Lease:

| Payment Date: | Payment Amount: |
|---|---|
| January 24, 2009 | $1,026.59 |
| February 25, 2009 | $1,026.59 |
| March 25, 2009 | $1,026.59 |
| April 25, 2009 | $1,026.59 |

13. Lease Schedule Four was entered into on February 24, 2006 covering one 2007 International Tractor Model 9200, VIN# 2HSCEAHR57C372869, for a term of 72 months and a monthly lease payment of $1,230.04.

14. Debtors have failed to make the following pre-petition payments to Navistar under the Lease:

| Payment Date: | Payment Amount: |
|---|---|
| September 24, 2008 | $263.90 |
| October 24, 2008 | $1303.85 |
| November 24, 2008 | $1303.85 |
| December 24, 2008 | $1303.85 |

15. Debtors have failed to make the following post-petition payments to Navistar under the Lease:

| Payment Date: | Payment Amount: |
|---|---|
| January 24, 2009 | $1,230.04 |
| February 24, 2009 | $1,230.04 |
| March 24, 2009 | $1,230.04 |
| April 24, 2009 | $1,230.04 |

16. Unpaid payments due under the Lease since the Petition Date total $28,568.12.

## RELIEF REQUESTED

17. Navistar respectfully requests entry of an Order for Relief from the Automatic Stay to allow Navistar to terminate the Lease for non-payment of post petition Lease payments, or in the alternative, to compel the Debtor to immediately assume or reject the Lease and for an Order allowing Navistar an administrative claim for the amount of unpaid post-petition lease payments, and directing immediate payment.

## LEGAL BASIS FOR RELIEF

18. Navistar is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

Section 362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;


>   (2) with respect to a stay of an act against property under subsection (a) of this section if -
>
>   > A. the debtor does not have an equity in such property; and
>   >
>   > B. such property is not necessary to an effective reorganization

11 U.S.C. § 362(d)(1).

19.  The subsections of Section 362(d) are disjunctive, and the movant need satisfy only one of the two to obtain relief. See, e.g., Bartucci v. O'Neil, 64 Fed. Appx. 344, 346 (3d Cir. 2003). Aside from referencing adequate protection, the Bankruptcy Code fails to provide a definition of "cause" as such term is used in Section 362. "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." In re SCO Group, Inc., 395 B.R. 852, 856 (Bankr. D. Del. 2007). Navistar respectfully submits that it is entitled to relief from the automatic stay under Section 362(d)(1).

20.  The failure by the Debtor to make the post-petition payments under the Lease is a failure to comply with the requirements of Section 365(d)(5), and constitutes "cause" under Section 365(d)(5) of the Bankruptcy Code which provides:

>   The trustee shall timely perform all obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease or personal property until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof.

11 U.S.C. § 365(d)(5). A secured creditor retains the right to adequate protection of its collateral, and it can obtain relief from the automatic stay and take back its collateral at any time if that interest is not adequately protected or for other "cause." In re Price, 370 F.3d 362, 373 (3d

5

Cir. 2004) (finding that a "persistent failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay").

21. If the Debtor does not timely perform its commercial lease obligations, the lessor to which the post-petition rent is owed may (1) file a motion seeking an order compelling the immediate payment of the rental obligations; (2) move for an order requiring the immediate surrender of the premises; (3) file a motion for relief from stay; or (4) move to convert the case to a Chapter 7. See, In re J.T. Rapps, Inc., 225 B.R. 257, 263 (Bankr. D. Mass. 1998).

22. The Debtor filed its Chapter 11 Petition in this matter on December 8, 2008. Sixty days had elapsed as of February 8, 2009. Nearly 120 days have now passed since the Petition Date, and the Debtor has failed to give any indication of its intentions with respect to assuming or rejecting the Lease. The Debtor has failed to make any post-petition payments for all of the vehicles covered under the Lease. See Bradshaw Certification. Navistar requests relief from the automatic stay to terminate the Lease for non-payment, and to take possession of the Vehicles.

23. Navistar alternatively requests that the Court require the Debtor to immediately assume or reject the Lease Pursuant to Section 365(d)(2) which provides that:

> In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan, but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365(d)(2).

24. As noted in the Bradshaw Certification, the Debtor has not assumed or rejected the unexpired lease with Navistar. Moreover, no post-petition payments have been made under the lease. Therefore, Navistar respectfully requests that this Court require the debtor-in-

possession to assume or reject the lease and to set a specified period of time for him to do so pursuant to Section 365(d)(2).

25.     Finally, Navistar moves for an allowance of an administrative claim for the amount of all unpaid post-petition Lease payments from the Petition Date until such time as the Debtor returns to Navistar possession of the Vehicles covered under the Lease.

## CONCLUSION

For the foregoing reasons, Navistar respectfully requests that the Court grant the relief requested in the Motion.

Dated: April 16, 2009  
       Wilmington, Delaware

By:   /s/ John V. Fiorella  
John V. Fiorella (No. 3440)  
Archer & Greiner, PC  
300 Delaware Avenue, Suite 1370  
Wilmington, DE  19801  
Phone:  (302) 777-4350  
Facsimile:  (302) 777-4352  
Email: jfiorella@archerlaw.com  
Attorneys for Navistar Leasing Company

3928886v3