## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL
### Orrick, Herrington & Sutcliffe LLP

DISTRICT OF COLUMBIA         )         SS:

Patricia R. Zeigler, being duly sworn, deposes and says:

1. I practice with the law firm of Orrick, Herrington & Sutcliffe, LLP ("Orrick"), which maintains offices at 1152 15th Street, NW, Washington, DC 20005.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. This Affidavit is submitted in connection with (i) an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases (the "OCP Order") and (ii) a Notice of Supplement to Exhibit A to the OCP Order (the "Supplement"), which was filed on or about March 19, 2009. The Supplement identifies Orrick as an ordinary course professional with respect to certain media law issues, with an estimated monthly cap of $3,000.00.

3. Orrick has represented The Media Consortium, of which Tribune Company ("Tribune"), one of the Debtors, is a member, in connection with certain anti-trust issues. Orrick's fees and expenses for this representation are allocated equally among the members of The Media Consortium, including Tribune. The Debtors have requested that Orrick continue to provide such services to Tribune, as part of The Media Consortium, on a post-petition basis during the course of these Chapter 11 cases. Orrick has agreed to do so, and has further agreed to bill the Debtors for Tribune's allocable share of Orrick's fees and expenses incurred in connection with representation of The Media Consortium, with such fees and expenses to be paid pursuant to the terms of the OCP Order and the Supplement.

4. Orrick's current customary hourly rates, subject to change from time to time, are set forth below for the professionals currently expected to work on these cases. In the normal course of its business, Orrick revises its billing rates effective January 1 of each year and requests that, effective January 1 of each year, the rates below be revised to the regular hourly

rates for Orrick's professionals which will be in effect at that time.

        a.      Patricia Zeigler – Of Counsel – Hourly Rate $635

        b.      Emily Somers – Associate – Hourly Rate $460

5.      The facts set forth in this Affidavit are based upon my personal knowledge, upon records maintained by Orrick in the ordinary course of its business and which have been reviewed by me and/or by other partners or employees of Orrick at my direction, or upon information known by other partners or employees of Orrick and conveyed to me.

6.      Orrick is an international law firm with more than 1,100 attorneys in North America, Europe and Asia. The law firm has a wide range of practices in the substantive areas of, among others, bankruptcy and debt restructuring, corporate, finance, environmental, litigation, real estate, securities, and tax.

7.      In preparing this Affidavit, I utilized a set of procedures established by Orrick to insure compliance with the requirements of the Bankruptcy Code and to determine whether any conflict of interest exists which would preclude Orrick's service as counsel to the Debtors, and whether connections exist which should be disclosed under Bankruptcy Rule 2014.

8.      I and other Orrick lawyers instructed the employees responsible for maintaining Orrick's computerized database of client matters to review such database with a view toward determining whether Orrick has any reported connections with any of the parties listed in the Rule 2014(a) list as provided by Debtors' counsel. The results to date from such review are described below. This review is ongoing and, if any relevant fact or relationship not disclosed herein is discovered or arises, I will file a supplemental Affidavit with the Court as soon as practicable.

9. Once the database identified a potential connection between Orrick and a listed party, I or someone working with me contacted the responsible attorney(s) to the extent he or she is still employed by Orrick, or otherwise elicited information to discern the nature and scope of the representation or connection for appropriate disclosure in this Affidavit. In conducting this review and making the disclosures set forth below, I have not included former clients for which all services ceased more than ten years ago.

10. Orrick conducted its review based upon a list of parties provided by counsel to the Debtors for purposes of searching the aforementioned database and determining the connections which Orrick has with such entities. The database identified that Orrick has represented or currently represents the following entities and affiliates which are identified on the Debtors' list:

> Deutsche Bank
> JPMorgan
> Merrill Lynch
> ABN AMRO
> Bank of America
> Citigroup
> Elliott
> Morgan Stanley
> Nomura
> Plainfield
> Societe Generale
> Wachovia
> Wells Fargo
> West LB
> Washington Mutual

As far as I have been able to ascertain to date, Orrick does not represent any of these entities or their affiliates in connection with these bankruptcy cases.

11. Neither I nor any partner of, or professional employed by, Orrick has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the partners and regular employees of Orrick, as permitted by 11 U.S.C. §504(b).

12. I understand that any compensation paid to Orrick is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

13. Neither I nor any partner of, or professional employed by, Orrick, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter upon which Orrick is to be employed.

14. The Debtors owe Orrick $3,215.80 for pre-petition services. Orrick is not waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence. The total amount due for post-petition services through February 2009 is $3,670.58.

15. As of the Petition Date, Orrick was not a party to a services agreement with the Debtors.

16. Orrick is continuing to conduct inquiries regarding its connections, if any, with any entity on the list referred to in paragraph 10 above, and upon conclusion of such inquiries, or at any later time during the period of its employment, if Orrick should discover any facts bearing on the matters described herein, Orrick will supplement the information contained in this Affidavit as soon as reasonably practicable.

\*         \*         \*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on April 20, 2009

_____
Patricia R. Zeigler

Sworn to and subscribed before me
this 20th day of April 2009
_____
Notary Public

MILDRED ANN AUSTIN
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires April 30, 2013