# The Orlando Sentinel

633 North Orange Avenue
Orlando, Florida 32801-1349

John P. Puerner
President and Publisher
(407) 420-5070
JPP633@aol.com

May 14, 1997

Howell W. Melton, Jr., Esq.
Holland and Knight
200 South Orange Avenue
Suite 2600
Orlando, Florida 32802

Dear Hal:

  Thank you once again for your help, patience and time during the Sentinel's law firm selection process. We at Sentinel Communications Company ("Sentinel") and at the Tribune Company greatly look forward to a long and mutually beneficial relationship. During our discussions, we agreed upon a number of principles that would guide our relationship. In addition to the terms found in the attached Holland & Knight standard engagement letter, what follows will be the terms of your engagement. In the event of a conflict between the terms of the two engagement letters, the terms set forth below control.

## RETAINER

  For a period of six months, dating from May 7, 1997, Sentinel will pay a retainer of $4,000 per month for all newsroom, advertising, circulation, marketing, interactive and related litigation counsel and advice. This advice would include but would not be limited to: pre-publication review of content, initial advice on public records, access and subpoena matters, copyright and trademark counseling and registration, contest and related compliance advice and circulation and newsrack advice. All litigation matters will be billed separately. Such matters will begin to be billed separately at a mutually-agreed time when the matter moves beyond routine advice. Where possible, Holland & Knight will attempt to provide newsroom litigation services on a fixed-fee basis.

  Given that our relationship is new and the limited retainer program is somewhat experimental, Holland & Knight and Sentinel will review the program on a quarterly basis and adjust the retainer in a mutually-agreed fashion, if necessary, to ensure that both parties are treated fairly. If we both believe that a retainer program should be maintained at the end of the six-month period, Sentinel would very much like to discuss the possibility of broadening the retainer to include routine litigation, environmental counseling and compliance matters and other substantive areas.

Howell W. Melton, Jr., Esq.
May 14, 1997
Page 2

BILLING

One of the key reasons Sentinel selected Holland & Knight as primary outside counsel is the extraordinary breadth of its expertise. Given that a number of your lawyers reside in cities other than Orlando, however, we have agreed upon the following principles: 1) Holland & Knight will not charge Sentinel for travel time or expenses in the event that its lawyers need to travel to the Orlando area; 2) Holland & Knight will not charge Sentinel for any costs relating to communications between Holland & Knight's various offices; and 3) Holland & Knight lawyers from other offices shall charge Sentinel at hourly rates commensurate with comparable lawyers in the Orlando office. For example, we have agreed that Sandy Bohrer shall charge Sentinel at Howell Melton's hourly rate.

The hourly rates for lawyers in the Orlando office shall be as set forth in Holland & Knight's response to the RFP for 1997. Sentinel recognizes that the rates set forth in the RFP were Holland & Knights's 1996 rates for those particular lawyers. Increases in those hourly rates, if any, shall be mutually agreed upon in future years.

All hourly billing shall be done in increments of one-tenth of an hour.

Monthly statements chronologically itemized by matter should be sent to Richard Darden, Vice President of Administration, Sentinel Communications Company, 633 N. Orange Avenue, Orlando Florida 32801 and copied to Dale Cohen, Senior Counsel/Publishing, Tribune Company, 435 N. Michigan Avenue, Suite 600, Chicago, Illinois 60611. Reimbursable expenses should be individually detailed and specified by matter as well.

Out-of-town travel must have prior approval. Only coach or economy fares will be reimbursed and Sentinel requests that Holland & Knight lawyers secure the lowest fare available for reasonably-convenient flights. Travel time will not be compensated.

