# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al., [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: May 5, 2009 at 4:00 p.m. (ET)<br>Hearing Date: May 12, 2009 at 10:00 a.m. (ET)<br>Related to Docket No. 1061 |

## MOTION OF THE DEBTORS TO FILE UNDER SEAL AN EXHIBIT TO MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO MAKE CERTAIN PAYMENTS FOR 2008 PURSUANT TO PRE-PETITION INCENTIVE PLANS AND CERTAIN OTHER OBLIGATIONS

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order pursuant to Section 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network Inc.) (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file under seal Mercer (U.S.), Inc.'s report regarding the 2008 Management Incentive Program ("MIP") payments (the "Mercer Report"), which is an exhibit to the Motion of the Debtors for an Order Authorizing the Debtors to Make Certain Payments for 2008 Pursuant to Pre-Petition Incentive Plans and Certain Other Obligations (the "Incentive Plan Motion"). In support of this Motion, the Debtors respectfully represent and state as follows:

## STATUS OF CASE AND JURISDICTION

1. On December 8, 2008, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in possession of their respective properties and have continued to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Creditors Committee"). No request has been made for the appointment of a trustee or examiner. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Section 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## BACKGROUND TO MOTION

4. Concurrently with this Motion, the Debtors are filing the Incentive Plan Motion, seeking authorization to make certain payments for 2008 pursuant to pre-petition incentive plans and certain other obligations.

5. In order to ensure that the proposed 2008 MIP payments are reasonable and competitive relative to the market and appropriate for companies in bankruptcy, Tribune Company, under the leadership of the Compensation Committee of its Board of Directors, retained an outside compensation consultant, Mercer (U.S.), Inc. ("Mercer"),[2] to independently review and evaluate those payments. Mercer's analysis and conclusions are set out in the Mercer Report, which is Exhibit D to the Incentive Plan Motion.

6. The Mercer Report contains, among other data, certain information relating to the compensation of several management-level employees of the Debtors that is not publicly available. Accordingly, the Debtors respectfully submit that such compensation information is confidential and warrants protection from public disclosure when the Incentive Plan Motion is filed.

## RELIEF REQUESTED

7. The Debtors respectfully request that this Court enter an order authorizing the Debtors to file the Mercer Report under seal and directing that the Mercer Report remain under seal, confidential, and not be made available to anyone, except to (1) the United States Trustee, (2) the Creditors Committee, and (3) those parties who have signed an appropriate confidentiality agreement with the Debtors and who the Debtors determine, in their sole discretion, have a reasonable basis for reviewing the Mercer Report, as described more fully

---

[2] Mercer is one of the leading compensation consultants in the United States. Among other things, Mercer assists companies in analyzing and determining reasonable and equitable compensation packages and ranges to appropriately compensate and motivate executives, managers and other employees. See www.mercer.com.

46429/0001-5545638v1

below, without further order of the Bankruptcy Court.[3] Debtors further request that the Court order that all responses and/or objections, if any, to the Incentive Plan Motion that contain or reflect confidential information contained in the Mercer Report or any other confidential information supplied by Debtors to various parties in conjunction with the Incentive Plan Motion, shall be filed with the Court under seal or any such confidential information contained therein redacted and served solely upon counsel for the Debtors, the United States Trustee, and the Creditors' Committee.

## BASIS FOR RELIEF REQUESTED

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b)

---

[3] A copy of the Mercer Report will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

46429/0001-5545638v1

further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L. R. 9018-1(b).

10.  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc., v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." See In re Orion Pictures Corp., 21 F.3d at 27.

11.  The Debtors submit that the information contained in the Mercer Report satisfies Section 107(b) because it contains confidential and sensitive commercial information. Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27.

12.  Absent the relief requested herein, the Mercer Report would divulge confidential and sensitive information relating to the compensation of several officers and other management-level employees of the Debtors. Public dissemination of the confidential compensation information would provide the Debtors' competitors with a substantial and unfair competitive advantage, including in the recruiting and hiring of key management employees away from the Debtors, to the severe detriment of the Debtors and their estate. Such information also could provide the Debtors' competitors with insights into the commercial operations and strategies of the Debtors with regard to employee compensation. Moreover, such information

likely would affect employee morale and potentially create resentment among employees of the Debtors as they compared their compensation to that of their peers, and could adversely impair the Debtors' ability to negotiate and maintain favorable employment agreements in the future. In order to safeguard against such prejudice, the Debtors respectfully submit that permitting the Debtors to file the Mercer Report under seal is appropriate in this context. The Debtors further submit that no purpose would be served by the disclosure of the confidential compensation information to the general public.

13.    To ensure that the key constituencies in these cases receive adequate disclosure, the Debtors have already provided copies of the Mercer Report and other requested information related to the Incentive Plan Motion to counsel for the Creditors Committee and counsel to the Steering Committee for the Debtors' prepetition loan facilities pursuant to confidentiality agreements already in place. The Debtors have also provided copies of the Mercer Report and the other information provided to the Creditors Committee and the Steering Committee to counsel to the United States Trustee. The Debtors will provide copies of the Mercer Report to other interested parties so long as they provide assurances acceptable to the Debtors of confidentiality and have a reasonable basis for reviewing the Mercer Report. The Debtors submit that such disclosure will provide sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of parties to this Chapter 11 proceeding.

## NOTICE

14.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service;

(v) counsel for the Creditors Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

15.     The Debtors have not previously sought the relief requested herein from this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form annexed hereto authorizing the Debtors to file the Mercer Report as Exhibit D to the Incentive Plan Motion under seal and grant such other and further relief as is justified and proper.

Dated:   Wilmington, Delaware  
        April 22, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
Kevin T. Lantry  
Brian J. Gold  
Jonathan D. Lotsoff  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: ___/s/_____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS  
AND DEBTORS IN POSSESSION