IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13141 (KJC) <br><br> Jointly Administered |

**SECOND SUPPLEMENTAL DECLARATION OF DAVID J. BRADFORD IN SUPPORT OF APPLICATION FOR AN ORDER FOR AN ORDER EXPANDING THE SCOPE OF THE RETENTION OF JENNER & BLOCK LLP AS SPECIAL COUNSEL FOR CERTAIN LITIGATION MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107**

David J. Bradford declares as follows:

1.  I am a partner in the firm of Jenner & Block LLP ("Jenner") which maintains offices for the practice of law at 330 N. Wabash, Chicago, Illinois 60611. I am duly licensed in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and am a member in good standing of the bar for the State of Illinois and am admitted to practice before the United States District Court for the Northern District of Illinois.

2.   I submit this Second Supplemental Declaration in support of the application (the "Application") for entry of an order expanding the retention of Jenner as attorneys for the above-captioned debtors and debtors-in-possession (the "Debtors") in these chapter 11 cases, pursuant to sections 327(e) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), effective as of March 5, 2009, and to comply with sections 328, 329 and 504 of the Bankruptcy Code, Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## STATEMENT OF CONNECTIONS

3.   This Declaration further supplements Paragraph 15 of my Declaration dated December 19, 2008 and Paragraph 7 of my Declaration dated April 9, 2009.

4.   In stating in prior declarations that our representation of Equity Group Investments and Mr. Zell in the investigation of former Governor Blagojevich were unrelated to the Debtors, I intended to communicate only that the investigation was related to the former Governor, and that any interests of the Debtors in connection with that investigation were separately represented by Debtors' general bankruptcy counsel. Neither the Debtors nor Mr. Zell or Equity Group Investments were the subject of the investigation. Jenner & Block's services primarily involved responding to a subpoena issued to Equity Group Investments and a subpoena issued to Mr. Zell, as well as representing Mr. Zell in an interview with government representatives. Jenner & Block has billed Equity Group Investments for all services related to the representation of Mr. Zell and Equity Group Investments in connection with this

2

investigation and has been paid for the same by Equity Group Investments. At the time of the filing of my Declarations, I was not aware of any agreement by the Debtors to advance legal fees and expenses to Mr. Zell. I have since learned that the Debtors intend to pay for fees incurred by Mr. Zell.

5. As a separate and unrelated matter, I am also disclosing that on or about April 17, 2009, the Debtors requested that Jenner & Block represent them in investigating possible claims against Morgan Stanley Capital Services, Inc. and/or affiliated companies related to an ISDA Master Agreement dated August 5, 1994.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28 day of April, 2009.

_____
David J. Bradford

SUBSCRIBED AND SWORN TO before
me this 28th day of April, 2009.

_____
Notary Public

OFFICIAL SEAL
CHARLENE REYNOLDS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-30-2011

3