## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Objections Due: May 18, 2009 at 4:00 p.m.** |
| | ) **Hearing Date:** *Only if Objections are filed.* |
| | ) |

**MONTHLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2009 THROUGH MARCH 31, 2009**

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2009 to March 31, 2009[1] |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $179,873.10 (80% of which is $143,898.48) |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $3,549.76 |

This is a Monthly Application.

Prior Applications Filed: (1): Quarterly Fee Application for the Period December 8, 2008 - February 28, 2009 (Docket No. 1030)

---

[1] This Application also includes a request for compensation and reimbursement for a minimal amount of fees and expenses that were inadvertently omitted from Jenner & Block LLP's prior quarterly fee application.

Summary of Time Recorded
March 1, 2009 through March 31, 2009

ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| David J. Bradford | Litigation | 1976 | 875.00 | 38.1 | 33,337.5 |
| William J. Scogland | Employee Benefits | 1975 | 800.00 | 0.9 | 720.00 |
| Catherine Steege | Commercial | 1982 | 725.00 | 21.8 | 15,805.00 |
| Barry Levenstam | Litigation | 1978 | 700.00 | 17.2 | 12,040.00 |
| Debbie L. Berman | Litigation | 1990 | 625.00 | 6.6 | 4,125.00 |
| David M. Greenwald | Litigation | 1986 | 600.00 | 1.0 | 600.00 |
| Carla J. Rozycki | Labor & Employment | 1977 | 550.00 | 0.2 | 110.00 |
| Monica R. Pinciak | Litigation | 1999 | 545.00 | 2.0 | 1,090.00 |
| Amanda S. Amert | Litigation | 2000 | 540.00 | 17.0 | 9,180.00 |
| **PARTNER TOTALS** | | | | 104.8 | 77,007.50 |

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **ASSOCIATES** | | | | | |
| Douglas Sondgeroth | Litigation | 2002 | 525.00 | 54.1 | 28,402.50 |
| Melissa M. Hinds | Commercial | 2003 | 495.00 | 92.6 | 45,837.00 |
| Spiridoula Mavrothalasitis | Litigation | 2003 | 475.00 | 3.6 | 1,710.00 |
| Wade A. Thomson | Litigation | 2004 | 475.00 | 3.6 | 1,710.00 |
| Wade A. Thomson | | | 410.00 | 0.7 | 287.00 |
| Joshua Rafsky | Employee Benefits | 2005 | 435.00 | 9.2 | 4,002.00 |
| David H. Hixson | Commercial | 2006 | 400.00 | 12.6 | 5,040.00 |
| Eamon P. Kelly | Litigation | 2008 | 325.00 | 29.7 | 9,652.50 |
| Landon S. Raiford | Litigation | 2008 | 325.00 | 1.9 | 617.50 |
| **ASSOCIATE TOTALS** | | | | 208.0 | 97,258.50 |

PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Daryl Gardner | 275.00 | 2.3 | 632.50 |
| David Wirkiroski | 275.00 | 1.2 | 330.00 |
| Jennifer Anderson | 275.00 | 0.5 | 137.50 |
| Lori L. Manheimer | 275.00 | 6.3 | 1,732.50 |
| Robert R. Ohton, Jr. | 275.00 | 4.0 | 1,100.00 |
| Wendell R. Wettstein | 275.00 | 1.0 | 275.00 |
| Zulaikha Master | 275.00 | 2.6 | 715.00 |
| Michael H. Matlock | 260.00 | 8.4 | 2,268.00 |

2

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Shawn K. McGee | 270.00 | 9.3 | 2,511.00 |
| Lisa A. Ross | 260.00 | 0.5 | 130.00 |
| David K. Morgan | 230.00 | 2.7 | 621.00 |
| Panagiota Ramos | 170.00 | 27.5 | 4,675.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | 66.3 | 15,127.50 |

Total dollar amount of services rendered (Attorneys and Paraprofessionals):  $189,393.50

BLENDED HOURLY RATE:  $499.59

## SUMMARY OF DISBURSEMENTS

| Description | Amount |
|---|---:|
| Business Meals | 20.37 |
| In-City Transportation | 65.00 |
| Lexis Research | 165.09 |
| Messenger Service | 28.50 |
| Out-of-City Transportation | 694.07 |
| Photocopy and Printing Charges | 735.11 |
| UPS Charges | 131.44 |
| Westlaw Research | 1710.18 |
| **Total** | $3,549.76 |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Objections Due:  May 18, 2009 at 4:00 p.m.** |
| | ) **Hearing Date:** *Only if Objections are filed.* |
| | ) |

## MONTHLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2009 THROUGH MARCH 31, 2009

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") for approval and allowance of compensation for services rendered in the amount of $179,873.10 and reimbursement of expenses incurred in the amount of $3,549.76 during the period commencing March 1, 2009 through and including March 31, 2009 (the "Application Period").[1]  This Application is submitted pursuant to Sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and reimbursement of Expenses for

---

[1] This Application also includes a request for compensation and reimbursement for a minimal amount of fees and expenses that were inadvertently omitted from Jenner & Block LLP's prior quarterly fee application.

