# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al., [1]

Debtors.

Chapter 11
Case No. 08-13141-KJC
Jointly Administered

**Related to Docket Nos.  10, 56, 74**
**Hearing: April 30, 2009 at 2:30 p.m. (ET)**

## CERTIFICATION OF COUNSEL REGARDING
## MOTION OF THE DEBTORS FOR AN ORDER (I) APPROVING CASH MANAGEMENT SYSTEMS, (II) AUTHORIZING USE OF PREPETITION BANK ACCOUNTS AND BUSINESS FORMS, (III) WAIVING THE REQUIREMENTS OF 11 U.S.C. § 345(B) ON AN INTERIM BASIS, AND (IV) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS

The undersigned, counsel to the above-captioned debtors and debtors in possession (the

"Debtors"), hereby certifies as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network Inc.) (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      On December 8, 2008, the Debtors filed the Motion of the Debtors for an Order

(I) Approving Cash Management Systems, (II) Authorizing Use of Prepetition Bank Accounts

and Business Forms, (III) Waiving the Requirements of 11 U.S.C. § 345(b) on an Interim Basis,

and (IV) Granting Administrative Expense Status to Postpetition Intercompany Transactions (the

"Cash Management Motion") [Docket No. 10].

2.      On December 10, 2008, the Court entered an Order approving the Cash

Management Motion on an interim basis (the "Interim Order") [Docket No. 56].

3.      On December 11, 2008, the Notice of Entry of Interim Order and Notice of Final

Hearing Regarding Motion of the Debtors for an Order (I) Approving Cash Management

Systems, (II) Authorizing Use of Prepetition Bank Accounts and Business Forms, (III) Waiving

the Requirements of 11 U.S.C. § 345(b) on an Interim Basis, and (IV) Granting Administrative

Expense Status to Postpetition Intercompany Transactions (the "Notice") [Docket No. 74] was

filed with the Court.  In accordance with the Notice, a final hearing on the Cash Management

Motion was scheduled for January 5, 2009, and objections to the entry of a final order approving

the Cash Management Motion with respect to the Intercompany Claims and Intercompany

Transactions (as defined in the Cash Management Motion) between and among the Debtors and

their non-Debtor affiliates were due to be filed and served on or before December 29, 2008 at

5:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").  No objections were received to

the entry of a final order by the Objection Deadline.  The Debtors, however, extended the

Objection Deadline for the Senior Lender Steering Committee (the "Steering Committee"), the

Official Committee of Unsecured Creditors (the "Creditors' Committee") and the Office of the

United States Trustee (the "U.S. Trustee"), and also adjourned for several months the final

46429/0001-5557988v1

hearing on the Cash Management Motion to allow the parties the opportunity to engage in discussion and resolve issues raised regarding the Cash Management Motion.

4.    Attached hereto as <u>Exhibit A</u>, is a revised proposed Final Order (I) Approving Cash Management Systems, (II) Authorizing Use of Prepetition Bank Accounts and Business Forms, and (III) Granting Superpriority Expense Status to Postpetition Intercompany Transactions (the "<u>Proposed Final Order</u>").  Attached hereto as <u>Exhibit B</u>, is a black lined copy of the Proposed Final Order which reflects all changes made to the Interim Order.  The Proposed Final Order is the product of a collaborative process engaged in by the Debtors, the Steering Committee, the Creditors' Committee, and the U.S. Trustee (collectively, the "<u>Parties</u>") over the last several months to address their respective concerns regarding the Cash Management Motion. The Parties consent to entry of the Proposed Final Order attached hereto as <u>Exhibit A</u>.

5.    The Proposed Final Order provides for certain relief that was not set forth in the Cash Management Motion.  The additional relief in the Proposed Final Order includes:  (i) granting superpriority status to Junior Reimbursement Claims arising from Intercompany Transactions (the "<u>Superpriority Status Relief</u>"), (ii) providing for detailed accounting of all postpetition Intercompany Transactions, (iii) granting administrative priority status to overdraft-related charges and liability, (iv) authorizing the Debtors to maintain certain foreign bank accounts with restrictions, and (v) establishing cash collateral accounts to secure reimbursement obligations in connection with letters of credit.  The Parties request the Court approve the Proposed Final Order, including the Superpriority Status Relief, and grant the relief requested on a final basis; <u>provided</u>, <u>however</u>, that with respect to the Superpriority Status Relief as discussed below the Debtors propose further notice and an opportunity for objection prior to such Superpriority Status Relief becoming final.

46429/0001-5557988v1

6.    The Parties request the Court approve a negative notice procedure relating to the Superpriority Status Relief.  The proposed negative notice procedure provides that once the Proposed Final Order is approved and entered on the docket (the "Final Order"), the Debtors shall serve the Final Order, together with the form of notice attached hereto as Exhibit C.  If no objections to the Superpriority Status Relief are filed to the Final Order within ten (10) days after entry of the Final Order, the Final Order shall become a Final Order with respect to the Superpriority Status Relief incorporated therein.  In the event an objection is filed, the matter will be scheduled for hearing at the regularly scheduled May 12, 2009 omnibus hearing.  As noted above, the Steering Committee and the Creditors' Committee support this request and the U.S. Trustee has no objection to this notice procedure.

7.    The Debtors and the U.S. Trustee continue to discuss the Debtors' requested relief for certain accounts and practices relating to section 345(b) of the Bankruptcy Code and the Proposed Final Order provides that a final order for such relief will be rescheduled for the hearing scheduled for May 28, 2009 at 1:00 p.m. (ET).

8.    The Debtors respectfully request the Court enter the Proposed Final Order.

Dated:  April 29, 2009                    Respectfully submitted,

                                          SIDLEY AUSTIN LLP
                                          Bryan Krakauer
                                          James F. Conlan
                                          Kevin T. Lantry
                                          Candice L. Kline
                                          One South Dearborn Street
                                          Chicago, IL  60603
                                          Telephone:  (312) 853-7000
                                          Facsimile:  (312) 853-7036

                                          - and -

4

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-5557988v1