# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Proposed Hearing Date: May 12, 2009 at 10:00 a.m. EDT**
**Proposed Objection Deadline: May 7, 2009 at 4 p.m. EDT**
**Related to Docket No. 1107**

## JOINT MOTION OF DEBTOR TRIBUNE BROADCASTING COMPANY AND THE CW NETWORK, LLC FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE UNDER SEAL UNREDACTED VERSIONS OF CERTAIN STATION AFFILIATION AND RELATED AGREEMENTS

Tribune Broadcasting Company, one of the above-captioned debtors and debtors

in possession ("Tribune Broadcasting" or the "Debtor" and collectively, the "Debtors"), and The

CW Network, LLC ("the CW") by and through their undersigned counsel, hereby move this

Court (the "Motion") for entry of an order (the "Order"), pursuant to sections 105(a) and 107(b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network Inc.) (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") authorizing Tribune Broadcasting and the CW to file under seal

unredacted versions of certain station affiliation and related agreements (collectively, the "New

Agreements")[2]. In support of this Motion, Tribune Broadcasting and the CW respectfully state

as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the United States Trustee for the District of

Delaware appointed an official committee of unsecured creditors (the "Committee"). The

Committee has been apprised of the relief requested herein.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

---

[2] The New Agreements are comprised of (i) the new station affiliation agreements; (ii) the additional terms letter agreements governing certain aspects of the station affiliation agreements, including compensation; and (iii) the side letter agreement between Tribune Broadcasting and the CW concerning media promotion obligations in certain markets in which the Station Affiliates operate. Nothing contained in this Motion is intended to alter any provision of the New Agreements. In the event of a discrepancy between the description of such New Agreements in this Motion and their actual terms as reflected in the exhibits, the terms of such New Agreements shall control.

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

**BACKGROUND TO THE MOTION**

6.      Contemporaneously with the filing of this Motion, Tribune Broadcasting filed a motion seeking authorization for itself and twelve (12) of its wholly-owned Debtor subsidiaries (the "Station Affiliates") to enter into the New Agreements with the CW (the "SAA Motion").[3] As set forth more fully in the SAA Motion, Tribune Broadcasting and the Station Affiliates believe that the proposed entry into the New Agreements is in their best interests and in the best interests of their estate and creditors. Based on their existing Prepetition Affiliation Agreements with the CW and their experience with similar station affiliation agreements and the television broadcasting industry generally, Tribune Broadcasting and the Station Affiliates believe that the entry into the New Agreements is likely within their ordinary course of business. Notwithstanding the foregoing, out of an abundance of caution, Tribune Broadcasting and the Station Affiliates seek Court authorization to enter into the New Agreements.

7.      Certain provisions of the New Agreements reflect information that is confidential, proprietary, or commercially or competitively sensitive to either or both parties. In order to protect the business interests of both parties to the agreements, the New Agreements attached to the SAA Motion have been redacted to eliminate such terms. The redactions to the form of New Agreements filed with the SAA Motion are consistent with the redactions to the New Agreements that will be filed with the FCC, if approval of the SAA Motion is obtained.

---

[3] Contemporaneously with the filing of this Motion and the SAA Motion, Tribune Broadcasting and the CW have jointly filed a motion requesting entry of an order shortening the applicable notice periods for hearing on the motions.

## RELIEF REQUESTED

8.    By this Motion, Tribune Broadcasting and the CW respectfully request

entry of an Order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and

Local Rule 9018-1 authorizing them to file unredacted versions of the New Agreements under

seal.

9.    Tribune Broadcasting and the CW further request that the Court order that

responses and/or objections, if any, to the Motion be filed with the Court under seal or any

confidential information contained therein redacted and served solely upon counsel for the

Debtors, counsel to the CW, the Office of the United States Trustee, and counsel for the

Committee.

## BASIS FOR RELIEF

10.    Pursuant to section 107(b) of the Bankruptcy Code, the Court may

authorize Tribune Broadcasting to file the New Agreements under seal.  Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

11.    Bankruptcy Rule 9018 sets forth the procedure by which a party in interest

may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule

9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of

a trade secret or other confidential research, development or commercial
information . . .

