## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 1107 and 1108** |

### JOINT MOTION OF DEBTOR TRIBUNE BROADCASTING COMPANY AND THE CW NETWORK, LLC TO SHORTEN THE NOTICE PERIODS FOR (I) MOTION OF DEBTOR TRIBUNE BROADCASTING COMPANY FOR AN ORDER AUTHORIZING ENTRY INTO POSTPETITION STATION AFFILIATION AND RELATED AGREEMENTS WITH THE CW NETWORK, LLC AND (II) JOINT MOTION OF DEBTOR TRIBUNE BROADCASTING COMPANY AND THE CW NETWORK, LLC FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE UNDER SEAL UNREDACTED VERSIONS OF CERTAIN STATION AFFILIATION AND RELATED AGREEMENTS

Tribune Broadcasting Company, one of the above-captioned debtors and debtors

in possession ("Tribune Broadcasting" or the "Debtor" and collectively, the "Debtors"), and The

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network Inc.) (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CW Network, LLC ("the CW") by and through their undersigned counsel, hereby jointly move

(the "Motion to Shorten") the Court for entry of an order, pursuant to section 105(a) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 2002 and 4001 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), shortening the notice periods for (i) the Motion of Debtor

Tribune Broadcasting Company for an Order Authorizing Entry into Postpetition Station

Affiliation and Related Agreements with The CW Network, LLC (the "SAA Motion") and (ii)

Joint Motion of Debtor Tribune Broadcasting Company and The CW Network, LLC for Entry

of an Order Authorizing Them to File Under Seal Unredacted Versions of Certain Station

Affiliation and Related Agreements (the "Seal Motion") so that the SAA Motion and Seal

Motion can be considered at a hearing on or prior to May 12, 2009.[2] In support of the relief

requested in this Motion to Shorten, Tribune Broadcasting and the CW respectfully state as

follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the SAA
Motion.

2

4.    On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). The Committee has been apprised of the relief requested herein and in the SAA Motion.

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 4001 and Local Rule 9006-1(e).

## BACKGROUND

6.    As set forth more fully in the SAA Motion and the Seal Motion filed concurrently herewith, Tribune Broadcasting and twelve (12) of its wholly-owned Debtor subsidiaries (the "Station Affiliates") seek authorization, in their discretion, to enter into postpetition station affiliation and related agreements (collectively, the "New Agreements") with the CW and to file such New Agreements under seal.

7.    Tribune Broadcasting and the Station Affiliates believe that their proposed entry into the New Agreements is in their best interests and in the best interests of their estates and creditors. Among other reasons specified in the SAA Motion, the New Agreements contemplate the return of certain programming time slots from the CW back to the Station Affiliates, which will enable the Station Affiliates to procure alternate programming for key audience viewing times and to retain a greater proportion of commercial advertising inventory to sell to advertisers.

8.    Prior to the Petition Date, Tribune Broadcasting, the Station Affiliates, and the CW entered into various affiliation and related agreements (the "Prepetition Affiliation

Agreements"). Based on the Prepetition Affiliation Agreements with the CW and their experience with similar station affiliation agreements and the television broadcasting industry generally, Tribune Broadcasting and the Station Affiliates believe the entry into the New Agreements is likely within their ordinary course of business. Notwithstanding the foregoing, out of an abundance of caution, Tribune Broadcasting and the Station Affiliates seek Court authorization to enter into the New Agreements.

## RELIEF REQUESTED

9.      By this Motion, Tribune Broadcasting and the CW respectfully request entry of an Order shortening the applicable notice periods for the SAA Motion and the Seal Motion to (i) allow a hearing on the motions on or before May 12, 2009, the next regularly scheduled omnibus hearing date, and (ii) fixing the date that is two (2) business days prior to the hearing date as the deadline that responses or objections to the motions be submitted.

## BASIS FOR RELIEF

10.      The Bankruptcy Rules require twenty (20) days notice prior to the hearing date for motions involving the use of estate property. See Fed. R. Bankr. P. 2002(a)(2). Pursuant to Local Rule 9006-1(e), the notice period for a motion may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice." Del. Bankr. L.R. 9006-1(e). Tribune Broadcasting and the CW submit that sufficient cause exists to justify shortening the applicable notice periods to permit the hearing on the SAA Motion and the Seal Motion to take place on or before May 12, 2009, the next regularly scheduled omnibus hearing date.

