**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 08-13141 (KJC) |
| THE CHICAGO TRIBUNE COMPANY. et al., | : Jointly Administered |
| | : **Hearing Date: May 26, 2009 at 1:00 p.m.** |
| Debtors. | : **Objection Date: May 19, 2009 at 4:00 p.m.** |

**MOTION OF SCHUR PACKAGING SYSTEMS, INC. FOR RELIEF
FROM THE AUTOMATIC STAY TO PERMIT CONTINUATION
OF PENDING LITIGATION**

Schur Packaging Systems, Inc. ("Schur Packaging"), by and through its attorneys Rawle & Henderson, LLP, hereby moves this Court pursuant to 11 U.S.C. §362(d) for an Order modifying the automatic stay to permit continuation of litigation pending and the assertion of additional claims against certain Debtors to the extent of insurance coverage and in support thereof states as follows:

1. On December 8, 2008 (the "Petition Date"), the Debtors filed a petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code. The debtors continue to operate their businesses and manage their properties as debtors in possession. No trustee or examiner has been appointed to date. An Official Committee of Unsecured Creditors was appointed by the United States Trustee on or about December 18, 2008. (D.I. 101)

2. Debtors publish the paper known as the Chicago Tribune and operate a building known as the "Chicago Tribune Freedom Center" located at 777 West Chicago Avenue, Chicago, Illinois.

3. On June 14, 2007 Penelope Henderson filed her First Amended Complaint at Law against The Chicago Tribune Company, Schur Packaging and others arising out of a May 26, 2007 accident that is alleged to have caused the death of Isaiah Shannon, husband of the named

plaintiff (the "Lawsuit"). (See Exhibit "A").

4. The Lawsuit is currently pending in the Circuit Court of Cook County, Illinois, County Department – Law Division, No. 07-L-005677.

5. Schur Packaging filed an Answer with Affirmative Defenses to Plaintiff Henderson's First Amended Complaint in July 2007. Since that time, information has been developed which has resulted in Schur Packaging desiring to file two (2) Counterclaims[1] and a Third Party Complaint, with one of said Counterclaims being for contribution and/or indemnity against the Debtors. Pursuant to Illinois Law, specifically, 735 ILCS 5/13-204(b), Counterclaims and Third Party Practice must be commenced within two (2) years of the date of service of the Complaint.

6. After the filing of the debtor's Chapter 11 petition herein, on or about December 29, 2008 a Suggestion of Bankruptcy and Notice of Operation of Automatic Stay was filed in the Circuit Court of Cook County, Illinois, and the automatic stay of 11 U.S.C. §362 went into effect.

7. As a result of the Debtors Petition, Schur Packaging, has been precluded from filing its Counterclaims and Third Party Complaint for contribution and indemnification.

8. Schur Packaging seeks relief from the automatic stay to permit the continuation of litigation against the Debtors with respect to the Lawsuit and the assertion by Schur Packaging of a Counterclaim against Debtor, but only to the extent of the Debtors' insurance coverage.

9. "In connection with the day-to-day operations of their businesses, the Debtors maintain various insurance programs (the "Insurance Programs") and related insurance policies." (See Exhibit "B" First Day Affidavit of Chandler Bigelow III, pg. 67). The Debtors "have

---

[1] Under Illinois law "Counterclaim" is the phraseology used to delineate what is referred to in Delaware parlance as Cross-Claims.

4

numerous Insurance Policies covering a variety of matters such as general liability, media liability, directors' and officers' liability, fiduciary liability, property, travel, and aviation, among others." (See Exhibit "B" First Day Affidavit of Chandler Bigelow III, pg. 68).

10. The Debtors, during all relevant periods, were covered by a policy of insurance issued by Zurich American Insurance Company, Policy Number GLO 5918664-01, with a policy period of 3-01-07 to 3-01-08. (See Exhibit "C").

11. Additionally, Debtors' First Day Motion to Authorize the Debtors to (I) Pay Installments under Prepetition Insurance Premium Finance Arrangement, (II) Continue Prepetition Insurance Programs and (III) Pay all Prepetition Obligations in Respect Thereof attaches as Exhibit "A" thereto a list of all Insurance Carriers and applicable policies in effect at the time of the filing for relief. (D.I. 7). (See Exhibit "D"). That list specifically identifies Zurich American Insurance Company, Policy Number GLO 5918664-02, which is a follow on or subsequent policy to the policy in effect at the time of the incident alleged in the "Lawsuit".

12. Because Debtors are insured for the Lawsuit and Counterclaim of Schur Packaging and Schur Packaging only seeks relief to the extent of the Debtors' insurance, relief from the automatic stay is without prejudice to the Debtors or to the claims of other creditors. The litigation will not harm the Debtor or diminish the estate. To the contrary, to the extent that Schur Packaging's Counterclaim may be satisfied by the Debtors' insurers, those claims are satisfied outside of this case and more funds are theoretically available to the other creditors.

13. Since the policy also includes the cost of defense, there is no prejudice to the Debtors upon the lifting of the stay. The Debtors have no equity in the insurance proceeds or benefits available to satisfy Schur Packaging's Counterclaim. Those same insurance proceeds or

benefits are not otherwise available to the Debtors and are not necessary to an effective reorganization.

14. It is appropriate in these circumstances, in the interest of judicial economy, to allow the litigation matter to proceed in the court of origin in order to leave the parties to litigate in their choice of forum and to relieve the bankruptcy court from litigation duties and adjudication that can be handled elsewhere. In re Roxene Prods. Co., 141 B.R. 574 (Bankr. Del. 1992).

WHEREFORE, Schur Packaging Systems, Inc. seeks an order of this Court granting relief from the automatic stay to permit it to assert Counterclaims and a Third Party Complaint in the Penelope Henderson litigation pending before Circuit Court of Cook County, Illinois to the to the extent of available insurance coverage.

**RAWLE & HENDERSON, LLP**

By: *[signature]*
George T. Lees III (#3647)
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801
(302) 778-1200 telephone
(302) 778-1400 facsimile
Counsel for Schur Packaging Systems, Inc.

DATED: 4/30/09