# EXHIBIT A

06/18/2007 12:45 FAX   13122791111          WHITING_LAW_GROUP,LTD                    ☒002/014

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, <br><br> Plaintiffs, <br><br> v. <br><br> TRIBUNE COMPANY, TRIBUNE PUBLISHING COMPANY a/k/a and d/b/a TRIBUNE NEWSPAPER COMPANY, TRIBUNE PRINTING COMPANY, CHICAGO TRIBUNE COMPANY a/k/a and d/b/a TRIBUNE CROSS MEDIA, SCHUR PACKAGING SYSTEMS, INC., and VERTICAL SYSTEMS INTERNATIONAL f/k/a VERTICAL SYSTEMS, INC., <br><br> Defendants. | No.: 07 L 5677 <br><br> PLAINTIFF DEMANDS TRIAL BY JURY |

FILED B-14
2007 JUN 14 AM 10:04
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## FIRST AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, by and through their attorneys, WHITING LAW GROUP, LTD., and for their Complaint at Law against Defendants, TRIBUNE COMPANY, TRIBUNE PUBLISHING COMPANY a/k/a and d/b/a TRIBUNE NEWSPAPER COMPANY, TRIBUNE PRINTING COMPANY, CHICAGO TRIBUNE COMPANY a/k/a and d/b/a TRIBUNE CROSS MEDIA (hereinafter referred to as "TRIBUNE"), SCHUR PACKAGING SYSTEMS, INC. (hereinafter referred to as "SCHUR"), and VERTICAL SYSTEMS INTERNATIONAL f/k/a VERTICAL SYSTEMS, INC. (hereinafter referred to as "VERTICAL"), states as follows:

## COUNT I - TRIBUNE
## WRONGFUL DEATH - PREMISES LIABILITY

1. That on May 26, 2007, and for a long time prior thereto, the Defendant owned, possessed, operated, managed, maintained and controlled or had a duty to own, possess, operate, manage, maintain and control, both directly and indirectly, individually and through its agents, servants and employees, a certain building commonly known as the "Chicago Tribune Freedom Center" located at 777 West Chicago Avenue, in the City of Chicago, County of Cook and State of Illinois.

2. That at the aforementioned time and place and prior thereto, the Defendant, by and through its employees, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition and activity for persons using said premises due to the creation, presence, harboring, and existence of a certain conveyor belt machine that improperly activated and/or improperly functioned while Plaintiff, ISAIAH SHANNON, Deceased, was working on the premises, although the Defendant knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition and activity.

3. That at the aforesaid time and place, the Plaintiff was performing his job duties inside Defendant's aforesaid premises as a laborer for Elite Labor Services, Ltd.

4. That the Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured and died.

    (b) Failed to properly train and educate laborers, like the Decedent, who worked on Defendant's premises on how to safely use conveyor belt machines at or on its premises thus causing the Plaintiff to be severed and die by the machine, thus causing an unsafe condition on the premises.

2

    (c)    Failed to make a reasonable inspection of the aforesaid premises, including the conveyor belt machine inside its premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury and death to the Decedent.

    (d)    Failed to warn the Decedent of the dangerous condition of said area, including the conveyor belt machine, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury and death to the Decedent.

    (e)    Failed to provide adequate safeguards to prevent the Decedent from injury and death while lawfully upon said premises.

    (f)    Failed to supervise the work being done on the aforesaid premises.

5. That on the aforementioned date and as a result of the aforesaid acts of the Defendant, Plaintiff, ISAIAH SHANNON, Deceased, was caused to suffer serious injuries and death.

6. That the Plaintiff, ISAIAH SHANNON, Deceased, is survived by his wife, PENELOPE HENDERSON, who has sustained substantial pecuniary loss of consortium, society and companionship by reason of ISAIAH SHANNON'S death.

