# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF CALIFORNIA

: ss.:

COUNTY OF LOS ANGELES

George Nadel Rivin, being duly sworn, deposes and says:

1. I am a Partner of Miller, Kaplan, Arase & Co., LLP (the "Firm"), which maintains offices at 4123 Lankershim Blvd., North Hollywood, CA 91602.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. The Firm has represented and advised the Debtors as a provider of market revenue reports with respect to certain aspects of the Debtors' business operations. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4. The Firm's current customary rates, subject to change from time to time are based on the type(s) of reports provided and are not based on hourly billing. We do not anticipate changing the rates for the services provided.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

Freedom Communications, Inc. – Orange County Register is a newspaper market revenue measurement client

Hearst Corporation – Houston Chronicle is a newspaper market revenue measurement client

MediaNews Group, Inc. – several newspapers managed or controlled by MNG are newspaper market revenue measurement clients

The McClatchy Company – Sacramento Bee is a newspaper market revenue measurement client

6. Neither I nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

8. Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed. The Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

9. The Debtors owe the Firm $ 7,292.39 for prepetition services. The Firm **is not** waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence.

10. The Firm currently holds a retainer from the Debtors in the approximate amount of $0.00. The Firm will apply the outstanding retainer balance as fees and expenses become due pursuant to this Court's order authorizing the employment of "ordinary course" professionals.

11. As of the Petition Date, the Firm **was** party to a services agreement with some but not all of the Debtors with which it works. **[A copy of such agreement, together with**

**any agreement(s) that the Firm and the Debtors intend to govern their relationship after the Petition Date, is attached as <u>Exhibit 1</u> to this Affidavit]**.

12.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _May 1_, 2009

_____
Affiant

Sworn to and subscribed before me
this _1st_ day of _May_ 2009

_____
Notary Public

> DARLENE MARIE HOLBERT
> Commission # 1797191
> Notary Public - California
> Los Angeles County
> My Comm. Expires May 3, 2012

4

*Exhibit 1 – Agreement with Chicago Tribune and Los Angeles Times, effective on petition date.*

## LETTER OF ENGAGEMENT

**Tribune Publishing (Client)** hereby agrees to retain **Miller, Kaplan, Arase & Co., LLP (MKA)**, a Certified Public Accounting firm, to provide EXACT Confidential Newspaper Revenue Reporting.

1. **Client Information.** Client will deliver to MKA each month reporting that identifies Key Account and Major Category advertising revenue for each of its newspapers for that month. Client represents that the information reported shall be true and accurate to the best of its knowledge.

2. **Peer Information.** MKA will collect similar information from other major newspapers throughout the country. Each reporting newspaper will also represent that the information it provides shall be true and accurate to the best of its knowledge.

3. **EXACT Reports.** EXACT Reports allow the Client Newspaper to compare its Key Account and Major Category Revenue to a grouping of other Newspapers in local markets and nation-wide. EXACT Reports show Revenue, Share, Revenue per Unit of Circulation and Power/Circ Index– all compared to the group of newspapers in that Report. EXACT Reports are prepared and delivered in electronic PDF format. For the purposes of this Agreement, EXACT Reports includes the information identified in the Report, not just the printed or electronic version of the Report.

4. **MKA Confidentiality.** MKA will hold all Client information in strict confidence under the guidelines of the American Institute of Certified Public Accountants. Client information will never be released or divulged to any individual or entity outside the firm. Revenue information provided by Client will only be included in Regional or Industry-wide consolidated reporting, and only on the condition that Client Revenue and/or its Newspaper's Revenue comprise a small enough component of the Total Report such that Client Revenue cannot be deduced or identified by other subscribers to the Report.

5. **Client Confidentiality.** Client acknowledges that each EXACT report is unique and is specifically created for Client. Sharing of EXACT Reports and included information with other Newspapers, regardless of whether said newspaper is also a Client of MKA, is strictly prohibited. Client is further prohibited from forwarding, sharing, reselling, or in any other way redistributing EXACT reports to any other individual or entity. Notwithstanding the foregoing, Client may share and distribute the Reports within Tribune Publishing.

6. **Client Deliverables.** Each Tribune Newspaper will receive it's own customized set of reports as defined below:

   a. **Los Angeles Times:**
      a) Monthly category share reports for Los Angeles market
      b) Category reports to include both Classified and Online detail
      c) Quarterly Key Account Reports for Los Angeles market
      d) Quarterly Key Account Reports for Major US markets

   b. **Chicago Tribune**
      a) Quarterly category share reports for Chicago market
      b) Quarterly Key Account Reports for Chicago market
      c) Quarterly Key Account Reports for Major US markets

   c. **Allentown Morning Call, Baltimore Sun, Hartford Courant, Newsday, Orlando Sentinel, South Florida Sun-Sentinel and Southern Connecticut Newspapers:**
      a) Quarterly Key Account Reports for Composite Major Markets
      b) Quarterly Category Reports for Composite Major Markets

7. **Term.** The Term of this Engagement shall be for Three (3) Years, starting with the reporting for January 2006 and ending with the reporting for December 2008, subject to the specific conditions described in Paragraph 8 – Contingency, and Paragraph 9 - Fees.

8. **Contingency.** MKA recognizes that Reports lose value if certain other newspapers cease to participate with EXACT. Therefore:

   a. Los Angeles Times may cancel their portion of this Agreement without penalty if the following newspapers cease to participate as clients of MKA:
      a) Orange County Register
      b) Los Angeles Newspaper Group
   b. Chicago Tribune may cancel their portion of this Agreement without penalty if the following newspapers cease to participate as clients of MKA:
      a) Sun-Times News Group
      b) Daily Herald

9. **Fees.** The fees are as follows for each Tribune newspaper. There will be one consolidated invoice prepared for Tribune Media Net each quarter.

   a. **Los Angeles Times**
      a) 2006:      $30,600
      b) 2007       $32,400
      c) 2008       $36,000

   b. **Chicago Tribune**
      a) 2006       $20,400
      b) 2007       $21,600
      c) 2008       $24,000

*[handwritten: revised / bill papers separately starting 2007]*

c. **All Other identified Tribune newspapers**
   a) 2006          No Charge

After 2006, the 7 identified Tribune newspapers other than Chicago Tribune and Los Angeles Times may elect to continue the reporting at 90% of EXACT Rate card for Regional or Composite Reporting, as attached, or discontinue the EXACT service. This condition specifically does not apply to Chicago Tribune or Los Angeles Times, both of which have committed for all three years.

Agreed to this 21st day of December, 2005.

By: _____        By: _____
Director, Newspaper Services          Title: President, Tribune Media Net

Miller, Kaplan, Arase & Co., LLP      Tribune Publishing
4123 Lankershim Blvd.                 435 N. Michigan Ave.
North Hollywood, CA 91602             Chicago, IL 60611

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_

On _May 1, 2009_ before me, _Darlene Marie Holbert_,
  Date                              Here Insert Name and Title of the Officer

personally appeared _George Nadel Rivin_
                     Name(s) of Signer(s)

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Darlene Marie Holbert_
          Signature of Notary Public

[Notary Seal: DARLENE MARIE HOLBERT, Commission # 1797191, Notary Public - California, Los Angeles County, My Comm. Expires May 3, 2012]

Place Notary Seal Above

──────────── OPTIONAL ────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Affidavit of Ordinary Course Professional_

Document Date: _____ Number of Pages: _7_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _George Nadel Rivin_
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☒ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5907    Reorder: Call Toll-Free 1-800-876-6827