UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al.*,[1] | : | Case Number 08-13141 (KJC) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | | Hearing Date: May 12, 2009 at 10:00 A.M. |

## OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO PAY SEVERANCE COMPENSATION TO EMPLOYEES TERMINATED PRIOR TO THE IMPLEMENTATION OF THE POSTPETITION SEVERANCE PLAN (DOCKET ENTRY # 1064)

In support of her objection to the Debtors' motion for an order authorizing the Debtors to pay severance compensation to employees terminated prior to the implementation of the postpetition

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

severance plan (the "Motion"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this objection.

## GROUNDS/BASIS FOR RELIEF

4. The Debtors seek to make Severance Payments to sixty-eight Terminated Employees. Sixty-six of the subject employees were terminated prior to the Debtors' bankruptcy filings. The aggregate payment authority requested is $2.6 million.

5. The Terminated Employees' severance benefits were calculated according to "their base wages for specified periods of time that correlated with the number of years of employment" (Mot. ¶ 5). With regard to the employees who were terminated pre-petition, such employees clearly have pre-petition, unsecured claims for severance benefits. Additionally, with respect to the

employees terminated post-petition, the United States Court of Appeals for the Third Circuit has previously rejected the argument that debtors in possession may pay severance to employees terminated after the bankruptcy filings as an administrative expense based upon a length-of-service calculation where the work which forms the basis for the awards occurred almost exclusively pre-petition. *See Former Employees of Builders Square Retail Stores v. Hechinger Inv. Co. (In re Hechinger Inv. Co.)*, 298 F.3d 219, 227 (3d Cir. 2002); *In re Roth American, Inc.*, 975 F.2d 949, 957 (3d Cir. 1992). The Third Circuit premised its rulings in *Hechinger* and *Roth American* upon the plain language of 11 U.S.C. § 503(b)(1)(A), which permits this Court to, after notice and a hearing, allow administrative expense claims for "the actual, necessary costs and expenses of preserving the estate including wages, salaries and commissions *for services rendered after the commencement of the case*" (emphasis added).

      6.      Accordingly, the Debtors are seeking authority to pay pre-petition, unsecured claims in full under the "necessity of payment" doctrine. Like any other legal precept, however, the "necessity of payment" doctrine has boundaries. Courts within the Third Circuit which have acknowledged the doctrine employ it rarely; the doctrine should only be employed to pay pre-petition claims "if such payment was essential to the continued operation of the debtor." *In re Just for Feet, Inc.*, 242 B.R. 821, 824-25 (D. Del. 1999). Hence, the result in *Just for Feet*: you cannot operate a sports shoe retailer without brand name shoes in stock, and payment of a pre-petition claim may be necessary to obtain inventory on credit and, by extension, run the business. *See id.* at 826 ("Therefore, the court finds that payment of the pre-petition claims of certain trade vendors – the athletic footwear and apparel vendors – is essential to the survival of the debtor during the chapter 11 reorganization.").

7.  Here, the Debtors suggest that paying severance benefits to the Terminated Employees is necessary because nonpayment would "jeopardize the morale and confidence of active employees." Mot. ¶ 26. The Debtors are presently authorized by this Court to pay severance benefits to both union and non-union employees terminated post-February 4, 2009 (motion – Docket Entry # 208; order – Docket Entry # 340). Accordingly, the current employees will not be looking at the present Motion with an eye towards determining whether their own benefits will be paid, and the Debtors' reorganization efforts will not be affected if Terminated Employees wait until confirmation of a chapter 11 plan to be paid. The "necessity of payment" doctrine does not authorize the relief requested.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motion.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**ACTING UNITED STATES TRUSTEE**

BY:  /s/ Joseph J. McMahon, Jr.
Joseph J. McMahon, Jr., Esquire (# 4819)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

Date: May 6, 2009