UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case Number 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: May 12, 2009 at 10:00 A.M. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO (I) THE
DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO MAKE
CERTAIN PAYMENTS FOR 2008 PURSUANT TO PRE-PETITION INCENTIVE
PLANS AND CERTAIN OTHER OBLIGATIONS AND (II) THE RELATED MOTION
TO SEAL THE MERCER REPORT
(DOCKET ENTRY #s 1061, 1063)**

In support of her objection to the Debtors' motion for an order authorizing the Debtors to make certain payments for 2008 pursuant to pre-petition incentive plans and certain other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

obligations (the "Motion") and (ii) the related motion to seal the Mercer report (the "Seal Motion") (together with the Motion, the "Motions"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motions.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motions and the issues raised in this objection.

## GROUNDS/BASIS FOR RELIEF

4. The Debtors seek to pay more than $12 million in what are substantially pre-petition unsecured claims to 670 participants (Mot. at 2). The proposed payout constitutes a payout at approximately 38% of target (*Id.*). Per the Motion, the proposed Bonus awards were apparently set by authorized representatives of the Debtors post-petition (Mot. ¶ 59).

5. Given that the Debtors filed for bankruptcy protection on December 6, 2008, the proposed bonus payments – which cover calendar year 2008 – were the product of a pre-petition

arrangement and, accordingly, are properly classified as pre-petition claims. *Cf. Former Employees of Builders Square Retail Stores v. Hechinger Inv. Co. (In re Hechinger Inv. Co.)*, 298 F.3d 219, 227 (3d Cir. 2002) (holding that pre-petition portion of severance benefit tied to length of service was not entitled to administrative priority); *In re Roth American, Inc.*, 975 F.2d 949, 957 (3d Cir. 1992).

6. While the Debtors frame the Motion as if they were seeking to pay post-petition obligations, the Debtors are primarily seeking authority to pay pre-petition, unsecured claims in full under the "necessity of payment" doctrine (Mot. ¶ 46). Courts within the Third Circuit which have acknowledged the doctrine have suggested that the doctrine should only be employed to pay pre-petition claims "if such payment was essential to the continued operation of the debtor." *In re Just for Feet, Inc.*, 242 B.R. 821, 824-25 (D. Del. 1999).

7. Here, the Debtors suggest that paying the 2008 bonuses is necessary to preserve employee morale. However, the Debtors have not proven a causal link between payment of these bonuses and the Debtors' ability to continue operating their businesses. Accordingly, the U.S. Trustee leaves the Debtors to their burden in this regard and reserves the right to be heard on the substance of the relief requested.

8. Finally, with regard to the Seal Motion, the Debtors have not demonstrated that the information contained in the Mercer Report is "confidential commercial information" for purposes of 11 U.S.C. § 107(b). "Confidential . . . commercial information" is not defined in the Bankruptcy Code, so the term must "be interpreted as taking [its] ordinary, contemporary, common meaning." *See Perrin v. United States*, 444 U.S. 37, 42 (1979). "Commercial information has been defined as information that would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Video Software Dealers Ass'n v. Orion Pictures*

*Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (citation omitted).  Accordingly, to the extent that the Debtors establish that part of the Mercer Report should be sealed, the balance of the document should be publicly filed.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order denying the Motions or granting other relief consistent with this objection.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **ACTING UNITED STATES TRUSTEE**


        **BY:**  /s/ Joseph J. McMahon, Jr.
             Joseph J. McMahon, Jr., Esquire (# 4819)
             Trial Attorney
             United States Department of Justice
             Office of the United States Trustee
             J. Caleb Boggs Federal Building
             844 King Street, Room 2207, Lockbox 35
             Wilmington, DE  19801
             (302) 573-6491
             (302) 573-6497 (Fax)

Date:  May 6, 2009