IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE CO., et al, | ) | No.  08-bk-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: May 28, 2009 at** |
| | ) | **1 p.m.** |
| | ) | |
| | ) | **Obj. Deadline: May 22, 2009** |
| | ) | **at 4:00 p.m.** |

MOTION OF THE INTERNAL REVENUE SERVICE TO EXTEND ITS TIME TO
FILE PROOFS OF CLAIM

The United States, Internal Revenue Service (the "Service"), respectfully

moves the Court, pursuant to Fed. R. Bankr. P. 3002(c)(3) to permit it an

additional six months beyond the original June 12 bar date to file proofs of claim

in this proceeding.  As grounds for the motion, the Service is in the process of

auditing the debtor to determine its liability for the 2006 and 2007 tax years.  The

Service has been diligent in its efforts to quickly ascertain the debtor's correct tax

liability in light of this proceeding, but the examination involves complex

matters, including valuations issues, and the Service has been hampered by the

debtor's delays in providing accurate information to the auditors.  Accordingly,

the Service contends that it has shown cause for extension of the bar date.

4240630.1

**Statement**

On December 9, 2008, the debtor filed the above captioned petition for relief.  On March 25, 2009, the Court approved June 12, 2009 as the date by which proofs of claim must be filed.  The Service was originally scheduled to audit the debtor in March or April of 2009, but commenced the audit by December 12, 2008, within days of the bankruptcy filing, in order to timely determine any liabilities owed. (Stephan Decl. ¶¶ 3-5)  Unfortunately, the audit has been hampered by inaccurate, incomplete, and incorrect records provided by the debtor in response to requests from the auditors, (Id. ¶ 11) inaccurate information on the debtor's 2007 tax return, (Id. ¶ 12) as well as delays in providing some of the requested records. (Id. ¶¶ 9-10, 13).

The debtor has still not responded to two outstanding requests for records from the auditors, (Weiskirch Decl. ¶ 9).  Furthermore, the Service will need additional records from the debtor over the course of the audit. (Stephen Decl. ¶ 14, Weiskirch Decl. ¶ 10)  Based on the debtor's response to the Service's requests to date, it is not clear that these records will be promptly provided in full. Furthermore, the Service has identified a complex transaction whose audit will require an appraisal of the value of the Debtor's business as of April 1, 2007. (Weiskirch Decl. ¶ 11)  Accordingly, the Service contends that it has shown cause for extending its date for filing a proof of claim.

4240630.1

## Argument

The Internal Revenue Service has shown cause for extending its date to file a proof of claim.  The Court may "for cause shown" extend the time to file proofs of claim. Fed. R. Civ. P. 3002(c)(2).  The applicable standard is in Fed. R. Bankr. P. 9006(b), <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd.</u>, 507 U.S. 380, 389 n. 4 (US 1993).  Thus, a party moving for an enlargement after the time has expired must demonstrate excusable neglect, but need only show cause if, as here, it moves for an enlargement prior to that date. Fed. R. Bankr. P. 9006(b)(1)-(2).  As Professor Moore has commented on the similar standard that applies under Fed. R. Civ. P. 6(b)(1) for timely requests for enlargement,

> Ordinarily, of course, the court should be liberal in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused.

2 Moore, <u>Federal Practice</u>, § 6108 at 6-83.

The Service contends that it has shown cause for enlargement here because additional time is needed to investigate the amount of the claim, it has acted diligently to investigate, and the debtor's actions hampered its investigation.  The need to conduct an investigation to determine the amount of a claim, on its own, can provide cause for extending the bar date on a timely motion.  If "'time is required to liquidate the claim or substantial investigation is required . . . an

- 3 -

4240630.1

extension of time may be appropriate.'" <u>In re Robintech, Inc.</u>, 863 F.2d 393, 397

n.2 (5th Cir. ) (quoting 8 <u>Collier on Bankruptcy</u> ¶ 3003.05[4] at 3003-11 (15th ed.

1988)); <u>Pettibone Corp. v. United States</u>, 151 B.R. 156, 161 (Bankr. N.D. Ill. 1992)

(on motion made after the bar date expired, Service permitted to file late proof of

claim where the claim resulted from an ongoing audit at the time of the bar date).

Furthermore, courts have generally allowed even untimely requests for an

enlargement under the stricter excusable neglect standard where the debtor has

contributed to the delay, reasoning that it is inequitable for the debtor to benefit

from its own negligence. <u>In re Lester Witte & Co.</u>, 52 B.R. 436, 437-38 (Bankr. N.D.

Ill 1984) (citing cases). <u>See also</u> <u>In re Prime Motor Inns, Inc.</u>, 144 B.R. 554, 556-57

(Banrk. S.D. Fla. 1992) (post-bar date request to allow proof of claim for state

taxes permitted where the debtor had not promptly filed returns that would have

allowed the state to quickly determine the liability).

    Here, the Service has been diligent in its investigation, advancing its audit

by several months as soon as it learned of the bankruptcy, but needs additional

time both because of the complexity of the issues involved and the debtor's delay

in providing the necessary information to the auditors. Accordingly, it has shown

cause for the enlargement it seeks.

4240630.1

## Conclusion

For the foregoing reasons, the Court should grant the Service an additional six months, until December 12, 2009, to file proofs of claim in this proceeding.

Date: May 8, 2009

/s/ Yonatan Gelblum
Yonatan Gelblum
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Telephone: (202) 305-3136
Facsimile: (202) 514-6866
Yonatan.Gelblum@usdoj.gov
Cal Bar. #254297

Street Address for Overnight
Delivery:
555 4th St. NW Room 6110
Washington, DC 20001

4240630.1