IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| TRIBUNE COMPANY, et al, | ) | |
| | ) | No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## DECLARATION OF JERRY M. STEPHAN

Jerry M. Stephan, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746(2), declares and states as follows:

1. I am a Revenue Agent in the Large and Mid-Size Business Division of the Internal Revenue Service (the "Service"). My post of duty is at Chicago, Illinois.

2. I am the Senior Coordinator of an audit team currently conducting a cyclical audit of the Tribune Company.

3. Like other large taxpayers, the Tribune Company is subject to regular audit cycles, and was preliminarily scheduled for such a cycle starting in March or April of 2009.

4. After the Tribune Company filed for bankruptcy protection in early December, 2008, the Service advanced its audit to mid-December to permit time to file any necessary protective claims.

5. Pursuant to my instructions, on December 12, 2008, the first of several Information Document Requests (IDRs) for certain electronically stored data were

issued to the Tribune Company.

6. The purpose of the information sought was to permit a preliminary risk analysis.

7. In a risk analysis, the Service analyzes certain information gathered preliminary in order to identify issues requiring detailed audit.

8. During the course of the audit, I reviewed frequent status reports e-mailed to me by the Computer Audit Specialist who was in charge of making an initial review of electronic data produced in response to IDRs.

   a. These status reports are regularly made and kept by the Internal Revenue Service and describe the activities of the Internal Revenue Service.

   b. It is the regular practice of the Internal Revenue Service to make these status reports, and such reports are normally made at or near the time of the events they described, by or from information transmitted by, a person with knowledge of the events described.

9. According to these status reports, the Tribune Company's response to the IDRs has been repeatedly delayed.

10. In certain instances, the Tribune Company failed to promptly provide certain requested records.

11. In addition, most of the information initially provided was inadequate and required correction and supplementation for various reasons, including:

   a. Provision of preliminary data in lieu of the data actually used to prepare

-2-

the returns and delay in disclosing that the data was not the data used for the return.

b. Data missing from some databases.

c. Cross-references between databases not matching.

d. Incorrect amounts in a database requiring a sign to be changed to reconcile.

e. Inconsistency in labeling data across different databases.

f. Supporting figures not matching reported amounts.

12. Furthermore, the Service was hampered early in its audit because the debtors' 2007 return failed to identify in its attached affiliation schedule one of its most important subsidiaries, Newsday, Inc.

13. Because of the resulting delays, the Service is only now in a position to begin a preliminary risk analysis.

14. In the course of the preliminary risk analysis and the subsequent audit, the Service expects that further requests for records will be necessary.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 7, 2009.

Jerry M. Stephan
Chicago, Illinois