IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| TRIBUNE COMPANY, et al. | ) |
| | ) No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## DECLARATION OF CURT WEISKIRCH

Curt Weiskirch, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746(2), declares and states as follows:

1. I am a Revenue Agent in the Employee Plans Division of the Tax Exempt and Government Entities Division of the Internal Revenue Service (the "Service"). My post of duty is at Waukesha, Wisconsin.

2. On January 14, 2009, I was assigned to assist in an audit of the Tribune Company conducted by the Large and Medium Sized Business Division of the Service

3. I have subsequently opened the examination of the following benefit plans of the Tribune Company:

   a. Tribune Company 401(k) Savings and Profit Sharing Plan (No. 003).

   b. Tribune Company Pension Plan (No. 007).

   c. Tribune Employee Stock Ownership Plan (ESOP) (No. 015).

4. In conjunction with my examination, I have been reviewing a transaction reported by the Tribune Company as a purchase on April 1, 2007 by an Employee Stock

Ownership Plan of $250,000,000 in new shares issued by the Tribune Company, with subsequent allocation of unassigned shares to plan participants on an annual basis.

5. I am attempting to determine if the transaction was for the benefit of employees, which would qualify the purchasing plan as a tax exempt employee plan.

6. If the Service determines that the April 2007 transaction that established the ESOP plan was not prudent, the Tribune Company could be subject to an excise tax on the exchange.

7. Furthermore, if the Service determines that the transaction was not for the benefit of employees, the Tribune Company, whose income, for tax purposes, currently flows through to the tax-exempt plan, may be subject to corporate income tax for the 2008 tax year.

8. In order to determine if the transaction was for the benefit of employees, I have sought to examine whether and how shares were distributed to employees in 2008, and whether the purchase price paid in April 2007 represented the fair value of the shares.

9. The Tribune Company has not yet responded to two of the Information Document Requests (IDRs) that I have issued to them in early March.

   a. The first IDR requested information with respect to the total number of shares to be released to plan participants in 2008.

   b. The second IDR requested information with respect to the allocation of these shares among plan participants.

/07/2009 16:18 FAX 2025146866          TAXCTSEASTERN                              ☐ 004/007

10.  In addition, an IDR specifically requesting documents used in support of an opinion of the Tribune Company's share value at the time of the April 2007 purchase is currently pending with the Tribune Company.

11.  I requested these documents because the Service will need to have its engineers prepare a full appraisal of the value of the shares of the Tribune Company purchased by the ESOP as of April 2007 in order to determine whether the plan paid a fair price, taking into consideration any differences between the shares issued to the ESOP and the publicly traded shares of the company.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 7th, 2009.

*Curt Weiskirch*
Curt Weiskirch
Waukesha, Wisconsin