# EXHIBIT B

## AGREEMENT AND RELEASE OF ALL CLAIMS

1. **PARTIES**

Pursuant to this Agreement and Release of All Claims (hereinafter "RELEASE AGREEMENT") JON ROBERT VAN SENUS, by and through his guardian ad litem Neala Olson, and his heirs, executors, wards, administrators, agents, successors-in-interest, attorneys, assignees and lienholders (hereinafter "VAN SENUS"), hereby release LOS ANGELES TIMES COMMUNICATIONS, LLC, its predecessor and successor entities, assignees, parent entities, subsidiaries and any person or entity acting by or on its behalf, including, but not limited to, its agents, employees, heirs, executors, administrators, successors-in-interest, officers, directors, shareholders, attorneys, insurers, and indemnitors (hereinafter "LAT"), pursuant to the terms set forth below. VAN SENUS and LAT may sometimes be referred to collectively as "SETTLING PARTIES." Defendants TAI VO and DM DISTRIBUTION (hereinafter "VO") have resolved any and all claims of VAN SENUS against them by separate agreement and resolution. VO is not a party to this agreement. THOMAS TRONG NGO (hereinafter "NGO") has resolved any and all claims of VAN SENUS against him by separate agreement and resolution. NGO is not a party to this agreement.

2. **RECITALS**

This RELEASE AGREEMENT is entered into with reference to the following facts:

A. On or about April 5, 2007, VAN SENUS filed his Complaint entitled *Jon Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually*

1

*and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50, inclusive*, Case No. 07CC04639 in the Orange County Superior Court (the "ACTION").

B.  In the Action, VAN SENUS claims that on or about March 7, 2007, he was riding a bicycle northbound upon Dover Drive in the City of Newport Beach, California. He claims that he was struck by a vehicle driven by NGO. VAN SENUS claims that as a result, he suffered bodily injury.

C.  On or about August 6, 2008, LAT filed a Motion for Summary Judgment, or, in the alternative, Summary Adjudication of Issues on the grounds that it was not liable to VAN SENUS, as alleged, or otherwise.

D.  The parties participated in multiple mediation sessions before private mediator Justice Edward Panelli (Ret.). As a result of these mediation sessions, the parties entered into an agreement to resolve the action.

E.  By payment of the amount specified in this RELEASE AGREEMENT, LAT in no way admits liability to VAN SENUS, or any other individual or entity, and, in fact, denies any such liability.

## 3. FULL RELEASE OF ALL LIABILITY

A.  *For and in consideration of the payments made on behalf of LAT by LAT's insurers as described in Paragraph 6 of this RELEASE AGREEMENT* (the "Settlement Amount"), VAN SENUS does hereby release, acquit and forever discharge LAT of and from any and all *past, present and future rights, actions, causes of action, claims, demands, damages, costs, losses, expenses, attorneys' fees, penalties, liens, and other compensation or expense of any kind, including, but not limited to, those for common law negligence, or in any way on the account of or in any way arising out of, any and all known or unknown injuries and damages of any nature*

2

whatsoever resulting from or by reason of any acts and/or omissions on the part of the LAT, including but not limited to, those alleged and contended in the action filed in the Orange County Superior Court entitled *Jon Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50, inclusive,* Case No. 07CC04639. This Release shall become effective immediately after all funds paid pursuant to Section 6 below have cleared any and all banks and financial institutions and are fully paid to VAN SENUS.

B.  VAN SENUS hereby stipulates and agrees that the settlement amount fully satisfies any and all past, present and future liens and other claims, including, but not limited to, medical liens, governmental liens, MediCal liens, MediCare liens, private or public agency liens, or liens from any of VAN SENUS' healthcare providers.

4.  **RELEASE OF KNOWN AND UNKNOWN CLAIMS**

A.  VAN SENUS expressly waives, to the full extent permitted by law, all rights pursuant to Section 1542 of the California Civil Code, which provides as follows:

> " A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

B.  VAN SENUS acknowledges that he is aware that he may discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of this RELEASE AGREEMENT, but that it is his intention to settle and release

3

fully, finally and forever, any and all disputes and differences, known and unknown, suspected and unsuspected, which now exist, may exist, have existed, or hereinafter may exist with respect to any claims between the parties including those which were the subject of the Action as specified in the recitals above. This RELEASE AGREEMENT specifically extinguishes all claims known and unknown between VAN SENUS, on the one hand and LAT, on the other hand.

