```
                  IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF DELAWARE

IN RE:                         )      Case No. 08-13141 (KJC)
                               )
                               )
TRIBUNE COMPANY, et al         )
a Delaware corporation,        )      Chapter 11
                               )
                               )      Courtroom 5
                               )      824 Market Street
            Debtor.            )      Wilmington, Delaware
                               )
                               )      April 30, 2009
                               )      2:34 p.m.
```

                      TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE KEVIN J. CAREY
                    UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For Debtor: | Sidley Austin LLP |
| | BY:  KEVIN P. LANTRY, ESQ. |
| | BY:  MICHAEL DOSS, ESQ. |
| | One South Dearborn |
| | Chicago, IL  60603 |
| | (213) 896-6022 |
| | |
| | Cole, Schotz, Meisel, Forman & |
| | Leonard, PA |
| | BY:  J. KATE STICKLES, ESQ. |
| | 1000 N West Street, Suite 1200 |
| | Wilmington, DE 19801 |
| | (302)652-3131 |
| | |
| For Warren Beatty: | Skadden, Arps, Slate, Meagher |
| | & Flom LLP |
| | BY:  GREGG GALARDI, ESQ. |
| | One Rodney Square |
| | PO Box 636 |
| | Wilmington, DE 19899-0636 |
| | (302)651-3000 |
| | |
| ECR OPERATOR: | AL LUGANO |
| | |
| Transcription Service: | DIAZ DATA SERVICES |
| | 331 Schuylkill Street |
| | Harrisburg, Pennsylvania 17110 |
| | (717) 233-6664 |

Proceedings recorded by electronic sound recording;
transcript produced by transcription service

APPEARANCES:
(Continued)

For E. Michael Gutman, M.D.:    Fox Rothschild LLP
                                BY:  L. JASON CORNELL, ESQ.
                                919 Market Street, Suite 1300
                                PO Box 2323
                                Wilmington, DE  19899-2323
                                (302) 654-7444


For U.S. Trustee:               Office of the United States
                                Trustee
                                BY:  JOSEPH MCMAHON, ESQ.
                                844 King Street, Suite 2207
                                Wilmington, DE 19899-0035
                                (302) 573-6491

1    WILMINGTON, DELAWARE, THURSDAY, APRIL 30, 2009, 2:34 P.M.

2                THE CLERK:  All rise.

3                THE COURT:  Good afternoon, everyone.

4                MS. STICKLES:  Good afternoon, Your Honor.  Kate

5    Stickles on behalf of the Debtors, Tribune Company, et al.

6    Also appearing this afternoon, Your Honor, on behalf of the

7    Debtors is Kevin Lantry and Michael Doss of Sidley Austin.

8                Your Honor, Mr. Doss has not been admitted to

9    appear before the Court, and my apologies for that.  We will

10   file a motion with the Court, but I would ask for purposes

11   of today that he be able to appear before the Court pro hac

12   vice.  He is admitted as a member in good standing of the

13   bar of the State of Illinois.

14               THE COURT:  Very well.

15               MS. STICKLES:  Thank you, Your Honor.

16               MR. DOSS:  Thank you, Your Honor.

17               MS. STICKLES:  Your Honor, the Debtors filed an

18   amended agenda with the Court last night.  The first six

19   agenda items have either been withdrawn, adjourned, or Your

20   Honor has entered orders, and unless Your Honor would like

21   me to proceed through each one of those, we would thank you

22   for entering the orders and just go forward with the agenda.

23               THE COURT:  Once through was joy enough for me.

24   Thank you.

25               MS. STICKLES:  Your Honor, with that being said,

1    Mr. Lantry is here to address the Court with respect to Item

2    Number 7.

3              THE COURT:  All right.

4              MS. STICKLES:  Which is the retention application

5    with respect to Mercer.

6              MR. LANTRY:  Your Honor, no formal objections

7    were filed, however there is one issue that we have been

8    informally discussing with the U.S. Trustee, and that has

9    not reached a resolution.  So our proposed course of action

10   on that is, we think we can work that out and we propose to

11   submit a form of order and certificate of non-objection once

12   we work that out with the U.S. Trustee.  Hopefully that will

13   be within a few days or week and then we can just move

14   forward with that.  But I do also believe, if you don't have

15   any questions about that, that Joe McMahon would like to say

16   one other item on the issue.

17             THE COURT:  All right.  Let me hear from Mr.

18   McMahon and then I'll give you my thoughts.

19             MR. MCMAHON:  Your Honor, good afternoon.  Joseph

20   McMahon for the acting United States Trustee.  Aside from

21   the issues we're working out as a mechanical matter related

22   to Mercer, Your Honor may recall that Price Waterhouse

23   Coopers is retained in these bankruptcy cases as a

24   professional and part of its scope of employment as

25   contemplated involved a provision of services related to

1    compensation consultant, a la what Mercer is doing.  Our

2    understanding of the reason for needing to employ Mercer is

3    based upon the fact that Price Waterhouse Coopers apparently

4    informed the Debtors that, due to its role as auditor, it

5    could not testify in bankruptcy court to the extent that the

6    bonus and severance issues involved in these cases, that are

7    the res of the employment, would come to a head.

8          I don't need -- feel the need -- or don't think

9    this is the appropriate context to delve into the various

10   circumstances which led to the second employment application

11   on this subject today, Your Honor, but I would like to

12   reserve our rights to take a look at the circumstances in

13   more detail and to assess, to the extent that there are

14   costs that the estate is bearing as a result of this

15   circumstance that are not properly borne by the estate, that

16   we address that at a later date.

17         THE COURT:  Wouldn't that normally be undertaken

18   in the fee application process?

19         MR. MCMAHON:  Correct, Your Honor, or by other

20   appropriate process.

21         THE COURT:  Okay.  Are some of the discussions

22   going on concern the dispute resolution and limitation of

23   liability provisions?

24         MR. MCMAHON:  That's correct, Your Honor.  The

25   limitation of liabilities is the issue that the U.S.

1   Trustee's Office wanted to have deleted and Mercer didn't

2   have authority when we were discussing that earlier to be

3   able to make that, but I think we can work that out.

4         THE COURT:  Yeah.  And I will tell you on those

5   issues, I find myself uniformly in agreement with the U.S.

6   Trustee, for whatever that's worth.

7         MR. MCMAHON:  We have informed Mercer of that

8   Your Honor.

9         THE COURT:  All right.

10         MR. MCMAHON:  Thank you.

11         THE COURT:  Thank you.

12         MS. STICKLES:  Your Honor, the next item is

13   Agenda Item 8, and the movant's counsel is here to address

14   that matter.

15         THE COURT:  Thank you.

16         MR. CORNELL:  Good afternoon, Your Honor, Jason

17   Cornell, Fox Rothschild on behalf of the Estate of Michael

18   Gutman.  Your Honor, today is the time set aside for a

19   status conference on Dr. Gutman's Motion to Lift the

20   Automatic Stay.  Mr. Lantry and I spoke at length yesterday

21   and we had intended to present to Your Honor a proposal for

22   a three hour evidentiary hearing on the motion at the

23   Court's convenience, preferably late June into early July.

24   After I spoke to Mr. Lantry I was contacted by my counsel in

25   Florida and learned that Dr. Gutman passed away suddenly

1  yesterday morning.  I was also informed by counsel for the

2  family that they would ask Your Honor to proceed with the

3  motion to lift stay and instead of, of course, Dr. Gutman

4  testifying, I anticipate either his son and his business

5  partner, one in the same, or Mrs. Gutman would testify at

6  the hearing.

7           And so I've spoken to Mr. Lantry since then, and

8  I believe the parties agree there are some issues that

9  remain, and that is the Debtors may seek to take discovery

10 regarding who we intend to offer as a witness.  That issue

11 can be addressed once we offer an affidavit in support of

12 our motion from our witness.  So at this stage, Your Honor,

13 where we are, is we're asking that the Court still set aside

14 a three hour hearing at the convenience of the Court.

15          THE COURT:  Well, what -- I guess the entry into

16 the -- this contested matter of the appropriate

17 representative.  I mean, I see the movants are Dr. Gutman

18 individually and a professional association, but it seems to

19 me on behalf of the individual, there needs to be an

20 appropriate estate representative, would there not?

21          MR. CORNELL:  There would, Your Honor, and I

22 anticipate entering my appearance on behalf of the estate.

23 At least that's what I've been instructed by counsel in

24 Florida.

25          THE COURT:  Okay.  Now in terms of timing, when

1  are you looking to have a hearing?

2          MR. CORNELL:  Your Honor, speaking to Mr. Lantry,

3  the litigation counsel will be unavailable through June 19th.

4  So we were thinking the last week of June might be ideal.

5          THE COURT:  Meaning the week of the 22nd or the

6  week of the 29th?

7          MR. CORNELL:  I believe either late in the week

8  of the 22nd, so that litigation counsel has some time to tee

9  this up after returning from vacation, or into the 29th would

10 be fine.

11         THE COURT:  Well, June 30th is presently open.

12         MR. CORNELL:  Your Honor, that's fine with my

13 schedule.  And fine -- Mr. Lantry is saying it's fine with

14 his as well.

15         THE COURT:  All right.  How about 1:30 in the

16 afternoon on June 30th?

17         Now since it is an evidentiary hearing, I don't

18 know how extensive either the testimony or the documentary

19 evidence will be, but if there is to be much of either, I do

20 prefer the prior submission of a joint pretrial memorandum

21 in the form, at least as a starting point, that's on the

22 website, that I use for adversaries now.  You can pare it

23 down and modify it to fit the situation as you see fit, but

24 I do, in contested matters, find this helpful.

25         MR. CORNELL:  Your Honor, this may be on your

1  website, but would you like that seven days before the

2  hearing or --

3           THE COURT:  Five days is fine.  I think that's

4  what it says, but if not five days is fine.

5           MR. CORNELL:  That won't be a problem, Your

6  Honor.

7           THE COURT:  Okay.

8           MR. CORNELL:  Thank you.  That's all we have on

9  this item.

