IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et. al.[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF NEW YORK   )
                    : SS.:
COUNTY OF ALBANY    )

DEAN S. SOMMER, being duly sworn deposes and says:

1. I am a partner in the law firm of Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC, (the "Firm") which maintains offices at 5 Palisades Drive, Suite 300, Albany, New

---

[1] The Debtors in this case, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8285); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebywner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company (9479); JuliusAir Company II, LLC, KIAH, Inc. (4014); KPLR, Inc. (7943);KSWB, Inc. (7035); KTLA, Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass, Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc, (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasthing Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance LLC (2537); Tribune Finance Service Center Inc. &7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers LLC (4025); Virginia Gazette Companies LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI, Inc. (8074); WPIX, Inc. (0191) and WTXX Inc. (1268); The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois, 60611.

York, 12205. Our Firm web page, with my qualifications for the environmental counseling services I have provided and continue to provide for the Tribune Company, is at www.youngsommer.com

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these Chapter 11 cases.

3. The Firm has represented and advised the Debtors as its attorneys with respect to certain environmental law aspects of the Debtors' business operations. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on post-petition basis during the course of these Chapter 11 cases.

4. The Firm's discounted rates provided to Debtors, subject to change from time to time, have been $275 per hour for partners, $200 per hour for associates and $60 per hour for paralegals. In the normal course of its business, the Firm revises its billing rates at the end of each calendar year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure Rule 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified

2

that the Firm has represented the Debtor The Tribune Company (last four digits of Debtor's federal tax identification number 0355) since approximately 2003 and provided legal advice and assistance needed for Tribune Company to address a number of "Superfund" related matters, i.e. addressing liability under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA", 42 U.S.C. 9601 et seq.) or State statutes that are equivalent. Most recently I have been counseling Debtor as to environmental issues related to the remediation of property in New York and Connecticut under those State's remediation programs, together with due diligence ("all appropriate inquiry") investigations related to the sale of property at which there has been a release of hazardous substances to the environment. Neither I nor any partner of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

6. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. §328(c) and applicable law.

7. Neither I nor any partner of, or professional employed by the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. The Debtors owe the Firm $1,307.00 for prepetition services and has filed a proof of claim form. The Firm is not waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence. The Firm has provided a discounted hourly fee to the Debtor.

9. The Firm does not currently hold a retainer from the Debtors.

10. As of the Petition Date, the Firm was party to a services agreement with the Debtors. A copy of such agreement, together with any agreement(s) that the Firm and the Debtors intend to govern their relationship after the Petition Date, is attached hereto as Exhibit "1" to this Affidavit.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusions of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 12", 2009

_____
Dean S. Sommer

Sworn to and subscribed before me
this 12th day of May, 2009

_____
Notary Public

*Angeline L. Morris*
*Notary Public, State of New York*
*Qualified in Erie County*
*Certificate Filed in Schenectady County*
*My Commission Expires 01/26/10*

4

# YOUNG, SOMMER ... LLC

JEFFREY S. BAKER
DAVID C. BRENNAN
MICHAEL J. MOORE
J. MICHAEL NAUGHTON
KENNETH S. RITZENBERG
DEAN S. SOMMER
DOUGLAS H. WARD
KEVIN M. YOUNG

JOSEPH F. CASTIGLIONE
JAMES A. MUSCATO II
ROBERT A. PANASCI
ALLYSON M. PHILLIPS
KRISTIN M. PRATT

YOUNG, SOMMER, WARD, RITZENBERG, BAKER & MOORE, LLC

COUNSELORS AT LAW

ALL WRITTEN CORRESPONDENCE TO
EXECUTIVE WOODS, FIVE PALISADES DRIVE, ALBANY, NY 12205
PHONE: 518-438-9907 • FAX: 518-438-9914

SARATOGA OFFICE:
468 BROADWAY, SARATOGA SPRINGS, NY 12866
PHONE: 518-580-0163

WWW.YOUNGSOMMER.COM

OF COUNSEL
SUE H.R. ADLER
MICHAEL E. CUSACK
SONYA K. DEL PERAL
ELIZABETH M. MORSS
KRISTIN CARTER ROWE
LAWRENCE R. SCHILLINGER

PARALEGALS
GREGORY D. FAULKNER
ALLYSSA A. TILLSON
AMY S. YOUNG

WRITER'S TELEPHONE EXTENSION: 236
DSOMMER@YOUNGSOMMER.COM

November 19, 2008

*Send back* [handwritten]

David S. Bralow, Esq.
Assistant General Counsel
Tribune Law Department
Suite 400
220 East 42nd Street
New York New York 10017

RE: Hartford Connecticut DEP Brownfield Site

Dear David:

This letter sets forth the terms of the retainer of our firm's professional services in connection with the above-referenced matter.

