# **EXHIBIT C**

# ***Proposed Order***

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. ___** |

## ORDER AUTHORIZING DEBTORS TRIBUNE BROADCASTING COMPANY, WGN CONTINENTAL BROADCASTING COMPANY, CHICAGOLAND TELEVISION NEWS, INC., AND TRIBUNE ENTERTAINMENT COMPANY ET AL. (I) TO ASSUME CERTAIN AMENDED RATINGS SERVICES AGREEMENTS AND ANCILLARY AGREEMENTS WITH THE NIELSEN COMPANY (US), LLC AND (II) TO WAIVE AND RELEASE CERTAIN CLAIMS PURSUANT TO A SETTLEMENT AND RELEASE AGREEMENT

Upon the Motion[2] of Debtors Tribune Broadcasting Company ("Tribune Broadcasting"), WGN Continental Broadcasting Company ("WGN"), ChicagoLand Television

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

News, Inc. ("CLTV"), Tribune Entertainment Company ("Tribune Entertainment") and certain Broadcast Subsidiaries (such Broadcast Subsidiaries, together with Tribune Broadcasting, WGN, CLTV, and Tribune Entertainment, the "Tribune Parties") for entry of an order (i) authorizing and approving the entry into the Global Amendment and the assumption of certain television ratings services agreements and ancillary agreements, as amended thereby, between Tribune Broadcasting, WGN, and CLTV and Nielsen Media Research, Inc., n/k/a The Nielsen Company (US), LLC ("Nielsen") pursuant to section 365 the Bankruptcy Code; and (ii) authorizing the Tribune Parties to execute a mutual waiver and release, pursuant to Rule 9019 of the Bankruptcy Rules, of various claims, as more fully described in the Motion and the Settlement and Release Agreement attached as Exhibit A hereto; and upon consideration of the Motion and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) notice of the Motion was due and proper under the circumstances, and (d) that Tribune Broadcasting, WGN, and CLTV are hereby authorized to seek assumption of the multiple Nielsen Agreements in one motion pursuant to Bankruptcy Rule 6006(e)(3) and (f); and it appearing that the relief requested in the Motion is in the best interests of the Tribune Parties' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

    ORDERED, that the Motion is granted; and it is further

    ORDERED, that the entry into the Global Amendment and assumption by Tribune Broadcasting, WGN, and CLTV of the prepetition Nielsen Agreements, as amended thereby, are hereby authorized and approved pursuant to section 365(a) of the Bankruptcy Code, with such assumption to be effective upon the entry of this Order; and it is further

46429/0001-5659143v1

ORDERED, that the effective date of the Global Amendment shall be April 1, 2009; and it is further

ORDERED, that the Tribune Parties are authorized to enter into the Settlement and Release Agreement and to waive and release claims, including Avoidance Claims, against Nielsen as provided in the Settlement and Release Agreement, and the waiver and release of claims by Nielsen against each of the Tribune Parties, in each case as provided in the Settlement and Release Agreement, are hereby authorized pursuant to Bankruptcy Rule 9019; and it is further

ORDERED, that the Tribune Parties are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       June _____, 2009

                                                        The Honorable Kevin J. Carey, Chief
                                                        United States Bankruptcy Judge

46429/0001-5659143v1

# **EXHIBIT A**

## *Settlement and Release Agreement*

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement Agreement") is entered into as of May ___, 2009 by and between, on the one hand, Debtors Tribune Broadcasting Company ("Tribune Broadcasting"), WGN Continental Broadcasting Company ("WGN"), ChicagoLand Television News, Inc. ("CLTV"), Tribune Entertainment Company ("Tribune Entertainment"), and the Broadcast Subsidiaries[1] (such Broadcast Subsidiaries, together with Tribune Broadcasting, WGN, CLTV, and Tribune Entertainment, the "Tribune Parties") and Nielsen Media Research, Inc. ("Nielsen Media"), now a part of The Nielsen Company (US) LLC (collectively, "Nielsen") on the other hand.[2] The Tribune Parties and Nielsen are referred to collectively herein as the "Parties."

