# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: June 10, 2009 at 11:00 a.m. EDT**<br>**Objection Deadline: June 3, 2009 at 4:00 p.m. EDT**<br>**Related to Docket No. 1224** |

## JOINT MOTION OF DEBTORS TRIBUNE BROADCASTING COMPANY, WGN CONTINENTAL BROADCASTING COMPANY, AND CHICAGOLAND TELEVISION NEWS, INC. AND THE NIELSEN COMPANY (US), LLC FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE UNDER SEAL UNREDACTED VERSIONS OF CERTAIN RATINGS SERVICES AGREEMENTS, ANCILLARY AGREEMENTS, AND A GLOBAL AMENDMENT OF SUCH AGREEMENTS

Debtors Tribune Broadcasting Company ("Tribune Broadcasting"), WGN

Continental Broadcasting Company ("WGN"), and ChicagoLand Television News, Inc.

("CLTV"), debtors and debtors in possession in the above-captioned chapter 11 cases, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Nielsen Media Research, Inc., n/k/a The Nielsen Company (US), LLC[2] ("Nielsen") by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order (the "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing them to file under seal unredacted versions of certain television ratings services agreements, ancillary agreements, and a global amendment of such agreements.  In support of this Motion, Tribune Broadcasting, WGN, CLTV, and Nielsen respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.       On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.       The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

3.       The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").  No request has been made for the appointment of a trustee or examiner.  The Committee has been apprised of the relief requested herein.

---

[2] Nielsen Media Research, Inc. was merged into The Nielsen Company (US) LLC in 2008, as were certain other Nielsen companies.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND TO THE MOTION

6.      Contemporaneously with the filing of this Motion, Tribune Broadcasting, WGN, and CLTV filed a motion (the "Approval and Assumption Motion") seeking, inter alia, authorization to assume certain prepetition rating services agreements and ancillary agreements with Nielsen and describing certain related ancillary agreements (collectively, the "Nielsen Agreements")[3], which will be amended by the parties' global amendment to certain of the Nielsen Agreements (the "Global Amendment").  As more particularly described in the Approval and Assumption Motion, Tribune Broadcasting, WGN, and CLTV believe that the proposed assumption of the specified amended Nielsen Agreements is in their best interests and in the best interests of their estates and creditors.

7.      Certain provisions of the amended Nielsen Agreements and of the Global Amendment reflect information that Nielsen considers confidential, proprietary, or commercially or competitively sensitive.   In particular, the Global Amendment primarily concerns new ratings (or pricing) information negotiated by the parties, and the Nielsen Agreements themselves feature, in addition to ratings information, various customized, non standard provisions unique to the parties' contractual relationship.  In each case, this is confidential and highly commercially sensitive information which Nielsen justifiably would not want to be made public and available

---

[3] Nothing contained in this Motion is intended to alter any provision of the Nielsen Agreements.  In the event of a discrepancy between the description of such Nielsen Agreements in this Motion and their actual terms as reflected in Exhibit A to the Approval and Assumption Motion, the terms of such Nielsen Agreements shall control.

to other customers.  In order to protect Nielsen's legitimate business interests, the amended

Nielsen Agreements and the Global Amendment attached to the Approval and Assumption

Motion have been redacted to eliminate such terms.

### RELIEF REQUESTED

8.    By this Motion, Tribune Broadcasting, WGN, CLTV, and Nielsen

respectfully request entry of an Order, pursuant to section 107(b) of the Bankruptcy Code,

Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing them to file unredacted versions of the

amended Nielsen Agreements and Global Amendment under seal.

9.    Tribune Broadcasting, WGN, CLTV, and Nielsen further request that the

Court order that responses and/or objections, if any, to the Motion be filed with the Court under

seal or any confidential information contained therein redacted and served solely upon counsel

for the Debtors, counsel to Nielsen, the Office of the United States Trustee, and counsel for the

Committee.

