IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|                             |   |                          |
|-----------------------------|---|--------------------------|
|                             | : |                          |
| In re:                      | : | Chapter 11               |
|                             | : | No.08-13141(KJC)         |
| TRIBUNE COMPANY, ET.AL.     | : | JOINTLY ADMINISTERED     |
|                             | : | No. 08-13185(KJC)        |
| Debtor                      | : | No. 08-13235(KJC)        |

## MOTION OF JAYNE CLEMENT FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE TO ALLOW FOR PROSECUTION OF A OF A PRE-PETITION CLASS ACTION IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Jayne Clement, by and through her undersigned counsel, brings this *Motion for Relief from the Automatic Stay under Section 362 of the Bankruptcy Code to Allow for Prosecution of a Pre-Petition Class Action in the Superior Court of California, County of Los Angeles* and, in support thereof, respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Honorable Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. Sec. 1334 and this matter is a core proceeding within the meaning of 28 U.S.C. Sec. 157(b)(2)(A) and (G).

2.      Venue is proper vested in this Court pursuant to 28 U.S.C. Sec. 1409.

### BACKGROUND

3.      On December 8, 2008, (the "Petition Date"), The Tribune Company initiated these Chapter 11 proceedings by filing a voluntary petition for relief under the provisions of the United States Bankruptcy Code.

4.  In addition, Los Angeles Times Communications, LLC and Tribune Media Net, Inc. also filed for protection under Chapter 11 of the United States Bankruptcy Code; being assigned docket numbers 08-13185 and 08-13235 respectively

5.  On December 10, 2008, by order of the Court, Case 08-13185 (In re: Los Angeles Times Communications, LLC) and Case 08-13235 (In re: Tribune Media Net, Inc.) were consolidated into and to be jointly administered together with Case 08-13141 under the aegis of In re: Tribune Company, et. al.  (Docket Index 43).

6.  Debtors are debtors-in possession and continue to operate their business pursuant to 11 U. S.C. Sections 1107 and 1108.

7.  Movant was employed as an account executive by the Tribune Company, Tribune Interactive, Tribune Media Net, Inc. and Los Angeles Times Communications, LLC from February, 2000 through August 16, 2005.

8.  On or about August 16, 2005, Movant was forced to tender notice of her intent to terminate her employment due, in large part, to objectively intolerable work conditions constituting constructive termination.

9.  Movant was discharged by her supervisor, Donna Stokley who insisted that Movant's termination of employment be effective August 17, 2005.

10.  Prior to termination, Movant, as part of her compensation package, received commissions based upon the amount of business brought to Debtors.

11.     Debtors terminated all commission payments due Movant with the termination of employment.

12.     All account executives employed by Debtors have had their commissions canceled regardless of the fact that they were due and owing upon termination. Debtors' actions demonstrated their purposeful, class-based invidiously discriminatory animus.

13.     As a direct result of Debtors' discrimination, Movant has, among other things, sustained a loss of earnings, emotional and psychological distress, loss of self esteem, loss of future earnings power, back pay and front pay.

14.     On May 10, 2008, Movant, in her individual capacity and as representative of a class consisting of account executives terminated by Debtors, filed a complaint seeking damages for violations of the California Labor Code and violations of the California Business and Professions Code with the Superior Court of California in the County of Los Angeles.

15.     At all times relevant, Movant was acting, and continues to act, both in her individual capacity and as the class representative.

16.     The action was assigned docket number BC 390 943 and joined the Tribune Company, Tribune Interactive, Inc., Tribune Media Net, Inc., Los Angeles Times Communications, LLC, the Los Angeles Times and Does 1 to 1000 as Defendants.

17.     As litigation continued, the filing of a Second Amended Complaint was necessary and accomplished on December 15, 2008.  A copy of the Second Amended Complaint is attached hereto as Exhibit A

18.     Voluntary Petitions were filed by The Tribune Company, Tribune Media
        Net, Inc. and Los Angeles Times Communications, LLC.

19.     On December 15, 2008, as the Second Amended Complaint was being
        filed but before Movant received notification, the Superior Court was
        provided Notice of a Stay under Section 362 of the United States
        Bankruptcy Code.

20.     Tribune Interactive, Inc. did not file a petition with the Bankruptcy Court.
        A copy of the Notice of Filing of Voluntary Petitions under Chapter 11 by
        Tribune Company, Tribune Media Net, Inc. and Los Angeles Times
        Communications, LLC is attached hereto as Exhibit B.

21.     Based upon stipulations negotiated between counsel, the Honorable
        Gregory Alarcon of the Superior Court issued an Order on January 14,
        2009 staying the action in its entirety until notice is provided that the
        automatic stay has been lifted or until the Bankruptcy Court determines
        otherwise.  A copy of Judge Alarcon's January 14, 2009 Order is attached
        hereto as Exhibit C.

