# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------ x   Chapter 11
In re:                                           :
                                                 :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                         :
                                                 :   Jointly Administered
                Debtors.                         :
                                                 :   Objections Due: June 15, 2009 @ 4:00 p.m. (ET)
------------------------------------------------ x   Hearing Date: N/A
```

## FOURTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2009 THROUGH APRIL 30, 2009

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | April 1, 2009 through April 30, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $412,691.60 (80% of $515,864.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $ 8,352.11 |

This is a(n):    x  Monthly        ____ Interim        ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |

# TRIBUNE COMPANY, et al.
## SUMMARY OF HOURS
### April 1, 2009 through April 30, 2009

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 69.20 | 66,086.00 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 955 | 14.50 | 13,847.50 |
| Charles E. Hord (1988) | Corporate | 1976 (NY) | 855 | 41.90 | 35,824.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 58.70 | 47,602.50 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 78.20 | 62,169.00 |
| Thomas J. Hall (1988) | Litigation | 1980 (NJ) 1981 (NY) | 795 | 24.30 | 19,318.50 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 54.30 | 41,539.50 |
| Marjorie M. Glover (1999) | Employee Benefits | 1988 (MA) 1989 (NY) | 755 | 2.90 | 2,189.50 |
| Vincent Dunn (1998) | Corporate | 1989 (NY) | 735 | 1.70 | 1,249.50 |
| Edouard S. Markson (2007) | Tax | 1997 (NY) | 735 | 3.80 | 2,793.00 |
| Kevin Smith (2001) | Corporate | 1993 (NY) | 725 | 1.30 | 942.50 |
| John F. Finnegan (2008) | Insurance/ Reinsurance | 1983 (NY) | 695 | 8.50 | 5,907.50 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 635 | 11.00 | 6,985.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Douglas E. Deutsch | Bankruptcy and Financial Restructuring | 1997 (NY) | 625 | 121.90 | 76,187.50 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 36.80 | 21,896.00 |
| Jonathan Cross | Litigation | 2002 (NY) | 595 | 8.90 | 5,295.50 |
| Joseph Giannini | Corporate | 2002 (NJ) 2004 (NY) | 585 | 6.40 | 3,744.00 |
| Benjamin Carson | Corporate | 2008 (NY) | 395 | 34.80 | 13,746.00 |
| Jason Porter | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 79.40 | 31,363.00 |
| Rachel Kurth | Employee Benefits | 2009 (NY) | 345 | 7.70 | 345.00 |
| | | | | | |
| **Law Clerks:** | | | | | |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 78.20 | 26,979.00 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 40.70 | 14,041.50 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 18.80 | 4,888.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 15.60 | 4,056.00 |
| Sarah Chan | Corporate | n/a | 245 | 18.60 | 4,557.00 |
| | | | | | |
| **TOTAL:** | | | | 838.10 | $515,864.50 |

BLENDED RATE:   $616.50

* Includes year elected Partner at firm or joined firm as Partner.

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------- x    Chapter 11
In re:                                          :
                                                :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                        :
                                                :    Jointly Administered
                    Debtors.                    :
                                                :    Objections Due: June 15, 2009 @ 4:00 p.m. (ET)
----------------------------------------------- x    Hearing Date: N/A
```

## FOURTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2009 THROUGH APRIL 30, 2009

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $515,864.50 (80% of which equals $412,691.60) and reimbursement of expenses incurred in the amount of $8,352.11 during the period commencing April 1, 2009 through and including April 30, 2009 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. On December 30, 2009, the United States Trustee appointed Wilmington Trust Company as an additional member of the Committee.

6. On February 20, 2009 the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7. No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8. All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9. During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10. The fee statement for the Application Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11. As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $515,864.50. The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

12. The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

A. **Bankruptcy General (Matter 002)**

Fees: $43,845.50    Total Hours: 78.90

13. During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest. Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14. Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks. Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

15. During the Application Period, Chadbourne reviewed and considered issues in connection with the resignation of one Committee member and participated in telephone conferences with the U.S. Trustee, Debtors' counsel and other interested parties regarding Committee membership options going forward.

