## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ─────────────────────────────── | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objections Due: June 23, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date:** *Only if Objections are filed.* |
| ─────────────────────────────── | ) | |

## MONTHLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2009 THROUGH APRIL 30, 2009

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2009 to April 30, 2009[1] |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $175,231.04 (80% of which is $140,184.83) |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $2,709.52 |

This is a Monthly Application.

Prior Applications Filed: (2):   Quarterly Fee Application for the Period December 8, 2008 - February 28, 2009 (Docket No. 1030)

                                    Monthly Fee Application for the Period March 1, 2009 - March 31, 2009 (Docket No. 1099)

---

[1] This Application also includes a request for compensation and reimbursement for fees and expenses that were inadvertently omitted from Jenner & Block LLP's prior fee applications.

Summary of Time Recorded

December 8, 2008 through April 30, 2009

ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| David J. Bradford | Litigation | 1976 | 875.00 | 25.0 | 21,875.00 |
| David J. Bradford | Litigation | 1976 | 800.00 | 0.5 | 400.00 |
| Craig C. Martin | Litigation | 1988 | 850.00 | 1.0 | 850.00 |
| Marc B. Hankin | Commercial | 1992 | 725.00 | 20.7 | 15,007.50 |
| Catherine Steege | Commercial | 1982 | 725.00 | 5.5 | 3,987.50 |
| Vincent E. Lazar | Commercial | 1990 | 700.00 | 0.3 | 210.00 |
| Larry P. Ellsworth | Litigation | 1972 | 700.00 | 13.40 | 9,380.00 |
| Barry Levenstam | Litigation | 1978 | 700.00 | 1.0 | 700.00 |
| David M. Greenwald | Litigation | 1986 | 600.00 | 47.2 | 28,320.00 |
| Amanda S. Amert | Litigation | 2000 | 540.00 | 4.3 | 2,322.00 |
| **PARTNER TOTALS** | | | | **118.90** | **$83,052.00.** |

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **ASSOCIATES** | | | | | |
| Douglas Sondgeroth | Litigation | 2002 | 525.00 | 47.4 | 24,885.00 |
| Douglas Sondgeroth | Litigation | 2002 | 470.00 | 1.5 | 705.00 |
| Melissa M. Hinds | Commercial | 2003 | 495.00 | 10.5 | 5,197.50 |
| Melissa M. Hinds | Commercial | 2003 | 445.00 | 12.7 | 5,651.50 |
| Andrew J. Olejnik | Commercial | 2004 | 485.00 | 0.5 | 242.50 |
| Wade A. Thomson | Litigation | 2004 | 475.00 | 3.8 | 1,805.00 |
| Joshua Rafsky | Employee Benefits | 2005 | 435.00 | 0.1 | 43.50 |
| David H. Hixson | Commercial | 2006 | 400.00 | 28.8 | 11,520.00 |
| Michael A. Hoffman | Litigation | 2006 | 400.00 | 3.0 | 1,200.00 |
| Elizabeth Liebschutz | Litigation | 2008 | 370.00 | 6.0 | 2,220.00 |
| Eamon P. Kelly | Litigation | 2008 | 325.00 | 23.9 | 7,767.50 |
| Sarah R. McNally | Litigation | 2008 | 325.00 | 69.0 | 22,425.00 |
| **ASSOCIATE TOTALS** | | | | **207.20** | **$83,662.50** |

2

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Applied Technology Support Group | 275.00 | 9.5 | 2,612.50 |
| Michael H. Matlock | 270.00 | 16.1 | 4,347.00 |
| Tricia J. Peavler | 260.00 | 0.2 | 52.00 |
| Daniel K. Morgan | 230.00 | 13.6 | 3,128.00 |
| Daniel K. Morgan | 220.00 | 0.5 | 110.00 |
| Panagiota Ramos | 170.00 | 10.1 | 1,717.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | **50.00** | **$11,966.50** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals): $178,681.00

BLENDED HOURLY RATE:  $475.09

SUMMARY OF DISBURSEMENTS

| Description | Amount |
|---|---|
| In-City Transportation | 16.00 |
| Network Printing | 253.44 |
| Pacer Charges | 101.92 |
| Photocopy and Related Expenses | 152.40 |
| Soundpath Conferencing Services | 10.11 |
| Special Messenger Service | 11.30 |
| Westlaw Research | 2,164.35 |
| **Total** | **$2,709.52** |

