## EXHIBIT A

**Joint Stipulation Permitting Pension Benefit Guaranty Corporation to File Consolidated Claims Under One Case Number**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al.,[1] | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Ref. Nos. 813 |
| | ) | |

## JOINT STIPULATION PERMITTING
## PENSION BENEFIT GUARANTY CORPORATION TO
## FILE CONSOLIDATED CLAIMS UNDER ONE CASE NUMBER

Tribune Company ("**Tribune**") and its 110 debtor affiliates (collectively with Tribune, the "**Debtors**") and the Pension Benefit Guaranty Corporation ("**PBGC**") have agreed that the

---

[1] [1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Court should enter an order allowing PBGC to file consolidated proofs of claim against the Debtors, for the following reasons and on the following terms and conditions:

## RECITALS:

1. On December 8, 2008, the Debtors filed voluntary petitions under chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**"). The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 08-13121 (KJC).

2. On March 6, 2009, the Debtors filed a motion for an order establishing the deadline for filing certain proofs of claim (the "**Bar Date Motion**").

3. On March 25, 2009, the Court entered an order establishing June 12, 2009, as the general deadline to file proofs of claim (the "**Bar Date Order**") against any of the Debtors listed on Debtors' notice of bar date (the "**Bar Date Notice**"), which was annexed as Exhibit C to the Bar Date Motion.

4. The Bar Date Notice sets forth that "[i]f a claimant wishes to assert a claim against more than one Debtor, separate proof of claim forms must be filed against each applicable Debtor."

5. PBGC asserts that each Debtor either is a contributing sponsor of a single-employer defined benefit pension plan covered under Title IV of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1301-1461 (2006), or is a member of such a sponsor's controlled group as defined in 29 U.S.C. § 1301(a)(14) (each plan, a "**Debtor-Related Single-Employer Pension Plan**"). PBGC is the United States government corporation that administers the Title IV defined benefit pension plan termination insurance program.

2

6.     PBGC and the Debtors have identified six Debtor-Related Single-Employer Pension Plans: (i) Tribune Company Cash Balance Pension Plan; (ii) the Baltimore Sun Company Employees Retirement Plan; (iii) the Tribune Company Hourly Pension Plan; (iv) the Major League Baseball Pension Plan for Non-Uniformed Personnel; (v) the Minor League Players Pension Plan; and (vi) the Baltimore Mailers Union Local No. 888 and the Baltimore Sun Company Retirement Plan (collectively, the "**Plans**"). None of the Debtors or PBGC is currently aware of any other Debtor-Related Single-Employer Pension Plans.

7.     PBGC believes that it must file 18 separate claims against each of the 111 Debtors, representing the contingent and other claims which will be asserted against the Debtors jointly and severally under 29 U.S.C. §§ 1082(b), 1307, and 1362. Because 111 Debtors have filed to date, the effect of the Bar Date Order and PBGC's determination as to the number of claims it must file would require PBGC to file at least 1,998 separate proofs of claim. These multiple claims would impose a significant and unnecessary administrative burden on the Debtors, PBGC, the claims agent, and the Court.

### AGREED ORDER:

A.     Notwithstanding anything to the contrary set forth in the Bar Date Order, Bar Date Notice, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the local bankruptcy rules that would otherwise require PBGC to file a separate proof of claim against each Debtor on account of each claim against such entity, it is expressly agreed herein that the any proof of claim or amendment thereto filed in Case No. 08-13141 (KJC) by PBGC on its own behalf or on behalf of the Plans shall be deemed to be filed in Case No. 08-13141 (KJC) and in each of the cases of the other Debtors.

B.  If PBGC determines that it must file a proof of claim against any Tribune affiliate that files for chapter 11 relief in this district subsequent to the date of this stipulation, the Debtors and PBGC may enter into a written agreement under which any proof of claim or amendment that PBGC files in Case No. 08-13141 (KJC) shall be deemed to be filed in the additional Tribune affiliate's case. Such agreements will be binding without further order of this Court.

C.  This Stipulation is intended solely for the purpose of administrative convenience. Except to the extent expressly agreed herein, this Stipulation shall not be deemed to constitute an agreement or admission as to the validity of any claims and shall not affect the substantive rights of any Debtor, PBGC or any other party in interest with respect to the allowance, amount or priority of any of PBGC's claims, or with respect to any objection, defense, offset or counterclaim relating to PBGC's claims. The Debtors hereby reserve their rights to contest any claims asserted hereunder and nothing herein shall impair or otherwise restrict the ability of the Debtors or any other party in interest to object to, or otherwise challenge, claims set forth in any claim asserted under this Stipulation.

D.  Unless the Debtors and PBGC expressly agree otherwise, this Stipulation shall also apply to any amended proofs of claim filed by PBGC. The Debtors hereby reserve all rights with respect to such amendments, including but not limited to their right to object to such amendments on any grounds not inconsistent with this Stipulation.

E.  The Court shall retain jurisdiction over all matters or disputes under this Stipulation and Order.

F.  This Stipulation may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which together shall constitute one and the same document.

Dated: June 2, 2009

                                                               /s/ Frank Anderson
Israel Goldowitz
Chief Counsel
Karen L. Morris
Deputy Chief Counsel
Kartar S. Khalsa
Assistant Chief Counsel
Frank A. Anderson
Cassandra R. Burton
Attorneys

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, NW
Washington, DC 20005-4026
Telephone: (202) 326-4020 ext. 3759
Facsimile: (202) 326-4112
Email: anderson.frank@pbgc.gov and
      efile@pbgc.gov

*Counsel to Pension Benefit Guaranty Corporation*

-and-

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Dated: _____

                                                  _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (NO. 4451
1000 N. West Street, Suite 1200

5

Dated: _____ /s/_____
Israel Goldowitz
Chief Counsel
Karen L. Morris
Deputy Chief Counsel
Kartar S. Khalsa
Assistant Chief Counsel
Frank A. Anderson
Cassandra R. Burton
Attorneys

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, NW
Washington, DC 20005-4026
Telephone: (202) 326-4020 ext. 3759
Facsimile: (202) 326-4112
Email: anderson.frank@pbgc.gov and
  efile@pbgc.gov

*Counsel to Pension Benefit Guaranty Corporation*

-and-

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Dated: June 3, 2009

_____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (NO. 4451
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Counsel to the Debtors and Debtors in Possession*

5