IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related to Docket No. 227 |

## AFFIDAVIT OF MARILYN A. WETHEKAM

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss: |
| COUNTY OF COOK | ) |

I, Marilyn A. Wethekam, being duly sworn, deposes and says:

1. I am a partners in the law firm of Horwood Marcus & Berk Chartered (the "Firm"), which maintains offices at 180 North LaSalle Street, Suite 3700, Chicago, Illinois 60601.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are; Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Production Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave License, Inc. (1579); Chicago Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB, Inc. (7035); KTLA, Inc. (3404); KWGN, Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspaper, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass Media, Inc. (9553); New River Maintenance Associates, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications New Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN, LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI, Inc. (8074); WPIX, Inc. (0191); and WTXX, Inc. (1268). The Debtors' corporate headquarters and mailing address for each Debtor is 435 North Michigan

2. Neither I, the Firm, nor any professional thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors-in-possession (the "Debtors"), their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, or any judge in the Bankruptcy Court or District Court for the Northern District of Illinois or any person employed in the offices of the same, except as set forth in this Affidavit.

3. I, Marilyn A. Wethekam, through myself and other professionals and paraprofessionals of the Firm, has provided certain tax services to the Debtors with respect to state and local tax liabilities of the Debtors' business.

4. The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to Section 327 of Title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters.

5. The Firm's current customary rates for tax services range from $255 to $495 per hour. In the normal course of business, the Firm revises its regular rates on January 1 of each year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular rates which will be in effect at that time.

6. In the past year, the Firm has not rendered services to the Debtors.

7. Except as set forth herein, no promises have been received by the Firm as to compensation in connection with this Chapter 11 case other than in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules and any orders of this Court.

8. As of the Petition Date, the Firm was not a party to an agreement that provides for indemnification.

9. Except for its affiliated entities, the Firm has no agreement with any entity to share any compensation received from the Debtors.

10. The Firm and its professionals may have in the past, currently, and may in the future provide services to entitles that are creditors of the Debtors in matters totally unrelated to the matters with respect to which the Firm is to be engaged by Debtors. However, neither I, the Firm, nor any professional thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in the matters upon which the Firm is to be engaged.

11. The foregoing constitutes the statement of the Firm pursuant to Sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rule 2014.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and belief, and after reasonable inquiry, the foregoing is true and correct.

By: _____
Marilyn A. Wethekam
Horwood Marcus & Berk Chartered
180 North LaSalle Street
Suite 3700
Chicago, Illinois 60601
(312) 606-3200

Subscribed and sworn to before me
this 29 day of May, 2009.

_____
Notary Public

679486/1/5752.076