IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Hearing Date: June 25, 2009 at 10:00 a.m.<br>Objection Deadline: June 18, 2009 at 4:00 p.m. |

## FOURTH OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the Debtors to reject certain unexpired leases of nonresidential real

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

property as of June 30, 2009 (the "Rejection Date")[2]. **Parties that receive this Motion and whose Lease is subject to rejection hereby can locate their name and Lease on Exhibit B attached hereto.** In support of this Motion, the Debtors: (i) submit the Declaration of Stephanie Pater, Director, Real Estate of Tribune Company (the "Pater Declaration"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference; and (ii) respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 365 of the Bankruptcy Code.

---

[2] The Debtors are requesting an effective date for rejection of the Leases of June 30, 2009 rather than the date of entry of the Order authorizing the rejection so as to provide sufficient time to vacate all premises that are not currently vacant and which are subject to rejection.

2

46429/0001-5694446v1

## **RELIEF REQUESTED**

5. The Debtors respectfully request that the Court enter an order approving the rejection of thirty (30) unexpired leases of nonresidential real property where one of the Debtors is a lessee and which are listed on Exhibit B attached hereto (the "Leases") and three (3) subleases under the Leases also listed on Exhibit B hereto (the "Subleases")[3] as of the Rejection Date. Specifically, and as described in more detail below and on the exhibits hereto, the Leases relate to certain office and distribution spaces as well as media broadcast towers and centers which are no longer needed by the Debtors. Copies of the Leases are available at the offices of Debtors' counsel for inspection during reasonable business hours upon request.

6. The Bankruptcy Code provides that "the trustee [or debtor(s)-in-possession], subject to the court's approval, may ... reject any ... unexpired lease of the debtor." 11 U.S.C. § 365(a). Courts utilize the business judgment standard to determine whether to approve the rejection of a contract or lease. Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.), 872 F.2d 36, 40 (3d Cir. 1989); In re G. Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) ("In determining whether a debtor may be permitted to reject an executory contract, courts usually apply the business judgment test. Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered."). Under the business judgment test, the debtor in possession need demonstrate only that the assumption or rejection of the unexpired lease or executory contract will benefit the estate. See Id. ("Generally, absent a showing of bad faith, or an abuse of discretion, the debtor's business judgment will not be altered") (citing inter alia, In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd sub nom, N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 104 S.Ct. 1188 (1984)). In

---

[3] The Lease listed as item 18 on Exhibit B has three subleases. The Sublease tenants can find their names on Exhibit B attached hereto.

3

46429/0001-5694446v1

particular, rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. See In re Stable Mews Assocs., Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).

7. Furthermore, courts in this jurisdiction have held that "when a lease is deemed rejected pursuant to § 365(d)(4), any subleases under the primary lease must also be deemed rejected since the sublessee's rights in the property extinguish with those of the sublessor." Chaltos Systems, Inc. v. Kaplan, 147 B.R. 96, 100 (D. Del. 1992). Out of an abundance of caution, and in the interest of full disclosure, the Debtors request the authority of this Court to reject the Subleases pursuant to section 365 of the Bankruptcy Code.

8. Rejection of the Leases is a proper exercise of the Debtors' business judgment in this instance. As described more fully in the Pater Declaration, the real property spaces and broadcast towers that are the subject of the Leases are currently vacant and/or no longer needed by the Debtors.[4] See Pater Declaration at ¶ 3. Following the Petition Date, in an effort to streamline the Debtors' businesses and reduce inefficiencies, the Debtors began a process of examining their operations in order to determine ways in which they could increase performance, produce synergies and revenue and create substantial cost savings. As part of this process, the Debtors began a labor intensive and detailed analysis of their real property leases in order to determine which operations could be consolidated for these purposes. Through this process, the Debtors have eliminated their need for certain of the leases. Since the Petition Date,

---

[4] While certain of the leased premises are not vacant as of the date of filing the Motion, the Debtors intend to vacate all premises by June 30, 2009.

the Debtors have obtained three orders from the court authorizing the rejection of 52 real estate leases.[5]

9. Given the substantial task of analyzing all of the Debtors' approximately 250 office and warehouse leases, as well as approximately 65 transmitter leases, the Debtors requested, and were granted by this Court, an extension of time in which to assume or reject their unexpired leases of non-residential real property (the "Extension Order").[6] Pursuant to section 365(d)(4) of the Bankruptcy Code and the Extension Order, the Debtors must decide whether to assume all unexpired leases of nonresidential real property by July 6, 2009 (the "Extension Deadline") or the Leases will be deemed rejected as a matter of law. Though the Leases would be deemed rejected after the passing of the Extension Deadline, out of an abundance of caution and in order to give ample notice to the Landlords, the Debtors elected to file this Motion.

10. Rejection of the Leases is within the business judgment of the Debtors and will afford a clear financial benefit to the Debtors' estates. Through the Debtors' streamlining of their businesses and consolidation of certain operations, the Debtors have determined that none of the properties that are subject to the Leases are of any current or plausible future use to the Debtors. Rejection of the Leases will save the Debtors approximately $9.9 million in annual rent obligations, and twenty-five (25) of the Leases have periods running more than one year from the date of this Motion. See Id. at ¶ 23. Accordingly, the damages limitation contained in section 502(b)(6) of the Bankruptcy Code would apply to limit any damages that may result from the rejection of those Leases.

---

[5] See Order Authorizing Debtors First Omnibus Motion to Reject Certain Leases of Nonresidential Real Property [Docket No. 226]; Order Authorizing Debtors Second Omnibus Motion to Reject Certain Leases of Nonresidential Real Property [Docket No. 430]; Order Authorizing Debtors Third Omnibus Motion to Reject Certain Leases of Nonresidential Real Property [Docket No. 791].

[6] See Order Granting the Debtors' Motion to Extend the Time to Assume or Reject Unexpired Leases of Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code [Docket No. 815].

46429/0001-5694446v1

11. Based on the Debtors' knowledge of the applicable real estate markets, the Debtors do not believe there is any value in assuming and assigning the Leases, nor do they believe (after appropriate inquiry) that the parties to the Subleases would be willing to take on the Debtors' obligations under the applicable Lease. See Id. at ¶ 6. For these reasons, the Debtors, in the exercise of their business judgment, believe it is beneficial to their estates to reject the Leases.

12. Pursuant to the Order of this court entered on March 26, 2009, Establishing Bar Dates for Filing Proofs of Claim [Docket No. 813], any Landlord whose Lease or Sublease is subject to rejection shall file a proof of claim for rejection damages, if any, by sending such proof of claim to Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017, so that it is received on or before thirty (30) days after entry of the order authorizing the rejection of the Leases and/or Subleases, or forever be barred from asserting such claim.

## NOTICE

13. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for the Debtors' prepetition loan facilities; (iv) the administrative agent for Debtors' postpetition loan facility; (v) the landlords under the Real Property Leases and the subtenants of the Debtors at the properties covered by the Real Property Leases; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-5694446v1

## NO PRIOR REQUEST

14. Other than prior requests to reject certain real property leases, the Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, (i) approving the rejection of the Leases and Subleases, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
June 5, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-5694446v1