IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: June 25, 2009 at 10:00 a.m.<br>Objection Deadline: June 18, 2009 at 4:00 p.m. |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (I) ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND (II) SET CURE AMOUNTS WITH RESPECT THERETO

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the Debtors to (i) assume certain unexpired leases of nonresidential real

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

property and (ii) set cure amounts with respect thereto.  **Parties that receive this Motion and whose Lease is subject to assumption hereby can locate their name and Lease on Exhibit B attached hereto.**  In support of this Motion, the Debtors: (i) submit the Declaration of Stephanie Pater, Director, Real Estate of Tribune Company (the "Pater Declaration"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference; and (ii) respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.  On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.

3.  On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is section 365 of the Bankruptcy Code.

**RELIEF REQUESTED**

5. The Debtors respectfully request that the Court enter an order (i) approving the assumption of 225 unexpired leases of nonresidential real property where the Debtors are a lessee and which are listed on <u>Exhibit B</u> attached hereto (the "<u>Leases</u>"),[2] and (ii) set cure amounts with respect thereto. Specifically, and as described in more detail below and on the exhibits hereto, prior to the Petition Date the Debtors entered into the Leases, to which they are still a party and which remain unexpired. The Debtors are now seeking to assume the Leases given that (a) the Leases remain valuable and useful to the Debtors' ongoing businesses and (b) the Debtors face the Bankruptcy Code-imposed deadline of July 6, 2009 to assume any leases necessary to their business, or such leases will be deemed rejected pursuant to 365(d)(4) of the Bankruptcy Code.[3]

6. Since the Petition Date, as part of their on-going restructuring efforts, the Debtors have been working diligently with their advisors to identify which of the Leases are no longer beneficial to the Debtors' estates, and which Leases are necessary to the Debtors' ongoing operations. As part of this process, the Debtors have identified 225 Leases which, in the Debtors' business judgment, are necessary to sustain their business operations through and upon their emergence from these chapter 11 cases.

7. In order to comply with the cure requirements of section 365 of the Bankruptcy Code, the Debtors propose paying each applicable landlord under the Leases (the "<u>Landlords</u>") the corresponding amounts set forth on <u>Exhibit B</u> (the "<u>Cure Amounts</u>"). The Cure

---

[2] By this Motion, the Debtors seek the entry of an order, pursuant to Section 105 of the Bankruptcy Code, waiving the limitation of Fed. R. Bankr. P. 6006(f)(6) to authorize the Debtors to assume more than 100 unexpired leases in this Motion.

[3] As provided in section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Debtors have agreed, in writing, with certain landlords to extend the period in which the Debtors must elect to assume a particular unexpired lease. A list of the leases where such agreements have been reached, and the dates of the respective extensions, is attached hereto as <u>Exhibit C</u>.

3

Amounts set forth on <u>Exhibit B</u> reflect the Cure Amounts owed with respect to the Leases according to the Debtors' books and records as of May 1, 2009. The Debtors propose to pay the Cure Amounts within 10 business days of entry of the order approving this motion (the "<u>Order</u>") or such other date as the parties may otherwise agree.

        8.    If any party objects to the proposed Cure Amounts set forth on <u>Exhibit B</u> or the proposed assumption of the applicable Lease, the Debtors request that the Court require such party to file an objection (an "<u>Objection</u>") no later than 4:00 p.m. (Eastern Daylight Time) on June 18, 2009 (the "<u>Objection Deadline</u>"). Each Objection must:

(a) be in writing;

(b) state with specificity the grounds for the objection, including, if applicable, the fully liquidated Cure Amount which such party believes is required under section 365 of the Bankruptcy Code along with the specific nature and dates of any alleged defaults, the pecuniary losses resulting therefrom and the conditions giving rise thereto; and

(c) be filed with the Clerk of the Bankruptcy Court and served so as to be actually received on or before the Objection Deadline by (i) counsel to the Debtors: (a) Sidley Austin LLP, 787 Seventh Ave, New York, NY 10019, Attn: Bridget Hauserman, and (b) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Ave. Suite 1410, Wilmington, DE 19801, Attn: Kate Stickles; (ii) Tribune Company, 435 N. Michigan Ave., Chicago, IL 60611, Attn: Stephanie Pater; (iii) counsel to the Steering Committee: Davis Polk & Wardwell LLP, 450 Lexington Ave., New York, NY 10017, Attn: Damian Schaible, and (iv) counsel to the Creditors' Committee: Chadbourne & Park LLP, 30 Rockefeller Plaza, New York, NY 10112, Attn: Howard Seife.

