IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | No.08-13141(KJC) |
| TRIBUNE COMPANY, ET.AL. | JOINTLY ADMINISTERED |
| | No. 08-13185(KJC) |
| Debtor | No. 08-13235(KJC) |

**AMENDED MOTION OF JAYNE CLEMENT FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE TO ALLOW FOR PROSECUTION OF HER PRE-PETITION INDIVIDUAL AND CLASS ACTION SUITS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

Jayne Clement, by and through her undersigned counsel, brings this *Motion for Relief from the Automatic Stay under Section 362 of the Bankruptcy Code to Allow for Prosecution of her Pre-Petition Individual and Class Action Suits in the Superior Court of California, County of Los Angeles* and, in support thereof, respectfully states as follows:

## JURISDICTION AND VENUE

1. This Honorable Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. Sec. 1334 and this matter is a core proceeding within the meaning of 28 U.S.C. Sec. 157(b)(2)(A) and (G).

2. Venue is proper vested in this Court pursuant to 28 U.S.C. Sec. 1409.

## BACKGROUND

3. On December 8, 2008, (the "Petition Date"), The Tribune Company initiated these Chapter 11 proceedings by filing a voluntary petition for relief under the provisions of the United States Bankruptcy Code.

4. In addition, Los Angeles Times Communications, LLC and Tribune Media Net, Inc. also filed for protection under Chapter 11 of the United States Bankruptcy Code; being assigned docket numbers 08-13185 and 08-13235 respectively

5. On December 10, 2008, by order of the Court, Case 08-13185 (In re: Los Angeles Times Communications, LLC) and Case 08-13235 (In re: Tribune Media Net, Inc.) were consolidated into and to be jointly administered together with Case 08-13141 under the aegis of In re: Tribune Company, et. al. (Docket Index 43).

6. Debtors are debtors-in possession and continue to operate their business pursuant to 11 U. S.C. Sections 1107 and 1108.

7. Movant was employed as an account executive by the Tribune Company, Tribune Interactive, Tribune Media Net, Inc. and Los Angeles Times Communications, LLC from February, 2000 through August 16, 2005.

8. On or about August 16, 2005, Movant was forced to tender notice of her intent to terminate her employment due, in large part, to objectively intolerable work conditions constituting constructive termination.

9. Movant was discharged by her supervisor, Donna Stokley who insisted that Movant's termination of employment be effective August 17, 2005.

10. Prior to termination, Movant, as part of her compensation package, received commissions based upon the amount of business brought to Debtors.

11. Debtors terminated all commission payments due Movant with the termination of employment.

12. All account executives employed by Debtors have had their commissions canceled regardless of the fact that they were due and owing upon termination. Debtors' actions demonstrated their purposeful, class-based invidiously discriminatory animus.

13. As a direct result of Debtors' discrimination, Movant has, among other things, sustained a loss of earnings, emotional and psychological distress, loss of self esteem, loss of future earnings power, back pay and front pay.

14. On August 16, 2007, Movant, in her individual capacity, initiated suit by filing a complaint seeking damages for wrongful termination on the basis of age discrimination, wrongful termination on a basis of violation of public policy for complaints concerning wage issues, defamation, violations of the labor code and breach of implied in fact contract in the Superior Court of California, County of Los Angeles.

15. At all times relevant for this action, Movant was acting strictly in her individual capacity.

16. The action was assigned docket number BC 376 076 and joined The Tribune Company, Tribune Interactive, Tribune Media Net, Inc., Los Angeles Times Communications, LLC, Donna Stokley and Does 1 to 100 as defendants.

17. As litigation in this action continued, Movant was required to file an Amended Complaint on November 14, 2007. A copy of the Amended complaint is attached hereto as Exhibit A.

18. On December 15, 2008, the Court was appraised of the filing of a Chapter 11 bankruptcy action by Tribune Company, Tribune Media Net, Inc. and Los Angeles Times Communications, LLC.

19. Tribune Interactive, from all corporate defendants, did not file a bankruptcy petition.

20. On December 22, 2008, the Honorable Kevin Brazille, following the filing of an ex-parte application for stay by Tribune Interactive and Donna Stokley, issued an order granting the ex-parte motion and staying further proceedings in Movant's individual action.

21. Moreover, on May 10, 2008, Movant, in her individual capacity and as representative of a class consisting of account executives terminated by Debtors, filed a complaint seeking damages for violations of the California Labor Code and violations of the California Business and Professions Code with the Superior Court of California in the County of Los Angeles.

22. At all times relevant, Movant was acting, and continues to act, both in her individual capacity and as the class representative.

23. The action was assigned docket number BC 390 943 and joined the Tribune Company, Tribune Interactive, Inc., Tribune Media Net, Inc., Los Angeles Times Communications, LLC, the Los Angeles Times and Does 1 to 1000 as Defendants.

24. In addition to the petition filed by the Tribune company, voluntary Petitions were filed by Tribune Media Net, Inc. and Los Angeles Times Communications, LLC on December 8, 2008.

25. On December 15, 2008 the Superior Court was provided Notice of a Stay under Section 362 of the United States Bankruptcy Code.

26. Tribune Interactive, Inc. did not file a petition with the Bankruptcy Court. A copy of the Notice of Filing of Voluntary Petitions under Chapter 11 by Tribune Company, Tribune Media Net, Inc. and Los Angeles Times Communications, LLC is attached hereto as Exhibit B

27. Based upon stipulations negotiated between counsel, the Honorable Gregory Alarcon issued an Order on January 14, 2009 staying the action in its entirety until notice is provided that the automatic stay has been lifted or until the Bankruptcy Court determines otherwise. A copy of Judge Alarcon's January 14, 2009 Order is attached hereto as Exhibit C

28. Judge Alarcon has continued the class action to October 26, 2009, at which time a Rule to Show Cause regarding the status of the Automatic Stay shall be heard.

29. Movant and the class participants request this Honorable Court modify the automatic stay to pursue claims against Debtors in the Superior Court of California, County of Los Angeles for the following reasons.

## LEGAL FRAMEWORK

30. The purpose of the automatic stay is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the

depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Izzarelli v. Rexene (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

31. Although broad, "[the automatic stay] is not all encompassing. Section 362(b), for example, provides exemptions from the automatic stay. As a further restriction, the Code requires that the proceeding stayed 'was or could have been commenced' before filing or that the proceeding was based on a claim that arose pre-petition. Proceedings or claims arising post-petition are not subject to the automatic stay." *In re M. Frenville Co., 744 F.2d 332, 334-335 (3d Cir. N.J. 1984)*(internal citations omitted).

32. A court, upon motion of a party, may grant relief from the automatic stay for "cause." 11 U.S.C. 362(d). "Cause is not defined in the Code, and whether or not grounds exist to lift the automatic stay must be determined by the bankruptcy court on a "case by case basis." *Izzarelli v. Rexene (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

33. This Court has adopted a three prong test to determine whether to grant relief from the automatic stay:

    a.    Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the litigation;

    b.    Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

        c.      The probability of the creditor prevailing on the merits.

*In re: The SCO Group, 395 B.R. 852 (Bankr. D. Del 2007) (Citing Izzarelli v. Rexene (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).*

### *Factors supporting Modification of Stay*

34. The three factors discussed by *In re: The SCO Group*, 395 B.R. 852 (Bankr. D. Del 2007) weigh in favor of granting Movant relief or modification of the automatic stay.

### *Whether any great prejudice to either the bankrupt estate or the debtor will result*

35. Debtors will not suffer any great prejudice by the continuation of Movant's civil suits as the damages are specific and limited by law with regard to wage and compensation claims.

36. Debtors continue to enjoy the benefit of a substantial revenue stream through the efforts of account executives still employed by Debtors.

37. It should, however, be noted that a portion of the claims raised by Movant and the class participants involve unpaid wages and/or compensation and are classified as priority claims.

38. Debtors are prejudiced by the fact that such claims remain unliquidated and without a firm number, Debtors are unable to include such claims in any viable reorganizational plan.

39. Debtors would benefit from the resolution of the action in a forum where all witnesses and evidence are readily available.

40. Neither the bankruptcy estate nor the Debtors will suffer any great prejudice with regard to resolution of Movant's individual claims,

41. While the damages resulting from such claims are flexible and subject to the whims of a jury or other fact finder, they remain unliquidated.

42. Debtors are unable to form any sort of viable reorganizational plan without a resolution of Movant's individual claims.

43. A rapid resolution of Movant's claims would provide Debtors with fresher memories and evidence that could possibly mitigate Debtors' liabilities to Movant.

44. As with the class action, Debtors would benefit from the resolution of Movant's individual claims in a forum where all witnesses and evidence are immediately available.

*The hardship suffered by Movant resulting from the maintenance of the stay considerably outweighs any hardship to the Debtor;*

45. If not permitted to proceed with the civil actions, Movant will suffer great prejudice. Debtors are corporate entities with the means to better support long term litigation while Movant is an individual with limited resources.

46. From a personal and an evidentiary standpoint, Movant's claims (and those of the class) are affected with the passage of time. The memories of potential witnesses fade, evidence may be spoilated and Movant and class participants continue to accrue damages.

*Movant has a substantial probability of prevailing on the merits of her claims in both the individual action and the class action.*

47. As set forth in both her complaints, Movant suffered direct discrimination as the result of her age and the falsities perpetuated by her direct supervisor.

48. Such discrimination is a violation of public policy as codified on both a state and federal level.

49. As outlined in both complaints, the questioning of wage discrepancies resulted in Movant's termination in violation of public policy.

50. Defamatory comments on the part of Movant's direct supervisor have damaged her reputation to the extent that it is difficult, if not impossible to obtain alternate employment in her chosen field.

51. Debtors' breach of an implied-in-fact contract requires Debtors to show just cause for Movant's termination which can, at times, be difficult.

52. Movant's claims asserted in the class action, on her own behalf and on behalf of the class participants, are based upon principles codified in the California Labor Code together with the California Business and Professions Code.

53. Failure to pay wages or other compensation due an individual upon termination is a violation of those statutes.

54. Debtors must show cause as to why individuals terminated, for whatever reason, are not entitled to wages or compensation earned prior to termination.

55. Without good reason, terminated individuals are entitled to wages and/or compensation earned prior to termination.

56. Debtors are unable to show sufficient cause for withholding commissions earned by Movant and the class participants prior to their termination.

57. "Even a slight probability of success on the merits may be sufficient to support lifting the automatic stay in an appropriate case." *SCO Group*, 395 B.R. at 859.

## RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order modifying the automatic stay to permit Movant to liquidate her individual and class action claims against Debtors and for such other relief as the Court deems just and proper.

Respectfully submitted,
REAL WORLD LAW, PC
/s/ Glenn A. Brown
GLENN A. BROWN, DMD, ESQUIRE
Attorney ID No. 4669
916 North Union Street
No. 2
Wilmington, DE 19801
(302) 225-8340
glenn.brown@realworldlaw.com