# EXHIBIT A

1  Carney R. Shegerian, Esq., State Bar No. 150461
   SHEGERIAN & ASSOCIATES, INC.
2  1880 Century Park East, Suite 817
   Los Angeles, California 90067
3  Telephone Number: (310) 860-0770
   Facsimile Number:  (310) 860-0771
4
5  Attorneys for Plaintiff,
   JAYNE CLEMENT
6
7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 4 2007

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
A.E. LaFLEUR-CLAYTON

8      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9    **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  JAYNE CLEMENT,

12

13         Plaintiff,

14

15  vs.

16  TRIBUNE COMPANY, TRIBUNE
    INTERACTIVE, TRIBUNE MEDIA
17  NET, INC., LOS ANGELES TIMES
    COMMUNICATIONS, LLC, LOS
18  ANGELES TIMES, DONNA
    STOKLEY, and DOES 1 to 100,
19  inclusive,

20

21

22         Defendants.

23

24

25

26

27

28

Case No.: BC 376 036

**The Honorable Haley J. Fromholz**

**PLAINTIFF JAYNE CLEMENT'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**

(1) **WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY ON THE BASIS OF AGE DISCRIMINATION;**

(2) **WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY (COMPLAINING ABOUT WAGE ISSUES);**

(3) **DEFAMATION;**

(4) **VIOLATION OF LABOR CODE SECTIONS 1050, et. seq.;**

(5) **BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE.**

_**DEMAND FOR JURY TRIAL**_

Dept.:  20
Action Filed:        August 16, 2007

---

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff, Jayne Clement, alleges:

## INTRODUCTORY ALLEGATIONS

1. Plaintiff, Jayne Clement ("plaintiff" or "Clement"), is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

2. Defendant Tribune Company ("defendant" or "Tribune Company") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles.  At all times known to plaintiff, Tribune Company's principal place of business was in the County of Los Angeles.

3. Defendant Tribune Interactive ("defendant" or "Tribune Interactive") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles.  At all times known to plaintiff, Tribune Interactive's principal place of business was in the County of Los Angeles.

4. Defendant Tribune Media Net, Inc. ("defendant" or "Tribune Media") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles.  At all times known to plaintiff, Tribune Media's principal place of business was in the County of Los Angeles.

5. Defendant Los Angeles Times Communications, LLC ("defendant" or "Times Communications"), is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles.  At all times known to plaintiff, Times Communications' principal place of business was in the County of Los Angeles.

6. Defendant Los Angeles Times ("defendant" or "Times") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Los Angeles.  At all times known to plaintiff, Times' principal place of business was in the County of Los Angeles.

7.  Defendant Donna Stokley ("Stokley") is, and at all times mentioned in this Complaint was, employed by Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and/or Times as a director and was plaintiff's supervisor.  At all times known to plaintiff, defendant Stokley was a resident of the County of Los Angeles.

8.  Plaintiff Clement worked for defendants as an account executive from 2000 through August of 2005.  At all relevant times, Clement was an exemplary employee.

9.  Defendants Does 1 through 100 are sued under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

10.  Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times both directly and indirectly employed plaintiff.  In addition, defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times compelled, coerced, aided, and abetted the discrimination. At all relevant times mentioned herein, each of the entity defendants acted as the others' agent.  At all relevant times alleged, all defendants acted as agents of all other defendants in committing the acts alleged herein.

11.  During Clement's employment with defendants, she made repeated complaints about pay issues, but her complaints were never resolved.  In August of 2005, her employment was terminated after approximately nine months of making complaints about her supervisor, Donna Stokley, to human resources and experiencing retaliation in response.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

12. Thereafter, defendants defamed Clement to various prospective employers and persons in plaintiff's industry in violation of anti-defamation laws and California's law prohibiting blacklisting.

## FIRST CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy (Age Discrimination) — Against Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times)

13. The allegations set forth in paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

14. At all times herein mentioned, a fundamental public policy prohibiting age discrimination that was in full force and effect and was binding on defendants. This public policy required defendant to refrain from discriminating any employee because he or she is more than 40 years old, whether the discrimination is intentional or a disparate impact of business practices.

15. During plaintiff's employment with defendants, defendants, through their supervisors, managers, and directors, engaged in intentional actions that resulted in plaintiff being treated less favorably because of her age. Defendants maintained a systematic and continuing policy and goal of discharging and demoting employees over the age of 40, both intentionally and as an adverse impact of their business practices. Plaintiff believes and alleges that her age was a motivating factor in the termination of her employment.

16. During plaintiff's employment with defendants, defendants made ageist comments in plaintiff's presence, showed favoritism in hiring and promoting younger employees as well. Defendants excluded plaintiff from social events and refused to give plaintiff credit for her accomplishments despite an exemplary sales record all due to her age and her making complaints about not being paid wages that she believed that she

-4-

1    was entitled to earn.

2    17. As a proximate result of defendants' willful, knowing, and intentional

3    discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation,

4    emotional distress, and mental and physical pain and anguish, all to her damage in a sum

5    according to proof.

6    18. Defendants' discrimination was done intentionally, in a malicious, oppressive

7    manner, entitling plaintiff to punitive damages.

8    19. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees

9    and is entitled to the same under California Code of Civil Procedure section 1021.5.

10

11    ## SECOND CAUSE OF ACTION

12    **(Wrongful Termination of Employment in Violation**

13    **of Public Policy (For Making Wage Complaints) —**

14    **Against Defendants Tribune Company, Tribune**

15    **Interactive, Tribune Media, Times Communications,**

16    **and Times)**

17    20. The allegations set forth in paragraphs 1 through 19 are re-alleged and

18    incorporated herein by reference.

19    21. At all relevant times, there existed a fundamental public policy that prohibited

20    defendants from terminating any employees based on such employees discussing the

21    desire for an increase in pay, perceived disparities or the awarding of bonuses.

22    22. Such public policy has been held in numerous case decision including *Burton v.*

23    *Covenant Care* (2002) 99 Cal.App.4[th] 1361, 1376 which held that the Labor Code

24    provides basis a basis for a public policy claim, as follows:

25    "[T]he public policy of this State is declared as follows: [I]t is
    necessary that the individual workman have full freedom of association . . .

26    to negotiate the terms and conditions of his employment, and that he shall be
    free from the interference, restraint, or coercion of employers of labor, or

27    their agents, in . . . concerted activities for the purpose of . . . mutual aid or
    protection."

28    "The very purpose of the statute is to protect employees who want to

-5-

discuss some aspect of their compensation, for example, a possible increase in pay, perceived disparities in pay, or the awarding of bonuses. (emphasis added.)

*Id.* at 1374; 1376-77.

23. Many other case decisions have held that an employee cannot be fired for raising any types of wage complaints to an employer. *See Phillips v. Jemini Moving Specialties* (1998) 63 Cal.App.4[th] 563 (employee may sue for wrongful discharge based on retaliatory firing for disputing wage deductions); *Gould v. Maryland Sound Industries* (1995) 31 Cal.App.4[th] 1137 (employee may sue for wrongful discharge based on retaliatory firing for disputing overtime and other wages due).

24. Defendants terminated plaintiff's employment in violation of the public policy at issue in these case and various Labor Code statutes including sections 200, 201, 216, 1194 et. seq. Specifically, plaintiff's employment was terminated in part because she made numerous complaints to defendant about her wages, compensation and pay during the last nine months of her employment to defendant Donna Stokley and defendants' human resources department thereafter.

25. As a proximate result of defendants' termination of plaintiff's employment in violation of these public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

26. Defendants' retaliatory termination of plaintiff's employment in violation of public policy was done intentionally, in a malicious, oppressive manner, entitling plaintiff to punitive damages.

27. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees and is entitled to the same under California Code of Civil Procedure section 1021.5.

///
///
///
///

-6-

## THIRD CAUSE OF ACTION

**(Defamation (Civil Code §§ 45, 46) — Against Defendants**
**Tribune Company, Tribune Interactive, Tribune Media,**
**Times Communications, Times, and Stokley)**

28. The allegations set forth in paragraphs 1 through 27 are re-alleged and incorporated herein by reference.

29. Defendant Donna Stokley falsely informed individuals other than plaintiff that plaintiff was: (1) an incompetent employee; (2) an unsuccessful employee; (3) not a diligent employee; (4) a trouble employee; and (5) not the type of employee another company in the same field would want to hire.

30. Defendant Stokley made such comments to Margaret Helpsley, Leah Corselli, Seashall Morse, Kristen Williams and Greg Weber;

31. Such comments were untrue, such comments were intentionally misleading, and such comments were maliciously made by defendant Stokley.

32. Defendants falsely informed individuals other than plaintiff that plaintiff was an incompetent employee, despite the fact that plaintiff had had years of outstanding performance evaluations during her employment with defendants.

33. As a result of these false statements, plaintiff has been injured in her profession and continues to be injured in her profession. Plaintiff has sustained and continues to sustain losses of earnings and other employment benefits.

34. As a proximate result of defendants' willful, knowing, and intentional false representations about plaintiff, plaintiff has suffered and continues to suffer humiliation and mental pain and anguish, all to her damage in a sum according to proof.

35. Defendants' misconduct was done intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendants.

///
///
///

## FOURTH CAUSE OF ACTION

**(Violation of Labor Code §§ 1050, et. seq.**

**— Against Defendants Tribune Company, Tribune**

**Interactive, Tribune Media, Times Communications,**

**Times and Stokley)**

36.  The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37.  At all times herein mentioned, Labor Code sections 1050, et. seq. was in full force and effect and were binding on defendants.  This statute mandated that "[a]ny person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor."

38.  Defendants violated these laws by intentionally misrepresenting plaintiff's abilities to prospective employers that plaintiff was less than a wholly excellent, competent and hard-working employee.

39.  Specifically, defendants violated these laws by intentionally misrepresenting plaintiff's abilities to USA Today, a company for which plaintiff applied for employment, so that plaintiff would be prevented from obtaining subsequent employment.

40.  Defendant Donna Stokley falsely informed individuals other than plaintiff that plaintiff was: (1) an incompetent employee; (2) an unsuccessful employee; (3) not a diligent employee; (4) a trouble employee; and (5) not the type of employee another company in the same field would want to hire.  Defendant Stokley made such comments to Margaret Helpsley and Leah Corselli;

41.  As a proximate result of defendants' willful, knowing, and intentional action, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

42. Defendants' actions in intentionally misinforming others about plaintiff's abilities as an employee were made maliciously and oppressively by a managing agent, entitling plaintiff to punitive damages;

43. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees and is entitled to the same.

## FIFTH CAUSE OF ACTION

### (Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause — Against Defendants Tribune Company, Tribune Interactive, Tribune Media, Times Communications, and Times)

44. The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

45. On the basis of oral assurances of continued employed given to plaintiff by defendants' supervisors, the length of plaintiff's employment with defendants, defendants' actual practice of terminating employment only for cause, and the industry standard for the business defendants engage in of terminating employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that defendants have good cause to terminate plaintiff's employment.

46. Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

47. As a proximate result of defendants' willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

WHEREFORE, plaintiff, Jayne Clement, prays for judgment against defendants as

follows:

1. For general and special damages according to proof;

2. For exemplary damages according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For injunctive relief directing defendants from not making misrepresentations about plaintiff's work abilities; and

7. For such other and further relief as the Court may deem just and proper.


ADDITIONALLY, plaintiff, Jayne Clement, demands trial of this matter by jury.


Dated: November 12, 2007                    SHEGERIAN & ASSOCIATES, INC.

                                            By: _____
                                            Carney R. Shegerian, Esq.

                                            Attorneys for Plaintiff,
                                            JAYNE CLEMENT

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

<u>CLEMENT V TRIBUNE, et. al.</u>                                         <u>CASE NO.: BC 376036</u>

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1880 Century Park East, Suite 817, Los Angeles, California 90067.

On November 13, 2007, I served the foregoing document, described as "**PLAINTIFF JAYNE CLEMENT'S FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**" on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Timothy L. Hix, Esq.**
**SEYFARTH SHAW**
**One Century Plaza, Suite 3300**
**2029 Century Park East**
**Los Angeles, CA 90067-3063**

☒      **(BY MAIL)** As follows:

☒      I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

☒      I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☐      **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

☒      **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

☐      **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

☐      **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

Executed on November 13, 2007 at Los Angeles, California.

Griselda Carrion