# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

**PROOF OF CLAIM**

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| TRIBUNE COMPANY | 08-13141 (KJC) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO) SCHEDULE #: 141004210*****
DEUTSCHE BANK NATIONAL TRUST COMPANY
ATTN: DAVID CONTINO, VICE PRESIDENT
GLOBAL TRANSACTION BANK TRUST & SEC SERV
25 DEFOREST AVE, MAIL STOP: SUM01-0105
SUMMIT, NJ 07901

Telephone number:     Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (if known)

Filed on: 036566

Your claim is scheduled by the Debtor as:

$335,486,250.00 UNSECURED UNLIQUIDATED

Name and address where payment should be sent (if different from above)
Stanley Burg
Deutsche Bank Trust Company Americas
MS NYC 60-2720
60 Wall Street
New York, NY 10005-2858
Telephone number: 212-250-5280    Email Address: stan.burg@db.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 335,486,250.00

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $

2. Basis for Claim: See attached addendum.
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
JUN 0 5 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 6/2/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Stanley Burg    Stanley Burg, Vice President

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE CORPORATION, et al., | ) | Case No. 08-13141 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

**ATTACHMENT TO PROOF OF CLAIM OF DEUTSCHE BANK TRUST COMPANY AMERICAS AS SUCCESSOR INDENTURE TRUSTEE UNDER INDENTURE, DATED AS OF JANUARY 1, 1997, AS AMENDED AND SUPPLEMENTED, BY AND BETWEEN THE TRIBUNE COMPANY AND BANK OF MONTREAL TRUST COMPANY AS TRUSTEE (THE 1997 INDENTURE)**

1. **BASIS FOR CLAIM:**

This proof of claim ("Proof of Claim") is against Tribune and arises under the Indenture and Notes, which terms are defined below.

This Proof of Claim is asserted by Deutsche Bank Trust Company Americas, solely in its capacity as the successor Indenture Trustee (the "Trustee"), on behalf of the holders (the "Noteholders") of the: (i) 4.875% Debentures due August 15, 2010 (the "4.875% Notes"); (ii) 5.25% Debentures due August 15, 2015 (the "5.25% Notes"); and (iii) 5.67% Debentures due December 8, 2008 (the "5.67% Notes"; collectively the "Notes"), under that certain indenture dated as of January 1, 1997, as amended and supplemented (the "Indenture"), by and between The Tribune Company ("Tribune") and Bank of Montreal Trust Company, as the predecessor indenture trustee.

Pursuant to the Indenture, Tribune issued the Notes. The obligations evidenced by the Notes are set forth in the Indenture and related documents (collectively, the "Indenture Documents").

ME1 8620663v.2

On December 8, 2008 (the "Petition Date"), Tribune and 111 subsidiaries (collectively, the "Debtors") filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

Pursuant to Section 5.01 of the Indenture, Tribune has defaulted on its obligations under the Indenture.

2. CLASSIFICATION OF CLAIM AND TOTAL AMOUNT OF CLAIM AS OF PETITION DATE

This is an Unsecured Nonpriority Claim.

Pursuant to the Indenture, Tribune was, as of the Petition Date, and, still is, indebted in an amount not less than $862,246,024.00 as follows:

(a) Principal Amount:

(i) $450,000,000.00 aggregate principal on the 4.875% Notes;

(ii) $330,000,000.00 aggregate principal on the 5.25% Notes. and

(iii) $69,550,000.00 aggregate principal on the 5.67% Notes.

(b) Accrued Unpaid Interest:

(i) As of the Petition Date, (x) $6,946,875.00 on the 4.875% Notes; (y) $5,486,250.00 on the 5.25% Notes; and (z) $262,899.00 on the 5.67% Notes;

(ii) plus accruing interest from the Petition Date (as defined and described in the Indenture); and

(iii) plus interest on overdue interest, to the extend enforceable, including, without limitation, interest upon interest on any deferred interest payments.

(c)  Indenture Trustee's Expenses:

Pursuant to the provisions of the Indenture, Tribune is also obligated to the Trustee for all amounts due or to become due to the Trustee in accordance with the terms of the Indenture, including, without limitation, compensation, reimbursement of all reasonable expenses, federal, state and local taxes or other fees or governmental charges, assessments, disbursements and advances incurred or made by the Trustee (including the reasonable compensation and the expenses and disbursements of counsel and of all persons in its employ), and for all other reimbursable expenses set forth in the Indenture, including, without limitation, indemnification of the Trustee and predecessor trustees, respectively under the Indenture for any loss, liability or expense, including reasonable attorneys' fees, disbursements and expenses, including the cost of defense and/or settlement of any claim or liability in connection with the exercise or performance of the Trustee's duties under the Indenture (collectively, the "Expenses"); and

(d)  Other Unliquidated Amounts:

Plus any and all additional unliquidated amounts which may be owed under the Indenture, whether now due or hereafter arising, under law or in equity, which amounts may presently be unliquidated or contingent, but may become fixed and liquidated in the future, including, without limitation, the Expenses, other interest expenses, default interest, and other amounts owed as or for expenses, indemnities, optional or mandatory redemptions, compensatory, secondary and/or punitive damages, and amounts due or coming due for all compensation obligations including, but not limited to, compensation obligations to the paying agent and registrar, all present or future stamp, court documentary, excise or property taxes, charges or similar levies, and any and all payment obligations or claims relating to or arising from a breach of any covenant defined and described in Article Ten of the Indenture.

3

ME1 8620663v.2

3.  SUPPORTING DOCUMENTATION. A copy of the Indenture is attached to the Proof of Claim as Exhibit "A".

4.  NOTICE. All notices or objections relating to this Proof of Claim should be served upon:

> Deutsche Bank Trust Company Americas
> Attn: Stanley Burg
> MS NYC60-2720
> 60 Wall Street
> New York, New York 10005-2858
> (212) 250-5280
> stan.burg@db.com

-and-

> McCarter & English, LLP
> Attn: David J. Adler, Esq.
> 245 Park Avenue
> 27th Floor
> New York, New York 10167
> (212) 609-6847
> dadler@mccarter.com

5.  RESERVATION OF RIGHTS:

The Trustee does not waive, and expressly reserves, all rights and remedies at law or in equity that the Trustee, individually or in its capacity as Trustee, has or may have against Tribune, its estate, any of the other Debtors, or any successor entity thereof, or any other person or entity, including, without limitation, rights against the Noteholders, whether such right or remedy arises before, upon or after the Petition Date. The Trustee further reserves all of its procedural and substantive defenses to any claim that may be asserted against the Trustee, individually or in its capacity as Trustee, by Tribune, any of the other Debtors, or any successor entity thereof, or any other person. The Trustee reserves the right to amend, revise or supplement this Proof of Claim at any time and in any respect, including, without limitation, the

4

addition of further documents and information, as necessary or appropriate to support, amend, quantify or correct amounts, to provide additional detail regarding the claims set forth herein, to assert alternative theories of recovery, and to fix the amount of any contingent or unliquidated claims.

This Proof of Claim is not intended to be, and shall not be construed as (a) an election of remedies; (b) waiver of any defaults; or (c) a waiver or limitation of any rights at law or equity, remedies, claims or interests of the Trustee. To the extent any of the claims asserted herein are administrative claims, the Trustee asserts them as administrative claims, and nothing herein shall be construed as a waiver of any request for, right to, or expectation of administrative treatment of, any such claims.

6. JURISDICTION: In filing this Proof of Claim, the Trustee does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this Proof of Claim for any and all amounts due under the Indenture, and does not consent to the jurisdiction of the Bankruptcy Court to adjudicate any other matter relating to the Indenture, or relating to the rights and remedies of the Trustee or the Noteholders, including, without limitation, any adjudication concerning or relating to any rights and priority of payment accorded to the Trustee, and any predecessor or successor trustee, pursuant to the Indenture.

The Trustee expressly reserves all of it rights to file an amended or supplementary proof of claim, if and when necessary, for additional, contingent, and or other claims, including, but not limited to, amounts owed on account of fees and expenses incurred as a result of the Trustee's services on account of the filing.

Dated: June 1, 2009
New York, New York

        McCARTER & ENGLISH, LLP
        Attorneys for Deutsche Bank Trust
        Company Americas

        /s/ David J. Adler
        By: David J. Adler
           A Member of the Firm