# EXHIBIT A

# STIPULATION

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

In re:                              :        **Chapter 11**

                                    :

**TRIBUNE COMPANY, et al.**[1]       :        **Case No. 08-13141 (KJC)**

                                    :

         **Debtors.**                   :        **Jointly Administered**

                                    :

-------------------------------------------------------x        **Ref. No. 813**

## JOINT STIPULATION PERMITTING THE ACE COMPANIES
## TO FILE A SINGLE PROOF OF CLAIM UNDER ONE CASE NUMBER

Tribune Company, together with its affiliated debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned Chapter 11 cases (collectively, the "Cases"),

and ACE American Insurance Company, ACE Insurance Company, ACE Fire Underwriters

Insurance Company, ACE Property and Casualty Insurance Company, Bankers Standard

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Insurance Company, Century Indemnity Company, Indemnity Insurance Company of North America, Insurance Company of North America, Illinois Union Insurance Company, INA Surplus Insurance Company, Pacific Employers Insurance Company, Westchester Fire Insurance Company, and Westchester Surplus Lines Insurance Company (collectively and together with each of their affiliates, the "ACE Companies") have agreed that ACE American Insurance Company shall be permitted to file a single proof of claim on its own behalf and on behalf of all of the ACE Companies with respect to the ACE Insurance Program (as defined herein), which shall be deemed to have been filed by each of the ACE Companies in each of the Debtors' Cases, for the reasons and on the terms and conditions set forth below:

## RECITALS

A.      On December 8, 2008 (the "Petition Date"), each of the Debtors filed their respective voluntary petitions for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

B.      Prior to the Petition Date, the ACE Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to certain Debtors and their non-debtor affiliates as named insureds.

C.      Prior to the Petition Date, the ACE Companies and the Debtors and/or their non-debtor affiliates also entered into certain written agreements in connection with the Policies (as renewed, amended, modified, endorsed or supplemented from time to time, and including any exhibit or addenda thereto, collectively, the "Insurance Agreements").

D.      Pursuant to the Policies and Insurance Agreements (the "ACE Insurance Program"), the ACE Companies provide, *inter alia*, certain workers' compensation, general

liability, products liability, directors and officers liability, automobile liability, and certain other liability insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein; and the ACE Companies assert that the insureds, including one or more of the Debtors, are required to pay to the ACE Companies certain amounts including, but not limited to, insurance premiums, including retro and audit premiums, and are responsible for certain deductibles, as more particularly described in the ACE Insurance Program (the "Obligations").

E.    On or about March 25, 2009, the Court entered an order setting a bar date of June 12, 2009 for filing proofs of claim against the Debtors ("Bar Date Order").

IN LIGHT OF THE FOREGOING, the Debtors and the ACE Companies agree as follows:

1.    Notwithstanding anything to the contrary set forth in the Bar Date Order or notice thereof, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and/or local bankruptcy rules, (i) ACE American Insurance Company on its own behalf and on behalf of all of the ACE Companies shall be permitted to file a single proof of claim (together with any amendments thereto, the "Claim") with respect to the ACE Insurance Program and (ii) the Claim is to be filed in the case of Tribune Company (Case No. 08-13141) but shall be deemed to have been filed by each of the ACE Companies under the applicable Policies and Insurance Agreements in each of the Debtors' Cases.

2.    This Stipulation is intended solely for the purpose of administrative convenience. Except to the extent expressly agreed herein, this Stipulation shall not be deemed to constitute an agreement or admission as to the validity of any claims and shall not affect the substantive rights of any Debtor, the ACE Companies or any other party in interest with respect

to the allowance, amount or priority of any of the ACE Companies' claims, or with respect to any objection, defense, offset or counterclaim relating to the ACE Companies' claims. This Stipulation shall not be deemed to constitute a waiver or modification of any rights, claims or defenses or an admission against interest, including, without limitation, the right of the ACE Companies to (i) assert joint and several liability against some or all of the Debtors, (ii) modify the Debtor(s) against which the Claim is asserted, and/or (iii) amend the amount of the Claim; provided, further, that the Debtors shall not seek to have the Claim disallowed, reduced or expunged solely on the basis that the Claim is asserted against Tribune Company rather than another Debtor or Debtors, and provided, further, that the Debtors agree that any of the foregoing enumerated amendments, or other amendments otherwise permissible under applicable bankruptcy law pertaining to amendments to proofs of claim after the bar date, shall not be subject to the June 12, 2009 deadline under the Bar Date Order. The Debtors hereby reserve their rights to contest any claims asserted hereunder and nothing herein shall impair or otherwise restrict the ability of the Debtors or any other party in interest to object to, or otherwise challenge, allegations set forth in any claim asserted under this Stipulation, including but not limited to any allegations based on joint and several liability.

3. Nothing herein alters the ACE Companies' or the Debtors' rights and obligations under the ACE Insurance Program or modifies the coverage provided thereunder.

4. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile shall be deemed an original signature for purposes of this Stipulation.

DM3\997471.1

5.    This Stipulation and its terms and conditions are subject to the approval of

the Court.

Date: June _5_, 2009

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

and

Bryan Krakauer
James F. Conlan
Kevin T. Lantry
D'Lisia E. Bergeron
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for the Debtors and Debtors In Possession

Date: June ___, 2009

_____
Richard W. Riley, Esq. (No. 4052)
DUANE MORRIS LLP
1100 North Market St., Ste. 1200
Wilmington, DE 19801
Telephone: (302) 657-4900
Facsimile: (302) 657-4901

and

Margery N. Reed, Esquire
Wendy M. Simkulak, Esquire
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020

Attorneys for the ACE Companies