IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: July 16, 2009 at 3:30 p.m. (ET)<br>Objection Deadline: July 9, 2009 4:00 p.m. (ET) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE EXAMINATION OF ROBERT R. MCCORMICK TRIBUNE FOUNDATION AND THE CANTIGNY FOUNDATION AND THE PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this Motion for an Order Authorizing the Examination of the Robert R. McCormick Tribune Foundation (the "McCormick Foundation") and the Cantigny Foundation ("Cantigny," together with the McCormick

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

698.001-W0000348

Foundation, the "Foundations") and the Production of Documents Pursuant to Bankruptcy Rule 2004 (the "Motion"). In support of this Motion, the Committee respectfully states as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed the Committee, which was originally comprised of the following eight members: (1) JPMorgan Chase Bank N.A., (ii) Merrill Lynch Capital Corporation, (iii) Deutsche Bank Trust Company Americas, as Indenture Trustee, (iv) Warner Bros. Television, (v) Buena Vista Television, (vi) Mr. William Niese, (vii) Pension Benefit Guaranty Corporation, and (viii) Washington-Baltimore Newspaper Guild, Local 32035. On December 30, 2008, the U.S. Trustee added Wilmington Trust Company, as Successor Indenture Trustee, to the Committee.

## THE COMMITTEE'S INITIAL INVESTIGATION INTO THE MERGER

4. As part of its statutory duties pursuant section 1103(c) of the Bankruptcy Code, the Committee has been investigating the acts, conduct, liabilities and

financial condition of the Debtors, including, without limitation, the series of transactions (the "Leveraged ESOP Transactions") that took place beginning in April 2007 and culminated with the consummation of the merger of Tribune Company (the "Company") and Tesop Corporation in December 2007 (the "Merger").

5.  As the Court is aware, the Company, one of the Debtors, was founded in 1847 and incorporated in Illinois in 1861. In 1968, as a result of a corporate restructuring, the Company became a holding company incorporated in Delaware. In 1983, after 136 years of private ownership, the Company became a public company.

6.  On April 1, 2007, the Company's board of directors approved the Leveraged ESOP Transactions with a newly formed Tribune Employee Stock Ownership Plan (the "ESOP"), EGI-TRB, L.L.C., a Delaware limited liability company wholly owed by Sam Investment Trust (a trust established for the benefit of Samuel Zell ("Zell") and his family), designed to return the Company to private ownership. The Leveraged ESOP Transactions ultimately resulted in the Merger. On December 20, 2007, the Company completed the Merger, culminating with (a) cancellation of all issued and outstanding shares of the Company's common stock as of that date, (other than shares held by the Company or the ESOP), and (b) the Company becoming wholly owned by the ESOP. Less than a year after the Merger, the Company and its subsidiary Debtors commenced these Chapter 11 cases.

7.  The Committee has learned that prior to the Merger, the Foundations were the Company's major stockholders. By virtue of the Leveraged ESOP Transactions, the Foundations tendered their shares to the Company in exchange for certain payments from the Debtors. The Committee has further learned that the Company

utilized certain loan proceeds to fund the acquisition of the Foundations' shares in the Company.

## THE COMMITTEE'S ATTEMPTS AT INFORMAL DISCOVERY

8. In connection with its investigation, counsel to the Committee has spoken with various parties involved and sent requests for information surrounding the Leveraged ESOP Transactions and the Merger to, among others, the Debtors and Zell. In addition, the Committee sent the Foundations, which are represented by the same counsel, detailed requests for information (the "Requests for Information"). A copy of the Requests for Information is attached hereto as Exhibit "A." In response to these requests, the Foundations' counsel has informed the Committee that they would not provide any information absent a court order. See Certification of Thomas Hall (the "Hall Certification") attached hereto.

9. In particular, by letter dated May 19, 2009, a copy of which is attached hereto as Exhibit "B," Leonard Shifflett, Esq. of Quarles & Brady, LLP, as counsel for the McCormick Foundation, responded to the Committee's Request for Information stating that "under the circumstances, we believe it more appropriate for the Unsecured Creditors Committee to file its motion seeking a Rule 2004 examination. Such a motion will give the [McCormick] Foundation an opportunity to explain to the Court why, in the case of the [McCormick] Foundation, such an order would be inappropriate."

10. By letter dated June 4, 2009, a copy of which is attached hereto as Exhibit "C", Mr. Shifflett, as counsel for Cantigny, responded to the Committee's

informal Requests for Information stating that Cantigny's "position is the same as that of the Robert R. McCormick Foundation."

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RELIEF REQUESTED

13. Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, the Committee seeks examination of a duly appointed representative of the McCormick Foundation and a duly appointed representative of Cantigny. The Committee requests an order requiring that this be done at the offices of Landis Rath & Cobb LLP, 919 Market Street, Suite 600, Wilmington, Delaware 19801 at a mutually convenient time for the Foundations and the Committee. In connection with this examination, the Committee also requests that the Court direct the Foundations to respond fully and completely to the Requests for Information. These documents are material and relevant to the Leveraged ESOP Transactions and the Merger. The Committee requests that these documents be produced no later than one week prior to the examination, at the offices of Landis Rath & Cobb LLP.

## BASIS FOR RELIEF

14. Bankruptcy Rule 2004 provides that upon a motion of a party in interest, the court may order an examination of any entity relating to the "acts, conduct,

or property or liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate ...." Fed. R. Bankr. P. 2004(a) – (b). Rule 2004 "permits a party invoking to undertake a broad inquiry of the examiner, in the nature of a 'fishing expedition.'" In re Valley Forge Plaza Assoc., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); see also In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y 1996) (Rule 2004 is a broad "fishing expedition").

15. The Committee, pursuant to section 1103 of the Bankruptcy Code, is authorized to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor," including the apparent decline in revenue and poor economic conditions suffered by the Debtors after the Merger. As set forth in the attached Hall Certificate, the Committee has reached a stalemate with the Foundations regarding the production of critical information regarding the Leveraged ESOP Transactions and the Merger. The Committee requires this information in connection with its investigation of the Merger and to assess whether the Debtors' estates may have causes of action related thereto.

16. Any potential causes of action relating to the Leveraged ESOP Transaction and the Merger are assets of the Debtors' estates. The Foundations, as parties involved in the Leveraged ESOP Transactions, have material and relevant information concerning the Merger. This information relates to the acts, conduct, or property or to the liabilities and financial condition of the Debtors. Accordingly, the Rule 2004 exams of the Foundations are appropriate under these circumstances. See e.g. 2435 Plainfield Ave., Inc. v. Township of Scotch Plains (In re: 2435 Plainfield Ave., Inc.), 223 B.R. 440, 456 (Bankr. D. N.J. 1998) ("A Rule 2004 exam has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the exposure of fraudulent conduct.").

17. Pursuant to Local Rule 2004-1, counsel for the Committee communicated with counsel for the Foundations on a number of occasions, (as set forth in the Hall Certification), in an attempt to arrange mutually agreeable dates, times and places for the requested examination. Although the Committee has attempted good faith negotiations, the Foundations refuse to provide any of the necessary information requested by the Committee.

WHEREFORE, the Committee respectfully requests that the Court (i) grant the Motion, (ii) compel the Foundations to respond fully and without objection to the Committee's Requests for Information set forth in Exhibit "A"; (iii) compel the Foundations' attendance at an examination at a time mutually agreed upon between the parties; and (iv) grant such further relief as is just and proper.

Dated: June 10, 2009  
Wilmington, Delaware

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)  
Daniel B. Rath (No. 3022)  
Matthew B. McGuire (No. 4366)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Howard Seife  
David M. LeMay  
Douglas E. Deutsch  
**CHADBOURNE & PARKE LLP**  
30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 408-5100  
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*