IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: July 16, 2009 at 3:30 p.m. (ET) |
| | Objection Deadline: July 9, 2009 4:00 p.m. (ET) |

## CERTIFICATION OF COUNSEL

I, Thomas Hall, hereby state the following in support of the Motion of the Official Committee of Unsecured Creditors for an Order Authorizing the Examination of the Robert R. McCormick Foundation and the Cantigny Foundation and the Production of Documents Pursuant to Bankruptcy Rule 2004 (the "Motion")[2]:

    1.    I am a member of the law firm of Chadbourne & Parke LLP, co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2 All capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

698.001-W0000349

2. I have conferred with representatives of the Robert R. McCormick Foundation ("McCormick Foundation") and the Cantigny Foundation ("Cantigny," together with the McCormick Foundation, the "Foundations") to arrange a mutually agreeable scope of production of information relating to the Leveraged ESOP Transactions and the Merger. The Foundations, however, refuse to provide any information to the Committee thereby necessitating the Motion.

3. In particular, by letter dated April 29, 2009 (the "April 29 Letter"), a copy of which is attached hereto as Exhibit "A," I requested certain information about the Merger from the McCormick Foundation. By letter dated May 7, 2009 (the "May 7 Letter"), a copy of which is attached hereto as Exhibit "B," Mr. Leonard S. Shifflett of Quarles & Brady LLP, counsel to the McCormick Foundation, acknowledged receipt of the April 29 Letter and stated that he would speak to his client, the McCormick Foundation, before responding further to the request for information. Subsequently, by letter dated May 19, 2009 (the "May 19 Letter"), a copy of which is attached hereto as Exhibit "C," counsel to the McCormick Foundation, stated that "under the circumstances, we believe it more appropriate for the Unsecured Creditors Committee to file its motion seeking a Rule 2004 examination. Such a motion will give the [McCormick] Foundation an opportunity to explain to the Court why, in the case of the [McCormick] Foundation, such an order would be inappropriate."

4. In addition, by letter dated May 29, 2009 (the "May 29 Letter"), a copy of which is attached hereto as Exhibit "D," I asked Mr. Shifflett to advise whether (i) he would be

acting as counsel for Cantigny, and (ii) if so, whether Cantigny would take the same position as the McCormick Foundation with respect to certain request for information accompanying the May 29 Letter. By letter dated June 4, 2009 (the "June 4 Letter"), a copy of which is attached hereto as Exhibit "E," Mr. Shifflett (i) confirmed that he represents Cantigny in connection with the Committee's request for information, and (ii) stated that Cantigny's "position is the same as that of the Robert R. MCormick Foundation."

5. Based on the May 19 Letter and the June 4 Letter, it is evident that any further conference with the Foundations would be futile.

Dated: June 9, 2009.

_____
Thomas Hall