# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF TEXAS      )
                    :  ss.:
COUNTY OF KENDALL   )

JOHN S WOOLARD, being duly sworn, deposes and says:

    1.    I am a PARTNER of MORRISONAND HEAD LP (the "Firm"), which maintains offices at 4210 SPICEWOOD SPRINGS, #211, AUSTIN, TX 78759.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.	This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about JAN 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3.	The Firm has represented and advised the Debtors as PROPERTY TAX CONSULTANTS with respect to certain aspects of the Debtors' business operations. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4.	The Firm's current customary rates, subject to change from time to time are > $250/HR OR 33.3% OF TAX SAVINGS. In the normal course of its business, the Firm revises its billing rates on JANUARY 1 of each year and requests that, effective JANUARY 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5.	In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

**NONE**

6. Neither I nor [any principal, partner, director, officer, etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

8. Neither I nor [any principal, partner, director, officer, etc.] of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed. If the Firm is not an law firm, the Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

9. The Debtors owe the Firm $ 0 for prepetition services. The Firm **is not** waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence.

10. The Firm currently holds a retainer from the Debtors in the approximate amount of $ 0. The Firm will apply the outstanding retainer balance as fees and expenses become due pursuant to this Court's order authorizing the employment of "ordinary course" professionals.

11. As of the Petition Date, the Firm **was** party to a services agreement with the Debtors. **[A copy of such agreement, together with any agreement(s) that the Firm and the Debtors intend to govern their relationship after the Petition Date, is attached as Exhibit 1 to this Affidavit]**.

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   JUNE 10, 2009

_____
Affiant

Sworn to and subscribed before me
this _____ day of _____ 2009

_____
Notary Public

NINA H WOOLARD
My Commission Expires
March 9, 2013

# Ad Valorem Tax Service Agreement

**Morrison & Head, LP** agrees to provide property tax services to the **Orlando Sentinel Communications Company** for property located at various locations.

The scope of services shall include comprehensive property tax compliance, assessment analysis, and appeals, incorporating the following:

- Fixed asset (TPP) valuation analysis as of January 1, 2009.

- Real Estate valuation analysis as of January 1, 2009.

- 2009 TPP and real estate assessment appeals.

- Final 2009 property tax savings, valuation, and liability reports.

Fee:

- Fixed Fee of $250.00 per location plus 20% of documented property tax savings.

Documented property tax savings are defined as tax and/or assessment reductions secured by **Morrison & Head, LP** multiplied by the current year tax rate. This shall include savings generated through preparing and filing compliance returns, exemption applications, assessment appeals, and refunds. When tax savings are secured prior to the issuance of an appraisal notice, tax savings shall be documented and calculated net of existing exemptions and abatements, along with adjustments for capital additions, deletions, transfers, and normal depreciation allowed by the appraisal district's published depreciation schedules.

*Ad Valorem Tax Service Agreement*
*Page 2.*

All fees shall be payable to **Morrison & Head, LP** at its offices in Austin, Travis County, Texas. Invoices 30 days past due, shall accrue interest at 1.5% per month uncompounded until paid. Client agrees to pay any legal and/or court fees resulting from failure of Client to make payment to **Morrison & Head, LP** as set forth in this agreement.

This agreement is binding and will transfer to the benefit of the successors, assigns, heirs, administrators, and/or executors; and Client shall remain liable even though ownership of the business or its assets may change.

Please sign and return the original at your earliest convenience.

Accepted:                                      Accepted:

_____                      _____
John S. Woolard                                Orlando Sentinel Communications Co.
Morrison & Head, LP

Managing Partner   1/28/09                     CFC            1/6/09
Title              Date                        Title          Date

*Morrison & Head, LP is regulated by The Texas Department of Licensing and Regulation, P.O. Box 12157, Austin, Texas 78711, 1-800-803-9202, 512-463-6599; website: www.license.state.tx.us/complaints*