# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF TEXAS            )
                          :  ss.:
COUNTY OF HARRIS          )

    Charles L. Babcock, being duly sworn, deposes and says:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc, (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsenCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neacomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Renders Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2037); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company 19720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am a partner of Jackson Walker L.L.P. ("Jackson Walker" or the "Firm"), which has an office at 1401 McKinney, Suite 1900, Houston, Texas 77010. Jackson Walker has been employed by certain of the debtors ("Debtors") in the ordinary course of their business.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases. *See* Dkt. Entry No. 227.

3. Jackson Walker has represented and advised the Debtors as litigation counsel with respect to certain aspects of the Debtors' business operations. The Debtors have requested, and Jackson Walker has agreed, to continue to provide such services to the Debtors on a post-petition basis during the course of these chapter 11 cases.

4. Prior to December 8, 2008 (the "Petition Date"), Jackson Walker provided professional services to the Debtors. As of the Petition Date, the Debtors did not owe Jackson Walker any amount fro pre-petition professional services.

5. The principal members, associates and/or employees designated to represent the Debtors and their current standard hourly rates are:

|      |                      |                   |
|------|----------------------|-------------------|
| (01) | Charles L. Babcock   | $675 hourly rate  |
| (02) | David Moran          | $525 hourly rate  |
| (03) | Nancy Hamilton       | $489 hourly rate  |
| (04) | Mary Lou Flynn-DuPart| $415 hourly rate  |
| (05) | Andrew Graham        | $335 hourly rate  |
| (06) | Kathy Adair          | $225 hourly rate  |
| (07) | Christa Liczbinski   | $225 hourly rate  |

In the normal course of its business, Jackson Walker revises its billing rates on October 1st of each year and requests that, effective October 1st of each year, the aforementioned rates be

5426675v.1 105958/00005

- 3 -

revised to the regular hourly rates which will be in effect at that time. It is also Jackson Walker's policy to include in invoices for legal services the costs and expenses related to the work on the clients case. Costs may include travel expenses, messenger charges, filing and recording fees, expert expenses, mediation and arbitration fees, e-discovery, court and deposition costs and travel expenses and other costs. Jackson Walker bills such expenses to at our cost. Certain other expenses, such as photocopying, computerized research and long distance, are billed in accordance with Jackson Walkers standard schedule of charges.

6. Jackson Walker does not hold any interest adverse to the Debtors or their estates with respect to the matters for which Jackson Walker is retained. Jackson Walker has not performed services in the past for persons that are parties-in-interest in the Debtors'' chapter 11 cases, in matters related or unrelated to these chapter 11 cases, except as set forth herein.

7. Jackson Walker is currently representing Constellation NewEnergy, Inc., ("CNE"), a current retail electrical provider of the Debtor, in the Debtor's Chapter 11 case. The Debtors have consented to Jackson Walkers' representation of CNE and other creditors in these chapter 11 cases, on matters other than those in which Jackson Walker represents the Debtors, including without limitation for the purpose of assisting creditors in filing proofs of claim in these chapter 11 cases, provided that Jackson Walker may not represent any creditor or party-in-interest in any adversary proceeding against the Debtors.

8. In the ordinary course of its business, Jackson Walker maintains a database for purposes of performing "conflicts checks." Jackson Walker's database contains information regarding the Firm's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel for the Debtors for purposes of searching the aforementioned database and determining the

5426675v.1 105958/00005

connection(s) which Jackson Walker has with such entities. Jackson Walker's search of the database identified the following connections:[2]

9. Jackson Walker has from time to time provided, and/or may currently provide, services to the following parties-in-interest, or affiliates thereof, in all instances on matters in which such party does not or did not hold or represent an interest adverse to the Debtors:

| | | |
|---|---|---|
| (01) | ABN AMRO Holding NV |
| (02) | Aegon, USA Inc. |
| (03) | American Express |
| (04) | AT&T |
| (05) | Bank of America Securities LLC |
| (06) | Bank of New York |
| (07) | Barclays Bank plc |
| (08) | Barclays Capital Inc. |
| (09) | Bear Stearns & Col, Inc |
| (10) | Bear Stearns Asset Management |
| (11) | Canadian Imperial Bank of Commerce |
| (12) | Catellus Development Corp. |
| (13) | CBS Broadcasting Inc. |
| (14) | CBS Radio, Inc. |
| (15) | Circuit City |
| (16) | CIT Group |
| (17) | Citadel Group |
| (18) | Citibank, N.A. |
| (19) | Citigroup |
| (20) | Chubb Executive Risk |
| (21) | Dell Inc. |
| (22) | Deutsche Bank National Trust Company |
| (23) | Duke Realty limited Partnership |
| (24) | Eaton Vance |
| (25) | Federal Insurance Company |

---

[2] As of the date hereof, Jackson Walker has reviewed its connections with the following parties-in-interest to this chapter 11 case: (i) the Debtors and their non-debtor affiliates; (ii) the Debtors' current and former directors and officers of Tribune Company and other Debtors; (iii) the thirty largest unsecured creditors (consolidated); (iv) Prepetition Lenders to the Debtors; (v) Counterparties to hedging agreements; (vi) professionals retained by prepetition lenders; (vii) indenture trustee; (viii) insurance carriers of the Debtor; (ix) other professionals retained by the Debtors outside of the ordinary course of business; (x) major customers of the Debtors; (xi) parties to significant litigation with the Debtors; (xii) significant landlords of the Debtors; (xiii) Judges of the United States Bankruptcy Court for the District of Delaware; (xiv) Office of the United States Trustee; (xv) Office of the United States Trustee; (xvi) ESOP trustee; (xvii) entities involved in leveraged ESOP transactions; (xviii) Debtors significant former shareholders; (xix) major holders of phones; (xx) counterparties to recent significant asset dispositions; (xxi) joint venture partners of the Debtors; (xxii) equity method investments; (xxiii) former indenture trustees; and (xxiv) agents under credit agreements with the Debtors. From time to time, Jackson Walker may have provided, and/or may currently provide, services to certain of those parties-in-interest, or affiliates thereof, in all instances on matters in which such party does not or did not hold or represent and interest adverse to the Debtors.

5426675v.1 105958/00005

(26) Fidelity Investments
(27) General Motors Corporation
(28) Global Aerospace
(29) Goldman Sachs & Co.
(30) Hartford Investment Management Company
(31) Hearst Corporation
(32) Highland Capital Management, LP
(33) Illinois National Insurance Co.
(34) Jenner & Block
(35) Lehman Brothers Bank FSB
(36) Lehman Brothers Holdings Inc.
(37) Lexington Insurance Company
(38) Marathon Asset Management
(39) McDermott, Will & Emery
(40) Merrill Lynch & Co., Inc.
(41) Merrill, Lynch, Pierce, Fenner & Smith, Inc.
(42) Metropolitan Life Insurance Company
(43) Morgan Stanley
(44) New York Life Insurance Company
(45) News America Publishing Incorporated
(46) Nextel
(47) Patriarch Partners, LLC
(48) Pizza Hut
(49) PricewatrhouseCoopers
(50) Prudential Investment Management Inc.
(51) Putnam Investment Management, LLC
(52) Reckitt Benckiser, Inc.
(53) Royal Bank of Scotland plc
(54) Charles J. Sennet
(55) Seyfarth Shaw LLP
(56) Societe Generale
(57) Sony Pictures Entertainment Inc.
(58) Southwest Airlines
(59) Sprint Corporation
(60) St. Paul Fire & Marine Insurance Company
(61) Taco Bell
(62) The Hartford Insurance Group
(63) Twentieth Television
(64) U.S. Bank National Association
(65) Viacom Inc.
(66) Wachovia Bank, National Association
(67) Washington Mutual
(68) Wells Fargo Bank, N.A.
(69) Wilmington Trust Company
(70) XL Insurance
(71) YUM Brands, Inc.

(72)    Zurich American Insurance Company

10.    Additionally, from time to time and in the ordinary course of business, Jackson Walker has worked with or has been adverse to certain of the Debtors' advisors, in all instances on matters in which such advisor does not or did not hold or represent an interest adverse to the Debtors.

11.    Neither I nor any partner of, or professional employed by, Jackson Walker has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of Jackson Walker, as permitted by 11 U.S.C. § 504(b).

12.    I have read the proposed OCP Order and understand the limitations on compensation allowed to be paid without an order of this Court.

13.    Neither I nor any partner of, or professional employed by, Jackson Walker, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which Jackson Walker is to be employed.

14.    Jackson Walker currently holds a retainer from the Debtors in the approximate amount of $17,916.33. Jackson Walker will apply the outstanding retainer balance as fees and expenses become due pursuant to this Court's order authorizing the employment of "ordinary course" professionals.

15.    As of the Petition Date, Jackson Walker was not party to a services agreement with the Debtors.

16.    I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under Section 328(c) of the Bankruptcy Code and applicable law.

17. At any time during the period of its employment, if Jackson Walker should discover any facts bearing on the matters described herein, it will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4th day of March, 2009

*Charles F. Babb* (signature)
Affiant

Sworn to and subscribed before me this 4th day of March, 2009

*Holly Turnock* (signature)
Notary Public

HOLLY TURNOCK
Notary Public, State of Texas
My Commission Expires
February 15, 2013

- 7 -

5426675v.1 105958/00005