## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

**Objection Deadline: July 7, 2009 at 4:00 p.m.**

## THIRD MONTHLY APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD MARCH 1, 2009 THROUGH MARCH 31, 2009

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5732545v1

| Name of Applicant: | PricewaterhouseCoopers LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective December 8, 2008 by Order Entered March 03, 2009 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2009 through March 31, 2009[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $64,407.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,116.58 |

This is a:    _X_ monthly    __ interim

Total time expended for fee application preparation is approximately 21.80 hours and the corresponding compensation requested is approximately $6,936.00[2]

## SUMMARY OF PREVIOUSLY FILED FEE APPLICATIONS

This is the Third Monthly Fee Application filed by PricewaterhouseCoopers LLP. PwC has previously issued two monthly fee invoices to the Debtors for interim payment.

| App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved | Approved Reduction |
|---|---|---|---|---|---|---|---|---|
| First Quarterly Fee Application – December 2008 through February 2009 | | | | | | | | |
| 1 | 05/12/2009 [1185] | 12/08/2008 - 01/31/2009 | $459,264.50 | $15,489.89 | | | | |
| 2 | 05/12/2009 [1187] | 02/01/2009 - 02/28/2009 | $316,813.50 | $0.00 | | | | |
| Total | | | $776,078.00 | $15,489.89 | | | | |

---

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## SUMMARY BY PROJECT

| | Hours | Total Compensation |
|---|---|---|
| *Fixed Fee Services* | | |
| 2008 Consolidated Audit | 433.50 | $10,000.00 |
| **Subtotal - Fixed Fee Services** | **433.50** | **$10,000.00** |
| | | |
| *Hourly Services* | | |
| Tax Consulting Services | 1.80 | $800.00 |
| Claims Consulting Services | 175.10 | $46,671.50 |
| **Subtotal - Hourly Services** | **176.90** | **$47,471.50** |
| | | |
| *Bankruptcy Requirements and Obligations* | | |
| Monthly, Interim and Final Fee Applications | 21.80 | $6,936.00 |
| **Subtotal - Bankruptcy Requirements and Obligations** | **21.80** | **$6,936.00** |
| **Total Hours and Compensation** | **632.20** | **$64,407.50** |

## SUMMARY OF PROFESSIONALS - FIXED FEE SERVICES

| Professional | Professional's Position | Hours |
|---|---|---|
| Grant E Hellwarth | Partner | 1.00 |
| JohnTripp Walter Davis | Partner | 2.00 |
| Mark C Tiberio | Partner | 1.00 |
| William T England | Partner | 41.00 |
| Christopher J King | Director | 11.50 |
| Dan Drobac | Senior Manager | 53.00 |
| Eric M Ingram | Senior Manager | 5.00 |
| Daniel C Chavez | Manager | 69.70 |
| John Bonaguro | Manager | 0.10 |
| Patrick J Gabel | Manager | 2.00 |
| Holly Nicole Weeks | Senior Associate | 1.50 |
| Justin A Spahn | Senior Associate | 80.30 |
| Lisa J Gross | Senior Associate | 0.50 |
| Maxime Charlebois | Senior Associate | 5.00 |
| Abigail E Sullivan | Associate | 69.80 |
| Andrea Johanns | Associate | 12.00 |
| Andrea Qi | Associate | 4.00 |
| Anish Arvind Shah | Associate | 2.60 |
| Bradley D Ebenhoeh | Associate | 2.00 |
| Kevin T Fair | Associate | 2.50 |
| Meaghan K Sullivan | Associate | 66.50 |

| Professional | Professional's Position | Hours |
|---|---|---|
| Kenneth David Scruggs | Professional Assistant | 0.50 |

| | |
|---|---|
| **Total Hours Incurred during Compensation Period** | **433.50** |
| Total Hours Incurred prior to March 1, 2009 | 7,083.30 |
| **Total Hours Incurred through March 31, 2009** | **7,516.80** |

| | | |
|---|---|---|
| Total Fees - Payments Previously Requested for 2008 Consolidated Audit | | $1,805,000.00 |
| Remaining Payments for 2008 Consolidated Audit | | $10,000.00 |
| **Total Fixed Fee for 2008 Consolidated Audit** | | **$1,815,000.00** |
| **Requested Payment - 2008 Consolidated Audit** | 433.50 | **$10,000.00** |

## SUMMARY BY PROJECT AND PROFESSIONAL

| Professional by Billing Category | Position | Rate | Hours | Total Compensation |
|---|---|---|---|---|
| **Tax Consulting Services** | | | | |
| Douglas L Pinney | Partner | $625 | 0.80 | $500.00 |
| Deeti Desai | Manager | $300 | 1.00 | $300.00 |
| **Subtotal - Tax Consulting Services** | | | **1.80** | **$800.00** |
| **Claims Consulting Services** | | | | |
| J. Timothy Winks | Senior Managing Director | $600 | 0.30 | $180.00 |
| Timothy M Byrd | Senior Managing Director | $600 | 2.00 | $1,200.00 |
| Alex Thacher | Director | $450 | 15.00 | $6,750.00 |
| William Jozaitis | Director | $450 | 5.10 | $2,295.00 |
| Andrew K Olson | Manager | $380 | 3.90 | $1,482.00 |
| James Pierzchalski | Senior Associate | $285 | 1.50 | $427.50 |
| Jamila Charlise Fairley | Senior Associate | $240 | 116.50 | $27,960.00 |
| Samuel I. Lovitch | Senior Associate | $225 | 22.90 | $5,152.50 |
| David Y Pai | Associate | $155 | 7.90 | $1,224.50 |
| **Subtotal - Claims Consulting Services** | | | **175.10** | **$46,671.50** |
| **Monthly, Interim and Final Fee Applications** | | | | |
| Andrea Clark Smith | Manager (Bankruptcy) | $400 | 8.70 | $3,480.00 |
| Shonda M Finseth | Senior Associate (Bankruptcy) | $290 | 10.90 | $3,161.00 |
| Subashi M Stendahl | Associate (Bankruptcy) | $225 | 0.20 | $45.00 |
| Brian Randall Davis | Professional Assistant (Bankruptcy) | $125 | 2.00 | $250.00 |
| **Subtotal - Monthly, Interim and Final Fee Applications** | | | **21.80** | **$6,936.00** |
| **Total Hours and Compensation** | | | **198.70** | **$54,407.50** |

4

## EXPENSE SUMMARY

PwC professionals incurred the following expenditures during this Compensation Period.

| Transaction Type | Total Expenditures |
|---|---|
| **2008 Consolidated Audit** | |
| Meals | $604.06 |
| Mileage Allowance | $31.90 |
| Parking | $181.00 |
| Public/ground transportation | $804.05 |
| Sundry - Other | $401.00 |
| **Subtotal - 2008 Consolidated Audit** | **$2,022.01** |
| **Claims Consulting Services** | |
| Meals | $74.57 |
| Parking | $5.00 |
| Public/ground transportation | $15.00 |
| **Subtotal - Claims Consulting Services** | **$94.57** |
| **Total Expenditures** | **$2,116.58** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

**Objection Deadline: July 7, 2009 at 4:00 p.m.**

## SUPPLEMENT TO THE THIRD MONTHLY APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD MARCH 1, 2009 THROUGH MARCH 31, 2009

PricewaterhouseCoopers LLP ("PwC") hereby submits this Third Monthly Fee

Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and

Reimbursements of Expenses as Compensation and Tax Advisors and Independent Auditors to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the Debtors and Debtors in Possession for the period March 1, 2009 through March 31, 2009 (the

"Monthly Fee Application"), pursuant to sections 327, 328, 329, 330 and 331 of title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§

105(a) and 331 (the "Compensation Order"), and the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses promulgated by the Executive Office of the

United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A).

By this Application, PwC, as Compensation and Tax Advisors and Independent Auditors for

the Debtors, seeks interim allowance and payment of compensation for tax advising and audit

services performed and expenses incurred during the period commencing March 1, 2009 through

March 31, 2009 (the "Compensation Period"). In support hereof, PwC respectfully represents the

following:

## BACKGROUND

1.    On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate

their business and manage their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code.   No Trustee or examiner has been appointed.

2.    On December 26, 2008, the Debtors filed the *Application for an Order*

*Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and*

*Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. Sections 327(a)*

2

*and 1107, Nunc Pro Tunc to the Petition Date* (the "Retention Application").

3.      On March 2, 2009, the Supplemental Declaration of William T. England was filed which provided final engagement letters, pre-petition payment information, as well as additional disclosures.

4.      On March 3, 2009, this Court approved the retention of PwC as compensation and tax advisors and independent auditors to the Debtors by entering the *Order Authorizing Debtors To Retain And Employ PricewaterhouseCoopers LLP As Compensation And Tax Advisors And Independent Auditors To The Debtors Nunc Pro Tunc To The Petition Date* (the "Retention Order").

5.      On April 10, 2009, PwC filed a Second Supplemental Declaration of William T. England which expanded the scope of services for the Compensation Engagement Letter.

## RELIEF REQUESTED

6.      On January 15, 2009, this Court entered the Compensation Order.  Pursuant to the procedures set forth in the Compensation Order, professionals may request monthly compensation and reimbursement, and the Notice Parties (as defined in the Compensation Order) may object to such requests.  If an objection to a professional's request is not filed and served by the Objection Deadline, the Professional shall file a certificate of no objection with the Court, after which the Debtors shall be authorized to pay each Professional the Actual Interim Payment equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Interim Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

      a)      On May 12, 2009, PwC submitted its first monthly fee statement for services and expenditures incurred from December 8, 2008 through

3

January 31, 2009, requesting $459,264.50 in fees and $15,489.89 in

expenditures ("First Monthly Fee Application")

    b)    On May 12, 2009, PwC submitted its second monthly fee statement for

services and expenditures incurred from February 1, 2009 through

February 28, 2009, requesting $316,813.50 in fees and $0.00 in

expenditures ("Second Monthly Fee Application")

7.    Furthermore, the Compensation Order provides that professionals are to file and

serve upon notice parties an interim request (a "Quarterly Fee Application Request") for interim

Court approval and allowance of the monthly fee applications during the interim fee period

covered by the Quarterly Fee Application Request.

8.    PwC is filing the attached fee statement (the "Statement") for compensation for

professional services rendered and reimbursement of disbursements made in these cases during

the Compensation Period. The Statement contains detailed time logs describing the actual and

necessary services provided by PwC during the Compensation Period, as well as other detailed

information required to be included in fee applications.  The Statement is comprised of several

exhibits which are attached hereto as:

-   Exhibit A, provides a summary of the hours and fees by project;
-   Exhibit B-1, provides a summary of the fixed fee hours and payment information for the 2008 consolidated audit, including hours incurred and the payment associated with fixed fee services;
-   Exhibit B-2, provides a breakdown of the fixed fee hours by audit category;
-   Exhibit C-1, provides the name and position of each professional, cumulative hours worked, hourly billing rates for the hourly compensation, and the corresponding compensation requested; and
-   Exhibit C-2, provides the daily activity descriptions for the hourly compensation, including the activity description, time and billing rates associated with each activity.
-   Exhibit D-1, provides the expenditures incurred by project by type; and
-   Exhibit D-2, provides the details of the expenditures incurred by project and by date.

4

## DESCRIPTION OF SERVICES RENDERED

9.      PwC professionals categorized their time devoted to this matter on behalf of the

Debtors' estates to various project categories as described below:

|  | Hours | Compensation |
|---|---|---|
| Fixed Fee Services | 433.50 | $10,000.00 |
| Hourly Services | 176.90 | $47,471.50 |
| Bankruptcy Requirements and Obligations | 21.80 | $6,936.00 |
| **Grand Total Hours and Compensation** | **632.20** | **$62,407.50** |

### Fixed Fee Services - 2008 Consolidated Audit

10.      PricewaterhouseCoopers professionals performed substantive testing of corporate

and consolidated year-end account balances, including: (1) special termination benefits, (2)

derivatives, (3) liabilities subject to compromise, (4) journal entry testing, (5) discontinued

operations, (6) assets held for sale, and (7) commitments and contingencies including

confirmation with external counsel.  PricewaterhouseCoopers professionals met with senior

management, Internal Audit and the Audit Committee to discuss the status and progress of the

integrated audit.  PricewaterhouseCoopers professionals advised management of the implications

of the Tribune Company bankruptcy filing on the separate financial statements of the Chicago

National League Ball Club.

11.      The Audit Team has allocated their hours to the following categories during the

Compensation Period:

| Category | Hours |
|---|---|
| 0200 - Audit Strategy and Meetings with Management | 18.40 |
| 2900 - Information Technology General Controls | 9.50 |
| 3100 - Purchasing and payables process | 17.50 |
| 3200 - Treasury and cash management  process | 4.20 |
| 3250 - Investments process | 7.20 |
| 3400 - Property, plant & equipment process | 2.00 |
| 3600 - Payroll process | 18.50 |

5

| Category | Hours |
|---|---|
| 3650 - Benefits process | 62.80 |
| 3900 - Period-end financial reporting process | 42.00 |
| 5500 - Financing process | 11.10 |
| 6000 - Audit of ICFR - Finalization procedures | 2.50 |
| 6500 - Audit of financial statements | 115.80 |
| 8000 - Minutes of board | 6.10 |
| 8200 - Litigation, claims and assessments/lawyer's letters | 24.20 |
| 8700 - Completion | 15.00 |
| Baltimore Sun Fieldwork | 3.50 |
| CTC Fieldwork | 11.25 |
| FSC-CA Fieldwork | 7.30 |
| Hartford Courant Fieldwork | 3.50 |
| Interactive Fieldwork | 3.50 |
| KTLA Fieldwork | 2.70 |
| LA Times Fieldwork | 9.75 |
| Orlando Fieldwork | 2.25 |
| Sun Sentinel Fieldwork | 3.20 |
| TBC Group Office Fieldwork | 12.60 |
| TPC Group Office Fieldwork | 9.90 |
| WGN-Cable Fieldwork | 0.50 |
| WGN-TV Fieldwork | 4.00 |
| WPIX Fieldwork | 2.75 |
| **Total Fixed Fee for 2008 Consolidated Audit** | **433.50** |

12.    The summary exhibits of PwC professionals associated with the 2008

Consolidated Audit are annexed hereto as Exhibits B1 - B2, which provides the cumulative

breakdown of total hours by professional and audit category.

## Hourly Services

13.    During the Compensation Period, PwC tax professionals supported the Debtors at

the hourly rates, as described more fully under each individual work streams below:

| *Hourly Services* | | |
|---|---|---|
| Tax Consulting Services | 1.80 | $800.00 |
| Claims Consulting Services | 175.10 | $46,671.50 |
| **Subtotal - Hourly Services** | **176.90** | **$47,471.50** |

6

14.    <u>Tax Consulting Services</u> - During the Compensation Period, PwC professionals researched the cancellation of debt for an S corporation and interest deductibility rules.

15.    <u>Claims Consulting Services</u> - During the Compensation Period, PwC professionals performed the following: (i) lead various conference calls with management on priority claims process in general, (ii) reviewed Los Angeles license tax claim and followed-up with management; (iii) reviewed Chicago home-rule excise tax and communicated our findings with management; and (iv) drafted the position paper

## Bankruptcy Requirements and Obligations

16.    During the Compensation Period, PwC bankruptcy retention and billing professionals supported the audit and tax teams with the respective administrative aspects of PwC's post-petition engagement as described below.

*Bankruptcy Requirements and Obligations*

| | | |
|---|---|---|
| Monthly, Interim and Final Fee Applications | 21.80 | $6,936.00 |
| **Totals for Bankruptcy Requirements and Obligations** | **21.80** | **$6,936.00** |

17.    <u>Monthly, Interim and Final Fee Applications</u> - PricewaterhouseCoopers bankruptcy professionals worked with the PricewaterhouseCoopers audit and tax teams to prepare and finalize their first (December 2008 - January 2009) and second (February 2009) monthly fee applications.

18.    The hourly time records of PwC, annexed hereto as Exhibits C1 - C2, provide a summary and daily breakdown of the time spent by each PwC timekeeper.

## ALLOWANCE FOR COMPENSATION

19.    At this time, PwC is seeking compensation equal to eighty percent (80%) of the $64,407.50 in fees for professional services rendered by PwC during the Compensation Period as compensation and tax advisors and independent auditors to the Debtors in these chapter 11 cases,

7

and one hundred percent (100%) of the $2,116.58 in expenditures incurred by PwC professionals

associated with the services provided to the Debtors, for a total of $53,642.58.

20.    PwC charged and now requests those fees that are reasonable and customary in

this marketplace for similar Chapter 11 cases. The billing rates set forth in the various

summaries of professionals and paraprofessionals rendering services during the Compensation

Period represent customary rates that are routinely billed to PwC's many clients. The

compensation requested in this Monthly Fee Application does not exceed the reasonable value of

the services rendered.

21.    This Monthly Fee Application covers the period from March 1, 2009 through and

including March 31, 2009. Although every effort was made to include all fees and expenses

from the Compensation Period in this Monthly Fee Application, some fees and/or expenses from

the Compensation Period might not be included in this Monthly Fee Application due to delays in

processing time and receipt of invoices for expenses and/or for preparation for the instant

application subsequent to the covered period. Accordingly, PwC reserves the right to make

further applications for allowance of fees and expenses not included herein. This Monthly Fee

Application is also made without prejudice to PwC's right to seek further interim allowances

and/or a final allowance of compensation in the future in accordance with the Retention Order

and the Compensation Order.

22.    No agreement or understanding prohibited by section 504 of the Bankruptcy Code

exists between PwC and any other person for sharing of compensation received or to be received

for services rendered in or in connection with these chapter 11 cases, not shall PwC share or

agree to share the compensation paid or allowed for the Debtors' estates for such services with

any other person in contravention of section 504 of the Bankruptcy Code. No agreement or

8

understanding prohibited by 18 U.S.C. § 155 had been made by PwC.

## CERTIFICATE OF COMPLIANCE AND WAIVER

23.     To the best of its knowledge, PwC believes that this Monthly Fee Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

WHEREFORE PwC respectfully requests approval and payment by the Debtors of (a) interim compensation for professional services rendered as compensation and tax advisors and independent auditors for the Debtors in the sum of $51,526.00 representing eighty percent (80%) of $64,407.50 incurred during the Compensation Period, less a twenty percent (20%) holdback in the amount of $12,881.50 (b) reimbursement of actual and necessary expenses incurred in the sum of $2,116.58; and (c) such other and further relief as is just and proper.

Dated: June 12, 2009
Chicago, Illinois

_William T. England_

William T. England, Partner
PricewaterhouseCoopers LLP
One North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 298-2000
*Compensation and Tax Advisor and Independent Auditor to the Debtors*