```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


IN RE:                              .    Chapter 11
                                    .
TRIBUNE COMPANY, et al.,            .    Case No. 08-13141(KJC)
                                    .    (Jointly Administered)
                                    .    Related to Docket No. 1311
                                    .
                                    .    June 10, 2009
                                    .    10:30 a.m.
              Debtors.              .    (Wilmington)
                                    .


                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES VIA TELEPHONE:

For the Debtors:         Michael P. Doss, Esq.
                         Sidley Austin, LLP

                         J. Kate Stickles, Esq.
                         Cole, Schotz, Meisel, Forman
                         & Leonard, P.A.

For Warren Beatty:       Gregg M. Galardi, Esq.
                         Skadden, Arps, Slate, Meagher
                         & Flom, LLP

Audio Operator:          Al Lugano

Transcriptionist:        Jennifer Ryan Enslen
                         43 Bay Boulevard
                         Newark, De 19702
                         (302)836-1905


       Proceedings recorded by electronic sound recording;
          transcript produced by transcription service.
```

1           THE CLERK: Court is now in session.

2           THE COURT: Good morning, everyone.  This is Judge
3  Carey.  We're on the record in Tribune.  Let me turn it over
4  to counsel.

5           MR. DOSS: Your Honor, Mike Doss on behalf of
6  Tribune Media Services.  And this is an adversary proceeding
7  no. 09-50486.  We're here on a status conference that was set
8  by the Court at our initial pre-trial conference back on
9  April 30th.  And if the Court allows, I was planning to just
10 simply give a brief overview of the progress that has been
11 made since the last hearing.

12          THE COURT: Very well.

13          MR. DOSS: And respond to any questions that might
14 be raised.

15          THE COURT: All right.

16          MR. DOSS: After the hearing, at the hearing on
17 April 30th, just to remind Your Honor, the, we, on behalf of
18 Tribune Media Services proposed a discovery schedule to be
19 implemented in this adversary proceeding involving Warren
20 Beatty.  The Court directed the parties to proceed with a
21 Rule 26(f) conference, but otherwise declined to enter the
22 discovery schedule that we had, that Tribune Media Services
23 had proposed and that Mr. Beatty's counsel had objected to.
24 The parties proceeded with a Rule 26(f) conference by
25 telephone.  Tribune Media Services has filed a report of that

1   Rule 26(f) planning conference.  That was filed on June 5th.
2   I note that the parties did not come to any agreement in the
3   context of the Rule 26(f) conference as to a discovery
4   proceeding.  Mr. Beatty has, as at the April 30th hearing,
5   objected to proceeding with discovery in this action.  And
6   has requested that, at least in conversations with me, has
7   requested that discovery be stayed pending resolution of the
8   motion to dismiss that was filed by him.  As Your Honor is
9   aware, at the April 30th hearing, the Court, besides
10  considering our request on the discovery schedule, also put
11  in place a schedule, a briefing schedule on Mr. Beatty's
12  response to the complaint in this adversary proceeding.  And
13  the briefing did proceed according to that schedule, and Mr.
14  Beatty's counsel can speak to this, but he filed a notice of
15  completion of briefing earlier this week.  I note that we
16  filed a motion to, for leave to file a sur-reply on Monday,
17  June 8th, which is before the Court.  And which I understand
18  Mr. Beatty has objected to.  And so that is the briefing on
19  the motion to dismiss.  The Tribune Media Services has served
20  on Mr. Beatty discovery in this action following our Rule
21  26(f) conference recognizing that there, that the Court has
22  not directed the parties to proceed with discovery, but we
23  wanted to have discovery in place, because at this hearing we
24  were anticipating that we would request that the Court
25  consider allowing the parties to proceed with discovery for

1   the reasons that we described earlier in our April 30th

2   hearing.  Which are that in, that we believe both sides agree

3   that a dispute needs to be resolved concerning the rights to

4   the Dick Tracy, the television and movie rights to the Dick

5   Tracy character.  And that the only issue is whether that

6   dispute should be resolved before Your Honor, or whether it

7   should be resolved in District Court in California.  And in

8   Tribune Media Services' view, that, we should proceed with

9   discovery because it will be useful and productive regardless

10  which jurisdiction we end up in.  We obviously believe we

11  should be before Your Honor.  And that any discovery that's

12  received in the context of this proceeding can be utilized if

13  Your Honor decides to abstain from exercising your

14  jurisdiction, it could be utilized in the action in

15  California.  With that, I note that two motions were filed by

16  Mr. Beatty yesterday.  And perhaps with that I would leave it

17  to Mr. Beatty to speak to any other matters he wants to raise

18  with the Court at this time.

19          THE COURT: Very well.

20          MR. GALARDI: Your Honor, for the record, it's Gregg

21  Galardi on behalf of Mr. Beatty.  Let me proceed by the

22  first, and counsel for the Tribune has characterized it as a

23  Rule 26(f) conference.  For the reasons that we said on the

24  record at the April 30th hearing, we agreed to discuss

25  discovery because both parties would, in fact, ultimately

1   have to litigate whether in your court or in the California

2   court.  We did not agree to a 26(f) conference, and in fact

3   our understanding was that the discussion of discovery would

4   be not used for venue purposes, which nonetheless the Tribune

5   has used.  So the first thing is, Yes, we have discussed a

6   discovery schedule, but in light of we don't believe it's a

7   26(f) conference, and that's why we have not responded to

8   that.  Your Honor, as counsel for the Tribune has made clear,

9   we did, in fact, file a motion to dismiss as we had discussed

10  with Your Honor.  Essentially two grounds.  One is that this

11  is improper venue, and that personal jurisdiction over Mr.

12  Beatty does not exist.  We have also, and that has been fully

13  briefed.  In addition, as Mr. Doss said to the Court, he has

14  filed a sur-reply, we have filed a simple statement that we

15  don't want to begin this litigation allowing sur-replies, but

16  we have no substantive response to that.  We leave it to Your

17  Honor to decide whether to grant that and start the practice

18  of filing sur-replies in these matters.

19            THE COURT: Well, I'm likely to grant the relief in

20  absence of opposition.

21            MR. GALARDI: I'm sorry, Your Honor.  I couldn't

22  hear you.

23            THE COURT: I am likely to grant the relief in the

24  absence of opposition, but I don't see that, or frankly any

25  order I enter, as opening up any floodgates.  So if there are

1  further - -

2             MR. GALARDI: And that's fine, Your Honor.  It was

3  as very brief statement.  And we have, you know, it is simply

4  case law.  We disagree with it, but our position is set forth

5  in our reply brief.  With respect to the other two motions,

6  and I think it is important, Your Honor, we have filed, as

7  required, a motion to stay discovery in this proceeding.

8  Again, we think this is an improper venue for the reasons set

9  forth in the motion to dismiss.  It is a dispositive motion

10 with respect to your matter, and it sets forth those bases.

11 In addition, Your Honor, we are concerned that every step

12 they take on the discovery comes back to a jurisdictional

13 point, and Mr. Beatty does not concede personal jurisdiction

14 in this matter.  And with respect to our other motion, as I

15 had advised Your Honor we would be filing, we have filed a

16 motion to lift stay to proceed in the California action.  Now

17 someone could say that goes hand in hand with the motion to

18 dismiss.  We actually think it is alternative relief that

19 Your Honor could simply allow us to proceed and not have to

20 have this litigation in this Court, but we did file that.

21 They're both scheduled for hearing I believe it's the June

22 25th hearing before Your Honor.  We have not filed, and

23 importantly counsel for the Tribune uses the word and then

24 did in fact in the briefing, we have not filed a motion for

25 this Court to abstain.  We believe that would essentially

1    concede jurisdiction and venue.  We are not conceding that,
2    so we have not filed that.  And the case law, I think, is
3    pretty clear, that we need not file that until the motion to
4    dismiss is ruled on.  Similarly, although I have mentioned
5    it, and that we would probably, if Your Honor denies the
6    motion to dismiss, make a motion to withdraw the reference.
7    That has not been filed at this point, again, because we are
8    not going to concede the jurisdiction or venue arguments at
9    this point.  Your Honor, with respect to the stay of
10   discovery, I think we have asked, as there's a pending
11   dispositive motion that no discovery go forward, we think it
12   could be, though, more expensive for parties.  We can set
13   forth in any stay motion, further, that there, all of the
14   witnesses are in California, the subpoena power, etcetera,
15   and that would all be an additional expense that we think, at
16   this time, while there is a pending motion to dismiss before
17   Your Honor on both jurisdictional and venue grounds, thinking
18   it is improper for this case to be here, to proceed with
19   discovery, we hope Your Honor would rule on the motion to
20   dismiss at Your Honor's earliest convenience so that this
21   wouldn't be a long stay.  And as we mentioned, Your Honor, we
22   have offered, and they have declined, to go forward in the
23   California court.  So we think this is, again, in the
24   improper sense of venue shopping, we don't think Your Honor
25   has core jurisdiction.  We have mentioned that.  That is the

1  subject of some of the briefing before Your Honor, so I think
2  Your Honor may have to make that ruling as well.  So until
3  Your Honor makes those rulings, we would, we have asked for
4  as stay of discovery.  We ask Your Honor on the 25th to
5  consider our motion to lift stay to proceed in California.
6  And we anticipate that, you know, we can have this matter
7  resolved after Your Honor, go forward with discovery when
8  Your Honor rules on our motion to dismiss.  And though it may
9  seem reasonable to say, Well, discovery will go forward in
10 either proceeding, we think that they are using that for
11 jurisdictional purposes to get this case further along so it
12 can match up to the case in California for the automatic stay
13 purposes.  And we think that's inappropriate.
14         MR. DOSS: Your Honor, if I may - - again, Mike Doss
15 on behalf of Tribune Media Services, Debtor.
16         THE COURT: Briefly.
17         MR. DOSS: The, on the issue of discovery, I note
18 that in the motion to lift the stay, which was filed
19 yesterday, that itself raises an issue as to the likelihood
20 of success on the merits that they assert that there is the
21 likelihood of their success on the merits.  Which we believe
22 is a further justification for targeted discovery which we
23 have served to allow us to have documents and very narrow
24 interrogatory responses on the key factual issues that are
25 raised both by our complaints, but also by their motion to

1      lift the automatic stay.  So we would ask that the Court

2      allow for targeted, narrow document, document and

3      interrogatory discovery at this stage to allow the case to

4      proceed efficiently and effectively.  And Your Honor can

5      consider in your own discretion as to whether that should

6      have any impact whatsoever on your analysis of your, the

7      jurisdiction and venue in this case.  And if Your Honor deems

8      that not to have a prejudice toward Mr. Beatty in those

9      motions, that's certainly within Your Honor's discretion.

10     And that's all I have to say on that matter.

11            THE COURT:  All right.  Well, these motions are

12     scheduled for hearing later, and I will hear them then.  But

13     since the parties have touched on the substance of each of

14     them, let me just give you my visceral reaction.  Mr.

15     Galardi, I don't think you would expect that I would grant

16     relief from the stay until I have made a decision on the

17     motion to dismiss.  Oral argument has been requested.  The

18     binder has been delivered.  I'll need a little time with my

19     staff to get through the submissions, so I am going to

20     schedule, if counsel are available, oral argument on the

21     motion to dismiss for the July 16th hearing date at 3:30.  If

22     counsel are not available, we'll make some other arrangement.

23     But I do have that form of order before me, which has been

24     submitted, and would fill in that date.

25            MR. GALARDI:  Your Honor, if I might - - this is

1  Gregg Galardi again, Your Honor.  Unfortunately I will be out

2  of, I will actually be in California on July 16th.  So if

3  there's a date, I'm there from the 14th to the 16th, if there

4  is a date earlier, I don't mean to delay it, but I could do

5  earlier.  I can also do later, Your Honor.  My only other

6  calendar block out dates are July 22nd to July 30th.  But

7  otherwise I'm fully available at Your Honor's convenience.

8              THE COURT: Well that picks up the next omnibus

9  hearing date as well.  All right.  Give me a moment, and let

10 me take a look, at my schedule.  Bear with me.

11             MR. GALARDI: Your Honor, I may have misspoke.  If

12 Your Honor is, the 28th, 29th, or 30th of July, that is

13 actually, I come back on the 27th.  I made a mistake checking

14 my calendar.

15             THE COURT: Okay.

16             MR. GALARDI: I don't know if that helps.

17             THE COURT: Okay.  There was an omnibus scheduled

18 for the 28th, but that's been moved.

19             UNIDENTIFIED SPEAKER: (Microphone not recording.)

20             THE COURT: Oh, the time is changed.  I'm sorry.  I

21 see it.

22             MS. STICKLES: Your Honor, excuse me.  This is Kate

23 Stickles on behalf of Tribune Media Services.  I have

24 calendar that we do in fact have a hearing on July 28th.

25             THE COURT: Yeah.  It's at 1 o'clock.

1          MS. STICKLES: Yes. And - -

2          THE COURT: And I see - -

3          MS. STICKLES: - - we actually have several matters
4   on that day.

5          THE COURT: Yeah. I see that we've set - -

6          MR. GALARDI: I apologize, Your Honor. I was, I
7   thought I was coming back a day later, and I actually just
8   double checked. So - -

9          THE COURT: Okay. That's fine.

10         MR. GALARDI: - - I will be back on the 27th, so I
11  would be available on the 28th.

12         THE COURT: All right.

13         MR. GALARDI: If that's more convenient for Your
14  Honor.

15         THE COURT: All right. Ms. Stickles is there any
16  reason why we can't add this matter?

17         MS. STICKLES: With the caveat, Your Honor, that
18  there may possibly be a contested 345(b) matter on that date.
19  And also a Rule 2015(3) issue.

20         THE COURT: Ah.

21         MS. STICKLES: So I just say that, because I'm not
22  sure - - which is one reason why that hearing was moved to
23  allow time for those matters.

24         THE COURT: All right. Let's - - I'm inclined to
25  add the argument for that time. I don't want to push it into

1  August if that can be avoided.  So July 28th at 1 o'clock in

2  the afternoon for oral argument.  And I'm filling in that

3  date and time and signing the order scheduling oral argument.

4  Now, let's go back to the two other motions that have just

5  been filed.

6              MR. GALARDI: Your Honor, I understand from you that

7  you wouldn't even consider the motion for lift stay.  I

8  understand.  We'd consent to that being carried over.  If

9  that's Your Honor's inclination anyway, to carry that over to

10 either a date after the 28th of July or, you know, on the 28th

11 of July.  That would also, it'd seem to me, mean that we now

12 can get to the discovery issue that will be before Your Honor

13 either on the 25th or how you'd like to proceed.

14             THE COURT: Well, actually I have some thoughts

15 about that based on the brief discussion we've had.  And I

16 think I'd like to keep both of them on for now on the 25th,

17 because frankly, and I think I talked about this with the

18 parties at the last hearing, I don't, I don't see any reason,

19 frankly, to stay discovery completely.  And I don't disagree

20 here with the Debtor that there ought to be some focused

21 discovery which could take place during the pendency of the

22 motion.  Now in saying that, I wouldn't want to do it, and

23 won't do it in such a way that it, that it's the Court here

24 giving to itself jurisdiction which it does not have.  On the

25 other hand, it seems to me, at least within the context of

1   the motion to lift stay, I can lift the stay but with

2   conditions.  So I would like the parties to continue those

3   discussions.  I would be willing to either approve an

4   agreement or sign a form of order which made it clear that in

5   whatever form discovery would go forward it wouldn't

6   adversely impact or in any way impair any right or argument

7   either side has concerning the jurisdiction or venue issues,

8   or other issues that are pending before this Court.  I know

9   that counsel for Beatty has taken what looks to me to be a

10  fairly principled position with respect to jurisdiction, but

11  it seems to me that there could be something worked out which

12  wouldn't derogate from the principle that you're asserting in

13  connection with the motion to dismiss.  So I'm not making any

14  decisions today.  But just based on preliminary discussions

15  with the parties and my visceral reaction, those were my

16  thoughts, and I pass them along for whatever their worth.  Is

17  there anything more for today?

18          MR. GALARDI: Your Honor, just a clarification.  So

19  on the 25th, we wouldn't actually go forward on the substance

20  of the automatic stay, but again, discuss with counsel for

21  the Tribune one, a discovery schedule for that matter and

22  also the stay of discovery and potentially an order that

23  would essentially protect both parties' rights to a limited

24  discovery on that matter?

25          THE COURT: Well - -

1            MR. GALARDI: Or would Your Honor think that we
2   would be going forward on the substance of the lift stay on
3   the 25th.
4            THE COURT: Well, I think - -
5            MR. GALARDI: Just a clarification.
6            THE COURT: No.  I think you fairly described where
7   it is I think the parties ought to head.  But it's your
8   motion, you have a right to a hearing.  Under the Local
9   Rules, it can be considered a preliminary hearing.  I don't,
10  I just wanted to give you the heads up that I couldn't see at
11  this stage, unless there's something, some circumstance that
12  exists of which I am not yet aware, I just, I don't see a
13  high likelihood that your motion would be granted to go
14  pursue the litigation in California.  At least until such
15  time as I would dispose of the motion to dismiss.  Now, but
16  other than that, yeah, I think I'd like the parties to work
17  toward what I think you very accurately summarized from what
18  I said earlier.  If you can.  You know, I'm not going to, you
19  know, it's an agreement which you can or can't reach.  It's
20  up to you.  But let's leave both motions scheduled for the
21  25th to leave the vehicle for whatever activity will follow.
22           MR. GALARDI: Thank you, Your Honor.  It's Gregg
23  Galardi, thank you.
24           MR. DOSS: And Your Honor, Mike Doss on behalf of
25  Tribune Media Services.  I understand, I believe I understand

1   Your Honor's direction on this.  But one issue that I think

2   is still open is there has been no stay of discovery that has

3   been entered in this case.  We believe that under the rules,

4   discovery is available in the interim, while we're awaiting

5   the decision on the motion to stay.  And we have served

6   discovery on Mr. Beatty.  So I don't, I just simply don't

7   want to act in a way that's inconsistent with what Your Honor

8   understands.  Mr. Galardi and I will definitely be discussing

9   the possibility of a stipulation that will allow us to

10  proceed with discovery.  But am I correct in understanding

11  that there is, that discovery has not, at least currently,

12  been stayed in this action?

13          THE COURT: I haven't ordered anything, but I will

14  say that pending decision on the motion to stay, to the

15  extent there are no timely responses to that which has been

16  issued, I wouldn't anticipate any adverse consequences on the

17  Beatty side.  And - -

18          MR. DOSS: I fully understand that.  Thank you, Your

19  Honor.

20          THE COURT: Okay.  Are there any other questions?

21          MR. GALARDI: No.  Thank you for your time, Your

22  Honor.

23          MR. DOSS: Thank you.

24          MS. STICKLES: Thank you, Your Honor.

25          THE COURT: All right.  Thank you all very much.

1   That concludes this hearing.  Court will stand in recess.

2          (Whereupon at 10:54 a.m. the hearing in this matter was

3   concluded for this date.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18          I, Jennifer Ryan Enslen, approved transcriber for

19  the United States Courts, certify that the foregoing is a

20  correct transcript from the electronic sound recording of the

21  proceedings in the above entitled matter.

22

23  _/s/Jennifer Ryan Enslen_                      __June 15, 2009__
    Jennifer Ryan Enslen
24  43 Bay Boulevard
    Newark, DE 19702
25  (302)836-1905