IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE CO., *et al.*, | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF LAUDERDALE RIVER, INC., TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (I) ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 365 OF THE BANKRUPTCY CODE, AND (II) SET CURE AMOUNTS WITH RESPECT THERETO [RE DOCKET NO. 1306]**

Lauderdale River, Inc. ("**Landlord**"), by and through its undersigned counsel, hereby files this Limited Objection to the *Debtors' Motion for Entry of an Order Authorizing Debtors to (I) Assume Certain Unexpired Leases of Nonresidential Real Property Pursuant to 365 of the Bankruptcy Code, and (II) Set Cure Amounts with Respect Thereto* (the "**Assumption Motion**"), and states:

**General Factual Background**

1. Landlord is the lessor pursuant to that certain Lease Agreement dated January 1, 1997 (as amended, the **"Riverwalk Lease"**), by and between Riverwalk Center I Joint Venture ("**Riverwalk**") and Sun-Sentinel Company ("**Sun-Sentinel**"), an affiliate of Tribune Co. and one of the debtors in these jointly administered Chapter 11 cases, as assigned pursuant to an Assignment and Assumption of Leases dated June 17, 1997, by Riverwalk to the Landlord, for certain real property located at 200 Las Olas Boulevard, Fort Lauderdale, FL 33301.

2. The Debtors seek to assume the Riverwalk Lease as one of some 225 leases enumerated on Exhibit B to the Assumption Motion (the "**Assumed Leases**"). Exhibit B sets

1

forth proposed Cure Amounts as of May 1, 2009 for some but not all of the Assumed Leases, and lists no Cure Amount for the Riverwalk Lease.

**Bases for the Limited Objection**

3.   Landlord does not object to the Assumption Motion to the extent the Debtors seek to assume the Riverwalk Lease in its current form, without modification or amendment.  Rather, this Limited Objection addresses two points which are critical to assumption of that Lease in accordance with Section 365 (b)(1) and (d)(4) of the Bankruptcy Code:

A.   The Assumption Motion does not propose to pay cure amounts accrued and owing to the Landlord since May 1, 2009, and accordingly not shown on Exhibit B; and

B.   In providing that the Debtors are "authorized, but not required" to assume the Assumed Leases, the proposed form of Order is ambiguous in failing to set forth some definitive operative act through which the Riverwalk Lease will actually be assumed.

4.   By Order dated March 25, 2009 the Court granted Debtors the maximum non-consensual extension of the Deadline for assumption or rejection of nonresidential real property leases under Section 365(d)(4), through and including July 6, 2009.  The Assumption Motion was filed safely within the extended deadline, and if indeed the Riverwalk Lease is actually assumed by that deadline in accordance with Sections 365(b)(1) and (d)(4) then no further involvement of this Court should be necessary.  Landlord does not, however, consent to any further extension of the deadline beyond July 6, 2009, and absent such consent the Riverwalk Lease will be deemed rejected in accordance with Section 365(d)(4).

5.   While the Assumption Motion and Exhibit B are correct in their reflection that no Cure Amount was owed under the Riverwalk Lease as of May 1, 2009, Landlord has notified Sun-Sentinel (through its agent) that the amount of $8,025.67, representing OT HVAC charges

and tenant billable services (the **"Riverwalk Cure Amount")**, has become due and remains unpaid since that date. Pursuant to Section 365(b)(1)(A) the Riverwalk Cure Amount must be paid in full as a condition of assumption, and any Order granting the relief sought in the Assumption Motion should so provide.[1]

6.  Beyond this housekeeping matter of a post-May 1 Cure Amount, of greater concern to Landlord is the ambiguity created by the language in the proposed form of Order to the effect that the Debtors be "authorized, but not required" to assume the Assumed Leases. Absent payment of the Cure Amounts listed on Exhibit B to the Assumption Motion (which, as indicated, lists no such Cure Amount for the Riverwalk Lease), there is no operative act upon which Landlord can rely in assurance that the Riverwalk Lease has been assumed as "authorized" by the Order. The Order granting the Assumption Motion must provide for some definitive act constituting assumption, so that Debtors cannot later contend that notwithstanding the "authorization" to assume the Riverwalk Lease they never actually assumed that Lease. As Section 365(d)(4) makes clear, absent consent of Landlord which, in this instance, will not be forthcoming, the Debtors are required actually to assume the Riverwalk Lease by the extended deadline of July 6, 2009, and not merely obtain authorization, without direction, to assume that Lease in their discretion.

WHEREFORE, Lauderdale River, Inc. respectfully requests that upon consideration of this Limited Objection, the Court enter an Order (I) approving the proposed assumption of the Riverwalk Lease; (II) requiring the Debtors to pay the Riverwalk Cure Amount as a condition of such assumption; (III) setting forth some explicit and definitive operative act by which to confirm that the Riverwalk Lease has been assumed on or before July 6, 2009, and (IV) granting

---

[1] Landlord reserves its rights to file any and all proofs of claim in theses cases and/or any request for payment of amounts due under the Lease pursuant to section 365(d)(3) of the Bankruptcy Code.

such other and further relief as may be necessary and appropriate to protect the rights and interests of Landlord in connection with the assumption of the Riverwalk Lease.

Dated: June 18, 2009	Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Dennis A. Meloro*
Victoria W. Counihan (No. 3488)
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware  19801
Telephone:  (302) 661-7000
Facsimile:  (302) 661-7360
Email: counihanv@gtlaw.com
         melorod@gtlaw.com

-and-

Mark. D. Bloom
1221 Brickell Avenue
Miami, FL  33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
Email: bloomm@gtlaw.com

Attorneys for Landlord, Lauderdale River, Inc.