IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, ET.AL.<br><br>Debtor | Chapter 11<br>No.08-13141(KJC)<br>JOINTLY ADMINISTERED<br>No. 08-13185(KJC)<br>No. 08-13235(KJC) |

**REPLY BRIEF TO DEBTORS' OBJECTIONS TO JAYNE CLEMENT'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

1. **INTRODUCTION AND SUMMARY OF ARGUMENT**

Debtors' objections to Claimant Clement's motion for relief from the automatic stay are not well taken. Debtors blatantly mischaracterize several material facts regarding the status and nature of this case. The individual claims are much closer to trial than debtors suggest[1], as a motion for summary judgment was already filed in the case and is the last major hurtle before trial.

With regard to the class claims, debtors attempt to use claimant's efforts to secure contact information of putative class members as evidence that claimant in engaging in "blunderbuss discovery requests" requiring the case to be heavily litigated. This position is exceedingly disingenuous as that issue was already decided in claimant's favor and an order was issued requiring debtors to produce the requested contact information.

For this reason, debtors' objections should be disregarded and relief from the

---

[1] Debtors claim, "[O]nly preliminary discovery and depositions have occurred in the Individual suit, and there have been no rulings on dispositive motions in either the Putative Class Suit or the Individual Suit." (Objections, p. 4, ¶ 4.)

automatic stay should be granted.

2. **ARGUMENT**

**Debtors Mischaracterize Both the Progress of the Individual Claims and the Nature of Clement's Discovery Requests."**

Debtors brazenly mischaracterize several material facts regarding the status and nature of these cases. The individual claims are much closer to trial than debtors suggest, as a motion for summary judgment was already filed in the case and is the last major hurtle before trial. Further, debtors claim that "only preliminary discovery and depositions have occurred in the Individual Suit." (Objections, ¶ 4.) However, they do not, and in fact cannot, support their position. They identify no additional discovery they intend to collect and show no deficiencies in Clement's discovery to date. (*Id.*) To suggest that a case which began nearly two years ago, in August of 2007, has only seen "preliminary discovery" and in which the parties have been able to proceed all the way to summary judgment, is a mischaracterization of the facts to say the least.

With regard to the class claims, debtors attempt to use claimant's efforts to secure contact information of putative class members as evidence that claimant in engaging in "blunderbuss discovery requests" requiring the case to be heavily litigated. (Objections, ¶ 6.) This position is exceedingly disingenuous as that issue was previously decided in claimant's favor and an order was issued requiring debtors to produce the requested contact information. (Motion, Exh. 2.) Debtors, here, attempt to re-argue the issue before this court. To imply that Clement is abusing the discovery process to exacerbate debtors'

ability to pay its debts is not well taken and is less an attack on claimant than an attack on the honorable judge who issued the order.

3. **CONCLUSION**

For the foregoing reasons, claimant Jayne Clement, on behalf of herself and all others similarly situated, respectfully requests that this Honorable Court grant claimant's motion in its entirety.

>REAL WORLD LAW, PC
>/s/ Glenn A. Brown
>GLENN A. BROWN, DMD, ESQUIRE
>Attorney ID No. 4669
>916 North Union Street
>No. 2
>Wilmington, DE 19805
>(302) 225-8340
>Attorney for Jayne Clement and others similarly situated

Dated June 22, 2009