# EXHIBIT D



Not Reported in B.R.                                                                                            Page 1
Not Reported in B.R., 2004 WL 1146098 (Bkrtcy.D.Del.), 43 Bankr.Ct.Dec. 8
**(Cite as: 2004 WL 1146098 (Bkrtcy.D.Del.))**

H

United States Bankruptcy Court,
D. Delaware.
In re: U.S. WIRELESS CORPORATION, Wireless Location Services, Inc. and Wireless Location Technologies, Inc., Debtors.
THE LIQUIDATING TRUST OF U.S. WIRELESS CORPORATION, Wireless Location Services, Inc. and Wireless Location Technologies, Inc., Plaintiff,
v.
HASKELL & WHITE, LLP, Defendant.
**Nos. 01-10262(PJW), 01-10263(PJW), 01-10264(PJW), ADV. 03-55652(PJW).**

May 18, 2004.

Karen Sullivan, Oberly, Jennings & Rhodunda, P.A., Wilmington, DE, Jonathan S. Ziss, Jonathan J. Bart, Silverman Bernheim & Vogel, Philadelphia, PA, for Defendant, Haskell & White, LLP.

Joanne B. Wills, Richard M. Beck, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Wilmington, DE, for the Liquidating Trust of U.S. Wireless, Corporation, Wireless Location Services, Inc. and Wireless Location Technologies, Inc.

MEMORANDUM OPINION

WALSH, Bankruptcy J.

**\*1** This opinion is with respect to the motion for abstention, or alternatively, to dismiss, filed by Defendant Haskell & White, LLP ("Haskell") (Doc. # 9). By its complaint, the Liquidating Trust of U.S. Wireless Corporation, Wireless Location Services, Inc. and Wireless Location Technologies, Inc. ("Plaintiff") is seeking damages from Haskell for professional negligence, breach of fiduciary duty and breach of contract. Haskell filed the instant motion requesting this Court to abstain from hearing the adversary proceeding or in the alternative to dismiss the complaint under the doctrine forum non conveniens. The Plaintiff's opposition to the motion correctly asserts that a transfer under the doctrine of forum non conveniens is not appropriate, but that a transfer pursuant to 28 U.S.C. § 1412 is the proper reference. I will treat the motion as a request for transfer of venue pursuant to 28 U.S.C. § 1412 and will grant it.

BACKGROUND

In November 1996, Haskell was retained as the general auditor for U.S. Wireless ("Debtor") and the parties signed a retention agreement. Haskell performed audits for the Debtor for the 1997, 1998 and 1999 fiscal years. It was replaced by BDO Seidman in March 2000.

The Amended Complaint alleges that from 1996 until February 2001, Oliver Hilsenrath ("Hilsenrath"), former chief executive officer and chairman of the board, and David S. Klarman ("Klarman"), vice president, general counsel and secretary, "orchestrated a secret plan to engage U.S. Wireless in a series of fraudulent transactions with off-shore entities they owned or controlled for the express purpose of siphoning cash, stock options and other valuable consideration from U.S. Wireless for their benefit."(Doc. # 3 at 6-7.) The Amended Complaint asserts that Haskell should have discovered this alleged fraudulent conduct and its failure to do so constitutes malpractice and other wrongs.

In early 2001, the Debtor commenced an investigation and eventually issued a press release announcing the discovery of the alleged fraud. The announcement caused a decline in the Debtor's stock. On August 29, 2001, the Debtor filed a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code, 11U.S.C. §§ 101*et.seq.*

According to the Amended Complaint, "[o]n July

Case 08-13141-BLS    Doc 1598-4    Filed 06/22/09    Page 3 of 4

Not Reported in B.R. Page 2
Not Reported in B.R., 2004 WL 1146098 (Bkrtcy.D.Del.), 43 Bankr.Ct.Dec. 8
**(Cite as: 2004 WL 1146098 (Bkrtcy.D.Del.))**

14, 2003, Hilsenrath and Klarman were indicted in the United States District Court for the Northern District of California on thirty-six counts of violations of federal law, including securities fraud, wirefraud and aiding and abetting. In addition, on the same date, the Securities and Exchange Commission filed suit against Hilsenrath and Klarman in the United States District Court for the Northern District of California seeking various civil remedies under Title 15 of the United States Code."(Doc. # 3 at 13.)

## DISCUSSION

Section 1412 states: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."28 U.S.C. § 1412 (1993).

**\*2** "[S]ection 1412 largely include[s] the same criteria for transfer of cases as section 1404(a), *i.e.,* 'the interest of justice' or 'the convenience of the parties....' " *In re Emerson Radio Corp.,* 52 F.3d 50, 55 (3d Cir.1995); *see also In re Spillane,* 884 F.2d 642, 645 n. 4 (1st Cir.1989) ("[F]or purposes of determining when a transfer of venue is *effective,* there seems to us to be little reason for distinguishing between [§§ 1404 and 1412]."). Under § 1404 the following factors are considered: (1) plaintiff's choice of forum, (2) defendant's preference, (3) where the claim arose, (4) convenience of the parties, (5) convenience of the witnesses, (6) location of the records, (7) enforceability of the judgment (8) practical considerations (ease, speed, expense, etc.), (9) administrative difficulty, (10) local interest, (11) public policies, and (12) familiarity of the judge with the applicable state law.

The relevant factors here favor transfer. The Amended Complaint alleges professional negligence, breach of fiduciary duty and breach of contract, all of which are based on California state law. There is no Delaware or federal law issues raised. California is the location of all relevant documents.

Also, the conduct giving rise to the causes of action occurred in California where Haskell is located and where the Debtor's headquarters were located.

The location of most, if not all, of the witnesses who will be needed for trial are located in California. Since the core of the malpractice claim is based on Haskell's failure to discover the alleged fraud by Hilsenrath and Klarman, these two former officers appear to be critical witnesses in the case. Hilsenrath and Klarman, however, are both California residents who could be forced to appear in a California court, whereas they would be beyond subpoena jurisdiction of a Delaware court.

Although Delaware was the Plaintiff's choice of forum, I do not believe that the Plaintiff will be unduly inconvenienced by transfer of the case to California. The Official Committee of Unsecured Creditors and the Debtor, by stipulation, agreed to have the Delaware law firm of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP ("Klehr Harrison") take responsibility in the prosecution of all litigation against Klarman on behalf of the Debtor, which litigation has been pending for some time in California. Of course, Plaintiff in this adversary proceeding is represented by Klehr Harrison. The Court previously entered an order approving the retention of local California counsel to assist Klehr Harrison in the prosecution of the case against Klarman. The case in California against Klarman involves the same subject matter as the instant proceeding.

## CONCLUSION

For the reasons set forth above, the Court will grant Haskell's motion and transfer this adversary proceeding to the District Court for the Central District of California.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, defendant Haskell & White, LLP's motion (Doc. # 9) is GRANTED un-

Not Reported in B.R.
Not Reported in B.R., 2004 WL 1146098 (Bkrtcy.D.Del.), 43 Bankr.Ct.Dec. 8
**(Cite as: 2004 WL 1146098 (Bkrtcy.D.Del.))**

der 28 U.S.C. § 1412 and the case will be transferred to the United States District Court for the Central District of California.

Bkrtcy.D.Del.,2004.
In re U.S. Wireless Corp.
Not Reported in B.R., 2004 WL 1146098 (Bkrtcy.D.Del.), 43 Bankr.Ct.Dec. 8

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.