# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 1306 and 1509** |

## ORDER AUTHORIZING
## DEBTORS TO (I) ASSUME CERTAIN UNEXPIRED LEASES OF
## NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE
## BANKRUPTCY CODE AND (II) SET CURE AMOUNTS WITH RESPECT THERETO

Upon the Motion[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") for entry of an order, pursuant to section 365 of the Bankruptcy Code, authorizing the Debtors to (i) assume certain unexpired leases of nonresidential real property, and (ii) set cure amounts with respect thereto; and upon consideration of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Supplemental Motion.

and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED that the limitation of Fed. R. Bankr. P. 6006(f)(6) is waived; and it is further

ORDERED, that the Debtors' assumption of the leases attached hereto as <u>Exhibit A</u> (the "<u>Leases</u>") is hereby approved and all objections to the assumption are overruled; and it is further

ORDERED, that the Cure Amounts shall be fixed at the amounts set forth on <u>Exhibit A</u> attached hereto and no other monetary or other defaults exist under the Leases; and it is further

ORDERED, that payment of the applicable Cure Amounts shall constitute the cure of all defaults arising under the applicable Lease that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code); and it is further

ORDERED, that the Debtors shall pay the Cure Amounts, if necessary, to the respective Landlords within ten (10) business days of entry of this Order or such other date as the parties may otherwise agree; and it is further

ORDERED, that the Debtors have demonstrated adequate assurance of future performance and have satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code; and it is further

ORDERED, that all parties to the Leases that who failed to file an Objection are deemed to have consented to the assumption of any such Lease to which they are a party with the Debtors; and it is further

ORDERED, that the Landlords under the Leases shall be barred from asserting any claims arising on or before the date of entry of this Order against the Debtors, or their respective successors or assigns, with respect to such Lease, other than for payment of any Cure Amounts; and it is further

ORDERED, that the Debtors retain their rights, subject to appropriate notice and opportunity to object and Bankruptcy Court approval, to assign any of the Leases pursuant to and in accordance with the requirements of section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors' time to elect to assume or reject the leases of real property located at Willis (Sears) Tower, Chicago, IL 60606 (the "Sears Tower Leases") is extended pursuant to section 365(d)(4) of the Bankruptcy Code and by agreement with the landlord of the Sears Tower Leases as set forth in the email exchange attached hereto as Exhibit B, through and including July 21, 2009; and it is further

ORDERED, that the Debtors do not waive any claims they may have against any of the parties under the Leases whether or not related to the Leases; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware

_June 25_, 2009

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

CH1 4731211v.3