# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 1079<br>Hearing Date: April 30, 2009 at 2:30 p.m. |

**AFFIDAVIT OF JACK RODDEN, VICE PRESIDENT
AND TREASURER OF TRIBUNE COMPANY, IN SUPPORT OF
DEBTORS' OBJECTION TO THE MOTION FOR RELIEF FROM AUTOMATIC
STAY WITH RESPECT TO E. MICHAEL GUTMAN, M.D., MIKE GUTMAN,
M.D. (MPAC), P.A. AND GUTMAN PAIN/ACCIDENT CENTER, INC.**

STATE OF ILLINOIS    )
                     ) ss:
COUNTY OF COOK       )

JACK RODDEN, being duly sworn, deposes and states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am a Vice President and the Treasurer of Tribune Company, a corporation organized under the laws of Delaware and one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Tribune Company is the direct or indirect parent company of the other Debtors herein. I am generally familiar with the Debtors' day-to-day operations, business affairs, and books and records.

2. I submit this affidavit (the "Affidavit") in support of the Debtors' Objection (the "Objection") to the Motion (the "Motion") for Relief From Automatic Stay with Respect to E. Michael Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center (collectively, "Gutman"). I am familiar with the contents of the Objection. Except as otherwise indicated, all facts set forth in this Affidavit are based on my personal knowledge, on information supplied to me by other members of the Debtors' management teams and/or professionals retained by the Debtors. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Affidavit on behalf of the Debtors.

3. The Debtors are subject to a significant number of prepetition litigation cases, including at least (i) 45 prepetition media-related cases,[2] the majority of which expose the Debtors to a $1 million per occurrence deductible obligation related to any judgment or settlement amount and all of which expose the Debtors to significant additional defense costs (which do not count against the deductible obligation), (ii) 50 prepetition personal injury cases, all but one of which is subject to a $1 million deductible obligation, and (iii) 15 employment-related cases, none of which are covered by insurance. Gutman's prepetition case (the "Action") is one of the 45 prepetition media-related cases pending against the Debtors.

---

[2] The media-related cases primarily involve claims based on defamation, slander and libel.

4. The Action exposes the Debtors to not only a $1 million insurance deductible obligation related to any judgment or settlement amount, but also to significant additional defense costs. As with the other prepetition media-related cases pending against the Debtors, these defense costs are not counted against the deductible under the Debtors' insurance policies.

5. As of the Petition Date, with discovery still in process, the Debtors had expended approximately $1,264,184 in connection with defense of the Action. If the underlying discovery were to resume and the Action was permitted to ultimately proceed to the end of trial, it is my understanding that additional defense costs could range as high as approximately $2 million. Moreover, if the Action were to proceed to judgment and Gutman was awarded something less than the Debtors' $1 million deductible obligation, he would not be entitled to receive anything from the Debtors' insurers.

6. Through discussions with other members of the Debtors' management teams and professionals previously retained by the Debtors in connection with the Action, it is my understanding that a substantial amount of discovery remained outstanding in connection with the Action as of the commencement of these chapter 11 cases. For example, the Debtors anticipate conducting depositions of numerous additional witnesses, including approximately four (4) experts and potentially fifteen (15) or more individuals. In addition, as of the Petition Date, the Debtors had filed only one (1) non-substantive summary judgment motion. That motion was granted in part and denied in part on a technical pleading point.[3] However, I am advised that the Debtors have several substantive motions for summary judgment that have not

---

[3] Specifically, the summary judgment motion filed by the Debtors sought to dismiss Count I (Defamation) and Count II (False Light Invasion of Privacy) of the Action on account of insufficient notice pursuant to Fla. Stat. Section 770. The Debtors' summary judgment motion was granted with respect to Count II of the Action.

yet been filed due to the commencement of these chapter 11 cases.[4] Based on the underlying facts of the Action, I believe these summary judgment motions should be granted.

7.  Also, as mentioned above, as of the Petition Date, a significant number of media-related, personal injury and employment-related cases were pending against the Debtors. I believe that if the Court were to grant the relief requested in the Motion, it could open the floodgates for the other media-related, personal injury and employment-related plaintiffs to request similar relief.

8.  The Debtors and the Official Committee of Unsecured Creditors have made substantial progress in developing global alternative dispute resolution procedures for liquidating prepetition litigation claims, including claims on account of the Action. Once finalized, it is my understanding that these procedures will efficiently resolve prepetition litigation claims in a manner that, among other things, will enable the Debtors and the prepetition litigation claimants to avoid substantial litigation costs. In light of the ongoing efforts of the Debtors and Creditors Committee to finalize such procedures, the two (2) motions previously filed in these chapter 11 cases by claimants seeking relief from the automatic stay to pursue prepetition litigation have been resolved in a manner that is in accordance with the pending claims resolution procedures.[5] Specifically, both of these claimants have agreed to either

---

[4] The Debtors anticipate advancing several substantive summary judgment arguments based on, among other things, the accuracy of the facts published in the articles and/or the "substantial truth" defense applicable to such facts. See, e.g., Smith v. Cuban Am. Nat'l Found., 731 So. 2d 702 (Fla. 3d DCA 1999).

[5] See Motion of Allen Francisco ("Francisco") for Relief from Stay Under Section 362 of the Bankruptcy Code (the "Francisco Motion) [Docket No. 438, filed Feb. 20, 2009] and Motion for Relief from Stay filed by Andrew and Jennifer Faggio (collectively, the "Faggios") [Docket No. 476, filed March 5, 2009] (the "Faggio Motion"). In addition to the Francisco and Faggio Motions, a motion was filed by another personal injury claimant, Jon Van Senus ("Van Senus"). However, this additional motion did not seek to continue prepetition litigation. Instead, the motion filed by Van Senus sought to enforce a settlement agreement reached in connection with prepetition litigation. See Motion of Jon Van Senus By and Through His Guardian Ad Litem, Neala Olson, for Relief From the Automatic Stay to Pursue Payment Pursuant to Settlement Agreement [Docket No. 490, filed March 7, 2009]. Consistent with the global resolution procedures being formulated by the Debtors, Van Senus agreed not to enforce any deductible obligation against the Debtors at this time. See Order Modifying the Automatic Stay Authorizing

4

postpone resolution of their motions pending finalization of such procedures or to adjourn resolution of their motions pending completion of mediation proceedings and without enforcing any insurance deductible obligations against the Debtors.[6]

---

Jon Van Senus, By and Through His Guardian Ad Litem, Neala Olson, to Receive Payments Pursuant to Settlement Agreement [Docket No. 807, filed March 25, 2009].

[6] Francisco has agreed to continue the Francisco Motion until the omnibus hearing currently scheduled May 28, 2009. Similarly, the Faggios have agreed to proceed at this time solely with respect to mediation of their prepetition litigation and to completely subtract the Debtors' deductible obligation from any judgment received through such mediation. See Order Approving Stipulation Modifying the Automatic Stay to Permit Andrew and Jennifer Faggio to Continue Mediation With Respect to a Personal Injury Action Against Debtor The Hartford Courant Company [Docket No. 881, filed April 9, 2009].

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, the foregoing is true and correct.

Dated: 4-24-09

Jack Rodden
Vice President and Treasurer
Tribune Company

SALEMA CRAWFORD
My Commission Expires
October 17, 2012