IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No.  883<br>Hearing Date: June 30, 2009 at 1:30 p.m. |

### AFFIDAVIT OF MAYANNE DOWNS

Pursuant to 28 U.S.C. § 1746, I, Mayanne Downs, hereby declare as follows:

1.      My name is Mayanne Downs and I have direct, personal  knowledge of the facts set forth in this affidavit.

2.      I am a member in good standing of The Florida Bar and licensed to practice law in State of Florida.  I am currently a partner with the law firm of King, Blackwell,  Downs & Zehnder PA at 25 E. Pine St., Orlando, FL. 32801.  We represent, along with Thomas, LoCicero & Bralow PL, all defendants in the action pending in the Ninth Judicial Circuit, Orange County, Florida, styled as *Gutman v. Orlando Sentinel Communications Company,* and assigned Case Number 2005-CA-4071 (the "Gutman Case").

3.      The Gutman Case was scheduled to try in June 2008, but the action (together with discovery, expert disclosures, pretrial requirements, and further legal rulings) was stayed by virtue of bankruptcy filing of the Tribune Company and related debtors on December 8, 2008.

4.      Substantial work, including discovery, remains to be completed in this action.  At a minimum we intend to take the following, additional depositions including

1

but not limited to Dr. McClave (plaintiff's expert, on the changed damages opinion based on Dr. Gutman's death before the expiration of the damages modeled developed by Dr. McClave); Donna Gutman (on her personal knowledge of the liability and damages issues); three medical examiners (on the cause of death of the deaths that is the subject of the instant newspaper articles); Dr. Mountain (Dr. Gutman's former partner); the remainder of Dr. Gutman's local pain management expert; and one or more of the prescribing pharmacists.   In addition, we have not yet disclosed and designated our economics damages expert (who cannot perform his analysis until we have completed the deposition of Dr. McClave and received his revised damages report); neither have we designated our journalism standards expert.  I estimate that it will take at least six months to complete the above discovery; we were planning to work very hard between the trial date order of October 27, 2008 and the trial in June 2009 to complete the work that needed to be done on this case.

5.    Based upon my knowledge of our local courts, the status of the civil trial dockets for the Ninth Judicial Circuit, and my experience with this judge, I estimate that this action cannot be tried before 2010.  In addition to the parties' need to complete fact and expert discovery, substantial legal issues remain unaddressed, which the trial court will need to adjudicate before trial, including but not limited to motions for summary judgment on: (a) substantial truth (the requirement that the plaintiff show that the subject writings were materially false); (b) actual malice (the requirement that the plaintiff show defendants intentionally and knowingly lied); (c) the fair reporting privilege (the requirement that the plaintiff overcome defendants' right to rely on governmental documents, findings and writings); and (d) dismissal of corporate defendants against

2

whom no proof or actionable claim has (or can be) made. It is likely that the defendants will prevail on some or all of these grounds.

6.    We have also not completed the court-required mediation process, a prerequisite to trial of this action in Florida. Mediation in a complex case with so many unaddressed legal issues such as this is typically scheduled after the trial court has ruled on dispositive motions.

7.    Based upon the foregoing and my knowledge of our local courts, the status of the civil trial dockets for the Ninth Judicial Circuit, and my experience with this judge, I estimate that this action cannot be tried before early to mid-2010. Given the significant legal issues and the damages claimed by Dr. Gutman, the disappointed party will be highly likely to exercise the appellate review to which every Florida litigant is entitled. Based on my substantial experience in the Fifth District Court of Appeal, I estimate an additional twelve – eighteen months for completion of the intermediary appellate process. Beyond that, the Florida Supreme Court might well accept discretionary review of any First Amendment issues that presented themselves, in light of the Court's recent defamation rulings (including the ruling that rendered one of Dr. Gutman's two claims invalid under Florida law), which would add another twelve to eighteen months. Thus, final disposition of this action is unlikely to occur until 2011 – 2013.

8.    This is a complex case, with many legal and factual issues, however, most of the depositions and hearings in this matter have been handled by one lawyer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and

belief.

    Dated this 24th day of June 2009.

_____
MAYANNE DOWNS

STATE OF FLORIDA
COUNTY OF ORANGE

    SWORN TO AND SUBSCRIBED before me this 24th day of June, 2009, by Mayanne Downs, who is personally known to me, and who did take an oath.

_____
Signature

AFFIX SEAL

NOTARY PUBLIC-STATE OF FLORIDA
Caroline C. Wilkerson
Commission # DD574464
Expires: AUG. 26, 2010
BONDED THRU ATLANTIC BONDING CO., INC.

4