## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY,[1] et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 21, 2009 at 4:00 p.m.**<br>**Hearing Date: Only if objections are filed** |

## FOURTH MONTHLY FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2009 THROUGH MAY 31, 2009

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | The Debtors and Debtors in Possession |
| Date of Retention: | February 3, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which compensation and reimbursement is sought: | May 1, 2009 through May 31, 2009 |
| Amount of Compensation sought as actual, reasonable and necessary: | $5,710.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $283.68 |
| This is a: | Monthly Fee Application |

The total time expended for preparation of this application is approximately 3.0 hours, and the corresponding compensation is not included herein, but will be requested in a future application of Reed Smith LLP for compensation and reimbursement of expenses.

US_ACTIVE-101759651.2-LALANKFO

Summary of Monthly Fee Applications Filed:

| | | Requested | | Approved | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| March 25, 2009<br><br>1st Monthly | December 8, 2008 through February 28, 2009<br><br>D.I. No. 811<br>CNO D.I. No. 1082 | $98,262.00 | $2,535.31 | $78,609.60 | $2,535.31 |
| March 25, 2009<br><br>1st Quarterly | December 8, 2008 through February 28, 2009<br><br>D.I. No. 1083 | $98,262.00 | $2,535.31 | $19,652.40 | $0.00 |
| April 28, 2009<br><br>2nd Monthly | March 1, 2009 through March 31, 2009<br><br>D.I. No. 1095<br>CNO D.I. No. 1262 | $12,267.50 | $117.35 | $9,814.00 | $117.35 |
| June 2, 2009<br><br>3rd Monthly | April 1, 2009 through April 30, 2009<br><br>D.I. No. 1284<br>CNO D.I. No. ____ | $6,966.50 | $853.94 | Pending | Pending |

**REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING
SERVICES FROM MAY 1, 2009 THROUGH MAY 31, 2009**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John D. Shugrue | Partner. Joined Firm in 2008. Member of IL Bar since 1987. | $515.00 | 6.90 | $3,553.50 |
| P.R. Walker-Bright | Partner. Joined Firm in 2008. Member of IL Bar since 1994. | $495.00 | .40 | $198.00 |
| J.C. Falgowski | Associate. Joined firm in 2004. Member of DE bar since 2004. | $360.00 | .40 | $144.00 |
| D. Rosenfield | Associate. Joined Firm in 2007. Member of IL Bar since 2005. | $300.00 | 4.2 | $1,260.00 |
| S. Somoza | Paralegal since 2007. Joined Firm in 2007. | $125.00 | 2.7 | $337.50 |
| Lisa A. Lankford | Practice Group Specialist since 2002. Joined Firm in 2000. | $145.00 | 1.5 | $217.50 |
| Grand Total: | | | 16.10 | $5,710.50 |
| Blended Rate: | | | | $354.69 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $433.24 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Compensation |
|---|---|---|
| Shannon Claim – 60003 | 2.10 | $1,081.50 |
| Reliance/Times Mirror – 00004 | .60 | $262.00 |
| Insurance Counseling – 00005 | 5.30 | $2,378.50 |
| Marsh – 60008 | 6.20 | $1,627.00 |
| Fee Applications – 00009 | 1.90 | $361.50 |
| **TOTAL:** | **16.10** | **$5,710.50** |

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | |
|---|---|---|
| In-House Duplicating/Printing/Scanning | | $4.20 |
| Legal Research – Outside | Lexis Nexis/WestLaw/PACER | $.48 |
| Duplicating – Outside | | $204.00 |
| Courier Service – Outside | Parcels, Inc. | 75.00 |
| **TOTAL** | | **$283.68** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY,[1] et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 21, 2009 at 4:00 p.m.**<br>**Hearing Date: Only if objections are filed** |

## FOURTH MONTHLY FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2009 THROUGH MAY 31, 2009

Reed Smith LLP ("Reed Smith") hereby submits this Fourth Monthly Fee Application of

Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors and Debtors in

Possession (the "Debtors"), for Compensation and Reimbursement of Expenses for the Period May

1, 2009 through May 31, 2009 (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

331, Federal Rule of Bankruptcy Procedure 2016, Del.Bankr.L.R. 2016-2, the Order Pursuant to 11

U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals (D.I. 225) (the "Administrative Order"), and the Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the

Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A).  By this

Application, Reed Smith, as special counsel for certain insurance matters to the Debtors in these

cases, seeks interim approval and payment of compensation for legal services performed and

expenses incurred during the period commencing May 1, 2009 through May 31, 2009 (the

"Compensation Period").  In support hereof, Reed Smith respectfully represents the following:

## I.  FACTUAL BACKGROUND

1.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions

for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

"Court").

2.      The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code Sections 1107 & 1108.

3.      On December 18, 2008, the Office of the United States Trustee for the District of

Delaware ("UST") appointed the Official Committee of Unsecured Creditors.

4.      On February 2, 2009, the Bankruptcy Court approved the Debtors' retention of

Reed Smith as its special counsel for certain insurance matters.  A copy of the Order Authorizing

the Employment and Retention of Reed Smith LLP as Debtors' Bankruptcy Special Counsel for

Certain Insurance Matters Pursuant to 11 U.S.C. §§ 327(a), 328, 329, Fed.R.Bankr.P. 2014 and

US_ACTIVE-101759651.2-LALANKFO

2016 and Del.Bankr.L.R. 2014-1 and 2106-1 *Nunc Pro Tunc* to the Petition Date ("Retention Order"; D.I. 326) is attached as Exhibit A.

## II.    COMPENSATION AND REIMBURSEMENT OF EXPENSES

5.      Reed Smith submits this Application for the allowance of reasonable compensation for actual and necessary professional services provided to the Debtors as their counsel in these cases, and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Debtors during the Compensation Period.  All included services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Debtors during the Compensation Period.

6.      In connection with services performed, Reed Smith billed a total of $5,710.50 in fees and incurred $283.68 in expenses on behalf of the Debtors during the Compensation Period.

7.      By this Application, Reed Smith seeks: (a) interim allowance of compensation in the amount of $5,710.50 for legal services rendered during the Compensation Period, and reimbursement in the amount of $283.68 for expenses incurred during the Compensation Period and (b) pursuant to the Administrative Order, payment of compensation in the amount of $5,573.20 (80% of the compensation requested) and reimbursement of expenses incurred by Reed Smith during the Compensation Period in the amount of $283.68 (100% of the expenses incurred).

8.      For the Bankruptcy Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Debtors during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit B.

US_ACTIVE-101759651.2-LALANKFO

9.      In addition, Exhibit B contains computer printouts reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

10.     Exhibit C contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period.  Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $283.68.  This sum is broken down into categories of charges including, *inter alia*, telephone charges, special or hand delivery charges, documentation charges, transcription charges, postage, facsimile and photocopying charges.  Reed Smith's rate for duplication is $0.10 per page.  Reed Smith also uses outside duplication services for large photocopy work.  Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions.  Outgoing facsimile transmissions, if any, have been charged at a rate of $0.25 per page.

### III.    ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

11.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person."  See 11 U.S.C. § 330(a)(1)(A).  The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

12.     In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to

- 4 -

the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

13.     With respect to the time and labor expended by Reed Smith in these cases, as set forth in Exhibit B, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $5,710.50. Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of the Debtors, and the time expended, organized by project task categories, as follows:

### A.     SHANNON CLAIM (00003)

14.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, inter alia: Analysis of and communications with client and bankruptcy counsel regarding motion to lift stay filed with respect to underlying third party action. Reed Smith seeks compensation for 2.10 hours of reasonable and necessary legal expenses incurred for Shannon Claim during the Compensation Period in the total amount of $$1,081.50

### B.     RELIANCE/TIMES MIRROR (00004)

15.     During the Compensation Period, Reed Smith's services performed in connection with this category relate to, inter alia: Meetings with co-counsel regarding claim status and follow-up. Reed Smith seeks compensation for .60 hours of reasonable and necessary legal

- 5 -

expenses incurred for Reliance/Times Mirror during the Compensation Period in the total amount of $262.00

### C.   INSURANCE COUNSELING (00005)

16.    During the compensation period, Reed Smith's services performed in connection with this category relate to, inter alia: (i) Advising and assisting client in connection with terms, conditions and negotiations of renewal of D&O and Fiduciary Liability Insurance coverage; (ii) providing legal advice and assistance in connection with notice to and communications with insurers of various third-party claims and suits, and preparing and discussing correspondence with insurers regarding same; and (iii) analyzing and advising client regarding scope of various insurance coverages in connection with various third-party claims, and (iv) communications with client and bankruptcy counsel regarding insurance issues related to bankruptcy proceedings. Reed Smith seeks compensation for 5.30 hours of reasonable and necessary legal expenses incurred for Insurance Counselling during the Compensation Period in the total amount of $2,378.50.

### D.   MARSH (00008)

17.    During the compensation period, Reed Smith's services performed in connection with this category relate to, inter alia: Analyzing, organizing and preparing submissions pursuant to prior agreement.  Reed Smith seeks compensation for 6.20 hours of reasonable and necessary legal expenses incurred for Marsh during the Compensation Period in the total amount of $1,627.00.

### E.   FEE APPLICATIONS (00009)

18.    During the compensation period, Reed Smith's services performed in connection with this category relate to, inter alia: Preparing fee applications for filing with bankruptcy

- 6 -

court. Reed Smith seeks compensation for 1.90 hours of reasonable and necessary legal expenses incurred for Insurance Counselling during the Compensation Period in the total amount of $361.50.

19.     Reed Smith believes that its rates are market rates within the range charged by other counsel in this marketplace for similar Chapter 11 cases. The billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from May 1, 2009 through May 31, 2009 represent customary rates routinely billed to the firm's many clients. (See Exhibit B). Moreover, Reed Smith stated in the Application of Debtors and Debtors in Possession for an Order Pursuant to 11 U.S.C. §§ 327(a), 328, and 329, Fed.R.Bankr.P. 2014 and 2016 and Del.Bankr.L.R. 2014-1 and 2016-1 Authorizing the Employment and Retention of Reed Smith LLP as their Bankruptcy Counsel *Nunc Pro Tunc* to the Petition Date ("Retention Application"; D.I. 145) and the accompanying Declarations in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

20.     In addition, as set forth in its Retention Application, the Debtors believe that the retention of Reed Smith as their counsel would be cost-effective and efficient.

21.     Further, the Debtors sought to retain Reed Smith as their counsel due to its extensive experience and knowledge regarding the matters for which it has been retained. The Debtors also believed that the retention of Reed Smith was necessary for the Debtors to properly

- 7 -

and adequately discharge their fiduciary duties to creditors in these cases, and that Reed Smith

would provide distinct benefits to the Debtors and to enhance the administration of these

bankruptcy cases.

22.     This Application covers the period from May 1, 2009 through May 31, 2009.

Although every effort was made to include all fees and expenses from the Compensation Period

in this Application, some fees and/or expenses from the Compensation Period might not be

included in this Application due to delays in processing time and receipt of invoices for expenses

and/or for preparation of the instant application subsequent to the Compensation Period.

Accordingly, Reed Smith reserves the right to make further applications to the Court for

allowance of fees and expenses not included herein.

23.     Reed Smith believes that the Application and the description of services set forth

herein for work performed are in compliance with the requirements of Del.Bankr.L.R. 2016-2,

the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy

Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States

Trustees.  A true and correct copy of the Verification of John D. Shugrue, Esq. is attached hereto

as Exhibit D.

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of

compensation for professional services rendered in the amount of $5,710.50 and reimbursement

of expenses in the amount of $283.68 for the period May 1, 2009 through May 31, 2009 and

payment according to the procedures set forth in the Administrative Order.

- 8 -

Dated:  June 26, 2009
      Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:  /s/ J. Cory Falgowski
     J. Cory Falgowski (No. 4546)
     1201 Market Street, Suite 1500
     Wilmington, DE 19801
     Telephone: (302) 778-7500
     Facsimile: (302) 778-7575
     E-mail: jfalgowski@reedsmith.com

     and

     Pia N. Thompson (IL No. 6225746)
     John D. Shugrue (IL No. 6195822)
     10 S. Wacker Drive
     40th Floor
     Chicago, IL  60606-7507
     Telephone: (312) 851-8100
     Facsimile: (312) 851-1420
     E-mail:  pthompson@reedsmith.com
              jshugrue@reedsmith.com

     Special Counsel for Certain Insurance
     Matters to Tribune Company, *et al.*, Debtors
     and Debtors-in-Possession

US_ACTIVE-101759651.2-LALANKFO