# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: July 9, 2009 at 4:00 p.m. (EDT)** |
| | ) | **Hearing Date: July 16, 2009 at 3:30 p.m. (EDT)** |

## MOTION BY JPMORGAN CHASE BANK, N.A. FOR ENTRY OF AN ORDER PURSUANT TO FED. R. EVID. 502(d)

JPMorgan Chase Bank, N.A. (the "Agent"), as administrative agent under a Credit Agreement dated as of May 17, 2007[2] (the "Pre-Petition Senior Facility"), hereby moves this Court (the "Motion"), pursuant to Rule 502(d) of the Federal Rules of Evidence, for entry of an order providing certain protections against waiver of the attorney-client privilege and work

---

[1] The Debtors in these chapter 11 cases include Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspapers, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC; forsalebyowner.com corp; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart & Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network, Inc.); Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

[2] The $8,028,000,000 Credit Agreement Dated as of May 17, 2007 Among Tribune Company as Borrower, The Initial Lenders Named Herein as Initial Lenders, JPMorgan Chase Bank, N.A. as Administrative Agent, Merrill Lynch Capital Corporation, as Syndication Agent, Citicorp North America, Inc., Bank of America, N.A. and Barclays Bank PLC, as Co-Documentation Agents, and JPMorgan Securities Inc., Merrill Lynch Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc. and Banc of America Securities LLC, as Joint Lead Arrangers and Joint Bookrunners.

product protection in connection with the inadvertent disclosure of documents and information. A proposed order is attached hereto as Exhibit A. In support of this Motion, the Agent respectfully states as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008, the debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases ("the Committee"). Counsel for the Committee has provided the Agent with a request for documents dated March 26, 2009 as amended May 13, 2009 (the "Document Requests").

3. On June 12, 2009, the Agent and the Committee entered into an agreement ("the Confidentiality Agreement") governing disclosures made in response to the Document Requests. The Confidentiality Agreement provides, inter alia, that "[t]he inadvertent production of privileged information by JPMorgan shall not constitute a waiver of any applicable privilege." A copy of the Confidentiality Agreement is attached hereto as Exhibit B.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicate for the relief sought herein is Rule 502(d) of the Federal Rules of Evidence.

**RELIEF REQUESTED**

5.    By this Motion, the Agent respectfully requests entry of an Order, pursuant to Rule 502(d) of the Federal Rules of Evidence, providing that if the Agent inadvertently discloses any documents or information subject to attorney-client privilege or work product protection in response to the Document Requests or in response to any other formal or informal request from the Committee or from any other party in interest in these proceedings ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute a waiver or forfeiture of privilege or work product protection in this case or in any other Federal or State proceeding.

**BASIS FOR RELIEF**

6.    The Committee has requested certain information from the Agent and may request additional information in the future. In connection with the proceedings before this Court, other parties in interest may also seek information from the Agent. The Agent wishes to protect against any possible claim of waiver of attorney-client privilege or work product protection in the event of an inadvertent disclosure of otherwise privileged or protected information.

7.    Rule 502 of the Federal Rules of Evidence authorizes this Court to order that an inadvertent disclosure of attorney-client privileged or work product protected information does not constitute a waiver or forfeiture of privilege or protection. The Rule also provides that, once such an order is entered, the disclosure does not constitute a waiver in any other Federal or State proceeding. Fed. R. Evid. 502(d).

8.    According to the advisory committee note, Rule 502 is intended to address concerns that "any disclosure (however innocent or minimal) will operate as a subject matter

waiver of all protected communications or information." The advisory committee indicated that this possibility is "especially troubling in cases involving electronic discovery." Fed. R. Evid. 502 advisory committee's note. See also Alcon Mfg., Ltd. v. Apotex, Inc., No. 1:06-cv-1642-RLY-TAB, 2008 WL 5070465, at *6 (S.D. Ind. Nov. 26, 2008) (applying Rule 502(d) and quoting advisory committee note).

9.  In light of the size and magnitude of the pending cases and the possibility for substantial disclosures in response to formal and informal requests for documents and information, the Agent believes that it would be prudent and beneficial to obtain an order affording it the protection of Fed. R. Evid. 502(d).

10. The Committee has no objection to the relief requested.

## NOTICE

11. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the Debtors; (vii) counsel to the administrative agent for the Debtors' prepetition bridge loan facility; (viii) counsel to the administrative agents for Debtors' postpetition loan facility; (ix) the indenture trustees for the Debtors' prepetition notes; and (x) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Agent submits that no other or further notice is necessary.

## NO PRIOR REQUEST

12. The Agent has not previously sought the relief requested herein from this or any other court.

WHEREFORE, the Agent respectfully requests entry of an order substantially in the form of the proposed order attached hereto as <u>Exhibit A</u> (i) that the disclosure of Inadvertently Disclosed Information shall not constitute a waiver or forfeiture of privilege or work product protection in this case or in any other Federal or State proceeding, and (ii) granting such other relief as is just and proper.

Wilmington, Delaware
Dated: June 26, 2009

By: _____
Mark D. Collins (No. 2981)
Katisha D. Fortune (No. 4857)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6501
Donald S. Bernstein
Karen E. Wagner
Sharon Katz
Damian S. Schaible
*Counsel to the Agent*