# EXHIBIT B

**[Confidentiality Agreement]**

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is entered into as of June /2, 2009 by and between JPMorgan Chase Bank, N.A ("**JPMorgan**") and Chadbourne & Parke, LLP ("**Chadbourne**") and Landis Roth & Cobb ("**Landis**"), as co-counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") in the case filed under Chapter 11 of the Bankruptcy Code by the Tribune Company ("**Tribune**") titled In re Tribune Co., et al. (Bankr. D. Del.) (the "**Cases**").

## WITNESSETH

WHEREAS, Chadbourne has provided JPMorgan with a request for documents dated March 26, 2009 and an amended request for documents dated May 13, 2009 (collectively, the "**Document Request**") in connection with its analysis of the Leveraged ESOP Transaction that took place beginning in April 2007 and culminated with the merger of Tribune Company and Tesop Corporation in December 2007 (the "**Investigation**");

WHEREAS, in responding to the Document Request, JPMorgan will provide Chadbourne with documents ("**Documents**"), including Documents that JPMorgan believes contain or constitute non-public information or confidential or proprietary business, technical or financial information belonging to JPMorgan or its clients;

WHEREAS, JPMorgan believes that disclosure of such non-public or confidential or proprietary business, technical or financial information could be detrimental to JPMorgan's or its clients' business and JPMorgan therefore wishes to protect such information;

NOW, THEREFORE, the parties hereby agree as follows:

1. All Documents that JPMorgan produces in response to the Document Request will be used solely in connection with the Cases, including adversary proceedings.

2. In producing Documents, JPMorgan may stamp or otherwise designate as "Highly Confidential—Attorneys' Eyes Only" those Documents that it believes constitute or contain non-public information that is competitively sensitive and/or proprietary to JPMorgan or its clients, or from which competitively sensitive or proprietary information belonging to JPMorgan or its clients could be derived. This includes, without limitation, Documents containing information relating to JPMorgan's or its clients' confidential financial and/or business operations, business ventures, strategic plans, processes, designs, applications, trade secrets, and/or other proprietary ideas. In addition, JPMorgan may stamp or otherwise designate as "Confidential" those Documents that it

believes constitute or contain non-public commercial information, including, without limitation, non-public information about JPMorgan or its clients.

3. Chadbourne and Landis shall keep documents stamped or otherwise designated "Highly Confidential—Attorneys' Eyes Only" as Highly Confidential, and shall not provide such Documents or any information contained in such Documents, or any information that can be derived from such Documents, to any person or entity (including to members of the Creditors' Committee) other than to the attorneys, clerical, paralegal and secretarial staff regularly employed by Chadbourne or by Landis who need to receive such information in connection with the Investigation, and any financial advisors retained by the Creditors' Committee who need to receive such information in connection with the Investigation and who sign the attached Exhibit A. Chadbourne and Landis shall keep Documents stamped or otherwise designated "Confidential" as Confidential, and shall not provide such Documents, or any information contained in such Documents, or any information that can be derived from such Documents, to any person or entity other than (i) those persons authorized herein to review "Highly Confidential" documents; and (ii) subject to their signing the attached Exhibit A, members of the Creditors' Committee and their attorneys and financial advisors retained by such members in connection with this matter.

4. If Chadbourne objects to the designation of any Documents as "Highly Confidential—Attorneys' Eyes Only" or "Confidential," or seeks a waiver of such designation, Chadbourne will initially contact the undersigned counsel to JPMorgan in an effort to resolve the dispute and, if that effort is unsuccessful, may apply to the bankruptcy court for relief. Absent a written waiver or agreement from JPMorgan or an order of the bankruptcy court overseeing the Cases to the contrary, Documents marked or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" may be shown only to the parties specified above.

5. Should access to Documents stamped or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" be sought from Chadbourne or Landis by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, Chadbourne or Landis, as appropriate, will, unless prohibited by applicable law or regulation: (a) promptly notify counsel to JPMorgan in writing of the requested access; (b) and, prior to producing any such Documents, provide JPMorgan with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

6. The inadvertent production of privileged information by JPMorgan shall not constitute a waiver of any applicable privilege and Chadbourne and Landis will return to JPMorgan any such materials inadvertently produced.

Executed this 12th day of June 2009

DAVIS POLK & WARDWELL

By: _____

*Counsel to JPMorgan Chase Bank, N.A.*

CHADBOURNE & PARKE, LLP

By: _____

*Counsel to Official Committee of Unsecured Creditors*

LANDIS RATH & COBB LLP

By: _____

*Counsel to Official Committee of Unsecured Creditors*

3

# EXHIBIT A

_____, of _____, is an advisor to the Creditors' Committee, or a member of the Creditors' Committee or an advisor to a member of the Creditors' Committee in the Chapter 11 Case titled In re Tribune Co., et al. (Bankr. D. Del.) (the "**Cases**"), and hereby represents that the undersigned has read the Confidentiality Agreement (the "**Agreement**") dated June __, 2009 between Davis Polk & Wardwell, as counsel to JPMorgan Chase Bank, N.A. ("**JPMorgan**") and Chadbourne & Parke, LLP ("**Chadbourne**") and Landis Roth & Cobb ("**Landis**") as co-counsel to the Official Committee of Unsecured Creditors, and hereby agrees as follows:

1. To the extent that Chadbourne and Landis provide the undersigned with documents stamped or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" produced pursuant to the Agreement and the document requests from Chadbourne and Landis to JPMorgan dated March 26, 2009 and May 13, 2009, the undersigned agrees that such documents shall only be used in connection with the Investigation and that it will keep such Documents Confidential and will not provide such Documents, nor any information contained in such Documents, nor any information that can be derived from such Documents, to anyone.

2. Should access to Documents stamped or otherwise designated as "Confidential" be sought from the undersigned by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the undersigned agrees that, unless prohibited by applicable law or regulation, it will: (a) promptly notify counsel to JPMorgan in writing of the requested access; (b) and, prior to producing such Documents, provide JPMorgan with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

3. The undersigned agrees that the production of privileged information by JPMorgan shall not constitute a waiver of any applicable privilege and that it will return to JPMorgan any such materials inadvertently produced.

Agreed and Accepted: _____ (date)

_____
Name:
Title: