## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY,[1] et al., | Case No. 08-13141 (KJC) |
| | (Jointly Administered) |
| Debtors. | |
| | **Objection Deadline: July 21, 2009 at 4:00 p.m.** |
| | **Hearing Date: TBD** |

## SECOND INTERIM FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2009 THROUGH MAY 31 2009

Name of Applicant:                                       REED SMITH LLP

Authorized to Provide                                   Debtors and Debtors in Possession
Professional Services to:

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | The Debtors and Debtors in Possession |
| Date of Retention: | February 3, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which compensation and reimbursement is sought: | March 1, 2009 through May 31, 2009 |
| Amount of Compensation sought as actual, reasonable and necessary: | $24,944.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $1,254.97 |
| This is a: | Interim Fee Application |

The total time expended for preparation of this application is approximately 2.0 hours, and the corresponding compensation is not included herein, but will be requested in a future application of Reed Smith LLP for compensation and reimbursement of expenses.

US_ACTIVE-101799901.2-LALANKFO

Summary of Monthly Fee Applications Filed:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| March 25, 2009<br><br>1st Monthly | December 8, 2008 through February 28, 2009<br>D.I. No. 811<br>CNO D.I. No. 1082 | $98,262.00 | $2,535.31 | $78,609.60 | $2,535.31 |
| March 25, 2009<br><br>1st Quarterly | December 8, 2008 through February 28, 2009<br>D.I. No. 1083 | $98,262.00 | $2,535.31 | $19,652.40 | $0.00 |
| April 28, 2009<br><br>2nd Monthly | March 1, 2009 through March 31, 2009<br>D.I. No. 1095<br>CNO D.I. No. 1262 | $12,267.50 | $117.35 | $9,814.00 | $117.35 |
| June 2, 2009<br><br>3rd Monthly | April 1, 2009 through April 30, 2009<br>D.I. No. 1284<br>CNO D.I. No. _____ | $6,966.50 | $853.94 | Pending | Pending |
| June 26, 2009<br><br>4th Monthly | May 1, 2009 through May 31, 2009<br>D.I. No. 1643<br>CNO D.I. No._____ | $5,710.50 | $283.68 | Pending | Pending |

US_ACTIVE-101799901.2-LALANKFO

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY,[1] et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: July 21, 2009 at 4:00 p.m.** |
| | **Hearing Date: TBD** |

## SECOND INTERIM FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE <u>PERIOD MARCH 1, 2009 THROUGH MAY 31 2009</u>

Reed Smith LLP ("Reed Smith" or the "Applicant"), hereby submits this Second Interim

Fee Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors

and Debtors in Possession (the "Debtors"), for Compensation and Reimbursement of Expenses for

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Case 08-13141-BLS   Doc 1645   Filed 06/26/09   Page 5 of 10

the Period March 1, 2009 through May 31 2009 (the "Application") pursuant to 111 U.S.C. §§

105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses

of Professionals (D.I. 225) (the "Administrative Order"), and the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses promulgated by the Executive

Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A).  By this Application,

Reed Smith, as special counsel for certain insurance matters to the Debtors in these cases, seeks

interim approval and payment of compensation for legal services performed and expenses incurred

during the period commencing March 1, 2009 through May 31 2009 (the "Compensation Period").

In support hereof, Reed Smith respectfully represents the following:

## I.   FACTUAL BACKGROUND

1.      On March 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for

relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

"Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

"Court").

2.      The Debtors continue to operate their businesses and manage their properties as

debtors-in-possession pursuant to Bankruptcy Code Sections 1107 & 1108.

3.      On December 18, 2008, the Office of the United States Trustee for the District of

Delaware ("UST") appointed the Official Committee of Unsecured Creditors.

4.      On February 2, 2009, the Bankruptcy Court approved the Debtors' retention of

Reed Smith as its special counsel for certain insurance matters.  A copy of the Order Authorizing

the Employment and Retention of Reed Smith LLP as Debtors' Bankruptcy Special Counsel for

Certain Insurance Matters Pursuant to 11 U.S.C. §§ 327(a), 328, 329, Fed.R.Bankr.P. 2014 and

2016 and Del.Bankr.L.R. 2014-1 and 2106-1 *Nunc Pro Tunc* to the Petition Date ("Retention Order"; D.I. 326) is attached as Exhibit A.

**MONTHLY FEE APPLICATIONS COVERED HEREIN**

5.        On April 28, 2009, Reed Smith filed its Second Monthly Fee Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters for the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period March 1, 2009 through March 31 2009 (D.I. 1095) (the "Second Monthly Fee Application") seeking fees in the total amount of $12,267.50 and expenses in the total amount of $117.35.  As no objections or responses were filed to the Second Monthly Fee Application, a certificate of no objection was filed on May 28, 2009 (D.I. 1262).

6.        On June 2, 2009, Reed Smith filed its Third Monthly Fee Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters for the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period April 1, 2009 through April 30 2009 (D.I. 1284) (the "Third Monthly Fee Application") seeking fees in the total amount of $6,966.50 and expenses in the total amount of $853.94.  The objection deadline will expire on June 25, 2009 at 4:00 p.m.

7.        On June 26, 2009, Reed Smith filed its Fourth Monthly Fee Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters for the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period May 1, 2009 through May 31 2009 (D.I. 1643) (the "Fourth Monthly Fee Application") seeking fees in the total amount of $5,710.50 and expenses in the total amount of $283.68.  The objection deadline will expire on July 21, 2009 at 4:00 p.m.

8.        Each Monthly Fee Application contains detailed time logs describing the actual and necessary services provided by Reed Smith during the covered period, as well as other

US_ACTIVE-101799901.2-LALANKFO

detailed information required to be included in fee applications.  Each Monthly Fee Application is incorporated herein by reference.

## REQUEST FOR COMPENSATION AND
## REIMBURSEMENT OF EXPENSES

9.      Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person."  11 U.S.C. § 330(a)(1)(A).  The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Bankruptcy Court that the services performed and fees incurred were reasonable.

10.     In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to 11 U.S.C. § 330(a)(3), the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time expended on such services, (B) the billing rates for such services, (C) whether such services were beneficial or necessary to the administration of the estate, (D) the complexity of the case or the nature of the task handled by the professional, and (E) the costs of comparable professional services.  See 11 U.S.C. §330(a)(3)(A)-(E).

11.     Reed Smith submits this Application seeking an interim allowance of compensation for actual and necessary professional services performed as counsel for the Debtors in the total amount of $24,944.50, as well as reimbursement for actual and necessary out-of-pocket expenses incurred in the total amount of $1,254.97 for the covered period, and payment according to the procedures set forth in the Administrative Order.  Again, the full scope of the services provided and the related expenses incurred are fully described in the Monthly Fee Applications that have already been filed with the Court.

- 4 -

12.     A summary containing the names of each Reed Smith professional and paraprofessional rendering services for the Debtors during the covered period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional are attached to the Monthly Fee Applications.  In addition, the Monthly Fee Applications contain computer-printouts reflecting the time recorded for services rendered on a daily basis during the covered period and descriptions of the services provided, identified by project task categories.

13.     Further, the Monthly Fee Applications contain a breakdown of expenses incurred by Reed Smith during the covered period.  Reed Smith has incurred out-of-pocket expenses during the covered period in the amount of $1,254.97, which sum is broken down into categories of charges, including, *inter alia*, telephone charges, document retrieval charges, electronic research, postage expenses, facsimile expenses, and courier and express mail charges, as well as in-house and outside photocopying charges and filing fees.  Reed Smith's in-house rate for duplication is $.10 per page.  Reed Smith also uses outside duplication services for large photocopy work.  Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions.  Outgoing facsimile transmissions have been charged at a rate of $0.25 per page.

14.     With respect to the time and labor expended by the Applicant in these cases, as set forth in each Monthly Fee Application, Reed Smith rendered professional services in the combined total amount of $24,944.50.  The Applicant believes that it is appropriate to be compensated for the time spent in connection with such matters, and to that end, the Applicant has set forth in the Monthly Fee Applications a brief narrative description of the services rendered as counsel for the Debtors and the time expended, organized by project task categories.  The Applicant has attempted to place the services provided in the category that best relates to

US_ACTIVE-101799901.2-LALANKFO

such services.  Because certain services may relate to one or more categories, however, services pertaining to one category may be properly included in another category.

15.      The Applicant charged and now requests those fees that are reasonable and customary and charged by most counsel in this marketplace for similar Chapter 11 cases.  The billing rates set forth in the various summaries of professionals and paraprofessionals rendering services during the covered period represent customary rates that are routinely billed to Reed Smith's many clients.  Moreover, the Reed Smith Retention Order authorizes firm professionals and paraprofessionals to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses. The compensation requested in this Application does not exceed the reasonable value of the services rendered.  Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

16.      This Application covers the period from March 1, 2009 through and including May 31, 2009.  Although every effort was made to include all fees and expenses from the covered period in this application, some fees and/or expenses from the covered period might not be included in this fee application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the covered period. Accordingly, the Applicant reserves the right to make further applications for allowance of fees and expenses not included herein.  Reed Smith believes that the instant application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

US_ACTIVE-101799901.2-LALANKFO

WHEREFORE, the Applicant respectfully requests that the Court enter an order substantially in the form attached hereto, providing (i) an allowance be made to the Applicant for compensation for reasonable and necessary legal services performed in the combined total amount of $24,944.50, and for reimbursement of actual and necessary costs and expenses incurred in the combined total amount of $1,254.97 for the period of March 1, 2009 through May 31, 2009, (ii) that the Debtors be authorized and directed to promptly pay to Reed Smith compensation in the amount of $4,988.90 (the 20% fee holdback, plus any other fees, if any, not yet paid to Reed Smith) and reimbursement of expenses in the amount of $1,254.97 (if such sums have not previously been paid to Reed Smith); and (iii) for such other and further relief as this Court deems just and proper.

Dated:  June 26, 2009
        Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By:  /s/ J. Cory Falgowski
     J. Cory Falgowski (No. 4546)
     1201 Market Street, Suite 1500
     Wilmington, DE 19801
     Telephone: (302) 778-7500
     Facsimile: (302) 778-7575
     E-mail: jfalgowski@reedsmith.com

     and

     John D. Shugrue (IL No. 6195822)
     10 S. Wacker Drive
     40th Floor
     Chicago, IL  60606-7507
     Telephone: (312) 851-8100
     Facsimile: (312) 851-1420
     E-mail:  jshugrue@reedsmith.com

     Special Counsel for Certain Insurance
     Matters to Tribune Company, *et al.*, Debtors
     and Debtors-in-Possession

- 7 -