IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
TRIBUNE COMPANY, et al.,[1]              :    Case No. 08-13141 (KJC)
                                         :
        Debtors                          :    Jointly Administered
                                         :
                                         :    Hearing Date: July 16, 2009 at 3:30 p.m.
                                         :    Objection Deadline: July 9, 2009 at 4:00 p.m.
                                         :    Re: Docket No. ___
---------------------------------------------------------x

## SOUTH FLORIDA STADIUM CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE A SETOFF OF CERTAIN PREPETITION AMOUNTS WITH DEBTOR FORUM PUBLISHING GROUP, INC.

South Florida Stadium Corporation, a Florida limited liability company d/b/a Dolphin Stadium ("Dolphin Stadium"), by and through undersigned counsel, respectfully moves this Court for relief from the automatic stay pursuant to 11 U.S.C. §§ 362 and 553 to effectuate a setoff of certain prepetition amounts owing between Dolphin Stadium and the Debtor, Forum

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwnercom Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. ([455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Publishing Group, Inc. ("Debtor or Forum Publishing").[2] In support thereof, Dolphin Stadium states the following:

## A. JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## B. BACKGROUND

2. On December 8, 2008 (the "Petition Date"), Forum Publishing and various related entities, each commenced a case (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered.

3. Dolphin Stadium operates and manages the premises located at Dolphins Stadium in Miami-Dade County, Florida (the "Premises").

4. Prior to the Petition Date, Dolphin Stadium and Forum Publishing entered into the Dolphin Stadium Event Agreement dated October 10, 2008 (the "Agreement"). A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit "A."**

5. The Agreement governs the Forum Publishing's rental of the Premises from Dolphin Stadium for a South Florida Parenting Magazine Holiday Show (the "Event"). The Event took place on December 6 through the 7, 2008 on the Premises.

6. Prior to the Petition Date and pursuant to the Agreement, Dolphin Stadium received from Forum Publishing a security deposit in the amount of $10,000.00 (the "Security Deposit").

---

[2] Arguably the doctrine of recoupment is applicable to the mutual claims detailed herein. However in an abundance of caution, Dolphin Stadium is pursuing its right to setoff.

7. Prior to the Petition Date, Dolphin Stadium collected ticket revenues at the gate for the Event in the amount of $24,665.00 (the "Gate Ticket Revenues").[3]

8. Prior to the Petition Date and pursuant to the Agreement, Forum Publishing incurred $61,255.70 in fees and expenses for the use of the Premises (the "Total Rental Fee"). Upon execution of the Agreement, Forum Publishing paid $11,903.75 of the Total Rental Fee. Accordingly, Forum Publishing still owes Dolphin Stadium a balance of $49,351.95 for prepetition use of the Premises (the "Unpaid Rental Fee").

## C. RELIEF REQUESTED

9. Dolphin Stadium seeks stay relief to setoff the Security Deposit and Gate Ticket Revenues in total amount of $34,665.00 against the Unpaid Rental Fee due and owing by the Debtor in the amount of $49,351.95.

## D. MEMORANDUM OF LAW IN SUPPORT OF MOTION

The Bankruptcy Code recognizes a creditor's right to offset a mutual debt owed by a creditor to the debtor that arose <u>before</u> bankruptcy against a claim of the creditor of the debtor that arose <u>before</u> bankruptcy. 11 U.S.C. § 553. The Debtor owes Dolphin Stadium $49,351.95 for the Unpaid Rental Fee. Dolphin Stadium holds the Security Deposit and the Gate Ticket Revenues in the total amount of $34,665.00. The Unpaid Rental Fee and the Security Deposit along with the Gate Ticket Revenues are mutual prepetition debts. Accordingly, Dolphin Stadium is entitled to offset the Security Deposit and Gate Ticket Revenues against the Unpaid Rental Fee.

A creditor must obtain relief from the automatic stay or must obtain an order allowing setoff prior to exercising any right of setoff. 11 U.S.C. § 362; *In re Communicall Central, Inc.*,

---

[3] The actual gate ticket revenues collected by Dolphin Stadium was $20,215.00. However, the parties to the Agreement acknowledge that the gate ticket revenues should be $24,665.00.

106 B.R. 540, 544 (Bankr. N.D. Ill. 1989). Upon establishing its right to setoff, a party "makes a prima facie showing of 'cause' for relief from stay." *In re Orlinski*, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991). Consequently, cause exists to grant relief from the automatic stay to Dolphin Stadium permitting it to setoff the Security Deposit and Gate Ticket Revenues against the Unpaid Rental Fee.

**WHEREFORE**, Dolphin Stadium, respectfully requests this Court to enter an order (i) authorizing Dolphin Stadium to set off the entire Security Deposit and Gate Ticket Revenues in the total amount of $34,665.00 against the prepetition obligation of the Debtor for the Unpaid

Rental Fee in the amount of $49,351.95 due under the Agreement, and (ii) granting such other and further relief as the Court may deem just and proper. A proposed order is attached hereto as **Exhibit "B."**

Dated: June 26, 2009
Wilmington, Delaware

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

_____
James F. Harker (DE Bar No.255)
Eric J. Monzo (DE Bar ID No. 5214)
Nemours Building, 1007 Orange Street, Suite 1130
Wilmington, Delaware 19801
Telephone: (302) 425-5089
Fax: (302) 425.5097
Email: JHarker@cohenseglias.com
emonzo@cohenseglias.com

and

AKERMAN SENTERFITT, LLP

Keith N. Costa (NY KC1213)
335 Madison Avenue, Suite 2600
New York, NY 10017-4636
Telephone: (212) 880-3800
Fax: (212) 880-8965
Email: keith.costa@akerman.com

Tarek K. Kiem (FL 637041)
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Fax: (954) 463-2224
Email: tarek.kiem@akerman.com

*Attorneys for South Florida Stadium Corporation*