# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------ x   Chapter 11
In re:                                           :
                                                 :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                         :
                                                 :   Jointly Administered
                Debtors.                         :
                                                 :   Objections Due: July 16, 2009 @ 4:00 p.m. (ET)
------------------------------------------------ x   Hearing Date: N/A
```

## FIFTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2009 THROUGH MAY 31, 2009

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2009 through May 31, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $465,714.60 (80% of $582,143.25) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $31,011.71 |

This is a(n):   __x__ Monthly       ____ Interim       ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |

# TRIBUNE COMPANY, et al.
## SUMMARY OF HOURS
### May 1, 2009 through May 31, 2009

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 70.50 | 67,327.50 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 955 | 18.20 | 17,381.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 19.90 | 15,551.25 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 60.60 | 48,177.00 |
| Thomas J. Hall (1988) | Litigation | 1980 (NJ) 1981 (NY) | 795 | 28.20 | 22,419.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 159.40 | 121,941.00 |
| Marjorie M. Glover (1999) | Employee Benefits | 1988 (MA) 1989 (NY) | 755 | 32.00 | 24,160.00 |
| Edouard S. Markson (2007) | Tax | 1997 (NY) | 735 | 2.80 | 2,058.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 635 | 84.20 | 53,467.00 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 635 | 22.60 | 14,351.00 |
| | | | | | |
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 86.60 | 51,527.00 |
| Jonathan Cross | Litigation | 2002 (NY) | 595 | 3.10 | 1,844.50 |
| Joseph Giannini | Corporate | 2002 (NJ) 2004 (NY) | 585 | 0.30 | 175.50 |
| Robert J. Gayda | Bankruptcy & Financial Restructuring | 2005 (NY) | 535 | 1.70 | 909.50 |
| Benjamin Carson | Corporate | 2008 (NY) | 395 | 21.20 | 8,374.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Patrick Narvaez | Corporate | 2008 (NY) | 395 | 10.10 | 3,989.50 |
| Jason Porter | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 43.80 | 17,301.00 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 61.20 | 24,174.00 |
| Rachel Kurth | Employee Benefits | 2009 (NY) | 345 | 30.80 | 345.00 |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 94.80 | 32,706.00 |
| | | | | | |
| **Law Clerks:** | | | | | |
| Bonnie Dye | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 82.30 | 28,383.50 |
| Page Willan | Litigation | JD-2008 | 345 | 21.10 | 7,279.50 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 9.90 | 2,574.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 13.10 | 3,406.00 |
| Sarah Chan | Corporate | n/a | 245 | 7.70 | 1,886.50 |
| | | | | | |
| **Librarians:** | | | | | |
| Barbara Schubeck | n/a | n/a | 120 | 1.20 | 144.00 |
| | | | | | |
| **TOTAL:** | | | | 987.30 | $582,143.25 |

BLENDED RATE:   $590.50

* Includes year elected Partner at firm or joined firm as Partner.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x   Chapter 11
In re:                                                        :
                                                              :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                      :
                                                              :   Jointly Administered
                    Debtors.                                  :
                                                              :   Objections Due: July 16, 2009 @ 4:00 p.m. (ET)
------------------------------------------------------------- x   Hearing Date: N/A
```

**FIFTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2009 THROUGH MAY 31, 2009**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $582,143.25 (80% of which equals $465,714.60) and reimbursement of expenses incurred in the amount of $31,011.71 during the period commencing May 1, 2009 through and including May 31, 2009 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. On December 30, 2009, the United States Trustee appointed Wilmington Trust Company as an additional member of the Committee.

6. On February 20, 2009 the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7. No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8. All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9. During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10. The fee statement for the Application Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11. As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $582,143.25. The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

3

12. The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

A. **Bankruptcy General (Matter 002)**

Fees: $28,086.00   Total Hours: 52.00

13. During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest. Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14. Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks. Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

15.     Through the collective efforts of Chadbourne, the Committee chairs and the U.S. Trustee, a new Committee member was selected during this time. Subsequently, Chadbourne tended to the various documentation and tasks required to formalize the new appointment.

**B.     Committee Meetings (Matter 003)**

Fees: $19,973.50     Total Hours:  32.90

16.     Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases. Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases. Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings. Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

**C.     Creditor Communications (Matter 004)**

Fees: $6,872.50     Total Hours:  7.90

17.     Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in

telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.  Inter-Company Issues/Cash Management (Matter 006)**

Fees: $1,990.00     Total Hours: 3.20

18. During the Application Period, Chadbourne reviewed certain intercompany cash management transfers between and among the Debtors and non-Debtor affiliates in order to make sure the transactions were consistent with the terms of the final cash management order, as entered by the Bankruptcy Court on April 29, 2009.

**E.  Business Operations (Matter 007)**

Fees: $43,872.00     Total Hours: 65.80

19. During the Application Period, Chadbourne attorneys expended time on various issues relating to the Debtors' day-to-day business operations. This included the review of weekly operations and financial reports prepared by the Committee's financial advisors.

20. In addition, Chadbourne continued its review and analysis of the Debtors' proposed new station affiliation agreements with the CW Network and also commenced review of the Debtor's motion to amend and assume its agreement with Nielsen Media Research. This process included participation in frequent discussions with Debtors' counsel and a thorough legal review of the terms of the agreements to ensure that the deal terms were drafted appropriately and were economically favorable to the Debtors' estates.

F.  **Asset Disposition (Matter 008)**

Fees: $49,839.50    Total Hours: 71.30

21.  The disposition of the Cubs was again a main focus by Chadbourne during the Application Period. Chadbourne's diligence included the ongoing review of various transaction materials provided by the Debtors and the review and summary of various draft agreements in connection with the potential transaction. In collaboration with the Committee's other professionals, particular time was spent in preparing for a special presentation to the Committee to provide an update on the current status of the transaction. During this time, Chadbourne was informed of the Debtors' decision to consider certain other offers and, subsequently, participated in discussions with the Debtors' professionals and the Committee's professionals to consider various options going forward.

G.  **Claims Administration/Bar Date (Matter 009)**

Fees: $3,654.50    Total Hours: 7.90

22.  During the Application Period, Chadbourne reviewed the request of the Internal Revenue Service to extend its time to file proofs of claim, considered options and summarized its analysis and counsel in a report to the Committee. Chadbourne also followed up on the status of the claim submission process and held various calls with the Debtors' professionals related thereto.

H.  **Fee/Retention Applications (Matter 010)**

Fees: $13,313.00    Total Hours: 33.70

23.  During the Application Period, Chadbourne expended further time on the treatment of ordinary course professionals. These efforts included the review and analysis of

7

filed affidavits to ensure qualification criteria were satisfied and monitoring spending and monthly fee caps in connection with same.

24.     During the Application Period, Chadbourne reviewed and posted a first-quarter professional fee summary for the Committee. Chadbourne's efforts included obtaining and reporting on certain professional fees paid for by affiliated non-debtors. Finally, in further compliance with monthly fee procedures, Chadbourne expended time preparing and filing its fourth monthly fee application.

**I.    Plan and Disclosure Statement (Matter 011)**

Fees: $6,494.00     Total Hours: 6.80

25.     During the Application Period, Chadbourne attorneys continued its review of the potential structure for a plan of reorganization including consideration of the optimal tax and corporate structure.

**J.    Employee Issues (Matter 014)**

Fees: $66,349.00     Total Hours: 110.20

26.     In preparing for the upcoming hearing on the Debtors' proposed severance plan and the 2008 incentive program (the "Motions"), during the Application Period Chadbourne participated in frequent discussions with Debtors' counsel to consider and resolve objections raised by the U.S. Trustee in order to ensure that the necessary Court approval on the Motions was granted.

27.     During the Application Period, considerable time was expended on the review of multiemployer pension plan issues. Chadbourne reviewed and analyzed various documents provided by the Debtors and performed extensive legal research on a range of matters

including, among other things, liability issues, tax implications and PBCG remedial abilities. The process involved preparation of a comparative analysis of the potential scenarios the Debtors' multiemployer pension plans may face upon emergence.

K. **Relief From Stay Issues (Matter 015)**

Fees: $8,664.50    Total Hours: 21.50

28. During the Application Period, Chadbourne continued the process of reviewing the various motions filed seeking relief from the automatic stay. This ongoing process included evaluating the relief requested and summarizing its recommendations in written reports to the Committee. Related calls were held with the Debtors' professionals to ensure that a collective response was put forth to certain lift-stay requests.

L. **Tax Issues (Matter 016)**

Fees: $13,833.00    Total Hours: 15.80

29. During the Application Period, Chadbourne reviewed tax issues in connection with certain subordinated debt of the Debtors and, working with representatives of the Debtors and the Committee, participated in settlement discussions with IRS. In addition, Chadbourne continued to review and consider tax implications in connection with certain proposed transactions.

M. **General Litigation (Matter 017)**

Fees: $2,353.00    Total Hours: 6.40

30. During the Application Period, Chadbourne continued to review and monitor the filings in the ERISA District Court civil action proceedings.

### N. Travel (Matter 018)

Fees: $866.25        Total Hours: 2.10

31.    During the Application Period, Chadbourne attorneys spent time traveling to/from Wilmington, Delaware to attend an omnibus hearing at Bankruptcy Court. The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

### O. Review of Prepetition Financings (Matter 019)

Fees: $315,982.50        Total Hours: 549.80

32.    During the Application Period, Chadbourne attorneys expended substantial time on the ongoing comprehensive review of the Debtors' prepetition financing documents and capital structure as part of the Committee's review and analysis of certain potential challenges that could be asserted with respect to certain of the Debtors' prepetition transactions. In addition, Chadbourne attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto. As part its investigation and analysis, Chadbourne began preparing a comprehensive report to the Committee summarizing its review of the legal standards and requirements related to the 2007 ESOP transaction.

33.    During this time, Chadbourne continued its efforts to obtain information and documents from certain parties connected to the 2007 ESOP transaction. Chadbourne anticipates that it will receive a significant volume of material. Accordingly, Chadbourne began considering alternatives to reviewing the materials, including establishing an electronic

discovery database, in order to ensure that the document review proceed in the most thorough and expeditious manner.

## ACTUAL AND NECESSARY EXPENSES

34.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $31,011.71 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.  Also, Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

35.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

36.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

37.     The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served. No in-person Committee meetings were held during the Application Period.

38.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional and secretarial overtime.

## VALUATION OF SERVICES

39.     Attorneys and paraprofessionals of Chadbourne have expended a total of 987.30 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Chabourne's normal hourly rates for work of this character. The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $582,143.25.

40.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

41.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable

given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period May 1, 2009 through May 31, 2009:

(a) authorizing compensation in the amount of $582,143.25 (80% of which equals $465,714.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $31,011.71, for a total of $613,154.96; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:  June 26, 2009
        Wilmington, Delaware

**CHADBOURNE & PARKE LLP**

By: _____
    Douglas E. Deutsch
    (A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Co-Counsel to The Official Committee of Unsecured Tribune Company, et al.

13

# **VERIFICATION**

STATE OF NEW YORK    :
                     : ss:
COUNTY OF NEW YORK   :

David M. LeMay, after being duly sworn according to law, deposes and says:

(a) I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1982.

(b) I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
David M. LeMay

Sworn to before me this
26th day of June 2009

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010