IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: July 16, 2009 at 3:30 p.m.<br>Objection Deadline: July 9, 2009 at 4:00 p.m. |

APPLICATION FOR AN ORDER
AUTHORIZING DEBTORS TO EMPLOY AND RETAIN DOW
LOHNES PLLC AS SPECIAL COUNSEL FOR CERTAIN REGULATORY
(FCC AND BROADCAST) MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the "Application") for entry of an order, in substantially the form attached hereto, authorizing the Debtors to employ and retain the law firm of Dow Lohnes PLLC ("Dow Lohnes") as their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 4736658v.3

special counsel for certain Federal Communications Commission ("FCC") and broadcast regulatory legal matters pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Application, the Debtors submit the Declaration of John R. Feore (the "Feore Declaration"), which is filed concurrently herewith and incorporated herein by reference. In further support of this Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner in these cases. On December 18, 2008, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in these chapter 11 cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

**RELIEF REQUESTED**

5. By this Application, the Debtors seek authorization to employ and retain Dow Lohnes as their special counsel for certain FCC and broadcast regulatory legal matters pursuant to section 327(e) of the Bankruptcy Code. The Debtors anticipate that Dow Lohnes will work with the Debtors and their officers, directors, senior management and advisors with respect to FCC and broadcast matters, including, for example, (i) ensuring full compliance of the Debtors with the rules, regulations and policies of the FCC and the provisions of the Communications Act; (ii) ensuring that the Debtors and their affiliates satisfy the foreign ownership limitations contained in Section 310 of the Communications Act; (iii) seeking from the FCC, as necessary, appropriate ownership rule waivers to cover the newspaper-broadcast properties owned by certain of the Debtors and servicing the New York, Los Angeles, Chicago, Hartford and Miami markets; (iv) obtaining all other approvals and rule waivers that may be necessary pursuant to FCC rules, regulation and policies; (v) defending against any challenges to the FCC transfer applications including proceedings before the FCC and, if necessary, the United States Courts of Appeals; (vi) working with bankruptcy and tax counsel for the Debtors to ensure that FCC requirements and procedures are fully coordinated with and complementary to the proceedings before the Bankruptcy Court; (vii) ensuring full compliance by the Debtors' broadcast stations with all the requirements of the FCC during and through the reorganization processes; and (viii) preparing and filing with the FCC, as directed by the Debtors, all necessary applications, reports and updates to accomplish the above. Dow Lohnes may also perform such other legal services as are within the scope of the matters on which Dow Lohnes has been retained that may be necessary and appropriate for the efficient and economical administration of

these chapter 11 cases (collectively, the "Broadcast Regulatory Matters"). See Feore Declaration at ¶ 3.

6. The Debtors have selected Dow Lohnes, subject to the Court's approval, to serve as their special counsel to represent the Debtors in connection with Broadcast Regulatory Matters. The Debtors believe that Dow Lohnes' representation of the Debtors, as discussed herein, will provide a substantial benefit to the Debtors and their estates. Dow Lohnes has extensive expertise in providing services similar to the matters for which Dow Lohnes has been retained and the Debtors believe that Dow Lohnes is best positioned to provide such services to the Debtors. See Feore Declaration at ¶ 3.

7. The Debtors have also retained, pursuant to previously-entered orders of this Court, Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their bankruptcy co-counsel, and several other law firms as section 327(e) counsel and/or ordinary course professionals. The Debtors' management and legal department will monitor all of the Debtors' professionals to ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner. Those professionals, in turn, will make every effort to minimize duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole Schotz acting as Delaware co-counsel for the Debtors, and Dow Lohnes advising the Debtors on Broadcast Regulatory Matters, each consistent with their experience and expertise.[2]

8. Subject to the Court's approval, Dow Lohnes will charge the Debtors for their legal services on an hourly basis in accordance with its ordinary and customary rates for

---

[2] In particular, the Debtors will make every effort to ensure that there will be no duplication of services to be performed by Dow Lohnes and the FCC services historically performed by Sidley.

4

matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. Dow Lohnes's billing rates currently range from $550 to $795 per hour for members, $255 to $450 per hour for associates and from $130 to $250 per hour for para-professionals. These hourly rates are subject to adjustment on a periodic basis. See Exhibit E to the Feore Declaration.

9. Dow Lohnes has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable orders of this Court. See Feore Declaration at ¶ 19. The Debtors have made no advance payments for service to Dow Lohnes with respect to these matters, Dow Lohnes holds no retainer as an advance on these services and as of the Petition Date the Debtors did not owe Dow Lohnes any outstanding amounts. Dow Lohnes has not entered into an engagement letter with the Debtors for these matters. See Feore Declaration at ¶ 20.

10. Dow Lohnes has further informed the Debtors that, as set forth in more detail in the concurrently filed Feore Declaration and subject to any exceptions contained therein or in the exhibits thereto, Dow Lohnes does not hold or represent in these proceedings any interests adverse to the Debtors or to their estates in matters upon which Dow Lohnes is to be engaged pursuant to this Application. All information with respect to Dow Lohnes's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee is set forth in the Feore Declaration. See Feore Declaration Exhibits B, C and D.

5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: July 16, 2009 at 3:30 p.m.<br>Objection Deadline: July 9, 2009 at 4:00 p.m. |

## APPLICATION FOR AN ORDER
## AUTHORIZING DEBTORS TO EMPLOY AND RETAIN DOW
## LOHNES PLLC AS SPECIAL COUNSEL FOR CERTAIN REGULATORY
## (FCC AND BROADCAST) MATTERS PURSUANT TO 11 U.S.C. §§ 327(e) AND 1107

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby submit this Application (the "Application") for entry of an order, in substantially the form attached hereto, authorizing the Debtors to employ and retain the law firm of Dow Lohnes PLLC ("Dow Lohnes") as their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 4736658v.3

special counsel for certain Federal Communications Commission ("FCC") and broadcast regulatory legal matters pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Application, the Debtors submit the Declaration of John R. Feore (the "Feore Declaration"), which is filed concurrently herewith and incorporated herein by reference. In further support of this Application, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner in these cases. On December 18, 2008, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in these chapter 11 cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 327(e) and 1107 of the Bankruptcy Code.

**RELIEF REQUESTED**

5. By this Application, the Debtors seek authorization to employ and retain Dow Lohnes as their special counsel for certain FCC and broadcast regulatory legal matters pursuant to section 327(e) of the Bankruptcy Code. The Debtors anticipate that Dow Lohnes will work with the Debtors and their officers, directors, senior management and advisors with respect to FCC and broadcast matters, including, for example, (i) ensuring full compliance of the Debtors with the rules, regulations and policies of the FCC and the provisions of the Communications Act; (ii) ensuring that the Debtors and their affiliates satisfy the foreign ownership limitations contained in Section 310 of the Communications Act; (iii) seeking from the FCC, as necessary, appropriate ownership rule waivers to cover the newspaper-broadcast properties owned by certain of the Debtors and servicing the New York, Los Angeles, Chicago, Hartford and Miami markets; (iv) obtaining all other approvals and rule waivers that may be necessary pursuant to FCC rules, regulation and policies; (v) defending against any challenges to the FCC transfer applications including proceedings before the FCC and, if necessary, the United States Courts of Appeals; (vi) working with bankruptcy and tax counsel for the Debtors to ensure that FCC requirements and procedures are fully coordinated with and complementary to the proceedings before the Bankruptcy Court; (vii) ensuring full compliance by the Debtors' broadcast stations with all the requirements of the FCC during and through the reorganization processes; and (viii) preparing and filing with the FCC, as directed by the Debtors, all necessary applications, reports and updates to accomplish the above. Dow Lohnes may also perform such other legal services as are within the scope of the matters on which Dow Lohnes has been retained that may be necessary and appropriate for the efficient and economical administration of

these chapter 11 cases (collectively, the "Broadcast Regulatory Matters"). See Feore Declaration at ¶ 3.

6. The Debtors have selected Dow Lohnes, subject to the Court's approval, to serve as their special counsel to represent the Debtors in connection with Broadcast Regulatory Matters. The Debtors believe that Dow Lohnes' representation of the Debtors, as discussed herein, will provide a substantial benefit to the Debtors and their estates. Dow Lohnes has extensive expertise in providing services similar to the matters for which Dow Lohnes has been retained and the Debtors believe that Dow Lohnes is best positioned to provide such services to the Debtors. See Feore Declaration at ¶ 3.

7. The Debtors have also retained, pursuant to previously-entered orders of this Court, Sidley Austin LLP ("Sidley") as their general reorganization and bankruptcy counsel, Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") as their bankruptcy co-counsel, and several other law firms as section 327(e) counsel and/or ordinary course professionals. The Debtors' management and legal department will monitor all of the Debtors' professionals to ensure that they are utilized in an efficient, non-duplicative and cost-efficient manner. Those professionals, in turn, will make every effort to minimize duplication of their work, with Sidley being chiefly responsible for providing general bankruptcy and reorganization advice (as well as advice on related matters) to the Debtors, Cole Schotz acting as Delaware co-counsel for the Debtors, and Dow Lohnes advising the Debtors on Broadcast Regulatory Matters, each consistent with their experience and expertise.[2]

8. Subject to the Court's approval, Dow Lohnes will charge the Debtors for their legal services on an hourly basis in accordance with its ordinary and customary rates for

---

[2] In particular, the Debtors will make every effort to ensure that there will be no duplication of services to be performed by Dow Lohnes and the FCC services historically performed by Sidley.

4

matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases. Dow Lohnes's billing rates currently range from $550 to $795 per hour for members, $255 to $450 per hour for associates and from $130 to $250 per hour for para-professionals. These hourly rates are subject to adjustment on a periodic basis. See Exhibit E to the Feore Declaration.

9. Dow Lohnes has advised the Debtors that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any applicable orders of this Court. See Feore Declaration at ¶ 19. The Debtors have made no advance payments for service to Dow Lohnes with respect to these matters, Dow Lohnes holds no retainer as an advance on these services and as of the Petition Date the Debtors did not owe Dow Lohnes any outstanding amounts. Dow Lohnes has not entered into an engagement letter with the Debtors for these matters. See Feore Declaration at ¶ 20.

10. Dow Lohnes has further informed the Debtors that, as set forth in more detail in the concurrently filed Feore Declaration and subject to any exceptions contained therein or in the exhibits thereto, Dow Lohnes does not hold or represent in these proceedings any interests adverse to the Debtors or to their estates in matters upon which Dow Lohnes is to be engaged pursuant to this Application. All information with respect to Dow Lohnes's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee is set forth in the Feore Declaration. See Feore Declaration Exhibits B, C and D.

11. In accordance with the requirements of section 327(e) of the Bankruptcy Code, while employed by the Debtors during the pendency of these cases, Dow Lohnes will not represent, in those matters upon which the Debtors seek to retain Dow Lohnes, any other entity having an adverse interest in those matters. See Feore Declaration at ¶ 16.

12. Furthermore, Dow Lohnes will conduct an ongoing review of its files to ensure that it continues to neither hold nor represent in these proceedings any interests adverse to the Debtors or to their estates in matters upon which Dow Lohnes is to be engaged pursuant to this Application. In this regard, Dow Lohnes will advise this Court if it becomes aware of material information or relationships that it determines require further disclosure. See Feore Declaration at ¶ 15.

13. As described herein, the Debtors believe that it is necessary and in the best interest of their estates and creditors to employ and retain Dow Lohnes as their special counsel to render professional services on their behalf in regard to Broadcast Regulatory Matters.

## LEGAL AUTHORITY

14. Section 327(e) of the Bankruptcy Code provides:

> The Trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Under this section, special counsel may be appointed if: (1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. See id.; see also In re Woodworkers Warehouse, Inc., 323

6

B.R. 403, 406 (D. Del. 2005); Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845, 847 (D. Del. 1996).

15.  When analyzing the retention of special counsel under section 327(e), the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel. See Woodworkers Warehouse, 323 B.R. at 406 (citing Matter of First Am. Health Care of Georgia, Inc., 1996 WL 33404562, *3 (Bankr. S.D. Ga. Apr. 18, 1996). In general, however, subject to the requirements of sections 327 and 1107, a debtor in possession is entitled to the counsel of their choosing. See, e.g., In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

16.  In the instant case, the retention of Dow Lohnes by the Debtors is in the best interests of the Debtors' estates, and satisfies all other standards for retention under sections 327(e) and 1107. Dow Lohnes has substantial experience in representing clients with respect to FCC and broadcast regulatory matters in circumstances similar to those of the Debtors. Accordingly, the Debtors believe that it is in the best interests of their estates and creditors to employ and retain Dow Lohnes as their special counsel in regard to the Broadcast Regulatory Matters.

## NOTICE

17.  Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the

7

administrative agents for the Debtors' prepetition loan facilities; (iv) the administrative agent for Debtors' postpetition loan facility; and (v) all parties having requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

### **NO PRIOR REQUEST**

18. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) authorizing the Debtors to retain Dow Lohnes PLLC as special counsel to the Debtors concerning Broadcast Regulatory Matters in these chapter 11 cases pursuant to section 327(e) of the Bankruptcy Code, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: June 26, 2009

TRIBUNE COMPANY
(for itself and on behalf of each Debtor)

_____
Don Liebentritt
Executive Vice President and General Counsel

9