## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: July 16, 2009 at 3:30 p.m. EDT<br>Objection Deadline: July 9, 2009 at 4 p.m. EDT<br>Related to Docket No.: 1651 |

## JOINT MOTION OF DEBTORS AND CBS FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE UNDER SEAL UNREDACTED VERSIONS OF CERTAIN SYNDICATED PROGRAM AGREEMENTS

Debtors Tribune Broadcasting Company, Tribune Broadcast Holdings, Inc., WGN Continental Broadcasting Company, Tribune Television Company, Tribune Television Holdings, Inc., Tribune Television Northwest, Inc., Tribune Television New Orleans, Inc., Channel 39, Inc., Channel 40, Inc., KPLR, Inc., KSWB, Inc., KTLA Inc., KWGN Inc., WPIX, Inc., WTXX

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Inc., and Tower Distribution Company (collectively, the "Tribune Parties"), and King World Productions, Inc., CBS Studios Inc., and CBS Television Distribution, a division of both King World Productions, Inc. and CBS Studios Inc. (collectively, "CBS") by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order (the "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing them to file under seal unredacted versions of certain syndicated program agreements. In support of this Motion, the Tribune Parties and CBS respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner. The Committee has been apprised of the relief requested herein.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND TO THE MOTION

6. Contemporaneously with the filing of this Motion, the Tribune Parties filed a motion (the "Assumption Motion") seeking, inter alia, authorization to assume certain prepetition syndicated program agreements with CBS (collectively, the "CBS Agreements")[2]. As more particularly described in the Assumption Motion, the Tribune Parties believe that the proposed assumption of the CBS Agreements is in their best interests and in the best interests of their estates and creditors.

7. Certain provisions of the CBS Agreements contain pricing information negotiated by the parties that both the Tribune Parties and CBS consider confidential, proprietary, and highly commercially and competitively sensitive. The Tribune Parties justifiably do not want such pricing terms to be publicly disclosed to other syndicators or distributors from which they license syndicated programming. Similarly, CBS does not want such terms to be made public and available to other customers to which it licenses syndicated programming. In order to protect the parties' legitimate business interests, the CBS Agreements attached to the Assumption Motion have been redacted to eliminate such terms.

---

[2] Nothing contained in this Motion is intended to alter any provision of the CBS Agreements. In the event of a discrepancy between the description of such CBS Agreements in this Motion and their actual terms, the terms of such CBS Agreements shall control.

## RELIEF REQUESTED

8. By this Motion, the Tribune Parties and CBS respectfully request entry of an Order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing them to file unredacted versions of the CBS Agreements under seal.

9. The Tribune Parties and CBS further request that the Court order that responses and/or objections, if any, to the Motion be filed with the Court under seal or any confidential information contained therein redacted and served solely upon counsel for the Debtors, counsel to CBS, the Office of the United States Trustee, counsel for the Committee, and counsel for the steering committee for the Debtors' prepetition lenders.

## BASIS FOR RELIEF

10. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Tribune Parties and CBS to file the CBS Agreements under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

11. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

      12.    Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application". <u>Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.</u>), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "<u>Orion</u>"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." <u>See</u> <u>In re Global Crossing</u>, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. <u>Orion</u>, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

      13.    The Tribune Parties and CBS submit that good cause exists for the Court to grant the relief requested herein. As mentioned above, certain provisions of the CBS Agreements reflect information the parties legitimately expect to be maintained as confidential in light of its proprietary or commercially or competitively sensitive nature. Protection of pricing information is of critical importance to the parties because of the potential impact disclosure of such terms could have on their bargaining or competitive position and business operations. Specifically, disclosure of the confidential pricing terms could significantly impede the parties' ability to successfully negotiate such terms with other contract counterparties, including

competing syndicators and distributors from which the Tribune Parties obtain similar licenses and competing television and cable stations to which CBS provides similar licenses. Accordingly, public dissemination of pricing information contained in the CBS Agreements could provide competitors and future contract counterparties of the Tribune Parties and/or CBS with a substantial and unfair advantage. The Tribune Parties and CBS believe that Court authorization to file the CBS Agreements under seal will ensure that such information is not misused. Moreover, Tribune Parties and CBS believe that no valid purpose would be served by the disclosure of the information to the general public.

14. For these reasons, Tribune Parties and CBS respectfully request that this Court permit unredacted versions of the CBS Agreements to be filed under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 because of the harm that would ensue if the highly confidential commercial information contained in such agreements became public. Subject to appropriate confidentiality restrictions and excluding persons or entities to whom the competitive and confidentiality considerations articulated above would apply, the Tribune Parties and CBS submit that they will provide, upon request, unredacted copies of the CBS Agreements to the Office of the United States Trustee, the Committee, and the steering committee for the Debtors' prepetition lenders.[3]

## NOTICE

15. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the Steering Committee for the Debtors' prepetition

---

[3] Pursuant to Del. Bankr. L. R. 9018-1(b), a unredacted copy of Exhibit B to the Assumption Motion is being provided to the Court for its review in an envelope marked "DOCUMENT TO BE KEPT UNDER SEAL."

loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition financing facility; (viii) counsel to CBS; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit no other or further notice is necessary.

## **NO PRIOR REQUEST**

No previous application for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Tribune Parties and CBS respectfully request that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing them to file under seal unredacted versions of the CBS Agreements and granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware  
       June 26, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP  
James F. Conlan  
Bryan Krakauer  
Janet E. Henderson  
Jillian K. McClelland  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION

Dated: Wilmington, Delaware  
       June 26, 2009

Respectfully submitted,

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: /s/ David M. Stern
David M. Stern
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6049
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

ATTORNEYS FOR CBS