## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors | Jointly Administered |
| | Related to Docket Nos. 1325, 1598, 1622 |
| TRIBUNE MEDIA SERVICES, INC., | |
| Plaintiff/Debtor, | |
| v. | Adv. Proc. No. 09-50486 |
| WARREN BEATTY, | |
| | Related to Docket No. 23 |
| Defendant | |

### ORDER

Upon consideration of Warren Beatty's ("Beatty") Motion for Relief from the Automatic Stay (Docket No. 1325) ("Lift Stay Motion"), any responses thereto and of Beatty's Motion to Stay Discovery (Docket No. 23 in Adv. No. 09-50486) ("Discovery Motion"), any responses thereto, and after hearing thereon, held on June 25, 2009, it is hereby

ORDERED AND DECREED that certain relief sought by the Lift Stay Motion and the Discovery Motion is hereby GRANTED, as follows:

1. The June 25, 2009 hearing on the Lift Stay Motion shall be a preliminary hearing; final hearing shall be held on July 28, 2009 at 1:00 o'clock p.m., ET; the Automatic Stay shall remain in effect pending final hearing;

2. Beatty shall produce any and all documents in his custody or under his control related to the "Dick Tracy television special" that is identified in his declaration filed

in support of the Lift Stay Motion (Docket Nos. 1598 and 1622) ("Declaration") within 15 days of the entry of this Order, including but not limited to any video or other recording of said "Dick Tracy television special";

3. Beatty shall submit himself for deposition on all matters raised in the Declaration at a mutually agreeable time and place;

4. Debtor Tribune Media Services, Inc. may seek to take the deposition of Beatty's business manager, Jeff Bacon;

5. All other discovery may issue, providing however, no deadline for responding to such other discovery shall be enforceable, except upon further order of the Court; and

6. All discovery, whether prior to or following entry of this Order and regardless of the underlying motion or proceeding giving rise to such discovery, shall be without prejudice to, and shall not impair or restrict any and all of Beatty's rights in the Adversary Action, including (without limitation) the right to seek dismissal of the Adversary Action on the grounds of personal jurisdiction and improper venue, the right to seek relief from the automatic stay, right to seek abstention, the right to seek to transfer venue of the Adversary Action, the right to seek to withdraw the reference, and the right to respond to any and all of the Plaintiff's factual allegations and legal arguments or conclusions.

_____
KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY
JUDGE

2