IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
TRIBUNE COMPANY, *et al.*                                      :   Case No. 08-13141 (KJC)
                                                               :
                    Debtors.                                   :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## SUPPLEMENTAL AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

DISTRICT OF COLUMBIA   )   ss:

Marissa G. Repp, being duly sworn, deposes and says:

1. I am a partner with the law firm of Hogan & Hartson L.L.P. (the "Firm"), which maintains offices at 555 Thirteenth Street, NW, Washington, D.C. 20004-1109 and in more than twenty-five locations elsewhere in the United States and around the world.

2. This Supplemental Affidavit is submitted in connection with the order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

1

3.  In preparing this Supplemental Affidavit and any further supplement hereto, we have used and will use a set of procedures established by the Firm to determine its relationships, if any, to parties that may have connections to a debtor-client. The Firm requested and obtained from the Debtors and from their bankruptcy counsel a lengthy list of the Debtors, their creditors, other parties in interest and their respective attorneys and accountants (the "Parties List"). The Firm maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of the Firm to make and maintain these records. The conflict check system maintained by the Firm is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the attorney in the Firm who is knowledgeable about the matter. It is the policy of the Firm that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the Firm's conflict check system is intended to assure that the database is updated for every new matter undertaken by the firm. However, the scope and effectiveness of the system depend on the timeliness, completeness and accuracy of the information submitted by the attorney opening a new matter.

4. The Firm has performed services in the past and may perform services in the future, in matters related and unrelated to these chapter 11 cases, for persons that are creditors or other parties in interest in the Debtors' chapter 11 cases including those among the Parties List. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in this chapter 11 case. The Firm does not hold, represent or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates except as set forth below:

(a) Set forth in Schedule 4(a) attached hereto are those clients of the Firm listed among the Parties List which are currently represented or whose affiliates are currently represented by the Firm or which have been represented by Firm in that past three years.

(b) Set forth in Schedule 4(b) attached hereto are those clients of the Firm listed among the Parties List which are currently represented or whose affiliates are currently represented by the Firm with respect to their interests in these bankruptcy cases, but not on matters with respect to which the Firm represents the Debtors.

5. Individual attorneys with the Firm may own equity and debt securities issued by the Debtors or other parties in interest.

6. To the best of affiant's current knowledge, information and belief, the Firm does not and will not represent any interest adverse to the Debtors or their estates with respect to matters on which the firm is to be employed; neither is this affiant aware of any relationship the Firm has with any such attorneys,

accountants, financial consultants, and investment bankers for the Debtors, their creditors or other parties in interest that would be adverse to the Debtors or their estates with respect to the matters for which the Firm is retained.

7. Neither I nor any professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. § 504(b).

8. If the Firm should discover any facts bearing on the matters describe herein, the Firm will further supplement the information contained in this affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 29, 2009

_____
Marissa G. Rep
Affiant

Sworn to an subscribed before me
this 29th day of June, 2009

_____
Notary Public

Debra M. Hosang
Notary, District of Columbia
My Commission Expires 11/30/2010

4