IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF DELAWARE    )
                     : ss.:
COUNTY OF NEW CASTLE )

Robert L. Symonds, Jr., being duly sworn, deposes and says:

1. I am a shareholder of Stevens & Lee, P. C. (the "Firm"), which maintains offices at 1105 N. Market Street, 7th Floor, Wilmington, Delaware, 19801.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009 (the "Ordinary Course Retention and Payment Order"), authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. The Firm has represented and advised the Debtors pre-petition in connection with and has issued legal opinion letters with respect to ordinary course business transactions entered into by the Debtors relating to their accounts receivable securitization programs (the "Opinion Work"). The Debtors requested and the Firm agreed to continue to provide such services to the Debtors post-petition during the course of these chapter 11 cases.

4. The Firm's current customary hourly rates, subject to change from time to time are $195 to $700. In the normal course of its business, the Firm revises its billing rates effective as of January 1 of each year and requests that, effective as of January 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5. In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following connections:

(a) Post-petition the Firm represented a group of utility companies (the "Utility Group") that provided both pre-petition and post-petition service to Debtors and which objected to Debtors' motion under and pursuant to section 366 of the Bankruptcy Code seeking to establish adequate assurance of performance by the Debtors with respect to their utility service providers (the "Utility Matters"). All issues relating to the 366 Matters have been resolved between Debtors and the Utility Group; and, moreover, such matters were not related to the Opinion Work.

(b) The firm represents one of the Debtors' landlords, CF 4242 Bryn Mawr LLC, but again, such matters are not related to the Opinion Work.

6. Neither I nor any principal, director, officer, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7. I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

8. Neither I nor any principal, director, officer, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm has been employed by Debtors. The Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

9. The Debtors do not owe the Firm anything for pre-petition services. Accordingly, there is no claim that the Firm must consider waiving pursuant to the Ordinary Course Retention and Payment Order.

SL1 933323v1/000000.00000

10. The Firm currently does not hold and has not held a retainer from the Debtors.

11. As of the Petition Date, the Firm was not party to any agreement with the Debtors which would govern their relationship after the Petition Date.

12. The Firm will continue to monitor its retention by any creditors of the Debtors, and at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 7, 2009

_____
Robert L. Symonds, Jr.

Sworn to and subscribed before me
this 7th day of July 2009

_____
Notary Public

STEPHANIE FOSTER
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES FEB. 3, 2011