# EXHIBIT A

46429/0001-5614664v3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:

TRIBUNE COMPANY, et al.,[1]

              Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered
Related to Docket Nos. 146, 447 and 487

---

**ORDER AUTHORIZING DEBTORS TO RETAIN AND EMPLOY
DANIEL J. EDELMAN, INC. AS CORPORATE COMMUNICATIONS
AND INVESTOR RELATIONS CONSULTANTS PURSUANT TO
11 U.S.C. §§ 327(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application[2] of the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") for an order authorizing the employment and retention of Daniel J. Edelman, Inc. ("Edelman") as corporate communications and investor relations consultants to the Debtors pursuant to section 327(a) and 1107 of the Bankruptcy Code, nunc pro tunc to the Petition Date; and upon consideration of the Application and all pleadings related thereto, including the Zilka Declaration and the Supplemental Zilka Declaration (D.I.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

46429/0001-5240325v3

447); and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and (c) notice of the Application was due and proper under the circumstances; and it

appearing that the relief requested in the Application is in the best interests of the Debtors, their

estates and creditors; and it appearing that Edelman neither holds nor represents any interest

adverse to the Debtors or their estates with respect to the matters on which Edelman is to be

employed, and is a "disinterested person" as required by section 327(a); and after due

deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted as provided herein; and it is further

ORDERED, that the retention and employment of Edelman as corporate

communications and investor relations consultants to the Debtors pursuant to section 327(a) of

the Bankruptcy Code, on the terms set forth in the Application and the Zilka Declaration, is

hereby approved nunc pro tunc to the Petition Date; and it is further

ORDERED, that the indemnification provisions of the Engagement Letter are

approved, subject to the following clarifications:

> (a)    Subject to the provisions of subparagraphs (c) and (d)
> below, the Debtors are authorized to indemnify, and shall indemnify, Edelman, in
> accordance with the Engagement Letter and to the extent permitted by applicable
> law, for any claim arising from, related to, or in connection with Edelman's
> performance of the services described in the Engagement Letter;

> (b)    Edelman shall not be entitled to indemnification,
> contribution, or reimbursement for services other than the services provided under
> the Engagement Letter, unless such services and the indemnification,
> contribution, or reimbursement therefor are approved by the Court.

46429/0001-5240325v3

(c)     Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Edelman's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(d)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Edelman believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, Edelman must file an application before this Court, and the Debtors may not pay any such amounts to Edelman before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by Edelman for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Edelman;

and it is further

ORDERED, that notwithstanding anything in the Application, the Engagement Letter, or the Zilka Declaration to the contrary, Edelman is not authorized to charge a 10% service fee for out-of-pocket, third party expenses; and it is further

ORDERED, that notwithstanding anything in the Application, the Engagement Letter, or the Zilka Declaration to the contrary, Edelman shall exhaust the outstanding retainer balance in satisfaction of fees and expenses allowed on an interim basis by this Court pursuant to this Order before seeking further payments from the Debtors on account of allowed compensation and reimbursement, and the retainer balance shall not be replenished by the Debtors; and it is further

46429/0001-5240325v3

ORDERED, that notwithstanding anything in the Application, the Engagement Letter, or the Zilka Declaration to the contrary, Edelman shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
March ___9___, 2009

THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

46429/0001-5240325v3

# EXHIBIT B

| Date | Client | Employee Name | Hours | Billable Amount | Description |
|------|--------|---------------|-------|-----------------|-------------|
| 5/15/2009 | Tribune | Zilka, Jeffrey R. | 0.5 | 350 | Telephone conversation with G. Weitman re: Cubs .5 |
| 5/17/2009 | Tribune | Zilka, Jeffrey R. | 0.25 | 175 | Forward article to G. Weitman re: Cubs .25 |
| 5/26/2009 | Tribune | Zilka, Jeffrey R. | 0.5 | 350 | Update call with G. Weitman .25 Prepare and review April fee application .25 |
| | | **May 1 - May 31, 2009 TOTAL** | **1.25** | **$ 875.00** | |