# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TRIBUNE COMPANY, et al.,[1] ) | Case No. 08-13141 (KJC) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | Related to Docket No. 1298 |

## SUPPLEMENTAL AFFIDAVIT OF
## ERNST & YOUNG LLP IN SUPPORT OF APPLICATION FOR ORDER
## AUTHORIZING RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP IN
## CONNECTION WITH VALUATION AND BUSINESS MODELING, AND MARKET
## SURVEY SERVICES FOR THE DEBTORS AND DEBTORS IN POSSESSION

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Matthew Howley, being duly sworn, deposes and says:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (1355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, L.L.0 (6327); forsalebyowner.com corp. (0219); ForSaleByOwnercom Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Hean & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); VirtuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

1. I am a partner in Ernst & Young, LLP ("E&Y LLP"), a professional services firm which maintains an office at 5 Times Square, New York, N.Y. 10036, among other locations. I submit this supplemental affidavit on behalf of E&Y LLP (the "Supplemental Affidavit"), pursuant to Bankruptcy Rule 2014(a), as a supplement to the Affidavit Pursuant to Federal Rule of Bankruptcy Procedure 2014(a) in Support of Affidavit Pursuant to Federal Rule of Bankruptcy Procedure 2014(A) in Support of Application for Order Authorizing Retention and Employment of Ernst & Young LLP in Connection with Valuation and Business Modeling, and Market Survey Services for the Debtors and Debtors in Possession *Nunc Pro Tunc* to May 31, 2009 (the "Original Affidavit") annexed to Debtors' Application for an Order Authorizing Debtors to Retain and Employ Ernst and Young LLP to Provide (I) Valuation and Business Modeling Services and (II) Market Survey Services to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to May 31, 2009 (the "Retention Application") [Docket No. 1298] filed by the Tribune Company and its affiliated debtors (collectively, the "Debtors") and pending before this Court in these chapter 11 cases.

2. The facts set forth in this Supplemental Affidavit are based upon either my personal knowledge, upon information and belief, or in certain circumstances, upon client matter records kept in the ordinary course of business, which were reviewed by me or another employee of E&Y LLP under my supervision and direction.

### SUPPLEMENTAL DISCLOSURE RELATING TO PREPETITION AND POSTPETITION PAYMENTS BY THE DEBTORS TO E&Y LLP

3. The following paragraphs 4, 5, and 6 supplement and correct certain of E&Y LLP's disclosures set forth in paragraphs 27 and 28 of the Original Affidavit, the basis of which only recently came to my attention.

2

4. Prior to and following the date that the Debtors commenced the above-captioned cases (the "Petition Date"), E&Y LLP provided market survey services to a group of television stations which include two of the Debtors (KTLA, Inc., and WPIX, Inc.). As of June 30, 2009, E&Y LLP was owed $4,956.52 by the Debtors in connection with provision of the market survey services by E&Y LLP ($2,656.52 for prepetition market survey services and $2,300.00 for postpetition market survey services). Upon approval of E&Y LLP's retention in these cases, E&Y LLP shall waive its right to receive the $4,956.52 referenced herein.

5. During the ninety days immediately preceding the Petition Date, the Debtors paid to E&Y LLP amounts totaling $223,383.00.

6. Following the Petition Date, the Debtors paid E&Y LLP $6,818.48 in connection with market survey services to Debtors KTLA, Inc. and WPIX, Inc. ($3,800.00 for prepetition market survey services and $3,018.48 for postpetition market survey services). E&Y LLP will credit $6,818.48 towards E&Y LLP postpetition services provided to the Debtors in these cases, subject to Court approval.

## CONCLUSION

7. To the best of my knowledge, information and belief formed after reasonable inquiry, and as set forth in detail in my Original Affidavit and this Supplemental Affidavit, E&Y LLP is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code §§ 101 *et seq*. (the "Bankruptcy Code") in that E&Y LLP:

(a) is not a creditor, equity security holder or an insider of the Debtors;

(b) is not and was not, within two years before the Petition Date, a director, officer or employee of the Debtors; and

(c) does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

8. The foregoing representation is based on our understanding that as a prepetition service provider for the Debtors, E&Y LLP was not an "employee" of the Debtors as that term is used in the Bankruptcy Code.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 10th day of July, 2009.

_____
Matthew Howley

Sworn to and subscribed before me this 10th day of July, 2009.

_____
Notary Public

My Commission Expires: June 8, 2010

```
OFFICIAL SEAL
WILMA M. BLAGAICH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-8-2010
```