**IN THE UNITED BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 08-13141 (KJC)** |
| | ) | |
| **TRIBUNE COMPANY, et al.,** | ) | **(Jointly Administered)** |
| | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | **Related to Docket No. 883** |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

Upon the Motion for Relief from Automatic Stay (the "Motion") With Respect to Plaintiff E. Michael Gutman, M.D., Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc. a/k/a and/or d/b/a Back Pain Institute of Orlando ("Plaintiffs") [Docket No. 883], as more fully set forth in the Motion; the Debtors' Opposition to the Motion (the "Opposition") [Docket No. 1079]; the Joinder of the Official Committee of Unsecured Creditors (the "Committee") to the Opposition [Docket No. 1080]; and the Court having conducted a hearing on June 30, 2009 during which interested parties were given the opportunity to be heard with respect to the Motion (the "Hearing"); and, after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Motion is GRANTED in part, and DENIED in part for the reasons set forth on the record at the Hearing; and it is further

ORDERED that the automatic stay is LIFTED so as to allow the Plaintiffs and Defendants (hereinafter, the "Parties") in E. Michael Gutman, M.D., Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc. a/k/a and/or d/b/a Back Pain Institute of Orlando v. Orlando Sentinel Communications Company, Tribune Company of Chicago a/k/a

1

Tribune Company, Tribune Publishing Company, Sentinel Communications News Ventures, Inc., Rene Stutzman, and Fred Schulte, Case No. 2005-CA-4071 (the "Florida Action"), pending in the Circuit Court of the Ninth Judicial Circuit In and For Orange County, Florida (the "Circuit Court") to proceed to mediation in the Florida Action; and it is further

ORDERED that the Parties shall confer and work together in good faith to select a mediator within thirty (30) days from the date of this Order so that a date for mediation can be agreed upon between the Parties; and it is further

ORDERED that the Parties shall work together in good faith so that mediation will be scheduled at the earliest date available to the mediator, the Parties and their counsel;  and it is further

ORDERED that the automatic stay is LIFTED to such extent only as to allow, but not require, the parties in the Florida Action to request a trial date and scheduling order that  requires the completion of discovery and the adjudication of dispositive motions before trial from the Circuit Court presiding over the Florida Action;  and it is further

ORDERED that the Parties in the Florida Action may take no other action, including, but not limited to, serving discovery, submitting dispositive motions, or other forms of litigation in the Florida Action, however, the Parties may notify the Circuit Court of this Court's decision granting Plaintiff's limited relief from the automatic stay to proceed with mediation and schedule a trial date; and it is further

ORDERED that the Parties shall provide the Committee with notice of the scheduled mediation as well as any scheduling order entered in the Florida Action; and it is further

ORDERED that nothing contained in this Order prejudices, precludes and/or disposes of the claims of Plaintiff against the above captioned debtors (the "Debtors"); and it is further

2

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order; and it is therefore

SO ORDERED this _____ day of _____, 2009.

_____
United States Bankruptcy Judge

3

4