# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Objection Deadline: August 4, 2009 at 4:00 p.m.**
**Hearing Date: TBD**
**Related to Docket No. 1281**

## NOTICE OF FIRST INTERIM FEE APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | the above captioned debtors |
| Date of Retention: | March 10, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which compensation and reimbursement is sought: | December 8, 2008 through February 28, 2009 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1712119v1

Amount of Compensation sought as actual,
reasonable and necessary:                               $23,822.50

Amount of Expense Reimbursement sought
as actual, reasonable and necessary:                    $442.16

This is an: _____ Monthly    __XXX__ Interim    _____ Final Application

**PROFESSIONAL SERVICES RENDERED**
**BY JONES DAY ON BEHALF OF THE DEBTORS**
**DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009**

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| PARTNERS & COUNSEL: | | | | | |
| Fenton, KM | 1978 | A | $700.00 | 0.50 | $350.00 |
| Newman, BM | 1995 | A | $525.00 | 0.30 | $157.50 |
| Proger, PA | 1973 | A | $850.00 | 4.50 | $3,825.00 |
| Proger, PA | 1973 | A | $900.00 | 4.20 | $3,780.00 |
| Smith, TD | 1972 | A | $825.00 | 0.50 | $412.50 |
| Total Partners & Counsel | | | | **10.00** | **$8,525.00** |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| ASSOCIATES: | | | | | |
| Thomas, RC | 2000 | A | $450.00 | 23.20 | $10,440.00 |
| Thomas, RC | 2000 | A | $475.00 | 7.90 | $3,752.50 |
| **Total Associates** | | | | **31.10** | **$14,192.50** |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| STAFF ATTORNEYS, PARAPROFESSIONALS AND LEGAL SUPPORT | | | | | |
| Dinh, TT | N/A | A | $325.00 | 3.40 | $1,105.00 |
| **Total Staff Attorneys, Paraprofessionals & Legal Support** | | | | **3.40** | **$1,105.00** |

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners & Counsel | $852.50 | **10.00** | **$8,525.00** |
| Associates | $456.35 | **31.10** | **$14,192.50** |
| Staff Attorneys, Paraprofessionals & Legal Support | $325.00 | **3.40** | **$1,105.00** |
| **Total** | | **44.50** | **$23,822.50** |

A – Antitrust & Competitive; B - Business Restructuring and Reorganization Practice

**SUMMARY OF SERVICES BY CASE MATTER**
**FOR SERVICES RENDERED BY JONES DAY**
**ON BEHALF OF THE DEBTORS**
**DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009**

| MATTER NAME | HOURS | AMOUNT |
|---|---|---|
| Potential Newspaper Acquisition 1 | 11.7 | $7,152.50 |
| Potential Newspaper Acquisition 2 | 32.5 | $16,400.00 |
| Potential Joint Venture | 0.3 | $270.00 |
| | | |
| **Total** | **44.5** | **$23,822.50** |

**ACTUAL AND NECESSARY DISBURSEMENTS**
**INCURRED BY JONES DAY**
**ON BEHALF OF THE DEBTORS**
**DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009**

| MATTER NAME | AMOUNT |
|---|---|
| Document Reproduction Charges | $139.20 |
| Conference Charges | $12.00 |
| Long Distance Charges | $13.91 |
| Westlaw Search Fees | $277.05 |
| | |
| **TOTAL** | **$442.16** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., [1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 4, 2009 at 4:00 p.m.**<br>**Hearing Date: TBD**<br>**Related to Docket No. 1281** |

## FIRST INTERIM FEE APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 8, 2008 THROUGH FEBRUARY 28, 2009

Jones Day, special counsel to the above-captioned debtors (collectively, the

"Debtors") pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the

"Bankruptcy Code"), hereby makes its first interim fee application (the "Interim Fee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Application") for allowance of compensation of $23,822.50 and reimbursement of expenses of

$442.16 for the period from December 8, 2008 through February 28, 2009 (the "Compensation

Period") in accordance with the Court's Administrative Order Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 225] (the

"Interim Compensation Order") and the Order Appointing Fee Examiner and Establishing

Related Procedures for Compensation and Reimbursement of Expenses for Professionals and

Consideration of Fee Applications [Docket No. 546] (the "Fee Examiner Order").  In support of

this Interim Fee Application, Jones Day respectfully represents as follows:

### Background

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008,

the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

2.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On January 15, 2009, the Debtors filed their Application for an Order

Authorizing Debtors to Employ and Retain Jones Day as Special Counsel for Certain Litigation

Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to the Petition Date [Docket

No. 235] (the "Retention Application"), by which the Debtors sought authority to retain and

employ Jones Day as their special counsel in these chapter 11 cases in connection with certain

antitrust regulatory matters.  By order dated March 10, 2009 [Docket No. 501] (the "Retention

Order"), the Retention Application was granted *nunc pro tunc* to the Petition Date.

4.    On June 1, 2009, Jones Day filed its First Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from December 8, 2008 through March 31, 2009 [Docket No. 1281].  On June 24, 2009, Jones Day filed their Certificate of No Objection Regarding First Application of Jones Day for Allowance of Compensation for Reimbursement of Expenses for the Period from December 8, 2008 through March 31, 2009 [Docket No. 1625].  On July 6, 2009, Jones Day filed its Second Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from April 1, 2009 through May 31, 2009 [Docket No. 1688].

## Relief Requested

5.    Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Jones Day seeks interim approval and allowance of compensation in the amount of $23,822.50 for professional services rendered, and reimbursement of actual and necessary expenses incurred in the amount of $442.16, during the interim period from December 8, 2008 through February 28, 2009, as detailed in the chart below.

| | | Total Amount Requested for Compensation Period | | Paid | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| Date Filed and Docket No. | Period Covered | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 6/1/09 Docket No. 1281 | 12/8/08 ~3/31/09 | $23,822.50[2] | $442.16[3] | *Pending[3]* | *Pending* | *Pending* |
| **Total:** | | $23,822.50 | $442.16 | *Pending* | *Pending* | *Pending* |

---

[2]    Jones Day's first fee application requested a total of $30,885.00 for professional services rendered and $459.11 for reimbursement of actual and necessary expenses incurred from December 8, 2008 through March 31, 2009, but the amount indicated in the chart above includes only the amounts incurred during the Compensation Period.  The remaining amounts will be covered by Jones Day's second interim fee application contemporaneously filed herewith.

[3]    Jones Day anticipates receipt of $19,058 in fees and $442.16 in expenses for fees and expense incurred during the Compensation Period pursuant to the first fee application summarized in the chart above.

### Notice

6.      Jones Day has served this Interim Fee Application in accordance with the

Interim Compensation Orders, the Fee Examiner Order and the Local Rules.  Any objections to

this Interim Fee Application must be in writing and filed with the Court and served upon

(i) Jones Day: 51 Louisiana Avenue, N.W. Washington, D.C. 20001-2113 attn: Phillip A. Proger;

(ii) co-counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, attn:

Kenneth P. Kansa; and Cole, Schotz, Meisel, Forman, & Leonard, P.A., 500 Delaware Avenue,

Suite 1410, Wilmington, DE 19801, attn: J. Kate Stickles; (iii) counsel to the Barclays Bank

PLC, in its capacity as Lender, Funding Agent, and Administrative Agent; (iv) counsel to the

administrative Agent for the Prepetition Lenders: Davis, Polk, & Wardwell, LLP, 450 Lexington

Avenue, New York, NY 10017; (v) counsel to the Committee; and (vi) the Office of the United

States Trustee for the District of Delaware, so as to be received no later than 20 days after the

date of service of the Interim Fee Application.

WHEREFORE, Jones Day respectfully requests that the Court, in accordance with the Interim Compensation Order: (i) allow compensation of $23,822.50 for services rendered in connection with these chapter 11 cases during the Compensation Period; (ii) allow reimbursement of Expenses incurred during the Compensation Period of $442.16; (iii) direct payment by the Debtors of the foregoing amounts, including the 20% holdback of fees as provided for in the Interim Compensation Order; and (iv) grant such other and further relief as the Court may deem proper.

Dated:   July 12, 2009
         Wilmington, Delaware

Respectfully submitted,

/s/ Phillip A. Proger
Phillip A. Proger
(OH I.D. 0025774, D.C. I.D. 929596)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939

ATTORNEYS FOR DEBTORS