IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: August 5, 2009** |
| | ) | **Hearing Date: TBD** |

**SECOND QUARTERLY APPLICATION OF MERCER (US) INC. AS COMPENSATION CONSULTANT TO THE DEBTORS SEEKING ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM MARCH 1, 2009 THROUGH MAY 31, 2009**

Name of Applicant:       Mercer (US) Inc.

---

[1] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

2

| | |
|---|---|
| Authorized to provide professional services to: | Debtors |
| Date of retention: | May 11, 2009 *nunc pro tunc* to January 12, 2009 |
| Period for which compensation and reimbursement is sought: | March 1, 2009 through May 31, 2009 |
| Amount of compensation sought as actual reasonable and necessary: | $266,908.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $10,532.36 |

This is an _X_ interim ___ final application

## Compensation By Professional

*March 1, 2009 through May 31, 2009*

| Name | Position | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Beckett, Joshua | Associate | $290 | 2.75 | $797.50 |
| Burek, Melissa | Principal | $731 | 1.25 | $913.75 |
| Czarnota, Sarah | Associate | $348 | 1.50 | $522.00 |
| Dempsey, John | Principal | $725 | 115.00 | $83,375.00 |
| Den Uyl, Janet | Principal | $795 | 2.00 | $1,590.00 |
| Klein, Jon | Analyst | $226 | 9.00 | $2,034.00 |
| Long, Marcia | Senior Associate | $493 | 201.00 | $99,093.00 |
| Mayer, Julie | Researcher | $72 | 33.75 | $2,430.00 |
| Moriarty, Kimberly | Associate | $360 | 1.5 | $540.00 |
| Moses, Michael | Analyst | $226 | 51.5 | $11,639.00 |
| Nieting, Justin | Analyst | $226 | 3.75 | $847.50 |
| Rentsch, Eric | Analyst | $226 | 15.5 | $3,503.00 |
| Soundararajan, Kanak | Senior Associate | $435 | 14.25 | $6,198.75 |
| Sung, Christina | Analyst | $226 | 111.50 | $25,199.00 |
| Wadgaonkar, Shruti | Analyst | $255 | 5.00 | $1,275.00 |
| Wu, Justin | Analyst | $226 | 119.25 | $26,950.50 |
| | | | | |
| | | **TOTALS** | **688.50** | **$266,908.00** |
| | | | **BLENDED RATE** | **$387.67** |

## Expense Summary

*March 1, 2009 through May 31, 2009*

| Expense Category | Amount |
|---|---|
| Telephone / Communication | $148.82 |
| Travel – Lodging | $218.90 |
| Travel – Transportation | $68.00 |
| Travel - Transportation | $1,252.97 |
| Meals – Non-Travel (Late Work) | $460.51 |
| Administrative – Legal | $8,383.16 |
| | |
| **TOTAL** | **$ 10,532.36** |

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*,[2] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: August 5, 2009** |
| | ) | **Hearing Date: TBD** |

**SECOND QUARTERLY APPLICATION OF MERCER (US) INC. AS COMPENSATION CONSULTANT TO THE DEBTORS SEEKING ALLOWANCE OF INTERIM COMPENSATION AND FOR INTERIM REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM MARCH 1, 2009 THROUGH MAY 31, 2009**

---

[2]    The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc.; New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

Mercer (US) Inc. ("*Mercer*"), compensation consultant for Tribune Company ("*Tribune*") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby submits this Second Quarterly Fee Application (the "*Application*") for interim allowance of compensation for professional services rendered by Mercer to the Debtors, and reimbursement of actual and necessary expenses incurred by Mercer in connection therewith, for the period from March 1, 2009 through May 31, 2009 (the "*Application Period*") pursuant sections 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "*U.S. Trustee Guidelines*"), and the Administrative Order under 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "*Interim Compensation Procedures Order*"). In support of this Application, Mercer represents as follows:

## **JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

**PROCEDURAL BACKGROUND**

3. On December 8, 2008 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee (the "*U.S. Trustee*") appointed an Official Committee of Unsecured Creditors (the "*Committee*") pursuant to section 1102(a)(1) of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases.

**MERCER'S RETENTION**

5. Mercer is a consulting firm focused on providing human resource consulting and related outsourcing and investment services. Mercer routinely advises large corporate clients on all aspects of their businesses, and Mercer has considerable experience providing compensation planning and advisory services in chapter 11 settings.

6. Based upon Mercer's experience, the Debtors sought to retain Mercer as a compensation consultant, and, thus, filed the *Application for an Order Authorizing Debtors to Retain and Employ Mercer (US) Inc. as Compensation Consultant Pursuant to 11 U.S.C. § 327(a) and 1107 Nunc Pro Tunc to January 12, 2009* (the "*Retention Application*"). This Court entered an order on May 11, 2009 authorizing the retention and employment of Mercer as compensation consultant to the Debtors *nunc pro tunc* to January 12, 2009 (the "*Retention Order*").

7. The Retention Order authorized the retention of Mercer as compensation specialists, whereby Mercer provides services to the Debtors in accordance with the engagement

letter dated March 3, 2009 (the "*Engagement Letter*"), subject to the limitations and modifications set forth in the Retention Order. The Engagement Letter was previously submitted to this Court with the Retention Application.

## INTERIM COMPENSATION PROCEDURES ORDER

8.  On January 15, 2009, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

9.  In particular, the Interim Compensation Procedures Order provides that a professional may file and serve a monthly fee application ("*Monthly Fee Application*") with the Court on or after the twenty-fifth (25th) day of each month following the month for which compensation is sought. Provided that no objections to such Monthly Fee Application are filed within twenty (20) days after the service thereof, the professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Application.

10.  Additionally, the Interim Compensation Procedures Order provides that, beginning with the Petition Date and ending on February 28, 2009, and at each three month interval thereafter (each, an "*Interim Fee Period*"), professionals shall file a request (the "*Quarterly Fee Application Request*") for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period. Each Quarterly Fee Application Request shall be filed with the Court by no later than forty-five (45) days after the end of the applicable Interim Fee Period.

## PRIOR QUARTERLY FEE APPLICATIONS

11.  On July 14, 2009, Mercer filed its first Quarterly Fee Application (the "*First Quarterly Fee Application*").[3] By the First Quarterly Fee Application, Mercer requests approval of $116,170.50 in compensation for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period from January 12, 2009 through February 28, 2009, and interim reimbursement in the amount of $139.00 for actual, reasonable and necessary expenses incurred during the same period.

## SERVICES PROVIDED DURING APPLICATION PERIOD

12.  During the Application Period, Mercer provided extensive services relating to compensation issues concerning the Debtors' executives. Such services included:

   a. Conducting assessments and making recommendations concerning current and proposed incentive or other compensation programs, including a Key Employee Incentive Plan ("*KEIP*");

   b. Reviewing and discussing current and proposed compensation programs with the Committee; and

   c. Reviewing pleadings and attending hearings regarding issues related to compensation programs.

## RELIEF REQUESTED

13.  Mercer submits this Application (a) for the allowance of compensation for the actual, reasonable and necessary professional services that it has rendered as compensation specialists to the Debtors for the Application Period; and (b) for reimbursement of actual, reasonable and necessary expenses incurred in serving the Debtors during that same period.

---

[3] Mercer filed its First Quarterly Fee Application after the deadline stated in the Interim Compensation Procedures Order because the Retention Order, approving Mercer's retention, was not entered until nearly one month after the deadline for filing the first Quarterly Fee Application.

14.     Pursuant to the Interim Compensation Procedures Order, Mercer has submitted Monthly Fee Applications for the months of March, April and May 2009. The details of those Monthly Fee Applications are as follows:

a. March 2009 Monthly Fee Application: Compensation in the amount of $102,335.00 and reimbursement of expenses in the amount of $288.55.

b. April 2009 Monthly Fee Application: Compensation in the amount of $106,803.75 and reimbursement of expenses in the amount of $7,031.40.

c. May 2009 Monthly Fee Application: Compensation in the amount of $57,769.25 and reimbursement of expenses in the amount of $3,212.41.

15.     During the Application Period, Mercer incurred total fees in the amount of $266,908.00 and incurred actual, reasonable and necessary expenses totaling $10,532.36, for a total of $277,440.36. As of the date of this Application, Mercer has not received any payments on account of the March, April, and May 2009 Monthly Fee Applications.

16.     Detailed entries for services rendered and expenses incurred by Mercer during the Application Period have previously been submitted as exhibits to the Monthly Fee Applications for the months of March, April and May 2009. Mercer hereby incorporates those entries as if attached to this Application.[4]

17.     Mercer has endeavored to assist the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to professionals so that work is being performed by those both familiar with the particular matters at hand and by individuals with the hourly rate appropriate for that matter. Moreover, Mercer has sought to ensure no duplication of its efforts were made by other professionals.

---

[4] Mercer's detailed time entries are stated in quarter hour increments, as approved by this Court in the Retention Order.

18. No agreement or understanding exists between Mercer and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases other than the employees of Mercer and its parent company, Marsh & McLennan Companies, Inc.

19. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that his Application complies with that Rule.

**WHEREFORE**, Mercer respectfully requests that this Court: (a) approve interim compensation in the amount of $266,908.00 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period of March 1, 2009 through May 31, 2009, and interim reimbursement in the amount of $10,532.36 for actual, reasonable and necessary expenses incurred during the same period; (b) authorize and direct the payment of such amounts by the Debtors to Mercer; (c) grant such other relief as the Court deems just and proper.

Dated: July 15, 2009                    **MERCER (US) INC.**

                                        By: /s/ Aaron L. Hammer
                                            One of Its Attorneys

                                        Aaron L. Hammer, Esq.
                                        FREEBORN & PETERS LLP
                                        311 South Wacker Drive
                                        Suite 3000
                                        Chicago, Illinois 60606
                                        Telephone: (312) 360-6000
                                        Facsimile: (312) 360-6995

1860749v2