# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 4, 2009 at 4 p.m. (ET)** |

---

## FIRST QUARTERLY FEE APPLICATION OF DANIEL J. EDELMAN, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS AND INVESTOR RELATIONS CONSULTANTS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD MARCH 9, 2009 THROUGH MAY 31, 2009

Name of Applicant:                                    Daniel J. Edelman, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205; Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2532); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Authorized to Provide
Professional Services to:                        Debtors and Debtors-in-Possession

Date of Retention:                              March 9, 2009, *nunc pro tunc* to
                                                December 8, 2008

Period for Which Compensation
and Reimbursement is Sought:                    March 9, 2009 through May 31, 2009

Amount of Compensation Sought
as Actual, Reasonable and Necessary:      $7,068.75

Amount of Expense Reimbursement           $125.28

Sought as Actual, Reasonable and Necessary:
This is a(n):  ___  monthly  _X_  interim  ___  final application.

Prior Interim Fee Applications:  None

### FEE SUMMARY FOR THE PERIOD FROM
### MARCH 9, 2009 THROUGH MAY 31, 2009

| Name of Professional/ Individual | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Jeffrey Zilka** | General Manager | $700 | **8.5** | **$5,950.00** |
| **Sheila Keane** | Account Supervisor | $225 | **0.75** | **$168.75** |
| **Mark Fulara** | Intern | $95 | **10** | **$950.00** |
| | | | | |
| **Grand Total** | | | **19.25** | **$7,068.75** |
| | | | | |

[remainder of page intentionally left blank]

## COMPENSATION BY PROJECT CATEGORY
## FOR THE PERIOD MARCH 9, 2009 THROUGH MAY 31, 2009

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Post-Filing Media Services | 19.25 | $7,068.75 |
| **Totals:** | 19.25 | **$7,068.75** |

4

## EXPENSE SUMMARY
## MARCH 9, 2009 THROUGH MAY 31, 2009

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Media monitoring | Dow Jones | $112.00 |
| Messenger service | UPS | $13.28 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **Total** |  | **$ 125.28** |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[2] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 4, 2009 at 4 p.m. (ET)** |

## FIRST QUARTERLY FEE APPLICATION OF DANIEL J. EDELMAN, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS AND INVESTOR RELATIONS CONSULTANTS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD MARCH 9, 2009 THROUGH MAY 31, 2009

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2532); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Daniel J. Edelman, Inc. ("Edelman"), Corporate Communications and Investor Relations Consultants for Tribune Company and its affiliated debtor companies (collectively, the "Debtors"), respectfully submits this quarterly fee application (the "Application") to this Court, pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") [Docket No. 225] for approval and allowance of compensation for professional services rendered as corporate communications and investor relations consultants to the Debtors in the amount of $7,068.75 together with reimbursement for actual and necessary expenses incurred in the amount of $125.28 for the period commencing March 9, 2009 through and including May 31, 2009 (the "Interim Fee Period"). In support of this Application, Edelman represents as follows:

## **FACTUAL BACKGROUND**

1.      On December 8, 2008 (the "Petition Date"), the Debtors commenced these chapter 11 cases by each filing voluntary petitions under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). On December 10, 2008, the Court entered an order jointly administering the Debtors' chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On March 9, 2009, the Court approved the Debtors' retention of Edelman as corporate communications and investor relations consultants *nunc pro tunc* as of December 8, 2008.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

7

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

sought herein are sections 327, 331, and 503 of the Bankruptcy Code.

## BASIS FOR THE APPLICATION

3.      The Interim Compensation Order provides all professionals retained in

these cases pursuant to section 327, 328 or 1103 of the Bankruptcy Code (the "Case

Professionals") must file with the Court monthly applications for interim allowance of

compensation for services rendered and reimbursement of expenses incurred (the "Monthly Fee

Application"). The notice parties specified in the Interim Compensation Order (the "Notice

Parties") have twenty (20) days after service of a Monthly Fee Application to object to such

Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection

Deadline, the applicable Case Professional must file a certification that no objection or partial

objection has been filed with the Court relative to that professional's Monthly Fee Application,

whichever is applicable, whereupon the Debtors are authorized to pay such professional an

amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in its

Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an

objection.

4.      Pursuant to the procedures set forth in the Interim Compensation Order,

Edelman prepared, filed with the Court, and served upon the Notice Parties Monthly Fee

Applications for the periods December 9, 2008 through March 31, 2009, April 1, 2009 through

April 30, 2009, and May 1, 2009 through May 31, 2009, which Monthly Fee Applications are

incorporated herein by reference. Edelman has accordingly submitted all of its Monthly Fee

Applications for the Debtors' chapter 11 cases for this Interim Fee Period.

5.      In addition, beginning with the three-month period ending February 28,

2009, and each three-month period thereafter, all Case Professionals must file with the Court and

8

serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request").  Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules.  This Application represents the first Quarterly Fee Application Request that Edelman has filed with the Court in connection with these chapter 11 cases, and it covers the period from March 9, 2009 through May 31, 2009, both dates inclusive.

## RELIEF REQUESTED

6.       By this Application, Edelman respectfully requests that the Court approve the interim allowance and award of compensation for professional services rendered and reimbursement of expenses incurred by Edelman as corporate communications and investor relations consultants to the Debtors during the Interim Fee Period.

7.       The amount of fees sought for services rendered during the Interim Fee Period is $7,068.75, representing approximately 19.25 hours in professional and paraprofessional time for such services. Reimbursement of actual necessary expenses incurred by Edelman during the Fee Period in connection with these services is requested in the amount of $125.28. Edelman seeks the interim allowance of such compensation, as well as this Court's authorization for payment of such amounts by the Debtors to Edelman, less any amounts previously paid to Edelman pursuant to the Monthly Fee Applications for the period covered by this Application and the procedures set forth in the Interim Compensation Order.

8.       The hourly rates charged by Edelman professionals and paraprofessionals during the Interim Fee Period covered by this Application are no greater than the customary hourly rates for such individuals both inside and outside of bankruptcy cases. The highest billing rate that will be charged by any Edelman professional for services rendered under Edelman's current billing rates that became effective on December 31, 2008 and continuing until Edelman's next firm-wide rate adjustment will be $700 per hour. Edelman believes these rates are comparable to those charged by other professionals of other firms of comparable size, stature, and experience.

9.       Edelman has received no payment and no promises for payment from any source other than the Debtors for services rendered in these chapter 11 cases. There is no agreement between Edelman and any other party for the sharing of compensation to be received

10

for the services rendered by Edelman in these chapter 11 cases. All professional and

paraprofessional services for which compensation is sought herein were rendered solely on

behalf of the Debtors in these cases.

## SERVICES RENDERED

10.    Edelman has rendered substantial services to the Debtors in connection

with these chapter 11 cases during the period covered by this Application, both in its capacity as

corporate communications and investor relations consultants to the Debtors and continuing in its

capacity as investor relations consultants to the Debtors in their ordinary course of business. The

services performed by Edelman's professionals and paraprofessionals during the period covered

by this Applications were necessary and have directly contributed to the effective administration

of the Debtors' chapter 11 cases.

11.    A breakdown of the total hours expended by each professional on all

matters and a breakdown of amounts sought by each matter category covered herein are included

as a part of this Application above, as required by Local Rule 2016-2. A detailed description of

the services provided to the Debtors is attached hereto as Exhibit A. The following is a summary

of the activities performed by Edelman's professionals and paraprofessionals during the Interim

Fee Period:

A.    Post-Filing Media Services (19.25 hours)

12.    During the Interim Fee Period, Edelman's services performed in

connection with this category include, inter alia (i) providing communications counsel regarding

bankruptcy matters; and (ii) conducting research necessary to provide counsel.

13.    During the Interim Fee Period, Edelman's services performed in

connection with this category include communications with Edelman's counsel in preparation of

Edelman's Monthly Fee Applications.

## EXPENSES INCURRED

14.     Edelman has incurred out-of-pocket expenses in the amount of $125.28 in connection with its services rendered to the Debtors during the Interim Fee Period.  These expenses were incurred for items not included in Edelman's hourly rates, including messenger services and media monitoring services.  Edelman submits that all such expenses are necessary and actual expenses for the performance of its services in these cases, and further submits that many of such expenses were necessitated by the time constraints under which Edelman's professionals and staff have operated in these cases.

15.     A breakdown by category of such expenses incurred is included above as a part of this Application, as required by Del. Bankr. LR 2016-2.

## NOTICE

16.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to the agent for the lenders under the prepetition credit facilities; (iv) counsel to an ad hoc group of lenders under the prepetition credit facilities; (v) counsel to the agent for the post petition lenders; (vi) counsel to an ad hoc group of prepetition note holders; (vii) the indenture trustee for each series of notes; (viii) the Cash Management Banks; and (ix) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

17.     Other than the applicable Monthly Fee Applications, no previous application for the relief requested herein has been made to this or any other Court.

## REVIEW OF APPLICABLE LOCAL RULE

18.    The undersigned has reviewed the requirements of Del. Bankr. LR 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with Rule 2016-2.


*[The remainder of this page left intentionally blank]*

19.    WHEREFORE, Daniel J. Edelman, Inc., requests the Court to approve compensation in the amount of $7,068.75, and reimbursement of expenses in the amount of $125.28 pursuant to 11 U.S.C. §§ 330 and 331, to authorize the Debtors to remit to Edelman any amounts due and owing in accordance with the Interim Compensation Order, and for such other and further relief as may be appropriate.

Dated:  July 15, 2009                                      DANIEL J. EDELMAN, INC.

Jeffrey R. Zilka, General Manager
Edelman
200 E Randolph Drive
Chicago, IL 60601
312-240-3389

14