**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
: :
In re: : Chapter 11
: :
TRIBUNE COMPANY, et al., : Case No. 08-13141 (KJC)
: :
Debtors. : Jointly Administered
: :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**EMERGENCY MOTION OF WARREN BEATTY, PURSUANT TO 11 U.S.C.
§ 105, FED. R. CIV. P. 26(c) AND FED. R. BANKR. P. 7026, FOR
PROTECTIVE ORDER QUASHING VIDEOTAPING OF DEPOSITION OF
WARREN BEATTY**

Warren Beatty ("Mr. Beatty") hereby moves (the "Motion") this Court for entry of a protective order, pursuant to section 105 of title 11, United States Code (the "Bankruptcy Code") and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), quashing any attempt by Tribune Media Services, Inc. (the "Tribune") to videotape the deposition of Mr. Beatty scheduled for July 23, 2009 at 10:00 a.m. (PT). In support of this Motion, Mr. Beatty respectfully represents as follows:

**BACKGROUND**

1. On November 20, 2008, Mr. Beatty commenced an action (the "California Action") in the District Court for the Central District of California (the "California District Court") seeking a declaratory judgment with respect to certain

motion picture, television and other rights in and to the cartoon character Dick Tracy (the "Dick Tracy Rights") previously granted to Mr. Beatty by the Tribune.

2. On December 8, 2008, the Tribune (and various affiliates) filed voluntary petitions for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

3. Notwithstanding the existence of the California Action filed several months prior, on March 19, 2009, the Tribune commenced an adversary proceeding (the "Bankruptcy Action") in this Court, which also sought a declaratory judgment with respect to ownership of the Dick Tracy Rights.

4. On May 8, 2009, Mr. Beatty filed his Motion To Dismiss Complaint Under Rule 12(b) For Improper Venue And Lack Of Personal Jurisdiction (the "Motion to Dismiss") seeking to dismiss the Bankruptcy Action. The Motion to Dismiss is presently pending before this Court.

5. Additionally, on June 9, 2009, Mr. Beatty filed his Motion to Stay Discovery (the "Motion to Stay Discovery") and his Motion for Relief From the Automatic Stay Under Bankruptcy Code Section 362(d)(1) to Allow Mr. Beatty to Proceed with Litigation in the California District Court (the "Lift Stay Motion"). On June 18, 2009, the Tribune filed objections thereto, and, on June 22, 2009, Mr. Beatty filed replies to the Tribune's objections.

6. In Mr. Beatty's reply with respect to the Lift Stay Motion, Mr. Beatty made reference to and attached the Declaration of Warren Beatty (the "Decla-

ration"). The Declaration identifies persons present at and documents pertaining to the filming of a Dick Tracy television special (the "Television Special") and provides other facts related thereto.

7. On June 29, 2009, this Court entered an Order with respect to the Motion to Stay Discovery and the Lift Stay Motion (the "Order"), which granted in part and denied in part the Motion to Stay Discovery and scheduled a further hearing on the Lift Stay Motion. In particular, the Order provided that the final hearing on the Lift Stay Motion would take place on July 28, 2009 (the "Hearing"). It further provided that Mr. Beatty would submit himself for a deposition concerning the matters raised in the Declaration at a mutually agreeable time and place.

8. On July 7, 2009, the Tribune issued a Notice of Deposition of Warren Beatty (the "Notice of Deposition"), which provides that the Tribune will take the deposition of Mr. Beatty by oral examination on July 23, 2009 at 10:00 a.m. (PT). A copy of the Notice of Deposition is attached as <u>Exhibit A</u>. In accordance with the Order, the Notice of Deposition further provides that Mr. Beatty's deposition will be limited to the matters raised in the Declaration. Finally, the Notice of Deposition provides that the deposition will be transcribed by a court reporter and videotaped.

9. Mr. Beatty does not object to the time or place of the deposition or transcription thereof by means of a court reporter. However, Mr. Beatty does object to videotaping the deposition. To that end, Mr. Beatty's counsel contacted counsel to the Tribune to request that Mr. Beatty's deposition not be videotaped. Mr.

Beatty's counsel provided the basis for this request during the call and by letter to the Tribune's counsel. Despite these efforts at resolution, the Tribune has advised Mr. Beatty's counsel that it intends to proceed with videotaping the deposition.

**RELIEF REQUESTED**

10. By this Motion, Mr. Beatty requests that the Court enter a protective order quashing the Notice of Deposition to the extent it seeks to videotape Mr. Beatty's deposition.

**BASIS FOR RELIEF**

11. Bankruptcy Code section 105 provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Federal Rule 26(c) provides that the Court, in certain circumstances, may enter a protective order in favor of a party against whom discovery is sought. Specifically, Federal Rule 26(c) provides, in pertinent part, as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A)  forbidding the disclosure or discovery;
>
> (B)  specifying terms . . . for the disclosure or discovery; [and]

>    (C) prescribing a discovery method other than the one selected by the party seeking discovery[.]

Fed. R. Civ. P. 26(c).

12. As set forth below, Mr. Beatty submits that "good cause" exists to prohibit videotaping his deposition for several reasons. First, as this Court is well aware (and the Tribune concedes), the deposition is limited in scope. See Order ¶ 3; see also Notice of Deposition at 1. Specifically, the deposition is limited to the facts set forth in the Declaration, which addressed the identity and location of witnesses, documents, and filming of the Television Special. See id. A video record of Mr. Beatty's demeanor in responding to purely factual questions regarding these matters is therefore unnecessary. Moreover, the Tribune will almost certainly be given the opportunity to take a more substantive deposition of Mr. Beatty in connection with the Bankruptcy Action or the California Action, as the case may be, in the future.

13. Second, the Lift Stay Motion is a summary proceeding that will be presented to this Court at the Hearing, not to a jury, and may be decided entirely on the parties' written submissions and oral arguments. Thus, there is no legitimate litigation purpose for the videotape of Mr. Beatty's deposition. See Stern v. Cosby, 527 F.Supp.2d 417, 422 (S.D.N.Y. 2007)("Videotaped depositions are permitted to facilitate the presentation of evidence to juries.").

14. Moreover, the Tribune intends to prepare a written transcript of the deposition, which should be sufficient for this Court and makes it unlikely that

this Court would review the videotaped deposition at the Hearing. See Stern, 527 F.Supp.2d at 421 (noting that court would not need to see videotape of deposition in the context of a non-jury hearing and further noting that the court's "usual practice in considering such a dispute [was] to rely only on the transcripts"). This is particularly true here because there are other contested matters, including oral argument on the Motion to Dismiss and other matters unrelated to Mr. Beatty, scheduled to go forward at the Hearing. See Transcript dated June 10, 2009,[1] at 11, ll. 17-19, 21-23 ("Ms. Stickles [counsel to the Tribune]: [T]here may possibly be a contested 345(b) matter on that date and also a Rule 2015(3) issue. . . . So I just say that, because I'm not sure -- which is one reason why that hearing was moved to allow time for those matters.").

15.    Third, a videotape of the deposition will serve no legitimate purpose. As this Court provided for in the Order, the Hearing will be the final hearing on the Lift Stay Motion. Order at 1. Because there will be no further proceedings with respect to the Lift Stay Motion and the Tribune will have an additional opportunity to depose Mr. Beatty, there is no need to preserve Mr. Beatty's testimony related to the Declaration by videotape for future use.

16.    Finally, there is a substantial likelihood that allowing the deposition to be videotaped would harm Mr. Beatty. As this Court knows, Mr. Beatty is a famous actor and public figure and must take extra precautions to protect

---

[1] A copy of the Transcript is annexed as Exhibit B.

his privacy. These privacy interests should also be protected under Federal Rule 26. See Seattle Times Co. v. Rinehart, 467 U.S. 20, 34-5 & n. 21 (1984). In this regard, the Supreme Court has stated that:

> It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties. . . . Although [Federal] Rule [26] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."

Id.; see also Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973)(upholding use of protective order to protect public figure from harassment (cited in Cippollone v. Liggett Group, Inc., 785 F.2d 1108, 1114, n.10 (3d Cir. 1986))).

17. Although the Tribune has offered to negotiate a protective order restricting dissemination of any videotape, Mr. Beatty believes that such an order would be inadequate to protect his privacy. Stern, 527 F.Supp.2d at 422 (noting that "[n]otwithstanding [plaintiff's] counsel's apparent agreement not to release the video and transcript [of a deposition] pending [a] decision on the [motion for a protective order], the transcript already has been leaked . . . ."). Given Mr. Beatty's celebrity status, which has resulted in significant news coverage of the Bankruptcy Action, a videotape of his deposition would likely be in high demand, and could be disseminated inadvertently and thereafter abused. See id. (noting the media attention surrounding the case and commenting that "the videotape would only add to the frenzy, for videos can more easily be abused as they 'can be cut and spliced and used as 'sound-bites' on the evening news or sports shows' or, even worse, on 'celebrity

gossip' talk shows" (internal citation omitted)). To avoid the potential for abuse or inadvertent dissemination, a protective order prohibiting any video recording of Mr. Beatty's is warranted.

18. Moreover, with the internet, it is possible for a video to be uploaded in minutes and spread globally almost instantaneously. Consequently, removing a videotape from the public sphere is next to impossible, and the harm done would be irreversible. See U.S. v. McDougal, 940 F.Supp. 224, 228 (E.D. Ark. 1996) (noting that "once [deposition tapes are] released and rebroadcast, the press cannot maintain control over individuals who might copy the broadcast and edit it to suit their purposes"). Thus, this Court would likely be incapable of fashioning an adequate remedy for any violation of the protective order proposed by the Tribune. See Westmoreland v. CBS, Inc., 584 F.Supp. 1206,  (D.D.C. 1984) (holding that a witness "of some public prominence . . . can[not and] should [not] be compelled to [participate in] a pretrial deposition to be visually preserved upon an essentially indestructible medium over which he exercises no right of control" (emphasis added)), rev'd on other grounds, 770 F.2d 1168 (D.C. Cir. 1985). Accordingly, Mr. Beatty submits that restricting distribution of a videotape of his deposition would be insufficient to protect his privacy and that the recording should be prohibited in the first instance.

19. For the reasons set forth above, Mr. Beatty submits that cause exists to quash the Tribune's request to videotape Mr. Beatty's deposition.

## CERTIFICATION

20. In accordance with Federal Rule 26(c) and Local Bankruptcy Rule 7026-1(c), Mr. Beatty's counsel certifies that counsel has made a reasonable effort to confer in good faith to resolve the issues raised in the Motion.

21. Pursuant to Bankruptcy Court Rule 7030-1(c), upon the filing of the Motion "neither the objecting party, witness, nor any attorney is required to appear at a deposition to which a motion is directed until the motion is resolved." Del. Bankr. L.R. 7030-1(c). Accordingly, until this Court rules on this Motion, Mr. Beatty has no obligation to comply with the Notice of Deposition.

## CONCLUSION

WHEREFORE, Mr. Beatty respectfully requests that the Court enter an order quashing the Notice of Deposition to the extent the Tribune seeks to video-tape Mr. Beatty's deposition and granting Mr. Beatty such other and further relief as may be just and proper.

Dated: July 16, 2009
Wilmington, Delaware

SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP

*/s/ Gregg M. Galardi*
Gregg M. Galardi (DE Bar No. 2991)
Ian S. Fredericks (DE Bar No. 4626)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000
Gregg.Galardi@skadden.com
Ian.Fredericks@skadden.com

Counsel for Movant, Warren Beatty