**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re:                                    :    Chapter 11
:
TRIBUNE COMPANY, et al.,    :    Case No. 08-13141 (KJC)
:
Debtors.               :    Jointly Administered
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x    **Related Docket No. 1753**

**MOTION TO SET EXPEDITED HEARING ON EMERGENCY MOTION OF
WARREN BEATTY, PURSUANT TO 11 U.S.C. § 105, FED. R. CIV. P. 26(c) AND
FED. R. BANKR. P. 7026, FOR PROTECTIVE ORDER QUASHING
VIDEOTAPING OF DEPOSITION OF WARREN BEATTY**

Warren Beatty ("Mr. Beatty") hereby moves (the "Motion to Expedite") this Court for entry of an order, pursuant to 11 U.S.C. § 105, section 4(a) of this Court's General Chambers Procedures (the "General Chambers Procedures"), and Rule 9006(c)1() of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules') setting an expedited hearing on Mr. Beatty's Emergency Motion of Warren Beatty, Pursuant to 11 U.S.C. § 105, Fed. R. Civ. P. 26(c) and Fed. R. Bankr. P. 7026, for Protective Order Quashing Videotaping of Deposition of Warren Beatty (the "Emergency Motion")[1] for as soon as the Court's calendar permits, but in no event later than July 22, 2009, and establishing a deadline by which objections to the Emergency Motion must be filed..  In support of this Motion to Expedite, Mr. Beatty respectfully states as follows:

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Emergency Motion.

## BACKGROUND

1.      On June 9, 2009, Mr. Beatty filed his Motion to Stay Discovery (the "Motion to Stay Discovery") and his Motion for Relief From the Automatic Stay Under Bankruptcy Code Section 362(d)(1) to Allow Mr. Beatty to Proceed with Litigation in the California District Court (the "Lift Stay Motion").  On June 18, 2009, the Tribune filed objections thereto, and, on June 22, 2009, Mr. Beatty filed replies to the Tribune's objections.

2.      In Mr. Beatty's reply with respect to the Lift Stay Motion, Mr. Beatty made reference to and attached the Declaration of Warren Beatty (the "Declaration").  The Declaration identifies persons present at and documents pertaining to the filming of a Dick Tracy television special (the "Television Special") and provides other facts related thereto.

3.      On June 29, 2009, this Court entered an Order with respect to the Motion to Stay Discovery and the Lift Stay Motion (the "Order"), which granted in part and denied in part the Motion to Stay Discovery and scheduled a further hearing on the Lift Stay Motion.  In particular, the Order provided that the final hearing on the Lift Stay Motion would take place on July 28, 2009 (the "Hearing").  It further provided that Mr. Beatty would submit himself for a deposition concerning the matters raised in the Declaration at a mutually agreeable time and place.

4.      On July 7, 2009, the Tribune issued a Notice of Deposition of Warren Beatty (the "Notice of Deposition"), which provides that the Tribune will take the deposition of Mr. Beatty by oral examination on July 23, 2009 at 10:00 a.m. (PT).  A copy of the Notice of Deposition is attached to the Emergency Motion as <u>Exhibit A</u>.  In

accordance with the Order, the Notice of Deposition further provides that Mr. Beatty's deposition will be limited to the matters raised in the Declaration. Finally, the Notice of Deposition provides that the deposition will be transcribed by a court reporter and videotaped.

5. Mr. Beatty does not object to the time or place of the deposition or transcription thereof by means of a court reporter. However, Mr. Beatty does object to videotaping the deposition. To that end, Mr. Beatty's counsel contacted counsel to the Tribune to request that Mr. Beatty's deposition not be videotaped. Mr. Beatty's counsel provided the basis for this request during the call and by letter to the Tribune's counsel. Despite these efforts at resolution, the Tribune has advised Mr. Beatty's counsel that it intends to proceed with videotaping the deposition. Because Mr. Beatty and the Tribune were unable to resolve the dispute, Mr. Beatty was compelled to file the Emergency Motion.

## RELIEF REQUESTED

6. By this Motion to Expedite, Mr. Beatty requests that this Court schedule an expedited hearing to consider the Emergency Motion for as soon as the Court's calendar permits, but in no event later than July 22, 2009, and establish a deadline by which objections to the Emergency Motion must be filed.

## BASIS FOR RELIEF

7. Bankruptcy Code section 105 provides this Court with the power to schedule expedited hearings. In pertinent part, Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to

section 4(a)(ii) of the General Chambers Procedures, a request for an expedited hearing must be made by motion. See General Chambers Procedures § 4(a)(ii).

8.  Under Local Rule 7026-1(a), the Emergency Motion may be filed on five (5) days notice. In this instance, the Emergency Motion was filed and served on July 16, 2009. If the relief requested in this Motion to Expedite is granted, depending on the hearing date, it is possible the hearing will take place five or more days after the Emergency Motion was filed and served. To the extent an expedited hearing is schedule for before July 21, 2009, Bankruptcy Rule 9006(c)(1) permits shortening the notice period provided for in Local Rule 7026-1 for cause shown. Fed. R. Bankr. P. 9006(c)(1); see Del. Bankr. L.R. 9006-1(e) (a request for shortened notice must be made by motion and specify the exigencies).

9.  For the reasons set forth herein and in the Emergency Motion, Mr. Beatty submits that cause exists to schedule an expedited hearing and, to the extent necessary, shorten the applicable notice period. Currently, pursuant to the Order, a final hearing on the Lift Stay Motion is scheduled for July 28, 2009. In connection with that hearing, the Tribune was authorized to depose Mr. Beatty and served a deposition notice scheduling Mr. Beatty's deposition for July 23, 2009 in California.

10. In that regard, the Tribune has proposed videotaping the deposition. Mr. Beatty objects because, among other things, a videotape is unnecessary and serves no legitimate purpose and there is a substantial likelihood that Mr. Beatty will be harmed by videotaping the deposition. Before the deposition proceeds, Mr. Beatty requests that this Court rule on the Emergency Motion. Indeed, by filing the Emergency Motion, Mr.

Beatty is not required to appear at the deposition until this Court rules on the Emergency Motion.  See Del. Bankr. L.R. 7030-1(c).

11. In light of the foregoing, Mr. Beatty submits that cause exists to schedule an expedited hearing to consider the Emergency Motion for as soon as the Court's calendar permits, but in no event later than July 22, 2009, and establish a deadline by which objections to the Emergency Motion must be filed.

## CONCLUSION

WHEREFORE, Mr. Beatty respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as may be just and proper.

Dated:   July 17, 2009
        Wilmington, Delaware

                SKADDEN, ARPS, SLATE, MEAGHER &
                   FLOM LLP


                */s/ Gregg M. Galardi*
                Gregg M. Galardi (DE Bar No. 2991)
                Ian S. Fredericks (DE Bar No. 4626)
                One Rodney Square
                P.O. Box 636
                Wilmington, Delaware 19899-0636
                (302) 651-3000
                Gregg.Galardi@skadden.com
                Ian.Fredericks@skadden.com

                Counsel for Movant, Warren Beatty