IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 1753 and 1766 |

**DEBTOR TRIBUNE MEDIA SERVICES, INC.'S OBJECTION
TO EMERGENCY MOTION FOR PROTECTIVE ORDER QUASHING
VIDEOTAPING OF DEPOSITION OF WARREN BEATTY**

Debtor Tribune Media Services, Inc. ("TMS" or the "Debtor"), hereby files this objection (the "Objection") to Defendant Warren Beatty's motion for a protective order quashing the videotaping of Mr. Beatty's deposition [Docket No. 1753] (the "Motion to Quash"). In support of the Objection, TMS respectfully states as follows:

1. Videotaping depositions under the federal rules is commonplace, and parties have a right to videotape depositions absent a showing of good cause by the deponent. *See* Moore's Federal Practice, § 30.23; *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 123, 127 (D.D.C. 1998); *Burgett v. City of Flint*, 2008 WL 363291, at *3-4 (E.D. Mich. Feb. 11, 2008); *Gillen v. Nissan Motor Corp.*, 156 F.R.D. 120, 122 (E.D. Pa. 1994).

2. Mr. Beatty is unable to cite a single case where a federal court has granted a motion to preclude the videotaping of a deposition. In both cases relied upon by Mr. Beatty, the issue before the court was not whether a videotaped deposition should proceed. Instead, the issue was whether the court should order restrictions on the public dissemination of videotaped depositions *after* they had been taken. *See Stern v. Cosby*, 529 F.Supp.2d 417, 422-23 (S.D.N.Y. 2007); *United States v. McDougal*, 940 F. Supp. 224, 226 (E.D. Ark. 1996). In fact, the *Stern* court specifically recognized that, "unless the court orders otherwise, a party may videotape a

deposition as a matter of right, as long as notice is given of the party's intention to do so." *Stern*, 528 F. Supp. 2d at 419-20.

3. Mr. Beatty has not shown good cause to justify an order prohibiting the videotaping of his deposition. He merely speculates that the videotaped deposition may be disclosed outside the judicial system, such as through posting on an internet site. Motion to Quash ¶¶ 16-18. However, as Mr. Beatty acknowledges, *id.* ¶ 17, TMS has previously offered to Mr. Beatty to negotiate an appropriate protective order regarding dissemination of the videotape that would respect the openness of court proceedings. Mr. Beatty has offered no factual basis to support his claim that an appropriately tailored protective order would be insufficient.

4. As noted above, TMS has a right to proceed with its deposition of Mr. Beatty by videotape under Federal Rule of Civil Procedure 30(b)(3)(A). "There is no requirement that the deposing party provide justification for video recording the deposition." *Burgett v. City of Flint*, 2008 WL 363291, at *3 (E.D. Mich. Feb. 11, 2008). Nonetheless, the advantages of a videotaped deposition are well established. *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 123, 127 (D.D.C. 1998) (recognizing "normal advantages of videotaping depositions" and citing *Riley v. Murdock*, 156 F.R.D. 130, 131 (E.D.N.C. 1994)). Here, the videotaped deposition provides the most effective and efficient means of presenting Mr. Beatty's testimony to a future factfinder, whether by means of impeachment or as an admission.

5. In challenging the videotaping of his deposition, Mr. Beatty places undue focus on the upcoming hearing before the Court on his motion to lift the automatic stay. Although the scope of the deposition questioning of Mr. Beatty is limited to matters raised in his declaration in support of that motion (pursuant to the Court's July 26, 2009 Order), the

-3-

deposition can be used for all purposes in this action, and is not limited to the July 28, 2009 hearing. For this reason, TMS wishes to videotape Mr. Beatty's testimony so that it will be available for all future proceedings in the same videotaped format as TMS anticipates recording most if not all other depositions, including future depositions of Mr. Beatty. TMS would be prejudiced by an order that bars videotaping Mr. Beatty's upcoming deposition, because a written transcript is not nearly as effective or as complete a record of his testimony as a videotape.

## **CONCLUSION**

For these reasons, TMS respectfully requests that this Court deny Mr. Beatty's Motion to Quash.

Dated: Wilmington, Delaware
       July 17, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Michael Doss
Gregory V. Demo
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-5855247v1
CH1 4771476v.2