## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Requested Objection Deadline:**
**July 27, 2009 at 10:00 a.m. (ET)**
**Requested Hearing Date:**
**July 28, 2009 at 1:00 p.m. (ET)**

## MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 554(a) OF THE BANKRUPTCY CODE AUTHORIZING TRIBUNE COMPANY TO ABANDON PROPERTY LOCATED AT 2 PARK AVENUE, NEW YORK, NY

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion")

pursuant to section 554(a) of title 11 of the United States Code (the "Bankruptcy Code") for

entry of an order authorizing Debtor Tribune Company ("Tribune") to abandon any property of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the Debtors' estates remaining at the premises at 2 Park Avenue, New York, NY (the

"Premises").  This Motion is submitted solely as a protective measure following the colloquy

before the Court at the July 16, 2009 omnibus hearing (the "July 16 Hearing") concerning

whether the Premises were vacated by Tribune and for the limited purpose of ensuring that no

further claims are asserted by the landlord of the Premises, PPF OFF Two Park Avenue Owner,

LLC (the "Landlord").  By this Motion, the Debtors do not waive any of their objections to the

Landlord's claims, nor do the Debtors concede the validity of any of the Landlord's arguments

asserted in support of such claims.  In support of this Motion, the Debtors respectfully represent

as follows:

## STATUS OF THE CASE AND JURISDICTION

1.    On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008,

the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for

procedural purposes only.

2.    The Debtors have continued in possession of their respective properties and

have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the

appointment of a trustee or examiner.

3.    On December 18, 2008, the Office of the United States Trustee appointed an

official committee of unsecured creditors (the "Committee") in these cases.

4.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is

section 544(a) of the Bankruptcy Code.

## RELIEF REQUESTED

5.    The Debtors respectfully request that the Court enter an order, pursuant to

section 554(a) of the Bankruptcy Code, authorizing the Debtors to abandon any trade fixtures or

personal property of the estate that was left the Premises (the "Property").

## BASIS FOR RELIEF

6.    Section 554(a) of the Bankruptcy Code provides that "after notice and a

hearing, the trustee may abandon any property of the estate that is burdensome to the estate or

that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

7.    The Landlord has asserted various claims against Tribune, which the

Landlord contends are based, in part, on the continued presence of certain personal property of

Tribune that Landlord claims remains at the Premises.  See Motion to Compel Motion of PPF

OFF Two Park Avenue Owner, LLC for an Order Compelling Debtors to Timely Perform under

Real Property Lease (D.I. 1670) at ¶ 17; Ex. D (containing list of personal property purportedly

remaining on two floors of the Premises).  The Debtors dispute, for reasons that have been

articulated to the Landlord and the Court, the Landlord's assertion that the presence of personal

property of Tribune in a portion of the Premises, without more, constitutes a failure by Tribune

to have vacated the Premises.  See  Debtors' Objection to the Motion of PPF Off Two Park

Avenue Owner, LLC for an Order Compelling Payments (D.I. 1700) (the "Debtors' Objection")

at ¶¶ 5-9.

8.    The Court has not yet ruled on the Landlord's motion, and requested at the

July 16 Hearing that the parties provide the Court with additional evidence and briefing

concerning the matter.  The Court expressed its views at that hearing, however, that while the

preparation of additional evidence and briefing was ongoing, any delay caused by that process should not give rise to further claims on the part of the Landlord.  While the Debtors do not agree with the legal premises that underlie the Landlord's claims, the Debtors agree with the Court that any basis on which the Landlord might assert still more claims should be eliminated. Accordingly, and solely as a protective measure, the Debtors file this Motion seeking to abandon any property of their estates that may continue to be present at the Premises.  Nothing in this Motion is intended to be, or should be construed as, a waiver by the Debtors of any of their arguments in respect of the Landlord's claims, nor an admission by the Debtors as to the accuracy of any facts asserted by the Landlord or any of the Landlord's legal arguments.

9.    In particular, the Debtors have maintained and continue to maintain that they validly vacated the Premises on June 30, 2009 and rejected the Lease, for all of the reasons set out at the July 16 Hearing and in the related briefing.  Nonetheless, by this Motion, the Debtors intend to ensure completely that any argument that the Premises have not been vacated and the Lease validly rejected is cut off prior to the beginning of August 2009, as the Court suggested at the July 16 Hearing.

10.    The Property is no longer of any use to the Debtors.  Furthermore, the Property is of no benefit to the estate and any amounts that could be realized from the sale of the Property would be outweighed by the costs associated with storing and marketing the Property for sale.  See Declaration of Kelly Hackett in Support of Debtors' Objection (D.I. 1700) (the "Hackett Declaration") at ¶ 5.  Additionally, the Property may in some instances be of use to the Landlord of the Premises.  For the reasons stated herein, the Debtors respectfully request that the Court approve the relief sought in this Motion.

4

11.   Moreover, the Debtors request that this Motion be granted on an expedited basis.[2] The Court observed at the July 16 Hearing that a motion seeking the relief requested herein should be filed by the Debtors so as to prevent the assertion by the Landlord of any further claims, and hence the Landlord cannot claim prejudice from a lack of notice as to this Motion. Moreover, counsel for the Debtors advised counsel for the Landlord prior to the filing of this Motion that such a filing was forthcoming, solely as a protective measure, in the event a settlement between the parties as to the matters set forth in the Landlord's motion was not reached.  The parties are continuing to discuss such a settlement; however, as a means of protecting the estate's resources, the Debtors submit this Motion and request that it be heard at the July 28, 2009 omnibus hearing.

## NOTICE

12.   Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for the Debtors' prepetition loan facilities; (iv) the administrative agent for Debtors' postpetition loan facility; (v) counsel to the Landlord and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

13.   The Debtors have not previously sought the relief requested herein from this or any other Court.

---

[2] The Debtors are filing concurrently herewith a Motion Pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e) to Shorten Notice with Respect to the Debtors' Motion for Entry of an Order Pursuant to Section 554(a) of the Bankruptcy Code Authorizing Tribune Company to Abandon Property Located at 2 Park Avenue, New York, NY.

5

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, in substantially the form attached hereto as Exhibit A (i) authorizing the Debtors to abandon any Property remaining at the Premises, and (ii) granting such other and further relief as is just and proper.


Dated: Wilmington, Delaware
      July 21, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-5861351v2