# EXHIBIT A

# PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: August 11, 2009**<br>**Related to Docket No. ___** |

**ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO
IMPLEMENT A 2009 MANAGEMENT INCENTIVE PLAN AND TO PAY EARNED
2008 MANAGEMENT INCENTIVE PLAN AWARDS TO CERTAIN EXECUTIVES**

Upon the Motion[2] of the above-captioned Debtors for an Order, pursuant to

Sections 105(a), 363(b) and 363(c) of Title 11 of the United States Code (the "Bankruptcy

Code"), authorizing and approving, but not directing, the Debtors to implement a 2009

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Management Incentive Plan and to pay earned but unpaid 2008 MIP awards to eligible Top 10 executives; and the Court finding that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and the Court finding that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that the Debtors are authorized, but not directed, to implement the Debtors' 2009 Management Incentive Plan as described in the Motion, including without limitation the following elements thereof:

(a)    the annual MIP component of the 2009 Management Incentive Plan as described in the Motion for approximately 720 employees (including the Debtors' Top 10 executives, and any newly hired or promoted employees who become eligible for the MIP, provided that the addition of any such new hires or promoted employees shall not increase any aggregate payout otherwise payable under the MIP), including without limitation an aggregate payout opportunity of approximately $17.5 million if the Company achieves 100% of its "planned" 2009 forecasted operating cash flow goal and an aggregate payout opportunity of approximately $35.0 million if it achieves "stretch" performance as described in the Motion;

(b)    the Transition MIP component of the 2009 Management Incentive Plan as described in the Motion, including without limitation aggregate payout opportunities of approximately $3.5 million at "planned" 2009 operating cash flow and approximately

2

$7.5 million at "stretch" 2009 operating cash flow to incentivize 21 participants who also

participate in the annual MIP component of the 2009 Management Incentive Plan

(including the Top 10 executives), and a discretionary pool of $500,000 at "planned"

performance and $1 million at "stretch" performance for up to 50 other employees (with

a maximum individual award opportunity of $65,000) based on management judgment of

their contributions to the Debtors' restructuring efforts; and

      (c)     the Key Operators Bonus component of the 2009 Management Incentive

Plan as described in the Motion, including without limitation a maximum aggregate

opportunity of approximately $9.3 million to incentivize 23 participants (including six of

the Top 10 executives) who also participate in the annual MIP component of the 2009

Management Incentive Plan but who (except for the foregoing six Top 10 executives) do

not participate in the Transition MIP;

      and it is further

      ORDERED, that the Debtors are authorized, but not directed, to make payouts

totaling approximately $3.1 million in earned but unpaid 2008 MIP awards to nine of the Top 10

executives described in the Motion (including one non-Debtor executive); and it is further

      ORDERED, that the Debtors are hereby authorized to take all actions necessary

or appropriate to effectuate the relief granted pursuant to this Order in accordance with the terms

of the Motion; and it is further

      ORDERED, that the terms and conditions of this Order shall be immediately

effective and enforceable upon entry of this Order; and it is further

46429/0001-5870226v1

ORDERED, that this Court will retain jurisdiction regarding the interpretation, implementation or all matters related to this Order.

Dated:  Wilmington, Delaware

_____, 2009

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

4