# EXHIBIT B

# BIGELOW AFFIDAVIT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF CHANDLER BIGELOW III, SENIOR VICE PRESIDENT AND CHIEF FINANCIAL OFFICER OF TRIBUNE COMPANY, IN SUPPORT OF THE MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A 2009 MANAGEMENT INCENTIVE PLAN AND TO PAY EARNED 2008 MANAGEMENT INCENTIVE PLAN AWARDS TO CERTAIN EXECUTIVES

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss: |
| COUNTY OF COOK | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHANDLER BIGELOW III, being duly sworn, deposes and states:

1. I am the Senior Vice President and Chief Financial Officer of Tribune Company (the "Company"), a corporation organized under the laws of Delaware and one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). Tribune Company is the direct or indirect parent company of the other Debtors herein. I am generally familiar with the Company's day-to-day operations, business affairs, and books and records.

2. I submit this affidavit (the "Bigelow Affidavit") in support of the Motion Of The Debtors For An Order Authorizing The Debtors To Implement A 2009 Management Incentive Plan And To Pay Earned 2008 Management Incentive Plan Awards To Certain Executives (the "Motion"). I am familiar with the 2009 Management Incentive Plan that the Debtors seek to implement as described in that Motion and the categories of individuals who would participate in such plan, including the ordinary course management incentive program ("MIP"), Transition MIP and Key Operators Bonus components of that plan. I also am familiar with the Debtors' business circumstances and other reasons for seeking authority to implement such plan. Furthermore, I am familiar with the 2008 MIP and the circumstances warranting the Debtors' request for approval to pay earned 2008 MIP awards to the Company's "top 10" executives who have not yet received such awards.

3. I understand that John Dempsey of Mercer (U.S.), Inc. also is submitting an affidavit attesting to Mercer's analysis and conclusions with respect to the 2009 MIP and the proposed payment of the remaining 2008 MIP awards (the "Dempsey Affidavit").

4. I have read the foregoing Motion and, except as to matters expressly affirmed by John Dempsey in the Dempsey Affidavit, affirm that the facts stated therein are true and correct to the best of my knowledge. If called as a witness I would testify competently thereto.

5. I believe that, for all of the reasons articulated in the Motion, implementation of the 2009 Management Incentive Plan and payment of earned 2008 MIP awards to the Company's "top 10" executives who have not yet received such awards, as requested in the Motion, is a valid exercise of the Debtors' business judgment and is in the best interests of the Debtors and their stakeholders and other parties-in-interest.

6. I declare under penalty of perjury that the foregoing is true and correct.

/s/ Chandler Bigelow III<br>
Chandler Bigelow III<br>
Senior Vice President and<br>
Chief Financial Officer<br>
Tribune Company

Sworn to and subscribed before me this
22nd day of July, 2009.

/s/ Susan A Kelly
Notary Public

OFFICIAL SEAL
SUSAN A KELLY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/19/12