# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**DECLARATION OF PETER LEADSTROM IN SUPPORT OF DEBTORS' APPLICATION TO RETAIN AND EMPLOY DELOITTE & TOUCHE LLP AS PROFESSIONAL SERVICES PROVIDER NUNC PRO TUNC TO JUNE 26, 2009**

PETER LEADSTROM, deposes and says:

1. I am a partner of the firm of Deloitte & Touche LLP ("Deloitte & Touche"), which has an office located 111 South Wacker Drive, Chicago, Illinois. I make this declaration in support of the Debtors' Application to Retain and Employ Deloitte & Touche LLP as Professional Services Provider (the "Employment Application"). The above–captioned debtors (the "Debtors") seek to retain Deloitte & Touche, effective as of June 26, 2009, pursuant to the terms and conditions set forth in the engagement letter, attached as Exhibit 2 hereto (the "Engagement Letter").

2. The statements set forth in this Declaration are based upon the Declaration of Howard Freidin (the "Freidin Declaration"), a director of Deloitte Consulting LLP ("Deloitte Consulting"), an affiliate of Deloitte & Touche, my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Deloitte & Touche or its affiliates.

3. Except as set forth herein or as set forth on the attached Exhibit 1, to my knowledge based on reasonable inquiry, (1) Deloitte & Touche, and the partners, principals, and

directors of Deloitte & Touche (the "Deloitte & Touche Engagement Partners/Principals/Directors") that are anticipated to provide the services as part of the engagement team on the engagement for which Deloitte & Touche is to be retained in these chapter 11 cases (the "Tribune Engagement Team"), and the employees of Deloitte & Touche who are anticipated to provide the services as part of the Tribune Engagement Team, do not hold or represent any interest adverse to any of the Debtors with respect to the matters on which Deloitte & Touche is to be retained in these chapter 11 cases, and (2) Deloitte & Touche and the Deloitte & Touche Engagement Partners/Principals/Directors have no relationship to any of the Debtors, any of the Debtors' significant creditors, other known parties-in-interest in these chapter 11 cases, or to the Debtors' attorneys that have been identified as assisting the Debtors in these chapter 11 cases, except as described herein or as set forth on the attached Exhibit 1.

4. From time to time, Deloitte & Touche and its affiliates have provided, currently provide or may currently provide services and likely will continue to provide services, to certain creditors of the Debtors and various other parties potentially adverse to the Debtors in matters unrelated to these chapter 11 cases.

5. As described below, Deloitte & Touche has undertaken a search to determine, and to disclose, whether it or its affiliates is or has been employed by or has other relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, customers, equity security holders, professionals or other entities with significant relationships with the Debtors identified on a schedule provided to Deloitte & Touche. Deloitte & Touche and its affiliates have or may have provided professional services to, currently provide or may currently provide professional services to, and may in the

future provide professional services in matters unrelated to these chapter 11 cases to certain of the Debtors' creditors, other parties-in-interest, or to attorneys and accountants that have been identified to us to be assisting the Debtors or various committees. Additionally, certain of these creditors, parties-in-interest, attorneys or accountants have or may have provided goods or services to, currently provide or may currently provide goods or services to, and may in the future provide goods or services to, Deloitte & Touche or its affiliates and the Deloitte & Touche Engagement Partners/Principals/Directors in matters unrelated to these chapter 11 cases.

6. Deloitte Consulting provided prepetition services to the Debtors. Deloitte Consulting did not receive any amounts in the ninety days prior to December 12, 2008 (the "Petition Date"). As of the Petition Date, approximately $34,000 was owed by the Debtors to Deloitte Consulting in respect of services provided prior to such date.

7. Deloitte & Touche and Deloitte Tax LLP ("Deloitte Tax"), an affiliate of Deloitte & Touche, provided services to the Debtors prior to the Petition Date. Neither of these entities was owed any amounts by the Debtors as of the Petition Date in respect of services provided prior to such date. Deloitte & Touche received approximately $750,000 from the Debtors in the 90 days prior to the Petition Date.

8. As set forth in the Freidin Declaration, to check upon and disclose possible relationships with parties-in-interest in these chapter 11 cases, Deloitte Consulting researched its client databases and performed reasonable due diligence to determine whether it or its affiliates, including Deloitte & Touche, had any relationships with any of the Debtors or their affiliates, subsidiaries, directors or officers, or any of the Debtors' significant creditors, equity security holders, professionals or other such entities with significant relationships with the

Debtors. The identities of these parties in interest were provided to Deloitte Consulting by counsel to the Debtors.

9. Despite the efforts described above to identify and disclose Deloitte & Touche's connections with the parties-in-interest in these chapter 11 cases, because Deloitte & Touche is a nationwide firm with thousands of personnel, and because the Debtors are a large enterprise, Deloitte & Touche is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if Deloitte & Touche discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with the Court.

10. From this internal search, Deloitte & Touche has determined that certain relationships should be disclosed as follows.

a. Deloitte & Touche provides services in matters unrelated to these chapter 11 cases to certain of the Debtors' largest unsecured creditors and other parties in interest listed on Exhibit 1 or their affiliates.

b. Law firms identified on Exhibit 1, including Sidley Austin LLP, the Debtors' counsel, have provided, currently provide and may in the future provide legal services to Deloitte & Touche or its affiliates in matters unrelated to these chapter 11 cases, and/or Deloitte & Touche or its affiliates have provided, currently provide, and may in the future provide services to such firms

c. In the ordinary course of its business, Deloitte & Touche and its affiliates have business relationships in unrelated matters with its principal competitors which together with their affiliates, may be parties-in-interest in these chapter 11 cases. For example, from time to time, Deloitte & Touche and one or more of such entities may work on assignments for the same client or may otherwise engage each other for various purposes.

d. Certain financial institutions or their respective affiliates (including Barclay's Bank and JP Morgan Chase Bank) listed on Exhibit 1 are lenders to an affiliate of Deloitte & Touche. Deloitte & Touche is a guarantor of such indebtedness. These financial institutions, including the foregoing as well as Bank of America and Citibank, may have also

financed a portion of the capital and/or capital loan requirements of various partners and principals, respectively, of Deloitte & Touche and its affiliates.

e. Deloitte & Touche or its affiliates provides professional services to certain of the Debtors current or former officers and directors listed on Exhibit 1.

f. Certain parties-in-interest may be adverse to and/or involved in litigation matters with Deloitte & Touche or its affiliates in connection with matters unrelated to these chapter 11 cases.

11. Furthermore, through reasonable inquiry, I do not believe there is any connection between the personnel of Deloitte & Touche or its affiliates who are anticipated to provide services to the Debtors and the United States Bankruptcy Judge presiding in these chapter 11 cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, and the attorney therefor assigned to these chapter 11 cases.

12. Except as may be disclosed herein, to the best of my knowledge, Deloitte & Touche and the Deloitte & Touche Engagement Partners/Principals/Directors do not hold or represent any interest adverse to the Debtors, and I believe that Deloitte & Touche and the Deloitte & Touche Engagement Partners/Principals/Directors are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

13. Subject to the terms of the Engagement Letter between the Debtors and Deloitte & Touche, Deloitte & Touche proposes to render, as may be requested by the Debtors

and as may be agreed to by Deloitte & Touche, various professional services (the "Services")[1] which may include the following:

a. Assisting the Debtors with the preparation of required financial statements, and pro forma financial information in connection with the Debtors' plan of reorganization, when and as needed

b. Advising the Debtors on questions concerning other related accounting and advisory services.

14. Deloitte & Touche has significant qualifications and experience in performing the Services.

15. Pursuant to the Engagement Letter, Deloitte & Touche will bill at the hourly rates set forth below:

| Category of Professional | Rate |
| --- | --- |
| Partner/Principal/Director | $550 per hour |
| Senior Manager | $475 per hour |
| Manager | $425 per hour |
| Senior | $350 per hour |
| Associate | $275 per hour |

16. In the normal course of business, Deloitte & Touche may revise the hourly rates set forth above to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, Deloitte & Touche requests that the aforementioned rates be revised to the hourly rates that will be in effect from time to time. Changes in regular hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

---

[1] The following description is a summary of the scope of services contained in the engagement letter and is not intended and shall not be deemed to modify the terms of this letter.

17. Except as otherwise set forth in the Engagement Letter, the professional fees charged for the Services are calculated from the actual hours expended in providing the services multiplied by the hourly billing rates for the specific personnel involved. In addition, reasonable expenses, including travel, report production, delivery services, and other expenses incurred in providing the services, will be included in the total amount billed.

18. Deloitte & Touche intends to apply to the Court for allowance of compensation and reimbursement of expenses consistent with the terms of the Engagement Letter, the Employment Application and this Declaration, the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court of the District of Delaware, the United States Trustee Guidelines and the Orders of this Court

19. Deloitte & Touche requests that it be permitted to submit monthly invoices for services rendered and expenses incurred. Such invoices will contain reasonable detail consistent with any rules, guidelines, and/or administrative orders promulgated by the Court that apply to these chapter 11 cases. Deloitte & Touche requests that the invoices, after appropriate review, be paid in a manner consistent with the payment of other retained professionals in this matter, consistent with any administrative orders, if any, that would apply to interim payments.

20. All payments rendered pursuant to Deloitte & Touche's retention by the Debtors must be approved by an Order of this Court and based upon the filing by Deloitte & Touche of appropriate interim and final applications for allowance of compensation and reimbursement of expenses.

21. Deloitte & Touche has completed a reorganization of some of its businesses, including its financial advisory services, tax services, solutions, human capital and outsourcing businesses. This reorganization is intended to align the organizational structure more closely with the manner in which business is conducted. These businesses are now being conducted by entities affiliated with Deloitte & Touche, including Deloitte Tax, Deloitte Financial Advisory Services LLP, and Deloitte Consulting. Accordingly, some services incidental to the tasks to be performed by Deloitte & Touche in these chapter 11 cases may be performed by personnel now employed by or associated with such entities or their respective subsidiaries, including subsidiaries located outside of the United States. The fees and expenses with respect to such services, if any, will be included in the fees of Deloitte & Touche.

22. Deloitte & Touche has received no promises regarding compensation in these chapter 11 cases other than in accordance with the Bankruptcy Code and as set forth in this Declaration. Deloitte & Touche has no agreement with any nonaffiliated entity to share any compensation earned in these chapter 11 cases.

Dated: July 24, 2009

Peter D Leadstrom

Declarant: Peter Leadstrom
Title: Partner

## EXHIBIT 1

Parties-in-Interest for whom Deloitte & Touche LLP or its affiliates has provided or is currently providing services in matters unrelated to these chapter 11 cases or with whom such parties have other relationships, including banking relationships.

435 Production Company

5800 Sunset Productions Inc.

Abitibi Consolidated

Baltimore Newspaper Network, Inc.

Bank of America, N.A.

Barclays Capital

Bowater Inc.

Brown, Thomas F.

Career Builder

Channel 39, Inc.

Channel 40, Inc.

Chicago Avenue Construction Company

Chicago Land

Chicago River Production Company

Citicorp North America Inc.

Citigroup Global Markets, Inc.

Citizens State Bank

Credit Suisse Securities

Davis, Polk & Wardwell

Deutsche Bank National Trust Company

Direct Mail Associates

Distribution Systems of America, Inc.

Eagle New Media Investments, LLC

ForSaleByOwner.com

Forum Publishing Group, Inc.

FTI Consulting

Gannett Co, Inc.

GreenCo, Inc.

Hartford Courant Company, The

Heart & Crown Advertising, Inc.

Homeowners Realty, Inc.

Hoy Publications, LLC

J.P. Morgan Chase Bank, N.A.

KPLR, Inc.

KSWB Inc.

KTLA Inc.

KWGN Inc.

Landis Rath & Cobb LLP

Los Angeles Times

Magic T Music Publishing Company

Mayer Brown, LLP

Merrill Lynch Capital Corporation

Merrill, Lynch, Pierce, Fenner & Smith Inc.

Microsoft Corporation

Morning Call Inc., The

NBC Universal Domestic Television

Neocomm, Inc.

New Mass Media, Inc.

Newspaper Readers Agency, Inc.

Nielsen Media Research Inc.

North Michigan Production Company

Oak Brook Productions, Inc.

Orlando Sentinel Communications Company

Paramount Picture Corporation

Pate, William C.

Patuxent Publishing Company

Sentinel Communications News Ventures, Inc.

Shapiro, Mark

Sidley Austin LLP

Sony Pictures Television

Southern Connecticut Newspapers, Inc.

SP Newsprint Company

Star Community Publishing Group, LLC

Stemweb, Inc.

Sun Sentinel Company

TMLH2, Inc.

TMLS1, Inc.

TMS Entertainment Guides, Inc.

Tribune Broadcast Holdings, Inc.

Tribune California Properties, Inc.

Tribune Company

Tribune Finance

Tribune License, Inc.

Tribune Television

Tribune Television

ValuMail, Inc.

Virginia Community Shoppers, LLC

Virginia Gazette Companies, LLC

Warner Brothers Television

WDCW Broadcasting, Inc.

WGN Continental Broadcasting Company

Williams, David D.

Wilson, Ed

WPIX, Inc.