# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x   Chapter 11
In re:                                                       :
                                                             :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                     :
                                                             :   Jointly Administered
              Debtors.                                       :
                                                             :   Objections Due: August 17, 2009 @ 4:00 p.m.(ET)
------------------------------------------------------------ x   Hearing Date: N/A

## SIXTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2009 THROUGH JUNE 30, 2009

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | June 1, 2009 through June 30, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $580,807.60   (80% of $726,009.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $32,090.07 |

This is a(n):    _x_ Monthly         ____ Interim         ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |

# TRIBUNE COMPANY, et al.
## SUMMARY OF HOURS
### June 1, 2009 through June 30, 2009

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 104.70 | 99,988.50 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 955 | 5.60 | 5,348.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 23.20 | 19,140.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 22.00 | 17,490.00 |
| Thomas J. Hall (1988) | Litigation | 1980 (NJ) 1981 (NY) | 795 | 14.80 | 11,766.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 70.80 | 54,162.00 |
| Marjorie M. Glover (1999) | Employee Benefits | 1988 (MA) 1989 (NY) | 755 | 29.00 | 21,895.00 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 755 | 23.60 | 17,818.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 635 | 98.20 | 61,055.25 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 635 | 9.40 | 5,969.00 |
| | | | | | |
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 115.40 | 68,663.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 595 | 34.40 | 20,468.00 |
| Jonathan Cross | Litigation | 2002 (NY) | 595 | 3.20 | 1,904.00 |
| Joseph Giannini | Corporate | 2002 (NJ) 2004 (NY) | 585 | 1.40 | 819.00 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 565 | 52.70 | 29,775.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Robert J. Gayda | Bankruptcy & Financial Restructuring | 2005 (NY) | 535 | 20.00 | 10,700.00 |
| Benjamin Carson | Corporate | 2008 (NY) | 395 | 5.00 | 1,975.00 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 395 | 33.50 | 13,232.50 |
| Patrick Narvaez | Corporate | 2008 (NY) | 395 | 23.50 | 9,282.50 |
| Jason Porter | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 118.90 | 45,760.75 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 2.00 | 790.00 |
| Rachel Kurth | Employee Benefits | 2009 (NY) | 345 | 2.80 | 966.00 |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 136.60 | 47,127.00 |
| | | | | | |
| **Law Clerks**: | | | | | |
| Bonnie Dye | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 145.60 | 50,232.00 |
| Jonathan Noble | Litigation | JD-2008 | 345 | 14.90 | 5,140.50 |
| Francesca Perkins | Litigation | JD-2008 | 345 | 9.00 | 3,105.00 |
| Young Yoo | Bankruptcy & Financial Restructuring | JD-2008 | 345 | 141.60 | 48,783.00 |
| Kimberly Zafran | Litigation | JD-2008 | 345 | 44.40 | 15,318.00 |
| Michael DiStefano | n/a | n/a | 275 | 6.50 | 1,787.50 |
| Lauren Hassouni | n/a | n/a | 275 | 2.60 | 715.00 |
| Jaime Huertas | n/a | n/a | 275 | 4.40 | 1,210.00 |
| Titus Lin | n/a | n/a | 275 | 22.80 | 6,270.00 |
| Zaid Mohiuddin | n/a | n/a | 275 | 2.60 | 715.00 |
| William Nicholson | n/a | n/a | 275 | 35.10 | 9,652.50 |
| Jonathan Wood | n/a | n/a | 275 | 8.30 | 2,282.50 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Paraprofessionals:** | | | | | |
| Lori Moloney | Litigation | n/a | 295 | 6.30 | 1,858.50 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 18.30 | 4,758.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 15.00 | 3,900.00 |
| Sarah Chan | Corporate | n/a | 245 | 11.40 | 2,793.00 |
| Kristen Garry | Litigation | n/a | 170 | 8.20 | 1,394.00 |
| | | | | | |
| **TOTAL:** | | | | **1447.50** | **$726,009.50** |

BLENDED RATE:   $503.30

\* Includes year elected Partner at firm or joined firm as Partner.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------ x   Chapter 11
In re:                                                 :
                                                       :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                               :
                                                       :   Jointly Administered
                          Debtors.                     :
                                                       :   Objections Due: August 17, 2009 @ 4:00 p.m.(ET)
------------------------------------------------------ x   Hearing Date:  N/A
```

**SIXTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2009 THROUGH JUNE 30, 2009**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $726,009.50 (80% of which equals $580,807.60) and reimbursement of expenses incurred in the amount of $32,090.07 during the period commencing June 1, 2009 through and including June 30, 2009 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. On December 30, 2009, the United States Trustee appointed Wilmington Trust Company as an additional member of the Committee.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

2

## COMPENSATION PAID AND ITS SOURCES

8.  All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.  During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.  The fee statement for the Application Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.  As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $726,009.50. The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

12. The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

A. **Bankruptcy General (Matter 002)**

Fees: $25,549.00    Total Hours: 53.10

13. During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest. Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14. Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks. Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.    Committee Meetings (Matter 003)**

Fees: $47,428.50    Total Hours: 70.80

15.    Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases. Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases. Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings. Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

**C.    Creditor Communications (Matter 004)**

Fees: $9,122.50    Total Hours: 11.50

16.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

D. **Inter-Company Issues/Cash Management (Matter 006)**

Fees: $10,992.50    Total Hours: 17.10

17. During the Application Period, Chadbourne continued its review of intercompany cash management transfers between and among the Debtors and non-Debtor affiliates in order to confirm that transactions were not in contravention of the terms of the final cash management order. As a result of certain concerns raised by Chadbourne's review, further analysis was required resulting in additional discussions with the Debtors. Ultimately, Chadbourne summarized it analysis in a written report to the Committee and presented potential options related thereto.

E. **Business Operations (Matter 007)**

Fees: $22,678.00    Total Hours: 29.20

18. During the Application Period, Chadbourne attorneys continued to review and monitor issues involving the Debtors' day-to-day business operations. In addition to reviewing weekly operations and financial reports, Chadbourne reviewed and provided comments to a strategic business plan presentation prepared by the Committee's financial advisors to be discussed at an upcoming meeting with the Committee and the Debtors.

F. **Asset Disposition (Matter 008)**

Fees: $13,142.50    Total Hours: 25.30

19. As efforts in the potential Cubs transaction progressed during the Application Period, Chadbourne continued its focus on the review of various transaction materials provided by the Debtors and the review and summary of various draft agreements related thereto. Efforts

6

included the ongoing collaboration with the Committee's professionals and regular updates to the Committee on the status of the transaction.

G. **Claims Administration/Bar Date (Matter 009)**

Fees: $2,750.00    Total Hours: 5.80

20. During the Application Period, Chadbourne communicated with unsecured creditors regarding the June 12 bar date and the process for submitting claims. During this time, and following discussions with Chadbourne, the Debtors granted extensions to file claims to several parties. Chadbourne reviewed the terms of the orders and stipulations granting additional time. In addition, Chadbourne and the Committee's financial advisors discussed steps going forward in reviewing claims.

H. **Fee/Retention Applications (Matter 010)**

Fees: $34,298.50    Total Hours: 85.80

21. During the Application Period, Chadbourne expended time on matters related to the Debtors' professionals. Efforts included the review of and follow-up on a supplemental conflict affidavit of the Debtors' financial advisors. Chadbourne also reviewed the Debtors' application to retain Ernst & Young in order ensure it reasonableness.

22. In continuance of an ongoing process, Chadbourne expended further time on the treatment of ordinary course professionals. These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

23. In further compliance with monthly fee procedures, Chadbourne expended time preparing and filing its fifth monthly fee application. During this time, Chadbourne reviewed

the Fee Examiner's report on fees and expenses requested by Chadbourne during the first interim period, researched various issues related thereto and began preparation of its response.

I.  **Plan and Disclosure Statement (Matter 011)**

   Fees: $35,862.00    Total Hours: 42.20

24.    During the Application Period, Chadbourne attorneys continued to examine the potential structure for a plan of reorganization. Particular attention was focused on preparing for a formal meeting with the Committee where the Debtors would present its plan proposal. Chadbourne, along with the Committee's financial advisors, spent time reviewing the various plan materials provided by the Debtors in advance of the meeting and participated in discussions with the Committee and the Debtors in connection with same.

J.  **Executory Contracts (Matter 012)**

   Fees: $12,175.50    Total Hours: 28.70

25.    During the Application Period, the Debtors continued the ongoing process of seeking approval to assume and/or reject certain leases and contracts. Accordingly, Chadbourne reviewed the relief requested in various motions, considered the economic effects on the Debtors' ongoing business operations and summarized its analyses and recommendations for review by the Committee.

K.  **Employee Issues (Matter 014)**

   Fees: $40,641.00    Total Hours: 58.20

26.    During the Application Period, Chadbourne continued to work with the Debtors towards finalizing the proposed employee incentive compensation plans. Efforts included the

review of a comprehensive plan analysis prepared by the Committee's financial advisors, and provided comments and recommendations giving consideration to the best interests of case creditors.

27.   Further, Chadbourne began preparation of a comprehensive analysis summarizing its research on multiemployer pension plan issues. The report specifically outlines the potential scenarios and challenges one specific pension benefit plan is currently facing.

**L.   Relief From Stay Issues (Matter 015)**

Fees: $17,679.50     Total Hours: 47.50

28.   During the Application Period, Chadbourne continued the process of reviewing the various motions filed seeking relief from the automatic stay and worked with Debtors' counsel to ensure that a collective response was put forth to certain lift-stay requests. Particular time was devoted the motion for relief filed by Warren Beatty ("Beatty") to allow a pending lawsuit, seeking ongoing property rights to the Dick Tracy character, to proceed in California. Chadbourne reviewed the relief requested in the Beatty motion along with his brief filed in the related adversary case to stay discovery proceedings. Through the collaborative efforts of Chadbourne and Debtors' counsel, responsive pleadings were prepared and filed in connection with the foregoing.

**M.     Tax Issues (Matter 016)**

Fees: $5,665.00     Total Hours: 6.20

29.     During the Application Period, Chadbourne continued to review various information regarding certain transactions and considered tax implications and exit strategies in connection therewith.

**N.     General Litigation (Matter 017)**

Fees: $2,462.00     Total Hours: 6.80

30.     During the Application Period, Chadbourne continued to review and monitor the filings in the ERISA District Court civil action proceedings and prepared a summary update to the Committee in connection with same.

**O.     Travel (Matter 018)**

Fees: $2,506.50     Total Hours: 10.20

31.     During the Application Period, a Chadbourne attorney spent time traveling to/from Chicago, Illinois to attend a Committee meeting with the Debtors (June 12, 2009). In addition, a Chadbourne attorney spent time traveling to/from Wilmington, Delaware to attend omnibus hearings at Bankruptcy Court (June 25, 2009 and June 30, 2009). The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**P.     Review of Prepetition Financings (Matter 019)**

Fees: $443,056.50     Total Hours: 949.10

32.     During the Application Period, Chadbourne attorneys expended substantial time on the ongoing comprehensive review of the Debtors' prepetition financing documents and

capital structure as part of the Committee's review and analysis of potential challenges that could be asserted with respect to certain of the Debtors' prepetition transactions. In addition, Chadbourne attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto. As part its investigation and analysis, Chadbourne continued drafting and revising a comprehensive report to the Committee summarizing its review of the legal standards and requirements related to the 2007 ESOP transaction.

33.     During this time, Chadbourne also continued its efforts to obtain information and documents informally from certain parties connected to the 2007 ESOP transaction. Although Chadbourne reached informal agreements with several parties, some parties refused to provide the information requested. Accordingly, Chadbourne has sought formal discovery under Rule 2004 from certain parties that refused to provide requested information. Chadbourne also continues to negotiate possible resolutions with certain parties.

34.     Chadbourne has received a significant volume of produced documents to which it is in the process of reviewing. This document review is a substantial undertaking. Chadbourne has established a specialized electronic discovery database in order to ensure that the document review proceed in the most thorough and expeditious manner.

## ACTUAL AND NECESSARY EXPENSES

35.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $32,090.07 is attached hereto as Exhibit B. Chadbourne's standard charge for photocopies is $0.20/per page. For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.

11

36.     During the Application Period in order to meet time constraints on a certain project, Chadbourne utilized the services of an outside copy vendor. In seeking reimbursement for this outside professional service, Chadbourne requests reimbursement for the actual cost incurred.

37.     Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions. For purposes of these cases, the firm has reduced this charge to $1.00/per page.

38.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required. In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers. Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

39.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services. In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

40.     The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which

12

breakfast, lunch and/or other refreshments were served. In connection with expenses for catering costs sought in this Application, Chadbourne hosted a Committee meeting on June 4, 2009.

41.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional and secretarial overtime.

## VALUATION OF SERVICES

42.     Attorneys and paraprofessionals of Chadbourne have expended a total of 1,447.50 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Chabourne's normal hourly rates for work of this character. The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $726,009.50.

43.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

44.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other

13

than in a case under this title. Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period June 1, 2009 through June 30, 2009: (a) authorizing compensation in the amount of $726,009.50 (80% of which equals $580,807.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $32,090.07, for a total of $758,099.57; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated: July 27, 2009
       Wilmington, Delaware

**CHADBOURNE & PARKE LLP**

By: _____
Douglas E. Deutsch
(A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

Co-Counsel to The Official Committee of Unsecured Tribune Company, et al.

14

## **VERIFICATION**

STATE OF NEW YORK    :
                                         : ss:
COUNTY OF NEW YORK  :

David M. LeMay, after being duly sworn according to law, deposes and says:

(a) I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1982.

(b) I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
David M. LeMay

Sworn to before me this
27th day of July 2009

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010