**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*, | ) | Case No. 08-13141 (KJC) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection Date: August 28, 2009** |
| | ) | **Hearing Date: September 4, 2009 @ 10:00 a.m.** |

**MOTION OF CLAIMANT ANTHONY LAMANTIA**
**FOR RELIEF FROM THE AUTOMATIC STAY**

Anthony LaMantia ("Movant"), by his counsel hereby moves (the "Motion") this Court for entry of an order granting relief from the automatic stay imposed by Section 362 of the Bankruptcy Code to allow him to file and serve process for a civil action relating to personal injuries and in support thereof, states as follows:

Case Background

1. On December 8, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed with the Court voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et. seq (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 cases.

3. An official committee of unsecured creditors (the "Committee") was appointed on December 30, 2008.

Jurisdiction and Venue

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding under 28 U.S.C. § 157.

6. Venue is proper pursuant to 28 U.S.C. § § 1408 and 1409.

7. The statutory bases for the relief requested in the Motion are 11 U.S.C. §§ 362(d), 105 and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules").

## Matter Background

8. Movant has a claim against Debtors for injuries he suffered on November 2, 2007.

9. A lawsuit has not yet been filed concerning those alleged injuries.

10. The statute of limitations concerning Movant's claim expires on November 2, 2009.

11. Movant timely filed a proof of claim on May 25, 2009.

## Relief Requested

12. Movant seeks entry of an order modifying the automatic stay for the limited purpose of filing a lawsuit in the Circuit Court of Cook County, Chicago, Illinois, against Debtors and any other allegedly liable parties and serving process on Debtors and any other defendants named therein.

13. Once Movant has effectuated service on all defendants, the lawsuit shall be placed on the trial court's bankruptcy calendar and no further action shall be taken concerning it until further order of this Court.

## Basis For Relief Requested

14. Section 362(d) of the Bankruptcy Code provides for relief from stay and states in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating , annulling, modifying, or conditioning such stay -
> (a) for cause . . .

11 U.S.C. §362(d).

15. As used in Section 362(d)(1), "cause" is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to fact-specific situations. <u>In re Rexene Prods.Co.</u>, 141 B.R. 574 (Bankr. D. Del. 1992). In considering whether to grant relief from the automatic stay, the Delaware Bankruptcy Court has considered the three criteria identified in the <u>Rexene</u> case:

    (a) Whether there will be great prejudice to the estate or the debtor in continuing the civil suit;

    (b) Whether the hardship to the creditor outweighs the hardship to the debtor in maintaining the stay; and

    (c) The probability that the creditor will prevail on the merits.

<u>Rexene</u>, 141 B.R. at 576.

16. Cause exists to grant relief from the automatic stay in this matter. The facts support Movant under each of the three <u>Rexene</u> factors:

    (a) First, the Debtors and their estates will not be prejudiced at all by the relief requested since all that is requested is the right to file and serve a personal injury litigation. Once filed, the action is to go immediately to the trial court's bankruptcy docket so no action whatsoever is required of the Debtors by the relief requested.

    (b) Second, the Movant is significantly harmed by the continued imposition of the automatic stay in monitoring the statute of limitations on his cause of action while the Debtor has absolutely no harm from the relief requested so the relative burdens factor favors the Movant.

    (c) The third factor is not relevant in the context of this Motion because the relief does not seek any adjudication on the merits of the Movant's claim.

### Notice

17. Notice of this Motion is being provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtors; (iii) counsel for the Committee; and (iv) all parties required to receive service under Rule 2002-1(b) of the Local Rules.

### No Prior Requests

18. The Movant has not previously sought the relief requested herein.

**WHEREFORE**, Anthony LaMantia prays that this Court enter an order lifting the automatic stay for the limited purpose of allowing Mr. LaMantia to file a lawsuit against Debtors concerning his injuries suffered on November 2, 2007, and serving process on any and all defendants named therein, and for all other relief just and proper.

Dated: July 28, 2009                            **THE HOGAN FIRM**

                                                       */s/ Daniel K. Hogan*
Daniel K. Hogan (#2814)
1311 Delaware Avenue
Wilmington, DE 19806
(302) 656-7540
(302) 656-7599- facsimile

**Of Counsel**

**B. LANE HASLER, P.C.**

B. Lane Hasler
1530 South State Street
Suite 17A
Chicago, Illinois 60605
(312) 893-0551
(312) 893-0551- facsimile
Counsel For Anthony LaMantia