IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
:
In re:                              :    Chapter 11
                                    :
TRIBUNE COMPANY, et al.,            :    Case No. 08-13141 (KJC)
                                    :
            Debtors.                :    Jointly Administered
                                    :
------------------------------x          **Related Docket No. 1753**

**STIPULATED PROTECTIVE ORDER, PURSUANT TO 11 U.S.C. § 105, FED. R. CIV. P. 26(c) AND FED. R. BANKR. P. 7026, WITH RESPECT TO VIDEOTAPING OF DEPOSITION OF WARREN BEATTY**

Warren Beatty ("Mr. Beatty") and Tribune Media Services, Inc. (the "TMS"), through their respective counsel, having agreed and stipulated to certain protections with respect to the videotaping of the deposition of Mr. Beatty; and the Court having considered the stipulated relief; now therefore, it is hereby

ORDERED, that the deposition of Mr. Beatty scheduled for July 23, 2009 (the "Deposition") may be videotaped by Merrill Corp. ("Merrill"); and it is further

ORDERED, that Merrill shall produce four (4) copies of the videotape of the Deposition (the "Video") and shall provide, by secure means, two (2) copies of the Video to the counsel for TMS and two (2) copies of the Video to counsel for Mr. Beatty, with costs associated with the copies to be borne by the receiving party; and it is further

ORDERED, that Merrill shall include a mark or tag in (i) the original and (ii) each of the four (4) authorized copies of the Video indicating, within each frame of the Video, the party to which party that particular Video was provided (e.g. "Original" or some abbreviation thereof, "TMS", or "WB", as the case may be), such that the Video, will reflect the party to which the Video was provided; and it is further

1

ORDERED, that, upon producing the four (4) authorized copies of the Video, Merrill shall provide to counsel for TMS the original master version of the Video and destroy any remaining copies or other records of the Video and shall not retain any originals or copies thereof or any other material related thereto. The four copies and the original shall be referred to collectively hereafter as the Videos.; and it is further

ORDERED, that no additional copies of the Videos may be made by the recipients thereof; and it is further

ORDERED, the Videos (i) shall be kept confidential by TMS, Mr. Beatty and their respective counsel, (ii) shall be used only for purposes of litigation between TMS and Mr. Beatty, and (iii) shall not be disclosed to any third parties by any means, including through filings with the Court, absent leave of this Court or written or email agreement between TMS and Mr. Beatty; and it is further

ORDERED, that, for the avoidance of doubt and without limiting the generality of anything herein, neither the Videos the Deposition nor any portion thereof shall be disclosed in any way or through any means to members of the press or media; provided, however, that it is acknowledged that TMS is or may be a member of the press or media and, subject to the other provisions of this Order, nothing herein shall prevent disclosure to TMS (in its capacity as a litigant only) of the Videos of the Deposition.

Dated: Wilmington, Delaware
July 28, 2009

KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

587515-Wilmington Server 1A - MSW