UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**TRIBUNE COMPANY, et al.,**<br><br>Debtors. | **Chapter 11**<br><br>**Case No. 08-13141 (KJC)**<br><br>**Jointly Administered**<br>Related to Docket No. 5 |

**SUPPLEMENTAL AFFIDAVIT OF DANIEL C. MCELHINNEY IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO RETAIN AND EMPLOY EPIQ BANKRUPTCY SOLUTIONS, LLC AS CLAIMS, NOTICING, AND BALLOTING AGENT PURSUANT TO 28 U.S.C. § 156(c), RULE 2002(f) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURES AND LOCAL RULE 2002-1(f) AS OF THE PETITION DATE**

STATE OF NEW YORK   )
                    )  ss:
COUNTY OF NEW YORK  )

Daniel C. McElhinney, being duly sworn, deposes and says:

1. I am Executive Director of Epiq Bankruptcy Solutions, LLC ("EBS"). Pursuant to the Order Authorizing the Debtors and Debtors in Possession to Retain and Employ Epiq Bankruptcy Solutions, LLC as Claims, Noticing, and Balloting Agent as of the Petition Date, dated as of December 10, 2009 (the "Retention Order"), EBS was appointed claims, noticing, and balloting agent to the Debtors.

2. I submit this affidavit to supplement the Affidavit and Disclosure Statement of Daniel C. McElhinney in Support of Application for an Order Authorizing the Debtors and Debtors in Possession to Retain and Employ Epiq Bankruptcy Solutions, LLC as Claims, Noticing, and Balloting Agent Pursuant to 28 U.S.C. § 156(c), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure and Local Rule 2002-1(f) as of the Petition Date.

1

3. EBS recently learned that its affiliate, Epiq eDiscovery Solutions, LLC ("EDS"), provides certain ediscovery technology products and services to JPMorgan Chase ("JPMC"), a creditor of the Debtors, in connection with these proceedings. EDS invoices JPMC for its ediscovery products and services.

4. Based on the legal, operational, managerial and physical separation of EDS from EBS, we do not view EDS's engagement by JPMC as creating a conflict that would impair EBS's status as a "disinterested person" under 11 U.S.C. §101(14).

5. EDS and EBS are separate legal entities. Both were formed as limited liability companies under the laws of the State of New York. Each company is also housed in a different office, with EBS located at 757 Third Avenue, New York, New York and EDS located at 90 Park Avenue, New York, New York. Each company maintains its own employees, management, and operational separateness, as well as separate technology platforms and databases. Other than the commonality of ownership by Epiq Systems, Inc., any cross-over between EBS and EDS is limited to the areas of sales and marketing, non-client IT infrastructure and the use of certain company-wide internal software.

6. Further, the limited, administrative and technology-oriented nature of EDS's engagement by JPMC renders the potential for a conflict vis-à-vis EBS and the Debtors extremely attenuated. EDS does not provide professional or substantive consulting services in connection with its JPMC engagement. Rather, a typical EBS engagement commences when electronic documents are delivered to EDS by a client. EDS then programmatically processes and organizes the data from these electronic documents in a review format desired by the client. The resulting data files are then presented to a client end user to review on a hosting platform. Other than technical support and training, that is the extent of EDS's services.

7.  It bears noting that EBS's role as the Debtors' claims, noticing, and balloting agent is similarly administrative in nature. EBS is retained pursuant to 28 U.S.C. §156(c), under which a claims agent may be retained in order to provide facilities and services that "pertain to the provision or notices, dockets, calendars, and other administrative information" on behalf of the Clerk of Court. Unlike a "professional person" retained under §327(a) of the Bankruptcy Code, EBS is not called upon to exercise independent judgment but rather to provide non-discretionary assistance with the administrative functions of a chapter 11 case.

## CONCLUSION

I certify under penalty of perjury that, based upon my knowledge, information and belief as set forth in this Supplemental Declaration, the foregoing is true and correct.

Dated: July 28, 2009

*[signature]*
Daniel C. McElhinney