UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT
## REGARDING FIRST INTERIM FEE APPLICATION OF
## REED SMITH LLP

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Interim Fee Application of Reed Smith LLP ("Application"), for the period from December 8, 2008, through February 28, 2009, seeking approval of fees that total $98,262.00 and reimbursement of expenses that total $2,535.31. Reed Smith LLP ("Reed Smith") is special counsel for certain insurance matters to the debtors and debtors in possession.

### Background

1.     Stuart Maue reviewed the firm's monthly fee statements and the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.     This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, are

displayed on the exhibits. Those tasks included in a specific category are underlined on the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.      Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.      Stuart Maue prepared and submitted a preliminary report to Reed Smith and the firm provided a written response to that report. After consideration of the firm's responses to the preliminary report, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

### Recomputation of Fees and Expenses

5.      Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rates. The recomputation of fees revealed that the requested amount is $101.00 less than the computed amount. The discrepancy is the result of task hours within two entries that do not equal the time billed for the entries as a whole. The discrepancy and the related entries are displayed below:

| Invoice Number | Entry Number | Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Undercharges** | | | | | | | | | | | |
| 1827105-1 | 42 | Crime Claim | Walker-Bright | 01/09/09 | $495.00 | 2.20 | 2.30 | $1,089.00 | $1,138.50 | (0.10) | ($ 49.50) |
| 1827105-1 | 43 | Crime Claim | Shugrue | 01/09/09 | $515.00 | 2.50 | 2.60 | $1,287.50 | $1,339.00 | (0.10) | (51.50) |
| | | | | | | | | | **Total Undercharges** | (0.20) | ($101.00) |
| | | | | | | | | | | | |
| | | | | | | | | | **Net Total Discrepancy** | (0.20) | ($101.00) |

The recomputation of expenses revealed no difference between the amount requested and the amount computed. This final report is based on the fees and expenses computed by Stuart Maue.

### Review of Fees

6.  **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the last name, first initial, and hourly rate of each timekeeper; however, the positions of the timekeepers are not disclosed. Stuart Maue determined the position of some timekeepers through a review of the firm's web site and, in the preliminary report, requested that Reed Smith provide the positions for those timekeepers whose positions were unknown. The firm provided that information in its response.

This matter is staffed with eight professionals and paraprofessionals, including four partners, one associate, and three paralegals. A summary of hours and fees billed by each timekeeper is displayed on Exhibit A.

The firm bills a total of 238.90 hours with associated fees of $98,363.00.[1]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 159.70 | 67% | $82,338.50 | 84% |
| Associate | 36.90 | 15% | 11,070.00 | 11% |
| Paralegal | 42.30 | 18% | 4,954.50 | 5% |
| TOTAL | 238.90 | 100% | $98,363.00 | 100% |

The blended hourly rate for the Reed Smith professionals is $475.12 and the blended hourly rate for professionals and paraprofessionals is $411.73.

7.    **Hourly Rate Increases.**    Reed Smith did not increase the hourly rates of any timekeepers during the first interim period.

8.    **Transient Timekeepers.**    The activities of those timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear.  Two Reed Smith timekeepers billed fewer than 10.00 hours during this interim period.  Stuart Maue recognizes that some professionals or paraprofessionals have specialized knowledge or expertise and may be called upon to provide services to the case on a limited basis; however, it appears that two timekeepers had minimal involvement in the case and billed for activities that may have been performed by other timekeepers or timekeepers billing at a lower rate. The billing entries of these timekeepers total 4.60 hours with $958.00 in associated fees.  In its preliminary report, Stuart Maue requested that Reed Smith provide additional information regarding the role of the two timekeepers.

In its response the firm stated:

T. Law is a partner and M. Todd is an associate, both resident in Reed Smith's Philadelphia office.  They are involved in the Reliance matter concerning which Reed Smith represents Tribune.  This matter is venued in Philadelphia.  T. Law and M. Todd provide assistance on this matter as needed as local counsel in Philadelphia.  Although this

---

[1] This amount is based on the fees computed by Stuart Maue.

> matter has not been very active for several months, it recently has become more active and will be more active in the future, requiring additional and more regular work of T. Law and/or M. Todd on this matter.

Stuart Maue accepts the explanation from Reed Smith and makes no recommendation for a reduction in these fees. Exhibit B displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

9.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states "...activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary."  The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.  Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference."  Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter.  A description of correspondence should identify the correspondent and the subject of the correspondence.  Similarly, a description for preparation of pleadings should identify the pleading drafted or revised.  Activity descriptions for legal research should include the issues researched and the purpose of the research.  The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level.  Activity descriptions referencing conferences should include the name of the person(s) with whom the communication was held and the subject or purpose of the communication.  Contrary to the requirements of the Local Rules and the Guidelines, Stuart Maue identified some activity descriptions in the Application that were not

sufficiently detailed.  The billing entries identified as vaguely described activities, total 9.50 hours with $5,507.00 in associated fees.

Stuart Maue requested that in future applications Reed Smith provide sufficient detail for each entry.  Exhibit C displaying the block billed entries was included in the preliminary report provided to the firm.  Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

10.    **Block Billing.**  The Guidelines in Section II.D.5 state, "... Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry; ... ." Reed Smith lumped or block billed a few activity descriptions into one billing entry with a single time increment.  The tasks that are block billed total 14.70 hours with $7,570.50 in associated fees.  These lumped activities were identified to allow review by the firm so that corrective action may be taken to ensure that future fee applications do not include block billed entries.  Exhibit D displaying these entries was included in the preliminary report provided to the firm.  Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

11.    **Conferences, Hearings, and Other Events.**  Local Rule 2016-2(d)(ix) provides "...The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role."  Section II.D.5 of the Guidelines states "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified.  *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994).  Stuart Maue identified conferences and hearings and classified them either as a nonfirm conference, hearing, and other event, or as an intraoffice conference.  Nonfirm conferences are identified as a conference attended by at least one person from outside the firm.  Intraoffice conferences are identified as

conferences attended exclusively by firm personnel. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees at these conferences and hearings.

a. **Nonfirm Conferences, Hearings, and Events.** Stuart Maue identified those occasions when two or more Reed Smith timekeepers bill to attend the same nonfirm conference, hearing, or other event. Those entries total 29.00 hours with $14,643.00 in associated fees. The entries for all attendees, except the timekeeper who appears to be the most responsible at the event (i.e., the one who bills the most fees and/or hours to the matter), total 14.60 hours with $7,227.00 in associated fees. Exhibit E displaying these entries was included in the preliminary report provided to the firm. In the preliminary report, Stuart Maue requested that Reed Smith provide a brief explanation of the necessity of the multiple billers.

In its response, the firm stated:

> The work where multiple billers were involved related to Examinations Under Oath being conducted by the adversary party insurance company in connection with a significant crime insurance claim being prosecuted for Tribune by Reed Smith. We determined that the significance of the examinations and the complexity of the factual and documentary issues involved warranted the active participation of two lawyers, including lead counsel on the matter (J. Shugrue) and counsel who had greater familiarity with the factual background and contents of documents (P. Walker-Bright). Accordingly, we believe it was necessary and appropriate to have multiple attorneys involved in these instances.

Stuart Maue accepts the explanation from Reed Smith and, because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

b. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Reed Smith for intraoffice conferences total 8.33 hours with $3,709.67 in associated fees, which represents approximately 4% of the total fees requested in the Application. Those entries are displayed on the attached Exhibit F.

In some instances, two or more firm professionals and/or paraprofessionals bill to attend the same internal conference. The intraoffice conferences attended by more than one timekeeper total 6.10 hours with $2,730.00 in associated fees. While the time billed by Reed Smith for intraoffice conferences does not appear excessive, in its preliminary report, Stuart Maue requested that the firm provide a brief explanation for the necessity of more than one participant billing for the same intraoffice conference.

Reed Smith responded:

> Reed Smith generally bills for each participant in an intraoffice meeting or conference. Such meetings and conferences are conducted or held only when and as necessary to advance the progress of a matter, for example in the communication of results of legal research, discussion of case strategy, and particulars of a particular task or undertaking. Reed Smith believes that the billings for such meetings and conferences have been properly limited to these circumstances.

Exhibit E displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

12.     **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Likewise, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit firm time entries and invoices. "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In Re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991). As a general rule, time expended by a firm in performing conflicts checks required as a condition of the firm's retention is not compensable and would also be considered an administrative activity. *See In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr.

D. Mass. 2002). The entries identified as administrative activities totaled 1.60 hours with $521.50 in associated fees.

> In its response, the firm stated:

>> The time entries for D. Rosenfield and S. Somoza on the Crime Claim matter reflect substantive legal work performed in organizing, collecting and collating documents in connection with preparing witnesses for Examinations Under Oath … and we do not believe this work constitutes 'administrative activities.' The time entries for J. Shugrue and S. Somoza on the Insurance Counseling matter relate to the need for careful and consistent file organization with respect to a number of sub-projects handled within that matter.

> After consideration of Reed Smith's response and a re-examination of the activities identified as administrative, Stuart Maue accepts the response of the firm and does not make a recommendation for a reduction for these activities. Exhibit G displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

13.    **Clerical Activities.** Clerical activities include tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). However, other courts have determined that clerical activities are billable at a clerical rate. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, (3rd Cir. 1994). In this Court there has been a practice by Stuart Maue and other fee auditors of recommending that clerical activities be paid at the rate of $80.00 per hour. It is Stuart Maue's intent to follow that

same practice in this case.  In the preliminary report, the entries identified as clerical activities totaled 40.55 hours with $5,242.25 in associated fees.

Reed Smith responded regarding the entries identified as clerical activities as follows:

> The S. Somoza time entries... on the Crime Claim reflect substantive legal work done on collecting, organizing and collating documents for use in preparing Tribune witnesses for Examinations Under Oath... and in collecting, redacting, and preparing documents for production to an adverse party in the Crime Claim.  These were not clerical tasks, but rather required the skill, experience, and knowledge of a legal professional (in this case, a paralegal).  Likewise, the time entries for P. Walker-Bright ... and D. Rosenfield... are related to substantive legal work in identifying, collecting, collating and redacting documents for use in preparation for the Examinations and/or production to an adverse party.  ...Reed Smith submits that these time entries should be billed at the rates indicated for these timekeepers, and not at an $80.00 per hour "clerical" rate.

After review of Reed Smith's response, Stuart Maue re-examined these activities identified and removed those entries that related to preparing documents for production and preparing witnesses.  However, it is Stuart Maue's position that the entries related to organizing and indexing documents for storage, reviewing and cataloguing correspondence, and organizing case files are clerical activities.  Those entries are displayed on Exhibit H and total 27.75 hours with $3,118.75 in associated fees.  Stuart Maue recommends that these entries be paid at the rate of $80.00 per hour, resulting in a reduction in the requested fees in the amount of $898.75.  However, the firm has requested $101.00 less than the amount computed for fees.  Because the firm requested less than the amount computed for the fees, Stuart Maue recommends that the $898.75 for the clerical tasks be offset by the $101.00.

14.    **Travel.**  Local Rule 2016-2(d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;... ."  Stuart Maue identified no billing entries that describe travel activities.

15.    **Reed Smith Retention/Compensation.**  Stuart Maue reviewed and identified entries related to the retention and compensation of Reed Smith.  The firm bills 9.80 hours with associated fees of $6,174.00 to prepare the firm's retention documents and applications for compensation, which

represents approximately 6% of the total fees billed by the firm. Exhibit I displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

### Review of Expenses

16.    **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Reed Smith provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

17.    **Photocopies.**  Local Rule 2016-2(e)(iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page, ... ."  The firm requested reimbursement of $452.30 for duplication charges. Reed Smith states in the Application that its rate for duplication is $0.10 per page.

18.    **Computer-Assisted Legal Research.**  Local Rule 2016-2(e)(iii) states "The motion shall state ... computer-assisted legal research charges (which shall not be more than the actual cost) ... ."  The firm bills $1,164.70 for computer-assisted legal research; however, the Application does not state that it is billed at actual cost. Stuart Maue requested that Reed Smith provide an explanation for how the costs for computer-assisted legal research were determined.

In its response, Reed Smith stated that, "Reed Smith bills for computer-assisted legal research at cost to the firm."

19.    **Facsimile.**    Local Rule 2016-2(e)(iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)."    The Application states, "Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions.    Outgoing facsimile transmissions have been charged at a rate of $0.25 per page."    Reed Smith requested reimbursement for facsimile charges totaling $1.25.

20.    **Local Travel Expenses.**    Reed Smith requested reimbursement of $48.80 for a taxi expense.    The Application did not identify the person incurring the charge or the purpose of such expense.    Stuart Maue requested that Reed Smith provide the name of the person(s) incurring the expense and the purpose of the charge displayed in the following table:

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 1827105-1 | 02/28/09 | $48.80 | TAXI EXPENSE |

Reed Smith responded as follows:

The taxi expense charges were for J. Shugrue and P. Walker-Bright transportation to Tribune offices for Examinations Under Oath conducted in the Crime Claim matter.    Because these lawyers were bringing substantial volumes of documents with them to and from the Examinations, travel by taxi was considered appropriate.

Stuart Maue accepts the explanation for this expense and makes no recommendation for a reduction related to this charge.

### Conclusion

Stuart Maue submits this final report regarding the First Interim Fee Application and the fees and expenses discussed above.    Stuart Maue recommends the approval of fees in the amount of $97,464.25 ($98,262.00 minus $797.75) and reimbursement of expenses in the amount of $2,535.31, for the period from December 8, 2008, through February 28, 2009.    A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _Linda K. Cooper_

Linda K. Cooper

3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:    (314) 291-3030
Facsimile:     (314) 291-6546
l.cooper@smmj.com

Fee Examiner

## APPENDIX A

### REED SMITH, LLP

#### SUMMARY OF FINDINGS

##### First Interim Fee Request (December 8, 2008 through February 28, 2009)

###### A.    Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $98,262.00 | |
| Expenses Requested | 2,535.31 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $100,797.31 |
| | | |
| Fees Computed | $98,363.00 | |
| Expenses Computed | 2,535.31 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $100,898.31 |
| | | |
| Discrepancies in Fees: | ($    101.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($    101.00) |

###### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---:|---:|---:|
| Fees Requested | $98,262.00 | | |
| *Discrepancy in Fees* | | *101.00* | |
| *Recommended Reduction for Clerical Activities* | | *(898.75)* | |
| Subtotal | | *(797.75)* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $97,464.25 |
| | | | |
| Expenses Requested | | $2,535.31 | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 2,535.31 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $99,999.56 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 29th day of July, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago IL 60606-7507

Linda K. Cooper

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

## COMPUTED AT STANDARD RATES

### Reed Smith LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JDS | Shugrue, John D. | PARTNER | $515.00 | $515.00 | 99.40 | $51,191.00 |
| PRW | Walker-Bright, Paul R. | PARTNER | $495.00 | $495.00 | 48.90 | $24,205.50 |
| PNT | Thompson, Pia N. | PARTNER | $630.00 | $630.00 | 10.20 | $6,426.00 |
| TPL | Law, Timothy P. | PARTNER | $430.00 | $430.00 | 1.20 | $516.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $515.58 | | 159.70 | $82,338.50 |
| | | | | | % of Total: 66.85% | % of Total: 83.71% |
| DR | Rosenfield, David M. | ASSOCIATE | $300.00 | $300.00 | 36.90 | $11,070.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $300.00 | | 36.90 | $11,070.00 |
| | | | | | % of Total: 15.45% | % of Total: 11.25% |
| SS | Somoza, S. | PARALEGAL | $125.00 | $125.00 | 24.90 | $3,112.50 |
| LH | Hamilton, L. | PARALEGAL | $100.00 | $100.00 | 14.00 | $1,400.00 |
| MT | Todd, M. | PARALEGAL | $130.00 | $130.00 | 3.40 | $442.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $117.13 | | 42.30 | $4,954.50 |
| | | | | | % of Total: 17.71% | % of Total: 5.04% |
| | Total No. of Billers: 8 | Blended Rate for Report: | $411.73 | | 238.90 | $98,363.00 |

EXHIBIT H

CLERICAL ACTIVITIES

Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hamilton, L | 14.00 | 1,400.00 |
| Somoza, S | 13.75 | 1,718.75 |
| | 27.75 | $3,118.75 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Crime Claim | 21.45 | 2,331.25 |
| Insurance Counseling | 2.80 | 350.00 |
| Marsh | 2.00 | 250.00 |
| Reliance/Times Mirror | 1.10 | 137.50 |
| Shannon Claim | 0.40 | 50.00 |
| | 27.75 | $3,118.75 |

EXHIBIT H
CLERICAL ACTIVITIES
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/09/08 Tue | Somoza, S 1827105-1/1 | 0.60 | 0.60 | 75.00 | | | 1 | MATTER NAME: *Crime Claim*<br>REVIEWED AND CATALOGUED CORRESPONDENCE. |
| 12/09/08 Tue | Somoza, S 1827105-4/75 | 0.40 | 0.40 | 50.00 | | | 1 | MATTER NAME: *Reliance/Times Mirror*<br>REVIEWED AND CATALOGUED CORRESPONDENCE. |
| 12/09/08 Tue | Somoza, S 1827105-5/93 | 0.20 | 0.20 | 25.00 | | | 1 | MATTER NAME: *Insurance Counseling*<br>REVIEWED AND CATALOGUED CORRESPONDENCE. |
| 12/09/08 Tue | Somoza, S 1827105-5/94 | 0.80 | 0.80 | 100.00 | | | 1 | MATTER NAME: *Insurance Counseling*<br>REVIEWED AND CATALOGUED CORRESPONDENCE. |
| 12/09/08 Tue | Somoza, S 1827105-8/154 | 0.30 | 0.30 | 37.50 | | | 1 | MATTER NAME: *Marsh*<br>REVIEWED AND CATALOGUED CORRESPONDENCE. |
| 12/15/08 Mon | Somoza, S 1827105-1/10 | 1.80 | 1.80 | 225.00 | | | 1 | MATTER NAME: *Crime Claim*<br>ANALYZED AND ORGANIZED CASE FILES. |
| 12/15/08 Mon | Somoza, S 1827105-5/99 | 0.30 | 0.30 | 37.50 | | | 1 | MATTER NAME: *Insurance Counseling*<br>ANALYZED AND CATALOGUED CORRESPONDENCE. |
| 12/17/08 Wed | Somoza, S 1827105-1/14 | 1.60 | 0.80 | 100.00 | 0.80<br>0.80 | F<br>F | 1<br>2 | MATTER NAME: *Crime Claim*<br>CATALOGUED CORRESPONDENCE (.8):<br>ORGANIZED DEPOSITION TRANSCRIPTS AND PERSONNEL FILES OF FORMER EMPLOYEES WHO PLEAD GUILTY IN CIRCULATION INVESTIGATION (.8). |
| 12/18/08 Thu | Somoza, S 1827105-8/156 | 0.60 | 0.60 | 75.00 | | | 1 | MATTER NAME: *Marsh*<br>CATALOGUED CORRESPONDENCE AND OTHER CASE RELATED DOCUMENTS. |
| 12/29/08 Mon | Somoza, S 1827105-4/80 | 0.70 | 0.70 | 87.50 | | | 1 | MATTER NAME: *Reliance/Times Mirror*<br>CATALOGUED AND UPDATE CORRESPONDENCE FILE. |
| 12/29/08 Mon | Somoza, S 1827105-5/110 | 0.30 | 0.30 | 37.50 | | | 1 | MATTER NAME: *Insurance Counseling*<br>CATALOGUED AND UPDATED CORRESPONDENCE FILE. |
| 12/29/08 Mon | Somoza, S 1827105-5/111 | 0.50 | 0.50 | 62.50 | | | 1 | MATTER NAME: *Insurance Counseling*<br>CATALOGUED AND UPDATED CORRESPONDENCE FILE. |
| 12/29/08 Mon | Somoza, S 1827105-8/157 | 0.70 | 0.70 | 87.50 | | | 1 | MATTER NAME: *Marsh*<br>CATALOGUED AND UPDATED CORRESPONDENCE FILE. |

~  See the last page of exhibit for explanation

EXHIBIT H
CLERICAL ACTIVITIES
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 01/07/09 Wed | Somoza, S 1827105-1/33 | 1.10 | 0.85 | 106.25 | 0.60 0.25 0.25 | F A A | MATTER NAME: Crime Claim<br>1 ORGANIZED AND CATALOGUED CORRESPONDENCE(.6);<br>2 MET WITH D.ROSENFIELD REGARDING UPCOMING PROJECTS AND<br>3 ORGANIZED CASE FILES PER D.ROSENFIELD SPECIFICATIONS(.5). |
| 01/12/09 Mon | Somoza, S 1827105-1/44 | 1.40 | 0.90 | 112.50 | 0.90 0.50 | F F | MATTER NAME: Crime Claim<br>1 REVIEWED CASE FILES TO DETERMINE LAST BATES NUMBER USED AND CONTINUED BATES LABELING ADDITIONAL REPORTS PER P. WALKER BRIGHT(.9);<br>2 MET WITH D.ROSENFIELD TO DISCUSS ORGANIZATION OF FILES(.5). |
| 01/20/09 Tue | Somoza, S 1827105-8/158 | 0.40 | 0.40 | 50.00 | | | MATTER NAME: Marsh<br>1 ANALYZED,REVIEWED AND CATALOGUED CORRESPONDENCE FILES. |
| 02/09/09 Mon | Hamilton, L 1827105-1/64 | 5.50 | 5.50 | 550.00 | | | MATTER NAME: Crime Claim<br>1 INDEXED DOCUMENTS FOR OFF SITE STORAGE. |
| 02/10/09 Tue | Hamilton, L 1827105-1/66 | 5.00 | 5.00 | 500.00 | | | MATTER NAME: Crime Claim<br>1 ORGANIZED AND INDEXED DOCUMENTS FOR OFF SITE STORAGE. |
| 02/10/09 Tue | Somoza, S 1827105-1/67 | 0.70 | 0.70 | 87.50 | | | MATTER NAME: Crime Claim<br>1 REVIEWED AND CATALOGUED CORRESPONDENCE FOR CASE FILE. |
| 02/10/09 Tue | Somoza, S 1827105-5/137 | 0.40 | 0.40 | 50.00 | | | MATTER NAME: Insurance Counseling<br>1 REVIEWED, ANALYZED AND CREATED FILES FOR CLAIMS AND SUBJECT MATTERS. |
| 02/11/09 Wed | Hamilton, L 1827105-1/69 | 2.00 | 2.00 | 200.00 | | | MATTER NAME: Crime Claim<br>1 ORGANIZED AND INDEXED DOCUMENTS FOR OFF SITE STORAGE. |
| 02/11/09 Wed | Somoza, S 1827105-3/73 | 0.40 | 0.40 | 50.00 | | | MATTER NAME: Shannon Claim<br>1 REVIEWED AND CATALOGUED CORRESPONDENCE FILES. |
| 02/11/09 Wed | Somoza, S 1827105-5/139 | 0.30 | 0.30 | 37.50 | | | MATTER NAME: Insurance Counseling<br>1 REVIEWED DOCUMENTS RELATING TO TRIBUNE INSURANCE COUNSELING MATTERS IN PREPARATION FOR ORGANIZING INTO CASE FILES. |
| 02/12/09 Thu | Hamilton, L 1827105-1/70 | 1.50 | 1.50 | 150.00 | | | MATTER NAME: Crime Claim<br>1 ORGANIZED AND INDEXED DOCUMENTS FOR OFF SITE STORAGE. |
| 02/18/09 Wed | Somoza, S 1827105-1/71 | 1.20 | 1.20 | 150.00 | | | MATTER NAME: Crime Claim<br>1 ORGANIZED P. WALKER-BRIGHT WORKING FILES AND PREPARED TO SEND OFF SITE. |

~  See the last page of exhibit for explanation

EXHIBIT H
CLERICAL ACTIVITIES
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| | | | | | | | *MATTER NAME: Crime Claim* |
| 02/26/09 Thu | Somoza, S 1827105-1/72 | 0.60 | 0.60 | 75.00 | | 1 | REVIEWED AND CATALOGUED CORRESPONDENCE AND ADDITIONAL J.SHUGRUE WORKING FILES. |
| Total | | | 27.75 | $3,118.75 | | | |
| Number of Entries: | 26 | | | | | | |

~  See the last page of exhibit for explanation

EXHIBIT H

CLERICAL ACTIVITIES

Reed Smith LLP

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hamilton, L | 14.00 | 1,400.00 |
| Somoza, S | 13.75 | 1,718.75 |
| | 27.75 | $3,118.75 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Crime Claim | 21.45 | 2,331.25 |
| Insurance Counseling | 2.80 | 350.00 |
| Marsh | 2.00 | 250.00 |
| Reliance/Times Mirror | 1.10 | 137.50 |
| Shannon Claim | 0.40 | 50.00 |
| | 27.75 | $3,118.75 |

(–) REASONS FOR TASK HOUR ASSIGNMENTS

A        Task Hours Allocated By Fee Auditor

F        FINAL BILL