UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE AUDITOR'S FINAL REPORT
### REGARDING FIRST QUARTERLY APPLICATION OF
### JENNER & BLOCK LLP

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Quarterly Application of Jenner & Block LLP for the period from December 8, 2008, through February 28, 2009 ("Application"), seeking approval of fees that total $90,021.75 and reimbursement of expenses that total $2,386.85. Jenner & Block LLP ("Jenner Block") is special counsel to the debtors for litigation matters.

### Background

1.      Stuart Maue reviewed the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements and application, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.      Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing

more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

3.    This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, are displayed on the exhibit. Those tasks included in a specific category are underlined on the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

4.    Stuart Maue prepared and submitted a preliminary report to Jenner Block and the firm responded to that report in writing. Upon completion of the review of the firm's responses to the preliminary report, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

### Recomputation of Fees and Expenses

5.    Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by the individual's hourly rates. The recomputation of fees revealed that the fees requested were $6,924.75 less than the fees computed. In the Application, the firm stated:

> Additionally, as set forth in Jenner's application to be retained in these cases, Equity Group Investments, LLC ("EGI") is responsible for paying one-fourteenth (1/14) of the legal fees due to Jenner on account of its representation of the Debtors. EGI is not responsible for reimbursing Jenner on account of any expenses incurred by Jenner. Thus, in this Application, Jenner reduces the amount of compensation for services rendered it is seeking by the amount of the payments it has already received from EGI.

Because the reduction was taken from the total amount billed by the firm, the recomputation of the hours and fees totals $96,946.50. This report is based on the fees computed by Stuart Maue. The recomputation of expenses revealed no difference between the amounts requested and the amounts computed.

## Review of Fees

6.    **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the names, positions, and hourly rates of the Jenner Block professionals and paraprofessionals who bill to this matter. This matter is staffed with 14 professionals and paraprofessionals, including five partners, five associates, and four paralegals. A summary of hours and fees billed by each timekeeper is displayed on Exhibit A.

The firm bills a total of 182.70 hours with associated fees of $96,946.50.[1] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 63.40 | 35% | $50,857.50 | 52% |
| Associate | 89.50 | 49% | 39,441.00 | 41% |
| Paralegal | 29.80 | 16% | 6,648.00 | 7% |
| TOTAL | 182.70 | 100% | $96,946.50 | 100% |

The blended hourly rate for the Jenner Block professionals is $590.57 and the blended hourly rate for professionals and paraprofessionals is $530.63.

In the Jenner Block application for retention, the firm stated that "Jenner's billing rates currently range from $525.00 to $1,000.00 per hour for partners, $325.00 to $535.00 per hour for

---

[1] This amount is based on the fees computed by Stuart Maue.

associates, $160.00 to $260.00 per hour for paraprofessionals and $150.00 to $160.00 for project assistants." In the Application, paralegal Shawn McGee billed $270.00 per hour, which exceeded the amount disclosed in the application for retention for paraprofessionals. In the preliminary report, Stuart Maue requested that Jenner Block provide an explanation for the increased rate of Mr. McGee. In its response, the firm stated that, "On January 1, 2009, Jenner implemented a periodic rate increase, which caused Mr. McGee's hourly rate to increase from $260.00 to $270.00." Stuart Maue accepts the explanation of the firm and makes no recommendation for any reductions related to the fees of Mr. McGee.

7.      **Hourly Rate Increases.** Jenner Block increased the hourly rates of seven timekeepers during the first interim period. The rate increases appear to have become effective on January 1, 2009, and ranged from $10.00 to $75.00 per hour. The Application does not reference the rate increases; however, the firm's application for retention stated, "These hourly rates are subject to adjustment on a periodic basis." For each timekeeper whose hourly rate increased during the period, the table below displays the original billing rate, the increased rate, the fees if billed at the original rate, and the fees attributable to the rate increases. The fees attributable to the rate increases total $4,187.50.

| Name | Position | Original Rate | Increased Rate | Hours | Fees Computed | Fees at Original Rate | Fees Attributed to Increase |
|---|---|---|---|---|---|---|---|
| Bradford, David J | Partner | $800.00 | $875.00 | 36.30 | $31,155.00 | $29,040.00 | $2,115.00 |
| Sondgeroth, Douglas A. | Associate | $470.00 | $525.00 | 31.70 | $15,850.50 | $14,899.00 | 951.50 |
| Hixson, David H. | Associate | $350.00 | $400.00 | 34.60 | $12,750.00 | $12,110.00 | 640.00 |
| Martin, Craig C. | Partner | $775.00 | $850.00 | 4.00 | $3,362.50 | $3,100.00 | 262.50 |
| Morgan, David K. | Paralegal | $220.00 | $230.00 | 20.90 | $4,704.00 | $4,598.00 | 106.00 |
| Levenstam, Barry | Partner | $675.00 | $700.00 | 7.10 | $4,865.00 | $4,792.50 | 72.50 |
| Ramos, Panagiota | Paralegal | $160.00 | $170.00 | 4.50 | $760.00 | $720.00 | 40.00 |
| | | | | | | **TOTAL** | **$4,187.50** |

Jenner Block responded that, "As noted in Jenner's application for retention, the firm's hourly rates are subject to adjustment on a periodic basis. Typically, Jenner's hourly rates are adjusted as of the first of the year. In this case, the rate increases were implemented on January 1, 2009, and the increased rates reflected in the Application are Jenner's standard rates for all clients in 2009."

8. <u>**Transient Timekeepers.**</u>    The activities of those timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear. Seven Jenner Block professionals and paraprofessionals bill fewer than 10.00 hours during this interim period. Stuart Maue recognizes that some professionals or paraprofessionals have specialized knowledge or expertise and may be called upon to provide services to the case on a limited basis; however, it appears that some of these timekeepers had minimal involvement in the case and billed for activities that may have been performed by other timekeepers or timekeepers billing at a lower rate. Stuart Maue requested that Jenner Block provide additional information regarding the role of the four timekeepers identified as transient billers. The billing entries of those timekeepers total 8.70 hours and $4,669.50 in associated fees.

In its response, the firm stated that "Jenner agrees to write off the time entry for Spiridoula Mavrothalasitis." In addition, the firm provided a detailed explanation regarding the roles of the other three timekeepers identified as transient billers. Stuart Maue accepts the explanation of the firm and recommends that the fee request be reduced by $123.00 for the following entry billed by Spiridoula Mavrothalasitis.

| Invoice # | Date | Name | Hours | Fees | Description |
|---|---|---|---|---|---|
| 200802-ESI | 12/18/08 | Mavrothalasitis, Spiridoula | 0.30 | $123.00 | {L240} {A105} READ MOTION FILED BY DEFENDANTS. |

9. <u>**Complete and Detailed Task Descriptions.**</u>    Local Rule 2016-2(d) states "…activity descriptions … shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference."

Stuart Maue identified only eight tasks that did not include sufficient detail. Some entries described a conference that did not identify the participants or the subject or purpose of the meeting and in other entries, the timekeeper used the phrase "work on" to describe the activity being performed. Activity descriptions that use the phrases "attention to," "follow up," or "work on" generally do not provide sufficient detail to determine the actual task that is being performed (e.g., conference, review, research, etc.). The entries identified as vaguely described activities, totaled 7.50 hours with $3,465.00 in associated fees. Stuart Maue requested that Jenner Block provide sufficient detail for each entry in future applications.

In its response the firm stated that "Jenner will make every effort to ensure that all time entries are sufficiently detailed in the future."

10.    **Block Billing.** The Guidelines in Section II.D.5 state "... Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry; ...." Jenner Block did not block bill its entries. Each task in the Application was a single activity with a separate time allotment assigned.

11.    **Hearings, Conferences, and Other Events.**    Local Rule 2016-2(d)(ix) provides "...The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." Section II.D.5 of the Guidelines states "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994). Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees. Stuart Maue identified all conferences, hearings, and other events and classified them either as a nonfirm conference, hearing, and other event, or as an intraoffice conference. Nonfirm conferences are identified as a conference attended by at least one

person from outside the firm. Intraoffice conferences are identified as conferences attended exclusively by firm personnel.

      **a.**    **Nonfirm Conferences, Hearings, and Events.**  Stuart Maue identified those occasions when two or more Jenner Block timekeepers billed to attend the same nonfirm conference, hearing, or other event. Those entries, totaled 2.90 hours with $1,622.50 in associated fees. Stuart Maue requested that Jenner Block provide a brief explanation of the necessity of the multiple billers and in its response, Jenner Block explained the necessity of the multiple billers.

      Stuart Maue accepts the explanation of the firm and makes no recommendation for a reduction in the fees related to multiple billers at nonfirm conferences, hearings, and other events.

      **b.**    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Jenner Block for intraoffice conferences total 19.90 hours with $12,775.00 in associated fees, which represents approximately 13% of the total fees requested in the Application.

      In some instances, two or more firm professionals and/or paraprofessionals billed to attend the same internal conference. The intraoffice conferences attended by more than one timekeeper total 11.40 hours with $7,845.50 in associated fees. Stuart Maue requested that Jenner Block provide a brief explanation for the necessity of more than one participant billing for the same intraoffice conference.

      The firm responded that each of the individuals whose time entries were included in the exhibit had a different role in the *Neil* litigation and that these meetings were necessary to relay advice from one attorney to another. The firm also provided a detailed explanation of each timekeeper's roles and areas of expertise. Stuart Maue reviewed the response and makes no recommendation for a reduction in fees related to the intraoffice conferences.

      **12.**    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the

firm. Likewise, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit time entries and invoices. "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In Re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991). As a general rule, time expended by a firm in performing conflicts checks required as a condition of the firm's retention is not compensable and would also be considered an administrative activity. *See In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr. D. Mass. 2002).

Stuart Maue identified three tasks in the Application that related to conflicts checks, totaling 4.50 hours with $1,575.00 in associated fees. These entries are set forth below:

| Invoice # | Date | Name | Hours | Fees | Description |
|---|---|---|---|---|---|
| 200802-RI | 12/19/2008 | Hixson, David H. | 2.50 | $875.00 | {L190} {A104} REVIEWED CONFLICTS REPORTS RE APPLICATION TO BE RETAINED IN TRIBUNE BANKRUPTCY CASES. |
| 200802-RI | 12/20/2008 | Hixson, David H. | 1.00 | $350.00 | AND REVIEWED CONFLICTS REPORTS. |
| 200802-RI | 12/22/2008 | Hixson, David H. | 1.00 | $350.00 | {L190} {A104} REVIEWED CONFLICTS REPORTS RE APPLICATION TO BE RETAINED IN TRIBUNE BANKRUPTCY CASES. |

In its response, Jenner and Block stated:

> Jenner submits that time expended on performing conflicts checks is compensable under the Bankruptcy Code. *See In re Bennett Funding Group, Inc.,* 213 B.R. 234, 249-50 (Bankr. N.D.N.Y. 1997) ("The Court deems that payment may be made for a reasonable amount of time and expense incurred by an approved professional for performing a conflicts check.") In particular, the size and complexity of the Debtors case caused Jenner to incur more costs in reviewing potential conflicts than it would have in a normal case. Moreover, Jenner had represented the Debtors prior to the petition date and previously performed conflicts checks; thus, the conflicts checks performed during the Application period were not the normal cost of Jenner being retained by a client, but rather additional costs imposed by the requirements of the Bankruptcy Code and the U.S. Trustee.

Stuart Maue reviewed the firm's response and recognizes that some Courts have held that, in some circumstances, checking for conflicts may be a compensable activity. However, unless conflicts checks are related to heightened disclosure requirements mandated by the Court, it is Stuart Maue's position that these tasks are administrative activities. Stuart Maue recommends that the Jenner Block fee request be reduced by $1,575.00 for these activities.

13.    **Clerical Activities.**  Clerical activities include tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed."  *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). However, other courts have determined that clerical activities are billable at a clerical rate. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, (3rd Cir. 1994). In this Court there has been a practice by Stuart Maue and other fee auditors of recommending that clerical activities be paid at the rate of $80.00 per hour. It is Stuart Maue's intent to follow that same practice in this case. The entries identified as clerical activities are displayed on Exhibit B and total 26.00 hours with $5,746.00 in associated fees.

In its response, Jenner Block stated:

> Most of the time was incurred by two junior paralegals on the case. The work that they performed was not merely clerical but involved, among other things, organizing the extensive documents generated in the *Neil* Litigation, complying with court filing requirements and other matters that cannot be performed by clerical staff. Jenner further submits that the rates charged for his work are standard rates charged to similar clients for similar work and that $80 per hour is not the market rate for these professionals.

Stuart Maue has reviewed the firm's response and reviewed those tasks identified as clerical activities and finds that those activities are clerical in nature.  Although clerical tasks are necessary to the administration of the case, they are not compensable or should be paid at a lower hourly rate.  Stuart Maue recommends that the rates associated with these entries be reduced to $80.00 per hour for a total allowed fee of $2,080.00; thereby reducing the requested fees by $3,666.00.

14.    **Travel.**  Local Rule 2016-2(d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;..."  The Application did not include any entries that describe travel time.

15.    **Jenner Block Retention/Compensation.**  Stuart Maue reviewed and identified entries related to the retention and compensation of Jenner Block.  The firm bills 19.70 hours with associated fees of $9,631.00 to prepare the firm's retention documents and applications for compensation, which represents approximately 10% of the total fees billed by the firm.  The fee entries identified as Jenner Block Retention/Compensation activities are displayed on Exhibit C.  It is noted that the activities related to the conflicts check discussed in paragraph 10 above are also included in this exhibit.

The firm responded that:

> The amount of time expended by Jenner on retention and compensation issues during the Application period was greater than Jenner expects it to be in the future.  During the Application period, Jenner prepared its retention application, prepared a supplemental retention application, and engaged in numerous conversations with the U.S. Trustee regarding the scope of Jenner's representation of the Debtors.  Now that the retention issues have been resolved, Jenner expects that the percentage of its time devoted to these issues will decrease.

The fees billed by the firm for its retention and compensation, excluding the fees associated with conflicts checks, appear reasonable and Stuart Maue makes no recommendation for a reduction in these fees.

## Review of Expenses

16.    **Complete and Detailed Itemization of Expenses.**    The Guidelines in Section II.E.3. state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred."  Jenner Block provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

17.    **Photocopies.**  Local Rule 2016-2 (e) (iii) states "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page ..." Jenner Block states in the Application that its rate for duplication is $0.08 per page.

18.    **Computer-Assisted Legal Research.**  Local Rule 2016-2 (e) (iii) states "The motion shall state ...computer-assisted legal research charges (which shall not be more than the actual cost)..." The firm bills $1,897.89 for computer-assisted legal research.  The Application states:  "With respect to legal research expenses, charges to Jenner Block by Lexis/Nexis and Westlaw are based on the actual number and scope of searches."

## Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above.  Stuart Maue recommends the approval of fees in the amount of $84,657.75 ($90,021.75 minus $5,364.00) and reimbursement of expenses in the amount of $2,386.85 for the period from December 18, 2008, through February 28, 2009.

Respectfully submitted,

**STUART MAUE**

By: _____

    Linda K. Cooper
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:    (314) 291-3030
    Facsimile:    (314) 291-6546
    l.cooper@smmj.com

    Fee Examiner

## APPENDIX A

### JENNER BLOCK, LLP

#### SUMMARY OF FINDINGS

##### First Quarterly Application (December 8, 2008 through February 28, 2009)

**A.    Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $90,021.75 | |
| Expenses Requested | 2,386.85 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $92,408.60 |
| | | |
| Fees Computed | $96,946.50 | |
| Expenses Computed | 2,386.85 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $99,333.35 |
| | | |
| Discrepancies in Fees: | ($ 6,924.75) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 6,924.75) |

**B.    Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $90,021.75 | |
| *Agreed Reduction for Transient Timekeepers* | *(123.00)* | |
| *Recommended Reduction for Administrative Activities* | *(1,575.00)* | |
| *Recommended Reduction for Clerical Activities* | *(3,666.00)* | |
| Subtotal | *(5,364.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $84,657.75 |
| | | |
| Expenses Requested | $ 2,386.85 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 2,386.85 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $87,044.60 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 29th day of July, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David J. Bradford, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Linda K. Cooper

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jenner & Block LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DJB | Bradford, David J. | PARTNER | $800.00 | $875.00 | 36.30 | $31,155.00 |
| CS | Steege, Catherine | PARTNER | $725.00 | $725.00 | 15.00 | $10,875.00 |
| BL | Levenstam, Barry | PARTNER | $675.00 | $700.00 | 7.10 | $4,865.00 |
| CCM | Martin, Craig C. | PARTNER | $775.00 | $850.00 | 4.00 | $3,362.50 |
| DMG | Greenwald, David M. | PARTNER | $600.00 | $600.00 | 1.00 | $600.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $802.17 | | 63.40 | $50,857.50 |
| | | | | % of Total: | 34.70% | % of Total: 52.46% |
| DAS | Sondgeroth, Douglas A. | ASSOCIATE | $470.00 | $525.00 | 31.70 | $15,850.50 |
| DHH | Hixson, David H. | ASSOCIATE | $350.00 | $400.00 | 34.60 | $12,750.00 |
| MMH | Hinds, Melissa M. | ASSOCIATE | $495.00 | $495.00 | 12.60 | $6,237.00 |
| RRB | Bajowala, Reena R. | ASSOCIATE | $435.00 | $435.00 | 10.30 | $4,480.50 |
| SM | Mavrothalasitis, Spiridoula | ASSOCIATE | $410.00 | $410.00 | 0.30 | $123.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $440.68 | | 89.50 | $39,441.00 |
| | | | | % of Total: | 48.99% | % of Total: 40.68% |
| DKM | Morgan, David K. | PARALEGAL | $220.00 | $230.00 | 20.90 | $4,704.00 |
| SKM | McGee, Shawn K. | PARALEGAL | $270.00 | $270.00 | 4.00 | $1,080.00 |
| PXR | Ramos, Panagiota | PARALEGAL | $160.00 | $170.00 | 4.50 | $760.00 |
| MHM | Matlock, Michael H. | PARALEGAL | $260.00 | $260.00 | 0.40 | $104.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $223.09 | | 29.80 | $6,648.00 |
| | | | | % of Total: | 16.31% | % of Total: 6.86% |
| | Total No. of Billers: 14 | Blended Rate for Report: | $530.63 | | 182.70 | $96,946.50 |

EXHIBIT B

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Morgan, D | 20.90 | 4,704.00 |
| Ramos, P | 4.50 | 760.00 |
| Sondgeroth, D | 0.60 | 282.00 |
| | 26.00 | $5,746.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| ESOP/Stay Issues | 26.00 | 5,746.00 |
| | 26.00 | $5,746.00 |

EXHIBIT B
CLERICAL ACTIVITIES
Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/09/08 Tue | Ramos, P 200802-ESI/5 | 0.50 | 0.50 | 80.00 | | | 1 | *MATTER NAME: ESOP/Stay Issues*<br>{L140} {A110} UPDATED CORRESPONDENCE, EMAIL CORRESPONDENCE AND COURT FILES. |
| 12/10/08 Wed | Morgan, D 200802-ESI/7 | 1.00 | 1.00 | 220.00 | 0.30<br>0.30<br>0.20<br>0.20 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | *MATTER NAME: ESOP/Stay Issues*<br>{L140} {A110} RAN OCR CONVERSION ON PDF'S (.3);<br>UPLOADED PDF'S TO COURT FILE SECTION OF SHAREPOINT SITE (.3);<br>ENTERED DATA INTO SHAREPOINT SITE (.2);<br>UPDATED HARD COPY COURT FILE BINDER (.2). |
| 12/10/08 Wed | Sondgeroth, D 200802-ESI/9 | 0.70 | 0.20 | 94.00 | 0.50<br>0.20 | F<br>F | 1<br>2 | *MATTER NAME: ESOP/Stay Issues*<br>{L210} {A103} EDITED DRAFT NOTICE RE BANKRUPTCY AND PREPARED SAME FOR FILING (.5);<br>COORDINATED FILING OF SAME (.2). |
| 12/11/08 Thu | Morgan, D 200802-ESI/14 | 1.50 | 1.50 | 330.00 | 0.50<br>0.50<br>0.30<br>0.20 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | *MATTER NAME: ESOP/Stay Issues*<br>{L140} {A110} UPLOADED DOCUMENTS TO SHAREPOINT SITE (.5);<br>ENTERED DATA INTO SHAREPOINT SITE (.5);<br>UPDATED CONCORDANCE CASE FILE INDEX AND FILE RE SAME (.3);<br>UPDATED CORRESPONDENCE FILE (.2). |
| 12/15/08 Mon | Sondgeroth, D 200802-ESI/20 | 0.50 | 0.30 | 141.00 | 0.20<br>0.30 | F<br>F | 1<br>2 | *MATTER NAME: ESOP/Stay Issues*<br>{L210} {A101} CONTACTED COURT CLERK RE VACATING SCHEDULE IN LIGHT OF AUTOMATIC STAY (.2);<br>COORDINATED FILING OF MOTION (.3). |
| 12/16/08 Tue | Sondgeroth, D 200802-ESI/28 | 0.10 | 0.10 | 47.00 | | | 1 | *MATTER NAME: ESOP/Stay Issues*<br>{L210} {A111} COORDINATED FILING OF MOTION TO VACATE. |
| 12/17/08 Wed | Morgan, D 200802-ESI/35 | 2.50 | 2.50 | 550.00 | 0.40<br>1.00<br>0.30<br>0.50<br>0.30 | F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5 | *MATTER NAME: ESOP/Stay Issues*<br>{L140} {A110} CONVERTED CORRESPONDENCE TO SEARCHABLE PDF (.4);<br>UPLOADED DOCUMENTS INTO SHAREPOINT SITE (1.0);<br>ENTERED DATA INTO SHAREPOINT SITE (.3);<br>UPDATED COURT FILE BINDERS (.5);<br>UPDATED CORRESPONDENCE AND CASE FILES (.3). |
| 12/18/08 Thu | Morgan, D 200802-ESI/46 | 1.50 | 1.50 | 330.00 | 0.40<br>0.40<br>0.20<br>0.50 | F<br>F<br>F<br>F | 1<br>2<br>3<br>4 | *MATTER NAME: ESOP/Stay Issues*<br>{L140} {A110} DOWNLOADED DOCUMENTS FROM PACER (.4);<br>UPLOADED DOCUMENTS TO SHAREPOINT SITE (.4);<br>ENTERED DATA FOR DOCUMENTS INTO SHAREPOINT SITE (.2);<br>UPDATED COURT FILE INDEX BINDER (.5). |
| 12/22/08 Mon | Morgan, D 200802-ESI/55 | 2.30 | 2.30 | 506.00 | 0.40<br>0.30<br>0.40<br>0.60<br>0.20<br>0.40 | F<br>F<br>F<br>F<br>F<br>F | 1<br>2<br>3<br>4<br>5<br>6 | *MATTER NAME: ESOP/Stay Issues*<br>{L140} {A110} UPLOADED DOCUMENTS FROM PACER (.4);<br>RAN OCR TEXT RECOGNITION SOFTWARE ON PDF'S (.3);<br>UPLOADED DOCUMENTS TO SHAREPOINT SITE (.4);<br>ENTERED DATA INTO SHAREPOINT SITE (.6);<br>UPDATED CORRESPONDENCE FILE (.2);<br>UPDATED COURT FILE INDEX AND BINDER (.4). |

~  See the last page of exhibit for explanation

EXHIBIT B

CLERICAL ACTIVITIES

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/31/08 Wed | Morgan, D 200802-ESI/62 | 1.50 | 1.50 | 330.00 | 0.20 0.20 0.15 0.15 0.30 0.10 0.30 0.10 | F F A A F F F F | 1 2 3 4 5 6 7 8 | MATTER NAME: ESOP/Stay Issues (L140) (A110) DOWNLOADED DOCUMENTS FROM PACER (.2); UPLOADED DOCUMENTS TO SHAREPOINT (.2); ENTERED DATA INTO SHAREPOINT; RAN OCR TEXT RECOGNITION ON PDF DOCUMENTS (.3); UPDATED COURT FILE BINDER (.3); UPDATED CONCORDANCE CASE FILE INDEX (.1); UPDATED CASE FILE HARD COPY FILES (.3); UPDATED CORRESPONDENCE FILE (.1). |
| 01/06/09 Tue | Morgan, D 200802-ESI/75 | 1.50 | 1.50 | 345.00 | 0.50 0.30 0.20 0.50 | F F F F | 1 2 3 4 | MATTER NAME: ESOP/Stay Issues (L140) (A110) RAN OCR TEXT RECOGNITION ON PDF DOCUMENTS AND UPLOADED SAME INTO SHAREPOINT SITE (.5); ENTERED DATA INTO SHAREPOINT SITE (.3); UPDATED CASE FILES (.2); UPDATED CORRESPONDENCE HARD COPY FILE AND COURT FILE (.5). |
| 01/14/09 Wed | Morgan, D 200802-ESI/99 | 0.50 | 0.50 | 115.00 | 0.40 0.10 | F F | 1 2 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPLOADED DOCUMENTS TO SHAREPOINT SITE AND ENTERED DATA INTO SAME (.4); UPDATED CORRESPONDENCE FILE (.1). |
| 01/18/09 Sun | Morgan, D 200802-ESI/112 | 0.80 | 0.80 | 184.00 | 0.20 0.10 0.20 0.30 | F F F F | 1 2 3 4 | MATTER NAME: ESOP/Stay Issues (L140) (A110) DOWNLOADED RECENT FILINGS FROM PACER (.2); UPLOADED COURT FILE AND CORRESPONDENCE DOCUMENTS TO SHAREPOINT (.1); UPDATED DATA IN SHAREPOINT (.2); UPDATED HARD COPY COURT AND CORRESPONDENCE FILES (.3). |
| 01/22/09 Thu | Morgan, D 200802-ESI/118 | 0.30 | 0.30 | 69.00 | 0.20 0.10 | F F | 1 2 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPLOADED CORRESPONDENCE TO SHAREPOINT SITE AND ENTERED DATA INTO SHAREPOINT SITE (.2); ADDED CORRESPONDENCE TO FILE (.1). |
| 01/23/09 Fri | Morgan, D 200802-ESI/121 | 0.80 | 0.80 | 184.00 | 0.60 0.20 | F F | 1 2 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPLOADED DOCUMENTS TO SHAREPOINT SITE AND ENTERED DOCUMENT DATA INTO SHAREPOINT SITE (.6); ADDED DOCUMENTS TO HARD COPY CORRESPONDENCE FILE (.2). |
| 01/27/09 Tue | Morgan, D 200802-ESI/127 | 1.00 | 1.00 | 230.00 | 0.80 0.10 0.10 | F F F | 1 2 3 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPLOADED DOCUMENTS TO SHAREPOINT SITE AND ENTERED DATA FOR DOCUMENTS UPLOADED TO SHAREPOINT SITE (.8); UPDATED CORRESPONDENCE HARD COPY FILE (.1); RAN OCR TEXT RECOGNITION ON PDF DOCUMENTS (.1). |
| 01/28/09 Wed | Morgan, D 200802-ESI/130 | 0.30 | 0.30 | 69.00 | | | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) SCANNED CORRESPONDENCE. |
| 01/29/09 Thu | Morgan, D 200802-ESI/132 | 0.30 | 0.30 | 69.00 | 0.20 0.10 | F F | 1 2 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPLOADED DOCUMENTS TO SHAREPOINT SITE AND ENTERED DATA FOR SAME (.2); ADDED DOCUMENTS TO CASE FILES (.1). |

~ See the last page of exhibit for explanation

EXHIBIT B
CLERICAL ACTIVITIES
Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 02/03/09 Tue | Morgan, D 200802-ESI/135 | 0.80 | 0.80 | 184.00 | 0.50 | F | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) SAVED ELECTRONIC COPIES OF COURT FILES AND CORRESPONDENCE TO L-DRIVE FOLDERS AND UPLOADED SAME TO SHAREPOINT SITE (.5); |
| | | | | | 0.20 | F | 2 | ENTERED DATA INTO SHAREPOINT SITE (.2); |
| | | | | | 0.10 | F | 3 | ADDED DOCUMENTS TO CASE FILES (.1). |
| 02/10/09 Tue | Morgan, D 200802-ESI/139 | 1.20 | 1.20 | 276.00 | 0.40 | F | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) REVIEWED SHAREPOINT, FILES AND RECORD FOR KEY CORRESPONDENCE (.4); |
| | | | | | 0.30 | F | 2 | REVIEWED HARD COPY CORRESPONDENCE RECEIVED FROM ATTORNEYS AGAINST DOCUMENTS ALREADY UPLOADED TO SHAREPOINT SITE (.3); |
| | | | | | 0.10 | F | 3 | SCANNED AND RAN OCR TEXT RECOGNITION ON COURT FILE DOCUMENT (.1); |
| | | | | | 0.20 | F | 4 | UPLOADED DOCUMENTS TO SHAREPOINT SITE (.2); |
| | | | | | 0.20 | F | 5 | ENTERED DATA INTO SHAREPOINT SITE (.2). |
| 02/17/09 Tue | Morgan, D 200802-ESI/146 | 0.50 | 0.50 | 115.00 | 0.20 | F | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) RAN OCR TEXT RECOGNITION ON PDF DOCUMENTS AND UPLOADED SAME TO SHAREPOINT SITE (.2); |
| | | | | | 0.20 | F | 2 | ENTERED DATA INTO SHAREPOINT SITE (.2); |
| | | | | | 0.10 | F | 3 | UPDATED CORRESPONDENCE FILES (.1). |
| 02/18/09 Wed | Morgan, D 200802-ESI/152 | 0.30 | 0.30 | 69.00 | 0.20 | F | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPLOADED DOCUMENTS TO SHAREPOINT SITE AND ENTERED DATA INTO SAME (.2); |
| | | | | | 0.10 | F | 2 | UPDATED COURT FILE BINDER (.1). |
| 02/23/09 Mon | Ramos, P 200802-ESI/158 | 1.00 | 1.00 | 170.00 | | | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) GATHERED, ORGANIZED AND ASSEMBLED TRIBUNE INSURANCE POLICIES PER S. MCGEE REQUEST. |
| 02/24/09 Tue | Morgan, D 200802-ESI/163 | 0.30 | 0.30 | 69.00 | | | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) REVIEWED AND ORGANIZED CORRESPONDENCE AND ADDED TO CASE FILE. |
| 02/26/09 Thu | Morgan, D 200802-ESI/174 | 0.50 | 0.50 | 115.00 | | | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPLOADED DOCUMENTS TO SHAREPOINT SITE; |
| | | | | | | | 2 | ENTERED DATA INTO SHAREPOINT SITE; |
| | | | | | | | 3 | SCANNED CORRESPONDENCE. |
| 02/26/09 Thu | Ramos, P 200802-ESI/173 | 3.00 | 3.00 | 510.00 | 2.50 | F | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) TABBED AND INDEXED TRIBUNE FIDUCIARY AND D&O INSURANCE POLICIES (2.5); |
| | | | | | 0.50 | F | 2 | UPDATED TRIBUNE FIDUCIARY AND D&O INSURANCE POLICIES CONTROL SHEET WITH DATA OBTAINED FROM INSURANCE POLICIES PER S. MCGEE REQUEST (.5). |
| 02/27/09 Fri | Morgan, D 200802-ESI/178 | 1.50 | 1.50 | 345.00 | 0.40 | F | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPDATED CORRESPONDENCE AND CASE FILES (.4); |
| | | | | | 0.30 | F | 2 | CONVERTED EMAIL COMMUNICATIONS TO SEARCHABLE PDF AND UPLOADED TO SHAREPOINT SITE (.3); |
| | | | | | 0.30 | F | 3 | ENTERED DATA INTO SHAREPOINT SITE (.3); |
| | | | | | 0.20 | F | 4 | UPLOADED COURT FILE DOCUMENTS TO SHAREPOINT SITE (.2); |
| | | | | | 0.30 | F | 5 | UPDATED COURT FILE INDEX BINDERS (.3). |

~  See the last page of exhibit for explanation

EXHIBIT B

CLERICAL ACTIVITIES

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|------------------|-------------|-------|------|------------|---|-------------|
| | | | 26.00 | $5,746.00 | | | |
| Total | | | | | | | |
| Number of Entries: | 27 | | | | | | |

EXHIBIT B

CLERICAL ACTIVITIES

Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Morgan, D | 20.90 | 4,704.00 |
| Ramos, P | 4.50 | 760.00 |
| Sondgeroth, D | 0.60 | 282.00 |
| | 26.00 | $5,746.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| ESOP/Stay Issues | 26.00 | 5,746.00 |
| | 26.00 | $5,746.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

A       Task Hours Allocated By Fee Auditor

F       FINAL BILL

EXHIBIT C

JENNER BLOCK RETENTION/COMPENSATION

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hixson, D | 10.50 | 3,675.00 |
| Sondgeroth, D | 2.80 | 1,316.00 |
| Steege, C | 6.40 | 4,640.00 |
| | 19.70 | $9,631.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| ESOP/Stay Issues | 2.80 | 1,316.00 |
| Fee/Retention Applications | 16.90 | 8,315.00 |
| | 19.70 | $9,631.00 |

EXHIBIT C  PAGE 1 of 4

EXHIBIT C

JENNER BLOCK RETENTION/COMPENSATION

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 12/18/08 Thu | Hixson, D 200802-RI/190 | 4.50 | 4.50 | 1,575.00 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A103) WORKED ON AFFIDAVIT FOR APPLICATION TO BE RETAINED IN TRIBUNE BANKRUPTCY CASES, INCLUDING EMAIL CORRESPONDENCE WITH D. BERMAN AND C. MARTIN RE CONFLICTS CHECK. |
| 12/19/08 Fri | Hixson, D 200802-RI/191 | 2.50 | 2.50 | 875.00 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A104) REVIEWED CONFLICTS REPORTS RE APPLICATION TO BE RETAINED IN TRIBUNE BANKRUPTCY CASES. |
| 12/20/08 Sat | Hixson, D 200802-RI/192 | 2.00 | 2.00 | 700.00 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A103) WORKED ON AFFIDAVIT FOR APPLICATION TO BE RETAINED IN TRIBUNE BANKRUPTCY CASES<br>2 AND REVIEWED CONFLICTS REPORTS. |
| 12/22/08 Mon | Hixson, D 200802-RI/193 | 1.00 | 1.00 | 350.00 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A104) REVIEWED CONFLICTS REPORTS RE APPLICATION TO BE RETAINED IN TRIBUNE BANKRUPTCY CASES. |
| 12/23/08 Tue | Hixson, D 200802-RI/195 | 0.50 | 0.50 | 175.00 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A105) EMAIL CORRESPONDENCE WITH C. STEEGE RE APPLICATION TO BE RETAINED IN TRIBUNE BANKRUPTCY CASE. |
| 12/23/08 Tue | Steege, C 200802-RI/194 | 4.00 | 4.00 | 2,900.00 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A103) PREPARED AFFIDAVIT FOR RETENTION MOTION. |
| 12/24/08 Wed | Steege, C 200802-RI/196 | 1.00 | 1.00 | 725.00 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A103) VARIOUS EMAILS AND CHANGES TO RETENTION DOCUMENTS. |
| 12/30/08 Tue | Sondgeroth, D 200802-ESI/57 | 2.80 | 2.80 | 1,316.00 | *MATTER NAME: ESOP/Stay Issues*<br>1 (L210) (A104) REVIEWED AND ANALYZED AMENDED COMPLAINT IN NEIL CASE. |
| 02/05/09 Thu | Steege, C 200802-RI/197 | 0.50 | 0.50 | 362.50 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A108) TELEPHONE CONFERENCE WITH U.S. TRUSTEE RE JENNER REPRESENTATION. |
| 02/12/09 Thu | Steege, C 200802-RI/198 | 0.30 | 0.30 | 217.50 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A108) TELEPHONE CONFERENCE WITH U.S. TRUSTEE RE RETENTION. |
| 02/13/09 Fri | Steege, C 200802-RI/199 | 0.30 | 0.30 | 217.50 | *MATTER NAME: Fee/Retention Applications*<br>1 (L190) (A108) TELEPHONE CONFERENCE WITH B. KRAKAUER RE RETENTION ISSUES. |
| 02/19/09 Thu | Steege, C 200802-RI/200 | 0.30 | 0.30 | 217.50 | *MATTER NAME: Fee/Retention Applications*<br>1 (L210) (A103) REVISED ORDER RE RETENTION. |

EXHIBIT C  PAGE 2 of 4

EXHIBIT C
JENNER BLOCK RETENTION/COMPENSATION
Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
|      |                 |             | 19.70 | $9,631.00 | |
| Total | | | | | |
| Number of Entries: | 12 | | | | |

EXHIBIT C  PAGE 3 of 4

EXHIBIT C

JENNER BLOCK RETENTION/COMPENSATION

Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hixson, D | 10.50 | 3,675.00 |
| Sondgeroth, D | 2.80 | 1,316.00 |
| Steege, C | 6.40 | 4,640.00 |
| | 19.70 | $9,631.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| ESOP/Stay Issues | 2.80 | 1,316.00 |
| Fee/Retention Applications | 16.90 | 8,315.00 |
| | 19.70 | $9,631.00 |

EXHIBIT C  PAGE 4 of 4