# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 10, 1116, 1232 and 1319** |

## ORDER APPROVING PERMANENT WAIVER FOR DEBTORS TO COMPLY WITH THE REQUIREMENTS OF 11 U.S.C. § 345(b)

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order granting Debtors' interim waiver without prejudice to seek a permanent waiver for the Debtors to comply with the requirements of Bankruptcy Code section 345(b); and the Court having determined that granting the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network, Inc.) (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall be given the meaning ascribed to such terms in the Motion.

---

requested in the Motion is in the best interest of the Debtors, their estates and creditors; and it appearing that due and adequate notice of the Motion has been given, and no objections having been filed, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that, subject to the provisions of this order, the Debtors are authorized to maintain, open and close investment accounts in their sole discretion and to invest their cash and cash equivalent assets in accordance with the Debtors' investment guidelines (the "Investment Guidelines") attached as Exhibit A, and, to the extent such accounts and investments are not consistent with the requirements of Bankruptcy Code section 345(b) or of the U.S. Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived and any such investment accounts are deemed to be in compliance with Bankruptcy Code section 345(b) and the U.S. Trustee Operating Guidelines for Chapter 11 Cases; and it is further

ORDERED that, subject to the provisions of this order, the Debtors' Fidelity Treasury Portfolio and Barclays Treasury money market funds and other substantially similar treasury-based money market funds are deemed compliant with Bankruptcy Code section 345(b) for "cause" pursuant to Local Rule 4001-3; and it is further

ORDERED, that all provisions of cash collateral authorized by the final cash management order entered on April 30, 2009 (Docket No. 1116) are specifically and permanently exempt from compliance with Bankruptcy Code section 345(b); and it is further

ORDERED, that, subject to the provisions of this order, the Debtors are relieved from enforcing the obligations under Bankruptcy Code section 345(b) and the U.S. Trustee

Operating Guidelines for Chapter 11 Cases with any entity with which cash is deposited or invested in accordance with the Debtors' Investment Guidelines; and it is further

ORDERED, that the Debtors shall provide monthly investment mix and performance reports to the U.S. Trustee on their treasury-based money market fund investments and notify the U.S. Trustee if the Debtors are notified by such funds of a change in their investment policies with the U. S. Trustee's right to, *inter alia*, seek relief from this Court (including the closing of accounts and the transfer of funds) being fully reserved; and it is further

ORDERED, that the Debtors shall not exceed $20.0 million in invested cash balances in the JPMorgan Prime money market fund accounts or any similar fund not wholly compliant with Local Rule 4001-3; and it is further

ORDERED, that, upon the U.S. Trustee's request, the Debtors will coordinate a discussion with the money managers for each of their funds on any issues or concerns relating to investment or other fund policies; and it is further

ORDERED, that, in the event of a substantial increase in the Debtors' cash assets from future transactions, the Debtors agree to confer with the Office of the U.S. Trustee and their major creditor constituencies respecting investment strategy and guidelines for such cash and the rights of the U.S. Trustee and the creditor constituencies to seek relief related to such cash are fully reserved; and it is further

ORDERED, that the Investment Guidelines may be amended upon motion by the Debtors to this Court; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED, that this Order shall take effect immediately upon entry.

Dated: Wilmington, Delaware
July 30, 2009

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE