```
                   UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE


IN RE:                              )  Case No. 08-13141(KJC)
                                    )  (JOINTLY ADMINISTERED)
TRIBUNE COMPANY, et al.,            )  Chapter 11
                                    )
                                    )  Courtroom 5
                                    )  824 Market Street
                         Debtors.   )  Wilmington, Delaware 19801
                                    )
                                    )  July 21, 2009
                                    )  11:34 A.M.
```

TRANSCRIPT OF TELEPHONIC HEARING IN THE MATTER OF THE EMERGENCY
 MOTION FOR PROTECTIVE ORDER QUASHING VIDEOTAPING OF DEPOSITION
                       OF WARREN BEATTY
              BEFORE HONORABLE KEVIN J. CAREY
            UNITED STATES CHIEF BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For the Debtors:         Cole Schotz Meisel, Forman
                         & Leonard, P.A.
                         By:  J. KATE STICKLES, ESQ.
                         1000 N. West Street, Suite 1200
                         Wilmington, Delaware 19801

                         Sidley Austin LLP
                         By:  MICHAEL DOSS, ESQ.
                         One South Dearborn
                         Chicago, Illinois 60603



ECRO:                    AL LUGANO

TRANSCRIPTION SERVICE:   TRANSCRIPTS PLUS, INC.
                         435 Riverview Circle
                         New Hope, Pennsylvania 18938
                         Telephone:  215-862-1115
                         Facsimile:  215-862-6639
                         e-mail CourtTranscripts@aol.com

 Proceedings recorded by electronic sound recording, transcript
                produced by transcription service.

```
TELEPHONIC APPEARANCES:
(Continued)

For Warren Beatty:        Skadden Arps Slate Meagher & Flom
                          By:  IAN FREDERICKS, ESQ.
                               GREGG GALARDI, ESQ.
                          One Rodney Square, P.O. Box 636
                          Wilmington, Delaware 19899-0636


For Kramer Levin          Kramer Levin Naftalis & Frankel
Naftalis & Frankel:       By:  JENNIFER SHARRET, ESQ.
                          1177 Avenue of the Americas
                          New York, New York 10036

For Unsecured Creditors'  Chadbourne & Park, LLP
Committee:                By:  DOUGLAS DEUTSCHE, ESQ.
                          30 Rockefeller Plaza
                          New York, New York 10112
```

1        THE COURT:  Good afternoon, all.  This is Judge
2 Carey.  We're on the record in the Tribune Company, Chapter 11
3 case.  And specifically on the motion for a protective order
4 quashing the videotaping of Mr. Beatty's deposition.
5        Has this matter been resolved?
6        MR. GALARDI:  It has not, Your Honor.  It's Gregg
7 Galardi for the record.
8        THE COURT:  All right.  Let me hear from the movant
9 then.
10        MR. GALARDI:  Your Honor, again, speaking for Mr.
11 Beatty, it's Gregg Galardi.
12        Your Honor, as Your Honor well knows, Mr. Beatty is a
13 public figure, and everything is currently being picked up in
14 the press -- the entertainment press.
15        We do not dispute that the Federal Rules obviously
16 permit a video deposition.  Notwithstanding that, we would ask
17 Your Honor to permit the deposition to go forward, but that it
18 need not be videotaped.
19        First, Your Honor, given his public persona, we think
20 that there is a significant risk that it shows up both in the
21 press and in Youtube and in excerpts or otherwise.
22        Your Honor, and though you can always have a
23 protective order, and counsel for the Tribune has offered such
24 a protective order, we believe that is imperfect, at best.
25 Because, for example, Your Honor, we have cited the Howard

1  Stern case where the judge there mentions that that,
2  notwithstanding parties even agreeing to protective order,
3  excerpts had leaked out to the press; it is the best
4  intentions.  But the only perfect way to secure that the
5  deposition does not go out on video is to have a protective
6  order.
7           I can only speak from my recent experience this
8  weekend with respect to CIT, Your Honor, notwithstanding
9  everybody having MBAs and the securities laws, it seemed as
10 though the Wall Street Journal picked up information almost
11 instantaneously.  So, we have those concerns.
12          To be balanced against those concerns, Your Honor, we
13 think the Tribune's need for this videotaping as opposed to a
14 transcript is minimal.  First of all Your Honor recalls that
15 the deposition relates only to the lift stay, which is a
16 summary proceeding, not to other proceedings.
17          Your Honor is resolving this matter without a jury.
18 I don't believe that the credibility and veracity as to whether
19 there are license, and other documents, and the locations of
20 witnesses or otherwise is really at issue.  And if it is at
21 issue at all with respect to Mr. Beatty's credibility and
22 veracity, I think the transcript is adequate for that purpose.
23          The deposition is limited in scope to the
24 declaration.  And there is no need to preserve this testimony
25 for future proceedings because this is an automatic stay

1 proceeding.  We know, having had a history back and forth with
2 the Tribune, that if this proceeding goes forward in either
3 California or Delaware, there will be a separate deposition of
4 Mr. Beatty.  We can only anticipate it.  He will be available
5 for that, and we can address that at that time.
6          But simply the merits here on the automatic stay
7 really go to four factors.  And even the merits of the
8 underlying litigation, as Your Honor has recently said in one
9 of your opinions, is a relatively low standard.
10         So, balancing the need for a video deposition versus
11 our need to protect Mr. Beatty as a public person and not to
12 have this show up on Youtube, we have asked for Your Honor to
13 simply quash one aspect, namely the videotaping of that
14 deposition.
15         Thank you.
16         THE COURT:  All right.  Thank you.  Let me hear from
17 the debtor.
18         MR. DOSS:  Your Honor, Mike Doss on behalf of Tribune
19 Media Services.  And as you know, we filed an objection to the
20 motion to quash.  Our position is that videotaping of Mr.
21 Beatty's deposition, like videotaping in other litigation, is
22 commonplace.  And there's no need to show cause or special
23 cause to justify the taking of a videotape deposition under the
24 Federal Rules, which are widely perceived within the Federal
25 Courts as the most effective means of recording and preserving

1  the testimony of a deponent.

2         With regard to the prejudice to TMS, to Tribune Media
3  Services, in granting the motion if the motion were to be
4  granted, I note that Mr. Beatty's deposition, although the
5  subject matter of this deposition is limited pursuant to the
6  Court's order to all matters raised in the declaration that he
7  submitted earlier, the -- that declaration touches on the Dick
8  Tracy Program that's at the very hearts of the dispute between
9  Tribune Media Services and Mr. Beatty, and the deposition will
10 necessarily touch on issues that will generally be relevant to
11 the merits of the underlying dispute.

12        And our interest is in preserving his testimony so
13 that it can be used not simply for the hearing on the lift stay
14 motion, but also more generally be available for any and all
15 future hearings and uses in this case.

16        And that is the principal concern is that we be
17 allowed to have a video that is the most effective way for us
18 to present his testimony, should it be necessary at any future
19 hearing before a fact finder in this case.

20        We note that there was no intention whatsoever to
21 harass Mr. Beatty through the noticing of this as a videotaped
22 deposition.  We noticed his business manager, Mr. Bacon, also
23 for a videotaped deposition, and there's been no objection
24 raised to that deposition proceeding by videotape.

25        In terms of the potential for misuse of the videotape

 1  itself, we, as Mr. Galardi represented, would offer and agree
 2  to a reasonable protective order that would preclude the
 3  inappropriate misuse of the videotape by -- outside the
 4  judicial context and outside of judicial proceedings.
 5  Recognizing that this is an open proceeding, an open forum.
 6        But nonetheless, we would agree to restrictions on
 7  the dissemination of the videotape.  For example, any
 8  publishing of the videotape outside the judicial proceedings
 9  themselves.  And we believe that with such an order entered,
10  the -- Mr. Beatty's privacy concerns can be met.  There have
11  been no instances in this case to date of any misuse of any
12  discovery materials that have been obtained through the
13  judicial process.  So, we don't believe cause has been show by
14  Mr. Beatty to justify restricting the videotaping of his
15  deposition in the manner described.
16        Thank you, Your Honor.
17        THE COURT:  Mr. Doss, let me ask, is it -- I take it
18  then it's not your intention to present the videotape in
19  connection with the lift stay motion.
20        MR. DOSS:  The -- it is possible that snippets or
21  clips would be used.  But I would current anticipate that we
22  would not need to use snippets or clips for the hearing --
23  upcoming hearing.  But I can't -- we have not had the
24  deposition yet, so predicting that is difficult.  But that is
25  not the main concern that we have.  Our main concern is the

1 ability to use it at future proceedings as a record of his
2 testimony on the matters that would be touched on.
3     MR. GALARDI:  Your Honor, may I respond?
4     THE COURT:  Briefly.
5     MR. GALARDI:  Your Honor, I think Mr. Doss has
6 actually said what our concerns are:
7     First, his real interest in videotaping is to go to
8 the merits, which it only touches on, I think was his words, of
9 the underlying dispute.  We don't understand why a transcript
10 at this point for that purpose to preserve testimony is not
11 adequate.
12     Second, Mr. Doss also has the view that if he
13 presents, as he says, "snippets or clips" at the hearing ,that
14 that would be public.  That that would not be subject to the
15 protective order, as we've discussed with other documents.
16     And with respect to this particular matter, I've
17 asked Mr. Doss, and I understand his position, and I happen to
18 agree with it, that this is only the first bite of the apple.
19 Should we go to a subsequent deposition and testimony, and go
20 to the merits, whether it be in Your Honor's court, the
21 District Court in Delaware or the California court.  So,
22 frankly, we believe that merely having a written transcript of
23 this particular matter when he doesn't know yet whether he'd
24 use snippets or clips in this Court, that the risk of the
25 videotaped deposition, its use is limited, at best, and not

1  going to be likely used in this proceeding, but really being
2  used for future proceedings whereby the motion to lift stay and
3  the motion to dismiss may ultimately resolve this litigation,
4  at least in Delaware.
5           THE COURT:  All right, Counsel.  I will tell you that
6  the discussion we've just had really doesn't reflect anything
7  differently than that which I gleaned from the written
8  submissions.
9           Putting aside for the moment who carries the burden
10 in demonstrating entitlement to this relief, neither party, I
11 will tell you, gives me a very good reason for -- well, in
12 support of their respective positions.
13          The debtor offers no strong reason why there should
14 be a video deposition.  And, frankly, the movant here doesn't
15 really either.  And I acknowledge the nature of the concern,
16 and can't say that in the universe of things that will happen
17 that there's no possibility, even given a protective order,
18 that something won't get out.
19          But because of the state of the record, I'm forced, I
20 think, to decide the matter based upon who carries the burden,
21 and I don't think the movant here has carried his burden.
22          So, I am going to deny the relief, but condition it
23 upon a protective order.  And I will tell you, as the parties
24 will confer and hopefully agree upon one, lean toward as
25 restrictive a protective order for Mr. Beatty's benefit as I

1  can under the circumstances.  But I think to be objective about
2  applying the rule as it's written and as the cases have
3  interpreted, I just don't think there's a firm enough basis for
4  denying the debtor here the right to take the videotaped
5  deposition.
6           Are there any questions?  Okay.
7           MR. DOSS:  Not from the debtor, Your Honor.  Thank
8  you.
9           THE COURT:  All right.  Then I will expect counsel to
10 confer and submit a form of order embodying this ruling
11 promptly.
12          To the extent that counsel are unable to agree on the
13 terms of an order, I ask that you reach out to me by conference
14 telephone, and I'll resolve any dispute.
15          MR. GALARDI:  Your Honor, so we're clear about Your
16 Honor's ruling, I understand that you -- we will have the
17 videotape deposition.  Is it your intention then, under a
18 protective order, if the debtors determine to use snippets and
19 clips, as they say, at the hearing, that the hearing would then
20 be in camera?  I mean in -- the courtroom would be cleared?
21          THE COURT:  No.  Let's say that will be the subject
22 of a request for relief in the future, should that become
23 necessary.
24          But, frankly, you know, these are public proceedings.
25 They are open to the public.  You know, whether they involve

1  people who are known to others, or people who are not.  So, you
2  know, in order for me to close the courtroom, I need a pretty
3  good reason for that.  But let's only cross that bridge if we
4  need to.
5           Are there any other questions?
6           MR. DOSS:  No, Your Honor.
7           THE COURT:  Okay.  Thank you, all, very much.  That
8  concludes this hearing.  Court will stand in recess.
9           MR. GALARDI:  Thank you.
10       (Whereupon, at 1:47 P.M., the hearing was adjourned.)
11
12                          CERTIFICATE
13
14     I certify that the foregoing is a correct transcript from
15  the electronic sound recording of the proceedings in the
16  above-entitled matter.
17
18
19   /s/ Karen Hartmann     AAERT CET**D0475   Date: July 28, 2009
20  TRANSCRIPTS PLUS, INC.
21
22
23
24
25

/
/S/- 11:19

1
11- 3:2
1:47- 11:10

2
2009- 11:19
28- 11:19

A
ABILITY- 8:1
ACKNOWLEDGE- 9:15
ADDRESS- 5:5
ADEQUATE- 4:22 8:11
ADJOURNED- 11:10
AFTERNOON- 3:1
AGAINST- 4:12
AGREE- 7:1,6 8:18 9:24 10:12
AGREEING- 4:2
ALLOWED- 6:17
ANTICIPATE- 5:4 7:21
APPLE- 8:18
APPLYING- 10:2
ASPECT- 5:13
AUTOMATIC- 4:25 5:6
AVAILABLE- 5:4 6:14

B
BACK- 5:1
BACON- 6:22
BALANCED- 4:12
BALANCING- 5:10
BASED- 9:20
BASIS- 10:3
BEATTY- 3:11,12 5:4,11 6:9,21 7:14
BEATTY'S- 3:4 4:21 5:21 6:4 7:10 9:25
BECOME- 10:22
BENEFIT- 9:25
BETWEEN- 6:8
BITE- 8:18
BOTH- 3:20
BRIDGE- 11:3
BURDEN- 9:9,20,21
BUSINESS- 6:22

C
CALIFORNIA- 5:3 8:21
CAMERA- 10:20
CAN- 3:22 4:7 5:4,5 6:13 7:10 10:1
CAN'T- 7:23 9:16
CAREY- 3:2
CARRIED- 9:21
CARRIES- 9:9,20
CASE- 3:3 4:1

6:15,19 7:11
CASES- 10:2
CAUSE- 5:22,23 7:13
CERTIFICATE- 11:12
CERTIFY- 11:14
CET**D0475- 11:19
CHAPTER- 3:2
CIRCUMSTANCES- 10:1
CIT- 4:8
CITED- 3:25
CLEAR- 10:15
CLEARED- 10:20
CLIPS- 7:21,22 8:13,24 10:19
CLOSE- 11:2
COMMONPLACE- 5:22
COMPANY- 3:2
CONCERN- 6:16 7:25 9:15
CONCERNS- 4:11,12 7:10 8:6
CONCLUDES- 11:8
CONDITION- 9:22
CONFER- 9:24 10:10
CONFERENCE- 10:13
CONNECTION- 7:19
CONTEXT- 7:4
CORRECT- 11:14
COUNSEL- 3:23 9:5 10:9,12
COURT'S- 6:6
COURTROOM- 10:20 11:2
COURTS- 5:25
CREDIBILITY- 4:18,21
CROSS- 11:3
CURRENT- 7:21
CURRENTLY- 3:13

D
DATE- 7:11 11:19
DEBTOR- 5:17 9:13 10:4,7
DEBTORS- 10:18
DECIDE- 9:20
DECLARATION- 4:24 6:6,7
DELAWARE- 5:3 8:21 9:4
DEMONSTRATING- 9:10
DENY- 9:22
DENYING- 10:4
DEPONENT- 6:1
DEPOSITION- 3:4,16,17 4:5,15,23 5:3,10,14,21,23 6:4,5,9,22,23,24 7:15,24 8:19,25 9:14 10:5,17
DESCRIBED- 7:15
DETERMINE- 10:18
DICK- 6:7

DIFFERENTLY- 9:7
DIFFICULT- 7:24
DISCOVERY- 7:12
DISCUSSED- 8:15
DISCUSSION- 9:6
DISMISS- 9:3
DISPUTE- 3:15 6:8,11 8:9 10:14
DISSEMINATION- 7:7
DISTRICT- 8:21
DOCUMENTS- 4:19 8:15
DOESN'T- 8:23 9:6,14
DOSS- 5:18 7:17,20 8:5,12,17 10:7 11:6

E
EARLIER- 6:7
EFFECTIVE- 5:25 6:17
ELECTRONIC- 11:15
EMBODYING- 10:10
ENTERED- 7:9
ENTERTAINMENT- 3:14
ENTITLEMENT- 9:10
EVERYBODY- 4:9
EVERYTHING- 3:13
EXAMPLE- 3:25 7:7
EXCERPTS- 3:21 4:3
EXPECT- 10:9
EXPERIENCE- 4:7
EXTENT- 10:12

F
FACTORS- 5:7
FEDERAL- 3:15 5:24
FIGURE- 3:13
FILED- 5:19
FINDER- 6:19
FIRM- 10:3
FIRST- 3:19 4:14 8:7,18
FORCED- 9:19
FOREGOING- 11:14
FORM- 10:10
FORTH- 5:1
FORUM- 7:5
FORWARD- 3:17 5:2
FOUR- 5:7
FRANKLY- 8:22 9:14 10:24
FUTURE- 4:25 6:15,18 8:1 9:2 10:22

G
GALARDI- 3:6,7,10,11 7:1 8:3,5 10:15 11:9
GENERALLY- 6:10,14
GET- 9:18
GIVEN- 3:19 9:17

GIVES- 9:11
GLEANED- 9:7
GO- 3:17 4:5 5:7 8:7,19
GOING- 9:1,22
GOOD- 3:1 9:11 11:3
GRANTED- 6:4
GRANTING- 6:3
GREGG- 3:6,11

H
HAPPEN- 8:17 9:16
HARASS- 6:21
HE'D- 8:23
HEAR- 3:8 5:16
HEARING- 6:13,19 7:22,23 8:13 10:19 11:8,10
HEARINGS- 6:15
HEARTS- 6:8
HISTORY- 5:1
HONOR'S- 8:20 10:16
HOPEFULLY- 9:24
HOWARD- 3:25

I
IMPERFECT- 3:24
INAPPROPRIATE- 7:3
INC- 11:20
INFORMATION- 4:10
INSTANCES- 7:11
INSTANTANEOUSLY- 4:11
INTENTION- 6:20 7:18 10:17
INTENTIONS- 4:4
INTEREST- 6:12 8:7
INTERPRETED- 10:3
INVOLVE- 10:25
ISSUE- 4:20,21
ISSUES- 6:10
IT'S- 3:6,11 7:18 10:2

J
JOURNAL- 4:10
JUDGE- 3:1 4:1
JUDICIAL- 7:4,8,13
JULY- 11:19
JURY- 4:17
JUSTIFY- 5:23 7:14

K
KNOWN- 11:1
KNOWS- 3:12

L
LEAKED- 4:3
LEAN- 9:24
LET'S- 10:21 11:3
LICENSE- 4:19
LIFT- 4:15 6:13 7:19 9:2

LIMITED- 4:23 6:5 8:25
LITIGATION- 5:8,21 9:3
LOCATIONS- 4:19
LOW- 5:9

M
MAIN- 7:25
MANAGER- 6:22
MANNER- 7:15
MATERIALS- 7:12
MATTER- 3:5 4:17 6:5 8:16,23 9:20 11:16
MATTERS- 6:6 8:2
MBAS- 4:9
MEANS- 5:25
MEDIA- 5:19 6:2,9
MENTIONS- 4:1
MERELY- 8:22
MERITS- 5:6,7 6:11 8:8,20
MET- 7:10
MIKE- 5:18
MINIMAL- 4:14
MISUSE- 6:25 7:3,11
MOTION- 3:3 5:20 6:3,14 7:19 9:2,3 9:14,21
MOVANT- 3:8
MUCH- 11:7

N
NECESSARILY- 6:10
NECESSARY- 6:18 10:23
NEITHER- 9:10
NONETHELESS- 7:6
NOTE- 6:4,20
NOTICING- 6:21
NOTWITHSTANDING- 3:16 4:2,8

O
OBJECTION- 5:19 6:23
OBJECTIVE- 10:1
OBTAINED- 7:12
OBVIOUSLY- 3:15
OFFER- 7:1
OFFERED- 3:23
OFFERS- 9:13
ONE- 5:8,13 9:24
OPEN- 7:5 10:25
OPINIONS- 5:9
OPPOSED- 4:13
ORDER- 3:3,23,24 4:2,6 6:6 7:2,9 8:15 9:17,23,25 10:10,13,18 11:2
OTHERWISE- 3:21 4:20

P
PARTICULAR- 8:16,23
PARTIES- 4:2 9:23

**PARTY-** 9:10
**PEOPLE-** 11:1
**PERCEIVED-** 5:24
**PERFECT-** 4:4
**PERMIT-** 3:16,17
**PERSON-** 5:11
**PERSONA-** 3:19
**PICKED-** 3:13 4:10
**PM-** 11:10
**POSITION-** 5:20 8:17
**POSITIONS-** 9:12
**POSSIBILITY-** 9:17
**POTENTIAL-** 6:25
**PRECLUDE-** 7:2
**PREDICTING-** 7:24
**PREJUDICE-** 6:2
**PRESENT-** 6:18 7:18
**PRESENTS-** 8:13
**PRESERVE-** 4:24 8:10
**PRESERVING-** 5:25 6:12
**PRESS-** 3:14,21 4:3
**PRINCIPAL-** 6:16
**PRIVACY-** 7:10
**PROCEEDINGS-** 4:16,25 7:4,8 8:1 9:2 10:24 11:15
**PROCESS-** 7:13
**PROGRAM-** 6:8
**PROMPTLY-** 10:11
**PROTECT-** 5:11
**PROTECTIVE-** 3:3,23,24 4:2,5 7:2 8:15 9:17,23,25 10:18
**PUBLIC-** 3:13,19 5:11 8:14 10:24,25
**PUBLISHING-** 7:8
**PURPOSE-** 4:22 8:10
**PURSUANT-** 6:5
**PUTTING-** 9:9

Q
**QUASH-** 5:13,20
**QUASHING-** 3:4
**QUESTIONS-** 10:6 11:5

R
**RAISED-** 6:6,24
**REACH-** 10:13
**REASON-** 9:11,13 11:3
**REASONABLE-** 7:2
**RECALLS-** 4:14
**RECENT-** 4:7
**RECENTLY-** 5:8
**RECOGNIZING-** 7:5
**RECORDING-** 5:25 11:15
**REFLECT-** 9:6
**RELATIVELY-** 5:9
**RELIEF-** 9:10,22

10:22
**REPRESENTED-** 7:1
**REQUEST-** 10:22
**RESOLVE-** 9:3 10:14
**RESOLVED-** 3:5
**RESOLVING-** 4:17
**RESPECT-** 4:8,21 8:16
**RESPECTIVE-** 9:12
**RESPOND-** 8:3
**RESTRICTING-** 7:14
**RESTRICTIONS-** 7:6
**RESTRICTIVE-** 9:25
**RISK-** 3:20 8:24
**RULE-** 10:2
**RULES-** 3:15 5:24
**RULING-** 10:10,16

S
**SCOPE-** 4:23
**SECOND-** 8:12
**SECURE-** 4:4
**SECURITIES-** 4:9
**SEPARATE-** 5:3
**SERVICES-** 5:19 6:3,9
**SHOW-** 5:12,22 7:13
**SHOWS-** 3:20
**SIGNIFICANT-** 3:20
**SIMPLY-** 5:6,13 6:13
**SNIPPETS-** 7:20,22 8:13,24 10:18
**SOUND-** 11:15
**SPECIAL-** 5:22
**SPECIFICALLY-** 3:3
**STAND-** 11:8
**STANDARD-** 5:9
**STATE-** 9:19
**STAY-** 4:15,25 5:6 6:13 7:19 9:2
**STERN-** 4:1
**STREET-** 4:10
**STRONG-** 9:13
**SUBMISSIONS-** 9:8
**SUBMITTED-** 6:7
**SUBSEQUENT-** 8:19
**SUMMARY-** 4:16
**SUPPORT-** 9:12

T
**TAKING-** 5:23
**TELEPHONE-** 10:14
**TERMS-** 6:25 10:13
**TESTIMONY-** 4:24 6:1,12,18 8:2,10,19
**TIME-** 5:5
**TMS-** 6:2
**TOUCH-** 6:10
**TOUCHED-** 8:2
**TOUCHES-** 6:7 8:8
**TOWARD-** 9:24
**TRACY-** 6:8
**TRANSCRIPT-** 4:14,22 8:9,22 11:14

**TRANSCRIPTS-** 11:20
**TRIBUNE-** 3:2,23 5:2,18 6:2,9
**TRIBUNE'S-** 4:13

U
**ULTIMATELY-** 9:3
**UNABLE-** 10:12
**UNDERLYING-** 5:8 6:11 8:9
**UNIVERSE-** 9:16
**UPCOMING-** 7:23
**USED-** 6:13 7:21 9:1,2
**USES-** 6:15

V
**VERACITY-** 4:18,22
**VERSUS-** 5:10
**VIDEO-** 3:16 4:5 5:10 6:17 9:14
**VIDEOTAPE-** 5:23 6:24,25 7:3,7,8,18 10:17
**VIDEOTAPED-** 3:18 6:21,23 8:25 10:4
**VIDEOTAPING-** 3:4 4:13 5:13,20,21 7:14 8:7
**VIEW-** 8:12

W
**WALL-** 4:10
**WE'RE-** 3:2 10:15
**WEEKEND-** 4:8
**WHATSOEVER-** 6:20
**WHEREBY-** 9:2
**WHEREUPON-** 11:10
**WIDELY-** 5:24
**WILL-** 5:3,4 6:9,10 9:5,11,16,23,24 10:9,16,21 11:8
**WITNESSES-** 4:20
**WON'T-** 9:18
**WORDS-** 8:8
**WRITTEN-** 8:22 9:7 10:2