## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Joint Administration Requested |
| | **Objections Due: August 20, 2009 at 4:00 p.m.**<br>**Hearing Date:** *Only if Objections are filed* |

## MONTHLY FEE APPLICATION OF
## McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD MARCH 1, 2009 THROUGH MARCH 31, 2009

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | March 1, 2009[1] to March 31, 2009 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $360,698[2] (80% of which is $288,558.40) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $2,222.03 |

---

[1] This statement includes a request for compensation and reimbursement of expenses for certain amounts for the months of January and February 2009, which were inadvertently omitted from the Combined Monthly and First Quarterly Application of McDermott Will & Emery LLP, as Special Counsel to Debtors for Domestic Legal Matters for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 Through February 28, 2009 (the "Combined Monthly and First Quarterly Application") [docket number 1029].

[2] By agreement with the above-captioned debtors and debtors in possession (the "Debtors"), McDermott Will & Emery LLP ("McDermott") only seeks actual compensation in the amount of $249,830.50 (80% of which is $199,864.40) which represents the total amount of compensation during this application period, less $110,867.50, representing the amount that was inadvertently overpaid to McDermott by the Debtors pursuant to the Combined Monthly and First Quarterly Application.

This is an: _x_ monthly        ___ interim        ___ final application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[3] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[4] | $6,808.20 | $[＿＿＿] | $[＿＿＿] |

## COMPENSATION FOR PROFESSIONALS
### MARCH 1, 2009 THROUGH MARCH 31, 2009

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $915 | 88.30 | $80,794.50 |
| Philip J. Levine | Partner, Tax, Member of New York Bar since 1975, Member of District of Columbia Bar since 2002 | 835 | 16.80 | $14,028.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | 750 | 83.90 | $62,925.00 |
| David E. Rogers | Partner, Employee Benefits, Member of Florida Bar since 1985, Member of District of Columbia Bar since 1992 | 715 | 1.50 | $1,072.50 |
| Paul M. Hamburger, PC | Partner, Employee Benefits, Member of District of Columbia Bar | 715 | .50 | $357.50 |

[3] The Combined Monthly and First Quarterly Application combined McDermott's monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.
[4] As noted in footnote 2, McDermott is reducing its compensation sought by $110,867.50 due to an inadvertent overpayment by the Debtors. Such amount resulted from the United States Trustee's (the "UST") concern regarding McDermott's Combined Monthly and First Quarterly Application. The UST and McDermott (together, the "Parties") resolved the UST's concern by agreeing that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

NYK 1218675-3.020336.0515

| | | | | |
|---|---|---|---|---|
| | since 1985 | | | |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | 715 | 22.40 | $16,016.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | 580 | 49.10 | $28,478.00 |
| Mark A. Opper | Partner, Tax, Member of Georgia Bar since 2000 (inactive), Member of Virginia Bar since 2002, Member of District of Columbia Bar since 2006 | 490 | 26.90 | $13,181.00 |
| Gary O. Ravert | Partner, Restructuring & Insolvency, Member of New York Bar since 2001 | 585 | 28.50 | $16,672.50 |
| William P. Smith | Partner, Restructuring & Insolvency, Member of Ohio Bar since 1977, Member of Illinois Bar since 1984 | 795 | 1.20 | $954.00 |
| William W. Merten | Partner, Mergers & Acquisitions, Member of Illinois Bar since 1985 | 715 | 48.40 | $34,606.00 |
| Raymond M. Fernando | Partner, Employee Benefits, Member of Illinois Bar since 2002 | 570 | 4.30 | $2,451.00 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | 610 | 24.10 | $14,701.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | 715 | 12.90 | $9,223.50 |
| Susan M. Nash | Partner, Employee Benefits, Member of Illinois Bar since 1991 | 690 | 16.60 | $11,454.00 |
| Karen A. Simonsen | Partner, Employee Benefits, Member of Illinois Bar since 1988 | 715 | .30 | $214.50 |
| Matthew K. White | Partner, Tax, Member of District of Columbia Bar since 2001, Member of Tennessee Bar since 2008 | 665 | 1.50 | $997.50 |
| Jonathan J. Boyles | Partner, Employee Benefits, Member of the New York Bar since 2001, Member of District of Columbia Bar since 2001 | 540 | 4.10 | $2,214.00 |
| Robert Feldgarden, PC | Counsel, Tax, Member of District of Columbia Bar since 1975 | 835 | .50 | $417.50 |

| | | | | |
|---|---|---|---|---|
| Luis L. Granados, III | Counsel, Employee Benefits, Member of District of Columbia Bar since 1985, Member of Maryland Bar since 1979 | 630 | 24.70 | $15,561.00 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | 320 | 64.00 | $20,480.00 |
| Timothy S. Shuman | Associate, Tax, Member of Illinois Bar since 2006, Member of District of Columbia Bar since 2007 | 320 | 16.50 | $5,280.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | 305 | 8.30 | $2,531.50 |
| Danica C. Dodds | Associate, Tax, Member of California Bar since 2009 | 280 | 1.60 | $448.00 |
| Michael Weinstein | Associate, Corporate, Member of New York Bar since 2009 | 325 | 14.50 | $4,712.50 |
| Jared D. Zajac | Associate, Restructuring & Insolvency, Membership to New York Bar pending | 325 | .50 | $162.50 |
| Daniel Senecoff | Non-lawyer professional, Employee Benefits | 605 | .80 | $484.00 |
| Marlyss Bloom | Corporate Paralegal | 255 | 1.10 | $280.50 |
| Grand Total: | | | 563.8 | $360,698.00 |
| Blended Rate: | | | $639.76 | |

- 4 -

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Employees Benefits Matters | 8.70 | $5,415.00 |
| Welfare Plans | 47.00 | $30,659.50 |
| Non-Qualified Plans | 1.60 | $1,144.00 |
| ESOP | 102.30 | $70,421.50 |
| General Tax | 1.10 | $280.50 |
| Corporate/Credit Agreement/PHONES | 66.80 | $24,914.50 |
| Chapter 11 Restructuring | 336.30 | $227,863.00 |
| **TOTAL:** | 563.80 | $360,698.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Courier & Express Carriers | Washington Express Services | $0.84 |
| Facsimile (with rates) | In-House | $12.00 ($1.00 per page) |
| Out-of-Town Travel | Various | $2,073.18 |
| Photocopies | In-House | $18.10 |
| Telecommunications | Conference Plus | $117.91 |
| **TOTAL** | | $2,222.03 |

NYK 1218675-3.020336.0515

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**Objections Due: August 20, 2009 at 4:00 p.m.
Hearing Date:** *Only if Objections are filed*

**MONTHLY FEE APPLICATION OF
McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO
DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD MARCH 1, 2009 THROUGH MARCH 31, 2009**

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic

Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this Application

(the "Application") for approval and allowance of compensation for services rendered in the

amount of $360,698.00 (80% of which equals $288,558.40) and reimbursement for expenses

incurred in the amount of $2,222.03 during the period commencing March 1, 2009 through

March 31, 2009 (the "Application Period").  This Application is submitted pursuant to sections

330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local

Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals and Committee Members Pursuant to 11 U.S.C. §§105(a) and 331 (the

"Compensation Order"), the Executive Office of United States Trustees' Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner

and Establishing Related Procedures for Compensation and Reimbursement of Expenses for

- 9 -

Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Application, McDermott respectfully represents as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2016.

**BACKGROUND**

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as a debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      No trustee has been appointed in these chapter 11 cases.

**McDERMOTT RETENTION**

6.      Prior to the Petition Date, Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

7.      On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.

-2-

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

9.      In compliance with Rule 2016-A, McDermott confirms that during the Application Period McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between McDermott and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

10.     As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26. The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment pursuant to the Combined Monthly and First Quarterly Application. Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

## FEE STATEMENTS

11.     The time records for the Application Period are attached hereto as Exhibit A. The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Application Period. Attorneys and paraprofessionals of McDermott have expended a total of 563.80 hours in connection with the matter during the Application Period. The reasonable value of services rendered by McDermott to the Debtors during the Application Period is $360,698.00. Such amount is a result of McDermott's normal hourly rates for work of this character. To the best of McDermott's knowledge, this Application complies

- 3 -

with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## SUMMARY OF SERVICES

12.    The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Application Period, organized by project category.

### Matter 0500 – General Tax

13.    McDermott provided general tax advice concerning the Debtors' audit reporting requirements.

### Matter 0504 – Corporate/Credit Agreement/PHONES

14.    McDermott analyzed and evaluated the tax consequences of the retirement of certain financial products the Debtors previously issued to investors and began drafting an opinion letter for the Debtors regarding same.

### Matter 0515 – Chapter 11 Restructuring Tax Planning

15.    McDermott worked extensively with the Debtors, their financial advisors and creditor representatives to develop various alternative structures for a reorganized Tribune involving S corporations, limited liability companies and C corporations, including researching and analyzing many novel tax issues arising in connection with the various alternatives. McDermott assisted the Debtors in determining their tax reporting with respect to certain debt instruments as a result of the bankruptcy, and in analyzing the impact of the bankruptcy on the Debtors own tax position. McDermott assisted the Debtors in developing a financial model for use in developing and negotiating a plan of reorganization and assisted the Debtors with tax issues involving their statements of financial affairs. Finally, McDermott assisted the Debtors

- 4 -

with various tax planning matters arising as a result of its bankruptcy and their unique S
corporation/ESOP ownership structure.

### Matter 0515 – Chapter 11 Retention/Fee Application

16.     McDermott discussed, researched and responded to concerns raised by the United
States Trustee concerning additional disclosures and requirements under *In re Pillowtex*, 304
F.3d 246 (3rd Cir. 2002).  Further, McDermott reviewed its time entries and billing records to
ensure they were in compliance with the requirements of the Bankruptcy Code, the Bankruptcy
Rules, the Local Rules, the Guidelines, and the Compensation Order.  Finally, McDermott
drafted and revised fee statements for submission in accordance with the Compensation Order.

### Matter 0040 – General Employee Benefits Matters

17.     McDermott provided the Debtors with legal analyses regarding issues relating to
employee unions and the consequences of bankruptcy in connection with the Debtors'
relationship with the unions.  McDermott reviewed various employee benefit programs provided
by the Debtors and researched and analyzed the consequences of bankruptcy on such programs.

### Matter 0041 – Welfare Plans

18.     McDermott researched and analyzed issues regarding COBRA rights for
employees and retirees after the bankruptcy filings.  Further, McDermott reviewed and analyzed
various healthcare documents and performed legal research regarding the status of the Debtors'
healthcare programs as a result of the bankruptcy filings.  Finally, McDermott performed legal
research on issues regarding deferred compensation owed under certain benefit plans.

### Matter 0042 – Non-Qualified Plans

- 5 -

19.    McDermott performed legal research and provided analysis regarding liability under deferred compensation plans and provided analysis to the Debtors on issues surrounding the Debtors' supplemental pension plan.

**Matter 0047 – ESOP**

20.    McDermott provided general legal advice on bankruptcy issues concerning the Debtors' ESOP. Further, McDermott researched and worked to develop various alternative structures for the Debtors' ESOP and performed legal research concerning ESOP issues under each structure.

## ACTUAL AND NECESSARY EXPENSES

21.    By this Application, McDermott seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of such services in the amount of $2,222.03. Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues. In order for McDermott to analyze and address such issues properly, McDermott attorneys may have performed computerized legal research and incurred other expenses during the Application Period, all of which was necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

22.    With respect to photocopying expenses, McDermott ordinarily charges all of its clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

23.    In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls

- 6 -

were required. These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates. Only clients who actually use services of the types set forth in the cover sheet to this Application are separately charged for such services.

24.   Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel was required for certain matters. Typically, such travel expenses are initially borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

25.   The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

26.   To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Application Period, but were not processed prior to the preparation of this Application, McDermott reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

27.   In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. McDermott has reviewed the requirements of Del. Bankr. L.R. 2016-2 and reasonably believes that this Application complies with that Rule.

- 7 -

WHEREFORE, McDermott respectfully requests that payment be made to McDermott pursuant to the terms of the Compensation Order for the period of March 1, 2009 through March 31, 2009 in the amount of $360,698.00 (80% of which equals $288,558.40) for professional services rendered, and reimbursement of expenses incurred in connection wherewith in the amount of $2222.03, for a total of $362,920.03.  After taking into account the overpayment discussed in footnote 2 above, McDermott seeks payment in the aggregate amount of $202,086.43.

Dated: Washington, District of Columbia
       July 31, 2009

                            McDERMOTT WILL & EMERY LLP


                            /s/      Blake D. Rubin
                            Blake D. Rubin (admitted *pro hac vice*)
                            600 13th Street, N.W.
                            Washington, D.C. 20005-3096
                            Telephone:  (202) 756-8424
                            Facsimile:  (202) 756-8087

                            and

                            Gary O. Ravert (admitted *pro hac vice*)
                            340 Madison Avenue
                            New York, NY. 10173-1922
                            Telephone:  (212) 547-5598
                            Facsimile:  (212) 547-5444


                            *Special Counsel for Domestic Legal Matters to Tribune Company, et al.*

NYK 1218675-3.020336.0515