UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | |
| Debtors. | Case Number 08-13141 (KJC)<br>(Jointly Administered) |
| | Hearing Date: August 11, 2009 at 10:00 A.M. |

**THE UNITED STATES TRUSTEE'S (I) RESPONSE TO THE
DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO
IMPLEMENT A 2009 MANAGEMENT INCENTIVE PLAN AND TO PAY EARNED
2008 MANAGEMENT INCENTIVE AWARDS TO CERTAIN EXECUTIVES AND
(II) OBJECTION TO THE RELATED MOTION TO SEAL THE MERCER REPORT
(DOCKET ENTRY #s 1800, 1801)**

In support of (i) her response to the Debtors' motion for an order authorizing the Debtors to implement a 2009 management incentive plan and to pay earned 2008 management incentive awards

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1

to certain executives (the "2009 MIP Motion") and (ii) her objection to the related motion to seal the Mercer report (the "Seal Motion") (together with the 2009 MIP Motion, the "Motions"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1. Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motions.

2. Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motions and the issues raised in this response/objection.

## GROUNDS/BASIS FOR RESPONSE TO 2009 MIP MOTION

4. 11 U.S.C. § 503(c)(1, 3) provide:

> Notwithstanding subsection (b) [allowing the payment of administrative expenses in certain circumstances], there shall neither be allowed, nor paid –
>
> (1) a transfer made to, or an obligation incurred for the benefit of, an insider of the debtor for the purpose of inducing such person to remain with the debtor's business, absent a finding by the court based upon evidence in the record that –

    (A) the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;
    (B) the services provided by the person are essential to the survival of the business; and
    (C) either
     (i) the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or
     (ii) if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred; [or]

       \*   \*   \*   \*   \*

(3) other transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case, including transfers made to, or obligations incurred for the benefit of, officers, managers, or consultants hired after the date of filing of the petition.

  5.  The Debtors propose to pay "insiders" pursuant to the 2009 Management Incentive Plan ("MIP"). *See* 11 U.S.C. § 101(31)(C); *In re Foothills Texas, Inc.*, No. 09-10452, 2009 WL 2241747 (Bankr. D. Del. July 28, 2009) (Debtors proposing payments implicating 11 U.S.C. § 503(c)(1) had burden to establish that titled employees were not "officer[s]" by virtue of their lack of participation in management); *United States Trustee v. Fieldstone Mortgage Co.*, Civil No. CCB-08-755, 2008 WL 4826291 (D. Md. Nov. 5, 2008) (board-appointed officer was "officer" as a matter of law). It is the Debtors' burden, therefore, to establish that the relief requested is not prohibited by 11 U.S.C. § 503(c)(1). Courts have interpreted 11 U.S.C. § 503(c)(1) as prohibiting

incentive plans with performance "targets" set at levels where they do not truly serve as targets. *See In re Dana Corp.*, 358 B.R. 567, (Bankr. S.D.N.Y. 2006) (court found that benchmarks for the debtors' long-term incentive plan "are difficult targets to reach and are clearly not 'lay-ups.'"); *In re Nobex Corp.*, No. 05-20050 (MFW), 2006 Bankr. LEXIS 417 (Bankr. D. Del. Jan. 19, 2006) (court approved incentive plan under 11 U.S.C. § 503(c) where payments were tied exclusively to improvement upon "stalking horse" bid; "stalking horse" bid, by itself, did not vest participants with right to payment).

6. In paragraph 73 of the 2009 MIP Motion, the Debtors assert that "[a]ll of the programs and payments for which the Debtors seek approval are bona fide incentive programs and awards based on real performance targets that are intended to motivate superior performance." There is insufficient information in the 2009 MIP Motion to support the Debtors' assertion. Specifically, with respect to the operating cash flow metric that is a component of several elements of the programs, the Debtors do not give any factual and/or historical context to back up their characterization of that performance target as being "real." The Debtors should provide this Court with (i) the operating cash flow targets for 2006 through 2008 and (ii) the Debtors' actual performance figures against target. The Debtors should also forward their monthly operating cash flow projections for 2009, together with actual performance against projection through June, to the U.S. Trustee.

7. Further, putting aside the Debtors' argument that the 2009 MIP is an "ordinary course" plan, the 2009 MIP Motion suggests that, historically, the Debtors have not provided senior and/or business unit management with an opportunity to participate in *multiple* bonus programs tied (in whole or in part) to an operating cash flow metric. Mot. ¶¶ 9 - 14. Therefore, the obligations

proposed under the Transition Management Incentive Plan and the Key Operators Bonus component of the 2009 MIP are not consistent with the Debtors' "ordinary course of business." *See In re Nellson Neutraceutical, Inc.*, 369 B.R. 787, 796-97 (Bankr. D. Del. 2007) (analyzing whether modifications to incentive plan satisfied *Roth American* standard). Accordingly, the Debtors must demonstrate that the additional obligations are "justified by the facts and circumstances of these cases" under 11 U.S.C. § 503(c). The Debtors report that, historically, individual awards from the MIP pool, expressed as a percentage of salary, "generally were significantly lower than 40%" for "threshold" performance. Mot. ¶¶ 11 n.14, 14 n.16. To the extent that the Debtors have the amount of the annual MIP award paid to each person holding the same title(s) as the TMIP participants for 2006 through 2008 and parallel annual salary data, that information should be provided to the U.S. Trustee for comparison to the proposed payments under the MIP and TMIP.

8. The U.S. Trustee reserves the right to supplement this response and/or to object after receiving and reviewing the information described above. Further, the U.S. Trustee reserves the right to conduct formal discovery related to this response.

## GROUNDS/BASIS FOR OBJECTION TO SEAL MOTION

9. Finally, with regard to the Seal Motion, the Debtors have not demonstrated that the information contained in the Mercer Report is "confidential commercial information" for purposes of 11 U.S.C. § 107(b). "Confidential . . . commercial information" is not defined in the Bankruptcy Code, so the term must "be interpreted as taking [its] ordinary, contemporary, common meaning." *See Perrin v. United States*, 444 U.S. 37, 42 (1979). "Commercial information has been defined as information that would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Video Software Dealers Ass'n v. Orion Pictures*

5

*Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (citation omitted).  Accordingly, to the extent that the Debtors establish that part of the Mercer Report should be sealed, the balance of the document should be publicly filed.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **ACTING UNITED STATES TRUSTEE**

    **BY:**  /s/ Joseph J. McMahon, Jr.
        Joseph J. McMahon, Jr., Esquire (# 4819)
        Trial Attorney
        United States Department of Justice
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Room 2207, Lockbox 35
        Wilmington, DE  19801
        (302) 573-6491
        (302) 573-6497 (Fax)

Date:  August 4, 2009