```
                    IN THE UNITED STATES BANKRUPTCY COURT
                       FOR THE DISTRICT OF DELAWARE


_____
                                )
IN RE:                          )  Chapter 11
                                )
TRIBUNE COMPANY, et.al.,        )  Case No. 08-13141 (KJC)
                                )
           Debtors.             )  Courtroom 5
_____)  824 Market Street
                                   Wilmington, Delaware


                                   July 28, 2009
                                   1:04 p.m.



                       TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE KEVIN J. CAREY
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Cole, Schotz, Meisel, Forman &
                                Leonard, PA
                                BY:  J. KATE STICKLES, ESQ.
                                1000 N West Street, Suite 1200
                                Wilmington, DE 19801
                                (302)652-3131

                                Sidley Austin LLP
                                BY:  JANET HENDERSON, ESQ.
                                BY:  MICHAEL DOSS, ESQ.
                                One South Dearborn
                                Chicago, IL  60603
                                (213) 896-6022




ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664


Proceedings recorded by electronic sound recording; transcript
produced by transcription service
```

APPEARANCES:
(Continued)

For Warren Beatty:                  Skadden, Arps, Slate, Meagher
                                    & Flom LLP
                                    BY:  GREGG GALARDI, ESQ.
                                    One Rodney Square
                                    PO Box 636
                                    Wilmington, DE 19899-0636
                                    (302)651-3000


For U.S. Trustee:                   Office of the U.S. Trustee
                                    BY:  DAVID KLAUDER, ESQ.
                                    844 King Street, Suite 2207
                                    Lockbox 35
                                    Wilmington, DE 19801
                                    (302) 573-6491


For the Official Committee
Of Unsecured Creditors:             Chadbourne & Park LLP
                                    BY:  DAVID LEMAY, ESQ.
                                    30 Rockefeller Plaza
                                    New York, NY 10112
                                    (212) 408-5100

                                    Landis Rath & Cobb
                                    BY:  MATTHEW MCGUIRE, ESQ.
                                    919 Market Street Suite 1800
                                    P.O. Box 2087
                                    Wilmington, DE 19899
                                    (302) 467-4400

For Robert M. McCormick
Foundation and Cantigny
Foundation:                         Quarles & Brady LLP
                                    BY:  LEONARD SHIFFLETT, ESQ.
                                    300 N. LaSalle Street Suite 4000
                                    Chicago, IL 60654

                                    Ciardi, Ciardi & Astin
                                    BY:  DANIEL ASTIN, ESQ.
                                    919 Market Street Suite 700
                                    P.O. Box 2087
                                    Wilmington, DE 19801

1    WILMINGTON, DELAWARE, TUESDAY, JULY 28, 2009, 1:04 P.M.

2             THE COURT OFFICER:  All rise.  Please be seated.

3             THE COURT:  Good afternoon, everyone.

4             MS. STICKLES:  Good afternoon, Your Honor.  Kate

5    Stickles, on behalf of the Tribune Company and its

6    affiliated debtors.  With me, also on behalf of the debtors

7    this afternoon, is Janet Henderson and Michael Doss from

8    Sidley Austin.

9             This morning an amended agenda was filed with the

10   Court.  The amended agenda reflects that agenda item 1, the

11   Francisco lift stay motion has been adjourned.

12            And the Court entered the order with respect to

13   agenda item number 2.  Ms. Henderson will address the Court

14   with respect to agenda items 3 and 4, the 345 and 2015

15   issues.

16            THE COURT:  All right.

17            MS. HENDERSON:  Good afternoon, Janet Henderson,

18   Sidley Austin on behalf of the debtors.  Your Honor, we had

19   hoped and anticipated that we would have a representative of

20   the United States Trustee's office here with us today to

21   provide a brief status.  Oh, indeed we do.  Thank you.

22            MR. KLAUDER:  Your Honor, I noted -- David

23   Klauder for the United States' Trustee.  I noted Mr. McMahon

24   is on vacation this week, so I'm sitting in.  I don't know

25   if I need to speak to them or not beforehand, but I think

1  everything is resolved for today.

2          MS. HENDERSON:  If I might, just for the benefit

3  of the Court, if I could provide the Court of your status

4  and you will advise if I mis-speak.

5          MR. KLAUDER:  Sure.

6          MS. HENDERSON:  Hopefully, there won't anything

7  controversial.  Your Honor, with respect to the 345 relief,

8  the Court may recall that a 345 cash management order was

9  entered back in the spring.  In connection with that,

10  preliminary relief allowing the debtor to continue with

11  existing investment guidelines was authorized on a

12  preliminary basis, through August 2009.

13          As part of that extension, and indeed in

14  connection with the Rule 2015 matters, which I will address

15  in a second, and other reporting issues -- we engaged the

16  U.S. Trustee's office at some length in an effort to bridge

17  our differences both as to financial reporting matters and

18  as to the appropriate investment guidelines to be authorized

19  under Section 345.

20          We have had a number of telephone conferences.

21  We have also flown out here with members of the senior

22  management of the company, including the company's CFO, to

23  sit down with the U.S. Trustee's office and talk through our

24  differences, and see if we couldn't resolve our issues

25  amicably.  Happily, we have made progress.

1          We hope to have today to hand up to Your Honor,

2    an agreed upon form of 355 order in respect of the

3    continuation of the debtors' investment guidelines and our

4    ability to invest in accordance with those guidelines going

5    forward, and with an order that would supersede the interim

6    relief that was entered in the spring.

7          That order would also provide for certain

8    reporting mechanisms and the ability of the U.S. Trustee and

9    other parties that interest to be heard going forward, but

10   essentially allows the debtor to continue with what they

11   believe to be a prudent investment guidelines that better

12   serve cases of this magnitude.  The only difference that we

13   appear to have is that we had anticipated that we would have

14   until the expiration of the interim relief to put this in

15   place -- that is to say the reporting requirements and the

16   like, some of the feedback we've been -- we've agreed to

17   provide to the U.S. Trustee, and it was the U.S. Trustee's

18   office that it would take effect immediately.

19         It's just a matter where frankly, we probably

20   just failed to communicate.  And we will do so and we will

21   figure that out and we anticipate handing up to the Court,

22   an order with a certificate of no objection in very short

23   order would be our expectation.

24         With respect to the 2015 matters, Your Honor, we

25   had filed a motion back in January initially requesting an

1  extension of time to comply, but also in subsequent

2  supplements to that motion asking that a particular

3  reporting protocol be approved.  Specifically, we had sought

4  to exclude the wholly owned non-debtor entities comprised of

5  the Chicago Cub entities from the financial reporting of

6  Rule 2015, as well as our joint venture entities -- I use

7  that term loosely -- but our non-debtor entities in which a

8  debtor has over a 20 percent interest, but under a 50

9  percent interest which we refer to as our non-majority

10  interest entities.

11        It's sought to be excused from compliance with

12  respect to those entities and indeed with respect to the

13  joint venture entities, we believe that compliance may not

14  be required under our facts.  And then we would file respect

15  to certain agreed reporting protocols for the wholly owned

16  non-debtor entities.  We have not been able to come to

17  resolution on those issues with the United States Trustee's

18  office yet.

19        That said, the matter is up -- it was the August

20  26th hearing, I believe now the September 4th hearing and we

21  anticipate very shortly having on file 2015 reporting with

22  respect to the wholly owned non-debtor entities.  If then --

23  indeed, that may have already occurred, but it will be

24  occurring very shortly if it has not.

25        And then finally, we have been of course filing

1    our monthly operating reports as required.  There has been

2    some concern voiced by the United States Trustee's office

3    about that and we have engaged them, but the format in which

4    we are doing that, we have engaged them in a dialogue on

5    that.  They have not filed any objection to date.  We are

6    still hopeful of coming to amicable resolution addressing

7    their concerns in that respect as well.

8              I don't believe that matter is formally teed up

9    and in and fashion yet for the Court.  In our judgment, we

10   are complying in accordance with the operating guidelines

11   and have been filing our reports.  I believe that is it for

12   the status for today, Your Honor.

13             MR. KLAUDER:  Once again, David Klauder for

14   United States Trustee's office, Your Honor.

15             I generally agree with the comments from counsel.

16   I've been handed the black line order on the 345, and except

17   for that one issue as to the effective date of the order

18   which I understand we will talk about and work to

19   consensually resolve, we're okay with the order.  They have

20   taken our comments and put them in a revised order.

21             As for the 2015 issue and the operating reports,

22   we're talking about it, I agree.  And we will continue to

23   discuss those and we certainly reserve all of our rights to

24   come into court and argue our positions with regard to both

25   the 2015 issues and the operating report issues.  Thank you.

1    THE COURT:  All right.  Thank you.

2    MS. HENDERSON:  Your Honor, one addendum if I --

3 just to be clear.  I believe on 2015, I shouldn't say there

4 has not been progress.  I believe we have agreed that there

5 will not be required reporting for the wholly owned Cubs'

6 entities for a variety of competitively sensitive and

7 another reasons.  But we still have an issue -- and we won't

8 have any issue with respect to the wholly owned non-debtors,

9 but we do still have an issue with respect to the non-

10 majority interest entities.

11    THE COURT:  All right.  Thank you.

12    MS. STICKLES:  Your Honor, agenda items 5 and 7

13 relate to the Beatty lift stay motion and the Beatty motion

14 to dismiss respectively.

15    With the Court's permission, we would like to

16 take item 6 out of order out of order which is the

17 committee's motion for 2004 exam so that matter can be heard

18 prior to the Beatty matters.

19    THE COURT:  Go ahead.

20    MS. STICKLES:  I believe Mr. McGuire is going to

21 address the Court.

22    MR. MCGUIRE:  Good afternoon, Your Honor.

23 Matthew Maguire, Landis, Rath, & Cobb on behalf of the

24 committee.

25    Your Honor, matter Number 6 is the motion -- the

1   committee's motion for 2004 examination of the McCormick and

2   Cantigny Foundation's.  I'm happy to report that we have

3   come to a resolution about how to -- what documents are

4   going to be produced and the schedule in which they are

5   going to be produced.  What I would propose is that we are

6   going to finalize that agreement in the form of a

7   stipulation and submit it under a certification of counsel.

8   If that's acceptable to Your Honor, that's all we have on

9   this motion.

10                THE COURT:  That's fine with me.  Thank you.

11                MR. MCGUIRE:  Thank you.

12                THE COURT:  Mr. Astin?

13                MR. ASTIN:  Good afternoon, Your Honor.  May it

14   please the Court, and I think you will seeing more of him, I

15   would like to introduce to Your Honor, Leonard Shifflett

16   from Quarles & Brady, LLP firm in Chicago.

17                MR. SHIFFLETT:  Good afternoon, Your Honor.

18                THE COURT:  Good afternoon.  Welcome, sir.

19                MR. SHIFFLETT:  Thank you.  I agree with what Mr.

20   McGuire has said.  We're going to work out -- we've already

21   worked the details.  We will reduce it to writing and get a

22   proposed order to Your Honor.

23                THE COURT:  Thank you.

24                MR. SHIFFLETT:  Thank you.

25                MS. STICKLES:  Your Honor, the next matter is the

1  Beatty matter and I will let Mr. Galardi address it for us.

2          THE COURT:  Can you just address the matter at

3  Number 8?  I did receive the certification of no objection -

4  - Number 8 on the agenda.

5          MS. STICKLES:  Oh, number 8?  Yes, Your Honor.

6          THE COURT:  But the order in the binder, I didn't

7  have a one-sided order.  So if you have an order with just

8  one side printed, I will sign it.

9          MS. STICKLES:  My apologies for that, Your Honor.

10  I will check to see if I have a complete order.  And if not,

11  Your Honor, we will submit another copy to Chambers.

12          THE COURT:  That's fine.  Thank you.

13          MS. STICKLES:  Thank you.

14          THE COURT:  All right.

15          MR. GALARDI:  Good afternoon, Your Honor.  For

16  the record, Greg Galardi, on behalf of Mr. Warren Beatty.

17          THE COURT:  Good afternoon.  Mr. Galardi.  Before

18  you start, I just wanted to let you know that I did read the

19  submissions.  They were extensive.  And I wanted to advise

20  you so that you could focus your argument accordingly, that

21  I'm not going to make new law on the nationwide service of

22  process and -- which is the forum issue.

23          As far as I'm concerned, this Court has personal

24  jurisdiction over your client and nationwide service of

25  process under Rule 7004 is entirely appropriate.  On the

1  other side, as you indicate in your papers, the debtor

2  argues a lot about abstention.  That's not before me now.

3  So neither you nor the other side need argue that today.

4          MR. GALARDI:  And that's fine, Your Honor.  Since

5  you're not going to make new law, I understand and I will

6  move to point two.  What I thought, and we've talked to

7  counsel for Tribune Media Services -- Your Honor, because

8  we're in the both -- and Your Honor has rightfully said that

9  the automatic stay goes sort of hand-in-hand with the motion

10 to dismiss.  Although the automatic stay is an evidentiary

11 matter, the motion to dismiss is obviously not, what I

12 thought I would do is -- and again, I think this is briefed

13 and I will be very brief on the motion to dismiss.

14          I think it's set forth in the papers.  If Your

15 Honor has questions, I can do that, then I think they would

16 respond.  And then I would like to do the lift stay as an

17 evidentiary matter after that, if we can do that.  Because

18 there are -- I think we have agreed exhibits to put in and a

19 lot of that can be argued just straightforward on the paper

20 as well, if that works.

21          THE COURT:  All right.  And you're saying

22 debtors' counsel has agreed to this?

23          MR. GALARDI:  I think that they've agreed for the

24 most part to the exhibits and we can do them in order.  And

25 I think we agree that the hearing should be separate,

1   although will be argued together in some sense.

2          MR. DOSS:  Just as a matter of clarification,

3   Mike Doss on behalf of Tribune Media Services.  Our

4   understanding is that Mr. Galardi would present on the

5   motion to dismiss.  That we would then respond and Mr.

6   Galardi would present on the motion to lift stay and we

7   would respond.  If that's what he's proposing, then that

8   certainly is fine with us, Your Honor.

9          MR. GALARDI:  That is what I'm proposing.

10          THE COURT:  Let's proceed in that fashion then.

11          MR. GALARDI:  So Your Honor, as taken argument

12   number one on personal jurisdiction, I understood you would

13   not make new law, Your Honor, on that one.  So we are

14   preserving that for the appeal.

15          With respect to 2, Your Honor, there's a second

16   argument that we've made and there's really three varieties

17   of this argument.  We are arguing the venue over the

18   adversary proceeding is not proper.

19          There's three arguments and they're really -- two

20   are of the same flavor.  Your Honor, first, we would argue

21   the first filed rule does in fact apply in this matter.  The

22   Third Circuit has, in fact, found the first filed rule to be

23   a rule that is applicable to cases.  Now we don't have the

24   bankruptcy and the automatic stay and I will address those.

25   And I see that as a shade of gray of what of our third

1   argument, comity among federal court.

2          So whether we see it as a first filed rule or a

3   comity rule, Your Honor, the fact of the matter is if you

4   compare the two complaints on their face, they are the same

5   issues, same facts.  There is a mirror image of the

6   declaratory relief and we don't believe that there are any

7   unusual circumstances.  The only extra point that is in the

8   Tribune's adversary proceeding is that this is a 541

9   property of the estate issue.

10         THE COURT:  Let me give you some preliminary

11   thoughts about that.  The debtor argues that you are really

12   conflating venue concepts with the first filed rule and I

13   tend to agree.  It seems to me that it's pretty clear under

14   the statutory scheme that venue, at least as an initial

15   matter, is appropriate here.  The question is whether the

16   judicially created first filed rule should make a difference

17   and that's how I approach that.

18         But of course, unlike the Third Circuit case that

19   indicates among other things that it's a discretionary

20   decision but there have to be unusual circumstances, was not

21   a bankruptcy case.  And as an initial concept, it seems to

22   me while the inception of a Chapter 11 may not change

23   everything, it changes a lot of things, which sometimes

24   cause consequences, and one of them is to stay pre-petition

25   litigation.

1        And what follows from that, in my mind, is under

2   these circumstances it's not really a comity issue.  I mean

3   I have cases all the time which stay district court actions.

4   I have cases in which district court actions continue

5   against non-debtor entities wherein this court frankly

6   interfaces with the district court here or elsewhere that

7   may be handling other litigation, right?  But I -- in this

8   particular circumstance, I don't see it as a comity issue.

9        MR. GALARDI:  Okay, Your Honor.  And let me start

10  where I think -- no disrespect, you put the rabbit in the

11  hat.  I disagree with you the venue is proper simply because

12  the bankruptcy case was filed here.  Your Honor, if that

13  were the case, let's just start with the state court action

14  pending in some other jurisdiction.

15       It's absolutely clear, it seems to me that under

16  the statutory scheme, the only way to bring that litigation

17  to this court is to remove and to transfer and then have the

18  automatic reference bring it here.

19       THE COURT:  That's typically how that happens.

20  That's correct.

21       MR. GALARDI:  And Your Honor, there is a statute

22  that gives you that avenue to do that.  If Your Honor's view

23  is that just because I filed a bankruptcy case, I could

24  bring the duplicative litigation here, then I believe that's

25  an improper venue, because the preceding already has a

1  jurisdiction and the statues already provide an avenue for

2  you to get here.  Merely because you filed a bankruptcy case

3  does not permit you to take those steps.

4          THE COURT:  See, now I think you're putting the

5  rabbit in the hat by using the word merely.  See I -- it --

6  if you took as a zero sum gain, you have the event of the

7  bankruptcy.  And as I said, in some cases it makes a

8  difference, and in some cases it doesn't.  But it's rare --

9  well, let me put it this way.  It's more often than not,

10 merely doesn't matter.

11         The bankruptcy changes things.  It creates an

12 overlay that impacts almost everything.  And frankly, I see

13 really very nothing unusual about this pre-petition

14 litigation except that unlike a lot of arguments I have

15 about whether pre-petition litigation should be permitted to

16 continue in another forum, this one was just filed days -- a

17 couple of weeks before the inception of the bankruptcy.

18         MR. GALARDI:  Well, it wouldn't say a couple of

19 weeks.  It was -- well, before the inception of the

20 bankruptcy, you are correct.

21         THE COURT:  It was indeed.  Yeah.

22         MR. GALARDI:  You are correct with respect to

23 that.

24         THE COURT:  Now I knew there was a prior

25 litigation.

1          MR. GALARDI:  And leaving aside that prior

2  litigation, Your Honor, the fact of the matter is there was

3  litigation, and maybe this will lend into why I think the

4  automatic stay should be lifted and I understand why, Your

5  Honor, those are related.  But the fact of the matter is,

6  Your Honor, when you stay litigation no one has -- we agree,

7  litigation is stayed in district courts, state courts, all

8  around the country, all the time.

9          That does not -- I mean under the precedent that

10  Your Honor would say I could now commence a new litigation

11  in the bankruptcy court on every one of those litigations,

12  ignore the statutory scheme to bring those litigations to

13  this Court, even though that person has not filed a proof of

14  claim -- and I understand Your Honor's ruling on personal

15  jurisdiction, or otherwise submitted to the jurisdiction in

16  this Court, only because they happen to be a resident of the

17  United States.

18          I can't see that can be the precedent when, in

19  fact, the way to bring state court litigation which

20  preserves the due process rights of state court litigants is

21  to do a removal.  Let the person argue that it shouldn't

22  have been removed.  Do a transfer.  Let the person argue

23  that there should not be a transfer and then have a

24  reference, and then argue removal of the reference.  Now

25  obviously, Mr. Beatty, if you rule that the action can

1  continue here still has the abstention and withdraw the

2  reference arguments in his bag.

3         But the first two arguments, the convenience of

4  the parties, the removal being appropriate in the first

5  instance -- now this was not removed in the first instance,

6  but there's no reason to draw the distinction between a

7  state court action or other federal court actions for

8  transfer purposes.  So our position is simply as a legal and

9  statutory matter, they do not proper venue in this for this

10 adversary proceeding regardless.

11        THE COURT:  I disagree with that proposition.  I

12 don't disagree with you that that could be a path, but it's

13 certainly not the only path.

14        MR. GALARDI:  Your Honor, so I guess you've ruled

15 against my motion to dismiss.

16        THE COURT:  Well, as you can tell, and again I --

17 I mean I wasn't the only one in chambers that spent some

18 time with the pleadings.  The filings were good, they were

19 comprehensive, they were extensive, a lot of cases were

20 cited, we read relevant cases.  So I come to the bench, as

21 is obvious to you, with some notions about how things should

22 go today.

23        But I -- you know there's always this dilemma --

24 does a Judge tell the parties what he's thinking ahead of

25 time and have them walking away thinking, why did I come,

1  the Judge already made up his mind.  Or, do I tell them what

2  I'm thinking so they have the chance to tell me I'm wrong?

3  And I approach it from the latter standpoint.

4          MR. GALARDI:  I will take it flattering that you

5  understood our briefing enough to decide that unless I could

6  give you something other than our briefing, we were

7  predisposed.  And I -- and that is not -- I mean I

8  understand the argument is a novel one.  I understood it

9  that Your Honor would rule on the personal jurisdiction that

10 way.

11         We happen to disagree.  We happen to disagree

12 about the statutory framework.  They're both novel

13 arguments, admittedly.  And Your Honor, we just think you're

14 incorrect in your analysis, but respect it nonetheless.  I

15 will move onto the lift stay.

16         THE COURT:  All right.

17         MR. GALARDI:  Your Honor -- go ahead.

18         THE COURT:  Well -- let me ask the debtor if it

19 wishes to have a say with respect to the motion to dismiss.

20         MR. GALARDI:  You win without saying anything.  I

21 hope not.

22         MS. HENDERSON:  Your Honor, we certainly agree

23 there's nothing extraordinary here.  We agree with every

24 comment Your Honor has made so far from the bench in respect

25 to the motion to dismiss.

1          Obviously, this is not a state court action.  We

2   do not believe the first to file rule applies and we do

3   believe venue is proper and we also believe this is core.

4   Having said all of that, I see no reason to burden the Court

5   with a presentation unless the Court would like me to do so.

6   We've made rather extensive submissions.  I think our

7   arguments are well laid out, so we'll proceed as Your Honor

8   wishes in that respect.

9          THE COURT:  That's -- I think it would be prudent

10  of you just to sit down.

11          MS. HENDERSON:  Thank you, Your Honor.

12          THE COURT:  But I appreciate the offer.

13          MS. HENDERSON:  Be happy to do so.

14          MR. GALARDI:  Your Honor, I don't know if now is

15  the right time, but we would ask Your Honor to certify the

16  issue to the Third Circuit on the personal jurisdiction

17  matter.  We can do that by written submission after this

18  hearing, but we will -- on both of the issues, because we

19  think that they are novel and they are statutory

20  interpretations that the Third Circuit will need to rule on.

21          THE COURT:  Well, you will need to file a motion.

22          MR. GALARDI:  Fine.

23          THE COURT:  I don't know when the next omnibus

24  hearing is, but I will consider it promptly.

25          MR. GALARDI:  Thank you, Your Honor.

 1                    THE COURT:  Understand though that --

 2                    MR. GALARDI:  Much depends on the next --

 3                    THE COURT:  -- I don't think this particular

 4    adversary has much to do with the -- doesn't strike me that

 5    this particular adversary has much to do with the overall

 6    progress of the case.

 7                    MR. GALARDI:  Okay.

 8                    THE COURT:  And it strikes me that that might be

 9    a factor weighing against certification, but I haven't

10    thought about those issues and I will certainly consider

11    them if presented by motion.

12                    MR. GALARDI:  Thank you, Your Honor.  Moving out

13    of the automatic stay, I think -- and I will proceed and I

14    think Mr. Doss agrees with the way we will proceed.  Your

15    Honor, the first thing is I would like to hand up to the

16    Court a binder of exhibits that I believe are agreed to, to

17    be submitted.

18                    THE COURT:  Thank you.

19                    MR. GALARDI:  And I will just walk through those

20    so that we can have those marked and admitted into evidence.

21    And if there's an issue with Mr. Doss -- I don't think there

22    is, but it's been fast paced since this weekend, so I will

23    give him an opportunity to raise any objection, Your Honor.

24                    The first Your Honor, is the declaration of Mr.

25    Warren Beatty.  I don't believe there's any objection to its

1  being submitted now.  They have had an opportunity to cross-

2  examine and take his deposition.

3       THE COURT:  Is this the one I had seen

4  previously?

5       MR. GALARDI:  Yes, it is.  The exact same one,

6  Your Honor, with the two exhibits attached there too, an A

7  and a B.  And I don't believe Mr. Doss has any objection to

8  that being submitted.

9       MR. DOSS:  No objection, Your Honor.

10      THE COURT:  All right.

11      (Beatty Exhibit 1 received in evidence.)

12      MR. GALARDI:  Your Honor, the next exhibit -- so

13  that -- I guess that will be Beatty 1, we will call that.

14      Your Honor, what we would propose to introduce is

15  Beatty 2, and again, I don't think there's objection is the

16  August 26th, 1985 agreement between Mr. Beatty and Tribune

17  Media Services.  It's been attached to their documents and

18  our documents and I don't believe there's any objection to

19  its submission.

20      MR. DOSS:  No objection.

21      THE COURT:  All right.

22      (Beatty Exhibit 2 received in evidence.)

23      MR. GALARDI:  Your Honor, the third exhibit is

24  simply the docket sheets from the currently pending action

25  in the Central District of California.  We think Your Honor

1  can simply take judicial notice of this, and we would ask

2  Your Honor, to have that admitted.  I don't know if Mr. Doss

3  had a problem with that of being submitted under judicial

4  notice.

5          MR. DOSS:  We have reviewed the binder that Mr.

6  Galardi has provided to the Court and to us, and we have no

7  objection to any of the documents.  He can go through them,

8  but we will not object.

9          THE COURT:  All right.

10       (Beatty Exhibit 3 received in evidence.)

11         MR. GALARDI:  So that would be Beatty Number 3.

12         Exhibit Number 4, Your Honor, is the complaint

13  for declaratory relief that Mr. Beatty brought in that

14  California action.  We would ask Your Honor to admit that

15  under judicial notice.

16         Your Honor, the next is a notice of the local

17  rule regarding the motion pursuant to the local rule for

18  related.  We would ask Your Honor to admit that as Beatty

19  Number 5.

20         Beatty Number 6 we propose is the certificate of

21  service with respect to the summons and that related party

22  matter, Your Honor.  We would ask to be admitted as Beatty

23  6.

24         Beatty 7 is the transfer order to the Judge that

25  was over the first case.  Your Honor, that would be Beatty

1   7.

2          We propose to introduce and have admitted as

3   Beatty Exhibit 8, the docket from the first litigation

4   between Mr. Beatty and the Tribune in the Central District

5   of California.

6          Beatty Exhibit 9, Your Honor, is the November

7   17th letter of 2006 by the Tribune Media Services to Mr.

8   Beatty; ask that to be admitted.

9          Your Honor, Beatty Exhibit 10 is actually a

10  composite exhibit.  It was Beatty 2 in the deposition.  Mr.

11  Doss had introduced this in Mr. Beatty's deposition.  It

12  consists of one, an October 3 letter with no attachment

13  although it does refer to an attachment; an October 10th

14  letter from Ms. Elizabeth Weller to Mr. Shepherd, which had

15  an enclosure, and the enclosure is a document -- a contract

16  between Turner Classic Movies Inc. and Mr. Beatty, and that

17  is a fully executed document.

18          And then the final part of proposed Beatty

19  Exhibit 10 is a letter dated October 29th, 2008 which amends

20  that July 26th agreement.  So we would ask that those be

21  admitted and Mr. Doss did have an opportunity to review that

22  one as well.

23          Your Honor, one I don't think we included in Mr.

24  Doss' binder, but I don't think he will have any objection,

25  is the actual complaint filed in this action.  We would ask

1  that to be marked as Beatty Exhibit 11.  It is the complaint

2  filed by Tribune Media Services that is the subject of the

3  adversary proceeding.

4       MR. DOSS:  No objection and it is in our binder.

5       (Beatty Exhibits 4 through 11 received in evidence.)

6       MR. GALARDI:  Okay.  We must have done better

7  than I thought.

8       And finally, Exhibit 12 Your Honor, we have the -

9  - we would ask to file it under seal, Your Honor.  Mr. Doss

10 has no objection I believe and he's seen it, it is the

11 proposed Dick Tracy special that was to be aired on Turner

12 Movie Classics -- we would ask that since it's not been

13 syndicated is proprietary, it's confidential.  We would ask

14 to submit that to Your Honor for review as Beatty Exhibit

15 12.

16      MR. DOSS:  Your Honor, this DVD which Mr. Galardi

17 proposes to introduce, we don't object to its introduction

18 in this case for whatever relevance it may have.  We do

19 object to its being admitted under seal.  We do not believe

20 there is any confidentiality concerns, given that I believe

21 this is the DVD that Mr. Beatty identifies in this

22 declaration as one that was anticipated to be telecast.

23      And for those reasons, I don't know what basis

24 there would be for it being filed under seal.  The bottom

25 line is we do not consent to it being filed under seal, but

1  we do not object to its admission before this Court.

2            MR. GALARDI:  Your Honor, we would request that

3  it be permitted to be introduced under seal because it is a

4  television special to be aired that has not been aired.  And

5  obviously, it is confidential and proprietary at this point

6  in time.

7            THE COURT:  Is there an anticipated broadcast

8  date?

9            MR. GALARDI:  Your Honor, there was but because

10 of this litigation it has been delayed until the rights can

11 in fact be determined.  It is property of Mr. Beatty and/or

12 the Turner Movie Channel.  And so, we would ask that it be

13 under seal.

14           THE COURT:  All right.  Beatty 1 through 12 are

15 admitted.  Beatty 12 will be admitted under seal.  The

16 objection is overruled.  This is a DVD yet to be broadcast

17 publicly and so by bench order, I will order that it remain

18 under seal until further order of Court.

19      (Beatty Exhibits 1 through 12 received in evidence.)

20           MR. GALARDI:  Thank you, Your Honor.

21           Your Honor, now just to go through the argument,

22 I think with what we have set forth in the declaration, Your

23 Honor is very familiar with the standards to lift the

24 automatic stay.  Essentially, there are three factors that

25 this Court should, in fact, review.

1    One is the prejudice to the debtors and the

2    estate, if the stay is in fact lifted.  Second is the

3    balance of the hardships with respect to Mr. Beatty and the

4    estate.  And three, is the probable success on the merits

5    Your Honor is well familiar with all of those,

6    but I will just go through what I think the evidence has in

7    the materials that I have provided to you with respect to

8    each of these elements.

9    THE COURT:  Now the -- just to help you along,

10   the probable success element is one that has a very low

11   threshold and I think you've met it here.

12   MR. GALARDI:  Thank you.

13   THE COURT:  The issue for me is the relative

14   hardships and prejudice between the two parties.

15   MR. GALARDI:  Fine.  Your Honor, going to the

16   relative prejudice and hardships, first Your Honor, what is

17   standardly a prejudice to the debtors is the breathing spell

18   but we think that has already been overcome by the mere fact

19   that the Tribune has in fact commenced litigation.  So we

20   see no prejudice to them with going forward to litigation.

21   It really comes down to in what forum to go forward with.

22   With respect to the California forum, Your Honor, I think

23   Your Honor has the following facts in front of you.

24   First, the parties have litigated in California

25   previously.  No motion to transfer venue was ever filed by

1  the Tribune to move that case to Chicago, to Illinois, to

2  Delaware, to Florida, but was simply removed from California

3  State Court to California.  So we believe that that weighs

4  in favor of the California forum.

5          Your Honor, we also agree -- we also believe that

6  because the matter has been determined by a Judge to be

7  related to and I understand that the Tribune may have

8  arguments that that order can be -- is avoidable or that

9  they have more time to respond to our related to motion, but

10  the docket does show that we filed a motion.

11          The docket does show -- and I will point Your

12  Honor to an exhibit.  Beatty Exhibit 6, Your Honor, notes

13  that this was served on November 25th, 2008.  Your Honor, we

14  have cited the local rule which gave them a particular

15  period of time to respond.  That time expired before the

16  commencement of this bankruptcy case, although I admit that

17  the order entered by the Judge was entered after the

18  expiration of that period.

19          But even under 108(b) or 108(c), Your Honor, you

20  would not be able to extend that period.  I understand that

21  Tribune may have a different reading of the local rule.  But

22  Your Honor, at least that Judge has had related to related

23  matters.  I understand there also is a declaration that they

24  will submit in response to that.

25          THE COURT:  Let me ask this.  Under the current

1    state of Third Circuit law, is the district court's order

2    valid?

3              MR. GALARDI:   I think it's avoidable, not void ab

4    initio, Your Honor.   That's my understanding, but I could be

5    wrong.   It could have changed.

6              Your Honor, the next part is that this litigation

7    in California, as I mentioned before, would fully dispose of

8    the issues raised.   It is simply mirror image of the

9    declaratory relief.   If Mr. Beatty prevails that he began

10   principal photography on a television special, the property

11   interest that the debtors have and seek under 541 is simply

12   that reversionary interest in the contract.

13             If he does not prevail, they have the television

14   rights.   But that is the fundamental contractual issue to be

15   litigated in this matter and that Court can easily dispose

16   of the issue.   Your Honor, the debt -- Mr. Beatty is not

17   seeking any monetary relief.   And I don't think that -- they

18   haven't been able to contest that any of the witnesses, none

19   of them is a Delaware resident, is a Delaware party, except

20   for the fact that Tribune Media Services happens to be in

21   this bankruptcy court.

22             The witnesses include, as we went through the

23   long list of witnesses in Mr. Beatty's declaration.   On the

24   issue of principal photography, he's identified himself, his

25   business manager, people from Turner, people from Disney,

1  who would all testify to the fact that principal photography

2  of a television special commenced in California.

3        THE COURT:  And some of the case law cited by the

4  debtor here says, well you know what?  Most of the activity,

5  pre-trial activity especially in the way of discovery is

6  going to occur out there anyway.  So if that's true, what's

7  the prejudice to your client?

8        MR. GALARDI:  Your Honor, the issue is not simply

9  where the discovery is going to be held.  It's where you

10  would actually have to have a trial, where you would conduct

11  the discovery and the expense of the discovery.  How it will

12  affect two counsel as opposed to one counsel.

13        And then when we get to the merits of the

14  litigation, Your Honor, there's really two issues which they

15  have no explanation for, I believe, when you go to the

16  merits.  I know it's a low threshold but I think we've

17  established far more than that.

18        One, I don't think there's a contest that the

19  principal photography has happened.  Two, I would draw Your

20  Honor's attention to what I have marked as Exhibit 9 --

21  wait, let me make sure I've got it right.  It's actually

22  Exhibit 10, Your Honor.  The fact of the matter is, on

23  Exhibit 10, which if you look at Bates number three pages

24  in, there is a contract with Turner Classic Movies that says

25  they're going to produce a television special.

1              If you go to Paragraph 4 of that, principal

2    photography would commence before November 1st.  And if you

3    look at the last page that I mentioned, Your Honor, that was

4    extended.  There is the production of a television special.

5    There will be people to the extent that anyone challenges

6    the nature of what's a quote "television special," Your

7    Honor.

8              That would be litigation by an expert or by

9    people in California.  But to bring all of that back and to

10   force everybody to come back to this court to then have a

11   trial on that matter would be an additional burden and cost.

12   So we do think that there is prejudice.  Again, Your Honor

13   has ruled that this Court may have personal jurisdiction

14   over Mr. Beatty.  We still contend otherwise.  But even

15   though you have nationwide service of process to get him

16   here, does not mean it's not inconvenient.

17             It does not mean it is not expensive.  It does

18   not mean that it will have additional costs.  Indeed,

19   counsel to the Tribune and we would have to do subpoenas

20   through California courts to do all the depositions and

21   discoveries there and the witnesses are available there.

22             THE COURT:  You know and oddly enough, this is a

23   venue motion within a lift stay motion.  And I'm not saying

24   the arguments you make aren't pertinent to the lift stay,

25   but the venue motion that you filed wasn't really a typical

1    venue motion.  So --

2              MR. GALARDI:  Your Honor, I disagree.  Because

3    the real question is, whenever you have litigation the

4    courts have held clearly that cause is a standard to apply

5    when you have pending litigation.  The question is what's

6    the prejudice?  The prejudice goes to one, where the

7    witnesses are.  Two, the fundamental prejudice that the

8    legislative history says it will -- as I -- and I will quote

9    it, "Will often be more appropriate to permit proceedings to

10   continue in their place of origin when no great prejudice to

11   the bankruptcy estate would result."

12             Mr. Beatty chose a forum.  You would be

13   overriding Mr. Beatty's choice of a forum to litigating.

14   That is a fundamental prejudice to Mr. Beatty, regardless of

15   whether Your Honor has personal jurisdiction.

16             THE COURT:  I completely disagree with that

17   proposition and I would be surprised if you could find case

18   law in the bankruptcy context that would support it.  That's

19   the type of override that occurs all of the time.  Every

20   creditor in this court is here involuntarily.

21             MR. GALARDI:  Your Honor, but --

22             THE COURT:  In fact, the debtors would tell you

23   they probably don't want to be here either.

24             MR. GALARDI:  Well, Your Honor, there's two

25   things.  Not every creditor is here involuntarily because by

1 being a creditor that means they filed a claim, which means

2 they submitted to this jurisdiction.

3        THE COURT:  Well, you know what I mean.

4        MR. GALARDI:  I understand -- I understand what

5 you're --

6        THE COURT:  They would prefer to have resolved

7 whatever dispute they have in another forum, just like your

8 client.  That's no different here.

9        MR. GALARDI:  Your Honor, again --

10        THE COURT:  And by the way, I take no offense at

11 that either, so -- I'm in a place where nobody --

12        MR. GALARDI:  Your Honor, I understand you don't

13 take offense to it, but Your Honor, the fact of the matter

14 is then Your Honor is seeing any litigation that is pending

15 in another matter, that is related to a previous matter with

16 a court that has seen this contract before and looked at the

17 provisions before as not a sufficient basis, not sufficient

18 prejudice to over -- so then Mr. Beatty, one, can't his

19 choice of forum.  Two, hasn't filed a claim to come here.

20 Three, must endure the expense of bringing witnesses here or

21 do everything by deposition or other written testimony to

22 have a trial on a matter that may just simply go to what's

23 the nature of a television special which is -- I hate to say

24 it -- a California issue where California executives will be

25 asked if they even raise an issue of a television special

1  will be asked expert or fact witness what that means.  That

2  seems to me --

3              THE COURT:  Mr. Galardi?

4              MR. GALARDI:  Yes?

5              THE COURT:  Well -- here's what -- in response to

6  your comment that that means no one would ever try anything

7  anywhere else when a bankruptcy is filed -- my words, not

8  yours -- but I think that was the import of your words --

9  are routinely asked the question of the debtor and I will

10 hear as I've tested you --

11             MR. GALARDI:  Uh-huh.

12             THE COURT:  -- by not in California for the very

13 reasons that you've indicated.  And even if I were to deny

14 relief from the stay, it would likely without prejudice

15 because one of the things I routinely discuss with debtors

16 as these motions come up, and they virtually always do in

17 every case of any size, and that is if the case isn't going

18 to be tried before this Court, and I'm not determining the

19 core/non-core issue, jury trial/non-jury trial issue today,

20 you're going to have to try it somewhere -- why not there?

21             So I often and regularly make distinctions, and

22 frankly as I think I might have mentioned to you before, I

23 don't stand on the street corner, looking for business.  I

24 have plenty that comes my way.  But I think my role is to

25 determine what I should do under the circumstances as it's

1  framed for me by applicable law and rule.

2          MR. GALARDI:  And I understand that, Your Honor.

3  And again, if you go through the applicable standard, the

4  breathing spell standard doesn't apply.  There is no

5  breathing spell here.  That's usually what a debtor will

6  argue, delay until such time as I can address it or address

7  it in the claims process.  That's not the circumstance here.

8          THE COURT:  Well they've apparently decided not

9  to delay it by having commenced the adversary.

10          MR. GALARDI:  Correct.  So the question is, you

11  can them, why here as opposed to there.

12          Second is Your Honor, clearly there will be an

13  additional expense on Mr. Beatty and the parties, and in

14  particular on Mr. Beatty.  Your Honor, I think you've

15  challenged me to find a bankruptcy case, but I believe there

16  are bankruptcy cases that there is no reason just because

17  you're in bankruptcy, a plaintiff in a pending action's

18  choice of forum is not given great weight.  That can't be

19  the case, Your Honor.

20          THE COURT:  I didn't say it was irrelevant.  I

21  just meant it was not a determining factor.

22          MR. GALARDI:  I agree it may not be the

23  determining factor.  So again, I will challenge then to say

24  what's the harm to litigating in California as opposed to

25  here?  And what's the central purpose, understanding that

1   again, not a threat -- understanding legal rights, we've

2   said it before, abstentions, withdrawal, jury trial --

3   issues will all still -- are still all right for motions to

4   go in this case.

5         And the fact of the matter is the witnesses, yes

6   they can be deposed there.  Your Honor would read it on a

7   record such as a videotape deposition.  You understand our

8   view on certain videotape depositions; I understand yours.

9   A written record --

10         THE COURT:  Only made a decision about one.

11  That's --

12         MR. GALARDI:  I understand, but if I didn't carry

13  my burden there, I know where Your Honor will rule in the

14  future.  With respect to experts and other testimony and

15  reports, the discovery will go forward in California.  And

16  in order to bring this to trial here, it will impose an

17  additional expense on Mr. Beatty and on this Court, because

18  we will have to do it on either a cold record or have people

19  come to Delaware.

20         Where in Los Angeles where the case the pending,

21  they are accessible, trial subpoenas can be issued and those

22  people can appear readily.  Though they'll be deposed first,

23  they can readily appear at a trial before a court, no

24  disrespect -- I don't know how much Your Honor has done the

25  television special versus non-television specials, but

1  they're familiar with those issues --

2          THE COURT:  I've done none and frankly, that's

3  what's kept me in this business for thirty years, because

4  there's always something --

5          MR. GALARDI:  At least you will find it

6  fascinating.

7          THE COURT: -- always something new coming up.

8          MR. GALARDI:  I understand, Your Honor.  I can

9  relate to that same fact.

10          Your Honor, and you've already looked at and, you

11  know, said that the threshold is low on the prejudice.  Your

12  Honor, again, I think if you look at the doc --

13          THE COURT:  On the probable success.

14          MR. GALARDI:  On the probable success, on the

15  merits, Your Honor, we think we've satisfied that standard.

16  Again, there is no dispute regarding the principal

17  photography.  There is a document and we've heard no

18  evidence to the contrary that it was a television special,

19  Your Honor, and that was the sole issue raised in the

20  complaint, which is the sole issue in the declaratory

21  judgment.

22          So we think we can proceed in the court in which

23  we are in, on a jury trial should we have that right and to

24  do expeditiously.  And I know Your Honor's calendar, so I

25  would add that, but that will be abstention issue at some

1    point.  Thank you.

2              THE COURT:  Thank you.

3              MR. DOSS:  Good afternoon, Your Honor.  Mike Doss

4    on behalf of Tribune Media Services and I should start by

5    saying I'm happy to be here despite your earlier comments

6    about whether one would be happy.

7              What I propose, the procedure I will follow

8    similar to Mr. Galardi, would be to be first present and

9    introduce evidence that we would offer on the motion to lift

10   stay and then present a brief argument on that.

11             THE COURT:  All right.

12             MR. DOSS:  In this regard, if I could approach

13   the Court with a binder of exhibits?

14             THE COURT:  Oh, by the way.  I did sign the

15   agreed order that the parties had submitted on the video

16   deposition --

17             MR. GALARDI:  Thank you, Your Honor.

18             THE COURT:  -- today.

19             MR. DOSS:  Thank you, Your Honor.  And I will

20   move through the exhibits in somewhat similar fashion to Mr.

21   Galardi.  I believe that we have no objection as to the

22   lion's share of these and we can hear from Mr. Galardi if we

23   do.

24             The first is a declaration from Michael A. Parks,

25   former counsel for Tribune, currently at Kirkland & Ellis,

1    and Mr. Parks' declaration was previously submitted to the

2    Court.  It concerns the 2005 litigation with Mr. Beatty.

3    And on that exhibit it includes exhibits, Sub-Exhibits A, B,

4    C, D, E, F, G, H, I, J, K -- all of which are documents

5    related to the 2005 litigation and would move for the

6    admission of Mr. Parks' declaration as if he testified here

7    today, as well as the exhibits that he has identified in his

8    declaration move into evidence at this time.

9              THE COURT:  Is there any objection?

10             MR. GALARDI:  No objection, Your Honor.

11             THE COURT:  All right.  Submitted without

12   objection.

13        (Debtors' Exhibit 1 received in evidence.)

14             MR. DOSS:  Your Honor, the next declaration is

15   from Stephen Tippie, Vice President of Licensing for Tribune

16   Media Services and that also includes exhibits.  Mr. Tippie,

17   I should have begun my introductions with introductions of

18   who is in the courtroom today on behalf of Tribune Media

19   Services for the lift stay motion.  Mr. Tippie is present in

20   the courtroom and available to testify in this matter

21   related to his declaration.

22             I should also introduce Brenda Healy (phonetic)

23   who is counsel for Tribune, who is present in the courtroom

24   as well.  Your Honor, I would plan to call Mr. Tippie, in

25   order to identify his declaration.  And then after a

1    foundation has been laid, to move it into evidence and to

2    allow the Court and Mr. Galardi, if they wish, to question

3    Mr. Tippie on any matters raised in the declaration.  I do

4    not know whether Mr. Galardi wishes me to proceed in that

5    fashion.  I'm happy to do so.

6              MR. GALARDI:  Can we go to the next two exhibits

7    while I just think about one thing going through my head?

8              MR. DOSS:  Certainly.  I will move on to the next

9    two exhibits and then we can decide how to proceed with Mr.

10   Tippie.

11             Exhibit 3, Your Honor, is a redacted copy of a

12   portion of the deposition of Mr. Warren Beatty, which took

13   place last week on Thursday, July 23rd, and we will be

14   highlighting certain testimony from that deposition as it

15   relates to some of the issues raised in the lift stay

16   motion.  This, as you will see, is a redacted version of --

17   heavily redacted version of the deposition transcript.  It

18   only includes certain passages that we intended to rely upon

19   today and we would ask to admit those passages into evidence

20   as if Mr. Beatty were to have testified to these matters in

21   the courtroom.

22             THE COURT:  Is there any objection?

23             MR. GALARDI:  No, Your Honor.

24             THE COURT:  Submitted without objection.

25         (Debtors' Exhibit 3 received in evidence.)

1          MR. DOSS:  The last exhibit, which is Tribune

2    Media Services, Exhibit 4, is similarly excerpts from a

3    deposition transcript.  This is a deposition of Jeffrey

4    Bacon who Your Honor may remember was identified in Mr.

5    Beatty's declaration as his business manager.  And this too,

6    includes a redacted testimony on a single point that we

7    raised in Mr. Bacon's testimony, and we would ask to admit

8    into evidence Tribune Media Services 4 as if Mr. Bacon were

9    to have testified to this fact.

10          THE COURT:  Any objection?

11          MR. GALARDI:  No, Your Honor.

12          THE COURT:  Submitted without objection.

13      (Debtors' Exhibit 4 received in evidence.)

14          MR. DOSS:  Moving back to Tribune Media Services

15    Exhibit 2, again the declaration of Mr. Stephen Tippie.  I'm

16    more than happy to call him to the stand.  I just didn't

17    want to call him to the stand if there was not going to be

18    questions for anybody.

19          MR. GALARDI:  Your Honor, may I take one moment

20    to talk to Mr. Doss?

21          THE COURT:  Yes, you may.

22          MR. GALARDI:  Thank you.

23      (Counsel confers.)

24          MR. DOSS:  Your Honor, perhaps it will expedite

25    matters for me to call Mr. Tippie and to proceed in that

1  fashion.  So Tribune Media Services calls Stephen Tippie to

2  the stand.

3        (Witness summoned.)

4            THE CLERK:  Please remain standing.  Raise your

5  right hand.  Place your left hand on the Bible.

6            STEPHEN TIPPIE, DEBTOR'S WITNESS, SWORN

7            THE CLERK:  Please state your full name for the

8  record and spell your last name.

9            THE WITNESS:  Stephen Powell Tippie.  T-i-p-p-i-

10 e.

11            THE CLERK:  Please be seated.

12                      DIRECT EXAMINATION

13 BY MR. DOSS:

14 Q    Mr. Tippie, I will begin by handing to you a binder

15 that is the same binder that I have in front of me and that

16 the Court has in front of it.

17      If we could begin sir, if you could first tell us

18 where you are currently employed.

19 A    I'm employed by Tribune Media Services.

20 Q    What is your position at Tribune Media Services?

21 A    I'm Vice President of Licensing.

22 Q    How long have you been Vice President of Licensing at

23 Tribune Media Services?

24 A    Since 2004.

25 Q    And how long have you been with Tribune Media Services

1  in your career?

2  A     Fifteen years.

3  Q     What positions did you hold before taking the position

4  as Vice President of Licensing?

5  A     I held the positions of Vice President of Marketing,

6  and Director of Marketing and Business Development.

7  Q     Mr. Tippie, in your role as Vice President of

8  Licensing, what responsibilities if any, do you have

9  concerning the Dick Tracy property?

10  A     I'm responsible for managing and monetizing all

11  licensing aspects of the property including film,

12  television, stage, video games, all merchandising,

13  publishing, and I'm also responsible for managing and

14  maintaining the reputation of the property.

15  Q     Mr. Tippie, if you could open up the binder in front

16  of you and look behind Tab Number 2, which is about halfway

17  through the binder.  And if you have that open it should at

18  that top of that first page say Declaration of Stephen

19  Tippie.  Do you see that?

20  A     Yes, I do.

21  Q     And at the bottom, it should say TMS 2, do you see

22  that?

23  A     Yes, I do.

24  Q     If you would take a moment, sir, and review that

25  document as well as the attached exhibits A, B, and C.

1           (Witness reviews exhibits.)

2    A     I've reviewed it.

3    Q     Mr. Tippie, is this your declaration in this action?

4    A     Yes, it is.

5    Q     And does your signature appear on Page 5 of the typed

6    declaration?

7    A     Yes, it does.

8    Q     Do you today adopt this declaration as your testimony,

9    your affirmative testimony before the Court?

10   A     I do.

11          MR. DOSS:  Your Honor, we would with that

12   introduction, move for the admission of TMS Number 2, along

13   with the accompanying exhibits A, B, and C, and would submit

14   him for questioning by Mr. Galardi or the Court on the

15   subjects in the declaration.

16          THE COURT:  Any objection?

17          MR. GALARDI:  No, Your Honor.

18          THE COURT:  All right.  Submitted without

19   objection.  So all of the Tribune Media Services Exhibits 1

20   through 4 have been admitted.

21       (Debtors' Exhibit 2 received in evidence.)

22                       CROSS-EXAMINATION

23   BY MR. GALARDI:

24   Q     Good afternoon, Mr. Tippie.  My name is Greg Galardi,

25   counsel to Warren Beatty.

1      Mr. Tippie, is there any prejudice to the Tribune

2 Media Services to have this litigation go forward in

3 California?

4 A     Mr. Galardi, that to my mind is a legal matter and

5 it's not something that I'm -- I believe I'm capable of

6 giving an answer to.

7 Q     Well let me ask you this.  Does it interfere with the

8 marketing rights?

9 A     Again, the venue of the trial -- it doesn't interfere

10 with my current marketing rights.

11 Q     Does it interfere with any ability to generate

12 revenues for the Tribune Media Services?

13          MR. DOSS:  Your Honor, I object to this line of

14 questioning as Mr. Tippie's declaration contains not one

15 sentence or paragraph on the issue of the selection of the

16 forum.  So I would object this is outside the scope of his

17 direct --

18          THE COURT:  I will allow it.  Overruled.  You may

19 answer sir, if you're able.

20          THE WITNESS:  I'm sorry.  Could you repeat the

21 question?

22 BY MR. GALARDI:

23 Q     Does it affect any ability of TMS or Tribune Media

24 Services to obtain revenues?

25 A     No sir, only in extent that it would prolong any

1    resolution of the cloud of the rights.

2    Q      And do you have any reason to believe that the

3    California Court couldn't resolve this quickly?

4              MR. DOSS:  Objection, lack of foundation.

5              THE COURT:  Sustained.

6    BY MR. GALARDI:

7    Q      You used the word prolong.  What did you mean?

8    A      Continued cloud over the rights.

9    Q      Okay.  Now, let me ask you.  Mr. Tippie, did -- were

10   you involved in the negotiations with respect to the

11   agreement with Mr. Beatty?

12   A      No, I wasn't.

13   Q      Now, Mr. Tippie, in your declaration, Paragraph 2, you

14   say that TMS is the owner of the copyright and other rights

15   in the Dick Tracy property.

16   A      Yes.

17   Q      Is that correct?

18   A      That's correct.

19   Q      Now are you assuming that Mr. Beatty's rights have

20   reverted in that sentence or are you speaking about other

21   rights?

22   A      Again, whether the rights have reverted is -- to my

23   mind is legal issue and I can't comment on a legal issue.

24   Q      Well prior to November 17th, 2008 --

25   A      Yes.

1   Q      -- did the Tribune have property rights to the

2   production of feature films, television series, or a

3   television special?

4   A      No.

5   Q      Mr. Tippie, were you involved in the prior litigation

6   between Mr. Beatty and Tribune Media Services?

7   A      Which -- I'm sorry, sir.  Which litigation?

8   Q      The litigation in California in 2004, I believe it

9   was.

10  A      I was Vice President of Licensing at the time.

11  Q      So were you involved in your capacity -- in that

12  capacity in that litigation?

13  A      Not directly in the litigation.

14  Q      Okay.  Now Mr. Tippie, you mentioned that since 1990,

15  there's been no motion picture or television series.  Is

16  that correct in your deposition -- in your declaration?

17  A      That is correct.

18  Q      Has there been a television special?

19  A      Not to my knowledge.

20  Q      Now under the contract, is Mr. Beatty permitted to

21  have it -- to do a television special to satisfy the

22  contract?

23  A      Under the contract terms that I've read, yes.

24  Q      And you are familiar with the contract.

25  A      Yes, I am.

1  Q    And that is part of your responsibilities to be

2  familiar with the provisions of that contract.

3  A    Yes, it is.

4  Q    And in your declaration, I believe you used the words,

5  you've been stymied to realize value from that contract.  Is

6  that correct?

7  A    That's correct.

8  Q    And what has stymied you, sir?

9  A    The ability to use a major motion picture or a

10 successful television series as what's essentially a -- sort

11 of a head of the waterfall licensing opportunity to make the

12 subsequent licensing rights, the other licensing rights,

13 merchandising, et cetera, more valuable.

14 Q    Is there anything in Mr. -- in this contract that

15 requires Mr. Beatty to ever do a motion picture or a

16 television series?

17        MR. DOSS:  Objection, Your Honor; beyond the

18 scope of his examination.  He hasn't been offered up on the

19 issue of the meaning of the agreement that is entered into

20 between TMS and Mr. Beatty in 1985.

21        MR. GALARDI:  Your Honor, I am simply asking him

22 whether -- he says he's familiar with the contract --

23 whether there's anything in this contract that requires Mr.

24 Beatty to do a motion picture or television series.  His

25 declaration goes exactly to that topic.

1           THE COURT:  Well stated that way, I will allow

2  that question.

3  BY MR. GALARDI:

4  Q     Is there anything in his contract that requires Mr.

5  Beatty to do a motion picture or television series?

6  A     No.

7  Q     Now I go back to -- in the ordinary course of your

8  responsibilities, have you reviewed the history of the -- of

9  Mr. Beatty's ability to -- strike that.

10          In the course of your duties, have you determined

11  whether any television special has ever been done since

12  1990?

13  A     In the course of my duties, I'm aware of an instance

14  where a television special was an issue that -- again

15  though, that was a legal issue and I was not -- at the time

16  -- I'm aware of it after I became Head of Licensing, but I

17  was not a part of the licensing operation at the time of

18  that -- of that issue.

19  Q     Okay.  And do recall whether the Tribune took a posi -

20  - agreed to deem that special a television special?

21          MR. DOSS:  Objection, Your Honor; vague and

22  ambiguous.  I don't know what he's -- Mr. Galardi's

23  referring to.

24          MR. GALARDI:  Your Honor, may I approach the

25  witness?

1          THE COURT:  You may.  You going to mark this, Mr.

2    Galardi?

3          MR. GALARDI:  Yes.  I guess I'm up to --

4          THE MONITOR:  Thirteen.

5          MR. GALARDI:  Thirteen.

6          THE COURT:  You're up to 13.

7    BY MR. GALARDI:

8    Q     Mr. Tippie, have you ever seen this document before?

9    A     Yes, I have.

10   Q     And I draw your attention to Paragraph 1 of this

11   agreement.  Does that refresh your recollection of the

12   television special?

13   A     Yes, it does.

14   Q     And did the Tribune Media Service determine that the

15   Nancy Kerrigan Ice Skating Special is deemed by TMS to be a

16   quote "television special?"

17          MR. DOSS:  Objection, Your Honor; lack of

18   foundation.  I believe Mr. Tippie earlier testified he

19   wasn't involved in this exchange back in 1995.

20          THE COURT:  Any response?

21          MR. GALARDI:  Your Honor, I'm just asking him if

22   that's what those words are and I think this is admission

23   against interest.

24          THE COURT:  Sustained.

25   BY MR. GALARDI:

1    Q      Is that what those words say?

2    A      According to this document, yes --

3              THE COURT:  The objection was sustained.

4              MR. DOSS:  The objection was sustained.

5              MR. GALARDI:  Oh, the objection was -- I'm sorry,

6    Your Honor.

7              THE COURT:  Yes.  It's okay.

8              MR. GALARDI:  Your Honor, I would move into

9    admission, into evidence the Beatty Exhibit 13.

10             THE COURT:  Is there any objection?

11             MR. DOSS:  No objection, Your Honor.

12             THE COURT:  Submitted without objection.

13         (Beatty Exhibit 13 received in evidence.)

14   BY MR. GALARDI:

15   Q      What was the first date that Mr. Beatty was ever

16   provided notice of a requirement to fulfill his contractual

17   obligations by Tribune Media Services?

18             MR. DOSS:  Objection, lack of foundation.

19   BY MR. GALARDI:

20   Q      Your Paragraph 8 of your declaration says that on

21   November 17th, 2006, TMS served written notice pursuit to

22   Paragraph 9 of the Dick Tracy agreement of its intent to

23   affect a reversion of all rights granted to Mr. Beatty in

24   the Dick Tracy agreement.  Do you recall stating that

25   sentence?

1    A      Yes, I do.

2    Q      Was that the first time to your knowledge that Mr.

3    Beatty was ever given such a notice?

4    A      I don't know, because I'm not privy to the entire

5    history.  Or rather I'm not -- I can't recall from the

6    entire history if there was another notice of reversion.

7    That's the only one in which I was involved.

8    Q      And you don't know whether there was ever any prior

9    notice.

10    A      I can't recall.

11    Q      Do you believe that the -- have you had a chance to

12    review the Dick Tracy special?

13    A      Yes, I have.  I've seen it once.  It's not -- I

14    wouldn't call it a review.  I've seen it once.

15    Q      You've seen it once.  Do you dispute that it's a

16    television special?

17    A      You know it's -- I'm really not in a position to

18    describe exactly what the boundaries of a television special

19    are.

20    Q      Well, do you dispute it's a television special?

21    A      To my mind, it's not a television special.

22    Q      And why is that?

23    A      Because it includes no strong Dick Tracy story line,

24    no strong Dick Tracy characters.  To my mind, it's more in

25    the nature of a DVD extra.

1  Q      Did Mr. Beatty appear in that special?

2  A      Yes, he did.

3  Q      Did he appear in -- as Dick Tracy?

4  A      He appeared in the Dick Tracy costume, yes.

5  Q      And did he give an interview as Dick Tracy?

6  A      He gave an interview in the character of Dick Tracy.

7  Q      And did you ever review the Nancy Kerrigan on Ice

8  special?

9  A      No, I have not.

10  Q      You've never seen it.

11  A      No.

12          MR. GALARDI:  May I take one minute, Your Honor.

13          THE COURT:  You may.

14      (Pause in proceedings.)

15  BY MR. GALARDI:

16  Q      Do you dispute that photography began on that Dick

17  Tracy special prior to November 17th?

18          MR. DOSS:  Objection, lack of foundation.  Again,

19  this is beyond the scope of Mr. Tippie's declaration, which

20  covers none of the item that Mr. Galardi is now questioning

21  him on.

22          THE COURT:  Overruled. You may answer if you can,

23  sir.

24          THE WITNESS:  Yes, sir.  Well I only saw the

25  program -- the Beatty project program recently.  I have no

1    way of knowing when it was shot.

2    BY MR. GALARDI:

3    Q    Would the Tribune receive revenues from a television

4    special?

5    A    I'm sorry?

6    Q    Would the Tribune be entitled to revenues from a

7    television special?

8    A    The Tribune would be entitled to revenues to a

9    television special, yes.

10   Q    And if the special -- I would ask you to turn to your

11   exhibit, the agreement, Paragraph 6 and then I will ask you

12   a few questions.  Are you aware that the Tribune was sent

13   payment in $15,000?

14   A    No, I'm not.  Oh, I'm sorry.  Yes, yes, I do recall --

15   I recall a reference to a payment but I believe it was after

16   the fact.

17   Q    After what fact?

18   A    It was just -- I just recall a reference to the

19   payment.  I'm sorry I don't recall exactly when.

20   Q    Okay.  Let me ask you, are you familiar with Paragraph

21   9 of the agreement?

22   A    Yes, I am.

23   Q    Okay.  And in order for those right -- the rights --

24   and again, do you have an understanding of what Mr. Beatty

25   would have to do after receiving the November 2006 notice to

1    preserve his rights to the Dick Tracy property?

2    A    Yes, I do.

3    Q    And what would he have to do?

4    A    According to his contract, he would have to make a

5    feature film, a television series or a television special.

6    He would have to begin principal photography on one of the

7    three.

8    Q    Correct.  He would have to commence it, correct?

9    A    Yes.

10   Q    And is that what it says in the last sentence of 9?

11   I'm sorry.

12   A    No.

13   Q    And if he fails to do it, is that what -- the

14   consequence as set forth in the last sentence of Paragraph

15   9?

16   A    The last sentence in Paragraph 9 in my copy reads, a

17   true and correct copy of this November 18 --

18   Q    I'm sorry.  Paragraph -- I'm sorry, I'm asking you

19   about the contract paragraph 9, my apologies -- the

20   reversion paragraph.  My apologies.

21   A    I'm sorry.  Could you repeat the question?

22   Q    Strike it -- it's not in the document.

23        Is there any requirement that the television special,

24   or a motion picture or a television series be aired under

25   the contract as you understand it?

1    A      Not to my knowledge.

2    Q      Is there anything that requires the television program

3    or a motion picture or a television series to be completed

4    within a certain time frame after principal photography is

5    commenced?

6             MR. DOSS:  Your Honor, I again object on

7    foundation grounds.  Mr. Tippie has not been offered up and

8    is not declared on the substance of the agreement between

9    Mr. Beatty and Tribune Media Services.

10            MR. GALARDI:  Your Honor, the Paragraph 5 talks

11   about they entered into an agreement and I understood him to

12   understand and I'm not asking him a legal question.  I'm

13   just asking him to his knowledge of whether there is a

14   provision in the contract, to his knowledge, that required

15   this.

16            THE COURT:  Well, I think that debtors' counsel

17   has correctly --

18            MR. GALARDI:  I would also draw your --

19            THE COURT:  -- outlined the limitations of the

20   declaration that's been offered.  But as to the form of the

21   question, I see no objection.  I will allow it, if he knows.

22   BY MR. GALARDI:

23   Q      If he knows.

24   A      I'm sorry, could you repeat the question.

25   Q      Is there any time frame after principal photography

1   commences that a television series, motion picture, or

2   television special must be completed by Mr. Beatty?

3   A      According to the terms of the contract, no.

4              MR. GALARDI:  No further questions, Your Honor.

5              THE COURT:  Is there any redirect?

6              MR. DOSS:  No, Your Honor.  Thank you, Mr.

7   Tippie.

8              THE COURT:  Thank you, sir.  You may step down.

9         (Witness excused.)

10             THE COURT:  All right.  Any further evidence in

11  opposition to the motion?

12             MR. DOSS:  No further evidence other than what

13  has been admitted, which is the entirety of the binder that

14  we have submitted -- TMS 1, 2, 3, and 4 and the accompanying

15  underlying exhibits.

16             THE COURT:  All right.

17             MR. DOSS:  And I would now proceed with our

18  argument, Your Honor, which I will focus on two of the items

19  that have been put in issue.  One concerns the question of

20  what is the most efficient and productive forum for this

21  dispute to be resolved in.

22             THE COURT:  That's a very good question.  And in

23  determining that, I am mindful of the argument that the

24  movement here has made.  And that is on the core, non-core

25  issue, the Court has to look behind or rather, I guess, get

1   to the bottom of what dispute is it's being asked to

2   resolve.  And here, despite the fact that the form of the

3   relief requested is equitable that is declaratory in nature,

4   I tend to agree with the movement here is -- any Court would

5   have to dispose of this, would be looking at interpretation

6   of a contract.  I mean that's at bottom, an exercise

7   undertaken at law, wouldn't you agree?

8          MR. DOSS:  If it were a breach of contract

9   action, that would be an exercise undertaken at law.  This

10  is not such a dispute.  It is an equitable claim,

11  declaratory in nature concerning your -- you're correct,

12  Your Honor.  We agree that the terms of the agreement and

13  the facts surrounding the recent events are going to what --

14  lend themselves to the fact finders and law finders

15  determination of the dispute.

16         But it, at its core, is an equitable claim and

17  this Court is certainly as well positioned as a Court in

18  California to resolve such a dispute.  They aren't any

19  unique or even any California law issues that have been

20  identified.  Certainly, the basic issues of contract

21  interpretation, Your Honor is just as capable and able to

22  resolve those as any Court in California.

23         THE COURT:  Well, I appreciate that vote of

24  confidence, by the way, with which I entirely agree.

25  However, it seems to me that if I were to determine that

1  this is not a core matter, then that may lend some substance

2  to the demand for jury trial here, which means I wouldn't

3  end up trying the case anyway.

4        Now the way a motion to withdraw the reference

5  might follow -- well, typically the way it works

6  procedurally, is the motion to withdraw the reference and

7  the motion to determine non-cores are submitted at the same

8  time.  The bankruptcy court determines the core, non-core

9  issue.  But if I were to determine that it's non-core, the

10  pre-trial activity would likely occur before me and then it

11  would move across the street for trial, if it were to follow

12  the typical route of such matters.

13        But in that event, really wouldn't make a

14  difference whether it gets tried across the street or across

15  the country, would it?

16        MR. DOSS:  It would to Tribune Media Services,

17  Your Honor.  And the -- as an initial matter, we strongly

18  believe and we've argued on our motion to dismissal papers

19  as well as in our papers on the lift stay that we strongly

20  believe this is a core matter.  It's -- the issue is a

21  determination of what is property of the estate.

22        And as is reflected in Mr. Tippie's declaration,

23  parts of the Dick Tracy rights are already before Your

24  Honor, within Your Honor's exclusive jurisdiction.  The

25  merchandising rights Tribune Media Services currently holds,

1  the movie and television rights are the ones that are in

2  dispute.  So we do view this to be as you already own half

3  the baby, and we believe the whole baby should before Your

4  Honor.  But even it --

5       THE COURT:  Then wouldn't it be the case that it

6  any right based in contract that it would be a core matter?

7       MR. DOSS:  No, Your Honor.  We do -- we recognize

8  the cases that have noted that you cannot create a dispute

9  over -- make a core matter out of simply the fact that you

10  have a breach of contract action, the result of which would

11  result in damages that would come into the estate and

12  therefore it involves property of the estate.

13       That is not our case.  This is not a damages

14  claim.  Mr. Galardi highlighted that in his own argument.

15  This is a claim over a dispute over the property itself.

16  And the dispute is whether these rights reside -- and the

17  control of these rights reside entirely within Tribune Media

18  Services or within -- or a part of them -- the television

19  and movie rights remain with Mr. Beatty.  And on that front,

20  we do believe that it's indistinguishable from the cases

21  Your Honor has resolved that we cited in our motion to

22  dismiss papers.

23       THE COURT:  I know, throwing my own words back at

24  me, huh?

25       MR. DOSS:  I hope they're effectively thrown

1   back, Your Honor, because we do believe that they -- that is

2   the distinguishing characteristic.  This is not a breach of

3   contract claim where we're seeking to identify the

4   prospective damages as the property.  It is the property

5   itself that's in dispute.  And it's not even -- in fact,

6   it's a part of the property that's in dispute.  For that

7   reason, we believe its core.

8            But to get to the second part of your question,

9   Your Honor, we care about it even if Your Honor ultimately

10  were to determine for whatever reason that it's a non-core

11  matter, and were to handle the discovery and have the

12  remainder of the matter proceed in district court here in

13  Delaware.

14           This is a more convenient forum for Tribune Media

15  Services.  Tribune Media Services, Mr. Tippie traveled here

16  from Chicago.  Counsel for Tribune Media Services is in

17  Chicago.  And granted, Mr. Beatty and some of the

18  individuals who worked on his Dick Tracy project reside in

19  California.  But certainly for us, for Tribune Media

20  Services, this is a more convenient forum.  There are

21  regular proceedings before Your Honor in Delaware that lend

22  themselves to allow the parties to present their arguments

23  and allow for the efficient resolution of this matter.  So

24  we do find --

25           THE COURT:  Oh, this would be scheduled obviously

1  not on an omnibus hearing date if we got to trial.  A period

2  of time would be set aside presumably for trial, just like

3  in any other court.

4           MR. DOSS:  I understand, Your Honor, although --

5           THE COURT:  I mean I -- I mean let's talk about

6  that for a minute.  There's been no evidence submitted and

7  no argument made about the alacrity with which the

8  California court would be able to address this matter.  I

9  can tell you what the situation is here.  You know we're

10 down a District Judge slot, which is being filled by no

11 fewer than twelve visiting judges from two different

12 neighboring districts.  I don't know when that fourth slot

13 will be filled, and if so, what it means with respect to any

14 backlog.  So I mean I know what the time frame here is and

15 it -- I will tell you it's not a favorable one, I don't

16 think.

17          MR. DOSS:  We recognize Your Honor's docket is a

18 full one.

19          THE COURT:  And that's, by the way, not the

20 criticism of how hard any District Judge here works.  It's

21 simply a matter of the volume and the vacancy.

22          MR. DOSS:  I think, Your Honor, can take judicial

23 notice of your own busyness (sic), but also take judicial

24 notice that the Central District of California is one of the

25 busiest districts in the United States.  The 2008 Annual

1    Report that is issued by the judicial conference, I -- has

2    them, which we checked, has the pending caseload of over

3    10,000 cases.  Obviously, they have a greater number of

4    District Court Judges present there, but it's a very busy

5    district.

6              What is before Your Honor in the record is the

7    fact that the previous lawsuit, which between Mr. Beatty and

8    Tribune Media Services -- which Mr. Parks' declaration

9    establishes without challenge in our view, presented a

10   completely separate and distinct legal and factual issues

11   that are not present here.  But that action was filed in --

12   at the end of May 2005, and it reached decision on summary

13   judgment in August of 2007.  So a two year period passed and

14   during that time, as reflected in the record, there was no

15   significant discovery.

16             The summary judgment briefs were submitted

17   basically on declaration.  So I just note that certainly --

18             THE COURT:  Yeah, I don't -- I don't consider the

19   prior litigation as being a heavy factor in making this

20   determination.  I mean I just don't.  And I -- you know,

21   frankly I don't want to speak for other judges, but I don't

22   how much the judge would remember anyway.  And that's not a

23   criticism of the District Court in California either.

24             MR. DOSS:  Fair enough, Your Honor.  We believe

25   that this Court, given that this is a dispute over property

1    to state that this is a -- the appropriate jurisdiction.

2    And I want to highlight a couple of items on the issue of

3    potential prejudice to the parties.  You had earlier, Your

4    Honor, referenced the fact that discovery would take place

5    in the home jurisdiction of wherever the witness may reside,

6    and that has already started in the lift stay context with

7    discovery in California.  Certainly that was no different

8    had this case been pending here or in California.

9            THE COURT:  Yeah, now except arguably with the

10    party, this Court however, doesn't have the means to compel

11    attendance at a trial.

12            MR. DOSS:  And on that, I will direct Your

13    Honor's attention to Exhibit 3, which is before --

14            THE COURT:  I know.  Where they all said they

15    would be happy to stop by if asked.

16            MR. DOSS:  Exhibit 3 is a portion of Mr. Beatty's

17    deposition testimony.  And in that, Mr. Beatty acknowledged

18    that he has not asked any of the individuals listed in his

19    declaration as to whether or not they would appear

20    voluntarily in Delaware.  And so he was not in a position to

21    present any testimony that any of the individuals he

22    believes is necessary for his case, would not happily appear

23    before Your Honor, if necessary, or before any fact finder

24    in Delaware.

25            I also note that Mr. Beatty, in response to the

1   question as to whether or not this case would present a

2   financial hardship for him to proceed in Delaware, his

3   response was, I don't know.  And similarly in response to

4   the question as to whether or not he would proceed with this

5   case in Delaware, if Your Honor decided to hold on to its

6   jurisdiction, his response on that was also, I don't know.

7           Now I highlight those because there's an absence

8   of evidence on Mr. Beatty's side that proceeding here in

9   Delaware would present any prejudice to him in terms of the

10  availability of the witnesses.

11          THE COURT:  Let's talk about that for a moment

12  and come to the burden of proof.  Initially, the movement in

13  a lift stay movement has the initial responsibility to come

14  forward in support of its motion.  But ultimately, Section

15  362 provides, does it not, that the party opposing relief

16  carries the ultimate burden in a lift stay motion.  So tell

17  me here, you can tell me what you were going to tell me --

18          MR. DOSS:  Sure.

19          THE COURT: -- but focus also, if you would, on

20  how you think the debtor here has done that.

21          MR. DOSS:  We recognize the shifting burden under

22  the standard in this court.  Our interpretation is that Mr.

23  Beatty needs to come forward on each element -- each of the

24  standards on the lift stay have to -- he has to present some

25  prima facie evidence on each element.  On the question of

1    prejudice to Mr. Beatty, we have identified no affirmative

2    evidence from Mr. Beatty on the question of prejudice.  I

3    have just cited testimony where he is not able to say a

4    single witness that will not appear in Delaware.

5         I note that in the final exhibit, Exhibit 4, Mr.

6    Bacon, whose deposition was taken -- Mr. Bacon was

7    identified in Mr. Beatty's declaration as his Business

8    Manager.  And Mr. Bacon's response to whether he would

9    personally testify on Mr. Beatty's behalf in Delaware, if

10   asked by Mr. Beatty, said yes.  And so there is an absence

11   of proof and an absence of failure for him to meet his prima

12   facie burden on that element of prejudice, that we do think

13   would allow this court and should cause this Court to deny

14   the motion.

15        On the question of burden, I also want to

16   highlight that this motion to lift stay goes hand-in-hand in

17   our mind, with the motion currently pending to dismiss.  And

18   the prejudice to Tribune is most clear if Your Honor is to -

19   - would be to deny the motion to dismiss the action.  In

20   that instance, it is plain that Tribune Media Services would

21   be prejudiced by having to proceed before Your Honor on this

22   dispute and having a pending litigation in California.  And

23   I don't believe any party is suggesting that that would be

24   the outcome.

25              THE COURT:  No, but this is one of those

1  situations that falls into a small category.  Usually in

2  this scenario, the debtor hasn't commenced its own

3  adversary.  It's said, we just don't want to do anything yet

4  because we're busy trying to reorganize this company, or

5  there's some other reason offered.  Here the debtor has

6  said, we want to litigate.  We want a result.  We want a

7  court to answer our question.  It's just that you would like

8  to be here.  And maybe it's for no greater reason other than

9  you think this is a more friendly forum.  And maybe Mr.

10  Galardi wants his client to be in California because they

11  treat celebrities better than we do here on this coast.  I

12  don't know.  But it seems to me that as long as the debtor

13  has said, okay, I would like to try this case, what's the

14  big deal about trying it in California?

15       MR. DOSS:  I have already remarked that it is

16  more -- this is a more convenient forum than Los Angeles for

17  Tribune Media Services.  So for that point alone, it is more

18  convenient.  We do believe that this Court will more

19  expeditiously resolve this dispute.  And as Mr. Tippie has

20  testified, it is the prolongation of this dispute that

21  causes injury to Tribune Media Services every day.

22       THE COURT:  I have a long list of matters under

23  advisement.  I mean I -- there's a lot going on.

24       MR. DOSS:  We take that to heart, Your Honor.  We

25  have made the judgment that it will proceed more

1  expeditiously before this Court, than if we were sent back -

2  - or I shouldn't say sent back -- than if we were called

3  upon to proceed in the Central District of California.  And

4  we do believe this to make no sense for a part of the Dick

5  Tracy property, the merchandising rights and other related

6  rights that we still hold to be before the Court, and

7  another part of the Dick Tracy property -- the movie and

8  television rights, to be litigated in California.  That it

9  makes eminent sense for the dispute relating to the Dick

10 Tracy rights to all before one forum and that is before this

11 forum, because the merchandising rights are not going to

12 California.  You have exclusive jurisdiction over that.

13         I do want to comment before I overstay my welcome

14 on a couple of points that Mr. Galardi has raised that I

15 need to make clear that we're responding on.  There is a

16 dispute in this case, today, over whether Mr. Beatty has

17 commenced principal photography on a theatrical motion

18 picture or a television special or television series within

19 the meaning of the 1985 agreement.

20         We understand and appreciate that Mr. Beatty has

21 presented substantial evidence on the question of when he

22 commenced filming of a program that he has put on a DVD disk

23 that is before Your Honor.  There still remains an issue as

24 to whether that filming process satisfies the commence

25 principal photography.  On top of that and most critically,

1   Mr. Beatty cannot make something a television special by

2   simply calling it a television special.

3          Neither can an agreement between Mr. Beatty and

4   the Turner Classic Movie Channel.  Simply calling it a

5   television special doesn't make it so.  And there is a --

6   very much a dispute in this case as to whether -- whatever

7   Mr. Beatty has done so far, will qualify under the

8   agreement.  I just wanted to make that clear, because some

9   of Mr. Galardi's comments suggested that there may not be a

10  dispute.  There is a dispute on both those items.

11         What I do agree with Mr. Galardi though is, is

12  this is a narrow case with presenting narrow fact and legal

13  issues that we believe will be resolvable at the summary

14  judgment stage.  We do not believe any of the witnesses Mr.

15  Beatty -- most of the witnesses Mr. Beatty has listed in his

16  declaration will ever need to appear in any -- before any

17  fact finder.  We don't need the crew who attended the

18  filming on whatever dates in November they attended filming.

19         We won't need the actors.  Whether he commenced

20  filming on a particular date is unlikely to be a matter in

21  factual dispute.  What is going to be a matter in dispute is

22  whether that qualifies under the agreement, the actions that

23  took place.  So the -- most of what is presented, if not all

24  of what is presented in the declaration, really goes to the

25  question of has there been a commencement of filming on this

1  program.  And there's nothing in his declaration that goes

2  to the question as to whether what he's done qualifies as a

3  television special within the meaning of this 1985

4  agreement.  But I wanted to highlight that as an important

5  part of the case as we move forward.

6            THE COURT:  Let me ask this.  Is it the debtors'

7  position that I need to review the DVD before making any

8  decision on the motion?

9            MR. DOSS:  We agree with Your Honor's earlier

10 comment that the -- the element of likelihood of success in

11 our minds is something of a misnomer.  It's a minimal

12 standard that Mr. Beatty needs to reach, in order to reach

13 that element.  We don't believe that's a particularly

14 relevant element for purposes of the lift stay motion, but

15 we don't believe a review of the DVD is a necessary

16 component on that front.  There has been evidence submitted

17 on the elements of success and so we do not believe it's

18 something that you need to review.

19           I do want to return to our theme which has been

20 presented throughout our proceedings before Your Honor, that

21 this is, in our view, a tremendously valuable piece of

22 intellectual property that is before this Court.  And it's

23 important to Tribune Media Services.  We believe it's

24 important to the unsecured creditors in this case, and I

25 should invite them to speak on this matter since they did

1   join this, if they wish to speak.  And that as Mr. Tippie

2   suggested, this is a matter of importance to him and is

3   reflected in his declaration, importance to the company in

4   order to monetize this important intellectual property

5   right.

6            THE COURT:  I treat every matter before me as if

7   the parties believe it to be important.

8            MR. DOSS:  I appreciate that and I didn't mean to

9   suggest otherwise, if my tone suggested otherwise.  But I

10  believe, unless Your Honor has any further questions, I

11  would -- if the individual from the unsecured creditors

12  committee wishes to speak, I will leave the podium to him.

13           THE COURT:  All right.  Thank you.  The committee

14  did file a joinder, let me ask if the committee wishes to be

15  heard.

16           MR. LEMAY:  Your Honor, David Lemay from

17  Chadbourne & Parke for the creditor's committee.  Other than

18  the fact that we have in fact filed a joinder, I don't think

19  I need to add to the burden of the proceedings before you

20  this afternoon.

21           THE COURT:  All right.  Thank you.

22           Mr. Galardi, very briefly.

23           MR. GALARDI:  Yes, Your Honor.  Your Honor, first

24  let's just go to the three factors one more time.  The first

25  is the prejudice to the estate.  I haven't heard anything

1   with respect to the prejudice to the estate.  Your Honor has

2   noted that they're prepared to litigate -- it's just where.

3   We think it's forum shopping.  Yes, the plaintiffs do, in

4   fact, get to file their actions.  Mr. Beatty did so

5   consistent with his past practice.

6          With respect to that, I do want to point out

7   there was significant testimony.  What Mr. Doss said was

8   prolongation is prejudice.  But the witness said, no movie

9   needs to go out.  There's no obligation of the contract, no

10  special needs -- has a time frame, and no series has a time

11  frame.  That's what the contract says, so there's prejudice

12  to them by a delay of this.

13         THE COURT:  Well the consequence of the

14  allegation that your client has failed to do that which he

15  needs to do to retain the rights, does cause delay in them

16  taking the rights and doing with it what they will to

17  maximize value.

18         MR. GALARDI:  Correct, Your Honor, and --

19         THE COURT:  So I understand the distinction, but

20  from the Tribune standpoint, I don't think that makes much

21  of a difference.

22         MR. GALARDI:  Right.  And Your Honor, I'm not

23  going to guess whether the Southern District or the District

24  of California or this Court -- I understand this Court's

25  burden.  I will note that Your Honor will have three

1   separate other hurdles that I can think of right now, a

2   withdrawal of the reference, an abstention and then the

3   mandatory alternative dispute resolution -- which is not in

4   the Southern -- is in the California District Court.  And

5   clearly, Mr. Beatty has shown he has no intention to delay,

6   having filed the declaratory judgment.

7            Your Honor, I do want to note that I take

8   somewhat offense, but I don't think it was intentional, that

9   the fact that discovery has gone on and the automatic stay,

10  Your Honor entered an order that that would not be used to

11  prejudice.  So as we sit here today, there's a motion to

12  dismiss in the adversary and there's a depending declaratory

13  judgment and they're both essentially at the same starting

14  point, and I did want to point that out.

15           Your Honor, I would also point out that although

16  we filed a declaratory judgment action, we're not waiving

17  any sort of damages.  And I would note for Your Honor, our

18  Exhibit 9, the letter from November 17th, 2006 --

19  specifically in the last paragraph -- paragraph says,

20               "TMS hereby withdraws the previous notice and

21               gives notice to you that you have two years from

22               receipt of this notice to commence principal

23               photography on another theatrical motion picture

24               or television series or special.  And TMS will

25               not interfere with your exercise of the rights in

1          the Dick Tracy property consistent with the Dick

2          Tracy agreement."

3          So again, Your Honor, we have reserved all rights

4     to bring an action for having interfered with it, given that

5     we believe we have satisfied.  But the threshold issue is,

6     first, did we satisfy that contract?  And I just wanted to

7     note that this an aspect -- we're not seeking to do that

8     today.  We didn't submit ourselves to jurisdiction by filing

9     a proof of claim with respect to that, but I did want to

10    point that out.

11         So Your Honor, going through the factors.  First

12    of all, we don't see any prejudice other than a choice of

13    forum in a second filed action to this Court.  They're

14    prepared to go forward, to litigate here.  Chicago happens

15    to be just as easy to litigate in Los Angeles.  Mr. Beatty,

16    Your Honor, can take obvious notice that to get the witness

17    here, somebody will bear that cost.  To get Mr. Beatty here

18    will bear some cost.  And that a lot of this has to be done

19    on paper jurisdiction -- papers as opposed to live witnesses

20    is a prejudice.

21         Your Honor has already noted that although not a

22    determinative factor, a plaintiff's choice of forum is a

23    factor.  So when you go to balance the harms, Your Honor --

24    one, we see no prejudice to their estate.  We think we

25    carried the burden there.  With respect to a balance of the

1    harms, Your Honor, we think we've carried our burden to say

2    notwithstanding it's not dispositive or determinative, it is

3    a factor that Mr. Beatty will be prejudiced -- one, not the

4    choice of forum.  Two, the witness cost and expense and

5    indeed the deposition transcript says he simply has not

6    talked to those persons.  There would be no need to talk to

7    them at this point while we are fighting to come to this

8    jurisdiction, to California.

9         And three, Your Honor has already determined, and

10   I don't believe that they've overcome this one, success on

11   the merits.  So we think we've carried our initial burden.

12   We don't think that they've shifted it back to show no

13   cause.  And we would suggest Your Honor lift the stay.

14        Your Honor, with respect to the prejudice of

15   litigating in two jurisdictions, Your Honor has a very

16   simple solution.  This matter could either be dismissed --

17   if you don't want to dismiss it, it can be stayed pending

18   the outcome of the California litigation to decide whether

19   there are further property rights.

20        Your Honor remembers I'm sure, property laws -- I

21   do -- these are a bundle of sticks and just because you have

22   half a bundle here doesn't mean that you have jurisdiction

23   or you may jurisdiction that you can't split the property

24   rights as was done all the time with copyrights.  They have

25   granted Mr. Beatty those rights and he is entitled to

1  enforce those rights in that jurisdiction.

2          So Your Honor, we think we've actually carried

3  the burden.  It's not been rebutted and we would ask Your

4  Honor to lift the stay and let the California proceeding to

5  go forward.  We would do so on an expeditious basis.  We

6  would conduct the litigation on an expeditious basis and

7  submit it to the California court.  I think going here will

8  only delay the matters, Your Honor, because Mr. Beatty will

9  enforce his rights and Your Honor already understands that

10 we will have other matters coming before Your Honor.

11         THE COURT:  Oh, that doesn't bother me.

12         MR. GALARDI:  I know it doesn't bother Your Honor

13 --

14         THE COURT:  In fact, I enjoy your visits, Mr.

15 Galardi, very much.  I look forward to seeing you again.

16         MR. GALARDI:  Your Honor, I hope that's not a

17 ruling on my motion to lift say.

18         THE COURT:  No.  And in fact, I will make a

19 ruling on neither matter from the bench today, except to say

20 that the stay will remain in place until I issue a ruling on

21 the motion for relief from the stay.  I am not ordering

22 anything from the bench today with respect to the motion to

23 dismiss.  The only other order from the bench that I did

24 issue was to keep that DVD under seal.  And with that, we

25 will conclude those two matters and I will issue decisions

1    in due course.

2              MR. GALARDI:  Your Honor, and with respect to the

3    motion under seal, we submitted it and Your Honor is free to

4    look at it.  If Your Honor has -- looks at the factor -- I

5    give it to Your Honor, we will gladly withdraw the motion

6    and withdraw that exhibit if it makes everybody's life

7    easier.  I don't have a problem.  I just did it for -- not

8    anticipating what the witnesses would talk about.  So I

9    leave it to Your Honor.  If Your Honor thinks it would be

10   useful to review that, that's perfectly fine.  I happen to

11   agree with Mr. Doss.  Mr. Beatty's declaration says when

12   photography began.  That's just the product of that.

13             THE COURT:  Put it this way.  If you think it's

14   relevant and I should consider it, I will look at it.  If

15   you don't, I'm happy to return it to you.

16             MR. GALARDI:  I will let you review it, Your

17   Honor.

18             THE COURT:  All right.

19             MR. GALARDI:  Thank you.

20             THE COURT:  Okay.  That completes the agenda, I

21   think.  Do you have a form of order?

22             MS. STICKLES:  Your Honor, if I may impose upon

23   you, I have a single-sided, complete order for Item 8.  If I

24   may hand it up?

25             THE COURT:  Yes.  Thank you.

1          That order has been signed.

2          Is there anything further for today?

3          MS. STICKLES:  No, there is not.  Thank you very

4    much for your time, Your Honor.

5          THE COURT:  All right.  Thank you all.  This

6    concludes this hearing.

7          Court will stand in recess.

8      (Whereupon at 2:44 p.m., the hearing was adjourned)

9                    CERTIFICATION

10         I   certify   that   the   foregoing   is   a   correct

11   transcript   from   the   electronic   sound   recording   of   the

12   proceedings in the above-entitled matter.

13

14

15   _____          August 5, 2009

16   Stephanie McMeel

17   AAERT Cert. No. 452

18   Certified Court Transcriptionist

19

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

ability(6) 5:4 5:8 44:11 44:23 47:9 48:9
able(7) 6:16 27:20 28:18 44:19 57:21 61:8 65:3
about(24) 7:3 7:18 7:22 9:3 11:2 13:11 15:13 15:15 17:21 18:12 20:10 35:10 37:9 39:7 42:16 45:20 54:19 55:11 60:9 61:5 61:7 64:11 66:14 76:8
above-entitled(1) 77:12
absence(3) 64:7 65:10 65:11
absolutely(1) 14:15
abstention(4) 11:2 17:1 36:25 72:2
abstentions(1) 35:2
acceptable(1) 9:8
accessible(1) 35:21
accompanying(2) 43:13 56:14
accordance(2) 5:4 7:10
according(3) 50:2 54:4 56:3
accordingly(1) 10:20
acknowledged(1) 63:17
across(3) 58:11 58:14 58:14
action(15) 14:13 16:25 17:7 19:1 21:24 22:14 23:25 43:3 57:9 59:10 61:21 65:19 72:16 73:4 73:13
action's(1) 34:17
actions(5) 14:3 14:4 17:7 68:22 71:4
activity(3) 29:4 29:5 58:10
actors(1) 68:19
actual(1) 23:25
actually(4) 23:9 29:10 29:21 75:2
add(2) 36:25 70:19
addendum(1) 8:2
additional(4) 30:11 30:18 34:13 35:17
address(9) 3:13 4:14 8:21 10:1 10:2 12:24 34:6 34:6 61:8
addressing(1) 7:6
adjourned(2) 3:11 77:8
admission(5) 25:1 38:6 43:12 49:22 50:9
admit(5) 22:14 22:18 27:16 39:19 40:7
admitted(11) 20:20 22:2 22:22 23:2 23:8 23:21 24:19 25:15 25:15 43:20 56:13
admittedly(1) 18:13
adopt(1) 43:8
adversary(9) 12:18 13:8 17:10 20:4 20:5 24:3 34:9 66:3 72:12
advise(2) 4:4 10:19
advisement(1) 66:23
aert(1) 77:17

agreement(19) 9:6 21:16 23:20 45:11 47:19 49:11 50:22 50:24 53:11 53:25 55:11 57:12 67:19 68:3 68:8 68:22 69:4 73:2
agrees(1) 20:14
ahead(3) 8:19 17:24 18:17
aired(4) 24:11 25:4 25:4 54:24
alacrity(1) 61:7
all(65) 3:2 3:16 7:23 8:1 8:11 9:8 10:14 11:21 14:3 16:7 16:8 18:16 19:4 21:21 21:21 22:9 25:14 26:5 29:1 30:9 30:20 31:19 35:3 35:3 37:11 38:4 38:11 42:10 42:12 43:18 43:19 50:23 56:10 56:16 63:14 67:10 68:23 70:13 70:21 73:3 73:11 74:24 76:18 77:5 77:5
allegation(1) 71:14
allow(7) 39:2 44:18 48:1 55:21 60:22 60:23 65:13
allowing(1) 4:10
allows(1) 5:10
almost(1) 15:12
alone(1) 66:17
along(2) 26:9 43:12
already(14) 6:23 9:20 14:25 15:1 18:1 26:18 36:10 58:23 59:2 63:6 66:15 73:21 74:9 75:9
also(18) 3:6 4:21 5:7 6:1 19:3 27:5 27:5 27:23 38:16 38:22 42:13 55:18 61:23 63:25 64:6 64:19 65:15 72:15
alternative(1) 72:3
although(7) 11:10 12:1 23:13 27:16 61:4 72:15 73:21
always(4) 17:23 33:16 36:4 36:7
ambiguous(1) 48:22
amended(2) 3:9 3:10
amends(1) 23:19
amicable(1) 7:6
amicably(1) 4:25
among(2) 13:1 13:19
analysis(1) 18:14

and(301) 2:34 3:5 3:7 3:12 3:14 3:14 3:19 4:4 4:13 4:15 4:17 4:23 4:24 5:3 5:5 5:8 5:8 5:15 5:17 5:20 5:20 5:21 6:12 6:14 6:20 6:25 7:3 7:9 7:9 7:11 7:16 7:18 7:21 7:22 7:23 7:24 7:25 8:6 8:7 8:12 8:13 9:1 9:4 9:7 9:14 9:21 10:1 10:10 10:19 10:22 10:24 11:4 11:5 11:6 11:8 11:12 11:13 11:16 11:18 11:21 11:24 11:24 12:5 12:6 12:16 12:16 12:19 12:24 12:24 12:25 13:6 13:12 13:17 13:21 13:24 14:1 14:9 14:17 14:17 14:21 15:1 15:7 15:8 15:12 16:1 16:3 16:4 16:4 16:23 16:24 17:1 17:8 17:16 17:16 17:25 18:3 18:7 18:7 18:13 19:2 19:3 19:19 20:8 20:10 20:13 20:19 20:20 20:20 20:21 21:2 21:7 21:7 21:15 21:16 21:17 21:18 22:1 22:6 22:6 22:21 23:2 23:4 23:15 23:16 23:18 23:21 24:4 24:8 24:10 24:23 25:4 25:5 25:12 25:17 26:1 26:3 26:4 26:11 26:14 26:16 27:7 27:11 28:11 28:15 28:17 29:3 29:11 29:13 30:2 30:9 30:11 30:19 30:20 30:21 30:22 30:23 31:8 31:17 32:10 32:16 33:9 33:13 33:16 33:18 33:21 33:21 34:1 34:2 34:3 34:13 34:3 34:25 35:5 35:14 35:14 35:15 35:17 35:21 36:2 36:10 36:10 36:17 36:19 36:23 36:24 37:4 37:18 37:10 37:19 37:22 38:1 38:5 38:5 38:16 38:20 38:25 39:1 39:2 39:9 39:13 39:13 40:5 40:7 40:25 41:8 41:15 41:25 42:6 42:6 42:10 42:13 42:13 42:16 42:17 42:22 42:24 42:25 43:5 43:13 43:13 44:4 45:2 45:14 45:23 46:6 46:24 47:1 47:4 47:8 47:20 48:15 48:19 48:21 49:10 49:14 49:22 51:8 51:22 52:5 52:7 53:10 53:11 53:23 53:24 54:3 54:10 54:13 54:17 55:7 55:9 55:11 55:12 56:14 56:14 56:17 56:20 56:22 56:24 57:2 57:12 57:14 57:19 57:20 58:6 58:10 58:17 58:18 58:22 59:1 59:3 59:11 59:16 59:16 59:19 59:19 59:19 60:5 60:1 60:11 60:17 60:17 60:23 61:6 61:13 61:14 61:19 61:21 62:7 62:10 62:10 62:22 62:22 63:2 63:6 63:12 63:17 63:20 64:3 64:12
and(60) 65:8 65:10 65:11 65:13 65:17 65:22 65:22 66:8 66:6 66:9 66:19 67:3 67:5 67:6 67:7 67:10 67:20 67:20 68:3 68:5 68:12 69:1 69:17 69:22 69:24 70:1 70:2 70:8 71:10 71:16 71:18 71:22 72:2 72:4 72:9 72:12 72:13 72:13 72:14 72:17 72:20 72:24 73:6 73:18 74:4 74:4 74:9 74:9 74:13 74:21 74:25 75:3 75:4 75:6 75:9 75:18 75:24 75:25 76:2 76:3 76:6 76:14
and/or(1) 25:11
angeles(3) 35:20 66:16 73:15
annual(1) 61:25
another(3) 8:7 10:11 15:16 32:7 32:15 51:6 67:7 72:23
answer(4) 44:6 44:19 52:22 66:7
anticipate(2) 5:21 6:21
anticipated(4) 3:19 5:13 24:22 25:7
anticipating(1) 76:8
any(54) 7:5 8:8 13:6 20:23 20:25 21:7 21:18 22:7 23:24 24:20 28:17 28:18 32:14 33:17 38:9 39:3 39:22 42:3 43:16 44:1 44:11 44:23 44:25 45:2 48:11 49:20 50:10 51:8 54:23 55:25 56:5 56:10 57:4 57:18 57:19 57:22 59:6 61:3 61:13 61:20 63:18 63:21 63:23 63:23 64:9 65:23 68:14 68:16 68:16 69:7 70:10 72:17 73:12
anybody(1) 40:18
anyone(1) 30:5
anything(11) 4:6 18:20 33:6 47:14 47:23 48:4 55:2 66:3 70:25 75:22 77:2
anyway(3) 29:6 58:3 62:22
anywhere(1) 33:7
apologies(3) 10:9 54:19 54:20

apparently(1) 34:8
appeal(1) 12:14
appear(10) 5:13 35:22 35:23 43:5 52:1 52:3 63:19 63:22 65:4 68:16
appeared(1) 52:4
applicable(3) 12:23 34:1 34:3
applies(1) 19:2
apply(3) 12:21 31:4 34:4
appreciate(4) 19:12 57:23 67:20 70:8
approach(4) 13:17 18:3 37:12 48:24
appropriate(6) 4:18 10:25 13:15 17:4 31:9 63:1
approved(1) 6:3
are(49) 7:4 7:5 7:10 9:3 9:4 9:5 11:18 12:13 12:17 12:20 13:4 13:6 13:11 15:20 15:22 16:5 19:7 19:19 19:19 20:16 25:14 25:24 30:21 31:7 33:9 34:16 35:3 35:21 36:23 38:4 41:18 45:19 45:20 46:24 49:22 51:19 53:12 53:22 57:8 58:23 59:11 59:1 60:20 62:11 67:11 74:7 74:19 74:21
aren't(2) 30:24 57:18
arguably(1) 63:9
argue(7) 7:24 11:3 12:20 16:21 16:22 16:24 34:6
argued(3) 11:19 12:1 58:18
argues(2) 11:2 13:11
arguing(1) 12:17
argument(12) 10:20 12:11 12:16 12:17 13:1 18:8 25:21 37:10 56:18 56:23 59:14 61:7
arguments(2) 12:19 15:14 17:2 17:3 18:13 19:7 27:8 30:24 60:22
around(1) 16:8
arps(1) 2:4
aside(2) 16:1 61:2
ask(24) 18:18 19:15 22:1 22:14 22:18 22:22 23:20 23:25 24:9 24:12 24:13 25:12 27:25 30:9 69:6 70:14 75:3 53:11 53:20 69:6 70:14 75:3
asked(7) 32:25 33:1 33:9 57:1 63:15 63:18 65:10
asking(6) 6:2 47:21 49:21 54:18 55:12 55:13
aspect(1) 73:7
aspects(1) 42:11
assuming(1) 45:19
astin(4) 2:40 2:41 9:12 9:13
attached(3) 21:6 21:17 42:25
attachment(2) 23:12 23:13
attendance(1) 63:11
attended(2) 68:17 68:18
attention(3) 29:20 49:10 63:13
august(5) 4:12 6:19 21:16 62:13 77:15
austin(3) 1:32 3:8 3:18
authorized(2) 4:11 4:18
automatic(8) 11:9 11:10 12:24 14:18 16:4 20:13 25:24 72:9
availability(1) 64:10
available(3) 30:21 38:20
avenue(2) 14:22 15:1
avoidable(2) 27:8 28:3
aware(3) 48:13 48:16 53:12
away(1) 17:25
baby(2) 59:3 59:3
back(12) 4:9 5:25 30:9 30:10 40:14 48:7 49:19 59:23 60:1 67:1 67:2 74:12
backlog(1) 61:14
bacon(4) 40:4 40:8 65:6 65:6
bacon's(2) 40:7 65:8

| Word | Page:Line |
|---|---|

bag(1) 17:2
balance(3) 26:3 73:23 73:25
bankruptcy(21) 1:1 1:21 12:24 13:21
14:12 14:23 15:2 15:7 15:11 15:17 15:20
16:11 27:16 28:21 31:11 31:18 33:7 34:15
34:16 34:17 58:8

based(1) 59:6
basic(1) 57:20
basically(1) 62:17
basis(5) 4:12 24:23 32:17 75:5 75:6
bates(1) 29:23
bear(2) 73:17 73:18
beatty(93) 2:4 8:13 8:13 8:18 10:1 10:16
16:25 20:25 21:11 21:13 21:15 21:16
21:22 22:10 22:11 22:13 22:18 22:20
22:22 22:24 22:25 23:3 23:4 23:6 23:8
23:9 23:10 23:16 23:18 24:1 24:5 24:14
24:21 25:11 25:14 25:15 25:19 26:3 27:12
28:9 28:16 30:14 31:12 31:14 32:18 34:13
34:14 35:17 38:2 39:12 39:20 43:25 45:1
46:6 46:20 47:15 47:20 47:24 48:5 50:9
50:13 50:15 50:23 51:3 52:1 52:25 55:3
55:9 56:2 59:19 60:17 62:7 63:17 63:25
64:23 65:1 65:2 65:10 67:16 67:20 68:1
68:3 68:7 68:15 68:15 69:12 71:4 72:5
73:15 73:17 74:3 74:25 75:8

beatty's(11) 23:11 28:23 31:13 40:5 45:19
48:9 63:16 64:8 65:7 65:9 76:11

became(1) 48:16
because(27) 11:7 11:17 14:11 14:23 14:25
15:2 16:16 19:18 25:3 25:9 27:6 31:2
31:25 33:15 34:16 35:17 36:3 51:4 51:23
60:1 64:7 66:4 66:10 67:11 68:8 74:21
75:8

been(38) 3:11 5:16 6:16 6:25 7:1 7:11
7:16 8:4 16:22 20:22 21:17 24:12 25:4
25:10 26:18 27:6 28:18 39:1 41:22 41:25
43:20 46:15 46:18 47:5 47:18 48:11 55:7
55:20 56:13 56:19 57:19 61:6 63:8 68:25
69:16 69:19 75:3 77:1

beforehand(1) 3:25
began(3) 28:9 52:16 76:12
begin(3) 41:14 41:17 54:6
begun(1) 38:17
behalf(9) 3:5 3:6 3:18 8:23 10:16 12:3
37:4 38:18 65:9

behind(2) 42:16 56:25
being(11) 17:4 21:1 21:8 22:3 24:19 24:24
24:25 32:1 57:1 61:10 62:19

believe(52) 5:11 6:13 6:20 7:8 7:11 8:3
8:4 8:20 13:6 14:24 19:2 19:3 19:3 20:16
20:25 21:7 21:18 24:10 24:19 24:20 27:3
27:5 29:15 34:15 37:21 44:5 45:2 46:8
47:4 49:18 51:11 53:15 58:18 58:20 59:3
59:20 60:1 60:7 62:24 65:23 66:18 67:4
68:13 68:14 69:13 69:15 69:17 69:23 70:7
70:10 73:5 74:10

believes(1) 63:22
bench(6) 17:20 18:24 25:17 75:19 75:22
75:23

benefit(1) 4:2
better(3) 5:11 24:6 66:11
between(10) 17:6 21:16 23:4 23:16 26:14
46:6 47:20 55:8 62:7 68:3

beyond(2) 47:17 52:19
bible(1) 4:15
big(1) 66:14
binder(11) 10:6 20:16 22:5 23:24 24:4
37:13 41:14 41:15 42:15 42:17 56:13

black(1) 7:16
both(7) 4:17 7:24 11:8 18:12 19:18 68:10
72:13

bother(2) 75:11 75:12
bottom(4) 24:24 42:21 57:1 57:6
boundaries(1) 51:18
box(3) 2:8 2:29 2:43
brady(2) 2:35 9:16
breach(3) 57:8 59:10 60:2
breathing(3) 26:17 34:4 34:5
brenda(1) 38:22
bridge(1) 4:16
brief(3) 3:21 11:13 37:10
briefed(1) 11:12
briefing(2) 18:5 18:6
briefly(1) 70:22
briefs(1) 62:16
bring(8) 14:16 14:18 14:24 16:12 16:19
30:9 35:16 73:4

bringing(1) 32:20
broadcast(2) 25:7 25:16
brought(1) 22:13
bundle(2) 74:21 74:22
burden(14) 19:4 30:11 35:13 64:12 64:16
64:21 65:12 65:15 70:19 71:25 73:25 74:
74:11 75:3

busiest(1) 61:25
business(6) 28:25 33:23 36:3 40:5 42:6
busy(2) 62:4 66:4
busyness(1) 61:23
but(75) 3:25 5:9 6:1 6:7 6:8 6:23 7:3 8:7
8:9 10:6 13:18 13:20 14:7 15:8 16:5 17:3
17:6 17:12 17:23 18:14 19:12 19:15 19:18
19:24 20:9 20:22 22:8 23:24 24:25 25:9
26:6 26:18 27:2 27:9 27:19 27:21 28:4
33:8 33:24 34:15 35:12 35:25 36:25 48:14
53:15 55:20 57:16 58:9 58:13 59:4 60:8
60:19 61:23 62:4 62:11 62:21 64:14 64:19
65:25 66:12 69:4 69:14 70:9 71:8 71:19
72:8 73:5 73:9

calendar(1) 36:24
california(41) 2:15 22:14 23:5 26:22
26:24 27:2 27:3 27:4 28:7 29:2 30:9
30:20 32:24 32:24 33:12 34:24 35:15 44:5
45:3 46:8 57:18 57:19 57:22 60:19 61:8
61:24 62:23 63:7 63:8 65:22 66:10 66:14
67:3 67:8 67:12 71:24 72:4 74:8 74:18
75:4 75:7

call(6) 21:13 38:24 40:16 40:17 40:25
called(1) 67:2
calling(2) 68:2 68:4
calls(1) 41:1
can(35) 8:17 10:2 11:15 11:17 11:19
11:24 16:18 16:25 17:16 19:17 20:20 22:
22:7 25:10 27:8 28:15 34:6 34:11 35:6
35:21 35:22 35:23 36:8 36:22 37:22 39:6
39:9 52:22 61:9 61:22 64:17 68:3 72:1
73:16 74:17

can't(7) 16:18 32:18 34:18 45:23 51:5
51:10 74:23

cannot(2) 59:8 68:1
cantigny(2) 2:34 9:2
capable(2) 44:5 57:21
capacity(2) 44:11 46:12
care(1) 60:9
career(1) 42:1
carey(1) 1:20
carried(4) 73:25 74:1 74:11 75:2

carries(1) 64:16
carry(1) 35:12
case(33) 1:9 13:18 13:21 14:12 14:13
14:23 15:2 20:6 22:25 24:18 27:1 27:16
29:3 31:17 33:17 33:17 34:15 34:19 35:4
35:20 58:3 59:5 59:13 63:8 63:22 64:1
64:5 66:13 67:16 68:6 68:12 69:5 69:24

caseload(1) 62:2
cases(12) 5:12 12:23 14:3 14:4 15:7 15:8
17:19 17:20 34:16 59:8 59:20 62:3

cash(1) 4:8
category(1) 66:1
cause(5) 13:24 31:4 65:13 71:15 74:13
causes(1) 66:21
celebrities(1) 66:11
central(5) 21:25 23:4 34:25 61:24 67:3
cert(1) 77:17
certain(6) 5:7 6:15 35:8 39:14 39:18 55:4
certainly(11) 7:23 12:8 17:13 18:22 20:10
39:8 57:17 57:20 60:19 62:17 63:7

certificate(2) 5:22 22:20
certification(4) 9:7 10:3 20:9 77:9
certified(1) 77:18
certify(2) 19:15 77:10
cetera(1) 47:13
cfo(1) 4:22
chadbourne(2) 2:20 70:17
challenge(2) 34:23 62:9
challenged(1) 34:15
challenges(1) 30:5
chambers(2) 10:11 17:17
chance(2) 18:2 51:11
change(1) 13:22
changed(1) 28:5
changes(2) 13:23 15:11
channel(2) 25:12 68:4
chapter(2) 1:7 13:22
character(1) 52:6
characteristic(1) 60:2
characters(1) 51:24
check(1) 10:10
checked(1) 62:2
chicago(8) 1:36 2:38 6:5 9:16 27:1 60:16
60:17 73:14

choice(6) 31:13 32:19 34:18 73:12 73:22
74:4

chose(1) 31:12
ciardi(2) 2:40 2:40
circuit(5) 12:22 13:18 19:16 19:20 28:1
circumstance(2) 14:8 34:7
circumstances(4) 13:7 13:20 14:2 33:25
cited(5) 17:20 27:14 29:3 59:21 65:3
claim(9) 16:14 32:1 32:19 57:10 57:16
59:14 59:15 63:3

claims(1) 34:7
clarification(1) 12:2
classic(3) 23:16 29:24 68:4
classics(1) 24:12
clear(6) 8:3 13:13 14:15 65:18 67:15 68:8
clearly(3) 31:4 34:12 72:5
clerk(3) 41:4 41:7 41:11
client(5) 10:24 29:7 32:8 66:10 71:14
cloud(2) 45:1 45:8
coast(1) 66:11
cobb(2) 2:26 8:23
cold(1) 35:18
cole(1) 1:25
come(14) 6:16 7:24 9:3 17:20 17:25 30:10
32:19 33:16 35:19 59:11 64:12 64:13
64:23 74:7

comes(2) 26:21 33:24
coming(3) 7:6 36:7 75:10

comity(4) 13:1 13:3 14:2 14:8
commence(5) 16:10 30:2 54:8 67:24 72:22
commenced(8) 26:19 29:2 34:9 55:5 56:2
67:17 67:22 68:19

commencemen(2) 27:16 68:25
commences(1) 56:1
comment(5) 18:24 33:6 45:23 67:13 69:10
comments(4) 7:15 7:20 37:5 68:9
committee(6) 2:19 8:24 70:12 70:13 70:14
70:17

committee's(2) 8:17 9:1
communicate(1) 5:20
company(5) 1:9 3:5 4:22 66:4 70:3
company's(1) 4:22
compare(1) 13:4
compel(1) 63:10
competitively(1) 8:6
complaint(4) 22:12 23:25 24:1 36:20
complaints(1) 13:4
complete(2) 10:10 76:23
completed(2) 55:5 56:2
completely(2) 31:16 62:10
completes(1) 76:20
compliance(6) 6:11 6:13
comply(1) 6:1
complying(1) 7:10
component(1) 69:16
composite(1) 23:10
comprehensiv(1) 17:19
comprised(1) 6:4
concept(1) 13:21
concepts(1) 13:12
concern(1) 7:2
concerned(1) 10:23
concerning(2) 42:9 57:11
concerns(4) 7:7 24:20 38:2 56:19
conclude(1) 75:25
concludes(1) 77:6
conduct(2) 29:10 75:6
conference(1) 62:1
conferences(1) 4:20
confers(1) 40:23
confidence(1) 57:24
confidential(2) 24:13 25:5
confidentiality(1) 24:20
conflating(1) 13:12
connection(2) 4:9 4:14
consensually(1) 7:19
consent(1) 24:25
consequence(2) 54:14 71:13
consequences(1) 13:24
consider(4) 19:24 20:10 62:18 76:14
consistent(2) 71:5 73:1
consists(1) 23:12
contains(1) 44:14
contend(1) 30:14
contest(2) 28:18 29:18
context(2) 31:18 63:6
continuation(1) 5:3
continue(7) 4:10 5:10 7:22 14:4 15:16
17:1 31:10

continued(2) 2:2 45:8
contract(28) 23:15 28:12 29:24 32:16
46:20 46:22 46:23 46:24 47:2 47:5 47:14
47:22 47:23 48:4 54:4 54:14 54:25 55:14
56:3 57:6 57:8 57:20 59:6 59:10 60:3
71:9 71:11 73:6

contractual(2) 28:14 50:16
contrary(1) 36:18
control(1) 59:17
controversial(1) 4:7
convenience(1) 17:3
convenient(4) 60:14 60:20 66:16 66:18
copy(4) 10:11 39:11 54:16 54:17
copyright(1) 45:14

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **copyrights**(1) 74:24 | | **day**(1) 66:21 | | **disagree**(7) 14:11 17:11 17:12 18:11 18:11 | | **each**(4) 26:8 64:23 64:23 64:25 | |
| **core**(9) 19:3 56:24 57:16 58:1 58:8 58:20 59:6 59:9 60:7 | | **days**(1) 15:16 | | 31:2 31:16 | | **earlier**(4) 37:5 49:18 63:3 69:9 | |
| | | **deal**(1) 66:14 | | | | **easier**(1) 76:7 | |
| **core/non-core**(1) 33:19 | | **dearborn**(1) 1:35 | | **discoveries**(1) 30:21 | | **easily**(1) 28:15 | |
| **corner**(1) 33:23 | | **debt**(1) 28:16 | | **discovery**(10) 29:5 29:9 29:11 29:11 35:15 | | **easy**(1) 73:15 | |
| **correct**(16) 14:20 15:20 15:22 34:10 45:17 | | **debtor**(13) 4:10 5:10 6:8 11:1 13:11 18:18 | | 60:11 62:15 63:4 63:7 72:9 | | **ecro**(1) 1:42 | |
| 45:18 46:16 46:17 47:6 47:7 54:8 54:8 | | 29:4 33:9 34:5 64:20 66:2 66:5 66:12 | | | | **effect**(1) 5:18 | |
| 54:17 57:11 71:18 77:10 | | | | **discretionary**(1) 13:19 | | **effective**(1) 7:17 | |
| | | **debtor's**(1) 41:6 | | **discuss**(2) 7:23 33:15 | | **effectively**(1) 59:25 | |
| **correctly**(1) 55:17 | | **debtors**(14) 1:11 1:25 3:6 3:6 3:18 5:3 | | **disk**(1) 67:22 | | **efficient**(2) 56:20 60:23 | |
| **cost**(4) 30:11 73:17 73:18 74:4 | | 11:22 26:1 26:17 28:11 31:22 33:15 55:16 | | **dismiss**(14) 8:14 11:10 11:11 11:13 12:5 | | **either**(5) 31:23 32:11 35:18 62:23 74:16 | |
| **costs**(1) 30:18 | | 69:6 | | 17:15 18:19 18:25 59:22 65:17 65:19 | | **electronic**(2) 1:50 77:11 | |
| **costume**(1) 52:4 | | | | 72:12 74:17 75:23 | | **element**(7) 26:10 64:23 64:25 65:12 69:10 | |
| **could**(17) 4:3 10:20 14:23 16:10 17:12 | | **debtors'**(4) 38:13 39:25 40:13 43:21 | | | | 69:13 69:14 | |
| 18:5 28:4 28:5 31:17 37:12 41:17 41:17 | | **decide**(3) 18:5 39:9 74:18 | | **dismissal**(1) 58:18 | | **elements**(2) 26:8 69:17 | |
| 42:15 44:20 74:16 74:16 | | **decided**(2) 34:8 64:5 | | **dismissed**(1) 74:16 | | **elizabeth**(1) 23:14 | |
| | | **decision**(4) 13:20 35:10 62:12 69:8 | | **disney**(1) 67:22 | | **ellis**(1) 37:25 | |
| **couldn't**(2) 4:24 45:3 | | **decisions**(1) 75:25 | | **dispose**(3) 28:7 28:15 57:5 | | **else**(1) 33:7 | |
| | | **declaration**(38) 20:24 24:22 25:22 27:23 | | **dispositive**(1) 74:2 | | **elsewhere**(1) 14:6 | |
| **counsel**(13) 7:15 9:7 11:7 11:22 29:12 | | 28:23 37:24 38:1 38:6 38:8 38:14 38:21 | | **dispute**(28) 32:7 36:16 51:15 51:20 52:16 | | **eminent**(1) 67:9 | |
| 29:12 30:19 37:25 38:23 40:23 43:25 | | 38:25 39:3 40:5 40:15 42:18 43:3 43:8 | | 56:21 57:1 57:10 57:15 57:18 59:2 59:8 | | **employed**(2) 41:18 41:19 | |
| 55:16 60:16 | | 43:8 43:15 44:14 45:13 46:16 47:4 47:25 | | 59:15 59:16 60:5 60:6 62:25 65:22 66:19 | | **enclosure**(2) 23:15 23:15 | |
| **country**(1) 68:15 | | 50:20 52:19 55:20 58:22 62:8 62:17 63:1 | | 66:20 67:9 67:16 68:6 68:10 68:10 68:21 | | **end**(2) 58:3 62:12 | |
| **couple**(4) 15:17 15:18 63:2 67:14 | | 65:7 68:16 68:24 69:1 70:3 76:11 | | 68:21 72:3 | | **endure**(1) 32:20 | |
| **course**(6) 6:25 13:18 48:7 48:10 48:13 | | | | | | **enforce**(2) 75:1 75:9 | |
| **court**(199) 1:1 3:2 3:3 3:10 3:12 3:13 | | **declaratory**(9) 13:6 22:13 28:9 36:20 57:3 | | **disrespect**(2) 14:10 35:24 | | **engaged**(4) 4:15 7:3 7:4 | |
| 3:16 4:3 4:3 4:8 5:21 7:9 7:24 8:1 8:17 | | 57:11 72:6 72:12 72:16 | | **distinct**(1) 62:10 | | **enjoy**(1) 75:14 | |
| 8:19 8:21 9:10 9:12 9:14 9:18 9:23 10:2 | | | | **distinction**(2) 17:6 71:19 | | **enough**(3) 18:5 30:22 62:24 | |
| 10:6 10:12 10:14 10:17 10:23 11:21 12:10 | | **declared**(1) 55:8 | | **distinctions**(1) 33:21 | | **entered**(8) 3:12 4:9 5:6 27:17 27:17 47:19 | |
| 13:1 13:10 14:3 14:4 14:5 14:6 14:13 | | **deem**(1) 48:20 | | **distinguishing**(1) 60:2 | | 55:11 72:10 | |
| 14:17 14:19 15:4 15:21 15:24 16:11 16:13 | | **deemed**(1) 49:15 | | **district**(19) 1:2 14:3 14:4 14:6 16:7 21:25 | | | |
| 16:16 16:19 16:20 17:7 17:7 17:11 17:16 | | **delaware**(16) 1:2 1:13 3:1 27:2 28:19 | | 23:4 28:1 60:12 61:10 61:20 61:24 62:4 | | **entire**(2) 51:4 51:6 | |
| 18:16 18:18 19:1 19:4 19:5 19:9 19:12 | | 28:19 35:19 60:13 60:21 63:20 63:24 64: | | 62:5 62:23 67:3 71:23 71:23 72:4 | | **entirely**(3) 10:25 57:24 59:17 | |
| 19:21 19:23 20:1 20:3 20:8 20:16 20:18 | | 64:5 64:9 65:4 65:9 | | | | **entirety**(1) 56:13 | |
| 21:3 21:10 21:21 22:6 22:9 25:1 25:7 | | | | **districts**(2) 61:12 61:25 | | **entities**(12) 6:4 6:5 6:6 6:10 6:12 6:13 | |
| 25:14 25:18 25:25 26:6 26:13 27:3 27:25 | | **delay**(6) 34:6 34:9 71:12 71:15 72:5 75:8 | | **doc**(1) 36:12 | | 6:16 6:22 8:6 8:10 14:5 | |
| 28:15 28:21 29:3 30:10 30:13 30:22 31:16 | | **delayed**(1) 25:10 | | **docket**(5) 21:24 23:3 27:10 27:11 36:11 | | **entitled**(3) 53:6 53:8 74:25 | |
| 31:20 31:22 32:3 32:6 32:10 32:16 33:3 | | **demand**(1) 58:2 | | **document**(7) 23:15 23:17 36:17 42:25 | | **equitable**(3) 57:3 57:10 57:16 | |
| 33:5 33:12 33:18 34:8 34:20 35:10 35:23 | | **deny**(3) 33:13 65:13 65:19 | | 49:8 50:2 54:22 | | **especially**(1) 29:5 | |
| 35:23 36:2 36:7 36:13 36:22 37:2 37:11 | | **depending**(1) 72:12 | | | | **esq**(9) 1:27 1:33 1:34 2:6 2:13 2:21 2:27 | |
| 37:13 37:14 37:18 38:2 38:9 38:11 39:2 | | **depends**(1) 20:2 | | **documents**(5) 9:3 21:17 21:18 22:7 38:4 | | 2:36 2:41 | |
| 39:22 39:24 40:10 40:12 40:21 41:16 43:2 | | **deposed**(2) 35:6 35:22 | | 27:10 27:11 28:13 30:16 30:17 30:17 43: | | | |
| 43:14 43:16 43:18 44:18 45:3 45:5 48:1 | | **deposition**(15) 21:2 23:10 23:11 32:21 | | 43:7 44:7 44:11 44:23 49:11 49:13 64:15 | | **essentially**(4) 5:10 25:24 47:10 72:13 | |
| 49:1 49:6 49:20 49:24 50:3 50:7 50:10 | | 35:7 37:16 39:12 39:14 39:17 40:3 40:3 | | 71:15 | | **established**(1) 29:17 | |
| 50:12 52:13 52:22 55:16 55:25 56:7 56:8 | | 46:16 63:17 65:6 74:5 | | | | **establishes**(1) 62:9 | |
| 56:10 56:16 56:22 56:25 57:4 57:17 57:17 | | | | **doesn't**(10) 15:8 15:10 20:4 34:4 44:9 | | **estate**(10) 13:9 26:2 26:4 31:11 58:21 | |
| 57:22 57:23 58:8 59:5 59:23 60:12 60:25 | | **depositions**(5) 20:20 35:8 | | 63:10 68:5 74:22 75:11 75:12 | | 59:11 59:12 70:25 71:1 73:24 | |
| 61:3 61:5 61:8 61:19 62:4 62:18 62:23 | | **describe**(1) 51:18 | | | | | |
| 62:25 63:9 63:10 63:14 64:11 64:19 64: | | **despite**(2) 57:5 57:7 | | **doing**(2) 7:4 71:16 | | **et.al**(1) 1:9 | |
| 65:13 65:13 65:25 66:7 66:16 66:22 67:1 | | **details**(1) 9:21 | | **don't**(53) 3:24 7:8 12:23 13:6 14:8 17:12 | | **even**(9) 16:13 27:19 30:14 32:25 33:13 | |
| 67:6 69:6 69:22 70:6 70:13 70:21 71:13 | | **determination**(3) 57:15 58:21 62:20 | | 19:14 19:23 20:3 20:21 20:25 21:7 21:15 | | 57:19 59:4 60:5 60:9 | |
| 71:19 71:24 72:4 73:13 75:7 75:11 75:14 | | **determinative**(2) 73:22 74:2 | | 21:18 22:2 23:23 23:24 24:17 24:23 28:17 | | | |
| 75:18 76:13 76:16 76:20 76:25 77:5 77:7 | | **determine**(6) 33:25 49:14 57:25 58:7 58:9 | | 29:18 31:23 32:12 33:23 35:24 48:22 51:4 | | **event**(2) 15:6 58:13 | |
| 77:18 | | 60:10 | | 51:8 53:19 61:12 61:15 62:18 62:18 62:20 | | **events**(1) 57:13 | |
| | | | | 62:21 62:21 64:3 64:6 65:23 66:3 66:12 | | **ever**(10) 26:25 33:6 47:15 48:11 49:8 | |
| **court's**(3) 8:15 28:1 71:24 | | **determined**(4) 25:11 27:6 48:10 74:9 | | 68:17 69:13 69:15 70:18 71:20 72:8 73:12 | | 50:15 51:3 51:8 52:7 68:16 | |
| **courtroom**(5) 1:11 38:18 38:20 38:23 | | **determines**(1) 58:8 | | 74:10 74:12 74:17 76:7 76:15 | | | |
| **courts**(4) 16:7 16:7 30:20 31:4 | | **determining**(4) 33:18 34:21 34:23 56:23 | | | | **every**(7) 16:11 18:23 31:19 31:25 33:17 | |
| **covers**(1) 52:20 | | **development**(1) 42:6 | | **done**(4) 24:6 35:24 36:2 48:11 64:20 68:7 | | 66:21 70:6 | |
| | | **dialogue**(1) 7:4 | | 69:2 73:18 74:24 | | | |
| **create**(1) 59:8 | | **diaz**(1) 1:44 | | | | **everybody**(1) 30:10 | |
| **created**(1) 13:16 | | **dick**(24) 24:11 42:9 45:15 50:22 50:24 | | **doss**(60) 1:34 3:7 12:2 12:3 20:14 20:21 | | **everybody's**(1) 76:6 | |
| **creates**(1) 15:11 | | 51:12 51:23 51:24 52:3 52:4 52:5 52:6 | | 21:7 21:9 21:20 22:2 22:5 23:11 23:21 | | **everyone**(1) 3:3 | |
| **creditor**(3) 31:20 31:25 32:1 | | 52:16 54:1 58:23 60:18 67:4 67:7 67:9 | | 23:24 24:4 24:9 24:16 37:3 37:3 37:12 | | **everything**(4) 4:1 13:23 15:12 32:21 | |
| **creditor's**(1) 70:17 | | 73:1 73:1 | | 37:19 38:14 39:8 40:1 40:14 40:20 40:24 | | | |
| **creditors**(3) 2:20 69:24 70:11 | | **did**(25) 10:3 10:18 17:25 23:21 37:14 42: | | 41:13 43:11 44:13 45:4 47:17 48:21 49:1 | | **evidence**(27) 20:20 21:11 21:22 22:10 24:5 | |
| **crew**(1) 68:17 | | 45:7 45:9 46:1 10:18 17:25 23:21 37:14 42: | | 54:7 50:11 50:18 52:8 55:6 56:6 56:12 | | 25:19 26:6 36:18 37:9 38:8 38:13 39:1 | |
| **critically**(1) 67:25 | | 52:7 69:25 70:14 71:4 72:14 73:6 73:9 | | 56:17 57:8 58:16 59:7 59:25 61:4 61:17 | | 39:19 39:25 40:8 40:13 43:21 50:9 50:13 | |
| **criticism**(2) 61:20 62:23 | | 75:23 76:7 | | 61:22 62:24 63:12 63:16 64:18 64:21 | | 56:10 56:12 61:6 64:8 64:25 65:2 67:21 | |
| **cross**(1) 21:1 | | | | 66:15 66:24 69:9 70:8 71:7 76:11 | | 69:16 | |
| **cross-examination**(1) 43:22 | | **didn't**(6) 10:6 34:20 35:12 40:16 70:8 73:8 | | | | | |
| **cub**(1) 6:5 | | **difference**(5) 5:12 13:16 15:8 58:14 71:21 | | **down**(6) 4:23 19:10 26:21 56:8 61:10 | | **evidentiary**(2) 11:10 11:17 | |
| **cubs**(1) 8:5 | | **differences**(1) 4:17 4:24 | | **draw**(4) 17:6 29:19 49:10 55:18 | | **exact**(1) 21:5 | |
| **current**(2) 27:25 44:10 | | **different**(4) 27:21 32:8 61:11 63:7 | | **due**(2) 16:20 76:1 | | **exactly**(4) 47:25 51:18 53:19 | |
| **currently**(5) 21:24 37:15 41:18 58:25 | | **dilemma**(1) 17:23 | | **duplicative**(1) 14:24 | | **exam**(1) 8:17 | |
| **damages**(4) 59:11 59:13 60:4 72:17 | | **direct**(3) 41:12 44:17 63:12 | | **during**(1) 62:14 | | **examination**(3) 9:1 41:12 47:18 | |
| **daniel**(1) 2:41 | | **directly**(1) 46:13 | | **duties**(2) 48:10 48:13 | | **examine**(1) 21:2 | |
| **data**(1) 1:44 | | **director**(1) 42:6 | | **dvd**(8) 24:16 24:21 25:16 51:25 67:22 | | **except**(5) 7:16 15:14 28:19 63:9 75:19 | |
| **date**(6) 7:5 7:17 25:8 50:15 61:1 68:20 | | | | 69:7 69:15 75:24 | | | |
| **dated**(1) 23:19 | | | | | | | |
| **dates**(1) 68:18 | | | | | | | |
| **david**(5) 2:13 2:21 3:22 7:13 70:16 | | | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| excerpts(1) 40:2 | | filed(28) 3:9 5:25 7:5 12:21 12:22 13:2 13:12 13:16 14:12 14:23 15:2 15:16 16:1 23:25 24:2 24:24 24:25 26:25 27:10 30:25 32:1 32:19 33:7 62:11 70:18 72:6 72:16 73:13 | | frankly(6) 5:19 14:5 15:12 33:22 36:2 62:21 | | halfway(1) 42:16 | |
| exchange(1) 49:19 | | | | | | hand(5) 5:1 20:15 41:5 41:5 76:24 | |
| exclude(1) 6:4 | | | | | | hand-in-hand(2) 11:9 65:16 | |
| exclusive(2) 58:24 67:12 | | | | free(1) 76:3 | | handed(1) 7:1 | |
| excused(2) 6:11 56:9 | | | | friendly(1) 66:9 | | handing(2) 5:21 41:14 | |
| executed(1) 33:17 | | | | from(38) 3:7 6:5 6:11 7:15 9:16 14:1 18:3 18:24 21:24 23:3 23:14 27:2 28:25 28:25 33:14 37:22 37:24 38:15 39:14 40:2 47:5 51:5 53:3 53:6 59:20 60:16 61:11 65:2 70:11 70:16 71:20 72:18 72:21 75:19 75:21 75:22 75:23 77:11 | | handle(1) 60:11 | |
| executives(1) 32:24 | | filing(3) 6:25 7:11 73:8 | | | | handling(1) 14:7 | |
| exercise(3) 57:6 57:9 72:25 | | filings(1) 17:18 | | | | happen(4) 16:16 18:11 18:11 76:10 | |
| exhibit(37) 21:11 21:12 21:22 21:23 22:10 22:12 23:3 23:6 23:9 23:10 23:19 24:1 24:8 24:14 27:12 27:12 29:20 29:22 29:22 38:3 38:13 39:11 39:25 40:1 40:2 40:13 40:15 43:21 50:9 50:13 63:1 63:13 63:16 65:5 65:5 72:18 76:6 | | filled(2) 61:10 61:13 | | | | happened(1) 29:19 | |
| | | film(2) 42:11 54:5 | | | | happily(2) 4:25 63:22 | |
| | | filming(6) 67:22 67:24 68:18 68:18 68:20 68:25 | | front(6) 26:23 41:15 41:16 42:15 59:19 69:16 | | happy(8) 9:2 19:13 37:5 37:6 39:5 40:16 63:15 76:15 | |
| | | films(1) 46:2 | | | | | |
| exhibits(18) 11:18 11:24 20:16 21:6 24:5 25:19 37:13 37:20 38:3 38:7 38:16 39:6 39:9 42:25 43:1 43:1 43:13 43:19 56:15 | | final(2) 23:18 65:5 | | fulfill(1) 50:16 | | hard(1) 61:20 | |
| | | finalize(1) 9:6 | | full(2) 41:7 61:18 | | hardship(1) 64:2 | |
| | | finally(2) 6:25 24:8 | | fully(2) 23:17 28:7 | | hardships(3) 26:3 26:14 26:16 | |
| | | financial(3) 4:17 6:5 64:2 | | fundamental(3) 28:14 31:7 31:14 | | harm(1) 34:24 | |
| existing(1) 4:11 | | find(4) 31:17 34:15 36:5 60:24 | | further(7) 25:18 56:4 56:10 56:12 70:10 74:19 77:2 | | harms(2) 73:23 74:1 | |
| expectation(1) 5:23 | | finder(2) 63:23 68:17 | | | | harrisburg(1) 1:46 | |
| expedite(1) 40:24 | | finders(2) 57:14 57:14 | | | | has(81) 3:11 6:8 6:24 7:1 8:4 9:20 10:23 11:8 11:15 11:22 12:22 14:25 16:6 16:13 17:1 18:24 20:4 20:5 21:7 22:6 24:10 25:4 25:10 26:6 26:10 26:18 26:19 26:23 27:6 27:22 29:19 30:13 31:15 32:16 35:24 38:7 39:1 41:16 46:18 47:8 48:11 55:7 55:17 56:13 56:24 56:25 59:21 62:1 62:2 63:6 63:18 64:13 64:20 64:24 66:5 66:13 66:19 67:14 67:16 67:20 67:22 68:7 68:15 68:25 69:16 69:19 70:10 71:1 71:10 71:10 71:14 72:5 72:5 72:9 73:18 73:21 74:5 74:9 74:15 76:4 77:1 | |
| expeditious(2) 75:5 75:6 | | fine(7) 9:10 10:12 11:4 12:8 19:22 26:15 76:10 | | future(1) 35:14 | | | |
| expeditiously(3) 36:24 66:19 67:1 | | | | gain(1) 15:6 | | | |
| expense(5) 29:11 32:20 34:13 35:17 74:4 | | firm(1) 9:16 | | galardi(111) 2:6 10:1 10:15 10:16 10:17 11:4 11:23 12:4 12:6 12:9 12:11 14:9 14:21 15:18 15:22 16:1 17:14 18:4 18:17 18:20 19:14 19:22 19:25 20:2 20:7 20:18 20:19 21:5 21:12 21:23 22:6 22:11 24:6 24:16 25:2 25:9 25:20 26:12 26:15 28:3 29:8 31:2 31:21 31:24 32:4 32:9 32:12 33:3 33:4 33:11 34:2 34:10 34:22 35:12 36:5 36:8 36:14 37:8 37:17 37:21 37:22 38:10 39:2 39:4 39:6 39:23 40:11 40:19 40:22 43:14 43:17 43:23 43:24 44:4 44:22 45:6 47:21 48:3 48:24 49:2 49:3 49:5 49:7 49:21 49:25 50:5 50:8 50:14 50:20 52:12 52:15 52:20 53:1 55:10 55:18 55:22 56:4 59:14 66:10 67:14 68:11 70:22 70:23 71:18 71:22 75:12 75:15 75:16 76:16 76:19 | | | |
| expensive(1) 30:17 | | first(27) 12:20 12:21 12:22 13:2 13:12 13:16 17:3 17:4 17:5 19:2 20:15 20:24 22:25 23:3 26:16 26:24 35:22 37:8 37:24 41:17 42:18 50:15 51:2 70:23 70:24 73:6 73:11 | | | | | |
| expert(2) 30:8 33:1 | | | | | | | |
| experts(1) 35:14 | | | | | | | |
| expiration(2) 5:14 27:18 | | | | | | | |
| expired(1) 27:15 | | | | | | | |
| explanation(1) 29:15 | | flattering(1) 18:4 | | | | | |
| extend(1) 27:20 | | flavor(1) 12:20 | | | | | |
| extended(1) 30:4 | | flom(1) 2:5 | | | | | |
| extension(2) 4:13 6:1 | | florida(1) 27:2 | | | | hasn't(3) 32:19 47:18 66:2 | |
| extensive(3) 10:19 17:19 19:6 | | flown(1) 4:21 | | | | hat(2) 14:11 15:5 | |
| extent(2) 30:5 44:25 | | focus(3) 10:20 56:18 64:19 | | galardi's(2) 48:22 68:9 | | hate(1) 32:23 | |
| extra(2) 13:7 51:25 | | follow(3) 37:7 58:5 58:11 | | games(1) 42:12 | | have(137) 3:19 4:20 4:21 4:25 5:1 5:13 5:13 6:16 6:23 6:25 7:3 7:4 7:5 7:11 7:19 8:4 8:7 8:8 8:9 9:2 9:8 10:7 10:7 10:10 11:18 12:23 13:20 14:3 14:4 14:17 15:6 15:14 16:22 16:23 17:25 18:2 18:19 20:20 21:1 22:2 22:5 22:6 23:2 23:21 23:24 24:6 24:8 24:18 25:22 26:7 26:24 27:7 27:9 27:14 27:21 28:5 28:11 28:13 29:10 29:10 29:15 29:20 30:10 30:13 30:15 30:18 30:19 31:3 31:4 31:5 32:6 32:7 32:22 33:20 33:22 33:24 35:18 35:18 36:23 37:21 38:17 39:20 40:9 41:15 41:22 41:25 42:8 42:17 43:20 44:2 45:2 45:19 45:22 46:1 46:21 48:8 48:10 49:8 49:9 51:11 51:13 52:9 52:25 53:24 53:25 54:3 54:4 54:6 54:8 56:14 56:19 57:5 57:19 59:8 59:10 60:11 62:3 63:10 64:24 65:1 65:3 66:15 66:22 66:25 67:12 70:18 71:25 72:21 73:3 73:5 73:21 74:22 74:24 75:10 76:7 76:21 76:23 | |
| extraordinary(1) 18:23 | | following(1) 26:23 | | | | | |
| face(1) 13:4 | | follows(1) 14:1 | | | | | |
| facie(2) 64:25 65:12 | | for(89) 1:2 1:25 2:4 2:12 2:19 2:33 3:23 4:1 4:2 5:7 6:15 7:9 7:11 7:12 7:13 7:17 7:21 8:5 8:6 8:17 9:1 10:1 10:9 10:15 11:7 11:23 12:14 15:1 17:7 17:9 22:13 22:17 24:14 24:18 24:23 24:24 26:13 28:20 29:15 33:12 33:23 34:1 35:3 36:3 37:25 38:5 38:15 38:19 39:18 40:1 40:2 41:7 42:10 42:13 43:12 43:14 44:12 53:2 56:20 58:2 58:11 60:6 60:10 60:14 60:16 60:19 60:19 60:23 61:2 61:6 62:1 63:22 64:2 64:11 65:11 66:8 66:16 66:17 67:4 67:9 69:14 70:17 72:17 73:4 75:21 76:7 76:23 77:2 77:4 | | gave(2) 27:14 52:6 | | | |
| fact(37) 12:21 12:22 13:3 16:2 16:5 16:19 25:11 25:25 26:2 26:18 26:19 28:20 29:1 29:22 31:22 32:3 33:11 35:5 36:9 40:9 53:16 53:17 57:2 57:14 59:9 60:5 62:7 63:4 63:23 68:12 68:17 70:18 70:18 71:4 72:9 75:14 75:18 | | generally(1) 7:15 | | | |
| | | | | generate(1) 44:11 | | | |
| | | | | get(9) 9:21 15:2 29:13 30:15 56:25 60:8 71:4 73:16 73:17 | | | |
| | | | | gets(1) 58:14 | | | |
| | | | | give(5) 13:10 18:6 20:23 52:5 76:5 | | | |
| factor(8) 20:9 34:21 34:23 62:19 73:22 73:23 74:3 76:4 | | | | given(5) 24:20 34:18 51:3 62:25 73:4 | | | |
| | | | | gives(2) 14:22 72:21 | | | |
| | | | | giving(1) 44:6 | | | |
| factors(3) 25:24 70:24 73:11 | | force(1) 30:10 | | gladly(1) 76:5 | | | |
| facts(4) 6:14 13:5 26:23 57:13 | | foregoing(1) 77:10 | | goes(6) 11:9 31:6 47:25 65:16 68:24 69:1 | | haven't(3) 20:9 28:18 70:25 | |
| factual(2) 62:10 68:21 | | form(5) 5:2 9:6 55:20 57:2 76:21 | | going(27) 5:4 5:9 8:20 9:4 9:5 9:6 9:20 10:21 11:5 26:15 26:20 29:6 29:9 29:25 33:17 33:20 39:7 40:17 49:11 57:13 64:17 66:23 67:11 68:21 71:23 73:11 75:7 | | having(7) 6:21 19:4 34:9 65:21 65:22 72:6 73:4 | |
| failed(2) 5:20 71:14 | | formally(1) 7:8 | | | | | |
| fails(1) 54:13 | | forman(1) 1:25 | | | | he's(7) 12:7 17:24 24:10 28:24 47:22 48:22 49:22 | |
| failure(1) 65:11 | | format(1) 7:3 | | | | | |
| fair(1) 62:24 | | former(1) 37:25 | | | | | |
| falls(1) 66:1 | | forth(3) 11:14 25:22 54:14 | | gone(1) 72:9 | | head(3) 39:7 47:11 48:16 | |
| fifteen(1) 42:2 | | forum(2) 10:22 15:16 26:21 26:22 27:4 31:12 31:13 32:7 32:19 34:18 44:16 56:20 60:14 60:20 66:9 66:16 67:10 67:11 71:3 73:13 73:22 74:4 | | good(13) 3:3 3:4 3:17 8:22 9:13 9:17 9:18 10:15 10:17 17:18 37:3 43:24 56:22 | | healy(1) 38:22 | |
| fighting(1) 74:7 | | | | | | hear(2) 33:10 37:22 | |
| figure(1) 5:21 | | | | got(2) 29:21 61:11 | | heard(5) 5:9 8:17 36:17 70:15 70:25 | |
| file(7) 6:14 6:21 19:2 19:21 24:9 70:14 71:4 | | forward(12) 5:5 5:9 26:20 26:21 35:15 44:2 64:14 64:23 69:5 73:14 75:7 75:15 | | granted(3) 50:23 60:17 74:25 | | hearing(8) 6:20 6:20 11:25 19:18 19:24 61:1 77:6 77:8 | |
| | | | | gray(1) 12:25 | | | |
| | | | | great(2) 31:10 34:18 | | | |
| | | found(1) 12:22 | | greater(2) 62:3 66:8 | | heart(1) 66:24 | |
| | | foundation(8) 2:34 2:35 39:1 45:4 49:18 50:18 52:18 55:7 | | greg(2) 10:16 43:24 | | heavily(1) 39:17 | |
| | | | | gregg(1) 2:6 | | heavy(2) 62:19 | |
| | | foundation's(1) 9:2 | | grounds(1) 55:7 | | held(3) 29:9 31:4 42:5 | |
| | | fourth(1) 61:12 | | guess(5) 17:14 21:13 49:3 56:25 71:23 | | help(1) 26:9 | |
| | | frame(5) 55:4 55:25 61:14 71:10 71:11 | | guidelines(4) 4:11 4:18 5:3 5:4 5:11 7:10 | | henderson(11) 1:33 3:7 3:13 3:17 3:17 4:2 4:6 8:2 18:22 19:11 19:13 | |
| | | framed(1) 34:1 | | had(15) 3:18 4:20 5:13 5:25 6:3 21:1 21:23 23:11 23:14 27:22 37:15 51:11 63:3 63:8 | | | |
| | | framework(1) 18:12 | | | | | |
| | | francisco(1) 3:11 | | half(2) 59:2 74:22 | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **here**(49) 3:20 4:21 13:15 14:6 14:12 14:18 14:24 15:2 17:1 18:23 26:11 29:4 30:16 31:20 31:23 31:25 32:8 32:19 32:20 34:5 34:7 34:11 34:25 35:16 37:5 38:6 56:24 57:2 57:4 58:2 60:12 60:15 61:9 61:16 61:20 62:11 63:8 64:8 64:17 64:20 66:5 66:8 66:11 72:11 73:14 73:17 73:17 74:2 75:7 | | **i'm**(44) 3:24 9:2 10:21 10:23 12:9 18:2 18:2 30:23 32:11 33:18 37:5 39:5 40:15 41:19 41:21 42:10 42:13 44:5 44:5 44:20 46:7 48:13 48:16 49:3 49:21 50:5 51:4 51:5 51:17 53:5 53:14 53:14 53:19 54:11 54:18 54:18 54:18 54:21 54:25 55:24 71:22 74:20 76:15 | | **irrelevant**(1) 34:20
**isn't**(1) 33:17
**issue**(40) 7:17 7:21 8:7 8:8 8:9 10:22 13:9 14:2 14:8 19:16 20:21 26:13 28:14 28:16 28:24 29:8 32:24 32:25 33:19 33:19 36:16 36:20 36:25 44:15 45:23 45:23 47:19 48:14 48:15 48:18 56:19 56:25 58:9 58:20 63:2 67:23 73:5 75:20 75:24 75:25 | | **lack**(4) 45:4 49:17 50:18 52:18
**laid**(2) 31:7 39:1
**landis**(2) 2:26 8:23
**lasalle**(1) 2:37
**last**(8) 30:3 39:13 40:1 41:8 54:10 54:14 54:16 72:19 |
| **here's**(1) 33:5
**hereby**(1) 72:20
**highlight**(4) 63:2 64:7 65:16 69:4
**highlighted**(1) 59:14
**highlighting**(1) 39:14 | | **i've**(8) 7:16 29:21 33:10 36:2 43:2 46:23 51:13 51:14 | | **issued**(2) 35:21 62:1
**issues**(18) 3:15 4:15 4:24 6:17 7:25 7:25 13:5 19:18 20:10 28:8 29:14 35:3 36:1 39:15 57:19 57:20 62:10 68:13 | | **latter**(1) 18:3
**law**(11) 10:21 11:5 12:13 28:1 29:3 31:18 34:1 57:7 57:9 57:14 57:19 |
| **him**(17) 9:14 20:23 30:15 40:16 40:17 43:14 47:21 49:21 52:21 55:11 55:12 55:13 64:2 64:9 65:11 70:2 70:12 | | **ice**(2) 49:15 52:7
**identified**(6) 28:24 38:7 40:4 57:20 65:1 65:7 | | **it's**(51) 5:19 6:11 11:14 13:13 13:19 14:2 14:15 15:8 15:9 17:12 20:22 21:17 24:12 24:13 28:3 29:9 29:16 29:21 30:16 33:25 44:5 50:7 51:13 51:15 51:17 51:20 51:21 51:24 54:22 57:1 58:9 58:20 59:20 60:5 60:6 60:10 61:15 61:20 62:4 66:3 66:7 66:8 69:11 69:17 69:22 69:23 71:2 71:3 74:2 75:3 76:13 | | **laws**(1) 74:20
**lawsuit**(1) 62:7
**least**(3) 13:14 27:22 36:5
**leave**(2) 70:12 76:9
**leaving**(1) 16:1
**left**(1) 41:5
**legal**(9) 17:8 35:1 44:4 45:23 45:23 48:15 55:12 62:10 68:12 |
| **himself**(1) 28:24
**his**(32) 17:2 18:1 21:2 28:24 32:18 38:7 38:21 38:25 40:5 44:16 47:18 47:24 48:4 50:16 54:1 54:4 55:13 55:14 59:14 60:18 63:18 63:22 64:2 64:6 65:7 65:11 66:10 68:15 69:1 70:3 71:5 75:9 | | **identifies**(1) 34:21
**identify**(2) 38:25 60:3
**ignore**(1) 16:12
**illinois**(1) 27:1
**image**(2) 13:5 28:8
**immediately**(1) 5:18
**impacts**(1) 15:12
**import**(1) 33:8 | | **item**(5) 3:10 3:13 8:16 52:20 76:23
**items**(5) 3:14 8:12 56:18 63:2 68:10
**its**(12) 3:5 20:25 21:19 24:17 24:19 25:1 50:22 57:16 60:7 64:5 64:14 66:2 | | **legislative**(1) 31:8
**lemay**(3) 2:21 70:16 70:16
**lend**(4) 16:3 57:14 58:1 60:21
**length**(1) 4:16
**leonard**(3) 1:26 2:36 9:15
**let**(17) 10:1 10:18 13:10 14:9 15:9 16:21 16:22 18:18 27:25 29:21 44:7 45:9 53:20 69:6 70:14 75:4 76:16 |
| **history**(4) 31:8 48:8 51:5 51:6
**hold**(3) 42:3 64:5 67:6
**holds**(1) 58:25
**home**(1) 63:5
**honor**(211) 3:4 3:18 3:22 4:7 5:1 5:24 7:12 7:14 8:2 8:12 8:22 8:22 8:25 9:8 9:13 9:15 9:17 9:22 9:25 10:5 10:9 10:11 10:15 11:4 11:7 11:8 11:15 12:8 12:11 12:13 12:15 13:3 13:4 13:9 14:9 14:12 14:21 16:2 16:5 16:6 16:10 17:14 18:9 18:13 18:17 18:22 18:24 19:7 19:11 19:14 19:15 19:25 20:12 20:15 20:23 20:24 21:6 21:9 21:12 21:14 21:23 21:25 22:2 22:12 22:14 22:16 22:18 22:22 22:25 23:9 23:23 24:8 24:9 24:14 24:16 25:2 25:9 25:20 25:21 25:23 26:5 26:16 26:16 26:22 27:5 27:12 27:12 27:13 27:19 27:22 28:4 28:6 28:16 29:8 29:14 29:22 30:3 30:7 30:12 31:2 31:15 31:21 31:24 32:9 32:12 32:13 32:14 34:2 34:12 34:14 34:19 35:6 35:13 35:24 36:8 36:10 36:12 36:15 36:19 37:3 37:17 37:19 38:10 38:14 38:24 39:1 39:23 40:4 40:11 40:19 40:24 43:11 43:17 44:13 47:17 47:21 48:21 48:24 49:17 49:21 50:6 50:8 50:11 52:12 55:6 55:10 56:4 56:6 56:18 57:12 57:21 58:17 58:24 59:4 59:7 59:21 60:1 60:9 60:9 60:21 61:4 61:22 62:6 62:24 63:4 63:23 64:5 65:18 65:21 66:24 67:23 69:20 70:10 70:16 70:23 70:23 71:1 71:18 71:22 71:25 72:7 72:10 72:15 72:17 73:3 73:11 73:16 73:21 73:23 74:1 74:9 74:13 74:14 74:15 74:20 75:2 75:6 75:8 76:4 76:5 76:9 76:17 76:22 77:4 | | **importance**(2) 70:2 70:3
**important**(5) 69:4 69:23 69:24 70:4 70:7
**impose**(2) 35:16 76:22
**improper**(1) 14:25
**inc**(1) 23:16
**inception**(3) 13:22 15:17 15:19
**include**(1) 28:22
**included**(1) 23:23
**includes**(5) 38:3 38:16 39:18 40:6 51:23
**including**(2) 4:22 42:11
**inconvenient**(1) 30:16
**incorrect**(1) 18:14
**indeed**(3) 3:21 4:13 6:12 6:23 15:21 30:18 74:5
**indicate**(1) 11:1
**indicated**(1) 33:13
**indicates**(1) 13:19
**indistinguishable**(1) 59:20
**individual**(1) 70:11
**individuals**(3) 60:18 63:18 63:21
**initial**(5) 13:14 13:21 58:17 64:13 74:11
**initially**(2) 5:25 64:12
**initio**(1) 28:4
**injury**(1) 66:21
**instance**(4) 17:5 17:5 48:13 65:20
**intellectual**(2) 69:22 70:4
**intended**(1) 39:18
**intent**(1) 50:22
**intention**(1) 72:5
**intentional**(1) 72:8
**interest**(8) 5:9 6:8 6:9 6:10 8:10 28:11 28:12 49:23 | | **itself**(2) 59:15 60:5
**janet**(3) 1:33 3:7 3:17
**january**(1) 5:25
**jeffrey**(1) 40:3
**join**(1) 70:1
**joinder**(2) 70:14 70:18
**joint**(2) 6:6 6:13
**judge**(10) 1:21 17:24 18:1 22:24 27:6 27:17 27:22 61:10 61:20 62:22
**judges**(3) 61:11 62:4 62:21
**judgment**(9) 7:9 36:21 62:13 62:16 66:25 68:14 72:6 72:13 72:16
**judicial**(6) 22:1 22:3 22:15 61:22 61:23 62:1
**judicially**(1) 13:16
**july**(4) 1:15 3:1 3:20 39:13
**jurisdiction**(22) 10:24 12:12 14:14 15:1 16:15 16:15 18:9 19:16 30:13 31:15 32:2 58:24 63:1 63:5 64:6 67:12 73:8 73:19 74:8 74:22 74:23 75:1
**jurisdictions**(1) 74:15
**jury**(3) 33:19 35:2 36:23 58:2
**just**(43) 4:2 5:19 5:20 8:3 10:2 10:7 10:18 11:19 12:2 14:13 14:23 15:16 18:13 19:1 20:19 25:21 26:6 26:9 32:7 32:22 34:16 34:21 39:7 40:16 49:21 53:18 53:18 55:7 57:21 61:2 62:17 62:20 65:3 66:3 66:7 68:8 70:24 71:2 73:6 73:15 74:21 76:7 76:12
**kate**(2) 1:27 3:4
**keep**(1) 51:9
**kept**(1) 36:3
**kerrigan**(2) 49:15 52:7
**kevin**(1) 1:20
**king**(1) 2:14
**kirkland**(1) 37:25
**kjc**(1) 1:9
**klauder**(6) 2:13 3:22 3:23 4:5 7:13 7:13
**knew**(1) 15:24
**know**(30) 3:24 10:18 17:23 19:14 19:23 22:2 24:23 29:4 29:16 30:22 32:3 35:13 35:24 36:11 36:24 39:4 48:22 51:4 51:8 51:17 59:23 61:9 61:12 61:14 62:20 63:14 64:3 64:6 66:2 75:12
**knowing**(1) 53:1
**knowledge**(5) 46:19 51:2 55:1 55:13 55:14
**knows**(2) 55:21 55:23 | | **let's**(5) 12:10 14:13 61:5 64:11 70:24
**letter**(3) 23:7 23:12 23:14 23:19 72:18
**licensing**(12) 38:15 41:21 41:22 42:4 42:8 42:11 46:10 47:11 47:12 47:12 48:16 48:17
**life**(1) 76:6
**lift**(21) 3:11 8:13 11:16 12:6 18:15 25:23 30:23 30:24 37:9 38:19 39:15 58:19 63:6 64:13 64:16 64:24 65:16 69:14 74:13 75:4 75:17
**lifted**(2) 16:4 26:2
**like**(10) 5:16 8:15 9:15 11:16 19:5 20:15 32:7 61:2 66:7 66:13
**likelihood**(1) 69:10
**likely**(2) 33:14 58:10
**limitations**(1) 55:19
**line**(4) 7:16 24:25 44:13 51:23
**lion's**(1) 37:22
**list**(2) 28:23 66:22
**listed**(2) 63:18 68:15
**litigants**(1) 16:20
**litigate**(4) 66:6 71:2 73:14 73:15
**litigated**(3) 26:24 28:15 67:8
**litigating**(3) 31:13 34:24 74:15
**litigation**(35) 13:25 14:7 14:16 14:24 15:14 15:15 15:25 16:2 16:3 16:6 16:7 16:10 16:19 23:3 25:10 26:19 26:20 28:6 29:14 30:8 31:3 31:5 32:14 38:2 38:5 44:2 46:5 46:7 46:8 46:12 46:13 62:19 65:22 74:18 75:6
**litigations**(2) 16:11 16:12
**live**(1) 73:19
**llp**(5) 1:32 2:5 2:20 2:35 9:16
**local**(4) 22:16 22:17 27:14 27:21
**lockbox**(1) 2:15
**long**(5) 28:23 41:22 41:25 66:12 66:22
**look**(8) 29:23 30:3 36:12 42:16 56:25 75:15 76:4 76:13
**looked**(2) 32:16 36:10
**looking**(2) 33:23 57:5
**looks**(1) 76:4
**loosely**(1) 6:7
**los**(3) 35:20 66:16 73:15
**lot**(7) 11:2 11:19 13:23 15:14 17:19 66:23 73:18
**low**(3) 26:10 29:16 36:11 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **lugano**(1) 1:42 | | **mike**(2) 12:3 37:3 | | **not**(119) 3:25 6:13 6:16 6:24 7:5 8:4 8:5 | | **one**(45) 1:35 2:7 7:17 8:2 10:8 12:12 | |
| **made**(9) 4:25 12:16 18:1 18:24 19:6 35:10 | | **mind**(7) 14:1 18:1 44:4 45:23 51:21 51:24 | | 10:10 10:21 11:1 11:5 11:11 12:13 12:18 | | 12:13 13:24 15:16 16:6 16:11 17:17 18:8 | |
| 56:24 61:7 66:25 | | 65:17 | | 13:20 13:22 14:2 15:3 15:9 16:9 16:13 | | 21:3 21:5 23:12 23:22 23:23 24:22 26:1 | |
| | | | | 16:23 17:5 17:9 17:13 18:7 18:21 19:1 | | 26:10 29:12 29:18 31:6 32:18 33:6 33:15 | |
| **magnitude**(1) 5:12 | | **mindful**(1) 56:23 | | 19:2 22:8 24:12 24:19 24:25 25:1 25:4 | | 35:10 37:6 39:7 40:19 44:14 51:7 52:12 | |
| **maguire**(1) 8:23 | | **minds**(1) 69:11 | | 27:20 28:3 28:13 28:16 29:8 30:16 30:16 | | 54:6 56:19 61:1 61:18 61:24 65:25 67:10 | |
| **maintaining**(1) 42:14 | | **minimal**(1) 69:11 | | 30:17 30:17 30:18 30:23 31:25 32:17 | | 70:24 73:24 74:3 74:10 | |
| **major**(1) 47:9 | | **minute**(2) 52:12 61:6 | | 32:17 33:7 33:12 33:18 33:20 34:7 34:8 | | | |
| **majority**(1) 8:10 | | **mirror**(2) 13:5 28:8 | | 34:18 34:21 34:22 35:1 39:4 40:17 44:5 | | **one-sided**(1) 10:7 | |
| **make**(17) 10:21 11:5 12:13 13:16 29:21 | | **mis-speak**(1) 4:4 | | 44:14 46:13 46:19 48:15 48:17 51:4 51:5 | | **ones**(1) 59:1 | |
| 30:24 33:21 47:11 54:4 58:13 59:9 67:4 | | **misnomer**(1) 69:11 | | 51:13 51:17 51:21 52:9 53:14 54:22 55:1 | | **only**(13) 5:12 13:7 14:16 16:16 17:13 | |
| 67:15 68:1 68:5 68:8 75:18 | | **moment**(3) 40:19 42:24 64:11 | | 55:7 55:8 55:12 57:10 58:1 59:9 59:13 | | 17:17 35:10 39:18 44:25 51:7 52:24 75:8 | |
| | | **monetary**(1) 28:17 | | 60:2 60:5 61:1 61:15 61:19 62:11 62:22 | | 75:23 | |
| **makes**(4) 15:7 67:9 71:20 76:6 | | **monetize**(1) 70:4 | | 63:18 63:19 63:20 63:22 64:1 64:4 64:5 | | **onto**(1) 18:15 | |
| **making**(2) 62:19 69:7 | | **monetizing**(1) 42:10 | | 65:3 65:4 67:11 68:9 68:14 68:23 69:17 | | **open**(2) 42:15 42:17 | |
| **management**(2) 4:8 4:22 | | **monitor**(1) 49:4 | | 71:22 72:3 72:10 72:16 72:25 73:7 73:21 | | **operating**(4) 7:1 7:10 7:21 7:25 | |
| **manager**(3) 28:25 40:5 65:8 | | **monthly**(1) 7:1 | | 74:2 74:3 74:5 75:6 75:16 75:21 76:7 | | **operation**(1) 48:17 | |
| **managing**(2) 42:10 42:13 | | **more**(17) 9:14 15:9 27:9 29:17 31:9 40:16 | | 77:3 | | **opportunity**(4) 20:23 21:1 23:21 47:11 | |
| **mandatory**(1) 72:3 | | 47:13 51:24 60:14 60:20 66:9 66:16 66:1 | | **note**(7) 62:17 63:25 65:5 71:25 72:7 72:17 | | **opposed**(4) 29:12 34:11 34:24 73:19 | |
| **mark**(1) 49:1 | | 66:17 66:18 66:25 70:24 | | 73:7 | | **opposing**(1) 64:15 | |
| **marked**(3) 20:20 24:1 29:20 | | | | | | **opposition**(1) 56:11 | |
| **market**(3) 1:12 2:28 2:42 | | **morning**(1) 3:9 | | **noted**(5) 3:22 3:23 59:8 71:2 73:21 | | **order**(37) 3:12 4:8 5:2 5:5 5:7 5:22 5:23 | |
| **marketing**(4) 42:5 42:6 44:8 44:10 | | **most**(7) 11:24 29:4 56:20 65:18 67:25 | | **notes**(1) 27:12 | | 7:16 7:17 7:19 7:20 8:16 8:16 9:22 10:6 | |
| **materials**(1) 26:7 | | 68:15 68:23 | | **nothing**(3) 15:13 18:23 69:1 | | 10:7 10:7 10:10 11:24 22:24 25:17 25:17 | |
| **matter**(49) 5:19 6:19 7:8 8:17 8:25 9:25 | | | | **notice**(16) 22:1 22:4 22:15 22:16 50:16 | | 25:18 27:8 27:17 28:1 35:16 37:15 38:25 | |
| 10:1 10:2 11:11 11:17 12:2 12:21 13:3 | | **motion**(60) 3:11 5:25 6:2 8:13 8:13 8:17 | | 50:21 51:3 51:6 51:9 53:25 61:23 61:24 | | 53:23 69:12 70:4 72:10 75:23 76:23 | |
| 13:15 15:10 16:2 16:5 17:9 19:17 22:22 | | 8:25 9:1 9:9 11:9 11:11 11:13 12:5 12:6 | | 72:20 72:21 72:22 73:20 | | 77:1 | |
| 27:6 28:15 29:22 30:11 32:13 32:15 32:15 | | 17:15 18:19 18:25 19:21 20:11 22:17 | | | | | |
| 32:22 35:5 38:20 44:4 58:1 58:17 58:20 | | 26:25 27:9 27:10 30:23 30:23 36:2 37:11 | | **notions**(1) 17:21 | | **ordering**(1) 75:21 | |
| 59:6 59:9 60:11 60:12 60:23 61:8 61:21 | | 37:9 38:19 39:16 46:15 47:9 47:15 47:24 | | **notwithstanding**(1) 74:2 | | **ordinary**(1) 48:7 | |
| 68:20 68:21 69:25 70:2 70:6 74:16 75:19 | | 48:5 54:24 55:3 56:1 56:11 58:4 58:6 | | **novel**(3) 18:8 18:12 19:19 | | **origin**(1) 31:10 | |
| 77:12 | | 58:7 58:18 59:21 64:14 64:16 65:14 65:1 | | **november**(10) 23:6 27:13 30:2 45:24 | | **other**(25) 4:15 5:9 9:11 11:3 13:19 14:7 | |
| **matters**(13) 4:14 4:17 5:24 8:18 27:23 | | 65:17 65:19 67:17 69:8 69:14 72:11 72:2 | | 52:17 52:25 53:2 54:17 68:17 68:22 68:18 | | 14:14 17:7 18:6 32:21 35:14 45:14 45:20 | |
| 39:3 39:20 40:25 58:12 66:22 75:8 75:10 | | 75:17 75:21 75:22 76:3 76:5 | | **now**(24) 6:20 11:2 12:23 15:4 15:24 16:10 | | 47:12 56:12 61:3 62:21 66:5 66:8 67:5 | |
| 75:25 | | | | 16:24 17:5 19:14 21:1 25:21 26:9 45:9 | | 70:17 72:1 73:12 75:10 75:23 | |
| **matthew**(2) 2:27 8:23 | | **motions**(2) 33:16 35:3 | | 45:13 45:19 46:14 46:20 48:7 52:20 56:17 | | | |
| **maximize**(1) 71:17 | | **move**(12) 11:6 18:15 27:1 37:20 38:5 38:8 | | 58:4 63:9 64:7 72:1 | | **otherwise**(4) 16:15 30:14 70:9 70:9 | |
| **may**(29) 4:8 6:13 6:23 9:13 13:22 14:7 | | 39:1 39:8 43:12 50:8 58:11 69:5 | | | | **our**(41) 4:17 4:23 4:24 5:3 5:23 6:6 6:7 | |
| 24:18 27:7 27:21 30:13 32:22 34:2 40:4 | | | | **number**(15) 3:13 4:20 8:25 10:3 10:4 10:5 | | 6:9 6:14 7:1 7:9 7:11 7:20 7:23 7:24 12:3 | |
| 40:19 40:21 44:18 48:24 49:1 52:12 52:1 | | **movement**(4) 56:24 57:4 64:12 64:13 | | 12:12 22:11 22:12 22:19 22:20 29:23 | | 12:25 17:8 18:5 18:6 19:6 21:18 24:4 | |
| 52:22 56:8 58:1 62:12 63:5 68:9 74:23 | | **movie**(7) 24:12 25:12 59:1 59:19 67:7 | | 42:16 43:12 62:3 | | 27:9 35:7 56:17 58:18 58:19 59:13 59:21 | |
| 76:22 76:24 | | 68:4 71:8 | | | | 62:9 64:22 65:17 66:7 69:11 69:19 69:20 | |
| | | | | **object**(7) 22:8 24:17 24:19 25:1 44:13 | | 69:21 72:17 74:1 74:11 | |
| **maybe**(3) 16:3 66:8 66:9 | | **movies**(2) 23:16 29:24 | | 44:16 55:6 | | | |
| **mccormick**(2) 2:33 9:1 | | **moving**(2) 20:12 40:14 | | | | **ourselves**(1) 73:8 | |
| **mcguire**(5) 2:27 8:20 8:22 9:11 9:20 | | **much**(9) 20:2 20:4 20:5 35:24 62:22 68:6 | | **objection**(38) 5:22 7:5 10:3 20:23 20:25 | | **out**(14) 4:21 5:21 8:16 8:16 9:20 19:7 | |
| **mcmahon**(1) 3:23 | | 71:20 75:15 77:4 | | 21:7 21:9 21:15 21:18 21:20 22:7 23:24 | | 20:12 29:6 59:9 71:6 71:9 72:14 72:15 | |
| **mcmeel**(1) 77:16 | | | | 24:4 24:10 25:16 37:21 38:9 38:10 38:12 | | 73:10 | |
| **meagher**(1) 2:4 | | **must**(3) 24:6 32:20 56:2 | | 39:22 39:24 40:10 40:12 43:16 43:19 45:4 | | **outcome**(2) 65:24 74:18 | |
| **mean**(17) 14:2 16:9 17:17 18:7 30:16 | | **name**(3) 41:7 41:8 43:24 | | 47:17 48:21 49:17 50:3 50:4 50:5 50:10 | | **outlined**(1) 55:19 | |
| 30:17 30:18 32:3 45:7 57:6 61:5 61:5 | | **nancy**(2) 49:15 52:7 | | 50:11 50:12 50:18 52:18 55:21 | | **outside**(1) 44:10 | |
| 61:14 62:20 66:23 70:8 74:22 | | **narrow**(2) 68:12 68:12 | | | | **over**(14) 6:8 10:24 12:17 22:25 30:14 | |
| | | **nationwide**(3) 10:21 10:24 30:15 | | **obligation**(1) 71:9 | | 32:18 45:8 59:9 59:15 59:15 62:2 62:25 | |
| **meaning**(3) 47:19 67:19 69:3 | | **nature**(3) 30:6 32:23 51:25 57:3 57:11 | | **obligations**(1) 50:17 | | 67:12 67:16 | |
| **means**(7) 32:1 32:1 33:1 33:6 58:2 61:13 | | **necessary**(3) 63:22 63:23 69:15 | | **obtain**(1) 44:24 | | **overall**(1) 20:5 | |
| 63:10 | | **need**(12) 3:25 11:13 19:10 19:21 67:15 | | **obvious**(2) 17:21 73:16 | | **overcome**(2) 26:18 74:10 | |
| | | 68:16 68:17 68:19 69:7 69:18 70:19 74:6 | | **obviously**(6) 6:11 16:25 19:1 25:5 60:25 | | **overlay**(1) 15:12 | |
| **meant**(1) 34:21 | | | | 62:3 | | **override**(1) 31:19 | |
| **mechanisms**(1) 5:8 | | **needs**(5) 64:23 69:12 71:9 71:10 71:15 | | | | **overriding**(1) 31:13 | |
| **media**(37) 11:7 12:3 21:17 23:7 24:2 | | **negotiations**(1) 45:10 | | **occur**(2) 29:6 58:10 | | **overruled**(3) 25:16 44:18 52:22 | |
| 28:20 37:4 38:16 38:18 40:2 40:8 40:14 | | **neighboring**(1) 61:12 | | **occurred**(1) 6:23 | | **overstay**(1) 67:13 | |
| 41:1 41:19 41:20 41:23 41:25 43:19 44:2 | | **neither**(3) 11:3 68:3 75:19 | | **occurring**(1) 6:24 | | **own**(5) 59:2 59:14 59:23 61:23 66:2 | |
| 44:12 44:23 46:6 49:14 50:17 55:9 58:16 | | **never**(1) 52:10 | | **occurs**(1) 31:19 | | **owned**(5) 6:4 6:15 6:22 8:5 8:8 | |
| 58:25 59:17 60:14 60:15 60:16 60:19 62:8 | | **new**(9) 9:25 19:23 20:2 21:12 22:16 28:7 | | **october**(3) 23:12 23:13 23:19 | | **owner**(1) 45:14 | |
| 65:20 66:17 66:21 69:23 | | 38:14 39:6 39:8 | | **oddly**(1) 30:22 | | **p.m**(3) 1:16 3:1 77:8 | |
| | | | | **offense**(3) 32:10 32:13 72:8 | | **p.o**(2) 2:29 2:43 | |
| **meet**(1) 65:11 | | **nobody**(1) 32:11 | | **offer**(2) 19:12 37:9 | | **paced**(1) 20:22 | |
| **meisel**(1) 1:25 | | **non**(1) 8:9 | | **offered**(4) 47:18 55:7 55:20 66:5 | | **page**(3) 30:3 42:18 43:5 | |
| **members**(1) 4:21 | | **non-core**(4) 56:24 58:8 58:9 60:10 | | **office**(8) 2:12 3:20 4:16 4:23 5:18 6:18 | | **pages**(1) 29:23 | |
| **mentioned**(4) 28:7 30:3 33:22 46:14 | | **non-cores**(1) 58:7 | | 7:2 7:14 | | **paper**(2) 11:19 73:19 | |
| **merchandising**(5) 42:12 47:13 58:25 67:5 | | **non-debtor**(5) 6:4 6:7 6:16 6:22 14:5 | | | | **papers**(6) 11:1 11:14 58:18 58:19 59:22 | |
| 67:11 | | **non-debtors**(1) 8:8 | | **officer**(1) 3:2 | | 73:19 | |
| | | **non-majority**(1) 6:9 | | **official**(1) 2:19 | | | |
| **mere**(1) 26:18 | | **non-television**(1) 35:25 | | **often**(3) 15:9 31:9 33:21 | | **paragraph**(16) 30:1 44:15 45:13 49:10 | |
| **merely**(3) 15:2 15:5 15:10 | | **none**(3) 28:18 36:2 52:20 | | **okay**(12) 7:19 14:9 20:7 24:6 45:9 46:14 | | 50:20 50:22 53:11 53:20 54:14 54:16 | |
| **merits**(5) 26:4 29:13 29:16 36:15 74:11 | | **nonetheless**(1) 18:14 | | 48:19 50:7 53:20 53:23 66:13 76:20 | | 54:18 54:19 54:20 55:10 72:19 72:19 | |
| **met**(1) 26:11 | | **nor**(1) 11:3 | | | | | |
| **michael**(3) 1:34 3:7 37:24 | | | | **omnibus**(2) 19:23 61:1 | | **park**(1) 2:20 | |
| **might**(4) 4:22 33:22 58:5 | | | | **once**(4) 7:13 51:13 51:14 51:15 | | **parke**(1) 70:17 | |
| | | | | | | **parks**(4) 37:24 38:1 38:6 62:8 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| part(12) 4:13 11:24 23:18 28:6 47:1 48:17 59:18 60:6 60:8 67:4 67:7 69:5 | | preceding(1) 14:25 | | proposes(1) 24:17 | | refer(2) 6:9 23:13 | |
| | | predisposed(1) 18:7 | | proposing(2) 12:7 12:9 | | reference(9) 14:18 16:24 16:24 17:2 53:15 53:18 58:4 58:6 72:2 | |
| particular(7) 6:2 14:8 20:3 20:5 27:14 34:14 68:20 | | prefer(1) 32:6 | | proposition(2) 17:11 31:17 | | | |
| | | prejudice(31) 26:1 26:14 26:16 26:17 26:20 29:7 30:12 31:6 31:6 31:7 31:10 31:14 32:18 33:14 36:11 44:1 63:3 64:9 65:1 65:2 65:12 65:18 70:25 71:1 71:8 71:11 72:11 73:12 73:20 73:24 74:14 | | proprietary(2) 24:13 25:5 | | referenced(1) 63:4 | |
| particularly(1) 69:13 | | | | prospective(1) 60:4 | | referring(1) 48:23 | |
| parties(10) 5:9 17:4 17:24 26:14 26:24 34:13 37:15 60:22 63:3 70:7 | | | | protocol(1) 6:3 | | reflected(3) 58:22 62:14 70:3 | |
| | | | | protocols(1) 6:15 | | reflects(1) 3:10 | |
| parts(1) 58:23 | | | | provide(5) 3:21 4:3 5:7 5:17 15:1 | | refresh(1) 49:11 | |
| party(5) 22:21 28:19 63:10 64:15 65:23 | | prejudiced(2) 65:21 74:3 | | provided(3) 22:6 26:7 50:16 | | regard(7) 7:24 37:12 | |
| passages(3) 39:18 39:19 | | preliminary(3) 4:10 4:12 13:10 | | provides(1) 64:15 | | regarding(2) 22:17 36:16 | |
| passed(1) 62:13 | | prepared(2) 71:2 73:14 | | provision(1) 55:14 | | regardless(2) 17:10 31:14 | |
| past(1) 71:5 | | present(13) 12:4 12:6 37:8 37:10 38:19 38:23 60:22 62:4 62:11 63:21 64:1 64:9 64:24 | | provisions(2) 32:17 47:2 | | regular(1) 60:21 | |
| path(2) 17:12 17:13 | | | | prudent(2) 5:11 19:9 | | regularly(1) 33:21 | |
| pause(1) 52:14 | | | | publicly(1) 25:17 | | relate(2) 8:13 36:9 | |
| payment(3) 53:13 53:15 53:19 | | presentation(1) 19:5 | | publishing(1) 42:13 | | related(11) 16:5 22:18 22:21 27:7 27:9 27:22 27:22 32:15 38:5 38:21 67:5 | |
| pending(11) 14:14 21:24 31:5 32:14 34:17 35:20 62:2 63:8 65:17 65:22 74:17 | | presented(6) 20:11 62:9 67:21 68:23 68:24 69:20 | | purpose(1) 34:25 | | | |
| | | | | purposes(2) 17:8 69:14 | | relates(1) 39:15 | |
| pennsylvania(1) 1:46 | | presenting(1) 68:12 | | pursuant(1) 22:17 | | relating(1) 67:9 | |
| people(6) 28:25 28:25 30:5 30:9 35:18 35:22 | | preserve(1) 54:1 | | pursuit(1) 50:21 | | relative(2) 26:13 26:16 | |
| | | preserves(1) 16:20 | | put(8) 5:14 7:20 11:18 14:10 15:9 56:19 67:22 76:13 | | relevance(1) 24:18 | |
| percent(2) 6:8 6:9 | | preserving(1) 12:14 | | | | relevant(3) 17:20 69:14 76:14 | |
| perfectly(1) 76:10 | | president(7) 38:15 41:21 41:22 42:4 42:5 42:7 46:10 | | putting(1) 15:4 | | relief(12) 4:7 4:10 5:6 5:14 13:6 22:13 28:9 28:17 33:14 57:3 64:15 75:21 | |
| perhaps(1) 40:24 | | | | qualifies(2) 68:22 69:2 | | | |
| period(5) 27:15 27:18 27:20 61:1 62:13 | | presumably(1) 61:2 | | qualify(1) 68:7 | | rely(1) 39:18 | |
| permission(1) 8:15 | | pretty(1) 13:13 | | quarles(2) 2:35 9:16 | | remain(4) 25:17 41:4 59:19 75:20 | |
| permit(2) 15:3 31:9 | | prevail(1) 28:13 | | question(24) 13:15 31:3 31:5 33:9 34:10 39:2 44:21 48:2 54:21 55:12 55:21 55:24 56:19 56:22 60:8 64:1 64:4 64:25 65:2 65:15 66:7 67:21 68:25 69:2 | | remainder(1) 60:12 | |
| permitted(3) 15:15 25:3 46:20 | | prevails(1) 28:9 | | | | remains(1) 67:23 | |
| person(3) 16:13 16:21 16:22 | | previous(3) 32:15 62:7 72:20 | | | | remarked(1) 66:15 | |
| personal(7) 10:23 12:12 16:14 18:9 19:16 30:13 31:15 | | previously(3) 21:4 26:25 38:1 | | | | remember(2) 40:4 62:22 | |
| | | prima(2) 64:25 65:11 | | questioning(3) 43:14 44:14 52:20 | | remembers(1) 74:20 | |
| personally(1) 65:9 | | principal(12) 28:10 28:24 29:1 29:19 30:1 36:16 54:6 55:4 55:25 67:17 67:25 72:22 | | questions(5) 11:15 40:18 53:12 56:4 70:10 | | removal(3) 16:21 26:14 27:4 | |
| persons(1) 74:6 | | | | quickly(1) 45:3 | | remove(1) 14:17 | |
| pertinent(1) 30:24 | | | | quote(3) 30:6 31:8 49:16 | | removed(3) 16:22 17:5 27:2 | |
| phonetic(1) 38:22 | | printed(1) 10:8 | | rabbit(2) 14:10 15:5 | | reorganize(1) 66:4 | |
| photography(14) 28:10 28:24 29:1 29:19 30:2 36:17 52:16 54:6 55:4 55:25 67:17 67:25 72:23 76:12 | | prior(8) 8:18 15:24 16:1 45:24 46:5 51:8 52:17 62:19 | | raise(3) 20:23 32:25 41:4 | | repeat(3) 44:20 54:21 55:24 | |
| | | | | raised(6) 28:8 36:19 39:3 39:15 40:7 67:1 | | report(3) 7:25 9:2 62:1 | |
| picture(10) 46:15 47:9 47:15 47:24 48:5 54:24 55:3 56:1 67:18 72:23 | | privy(1) 51:4 | | rare(1) 15:8 | | reporting(9) 4:15 4:17 5:8 5:15 6:3 6:5 6:15 6:21 8:5 | |
| | | probable(4) 26:4 26:10 36:13 36:14 | | rath(2) 2:26 8:23 | | | |
| piece(1) 69:21 | | probably(2) 5:19 31:23 | | rather(3) 19:6 51:5 56:25 | | reports(4) 7:1 7:11 7:21 35:15 | |
| place(8) 5:15 31:10 32:11 39:13 41:5 63:4 68:23 75:20 | | problem(2) 22:3 76:7 | | reach(2) 69:12 69:12 | | representative(1) 3:19 | |
| | | procedurally(1) 58:6 | | reached(1) 62:12 | | reputation(1) 42:14 | |
| plain(1) 65:20 | | procedure(1) 37:7 | | read(4) 10:18 17:20 35:6 46:23 | | request(1) 25:2 | |
| plaintiff(1) 34:17 | | proceed(15) 12:10 19:7 20:13 20:14 36:22 39:4 39:9 40:25 56:17 60:12 64:2 64:4 64:5 65:21 66:25 67:3 | | readily(2) 35:22 35:23 | | requested(1) 57:3 | |
| plaintiff's(1) 73:22 | | | | reading(1) 27:21 | | requesting(1) 5:25 | |
| plaintiffs(1) 71:3 | | | | reads(1) 54:16 | | required(4) 6:14 7:1 8:5 55:14 | |
| plan(1) 38:24 | | proceeding(6) 12:18 13:8 17:10 24:3 64:8 75:4 | | real(1) 31:3 | | requirement(2) 50:16 54:23 | |
| plaza(1) 2:22 | | | | realize(1) 47:5 | | requirements(1) 5:15 | |
| pleadings(1) 17:18 | | proceedings(8) 1:19 1:50 31:9 52:14 60:21 69:20 70:19 77:12 | | really(11) 12:16 12:19 13:11 14:2 15:13 26:21 29:14 30:25 51:17 58:13 68:24 | | requires(4) 47:15 47:23 48:4 55:2 | |
| please(5) 3:2 9:14 41:4 41:7 41:11 | | | | | | reserve(1) 7:23 | |
| plenty(1) 33:24 | | process(6) 10:22 10:25 16:20 30:15 34:7 67:24 | | reason(8) 17:6 19:4 34:16 45:2 60:7 60:10 66:5 66:8 | | reserved(1) 73:3 | |
| podium(1) 70:12 | | | | | | reside(4) 59:16 59:17 60:18 63:5 | |
| point(13) 11:6 13:7 25:5 27:11 37:1 40:6 66:17 71:6 72:14 72:14 72:15 73:10 74:7 | | produce(1) 29:25 | | reasons(3) 8:7 24:23 33:13 | | resident(2) 61:6 76:9 | |
| | | produced(3) 1:51 9:4 9:5 | | rebutted(1) 75:3 | | resolution(6) 6:17 7:6 9:3 45:1 60:23 72:3 | |
| points(1) 67:14 | | product(1) 76:12 | | recall(9) 4:8 48:19 50:24 51:5 51:10 53:14 53:15 53:18 53:19 | | | |
| portion(2) 39:12 63:16 | | production(2) 30:4 46:2 | | | | resolvable(1) 63:8 | |
| posi(1) 48:19 | | productive(1) 56:20 | | | | resolve(7) 4:24 7:19 45:3 57:2 57:18 57:22 66:19 | |
| position(6) 17:8 41:20 42:3 51:17 63:20 69:7 | | program(5) 52:25 52:25 55:2 67:22 69:1 | | receipt(1) 72:22 | | | |
| | | progress(3) 4:25 8:4 20:6 | | receive(2) 10:3 53:3 | | resolved(4) 4:1 32:6 56:21 59:21 | |
| positioned(1) 57:17 | | project(2) 52:25 60:18 | | received(10) 21:11 21:22 22:10 24:5 25:19 38:13 39:25 40:13 43:21 50:13 | | respect(32) 3:12 3:14 4:7 5:2 5:24 6:12 6:12 6:14 6:22 7:7 8:8 8:9 12:15 15:22 18:14 18:19 18:24 19:8 22:2 26:3 26:7 26:22 35:14 45:10 61:13 71:1 71:6 73:9 73:25 74:14 75:22 76:2 | |
| positions(3) 7:24 42:3 42:5 | | prolong(2) 44:25 45:7 | | | | | |
| potential(1) 63:3 | | prolongation(2) 66:20 71:8 | | receiving(1) 53:25 | | | |
| powell(1) 41:9 | | promptly(1) 19:24 | | recent(1) 57:13 | | | |
| ppearances(1) 1:23 2:1 | | proof(4) 16:13 64:12 65:11 73:9 | | recently(1) 52:25 | | | |
| practice(1) 71:5 | | proper(4) 12:18 14:11 17:9 19:3 | | recess(1) 77:7 | | respectively(1) 8:14 | |
| pre-petition(2) 13:24 15:13 15:15 | | property(24) 13:9 25:11 28:10 42:9 42:11 42:14 45:15 46:1 54:1 58:21 59:12 59:15 60:4 60:4 60:6 62:25 67:5 67:7 69:22 70:4 73:1 74:19 74:20 74:23 | | recognize(3) 59:7 61:17 64:21 | | respond(5) 11:16 12:5 12:7 27:9 27:15 | |
| pre-trial(2) 29:5 58:10 | | | | recollection(1) 49:11 | | responding(1) 67:15 | |
| precedent(1) 16:9 16:18 | | | | record(7) 10:16 35:7 35:9 35:18 41:8 62:6 62:14 | | response(8) 27:24 33:5 49:20 63:25 64:3 64:3 64:6 68:5 | |
| | | | | | | | |
| | | propose(5) 9:5 21:14 22:20 23:2 37:7 | | recorded(1) 1:50 | | responsibilities(3) 42:8 47:1 48:8 | |
| | | proposed(3) 9:22 23:18 24:11 | | recording(2) 1:50 77:11 | | responsibility(1) 64:13 | |
| | | | | redacted(2) 39:11 39:16 39:17 40:6 | | responsible(2) 42:10 42:13 | |
| | | | | redirect(1) 56:5 | | result(4) 31:11 59:10 59:11 66:6 | |
| | | | | reduce(1) 9:21 | | retain(1) 71:15 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **return**(2) 69:19 76:15 | | **seen**(8) 21:3 24:10 32:16 49:8 51:13 51:14 51:15 52:10 | | **sole**(2) 36:19 36:20 | | **stickles**(11) 1:27 3:4 3:5 8:12 8:20 9:25 10:5 10:9 10:13 76:22 77:3 | |
| **revenues**(4) 44:12 44:14 53:3 53:6 53:8 | | **selection**(1) 44:15 | | **solution**(1) 74:16 | | **sticks**(1) 74:21 | |
| **reversion**(3) 50:23 51:6 54:20 | | **senior**(1) 4:21 | | **some**(19) 4:16 5:16 7:2 12:1 13:10 14:14 15:7 15:8 17:17 17:21 29:3 36:25 39:15 58:1 60:17 64:24 66:5 68:8 73:18 | | **still**(9) 7:6 8:7 8:9 17:1 30:14 35:3 35:3 67:6 67:23 | |
| **reversionary**(1) 28:12 | | **sense**(3) 12:1 67:4 67:9 | | | | | |
| **reverted**(2) 45:20 45:22 | | **sensitive**(1) 8:6 | | **somebody**(1) 73:17 | | **stipulation**(1) 9:7 | |
| **review**(12) 23:21 24:14 25:25 42:24 51:12 51:14 52:7 69:7 69:15 69:18 76:10 76:16 | | **sent**(3) 53:12 67:1 67:2 | | **something**(7) 18:6 36:4 36:7 44:5 68:1 69:11 69:18 | | **stop**(1) 63:15 | |
| | | **sentence**(6) 44:15 45:20 50:25 54:10 54:14 54:16 | | | | **story**(1) 51:23 | |
| **reviewed**(3) 22:5 43:2 48:8 | | | | **sometimes**(1) 13:23 | | **straightforward**(1) 11:19 | |
| **reviews**(1) 43:1 | | | | **somewhat**(2) 37:20 72:8 | | **street**(10) 1:12 1:28 1:45 2:14 2:28 2:37 2:42 33:23 58:11 58:14 | |
| **revised**(1) 7:20 | | **separate**(3) 11:25 62:10 72:1 | | **somewhere**(1) 33:20 | | | |
| **right**(30) 3:16 8:1 8:11 10:14 11:21 14:7 18:16 19:15 21:10 21:21 22:9 25:14 29:2 35:3 36:23 37:11 38:11 41:5 43:18 53:23 56:10 56:16 59:6 70:5 70:13 70:21 71:22 72:1 76:18 77:5 | | **september**(1) 6:20 | | **sorry**(11) 44:20 46:7 50:5 53:5 53:14 53:19 54:11 54:18 54:21 55:24 | | **strike**(3) 20:4 48:9 54:22 | |
| | | **series**(13) 46:2 46:15 47:10 47:16 47:24 48:5 54:5 54:24 55:3 56:1 67:18 71:10 72:24 | | | | **strikes**(1) 20:8 | |
| | | | | **sort**(3) 11:9 47:10 72:17 | | **strong**(2) 51:23 51:24 | |
| | | **serve**(1) 5:12 | | **sought**(2) 6:3 6:11 | | **strongly**(2) 58:17 58:19 | |
| **rightfully**(1) 11:8 | | **served**(2) 27:13 50:21 | | **sound**(2) 1:50 77:11 | | **stymied**(2) 47:5 47:8 | |
| **rights**(39) 7:23 16:20 25:10 28:14 35:1 44:8 44:10 45:1 45:8 45:14 45:19 45:21 45:22 46:1 47:12 47:12 50:23 53:23 54:1 58:23 58:25 59:1 59:16 59:17 59:19 67:5 67:6 67:8 67:10 67:11 71:15 71:16 72:25 73:3 74:19 74:24 74:25 75:1 75:9 | | **service**(7) 1:44 1:51 10:21 10:24 22:21 30:15 49:14 | | **south**(1) 1:35 | | **sub-exhibits**(1) 38:3 | |
| | | | | **southern**(2) 71:23 72:4 | | **subject**(1) 24:2 | |
| | | | | **speak**(5) 3:25 62:21 69:25 70:1 70:12 | | **subjects**(1) 43:15 | |
| | | **services**(37) 1:44 11:7 12:3 21:17 23:7 24:2 28:20 37:4 38:16 38:19 40:2 40:8 40:14 41:1 41:19 41:20 41:23 41:25 43:15 44:2 44:12 44:24 46:6 50:5 56:18 58:25 59:18 60:15 60:15 60:16 60:20 62:16 65:20 66:17 66:21 69:23 | | **speaking**(1) 45:20 | | **submission**(2) 19:17 21:19 | |
| **rise**(1) 3:2 | | | | **special**(43) 24:11 25:4 28:10 29:2 29:25 30:4 30:6 32:23 32:25 35:25 36:18 46:3 46:18 46:21 48:11 48:14 48:20 48:20 49:12 49:15 49:16 51:12 51:16 51:18 51:20 51:21 52:1 52:8 52:17 53:4 53:7 53:9 53:10 54:5 54:23 56:2 67:18 68:1 68:2 68:5 69:3 71:10 72:24 | | **submissions**(2) 10:19 19:6 | |
| **robert**(1) 2:33 | | | | | | **submit**(7) 9:7 10:11 24:14 27:24 43:13 73:8 75:7 | |
| **rockefeller**(1) 2:22 | | | | | | | |
| **rodney**(1) 2:7 | | | | | | **submitted**(19) 16:15 20:17 21:1 21:8 22:3 32:2 37:15 38:1 38:11 39:24 40:12 43:18 50:12 56:14 58:7 61:6 62:16 69:16 76:3 | |
| **role**(2) 33:24 42:7 | | **set**(4) 11:14 25:22 54:14 61:2 | | | | | |
| **route**(1) 58:22 | | **shade**(1) 12:25 | | | | | |
| **routinely**(2) 33:9 93:15 | | **share**(1) 37:22 | | **specials**(1) 35:25 | | | |
| **rule**(20) 4:14 6:6 10:25 12:21 12:22 12:23 13:2 13:3 13:12 13:16 16:25 18:9 19:2 19:20 22:17 22:17 27:14 27:21 34:1 35:13 | | **sheets**(1) 21:24 | | **specifically**(2) 6:3 72:19 | | **subpoenas**(2) 30:19 35:21 | |
| | | **shepherd**(1) 23:14 | | **spell**(4) 26:17 34:4 34:5 41:8 | | **subsequent**(2) 6:1 47:12 | |
| | | **shifflett**(5) 2:36 9:15 9:17 9:19 9:24 | | **spent**(1) 17:17 | | **substance**(2) 55:8 58:1 | |
| **ruled**(2) 17:14 30:13 | | **shifted**(1) 74:12 | | **split**(1) 74:23 | | **substantial**(1) 67:21 | |
| **ruling**(4) 16:14 75:17 75:19 75:20 | | **shifting**(1) 64:21 | | **spring**(2) 4:9 5:6 | | **success**(7) 26:4 26:10 36:13 36:14 69:10 69:17 74:10 | |
| **said**(14) 6:19 9:20 11:8 15:7 19:4 35:2 36:11 63:14 65:10 66:3 66:6 66:13 71:7 71:8 | | **shopping**(1) 71:3 | | **square**(1) 2:7 | | | |
| | | **short**(1) 5:22 | | **stage**(2) 42:8 68:14 | | **successful**(1) 47:10 | |
| | | **shortly**(2) 6:21 6:24 | | **stand**(5) 33:23 40:16 40:17 41:2 77:7 | | **such**(6) 34:6 35:7 51:3 57:10 57:18 58:12 | |
| **same**(8) 12:20 13:4 13:5 21:5 36:9 41:15 58:7 72:13 | | **shot**(1) 53:1 | | **standard**(6) 31:4 34:3 34:4 36:15 64:22 69:12 | | **sufficient**(2) 32:17 32:17 | |
| | | **should**(18) 11:25 13:16 15:15 16:4 16:23 17:21 25:5 33:25 36:23 37:4 38:17 38:22 42:17 42:21 59:3 65:13 69:25 76:14 | | | | **suggest**(2) 70:9 74:13 | |
| **satisfied**(2) 36:15 73:5 | | | | | | **suggested**(3) 68:9 70:2 70:9 | |
| **satisfies**(1) 67:24 | | | | | | **suggesting**(1) 65:23 | |
| **satisfy**(2) 46:21 73:6 | | **shouldn't**(3) 8:3 16:21 67:2 | | **standardly**(1) 26:17 | | **suite**(5) 1:28 2:14 2:28 2:37 2:42 | |
| **saw**(1) 52:24 | | **show**(3) 27:10 27:11 74:12 | | **standards**(2) 25:23 64:24 | | **sum**(1) 15:6 | |
| **say**(17) 5:15 8:3 15:18 16:10 18:19 32:23 34:20 34:23 42:18 42:21 45:14 50:1 65:3 67:2 74:1 75:17 75:19 | | **shown**(1) 72:5 | | **standing**(1) 41:4 | | **summary**(3) 62:12 62:16 68:13 | |
| | | **sic**(1) 61:23 | | **standpoint**(2) 18:3 71:20 | | **summoned**(1) 41:3 | |
| | | **side**(4) 10:8 11:1 11:3 64:8 | | **start**(4) 10:18 14:9 14:13 37:4 | | **summons**(1) 22:21 | |
| **saying**(4) 11:21 18:20 30:23 37:5 | | **sidley**(3) 1:32 3:8 3:18 | | **started**(1) 63:6 | | **supersede**(1) 5:5 | |
| **says**(10) 29:24 29:24 31:8 47:22 50:20 54:10 71:11 72:19 74:5 76:11 | | **sign**(2) 10:8 37:14 | | **starting**(1) 72:13 | | **supplements**(1) 6:2 | |
| | | **signature**(1) 43:5 | | **state**(10) 14:13 16:7 16:19 16:20 17:7 19:1 27:3 28:1 41:7 63:1 | | **support**(2) 31:18 66:14 | |
| | | **signed**(1) 77:1 | | | | **sure**(4) 4:5 29:21 64:18 74:20 | |
| **scenario**(1) 66:2 | | **significant**(2) 62:15 71:7 | | **stated**(1) 48:1 | | **surprised**(1) 31:17 | |
| **schedule**(1) 9:4 | | **similar**(2) 37:8 37:20 | | **states**(9) 1:1 1:21 3:20 3:23 6:17 7:2 7:14 16:17 61:25 | | **surrounding**(1) 57:13 | |
| **scheduled**(1) 60:25 | | **similarly**(2) 40:2 64:3 | | | | **sustained**(4) 45:5 49:24 50:3 50:4 | |
| **scheme**(3) 13:14 14:16 16:12 | | **simple**(1) 74:16 | | **stating**(1) 50:24 | | **sworn**(1) 41:6 | |
| **schotz**(1) 1:25 | | **simply**(15) 14:11 17:8 21:24 22:1 27:2 28:8 28:11 29:8 32:22 47:21 59:9 61:21 68:2 68:4 74:5 | | **statues**(1) 15:1 | | **syndicated**(1) 24:13 | |
| **schuylkill**(1) 1:45 | | | | **status**(3) 3:21 4:3 7:12 | | **t-i-p-p-i(**1) 41:9 | |
| **scope**(3) 44:16 47:18 52:19 | | | | **statute**(1) 14:21 | | **tab**(1) 42:16 | |
| **seal**(10) 24:9 24:19 24:24 24:25 25:3 25:13 25:15 25:18 75:24 76:3 | | **since**(7) 11:4 20:22 24:12 41:24 46:14 48:11 69:25 | | **statutory**(6) 13:14 14:16 16:12 17:9 18:12 19:19 | | **take**(17) 5:18 8:16 15:3 18:4 21:2 22:1 32:10 32:13 40:9 42:24 52:12 61:22 61:23 63:4 66:24 72:7 73:16 | |
| | | | | | | | |
| **seated**(3) 3:2 41:11 | | **single**(2) 40:6 65:4 | | **stay**(33) 3:11 8:13 11:9 11:10 11:16 12:6 12:24 13:24 14:3 16:4 16:6 16:6 18:15 20:13 25:24 26:2 30:23 30:24 33:14 37:10 38:15 39:15 58:19 63:6 64:13 64:16 64:24 65:16 69:14 72:9 74:13 75:4 75:20 75:21 | | **taken**(3) 7:20 12:11 65:6 | |
| **second**(6) 4:15 12:15 26:2 34:12 60:8 60:17 | | **single-sided**(1) 76:23 | | | | **taking**(2) 42:3 71:16 | |
| **section**(2) 4:19 64:14 | | **sir**(10) 9:18 41:17 42:24 44:19 44:25 46:7 47:8 52:23 52:24 56:8 | | | | **talk**(7) 4:23 7:18 40:20 61:5 64:11 74:6 76:8 | |
| **see**(17) 4:24 10:10 12:25 13:2 14:8 15:4 15:5 15:12 16:18 19:4 26:20 39:16 42:19 42:21 55:21 73:12 73:24 | | | | | | | |
| | | **sit**(3) 4:23 19:10 72:11 | | | | | |
| | | **sitting**(1) 3:24 | | **stayed**(2) 16:7 74:17 | | **talked**(2) 11:6 74:6 | |
| **seeing**(3) 9:14 32:14 75:15 | | **situation**(1) 61:9 | | **step**(1) 56:8 | | **talking**(1) 7:22 | |
| **seek**(1) 28:11 | | **situations**(1) 66:1 | | **stephanie**(1) 77:16 | | **talks**(1) 55:10 | |
| **seeking**(3) 28:17 60:3 73:7 | | **size**(1) 33:17 | | **stephen**(6) 38:15 40:15 41:1 41:6 41:9 42:18 | | **teed**(1) 7:8 | |
| **seems**(6) 13:13 13:21 14:15 33:2 57:25 66:12 | | **skadden**(1) 2:4 | | | | **telecast**(1) 24:22 | |
| | | **skating**(1) 49:15 | | | | **telephone**(1) 4:20 | |
| | | **slate**(1) 2:4 | | **steps**(1) 15:3 | | | |
| | | **slot**(2) 61:10 61:12 | | | | | |
| | | **small**(1) 66:1 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **television**(51) 25:4 28:10 28:13 29:2 29:25 30:4 30:6 32:23 32:25 35:25 36:18 42:12 46:2 46:3 46:15 46:18 46:21 47:10 47:16 47:24 48:5 48:11 48:14 48:20 49:12 49:16 51:16 51:18 51:20 51:21 53:3 53:7 53:9 54:5 54:5 54:23 54:24 55:2 55:3 56:1 56:2 59:1 59:18 67:8 67:18 67:18 68:1 68:2 68:5 69:3 72:24 | | **that**(145) 57:3 57:9 57:12 57:19 57:23 57:25 57:25 58:1 58:9 58:13 58:19 59:1 59:5 59:6 59:8 59:8 59:9 59:11 59:13 59:14 59:19 59:20 59:21 60:1 60:1 60:6 60:10 60:21 61:6 61:12 61:24 62:1 62:7 62:11 62:11 62:14 62:17 62:25 62:25 63:3 63:4 63:6 63:7 63:12 63:17 63:18 63:21 63:25 64:6 64:8 64:11 64:15 64:20 64:22 65:4 65:5 65:12 65:16 65:20 65:20 65:23 65:23 66:1 66:7 66:12 66:15 66:17 66:18 66:20 66:24 66:25 67:6 67:8 67:10 67:12 67:14 67:14 67:15 67:20 67:22 67:23 67:24 67:25 68:8 68:9 68:13 68:22 68:22 69:1 69:4 69:7 69:10 69:12 69:13 69:16 69:18 69:20 69:22 70:1 70:8 70:18 71:2 71:6 71:14 71:14 71:20 71:25 72:1 72:7 72:8 72:9 72:10 72:10 72:14 72:15 72:21 73:4 73:6 73:7 73:7 73:9 73:10 73:16 73:17 73:18 73:21 74:3 74:10 74:11 74:22 74:23 75:1 75:9 75:11 75:20 75:23 75:24 75:24 76:6 76:10 76:12 76:20 77:1 77:10 | | **the**(301) 23:25 24:1 24:2 24:2 24:8 24:10 24:21 24:24 25:7 25:10 25:12 25:14 25:15 25:22 25:22 25:23 25:23 26:1 26:1 26:1 26:2 26:2 26:3 26:3 26:4 26:4 26:6 26:7 26:9 26:9 26:10 26:13 26:13 26:13 26:14 26:15 26:17 26:17 26:18 26:19 26:22 26:23 26:24 27:1 27:4 27:6 27:7 27:10 27:11 27:14 27:15 27:17 27:17 27:17 27:21 27:25 27:25 28:1 28:6 28:8 28:8 28:10 28:11 28:12 28:13 28:14 28:16 28:16 28:18 28:20 28:22 28:22 28:23 29:3 29:3 29:3 29:4 29:5 29:7 29:8 29:9 29:11 29:11 29:13 29:13 29:13 29:15 30:19 30:20 30:21 30:22 30:24 30:24 30:24 30:24 30:25 30:25 31:3 31:3 31:5 31:6 31:6 31:6 31:7 31:7 31:11 31:16 31:18 31:19 31:19 31:22 31:22 32:3 32:6 32:10 32:10 32:13 32:13 32:16 32:20 32:23 33:3 33:5 33:8 33:9 33:23 33:12 33:12 33:14 33:15 33:17 33:18 33:24 33:25 34:3 34:3 34:7 34:7 34:8 34:9 34:10 34:13 34:19 34:20 34:22 34:24 34:25 35:5 35:5 35:5 35:10 35:13 35:15 35:20 35:20 35:24 36:2 36:7 36:11 36:11 36:12 36:13 36:13 36:14 36:14 36:16 36:18 36:19 36:19 36:20 36:20 36:22 37:6 37:7 37:9 37:11 37:13 37:14 37:14 37:14 37:15 37:15 37:18 37:20 37:21 37:24 38:1 38:2 38:5 38:5 38:7 38:9 38:11 38:14 38:18 38:19 38:20 39:2 39:3 39:6 39:12 39:15 39:15 39:17 39:21 39:24 39:24 40:1 40:10 40:12 40:15 40:16 40:21 41:4 41:4 41:5 41:7 41:7 41:9 41:11 41:15 41:16 41:22 42:5 42:9 42:11 42:14 42:14 42:15 42:17 42:21 42:25 42:25 43:9 43:12 43:13 43:14 43:14 43:15 43:18 43:19 44:1 44:7 44:9 44:9 44:12 44:15 44:15 44:15 44:16 44:18 44:20 44:20 45:1 45:1 45:2 45:5 45:7 45:8 45:10 45:10 45:14 45:14 45:15 45:20 45:22 46:1 46:5 46:8 46:10 46:13 46:20 46:21 46:23 46:24 47:2 47:4 47:9 47:11 47:11 47:12 47:17 47:17 47:18 47:19 47:19 47:22 48:7 48:8 48:8 48:10 48:13 | | **the**(301) 48:15 48:17 48:17 48:19 48:24 49:1 49:4 49:6 49:11 49:14 49:14 49:20 49:24 50:3 50:5 50:7 50:9 50:10 50:12 50:15 50:22 50:24 51:2 51:4 51:5 51:7 51:11 51:12 51:18 51:25 52:4 52:6 52:7 52:13 52:19 52:20 52:22 52:24 52:24 52:25 53:3 53:6 53:8 53:10 53:11 53:12 53:16 53:18 53:21 53:23 53:25 54:1 54:6 54:10 54:13 54:14 54:16 54:19 54:19 54:21 54:22 54:23 54:25 55:2 55:8 55:8 55:10 55:14 55:16 55:19 55:19 55:19 55:20 55:20 55:24 56:3 56:3 56:5 56:8 56:10 56:11 56:13 56:13 56:14 56:16 56:18 56:19 56:20 56:22 56:23 56:24 56:25 57:1 57:2 57:2 57:2 57:4 57:12 57:12 57:13 57:13 57:14 57:15 57:17 57:23 57:24 58:2 58:3 58:4 58:4 58:5 58:6 58:6 58:7 58:7 58:8 58:8 58:9 58:11 58:12 58:14 58:15 58:17 58:19 58:20 58:21 58:23 58:24 59:1 59:1 59:3 59:3 59:5 59:9 59:8 59:9 59:10 59:11 59:12 59:15 59:16 59:16 59:19 59:20 59:23 60:2 60:3 60:4 60:4 60:6 60:8 60:11 60:11 60:12 60:17 60:22 60:23 60:25 61:5 61:7 61:7 61:9 61:14 61:19 61:19 61:19 61:21 61:21 61:24 61:24 61:25 61:25 62:1 62:2 62:6 62:6 62:7 62:12 62:14 62:16 62:18 62:18 62:22 62:23 63:1 63:2 63:3 63:4 63:5 63:6 63:9 63:9 63:10 63:13 63:18 63:21 63:25 64:4 64:9 64:10 64:11 64:12 64:12 64:13 64:15 64:16 64:19 64:20 64:21 64:22 64:23 64:24 64:25 65:2 65:5 65:14 65:15 65:17 65:18 65:19 65:19 65:24 65:25 66:2 66:5 66:12 66:13 66:20 66:22 66:25 67:3 67:4 67:5 67:6 67:7 67:7 67:9 67:9 67:11 67:19 67:19 67:21 67:24 68:4 68:7 68:13 68:14 68:15 68:17 68:17 68:19 68:22 68:22 68:23 68:24 68:24 69:2 69:3 69:5 69:6 69:9 69:9 69:10 69:14 69:15 69:17 69:24 70:3 70:6 70:7 70:11 70:11 70:12 70:13 70:13 70:14 70:17 70:18 70:19 70:19 70:21 70:24 70:24 70:25 70:25 71:1 71:1 71:3 71:8 71:9 71:11 71:13 71:13 71:13 71:15 |
| **tell**(11) 17:16 17:24 18:1 18:2 31:22 41:17 61:9 61:15 64:16 64:17 64:17 | | | | | | | |
| **tend**(2) 13:13 57:4 | | | | | | | |
| **term**(1) 6:7 | | | | | | | |
| **terms**(4) 46:23 56:3 57:12 64:9 | | | | | | | |
| **tested**(1) 33:10 | | | | | | | |
| **testified**(5) 38:6 39:20 40:9 49:18 66:20 | | | | | | | |
| **testify**(3) 29:1 38:20 65:9 | | | | | | | |
| **testimony**(11) 32:21 35:14 39:14 40:6 40:7 43:8 43:9 63:17 63:21 65:3 71:7 | | **that's**(36) 9:8 9:8 9:10 10:12 11:2 11:4 12:7 13:17 14:19 14:20 14:24 19:9 28:4 29:6 31:18 32:8 34:5 34:7 35:11 36:2 45:18 47:7 49:22 51:7 55:20 56:22 57:6 60:5 60:6 61:19 62:22 69:13 71:11 75:16 76:10 76:12 | | | | | |
| **than**(14) 15:9 18:6 24:7 29:17 40:16 56:12 61:11 66:8 66:11 66:16 67:1 67:2 70:17 73:12 | | | | | | | |
| **thank**(30) 3:21 7:25 8:1 8:11 9:10 9:11 9:19 9:23 9:24 10:12 10:13 19:11 19:25 20:12 20:18 25:24 26:12 37:1 37:2 37:17 37:19 40:22 56:6 56:8 70:13 70:21 76:19 76:25 77:3 77:5 | | **the**(301) 1:1 1:2 1:20 2:12 2:19 3:2 3:3 3:5 3:6 3:9 3:10 3:10 3:12 3:12 3:13 3:16 3:18 3:20 3:23 4:2 4:3 4:3 4:7 4:8 4:9 4:10 4:14 4:15 4:18 4:21 4:22 4:22 4:23 5:2 5:3 5:5 5:6 5:8 5:8 5:10 5:12 5:14 5:14 5:15 5:15 5:16 5:17 5:17 5:21 5:24 6:4 6:5 6:5 6:12 6:15 6:17 6:19 6:20 6:22 7:2 7:3 7:9 7:10 7:12 7:15 7:16 7:16 7:17 7:17 7:19 7:21 7:21 7:25 7:25 8:1 8:5 8:8 8:9 8:11 8:13 8:13 8:15 8:16 8:18 8:19 8:21 8:23 8:25 8:25 9:1 9:4 9:6 9:10 9:12 9:14 9:18 9:21 9:23 9:25 9:25 10:2 10:2 10:3 10:4 10:6 10:6 10:6 10:12 10:14 10:16 10:17 10:18 10:22 10:22 10:25 11:1 11:3 11:8 11:9 11:9 11:10 11:11 11:13 11:14 11:16 11:19 11:21 11:23 11:24 11:25 12:4 12:6 12:10 12:14 12:17 12:17 12:20 12:21 12:21 12:24 13:3 13:3 13:3 13:4 13:4 13:5 13:7 13:7 13:9 13:10 13:11 13:12 13:13 13:15 13:15 13:18 13:22 14:3 14:6 14:10 14:10 14:11 14:12 14:13 14:13 14:16 14:16 14:17 14:19 14:24 14:25 15:1 15:4 15:4 15:5 15:5 15:6 15:6 15:11 15:17 15:17 15:19 15:19 15:21 15:24 16:2 16:2 16:3 16:5 16:5 16:8 16:8 16:9 16:11 16:12 16:13 16:16 16:18 16:19 16:20 16:21 16:22 16:24 16:25 17:1 17:1 17:3 17:13 17:14 17:17 17:17 17:18 17:18 17:11 17:24 18:1 18:2 18:3 18:8 18:9 18:12 18:15 18:16 18:18 18:18 18:19 18:24 18:25 19:2 19:4 19:5 19:9 19:12 19:12 19:15 19:15 19:16 19:16 19:18 19:20 19:23 19:23 19:23 20:1 20:2 20:3 20:4 20:5 20:6 20:8 20:13 20:14 20:15 20:15 20:18 20:24 20:24 21:3 21:3 21:5 21:6 21:10 21:12 21:15 21:21 21:23 21:24 21:24 21:25 22:5 22:6 22:7 22:9 22:12 22:16 22:16 22:17 22:17 22:20 22:21 22:24 22:24 22:25 23:3 23:3 23:4 23:4 23:6 23:7 23:10 23:15 23:18 | | | | | |
| **that**(301) 3:10 3:19 4:8 4:9 4:13 5:5 5:6 5:7 5:9 5:11 5:12 5:13 5:13 5:15 5:18 5:21 6:2 6:2 6:7 6:13 6:19 6:23 7:3 7:4 7:5 7:7 7:8 7:11 7:17 8:4 8:17 9:2 9:5 9:6 10:9 10:18 10:20 10:20 11:3 11:8 11:15 11:17 11:17 11:19 11:20 11:23 11:25 12:4 12:5 12:7 12:9 12:10 13:7 13:8 13:11 13:11 13:13 13:14 13:17 13:18 13:19 14:1 14:6 14:12 14:15 14:16 14:19 14:22 14:22 14:22 14:23 15:12 15:14 15:23 16:1 16:9 16:9 16:13 16:18 16:21 16:23 16:25 17:11 17:12 17:12 17:17 18:4 18:5 18:7 18:9 18:9 19:4 19:8 19:17 19:19 19:20 20:1 20:4 20:8 20:8 20:16 20:20 21:8 21:13 21:13 21:13 22:2 22:3 22:5 22:11 22:13 22:13 22:14 22:18 22:22 22:24 22:25 23:8 23:16 23:20 23:20 23:21 24:1 24:2 24:11 24:12 24:14 24:20 24:21 24:22 25:2 25:4 25:12 25:17 25:24 26:7 26:10 26:18 26:19 27:3 27:3 27:7 27:7 27:8 27:8 27:8 27:10 27:13 27:15 27:16 27:18 27:20 27:22 27:23 27:24 28:6 28:9 28:11 28:12 28:14 28:15 28:17 28:18 28:20 29:1 29:17 29:18 29:24 30:1 30:3 30:3 30:5 30:8 30:9 30:11 30:12 30:13 30:18 30:25 31:4 31:7 31:14 31:16 31:18 31:19 32:1 32:11 32:14 32:15 32:16 32:22 32:23 33:1 33:3 33:6 33:6 33:8 33:13 33:17 33:24 34:2 34:16 34:18 34:23 36:9 36:11 36:15 36:18 36:19 36:23 36:25 36:25 37:9 37:10 37:15 37:21 38:3 38:7 38:16 39:4 39:14 39:18 40:6 40:25 41:1 41:15 41:15 42:17 42:18 42:18 42:19 42:22 42:24 43:11 44:4 44:5 44:25 45:14 45:17 45:19 45:20 46:11 46:12 46:14 46:16 46:17 46:23 47:1 47:2 47:4 47:6 47:14 47:19 47:23 47:25 48:1 48:2 48:4 48:9 48:14 48:15 48:18 48:18 48:20 49:11 49:14 50:1 50:15 50:20 50:24 51:2 51:2 51:11 51:15 51:22 52:1 52:16 52:18 52:20 53:12 54:10 54:13 54:23 55:2 55:14 55:16 56:1 56:13 56:19 56:23 56:24 57:2 | | | | **the**(70) 71:16 71:19 71:19 71:20 71:23 71:23 72:2 72:2 72:4 72:4 72:6 72:9 72:9 72:12 72:13 72:18 72:19 72:20 72:25 73:1 73:1 73:5 73:11 73:16 73:23 73:25 73:25 74:3 74:4 74:5 74:11 74:13 74:14 74:18 74:18 74:23 74:24 75:3 75:4 75:4 75:6 75:7 75:8 75:11 75:14 75:18 75:19 75:20 75:21 75:21 75:22 75:22 75:23 75:23 76:2 76:4 76:5 76:8 76:12 76:13 76:18 76:20 76:20 76:25 77:5 77:8 77:10 77:11 77:11 77:12 |
| | | | | | | **theatrical**(2) 67:17 72:23 | |
| | | | | | | **their**(7) 7:7 13:4 21:17 31:10 60:22 71:4 73:24 | |
| | | | | | | **them**(20) 3:25 7:3 7:4 7:20 11:24 13:24 17:25 18:1 20:11 22:7 26:20 27:14 28:19 34:11 59:18 62:2 69:25 71:12 71:15 74:7 | |
| | | | | | | **theme**(1) 69:19 | |
| | | | | | | **themselves**(2) 57:14 60:22 | |
| | | | | | | **then**(26) 6:14 6:22 6:25 11:15 11:16 12:5 12:7 12:10 14:17 14:24 16:23 16:24 23:18 29:13 30:10 32:14 32:18 34:23 37:10 38:25 39:9 53:11 58:1 58:10 59:5 72:2 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **there**(69) 4:6 7:1 8:3 8:4 11:18 13:5 13:6 13:20 14:21 15:24 16:2 16:23 20:21 21:6 24:20 24:24 25:7 25:9 25:24 27:23 29:6 29:24 30:4 30:5 30:12 30:21 30:21 33:20 34:4 34:11 34:12 34:15 34:16 35:6 35:13 36:16 36:17 38:9 39:22 40:17 44:1 46:18 47:14 48:4 50:10 51:6 51:8 54:23 55:2 55:13 55:25 56:5 60:20 62:4 62:14 65:10 67:15 67:23 68:9 68:10 68:25 69:16 71:7 73:25 74:6 74:19 77:2 77:3 | | **those**(29) 5:4 6:12 6:17 7:23 12:24 15:3 16:5 16:11 16:12 20:10 20:19 20:20 23:22 24:23 26:5 35:21 36:1 39:19 49:22 50:1 53:23 57:22 64:7 65:25 68:10 74:6 74:25 75:1 75:25 | | **tribune**(55) 1:9 3:5 11:7 12:3 21:16 23:4 23:7 24:2 26:19 27:1 27:7 27:21 28:20 30:19 37:4 37:25 38:15 38:18 38:23 40:1 40:8 40:14 41:1 41:19 41:20 41:23 41:25 43:19 44:1 44:12 44:23 46:1 46:6 48:19 49:14 50:17 53:3 53:6 53:8 53:12 55:9 58:16 58:25 59:17 60:14 60:15 60:16 60:19 62:8 65:18 65:20 66:17 66:21 69:22 71:20 | | **venture**(2) 6:6 6:13 | |
| | | | | | | **venue**(12) 12:17 13:12 13:14 14:11 14:25 17:9 19:3 26:25 30:23 30:25 31:1 44:9 | |
| | | | | | | | |
| **there's**(25) 12:15 12:16 12:19 17:6 17:23 18:23 20:21 20:25 21:15 21:18 29:14 29:18 31:24 36:4 46:15 47:23 61:6 64:7 66:5 66:23 69:1 71:9 71:11 72:11 72:12 | | **though**(6) 16:13 20:1 30:15 35:22 48:15 68:11 | | **tribune's**(1) 13:8 | | **version**(2) 39:16 39:17 | |
| | | | | **tried**(2) 33:18 58:14 | | **versus**(1) 35:25 | |
| | | **thought**(4) 11:6 11:12 20:10 24:7 | | **true**(2) 29:6 54:17 | | **very**(15) 5:22 6:21 6:24 11:13 15:13 22:25 23:10 33:12 56:22 62:4 68:6 70:22 74:15 75:15 77:21 | |
| | | **thoughts**(1) 13:11 | | **trustee**(5) 2:12 2:12 3:23 5:8 5:17 | | | |
| **therefore**(1) 59:12 | | **threat**(1) 35:1 | | **trustee's**(7) 3:20 4:16 4:23 5:17 6:17 7:2 7:14 | | | |
| **these**(8) 14:2 26:8 33:16 37:22 39:20 59:16 59:17 74:21 | | **three**(10) 12:16 12:19 25:24 26:4 29:23 32:20 54:7 70:24 71:25 74:9 | | | | **vice**(7) 38:15 41:21 41:22 42:4 42:5 42:7 46:10 | |
| | | **threshold**(4) 26:11 29:16 36:11 73:5 | | **try**(3) 33:6 33:20 66:13 | | | |
| | | **through**(7) 4:12 4:23 20:19 22:7 24:5 25:14 25:19 25:21 26:6 28:22 30:20 34:3 37:20 39:7 42:17 43:20 73:11 | | **trying**(3) 58:3 66:4 66:14 | | **video**(2) 37:15 42:12 | |
| | | | | **tuesday**(1) 3:1 | | **videotape**(2) 35:7 35:8 | |
| **they**(44) 5:10 7:5 7:9 9:4 10:19 11:15 13:4 16:16 17:9 17:18 17:19 18:2 19:19 19:19 21:1 27:9 27:23 28:13 28:17 29:14 31:23 32:1 32:2 32:6 32:7 32:25 33:16 35:6 35:21 35:23 39:2 55:11 57:18 60:1 62:3 63:14 63:14 63:19 66:10 68:18 69:22 70:1 71:16 74:24 | | | | **turn**(1) 53:10 | | **view**(5) 14:22 35:8 59:2 62:9 69:21 | |
| | | **throughout**(1) 69:20 | | **turner**(6) 23:16 24:11 25:12 28:25 29:24 68:4 | | **virtually**(1) 33:16 | |
| | | **throwing**(1) 59:23 | | | | **visiting**(1) 61:11 | |
| | | **thrown**(1) 59:25 | | | | **visits**(1) 75:14 | |
| | | **thursday**(1) 39:13 | | **twelve**(1) 61:11 | | **voiced**(1) 7:2 | |
| | | **time**(28) 6:1 14:3 16:8 17:18 17:25 19:15 25:6 27:9 27:15 27:15 31:19 34:6 38:8 46:10 48:15 48:17 51:2 55:4 55:20 58:8 61:2 61:14 62:14 70:24 71:10 71:10 74:2 77:4 | | **two**(21) 11:6 12:19 13:4 17:3 21:6 26:14 29:12 29:14 29:19 31:7 31:24 32:19 39:6 39:9 56:18 61:11 62:13 72:21 74:4 74:15 75:25 | | **void**(1) 28:3 | |
| **they'll**(1) 35:22 | | | | | | **volume**(1) 61:21 | |
| **they're**(8) 12:19 18:12 29:25 36:1 59:25 71:2 72:13 73:13 | | | | | | **voluntarily**(1) 63:20 | |
| | | | | **type**(1) 31:19 | | **vote**(1) 57:23 | |
| | | | | **typed**(1) 43:5 | | **wait**(1) 29:21 | |
| | | | | **typical**(2) 30:25 58:12 | | **waiving**(1) 72:16 | |
| **they've**(4) 11:23 34:8 74:10 74:12 | | **tippie**(29) 38:15 38:16 38:19 38:24 39:3 39:10 40:15 40:25 41:1 41:6 41:9 41:14 42:7 42:15 42:19 43:3 43:24 44:1 45:12 45:13 46:5 46:14 49:8 49:18 55:7 56:7 60:15 66:19 70:1 | | **typically**(2) 14:19 58:5 | | **walk**(1) 20:19 | |
| **thing**(2) 20:15 39:7 | | | | **u.s**(7) 2:12 2:12 4:16 4:23 5:8 5:17 5:17 | | **walking**(1) 17:25 | |
| **things**(6) 13:19 13:23 15:11 17:21 31:25 33:15 | | | | **uh-huh**(1) 33:11 | | **want**(16) 31:23 40:17 62:21 63:2 65:15 66:3 66:6 66:6 66:6 67:13 69:19 71:6 72:7 72:14 73:9 74:17 | |
| | | | | **ultimate**(1) 64:16 | | | |
| | | **tippie's**(3) 44:14 52:19 58:22 | | **ultimately**(2) 60:9 64:14 | | | |
| **think**(61) 3:25 9:14 11:12 11:14 11:15 11:18 11:23 11:25 14:10 15:4 16:3 18:13 19:6 19:9 19:19 19:19 20:3 20:13 20:14 20:21 21:15 21:25 23:23 23:24 25:22 26:6 26:12 26:18 26:22 28:3 28:17 29:16 29:18 30:12 33:8 33:22 33:24 34:14 36:12 36:15 36:21 39:7 49:22 55:16 61:16 61:22 64:20 65:12 66:9 70:18 71:3 71:20 72:7 72:17 73:8 73:24 74:1 74:11 74:12 75:2 75:7 76:21 | | **tms**(10) 42:21 43:12 44:23 45:14 47:20 49:15 50:21 56:14 72:20 72:24 | | **under**(32) 4:19 6:8 6:14 9:7 10:25 13:13 14:1 14:15 16:9 22:3 22:15 24:9 24:19 24:24 24:25 25:3 25:13 25:15 25:18 27:19 27:25 28:11 33:25 46:20 46:23 54:24 64:21 66:22 68:7 68:22 75:24 76:3 | | **wanted**(5) 10:18 10:19 68:8 69:4 73:6 | |
| | | | | | | **wants**(1) 66:10 | |
| | | | | | | **warren**(5) 2:4 10:16 20:25 39:12 43:25 | |
| | | **today**(18) 3:20 4:1 5:1 7:12 11:3 17:22 33:19 37:18 38:7 38:18 39:19 43:8 67:16 72:11 73:8 75:19 75:22 77:2 | | | | **was**(66) 3:9 4:8 4:11 5:6 5:17 6:19 13:20 14:12 15:16 15:19 15:21 15:24 16:2 17:5 22:25 23:10 24:11 24:22 25:9 26:25 27:2 27:13 27:17 30:3 33:8 34:20 34:21 36:18 36:19 38:1 40:4 40:17 46:9 46:10 48:14 48:15 48:15 48:17 50:3 50:4 50:5 50:15 50:15 51:2 51:3 51:6 51:7 51:8 53:1 53:12 53:15 53:18 62:11 62:14 63:7 63:20 64:3 64:6 65:6 65:6 71:7 71:7 72:8 74:24 75:24 77:8 | |
| | | | | **underlying**(1) 56:15 | | | |
| | | | | **understand**(23) 7:18 11:5 16:4 16:14 18:8 20:1 27:7 27:20 27:23 32:4 32:4 32:12 34:2 35:7 35:8 35:12 36:8 54:25 55:12 61:4 67:20 71:19 71:24 | | | |
| | | **together**(1) 12:1 | | | | | |
| | | **tone**(1) 70:9 | | | | | |
| | | **too**(2) 21:6 40:5 | | | | | |
| | | **took**(4) 15:6 39:12 48:19 68:23 | | | | **wasn't**(4) 17:17 30:25 45:12 49:19 | |
| **thinking**(3) 17:24 17:25 18:2 | | **top**(2) 42:18 67:25 | | | | **waterfall**(1) 47:11 | |
| **thinks**(1) 76:9 | | **topic**(1) 47:25 | | **understanding**(5) 12:4 28:4 34:25 35:1 53:24 | | **way**(16) 14:16 15:9 16:19 18:10 20:14 29:5 32:10 33:24 37:14 48:1 53:1 57:24 58:4 58:5 61:19 76:13 | |
| **third**(7) 12:12 12:25 13:18 19:16 19:20 21:23 28:1 | | **tracy**(21) 24:11 42:9 45:15 50:22 50:24 51:12 51:23 51:24 52:3 52:4 52:5 52:6 52:17 54:1 58:23 60:18 67:5 67:7 67:10 73:1 73:2 | | | | | |
| | | | | **understands**(1) 75:9 | | **we'll**(1) 19:7 | |
| **thirteen**(2) 49:4 49:5 | | | | **understood**(4) 12:12 18:5 18:8 55:11 | | **we're**(10) 7:19 7:22 9:20 11:8 60:3 61:9 66:4 67:15 72:16 73:7 | |
| **thirty**(1) 36:3 | | | | **undertaken**(2) 57:7 57:9 | | | |
| **this**(156) 3:7 3:9 3:24 5:12 5:14 9:9 10:23 11:12 11:22 12:17 12:21 13:8 14:5 14:7 14:17 15:9 15:13 15:16 16:3 16:13 16:16 17:5 17:9 17:9 17:23 19:1 19:3 19:17 20:3 20:5 20:22 21:3 22:1 23:11 23:25 24:16 24:18 24:21 24:21 25:1 25:5 25:10 25:16 25:25 27:13 27:16 27:25 28:6 28:15 28:21 30:10 30:13 30:22 31:20 32:2 32:16 33:18 35:4 35:16 35:17 36:3 37:12 38:8 38:20 39:16 40:3 40:5 40:9 43:3 43:3 43:8 44:2 44:7 44:8 44:16 45:3 47:14 47:23 49:1 49:8 49:10 49:19 49:22 50:2 52:19 54:17 55:15 56:20 57:5 57:9 57:17 58:1 58:20 59:2 59:13 59:15 60:2 60:4 60:20 60:23 60:25 61:8 62:22 62:23 63:1 63:8 63:10 64:1 64:4 64:22 65:13 65:13 65:16 65:21 65:25 66:2 66:4 66:9 66:11 66:13 66:16 66:18 66:19 66:20 67:4 67:10 67:18 68:6 68:12 68:25 69:3 69:6 69:21 69:22 69:24 69:25 70:1 70:2 70:4 70:20 71:12 71:24 71:24 72:22 73:7 73:13 73:18 74:7 74:7 74:10 74:16 76:13 77:5 77:6 | | **transcript**(6) 1:19 1:50 39:17 40:3 74:5 77:11 | | **unique**(1) 57:19 | | **we've**(14) 5:16 5:16 9:20 11:6 12:16 19:6 29:16 35:1 36:15 36:17 58:18 74:1 74:11 75:2 | |
| | | | | **united**(9) 1:1 1:21 3:20 3:23 6:17 7:2 7:14 16:17 61:25 | | | |
| | | **transcription**(2) 1:44 1:51 | | | | **week**(2) 3:24 39:13 | |
| | | **transcriptionist**(1) 77:18 | | | | **weekend**(1) 20:22 | |
| | | **transfer**(6) 14:17 16:22 16:23 17:8 22:24 26:25 | | **unless**(3) 18:5 19:5 70:10 | | **weeks**(2) 15:17 15:19 | |
| | | | | **unlike**(2) 13:18 15:14 | | **weighing**(1) 20:9 | |
| | | | | **unlikely**(1) 68:20 | | **weighs**(1) 27:3 | |
| | | **traveled**(1) 60:15 | | **unsecured**(3) 2:20 69:24 70:11 | | **weight**(1) 34:18 | |
| | | **treat**(2) 66:11 70:6 | | **until**(5) 5:14 25:10 25:18 34:6 75:20 | | **welcome**(2) 9:18 67:13 | |
| | | **tremendously**(1) 69:21 | | **unusual**(3) 13:7 13:20 15:13 | | **well**(31) 6:6 7:7 11:20 15:9 15:18 15:19 17:16 18:18 19:7 19:21 23:22 26:5 29:4 31:24 32:3 33:5 34:8 38:7 38:24 42:25 44:7 45:24 48:1 51:20 52:24 55:16 57:17 57:23 58:5 58:19 71:13 | |
| | | **trial**(15) 29:10 30:11 32:22 33:19 35:2 35:16 35:21 35:23 36:23 44:9 58:2 58:11 61:1 61:2 63:11 | | **upon**(4) 5:2 39:18 67:3 76:22 | | | |
| | | | | **use**(2) 6:6 47:9 | | | |
| | | | | **used**(3) 45:7 47:4 72:10 | | | |
| | | | | **useful**(1) 76:10 | | | |
| | | | | **using**(1) 15:5 | | | |
| | | **trial/non-jury**(1) 33:19 | | **usually**(2) 34:5 66:1 | | **weller**(1) 23:14 | |
| | | | | **vacancy**(1) 61:21 | | **went**(1) 28:22 | |
| | | | | **vacation**(1) 3:24 | | **were**(23) 10:19 14:13 17:18 17:18 17:19 17:19 18:6 33:13 39:20 40:5 49:5 46:5 46:11 57:8 57:25 58:9 58:11 60:10 60:11 62:16 64:17 67:1 67:2 | |
| | | | | **vague**(1) 48:21 | | | |
| | | | | **valid**(1) 28:2 | | | |
| | | | | **valuable**(2) 47:13 69:21 | | | |
| | | | | **value**(2) 47:5 71:17 | | | |
| | | | | **varieties**(1) 12:16 | | | |
| | | | | **variety**(1) 8:6 | | **west**(1) 1:28 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|
| **what**(61) 5:10 9:3 9:5 9:19 11:6 11:11 12:7 12:9 12:25 14:1 17:24 18:1 21:14 24:23 25:22 26:6 26:16 26:21 29:4 29:20 32:3 32:4 33:1 33:5 33:25 34:5 37:7 41:20 42:3 42:8 45:7 47:8 48:22 49:22 50:1 50:15 51:18 53:17 53:24 54:3 54:10 54:13 56:12 56:20 57:1 57:13 58:21 61:9 61:13 61:14 62:6 64:17 68:11 68:23 68:24 69:2 71:7 71:11 71:16 76:8 | | **with**(111) 3:6 3:9 3:12 3:14 3:20 4:7 4:9 4:10 4:14 4:21 4:23 5:4 5:5 5:10 5:22 5:24 6:11 6:12 6:17 6:21 7:10 7:15 7:19 7:24 8:8 8:9 8:15 9:10 9:19 10:7 11:9 12:8 12:15 13:12 14:6 14:11 14:13 15:22 17:11 17:12 17:18 17:21 18:19 18:23 19:10 20:4 20:5 20:14 20:21 21:6 22:3 22:21 22:12 25:22 25:23 26:3 26:5 26:7 26:20 26:21 26:22 29:24 31:16 32:15 33:15 35:14 36:1 37:13 38:2 38:17 39:9 41:25 43:11 43:13 44:7 44:10 44:11 45:10 45:1 46:24 47:2 47:22 53:20 56:17 57:4 57:24 59:19 61:7 61:13 63:6 63:9 64:4 65:17 68:11 68:12 69:9 71:1 71:5 71:6 71:16 72:25 73:1 73:4 73:9 73:25 74:14 74:24 75:22 75:24 76:2 76:11 | | **you**(189) 3:21 4:4 7:25 8:1 8:11 9:10 9:11 9:14 9:19 9:23 9:24 10:2 10:7 10:12 10:13 10:18 10:18 10:20 10:20 11:1 11:3 12:12 13:3 13:10 13:11 14:10 14:11 14:22 15:2 15:2 15:3 15:6 15:6 15:20 15:22 16:6 16:25 17:12 17:16 17:21 17:23 18:4 18:6 18:20 19:10 19:11 19:21 19:25 20:12 20:18 25:20 26:7 26:9 26:12 26:23 27:19 29:4 29:9 29:10 29:15 29:23 30:1 30:2 30:15 30:22 30:24 30:25 31:3 31:5 31:12 34:10 35:7 36:5 36:10 36:12 37:1 37:2 37:17 37:19 39:16 40:21 40:22 41:14 41:17 41:18 41:21 41:25 42:3 42:8 42:15 42:16 42:17 42:19 42:21 42:24 43:8 44:7 44:18 44:20 45:2 45:7 45:7 45:9 45:10 45:13 45:19 45:20 46:5 46:11 46:14 46:24 47:4 47:8 48:8 48:10 49:1 49:1 49:8 50:24 51:8 51:11 51:11 51:15 51:17 51:20 52:7 52:13 52:16 52:22 52:22 53:10 53:11 53:12 53:20 53:20 53:24 54:18 54:21 54:25 54:25 56:6 56:8 56:8 57:7 59:2 59:8 59:9 61:9 61:9 61:15 62:20 63:3 64:17 64:17 64:19 64:20 66:7 66:9 67:12 69:18 70:13 70:19 70:21 72:21 72:21 73:23 74:17 74:21 74:22 74:23 74:23 75:15 76:13 76:15 76:15 76:16 76:19 76:21 76:23 76:25 77:3 77:5 |
| **what's**(9) 29:6 30:6 31:5 32:22 34:24 34:25 36:3 47:10 66:13 | | **withdraw**(5) 17:1 58:4 58:6 76:5 76:6 **withdrawal**(2) 35:2 72:2 **withdraws**(1) 72:20 **within**(7) 30:23 55:4 58:24 59:17 59:18 67:18 69:3 | | **you're**(10) 11:5 11:21 15:4 18:13 32:5 33:20 34:17 44:19 49:6 57:11 |
| **whatever**(5) 24:18 32:7 60:10 68:6 68:18 | | **without**(8) 18:20 33:14 38:11 39:24 40:12 43:18 50:12 62:9 | | **you've**(8) 17:14 26:11 33:13 34:14 36:10 47:5 51:15 52:10 |
| **when**(14) 16:6 16:18 19:23 29:13 29:15 31:5 31:10 33:7 53:1 53:19 61:12 67:21 73:23 76:11 | | **witness**(14) 33:1 41:3 41:6 41:9 43:1 44:20 48:25 52:24 56:9 63:5 65:4 71:8 73:16 74:4 | | **your**(262) 3:4 3:18 3:22 4:3 4:7 5:1 5:24 7:12 7:14 8:2 8:12 8:22 8:25 9:8 9:13 9:15 9:17 9:22 9:25 10:5 10:9 10:11 10:15 10:20 10:24 11:1 11:4 11:7 11:8 11:14 12:8 12:11 12:13 12:15 12:20 13:3 14:9 14:12 14:21 14:22 16:2 16:4 16:6 |
| **whenever**(1) 31:3 **where**(17) 5:19 14:10 29:9 29:9 29:10 31:6 32:11 32:24 35:13 35:20 35:20 41:18 48:14 60:3 63:14 65:3 71:2 | | **witnesses**(12) 28:18 28:22 28:23 30:21 31:7 32:20 35:5 64:10 68:14 68:15 73:19 76:8 | | 18:22 18:24 19:7 19:11 19:14 19:15 19:25 20:12 20:14 20:23 20:24 21:6 21:9 21:12 21:14 21:23 21:25 22:2 22:12 22:14 22:16 22:18 22:22 22:25 23:6 23:9 23:23 24:8 24:9 24:14 24:16 25:2 25:9 25:20 25:21 25:22 26:5 26:15 26:16 26:22 26:23 27:5 27:11 27:12 27:13 27:19 27:22 28:4 28:6 28:16 29:7 29:8 29:14 29:19 29:22 30:3 30:6 30:12 31:2 31:15 31:21 31:24 32:7 32:9 32:12 32:13 32:14 33:6 33:8 34:2 34:12 34:14 34:19 35:6 35:13 35:24 36:8 36:10 36:11 36:15 36:19 36:24 37:3 37:5 37:17 37:19 38:10 38:14 38:24 39:11 39:23 40:4 40:11 40:19 40:24 41:4 41:5 41:7 41:8 41:20 42:1 42:7 43:3 43:5 43:8 43:9 43:11 43:17 44:13 45:13 46:11 46:16 46:17 47:4 47:17 47:21 48:7 48:10 48:21 48:24 49:10 49:11 49:17 49:21 50:6 50:8 50:11 50:20 50:20 51:2 52:12 53:10 55:6 55:10 55:18 56:4 56:6 56:18 57:11 57:12 57:21 58:17 58:23 58:24 59:3 59:7 59:21 60:1 60:8 60:9 60:9 60:21 61:4 61:17 61:22 61:23 62:6 62:24 63:3 63:12 63:23 64:5 65:18 65:21 66:24 67:23 69:9 69:20 70:10 70:16 70:23 70:23 71:1 71:14 71:18 71:22 71:25 72:7 72:10 72:15 72:17 72:25 73:3 73:11 73:16 73:21 73:23 74:1 74:18 74:21 74:14 74:15 74:20 75:2 75:3 75:8 75:9 75:10 75:12 75:14 75:16 76:2 76:3 76:4 76:5 76:9 76:9 76:16 76:22 77:4 77:4 |
| **wherein**(1) 14:5 **whereupon**(1) 77:8 **wherever**(1) 63:5 **whether**(27) 13:2 13:15 15:15 31:15 37:6 39:4 45:22 47:22 47:23 48:11 48:19 51:8 55:13 58:14 59:16 63:19 64:1 64:4 65:8 67:16 67:24 68:6 68:19 68:22 69:2 71:23 74:18 | | | | |
| **which**(44) 4:14 6:7 6:9 7:3 7:18 8:16 9:4 10:22 13:23 14:3 14:4 16:19 23:14 23:19 24:16 27:14 29:14 29:23 32:1 32:23 36:20 36:22 38:4 39:12 40:1 42:16 46:7 46:7 51:7 52:19 56:13 56:18 57:24 58:2 59:10 61:7 61:10 62:2 62:7 62:8 63:13 69:19 71:14 72:3 | | **won't**(3) 4:6 8:7 68:19 **word**(2) 15:5 45:7 **words**(6) 3:37 3:38 47:4 49:22 50:1 59:23 **work**(2) 7:18 9:20 **worked**(2) 9:21 60:18 **works**(3) 11:20 58:5 61:20 | | |
| **while**(3) 13:22 39:7 74:7 **who**(7) 29:1 38:18 38:23 38:23 40:4 60:18 68:17 | | **would**(124) 3:19 5:5 5:7 5:13 5:18 5:23 6:14 8:15 9:5 9:15 11:12 11:15 11:16 12:4 12:5 12:6 12:7 12:12 12:20 16:10 18:9 19:5 19:9 19:15 20:15 21:14 22:1 22:11 22:14 22:18 22:22 22:25 23:20 23:25 24:9 24:12 24:13 24:24 25:2 25:12 25:19 26:1 29:1 29:10 29:10 30:9 30:2 30:8 30:11 30:19 31:11 31:12 31:17 31:19 31:22 32:24 33:14 35:6 36:25 37:6 37:8 37:9 38:5 38:24 39:19 40:7 42:24 43:11 43:13 44:16 44:25 50:8 53:5 53:6 53:8 53:10 53:25 54:3 54:4 54:6 54:8 55:18 56:17 57:4 57:5 57:9 58:10 58:11 58:15 58:16 59:6 59:10 59:11 60:25 61:2 61:8 62:22 63:4 63:5 63:19 63:22 64:1 64:4 64:9 64:19 65:8 65:13 65:19 65:20 65:23 66:7 66:13 70:11 72:10 72:15 72:17 74:6 74:13 75:3 75:5 75:6 76:8 76:9 | | |
| **whole**(1) 59:3 **wholly**(5) 6:4 6:15 6:22 8:5 8:8 **whose**(1) 65:6 **why**(6) 16:3 16:4 17:25 33:20 34:11 51:22 **will**(99) 3:13 4:4 4:14 5:20 5:20 6:23 7:18 7:22 8:5 9:14 9:21 10:1 10:8 10:10 10:1 11:5 11:13 12:1 12:24 16:3 18:4 18:5 19:18 19:20 19:21 19:24 20:10 20:13 20:14 20:19 20:22 21:13 21:13 22:8 23:7 25:15 25:17 26:6 27:11 27:24 29:11 30:5 30:18 31:8 31:8 31:9 32:24 33:1 33:9 34:5 34:12 34:23 35:3 35:13 35:15 35:16 35:18 36:5 36:25 37:7 37:19 39:8 39:13 39:16 40:24 41:14 44:18 48:1 53:11 55:21 56:18 61:13 61:15 63:12 65:4 66:18 66:25 68:7 68:13 68:16 70:12 71:16 71:25 71:25 72:24 73:17 73:18 74:3 75:7 75:8 75:10 75:18 75:20 75:25 75:25 76:5 76:14 76:18 77:7 | | **wouldn't**(6) 15:18 51:14 57:7 58:2 58:13 59:5 | | |
| | | **writing**(1) 9:21 **written**(4) 19:17 32:21 35:9 50:21 **wrong**(2) 18:20 28:5 **yeah**(3) 15:21 62:18 63:9 **year**(1) 62:13 **years**(3) 36:3 42:2 72:21 **yes**(34) 10:5 13:3 33:4 35:5 40:21 42:20 42:23 43:4 43:7 45:16 45:25 46:23 46:25 47:3 49:3 49:9 49:13 50:2 50:7 51:1 51:13 52:2 52:4 52:24 53:9 53:14 53:14 53:22 54:2 54:9 65:10 70:23 71:3 76:25 | | |
| **wilmington**(7) 1:13 1:29 2:9 2:16 2:30 2:44 3:1 | | | | |
| **win**(1) 18:20 **wish**(2) 39:2 70:1 **wishes**(5) 18:19 19:8 39:4 70:12 70:14 | | **yet**(4) 6:18 7:9 25:16 66:3 **york**(1) 2:23 | | **yours**(2) 33:8 35:8 **zero**(1) 15:6 |