**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

RECEIVED
AUG 05 2009

In re:                                    ) Chapter 11
                                          ) Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                  )
                                          ) (Jointly Administered)
                    Debtor.               )
                                          )

## WASHINGTON-BALTIMORE NEWPAPER GUILD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES DIRECTED TO THE DEBTORS

In connection with the Motion (as defined in ¶ 1 below) and pursuant to Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") 9014, 7026, 7033, 7034 and 7036 and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26, 33, 34 and 36, the Washington-Baltimore Newspaper Guild ("WBNG"), by and through their undersigned counsel, hereby propounds the following interrogatories and requests for production of documents to the above-captioned debtors (the "Debtors").

## DEFINITIONS

1. The term "Motion" means the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives [D.I. No. 1800] filed in the United States Bankruptcy Court for the District of Delaware on or about July 28, 2008.

2. The term "Communication" means any written, oral, telephonic, electronic or other inquiry, examination, notice, representation, discussion, conversation, correspondence, e-mail, memorandum, telegram, pleading, negotiation, review, claim, agreement, understanding, meeting or interview. Communications between any individual or entity and any other individual or entity includes Communications going in

either direction between such individuals or entities.

3. The term "Debtors" means the above-captioned Debtors or any of them individually and their predecessors or successors-in-interest.

4. The terms "describe in detail," "state the factual basis," "describe the basis," "state all facts," "state your understanding," or similar phrases with respect to an allegation, contention or other reference, shall mean to state in detail those facts: (a) to the extent of your present knowledge, whatever the source; (b) which you can ascertain by a diligent search; or (c) whose probable existence is known to you although you have not yet fully apprised yourself of the truth.

5. The term "Document" shall have the broadest meaning permitted under Rule 34(a) of the Fed. R. Civ. P. and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise) and drafts of the following items, whether on paper, "electronically stored information" ("ESI") (as that term is used in the Fed. R. Civ. P.), recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand: letters, correspondence, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, "Post-It" notes, stenographic notes, jottings, handwritten entries or notes, meeting reports, messages, orders, resolutions, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, forms, contracts, agreements, ledgers, appraisals, financial data, findings, analyses, purchase orders, confirmations, publications, articles, applications, books, pamphlets, circulars, booklets, certificates, microfilm, microfiche, reports, studies, logs, estimates, diagrams, journals, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, speeches, data

sheets, pictures, photographs, illustrations, films, drawings, plans, press releases, tape recordings, videotapes, disks, diskettes, compact disks, data tapes or readable computer-produced interpretations or transcriptions thereof, computer archives, computer databases, computer cards, computer printouts, computer tapes, computer readouts, correspondence (including fax transmissions), electronically transmitted messages ("e-mail"), Excel spreadsheets, PowerPoint presentations, PDF files, Tiff files, voice-mail messages, text messages, websites, spreadsheets, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description; and including, but not limited to, any information contained in any computer, even if not yet printed out, within the possession, custody or control of Defendants, or any other means of preserving thoughts or expressions, including the original and each subsequent draft, each non-identical (whether non-identical due to alterations, attachments, blanks, comments, notes, underlining, highlighting or otherwise) of any writing or record however described, wherever the document is located, however produced or reproduced, whether draft or final version. This definition also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in the preparation of any document. This definition further includes any file or other container holding, or that at any time held, any document, as well as any writing or other communication that appears or appeared on, or is or was affixed to, such file or other container.

6. The terms "identify," "describe," or "state" mean:

    (a.)    when applicable to a Document, to state at a minimum and in the following order:

(i)  the name of the Document;

(ii)  the nature of the Document (e.g., letter, contract, memorandum) and any other information (i.e., its title, index, or file number) which would facilitate in the identification thereof;

(iii)  the date the Document was prepared or created;

(iv)  the identity of each person who performed any function or had any role in connection therewith (i.e., author, contributor of information, recipient, etc.) or who has any knowledge thereof, together with a description of each such person's function, role, or knowledge;

(v)  its subject matter and substance, or, in lieu thereof, annex a legible copy of the Document to the answers to these Interrogatories;

(vi)  identification of all persons who are in possession of original and any copy of the Document;

(vii)  the type of Document (letter, memorandum, chart, facsimile, Excel spreadsheet, PowerPoint presentation, e-mail, etc.);

(viii)  its present location and the identity of its present custodian or, if its present location and custodian are not known, a description of its last know disposition;

(ix)  where a Document is other than a paper (i.e., any type of ESI, computer or recording tape, microfilm disk, microfiche, etc.), a full description of the tangible thing on which the information is recorded and the device or

     devices needed to read or listen to the Document; and

(x)  if the Document has been destroyed or is otherwise no longer in existence or cannot be found, the reason why such Document no longer exists, the identity of the people responsible for the Document no longer being in existence and of its last custodian.

(b)  When applicable to a natural person, to state at a minimum and in the following order:

  (i)  his/her full name;

  (ii)  the present and/or last know business and residence address and telephone number;

  (iii)  the present and/or last know business affiliation; and

  (iv)  the present and/or last know business positions (including job title and a description of job functions, duties, and responsibilities).

(c)  When applicable to any entity other than a natural person, to state at a minimum and in the following order:

  (i)  its full name;

  (ii)  the address and telephone number of its principal place of business;

  (iii)  the jurisdiction under the laws of which it has been organized or incorporated and the date of such organization or incorporation;

  (iv)  the identity of all persons who acted and/or who authorized another to act on its behalf in connection with the matters referred to;

(v) in the case of a corporation, the names of its directors and principal officers; and

(vi) in the case of an entity other than a corporation, the identities of its partners or principals or all individuals who acted or who authorized another to act on its behalf in connection with the matters referred to.

(d) When applicable to an oral Communication, to state the date, time, place, manner and substance of such Communication, and to identify all persons who participated in, listened to, or had access to transcripts or summaries of such Communications or copies thereof, and to identify each such person's function, role, or knowledge, and to identify all Documents which memorialize, commemorate, summarize, record, or directly refer or relate, in whole or in part, to such Communication.

7. The terms "person" or "persons" as used herein means all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact; all federal, foreign, state, local or other governmental entities; and all legal entities, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8. The term "Petition Date" means December 8, 2008.

9. As the terms "Document" and "Possession" pertain to E-mail, these terms include but are not limited to E-mail contained in your electronic E-mail directories containing:

(a) "deleted" E-mails which have not been permanently deleted, including all subdirectories irrespective of the tile of such subdirectories;

(b) "sent" E-mails, including all subdirectories irrespective of the title

of such subdirectories; and

 (c) "received" E-mails, including all subdirectories irrespective of the title of such subdirectories.

10. The term "Requests" refers to the First Request for Production of Documents and, First Set of Interrogatories.

11. The term "Request" refers generically to any of the separate enumerated requests for production of Documents and interrogatories.

12. The terms "you" and "your" means the Debtors and any of its predecessors or successors-in-interest or any subsidiary, affiliate, division or business unit thereof, and all persons acting or purporting to act on their behalf, including attorneys, employees, agents or contract or temporary employees.

## INSTRUCTIONS

1. The use of the singular shall be deemed to include the plural, and the use of masculine, feminine or neutral gender shall include each gender, as appropriate in context.

2. The terms "all," "any," "each," and "every" shall each be construed as all, any, each and every to bring within the scope of the Request or Requests all information that might otherwise be construed to be outside of its scope.

3. The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all information that might otherwise be construed to be outside of its scope.

4. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

5. A request for a Document shall be deemed to include a Request for any and all transmittal sheets, cover letters or e-mails, exhibits, enclosures, or attachments to

the Document, in addition to the Document itself.

6. Please produce responsive Documents as they have been kept in the usual course of business. ESI must be produced in its native format with metadata intact (i.e., without meta-data "scrubbing" or "cleansing"). Each Document shall be produced in such fashion as to indicate clearly the identity of the file in which such Document was located and the configuration in which such Document was kept. If there is no Document responsive to any particular Request, please so state in writing.

7. In the event that you interpose an objection to the Request or Requests, you should clearly indicate to which part or portion of the Request or Requests the objection is directed and provide all Documents to which objection is not made as if such part or portion were propounded as a separate Request.

8. You are to produce all Documents in your possession, custody or control which are requested herein, and answers to the interrogatories and requests to admit must include all information in your possession, custody or control. The term "possession, custody or control" includes actual possession by you, actual possession by you with another or constructive possession by you in that you are legally entitled or able to obtain actual possession from another person, including but not limited to attorneys, agents, employees, officers and directors.

9. As the Requests relate to E-mail, you are to review the text of each individual E-mail (i.e. not simply review the subject heading or utilize an electronic search device). As the Requests relate to websites and other electronic information, you are to review the electronic content posted on websites in your possession, custody or control (i.e. not simply review the subject heading or utilize an electronic search device).

10. You are to preserve all ESI in your possession, which includes discontinuing any and all purging, deleting, erasing, overwriting or destroying of electronic documents

in your possession irrespective of your normal business practice and refraining from altering metadata, whether intentionally or unintentionally, by automation or self-selection.

11. If any information requested herein is withheld under claim of privilege, or is not provided for whatever reason, you are requested at the time of responding to these Requests to (a) describe in detail the claim of privilege or other reason used to withhold the information and (b) identify all information by date and subject matter, without disclosing its contents, in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted. You are further requested to provide all requested information that is not subject to a claim of privilege or other reason for non-production by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

12. If any of the requested information or Documents were, but no longer are, in your possession or subject to your control, state whether such information or Document: (a) is missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to any other person or entity, or (d) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding the disposition thereof and provide a description of the nature, content, date, author(s) and recipient(s) of the information or Document.

13. Each Request is deemed to be continuing in nature. If additional information or Documents are obtained or discovered or are brought to your attention between the time of responding to this Request and the final disposition of this Action, prompt supplementation of your response is hereby requested.

## REQUESTS FOR PRODUCTION

1. The Mercer Report (filed under seal as Exhibit D to the Motion).

2. All documents referred to and/or relied upon in formulating the Mercer Report.

3. All documents describing The Debtors' 2009 performance targets and payouts, as referenced in the Motion, and any and all documents evidencing how they compare to past targets for the 10 preceding years.

4. All documents describing and/or evidencing the process for formulating the 2009 performance targets.

5. All documents demonstrating the potential allocation of funds for each of the top 10 (by dollar amount) proposed recipients of payments via the MIP[1] bonus pool described in the Motion.

6. All documents reflecting corresponding performance targets with respect to the market median data described in the Motion.

7. All documents describing all items excluded from operating cash flow for purposes of MIP funding, including but not limited to equity compensation, ESOP expense, non-operating items and special items, re-organization costs and discontinued operations.

8. All documents indicating the dollar amount of each of the items listed in the above bullet for 2009 to date and, to the extent applicable, for any/all of the preceding ten years.

---

[1] "MIP" refers to the Management Incentive Program for 2009, the "'Transition MIP'", the "'Key Operators Bonus'", and the 2008 MIP, as each is described in the Motion.

9. The Debtors consolidated operating cash flow records for the past ten years.

10. Copies of all documents the Debtors intend or anticipate will be introduced into evidence at the hearing.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the number of FTEs (full time equivalent positions) eliminated since the filing of the Petition in each of the following categories: managers, supervisors, and non-managerial/non-supervisory employees.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify the representative(s) of the Debtors most knowledgeable of the matters addressed herein.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify the representative(s) of the Debtors most knowledgeable of the positions taken in labor relations matters by the management of any Tribune property.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify all fact witnesses the Debtors intend or anticipate will be called at the hearing; and

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify all expert witnesses the Debtors intend or anticipate will be called at the hearing.

**RESPONSE:**

Dated: August 4, 2009

CROSS & SIMON, LLC

By: _____
Christopher P. Simon (No. 3697)
Michael J. Joyce (No. 4563)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200 (Telephone)
(302) 777-4224 (Facsimile)

-and-

Robert E. Paul, Esquire
Zwerdling, Paul, Kahn
& Wolly, P.C.
1025 Connecticut Avenue NW,
Suite 712
Washington, D.C. 20036-5420
(202) 857-5000 (Telephone)
(202) 223-8417 (Facsimile)

*Counsel to Washington-Baltimore
Newspaper Guild, TNG-CWA*