# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 1900<br>Proposed Objection Deadline:<br>August 7, 2009 at 4:00 p.m. (ET)<br>Proposed Hearing Date:<br>August 11, 2009 at 10:00 a.m. (ET) |

## MOTION TO SET AN EXPEDITED HEARING ON MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR A PROTECTIVE ORDER WITH REGARD TO DISCOVERY PROPOUNDED BY THE WASHINGTON-BALTIMORE NEWSPAPER GUILD

The debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors") hereby move (the "Motion to Expedite") this Court for entry of an order, pursuant to 11 U.S.C. § 105, section 4(a) of this Court's General Chambers

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Procedures (the "General Chambers Procedures"), Rule 9006(c)1 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), setting an expedited hearing on the Motion of Debtors and Debtors in Possession for a Protective Order with regard to Discovery Propounded by the Washington-Baltimore Newspaper Guild (the "Motion for Protective Order")[2] [Docket No. 1900] so as to be heard at the next regularly scheduled omnibus hearing in these cases. In support of this Motion to Expedite, the Debtors state as follows:

## Background

1.  On July 22, 2009, the Debtors filed the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives (the "2009 Incentive Plan Motion") [Docket No. 1800]. Concurrently therewith, the Debtors filed the Motion of the Debtors to File Under Seal an Exhibit to Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives (the "Seal Motion") [Docket No. 1801]. By the Seal Motion, the Debtors sought to file under seal Mercer (U.S.), Inc.'s report dated July 22, 2009 reviewing and analyzing the Debtors' (a) proposed 2009 Management Incentive Plan, including an ordinary course management incentive program, Transition MIP and Key Operators Bonus, and (b) proposed 2008 MIP awards to nine of the Debtors' Top 10 executives (the "Mercer Report"), which is Exhibit D to the 2009 Incentive Plan Motion. The 2009 Incentive Plan Motion and Seal Motion are scheduled for hearing on August 11, 2009.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion for Protective Order.

2. On August 4, 2009, the Washington-Baltimore Newspaper Guild (the "Guild") filed an objection to the 2009 Incentive Plan Motion and the Seal Motion [Docket No. 1889]. In addition, the Guild filed a Notice of Service of formal discovery [Docket No. 1892]. On August 5, 2009, counsel for the Debtors received the Guild's First Request for Production of Documents and First Set of Interrogatories Directed to the Debtors.

3. Concurrently with the filing of this Motion to Expedite, the Debtors have also filed the Motion for Protective Order requesting that the Court enter a protective order (i) denying the Guild's discovery requests in their entirety, or in the alternative (ii) directing that any documents produced by Debtors in response to such requests be subject to appropriate conditions of professionals-eyes-only confidentiality as set forth in the Proposed Protective Order, and that the hearing on the 2009 Incentive Plan Motion proceed as scheduled on August 11, 2009.

### Relief Requested

4. By this Motion to Expedite, the Debtors request that this Court schedule an expedited hearing to consider the Motion for Protective Order at the next regularly scheduled omnibus hearing in these cases, August 11, 2009 at 10:00 a.m., and establish a deadline by which objections to the Motion for Protective Order must be filed prior to that hearing date.

### Basis for Relief

5. Bankruptcy Code section 105 provides this Court with the power to schedule expedited hearings. In pertinent part, Bankruptcy Code section 105(a), provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the

46429/0001-5907142v2

provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 4(a)(ii) of the General Chambers Procedures, a request for an expedited hearing must be made by motion.

6. Pursuant to Bankruptcy Rule 9018, a motion to protect confidential information may be made "with or without notice." Local Rule 7026-1(a) provides that "[a]ll motion papers under Fed. R. Bankr. P. 7026 – 7037 shall be filed and served so as to be received at least five (5) days before the hearing date on such motion." Bankruptcy Rule 9006(c)(1) permits shortening the notice period provided for in Local Rule 7026-1 for cause shown. In addition, Local Rule 9006-1(e) provides that the notice period for a motion may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice." Del. Bankr. L. R. 9006-1(e).

7. For the reasons set forth herein and in the Motion for Protective Order, the Debtors submit that cause exists to schedule an expedited hearing and shorten the applicable notice period. As noted above, the hearing on the 2009 Incentive Plan Motion and the Seal Motion is currently scheduled for August 11, 2009 at 10:00 a.m. The Debtors submit that the Motion for Protective Order should be heard in conjunction with the hearing on the Seal Motion. If this matter is not heard on August 11, the next regularly scheduled hearing date in these cases is not until September 4, 2009.

8. In addition, a delay in resolution of the 2009 Incentive Plan Motion could undermine the very point of the 2009 incentive programs – that is, to incentivize key employees to meet performance targets in 2009. Accordingly, the Debtors seek to promptly address this discovery dispute with the Guild so as to avoid delay in having the 2009 Incentive Plan Motion adjudicated.

9.  Further, as explained in detail in the Motion for Protective Order, the Debtors have worked in good faith to resolve this discovery dispute without this Court's involvement. The Debtors offered to make available to the Guild's attorneys, financial advisors and the Guild's representative who is a member of the Official Committee of Unsecured Creditors (the "<u>Creditors Committee</u>") all requested information that was provided to the Creditors Committee, if only they would agree to an appropriate confidentiality agreement restricting further dissemination to union representatives/members, limiting its use to the Guild's objection and not other matters such as collective bargaining, and filing any confidential information used in their objection under seal. However, rather than receiving information under an obligation of confidentiality – as the Creditors Committee and the steering committee of the Debtors' senior secured lenders have done – the Guild unreasonably insisted that it should receive all of its requested discovery *free from any obligation of confidentiality whatsoever*. At this juncture, an expedited hearing on the Motion for Protective Order is warranted.

10. Finally, given the ongoing communications with respect to discovery, the Guild cannot genuinely be surprised by this Motion for Protective Order, nor prejudiced by an expedited hearing.

11. In light of the foregoing, the Debtors submit that cause exists to schedule the Motion for Protective Order for hearing on August 11, 2009 at 10:00 a.m., and establish an objection deadline of August 7, 2009 at 4:00 p.m.

### Notice

12. Notice of the Motion has been provided to the following parties via (a) e-mail and hand delivery or first class mail: (i) the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel to the administrative agent for the Debtors'

prepetition loan facilities; (iv) counsel to the Steering Committee; (v) counsel for the Guild; and (b) via first class mail on all parties having requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
August 5, 2009

Respectfully submitted,
SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Brian J. Gold
Jonathan D. Lotsoff
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-5907142v2