# EXHIBIT B

Proposed Order Approving Stipulation Between Tribune Company and PPF OFF Two Park Avenue Owner, LLC (I) Resolving Motion for an Order Compelling Certain Payments, (II) Fixing Administrative and Unsecured Claims and (III) Granting Related Relief

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket No. ____ |

## ORDER APPROVING STIPULATION BETWEEN TRIBUNE COMPANY AND PPF OFF TWO PARK AVENUE OWNER, LLC (I) RESOLVING MOTION FOR AN ORDER COMPELLING CERTAIN PAYMENTS, (II) FIXING ADMINISTRATIVE AND UNSECURED CLAIMS AND (III) GRANTING RELATED RELIEF

Upon the stipulation (the "Stipulation") entered into by (i) Tribune Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases ("Tribune"), and (ii) PPF OFF Two Park Avenue Landlord, LLC (the "Landlord") (a) resolving that certain Motion of Landlord for an Order Compelling Debtors to Timely Perform under Real Property Lease by Paying: (I) July Rent; (II) Shortfall in January through June Rent Due to Improper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Setoffs; and (III) Attorneys' Fees and Interest Incurred Due to Debtors' Post-Petition Lease Defaults (D.I. 1670) (the "<u>Motion</u>"), (b) allowing the Landlord certain administrative and general unsecured claims against Tribune, and (c) granting certain related relief, an executed copy of which is attached to the Motion as <u>Exhibit A</u>; it is hereby

ORDERED, that the Stipulation is approved; and it is further

ORDERED, that this Court retains jurisdiction to construe and enforce the Stipulation; and it is further

ORDERED, that notwithstanding Bankruptcy Rule 7062 or any other applicable rule this Order shall be effective upon entry.

Dated: _____

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN TRIBUNE COMPANY AND PPF OFF TWO PARK AVENUE OWNER, LLC (I) RESOLVING MOTION FOR AN ORDER COMPELLING CERTAIN PAYMENTS, (II) FIXING ADMINISTRATIVE AND UNSECURED CLAIMS AND (III) GRANTING RELATED RELIEF

This stipulation (the "Stipulation") is entered into by and between (i) Tribune Company ("Tribune"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases, and (ii) PPF OFF Two Park Avenue Owner, LLC (the "Landlord"). Tribune and the Landlord are collectively referred to herein as the "Parties." As described more fully below, this Stipulation (a) resolves that certain Motion of Landlord for an Order Compelling

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors to Timely Perform under Real Property Lease by Paying: (I) July Rent; (II) Shortfall in January through June Rent Due to Improper Setoffs; and (III) Attorneys' Fees and Interest Incurred Due to Debtors' Post-Petition Lease Defaults (D.I. 1670) (the "Motion"), (b) allows the Landlord certain administrative and general unsecured claims against Tribune, and (c) grants certain related relief.

## I.

## RECITALS

1. Pursuant to a lease agreement dated as of September 30, 2002, as amended by the First Amendment of Lease dated as of January 24, 2003, and the Second Amendment of Lease dated as of June 7, 2004 (the "Lease"), Tribune leased certain commercial premises located at Two Park Avenue, New York, New York (the "Premises") from the Landlord.

2. On December 8, 2008 (the "Petition Date"), Tribune and certain of its affiliates each commenced their cases by each filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

3. On June 5, 2009, the Debtors filed that certain Fourth Omnibus Motion to Reject Certain Leases of Nonresidential Real Property (D.I. 1302), pursuant to which Tribune sought to reject the Lease. On June 25, 2009, the Bankruptcy Court entered that certain Amended Order Authorizing Debtors' Fourth Omnibus Motion to Reject Certain Leases of Nonresidential Real Property (D.I. 1629) (the "Rejection Order"), which provided, among other things, that the Lease would be rejected as of the later of (i) June 30, 2009 or (ii) the date the Debtors vacated the Premises.

4. On June 30, 2009, the Landlord filed the Motion, which was supplemented by a Supplement (the "Supplement") filed by the Landlord on July 2, 2009 (D.I. 1680). On July 9, 2009, Tribune filed that certain Objection to the Motion of PPF Off Two Park Avenue Owner, LLC for an Order Compelling Payments (D.I. 1700) (the "Objection"). On July 13, 2009, the Landlord filed a reply to the Objection (D.I. 1732) (the "Reply").

5. Pursuant to the Motion, the Supplement, and the Reply, the Landlord asserted rights to payment of certain amounts under the Lease relating to Tribune's occupancy of the Premises. Pursuant to the Objection, Tribune disputed such assertions.

6. The Bankruptcy Court held a hearing on the Motion on July 16, 2009. Thereafter, the Parties reached a resolution of the issues raised in the Motion, the Supplement, the Objection and the Reply, as well as a global resolution of issues relating to the Lease and Tribune's occupancy of the Premises, which resolution is embodied in this Stipulation.

7. As part of the resolution embodied in this Stipulation, the Landlord represents that no agreement,[1] has been entered into as of the date hereof by the Landlord and any subtenant at the Premises that converts, or has the effect of converting, any sublease into a direct lease between the subtenant and the Landlord.

## II.

### STIPULATION

NOW, THEREFORE, based on the foregoing recitals and in consideration of the promises and the mutual covenants contained herein, the Parties hereby stipulate and agree as follows:

---

[1] The initial consents to the subleases (to which Tribune was a party) contain provisions which allow the Landlord to exercise, at its discretion, its option to require the Subtenant to attorn to the Landlord and to recognize the Landlord as Subtenant's landlord under the Subleases. As of the date hereof, the Landlord represents that it has not exercised such option.

3

1. The Lease shall be rejected as of June 30, 2009.

2. The Landlord shall be entitled to all sublease payments for the Premises for the period commencing July 1, 2009. In addition to the foregoing, Tribune hereby assigns to Landlord all of its rights, title and interest and Landlord will be entitled to all of Tribune's rights, title and interest in all sublease payments due and payable under that certain Sublease dated as of October 25, 2002, as amended from time to time, between Tribune and HRH Construction LLC.

3. Any and all of Tribune's personal property left at the Premises shall be deemed abandoned by Tribune and shall be assigned to the Landlord, and the Landlord shall be responsible for removal and clean-up of the Premises.

4. The Landlord shall have an allowed administrative claim in Tribune's chapter 11 case in the amount of $600,000 (the "Allowed Administrative Claim"). Such Allowed Administrative Claim shall be paid by Tribune in cash within three (3) business days of the entry of an order by the Bankruptcy Court approving this Stipulation.

5. The Landlord shall have an allowed general unsecured claim in Tribune's chapter 11 case in the amount of $1,700,000 (the "Allowed Unsecured Claim"), which claim shall not be subject to setoff, recoupment, subordination, or any other claim or defense. For the avoidance of doubt, the Allowed Unsecured Claim shall be afforded the treatment provided to allowed unsecured claims against Tribune under any plan that is confirmed and becomes effective for Tribune.

6. The allowance and payment of the Allowed Administrative Claim and the allowance of the Allowed Unsecured Claim as set forth above shall be in full satisfaction of any and all of the Landlord's claims against any of the Debtors relating to the Lease and/or Tribune's occupancy of the Premises, including, without limitation, (i) all claims set forth in the Motion,

the Supplement, and the Reply, and (ii) all claims set forth in that certain proof of claim filed by the Landlord in Tribune's chapter 11 case on or about June 2, 2009, which proof of claim was assigned claim number 3407 by the Bankruptcy Court-appointed claims agent. The Landlord, one the one hand, and Tribune, on the other hand, hereby release one another, and their respective affiliates, subsidiaries, successors, officers, directors, assigns and estates, from any and all claims, liabilities, debts, causes of action or other obligations relating to the Lease and/or Tribune's occupancy of the Premises. Such release by Tribune shall include, without limitation, any claims under chapter 5 of the Bankruptcy Code.

7. The Landlord shall not be required to file any proof of claim on account of the Allowed Administrative Claim and/or the Allowed Unsecured Claim.

8. The Landlord shall be entitled to retain all amounts that it would otherwise have been required to pay to Tribune under that certain Letter Agreement between the Landlord and Tribune dated as of September 24, 2001.

9. The Bankruptcy Court shall retain jurisdiction over this Stipulation. Any disputes concerning the terms and conditions of this Stipulation shall be submitted to the Bankruptcy Court for resolution.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK, SIGNATURE PAGE FOLLOWS]

Dated: August 6, 2009

PFF OFF TWO PARK AVENUE OWNER, LLC

By: /s/ Maria T. Blake
    Maria T. Blake
    (Print Name)

Title: Vice President

WILLKIE, FARR & GALLAGHER LLP
Alan J. Lipkin
Jeremy E. Crystal
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

- and -

PEPPER HAMILTON LLP
David B. Stratton (DE No. 960)
Leigh-Anne M. Raport (DE No. 5055)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

Co-Counsel for PPF OFF Two Park Avenue Owner, LLC

Dated: August 6, 2009

TRIBUNE COMPANY (on behalf of itself and its affiliated Debtors)

By: _____

Stephanie Pater, Director

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

- and -

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Norman L. Pernick (DE No. 2290)
J. Kate Stickles (DE No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Co-Counsel for Debtors and Debtors in Possession