# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF STEPHANIE PATER FOR AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN LEASES OF NONRESIDENTIAL REAL PROPERTY AND RELATED EXECUTORY CONTRACT PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

STATE OF ILLINOIS        )
                         ) ss:
COUNTY OF COOK           )

STEPHANIE PATER hereby states:

1. I am Director, Real Estate of Tribune Company, a corporation organized under the laws of Delaware and one of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). Tribune Company is the direct or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

indirect parent of the other Debtors herein. I am generally familiar with the Debtors' real property and business operations and I make this Declaration (the "Declaration") on behalf of the Debtors.

2. I submit this Declaration in support of the Fifth Omnibus Motion of the Debtors to Reject Certain Leases of Nonresidential Real Property and Related Executory Contract (the "Motion")[2] in these chapter 11 cases pursuant to § 365 of title 11 of the United States Code (the "Bankruptcy Code"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts as set forth herein.

3. The leases and executory contract that the Debtors seek authorization to reject consist of (i) that certain unexpired lease of nonresidential real property for the first floor of the building located at 2000 York Road, Oak Brook, Illinois 60521 (the "Oak Brook Premises") dated as of July 1, 1992, (ii) that certain unexpired lease of nonresidential real property for the premises commonly known as 57-11 49th Place, New York, New York (the "InsertCo Premises," together with the Oak Brook Premises, the "Premises") dated as of April 24, 2003 (the "InsertCo Lease," together with the Oak Brook Lease, the "Leases"), and (iii) that certain Lease and Utility Structure Agreement, and any amendments or modifications thereto (the "Utility Agreement") by and between InsertCo, Inc. ("InsertCo"), a debtor in these chapter 11 cases, and Shuttle Printing, Inc. ("Shuttle"). The Leases and Utility Agreement were compiled at my direction and under my supervision and relate to certain studio, office and operational spaces which are no longer needed by the Debtors and which will be vacated by the Debtors no later than August 31, 2009.

4. Following the Petition Date, in an effort to streamline the Debtors' businesses and reduce inefficiencies, the Debtors began a process of examining their operations

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

2

in order to determine ways in which they could increase performance, produce synergies and revenue and create substantial cost savings. As part of this process, the Debtors began a labor-intensive and detailed analysis of their real property leases in order to determine which operations could be consolidated for these purposes.

5. Through the Debtors' streamlining of their businesses and consolidation of certain operations, the Debtors have determined that the Premises that are subject to the Leases are not of any current or plausible future use to the Debtors. The Oak Brook Premises were previously used by CLTV, one of the Debtors' television stations. The Debtors have since moved CLTV's operations to certain of the Debtors' other studio and office spaces, and as a result the Oak Brook Premises are surplus to the Debtors' business operations.

6. The InsertCo Premises were previously used by InsertCo in connection with its business. Due to certain contractual obligations, InsertCo was required to continue its operations until the end of July 2009. Upon completion of such obligations, InsertCo began the process of winding down its business. Given the fact that InsertCo will no longer be operating, it is no longer in need of the InsertCo Premises.

7. Rejection of the Leases and Utility Agreement will afford a clear financial benefit to the Debtors' estates. The Debtors project that rejection of the Leases and Utility Agreement will save the Debtors approximately $1.8 million in annual rent obligations and other expenses. Furthermore, the Debtors do not believe, and I agree, that there was any value in attempting to assign their rights under the Leases or otherwise market the properties for sublease. Given the co-tenancy structure of the InsertCo Lease and the fact that the co-tenant under the InsertCo Lease will assume responsibility for the entirety of the InsertCo Lease, including the InsertCo Premises, upon InsertCo's vacating of the InsertCo Premises, marketing the InsertCo

Lease served little purpose. In addition, based on the Debtors' knowledge of the applicable real estate markets, the Debtors do not believe that there is any value in assuming and assigning the Oak Brook Lease.

8. By the Motion, the Debtors also request the authority to abandon any unsold trade fixtures or personal property (the "Property") at the Premises. The Property is no longer of any use to the Debtors and may, in certain instances, be of use to the Landlords. One of the Landlords (Duke) is aware of and has agreed to the Debtors' abandonment of certain property at the Oak Brook Premises.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: August 7, 2009

STEPHANIE PATER