# EXHIBIT 1

***SECOND STIPULATION***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | : | Case No. 08-13141 (KJC) |
| Debtors. | : | Jointly Administered |
| | | Ref. No. 484, 815, 1306, 1628, 1784 |

**SECOND STIPULATION BY AND BETWEEN THE DEBTORS AND 233 BROADCAST, LLC EXTENDING THE DEADLINE TO ASSUME OR REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**

Tribune Company, together with its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases (collectively, the "Cases"),

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and 233 Broadcast, LLC (the "Landlord," and together with the Debtors, each a "Party" and collectively, the "Parties"), hereby stipulate (the "Stipulation") as follows:

**RECITALS**

A. On December 8, 2008 (the "Petition Date"), each of the Debtors filed their respective voluntary petitions for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

B. Prior to the Petition Date, the Parties entered into certain leases of nonresidential real property located at Willis (Sears) Tower, Chicago, IL 60606 (the "Sears Tower Leases").

C. On March 6, 2009, the Debtors filed the Motion of the Debtors for an Order Extending the Time to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code [Docket No. 484] (the "Extension Motion") seeking to extend the deadline to assume or reject certain leases, including, but not limited to, the Sears Tower Leases, through and including July 6, 2009.

D. On March 26, 2009, the Court entered an order granting the relief requested in the Extension Motion.

E. On June 5, 2009, the Debtors filed the Motion for Entry of an Order Authorizing Debtors to (I) Assume Certain Unexpired Leases of Nonresidential Real Property, and (II) Set Cure Amounts with Respect Thereto [Docket No. 1306] (the "Assumption Motion"), whereby the Debtors sought to assume certain leases, including, but not limited to, the Sears Tower Leases.

F. Subsequent to the filing of the Assumption Motion the Debtors received an informal objection from the Landlord regarding the amounts required to cure all defaults under

the Sears Tower Leases (the "Cure Amounts"). The Parties agreed to remove the Sears Tower Leases from the Assumption Motion and further extend the deadline to assume or reject the Sears Tower Leases in order to come to an agreement on the Cure Amounts.

G. On June 25, 2009, the Court entered the Assumption Motion which, inter alia, further extended the deadline to assume or reject the Sears Tower Leases through and including July 21, 2009.

H. On July 21, 2009, the Court entered an Order Approving Stipulation By and Between the Debtors and the Landlord Extending the Deadline to Assume or Reject the Sears Tower Leases to August 12, 2009 (the "Current Deadline").

I. Section 365(d)(4)(B)(ii) of the Bankruptcy Code provides that if the court grants an extension under subsection (i), the court may grant a subsequent extension only upon prior written consent of the lessor.

J. The Parties have since come to an agreement on the Cure Amounts; however, given that the Current Deadline is set to expire on August 12, 2009, in order to avoid the potential automatic rejection of the Sears Tower Leases as a result of the Current Deadline, the Debtors contacted the Landlord to obtain an extension of the Current Deadline.

K. The Landlord has agreed to extend the deadline to assume or reject the Sears Tower Leases through and including September 18, 2009.

IN LIGHT OF THE FOREGOING, the Parties agree as follows:

1. The Landlord agrees and consents to the extension of the Current Deadline to assume or reject the Sears Tower Leases under section 365(d)(4)(B)(ii) of the Bankruptcy Code through and including September 18, 2009.

2. This Stipulation is intended solely for the purpose of extending the Current Deadline.

3. Nothing herein alters the Parties' rights and obligations under the Sears Tower Leases.

4. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. A signature transmitted by facsimile shall be deemed an original signature for purposes of this Stipulation.

5. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

6. This Stipulation and its terms and conditions are subject to the approval of the Court.

Date: August 12, 2009

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Kate Stickles

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

and

Bryan Krakauer
James F. Conlan
Kenneth P. Kansa
Bridget J. Hauserman
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for the Debtors and Debtors In Possession

Date: August 12, 2009

/s/ Stefanie L. Wowchuk

Thomas A. Labuda
Stefanie L. Wowchuk
Sonnenschein Nath & Rosenthal, LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Attorneys for the Landlord