UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT
### REGARDING FIRST INTERIM FEE APPLICATION REQUEST OF
### PAUL, HASTINGS, JANOFSKY & WALKER LLP

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Interim Fee Application Request of Paul, Hastings, Janofsky & Walker LLP for the period from December 8, 2008, through February 28, 2009 ("Application") seeking approval of fees that total $345,887.50 and reimbursement of expenses that total $194.93. Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") is special counsel to the Debtors and Debtors-in-Possession for general real estate and related matters.

### Background

1.    Stuart Maue reviewed the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements and application, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.    This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is

displayed on the exhibit. Those tasks that have been included in a category are underlined on the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.      Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.      Stuart Maue prepared and submitted a preliminary report to Paul Hastings and the firm responded to that report, both orally and in writing. Upon completion of the review of the firm's responses to the preliminary report, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings

### Recomputation of Fees and Expenses

5.      Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by the individual's hourly rates. The recomputation of fees revealed that the fees requested were $204.00 less than the fees computed. The discrepancy is the result of task hours within two entries that did not equal the time billed for the entry as a whole. The discrepancy and the related entries are displayed below:

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| Undercharges | | | | | | | | | | |
| 1765343 | 74 | Paster | 12/15/08 | $575.00 | 0.30 | 0.50 | $172.50 | $287.50 | (0.20) | ($115.00) |
| 1771949 | 127 | Brigham | 02/13/09 | $445.00 | 1.30 | 1.50 | $578.50 | $667.50 | (0.20) | (89.00) |
| | | | | | | | | Total Undercharges | (0.40) | ($204.00) |
| | | | | | | | | Net Total Discrepancy | (0.40) | ($204.00) |

This report is based on the fees computed by Stuart Maue. The recomputation of expenses revealed no difference between the amounts requested and the amounts computed.

### Review of Fees

6.    **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application:  ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the names, positions, and hourly rates of the Paul Hastings professionals and paraprofessionals who bill to this matter. This matter is staffed with 29 professionals and paraprofessionals, including 9 partners, 1 of counsel, 14 associates, 1 senior paralegal, 2 paralegals, and 2 case assistants. A summary of hours and fees billed by each timekeeper is displayed on Exhibit A.

The firm bills a total of 553.70 hours with associated fees of $346,091.50.[1] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 212.50 | 38% | $168,876.00 | 49% |
| Of Counsel | 105.80 | 19% | 71,109.00 | 20% |
| Associate | 187.00 | 34% | 92,067.50 | 27% |
| Senior Paralegal | 39.70 | 7% | 12,441.50 | 4% |

---

[1] This amount is based on the fees computed by Stuart Maue.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Paralegal | 4.40 | * | 1,296.00 | * |
| Case Assistant | 4.30 | * | 301.50 | * |
| **TOTAL** | 553.70 | 100% | $346,091.50 | 100% |

\* Less than 1%

The blended hourly rate for the Paul Hastings professionals is $657.14 and the blended hourly rate for professionals and paraprofessionals is $625.05.

7.     **Hourly Rate Increases.**  Paul Hastings increased the hourly rates of ten timekeepers during the first interim period.  The rate increases appear to have become effective on January 1, 2009, and ranged from $10.00 to $70.00 per hour.  The Application does not reference the rate increases; however, the firm's application for retention stated, "These rates may change from time to time in accordance with Paul Hastings' established billing practices and procedures."  For each timekeeper whose hourly rate increased during the period, the table below displays the original billing rate, the increased rate, the fees if billed at the original rate, and the fees attributable to the rate increases.  The fees attributable to the rate increases total $12,789.50.

| Name | Position | Original Rate | Increased Rate | Hours | Fees Computed | Fees at Original Rate | Fees Attributed to Increases |
|---|---|---|---|---|---|---|---|
| Perlman, Daniel J. | Partner | $725.00 | $790.00 | 99.10 | $ 77,060.50 | $ 71,847.50 | $ 5,213.00 |
| Rheeling, Jeffrey S. | Of Counsel | $645.00 | $675.00 | 105.80 | 71,109.00 | 68,241.00 | 2,868.00 |
| Spitzer, Gregory E. | Partner | $765.00 | $810.00 | 65.20 | 52,177.50 | 49,878.00 | 2,299.50 |
| Chesley, Richard A. | Partner | $825.00 | $895.00 | 22.20 | 19,274.00 | 18,315.00 | 959.00 |
| Chandran, Tarun J. | Associate | $560.00 | $580.00 | 60.90 | 34,832.00 | 34,104.00 | 728.00 |
| Rosen, Ruth P. | Sr. Paralegal | $305.00 | $320.00 | 39.70 | 12,441.50 | 12,108.50 | 333.00 |
| Newmarch, Kimberly D. | Associate | $605.00 | $635.00 | 11.20 | 7,088.00 | 6,776.00 | 312.00 |
| Wisialowski, Thomas S. | Partner | $815.00 | $865.00 | 1.90 | 1,588.50 | 1,548.50 | 40.00 |
| Weiss, Leah J. | Associate | $350.00 | $360.00 | 7.30 | 2,577.00 | 2,555.00 | 22.00 |
| Menzer, Mitchell B. | Partner | $795.00 | $825.00 | 9.10 | 7,249.50 | 7,234.50 | 15.00 |
| Timekeepers Without Rate Increases | | | | 131.30 | 60,694.00 | 60,694.00 | 0.00 |
| | | | **TOTAL** | **553.70** | **$346,091.50** | **$333,302.00** | **$12,789.50** |

8.     **Transient Timekeepers.**  The activities of those timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear.  Nineteen Paul Hastings professionals and paraprofessionals bill fewer

than 10.00 hours during this interim period.   Stuart Maue recognizes that some professionals or paraprofessionals have specialized knowledge or expertise and may be called upon to provide services to the case on a limited basis; however, it appears that some of these timekeepers had minimal involvement in the case and billed for activities that could have been performed by other timekeepers or timekeepers billing at a lower rate.  In its preliminary report, Stuart Maue requested that Paul Hastings provide additional information regarding the role of the three timekeepers identified as transient billers. These entries total 8.10 hours with $5,569.50 in associated fees.

In its response, Paul Hastings stated:

> ...[Y]ou should be aware that each of the timekeepers listed on Exhibit B actually billed time to Tribune in excess of the time set forth in your exhibit. However, since this additional time was for the period of time prior to the bankruptcy filing, it does not appear on your report or any other fee request. Therefore, while these timekeepers appear to have only provided minimal "transient" work, they in fact, have been a part of the Paul Hastings Tribune team. With respect to D. Lambert, his work relates back to a substantial amount of work that Paul Hastings has done on behalf of Tribune related to its lease of the KTLA studio in Los Angeles. With respect to J. Opich, his work relates to a specific New York transfer tax issue about which Mr. Opich has extensive knowledge. Paul Hastings was able to save a significant amount of time and expense by utilizing his institutional knowledge of the matter as opposed to having a different attorney research the topic. With respect to E. Paster, Paul Hastings was able to utilize her extensive experience regarding the land use and subdivision statutes of the City of Los Angeles, California. Finally, B. Ritter has extensive experience related to the rejection of real property leases in bankruptcy. Once again, by utilizing the prior experience of these timekeepers, Paul Hastings was able to reduce the overall time and expense required to perform its legal work, resulting in a significant savings to the client.

Exhibit B displaying these entries was included in the preliminary report provided to the firm.  Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.  Stuart Maue accepts the explanation of the firm and does not make a recommendation for a reduction in the fees associated with transient billers.

9.   **Complete and Detailed Task Descriptions.**  Local Rule 2016-2(d) states "...activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any

portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference."

Stuart Maue identified 37 tasks that did not include sufficient detail. Some entries described conferences that did not identify the participants or the subject or purpose of the meeting. Other entries used phrases such as "follow up" or "address," which generally does not provide sufficient detail to determine the actual activity (e.g., conference, review, research, etc.) being performed. The entries, totaling 23.15 hours with $16,984.50 in associated fees, that did not include sufficient detail were identified as vaguely described activities. Stuart Maue requested that in future applications Paul Hastings provide sufficient detail for each billing entry. Because there is no recommendation for a reduction in these fees, Exhibit C provided to the firm in the preliminary report is not included in this report.

10. **Block Billing.** The Guidelines in Section II.D.5 state "... Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry; ...." Paul Hastings lumped or block-billed some activity descriptions into one entry with a single time increment. The tasks that are lumped totaled 11.80 hours with $7,241.00 in associated fees. These lumped activities were identified to allow review by the firm so corrective action may be taken in future fee applications to ensure that entries are not block billed. Because there is no recommendation for a reduction in these fees, Exhibit D provided to the firm in the preliminary report is not included in the final report.

11. **Conferences, Hearings, and Other Events.** Local Rule 2016-2(d)(ix) provides "...The activity descriptions shall individually identify all meetings and hearings, each participant, the

subject(s) of the meeting or hearing, and the participant's role." Section II.D.5 of the Guidelines states "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings, or other events, the attendance of multiple professionals should be justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994). Stuart Maue identified all conferences, hearings, and other events and classified them either as a nonfirm conference, hearing, an d other event or as an intraoffice conference. Nonfirm conferences are identified as conferences attended by at least one person from outside the firm. Intraoffice conferences are identified as conferences attended exclusively by firm personnel.

        **a.**    **Nonfirm Conferences, Hearings, and Events.** Stuart Maue identified those occasions when two or more Paul Hastings timekeepers bill to attend the same nonfirm conference, hearing, or other event. Those entries total 36.90 hours with $27,422.75 in associated fees. The entries for all attendees, except the timekeeper who appears to be the most responsible at the event, (i.e., the one who bills the most fees and/or hours to the matter) total 19.05 hours with $13,179.50 in associated fees. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees. In the preliminary report, Stuart Maue requested that Paul Hastings provide a brief explanation of the necessity of the multiple billers.

        **b.**    **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Paul Hastings for intraoffice conferences total 54.65 hours with $36,058.00 in associated fees, which represents approximately 10% of the total fees requested in the Application.

        In some instances, two or more firm professionals and/or paraprofessionals bill to attend the same internal conference. The intraoffice conferences attended by more than one timekeeper total 27.40 hours with $17,689.25 in associated fees. In its preliminary report, Stuart Maue

requested that Paul Hastings provide a brief explanation for the necessity of more than one participant to bill for the same intraoffice conference.

Paul Hastings stated in its response:

> As I am sure that you are aware, the bankruptcy of Tribune Company and its various subsidiaries is an extremely complicated case. The matters that we are handling involve multiple disciplines and require that various attorneys with their different specialties and work experiences work together. A substantial amount of the time listed on Exhibits E and F reflects this necessity. Additionally, even when the meetings involve timekeepers within the same specialty, the logistics and timing requirements necessitated that the work be distributed among different timekeepers. It would have been impossible for a single individual to have handled these matters by him/herself.

Stuart Maue accepts the explanation of Paul Hastings and makes no recommendation for a reduction in the fees associated with multiple attendances or intraoffice conferences.  Because there is no recommendation for a reduction in these fees, Exhibits E and F provided to the firm in the preliminary report are not included in the final report.

12.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  Likewise, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates.  Also included in administrative tasks is time expended to review and edit time entries and invoices.  "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional."  *See In Re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991).  As a general rule, time expended by a firm in performing conflicts checks required as a condition of the firm's employment is not compensable and would also be considered an administrative activity.  *See In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr. D. Mass. 2002).

Stuart Maue identified only four tasks in the Application that described administrative activities. Those entries, totaling 1.70 hours and fees of $820.50, are displayed on Exhibit G.

In its response, Paul Hastings cited statutory law and caselaw in support of its position that the fee entries associated with work on the fee request that were identified as administrative activities are appropriately billed.

The firm stated that:

> We believe that, given the nature and size of our fee request, the appropriate timekeeper was assigned the task of preparing the fee application and that Paul Hastings' relatively small request of 1.2 hours is appropriate.

> With respect to your objections related to performing conflicts checks, we disagree with your assertion that such fees are not compensable. First, the only legal precedent that you cite in support of your position is a Massachusetts case that is not binding on the Tribune court. Second, in our experience and based on Delaware precedent, due to the specific nature of the bankruptcy process and the fact that conflicts analysis is required throughout the case, the time attributable to performing such conflicts checks is compensable in Delaware.

Stuart Maue acknowledges Paul Hastings' response.  The preparation of the fee application, notice, and other documents is certainly compensable; however, revising fee entries and billing narratives for a firm invoice or billing statement are administrative activities.

After further consultation with the firm, Paul Hastings agreed to reduce its fee request by $820.50 for the activities identified as administrative, and Stuart Maue recommends that the fee request be reduced by that amount.

13.    **Clerical Activities.**  Clerical activities include tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying.  Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time

and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). However, other courts have determined that clerical activities are billable at a clerical rate. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, (3rd Cir. 1994). In this Court there has been a practice by Stuart Maue and other fee examiners recommending that clerical activities be paid at the rate of $80.00 per hour. It is Stuart Maue's intent to follow that same practice in this case.

In the preliminary report, Stuart Maue identified several activities as clerical activities. The entries identified as clerical activities and billed at more than $80.00 per hour in the preliminary report totaled 6.50 hours with $2,006.00 in associated fees.

Paul Hastings responded:

> With respect to the Paul Hastings' fee request, the work performed required that the timekeeper performing such work utilize his/her legal skill and training and review and analyze all items filed on the Tribune docket. This was not a matter of simply printing out a copy of the docket and forwarding it on to other parties. The timekeepers were required to review the docket and make appropriate legal decisions as to the importance, subject matter and relevance of such filings. In a non-bankruptcy context, such work would be billed to clients at the rates set forth on our fee request.

Stuart Maue considered Paul Hastings' response and reexamined the activities identified as clerical. Based on the response, some entries were removed from the exhibit. However, the entries that stated, "Review Tribune Company case docket, compile and forward updated list of recent filing to team attorney" remain identified as clerical activities. Case assistants, Daniel R. Breslin and Jamie B. Brown, paralegal Allison L. Eissing, and senior paralegal, Ruth P. Rosen each bill to perform that same activity. Mr. Breslin's hourly rate is $60.00, Ms. Brown's hourly rate is $205.00, Ms. Eissing's hourly rate is $260.00, and Ms. Rosen's hourly rate is $320.00. Because Mr. Breslin's time was billed at less than $80.00 per hour, his entries were not included on the exhibit for clerical activities. The remaining activities identified as clerical are displayed on the Exhibit H and total 5.00 hours with

$1,510.00 in associated fees.  It is Stuart Maue's position that these activities are clerical and should be paid at a rate of $80.00 per hour, resulting in a reduction of $1,110.00 in the requested fees ($1,510.00 minus $400.00).  After further consultation with the firm, Paul Hastings agreed to reduce its fee request by $1,110.00.  Stuart Maue recommends that the fees be reduced by $1,100.00, as agreed by the firm.

14.     **Travel.**  Local Rule 2016-2(d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates... ."  The Application did not include any entries that described travel time.

15.     **Paul Hastings Retention/Compensation.**  Stuart Maue reviewed and identified entries related to the retention and compensation of Paul Hastings.  The firm bills 65.60 hours with associated fees of $26,126.50 to prepare the firm's retention documents and applications for compensation, which represents approximately 7% of the total fees billed by the firm.  The fee entries identified as Paul Hastings Retention/Compensation were displayed in Exhibit I provided to the firm in the preliminary report.  Because there is no recommendation for a reduction of fees related to these entries, that exhibit has not been included in the final report.

### Review of Expenses

16.     **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred."  Paul Hastings provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

17. **Photocopies.** Local Rule 2016-2(e)(iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page)... ." The firm requested reimbursement of $74.00 for duplication charges. Paul Hastings states in the Interim Application that its rate for duplication is $0.10 per page.

18. **Facsimile.** Local Rule 2016-2(e)(iii) states, "T he motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." The Application states that the firm "charges it clients $1.00 per page for out-going facsimile transmissions...actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges." Paul Hastings requested reimbursement for facsimile charges totaling $5.00.

19. **After-Hours Taxi Charges.** Paul Hastings requested reimbursement of expenses for two after-hours taxi charges totaling $38.00. These charges are displayed in the following table. Although a firm may have a policy that personnel may be reimbursed for travel home when working late, such charges are generally considered part of the firm's overhead.

| Invoice Number | Entry Number | Entry Date | Amount | Description |
|---|---|---|---|---|
| 1765338 | 2 | 12/23/08 | $16.00 | 12/10-12/17 MISC. EXPENSES;USD LOCAL - TAXI TJC3 TARUN CHANDRAN;DEC 16, 2008 FROM/TO: PH/HOME, AFTER HOURS TAXI TO HOME |
| 1765543 | 9 | 01/15/09 | $22.00 | TAXI REIMBURSEMENT;USD LOCAL - TAXI DMS5 DANIEL SIMON;JAN 13, 2009 FROM/TO: OFFICE/HOME TAXI FROM OFFICE TO HOME |

In its response, Paul Hastings stated:

You have objected to Paul Hastings' inclusion of after-hours transportation in its fee request. However, it is our experience that, even in bankruptcy, if a client's work requires that a timekeeper work until very late at night, this is an expense that is born by the client. Additionally, as shown on your report, even though the fee request covers an almost three month period, Paul Hastings has only requested reimbursement for two taxis. Clearly, given the large number of timekeepers working on this matter and the quantity of hours billed, Paul Hastings is only seeking reimbursement in the most extreme cases.

Stuart Maue acknowledges the explanation of Paul Hastings; however, it appears that the taxi charges on December 23, 2008, and January 15, 2009, were for local travel home for firm personnel. After further consultation with the firm, Paul Hastings agreed to reduce the request for reimbursement of expenses by $38.00 for the charges identified as after-hours taxi charges displayed on the table above.

### Conclusion

Stuart Maue submits this final report regarding the First Interim Fee Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $344,161.00 ($345,887.50 minus $1,726.50)[2] and reimbursement of expenses in the amount of $156.93 ($194.93 minus $38.00), for the period from December 8, 2008, through February 28, 2009. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

Linda K. Cooper

3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
l.cooper@smmj.com

Fee Examiner

---

[2] Because the firm requested less than the computed amount, the recommended fee reduction has been offset by the discrepancy in fees, as displayed in Appendix A.

## APPENDIX A

### PAUL, HASTINGS, JANOFSKY & WALKER, LLP

#### SUMMARY OF FINDINGS

##### First Interim Application (November 21, 2008 through January 31, 2009)

###### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $345,887.50 | |
| Expenses Requested | 194.93 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $346,082.43 |
| | | |
| Fees Computed | $346,091.50 | |
| Expenses Computed | 194.93 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $346,286.43 |
| | | |
| Discrepancy in Fees | $ (204.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ (204.00) |

###### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $345,887.50 | | |
| *Discrepancy in Fees* | | *$ 204.00* | |
| *Agreed Reduction for Administrative Activities* | | *(820.50)* | |
| *Agreed Reduction for Clerical Activities* | | *(1,110.00)* | |
| | Subtotal | *($1,726.50)* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $344,161.00 |
| | | | |
| Expenses Requested | $194.93 | | |
| *Agreed Reduction for After-Hours Taxi Charges* | | *($38.00)* | |
| | Subtotal | *($38.00)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 156.93 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $344,317.93 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 12th day of August, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP. Morgan
Chase Bank, N.A.)

Richard A. Chesley, Esq.
Paul, Hastings, Janofsky & Walker LLP
191 N. Wacker Drive, 30th Floor
Chicago, IL 60606

_____
Linda K. Cooper

**EXHIBIT A**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Paul, Hastings, Janofsky & Walker LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| DJP2 | Perlman, Daniel J. | PARTNER | $725.00 | $790.00 | 99.10 | $77,060.50 |
| GES3 | Spitzer, Gregory E. | PARTNER | $765.00 | $810.00 | 65.20 | $52,177.50 |
| RAC6 | Chesley, Richard A. | PARTNER | $825.00 | $895.00 | 22.20 | $19,274.00 |
| MBM | Menzer, Mitchell B. | PARTNER | $795.00 | $825.00 | 9.10 | $7,249.50 |
| PAR | Ramsey, Patrick A. | PARTNER | $810.00 | $810.00 | 5.30 | $4,293.00 |
| TRM | Mounteer, Thomas R. | PARTNER | $730.00 | $730.00 | 4.90 | $3,577.00 |
| BVR | Ritter, Bradley V. | PARTNER | $735.00 | $735.00 | 4.00 | $2,940.00 |
| TSW | Wisialowski, Thomas S. | PARTNER | $815.00 | $865.00 | 1.90 | $1,588.50 |
| JPO2 | Opich, Joseph P. | PARTNER | $895.00 | $895.00 | 0.80 | $716.00 |

No. of Billers for Position: 9     Blended Rate for Position: $794.71     212.50     $168,876.00

    % of Total: 38.38%     % of Total: 48.80%

| JSR6 | Rheeling, Jeffrey S. | OF COUNSEL | $645.00 | $675.00 | 105.80 | $71,109.00 |

No. of Billers for Position: 1     Blended Rate for Position: $672.11     105.80     $71,109.00

    % of Total: 19.11%     % of Total: 20.55%

| TJC3 | Chandran, Tarun J. | ASSOCIATE | $560.00 | $580.00 | 60.90 | $34,832.00 |
| JPB7 | Bender, Justin P. | ASSOCIATE | $515.00 | $515.00 | 25.00 | $12,875.00 |
| DMS5 | Simon, Daniel M. | ASSOCIATE | $360.00 | $360.00 | 28.50 | $10,260.00 |
| HUJ | Jimenez, Hilla U. | ASSOCIATE | $405.00 | $405.00 | 19.20 | $7,776.00 |
| KDN | Newmark, Kimberly D. | ASSOCIATE | $605.00 | $635.00 | 11.20 | $7,088.00 |
| CMA3 | Auty, Christian M. | ASSOCIATE | $515.00 | $515.00 | 8.50 | $4,377.50 |
| MGB3 | Brigham, Matthew G. | ASSOCIATE | $445.00 | $445.00 | 8.80 | $3,916.00 |
| LW9 | Weiss, Leah J. | ASSOCIATE | $350.00 | $360.00 | 7.30 | $2,577.00 |
| FT3 | Thomma, Friedemann | ASSOCIATE | $590.00 | $590.00 | 3.50 | $2,065.00 |
| SSP2 | Park, Stephenie S. | ASSOCIATE | $360.00 | $360.00 | 5.10 | $1,836.00 |
| MFL2 | Lukens, Michael F. | ASSOCIATE | $495.00 | $495.00 | 3.70 | $1,831.50 |
| EP3 | Paster, Elisa L. | ASSOCIATE | $575.00 | $575.00 | 2.50 | $1,437.50 |
| VB3 | Boyer, Veronica L. | ASSOCIATE | $360.00 | $360.00 | 2.00 | $720.00 |
| DBL2 | Lambert, David B. | ASSOCIATE | $595.00 | $595.00 | 0.80 | $476.00 |

EXHIBIT A

### SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
### COMPUTED AT STANDARD RATES
### Paul, Hastings, Janofsky & Walker LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 14 | Blended Rate for Position: | $492.34 | | 187.00 | $92,067.50 |
| | | | | | % of Total: 33.77% | % of Total: 26.60% |
| RPR | Rosen, Ruth P. | SR PARALEGAL | $305.00 | $320.00 | 39.70 | $12,441.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $313.39 | | 39.70 | $12,441.50 |
| | | | | | % of Total: 7.17% | % of Total: 3.59% |
| SET2 | Tybor, Sarah E. | PARALEGAL | $300.00 | $300.00 | 3.80 | $1,140.00 |
| ALE | Eissing, Allison L. | PARALEGAL | $260.00 | $260.00 | 0.60 | $156.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $294.55 | | 4.40 | $1,296.00 |
| | | | | | % of Total: 0.79% | % of Total: 0.37% |
| DRB5 | Breslin, Daniel R. | CASE ASSISTANT | $60.00 | $60.00 | 4.00 | $240.00 |
| JBB3 | Brown, Jamie B. | CASE ASSISTANT | $205.00 | $205.00 | 0.30 | $61.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $70.12 | | 4.30 | $301.50 |
| | | | | | % of Total: 0.78% | % of Total: 0.09% |
| | Total No. of Billers: 29 | Blended Rate for Report: | $625.05 | | 553.70 | $346,091.50 |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

Paul, Hastings, Janofsky & Walker LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Auty, C | 1.20 | 618.00 |
| Jimenez, H | 0.50 | 202.50 |
| | 1.70 | $820.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Post-Petition General Matter | 1.70 | 820.50 |
| | 1.70 | $820.50 |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

Paul, Hastings, Janofsky & Walker LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 12/19/08 | Jimenez, H | 0.50 | 0.50 | 202.50 | 0.20 | F | 1 | PREPARE EMAILS TO R. CHESLEY (0.2), |
| Fri | 1765338/39 | | | | 0.20 | F | 2 | K. NEWMARCH (0.2) |
| | | | | | 0.10 | F | 3 | AND R. ROSEN (0.1) REGARDING CONFLICTS DISCLOSURE CHART FOR RETENTION APPLICATION |
| | | | | | | | | *MATTER NAME: Post-Petition General Matter* |
| 02/12/09 | Auty, C | 1.20 | 1.20 | 618.00 | 1.20 | F | 1 | REVISE DECEMBER FEE STATEMENT BILLING NARRATIVES (1.2) |
| Thu | 1771940/1 | | | | | | | |
| Total | | | 1.70 | $820.50 | | | | |
| Number of Entries: | 2 | | | | | | | |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

Paul, Hastings, Janofsky & Walker LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Auty, C | 1.20 | 618.00 |
| Jimenez, H | 0.50 | 202.50 |
| | 1.70 | $820.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Post-Petition General Matter | 1.70 | 820.50 |
| | 1.70 | $820.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL

EXHIBIT H

CLERICAL ACTIVITIES

Paul, Hastings, Janofsky & Walker LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Brown, J | 0.30 | 61.50 |
| Eissing, A | 0.60 | 156.00 |
| Rosen, R | 4.10 | 1,292.50 |
| | 5.00 | $1,510.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Post-Petition General Matter | 5.00 | 1,510.00 |
| | 5.00 | $1,510.00 |

EXHIBIT H
CLERICAL ACTIVITIES
Paul, Hastings, Janofsky & Walker LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
| 12/16/08 Tue | Rosen, R 1765338/17 | 0.10 | 0.10 | 30.50 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 12/17/08 Wed | Rosen, R 1765338/18 | 0.10 | 0.10 | 30.50 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 12/18/08 Thu | Rosen, R 1765338/19 | 0.20 | 0.20 | 61.00 | 0.10<br>0.10 | F<br>F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW TRIBUNE COMPANY CASE DOCKET, PREPARE AND CIRCULATE UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1);<br>2  COMPILE AND FORWARD COPY OF US TRUSTEE'S NOTICE APPOINTING CREDITORS' COMMITTEE TO TEAM ATTORNEYS (0.1) |
| 12/19/08 Fri | Rosen, R 1765338/20 | 0.10 | 0.10 | 30.50 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW TRIBUNE COMPANY CASE DOCKET, PREPARE AND CIRCULATE UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 12/22/08 Mon | Rosen, R 1765338/24 | 0.10 | 0.10 | 30.50 | | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS |
| 12/23/08 Tue | Rosen, R 1765338/25 | 0.10 | 0.10 | 30.50 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 12/24/08 Wed | Rosen, R 1765338/31 | 0.10 | 0.10 | 30.50 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW CHICAGO TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 12/26/08 Fri | Rosen, R 1765338/32 | 0.10 | 0.10 | 30.50 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW CHICAGO TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 12/29/08 Mon | Rosen, R 1765338/33 | 0.10 | 0.10 | 30.50 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW CHICAGO TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 12/30/08 Tue | Rosen, R 1765338/34 | 0.10 | 0.10 | 30.50 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW CHICAGO TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 12/31/08 Wed | Rosen, R 1765338/35 | 0.20 | 0.20 | 61.00 | 0.10<br>0.10 | F<br>F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW CHICAGO TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS (0.1);<br>2  CIRCULATE US TRUSTEE'S AMENDED NOTICE APPOINTING CREDITORS' COMMITTEE TO TEAM ATTORNEYS (0.1) |
| 01/05/09 Mon | Rosen, R 1765541/140 | 0.10 | 0.10 | 32.00 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/06/09 Tue | Rosen, R 1765541/141 | 0.10 | 0.10 | 32.00 | 0.10 | F | *MATTER NAME: Post-Petition General Matter*<br>1  REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |

~  See the last page of exhibit for explanation

EXHIBIT H
CLERICAL ACTIVITIES
Paul, Hastings, Janofsky & Walker LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 01/07/09 Wed | Rosen, R 1765541/143 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/08/09 Thu | Rosen, R 1765541/144 | 0.20 | 0.20 | 64.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1);<br>COMPILE, FORWARD REQUESTED CASE PLEADING TO TEAM ATTORNEY (0.1) |
| 01/09/09 Fri | Rosen, R 1765541/145 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/16/09 Fri | Rosen, R 1765541/176 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/20/09 Tue | Rosen, R 1765541/177 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/21/09 Wed | Rosen, R 1765541/178 | 0.20 | 0.20 | 64.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1);<br>FORWARD MOTION TO EXTEND SECTION 345 REQUIREMENTS PLEADING TO REQUESTING TEAM ATTORNEY (0.1) |
| 01/22/09 Thu | Rosen, R 1765541/182 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/23/09 Fri | Rosen, R 1765541/183 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/26/09 Mon | Rosen, R 1765541/185 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/27/09 Tue | Rosen, R 1765541/186 | 0.20 | 0.20 | 64.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, PREPARE AND SUBMIT UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1);<br>FORWARD LIST OF BILLING NUMBERS AND TASK CODES TO TEAM ATTORNEYS (0.1) |
| 01/28/09 Wed | Rosen, R 1765541/187 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 01/30/09 Fri | Rosen, R 1765541/189 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/02/09 Mon | Rosen, R 1771940/10 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter*<br>REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |

~  See the last page of exhibit for explanation

EXHIBIT H
CLERICAL ACTIVITIES
Paul, Hastings, Janofsky & Walker LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 02/03/09 Tue | Rosen, R 1771940/11 | 0.20 | 0.20 | 64.00 | 0.10 0.10 | F F | 1 2 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1); RESPOND TO TEAM ATTORNEY'S REQUEST FOR CASE DOCUMENTS (0.1) |
| 02/04/09 Wed | Rosen, R 1771940/12 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/05/09 Thu | Rosen, R 1771940/13 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/06/09 Fri | Rosen, R 1771940/14 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/09/09 Mon | Rosen, R 1771940/17 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/10/09 Tue | Rosen, R 1771940/18 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/11/09 Wed | Rosen, R 1771940/19 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/12/09 Thu | Rosen, R 1771940/20 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/13/09 Fri | Rosen, R 1771940/21 | 0.10 | 0.10 | 32.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE CASE DOCKET, COMPILE AND FORWARD UPDATED LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/17/09 Tue | Brown, J 1771940/47 | 0.10 | 0.10 | 20.50 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/18/09 Wed | Brown, J 1771940/48 | 0.10 | 0.10 | 20.50 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/19/09 Thu | Brown, J 1771940/49 | 0.10 | 0.10 | 20.50 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/20/09 Fri | Eissing, A 1771940/39 | 0.10 | 0.10 | 26.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |

~  See the last page of exhibit for explanation

EXHIBIT H
CLERICAL ACTIVITIES
Paul, Hastings, Janofsky & Walker LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|------------|-------|------|-----------|---|---|-------------|
| 02/23/09 Mon | Eissing, A 1771940/40 | 0.10 | 0.10 | 26.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/24/09 Tue | Eissing, A 1771940/41 | 0.10 | 0.10 | 26.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/25/09 Wed | Eissing, A 1771940/42 | 0.10 | 0.10 | 26.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/26/09 Thu | Eissing, A 1771940/43 | 0.10 | 0.10 | 26.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |
| 02/27/09 Fri | Eissing, A 1771940/44 | 0.10 | 0.10 | 26.00 | 0.10 | F | 1 | *MATTER NAME: Post-Petition General Matter* REVIEW TRIBUNE COMPANY CASE DOCKET, COMPILE AND FORWARD LIST OF RECENT FILINGS TO TEAM ATTORNEYS (0.1) |

Total                                          5.00      $1,510.00
Number of Entries:        44

~  See the last page of exhibit for explanation

EXHIBIT H

CLERICAL ACTIVITIES

Paul, Hastings, Janofsky & Walker LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Brown, J | 0.30 | 61.50 |
| Eissing, A | 0.60 | 156.00 |
| Rosen, R | 4.10 | 1,292.50 |
| | 5.00 | $1,510.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Post-Petition General Matter | 5.00 | 1,510.00 |
| | 5.00 | $1,510.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL