UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x   Chapter 11
In re:                                                       :
                                                             :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                     :   Jointly Administered
                                                             :
                              Debtors.                       :
------------------------------------------------------------ x

## DECLARATION OF THOMAS G. MACAULEY IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ZUCKERMAN SPAEDER LLP AS SPECIAL COUNSEL

I, Thomas G. Macauley, hereby state as follows:

1. I am an attorney at law admitted to practice before this Court and a partner in the firm of Zuckerman Spaeder LLP ("Zuckerman"), which maintains (i) a principal office for practice of law at 1800 M Street, N.W., in Washington, D.C. and (ii) regional offices for the practice of law in New York City, Baltimore, Tampa, and here in Wilmington. I am duly authorized to make this Declaration on behalf of Zuckerman.

2. I make this Declaration in support of the Application of the Official Committee of Unsecured Creditors (the "Creditors' Committee") for an order authorizing the employment and retention of Zuckerman as special counsel (the "Application"). The facts set forth in this Statement are personally known to me and, if called as a witness, I would testify to them. Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Application.

3. The firm's practice is focused on complex civil, criminal and commercial litigation, bankruptcy and various regulatory representations. In particular, Zuckerman has considerable experience representing plaintiffs in complex commercial litigation, and has

2335549.2

represented litigation trusts created in bankruptcy proceedings to pursue fraudulent conveyance, equitable subordination and other claims on behalf of creditors. Accordingly, Zuckerman is qualified to serve and assist the Creditors' Committee as special counsel.

4. The Creditors' Committee proposes to retain Zuckerman as special counsel to assist in the further investigation of the Leveraged ESOP Transactions, and in negotiations with the respective lenders and the Debtors looking toward a consensual resolution of any claims if such a resolution can be achieved on terms that are satisfactory to the Committee, and in the event that negotiations do not produce an outcome satisfactory to the Committee, to be able to bring any such causes of action against the lenders as may be deemed appropriate by the Creditors' Committee to the extent it may be authorized by subsequent order of the Court to bring such causes of action.

5. In preparing this Declaration, I caused Zuckerman to conduct a computer search of its client database to determine whether Zuckerman currently represents or formerly represented during the past 5 years the list of parties in interest set forth on Exhibit 1 hereto, including: (i) the Debtors and their professionals; (ii) the current and former directors and officers of the Debtors; (iii) the Debtors' thirty largest creditors on a consolidated basis, (iv) the Debtors' pre-petition lenders and their professionals; (v) present and former indenture trustees; (vi) the members of the Creditors' Committee and their professionals; (vii) the Debtors' insurers; (viii) major customers of the Debtors; (ix) parties to significant litigation with the Debtors; (x) significant landlords of the Debtors; (xi) Judges of the United States Bankruptcy Court for the District of Delaware; (xii) the United States Trustee and the attorneys employed by the Office in this District; (xiii) the ESOP trustee for the Debtors' ESOP; (xiv) entities involved in the

Leveraged ESOP Transactions; (xv) significant former shareholders; and (xvi) major holders of the PHONES debt.

6. The chart set forth as Exhibit 2 hereto summarizes the results of the foregoing searches. As set forth in greater detail on Exhibit 2, to the best of my knowledge and, based on the best information available, neither I, Zuckerman, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, represents any other individual or entity having an adverse interest in connection with these chapter 11 cases.

7. Although Zuckerman may presently, formerly or in the future represent other creditors of the Debtors or parties-in-interest in these cases (including their professionals), none of these representations relate to these chapter 11 cases. I will supplement this Declaration if I learn of other relationships that should be disclosed.

8. Neither I, Zuckerman, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, represents any party directly adverse to the Creditors' Committee herein or the Debtors' estates in the matters upon which Zuckerman is to be engaged.

9. Except for Goldman Sachs & Co. and its affiliates ("Goldman"), a pre-petition lender to the Debtors, the fees earned by Zuckerman from any of the parties listed on Exhibit 2 did not exceed 1% of the firm's revenues for either of the past two calendar years. The annual fees paid by Goldman to Zuckerman during each of 2007 and 2008 were less than 2% of the firm's revenue for those years. Zuckerman represents Goldman in matters unrelated to the Debtors, typically involving high net-worth individuals.

10. Subject to the Bankruptcy Court's approval, and subject to any such further orders as the Court may enter relating to Zuckerman's fee structure (e.g., a possible contingent or other

alternative fee arrangement in the event that litigation is initiated), Zuckerman will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to section 330 of the Bankruptcy Code. The current hourly rates charged by Zuckerman for professionals and paraprofessionals employed in its offices are:

| Billing Category | Range |
|---|---|
| Partners and Counsel | $475-$825 |
| Associates | $300-$500 |
| Staff Attorneys | $255-$355 |
| Paraprofessionals | $155-$275 |

11.     The hourly rates set forth above are subject to periodic adjustments, subject to approval of the client, typically in January of each year, to reflect economic and other conditions. Zuckerman will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Creditors' Committee.

12.     In addition to the hourly rates set forth above, Zuckerman customarily charges its clients for all costs and expenses incurred in connection with a client's case. These charges include, among other things, long-distance telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, filing fees, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial overtime.

13.     The proposed employment of Zuckerman is not prohibited by or improper under Rule 5002 of the Federal Rules of Bankruptcy Procedure. Zuckerman and the professionals it employs are qualified to serve the Creditors' Committee in the matters for which the Firm is proposed to be retained.

14. Zuckerman will coordinate with general counsel to the Creditors' Committee to avoid duplication of work.

15. Zuckerman intends to apply to the Court for compensation and reimbursement of expenses in accordance with the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, any applicable guidelines established by the Bankruptcy Court or the U.S. Trustee, and any orders of the Bankruptcy Court.

16. No promises have been received by Zuckerman, nor any partner, counsel or associate hereof as to compensation in connection with these cases other than in accordance with the Bankruptcy Code. Zuckerman has no agreement with any other entity to share with such entity any compensation received by Zuckerman in connection with these chapter 11 cases.

I hereby verify under penalty of perjury that the foregoing is true and correct.

Dated: August 12, 2009

_____
Thomas G. Macauley