# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: August 11, 2009<br>Related to Docket Nos. 1800, 1801, 1889, 1890, 1891, 1893, 1900, 1903 and 1924 |

### ORDER (1) AUTHORIZING DEBTORS TO FILE UNDER SEAL AN UNREDACTED EXHIBIT TO MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A 2009 MANAGEMENT INCENTIVE PLAN AND TO PAY EARNED 2008 MANAGEMENT INCENTIVE PLAN AWARDS TO CERTAIN EXECUTIVES; (2) GRANTING IN PART AND DENYING IN PART MOTION OF DEBTORS FOR A PROTECTIVE ORDER WITH REGARD TO DISCOVERY PROPOUNDED BY THE WASHINGTON-BALTIMORE NEWSPAPER GUILD; AND (3) CONTINUING HEARING WITH RESPECT TO MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A 2009 MANAGEMENT INCENTIVE PLAN AND TO PAY EARNED 2008 MANAGEMENT INCENTIVE PLAN AWARDS TO CERTAIN EXECUTIVES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network Inc.) (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Upon consideration of: (i) the Motion of the Debtors (each a "Debtor" and collectively, the "Debtors") to File Under Seal an Exhibit to Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives (such incentive plan motion referred to as the "Incentive Plan Motion" [Docket No. 1800] and such motion to seal referred to as the "Seal Motion" [Docket No. 1801]); and (ii) the Objection of Washington-Baltimore Newspaper Guild (the "Guild") to the Seal Motion (the "Objection") [Docket No. 1889], and the Joinders of Newspaper Guild of New York, CWA Local 31003 [Docket No. 1890], Teamsters Local Union No. 355 and Teamsters Local Union No. 888 to Objection [Docket No. 1891 (collectively, the "Joining Unions"); and (iii) the Objection of the United States Trustee to the Seal Motion [Docket No. 1893]; and (iv) the Debtors' Reply to the Objections to the Seal Motion [Docket No. 1903]; and (v) the Motion of Debtors for a Protective Order with Regard to Discovery Propounded by the Washington-Baltimore Newspaper Guild (the "Protective Order Motion") [Docket No. 1900]; and (vi) the Guild's Objection to the Protective Order Motion [Docket No. 1924]; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that sufficient notice of the Protective Order Motion and Seal Motion (collectively, the "Motions") having been given as set forth in such Motions and that no further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Debtors' Seal Motion is granted in part, and the Guild's, the Joining Unions' and the United States Trustee's objections to the Seal Motion are overruled in part, as described further in this Order; and it is further

ORDERED that the Debtors are hereby authorized to file under seal the unredacted Mercer Report pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules; and it is further

ORDERED that, in light of the Debtors' filing of a redacted copy of the Mercer Report (the "Redacted Mercer Report") with their Protective Order Motion, the Debtors' Seal Motion is: (a) granted with respect to all information in the Mercer Report previously filed under seal and designated as Exhibit D to the Incentive Plan Motion that was redacted from the Mercer Report, and (b) denied with respect to information contained in the Redacted Mercer Report; and it is further

ORDERED that any further responses and/or objections to the Incentive Plan Motion that contain or reflect information that was redacted from the Mercer Report or any other Produced Information supplied by the Debtors (as defined below in this Order) shall be filed with the Court under seal; and it is further

ORDERED that the Debtors' Protective Order Motion is granted in part and denied in part, and the Guild's objection to the Protective Order Motion is overruled in part, as described further in this Order; and it is further

ORDERED that the Guild shall provide the Debtors' counsel by noon Eastern time on August 12, 2009 with the names and titles of the current members of the leadership of the Guild (the "Guild Leadership") with whom the Guild proposes to share any information provided by the Debtors in response to the Guild's discovery requests ("Produced Information"); and it is further

ORDERED that the Debtors shall produce the Produced Information and an inventory of the Produced Information to counsel for the Guild by noon Eastern time on August 13, 2009; and it is further

ORDERED that, unless otherwise agreed to by and between the Debtors and the Guild: (i) the disclosure of any Produced Information shall be limited to (a) members and employees of Cross & Simon, LLC and Zwerdling, Paul, Kahn & Wolly, P.C. who are representing the Guild in this contested matter; (b) members and employees of the Guild's professional financial advisor that is or will be assisting it in this contested matter, which financial advisor and the principal representative thereof shall be identified by the Guild to the Debtors promptly upon their retention or engagement by the Guild; and (c) the following specifically identified members of the Guild Leadership who may have access to such information subject to the terms of this Order: (1) Cet Parks, Administrative Officer, (2) Bill Salganik, Past Local President and Member of the Creditors Committee, (3) Angie Kuhl, Unit Chair, (4) Bernard Lunzer, President, The Newspaper Guild, (5) Connie Knox, Sector Chair, The Newspaper Guild, and (6) Irvin Stout, Research Economist, The Newspaper Guild (collectively, the persons listed in (a)-(c) above shall herein be referred to as "Permitted Recipients");[1] (ii) Permitted Recipients are bound by this Order and shall keep any and all Produced Information (including without limitation the unredacted Mercer Report) confidential, shall not disseminate or otherwise disclose any Produced Information to any person(s) other than the Permitted Recipients, and shall use it only for purposes of the Guild's objection to the Incentive Plan Motion; (c) any further objection or other pleading of the Guild containing or reflecting any Produced Information shall be filed with the Court under seal; and (d) the foregoing restrictions

---

[1] The Debtors shall file with the Court, promptly after receiving notice from the Guild of its retention of a professional financial advisor, the name of such financial advisor and the name of the principal representative thereof that will be assisting the Guild in this contested matter.

- 5 -

shall continue in full force and effect indefinitely, including without limitation after the conclusion of this contested matter and the above-captioned cases; and it is further

ORDERED that a telephonic status hearing is scheduled for 2 p.m. Eastern time on August 14, 2009 (the "Status Hearing") to address any remaining issues concerning, and to rule upon, the Protective Order Motion and to schedule a hearing date for the Incentive Plan Motion; and it is further

ORDERED that the hearing on the Incentive Plan Motion is continued to a date to be determined by the Court at the Status Hearing; and it is further

ORDERED that nothing in this Order precludes or limits any further ruling by the Court on the Protective Order Motion at the Status Hearing; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order.

Dated:  Wilmington, Delaware
        August 13, 2009

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge