## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT
### REGARDING FIRST INTERIM FEE APPLICATION OF
### ALIXPARTNERS, LLP

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Interim Fee Application of AlixPartners, LLP, for the period from December 19, 2008, through February 28, 2009 ("Application"), seeking approval of fees that total $1,061,878.50 and reimbursement of expenses that total $24,061.90. AlixPartners, LLP ("AlixPartners") is financial advisor to the Official Committee of Unsecured Creditors.

### Background

1.      Stuart Maue reviewed the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements and application, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.      This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, are

displayed on the exhibit. Those tasks included in a specific category are underlined on the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.     Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.     Stuart Maue prepared and submitted a preliminary report to AlixPartners and the firm conferred with the fee examiner in response to that report. After consideration of the firm's responses to the preliminary report, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings

### Recomputation of Fees and Expenses

5.     Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by the individual's hourly rates. The recomputation of fees and expenses revealed no difference between the amounts requested and the amounts computed.

### Review of Fees

6.     **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from

those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the names, positions, and hourly rates of the AlixPartners professionals and paraprofessionals who bill to this matter. This matter is staffed with eight professionals and paraprofessionals, including two managing directors, three directors, two vice presidents, and one paraprofessional. A summary of hours and fees billed by each timekeeper is displayed on Exhibit A.

The firm bills a total of 1,980.30 hours with associated fees of $1,061,878.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 353.20 | 18% | $ 259,633.50 | 24% |
| Director | 947.10 | 48% | 499,417.50 | 47% |
| Vice President | 666.50 | 34% | 299,925.00 | 28% |
| Paraprofessional | 13.50 | * | 2,902.50 | * |
| TOTAL | 1,980.30 | 100% | $1,061,878.50 | 100% |

* Less than 1%

The blended hourly rate for the AlixPartners professionals is $538.43 and the blended hourly rate for the professionals and the paraprofessional is $536.22.

In the AlixPartners application for retention, the firm stated that the firm's hourly rate range for paraprofessionals was $180.00 to $200.00 per hour and specifically stated that those "...hourly rates ...will remain in effect through December 31, 2009." In the Application, paraprofessional Patrick Laney billed an hourly rate of $215.00. Stuart Maue requested that AlixPartners provide an explanation as to why the hourly rate billed by Mr. Laney was higher than the rate disclosed for paraprofessionals in the application for retention. In response, the firm stated the following:

> This occurred because the range disclosed in the application did not include several individuals with actual billing rates higher than $200, including Mr. Laney. We propose to make a voluntary adjustment of

$202.50 ($15 per hour x 13.5 hours) and agree not to bill paraprofessionals at more than $200 per hour until such time that we amend our previous disclosure to reflect different hourly rates.

Stuart Maue hereby accepts the explanation provided by AlixPartners and recommends a reduction in the hourly rate from $215.00 to $200.00 for the 13.50 hours billed by Mr. Laney, resulting in a fee reduction of $202.50.

7.    **Hourly Rate Increases.**    AlixPartners did not increase the hourly rates of any professional or paraprofessional during the first interim period.

8.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2 (d) states "...activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary."    The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.    Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.    Time entries for court hearings and conferences should identify the subject of the hearing or conference."    Contrary to the requirements of the Local Rules and the Guidelines, many activity descriptions in the Application were not sufficiently detailed.    These activities were identified as either vaguely described conferences or other vaguely described activities and are discussed below.

a.    **Vaguely Described Conferences.**    Stuart Maue identified 16 entries for conferences that did not include the name of the person(s) with whom the communication was held and/or the subject or purpose of the communication.    These entries totaled 19.65 hours with $10,327.50 in associated fees.

b.    **Other Vaguely Described Activities.**    Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter.    A description of correspondence should identify

the correspondent and the subject of the correspondence.  Similarly, a description for preparation of pleadings should identify the pleading drafted or revised.  Activity descriptions for legal research should include the issues researched and the purpose of the research.  The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level.  The other vaguely described entries totaled 4.35 hours with $2,783.00 in associated fees.

Stuart Maue requested that in future applications, AlixPartners provide sufficient detail for each entry.  In its response to the preliminary report, the firm stated, it had communicated to all members of its engagement team to be conscious of the necessary details when preparing future fee applications and that they will make a concerted effort to include such detail going forward.  Stuart Maue accepts the explanation provided by AlixPartners and does not make a recommendation for a reduction in fees associated with these entries.

Exhibit B displaying those entries identified as vaguely described conferences and Exhibit C displaying those entries identified as other vaguely described activities were included in the preliminary report provided to the firm.  Because there is no recommendation for a reduction in the fees for these entries, Exhibits B and C have not been included in the final report.

9.     **Block Billing.**  The Guidelines in Section II.D.5 state "... Services should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; ... ." AlixPartners lumped or block billed many activity descriptions into one billing entry with a single time increment.  The tasks that were lumped total 147.00 hours with $78,370.50 in associated fees.  These lumped activities were identified to allow review by AlixPartners so that corrective action may be taken to ensure that future fee applications do not include block billed entries.

In its response to the preliminary report, the firm stated its intent to make a concerted effort not to include lumped or block billed activity descriptions in the preparation of future fee

applications. Stuart Maue accepts the explanation provided by AlixPartners and does not make a recommendation for a reduction in fees associated with these entries. Exhibit D displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

10.    **Conferences, Hearings, and Other Events.**    Local Rule 2016-2(d)(ix) provides "...The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." Section II.D.5 of the Guidelines states "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994). Stuart Maue identified those hearings and conferences attended by more than one professional and classified them either as a nonfirm conference, hearing, and event, or as an intraoffice conference. Nonfirm conferences are identified as any conference attended by at least one person from outside the firm. Intraoffice conferences are identified as conferences attended exclusively by firm personnel. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees.

a.    **Nonfirm Conferences, Hearings, and Events.**    Stuart Maue identified those occasions when two or more AlixPartners timekeepers bill for attendance at the same nonfirm conference, hearing, or other event. Those entries totaled 267.25 hours with $142,862.25 in associated fees. The entries for all attendees, except the timekeeper who appears to be the most responsible (i.e., the one who bills the most fees and/or hours to the matter) totaled 150.45 hours with $83,419.00 in associated fees.

b.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The

fees billed by AlixPartners for intraoffice conferences totaled 42.45 hours with $26,143.00 in associated fees, which represents approximately 2% of the total fees requested in the Application. In some instances, two or more firm professionals and/or paraprofessionals bill to attend the same internal conference. The intraoffice conferences attended by more than one timekeeper totaled 30.90 hours with $19,077.00 in associated fees.

Stuart Maue requested that AlixPartners provide a brief explanation of the necessity of multiple billers attending nonfirm conferences and events and the necessity of more than one participant to bill for the same intraoffice conference. In its response, AlixPartners stated:

> Although it could sometimes appear like there are redundancies in how certain projects and meetings are staffed, AlixPartners manages its work in ways that are both efficient and important to our effectively representing our clients' interests. We attempt to segregate tasks and activities so that only one or two team members are responsible for those activities, but for very large and complex projects (such as Tribune), the project may be divided into tasks and sub-tasks with different team members assigned to discrete portions of the larger project. In addition, on all AlixPartners engagements, there is an element of quality control, review and leadership that requires work and participation of additional team members to ensure that the activity or task is properly completed, that sub-tasks in a larger project are properly coordinated and that the results are properly communicated to the client. This is particularly important in the early months of a case when all are coming up the learning curve about the company and its situation.
>
> Furthermore, AlixPartners has played a key role in coordinating efforts with the other retained professionals in this case. Weekly calls are held with (i) the Committee's professionals alone and (ii) the Debtors' financial advisors and financial advisors to all creditor groups. These telephonic meetings are generally brief, but involve a number of individuals from each firm, allowing each consultant to receive information directly from the source and better perform his or her assigned tasks and to ensure that there will not be duplication of efforts among professionals.

Stuart Maue accepts the explanation provided by AlixPartners and does not make a recommendation for a reduction in fees associated with these entries. Exhibit E displaying multiple attendances at nonfirm conferences, hearings, and events and Exhibit F displaying intraoffice

conferences were included in the preliminary report provided to the firm.    Because there is no recommendation for a reduction in the fees for these entries, the exhibits have not been included in the final report.

11.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.    Likewise, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates.    Also included in administrative tasks is time expended to review and edit time entries and invoices.    "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional."  *See In Re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991).  As a general rule, time expended by a firm in performing conflicts checks required as a condition of the firm's employment is not compensable and would also be considered an administrative activity.  *See In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr. D. Mass. 2002).

Stuart Maue identified 30 tasks in the Application, totaling 20.25 hours with $10,878.25 in associated fees, as administrative activities.  In response, the firm stated it reviewed each of the time entries identified as administrative activities and provided comments regarding each entry. In some instances, the firm agreed to accept the identification of the activity as administrative.

Stuart Maue reviewed the response and reexamined the entries identified as administrative activities.  Based on the firm's response, Stuart Maue removed certain entries from the exhibit.  The remaining activities totaled 9.55 hours with $4,890.25 in associated fees.  AlixPartners has agreed to a reduction in its fees for these administrative activities; however, that agreement is limited to those entries billed in this interim period.  Stuart Maue accepts the firm's response and recommends that the fee request be reduced by the agreed amount of $4,890.25.

12.    **Clerical Activities.**  Clerical activities include tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying.  Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members.  "Fees for services that are purely clerical, ministerial, or administrative should be disallowed."  *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).  However, other courts have determined that clerical activities are billable at a clerical rate.  *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, (3rd Cir. 1994).  In the preliminary report the entries identified as clerical activities were displayed on Exhibit H and totaled 21.23 hours with $7,635.75 in associated fees.

In response to those entries classified as clerical activities, the firm stated the following:

AlixPartners believes that much of the associated activities performed involved a working knowledge of the Tribune case which a clerical employee would not have.  AlixPartners proposes to make a voluntary reduction in its hourly rates for the time entries identified to its paraprofessional.

Stuart Maue reviewed the firm's response and reexamined the entries identified as clerical activities.  Based on the response, Stuart Maue removed some entries from the exhibit; however, other entries remain identified as clerical activities.  In this Court there has been a practice by Stuart Maue and other fee examiners of recommending that clerical activities be paid at the rate of $80.00 per hour.  The remaining activities identified as clerical total 9.15 hours with $4,575.50 in associated fees and are displayed on Exhibit H.

After further consultation with AlixPartners, the firm agreed to reduce its fee request by $3,843.50, stating that the agreement is limited to those entries billed in this interim period.  Stuart

Maue recommends that the rates associated with these entries be reduced to $80.00 per hour for a total allowed fee of $732.00; thereby reducing the requested fees by $3,843.50.

13.    **Travel.**  Local Rule 2016-2(d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;..."  Stuart Maue identified 24 billing entries that describe travel activities, totaling 146.20 hours and $47,410.50 in associated fees.  All travel tasks were billed at 50% of the timekeepers' approved hourly rates.

14.    **AlixPartners Retention/Compensation.**  Stuart Maue reviewed and identified entries related to the retention and compensation of AlixPartners.  The firm bills 64.20 hours with associated fees of $34,550.00 to prepare the firm's retention documents and applications for compensation, which represents approximately 3% of the total fees billed by the firm.  The fees billed for this activity appear reasonable and necessary.

Exhibit I displaying the fee entries identified as AlixPartners Retention/Compensation activities was included in the preliminary report provided to the firm.  Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

**Review of Expenses**

15.    **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred."  AlixPartners provided an itemization for its expenses that

includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

16.    **Computer-Assisted Legal Research.**  Local Rule 2016-2(e)(iii) states, "The motion shall state ...computer-assisted legal research charges (which shall not be more than the actual cost)... ."  The firm bills $1,918.75 for computer-assisted legal research which the Application states, "...is the actual cost of such charges."

17.    **Team Meals.**  AlixPartners requested reimbursement of $87.18 for team meals.  It was not possible to determine if these are meals related to meetings with people outside the firm or meals solely for employees of AlixPartners that were unrelated to travel.  Stuart Maue requested that AlixPartners provide an explanation for the purpose of the meal charges displayed in the following table:

| Invoice Number | Entry Number | Entry Date | Amount | Description |
|---|---|---|---|---|
| 022009 | 49 | 01/27/09 | $45.78 | MEALS – ENGAGEMENT TEAM |
| 022009 | 140 | 03/02/09 | $15.00 | MEALS – ENGAGEMENT TEAM HAROLD LEE-LUNCH-TRIBUNE-3/2/2009 |
| 022009 | 146 | 03/05/09 | $26.40 | MEALS – ENGAGEMENT TEAM HAROLD LEE-LUNCH-TRIBUNE-3/5/2009 |

In its response to the preliminary report AlixPartners stated that "These meals were all working lunches, either during conference calls or internal in-person meetings related to Tribune."  Although a firm may provided working meals to employees, such charges are generally considered part of a firm's overhead.

After further consultation, the firm agreed to a reduction in its expenses in the amount of $87.18 for these team meals; however, that agreement is limited to those expense entries billed in this interim period.  Based on the firm's response and agreement, Stuart Maue recommends that the request for expense reimbursement be reduced by the $87.18.

18.    **Travel Expenses – Airfare and Related Expenses.**    AlixPartners requested

reimbursement for airfare and related expenses in the amount of $11,187.63.  Each of the descriptions

for airfare charges requested by AlixPartners state that it is either coach fare or economy.

19.    **Travel Meals.**  AlixPartners requested reimbursement for meals in the amount of

$2,147.64.  The descriptions for these charges appeared to provide the names of the attendees, but no

location or type of meal (breakfast, lunch, or dinner).  Based on prior rulings of this Court, the amount

billed for a meal should not exceed $15.00 per person for breakfast, $25.00 per person for lunch, and

$50.00 per person for dinner.  Stuart Maue was unable to determine if any of the meals exceeded these

amounts because the type of meal was not provided.  Stuart Maue requested that AlixPartners provide

further information for these meal charges, including the number of attendees, the location where the

meal charge was incurred, and whether the meal was a breakfast, lunch or dinner.

In its response to the preliminary report, AlixPartners satisfactorily provided

information with respect to each meal expense for which additional information was sought.  The firm

further stated "AlixPartners is willing to apply the 'reasonable ceilings' cited by Stuart Maue,

and accordingly proposes to make a voluntary reduction of $161.24."  The firm further stated

that the agreement for this reduction is limited to those meal expenses billed in this interim

period.

Stuart Maue accepts the explanation of the firm and recommends that the request for

expense reimbursement be reduced by $161.24.  Exhibit J displaying these meal charges was provided

with the preliminary report.  For this final report, the charges that were voluntarily reduced are

displayed in the following table:

| Entry Date | Amount | Description | Meal Type | Ceiling (Multiplied by Number of Attendees) | Amount in Excess of Ceiling |
|---|---|---|---|---|---|
| 01/05/09 | $90.00 | Meals & Tips - - VENDOR: Brad Hall | Dinner | $50.00 | $40.00 |
| 01/06/09 | $65.61 | Meals & Tips - - VENDOR: Brad Hall | Dinner | $50.00 | $15.61 |
| 01/14/09 | $104.37 | Meals & Tips | Dinner | $50.00 | $54.37 |

| Entry Date | Amount | Description | Meal Type | Ceiling (Multiplied by Number of Attendees) | Amount in Excess of Ceiling |
|---|---|---|---|---|---|
| 01/27/09 | $61.89 | Meals & Tips - - VENDOR: Brad Hall | Dinner | $50.00 | $11.89 |
| 01/28/09 | $62.88 | Meals & Tips - - VENDOR: Brad Hall | Dinner | $50.00 | $12.88 |
| 02/09/09 | $57.23 | Meals & Tips - - VENDOR: Brad Hall | Dinner | $50.00 | $7.23 |
| 02/10/09 | $59.31 | Meals & Tips - - VENDOR: Brad Hall | Dinner | $50.00 | $9.31 |
| 01/28/09 | $26.49 | Meals & Tips - - VENDOR: Brad Hall | Lunch | $25.00 | $1.49 |
| 01/26/09 | $58.46 | Meals & Tips - - VENDOR: Brad Hall | Lunch | $50.00 | $8.46 |

20.     **Travel – Hotel and Overnight Accommodation Charges.**  AlixPartners requested reimbursement for hotel and overnight accommodation costs in the amount of $4,543.78.  Based on prior rulings of this Court, a reasonable ceiling for lodging is $350.00 per night (domestic).  Mr. Murphy incurred a lodging charge in the amount of $902.52.  The description for this charge did not indicate the dates of stay or the number of nights, as displayed below.

| Invoice Number | Entry Number | Entry Date | Amount | Description |
|---|---|---|---|---|
| 12009 | 19 | 01/07/09 | $902.52 | LODGING – VENDOR: MICHAEL MURPHY NEW YORK |

In its written response to the preliminary report AlixPartners stated,

> We have retrieved the backup information for this charge and note that it is comprised of room and taxes for one night of $768.78 and breakfast and dinner totaling $133.74 at the Gramercy Park Hotel. AlixPartners proposes to reduce the room and taxes charge to $500.00 and the breakfast and dinner charge to $65 (based on the "reasonable ceilings" noted above), ...

After further consultation with the firm, AlixPartners agreed to reduce the hotel charge to $350.00, stating that the agreement for this reduction is limited to these charges billed in this interim period.  Stuart Maue accepts the explanation of the firm and agreed reductions and recommends that the request for the reimbursement of expenses be reduced by $487.52 ($418.78 - hotel; $68.74 - meals) for these charges.

21.     **Cab Fare and Ground Transportation Expenses.**  AlixPartners requested reimbursement for cab fare/ground transportation expenses in the amount of $3,008.48.  Several of these charges were in excess of $100.00.  Stuart Maue requested that AlixPartners provide additional

information for the charges displayed in the following table, including the reason for using a car service rather than using a taxi.

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 12009 | 01/12/09 | $101.20 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR CAR SERVICE BRAD HALL [FIRM] - [CABFARE] |
| 12009 | 01/13/09 | $101.20 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR CAR SERVICE BRAD HALL [FIRM] - [CABFARE] |
| 22009 | 01/21/09 | $101.20 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR BRAD HALL[CAB FARE/GROUND TRANSPORTATION] - [HALL, BRAD] |
| 22009 | 01/22/09 | $101.20 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR B HALL[CAB FARE/GROUND TRANSPORTATION] - [HALL, BRAD] |
| 12009 | 01/11/09 | $131.00 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR CAR SERVICE MICHAEL MURPHY [FIRM] - [CABFARE] |
| 22009 | 01/27/09 | $148.80 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR M MURPHY, B HALL, MR. LEE[CAB FARE/GROUND TRANSPORTATION] - [MURPHY, MICHAEL] |
| 22009 | 02/09/09 | $154.70 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR B HALL[CAB FARE/GROUND TRANSPORTATION] - [HALL, BRAD] |
| 12009 | 01/13/09 | $154.80 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR CAR SERVICE MR. MURPHY & MR. LEE [FIRM] - [CABFARE] |
| 22009 | 01/13/09 | $154.80 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR MR. MURPHY & MR. LEE[CAB FARE/GROUND TRANSPORTATION] - [MURPHY, MICHAEL] |
| 12009 | 01/12/09 | $159.75 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: MC CAR SERVICE B HALL [FIRM] - [CABFARE] |
| 22009 | 01/04/09 | $170.85 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: VALERA GLOBAL, INC. M. MURPHY[CAB FARE/GROUND TRANSPORTATION] - [MURPHY, MICHAEL] |
| 22009 | 02/13/09 | $238.05 | CAB FARE/GROUND TRANSPORTATION - - VENDOR: CALIFORNIA PACIFIC/LARKSPUR B HALL[CAB FARE/GROUND TRANSPORTATION] - [HALL, BRAD] |

We note that all of the charges individually greater than $100.00 are related to car service to/from home and airports for Tribune related business travel. It is not uncommon for a car service to be used for travel to and from the airport, as taxi services are not always available, particularly at very early or late hours and in certain locations where AlixPartners team members reside. Car service is also more reliable and predictable than taxi service.

Stuart Maue accepts the explanation provided by AlixPartners and does not make a recommendation for a reduction in fees associated with these expenses.

22.    **Expenses Associated With Multiple Attendances.**    Stuart Maue identified several meetings, hearings, and other events that were attended by more than one timekeeper from the firm

and, in certain instances, the firm requests reimbursement for expenses associated with those multiple attendances. The expenses associated with multiple attendances total $3,426.73.

As discussed in paragraph 10, Stuart Maue accepted the explanation provided by AlixPartners regarding the multiple attendances and makes no recommendation for a reduction in fees relating to the fees relating to same. Therefore, no recommendation is made for a reduction in any associated expenses. Exhibit K displaying all expenses associated with multiple attendances was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in theses expenses, the exhibit has not been included in the final report.

### Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $1,052,942.25 ($1,061,878.50 minus $8,936.25) and reimbursement of expenses in the amount of $23,325.96 ($24,061.90 minus $735.94), for the period from December 19, 2008, through February 28, 2009. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
Linda K. Cooper

3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
l.cooper@smmj.com

Fee Examiner

## APPENDIX A

**ALIXPARTNERS, LLP**

### SUMMARY OF FINDINGS

#### First Interim Fee Application (December 19, 2008 through February 28, 2009)

##### A.     Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $1,061,878.50 | |
| Expenses Requested | 24,061.90 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $1,085,940.40 |
| | | |
| Fees Computed | $1,061,878.50 | |
| Expenses Computed | 24,061.90 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $1,085,940.40 |

##### B.     Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $1,061,878.50 | | |
| *Agreed Reduction for Paraprofessional Rate* | | *($ 202.50)* | |
| *Agreed Reduction for Administrative Activities* | | *(4,890.25)* | |
| *Agreed Reduction for Clerical Activities* | | *3,843.50)* | |
| | Subtotal | *($8,936.25)* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $1,052,942.25 |
| | | | |
| Expenses Requested | $24,061.90 | | |
| *Agreed Reduction for Team Meals* | | *($ 87.18)* | |
| *Agreed Reduction for Travel Meals* | | *(161.24)* | |
| *Agreed Reduction for Hotel and Overnight Accommodation* *Charges* | | *(487.52)* | |
| | Subtotal | *($735.94)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 23,325.96 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $1,076,268.21 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 14th day of August, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Alan D. Holtz, Esq.
Managing Director
AlixPartners, LLP
9 West 57th Street, Suite 3420
New York, NY 10019

_Linda K. Cooper_
Linda K. Cooper

EXHIBIT A

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**AlixPartners, LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 553 | Murphy, Michael | MANAG DIRECTOR | $395.00 | $790.00 | 258.60 | $190,034.50 |
| 1211 | Holtz, Alan | MANAG DIRECTOR | $395.00 | $790.00 | 94.60 | $69,599.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $735.09 | | 353.20 | $259,633.50 |
| | | | | % of Total: | 17.84% | % of Total: 24.45% |
| 1244 | Hall, Brad | DIRECTOR | $297.50 | $595.00 | 523.10 | $288,456.00 |
| 1189 | Lee, Harold Y. | DIRECTOR | $255.00 | $510.00 | 393.50 | $195,406.50 |
| 1150 | Chiu, Kevin | DIRECTOR | $510.00 | $510.00 | 30.50 | $15,555.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $527.31 | | 947.10 | $499,417.50 |
| | | | | % of Total: | 47.83% | % of Total: 47.03% |
| 398 | Leung, Albert | VICE PRESIDENT | $450.00 | $450.00 | 338.00 | $152,100.00 |
| 1484 | Kim, Young | VICE PRESIDENT | $450.00 | $450.00 | 328.50 | $147,825.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $450.00 | | 666.50 | $299,925.00 |
| | | | | % of Total: | 33.66% | % of Total: 28.24% |
| 1178 | Laney, Patrick | PARAPROFESSIONA | $215.00 | $215.00 | 13.50 | $2,902.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $215.00 | | 13.50 | $2,902.50 |
| | | | | % of Total: | 0.68% | % of Total: 0.27% |
| | Total No. of Billers: 8 | Blended Rate for Report: | $536.22 | | 1,980.30 | $1,061,878.50 |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

AlixPartners, LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hall, B | 1.55 | 922.25 |
| Kim, Y | 5.60 | 2,520.00 |
| Lee, H | 1.60 | 816.00 |
| Murphy, M | 0.80 | 632.00 |
| | 9.55 | $4,890.25 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Billing and Retention | 6.70 | 3,305.00 |
| Misc. Motions | 0.55 | 327.25 |
| Planning Supervision and Review | 2.30 | 1,258.00 |
| | 9.55 | $4,890.25 |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 12/22/08 Mon | Hall, B 012009-11/465 | 1.10 | 0.55 | 327.25 | MATTER NAME: Misc. Motions<br>1 RECEIVED INFORMATION ABOUT FIRST DAY MOTIONS IN DISCUSSIONS WITH LEGAL COUNSEL.<br>2 OBTAINED AND REVIEWED CONFLICT LISTING. |
| 12/30/08 Tue | Lee, H 012009-17/601 | 0.30 | 0.30 | 153.00 | MATTER NAME: Billing and Retention<br>1 REVIEWED BILLING CODES. |
| 01/06/09 Tue | Kim, Y 012009-17/604 | 1.10 | 1.10 | 495.00 | MATTER NAME: Billing and Retention<br>1 ESTABLISHED BILLING AND TIME REPORTING PROCEDURES.<br>2 ESTABLISHED DOCUMENT MANAGEMENT PROTOCOLS. |
| 01/07/09 Wed | Kim, Y 012009-17/605 | 0.40 | 0.40 | 180.00 | MATTER NAME: Billing and Retention<br>1 ESTABLISHED BILLING AND TIME REPORTING PROCEDURES.<br>2 ESTABLISHED DOCUMENT MANAGEMENT PROTOCOLS. |
| 01/08/09 Thu | Kim, Y 012009-17/607 | 0.50 | 0.50 | 225.00 | MATTER NAME: Billing and Retention<br>1 REVIEWED TO-DATE TIME KEEPER REPORTS. |
| 01/13/09 Tue | Kim, Y 012009-17/611 | 0.80 | 0.80 | 360.00 | MATTER NAME: Billing and Retention<br>1 PROVIDED FEEDBACK ON FILE ORGANIZATION TO ADMINISTRATIVE PROFESSIONAL.<br>2 PROVIDE FEEDBACK ON FILE INDEXING PROCEDURES. |
| 01/21/09 Wed | Kim, Y 012009-17/614 | 1.20 | 1.20 | 540.00 | MATTER NAME: Billing and Retention<br>1 REVIEWED STATUS OF CURRENT TIME REPORTS AND REPORTING PROTOCOL. |
| 01/21/09 Wed | Murphy, M 012009-17/613 | 0.80 | 0.80 | 632.00 | MATTER NAME: Billing and Retention<br>1 REVIEWED THE STATUS OF CURRENT TIME REPORTS. |
| 01/22/09 Thu | Kim, Y 012009-17/615 | 0.80 | 0.80 | 360.00 | MATTER NAME: Billing and Retention<br>1 REVIEWED STATUS OF CURRENT TIME REPORTS AND REPORTING PROTOCOL. |
| 01/23/09 Fri | Kim, Y 012009-17/616 | 0.80 | 0.80 | 360.00 | MATTER NAME: Billing and Retention<br>1 REVIEWED STATUS OF BILLING RECORDS. |
| 02/09/09 Mon | Hall, B 022009-20/530 | 0.40 | 0.40 | 238.00 | MATTER NAME: Planning Supervision and Review<br>1 PLANNED AND DETERMINED STAFFING NEEDS FOR THE ENGAGEMENT. |
| 02/13/09 Fri | Lee, H 022009-20/540 | 0.60 | 0.60 | 306.00 | MATTER NAME: Planning Supervision and Review<br>1 DISCUSSED, PREPARED AND REVIEWED PLANNING FOR STAFFING REQUIREMENTS FOR NEAR TERM PERIOD. |
| 02/16/09 Mon | Hall, B 022009-20/541 | 0.60 | 0.60 | 357.00 | MATTER NAME: Planning Supervision and Review<br>1 PLANNED AND DETERMINED STAFFING NEEDS FOR THE ENGAGEMENT.<br>2 ALLOCATED RESPONSIBILITIES TO TEAM MEMBERS. |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 02/16/09 | Lee, H | 0.70 | 0.70 | 357.00 | | *MATTER NAME: Planning Supervision and Review* |
| Mon | 022009-20/543 | | | | 1 | DISCUSSED, PREPARED AND REVIEWED PLANNING FOR STAFFING REQUIREMENTS FOR NEAR TERM PERIOD. |
| Total | | | 9.55 | $4,890.25 | | |
| Number of Entries: | 14 | | | | | |

EXHIBIT G

ADMINISTRATIVE ACTIVITIES

AlixPartners, LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hall, B | 1.55 | 922.25 |
| Kim, Y | 5.60 | 2,520.00 |
| Lee, H | 1.60 | 816.00 |
| Murphy, M | 0.80 | 632.00 |
| | 9.55 | $4,890.25 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Billing and Retention | 6.70 | 3,305.00 |
| Misc. Motions | 0.55 | 327.25 |
| Planning Supervision and Review | 2.30 | 1,258.00 |
| | 9.55 | $4,890.25 |

EXHIBIT H

CLERICAL ACTIVITIES

AlixPartners, LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Kim, Y | 4.15 | 1,867.50 |
| Laney, P | 1.00 | 215.00 |
| Lee, H | 2.20 | 1,071.00 |
| Murphy, M | 1.80 | 1,422.00 |
| | 9.15 | $4,575.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Business Analysis | 2.50 | 890.00 |
| Misc. Motions | 3.80 | 2,442.00 |
| Non-Working Travel | 0.20 | 51.00 |
| Planning Supervision and Review | 2.65 | 1,192.50 |
| | 9.15 | $4,575.50 |

EXHIBIT H
CLERICAL ACTIVITIES
AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 12/30/08 Tue | Lee, H 012009-11/482 | 1.80 | 1.80 | 918.00 | | *MATTER NAME: Misc. Motions* |
| | | | | | 1 | UPDATED MATRIX TO TRACK MOTIONS. |
| 12/30/08 Tue | Murphy, M 012009-11/485 | 1.80 | 1.80 | 1,422.00 | | *MATTER NAME: Misc. Motions* |
| | | | | | 1 | UPDATED WORK PROCESS MATRIX TO TRACK PENDING MOTIONS ON COURT DOCKET. |
| 01/01/09 Thu | Lee, H 012009-11/489 | 0.20 | 0.20 | 102.00 | | *MATTER NAME: Misc. Motions* |
| | | | | | 1 | UPDATED MATRIX FOR THE PURPOSE OF TRACKING AND MANAGING 1ST DAY MOTIONS |
| 01/05/09 Mon | Lee, H 012009-18/620 | 0.20 | 0.20 | 51.00 | | *MATTER NAME: Non-Working Travel* |
| | | | | | 1 | MADE TRAVEL ARRANGEMENTS |
| 01/23/09 Fri | Kim, Y 012009-20/700 | 2.70 | 1.35 | 607.50 | | *MATTER NAME: Planning Supervision and Review* |
| | | | | | 1 | COMPILED AND INDEXED DOCUMENTS RECEIVED FROM DOCUMENT REPOSITORY. |
| | | | | | 2 | COMPARED WITH EXISTING DOCUMENT REQUEST AND UPDATED SAID ITEMS. |
| 01/26/09 Mon | Kim, Y 012009-01/52 | 1.50 | 1.50 | 675.00 | | *MATTER NAME: Business Analysis* |
| | | | | | 1 | COMPILED AND UPDATED INDEX OF DOCUMENTS RECEIVED FROM VARIOUS SOURCES. |
| 01/26/09 Mon | Laney, P 012009-01/51 | 1.00 | 1.00 | 215.00 | | *MATTER NAME: Business Analysis* |
| | | | | | 1 | DOWNLOADED AND ORGANIZED RECENT NEWSPAPER AND PUBLICATIONS REGARDING TRIBUNE BANKRUPTCY. |
| 01/27/09 Tue | Kim, Y 012009-20/708 | 0.80 | 0.80 | 360.00 | | *MATTER NAME: Planning Supervision and Review* |
| | | | | | 1 | ORGANIZED AND UPDATED INDEX OF DOCUMENTS RECEIVED FROM THE VIRTUAL DATA REPOSITORIES SUCH AS INTRALINKS AND DATASITE. CREATED A CATALOGUE OF ITEMS AND COMPARE AGAINST PRIOR DOCUMENT REQUESTS. |
| 02/02/09 Mon | Kim, Y 022009-20/516 | 0.50 | 0.50 | 225.00 | | *MATTER NAME: Planning Supervision and Review* |
| | | | | | 1 | INDEXED AND CATALOGUED DOCUMENTS RETRIEVED FROM THE ELECTRONIC DATA ROOM. |
| Total | | | 9.15 | $4,575.50 | | |
| Number of Entries: | 9 | | | | | |

EXHIBIT H

CLERICAL ACTIVITIES

AlixPartners, LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Kim, Y | 4.15 | 1,867.50 |
| Laney, P | 1.00 | 215.00 |
| Lee, H | 2.20 | 1,071.00 |
| Murphy, M | 1.80 | 1,422.00 |
| | 9.15 | $4,575.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Business Analysis | 2.50 | 890.00 |
| Misc. Motions | 3.80 | 2,442.00 |
| Non-Working Travel | 0.20 | 51.00 |
| Planning Supervision and Review | 2.65 | 1,192.50 |
| | 9.15 | $4,575.50 |