# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

**STIPULATION RESOLVING MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FILED ON JUNE
10, 2009, FOR AN ORDER AUTHORIZING THE EXAMINATION
OF ROBERT R. MCCORMICK TRIBUNE FOUNDATION AND
THE CANTIGNY FOUNDATION AND THE PRODUCTION OF
DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004**

IT IS HEREBY STIPULATED AND AGREED, by and between The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and the Robert R. McCormick Foundation (the "McCormick Foundation") and the Cantigny Foundation ("Cantigny," together with the McCormick Foundation, the "Foundations"), by and through their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0002123.}

respective undersigned counsel, that the Committee's Motion for an Order Authorizing the Examination of the Foundations and the Production of Documents Pursuant to Bankruptcy Rule 2004 filed by the Committee on June 10, 2009 (dkt. no. 1334), (the "Motion") the hearing of which is currently adjourned to August 11, 2009, is hereby resolved on the terms set forth below.

## PRODUCTION

1. The Foundations will locate and produce the documents requested (the "Documents") in the respective Requests for Information (the "Requests") that were sent to the Foundations by counsel for the Committee (copies of which were attached as Exhibit A to the Motion), subject to the terms and conditions set forth hereinbelow.

2. The Documents will be produced by the Foundations as kept by them in the ordinary course of their respective businesses.

3. The Documents will be produced in Chicago, Illinois, at the offices of the Foundations' undersigned counsel. The Foundations will use their best efforts to complete the production of Documents called for herein August 28, 2009.

4. The Foundations' counsel will provide the Committee's counsel with an estimate of the volume of the Documents. The Committee will be able to inspect the Documents once they are produced, and/or to order copies and/or imaging and shipping of the Documents (or any portion thereof) at the Committee's expense.

## LIMITS ON DOCUMENTS TO BE COLLECTED FOR PRODUCTION

5. The Foundations will not at this time search for or produce responsive e-mails, but will include in their production responsive electronic Documents (other than e-mail) that are maintained in an electronic document management system.

The Foundations will inquire of its directors and officers for relevant documents that may have been stored "off-line," "off-network," on local PC hard drives, portable hard drives, flash drives or CDs. The Foundations will reconfirm the "hold" that their counsel represented the Foundations previously placed on e-mail that might be responsive to the Requests. The Committee and the Foundations agree without prejudice to reserve for discussion at a future time the issue of whether there should be production of e-mail, and if so the appropriate scope and search methodologies for making such production.

6. The Foundations will produce responsive Documents that are in their own possession, as well as non-privileged, non-work-product, responsive Documents in the files of their lawyers. The Foundations will not produce responsive Documents if found only in the possession of other advisors to the Foundations, but the Foundations will identify to the Committee all such other advisors whose files the Foundations have not purported to search for responsive Documents. The Committee shall be free to request documents from such outside advisors if it so chooses, and the Foundations shall, if requested by the Committee's counsel, inform such outside advisors that they do not object to the Committee's doing so.

7. The agreements herein constitute agreements pursuant to Fed. R. Civ. P. 29 and Bankruptcy Rule 7029 modifying procedures governing or limiting discovery. The parties further agree that it is not clear that Local Rule 7026-3 for the United States Bankruptcy Court for the District of Delaware applies to this matter and for sake of clarity the parties agree that unless instructed otherwise by the Court, compliance with Local Rule 7026-3 is suspended.

## PRIVILEGE ISSUES

8. All production of the Documents shall be without any waiver of attorney-client or any other privilege, or of work-product protection. The Foundations expressly reserve all rights regarding inadvertent production of privileged or work-product material provided under Rule 502 of the Federal Rules of Evidence.

9. The Foundations will not produce a privilege log at this time, but will segregate and preserve all responsive Documents that are being withheld from production on grounds of privilege or work-product protection.

## EXAMINATIONS OF THE FOUNDATIONS

10. The taking of any examination(s) of the Foundations that were sought in the Motion shall be conducted in Chicago, in the form of an examination pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Examination topics for such examinations shall be provided in advance to the Foundations' counsel. Should the Foundations have any dispute with the specified topics, counsel for the Foundations shall consult with counsel for the Committee in an effort to resolve their differences before seeking a protective order.

## NO PREJUDICE

11. While it is the hope and intention of the Committee and the Foundations that this Stipulation shall be sufficient to enable them to resolve the current document production issues so as to permit the Committee to perform the investigation described in the Motion, this Stipulation is entered into without prejudice to the rights of either the Committee or the Foundations to raise with the Court in the future and/or to seek additional relief concerning issues that were the subject of or related to the Motion

and/or this Stipulation, or to confer with one another in an attempt to resolve such issues in the future.

Dated: August 14, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew B. McGuire
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*

**CIARDI CIARDI & ASTIN**

/s/ Daniel K. Astin
Daniel K. Astin (No. 4068)
Mary E. Augustine (No. 4477)
919 Market Street
Suite 700
Wilmington DE 19801
Telephone: (302) 658-1100
Facsimile (302) 658-1300
dastin@ciardilaw.com
maugustine@ciardilaw.com

- and -

Leonard S. Shifflett
Faye B. Feinstein
**QUARLES & BRADY LLP**
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
Telephone: (312) 715-5000
Facsimile: (312) 715-5155
leonard.shifflett@quarles.com
faye.feinstein@quarles.com

*Counsel to the Robert R. McCormick Foundation and Cantigny Foundation*