# **EXHIBIT A**

BEFORE THE FRANCHISE TAX BOARD

OF THE STATE OF CALIFORNIA

In re

Appeal of KTLA, Inc. – Taxable Years Ending 12/31/2000 and 12/31/2001

Corporation Tax - Claims for Refund

SETTLEMENT AGREEMENT

CLOSING THE TAXABLE YEAR(S)



## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between KTLA, Inc. (hereinafter "KTLA"), California Community News Corporation (hereinafter "California Community"), Tribune Company, and the Franchise Tax Board (hereinafter "FTB"), KTLA, California Community and Tribune Company being collectively referred to herein as "the Taxpayers" and the Taxpayers and FTB being collectively referred to herein as "the parties", and is made pursuant to the authority provided by California Revenue and Taxation Code section 19442.

### RECITALS

A. On October 15, 2005 and December 27, 2005, KTLA filed claims for refund (hereinafter "claims") in the amounts of $1,406,707 and $1,131,830 for taxable years ending 12/31/2000 and 12/31/2001, respectively.

B. Notices of Action on Cancellation, Credit or Refund, dated June 20, 2007, were issued to KTLA by FTB, partially denying the above claims for the taxable years ending 12/31/2000 and 12/31/2001. KTLA timely appealed such Notices (Appeal No. 424355).

C. KTLA's appeal has resulted in a dispute between the Taxpayers and FTB with respect to the amount of tax and interest payable by Taxpayers under the Revenue and Taxation Code for taxable years ending 12/31/2000 and 12/31/2001 (hereinafter "taxable years in issue").

D. KTLA filed a voluntary Chapter 11 bankruptcy petition on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware, thereby commencing Case No. 08-13183 (hereinafter the "KTLA Case").

E. California Community filed a voluntary Chapter 11 bankruptcy petition on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware, thereby commencing Case No. 08-13145 (hereinafter the "California Community Case").

F. Tribune Company filed a voluntary Chapter 11 bankruptcy petition on December 8, 2008 in the United States for the District of Delaware, thereby commencing Case No. 08-13141 (hereinafter the "Tribune Company Case").

G. The parties are entering into this Agreement to effect a final and complete settlement of the Taxpayers' liability for tax and interest for the taxable years in issue, except as described in Paragraph 6.



1

H. FTB finds that settlement upon the terms set forth herein is in the best interests of the State of California.

AGREEMENT

Accordingly, IT IS HEREBY STIPULATED AND AGREED between the parties that:

1. The tax liability for the taxable years in issue, including interest through December 31, 2008, is settled by the parties agreeing that Tribune Company is entitled to a refund for the taxable years in issue in the amount of $411,520.55, as of December 31, 2008.

2. The parties understand and agree that FTB has pending audits related to Taxpayers' liability for the taxable years 2002 through 2007 and that FTB will not pay the refund unless and until it determines that it does not have and will not have any set-off or recoupment rights related to such refund as a result of the audits or otherwise. Until such determination is made, the settlement refund amount will be held on account as a tax deposit.

3. Interest shall continue to accrue on the settlement refund amount pursuant to the applicable provisions of the Revenue and Taxation Code, until paid.

4. Contemporaneously herewith, the parties shall execute a Stipulation dismissing Taxpayer's appeal. Such Stipulation shall be filed with the Board of Equalization upon approval of the settlement and this Agreement by the Franchise Tax Board, itself.

5. Except as expressly set forth herein, the settlement of Taxpayer's California tax liability set forth herein shall be final and conclusive with respect to all tax, penalties, interest or other additions to or refunds of Taxpayers' California tax liability for the taxable years in issue. The parties agree that, except as set forth in Paragraph 5, neither party will raise or attempt to raise, by way of Notice(s) of Proposed Assessment, claim(s) for refund, offset, and/or interest abatement, any further adjustment to Taxpayers' liability for taxes, penalties, additions to tax and/or interest, for the taxable years in issue.

6. This Agreement is a final and complete resolution of the taxable years in issue, except for:

    a. Further adjustments made to Taxpayers' California tax liability, which were not at issue in this settlement, due to any final federal determination(s), as defined in Revenue and Taxation Code section 18622, affecting Taxpayers' California tax liability for the taxable years in issue; and,



  b. Further adjustments made to Taxpayers' California tax liability, any associated interest, and/or any penalties provided for under Revenue and Taxation Code sections 19164, 19774 or 19777 that relate to any abusive tax avoidance transaction(s), as defined in Revenue and Taxation Code section 19753(c); and,

  c. Any penalty provided for in Revenue and Taxation Code section 19772 for a failure to disclose a listed transaction or other reportable transaction; and,

  d. Any amounts already due and payable by the Taxpayers as of the date of the Taxpayers' execution of this Agreement.

7. This Agreement is a compromise settlement of certain disputed tax matters, including the associated interest thereon. It is expressly understood and agreed by the parties that in agreeing to such settlement neither party has made any concessions regarding the merits of its positions or the merits of the other party's positions regarding such disputed tax matters. Except as otherwise expressly set forth herein, this Agreement shall have no effect whatsoever upon the correctness of Taxpayers' returns and/or claims for refund for any year other than the taxable years in issue.

8. Notwithstanding paragraph 7 above, it is agreed that California Community has a manufacturers' investment credit carryover from the taxable year ending 12/31/2001 of $397,838, which will be available for subsequent taxable years.

9. As part of this Agreement, the parties further agree that the communications, correspondence, and/or documentation relating to the negotiations for and the terms and conditions of the settlement and this Agreement, are and shall remain confidential information, and neither party, nor any officer, employee, agent, attorney, accountant or representative of a party shall in any way, directly or indirectly, divulge or communicate to any third party such confidential information except, but only to the extent actually required:

  a. To fulfill the purposes of this Agreement; or,

  b. By the provisions of California Revenue and Taxation Code section 19442; or,

  c. By any rule or regulation of any governmental agency; or,

  d. To fulfill Taxpayers' financial reporting requirements; or,

  e. By law; or,

  f. By agreement, in writing, of the parties; or,



    g. By the terms of the Agreement Not to Disclose Settlement Communications and Workpapers previously entered into between the parties.

10. This Agreement represents the entire agreement of the parties concerning the subject matter hereof and supersedes all prior agreements or understandings, whether written or oral, of the parties hereto, excepting only the Agreement Not To Disclose Settlement Communications and Workpapers previously entered into between the parties.

11. This Agreement shall be construed and interpreted in accordance with the laws of the State of California. The parties, and each of them, hereby agree to submit to the jurisdiction of the California courts in any action relating to this Agreement or the enforcement or interpretation of the terms hereof.

12. Each party shall bear the fees and costs arising from the actions of its own counsel and/or representative in connection with this dispute and the settlement thereof, including but not limited to, those fees and/or costs related to the execution of this Agreement and the attendant responsibilities resulting therefrom.

13. Each party, on its own behalf, represents and warrants that the signatories to this Agreement have the authority to execute this Agreement on behalf of the respective party.

14. This Agreement is binding upon the parties and their subsidiaries, heirs, personal representatives, successors in interest and assigns, and each of them.

15. Taxpayers shall obtain and provide to FTB (a) the original of this Agreement executed by or on behalf of the Taxpayers and (b) final, nonappealable entered orders of the Bankruptcy Court in the KTLA Case, the California Community Case and the Tribune Company Case approving this Agreement. Should the Taxpayers fail to do so, this Agreement will be without effect.

16. The FTB must receive both (a) the original of this Agreement executed by or on behalf of Taxpayers, and (b) the final, nonappealable entered orders of the Bankruptcy Court in the KTLA Case, the California Community Case, and the Tribune Company Case (hereinafter "bankruptcy orders") approving this Agreement prior to submission of the settlement to the Franchise Tax Board, itself, for approval. Once the Agreement is executed by or on behalf of the Taxpayers and the bankruptcy orders are received by FTB, this Agreement is solely conditioned upon the following being obtained within a reasonable period of time:

    a. The approval of the settlement by FTB's Legal Management; and,


©COPY

    b. A conclusion by the Office of the Attorney General (where required by statute) that the settlement is reasonable from an overall perspective; and,

    c. The approval of the settlement by the Franchise Tax Board, itself.

Upon completion of the foregoing and the execution of this Agreement by an officer or employee of FTB, this Agreement shall become final, enforceable, and nonappealable, except upon a showing of fraud or misrepresentation of a material fact, as set forth in Revenue and Taxation Code section 19442.

Date: 2/3/09

KTLA, INC.

By:    Patrick Shanahan

Title:    Vice President of Taxes, Tribune Company
Assistant Treasurer, KTLA, Inc.

Date: 2/3/09

TRIBUNE COMPANY

By:    Patrick Shanahan

Title:    Vice President of Taxes, Tribune Company

Date: 2/3/09

CALIFORNIA COMMUNITY NEWS



By:    Patrick Shanahan

Title:    Vice President of Taxes, Tribune Company
Assistant Treasurer, California Community News

FRANCHISE TAX BOARD

Date: _____

By:    Cindy Rogers

Settlement Officer

Date: _____

By:    Alison Clark

Tax Counsel III

Case Unit No. 6010277103141603
Settlement\Reports\Settlement Agreement

STATE OF CALIFORNIA
Franchise Tax Board
Settlement Bureau
P.O. Box 3070
Rancho Cordova, CA 95741-3070

BEFORE THE STATE BOARD OF EQUALIZATION

OF THE STATE OF CALIFORNIA

In the Matter of the Appeal of: ) Appeal No. 424355
)
)
)
KTLA, INC. )

## STIPULATION

KTLA, INC., Appellant, and the Franchise Tax Board of the State of California, Respondent, have entered into a SETTLEMENT AGREEMENT in the captioned appeal which has been approved by the Franchise Tax Board. Accordingly, the parties stipulate that the appeal filed by appellant be dismissed from the calendar of the State Board of Equalization and that an order of dismissal of the appeal be entered.

KTLA, INC.

Date: 2/3/09

By: Patrick Shanahan
Vice President of Taxes, Tribune Company
Assistant Treasurer, KTLA, Inc.

FRANCHISE TAX BOARD

Date: _____

By: Cindy Rogers
Settlement Officer

Case Unit No. 6010277103141603
Settlement\Reports\Stipulation

