# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: September 4, 2009 at 10:00 a.m. EDT |
| | Objection Deadline: August 28, 2009 at 4:00 p.m. EDT |

## MOTION OF DEBTORS TRIBUNE COMPANY, CHICAGO TRIBUNE COMPANY, LOS ANGELES TIMES COMMUNICATIONS LLC, THE HARTFORD COURANT COMPANY, ORLANDO SENTINEL COMMUNICATIONS COMPANY, SUN-SENTINEL COMPANY, THE DAILY PRESS, INC., THE MORNING CALL, INC., AND THE BALTIMORE SUN COMPANY FOR AN ORDER PURSUANT TO 11 U.S.C. § 365 AUTHORIZING THE ASSUMPTION OF (I) THE LIMITED LIABILITY COMPANY AGREEMENT OF CLASSIFIED VENTURES, LLC AND (II) AFFILIATE AGREEMENTS WITH CLASSIFIED <u>VENTURES, LLC</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors Tribune Company ("Tribune") and Chicago Tribune Company, Los Angeles Times Communications LLC, The Hartford Courant Company, Orlando Sentinel Communications Company, Sun-Sentinel Company, The Daily Press, Inc., The Morning Call, Inc., and The Baltimore Sun Company (the "Publishing Debtors," and, collectively with Tribune, the "Tribune Parties"), hereby move this Court (the "Motion") for entry of an order, pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the assumption by Tribune Company of the Limited Liability Company Agreement of Classified Ventures, LLC, and the assumption by the Publishing Debtors of their Affiliate Agreements with Classified Ventures, LLC, as defined herein. In support of the Motion, the Tribune Parties state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee or examiner. The Committee has been apprised of the relief requested herein.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 365(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6006(e)(3).

## BACKGROUND OF THE MOTION

6. Tribune, a debtor in the above-captioned case, is America's largest employee-owned media company and is the ultimate parent company of each of the Debtors. Tribune operates businesses in publishing, interactive media, and broadcasting. These operations are conducted through two business divisions: (i) publishing and (ii) broadcasting and entertainment.

7. In 1998, certain Tribune Parties or their predecessors, together with other leading media companies, created Classified Ventures, LLC ("Classified Ventures") to expand their classified advertising businesses into the then-emerging online marketplace. As of the Petition Date, the following media companies, or affiliates thereof, were members (the "Members") of Classified Ventures, and their relative ownership interests were as follows: Tribune (13.9%), Tribune National Marketing Company (13.9%), The McClatchy Company (25.6%), Gannett Co., Inc. (23.6%), The Washington Post Company (16.5%), and A. H. Belo Corp. (6.6%). The Members are parties to the Limited Liability Company Agreement of Classified Ventures, LLC (as amended, the "LLC Operating Agreement")[2], which sets forth, among other things, the organization, voting and governance structure of Classified Ventures. A copy of the LLC Operating Agreement is attached hereto as Exhibit A.

---

[2] The parties are entering into a technical amendment to the LLC Operating Agreement respecting the transferability of Member Interests to Member affiliates.

3

8. Classified Ventures is a leading provider of online classified advertising products and services in the automotive, apartment rental, and residential real estate resale classified advertising categories. Through its websites Apartments.com, Cars.com, and HomeGain.com, and its affiliate agreements with leading media companies, Classified Ventures provides online users with detailed information regarding a comprehensive set of local and national automotive, rental, and home listings, as well as photo galleries, videos, home values, editorial content, blogs, online calculators, and other useful content.

9. The Publishing Debtors are parties to affiliate agreements with Classified Ventures (each an "Affiliate Agreement," and collectively, the "Affiliate Agreements"). Pursuant to the Affiliate Agreements, Classified Ventures provides both a national and local website for the automotive and apartment rental classified advertising categories that the Publishing Debtors use in connection with their businesses. In addition, the Affiliate Agreements provide that Classified Ventures will offer a broad array of advertising products that the Publishing Debtors, or in some cases, Classified Ventures, may sell to advertisers. The Publishing Debtors generate revenue from such online advertising sales. The Affiliate Agreements also govern the marketing of Classified Ventures' products, the provision of local and national editorial and other content, and the maintenance of the websites. A representative form of the Affiliate Agreement, is attached hereto as Exhibit B.[3]

10. Over the past several months, Tribune, Classified Ventures, and the other Members have engaged in discussions regarding their ongoing business relationship. As a result of these discussions, Tribune has agreed to seek Court authorization to assume the LLC

---

[3] As the Affiliate Agreements are all substantially the same form, a single form of representative agreement is attached hereto, rather than eight substantially similar agreements. Subject to appropriate confidentiality protections, copies of the individual Affiliate Agreements may be obtained from Debtors' counsel upon request.

Operating Agreement and the Publishing Debtors have agreed to seek Court authorization to assume the Affiliate Agreements and to pay the Cure Amount (defined below), subject to the parties' execution of such necessary or appropriate documents as contemplated in connection with such assumption.

11. The Tribune Parties and Classified Ventures acknowledge and agree that the Publishing Debtors owe Classified Ventures, in the aggregate, $3,203,483 constituting the total amount owing by the Tribune Parties to Classified Ventures as of the Petition Date (the "Cure Amount").

## RELIEF REQUESTED

12. By this Motion, the Tribune Parties seek entry of an order, pursuant to section 365(a) of the Bankruptcy Code, (a) authorizing but not directing (i)Tribune to assume the LLC Operating Agreement (ii) the Publishing Debtors to assume the Affiliate Agreements and to pay the Cure Amount and (b) providing that the assumption of the LLC Operating Agreement and the Affiliate Agreements shall become effective upon the payment of the Cure Amount

## BASIS FOR RELIEF

13. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. § 365(a); *see University Med. Ctr. v. Sullivan (In re University Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992) (discussing the necessity for court approval of the assumption of a contract pursuant to procedures set forth in section 365(a)). A debtor's assumption or rejection of an executory contract is subject to review under the business judgment standard. *In re ANC Rental Corp.*, 278 B.R. 714, 723 (Bankr. D. Del. 2002) ("[T]o assume and assign an executory contract or unexpired lease. . . the debtor must establish that the decision is one made in its sound

5

business judgment."); *see In re Federal-Mogul Global Inc.*, 293 B.R. 124, 126 (Bankr. D. Del. 2003) ("motions to reject executory contracts are evaluated under the business judgment test").

14. Under the business judgment standard, a debtor is required to provide a reason that, in its business judgment, assuming or rejecting a particular executory contract or unexpired lease benefits the debtor's estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989). In addition, the debtor must articulate the bases for its determination. *Id.* Once the debtor has met its burden, "a court should approve a debtor's business decision unless the decision is the product of bad faith or gross abuse of discretion." *See Federal-Mogul*, 293 B.R. at 126; *see also Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986); *Enterra Corp. v. SGS Assocs.*, 600 F. Supp. 678, 684-85 (E.D.Pa. 1985) (business judgment standard requires deference to debtor's management absent showing of bad faith, fraud, or gross overreaching).

15. In the Tribune Parties' business judgment, assumption of the LLC Operating Agreement and the Affiliate Agreements is in the best interest of the Debtors' estates and creditors. Classified Ventures represents an important component of the Publishing Debtors' online business, providing the Publishing Debtors' websites with world-class advertising products and services in the automotive and apartment rentals classified advertising categories. These products and services enable Tribune's newspapers to be leaders in the sale of online classified advertising in their respective markets and enable Tribune to participate in the significant revenue growth that is occurring in the online marketplace. The Tribune Parties believe that the economic benefits and efficiencies derived from their relationship with Classified Ventures are important to their ongoing business operations and are not easily replicated.

16. As the classified advertising business has migrated from print to the Internet, Tribune's relationship with Classified Ventures has enabled the Publishing Debtors to serve classified advertising customers in a profitable way. Online classified advertising has been one of Tribune's fastest growing revenue streams in recent years, and being able to offer world-class products and services like the ones developed and maintained by Classified Ventures allows Tribune and the Publishing Debtors to continue to be leaders in this growing area. Further, the terms of the Affiliate Agreements, among other things, enable Tribune to realize significant operating cash flow from their online classified advertising businesses, and Tribune anticipates that the favorable profitability of this relationship will continue into the future.

17. Section 365(b)(1) of the Bankruptcy Code provides that the trustee or debtor in possession may only assume an executory contract after demonstrating that the estate is able to meet the debtor's obligations by promptly curing any existing defaults and providing adequate assurance of future performance under such contract. *See, e.g., Metropolitan Airports Comm'n v. Northwest Airlines, Inc. (In re Midway Airlines, Inc.)*, 6 F.3d 492, 496 (7th Cir. 1993). The Debtors have obtained post-petition financing and maintain sufficient liquidity to pay the Cure Amount and to perform all their post-petition obligations under the LLC Operating Agreement and the Affiliate Agreements. The Tribune Parties have thus met all the requirements to assume the Affiliate Agreements and the LLC Operating Agreement.

18. Finally, the Tribune Parties respectfully request the Court authorize them to seek assumption of the multiple executory contracts comprising the LLC Operating Agreement and the Affiliate Agreements in this one Motion, pursuant to Bankruptcy Rule 6006(e)(3). Bankruptcy Rule 6006(e) limits the ability of a debtor to "seek authority to assume or assign multiple executory contracts or unexpired leases in one motion unless (1) all executory

contracts or unexpired leases to be assumed or assigned are between the same parties or are to be assigned to the same assignee; (2) the trustee [or debtor in possession] seeks to assume, but not assign to more than one assignee, unexpired leases of real property; or (3) the court otherwise authorizes the motion to be filed." Fed. R. Bankr. P. 6006(e). As each of the agreements subject to this Motion is between a Debtor and Classified Ventures, the interests of judicial economy are best served by seeking the relief requested herein in one motion. The Tribune Parties have complied in all respects with the provisions in Rule 6006(e) pertaining to omnibus motions to assume multiple executory contracts.

## NOTICE

19.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the Steering Committee for the Debtors' pre-petition loan facilities; (vii) counsel to the administrative agent for the Debtors' post-petition financing facility; (viii) Classified Ventures and the other Members; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Tribune Parties submit no other or further notice is necessary.

## NO PRIOR REQUEST

20.     The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Tribune Parties respectfully request that the Court enter an order, in substantially the form attached hereto as <u>Exhibit C</u>: (i) authorizing but not directing, the assumption by Tribune of the LLC Operating Agreement and by the Publishing Debtors of each of their Affiliate Agreements and the payment of the Cure Amount; (ii) rendering such assumption of the LLC Operating Agreement and the Affiliate Agreements effective upon the payment of the Cure Amount; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
      August 14, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP  
James F. Conlan  
Bryan Krakauer  
Janet E. Henderson  
Alison Leff  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION