IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: September 4, 2009 at 10:00 a.m. EDT<br>Objection Deadline: August 28, 2009 at 4:00 p.m. EDT |

**MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
DEBTOR WGN CONTINENTAL BROADCASTING COMPANY TO
ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY
CODE AND (II) SETTING CURE AMOUNT WITH RESPECT THERETO**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order (i) authorizing the Debtor WGN Continental Broadcasting Company ("WGN") to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

assume two unexpired leases of nonresidential real property located at Willis (Sears) Tower, Chicago, IL 60606 (the "Leases") and (ii) setting the cure amount with respect thereto. The Landlord with respect to the Leases, 223 Broadcast, LLC (the "Landlord") has consented to the relief sought in this Motion and the proposed Cure Amount (as defined herein). In support of this Motion, the Debtors: (i) submit the Declaration of Stephanie Pater, Director, Real Estate of Tribune Company (the "Pater Declaration"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference; and (ii) respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 365 of the Bankruptcy Code.

## **RELIEF REQUESTED**

5. The Debtors respectfully request that the Court enter an order (i) approving the assumption of the Leases by WGN, and (ii) setting the cure amount with respect thereto. Specifically, prior to the Petition Date WGN entered into the Leases, to which it is still a party and which remain unexpired.

6. On June 25, 2009, the Court entered an Order Authorizing Debtors to (I) Assume Certain Unexpired Leases of Nonresidential Real Property, and (II) Set Cure Amounts with Respect Thereto [Docket No. 1628] which, inter alia, extended the deadline to assume or reject the Leases through and including July 21, 2009. Further, on July 21, 2009 the court entered an Order Approving a Stipulation By and Between the Debtors and 223 Broadcast, LLC Extending the Deadline to Assume or Reject the Leases to August 12, 2009 [Docket No. 1784]. On August 12, 2009 the court entered an Order Approving Second Stipulation By and Between the Debtors and 223 Broadcast, LLC Extending the Deadline to Assume or Reject the Leases to September 18, 2009 [Docket No. 1941].

7. The Debtors are now seeking to assume the Leases given that (a) the Leases remain valuable and useful to the Debtors' ongoing businesses and (b) the Debtors face the Bankruptcy Code-imposed deadline, as extended by the Bankruptcy Court with the consent of the Landlord, of September 18, 2009 to assume the Leases, or such Leases will be deemed rejected pursuant to 365(d)(4) of the Bankruptcy Code.

8. In order to comply with the cure requirements of section 365(b)(1)(A) of the Bankruptcy Code, the Debtors propose paying the Landlord $132,967.08 (the "Cure Amount"). The Landlord and the Debtors have agreed to both the assumption of the Leases and the Cure Amount. The Debtors propose to pay the Cure Amount within three (3) business days of entry of

the order approving this Motion (the "Order") or such other date as the parties may otherwise agree.

9. The Debtors further request that upon entry of the Order approving this Motion, the Landlord be barred from asserting any claims arising on or before the date of entry of this Order against the Debtors, the Reorganized Debtors, or their respective successors or assigns, with respect to the Leases, provided that, if the Debtors fail to pay the rent due under the Leases for the month of September (the "September Rent") the landlord may file a claim for the September Rent. WGN also reserves its rights, subject to appropriate notice and opportunity to object and Bankruptcy Court approval, to assign the Leases pursuant to and in accordance with the requirements of section 365 of the Bankruptcy Code. The Debtors acknowledge that the Landlord shall have the right to object to such an assignment on any grounds.

## BASIS FOR RELIEF

### A.  Applicable Law

10. Section 365(a) of the Bankruptcy Code permits a debtor-in-possession, "subject to the court's approval, [to] assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). By enacting section 365(a) of the Bankruptcy Code, Congress intended to allow a debtor to assume those contracts that benefit the estate, and to reject those that are of no value to or that are burdensome to the estate. In re Whitcomb & Keller Mortgage Co., 715 F.2d 375, 379 (7th Cir. 1983); In re Sandman Assocs., L.L.C, 251 B.R. 473, 480 (W.D. Va. 2000) ("The authority granted by section 365 allows the trustee or debtor in possession to pick and choose among contracts, assuming those that are favorable and rejecting those that are not.").

11. It is well established in the Third Circuit, as well as other jurisdictions, that decisions to assume or reject executory contracts or unexpired leases are matters within the

"business judgment" of the debtor. Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp., 872 F.2d 36, 40 (3d Cir. 1989); NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); In re Federal-Mogul Global, Inc., 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or gross abuse of discretion."); In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994). Accordingly, courts approve the assumption of an unexpired lease unless evidence is presented that the debtor's decision to assume or reject "was so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." In re Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986). Indeed, to impose more exacting scrutiny would slow a debtor's reorganization, thereby increasing its cost and undermining the "Bankruptcy Code's provisions for private control" of the estate's administration. Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1986).

**B.      The Relief Requested is Supported by the Debtors' Business Judgment**

12.    The Debtors' decision to assume the Leases is supported by sound business judgment. The Leases are for certain floor space, digital transmitters, transmission lines, and supporting equipment (the "Transmission Towers") which are essential to WGN's ongoing business. The Transmission Towers are used to transmit WGN-TV's digital and live signals, without which WGN-TV, a television station operated by WGN, would be unable to broadcast in the Chicago area. Furthermore, there are no alternatives to the Transmission Towers in the geographical region which can support the needed functionality. The Transmission Towers are located at the top of the Willis Tower, which is the tallest office building in North America. The height and location of the Transmission Towers offers a unique and vastly superior location for

microwave signals which permits the reception of live pictures to locations over 65 miles away. The Leases therefore are unique and essential to WGN's business. See Pater Declaration at ¶ 5.

13. Based on their review of the Leases, the Debtors have determined in their business judgment that the Leases are beneficial to WGN's business and reorganization efforts and are necessary to sustain its business operations through and upon emergence from its chapter 11 case. See Pater Declaration at ¶ 6. The Debtors and their advisors have also ensured that the Leases are competitively priced.

14. If WGN is denied the ability to assume the Leases at this time, it will be unable to assume the Leases at a later date and will lose the benefit of the Leases as, pursuant to section 365(d)(4) of the Bankruptcy Code, the Extension Order and the agreed upon extension with the Landlord, the Debtors must assume unexpired leases of nonresidential real property by September 18, 2009 or else the Leases will be deemed rejected. The rejection of the Leases would be detrimental to WGN's business and reorganization prospects as they would be forced to quickly find an alternative location for WGN-TV, which would likely be impossible given the unique features of the Transmission Towers and may force WGN-TV to go off of the air. See Pater Declaration at ¶ 7.

C. **The Debtors have Provided for Payment of Cure Amount and Adequate Assurance of Future Payment**

15. Pursuant to section 365(b)(1) of the Bankruptcy Code, if a debtor is in default under an executory contract or unexpired lease, a debtor-in-possession may not assume such executory contract or unexpired lease unless, at the time of assumption, the debtor-in-possession (1) cures or provides adequate assurance that it will promptly cure any defaults; (2) compensates or provides adequate assurance of prompt future compensation for actual pecuniary loss resulting from any defaults; and (3) provides adequate assurance of future performance under the contract

or lease. 11 U.S.C. § 365(b)(1)(A)-(C). <u>See also</u> <u>Cinicola v. Scharffenberger</u>, 248 F.3d 110, 119 (3d Cir. 2001) (holding that 365(b) requires prompt cure of any default under an unexpired lease before a debtor-in-possession can assume such lease); <u>L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc)</u>, 209 F.3d 291, 298 (3d Cir. 2000) (requiring a debtor-in-possession to cure defaults under lease agreement before assumption).

16. By this Motion, the Debtors seek authorization to pay the Cure Amount in order to comply with the requirements of section 365(b) of the Bankruptcy Code. The Debtors and the Landlord agree that the Cure Amount cures all defaults under the Leases and the Landlord has adequate assurance of the WGN's future performance under the Leases. <u>See</u> Pater Declaration at ¶ 8. WGN has performed its obligations owing under the Leases during the pendency of these chapter 11 cases and is current on all postpetition amounts under the Leases. In light of the size of the Debtors' estates, and the benefits that the Leases will provide to the WGN's business operations going forward, the Debtors believe that payment of the Cure Amount is well-justified. <u>See</u> <u>id</u>.

17. In light of the foregoing, the Debtors respectfully submit that the assumption of the Leases by WGN is supported by their sound business judgment and is in the best interests of their estates and creditors.

## NOTICE

18. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for the Debtors' prepetition loan facilities; (iv) the administrative agent for Debtors' postpetition loan facility; (v) counsel to the Landlord; and (vi) all parties having requested notice

pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

19. The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (i) authorizing WGN to assume the Leases, (ii) setting the Cure Amount with respect thereto, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
August 14, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL  60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION