# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF STEPHANIE PATER FOR AN ORDER (I) AUTHORIZING DEBTOR WGN CONTINENTAL BROADCASTING COMPANY TO ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND (II) SETTING CURE AMOUNT WITH RESPECT THERETO

STATE OF ILLINOIS     )
                      ) ss:
COUNTY OF COOK        )

STEPHANIE PATER hereby states:

1.  I am Director, Real Estate of Tribune Company, a corporation organized under the laws of Delaware and one of the debtors and debtors in possession in the above-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI 4712080v.2                                -1-

captioned chapter 11 cases (collectively, the "Debtors"). Tribune Company is the direct or indirect parent of the other Debtors herein. I am generally familiar with the Debtors' real property and needs and operations and I make this Declaration (the "Declaration") on behalf of the Debtors.

2. I submit this Declaration in support of the Motion of the Debtors for Entry of an Order (i) Authorizing Debtor WGN Continental Broadcasting Company ("WGN") to Assume Certain Unexpired Leases of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code and (ii) Setting Cure Amount with Respect Thereto.

3. Prior to the Petition Date WGN entered into two unexpired leases of nonresidential real property located at Willis (Sears) Tower, Chicago, IL 60606 (the "Leases"), to which it is still a party and which remain unexpired within the meaning of section 365 of the Bankruptcy Code. The Debtors are now seeking to assume the Leases given that (a) the Leases remain valuable and useful to the Debtors' ongoing businesses and (b) the Debtors face the Bankruptcy Code-imposed deadline, as extended by the Bankruptcy Court with the consent of the Landlord, of September 18, 2009 to assume the Leases.

4. The Debtors propose paying the Landlord $132,967.08 (the "Cure Amount") to cure existing obligations owed under the Leases from prior to the Petition Date. The Landlord and the Debtors have agreed to both the assumption of the Leases and the Cure Amount. The Debtors propose to pay the Cure Amount within three (3) business days of entry of the order approving this Motion (the "Order") or such other date as the parties may otherwise agree.

5. The Debtors' believe, and I agree, that the decision to assume the Leases is supported by sound business judgment. The Leases are for certain floor space, digital transmitters, transmission lines, and supporting equipment (the "Transmission Towers") which

are essential to WGN's ongoing business. The Transmission Towers are used to transmit WGN-TV's digital and live signals, without which WGN-TV, a television station operated by WGN, would be unable to broadcast in the Chicago area. Furthermore, there are no alternatives to the Transmission Towers in the geographical region which can support the needed functionality. The Transmission Towers are located at the top of the Willis Tower, which is the tallest office building in North America. The height and location of the Transmission Towers offers a unique and vastly superior location for microwave signals which permits the reception of live pictures to locations over 65 miles away. The Leases therefore are unique and essential to WGN's business.

6. Based on their review of the Leases, the Debtors have determined in their business judgment that the Leases are beneficial to WGN's business and reorganization efforts and are necessary to sustain its business operations through and upon emergence from its chapter 11 case. The Debtors and their advisors have also ensured that the Leases are competitively priced.

7. If WGN is denied the ability to assume the Leases at this time, I understand it will be unable to assume the Leases at a later date because the Leases will be deemed rejected. The rejection of the Leases would be detrimental to WGN's business and reorganization prospects as they would be forced to quickly find an alternative location for WGN-TV, which would likely be impossible given the unique features of the Transmission Towers and may force WGN-TV to go off of the air.

8. The Debtors and the Landlord agree that the Cure Amount cures all defaults under the Leases and the Landlord has adequate assurance of the WGN's future performance under the Leases. WGN has performed its obligations owing under the Leases during the pendency of these chapter 11 cases and is current on all postpetition amounts under the Leases. In light of the size of the Debtors' estates, and the benefits that the Leases will

provide to the WGN's business operations going forward, the Debtors believe, and I agree, that payment of the Cure Amount is well-justified.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: August 14, 2009

*[signature]*
STEPHANIE PATER