# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT
## REGARDING FIRST INTERIM FEE APPLICATION OF
## JONES DAY

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Interim Fee Application of Jones Day ("Application"), for the period from December 8, 2008, through February 28, 2009, seeking approval of fees that total $23,822.50 and reimbursement of expenses that total $442.16. Jones Day is special Counsel to the Debtors.

### Background

1.      Stuart Maue reviewed the Application, including each of the billing and expense entries shown in the exhibits for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), th e United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.      This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees are displayed on the exhibit. Those tasks included in a specific category are underlined on the fee exhibits.

For the purpose of context, the other tasks within the same entries are also displayed but not underlined.

3.    Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.    Stuart Maue prepared and submitted a preliminary report to Jones Day and the firm responded to that report, both orally and in writing. Upon completion of the review of the firm's responses to the preliminary report, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings

### Recomputation of Fees and Expenses

5.    Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rates. The recomputation of fees and expenses revealed no difference between the amounts requested and the amounts computed.

### Review of Fees

6.    **Redactions.** The Application included 18 entries that included redactions. These entries totaled 10.40 hours and $5,005.00 in associated fees. While the redaction of entries may be appropriate, the reason or necessity of redactions should be included in the narrative of the Application.

The Application did not provide a specific explanation for the necessity of the redactions; however, the two firm matters were identified as "Potential Newspaper Acquisition 1" and "Potential Newspaper Acquisition 2." Based on the matter information provided by the firm, redactions in these matters appear appropriate.

7.    **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the names, positions, and hourly rates of the Jones Day professionals and paraprofessionals who bill to this matter.  This matter is staffed with five professionals and one paraprofessional, including four partners, one associate, and one legal assistant. A summary of hours and fees billed by each timekeeper is displayed on Exhibit A.

The firm bills a total of 44.50 hours with associated fees of $23,822.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 10.00 | 22% | $ 8,525.00 | 36% |
| Associate | 31.10 | 70% | 14,192.50 | 59% |
| Legal Assistant | 3.40 | 8% | 1,105.00 | 5% |
| TOTAL | 44.50 | 100% | $23,822.50 | 100% |

The blended hourly rate for the Jones Day professionals is $552.74 and the blended hourly rate for professionals and paraprofessional is $535.34.

8.    **Hourly Rate Increases.**  Jones Day increased the hourly rates of two timekeepers during the first interim period.  The firm's retention application stated, "...the hourly rates set forth therein are subject to adjustment on a periodic basis."  The rate increases ranged from $25.00 to $50.00 per hour.  For each timekeeper whose hourly rate increased during the period, the table below

displays the original billing rate, the increased rate, the fees if billed at the original rate, and the fees attributable to the rate increases.  The fees attributable to the rate increases total $407.50.

| Name | Position | Original Rate | New Rate | Hours | Fees | Fees at Original Rate | Fees Due to Rate Increases | Percent Change |
|---|---|---|---|---|---|---|---|---|
| Proger, Phillip | Partner | $850.00 | $900.00 | 8.70 | $7,605.00 | $7,395.00 | $210.00 | 3% |
| Thomas, Ryan | Associate | $450.00 | $475.00 | 31.10 | 14,192.50 | 13,995.00 | 197.50 | 1% |
| Timekeepers Without Rate Increases | | | | 4.70 | 2,025.00 | 2,025.00 | | |
| | | | TOTAL | 44.50 | $23,822.50 | $23,415.00 | $407.50 | 2% |

9.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states "...activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary."  The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.  Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference."  The Jones Day time entries were sufficiently detailed.

10.    **Block Billing.**  The Guidelines in Section II.D.5 state "... Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry; ... ."  The fee entries in the Application were not block billed.  Each entry in the Application was a single activity with a separate time allotment assigned.

11.    **Conferences, Hearings, and Other Events.**   Local Rule 2016-2 (d)(ix) provides "...The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role."  Section II.D.5 of the Guidelines states "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  While it may be appropriate to have multiple attendees at some conferences, hearings, or other events, the attendance of multiple professionals should be

justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3ʳᵈ Cir. 1994). Stuart Maue identified conferences and hearings and classified them either as a nonfirm conference, hearing, and other event, or as an intraoffice conference. Nonfirm conferences are identified as a conference attended by at least one person from outside the firm. Intraoffice conferences are identified as conferences attended exclusively by firm personnel. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees at these conferences and hearings.

      **a.**    **Nonfirm Conferences, Hearings, and Events.**  Stuart Maue identified those occasions when two or more Jones Day timekeepers bill to attend the same nonfirm conferences, hearings, or other events. Those entries total 7.00 hours with $4,061.25 in associated fees. The entries for all attendees, except the timekeeper who appears to be the most responsible at the event (i.e., the one who bills the most fees and/or hours to the matter), total 4.20 hours with $1,851.25 in associated fees. Stuart Maue notes that all but one of these conferences was billed at 1.00 hour or less.

      The time billed for these conferences appears reasonable and necessary and Stuart Maue makes no recommendation for a reduction in these fees. The billing entries identifying multiple attendees at the same nonfirm conferences, hearings, or other events were displayed on Exhibit B, which was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

      **b.**    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Jones Day for intraoffice conferences total 4.45 hours with $2,425.00 in associated fees, which represents approximately 10% of the total fees requested in the Application. In some instances, two professionals and/or paraprofessionals bill to attend these same internal conferences; however, it is

noted that all of these conferences were billed at 0.50 hour or less. The intraoffice conferences attended by more than one timekeeper total 3.65 hours with $2,065.00 in associated fees.

The time billed by Jones Day for intraoffice conferences appears reasonable and Stuart Maue makes no recommendation for a reduction in these fees. The billing entries identifying all intraoffice conferences were displayed on Exhibit C, which was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

12.    **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Likewise, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit firm time entries and invoices. "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In Re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991). As a general rule, time expended by a firm in performing conflicts checks required as a condition of the firm's retention is not compensable and would also be considered an administrative activity. *See In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr. D. Mass. 2002). Stuart Maue did not identify any activities as administrative.

13.    **Clerical Activities.** Clerical activities include tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time

and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). However, other courts have determined that clerical activities are billable at a clerical rate. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, (3rd Cir. 1994). It is Stuart Maue's intent to follow that same practice in this case. Stuart Maue did not identify any activities in the Application as clerical.

14.    **Travel.**  Local Rule 2016-2 (d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;..." Stuart Maue identified no billing entries that describe travel activities.

15.    **Jones Day Retention/Compensation.**  Stuart Maue reviewed and identified no entries related to the retention and compensation of Jones Day.

### Review of Expenses

16.    **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Jones Day provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

17.    **Pre-retention Expenses.**  The Application included a request for the reimbursement of several expenses, which were incurred prior to December 8, 2008, the firm's effective date of retention. These expenses are displayed on Exhibit D and total $418.91. In its response to the

preliminary report Jones Day stated that it was willing to "...write off the $418.91 in pre-retention expenses... ."

Stuart Maue recommends that the request for expense reimbursement be reduced by $418.91 for these expenses incurred prior to the Jones Day's effective date of retention, as agreed by the firm.

18.    **Photocopies.**  Local Rule 2016-2 (e)(iii) states "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page, ... ."   The firm requested reimbursement of $16.20 for duplication charges.   Jones Day states in the Application that "photocopying was charged at 10 cents per page," however, their copies were billed at $0.20 per page. The overcharge for duplication charges is $8.10.   The following table displays the detail for these entries.

| Invoice Number | Entry Number | Entry Date | Amount Requested ($0.20 per page) | Amount Allowed ($0.10 per page) | Description |
|---|---|---|---|---|---|
| 32108590 | 3 | 1/15/2009 | $16.20 | $8.10 | Duplication charges through 01/15/2009 ^Billback batch: 1245 [Per electronic data - 81 pages at a rate of $0.20 per page] |

In its response to the preliminary report Jones Day stated that it was willing to "...write off the ... $8.10 in copy expenses."   Stuart Maue recommends that the request for expense reimbursement be reduced by the $8.10 overcharge for photocopies, as agreed by the firm.

19.    **Computer-Assisted Legal Research.**  Local Rule 2016-2 (e)(iii) states "The motion shall state ...computer-assisted legal research charges (which shall not be more than the actual cost)... ."   The firm bills $277.05 for computer-assisted legal research and the Application states "computer-assisted research is billed on a per-search and/or per-minute basis, depending upon the provider."

20.    **Facsimile.**  Local Rule 2016-2 (e)(iii) states "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)."  Jones Day did not request reimbursement for facsimile charges.

## Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $23,822.50 and reimbursement of expenses in the amount of $15.15 ($442.16 minus $427.01), for the period from December 8, 2008, through February 28, 2009. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

**Respectfully submitted,**

**STUART MAUE**

By: _____
Linda K. Cooper

3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:    (314) 291-3030
Facsimile:    (314) 291-6546
l.cooper@smmj.com

Fee Examiner

**APPENDIX A**

**JONES DAY**

## SUMMARY OF FINDINGS

### First Interim Fee Application (December 8, 2008 through February 28, 2009)

#### A.       Amounts Requested and Computed

| | | | |
|---|---|---|---|
| Fees Requested | | $23,822.50 | |
| Expenses Requested | | 442.16 | |
| | | | |
| TOTAL FEES AND EXPENSES REQUESTED | | | $24,264.66 |
| | | | |
| Fees Computed | | $23,822.50 | |
| Expenses Computed | | 442.16 | |
| | | | |
| TOTAL FEES AND EXPENSES COMPUTED | | | $24,264.66 |

#### B.       Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $23,822.50 | | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $23,822.50 |
| | | | |
| Expenses Requested | $442.16 | | |
| *Agreed Reduction for Pre-retention Expenses* | | ($418.91) | |
| *Agreed Reduction for Photocopies* | | (8.10) | |
| Subtotal | | ($427.01) | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 15.15 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $23,837.65 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 17th day of August, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Phillip A. Proger, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113

Linda K. Cooper

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 8010 | Proger, Phillip | PARTNER | $850.00 | $900.00 | 8.70 | $7,605.00 |
| 4765 | Smith, Tom | PARTNER | $825.00 | $825.00 | 0.50 | $412.50 |
| 4455 | Fenton, Kathryn | PARTNER | $700.00 | $700.00 | 0.50 | $350.00 |
| 291 | Newman, Bevin | PARTNER | $525.00 | $525.00 | 0.30 | $157.50 |
| No. of Billers for Position: 4 | | Blended Rate for Position: | $852.50 | | 10.00 | $8,525.00 |
| | | | | | % of Total: 22.47% | % of Total: 35.79% |
| 8379 | Thomas, Ryan | ASSOCIATE | $450.00 | $475.00 | 31.10 | $14,192.50 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $456.35 | | 31.10 | $14,192.50 |
| | | | | | % of Total: 69.89% | % of Total: 59.58% |
| 6207 | Dinh, Thomas | LEGAL ASSISTANT | $325.00 | $325.00 | 3.40 | $1,105.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $325.00 | | 3.40 | $1,105.00 |
| | | | | | % of Total: 7.64% | % of Total: 4.64% |
| Total No. of Billers: 6 | | Blended Rate for Report: | $535.34 | | 44.50 | $23,822.50 |

EXHIBIT D

Preretention Expenses (Incurred Prior to December 8, 2008)

Jones Day

| DATE | INVOICE/ENTRY # | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|-----------------|---------------|---------------|----------------|-------------|
| 12/04/08 | 32108590/8 | 6.72 | | 6.72 | CONFERENCE CALL CHARGES: 10/28/08 OCTOBER 2008 [R C THOMAS] |
| 12/04/08 | 32108590/7 | 123.00 | | 123.00 | COLOR DUPLICATION CHARGES: 10/24/08 OCTOBER 2008 [R C THOMAS] |
| 12/18/08 | 32108590/9 | 3.01 | | 3.01 | CONFERENCE CALL CHARGES:09/03-10/31/08 CONFERENCE CALL CHARGES [P A PROGER] |
| 12/18/08 | 32108590/2 | 6.86 | | 6.86 | CALLING CARD CHARGES:09/30-10/27/08 CALLING CARD CHARGES [P A PROGER] |
| 12/18/08 | 32108590/1 | 2.27 | | 2.27 | CONFERENCE CALL CHARGES:09/03-10/31/08 CONFERENCE CALL CHARGES [P A PROGER] |
| 12/23/08 | 32108590/13 | 269.04 | | 269.04 | WESTLAW CHARGES: 11/17/2008 [L R BERGIN] |
| 12/23/08 | 32108590/14 | 8.01 | | 8.01 | WESTLAW CHARGES: 11/20/2008 [L R BERGIN] |
| | | $418.91 | | $418.91 | |