# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 189, 356, 790, 887 and 1863** |
| | **Hearing Date: Sept. 4, 2009 at 10:00 a.m. ET**<br>**Objection Deadline: Aug. 28, 2009 at 4:00 p.m. ET** |

## FOURTH SUPPLEMENT TO MOTION FOR AN ORDER GRANTING DEBTORS ADDITIONAL TIME TO FILE REPORTS OF FINANCIAL INFORMATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(A) OR TO SEEK A MODIFICATION OF SUCH REPORTING REQUIREMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2015.3(D)

The above-captioned debtors and debtors in possession (each a "<u>Debtor</u>" and

collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby submit this fourth

supplement to their motion for entry of an order granting additional time to file their reports of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Washington Bureau Inc. (f/k/a Tribune Broadcasting News Network, Inc.) (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

financial information in respect of entities in which a chapter 11 estate holds a controlling or substantial interest pursuant to Bankruptcy Rule 2015.3 or to seek a modification of such reporting requirement for cause (the "Fourth Supplement").[2]  In support of this Fourth Supplement, the Debtors respectfully represent as follows:

       1.      The Debtors filed their Rule 2015.3 motion on January 12, 2009; on February 10, 2009, the Debtors filed their first supplement to the motion, setting forth their proposed protocol for compliance with the new Rule 2015.3 and providing as Exhibit A thereto the Declaration of Chandler Bigelow III in support of the proposed protocol (the "Bigelow Declaration"); on March 23, 2009, the Debtors filed their second supplement to the motion seeking an extension to file their first 2015.3 Report until April 23, 2009; on April 9, 2009, the Debtors filed their third supplement to the motion seeking an extension to file their first 2015.3 Report until 21 days after the entry of the order approving the motion (such motion, together with the first, second and third supplements and this Fourth Supplement, the "Motion").  In compliance with the protocol described herein, the Debtors filed their periodic report pursuant to Rule 2015.3 on July 29, 2009 for non-Debtor entities in which the Debtors directly hold 100% of the equity interests (the "Wholly-Owned Entities") except for the Chicago Cubs-related entities (the "Cubs Entities").[3]

       2.      The hearing on the Motion has been continued several times since the original hearing date with the consent of, or at the request of, the U.S. Trustee, as the hearing on the Motion has often been continued in tandem with the continuation of the hearing on the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or supplements thereto.

[3] The Cubs Entities include Chicago Cubs Dominican Baseball Operations, LLC, Chicago National League Ball Club, LLC, Diana-Quentin, LLC, Tribune Sports Network Holdings, LLC and Wrigley Field Premium Ticket Services, LLC.

Debtors' cash management motion. The Debtors have engaged in ongoing discussions with the U.S. Trustee, including a face-to-face meeting in June, in an effort to reach a resolution with the U.S. Trustee concerning cash management and financial reporting issues,[4] including specifically a protocol for compliance with new Rule 2015.3. As the dialogue continued, this matter and the remaining cash management issues under Bankruptcy Code section 345(b) were adjourned by mutual agreement to the September 4, 2009 omnibus hearing date.

3.     As the Debtors and the U.S. Trustee reported to the Court at the July 28 omnibus hearing, progress has been made, as certain issues have been resolved and the areas of disagreement have been narrowed. Agreement has been reached on the parameters for compliance with Bankruptcy Code section 345(b) and an agreed order was entered by the Court on or about July 30, 2009 (Docket No. 1865). Agreement has further been reached that cause exists to excuse the Cubs Entities from compliance with Rule 2015.3's reporting requirements, and the Debtors filed on July 29, 2009 their periodic report pursuant to Rule 2015.3 in respect of the Wholly-Owned Entities except for the Cubs Entities (Docket No. 1863).

4.     The remaining issue separating the Debtors and the U.S. Trustee respecting compliance with Rule 2015.3 centers on whether public reporting should be required for the so-called "Non-Majority Interest Entities"; i.e., those non-Debtors in which the Debtors directly hold an equity interest ranging between 20% and 50% and in which one or more third parties hold the remaining equity interests. With the exception of one non-operational entity, the

---

[4] The U.S. Trustee has informally raised concerns regarding the format of the Debtors' monthly operating reports, which are filed on a consolidated basis but provided to the U.S. Trustee, the Senior Lender Steering Committee and the Creditors' Committee on a consolidating, entity-level basis. The Debtors are current in their monthly operating report obligations and disbursement-related fees payable to the Office of the U.S. Trustee in these chapter 11 cases.

Non Majority Interest Entities are comprised of eight private ventures,[5] the owners of which are one or more Debtors together with, in most instances, other media companies.

5.    The Debtors believe that based upon their lack of day-to-day operational and Board control over the Non Majority Interest Entities, the presumption that they have a "substantial and controlling interest" for purposes of Rule 2015.3 has been rebutted and that these estates should not be deemed to fall within the requirements of Rule 2015.3. Alternatively, even if the Non Majority Interest Entities are found to be subject to Rule 2015.3's requirements, the Debtors believe that "cause" exists to excuse these entities from the public disclosures otherwise required under Rule 2015.3,[6] for all the reasons set forth in the Motion and Bigelow Declaration.[7]

6.    Accordingly, for the reasons set forth in the Motion and in the Bigelow Declaration, the Debtors seek an order authorizing compliance with Rule 2015.3 in the following manner: (i) with respect to the wholly-owned non-Debtors (other than the Cubs Entities), the Debtors will continue to file Rule 2015.3 Reports consisting of cash flow statements, income statements and balance sheets, and a valuation estimate based on book value, on an entity by entity basis, and with respect to the Cubs Entities, the Debtors seek to be excused from compliance with Rule 2015.3 for cause shown; and (ii) with respect to the Non Majority Interest Entities, the Debtors submit that they should be determined not to hold a "substantial or controlling interest" within the meaning of Rule 2015.3 or, in the alternative, that cause exists to excuse compliance with Rule 2015.3's requirements.

---

[5] The nine private ventures comprising the Non Majority Interest Entities are: quadrantONE, Metromix, TKG Internet Holdings II, Legacy.com, Zetabid Holdings, CIPS Marketing Group, McClatchy/Tribune, Los Angeles Times/Washington Post and Riverwalk (which has no operations).

[6] Subsection (d) of Rule 2015.3 provides that the Court may vary the reporting requirement for "cause."

[7] Depending upon the outcome of further dialogue with the U.S. Trustee, the Debtors reserve the right to supplement Mr. Bigelow's Declaration prior to the hearing on the Motion.

7.      Notice of this Fourth Supplement is being provided to the same parties who received notice of the Motion: (i) the Office of the U.S. Trustee; (ii) the U.S. Securities and Exchange Commission; (iii) the Office of the U.S. Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) the administrative agent for the Debtors' prepetition loan facilities; (vii) the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustee for the Debtors' prepetition notes; and (ix) all parties having requested notices in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.


[Remainder of page intentionally left blank]

WHEREFORE, the Debtors respectfully seek entry of an order, in substantially the form of the order attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
       August 17, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Candice L. Kline
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION