UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT
## REGARDING FIRST QUARTERLY FEE APPLICATION OF
## DANIEL J. EDELMAN, INC.

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Quarterly Fee Application of Daniel J. Edelman, Inc. ("Application"), for the period from March 4, 2009, through May 31, 2009,[1] seeking approval of fees that total $7,068.75 and reimbursement of expenses that total $125.28.  Daniel J. Edelman, Inc. ("Edelman") is corporate communications and investor relations consultants for the Debtors and Debtors-in-Possession.

### Background

1.      Stuart Maue reviewed the firm's monthly fee statement and the Application, including each of the billing and expense entries shown in the exhibits to the monthly statement and application, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

---

[1] Edelman filed a first monthly application for the period from December 8, 2008, through March 31, 2009, and a second monthly application for April 2009, and a third monthly application for May 2009.  The first quarterly application states it is for the period from March 9, 2009, through May 31, 2009; however, the first fee entries are dated March 4, 2009.  For purposes of this report, Stuart Maue has used a fee period of March 4, 2009, through May 31, 2009.

2.      Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications.  *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999).  Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice.  The alternative to using proportionalized time is to question the blocked entry in its entirety.

3.      Stuart Maue prepared and submitted a preliminary report to Edelman and prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

## Recomputation of Fees and Expenses

4.      Stuart Maue recomputed the fees and expenses requested in the Application.  The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rates.  The recomputation of fees and expenses revealed no difference between the amounts requested and the amounts computed.

## Review of Fees

5.      **Firm Staffing.**  The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the names, positions, and hourly rates of the Edelman timekeepers who bill to this matter.  This matter is staffed with three timekeepers, including one

general manager, one account supervisor, and one intern. A summary of hours and fees billed by each timekeeper is displayed on Exhibit A.

The firm bills a total of 19.25 hours with associated fees of $7,068.75. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| General Manager | 8.50 | 44% | $5,950.00 | 84% |
| Account Supervisor | 0.75 | 4% | 168.75 | 2% |
| Intern | 10.00 | 52% | 950.00 | 14% |
| TOTAL | 19.25 | 100% | $7,068.75 | 100% |

The blended hourly rate for the Edelman timekeepers is $367.21.

6.    **Hourly Rate Increases.** Edelman did not increase the hourly rates of any timekeepers during this first interim period.

7.    **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states "...activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference."

In all but two instances, the firm activity descriptions were sufficiently detailed. In those instances, one entry describes a telephone conference identifying the participants but not the subject matter and the other entry describes the subject matter but not the participants.

Stuart Maue is not recommending a reduction in fees associated with the vaguely described tasks, but provided this information to the firm with the request that Edelman provide sufficient detail for each fee entry in future applications.

8.    **Block Billing.**  The Guidelines in Section II.D.5 state "... Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry;... ." All but one of the firm's billing entries included one activity with a single time increment assigned.

9.    **Conferences, Hearings, and Other Events.**  Local Rule 2016-2 (d)(ix) provides "...The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role."  Section II.D.5 of the Guidelines states "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified.  *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994).  Stuart Maue identified conferences and hearings and classified them either as a nonfirm conference, hearing, and other event, or as an intraoffice conference.  Nonfirm conferences are identified as a conference attended by at least one person from outside the firm.  Intraoffice conferences are identified as conferences attended exclusively by firm personnel.

a.    **Nonfirm Conferences, Hearings, and Events.**  Stuart Maue identified no occasion when two or more Edelman timekeepers bill to attend the same nonfirm conference, hearing, or other event.

b.    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  In the Application, Stuart Maue identified only two entries that described intraoffice conferences.  The fees billed for intraoffice conferences appear reasonable.

10.    **Travel.**  Local Rule 2016-2 (d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;..."  Stuart Maue identified no billing entries that describe travel activities.

11.    **Edelman Retention/Compensation.**  Stuart Maue identified only one entry related to the retention and compensation of Edelman, which was billed by general manager Jeffrey R. Zilka on May 26, 2009.  Mr. Zilka billed 0.25 hour with associated fees of $175.00 to prepare and review the firm's April fee application.  The fees billed for the retention and compensation of the firm appear reasonable and Stuart Maue makes no recommendation for a reduction in these fees.

12.    **Time Increments.**  Subsections (iii) and (iv) of Local Rule 2016-2 (d) provide that: "Each activity description shall include a time allotment..." and "...shall be billed in tenths of an hour... ."   The Retention Application and supporting Declaration of Jeff Zilka both state that "[n]otwithstanding any contrary provisions in the Engagement Letter, Edelman will maintain all such time records in tenth-of-an-hour increments."  It appears that all entries may have used quarter-hour increments in recording their time since all entries are billed in quarter-hour, half-hour, or full-hour time increments.  There are no entries billed in increments of 0.10, 0.20, 0.30, 0.40, 0.60, 0.70, 0.80, or 0.90.  Billing in greater than 0.10-hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood that the reported time charged is inflated. It is a practice widely criticized by courts and legal scholars and is typically prohibited by sophisticated consumers of legal services, because it may result in the billing of time over and above the amount of time actually expended to perform a particular activity.  Stuart Maue is not recommending a reduction in fees associated with these tasks but requested that in future applications, the firm bill in 0.10-hour increments.

## Review of Expenses

13.    **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified

by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Daniel J. Edelman requested reimbursement for two expenses, a messenger charge (UPS) in the amount of $13.28 and media monitoring services charge (Dow Jones) in the amount of $112.00 for total expenses of $125.28. These expenses were sufficiently detailed.

## Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $7,068.75 and reimbursement of expenses in the amount of $125.28, for the period from March 4, 2009, through May 31, 2009. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
Linda K. Cooper

3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:    (314) 291-3030
Facsimile:    (314) 291-6546
l.cooper@smmj.com

Fee Examiner

APPENDIX A

**DANIEL J. EDELMAN, INC.**

**SUMMARY OF FINDINGS**

**First Quarterly Fee Application (March 4, 2009 through May 31, 2009**

**A.      Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $7,068.75 | |
| Expenses Requested | 125.28 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $7,194.03 |
| | | |
| Fees Computed | $7,068.75 | |
| Expenses Computed | 125.28 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $7,194.03 |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $7,068.75 | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $7,068.75 |
| | | |
| Expenses Requested | $125.28 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 125.28 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $7,194.03 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 19th day of August, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Mr. Jeff Zilka
Executive Vice President
Daniel J. Edelman, Inc.
200 East Randolph Street, 63rd Floor
Chicago IL 60601

_____
Linda K. Cooper

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Daniel J. Edelman, Inc.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | | FEES COMPUTED | |
|---|---|---|---|---|---|---|---|---|
| JZIL | Zilka, Jeffrey R. | GENERAL MANAGER | $700.00 | $700.00 | 8.50 | | $5,950.00 | |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $700.00 | | 8.50 | | $5,950.00 | |
| | | | | | % of Total: | 44.16% | % of Total: | 84.17% |
| SKEA | Keane, Sheila | ACCT SUPERVISOR | $225.00 | $225.00 | 0.75 | | $168.75 | |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $225.00 | | 0.75 | | $168.75 | |
| | | | | | % of Total: | 3.90% | % of Total: | 2.39% |
| MFUL | Fulara, Mark R. | INTERN | $95.00 | $95.00 | 10.00 | | $950.00 | |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $95.00 | | 10.00 | | $950.00 | |
| | | | | | % of Total: | 51.95% | % of Total: | 13.44% |
| | Total No. of Billers: 3 | Blended Rate for Report: | $367.21 | | 19.25 | | $7,068.75 | |