## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT
### REGARDING FIRST INTERIM FEE APPLICATION OF
### ALVAREZ & MARSAL NORTH AMERICA, LLC

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Interim Fee Application of Alvarez & Marsal North America, LLC for the period from December 8, 2008, through February 28, 2009 ("Application") seeking approval of fees that total $2,812,156.00 and reimbursement of expenses that total $26,044.78.  Alvarez & Marsal North America, LLC ("Alvarez Marsal") is restructuring advisor to the Debtors.

### Background

1.     Stuart Maue reviewed the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.     This report includes exhibits that detail and support the findings discussed below.  Each time entry associated with a specific category, as well as a summary of the total hours and fees are

displayed on the exhibit. Those tasks included in a specific category are underlined on the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.      Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.      Stuart Maue prepared and submitted a preliminary report to Alvarez Marsal and the firm conferred with the fee examiner and submitted written responses, including the following statement:

> ...in each place it agreed to a reduction in its fees, such agreement was made for settlement purposes only and no such agreement by Alvarez & Marsal or statement herein shall be construed to be an admission by Alvarez & Marsal that any such amounts were in fact allocated improperly.

After consideration of the firm's responses, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings

### Reconciliation of Fees and Expenses

5.      Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by the individual hourly rates. The recomputation of fees and expenses revealed that there was no discrepancy between the amounts requested and the amounts computed.

### Review of Fees

6.  **Firm Staffing.**  The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application:    (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the names, positions, and hourly rates of the Alvarez Marsal professionals and paraprofessionals who bill to this matter.  This matter is staffed with 29 professionals and paraprofessionals, including five managing directors, one senior director, five directors, five senior associates, two associates, six consultants, four analysts, and one paraprofessional.  A summary of hours and fees billed by each timekeeper is displayed on Exhibit A.

The firm bills a total of 6,756.10 hours with associated fees of $2,812,156.00.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 1,279.50 | 19% | $  829,730.00 | 30% |
| Senior Director | 210.00 | 3% | 115,500.00 | 4% |
| Director | 932.10 | 14% | 396,945.00 | 14% |
| Senior Associate | 1,514.20 | 22% | 605,275.00 | 22% |
| Associate | 925.40 | 14% | 323,890.00 | 11% |
| Consultant | 577.50 | 9% | 170,070.00 | 6% |
| Analyst | 1,275.80 | 19% | 363,050.00 | 13% |
| Paraprofessional | 41.60 | * | 7,696.00 | * |
| **TOTAL** | 6,756.10 | 100% | $2,812,156.00 | 100% |

* Less than 1%

The blended hourly rate for the Alvarez Marsal professionals is $417.67 and the blended hourly rate for the professionals and the paraprofessional is $416.24.

7.  **Hourly Rate Increases.**  Alvarez Marsal did not increase the hourly rates of any timekeepers during the first interim period.

8.   **Transient Timekeepers.**   The activities of those timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear.   However, Stuart Maue recognizes that some professionals or paraprofessionals have specialized knowledge or expertise and may be called upon to provide services to the case on a limited basis.   One Alvarez Marsal professional, Teresa Christians, billed fewer than 10.00 hours during this interim period.   From a review of the activities performed by Ms. Christians, it appears that she had minimal involvement in the case and billed for activities that may have been performed by other timekeepers or by timekeepers billing at a lower rate.

Stuart Maue requested that Alvarez Marsal provide additional information regarding the role of this timekeeper and the firm responded as follows:

> We have a core team of people who are fully dedicated to the Tribune matter.   In certain circumstances due to deadlines or other requirements additional resources are devoted to certain tasks.   In the case of Ms. Teresa Christians, noted in your report, her work focused on items related to the bankruptcy statements and schedules.   Given case timing and A&M's standardized process, Ms. Christians was able to assist with these matters when existing billers did not have the time to do so. Due to the tasks involved ... instruction to Ms. Christian did not require any additional time than would have been required to assign the task to a professional working full-time on the engagement.

Stuart Maue accepts the explanation provided by Alvarez Marsal and does not make a recommendation for a reduction in fees associated with these entries.   The billing entries of Teresa Christians, totaling 7.70 hours with $2,117.50 in associated fees, were displayed on Exhibit B which was included in the preliminary report provided to the firm.   Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

9.   **Complete and Detailed Task Descriptions.**   Local Rule 2016-2 (d) states "...activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary."   The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description

shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference."

Contrary to the requirements of the Local Rules and the Guidelines, many activity descriptions in the Application were not sufficiently detailed. These activities were identified as either vaguely described conferences or other vaguely described activities and are discussed below.

    **a.**    **Vaguely Described Conferences.** Stuart Maue identified 64 billing entries for conferences that did not include the name of the person(s) with whom the communication was held and/or the subject or purpose of the communication. These entries, totaling 55.14 hours with $20,904.58 in associated fees, were identified as vaguely described conferences.

    **b.**    **Other Vaguely Described Activities.** Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Some of the entries describe the task being performed as "work on," "follow up," "address," and "resolve issues," which do not provide sufficient information regarding the activity being performed (i.e., review, draft, revise, etc., ).

Timekeeper Richard Stone billed a total of 49 entries using a similar description, stating, "respond to various A/P related issues related to the bankruptcy" and "respond to various A/P and vendor related issues related to the bankruptcy." These entries lack the specificity

required to determine the exact nature of the task that the timekeeper is performing.  The entries identified as other vaguely described activities, totaled 191.03 hours with $79,190.17 in associated fees.

In its response to the preliminary report, Alvarez Marsal stated that the firm would endeavor to continue to improve in the future so as to reduce the vague descriptions.  The firm also provided additional information regarding the exact nature of Richard Stone's activities and satisfactorily described the role and necessity of his involvement in this matter.

Stuart Maue accepts the explanation provided by Alvarez Marsal and does not make a recommendation for a reduction in fees associated with these entries.  Exhibit C displaying the entries identified as vaguely described conferences and Exhibit D displaying the entries identified as other vaguely described activities were included in the preliminary report provided to the firm.  Because there is no recommendation for a reduction in the fees for these entries, the exhibits have not been included in the final report.

10.    **Block Billing.**  The Guidelines in Section II.D.5 states "... Services should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; ... ." Alvarez Marsal block billed 244 of its entries, totaling 518.33 hours and $209,305.17 in fees.  Many of the block billed entries combine conferences with other activities rather than separately billing for each discrete activity.  In future applications, Stuart Maue requested that Alvarez Marsal bill each discrete activity separately.

In response, the firm stated the following:

We have reviewed your report and believe that the time referenced as block billing is all reasonable and justified by the case; however, ...we understand your request for us to reduce block billing in the future and will endeavor to do so.

Exhibit E displaying these entries was included in the preliminary report provided to the firm.  Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

11.    **Conferences, Hearings, and Other Events.**  Local Rule 2016-2 (d)(ix) provides "...The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." Section II.D.5 of the Guidelines states "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994). Stuart Maue identified all conferences, hearings, and other events and classified them either as a nonfirm conference, hearing, and other event, or as an intraoffice conference. Nonfirm conferences are identified as a conference attended by at least one person from outside the firm. Intraoffice conferences are identified as conferences attended exclusively by firm personnel. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees.

a.    **Nonfirm Conferences, Hearings, and Events.**  Stuart Maue identified numerous occasions when two or more Alvarez Marsal timekeepers bill to attend the same nonfirm conference, hearing, or other event. Those entries totaled 465.77 hours with $235,440.42 in associated fees. The entries for all attendees, except the timekeeper who appeared to be the most responsible (i.e., the one who billed the most fees and/or hours to the matter) totaled 245.27 hours with $111,743.33 in associated fees. Stuart Maue requested that Alvarez Marsal provide a brief explanation of the necessity of the multiple billers and their respective roles.

In its response, Alvarez Marsal stated:

> The Preliminary Report questions the need for multiple A&M personnel to attend certain meetings with the Debtors and/or other participants in the bankruptcy process. A&M endeavors to minimize the number of attendees at any meeting but needs to balance minimizing the number of attendees with (a) the scope of the meeting which may cover multiple issues, (b) the individuals requested to attend the meeting by the Debtors' management, and (c) the need for certain A&M personnel to have a

firsthand understanding of certain issues in order to be able to serve the client. Tribune is a complex organization with 2 main business segments (publishing and broadcasting) each with multiple operations, often requiring different A&M personnel to focus on different areas. In addition, early in the case, due to the number of parallel efforts to ensure a smooth transition into bankruptcy, Tribune management held frequent meetings with a 15 member internal working group and requested key members of its advisors to attend those meetings as well so there could be real time reporting and discussion of all of the work streams.

In its response to the preliminary report, Alvarez Marsal satisfactorily described the role and necessity of each Alvarez Marsal professional and how, in certain instances, the participation of multiple Alvarez Marsal personnel was necessary during certain nonfirm conferences, hearings, and events.

Stuart Maue accepts the explanation provided by Alvarez Marsal and does not make a recommendation for a reduction in fees associated with these entries. Because there is no recommendation for a reduction in the fees for these entries, Exhibit F displaying those entries when two or more firm timekeepers bill to attend the same nonfirm conference, hearing, or other event which was included in the preliminary report, has not been included in the final report.

**b.**     **Intraoffice Conferences**.    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Alvarez Marsal for intraoffice conferences totaled 411.64 hours with $179,535.79 in associated fees, which represents approximately 6% of the total fees requested in the Application. In many instances, two or more firm professionals and/or paraprofessionals bill to attend the same internal conference, totaling 260.58 hours with $115,246.67 in associated fees.

In one instance, a firm professional bills to attend a conference with himself. Brian Whittman billed 0.40 hour on December 18, 2008, to "discuss request for additional assurance for utilities with B. Whittman." After review, Stuart Maue determined that the meeting took place with M. Frank and assumed this in its analysis.

In its response to the preliminary report, Alvarez Marsal stated:

...Tribune is a very complex media conglomerate made up of over 35 major independently managed operations (and 111 Debtor entities) and that the scope of those operations requires different individuals on our team to work on different portions of the Company while still coordinating ultimate work product.  In addition we are dealing with requests from 5 separate financial advisory firms representing Tribune's senior lenders (FTI, Blackstone), unsecured creditors (Alix, Moelis), and a junior lender (Capstone).

...While every effort is made to be efficient and to avoid unnecessary participation at meetings, a certain level of conversation and communication among A&M employees is required to ensure coordination of information, to maximize use of data and minimize interruptions to the Company and to leverage experience from interacting with various members of management.  In fact we would note that there are typically separate members of Tribune corporate, publishing, and broadcasting management involved in key meetings which similarly requires us to involve the different members of our team dealing with different portions of the business.

...the time description for Brian Whittman for 0.4 hours on 12/28/2008 for "Discuss request for additional assurance for utilities with B. Whittman" should have indicated "Discuss request for additional assurance for utilities with M. Frank".

Stuart Maue accepts the explanation provided by Alvarez Marsal and does not make a recommendation for a reduction in fees associated with these entries.  Because there is no recommendation for a reduction in the fees for these entries, Exhibit G that was included in the preliminary report and displayed the entries identified as intraoffice conferences, has not been included in the final report.

12.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  Likewise, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates.  Also included in administrative tasks is time expended to review and edit time entries and invoices.  "Where the time entries require revision to

conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In Re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991). As a general rule, time expended by a firm in performing conflicts checks required as a condition of the firm's employment is not compensable and would also be considered an administrative activity. *See In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr. D. Mass. 2002).

In the preliminary report, Stuart Maue identified 19 tasks, totaling 28.15 hours with $7,847.50 in associated fees, as administrative activities.

In response to the entries identified as administrative activities, the firm stated:

> ... most of the activities flagged as "administrative" are in fact directly related to Tribune and necessary and allowable. Specific explanations are included on your original Exhibit H attached. As noted on the exhibit, we are willing to reduce our fees by $2,120.00 for 4 noted entries that might have been administrative in nature.

Stuart Maue reviewed the firm's response and reexamined those tasks identified as administrative activities. Based on the firm's response, some tasks were removed from the exhibit; however, other entries remained classified as administrative activities. The remaining activities that are identified as administrative total 25.25 hours with $6,855.00 in associated fees. After further consultation, Alvarez Marsal agreed to a reduction in its fees for these administrative activities; however, that agreement is limited to those entries billed in this interim period. Stuart Maue recommends that the fee request be reduced by $6,855.00.

13. **Clerical Activities.** Clerical activities include tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time

and should be delegated to nonbilling staff members.   "Fees for services that are purely clerical, ministerial, or administrative should be disallowed."   *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).   However, other courts have determined that clerical activities are billable at a clerical rate.   *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, (3rd Cir. 1994).   In this Court, there has been a practice of recommending that clerical activities be paid at the rate of $80.00 per hour and Stuart Maue has followed that practice in this case.   In the preliminary report, the entries identified as clerical activities were displayed on Exhibit I and total 98.24 hours with $31,122.75 in associated fees.

> In its response, Alvarez Marsal stated:
>
> We believe that all of the activities flagged as "clerical" were directly related to services required by the Debtor and were integral to those services and could not have been effectively or efficiently parceled out and sent out to a clerical staff to perform.  As noted on the exhibit we are willing to consider 14.88 hours as "clerical" and reduce our fees by $3,716.25 as a result.

Stuart Maue reviewed the firm's response and reexamined those tasks identified as clerical activities.   Based on the firm's response and a reexamination of the activities, some entries were removed from the exhibit; however, other entries remained classified as clerical activities. Although clerical tasks are necessary to the administration of the case, they are generally not compensable or should be paid at a lower hourly rate.   The remaining activities that are identified as clerical total 40.98 hours with $12,077.75 in associated fees and are displayed on Exhibit I.

After further consultation, Alvarez Marsal agreed to a reduction in its fees for these clerical activities; however, that agreement is limited to those entries billed in this interim period. Stuart Maue recommends that the rates associated with these entries be reduced to $80.00 per hour, for a total allowed fee of $3,278.40; thereby reducing the requested fees by $8,799.35.

14.   **Travel.**   Local Rule 2016-2 (d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly

rates;..." The Application included 12 entries describing working travel time that was billed at one-half

of the timekeepers' regular hourly rates.  One of the travel entries failed to provide sufficient detail in

that it only states "50% travel time."  This is the only travel entry billed by Michelle Miller and has

been included in the entries identified as other vaguely described activities in paragraph 7 above.

In response to the comment regarding the entry billed by Ms. Miller, the firm stated the

following:

> Regarding your one request for more detail on the 3.0 hours of travel
> time for Michelle Miller on December 12, 2009, this was 50% of Ms.
> Miller's travel time from the Tribune office in Chicago to her home in
> Miami.

Stuart Maue accepts the explanation provided by Alvarez Marsal and does not make a

recommendation for a reduction in fees associated with this entry.

15.    **Alvarez Marsal Retention/Compensation.**    Stuart Maue reviewed and identified

entries related to the retention and compensation of Alvarez Marsal.  The firm billed 75.00 hours with

associated fees of $26,748.50 to prepare the firm's retention documents and applications for

compensation, which represents less than 1% of the total fees billed by the firm.  Exhibit J displaying

the fee entries identified as Alvarez Marsal Retention/Compensation activities was included in the

preliminary report provided to the firm.  The fees billed by Alvarez Marsal appear reasonable and

necessary and Stuart Maue makes no recommendation for a reduction in these fees.  Because there is no

recommendation for a reduction in the fees for these entries, Exhibit J has not been included in the final

report.

### Review of Expenses

16.    **Complete and Detailed Itemization of Expenses.**    The Guidelines in Section II.E.3

state "Factors relevant to a determination that the expense is proper include ... Whether applicant has

provided a detailed itemization of all expenses including the date incurred, description of expense

(e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name

of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Alvarez Marsal provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

17.    **Photocopies.** Local Rule 2016-2 (e)(iii) states "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page) ..." The firm did not request reimbursement for photocopies.

18.    **Overhead Expenses.** Section II.E.7 of the Guidelines states "Factors relevant to a determination that the expense is proper include the following: Whether the expenses appear to be in the nature of nonreimbursable overhead. Overhead includes, but is not limited to, word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges." Alvarez Marsal requested reimbursement of $22.68 for supplies. These supplies, displayed in the following table, appear to be in the nature of overhead expenses.

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 22809 | 02/10/09 | $22.68 | STAMPS, ENVELOPES AND TAPE FOR A&M SHIPPING NEEDS.-BERGER-MISCELLANEOUS |

In its response to the preliminary report, Alvarez Marsal responded, "We will reduce our bill by $22.68 for the supplies you have noted as an overhead expense." Stuart Maue recommends that the expense request be reduced by that agreed amount.

19.    **Wireless Usage Charges.** Alvarez Marsal requested reimbursement of wireless usage charges totaling $1,840.93. The Guidelines state that monthly car phone charges are considered overhead. Stuart Maue requested that Alvarez Marsal provide an explanation of these charges and specify whether these expenses include any monthly service charges.

The firm responded, stating:

A&M bills for wireless charges by taking the full bill for the month, allocating 10% to firm overhead and allocating the remaining 90% between clients and firm overhead based on the amount of time charged to clients vs. available time during the month on an employee by employee basis.

... the majority of our calls with both Tribune and their bank and creditor financial advisors occur via cell phone.

While a firm may have a policy for the allocation of these charges, they should be considered part of firm overhead. After further consultation, Alvarez Marsal agreed to a reduction in its expenses in the amount of $1,840.93 for the wireless usage charges; however, that agreement is limited to those expense entries billed in this interim period. Based on the firm's response and agreement, Stuart Maue recommends that the request for expense reimbursement be reduced by $1,840.93 for the wireless usage charges displayed on Exhibit K.

20.    **Working Meals.**  Alvarez Marsal requested reimbursement of $5,267.30 for working meals. In some instances it was not possible to determine if these are meals related to meetings with people outside the firm or meals solely for Alvarez Marsal employees. Stuart Maue requested that Alvarez Marsal provide an explanation for the purpose of the meal charges displayed on Exhibit L in the preliminary report.

Alvarez Marsal responded, stating:

The meals included in this category all occurred at the client site. The majority of these meals were lunches brought into the client site to allow the team to continue to work through lunch and dinners brought to the client site when team members were working later in the evening. The meals were almost exclusively for A&M personnel, although occasionally included Tribune personnel or other financial advisors. We believe these meals were appropriate as they were incurred as part of providing services on-site at the client.

...we did identify 2 breakfasts that should not have been charged to Tribune totaling $11.14 and we will reduce our bill by that amount.

The two breakfast charges are displayed in the following table:

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 013109 | 12/11/08 | $5.57 | BREAKFAST (PINTAR). – PINTAR – MEALS |
| 013109 | 12/18/08 | $5.57 | BREAKFAST (PINTAR). – PINTAR – MEALS |

Stuart Maue accepts the explanation of the firm stating that the meals occurred for the two breakfast charges on-site at the Tribune offices and recommends that the request for expense reimbursement be reduced by $11.14.

21.    **Travel-Related Transportation.**    The Application included expense charges in the amount of $1,817.64 for taxi and car rental that were related to out-of-town travel.  These expenses were sufficiently detailed in that the person incurring the charge, the location, the date, and the amount of the expense were provided.

22.    **Local Transportation and Parking.**    The Application also included expense charges in the amount of $1,719.20 for local transportation between the firm's office and the offices of the Debtors in Chicago, Illinois.  These expenses were also sufficiently detailed in that the person incurring the charge, the location, the date, and the amount of the expense were provided.

23.    **Vaguely Described Transportation.**    The firm requested reimbursement in the amount of $892.84 for transportation expenses, including parking and taxi services that were not sufficiently detailed.  For these expenses, the firm included the name of the person incurring the charge, but did not include the location where the charge was incurred, whether it was related to local or out-of-town travel, or the purpose or necessity of the charge.  These charges totaled $892.84 and were itemized and displayed on Exhibit M included in the preliminary report provided to the firm.  Stuart Maue requested that Alvarez Marsal provide additional information regarding these transportation expenses.

In its response to the preliminary report, Alvarez Marsal stated:

> We have reviewed the transportation expense in Exhibit M to your Preliminary Report and determined that all but one entry relates to (a) parking at Tribune, (b) taxi fare to/from Tribune, or (c) out of town transportation. We have modified the descriptions on Exhibit M ... to clarify this information. We did identify one taxi charge that, while related to Tribune, involved transportation from the A&M office.

Stuart Maue has reviewed the response of Alvarez Marsal, including the additional detail provided for each entry, and reexamined the expenses. Although a firm may have a policy that personnel may be reimbursed for travel expenses incurred going home after working late, such charges are generally considered part of the firm's overhead.

After further consultation, Alvarez Marsal agreed to a reduction in its expenses in the amount of $121.80 for these entries; however, that agreement is limited to those expense entries billed in this interim period. Based on the firm's response and agreement, Stuart Maue recommends that the request for expense reimbursement be reduced by $121.80 for the charges displayed in the following table:

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 22809 | 01/31/09 | $32.00 | TAXI FROM TRIBUNE TO HOME FOR 1/22, 1/26, 1/27 & 1/28.-NOVAK-TRANSPORTATION |
| 22809 | 02/18/09 | $14.35 | TAXI FROM A&M OFFICE TO HOME IN CHICAGO.-NIEMERG TRANSPORTATION |
| 22809 | 02/19/09 | $11.45 | TAXI FROM TRIBUNE TOWER TO HOME.-NIEMERG-TRANSPORTATION |
| 22809 | 02/28/09 | $64.00 | TAXI FROM TRIBUNE TO HOME FOR 2/3, 2/4, 2/17, 2/19, 2/23, 2/25 & 2/26.-NOVAK-TRANSPORTATION |

24.    **Overtime Transportation.** Alvarez Marsal requested reimbursement for transportation charges incurred by timekeepers to travel from the office to home on several occasions. It appeared that this travel may be related to working late at the office. These overtime transportation charges, totaling $1,586.80, were itemized and displayed on Exhibit N included in the preliminary report provided to the firm. Although a firm may have a policy that personnel may be reimbursed for travel home when working late, such charges are generally considered part of the firm's overhead. Stuart Maue requested that Alvarez Marsal provide additional information regarding these transportation expenses.

In response, the firm stated the following:

We have reviewed the transportation expenses in Exhibit N to your Preliminary Report and determined they all relate to transportation of A&M personnel from the Tribune office to their home or to a train station

to get home.  We have modified the descriptions on Exhibit N...to clarify the origin and destination.  We believe these expenses were reasonable and justified based on the need to work late at the client site.

Stuart Maue reexamined the exhibit and removed some entries that related to parking at the Tribune Company offices and taxi charges from those offices to the train station.  The remaining charges describe taxi service to the employees' home totaling $1,513.80 and are displayed on Exhibit N.

After further consultation, Alvarez Marsal agreed to a reduction in its expenses in the amount of $1,513.80 for these entries; however, that agreement is limited to those expense entries billed in this interim period.  Based on the firm's response and agreement, Stuart Maue recommends that the request for expense reimbursement be reduced by $1,513.80 for these overtime transportation expenses.

## Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above.  Stuart Maue recommends the approval of fees in the amount of $2,796,501.65 ($2,812,156.00 minus $15,654.35) and reimbursement of expenses in the amount of $22,534.43 ($26,044.78 minus $3,510.35), for the period from December 8, 2008, through February 28, 2009.  A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

Linda K. Cooper

3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:    (314) 291-3030
Facsimile:    (314) 291-6546
l.cooper@smmj.com

Fee Examiner

## APPENDIX A

## ALVAREZ & MARSAL NORTH AMERICA, LLC
### SUMMARY OF FINDINGS
#### First Interim Application (December 8, 2008 through February 28, 2009)

### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $2,812,156.00 | |
| Expenses Requested | 26,044.78 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $2,838,200.78 |
| | | |
| Fees Computed | $2,812,156.00 | |
| Expenses Computed | 26,044.78 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $2,838,200.78 |

### B.    Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $2,812,156.00 | | |
| *Agreed Reduction for Administrative Activities* | | ($  6,855.00) | |
| *Agreed Reduction for Clerical Activities* | | (8,799.35) | |
| Subtotal | | ($15,654.35) | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $2,796,501.65 |
| | | | |
| Expenses Requested | $26,044.78 | | |
| *Agreed Reduction for Overhead* | | ($     22.68) | |
| *Agreed Reduction for Wireless Usage Charges* | | (1,840.93) | |
| *Agreed Reduction for Working Meals* | | (11.14) | |
| *Agreed Reduction for Vaguely Described Local Transportation* | | (121.80) | |
| *Agreed Reduction for Overtime Transportation* | | (1,513.80) | |
| Subtotal | | ($  3,510.35) | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 22,534.43 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $2,819,036.08 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 21st day of August, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Thomas E. Hill, Esq.
Alvarez & Marsal North America, LLC
55 West Monroe Street, Suite 4000
Chicago, IL  60603

_____
Linda K. Cooper

-19-
Alvarez Marsal Final Report – First Interim Fee Application
Case No. 08-13141 (KJC)

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Alvarez & Marsal, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| THIL | Hill, Tom | MANAG DIRECTOR | $700.00 | $700.00 | 542.30 | $379,610.00 |
| BWHI | Whittman, Brian | MANAG DIRECTOR | $650.00 | $650.00 | 504.40 | $327,860.00 |
| SKOT | Kotarba, Steve | MANAG DIRECTOR | $475.00 | $475.00 | 169.60 | $80,560.00 |
| MMIL | Miller, Michelle | MANAG DIRECTOR | $650.00 | $650.00 | 50.80 | $33,020.00 |
| GKOU | Koutouras, George | MANAG DIRECTOR | $700.00 | $700.00 | 12.40 | $8,680.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $648.48 | | 1,279.50 | $829,730.00 |
| | | | | | % of Total: 18.94% | % of Total: 29.51% |
| NARN | Arnett, Nate | SENIOR DIRECTOR | $550.00 | $550.00 | 210.00 | $115,500.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $550.00 | | 210.00 | $115,500.00 |
| | | | | | % of Total: 3.11% | % of Total: 4.11% |
| PKIN | Kinealy, Paul | DIRECTOR | $375.00 | $375.00 | 363.80 | $136,425.00 |
| WSTO | Stotzer, William | DIRECTOR | $450.00 | $450.00 | 197.40 | $88,830.00 |
| JSCH | Schmaltz, Justin | DIRECTOR | $450.00 | $450.00 | 185.20 | $83,340.00 |
| GHOW | Howard, Griffin | DIRECTOR | $500.00 | $500.00 | 155.70 | $77,850.00 |
| MZEI | Zeiss, Mark | DIRECTOR | $350.00 | $350.00 | 30.00 | $10,500.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $425.86 | | 932.10 | $396,945.00 |
| | | | | | % of Total: 13.80% | % of Total: 14.12% |
| RSTO | Stone, Richard | SR. ASSOCIATE | $400.00 | $400.00 | 669.70 | $267,880.00 |
| SKAU | Kaufman, Stuart | SR. ASSOCIATE | $400.00 | $400.00 | 477.70 | $191,080.00 |
| RSAL | Sallman, Robert | SR. ASSOCIATE | $400.00 | $400.00 | 195.50 | $78,200.00 |
| RNOV | Novak, Robert | SR. ASSOCIATE | $400.00 | $400.00 | 157.80 | $63,120.00 |
| JBRU | Bruckner, Joseph | SR. ASSOCIATE | $370.00 | $370.00 | 13.50 | $4,995.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $399.73 | | 1,514.20 | $605,275.00 |
| | | | | | % of Total: 22.41% | % of Total: 21.52% |
| MFRA | Frank, Matt | ASSOCIATE | $350.00 | $350.00 | 661.10 | $231,385.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Alvarez & Marsal, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| EPIN | Pintar, Ernst | ASSOCIATE | $350.00 | $350.00 | 264.30 | $92,505.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $350.00 | | 925.40 | $323,890.00 |
| | | | | | % of Total: 13.70% | % of Total: 11.52% |
| RNIE | Niemerg, Richard | CONSULTANT | $300.00 | $300.00 | 227.80 | $68,340.00 |
| RESP | Esposito, Robert | CONSULTANT | $300.00 | $300.00 | 187.50 | $56,250.00 |
| MWIL | Williams, Matthew | CONSULTANT | $325.00 | $325.00 | 48.40 | $15,730.00 |
| ABER | Bergman, Angela | CONSULTANT | $250.00 | $250.00 | 61.80 | $15,450.00 |
| JSTR | Strohl, Jamie | CONSULTANT | $275.00 | $275.00 | 44.30 | $12,182.50 |
| TCHR | Christians, Teresa | CONSULTANT | $275.00 | $275.00 | 7.70 | $2,117.50 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $294.49 | | 577.50 | $170,070.00 |
| | | | | | % of Total: 8.55% | % of Total: 6.05% |
| SHOU | Hough, Sean | ANALYST | $300.00 | $300.00 | 548.40 | $164,520.00 |
| MBER | Berger, Mark | ANALYST | $300.00 | $300.00 | 333.60 | $100,080.00 |
| EJOH | Johnston, Elizabeth | ANALYST | $250.00 | $250.00 | 316.10 | $79,025.00 |
| SSTU | Stutz, Sara | ANALYST | $250.00 | $250.00 | 77.70 | $19,425.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $284.57 | | 1,275.80 | $363,050.00 |
| | | | | | % of Total: 18.88% | % of Total: 12.91% |
| MNAP | Napoliello, Mary | PARAPROFESSIONA | $185.00 | $185.00 | 41.60 | $7,696.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $185.00 | | 41.60 | $7,696.00 |
| | | | | | % of Total: 0.62% | % of Total: 0.27% |
| | Total No. of Billers: 29 | Blended Rate for Report: | $416.24 | | 6,756.10 | $2,812,156.00 |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

Alvarez & Marsal, LLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Esposito, R | 3.15 | 945.00 |
| Hill, T | 2.30 | 1,610.00 |
| Hough, S | 0.30 | 90.00 |
| Johnston, E | 1.90 | 475.00 |
| Napoliello, M | 15.00 | 2,775.00 |
| Niemerg, R | 1.80 | 540.00 |
| Sallman, R | 0.40 | 160.00 |
| Whitman, B | 0.40 | 260.00 |
| | 25.25 | $6,855.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Administrative | 0.40 | 160.00 |
| Fee Application | 15.00 | 2,775.00 |
| Motions | 0.30 | 90.00 |
| Retention | 2.70 | 1,870.00 |
| Statements/Schedules | 6.85 | 1,960.00 |
| | 25.25 | $6,855.00 |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|
| 12/12/08 Fri | Hill, T 013109-180/2617 | 2.30 | 2.30 | 1,610.00 | MATTER NAME: Retention 1 REVIEW OF CONFLICTS INCLUDING DISCUSSION WITH LEGAL. |
| 12/12/08 Fri | Whittman, B 013109-180/2631 | 0.40 | 0.40 | 260.00 | MATTER NAME: Retention 1 REVIEW CONFLICT INFORMATION FOR A&M RETENTION. |
| 01/05/09 Mon | Niemerg, R 013109-200/3201 | 0.20 | 0.20 | 60.00 | MATTER NAME: Statements/Schedules 1 DRAFT EMAIL TO CMS TEAM REGARDING ASSIGNMENT OF PROJECT TASKS. |
| 01/05/09 Mon | Niemerg, R 013109-200/3203 | 1.60 | 1.60 | 480.00 | MATTER NAME: Statements/Schedules 1 REVIEW PROJECT TASK LIST SUMMARY AND ASSIGN TASKS TO CMS TEAM. |
| 01/13/09 Tue | Hough, S 013109-160/2336 | 0.30 | 0.30 | 90.00 | MATTER NAME: Motions 1 LEAVE MESSAGES FOR EAST COAST BUSINESS UNITS THAT WILL BE SEEKING A CONVERSATION WITH FOR THE NEXT MORNING. |
| 02/04/09 Wed | Sallman, R 022809-20/1383 | 0.40 | 0.40 | 160.00 | MATTER NAME: Administrative 1 UPDATE OPEN ITEMS/REQUEST LIST. |
| 02/16/09 Mon | Napoliello, M 022809-130/1213 | 0.70 | 0.70 | 129.50 | MATTER NAME: Fee Application 1 REVIEW AND EDIT JANUARY DETAIL. |
| 02/17/09 Tue | Johnston, E 022809-200/909 | 1.90 | 1.90 | 475.00 | MATTER NAME: Statements/Schedules 1 UPDATE ALL TASKS FOR A&M TEAM IN GLOBAL CONNECT, REMOVE COMPLETED AND OUTDATED TASKS, ASSIGNED TASKS TO TEAM MEMBERS." |
| 02/18/09 Wed | Napoliello, M 022809-130/1214 | 1.40 | 1.40 | 259.00 | MATTER NAME: Fee Application 1 REVIEW AND FORMAT JANUARY TIME DETAIL. |
| 02/18/09 Wed | Napoliello, M 022809-130/1216 | 3.80 | 3.80 | 703.00 | MATTER NAME: Fee Application 1 REVIEW AND EDIT JANUARY TIME AND EXPENSE FILES. |
| 02/19/09 Thu | Napoliello, M 022809-130/1217 | 3.10 | 3.10 | 573.50 | MATTER NAME: Fee Application 1 REVIEW AND EDIT DECEMBER TIME FILES. |
| 02/19/09 Thu | Napoliello, M 022809-130/1219 | 2.40 | 2.40 | 444.00 | MATTER NAME: Fee Application 1 REVIEW AND EDIT JANUARY TIME DETAIL. |
| 02/20/09 Fri | Napoliello, M 022809-130/1223 | 3.60 | 3.60 | 666.00 | MATTER NAME: Fee Application 1 REVIEW AND EDIT STAFF TIME AND EXPENSE FILES FOR DEC/JAN STATEMENT. |

EXHIBIT H
ADMINISTRATIVE ACTIVITIES
Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 02/26/09 Thu | Esposito, R 022809-200/205 | 3.20 | 1.60 | 480.00 | | *MATTER NAME: Statements/Schedules*<br>1 ASSIGN TASKS TO TEAM MEMBER.<br>2 REVIEW ADDITIONAL PAYMENT FILES - SEND BACK TO COMPANY FOR VENDOR INFORMATION. SEND EE VENDORS TO COMPANY FOR APPROVAL TO USE AS EMPLOYEES OR VENDORS. |
| 02/26/09 Thu | Esposito, R 022809-200/206 | 3.10 | 1.55 | 465.00 | | *MATTER NAME: Statements/Schedules*<br>1 SOFA 3B PREPARATIONS - REVIEW PAYMENT FILES<br>2 ASSIGN TASKS TO TEAM MEMBER - DISCUSS NEXT STEPS FOR REPORTING PAYMENTS. |
| | Total | | 25.25 | $6,855.00 | | |
| | Number of Entries: 15 | | | | | |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

Alvarez & Marsal, LLC

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Esposito, R | 3.15 | 945.00 |
| Hill, T | 2.30 | 1,610.00 |
| Hough, S | 0.30 | 90.00 |
| Johnston, E | 1.90 | 475.00 |
| Napoliello, M | 15.00 | 2,775.00 |
| Niemerg, R | 1.80 | 540.00 |
| Sallman, R | 0.40 | 160.00 |
| Whittman, B | 0.40 | 260.00 |
| | 25.25 | $6,855.00 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Administrative | 0.40 | 160.00 |
| Fee Application | 15.00 | 2,775.00 |
| Motions | 0.30 | 90.00 |
| Retention | 2.70 | 1,870.00 |
| Statements/Schedules | 6.85 | 1,960.00 |
| | 25.25 | $6,855.00 |

EXHIBIT I

CLERICAL ACTIVITIES

Alvarez & Marsal, LLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Arnett, N | 0.80 | 440.00 |
| Berger, M | 1.50 | 450.00 |
| Christians, T | 1.80 | 495.00 |
| Esposito, R | 13.30 | 3,990.00 |
| Frank, M | 3.28 | 1,146.25 |
| Hough, S | 1.30 | 390.00 |
| Johnston, E | 7.00 | 1,750.00 |
| Napoliello, M | 3.90 | 721.50 |
| Niemerg, R | 3.30 | 990.00 |
| Novak, R | 2.60 | 1,040.00 |
| Pintar, E | 0.90 | 315.00 |
| Strohl, J | 1.00 | 275.00 |
| Stutz, S | 0.30 | 75.00 |
| | 40.98 | $12,077.75 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| AP/Vendor Issues | 0.93 | 323.75 |
| Business Plan | 4.47 | 1,673.33 |
| Creditor | 2.78 | 1,089.17 |
| Fee Application | 3.90 | 721.50 |
| Monthly Operating Report | 1.50 | 450.00 |
| Motions | 0.70 | 245.00 |
| Statements/Schedules | 26.70 | 7,575.00 |
| | 40.98 | $12,077.75 |

EXHIBIT I  PAGE 1 of 5

EXHIBIT I
CLERICAL ACTIVITIES
Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 12/08/08 Mon | Niemerg, R 013109-200/3171 | 0.60 | 0.60 | 180.00 | MATTER NAME: Statements/Schedules<br>1 LOOK UP UTILITY COMPANY INFORMATION. |
| 12/08/08 Mon | Strohl, J 013109-200/3300 | 0.50 | 0.50 | 137.50 | MATTER NAME: Statements/Schedules<br>1 REVIEW UTILITY VENDORS RE UPDATING CURRENT ADDRESSES FOR THE MASTER MAILING LIST. |
| 12/08/08 Mon | Strohl, J 013109-200/3301 | 0.50 | 0.50 | 137.50 | MATTER NAME: Statements/Schedules<br>1 REVIEW UTILITY VENDORS RE: UPDATING CURRENT ADDRESSES FOR THE MASTER MAILING LIST. |
| 12/09/08 Tue | Esposito, R 013109-200/2702 | 0.80 | 0.80 | 240.00 | MATTER NAME: Statements/Schedules<br>1 RESEARCH FAX NUMBERS FOR BANKS MOTION AND NOTICING. |
| 12/10/08 Wed | Hough, S 013109-100/1859 | 0.90 | 0.90 | 270.00 | MATTER NAME: Creditor<br>1 PREPARATION OF SUMMARY BINDER OF MATERIALS TO ORGANIZE ALL FIRST-DAY BANKRUPTCY MOTIONS AND ORDERS FOR SENIOR A&M STAFF TO REVIEW. |
| 12/11/08 Thu | Christians, T 013109-200/2691 | 1.80 | 1.80 | 495.00 | MATTER NAME: Statements/Schedules<br>1 RESEARCH ADDRESS INFORMATION FOR MML. |
| 12/14/08 Sun | Esposito, R 013109-200/2715 | 2.00 | 2.00 | 600.00 | MATTER NAME: Statements/Schedules<br>1 ADD CASE NUMBER AND COURT LOCATION TO EACH FILING ENTITY IN BART. |
| 12/14/08 Sun | Frank, M 013109-100/1715 | 1.90 | 0.95 | 332.50 | MATTER NAME: Creditor<br>1 REVIEW LAZARD REQUEST LIST:<br>2 TYPE UP RESPONSES. |
| 12/16/08 Tue | Esposito, R 013109-200/2721 | 2.00 | 2.00 | 600.00 | MATTER NAME: Statements/Schedules<br>1 REFORMAT ALL EMPLOYEES NAMES (LAST NAME, FIRST NAME) IN THE MML." |
| 12/16/08 Tue | Hough, S 013109-40/1092 | 0.40 | 0.40 | 120.00 | MATTER NAME: Business Plan<br>1 PREPARATION OF MATERIALS BINDER FOR TOM HILL (A&M) IN RELATION TO 2008 COST SAVINGS INITIATIVES UNDERTAKEN BY TRIBUNE. |
| 12/17/08 Wed | Esposito, R 013109-200/2722 | 1.40 | 0.70 | 210.00 | MATTER NAME: Statements/Schedules<br>1 REFORMAT ALL EMPLOYEES NAMES (LAST NAME, FIRST NAME) IN THE MML -<br>2 DISCUSSION WITH TEAM LEAD REGARDING STATUS OF EMPLOYEE FORMATTING AND VENDOR SEQUENCE LOOKUP." |
| 12/17/08 Wed | Esposito, R 013109-200/2723 | 3.10 | 3.10 | 930.00 | MATTER NAME: Statements/Schedules<br>1 REFORMAT ALL EMPLOYEES NAMES (LAST NAME, FIRST NAME) IN THE MML." |
| 12/19/08 Fri | Pintar, E 013109-40/1153 | 0.90 | 0.90 | 315.00 | MATTER NAME: Business Plan<br>1 PRINT FORMAT REVENUE OVERVIEW FOR PUBLISHING. |

EXHIBIT I  PAGE 2 of 5

EXHIBIT I

CLERICAL ACTIVITIES

Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 12/23/08 Tue | Frank, M 013109-160/2170 | 1.40 | 0.70 | 245.00 | MATTER NAME: Motions<br>1 MEETING WITH C. LEEMAN (TRIBUNE) REGARDING INSURANCE CERTIFICATES:<br>2 PRINT AND PDF ALL CERTIFICATES FOR IOR. |
| 12/24/08 Wed | Frank, M 013109-40/945 | 1.70 | 0.57 | 198.33 | MATTER NAME: Business Plan<br>1 REVIEW OF 2009 FORECAST BINDERS IN C. BIGELOW'S (TRIBUNE) OFFICE INCLUDING REVIEW OF KPLA BROADCASTING PROJECTIONS AND RELATED DISCUSSIONS WITH J. SCHMALTZ (A&M):<br>2 REVIEW OF CHICAGO TRIBUNE FORECASTS AND RELATED DISCUSSIONS WITH J. SCHMALTZ (A&M):<br>3 PHOTOCOPY. |
| 12/29/08 Mon | Frank, M 013109-100/1724 | 0.40 | 0.13 | 46.67 | MATTER NAME: Creditor<br>1 DATASITE REVIEW WITH T. HILL (A&M):<br>2 PRINTING OF INTERCOMPANY BALANCES DETAIL PER T. HILL (A&M) RELATED TO FTI INQUIRY:<br>3 UPLOAD OF LENDER PRESENTATIONS TO DATASITE. |
| 01/12/09 Mon | Napoliello, M 013109-130/1976 | 0.10 | 0.10 | 18.50 | MATTER NAME: Fee Application<br>1 FORWARD ADDITIONAL TIME DATA TO B. WHITTMAN (A&M). |
| 01/13/09 Tue | Arnett, N 013109-100/1687 | 0.80 | 0.80 | 440.00 | MATTER NAME: Creditor<br>1 PRINT AND PREPARE DOCUMENTS FOR UCC ADVISOR MEETING. |
| 01/22/09 Thu | Frank, M 013109-30/294 | 3.70 | 0.93 | 323.75 | MATTER NAME: AP/Vendor Issues<br>1 UTILITIES ISSUES REVIEW AND UPDATE LOG:<br>2 GET SETTLEMENT LETTERS READY:<br>3 DISCUSSIONS WITH S. PATER (TRIBUNE):<br>4 SEND FAXES TO UTILITIES OF FINAL ORDER. |
| 01/25/09 Sun | Esposito, R 013109-200/2768 | 2.40 | 2.40 | 720.00 | MATTER NAME: Statements/Schedules<br>1 PRINT SOFA AND SCHEDULE DRAFTS FOR FILING ENTITIES. |
| 01/26/09 Mon | Johnston, E 013109-200/2861 | 2.50 | 2.50 | 625.00 | MATTER NAME: Statements/Schedules<br>1 PRINT DRAFTS OF SOFAS AND SCHEDULES FOR 27 DEBTORS, UPLOAD EACH TO THE DATAROOM." |
| 01/26/09 Mon | Niemerg, R 013109-200/3255 | 2.70 | 2.70 | 810.00 | MATTER NAME: Statements/Schedules<br>1 PRINT DRAFTS OF SOFAS AND SCHEDULES FOR TRIBUNE CO. DEBTORS. |
| 01/27/09 Tue | Berger, M 013109-150/2018 | 1.50 | 1.50 | 450.00 | MATTER NAME: Monthly Operating Report<br>1 BEGIN SUPPORT BINDER FOR MONTHLY OPERATING REPORT. |
| 02/12/09 Thu | Napoliello, M 022809-130/1211 | 0.50 | 0.50 | 92.50 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT DECEMBER TIME DETAIL. |

EXHIBIT I  PAGE 3 of 5

EXHIBIT I
CLERICAL ACTIVITIES
Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 02/18/09 Wed | Stutz, S 022809-200/1849 | 0.30 | 0.30 | 75.00 | | *MATTER NAME: Statements/Schedules* <br> 1  UPDATE TEAM FILING TIMELINE AND CALENDAR ON SHAREPOINT. |
| 02/22/09 Sun | Esposito, R 022809-200/198 | 2.30 | 2.30 | 690.00 | | *MATTER NAME: Statements/Schedules* <br> 1  PRINT AND SAVE DRAFT SOFA AND SCHEDULES TO GLOBAL CONNECT SITE. |
| 02/22/09 Sun | Johnston, E 022809-200/925 | 4.50 | 4.50 | 1,125.00 | | *MATTER NAME: Statements/Schedules* <br> 1  CREATE A .PDF VERSION OF DEBTOR SCHEDULE B RIDERS, LOAD EACH RIDER AND SUMMARY RESPONSES INTO BART." |
| 02/24/09 Tue | Novak, R 022809-40/1358 | 2.60 | 2.60 | 1,040.00 | | *MATTER NAME: Business Plan* <br> 1  CREATE PRINT MACRO FOR INDIVIDUAL BU'S. |
| 02/26/09 Thu | Napoliello, M 022809-130/1230 | 3.30 | 3.30 | 610.50 | | *MATTER NAME: Fee Application* <br> 1  IDENTIFY MISSING TIME DATA: <br> 2  REVIEW NEW TIME DATA AND UPLOAD INTO ACCESS. |
| Total | | | 40.98 | $12,077.75 | | |
| Number of Entries: | 29 | | | | | |

EXHIBIT I  PAGE 4 of 5

EXHIBIT I

CLERICAL ACTIVITIES

Alvarez & Marsal, LLC

### SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Arnett, N | 0.80 | 440.00 |
| Berger, M | 1.50 | 450.00 |
| Christians, T | 1.80 | 495.00 |
| Esposito, R | 13.30 | 3,990.00 |
| Frank, M | 3.28 | 1,146.25 |
| Hough, S | 1.30 | 390.00 |
| Johnston, E | 7.00 | 1,750.00 |
| Napoliello, M | 3.90 | 721.50 |
| Niemerg, R | 3.30 | 990.00 |
| Novak, R | 2.60 | 1,040.00 |
| Pintar, E | 0.90 | 315.00 |
| Strohl, J | 1.00 | 275.00 |
| Stutz, S | 0.30 | 75.00 |
| | 40.98 | $12,077.75 |

### SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| AP/Vendor Issues | 0.93 | 323.75 |
| Business Plan | 4.47 | 1,673.33 |
| Creditor | 2.78 | 1,089.17 |
| Fee Application | 3.90 | 721.50 |
| Monthly Operating Report | 1.50 | 450.00 |
| Motions | 0.70 | 245.00 |
| Statements/Schedules | 26.70 | 7,575.00 |
| | 40.98 | $12,077.75 |

EXHIBIT I  PAGE 5 of 5

EXHIBIT K

Wireless Usage Charges

Alvarez & Marsal, LLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| 12/23/08 | 013109/185 | 11.98 | | 11.98 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-WHITTMAN-MISCELLANEOUS |
| 12/23/08 | 022809/254 | 68.99 | | 68.99 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-STONE-MISCELLANEOUS |
| 12/23/08 | 013109/53 | 72.46 | | 72.46 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-FRANK-MISCELLANEOUS |
| 01/23/09 | 013109/90 | 34.80 | | 34.80 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-HOUGH-MISCELLANEOUS |
| 01/23/09 | 013109/95 | 77.59 | | 77.59 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-JOHNSTON-MISCELLANEOUS |
| 01/23/09 | 013109/107 | 115.00 | | 115.00 | MATTER NAME: Expenses - Expenses<br>WIRLESS USAGE CHARGES.-KAUFMAN-MISCELLANEOUS |
| 01/23/09 | 013109/115 | 53.10 | | 53.10 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-KINEALY-MISCELLANEOUS |
| 01/23/09 | 013109/136 | 26.38 | | 26.38 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-MILLER-MISCELLANEOUS |
| 01/23/09 | 013109/139 | 16.66 | | 16.66 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-NIEMERG-MISCELLANEOUS |
| 01/23/09 | 013109/183 | 5.20 | | 5.20 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-STROHL-MISCELLANEOUS |
| 01/23/09 | 013109/184 | 28.05 | | 28.05 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-WHITTMAN-MISCELLANEOUS |
| 01/23/09 | 013109/191 | 10.05 | | 10.05 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-WILLIAMS-MISCELLANEOUS |
| 01/23/09 | 013109/192 | 3.90 | | 3.90 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-ZEISS-MISCELLANEOUS |
| 01/23/09 | 022809/255 | 95.66 | | 95.66 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-STONE-MISCELLANEOUS |
| 01/23/09 | 013109/85 | 43.57 | | 43.57 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-HILL-MISCELLANEOUS |
| 01/23/09 | 013109/43 | 1.53 | | 1.53 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-CHRISTIANS-MISCELLANEOUS |
| 01/23/09 | 013109/24 | 120.97 | | 120.97 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-ARNETT-MISCELLANEOUS |
| 01/23/09 | 013109/44 | 16.53 | | 16.53 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-ESPOSITO-MISCELLANEOUS |

EXHIBIT K

Wireless Usage Charges

Alvarez & Marsal, LLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 02/01/09 | 022809/292 | 3.98 | | 3.98 | MATTER NAME: Expenses - Expenses<br>WIRLESS USAGE CHARGES.-ZEISS-MISCELLANEOUS |
| 02/01/09 | 022809/39 | 1.96 | | 1.96 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-CHRISTIANS-MISCELLANEOUS |
| 02/01/09 | 022809/29 | 36.73 | | 36.73 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-BERGER-MISCELLANEOUS |
| 02/01/09 | 022809/40 | 39.62 | | 39.62 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-ESPOSITO-MISCELLANEOUS |
| 02/01/09 | 022809/214 | 34.10 | | 34.10 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-NIEMERG-MISCELLANEOUS |
| 02/01/09 | 022809/212 | 23.81 | | 23.81 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-KOTARBA-MISCELLANEOUS |
| 02/01/09 | 022809/176 | 61.33 | | 61.33 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-KINEALY-MISCELLANEOUS |
| 02/01/09 | 022809/158 | 73.91 | | 73.91 | MATTER NAME: Expenses - Expenses<br>WIRLESS USAGE CHARGES.-KAUFMAN-MISCELLANEOUS |
| 02/01/09 | 022809/149 | 30.99 | | 30.99 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-JOHNSTON-MISCELLANEOUS |
| 02/01/09 | 022809/80 | 133.56 | | 133.56 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-HOUGH-MISCELLANEOUS |
| 02/05/09 | 022809/1 | 126.93 | | 126.93 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-ARNETT-MISCELLANEOUS |
| 02/08/09 | 022809/256 | 40.00 | | 40.00 | MATTER NAME: Expenses - Expenses<br>INTERNET CHARGES DURING WEEK (FEB 1 - 8) TO RESPOND TO CLIENT EMAILS AND PERFORM NECESSARY WORK FOR WEEKLY REPORTING.-STONE-MISCELLANEOUS |
| 02/15/09 | 022809/150 | 19.93 | | 19.93 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-JOHNSTON-MISCELLANEOUS |
| 02/23/09 | 022809/228 | 1.28 | | 1.28 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-PINTAR-MISCELLANEOUS |
| 02/23/09 | 022809/229 | 70.60 | | 70.60 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-SALLMANN-MISCELLANEOUS |
| 02/23/09 | 022809/55 | 45.39 | | 45.39 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-HILL-MISCELLANEOUS |
| 02/23/09 | 022809/132 | 35.47 | | 35.47 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-HOWARD-MISCELLANEOUS |
| 02/23/09 | 022809/49 | 128.75 | | 128.75 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES.-FRANK-MISCELLANEOUS |

EXHIBIT K

Wireless Usage Charges

Alvarez & Marsal, LLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| | | | | | *MATTER NAME: Expenses - Expenses* |
| 02/23/09 | 022809/225 | 73.37 | | 73.37 | WIRLESS USAGE CHARGES.-NOVAK-MISCELLANEOUS |
| | | | | | *MATTER NAME: Expenses - Expenses* |
| 02/23/09 | 022809/289 | 27.34 | | 27.34 | WIRELESS USAGE CHARGES.-WHITTMAN-MISCELLANEOUS |
| | | | | | *MATTER NAME: Expenses - Expenses* |
| 02/23/09 | 022809/285 | 1.23 | | 1.23 | WIRELESS USAGE CHARGES.-STROHL-MISCELLANEOUS |
| | | | | | *MATTER NAME: Expenses - Expenses* |
| 02/23/09 | 022809/257 | 28.23 | | 28.23 | WIRELESS USAGE CHARGES.-STONE-MISCELLANEOUS |
| | | $1,840.93 | | $1,840.93 | |

**EXHIBIT N**
**Overtime Transportation**

**Alvarez & Marsal, LLC**

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 13109 | 01/26/09 | $   18.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-BERGER-TRANSPORTATION |
| 13109 | 01/23/09 | 15.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-BERGER-TRANSPORTATION |
| 13109 | 01/13/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 13109 | 01/12/09 | 12.25 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 13109 | 01/08/09 | 14.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 13109 | 01/26/09 | 12.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 13109 | 01/15/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 13109 | 01/14/09 | 15.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 13109 | 01/29/09 | 14.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 13109 | 01/16/09 | 20.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 01/21/09 | 12.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 12/29/08 | 12.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 01/19/09 | 12.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 02/11/09 | 12.85 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 02/09/09 | 12.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 02/23/09 | 10.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 12/16/08 | 14.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 12/11/08 | 13.45 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 12/09/08 | 12.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 02/16/09 | 12.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 02/19/09 | 12.05 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 02/17/09 | 12.55 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 02/03/09 | 12.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 12/08/08 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-HOUGH-TRANSPORTATION |
| 22809 | 02/21/09 | 5.45 | TAXI FROM TRIBUNE OFFICE TO HOME.-JOHNSTON-TRANSPORTATION |
| 22809 | 02/27/09 | 6.65 | TAXI FROM TRIBUNE OFFICE TO HOME.-JOHNSTON-TRANSPORTATION |
| 22809 | 02/22/09 | 7.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-JOHNSTON-TRANSPORTATION |
| 22809 | 02/28/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/13/09 | 14.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/10/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/09/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/08/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/07/09 | 14.45 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/03/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/06/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |

**EXHIBIT N**
**Overtime Transportation**

**Alvarez & Marsal, LLC**

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 22809 | 02/05/09 | 14.45 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/04/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/04/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/14/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/04/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/02/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/12/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/24/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/25/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/26/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/27/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/19/09 | 13.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/09/09 | 62.00 | CAB FROM TRIBUNE TO HOME WORKING PAST 10PM.-STONE-TRANSPORTATION |
| 22809 | 01/06/09 | 62.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 12/08/08 | 62.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 02/25/09 | 61.00 | CAB FROM TRIBUNE TO HOME AFTER WORKING LATE AT CLIENT SITE.-STONE-TRANSPORTATION |
| 22809 | 02/24/09 | 62.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 01/14/09 | 61.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 02/18/09 | 61.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 02/17/09 | 61.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 12/09/08 | 62.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 01/29/09 | 61.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 01/30/09 | 61.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 22809 | 02/27/09 | 15.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-STUTZ-TRANSPORTATION |
| 22809 | 01/19/09 | 62.00 | CAB FROM TRIBUNE TO HOME (WORKING LATE).-STONE-TRANSPORTATION |
| 13109 | 01/28/09 | 15.65 | TAXI FROM TRIBUNE OFFICE TO HOME.-NIEMERG-TRANSPORTATION |
| 13109 | 01/28/09 | 8.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-NOVAK-TRANSPORTATION |
| 13109 | 01/22/09 | 8.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-NOVAK-TRANSPORTATION |
| 13109 | 01/27/09 | 8.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-NOVAK-TRANSPORTATION |
| 13109 | 01/26/09 | 8.00 | TAXI FROM TRIBUNE OFFICE TO HOME.-NOVAK-TRANSPORTATION |
| 13109 | 01/30/09 | 13.00 | TAXI FARE FROM TRIBUNE OFFICE TO HOME.-SALLMANN-TRANSPORTATION |
| 22809 | 02/18/09 | 14.00 | CAB FROM TRIBUNE OFFICE TO HOME AFTER WORKING LATE.-BERGER-TRANSPORTATION |
| 22809 | 02/25/09 | 16.00 | CAB FROM TRIBUNE OFFICE TO HOME AFTER WORKING LATE.-BERGER-TRANSPORTATION |
| 22809 | 02/13/09 | 15.00 | CAB FROM TRIBUNE OFFICE TO HOME AFTER WORKING LATE.-BERGER-TRANSPORTATION |
| 22809 | 02/16/09 | 13.00 | CAB FROM TRIBUNE OFFICE TO HOME AFTER WORKING LATE.-BERGER-TRANSPORTATION |

**EXHIBIT N**
**Overtime Transportation**

**Alvarez & Marsal, LLC**

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 22809 | 02/05/09 | 15.00 | CAB FROM TRIBUNE OFFICE TO HOME AFTER WORKING LATE.-BERGER-TRANSPORTATION |
| 22809 | 02/03/09 | 13.00 | CAB FROM TRIBUNE OFFICE TO HOME AFTER WORKING LATE.-BERGER-TRANSPORTATION |
| 22809 | 02/10/09 | 13.00 | CAB FROM TRIBUNE OFFICE TO HOME AFTER WORKING LATE.-BERGER-TRANSPORTATION |

$ 1,513.80