## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 2000** |

## MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO MOTION OF DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2002, 6004 AND 9007 FOR AN ORDER (I) APPROVING FORM AND SCOPE OF NOTICE OF PROPOSED BUSINESS COMBINATION INVOLVING CUBS BUSINESS TO CREDITORS AND PARTIES-IN-INTEREST OF TRIBUNE DEBTORS AND CUBS ENTITIES, (II) APPROVING PROCESS FOR EFFECTING PROPOSED BUSINESS COMBINATION AND SETTING TRANSACTION HEARING AND RELATED DEADLINES, AND (III) <u>APPROVING CERTAIN INVESTOR PROTECTIONS</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

The debtors and debtors in possession in the above-captioned chapter 11 cases (the "Tribune Debtors") hereby move this Court (the "Motion"), pursuant to Rules 2002(a)(2) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order setting an expedited hearing for and shortening the notice period on the concurrently-filed Motion of the Debtors and Debtors in Possession Pursuant to Section 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004 and 9007 for an Order (I) Approving Form and Scope of the Notice of Proposed Business Combination of the Cubs Business to Creditors and Parties-in-Interest of the Tribune Debtors and Cubs Entities, (II) Approving Process For Effecting Proposed Business Combination and Setting Transaction Hearing and Related Deadlines, and (III) Approving Certain Investor Protections (the "Notice and Procedures Approval Motion").  The Tribune Debtors further request that if no objections to the Notice and Procedures Approval Motion are filed by the relevant objection deadline, upon the Tribune Debtors' filing of a Certificate of No Objection, the Court enter an order approving the Notice and Procedures Motion without hearing on or before August 31, 2009.  In further support hereof, the Tribune Debtors respectfully represent as follows:

1.      The relief requested herein is in furtherance of the proposed business combination involving the business and assets of the Chicago Cubs Major League Baseball franchise (the "Cubs Business") by the Tribune Debtors and five (5) affiliates of the Tribune Debtors that are not presently Tribune Debtors but one of which – Chicago National League Ball Club, LLC – will commence a chapter 11 case solely as a means of facilitating the transaction involving the Cubs Business (the "Proposed Business Combination").[2]  The Tribune Debtors

---

[2] The non-Debtor affiliates owning the assets of and operating the Cubs Business are defined in the Notice and Procedures Approval Motion as the "Cubs Entities."

46429/0001-5944004V1

have filed concurrently with this Motion several motions seeking to effect the Proposed Business Combination, including the Notice and Procedures Approval Motion.

2.      The relief sought in this Motion should be granted for several reasons. First, absent a shortening of notice as requested in this Motion, the Tribune Debtors will be unable to satisfy certain of the timing requirements that have been required by Ricketts Acquisition LLC (the "Bidder") in that certain Formation Agreement dated August 21, 2009, by and among Tribune Company, Chicago National League Ball Club, LLC and certain of its affiliates, the Bidder and RAC Education Trust OSA, LLC (the "Formation Agreement"). Specifically, under section 4.15(c) of the Formation Agreement, the Notice and Procedures Approval Order must be entered within fourteen (14) days of the filing of the Notice and Procedures Approval Motion.  If that timing requirement is not met, the Bidder has the right to terminate the Formation Agreement and cause the payment by the Cubs Entities to the Bidder of certain fees in an amount up to $3.5 million.  See Formation Agreement at § 4.15(c).  Obtaining the Notice and Procedures Approval Order on the timetable contemplated by this Motion eliminates the prospect that such fee will become payable.

3.      Second, there is no plausible material prejudice to any party in interest that may result from the relief sought herein.  The principal parties in interest in the Tribune Debtors' chapter 11 cases – the Official Committee of Unsecured Creditors (the "Creditors Committee") and the Steering Committee of Tribune's prepetition lenders (the "Steering Committee") – have both been fully apprised of and support the relief requested in the Notice and Procedures Approval Motion, as well as supporting the relief sought with respect to the Proposed Business Combination.  In addition, the Tribune Debtors apprised the Office of the United States Trustee of the relief sought in the Notice and Procedures Approval Motion and the Tribune Debtors'

3

intention to ask the Court to shorten notice on the same well in advance of the filing of this Motion. Other major parties in interest that might have a particularized concern with the Proposed Business Combination, such as indenture trustees, the Pension Benefit Guaranty Corporation, and major lenders and bondholders, have notice of the relief sought herein by virtue of their membership on the Creditors Committee or the Steering Committee. Accordingly, the major parties in interest in the Debtors' chapter 11 cases have been provided with substantial notice of the relief requested in the Notice and Procedures Approval Motion and the intention to shorten notice thereon, and would not be prejudiced by the granting of this Motion.

4.      Finally, the relief sought in the Notice and Procedures Approval Motion is procedural in nature. Reduced to its essentials, the Notice and Procedures Approval Motion seeks approval for a comprehensive noticing regime for the Proposed Business Combination (that, if approved, will afford all plausible parties in interest more than 20 days' notice of the Proposed Business Combination), approval for the transaction process, and approval of certain investor protections required by the Bidder as a condition of proceeding with the Proposed Business Combination. These procedures are sought to be approved to provide the maximum assurance to the Tribune Debtors and the Bidder that all parties are fully committed to the Proposed Business Combination, and that the potential damage to the Cubs Business from the chapter 11 process is minimized or eliminated. The substance of the Proposed Business Combination, however, is sought to be approved separately through the Transaction Approval Motions, of which all parties will receive more than 20 days' notice under the proposed procedures. Accordingly, the substantive rights of creditors and other parties in interest respecting the Proposed Business Combination are preserved, and their ability to be heard in

46429/0001-5944004V1

respect of the Proposed Business Combination is unaffected by shortening notice on the Notice and Procedures Approval Motion.

5. Under Bankruptcy Rule 2002(a)(2), the Court may, for cause shown, shorten the otherwise applicable notice period. This requirement is also expressed in Bankruptcy Rule 9006(c)(1) ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). Additionally, under Local Rule 9006-1(e), "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

6. For all of the reasons specified above, the present circumstances satisfy the requirement of cause under Rules 2002(a)(2) and 9006(c)(1), and the exigencies required under Local Rule 9006-1(e).

7. Accordingly, the Tribune Debtors respectfully request entry of an Order under Rule 2002(a)(2) setting a hearing date for the Notice and Procedures Approval Motion on August 31, 2009 at 2:00 p.m. (prevailing Eastern time), and establishing August 28, 2009 at noon (prevailing Eastern time) as the deadline for objections to the Notice and Procedures Motion.

8. The Tribune Debtors further request that if no objections to the Notice and Procedures Approval Motion are filed by the objection deadline, upon the Tribune Debtors' filing of a Certificate of No Objection, the Court enter an order approving the Notice and Procedures Approval Motion without hearing on or before August 31, 2009.

## NOTICE

9. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel to the Creditors Committee; (iii) counsel to the Steering Committee;

(iv) counsel to the administrative agent for the Debtors' postpetition financing facility; (v) counsel for the lenders providing certain financing relating to the Proposed Business Combination; (vi) counsel to Major League Baseball; (vii) counsel to any other parties having expressed a serious interest in the Cubs Business; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Tribune Debtors submit that no other or further notice is necessary.

## **NO PRIOR REQUEST**

10.    The Tribune Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Tribune Debtors respectfully seek entry of an order pursuant to Bankruptcy

Rules 2002(a)(2) and 9006(c)(1) and Local Rule 9006-1(e), setting an expedited hearing for and

shortening the notice period on the Notice and Procedures Approval Motion.  The Tribune

Debtors further respectfully request that if no objections to the Notice and Procedures Approval

Motion are filed by the objection deadline, upon the Tribune Debtors' filing of a Certificate of

No Objection, the Court enter an order approving the Notice and Procedures Approval Motion

without hearing on or before August 31, 2009, and grant such other and further relief as the

Court may require.

Dated: Wilmington, Delaware
       August 24, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Allison E. Ross
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 574-2101

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION