IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY,[1] et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>Objection Deadline: September 17, 2009 at 4:00 p.m.<br>Hearing Date: Only if objections are filed |

## SIXTH MONTHLY FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2009 THROUGH JULY 31, 2009

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | The Debtors and Debtors in Possession |
| Date of Retention: | February 3, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which compensation and reimbursement is sought: | July 1, 2009 through July 31, 2009 |
| Amount of Compensation sought as actual, reasonable and necessary: | $25,570.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $190.90 |
| This is a: | Monthly Fee Application |

The total time expended for preparation of this application is approximately 3.0 hours, and the corresponding compensation is not included herein, but will be requested in a future application of Reed Smith LLP for compensation and reimbursement of expenses.

Summary of Monthly Fee Applications Filed:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| March 25, 2009<br>1st Monthly | December 8, 2008 through February 28, 2009<br>D.I. No. 811<br>CNO D.I. No. 1082 | $98,262.00 | $2,535.31 | $78,609.60 | $2,535.31 |
| March 25, 2009<br>1st Quarterly | December 8, 2008 through February 28, 2009<br>D.I. No. 1083 | $98,262.00 | $2,535.31 | $19,652.40 | $0.00 |
| April 28, 2009<br>2nd Monthly | March 1, 2009 through March 31, 2009<br>D.I. No. 1095<br>CNO D.I. No. 1262 | $12,267.50 | $117.35 | $9,814.00 | $117.35 |
| June 2, 2009<br>3rd Monthly | April 1, 2009 through April 30, 2009<br>D.I. No. 1284<br>CNO D.I. No. 1662 | $6,966.50 | $853.94 | $5,573.20 | $853.94 |
| June 26, 2009<br>4th Monthly | May 1, 2009 through May 31, 2009<br>D.I. No. 1643<br>CNO D.I. No. 1819 | $5,710.50 | $283.68 | $4,568.40 | $283.68 |
| June 26, 2009<br>2nd Quarterly | March 1, 2009 through May 31, 2009<br>D.I. No. 1645 | $24,944.50 | $1,254.97 | Pending | Pending |
| August 3, 2009<br>5th Monthly | June 1, 2009 through June 30, 2009<br>D.I. No. 1881 | $7,650.50 | $149.45 | Pending | Pending |

**REED SMITH LLP'S SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM JULY 1, 2009 THROUGH JULY 31, 2009**

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| John D. Shugrue | Partner. Joined Firm in 2008. Member of IL Bar since 1987. | $515.00 | 37.80 | $19,467.00 |
| P.R. Walker-Bright | Partner. Joined Firm in 2008. Member of IL Bar since 1994. | $495.00 | 4.10 | $2,029.50 |
| T.P. Law | Partner. Joined firm in 2008. Member of PA Bar since 1995. Member of NJ Bar since 1996. | $430.00 | 2.50 | $1,075.00 |
| J.C. Falgowski | Associate. Joined firm in 2004. Member of DE bar since 2004. | $360.00 | .90 | $324.00 |
| D. Rosenfield | Associate. Joined Firm in 2007. Member of IL Bar since 2005. | $300.00 | 3.10 | $930.00 |
| S. Somoza | Paralegal since 2007. Joined Firm in 2007. | $125.00 | 3.70 | $462.50 |
| Lisa A. Lankford | Practice Group Specialist since 2002. Joined Firm in 2000. | $145.00 | 4.00 | $580.00 |
| M. Todd | Paralegal for 27 years. Joined Firm in 2008. | $130.00 | 5.40 | $702.00 |
| Grand Total: | | | 61.50 | $25,570.00 |
| Blended Rate: | | | | $415.77 |
| Blended Rate (excluding paralegal and paraprofessional time): | | | | $492.26 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category (Examples) | Total Hours | Total Compensation |
|---|---:|---:|
| Reliance/Times Mirror – 00004 | 17.30 | $6,007.00 |
| Insurance Counseling – 00005 | 30.70 | $15,130.50 |
| Marsh – 60008 | 5.70 | $2,269.00 |
| Fee Applications – 00009 | 7.80 | $2,163.50 |
| **TOTAL:** | **61.50** | **$25,570.00** |

US_ACTIVE-102108830.1-JCFALGOW

## EXPENSE SUMMARY

| Expense Category (Examples) | Service Provider (if applicable) | |
|---|---|---|
| In-House Duplicating/Printing/Scanning | | $53.40 |
| Courier Service – Outside | Parcels, Inc. | $37.50 |
| Filing Fees | | $100.00 |
| **TOTAL** | | **$190.90** |

US_ACTIVE-102108830.1-JCFALGOW

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY,[1] et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>Objection Deadline: September 17, 2009 at 4:00 p.m.<br>Hearing Date: Only if objections are filed |

## SIXTH MONTHLY FEE APPLICATION OF REED SMITH LLP, SPECIAL COUNSEL FOR CERTAIN INSURANCE MATTERS TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2009 THROUGH JULY 31, 2009

Reed Smith LLP ("Reed Smith") hereby submits this Sixth Monthly Fee Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors and Debtors in Possession (the "Debtors"), for Compensation and Reimbursement of Expenses for the Period July 1, 2009 through July 31, 2009 (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

331, Federal Rule of Bankruptcy Procedure 2016, Del.Bankr.L.R. 2016-2, the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (D.I. 225) (the "Administrative Order"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A). By this Application, Reed Smith, as special counsel for certain insurance matters to the Debtors in these cases, seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing July 1, 2009 through July 31, 2009 (the "Compensation Period"). In support hereof, Reed Smith respectfully represents the following:

## I. FACTUAL BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 & 1108.

3. On December 18, 2008, the Office of the United States Trustee for the District of Delaware ("UST") appointed the Official Committee of Unsecured Creditors.

4. On February 2, 2009, the Bankruptcy Court approved the Debtors' retention of Reed Smith as its special counsel for certain insurance matters. A copy of the Order Authorizing the Employment and Retention of Reed Smith LLP as Debtors' Bankruptcy Special Counsel for Certain Insurance Matters Pursuant to 11 U.S.C. §§ 327(a), 328, 329, Fed.R.Bankr.P. 2014 and

2016 and Del.Bankr.L.R. 2014-1 and 2106-1 *Nunc Pro Tunc* to the Petition Date ("Retention Order"; D.I. 326) is attached as Exhibit A.

## II. COMPENSATION AND REIMBURSEMENT OF EXPENSES

5. Reed Smith submits this Application for the allowance of reasonable compensation for actual and necessary professional services provided to the Debtors as their counsel in these cases, and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Debtors during the Compensation Period. All included services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Debtors during the Compensation Period.

6. In connection with services performed, Reed Smith billed a total of $25,570.00 in fees and incurred $190.90 in expenses on behalf of the Debtors during the Compensation Period.

7. By this Application, Reed Smith seeks: (a) interim allowance of compensation in the amount of $25,570.00 for legal services rendered during the Compensation Period, and reimbursement in the amount of $190.90 for expenses incurred during the Compensation Period and (b) pursuant to the Administrative Order, payment of compensation in the amount of $6,120.40 (80% of the compensation requested) and reimbursement of expenses incurred by Reed Smith during the Compensation Period in the amount of $190.90 (100% of the expenses incurred).

8. For the Bankruptcy Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Debtors during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as Exhibit B.

US_ACTIVE-102108830.1-JCFALGOW

9.     In addition, <u>Exhibit B</u> contains computer printouts reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

10.    <u>Exhibit C</u> contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period. Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $190.90. This sum is broken down into categories of charges including, *inter alia*, telephone charges, special or hand delivery charges, documentation charges, transcription charges, postage, facsimile and photocopying charges. Reed Smith's rate for duplication is $0.10 per page. Reed Smith also uses outside duplication services for large photocopy work. Reed Smith has not charged or sought reimbursement for incoming facsimile transmissions. Outgoing facsimile transmissions, if any, have been charged at a rate of $0.25 per page.

### III.    ANALYSIS AND NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

11.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." <u>See</u> 11 U.S.C. § 330(a)(1)(A). The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

12.    In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services, (B) the rates charged for such services, (C) whether the services were necessary to

- 4 -

US_ACTIVE-102108830.1-JCFALGOW

the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title, (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. See 11 U.S.C. § 330(A)-(E).

13. With respect to the time and labor expended by Reed Smith in these cases, as set forth in Exhibit B, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $25,570.00. Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of the Debtors, and the time expended, organized by project task categories, as follows:

### A. RELIANCE/TIMES MIRROR (00004)

14. During the Compensation Period, Reed Smith's services performed in connection with this category relate to, inter alia: (i) Telephone conferences with Referee and counsel for Reliance-in-Liquidation concerning Tribune claims against Reliance estate and possible mediation of same; (ii) communications with client regarding results of telephone conferences with Referee and opposing counsel; (iii) preparing and filing of required motion for admission *Pro Hac Vice* of counsel for Tribune in Commonwealth of Pennsylvania; and (iv) analyzing legal and factual issues related to Tribune's claims. Reed Smith seeks compensation for 17.30 hours of reasonable and necessary legal expenses incurred for Reliance/Times Mirror during the Compensation Period in the total amount of $6,007.00

US_ACTIVE-102108830.1-JCFALGOW

**B.     INSURANCE COUNSELING (00005)**

15.     During the compensation period, Reed Smith's services performed in connection with this category relate to, inter alia: (i) Analyzing and advising client, defense counsel, and bankruptcy counsel regarding insurance issues related to third-party suits and claims, including possible mediation of same; (ii) analyzing and advising client with respect to issuance of insurance policy endorsements; (iii) analyzing and advising client and transaction counsel regarding insurance-related provisions of various transaction agreement; and (iv) advising and assisting client with notice to insurers of various third-party claims/suits. Reed Smith seeks compensation for 30.70 hours of reasonable and necessary legal expenses incurred for Insurance Counseling during the Compensation Period in the total amount of $15,130.50.

**C.     MARSH (00008)**

16.     During the compensation period, Reed Smith's services performed in connection with this category relate to, inter alia: (i) Analyzing, organizing and preparing submissions pursuant to prior agreement; (ii) communications with client regarding same; and (iii) communications with counsel for Marsh concerning Tribune claims against Reliance-in-Liquidation. Reed Smith seeks compensation for 5.70 hours of reasonable and necessary legal expenses incurred for Marsh during the Compensation Period in the total amount of $2,269.00.

**D.     FEE APPLICATIONS (00009)**

17.     During the compensation period, Reed Smith's services performed in connection with this category relate to, inter alia: Preparing fee applications for filing with bankruptcy court. Reed Smith seeks compensation for 7.80 hours of reasonable and necessary legal expenses incurred for Fee Applications during the Compensation Period in the total amount of $2,163.50.

18. Reed Smith believes that its rates are market rates within the range charged by other counsel in this marketplace for similar Chapter 11 cases. The billing rates set forth in Reed Smith's Summary of Professionals and Paraprofessionals Rendering Services from July 1, 2009 through July 31, 2009 represent customary rates routinely billed to the firm's many clients. (See Exhibit B). Moreover, Reed Smith stated in the Application of Debtors and Debtors in Possession for an Order Pursuant to 11 U.S.C. §§ 327(a), 328, and 329, Fed.R.Bankr.P. 2014 and 2016 and Del.Bankr.L.R. 2014-1 and 2016-1 Authorizing the Employment and Retention of Reed Smith LLP as their Bankruptcy Counsel *Nunc Pro Tunc* to the Petition Date ("Retention Application"; D.I. 145) and the accompanying Declarations in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

19. In addition, as set forth in its Retention Application, the Debtors believe that the retention of Reed Smith as their counsel would be cost-effective and efficient.

20. Further, the Debtors sought to retain Reed Smith as their counsel due to its extensive experience and knowledge regarding the matters for which it has been retained. The Debtors also believed that the retention of Reed Smith was necessary for the Debtors to properly and adequately discharge their fiduciary duties to creditors in these cases, and that Reed Smith would provide distinct benefits to the Debtors and to enhance the administration of these bankruptcy cases.

US_ACTIVE-102108830.1-JCFALGOW

21.     This Application covers the period from July 1, 2009 through July 31, 2009. Although every effort was made to include all fees and expenses from the Compensation Period in this Application, some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Compensation Period. Accordingly, Reed Smith reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

22.     Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of Del.Bankr.L.R. 2016-2, the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees. A true and correct copy of the Verification of John D. Shugrue, Esq. is attached hereto as <u>Exhibit D</u>.

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $25,570.00 and reimbursement of expenses in the amount of $190.90 for the period July 1, 2009 through July 31, 2009 and payment according to the procedures set forth in the Administrative Order.

- 9 -

Dated: August 25, 2009
Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ J. Cory Falgowski
J. Cory Falgowski (No. 4546)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
E-mail: jfalgowski@reedsmith.com

and

John D. Shugrue (IL No. 6195822)
10 S. Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: (312) 851-8100
Facsimile: (312) 851-1420
E-mail: jshugrue@reedsmith.com

Special Counsel for Certain Insurance Matters to Tribune Company, *et al.*, Debtors and Debtors-in-Possession