## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ----------------------------------------------------------- x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, <u>et al.</u>, | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: September 14, 2009 |
| | | @ 4:00 p.m.(ET) |
| ----------------------------------------------------------- x | Hearing Date:  N/A | |

### SEVENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, <u>ET AL</u>. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>JULY 1, 2009 THROUGH JULY 31, 2009</u>

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, <u>nunc</u> <u>pro</u> <u>tunc</u> to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | July 1, 2009 through July 31, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,163,184.20    (80% of $1,453,980.25) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $37,749.39 |

This is a(n):      _x__ Monthly        ____ Interim        ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**July 1, 2009 through July 31, 2009**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|------------|-------------------|------------------|-------------|-------|
| **Partner\*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 142.40 | 135,992.00 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 955 | 23.50 | 22,442.50 |
| Charles E. Hord (1988) | Corporate | 1976 (NY) | 855 | 2.20 | 1,881.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 119.30 | 97,597.50 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 102.70 | 81,646.50 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 166.30 | 127,219.50 |
| Andrew Giaccia (1994) | Project Finance | 1984 (PA/NJ) 1987 (DC) | 755 | 0.30 | 226.50 |
| Marjorie M. Glover (1999) | Employee Benefits | 1988 (MA) 1989 (NY) | 755 | 2.00 | 1,510.00 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 755 | 70.40 | 53,152.00 |
| Edouard S. Markson (2007) | Tax | 1997 (NY) | 735 | 1.60 | 1,176.00 |
| Sey-Hyo Lee (2000) | Corporate | 1992 (NY) 1994 (DC) | 725 | 0.30 | 271.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 635 | 145.30 | 91,344.75 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 635 | 20.00 | 12,700.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 625 | 105.60 | 66,000.00 |
| Kenneth L. Johnson | Intellectual Property | 1995 (CA) 2000 (NY) | 625 | 3.10 | 1,937.50 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 475 | 35.30 | 16,767.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| | | | | | |
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 146.00 | 86,870.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 595 | 120.00 | 71,400.00 |
| Joseph Giannini | Corporate | 2002 (NJ) 2004 (NY) | 585 | 6.00 | 3,510.00 |
| Kessar Nashat | Corporate | 2003 (NY) | 585 | 27.90 | 16,321.50 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 565 | 69.70 | 39,380.50 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 565 | 139.70 | 78,930.50 |
| Robert J. Gayda | Bankruptcy & Financial Restructuring | 2005 (NY) | 535 | 1.20 | 642.00 |
| Kimberly Giuliano | Intellectual Property | 2005 (NY) | 535 | 12.70 | 6,794.50 |
| Benjamin Carson | Corporate | 2008 (NY) | 395 | 26.40 | 10,428.00 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 395 | 48.00 | 18,960.00 |
| Patrick Narvaez | Corporate | 2008 (NY) | 395 | 92.80 | 36,656.00 |
| Jason Porter | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 146.50 | 57,867.50 |
| Rachel Kurth | Employee Benefits | 2009 (NY) | 345 | 0.30 | 103.50 |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 139.30 | 48,058.50 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 217.70 | 75,106.50 |
| Francesca Perkins | Litigation | 2009 (NY) | 345 | 131.30 | 45,298.50 |
| Megan Strand | Communications and Technology | 2008 (NY) | 345 | 9.50 | 3,277.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 25.20 | 8,694.00 |
| | | | | | |
| **Law Clerks**: | | | | | |
| Blake Betheil | Tax | JD-2008 | 345 | 3.60 | 1,242.00 |
| Jonathan Noble | Litigation | JD-2008 | 345 | 46.60 | 16,077.00 |
| Isaac Safier | Corporate | JD-2008 | 345 | 110.50 | 38,122.50 |
| Kimberly Zafran | Litigation | JD-2008 | 345 | 131.30 | 45,298.50 |
| Emma Buckthal | n/a | n/a | 275 | 11.60 | 3,190.00 |
| Michael DiSefano | n/a | n/a | 275 | 7.50 | 2,062.50 |
| Jessica Marrero | n/a | n/a | 275 | 25.90 | 7,122.50 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| Lori Moloney | Litigation | n/a | 295 | 9.00 | 2,655.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 25.10 | 6,526.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 23.50 | 6,110.00 |
| Sarah Chan | Corporate | n/a | 245 | 14.30 | 3,503.50 |
| Marisa Iacopelli | Litigation | n/a | 225 | 6.60 | 1,485.00 |
| Kristen Garry | Litigation | n/a | 170 | 2.80 | 476.00 |
| | | | | | |
| **TOTAL:** | | | | **2,718.80** | **$1,453,980.25** |

BLENDED RATE:    $535.43

* Includes year elected Partner at firm or joined firm as Partner.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------- x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, <u>et</u> <u>al</u>., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: September 14, 2009 @ 4:00 p.m.(ET) |
| ------------------------------------------------------- x | Hearing Date:  N/A | |

**SEVENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, <u>ET AL</u>. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>JULY 1, 2009 THROUGH JULY 31, 2009</u>**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company <u>et al</u>. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $1,453,980.25 (80% of which equals

$1,163,184.20) and reimbursement of expenses incurred in the amount of $37,749.39 during the

period commencing July 1, 2009 through and including July 31, 2009 (the "Application Period").

This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States

Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§

105(a) and 331 (the "Compensation Order").  In support of the Application, Chadbourne

respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,453,980.25.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

3

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.      Bankruptcy General (Matter 002)**

Fees: $22,736.50        Total Hours: 46.40

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

4

**B.**    **Committee Meetings (Matter 003)**

Fees:  $83,450.50        Total Hours:  127.70

15.    Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

16.    During the Application Period, Chadbourne prepared for and hosted an in-person meeting of the Committee and the Debtors on July 1, 2009 on the status of the plan of reorganization.  In addition, Chadbourne prepared for and hosted an in-person meeting of the Committee on July 15, 2009 on the status of the ESOP investigation.

**C.**    **Creditor Communications (Matter 004)**

Fees:  $6,867.50        Total Hours:  8.90

17.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to

correspondence and other inquiries received from unsecured creditors and participated in

telephone conferences with members of the Committee to discuss open issues and

developments in the Debtors' cases.

**D.    Inter-Company Issues/Cash Management (Matter 006)**

    Fees:  $2,107.50        Total Hours:  2.90

18.    During the Application Period, Chadbourne, working with the Committee's

financial advisors, continued its review of certain intercompany cash management transfers

between and among the Debtors and certain non-Debtor affiliates.  In an effort to resolve issues

related to the treatment of certain intercompany transactions, Chadbourne engaged in

negotiations with the Debtors' professionals.

**E.    Business Operations (Matter 007)**

    Fees:  $24,430.00        Total Hours:  51.00

19.    During the Application Period, Chadbourne attorneys continued to review and

monitor issues involving the Debtors' day-to-day business operations.  This included the review

of weekly operations and financial reports prepared by the Committee's financial advisors.

20.    Since the reorganization of the Debtors will likely involve a change in control,

under the Federal Communications Act, the Debtors will require approval by the Federal

Communications Commission ("FCC").  Attorneys from Chadbourne's Communications and

Technology Group devoted considerable time during this period reviewing and analyzing the

FCC's application procedures for transfer of control approval.  This work included a review of

the FCC's rules and procedures, extensive legal research on prior FCC decisions as well as

pending litigation involving the Debtors and the FCC. Chadbourne's team then met with the Debtors' professionals, including FCC counsel, to discuss the Debtors' proposed FCC course of action and various alternatives. Additional follow-up calls and emails were exchanged between the parties. Chadbourne then began work on a comprehensive report outlining the application procedures and likely scenarios the Debtors will face in seeking FCC approval.

F.    **Asset Disposition (Matter 008)**

     Fees:  $123,765.50        Total Hours:  207.30

     21.    During the Application Period, the Debtors continued their efforts to negotiate a transaction on the disposition of the Cubs, including the consideration of a second bid. During this time, Chadbourne continued to review the transaction documents and drafts of various related agreements for both transactions. Efforts included the preparation of a comparative analysis of the potential transactions along with continued collaboration with the Committee's professionals and regular updates to the Committee on the transaction status.

G.    **Fee/Retention Applications (Matter 010)**

     Fees:  $26,011.00        Total Hours:   66.10

     22.    During the Application Period, the Debtors filed applications to retain Dow Lohnes and Deloitte & Touche. Chadbourne reviewed the applications in order to ensure their reasonableness and summarized its research in memoranda to the Committee.

     23.    In further compliance with monthly fee procedures, Chadbourne expended time preparing and filing its sixth monthly fee application as well as its second interim fee

application.  Additionally, Chadbourne reviewed Committee member expenses incurred for
June meetings and prepared the Committee's fourth request for reimbursement of expenses.

24.     During the Application Period, Chadbourne finalized and submitted its response
to the Fee Examiner's report on fees and expenses requested by Chadbourne during the first
interim period.  During this time, Chadbourne reviewed and addressed issues raised in the Fee
Examiner's report on Committee members' expenses incurred during the first interim period.

25.     In continuance of an ongoing process, Chadbourne expended further time on the
treatment of ordinary course professionals.  These efforts included the review and analysis of
filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and
monthly fee caps in connection with same.

## H.     Plan and Disclosure Statement (Matter 011)

Fees:  $53,697.00          Total Hours:   70.20

26.     During the Application Period, Chadbourne attorneys continued their efforts in
examining a potential structure for a plan of reorganization.  In addition to reviewing various
plan materials provided by the Debtors, Chadbourne reviewed and analyzed a comprehensive
analysis considering inter-creditor value allocation issues and recovery scenarios prepared by
the Committee's financial advisors.  Throughout this process, Chadbourne was engaged in
frequent discussions with the Debtors' counsel to discuss strategies as well as a further
extension of the Debtors' exclusivity period.

**I.**    **Executory Contracts (Matter 012)**

      Fees: $46,010.50        Total Hours:  86.00

27.    During the Application Period, the Debtors continued the ongoing process of seeking approval to assume and/or reject certain leases and contracts.  Chadbourne devoted particular time on the CBS Syndicated Program Agreements and Metromix assumption motions (the "Motions'").  Efforts included review and analysis of the relief requested in the Motions as well as various underlying agreements and documents.  Working with the Committee's financial advisors, Chadbourne considered the economic effects on the Debtors' ongoing business operations and summarized its analyses and recommendations for review by the Committee.

**J.**    **Employee Issues (Matter 014)**

      Fees: $41,279.00        Total Hours:  65.60

28.    During the Application Period, Chadbourne's work focused on finalizing the Debtors' 2009 management incentive plan ("MIP").  Efforts included collaboration with the Committee's financial advisors in a comprehensive review and analysis of the proposed MIP and related motion.  Throughout this process, Chadbourne participated in frequent discussions with Debtors' counsel to provide comments and recommendations.  Based on the Committee's efforts, substantial changes were made to the MIP.

29.    Finally, Chadbourne finalized its analysis summarizing its research on multiemployer pension plan issues, specifically outlining the potential scenarios and challenges one specific pension benefit plan is currently facing.

**K.**     **Relief From Stay Issues (Matter 015)**

      Fees:  $5,716.50          Total Hours:  14.30

      30.     During the Application Period, Chadbourne continued the process of reviewing the various motions filed seeking relief from the automatic stay.  This ongoing process included evaluating the relief requested in new filings and collaborated with Debtors' counsel to ensure that a collective response was put forth to certain lift-stay requests.  In addition, Chadbourne continued to monitor the status of pending lift-stay motions.

**L.**     **Tax Issues (Matter 016)**

      Fees:  $23,680.50          Total Hours:  27.90

      31.     During the Application Period, Chadbourne continued to review various documentation and information in planning for reorganization and considered exit strategies and tax implications with respect to the disposition of the Cubs and related assets.

**M.**     **General Litigation (Matter 017)**

      Fees:  $2,515.50          Total Hours:  7.30

      32.     During the Application Period, Chadbourne continued to review and monitor the filings in the District Court civil action proceedings.  Chadbourne continued to update and provide weekly summary reports to the Committee on pending litigations.

**N.**     **Travel (Matter 018)**

      Fees:  $1,745.75          Total Hours:  4.90

      33.     During the Application Period, Chadbourne attorneys separately attended two omnibus hearings at Bankruptcy Court in Wilmington, Delaware (July 16, 2009 and July 28,

2009).  The hours reflect non-working travel time and the fees requested are at 50% of

Chadbourne's normal hourly rates.

**O.**     **Review of Prepetition Financings (Matter 019)**

     Fees:  $989,967.00        Total Hours:  1,932.30

     34.     During the Application Period, Chadbourne attorneys expended substantial time

on the ongoing comprehensive review of the Debtors' prepetition financing documents and

capital structure as part of the Committee's review and analysis of potential challenges that

could be asserted with respect to certain of the Debtors' prepetition transactions.  In addition,

Chadbourne attorneys continue analyzing the legal standards and requirements of such potential

challenges and any possible defenses and other considerations related thereto.  As part its

investigation and analysis, Chadbourne continued drafting and revising a comprehensive report

to the Committee summarizing its review of the legal standards and requirements related to the

2007 ESOP transaction.

     35.     During this time, Chadbourne also continued its efforts to obtain information and

documents informally from certain parties connected to the 2007 ESOP transaction.  Although

Chadbourne reached informal agreements with several parties, some parties refused to provide

the information requested.  Accordingly, Chadbourne sought formal discovery under Rule 2004

from certain parties that refused to provide requested information.  Chadbourne also continues

to negotiate possible resolutions with certain parties.

     36.     Chadbourne received a significant volume of produced documents during the

Application Period which it reviewed (and continues to review).  This document review is a

substantial undertaking.  Chadbourne has established a specialized electronic discovery

database in order to ensure that the document review proceed in the most thorough, expeditious and cost-effective manner.

## ACTUAL AND NECESSARY EXPENSES

37.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $37,749.39 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

38.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

39.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

40.     In connection with the ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS"). The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

41.     During the Application Period, Chadbourne reimbursed out-of-pocket costs incurred by a party for producing documents in response to a Chadbourne discovery request in connection with the ESOP transaction investigation.  As with other outside vendors, Chadbourne seeks reimbursement only for the amount incurred by that party.

42.     The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.  In connection with expenses for catering costs sought in this Application, Chadbourne hosted a meeting of the Committee (which included the Debtors) on July 1, 2009 and a meeting of the Committee on July 15, 2009.

43.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional and secretarial overtime.

## **VALUATION OF SERVICES**

44.     Attorneys and paraprofessionals of Chadbourne have expended a total of 2,718.80 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,453,980.25.

45.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

46.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period July 1, 2009 through July 31, 2009:  (a) authorizing compensation in the amount of $1,453,980.25 (80% of which equals $1,163,184.20 for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $37,749.39, for a total of $1,491,729.64; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    August 25, 2009
          Wilmington, Delaware

                                        **CHADBOURNE & PARKE LLP**

                                        By: _____
                                             Douglas E. Deutsch
                                             (A Member of the Firm)

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Co-Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

# **VERIFICATION**

STATE OF NEW YORK    :
                     : ss:
COUNTY OF NEW YORK  :

David M. LeMay, after being duly sworn according to law, deposes and says:

(a)    I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1982.

(b)    I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
                              David M. LeMay

Sworn to before me this
25th day of August 2009

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010