IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,1<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>**Ref. No. 1943** |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE TO FINAL REPORT OF FEE EXAMINER

The Official Committee of Unsecured Creditors of Tribune Company, et al. (the "Creditors' Committee"), through its co-counsels Chadbourne & Parke LLP and Landis Rath & Cobb LLP (together, "Committee Counsel"), hereby submits its response (the "Response") to the Fee Examiner's Final Report Regarding First and Second Monthly Applications of Official Committee of Unsecured Creditors (the "Final Report") [Docket No. 1943]. In support hereof, the Creditors' Committee respectfully represents as follows:

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the debtors in the above-captioned cases (the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware their respective voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. The Debtors' Chapter 11 cases were consolidated for procedural purposes only and are jointly administered under Case No. 08-13141. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. On March 19, 2009, the Court entered an order appointing Stuart Maue as the fee examiner in these cases (the "Fee Examiner").

4. On June 3, 2009, the Fee Examiner provided Committee Counsel with its preliminary report with respect to the reimbursement of the expenses of members of the Creditors' Committee (the "Preliminary Report"). Among other things, the Preliminary Report outlined concerns of the Fee Examiner with respect to two breakfast expense reimbursement requests (the "Disputed Expenses") made by members of the Creditors' Committee and included in the Creditors' Committee's expense reimbursement applications (the "Expense Applications").

5. After receiving the Preliminary Report, the Creditors' Committee, through Committee Counsel, engaged in discussions with the Fee Examiner. At the conclusion of these discussions, the Creditors' Committee and the Fee Examiner were unable to reach a consensual resolution concerning the Disputed Expenses.

6. On August 13, 2009, the Fee Examiner filed the Final Report.

## RESPONSE TO FINAL REPORT

7. The Creditors' Committee appreciates the Fee Examiner's efforts in this case and, in particular, the opportunity the Fee Examiner provided to the Creditors' Committee's counsel to respond to any concerns the Fee Examiner had with respect to the Expense Applications. As noted above, however, the Creditors' Committee was unable to reach a resolution with respect to the Disputed Expenses.

8. Although the Disputed Expenses are extremely modest in amount, the issues are raised here because they are likely to recur. Further, the members of the Creditors' Committee are not compensated for their services on behalf of the Debtors' estates, and they should not be required to go out-of-pocket for ordinary and modest costs associated with necessary business travel. Accordingly, the Creditors' Committee seeks the Court's guidance with respect to the Disputed Expenses.

## DISPUTED EXPENSES

9. The Fee Examiner states that a reasonable amount for meal charges is $15.00 per person for breakfast, $25.00 per person for lunch, and $50.00 per person for dinner (the "Meal Charge Limits"). The Fee Examiner advised Committee Counsel that it was instructed by this Court that the Meal Charge Limits should serve as guidelines of appropriate meal charges. The Disputed Expenses consist of two breakfast charges that exceed $15.00 by a combined total of $29.81. The Final Report states that "while the charges do not appear abusive, they exceed the amounts allowed by the Court."

10. First, Committee Counsel submits that during the period in which the Expense Applications were submitted, the members of the Creditors' Committee had not

received notice of the Meal Charge Limits. Accordingly, the Committee questions whether it is fair to retroactively penalize such members now.

11.     Second, while the Creditors' Committee recognizes that the Meal Price Limits listed above are often sufficient to cover the cost of lunches and dinners, there are occasions where the amounts listed above do not suffice. This is particularly true for out-of-town business trips where members of the Creditors' Committee are often, as a practical matter, limited to business district hotels, and airport restaurants. For example, based on our own internet research of meal costs at the Intercontinental Hotel in Chicago, Illinois (a reasonably priced business hotel which is a convenient 1-2 minute walk from Tribune Tower and a location at which members of the Creditors' Committee have stayed), a breakfast consisting of a simple bowl of oatmeal, a glass of orange juice, and a cup of coffee (plus tax and tip) costs approximately $22. This price, as the Court undoubtedly knows from its own experience, is not atypical for such meals.

12.     Finally, the members of the Creditors' Committee are creditors who have, free of charge, accepted the time-consuming burden of acting as fiduciaries to all of the Debtors' unsecured creditors. It seems unfair, in that light, to require the unpaid members of the Creditors' Committee to waste their valuable time and energy searching for less costly dining alternatives (i.e., "fast food"), when reasonable, healthy and convenient dining services are readily available.

13.     The Creditors' Committee submits that the Meal Charge Limits should not be applied as inflexible rules but rather as common-sense guidelines and that the members of the Creditors' Committee should be afforded some reasonable leeway with respect to the Meal Charge Limits listed above. Accordingly, the Disputed Expenses should be allowed.

**RELIEF REQUESTED**

For the foregoing reasons, the Committee submits that the Expense Applications should be approved as originally submitted to the Court.

Dated: Wilmington, Delaware
       August 26, 2009

**LANDIS RATH & COBB LLP**

_/s/ Adam G. Landis_
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Mona A. Parikh (No. 4901)
919 North Market Street, Suite 1800
Wilmington, DE 19899
Telephone:   302-467-4400
Facsimile:   302-467-4450

- and -

CHADBOURNE & PARKE LLP
Howard Seife
David LeMay
Douglas Deutsch
30 Rockefeller Plaza
New York, New York 10112
Telephone:   (212) 408-5100
Facsimile:   (212) 541-5369

Counsel to Official Committee
of Unsecured Creditors