**<u>EXHIBIT 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

----------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11 Cases** |
| | : | **Case No. 08-13141 (KJC)** |
| **TRIBUNE COMPANY, <u>et</u> <u>al.</u>,** | : | **(Jointly Administered)** |
| | : | |
| **Debtors.** | : | |

----------------------------------------------------x

### ORDER GRANTING MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK FOR LEAVE TO CONDUCT DISCOVERY OF TRIBUNE COMPANY, ITS AFFILIATES, AND CERTAIN THIRD PARTIES

Upon the motion (the "<u>Motion</u>")[1] of Law Debenture Trust Company of New York ("<u>Law Debenture</u>"), pursuant to 11 U.S.C. §§ 105(a), 343, and 1109(b) and Bankruptcy Rule 2004, for entry of an order authorizing and directing discovery from Tribune Company and its affiliated debtors and debtors in possession in the above captioned cases, the Pre-Petition Agents, and the Pre-Petition Advisors (collectively, the "<u>Respondents</u>") in the form of (i) responses to the document requests attached to the Motion as <u>Exhibits 2A-2C</u>, or substantially similar document requests; and (ii) the deposition of a representative who is most knowledgeable about the matters for examination set forth in <u>Exhibits 2A-2C</u>; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and upon consideration of the Motion; and due and proper notice of the Motion having been given, it is hereby **ORDERED** that:

1.      The Motion is granted.

2.      Law Debenture is permitted to serve document requests that are substantially in the form attached as Exhibits 2A-2C. The Respondents shall respond to such document requests twenty (20) days after service.

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.      Law Debenture is permitted to serve deposition notices for the depositions of persons knowledgeable about the matters raised in the documents requested in Exhibits 2A-2C.

4.      Law Debenture is authorized to compel production in accordance with Rule 9016 of the Bankruptcy Rules.

5.      Law Debenture retains the right to move this Court for an order appointing a trustee or an examiner in these chapter 11 cases.

6.      The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: August __, 2009
        Wilmington, Delaware

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

**<u>EXHIBIT 1A</u>**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------x
In re:                                  :       **Chapter 11 Cases**
                                        :       **Case No. 08-13141 (KJC)**
**TRIBUNE COMPANY, <u>et</u> <u>al.</u>,**          :       **(Jointly Administered)**
                                        :
                         **Debtors.**   :
-------------------------------------------------------x

**ORDER GRANTING MOTION OF LAW DEBENTURE TRUST**
**COMPANY OF NEW YORK FOR THE APPOINTMENT OF AN EXAMINER**

Upon the motion (the "<u>Motion</u>")[2] of Law Debenture Trust Company of New York ("<u>Law</u>

<u>Debenture</u>"),  pursuant to 11 U.S.C. §§ 105(a) and 1109(b) and Bankruptcy Rule 2004, for entry

of an order appointing an examiner pursuant to Section 1104(c) of title 11, United States Code

(the "<u>Bankruptcy Code</u>"); and this matter being a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(B); and upon consideration of the Motion; and due and proper notice of the Motion

having been given, it is hereby **ORDERED** that:

1.      The Motion is granted.

2.      The United States Trustee is authorized and directed to appoint an

examiner and to solicit appropriate candidates from Law Debenture and the Committee.

3.      The examiner shall examine and report to the Court and all parties in

interest all matters relating to the LBO, the potential claims arising therefrom, and the manner in

which the estates have to date but should address such potential claims.

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

4.      The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: August __, 2009
        Wilmington, Delaware

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

2