**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*, | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Objections Due: September 17, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date: *Only if Objections are filed*** |

**MONTHLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2009 THROUGH JULY 31, 2009**

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2009 to July 31, 2009 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $28,381.50 (80% of which is $22,705.20) |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $818.91 |

This is a Monthly Application.

Prior Applications Filed: (6): Quarterly Fee Application for the Period December 8, 2008 - February 28, 2009 (Docket No. 1030)

Monthly Fee Application for the Period March 1, 2009 - March 31, 2009 (Docket No. 1099)

Monthly Fee Application for the Period April 1, 2009 - April 30, 2009 (Docket No. 1286)

Monthly Fee Application for the Period May 1, 2009 - May 31, 2009 (Docket No. 1699)

Quarterly Fee Application for the Period March 1, 2009 - May 31, 2009 (Docket No. 1743)

Monthly Fee Application for the Period June 1, 2009 - June 30, 2009 (Docket No. 1838)

Summary of Time Recorded

July 1, 2009 through July 31, 2009

ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| David J. Bradford | Litigation | 1976 | 875.00 | 3.5 | 3,062.50 |
| Catherine L. Steege | Commercial | 1982 | 725.00 | 0.6 | 435.00 |
| Marc B. Hankin | Commercial | 1992 | 725.00 | 1.7 | 1,232.50 |
| Debbie L. Berman | Employee Benefits | 1998 | 595.00 | 1.8 | 1,125.00 |
| **PARTNER TOTALS** | | | | **7.60** | **5,855.00** |

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **ASSOCIATES** | | | | | |
| Amanda S. Emert | Litigation | 2002 | 540.00 | 1.6 | 864.00 |
| Douglas A. Sondergoth | Litigation | 2002 | 525.00 | 3.2 | 1,680.00 |
| Wade A. Thomson | Litigation | | 475.00 | 12.9 | 6,127.50 |
| David H. Hixson | Commercial | 2006 | 400.00 | 2.7 | 1,080.00 |
| Landon S. Raiford | Commercial | 2008 | 325.00 | 11.4 | 3,705.00 |
| Sofia E. Biller | Litigation | 2008 | 325.00 | 9.6 | 3,120.00 |
| **ASSOCIATE TOTALS** | | | | **41.4** | **16,576.50** |

**PARALEGALS AND PROJECT ASSISTANTS**

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Michael H. Matlock | 270.00 | 18.7 | 5,049.00 |
| Marc A. Patterson | 170.00 | 5.3 | 901.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | **24.0** | **5,950.00** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals): $28,381.50

BLENDED HOURLY RATE: $388.79

SUMMARY OF DISBURSEMENTS

| **Description** | **Amount** |
|---|---|
| Network Printing | 290.34 |
| Photocopy Expense | 2.70 |
| Westlaw Research | 525.87 |
| **Total** | **818.91** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*, | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objections Due: September 17, 2009 at 4:00 p.m.** |
| | ) | **Hearing Date: *Only if Objections are filed*** |
| | ) | |

**MONTHLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JULY 1, 2009 THROUGH JULY 31, 2009**

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application (the "Application") for approval and allowance of compensation for services rendered in the amount of $28,381.50 (80% of which is $22,705.20) and reimbursement of expenses incurred in the amount of $818.91 during the period commencing July 1, 2009 through and including July 31, 2009 (the "Application Period"). This Application is submitted pursuant to Sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order"). In support of the Application, Jenner respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103(a).

2. The statutory bases for relief requested herein are Sections 328, 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these chapter 11 cases.

6. On February 20, 2009, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the "Retention Order").

7. Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as special counsel in connection with litigation matters.

8. Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and other defendants in the lawsuit *Neil et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No. 08-cv-06833 in the United States District Court for the Northern District of Illinois (the "District Court"). In the *Neil* Litigation, certain of the Debtors' former employees asserted three causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act ("ERISA") and Delaware state law related to The Tribune Company's Employee Stock Ownership Plans ("ESOP"). The plaintiffs are seeking class certification for their claims. With respect to the *Neil* Litigation, the scope of Jenner's representation of the Debtor is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases." (Retention Order at 2-3.) The Debtor is no longer a party to the *Neil* Litigation. Jenner continues to represent all defendants in the *Neil* Litigation.

9. Also prior to the Petition Date, Jenner represented the Debtors in the lawsuit *Cueto v. Chicago Tribune Company, et al.* (the "*Cueto* Litigation"), Case No. 07-L-80 in the Circuit Court of St. Clair County, Illinois (the "State Court"). In the *Cueto* Litigation, a former attorney has asserted five causes of action against certain of the Debtors and others, alleging that the defendants invaded the plaintiffs' privacy and portrayed him in a false light by publishing materials regarding comments the plaintiff allegedly made about his relationship with judges in Illinois.

10. On April 28, 2009 the Court entered an Order (Docket No. 1097) approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the Department of Labor (the "DOL") on March 2, 2009. The DOL's subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA. Jenner advised and assisted the Debtors in connection with responding to the subpoena.

11. The Debtors also requested that Jenner represent them in a dispute related to a swap agreement the Debtors had entered into with Morgan Stanley (the "Morgan Stanley Matter"). After the Debtors filed their chapter 11 petitions, Morgan Stanley purported to set off amounts it owed to the Debtors under the swap agreement against amounts the Debtors owed to Morgan Stanley on account of bonds Morgan Stanley acquired. Among the issues raised in this matter is whether Morgan Stanley could in fact exercise a right of set off, and whether Morgan Stanley has other liability to the Debtors.

12. Jenner has exhausted a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.

13. Additionally, as set forth in Jenner's application to be retained in these cases, Equity Group Investments, LLC ("EGI") is responsible for paying one-fourteenth (1/14) of the legal fees and expenses due to Jenner on account of its representation of the Debtors in the *Neil* Litigation. EGI is not responsible for Jenner's fees and expenses related to any other matters included herein, such as the DOL subpoena, the *Cueto* Litigation, or the Morgan Stanley Matter.

14. Furthermore, the Debtors' insurance carrier, American International Group, Inc. ("AIG"), has agreed to compensate Jenner on account of its representation of the Debtors and non-debtor defendants in the *Neil* Litigation for issues unrelated to the application of the automatic stay or a Section 105(a) injunction. In particular, Jenner has been preparing a motion to dismiss the *Neil* plaintiffs' amended complaint for failure to state a claim. This Application does not include a request for fees or compensation in connection with the matters for which AIG will compensate Jenner.

15. This is Jenner's fifth monthly fee application. On April 15, 2009, Jenner filed its first quarterly fee application seeking compensation in the amount of $90,021.75 for services rendered and $2,386.85 for expenses incurred for the period December 8, 2008 through February 28, 2009. On April 27, 2009, Jenner filed a monthly fee application seeking compensation in the amount of $179,873.10 for services rendered and $3,549.76 for expenses incurred during March 2009. On June 2, 2009, Jenner filed a monthly fee application seeking compensation in the amount of $175,231.04 for services rendered and $2,709.52 for expenses incurred during April 2009. On July 9, 2009, Jenner filed a monthly fee application seeking compensation in the amount of $93,036.50 for services rendered, and $5,705.20 for expenses incurred during May 2009. On July 15 2009, Jenner filed its second quarterly fee application seeking allowance of compensation in the amount of $448,140.64 for services rendered and $11,721.03 incurred for the period March 1, 2009 through May 31, 2009. On July 27, 2009, Jenner filed a monthly fee application seeking compensation in the amount of $23,290.46 for services rendered and $289.39 for expenses incurred during June 2009.

## COMPENSATION PAID AND ITS SOURCES

16. All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

17. As set forth above, EGI is responsible for paying one-fourteenth of the legal fees and expenses due to Jenner related to the *Neil* Litigation. Jenner did not, however, provide any services or incur any expenses relating to the *Neil* Litigation during the Application Period and therefore does not seek any compensation from this matter in this Application.

18. Also as set forth above, AIG is responsible for compensating Jenner for fees and expenses incurred in connection with Jenner's representation of the Debtors and non-debtor defendants in the *Neil* Litigation as to issues that do not concern the application of the automatic stay or a Section 105(a) injunction. Jenner will separately bill AIG for those fees and has not included those time records in this Application.

19. There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

20. The fee statement for the Application Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Jenner's knowledge, this Application complies with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

## SUMMARY OF SERVICES

21. As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Jenner during the Application Period total $28,381.50. The services rendered by Jenner during the Application Period are grouped into specific project categories as set forth in Exhibit A. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

22. The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Application Period, organized by project category.

**A. DOL Subpoena (Matter No. 10148)**

Fees: $2,981.50 Total Hours: 5.30

23. During the Application Period, Jenner assisted the Debtors response to the DOL's subpoena regarding ERISA issues. This time includes Jenner's efforts to respond to specific DOL requests regarding document production.

**B. Morgan Stanley Swap (Matter No. 10180)**

Fees: $13,105.00 Total Hours: 27.2

24. During the Application Period, Jenner's representation of the Debtors in connection with the disputed swap agreement with Morgan Stanley included conducting legal research on various legal issues pertaining to the dispute.[1] In addition Jenner attorneys spent significant amounts of time preparing and evaluating general case strategies as well as preparing

[1] Due to the sensitivity of this matter, at this time Jenner believes it may not explain in greater detail the precise legal issues it is researching or that may be relevant to the Morgan Stanley dispute. Accordingly, Jenner has redacted discussion of these specific areas of research from its time entries included in Exhibit A.

for discussions with Morgan Stanley. This category of time also includes communications with the Debtors regarding the dispute.

**C. Fee Applications (Matter No. 10164)**

Fees: $11,170.00 Total Hours: 38.70

25. During the Application Period, Jenner attorneys expended time preparing multiple fee applications. Jenner attorneys and paraprofessionals prepared Jenner's monthly fee applications for May and June 2009, which included reviewing time entries for confidentiality and drafting the narrative portion of the fee application. In addition, Jenner attorneys also spent time preparing Jenner's Second Quarterly Fee Application as well as putting the Second Quarterly Fee Application and its exhibits in the format required by the Fee Examiner Order.

**D. Cueto (Matter No. 10024)**

Fees: $1,125.00 Total Hours: 1.80

26. During the Application Period, Jenner attorneys have devoted a limited number of hours regarding the *Cueto* Litigation. Jenner attorneys continued to monitor the progress of the *Cueto* litigation and reviewed and analyzed key emails and opinions related to the *Cueto* litigation.

**ACTUAL AND NECESSARY EXPENSES**

27. A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Application Period in the amount of $818.91 is attached hereto as Exhibit B. Jenner's standard charge for photocopies is $0.08 per page. Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

28. With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

29. Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

**VALUATION OF SERVICES**

30. Attorneys and paraprofessionals of Jenner have expended a total of 73 hours in connection with their representation of the Debtors during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character. The reasonable value of services rendered by Jenner to the Debtors during the Application Period is $28,381.50. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Jenner reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

31. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period July 1, 2009 through July 31, 2009, with respect to the sum of $28,381.50 for necessary professional services rendered (80% of which is $22,705.20) and the sum of $818.91 as 100% reimbursement of actual necessary costs and expenses, for a total of $23,524.11; (b) authorizing and directing the Debtors to remit payments to Jenner in the amounts set forth in paragraph (a) above; and (c) granting such other and further relief as this Court deems just and proper.

Dated: August 28, 2009

Respectfully submitted,

By: ______________________________
One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
Craig C. Martin
330 North Wabash Avenue
Chicago, IL 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email: dbradford@jenner.com
cmartin@jenner.com