IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------x
In re:                      :  Chapter 11
                            :
TRIBUNE COMPANY, et al.,    :  Case No. 08-13141(KJC)
                            :
              Debtors,      :  August 14, 2009
----------------------------x  2:03 p.m.
```

TRANSCRIPT OF TELEPHONIC HEARING
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For the debtors,<br>Tribune Company: | JONATHAN D. LOTSOFF, ESQUIRE<br>SIDLEY AUSTIN, LLP<br>One South Dearborn<br>Chicago, Illinois  60603 |
| | J. KATE STICKLES, ESQUIRE<br>COLE, SCHOTZ, MEISEL, FORMAN<br> & LEONARD, P.A.<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware  19801 |
| For the Interested Party,<br>Washington Baltimore<br>Newspaper Guild: | CHRISTOPHER P. SIMON, ESQUIRE<br>913 North Market Street, 11th Fl.<br>Wilmington, Delaware  19801 |
| | ROBERT PAUL, ESQUIRE<br>ZWERDLING, PAUL, KAHN<br> & WOLLY, P.C.<br>1025 Connecticut Avenue, N.W.<br>Suite 712<br>Washington, D.C.  20036 |
| For the United States<br>Trustee:<br>Audio Operator: | JOSEPH MCMAHON, ESQUIRE<br>OFFICE OF UNITED STATES TRUSTEE<br>844 King Street, Suite 2313<br>Wilmington, Delaware  19801 |

Transcribed by:                DIANA DOMAN TRANSCRIBING
                               P. O. Box 129
                               Gibbsboro, New Jersey  08026
                               Off: (856) 435-7172
                               Fax: (856) 435-7124
                               E-mail: dianadoman@comcast.net

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

Colloquy                                    3

1          THE COURT:  Good afternoon, all.  We're on the

2     record.  This is Judge Carey in the Tribune Company Chapter 11

3     proceeding.  As a followup to our hearing of earlier this week,

4     let me ask counsel where they stand.

5          MR. LOTSOFF:  Good afternoon, Your Honor.  This is

6     Jonathan Lotsoff, with Sidley Austin, on behalf of the debtors.

7     We have provided to the Guild all documents that we provided

8     previously to the Creditors Committee relating to their review

9     of the 2008 management incentive plan and the 2009 incentive

10    plan that's before you, and the -- we worked with the Creditors

11    Committees' financial advisor, to ensure that the production

12    was complete.  I confirm that those were the documents that had

13    been provided by the Committee.

14         We also provided all business plan related documents

15    that the debtors produced to the Committee, and that the

16    Committee used and relied upon in evaluating and negotiating

17    the 2008 and 2009 incentive plans.  And again, that was

18    verified by the Committees financial advisor.  Per the union's

19    request to facilitate their review, we also provided

20    inventories of these documents.

21         My understanding, and Mr. Cross, the Guild's

22    attorney, can speak to this.  But my understanding is that the

23    -- the Guild did review those inventories at a minimum.  They

24    asked for -- because we spoke prior to the hearing.  They asked

25    for one more document, which we indicated we will provide by

1    the middle of next week.  But our understanding and position

2    would be that we produced all documents that we had stated we

3    said we would produce.  We did it within the time frame ordered

4    by the Court, and we're ready to proceed in setting a

5    supplemental briefing schedule and a hearing date, which, you

6    know, as we noted previously, we're interested in doing on an

7    expeditious basis, given that, you know, again, we're dealing

8    with a 2009 performance period.

9           THE COURT:  All right.  Thank you.  Let me hear from

10   the Guild.

11          MR. SIMON:  Your Honor, this is Chris Simon on behalf

12   of the Guild.  With me on the phone is my co-counsel Robert

13   Paul.  I believe counsel's representations, they are true, we

14   have received documents from the debtors, and we appreciate

15   that.  And I will say that the debtors have worked quickly to

16   get us those documents.  We have reviewed the indexes and --

17   and -- but are still in the process of digesting the -- the

18   indexes and -- the indexes, I should say, and the -- the

19   documents.  And you know, I think our position at this point

20   is, we'd like to review those.  We think they're responsive.

21   But we obviously -- to the extent we have issues, we want the

22   right to -- to contact the debtors and try to work -- work

23   through those issues.  But I think to date we're in pretty good

24   shape.

25          On the -- on the scheduling, Your Honor -- and Mr.

1    Paul, if you want to add anything to that, I certainly can

2    yield the -- the podium, but --

3              MR PAUL:  Thank you.  This is Robert Paul.  I'll just

4    footnote to what Mr. Simon said.  Yes, the debtors provided the

5    indexes and the documents.  And they represent that they are

6    responsive to our requests.  Requests, of course, were not

7    limited to the materials given to the Creditors Committee, but

8    that said, at least at this moment, Judge, it looks to us that

9    based on the -- what the representation in the index -- in the

10   indexes, we believe we have received the materials that we've

11   sought.

12             There is one additional document that debtors counsel

13   indicated will be transmitted to us by midweek.  But other than

14   that, we hope to -- that the production so far has taken care

15   of our request.  As Mr. Simon, if an issue surfaces, we -- we

16   will certainly raise that quickly with debtors counsel to -- to

17   try to work through that.  And -- and we've been able to work

18   through these issues cooperatively in the last 48 hours as

19   well.

20             THE COURT:  Very well.  I'm pleased to hear that.

21             Okay.  Am I to take it that by virtue of the order

22   that I signed on August 13th, the issue of the breath of

23   distribution within the Guild has been resolved?

24             MR. LOTSOFF:  Your Honor, this is Jonathan Lotsoff on

25   behalf of the debtors.  Yes, it has.  The Guild, by the

Colloquy                                              6

1    deadline that was set forth in the Court's order, provided

2    certain names to us.  We worked, again, cooperatively with the

3    -- the Guild.  And I believe those names are now set forth in

4    the -- in the order, specifying the limited number of Guild

5    representatives to whom, you know, distribution of the

6    materials is permitted, subject, of course, to the -- the

7    confidentiality and other provisions of the Court's order.

8           THE COURT:  Very well.  So then are we left with

9    scheduling?

10          MR. LOTSOFF:  Yeah, that's -- that's correct, Your

11   Honor.  We'd like to -- and again, this is Jonathan Lotsoff on

12   behalf of the debtors.  We'd like to move -- and I think both

13   parties would like to set a -- a scheduling order that would

14   specify dates for supplemental briefing, both a supplemental

15   objection or response, as the case may be, by the Guild and by

16   the US Trustee.  And not only supplemental briefing, but we

17   think that that date, whatever it may be, should also be the

18   date for the production by the Guild or the US Trustee of any

19   expert reports they proposed to submit, since we presume they

20   would discuss in their response or objection, and then a date

21   for a reply by the debtors.

22          We would propose two weeks from today for the

23   response or objection of the union, the Guild and the US

24   Trustee, along with any expert report as appropriate, and then

25   a week thereafter for the reply of debtors.  And I guess -- and

Colloquy                                                    7

1    I know Mr. Simon will -- will want to address that issue on

2    that proposed scheduling as well.  But we also think that it

3    would be helpful to, of course, set a hearing date.  But also

4    set a date prior to the hearing date for the disclosure of fact

5    and expert witnesses and exhibits that the debtors would use in

6    their direct case, and that the Guild and/or US Trustee would

7    use on cross-examination or rebuttal.

8              THE COURT:  All right.  Well, let me -- I'll hear

9    from the -- the Guild and the US Trustee in a moment, but maybe

10   it would be most helpful for me to give you a hearing date, and

11   then we can put the proposal that you've made into context.  I

12   have hearings scheduled beginning on August 31st, on every day

13   that I am in the office until September 25th.  That's the first

14   open day I have, which I would be willing to give to the

15   parties.  The 28th, the following Monday, is also open, but

16   we're bumping up against Yom Kippur.  So let me hear from the

17   parties what their availability is.

18             MR. LOTSOFF:  Your Honor, this is Jonathan Lotsoff on

19   behalf of the debtors.  The 25th, Friday, would work for us.

20   The week of the 28th, my understanding is that one of our

21   witnesses whom we've already identified to the -- the Guild and

22   the US Trustee, is -- is not available in addition to Yom

23   Kippur.  So if we could schedule it for September 25th, that

24   would be ideal for us.

25             THE COURT:  Okay.  How about for the --

1       MR. PAUL:  Your Honor, this is Robert Paul.  The 25th

2   of September for the Guild would be fine.

3       THE COURT:  Okay.  September 25th at 10:00.

4       Now, let me hear from the Guild and the US Trustee on

5   the proposed scheduling of a briefing schedule.

6       MR. SIMON:  Your Honor, this is Chris Simon for the

7   Guild.  I, and my co-counsel, are -- are digesting these

8   documents.  We've just received these -- these documents.  And

9   we would like, you know, the opportunity to -- to review them

10  and prepare an adequate supplement.  You know, we will work at

11  the schedule directed by the Court.

12      I think Friday, the 28th of August, two weeks from

13  today, is -- is candidly premature for a response.  We'd like

14  to file a response or a supplemental response, but two weeks

15  from today, I think, is a little bit tight for us.  We would

16  also like to take a deposition, at least.  And to the extent we

17  want to add facts to -- from the deposition, or statements from

18  the deposition, to any supplemental response, we think we'd,

19  you know, like to conduct that deposition before filing a

20  response.

21      So we were candidly trying -- looking at the calendar

22  and -- and looking at the week of September 7th, perhaps, to --

23  to try to take a deposition.  And, you know, that would put our

24  response sometime, you know, after that.  But, you know, we

25  certainly -- we'll work to get it done.  I just -- I think two

Colloquy                                              9

1    weeks is -- is too fast.

2           MR. LOTSOFF:  Your Honor -- and I didn't mean to cut

3    you off, Chris, if you're -- if you have more to say.

4           MR. SIMON:  It depends on what you say.  But go

5    ahead.

6           MR. LOTSOFF:  Sure.  This is Jonathan Lotsoff with

7    the debtors.  Might I respond briefly, Your Honor?

8           THE COURT:  Go ahead.

9           MR. LOTSOFF:  You know, again, our position would be

10   is we're trying to balance the -- the need for discovery here.

11   And we've complied fully and promptly against concerns about

12   delay.  And we don't want to bump up too close to the September

13   25th date as it's been set.  We also do have an objection to,

14   you know, the taking of -- of depositions.  It's not our intent

15   to take any depositions here.  And, you know, our concern is,

16   again, this just lengthens the process.

17          As, I believe, Mr. Paul said, they want to, over the

18   next week or two or however long they're reviewing the

19   documents, have the opportunity to call us and ask, you know,

20   questions informally about the documents.  We have already

21   cooperated extensively in -- in doing so, and -- and will

22   continue to do so, and think that that's a more expeditious way

23   to do it than scheduling a deposition, and then you have to

24   have a transcript prepared.  And, you know, it just stretches

25   out the entire process.

1          THE COURT:  Well, is it the debtor's intention to

2     present an expert witness?

3          MR. LOTSOFF:  The -- a witness from Mercer, yes, in

4     support of the -- the Mercer report.  And obviously, you know,

5     we can discuss as it gets closer to the hearing whether we can

6     proffer testimony, as we did last time.  But it would be our

7     intention to present a witness from Mercer.

8          MR. SIMON:  Your Honor, this is Chris Simon.  And I

9     don't want to belabor the record on this, but I -- you know, I

10    do feel strongly that, you know, we're -- the Guild is going to

11    work as efficiently as possible and effectively as possible on

12    a short track.  We don't want to show up for a contested

13    hearing with witnesses and be examining witnesses for the first

14    time in that context.  I don't think it's --

15         THE COURT:  And I --

16         MR. SIMON:  -- sufficient for the parties or the

17    Court.

18         THE COURT:  And from the Court's standpoint, that's

19    not preferable either.  I find that it makes the examination

20    much less deficient and usually takes longer.  Well --

21         MR. SIMON:  Your Honor, also -- this is Chris Simon

22    again.  I -- you know, I -- I know that the debtors want to

23    file a -- a reply.  I am not generally opposed to anybody

24    having as much briefing as possible before a Court, before a

25    hearing, but, you know, we -- we feel that we should be able to

1    file the objection relatively close to the hearing.  And, you

2    know, the Court ought to have time to review it.  But we don't

3    -- I don't think briefing in this case needs to be the central

4    theme at this point.  I think if we're going to have a

5    contested hearing, it's -- it's going to get down to facts and

6    those things at the hearing.  And we'd rather have more time to

7    conduct the discovery and -- and less time to brief, once we

8    have the discovery.

9         MR. LOTSOFF:  Your Honor, it's Jonathan Lotsoff with

10   the debtors.  Might I respond to that?

11        THE COURT:  You may.

12        MR. LOTSOFF:  You know, I -- I do have some concern

13   about basically the entire period between now and the hearing

14   being devoted to -- you know, the Guild conducting their

15   discovery and then filing their response, and us not having an

16   opportunity, and, indeed, a sufficient opportunity, to reply.

17   I mean, they've requested information.  We've supplied, I

18   believe, it's 140 electronic files.  And we'll work with them

19   to answer the questions they may have.

20        But, you know, we don't know what arguments they're

21   going to make based on that information, what information they

22   rely upon.  And we think it's fair that we be given, if there's

23   going to be discovery, an opportunity to file a supplemental

24   reply and to have a sufficient period, you know, to do so.

25        THE COURT:  Well, let's, again, work backwards.  The

Colloquy                                    12

1    hearing is going to be at 10:00 on September 25th.  I would

2    like all of the submissions filed and delivered to chambers by

3    noon on Friday the 18th of September.  So, basically, you have

4    about -- that's five weeks between today and the time all the

5    submissions are due.

6         I do -- I do think it's appropriate for the debtor to

7    have an opportunity to reply.  And it seems to me we can make

8    that the time that the submissions are due on the 11th.  And

9    then we can work backwards from there.  I think it may be

10   better -- it doesn't sound to me as if the parties have talked

11   -- and this is not a criticism -- about drilling down

12   specifically on what, besides briefing, ought to happen between

13   now and then.  Or maybe you'll tell me that you have and you've

14   simply not been able to agree.  Tell me which that is.

15        MR. LOTSOFF:  Your Honor, it's Jonathan Lotsoff on

16   behalf of the debtors.  We did speak in advance.  And we agreed

17   on those things that we could agree upon, such as the fact

18   that, you know, there would be a briefing scheduling and things

19   of that nature and, again, us providing that additional piece

20   of information that the union had requested.  But I think we

21   just had a difference of opinion as to the scope of discovery

22   and -- and the scheduling.

23        Could I ask a point of clarification?  You had

24   mentioned a date for the debtors' reply.  And I thought you

25   said that it would be due, Your

1   Honor --

2           THE COURT:  I -- I said the 11th.  I meant the 18th.

3           MR. LOTSOFF:  Okay.  That's what I wanted to clarify.

4           THE COURT:  Yes.

5           MR. LOTSOFF:  I mean, we would propose, if we could

6   get a week to respond to their -- the Guild's response and the

7   US Trustee's response, an expert report as applicable that, you

8   know, the 11th would be an appropriate date for that filing.

9           THE COURT:  And that's -- that's three weeks from

10  now.  I'm sorry, that's four weeks from now.  Yes.  And I do

11  think that's appropriate.  Okay.

12          MR. SIMON:  Your Honor, this is Chris Simon.  I -- on

13  the discovery issues, I -- what we'd request is for any

14  witnesses they intend to call is -- is witnesses at the

15  hearing, we'd appreciate getting those names very soon.  And,

16  you know, that way the parties can work on perhaps scheduling

17  the depositions or deposition, whatever it might be.

18          THE COURT:  Yes.  I mean, it seems to me the parties

19  ought to be able to tell each other who they intend to use as

20  witnesses within a week from today.  Is there any problem with

21  that?

22          MR. LOTSOFF:  This is Jonathan Lotsoff on behalf of

23  the debtors.  We've already provided our -- the witnesses we

24  anticipate calling in our direct case to the Guild as part of

25  the last hearing.  So we'd be fine with that.  Obviously,

1    depending on what we see in their response, there may be a

2    rebuttal witness, but, you know, at this point, we're fine with

3    that.

4            THE COURT:  Okay.

5            MR. PAUL:  Your Honor, this is Robert Paul for the

6    Guild.  Since we just received the documents in the last 24

7    hours or so, it -- and need to obviously go through and digest

8    them and determine what we want to present to the Court, it

9    would be difficult for us by a week from today to identify who

10   we would propose to call as a witness.

11           THE COURT:  Well, how much time do you think you

12   need?

13           MR. PAUL:  Well, Your Honor, if we could identify our

14   witnesses on the 11th, when we file our supplemental filing

15   with the Court, would that not suffice?

16           THE COURT:  No, I'll give you to the 20th.  I'm

17   sorry, to the 27th of August.  Okay.  What else?

18           MR. LOTSOFF:  Your Honor, have we resolved the issues

19   of depositions?  Because I know that we interposed an

20   objection, and I'm just not sure where we stand on -- on that.

21           THE COURT:  Well, it seems to me that each side ought

22   to have the opportunity to depose any witness that the other

23   side intends to use at the hearing.  And, particularly, if

24   there's an expert to be presented by one or both sides.

25           MR. LOTSOFF:  And that would be an opportunity

Colloquy                                      15

1    available to the debtors as well?

2                THE COURT:  Yes.  Absolutely.

3                MR. LOTSOFF:  Did Your Honor wish to have a pretrial

4    order filed --

5                THE COURT:  Well --

6                THE COURT:  -- pretrial memorandum filed in advance

7    of the hearing, or do these briefings suffice?

8                THE COURT:  Let me put it this way.  The pretrial

9    order is usually very helpful to me.  But I understand that

10   we're on a compressed schedule here.  So what I would ask is

11   that at the time that I've asked that all submissions be made,

12   the parties do the best they can, using the form that's on the

13   web site that I use for adversaries, but, again, paring it down

14   and tailoring it to your needs, and understanding that you're

15   on a compressed schedule, and it might not otherwise be as

16   complete as it -- as I would normally expect -- for example, I

17   don't want you to burn time arguing for days and weeks about

18   what facts you can agree to.  Do what you can and go from

19   there.

20                MR. LOTSOFF:  Okay.  Thank you, Your Honor.

21                THE COURT:  Are there any other questions?

22                MS. STICKLES:  Your Honor, this is Kate Stickles.  I

23   just wanted to clarify one point.  You indicated you wanted all

24   submissions by the 18th at noon.  Would that also include the

25   agenda?

Colloquy                                    16

1          THE COURT:  Yes.

2          MS. STICKLES:  Okay.

3          THE COURT:  Let's have it all done by then.  It will

4   give me -- I'd like to take the time -- I'd like to have that

5   time to -- to prepare.

6          MS. STICKLES:  Certainly.

7          MR. LOTSOFF:  In terms of the -- this is Jonathan

8   Lotsoff again.  In terms of the length of the hearing, Your

9   Honor, on the 25th --

10          THE COURT:  Yes.

11          MR. LOTSOFF:  -- I don't know if you're -- if the

12   Court would care to hear about our estimate, but just for

13   planning purposes, obviously, our direct case would not take

14   three to four hours, but from where I stand today, I -- I could

15   see the hearing, as -- as a whole, you know, being within that

16   -- that range.  I don't know if Mr. Simon has any thoughts on

17   that, but I thought we would just -- it might be helpful to vet

18   that issue, so if there are any problems there, we could

19   address them.

20          THE COURT:  Mr. Simon?  Mr. Paul?

21          MR. SIMON:  Your Honor, this is Chris Simon.  I've

22   never been right on -- on estimating how much time it will

23   take.  I -- I'm sorry, I would hope we would be as efficient as

24   possible.

25          MR. LOTSOFF:  As would we.

Colloquy                                    17

1          THE COURT:  All right.  Well, I've set aside four

2     hours for you.  Hopefully, we'll be concluded by then or before

3     then.  I did not -- and, again, the reason -- one of the

4     reasons for rescheduling was I -- I didn't think -- on a

5     separate day, I didn't think this was an hour matter in any

6     event.

7          Okay.  Anything further for today?  US Trustee wish

8     to be heard about anything?

9          MR. MCMAHON:  Your Honor, good afternoon and thank

10    you.  Joseph McMahon for the acting United States Trustee.

11    Obviously, we're planning on being heard in connection with the

12    contested matter.  The schedule that the Court has outlined for

13    us, we will live by the witness identification date of the 27th

14    and the rest of the deadlines.

15         THE COURT:  All right.  Does the US Trustee intend to

16    present any -- any witnesses?

17         MR. MCMAHON:  Your Honor, at this no.  Although, I

18    would like to consult back internally.  And to the extent that

19    we -- we do have witnesses to identify, we will do so for the

20    parties.

21         THE COURT:  Yes.  And if you do, I'd like you to join

22    in the joint pretrial memorandum, Mr. McMahon.

23         MR. MCMAHON:  Understood, Your Honor.

24         THE COURT:  Okay.  Anything further for today,

25    counsel?

18

1          MR. SIMON:  Your Honor, this is Chris Simon for the

2     Guild.  I have nothing further.

3          MR. LOTSOFF:  Jonathan Lotsoff for the debtors,

4     nothing further here.

5          THE COURT:  All right.  Thank you all very much.

6     Good weekend to you all.

7          MR. LOTSOFF:  Thank you, Your Honor.

8          MR. SIMON:  Thank you, Your Honor.

9          MS. STICKLES:  Thank you, Your Honor.

10          THE COURT:  That concludes this hearing.

11          MR. PAUL:  Thank you, Your Honor.

12          MR. MCMAHON:  Thank you, Your Honor.

13          THE COURT:  Court will stand adjourned.

14               (Proceedings concluded at 2:27 p.m.)

15                    * * * * *

16

17               C E R T I F I C A T I O N

18

19     I, Brenda Boulden, court approved transcriber, certify

20     that the foregoing is a correct transcript from the official

21     electronic sound recording of the proceedings in the above-

22     entitled matter.

23

24     _____          _____

25     DATE                              BRENDA BOULDEN