# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | *udc doo* |

## ORDER (I) APPROVING FORM AND SCOPE OF NOTICE OF PROPOSED BUSINESS COMBINATION INVOLVING CUBS BUSINESS TO CREDITORS AND PARTIES-IN-INTEREST OF TRIBUNE DEBTORS AND CUBS ENTITIES, (II) APPROVING PROCESS FOR EFFECTING PROPOSED BUSINESS COMBINATION AND SETTING TRANSACTION HEARING AND RELATED DEADLINES, AND (III) APPROVING CERTAIN INVESTOR PROTECTIONS

Upon the motion (the "Notice and Procedures Approval Motion")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Tribune

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Motion.

Debtors") for entry of an order pursuant to Sections 105(a), 363(b) and 503(b) of title 11 of the United States Code and Federal Rules of Bankruptcy Procedure 2002, 6004 and 9007 (i) approving the form and scope of the notice of the Proposed Business Combination involving the Cubs Business to creditors and parties-in-interest of the Tribune Debtors and the Cubs Entities, (ii) approving the process for effecting the Proposed Business Combination and setting the date of the Tribune Transaction Approval Hearing and the date of the CNLBC Transaction Approval Hearing (as each term is defined below) and related deadlines, and (iii) approving the proposed Investor Protections, all as more fully set forth in the Notice and Procedures Approval Motion; and upon consideration of the Notice and Procedures Approval Motion and all responses thereto; and due and proper notice of the Notice and Procedures Approval Motion having been given under the circumstances, in accordance with this Court's prior order respecting such notice; and, subject to the Cubs Entities Reservation (as defined below), it appearing that this Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157; and any and all objections to the relief requested in the Notice and Procedures Approval Motion having been heard and overruled; and it appearing that the relief requested is in the best interests of the Tribune Debtors, their estates and creditors, it is hereby

ORDERED, that the Notice and Procedures Approval Motion is granted to the extent set forth in this Order; and it is further

ORDERED, that the hearing on the Tribune Transaction Approval Motion to consider approval of the Proposed Business Combination (the "Tribune Transaction Approval Hearing") shall occur on September 24, 2009 at 10:00 a.m. (prevailing Eastern time) at the United States

Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court"); and it is further

ORDERED, that, unless notice of re-scheduling of such hearing is provided by the Tribune Debtors, a time before the Bankruptcy Court for a hearing in the anticipated chapter 11 case of Chicago National League Ball Club, LLC ("CNLBC") to consider approval of the Proposed Business Combination (the "CNLBC Transaction Approval Hearing") has been set for October 1, 2009 at 1:30 p.m. (prevailing Eastern time) at the Bankruptcy Court; and it is further

ORDERED, that in the event the Escrow Closing (as defined in the Motion and the Formation Agreement) has not occurred prior to the date established above for the CNLBC Transaction Approval Hearing, the Tribune Debtors are authorized without further order of the Court to re-notice the CNLBC Transaction Approval Hearing for October 13, 2009 at 1:30 p.m. (prevailing Eastern time) at the Bankruptcy Court; and it is further

ORDERED, that if the date and time of the CNLBC Transaction Approval Hearing are changed, such changes may be re-noticed by the Tribune Debtors and/or CNLBC by (i) filing the notice of the rescheduled hearing in the above-captioned cases and any chapter 11 cases initiated by the Cubs Entities at the time notice is given, (ii) posting notice of the rescheduled date and time for the CNLBC Transaction Approval Hearing on the Tribune Debtors' website at http://chapter11.epiqsystems.com/tribune; (iii) by mailing notice of the rescheduled date and time to those creditors and other parties-in-interest that have requested to receive notices in the Tribune Debtors' chapter 11 cases (including any creditors or parties-in-interest of the Cubs Entities that have made such a request to receive notices); and (iv) mailing notice of the rescheduled date and time to (a) the twenty largest creditors of the each of the Cubs Entities

3

anticipated to file chapter 11 cases, as reflected in the books and records of the Cubs Entities and (b) the United States Trustee.

ORDERED, that the Tribune Debtors are authorized to provide notice in the form referenced herein that any and all objections to the Proposed Business Combination (including any of the transactions contemplated by the Formation Agreement and/or any of the Ancillary Agreements) by any and all parties in interest relating to the Tribune Debtors, CNLBC, or the other Cubs Entities shall be filed and served upon (i) counsel to the Tribune Debtors, (ii) counsel to the Bidder, (iii) counsel to the Official Committee of Unsecured Creditors, (iv) counsel to the Steering Committee of the Tribune Debtors' prepetition lenders, and (v) the Office of the United States Trustee on or before 4:00 p.m. (prevailing Eastern time) on September 17, 2009 (the "Objection Deadline"); and it is further

ORDERED, that service of the form of notice of the Proposed Business Combination attached to the Motion as Exhibit A (the "Transaction Notice") by mailing such notice via first-class United States mail more than twenty (20) days prior to the date scheduled above for the Tribune Transaction Approval Hearing to (a) creditors of the Cubs Entities known to the Cubs Entities from their books and records (as identified through the Tribune Debtors' and the Cubs Entities' best efforts); (b) all counterparties to Cubs Executory Contracts to which any of the Tribune Debtors or the Cubs Entities are parties (as identified through the Tribune Debtors' and the Cubs Entities' best efforts); (c) all parties who previously expressed a serious interest in acquiring the Cubs Business; (d) the Office of the United States Trustee; (e) counsel for the Official Committee of Unsecured Creditors; (f) counsel for the Steering Committee of lenders under the Tribune Debtors' prepetition loan facilities; (g) counsel for the administrative agents for the Tribune Debtors' postpetition loan facility; (h) representatives of Major League Baseball;

and (i) all parties that have requested to receive notices in the Tribune Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure shall, subject to the Cubs Entities Reservation (as defined below), be deemed to have actual notice of the Tribune Transaction Approval Hearing and sufficient opportunity to raise objections, if any, to the Proposed Business Combination; and it is further

ORDERED, that, subject to the Cubs Entities Reservation, implementation of such program of mailed notice, together with publication of the notice attached to the Motion as Exhibit C, shall constitute good and sufficient notice of the Motion; and it is further

ORDERED, that, subject to the Cubs Entities Reservation, the form of mailed notice attached to the Motion as Exhibit A, and the form of publication notice attached to the Motion as Exhibit C, are approved as containing adequate and sufficient information to apprise creditors and parties-in-interest of the Objection Deadline, the Tribune Transaction Approval Hearing, the Tribune Transaction Approval Motion, the CNLBC Transaction Approval Motion and the CNLBC Transaction Approval Hearing and their opportunity to be heard at such hearings and with respect to such motions; and it is further

ORDERED, that, subject to the Cubs Entities Reservation, any creditor or party-in-interest of any of the Tribune Debtors, CNLBC, and/or any of the Cubs Entities, who wishes to object to the Proposed Business Combination, or any of the transactions contemplated by the Formation Agreement and/or any of the Ancillary Agreements is required to serve and file such objection on or before the Objection Deadline; and it is further

ORDERED, that this Order is without prejudice to any order entered in any chapter 11 proceeding(s) for CNLBC or any of the other Cubs Entities related to the CNLBC Transaction Approval Hearing regarding the adequacy of notice or the Objection Deadline provided for under

this Order with respect to parties in interest in such proceeding(s), including any determination therein whether or not the notices and Objection Deadline provided for herein are or are not adequate and binding upon such parties in interest (the provisions of this paragraph, the "Cubs Entities Reservation"); and it is further

ORDERED, that this Order is without prejudice to, and fully reserves, all rights of all parties (including, without limitation, the Pension Benefit Guaranty Corporation and the Official Committee of Unsecured Creditors) with respect to all issues respecting the disposition of any cash proceeds of the Proposed Business Combination; and it is further

ORDERED, that given the marketing process for the Cubs Business described in the Notice and Procedures Approval Motion and the exhibits, declarations and other evidence submitted to the Court in support thereof, no other or further auction or other marketing process for the Cubs Business shall be required; and it is further

ORDERED, that the Investor Protections are approved as reasonable and necessary and are immediately enforceable according to their terms; and it is further

ORDERED, that Debtor Tribune Company is authorized and directed, subject to and solely in accordance with the terms and conditions of the Formation Agreement, to pay any of the Payment Amounts described in the Notice and Procedures Approval Motion, without further order of the Court, upon the occurrence of the necessary preconditions thereto as set forth in the Formation Agreement; and it is further

ORDERED, that the Tribune Debtors are authorized and directed to take such steps, incur and pay such costs, and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: Wilmington, Delaware
       Aug 31    , 2009

                                                                    _____
                                                                    The Honorable Kevin J. Carey
                                                                    United States Bankruptcy Judge