# EXHIBIT 2

# BLACK LINED REVISED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING DEBTORS' FIFTH OMNIBUS MOTION TO REJECT CERTAIN LEASES OF NONRESIDENTIAL REAL PROPERTY AND RELATED EXECUTORY CONTRACT PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

Upon the Motion[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") for entry of an order, pursuant to section 365 of the Bankruptcy Code, authorizing the Debtors to reject certain unexpired leases of nonresidential real property and a related executory contract; and upon consideration of the Motion and all pleadings related

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Supplemental Motion.

CH1 4847037v.12

thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors' rejection of the Leases and Utility Agreement, as of August 31, 2009, is hereby approved; and it is further

ORDERED that the Debtors are authorized to abandon any unsold trade fixtures or the personal property located at any of the Premises subject to rejection and the Landlords are authorized to dispose of such abandoned property; and it is further

ORDERED that the Debtors do not waive any claims they may have against any of the parties under the Leases and/or the Utility Agreement, as applicable, whether or not related to the Leases or Utility Agreement; and it is further

ORDERED that the rejection of the Leases and the Utility Agreement is without prejudice to the Debtors' right to dispute any claims made with respect to such rejections and/or any administrative claims asserted in these chapter 11 cases; and it is further

ORDERED that any Landlord whose Lease is subject to rejection shall file a proof of claim for rejection damages, if any, by sending such proof of claim to Tribune Company Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor,

New York, NY 10017, **so that it is received on or before thirty (30) days after entry of this Order, or be** forever barred from asserting such a claim; and it is further

ORDERED that the respective rights of 57-11 49th Place and InsertCo (each a "Party" and, collectively, the "Parties") in and to any and all deposits provided by InsertCo to 57-11 49th Place shall be unaffected by this Order, and shall be the subject of a further agreement or agreements by the Parties or, failing any such agreement(s), determination by the Court; and it is further

ORDERED that 57-11 49th Place shall be permitted to hold the Deposit until the earlier of (i) such time as the Court determines, after due notice and a hearing, which Party is properly entitled to the Deposit, or (ii) upon the mutual agreement of the Parties as to the rightful entitlement to the Deposit, neither of which shall occur before thirty (30) days after entry of this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
_____, 2009

                                                                The Honorable Kevin J. Carey
                                                                Chief United States Bankruptcy Judge