# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 1824** |

## AFFIDAVIT OF SCOTT SMITH IN SUPPORT OF APPLICATION OF DOWNEY, SMITH & FIER FOR ALLOWANCE AND PAYMENT OF CONTINGENCY FEE FOR SERVICES RENDERED TO DEBTOR LOS ANGELES TIMES COMMUNICATIONS, LLC IN THE ORDINARY COURSE OF BUSINESS

STATE OF CALIFORNIA  )
                     )  ss:
COUNTY OF LOS ANGELES )

I, Scott Smith, being duly sworn, depose and say as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5960297v1

1. I am a partner in Downey, Smith & Fier ("DSF"), state and local tax advisor for Los Angeles Communications, LLC ("Los Angeles Times"), one of the affiliated companies that filed voluntary petitions for relief in the above-captioned chapter 11 cases (collectively, the "Debtors"). I am authorized to make this affidavit (the "Affidavit") on DSF's behalf.

2. On July 24, 2009, the Application (the "Application") of Downey, Smith & Fier for Allowance and Payment of Contingency Fee for Services Rendered to Debtor Los Angeles Times Communications, LLC in the Ordinary Course of Business (Docket No. 1824) was filed with the Court. By the Application, DSF seeks allowance and payment of a contingent fee in the amount of $526,944.00 relating to sales and use tax recoveries obtained on behalf of the Los Angeles Times from the California State Board of Equalization (the "BOE"). The Application contained, as Attachment 2, DSF's invoice, together with the BOE notice of refund and a copy of the check paid to the Los Angeles Times.

3. This Affidavit supplements the Application and provides further explanation with respect to the line item identified as "Accounts Payable Audit Assessment", in the amount of $160,008, set forth on page 2 of Attachment 2 to the Application. Specifically, the $160,008 reflects the California Use Tax identified by the BOE auditor. The auditor assessed the tax on purchases of tangible personal property (mostly software) made by the Los Angeles Times that lacked sufficient documentation exempting the purchase from California Use Tax. A portion of the total refund was offset by the assessment and, as such, the "Refund Check" reflects an offset taken by the BOE because of the auditor's finding that the Los Angeles Times' underpaid California Use Tax. This offset was unrelated to the services performed by DSF, and therefore, was added back to the net refund to compute the total value provided by DSF.

46429/0001-5960297v1

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of September, 2009.

Scott Smith, Partner
Downey, Smith & Fier

Sworn and subscribed to before me this 1 day of September, 2009.

NOTARY PUBLIC



LINDA DUARTE
Commission # 1660323
Notary Public - California
Los Angeles County
My Comm. Expires May 21, 2010

3

46429/0001-5960297v1