**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ------------------------------------------------------------ x | Chapter 11 |  |
| In re: | : |  |
|  | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | Jointly Administered |
|  | : |  |
| Debtors. | : |  |
| ------------------------------------------------------------ x |  |  |

**SUPPLEMENTAL DECLARATION OF THOMAS G. MACAULEY IN SUPPORT**
**OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ORDER AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF ZUCKERMAN SPAEDER LLP AS SPECIAL COUNSEL**

I, Thomas G. Macauley, hereby state as follows:

1. I am an attorney at law admitted to practice before this Court and a partner in the firm of Zuckerman Spaeder LLP ("Zuckerman"), which maintains (i) a principal office for practice of law at 1800 M Street, N.W., in Washington, D.C. and (ii) regional offices for the practice of law in New York City, Baltimore, Tampa, and here in Wilmington. I am duly authorized to make this Supplemental Declaration on behalf of Zuckerman.

2. This Supplemental Declaration supplements my Declaration in support of the Application of the Official Committee of Unsecured Creditors (the "Creditors' Committee") for an order authorizing the employment and retention of Zuckerman as special counsel (the "Application"). The facts set forth in this Supplemental Declaration are personally known to me and, if called as a witness, I would testify to them. Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Application.

3. The Application sets forth the tasks for which the Creditors' Committee seeks to retain Zuckerman. One of the tasks is to prosecute litigation, if necessary, relating to the

2353175.2

Debtors' obligations under the so-called Senior Credit Facility and Bridge Facility entered into by the Debtors in connection with the Leveraged ESOP Transactions.

4.  Zuckerman has concluded based on the information available to it and its understanding of the potential litigation that the Delaware Lawyers' Rules of Professional Conduct would not restrict Zuckerman's ability to prosecute such litigation.

5.  Further to the disclosures made in my original Declaration, I have since learned that Zuckerman currently represents Warner Bros. Television, a member of the Creditors' Committee, in a matter unrelated to the chapter 11 cases.

I hereby verify under penalty of perjury that the foregoing is true and correct.

Dated: September 2, 2009

_____
Thomas G. Macauley