# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: October 6, 2009 at 1:00 p.m. EDT**<br>**Objection Deadline: September 29, 2009 at 4:00**<br>**p.m. EDT** |

## DEBTORS' FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

### ("DUPLICATE CLAIMS")

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibit A to this Objection. The grounds for the Objection are set forth herein.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC, KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on <u>Exhibit A</u> of this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this fourth omnibus objection (the "<u>Objection</u>") to each of the claims (the "<u>Disputed Claims</u>") listed on <u>Exhibit A</u> attached hereto and to the proposed order submitted herewith (the "<u>Order</u>"), pursuant to Section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and request the entry of an order expunging and disallowing the Disputed Claims as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "<u>Bigelow Declaration</u>"), attached hereto as <u>Exhibit B</u>.  In further support, the Debtors respectfully state as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "<u>Petition Date</u>"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2

4.      On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee. The Committee has been apprised of the relief requested herein.

5.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (the "Schedules") [Docket Nos. 567-789]. On April 13, 2009, the Debtors filed their amended Schedules. [Docket Nos. 894-957]. On June 12, 2009, the Debtors filed their second amended Schedules. [Docket Nos. 1343-1453].

6.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date. The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith.

7.      Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. See Affidavit of Mailing [Docket No. 1073] and Supplemental Affidavit of Mailing [Docket No. 1129]. In addition to mailing such actual notice, the Debtors also published notice

of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

8.    To date, more than 6,150 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

9.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## RELIEF REQUESTED

10.    By this Objection, the Debtors seek entry of the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, disallowing in full and expunging each of the Disputed Claims identified on Exhibit A as filed claims representing a duplicate claim for the same debt, in the same amount, as already represented by another claim filed against the same Debtor by the same creditor (the "Duplicate Claims").[2] This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

11.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

---

[2] Certain of the Duplicate Claims assert unliquidated and/or undetermined amounts. The Debtors have attempted, where possible, to identify such claims on Exhibit A. This Objection shall (i) not preclude a claimant from pursuing the allowance of Remaining Claims, including any unliquidated and/or undetermined amounts asserted therein, nor (ii) preclude the Debtors from objection to such Remaining Claims, including any unliquidated and/or undetermined amounts asserted therein.

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
>> (1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

12.    The Duplicate Claims set forth under the column heading "Duplicate Claims" on Exhibit A are those Disputed Claims that are duplicates of other claims filed by or on behalf of the same claimant in respect of the same liabilities. The Debtors should not be required to pay a claimant twice on the same obligation or debt. Moreover, elimination of redundant claims will enable the Claims Register to reflect more accurately the claims asserted against the Debtors. Accordingly, the Debtors seek to disallow in full and expunge the Duplicate Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

13.    If the Debtors' objection to the Duplicate Claims is sustained, the claims listed under the column "Remaining Claims" will remain on the Claims Register (the "Remaining Claims") as outstanding liabilities, subject to the Debtors' right to object on any other grounds that bankruptcy or non-bankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a). The claimants will suffer no prejudice because the Remaining Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Remaining Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections.

14.     For these reasons, the Debtors object to the allowance of each of the Duplicate Claims and request that such Duplicate Claims be disallowed in their entirety and expunged.

## RESERVATION OF RIGHTS

15.     The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on <u>Exhibit A</u> to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

16.     Notwithstanding anything contained in this Objection or in <u>Exhibit A</u> attached to this Objection and to the Order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of claims subject to this Objection.

## NOTICE

17.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for the Debtors' prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on <u>Exhibit A</u>; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging each of the Duplicate Claims set forth on <u>Exhibit A</u>; (ii) authorizing the Claims Agent to expunge the Disputed Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
September 4, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. McClelland
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

7