# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Ref. Docket No. 2004<br>Hearing Date: Sept. 24, 2009 at 10:00 a.m. ET<br>Objection Deadline: Sept. 17, 2009 at 4:00 p.m. ET |

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR ORDER AUTHORIZING TRIBUNE DEBTORS TO FILE UNDER SEAL CERTAIN EXHIBITS AND SCHEDULES TO FORMATION AGREEMENT RELATING TO PROPOSED BUSINESS COMBINATION

The debtors and debtors in possession in the above-captioned chapter 11 cases (the "Tribune Debtors") hereby submit this motion (the "Motion") requesting that the court enter an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to file under seal certain exhibits and schedules to that certain Formation Agreement dated as of August 21, 2009 (the "Formation Agreement"), which is itself filed as Exhibit A to the Tribune Debtors' Motion for Orders Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 (I) Authorizing Tribune Debtors and Cubs Entities to (A) Enter Into and Perform Obligations under Formation Agreement and Ancillary Agreements, (B) Effect Proposed Business Combination Respecting Cubs-Related Assets, Interests in Wrigley Field, Comcast Sports Net and Related Assets Free and Clear of All Liens, Claims, Rights, Interests and Encumbrances, and (C) Assume and Assign Executory Contracts; (II) Authorizing Debtor Tribune Company to Enter Into Guarantees of Debt Financing; (III) Authorizing Debtors WGN Continental Broadcasting Company and Tribune Company to Enter Into and Perform Obligations Under Radio and Television Broadcast Agreements; and (IV) Granting Related Relief (the "Tribune Transaction Approval Motion") (Docket No. 2004). By the Tribune Transaction Approval Motion and the materials filed therewith, and by additional materials to be filed with the Bankruptcy Court as described in the Tribune Transaction Approval Motion, the Tribune Debtors seek Bankruptcy Court approval of a proposed business combination involving the business, operations and assets of the Chicago Cubs Major League Baseball franchise (as described in the Tribune Transaction Approval Motion, the "Proposed Business Combination"). In support of this Motion, the Tribune Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), the Tribune Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2

46429/0001-5969809v2

2. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Tribune Debtors' chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

3. The Tribune Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors Committee"). No request has been made for the appointment of a trustee or examiner.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## RELIEF REQUESTED

6. By this Motion, the Tribune Debtors respectfully request that the Court enter an order authorizing the Tribune Debtors to file under seal certain exhibits and schedules to the Formation Agreement and directing that those exhibits and schedules remain under seal until further order of the Court. The Tribune Debtors filed with the Bankruptcy Court the Tribune Transaction Approval Motion and the Formation Agreement, among many other pleadings and documents relating to the Proposed Business Combination. Certain material, non-confidential

46429/0001-5969809v2

exhibits to the Formation Agreement were also filed with the Bankruptcy Court together with the Formation Agreement.[2]

7. Certain of the exhibits to the Formation Agreement, however, contain information that is of a sensitive and confidential nature to the Tribune Debtors and the Chicago Cubs Major League Baseball franchise. Specifically, those documents consist of (i) the radio and television broadcast rights agreements between Chicago Baseball Holdings, LLC ("Newco") and Debtor WGN Continental Broadcasting Company ("WGN"), which are Exhibits P-1 and P-2 to the Formation Agreement, and (ii) Schedule 5.1(c) (Certain Employment Agreements).

8. Each of those documents contains confidential business information relating to the Cubs franchise. Specifically, the two broadcast rights agreements will govern the terms of the ongoing radio and television broadcast relationships between the Cubs franchise and WGN, which, as described in more detail in the Tribune Transaction Approval Motion, have existed for more than 80 years in the case of the radio broadcast relationship, and more than 60 years in the case of the television broadcast relationship. Each of those documents contains commercial terms – most notably relating to pricing – that both Ricketts Acquisition LLC, the intended majority owner of Newco, and WGN consider confidential, proprietary, and commercially and competitively sensitive. Newco and WGN understandably do not want the terms related to the programming disseminated publicly, where they could be used by competitors or customers against them. Accordingly, in order to protect Newco's and WGN's legitimate commercial interests, the Tribune Debtors seek for the restated radio and television broadcast agreements to be filed under seal.

---

[2] Non-material exhibits to the Formation Agreement, as well as the schedules to the Formation Agreement, were not filed with the Formation Agreement. Material exhibits to the Formation Agreement, however, were filed with the Bankruptcy Court at the same time as the Formation Agreement.

46429/0001-5969809v2

9.  Similarly, Schedule 5.1(c) to the Formation Agreement contains certain confidential information relating to an employment agreement involving one of the officers of CNLBC. CNLBC, the Bidder, and the Tribune Debtors would be harmed by the public disclosure of the information contained therein, and accordingly request that the Schedule be filed under seal with the Court.

## BASIS FOR RELIEF REQUESTED

10.  Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. That section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret of confidential research, development or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

11.  Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the Bankruptcy Code section 107(b), and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018.

12.  It is well-recognized that section 107(b) of the Bankruptcy Code constitutes a narrow exception to the general rule of public access to court papers. See 11 U.S.C.

§107(a); see also In re Northstar Energy, Inc., 315 B.R. 425, 428 (Bankr. E.D. Tex. 2004). For the Court to seal court records, filings, and papers pursuant to its authority under section 107(b), the party seeking to have such materials sealed must demonstrate "that the interest in secrecy outweighs the presumption in favor of access." In re Continental Airlines, Inc., 150 B.R. 334, 340 (D. Del. 1993) (citing In re Revco D.S., Inc., 1990 WL 269887 (Bankr. N.D. Ohio Dec. 30, 1990)), cf. In re Orion Pictures Corp., 21 F.3d 24 (2d Cir. 1994) (under the § 107(b)(1) exception, a party must demonstrate that the information it seeks to seal is "confidential" and "commercial" in nature). The ultimate purpose of the section 107(b)(1) exception is to avoid affording "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del 2006); see also In re Muma Services, Inc., 279 B.R. 478, 484 (Bankr. D. Del 2002) (citing In re Itel Corp., 17 B.R. 942, 944 (9th Cir. B.A.P. 1982)). Furthermore, the exception is designed "to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Global Crossing Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

      13.    The Tribune Debtors submit that the standard in this District for sealing a document or documents filed with the Court, as articulated in Continental Airlines, Alterra Healthcare, and Muma Services, is well met with respect to the agreements sought to be filed under seal. Disclosure of the radio and television broadcast agreements' contents, and the contents of the Schedule relating to employment agreements, in a manner other than under seal would publicly reveal confidential and sensitive information and would accordingly cause commercial injury to both the Tribune Debtors and Newco. Allowing the Transaction Documents to be filed under seal allows the Court to perform its functions in overseeing the case

while allowing the Tribune Debtors to proceed with the Proposed Business Combination without disclosing information that would be highly confidential in any business enterprise. For these reasons, the Tribune Debtors submit that filing the Transaction Documents under seal is warranted and should be approved by the Court.[3]

14.     The Tribune Debtors have also provided appropriate levels of disclosure concerning the agreements to major parties-in-interest in the Debtors' chapter 11 cases. The Tribune Debtors have made unredacted versions of the agreements and Schedule sought to be filed under seal available to counsel to both the Creditors Committee and the Steering Committee of the Tribune Debtors' prepetition lenders (the "Steering Committee"), as the two major organized creditors' constituencies in the Tribune Debtors' chapter 11 cases. The Tribune Debtors will also make the agreements and Schedule filed under seal available for review by the Office of the United States Trustee upon request. The Tribune Debtors are thus striking a sensible balance between the need for public disclosure of matters affecting them, on the one hand, and the legitimate confidentiality concerns of the Tribune Debtors and Newco, on the other hand. The relief sought herein should accordingly be granted.

---

[3] This Court has previously granted in these cases a motion by the Tribune Debtors to file broadcast rights agreements under seal on grounds similar to those articulated herein. See Order Authorizing Debtors And CBS To File Under Seal Unredacted Versions Of Certain Syndicated Program Agreements dated July 14, 2009 (Docket No. 1723).

46429/0001-5969809v2

8

## NOTICE

15. Pursuant to Bankruptcy Rule 9018, a motion to protect confidential information may be made "with or without notice." Accordingly, the Tribune Debtors have provided notice of the Motion only to the following parties: (i) the United States Trustee; (ii) counsel to the Creditors Committee; (iii) counsel to the administrative agent for the Tribune Debtors' prepetition loan facilities; (iv) counsel to the Steering Committee; (v) counsel to Newco; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002. The Tribune Debtors believe that such notice is adequate and sufficient under the circumstances of these cases.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Tribune Debtors respectfully request that the Court enter an order: (i) authorizing the Tribune Debtors, and directing the Clerk of the Bankruptcy Court, to file the restated radio and television broadcast agreements and Schedule 5.1(c) under seal; and (ii) granting such other and further relief as is necessary and just.

Dated: Wilmington, Delaware
September 4, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 574-2101

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-5969809v2