IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, *et al.*, | ) | Case No. 08-13141 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Re: Docket No. 2031 |
| | ) | **Hearing Date: September 24, 2009 at 10:00am (ET)** |
| | ) | **Objection Deadline: September 17, 2009 at 4:00pm (ET)** |

**LIMITED OBJECTION TO THE MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE OF TRIBUNE COMPANY, ITS AFFILIATES, AND CERTAIN THIRD PARTIES, OR ALTERNATIVELY, FOR THE APPOINTMENT OF AN EXAMINER**

The Robert R. McCormick Foundation and Cantigny Foundation (together, the "Foundations"), by and through their undersigned counsel, hereby object on a limited basis to the Motion of Law Debenture Trust of Company New York ("Law Debenture") for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Tribune Company, Its Affiliates, and Certain Third Parties, or Alternatively, for the Appointment of an Examiner [Docket No. 2031] ("Motion"). In support of their objection, the Foundations respectfully state:

**INTRODUCTION**

1. Although the Motion ostensibly seeks only an examination of Tribune Company, the Official Committee of Unsecured Creditors ("Committee"), and the pre-petition financial institutions and advisors involved with the LBO, upon closer inspection it becomes clear that Law Debentures' intention is to obtain very broad relief from the Court which would allow it to compel the Foundations to once again assume the significant burden of producing documents

QB\8744368.1

relating to the LBO, without further motion or opportunity to object. Hidden in a footnote, Law Debenture "reserves the right to serve additional supplemental document requests and to pursue additional depositions at a future date and to seek to uncover the facts from additional parties, *including, but not limited to current and former shareholders*." (Motion, p. 28 n.49) (emphasis added).

2.     Law Debenture is more forthright about its reasons for doing so; it believes that the payments made to shareholders for their tendered shares and for the conversion of shares outstanding after the tender offer are fraudulent transfers under Sections 544 and 548 of the Bankruptcy Code. (Motion, p. 2). In fact, Law Debenture asserts that publicly available information already forms a sufficient basis to bring such claims. (Motion, p. 24 n.42).

3.     However, Law Debenture fails to address head-on the request to examine former shareholders and it fails to establish good cause for any such examination. *See infra*, § I. The Foundations have already produced documents in response to extensive requests from the Committee, following the Committee's motion and pursuant to the Stipulation Resolving Motion of the Official Committee of Unsecured Creditors Filed on June 10, 2009, for an Order Authorizing the Examination of Robert R. McCormick Tribune Foundation and the Cantigny Foundation and the Production of Documents Pursuant to Bankruptcy Rule 2004 ("Stipulation"). Law Debenture has not so much as suggested that the Foundations' production under the Stipulation was in any way inadequate or that the Committee's examination of the Foundations was in any way contaminated by conflicts of interest. Nor has Law Debenture provided any reason that it could not obtain the documents produced by the Foundations more readily from the Committee than by compelling the Foundations to submit to another round of production. Rather, Law Debenture ignores the matter entirely, concealing the targets of its requested

examination in its Motion's footnotes. If Law Debenture wishes to conduct an examination of the Foundations, it should move to do so expressly, and establish cause for its request.

## ARGUMENT

### I.  Law Debenture Has Not Established Good Cause for the Discovery Sought.

4.  Law Debenture has not established good cause for an examination of the Foundations, as it is required to do. *See In re Wilcher*, 56 B.R. 428, 435 (Bankr. N.D. Ill. 1985) ("[T]he burden of showing good cause is an affirmative one and is not satisfied merely by showing that justice would not be impeded by a production of the requested documents."); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). "Generally, good cause requires a showing that the examination sought is *necessary to establish the claim of the party seeking the examination*, or the denial of such request would cause the proposed examiner *undue hardship or injustice*." *In re Express One Int'l, Inc.*, 217 B.R. at 217 (emphasis added). Law Debenture has done neither. Even where the requested examination is necessary, the relevance and necessity of the information sought must be balanced against "the extent of inconvenience and intrusion" for the Foundations. *See In re Kreiss*, 46 B.R. 164, 165 (Bankr. E.D.N.Y. 1985).

5.  Law Debenture itself states that further information from the Foundations is unnecessary to establish a claim, asserting that fraudulent conveyance claims should be brought based on "publicly available information." (Motion, ¶ 38 n.42). Therefore, an examination of the Foundations is not necessary to establish such claims, nor would denial of the request impose any hardship on Law Debenture. Tribune Company was a public company required to report to the Securities and Exchange Commission with respect to the material aspects of the LBO. The specifics of the LBO are readily available in the stock purchase agreements, prospectuses, and

Schedule 13D amendments, all of which are a matter of public record and many of which are already cited in the Motion. Any examination of the Foundations would, therefore, not be to identify potential claims of the estate but rather to serve as an end-run around the protections that would be afforded the Foundations under the Bankruptcy Code if an avoidance action were filed.

6. Even had Law Debenture met its burden of establishing good cause, whatever questionable benefit the examination would provide would be greatly outweighed by the considerable burden it would impose on the Foundations. This burden is still greater in light of the fact that the documents such an examination would produce are already in the hands of the Committee, pursuant to the Stipulation. Law Debentures' complaints about the thoroughness of the Committee's investigations do not apply to the Committee's discovery requests to the Foundations; no conflicts of interests interfered with those requests or the Stipulation that resolved them. Law Debenture does not complain that the Foundations' production was deficient. Accordingly, the Foundations should not be forced to bear the burden of producing documents they have already adequately produced and which Law Debenture does not even believe to be necessary to prosecute its claims. *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (Rule 2004 examinations should not "encompass matters that will be unduly burdensome . . . and duplicative of previously furnished information.")

WHEREFORE, for the foregoing reasons, the Robert R. McCormick Foundation and Cantigny Foundation respectfully request that the Court deny the Motion with respect to the Foundations and grant such other and further relief as may be warranted under the circumstances.

| | |
|---|---|
| Dated: September 17, 2009<br>Wilmington, Delaware | **CIARDI CIARDI & ASTIN**<br><br>/s/ Carl D. Neff<br>Daniel K. Astin (No. 4068)<br>Anthony M. Saccullo (No. 4141)<br>Mary E. Augustine (No. 4477)<br>Carl D. Neff (No. 4895)<br>919 Market Street<br>Suite 700<br>Wilmington DE 19801<br>Telephone: (302) 658-1100<br>Facsimile (302) 658-1300<br>dastin@ciardilaw.com<br>asaccullo@ciardilaw.com<br>maugustine@ciardilaw.com<br>cneff@ciardilaw.com<br><br>- and -<br><br>Leonard S. Shifflett<br>Faye B. Feinstein<br>**QUARLES & BRADY LLP**<br>300 North LaSalle Street, Suite 4000<br>Chicago, Illinois 60654<br>Telephone:  (312) 715-5000<br>Facsimile:  (312) 715-5155<br>leonard.shifflett@quarles.com<br>faye.feinstein@quarles.com<br><br>*Counsel to the Robert R. McCormick Foundation and Cantigny Foundation* |