# **EXHIBIT F**

New York        Madrid
Menlo Park      Tokyo
Washington DC   Beijing
London          Hong Kong
Paris

# Davis Polk

Sharon Katz

Davis Polk & Wardwell LLP    212 450 4508 tel
450 Lexington Avenue         212 701 5508 fax
New York, NY 10017           sharon.katz@davispolk.com

September 11, 2009

Re:   In re Tribune Co., et al. Case No. 08-13141 (KJC)

David Rosner, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019-6799

Dear David:

I received your email of September 10, 2009. Your proposed order is not acceptable.

In our prior discussions, you have advised us that your client is seeking access to the discovery JPMChase is producing to the Unsecured Creditors Committee in order to participate in an informed manner in negotiations that may occur concerning a Plan of Reorganization and to be in a position to discuss possible claims that a party with standing might consider bringing in connection with the leveraged buyout of Tribune.

As I have advised you, it is our position, which I do not understand you to dispute, that your client does not have standing to investigate or bring any such claims. However, as I have previously informed you, we are amenable to providing you with full access to the documents JPMChase has produced to Counsel for the Unsecured Creditors Committee and we will agree to contemporaneous production of all documents produced thereafter.

In the event the Unsecured Creditors Committee takes depositions (and subject to their agreement), we would agree to having a member of your Firm ask non-duplicative questions at the conclusion of the Committee Counsel's questioning.

In response to the two concerns you previously raised with respect to our proposed protective order, we would agree 1) that in the event you wish to use a document marked "confidential" or "highly confidential attorneys eyes only" in a court filing in the Tribune bankruptcy cases (including adversary proceedings) and you do not disagree with that designation, you may use that document by filing it under seal; and 2) if you wish to use such a designated document in a Tribune bankruptcy case (or adversary proceeding) court filing and you do not agree with our designation, we would agree to engage in a good faith discussion regarding that designation, following which, if we are unable to agree, you could file the document under seal and challenge the designation.

Davis Rosner, Esq.				September 11, 2009					pg. 2

    I believe these two points fully address the concerns you had expressed regarding our prior proposed confidentiality agreement.

    Both parties would reserve all rights to seek or object to discovery.

    Please call or let know me when you are free to discuss further.

                                        Sincerely,

                                        Sharon Katz