IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | : | Jointly Administered |
| | : | **Objection Deadline: 09/17/09 at 4:00 p.m.** |
| Debtors. | : | **Hearing Date: 09/24/09 at 10:00 a.m.** |

**RESERVATION OF RIGHTS OF DMD SPECIAL SITUATIONS FUNDING LLC WITH RESPECT TO MOTION FOR ORDERS PURSUANT TO 11 U.S.C. §§ 105(A), 363 AND 365 (I) AUTHORIZING TRIBUNE DEBTORS AND CNLBC TO (A) ENTER INTO AND PERFORM OBLIGATIONS UNDER FORMATION AGREEMENT AND ANCILLARY AGREEMENTS, (B) EFFECT PROPOSED BUSINESS COMBINATION RESPECTING CUBS-RELATED ASSETS, INCLUDING INTERESTS IN WRIGLEY FIELD, COMCAST SPORTS NETWORK AND RELATED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, INTERESTS AND ENCUMBRANCES, AND (C) ASSUME AND ASSIGN EXECUTORY CONTRACTS; (II) AUTHORIZING THE DEBTOR TRIBUNE COMPANY TO ENTER INTO GUARANTEES OF DEBT FINANCING; (III) AUTHORIZING DEBTORS WGN CONTINENTAL BROADCAST COMPANY AND TRIBUNE COMPANY TO ENTER INTO AND PERFORM OBLIGATIONS UNDER RADIO AND TELEVISION BROADCAST AGREEMENTS; AND (IV) GRANTING RELATED RELIEF**

DMD Special Situations Funding LLC ("DMD"), by and through its counsel, hereby files this reservation of rights with respect to the above-captioned debtors' ("Debtors") *Motion for Orders Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 (I) Authorizing Tribune Debtors and CNLBC to (A) Enter into and Perform Obligations Under Formation Agreement and Ancillary Agreements, (B) Effect Proposed Business Combination Respecting Cubs-Related Assets, Including Interests in Wrigley Field, Comcast Sports Network and Related Assets Free and Clear of all Liens, Claims, Rights, Interests and Encumbrances, and (C) Assume and Assign Executory Contract; (II) Authorizing the Debtor Tribune Company to Enter into Guarantees of Debt Financing; (III) Authorizing Debtors WGN Continental Broadcast Company and Tribune Company to Enter into and Perform Obligations Under Radio and Television Broadcast Agreements; and (IV) Granting Related Relief* [Docket No. 2004] ("Motion"), as follows:

## Background

1.      On May 17, 2007, the Debtors entered into a Credit Agreement[1] for an $8.028 Billion credit facility with JP Morgan Chase Bank, N.A., as administrative agent. The Credit Agreement consists of various facilities, including term, revolver and delayed draw facilities and was secured by a pledge of the equity interests of certain of the Debtors and guaranteed by certain of the Debtors' subsidiaries.

2.      DMD became a Lender under the Credit Agreement by way of a secondary market purchase from JPMorgan Chase Bank, N.A. ("Agent") of its respective interest in the $1.4 Billion Tranche X Facility (as defined in the Credit Agreement), which is evidenced by an Assignment and Acceptance dated as of May 29, 2008.

3.      Through the Motion, the Debtors are seeking approval of a Proposed Business Combination that will result in the sale ("Sale") of, *inter alia*, the assets of Chicago National League Ball Club, LLC ("CNLBC"). Neither the Motion nor the accompanying proposed form of order ("Proposed Order") provide for the distribution of the proceeds generated from the Sale ("Sale Proceeds"). Instead, the Proposed Order provides that the Sale Proceeds:

> shall be held by CNLBC in segregated accounts separate from the integrated cash management system maintained by Tribune for itself and its affiliates, pending the distribution of such amounts under (a) a plan of reorganization for Tribune, CNLBC, and their affiliates, or (b) further order of the Bankruptcy Court.

*See* Proposed Order, ¶ 19.

4.      Pursuant to the provisions in the Credit Agreement governing the order of repayment of the Loan, Agent is required to apply proceeds received on account of the sale of the CNLBC assets in a particular order of priority, which order provides for a repayment of the

---

[1] Capitalized terms used and not defined herein shall have the meaning given to them in the Motion or the Credit Agreement, and all references herein to Section shall refer to Sections in the Credit Agreement.

remaining balance of the Tranche X Facility in full, before applying any proceeds to repay other tranches of the Loan. The foregoing payment priority among the Loan tranches under the Credit Agreement was not addressed in the Proposed Order.

### **Reservation of Rights**

5.     DMD, along with other Lenders holding a portion of the Tranche X Facility, is entitled to a priority in allocation of any Sale Proceeds received by Agent on account of the Loan, as more specifically set forth in the Credit Agreement.

6.     By this reservation, DMD hereby expressly reserves all of its rights to object to any distribution of Sale Proceeds received by Agent on account of the Loan on any grounds including, but not limited to, the failure of any distribution to account for the priority repayment of the Tranche X Facility as provided in the Credit Agreement.

Dated: September 17, 2009

CONNOLLY BOVE LODGE & HUTZ LLP

By: _____
Jeffrey C. Wisler (No. 2795)
Christina M. Thompson (No. 3796)
N. Christopher Griffiths (No. 5180)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
302-658-9141

*Attorneys for DMD Special Situations Funding LLC*

#718289