## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: September 24, 2009 at 10 am EST** **Objection Deadline: September 17, 2009 at 4 pm EST** |

## DECLARATION OF KEVIN T. LANTRY IN SUPPORT OF DEBTORS' PRELIMINARY RESPONSE TO MOTION OF ARIEL B. BRIGNOLE FOR RELIEF FROM AUTOMATIC STAY:

I, Kevin T. Lantry, declare as follows:

1.    I am a partner with the law firm of Sidley Austin LLP, which has been

engaged as bankruptcy counsel for the debtors and debtors in possession in the above-captioned

cases (collectively, the "Debtors"). I have been significantly involved in representing the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtors throughout these chapter 11 proceedings.

2.      I submit this declaration in support of the Debtors' Preliminary Response to the Motion of Ariel B. Brignole for Relief from Automatic Stay ("Response"). I have direct personal knowledge of all the facts set forth in the Response. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

3.      On September 9, I spoke with Mr. Timothy Brignole, counsel for Ariel B. Brignole ("Brignole"), and proposed that the parties promptly initiate settlement discussions to liquidate Brignole's claim. During this call, I advised Mr. Brignole that the Debtors' applicable insurance coverage is subject to a $1 million deductible, and thus, given the fact that Brignole's filed proof of claim only seeks $100,000, it would not be possible for Brignole to seek recovery solely under the applicable insurance policy without directly and adversely impacting the Debtors' assets and estate.

4.      During this September 9 telephone call, the Debtors and Brignole agreed to have further settlement discussions on or about September 14, once Debtors' Connecticut counsel handling the pre-petition litigation involving Brignole was available. I have left successive messages and voicemails for Mr. Brignole each business day this week on September 14, 15, 16 and 17, proposing that the parties move forward with the settlement discussions to liquidate Brignole's claim. To date, I have not yet received any reply from Mr. Brignole.

5.      Given the tenor of my original conversation with Mr. Brignole on September 9, and some of the information we exchanged during that call, I believe it will be beneficial and productive for both the Debtors and Brignole to continue our discussions regarding the potential liquidation of Brignole's claim.

2

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is truth and correct.

Dated:  September 17, 2009

Kevin T. Lantry