# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TRIBUNE CORPORATION, et al., ) | Case No. 08-13141 (KJC) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Hearing Date September 24, 2009 @ 10:00 am |
| ) | Response Date: September 17, 2009 |
| ) | Ref No. 2031, 2032 and 2033 |

### JOINDER OF DEUTSCHE BANK TRUST COMPANY OF AMERICAS, INDENTURE TRUSTEE UNDER THE 1992 INDENTURE, THE 1996 INDENTURE AND THE 1997 INDENTURE TO THE MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE OF TRIBUNE COMPANY, ITS AFFILIATES, AND CERTAIN THIRD PARTIES, OR ALTERNATIVELY, FOR THE APPOINTMENT OF AN EXAMINER

Deutsche Bank Trust Company Americas ("DBTCA" or the "Indenture Trustee"), successor trustee under the 1992 Indenture, the 1995 Indenture and the 1997 Indenture (as herein defined) hereby joins in the motion filed by Law Debenture Trust Company ("Law Debenture") pursuant to sections 105(a), 343, 1109(b), title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing and directing creditor discovery relating to Tribune's leveraged buyout consummated in 2007, or alternatively, the appointment of an Examiner (the "Motion"). In support of this joinder, DBTCA respectfully represents as follows:

## I.

## BACKGROUND

A.  **The Noteholders' Claims**

1. DBTCA presently serves as the Indenture Trustee under the following indentures issued by The Tribune Company ("Tribune"):

i. **The 1992 Indenture**

2. DBTCA is the Indenture Trustee under that certain indenture dated as of March 1, 1992, as amended and supplemented (the "1992 Indenture"), by and between Tribune and Continental Bank, N.A, as the predecessor indenture trustee. DBTCA filed a proof of claim for claims under the 1992 Indenture in the amount of $120,500.

ii. **The 1995 Indenture**

3. DBTCA is the Indenture Trustee under that certain indenture dated as of January 30, 1995, as amended and supplemented (the "1995 Indenture"), by and between Tribune and First Interstate Bank of California, as the predecessor indenture trustee. Under the 1995 Indenture, two series of notes were issued: (i) 7.25% Debentures due March 1, 2013 ; and (ii) 7.50% Debentures due July 1, 2023. DBTCA filed a proof of claim for claims under the 1995 Indenture in the amount of $185,703,520.04.

**The 1997 Indenture**

4. DBTCA is the Indenture Trustee under that certain indenture dated as of January 30, 1995, as amended and supplemented (the "1997 Indenture"), by and between Tribune and Bank of Montreal Trust Company. Under the 1997 Indenture, three series of notes were issued: (i) 4.875% Debentures due August 15, 2010; (ii) 5.25% Debentures due August 15, 2015; and (iii) 5.67% Debentures due December 8, 2008. DBTCA filed a proof of claim for claims under the 1997 Indenture in the amount of $862,246,024.00.

5. The collective amount of claims under the three Indentures is approximately $1.050 billion.

B. **The LBO Transaction**

ME1 9015225v.1

6. As noted in Law Debenture's motion, as a result of the LBO Transaction[1], Tribune was saddled with debt of approximately $11 billion.[2] Approximately $8.3 billion went to cash out shareholders. In connection with the LBO, the Credit Agreement Lenders required guarantees from certain "material" subsidiaries (the "Guarantor Subsidiaries"). These guarantees were all upstream.[3].

### C.    The Bankruptcy Cases

7. On December 8, 2008 (the "Petition Date"), Tribune and over 100 affiliates (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since that time, the Debtors have continued to operate their business and manage their properties as debtors in possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.

8. Not all of the Tribune entities filed for Chapter 11 relief. Specifically, four Guarantor Subsidiaries did not file for bankruptcy protection: (i) Tribune Interactive, Inc.; (ii) Tribune National Marketing Company; (iii) Chicago National League Ball Club LLC; and (iv) Tribune (FN) Cable Ventures (the "Non-Debtor Guarantors").

9. Prior to the Petition Date, the Credit Agreement Lenders formed a steering committee (the "Steering Committee"). Since the Petition Date, the Steering Committee has retained a number of professionals including FTI Consulting, Inc., The Blackstone Group, Kramer, Levin and Davis Polk & Wardwell (the "Steering Group Professionals"). Upon information and belief, the Non-Debtor Guarantors pay the fees and expenses of the Steering

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to such terms in Law Debenture's Motion.
[2] For the sake of brevity, DBTCA hereby incorporates the factual recitation of Law Debenture set forth in paragraphs 1-18 of its Motion.
[3] There is little doubt that these upstream guarantees lacked anything close to reasonably equivalent value. . See Mellon Bank, N.A. v. Metro Communications (In re Metro Communications),945 F.2d 635 (3d Cir. 1991) cert denied, 503 U.S. 937 (1992).

3

Group Professionals on a monthly basis. To date, upon information and belief, the fees paid to the Steering Group Professionals are believed to be in excess of $10 million.

10. On December 18, 2008, the United States Trustee for the District of Delaware appointed a committee of unsecured creditors (the "Committee"). The Committee consists of nine members, including JP Morgan Chase (who also is a member of the Steering Committee). DBTCA is a member of the Committee.

## II.

## JOINDER

11. DBTCA joins in and supports the relief requested by Law Debenture in the Motion. The bankruptcy process should encourage transparency . To that end, Law Debenture should be authorized to conduct and obtain the discovery it seeks. Moreover, while the avoidance claims may be vested in the estate, the issues on which Law Debenture seeks Rule 2004 discovery are intercreditor in nature (i.e. whether the claims against the Credit Agreement Lenders are avoidable). Resolution of the issues with the Credit Agreement Lenders may not impact the total value that will be distributed to the unsecured creditors, only the amounts to be distributed among the estates' various creditors. As such, the various constituencies which are likely to be most affected by the resolution of these issues should be permitted to be involved in or lead the process.

12. In addition, because the Steering Group is essentially being treated by the Debtors as an official committee (with the fees and expenses of its professionals being paid by the Non-Debtor Guarantors), DBTCA believes that it is appropriate for the United States Trustee to consider appointing an official committee of bondholders to counterbalance the Steering Group and the swarm of professionals who are representing its "parochial interests" in this case. See In

re Adelphia Communications Co., 336 B.R. 610, 620 (Bankr. S.D.N.Y. 2006), aff'd 342 B.R. 122 ("Where interdebtor issues exist and are material, they cannot, of course, be swept under the rug. Even though consensual resolution is the normal (and preferred) practice, some means, consistent with fairness, due process, and appropriate advocacy, must be formulated to resolve them if those issues cannot be settled."). In this case, DBTCA believes that consistent with fairness, an appropriate "means" should be the appointment of an official bondholders' committee.

## CONCLUSION

WHEREFORE, DBTCA respectfully requests that the Court grant the relief requested in the Motion of Law Debenture along with such other and further relief as is just and proper.

Dated: September 17, 2009　　　　　　　　　**MCCARTER & ENGLISH LLP**
Wilmington, DE

By:　/s/ Katharine L. Mayer
　　　Katharine L. Mayer (DE# 3758)
　　　Renaissance Centre
　　　405 N. King Street, 8th Floor
　　　Wilmington, DE 19801
　　　(302) 984-6300
　　　(302) 984-6399 Facsimile
　　　(302) 984-2494 Direct Fax
　　　kmayer@mccarter.com

　　　-And-

　　　David J. Adler, Esq. (DA0048)
　　　McCARTER & ENGLISH, LLP
　　　245 Park Avenue
　　　27th Floor
　　　New York, New York 10167
　　　(212) 609-6800 - Telephone
　　　(212) 609-6921 - Facsimile

　　　*Counsel for Deutsche Bank Trust Company Americas.*

ME1 9015225v.1