IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>Hearing Date: September 24, 2009 at 10:00 a.m. (ET)<br>Objection Deadline: September 17, 2009 at 4:00 p.m. (ET)<br>Re: Docket No. 2031 |

**OBJECTION OF MERRILL LYNCH CAPITAL CORPORATION TO
MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK
FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 2004 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE OF TRIBUNE
COMPANY, ITS AFFILIATES, AND CERTAIN THIRD PARTIES,
OR ALTERNATIVELY, FOR THE APPOINTMENT OF AN EXAMINER**

Merrill Lynch Capital Corporation ("Merrill"), by its attorneys Kaye Scholer LLP and Potter Anderson & Corroon LLP, for its objection ("Objection") to the motion, dated August 26, 2009 (the "2004 Motion"), of Law Debenture Trust Company of New York ("Law Debenture") for leave to conduct discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, respectfully states as follows:

## INTRODUCTION

Law Debenture filed its motion in violation of the Local Rules of this Court. Local Rule 2004-1(a) requires that

> [p]rior to filing a motion for examination or for production of documents under Fed. R. Bankr. P. 2004, counsel for the moving party shall attempt to confer (in person or telephonically) with the proposed examinee or the examinee's counsel . . . to arrange for a mutually agreeable date, time, place and scope of an examination or production.

Prior to filing the 2004 Motion, counsel for Law Debenture failed to meet and confer with counsel for Merrill to determine whether the relief Law Debenture seeks through the 2004

Motion or some other mutually agreeable document production arrangement could be reached by Merrill and Law Debenture.

Before Law Debenture filed the 2004 Motion, Merrill had already agreed to provide Law Debenture with the same documents that Merrill was producing to the Official Committee of Unsecured Creditors of the Tribune Company, et al. (the "Creditors' Committee") in connection with the Creditors' Committee's Investigation (defined below). In fact, at least five days prior to the filing of the 2004 Motion, Merrill sent Law Debenture a proposed confidentiality agreement (i) providing for Merrill to produce to Law Debenture the same documents it produces to the Creditors' Committee, subject to the negotiation and execution of an appropriate confidentiality agreement with Law Debenture, and (ii) governing the use of any and all documents produced to Law Debenture. Law Debenture never commented on or responded to the draft confidentiality agreement. Instead, Law Debenture filed its 2004 Motion. This display of gamesmanship by Law Debenture is a direct violation of Local Rule 2004-1(a); accordingly, the relief sought by the 2004 Motion as it pertains to Merrill should be denied.

## INVESTIGATION BY THE CREDITORS' COMMITTEE

The Creditors' Committee is currently conducting an investigation (the "Investigation") of the facts surrounding various transactions entered into by Tribune Company and its affiliates (the "Debtors") and potential claims arising from those transactions. At all times, Merrill has cooperated fully with the Creditors' Committee regarding its Investigation and intends to continue to do so. Law Debenture's statements about the inability of the Creditors' Committee to conduct the Investigation are unfounded. Indeed, the Creditors' Committee has retained (with the approval of this Court and without any objection by Law Debenture) the law firm of Zuckerman Spaeder LLP ("Zuckerman") to serve as special counsel to assist the

Creditors' Committee with the Investigation and other related matters. Zuckerman has no conflicts with Merrill. Additionally, Law Debenture's concern that Merrill's position as a member of the Creditors' Committee creates a conflict for the Creditors' Committee is baseless because (a) Merrill has resigned from the Creditors' Committee and (b) when it was a member of the Creditors' Committee, Merrill excluded itself (as did J.P. Morgan Chase Bank, N.A.) from <u>all</u> Creditors' Committee discussions regarding the Investigation.

On May 14, 2009, the Creditors' Committee made informal requests to Merrill for the production of documents ("Document Requests"). On June 26, 2009, after a series of telephonic meetings regarding the scope of the Document Requests, Merrill sent an informal objection and response. On July 7, 2009, Merrill and the Creditors' Committee agreed to the scope of the documents to be searched for and produced by Merrill.

On July 10, 2009, the Creditors' Committee and Merrill entered into a confidentiality agreement that, among other things, governs the production of all documents and other information or materials produced by Merrill in response to the Document Requests (the "Confidentiality Agreement"). Among other things, the Confidentiality Agreement provides for the designation of documents as "Highly Confidential - Attorney's Eyes Only" and "Confidential." In general, under the terms of the Confidentiality Agreement, counsel for the Creditors' Committee and their financial consultants are permitted access to all documents produced by Merrill regardless of the designation, whereas individual members of the Creditors' Committee are permitted access only to documents designated "Confidential."

In response to the Document Requests, Merrill searched its paper and electronic files, and engaged an independent discovery vendor to assist with the preparation of the document production. As a result of these efforts, Merrill produced 8,278 documents,

encompassing 188,414 pages, to the Creditors' Committee during the period from July 14 through September 4, 2009.[1]

## LAW DEBENTURE'S REQUEST FOR DOCUMENTS

In a letter dated July 27, 2009, Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz") on behalf of Law Debenture informed Merrill that it was reviewing certain transactions involving the Debtors and made informal requests for documents related to those transactions (the "Law Debenture Requests"). In a letter dated July 30, 2009, counsel for Merrill informed counsel for Law Debenture that the Creditors' Committee's ongoing Investigation encompassed the same subject matter as the Law Debenture Requests. On August 4, 2009, counsel for Law Debenture, Merrill and various other financial institutions participated in a conference call to discuss the Law Debenture Requests. During the call, counsel for Law Debenture demanded that Merrill and the other financial institutions provide Law Debenture with a copy of all documents produced to the Creditors' Committee.

On August 19, 2009, Merrill agreed to provide Law Debenture with the documents it produced to the Creditors' Committee under the same terms that Merrill had negotiated with the Creditors' Committee. The offer was subject to the negotiation and execution of a confidentiality agreement with the same material terms as the Confidentiality Agreement between Merrill and the Creditors' Committee. At the request of counsel for Law Debenture, Merrill sent Law Debenture's counsel a draft confidentiality agreement which provided that Merrill would produce to Law Debenture the same documents that it produced to the Creditors' Committee. (*See* Exhibit 1, email to Kasowitz dated August 20, 2009.) In

---

[1]   Merrill and the Creditors' Committee agreed to exclude electronic mail databases from Merrill's initial production and to revisit electronic mail at a later stage in the Investigation.

addition, the draft confidentiality agreement also contained provisions governing the use by Law Debenture and its counsel of all documents to be produced by Merrill. On August 21, 2009, counsel for Merrill contacted counsel for Law Debenture to find out whether Law Debenture had any comments to the draft confidentiality agreement. (*See* Exhibit 2, email to Kasowitz dated August 21, 2009.)

Counsel for Law Debenture <u>never</u> responded to counsel for Merrill regarding the draft confidentiality agreement. Instead, Law Debenture chose to ignore Merrill's draft confidentiality agreement and filed the 2004 Motion on August 26, 2009. The 2004 Motion is plainly a waste of time, money and judicial resources.

## THE 2004 MOTION SHOULD BE DENIED FOR FAILURE TO SATISFY LOCAL RULE 2004-1(a)

As discussed at the outset of this Objection, Merrill objects to the Court's consideration of the 2004 Motion because it was filed in direct contravention of Local Rule 2004-1(a). Merrill attempted to cooperate and reach agreement with Law Debenture on the terms of the confidentiality agreement proposed by Merrill. Instead of responding to Merrill substantively with respect to the draft confidentiality agreement, in order to explore whether Merrill and Law Debenture could arrange for production of documents to Law Debenture under mutually agreeable terms, Law Debenture chose to file the 2004 Motion. Such gamesmanship ought not to be countenanced by this Court.

Accordingly, Merrill requests that the 2004 Motion be denied in its entirety.

**WHEREFORE,** Merrill respectfully requests that this Court deny the 2004 Motion and grant Merrill such other and further relief as is just and proper.

Dated: September 17, 2009
Wilmington, Delaware

POTTER ANDERSON & CORROON LLP

By: /s/ Laurie Selber Silverstein

Laurie Selber Silverstein (DE Bar No. 2396)
R. Stephen McNeill (DE Bar No. 5210)
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
(302) 984-6000

-and-

KAYE SCHOLER LLP
Madlyn Gleich Primoff
Joseph M. Drayton
425 Park Avenue
New York, New York 10022

*Counsel for Merrill Lynch Capital Corporation*

Pac#933641

6