IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 2153 |

## MOTION TO SET A HEARING AND RESPONSE DATE WITH RESPECT TO MOTION OF THE DEBTORS TO EXCLUDE EXPERT REPORT AND TESTIMONY OF EDWARD A. PHILLIPS RELATING TO THE DEBTORS' PROPOSED 2009 INCENTIVE PLAN

The debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors") hereby move this Court for entry of an order, pursuant to 11 U.S.C. § 105 and Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), setting a response deadline with respect to the Motion of the Debtors to Exclude Expert Report and Testimony of Edward A. Phillips Relating to the Debtors' Proposed 2009 Incentive Plan (the "Motion to Exclude"), so as to ensure that a response, if any, to the Motion to Exclude is filed and served so as to be received prior to the September 25, 2009 Hearing (as defined below) in order that the Motion to Exclude can be heard together with the related Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives. In support of this Motion, the Debtors state as follows:

## Background

1. On July 22, 2009, the Debtors filed the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives (the "2009 Incentive Plan Motion") [Docket No. 1800]. The hearing on the 2009 Incentive Plan Motion is specially scheduled for September 25, 2009 at 10:00 a.m. (the "September 25, 2009 Hearing").

2. On August 4, 2009, the Washington-Baltimore Newspaper Guild (the "Guild") filed an objection to the 2009 Incentive Plan Motion and the Seal Motion [Docket No. 1889].

3. On August 14, 2009, a telephonic status hearing was held before the Court (the "August 14, 2009 Status Hearing") at which time the Court set forth a schedule for filing pleadings related to the 2009 Incentive Plan Motion. Specifically, the Court directed that the Guild and United States Trustee each file their supplemental response and expert report, as applicable, by September 11, 2009. The Court further directed that the Debtors' reply thereto be

filed by September 18, 2009. Indeed, the Court clarified that all of the submissions related to the September 25, 2009 Hearing be filed and delivered to chambers by noon on September 18, 2009.

4. On September 11, 2009, the Guild filed its Supplemental Objection (the "Supplemental Objection") to the 2009 Management Incentive Plan [Docket No. 2120], along with the proposed expert report of Edward A. Phillips, dated September 11, 2009, that was prepared on behalf of the Guild (the "Report" or "Phillips Report") in support of the Supplemental Objection. This was the first time the Debtors received the Phillips Report.

5. On that same date, the Guild also filed its Motion to Exclude the Report of Mercer (U.S.) and the Testimony of Debtors' Expert Witness in Support of the Debtors' 2009 Incentive Program [Docket No. 2109]. The Guild noticed that motion for the September 25, 2009 Hearing and set an objection deadline of September 18, 2009 at 4:00 p.m.

6. On September 15, 2009, pursuant to a deposition schedule previously agreed to by the parties following the August 14, 2009 Status Hearing, counsel for the Debtors took the deposition of Phillips.[2]

7. Concurrently with the filing of this Motion, the Debtors filed the Motion to Exclude.

## Relief Requested

8. By this Motion, the Debtors request that this Court enter an order scheduling the Motion to Exclude to be heard at the September 25, 2009 Hearing and setting a deadline by which responses, if any, to the Motion to Exclude must be filed and served prior to the scheduled

---

[2] Pursuant to the deposition schedule agreed to by the parties, during the previous week, counsel for the Guild took the depositions in Wilmington, Delaware of the Debtors' anticipated witnesses, Tribune Chief Financial Officer Chandler Bigelow and Mercer Principal John Dempsey.

September 25, 2009 Hearing. The Debtors seek this relief so as to ensure that the Motion to Exclude is heard together with the 2009 Incentive Plan Motion.

### Basis for Relief Requested

9. Bankruptcy Code section 105 provides this Court with the power to schedule expedited hearings. In pertinent part, Bankruptcy Code section 105(a), provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Bankruptcy Rule 9006(c)(1) permits shortening the notice periods provided for in the Rules for cause shown. In addition, Local Rule 9006-1(e) provides that the notice period for a motion may be shortened by order of the Court upon written motion "specifying the exigencies supporting shortened notice." Del. Bankr. L. R. 9006-1(e).

11. The Debtors submit that cause exists to schedule the Motion to Exclude in conjunction with the September 25, 2009 Hearing on the 2009 Incentive Plan Motion and to set the response deadline for September 23, 2009 at 4:00 p.m. At the August 14, 2009 Status Hearing, the Court set forth a schedule for responses and directed that all of the submissions related to the September 25, 2009 Hearing be filed and delivered to chambers by noon on Friday, September 18, 2009. At that time, the parties did not address the filing of motions *in limine*. The Debtors did not know at that time that the Guild subsequently would file a motion to exclude Mercer's expert report and testimony. They also did not know whether the Guild (or the U.S. Trustee) intended to file a proposed expert report or, if so, whether there would be any basis on which to seek exclusion of that evidence.

12. The Debtors submit that both the Guild's and the Debtors' motions *in limine* should be heard at the September 25, 2009 Hearing prior to the trial on the 2009 Incentive Plan

4

Motion and that the Guild's response, if any, to the Motion to Exclude, be filed by September 23, 2009 at 4:00 p.m. Hearing both motions *in limine* at the September 25, 2009 Hearing is only fair and reasonable since, as noted, they both relate to evidence to be presented at that hearing in support of or in opposition to the 2009 Incentive Plan Motion.

13. The Debtors have not delayed in filing this Motion or the Motion to Exclude. As noted above, the Debtors did not receive the Phillips Report until September 11, 2009. Mr. Phillips was not deposed until September 15, 2009, per the prior agreement of the parties, and could not have been deposed prior to that date given the pre-scheduled depositions by the Guild of Debtor witnesses. Consequently, the relief sought in this Motion and the Motion to Exclude is timely.

14. In addition, the Debtors seek prompt adjudication of the Motion to Exclude so as to avoid any delay with respect to the September 25, 2009 Hearing on the 2009 Incentive Plan Motion. Any such delay would undermine a key purpose of the proposed 2009 incentive plan, the hearing of which was already rescheduled from August 11, 2009 in light of the Guild's objection. Accordingly, the Debtors seek prompt hearing on the Motion to Exclude.

15. Finally, the Debtors submit that the Guild cannot genuinely be surprised by this request as the Guild has already scheduled its motion to exclude the Debtors' expert for the September 25, 2009 Hearing. Moreover, the Guild would not be prejudiced by a shortened response deadline given that the proposed response deadline provides sufficient time to respond, particularly since there are no other pending discovery or filing deadlines to satisfy with respect to the 2009 Incentive Plan Motion.

16.     In light of the foregoing, the Debtors submit that cause exists to schedule the Motion to Exclude for the September 25, 2009 Hearing and to establish a response deadline of September 23, 2009 at 4:00 p.m.

## **Notice**

17.     Notice of the Motion has been provided to the following parties via (a) e-mail and hand delivery or first class mail: (i) the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel to the administrative agent for the Debtors' prepetition loan facilities; (iv) counsel to the Steering Committee; (v) counsel for the Guild; and (b) via first class mail on all parties having requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as may be just and proper.

Dated: September 18, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Brian J. Gold
Jonathan D. Lotsoff
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION