# EXHIBIT B

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is entered into as of September 21, 2009 by and between Gibson, Dunn & Crutcher LLP, counsel for Rustic Canyon Partners ("**RCP**") and Chadbourne & Parke LLP ("**Chadbourne**"), Landis Rath & Cobb ("**Landis**"), and Zuckerman Spaeder LLP ("**Zuckerman**") (collectively "**Committee Counsel**") as co-counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), in the cases filed under Chapter 11 of the Bankruptcy Code by the Tribune Company and certain of its affiliates (collectively, the "**Debtors**") titled In re Tribune Co., et al. (Bankr. D. Del.), Case No. 08-13141 (KJC) (Jointly Administered) (the "**Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

## WITNESSETH

WHEREAS, Chadbourne has provided RCP with an informal request for documents dated July 31, 2009 (the "**Document Request**") in connection with its analysis of the Leveraged ESOP Transaction that took place beginning in April 2007 and culminated with the merger of Tribune Company and Tesop Corporation in December 2007 (the "**Investigation**");

WHEREAS, in responding to the Document Request, RCP will provide Chadbourne with documents ("**Documents**"), which may include Documents that contain or constitute responsive, non-public information or confidential or proprietary business, technical, financial or other confidential information entitled to protection under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable law, rule or regulation, or that is the subject of another confidentiality agreement ("**Confidential Information**");

WHEREAS, the parties to this Agreement acknowledge the importance of preserving the confidentiality of the Confidential Information and Confidential Information that is designated "Highly Confidential—Attorneys' Eyes Only" (as defined below) and agree to abide by this Agreement with respect thereto;

NOW, THEREFORE, the parties hereby agree as follows:

1. The term "Confidential Information" shall also include any notes, summaries, compilations, memoranda, minutes or similar materials disclosing or discussing Confidential Information. The Confidential Information shall be furnished or otherwise disclosed or made known to Committee Counsel subject to the terms and conditions of this Agreement. This Agreement and the obligations of Committee Counsel hereunder shall apply to all Confidential Information regardless of whether it is provided by RCP or its counsel, consultants, accountants, experts, auditors, examiners, financial advisors or other agents or professionals (collectively, "**Advisors**").

2. All Documents that RCP produces in response to the Document Request will be used solely in connection with the Cases, including any adversary proceedings or other proceedings related to the Cases, and shall not be used for any commercial, business, competitive or other purpose. All Confidential Information furnished, disclosed or made known to

Committee Counsel by RCP or its Advisors after execution of this Agreement, whether tangible or intangible, and in whatever medium provided, including, but not limited to, in written form, orally, or through any electronic, facsimile or computer-related communication, whether disclosed intentionally or unintentionally, and all information generated by the Creditors' Committee, its Advisors or any Committee Participant (defined below) that contains, reflects or is derived from the Confidential Information, shall be used by any Committee Participant solely and exclusively in connection with the performance of the Creditors' Committee's duties in the Cases and shall be kept confidential, and shall not, without RCP's prior written consent, be disclosed to any other person or entity.

3. Committee Counsel, Advisors of the Creditors' Committee, members of the Creditors' Committee and each of their Advisors shall be collectively referred to as the "**Committee Participants**" and individually as each "**Committee Participant**".

4. RCP may designate as "Highly Confidential—Attorneys' Eyes Only" those Documents that contain Confidential Information that is competitively sensitive and/or proprietary to RCP, the Debtors or RCP's clients, or from which competitively sensitive or proprietary information belonging to RCP, the Debtors or RCP's clients could be derived. This includes, without limitation, Documents containing information relating to confidential financial and/or business operations, business ventures, strategic plans, processes, designs, applications, trade secrets, and/or other proprietary ideas of RCP, the Debtors or RCP's clients. In addition, RCP may designate as "Confidential" those Documents that it believes constitute or contain non-public information that is competitive or sensitive in nature, including, without limitation, nonpublic information about RCP or its clients. Failure to designate Documents as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" at the time of production may be remedied by supplemental written notice and, upon receipt of such written notice, the receiving Committee Participants shall thereafter treat the designated Documents in accordance with the terms of this Agreement.

5. Committee Counsel shall not provide Documents designated "Highly Confidential—Attorneys' Eyes Only" to any person or entity (including to members of the Creditors' Committee or any Advisor of any Creditors' Committee member) other than to (i) attorneys, clerical, paralegal and secretarial staff employed by Committee Counsel who shall be bound by this Agreement, (ii) those Advisors of the Creditors' Committee whose retention has been approved by the Bankruptcy Court and who agree to be bound by this Agreement by executing the attached Exhibit A. At least three business days prior to disclosing any Documents designated "Highly Confidential—Attorneys' Eyes Only" to any person or entity pursuant to subsection (ii) of this Paragraph 5, Committee Counsel shall provide to RCP a copy of the relevant executed Exhibit A. If during such three-day period RCP objects in writing to the disclosure sought, Committee Counsel shall not make such disclosure absent an order from the Bankruptcy Court.

6. Documents designated by RCP as "Confidential" to Committee Counsel may be provided to other Committee Participants who agree to be bound by this Agreement by executing the attached Exhibit A.

2

NY2 - 527731.03

7. If Committee Counsel object to the designation of any Documents as "Highly Confidential—Attorneys' Eyes Only" or "Confidential," or seeks a waiver of such designation, Committee Counsel will initially contact the undersigned counsel to RCP in an effort to resolve the dispute and, if that effort is unsuccessful, may apply to the Bankruptcy Court for relief. Absent a written waiver or agreement from RCP or an order of the Bankruptcy Court to the contrary, Documents designated "Highly Confidential—Attorneys' Eyes Only" or "Confidential" may be shown only to the parties specified above.

8. Should access to Documents stamped "Highly Confidential—Attorneys' Eyes Only" or "Confidential" be sought from Committee Counsel or any Advisor retained by the Creditors' Committee by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, Committee Counsel, as appropriate, will, unless prohibited by applicable law or regulation: (a) promptly notify counsel to RCP in writing of the requested access; (b) and, prior to producing any such Documents, provide RCP with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

9. All Confidential Information, unless otherwise specified in writing, may be used as provided herein, but shall remain the property of RCP. Within thirty (30) days following the earlier of the closing of the Cases or the effective date of any plan of reorganization, each recipient of Confidential Information agrees to promptly destroy all Confidential Information, including, without limitation, all documents, reports and exhibits provided by or on behalf of RCP and all working papers containing any Confidential Information or extracts therefrom and to certify to RCP's undersigned counsel in writing that such destruction has occurred. In addition, and subject to the same proviso as immediately above, each recipient agrees at that time to destroy all copies of any notes, analyses, compilations, studies or other documents that it or its Advisors prepared containing or reflecting any Confidential Information.

10. Committee Counsel acknowledge that irreparable damage would occur to RCP if any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached and that remedies at law for any actual or threatened breach by it of the covenants contained in this Agreement shall be inadequate and that RCP will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Agreement, in addition to all other remedies available to RCP at law or in equity. Upon conclusion of the Cases, all parties consent to the jurisdiction and venue of the federal and state courts located in the State of New York with respect to any such controversy or claims. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.

*[Agreement continues on following page]*

11. The inadvertent production of privileged information by RCP shall not constitute a waiver of any applicable privilege and Committee Counsel will return to RCP's undersigned counsel any such materials inadvertently produced.

Executed this 21st day of September, 2009.

GIBSON, DUNN & CRUTCHER LLP

By: *[signature]*
Counsel to Rustic Canyon Partners

CHADBOURNE & PARKE LLP

By: *[signature]*
Counsel to Official Committee of Unsecured Creditors

LANDIS RATH & COBB LLP

By: *[signature]*
Counsel to Official Committee of Unsecured Creditors

ZUCKERMAN SPAEDER LLP

By: *[signature]*
Special Litigation Counsel to Official Committee of Unsecured Creditors

4

NY2 - 527731.03

## EXHIBIT A

In connection with the Confidentiality Agreement (the "**Agreement**") dated September 21, 2009 between Gibson, Dunn & Crutcher LLP, counsel for Rustic Canyon Partners ("**RCP**") and Chadbourne & Parke LLP ("**Chadbourne**"), Landis Rath & Cobb ("**Landis**"), and Zuckerman Spaeder LLP ("**Zuckerman**") (collectively "**Committee Counsel**") as co-counsel to the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), the undersigned hereby agrees as follows (capitalized terms not defined herein shall have the meanings ascribed to those terms in the Agreement):

1. The undersigned is a Committee Participant in the Cases.

2. The undersigned has (i) been provided with a copy of the Agreement, (ii) read the Agreement, (iii) had an opportunity to review the Agreement with its counsel, and (iv) been authorized to execute this Exhibit A to the Agreement.

3. To the extent that Committee Counsel provide the undersigned with documents designated "Confidential" produced pursuant to the Agreement and the Document Request, the undersigned agrees to be bound by the Agreement and that such documents shall only be used in connection with the Cases and shall not be provided to anyone other than as permitted under the Agreement.

4. To the extent that the undersigned is an Advisor to the Creditors' Committee whose retention has been approved by the Bankruptcy Court and Committee Counsel has provided such Advisor with documents designated "Highly Confidential—Attorneys' Eyes Only" produced pursuant to the Agreement and the Document Request, the undersigned agrees to be bound by the Agreement and that such documents shall only be used in connection with the Cases and shall not be provided to anyone other than as permitted under the Agreement.

5. Should access to Documents designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" be sought from the undersigned by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the undersigned agrees that it will: (a) promptly notify counsel to RCP in writing of the requested access; (b) and, prior to producing such Documents, provide RCP with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents.

6. The undersigned agrees that the inadvertent production of privileged information by RCP shall not constitute a waiver of any applicable privilege and that it will return to RCP's undersigned counsel any such materials inadvertently produced.

Agreed and Accepted: _____,2009

_____
(Company Name)

By:_____
   Name:
   Title:

NY2 - 527731.03