## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT
### REGARDING FIRST INTERIM FEE APPLICATION OF
### LANDIS RATH & COBB LLP

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Interim Fee Application of Landis Rath & Cobb LLP for the period from December 18, 2008, through February 28, 2009 ("Application"), seeking approval of fees that total $145,339.25 and reimbursement of expenses that total $10,870.52. Landis Rath & Cobb LLP ("Landis Rath") is co-counsel to the Official Committee of Unsecured Creditors.

### Background

1.     Stuart Maue reviewed the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.     This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is

displayed on the exhibit. Those tasks that have been included in a category are underlined on the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed, but not underlined.

3.    Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.    Stuart Maue prepared and submitted a preliminary report to Landis Rath and the firm responded to that report, both orally and in writing. Upon completion of the review of the firm's responses to the preliminary report, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

### Reconciliation of Fees and Expenses

5.    Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by the individual hourly rates. The reconciliation of fees revealed that the fees requested were $2.00 less than the fees computed. The discrepancy is the result of task hours within six entries that did not equal the time billed for the entry as a whole. The discrepancy and the related entries are displayed below:

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 8924 | 283 | Parikh | 01/13/09 | $275.00 | 3.00 | 2.60 | $825.00 | $715.00 | 0.40 | $110.00 |
| 8924 | 433 | Landis | 01/30/09 | $595.00 | 1.30 | 1.20 | $773.50 | $714.00 | 0.10 | 59.50 |
| | | | | | | | | **Total Overcharges** | **0.50** | **$169.50** |
| | | | | | | | | | | |
| **Undercharges** | | | | | | | | | | |
| 8924 | 263 | Landis | 01/15/09 | $595.00 | 2.40 | 2.50 | $1,428.00 | $1,487.50 | (0.10) | ($ 59.50) |
| 8924 | 271 | Mumford | 01/16/09 | $370.00 | 0.80 | 0.90 | $296.00 | $333.00 | (0.10) | (37.00) |
| 8924 | 289 | Parikh | 01/16/09 | $275.00 | 5.20 | 5.40 | $1,430.00 | $1,485.00 | (0.20) | (55.00) |
| 8924 | 306 | Panchak | 01/19/09 | $200.00 | 0.10 | 0.20 | $20.00 | $40.00 | (0.10) | (20.00) |
| | | | | | | | | **Total Undercharges** | **(0.50)** | **($171.50)** |
| | | | | | | | | **Net Total Discrepancy** | **0.00** | **($ 2.00)** |

This report is based on the fees computed by Stuart Maue. The recomputation of expenses revealed no difference between the amounts requested and the amounts computed.

**Review of Fees**

6.    **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application:  ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the names, positions, and hourly rates of the Landis Rath professionals and paraprofessionals who bill to this matter. This matter is staffed with 12 professionals and paraprofessionals, including two partners, three associates, five paralegals, and two legal assistants. A summary of hours and fees billed by each timekeeper is displayed on Exhibit A.

The firm bills a total of 385.40 hours with associated fees of $145,341.25.[1]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[1] This amount is based on the fees computed by Stuart Maue.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 128.10 | 33% | $ 74,476.25 | 51% |
| Associate | 168.20 | 44% | 53,474.00 | 37% |
| Paralegal | 87.70 | 23% | 17,217.50 | 12% |
| Legal Assistant | 1.40 | * | 173.50 | * |
| TOTAL | 385.40 | 100% | $145,341.25 | 100% |

* Less than 1%

The blended hourly rate for the Landis Rath professionals is $431.83 and the blended hourly rate for professionals and paraprofessionals is $377.12.

7.    **Hourly Rate Increases.**    Landis Rath increased the hourly rates of five timekeepers during the first interim period. The firm's first monthly application stated, "Effective January 1, 2009, LRC increased its rates in the ordinary course of business." The rate increases ranged from $15.00 to $45.00 per hour. For each timekeeper whose hourly rate increased during the period, the chart below displays the original billing rate, the increased rate, the fees if billed at the original rate, and the fees attributable to the rate increases. The fees attributable to the rate increases total $8,909.25.

| Name | Position | Original Rate | Increased Rate | Hours | Fees Computed | Fees at Original Rate | Fees Attributed to Increase |
|---|---|---|---|---|---|---|---|
| Landis, Adam G. | Partner | $550.00 | $595.00 | 126.20 | $ 73,820.00 | $ 69,410.00 | $4,410.00 |
| Landis, Adam G. (Travel) | Partner | $275.00 | $297.50 | 1.50 | 446.25 | 412.50 | 33.75 |
| McGuire, Matthew B. | Associate | $335.00 | $370.00 | 87.40 | 31,823.50 | 29,279.00 | 2,544.50 |
| Parikh, Mona A. | Associate | $240.00 | $275.00 | 77.40 | 20,392.50 | 18,576.00 | 1,816.50 |
| Girello Jr., Michael V. | Paralegal | $175.00 | $200.00 | 13.70 | 2,497.50 | 2,397.50 | 100.00 |
| Lewicki, Cassandra | Legal Assistant | $110.00 | $125.00 | 0.40 | 48.50 | 44.00 | 4.50 |
| Timekeepers Without Rate Increases | | | | 78.80 | 16,313.00 | 16,313.00 | 0.00 |
| TOTAL | | | | 385.40 | $145,341.25 | $136,432.00 | $8,909.25 |

8.    **Transient Timekeepers.**    The activities of those timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear. Seven Landis Rath professionals and paraprofessionals bill fewer than 10.00 hours during this interim period. Stuart Maue recognizes that some professionals or paraprofessionals have specialized knowledge or expertise and may be called upon to provide services to the case on a limited basis; however, it appears that some of these timekeepers had minimal involvement in the case and billed for activities that could have been performed by other timekeepers or

timekeepers billing at a lower rate.  Stuart Maue requested that Landis Rath provide additional information regarding the role of the two timekeepers identified as transient billers.  The billing entries of these timekeepers total 3.80 hours and $1,468.00 in associated fees.

In its response, the firm stated that with regard to the time billed by associate Kerri Mumford, "Because the work related to retention matters and a motion that did not require extensive knowledge of the bankruptcy case, minimal (if any) time was required to get Ms. Mumford up to speed."  The firm further stated with regard to partner Daniel Rath that, "As the head of our litigation group, Mr. Rath will lead certain aspects of the investigation."

Based on the response from the firm, Stuart Maue does not make a recommendation for a reduction of the fees associated with these entries.

9.     **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states "...activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary."  The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.  Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference."

Stuart Maue identified only four tasks that did not include sufficient detail.  Those entries described a conference or e-mail communication that either did not identify the participants or the subject or purpose of the communication.  Stuart Maue requested that in future applications, Landis Rath provide sufficient detail for each entry.

10.     **Block Billing.**  The Guidelines in Section II.D.5 state "... Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry; ... ."

Landis Rath did not block bill its entries. Each task was a single activity with a separate time increment assigned.

11.    **Conferences, Hearings, and Other Events.**  Local Rule 2016-2 (d)(ix) provides "...The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." Section II.D.5 of the Guidelines states "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994). Stuart Maue identified all conferences, hearings, and other events and classified them either as a nonfirm conference, hearing, and other event, or as an intraoffice conference. Nonfirm conferences are identified as a conference attended by at least one person from outside the firm. Intraoffice conferences are identified as conferences attended exclusively by firm personnel.

a.    **Nonfirm Conferences, Hearings, and Events.**  Stuart Maue identified eight occasions when two or more Landis Rath timekeepers bill to attend the same nonfirm conference, hearing, or other event. Those entries totaled 15.60 hours with $7,269.00 in associated fees. The entries for all attendees, except the timekeeper who appears to be the most responsible (i.e., the one who bills the most fees and/or hours to the matter) totaled 7.20 with $2,520.00 in associated fees. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees. It is noted that no more than two Landis Rath timekeepers billed for attendance at the same nonfirm conference or event. Stuart Maue requested that Landis Rath provide a brief explanation of the necessity of the multiple billers. Exhibit C displaying these entries was included in the preliminary report provided to the firm.

In its response to the preliminary report, Landis Rath stated:

> To satisfy the requirements of Local Rule 2016-2, LRC submits that the size and complexity of this case, and the scope and breadth of the

matters being addressed, often required that more than one attorney handle a matter, attend a hearing or otherwise perform services on behalf of the Committee. In addition, given the size, complexity and circumstances of the case, it was also necessary to require that a partner be involved in most issues arising in the case. Despite this, a single partner and a single associate handled the vast majority of matters required to be performed on behalf of the Committee during the fee period. Mr. Landis and Mr. McGuire efficiently coordinated efforts, kept each other informed as to the status of matters, and generally worked in a manner designed to eliminate inefficiency and duplication of efforts.

Stuart Maue accepts the explanation of the firm and makes no recommendation for a reduction in these fees. Because there is no recommendation for a reduction in the fees for these entries, Exhibit C has not been included in the final report.

    **b.**    <u>**Intraoffice Conferences.**</u>    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Landis Rath for intraoffice conferences total 25.70 hours with $8,523.00 in associated fees, which represents approximately 6% of the total fees requested in the Application.

In some instances, two or more firm professionals and/or paraprofessionals bill to attend the same internal conference. The intraoffice conferences attended by more than one timekeeper totaled 9.10 hours with $2,874.00 in associated fees. Exhibit D displaying these entries was included in the preliminary report provided to the firm. Stuart Maue requested that Landis Rath provide a brief explanation for the necessity of more than one participant billing for the same intraoffice conference and the firm responded as follows:

> ...the size and complexities of these cases often required coordination between multiple LRC professionals. Further, over 50% of the highlighted time entries were recorded during the first month of LRCs engagement a time in any case that requires extensive coordination between professionals in any case, let alone cases of this magnitude. Moreover, many of the intraoffice conferences dealt with complex issues related to the employment of Committee professionals that were raised by the Office of the United States Trustee.

Stuart Maue accepts the explanation of the firm and makes no recommendation regarding these fees. Because there is no recommendation for a reduction in the fees for these entries, Exhibit D has not been included in the final report.

12. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Likewise, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit time entries and invoices. "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In Re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991). As a general rule, time expended by a firm in performing conflicts checks required as a condition of the firm's retention is not compensable and would also be considered an administrative activity. *See In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr. D. Mass. 2002).

Stuart Maue identified nine tasks in the Application, totaling 9.70 hours with $2,202.50 in associated fees, as administrative activities. These entries are displayed on Exhibit E.

In its response, the firm stated that:

> With respect to the time entries that reference conflict checks, in connection with the United States Trustees concerns about LRCs retention (stemming from the need for Committee professionals to be able to investigate and potentially pursue causes of action against certain parties involved with the Debtors leveraged buyout), LRC was required to meet with and prepare a written response to the UST, as well as prepare a supplemental affidavit describing its connections with certain parties in interest. LRC professionals performed additional diligence and review of its connections with those parties as part of this process. As a general matter, LRC does not bill time related to the review of conflict checks in connection with its proposed retention in any case. However, in this case, given the additional issues raised by the UST in connection with LRCs ability to investigate complex issues

related to the LBO investigation, such review was required and appropriately billed.

With respect to the preparation of bills for fee applications, LRC notes that at the outset of a case as complex as this, there is significant complexity in structuring bills in the format required to comply with the United States Trustees Guidelines and the requirements of the Fee Auditor. Once up and running efficiently, the level of work required to conform bills to case requirements should decrease, depending, of course, on the level of activity in the case.

Stuart Maue reviewed the firm's response and reexamined the entries identified as administrative activities. Based on the reexamination, Stuart Maue finds that two entries are related to conflict checks and the other seven entries are related to revisions of billing statements and prebills. These activities continue to be identified as administrative activities. Stuart Maue recommends a reduction in the requested fees in the amount of $2,202.50 for the activities identified as administrative.

13. **Clerical Activities.** Clerical activities include tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). However, other courts have determined that clerical activities are billable at a clerical rate. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, (3rd Cir. 1994). In this Court, there has been a practice of recommending that clerical activities be paid at the rate of $80.00 per hour and it is Stuart Maue's intent to follow that practice in this case. The entries identified as clerical activities in the preliminary report totaled 14.40 hours with $2,790.50 in associated fees.

The firm responded that:

LRC submits that these tasks are not administrative in nature; instead, they require extensive training, the exercise of discretion and substantial knowledge. Indeed, these tasks are critical to ensure that due process is achieved -- absent the discretion, knowledge and training of the timekeepers performing this work, the Committee would risk missed deadlines required by statute and rule. LRC is aware of no case in which its timekeepers (or others) have been compensated for such services at less than their customary hourly rates or at an arbitrary hourly rate of $80.00. LRC submits that it is appropriate, particularly in its role as Delaware counsel and co-counsel, for its timekeepers to bill at their customary rates for functions so critical to due process and the smooth functioning of the case.

Stuart Maue reviewed the firm's response and reexamined those tasks identified as clerical activities. Based on the firm's response, some entries were removed from the exhibit; however, other entries remain identified as clerical activities. Although clerical tasks are necessary to the administration of the case, they are generally not compensable or should be paid at a lower hourly rate. The entries that remain classified as clerical activities are displayed on Exhibit F and total 11.90 hours with $2,310.00 in associated fees. Stuart Maue recommends that the rates associated with these entries be reduced to $80.00 per hour, for a total allowed fee of $952.00; thereby reducing the requested fees by $1,358.00.

14.    **Travel.** Local Rule 2016-2 (d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates;... ." The Application included one entry describing working travel time that was billed at the timekeeper's full hourly rate.

15.    **Landis Rath Retention/Compensation.** Stuart Maue reviewed and identified entries related to the retention and compensation of Landis Rath. The firm bills 77.00 hours with associated fees of $25,413.00 to prepare the firm's retention documents and applications for compensation, which represents approximately 17% of the total fees billed by the firm. Stuart Maue does not make a recommendation for reduction of these fees. Exhibit G displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

## Review of Expenses

16.     **Complete and Detailed Itemization of Expenses.**   The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred."   Landis Rath provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

17.     **Photocopies.**   Local Rule 2016-2 (e)(iii) states "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page ... ."   Landis Rath states in the monthly statements that its rate for duplication is $0.10 per page.

18.     **Computer-Assisted Legal Research.**   Local Rule 2016-2 (e)(iii) states "The motion shall state ...computer-assisted legal research charges (which shall not be more than the actual cost)... ."   The Landis Rath monthly statements state that it "...seeks reimbursement for computer assisted research," which is the actual cost of such charges.  The firm did not request reimbursement for computer-assisted legal research.

19.     **Overhead Expenses.**   Section II.E.7 of the Guidelines state "Factors relevant to a determination that the expense is proper include the following:  Whether the expenses appear to be in the nature of nonreimbursable overhead.  Overhead includes, but is not limited to, word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges."   Landis Rath requested reimbursement of $35.47 for overtime wages. These charges are displayed in the following table:

| Invoice Number | Entry Number | Entry Date | Amount | Description |
|---|---|---|---|---|
| 8924 | 19 | 01/31/09 | $13.84 | OVERTIME WAGES – C. LEWICKI |
| 9092 | 39 | 02/15/09 | $21.63 | OVERTIME WAGES |

Generally, overtime wages are considered part of a firm's overhead and included in the hourly rates charged by the firm.

The firm provided the following response:

The Report questions two (2) expense reimbursement line-items that LRC has submitted for overtime wages. In both instances, both Ms. Lewicki and Ms. Rogers were required to work past normal working hours to meet various filing deadlines and client needs. In the case of Ms. Lewicki, the overtime charges relate to the preparation and filing of the applications to employ LRC and Chadbourne as co-counsel to the Committee and Alix Partners as financial advisor to the Committee on January 16, 2009. All of these applications were filed on January 16th and certain of the documents in connection therewith were received after normal business hours, necessitating the overtime work. With respect to Ms. Rogers, the overtime charges relate to the preparation and filing of the motion to employ Moelis & Co. as investment banker to the Committee on January 30, 2009. Similar to the situation on January 16th, these documents were received after the close of business, necessitating overtime work.

Stuart Maue accepts the explanation of the firm. Landis Rath's role as local counsel requires them to perform many activities on behalf of other case professionals. Because these overtime charges were related to the preparation and filing of motions to employ other case professionals and not only for Landis Rath, Stuart Maue does not make a recommendation for a reduction in the requested reimbursement of expenses for these overtime charges.

20.    **Working Meals.** Landis Rath requested reimbursement of $174.50 for client meals. It was not possible to determine if two of these charges were for meals related to meetings with people outside the firm or meals solely for employees of Landis Rath, which were not related to travel. Additionally, it was not possible to determine the number of attendees for the meal on February 15, 2009. Stuart Maue requested that Landis Rath provide an explanation for the purpose of the meal charges and the number of attendees at the February meal displayed in the following table:

| Invoice Number | Entry Number | Entry Date | Amount | Description |
|---|---|---|---|---|
| 8924 | 2 | 12/24/08 | $16.50 | MEALS GALLUCIO'S CAFÉ – M. GIRELLO |
| 8924 | 11 | 01/15/09 | $134.00 | MEALS CAVANAUGH'S RESTAURANT |

In its response the firm stated:

LRCs billing policy only permits for meals to be billed to clients in two circumstances: (a) working meetings during mealtime or (b) when, due to the exigencies of the case, parties are required to stay late in the evening working on this matter. The costs incurred are the actual costs billed by LRCs vendors and do not include any profit to LRC. In both cases, the meals identified by the Fee Auditor meets these aforementioned requirements. With respect to the meal charge from Mr. Girello, while the fee application indicates that the meal was charged on December 24, 2008, it was in fact incurred on December 19, 2008, just after LRC was retained by the Committee. Mr. Girello was required to work late into the evening assembling case materials for the attorneys assigned to the matter in advance of presentation to the Committee the next day. The meal on January 15, 2009 is attributable for lunch that was provided as a working meal for five (5) attorneys representing the Committee and three (3) attorneys representing the Debtors after the conclusion of an omnibus hearing.

Although a firm may have a policy of providing meals for employees while working late, such charges are generally considered part of a firm's overhead and not billable to the estate. Stuart Maue accepts the explanation of the firm for the working meal charge on January 15, 2009, which included firm and nonfirm attendees. However, Stuart Maue recommends that the request for reimbursement of expense charges be reduced by $16.50 for the employee meal charge incurred on December 19, 2008.

## Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $141,780.75 ($145,339.25 minus $3,558.50)[2] and reimbursement of expenses in the amount of $10,854.02 ($10,870.52 minus $16.50) for the period from December 18, 2008 through February 28, 2009.

---

[2] Because the firm requested less than the computed amount, the recommended fee reduction has been offset by the discrepancy in fees, as displayed on Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

Linda K. Cooper

3840 McKelvey Road
St. Louis, Missouri  63044
Telephone:    (314) 291-3030
Facsimile:    (314) 291-6546
l.cooper@smmj.com

Fee Examiner

## APPENDIX A

### LANDIS RATH & COBB LLP

#### SUMMARY OF FINDINGS

##### First Interim Fee Request (December 18, 2008 through February 28, 2009)

**A.      Amounts Requested and Computed**

| | | |
|---|--:|--:|
| Fees Requested | $145,339.25 | |
| Expenses Requested | 10,870.52 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $156,209.77 |
| | | |
| Fees Computed | $145,341.25 | |
| Expenses Computed | 10,870.52 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $156,211.77 |
| | | |
| Discrepancies in Fees | ($        2.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($        2.00) |

**B.      Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|--:|--:|--:|
| Fees Requested | $145,339.25 | | |
| *Fee Discrepancy* | | *$      2.00* | |
| *Recommended Reduction for Administrative Activities* | | *(2,202.50)* | |
| *Recommended Reduction for Clerical Activities* | | *(1,358.00)* | |
| Subtotal | | *($3,558.50)* | |
| | | | |
| RECOMMENDED FEE ALLOWANCE | | | $141,780.75 |
| | | | |
| Expenses Requested | $10,870.52 | | |
| *Recommended Reduction for Working Meals* | | *($16.50)* | |
| Subtotal | | *($16.50)* | |
| | | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 10,854.02 |
| | | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $152,634.77 |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 22th day of September, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

_Linda K. Cooper_
Linda K. Cooper

-16-
Landis Rath Final Report – First Interim Fee Application
Case No. 08-13141 (KJC)

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL

### COMPUTED AT STANDARD RATES

### Landis Rath & Cobb LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 1 | Landis, Adam G. | PARTNER | $297.50 | $595.00 | 127.70 | $74,266.25 |
| 3 | Rath, Daniel B. | PARTNER | $525.00 | $525.00 | 0.40 | $210.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $581.39 | | 128.10 | $74,476.25 |
| | | | | % of Total: | 33.24% | % of Total: 51.24% |
| 10 | McGuire, Matthew B. | ASSOCIATE | $335.00 | $370.00 | 87.40 | $31,823.50 |
| 16 | Parikh, Mona A. | ASSOCIATE | $240.00 | $275.00 | 77.40 | $20,392.50 |
| 4 | Mumford, Kerri K. | ASSOCIATE | $370.00 | $370.00 | 3.40 | $1,258.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $317.92 | | 168.20 | $53,474.00 |
| | | | | % of Total: | 43.64% | % of Total: 36.79% |
| 17 | Panchak, Frances A. | PARALEGAL | $200.00 | $200.00 | 61.80 | $12,360.00 |
| 11 | Girello Jr., Michael V. | PARALEGAL | $175.00 | $200.00 | 13.70 | $2,497.50 |
| 6 | Dero, Michelle M. | PARALEGAL | $200.00 | $200.00 | 8.20 | $1,640.00 |
| 8 | Adams, Cathy A. | PARALEGAL | $180.00 | $180.00 | 2.00 | $360.00 |
| 9 | Rogers, Linda M. | PARALEGAL | $180.00 | $180.00 | 2.00 | $360.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $196.32 | | 87.70 | $17,217.50 |
| | | | | % of Total: | 22.76% | % of Total: 11.85% |
| 19 | Nuble, Tynisa | LEGAL ASSISTANT | $125.00 | $125.00 | 1.00 | $125.00 |
| 15 | Lewicki, Cassandra | LEGAL ASSISTANT | $110.00 | $125.00 | 0.40 | $48.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $123.93 | | 1.40 | $173.50 |
| | | | | % of Total: | 0.36% | % of Total: 0.12% |
| | Total No. of Billers: 12 | Blended Rate for Report: | $377.12 | | 385.40 | $145,341.25 |

EXHIBIT E

ADMINISTRATIVE ACTIVITIES

Landis Rath & Cobb LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Dero, M | 6.00 | 1,200.00 |
| Panchak, F | 0.20 | 40.00 |
| Parikh, M | 3.50 | 962.50 |
| | 9.70 | $2,202.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company, et al. Bankruptcy | 9.70 | 2,202.50 |
| | 9.70 | $2,202.50 |

EXHIBIT E

ADMINISTRATIVE ACTIVITIES

Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | *MATTER NAME: Tribune Company, et al. Bankruptcy* |
| 01/07/09 | Panchak, F | 0.60 | 0.20 | 40.00 | 0.20 | F | 1 | REVIEW CONFLICT CHECK TO DETERMINE RELATIONSHIP OF ENTITY TO DEBTORS FOR EXHIBIT 2 TO LRC RETENTION APPLICATION (.2): |
| Wed | 8924/169 | | | | 0.40 | F | 2 | COMPLETE EXHIBIT 2 TO LRC RETENTION APPLICATION (.4) |
| | | | | | | | | *MATTER NAME: Tribune Company, et al. Bankruptcy* |
| 01/12/09 | Parikh, M | 0.80 | 0.20 | 55.00 | 0.20 | F | 1 | EMAIL TO BECKER, LEWICKI AND MCGUIRE REGARDING CONFLICT CHECK VERIFICATION (.2): |
| Mon | 8924/227 | | | | 0.50 | F | 2 | REVISE LRC RETENTION APPLICATION (.5): |
| | | | | | 0.10 | F | 3 | DISCUSSIONS WITH MCGUIRE AND MUMFORD REGARDING SAME (.1). |
| | | | | | | | | *MATTER NAME: Tribune Company, et al. Bankruptcy* |
| 02/20/09 | Parikh, M | 1.00 | 1.00 | 275.00 | | F | 1 | CONTINUE REVISING DRAFT BILL FOR LRC 1ST MONTHLY FEE APP |
| Fri | 9092/592 | | | | | | | |
| | | | | | | | | *MATTER NAME: Tribune Company, et al. Bankruptcy* |
| 02/23/09 | Dero, M | 4.00 | 4.00 | 800.00 | | F | 1 | NUMEROUS REVISIONS AND TIME ENTRY REVISIONS O DECEMBER/JANUARY PREBILL |
| Mon | 9092/608 | | | | | | | |
| | | | | | | | | *MATTER NAME: Tribune Company, et al. Bankruptcy* |
| 02/23/09 | Parikh, M | 6.00 | 2.20 | 605.00 | 1.40 | F | 1 | CONTINUE EDITING DRAFT BILL AND CORRECTING TIME ENTRIES FOR LRC 1ST MONTHLY FEE APP (1.4): |
| Mon | 9092/646 | | | | 0.10 | F | 2 | DISCUSSIONS WITH DERO (.1) |
| | | | | | 0.10 | F | 3 | AND PANCHAK (.1) RE: STATUS OF REVISIONS TO DRAFT BILL AND TO LRC 1ST MONTHLY FEE APP: |
| | | | | | 2.20 | F | 4 | CONTINUE DRAFTING LRC 1ST MONTHLY FEE APP (2.2): |
| | | | | | 0.30 | F | 5 | DISCUSSIONS WITH DERO RE: EDITS TO DRAFT BILL (.3): |
| | | | | | 0.80 | F | 6 | REVIEW AND EDIT REVISED DRAFT BILL (.8): |
| | | | | | 1.10 | F | 7 | CONTINUE DRAFTING LRC 1ST MONTHLY FEE APP (1.1). |
| | | | | | | | | *MATTER NAME: Tribune Company, et al. Bankruptcy* |
| 02/24/09 | Dero, M | 1.00 | 1.00 | 200.00 | | F | 1 | FURTHER REVISIONS TO DECEMBER/JANUARY PREBILL |
| Tue | 9092/627 | | | | | | | |
| | | | | | | | | *MATTER NAME: Tribune Company, et al. Bankruptcy* |
| 02/24/09 | Dero, M | 1.00 | 1.00 | 200.00 | | F | 1 | FINALIZE INVOICE FOR LRC FIRST MONTHLY FEE APPLICATION |
| Tue | 9092/632 | | | | | | | |
| | | | | | | | | *MATTER NAME: Tribune Company, et al. Bankruptcy* |
| 02/24/09 | Parikh, M | 4.80 | 0.10 | 27.50 | 0.30 | F | 1 | REVIEW MULTIPLE EMAILS TO/FROM LANDIS AND MCGUIRE RE: TIMING OF FILING OF LRC 1ST MONTHLY FEE APP (.3): |
| Tue | 9092/647 | | | | 0.20 | F | 2 | DISCUSSIONS WITH PANCHAK RE: STATUS OF LRC 1ST MONTHLY FEE APP (.2): |
| | | | | | 0.20 | F | 3 | DISCUSSIONS WITH DERO RE: EDITS TO DRAFT BILL (.2): |
| | | | | | 0.10 | F | 4 | DISCUSSIONS WITH MCATEER RE: CLIENT MEALS AND TRAVEL EXPENSE ENTRIES (.1): |
| | | | | | 2.20 | F | 5 | CONTINUE DRAFTING LRC 1ST MONTHLY FEE APP (2.2): |
| | | | | | 0.20 | F | 6 | DISCUSSIONS AND EMAILS WITH MCGUIRE RE: STATUS OF SAME (.2): |
| | | | | | 0.10 | F | 7 | EMAILS TO/FROM DERO RE: STATUS OF FINAL BILL (.1): |
| | | | | | 0.80 | F | 8 | CONTINUE PREPARING DRAFT OF LRC 1ST MONTHLY FEE APP (.8): |
| | | | | | 0.30 | F | 9 | REVIEW, REVISE AND FINALIZE DRAFT OF LRC 1ST MONTHLY FEE APP (.3): |
| | | | | | 0.40 | F | 10 | PREPARE EXHIBITS FOR SAME (.4). |

~ See the last page of exhibit for explanation

EXHIBIT E

ADMINISTRATIVE ACTIVITIES

Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| | | | 9.70 | $2,202.50 | | | |
| Total | | | | | | | |
| Number of Entries: | 8 | | | | | | |

EXHIBIT E

ADMINISTRATIVE ACTIVITIES

Landis Rath & Cobb LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Dero, M | 6.00 | 1,200.00 |
| Panchak, F | 0.20 | 40.00 |
| Parikh, M | 3.50 | 962.50 |
| | 9.70 | $2,202.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company, et al. Bankruptcy | 9.70 | 2,202.50 |
| | 9.70 | $2,202.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL

EXHIBIT F

CLERICAL ACTIVITIES

Landis Rath & Cobb LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Adams, C | 0.50 | 90.00 |
| Girello Jr., M | 1.00 | 187.50 |
| Lewicki, C | 0.40 | 48.50 |
| Panchak, F | 9.20 | 1,840.00 |
| Rogers, L | 0.80 | 144.00 |
| | 11.90 | $2,310.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company, et al. Bankruptcy | 11.90 | 2,310.00 |
| | 11.90 | $2,310.00 |

EXHIBIT F
CLERICAL ACTIVITIES
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/19/08 Fri | Girello Jr., M 8924/47 | 0.10 | 0.10 | 17.50 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>CALENDAR OMNIBUS HEARING DATES |
| 12/19/08 Fri | Lewicki, C 8924/1 | 0.10 | 0.10 | 11.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>OBTAIN DOCKET REPORT FOR REVIEW BY MCGUIRE AND LANDIS |
| 12/23/08 Tue | Girello Jr., M 8924/58 | 0.20 | 0.20 | 35.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW DOCKET AND CREATE WORD VERSION OF SAME |
| 12/30/08 Tue | Girello Jr., M 8924/103 | 0.20 | 0.10 | 17.50 | | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>BEGIN PREPARATION OF 2002 LIST;<br>DISCUSS WITH NUBLE REGARDING CONTINUATION THEREOF |
| 12/31/08 Wed | Girello Jr., M 8924/115 | 0.10 | 0.10 | 17.50 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>UPDATE DOCKET TO REFLECT RECENT PLEADINGS |
| 01/02/09 Fri | Girello Jr., M 8924/146 | 0.20 | 0.20 | 40.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>FILE MAINTENANCE AND ORGANIZATION |
| 01/05/09 Mon | Girello Jr., M 8924/179 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>UPDATE 2002 LIST |
| 01/06/09 Tue | Girello Jr., M 8924/181 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>UPDATE DOCKET TO REFLECT RECENT PLEADINGS |
| 01/08/09 Thu | Panchak, F 8924/182 | 0.20 | 0.10 | 20.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE/REVEW NOTICE OF COLE SCHOTZ RETENTION APPLICATION (.1);<br>CALENDAR DEADLINES FOR SAME (.1) |
| 01/09/09 Fri | Panchak, F 8924/193 | 0.20 | 0.10 | 20.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW LANDIS EMAIL REGARDING FILING DEADLINES FOR LRC, CHADBOURNE, ALIX AND MOELIS RETENTION APPLICATIONS (.1);<br>CALENDAR SAME (.1) |
| 01/12/09 Mon | Panchak, F 8924/208 | 0.20 | 0.10 | 20.00 | 0.10<br>0.10 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW ORDER APPROVING STIPULATION TO EXTEND FIRST DAY RECONSIDERATION PERIOD (.1);<br>CALENDAR EXTENDED DEADLINE (.1) |
| 01/12/09 Mon | Panchak, F 8924/210 | 0.40 | 0.20 | 40.00 | 0.10<br>0.10<br>0.20 | F<br>F<br>F | 1<br>2<br>3 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>SERVE ORDER APPROVING STIPULATION EXTENDING RECONSIDERATION PERIOD OF FIRST DAY ORDERS (.1);<br>PREPARE AFFIDAVIT OF SERVICE (.1);<br>FILE SAME (.2) |

~  See the last page of exhibit for explanation

EXHIBIT F
CLERICAL ACTIVITIES
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 01/15/09 Thu | Panchak, F 8924/260 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW NOTICE OF MOTION TO CONTINUE SEVERANCE PAY (.1): |
| | | | | | | F | 2 | CALENDAR OBJECTION DEADLINE |
| 01/15/09 Thu | Panchak, F 8924/261 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW NOTICE OF MOTION TO PAY NON-INSIDER INCENTIVE PROGRAM (.1): |
| | | | | | 0.10 | F | 2 | CALENDAR OBJECTION DEADLINE (.1) |
| 01/16/09 Fri | Adams, C 8924/318 | 0.50 | 0.50 | 90.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>COORDINATE FILING OF LRC RETENTION APPLICATION |
| 01/16/09 Fri | Lewicki, C 8924/276 | 0.30 | 0.30 | 37.50 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>FILE ORGANIZATION |
| 01/16/09 Fri | Rogers, L 8924/277 | 0.20 | 0.20 | 36.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>PREPARE FOR FILING AND ASSIST NUBLE WITH FILING OF LRC RETENTION APPLICATION |
| 01/16/09 Fri | Rogers, L 8924/280 | 0.10 | 0.10 | 18.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>PREPARE 2002 SERVICE LIST/LABELS FOR SERVICE OF PLEADINGS FILED TODAY |
| 01/19/09 Mon | Panchak, F 8924/301 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE/REVIEW APPLICATION TO RETAIN JONES DAY AS SPECIAL LITIGATION COUNSEL (.1): |
| | | | | | 0.10 | F | 2 | CALENDAR OBJECTION/HEARING DEADLINES (.1) |
| 01/19/09 Mon | Panchak, F 8924/305 | 0.30 | 0.10 | 20.00 | 0.20 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW COMMITTEE'S PROFESSIONALS' NOTICES AND RETENTION APPLICATIONS (.2): |
| | | | | | 0.10 | F | 2 | CALENDAR SAME (.1) |
| 01/19/09 Mon | Panchak, F 8924/306 | 0.10 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW 1102(B)(3) NOTICE AND MOTION (.1): |
| | | | | | 0.10 | F | 2 | CALENDAR OBJECTION DEADLINE (.1) |
| 01/21/09 Wed | Panchak, F 8924/339 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE/REVIEW MOTION TO EXTEND TIME TO COMPLY WITH 345(B) REQUIREMENTS (.1): |
| | | | | | 0.10 | F | 2 | CALENDAR EXTENDED OBJECTION DEADLINES (.1) |
| 01/21/09 Wed | Panchak, F 8924/341 | 0.60 | 0.30 | 60.00 | 0.30 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE/REVIEW ORDER APPROVING INTERIM COMPENSATION PROCEDURES (.3): |
| | | | | | 0.30 | F | 2 | CALENDAR FILING DEADLINES FOR MONTHLY AND INTERIM APPLICATIONS (.3) |
| 01/21/09 Wed | Panchak, F 8924/344 | 0.40 | 0.20 | 40.00 | 0.20 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW JANUARY 15 AMENDED AGENDA NOTICE TO DETERMINE CONTINUED HEARING DATES AND EXTENDED OBJECTION DEADLINES (.2): |
| | | | | | 0.20 | F | 2 | CALENDAR EXTENDED DEADLINES (.2) |
| 01/21/09 Wed | Panchak, F 8924/350 | 0.50 | 0.50 | 100.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>FILE MAINTENANCE AND ORGANIZATION OF PLEADINGS |

~  See the last page of exhibit for explanation

EXHIBIT F
CLERICAL ACTIVITIES
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 01/21/09 Wed | Rogers, L 8924/348 | 0.80 | 0.10 | 18.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy TELEPHONE CALL WITH WILCOX & FETZER REGARDING TRANSCRIBING JANUARY 16 341 MEETING OF CREDITORS: |
| | | | | | 0.20 | F | 2 | DRAFT LETTER TO WILCOX REGARDING SAME (.2): |
| | | | | | 0.10 | F | 3 | REVIEW COPIES OF CD CONTAINING HEARING (.1): |
| | | | | | 0.20 | F | 4 | DISCUSS WITH PANCHAK REGARDING LETTER TO WILCOX AND ARRANGEMENTS FOR LETTER AND CD TO BE TRANSCRIBED (.2): |
| | | | | | 0.10 | F | 5 | ARRANGE FOR COURIER TO DELIVER CD TO WILCOX (.1): |
| | | | | | 0.10 | F | 6 | EMAIL AND TELEPHONE CALL TO PARIKH REGARDING STATUS OF TRANSCRIPT (.1) |
| 01/22/09 Thu | Panchak, F 8924/353 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW SUPPLEMENTAL ORDER GRANTING DEBTORS' ADDITIONAL TIME TO FILE SCHEDULES AND SOFA (.1): |
| | | | | | 0.10 | F | 2 | CALENDAR SAME (.1) |
| 01/22/09 Thu | Panchak, F 8924/357 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW HARRIS COUNTY NOTICE OF APPEARANCE (.1): |
| | | | | | 0.10 | F | 2 | UPDATE 2002 SERVICE LIST (.1) |
| 01/22/09 Thu | Panchak, F 8924/358 | 0.40 | 0.30 | 60.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy EMAILS TO/FROM MCGUIRE REGARDING AGENDA AND RELATED DOCUMENTS FOR JANUARY 22 COMMITTEE MEETING (.1): |
| | | | | | 0.30 | F | 2 | RETRIEVE AND DISTRIBUTE SAME (.3) |
| 01/22/09 Thu | Panchak, F 8924/360 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW ACXIOM NOTICE OF APPEARANCE (.1): |
| | | | | | 0.10 | F | 2 | UPDATE 2002 SERVICE LIST (.1) |
| 01/23/09 Fri | Panchak, F 8924/369 | 0.30 | 0.20 | 40.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy REVIEW RETURNED MAIL REGARDING CERTIFICATION OF COUNSEL TO RECONSIDER FIRST DAY MOTIONS (.1): |
| | | | | | 0.10 | F | 2 | RESEARCH FOR CURRENT ADDRESSES (.1): |
| | | | | | 0.10 | F | 3 | RE-SERVE SAME (.1) |
| 01/23/09 Fri | Panchak, F 8924/370 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW THE NIELSEN COMPANY NOTICE OF APPEARANCE (.1): |
| | | | | | 0.10 | F | 2 | UPDATE 2002 SERVICE LIST (.1) |
| 01/23/09 Fri | Rogers, L 8924/373 | 0.40 | 0.40 | 72.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy DRAFT AND FEDEX LETTER TO PORTER ENCLOSING TRANSCRIPT OF 341 MEETING OF CREDITORS PREPARED BY WILCOX & FETZER |
| 01/26/09 Mon | Panchak, F 8924/376 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW UPDATED DOCKET |
| 01/26/09 Mon | Panchak, F 8924/378 | 0.20 | 0.10 | 20.00 | 0.10 | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW 3128 REDHILL'S NOTICE OF APPEARANCE (.1): |
| | | | | | 0.10 | F | 2 | UPDATE 2002 SERVICE LIST (.1) |
| 01/26/09 Mon | Panchak, F 8924/381 | 0.20 | 0.20 | 40.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy FILE MAINTENANCE AND ORGANIZATION OF PLEADINGS |

~ See the last page of exhibit for explanation

EXHIBIT F
CLERICAL ACTIVITIES
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 01/26/09 Mon | Panchak, F 8924/384 | 0.20 | 0.10 | 20.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW CONSTELLATION NEWENERGY NOTICE OF APPEARANCE (.1); UPDATE 2002 SERVICE LIST (.1) |
| 01/27/09 Tue | Panchak, F 8924/395 | 0.20 | 0.10 | 20.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE JANUARY 15 HEARING TRANSCRIPT (.1); EMAIL SAME TO DEUTSCH AND LEMAY (.1) |
| 01/28/09 Wed | Panchak, F 8924/400 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy UPDATE 2002 SERVICE LIST WITH WILMINGTON TRUST COMPANY |
| 01/28/09 Wed | Panchak, F 8924/404 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy CALENDAR EXTENDED OBJECTION DEADLINE FOR US TRUSTEE TO RETENTION APPLICATIONS |
| 01/29/09 Thu | Panchak, F 8924/411 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE WILMINGTON TRUST COMPANY'S RULE 2019 STATEMENT |
| 01/30/09 Fri | Panchak, F 8924/419 | 0.20 | 0.10 | 20.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW INTELSAT NOTICE AND MOTION FOR ADEQUATE PROTECTION AND ADMINISTRATIVE EXPENSE CLAIM (.1); CALENDAR HEARING AND OBJECTION DEADLINES (.1) |
| 01/30/09 Fri | Panchak, F 8924/420 | 0.20 | 0.10 | 20.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW INTELSAT MOTION FOR RELIEF FROM STAY (.1); CALENDAR HEARING AND OBJECTION DEADLINES (.1) |
| 01/30/09 Fri | Panchak, F 8924/421 | 0.20 | 0.20 | 40.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE/REVIEW UPDATED DOCKET |
| 01/30/09 Fri | Panchak, F 8924/429 | 0.60 | 0.60 | 120.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy FILE AND COORDINATE SERVICE OF MOELIS' RETENTION APPLICATION |
| 02/02/09 Mon | Panchak, F 9092/453 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy CALENDAR HEARING AND OBJECTION DEADLINES FOR MOELIS' RETENTION APPLICATION |
| 02/02/09 Mon | Panchak, F 9092/454 | 0.20 | 0.10 | 20.00 | 0.10 0.10 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy RETRIEVE AND BRIEFLY REVIEW NOTICE AND MOTION OF DEBTORS' FOR AUTHORITY TO AMEND AND ASSIGN J.P. MORGAN SECURITIES' ENGAGEMENT LETTER (.1); CALENDAR HEARING AND OBJECTION DEADLINES (.1) |
| 02/02/09 Mon | Panchak, F 9092/456 | 0.30 | 0.20 | 40.00 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy PREPARE AFFIDAVIT OF SERVICE FOR MOELIS' RETENTION APPLICATION (.1); FILE SAME (.2) |
| 02/03/09 Tue | Panchak, F 9092/481 | 0.20 | 0.20 | 40.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy COORDINATE SERVICE OF ORDER GRANTING 1102(B)(3) MOTION |

~ See the last page of exhibit for explanation

EXHIBIT F
CLERICAL ACTIVITIES
Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| 02/03/09 Tue | Panchak, F 9092/483 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE, REVIEW AND UPDATE 2002 SERVICE LIST WITH ST. JOHN PROPERTIES NOTICE OF APPEARANCE |
| 02/03/09 Tue | Panchak, F 9092/484 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE, REVIEW AND UPDATE 2002 SERVICE LIST WITH UNISYS' NOTICE OF APPEARANCE |
| 02/03/09 Tue | Panchak, F 9092/485 | 0.30 | 0.20 | 40.00 | 0.10<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>PREPARE AFFIDAVIT OF SERVICE FOR ORDER APPROVING 1102(B)(3) MOTION (.1):<br>FILE SAME (.2) |
| 02/03/09 Tue | Panchak, F 9092/486 | 0.20 | 0.20 | 40.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>FILE MAINTENANCE AND ORGANIZATION OF PLEADINGS |
| 02/04/09 Wed | Panchak, F 9092/494 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE, REVIEW AND UPDATE 2002 SERVICE LIST WITH UNITED HEALTHCARE NOTICE OF APPEARANCE |
| 02/12/09 Thu | Panchak, F 9092/519 | 1.00 | 1.00 | 200.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>REVIEW/REVISE JANUARY PREBILLS |
| 02/13/09 Fri | Panchak, F 9092/521 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>CALLS TO/FROM COURT REPORTER RE: 2/3/09 HEARING TRANSCRIPT |
| 02/17/09 Tue | Panchak, F 9092/527 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE AND DISTRIBUTE INTERIM COMP. ORDER TO M. MCGUIRE |
| 02/18/09 Wed | Girello Jr., M 9092/601 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE & FORWARD TO LANDIS SAMPLE COMMITTEE MEMBER EXPENSE APPLICATION |
| 02/18/09 Wed | Panchak, F 9092/542 | 0.30 | 0.20 | 40.00 | 0.10<br>0.20 | F<br>F | 1<br>2 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>PREPARE AFFIDAVIT OF SERVICE FOR LEMAY FIRST SUPPLEMENTAL AFFIDAVIT (.1):<br>FILE SAME (.2) |
| 02/18/09 Wed | Panchak, F 9092/546 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>RETRIEVE AND DISTRIBUTE EXAMINER REPORT TO A. LANDIS |
| 02/18/09 Wed | Panchak, F 9092/548 | 0.40 | 0.40 | 80.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>FILE AND COORDINATE SERVICE OF LANDIS FIRST SUPPLEMENTAL AFFIDAVIT |
| 02/19/09 Thu | Panchak, F 9092/553 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy<br>UPDATE CALENDAR WITH WEEKLY COMMITTEE CALLS |

~ See the last page of exhibit for explanation

EXHIBIT F

CLERICAL ACTIVITIES

Landis Rath & Cobb LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 02/19/09 Thu | Panchak, F 9092/558 | 0.30 | 0.20 | 40.00 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy PREPARE AFFIDAVIT OF SERVICE FOR A. LANDIS' FIRST SUPPLEMENTAL AFFIDAVIT (.1); FILE SAME (.2) |
| 02/19/09 Thu | Panchak, F 9092/564 | 0.30 | 0.30 | 60.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy FILE CERTIFICATION OF COUNSEL RE: LRC RETENTION APPLICATION |
| 02/20/09 Fri | Panchak, F 9092/589 | 0.10 | 0.10 | 20.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy COORDINATE SERVICE FOR ORDER GRANTING LRC RETENTION |
| 02/20/09 Fri | Panchak, F 9092/590 | 0.30 | 0.20 | 40.00 | 0.10 0.20 | F F | 1 2 | MATTER NAME: Tribune Company, et al. Bankruptcy PREPARE AFFIDAVIT OF SERVICE FOR MOELIS SUPPLEMENTAL DECLARATION, ALIXPARTNERS SUPPLEMENTAL DECLARATION, NOTICE OF FILING REVISED ENGAGEMENT LETTER AND ORDER GRANTING ALIX RETENTION (.1); FILE SAME (.2) |
| 02/25/09 Wed | Panchak, F 9092/656 | 0.20 | 0.20 | 40.00 | | F | 1 | MATTER NAME: Tribune Company, et al. Bankruptcy FILE MAINTENANCE AND ORGANIZE PLEADINGS |
| Total | | | 11.90 | $2,310.00 | | | | |

Number of Entries:        67

~  See the last page of exhibit for explanation

EXHIBIT F

CLERICAL ACTIVITIES

Landis Rath & Cobb LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Adams, C | 0.50 | 90.00 |
| Girello Jr., M | 1.00 | 187.50 |
| Lewicki, C | 0.40 | 48.50 |
| Panchak, F | 9.20 | 1,840.00 |
| Rogers, L | 0.80 | 144.00 |
| | 11.90 | $2,310.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Tribune Company, et al. Bankruptcy | 11.90 | 2,310.00 |
| | 11.90 | $2,310.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL