IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Objection Date: October 15, 2009 at 4:00 p.m.<br>Hearing Date: TBD ONLY IF OBJECTIONS ARE FILED |

**THIRD MONTHLY FEE APPLICATION OF DOW LOHNES PLLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF AUGUST 1, 2009 THROUGH AUGUST 31, 2009**

| | |
|---|---|
| Name of Applicant: | **Dow Lohnes PLLC** |
| Authorized to Provide Professional Services to: | **Debtors** |
| Date of Retention: | **July 14, 2009** |
| Period for Which Compensation and Reimbursement is Sought: | **August 1, 2009 to August 31, 2009** |
| Amount of compensation sought as actual, reasonable and necessary: | $ 188,557.00 (100%) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $ 1,223.56 (100%) |

This is a(n):   __X__ monthly   ____ interim   ____ final application

Requested Payment Amount:

| | |
|---|---|
| Fees at 80% | $ 150,845.60 |
| Expenses at 100% | $ 1,223.56 |

## Prior Monthly Applications

| #/Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| 1st Aug 4, 2009 | May 13, 2009 - June 30, 2009 | $ 199,917.50 (100%) | $ 1,243.76 (100%) | $159,934.00 (80%) (pending) | $ 1243.76 (100%) (pending) |
| 2nd Aug 21, 2009 | July 1, 2009 – July 30, 2009 | $ 182,517.50 (100%) | $2,009.47 (100%) | $146,014.00 (80%) (pending) | $ 2,009.47 (100%) (pending) |

## Amounts Remaining in Holdback and Negotiated Reductions

| Application | Gross Holdback (20% of fees) | Reduction | Net Holdback |
|---|---|---|---|
| 1st | $39,983.50 | tbd | tbd |
| 2nd | $36,503.50 | tbd | tbd |
| | | | |
| TOTAL | $76,487.00 | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Date: October 15, 2009 at 4:00 p.m.<br>Hearing Date: TBD |

### THIRD MONTHLY FEE APPLICATION OF DOW LOHNES PLLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF AUGUST 1, 2009 THROUGH AUGUST 31, 2009

Dow Lohnes PLLC ("Dow Lohnes"), special regulatory counsel for the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases, respectfully submits this Third Monthly Application of Dow Lohnes PLLC For Compensation For Services Rendered And Reimbursement Of Expenses As Special Regulatory Counsel (the "Third Monthly Application") to this Court, pursuant to (i) 11 U.S.C. §§ 327, 331, and 503, (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and (v) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order") for approval of interim compensation and reimbursement of expenses for the monthly period from August 1, 2009 through August 31, 2009 (the "Application Period"). In support of the Third Monthly Application, Dow Lohnes respectfully states as follows:

## INTRODUCTION

1. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On March 19, 2009, the Court appointed Stuart Maue as fee examiner (the "Fee Examiner") to act as special consultant to the Court for professional fee and expense analysis and review.

3. The Debtors sought approval of this Court to retain Dow Lohnes as special regulatory counsel pursuant to 11 U.S.C. §§ 327(a) and 1107, by application filed on June 26, 2009.

4. By Order dated July 14, 2009, the Court approved the retention of Dow Lohnes as special regulatory counsel in these proceedings.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code.

## RELIEF REQUESTED

6. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Dow Lohnes respectfully makes this Third Monthly Application for interim approval of compensation for professional services rendered and reimbursement of actual and necessary

expenses incurred by Dow Lohnes as special regulatory counsel to the Debtors during the period August 1, 2009 through August 31, 2009.

**ALLOWANCE OF COMPENSATION**

7. Attached hereto as Exhibit A is the Declaration of Christopher L. Meazell with respect to the compensation requested.

8. Attached hereto as Exhibit B are a chart and invoices containing a detailed itemization by project category of all services performed by Dow Lohnes with respect to these matters from August 1, 2009 through August 31, 2009. This detailed itemization complies with the Information Requirements Relating to Compensation Requests of Del. Bankr. L.R. 2016-2(d).

9. Dow Lohnes's services to the Debtors encompass certain regulatory, FCC and broadcast matters. The following summary highlights the areas in which Dow Lohnes rendered services for the time period covered by this Third Monthly Application. The full breadth of Dow Lohnes's services for the time period is reflected in the attached Exhibit B.

(a) <u>FCC/Regulatory Matters (08656.0100) (393.10 hrs; $183,677.00)</u>

This category includes time limited to the matters upon which Dow Lohnes has been retained in these cases, which includes (i) ensuring full compliance of the Debtors with the rules, regulations and policies of the FCC and the provisions of the Communications Act; (ii) ensuring that the Debtors and their affiliates satisfy the foreign ownership limitations contained in Section 310 of the Communications Act; (iii) seeking from the FCC, as necessary, appropriate ownership rule waivers to cover the newspaper-broadcast properties owned by certain of the Debtors and servicing the New York, Los Angeles, Chicago, Hartford and Miami markets; (iv) obtaining all other approvals and rule waivers that may be necessary pursuant to FCC rules, regulation and policies; (v) defending against any challenges to the FCC transfer applications including

proceedings before the FCC and, if necessary, the United States Courts of Appeals; (vi) working with bankruptcy and tax counsel for the Debtors to ensure that FCC requirements and procedures are fully coordinated with and complementary to the proceedings before the bankruptcy court; (vii) ensuring full compliance by the Debtors' broadcast stations with all the requirements of the FCC during and through the reorganization processes; (viii) preparing and filing with the FCC, as directed by the Debtors, all necessary applications, reports and updates to accomplish the above; and (ix) performing such other legal services as are within the scope of the matters on which Dow Lohnes has been retained that may be necessary and appropriate for the efficient and economical administration of these Chapter 11 cases.

(b) Retention and Fee Application Matters (08656.0101)(12.2 hrs/$4,880)

This category includes time spent preparing and filing Dow Lohnes's first and second monthly fee applications, as well as time spent communicating with Debtors other professionals regarding the application process.

(c) Non-Working Travel Time (08686.0102) (0 hrs/$0)

Dow Lohnes spent no time traveling at Debtors direction or on their behalf in connection with the representation during this Application Period. Any such time would have been billed at 50%.

(d) Writeoff/Voluntary Reductions (08686.9999) (0 hrs/$0)

In the exercise of billing discretion, Dow Lohnes determined that no voluntarily reductions were required during this Application Period.

## REIMBURSEMENT OF EXPENSES

10. Attached hereto as Exhibit C is a description of the costs actually expended by Dow Lohnes in the performance of services rendered as special regulatory counsel to the Debtors. (The invoices underlying these expenses are included in those attached at Exhibit B.) For the period August 1, 2009 to August 31, 2009, these costs totaled $1,223.56. The breakdown of costs includes charges for Duplicating Charges, Document Delivery Services, Meals, Postage, and Telephone Tolls. Dow Lohnes's rate for copying is $0.10 per page and is in compliance with the rate required by Local Rule 2016-2(e)(iii).

## PAYMENT AND RATES

11. In accordance with The Interim Compensation Order and the Fee Examiner Order, in the absence of any objection to this Third Monthly Application within twenty days of the submission hereof, Debtors are authorized to pay Dow Lohnes 80% of the requested fees and 100% of the requested expenses.

12. The hourly rates charged by Dow Lohnes professionals and paraprofessionals during the Interim Fee Period covered by this Application are no greater than the customary hourly rates for such individuals both inside and outside of bankruptcy cases. The highest billing rate that will be charged by any Dow Lohnes attorney for services rendered under Dow Lohnes's current billing rates that became effective on January 1, 2009 and continuing until Dow Lohnes's next Firm-wide rate adjustment will be $725 per hour. Dow Lohnes believes these rates are comparable to those charged by the bankruptcy and other professionals of other firms of comparable size, stature, and experience.

13. Dow Lohnes has received no payment and no promises for payment from any source other than the Debtors for services rendered in these chapter 11 cases. There is no

agreement between Dow Lohnes and any other party for the sharing of compensation to be received for the services rendered by Dow Lohnes in these chapter 11 cases. All professional and paraprofessional services for which compensation is sought herein were rendered solely on behalf of the Debtors in these cases.

## **REVIEW OF APPLICABLE LOCAL RULE**

14. The undersigned has reviewed the requirements of Local Rule of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware 2016-2 and certifies to the best of his information, knowledge and belief that this application substantially complies with Rule 2016-2.

## **NOTICE**

15. Notice of this Application has been served upon the Notice Parties specified in the Fee Orders. In accordance with the terms of the Fee Orders, Dow Lohnes respectfully submits that no other or further notice is required.

WHEREFORE, Dow Lohnes respectfully requests the Court (i) to approve, pursuant to 11 U.S.C. §§ 327, 331, and 503, interim compensation in the amount of $188,557.00 and reimbursement of expenses in the amount of $ 1,223.56, (ii) to authorize the payment of such amounts by the Debtors to Dow Lohnes, and (iii) to grant such further relief as is just and proper.

Dated: September 25, 2009

Respectfully submitted,

*/s/ Christopher L. Meazell*

Christopher L. Meazell
DOW LOHNES PLLC
Three Partners Place
Suite 230
201 David Boren Blvd.
Norman, OK 73072
(404) 514-0045
cmeazell@dowlohnes.com

John R. Feore
DOW LOHNES PLLC
1200 New Hampshire Ave., NW
Suite 800
Washington, DC 20036
(202) 776-2786
jfeore@dowlohnes.com

SPECIAL REGULATORY COUNSEL TO
DEBTORS AND DEBTORS IN POSSESSION