# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
In Re:                                  :   Chapter 11
                                        :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                 :   (Jointly Administered)
                                        :
                    Debtors.             :   **In re: Docket No. 2031**
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATED ORDER RESOLVING AS BETWEEN THE DEBTORS,
THE UNSECURED CREDITORS COMMITTEE, J.P. MORGAN CHASE BANK, N.A.,
CITIGROUP GLOBAL MARKETS, INC., MERRILL LYNCH CAPITAL
CORPORATION, MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC.,
MORGAN STANLEY & CO., INC., VALUATION RESEARCH CORPORATION,
ROBERT R. MCCORMICK FOUNDATION, CANTIGNY FOUNDATION, AND
LAW DEBENTURE TRUST COMPANY OF NEW YORK, LAW DEBENTURES'
MOTION FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE OR,
<u>ALTERNATIVELY FOR THE APPOINTMENT OF AN EXAMINER</u>**

Upon the motion (the "Motion") of Law Debenture Trust Company of New York ("Law

Debenture"), pursuant to 11 U.S.C. §§ 105(a), 343, and 1109(b) and Bankruptcy Rule 2004, for

entry of an order authorizing and directing discovery from certain third parties, including the

above-captioned debtors in these cases (the "Debtors"), J. P. Morgan Chase Bank, N. A.

("JPMorgan"), Citigroup Global Markets, Inc. ("Citigroup"), Merrill Lynch Capital Corporation

and Merrill, Lynch, Pierce, Fenner & Smith, Inc. (together, "Merrill"), Morgan Stanley & Co.,

Inc. ("Morgan Stanley"), and Valuation Research Corporation ("VRC" and collectively with the

Debtors, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC and Robert R. McCormick

Foundation and Cantigny Foundation (the "Foundations"), the "Producing Parties")), and upon

agreement of Law Debenture, and the Producing Parties, it is hereby **STIPULATED AND**

**AGREED**, subject to the approval of the Court that:

          1.     The Producing Parties will provide Law Debenture with copies of the

documents they have produced and will produce to counsel for the Unsecured Creditors

Committee ("UCC"), subject to the provisions of the Confidentiality Agreement entered into by the parties on September 23, 2009, attached hereto and incorporated herein, to the extent such documents are produced in response to the Document Request (as described in the Confidentiality Agreement).

2.      The Producing Parties further agree that in the event the UCC takes depositions of current or former employees of the Producing Parties' in connection with the above-captioned Chapter 11 Cases Law Debenture's counsel may participate and ask non-duplicative questions at such depositions.

3.      Subject to paragraph 4 below, the Motion is voluntarily withdrawn without prejudice, including without prejudice to the rights of the parties to seek or object to discovery in the future and to seek or object to the appointment of an examiner as sought in the Motion.

4.      Following good faith, but unsuccessful efforts to resolve a discovery dispute through the meet and confer process, Law Debenture may seek to calendar any motion for discovery on 8 days notice (objections due in 6 days), and may seek to calendar its Motion for the appointment of an examiner on 12 days notice (objections due in 9 days), subject to Rule 9006 and, if the hearing day would not otherwise fall on a regularly scheduled omnibus hearing date, the Court's approval.

5.      This Stipulated Order may be executed by the parties in multiple original counterparts, and each such counterpart will constitute an original hereof.

Dated: September 23, 2009
    Wilmington, Delaware

/s/ J. Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
COLE, SCHOTZ, MEISEL, FORMAN &
LEONARD, PA
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
(302) 652-3131

Bryan Krakauer
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7515

*Attorneys for the Debtors and Debtors in Possession*

Dated: September 23, 2009
      Wilmington, Delaware

/s/ Adam G. Landis
Adam G. Landis (No. 3407)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
(302) 467-4400

-and-

Howard Seife
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

*Attorneys for the Unsecured Creditors
Committee*

Dated: September 23, 2009
     Wilmington, Delaware

Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4000


*Attorneys for JPMorgan Chase Bank N.A.*

5

Dated: September 23, 2009
    New York, New York

/s/ David W. Brown
David W. Brown
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Attorneys for Citigroup Global Markets, Inc.*

6

Dated: September 23, 2009
    Wilmington, Delaware

/s/ Laurie Selber Silverstein
Laurie Selber Silverstein (No. 2396)
POTTER ANDERSON & CORROON LLP
P.O. Box 951
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899
(302) 984-6000

Madlyn Gleich Primoff
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Merrill Lynch Capital
Corporation and Merrill, Lynch, Pierce,
Fenner & Smith, Inc.*

Dated: September 23, 2009
New York, New York

/s/ Glen Silverstein
Glen Silverstein
LEADER & BERKON, LLP
630 Third Avenue
New York, NY 10017
(212) 486-2400

*Attorneys for Morgan Stanley & Co., Inc.*

Dated: September 23, 2009
     Wilmington, Delaware

/s/ John C. Phillips, Jr.
John C. Phillips, Jr. (No. 110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806

David Neier
WINSTON & STRAWN, LLP
200 Park Avenue
New York, NY  10166
(212) 294-6700

*Attorneys for Valuation Research Corporation*

Dated: September 23, 2009
     Wilmington, Delaware

/s/ Carl D. Neff
Carl D. Neff (No. 4895)
CIARDI CIARDI & ASTIN
919 Market Street, Suite 700
Wilmington, Delaware 10112
(302) 658-1100

Leonard S. Shifflett
QUARLES & BRADY, LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-5000

*Attorneys for Robert M. McCormick
Foundation and Cantigny Foundation*

Dated: September 23, 2009
      Wilmington, Delaware

By: /s/ Garvan F. McDaniel
BIFFERATO GENTILOTTI LLC
Garvan F. McDaniel (No. 4167)
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
Tel:  (302) 429-1900
Fax:  (302) 429-8600

– and –

David S. Rosner
Andrew K. Glenn
Matthew B. Stein
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel:  (212) 506-1700
Attorneys for Law Debenture Trust Company of
York

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is entered into as of September 23, 2009, between and among Tribune Company ("**Tribune**"), J.P. Morgan Chase Bank, N.A. ("**JPMorgan**"), Citigroup Global Markets, Inc. ("**Citigroup**"), Merrill Lynch Capital Corporation and Merrill, Lynch, Pierce, Fenner & Smith, Inc. (together, "**Merrill**"), Morgan Stanley & Co. Inc. ("**Morgan Stanley**"), Valuation Research Corporation ("**VRC**"), Robert R. McCormick Foundation and Catigny Foundation (the "**Foundations**"), Law Debenture Company of New York ("**Law Debenture**"), Centerbridge Partners, L.P. ("**Centerbridge**"), and their respective parents, subsidiaries and affiliates.

## WITNESSETH

WHEREAS, Tribune and most of its subsidiaries filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on December 8, 2008, in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court,** "and the Chapter 11 cases, together with any adversary proceedings and contested matters pending therein are hereinafter collectively referred to as the "**Cases**"); and

WHEREAS, Tribune is producing documents in response to a request for documents dated March 13, 2009; JPMorgan is producing documents in response to a request for documents dated March 26, 2009, and an amended request for documents dated May 13, 2009; Citigroup is producing documents in response to a request for documents dated May 7, 2009; Merrill is producing documents in response to a request for documents dated March 26, 2009, and an amended request for documents dated May 14, 2009; Morgan Stanley is producing documents in response to a request for ducuments dated May 7, 2009; VRC is producing documents in response to numerous requests beginning on April 13, 2009; and the Foundations are producing documents pursuant to a Stipulation Resolving Motion of the Official Committee of Unsecured Creditors Filed on June 10, 2009, For an Order Authorizing the Examination of Robert R. McCormick Foundation and The Cantigny Foundation and the Production of Documents Pursuant to Bankruptcy Rule 2004, approved by the Bankruptcy Court on August 21, 2009 (collectively, the "**Document Request**") from the Official Committee of Unsecured Creditors (the "**UCC**") in the Cases in connection with the UCC's analysis of the Leveraged ESOP Transaction (the "**Transaction**") that took place beginning in April 2007 and culminated with the merger of Tribune Company and Tesop Corporation in December 2007 (the "**Investigation**"); and

WHEREAS, Law Debenture in its capacity as indenture trustee of certain Tribune bonds and Centerbridge assert that they have an interest in the Investigation and wish to be provided with copies of the documents that Tribune,

JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC and the Foundations (each a "Producing Party") produce to the UCC in response to the Document Request ("**Documents**") without prejudice to Law Debenture's and Centerbridge's right to seek other discovery in connection with the Transaction and Tribune's. JPMorgan's, Citigroup's, Merrill's, Morgan Stanley's, VRC's and the Foundations' right to object thereto; and

WHEREAS, Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC and the Foundations are willing to provide to counsel for Law Debenture and Centerbridge copies of such Documents; and

WHEREAS, in responding to the Document Request, Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC and the Foundations have produced and will produce Documents that they believe contain or constitute non-public information or confidential or proprietary business, technical or financial information belonging to Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC or the Foundations, or their respective clients; and

WHEREAS, Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC and the Foundations believe that disclosure of such non-public or confidential or proprietary business, technical or financial information could be detrimental to their businesses or their clients' businesses and therefore wishes to protect such information;

NOW, THEREFORE, the parties hereby agree as follows:

1.      Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC and

the Foundations shall provide Law Debenture and Centerbridge copies of the

Documents to the extent such Documents are in response to the Document

Request in connection with the Investigation of the Transaction.

2.      All Documents will be used by Law Debenture and Centerbridge

solely in connection with the Cases.

3.      In producing Documents, Tribune, JPMorgan, Citigroup, Merrill,

Morgan Stanley, VRC and the Foundations may stamp or otherwise designate as

"Highly Confidential—Attorneys' Eyes Only" those Documents that the

producing party believes constitutes or contains non-public information that is

competitively sensitive and/or proprietary to the producing party or its respective

clients, or from which competitively sensitive and/or proprietary information

belonging to the producing party or its respective clients could be derived.  This

includes, without limitation, Documents containing information relating to

Tribune's, JPMorgan's, Citigroup's, Merrill's, Morgan Stanley's, VRC's, the

Foundations' or their respective clients' confidential financial and/or business

operations, business ventures, strategic plans, processes, designs, applications,

trade secrets, and/or other proprietary ideas.  In addition, Tribune, JPMorgan,

Citigroup, Merrill, Morgan Stanley, VRC or the Foundations may stamp or

otherwise designate as "Confidential" those Documents that the producing party

believes constitutes or contains non-public commercial information, including,

without limitation, non-public information about the producing party or its

respective clients.

      4.     Counsel for Law Debenture and counsel for Centerbridge shall

keep Documents stamped or otherwise designated "Highly Confidential—

Attorneys' Eyes Only" as Highly Confidential, and shall not provide such

Documents or any information contained in such Documents, or any information

that can be derived from such Documents, including, without limitation, any

information in the form of notes, spreadsheets, summaries, analyses,

compilations, memoranda, minutes or other materials derived from, disclosing,

discussing or otherwise using information (collectively, "Information") to any

person or entity other than the attorneys, clerical, paralegal and secretarial staff regularly employed by Kasowitz, Benson, Torres & Friedman LLP ("**Kasowitz**") or Akin Gump Strauss Hauer & Feld ("**Akin Gump**") who need to receive such information in connection with their review of the Transaction, and any financial advisors retained by Kasowitz or Akin Gump who need to receive such Information in connection with their review of the Transaction and who sign the attached Exhibit A.  Kasowitz and Akin Gump shall not provide Documents stamped or otherwise designated "Confidential," or any Information contained in such Documents, or any Information that can be derived from such Documents, to any person or entity other than (i) those persons authorized herein to review Documents designated "Highly Confidential—Attorneys' Eyes Only"; and (ii) Law Debenture, Centerbridge, and the employees of Law Debenture and Centerbridge who need to receive such Information in connection with their review of the Transaction.  Kasowitz or Akin Gump may use Documents or Information stamped or otherwise designated "Highly Confidential—Attorneys' Eyes Only" or "Confidential" in a court filing in the Cases by filing such Documents under seal (without waiving the right to challenge the designation as set forth in Paragraph 5).

5.      If Kasowitz or Akin Gump object on any basis to the designation of any Documents or Information from Documents as "Highly Confidential— Attorneys' Eyes Only" or "Confidential," or seek a waiver of such designation, Kasowitz or Akin Gump will initially contact the undersigned counsel to the

producing party in an effort to resolve the dispute and, if that effort is unsuccessful, may apply to the Bankruptcy Court (or the District Court for the District of Delaware (the "**District Court**") if then presiding over the Cases or the relevant proceeding within the Cases) for relief. Absent a written waiver or agreement from the producing party or an order of the bankruptcy court overseeing the Cases to the contrary, Documents or Information from Documents marked or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" may be used only in the manner set forth above in Paragraph 4.

6.    Should access to Documents or Information from Documents stamped or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" be sought from Kasowitz, Akin Gump, Law Debenture or Centerbridge by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the entity from whom access is sought will, unless prohibited by applicable law or regulation: (a) promptly notify the counsel to the producing party in writing of the requested access; and (b) prior to producing any such Documents or Information, provide the producing party with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents or Information.

7.    The inadvertent production of privileged information by Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC or the Foundations shall not constitute a waiver of any applicable privilege and any party receiving such information will return to the producing party any such materials inadvertently

produced.  Such material shall not be used by the receiving party in the
Bankruptcy Court or any other proceeding or forum.

8.      The terms of this Confidentiality Agreement will apply to any
documents that may be produced by Tribune, JPMorgan, Citigroup, Merrill,
Morgan Stanley, VRC or the Foundations to Law Debenture or Centerbridge in
connection with their review of the Transaction.

9.      Within sixty (60) days after the later to occur of (i) the
consummation of a plan of reorganization for Tribune and its debtor subsidiaries
pursuant to a final confirmation order that is no longer subject to appeal, (ii) the
conclusion of any litigation in the Cases for which use of the Documents remains
necessary, or (iii) the conversion, discharge, dismissal, or other such termination
of the Chapter 11 cases, Kasowitz and Akin Gump shall return all Documents
stamped or otherwise designated as "Highly Confidential—Attorneys' Eyes
Only" or "Confidential," and all copies thereof in their possession, Law
Debenture's possession, Centerbridge's possession, or the possession of any
person who executes Exhibit A to this Confidentiality Agreement, to counsel for
the producing party or, in lieu thereof, certify in writing that such Documents
stamped or otherwise designated as "Highly Confidential—Attorneys' Eyes
Only" or "Confidential" have been destroyed.

10.     Law Debenture, Centerbridge, Kasowitz and Akin Gump
acknowledge that irreparable damage would occur to Tribune, JPMorgan,

Citigroup, Merrill, Morgan Stanley, VRC or the Foundations if any of the provisions of this Agreement were not performed in accordance with their specific terms or were otherwise breached and that remedies at law for any actual or threatened breach by it of the covenants contained in this Agreement shall be inadequate and that Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC and the Foundations, as applicable, will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Agreement, in addition to all other remedies available to Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC and the Foundations at law or in equity.  During the pendency of the Cases, all parties hereto consent to the jurisdiction and venue of the Bankruptcy Court (or the District Court if then presiding over the Cases or the relevant proceeding within the Cases) with respect to any controversy or claims arising out of or related to this Agreement.  Upon conclusion of the Cases, all parties consent to the jurisdiction and venue of the federal and state courts located in the State of New York with respect to any such controversy or claims. EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.

11.    Notwithstanding anything to the contrary, nothing in this Confidentiality Agreement shall affect, in any way, Centerbridge's obligations pursuant to that certain other confidentiality agreement dated August 5, 2009, entered into between Tribune and Centerbridge.

12.    This Confidentiality Agreement may be executed by the parties in multiple original counterparts, and each such counterpart will constitute an original hereof.

[SIGNATURE PAGES FOLLOW]

Dated: September 23, 2009
        New York, New York

For Law Debenture Trust Company of New York

_____

David S. Rosner
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: September 23, 2009
New York, New York

For Centerbridge Partners, L.P.:

Daniel H. Golden
AKIN GUMP STRAUSS HAUER & FELD
LLP
One Bryant Park
New York, New York 10036
(212) 872-1000

Dated: September 22, 2009
New York, New York

For Tribune Company, its subsidiaries and affiliates:

_debtor_

Bryan Krakauer
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7515

COLE, SCHOTZ, MEISEL, FORMAN &
LEONARD, PA
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
(302) 652-3131

Dated: September 23, 2009
     New York, New York

For J.P. Morgan Chase Bank N.A., its
subsidiaries and affiliates:

Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Dated: September 23 2009
       New York, New York

For Citigroup Global Markets, Inc., its
subsidiaries and affiliates:

David W. Brown
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

Dated: September 23 2009
    New York, New York

                    For Valuation Research Corporation

                    David Neier
                    WINSTON & STRAWN LLP
                    200 Park Avenue
                    New York, New York 10166-4193
                    (212) 294-6700

Dated: September 23, 2009
      New York, New York

For Merrill Lynch Capital Corporation,
Merrill, Lynch, Pierce, Fenner & Smith,
Inc., and their subsidiaries and affiliates:

Madlyn Gleich Primoff
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

Dated: September __, 2009        For Morgan Stanley & Co. Inc., ~~and its~~
     New York, New York        ~~subsidiaries and affiliates~~:

Glen Silverstein
LEADER & BERKON, LLP
630 Third Avenue
New York, NY  10017
(212) 486-2400.

Dated: September 23, 2009
    New York, New York

For Robert M. McCormick Foundation and
Cantigny Foundation, and their subsidiaries
and affiliates:

Leonard S. Shifflett
QUARLES & BRADY, LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-5000

CIARDI CIARDI & ASTIN
919 Market Street, Suite 700
Wilmington, Delaware 10112
(302) 658-1100

# EXHIBIT A

_____, of _____,
is an advisor to _____, and hereby represents that the
undersigned has read the Confidentiality Agreement (the "**Agreement**") dated
September __, 2009 between Tribune Company ("**Tribune**"), J.P. Morgan Chase
Bank, N.A. ("**JPMorgan**"), Citigroup Global Markets, Inc. ("**Citigroup**"),
Merrill Lynch Capital Corporation and Merrill, Lynch, Pierce, Fenner & Smith,
Inc. (together, "**Merrill**"), Morgan Stanley & Co., Inc. ("**Morgan Stanley**"),
Valuation Research Corporation ("**VRC**"), Robert R. McCormick Foundation and
Catigny Foundation (the "**Foundations**"), Law Debenture Company of New York
("**Law Debenture**"), Centerbridge Partners, L.P. ("**Centerbridge**") (capitalized
terms not defined herein shall have the meanings ascribed to those terms in the
Agreement).

1.      The undersigned (i) has been provided with a copy of the
Agreement, (ii) has had an opportunity to review the Agreement with its counsel,
and (iii) is authorized to execute this Exhibit A to the Agreement.

2.      To the extent that Law Debenture Group or Centerbridge provide
the undersigned with Documents stamped or otherwise designated as "Highly
Confidential—Attorneys' Eyes Only" or "Confidential" or Information from such
Documents, the undersigned agrees that such Documents and Information shall
only be used in connection with the Investigation and that the undersigned will
keep such Documents and Information Confidential and will not provide such
Documents, nor any Information contained in such Documents, nor any
Information that can be derived from such Documents, to anyone.

3.      Should access to Documents stamped or otherwise designated as
"Highly Confidential—Attorneys' Eyes Only" or "Confidential" or Information
from such Documents be sought from the undersigned by any person, pursuant to
subpoena or other legal process under applicable law, rule, or regulation, the
undersigned agrees that, unless prohibited by applicable law or regulation, the
undersigned will: (a) promptly notify counsel to the producing party in writing of
the requested access; (b) and, prior to producing such Documents or Information,
provide the producing party with a reasonable opportunity to seek a court order
preventing or limiting the production of such Documents or Information.

4.      The undersigned agrees that the production of privileged
information by Tribune, JPMorgan, Citigroup, Merrill, Morgan Stanley, VRC or
the Foundations shall not constitute a waiver of any applicable privilege and that
it will return to the producing party any such materials inadvertently produced.
Such material shall not be used by the receiving party in the Bankruptcy Court or
any other proceeding or forum.

Agreed and Accepted: _____ (date)

Name: _____
Title: