

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853 7000
(312) 853 7036 FAX

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON
LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

jlotsoff@sidley.com
(312) 853-4602

FOUNDED 1866

September 28, 2009

**By Hand Delivery**

The Honorable Kevin J. Carey
Chief Judge
United States Bankruptcy Court
for the District of Delaware
824 North Market Street
5th Floor
Wilmington, Delaware 19801

Re: In re: Tribune Company, et al., No. 08-13141 (KJC)

Dear Judge Carey:

The Debtors respectfully submit this letter to answer the question asked of them by the Court at the conclusion of the September 25, 2009 hearing on the Debtors' motion to approve their proposed 2009 Management Incentive Plan (the "Plan"). The Court posed the question of whether the Debtors seek independent rulings on each of the three components of the Plan – the historical Management Incentive Program ("MIP"), the Transition MIP ("TMIP") and the Key Operators Bonus ("KOB") – or whether they seek a single ruling on the entire Plan as an integrated whole. As the Court's question was posed during closing argument, the Court stated that it would give the Debtors' counsel an opportunity to confer with the Debtors before responding to the Court's question.

The Debtors respectfully state that it is critical that the Plan be judged and ruled upon as an integrated whole, not in parts. The Plan emanates from the Tribune Company Incentive Compensation Plan, as implemented in 1997 and amended and restated in 2004, which, consistent with the Debtors' historical practices, allows for and contemplates a variety of annual incentive compensation plan components. The Plan was exhaustively and thoughtfully assessed and negotiated as an integrated whole over four months with both the official committee of unsecured creditors (the "Creditors Committee") and the steering committee of the Debtors' senior lenders (the "Steering Committee"), and was also carefully scrutinized as a whole by the independent Compensation Committee of Tribune Company's Board of Directors (the "Compensation Committee"). The Debtors, the Creditors Committee, the Steering Committee, and the Compensation Committee (aided in each case by their professional advisors) all consider the Plan, as a whole, a principled means to achieve an integrated solution which is critical to the





success of the Debtors' continuing business operations. The Plan cannot be viewed as a mere collection of parts. Mr. Bigelow, for example, testified that the Committees proposed (and the Debtors agreed to) expanded participation in the KOB (which as noted pays out only above "stretch" performance) to maintain incentives for a wider range of key business unit leaders. The KOB has 23 key operator participants. The KOB interlocks with the TMIP, which has 21 largely different participants and is designed to ensure proper incentives for key managers who shoulder significant restructuring duties. There are only six individuals who participate in both the TMIP and the KOB because they have *both* key operator and restructuring duties. And these two Plan components are integrated with the historical annual cash bonus program, which includes all TMIP and KOB participants among the approximately 720 MIP participants. These three integrated Plan components also operate together to ensure that, in aggregate, all participants have market-median-based compensation opportunities at all performance levels, a fact that Mercer confirmed.

The Debtors urge the Court to consider the combined views of the Debtors, the Compensation Committee, the Creditors Committee, and the Steering Committee that a decision to approve only certain components of the Plan could do significant and lasting damage to the Debtors, to the motivation and cohesiveness of their management team, to the Debtors' success and initiatives to date in an incredibly challenging environment, and to the interests of the Debtors' constituencies and estates. The Creditors Committee and the Steering Committee share the Debtors' very real concerns about such concrete harm if the Plan is not approved in its entirety. The Plan represents a consensus that was achieved after combined efforts to arrive at a balanced approach reflecting the perspectives being negotiated and compromised. Counsel for the Creditors Committee, for example, expressed these concerns pointedly at the September 25th hearing in stating that, as a body comprised of sophisticated businesspeople and students of human nature, the Creditors Committee supports this carefully crafted incentive Plan as *the best means of maximizing its constituencies' potential recovery*, and decidedly does *not* want to wait for what will happen if the Plan is not approved. The Steering Committee also shares this view. The Debtors respectfully ask the Court to consider that a decision not to approve the Plan, or any given component of the Plan, would run counter to the shared business judgment of the Debtors, the Compensation Committee and these important creditor constituencies. The Debtors further respectfully submit that the combined business judgment of the Debtors, the Compensation Committee, the Creditors Committee, and the Steering Committee represent virtually all of the interests in these cases, and that their shared view is legally entitled to deference on this most critical of business issues.

The Debtors appreciate this opportunity to respond to the Court's question, and look forward to the Court's prompt ruling on their motion to approve the Plan given the postponement of the original August 11th hearing date. The Debtors respectfully submit that approving the Plan in its entirety is appropriate under the governing legal standard and appropriately recognizes the





considered business judgment of the Debtors, the Compensation Committee, the Creditors Committee and the Steering Committee; furthers and protects the shared interests of all such constituencies and the Debtors' estates in continuing to maximize the Debtors' profitability; and avoids the material harm to all such interests if the Plan is not approved.

Respectfully submitted,

Jonathan D. Lotsoff JKS
Jonathan D. Lotsoff

cc: Douglas E. Deutsch
Brian J. Gold
Bryan Krakauer
David M. LeMay
Joseph J. McMahon, Jr.
Robert E. Paul
Norman L. Pernick
Damian S. Schaible
Christopher P. Simon
J. Kate Stickles