```
                 UNITED STATES BANKRUPTCY COURT
                     DISTRICT OF DELAWARE


IN RE:                       .    Case No. 08-13141-KJC
                             .
                             .
TRIBUNE COMPANY,             .
                             .    824 North Market Street
                             .    Wilmington, DE 19801
                             .
          Debtor.            .    September 24, 2009
. . . . . . . . . . . . . .       9:58 a.m.

                  TRANSCRIPT OF OMNIBUS HEARING
               BEFORE HONORABLE KEVIN J. CAREY
           UNITED STATES BANKRUPTCY COURT CHIEF JUDGE

APPEARANCES:

For the Debtor:         Sidley Austin, LLP
                        By:  KENNETH P KANSA, ESQ.
                             BRYAN KRAKAUER, ESQ.
                        One South Dearborn Street
                        Chicago, IL 60603

                        Cole. Schotz, Meisel, Forman &
                          Leonard , P.A.
                        By:  NORMAN L. PERNICK, ESQ.
                        500 Delaware Avenue
                        Wilmington, DE 19801

For Ricketts            Foley & Lardner, LLP
Acquisition, Chicago    By:  MICHAEL SMALL, ESQ.
Baseball Holding:       321 North Clark Street
                        Chicago, IL 60654

                        Ashby & Geddes, P.A.
                        By:  GREGORY TAYLOR, ESQ.
                        500 Delaware Avenue
                        Wilmington, DE 19899


Audio Operator:         Sherry Stiles


Proceedings recorded by electronic sound recording, transcript
            produced by transcription service
```

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@optonline.net**

**(609) 586-2311    Fax No. (609) 587-3599**

APPEARANCES: (cont'd)

| | |
|---|---|
| For Great Bank: | Womble, Carlyle, Sandridge & Rice<br>By: THOMAS M. HORAN, ESQ.<br>222 Delaware Avenue<br>Wilmington, DE 19801 |
| For the Committee: | Landis, Rath & Cobb<br>By: ADAM G. LANDIS, ESQ.<br>919 Market Street<br>Wilmington, DE 19899<br><br>Chadbourne & Parke, LLP<br>By: DAVID M. LeMAY, ESQ.<br>    DOUGLAS E. DEUTSCH, ESQ.<br>30 Rockefeller Plaza<br>New York, NY 10112 |
| For MLB: | Willkie, Farr & Gallagher, LLP<br>By: JOHN C. LONGMIRE, ESQ.<br>787 Seventh Avenue<br>New York, NY 10019 |
| For AFTRA: | Cohen, Weiss and Simon, LLP<br>By: JOSHUA J. ELLISON, ESQ.<br>330 West 42nd Street<br>New York, NY 10036 |
| For United States Department of Justice: | Office of the U.S. Trustee<br>By: JOSEPH J. McMAHON, JR., ESQ.<br>844 King Street<br>Wilmington, DE 19801 |
| For DMD Special Situations Fund: | Connolly, Bove, Lodge & Hutz, LLP<br>By: Jeffrey C. Wisler, Esq.<br>1007 N. Orange Street<br>Wilmington, DE 19899 |
| For PBGC: | Pension Benefit Guaranty Corp.<br>By: FRANK ANDERSON, ESQ.<br>1200 K Street, N.W.<br>Washington, D.C. 20005 |
| For Law Debenture Trust Company of New York: | Bifferato, Gentilotti<br>By: GARVAN McDANIEL, ESQ.<br>800 N. King Street<br>Wilmington, DE 19801 |

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For Oaktree Capital Management: | Hennigan, Bennett & Dorman, LLP<br>By: BRUCE BENNETT, ESQ.<br>865 South Figueroa Street<br>Los Angeles, CA 90017 |
| For the Debtor: | Tribune Company<br>By: CHANDLER BIGELOW<br>    DAVE ELDERSVELD<br>    DONALD LIEBENTRITT<br><br>Sidley Austin, LLP<br>By: CANDICE KLINE, ESQ.<br>One South Dearborn Street<br>Chicago, IL 60603 |
| For Dow Jones News Wire: | Dow Jones News Wire<br>By: PEG BRICKLEY |
| For Monarch Alternative Capital, LP: | Monarch Alternative Capital, LP<br>By: ROBERT BURNS |
| For Anna Kalenchits: | Anna Kalenchits<br>By: Anna Kalenchits |
| For Perry Capital: | Perry Capital<br>By: RICHARD PAIGE |
| For J.P. Morgan Chase: | Davis, Polk & Wardwell<br>By: DAMIAN S. SCHAIBLE, ESQ.<br>450 Lexington Avenue<br>New York, NY 10022 |

**J&J COURT TRANSCRIBERS, INC.**

1  THE COURT: Good morning all. Counsel ready to
2 proceed.
3  MR. KRAKAUER: Good morning, Your Honor, Brian
4 Krakauer on behalf of the Tribune. I don't know if you want to
5 take appearances from other people in the courtroom.
6  THE COURT: As they stand to be heard we can do that.
7  MR. KRAKAUER: Okay. I think we have three matters
8 up this morning. First is the motion for seal to which there
9 have been no objections. Second is the motion for approval
10 from the standpoint of the Tribune debtors of the Cubs
11 transaction. And the third is there's a motion, a stay motion
12 which I think is being continued. And if we could address that
13 last unless you want to take it, just get that out of the way.
14  THE COURT: At your pleasure.
15  MR. KRAKAUER: Why don't we just deal with that last.
16  THE COURT: All right.
17  MR. KRAKAUER: The motion for seal there's a few
18 documents that we have filed with the Court that are
19 competitively sensitive. Copies of the documents have been
20 made available to our committees during the course of this case
21 and there's been no objection to the seal motion. So we would
22 ask that be granted.
23  THE COURT: I received them yesterday. Let me ask,
24 for the record, whether anyone wishes to be heard in connection
25 with the seal motion. I hear no response. Do you have a form

1  of order for me?
2           MR. KRAKAUER:  Yes, Your Honor.  If you'll hold on
3  one second.
4           THE COURT:  All right.
5           MR. KRAKAUER:  Can I approach the bench, Your Honor?
6           THE COURT:  You may.  Thank you.  That order has been
7  signed.
8           MR. KRAKAUER:  Thank you, Your Honor.  Our second
9  motion is for orders pursuant to 105, 363, 365 authorizing the
10 Tribune debtors to enter into a and consent to the transactions
11 that I'll describe generically as the Cubs transaction.  When
12 we were here last time we described that transaction in its
13 essential parts and we filed copies of the formation agreement
14 and copies of some of the ancillary documents which obviously
15 describe the transaction in a lot more detail.  In essence the
16 Chicago Cubs entity and some of its affiliates would be
17 transferring and contributing assets into a Newco entity.  And
18 that Newco entity would then transfer assets into an LLC.
19          In addition, some executory contracts would be
20 transferred directly from the Cubs entity into the LLC.  And at
21 the end the Tribune debtors and the Cubs would wind up owning
22 five percent equity interest in the LLC.  And in addition there
23 would be a large cash distribution that would be made to the
24 Cubs entity.  We're reserving rights of all parties as to which
25 entity and what the ultimate disposition of those funds are,

1  and who has rights in them.  What's proposed is just the money
2  be held in a segregated account subject to either confirmation
3  of a plan or further order of this Court.
4         There are also some related transactions that would
5  be entered into by the Tribune including restructuring of some
6  TV contracts, and also some radio contract by Tribune
7  affiliates that are debtors in these cases.  And there are also
8  guarantees that are being issued.  All these documents have
9  been extensively reviewed by our constituencies in this case in
10 terms of the official committee and the steering committee.  We
11 are at a position which is very fortunate of there not being
12 any objections to these transactions at all.  And both our
13 committees remain in support of the transactions.  And the
14 debtor itself believes that entering into these transactions is
15 a sound exercise of its business judgment.
16        We had one objection that was filed to the
17 transaction.  That was by Mr. Dunston who is a former player
18 for the Chicago Cubs.  Mr. Dunston has withdrawn that objection
19 so it is no longer pending.  We had some informal comments to
20 the form of order that we submitted.  The U.S. Trustee and the
21 unsecured creditors committee did provide us with comments.
22 We've responded to those comments and we submitted yesterday to
23 the Court a revised form of order with blacklines showing their
24 comments.  And I don't think that they changed the substance of
25 the transaction in any meaningful sense, but they are helpful

1  in clarifying some of the points that are being raised and also
2  dealing with making clear what particular assets are being
3  transferred and not being transferred.
4  　　　　　THE COURT:  All right.  I'll give others the chance
5  to be heard later.  But I did review the blackline and it
6  strikes me that the changes were directly related to the DMD
7  reservation.  I note J.P. Morgan Chase's position with respect
8  to that reservation.  The changes which seem to me were
9  probably prompted by the U.S. Trustee are consistent with those
10 that the U.S. Trustee I think also prompted in connection with
11 the procedures order.  The only question I have is it appears
12 as if, at least at this point, league approval has not yet been
13 obtained?
14 　　　　　MR. KRAKAUER:  Yes.  Let me walk you through exactly
15 where we are on that.
16 　　　　　THE COURT:  All right.
17 　　　　　MR. KRAKAUER:  We were originally hopeful that we
18 would have it by today but it still appears to be moving very
19 smoothly.  The process is first you supply all the documents to
20 the league and that has been done.  And we've been providing
21 graphs of agreements to the league as we've gone along.  The
22 league has -- the Office of the Commissioner has reviewed all
23 the documents.  The Office of the Commissioner has now reported
24 out the transaction to the owners.  And the transaction has
25 been recommended by the Commissioner's Office.  And it also has

1  been recommended by the Commissioner of Baseball.  So all
2  that's left at this point is for the owners to officially vote
3  on the transaction.  We're informed that could occur as soon as
4  October 5th would be the earliest date.  There is a ten day
5  period after it's reported out for the owners to vote.  And I
6  believe it was reported out, I believe, yesterday.  So that ten
7  day expires on October 5th.
8         At this point we have every reason to believe that it
9  will be approved.  There had been no objections raised by any
10 of the owners that we're aware to the transaction.  Either to
11 the structure of the transaction or to the Ricketts being a
12 majority owner of the Newco entity.  And so we are -- continue
13 to expect that that will proceed a pace.
14         Mr. Longmire who's counsel -- outside counsel to
15 Major League Baseball is also present in the courtroom.  So if
16 the Court does have any questions for him he's prepared to
17 address it.
18         THE COURT:  All right.  Thank you.
19         MR. KRAKAUER:  So I think with regard to Major League
20 Baseball it does appear that we are very much on track.  In
21 support of the motion we have three affidavits.  There's the
22 affidavit of Mr. Martel, Mr. Crane Kenney, and Mr. Bigelow.
23 Mr. Martel and Mr. Kenny's affidavit were previously admitted
24 in connection with the notice hearing and we'd ask that they be
25 readmitted for purposes of today's hearing.

1        THE COURT: Is there any objection? They'll be
2 admitted without objection.
3        MR. KRAKAUER: And Mr. Bigelow's affidavit is also
4 accompanying our motion. We'd also ask that that be admitted
5 and he's also present in the courtroom.
6        THE COURT: Is there any objection to admission of
7 the Bigelow affidavit? I hear no responses. Submitted without
8 objection.
9        MR. KRAKAUER: Your Honor, the affidavits demonstrate
10 that there has been a very full and thorough process to realize
11 and maximize the value of the Cubs enterprise, and to try and
12 maximize the value for the purpose of the Cubs and the Tribune
13 estate. The affidavits also demonstrate that this transaction
14 and the decision to proceed with this transaction is motivated
15 by sound business rational, and that the business judgment of
16 the debtors in proceeding with this transaction is a good one
17 and supported by the evidence.
18        Your Honor, we're asking for approval from the
19 standpoint of the Tribune debtors today of this motion. If
20 it's granted the next step would be, as I mentioned, getting
21 major league baseball approval, and then there would be an
22 escrow closing. And the escrowing would involve basically all
23 the funding, all the monies to fund the transaction being put
24 into escrow, all the deliveries to be made in that, and closing
25 to be put in escrow. So that essentially the only conditions

1  remaining after that would be that there be approval from the
2  Cubs' perspective of the transaction by -- in a Cubs
3  proceeding.  So what would then happen after the escrow closing
4  would be that there would be a filing under Chapter 11 by the
5  Cubs' entity.  And then promptly after the filing within a day
6  we would be before this Court requesting approval of the Cubs
7  transaction from the Cubs' standpoint.
8            And we are -- we've reserved with this Court October
9  13th as the date for that to occur and we would send out
10 notice, certainly, to parties as provided in our notice order
11 letting them know that that is the rescheduled date.
12           THE COURT:  And when would that notice be issued?
13           MR. KRAKAUER:  We would issue it within the next few
14 days, Your Honor.
15           THE COURT:  All right.  When is it anticipated that
16 you would file what's referred to in the papers as the CNLBC
17 entity?
18           MR. KRAKAUER:  We would file it after escrow closing,
19 and the day before we would appear before this Court on
20 approval of the transaction.  So likely we would file it
21 assuming escrow closing has occurred and such, perhaps on the
22 12th.
23           THE COURT:  Well, let me ask this and at least on
24 this limited issue.  I'd like to poll the U.S. Trustee.  The
25 U.S. Trustee has in her comments to the forms of order both on

1  the procedures motion and on the proposed order for today have
2  taken care to separate or distinguish that which is being
3  ordered today and that which may be ordered later reserving the
4  opportunity of parties to object.  But I'd like to know now
5  whether the U.S. Trustee anticipates pressing any notice issue
6  with respect to how the process has been structured.  Mr.
7  McMahon.
8        MR. McMAHON:  Your Honor, good morning, Joseph
9  McMahon for the Acting United States Trustee.  Your Honor, our
10 changes to both the procedures order and today's form of order
11 have been intentionally designed to preserve the rights of
12 parties in interest in the Cubs' cases, and to directly respond
13 to the Court's question.  We do not have a present intention to
14 press that issue.
15       THE COURT:  And it's not my intention today to ask
16 you to give up any such right.
17       MR. McMAHON:  Thank you, Your Honor.  But again, we
18 recognize the fact that the debtor is proceeding on a track
19 where ample public notice of what's going on is out there.  And
20 I hope I'm responsive to the Court's inquiry.
21       THE COURT:  You are, but hang one moment.  I just had
22 one additional question.  Assuming for the moment that the
23 hearing would go forward on the 13th and the filing would occur
24 on the 12th -- now, the 12th is Columbus Day, a legal federal
25 holiday, does that change your answer in terms of any notice

1  issues?  And I'm not suggesting any particular response I just
2  would like to know.
3           MR. McMAHON:  Your Honor, presently it does not.  No.
4           THE COURT:  Okay.  And the reason for that would be
5  all of the advance notice that's been given beginning with the
6  procedures order, I take it.
7           MR. McMAHON:  Correct, Your Honor.
8           THE COURT:  All right.  Thank you.  Mr. Krakauer.
9           MR. KRAKAUER:  Thank you, Your Honor.  I should point
10 out the way this has all been structured.  We're reserving for
11 the Court at the time of the Cubs hearings to make a
12 determination whether the notice that has been provided all
13 along is adequate.  So we're not asking you to rule on that
14 today.
15          THE COURT:  We did have a brief discussion about
16 this, I think at the procedures hearing, but what would be
17 anticipated other than concluding approval of this transaction
18 would be proposed to the Court in the way of first day orders
19 other than say joint administration?
20          MR. KRAKAUER:  Your Honor, the only other motion we
21 anticipated filing on that date is joint administration.  But I
22 do want to point out that part of what we're going to ask for
23 an approval of this transaction of the Cubs hearing is
24 authority if that approval's granted to allow the debtor in the
25 Cubs case to continue to make payments in the ordinary course

1  with respect to obligations that would be assumed pursuant to
2  the transaction documents.  So an issue that will be before the
3  Court at that time is allowing essentially the Cubs to continue
4  operations in the ordinary course pending the actual closing of
5  the transaction.  So that will be before Your Honor assuming
6  you are the Judge at that time.
7           THE COURT:  Well, under our current practice as a
8  related case I would expect that it would be.
9           MR. KRAKAUER:  Understood.
10          THE COURT:  That I would be.  Okay.  Anything further
11 in support of the motion?
12          MR. KRAKAUER:  Your Honor, I think that -- those
13 really are our evidence now in terms of the affidavits.  I'm
14 certainly available to answer any questions the Court has.
15          THE COURT:  Besides Mr. Bigelow are either of the
16 other two affiants present in court?
17          MR. KRAKAUER:  Yes, they're both present, Your Honor.
18          THE COURT:  All right.  Let me ask then whether
19 anyone wishes to examine any of the affiants whose affidavits
20 have been admitted into evidence?  I hear no response.  Does
21 anyone else wish to be heard in connection with the debtor's
22 motion?
23          MR. DEUTSCH:  Good morning, Your Honor, Doug Deutsch
24 from Chadbourne & Parke on behalf of the creditors committee.
25 Your Honor, you've heard our position before.  We don't have

1  anything new to add today other than we believe that the
2  process that was outlined three to four weeks ago with regard
3  to the procedures motion has been followed.  We're taking the
4  next step today.  Among other things I'll note that the
5  creditors committee has been involved every step of the way.
6  We've been kept apprized as to various new documents that have
7  come in and our corporate and bankruptcy attorneys have been
8  reviewing them and reviewing them with the committee.  And we
9  revised slightly as Your Honor has recognized the proposed
10 order.  We think it appropriate -- has been appropriately
11 modified and should be approved now by the Court.  So I have
12 nothing further, Your Honor, other than to again state that the
13 committee fully supports the sale of the Cubs and the approval
14 of this order.
15         THE COURT:  Thank you.  Does anyone else wish to be
16 heard in connection with the motion?
17         MR. KRAKAUER:  One comment just to clear the record.
18 Mr. Deutsch referred to it as a sale transactions, and it is
19 not structured as a sales transaction.
20         THE COURT:  Well, not in its overall form.  There are
21 sales within the transaction I understand, but with respect to
22 some of the subs to Newco of some assets at least the papers
23 refer to that.  But overall I understand it's an LLC
24 transaction.
25         MR. KRAKAUER:  It is a contribution to a partnership,

1   Your Honor.

2           THE COURT: Okay. Anyone else care to be heard? I
3   hear no further response. Well, based upon the record that's
4   been made both here and at the procedures hearing the record
5   demonstrates that this is a transaction that has developed over
6   an extended period of time, has moved through a complex process
7   and has provided for a complex transaction structure, and the
8   evidence demonstrates in my view that the debtor has a sound
9   business reason for proceeding with the transaction in this
10  fashion and along this time frame. All of the major
11  constituents in the 11 agree. There are no pending objections.
12  So for these reasons I'm prepared to grant the relief that's
13  been requested. Do you have the form of order for me?

14          MR. KRAKAUER: Leave to approach the bench, Your
15  Honor.

16          THE COURT: You may. Thank you. The order has been
17  signed.

18          MR. KANSA: Thank you, Your Honor. Ken Kansa on
19  behalf of Sidley Austin on behalf of the debtors. The last
20  matter on the agenda today is item 3 the motion of Ariel
21  Brignole for relief from stay. We have filed a response on
22  that basically because we hadn't been able to get in contact
23  with plaintiff's counsel. I had that contact with plaintiff's
24  counsel yesterday, and we have consensually continued the
25  motion to December 1st.

1          THE COURT: All right. I take it that at least as
2 it's expressed in the debtor's preliminary response discussions
3 -- at least the debtor wishes to begin discussions on resolving
4 the matter consensually. Where do you stand with that?
5          MR. KANSA: We did communicate that view to Mr.
6 Brignole who is representing the plaintiff yesterday, and he
7 indicated he was amenable to those discussions. We are going
8 to commence those as soon as we can with our co-counsel
9 handling the underlying matter in Connecticut. But he has
10 indicated he's amendable. There's a third party involved as
11 well, an independent contractor, and we need to involve them in
12 the discussions as well. I was only able to reach Mr. Brignole
13 yesterday so the process is still starting, but we've at least
14 commenced it.
15         THE COURT: All right. If for any reason the
16 matter's not resolved prior to the December date is it expected
17 that the hearing will be an evidentiary hearing or simply
18 argument?
19         MR. KANSA: I don't think we've reached that point
20 with the plaintiff yet, but we'll certainly take that issue up
21 with them in discussions going forward, Your Honor.
22         THE COURT: All right. You'll let me know. Anything
23 further for today?
24         MR. KRAKAUER: I believe that concludes our agenda,
25 Your Honor.

1  THE COURT: All right. Thank you all very much.
2 That concludes this hearing. Court is adjourned.
3                       * * * * *
4                   **C E R T I F I C A T I O N**
5          I, KIMBERLY UPSHUR, court approved transcriber,
6 certify that the foregoing is a correct transcript from the
7 official electronic sound recording of the proceedings in the
8 above-entitled matter, and to the best of my ability.
9
10 /s/ Kimberly Upshur          DATE:  October 1, 2009
11 KIMBERLY UPSHUR
12 J&J COURT TRANSCRIBERS, INC.
13
14
15
16
17
18
19
20
21
22
23
24
25