IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objections Due: October 29, 2009 at 4:00 p.m.<br>Hearing Date: *Only if Objections are filed*<br>Related to Docket Nos. 1876, 1877 and 2295 |

**SECOND QUARTERLY FEE APPLICATION OF
McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO
DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD MARCH 1, 2009 THROUGH MAY 31, 2009**

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | March 1, 2009[1] to May 31, 2009 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $839,465[2] (80% of which is $671,572) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $3,883.93 |

---

[1] This quarterly application includes a request for compensation in the amount of $67,609.50 for the months of January and February 2009, which were inadvertently omitted from the Combined Monthly and First Quarterly Application of McDermott Will & Emery LLP, as Special Counsel to Debtors for Domestic Legal Matters for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 Through February 28, 2009 (the "Combined Monthly and First Quarterly Application") [Docket No. 1029].

[2] By agreement with the above-captioned debtors and debtors in possession (the "Debtors"), McDermott Will & Emery LLP ("McDermott") seeks allowance of all fees and expenses in connection with this Second Quarterly Application but only seeks actual compensation in the amount of $728,597.50 (80% of which is $582,878.00) which represents the total amount of compensation during this application period, less $110,867.50, representing the amount that was inadvertently overpaid to McDermott by the Debtors pursuant to the Combined Monthly and First Quarterly Application.

This is an: __ monthly        _X_ interim        ___ final application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[3] | 1029 | 12/8/08 – 2/28/09 | $530,504.50[4] | $6,808.20 | $[____] | $[____] |

## COMPENSATION FOR PROFESSIONALS
## MARCH 1, 2009 THROUGH MARCH 31, 2009

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $915 | 177.60 | $162,504.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | 750 | 167.20 | $125,400.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | 580 | 142.20 | $82,476.00 |
| Mark A. Opper | Partner, Tax, Member of Georgia Bar since 2000 (inactive), Member of Virginia Bar since 2002, Member of District of Columbia Bar since 2006 | 490 | 140.00 | $68,600.00 |
| Philip J. Levine | Partner, Tax, Member of New York Bar since 1975, Member of District | 835 | 80.00 | $66,800.00 |

---

[3] The Combined Monthly and First Quarterly Application combined McDermott's monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[4] As noted in footnote 2, McDermott is reducing its compensation sought by $110,867.50 due to an inadvertent overpayment by the Debtors. Such amount resulted from the United States Trustee's (the "U.S. Trustee") concern regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") resolved the U.S. Trustee's concern by agreeing that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

| | | | | |
|---|---|---|---|---|
| | of Columbia Bar since 2002 | | | |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | 715 | 57.20 | $40,898.00 |
| William W. Merten | Partner, Mergers & Acquisitions, Member of Illinois Bar since 1985 | 715 | 55.50 | $39,682.50 |
| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | 690 | 35.70 | $24,633.00 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | 610 | 39.90 | $24,339.00 |
| Gary O. Ravert | Partner, Restructuring & Insolvency, Member of New York Bar since 2001 | 585 | 39.60 | $23,166.00 |
| Susan M. Nash | Partner, Employee Benefits, Member of Illinois Bar since 1991 | 690 | 18.20 | $12,558.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | 715 | 13.20 | $9,438.00 |
| Jason R. Eig | Partner, Corporate, Member of Maryland Bar since 1999, Member of District of Columbia Bar since 2000 | 570 | 11.20 | $6,384.00 |
| Mark A. Bilut | Partner, Employee Benefits, Member of Illinois Bar since 1995 | 595 | 6.70 | $3,986.50 |
| Raymond M. Fernando | Partner, Employee Benefits, Member of Illinois Bar since 2002 | 570 | 4.60 | $2,622.00 |
| Jonathan J. Boyles | Partner, Employee Benefits, Member of the New York Bar since 2001, Member of District of Columbia Bar since 2001 | 540 | 4.10 | $2,214.00 |
| Thomas D. Sykes | Partner, Tax, Member of Wisconsin Bar since 1979, Member of District of Columbia Bar since 1999, Member of Illinois Bar since 2002 | 650 | 3.10 | $2,015.00 |
| Brooks B. Gruemmer | Partner, Corporate, Member of Illinois Bar since 1990 | 690 | 2.50 | $1,725.00 |
| David E. Rogers | Partner, Employee Benefits, Member of Florida Bar since 1985, Member of District of Columbia Bar since 1992 | 715 | 1.50 | $1,072.50 |

NYK 1222715-1.020336.0515

| | | | | |
|---|---|---|---|---|
| Matthew K. White | Partner, Tax, Member of District of Columbia Bar since 2001, Member of Tennessee Bar since 2008 | 665 | 1.50 | $997.50 |
| William P. Smith | Partner, Restructuring & Insolvency, Member of Ohio Bar since 1977, Member of Illinois Bar since 1984 | 795 | 1.20 | $954.00 |
| Paul M. Hamburger, PC | Partner, Employee Benefits, Member of District of Columbia Bar since 1985 | 715 | .50 | $357.50 |
| Karen A. Simonsen | Partner, Employee Benefits, Member of Illinois Bar since 1988 | 715 | .30 | $214.50 |
| Luis L. Granados, III | Counsel, Employee Benefits, Member of District of Columbia Bar since 1985, Member of Maryland Bar since 1979 | 630 | 26.50 | $16,695.00 |
| Robert Feldgarden, PC | Counsel, Tax, Member of District of Columbia Bar since 1975 | 835 | 1.00 | $835.00 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | 320 | 200.10 | $64,032.00 |
| Danica C. Dodds | Associate, Tax, Member of California Bar since 2009 | 280 | 73.50 | $20,580.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | 305 | 34.30 | $10,461.5 |
| Michael Weinstein | Associate, Corporate, Member of New York Bar since 2009 | 325 | 31.50 | $10,237.50 |
| Timothy S. Shuman | Associate, Tax, Member of Illinois Bar since 2006, Member of District of Columbia Bar since 2007 | 320 | 31.20 | $9,984.00 |
| Jeffrey M. Holdvogt | Associate, Employee Benefits, Member of Illinois Bar since 2003 | 420 | 1.80 | $756.00 |
| Robert J. Howell | Associate, Tax, Member of North Carolina Bar since 2003, Member of Virginia Bar since 2004, Member of Illinois Bar since 2008 | 320 | 2.00 | $640.00 |
| Daniel S. Fuchs | Associate, Tax, Member of Illinois Bar since 2006 | 315 | 2.00 | $630.00 |
| Brian J. Tiemann | Associate, Employee Benefits, Member of Illinois Bar since 2009 | 280 | 2.00 | $560.00 |
| Jared D. Zajac | Associate, Restructuring & Insolvency, Membership to New York Bar pending | 325 | .50 | $162.50 |

- 4 -

- 5 -

| Kathleen I. Edwards | Associate, Corporate, Member of Illinois Bar since 2008 | 300 | .30 | $90.00 |
|---|---|---|---|---|
| Daniel Senecoff | Non-lawyer professional, Employee Benefits | 605 | .80 | $484.00 |
| Marlyss Bloom | Corporate Paralegal | 255 | 1.10 | $280.50 |
| Grand Total: | | | 1412.10 | $839,465.00 |
| Blended Rate: | | | | $594.48 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Employees Benefits Matters | 8.70 | $5,415.00 |
| Welfare Plans | 69.30 | $44,035.00 |
| Non-Qualified Plans | 19.50 | $13,899.00 |
| ESOP | 131.40 | $89,552.50 |
| General Tax | 1.10 | $280.50 |
| Corporate/Credit Agreement/PHONES | 117.10 | $52,156.00 |
| Newsday | 11.50 | $6,730.50 |
| Chapter 11 Restructuring | 1,053.5 | $627,396.50 |
| **TOTAL:** | 1412.10 | $839,465.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Courier & Express Carriers | Washington Express Services | $0.84 |
| Facsimile (with rates) | In-House | $36.00 |
| Out-of-Town Travel | Various | $2,873.71 |
| Photocopies | In-House | $74.20 |
| Telecommunications | Conference Plus | $317.92 |
| Document Retrieval | PACER; Iron Mountain Records Management | $81.33 |
| Transportation | Boston Coach | $249.93 |
| Copyright Filing | IP Research Plus, Inc. | $250.00 |
| **TOTAL** |  | $3,883.93 |

NYK 1222715-1.020336.0515

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Objections Due: October 29, 2009 at 4:00 p.m.**<br>**Hearing Date:** *Only if Objections are filed*<br>Related to Docket Nos. 1876, 1877 and 2295 |

## SECOND QUARTERLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2009 THROUGH MAY 31, 2009

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this second quarterly application (the "Second Quarterly Application") for approval and allowance of compensation for services rendered in the amount of $839,465.00 (80% of which equals $671,572.00) and reimbursement for expenses incurred in the amount of $3,883.93 during the period commencing March 1, 2009 through May 31, 2009 (the "Second Quarterly Application Period"). This Second Quarterly Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related

Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Application, McDermott respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Second Quarterly Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as a debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee has been appointed in these chapter 11 cases.

## McDERMOTT RETENTION

6. Prior to the Petition Date, Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

7.  On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.

## PROCEDURAL BACKGROUND

8.  The Compensation Order and the Fee Examiner Order (collectively, the "Fee Orders") provide all professionals retained in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code must file with the Court and provide the fee examiner monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Application"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the professional must certify in writing to the Debtors that no objection or a partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application or (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection.

9.  Pursuant to the procedures set forth in the Fee Orders, McDermott prepared, filed with the Court, and served upon the Notice Parties and the fee examiner Monthly Fee Applications for the periods of March 2009, April 2009, and May 2009,[5] which Monthly Fee Applications are incorporated herein by reference and addressed in this Second Quarterly Application.

---

[5] The docket numbers of McDermott's Monthly Fee Applications for March 2009, April 2009 and May 2009 are 1876, 1877 and 2295, respectively.

10. In addition, beginning with the three-month period ending February 28, 2009, and for each three-month period thereafter, all professionals must file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (a "Quarterly Fee Application Request"). Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. As noted, this Second Quarterly Application represents the second Quarterly Fee Application Request that McDermott has filed with the Court in connection with these chapter 11 cases, and it covers the period from March 1, 2009 through May 31, 2009.

## RELIEF REQUESTED

11. By this Second Quarterly Application, McDermott requests that the Court approve the interim allowance and award compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by McDermott as general legal counsel to the Debtors during the Second Quarterly Application Period. Further, McDermott seeks this Court's authorization for payment of such amounts to McDermott, less any amounts previously paid to McDermott pursuant to the Monthly Fee Applications for the Second Quarterly Application Period.

12. During the Second Quarterly Application Period, attorneys and paraprofessionals of McDermott have expended a total of 1,412.10 hours in connection with these chapter 11 cases. The reasonable value of services rendered by McDermott to the Debtors during the Second Quarterly Application Period is $839,465.00. Such amount is a result of McDermott's normal hourly rates for work of this character. To the best of McDermott's knowledge, this

Second Quarterly Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## COMPENSATION PAID AND ITS SOURCES

13. All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

14. In compliance with Rule 2016, McDermott confirms that during the Second Quarterly Application Period McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Second Quarterly Application. There is no agreement or understanding between McDermott and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

15. As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26. The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment pursuant to the Combined Monthly and First Quarterly Application. Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

## SUMMARY OF SERVICES

16. The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Second Quarterly Application Period, organized by project category.

### Matter 0500 – General Tax

17. McDermott provided general tax advice concerning the Debtors' audit reporting requirements.

**Matter 0504 – Corporate/Credit Agreement/PHONES**

18.     McDermott analyzed and evaluated the tax consequences of the retirement of certain financial products the Debtors previously issued to investors and drafted an opinion letter for the Debtors regarding same. McDermott also assisted the Debtors with reviewing and analyzing the revised DIP documents.

**Matter 0515 – Chapter 11 Restructuring Tax Planning**

19.     McDermott worked extensively with the Debtors, their financial advisors and creditor representatives to develop various alternative structures for a reorganized Tribune involving S corporations, limited liability companies and C corporations, including researching and analyzing many novel tax issues arising in connection with the various alternatives. McDermott assisted the Debtors with reviewing and documenting its revisions to the DIP financing to ensure that the Debtors would retain flexibility to engage in various potential transactions involving the disposition of certain assets. McDermott further assisted the Debtors in determining their tax reporting with respect to certain debt instruments as a result of the bankruptcy, and in analyzing the impact of the bankruptcy on the Debtors' own tax position. McDermott worked with the Debtors in developing a financial model for use in developing and negotiating a plan of reorganization and assisted the Debtors with tax issues involving their statements of financial affairs. Finally, McDermott assisted the Debtors with various tax planning matters arising as a result of its bankruptcy and their unique S corporation/ESOP ownership structure.

**Matter 0515 – Chapter 11 Retention/Fee Application**

McDermott discussed, researched and responded to concerns raised by the U.S. Trustee concerning additional disclosures and requirements under *In re Pillowtex*, 304 F.3d 246 (3rd Cir. 2002). Further, McDermott reviewed its time entries and billing records to ensure they were in

- 6 -

compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order. McDermott also drafted and revised fee statements for submission in accordance with the Compensation Order. Finally, McDermott responded to the U.S. Trustee's objection to the Combined Monthly and First Quarterly Application and negotiated and drafted the terms of an agreement and an amended notice of no objection with the U.S. Trustee to temporarily resolve the matter.

### Matter 0040 – General Employee Benefits Matters

20. McDermott provided the Debtors with legal analyses regarding issues relating to employee unions and the consequences of bankruptcy in connection with the Debtors' relationship with the unions. McDermott reviewed various employee benefit programs provided by the Debtors and researched and analyzed the consequences of bankruptcy on such programs.

### Matter 0041 – Welfare Plans

21. McDermott provided general legal advice regarding programs offered by the Debtors to their employees, including reviewing and analyzing various contractual arrangements between the Debtors and their benefits providers. McDermott researched and analyzed issues regarding COBRA rights for employees and retirees after the bankruptcy filings. Further, McDermott reviewed and analyzed various healthcare documents and performed legal research regarding the status of the Debtors' healthcare programs as a result of the bankruptcy filings. Finally, McDermott performed legal research on issues regarding deferred compensation owed under certain benefit plans.

### Matter 0042 – Non-Qualified Plans

22. McDermott provided general legal advice regarding the Debtors' non-qualified plans, including compliance with various IRS regulations. McDermott performed legal research and provided analysis regarding liability under deferred compensation plans and provided

NYK 1222715-1.020336.0515

analysis to the Debtors on issues surrounding the Debtors' supplemental pension plan. McDermott further advised the Debtors on issues regarding claims made pursuant to certain plans.

**Matter 0047 – ESOP**

23.  McDermott provided general legal advice on issues concerning the Debtors' ESOP. Further, McDermott researched and worked to develop various alternative structures for the Debtors' ESOP and performed legal research concerning ESOP issues under each structure.

### ACTUAL AND NECESSARY EXPENSES

24.  McDermott seeks reimbursement of expenses actually and necessarily incurred in connection with the rendition of such services in the amount of $3,883.93. The requested expenses are customarily charged to non-bankruptcy clients of McDermott. Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues. In order for McDermott to analyze and address such issues properly, McDermott attorneys may have performed computerized legal research and incurred other expenses during the Second Quarterly Application Period, all of which was necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

25.  With respect to photocopying expenses, McDermott ordinarily charges all of its clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

26.  In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required. These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates. Only clients

- 8 -

who actually use services of the types set forth in the cover sheet to this Second Quarterly Application are separately charged for such services.

27. Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Typically, such travel expenses are initially borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

28. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

29. To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Second Quarterly Application Period, but were not processed prior to the preparation of this Second Quarterly Application, McDermott reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## **CONCLUSION**

30. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. McDermott has reviewed the requirements of Del. Bankr. L.R. 2016-2 and reasonably believes that this Second Quarterly Application complies with that Rule.

NYK 1222715-1.020336.0515

WHEREFORE, McDermott respectfully seeks allowance of the amount set forth in the Second Quarterly Application for the period of March 1, 2009 through May 31, 2009 in the amount of $839,465.00 (80% of which equals $671,572.00) for professional services rendered, and reimbursement of expenses incurred in connection wherewith in the amount of $3,883.93, for a total of $843,348.93. After taking into account the overpayment discussed in footnote 2 above, McDermott seeks payment in the amount of $728,579.50 (80% of which equals $582,878.00) for professional services rendered, for an aggregate total of $732,463.43.

Dated: Washington, District of Columbia
       October [ 7 ], 2009

                          McDERMOTT WILL & EMERY LLP

                          /s/ Blake D. Rubin
                          Blake D. Rubin (admitted *pro hac vice*)
                          600 13th Street, N.W.
                          Washington, D.C. 20005-3096
                          Telephone: (202) 756-8424
                          Facsimile: (202) 756-8087

                          and

                          Gary O. Ravert (admitted *pro hac vice*)
                          340 Madison Avenue
                          New York, NY. 10173-1922
                          Telephone: (212) 547-5598
                          Facsimile: (212) 547-5444

                          *Special Counsel for Domestic Legal Matters to Tribune Company, et al.*

NYK 1222715-1.020336.0515