STATE OF ILLINOIS   )
                              )  SS.
COUNTY OF COOK   )

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Related to Docket No. 227 |

## STATEMENT OF MICHAEL A. PARKS PURSUANT TO FED. R. BANKR. P. 2014 AND ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Michael A. Parks, being duly sworn, deposes and says:

1.     I am a partner at the law firm of Thompson Coburn LLP ("TC"), which

maintains offices at 55 East Monroe Street, Chicago, Illinois 60603.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.      This Affidavit is submitted in connection with an *Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* (Docket No. 227), entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Chapter 11 Cases").

3.      TC represents and advises the Debtors as their attorneys with respect to certain aspects of the Debtors' business operations. The Debtors have requested, and TC has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of the Chapter 11 Cases.

4.      TC's current customary rates, subject to change from time to time range as follows:

| Billing Category | Range |
|---|---|
| Partners | $300-$595 |
| Of Counsel | $305-$470 |
| Associates | $180-$385 |
| Paraprofessionals | $100-$290 |

These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. TC requests that the aforementioned rates be revised to the regular hourly rates which will be in effect at any particular time.

5.      In the ordinary course of its business, TC maintains a database for purposes of performing conflicts checks. TC's database contains information regarding TC's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities referenced in Rule 2014(a) from counsel to the Debtors

5015103_1

for purposes of searching the aforementioned database and determining the connections TC has with such entities.

## SPECIFIC DISCLOSURES

6.      TC's conflicts search of the parties in interest (that TC was able to locate using its reasonable efforts) reveals, to the best of TC's knowledge, that certain of TC's attorneys and paraprofessionals who previously worked at other law firms that represented certain potential parties in interest in the Chapter 11 Cases have not worked on matters relating to the Debtors' restructuring efforts while at TC, except as disclosed or otherwise described herein.

7.      TC may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the Chapter 11 Cases, for persons that are parties-in-interest in the Debtors' Chapter 11 Cases. To the best of my knowledge, TC does not perform services for any such person in connection with the Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates other than specifically described herein.

8.      As part of its customary practice, TC is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties-in-interest in the Chapter 11 Cases.

9.      Neither I, nor any principal or professional employed by TC, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of TC, as permitted by 11 U.S.C. § 504(b).

5015103_1

3

10.    I understand that any compensation paid to TC is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

11.    Neither I nor any principal or professional employed by TC, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which TC is to be employed.

12.    The Debtors have no outstanding monies owed to TC for prepetition services.

13.    TC does not currently hold a retainer from the Debtors.

14.    As of the Petition Date, TC was not party to a services agreement with the Debtors

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 9, 2009

THOMPSON COBURN, LLP

_Michael A. Parks_

Michael A. Parks
55 East Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 580-2237

SUBSCRIBED AND SWORN TO before
me this _9th_ day of __October__, 2009

__Cecelia S Ziganto__
Notary Public

OFFICIAL SEAL
CECELIA S ZIGANTO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/22/12

5015103_1