# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |
| In re:<br><br>CHICAGO NATIONAL LEAGUE BALL CLUB, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-13496 (KJC)<br><br>**Related to Docket No. 3** |

## ORDER DIRECTING (I) JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) THAT CERTAIN ORDERS AND OTHER PLEADINGS ENTERED OR FILED IN THE CHAPTER 11 CASES OF TRIBUNE COMPANY, ET AL. BE MADE APPLICABLE TO CHAPTER 11 CASE OF <u>CHICAGO NATIONAL LEAGUE BALL CLUB, LLC</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5598648v1

Upon the joint motion (the "Motion")[2] of Tribune Company, et al., as debtors and debtors in possession (the "Initial Debtors") in the above-captioned jointly administered chapter 11 cases (the "Initial Cases"), and Chicago National League Ball Club, LLC ("CNLBC," and together with the Initial Debtors, the "Combined Tribune Debtors"), as debtor and debtor in possession, having filed a voluntary petition for relief on October 12, 2009, for entry of an order directing that certain orders and other pleadings entered or filed in the Initial Cases be made applicable to CNLBC in its chapter 11 case, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1; and upon consideration of the Motion and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Combined Tribune Debtors and their estates and creditors; and that the relief requested will reduce the administrative burdens on the Court and the parties; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the above-captioned chapter 11 case of CNLBC shall be administered jointly with the above-captioned Initial Cases; and it is further

ORDERED, that the Clerk of the Court shall maintain one file and one docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Debtor Tribune Company, Case No. 08-13141 (KJC); and it is further

ORDERED, that all pleadings filed in the Combined Tribune Debtors' chapter 11 cases shall bear a consolidated caption in the form of Exhibit B to the Motion; and it is further

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

ORDERED, that the Clerk of the Court shall make a docket entry in the chapter 11 case of CNLBC substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 case of Chicago National League Ball Club, LLC, with the jointly-administered chapter 11 cases of Tribune Company, et al. The docket in the chapter 11 cases of Tribune Company, et al., Case No. 08-13141 (KJC) should be consulted for all matters affecting this case.

and it is further

ORDERED, that the following orders listed on Exhibit A to the Motion are hereby made applicable to CNLBC with immediate and final effect, effective as of the later of the entry of such orders in the Initial Cases or October 12, 2009, as if CNLBC were a "Debtor" as defined in such orders; provided, however, that application of the Cash Management Order to CNLBC shall not supersede nor modify the terms of any order of this Court approving the Proposed Business Combination that requires, in connection with such approval, CNLBC to retain the cash proceeds of the Proposed Business Combination:

(1) the Joint Administration Order;

(2) the Cash Management Orders;

(3) the Case Management Order;

(4) the Under Seal Order; and

(5) the Pro Hac Vice Orders;

and it is further

ORDERED, that within two (2) business days from the date of entry of this Order, the Combined Tribune Debtors shall notice their request that the balance of the orders listed on Exhibit A to the Motion be made applicable to CNLBC, with such notice to be provided to (i) the 20 largest creditors in CNLBC's chapter 11 case, and (ii) all parties requesting to receive notices in the Initial Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy

Procedure, and, following provision of such notice, if no objections are filed within twenty (20) days, this Court may grant the request upon the submission by the Combined Tribune Debtors of a proposed order under Certification of Counsel; and it is further

ORDERED, that CNLBC is hereby granted an interim waiver for a period of forty-five (45) days from the date of entry of this Order from the requirement(s) set forth in 11 U.S.C. § 345; provided that at the expiration of such 45-day period, such waiver shall become permanent in the absence of an objection by any party in interest; and it is further

ORDERED, that by the Disclosure Deadline (which shall be twenty (20) days from the date of entry of this Order), each of the Initial Debtors' professionals shall update any disclosures as a result of the extension of their representation to CNLBC's chapter 11 case. For avoidance of doubt, to the extent that a professional believes that it has no "connections" under Federal Rule of Bankruptcy Procedure 2014 to disclose as a result of CNLBC's bankruptcy filing, the professional shall file an affidavit/declaration affirmatively indicating that fact by the Disclosure Deadline; and it is further

ORDERED, that objections to the extension of the Initial Debtors' professionals' representation to CNLBC's chapter 11 case shall be filed on or before twenty (20) days from the Disclosure Deadline (the "Retention Objection Period"); and it is further

ORDERED, that, if no objection is filed during the Retention Objection Period, the Professional Retention Orders listed in Exhibit D to the Motion will be applicable to CNLBC's chapter 11 case, nunc pro tunc to the filing of its chapter 11 petition, as if CNLBC were a defined Debtor within each, on a final basis without the necessity of a hearing on the same; and it is further

ORDERED, that the Combined Tribune Debtors shall provide notice of the entry of such Specified Orders in the CNLBC chapter 11 case as are made immediately applicable in CNLBC's chapter 11 case to CNLBC's twenty (20) largest unsecured creditors; and it is further

ORDERED, that nothing in this Order shall detract from or limit the relief afforded under the CNLBC Transaction Approval Order in any way; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
October 14, 2009

The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge