# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 08-13141 (KJC)<br>)<br>) Jointly Administered<br>)<br>) **Objections Due: Nov. 4 , 2009 at 4:00 p.m.**<br>) **Hearing Date: To be determined** |

# THIRD QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2009 THROUGH AUGUST 31, 2009

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to March 1, 2009 |
| Period for which Compensation and Expense Reimbursement is Sought: | June 1, 2009 to August 31, 2009 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $84,368.46 |
| Amount Expenses Sought As Actual, Reasonable and Necessary: | $1,355.52 |

This is a Quarterly Application.

Prior Quarterly Applications Filed:

First Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through February 28, 2009 seeking compensation in the amount of $463,471.00 and reimbursement of expenses in the amount of $12,013.37 (Docket No. 1030) (the "First Quarterly Application")

Second Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 seeking compensation in the amount of $448,140.64 and

2

reimbursement of expenses in the amount of $11,721.03 (Docket No. 1743) (the "Second Quarterly Application")

Summary of Time Recorded

June 1, 2009 through August 31, 2009

ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| PARTNERS | | | | | |
| David J. Bradford | Litigation | 1976 | 875 | 12.90 | 11,287.50 |
| William J. Scogland | Employee Benefits | 1975 | 800 | 0.50 | 400.00 |
| Catherine Steege | Commercial | 1982 | 725 | 0.90 | 652.50 |
| Marc B. Hankin | Commercial | 1992 | 725 | 19.40 | 14,065.00 |
| Debbie L. Berman | Litigation | 1990 | 625 | 2.30 | 1,437.50 |
| Jorge M. Leon | Employee Benefits | 1998 | 595 | 1.40 | 833.00 |
| Amanda S. Amert | Litigation | 2000 | 540 | 1.60 | 864.00 |
| PARTNER TOTALS | | | | 39.00 | 29,539.50 |

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| ASSOCIATES | | | | | |
| Douglas Sondgeroth | Litigation | 2002 | 525 | 12.70 | 6,667.50 |
| Wade A. Thomson | Litigation | 2004 | 475 | 21.30 | 10,117.50 |
| David H. Hixson | Commercial | 2006 | 400 | 16.90 | 6,760.00 |
| Sofia E. Biller | Litigation | 2008 | 325 | 39.40 | 12,805.00 |
| Eamon P. Kelly | Litigation | 2008 | 325 | 6.70 | 2,177.50 |
| Landon S. Raiford | Litigation | 2008 | 325 | 16.00 | 5,200.00 |
| ASSOCIATE TOTALS | | | | 113.00 | 43,727.50 |

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Michael H. Matlock | 270 | 27.20 | 7,344.00 |
| Daniel K. Morgan | 230 | 7.10 | 1,633.00 |
| Eileen J. Robertson | 230 | 2.30 | 529.00 |
| Marc A. Patterson | 170 | 5.30 | 901.00 |
| Panagiota Ramos | 170 | 1.50 | 255.00 |
| PARALEGAL AND PROJECT ASSISTANT TOTALS | | 43.40 | 10,662.00 |

3

## LITIGATION SUPPORT AND DATABASE TECHNOLOGY

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Applied Technology Support Group | 275 | 0.30 | 82.50 |
| David Wirkiroski | 275 | 1.60 | 440.00 |
| Jennifer Anderson | 275 | 0.50 | 137.50 |
| Robert R. Ohton, Jr. | 275 | 1.00 | 275.00 |
| **LITIGATION SUPPORT AND DATABASE TECHOLOGY TOTALS** | | **3.40** | **935.00** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals): $84,864.00

BLENDED HOURLY RATE: $424.39

4

5

## SUMMARY OF DISBURSEMENTS

| Description | Amount |
|---|---:|
| Network Printing | 388.89 |
| Photocopy Expense | 34.68 |
| UPS | 11.02 |
| Westlaw Research | 938.37 |
| **Total** | **1,372.96** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ———————————————————— ) | Chapter 11 |
| In re: ) | |
| ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Objections Due: Nov. _4_, 2009 at 4:00 p.m.** |
| ) | **Hearing Date: To be determined** |
| ———————————————————— ) | |

**THIRD QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL
COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
JUNE 1, 2009 THROUGH AUGUST 31, 2009**

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application

(the "Application") for approval and allowance of compensation for services rendered in the

amount of $84,368.46 and reimbursement of expenses incurred in the amount of $1,355.52

during the period commencing June 1, 2009 through and including August 31, 2009 (the

"Application Period"). This Application is submitted pursuant to Sections 328, 330 and 331 of

Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"), the Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§

105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and

Establishing Related Procedures for Compensation and reimbursement of Expenses for

Professionals and Consideration of Fee Applications (the "Fee Examiner Order"). In support of

the Application, Jenner respectfully represents as follows:

2

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.   Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Application is

11 U.S.C. § 1103(a).

2.      The statutory bases for relief requested herein are Sections 328, 330 and 331 of

the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee or examiner has been appointed in these chapter 11 cases.

6.      On February 20, 2009, this Court entered the Order Authorizing Debtors and

Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain

Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the

"Retention Order").

7.      Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as

special counsel in connection with litigation matters.

8.     The Compensation Order and the Fee Examiner Order (collectively, the "Fee Orders"), direct Jenner to file with the Court and provide to the Fee Examiner and certain Notice Parties monthly applications for interim allowance for compensation for services rendered and reimbursement of expenses incurred, and time entries and itemized expenses ("Monthly Fee Applications"). Pursuant to the procedures set forth in the Fee Orders during the Application Period, Jenner prepared, filed with the Court, and served upon the Notice Partiers and the Fee Examiner Monthly Fee Application for the periods of June 1, 2009 through June 30, 2009 (Docket No. 1838), July 1, 2009 through July 31, 2009 (Docket No. 2042), and August 1, 2009 through August 31, 2009 (Docket No. 2294). These Monthly Fee Applications are incorporated herein by reference.

9.     Further, the Fee Orders direct Jenner to file with the Court and provide to the Fee Examiner and certain Notice Parties quarterly fee applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications (a "Quarterly Fee Application"). Quarterly Fee Applications must include a summary of the Monthly Fee Applications that are the subject of the application and any other information requested by the Court or required by the Local Rules. This Application is Jenner's third Quarterly Fee Request, and covers the period from June 1, 2009 through August 31, 2009. On July 27, 2009, Jenner filed a monthly fee application seeking compensation in the amount of $23,290.46 for services rendered and $289.39 for expenses incurred during June 2009. On August 28, 2009, Jenner filed a monthly fee application seeking compensation in the amount of $28,351.50 for services rendered and $818.91 for expenses incurred during July 2009. On October 7, 2009, Jenner filed a monthly fee application seeking compensation in the amount of $32,338.46 for services rendered and $247.22 for expenses incurred during August 2009.

10.     Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and certain other defendants in the lawsuit *Neil et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No: 08-cv-06833 in the United States District Court for the Northern District of Illinois (the "District Court"). In the *Neil* Litigation, certain of the Debtors' former employees are asserting two causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act ("ERISA") related to The Tribune Company's Employee Stock Ownership Plans ("ESOP"). The plaintiffs are seeking class certification for their claims. With respect to the *Neil* Litigation, the scope of Jenner's representation is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases." (Retention Order at 2-3.) Jenner continues to represent all defendants in the *Neil* Litigation.

11.     Also prior to the Petition Date, Jenner represented the Debtors in the lawsuit *Cueto v. Chicago Tribune Company., et al.* (the "*Cueto* Litigation"), Case No. 07-L-80 in the Circuit Court of St. Clair County, Illinois (the "State Court"). In the *Cueto* Litigation, a former attorney has asserted five causes of action against certain of the Debtors and others, alleging that the defendants invaded the plaintiffs' privacy and portrayed him in a false light by publishing materials regarding comments the plaintiff allegedly made about his relationship with judges in Illinois.

12.     On April 28, 2009 the Court entered an Order (Docket No. 1097) approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner

4

& Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application"). The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to a subpoena issued by the Department of Labor (the "DOL") on March 2, 2009. The DOL's subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA. Jenner advised and assisted the Debtors in connection with responding to the subpoena.

13.     The Debtors also requested that Jenner represent them in a dispute related to a swap agreement the Debtors had entered into with Morgan Stanley (the "Morgan Stanley Matter"). After the Debtors filed their chapter 11 petitions, Morgan Stanley purported to set off amounts it owed to the Debtors under the swap agreement against amounts the Debtors owed to Morgan Stanley on account of bonds Morgan Stanley acquired. Among the issues raised in this matter is whether Morgan Stanley could in fact exercise a right of set off, and whether Morgan Stanley has other liability to the Debtors.

14.     Jenner has exhausted a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.

15.     Additionally, as set forth in Jenner's application to be retained in these cases, Equity Group Investments, LLC ("EGI") is responsible for paying one-fourteenth (1/14) of the legal fees and expenses due to Jenner on account of its representation of the Debtors in the *Neil* Litigation. EGI is not responsible for Jenner's fees and expenses related to any other matters included herein, such as the DOL subpoena, the *Cueto* Litigation, or the Morgan Stanley Matter. Thus, in this Application, Jenner reduces the amount of compensation for services it is seeking in relation to the *Neil* Litigation by the amount of the payments due to it from EGI.

16.     Furthermore, the Debtors' insurance carrier, American International Group, Inc. ("AIG"), has agreed to compensate Jenner on account of its representation of the Debtors and non-debtor defendants in the *Neil* Litigation for issues unrelated to the application of the automatic stay or a Section 105(a) injunction.  In particular, Jenner has prepared a motion to dismiss the *Neil* plaintiffs' amended complaint for failure to state a claim, which will be argued on October 22, 2009.  This Application does not include a request for fees or compensation in connection with the matters for which AIG will compensate Jenner.

17.     This is Jenner's second quarterly fee application.  On April 15, 2009, Jenner filed its First Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through February 28, 2009 seeking compensation in the amount of $463,471.00 and reimbursement of expenses in the amount of $12,013.37 (Docket No. 1030) (the "First Quarterly Application").  On May 7, 2009, Jenner filed its Certificate of No Objection with respect to the First Quarterly Application (Docket No. 1154).  On July 15, 2009, Jenner filed its Second Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 seeking compensation in the amount of $448,140.64 and reimbursement of expenses in the amount of $11,721.03 (Docket No. 1743) (the "Second Quarterly Application").  On August 6, 2009, Jenner filed its Certificate of No Objection with respect to the Second Quarterly Application (Docket No. 1909).

## RELIEF REQUESTED

18.     By this Application, Jenner requests that the Court approve the interim allowance and award of compensation for professional services rendered and reimbursement of actual and

necessary expenses incurred by Jenner as special counsel to the Debtors during the Application Period. Further, Jenner seeks this Court's authorization for payment of such amounts to Jenner, less any amounts previously paid to Jenner pursuant to the Monthly Fee Applications for the Application Period.

19.    The amount of fees sought for services rendered during the Application Period is $84,368.46, representing 198.80 hours in professional and paraprofessional time, and reimbursement of actual, necessary expenses incurred by Jenner during the Application Period in the amount of $1,355.52. Jenner has previously been paid $41,337.57 for services rendered during this Application Period and has received $1,058.30 for reimbursement of expenses incurred during the Application Period. Therefore, Jenner requests an allowance of $84,368.46 for services rendered and $1,355.22 for expenses incurred during the Application Period, and the Court's authorization for Jenner to receive $43,030.89 for Jenner's unpaid services and $277.22 for Jenner's non-reimbursed expenses during the Application Period.

## COMPENSATION PAID AND ITS SOURCES

20.    All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

21.    As set forth above, EGI is responsible for paying one-fourteenth of the legal fees and expenses due to Jenner related to the *Neil* Litigation. Accordingly, Jenner has reduced the amount compensation related to the *Neil* Litigation it is seeking by $495.54. ($6,937.50* 1/14 = $495.54.) Further, Jenner has reduced the amount reimbursement it seeks for expenses incurred by $17.44 ($244.11* 1/14 = $17.44).

22.    Also as set forth above, AIG is responsible for compensating Jenner for fees and expenses incurred in connection with Jenner's representation of the Debtors and non-debtor defendants in the *Neil* Litigation as to issues that do not concern the application of the automatic

stay or a Section 105(a) injunction. Jenner will separately bill AIG for those fees and has not included those time records in this Application.

23.    There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

24.    The fee statements for the Application Period are attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.    To the best of Jenner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

## SUMMARY OF SERVICES

25.    As set forth in the detailed statements of fees attached hereto as Exhibit A, fees incurred by Jenner during the Application Period total $84,864.00. After subtracting the portion of fees for which EGI is responsible, Jenner is seeking compensation in the amount of $84,368.46.  The services rendered by Jenner during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

26.    The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Application Period, organized by project category.

A.    **ESOP / Stay Issues**

Fees: $6,937.50        Debtors' Share of Fees After Subtracting Portion to be Paid by
EGI:   $6,441.96        Total Hours:  18.10

27.    During the Application Period, Jenner's primary focus was on researching and preparing memoranda regarding the Debtors' discovery obligations under ERISA.  In addition, Jenner spent substantial time preparing documents for production and setting up a system to ensure an efficient document production process.

28.    In addition, Jenner's time includes: (i) communications with Debtors' general bankruptcy counsel to coordinate efforts and avoid the duplication of work; (ii) communications with opposing counsel; (iii) appearing in court on the foregoing matters; and (iv) updating and maintaining files related to the *Neil* Litigation and the proceedings in this Court.

B.    **DOL Subpoena (Matter No. 10148)**

Fees: $9.369.00                Total Hours:  21.4

29.    During the Application Period, Jenner assisted the Debtors' response to the DOL's subpoena regarding certain ERISA issues.  The services rendered by Jenner during the Application Period includes Jenner's effort to respond to specific DOL requests and questions regarding document production, reviewing the Debtors' document to determine whether they were responsive to the DOL's request, and the creation, maintenance and updating of a document database.

C.    **Morgan Stanley Swap (Matter No. 10180)**

Fees: $45,562.50        Total Hours:  89.90

30.    During the Application Period, Jenner devoted numerous hours to representing the Debtors in connection with the dispute related to the swap agreement with Morgan Stanley.

In particular, Jenner expended substantial efforts in reviewing and analyzing the complex financial instruments underlying the transactions and researching numerous legal issues arising from Morgan Stanley's attempt to set off amounts it owes to the Debtors against amounts owed to it by the Debtors.[1]   Jenner also spent significant amounts of time preparing and evaluating general case strategies as well as preparing for and evaluating discussions with Morgan Stanley. This category of time also includes time spent communicating with the Debtors regarding the dispute and communications with Morgan Stanley regarding a potential settlement.

**D.    Cueto (Matter No. 10024)**

Fees: $1,437.00        Total Hours:    2.30

31.    During the Application Period, Jenner has expended limited time on the *Cueto* Litigation.  During the Application Period, Jenner continued to monitor the progress of the *Cueto* litigation and reviewed and analyzed key emails, filings and opinions related to the *Cueto* litigation and in telephone conferences with the *Cueto* court and other counsel regarding the scheduling of future hearings in the case.

**E.    Fee Applications (Matter No. 10164)**

Fees: $21,557.50        Total Hours:    67.1

During the Application Period, Jenner attorneys expended limited time on fee applications. Jenner attorneys and paraprofessionals prepared Jenner's monthly fee application for April, May, June and July 2009, including reviewing time entries for confidentiality and drafting the narrative portion of the fee application.  In addition, this time includes Jenner's preparation of Jenner's second quarterly fee application as well as time preparing its time entries in the format

---

[1] Due to the sensitivity of this matter, at this time Jenner believes it may not explain in greater detail the precise legal issues it is researching or that may be relevant to the Morgan Stanley dispute.  Accordingly, Jenner has redacted discussion of these specific areas of research from its time entries included in Exhibit A.

10

required by the Fee Examiner Order. In addition, Jenner attorneys also spent time responding to the Fee Examiner's preliminary report regarding Jenner's First Quarterly Fee Application.

## ACTUAL AND NECESSARY EXPENSES

32.    A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Application Period in the amount of $1,372.96 is attached hereto as Exhibit B. Jenner, however, only is seeking reimbursement of $1,355.52 in expenses as $17.44 is to be paid by EGI. Jenner's standard charge for photocopies is $0.08 per page. Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

33.    With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

34.    Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES

35.    Attorneys and paraprofessionals of Jenner have expended a total of 198.80 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character. The reasonable value of services rendered by Jenner to the Debtors during the Application Period is $84,864.00. As set forth above, one-fourteenth of Jenner's fees related to the *Neil* Litigation are to be paid by EGI, and therefore Jenner seeks allowance of compensation in the amount of $84,368.46. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Jenner reserves the right to

11

request additional compensation for such services, and reimbursement of such expenses in a future application.

36.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period June 1, 2009 through August 31, 2009, with respect to the sum of $84,368.46 for necessary professional services rendered and the sum of $1,355.52 as 100% reimbursement of actual necessary costs and expenses, for a total of $85,723.98; (b) authorization for the Debtors to pay Jenner for the professional services rendered and incurrence of necessary costs and expenses during the Application Period that have not yet been paid in the amount of $43,328.11 and (c) granting such other and further relief as this Court deems just and proper.

12

Dated: October 14, 2009                    Respectfully submitted,

By: _____
One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
Craig C. Martin
330 North Wabash Avenue
Chicago, IL 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Email: dbradford@jenner.com
        cmartin@jenner.com