# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date: Deadline:** Nov. 4 2009 |

## FIRST INTERIM FEE APPLICATION OF DELOITTE & TOUCHE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL AND ACCOUNTING ADVISORS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF JUNE 26, 2009 THROUGH AUGUST 31, 2009

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Name of Applicant: | Deloitte & Touche LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective June 26, 2009 by Order Entered August 11, 2009 |
| Period for Which Compensation and Reimbursement is Sought: | June 26, 2009 through August 31, 2009[2] |
| Amount of compensation sought as actual, reasonable and necessary: | $84,010.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $163.93 |

This is a(n): _____ monthly    X interim    _____ final application

Total time expended for fee application preparation is 0.0 hours and the corresponding compensation requested is approximately $0.00[2]

## SUMMARY OF PREVIOUSLY FILED FEE APPLICATION

This is the First Interim Fee Application filed by Deloitte & Touche LLP.  Deloitte & Touche LLP has previously issued one monthly fee statement to the Debtors for payment. [2]

| App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved | Approved Reduction |
|---|---|---|---|---|---|---|---|---|
| 1 | 8/25/2009 [2018] | 07/01/2009 07/31/2009 | $ 84,010.00 | $ 163.93 | 09/16/2009 [2133] | | | |
| Total | | | $ 84,010.00 | $ 163.93 | | | | |

## SUMMARY OF HOURS AND COMPENSATION BY PROJECT CATEGORY

|  | Hours | Compensation |
|---|---|---|
| **Hourly Services** | | |
| Pro-Forma Preparation Services | 184.7 | $84,010.00 |

---

[2] The Applicant has not yet submitted its monthly fee application for August of 2009.  The fees expenses associated with this month will be submitted in a subsequent interim fee application.  In addition, the Applicant reserves the right to include other fees and expenses associated with this time period but not included herein (due to ordinary course processing delays or for other reasons) in subsequent interim fee applications

**Bankruptcy Requirements and Obligations**

| | | |
|---|---|---|
| Monthly, Interim and Final Fee Applications | 0.0 | $0.00 |

| | | |
|---|---|---|
| **Total Hours and Compensation** | **184.7** | **$84,010.00** |

## SUMMARY OF EXPENSES BY PROJECT

**Pro-Forma Preparation Services**

| Expense Category | Total Expenses |
|---|---|
| Telephone | $3.43 |
| Transportation - Taxi | 145.00 |
| Parking | 15.50 |
| **Total** | **$163.93** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[3] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Date: Deadline:** Nov. 4 2009 |

**FIRST INTERIM FEE APPLICATION OF DELOITTE & TOUCHE LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS FINANCIAL AND ACCOUNTING ADVISORS TO
THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD OF
JUNE 26, 2009 THROUGH AUGUST 31, 2009**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "<u>Bankruptcy Rules</u>"), and the Court's Order Establishing Procedures for Interim Compensation and

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Reimbursement of Expenses for Retained Bankruptcy Professionals, entered on or about January 15, 2009 (the "Compensation Order"), Deloitte & Touche LLP ("Deloitte & Touche" or the "Applicant"), financial accounting and advisory services provider to the Debtors and Debtors in Possession ("Debtors"), hereby submits its First Interim Fee Application for Compensation and for Reimbursement of Expenses for the Period from June 26, 2009 through August 31, 2009 (the "Application").

By this Application, Deloitte & Touche seeks an interim allowance of compensation in the amount of $84,010.00 and actual and necessary expenses in the amount of $163.93 for a total allowance of $84,173.93 (the "Compensation Amount"), and payment of the unpaid amount of such fees and expenses, for the period June 26, 2009 through August 31, 2009 (the "Interim Fee Period").[4] In support of this Application, Deloitte & Touche respectfully represents as follows:

## BACKGROUND

1.  On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On July 24, 2009, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ Deloitte & Touche LLP to provide Financial, Accounting, and Advisory Services to the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to June 26, 2009* (the "Retention Application").

3.  On August 11, 2009, this Court approved the retention of Deloitte & Touche as financial, accounting, and advisory services to the Debtors by entering the *Order Authorizing Debtors to Retain and Employ Deloitte & Touche LLP to provide Financial, Accounting, and Advisory Services to the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to June 26, 2009* (the "Retention Order").

---

[4] The Applicant has not yet submitted its monthly fee application for August of 2009. The fees expenses associated with this month will be submitted in a subsequent interim fee application. In addition, the Applicant reserves the right to include other fees and expenses associated with this time period but not included herein (due to ordinary course processing delays or for other reasons) in subsequent interim fee applications

## RELIEF REQUESTED

4.    The Compensation Order authorizing certain professionals and members of the Committee (the "Professional") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Compensation Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.

5.    Deloitte & Touche has submitted one monthly fee statement corresponding with the Compensation Amount for services rendered and expenditures incurred on behalf of the Debtors during the Interim Fee Period (the "Monthly Fee Statement").  Copies of the Monthly Fee Statement representing the services rendered and expenses incurred by Deloitte & Touche during the Application Period have previously been filed with the Court.  In particular, on August 25, 2009, Deloitte & Touche submitted its first monthly fee statement for services and expenditures incurred from July 1, 2009 through July 31, 2009, requesting $84,010.00 in fees and $163.93 in expenditures.

6.    As stated above, Deloitte & Touche has previously filed and served the Monthly Fee Statement for compensation for professional services rendered and reimbursement of disbursements made in these cases during the Interim Fee Period.  This Monthly Fee Statement includes details of the services provided by Deloitte & Touche to the Debtors, including, in each instance, the identity of the professionals involved in the provision of such services, the dates of service, the time expended, and a brief description of the services sought.  There has been no objection to the Monthly Fee Statement.

7.    Furthermore, the Compensation Order provides that professionals are to file and service upon fee parties an interim request approximately every three months (a "Quarterly Fee Application Request") for interim Court approval and allowance of the monthly fee applications during the Interim Fee Period covered by the Interim Fee Application.  This Application represents Deloitte & Touche's interim fee request for interim approval and payment of the services rendered during the Interim Fee Period:

| App Date [Dkt No] | Filing Period | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection | | Holdback Fees Requested |
| | | Fees Requested | Expenses Requested | Fees (@80%) | Expenses (@100%) | Fees (@20%) |
|---|---|---|---|---|---|---|
| 8/25/2009 [2018] | 07/01/2009 07/31/2009 | $ 84,010.00 | $ 163.93 | $ 67,208.00 | $ 163.93 | $ 16,802.00 |
| **Total** | | **$ 84,010.00** | **$ 163.93** | **$ 67,208.00** | **$ 163.93** | **$ 16,802.00** |

8.  The Interim Fee Application covers the period from June 26, 2009 through August 31, 2009.[5]  In addition to the fees and expenses from August 2009, certain fees and/or expenses from the Compensation Period may not be included in this Interim Fee Application due to delays in processing time and receipt of invoices for expenses and/or for preparation for the instant application subsequent to the covered period.  Accordingly, Deloitte & Touche reserves the right to make further applications for allowance of fees and expenses not included herein.  This Interim Fee Application is also made without prejudice to Deloitte & Touche's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Compensation Order.

9.  No agreement or understanding prohibited by section 504 of the Bankruptcy Code exists between Deloitte & Touche and any other nonaffiliated person for sharing of compensation received or to be received for services rendered in or in connection with these chapter 11 cases.

## CERTIFICATE OF COMPLIANCE AND WAIVER

10.  To the best of its knowledge, Deloitte & Touche believes that the Interim Fee Application and the description of services set forth herein of work performed are in substantial compliance with the requirements of Delaware Local Rule 2016-2, the Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

---

[5] See footnote 4.

WHEREFORE, Deloitte & Touche respectfully requests that the Court approve the interim allowance to be made to Deloitte & Touche for the period from June 26, 2009 through August 31, 2009 in the sum of $84,010.00, as compensation for necessary professional services rendered, and the sum of $163.93, for reimbursement of actual necessary costs and expenses, for a total of $84,173.93; that the Debtors be authorized and directed to pay to Deloitte & Touche the outstanding amount of such sums; and for such other and further relief as may be just and proper.

Dated:  October 15, 2009
Chicago, Illinois

Peter Leadstrom, Partner
Deliotte & Touche LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 486-3908