# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Deadline: November 4, 2009 at 4:00 p.m.<br>Hearing Date: TBD<br>Related to Docket Nos. 1957 and 2229 |

## NOTICE OF THIRD INTERIM FEE APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2009 THROUGH AUGUST 31, 2009

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | the above captioned debtors |
| Date of Retention: | March 10, 2009, *nunc pro tunc* to December 8, 2008 |
| Period for which compensation and reimbursement is sought: | June 1, 2009 through August 31, 2009 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1724218v1

| | |
|---|---|
| Amount of Compensation sought as actual, reasonable and necessary: | $46,925.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $43.69 |

This is an: _____ Monthly   \_\_XXX\_\_ Interim   \_\_\_\_ Final Application

## PROFESSIONAL SERVICES RENDERED BY JONES DAY ON BEHALF OF THE DEBTORS
### JUNE 1, 2009 THROUGH AUGUST 31, 2009

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **PARTNERS & COUNSEL:** | | | | | |
| Proger, PA | 1973 | A | $900.00 | 9.00 | $8,100.00 |
| **Total Partners & Counsel** | | | | **9.00** | **$8,100.00** |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| Chi, DN | 2007 | B | $350.00 | 14.70 | $5,145.00 |
| Thomas, RC | 2000 | A | $475.00 | 59.30 | $28,167.50 |
| **Total Associates** | | | | **74.00** | **$33,312.50** |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **STAFF ATTORNEYS, PARAPROFESSIONALS AND LEGAL SUPPORT** | | | | | |
| Deverines, J | N/A | Legal Supp | $325.00 | 4.50 | $1,462.50 |
| Sobczak, AK | N/A | B | $250.00 | 16.20 | $4,050.00 |
| **Total Staff Attorneys, Paraprofessionals & Legal Support** | | | | **20.70** | **$5,512.50** |

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---|---|---|
| Partners & Counsel | $900.00 | 9.00 | **$8,100.00** |
| Associates | $450.17 | 74.00 | $33,312.50 |
| Staff Attorneys, Paraprofessionals & Legal Support | $266.30 | 20.70 | $5,512.50 |
| Total | | 103.70 | $46,925.00 |

A – Antitrust & Competitive; B - Business Restructuring and Reorganization Practice; Legal Supp – Legal Support

## SUMMARY OF SERVICES BY CASE MATTER
## FOR SERVICES RENDERED BY JONES DAY
## ON BEHALF OF THE DEBTORS
## JUNE 1, 2009 THROUGH AUGUST 31, 2009

| MATTER NAME | HOURS | AMOUNT |
|---|---:|---:|
| Potential Newspaper Acquisition #1 | 46.20 | $24,325.00 |
| Potential Newspaper Acquisition #2 | 1.50 | $712.50 |
| Corporate Antitrust Advice | 26.30 | $12,462.50 |
| Advice on Antitrust Matters | 29.70 | $9,425.00 |
| | | |
| **Total** | **103.70** | **$46,925.00** |

## ACTUAL AND NECESSARY DISBURSEMENTS
## INCURRED BY JONES DAY
## ON BEHALF OF THE DEBTORS
## JUNE 1, 2009 THROUGH AUGUST 31, 2009

| MATTER NAME | AMOUNT |
|---|---|
| Conference Charges | $6.71 |
| Long Distance | $36.98 |
|  |  |
| **TOTAL** | **$43.69** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Objection Deadline: November 4, 2009 at 4:00 p.m.<br>Hearing Date: TBD<br>Related to Docket Nos. 1957 and 2229 |

## THIRD INTERIM FEE APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 1, 2009 THROUGH AUGUST 31, 2009

Jones Day, special counsel to the above-captioned debtors (collectively, the "Debtors") pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), hereby makes its second interim fee application (the "Interim Fee Application") for allowance of compensation of $46,925.00 and reimbursement of expenses of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1724218v1

$43.69 for the period from June 1, 2009 through August 31, 2009 (the "Compensation Period") in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 225] (the "Interim Compensation Order") and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications [Docket No. 546] (the "Fee Examiner Order"). In support of this Interim Fee Application, Jones Day respectfully represents as follows:

## Background

1.  On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

2.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On January 15, 2009, the Debtors filed their Application for an Order Authorizing Debtors to Employ and Retain Jones Day as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to the Petition Date [Docket No. 235] (the "Retention Application"), by which the Debtors sought authority to retain and employ Jones Day as their special counsel in these chapter 11 cases in connection with certain antitrust regulatory matters. By order dated March 10, 2009 [Docket No. 501] (the "Retention Order"), the Retention Application was granted *nunc pro tunc* to the Petition Date.

4. On June 1, 2009, Jones Day filed its First Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from December 8, 2008 through March 31, 2009 [Docket No. 1281]. On June 24, 2009, Jones Day filed their Certificate of No Objection Regarding First Application of Jones Day for Allowance of Compensation for Reimbursement of Expenses for the Period from December 8, 2008 through March 31, 2009 [Docket No. 1625]. On July 6, 2009, Jones Day filed its Second Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from April 1, 2009 through May 31, 2009 [Docket No. 1688]. On July 29, 2009, Jones Day filed their Certificate of No Objection Regarding Second Application of Jones Day for Allowance of Compensation for Reimbursement of Expenses for the Period from April 1, 2009 through May 31, 2009 [Docket No. 1860].

5. On July 15, 2009, Jones Day filed its First Interim Application for Allowance of Compensation and Reimbursement of Expenses for the period from December 8, 2008 through February 28, 2009 [Docket No. 1741]. On July 15, 2009, Jones Day filed its Second Interim Application for Allowance of Compensation and Reimbursement of Expenses for the period from March 1, 2009 through April 30, 2009 [Docket No. 1742]. On August 6, 2009, Jones Day filed their Certificate of No Objection Regarding First Interim Application of Jones Day for Allowance of Compensation for Reimbursement of Expenses for the Period from December 8, 2008 through February 28, 2009 [Docket No. 1907]. On August 6, 2009, Jones Day filed their Certificate of No Objection Regarding Second Interim Application of Jones Day for Allowance of Compensation for Reimbursement of Expenses for the Period from March 1, 2009 through February 28, 2009 [Docket No. 1908].

6. On August 13, 2009, Jones Day filed its Third Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from June 1, 2009 through June 30, 2009 [Docket No. 1957]. On September 4, 2009, Jones Day filed their Certificate of No Objection Regarding Third Application of Jones Day for Allowance of Compensation for Reimbursement of Expenses for the Period from June 1, 2009 through June 30, 2009 [Docket No. 2097]. On September 25, 2009, Jones Day filed its Fourth Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from July 1, 2009 through August 31, 2009 [Docket No. 2229].

## Relief Requested

7. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Jones Day seeks interim approval and allowance of compensation in the amount of $46,925.00 for professional services rendered, and reimbursement of actual and necessary expenses incurred in the amount of $43.69, during the interim period from June 1, 2009 through August 31, 2009, as detailed in the chart below.

| | | Total Amount Requested for Compensation Period | | Paid | | Holdback Fees Requested |
|---|---|---|---|---|---|---|
| Date Filed and Docket No. | Period Covered | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@ 20%) |
| 8/13/09 Docket No. 1957 | 6/1/09 ~6/30/09 | $22,832.50 | $15.15 | $18,266.00 | $15.15 | $4,566.50 |
| 9/25/09 Docket No. 2229 | 7/1/09 ~8/31/09 | $24,092.50 | $28.54 | *Pending* | *Pending* | $4,818.50 |
| **Total:** | | **$46,925.00** | **$43.69** | **$18,266.00** | **$15.15** | **$9,385.00** |

## Notice

8. Jones Day has served this Interim Fee Application in accordance with the Interim Compensation Orders, the Fee Examiner Order and the Local Rules. Any objections to this Interim Fee Application must be in writing and filed with the Court and served upon

(i) Jones Day: 51 Louisiana Avenue, N.W. Washington, D.C. 20001-2113 <u>attn</u>: Phillip A. Proger; (ii) co-counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, <u>attn</u>: Kenneth P. Kansa; and Cole, Schotz, Meisel, Forman, & Leonard, P.A., 1000 N. West St., Suite 1200, Wilmington, DE 19801, <u>attn</u>: J. Kate Stickles; (iii) counsel to the Barclays Bank PLC, in its capacity as Lender, Funding Agent, and Administrative Agent; (iv) counsel to the administrative Agent for the Prepetition Lenders: Davis, Polk, & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017; (v) counsel to the Committee; and (vi) the Office of the United States Trustee for the District of Delaware, so as to be received no later than 20 days after the date of service of the Interim Fee Application.

6

WHEREFORE, Jones Day respectfully requests that the Court, in accordance with the Interim Compensation Order: (i) allow compensation of $46,925.00 for services rendered in connection with these chapter 11 cases during the Compensation Period; (ii) allow reimbursement of Expenses incurred during the Compensation Period of $43.69; (iii) direct payment by the Debtors of the foregoing amounts, including the 20% holdback of fees as provided for in the Interim Compensation Order; and (iv) grant such other and further relief as the Court may deem proper.

Dated: October 15, 2009
       Wilmington, Delaware

Respectfully submitted,

/s/ Phillip A. Proger
Phillip A. Proger
(OH I.D. 0025774, D.C. I.D. 929596)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939

ATTORNEYS FOR DEBTORS