# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objection Deadline: November 5, 2009
Hearing Date: TBD
Related to DI 2021, 2254 and 2345

## THIRD INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD JUNE 1, 2009 THROUGH AUGUST 31, 2009

| Name of Applicant: | PricewaterhouseCoopers LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Date of Retention: | Effective December 8, 2008 by Order Entered March 3, 2009 |
|---|---|
| Period for which Compensation and Reimbursement is Sought: | June 1, 2009 through August 31, 2009[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $617,876.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $3,694.45 |

This is a:  ___ monthly   _X_ interim

Total time expended for fee application preparation is approximately 146.90 hours and the corresponding compensation requested is approximately $39,578.50[2]

## SUMMARY OF PREVIOUSLY FILED INTERIM FEE APPLICATIONS

| App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved | Approved Reduction |
|---|---|---|---|---|---|---|---|---|
| 1 | 07/15/2009 [1805] | 12/08/2008 02/28/2009 | $1,103,286.00 | $17,970.43 | 08/17/2009 [1973] | | | |
| 2 | 07/23/2009 [1806] | 03/01/2009 05/31/2009 | $327,208.00 | $2,480.54 | 08/17/2009 [1974] | | | |

## SUMMARY OF FEE APPLICATIONS FOR INTERIM FEE PERIOD

| Monthly App No | App Date [Dkt No] | Filing Period | Fees Requested | Expenses Requested | CNO Date [Dkt No] | Fees Approved | Expenses Approved | Approved Reduction |
|---|---|---|---|---|---|---|---|---|
| 6 | 08/25/2009 [2021] | 06/01/2009 06/30/2009 | $208,389.00 | $1,391.00 | 09/16/2009 [2134] | | | |
| 7 | 10/01/2009 [2254] | 07/01/2009 07/31/2009 | $246,882.50 | $1,994.20 | | | | |
| 8 | 10/15/2009 [TBD] | 08/01/2009 08/31/2009 | $162,605.00 | $309.25 | | | | |
| Total | | | $617,876.50 | $3,694.45 | | | | |

---

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## SUMMARY OF HOURS AND COMPENSATION BY PROJECT

|  | Hours | Total Compensation |
|---|---:|---:|
| **Fixed Fee Services** | | |
| 2008 Consolidated Audit | 944.50 | $325,000.00 |
| 2009 Consolidated Audit | 835.40 | $230,000.00 |
| **Subtotal - Fixed Fee Services** | **1,779.90** | **$555,000.00** |
| **Hourly Services** | | |
| Claims Consulting Services | 63.80 | $22,578.00 |
| **Subtotal - Hourly Services** | **63.80** | **$22,578.00** |
| **Bankruptcy Requirements and Obligations** | | |
| Employment Applications and Other Court Filings | 1.80 | $720.00 |
| Monthly, Interim and Final Fee Applications | 146.90 | $39,578.50 |
| **Subtotal - Bankruptcy Requirements and Obligations** | **148.70** | **$40,298.50** |
| **Total Hours and Compensation** | **1,992.40** | **$617,876.50** |

## SUMMARY OF EXPENSES BY PROJECT

| Transaction Type | Total Expenditures |
|---|---:|
| **2008 Consolidated Audit** | |
| Parking | $45.00 |
| Public/ground transportation | $305.50 |
| **Subtotal - 2008 Consolidated Audit** | **$350.50** |
| **2009 Consolidated Audit** | |
| Public/ground transportation | $325.75 |
| Research | $2,500.00 |
| **Subtotal - 2009 Consolidated Audit** | **$2,825.75** |
| **Claims Consulting Services** | |
| Airfare | $502.20 |
| **Subtotal - Claims Consulting Services** | **$502.20** |
| **Monthly, Interim and Final Fee Applications** | |
| Parking | $16.00 |
| **Subtotal - Monthly, Interim and Final Fee Applications** | **$16.00** |
| **Total Expenditures** | **$3,694.45** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[3]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objection Deadline: November 5, 2009
Hearing Date: TBD

## THIRD INTERIM FEE APPLICATION OF PRICEWATERHOUSECOOPERS LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD JUNE 1, 2009 THROUGH AUGUST 31, 2009

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's Order Establishing Procedures for Interim Compensation

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and Reimbursement of Expenses for Retained Bankruptcy Professionals, entered on or about January 15, 2009 (the "Compensation Order"), PricewaterhouseCoopers LLP ("PwC"), tax advisors and independent auditors to the Debtors and Debtors in Possession ("Debtors"), hereby submits its Third Interim Fee Application for Compensation and for Reimbursement of Expenses for the Period from June 1, 2009 through August 31, 2009 (the "Application").

By this Application, PwC seeks an interim allowance of compensation in the amount of $617,876.50 and actual and necessary expenses in the amount of $3,694.45 for a total allowance of $621,570.95 (the "Compensation Amount"), and payment of the unpaid amount of such fees and expenses, for the period June 1, 2009 through August 31, 2009 (the "Interim Fee Period"). In support of this Application, PwC respectfully represents as follows:

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On December 26, 2008, the Debtors filed the *Application for an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. Sections 327(a) and 1107, Nunc Pro Tunc to the Petition Date* (the "Retention Application").

3. On March 2, 2009, the Supplemental Declaration of William T. England was filed which provided final engagement letters, pre-petition payment information, as well as additional disclosures.

4. On March 3, 2009, this Court approved the retention of PwC as compensation and

tax advisors and independent auditors to the Debtors by entering the *Order Authorizing Debtors To Retain And Employ PricewaterhouseCoopers LLP As Compensation And Tax Advisors And Independent Auditors To The Debtors Nunc Pro Tunc To The Petition Date* (the "Retention Order").

5. On March 19, 2009, the Court approved the retention of Stuart Maue, Fee Examiner, to act as special consultant to the Court for professional fee and expense analysis and review (the "Fee Examiner Order").

6. On April 10, 2009, PwC filed a Second Supplemental Declaration of William T. England which expanded the scope of services for the Compensation Engagement Letter.

7. On July 2, 2009, PwC filed a Third Supplemental Declaration of William T. England which disclosed the expansion of the scope of services to include additional procedures for the 2008 Consolidated Audit as well as the Audit Committee approval for the 2009 Consolidated Audit.

### RELIEF REQUESTED

8. The Compensation Order authorizing certain professionals and members of the Committee (the "Professional") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Compensation Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.

9. PwC has submitted three monthly fee invoices corresponding with the Compensation Amount for services rendered and expenditures incurred on behalf of the Debtors during the Interim Fee Period (collectively, the "Monthly Fee Statements"). Copies of these

Monthly Fee Statements representing the services rendered and expenses incurred by PwC during the Application Period have previously been filed with the Court.[4]

    a)    On August 25, 2009, PwC submitted its sixth monthly fee statement for services and expenditures incurred from June 1, 2009 through June 30, 2009, requesting $208,389.00 in fees and $1,391.00 in expenditures.

    b)    On October 1, 2009, PwC submitted its seventh monthly fee statement for services and expenditures incurred from July 1, 2009 through July 31, 2009, requesting $246,882.50 in fees and $1,994.20 in expenditures.

    c)    On October 14, 2009, PwC submitted its eighth monthly fee statement for services and expenditures incurred from August 1, 2009 through August 31, 2009, requesting $162,605.00 in fees and $309.25 in expenditures.

10.    As stated above, PwC has previously distributed the Monthly Fee Statements for compensation for professional services rendered and reimbursement of disbursements made in these cases during the Interim Fee Period. These Monthly Fee Statements include details of the services provided by PwC to the Debtors, including, in each instance, the identify of the professionals involved in the provision of such services, the dates of service, the time expended, and a brief description of the services sought. As of the date of this submission, there has been no objection to our Monthly Fee Statements. PwC has also submitted the Fee and Expense Detail to the Fee Examiner as required by the Fee Examiner Order.

11.    Furthermore, the Compensation Order provides that professionals are to file and service upon fee parties an interim request approximately every three months (an "Quarterly Fee Application Request") for interim Court approval and allowance of the monthly fee applications during the Interim Fee Period covered by the Interim Fee Application. This Application represents PwC's interim fee request for interim approval and payment of the services rendered during the Interim Fee Period:

---

[4] Copies may also be obtained by contacting Andrea Clark Smith, PwC, Suite 1400, 225 South 6th Street, Minneapolis, Minnesota, 55402

| Date Filed and Docket No. | Period Covered | Total Amount Requested | | Total Amount Approved to Date via Certification of No Objection[5] | | Holdback Fees Requested[5] |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (@ 80%) | Expenses (@ 100%) | Fees (@20%) |
| 08/25/2009 [Docket No. 2021] | 06/01/2009 through 06/30/2009 | $208,389.00 | $1,391.00 | $166,711.20 | $1,391.00 | $41,677.80 |
| 10/01/2009 [Docket No. 2254] | 07/01/2009 through 07/31/2009 | $246,882.50 | $1,994.20 | $197,506.00 | $1,994.20 | $49,376.50 |
| 10/14/2009 [Docket No. TBD] | 08/01/2009 through 08/31/2009 | $162,605.00 | $309.25 | $130,084.00 | $309.25 | $32,521.00 |
| **Total:** | | **$617,876.50** | **$3,694.45** | **$494,301.20** | **$3,694.45** | **$123,575.30** |

12. The Interim Fee Application covers the period from June 1, 2009 through August 31, 2009. Although every effort was made to include all fees and expenses from the Compensation Period in this Interim Fee Application, some fees and/or expenses from the Compensation Period might not be included in this Interim Fee Application due to delays in processing time and receipt of invoices for expenses and/or for preparation for the instant application subsequent to the covered period. Accordingly, PwC reserves the right to make further applications for allowance of fees and expenses not included herein. This Interim Fee Application is also made without prejudice to PwC's right to seek further interim allowances and/or a final allowance of compensation in the future in accordance with the Retention Order and the Compensation Order.

13. Prior to this interim fee application, PwC has submitted two interim fee request for services rendered and expenditures incurred on behalf of the Debtors during the previous

---

[5] The Total Amount Approved and Holdback Fees Requested assume no objections are filed for the July and August 2009 monthly fee applications. The objection deadlines for these remaining monthly invoices will not expire until late October 2009 and early November 2009.

interim fee periods:

    a)    On July 15, 2009, PwC submitted its first interim fee statement for services and expenditures incurred from December 8, 2008 through February 28, 2009, requesting $776,078.00 in fees and $15,489.89 in expenditures.

    b)    On July 23, 2009, PwC submitted its second interim fee statement for services and expenditures incurred from March 1, 2009 through May 31, 2009, requesting $327,208.00 in fees and $2,480.54 in expenditures.

14.    No agreement or understanding prohibited by section 504 of the Bankruptcy Code exists between PwC and any other person for sharing of compensation received or to be received for services rendered in or in connection with these chapter 11 cases, not shall PwC share or agree to share the compensation paid or allowed for the Debtors' estates for such services with any other person in contravention of section 504 of the Bankruptcy Code. No agreement or understanding prohibited by 18 U.S.C. § 155 had been made by PwC.

## CERTIFICATE OF COMPLIANCE AND WAIVER

15.    To the best of its knowledge, PwC believes that the Interim Fee Application and the description of services set forth herein of work performed are in compliance with the requirements of Delaware Local Rule 2016-2, the Compensation Order, and the applicable guidelines and requirements of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Executive Office for the United States Trustees.

WHEREFORE, PwC respectfully requests that the Court approves the interim allowance to be made to PwC for the period from June 1, 2009 through August 31, 2009 in the sum of $617,876.50, as compensation for necessary professional services rendered, and the sum of $3,694.45, for reimbursement of actual necessary costs and expenses, for a total of $621,570.95; that the Debtors be authorized and directed to pay to PwC the outstanding amount of such sums; and for such other and further relief as may be just and proper.

Dated: October __, 2009
Chicago, Illinois

										_____
										William T. England, Partner
										PricewaterhouseCoopers LLP
										One North Wacker Drive
										Chicago, Illinois 60606
										Telephone: (312) 298-2000
										*Compensation and Tax Advisor and Independent*
										*Auditor to the Debtors*