# EXHIBIT A

698.001-W0003552

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------ x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: October 15, 2009 @ 4:00 p.m.(ET) |
| ------------------------------------------------ x | | Hearing Date: N/A |

**EIGHTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>AUGUST 1, 2009 THROUGH AUGUST 31, 2009</u>**

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | August 1, 2009 through August 31, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,160,755.60   (80% of $1,450,944.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $52,216.32 |

This is a(n):    _x_ Monthly        ____ Interim        ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 8/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**August 1, 2009 through August 31, 2009**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner\*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 94.50 | 90,152.00 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 955 | 22.00 | 21,010.00 |
| Charles E. Hord (1988) | Corporate | 1976 (NY) | 855 | 63.00 | 53,865.00 |
| Edward P. Smith (1975) | Corporate | 1964 (NY) 1966 (FL) | 855 | 0.10 | 85.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 149.50 | 122,760.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 142.30 | 113,128.50 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 83.90 | 64,183.50 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 755 | 69.70 | 52,623.50 |
| Edouard S. Markson (2007) | Tax | 1997 (NY) | 735 | 6.70 | 4,924.50 |
| Dana Frix (2002) | Communications, Media & Technology | 1989 (PA) 1991 (DC) 2001 (VA) | 675 | 1.00 | 675.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 635 | 136.10 | 85,725.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Richard Liskov | Insurance & Reinsurance | 1975 (NY) | 645 | 0.90 | 580.50 |
| Mark D. Ashley | Litigation | 1995 (NY) | 625 | 117.30 | 73,312.50 |
| Kenneth L. Johnson | Intellectual Property | 1995 (CA) 2000 (NY) | 625 | 1.30 | 812.50 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 475 | 25.00 | 11,875.00 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|------------|-------------------|------------------|-------------|-------|
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 48.50 | 28,857.50 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 595 | 130.00 | 77,350.00 |
| Kessar Nashat | Corporate | 2003 (NY) | 585 | 94.30 | 55,165.50 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 565 | 71.40 | 40,341.00 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 565 | 160.40 | 90,626.00 |
| Robert J. Gayda | Bankruptcy & Financial Restructuring | 2005 (NY) | 535 | 15.70 | 8,399.50 |
| Kimberly Giuliano | Intellectual Property | 2005 (NY) | 535 | 2.40 | 1,284.00 |
| Tamara Stevenson | Litigation | 2005 (NY) | 535 | 37.60 | 20,116.00 |
| Benjamin Carson | Corporate | 2008 (NY) | 395 | 51.00 | 20,145.00 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 395 | 37.50 | 14,812.50 |
| Patrick Narvaez | Corporate | 2008 (NY) | 395 | 62.80 | 24,806.00 |
| Jason Porter | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 104.50 | 41,277.50 |
| Patricia Silberman | Corporate | 2007 (NY) | 395 | 7.00 | 2,765.00 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 36.00 | 14,220.00 |
| Lara Aryani | Corporate | 2009 (NY) | 345 | 8.10 | 2,794.50 |
| Alison Kronstadt | Corporate | 2009 (NY) | 345 | 18.60 | 6,417.00 |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 112.80 | 38,916.00 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 221.80 | 76,521.00 |
| Francesca Perkins | Litigation | 2009 (NY) | 345 | 140.00 | 48,300.00 |
| Isaac Safier | Corporate | 2009 (NY) | 345 | 126.40 | 43,608.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|-----------|-------------------|------------------|-------------|-------|
| Megan Strand | Communications and Technology | 2009 (NY) | 345 | 5.50 | 1,897.50 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 39.20 | 13,524.00 |
| Kimberly Zafran | Litigation | 2009 (NY) | 345 | 113.20 | 39,054.00 |
| | | | | | |
| **Law Clerks**: | | | | | |
| Jonathan Noble | Litigation | JD-2008 | 345 | 22.20 | 7,659.00 |
| | | | | | |
| **Paraprofessionals**: | | | | | |
| Lori Moloney | Litigation | n/a | 295 | 5.70 | 1,681.50 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 21.60 | 5,616.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 29.30 | 7,618.00 |
| Sarah Chan | Corporate | n/a | 245 | 12.90 | 3,160.50 |
| Marisa Iacopelli | Litigation | n/a | 225 | 43.00 | 9,675.00 |
| Wale Bakare | Litigation | n/a | 215 | 28.40 | 6,106.00 |
| Jason Lopez | Litigation | n/a | 205 | 11.10 | 2,275.50 |
| | | | | | |
| **Librarians**: | | | | | |
| Marjorie Richmond | n/a | n/a | 125 | 0.50 | 62.50 |
| Barbara Schubeck | n/a | n/a | 120 | 1.50 | 180.00 |
| | | | | | |
| | | | | | |
| **TOTAL:** | | | | **2,734.50** | **$1,450,944.50** |

BLENDED RATE:     $531.00

\* Includes year elected Partner at firm or joined firm as Partner.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------- x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, <u>et al.</u>, | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: October 15, 2009 @ 4:00 p.m.(ET) |
| ------------------------------------------------------- x | | Hearing Date: N/A |

**EIGHTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>AUGUST 1, 2009 THROUGH AUGUST 31, 2009</u>**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company <u>et al.</u> (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $1,450,944.50 (80% of which equals

$1,160,755.60) and reimbursement of expenses incurred in the amount of $52,216.32 during the

period commencing August 1, 2009 through and including August 31, 2009 (the "Application

Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the

Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,450,944.50.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

3

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.      Bankruptcy General (Matter 002)**

Fees: $22,105.50     Total Hours:   45.70

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

4

**B.**     **Committee Meetings (Matter 003)**

     Fees: $71,471.50     Total Hours:  109.90

15.     Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

16.     Among the meetings held during the Application Period, Chadbourne prepared for and hosted an in-person meeting of the Committee on August 4, 2009 to interview potential candidates for special litigation counsel.  A subsequent telephonic call with the Committee was held on August 6, 2009 to select special litigation counsel.   In addition, Chadbourne prepared for and hosted an in-person meeting of the Committee and the Debtors on August 13, 2009, in large part, to brief and discuss the proposed Cubs transaction details with the Committee.

C.    **Creditor Communications (Matter 004)**

   Fees: $3,009.50          Total Hours:   4.50

17.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

D.    **Inter-Company Issues/Cash Management (Matter 006)**

   Fees: $506.50          Total Hours:   1.10

18.    During the Application Period, Chadbourne began preparation of a stipulation in an effort to resolve issues related to the treatment of certain intercompany transactions between and among the Debtors and certain non-Debtor affiliates.

E.    **Business Operations (Matter 007)**

   Fees: $34,375.00          Total Hours:   66.00

19.    During the Application Period, Chadbourne attorneys continued to review and monitor issues involving the Debtors' day-to-day business operations.  This included the review of weekly operations and financial reports prepared by the Committee's financial advisors.

20.    During the Application Period, attorneys from Chadbourne's Communications and Technology Group continued their work on change of ownership requirements under the Federal Communications Commission ("FCC").  Efforts included ongoing legal research on prior FCC decisions and appeals and considered possible effects on the Debtors' application for

approval with the FCC. During this process, Chadbourne continued to collaborate with the

Debtors' FCC counsel on various possible courses of action. Also, Chadbourne continued

preparation of a comprehensive report outlining the application procedures and likely scenarios

the Debtors will face in seeking FCC approval.

21.    During this time, Chadbourne also expended time reviewing the Debtors'

fiduciary liability insurance policies and performing related legal research in response to the

Debtors' request for advancement of defense costs in connection with the pending Neil

litigation.

**F.    Asset Disposition (Matter 008)**

Fees: $304,776.50        Total Hours: 464.30

22.    Substantial effort was put forth by Chadbourne to negotiate and finalize an

agreement on the Cubs transaction during the Application Period. Chadbourne professionals

continued their detailed review of the transaction documents, various related agreements and

financing documents and provided substantial input to the Debtor's professionals in terms of

proposed modifications to the deal documents. As part of the process, Chadbourne collaborated

with the Committee's financial advisors in preparing analyses to be presented at a special

meeting of the Committee on the status of the transaction.

23.    During this time, Chadbourne expended considerable time in preparing for the

hearing on the first stage approval of the Cubs transaction by undertaking a thorough review of

the sale motion and supporting documents and providing comments to same. Chadbourne

participated in frequent discussions with Debtors' counsel and the U.S. Trustee and participated

in a Chambers' conference in preparation for the hearing. Chadbourne attended the hearing at

the Bankruptcy Court on August 31, 2009 at which time the Debtors were authorized to move
forward with the sale.

**G.**     **Fee/Retention Applications (Matter 010)**

     Fees: $47,884.50      Total Hours:   107.50

24.     During the Application Period, Chadbourne prepared and filed the retention
application of the Committee's proposed special litigation counsel, Zuckerman Spaeder
("Zuckerman"). During the drafting process, Chadbourne and Zuckerman collaborated with
Debtors' counsel on the application to address and resolve open issues.

25.     In further compliance with monthly fee procedures, Chadbourne expended time
preparing and filing its eighth monthly fee application. During this time, Chadbourne also
reviewed Committee member expenses incurred for July meetings and prepared the
Committee's fifth request for reimbursement of expenses. Further, Chadbourne prepared and
filed a supplemental affidavit addressing the addition of certain billing professionals.

26.     During the Application Period, the Fee Examiner filed its final report on fees and
expenses requested by Chadbourne during the first interim period. Chadbourne prepared and
filed a response to the Fee Examiner's report.

27.     In continuance of an ongoing process, Chadbourne expended time on the
treatment of ordinary course professionals. These efforts included the review and analysis of
filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and
monthly fee caps in connection with same.

**H.**    **Plan and Disclosure Statement (Matter 011)**

    Fees: $11,454.50        Total Hours:  13.30

28.    During the Application Period, Chadbourne attorneys began their review of a preliminary draft of the Debtors' draft plan of reorganization.  As part of this process, Chadbourne reviewed business plan projections and considered plan recoveries in connection thereto.

**I.**    **Executory Contracts (Matter 012)**

    Fees: $25,218.50        Total Hours:  56.70

29.    During the Application Period, the Debtors continued the ongoing process of seeking approval to assume and/or reject certain leases and contracts.  Chadbourne continued to review and analyze the various motions filed in connection thereto.  Particular effort was devoted to the Classified Ventures assumption motion (the "CV Motion") where Chadbourne reviewed and analyzed the relief requested in the CV Motion as well as various underlying agreements.  As part of the process, Chadbourne reviewed an analysis performed by the Committee's financial advisors on the CV business operations and revenue generation.  Chadbourne's analysis and recommendations on the CV Motion were summarized in a written report for review by the Committee.

**J.**    **Employee Issues (Matter 014)**

    Fees: $13,381.00        Total Hours:  17.80

30.    During the Application Period, Chadbourne expended further efforts towards Court approval of the Debtors' 2009 management incentive plan ("MIP").  In preparing for the

hearing on the Debtors' motion to approve the MIP, Chadbourne participated in telephone discussions with Debtors' counsel and reviewed and analyzed several objections and discovery requests related to the MIP. Chadbourne participated in a hearing on the MIP and a subsequent telephonic hearing to address discovery requests. The hearing on the MIP was continued to September 25, 2009.

**K.    Relief From Stay Issues (Matter 015)**

    Fees: $5,523.00          Total Hours: 15.00

31.    During the Application Period, Chadbourne continued the process of reviewing the various motions filed seeking relief from the automatic stay. This ongoing process included evaluating the relief requested in new filings and collaborating with Debtors' counsel to ensure that a collective response was put forth to certain lift-stay requests. In addition, Chadbourne continued to monitor the status of pending lift-stay proceedings and provided regular updates to the Committee on new and pending filings.

**L.    Tax Issues (Matter 016)**

    Fees: $27,020.00          Total Hours: 33.00

32.    During the Application Period, Chadbourne's tax professionals continued to work towards finalizing the Cubs transaction. In addition to preparing for the meeting where the Debtors would outline its recommendations and deal structure, Chadbourne continued to review the proposed transaction agreements and related underlying documents while considering tax implications and economic impact in connection therewith.

33.    Chadbourne expended further time reviewing the Debtors' motion to enter into a settlement agreement to resolve certain disputed tax obligations. Chadbourne's analysis and recommendations were summarized in a report to the Committee.

**M.    General Litigation (Matter 017)**

Fees: $1,670.00          Total Hours: 4.00

34.    During the Application Period, Chadbourne continued to review and monitor the filings in the District Court civil action proceedings and certain Bankruptcy Court adversary proceedings. Chadbourne continued to update and provide weekly summary reports to the Committee on pending litigations.

**N.    Travel (Matter 018)**

Fees: $1,606.00          Total Hours: 4.40

35.    During the Application Period, Chadbourne attorneys attended a hearing at Bankruptcy Court in Wilmington, Delaware (August 31, 2009). The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**O.    Review of Prepetition Financings (Matter 019)**

Fees: $880,942.50          Total Hours: 1,791.30

36.    During the Application Period, Chadbourne attorneys expended substantial time on the ongoing comprehensive review of the Debtors' prepetition financing documents and capital structure as part of the Committee's review and analysis of potential challenges that could be asserted with respect to certain prepetition transactions. In addition, Chadbourne attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto. As part its investigation and

analysis, Chadbourne continued drafting and revising a comprehensive report to the Committee summarizing its review of the legal standards and requirements related to the 2007 ESOP transaction.

37.    During this time, Chadbourne also continued its efforts to obtain information and documents informally from certain parties connected to the 2007 ESOP transaction. Although Chadbourne reached informal agreements with several parties, some parties refused to provide the information requested. Accordingly, Chadbourne sought formal discovery under Rule 2004 from certain parties that refused to provide requested information. Chadbourne also continues to negotiate possible resolutions with certain parties.

38.    During the Application Period, Chadbourne continued to receive and review a significant volume of produced documents. This ongoing document review is a substantial undertaking. Chadbourne has established a specialized electronic discovery database in order to ensure that the document review proceed in the most thorough, expeditious and cost-effective manner.

39.    Chadbourne and the Committee's professionals also participated in meetings with Zuckerman, in its role as special litigation counsel, to review the background of the investigation and discuss steps going forward.   Finally, Chadbourne expended time reviewing the motion of Law Debenture Company of New York to conduct discovery in connection with the LBO transaction and began preparing a response to same.

## ACTUAL AND NECESSARY EXPENSES

40.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $52,216.32 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

41.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

42.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

43.     Chadbourne utilized the services of an outside vendor (JHM Research & Development Incorporated) to retrieve pleadings from the DC circuit court in connection with

13

its FCC research. In seeking reimbursement for these Outside Copying Costs, Chadbourne requests reimbursement for the actual costs incurred.

44.     In connection with the ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS"). The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format. In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

45.     The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served. In connection with expenses for catering costs sought in this Application, Chadbourne hosted a meeting of the Committee on August 4, 2009 and a meeting of the Committee (which included the Debtors) on August 13, 2009. In addition, Chadbourne hosted a meeting of the Committee's professionals on August 12, 2009 to review the status of the investigation.

46.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional and secretarial overtime.

14

## **VALUATION OF SERVICES**

47.     Attorneys and paraprofessionals of Chadbourne have expended a total of 2,734.50 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,450,944.50.

48.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

49.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period August 1, 2009 through August 31, 2009:  (a) authorizing compensation in the amount of $1,450,944.50 (80% of which equals $1,160,755.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $52,216.32 for a total of $1,503,160.82; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    September 25, 2009
          New York, New York

CHADBOURNE & PARKE LLP

By: _____
     Douglas E. Deutsch
     (A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Co-Counsel to The Official Committee of
Unsecured Tribune Company, et al.

16

## **VERIFICATION**

STATE OF NEW YORK    :
                         : ss:

COUNTY OF NEW YORK  :

Howard Seife, after being duly sworn according to law, deposes and says:

(a)    I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1979.

(b)    I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)    I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Howard Seife

Sworn to before me this
25th day of September 2009

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010