## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x   Chapter 11
                                                    :
In re:                                              :
                                                    :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                            :
                                                    :   Jointly Administered
          Debtors.                                  :
                                                    :   Objections Due: November 16, 2009
                                                    :   @ 4:00 p.m.(ET)
-------------------------------------------------- x   Hearing Date:  N/A
```

### NINTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009</u>

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, <u>nunc pro tunc</u> to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | September 1, 2009 through September 30, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,134,680.00    (80% of $1,418,350.00) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $40,049.24 |

This is a(n):    __x__ Monthly        _____ Interim        _____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**September 1, 2009 through September 30, 2009**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 99.20 | 94,736.00 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 955 | 3.10 | 2,960.50 |
| Charles E. Hord (1988) | Corporate | 1976 (NY) | 855 | 4.50 | 3,847.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 121.50 | 99,330.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 40.00 | 27,675.00 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 795 | 48.60 | 38,637.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 110.00 | 84,150.00 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 755 | 79.80 | 60,249.00 |
| Kevin Smith (2001) | Corporate | 1993 (NY) | 725 | 8.20 | 5,945.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 635 | 130.40 | 82,042.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 625 | 142.70 | 89,187.50 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 475 | 10.50 | 4,987.50 |
| | | | | | |
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 71.40 | 42,483.00 |
| Eric Przybylko | Litigation | 1997 (NY) | 595 | 24.10 | 14,339.50 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 595 | 65.50 | 38,972.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Kessar Nashat | Corporate | 2003 (NY) | 585 | 4.00 | 2,340.00 |
| Keith Levenberg | Litigation | 2003 (NY) | 565 | 0.40 | 226.00 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 565 | 59.00 | 33,335.00 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 565 | 224.00 | 124,017.50 |
| Ted Castell | Corporate | 2003 (NJ) 2004 (NY) | 535 | 26.90 | 14,391.50 |
| Kimberly Giuliano | Intellectual Property | 2005 (NY) | 535 | 0.60 | 321.00 |
| Tamara Stevenson | Litigation | 2005 (NY) | 535 | 2.50 | 1,337.50 |
| Paul Tanck | Intellectual Property | 2005 (NY) | 535 | 72.10 | 38,573.50 |
| Turgut Cankorel | Corporate | 2007 (NY) | 465 | 33.50 | 15,577.50 |
| Ruslan Koretski | Corporate | 2007 (NY) | 465 | 15.80 | 7,347.00 |
| Marushka Bland | Corporate | 2008 (NY) | 395 | 24.20 | 9,559.00 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 395 | 91.10 | 35,984.50 |
| Patrick Narvaez | Corporate | 2008 (NY) | 395 | 80.10 | 31,639.50 |
| Jason Porter | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 15.60 | 6,162.00 |
| Patricia Silberman | Corporate | 2007 (NY) | 395 | 7.00 | 2,765.00 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 23.10 | 9,124.50 |
| Lara Aryani | Corporate | 2009 (NY) | 345 | 116.10 | 40,054.50 |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 38.20 | 13,179.00 |
| Adrienne Duffy | Corporate | 2009 (NY) | 345 | 21.20 | 7,314.00 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 196.20 | 67,689.00 |
| Joshua Gold | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 56.60 | 19,527.00 |
| Alison Kronstadt | Corporate | 2009 (NY) | 345 | 78.10 | 26,944.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Jonathan Noble | Litigation | 2009 (NY) | 345 | 39.90 | 13,765.50 |
| Francesca Perkins | Litigation | 2009 (NY) | 345 | 121.40 | 41,883.00 |
| Isaac Safier | Corporate | 2009 (NY) | 345 | 246.40 | 85,008.00 |
| Megan Strand | Communications and Technology | 2009 (NY) | 345 | 5.20 | 1,794.00 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 46.20 | 15,939.00 |
| Kimberly Zafran | Litigation | 2009 (NY) | 345 | 82.30 | 28,393.50 |
|  |  |  |  |  |  |
| **Paraprofessionals:** |  |  |  |  |  |
| Lori Moloney | Litigation | n/a | 295 | 23.30 | 6,873.50 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 26.60 | 6,916.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 19.60 | 5,096.00 |
| Sarah Chan | Corporate | n/a | 245 | 5.40 | 1,323.00 |
| Marisa Iacopelli | Litigation | n/a | 225 | 69.80 | 15,705.00 |
| Wale Bakare | Litigation | n/a | 215 | 1.50 | 322.50 |
|  |  |  |  |  |  |
| **Librarians:** |  |  |  |  |  |
| Barbara Schubeck | n/a | n/a | 120 | 2.40 | 288.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| **TOTAL:** |  |  |  | **2835.80** | **$1,418,350.00** |

BLENDED RATE:      $503.80

\* Includes year elected Partner at firm or joined firm as Partner.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------- x   Chapter 11
In re:                                            :
                                                  :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                          :
                                                  :   Jointly Administered
            Debtors.                              :
                                                  :   Objections Due: November 16, 2009
                                                  :   @ 4:00 p.m.(ET)
------------------------------------------------- x   Hearing Date:  N/A
```

### NINTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $1,418,350.00 (80% of which equals $1,134,680.00) and reimbursement of expenses incurred in the amount of $40,049.24 during the period commencing September 1, 2009 through and including September 30, 2009 (the "Application Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,418,350.00.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.     Bankruptcy General (Matter 002)**

Fees: $26,944.50     Total Hours:   48.00

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

15.     During the Application Period, Chadbourne reviewed and considered issues in connection with the resignation of Merrill Lynch as a member of the Committee and participated in telephone conferences with the U.S. Trustee, Debtors' counsel and other interested parties regarding Committee membership options going forward.

**B.**     **Committee Meetings (Matter 003)**

Fees:  $52,672.00       Total Hours:  82.00

16.     Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

17.     During the Application Period, Chadbourne hosted one in-person meeting of the Committee on September 10, 2009.

**C.**    **Creditor Communications (Matter 004)**

    Fees:  $4,227.50          Total Hours:   5.70

18.    Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.**    **Inter-Company Issues/Cash Management (Matter 006)**

    Fees:  $317.50          Total Hours:   0.50

19.    During the Application Period, Chadbourne participated in communications with Debtors' counsel to finalize a stipulation between and among the Debtors and certain non-Debtor affiliates resolving issues related to the treatment of certain intercompany transactions

**E.**    **Business Operations (Matter 007)**

    Fees:  $39,028.00          Total Hours:   66.40

20.    During the Application Period, Chadbourne attorneys continued to review and monitor issues involving the Debtors' day-to-day business operations.  This included the review of weekly operations and financial reports prepared by the Committee's financial advisors.

21.    During the Application Period, Chadbourne performed a comprehensive review of the Debtors' D&O primary and excess liability insurance policies to review perspectives on coverage in the event claims are asserted in connection with the 2007 ESOP transaction.

22.    During this period, attorneys from Chadbourne's Communications and Technology Group continued their work on change of ownership requirements under the Federal Communications Commission ("FCC").  Efforts included further legal research and participation in telephone discussions with the Debtors' FCC counsel and other interested parties.  Chadbourne also continued preparation of a comprehensive report outlining the application procedures and likely scenarios the Debtors will face in seeking FCC approval.

F.    **Asset Disposition (Matter 008)**

Fees:  $53,876.50         Total Hours:  78.10

23.    During the Application Period, Chadbourne expended time in preparing for the hearing on the second stage approval of the Cubs transaction.  Efforts included the continued detailed review of the transaction documents and various ancillary documents setting forth the terms of transaction and input to the Debtor's professionals regarding proposed modifications to the proposed order approving the transaction and certain ancillary documents.  Subsequently, Chadbourne attended the September 24, 2009 hearing at which time the Bankruptcy Court approved the second stage of the Debtors' request to enter into the Cubs transaction.

G.    **Claims Administration/Bar Date (Matter 009)**

Fees:  $4,235.00      Total Hours:    11.10

24.    During the Application Period, the Debtors filed several non-substantive claims objections.  Chadbourne reviewed the relief requested to determine that the filings were routine and prepared an explanatory report to the Committee on same.

**H.**    **Fee/Retention Applications (Matter 010)**

Fees: $22,225.50        Total Hours:   52.70

25.    During the Application Period, Chadbourne reviewed concerns raised by the U.S. Trustee in connection with the retention application of the Committee's proposed special litigation counsel, Zuckerman Spaeder ("Zuckerman").  At the U.S. Trustee's request, Chadbourne collaborated with Zuckerman in the preparation of a supplemental affidavit in resolution of the issues.

26.    In further compliance with monthly fee procedures, Chadbourne expended time preparing and filing its eighth monthly fee application.   During this time, Chadbourne also reviewed Committee member expenses incurred for August meetings and prepared the Committee's sixth request for reimbursement of expenses.

27.    In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.  During this time, issues were raised with respect to certain affidavits which required collaboration with Debtors' counsel on responsive actions.

I.    **Plan and Disclosure Statement (Matter 011)**

    Fees:  $10,231.00        Total Hours:  13.00

    28.    During the Application Period, Chadbourne attorneys continued their review of the Debtors' draft plan of reorganization and participated in a preliminary conference call with Debtors' counsel to discuss various issued raised by the plan.

J.    **Executory Contracts (Matter 012)**

    Fees:  $835.00        Total Hours:  2.00

    29.    During the Application Period, the Debtors continued to evaluate its various executory contracts and unexpired leases.  As part of this process, Chadbourne attorneys participated in discussions with Debtors' counsel to consider implications of assuming the contract of a certain news service provider.

K.    **Employee Issues (Matter 014)**

    Fees:  $39,994.50        Total Hours:  60.50

    30.    During the Application Period, Chadbourne expended further efforts towards obtaining Court approval of the Debtors' 2009 management incentive plan ("MIP").  Chadbourne expended time preparing for the evidentiary hearing on the MIP including reviewing supplemental submissions and related filings as well as attending the depositions of three key witnesses in Wilmington, Delaware and Chicago, Illinois.  After attending the hearing on September 25, 2009, Chadbourne attorneys collaborated with Debtors' counsel in preparing a letter to Bankruptcy Judge Carey in support of full approval of the MIP.

**L.**     <u>**Relief From Stay Issues (Matter 015)**</u>

     Fees: $1,089.00       Total Hours: 2.40

     31.      During the Application Period, Chadbourne continued the process of reviewing the various motions filed seeking relief from the automatic stay. This ongoing process included evaluating the relief requested in new filings and collaborating with Debtors' counsel to ensure that a collective response was put forth to certain lift-stay requests. In addition, Chadbourne participated in discussions with Debtors' counsel about the implementation of ADR procedures to address and resolve claims in a global fashion.

**M.**     <u>**Tax Issues (Matter 016)**</u>

     Fees: $3,214.50       Total Hours: 3.50

     32.      During the Application Period, Chadbourne's tax professionals continued to review and analyze various tax issues and consider implications with respect to exit proposals and the disposition of certain assets.

**N.**     <u>**Travel (Matter 018)**</u>

     Fees: $10,245.00       Total Hours: 31.60

     33.      During the Application Period, Chadbourne attorneys travelled to Wilmington, Delaware to attend depositions, and on a separate occasion, to attend a hearing at the Bankruptcy Court. In addition, Chadbourne attorneys travelled to Chicago to attend a deposition and to hold a meeting with Debtors. Chadbourne attorneys also travelled to Washington, DC to attend a meeting with the Committee's special counsel. The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**O.**    **Review of Prepetition Financings (Matter 019)**

Fees: $1,149,214.50        Total Hours:  2,378.30

34.    During the Application Period, Chadbourne attorneys expended substantial time on the ongoing comprehensive review of the Debtors' prepetition financing documents and capital structure as part of the Committee's review and analysis of potential challenges that could be asserted with respect to certain prepetition transactions.  In addition, Chadbourne attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto.  As part its investigation and analysis, Chadbourne has begun summarizing certain conclusions regarding such challenges and defenses in a manner that may ultimately be incorporated into a final comprehensive report to the Committee regarding the 2007 ESOP transaction.

35.    During this time, Chadbourne also continued its efforts to obtain information and documents informally from certain parties connected to the 2007 ESOP transaction. Chadbourne has reached informal agreements regarding the information to be produced with most of the parties.  Nevertheless, some matters, and in particular email production, continue to be the subject of ongoing discussions with certain parties.

36.    During the Application Period, Chadbourne continued to receive and review a significant volume of produced documents.  This ongoing document review is a substantial undertaking.  Chadbourne has established a specialized electronic discovery database in order to ensure that the document review proceed in the most thorough, expeditious and cost-effective manner.

37.    Chadbourne also participated in negotiations with the Debtors and counsel for Law Debenture Company of New York ("Law Debenture") to negotiate a consensual resolution to Law Debenture's 2004 discovery motion and to coordinate discovery efforts between the parties.

38.    Throughout this process, Chadbourne and the Committee's professionals participated in frequent meetings and discussions in a collective effort to address issues raised during the investigation process and discuss steps going forward.

## ACTUAL AND NECESSARY EXPENSES

39.    A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $40,049.24 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

40.    Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

41.    With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

42.    Chadbourne utilized the services of an outside vendor (Veritext) to provide a hearing transcript.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

43.    In connection with the ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS"). The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

44.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.  In connection with expenses for catering costs sought in this Application, Chadbourne hosted a meeting of the Committee on September 10, 2009.  In addition, Chadbourne hosted two meetings of the Committee's professionals on September 3 and September 17, 2009 to address investigation matters.

45.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

46.     Attorneys and paraprofessionals of Chadbourne have expended a total of 2,835.80 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,418,350.00.

47.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

48.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period September 1, 2009 through September 30, 2009:  (a) authorizing compensation in the amount of $1,418,350.00 (80% of which equals $1,134,680.00) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $40,049.24 for a total of $1,458,399.24; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    October 26, 2009
          New York, New York

                                        **CHADBOURNE & PARKE LLP**

                                        By: _____
                                            Douglas E. Deutsch
                                            (A Member of the Firm)

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Co-Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

## **VERIFICATION**

STATE OF NEW YORK   :
                          :  ss:
COUNTY OF NEW YORK  :

        Howard Seife, after being duly sworn according to law, deposes and says:

        (a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1979.

        (b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

        (c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

                                            _____
                                            Howard Seife

Sworn to before me this
26th Day of October 2009

David M. Bava
Notary Public, State of New York
No. 01-6175197
Qualified in New York County
Commission Expires Oct. 9, 2011