IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Docket Ref. Nos. 242, 404, 428 & 2333 |

## SECOND SUPPLEMENTAL AFFIDAVIT OF ADAM G. LANDIS IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN LANDIS RATH & COBB LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO THE RETENTION DATE, PURSUANT TO BANKRUPTCY CODE SECTION 1103(a)

STATE OF DELAWARE        )
                         ) SS
COUNTY OF NEW CASTLE     )

ADAM G. LANDIS, being duly sworn, does depose and say as follows:

1.  I am a partner in the firm of Landis Rath & Cobb LLP ("LRC") and I am duly authorized to make this affidavit (the "Second Supplemental Affidavit") on behalf of LRC. I submit this Second Supplemental Affidavit in accordance with Bankruptcy Code section 1103

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and Bankruptcy Rules 2014(a) and 5002 in connection with the Application to Employ and Retain Landis Rath & Cobb LLP as Co-Counsel to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to the Retention Date, Pursuant to Bankruptcy Code Section 1103(a) (the "Application").[2] I make this Second Supplemental Affidavit on personal knowledge or on information and belief as set forth herein.

2.     I am admitted to practice law in the states of Delaware and New York, the Commonwealth of Massachusetts, the United States District Courts for the District of Delaware, the Southern and Eastern Districts of New York, and the Third Circuit Court of Appeals.

3.     On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the following members to the Official Committee of Unsecured Creditors (the "Committee"): JPMorgan Chase Bank, N.A.; Merrill Lynch Capital Corporation;[3] Deutsche Bank Trust Company Americas; Warner Bros. Television; Vertis, Inc.; William Niese; Pension Benefit Guaranty Corporation; Washington-Baltimore Newspaper Guild, Local 32035; and Wilmington Trust Company.

4.     In addition, on December 18, 2008 (the "Retention Date"), the Committee met with and selected Chadbourne & Parke LLP as its counsel, and LRC as its co-counsel.

5.     This Second Supplemental Affidavit supplements the Affidavit of Adam G. Landis, which was filed contemporaneously with and in support of the Application (the "Initial Affidavit"), and the First Supplemental Affidavit of Adam G. Landis, which was filed on February 18, 2009 in further support of the Application (the "First Supplemental Affidavit").

---

[2] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Application.

[3] Merrill Lynch Capital Corporation subsequently resigned from the Committee.

W0003632.DOC v2                                                   2

6. As noted in the Initial Affidavit, in connection with its employment by the Committee and the Court's approval of its retention as counsel, LRC has undertaken an extensive examination of its files and records to determine whether it has any connections or other relationships with parties-in-interest in the Debtors' chapter 11 cases. In the Initial Affidavit and in the First Supplemental Affidavit, LRC identified those entities which LRC represents or has represented or with which LRC has a connection.

7. On October 12, 2009, Chicago National League Ball Club, LLC ("CNLBC") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On October 14, 2009, the Court entered an order, (the "CNLBC Order") [Docket No. 2333], directing that the chapter 11 case of CNLBC be jointly administered with the cases of the Debtors' (collectively, the "Debtors").

8. LRC submits this Second Supplemental Affidavit to disclose information with respect to certain additional interested or potentially interested parties in light of CNLBC's bankruptcy filing and the entry of the CNLBC Order.

9. Under the LRC Disclosure Procedures (as defined and described in the Initial Affidavit), I have reviewed the names of significant parties-in-interest in these cases provided to me by counsel to the Debtors. The parties-in-interest are identified on Exhibit 1 attached hereto, and include CNLBC and: (a) its Current and Former Directors and Officers; (b) its Twenty Largest Unsecured Creditors; and (c) Counterparties to that certain "Formation Agreement" (collectively, the "CNLBC Parties").

10. Except as previously disclosed in the Initial Affidavit and the First Supplemental Affidavit with respect to LRC's representations of JPMorgan Chase Bank, N.A.

and/or its respective affiliates or subsidiaries in various matters unrelated to these chapter 11 cases, LRC has no connections with any of the CNLBC Parties.

11. Neither I, nor LRC, nor any partner or associate thereof, as far as I have been able to ascertain, holds or represents an interest adverse to the Debtors or their estates in the matters for which LRC is proposed to be retained. Accordingly, I believe LRC is a "disinterested person" as defined in Bankruptcy Code section 101(14), and except as set forth herein, LRC does not have any "connections" to disclose under Bankruptcy Rule 2014 as a result of CNLBC's bankruptcy filing. Furthermore, while employed by the Committee, LRC shall not represent any entity having an adverse interest in connection with the Debtors' chapter 11 cases.

Adam G. Landis

SWORN TO AND SUBSCRIBED before me this ___ day of October, 2009.

_____
Notary Public

KIMBERLY A. BECKER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires July 23, 2010