# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: November 18, 2009 at 4 p.m. (ET)** |

## SEVENTH MONTHLY FEE APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DANIEL J. EDELMAN, INC, CORPORATE COMMUNICATIONS AND INVESTOR RELATIONS CONSULTANTS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205; Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2532); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Name of Applicant: | Daniel J. Edelman, Inc. |
|---|---|
| Authorized to Provide<br>Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | March 9, 2009, *nunc pro tunc* to<br>December 8, 2008 |
| Period for Which Compensation<br>and Reimbursement is Sought: | September 1, 2009 through September 30, 2009 |
| Amount of Compensation Sought<br>as Actual, Reasonable and Necessary: | $2,450.00 |
| Amount of Expense Reimbursement<br>Sought as Actual, Reasonable and Necessary: | $0 |

This is a(n):  _X_ monthly  ___ interim  ___ final application.

Prior Fee Applications:  Six

| Fees at 80% | $1,960.00 |
|---|---|
| Expenses at 100% | $0 |
| **Payment Amount** | **$1,960.00** |

[remainder of page intentionally left blank]

**FEE SUMMARY FOR THE PERIOD FROM**
**SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

| Name of Professional/ Individual | Position / Number of Years in that Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey Zilka | General Manager | $700 | 3.50 | $2,450.00 |
| | | | | |
| Grand Total | | | | $2,450.00 |
| | | | | |

[remainder of page intentionally left blank]

3

**COMPENSATION BY PROJECT CATEGORY**
**FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Post-Filing Administration & Media Services | 3.50 | $2,450.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **Totals:** | **3.50** | **$2,450.00** |

4

**EXPENSE SUMMARY**
**SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **Total** |  | **$0** |

5

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[2] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: November 18, 2009 at 4 p.m. (ET)** |

## SEVENTH MONTHLY FEE APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DANIEL J. EDELMAN, INC, CORPORATE COMMUNICATIONS AND INVESTOR RELATIONS CONSULTANTS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION, FOR SERVICES RENDERED AND EXPENSES INCURRED FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2532); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Daniel J. Edelman, Inc. ("Edelman"), corporate communications and investor relations consultants for Tribune Company and its affiliated debtor companies (collectively, the "Debtors"), respectfully submits this seventh monthly fee application (the "Application") to this Court, pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for (a) approval of compensation for professional services rendered as corporate communications and investor relations consultants to the Debtors in the amount of $2,450.00 together with reimbursement for actual and necessary expenses incurred in the amount of $0 for the period commencing September 1, 2009 through and including September 30, 2009 (the "Fee Period"); and (b) payment of compensation in the amount of $1,960.00 (80% of the compensation requested) and reimbursement for actual and necessary expenses incurred during the Fee Period in the amount of $0 (100% of the expenses incurred).  In support of this Application, Edelman represents as follows:

## BACKGROUND

1.      On December 8, 2008 (the "Petition Date"), the Debtors commenced these chapter 11 cases by each filing voluntary petitions under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  On December 10, 2008, the Court entered an order jointly administering the Debtors' chapter 11 cases.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On December 18, 2008, the Office of the United States Trustee for the District of Delaware ("UST") appointed the Official Committee of Unsecured Creditors.

3.      On January 15, 2009, the Court entered the Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") [Docket No. 225].

4.      On March 9, 2009, the Court approved the Debtors' retention of Edelman as general reorganization and bankruptcy counsel *nunc pro tunc* as of December 8, 2009.

## COMPENSATION AND REIMBURSEMENT OF EXPENSES

5.      Edelman submits this Application for the allowance of reasonable compensation for actual and necessary professional services provided to the Debtors as their counsel in these cases, and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Debtors during the Fee Period. All included services and costs for which Edelman seeks compensation were performed for, or on behalf of, the Debtors during the Fee Period.

6.      In connection with services performed, Edelman billed a total of $2,450.00 in fees representing approximately 3.50 hours in professional and paraprofessional time for such services. Reimbursement of actual necessary expenses incurred by Applicant during the Fee Period in connection with these services is requested in the amount of $0.

7.      A detailed breakdown of the hours expended by each of Edelman's professionals and paraprofessionals with respect to individual matters in these cases is contained in Exhibit A to this Application. A breakdown of the total hours expended by each professional and paraprofessional on all matters covered herein is included above as part of this Application, as required by Del. Bankr. LR 2016-2.

8.      A breakdown of expenses incurred and disbursed by Edelman during the Fee Period is included above as part of this application. Edelman has incurred out-of-pocket expenses in the amount of $0 in connection with its services rendered to the Debtors during the

8

Fee Period. These expenses were incurred for items not included in Edelman's hourly rates, including, but not limited to, messenger services and media monitoring services. Edelman submits that all such expenses are necessary and actual expenses for the performance of its services in these cases, and further submits that many of such expenses were necessitated by the time constraints under which Edelman's professionals and staff have operated in these cases.

9.    Edelman submits that all travel expenses incurred during the period covered by this Application were necessary and reasonable under the circumstances. Edelman did not have any non-working travel time during the fee period.

## NARRATIVE DESCRIPTION OF SERVICES RENDERED AND TIME EXPENDED

10.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by any such person." See 11 U.S.C. § 330(a)(1)(A). The professionals requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

11.    With respect to the time and labor expended by Edelman in these cases, as set forth in Exhibit A, during the Fee Period, Edelman rendered professional services in the aggregate amount of $2,450.00. Edelman believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of the Debtors, and the time expended, organized by project task categories, as follows:

A.    Post-Filing Administration & Media Services (3.50 hours)

12.     During the Fee Period, Edelman's services performed in connection with this category include, *inter alia*, providing communications counsel regarding bankruptcy matters and preparing Edelman's monthly fee application.

13.     Edelman believes that its rates are market rates within the range charged by other communications and investor relations consultants in this marketplace for similar Chapter 11 cases.  The billing rates set forth above represent customary rates routinely billed to the firm's many clients. Moreover, Edelman stated in the Application to Employ and Retain Daniel J. Edelman, Inc. as Corporate Communications and Investor Relations Consultants Pursuant to 11 U.S.C. §§ 327(a) and 1107, Nunc Pro Tunc to the Petition Date ("Retention Application") [Docket No. 146] and accompanying Declaration in Support of the Retention Application that it would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm.  Here, the compensation requested does not exceed the reasonable value of the services rendered.  Edelman's standard hourly rates for work of this nature are set at a level designed to fairly compensate Edelman for the work of its professionals and paraprofessionals and to cover fixed and routine overhead expenses.

14.     Further, the Debtor sought to retain Edelman as their corporate communications and investor relations consultant due to its extensive experience and knowledge regarding the matters for which it has been retained.

15.     This Application covers the period from September 1, 2009 through September 30, 2009.  Although every effort was made to include all fees and expenses from the Fee Period in this Application, some fees and/or expenses from the Fee Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Fee Period.  Accordingly,

10

Edelman reserves the right to make further application to the Court for allowance of fees and expenses not included herein.

## NOTICE

16. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Committee; (iii) counsel to the agent for the lenders under the prepetition credit facilities; (iv) counsel to an ad hoc group of lenders under the prepetition credit facilities; (v) counsel to the agent for the post petition lenders; (vi) counsel to an ad hoc group of prepetition note holders; (vii) the indenture trustee for each series of notes; (viii) the Cash Management Banks; and (ix) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

17. No previous motion for the relief requested herein has been made to this or any other Court.

## REVIEW OF APPLICABLE LOCAL RULE

18. The undersigned has reviewed the requirements of Del. Bankr. LR 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with Rule 2016-2.

WHEREFORE, Daniel J. Edelman, Inc., requests that, upon the expiration of the

objection deadline in respect of this Application and the Applicant's filing of a certificate of no

objection, the Court (a) approve compensation in the amount of $2,450.00, and reimbursement of

expenses in the amount of $0 pursuant to 11 U.S.C. §§ 330 and 331, (b) authorize the Debtors to

remit to Applicant any amounts due and owing in accordance with the Interim Compensation

Order, and (c) grant such other and further relief as may be appropriate.


Dated: October 28, 2009                        DANIEL J. EDELMAN, INC.

                                               Jeffrey R. Zilka, General Manager
                                               Edelman
                                               200 E Randolph Drive
                                               Chicago, IL 60601
                                               312-240-3389

12