# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: November 18, 2009 at 4:00 p.m.**<br>**Hearing Date:** *Only if Objections are filed* |

## NINTH MONTHLY APPLICATION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR GENERAL REAL ESTATE AND RELATED MATTERS FOR <u>THE PERIOD FROM SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009</u>

| | |
|---|---|
| Name of Applicant: | Paul, Hastings, Janofsky & Walker LLP |
| Authorized to Provide Professional Services to: | The Above-Captioned Debtors and Debtors-in-Possession |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Date of Retention: | February 3, 2009 *Nunc Pro Tunc* to December 8, 2008 (Docket No. 323) |
|---|---|
| Period for which compensation and reimbursement are sought: | September 1, 2009 through September 30, 2009 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $54,505.00      (80% of which is $43,604.00) |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $44.72 |

This is a(n):    ___X___ Monthly    _____ interim    _____ final application

The total time expended for fee application preparation is approximately 4.8 hours, and the total compensation requested is approximately $1,804.00.

Prior applications filed:

| Applications[2] | | | | | CNOs | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Total Fees | Expenses | Date Filed | Docket No. |
| 2/27/09 | 459 | 12/8/08 through 1/31/09 | $225,118.00 | $167.28 | 5/7/09 | 1148 |
| 3/27/09 | 820 | 2/1/09 through 2/28/09 | $120,769.50 | $27.65 | 5/7/09 | 1149 |
| 5/11/09 | 1175 | 3/1/09 through 3/31/09 | $102,618.00 | $252.41 | 6/3/09 | 1288 |
| 6/26/09 | 1648 | 4/1/09 through 4/30/09 | $122,648.00 | $88.22 | 7/22/09 | 1797 |
| 6/30/09 | 1667 | 5/1/09 through 5/31/09 | $204,721.00 | $883.29 | 7/22/09 | 1798 |
| 7/31/09 | 1875 | 6/1/09 through 6/30/09 | $95,656.50 | $56.45 | 8/25/09 | 2014 |
| 9/4/09 | 2098 | 7/1/09 through 7/31/09 | $66,906.50 | $1,308.11 | 10/1/09 | 2256 |
| 10/1/09 | 2252 | 8/1/09 through 8/31/09 | $85,936.00 | $3.90 | 10/26/09 | 2423 |

---

[2]    Pursuant to the Fee Examiner's Final Report Regarding the First Interim Fee Application Request of Paul, Hastings, Janofsky & Walker LLP [Docket No. 1948], Paul Hastings agreed to a reduction in fees in the amount of $1,726.50 and a reduction in the reimbursement of expenses in the amount of $38.00 for the period from December 8, 2008 through and including February 28, 2009.

2

**COMPENSATION BY PROFESSIONALS AND PARAPROFESSIONALS**
**SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | Hourly Billing Rate (Including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Gregory E. Spitzer | Partner; Member of the Illinois Bar since 1989; Joined Firm in 2007. | $810 | 3.5 | $2,835.00 |
| Daniel J. Perlman | Partner; Member of Illinois Bar since 1985; Member of New York Bar since 2003; Joined Firm in 2007. | $790 | 2.5 | $1,975.00 |
| Jeffrey S. Rheeling | Of Counsel; Member of Illinois Bar since 1997; Joined Firm in 2007. | $675 | 45.8 | $30,915.00 |
| Michael J. McCarthy | Associate; Member of New Jersey Bar since 2004; Member of New York Bar since 2005; Joined Firm in 2006. | $615 | 22.0 | $13,530.00 |
| Tarun J. Chandran | Associate; Member of Illinois Bar since 2003; Joined Firm in 2007. | $595 | 0.7 | $416.50 |
| Justin P. Bender | Associate; Member of Illinois Bar since 2005; Joined Firm in 2007. | $550 | 1.0 | $550.00 |
| Stephenie S. Park | Associate; Member of Illinois Bar since 2008; Joined Firm in 2008. | $425 | 1.8 | $765.00 |
| Felicia L. Holley | Senior Paralegal; Paralegal since 1996; Joined Firm in 2001. | $335 | 0.5 | $167.50 |
| Ruth P. Rosen | Senior Paralegal; Paralegal since 1988; Joined Firm in 2007. | $320 | 7.7 | $2,464.00 |
| Allison L. Eissing | Paralegal; Paralegal since 2006; Joined Firm in 2007. | $260 | 0.1 | $26.00 |

| Name of Professional Individual | Position, Year Assumed Position, Prior Relevant Experience, Year Obtained Relevant License to Practice | Hourly Billing Rate (Including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jamie B. Brown | Case Assistant; Case Assistant since 2005; Joined Firm in 2007. | $205 | 4.2 | $861.00 |
| **TOTAL** | | | **89.8** | **$54,505.00** |

| | |
|---|---|
| Grand Total | $54,505.00 |
| Attorney Compensation | $50,986.50 |
| Total Attorney Hours | 77.3 |
| Blended Attorney Rate | $659.59 |

## COMPENSATION BY PROJECT CATEGORY
### SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009

| Project Category | Total Hours | Total Fees |
|---|---|---|
| **Administration** | | |
| Case Administration (B110) | 2.0 | $415.50 |
| Schedules and Statements of Financial Affairs (B111) | 0.0 | $0.00 |
| General Creditor Inquiries (B112) | 0.0 | $0.00 |
| Pleadings Review (B113) | 1.4 | $1,134.00 |
| Asset Analysis and Recovery (B120) | 0.0 | $0.00 |
| Accounts Receivable Collection (B121) | 0.0 | $0.00 |
| Asset Disposition (B130) | 0.0 | $0.00 |
| Sale of Real Estate (B131) | 64.3 | $42,370.00 |
| Sale of Equipment (B132) | 0.0 | $0.00 |
| Auction of Assets (B133) | 0.0 | $0.00 |
| Relief from Stay/Adequate Protection Proceedings (B140) | 0.0 | $0.00 |
| Meetings of and Communications with Creditors' Committee (B150) | 0.0 | $0.00 |
| Court Hearings (B155) | 0.0 | $0.00 |
| Fee/Employment Applications (B160) | 12.9 | $4,331.50 |
| Fee/Employment Objections (B170) | 0.0 | $0.00 |
| Avoidance Action Analysis (B180) | 0.0 | $0.00 |
| Preference Analysis and Recovery Actions (B181) | 0.0 | $0.00 |
| Post-Petition Transfers and Recovery Actions (B182) | 0.0 | $0.00 |
| Assumption/Rejection of Leases and Contracts (B185) | 3.2 | $2,204.00 |
| Other Contested Matters (excl. Assumption/Rejection Motions) (B190) | 0.0 | $0.00 |

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Litigation (B191) | 0.0 | $0.00 |
| Lender Litigation (B192) | 0.0 | $0.00 |
| Landlord Litigation (B193) | 0.0 | $0.00 |
| Insider Litigation (B194) | 0.0 | $0.00 |
| Non-Working Travel (B-195) | 0.0 | $0.00 |
| **Operations** | | |
| Business Operations (B210) | 0.0 | $0.00 |
| Financial Reports (Monthly Operating Reports) (B211) | 0.0 | $0.00 |
| Employee Benefits/Pensions (B220) | 0.0 | $0.00 |
| Union Issues (B222) | 0.0 | $0.00 |
| Financing/Cash Collections (B230) | 0.0 | $0.00 |
| Security Document Analysis (B231) | 0.0 | $0.00 |
| Tax Issues (B240) | 0.0 | $0.00 |
| Environmental Issues (B241) | 4.0 | $2,700.00 |
| Real Estate (B250) | 2.0 | $1,350.00 |
| Board of Directors Matters (B260) | 0.0 | $0.00 |
| Investigations (B261) | 0.0 | $0.00 |
| **Claims and Plan** | | |
| Claims Administration and Objections (B310) | 0.0 | $0.00 |
| Reclamation and PACA Claims (B311) | 0.0 | $0.00 |
| Objections to Claims (B312) | 0.0 | $0.00 |
| Plan and Disclosure Statement (B320) | 0.0 | $0.00 |
| Business Plan (B321) | 0.0 | $0.00 |

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Disbursement/Case Closing Activities (B322) | 0.0 | $0.00 |
| **TOTAL** | **89.8** | **$54,505.00** |

**EXPENSE SUMMARY**
**SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Airfare | | $0.00 |
| Certified Copies/Corporate Documents | | $0.00 |
| Meals | | $0.00 |
| Lodging | | $0.00 |
| Courier Service | | $35.42 |
| Taxi/Ground Transportation | | $0.00 |
| Parking | | $0.00 |
| Postage/US Express Mail | | $0.00 |
| Long Distance/Telephone Charges | | $9.30 |
| Photocopy Charges ($0.10 per page) | | $0.00 |
| Facsimile | | $0.00 |
| **TOTAL** | | **$44.72** |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: November 18, 2009 at 4:00 p.m. |

## NINTH MONTHLY APPLICATION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR GENERAL REAL ESTATE AND RELATED MATTERS FOR THE PERIOD FROM SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rules"), and the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 [Docket. No. 225] (the "Administrative Order"), Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") hereby files this Ninth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate and Related Matters for the Period from September 1, 2009 through September 30, 2009 (the "Application"). By this Application, Paul Hastings seeks a monthly allowance pursuant to the Administrative Order for the sums of $54,505.00 as compensation and $44.72 for reimbursement of actual and necessary expenses for a total of $54,549.72 for the period from September 1, 2009 through and including September 30, 2009 (the "Compensation Period"). In support of this Application, Paul Hastings respectfully represents as follows:

## Background

1.  On December 8, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.  Paul Hastings was retained effective *nunc pro tunc* as of the Petition Date by this Court's Order dated February 3, 2009 [Docket No. 323] (the "Retention Order"). The Retention Order authorized Paul Hastings to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation Paid and Its Source

3.  All services for which compensation is requested by Paul Hastings were performed for or on behalf of the Debtors.

4.  Except to the extent of the retainer paid to Paul Hastings as described in

the application seeking approval of Paul Hastings' employment by the Debtors during the period covered by this Application, Paul Hastings has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Paul Hastings and any other person other than the partners of Paul Hastings for the sharing of compensation to be received for services rendered in these cases.

## Fee Statements

5.     The fee statement for the Compensation Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period. To the best of Paul Hastings' knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the Office of the United States Trustee, Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Administrative Order.

## Actual and Necessary Expenses

6.     A summary of actual and necessary expenses and daily logs of expenses incurred by Paul Hastings during the Compensation Period is attached hereto as Exhibit B. Paul Hastings charges its bankruptcy clients $.10 per page for photocopying expenses. Paul Hastings also charges its clients $1.00 per page for out-going facsimile transmissions. Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.

7.     Paul Hastings believes the foregoing rates are the market rates that the majority of law firms charges clients for such services. In addition, Paul Hastings believes that

such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

8.    The partners and associates of Paul Hastings who have rendered professional services in these cases during the Compensation Period are:  Gregory E. Spitzer (Partner), Daniel J. Perlman (Partner), Jeffrey S. Rheeling (Of Counsel), Justin P. Bender (Associate), Tarun J. Chandran (Associate), Michael J. McCarthy (Associate) and Stephenie S. Park (Associate).  The paraprofessionals of Paul Hastings who have provided services to these attorneys in these cases during the Compensation Period are:  Allison L. Eissing (Paralegal), Felician L Holley (Senior Paralegal), Ruth P. Rosen (Senior Paralegal) and Jamie B. Brown (Case Assistant).

9.    Paul Hastings, by and through the above-named persons, has prepared or assisted in the preparation of various applications and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with these cases, and has performed all necessary professional services which are described and narrated in detail hereinafter.

## Summary of Services By Project

10.    The services rendered by Paul Hastings during the Compensation Period can be grouped into the categories set forth below.  These categories are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total

compensation sought for each category, in <u>Exhibit A</u> attached hereto.

**SEPTEMBER 2009**

**Matter 00001 – Post-Petition General Matter**

A.    <u>Case Administration</u>

Fees: $415.50; Total Hours: 2.0

This category includes all matters related to filing documents with the Court,

service thereof, maintenance of calendars, review of work in process reports, review of notices of

appearance and maintaining service lists.

B.    <u>Pleadings Review</u>

Fees: $243.00; Total Hours: 0.3

This category includes all matters related to review of pleadings submitted by other

parties.

C.    <u>Fee/Employment Applications</u>

Fees: $4,331.50; Total Hours: 12.9

This category includes all matters relating to retention of various

professionals on behalf of the Debtors and the Committee and applications for fees submitted by

such professionals.

**Matter 00002 – 34th Street Lease**

A.    <u>Sale of Real Estate</u>

Fees: $2,152.50; Total Hours: 3.5

This category includes all matters related to sales of real estate.

**Matter 00003 – Lease Rejections**

    A.      <u>Pleadings Review</u>

            Fees: $891.00; Total Hours: 1.1

This category includes all matters related to review of pleadings submitted by other parties.

    B.      <u>Assumption/Rejection of Leases and Contracts</u>

            Fees: $2,036.50; Hours: 2.7

This category includes all matters relating to and including analysis of leases and executory contracts and preparation of motions to assume or reject such leases or contracts.

**Matter 00013 – KTLA**

    A.      <u>Assumption/Rejection of Leases and Contracts</u>

            Fees: $167.50; Hours: 0.5

This category includes all matters relating to and including analysis of leases and executory contracts and preparation of motions to assume or reject such leases or contracts.

**Matter 00014 – Stamford**

    A.      <u>Real Estate</u>

            Fees: $675.00; Total Hours: 1.0

This category includes all matters relating to and including review and analysis of real estate-related matters, including purchase agreements and lease provisions (e.g. common area maintenance clauses).

**Matter 00015 – New York Real Estate Transfer Tax**

 A.  <u>Sale of Real Estate</u>

   Fees: $1,012.50; Total Hours: 1.5

   This category includes all matters related to sales of real estate.

**Matter 00026 – Sale of 250 Miller Place, Hicksville**

 A.  <u>Sale of Real Estate</u>

   Fees: $38,530.00; Total Hours: 58.3

   This category includes all matters related to sales of real estate.

 B.  <u>Environmental Issues</u>

   Fees: $2,700.00; Total Hours: 4.0

This category includes all matters relating to and including review and analysis of environmental-related matters.

 C.  <u>Real Estate</u>

   Fees: $675.00; Total Hours: 1.0

This category includes all matters relating to and including review and analysis of real estate-related matters, including purchase agreements and lease provisions (e.g. common area maintenance clauses).

**Matter 00027 – Melville Condemnation**

 A.  <u>Sale of Real Estate</u>

   Fees: $675.00; Total Hours: 1.0

   This category includes all matters related to sales of real estate.

## Valuation of Services

11.     Attorneys and paraprofessionals of Paul Hastings have expended a total of

89.8 hours in connection with this matter during the Compensation Period, as follows:

| Name of Professional Individual | Total Hours Billed | Total Compensation |
|---|---|---|
| Gregory E. Spitzer | 3.5 | $2,835.00 |
| Daniel J. Perlman | 2.5 | $1,975.00 |
| Jeffrey S. Rheeling | 45.8 | $30,915.00 |
| Michael J. McCarthy | 22.0 | $13,530.00 |
| Tarun J. Chandran | 0.7 | $416.50 |
| Justin P. Bender | 1.0 | $550.00 |
| Stephenie S. Park | 1.8 | $765.00 |
| Felicia L. Holley | 0.5 | $167.50 |
| Ruth P. Rosen | 7.7 | $2,464.00 |
| Allison L. Eissing | 0.1 | $26.00 |
| Jamie B. Brown | 4.2 | $861.00 |
| **TOTAL** | **89.8** | **$54,505.00** |

The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto.

These are Paul Hastings' normal hourly rates for work of this character.  The reasonable value of

the services rendered by Paul Hastings to the Debtors during the Compensation Period is

$54,505.00.

12.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by Paul Hastings is fair

and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and

extent of the services rendered, (d) the value of such services, and (e) the costs of comparable

services other than in a case under this title. Moreover, Paul Hastings has reviewed the

requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Paul Hastings respectfully requests that the Court authorize that

for the period from September 1, 2009 through September 30, 2009, an allowance be made to

Paul Hastings pursuant to the terms of the Administrative Order, with respect to the sum of

$54,505.00 as compensation for necessary professional services rendered (80% of which equals

$43,604.00), and the sum of $44.22 as 100% reimbursement of actual necessary costs and

expenses, for a total of $54,549.72 and that such sums be authorized for payment and for such

other and further relief as this Court may deem just and proper.

Dated:  October 29, 2009
       Wilmington, Delaware

Respectfully submitted,


Richard A. Chesley (Ill. No. 6240877)
Kimberly D. Newmarch (DE 4340)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 N. Wacker Drive, 30th Floor
Chicago, IL  60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:   richardchesley@paulhastings.com
        kimberlynewmarch@paulhastings.com


SPECIAL COUNSEL FOR GENERAL REAL ESTATE
AND RELATED MATTERS FOR DEBTORS AND
DEBTORS IN POSSESSION

## VERIFICATION

STATE OF ILLINOIS        )
                                 ) SS:
COUNTY OF COOK       )

         Kimberly D. Newmarch, after being duly sworn according to law, deposes and says:

         a)      I am an associate with the applicant firm, Paul, Hastings, Janofsky & Walker LLP and am admitted to appear before this Court.

         b)      I am familiar with the work performed on behalf of the Debtors by the lawyers in the firm.

         c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such Local Rule.

                                     Kimberly D. Newmarch (DE 4340)