# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 140, 321, 362** |

### THIRD SUPPLEMENTAL DECLARATION OF THOMAS E. HILL
### UNDER 11 U.S.C. § 327(a) AND RULE 2014 OF THE FEDERAL RULES
### OF BANKRUPTCY PROCEDURE

STATE OF ILLINOIS     )
                      )  ss:
COUNTY OF COOK        )

I, Thomas E. Hill, declare as follows:

1.  I am a Managing Director with Alvarez & Marsal North America, LLC (together with its wholly owned subsidiaries, affiliates (all of which are owned by Alvarez & Marsal North

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

America, LLC's parent company and employees), agents, independent contractors and employees, "A&M"), a financial advisory services firm with numerous offices throughout the country. I am authorized to make this supplemental declaration (the "Third Supplemental Declaration") on A&M's behalf.

2. On December 26, 2008, A&M filed its initial Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Initial Declaration") [Docket No. 140]

3. On February 3, 2009, A&M filed the Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Supplemental Declaration") [Docket No. 321].

4. On February 11, 2009, the United States Bankruptcy Court for the District of Delaware entered an Order Authorizing Retention of Alvarez & Marsal North America, LLC as Restructuring Advisors for the Debtors and Debtors in Possession effective as of December 8, 2008 [Docket No. 362].

5. On June 2, 2009, A&M filed the Second Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Second Supplemental Declaration"; together with the Initial Declaration, the Supplemental Declaration and the Second Supplemental Declaration, the "Prior Declarations") [Docket No. 1282].

6. On October 12, 2009, Chicago National League Ball Club, LLC ("CNLBC") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On October 14, 2009,

the Court entered an order, (the "CNLBC Order") [Docket 2333], directing that the chapter 11 case of CNLBC be jointly administered with the cases' of the Debtors (collectively the "Debtors").

7. I am submitting this Third Supplemental Declaration to disclose certain additional information that has become available to A&M since the filing of the Prior Declarations.

### Lender Advisory Roles with Debtor Suppliers

8. A&M and/or its affiliates are financial advisors to counsel to certain secured lenders (the "Bowater Lenders") of Bowater Canadian Forest Products, Inc. and certain of its affiliates ("Bowater"). Certain Bowater entities are significant suppliers to the Debtors. No persons advising the Bowater Lenders will provide services to the Debtors in their Chapter 11 cases and A&M will create an information barrier between the respective groups.

9. A&M and/or its affiliates are financial advisors to counsel to certain secured lenders (the "Supplier X Lenders") of another significant supplier ("Supplier X") of the Debtors who shall remain unnamed due to confidentiality concerns of Supplier X. In any event, no persons advising the Supplier X Lenders will provide services to the Debtors in their Chapter 11 cases and A&M will create an information barrier between the respective groups.

10. A&M does not believe that its relationship with the Bowater Lenders or Supplier X Lenders creates a conflict of interest with the Debtors or their Chapter 11 cases.

### Additional Parties In Interest

11. As set forth in the Prior Declarations, and in connection with its retention by the Debtors in these cases, A&M has undertaken an ongoing analysis to determine whether it has

any conflicts or other relationships that might cause it not to be disinterested or to hold or represent interests adverse to the Debtors.

12. Specifically, A&M has received from the Debtors, and/or their representatives, an updated list of the names of individuals and entities that may be parties-in-interest in these chapter 11 cases (the "Potential Parties in Interest"). A&M then provided this list to all of its employees worldwide and conducted a query of such Potential Parties in Interest in a database containing the names of individuals and entities that are represented by A&M.

13. Based on the latest inquiry, below are the connections A&M has discovered with the Potential Parties in Interest (in addition to matters disclosed in prior Declarations).

### A&M's Connections with Parties in Interest

a. A&M is currently advising or has previously advised the Law Debenture Trust Company of New York or its affiliates as a creditor or on various official creditors' committees in which the Law Debenture Trust Company of New York or its affiliates were members or which represented the interests of the Law Debenture Trust Company of New York or its affiliates in matters unrelated to the Debtors' Chapter 11 cases.

b. A&M and/or its affiliates are currently providing or have previously provided certain consulting services to The Chicago Transit Authority, Major League Baseball and the Law Debenture Trust Company of New York or their affiliates in matters unrelated to the Debtors' chapter 11 cases.

c. The Law Debenture Trust Company of New York or its affiliates are significant equity holders of other clients or former clients of A&M or its affiliates in matters unrelated to the Debtors' chapter 11 cases.

    d.  Foley & Lardner and Kasowitz, BensonTorres & Friedman have represented clients in matters where A&M or its affiliates were also advisors, or provided crisis management, to the same clients.

    e.  Certain personnel of A&M and/or its affiliates provided professional services unrelated to these Chapter 11 cases to Tribune Media Services and Chicago National League Ball Club, LLC prior to joining A&M and prior to the Debtors' Chapter 11 cases.

A&M does not believe that any of the additional disclosures described above create conflicts of interest regarding the Debtors or their chapter 11 cases. A&M continues to believe that it is "disinterested" within the meaning of the term as it is used in section 101(14) of title 11 of the United States Code.

14. To the best of my knowledge, except as specifically disclosed in the Declarations, A&M neither holds nor represents an interest adverse to the Debtors. If any new material relevant facts or relationships are discovered or arise, A&M will promptly file a supplemental declaration pursuant to Rule 2014(a) of Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 30th day of October 2009

*/s/ Thomas E. Hill*
THOMAS E. HILL
A Managing Director with
Alvarez & Marsal North America, LLC