## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: December 1, 2009 at 10:00 a.m. EDT**<br>**Objection Deadline: November 23, 2009 at 4:00 p.m. EDT** |

## DEBTORS' SIXTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

### ("AMENDED CLAIMS")

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibit A to this Objection. The grounds for the Objection are set forth herein.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on <u>Exhibit A</u> of this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this sixth omnibus objection (the "<u>Objection</u>"), which Objection covers certain claims that that have been amended by claims subsequently filed by or on behalf of the same claimants in respect of the same liabilities, as so indicated on the face of the claims (the "<u>Amended Claims</u>") listed on <u>Exhibit A</u> attached hereto and to the proposed order submitted herewith, pursuant to Section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  By this Objection, the Debtors request the entry of an order expunging and disallowing the Amended Claims as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "<u>Bigelow Declaration</u>"), attached hereto as <u>Exhibit B</u>.  In further support, the Debtors respectfully state as follows:

## <u>STATUS OF THE CASE AND JURISDICTION</u>

1.      On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Chicago National League Ball Club, LLC ("<u>CNLBC</u>"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 112 entities.

2.       The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3.       The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6.       On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (the "Schedules") [Docket Nos. 567-789]. On April 13, 2009, the Debtors filed their amended Schedules. [Docket Nos. 894-957]. On June 12, 2009, the Debtors filed their second amended Schedules. [Docket Nos. 1343-1453]. CNLBC filed its Schedules on October 12, 2009. [CNLBC Docket Nos. 8 and 9].

7.       On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

46429/0001-6085408v1

cases and (ii) approving the form and manner of notice of the Bar Date.[2]  The Bar Date Order

granted any claimants holding a claim affected by amendments to the Schedules and any

claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired

lease an additional 30 days from the applicable amendment or supplement to the Schedules or

effective date of rejection to file a proof of claim or amend a previously filed proof of claim in

connection therewith.

        8.      Written notice of the Bar Date was mailed to, among others, all known

creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties

who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date

Order.  See, Affidavit of Mailing [Docket No. 1073] and Supplemental Affidavit of Mailing

[Docket No. 1129].  In addition to mailing such actual notice, the Debtors also published notice

of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago

Tribune*, and *Los Angeles Times* on May 12, 2009.

        9.      To date, approximately 6,245 Proofs of Claim have been filed in these

chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims

Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to

assist with claims processing in these chapter 11 cases (the "Claims Agent").

        10.      Upon review of the Proofs of Claim filed against the Debtors in these

chapter 11 cases, the Debtors have identified thirty (30) claims, in the aggregate amount of

$1,964,121.06, which have been amended and superseded by subsequently-filed claims by the

same claimant on account of the same liability.  Those claims, which comprise the Amended

Claims addressed by this Objection, are listed on Exhibit A attached hereto.

---

[2] No Bar Date has been set for the filing of Proofs of Claim against CNLBC.

4

## RELIEF REQUESTED

11.    By this Objection, the Debtors seek entry of an order, pursuant to Section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1,

disallowing in full and expunging each of the Amended Claims identified on Exhibit A as filed

claims that have been amended and superseded by another claim subsequently filed against the

Debtors by or on behalf of the same claimants in respect of the same liabilities.[3]  This Objection

complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

12.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
> > (1)    such claim is unenforceable against the debtor and
> > property of the debtor, under any agreement or applicable
> > law for a reason other than because such claim is
> > contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

13.    The relief requested in this Objection is necessary to prevent the

allowance of the Amended Claims, which by their nature, have been superseded and remain on

the Claims Register only as a technicality.  Accordingly, the Debtors seek to disallow in full and

expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double

recovery on account of any single obligation and (ii) limit the claimants to a single claim for

those amounts currently asserted by the claimant in respect of the same liabilities.

---

[3] Certain of the Amended Claims assert unliquidated and/or undetermined amounts.  The Debtors have attempted,
where possible, to identify such claims on Exhibit A.  This Objection shall (i) not preclude a claimant from pursuing
the allowance of Remaining Claims, including any unliquidated and/or undetermined amounts asserted therein, nor
(ii) preclude the Debtors from objecting to such Remaining Claims, including any unliquidated and/or undetermined
amounts asserted therein.

46429/0001-6085408v1

14.    The claims set forth under the column heading "Remaining Claims" on

Exhibit A (the "Remaining Claims") are claims that were subsequently filed by or on behalf of

the same claimants in respect of the same liabilities as the Amended Claims, as so indicated on

the face of the Remaining Claims.  The Remaining Claims have thus amended and superseded

the Amended Claims.  By filing the Remaining Claims, the claimants liquidated, reduced, or

otherwise modified the liability originally identified in the Amended Claims.  Thus, the

elimination of the Amended Claims is consistent with the apparent intent of the claimants in

filing the Remaining Claims.

15.    The Remaining Claims will remain on the Claims Register as outstanding

liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or

nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court.  See,

e.g., 11 U.S.C. § 502(a).  In other words, the Remaining Claims will be unaffected by the relief

sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors'

estates will be preserved, subject to the Debtors' ongoing rights to object to the Remaining

Claims on any other applicable grounds, including other grounds set forth in the Debtors'

subsequent Omnibus Objections.

16.    For these reasons, the Debtors object to the allowance of each of the

Amended Claims and request that such Amended Claims be disallowed in their entirety and

expunged.

## **RESERVATION OF RIGHTS**

17.    The Debtors hereby reserve their right to object in the future to any of the

Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify,

and/or supplement this Objection, including, without limitation, to object to amended or newly-

46429/0001-6085408v1

filed claims.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

18.    Notwithstanding anything contained in this Objection or in <u>Exhibit A</u> attached to this Objection and to the order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of claims subject to this Objection.

### NOTICE

19.    Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for the Debtors' prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on <u>Exhibit A</u>; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-6085408v1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging each of the Amended Claims set forth on Exhibit A; (ii) authorizing the Claims Agent to expunge the Amended Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
      October 30, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. McClelland
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6085408v1