+

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. 1650 and 2333 |

## FIRST SUPPLEMENTAL DECLARATION AND DISCLOSURE OF JOHN R. FEORE ON BEHALF OF DOW LOHNES PLLC

JOHN R. FEORE declares as follows:

1. I am a member of the firm of Dow Lohnes PLLC ("Dow Lohnes") which maintains offices for the practice of law at 1200 New Hampshire Ave., NW, Suite 800, Washington, D.C. 20036-6802. I am duly licensed in and am a member in good standing of the bar for the District of Columbia, have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2. By Order dated July 14, 2009, and as amended on October 14, 2009, this Court authorized the retention of Dow Lohnes as special regulatory counsel to the debtors and debtors-in-possession (the "Debtors") in these Chapter 11 cases. [Doc. 1725, 2334]. In support of Dow Lohnes' retention, I submitted an original declaration (the "Original Declaration") [ Doc. 1650].

3. On October 12, 2009, Chicago National League Baseball Club, LLC ("CNLBC") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On October 14, 2009, the Court entered and order, (the "CNLBC Order") [Doc. 2333], directing that the chapter 11 case of CNLBC be jointly administered with the cases of the Debtors (collectively, the "Debtors").

---

NY1 7005112v.2

4.  Pursuant to the CNLBC Order, I am submitting this First Supplemental Declaration and Disclosure so that the retention of Dow Lohnes can be extended to CNLBC if needed. And, in addition to the matters disclosed with the Original Declaration, herein disclose the following:

- Major League Baseball, creditor in the CNLBC bankruptcy, is identified as an adverse party in the Dow Lohnes conflicts database in four older matters, all of which were closed between 1996 and 2002.

- Wrigley Field Premium Ticket Services LLC, creditor in the CNLBC bankruptcy, is identified as an adverse party in the Dow Lohnes conflicts database in connection with the Cubs acquisition matter disclosed in Exhibit D to the Original Declaration. The matter has since been closed.

- Crane Kenney, listed as a current or former directors or officers of the Cubs, was identified as the client contact for former Dow Lohnes client News Holdings Corp. The News Holdings client account was closed in July of 2001.

5.  After reviewing the results of the original conflicts checks completed by Dow Lohnes in connection with the Original Declaration and the supplemental conflict checks completed as a result of the CNLBC Order, to the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither the firm of Dow Lohnes, any member or associate thereof, nor I, insofar as I have been able to ascertain, represents any interest adverse to that of the Debtors' estates in the matters upon which the Debtors seek to retain Dow Lohnes, and I believe the firm to be a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code in that: (a) neither the firm of Dow Lohnes, any member or associate thereof, nor I, insofar as I have been able to ascertain, is a creditor, an equity holder or an insider of the

Debtors; (b) neither the firm of Dow Lohnes, any member or associate thereof, nor I, insofar as I have been able to ascertain, is or was within two years before the Petition Date, a director, officer, or employee of the Debtors; and (c) neither the firm of Dow Lohnes, any member or associate thereof, nor I, insofar as I have been able to ascertain, has an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6.      While Dow Lohnes has undertaken, and continues to undertake, extensive efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  If Dow Lohnes, through its continuing efforts, should learn of any new connection of the nature described herein, Dow Lohnes will so advise the Court.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 2 day of November, 2009, at Washington D.C.

*[signature]*