IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Related to Docket Nos. 141, 495, 506 and 2333 |

## SUPPLEMENTAL DECLARATION OF BLAKE D. RUBIN IN SUPPORT OF THE APPLICATION OF CHICAGO NATIONAL LEAGUE BALL CLUB, LLC FOR AN ORDER UNDER 11 U.S.C. §§ 327(a), 329 AND 1107(a) AUTHORIZING THE EMPLOYMENT AND RETENTION OF McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL FOR GENERAL DOMESTIC LEGAL MATTERS

BLAKE D. RUBIN declares and states as follows:

1. I am a partner in the law firm of McDermott Will & Emery LLP ("McDermott"), resident in its Washington D.C. office located at 600 13th Street, N.W., Washington, D.C. 20005. I have been practicing law for more than 28 years and I am admitted in the District of Columbia. McDermott is currently Special Counsel for General Domestic Legal Matters to the Tribune Company and certain of its subsidiaries and affiliates, each a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtors") and is proposed Special Counsel for General Domestic Legal Matters to Chicago National League Ball Club, LLC (the "Ball Club" and also a Debtor).

2. I submit this supplemental declaration (the "Declaration") in support of the entry of an order authorizing Ball Club to employ McDermott, pursuant to 11 U.S.C. §§ 327(a), 329 and 1107(a) and (b), as Special Counsel for General Domestic Legal Matters to the Debtors, *nunc pro tunc* to the date of the commencement of these chapter 11 cases.

3. The Ball Club has advised McDermott that it wishes to employ and retain McDermott to assist it in a variety of general domestic legal matters, including, but not limited

to, tax, employee benefits, employment, corporate, real estate and other legal matters that may arise in the ordinary course of the Ball Club's business (collectively, the "General Domestic Legal Matters"). McDermott has agreed to continue to represent the Ball Club on such matters and work closely with the Ball Club and its other retained professionals, including Sidley Austin LLP to avoid unnecessary duplication of services rendered for these estates.

4.  McDermott is well qualified to assist the Ball Club on the matters for which it proposes to be retained. McDermott is a full service international law firm with more than 1,000 attorneys and 1,000 staff, and 16 offices worldwide. McDermott's attorneys render services in virtually every major practice area including, but not limited to tax, employee benefits, employment, corporate and securities, real estate, restructuring and insolvency, litigation, intellectual property, banking, regulatory and governmental affairs, and international services.

5.  McDermott is extremely familiar with the Ball Club's business. Through their prior representation of the Ball Club, the partners, counsel and associates of McDermott have become very familiar with the Ball Club and their business affairs and have gained extensive experience in most, if not all, aspects of their general legal work and needs. In addition to its prior representations of the Ball Club, McDermott has represented and continues to represent one or more of the Ball Club's non-debtor affiliates, including TV FN Cable Ventures, Inc., in matters unrelated to the Ball Club's bankruptcy case. In connection with such representations, McDermott has entered into separate retention agreements with any such subsidiaries. Such subsidiaries have agreed to pay from their own funds McDermott's fees and expenses for services rendered on their behalf. McDermott will not represent any non-debtor affiliates in matters related to these chapter 11 cases. Further, McDermott will not represent the Ball Club in any matters adverse to TV FN Cable Ventures, Inc.

6. In total, McDermott has represented the Ball Club and the other Debtors and certain of their non-debtor affiliates for more than 20 years, particularly in connection with tax, corporate and employment matters. McDermott has been advised by the Ball Club that they believe McDermott's continued representation in the matters addressed herein (i) are in the best interest of these estates, (ii) are essential to the Ball Club's efforts to reorganize its business, and (iii) will provide substantial benefit to the Ball Club and its estate.

Services to be Rendered

7. The continued employment of McDermott is necessary to assist the Ball Club in addressing myriad legal issues in the tax, employee benefits, employment, general corporate and real estate areas.

No Restrictions on Services to be Rendered

8. With respect to McDermott's non-debtor, current clients who are parties in interest, other than McDermott's and its attorney's obligations under applicable law (including ethical canons), McDermott has no firm policies, restrictions contained in engagement letters, or any other restrictions that I am aware of that would prevent McDermott from taking a position adverse to any of its current clients on behalf of the Ball Club.

Connections with Parties in Interest

9. To the best of my knowledge, information and belief formed after a reasonable inquiry, and except as otherwise set forth herein or in the Exhibits attached hereto, McDermott: (i) does not have any connection with the Ball Club, its creditors, any other parties in interest known to me in these cases, its respective professionals, the United States Attorney for Region 3 (the "U.S. Trustee"), or any other person employed in the office of the U.S. Trustee in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

NYK 1229075-5.020336.0515

Rules"); and (ii) does not hold or represent any interest adverse to the Debtors or their estates and is a disinterested person in accordance with section 327(a) of title 11 of the United States Code (the "Bankruptcy Code").

10. The Debtors' proposed bankruptcy counsel, Sidley Austin LLP, forwarded McDermott an extensive list of parties in interest in these cases (the "Conflicts Check List"). A copy of that list is attached hereto as Exhibit A. McDermott utilizes a number of procedures (the "Firm Procedures") to determine its relationships, if any, to parties that may have connections to a client debtor. McDermott maintains records of all of its clients, the matters on which it represents its clients, and the other parties which may have a substantial role in such matters. At my direction, McDermott reviewed such records to determine McDermott's connections with all parties on the Conflicts Check List. In addition, McDermott inquired of all of its attorneys in an effort to determine the scope of any relationships with the Ball Club, including its officers, directors, and members.

11. In implementing the Firm Procedures in connection with its retention in this chapter 11 case, McDermott took the following actions to identify parties that may have connections to the Ball Club and McDermott's relationship with such parties:

    (a). McDermott circulated an email to all partners, counsel, and associates requesting the recipients to disclose if they, or any of the members of their household have any connection with the Ball Club or its officers, directors, and members.

    (b). McDermott compared the Conflicts Check List to its internal database of matters, clients and related parties. Conflicts check emails were generated and sent to all of the relevant partners, counsel and associates.

    (c). Known connections between McDermott's present and former clients and the Ball Club were then compiled into lists and reviewed

12. Based on the results of the Firm Procedures described above, and as far as I know at this time, the connections identified between (i) McDermott's attorneys and the Ball Club, and

(ii) McDermott's clients and the parties on the Conflicts Check List (collectively, the "Search Report") are set forth on Exhibit B hereto. Except as noted on Exhibit B, the Search Report did not (i) identify any representation of any party on the Conflicts Check List that constitutes a representation adverse to the Ball Club, and (ii) indicate that McDermott holds any interest adverse to the Ball Club.

13. I or someone acting at my direction has reviewed all of McDermott's connections to parties in interest in these cases and determined that, in accordance with the requirements of section 327(a) of the Bankruptcy Code and rule 2014 of the Federal Rules of Bankruptcy Procedure, McDermott (a) does not hold or represent any interest adverse to the Debtors' estates; and (b) is "disinterested," as that term is defined in section 101(14) of the Bankruptcy Code, in that McDermott:

    (a). is not a creditor, an equity security holder, or an insider;

    (b). is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and

    (c). does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

14. Because of its broad-based practice, McDermott (i) appeared in the past and may appear in the future in cases unrelated to these chapter 11 cases where one or more of the parties on Search Report may be involved; and (ii) has represented in the past, currently represents and/or may represent in the future one or more of such parties in matters wholly unrelated to this chapter 11 case. Other than as set forth in Exhibit B, as far as I am aware after the investigation described herein, McDermott has not represented, does not represent, and will not represent any

party that appears on Exhibit B in any matter directly related to this chapter 11 case. Further, McDermott will not be adverse to such parties in this chapter 11 case.

15.     As noted, McDermott has in excess of 1,000 attorneys and has a broad national and international practice. Consequently, although every reasonable effort has been made to discover and disclose any connections McDermott may have with any party in interest in these cases, including the efforts outlined above, McDermott is unable to state with certainty that every client or entity affiliated with a client has been disclosed. McDermott is conducting a continuing inquiry into such matters and I will file promptly a supplemental declaration setting forth the results of that inquiry, if additional disclosure is required.

Professional Compensation

16.     The Ball Club has advised McDermott of its willingness to employ McDermott at its normal and customary hourly rates for fees for professional services, which are periodically adjusted, and expense reimbursement policy, subject to allowance of all fees and costs by the bankruptcy court in these cases. The Ball Club has agreed to pay such fees and reimburse such expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and any applicable orders of this Court.

17.     The Debtors anticipate that the following ranges of fees apply to the attorneys who may render services for the Ball Club:

| | |
|---|---|
| Partners & counsel | $445 -- $915 per hour |
| Associates | $285 - $590 per hour |
| Paraprofessionals | $105 - $345 per hour |

18. The foregoing rates are equal to or less than McDermott's customary hourly rates for work of this nature and are subject to periodic adjustments to reflect economic and other conditions; provided, however, McDermott will give the Ball Club notice of any rate increases.

19. The following are the timekeepers expected to render services to the Ball Club:

| Timekeeper Name | Title | Practice Area | Rate |
|---|---|---|---|
| Rubin, Blake D. | Partner | Tax | $ 915 |
| Levine, Philip | Partner | Tax | $ 850 |
| Whiteway, Andrea M. | Partner | Tax | $ 750 |
| Gruemmer, Brooks | Partner | Corporate | $ 690 |
| Compernolle, Paul J | Partner | Employee Benefits | $ 675 |
| Offutt, P.C., Gerald | Partner | Corporate | $ 630 |
| Finkelstein, Jon G. | Partner | Tax | $ 580 |
| Harris, Ryan | Partner | Corporate | $ 515 |
| Opper, Mark | Partner | Tax | $ 490 |
| Chan, Gale | Associate | Tax | $ 320 |
| Edwards, Kathleen | Associate | Corporate | $ 300 |
| Fuchs, Daniel | Associate | Corporate | $ 315 |
| McCurry, Patrick J. | Associate | Tax | $ 305 |

20. Consistent with the firm's reimbursement policy applicable to firm clients generally, McDermott will continue to charge the Ball Club for all charges and disbursements

incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings. Charges and disbursements are invoiced in accordance with firm policy and will comply with the U.S. Trustee's guidelines for fees and disbursements for professionals. McDermott will charge $.10 per page for photocopies.

21. McDermott intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in these chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the orders and Local Rules of this Court.

22. McDermott has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which the services were performed commensurate with the complexity, importance, and nature of the problems, issues, or tasks addressed in these chapter 11 cases.

23. Neither I, nor McDermott, nor any partner, counsel or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Ball Club's chapter 11 case other than as permitted by the Bankruptcy Code.

24. McDermott has not agreed to share compensation received in connection with this chapter 11 case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(a) in respect of the sharing of compensation among members of McDermott.

Retainer and Prepetition Compensation

25. On October 27, 2009, McDermott, received a payment of $1,668,135 upon the closing of the Ball Club's transaction with the Ricketts Family. By agreement with the Court, this amount will be treated as subject to review under 11 U.S.C. § 329.

26. McDermott does not have a retainer with the Ball Club.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Washington, D.C.

November 2, 2009

*Blake D. Rubin* (signature)

Blake D. Rubin

# **EXHIBIT A**

NYK 1229075-5.020336.0515

# CONFLICTS LIST - CHICAGO NATIONAL LEAGUE BALL CLUB, LLC

## DEBTOR

Chicago National League Ball Club, LLC

## DEBTOR'S CURRENT AND FORMER DIRECTORS AND OFFICERS

Harry A. Amsden[1]
Chandler Bigelow III[1]
David P. Eldersveld[1]
Oneri Fleita
James J. Hendry
Crane H. Kenney
Brian F. Litman[1]
Michael R. Lufrano
Mark E. McGuire
John F. Poelking[1]
Jodi L. Reischl
Jack Rodden[1]
Patrick M. Shanahan[1]
Gerald A. Spector[1]

## TWENTY LARGEST UNSECURED CREDITORS

BD&A
Boise Hawks Baseball Club LLC
Bunzl
Chicago Cubs Charities
Chicago Transit Authority
Complejo Latinoamericana Baseball
Cubs Care
Daytona Cubs
Ernie Banks International Inc.
Hampton Inn and Suites
JP Morgan Chase Bank, NA[1]
Jose Serra
Luis Vizcaino
Major League Baseball
Merrill Lynch Capital Corporation[1]
Northwestern Memorial Hospital
Profinancial Services Inc.
Structural Shop Ltd.
The Langham Huntington Pasadena
Westin Diplomat Resort & Spa

---

[1] This party was included in the Rule 2014 list of Tribune Company, et al.

NYK 1229075-5.020336.0515
CH1 4969858v.1

- 2 -

## COUNTERPARTIES TO FORMATION AGREEMENT

Chicago Cubs Dominican Baseball Operations, LLC
Chicago National League Ball Club, LLC
Diana-Quentin, LLC
RAC Education Trust OSA, LLC
Ricketts Acquisition LLC
Tribune Company[1]
Tribune Sports Network Holdings, LLC
Wrigley Field Premium Ticket Services, LLC

# **<u>EXHIBIT B</u>**

NYK 1229075-5.020336.0515

## OTHER PARTIES IN INTEREST

<u>Ricketts Family</u>

McDermott now represents, or has in the past represented, the Ricketts family in a variety of legal matters. McDermott did not render services to the Ricketts family in connection with the Cubs partnership transaction. In the future, McDermott will continue to represent the Ricketts family in connection with matters wholly unrelated to these chapter 11 cases. Accordingly, McDermott will not represent an interest adverse to these estates in connection with its representation of the Ricketts family. McDermott does not and will not represent the Ricketts family in matters related to these chapter 11 cases. Further, McDermott will not represent the Ricketts family in any matter adverse to the Debtors and will not represent the Debtors in any matter adverse to the Ricketts family.

McDermott's conflict check indicated that it may currently represent or may have in the past represented all of the entities listed below or an affiliate of such entities (collectively, the "Entities"). As far as I have been able to discern, none of the services rendered to the Entities appear to be related to the Debtors. In the future, McDermott will continue to represent the Entities in connection with matters wholly unrelated to these chapter 11 cases. Accordingly, McDermott will not represent an interest adverse to these estates in connection with its representation of the Entities. McDermott does not and will not represent the Entities in matters related to these chapter 11 cases. Further, McDermott will not represent the Entities in any matter adverse to the Debtors and will not represent the Debtors in any matter adverse to the Entities.

The Entities are:

JP Morgan Chase Bank, NA
Northwestern Memorial Hospital
Merrill Lynch Capital Corporation
Structural Shop Ltd.

NYK 1229075-5.020336.0515