IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

*In re:*                                               *Chapter 11*

*TRIBUNE COMPANY, et al.,*                  *Case No.  08-13141 (KJC)*

            *Debtors.*                                *Jointly Administered*

### *Notice of Appeal*

  Kevin Millen, the other party appeals under 28 U.S.C. ss 158 (a) or (b) from the judgment, order, or decree of the bankruptcy judge entered in this adversary proceeding on the 2nd day of October, 2009.
  The name of all parties to the judgment, order, or decree appealed from an the names, addresses, and telephone numbers of their respective attorneys are as follows:

*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*


*Dated: 10-06-09*




_____
*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### Designation of Record

The reason for the entire document to be sent is so that the appeals court will be abreast of all the happening of the case. If you look on the October 2nd 2009, the court awarded the company the ability to sell part of the company. This case was to take place on October 6th 2009 but they played behind the back and misconstrued me within the court system. "If you play behind the back that means you are scared to confront the person with the issue that you are trying to use to destroy the individual. Eventually the individual will come out on top, because he is leading and you are following telling lies to people after he has told the truth." This is a very true quote written by Kevin Millen. So did the court side with me or go against me dealing with the order that was submitted? Also, we can refer to Layton vs. Allen, 246 A.2d 794, which talks about sustain, when harmful effects manifest itself and becomes physically ascertainable. This is a violation of my due process of law. This would be a violation of the 14th amendment. The appeals court needs to be abreast of all aspects of the case. This is not reflected in a transcript. This could be considered an attempted murder, because the court is allowing this heinous article to be circulated and knowingly accepting the idea of attempting to murder Kevin Millen. This issue is serious and needs to be honored because Kevin Millen did a fine job. The entire record is necessary because the court sustaind the tribune company and did not sustain or deny my objection. In deciding a Rule 12 (b)(6) motion all allegations in the pleading should be accepted as true, and the plaintiff must be given the benefit of every favorable inference that can be drawn from those allegations. U.S. v. Gaubert 499 U.S. 315,327 (1991) Since the court is accepting the woman work as true did the pleading prove it to be false?

*Kevin Millen* (signature)

**Kevin Millen
1704 Lanier Lane
Memphis, TN 38117
(901) 483-6619**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | **Chapter 11** |
| ***TRIBUNE COMPANY, et al.,*** | ***Case No. 08-13141 (KJC)*** |
| *Debtors.* | ***Jointly Administered*** |

### Statement of Issues Presented for Review

The issues that need to be addressed, is why the court did not rule on the claim? Secondly, how can a debtor just take out a claim that was the objection to show why each claim should be present? The court allowed the debtor to take out a claim and there is no writing showing that I want the claim dropped. The lawyer is trying to use some underhanded trick to misrepresent the court and should be force to testify. I never told the woman to drop the claim at all. Why is my claim so different from all the other claims? If the lawyers withdrew the claim, doesn't that mean they accept the motion and should have contacted me to pay the claim? The motion that they presented shows that the lawyers were not ready by the date, and did not ask for new court date, shouldn't that be a judgment by default. Standing is subject to review at all stages of litigation because lack of standing undermines the jurisdiction of not only the bankruptcy court, but also the district court acting as an appellate tribunal. Ryker 301 B.R. at 160 (citing in re Dionisio, 80 Fed. Appx. 285 (3rd Cir. 2003) This could be a malicious way to deprive me of justice. "Justice is the tool used to help all American's rich or poor return themselves to society as formidable citizens. Justice will not clear you if you misuse her, because she wants the law to help the righteous man; not the wicked friend." This is what is happening to me and hopefully the court will allow me this great victory so that my life will have greater meaning than what was put in the newspaper. The greatest issue of all is did the court sustain, deny or grant the objection of Mr. Kevin Millen, me.

*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*

modifying and/or expunging and disallowing the Disputed Claims[2] set forth on <u>Exhibit A</u> attached hereto; and upon consideration of the Bigelow Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection is sustained, ~~except with respect to the objection~~ to ~~the claims of Kevin Millen,~~ which was withdrawn by the Debtors without ~~prejudice [Docket No. 2485]; and it is further~~

ORDERED that the claim of Daniel Miles, as currently scheduled by the Debtors (Schedule No. 152044870) in the amount of $8,511.75, is hereby reinstated as an active scheduled claim and all subsequently-filed non-conforming proofs of claim (being Claim Nos. 248, 1390, and 2146) are expunged; and it is further

ORDERED that the Duplicate Claims set forth on the attached <u>Exhibit A</u> are hereby disallowed and expunged in their entirety; and it is further

ORDERED that the Claims Agent is authorized to amend the Claims Register to comport with the entry of this Order; and it is further

ORDERED that the relief granted herein is without prejudice to the Debtors' rights to amend, modify, or supplement the Objection, and to file additional objections to claims filed in these chapter 11 cases; and it is further

ORDERED that nothing set forth herein shall affect the parties' rights with respect to those claims identified as "Remaining Claims" on the Exhibit attached hereto, and the parties' rights with respect to the "Remaining Claims" are reserved; and it is further

---

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Objection.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: October 6, 2009 at 1:00 p.m. (ET) <br> Related to Docket Nos. 2095 and 2118 |

## NOTICE OF WITHDRAWAL OF OBJECTION TO CLAIM NO. 688, WITHOUT PREJUDICE

PLEASE TAKE NOTICE that the above-captioned Debtors and Debtors in possession herein (the "Debtors"), hereby file this Notice of Withdrawal of Objection to the Claim of Kevin Millen, Claim No. 688, without prejudice. The Debtors expressly reserve the right to file

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-6027793V1

additional objections to Mr. Millen's Claim No. 688 and/or to any other claims (filed or not) that may be asserted by Mr. Millen against the Debtors.

PLEASE TAKE FURTHER NOTICE that attached hereto as <u>Exhibit A</u> is the Declaration of Jillian McClelland in Support of the Debtors' Notice of Withdrawal of Objection to the Claim of Kevin Millen.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>October 2, 2009 | Respectfully submitted,<br>SIDLEY AUSTIN LLP<br>Bryan Krakauer<br>Kevin T. Lantry<br>Kenneth P. Kansa<br>Jillian McClelland<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br>-and-<br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |

2