IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                              Chapter 11

TRIBUNE COMPANY, et al.,                            Case No. 08-13141 (KJC)

    Debtors.                                        Jointly Administered

                                                    Hearing Date: 10-06-09
                                                    Objection DL: 09-29-09

## MOTION TO OBJECTION OF DEBTORS and Refute Withdrawal

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby file this fourth omnibus objection (the "Objection") to each of the claims (the "Disputed Claims"). I, Kevin Millen, am objecting to what the debtors are trying to do because my claim is valued claim and should be paid by the debtors. Pursuant to rule 3007-1, I not only have the right, but the opportunity to oppose the objection. (i) Opposition. Opposition, if any, to the sustaining of the objection shall be in writing and shall be served and filed with the Court by the responding party at least fourteen (14) calendar days preceding the date or continued date of the hearing. Without good cause, no party shall be heard in opposition to an objection at oral argument if written opposition to the objection has not been timely filed. Failure of the responding party to timely file written opposition may be deemed a waiver of any opposition to the sustaining of the objection or may result in the imposition of sanctions. The opposition shall specify whether the responding party consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(e) as made applicable by FRBP 9017. If the responding party does not so consent, the opposition shall include a separate statement identifying each disputed material factual issue. The separate statement shall enumerate discretely each of the disputed material factual issues and cite the particular portions of the record demonstrating that a factual issue is both material and in dispute. In support of this objection I will show that the Tribune Family (Hartford Courant) destroyed my name totally and this is a libel/tort.

### Status of Case

1. On December 08, (the petition date), the debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.
2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

3.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the bankruptcy Code.

4.     On December 18, 2008, the United States Trustee for the District of Delaware appointed an official of unsecured creditors (the Committee). No request has been made for the appointment of a trustee. The Committee has been apprised of the relief requested herein.

5.     On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (the "Schedule") [Docket Nos. 567-789]. On April 13, 2009, the Debtors filed their amended Schedules. [Docket Nos. 894-957]. On June 12, 2009, the Debtors filed their second amended Schedules. [Doc Nos. 1343-1453]

6.     On March 26, 2009, the Court entered an order (the Bar Date Order) (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time)(the Bar Date) as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proof of claim (the proof of Claim) in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date. The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith. Kevin Millen filed 4 proofs of claim and the first was filed on 01/16/09 and the others were filed before March 26th, 2009.

7.     Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. See Affidavit of Mailing [Docket No. 1073] and Supplemental Affidavit of Mailing [Docket No. 1129]. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the Wall Street Journal, New York Times, Chicago Tribune, and Los Angeles Times on May 12, 2009.

8.     To date more than 6,150 Proofs of Claim have been filed in these chapter 11 cases. The Proof of Claim are recorded official claims register (the Claims Register) maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the Claims Agent).

### *Jurisdiction*

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. ss 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. ss157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. ss 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

### *Relief Requested*

10. By this objection, I will be using the Bankruptcy Code 3007-1(c)(i). This states, "(i)   Opposition. Opposition, if any, to the sustaining of the objection shall be in writing and shall be served and filed with the Court by the responding party at least fourteen (14) calendar days preceding the date or continued date of the hearing. Without good cause, no party shall be heard in opposition to an objection at oral argument if written opposition to the objection has not been timely filed. Failure of the responding party to timely file written opposition may be deemed a waiver of any opposition to the sustaining of the objection or may result in the imposition of sanctions. The opposition shall specify whether the responding party consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(e) as made applicable by FRBP 9017. If the responding party does not so consent, the opposition shall include a separate statement identifying each disputed material factual issue. The separate statement shall enumerate discretely each of the disputed material factual issues and cite the particular portions of the record demonstrating that a factual issue is both material and in dispute. This is the reason for the objection. I feel the claim form should be paid in full.

### *Basis for Objection*

11. Section 502(f) has a protection for the creditor also. We know that the trustee was not appointed when I first filed the claim. We know that case had already commenced in a Connecticut Court. Under the section the pertinent part states, "f) In an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief shall be determined as of the date such claim arises, and shall be allowed under subsection (a), (b), or (c) of this section or

|     | |
| --- | --- |
|     | disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. 502 (f) |
| 12. | The Duplicate Claims should not be ousted but shown because some claimant have problems with the post office and would send more claim forms to make sure the deadline was made. Also, the company sent two extra forms to the house to be resent and probably to see if the person was still interested in the case. This could be considered malicious prosecution because if you didn't send in the other duplicate forms they probably would state they never received one. |
| 13. | As long as a claim form is present for me in this claim I will be happy. I know that the court will see that having the duplicate form shows the claimant is asserting the same issues on each form. Ousting the duplicate form should not be done because the company has a legal basis to show that either their going down or up on the monetary fund. The company will be better if some people changed the form. 11 U.S.C. 502 (a) states, "(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects. |
| 14. | For the following reason the duplicate claims should not be disallowed and kept on file. |

### *Reservation of Rights*

|     | |
| --- | --- |
| 15. | As a creditor, I feel since the claim is in on time the debtor does not have the right to object to my claim anymore. 11 U.S.C. state, "(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects. They should not be able to object to any late claim because they have put proof in the paper and sent out letters and no new entities should be involved in this particular case. |
| 16. | There is an objection order attached to show that the debtors need to pay the claim to me, Kevin Millen |

### *Notice*

|     | |
| --- | --- |
| 17. | Notice of Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the debtor; (iii) and the court. |

Come, the claimant, for the reason set forth herein, the Claimant respectfully request the court to enter this order pursuant to Section 502 (f) of the Bankruptcy Code, Bankruptcy Rule 3001 and 3007, and Local Rule 3007-1. The extra claim forms should be allowed as well as authorizing the court to show all other claim forms and granting the claim of Kevin Millen because it is just and proper.

*Respectfully Submitted,*

*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*
*September 10, 2009*