**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF JOHN D. SHUGRUE AND DISCLOSURE STATEMENT OF REED SMITH LLP, SPECIAL COUNSEL FOR INSURANCE COVERAGE LEGAL MATTERS, SUBMITTED IN CONNECTION WITH ORDER DIRECTING (I) JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) THAT CERTAIN ORDERS AND OTHER PLEADINGS ENTERED OR FILED IN THE CHAPTER 11 CASES OF TRIBUNE COMPANY, ET AL. BE MADE APPLICABLE TO CHAPTER 11 CASES OF CHICAGO NATIONAL LEAGUE BALL CLUB, LLC**

STATE OF ILLINOIS   )
                    ) Ss:
COUNTY OF COOK      )

John D. Shugrue declares as follows:

---

[1] The Debtors in these chapter II cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (0579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (381 1); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalcbyowner,com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc, (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc, (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hay Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAI I Inc. (4014); KPLR, Inc. (7943); KSWB Inc, (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc, (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc, (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Moldings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4572); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc, (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WC WN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WT'XX inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am admitted to practice in the State of Illinois and am a partner in the law firm of Reed Smith LLP, which maintains an office for the practice of law at 10 South Wacker Drive, Chicago, Illinois 60606. I am an attorney-at-law, duly admitted and in good standing to practice in the courts of the State of Illinois, the United States Courts of Appeals for the Fifth Circuit and the Seventh Circuit, and the United States District Courts for the Northern and Central Districts of Illinois, the Western District of Michigan and the Eastern District of Wisconsin. Unless otherwise stated in this declaration, and except for facts stated herein that are matters of public record, I have personal knowledge of the facts set forth herein.

2. I have been advised by the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") that they may wish to employ and retain Reed Smith as their attorneys to assist them as special counsel in matters involving Chicago National League Ball Club, LLC ("CNLBC").

3. On December 26, 2008, I executed the Declaration of John D. Shugrue and Disclosure Statement of Reed Smith LLP Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules in Support of Application for an Order Authorizing Debtors and Debtors in Possession to Employ and Retain Reed Smith LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. 327(c) *Nunc Pro Tunc* to the Petition Date (D.I. 145) (the "Initial Reed Smith Declaration"). The Initial Reed Smith Declaration including all statements and definitions contained therein is incorporated herein in its entirety as if fully set forth herein. Except to the extent expressly set forth herein, all references to the Debtors in the Initial Reed Smith Declaration shall also include CNLBC.

4. Pursuant to the Order Directing (I) Joint Administration of Chapter 11 Cases and (II) that Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al., be Made Applicable to Chapter 11 Case of Chicago National League Ball Club, LLC (the "Joint Administration Order") (D.I. 2333), Reed Smith is making additional disclosures because Reed Smith's representation of the Debtors may extend to matters involving or otherwise concerning CNLBC.

5. To the best of my knowledge, information and belief formed after reasonable inquiry, and except as otherwise set forth in the Initial Reed Smith Declaration, herein or in the Exhibits attached hereto, the partners, counsel, and associates of Reed Smith: (i) do not have any connection with the Debtors, their creditors, any other parties-in-interest known to me in the Cases, their respective attorneys and accountants, the United States Trustee for Region 3 (the "United States Trustee"), or any person employed in the office of the United States Trustee, in accordance with Bankruptcy Rule 2014(a) and (ii) do not hold or represent any interest adverse to the Debtors or their estates with respect to the Insurance Coverage Legal Matters on which Reed Smith is to be employed and retained, in accordance with Section 327(e) of the Bankruptcy Code.

6. The Debtors' bankruptcy counsel, Sidley Austin LLP, forwarded Reed Smith extensive lists of parties-in-interest and potential parties-in-interest concerning CNLBC, all of whom are identified on the lists grouped and attached hereto as Exhibit A. Each party listed on Exhibit A is a "CNLBC Search Party," and are referred to collectively as the "CNLBC Search Parties." Exhibit A is collectively referred to as "Conflicts Check."

7. Reed Smith utilizes a number of procedures (the "Firm Procedures") to determine its relationships, if any, to parties that may have connections to a client debtor. Reed Smith maintains records of all its clients, the matters on which it represents its clients, and the other parties which have a substantial role in such matters. Reed Smith has reviewed such records to determine Reed Smith's connections with the Debtors, their creditors and any other known parties in interest. In addition, Reed Smith has made inquiry of all its attorneys in an effort to determine the scope and extent of any relationships with the Debtors, their officers and directors, and significant creditors and shareholders.

8. In implementing the Firm Procedures in connection with the Debtors' retention of Reed Smith in this case, Reed Smith took the following actions to identify parties that may have connections to the Debtors, and Reed Smith's relationship with such parties:

US_ACTIVE-102597040.1-LALANKFO

(a) Reed Smith received from Sidley a list of the CNLBC Search Parties, which is attached as <u>Exhibit A</u>.

(b) Reed Smith then compared the CNLBC Search Parties to the names in its master electronic database of (the "<u>Conflicts Database</u>"). The Conflicts Database generally includes the name of each client of the firm, the name of each party who is or was known to be adverse to such client of the firm, the name of each party that has or had a substantial role with regard to the subject matter of Reed Smith's retention and the names of the Reed Smith partners who are or were primarily responsible for matters for such clients.

(c) Known connections between current clients of Reed Smith and CNLBC Search Parties then were compiled and reviewed for purposes of preparing this declaration.

9. Based upon the results of the Firm Procedures described above (collectively, the "<u>CNLBC Search Results</u>"), except as noted herein or on <u>Exhibit B</u>, the CNLBC Search Results: (i) did not identify any Reed Smith representation of any CNLBC Search Party that constitutes a representation adverse to the Debtors or to their Estates with respect to the Insurance Coverage Legal Matters on which Reed Smith is to be employed and retained, and (ii) did not indicate that Reed Smith holds any interest adverse to the Debtors or to their Estates with respect to the Insurance Coverage Legal Matters on which Reed Smith is to be employed and retained.

10. Because of its broad based general practice, Reed Smith: (a) has appeared in the past and may appear in the future in cases unrelated to these chapter 11 cases where one or more of the CNLBC Search Parties may be involved; and (b) has represented in the past, currently represents and/or may represent in the future one or more of such parties or creditors in matters unrelated to these chapter 11 cases. Other than as described on <u>Exhibit B</u>, as far as I am aware after the investigation described in this declaration, Reed Smith does not represent these entities on matters related to these chapter 11 cases. Nevertheless, in the interest of full disclosure, I point out the relationships described in <u>Exhibit B</u>, for review by the Court, the United States Trustee and other parties in interest.

US_ACTIVE-102597040.1-LALANKFO

11. Reed Smith will represent creditors in this bankruptcy proceeding and will enter appearances on behalf of those various creditor's when required. The Debtors have consented to Reed Smith's representation of such creditors, so long as those representations do not involve the Insurance Coverage Legal mattes and so long as any necessary waivers and screening procedures are established to insure that none of the Debtors' or various creditor's client confidences are breached. Reed Smith will not represent any party adverse to the Debtors on Insurance Coverage Legal Matters.

12. Despite the efforts described above to identify and disclose Reed Smith's connections with the CNLBC Search Parties, because Reed Smith is a large organization with approximately 1600 attorneys, and because Reed Smith has thousands of clients, I am unable to state with unqualified certainty that every client relationship or other connection that it has or may have with the Debtors or their Estates with respect to the Insurance Coverage Legal Matters on which Reed Smith is to be employed and retained has been disclosed. Accordingly, Reed Smith will seasonably amend this declaration to the extent that it becomes aware of material information or relationships which Reed Smith determines require further disclosure.

13. Also, Reed Smith attorneys own, and may in the future own, stock in public companies that may in some manner be connected to the Cases.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Chicago, Illinois on November 3, 2009.

By: /s/ John D. Shugrue
John D. Shugrue