IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## FIRST SUPPLEMENTAL DECLARATION OF JOHN DEMPSEY ON BEHALF OF MERCER (US) INC. AS COMPENSATION CONSULTANT

John Dempsey, under penalty of perjury, declares as follows:

1. I am a principal of Mercer (US) Inc. ("*Mercer*"), with offices located at 155 North Wacker Drive, Suite 1500, Chicago, Illinois 60606, and I have been authorized to make this declaration (the "*Declaration*") on behalf of Mercer. I have personal knowledge of the matters set forth herein and, and, if called as a witness, would testify competently thereto.

2. By Order dated May 12, 2009, this Court authorized the retention of Mercer as

---

[1] The Debtors in these chapter 11 cases are: Tribune Company; 435 Production Company; 5800 Sunset Productions Inc.; Baltimore Newspaper Networks, Inc.; California Community News Corporation; Candle Holdings Corporation; Channel 20, Inc.; Channel 39, Inc.; Channel 40, Inc.; Chicago Avenue Construction Company; Chicago River Production Company; Chicago Tribune Company; Chicago Tribune Newspaper, Inc.; Chicago Tribune Press Service, Inc.; ChicagoLand Microwave Licensee, Inc.; Chicagoland Publishing Company; Chicagoland Television News, Inc.; Courant Specialty Products, Inc.; Direct Mail Associates, Inc.; Distribution Systems of America, Inc.; Eagle New Media Investments, LLC; Eagle Publishing Investments, LLC, forsalebyowner.com corp.; ForSaleByOwner.com Referral Services, LLC; Fortify Holdings Corporation; Forum Publishing Group, Inc.; Gold Coast Publications, Inc.; GreenCo, Inc.; Heart &Crown Advertising, Inc.; Homeowners Realty, Inc.; Homestead Publishing Co.; Hoy, LLC; Hoy Publications, LLC; InsertCo, Inc.; Internet Foreclosure Service, Inc.; JuliusAir Company, LLC; JuliusAir Company II, LLC; KIAH Inc.; KPLR, Inc.; KSWB Inc.; KTLA Inc.; KWGN Inc.; Los Angeles Times Communications LLC; Los Angeles Times International, Ltd.; Los Angeles Times Newspapers, Inc.; Magic T Music Publishing Company; NBBF, LLC; Neocomm, Inc., New Mass. Media, Inc.; New River Center Maintenance Association, Inc.; Newscom Services, Inc.; Newspaper Readers Agency, Inc.; North Michigan Production Company; North Orange Avenue Properties, Inc.; Oak Brook Productions, Inc.; Orlando Sentinel Communications Company; Patuxent Publishing Company; Publishers Forest Products Co. of Washington; Sentinel Communications News Ventures, Inc.; Shepard's Inc.; Signs of Distinction, Inc.; Southern Connecticut Newspapers, Inc.; Star Community Publishing Group, LLC; Stemweb, Inc.; Sun-Sentinel Company; The Baltimore Sun Company; The Daily Press, Inc.; The Hartford Courant Company; The Morning Call, Inc.; The Other Company LLC; Times Mirror Land and Timber Company; Times Mirror Payroll Processing Company, Inc.; Times Mirror Services Company, Inc.; TMLH 2, Inc.; TMLS I, Inc.; TMS Entertainment Guides, Inc.; Tower Distribution Company; Towering T Music Publishing Company; Tribune Broadcast Holdings, Inc.; Tribune Broadcasting Company; Tribune Broadcasting Holdco, LLC; Tribune Broadcasting News Network, Inc.; Tribune California Properties, Inc.; Tribune Direct Marketing, Inc.; Tribune Entertainment Company; Tribune Entertainment Production Company; Tribune Finance, LLC; Tribune Finance Service Center, Inc.; Tribune License, Inc.; Tribune Los Angeles, Inc.; Tribune Manhattan Newspaper Holdings, Inc.; Tribune Media Net, Inc.; Tribune Media Services, Inc.; Tribune Network Holdings Company; Tribune New York Newspaper Holdings, LLC; Tribune NM, Inc.; Tribune Publishing Company; Tribune Television Company; Tribune Television Holdings, Inc.; Tribune Television New Orleans, Inc.; Tribune Television Northwest, Inc.; ValuMail, Inc.; Virginia Community Shoppers, LLC; Virginia Gazette Companies, LLC; WATL, LLC; WCWN LLC; WDCW Broadcasting, Inc.; WGN Continental Broadcasting Company; WLVI Inc.; WPIX, Inc.; and WTXX Inc.

Compensation Consultant to the debtors and debtors in-possession in these chapter 11 cases. In support of Mercer's retention, I submitted an initial declaration (the "*Initial Declaration*").

3. On October 12, 2009, Chicago National League Ball Club, LLC ("*CNLBC*") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"). On October 14, 2009, the Court entered an order, (the "*CNLBC Order*"), directing that the chapter 11 case of CNLBC be jointly administered with the cases of the other debtors in these chapter 11 cases (collectively, the "*Debtors*").

4. Pursuant to the CNLBC Order, I am submitting this First Supplemental Declaration and Disclosure (the "*Supplemental Disclosure*") so that the retention of Mercer can be extended to CNLBC if requested by the Debtors. In connection with the CNLBC Order, counsel for the Debtors provided Mercer with a supplemental list (the "*Supplemental List*") the Debtors and other significant parties-in-interest (collectively, the "*Interested Parties*").

5. Mercer's research of its relationships with the Interested Parties listed in the Supplemental List indicated that Mercer is now, or was formerly, associated with certain of the Interested Parties (or their apparent affiliates, as the case may be) for whom Mercer provided financial advisory services, or otherwise had a relationship with such entities unrelated to the Debtors' cases. A summary of such parties that Mercer was able to locate as of the date of this Supplemental Disclosure using its reasonable efforts is listed on Schedule A attached hereto.

6. In light of the extensive number of creditors and other parties-in-interest in these chapter 11 cases, neither I nor Mercer are able to conclusively identify all potential relationships. To the extent that I become aware of any additional relationships that may be relevant to Mercer's retention by the Debtors, I will promptly file a supplemental Declaration.

7. To the best of the my knowledge, information and belief, Mercer neither holds

nor represents any interest adverse to the Debtors or their respective estates in the matters for which Mercer has been retained. Accordingly, I believe that Mercer is, and remains, a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Dated: November 3, 2009

_____
John Dempsey

## SCHEDULE A

### DEBTOR

Chicago National League Ball Club, LLC

### DEBTOR'S CURRENT AND FORMER DIRECTORS AND OFFICERS

Crane H. Kenney

### TWENTY LARGEST UNSECURED CREDITORS

Bunzl
Chicago Transit Authority
JP Morgan Chase Bank, NA
Major League Baseball
Merrill Lynch Capital Corporation
Northwestern Memorial Hospital

### COUNTERPARTIES TO FORMATION AGREEMENT

Chicago National League Ball Club, LLC
Tribune Company