# EXHIBIT A

# Bourgon Declaration

46429/0001-6107515v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### DECLARATION OF MICHAEL BOURGON IN SUPPORT OF MOTION OF DEBTOR TRIBUNE COMPANY FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF THE SERVICE AGREEMENT BETWEEN TRIBUNE COMPANY AND KENEXA BRASSRING, INC. PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

I, MICHAEL BOURGON, hereby state and declare as follows:

1. I am Vice President of Human Resources at Tribune Company ("Tribune"), a corporation organized under the laws of Delaware and one of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). I

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

have held this position since February 2008. I am generally familiar with Tribune's human resource needs and operations and I make this Declaration (the "Declaration") on behalf of the Debtors.

2. I submit this Declaration in support of Tribune's motion for an order pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the rejection of the Service Agreement dated January 5, 2002 between Tribune and Kenexa BrassRing, Inc. (the "Motion").[2] Unless otherwise stated in this Declaration, I have personal knowledge of the facts as set forth herein, based both upon my knowledge and participation in day-to-day affairs of the business while at Tribune, and upon my familiarity with business records that relate to my areas of responsibility. The hearing on the Motion is scheduled for December 1, 2009 (the "Hearing"). If called to testify at the Hearing, I could and would testify competently to the facts set forth herein.

3. Tribune has determined it can obtain, at a lower price, software that is better suited to Tribune's business needs than the software Kenexa BrassRing, Inc. ("Kenexa BrassRing") has provided to Tribune under the Service Agreement dated January 5, 2002 between Kenexa BrassRing and Tribune (as amended, the "Agreement"). Such software, which Tribune can obtain from an alternative provider known as iCIMS.com, Inc. ("iCIMS"), will accomplish the tasks for which Tribune currently uses the Kenexa BrassRing software.

4. The iCIMS system includes functionality that is currently unavailable under the Agreement. iCIMS provides real-time candidate information uploads to PeopleSoft, Tribune's human resources database. With the Kenexa BrassRing software, Tribune is required to manually key-in such information for each new hire. Kenexa BrassRing is capable of building

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

real-time information uploads into Tribune's current system; however, in addition to requiring internal Tribune resources, the cost for doing so would be approximately $25,000 over and above the existing costs under the Agreement.

5. The iCIMS software is highly configurable. As a result, managers and recruiters have found iCIMS' system more intuitive and thus easier to use than the Kenexa BrassRing software. In addition, iCIMS' system, unlike the Kenexa BrassRing software, provides PDA/smartphone access.

6. The iCIMS build for Tribune also includes standard and custom reports, in contrast to the existing software, which delays access 24 hours, causing some users to report difficulty pulling reports.

7. Tribune's business units each pay for the Kenexa BrassRing software; however, Tribune did not mandate that the business units use the current software. Due to various issues associated with the Kenexa BrassRing system, including the lack of real-time candidate information uploads, many Tribune business units have declined to use the software in their recruitment processes. The business units provided input and participated in the evaluation of vendors and the selection of iCIMS as a replacement hiring and recruitment software provider. Because the iCIMS software is more economical, more functional, and better meets the business units' needs, the new system will be mandatory. Rejecting the Agreement will thus enable Tribune to require a new, uniform recruitment software system that more effectively serves its business operations.

8. Taking into account all potential costs under the two agreements, Tribune expects to realize direct savings under the new agreement of more than $100,000 per year. Though Tribune would incur a one-time implementation expense under an agreement with

iCIMS, such an agreement would not require charges for add-on services, as the existing Agreement now requires. Tribune's monetary savings by switching software providers from Kenexa BrassRing to iCIMS would therefore amount to a significant sum.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: November 10, 2009

_____
MICHAEL BOURGON