## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: December 1, 2009 at 10:00 a.m. ET**<br>**Objection Deadline: November 23, 2009 at 4:00 p.m. ET** |

### MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTOR LOS ANGELES TIMES COMMUNICATIONS LLC TO ASSUME A CERTAIN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND (II) SETTING CURE AMOUNT WITH RESPECT THERETO

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a

"Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to

section 365 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order

(i) authorizing Debtor Los Angeles Times Communications LLC ("LA Times") to assume a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

certain unexpired lease of nonresidential real property located at 1569 South State, Anaheim, CA 92805 (the "Lease") and (ii) setting the cure amount with respect thereto. The Landlord with respect to the Lease, Diablo Investment Co. (the "Landlord") has consented to the relief sought in this Motion and has agreed that payment of a cure amount of $19,097.03 (the "Cure Amount") will satisfy any and all defaults under the Lease, thus satisfying the requirements of section 365(b) of the Bankruptcy Code. In support of this Motion, the Debtors: (i) submit the Declaration of Stephanie Pater, Director, Real Estate of Tribune Company (the "Pater Declaration"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference; and (ii) respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, with the exception of Debtor Chicago National League Ball Club, LLC (a/k/a Tribune CNLBC, LLC), which filed a voluntary chapter 11 petition on October 12, 2009. The Debtors' chapter 11 cases have been consolidated for procedural purposes only by applicable orders of the Bankruptcy Court.

2.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

3.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court

2

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is

section 365 of the Bankruptcy Code.

## RELIEF REQUESTED

5.    The Debtors respectfully request that the Court enter an order (i) approving

the assumption of the Lease by LA Times, and (ii) setting the Cure Amount with respect thereto.

Specifically, prior to the Petition Date LA Times entered into the Lease, to which it is still a

party and which remains unexpired.

6.    On June 25, 2009, the Court entered an Order Authorizing Debtors to (I)

Assume Certain Unexpired Leases of Nonresidential Real Property, and (II) Set Cure Amounts

with Respect Thereto [Docket No. 1628] which, inter alia, extended the deadline to assume or

reject the Lease through and including December 31, 2009 (the "Extension Order").

7.    The Debtors are now seeking approval for LA Times to assume the Lease

given that (a) the Lease remains valuable and useful to LA Times's ongoing business and (b) the

Debtors face the Bankruptcy Code-imposed deadline, as extended by the Bankruptcy Court with

the consent of the Landlord, of December 31, 2009 for LA Times to assume the Lease, or such

Lease will be deemed rejected pursuant to 365(d)(4) of the Bankruptcy Code.

8.    In order to comply with the requirements of section 365(b)(1)(A) of the

Bankruptcy Code, the Debtors propose that LA Times will pay the Landlord the Cure Amount as

a cure for any and all amounts that may be owed to the Landlord under the Lease.  The Landlord

and the Debtors have agreed to both the assumption of the Lease and the Cure Amount.  The

Debtors propose to have LA Times pay the Cure Amount within three (3) business days of entry

of the order approving this Motion (the "Order") or such other date as the parties may otherwise

agree.

9.    The Debtors further request that upon entry of the Order, the Landlord shall be barred from asserting any claims arising on or before the date of entry of the Order against any of the Debtors, the Reorganized Debtors, or their respective successors or assigns, with respect to the Lease.  LA Times also reserves its rights, subject to appropriate notice and opportunity to object and Bankruptcy Court approval, to assign the Lease pursuant to and in accordance with the requirements of section 365 of the Bankruptcy Code.  The Debtors acknowledge that the Landlord shall have the right to object to such an assignment subject to any applicable defenses of the Debtors.  The Debtors do not waive any claims they may have against the Landlord, whether or not related to the Lease.

## BASIS FOR RELIEF

### A.    Applicable Law

10.    Section 365(a) of the Bankruptcy Code permits a debtor in possession, "subject to the court's approval, [to] assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  By enacting section 365(a) of the Bankruptcy Code, Congress intended to allow a debtor to assume those contracts that benefit the estate, and to reject those that are of no value to or that are burdensome to the estate.  In re Whitcomb & Keller Mortgage Co., 715 F.2d 375, 379 (7th Cir. 1983);  In re Sandman Assocs., L.L.C., 251 B.R. 473, 480 (W.D. Va. 2000) ("The authority granted by section 365 allows the trustee or debtor in possession to pick and choose among contracts, assuming those that are favorable and rejecting those that are not.").

11.    It is well established in the Third Circuit, as well as other jurisdictions, that decisions to assume or reject executory contracts or unexpired leases are matters within the "business judgment" of the debtor.  Sharon Steel Corp. v. Nat'l Fuel Gas Dist. Corp., 872 F.2d 36, 40 (3d Cir. 1989); NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); In re Federal-

4

Mogul Global Inc., 293 B.R. 124, 126 (D. Del. 2003) ("The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or gross abuse of discretion."); In re Orion Pictures Corp., 4 F.3d 1095, 1099 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026 (1994).  Accordingly, courts approve the assumption of an unexpired lease unless evidence is presented that the debtor's decision to assume or reject "was so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice."  In re Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986).  Indeed, to impose more exacting scrutiny would slow a debtor's reorganization, thereby increasing its cost and undermining the "Bankruptcy Code's provisions for private control" of the estate's administration.  Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir. 1986).

**B.**       **The Relief Requested is Supported by the Debtors' Business Judgment**

12.    The Debtors' decision to assume the Lease is supported by sound business judgment.  The Lease pertains to a certain distribution center (the "Distribution Center") used in LA Times's business to coordinate and distribute the Los Angeles Times to its various customers and subscribers in the Orange County, California area.  See Pater Declaration at ¶ 5.  The Debtors analyzed their leases and attempted to consolidate the Distribution Center with any of the Debtors' other distribution centers, but were unable to do so on a workable and cost-effective basis.

13.    Based on their review of the Lease, the Debtors have determined in their business judgment that the Lease is beneficial to LA Times's business and reorganization efforts and is necessary to sustain its business operations through and upon emergence from its chapter 11 case. See Pater Declaration at ¶ 6.  The Debtors and their advisors have also ensured that the Lease is competitively priced.  In fact, the Debtors and the Landlord have negotiated and entered

5

into a certain Third Amendment to Lease, attached hereto as <u>Exhibit B</u>, which, <u>inter alia</u>, reduced the amount of the rent under the Lease by approximately $84,000.00 per year.

14.   If LA Times is denied the ability to assume the Lease at this time, it will be unable to assume the Lease at a later date and will lose the benefit of the Lease as, pursuant to section 365(d)(4) of the Bankruptcy Code, and the Extension Order, LA Times must assume the Lease by December 31, 2009 or else the Lease will be deemed rejected.   Rejection of the Lease would be detrimental to LA Times's business and reorganization prospects, as it would be forced quickly to find an alternative location for its distribution of the <u>Los Angeles Times</u> in the Orange County area.   Not only would such disruption negatively impact LA Times's revenue and customer base, but based on the Debtors' investigation of available alternatives to assuming the Lease, it would be highly unlikely that LA Times could find an alternate distribution center of equivalent size and function at the same or lesser rental price.   <u>See</u> Pater Declaration at ¶ 7.

**C.    The Debtors have Provided for Payment of Cure Amount
        and Adequate Assurance of Future Payment**

15.   Pursuant to section 365(b)(1) of the Bankruptcy Code, if a debtor is in default under an executory contract or unexpired lease, a debtor in possession may not assume such executory contract or unexpired lease unless, at the time of assumption, the debtor in possession (1) cures or provides adequate assurance that it will promptly cure any defaults; (2) compensates or provides adequate assurance of prompt future compensation for actual pecuniary loss resulting from any defaults; and (3) provides adequate assurance of future performance under the contract or lease.   11 U.S.C. § 365(b)(1)(A)-(C).   <u>See also</u> <u>Cinicola v. Scharffenberger</u>, 248 F.3d 110, 119 (3d Cir. 2001) (holding that 365(b) requires prompt cure of any default under an unexpired lease before a debtor in possession can assume such lease); <u>L.R.S.C. Co. v. Rickel Home Ctrs., Inc.</u> (In

6

re Rickel Home Ctrs., Inc), 209 F.3d 291, 298 (3d Cir. 2000) (requiring a debtor in possession to cure defaults under lease agreement before assumption).

16.    By this Motion, the Debtors seek authorization for LA Times to pay the Cure Amount in order to comply with the requirements of section 365(b) of the Bankruptcy Code. The Debtors and the Landlord agree that the Cure Amount cures any and all defaults under the Lease and the Landlord has adequate assurance of LA Times's future performance under the Lease.  See Pater Declaration at ¶ 8.  LA Times has performed its obligations owing under the Lease during the pendency of these chapter 11 cases and is current on all postpetition amounts under the Lease.  In light of the size of the Debtors' estates, and the benefits that the Lease will provide to LA Times's business operations going forward, the Debtors believe that payment of the Cure Amount is well justified.  See id.

17.    In light of the foregoing, the assumption of the Lease by LA Times is supported by the Debtors' sound business judgment and is in the best interests of their estates and creditors.

## NOTICE

18.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel to the steering committee to the Debtors prepetition Lenders; (iv) the administrative agent for Debtors' postpetition loan facility; (v) counsel to the Landlord; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-6111483V1

## NO PRIOR REQUEST

19.  The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order (i) authorizing LA Times to assume the Lease, (ii) setting the Cure Amount with respect thereto, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
        November 11, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:  _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-6111483V1