# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br><br><br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## DECLARATION OF STEPHANIE PATER FOR AN ORDER (I) AUTHORIZING DEBTOR LOS ANGELES TIMES COMMUNICATIONS LLC TO ASSUME A CERTAIN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND (II) SETTING CURE AMOUNT WITH RESPECT THERETO

STEPHANIE PATER hereby states:

1.     I am Director, Real Estate of Tribune Company, a corporation organized

under the laws of Delaware and one of the debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors"). Tribune Company is the direct or

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

property and needs and operations and I make this Declaration (the "Declaration") on behalf of the Debtors.

       2.     I submit this Declaration in support of the Motion of the Debtors for Entry of an Order (i) Authorizing Debtor Los Angeles Times Communications LLC ("LA Times") to Assume a Certain Unexpired Lease of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code and (ii) Setting Cure Amount with Respect Thereto (the "Motion").

       3.     Prior to the Petition Date, LA Times entered into an unexpired lease of nonresidential real property located at 1569 South State, Anaheim, CA 92805 (the "Lease"), to which it is still a party and which remains unexpired within the meaning of section 365 of the Bankruptcy Code. The Debtors are now seeking for LA Times to assume the Lease given that (a) the Lease remains valuable and useful to LA Times's ongoing business and (b) the Debtors face the Bankruptcy Code-imposed deadline, as extended by the Bankruptcy Court with the consent of the Landlord (as defined herein), of December 31, 2009 to assume the Lease.

       4.     The Debtors propose that LA Times will pay the landlord, Diablo Investment Co. (the "Landlord") $19,097.03 (the "Cure Amount") as a cure for any and all amounts that may be owed to the Landlord under the Lease. The Landlord and the Debtors have agreed to both the assumption of the Lease and the Cure Amount. The Debtors propose to have LA Times pay the Cure Amount within three (3) business days of entry of the order approving the Motion (the "Order") or such other date as the parties may otherwise agree.

       5.     The Debtors believe, and I agree, that the decision to assume the Lease is supported by sound business judgment. The Lease pertains to a certain distribution center (the "Distribution Center") used in LA Times's business to coordinate and distribute the Los Angeles Times to its various customers and subscribers in the Orange County, California area. The Debtors analyzed their leases and attempted to consolidate the Distribution Center with the

-2-

Debtors' other distribution centers, but were unable to do so on a workable and cost-effective basis.

6.      Based on their review of the Lease, the Debtors have determined in their business judgment that the Lease is beneficial to LA Times's business and reorganization efforts and is necessary to sustain its business operations through and upon emergence from its chapter 11 case. The Debtors and their advisors have also ensured that the Lease is competitively priced. In fact, the Debtors and the Landlord have negotiated and entered into a certain Third Amendment to Lease, attached to the Motion as Exhibit B, which, inter alia, reduced the amount of the rent under the Lease by approximately $84,000.00 per year.

7.      If LA Times is denied the ability to assume the Lease at this time, I understand it will be unable to assume the Lease at a later date because the Lease will be deemed rejected. Rejection of the Lease would be detrimental to LA Times's business and reorganization prospects as it would be forced to quickly find an alternative location for its distribution of the Los Angeles Times in the Orange County area. Not only would such disruption negatively impact LA Times's revenue and customer base, but based on the Debtors' investigation of available alternatives to assuming the Lease, it would be highly unlikely that LA Times could find an alternate distribution center of equivalent size and function at the same or lesser rental price.

8.      The Debtors and the Landlord agree that the Cure Amount cures any and all defaults under the Lease and the Landlord has adequate assurance of LA Times's future performance under the Lease. LA Times has performed its obligations owing under the Lease

-3-

-4-

during the pendency of these chapter 11 cases and is current on all postpetition amounts under

the Lease.  In light of the size of the Debtors' estates, and the benefits that the Lease will provide

to LA Times's business operations going forward, the Debtors believe, and I agree, that payment

of the Cure Amount is well justified.

I declare under penalty of perjury that the forgoing is true and correct.

Dated:  November 11, 2009

STEPHANIE PATER

-4-