IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Related to Docket No. 2481** |

## DEBTORS' RESPONSE TO CLAIMANT KEVIN MILLEN'S "MOTION TO OBJECTION OF DEBTORS AND REFUTE WITHDRAWAL"

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this response (the "Response"), to the "Motion to Objection of Debtors and Refute Withdrawal" of claimant Kevin Millen (the "Motion") [D.I. 2481], and respectfully request that this Court deny the Motion as unnecessary because Mr. Millen's claims are already "deemed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-6112424v1
CH1 4925650v.1

allowed" by section 502(a) of the Bankruptcy Code unless or until a party in interest objects. No objection to any of Mr. Millen's claims is presently before this Court, nor has the Bankruptcy Court previously sustained any objection by the Debtors to any of Mr. Millen's claims, and so the Motion presents no request for relief that can be granted by the Court at this time. Alternatively, the Debtors request that the Court continue the Motion until such time as the District Court makes a determination with respect to Mr. Millen's Notice of Appeal [D.I. 2479].[2] In further support of the Response, the Debtors respectfully state as follows:

1.    Mr. Millen filed four (4) proofs of claim in these chapter 11 cases, each based on a prepetition lawsuit filed in the Connecticut Superior Court against The Hartford Courant Company alleging defamation and libel (the "Millen Claims"). Two of the Millen Claims are "exact duplicates," which was the criteria established by the Debtors for objecting to Disputed Claims in their Fourth Omnibus Objection (Non-Substantive) to Claims (the "Fourth Claims Objection"), which was filed on September 4, 2009 [D.I. 2095] in compliance with Local Rule 3007-1.[3]

2.    The Debtors intended the Fourth Claims Objection to be merely ministerial in nature, expunging exact duplicate claims by way of a non-substantive objection so that the Claims Register would reflect more accurately the claims asserted against the Debtors. The claimants holding claims to be expunged by the Fourth Claim Objection would suffer no prejudice because their Remaining Claims, as defined therein, would be unaffected.

---

[2] The Debtors do not believe that Mr. Millen's appeal is justiciable, given the fact that this Court's October 2, 2009 Order Sustaining Debtors' Fourth Omnibus Objection to Claims [D.I. 2271] specifically carves out Mr. Millen's claims from the Court's order expunging duplicate claims. In addition, the clerk filed a deficiency notice [D.I. 2480] stating that the filing fee for the appeal was outstanding. However, out of deference to the District Court's jurisdiction in the event it accepts the appeal, which concerns the same subject matter as the Motion, a continuance of the Motion and this Objection may be appropriate.

[3] While the Millen Claims represent claims for the same alleged liability, in the same amount, and by the same creditor, the Millen Claims are variously asserted against Tribune Company and/or The Hartford Courant Company. Pursuant to Local Rule 3007-1(d)(i), claims filed against two different Debtors are not "duplicate claims" subject to non-substantive omnibus objections, unless the cases are substantively consolidated.

46429/0001-6112424v1

3. However, Mr. Millen filed an opposition to the relief requested in the Fourth Claims Objection as it related to his Claim No. 688. See Motion to Objection of Debtors, filed September 15, 2009 (the "Millen Opposition") [DI 2118]. In the interests of conserving the Debtors' resources and those of the Court, the Debtors decided to withdraw without prejudice their objection only as it related to Mr. Millen's Claim No. 688. See Notice of Withdrawal of Objection to Claim 688, Without Prejudice, filed October 2, 2009 [D.I. 2263]; Certification of Counsel, filed October 2, 2009 [D.I. 2264].

4. The Bankruptcy Court's order sustaining the Fourth Claims Objection makes explicit that Mr. Millen's Claim No. 688 is unaffected by that Objection. In relevant part, the order states that "ORDERED that the Objection is sustained, except with respect to the objection to the claim of Kevin Millen, which was withdrawn by the Debtors without prejudice." As the Bankruptcy Court has sustained no objection to Claim No. 688, nor is any objection to that claim pending before the Bankruptcy Court, there is no relief this Court can afford Mr. Millen. To the extent Mr. Millen seeks to ensure that his claim is unaffected by the Fourth Claims Objection, the order sustaining that objection already makes clear that Mr. Millen's Claim No. 688 is unaffected thereby, and hence the relief Mr. Millen appears to seek has already in effect been afforded him by the Debtors' agreement to withdraw without prejudice the objection to his claim and the accurate reflection of that withdrawal in the applicable order of this Court.

5. Debtors' counsel reached out to Mr. Millen prior to filing the Notice of Withdrawal, and believed in good faith that Mr. Millen consented to the Notice of Withdrawal. Further, the Debtors communicated with Mr. Millen several times following the filing of the Notice of Withdrawal and the entry of this Court's order sustaining the Claims Objection. In

46429/0001-6112424v1

each instance, Debtors' counsel reiterated to Mr. Millen that the neither the Debtors nor the Court had taken any action against his claims, that no claims were being paid by the Debtors at this time, and that if and when the Debtors filed an objection to the Millen Claims, Mr. Millen would receive notice and an opportunity to be heard by this Court before any action was taken. Notwithstanding the foregoing, Mr. Millen has filed the instant Motion, which restates in its entirety the Millen Opposition requesting allowance of the Millen Claims.

6. Pursuant to section 502(a) of the Bankruptcy Code, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest… objects." 11 U.S.C. § 502(a). In this case, the Debtors' objection to one of the Millen Claims was withdrawn without prejudice, and no further request to disallow any of the Millen Claims is presently before the Court. Thus, each of the Millen Claims remains on the Claims Register in its full amount and is "deemed allowed" unless and until an objection is sustained by this Court. The Debtors intend to file a single objection to all Millen Claims at a later date on all applicable grounds, but that does not change the fact that the Fourth Claims Objection did not affect Mr. Millen's claims.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that (i) the Court deny the Motion as unnecessary, as the Motion presents no request for relief that can be granted by the Court at this time, and (ii) grant any further relief the Court deems necessary and proper.

Dated: Wilmington, Delaware
November 12, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. McClelland
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6112424v1