**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |
| In re:<br><br>CHICAGO NATIONAL LEAGUE BALL CLUB, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 09-13495 (KJC)<br><br>**Related to Docket No. 3** |

**FEE EXAMINER'S FINAL REPORT**
**REGARDING FIRST QUARTERLY FEE APPLICATION OF**
**MERCER (US) INC.**

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits this final report with respect to the First Quarterly Fee Application of Mercer

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(US) Inc. for the period from January 12, 2009, through February 28, 2009 ("Application"), seeking approval of fees that total $116,170.50 and reimbursement of expenses that total $139.00. Mercer (US) Inc. ("Mercer") is Compensation Consultant for the Debtors and Debtors in Possession.

**Background**

1. Stuart Maue reviewed the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements and application, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2. Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

3. Stuart Maue prepared and submitted a preliminary report to Mercer and the firm responded to that report in writing. Upon completion of our review of the firm's response to the preliminary report, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

## Reconciliation of Fees and Expenses

4. Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and these amounts were multiplied by that individual's hourly rates. The recomputation of fees and expenses revealed no difference between the amount requested and the amount computed.

## Review of Fees

5. **Firm Staffing.** The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." The Application provided the names, positions, and hourly rates of the Mercer professionals who billed to this matter. This matter was staffed with six professionals, including one principal, two senior associates, one associate, and two analysts. A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm invoiced a total of 266.50 hours with associated fees of $116,170.50. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Principal | 47.00 | 17% | $ 34,075.00 | 29% |
| Senior Associate | 121.75 | 46% | 59,044.00 | 51% |
| Associate | 15.00 | 6% | 4,350.00 | 4% |
| Analyst | 82.75 | 31% | 18,701.50 | 16% |
| TOTAL | 266.50 | 100% | $116,170.50 | 100% |

The blended hourly rate for the Mercer professionals is $435.91.

6. **Hourly Rate Increases.** Mercer did not increase the hourly rates of timekeepers during the first interim period.

7. **Transient Timekeepers.** The activities of those timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear. Of the six professionals that bill to the case during this interim period, only one of these Mercer timekeepers billed 10.00 or fewer hours. Senior associate Sarah Czarnota billed 6.75 hours to this case. Stuart Maue reviewed her fee entries and determined that the time billed was not objectionable.

8. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Contrary to the requirements of the Local Rules and the Guidelines, many activity descriptions in the Application were not sufficiently detailed.

a. **Vaguely Described Conferences.** Stuart Maue identified 11 billing entries for conferences that did not include the name of the person(s) with whom the communication was held and/or the subject or purpose of the communication. The entries, totaling 11.88 hours with $6,395.71 in associated fees, were displayed in Exhibit B to the preliminary report. Stuart Maue makes no recommendation for a reduction in fees associated with these entries but requests that, in all future applications, Mercer provide sufficient detail for each entry. Because there is no recommendation for a reduction in the fees for these entries, Exhibit B is omitted from the final report.

b. **Other Vaguely Described Activities.** Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. A description of correspondence should identify

the correspondent and the subject of the correspondence. Similarly, a description for preparation of reports should identify the report drafted or revised. Activity descriptions that use phrases such as "follow up" generally do not provide sufficient detail and lack the specificity required to determine the actual activity being performed (i.e., review, draft, revise, etc.). The entries identified as "other vaguely described activities," totaling 75.38 hours with $24,697.46 in associated fees, were displayed in Exhibit C to the preliminary report. Stuart Maue makes no recommendation for a reduction in fees associated with these entries but requests that, in future applications, Mercer provide sufficient detail for each entry. Because there is no recommendation for a reduction in the fees for these entries, Exhibit C is omitted from the final report.

9. **Block Billing.** The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." (Section II.D.5). Mercer block billed 23 of its entries, totaling 101.50 hours and $56,535.50 in associated fees. The lumped activities were identified to allow review by the firm so that corrective action could be taken to ensure that future fee applications do not include block billing. Stuart Maue does not make a recommendation for a reduction in fees associated with the entries. Exhibit D displaying all block billed entries was included in the preliminary report provided to the firm. As we make no recommendation for a reduction in the fees for the block billed entries, no exhibit is included with the final report.

10. **Conferences, Hearings, and Other Events.** Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role," and Section II.D.5 of the Guidelines states that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 856 (3rd Cir. 1994).

a. **Nonfirm Conferences, Hearings, and Events.** Stuart Maue identified those occasions when two or more Mercer timekeepers bill for attendance at the same nonfirm conference, hearing, or other event. The entries total 22.00 hours with $13,862.00 in associated fees. Stuart Maue requested that Mercer provide a brief explanation of the necessity of the multiple billers. Freeborn Peters' Devon Eggert, on behalf of Mercer, responded by explaining the necessity for both John Dempsey and Marcia Long to attend certain meetings and events and the role played by each individual. Stuart Maue accepts the explanation provided by Mercer and does not make a recommendation for a reduction in fees associated with these entries. Exhibit E displaying all multiple attendances at nonfirm conferences, hearings, and events was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit is omitted from the final report.

b. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Mercer for intraoffice conferences total 9.29 hours with $4,544.54 in associated fees (see Exhibit F to the preliminary report), which represents approximately 4% of the total fees requested in the Application. Stuart Maue did not identify any instances where two or more firm professionals and/or paraprofessionals bill to attend the same internal conference. As there is no recommendation for a reduction in the fees for these entries, the exhibit is omitted from the final report.

11. **Administrative Activities.** Stuart Maue did not identify any administrative activity in the Application.

12. **Clerical Activities.** Stuart Maue did not identify any clerical activity in this Application.

13. **Travel.** The firm did not bill for travel in this Application.

14. **Mercer Retention/Compensation.** Stuart Maue did not identify any activity related to the retention and compensation of Mercer.

15. **Billing Increments.** Subsections (iii) and (iv) of Local Rule 2016-2 (d) provide that activity descriptions shall be billed in tenths of an hour, but the Order Authorizing Debtors to Retain and Employ Mercer allows Mercer to bill in quarter hour increments. In accord with the retention order, Mercer invoiced its time in quarter hour increments.

**Review of Expenses**

16. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 provide: "Factors relevant to a determination that the expense is proper include ... whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Mercer provided an itemization for its expenses that includes the category, the date, the description, and the amount.

17. **Overtime Expenses.** Mercer requested reimbursement of cab fare while working late, totaling $93.00, and a dinner charge while working late in the amount of $17.00. Although a firm may have a policy that personnel may be reimbursed for travel home or meals when working late, such charges are generally considered part of a firm's overhead. The overtime charges are displayed in the following table:

| Entry Date | Amount | Description |
|---|---|---|
| 01/15/09 | $18.00 | Cab home – working late |
| 01/16/09 | $18.00 | Cab home – working late |
| 01/20/09 | $20.00 | Cab home – working late |
| 01/21/09 | $19.00 | Cab home – working late |
| 01/28/09 | $18.00 | Cab home – working late |
| 01/28/09 | $17.00 | Dinner – working late |

Mercer agreed to waive its request for these amounts. Accordingly, Stuart Maue recommends that the request for expense reimbursement be reduced by $110.00.

## Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $116,170.50 and reimbursement of expenses in the amount of $29.00 ($139.00 minus $110.00) for the period from January 12, 2009, through February 28, 2009.

Respectfully submitted,

**STUART MAUE**

By: ______________________

John L. Decker, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

**Fee Examiner**

# APPENDIX A

## MERCER (US) INC.

### SUMMARY OF FINDINGS

### First Quarterly Fee Application (January 12, 2009 through February 28, 2009)

### A. Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $116,170.50 | |
| Expenses Requested | 139.00 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $116,309.50 |
| Fees Computed | $116,170.50 | |
| Expenses Computed | 139.00 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $116,309.50 |

### B. Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---|---|---|
| Fees Requested | $116,170.50 | | |
| RECOMMENDED FEE ALLOWANCE | | | $116,170.50 |
| Expenses Requested | $139.00 | | |
| *Agreed Reduction for Overtime Expenses* | | *($110.00)* | |
| Subtotal | | *($110.00)* | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 29.00 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $116,199.50 |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 12th day of November, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Mr. John Dempsey
Mercer (US) Inc.
10 South Wacker Drive, Suite 1700
Chicago, IL 60606

John L. Decker, Esq.

**EXHIBIT A**

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Mercer (US) Inc.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | | HOURS COMPUTED | | FEES COMPUTED |
|---|---|---|---|---|---|---|---|---|
| JDEM | Dempsey, John | PRINCIPAL | $725.00 | $725.00 | | 47.00 | | $34,075.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $725.00 | | | 47.00 | | $34,075.00 |
| | | | | | % of Total: | 17.64% | % of Total: | 29.33% |
| MLON | Long, Marcia | SR. ASSOCIATE | $493.00 | $493.00 | | 115.00 | | $56,695.00 |
| SCZA | Czarnota, Sarah | SR. ASSOCIATE | $348.00 | $348.00 | | 6.75 | | $2,349.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $484.96 | | | 121.75 | | $59,044.00 |
| | | | | | % of Total: | 45.68% | % of Total: | 50.83% |
| JBEC | Beckett, Joshua | ASSOCIATE | $290.00 | $290.00 | | 15.00 | | $4,350.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $290.00 | | | 15.00 | | $4,350.00 |
| | | | | | % of Total: | 5.63% | % of Total: | 3.74% |
| JWU | Wu, Justin | ANALYST | $226.00 | $226.00 | | 43.00 | | $9,718.00 |
| CSUN | Sung, Christina | ANALYST | $226.00 | $226.00 | | 39.75 | | $8,983.50 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $226.00 | | | 82.75 | | $18,701.50 |
| | | | | | % of Total: | 31.05% | % of Total: | 16.10% |
| Total No. of Billers: 6 | | Blended Rate for Report: | $435.91 | | | 266.50 | | $116,170.50 |