# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,[1]

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

**Hearing Date: December 1, 2009 at 10:00 a.m. ET**
**Objection Deadline: November 23, 2009 at 4:00 p.m. ET**

## MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER GRANTING THE DEBTORS (I) A LIMITED WAIVER OF THE REQUIREMENTS OF LOCAL RULE 3007-1(f) AND (II) AUTHORITY TO SETTLE DISPUTED CLAIMS

The debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), hereby submit this motion (the "Motion") pursuant to section 105

of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 3021 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1001-1(c) and 3007-

1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Court for the District of Delaware (the "Local Rules") for entry of an order granting the Debtors
(i) a limited waiver of the requirements of Local Rules 3007-1(f)(i) and 3007-1(f)(ii), and (ii)
authority to settle or compromise Disputed Claims (defined below), on the terms and conditions
as contained in this Motion. By this Motion, the Debtors seek to obtain court approval to
establish an efficient and effective process by which Disputed Claims may be resolved without
unnecessary burden on this Court or parties-in-interest, while providing adequate notice of
significant claims resolutions in these chapter 11 cases. In support of this Motion, the Debtors
respectfully represent as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a
voluntary petition for relief under chapter 11 of the Bankruptcy Code, with the exception of
Chicago National League Ball Club, LLC ("CNLBC") which filed a voluntary petition for relief
under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.      The Debtors' chapter 11 cases have been consolidated for procedural
purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy
Rules.

3.      The Debtors have continued in possession of their respective properties
and have continued to operate and maintain their businesses as debtors in possession pursuant to
sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the United States Trustee for the District of
Delaware appointed an official committee of unsecured creditors (the "Committee"). No request
has been made for the appointment of a trustee. The Committee has been apprised of the relief
requested herein.

46429/0001-6115179v1

## BACKGROUND CONCERNING THE DEBTORS' CLAIMS PROCESS

5.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957] and on June 12, 2009 [Docket Nos. 1343-1453] (collectively, the "Schedules").[2]

6.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[3]  The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith (respectively, the "Amended Schedules Bar Date" and the "Rejection Bar Date").

7.      Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

---

[2]  Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009.  [CNLBC Docket Nos. 8 and 9].
[3]  A bar date has not been set for the filing of proofs of claim with respect to CNLBC.

8.    To date, more than 6,245 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

9.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## RELIEF REQUESTED

10.    By this Motion, the Debtors seek entry of an order granting the Debtors a limited waiver of the requirements of Local Rules 3007-1(f)(i) and 3007-1(f)(ii) in order to permit the Debtors to object to in excess of one hundred fifty (150) claims in each omnibus objection to claims based on substantive grounds (a "Substantive Objection") and to file more than two (2) Substantive Objections per calendar month until the closure of the Debtors' cases, provided that the Debtors will schedule no more than two Substantive Objections for a hearing in any given month.  In addition, the Debtors seek by this Motion authority to settle or compromise any Disputed Claims (defined below) in accordance with the procedures set forth herein.  Specifically, the Debtors seek authorization to settle or compromise any Disputed Claim that is (i) less than $50,000 without further approval of this Court and without prior notice to any party, (ii) greater than $50,000 but less than $1,000,000 without further approval of this Court but with ten (10) days prior notice to, and time to object for the United States Trustee (the "U.S. Trustee"), the Committee and the Steering Committee (as defined herein), and, (iii) equal or greater than $1,000,000 upon twenty (20) days prior notice and upon approval of this Court of

4

such settlement in accordance with Bankruptcy Rule 9019.  Finally, the Debtors propose to file

with this Court, not less than once a quarter, a report of all Disputed Claims settled for less than

$1,000,000 pursuant to the Settlement Procedures (as defined herein).

**BASIS FOR RELIEF REQUESTED**

I.      **Limited Waiver of the Requirements of Local Rules 3007-1(f)(i) and 3007-
        1(f)(ii)**

        11.      Local Rules 3007-1(f)(i) and 3007-1(f)(ii) provide, respectively, that each

Substantive Objection may only pertain to one hundred and fifty (150) claims, and no more than

two (2) Substantive Objections may be filed each calendar month, *unless the Court orders*

*otherwise*.  See Del. Bankr. L. R. 3007-1(f)(i)-(ii) (emphasis added).  Local Rule 1001-1(c)

further provides that "[t]he application of these Rules in any case or proceeding may be modified

by the Court in the interests of justice."  Del. Bankr. L. R. 1001(c).

        12.      The Debtors respectfully submit that the limitations of Local Rules 3007-

1(f)(i) and 3007-1(f)(ii) are unnecessarily restrictive in these cases because of the large volume

of claims asserted against the Debtors' estates.  To date, over 6,245 claims asserting

approximately $606 billion in the aggregate have been filed in the chapter 11 cases.  The Debtors

and their professionals have assembled specialized teams to review and reconcile the various

categories of claims.  Based upon an analysis conducted by these teams, it appears that a

significant amount of the asserted claims represent duplicate or otherwise redundant claims.   In

addition, based on the Debtors' preliminary analysis of the claims filed, there are a significant

number of the asserted claims to which the Debtors intend to file substantive objections.

        13.      The Debtors intend to object to numerous claims filed in these cases in a

series of omnibus objections seeking, inter alia, reduction, reclassification and disallowance of

such claims (the "Disputed Claims").  Given the extensive number of claims filed in these

5

chapter 11 cases, should the Debtors be limited by the provisions of Local Rules 3007-1(f)(i) and 3007-1(f)(ii), the claims reconciliation process in these chapter 11 cases may take a prohibitive amount of time to complete. This result could be detrimental to the Debtors' estates, as well as to all parties in interest, because it could unnecessarily delay the distribution process under any anticipated plan of reorganization or liquidation.

14.    The Debtors respectfully request that Local Rule 3007-1(f)(i) be modified to allow the Debtors to object to more than one hundred fifty Disputed Claims in each Substantive Objection. The Debtors also request that Local Rule 3007-1(f)(ii) be modified to allow the Debtors to file more than two Substantive Objections in any calendar month until the closure of these chapter 11 cases or further order of the Bankruptcy Court. Such relief would be subject to the proviso that the Debtors, subject to this Court's availability, will schedule no more than two omnibus hearings during which Substantive Objections may be heard in any given month. The Debtors submit that the requested modification of the Local Rules will facilitate an efficient and cost-effective claims reconciliation process in these chapter 11 cases.

**II.    Authority to Settle or Compromise Disputed Claims**

15.    The Debtors also request authorization to settle or compromise certain Disputed Claims without further approval of this Court, as provided for in the following proposed procedures for the settlement of Disputed Claims (the "Settlement Procedures"):

A.    If the proposed settlement amount of a Disputed Claim is less than $50,000 the Debtors will be authorized to settle such Disputed Claim and execute necessary documents, including a stipulation of settlement or release, without prior notice to any party and without a further order of this Court. The Debtors will, however, file a report of such settlements with the Bankruptcy Court not less than once per quarter.

6

B.      If the proposed settlement amount of a Disputed Claim is equal to or greater than $50,000 but less than $1,000,000, the Debtors will be authorized to settle such Disputed Claim and execute necessary documents, including a stipulation of settlement or release, upon ten (10) business days' prior written notice to (i) the U.S. Trustee, (ii) counsel to the Committee, and (iii) counsel to the steering committee of Tribune's prepetition lenders (the "Steering Committee").  If no objection to the proposed settlement is received from any of those parties within the ten-day period, the proposed settlement shall become effective without further order of this Court.  The Debtors will, however, file a report of such settlements with the Bankruptcy Court not less than once per quarter.

C.      If the proposed settlement amount of a Disputed Claim is equal to or greater than $1,000,000, the Debtors will be authorized to settle the Disputed Claim and execute necessary documents, including a stipulation of settlement or release, following approval of the Bankruptcy Court.

D.      If the U.S. Trustee, the Committee and/or the Steering Committee objects to the proposed settlement of a Disputed Claim within the ten-day period referenced in sub-paragraph B above, the Debtors propose the following procedures for resolving such objection.  First, if following consultation with the Debtors the U.S. Trustee, the Committee and/or the Steering Committee withdraws its objection to such settlement for any reason, the Debtors will be authorized to enter into the proposed settlement without further notice or order of this Court upon the expiration of the ten-day period.  If the U.S. Trustee, the Committee and/or the Steering Committee does not withdraw its objection following consultation with the Debtors, the Debtors will have the option of (i) foregoing entry into the settlement agreement in question; (ii) modifying the terms of the settlement agreement in a way that results in the U.S. Trustee, the Committee and/or the Steering Committee (as applicable) withdrawing its objection; or (iii)

46429/0001-6115179v1

seeking an order of this Court authorizing the Debtors to enter into the settlement agreement over the relevant objection.

16.     As mentioned above, to date, over 6,245 claims have been filed in these chapter 11 cases, many of which the Debtors intend to object to on substantive grounds. The Debtors anticipate that a large number of objections to the claims can be resolved expeditiously and for relatively small amounts when compared with the overall value of the Debtors' estates. Absent a claims process which would allow the Debtors to settle certain of these claims without Court approval, the Debtors would be required to seek Court approval for each individual compromise and settlement of a claim. This would not only substantially delay these chapter 11 cases but it would also be an overwhelming burden on this Court's docket. The Debtors believe that it would be far more cost-effective for their estates and all creditors in theses chapter 11 cases if the Settlement Procedures are approved.

17.     Furthermore, the Debtors have already commenced the process of analyzing, reconciling and resolving the claims that have been asserted against the Debtors. The Debtors anticipate working in cooperation with the Committee, the Steering Committee and their advisors in all aspects of the claims reconciliation process. The Debtors submit that the Settlement Procedures are appropriate in light of the circumstances of these chapter 11 cases.

18.     In light of the need for expediency and a streamlined process to reconcile and settle claims in chapter 11 cases of comparable size and scale, relief similar to the kind requested in this Motion has previously been authorized by courts in this and other Districts. See, e.g., In re Brac Group Inc., (f/k/a/ Budget Group, Inc.) et. al., Case No. 02-12152 (MFW) (Bankr. D. Del. Aug. 20, 2002); In re Lyondell Chemical Company, et al., Case No. 90-10023 (REG) (Bankr. S.D.N.Y. Jan. 6, 2009); In re Motors Liquidation Company (f/k/a General Motors Corp., et. al., Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Oct. 6, 2009).

8

## **NOTICE**

19.    Notice of this Objection has been provided to:  (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-6115179v1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the Debtors (i) a limited waiver of the requirements of Local Rules 3007-1(f)(i) and 3007-1(f)(ii), (ii) authority to settle or compromise Disputed Claims in accordance with the procedures set forth herein, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
        November 13, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _Karen McKinley_
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Karen M. McKinley (No. 4372)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6115179v1