**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: December 15, 2009 at 10:00 a.m. EST**<br>**Objection Deadline: December 8, 2009 at 4:00 p.m. EST** |

# DEBTORS' SEVENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

**("Disputed Claims of Deutsche Bank National Trust Company Americas")**

**Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibit A to this Objection. The grounds for the Objection are set forth herein.**

**Your substantive rights may be affected by this Omnibus Objection and by any further objection that may be filed by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the claims listed on Exhibit A of this Omnibus Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this seventh omnibus objection to claims (the "Objection"), which Objection covers certain claims filed by Deutsche Bank National Trust Company Americas ("Deutsche Bank"), being Claim Nos. 5671-5678 inclusive, in the aggregate amount of $1,283,055,743.77 (collectively, the "Disputed Claims"), listed on Exhibit A attached hereto and to the proposed order submitted herewith, pursuant to Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request (i) the entry of an order disallowing and expunging the Disputed Claims as described in further detail below, and (ii) that the Court waive Local Rule 3007-1(f)(iii) to allow the Debtors to reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. In support of this Objection, the Debtors submit herewith the Declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "Bigelow Declaration"), attached hereto as Exhibit B. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

amended on April 13, 2009 [Docket Nos. 894-957] and on June 12, 2009 [Docket Nos. 1343-1453] (collectively, the "Schedules").[3]

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4] The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith.

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

9. To date, approximately 6,245 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009. [CNLBC Docket Nos. 8 and 9].

[4] No Bar Date has been set for the filing of Proofs of Claim against Tribune CNLBC, LLC.

Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

10. In all, sixteen (16) claims were filed by Deutsche Bank, solely in its capacity as the successor Indenture Trustee on behalf of the holders of certain notes issued prior to the Petition Date by Tribune, pursuant to several indentures (collectively, the "Indentures"). On June 5, 2009, Deutsche Bank filed eight (8) Proofs of Claim against Tribune, being Claim Nos. 3525-3532 inclusive, in the aggregate amount of $1,283,055,743.77 (collectively, the "Initial Deutsche Bank Claims"). Thereafter, on June 12, 2009, Deutsche Bank filed the Disputed Claims, being eight (8) additional claims asserted against Tribune "and all jointly administered debtor cases" in the same amount and on account of the same liability as previously asserted in the Initial Deutsche Bank Claims. The Proofs of Claim filed by Deutsche Bank and the corresponding Indentures and notes are as follows:

| Indenture Date | Interest Rate | Maturity Date | Amount Claimed | Initial Deutsche Bank Claim No. | Disputed Claim No. |
|---|---|---|---|---|---|
| 1992 | 6.25% | November 10, 2026 | $120,500.00 | 3526 | 5673 |
| 1995 | 7.25% | March 1, 2013 | $ 83,702,999.21 | 3525 | 5671 |
| 1995 | 7.5% | July 1, 2023 | $ 102,000,520.83 | 3531 | 5678 |
| 1996[5] | 6.61% | September 15, 2027 | $ 86,270,366.40 | 3530 | 5672 |
| 1996[5] | 7.25% | November 15, 2096 | $148,715,333.33 | 3529 | 5674 |
| 1997 | 4.875% | August 15, 2010 | $456,946,875.00 | 3528 | 5675 |
| 1997 | 5.25% | August 15, 2015 | $335,486,250.00 | 3527 | 5676 |
| 1997 | 5.67% | December 8, 2008 | $ 69,812,899.00 | 3532 | 5677 |

11. After reconciling each of the Disputed Claims and supporting documents filed therewith against the Initial Deutsche Bank Claims and against their own books and records, which the Debtors believe to be accurate, the Debtors have determined that the Disputed Claims are not properly asserted against their estates. In light of this determination, the Debtors engaged

[5] In pleadings filed with this Court, Law Debenture Trust Company of New York ("Law Debenture") has represented that it has been appointed successor trustee under the Indenture dated March 19, 1996 for the 6.61% Debentures due 2027 and the 7.25% Debentures due 2096. Out of an abundance of caution, Law Debenture is also being provided with notice of this Objection.

in discussions with Deutsche Bank and its counsel with respect to the Disputed Claims prior to the filing of this Objection, and have advised Deutsche Bank and its counsel of their intention to file this Objection for the purpose of disallowing the Disputed Claims. The Debtors understand that Deutsche Bank does not oppose the relief requested in this Objection.

**RELIEF REQUESTED**

12. By this Objection, the Debtors seek entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing and expunging in their entirety each of the Disputed Claims filed by Deutsche Bank and identified on Exhibit A under the column heading "Claims to be Expunged" on the basis that such claims: (i) represent duplicate claims against Tribune for the same debt, in the same amount, as already represented by another claim filed against Tribune by Deutsche Bank; and (ii) purport to assert claims against Tribune's subsidiaries for which the subsidiaries have no liability and in a manner that is procedurally improper under this Court's Bar Date Order. The Debtors seek a waiver of Local Rule 3007-1(f)(iii) to reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Unless as otherwise stated herein with respect to Local Rule 3007-1(f)(iii), this Objection complies in all respects with Local Rule 3007-1.

**BASIS FOR OBJECTION**

13. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable

> law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

14. As set forth herein, the Disputed Claims are duplicative of the previously-filed Initial Deutsche Bank Claims, representing claims asserted in respect of the same liabilities and in the same amount. Tribune is not required to pay Deutsche Bank twice on the same obligation or debt, and the Claims Register should be modified as sought by this Objection to eliminate the redundant claims so that the Claims Register reflects more accurately the claims asserted against the Debtors.[6]

15. The Debtors have submitted this Objection to the Disputed Claims as a substantive objection, rather than as a non-substantive objection to duplicative claims, because each of the Disputed Claims has been asserted, on its face, against Tribune "and [in] all other jointly administered debtor cases". The Debtors are aware of no basis on which the Disputed Claims may be asserted against any of the Debtors other than Tribune, and, following consultations with Deutsche Bank, do not believe that the Disputed Claims were in fact intended to be asserted against any of the Debtors other than Tribune. To avoid any confusion, however, and to ensure that this Objection is procedurally proper, the Debtors have submitted the objection to the Disputed Claims as a substantive objection.

16. The Debtors further note that to the extent the Disputed Claims are asserted against more than one Debtor (which the Debtors do not believe they are intended to be), such assertion does not comply with the Bar Date Order, which provides in pertinent part that "each person or entity, including, without limitation, each individual, partnership, joint venture,

---

[6] Concurrently herewith, the Debtors have filed their Eighth Omnibus Objection to Claims, seeking to disallow 251 claims filed by certain individual holders of notes issued under the Indentures (the "Duplicate Noteholder Claims"), on the basis that such Duplicate Noteholder Claims are duplicative of the Initial Deutsche Bank Claims filed on their behalf against Tribune on account of the Indentures.

corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a clam, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against whom a claim is asserted." (See Bar Date Order, D.I. 813 at 2.) In addition, if the Disputed Claims are not disallowed, Deutsche Bank, on behalf of the Noteholders, would receive an unwarranted recovery against the subsidiary Debtors' estates, to the detriment of other creditors in these cases.

17. If the Debtors' objection to the Disputed Claims is sustained, the Initial Deutsche Bank Claims listed under the column "Remaining Claims" will remain on the Claims Register (the "Remaining Claims") as outstanding liabilities, subject to the Debtors' right to object on any other grounds that bankruptcy or non-bankruptcy law permits or until withdrawn by Deutsche Bank or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a). In other words, the Remaining Claims will be unaffected by the relief sought in this Objection, and Deutsche Bank's rights to assert these liabilities against Tribune's estate will be preserved, subject to the Debtors' ongoing rights to object to the Remaining Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections.

18. For these reasons, the Debtors object to the allowance of each of the Disputed Claims and request that such Disputed Claims be disallowed in their entirety and expunged.

**RESERVATION OF RIGHTS**

19. The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

20. Notwithstanding anything contained in this Objection or in the Exhibits attached to this Objection and to the order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

**NOTICE**

21. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for the Debtors' prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) counsel for Deutsche Bank; (vi) counsel for Law Debenture; and (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Disputed Claims as set forth on Exhibit A; (ii) authorizing the Claims Agent to expunge the Disputed Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
November 13, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: ______________________
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION