IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: December 15, 2009 at 10:00 a.m. EST**<br>**Objection Deadline: December 8, 2009 at 4:00 p.m. EST** |

**DEBTORS' EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

**("DUPLICATES LIABILITY IN ANOTHER CLAIM")**

> Claimants receiving this objection should locate their name(s) and claim number(s) on <u>Exhibit A</u> to this Objection. The grounds for the Objection are set forth herein.
>
> Your substantive rights may be affected by this Omnibus Objection and by any further objection that may be filed by the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the claims listed on <u>Exhibit A</u> of this Omnibus Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this eighth omnibus objection to claims (the "<u>Objection</u>"), which Objection covers certain claims filed by individual holders of notes issued by Tribune Company (the "<u>Noteholders</u>") that duplicate one or more claims filed on their behalf by Deutsche Bank National Trust Company Americas ("<u>Deutsche Bank</u>"), as successor indenture trustee under the applicable indentures (collectively, the "<u>Duplicate Noteholder Claims</u>"), which claims are listed on <u>Exhibit A</u> attached hereto and to the proposed order submitted herewith, pursuant to Section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  By this Objection, the Debtors request (i) the entry of an order disallowing and expunging the Duplicate Noteholder Claims as described in further detail below; (ii) that the Court waive Local Rule 3007-1(f)(i) and permit the Debtors to object to all 251 Duplicate Noteholder Claims in this Objection; and (iii) that the Court waive Local Rule 3007-1(f)(iii) to allow the Debtors to reserve their right to object in the future to any of the Proofs of Claim listed on <u>Exhibit A</u> to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.  In support of this Objection, the Debtors submit herewith the Declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company

(the "Bigelow Declaration"), attached hereto as Exhibit B. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

## FACTUAL BACKGROUND TO THE OBJECTION

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957] and on June 12, 2009 [Docket Nos. 1343-1453] (collectively, the "Schedules").[3]

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4] The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith.

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009. [CNLBC Docket Nos. 8 and 9].

[4] No Bar Date has been set for the filing of Proofs of Claim against Tribune CNLBC, LLC.

9. To date, approximately 6,245 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

10. The Bar Date Order sets forth certain categories of claimants who are not required to file Proofs of Claim, including individual Noteholders for claims arising under the various indentures entered into prior to the Petition Date by Tribune (or a predecessor) (collectively, the "Indentures"), in the event that an indenture trustee files one or more Proofs of Claim on behalf of the Noteholders for such claims. Specifically, the Bar Date Order provides in pertinent part:

> ORDERED, that the following persons or entities are not required to file Proofs of Claim on or before the General Bar Date:
> …
>
> (j) solely in the event that the Indenture Trustees under any of the Indentures… files a Proof of Claim on account of the applicable Note Claims, any person or entity (a "Noteholder") whose claim is limited exclusively to a claim for repayment by Tribune of principal, interest, and other applicable fees and changes on or under the applicable Indenture; provided, however, that (a) the Indenture Trustee under any of the Indentures shall be authorized, but not directed, to file on behalf of themselves and all Noteholders under the applicable Indentures a single Proof of Claim on account of the applicable Note Claims prior to the General Bar Date, (b) such single Proof of Claim shall be deemed to have been filed by such Indenture Trustee and by each such Noteholder against Tribune under such Indenture, and (c) if any Indenture Trustee files such Proof of Claim, (i) it shall not be required to file with its Proof of Claim any instruments, agreements, or other documents evidencing the obligations references in such Proof of Claim; and (ii) any holder of the Note Claim under the Indentures that asserts a claim against any of the Debtors arising out of or relating to the Indentures other that a Note Claim shall be required to file a Proof of Claim on account of such claim on or before the General Bar Date, unless another exception in this paragraph applies…

(Bar Date Order, D.I. 813 at 6) (footnotes omitted).

11.     On June 5, 2009, Deutsche Bank filed eight (8) Proofs of Claim against Tribune, being Claim Nos. 3525-3532 inclusive, in the aggregate amount of $1,283,055,743.77 (collectively, the "Initial Deutsche Bank Claims") solely in its capacity as the successor Indenture Trustee on behalf of the Noteholders.[5] Each of the Initial Deutsche Bank Claims represents a single Proof of Claim on account of the claims arising under the applicable Indenture.[6] Accordingly, such Proofs of Claim are deemed to have been filed by Deutsche Bank and by each Noteholder on account of the obligations in the applicable Indentures.

12.     Notwithstanding the foregoing, after reconciling each of the Duplicate Noteholder Claims and supporting documents filed therewith against the Initial Deutsche Bank Claims and against their own books and records, which the Debtors believe to be accurate, the Debtors have identified 251 claims, in the aggregate amount of $19,316,840.37, which duplicate the claims asserted in the Initial Deutsche Bank Claims and are not properly asserted against their estates. In light of this determination, the Debtors engaged in discussions with Deutsche Bank and its counsel with respect to the Duplicate Noteholder Claims in advance of the filing of this Objection, and have advised Deutsche Bank and its counsel of their intention to file this Objection for the purpose of disallowing the Duplicate Noteholder Claims.

## RELIEF REQUESTED

13.     By this Objection, the Debtors seek entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

---

[5] Thereafter, on June 12, 2009, Deutsche Bank filed eight (8) additional claims (being Claim Nos. 5671-5678 inclusive) against Tribune "and all jointly administered debtor cases" in the same amount and on account of the same liability as previously asserted in the Initial Deutsche Bank Claims. Concurrently herewith, the Debtors have filed their Seventh Omnibus Objection to Claims, seeking to have these duplicative claims disallowed and expunged.

[6] In pleadings filed with this Court, Law Debenture Trust Company of New York ("Law Debenture") has represented that it has been appointed successor trustee under the Indenture dated March 19, 1996 for the 6.61% Debentures due 2027 and the 7.25% Debentures due 2096. None of the Duplicate Noteholder Claims at issue in this Objection implicate Debentures issued under the foregoing Indenture.

disallowing and expunging in their entirety each of the Duplicate Noteholder Claims filed by individual Noteholders and identified on <u>Exhibit A</u> under the column heading "Claims to be Expunged" on the basis that such claims represent duplicate claims against Tribune for the same debt as already represented by one or more claims filed against Tribune by Deutsche Bank in its capacity as successor indenture trustee, on behalf of the Noteholders. The Debtors further request that this Court waive the limitation on the number of claims that may be brought in a single omnibus objection in Local Rule 3007-1(f)(i), and permit this Objection to cover all 251 Duplicate Noteholder Claims identified on <u>Exhibit A</u>, and that this Court waive Local Rule 3007-1(f)(iii) to allow them to reserve their right to object in the future to any of the Proofs of Claim listed on <u>Exhibit A</u> to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Except as noted with respect to Local Rules 3007-1(f)(i) and (iii), this Objection complies in all respects with Local Rule 3007-1.

## **BASIS FOR OBJECTION**

14. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

15. Each of the Duplicate Noteholder Claims is duplicative of one or more of the Initial Deutsche Bank Claims, representing claims asserted in respect of the same liabilities under the applicable Indentures. This Court's Bar Date Order specifically provides that where, as

7

here, an indenture trustee files a Proof of Claim on account of an Indenture, such Proofs of Claim are deemed to have been filed by the indenture trustee and by each Noteholder. Tribune is not required to pay Deutsche Bank and the individual Noteholders twice on the same obligation or debt, and the failure to disallow the Duplicate Noteholder Claims would result in the Noteholders receiving an unwarranted recovery against the Debtors' estates, to the detriment of other creditors in these cases.

16. If the Debtors' objection to the Duplicate Noteholder Claims is sustained, the Initial Deutsche Bank Claims filed on behalf of the Noteholders and listed under the column "Remaining Claims" will remain on the Claims Register (the "Remaining Claims") as outstanding liabilities, subject to the Debtors' right to object on any other grounds that bankruptcy or non-bankruptcy law permits or until withdrawn by Deutsche Bank or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a). In other words, the Remaining Claims, and the Noteholders' substantive rights to recover claims under the Indentures, will be unaffected by the relief sought in this Objection, and Deutsche Bank's rights to assert these liabilities against Tribune's estate on behalf of the Noteholders will be preserved, subject to the Debtors' ongoing rights to object to the Remaining Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections.

17. Cause exists for this Court to waive the 150-claim limitation contained in Local Rule 3007-1(f)(i) because each of the Duplicate Noteholder Claims on Exhibit A represent factually similar claims asserted by individual Noteholders against Tribune on account of the Indentures. Each of the individual Noteholders' interests are adequately represented by Deutsche Bank, which filed Proofs of Claim on their behalf. Resolving all Duplicate Noteholder Claims in a single objection is efficient and treats all Duplicate Noteholder Claims consistently.

18. For these reasons, the Debtors object to the allowance of each of the Duplicate Noteholder Claims and request that such Duplicate Noteholder Claims be disallowed in their entirety and expunged and further request that the Claims Register be modified as sought by this Objection to eliminate the redundant claims so that the Claims Register reflects more accurately the claims asserted against the Debtors.

## RESERVATION OF RIGHTS

19. The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

20. Notwithstanding anything contained in this Objection or in the Exhibits attached to this Objection and to the order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

21. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for the Debtors' prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; (vi) counsel for Deutsche Bank; and (vii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Duplicate Noteholder Claims as set forth on Exhibit A; (ii) authorizing the Claims Agent to expunge the Duplicate Noteholder Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
November 13, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION