## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: December 15, 2009 at 10:00 a.m. EST**<br>**Objection Deadline: December 1, 2009 at 4:00 p.m. EST** |

## DEBTORS' NINTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

### ("UNSUPPORTED CLAIMS")

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibit A to this Objection. The grounds for the Objection are set forth herein.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the claims listed on Exhibit A of this Omnibus Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this ninth omnibus objection (the "Objection") to claims filed against the Debtors that have been filed without any supporting documentation to substantiate the claims and as to which the Debtors' books and records do not demonstrate any basis for the claims (collectively, the "Unsupported Claims"). The Debtors object to the Unsupported Claims set forth on Exhibit A attached hereto and to the proposed order submitted herewith, pursuant to Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the Unsupported Claims, as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "Bigelow Declaration"), attached hereto as Exhibit B. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE

1.        On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Chicago National League Ball Club, LLC ("CNLBC"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

2

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957] and on June 12, 2009 [Docket Nos. 1343-1453] (collectively, the "Schedules").[2]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

---

[2] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009.  [CNLBC Docket Nos. 8 and 9]

3

cases and (ii) approving the form and manner of notice of the Bar Date.[3]  The Bar Date Order

granted any claimants holding a claim affected by amendments to the Schedules and any

claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired

lease an additional 30 days from the applicable amendment or supplement to the Schedules or

effective date of rejection to file a proof of claim or amend a previously filed proof of claim in

connection therewith.

        8.       Written notice of the Bar Date was mailed to, among others, all known

creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties

who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date

Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar

Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and

*Los Angeles Times* on May 12, 2009.

        9.       To date, approximately 6,245 Proofs of Claim have been filed in these

chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims

Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to

assist with claims processing in these chapter 11 cases (the "Claims Agent").

        10.     Upon review of the Proofs of Claim filed against the Debtors in these

chapter 11 cases, the Debtors have identified thirty-one (31) claims, in the aggregate amount of

$116,674.46, which have been filed without any documentation to substantiate the claims and for

which the Debtors have been unable to locate or identify from their books and records, after the

exercise of reasonable diligence, any basis for such claims.  Those claims, which comprise the

Unsupported Claims addressed by this Objection, are listed on Exhibit A attached hereto.

---

[3] No Bar Date has been set for the filing of Proofs of Claim against CNLBC.

**RELIEF REQUESTED**

11.     By this Objection, the Debtors seek entry of an order, pursuant to Section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

disallowing and expunging in their entirety each of the Unsupported Claims identified on <u>Exhibit</u>

<u>A</u> as having been filed without any documentation to support or substantiate the claim and being

otherwise unknown to the Debtors as having any basis, based on the Debtors' review of their

books and records.  This Objection complies in all respects with Local Rule 3007-1.

**BASIS FOR OBJECTION**

12.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a
> hearing, shall determine the amount of such claim in lawful
> currency of the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount, except to the
> extent that—
>> (1)     such claim is unenforceable against the debtor and
>> property of the debtor, under any agreement or applicable
>> law for a reason other than because such claim is
>> contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

13.     In connection with their review of all claims filed to date against the

Debtors' estates, the Debtors have identified the Unsupported Claims as claims that have been

filed without any supporting documentation to substantiate the claims as required by Bankruptcy

Rule 3001.  The Unsupported Claims therefore fail to constitute prima facie evidence of the

validity and amount of the claim, as contemplated by Bankruptcy Rule 3001(f).

14.     In addition, the Debtors have reviewed their books and records and, after

reasonable efforts, have been unable to locate any documentation that would substantiate the

Unsupported Claims set forth on <u>Exhibit A</u>.  Accordingly, the Debtors object to the allowance of

each of the Unsupported Claims and request that such Unsupported Claims be disallowed in their

entirety and expunged.  The Debtors also request that the Court authorize the Claims Agent to

5

expunge the Unsupported Claims from the Claims Register as sought by this Objection so that the

Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

15.     In the event that a holder of a Unsupported Claim provides the Debtors

with documentation or new information in response to this Objection prior to the Court's entry of

an order sustaining this Objection with respect to such Unsupported Claim, the Debtors will

continue the Objection in order to evaluate the newly-provided information.  During the

continuance of the objection, the Debtors reserve all rights to reassert any objection contained

herein or raise further objections if the newly-provided information is determined by the Debtors

not to support the claim in question.

## RESERVATION OF RIGHTS

16.     The Debtors hereby reserve their right to object in the future to any of the

Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify,

and/or supplement this Objection, including, without limitation, to object to amended or newly-

filed claims.  Separate notice and hearing will be provided and scheduled, respectively, for any

such objection.

17.     Notwithstanding anything contained in this Objection or Exhibit A

attached to this Objection and to the order, nothing herein shall be construed as a waiver of any

rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of

the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise

their rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

18.     Notice of this Objection has been provided to:  (i) the Office of the United

States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for

Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors'

postpetition financing facility; (v) the claimants listed on <u>Exhibit A</u>; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-6116487v1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the Unsupported Claims as set forth on Exhibit A; (ii) directing the Claims Agent to expunge the Unsupported Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
      November 13, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6116487v1