IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: December 1, 2009 at 10:00 a.m. EST**<br>**Objection Deadline: November 23, 2009 at 4 p.m. EST**<br>**Related to Docket No. 2564** |

## JOINT MOTION OF DEBTOR TRIBUNE PUBLISHING COMPANY AND HEWLETT-PACKARD COMPANY FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE AMENDED MASTER SERVICES AGREEMENT UNDER SEAL

Debtor Tribune Publishing Company ("Tribune Publishing"), and Hewlett-Packard Corporation ("HP"), by and through their undersigned counsel, hereby move this Court (the "Motion") for entry of an order (the "Order"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing them to file under seal that certain Master Services Agreement, as amended. In support of this Motion, Tribune Publishing and HP respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

sought herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND TO THE MOTION

6. Contemporaneously with the filing of this Motion, Tribune Publishing filed a motion (the "Assumption Motion") seeking, inter alia, authorization to assume that certain Master Services Agreement with HP (the "MSA"), as amended.[3] As more particularly described in the Assumption Motion, Tribune Publishing believes that the proposed assumption of the amended MSA is in its best interests and is in the best interests of its estate and creditors.

7. The parties have defined "Confidential Information" in the MSA to encompass "the Agreement and the terms and conditions thereof." Certain provisions of the MSA contain pricing information and other material terms negotiated by the parties that HP considers confidential, proprietary, and highly commercially and competitively sensitive. HP has advised Tribune Publishing that it would be damaging to HP's business if such information were made public and available to HP's customers and competitors. Tribune Publishing agrees with HP's concerns and conclusions. Moreover, the parties do not believe that public disclosure of such information or terms is necessary to assist this Court, or Tribune Publishing's creditors and other parties in interest, to evaluate the relief requested in the Assumption Motion; however, in the interests of full disclosure, Tribune Publishing and HP seek authority to file the MSA under seal with this Court.

8. Additionally, Tribune Publishing and HP will make the MSA available to professionals representing the Committee and the steering committee of Tribune's prepetition

---

[3] Nothing contained in this Motion is intended to alter any provision of the MSA. In the event of a discrepancy between the description of the MSA in this Motion and their actual terms, the terms of the MSA shall control.

lenders (the "Steering Committee") subject to appropriate confidentiality restrictions, and will make the MSA available upon request to the Office of the United States Trustee.

### RELIEF REQUESTED

9. By this Motion, Tribune Publishing and HP respectfully request entry of an Order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 authorizing them to file the amended MSA under seal.

10. Tribune Publishing and HP further request that the Court order that any entities that are authorized to receive the amended MSA are directed to maintain the strict confidentiality of the amended MSA and the information contained therein and that the Committee and Steering Committee shall exclude from the review of the amended MSA those members identified by Tribune Publishing and HP as raising the competitive and confidentiality considerations articulated herein.

11. Finally, Tribune Publishing and HP request that the Court order that to the extent that any responses and/or objections to this Motion or the Assumption Motion contain information identified in this Motion as being confidential or commercially sensitive, such responses and/or objections shall be filed with the Court under seal, and any confidential information contained therein redacted, and served solely upon counsel for the Debtors, counsel to HP, the Office of the United States Trustee, counsel for the Committee, and counsel for the Steering Committee.

### BASIS FOR RELIEF

12. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize Tribune Publishing and HP to file the MSA under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

13.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

14.     Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application". Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that section 107(b)(1) creates an exception to the general rule that court records are open to

examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

15.     Good cause exists for the Court to grant the relief requested herein. Certain provisions of the amended MSA reflect information that HP legitimately expects to be maintained as confidential in light of its proprietary or commercially or competitively sensitive nature. Protection of pricing information and other material terms of the amended MSA, including the scope of services, limitations on liability, and warranty terms, are of critical importance to HP because of the potential impact disclosure of such information could have on its bargaining or competitive position and business operations. Specifically, disclosure of the confidential pricing information and other material terms could significantly impede HP's ability to successfully negotiate such terms with other contract counterparties for which it provides similar business process services. Additionally, public dissemination of pricing information and other material terms contained in the amended MSA could provide competitors of HP with a substantial and unfair advantage.

16.     Tribune Publishing and HP believe that Court authorization to file the amended MSA under seal will ensure that such information is not misused. Moreover, Tribune Publishing and HP believe that no valid purpose would be served by the disclosure of the information to the general public. Accordingly, Tribune Publishing and HP respectfully request that this Court permit the amended MSA to be filed under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 because of the harm that would ensue if the highly confidential commercial information contained in the amended MSA became public.[4]

---

[4] Pursuant to Del. Bankr. L. R. 9018-1(b), a copy of the MSA is being provided to the Court for its review in an envelope marked "DOCUMENT TO BE KEPT UNDER SEAL."

## DECLARATION

17.     HP, by and through the signature of Ramona S. Neal, its Senior Counsel, hereby declares and states the factual statements made in support of the relief sought in this Motion are true and correct.

## NOTICE

18.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the Steering Committee; (iv) counsel to the administrative agent for the Debtors' postpetition financing facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit no other or further notice is necessary.

## NO PRIOR REQUEST

19.     No previous application for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Tribune Publishing and HP respectfully request that the Court enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing them to file the amended MSA under seal and granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>November 13, 2009 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kenneth P. Kansa<br>Jillian K. Ludwig<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS AND<br>DEBTORS IN POSSESSION |

Dated: Boise, Idaho
      November 13, 2009

Respectfully submitted,

HEWLETT-PACKARD COMPANY

By: *Ramona Neal*
Ramona S. Neal
Senior Counsel
11307 Chinden Blvd. MS 314
Boise, Idaho 83714
Telephone: (208) 396-6484
Facsimile: (208) 396-3958