IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Proposed Status Conference Date: December 1, 2009 at 10:00 a.m. ET** |

## MOTION OF THE DEBTORS
## FOR A STATUS CONFERENCE PURSUANT TO
## 11 U.S.C. § 105(d) REGARDING THE LEVERAGED ESOP
## TRANSACTIONS AND OUTSTANDING DISCOVERY REQUESTS THERETO

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the "Motion"), pursuant to section 105(d) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order scheduling a status conference respecting the discovery process and related issues in connection with the review of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074);

the Leveraged ESOP Transactions (as defined below). The Debtors seek a status conference, as contemplated by 11 U.S.C. §105(d)(1), to "further the expeditious and economical resolution" of these cases. In support of this Motion, the Debtors respectfully state as follows:

## BACKGROUND

1. On December 20, 2007, the merger pursuant to the Leveraged ESOP Transactions[2] became effective as a result of the consummation of a series of transactions, including the incurrence of new debt obligations. The Leveraged ESOP Transactions and related debt obligations have been the subject of ongoing review by the Debtors and the Official Committee of Unsecured Creditors ("Committee"), among others, to determine whether any claims exist in connection with the financings incurred as part of the Leveraged ESOP Transactions.[3] The Debtors have been actively working with the Committee, lenders, noteholders, and other stakeholders in a process designed to bring all parties together to reach a common view and resolve any issues that may exist concerning the Leveraged ESOP Transactions. Assessment of the potential for any claims arising from the Leveraged ESOP Transactions is the major remaining issue to address in connection with the Debtors filing a plan of reorganization and bringing these cases to resolution. The Debtors believe a status conference

---

WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Tribune returned to private ownership in 2007 when its board of directors, based on the recommendation of a special committee of the board comprised entirely of independent directors, approved a series of transactions (collectively, the "Leveraged ESOP Transactions") with a newly formed Tribune employee stock ownership plan (the "ESOP"), EGI-TRB, LLC (the "Zell Entity"), a Delaware limited liability company wholly-owned by Sam Investment Trust (a trust established for the benefit of Samuel Zell and his family), and Samuel Zell. These transactions ultimately resulted in the transfer of ownership of Tribune and its subsidiaries to the ESOP.

[3] Also, by motion dated August 26, 2009, Law Debenture Trust Company of New York, as successor trustee for the 6.61% debentures due 2027 and the 7 1/4% debentures due 2096 ("Law Debenture"), sought discovery pursuant to Bankruptcy Rule 2004 from the Debtors and certain third parties relating to the Leveraged ESOP Transaction (the "Law Debenture Rule 2004 Motion") (Docket No. 2031). The Law Debenture Rule 2004 Motion was resolved by stipulated order entered on or about September 23, 2009 pursuant to which the Debtors and the named third parties agreed, subject to an appropriate confidentiality agreement, to provide Law Debenture with copies of documents produced (or to be produced) to the Committee and to allow Law Debenture to participate in certain depositions, if taken by the Committee (Docket No. 2235).

will be useful to apprise the Court of the status of this process and, to the extent appropriate, allow for the issuance of orders to aid in assuring the process is conducted expeditiously and economically.

### JURISDICTION AND STATUS OF THE CASE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicate for the relief sought herein is section 105(d) of the Bankruptcy Code.

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[4]  The Debtors continue to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appointed the Committee.  No request has been made for the appointment of a trustee or examiner.

### RELIEF REQUESTED

6.      Bankruptcy Code section 105(d) permits this Court to schedule a status conference upon the request of a party in interest.  By this Motion, the Debtors respectfully

---

[4] Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) ("Tribune CNLBC") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 and is jointly administered with these cases for procedural purposes only by applicable orders of the Court.

3

46429/0001-6117120v1

request that this Court schedule a status conference for the purposes described herein. The Debtors also request that the Court schedule the status conference to be held at the December 1, 2009 omnibus hearing.

## BASIS FOR RELIEF

7.  The relief requested herein is authorized by section 105(d) of the Bankruptcy Code which permits this Court to hold status conferences "as are necessary to further the expeditious and economical resolution of the case."[5] 11 U.S.C. § 105(d)(1); H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 93 (2005). This Court may issue any order at such status conference "prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2).

8.  As discussed above, the Leveraged ESOP Transactions and certain debt financings have been the subject of ongoing review by the Debtors, the Committee and other stakeholders, including substantial document review and legal and factual analyses. In the Spring of 2009, the Committee issued informal document production and other information requests to the Debtors and more than 30 entities and persons involved in the Leveraged ESOP Transactions (the "Discovery Parties").[6] Discovery conducted to date, both informally and pursuant to agreed orders, has resulted in the production of masses of documents from the Discovery Parties which have been reviewed by the Debtors, the Committee and other parties.

---

[5] In another chapter 11 case, the Court entered an order on November 3, 2009 granting a status conference without a hearing in In re Spansion Inc., Case No. 09-10690 (KJC) (Docket No. 1542).

[6] Additionally, on June 10, 2009 the Committee filed a motion pursuant to Bankruptcy Rule 2004 ("Committee 2004 Motion") seeking the production of documents from and examination of the Robert R. McCormick Tribune Foundation and the Cantigny Foundation, two former Tribune stockholders from whom shares were purchased by Tribune in connection with the Leveraged ESOP Transactions (Docket No. 1334). That Motion was resolved by Stipulation and Order entered on or about August 21, 2009 (Docket No. 1997).

9. The Debtors' goal is to bring the review of the Leveraged ESOP Transactions to an expeditious conclusion in a manner which is fair and equitable to the major creditor constituencies, and to do so without prolonged and expensive litigation that would cause significant harm to the Debtors and their estates. The requested status conference should facilitate this effort.

## NO PRIOR REQUEST

10. The Debtors have not previously sought the relief requested herein from this or any other Court.

## NOTICE

11. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the Steering Committee; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; (ix) the Discovery Parties known to the Debtors; and (x) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[Remainder of this page intentionally left blank]

5

46429/0001-6117120v1

WHEREFORE, the Debtors respectfully request entry of an order substantially in the form of the proposed order attached hereto as <u>Exhibit A</u> (i) scheduling a status conference to address outstanding discovery requests and related issues pertaining to the Leveraged ESOP Transactions, and (ii) granting such relief as is just and proper.

Dated:   Wilmington, Delaware
         November 13, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Candice L. Kline
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION