IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,1<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Ref. No. 2407 |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK TO TERMINATE DEBTOR AFFILIATES' UNDISCLOSED PAYMENT OF LBO LENDERS' FEES AND EXPENSES, FOR AN ACCOUNTING, AND FOR DISGORGEMENT OF PAST PAYMENTS**

The Official Committee of Unsecured Creditors (the "**Committee**") of Tribune Company (the "**Company**") and its various debtor-subsidiaries (collectively, the "**Debtors**"), respectfully submits this Response (the "**Response**") to the Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (the "**Motion**"), and respectfully represents as follows:

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0004259.}

**Preliminary Statement**

1. On October 23, 2009, Law Debenture Trust Company of New York ("**Law Debenture**") filed the Motion. The Motion seeks to (a) terminate the arrangement by which certain non-Debtor affiliates of the Debtors paid and are still paying the professional fees of certain senior lenders and (b) disgorge any fees already paid. The Committee takes no position with respect to the substantive issues presented in the Motion or its underlying merits. The Committee submits this Response solely to clarify the factual record concerning its non-objection to the payment of the sums in question by the non-Debtor subsidiaries.[2]

**The Committee's Response**

2. In late January 2009, representatives of the Debtors advised the Committee of a proposal to have certain non-Debtor affiliates of Tribune Company make the professional fee payments in question to the senior lenders, and sought the Committee's reaction to that proposal. The representatives advised the Committee's representatives of the reasons for this proposal and why they believed the proposal was both legally supportable and a sound exercise of business judgment.

3. During this same time period, representatives of the senior lenders also discussed the proposal with the Committee's advisers and provided the Committee with the reasons why they asserted the proposed payments were necessary and appropriate. However, consistent with the Committee's Bylaws concerning conflicts of interest, Committee member JPMorgan Chase Bank, N.A. ("**JPMorgan**") recused itself from all of the Committee's deliberations on this issue and took no part in the Committee's discussion of, or any vote relating to, the Committee's response.

---

[2] This Response does not seek to correct or clarify any other facts asserted in the Motion.

4. The proposal was discussed by the Committee (excluding JPMorgan) and its professionals over the course of three Committee meetings. The Committee ultimately voted not to object to the proposal if certain specific conditions were agreed to, most notably full disclosure by the Debtors to, and non-objection by, the United States Trustee. The conditions to the Committee's "non-objection" were detailed in an email sent by Committee Counsel to counsel for the senior lenders dated February 27, 2009, attached hereto as "**Exhibit A**". The Committee respectfully refers the Court to Exhibit A for a full recitation of the Committee's conditions for "non-objection."

5. The Senior Lenders thereafter consented to the Committee's terms for non-objection and the Committee therefore took no actions with respect to the proposed payment arrangement. The Committee never expressed any affirmative approval or consent to the proposed payments. Furthermore, it should be noted that although the Motion states otherwise, it was not proposed that the fees for Kaye Scholer LLP, Merrill Lynch Capital Corporation's counsel, be paid by the non-debtors.

6. As stated above, the Committee takes no position with regard to any other aspect of the Motion, and submits this Response only in order to correct and clarify on the record the nature and scope of its non-objection to the payment of the above-noted professionals.

Dated: November 20, 2009  
Wilmington, Delaware

LANDIS RATH & COBB LLP

_____  
Adam G. Landis (No. 3407)  
Matthew B. McGuire (No. 4366)  
Mona A. Parikh (No. 7199)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*