IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>TRIBUNE COMPANY, et al.,<br>    Debtors. | ) Chapter 11<br>) Case No. 08-13141 (KJC)<br>) Jointly Administered<br>) Re: Docket No. 2407<br>) <u>Hearing date</u>: December 1, 2009, at 10:00 a.m. (Eastern)<br>) <u>Objection deadline</u>: November 20, 2009 |

**CREDIT AGREEMENT LENDERS' STATEMENT AND JOINDER IN
JPMORGAN CHASE BANK N.A.'S OPPOSITION TO
MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK
TO TERMINATE DEBTOR AFFILIATES' UNDISCLOSED PAYMENT OF
LBO LENDERS' FEES AND EXPENSES, FOR AN ACCOUNTING,
AND FOR DISGORGEMENT OF PAST PAYMENTS**

The Credit Agreement Lenders,[1] as holders of approximately $4.2 billion principal amount of indebtedness arising under the Tribune Company Senior Secured Credit Agreement, dated as of May 17, 2007 (as amended, the "Credit Agreement"), hereby *join* in the "Opposition To Motion Of Law Debenture Trust Company Of New York To Terminate Debtor Affiliates' Undisclosed Payment Of LBO Lenders' Fees And Expenses, For An Accounting, And For Disgorgement Of Past Payments" (the "JPMorgan Objection") filed by JPMorgan Chase Bank N.A. ("JPMorgan") and submit this further statement in *opposition* to the pending motion filed by Law Debenture Trust Company of New York ("Law Debenture") with respect to certain reimbursements made by the Non-Debtor Guarantors to JPMorgan and certain lenders under the Credit Agreement.[2]

In its motion, Law Debenture loudly protests the Non-Debtor Guarantors' reimbursement of expenses incurred by JPMorgan and various lenders. Notably, however, Law Debenture is not a creditor of any of the Non-Debtor Guarantors. Law Debenture also does not dispute that

---

[1]  The Credit Agreement Lenders are the entities identified on *Exhibit A* hereto.

[2]  Capitalized terms not defined herein have the meanings given to them in the JPMorgan Objection.

JPMorgan and the lenders are entitled to reimbursement of their expenses under the plain terms of the Credit Agreement and the Guarantee Agreements, or that they have indisputable authority to enforce their rights to reimbursement against the Non-Debtor Guarantors, or that the amounts reimbursed by the Non-Debtor Guarantors are dramatically less than the amount of liability that would be apportioned to each Non-Debtor Guarantor under the Guarantee Agreements.

In other words, Law Debenture is a non-creditor, with no standing, arguing against a non-debtor's payment of its incontestable contractual obligations. This leaves Law Debenture only with empty rhetoric, with which the motion teems. Behind that rhetoric, there is no substance or viable legal theory.

For example, Law Debenture complains about a lack of "transparency" and "disclosure". Motion at 1. Law Debenture, however, has no cognizable theory under which non-debtors are obligated to disclose to entities who assert no claim against them the nature and amount of payments made pursuant to their valid contractual obligations. Moreover, notwithstanding that fact, Law Debenture well knows that there was ample "transparency" and "disclosure" of the very reimbursements about which it now professes shock. The record reflects that the Non-Debtor Guarantors' intention to make the reimbursements was disclosed to and discussed with both the Official Committee of Unsecured Creditors and the Office of the United States Trustee before a single dollar of expenses was reimbursed, that neither the Committee nor the United States Trustee objected to the reimbursements, and that the Committee has been regularly apprised of the nature and amounts of the reimbursements actually made by the Non-Debtor Guarantors. Nothing about the reimbursements threatens "the integrity of the bankruptcy process," as Law Debenture now claims. Motion at 1.

Similarly, as JPMorgan establishes, reimbursements made by non-debtor entities do not constitute use of property of the estate and are not subject to section 363 of the Bankruptcy Code. In *Winstar Communication*, this Court specifically held that a debtor's ownership of all of the outstanding stock of a non-debtor subsidiary "does not confer jurisdiction on the Bankruptcy Court to decide disputes involving [the non-debtor]'s assets." *In re Winstar Communications,*

*Inc.*, 284 B.R. 40, 51 (Bankr. D. Del. 2002) (no jurisdiction over adversary proceeding against a non-debtor, which "may have an effect on the ultimate value [which] the estate receives for the stock it owns, but [] does not alter the estate's rights, liabilities, options or freedom of action"); *see, e.g.*, *In re Tower Automotive, Inc.*, 356 B.R. 598, 600-01 (Bankr. S.D.N.Y. 2006) (no jurisdiction over adversary proceeding against a non-debtor; "[T]he impact on the creditors of the RJ Tower estate will result only from a diminution in value of RJ Tower's investment in the stock of its subsidiary, Tower Mexico. This is not enough to provide the Court with jurisdiction over a dispute between Tower Mexico, a non-filing subsidiary, and a third party."); *In re DVI, Inc.*, 324 B.R. 548, 551 (Bankr. D. Del. 2005) ("I did not authorize non-debtor parties to sell the property. . . . I have no authority to approve a sale by a non-debtor.").

Similarly, as Tribune explained in its memorandum to the United States Trustee, "[i]t is well-settled law that the automatic stay does not apply to non-debtor guarantors" and that "non-debtor guarantors remain liable under the terms of the guarantee regardless of whether the bankruptcy proceedings of a primary obligor disallow, discharge, or release payment of fees, expenses or postpetition interest as to a debtor." Memorandum dated March 4, 2009, a copy of which is attached as *Exhibit B* (the "Tribune Memo"), at 2 (collecting cases).

To avoid this axiomatic rule, Law Debenture asserts that JPMorgan and the lenders somehow "demanded property of the Debtors' estates – the control of, and equity interests in, their subsidiaries and the cash otherwise distributable to Debtor entities." Motion ¶ 27. This is nonsense. They demanded reimbursement from the *assets* of the Non-Debtor Guarantors. As the Non-Debtor Guarantors clearly are liable for the amounts demanded, those assets are not "otherwise distributable" to any debtor entity. The *only* case cited by Law Debenture, *In re Consolidated Auto Recyclers, Inc.*, 123 B.R. 130 (Bankr. D. Me. 1991), proves this point, as it involved the *debtor's* property – the right to vote shares that the debtor owned. Nothing about the reimbursements made by the Non-Debtor Guarantors limits Tribune's right to vote its shares in any of the Non-Debtor Guarantors or otherwise impinges in any way on property of the estate.

Finally, the injunctive relief sought by Law Debenture is procedurally and substantively defective. To obtain an injunction against non-debtor entities, Law Debenture would need to commence an adversary proceeding and satisfy the well-established criteria for an injunction, including success on the merits and irreparable harm. Law Debenture does not even attempt to satisfy that high burden, nor could it ever do so. Tribune itself has acknowledged, in its memorandum to the United States Trustee, that it could not obtain an injunction vis-à-vis the Non-Debtor Guarantors, noting that no "unusual circumstances" justified injunctive relief. Tribune Memo at 3.

Having been reimbursed their fees and expenses, JPMorgan and the lenders have refrained from taking enforcement action against the Non-Debtor Guarantors. For its own parochial purposes, Law Debenture would have the Court disrupt this constructive and value-maximizing state of affairs. The Credit Agreement Lenders respectfully request that the Court decline this invitation and deny the motion.

Dated: November 20, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telephone: (302) 571-6600
Telecopier: (302) 571-1253

*Proposed counsel to the Credit Agreement Lenders*

-and-

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua D. Morse
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Telecopier: (213) 694-1234

*Counsel to the Credit Agreement Lenders*

## Exhibit A

Anchorage Advisors, L.L.C.
Avenue Investments, LP
Avenue Special Situations Fund IV, L.P.
Avenue - CDP Global Opportunities Fund, L.P. (US)
Avenue International Master, LP (Master)
Avenue Special Situations Fund V, L.P.
Canyon Capital Advisors, LLC
Contrarian Funds LLC
CVI GVF (Lux) Master S.a.r.l.
Goldman Sachs Loan Partners
Greywolf Capital Partners II LP
Greywolf Capital Overseas Master Fund
Greywolf CLO I Ltd
James River Insurance
Northwoods Capital IV, Limited
Northwoods Capital V, Limited
Northwoods Capital VI, Limited
Northwoods Capital VII, Limited
Northwoods Capital VIII, Limited
Silver Oak Capital, LLC
KKR Financial CLO 2005-1, Ltd.
KKR Financial CLO 2006-1, Ltd.
KKR Financial CLO 2007-1, Ltd.
Oregon Public Employees Retirement Fund
KKR Financial Holdings III, LLC
KKR Strategic Capital Holdings I, L.P.
Knighthead Master Fund, L.P.
LMA SPC for and on behalf of MAP84 Segregated Portfolio
Latigo Master Fund Ltd.
LP MA1, Ltd.
SEG LP MA2, L.P.
SEG Latigo Master Fund Ltd.
Newstart Factors, Inc.
Oaktree Capital Management, L.P., and its affiliates as general partner or investment manager of certain funds and accounts
Scoggin Capital Management LP II
Scoggin International Fund LTD.
Scoggin Worldwide Distressed Fund, LTD
Taconic Market Dislocation Fund II LP
Taconic Market Dislocation Master Fund II LP

Taconic Capital Partners 1.5 LP
Taconic Opportunity Fund LP
Värde Investment Partners, L.P.
Viking Global Equities LP
Viking Global Equities II LP
VGE III Portfolio Ltd.
Waterstone Market Neutral Master Fund, Ltd
Waterstone Market Neutral Mac51 Fund, Ltd
York Capital Management, L.P.

# EXHIBIT B


# SIDLEY
SIDLEY AUSTIN LLP

## MEMORANDUM

| | |
|---|---|
| TO: | Joe McMahon, Office of the United States Trustee |
| FROM: | Bryan Krakauer<br>Candice L. Kline |
| RE: | Non-Debtor Guarantor Obligations under Senior Credit Facility Guarantee Agreements |
| DATE: | March 4, 2009 |

---

This memorandum reviews non-debtor obligations under Guarantee Agreements related to a Credit Agreement dated as of May 17, 2007 between the Tribune Company (the "Borrower"), the Agent, and the Lenders. The question addressed is whether the non-debtor guarantors are obligated to pay fees and expenses arising from enforcement of these agreements, whether or not allowed in the chapter 11 proceedings of the Borrower and its debtor affiliates.

### I.    Summary

The non-debtor guarantors are obligated to pay fees and expenses under the Guarantee Agreements. The non-debtor guarantors' obligations include fees and expenses related to the bankruptcy proceedings of the Borrower and its debtor affiliates, whether or not such fees and expenses are allowed in such bankruptcy proceedings. Non-debtor guarantor obligations remain enforceable notwithstanding the chapter 11 proceedings of the Borrower and its debtor affiliates, and are not subject to the automatic stay.

### II.    Credit and Guarantee Agreements

The Credit Agreement and the Guarantee Agreements together set forth the non-debtor guarantor obligations.

The Credit Agreement defines "Obligations" as unpaid principal and interest, all accrued and unpaid fees, and "all expenses, reimbursements, indemnities and other obligations of the Loan Parties [i.e., the Borrower and each Guarantor] to the Lenders ... (including interest and fees accruing after commencement of any bankruptcy or insolvency proceeding against any Loan Party, whether or not allowed in such proceeding)." The Credit Agreement in Section 8.04(a) further provides that the Borrower "agrees to pay promptly following demand all reasonable and documented out-of-pocket costs and expenses of the Agent ... and the Lenders, if any (including, without limitation, reasonable and documented counsel fees and expenses), in connection with

CH1 4590286v.4

TRB_LD000250
CONFIDENTIAL

**SIDLEY AUSTIN LLP**
**SIDLEY|**

the enforcement (whether through negotiations, legal proceedings or otherwise) of this Agreement, the Notes and the other documents to be delivered hereunder ...." There is case law that retaining financial advisors is a reasonable cost incurred by an agent in connection with enforcement of a loan obligation. *In re Hedstrom Corp.*, 333 B.R. 815, 820 (Bankr. N.D. Ill. 2005) (concluding that lender's rights to hire a financial advisor was "undisputed" to enforce its interests under the loan and security agreements, although still subject to the reasonableness standard).[1]

The Guarantee Agreements in Section 1 establish that each guarantor unconditionally guarantees "as a primary obligor and not merely as a surety, all of (a) the Obligations, (b) the due and punctual performance of all covenants, agreements, obligations and liabilities of the Borrower and each Loan Party under or pursuant to the Credit Agreement and the other Loan Documents ... (collectively called the "Guaranteed Obligations)," thus obligating the guarantors to pay principal and interest as well as the liabilities arising under section 8.04 of the Credit Agreement.

The case law seems clear that non-debtor guarantors remain liable under the terms of the guarantee regardless of whether the bankruptcy proceedings of a primary obligor disallow, discharge, or release payment of fees, expenses, or postpetition interest as to a debtor. For example, non-debtor guarantors remain liable for postpetition interest because their liabilities are unaffected by the bankruptcy proceeding. *Nat'l Energy & Gas Transmission, Inc. v. Liberty Electric Power, LLC (In re Nat'l Energy & Gas Transmission, Inc.)*, 492 F.3d 297, 303 n.5 (4th Cir. 2007) (citing *In re Stoller's, Inc.*, 93 B.R. 628, 635 (Bankr. N.D. Ind. 1988) (Non-debtor guarantors liable for postpetition interest and attorney's fees according to the terms of the guarantee.)). Further, discharge of debtor's liabilities does not impact co-obligor and guarantor liabilities on the discharged debt. *Credit Suisse First Boston Mortg. Capital LLC v. Cohn*, 2004 U.S. Dist. LEXIS 16577, at *24-26 (S.D.N.Y. Aug. 19, 2004) (holding guarantors liable for postpetition interest, fees, and costs incurred in collecting under the Loan Agreement and Guaranty); *VFB L.L.C. v. Money's Trust (In re VF Brands, Inc.)*, 282 B.R. 134, 138 (Bankr. D. Del. 2002) ("Non-debtors are generally not entitled to releases or discharges of direct claims against them simply because a co-obligor is in bankruptcy.").

### III. Non-Debtor Guarantors and the Bankruptcy Code

It is well-settled law that the automatic stay does not apply to non-debtor guarantors. *McCartney v. Integra Nat'l Bank North*, 105 F.3d 506, 509-10 (3d Cir. 1997) (noting clear language of 362(a) only applies to debtors); *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 128 (Bankr. D.N.J. 2003) ("[A]utomatic stay is generally not available to non-bankrupt co-defendants ...."); *In re Aldan Indus., Inc.*, 2000 WL 357719, at *3 (Bankr. E.D.Pa. Apr. 3, 2000) ("[A]s a general rule, the automatic stay does not affect proceedings against guarantors.") (unpublished decision); *Spirco,*

---

[1] *See also In re Worldwide Direct, Inc.*, 259 B.R. 56, 61 (Bankr. D. Del. 2001) (concluding that a committee is authorized to retain financial advisors and other professionals to assist the committee in performing its duties, especially in large cases).

TRB_LD000251
CONFIDENTIAL

**SIDLEY AUSTIN LLP**
# SIDLEY

*Inc. v. Copelin (In re Spirco, Inc.)*, 221 B.R. 361, 370 (W.D.Pa. 1998) (stating that guarantor's contractual obligation is "usually unaffected by bankruptcy proceedings"). Courts rarely extend injunctions to non-debtor guarantors because of the desire to preserve creditor expectations and the "benefit of the bargain." *McCartney*, 106 F.3d at 510 (ensuring that creditors obtain "the protection they sought and received when they required a third party to guaranty the debt" (quoting *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988))).

      Injunctions concerning non-debtor guarantors are granted by courts under a "narrow exception" and in "unusual circumstances" pursuant to section 105. *McCartney*, 105 F.3d at 510; *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. at 129; *In re Aldan Indus., Inc.*, 2000 WL 357719, at *4. Non-debtor guarantors are obligated on the guarantee unless "unusual circumstances" apply. *McCartney*, 105 F.3d at 510 (providing examples such as same identity or essential to debtor's reorganization). Unusual circumstances do not appear to be present in this situation. *Id.* at 509-10 (factual or legal nexus to the debtor alone is not enough).

TRB_LD000252
CONFIDENTIAL