**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | Case No. 08-13141 (KJC) |
| Debtors | Jointly Administered<br>**Hearing Date: December 1, 2009 @ 10:00 a.m. ET**<br>**Objection Deadline: November 23, 2009 @ 4:00 p.m. ET** |

**LESSOR'S LIMITED OBJECTION TO SPECIFIC TERMS OF**
**PROPOSED ORDER (I) AUTHORIZING**
**DEBTOR LOS ANGELES TIMES COMMUNICATONS LLC**
**TO ASSUME ITS UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**
**PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND**
**(II) SETTING CURE AMOUNT WITH RESPECT THERETO [2547]**

Diablo Investment Co. ("Diablo") the lessor of those premises located at 1369 South State College Boulevard, Anaheim, California ("Premises") leased to debtor Los Angeles Times ("LA Times"), does not object to LA Times' assumption of its unexpired nonresidential real property lease ("Lease.")  However, Diablo objects to certain specific terms of the proposed form of order approving of its assumption submitted to the Court and wishes to provide clarification of other terms as follows.

**SPECIFIC OBJECTIONS TO FORM OF ORDER**

1. The proposed form of order provides on page 2, 4th paragraph:  "that the Cure Amount shall be fixed at $19,097.03 and that no other monetary ***or other defaults*** exist under the lease." [emphasis added.]

2. First, Diablo wishes to clarify the Cure Amount is limited to the pre petition monetary defaults and specifically <u>excludes</u> any additional post petition amounts that may become due prior to the entry of the order approving of LA Times assumption such as the December 1, 2009 rents or other lease amounts.

- 2-

3.      Secondly, Diablo does not concede nor waive any rights it may have with respect to <u>non</u>monetary defaults that may exist but of which Diablo or LA Times may not be aware of presently and reserves all of its rights under the lease with respect to any <u>non</u>monetary defaults.

4.      Diablo is not aware of any nonmonetary defaults that would preclude Diablo's consent to LA Times' assumption.  Diablo is aware of potential technical defaults, e.g. with respect to subtenants that may or may not have the insurance required under the lease, that is not sufficiently material at this time to preclude Diablo from consenting to LA Times' assumption.  However Diablo does not agree to waive this or any other nonmonetary defaults for which Diablo may later be required to seek cure or redress.

5.      The proposed form of order provides "that the Debtors do not waive any claims they may have against the Landlord, whether or not related to the Lease." Diablo requres the same reservation of rights the Debtors retain except for its concession of the correct monetary Cure Amount.

## **REVISIONS TO FORM OF ORDER ACCEPTABLE TO DIABLO**

6.      Diablo consents to entry of the proposed order with the following revisions to make clear that Diablo (1) expects payment of all post petition amounts that may become due prior to entry of the Order and (2) does not waive any nonmonetary defaults whether arising before or after LA Time's assumption of the Lease:

* * * * * *

ORDERED, that the Cure Amount shall be fixed at $19,097.03 (***excluding any post petition amounts, that shall be paid in the ordinary course whether accrued before or after entry of this Order***)

- 2-

- 3-

and that no other monetary ~~or other~~ defaults exist under the Lease; and it is further

ORDERED, that payment of the Cure Amount shall constitute the cure of all ***monetary*** defaults under the Lease that are required to be cured by section 365(b)(1)(A) of the Bankruptcy Code (after giving effect to section 365(b)(2) of the Bankruptcy Code): and it is further

\* \* \* \* \* \*

OREDERED, that the Landlord shall be barred from asserting any claims for ***monetary*** defaults, ***but not for other nonmonetary defaults,*** on or before the date of entry of this Order against any of the Debtors, the Reorganized Debtors, or their respective successors or assigns, with respect to the Lease, and it is further

\* \* \* \* \* \*

Dated:  November 20, 2009        Respectfully submitted
                                  McPHARLIN SPRINKLES & THOMAS, LLP

                                  By: /s/ *Elaine M. Seid*
                                     Elaine M. Seid

                                  ATTORNEYS FOR LESSOR
                                  DIABLO INVESTMENT CO.