## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In Re: | Chapter 11 |
|  | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | (Jointly Administered) |
|  |  |
| Debtors. | Re: Docket No. 2566 |
|  |  |

Hearing Date: Dec. 1, 2009 at 10:00 a.m. (ET)
Objection Deadline: Nov. 24, 2009

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   (as extended by the Debtors)

## JPMORGAN CHASE BANK N.A.'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF (DOCKET NO. 2566)

JPMorgan Chase Bank N.A. ("JPMorgan"), as Agent for the Debtors' pre-petition

senior lenders, objects to the motion (the "Motion") of Tribune Company ("Tribune")

and its affiliated debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors") for entry of an order further extending the Debtors'

exclusive periods to file a Chapter 11 plan or plans of reorganization through and

including March 31, 2010 and to solicit acceptances of such plan(s) through and

including May 31, 2010.

1.      As the Debtors themselves state, "most of the prerequisites to the filing of

a plan have been accomplished," and "at this juncture the principal remaining task to be

addressed is to bring the review of the Debtors' prepetition leveraged ESOP transactions

(the "Transactions") to a prompt conclusion." (Motion ¶¶ 1, 2.) With the first

anniversary of the petition date quickly approaching and the statutory limit for extensions

of the Debtors' exclusive period just over six months away, it is time for the parties, who

have been provided more than enough information to permit them to decide how to proceed with regard to the Transactions, to move forward without further delay. A four month extension of the Debtors' exclusive period to file a plan of reorganization will serve no purpose; the imminent termination of that period may spur movement.

2.      The Debtors' petitions were filed on December 8, 2008. Not long after, the Debtors, the Unsecured Creditors' Committee (the "Committee") and the senior lenders began negotiations toward a plan.

3.      The key issue standing in the way of resolving the allocation of value of the Debtors among the parties in interest is the desire of the Debtors to complete their review of the Transactions and any associated claims. To that end, an expansive, informal discovery program has been spearheaded by the Committee, which has retained special counsel for the purpose of examining the Transactions. "Since Spring of 2009, over thirty entities and persons involved with the Transactions have responded to numerous informal document production requests." (Motion ¶ 3.)

4.      Key players have provided enormous amounts of information to permit evaluation of the Transactions. Tribune has produced over 480,000 pages of documents to the Committee and to other parties, including Law Debenture Trust Company of New York, an indenture trustee under one of Tribune's bond indentures, and Centerbridge Credit Advisors, L.L.C., a substantial holder of Tribune's public bonds. JPMorgan has produced to the same parties over 500,000 pages of documents, including e-mails, e-mail attachments, hardcopy files, and files from electronic directories. This production is now substantially complete. Merrill Lynch, Citigroup Global Markets, Valuation Research

Corporation, and Duff & Phelps, among others, have also made productions, and depositions of certain parties have been scheduled pursuant to Rule 2004.

5.      The Debtors have engaged in "review of hundreds of thousands of pages of internal Tribune documents, review of tens of thousands of documents produced by third parties who participated in the transactions, extensive review of related public record documents and public commentary, and analysis of possible associated legal issues " (Motion ¶ 2.) We understand that the Committee has done the same. The Debtors agree that "the Debtors and other major constituencies are close to reaching the point where the major parties have sufficient knowledge of the facts to engage in substantive discussions aimed at consensually resolving any issues that are thought to exist." (Motion ¶ 2.)

6.      It is apparent that the parties key to any negotiated resolution of the issues surrounding the Transactions by now have the information they need to decide whether a negotiated resolution is possible or not. Because this is the only issue remaining to be addressed before the filing of a plan, the factors that courts normally consider in evaluating whether a debtor has shown "cause" for an extension are largely irrelevant. (Motion ¶¶ 16-24.) Rather, any extension of the Debtors' exclusive period should be calibrated to the time required for the parties to determine whether the single remaining issue standing in the way of filing a plan can be resolved by negotiation, or must be litigated.

3

7.    An extension of sixty days would have been appropriate to serve this purpose, and, if tangible progress had been made, an additional extension could have been sought. Instead, the Debtors seek four months.

8.    Accordingly, in light of its view that a four month extension will not advance the process, and in light of the articulated desire of a significant group of senior lenders to file their own plan, JPMorgan objects to the Debtors' request for a four month extension of exclusivity.

Dated: November 24, 2009
      Wilmington, Delaware

Respectfully submitted,

Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Karen E. Wagner
Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4500

*Attorneys for JPMorgan Chase Bank, N.A.*

4