## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------- x   Chapter 11
In re:                                             :
                                                   :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                           :
                                                   :   Jointly Administered
            Debtors.                               :
                                                   :   Objections Due: December 15, 2009
                                                   :   @ 4:00 p.m.(ET)
-------------------------------------------------- x   Hearing Date:  N/A
```

## TENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | October 1, 2009 through October 31, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $1,336,567.80    (80% of $1,670,709.75) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $25,752.36 |

This is a(n):   _x_ Monthly        ____ Interim        ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**October 1, 2009 through October 31, 2009**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $955 | 106.40 | 100,466.00 |
| Charles E. Hord (1988) | Corporate | 1976 (NY) | 855 | 5.30 | 4,531.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 825 | 32.80 | 27,060.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 795 | 12.10 | 7,751.25 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 795 | 49.40 | 39,273.00 |
| Marc M. Rossell (2008) | Corporate | 1984 (NY) | 795 | 0.80 | 636.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 765 | 106.10 | 81,166.50 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 755 | 92.70 | 69,988.50 |
| Jonathan Melmed (2007) | Corporate | 1999 (NY) 2006 (Quebec) | 645 | 2.50 | 1,612.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 635 | 91.20 | 57,912.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 625 | 183.50 | 114,687.50 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 475 | 31.30 | 14,867.50 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 595 | 77.40 | 46,053.00 |
| Eric Przybylko | Litigation | 1997 (NY) | 595 | 40.20 | 23,919.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 595 | 66.20 | 39,389.00 |
| Kessar Nashat | Corporate | 2003 (NY) | 585 | 2.90 | 1,696.50 |
| Felipe E. Creazzo | Corporate | 1995 (Brazil) 2002 (DC) 2006 (NY) | 565 | 98.20 | 55,483.00 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 565 | 81.00 | 45,765.00 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 565 | 208.40 | 117,746.00 |
| Ted Castell | Corporate | 2003 (NJ) 2004 (NY) | 535 | 72.00 | 38,520.00 |
| Kimberly Giuliano | Corporate | 2005 (NY) | 535 | 63.20 | 33,812.00 |
| Tamara Stevenson | Litigation | 2005 (NY) | 535 | 74.60 | 39,911.00 |
| Paul Tanck | Corporate | 2005 (NY) | 535 | 124.00 | 66,340.00 |
| Turgut Cankorel | Corporate | 2007 (NY) | 465 | 119.80 | 55,707.00 |
| Ruslan Koretski | Corporate | 2007 (NY) | 465 | 102.00 | 47,430.00 |
| Marushka Bland | Corporate | 2008 (NY) | 395 | 23.10 | 9,124.50 |
| Benjamin Carson | Corporate | 2008 (NY) | 395 | 26.40 | 10,428.00 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 395 | 135.90 | 53,680.50 |
| Robert Kirby | Litigation | 2008 (NY) | 395 | 9.00 | 3,555.00 |
| Patrick Narvaez | Corporate | 2008 (NY) | 395 | 38.20 | 15,089.00 |
| Caroline Pignatelli | Litigation | 2007 (NJ) 2008 (NY) | 395 | 13.10 | 5,174.50 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 395 | 16.20 | 6,399.00 |
| Lara Aryani | Corporate | 2009 (NY) | 345 | 22.20 | 7,659.00 |
| Gilbert Bradshaw | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 5.10 | 1,759.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Adrienne Duffy | Corporate | 2009 (NY) | 345 | 61.00 | 21,045.00 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 217.90 | 75,175.50 |
| Joshua Gold | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 113.40 | 39,123.00 |
| Alison Kronstadt | Corporate | 2009 (NY) | 345 | 81.90 | 28,255.50 |
| Faryal Malik | Corporate | 2007 (NJ) 2008 (NY) | 345 | 75.90 | 26,185.50 |
| Jonathan Noble | Litigation | 2009 (NY) | 345 | 53.50 | 18,457.50 |
| Francesca Perkins | Litigation | 2009 (NY) | 345 | 136.40 | 47,058.00 |
| Isaac Safier | Corporate | 2009 (NY) | 345 | 170.30 | 58,753.50 |
| Megan Strand | Communications and Technology | 2009 (NY) | 345 | 9.10 | 3,139.50 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 345 | 57.70 | 19,906.50 |
| Kimberly Zafran | Litigation | 2009 (NY) | 345 | 104.90 | 36,190.50 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| Lori Moloney | Litigation | n/a | 295 | 34.40 | 10,148.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 260 | 25.60 | 6,656.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 260 | 22.70 | 5,902.00 |
| Sarah Chan | Corporate | n/a | 245 | 5.50 | 1,347.50 |
| Ellen Weissman | Litigation | n/a | 240 | 6.40 | 1,536.00 |
| Marisa Iacopelli | Litigation | n/a | 225 | 109.60 | 24,660.00 |
| Wale Bakare | Litigation | n/a | 215 | 7.80 | 1,677.00 |
| Kristen Garry | Litigation | n/a | 170 | 2.50 | 425.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| **Librarians:** |  |  |  |  |  |
| Marjorie Richmond | n/a | n/a | 125 | 1.50 | 187.50 |
| Barbara Schubeck | n/a | n/a | 120 | 2.40 | 288.00 |
|  |  |  |  |  |  |
| **TOTAL:** |  |  |  | **3,433.60** | **$1,670,709.75** |

BLENDED RATE:    $487.45

\* Includes year elected Partner at firm or joined firm as Partner.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re:

TRIBUNE COMPANY, et al.,

            Debtors.

---------------------------------------------------------- x

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

Objections Due: December 15, 2009
@ 4:00 p.m.(ET)
Hearing Date: N/A

## TENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>OCTOBER 1, 2009 THROUGH OCTOBER 31, 2009</u>

      Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $1,670,709.75 (80% of which equals $1,336,567.80) and reimbursement of expenses incurred in the amount of $25,752.36 during the period commencing October 1, 2009 through and including October 31, 2009 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,670,709.75.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

3

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.      Bankruptcy General (Matter 002)**

Fees: $20,620.00        Total Hours:  42.10

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

15.     During the Application Period, Chadbourne continued to review and consider options going forward in connection with a vacant Committee seat.

**B.      Committee Meetings (Matter 003)**

Fees:  $26,905.00          Total Hours:  45.20

16.     Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

**C.      Creditor Communications (Matter 004)**

Fees:  $3,339.00          Total Hours:  4.20

17.     Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in

telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.**    **Business Operations (Matter 007)**

Fees:  $34,595.00        Total Hours:  64.40

18.    During the Application Period, Chadbourne attorneys continued to review and monitor issues involving the Debtors' day-to-day business operations.  This included the review of weekly operations and financial reports prepared by the Committee's financial advisors.

19.    During this period, attorneys from Chadbourne's Communications and Technology Group continued their work on determining the issues that must be addressed as part of the Federal Communications Commission ("FCC") change of ownership approval process.  Efforts included legal research and participation in telephone discussions with the Debtors' FCC counsel, lender's FCC counsel and other interested parties.  Chadbourne continued preparation of a comprehensive report outlining the FCC application procedures and the issues that are likely to be raised in connection with a transfer of control.

**E.**    **Asset Disposition (Matter 008)**

Fees:  $24,621.50        Total Hours:  36.00

20.    During the Application Period, Chadbourne professionals expended further efforts on final stage approval of the Cubs transaction which included continued detailed review of the revised transaction documents and various ancillary documents.  The process of obtaining final approval on the transaction included the Chapter 11 filing of the Chicago National League Ball Club, LLC, which occurred on October 12, 2009.  During this time, Chadbourne reviewed and

provided input to the Debtors' professionals on various documents and court papers including

the proposed order approving the transaction.  Subsequently, Chadbourne attended the October

13, 2009 hearing at which time the Bankruptcy Court granted final approval of the Cubs

transaction.

F.    **Claims Administration/Bar Date (Matter 009)**

Fees:  $1,524.00          Total Hours:  2.40

21.    During the Application Period, Chadbourne reviewed and considered the

proposed treatment of certain claims in these Chapter 11 cases and provided comments on the

Debtors' omnibus claims procedures motion.

G.    **Fee/Retention Applications (Matter 010)**

Fees:  $21,823.50          Total Hours:  55.10

22.    During the Application Period, Chadbourne prepared and filed a supplemental

retention affidavit in response to the Chapter 11 filing of the Chicago National League Ball

Club, LLC which occurred on October 12, 2009 and which was subsequently jointly

administered with the Debtors' Chapter 11 cases.

23.    In further compliance with monthly fee procedures, Chadbourne expended time

preparing and filing its ninth monthly fee application and third quarterly fee application.

During this time, Chadbourne also reviewed Committee member expenses incurred for

September meetings and prepared and filed the Committee's seventh request for reimbursement

of expenses.  In addition, Chadbourne reviewed and analyzed second quarter fee applications

filed by all professionals in these Chapter 11 cases and prepared a summary analysis for review by the Committee.

24.     In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

**H.      Plan and Disclosure Statement (Matter 011)**

     Fees:  $6,875.50          Total Hours:  7.30

25.     During the Application Period, Chadbourne professionals continued to review and consider the various issues raised by the Debtors' plan of reorganization.  In particular, Chadbourne continued to evaluate the significance the 2007 ESOP Transaction may have on the plan and confirmation process and participated in discussions with Debtors' counsel and interested parties to consider the issues.

**I.      Employee Issues (Matter 014)**

     Fees:  $1,841.50          Total Hours:  2.90

26.     During the Application Period, Chadbourne reviewed and addressed severance issues raised by a former employee.  Chadbourne reviewed the severance proposal and related legal issues and participated in discussions with counsel to the former employee in an effort to resolve the issues.

**J.**    **Relief From Stay Issues (Matter 015)**

Fees:  $588.00          Total Hours:  1.20

27.      During the Application Period, Chadbourne continued the process of reviewing the various motions filed seeking relief from the automatic stay.  This ongoing process included evaluating the relief requested in new filings and collaborating with Debtors' counsel to ensure that a collective response was put forth to certain lift-stay requests including evaluating possible settlements on certain matters.

**K.**    **General Litigation (Matter 017)**

Fees:  $973.00          Total Hours:  2.40

28.      During the Application Period, Chadbourne continued to review and monitor the filings in the District Court civil action proceedings and certain Bankruptcy Court adversary proceedings and provided summary reports to the Committee on these matters.

**L.**    **Travel (Matter 018)**

Fees:  $3,014.25          Total Hours:  7.10

29.      During the Application Period, Chadbourne attorneys travelled to the Bankruptcy Court in Wilmington, Delaware to attend the hearing on the Cubs transaction .  The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**M.**    **Review of Prepetition Financings (Matter 019)**

Fees:  $1,523,989.50        Total Hours:  3,163.30

30.    During the Application Period, Chadbourne attorneys expended substantial time on the ongoing comprehensive review of the Debtors' prepetition financing documents and capital structure as part of the Committee's review and analysis of potential challenges that could be asserted with respect to certain prepetition transactions.  In addition, Chadbourne attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto.  As part its investigation and analysis, Chadbourne has begun summarizing certain conclusions regarding such challenges and defenses into a written report to the Committee.

31.    During this time, Chadbourne also continued its efforts to obtain information and documents informally from certain parties connected to the 2007 ESOP transaction.  Chadbourne has reached informal agreements regarding the information to be produced with most of the parties.  Nevertheless, some matters, and in particular email production, continue to be the subject of ongoing discussions with certain parties.

32.    During the Application Period, Chadbourne continued to receive and review a significant volume of produced documents.  This ongoing document review is a substantial undertaking.  Chadbourne has established a specialized electronic discovery database in order to ensure that the document review proceed in the most thorough, expeditious and cost-effective manner.

33.    Throughout this process, Chadbourne and the Committee's professionals participated in frequent meetings and discussions in a collective effort to address issues raised

during the investigation process and discuss steps going forward.  During this time, Chadbourne and the Committee's professionals continued negotiations with Law Debenture of New York on an agreement to coordinate discovery efforts and the sharing of documents between the parties.

## ACTUAL AND NECESSARY EXPENSES

34.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $25,752.36 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page. Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

35.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

36.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

37.     In connection with the ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS"). The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

38.     The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.  No in-person Committee meetings were held at Chadbourne during the Application Period.

39.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

40.     Attorneys and paraprofessionals of Chadbourne have expended a total of 3,433.60 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,670,709.75

41.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

42.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period October 1, 2009 through October 31, 2009:  (a) authorizing compensation in the amount of $1,670,709.75  (80% of which equals $1,336,567.80) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $25,752.36 for a total of $1,696,462.11; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:   November 24, 2009
         New York, New York

                                         CHADBOURNE & PARKE LLP

                                         By: _____
                                              Douglas E. Deutsch
                                              (A Member of the Firm)

                                         Chadbourne & Parke LLP
                                         30 Rockefeller Plaza
                                         New York, New York  10112
                                         (212) 408-5100

                                         Co-Counsel to The Official Committee of
                                         Unsecured Tribune Company, et al.

# **VERIFICATION**

STATE OF NEW YORK   :
                               :  ss:
COUNTY OF NEW YORK  :

David M. LeMay, after being duly sworn according to law, deposes and says:

(a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1982.

(b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
David M. LeMay

Sworn to before me this
24th Day of November 2009

_____
David M. Bava
Notary Public, State of New York
No. 01-6175197
Qualified in New York County
Commission Expires Oct. 9, 2011