## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, et al., | : | Case No. 08-13141 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |

### MOTION OF SIMONE AND VICTORIA CONIGLIARO FOR RELIEF FROM AUTOMATIC STAY TO PERMIT THE CONTINUATION OF STATE COURT ACTION

COMES NOW, Simone and Victoria Conigliaro ("the Conigliaros") who hereby move this Honorable Court pursuant to 11 U.S.C. § 362(d) for an Order modifying the automatic stay to allow the Conigliaros to continue state court litigation pending against Debtors in the Supreme Court of the State of New York, County of Queens.  In support hereof, Movant states as follows:

### Introduction

1.      On or about February 17, 2007, Plaintiff Simone Conigliaro was walking at the premises located at 60-64 71st Street, Maspeth, in the County of Queens, City and State of New York (hereinafter referred to as the "Premises").  Plaintiff has averred that Debtors threw mailers or flyers onto the front walkways of homes in the neighborhood where Simone Conigliaro delivered mail for the United States Postal Service. This was a violation of New York City Law. Subsequently after throwing said flyers it began to snow heavily. As Mr. Conigliaro was delivering mail to the homeowner at the place of injury he slipped on a flier that was concealed below the snow sustaining serious personal injury.  The Plaintiff, Simone Conigliaro slipped and fell on at the above noted premises as a proximate result of negligent acts of the debtor's agents, servants and or employees in the distribution of flyers as well as other acts of negligence specified in the Complaint attached hereto and made a part hereof sustaining serious personal injury.  Victoria Conigliaro is the spouse of Simone and has brought a consortium claim in the same action above described.

2.      Plaintiffs commenced their action for personal injury on August 20, 2007.  A copy of the Conigliaro Complaint is attached hereto as Exhibit "A".  Discovery is advanced with the plaintiffs' depositions having been taken but depositions of the defendants not yet having occurred.

3.      The Plaintiffs, Movants herein, have ascertained that there is sufficient insurance covering the Debtors in connection with the above-referenced state court action, specifically, a $500,000 combined single policy as well as one or more umbrella policies.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

## Bankruptcy Proceedings

5.      On December 8, 2008 Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code.  Debtors continue to operate their business and manage their property.

## Relief Requested

6.      By this Motion, Movants seek relief from the automatic stay to proceed with the underlying state court action in order to resolve their claims for personal injury.

7.      Relief from the automatic stay of 11 U.S.C. § 362(a) is governed by 11 U.S.C. § 362(d) which reads, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under the subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay - (1) for cause...

11 U.S.C. 362(d).  Although Movants bear the initial burden to show that "cause" exists, once shown, the Debtors (as the party opposing stay relief) has the ultimate burden of disproving the

existence of "cause." In re New York Medical Group, P.C., 265 B.R. 408, 412 (Bankr. S.D.N.Y. 2001) citing 11 U.S.C. § 362(g)(2).

8.     The Bankruptcy Code does not define "cause" and "there is no rigid test for determining whether sufficient cause exists to modify an automatic stay." In re W.R. Grace & Co., 2007 WL 1129170, * 2 (Bkrtcy.D.Del. 2007) citing In re Continental Airlines, Inc., 152 B.R. 420, 424 (D.Del. 1993).  "Rather, 'courts generally consider the policies underlying the automatic stay' in addition to the competing interests of the debtor and the Movant when determining whether there is sufficient cause to grant relief from the automatic stay." Id.

9.     Importantly, the "legislative history [of §362] indicates that cause may be established by a single factor such as 'a desire to permit an action to proceed… in another tribunal...'".  In re Matter of Rexene Products Corp., 141 B.R. 574, 576 (Bankr.D.Del. 1992) quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S.Code & Cong. & Admin. News pp. 5787, 6300.

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

Id.; In re Todd Shipyards Corporation, 92 B.R. 600, 603 (Bank.D.N.J. 1988) (court., in lifting stay to allow personal injury litigation to proceed in state court, recognizing the automatic stay was not intended to preclude a determination of tort liability and associated damages, but rather to prevent "prejudicial dissipation" of a debtor's assets).

10.     In balancing the "competing interests" of the debtors and the Movant of a lift stay application, courts in this district consider the following three (3) factors:

> (1)     whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the [underlying] civil suit;

(2)     whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

(3)     the probability of the creditor prevailing on the merits.

In re Rexene, 141 B.R. at 574; In re Continental Airlines, Inc., 152 B.R. 420, 424 (D.Del. 1993); In re Unidigital, Inc., 2000 WL 33712306 (Bankr.D.Del., Dec. 8, 2000).   Here, the facts and circumstances demonstrate overwhelming cause requiring immediate relief from the automatic stay to allow Movant to proceed with the underlying state court action.

11.     As to the first factor, granting Movants' relief from the stay will not impose great prejudice on Debtors' estate or impede administration of the estate.  See In Re: Marvin Johnson's Auto Service, Inc., 192 B.R. 1008, 1014 (Bankr. N.D. Alaska 1996) (noting the court should consider the extent to which trial in a non-bankruptcy forum will interfere with the progress of the bankruptcy case.)  Nothing before the Bankruptcy Court will be held in abeyance as a result of the state court action proceeding.  It is not anticipated that members of Debtors' senior management will be deposed in connection with the state court action as depositions will focus on violation of New York City law and throwing flyers/mailers onto the front walks in a residential neighborhood immediately before a snow storm. Further, Debtor has significant insurance coverage of up to $500,000.00 combined single limits with umbrella coverage for their potential liability arising from claims at issue in the state court action.   Accordingly, Debtors' exposure with respect to any settlement or judgment will be nonexistent or limited.   Furthermore, based on Debtors' representations, the Debtors may not make any distribution to their unsecured creditors, and insurance will be the only source of restitution available to Movant.  Thus, modifying the stay to permit Movants to liquidate their claims, and ultimately to collect from insurance proceeds, will cause no harm to any other unsecured creditor.  Accord, In Re: 15375 Memorial Corp., 382, B.R.

652,689 (Bankr.D.Del. 2008) (noting that because insurance policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets by allowing the pre-petition litigation to continue against insurance proceeds.)[1]

12.     As to the second factor, the hardship to Movants considerably outweighs any hardship to Debtors if the stay is lifted.  Modifying the stay to allow Movants to continue with their state court action is the most efficient and cost effective way to achieve complete resolution of the issues raised in those matters.  It would be extremely expensive and inefficient to force Movants to try the case in Delaware, when their chosen counsel is not situated in this state.  Further, it would be unfair to force Movants to wait indefinitely to obtain recovery from Debtors' insurance when the burden on Debtors, if the case goes forward in New York state court, is minimal.  Movants' (personal injury) -- claims which cannot be adjudicated by this Court -- can and should be resolved now in the non-bankruptcy court in which that claim was first commenced.  Quite candidly, Movants may be without the necessary resources to start over if required to re-litigate the state court action elsewhere.

13.     As to the third factor, the required showing of probable success is "very slight."  In re Rexene, 141 B.R. at 578 ("Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay…")  Here, Movant was a pedestrian injured due to a dangerous condition believed to have been created by debtors on a walkway adjacent to a residential building.  Co-plaintiff is a spouse with a consortium claim.

---

[1] It is widely recognized in this Circuit that "litigation expenses do not constitute an injury sufficient to justify the enjoining of litigation against the debtor."  In re Todd Shipyards Corp., 92 B.R. at 603 quoting Matter of Nkongho, 59 B.R. 85, 86 (Bankr.D.N.J. 1986) citing In re Davis, 691 F.2d 176, 178 (3rd. Cir. 1982).  Thus, the cost of Debtors will be required to bear in defending the state court actions does not support denial of the pending motion.

14.     Lastly, judicial economy requires the stay be lifted.  It would be a significant waste of judicial and legal resources for the underlying state court action to be reinstituted in this Court or the District Court.  The parties have spent substantial time and energy litigating this case, have engaged in discovery and are on track for a trial or settlement.  There is no rationale for requiring this Court, or the District Court, to go over ground already treaded and decided.

15.     No prior request for the relief sought herein has been made to this or any other Court.

**<u>Conclusion</u>**

16.     For the reasons set forth above, the Conigliaro plaintiffs, Movants, herein, respectfully request this Court to enter an order substantially in the form attached hereto modifying the automatic stay to allow continuation of the underlying state court action; and granting such other and further relief as is just and proper.

Dated:  November 25, 2009

THE BAILEY LAW FIRM

/s/ James F. Bailey, Jr._____
James F. Bailey, Jr., Bar ID #336
Three Mill Road, Suite 306A
Wilmington, DE  19806
(302) 658-5686
*Attorney for Plaintiff Simone Conigliaro*

OF COUNSEL:
Michael S. Levine, Esq.
1355 Motor Parkway
Hauppauge, NY 11749
Member of the Bar of the State of New York