SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------X   VERIFIED
SIMONE CONIGLIARO and VICTORIA             COMPLAINT
CONIGLIARO,

                            Plaintiff(s),

                    -against-

J.C. PENNY CORP., INSERTCO, INC., STAR
COMMUNITY PUBLISHING, DISTRIBUTION
SYSTEMS OF AMERICA, TRIBUNE COMPANY,
and NEWSDAY'S MARKETEER/QUEENS,

                            Defendant(s).

---------------------------------------X

[Stamp: 2001 SEP 24 A 11: 56 QUEENS COUNTY CLERK RECEIVED]

      Plaintiffs, SIMONE CONIGLIARO and VICTORIA CONIGLIARO, by their attorneys, SAMANOWITZ & ENDZWEIG, complaining of the defendants herein, as and for their Verified Complaint, respectfully show to this Court and alleges as follows:

                AS AND FOR A FIRST CAUSE OF ACTION

             ON BEHALF OF PLAINTIFF SIMONE CONIGLIARO

     1.    That at all times hereinafter mentioned, the plaintiffs, SIMONE CONIGLIARO and VICTORIA CONIGLIARO, were and still are residents of the County of Queens, City and State of New York.

     2.    That at all times hereinafter mentioned and upon information and belief, the defendant J.C. PENNY was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

     3.    That at all times hereinafter mentioned, and upon information and belief, the defendant J.C. PENNY was and still is

a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned and upon information and belief, the defendant INSERTCO, INC. was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant INSERTCO, INC. was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned and upon information and belief, the defendant STAR COMMUNITY PUBLISHING was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

7. That at all times hereinafter mentioned, and upon information and belief, the defendant STAR COMMUNITY PUBLISHING was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

8. That at all times hereinafter mentioned and upon information and belief, the defendant DISTRIBUTION SYSTEMS OF AMERICA was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the defendant DISTRIBUTION SYSTEMS OF AMERICA was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

10. That at all times hereinafter mentioned and upon

information and belief, the defendant TRIBUNE COMPANY was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

11. That at all times hereinafter mentioned, and upon information and belief, the defendant TRIBUNE COMPANY was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

12. That at all times hereinafter mentioned and upon information and belief, the defendant NEWSDAY'S MARKETEER/QUEENS was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

13. That at all times hereinafter mentioned, and upon information and belief, the defendant NEWSDAY'S MARKETEER/QUEENS was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

14. That at all times hereinafter mentioned, the defendants were in the business of distributing and/or delivering to various premises certain J.C. Penny flyers.

15. That on or about February 14, 2007 the defendants distributed and/or delivered a J.C. Penny flyer to premises known as 60-64 71st Street, Maspeth, County of Queens, City and State of New York.

16. That on or about February 14, 2007 the plaintiff, SIMONE CONIGLIARO, was lawfully on the walkway of the premises known as 60-64 71st Street, Maspeth, County of Queens, City and State of New York.

17. That on February 14, 2007 while plaintiff SIMONE

CONIGLIARO was lawfully present at the walkway of the aforesaid premises, he was caused to trip and/or slip and fall and sustain severe and permanent injuries.

18. That the above mentioned occurrence and the results thereof were caused by the negligence of the defendants and/or said defendants servants, agents, employees and/or licensees in the distribution and/or delivery of a J.C. Penny flyer at the aforesaid location; in causing, allowing and permitting a trap to exist at said location; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in causing, allowing and permitting the existence of said defect to interfere with and prevent plaintiff's safe passage; in causing, creating, allowing and permitting the existence of a condition with constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in creating and causing a hazard on said walkway to the plaintiff and others; and in being otherwise negligence and careless.

19. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

20. That because of the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries the plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has

sustained a resultant loss therefrom..

21. That as result of the defendants negligence as aforesaid, this plaintiff, SIMONE CONIGLIARO, has been damaged in an amount which exceeds the jurisdictional requirements of the lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF VICTORIA CONIGLIARO

22. That at all times hereinafter mentioned, plaintiff, VICTORIA CONIGLIARO, repeats, reiterates and realleges each and every paragraph of the within Complaint with the same force and effect as if set forth herein at length.

23. That at all times hereinafter mentioned, plaintiff, VICTORIA CONIGLIARO was the lawful spouse of the plaintiff, SIMONE CONIGLIARO, and as such said plaintiff, VICTORIA CONIGLIARO, was entitled to the society, services and consortium of the said plaintiff, SIMONE CONIGLIARO.

24. By reason of the afore-described negligence of the defendant, its agents, servants and/or employees, the plaintiff VICTORIA CONIGLIARO was deprived of the society, services and consortium of the plaintiff, SIMONE CONIGLIARO, and shall forever be deprived of said society, services and consortium.

25. That by reason of the foregoing negligence on the part of the defendant, the plaintiff has been damaged in an amount which exceeds the jurisdictional requirements of the lower courts.

WHEREFORE, plaintiff, SIMONE CONIGLIARO, demands judgment against the defendants in the FIRST CAUSE OF ACTION for an amount which exceeds the jurisdictional requirements of the lower courts and in the SECOND CAUSE OF ACTION for an amount which exceeds the

jurisdictional requirements of the lower courts, together with the costs and disbursements of these actions.

DATED:   Great Neck, NY
         August  20, 2007

                              Yours, etc.,

                              SAMANOWITZ & ENDZWEIG
                              Attorneys for Plaintiff(s)
                              By:
                                 Joseph M. Endzweig
                              98 Cutter Mill Road
                              Great Neck, NY 11021
                              (516)482-8500

INDIVIDUAL VERIFICATION

STATE OF NEW YORK)
                 )ss:
COUNTY OF        )

SIMONE CONIGLIARO, being duly sworn says:
I am the plaintiff in the action herein; I have read the annexed **COMPLAINT** know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
SIMONE CONIGLIARO

Sworn to before me on

the 27 day of August    2007

_____
NOTARY PUBLIC

LISA E. McGINN
Notary Public, State Of New York
No.01MC6062563
Qualified In Kings County
Commission Expires August 13, 2009