IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 2557, 2641 |

## ORDER GRANTING DEBTORS (I) LIMITED WAIVER OF REQUIREMENTS OF LOCAL RULE 3007-1(f) AND (II) AUTHORITY TO SETTLE DISPUTED CLAIMS

Upon consideration of the Motion[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), by which the Debtors respectfully request the entry of an order pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rules 3007 and 3021, and Local Rules 1001-1(c) and 3007-1(f), granting the Debtors (i) a limited waiver of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Motion.

requirements of Local Rules 3007-1(f)(i) and 3007-1(f)(ii) and (ii) authority to settle or compromise Disputed Claims; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of the Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is hereby granted; and it is further

ORDERED that the Debtors are granted a limited waiver of the requirements of Local Rules 3007-1(f)(i) and 3007-1(f)(ii) to (a) permit the Debtors to object to more than one hundred and fifty (150) Disputed Claims in each Substantive Objection, and (b) allow the Debtors to file more than two (2) Substantive Objections per calendar month, <u>provided, however</u>, that the Debtors shall not schedule more than two (2) Substantive Objections for hearing in any given month absent further order of the Bankruptcy Court; and it is further

ORDERED that the Debtors are authorized to settle or compromise the Disputed Claims in accordance with the following Settlement Procedures:

    A.    If the proposed settlement amount of a Disputed Claim is less than $50,000, the Debtors are authorized to settle such Disputed Claim and execute necessary documents, including a stipulation of settlement or release, without prior notice to any party and without a further order of this Court.

    B.    If the proposed settlement amount of a Disputed Claim is equal to or greater than $50,000 but less than $1,000,000, the Debtors are authorized to settle such Disputed Claim and execute necessary documents, including a stipulation of settlement or release, upon ten (10) business days' prior written notice to counsel to the U.S. Trustee, the Committee and counsel to the Steering Committee, and if no objection to the proposed settlement is received from any of those parties within the ten-day period, the proposed settlement shall become effective without further order of this Court.

    C.    If the proposed settlement amount of a Disputed Claim is equal to or greater than $1,000,000, the Debtors are authorized to settle the Disputed Claim and execute necessary documents, including a stipulation of settlement or release, following approval of the Bankruptcy Court in accordance with Bankruptcy Rule 9019.

D. If the U.S. Trustee, the Committee and/or the Steering Committee objects to the proposed settlement of a Disputed Claim within the ten-day period described in clause B above, and such objection is not subsequently resolved, then the Debtors may (i) forego entry into the settlement agreement in question; (ii) modify the terms of the settlement agreement in a way that results in the U.S. Trustee, the Committee and/or the Steering Committee withdrawing its objection; or (iii) seek an order of this Court authorizing the Debtors to enter into the settlement agreement over the U.S. Trustee, the Committee's and/or Steering Committee's objection; and it is further

ORDERED that the Debtors shall file with this Court, not less than once a quarter, a report of all Disputed Claims settled for less than $1,000,000 pursuant to the Settlement Procedures; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
December ___, 2009

_____
The Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

3

46429/0001-6115179v1