EXPENSES

Sentinel shall reimburse Holland & Knight for all reasonable expenses paid to third parties in connection with your representation of Sentinel. However, the following expenses, and all similar operating expenses, shall be considered overhead expenses and shall not be charged to Sentinel:

* Word processing and proofreading charges
* Secretarial or other overtime
* In-town meal expenses
* Electronic legal research/database charges

Howell W. Melton, Jr., Esq.
May 14, 1997
Page 3

* Charges for docket clerks or maintenance, including court runs, by firm personnel
* Local transportation costs
* Fax charges (other than phone charges for long-distance calls)

Reimbursement of other types of expenses shall be on an actual-cost basis. Photocopying done by the law firm shall be reimbursed at actual costs, not to exceed $.10 per page.

## COMMUNICATIONS

We consider regular communication between your firm and Sentinel to be essential. As you know, I would like to meet with you (with or without some of your colleagues, as circumstances warrant) on a periodic basis. I would also like you and your partners to keep Sentinel personnel up to date on developments on all of our legal matters.

In addition, Dale Cohen, and other lawyers in the Tribune Company Law Department would like to stay in close communication with you and your partners. We anticipate that you will handle all legal matters on a co-counsel basis with the Law Department, although we recognize that your physical proximity and local expertise will sometimes dictate the provision of immediate counsel or action without prior consultation with them. Whenever possible, the Law Department's lawyers would appreciate it if you would provide them with ample time to review substantive pleadings, agreements and other important documents.

On most litigation matters, we will request a budget from you. While we recognize that litigation can be unpredictable, we will rely on these budgets in our planning. Therefore, we need to be informed immediately if new developments require an adjustment in the budget. We will also expect you to provide monthly litigation updates for all pending matters in a form that will allow the Law Department to incorporate your reports into our litigation log. Dale Cohen will provide you with further information regarding the format.

## CONFLICTS

As you are aware, Sentinel is acutely concerned about conflicts of interest, including positional conflicts. We appreciate your cooperation in providing us the list of selected Orlando clients and we will attempt to identify potential conflicts whenever possible. We are confident based upon our conversations that you will do the same. In addition, you have agreed that you will establish a conflict identification system that

Howell W. Melton, Jr., Esq.
May 14, 1997
Page 4

allows you to notify us in advance if your firm is considering representing a client in any of the following types of matters: a) opposing a public records request; b) seeking to deny the public or the media access to any meeting, proceeding or information (other than routine motions for discovery protective orders that do not involve the sealing of judicial records in court files); c) subpoenaing a journalist or media organization for testimony, documents or information; d) representing a client pursuing a defamation or invasion of privacy claim; or e) representing any other client in an action against a media organization. While we recognize that some of the foregoing matters may not present any conflict under the canons of ethics, we believe advance notice and communication on these matters will be in the best interest of preserving a long term, healthy relationship between Sentinel and Holland & Knight.

Please review this letter and let Dale Cohen or me know if you have any questions or comments on it. Once again, we look forward to working with you on our legal matters for years to come.

Sincerely,

[signature]

Law Offices

# HOLLAND & KNIGHT

A Registered Limited Liability Partnership

200 South Orange Avenue, Suite 2600
P.O. Box 1526 (ZIP 32802-1526)
Orlando, Florida 32801

407-425-8500
FAX 407-244-5288

Atlanta
Boca Raton
Fort Lauderdale
Jacksonville
Lakeland
Miami

Orlando
St. Petersburg
Tallahassee
Tampa
Washington, D.C.
West Palm Beach

May 14, 1997

HOWELL W. MELTON, JR.
(407) 244-5186

Internet Address:
hmelton@hklaw.com

**PERSONAL AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**

Mr. John P. Puerner
President and Publisher
<u>The Orlando Sentinel</u>
633 North Orange Avenue
Orlando, Florida 32801-1349

      Re:  Engagement as Counsel

Dear John:

  Thank you for retaining Holland & Knight LLP to represent Sentinel Communications Company d/b/a <u>The Orlando Sentinel</u> as its primary outside counsel. Our engagement began April 7, 1997. We look forward to serving your needs and establishing a mutually satisfactory relationship.

  The purpose of this letter is to confirm our engagement as counsel and to provide you certain information concerning our fees, billing and collection policies, and other terms that will govern our relationship. Although we do not wish to be overly formal in our relationship with you, we have found it a helpful practice to confirm with our clients the nature and terms of our representation. Attached to this letter is our firm's Terms of Engagement. To the extent these terms and conditions conflict with those set forth in the engagement letter provided by you, the terms of your letter will control. Please review these terms and let us know if you have any questions concerning our policies.

Mr. John P. Puerner
May 14, 1997
Page 2

    If the terms described above and in the attached Terms of Engagement are satisfactory, please so indicate by signing and returning the enclosed copy of this letter.

    We look forward to working with you.

                      Sincerely,

                      HOLLAND & KNIGHT LLP

                      Howell W. Melton, Jr.

HWM/dcs
Enclosure
ORL-193289.1/052


Accepted this 14th day of May, 1997.


**SENTINEL COMMUNICATIONS COMPANY**
**d/b/a The Orlando Sentinel**

By: _____
     **JOHN P. PUERNER**
     **President and Publisher**

## TERMS OF ENGAGEMENT

We appreciate your decision to retain Holland & Knight LLP as your legal counsel. This document explains how we work, our obligations to you, your obligations to us, what we will do on your behalf, and how our charges will be determined and billed. Experience has shown that an understanding of these matters will contribute to a better relationship between us, and that in turn makes our efforts more productive.

We will provide services of a strictly legal nature related to the services described in the accompanying letter. You will provide us with the factual information and materials we require to perform the services identified in the letter, and you will make such business or technical decisions and determinations as are appropriate. You will not rely on us for business, investment, or accounting decisions, or expect us to investigate the character or credit of persons or entities with whom you may be dealing, unless otherwise specified in the letter.

*Confidentiality and Related Matters*

Regarding the ethics of our profession that will govern our representation, several points deserve emphasis. As a matter of professional responsibility, we are required to preserve the confidences and secrets of our clients. This professional obligation and the legal privilege for attorney-client communications exist to encourage candid and complete communication between a client and his lawyer. We can perform truly beneficial services for a client only if we are aware of all information that might be relevant to our representation. Consequently, we trust that our attorney-client relationship with you will be based on mutual confidence and unrestrained communication that will facilitate our proper representation of you. Additionally, you should be aware that, in instances in which we represent a corporation or other entity, our client relationship is with the entity and not with its individual executives, shareholders, directors, partners, or persons in similar positions, or with its parent, subsidiaries, or other affiliates. In those cases, our professional responsibilities are owed only to that entity, alone, and no conflict of interest will be asserted by you because we represent persons with respect to interests that are adverse to individual persons or business organizations who have a relationship with you. Of course, we can also represent individual executives, shareholders, partners, and other persons related to the entity in matters that do not conflict with the interests of the entity, but any such representation will be the subject of a separate engagement letter. Similarly, when we represent a party on an insured claim, we represent the insured, not the insurer, even though we may be approved, selected, or paid by the insurer.

*Fees and Billing*

We encourage flexibility in determining billing arrangements. For example, we often agree with our clients to perform services on a fixed-fee or other basis that we and the client believe will encourage efficiency and reflect the value of our services in relation to a particular objective.

If you and we have agreed on a fixed fee arrangement, you agree that our fees will not be limited to the fixed amount if you fail to make a complete and accurate disclosure of information that we have requested and that we reasonably require for our work, or if you materially change the terms, conditions, scope, or nature of the work, as described by you when we determined the fixed amount, or as compared with the work normally and customarily involved in similar engagements. If any of these events occurs, you agree that our fees will be based upon the other factors described below, unless you and we agree on a revised fixed fee.

If the accompanying letter does not provide for a fixed fee, or if we do not otherwise confirm to you in writing a fee arrangement, our fees for services will be determined as described in the following paragraphs.

When establishing fees for services that we render, we are guided primarily by the time and labor required, although we also consider other appropriate factors, such as the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; time-saving use of resources (including research, analysis, data and documentation) that we have previously developed and stored electronically or otherwise in quickly retrievable form; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk and the results obtained; and the time constraints imposed by either the client or the circumstances. The firm generally requires a retainer in an amount that is appropriate with respect to the proposed representation. Unless otherwise agreed, the retainer will be applied to the last statement rendered in connection with the representation, with any unused portion being returned to the client.

In determining a reasonable fee for the time and labor required for a particular matter, we consider the ability, experience, and reputation of the lawyer or lawyers in our firm who perform the services. To facilitate this determination, we internally assign to each lawyer an hourly rate based on these factors.

Of course, our internal hourly rates change periodically to account for increases in our cost of delivering legal service, other economic factors, and the augmentation of a particular lawyer's ability, experience, and reputation. Any such changes in hourly rates are applied prospectively, as well as to unbilled time

previously expended. We record and bill our time in one-tenth hour (six minute) increments.

When selecting lawyers to perform services for you, we generally seek to assign lawyers having the lowest hourly rates consistent with the skills, time demands, and other factors influencing the professional responsibility involved in each matter. That does not mean that we will always assign a lawyer with a lower hourly rate than other lawyers. As circumstances require, the services of lawyers in the firm with special skills or experience may be sought when that will either (a) reduce the legal expense to you, (b) provide a specialized legal skill needed, or (c) help move the matter forward more quickly. If that lawyer's regular office is in a location other than the Holland & Knight LLP office in the city in which you are located, and it is necessary for that lawyer to travel to the city in which you are located, you will not be charged for his or her travel time. Also, to encourage the use of such lawyers in situations where their services can provide a significant benefit that is disproportionate to the time devoted to the matter, we may not bill for their services on an hourly rate basis but, if you agree in advance, we will adjust the fee on an "added value" basis at the conclusion of the matter if and to the extent their services contribute to a favorable result for you.

*Out-of-Pocket Expenses.* In addition to legal fees, our statements will include out-of-pocket expenses that we have advanced on your behalf and our internal charges for certain support activities. Advanced expenses generally will include such items as travel, postage, filing, recording, certification, and registration fees charged by governmental bodies. Our internal charges typically include such items as toll calls, facsimile transmissions, overnight courier services, complex document production, and charges for photocopying materials sent to the client or third parties or required for our use. We may request an advance cost deposit (in addition to the advance fee deposit) when we expect that we will be required to incur substantial costs on behalf of the client.

During the course of our representation, it may be appropriate to hire third parties to provide services on your behalf. Unless unusual circumstances preclude us from doing so, we will consult with you prior to retention of such third parties. These services may include such things as consulting or testifying experts, investigators, providers of computerized litigation support, and court reporters. We will not need to consult with you prior to hiring court reporters, process servers or couriers. Because of the legal "work product" protection afforded to services that an attorney requests from third parties, in certain situations our firm may assume responsibility for retaining the appropriate service providers. Even if we do so, however, you will be responsible for paying all fees and expenses directly to the service providers or reimbursing us for these expenses.

Holland & Knight LLP has established and is the sole owner of Corporate Integrity Services ("CIS"), a limited liability company created to provide professional investigative services. CIS is operated by professional investigators experienced in federal and state law enforcement agencies, and provides quality investigative services at competitive rates. To the extent it is necessary or appropriate to hire investigators on your behalf, Holland & Knight LLP will consult with you regarding the retention of CIS. You may at any time review CIS's rates and compare them with the rates charged by other investigative entities.

The firm attempts to achieve efficiencies and savings for its clients when dealing with independent contractors. The firm may be able to obtain a reduced charge from the contractor if the firm provides certain functions, such as billing, collection, equipment, space, facilities, or clerical help. For these administrative and coordination services, the firm may charge an administrative fee, which will be separately disclosed and agreed upon by you.

*Billing.* We bill periodically throughout the engagement for a particular matter, and our periodic statements are due when rendered. If our fees are based primarily on the amount of our time devoted to the matter, our statements will be rendered monthly. Our statements contain a concise summary of each matter for which legal services are rendered and a fee is charged. If our statements are not paid in a timely manner, we reserve the right to discontinue services.

*Questions About Our Bills.* We invite you to discuss freely with us any questions that you have concerning a fee charged for any matter. We want our clients to be satisfied with both the quality of our services and the reasonableness of the fees that we charge for those services. We will attempt to provide as much billing information as you require and in such customary form that you desire, and are willing to discuss with you any of the various billing formats we have available that best suits your needs.

4

*Relationships with Other Clients*

Because we are a large, full-service law firm with offices located throughout Florida and in Atlanta and Washington, D.C., we may be (and often are) asked to represent a client with respect to interests that are adverse to those of another client who is represented by the firm in connection with another matter. Just as you would not wish to be prevented in an appropriate situation from retaining a law firm that competes with Holland & Knight LLP, our firm wishes to be able to consider the representation of other persons who may be competitors in your industry or who may have interests that are potentially adverse to yours, but with respect to matters that are unrelated in any way to our representation of you. The ethics that govern us permit us to accept such multiple representations, assuming certain requirements are met.

During the term of this engagement, we agree that we will not accept representation of another client to pursue interests that are directly adverse to your interests unless and until we make full disclosure to you of all the relevant facts, circumstances, and implications of our undertaking the two representations, and confirm to you in good faith that we have done so and that the following criteria are met: (i) there is no substantial relationship between any matter in which we are representing or have represented you and the matter for the other client; (ii) any confidential information that we have received from you will not be available to the lawyers and other Holland & Knight LLP personnel involved in the representation of the other client; (iii) our effective representation of you and the discharge of our professional responsibilities to you will not be prejudiced by our representation of the other client; (iv) the other client has also consented in writing based on our full disclosure of the relevant facts, circumstances, and implications of our undertaking the two representations; and (v) you consent in writing to our representation of the other client.

By making this agreement, we are establishing the criteria that will govern the exercise of your right under applicable ethical rules to object to our representation of another client whose interests are adverse to yours. If you contest in good faith the facts underlying our confirmation to you that the specified criteria have been met, then we will have the burden of reasonably supporting those facts.

*Termination*

Upon completion of the matter to which this representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless you and we have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. The representation is terminable at will by either of us. The termination of the representation will not terminate your obligation to pay fees and expenses incurred prior to the termination.

* * * * *

Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions. If any of them is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete, and consistent understanding of our relationship.

ORL-193289.1/052

6

**From:** Kenney, Crane H [CKenney@tribune.com]
**Sent:** Friday, December 09, 2005 2:57 PM
**To:** 'howell.melton@hklaw.com'
**Cc:** Bralow, David
**Subject:** 2006 Billing Rates

**Attachments:** Retention Guidelines Final.DOC

Howell,

As we finish our budgeting for 2006, I would like to inform you of our rate expectations for the upcoming year. We have budgeted a maximum 3% increase in hourly rates and expenses for all firms, consistent with all other Tribune Company vendors. Please keep in mind our retention guidelines require any rate increases be communicated 30 days in advance. For your convenience, our retention guidelines are attached. We look forward to continuing our partnership with you and hope this letter is helpful in your budget planning.

Regards,

Crane


<<Retention Guidelines Final.DOC>>

# TRIBUNE COMPANY RETENTION POLICY

Tribune Company and counsel must work together to obtain efficiently delivered quality legal services. To that end, by accepting an assignment your firm agrees to the following Tribune Retention Policy:

I.  Retention of Counsel

Tribune's Law Department is responsible for strategic and substantive decisions regarding the course of each matter, as well the selection of the appropriate outside attorney to handle each aspect of each matter. To improve our ability to make such judgments and to coordinate the work of in-house and outside counsel, an in-house attorney is assigned as the Managing Attorney for each matter. It is your responsibility to keep the Managing Attorney regularly apprised of all developments in each matter. The Managing Attorney should be copied on all communications and correspondence relating to the matter. Tribune expects you to provide the Managing Attorney ample time to review and suggest revisions in substantive pleadings, agreements or other case-related documents. Periodic litigation updates, generally monthly, for all pending litigation matters must also be provided to the Managing Attorney.

II.  Staffing

The number of attorneys and legal assistants assigned to a matter must be approved by the Managing Attorney before work on the matter may begin. Generally, Tribune expects each matter to be staffed by one partner, and if necessary, one associate.

Tribune also expects that assigned attorneys will remain on the matter to conclusion unless authorized by Tribune.

Tribune will be provided the hourly billing rates for individual attorneys and legal assistants assigned to Tribune matters. Should the firm elect to change its rates during the pendency of any Tribune matter, the firm must notify Tribune in writing at least 30 days before the date the new rate is to take effect.

Assigned staff must perform tasks appropriate to their experience and billing rates. Generally, Tribune will not pay for:

- Routine tasks performed by attorneys, such as summarizing depositions or organizing trial exhibits, that are more appropriately assigned to a legal assistant.

- Staffing inefficiencies caused by the unavailability of personnel including expenses related to familiarizing a replacement attorney or legal assistant with an existing matter.

- More than one attendee at any deposition, hearing or other proceeding unless preapproved by Tribune Managing Attorney.

- Non-attorney/non-paralegal staff, such as library staff or computer technicians.

- Secretarial time, or for services of word processors, proofreaders, records clerks, facsimile operators or similar firm employees. In extraordinary circumstances, the Managing Attorney may approve the reimbursement of overtime payments to such employees. When overtime payments are approved, you agree to make every effort to keep such overtime charges to a minimum.

- Summer associate or intern time.

- Administrative activities, such as preparing invoices, annual auditor responses or discussing billing, budgets or other related reports.

- Any other charges that are part of the normal overhead of operating an office, including office supplies, staff meals and transportation. Charges for docket clerks or court runs by firm personnel are also considered normal overhead.

- Travel time should not be billed unless the attorney actively is engaged in and working on Tribune matters while traveling and such travel has been approved in advance.

III. Budget

Unless otherwise directed by the Managing Attorney, a budget is to be prepared for each matter and submitted to the Managing Attorney for approval before work on the matter begins. The Managing Attorney may request a separate budget for any segment of any matter. If the matter assigned is a litigation matter, the responsible attorney should provide an itemized list of tasks and their related costs at the outset of the representation. The list should include a discovery plan which details the costs for depositions, motions, document production, expert discovery and other trial preparation. Tribune recognizes that budgets for matters may change with changed circumstances. However, any changes in the projected budget should be discussed as soon as possible with the Managing Attorney. Where legal bills are in excess of 10% over the budget provided by the responsible attorney, Tribune reserves the right not to pay the excess fees unless the Managing Attorney was notified in writing of the anticipated increases over the budgeted amount and the Managing Attorney agreed to the revised budget.

IV. Billing Procedures

Unless otherwise agreed in writing, bills and budget statements should be submitted monthly, and each bill shall cover work performed in the preceding calendar month.

2

Tribune expects to receive monthly bills by the fifteenth (15th) day of the month. Tribune retains the right to obtain additional information regarding any bill.

V.      Billing Format

Billing statements should provide the Managing Attorney with a clear understanding of the work performed on Tribune's behalf, by whom the work was performed, and the cost and duration of each work segment. Where work is performed on more than one matter in any month, each matter should be separately detailed in the monthly bill.

Each bill shall contain the following information:

- the name of the Tribune entity (e.g., Tribune Media Services, Los Angeles Times, Newsday, Sun-Sentinel, Daily Press, Greenwich Time, The Baltimore Sun, The Orlando Sentinel, The Hartford Courant, The Morning Call, The Advocate) for which the services were performed;

- a file number or brief identifier of the matter to which the services relate;

- the billing period involved;

- a detailed description of each task performed in single-activity time entries, including the date it was performed, who performed it, their rate, the time expended and the charges for each task;

- a summary showing the rate, total hours/charges, and rank (e.g., partner, associate, legal assistant) of each staff member billing;

- a description of any reimbursable expenses or disbursements made on behalf of Tribune during the statement period;

- billing in .10 hour increments;

- a detailed description of all work including, but not limited to:

    -- the name and affiliation of any other person with whom the attorney or legal assistant meets, confers or otherwise interacts with and the subject matter of any such meeting, telephone call or other action;

    -- the identity of any deponents and the subject of the deposition;

    -- the specific subject matter of any research performed;

    -- the specific motion, brief or agreement worked on and the precise nature of the work performed; and

-- the identity of any materials/documents reviewed.

Generic descriptions, such as "drafted brief," "worked on agreement," "telephone call," "conference," "reviewed documents," "research," or "work on project or case" are not acceptable for billing purposes.

Each monthly bill shall also be accompanied by a statement that includes the budget for the matter. The bill should identify fees and expenses to date as compared to the budget. The partner responsible for each matter should sign all billing statements, representing to Tribune that he or she has reviewed the statements and that they are in accord with all provisions and instructions of this policy.

VI.  <u>Expenses</u>

Tribune will pay actual costs for expenses. Copies of actual invoices for any single expense over $1,000 must be included with the bill. All bills should contain a summary of charges for each expense totaled by category.

Tribune will only reimburse:

- reasonable expenses for computerized legal research such as Lexis and Westlaw, not to exceed actual cost;

- local toll and long-distance calls on an actual-cost basis;

- photocopying at actual cost, not to exceed .10 per page;

- reasonable travel expenses including coach or economy airfares, car rental and meals;

- reasonable hotel expenses not to exceed $175 per night unless travel is to a major urban center where standard hotel rates regularly exceed that amount;

- actual charges billed for messenger deliveries, including overnight and express, that are incurred in the interest of dispatch and reliability.

Tribune will not pay for:

- local transportation charges;

- cellular telephone charges;

- travel time for attorneys or legal assistants unless they are performing work for Tribune and the Managing Attorney has approved the compensation in advance;

- out-of-town entertainment expenses;

- in-town or in-office working meals.

Fees and expenses relating to the use of independent contractors such as expert witnesses, investigators, court reporters or independent paralegals must be approved in advance by the Managing Attorney. Extraordinary expenses, such as computerization of litigation documents, must also be approved in advance by the Managing Attorney. All such fees and expenses should be billed on an actual-cost basis and should be billed in a format identical or substantially similar to the main billing statement.

VII.  Conflicts of Interest

Tribune is concerned about potential conflicts of interest. Your attorneys should review proposed assignments for any conflicts of interest regarding any Tribune entity before accepting any matter, and should promptly notify the Managing Attorney of any actual or potential conflicts. Tribune also expects you to establish a conflict identification system that will allow you to notify our senior counsel in advance if your firm is considering representing a client in any of the following types of matters:

- Opposing a public records request under any Freedom of Information Act or similar statute;

- Seeking to deny the public or any journalist or media organization (not limited to Tribune or any of its subsidiaries) access to any meeting, proceeding or information, other than routine motions for discovery protective orders that do not involve the sealing of judicial records in court files;

- Subpoenaing any journalist or media organization for testimony, documents or information;

- Representing a client pursuing a defamation or invasion of privacy claim against any journalist or media organization;

- Representing any client in any other action against any media organization.

Tribune acknowledges that the above matters may not necessarily present a conflict under traditional canons of ethics. Because of the special history of Tribune Company and our commitment to the protection of First Amendment freedoms, however, we believe that advance notice and open communication about these types of legal matters will be in the best interest of maintaining a long-term and rewarding relationship between us.

VIII.  General

All Tribune matters must be treated confidentially in all respects. Tribune reserves the right to require additional information regarding your invoices and/or that you reorganize

the information currently requested. By way of example, Tribune may require that you supply your invoices electronically. By representing Tribune, you agree to comply with such requests, and to do so at your own expense.

Please review this policy and let us know if you have any questions or comments regarding your representation of Tribune. We look forward to working with you.