Professionals and Consideration of Fee Applications (the "Fee Examiner Order").  In support of

the Application, Jenner respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Application is

11 U.S.C. § 1103(a).

2.     The statutory bases for relief requested herein are Sections 328, 330 and 331 of

the Bankruptcy Code.

## BACKGROUND

3.     On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.     The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.     No trustee or examiner has been appointed in these chapter 11 cases.

6.     On February 20, 2009, this Court entered the Order Authorizing Debtors and

Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain

Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the

"Retention Order").

7.      Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as special counsel in connection with litigation matters.

8.      Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and certain other defendants in the lawsuit *Neil, et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No. 08-cv-06833 in the United States District Court for the Northern District of Illinois (the "District Court"). In the *Neil* Litigation, certain of the Debtors' former employees have asserted three causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act ("ERISA") and Delaware state law related to The Tribune Company's Employee Stock Ownership Plans ("ESOP"). The plaintiffs are seeking class certification for their claims. With respect to the *Neil* Litigation, the scope of Jenner's representation is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases." (Retention Order at 2-3.)

9.      Also prior to the Petition Date, Jenner represented the Debtors in the lawsuit *Cueto v. Chicago Tribune Company, et al.* (the "*Cueto* Litigation"), Case No. 07-L-80 in the Circuit Court of St. Clair County, Illinois (the "State Court"). In the *Cueto* Litigation, a former attorney has asserted five causes of action against certain of the Debtors and others, alleging that the defendants invaded the plaintiffs' privacy and portrayed him in a false light by publishing materials regarding comments the plaintiff allegedly made about his relationship with judges in Illinois.

10.     On April 9, 2009, the Debtors filed a Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application").  The Supplemental Retention Application seeks an Order from the Court clarifying the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the Department of Labor (the "DOL") on March 2, 2009.  The DOL's subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA.  The deadline to produce these documents was March 31, 2009, and Jenner advised and assisted the Debtors in connection with responding to the subpoena.

11.     The deadline for filing objections to the Supplemental Retention Application was April 23, 2009, except for an extension granted to the U.S. Trustee.  This Application includes a request for compensation for services rendered and expenses incurred in connection with Jenner's representation of the Debtors' related to the DOL subpoena.

12.     Jenner currently holds a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.  The Retention Order provides that Jenner shall exhaust this retainer in satisfaction of allowed interim compensation and reimbursement requests prior to seeking further payments from the Debtors.

13.     Additionally, as set forth in Jenner's application to be retained in these cases, Equity Group Investments, LLC ("EGI") is responsible for paying one-fourteenth (1/14) of the legal fees due to Jenner on account of its representation of the Debtors in the *Neil* Litigation. EGI is not responsible for reimbursing Jenner on account of any expenses incurred by Jenner, nor is responsible for Jenner's fees and expenses related to any other matters including herein,

such as the DOL subpoena or the *Cueto* Litigation. Thus, in this Application, Jenner reduces the amount of compensation for services it is seeking by the amount of the payments due to it from EGI.

14. This is Jenner's first monthly fee application. On April 15, 2009, Jenner filed its first quarterly fee application seeking compensation in the amount of $90,021.75 for services rendered and $2,386.85 for expenses incurred for the period December 8, 2008 through February 28, 2009.

## COMPENSATION PAID AND ITS SOURCES

15. All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

16. As set forth above, EGI is responsible for paying one-fourteenth of the legal fees due to Jenner related to the *Neil* Litigation. Accordingly, Jenner has reduced the amount of compensation related to the *Neil* Litigation it is seeking by $9,520.40. ($133,285.50 * 1/14 = $9,520.40.) There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

17. The fee statement for the Application Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Jenner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

## SUMMARY OF SERVICES

18.    As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Jenner during the Application Period total $189,393.50.    After subtracting the portion of fees for which EGI is responsible, Jenner is seeking compensation in the amount of $179,873.10.    The services rendered by Jenner during the Application Period are grouped into specific project categories as set forth in Exhibit A.    The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

19.    This Application includes a request for compensation for services rendered in connection with the *Cueto* Litigation during the period from December 2008 through February 2009.    These fees, totaling just $5,934.50, were inadvertently omitted from Jenner's previous quarterly fee application.

20.    The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Application Period, organized by project category.

A.    **ESOP / Stay Issues (Matter No. 10130)**

Fees: $133,285.50    Debtors' Share of Fees: $123,765.10    Total Hours: 245.80

21.    During the Application Period, Jenner devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the enforcement of the automatic stay in the *Neil* Litigation.    Jenner has researched and drafted memoranda regarding the applicability of the automatic stay to the *Neil* Litigation, which raised issues concerning indemnification of the Debtors' board of directors, whether the Debtors were necessary parties to the *Neil* Litigation, and whether the Neil Litigation would impact the Debtors' estate.    These issues required additional analysis in light of the fact that the *Neil* plaintiffs have filed two amended complaints since the filing of the Debtors chapter 11 cases.    Jenner has also sought to

determine whether this Court could, in the alternative, stay the Neil Litigation pursuant to its authority under Section 105(a) of the Bankruptcy Code. Jenner's efforts in this regard culminated in the filing of a motion for a preliminary injunction staying the Neil Litigation and an adversary complaint seeking to stay the Neil Litigation pursuant to Section 105(a), both filed with this Court.

22.    At the District Court's request, Jenner has also researched and briefed whether the District Court or this Court is the more appropriate forum to determine whether the automatic stay applies to the *Neil* Litigation.

23.    In addition to the above, Jenner's time includes: (i) communications with Debtors' general bankruptcy counsel to coordinate efforts and avoid the duplication of work; (ii) communications with opposing counsel; (iii) appearing in court on the foregoing matters; and (iv) updating and maintaining files related to the *Neil* Litigation and the proceedings in this Court.

**B.    DOL Subpoena (Matter No. 10148)**

Fees: $46,904.50        Total Hours: 114.30

24.    During the Application Period, Jenner devoted numerous hours to assisting the Debtors respond to the DOL's subpoena regarding ERISA issues. Jenner spent a significant amount of time researching and drafting memoranda concerning the DOL's reliance on a fiduciary duty exception to the Debtors' attorney-client privilege. Jenner also gathered and reviewed documents to determine whether they were responsive to the subpoena or subject to privilege, and prepared the documents for production to the DOL. Additionally, Jenner drafted responses and objections to the subpoena and communicated with the DOL regarding the scope of the subpoena requests.

**C.    Cueto (Matter No. 10024)**

Fees: $6,122.00        Total Hours:  10.9

25.    Since the Petition Date and through the Application Period, Jenner has devoted a limited number amount of hours to the fulfillment of its professional duties and responsibilities in connection with its representation of the Debtors in the *Cueto* Litigation.    Among other things, Jenner advised the Debtors and the State Court as to the impact of the automatic stay, including filing a notice of suggestion of stay and researching whether the *Cueto* Litigation could be stayed as to the non-Debtor defendants.    Jenner attorneys also prepared for and attended a hearing on motions to dismiss and to disqualify the presiding judge.    This category of time also includes communications with counsel for the co-defendants regarding the *Cueto* Litigation.

**D.    Retention Issues (Matter No. 10172)**

Fees: $857.5    Total Hours: 1.5

26.    During the Application Period, Jenner attorneys expended limited time on retention issues.    This category of time descriptions relates to the fees and expenses incurred in preparing the Supplemental Fee Application described above, pursuant to which the Debtor seeks to clarify that the scope of Jenner's representation includes matters related to responding to the DOL subpoena.

**E.    Fee Applications (Matter No. 10164)**

Fees: $857.5    Total Hours: 6.6

27.    During the Application Period, Jenner attorneys expended very limited time on fee applications.    As the vast majority of time related to preparation of this Application and Jenner's previously-filed quarterly fee application has been incurred after March 31, 2009, the next fee application will capture the time and charges related to their preparation.

## ACTUAL AND NECESSARY EXPENSES

28.     A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Application Period in the amount of $3,549.76 is attached hereto as Exhibit B.[2] Jenner's standard charge for photocopies is $0.08 per page.  Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

29.     With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

30.     Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES

31.     Attorneys and paraprofessionals of Jenner have expended a total of 379.1 hours in connection with their representation of the Debtors during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character.   The reasonable value of services rendered by Jenner to the Debtors during the Application Period is $189,393.50.  As set forth above, one-fourteenth of Jenner's fees related to the *Neil* Litigation are to be paid by EGI, and therefore Jenner seeks allowance of compensation in the amount of $179,873.10.  To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Jenner reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

---

[2] This includes $1,225.97 in expenses incurred between December 2008 and February 2009, which were omitted from Jenner's prior fee application.

32.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period March 1, 2009 through March 31, 2009, with respect to the sum of $179,873.10 for necessary professional services rendered (80% of which is $143,898.48) and the sum of $3,549.76 as 100% reimbursement of actual necessary costs and expenses, for a total of $183,422.68; (b) authorizing and directing the Debtors to remit payments to Jenner in the event that Jenner's retainer is insufficient to pay the amounts set forth in paragraph (a) above; and (c) granting such other and further relief as this Court deems just and proper.

Dated: April 27, 2009

By: _____
One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
Craig C. Martin
330 North Wabash Avenue
Chicago, IL 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email: dbradford@jenner.com
        cmartin@jenner.com

14