Fed. R. Bankr. P. 9018.

12.    Once the Court determines that a party in interest is seeking protection of
information that falls within one of the categories enumerated in section 107(b) of the
Bankruptcy Code, "the court is required to protect a requesting interested party and has no
discretion to deny the application". Video Software Dealers Ass'n v. Orion Pictures Corp. (In re
Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also
found that such relief should be granted if the information sought to be protected is "commercial
information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that
the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of
information that could reasonably be expected to cause the entity commercial injury."). Courts
have also stated that commercial information need not rise to the level of a trade secret to be
protected under section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that
section 17(b)(1) creates an exception to the general rule that court records are open to
examination by the public and that under this exception, an interested party has to show only that
the information it wishes to seal is "confidential and commercial" in nature).

13.    Tribune Broadcasting and the CW submit that good cause exists for the
Court to grant the relief requested herein. As mentioned above, certain provisions of the New
Agreements reflect information that is confidential, proprietary, or commercially or
competitively sensitive to either or both parties. Protection of such information is of critical
importance to both Tribune Broadcasting and the CW because of the potential impact disclosure
of such terms could have on their business operations. Specifically, disclosure of the New
Agreements' terms could significantly impede Tribune Broadcasting's ability to successfully

negotiate certain terms contained in the New Agreements with other networks with which it has

affiliation agreements. Similarly, with respect to the CW, disclosure of certain terms contained

in the New Agreements could potentially create a competitive disadvantage for current or future

affiliation agreements with other television stations. Accordingly, public dissemination of

certain information contained in the New Agreements could provide competitors and future

contract counterparties of Tribune Broadcasting and/or the CW with a substantial and unfair

advantage. Tribune Broadcasting and the CW believe that Court authorization to file the New

Agreements under seal will ensure that such information is not misused. Moreover, Tribune

Broadcasting and the CW believe that no valid purpose would be served by the disclosure of the

information to the general public. Further, as noted, the redactions to the form of New

Agreements, as filed with the SAA Motion, are the same types of redactions that would be made

to the New Agreements when they are filed with the FCC, following their execution.

14.    For these reasons, Tribune Broadcasting and the CW respectfully request

that this Court permit unredacted versions of the New Agreements to be filed under seal pursuant

to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1

because of the harm that would ensue if the highly confidential information contained in the New

Agreements became public information. Tribune Broadcasting and the CW submit that if this

Motion is granted, they will also provide, on a confidential basis, unredacted copies of the New

Agreements to the Office of the United States Trustee and counsel to the Committee.[4]

### NOTICE

15.    Notice of this Motion has been provided to: (i) the Office of the United

States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the

---

[4] Pursuant to Del. Bankr. L. R. 9018-1(b), an unredacted copy of Exhibit A to the SAA Motion is being provided to the Court for its review in an envelope marked "DOCUMENT TO BE KEPT UNDER SEAL."

United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v)

counsel for the Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition

loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing

facility; (viii) counsel to the CW; and (vi) all parties having requested notice pursuant to

Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, Tribune Broadcasting

submits no other or further notice is necessary.

## <u>NO PRIOR REQUEST</u>

16.     No previous application for the relief sought herein has been made to this

Court or any other court.

WHEREFORE, Tribune Broadcasting and the CW respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (i) authorizing them to file under seal unredacted versions of the New Agreements and (ii) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
      April 29, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kerriann S. Mills
Jillian K. McClelland
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Dated:  Wilmington, Delaware
        April 29, 2009

Respectfully submitted,

GLICKFELD, FIELDS & JACOBSON LLP
Lawrence M. Jacobson
9401 Wilshire Boulevard, Suite 525
Beverly Hills, CA  90212
Telephone:  (310) 550-7222
Facsimile:  (310) 550-6222

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: /s/ Curtis S. Miller
Derek C. Abbott (No. 3376)
Curtis S. Miller (No. 4583)
1201 North Market Street
18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

ATTORNEYS FOR THE CW NETWORK, LLC