11.      The network/affiliate relationship between the CW and the Station Affiliates is extremely important and valuable to both parties. Approximately one-third of the

CW Television Network's total prime time audience watches the CW exclusively on the Station

Affiliates' stations.  Likewise, most of the prime time programming for the Station Affiliates is

delivered by the CW.  Accordingly, Tribune Broadcasting, the Station Affiliates, and the CW are

committed to moving forward with their longstanding relationship and have been engaged in

extensive discussions for the past several months regarding the reallocation of certain

programming time slots.  The parties have only just reached a final agreement on the terms of the

New Agreements, so it was not possible to bring the SAA Motion earlier.  Moreover, the CW

must commit to license programming worth hundreds of millions of dollars by early May 2009,

in order to acquire first-run television programming for its 2009-2010 television season.

However, the CW cannot finalize its program schedule without a binding agreement that the

Station Affiliates will continue to broadcast the CW programming.  The majority of the CW's

revenue comes from advertising commitments contracted during the annual "Advertising

Upfront".  This annual event begins with an "Upfront Presentation' which takes place in May of

each year.  At the Upfront Presentation, the CW unveils its network programming for the

following television season (which runs from September through August) and advertisers make

commitments to purchase advertising on those programs from the CW.  The Station Affiliates

also invite many of their key advertisers to the Upfront Presentation to showcase the

programming that they can advertise on the Station Affiliates' stations in the Fall.  This year, the

CW's Upfront Presentation takes place on May 21, 2009.  In order to have its network program

schedule for the 2009-2010 season in place by the date of the Upfront Presentation, the CW must

commit to the acquisition of programming several weeks prior to the Upfront Presentation.

Therefore, time is of the essence for each of the parties to enter into the New Agreements and

begin preparations for this Fall's broadcast season.

12.    Given the overall benefits that the New Agreements represent to Tribune Broadcasting and the Station Affiliates, and their estates and creditors, Tribune Broadcasting respectfully submits that the unique timing considerations attendant to the entry into the New Agreements provide sufficient cause to justify shortening the applicable notice periods for the hearing on the SAA Motion and the Seal Motion.  And, as noted, the Committee has been apprised of the relief requested herein and in the SAA Motion and the Seal Motion. Accordingly, Tribune Broadcasting and the CW respectfully request that a hearing on the SAA Motion, and the corresponding Seal Motion, be held on or before May 12, 2009 and that responses or objections to the motions be submitted on or before the date that is two (2) business days prior to the hearing date.

### NOTICE

13.    Contemporaneously with the filing of this Motion to Shorten, in accordance with Local Rule 2002-1(b) and to ensure that all parties receive notice as soon as possible, Tribune Broadcasting will give notice of the filing of this Motion to Shorten, the SAA Motion, and the Seal Motion via email, hand delivery and/or overnight courier to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility;  (viii) counsel to the CW; and (ix) parties having requested notice pursuant to Bankruptcy Rule 2002.  Tribune Broadcasting submits that such notice constitutes due and sufficient notice of this Motion to Shorten, the SAA Motion, and the Seal Motion and that no other or further notice is necessary or required.

WHEREFORE, Tribune Broadcasting and the CW respectfully request that the Court enter an Order, in substantially the form attached hereto as <u>Exhibit A</u>, (i) shortening the applicable notice period and scheduling a hearing on the SAA Motion and the Seal Motion on or before May 12, 2009 and (ii) fixing the date that is two (2) business days prior to the hearing date as the deadline that responses or objections to the motions be submitted.

Dated: Wilmington, Delaware
      April 29, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Janet E. Henderson
Kerriann S. Mills
Jillian K. McClelland
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Dated: Wilmington, Delaware
      April 29, 2009

Respectfully submitted,

GLICKFELD, FIELDS & JACOBSON LLP
Lawrence M. Jacobson
9401 Wilshire Boulevard, Suite 525
Beverly Hills, CA  90212
Telephone:  (310) 550-7222
Facsimile:  (310) 550-6222


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Curtis S. Miller*
Derek C. Abbott (No. 3376)
Curtis S. Miller (No. 4583)
1201 North Market Street
18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

ATTORNEYS FOR THE CW NETWORK, LLC