7. That on and subsequent to May 26, 2007, the ESTATE OF ISAIAH SHANNON, Deceased, did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of Decedent, pursuant to the Family Expense Act, 750 ILCS 65/15.

8. That this action is brought pursuant to the 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, TRIBUNE, in a dollar

amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT II - TRIBUNE
### SURVIVAL – PREMISES LIABILITY

1-4. Plaintiffs reallege and adopt paragraphs 1 through 4 of Count I and as for paragraphs 1-4 of Count II.

5. That as a direct and proximate result of the aforesaid acts of the Defendant, the Plaintiff, ISAIAH SHANNON, Deceased, sustained conscious pain and suffering and disability prior to his death and had he survived he would have been entitled to bring an action for such injuries.

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, TRIBUNE, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT III - TRIBUNE
### WRONFUL DEATH - DIRECT NEGLIGENCE

1. That on and before May 26, 2007, the Defendant, by and through its employees, agents, and/or servants, was performing work in furtherance of the operation of a certain business at a certain building commonly known as the "Chicago Tribune Freedom Center" located at 777 West Chicago Avenue, in the City of Chicago, County of Cook and State of Illinois.

2. That at the aforesaid time and place, and prior thereto, the Defendant, by and through its employees, agents, and/or servants controlled, maintained, possessed, harbored,

4

operated, and/or otherwise worked with a conveyor belt machine which was a dangerous piece of equipment and/or machinery.

3. That at all times material to this Complaint, the Defendant had a duty to exercise reasonable care in the performance of its own work, including controlling, maintaining, operating, and/or otherwise working with a conveyor belt machine on the aforesaid premises so as not to create a dangerous work environment for the employees of other contractors, companies, or entities who were also performing work at the aforesaid time and place.

4. Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   (a) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured and died.

   (b) Failed to properly train and educate laborers, like ISIAH SHANNON, Deceased who worked on Defendant's premises on how to safely use conveyor belt machines at or on its premises thus causing the Plaintiff to be severed by the machine, thus causing an unsafe condition on the premises.

   (c) Failed to make a reasonable inspection of the aforesaid premises including the conveyor belt machine inside its premises, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury and death to the Plaintiff.

   (d) Failed to warn the Plaintiff of the dangerous condition of said area, including the conveyor belt machine, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury and death to the Plaintiff.

   (e) Failed to provide adequate safeguards to prevent the Plaintiff from injury and death while lawfully upon said premises.

   (f) Failed to supervise the work being done on the aforesaid premises.

5

5. That at the aforesaid time and place, the duties and responsibilities of the Plaintiff, ISAIAH SHANNON, Deceased, required that he work on or about the area of the conveyor belt machine inside Defendant's premises.

6. That at said time and place, the Plaintiff, ISAIAH SHANNON, Deceased was performing his job duties in and around the conveyor belt machine and was in the exercise of his own ordinary care and caution when the conveyor belt machine activated without warning or provocation, thereby proximately causing serious injuries and death to ISAIAH SHANNON, Deceased.

7. That the Decedent, ISAIAH SHANNON, is survived by his wife, PENELOPE HENDERSON, who has sustained substantial pecuniary loss of consortium, society and companionship by reason of ISAIAH SHANNON'S death.

8. That on and subsequent to May 26, 2007, the ESTATE OF ISAIAH SHANNON, Deceased, did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of Decedent, pursuant to the Family Expense Act, 750 ILCS 65/15.

9. That this action is brought pursuant to the 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, TRIBUNE, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT IV - TRIBUNE
## SURVIVAL – DIRECT NEGLIGENCE

1-6. Plaintiffs reallege and adopt paragraphs 1 through 6 of Count III and as for paragraphs 1-6 of Count IV.

7. That as a direct and proximate result of the aforesaid acts of the Defendant, the Plaintiff, ISAIAH SHANNON, Deceased, sustained conscious pain and suffering and disability prior to his death and had he survived he would have been entitled to bring an action for such injuries.

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, TRIBUNE, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT V - TRIBUNE
## RES IPSA LOQUITUR

1 – 7. Plaintiffs reallege and adopt paragraphs 1 through 7 of Count IV and as for paragraphs 1-7 of Count V.

8. That on May 26, 2007, the conveyor belt machine on Defendant's premises activated without warning or provocation causing severe lacerations and severance to the Plaintiff, ISAIAH SHANNON, resulting in his death.

9. That on May 26, 2007, the conveyor belt machine activating without warning or provocation on Defendant's premises normally would not occur in the absence of negligence.

10. That on May 26, 2007, the conveyor belt machine on the Defendant's premises was in the exclusive control of the Defendant and/or its agents, servants, or employees.

11. That the Plaintiff, ISAIAH SHANNON'S, injuries and death were not due to any voluntary act or neglect on his part, and he was free from contributory negligence.

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, TRIBUNE, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VI - SCHUR
## WRONGFUL DEATH - STRICT LIABILITY

1. On and prior to May 26, 2007, the Defendant, SCHUR, was an Illinois corporation with its principal place of business in the City of Schaumburg, County of Cook, State of Illinois.

2. On and prior to May 26, 2007, Defendant, SCHUR, was duly registered and licensed to do business in the County of Cook, State of Illinois and was engaged in the business of designing, manufacturing, supplying and/or selling conveyors and did design, manufacture, supply and/or sell a certain conveyor that was being used at a certain building commonly known as the "Chicago Tribune Freedom Center" located at 777 West Chicago Avenue, in the City of Chicago, County of Cook and State of Illinois.

3. On May 26, 2007, the duties and responsibilities of the Plaintiff, ISAIAH SHANNON, Deceased, required that he work on or about the area of the Defendant's conveyor inside TRIBUNE's premises.

4. Defendant, SCHUR, had a duty to design, manufacture, supply and/or sell the conveyer and its parts so that they were neither defective, nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed and sold.

5. At the time the Defendant's conveyer and its conveyor parts left the possession of Defendant, SCHUR, and at the time the Defendant's conveyer and its conveyor parts entered the

8

stream of commerce, the Defendant's conveyer and its conveyor parts were in an unreasonably dangerous and defective condition. These defects included but were not limited to the following:

(a) Failure to include sufficient and adequate instructions and warnings;

(b) Inadequate design of the automatic sensor eye;

(c) Failure to provide adequate warning to users or bystanders in and around the conveyor and its parts of the dangers or hazards inherent in the use of the conveyor and its parts; and

(d) An inherently defective design which would result in an unreasonably high propensity to activate without foreseeable warning.

6. As a direct and proximate result of one or more or all of the foregoing wrongful acts or omissions, and while at the aforesaid said time and place, the Plaintiff, ISAIAH SHANNON, Deceased was performing his job duties in and around the Defendant's conveyor and its parts and was in the exercise of his own ordinary care and caution when the conveyor activated without warning or provocation, thereby proximately causing serious injuries and death to ISAIAH SHANNON, Deceased.

7. That the Decedent, ISAIAH SHANNON, is survived by his wife, PENELOPE HENDERSON, who has sustained substantial pecuniary loss of consortium, society and companionship by reason of ISAIAH SHANNON'S death.

8. That on and subsequent to May 26, 2007, the ESTATE OF ISAIAH SHANNON, Deceased, did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of Decedent, pursuant to the Family Expense Act, 750 ILCS 65/15.

9. That this action is brought pursuant to the 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

9

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, SCHUR, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VII - SCHUR
## SURVIVAL - STRICT LIABILITY

1-6. Plaintiffs reallege and adopt paragraphs 1 through 6 of Count VI and as for paragraphs 1-6 of Count VII.

7. That as a direct and proximate result of the aforesaid acts of the Defendant, the Plaintiff, ISAIAH SHANNON, Deceased, sustained conscious pain and suffering and disability prior to his death and had he survived he would have been entitled to bring an action for such injuries.

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, SCHUR, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VIII - VERTICAL
## WRONFUL DEATH - STRICT LIABILITY

1. On and prior to May 26, 2007, the Defendant, VERTICAL, was a Kentucky corporation with its principal place of business located at 12035 Chandler Drive, in the City of Walton.

2. On and prior to May 26, 2007, Defendant, VERTICAL, was duly registered and licensed to do business in the County of Cook, State of Illinois and was engaged in the business

10

of designing, manufacturing, supplying and/or selling conveyors and did design, manufacture, supply and/or sell a certain conveyor that was being used at a certain building commonly known as the "Chicago Tribune Freedom Center" located at 777 West Chicago Avenue, in the City of Chicago, County of Cook and State of Illinois.

3. On May 26, 2007, the duties and responsibilities of the Plaintiff, ISAIAH SHANNON, Deceased, required that he work on or about the area of the Defendant's conveyor inside TRIBUNE's premises.

4. Defendant, VERTICAL, had a duty to design, manufacture, supply and/or sell the conveyer and its parts so that they were neither defective, nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed and sold.

5. At the time the Defendant's conveyer and its conveyor parts left the possession of Defendant, VERTICAL, and at the time the Defendant's conveyer and its conveyor parts entered the stream of commerce, the Defendant's conveyer and its conveyor parts were in an unreasonably dangerous and defective condition. These defects included but were not limited to the following:

    (a) Failure to include sufficient and adequate instructions and warnings;

    (b) Inadequate design of the automatic sensor eye;

    (c) Failure to provide adequate warning to users or bystanders in and around the conveyor and its parts of the dangers or hazards inherent in the use of the conveyor and its parts; and

    (d) An inherently defective design which would result in an unreasonably high propensity to activate without foreseeable warning.

6. As a direct and proximate result of one or more or all of the foregoing wrongful acts or omissions, and while at the aforesaid said time and place, the Plaintiff, ISAIAH SHANNON, Deceased was performing his job duties in and around the Defendant's conveyor and its parts and was in the exercise of his own ordinary care and caution when the conveyor

activated without warning or provocation, thereby proximately causing serious injuries and death to ISAIAH SHANNON, Deceased.

7. That the Decedent, ISAIAH SHANNON, is survived by his wife, PENELOPE HENDERSON, who has sustained substantial pecuniary loss of consortium, society and companionship by reason of ISAIAH SHANNON'S death.

8. That on and subsequent to May 26, 2007, the ESTATE OF ISAIAH SHANNON, Deceased, did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of Decedent, pursuant to the Family Expense Act, 750 ILCS 65/15.

9. That this action is brought pursuant to the 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, VERTICAL, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT IX - VERTICAL
### SURVIVAL - STRICT LIABILITY

1-6. Plaintiffs reallege and adopt paragraphs 1 through 6 of Count VIII and as for paragraphs 1-6 of Count IX.

7. That as a direct and proximate result of the aforesaid acts of the Defendant, the Plaintiff, ISAIAH SHANNON, Deceased, sustained conscious pain and suffering and disability prior to his death and had he survived he would have been entitled to bring an action for such injuries.

06/18/2007 12:49 FAX   13122791111            WHITING_LAW_GROUP,LTD                        ☒014/014

WHEREFORE, the Plaintiffs, PENELOPE HENDERSON, INDIVIDUALLY AND AS NEXT-OF-KIN AND SPECIAL ADMINISTRATOR OF THE ESTATE OF ISAIAH SHANNON, DECEASED, demand judgment against the Defendant, VERTICAL, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

Respectfully submitted,
WHITING LAW GROUP, LTD.

_____
Michael J. Goldberg
One of the Attorneys for Plaintiffs


WHITING LAW GROUP, LTD.
One East Wacker Drive
Suite 2300
Chicago, IL 60601
(312) 372-1655
Firm ID: 37395