5. **LEGAL ADVICE**

    A.    This RELEASE AGREEMENT has been negotiated by the SETTLING PARTIES through their respective counsel with the assistance of a professional mediator. VAN SENUS hereby warrants and represents that in executing this RELEASE AGREEMENT, VAN SENUS has relied on legal advice from VAN SENUS' attorneys, and that the terms of this RELEASE AGREEMENT and its consequences have been completely read, reviewed and explained to VAN SENUS by VAN SENUS' attorneys and that VAN SENUS fully understands the terms of this RELEASE AGREEMENT. VAN SENUS further acknowledges and represents that VAN SENUS has been apprised of all relevant information and data furnish by VAN SENUS' attorneys, and all other information relevant to this RELEASE AGREEMENT, including, without limitation, future risks, complications, income tax consequences and costs. VAN SENUS further acknowledges and represents that in executing this RELEASE AGREEMENT, VAN SENUS has not relied on any inducements, promises, or representation other than those matters expressly set forth in this RELEASE AGREEMENT.

    B.    VAN SENUS further warrants, represents and agrees that VAN SENUS is not relying on the advice of LAT, or anyone associated with it as to the legal and income tax or other consequences of any kind arising our of this RELEASE AGREEMENT. Accordingly, VAN

4

SENUS hereby releases and holds harmless LAT and any and all counsel or consultants for it from any claim, cause of action or other rights of any kind which VAN SENUS may assert because of the legal, income tax or other consequences of this RELEASE AGREEMENT are other than those anticipated by VAN SENUS.

6. **PAYMENTS**

In consideration for the release set forth above, and hereafter, the amount of Six Million Dollars ($6,000,000.00) will be paid to VAN SENUS on behalf of LAT by LAT's insurers. Said payment shall be made by eight (8) separate checks payable to the following payees:

    A. **MEDICAL EXPENSES**

        1. Payee: California Department of Health Care Services

           (A) Address: P.O. Box 997425, Sacramento, CA 95899-7425

           (B) Amount: $137,277.51

        2. Payee: CCS

           (A) 321 and 325 Braden Avenue, Sarasota, FL 34243

           (B) Amount: $279,526.52

        3. Payee: Medical Services for Indigents aka MSI,

           (A) Address: c/o Renee Mix, MSI Recovery, Physician Services, Inc. on behalf of the Orange County Health Agency, 210 South Juniper Street, Suite 200, Escondido, CA 92025

           (B) Amount: $40,308.88

B. **PURCHASE OF ANNUITIES**

    1. Payee: Hartford Comprehensive Employee Benefit Service Company (TIN: 06-1120503)

        (A) Address: 200 Hopmeadow Street, Simsbury, CT 06089

        (B) Amount: $600,124.13

    2. Payee: MetLife Tower Resources Group, Inc. (TIN: 13-4047186)

        (A) Address: 200 Park Avenue, New York, NY 10166-0188

        (B) Amount: $600,124.13

    3. Payee: John Hancock Assignment Company (TIN: 04-2903660)

        (A) Address: 601 Congress Street, 8th Floor, Boston, MA 02210

        (B) Amount: $600,124.13

C. **DISTRIBUTION TO FLORIDA GUARDIANSHIP**

    1. Payee: Guardianship of Jon Van Senus, Twelfth Circuit Court, Sarasota County, Florida

    Case No.: 2008 GA 010957 NC

    Neala Olson, Guardian

        (A) Address: 18178 Wolbrette Circle, Port Charlotte, FL 33948

        (B) Amount: $1,800,372.40

D. **PAYEE**

    1. Callahan & Blaine Client Trust Account

        (A) Address: 3 Hutton Centre Drive, Ninth Floor, Santa Ana, CA 92707

6

(B)     Amount: $1,942,142.39

The payments that are set forth above will be made no later than February 23, 2009. Other than the three annuity checks, which must be paid directly to the annuity companies, any and all checks can be delivered to Callahan & Blaine, c/o of Edward Susolik, Esq., at 3 Hutton Centre Drive, 9th Floor, Santa Ana, CA 92707. Plaintiff's counsel will distribute said checks to the appropriate parties. In the alternative, the checks can be sent directly to the payees at the addresses listed above.

## 7. DISCHARGE OF OBLIGATION

The obligation of LAT's insurers to the payee designated to receive such payment shall automatically be discharged upon the mailing and/or delivery of a valid check in the amount of such payment to the address of such payee most recently designated above or upon completion of an electronic funds transfer in the amount of such payment to the deposit account of such payee most recently designated consistent with the terms of this RELEASE AGREEMENT.

## 8. DISMISSAL WITH PREJUDICE

VAN SENUS hereby authorizes and direct his attorneys to dismiss LAT with prejudice from the action filed in the Orange County Superior Court entitled *Jon Robert Van Senus, by and through his guardian ad litem, Neala Olson v. Los Angeles Times Communications, LLC, dba Los Angeles Times, a limited liability company, Tai Vo, individually and dba as DM Distribution; Thomas Trong Ngo, an individual, and Does 1 through 50, inclusive*, Case No. 07CC04639 no later than ten (10) days following delivery of the instrument of payment or date of electronic transfer as otherwise described in this RELEASE AGREEMENT.

9. **NO ADMISSION OF LIABILITY**

It is understood and agreed by VAN SENUS that the RELEASE AGREEMENT constitutes a compromise of a disputed claim and is made solely to prevent further involvement in what is anticipated to be expensive and time consuming litigation, is made without regard to the merit or lack of merit of any of the claims asserted in the action, and that LAT expressly denies any liability to VAN SENUS. Neither is the RELEASE AGREEMENT nor any consideration given hereunder to be considered as an admission of liability, express or implied, on the part of LAT. LAT specifically disclaims any liability to or against VAN SENUS.

10. **NO ASSIGNMENT OR TRANSFER OF RIGHTS**

VAN SENUS agrees, acknowledges, represents and warrants that he has not assigned or transferred or purported to assign or transfer, voluntarily, involuntarily, or by operation of law, any matter released or assigned pursuant to this RELEASE AGREEMENT.

11. **CAPACITY**

VAN SENUS, by and through his guardian Neala Olson, represents and warrants that he has the right, power, legal capacity, and authority to enter into and perform the obligations under this RELEASE AGREEMENT on his own behalf and that no further approval or consent of any person or entity is necessary for the parties to enter into and perform their obligations.

VAN SENUS has obtained approval from the appropriate judicial authority to enter into this RELEASE AGREEMENT.

12. **COOPERATION**

VAN SENUS further agrees to cooperate fully, to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full

8

force and effect to the terms and intent of this RELEASE AGREEMENT which are not inconsistent with its terms.

### 13. SEVERANCE

If any provision of the RELEASE AGREEMENT is determined by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be deemed severed and deleted from this RELEASE AGREEMENT, and it severance or deletion shall not affect the validity of the remaining portions of this RELEASE AGREEMENT.

### 14. ENFORCEMENT OF RELEASE AGREEMENT

If any action or proceeding is brought for the enforcement of this RELEASE AGREEMENT or any of its provisions, or for a declaration of rights and duties hereunder because of an alleged dispute, breach, default, or misrepresentation in connection with any provision of this RELEASE AGREEMENT, the successful or prevailing party shall be entitled to recover attorneys' fees and other costs incurred in connection with that action or proceeding in addition to any other relief to which the party may be entitled.

### 15. CONSTRUCTION

This RELEASE AGREEMENT shall not be construed against the parties' representatives who drafted this RELEASE AGREEMENT or any portion thereof.

### 16. BINDING EXTENT OF RELEASE AGREEMENT

This RELEASE AGREEMENT and release shall bind and insure to the benefit of the parties, their heirs, executors, awards, administrators, agents, successors-in-interest and assignees.

17. **GOVERNING LAW**

This RELEASE AGREEMENT shall be subject to, governed by, and enforced and construed pursuant to the laws of the State of California including, but not limited to, California Code of Civil Procedure section 664.6.

18. **COUNTERPARTS**

This RELEASE AGREEMENT may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed one in the same instrument. Signatures transmitted by electronic means or facsimile are the same as an original signature.

19. **ARM'S LENGTH BARGAINING**

The parties, and their attorneys of record, have entered into this good faith resolution with each other, this resolution was negotiated by the parties through arm's length bargaining, and if fully effective upon the signing of this RELEASE AGREEMENT.

20. **COSTS AND FEES**

*The parties agree to bear their own costs and attorneys' fees in connection with the* ACTION and claims or recovery sought, including, without limitation, those incurred prior to or after filing of the ACTION, and those costs incurred in connection with preparation of this RELEASE AGREEMENT. Each party shall be responsible for its own attorneys' fees, as well as all costs of litigation and in support thereof. VAN SENUS shall be responsible for any and all medical and related expenses and fees, incurred, or to be incurred. VAN SENUS shall hold harmless, defend and indemnify, SETTLING PARTIES from any claims made against them by any individual or entity seeking recovery for any amount claimed or alleged to be owed to such

individual or entity as a result or any care service, or provision of anything of value, or claimed to be of value, to VAN SENUS.

21. **CONFIDENTIALITY**

As a further consideration for this RELEASE AGREEMENT, VAN SENUS agrees that the RELEASE AGREEMENT, and its terms and contents, are confidential. VAN SENUS further agrees that neither the RELEASE AGREEMENT, nor its terms or contents, including, but not limited to, any amounts or consideration provided for in the RELEASE AGREEMENT, nor any correspondence or discussions between the parties concerning resolution, will be disclosed (except as may be required by court order, or to VAN SENUS' accountant, tax counsel, and attorney or pursuant to the effort to effect the court finding in support of the resolution) to any other person or entity (including, but not limited to, the news media, trade journals or journalists, trade associations, or other attorneys) by VAN SENUS. VAN SENUS may disclose the following information and only the following information:

> "The matter has been resolved. The resolution and
> its terms and conditions are confidential."

The provisions and requirements for confidentiality under this RELEASE AGREEMENT shall remain in effect for a period of 50 years following the date of execution of this RELEASE AGREEMENT.

If VAN SENUS is subpoenaed to testify or produce documents or is otherwise served with a discovery request or motion to compel a response to formal discovery request(s) concerning this matter or its settlement, he shall give immediate notice (in writing and by telephone) to LAT through Haight Brown & Bonesteel, LLP, 5 Hutton Centre Drive, Suite 900,

11

Santa Ana, California 92707, telephone (714) 754-1100, facsimile (714) 754-0826, within five (5) days of service of the subpoena, discovery request or motion to compel a response to a formal discovery request(s), or sooner if necessitated by the return date of the subpoena or response due date to a discovery request or a motion to compel response to a form discovery request(s), that a subpoena, discovery request or a motion to compel a response to a formal discovery request(s) has been served and shall provide a copy of the subpoena, discovery request or motion to compel a response to a formal discovery request(s) at the same time to permit LAT an opportunity to maintain the confidentiality of this RELEASE AGREEMENT. The parties agree that a subpoena, discovery request or motion to compel a response to a formal discovery request(s) by itself, absent specific court order, shall be insufficient to cause VAN SENUS to disclose this RELEASE AGREEMENT or its terms and that VAN SENUS shall seek to and cooperate in good faith to maintain the confidentiality of this RELEASE AGREEMENT and its terms.

22. **PARAGRAPHS**

The order in which the paragraphs appear in this RELEASE AGREEMENT has no significance whatsoever. The paragraph headings are for convenience only.

23. **BINDING RELEASE AGREEMENT**

This RELEASE AGREEMENT constitutes a single integrated written contract expressing the entire RELEASE AGREEMENT of the parties. This RELEASE AGREEMENT supersedes all prior and contemporaneous oral and written agreements and discussions. This RELEASE AGREEMENT may be amended only upon an agreement in writing.

24. **SINGULAR INCLUDES PLURAL**

The use of the singular herein is construed to include the plural where applicable.

02/11/2009 20:27 FAX 9417646780          STAPLES                                              ☒002
FEB-11-2009 12:55 From:                                      To:9417646780          P.14/14

### 25. TERMS ARE CONTRACTUAL

The terms of this RELEASE AGREEMENT are contractual and not a mere recital.

I have read the foregoing RELEASE AGREEMENT AND RELEASE and fully understand and accept it.

Dated 2/11/09, 2009

_Neala Olson_
JON ROBERT VAN SENUS, by
and through his guardian NEALA OLSON

### APPROVED AS TO FORM AND CONTENT

Dated _____, 2009                       CALLAHAN & BLAINE, APLC

                                              By_____
                                              Edward Susolik
                                              Attorneys for Plaintiff JON ROBERT VAN
                                              SENUS, by and through his guardian
                                              NEALA OLSON

Q:\2793\2793.02\SETTLEMENT AGREEMENT -- UNILATERAL RELEASE.wpd

13

25. **TERMS ARE CONTRACTUAL**

The terms of this RELEASE AGREEMENT are contractual and not a mere recital.

I have read the foregoing RELEASE AGREEMENT AND RELEASE and fully understand and accept it.

Dated_____, 2009

JON ROBERT VAN SENUS, by
and through his guardian NEALA OLSON

**APPROVED AS TO FORM AND CONTENT**

Dated 2-11, 2009

CALLAHAN & BLAINE, APLC

By_____
Edward Susolik
Attorneys for Plaintiff JON ROBERT VAN SENUS, by and through his guardian NEALA OLSON