10          THE COURT:  All right.  Thank you.

11          MR. CORNELL:  Thank you.

12          MR. DOSS:  Good afternoon, Your Honor.  I believe

13 I'm next up on the agenda.  Mike Doss from Sidley Austin;

14 I'm counsel to -- for Debtor Tribune Media Services in an

15 adversary proceeding and this is our initial pretrial

16 conference in that proceeding.  This is an adversary

17 proceeding against Mr. Warren Beatty that concerns the

18 rights to the Dick Tracy comic strip character that is in

19 dispute between Mr. Tracy and Tribune Media Services.  I

20 have two items to put before Your Honor and then if Your

21 Honor has any questions.

22          One is an agreed item, which relates to the

23 scheduling for response of pleadings by Mr. Beatty, and I

24 can say that we have an agreement on that.  Mr. Galardi,

25 who's in the courtroom on behalf of Mr. Beatty, and I have

1  signed a stipulation with the proposed order that sets forth

2  a response of pleadings schedule that would provide for

3  response of pleadings to be filed on or before May 8th.  The

4  responses by Debtor on May 26th, and any reply by Mr. Beatty

5  on June 2nd, so that the briefing on those response of

6  pleadings and associated motions would be completed by June

7  2nd.  I do have a signed stipulation and a draft order, if I

8  can present it to the Court.

9          THE COURT:  Certainly.  Thank you.

10          MR. DOSS:  Your Honor, the second item is not

11  agreed, and that concerns a scheduling order that would

12  otherwise cover the case as it goes forward.  Mr. Galardi

13  and I have discussed the subject, but we have not reached an

14  agreement.  It is Tribune Media Services' position that we

15  should enter a general scheduling order following the lines

16  of Your Honor's template on your website.

17          We have prepared a scheduling order from -- using

18  that template that we would request be entered.  The

19  scheduling order provides for Rule 26 conferences and

20  initial disclosures under Rule 26, consistent with the

21  template on your website.  It also provides for a fact

22  discovery period of 90 days, which we believe is sufficient

23  and appropriate, given the nature as we understand it of the

24  facts of this case, and otherwise follows the timetables

25  that are generally set forth in Your Honor's sample schedule

1  on the website.

2          So we would request that this scheduling order

3  that we've prepared be entered today.  I don't know whether

4  Mr. Galardi wishes to be heard on that subject.

5          MR. GALARDI:  Absolutely.  Good afternoon, Your

6  Honor, Greg Galardi on behalf of Mr. Warren Beatty.

7          Your Honor, just briefly so that we put it in

8  context as we've discussed, we will be filing a motion to

9  dismiss in some other matters with respect to a pending

10 action that is currently pending in California.  We think

11 this is duplicative, and we'd be moving to dismiss in favor

12 of the prior action.  Mr. Beatty has asked for a jury trial;

13 I understand counsel doesn't believe he's entitled to a jury

14 trial.

15         All of this is by way of the fact that we think

16 that we have no objection to a 26(f) conference occurring,

17 but under Rule 26(f) we will be filing an objection to

18 discovery proceeding until such time as Your Honor rules on

19 the motion to dismiss and the motion -- there may be a

20 motion to withdraw reference, as well as a motion to lift

21 stay to proceed in California on those actions.

22         So we think it's premature to go through the

23 discovery aspects and as Your Honor knows, under Rule 26(f),

24 and I think if Your Honor looks at the proposed schedule,

25 Paragraph 3 essentially says, no later than 14 days after

1   the discovery planning you go to discovery, and what we're

2   saying is that one of our objections under 26(f) would be

3   that no discovery and discovery should be stayed pending

4   Your Honor's outcome of a ruling on our motion to dismiss.

5         That's really our first concern and then since

6   every date works off of that date, to have discovery 90 days

7   after the first answer or other response of pleading is done

8   and everything follows off of that initial discovery.  We

9   think it's premature to move into the discovery phase until

10  Your Honor rules on a motion to dismiss and whether this is

11  the appropriate forum for this matter to be heard in.

12        In addition, there may be, as I mentioned, a

13  withdrawal of the reference because of the jury trial issue.

14  So we would think it's premature at this point and I just

15  didn't want to waive any rights with respect to our seeking

16  a stay of discovery pending the outcome of Your Honor's

17  decision on a motion to dismiss.

18        THE COURT:  Well, I'll make a couple comments.

19  First, with respect to motions for withdrawal of the

20  reference, while I would never to presume to speak for the

21  District Court on any specific case, I will tell you as a

22  general matter those motions are not granted -- or put this

23  way, the case doesn't move over to the District Court until

24  it's ready for trial.  I can't remember a case in which the

25  District Court took an adversary before that time.  That's

1  not to say it might not do so in this case.  All I'm saying

2  is that you would be here for discovery purposes likely

3  anyway.

4          MR. GALARDI:  And I agree with Your Honor in the

5  sense that if there was a withdrawal of the reference, often

6  times in my experience has been the same as Your Honor's;

7  it's here for discovery.  Our greatest concern is obviously

8  the motion to dismiss in -- actually in favor of a prior

9  action on exactly the same matter before a court.  And

10  that's why we want to get that briefed and done, as Your

11  Honor heard the schedule, by June 2nd.

12          THE COURT:  All right.  Now it seems to me that

13  if you're going to file a motion for relief from stay that

14  it should be on a parallel track with the motion to dismiss.

15  And I guess technically -- no, I guess technically you

16  should file both.

17          MR. GALARDI:  And I think that's -- again, Your

18  Honor, I'm on the same page as it wouldn't be of any point

19  to lift the stay if Your Honor is going to keep the

20  proceeding.  I think as a prerequisite, Your Honor should

21  rule on the motion to dismiss before deciding whether the

22  stay be lifted or whether we're proceeding here.

23          THE COURT:  All right.  Let me ask this, what is

24  your position with respect to whether this is a core matter

25  or a non-core matter?

1          MR. GALARDI:  Your Honor, we actually do not

2    think it's a core matter at least, but we're doing our work

3    on that.  I understand how they have styled it as a core

4    matter, saying it is quote, "property of the estate" and a

5    stay issue.  We think it is a third-party simple contract

6    action for declaratory judgment on whether the contract has

7    been or not been violated and that is a pending matter.

8          I also think, Your Honor, with respect to the

9    core issue, you have a prior proceeding and we think that

10   the proper jurisdictional way to have been here is to have

11   moved -- it didn't start in State Court, to give Your Honor

12   some background, it is a Federal Court action.  We think you

13   had to move transfer venue and then have it referred here,

14   as opposed to the avenue of starting the exact same action

15   in this court.  That's going to be one of our positions.

16         And so we think it's not jurisdictionally proper

17   to be here in the first instance; it's actually a matter for

18   the California court to move.  I understand my colleague

19   disagrees with that that will be a subject for Your Honor to

20   rule on with respect to the motion to dismiss.  We think

21   there is case law to support that that's the only procedural

22   way for a duplicative action to get over here; is to not

23   start one here, but to transfer.

24         MR. DOSS:  Your Honor, one item that I believe

25   Mr. Galardi and I agree upon is that this dispute is going

1   to proceed in some court; either federal court or before

2   Your Honor here in Delaware.  With that in mind, given this

3   dispute is going to go forward, we see no reason to start

4   the process of discovery so that we can get that matter

5   underway, rather than waiting for Your Honor's ruling on

6   whatever motions Mr. Galardi chooses to file next week or

7   next month.

8           So we do believe that it's productive and useful

9   for us to move forward with discovery.  If in Federal -- the

10  action he's referring to is in Federal Court and the Central

11  District of California, operating under the same rules, Rule

12  26 applies there just as much as before Your Honor.  And I

13  believe we can proceed appropriately on discovery.

14          There may be certain items that he would wish to

15  hold off on and we can work with him on that, but certainly

16  initial conferences, document production, getting the ball

17  rolling I think is appropriate rather than allowing it to

18  sit for a period of time.

19          THE COURT:  Well, let me ask this.  I'm not sure

20  what the answer to the question is, but if one of the

21  arguments that the defendant is making here is that there is

22  a jurisdictional issue, and if I should determine that this

23  is a non-core matter, if I decide I do not have

24  jurisdiction, is that a final order or is that something I

25  make in the way of a recommendation to the District Court

1  here?

2            MR. GALARDI:  I'll let you go first and --

3            MR. DOSS:  I'm going to give a non-response,

4  which I don't believe there's any plausible claim that this

5  Court lacks jurisdiction in the sense of having authority to

6  rule on this action given the breadth of this Court's

7  jurisdiction, even if it's a non-core matter.  We do allege

8  it's a core matter, that of course would grant jurisdiction,

9  but I don't believe there's any plausible argument that this

10 matter doesn't relate to the bankruptcy that is before Your

11 Honor.

12           MR. GALARDI:  I think, Your Honor, it's -- one, I

13 think to answer your question directly, I don't know the law

14 on whether or not if Your Honor rules on a jurisdictional

15 issue.  It would be my impression that if you rule on a

16 jurisdictional issue, that's not something to be reviewed

17 subject to an Article 3, because I think this Court does

18 determine its jurisdiction.

19           THE COURT:  I would probably lean that way, if I

20 had to decide right at this moment.

21           MR. GALARDI:  Which is what I'm trying to do at

22 this moment.

23           Second, Your Honor, I think there is a

24 jurisdictional aspect to this.  The question is whether --

25 and I think it's -- I don't think it's a unique question,

1  because I think we know the law, is whether or not you can

2  initiate a new action when there is a prior pending action

3  of the exact same sort or whether you transfer it.

4          THE COURT:  Well, I know there is a body of

5  decision of law which addresses that.  Now whether there's

6  something that's directly on point here, I don't know, but I

7  know there's a body of law out there.

8          MR. GALARDI:  And the question then is, whether

9  you would have jurisdiction on the second action.  Probably

10 jurisdictional in some sense yes, but as to stay or bringing

11 it back, and whether that's jurisdiction or subject matter

12 jurisdiction, that's partially why we've asked for more time

13 to brief until May 8th on that issue.

14          THE COURT:  All right.  Let me turn to Debtors'

15 counsel for a moment.  Without getting into the merits of

16 what you should do or should have done, are you still within

17 the time to remove the action that's pending in California

18 or has that passed?

19          MR. GALARDI:  It's not a removal, Your Honor.

20          MR. DOSS:  It's in Federal Court in California.

21          THE COURT:  Oh, I mean, transfer.  You're --

22          MR. DOSS:  I don't believe there's a time period

23 that would restrict us in that regard, but that -- so -- but

24 I don't know the answer to Your Honor's question.

25          THE COURT:  Okay.

1        MR. GALARDI:  Your Honor, this action was

2  commenced, I would say 30 to 45 days before the bankruptcy,

3  and I don't think that there is any jurisdictional or

4  statutory impediment for them to have moved -- to transfer

5  venue to here.

6        THE COURT:  No, I think it's -- probably falls

7  more within a Court's discretion.

8        MR. GALARDI:  Correct.

9        THE COURT:  Based upon the development of the

10  case.

11        One final question, are you considering

12  consenting to the entry of a final order by this Court even

13  if it's non-core or have you not developed a position on

14  that yet?

15        MR. GALARDI:  With no disrespect to Your Honor, I

16  don't think we will consent to a final order.

17        THE COURT:  None taken.

18        MR. GALARDI:  Thank you.

19        THE COURT:  I have other things to do, so...

20        MR. GALARDI:  And actually, I'm thankful for

21  that, Your Honor.

22        THE COURT:  All right.  Well, what about -- let

23  me ask defense counsel this.  Understanding that something

24  is going to move forward somewhere at some point, either in

25  this Federal Court or a Federal Court on the other coast,

1   why couldn't counsel have an agreement that says whatever

2   discovery is undertaken and produced in this case would be

3   applicable to the other case if that's the place where the

4   dispute should end up being resolved?

5            MR. GALARDI:  Your Honor, I guess -- again, no

6   disrespect, but every time I've been in discovery there are

7   discovery rulings and at least the counsel that has hired me

8   with respect to Mr. Beatty would prefer to have the Court

9   that is most familiar and has had this before making those

10  discovery rulings, as having been familiar with this

11  activity.

12           To have an initial 26(f) conference, and for me

13  to have the burden to say why discovery should be stayed in

14  light of that consideration, I have no objection, but that's

15  what I'm trying to preserve is my 26(a) objection to move

16  for a stay of discovery.

17           THE COURT:  Well, interestingly if you end up

18  here, your trial court won't be the court that made the

19  discovery rulings.  That would only happen if you end up in

20  California.

21           MR. GALARDI:  And that may be the case.

22           MR. DOSS:  We, for our not part, would not object

23  to the solution that you've at least raised with counsel,

24  Your Honor.  And I believe it's premature to suggest that

25  there will be disputes.  I believe Mr. Galardi and I can

1  work productively going forward.  And if there are disputes

2  then we can reach the issues that Mr. Galardi's raising at

3  that time rather than anticipate that we'll have disputes

4  before they've happened.

5          MR. GALARDI:  Again, just not to be premature,

6  Your Honor, I do -- simply do not want to be deprived of my

7  26(c)(1) right to seek a stay of discovery.  And this order

8  suggests that I am, in fact, not having that right because

9  it sets the discovery dates.  And I think with a motion to

10 dismiss, as Your Honor knows, that we can seek a stay of

11 discovery.  That's what 26 allows us to do.  26(f) says that

12 you can do that and make a motion with the Court.  And so

13 we're just trying to preserve that right.  That's really our

14 biggest concern with this scheduling order.

15          If Your Honor overrules that, then discovery

16 wherever this case turns out to be litigated I think is

17 appropriate, but at this particular point in time, we see

18 Paragraph 3 as overriding -- I guess it's 26(a)(1)(c) which

19 gives us the right, when you have your 26(f) conference, to

20 make a request and object to the discovery and to do so.

21 And we will timely do so; we don't even mind having the

22 26(f) conference -- I understand that it has to be, you

23 know, within 120 days of the complaint being served, and one

24 of the issues that we have resolved is, we've accepted

25 service.  So we don't mind having the 26(f) conference, but

1  with the motion to dismiss pending before Your Honor, it

2  would be our view that we will move to stay discovery until

3  that is ruled on in this court.

4          MR. DOSS:  Your Honor, if I could provide to you

5  what -- the copy of the order that Mr. Galardi is referring

6  to, so that you can have the benefit of what he's reading

7  from.

8          THE COURT:  All right.

9          MR. GALARDI:  I'm sorry, Your Honor, I thought

10 you actually had that handed up to you.

11         THE COURT:  Thank you.

12         Well, here's what I'm inclined to do.  I will

13 sign the order on the stipulation that has been presented.

14 I've done so.

15         According to that agreement of the parties that

16 I've just approved, the reply by the plaintiff here is due

17 on or before May 26th.  That would be the last of the papers

18 to be filed.  I assume that includes the motions to -- the

19 motion to dismiss and I don't know what other -- what else

20 you will be filing, but that will follow, according to the

21 stipulation, the date by which you've agreed to conduct a

22 discovery conference.  Am I correct?

23         MR. GALARDI:  Your Honor, I think two things.

24 One is, the response by -- we will file our response of

25 motion to dismiss by the 8th.  They will respond to that by

1    the 26th.  We have a right to reply to June 2nd.

2            THE COURT:  Oh, June 2nd.  I'm sorry.  I was

3    looking at the wrong line.

4            MR. GALARDI:  So it's the third line, but then we

5    could hold a pretrial conference -- a 26(f) conference.  I

6    don't have an objection to do that in the meantime and make

7    whatever motion on discovery.  That's really what our

8    suggestion is.

9            THE COURT:  Well, here's what my inclination is

10   to do.  There is a omnibus hearing scheduled for June 10th at

11   11 o'clock in the morning.  I would be inclined to have a

12   status conference on this adversary and assuming that --

13   well, and indicating that I'd like you to file whatever

14   other motions you want to file, file them in time so that

15   they're teed up in appropriately for the June 10th hearing,

16   and then we'll decide where to go from there.

17            It's not that far away, so I'm not inclined to

18   order that discovery move forward at this point, in light of

19   what position the defendant has taken here.  But I'm --

20   well, I'll see what motions are filed and --

21            MR. DOSS:  A point of clarification, I may have

22   missed this between the two speakers, but on the Rule 26

23   conference, that will also -- can we proceed with that or

24   should that also be held pending this hearing?

25            THE COURT:  No, I think you should proceed with

1  it.

2          MR. DOSS:  Okay.  Thank you, Your Honor.

3          THE COURT:  I think you should.

4          MR. DOSS:  And then besides the Rule 26

5  conference and we'll appear before Your Honor.  Thank you.

6          THE COURT:  All right.

7          MR. GALARDI:  And, Your Honor, I'm not sure what

8  Your Honor's practice is.  Since all the briefing on the

9  motion to dismiss I presume will be done on June 2nd -- this

10 is more for Debtors' counsel, would Your Honor want us to

11 put that on the calendar as well for June 2nd?  I'm just

12 curious.  Some judges want to see the papers and not have it

13 scheduled for conference, as well as let's say our motion to

14 stay discovery.

15         THE COURT:  Well, typically the way it works is,

16 upon completion of the briefing, a notice of completion of

17 briefing binder would be submitted here and with or without

18 a request for oral argument on it, but by that time I

19 presume I would have received the notice of completion of

20 briefing.  I'll just -- we can talk about that in the

21 context of the status hearing for the adversary.  I would

22 not expect argument, however at that time.  I usually like

23 to give myself a little more time to prepare for such an

24 argument.

25         MR. GALARDI:  Thank you very much, Your Honor.

1       MR. DOSS:  Thank you, Your Honor.

2       THE COURT:  All right.  Thank you.

3       MS. STICKLES:  Your Honor, that concludes

4  everything we have today, but I would like to raise one

5  housekeeping matter with the Court.

6       THE COURT:  All right.

7       MS. STICKLES:  Yesterday the Debtor, Tribune

8  Broadcasting Company, filed a motion for an order

9  authorizing an entry into post-petition station affiliation

10  and related agreements with the CW Network.  And in

11  conjunction with the filing of that motion, Your Honor, we

12  also filed a motion, which was a joint motion with the CW,

13  to file certain agreement under seal.

14       In addition, we also moved Your Honor, together

15  with CW, to shorten notice with respect to both the motion

16  on the merits and the seal motion.  And, Your Honor, we

17  represented in that motion that the Debtors had advised the

18  committee with respect to the motion to shorten.  We wanted

19  to advise the Court today that we have learned that the

20  committee has no objection to the pending motion to shorten.

21       Your Honor, we had asked in that particular

22  motion that the Court schedule it for the May 12 omnibus

23  hearing with a May 7 objection deadline.  The committee's

24  counsel is obviously here today, but my understanding is the

25  committee's preference would be with respect to the

1    committee that they be allowed until May 8th at 4 o'clock to

2    respond.  And I believe the reason that we requested May 7th

3    was for purposes of providing the Court with the agenda

4    consistent with the Court's rules.  So I just wanted to

5    bring that to Your Honor's attention.

6              THE COURT:  Well, I haven't seen my chambers copy

7    yet.  Do you know whether they've been delivered?

8              MS. STICKLES:  Yes, it was delivered this

9    morning, Your Honor, but I actually have a duplicate copy if

10   Your Honor -- if you would like me to hand it up.

11             THE COURT:  What's the one minute manager theory?

12   Let's just touch it once.  Bring it up.

13             MS. STICKLES:  And not to be presumptuous, Your

14   Honor, I'll give you a separate copy.

15             THE COURT:  Thank you.

16             All right.  Bear with me for one moment.

17             MS. STICKLES:  Certainly.  And thank you, Your

18   Honor.

19             THE COURT:  All right.  Does anyone else wish to

20   be heard on this matter?

21             May 12th at 10 o'clock for the hearing.  Now for

22   the objection time, do you want to make it for everyone

23   consistent with the committee or the general objection time

24   with an exception for the committee?

25             MS. STICKLES:  Your Honor, I don't believe we

1   really have a preference.  I -- actually, I think the

2   preference was the 7th, to allow an opportunity to get a

3   complete binder to Your Honor, but we leave that in your

4   discretion.

5           THE COURT:  Is it anticipated that this is going

6   to draw objection from someone other than the committee?

7           MS. STICKLES:  No, Your Honor.

8           THE COURT:  Yeah.  Okay.  How about we just make

9   May 7th at 4 o'clock as the time for objection?

10          MS. STICKLES:  With the understanding, Your

11  Honor, that the Debtors may be able to extend it for the

12  committee until the 8th until 4 p.m.?

13          THE COURT:  Yeah.

14          MS. STICKLES:  Thank you, Your Honor.

15          THE COURT:  That's fine.

16          That order has been signed.

17          MS. STICKLES:  Thank you, Your Honor.  We

18  certainly appreciate you taking the time to consider that

19  this afternoon.  And that's all the matters we have.

20          THE COURT:  All right.  Thank you all very much.

21  That concludes this hearing.

22          Court is adjourned.

23          MS. STICKLES:  Thank you.

24  (Whereupon at 3:08 p.m., the hearing was adjourned)

25

1                           CERTIFICATION

2              I   certify   that   the   foregoing   is   a   correct

3    transcript   from   the   electronic   sound   recording   of   the

4    proceedings in the above entitled matter.

5

6

7    _____        May 6, 2009

8    Stephanie McMeel

9    AAERT Cert. No. 452

10   Certified Court Transcriptionist

11

12

| Word | Page:Line |
|---|---|
| 26(a)(1)(c)(2) | 20:18 |
| 26(c)(1)(1) | 20:7 |
| able(3) | 3:11 6:3 26:11 |
| about(5) | 4:15 8:15 18:22 23:20 26:8 |
| above(1) | 27:4 |
| absolutely(1) | 11:5 |
| accepted(1) | 20:24 |
| acting(1) | 4:20 |
| action(15) | 4:9 11:10 11:12 13:9 14:6 14:12 14:14 14:22 15:10 16:6 17:2 17:2 17:9 17:17 18:1 |
| actions(1) | 11:21 |
| activity(1) | 19:11 |
| actually(7) | 13:8 14:1 14:17 18:20 21:10 25:9 26:1 |
| addition(2) | 12:12 24:14 |
| address(3) | 4:1 5:16 6:13 |
| addressed(1) | 7:11 |
| addresses(1) | 17:5 |
| adjourned(3) | 3:19 26:22 26:24 |
| admitted(2) | 3:8 3:12 |
| adversaries(1) | 8:22 |
| adversary(5) | 9:15 9:16 12:25 22:12 23:21 |
| advise(1) | 24:19 |
| advised(1) | 24:17 |
| aert(1) | 27:9 |
| affidavit(1) | 7:11 |
| affiliation(1) | 24:9 |
| after(6) | 6:24 8:9 11:25 12:7 |
| afternoon(9) | 3:3 3:4 3:6 4:19 6:16 8:16 9:12 11:5 26:19 |
| again(3) | 13:17 19:5 20:5 |
| against(1) | 9:17 |
| agenda(6) | 3:18 3:19 3:22 6:13 9:13 25:3 |
| agree(3) | 7:8 13:4 14:25 |
| agreed(3) | 9:22 10:11 21:21 |
| agreement(6) | 6:5 9:24 10:14 19:1 21:15 24:13 |
| agreements(1) | 24:10 |
| all(23) | 3:2 4:3 4:17 6:9 8:15 9:8 9:10 11:15 13:1 13:12 13:23 17:14 18:22 21:8 23:6 23:8 24:2 24:6 25:16 25:19 26:19 26:20 26:20 |
| allege(1) | 16:7 |
| allow(1) | 26:2 |
| allowed(1) | 25:1 |
| allowing(1) | 15:17 |
| allows(1) | 20:11 |
| also(9) | 3:6 4:14 7:1 10:21 14:8 22:23 22:24 24:12 24:14 |
| amended(1) | 3:18 |
| answer(4) | 12:7 15:20 16:13 17:24 |
| anticipate(3) | 7:4 7:22 20:3 |
| anticipated(1) | 26:5 |
| any(9) | 4:15 9:21 10:4 12:15 12:21 13:18 16:4 16:9 18:3 |
| anyone(1) | 25:19 |
| anyway(1) | 13:3 |
| apologies(1) | 3:9 |
| apparently(1) | 5:3 |
| appear(3) | 3:9 3:11 23:5 |
| appearance(1) | 7:22 |
| appearing(1) | 3:6 |
| applicable(1) | 19:3 |
| application(3) | 4:4 5:10 5:18 |
| applies(1) | 15:12 |
| appreciate(1) | 26:18 |
| appropriate(8) | 5:9 5:20 7:16 7:20 10:23 12:11 15:17 20:17 |
| appropriately(2) | 15:13 22:15 |
| approved(1) | 21:16 |

| Word | Page:Line |
|---|---|
| april(2) | 1:14 3:1 |
| argument(4) | 16:9 23:18 23:22 23:24 |
| arguments(1) | 15:21 |
| arps(1) | 1:37 |
| article(1) | 16:17 |
| aside(3) | 4:20 6:18 7:13 |
| ask(5) | 3:10 7:2 13:23 15:19 18:23 |
| asked(3) | 11:12 17:12 24:21 |
| asking(1) | 7:13 |
| aspect(1) | 16:24 |
| aspects(1) | 11:23 |
| assess(1) | 5:13 |
| associated(1) | 10:6 |
| association(1) | 7:18 |
| assume(1) | 21:18 |
| assuming(1) | 22:12 |
| attention(1) | 25:5 |
| auditor(1) | 5:4 |
| austin(3) | 1:23 3:7 9:13 |
| authority(2) | 6:2 16:5 |
| authorizing(1) | 24:9 |
| automatic(1) | 6:20 |
| avenue(1) | 14:14 |
| away(2) | 6:25 22:17 |
| back(1) | 17:11 |
| background(1) | 14:12 |
| ball(1) | 15:16 |
| bankruptcy(6) | 1:1 1:19 4:23 5:5 16:10 |
| bar(1) | 3:13 |
| based(2) | 5:3 18:9 |
| bear(1) | 25:16 |
| bearing(1) | 5:14 |
| beatty(8) | 1:37 9:17 9:23 9:25 10:4 11:6 11:12 19:8 |
| because(4) | 12:13 16:17 17:1 20:8 |
| before(18) | 1:18 3:9 3:11 9:1 9:20 10:3 12:25 13:9 13:21 15:11 15:12 16:10 18:2 19:9 20:4 21:1 21:17 23:5 |
| behalf(7) | 3:5 3:6 6:17 7:19 7:22 9:25 11: |
| believe(16) | 4:14 7:8 8:7 9:12 10:22 11:13 14:24 15:8 15:13 16:4 16:9 19:24 19:25 25:2 25:25 |
| benefit(1) | 21:6 |
| besides(1) | 23:4 |
| between(2) | 9:19 22:22 |
| biggest(1) | 20:14 |
| binder(2) | 23:17 26:3 |
| body(2) | 17:4 17:7 |
| bonus(1) | 5:6 |
| borne(1) | 5:15 |
| both(2) | 13:16 24:15 |
| box(2) | 1:41 2:7 |
| breadth(1) | 16:6 |
| brief(1) | 17:13 |
| briefed(1) | 13:21 |
| briefing(5) | 10:5 23:8 23:16 23:17 23:20 |
| briefly(1) | 11:7 |
| bring(2) | 25:5 25:12 |
| bringing(1) | 17:10 |
| broadcasting(1) | 24:8 |
| burden(1) | 19:13 |
| business(1) | 7:4 |
| calendar(1) | 23:11 |
| california(7) | 11:10 11:21 14:18 15:11 17:17 17:20 19:20 |
| can't(1) | 12:24 |
| carey(1) | 1:18 |
| case(13) | 1:4 10:12 10:24 12:21 12:23 12:24 13:1 14:21 18:10 19:2 19:3 19:21 20:16 |
| cases(2) | 4:23 5:6 |
| central(1) | 15:10 |
| cert(1) | 27:9 |
| certain(2) | 15:14 24:13 |
| certainly(4) | 10:9 15:15 25:17 26:18 |

| Word | Page:Line |
|---|---|
| certificate(1) | 4:11 |
| certification(1) | 27:1 |
| certified(1) | 27:10 |
| certify(1) | 27:2 |
| chambers(1) | 25:6 |
| chapter(1) | 1:8 |
| character(1) | 9:18 |
| chicago(1) | 1:27 |
| chooses(1) | 15:6 |
| circumstance(1) | 5:15 |
| circumstances(2) | 5:10 5:12 |
| claim(1) | 16:4 |
| clarification(1) | 22:21 |
| clerk(1) | 3:2 |
| coast(1) | 18:25 |
| cole(1) | 1:30 |
| colleague(1) | 14:18 |
| come(1) | 5:7 |
| comic(1) | 9:18 |
| commenced(1) | 18:2 |
| comments(1) | 12:18 |
| committee(7) | 24:18 24:20 25:1 25:23 25:24 26:6 26:12 |
| committee's(2) | 24:23 24:25 |
| company(1) | 1:7 3:5 24:8 |
| compensation(1) | 5:1 |
| complaint(1) | 20:23 |
| complete(1) | 26:3 |
| completed(1) | 10:6 |
| completion(3) | 23:16 23:16 23:19 |
| concern(4) | 5:22 12:5 13:7 20:14 |
| concerns(2) | 9:17 10:11 |
| concludes(2) | 24:3 26:21 |
| conduct(1) | 21:11 |
| conference(14) | 6:19 9:16 11:16 19:12 20:19 20:22 20:25 21:22 22:5 22:5 22:12 22:23 23:5 23:13 |
| conferences(2) | 10:19 15:16 |
| conjunction(1) | 24:11 |
| consent(1) | 18:16 |
| consenting(1) | 18:12 |
| consider(1) | 26:18 |
| consideration(1) | 19:14 |
| considering(1) | 18:11 |
| consistent(3) | 10:20 25:4 25:23 |
| consultant(1) | 5:1 |
| contacted(1) | 6:24 |
| contemplated(1) | 4:25 |
| contested(2) | 7:16 8:24 |
| context(3) | 5:9 11:8 23:21 |
| continued(1) | 2:2 |
| contract(2) | 14:5 14:6 |
| convenience(2) | 6:23 7:14 |
| coopers(2) | 4:23 5:3 |
| copy(4) | 21:5 25:6 25:9 25:14 |
| core(5) | 13:24 14:2 14:3 14:9 16:8 |
| cornell(11) | 2:5 6:16 6:17 7:21 8:2 8:7 8:12 8:25 9:5 9:8 9:11 |
| corporation(1) | 1:8 |
| correct(5) | 5:19 5:24 18:8 21:22 27:2 |
| costs(1) | 5:14 |
| couldn't(1) | 19:1 |
| counsel(15) | 6:13 6:24 7:1 7:23 8:3 8:8 9:14 11:13 17:15 18:23 19:1 19:7 19:23 23:10 24:24 |
| couple(1) | 12:18 |
| course(3) | 4:9 7:3 16:8 |

| Word | Page:Line |
|---|---|
| court(93) | 1:1 3:3 3:9 3:10 3:11 3:14 3:18 3:23 4:1 4:3 4:17 5:5 5:17 5:21 6:4 6:9 6:11 6:15 7:13 7:14 7:15 7:25 8:4 8:11 8:15 9:3 9:7 9:10 10:8 10:9 12:18 12:21 12:23 12:23 13:9 13:12 14:11 14:12 14:15 14:18 15:1 15:1 15:10 15:19 15:25 16:5 16:7 16:19 17:4 17:14 17:20 17:21 17:25 18:6 18:9 18:12 18:17 18:19 18:22 18:25 18:25 19:8 19:17 19:18 19:18 20:12 21:3 21:8 21:11 22:2 22:9 22:25 23:3 23:6 23:15 24:2 24:5 24:6 24:19 24:22 25:3 25:6 25:17 25:19 26:5 26:8 26:13 26:15 26:20 26:22 27:10 |
| courtroom(2) | 1:10 9:25 |
| court's(4) | 6:23 16:6 18:7 25:4 |
| cover(1) | 10:12 |
| curious(1) | 23:12 |
| currently(1) | 11:10 |
| data(1) | 1:47 |
| date(4) | 5:16 12:6 12:6 21:21 |
| dates(1) | 20:9 |
| days(9) | 4:13 9:1 9:3 9:4 10:22 11:25 12:6 18:2 20:23 |
| deadline(1) | 24:23 |
| dearborn(1) | 1:26 |
| debtor(5) | 1:12 1:23 9:14 10:4 24:7 |
| debtors(7) | 3:5 3:7 3:17 5:4 7:9 24:17 |
| debtors'(2) | 17:14 23:10 |
| decide(3) | 15:23 16:20 22:16 |
| deciding(1) | 13:21 |
| decision(2) | 12:17 17:5 |
| declaratory(1) | 14:6 |
| defendant(2) | 15:21 22:19 |
| delaware(5) | 1:2 1:8 1:12 3:1 15:2 |
| deleted(1) | 6:1 |
| delivered(2) | 25:7 25:8 |
| delve(1) | 5:9 |
| deprived(1) | 20:6 |
| detail(1) | 5:13 |
| determine(2) | 15:22 16:18 |
| developed(1) | 18:13 |
| development(1) | 18:9 |
| diaz(1) | 1:47 |
| dick(1) | 9:18 |
| didn't(3) | 6:1 12:15 14:11 |
| directly(2) | 16:13 17:6 |
| disagrees(1) | 14:19 |
| disclosures(1) | 10:20 |
| discovery(34) | 7:9 10:22 11:18 11:23 12:1 12:1 12:3 12:6 12:8 12:9 12:16 13:2 13:7 15:4 15:9 15:13 19:2 19:6 19:7 19:10 19:13 19:16 19:19 19:19 20:7 20:9 20:11 20:15 20:20 21:2 21:22 22:7 22:18 23:14 |
| discretion(1) | 18:7 26:4 |
| discussed(2) | 10:13 11:8 |
| discussing(2) | 4:8 6:2 |
| discussions(1) | 5:21 |
| dismiss(15) | 11:9 11:11 11:19 12:4 12:10 12:17 13:8 13:14 13:21 14:20 20:10 21:1 21:19 21:25 23:9 |
| dispute(5) | 5:22 9:19 14:25 15:3 19:4 |
| disputes(3) | 19:25 20:1 20:3 |
| disrespect(2) | 18:15 19:6 |
| district(6) | 1:2 12:21 12:23 12:25 15:11 15:25 |
| document(1) | 15:16 |
| documentary(1) | 8:18 |
| doesn't(3) | 11:13 12:23 16:10 |
| don't(6) | 8:17 11:3 16:13 17:6 17:24 21:19 |
| don't(13) | 4:14 5:8 5:8 16:4 16:9 16:25 17:22 18:3 18:16 20:21 20:25 22:6 25:25 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

doss(17) 1:25 3:7 3:8 3:16 9:12 9:13 10:10 14:24 16:3 17:20 17:22 19:22 21:4 22:21 23:2 23:4 24:1

down(1) 8:23
draft(1) 10:7
draw(1) 26:6
due(2) 5:4 21:16
duplicate(1) 25:9
duplicative(2) 11:11 14:22
each(1) 3:21
earlier(1) 6:2
early(1) 6:23
ecr(1) 1:45
either(7) 3:19 7:4 8:7 8:18 8:19 15:1
electronic(2) 1:52 27:3
else(2) 21:19 25:19
employ(1) 5:2
employment(3) 4:24 5:7 5:10
end(3) 19:4 19:17 19:19
enough(1) 3:23
enter(1) 10:15
entered(3) 3:20 10:18 11:3
entering(1) 3:22 7:22
entitled(2) 11:13 27:4
entry(3) 7:15 18:12 24:9
esq(6) 1:24 1:25 1:32 1:39 2:5 2:14
estate(5) 5:14 5:15 6:17 7:20 7:22
estate'(1) 14:4
even(3) 16:7 18:12 20:21
every(2) 12:6 19:6
everyone(2) 3:3 25:22
everything(2) 12:8 24:4
evidence(1) 8:19
evidentiary(2) 6:22 8:17
exact(2) 14:14 17:3
exactly(1) 13:9
exception(1) 25:24
expect(1) 23:22
experience(1) 13:6
extend(1) 26:11
extensive(1) 8:18
extent(2) 5:5 5:13
fact(4) 5:3 10:21 11:15 20:8
facts(1) 10:24
falls(1) 18:6
familiar(2) 19:9 19:10
family(1) 7:2
far(1) 22:17
favor(2) 11:11 13:8
federal(7) 14:12 15:1 15:9 15:10 17:20 18:25 18:25
fee(1) 5:18
feel(1) 5:8
few(1) 4:13
file(10) 3:10 13:13 13:16 15:6 21:24 22:13 22:14 22:14 24:13
filed(7) 3:17 4:7 10:3 21:18 22:20 24:8 24:12
filing(4) 11:8 11:17 21:20 24:11
final(4) 15:24 18:11 18:12 18:16
find(2) 6:5 8:24
fine(7) 8:10 8:12 8:13 8:13 9:3 9:4 26:15
first(6) 3:18 12:5 12:7 12:19 14:17 16:2
fit(2) 8:23 8:23
five(2) 9:3 9:4
flom(1) 1:38
florida(2) 6:25 7:24
follow(1) 21:20
following(1) 10:15
follows(2) 10:24 12:8
foregoing(1) 27:2
form(2) 4:11 8:21
formal(1) 4:6
formal(1) 1:30

forth(2) 10:1 10:25
forum(1) 15:25
forward(8) 3:22 4:14 10:12 15:3 15:9 18:24 20:1 22:18
fox(2) 2:4 6:17
galardi(31) 1:39 3:24 10:12 11:4 11:5 11:6 13:4 13:17 14:1 14:25 15:6 16:2 16:12 16:21 17:8 17:19 18:1 18:8 18:15 18:18 18:20 19:5 19:21 19:25 20:5 21:5 21:9 21:23 22:4 23:7 23:25

galardi's(1) 20:2
general(3) 10:15 12:22 25:23
generally(1) 10:25
get(4) 13:10 14:22 15:4 26:2
getting(2) 15:16 17:15
give(5) 4:18 14:11 16:3 23:23 25:14
given(3) 10:23 15:2 16:6
gives(2) 20:19
goes(1) 10:12
going(10) 5:22 13:13 13:19 14:15 14:25 15:3 16:3 18:24 20:1 26:5
good(7) 3:3 3:4 3:12 4:19 6:16 9:12 11:5
grant(1) 16:8
granted(1) 12:22
greatest(1) 13:7
greg(1) 11:6
gregg(1) 1:39
guess(7) 7:15 13:15 13:15 19:5 20:18
gutman(6) 2:4 6:18 6:25 7:3 7:5 7:17
gutman's(1) 6:19
hac(1) 3:11
hand(1) 25:10
handed(1) 21:10
happen(1) 19:19
happened(1) 20:4
harrisburg(1) 1:49
haven't(1) 25:6
having(5) 16:5 19:10 20:8 20:21 20:25
head(1) 5:7
hear(1) 4:17
heard(4) 11:4 12:11 13:11 25:20
hearing(14) 6:22 7:6 7:14 8:1 8:17 9:2 22:10 22:15 22:24 23:21 24:23 25:21 26:21 26:24
held(1) 22:24
helpful(1) 8:24
here's(2) 21:12 22:9
he's(3) 11:13 15:10 21:6
him(1) 15:15
hired(1) 19:7
his(3) 7:4 7:4 8:14
hold(2) 15:15 22:5
honor(87) 3:4 3:6 3:8 3:15 3:16 3:17 3:20 3:25 4:6 4:19 4:22 5:11 5:19 5:24 6:8 6:12 6:16 6:18 6:21 7:2 7:12 7:21 8:2 8:12 8:25 9:6 9:12 9:20 9:21 10:10 11:6 11:7 11:18 11:23 11:24 12:10 13:4 13:11 13:18 13:19 13:20 14:1 14:8 14:11 14:14 14:24 15:2 15:12 16:11 16:12 16:14 16:23 17:19 18:1 18:15 18:21 19:5 19:24 20:6 20:10 20:15 21:1 21:4 21:9 21:23 23:2 23:5 23:7 23:10 23:25 24:1 24:3 24:11 24:14 24:16 24:21 25:9 25:10 25:14 25:18 25:25 26:3 26:7 26:11 26:14 26:17
honorable(1) 1:18
honor's(9) 10:16 10:25 12:4 12:16 13:6 15:5 17:24 23:8 25:5
hopefully(1) 4:12
hour(1) 6:22 7:14
housekeeping(1) 24:5
however(2) 4:7 23:22
ideal(1) 8:4
illinois(1) 3:13

impediment(1) 18:4
impression(1) 16:15
inclination(1) 22:9
inclined(3) 22:12 22:11 22:17
includes(1) 21:18
indicating(1) 22:13
individual(1) 7:19
individually(1) 7:18
informally(1) 4:8
informed(3) 5:4 6:7 7:1
initial(5) 9:15 10:20 12:8 15:16 19:12
initiate(1) 17:2
instance(1) 14:17
instead(1) 7:3
instructed(1) 7:23
intend(1) 7:10
intended(1) 6:21
interestingly(1) 19:17
into(7) 5:9 6:23 7:15 8:9 12:9 17:15 24:9
involved(1) 4:25 5:6
issue(11) 4:7 4:16 5:25 7:10 12:13 14:5 14:9 15:22 16:15 16:16 17:13
issues(6) 4:21 5:6 6:5 7:8 20:2 20:24
item(8) 4:1 4:16 6:12 6:13 9:9 9:22 10:10 14:24
items(3) 3:19 9:20 15:14
it's(23) 8:13 11:22 12:9 12:14 12:24 13:7 14:2 14:16 14:17 15:8 16:7 16:8 16:12 16:25 16:25 17:19 17:20 18:6 18:13 19:24 20:18 22:4 22:17
i'd(1) 22:13
i'll(6) 4:18 12:18 16:2 22:20 23:20 25:14
i've(5) 7:7 7:23 19:6 21:14 21:16
jason(2) 2:5 6:16
joe(1) 4:15
joint(2) 8:20 24:12
joseph(2) 2:14 4:19
joy(1) 3:23
judge(1) 1:19
judges(1) 23:12
judgment(1) 14:6
july(6) 1:23
june(14) 6:23 8:3 8:4 8:11 8:16 10:5 10:6 13:11 22:1 22:2 22:10 22:15 23:9 23:11
jurisdiction(8) 15:24 16:5 16:7 16:8 16:18 17:9 17:11 17:12
jurisdictiona(7) 14:10 15:22 16:14 16:16 16:24 17:10 18:3
jurisdictionally(1) 14:16
jury(3) 11:12 11:13 12:13
just(13) 3:22 4:13 11:7 12:14 15:12 20:5 20:13 21:16 23:11 23:20 25:4 25:12 26:8
kate(1) 1:32 3:4
keep(1) 13:19
kevin(1) 1:18 1:24 3:7
king(1) 2:15
kjc(1) 1:4
know(11) 8:18 11:3 16:13 17:1 17:4 17:6 17:7 17:24 20:23 21:19 25:7
knows(2) 11:23 20:10
lacks(1) 16:5
lantry(9) 1:24 3:7 4:1 4:6 6:20 6:24 7:7 8:2 8:13
last(3) 3:18 8:4 21:17
late(2) 6:23 8:7
later(2) 5:16 11:25
law(5) 14:21 16:13 17:1 17:5 17:7
lean(1) 16:19
learned(2) 6:25 24:19
least(5) 7:23 8:21 14:2 19:7 19:23

leave(1) 26:3
led(1) 5:10
length(1) 6:20
leonard(1) 1:31
let(6) 4:17 13:23 15:19 16:2 17:14 18:22
let's(2) 23:13 25:12
liabilities(1) 5:25
liability(1) 5:23
lift(4) 6:19 7:3 11:20 13:19
lifted(1) 13:22
light(2) 19:14 22:18
like(8) 3:20 4:15 5:11 9:1 22:13 23:22 24:4 25:10
likely(1) 13:2
limitation(2) 5:22 5:25
line(2) 22:3 22:4
lines(1) 10:15
litigated(1) 20:16
litigation(2) 8:3 8:8
little(1) 23:23
llp(3) 1:23 1:38 2:4
look(1) 5:12
looking(2) 8:1 22:3
looks(1) 11:24
lugano(1) 1:45
m.d(1) 2:4
made(1) 19:18
make(8) 6:3 12:18 15:25 20:12 20:20 22:6 25:22 26:8
making(2) 15:21 19:9
manager(1) 25:11
market(1) 1:11 2:6
matter(21) 4:21 6:14 7:16 12:11 12:22 13:9 13:24 13:25 14:2 14:4 14:7 14:17 15:4 15:23 16:7 16:8 16:10 17:11 24:5 25:20 27:4
matters(3) 8:24 11:9 26:19
mcmahon(9) 2:14 4:15 4:18 4:19 4:20 5:19 5:24 6:7 6:10
mcmeek(1) 27:8
meagher(1) 1:37
mean(2) 7:17 17:21
meaning(1) 8:5
meantime(1) 22:6
mechanical(1) 4:21
media(3) 9:14 9:19 10:14
meisel(1) 1:30
member(1) 3:12
memorandum(1) 8:20
mentioned(1) 12:12
mercer(6) 4:5 4:22 5:1 5:2 6:1 6:7
merits(2) 17:15 24:16
michael(4) 1:25 2:4 3:7 6:17
might(2) 8:4 13:1
mike(1) 9:13
mind(3) 15:2 20:21 20:25
minute(1) 25:11
missed(1) 22:22
modify(1) 8:23
moment(4) 16:20 16:22 17:15 25:16
month(1) 15:7
more(5) 5:13 17:12 18:7 23:10 23:23
morning(3) 7:1 22:11 25:9
most(1) 19:9
motion(36) 3:10 6:19 6:22 7:3 7:12 11:8 11:19 11:19 11:20 11:20 12:4 12:10 12:17 13:8 13:13 13:14 13:21 14:20 20:9 20:12 21:1 21:19 21:25 22:7 23:9 23:13 24:8 24:11 24:12 24:12 24:15 24:16 24:17 24:18 24:20 24:22
motions(7) 10:6 12:19 12:22 15:6 21:18 22:14 22:20
movants(1) 7:17
movant's(1) 6:13

| Word | Page:Line |
|---|---|
| move(10) | 4:13 12:9 12:23 14:13 14:18 15:9 18:24 19:15 21:2 22:18 |
| moved(3) | 14:11 18:4 24:14 |
| moving(1) | 11:11 |
| mrs(1) | 7:5 |
| much(8) | 8:19 15:12 23:25 26:20 |
| myself(2) | 6:5 23:23 |
| nature(1) | 10:23 |
| need(2) | 5:8 5:8 |
| needing(1) | 5:2 |
| needs(1) | 7:19 |
| network(1) | 24:10 |
| never(1) | 12:20 |
| new(1) | 17:2 |
| next(4) | 6:12 9:13 15:6 15:7 |
| night(1) | 3:18 |
| non-core(4) | 13:25 15:23 16:7 18:13 |
| non-objection(1) | 4:11 |
| non-response(1) | 16:3 |
| none(1) | 18:17 |
| normally(1) | 5:17 |
| notice(3) | 23:16 23:19 24:15 |
| now(6) | 7:25 8:17 8:22 13:12 17:5 25:21 |
| number(1) | 4:2 |
| object(2) | 19:22 20:20 |
| objection(11) | 11:16 11:17 11:17 19:14 19:15 22:6 24:20 24:23 25:23 25:23 26:6 26:9 |
| objections(2) | 4:6 12:2 |
| obviously(3) | 13:7 24:24 |
| occurring(1) | 11:16 |
| off(3) | 12:6 12:8 15:15 |
| offer(2) | 7:10 7:11 |
| office(2) | 2:12 6:1 |
| often(1) | 13:5 |
| okay(6) | 5:21 7:25 9:7 17:25 23:2 26:8 |
| omnibus(2) | 22:10 24:22 |
| once(4) | 3:23 4:11 7:11 25:12 |
| one(19) | 1:26 1:40 3:21 4:7 4:16 7:5 9:22 12:2 14:15 14:23 14:24 15:20 16:12 18:1 20:23 21:24 24:4 25:11 25:16 |
| only(3) | 14:21 19:19 |
| open(1) | 8:11 |
| operating(1) | 15:11 |
| operator(1) | 1:45 |
| opportunity(1) | 26:2 |
| opposed(1) | 14:14 |
| oral(1) | 23:18 |
| order(18) | 4:11 10:1 10:7 10:11 10:15 10:17 10:19 11:2 15:24 18:12 18:16 20:7 20:14 21:5 21:13 22:18 24:8 26:16 |
| orders(2) | 3:20 3:22 |
| other(10) | 4:16 5:19 11:9 12:7 18:19 18:25 19:3 21:19 22:14 26:6 |
| otherwise(2) | 10:12 10:24 |
| our(19) | 4:9 5:5 5:12 7:12 7:12 9:15 12:2 12:4 12:5 12:15 13:7 14:2 14:15 19:22 20:13 21:2 21:24 22:7 23:13 |
| out(6) | 4:10 4:12 4:21 6:3 17:7 20:16 |
| outcome(2) | 12:4 12:16 |
| over(2) | 12:23 14:22 |
| overriding(1) | 20:18 |
| overrules(1) | 20:15 |
| o'clock(4) | 22:11 25:1 25:21 26:9 |
| p.m(4) | 1:15 3:1 26:12 26:24 |
| page(1) | 13:18 |
| papers(2) | 21:17 23:12 |
| paragraph(2) | 11:25 20:18 |
| parallel(1) | 13:14 |
| pare(1) | 8:22 |
| part(2) | 4:24 19:22 |
| partially(1) | 17:12 |
| particular(2) | 20:17 24:21 |
| parties(2) | 7:8 21:15 |

| Word | Page:Line |
|---|---|
| partner(1) | 7:5 |
| passed(1) | 6:25 17:18 |
| pending(10) | 11:9 11:10 12:3 12:16 14:7 17:2 17:17 21:1 22:24 24:20 |
| pennsylvania(1) | 1:49 |
| period(3) | 10:22 15:18 17:22 |
| phase(1) | 12:9 |
| place(1) | 19:3 |
| plaintiff(1) | 21:16 |
| planning(1) | 12:1 |
| plausible(2) | 16:4 16:9 |
| pleading(1) | 12:7 |
| pleadings(4) | 9:23 10:2 10:3 10:6 |
| point(8) | 8:21 12:14 13:18 17:6 18:24 20:17 22:18 22:21 |
| position(4) | 10:14 13:24 18:13 22:19 |
| positions(1) | 14:15 |
| post-petition(1) | 24:9 |
| ppearances(2) | 1:21 2:1 |
| practice(1) | 23:8 |
| prefer(1) | 8:20 19:8 |
| preferably(1) | 6:23 |
| preference(3) | 24:25 26:1 26:2 |
| premature(5) | 11:22 12:9 12:14 19:24 20:5 |
| prepare(1) | 23:23 |
| prepared(2) | 10:17 11:3 |
| prerequisite(1) | 13:20 |
| present(2) | 6:21 10:8 |
| presented(1) | 21:13 |
| presently(1) | 8:11 |
| preserve(2) | 19:15 20:13 |
| presume(3) | 12:20 23:9 23:19 |
| presumptuous(1) | 25:13 |
| pretrial(3) | 8:20 9:15 22:5 |
| price(2) | 4:22 5:3 |
| prior(5) | 8:20 11:12 13:8 14:9 17:2 |
| pro(1) | 3:11 |
| probably(3) | 16:19 17:9 18:6 |
| problem(1) | 9:5 |
| procedural(1) | 14:21 |
| proceed(7) | 3:21 7:2 11:21 15:1 15:13 22:23 22:25 |
| proceeding(7) | 9:15 9:16 9:17 11:18 13:20 13:22 14:9 |
| proceedings(3) | 1:17 1:52 27:4 |
| process(3) | 5:18 5:20 15:4 |
| produced(1) | 1:53 19:2 |
| production(1) | 15:16 |
| productive(1) | 15:8 |
| productively(1) | 20:1 |
| professional(2) | 4:24 7:18 |
| proper(2) | 14:10 14:16 |
| properly(1) | 5:15 |
| proposal(1) | 6:21 |
| propose(1) | 4:10 |
| proposed(3) | 4:9 10:1 11:24 |
| provide(2) | 10:2 21:4 |
| provides(2) | 10:19 10:21 |
| providing(1) | 25:3 |
| provision(1) | 4:25 |
| provisions(1) | 5:23 |
| purposes(3) | 3:10 13:2 25:3 |
| put(4) | 9:20 11:7 12:22 23:11 |
| question(7) | 15:20 16:13 16:24 16:25 17:8 17:24 18:11 |
| questions(2) | 4:15 9:21 |
| quote(1) | 14:4 |
| raise(1) | 24:4 |
| raised(1) | 19:23 |
| raising(1) | 20:2 |
| rather(3) | 15:5 15:17 20:3 |
| reach(1) | 20:2 |
| reached(2) | 4:9 10:13 |
| reading(1) | 21:6 |

| Word | Page:Line |
|---|---|
| ready(1) | 12:24 |
| really(4) | 12:5 20:13 22:7 26:1 |
| reason(3) | 5:2 15:3 25:2 |
| recall(1) | 4:22 |
| received(1) | 23:19 |
| recommendation(1) | 15:25 |
| recorded(1) | 1:52 |
| recording(2) | 1:52 27:3 |
| reference(4) | 11:20 12:13 12:20 13:5 |
| referred(1) | 14:13 |
| referring(2) | 15:10 21:5 |
| regard(1) | 17:23 |
| regarding(1) | 7:10 |
| relate(1) | 16:16 |
| related(3) | 4:21 4:25 24:10 |
| relates(1) | 9:22 |
| relief(1) | 13:13 |
| remain(1) | 7:9 |
| remember(1) | 12:20 |
| removal(1) | 17:19 |
| remove(1) | 17:17 |
| reply(3) | 10:4 21:16 22:1 |
| representativ(1) | 7:17 7:20 |
| represented(1) | 24:17 |
| request(4) | 10:18 11:2 20:20 23:18 |
| requested(1) | 25:2 |
| res(1) | 5:7 |
| reserve(1) | 5:12 |
| resolution(2) | 4:9 5:22 |
| resolved(1) | 19:4 20:24 |
| respect(12) | 4:1 4:5 11:9 12:15 12:19 13:24 14:8 14:20 19:8 24:15 24:18 24:25 |
| respond(2) | 21:25 25:2 |
| response(7) | 9:23 10:2 10:3 10:5 12:7 21:24 21:24 |
| responses(1) | 10:4 |
| restrict(1) | 17:23 |
| result(1) | 5:14 |
| retained(1) | 4:23 |
| retention(1) | 4:4 |
| returning(1) | 8:9 |
| reviewed(1) | 16:16 |
| right(22) | 4:3 4:17 6:9 8:15 9:10 13:12 13:23 16:20 17:14 18:22 20:7 20:8 20:13 20:19 21:8 22:1 23:6 24:2 24:6 25:16 25:19 26:20 |
| rights(3) | 5:12 9:18 12:15 |
| rise(1) | 3:2 |
| rodney(1) | 1:40 |
| role(1) | 5:4 |
| rolling(1) | 15:17 |
| rothschild(2) | 2:4 6:17 |
| rule(11) | 10:19 10:20 11:17 11:23 13:21 14:20 15:11 16:6 16:15 22:22 23:4 |
| ruled(1) | 21:3 |
| rules(5) | 11:18 12:10 15:11 16:14 25:4 |
| ruling(2) | 12:4 15:5 |
| rulings(3) | 19:7 19:10 19:19 |
| said(1) | 3:25 |
| same(7) | 7:5 13:6 13:9 13:18 14:14 15:11 17:3 |
| sample(1) | 10:25 |
| say(6) | 4:15 9:24 13:1 18:2 19:13 23:13 |
| saying(4) | 8:13 12:2 13:1 14:4 |
| says(4) | 9:4 11:25 19:1 20:11 |
| schedule(6) | 8:13 10:2 10:25 11:24 13:11 24:22 |
| scheduled(2) | 12:10 23:13 |
| scheduling(7) | 9:23 10:11 10:15 10:17 10:19 11:22 20:14 |
| schotz(1) | 1:30 |
| schuylkill(1) | 1:48 |

| Word | Page:Line |
|---|---|
| scope(1) | 4:24 |
| seal(2) | 24:13 24:16 |
| second(4) | 5:10 10:10 16:23 17:9 |
| seek(3) | 7:9 20:7 20:10 |
| seeking(1) | 12:15 |
| seems(2) | 7:18 13:12 |
| sense(3) | 13:5 16:5 17:10 |
| separate(1) | 25:14 |
| served(1) | 20:23 |
| service(3) | 1:47 1:53 20:25 |
| services(4) | 1:47 4:25 9:14 9:19 |
| services'(1) | 10:14 |
| set(3) | 6:18 7:13 10:25 |
| sets(2) | 10:1 20:9 |
| seven(1) | 9:1 |
| severance(1) | 5:6 |
| shorten(3) | 24:15 24:18 24:20 |
| should(13) | 10:15 12:3 13:14 13:16 13:20 15:22 17:16 17:16 19:4 19:13 22:24 22:25 23:3 |
| sidley(3) | 1:23 3:7 9:13 |
| sign(1) | 21:13 |
| signed(3) | 10:1 10:7 26:16 |
| simple(1) | 14:5 |
| simply(1) | 20:6 |
| since(4) | 7:7 8:17 12:5 23:8 |
| sit(1) | 15:18 |
| situation(1) | 8:23 |
| six(1) | 3:18 |
| skadden(1) | 1:37 |
| slate(1) | 1:37 |
| so.(1) | 18:19 |
| solution(1) | 19:23 |
| some(9) | 5:21 7:8 8:8 11:9 14:12 15:1 17:10 18:24 23:12 |
| someone(1) | 26:6 |
| something(4) | 15:24 16:16 17:6 18:23 |
| somewhere(1) | 18:24 |
| son(1) | 7:4 |
| sorry(2) | 21:9 22:2 |
| sort(1) | 17:3 |
| sound(2) | 1:52 27:3 |
| south(1) | 1:26 |
| speak(1) | 12:20 |
| speakers(1) | 22:22 |
| speaking(1) | 8:2 |
| specific(1) | 12:21 |
| spoke(2) | 6:20 6:24 |
| spoken(1) | 7:7 |
| square(1) | 1:40 |
| stage(1) | 7:12 |
| standing(1) | 3:12 |
| start(3) | 14:11 14:23 15:3 |
| starting(2) | 8:21 14:14 |
| state(3) | 3:13 14:11 |
| states(4) | 1:1 1:19 2:12 4:20 |
| station(1) | 24:9 |
| status(3) | 6:19 22:12 23:21 |
| statutory(1) | 18:4 |
| stay(14) | 6:20 7:3 11:21 12:16 13:13 13:19 13:22 14:5 17:10 19:16 20:7 20:10 21:2 23:14 |
| stayed(2) | 12:3 19:13 |
| stephanie(1) | 27:8 |
| stickles(19) | 1:32 3:4 3:5 3:15 3:17 3:25 4:4 6:12 24:3 24:7 25:8 25:13 25:17 25:25 26:7 26:10 26:14 26:17 26:23 |
| still(2) | 7:13 17:16 |
| stipulation(4) | 10:1 10:7 21:13 21:21 |
| street(5) | 1:11 1:33 1:48 2:6 2:15 |
| strip(1) | 9:18 |
| styled(1) | 14:3 |
| subject(6) | 5:11 10:13 11:4 14:19 16:17 17:11 |
| submission(1) | 8:20 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| submit(1) 4:11 | | trustee(6) 2:12 2:13 4:8 4:12 4:20 6:6 | | will(20) 3:9 4:12 6:4 8:3 8:19 11:8 11:17 | |
| submitted(1) 23:17 | | trustee's(1) 6:1 | | 12:21 14:19 18:16 19:25 20:21 21:2 21:12 | |
| such(2) 11:18 23:23 | | trying(3) 16:21 19:15 20:13 | | 21:20 21:20 21:24 21:25 22:23 23:9 | |
| suddenly(1) 6:25 | | turn(1) 17:14 | | | |
| sufficient(1) 10:22 | | turns(1) 20:16 | | wilmington(6) 1:12 1:34 1:42 2:8 2:16 3:1 | |
| suggest(1) 19:24 | | two(3) 9:20 21:23 22:22 | | wish(2) 15:14 25:19 | |
| suggestion(1) 22:8 | | typically(1) 23:15 | | wishes(1) 11:4 | |
| suggests(1) 20:8 | | u.s(5) 2:12 4:8 4:12 5:25 6:5 | | withdraw(1) 11:20 | |
| suite(3) 1:33 2:6 2:15 | | unavailable(1) 8:3 | | withdrawal(3) 12:13 12:19 13:5 | |
| support(2) 7:11 14:21 | | under(6) 10:20 11:17 11:23 12:2 15:11 | | withdrawn(1) 3:19 | |
| sure(2) 15:19 23:7 | | 24:13 | | within(4) 4:13 17:16 18:7 20:23 | |
| take(2) 5:12 7:9 | | | | without(2) 17:15 23:17 | |
| taken(2) 18:17 22:19 | | understand(5) 10:23 11:13 14:3 14:18 | | witness(5) 7:10 7:12 | |
| taking(1) 26:18 | | 20:22 | | won't(2) 9:5 19:18 | |
| talk(1) 23:20 | | | | work(6) 4:10 4:12 6:3 14:2 15:15 20:1 | |
| technically(2) 13:15 13:15 | | understanding(4) 5:2 18:23 24:24 26:10 | | working(1) 4:21 | |
| tee(1) 8:8 | | undertaken(2) 5:17 19:2 | | works(2) 12:6 23:15 | |
| teed(1) 22:15 | | underway(1) 15:5 | | worth(1) 6:6 | |
| tell(2) 6:4 12:21 | | uniformly(1) 6:5 | | would(42) 3:10 3:20 3:21 4:15 5:7 5:11 | |
| template(3) 10:16 10:18 10:21 | | unique(1) 16:25 | | 7:2 7:5 7:20 7:21 8:9 9:1 10:2 10:6 10:11 | |
| terms(1) 7:25 | | united(4) 1:1 1:19 2:12 4:20 | | 10:18 11:2 12:2 12:14 12:20 13:2 15:14 | |
| testify(2) 5:5 7:5 | | unless(1) 3:20 | | 16:8 16:15 16:19 17:9 17:23 18:2 19:2 | |
| testifying(1) 7:4 | | until(8) 11:18 12:9 12:23 17:13 21:2 25:1 | | 19:8 19:19 19:22 21:2 21:17 22:11 23:10 | |
| testimony(1) 8:18 | | 26:12 26:12 | | 23:17 23:19 23:21 23:21 24:4 24:25 25:10 | |
| than(5) 11:25 15:5 15:17 20:3 26:6 | | | | | |
| thank(24) 3:15 3:16 3:21 3:24 6:10 6:11 | | upon(4) 5:3 14:25 18:9 23:16 | | wouldn't(2) 5:17 13:18 | |
| 6:15 9:8 9:10 9:11 10:9 18:18 21:11 23:2 | | use(1) 8:22 | | wrong(1) 22:3 | |
| 23:5 23:25 24:1 24:2 25:15 25:17 26:14 | | useful(1) 15:8 | | yeah(3) 6:4 26:8 26:13 | |
| 26:17 26:20 26:23 | | using(1) 10:17 | | yesterday(3) 6:20 7:1 24:7 | |
| | | usually(1) 23:22 | | yet(2) 18:14 25:7 | |
| thankful(1) 18:20 | | vacation(1) 8:9 | | you're(2) 13:13 17:21 | |
| that's(1) 5:24 | | various(1) 5:9 | | you've(2) 19:23 21:21 | |
| that's(24) 6:6 7:23 8:12 8:21 9:3 9:8 12:5 | | venue(2) 14:13 18:5 | | "property(1) 14:4 | |
| 12:25 13:10 13:17 14:15 14:21 16:16 17: | | vice(1) 3:12 | | | |
| 17:11 17:12 17:17 19:3 19:14 20:11 20:1 | | view(1) 21:2 | | | |
| 22:7 26:15 26:19 | | violated(1) 14:7 | | | |
| | | waiting(1) 15:5 | | | |
| theory(1) 25:11 | | waive(1) 12:15 | | | |
| there's(5) 16:4 16:9 17:5 17:7 17:22 | | want(7) 12:15 13:10 20:6 22:14 23:10 | | | |
| they're(1) 22:15 | | 23:12 25:22 | | | |
| they've(2) 20:4 25:7 | | | | | |
| things(2) 18:19 21:23 | | wanted(3) 6:1 24:18 25:4 | | | |
| think(36) 4:10 5:8 6:3 9:3 11:10 11:15 | | warren(3) 1:37 9:17 11:6 | | | |
| 11:22 11:24 12:9 12:14 13:17 13:20 14:2 | | waterhouse(2) 4:22 5:3 | | | |
| 14:5 14:8 14:9 14:12 14:16 14:20 15:17 | | way(7) 11:15 12:23 14:10 14:22 15:25 | | | |
| 16:12 16:13 16:17 16:23 16:25 16:25 17: | | 16:19 23:15 | | | |
| 18:3 18:6 18:16 20:9 20:16 21:23 22:25 | | | | | |
| 23:3 26:1 | | website(5) 8:22 9:1 10:16 10:21 11:1 | | | |
| | | week(6) 4:13 8:4 8:5 8:6 8:7 15:6 | | | |
| thinking(1) 8:4 | | well(18) 3:14 7:15 8:11 8:14 11:20 12:18 | | | |
| third(1) 22:4 | | 15:19 17:4 18:22 19:17 21:12 22:9 22:13 | | | |
| third-party(1) 14:5 | | 22:20 23:11 23:13 23:15 25:6 | | | |
| thought(1) 21:9 | | | | | |
| thoughts(1) 4:18 | | were(3) 4:7 6:2 8:4 | | | |
| three(2) 6:22 7:14 | | west(1) 1:33 | | | |
| through(4) 3:21 3:23 8:3 11:22 | | we'd(1) 11:11 | | | |
| thursday(1) 3:1 | | we'll(3) 20:3 22:16 23:5 | | | |
| time(19) 6:18 8:8 11:18 12:25 15:18 17:1 | | we're(6) 4:21 7:13 12:1 13:22 14:2 20:13 | | | |
| 17:17 17:22 19:6 20:3 20:17 22:14 23:18 | | we've(4) 11:3 11:8 17:12 20:24 | | | |
| 23:22 23:23 25:22 25:23 26:9 26:18 | | what(22) 5:1 7:15 7:23 9:4 12:1 13:23 | | | |
| | | 15:20 16:21 17:16 18:22 19:15 20:11 21:5 | | | |
| timely(1) 20:21 | | 21:6 21:21 21:19 21:19 22:7 22:9 22:19 | | | |
| times(1) 13:6 | | 22:20 23:7 | | | |
| timetables(1) 10:24 | | | | | |
| timing(1) 7:25 | | whatever(5) 6:6 15:6 19:1 22:7 22:13 | | | |
| today(7) 3:11 5:11 6:18 11:3 24:4 24:19 | | what's(1) 25:11 | | | |
| 24:24 | | whereupon(1) 26:24 | | | |
| | | wherever(1) 20:16 | | | |
| together(1) 24:14 | | whether(14) 11:3 12:10 13:21 13:22 13:24 | | | |
| took(1) 12:25 | | 14:6 16:14 16:24 17:1 17:3 17:5 17:8 | | | |
| touch(1) 25:12 | | 17:11 25:7 | | | |
| track(1) 13:14 | | | | | |
| tracy(2) 9:18 9:19 | | while(1) 12:20 | | | |
| transcript(3) 1:17 1:53 27:3 | | who(1) 7:10 | | | |
| transcription(2) 1:47 1:53 | | who's(1) 9:25 | | | |
| transcriptionis(1) 27:10 | | why(4) 13:10 17:12 19:1 19:13 | | | |
| transfer(5) 14:13 14:23 17:3 17:21 18:4 | | | | | |
| trial(5) 11:12 11:14 12:13 12:24 19:18 | | | | | |
| tribune(6) 1:7 3:5 9:14 9:19 10:14 24:7 | | | | | |