Scope of Work

We will provide legal advice and counsel needed to assist you with the Connecticut DEP Brownfield Program that the Tribune is seeking to enter.

Fees for Services

Charges for professional services plus disbursements are billed and payable monthly. Our firm's current discounted rate schedule for partners is $275/hour. Dean Sommer will be primarily responsible for handling this matter on your behalf. Mr. Sommer will be assisted as needed by firm of counsel or associates whose billing rates are $200/hour. The billing rate may be changed from time-to-time but not without notice to you. In addition, we will charge you for disbursements, including (but not necessarily limited to) expense for photocopies, express mail and travel expenses required to meet your specific needs. Because of our past relationship, we do not request an initial retainer at this time.

  We will bill for our services on a monthly basis. We will strive to minimize your legal fees while expediting resolution of the matter. Should a question regarding any fee or disbursement arise, please contact us at your earliest convenience upon receiving the subject statement. Our practice of monthly billing of all fees and disbursements is intended to keep you fully apprised of expenses for legal services and to avoid any unnecessary and unexpected expenses. Should a dispute arise as to a bill for professional services, you have the right to submit the dispute to arbitration.

  If the terms of this retainer are acceptable, please sign this letter below and return it to Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC at your earliest convenience along with the retainer. A copy is enclosed for your records.

  Please call with any questions. We thank you for this opportunity to be of service.

            Very truly yours,

            Dean S. Sommer

So to agreed by: _____

Dated:   12/5/08

# YOUNG, SOMMER ... LLC

YOUNG, SOMMER, WARD, RITZENBERG, BAKER & MOORE, LLC

COUNSELORS AT LAW

ALL WRITTEN CORRESPONDENCE TO
EXECUTIVE WOODS, FIVE PALISADES DRIVE, ALBANY, NY 12205
PHONE: 518-438-9907 • FAX: 518-438-9914

SARATOGA OFFICE:
468 BROADWAY, SARATOGA SPRINGS, NY 12866
PHONE: 518-580-0163

WWW.YOUNGSOMMER.COM

JEFFREY S. BAKER
DAVID C. BRENNAN
MICHAEL J. MOORE
J. MICHAEL NAUGHTON
KENNETH S. RITZENBERG
DEAN S. SOMMER
DOUGLAS H. WARD
KEVIN M. YOUNG

JOSEPH F. CASTIGLIONE
JAMES A. MUSCATO II
ROBERT A. PANASCI
ALLYSON M. PHILLIPS
KRISTIN M. PRATT

OF COUNSEL
SUE H.R. ADLER
MICHAEL E. CUSACK
SONYA K. DEL PERAL
ELIZABETH M. MORSS
KRISTIN CARTER ROWE
LAWRENCE R. SCHILLINGER

PARALEGALS
GREGORY D. FAULKNER
ALLYSSA A. TILLSON
AMY S. YOUNG

WRITER'S TELEPHONE EXTENSION: 236
DSOMMER@YOUNGSOMMER.COM

May 11, 2009

David S. Bralow, Esq.
Assistant General Counsel
Tribune Law Department
Suite 400
220 East 42nd Street
New York New York 10017

RE:   Young Sommer . . . LLC/Tribune Company

Dear David:

This letter sets forth the terms of the retainer of our firm's professional services in connection with the above-referenced matter.

Scope of Work

We will provide legal advice and counsel needed to assist Tribune Company in addressing "Superfund" related matters, i.e. addressing liability under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA", 42 U.S.C. 9601 et seq.) or equivalent State statutes. We will also provide counseling as to environmental issues related to the remediation of property in New York and Connecticut under those State's remediation programs, together with due diligence ("all appropriate inquiry") investigations and negotiations.

Fees for Services

Charges for professional services plus disbursements are billed and payable monthly. Our firm's current discounted rate schedule for partners is $275/hour. Dean Sommer will be primarily responsible for handling this matter on your behalf. Mr. Sommer will be assisted as needed by firm of counsel or associates whose billing rates are $200/hour. The billing rate may be changed from time-to-time but not without notice to you. In addition, we will charge you for disbursements, including (but not necessarily limited to) expense for photocopies, express mail

and travel expenses required to meet your specific needs. Because of our past relationship, we do not request an initial retainer at this time.

We will bill for our services on a monthly basis. We will strive to minimize your legal fees while expediting resolution of the matter. Should a question regarding any fee or disbursement arise, please contact us at your earliest convenience upon receiving the subject statement. Our practice of monthly billing of all fees and disbursements is intended to keep you fully apprised of expenses for legal services and to avoid any unnecessary and unexpected expenses. Should a dispute arise as to a bill for professional services, you have the right to submit the dispute to arbitration.

This agreement also incorporates by reference the terms of the Tribune Company Retention Policy, a copy of which is attached hereto.

If the terms of this retainer are acceptable, please sign this letter below and return it to Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC at your earliest convenience along with the retainer. A copy is enclosed for your records.

Please call with any questions. We thank you for this opportunity to be of service.

Very truly yours,

Dean S. Sommer

So to agreed by:

Tribune Company

By: _____

Dated: 5/11/09

# TRIBUNE COMPANY RETENTION POLICY

Tribune Company and counsel must work together to obtain efficiently delivered quality legal services. To that end, by accepting an assignment your firm agrees to the following Tribune Retention Policy:

I.     Retention of Counsel

Tribune's Law Department is responsible for strategic and substantive decisions regarding the course of each matter, as well the selection of the appropriate outside attorney to handle each aspect of each matter. To improve our ability to make such judgments and to coordinate the work of in-house and outside counsel, an in-house attorney is assigned as the Managing Attorney for each matter. It is your responsibility to keep the Managing Attorney regularly apprised of all developments in each matter. The Managing Attorney should be copied on all communications and correspondence relating to the matter. Tribune expects you to provide the Managing Attorney ample time to review and suggest revisions in substantive pleadings, agreements or other case-related documents. Periodic litigation updates, generally monthly, for all pending litigation matters must also be provided to the Managing Attorney.

II.    Staffing

The number of attorneys and legal assistants assigned to a matter must be approved by the Managing Attorney before work on the matter may begin. Generally, Tribune expects each matter to be staffed by one partner, and if necessary, one associate.

Tribune also expects that assigned attorneys will remain on the matter to conclusion unless authorized by Tribune.

Tribune will be provided the hourly billing rates for individual attorneys and legal assistants assigned to Tribune matters. Should the firm elect to change its rates during the pendency of any Tribune matter, the firm must notify Tribune in writing at least 30 days before the date the new rate is to take effect.

Assigned staff must perform tasks appropriate to their experience and billing rates. Generally, Tribune will not pay for:

- Routine tasks performed by attorneys, such as summarizing depositions or organizing trial exhibits, that are more appropriately assigned to a legal assistant.

- Staffing inefficiencies caused by the unavailability of personnel including expenses related to familiarizing a replacement attorney or legal assistant with an existing matter.

- More than one attendee at any deposition, hearing or other proceeding unless preapproved by Tribune Managing Attorney.

- Non-attorney/non-paralegal staff, such as library staff or computer technicians.

- Secretarial time, or for services of word processors, proofreaders, records clerks, facsimile operators or similar firm employees. In extraordinary circumstances, the Managing Attorney may approve the reimbursement of overtime payments to such employees. When overtime payments are approved, you agree to make every effort to keep such overtime charges to a minimum.

- Summer associate or intern time.

- Administrative activities, such as preparing invoices, annual auditor responses or discussing billing, budgets or other related reports.

- Any other charges that are part of the normal overhead of operating an office, including office supplies, staff meals and transportation. Charges for docket clerks or court runs by firm personnel are also considered normal overhead.

- Travel time should not be billed unless the attorney actively is engaged in and working on Tribune matters while traveling and such travel has been approved in advance.

III. Budget

Unless otherwise directed by the Managing Attorney, a budget is to be prepared for each matter and submitted to the Managing Attorney for approval before work on the matter begins. The Managing Attorney may request a separate budget for any segment of any matter. If the matter assigned is a litigation matter, the responsible attorney should provide an itemized list of tasks and their related costs at the outset of the representation. The list should include a discovery plan which details the costs for depositions, motions, document production, expert discovery and other trial preparation. Tribune recognizes that budgets for matters may change with changed circumstances. However, any changes in the projected budget should be discussed as soon as possible with the Managing Attorney. Where legal bills are in excess of 10% over the budget provided by the responsible attorney, Tribune reserves the right not to pay the excess fees unless the Managing Attorney was notified in writing of the anticipated increases over the budgeted amount and the Managing Attorney agreed to the revised budget.

IV. Billing Procedures

Unless otherwise agreed in writing, bills and budget statements should be submitted monthly, and each bill shall cover work performed in the preceding calendar month.

Tribune expects to receive monthly bills by the fifteenth (15th) day of the month. Tribune retains the right to obtain additional information regarding any bill.

V.  Billing Format

Billing statements should provide the Managing Attorney with a clear understanding of the work performed on Tribune's behalf, by whom the work was performed, and the cost and duration of each work segment. Where work is performed on more than one matter in any month, each matter should be separately detailed in the monthly bill.

Each bill shall contain the following information:

- the name of the Tribune entity (e.g., Tribune Media Services, Los Angeles Times, Newsday, Sun-Sentinel, Daily Press, Greenwich Time, The Baltimore Sun, The Orlando Sentinel, The Hartford Courant, The Morning Call, The Advocate) for which the services were performed;

- a file number or brief identifier of the matter to which the services relate;

- the billing period involved;

- a detailed description of each task performed in single-activity time entries, including the date it was performed, who performed it, their rate, the time expended and the charges for each task;

- a summary showing the rate, total hours/charges, and rank (e.g., partner, associate, legal assistant) of each staff member billing;

- a description of any reimbursable expenses or disbursements made on behalf of Tribune during the statement period;

- billing in .10 hour increments;

- a detailed description of all work including, but not limited to:

    -- the name and affiliation of any other person with whom the attorney or legal assistant meets, confers or otherwise interacts with and the subject matter of any such meeting, telephone call or other action;

    -- the identity of any deponents and the subject of the deposition;

    -- the specific subject matter of any research performed;

    -- the specific motion, brief or agreement worked on and the precise nature of the work performed; and

3

-- the identity of any materials/documents reviewed.

Generic descriptions, such as "drafted brief," "worked on agreement," "telephone call," "conference," "reviewed documents," "research," or "work on project or case" are not acceptable for billing purposes.

Each monthly bill shall also be accompanied by a statement that includes the budget for the matter. The bill should identify fees and expenses to date as compared to the budget. The partner responsible for each matter should sign all billing statements, representing to Tribune that he or she has reviewed the statements and that they are in accord with all provisions and instructions of this policy.

VI.     Expenses

Tribune will pay actual costs for expenses. Copies of actual invoices for any single expense over $1,000 must be included with the bill. All bills should contain a summary of charges for each expense totaled by category.

Tribune will only reimburse:

- reasonable expenses for computerized legal research such as Lexis and Westlaw, not to exceed actual cost;

- local toll and long-distance calls on an actual-cost basis;

- photocopying at actual cost, not to exceed .10 per page;

- reasonable travel expenses including coach or economy airfares, car rental and meals;

- reasonable hotel expenses not to exceed $175 per night unless travel is to a major urban center where standard hotel rates regularly exceed that amount;

- actual charges billed for messenger deliveries, including overnight and express, that are incurred in the interest of dispatch and reliability.

Tribune will not pay for:

- local transportation charges;

- cellular telephone charges;

- travel time for attorneys or legal assistants unless they are performing work for Tribune and the Managing Attorney has approved the compensation in advance;

4

- out-of-town entertainment expenses;

- in-town or in-office working meals.

Fees and expenses relating to the use of independent contractors such as expert witnesses, investigators, court reporters or independent paralegals must be approved in advance by the Managing Attorney. Extraordinary expenses, such as computerization of litigation documents, must also be approved in advance by the Managing Attorney. All such fees and expenses should be billed on an actual-cost basis and should be billed in a format identical or substantially similar to the main billing statement.

VII.   Conflicts of Interest

Tribune is concerned about potential conflicts of interest. Your attorneys should review proposed assignments for any conflicts of interest regarding any Tribune entity before accepting any matter, and should promptly notify the Managing Attorney of any actual or potential conflicts. Tribune also expects you to establish a conflict identification system that will allow you to notify our senior counsel in advance if your firm is considering representing a client in any of the following types of matters:

- Opposing a public records request under any Freedom of Information Act or similar statute;

- Seeking to deny the public or any journalist or media organization (not limited to Tribune or any of its subsidiaries) access to any meeting, proceeding or information, other than routine motions for discovery protective orders that do not involve the sealing of judicial records in court files;

- Subpoenaing any journalist or media organization for testimony, documents or information;

- Representing a client pursuing a defamation or invasion of privacy claim against any journalist or media organization;

- Representing any client in any other action against any media organization.

Tribune acknowledges that the above matters may not necessarily present a conflict under traditional canons of ethics. Because of the special history of Tribune Company and our commitment to the protection of First Amendment freedoms, however, we believe that advance notice and open communication about these types of legal matters will be in the best interest of maintaining a long-term and rewarding relationship between us.

VIII.   General

All Tribune matters must be treated confidentially in all respects. Tribune reserves the right to require additional information regarding your invoices and/or that you reorganize