## RECITALS

WHEREAS, Nielsen Media entered into a certain Nielsen Station Index Agreement for Diary, Metered and Local People Meter Markets with Tribune Broadcasting, dated January 1, 2004 and as subsequently amended (the "NSI Service Agreement"); and

WHEREAS, Nielsen Media entered into a Nielsen Station Index Service Stellar Agreement with Tribune Broadcasting dated June 1, 2008 (the "NSI Stellar Agreement"); and

WHEREAS, Nielsen and Tribune Broadcasting have entered into 16 Nielsen Station Index Service Arianna Software License Agreements, all dated February 1, 2009 (the "New NSI Arianna Agreements"), which benefit one or more of the Tribune Parties and which superseded either a Nielsen Media prepetition Nielsen Station Index Arianna Software License Agreement or a Nielsen Media prepetition Nielsen Station Index Galaxy Software License Agreement for the benefit of Tribune Broadcasting or one or more of the Tribune Parties; such superseded agreements were in effect at the time of Tribune Broadcasting's bankruptcy filing date but subsequently expired (the New NSI Arianna Agreements together with the superseded agreements, are collectively referred to herein as the "NSI Arianna Agreements"); and

WHEREAS, Nielsen Media and CLTV entered into that certain Nielsen Homevideo Index-Local Service Agreement for Local Cable Origination Channels in Local People Meter Markets, dated August 1, 2004 (the "NHI Local Services Agreement"); and

WHEREAS, Nielsen and CLTV have entered into that certain Nielsen Homevideo Index-Local Service Arianna Software License Agreement dated February 1, 2009 (the "New NHIL Arianna Agreement"), which superseded a prior Nielsen Media Galaxy Software License Agreement between Nielsen and CLTV in effect at the time of CLTV's bankruptcy filing (the New NHIL Arianna Agreement together with the superseded agreement, are collectively referred to herein as the "NHIL Arianna Agreements"); and

---

[1] The Broadcast Subsidiaries are: Tribune Television Company, Tribune Television Holdings, Inc., Tribune Television Northwest, Inc., Tribune Television New Orleans, Inc., Channel 39, Inc., Channel 40, Inc., KIAH Inc., KPLR, Inc., KSWB, Inc., KTLA Inc., KWGN Inc., WDCW Broadcasting, Inc., WPIX, Inc., and WTXX Inc.

[2] Nielsen Media Research, Inc. was merged into The Nielsen Company (US), LLC in 2008, as were certain other Nielsen companies. This Stipulation and Release concerns only the Nielsen Media Research agreements and expressly not any other agreements by and between the Tribune Parties and The Nielsen Company (US), LLC.

WHEREAS, Nielsen Media and CLTV entered into that certain Nielsen Homevideo Index-Local Monitor-Plus Service Agreement, dated August 1, 2004 (the "NHIL Monitor-Plus Agreement"); and

WHEREAS, Nielsen Media and Tribune Broadcasting entered into that certain Nielsen Homevideo Index NHI National Service Agreement for Network Superstation WGN, dated July 1, 2006 ("NHI National Services Agreement"); and

WHEREAS, Nielsen Media and Tribune Broadcasting entered into that certain Nielsen Homevideo Index NPower Subscription Agreement for Network Superstation WGN, dated January 1, 2007 ("NHI NPower Agreement"); and

WHEREAS, Nielsen Media and Tribune Broadcasting entered into that certain Nielsen Homevideo Index MarketBreaks Service Agreement for Network Superstation WGN, dated October 1, 2006 ("NHI MarketBreaks Agreement"); and

WHEREAS, Nielsen Media and Tribune Broadcasting entered into that certain Nielsen Homevideo Index Average Commercial Minute Ratings Data Subscription Service for Network Superstation WGN, dated October 1, 2007 (the "NHI ACM Ratings Agreement"); and

WHEREAS, Nielsen Media and Tribune Broadcasting entered into that certain Nielsen Homevideo Index Focus Service and Software License Agreement, dated November 1, 2007 (the "NHI Focus Agreement"); and

WHEREAS, Nielsen Media and Tribune Entertainment entered into that certain Nielsen Syndication Service Combined National-Local Service Agreement, effective as of October 1, 2005, as amended (the "TEC NSS Agreement") and that certain NPower Subscription Agreement, effective as of May 1, 2007, as amended; (the "TEC NPower Agreement"); and

WHEREAS, Nielsen Media and Tribune Entertainment entered into that certain Nielsen Syndication Service Combined National-Local Service Agreement, effective as of October 1, 2005, as amended (the "TEC NSS Agreement") and that certain NPower Subscription Agreement, effective as of May 1, 2007, as amended; (the "TEC NPower Agreement"); and

WHEREAS, Nielsen Media and Tribune Entertainment entered into that certain Nielsen Syndication Service MarketBreaks Service Agreement effective as of September 1, 2003 (the "TEC MarketBreaks Agreement"); and certain Nielsen Galaxy Explorer and Galaxy Navigator Software License Agreements (the "TEC Galaxy Agreements"), which each expired according to their terms prior to the date of Tribune Entertainment's bankruptcy filing; and

WHEREAS, the TEC NSS Agreement, TEC NPower Agreement, TEC MarketBreaks Agreement, and TEC Galaxy Agreements are hereinafter referred to, collectively, as the "TEC Agreements"; and

WHEREAS, the NSI Service Agreement, the NSI Stellar Agreement, the NSI Arianna Agreements, the NHI Local Services Agreement, the NHIL Arianna Agreements, the NHIL Monitor-Plus Agreement, the NHI National Services Agreement, the NHI NPower Agreement, the NHI MarketBreaks Agreement, the NHI ACM Ratings Agreement, and the NHI

2

Focus Agreement and the TEC Agreements are hereinafter referred to, collectively, as the "Tribune-Nielsen Agreements"); and

WHEREAS, this Settlement Agreement relates only to the above-defined Tribune-Nielsen Agreements and expressly does not apply to any other agreements by and between any of the Tribune Parties and Nielsen; and

WHEREAS, on December 8, 2008 (the "Petition Date"), the Tribune Parties filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases"), and the Bankruptcy Cases are currently pending before the above-referenced Bankruptcy Court; and

WHEREAS, the Tribune Parties have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, at the Petition Date, one or more of the Tribune Parties owed certain amounts to Nielsen under the above described Tribune-Nielsen Agreements; and

WHEREAS, the Parties hereto, including the Tribune Parties as debtors and debtors in possession, have negotiated certain resolutions of the disputes between them, including by entry into a global amendment agreement executed contemporaneously herewith (the "Global Amendment"), whereby Tribune Broadcasting, WGN, CLTV and Nielsen have agreed to amend the NSI Service Agreement, the NSI Stellar Agreement, the New NSI Arianna Agreements, the NHI Local Services Agreement, the New NHIL Arianna Agreements, the NHIL Monitor-Plus Agreement, the NHI National Services Agreement, the NHI NPower Agreement, the NHI MarketBreaks Agreement, the NHI ACM Ratings Agreement, and the NHI Focus Agreement (collectively, as amended, the "Amended Agreements"); and

WHEREAS, as a further consequence of the Parties' negotiations, Tribune Broadcasting, WGN, and CLTV have agreed to seek a Bankruptcy Court order authorizing and approving entry into this Settlement Agreement and the Global Amendment and the assumption of the Amended Agreements other than the amended, postpetition New NSI Arianna Agreements and the amended, postpetition New NHIL Arianna Agreements (the "Approval and Assumption Motion"); and

WHEREAS, as a further result of the Parties' negotiations, Tribune Entertainment and Nielsen Media have agreed to terminate the TEC NSS Agreement and the TEC NPower Agreement effective June 1, 2008; and

WHEREAS, as a further result of the Parties' negotiations, the Parties hereto have agreed to mutually waive, abandon and forever release certain claims and causes of action, and rights to legal or equitable remedies ("Claims") in the manner and to the extent described herein.

NOW THEREFORE, in consideration of the Global Amendment, the Tribune Parties' Approval and Amendment Motion, and the mutual benefits accruing to the Parties thereunder, the Parties hereto further agree as follows:

1. The above Recitals are specifically incorporated into this Settlement and Release Agreement.

2. All references herein to the Tribune Parties and all agreements, waivers, releases, undertakings or other actions by any of the Tribune Parties herein, specifically include each such Tribune Party as a debtor and debtor in possession.

3. This Settlement Agreement is contingent upon Bankruptcy Court approvals sought in the Approval and Assumption Motion, and shall be of no force or effect unless and until the Bankruptcy Court enters, within 60 days of the date hereof, an order granting the Approval and Assumption Motion ("Approval Order") and the Approval Order becomes final and no longer subject to appeal, provided that such time shall be extended so long as the parties are actively challenging such appeal.

4. Termination of TEC NSS Agreement and the TEC NPower Agreement: The TEC NSS Agreement and the TEC NPower Agreement are hereby terminated effective as of June 1, 2008.

5. Waiver and Release by the Tribune Parties: The Tribune Parties, and each of them, including as debtors and as debtors in possession, hereby waive, abandon and forever release Nielsen from and for any and all Claims arising under or related to the Tribune-Nielsen Agreements at any time prior to the Effective Date of the Global Amendment (April 1, 2009), and specifically including all Claims under the avoidance powers codified in chapter 5 of the Bankruptcy Code (the "Avoidance Claims")[3]; provided, however, that this Waiver and Release does not include any rights of the Tribune Parties to receive credits due under the Tribune-Nielsen Agreements for the period from the Petition Date through the Effective Date of the Global Amendment or any rights of the Tribune Parties arising after the Effective Date of the Global Amendment under any of the Amended Agreements, and further provided that this Waiver and Release does not waive or release any rights, claims or causes of action the Tribune Parties may have against any party not a Party hereto or arising from any contract, agreement or services of a Tribune Party or of any affiliate or predecessor of a Tribune Party, other than the Tribune-Nielsen Agreements.

6. Waiver and Release by Nielsen: Nielsen hereby waives, abandons and forever releases the Tribune Parties, and each of them, from and for any and all Claims arising under or related to the Tribune-Nielsen Agreements at any time prior to the Effective Date of the Global Amendment (April 1, 2009), and specifically including, without limitation, all Claims arising under or in connection with the prepetition or postpetition termination of the TEC Agreements; provided, however, that this Waiver and Release does not include any rights of Nielsen to receive payments due under the Tribune-Nielsen Agreements for the period from the Petition Date through the Effective Date of the Global Amendment or any rights of Nielsen arising after the Effective Date of the Global Amendment under any of the Amended Agreements, and further provided that this Waiver and Release does not waive or release any rights, claims or causes of action Nielsen may have against any party not a Party hereto or arising

---

[3] The Debtors' records reflect that $3,837,706.85 has been paid to Nielsen within the 90 days prior to the Petition Date. The Debtors' records further reflect that Nielsen was owed in excess of $2,629,250 as of the Petition Date.

4

5

from any contract, agreement or services of Nielsen or of any affiliate or predecessor of Nielsen other than the Tribune-Nielsen Agreements.

       7.      <u>Miscellaneous</u>: This Settlement Agreement is entered into in conjunction with the above-referenced Global Amendment, the terms of which are incorporated by this reference, and it is the intent of the Parties hereto that the two should be construed together. The provisions of this Settlement Agreement may not be modified or amended except in a writing signed by all Parties hereto. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute one and the same Settlement Agreement. This Settlement Agreement may be executed by signatures transmitted via facsimile or electronic transmission, such as a "PDF" document transmitted through electronic mail, which shall have the same force and effect as an original signature. This Settlement Agreement shall be effective immediately and without need of further action by the Parties upon the entry of the Approval Order by the Bankruptcy Court authorizing the Tribune Parties' entry into the Settlement Agreement.

       IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the date first written above.

[Signature Pages Follow]

Dated: _____, 2009

**The Nielsen Company (US), LLC**

Signed: _____

Name: _____
Title: _____

**Tribune Broadcasting Company**

Signed: _____

Name: _____
Title: _____

**WGN Continental Broadcasting Company**

Signed: _____

Name: _____
Title: _____

**ChicagoLand Television News, Inc.**

Signed: _____

Name: _____
Title: _____

**Tribune Television Company**

Signed: _____

Name: _____
Title: _____

**Tribune Television Holdings, Inc.**

Signed: _____

Name: _____
Title: _____

**Tribune Television Northwest, Inc.**

Signed: _____

Name: _____
Title: _____

**Tribune Television New Orleans, Inc.**

Signed: _____

Name: _____
Title: _____

**Channel 39, Inc.**

Signed: _____

Name: _____
Title: _____

**Channel 40, Inc.**

Signed: _____

Name: _____
Title: _____

**KIAH Inc.**

Signed: _____

Name: _____
Title: _____

**KSWB Inc.**

Signed: _____

Name: _____
Title: _____

**KWGN Inc.**

Signed: _____

Name: _____
Title: _____

**WPIX, Inc.**

Signed: _____

Name: _____
Title: _____

**Tribune Entertainment Company**

Signed: _____

Name: _____
Title: _____

**KPLR, Inc.**

Signed: _____

Name: _____
Title: _____

**KTLA Inc.**

Signed: _____

Name: _____
Title: _____

**WDCW Broadcasting, Inc.**

Signed: _____

Name: _____
Title: _____

**WTXX Inc.**

Signed: _____

Name: _____
Title: _____

7