### BASIS FOR RELIEF

10.    Pursuant to section 107(b) of the Bankruptcy Code, the Court may

authorize Tribune Broadcasting, WGN, CLTV, and Nielsen to file the amended Nielsen

Agreements under seal.  Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy
> court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research,
> development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in
> a paper filed in a case under this title.

11 U.S.C. § 107(b).

11.    Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

12.    Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application".  Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion").  Courts have also found that such relief should be granted if the information sought to be protected is "commercial information."  See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").  Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  Orion, 21 F.3d at 28 (stating that section 17(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

13.    Tribune Broadcasting, WGN, CLTV, and Nielsen submit that good cause exists for the Court to grant the relief requested herein.  As mentioned above, certain provisions of the amended Nielsen Agreements and the Global Amendment reflect information Nielsen

legitimately expects to be maintained as confidential in light of its proprietary or commercially

or competitively sensitive nature.  Protection of rate information and customized contract terms

unique to the Tribune relationship is of critical importance to Nielsen because of the potential

impact disclosure of such terms could have on their bargaining or competitive position and

business operations.  Specifically, disclosure of the confidential terms could significantly impede

Nielsen's ability to successfully negotiate certain types of terms (including rate terms) with other

customers, including competing television and cable stations, to which Nielsen provides similar

services.  Accordingly, public dissemination of certain information contained in the amended

Nielsen Agreements and Global Amendment could provide competitors and future contract

counterparties of Tribune Broadcasting, WGN, and CLTV and/or Nielsen with a substantial and

unfair advantage.  Tribune Broadcasting, WGN, CLTV, and Nielsen believe that Court

authorization to file the amended Nielsen Agreements and Global Amendment under seal will

ensure that such information is not misused.  Moreover, Tribune Broadcasting, WGN, CLTV,

and Nielsen believe that no valid purpose would be served by the disclosure of the information to

the general public.

14.    For these reasons, Tribune Broadcasting, WGN, CLTV, and Nielsen

respectfully request that this Court permit unredacted versions of the amended Nielsen

Agreements and Global Amendment to be filed under seal pursuant to section 107(b) of the

Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 because of the harm that would

ensue if the highly confidential commercial information contained in said agreements became

public.  Tribune Broadcasting, WGN, and CLTV and Nielsen submit that they will also provide,

upon request, unredacted copies of the Nielsen Agreements and Global Amendment to the Office

of the United States Trustee, the Committee (subject to confidentiality restrictions and excluding

any Committee members who are customers of Nielsen), and the steering committee for the

Debtors' prepetition lenders (subject to confidentiality restrictions and excluding any members

who are customers of Nielsen).[4]

## NOTICE

15.    Notice of this Motion has been provided to: (i) the Office of the United

States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the

United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v)

counsel for the Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition

loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing

facility; (viii) counsel to Nielsen; and (ix) all parties having requested notice pursuant to

Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit

no other or further notice is necessary.


## NO PRIOR REQUEST

No previous application for the relief sought herein has been made to this Court or

any other court.

---

[4] Pursuant to Del. Bankr. L. R. 9018-1(b), a unredacted copy of Exhibit A to the Assumption Motion is being provided to the Court for its review in an envelope marked "DOCUMENT TO BE KEPT UNDER SEAL."

WHEREFORE, Tribune Broadcasting, WGN, CLTV, and Nielsen respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (i) authorizing them to file under seal unredacted versions of the amended Nielsen Agreements and Global Amendment and (ii) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
      May 21, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Jillian K. McClelland
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: */s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Dated: Wilmington, Delaware          Respectfully submitted,
May 21, 2009

MCGUIRE WOODS LLP
Patricia K. Smoots
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8100
Facsimile: (321) 849-3690

ECKERT SEAMANS CHERIN &
MELLOTT, LLC

By: */s/ Margaret F. England*
Margaret F. England (Bar No. 4248)
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
Telephone: (302) 425-0430
Facsimile: (302) 425-0432

ATTORNEYS FOR THE NIELSEN
COMPANY (US), LLC