22.     Judge Alarcon has continued the matter to October 26, 2009, at which
        time a Rule to Show Cause regarding the status of the Automatic Stay
        shall be heard.

23.     Movant and the class participants request this Honorable Court modify the
        automatic stay to pursue claims against Debtors in the Superior Court of
        California, County of Los Angeles for the following reasons.

## **LEGAL FRAMEWORK**

24.     The purpose of the automatic stay is "to prevent certain creditors from

gaining a preference for their claims against the debtor; to forestall the

depletion of the debtor's assets due to legal costs in defending proceedings

against it; and, in general, to avoid interference with the orderly

liquidation or rehabilitation of the debtor." *Izzarelli v. Rexene (In re*

*Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

25.     Although broad, "[the automatic stay] is not all encompassing. Section

362(b), for example, provides exemptions from the automatic stay. As a

further restriction, the Code requires that the proceeding stayed 'was or

could have been commenced' before filing or that the proceeding was

based on a claim that arose pre-petition. Proceedings or claims arising

post-petition are not subject to the automatic stay." *In re M. Frenville Co.,*

744 F.2d 332, 334-335 (3d Cir. N.J. 1984)(internal citations omitted).

26.     A court, upon motion of a party, may grant relief from the automatic stay

for "cause." 11 U.S.C. 362(d). "Cause is not defined in the Code, and

whether or not grounds exist to lift the automatic stay must be determined

by the bankruptcy court on a "case by case basis." *Izzarelli v. Rexene (In*

*re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

27.     This Court has adopted a three prong test to determine whether to grant

relief from the automatic stay:

        a.      Whether any great prejudice to either the bankrupt estate or

the debtor will result from continuation of the litigation;

b.      Whether the hardship to the non-bankrupt party by

maintenance of the stay considerably outweighs the hardship to the debtor;

and

c.      The probability of the creditor prevailing on the merits.

*In re: The SCO Group, 395 B.R. 852 (Bankr. D. Del 2007) (Citing Izzarelli v. Rexene (In
re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

## *Factors supporting Modification of Stay*

28.     The three factors discussed by *In re: The SCO Group*, 395 B.R. 852

(Bankr. D. Del 2007) weigh in favor of granting Movant relief or

modification of the automatic stay.

## *Whether any great prejudice to either the bankrupt estate or the debtor will result*

29.     Debtors will not suffer any great prejudice by the continuation of

Movant's civil suit as the damages are specific and limited by law.

30.     Debtors continue to enjoy the benefit of a substantial revenue stream

through the efforts of account executives still employed by Debtors.

31.     It should, however, be noted that a portion of the claims raised by Movant

and the class participants involve unpaid wages and/or compensation and

are classified as priority claims.

32.     Debtors are prejudiced by the fact that such claims remain unliquidated

and without a firm number, Debtors are unable to include such claims in

any viable reorganizational plan.

33.     Debtors would benefit from the resolution of the action in a forum where

all witnesses and evidence are readily available.

*The hardship suffered by Movant resulting from the maintenance of the stay*
*considerably outweighs any hardship to the Debtor;*

34.    If not permitted to proceed with the civil actions, Movant will suffer great
       prejudice. Debtors are corporate entities with the means to better support
       long term litigation while Movant is an individual with limited resources.

35.    From a personal and an evidentiary standpoint, Movant's claims (and
       those of the class) are affected with the passage of time. The memories of
       potential witnesses fade, evidence may be spoilated and Movant and class
       participants continue to accrue damages.

*Movant has an substantial probability of prevailing on the merits of her claim.*

36.    As set forth in her complaint, Movant suffered direct discrimination as the
       result of her age and the falsities perpetuated by her direct supervisor.

37.    Such discrimination is a violation of public policy as codified on both a
       state and federal level.

38.    As outlined in her complaint, the questioning of wage discrepancies
       resulted in Movant's termination in violation of public policy.

39.    Defamatory comments on the part of Movant's direct supervisor have
       damaged her reputation to the extent that it is difficult, if not impossible to
       obtain alternate employment in her chosen field.

40.    "Even a slight probability of success on the merits may be sufficient to
       support lifting the automatic stay in an appropriate case." *SCO Group*,
       395 B.R. at 859.

## **RELIEF REQUESTED**

WHEREFORE, Movant respectfully requests that this Honorable Court enter an

Order, in a form substantially similar to that annexed hereto,  modifying the automatic

stay to permit Movant, and through her the class participants, to continue the civil action

against Debtors and granting such other relief as the Court deems just and equitable.

       Respectfully submitted,
       REAL WORLD LAW, PC
        /s/ Glenn A. Brown
       GLENN A. BROWN, DMD, ESQUIRE
       Attorney ID No. 4669
       916 North Union Street
       No. 2
       Wilmington, DE  19801
       (302) 225-8340
       glenn.brown@realworldlaw.com