**B. Committee Meetings (Matter 003)**

Fees: $41,566.00    Total Hours: 63.40

16. Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases. Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases. Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings. Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

**C. Creditor Communications (Matter 004)**

Fees: $6,459.00    Total Hours: 7.80

17. Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to

correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.    DIP Financing (Matter 005)**

Fees: $11,846.50    Total Hours: 19.90

18.    During the Application Period, Chadbourne, in coordination with Debtors' counsel, continued its efforts to finalize the terms of the Amended and Restated Financing Agreement. This work included review of the new financing documents and review and negotiation of certain terms to the new financing order. Further, Chadbourne coordinated the distribution of and reviewed specific confidential material related to the new financing facility. Subsequently, the Bankruptcy Court entered the final financing order on April 8, 2009.

**E.    Inter-Company Issues/Cash Management (Matter 006)**

Fees: $7,159.00    Total Hours: 11.00

19.    During the Application Period, Chadbourne continued its review of the Debtors' cash management system and reviewed and provided comments to the proposed cash management order in connection with the upcoming hearing on final approval. Further, Chadbourne engaged in telephone conferences and correspondence with Debtors' counsel in connection with the foregoing and on cash management issues going forward.

**F.** **Business Operations (Matter 007)**

Fees: $18,075.00    Total Hours: 36.00

20. During the Application Period, Chadbourne attorneys expended time on various issues relating to the Debtors' day-to-day business operations. This included the review of weekly operations and financial reports prepared by the Committee's financial advisors as well as a comprehensive review of certain of the Debtors' Schedules and Statements of Financial Affairs.

21. Further time was expended on the Debtors' request to enter into new station affiliation agreements with the CW Network. These efforts included a thorough legal review of the terms of the agreements to ensure that the deal terms were drafted appropriately and were economically favorable to the Debtors' estates. Comments on legal points were provided to Debtors' counsel and, in part, incorporated into the final CW affiliation agreements. Additionally, Chadbourne summarized its recommendations in a written report to the Committee.

**G.** **Asset Disposition (Matter 008)**

Fees: $162,238.50    Total Hours: 233.90

22. The disposition of the Cubs was again the subject of great focus by Chadbourne's during the Application Period. Chadbourne's diligence included the ongoing review of various transaction materials provided by the Debtors and the review and summary of various draft agreements in connection with the potential transaction. Time was spent in preparing for and attending an in-person meeting of the Committee's professionals and representatives of the

7

Debtors to discuss various issues in connection with the transaction process. Numerous additional telephone meetings were held with Debtors' counsel, the lenders' counsel, financial advisors and investment bankers regarding Cubs transaction matters. Efforts also included the continuing collaboration with the Committee's professionals and regular updates to the Committee on the Cubs transaction process.

**H.    Fee/Retention Applications (Matter 010)**

Fees: $23,340.00    Total Hours: 55.30

23.    During the Application Period, the Debtors filed applications to (i) employ a compensation consultant and (ii) expand the scope of its litigation counsel's engagement. Chadbourne reviewed the applications, performed appropriate follow-up on certain related issues and otherwise ensured that the additional engagements were in the best interests of the Debtors' estates. Chadbourne summarized its analysis in a written report to the Committee.

24.    In compliance with monthly fee procedures, Chadbourne expended time during the Application Period preparing and filing its third monthly fee application as well as the Committee's third application for expense reimbursement for its members.

25.    Further time was expended during the Application Period on the treatment of ordinary course professionals. These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and monitoring spending and monthly fee caps in connection with same.

### I. Plan and Disclosure Statement (Matter 011)

Fees: $3,247.00     Total Hours: 3.40

26. During the Application Period, Chadbourne attorneys continued its review of the potential structure for a plan of reorganization including consideration of the optimal tax and corporate structure.

### J. Employee Issues (Matter 014)

Fees: $31,510.00     Total Hours: 51.60

27. During the Application Period, Chadbourne continued its ongoing review of the Debtors' proposed severance plan and the 2008 employee incentive programs as well as related compensation proposals. Additional efforts were expended relating to the proposed 2009 employee incentive program. Chadbourne's work included the review of supporting materials to the compensation plans, review and analysis of the proposed incentive plan and severance motions as well as legal research on specific incentive related issues. Throughout this process, Chadbourne collaborated with the Committee's professionals and participated in frequent discussions with Debtors' counsel in an effort to negotiate consensual compensation plans that would be most beneficial to employees and the Debtors' estates.

### K. Relief From Stay Issues (Matter 015)

Fees: $8,534.00     Total Hours: 21.00

28. During the Application Period, Chadbourne continued the process of reviewing the various motions filed seeking relief from the automatic stay. Particular time was focused on the motion of Dr. Michael Gutman seeking relief from the stay to allow his defamation lawsuit

to proceed to trial. The Debtors and the Committee continued to discuss and address the creation of a single-process procedure to expeditiously address and resolve personal injury and certain other tort claims.

L.  **Tax Issues (Matter 016)**

Fees: $6,748.00   Total Hours: 7.40

29. During the Application Period, Chadbourne continued to review and consider tax implications in connection with certain proposed transactions.

M.  **General Litigation (Matter 017)**

Fees: $7,521.50   Total Hours: 10.10

30. During the Application Period, Chadbourne continued to monitor the ERISA District Court civil action proceedings. Particular time was spent on the Department of Labor ("DOL") investigation, which included review of the subpoena served on the Debtors as well as other requested documentation. Chadbourne met with Debtors' special counsel to review DOL investigation protocol and consider an appropriate course of action going forward.

N.  **Travel (Matter 018)**

Fees: $825.00   Total Hours: 2.00

31. During the Application Period, Chadbourne attorneys spent time traveling to/from Wilmington, Delaware to attend an omnibus hearing at Bankruptcy Court. The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**O.     Review of Prepetition Financings (Matter 019)**

Fees: $142,949.50    Total Hours: 236.40

32.     During the Application Period, Chadbourne attorneys expended time on the ongoing comprehensive review of the Debtors' prepetition financing documents and capital structure as part of the Committee's review and analysis of certain potential challenges that could be asserted with respect to certain of the Debtors' prepetition transactions. In addition, Chadbourne attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto. As part of its investigation, Chadbourne continued its efforts in a document discovery process with respect to certain parties connected to the 2007 ESOP transaction.

### ACTUAL AND NECESSARY EXPENSES

33.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $8,352.11 is attached hereto as Exhibit B. Chadbourne's standard charge for photocopies is $0.20/per page. For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Also, Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions. For purposes of these cases, the firm has reduced this charge to $1.00/per page.

34.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required. In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual

cost paid to its long distance carriers. Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

35. With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services. In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

36. With respect to information retrieval fees, Chadbourne utilized the services of outside vendors (10K Wizard Technology) to retrieve various SEC filings of the Debtors. In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

37. Library fees represents the cost of retrieving various out-of-publication articles in connection with the fraudulent transfer investigation as described in this Application. In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

38. The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served. No in-person Committee meetings

were held during the Application Period; however, Chadbourne hosted a meeting of the Debtors and certain of their professionals on April 8, 2009.

39. In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional and secretarial overtime.

## **VALUATION OF SERVICES**

40. Attorneys and paraprofessionals of Chadbourne have expended a total of 838.10 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Chabourne's normal hourly rates for work of this character. The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $515,864.50.

41. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

42. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period April 1, 2009 through April 30, 2009:

(a) authorizing compensation in the amount of $515,864.50 (80% of which equals $412,691.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $8,352.11, for a total of $524,216.61; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:  May 26, 2009
         Wilmington, Delaware

CHADBOURNE & PARKE LLP

By: _____
    Howard Seife
    (A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Co-Counsel to The Official Committee of
Unsecured Tribune Company, et al.

14

## VERIFICATION

STATE OF NEW YORK     :
                      : ss:
COUNTY OF NEW YORK    :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)   I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1997.

(b)   I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)   I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

Douglas E. Deutsch

Sworn to before me this
26th day of May 2009

Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010