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>                       Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objections Due:  June 23, 2009 at 4:00 p.m.**<br>**Hearing Date:** *Only if Objections are filed.* |

## MONTHLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2009 THROUGH APRIL 30, 2009

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") for approval and allowance of compensation for services rendered in the amount of $175,231.04 (80% of which is $140,184.83) and reimbursement of expenses incurred in the amount of $2,709.52 during the period commencing March 1, 2009 through and including March 31, 2009 (the "Application Period").[1] This Application is submitted pursuant to Sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and reimbursement of

---

[1] This Application also includes a request for compensation and reimbursement for fees and expenses that were inadvertently omitted from Jenner & Block LLP's prior fee applications.

Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order").

In support of the Application, Jenner respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103(a).

2.     The statutory bases for relief requested herein are Sections 328, 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.     On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No trustee or examiner has been appointed in these chapter 11 cases.

6.     On February 20, 2009, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the "Retention Order").

6

7.      Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as special counsel in connection with litigation matters.

8.      Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and other defendants in the lawsuit *Neil et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No. 08-cv-06833 in the United States District Court for the Northern District of Illinois (the "District Court"). In the *Neil* Litigation, certain of the Debtors' former employees asserted three causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act ("ERISA") and Delaware state law related to The Tribune Company's Employee Stock Ownership Plans ("ESOP"). The plaintiffs are seeking class certification for their claims. With respect to the *Neil* Litigation, the scope of Jenner's representation of the Debtor is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases." (Retention Order at 2-3.) The Debtor is no longer a party to the *Neil* Litigation. Jenner continues to represent all defendants in the *Neil* Litigation.

9.      Also prior to the Petition Date, Jenner represented the Debtors in the lawsuit *Cueto v. Chicago Tribune Company, et al.* (the "*Cueto* Litigation"), Case No. 07-L-80 in the Circuit Court of St. Clair County, Illinois (the "State Court"). In the *Cueto* Litigation, a former attorney has asserted five causes of action against certain of the Debtors and others, alleging that the defendants invaded the plaintiffs' privacy and portrayed him in a false light by publishing

materials regarding comments the plaintiff allegedly made about his relationship with judges in Illinois.

10.    On April 28, 2009 the Court entered an Order (Docket No. 1097) approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the Department of Labor (the "DOL") on March 2, 2009. The DOL's subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA. Jenner advised and assisted the Debtors in connection with responding to the subpoena.

11.    The Debtors also requested that Jenner represent them in a dispute related to a swap agreement the Debtors had entered into with Morgan Stanley (the "Morgan Stanley Matter"). After the Debtors filed their chapter 11 petitions, Morgan Stanley purported to set off amounts it owed to the Debtors under the swap agreement against amounts the Debtors owed to Morgan Stanley on account of bonds Morgan Stanley acquired. Among the issues raised in this matter is whether Morgan Stanley could in fact exercise a right of set off, and whether Morgan Stanley has other liability to the Debtors.

12.    Jenner has exhausted a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.

13.    Additionally, as set forth in Jenner's application to be retained in these cases, Equity Group Investments, LLC ("EGI") is responsible for paying one-fourteenth (1/14) of the legal fees due to Jenner on account of its representation of the Debtors in the *Neil* Litigation.

EGI is not responsible for reimbursing Jenner on account of any expenses incurred by Jenner, nor is responsible for Jenner's fees and expenses related to any other matters including herein, such as the DOL subpoena, the *Cueto* Litigation, or the Morgan Stanley Matter. Thus, in this Application, Jenner reduces the amount of compensation for services it is seeking in relation to the *Neil* Litigation by the amount of the payments due to it from EGI.

14.    This is Jenner's second monthly fee application. On April 15, 2009, Jenner filed its first quarterly fee application seeking compensation in the amount of $90,021.75 for services rendered and $2,386.85 for expenses incurred for the period December 8, 2008 through February 28, 2009. On April 27, 2009, Jenner filed a monthly fee application seeking compensation in the amount of $179,873.10 for services rendered and $3,549.76 for expenses incurred during March 2009.

## COMPENSATION PAID AND ITS SOURCES

15.    All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

16.    As set forth above, EGI is responsible for paying one-fourteenth of the legal fees due to Jenner related to the *Neil* Litigation. Accordingly, Jenner has reduced the amount compensation related to the *Neil* Litigation it is seeking by $3,108.88. ($48,299.50 * 1/14 = $3,449.96.) There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

17.    The fee statement for the Application Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Jenner's knowledge, this Application complies

with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

## SUMMARY OF SERVICES

18.    As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Jenner during the Application Period total $178,681.00.  After subtracting the portion of fees for which EGI is responsible, Jenner is seeking compensation in the amount of $175,231.04.  The services rendered by Jenner during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

19.    This Application includes a request for compensation for services rendered in connection with the ESOP / Stay Issues and Insurance Advice matters, related to the *Neil* Litigation, during the period from December 2008 through March 2009.  These fees were inadvertently omitted from Jenner's previous fee applications.

20.    The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Application Period, organized by project category.

## A.    ESOP / Stay Issues (Matter No. 10130)

Fees: $48,299.50        Debtors' Share of Fees:  $44,849.54        Total Hours:  100.10

21.    During the Application Period, Jenner devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the enforcement of the automatic stay in the *Neil* Litigation.  Jenner has researched and drafted memoranda regarding the applicability of the automatic stay to the *Neil* Litigation, which raised issues concerning indemnification of the Debtors' board of directors, whether the Debtors were necessary parties to

10

the *Neil* Litigation, and whether the Neil Litigation would impact the Debtors' estate.  These issues required additional analysis in light of the fact that the *Neil* plaintiffs have filed two amended complaints since the filing of the Debtors chapter 11 cases.  Jenner has also sought to determine whether this Court could, in the alternative, stay the *Neil* Litigation pursuant to its authority under Section 105(a) of the Bankruptcy Code.  Jenner's efforts in this regard culminated in the filing of a motion for a preliminary injunction staying the *Neil* Litigation and an adversary complaint seeking to stay the *Neil* Litigation pursuant to Section 105(a), both filed with this Court.  Jenner has since reached a compromise with the *Neil* plaintiffs that will allow the *Neil* Litigation to proceed only for purposes of presenting a motion to dismiss and without any discovery.

22.     During the Application Period, Jenner, among other things, filed its surreply in support of staying the *Neil* Litigation, prepared and responded to discovery requests concerning the stay litigation, and prepared for a hearing in the District Court regarding the stay litigation and the plaintiffs' motion to take judicial notice.  Jenner also expended efforts preparing for an evidentiary hearing on the stay litigation, including drafting a stipulation as to exhibits to be submitted at the hearing.

23.     In addition to the above, Jenner's time includes:  (i) communications with Debtors' general bankruptcy counsel to coordinate efforts and avoid the duplication of work; (ii) communications with opposing counsel; (iii) appearing in court on the foregoing matters; and (iv) updating and maintaining files related to the *Neil* Litigation and the proceedings in this Court.

**B.**  **Insurance Advice (Matter No. 10121)**

   Fees: $40,262.00        Total Hours:   73.7

   24.    Since the Petition Date, Jenner has devoted numerous hours to advising the Debtors with respect to matters involving the Debtors' various insurance agreements, particularly as they pertain to the stay issues involved in the *Neil* Litigation.   In particular, Jenner has reviewed the Debtors' insurance policies and engaged in substantial legal analysis to determine whether the insurance policies support entry of an order staying the *Neil* Litigation under Section 105(a) of the Bankruptcy Code.   Among other things, Jenner has analyzed the insurance policies and applicable case law, and drafted memoranda concerning the same.   These efforts were integral to the Debtors' briefs filed in connection with the *Neil* Litigation and the stay litigation in this Court.

   25.    This Application seeks compensation for Jenner's efforts in the Insurance Advice matter for the period from the Petition Date through January 31, 2009.  In February 2009, Jenner combined the Insurance Advice and *Neil* Litigation matters into one billing category because they both concern application of Section 105(a) to the *Neil* Litigation.

**C.**  **DOL Subpoena (Matter No. 10148)**

   Fees: $14,781.50        Total Hours:   34.90

   26.    During the Application Period, Jenner devoted a substantial amount of time to assisting the Debtors respond to the DOL's subpoena regarding ERISA issues.  Jenner drafted and revised written responses to the DOL's subpoena, reviewed the Debtors' documents to determine whether they were responsive to the DOL's requests, produced documents to the DOL, and prepared a privilege log of documents withheld from production.  This category includes the time Jenner spent creating an electronic database of documents it received from the

Debtors to allow for more expeditious document review, as well as communications with the DOL and other counsel.

**D.      Morgan Stanley Swap (Matter No. 10180)**

> Fees: $55,572.00        Total Hours:  116.90

27.      During the Application Period, Jenner devoted numerous hours to representing the Debtors in connection with the dispute related to the swap agreement with Morgan Stanley. In particular, Jenner expended substantial efforts in reviewing and analyzing the complex financial instruments underlying the transactions and researching numerous legal issues arising from Morgan Stanley's attempt to set off amounts it owes to the Debtors against amounts owed to it by the Debtors.[2]   Jenner also prepared several legal memoranda addressing certain factual and legal issues raised in this matter.  This category of time includes communications with counsel for Morgan Stanley regarding the dispute.

**E.      Retention Issues (Matter No. 10172)**

> Fees: $1,740.00        Total Hours:   2.40

28.      During the Application Period, Jenner attorneys expended very limited time on retention issues.  This category of time descriptions relates to the fees incurred in preparing the Supplemental Fee Application described above, pursuant to which the Debtor sought to clarify that the scope of Jenner's representation includes matters related to the DOL subpoena, and responding to U.S. Trustee's inquiries regarding the Supplemental Fee Application.

---

[2] Due to the sensitivity of this matter, at this time Jenner believes it may not explain in greater detail the precise legal issues it is researching or that may be relevant to the Morgan Stanley dispute.  Accordingly, Jenner has redacted discussion of these specific areas of research from its time entries included in Exhibit A.

**F.    Fee Applications (Matter No. 10164)**

Fees: $18,026.00        Total Hours:  48.10

29.    During the Application Period, Jenner attorneys expended limited time on fee applications.    Jenner attorneys and paraprofessionals prepared Jenner's first interim fee application covering the period from the Petition Date through February 28, 2009, as well as Jenner's monthly fee application for March 2009.  Jenner also prepared its time entries in the format required by the Fee Examiner Order and delivered them to the fee examiner for review. The number of hours spent on fee applications during the Application Period was greater than will be spent in future months because Jenner attorneys created a template for fee applications that it will be able to use in the future (including for the present application), and because the fee applications filed during the Application Period covered a greater span of time (four months) than standard monthly fee applications, and thus required more review and editing.

**ACTUAL AND NECESSARY EXPENSES**

30.    A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Application Period in the amount of $2,709.52 is attached hereto as Exhibit B. Jenner's standard charge for photocopies is $0.08 per page.  Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

31.    With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

32.    Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES

33.     Attorneys and paraprofessionals of Jenner have expended a total of 376.1 hours in connection with their representation of the Debtors during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character.   The reasonable value of services rendered by Jenner to the Debtors during the Application Period is $178,681.00.  As set forth above, one-fourteenth of Jenner's fees related to the *Neil* Litigation are to be paid by EGI, and therefore Jenner seeks allowance of compensation in the amount of $175,231.04.  To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Jenner reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

34.     In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period April 1, 2009 through April 30, 2009, with respect to the sum of $175,231.04 for necessary professional services rendered (80% of which is $140,184.83) and the sum of $2,709.52 as 100% reimbursement of actual necessary costs and expenses, for a total of $177,940.56; (b) authorizing and directing the Debtors to remit payments to Jenner in the event that Jenner's retainer is insufficient to pay the amounts set forth in paragraph (a) above; and (c) granting such other and further relief as this Court deems just and proper.

Dated:  June 2, 2009

Respectfully submitted,

By: _____

One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
Craig C. Martin
330 North Wabash Avenue
Chicago, IL 60611-7603
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Email:  dbradford@jenner.com
        cmartin@jenner.com