        9.    The Debtors request that, if no Objection is timely received, or if a timely Objection is received but does not comply with the foregoing requirements, with respect to any Lease: (i) the Debtors shall be authorized to assume such Lease upon the payment of the Cure Amount, if necessary, and (ii) the Cure Amount shall be fixed at the amount set forth on <u>Exhibit B</u>, notwithstanding anything to the contrary in any Lease, proof of claim (whether formal or

informal) or any other document and instrument. Each counterparty to a Lease that is assumed pursuant to this Motion who fails to file an Objection shall be deemed to have consented to the assumption and assignment of the applicable Lease.

10. The Debtors further request that upon entry of the Order approving this Motion, the counterparties to the Leases assumed pursuant to this Motion be barred from asserting any claims arising on or before the date of entry of the Order against the Debtors, the Reorganized Debtors, or their respective successors or assigns, with respect to the Leases.

11. The Debtors reserve the right to modify Exhibit B in order to add or remove any Lease, upon notice to the counterparties to any Lease affected by such amendment, no later than seven (7) days prior to the hearing on this Motion. The Debtors also reserve the right to seek this Court's authorization to assume, assume and assign, or reject any additional Lease prior to the hearing on this Motion.

12. The Debtors further retain their rights, subject to appropriate notice and opportunity to object and Bankruptcy Court approval, to assign any of the Leases pursuant to and in accordance with the requirements of section 365 of the Bankruptcy Code.

## BASIS FOR RELIEF

A. **Applicable Law**

13. Section 365(a) of the Bankruptcy Code permits a debtor-in-possession, "subject to the court's approval, [to] assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). By enacting section 365(a) of the Bankruptcy Code, Congress intended to allow a debtor to assume those contracts that benefit the estate, and to reject those that are of no value to or that are burdensome to the estate. In re Whitcomb & Keller Mortgage Co., 715 F.2d 375, 379 (7th Cir. 1983); In re Sandman Assocs., L.L.C., 251 B.R. 473, 480 (W.D. Va. 2000) ("The authority granted by section 365 allows the trustee or debtor in

5

possession to pick and choose among contracts, assuming those that are favorable and rejecting those that are not.").

14.     It is well established in the Third Circuit, as well as other jurisdictions, that decisions to assume or reject executory contracts or unexpired leases are matters within the "business judgment" of the debtor. Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp., 872 F.2d 36, 40 (3d Cir. 1989); NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); In re Federal Mogul Global, Inc., 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or gross abuse of discretion."); In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994). Accordingly, courts approve the assumption of an unexpired lease unless evidence is presented that the debtor's decision to assume or reject "was so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." In re Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986). Indeed, to impose more exacting scrutiny would slow a debtor's reorganization, thereby increasing its cost and undermining the "Bankruptcy Code's provisions for private control" of the estate's administration. Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1986).

**B.     The Relief Requested is Supported by the Debtors' Business Judgment**

15.     The Debtors' decision to assume the Leases is supported by sound business judgment. Since the Petition Date, the Debtors have been diligently analyzing all of their prepetition leases. To date, the Debtors have obtained three orders collectively authorizing the rejection of 52 real estate leases.[4]  In addition, simultaneously with the filing of this Motion, the

---

[4] See Order Authorizing Debtors First Omnibus Motion to Reject Certain Leases of Nonresidential Real Property [Docket No. 226]; Order Authorizing Debtors Second Omnibus Motion to Reject Certain Leases of Nonresidential

46429/0001-5694380V2

Debtors have filed a Fourth Omnibus Lease Rejection Motion with the Court, seeking authorization to reject an additional 30 real estate leases.

16. Given that the Debtors were parties to approximately 250 prepetition office and warehouse leases, as well as approximately 65 transmitter leases, the Debtors requested, and were granted by this Court, an extension to assume or reject their unexpired real property leases on March 25, 2009 (the "Extension Order").[5] Based on their review of the Leases, the Debtors have determined in their business judgment that the Leases are beneficial to their businesses and reorganization efforts and are necessary to sustain their business operations through and upon their emergence from these chapter 11 cases. See Pater Declaration at ¶ 6. The Debtors and their advisors have also ensured that all of the Leases are competitively priced and in some instances have negotiated with the Landlords under certain of the Leases in order to obtain more favorable terms as a condition of assuming such Leases. These negotiations have provided the Debtors with such favorable terms as, inter alia, rent reductions, space contraction options, and extended lease terms. Leases that are to be assumed as amended postpetition are noted on Exhibit B attached hereto.

17. If the Debtors are denied the ability to assume the Leases at this time, the Debtors will be unable to assume the Leases at a later date and lose the benefit of these Leases as, pursuant to section 365(d)(4) of the Bankruptcy Code and the Extension Order, the Debtors must assume unexpired leases of nonresidential real property by July 6, 2009 or else the Leases will be deemed rejected. The wholesale rejection of the Leases would be severely detrimental to the Debtors' businesses and reorganization prospects. The Debtors are dependent upon a large

---

Real Property [Docket No. 430]; Order Authorizing Debtors Third Omnibus Motion to Reject Certain Leases of Nonresidential Real Property [Docket No. 791].

[5] See Order Granting the Debtors' Motion to Extend the Time to Assume or Reject Unexpired Leases of Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code [Docket No. 815].

46429/0001-5694380V2

number of leased premises to sustain their nationwide business operations, which include distribution centers, warehouses, office spaces, and broadcast towers and facilities. The Debtors could not plausibly hope to replace the premises covered by the Leases with suitable space within the month that remains before the Leases would be deemed rejected. Accordingly, rejection of the Leases would leave the Debtors unable to carry out a substantial portion of their business operations for the foreseeable future, with detrimental consequences to the Debtors' businesses and reorganization prospects.

### C.    The Debtors have Provided for Payment of Cure Amounts and Adequate Assurance of Future Payment

18. Pursuant to section 365(b)(1) of the Bankruptcy Code, if a debtor is in default under an executory contract or unexpired lease, a debtor-in-possession may not assume such executory contract or unexpired lease unless, at the time of assumption, the debtor-in-possession (1) cures or provides adequate assurance that it will promptly cure any defaults; (2) compensates or provides adequate assurance of prompt future compensation for actual pecuniary loss resulting from any defaults; and (3) provides adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1)(A)-(C). See also Cinicola v. Scharffenberger, 248 F.3d 110, 119 (3d Cir. 2001) (holding that 365(b) requires prompt cure of any default under an unexpired lease before a debtor-in-possession can assume such lease); L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc), 209 F.3d 291, 298 (3d Cir. 2000) (requiring a debtor-in-possession to cure defaults under lease agreement before assumption).

19. By this Motion, the Debtors seek authorization to pay the Cure Amounts set forth in Exhibit B in order to comply with the requirements of section 365(b) of the Bankruptcy Code. The Debtors submit that they are current on all postpetition amounts owing under the Leases and that any amounts owing with respect to the Leases are minimal. See Pater

8

Declaration at ¶ 8. The collective Cure Amount under the Leases is approximately $377,000. In light of the size of the Debtors' estates, the number of Leases and the benefits that such Leases will provide to the Debtors' business operations going forward, the Debtors believe that payment of the Cure Amounts is well-justified. See Id. The Debtors believe that paying any Cure Amounts associated with the Leases is necessary to their reorganization efforts and will not be overly burdensome to their estates and creditors.

20. The Debtors further submit that, in light of the circumstances of these chapter 11 cases, the Landlords have adequate assurance of the Debtors' future performance under the Leases. In particular, the Debtors have performed their obligations owing under the Leases during the pendency of these chapter 11 cases and are current on all postpetition amounts under Leases. Moreover, the Debtors have determined that the Leases are necessary to sustain their business operations during and upon emergence from chapter 11 bankruptcy protection. As such, the Debtors' continued performance under the Leases is necessarily contemplated in the Debtors' business plan. See Pater Declaration at ¶ 9.

21. The Debtors have ample liquidity to meet their obligations under the Leases. See Order Approving Amendments to Securitization Facility [Docket No. 878]. Subsequent to the Petition Date, the Debtors have received Bankruptcy Court approval for a $225 million financing facility. As of April 30, 2009 the Debtors had cash on hand of approximately $710 million and have had an average monthly cash on hand of approximately $708 million since the Petition Date. See Monthly Operating Report for Filing Period March 30, 2009 through April 26, 2009 [Docket No. 1242]; see also Monthly Operating Reports for Filing Periods March 2, 2009 to March 29, 2009 [Docket No. 1101]; February 2, 2009 to March 1, 2009 [Docket No. 842]; December 8, 2009 to December 28, 2009 [Docket No. 466]. Consequently, ample evidence

46429/0001-5694380V2

exists to demonstrate that the Landlords are adequately assured of the Debtors' future performance under the Leases. In light of the foregoing, the Debtors respectfully submit that assuming the Leases is supported by their sound business judgment and is in the best interests of their estates and creditors.

## NOTICE

22. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for the Debtors' prepetition loan facilities; (iv) the administrative agent for Debtors' postpetition loan facility; (v) the landlords under the Leases [and the subtenants of the Debtors at the properties covered by the Leases]; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

23. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order authorizing the Debtors to (i) assume the Leases, (ii) set Cure Amounts with respect thereto, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
June 5, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION