# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: December 15, 2009 at 4:00 p.m.**<br>**Hearing Date: TBD [Pursuant to Interim Compensation**<br>**Order (Docket No. 225) only if objections are received]** |

## NOTICE OF FIFTH APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM SEPTEMBER 1, 2009 THROUGH OCTOBER 31, 2009

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | The above-captioned debtors and debtors in possession |
| Date of Retention: | March 10, 2009 (*nunc pro tunc* to December 8, 2008) |
| Period for Which Compensation and Reimbursement Is Sought: | September 1, 2009 through October 31, 2009 |
| Amount of Compensation Requested: | $23,954.00 (80% of $29,942.50) |
| Amount of Expense Reimbursement Requested: | $312.87 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1729611v1

## PROFESSIONAL SERVICES RENDERED
## BY JONES DAY ON BEHALF OF THE DEBTORS
## SEPTEMBER 1, 2009 THROUGH OCTOBER 31, 2009

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **PARTNERS & COUNSEL:** | | | | | |
| Proger, PA | 1973 | A | $900.00 | 13.70 | $12,330.00 |
| **Total Partners & Counsel** | | | | **13.70** | **$12,330.00** |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **ASSOCIATES:** | | | | | |
| Chi, DN | 2007 | B | $350.00 | 10.60 | $3,710.00 |
| Thomas, RC | 2000 | A | $475.00 | 15.50 | $7,362.50 |
| **Total Associates** | | | | **26.10** | **$11,072.50** |

| NAME OF PROFESSIONAL | YEAR ADMITTED | DEPT. | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| **STAFF ATTORNEYS, PARAPROFESSIONALS AND LEGAL SUPPORT** | | | | | |
| Arnett, CA | N/A | A | $175.00 | 2.30 | $402.50 |
| Deverines, J | N/A | LSupp | $325.00 | 9.90 | $3,217.50 |
| Fischer, LC | 1996 | SA | $225.00 | 3.20 | $720.00 |
| Sobczak, AK | N/A | B | $250.00 | 8.80 | $2,200.00 |
| **Total Staff Attorneys, Paraprofessionals & Legal Support** | | | | **24.20** | **$6,540.00** |

A = Antitrust & Competitive Law; B = Business Restructuring and Reorganization; LSupp = Legal Support; SA – Staff Attorney

| PROFESSIONALS | BLENDED RATE | TOTAL HOURS | TOTAL COMPENSATION |
|---|---:|---:|---:|
| Partners & Counsel | $900.00 | 13.70 | $12,330.00 |
| Associates | $424.23 | 26.10 | $11,072.50 |
| Staff Attorneys, Paraprofessionals & Legal Support | $270.24 | 24.20 | $6,540.00 |
| **Grand Total** | | **64.00** | **$29,942.50** |

# SUMMARY OF SERVICES BY CASE MATTER
# FOR SERVICES RENDERED BY JONES DAY
# ON BEHALF OF THE DEBTORS
# SEPTEMBER 1, 2009 THROUGH OCTOBER 31, 2009

| MATTER NAME | HOURS | AMOUNT |
|---|---:|---:|
| Potential Newspaper Acquisition 1 | 2.20 | $1,980.00 |
| Advice on Antitrust Matters | 61.80 | $27,962.50 |
| **Total** | **64.00** | **$29,942.50** |

## ACTUAL AND NECESSARY DISBURSEMENTS
## INCURRED BY JONES DAY
## ON BEHALF OF THE DEBTORS
## SEPTEMBER 1, 2009 THROUGH OCTOBER 31, 2009

| MATTER NAME | AMOUNT |
|---|---|
| Conference Charges | $2.75 |
| Document Reproduction Charges | $273.34 |
| Lexis Search Fees | $23.32 |
| Long Distance | $13.46 |
| **Total** | **$312.87** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objection Deadline: December 15, 2009 at 4:00 p.m.**<br>**Hearing Date: TBD [Pursuant to Interim Compensation**<br>**Order (Docket No. 225) only if objections are received]** |

### FIFTH APPLICATION OF JONES DAY FOR
### ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES
### FOR THE PERIOD FROM SEPTEMBER 1, 2009 THROUGH OCTOBER 31, 2009

Jones Day, special counsel to the above-captioned debtors (collectively, the

"Debtors") pursuant to sections 327(e) and 1107 of title 11 of the United States Code (the

"Bankruptcy Code"), hereby makes its fifth application for allowance of compensation of

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CHI-1729611v1                                    6

$23,954.00 (80% of $30,255.37) and reimbursement of expenses of $312.87 for the period from September 1, 2009 through October 31, 2009 (the "Compensation Period") in accordance with the Court's Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 225] (the "Interim Compensation Order") and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications [Docket No. 546] (the "Fee Examiner Order"). In support of this Application, Jones Day respectfully represents as follows:

1. Jones Day attorneys and paraprofessionals expended a total of 64.00 hours during the Compensation Period for which compensation is requested.

2. During the Compensation Period, Jones Day has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Jones Day and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

3. The fees charged by Jones Day in these cases are billed in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

4. Pursuant to Local Rule 2016-2(c) and in accordance with Local Form 102, attached hereto are (i) a schedule setting forth all Jones Day professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each individual is employed by Jones Day, the department in which each

individual practices, the hourly billing rate charged by Jones Day for the services performed by such individual, the aggregate number of hours expended in these cases and fees billed therefore and the year in which each professional was first licensed to practice law; (ii) a summary of services by case matter for services rendered by Jones Day during the Compensation Period; and (iii) a schedule setting forth the actual and necessary disbursements that Jones Day incurred during the Compensation Period in connection with the performance of professional services for the Debtors, and for which it seeks reimbursement.

5.  Jones Day's itemized time records for professionals and paraprofessionals performing services for the Debtors during the Compensation Period and Jones Day's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period are set forth in Exhibits A and B, respectively. All expenses itemized comply with the requirements set forth in Local Rule 2016-2.

6.  This Application complies with sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Guidelines adopted by the Executive Office of the United States Trustee for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Guidelines"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Interim Compensation Order, and the Fee Examiner Order.

## BACKGROUND

7.  On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008,

the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

8. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. On January 15, 2009, the Debtors filed their Application for an Order Authorizing Debtors to Employ and Retain Jones Day as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to the Petition Date [Docket No. 235] (the "Retention Application"), by which the Debtors sought authority to retain and employ Jones Day as their special counsel in these chapter 11 cases in connection with certain antitrust regulatory matters. By order dated March 10, 2009 [Docket No. 501] (the "Retention Order"), the Retention Application was granted *nunc pro tunc* to the Petition Date.

10. On June 1, 2009, Jones Day filed its First Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from December 8, 2008 through March 31, 2009 [Docket No. 1281]. On June 24, 2009, local counsel filed a Certificate of No Objection Regarding First Application of Jones Day for Allowance of Compensation for Reimbursement of Expenses for the Period from December 8, 2008 through March 31, 2009 [Docket No. 1625].

11. On July 6, 2009, Jones Day filed its Second Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from April 1, 2009 through May 31, 2009 [Docket No. 1688]. On July 29, 2009, local counsel filed a Certificate of No Objection Regarding Second Application of Jones Day for Allowance of

Compensation for Reimbursement of Expenses for the Period from April 1, 2009 through May 31, 2009 [Docket No. 1860].

12. On August 13, 2009, Jones Day filed its Third Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from June 1, 2009 through June 30, 2009 [Docket No. 1957]. On September 4, 2009, local counsel filed a Certificate of No Objection Regarding Third Application of Jones Day for Allowance of Compensation for Reimbursement of Expenses for the Period from June 1, 2009 through June 30, 2009 [Docket No. 2097].

13. On July 15, 2009, Jones Day filed its First Interim Fee Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from December 8, 2008 through February 28, 2009 [Docket No. 1741]. Also on July 15, 2009, Jones Day filed its Second Interim Fee Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from March 1, 2009 through May 31, 2009 [Docket No. 1742]. On August 6, 2009, local counsel filed a Certificate of No Objection Regarding First Interim Fee Application of Jones Day for Allowance of Compensation for the Period from December 8, 2009 through February 28, 2009 [Docket No. 1907]. Also on August 6, 2009, local counsel filed a Certificate of No Objection Regarding Second Interim Fee Application of Jones Day for Allowance of Compensation for the Period from March 1, 2009 through May 31, 2009 [Docket No. 1908].

14. On September 25, 2009, Jones Day filed its Fourth Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from July 1, 2009 through August 31, 2009 [Docket No. 2229]. On October 19, 2009, local counsel

filed a Certificate of No Objection Regarding Fourth Application of Jones Day for Allowance of Compensation for the Period from July 1, 2009 through August 31, 2009 [Docket No. 2385].

15. On October 15, 2009, Jones Day filed its Third Interim Fee Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from June 1, 2009 through August 31, 2009 [Docket No. 2371]. On November 6, 2009, local counsel filed a Certificate of No Objection Regarding Third Interim Fee Application of Jones Day for Allowance of Compensation for the Period from June 1, 2009 through August 31, 2009.

## SUMMARY OF SERVICES

16. Attached hereto as Exhibit A is a detailed statement of fees incurred during the Compensation Period, showing the amount of $29,942.50 due for fees. The services rendered by Jones Day during the Compensation Period are grouped by matter as set forth in Exhibit A.[3] The attorneys and paralegals who rendered services relating to each Debtor are identified, along with the number of hours for each individual and the total compensation sought for each category.

17. The following is a summary of the activities performed by Jones Day professionals and paraprofessionals during the Compensation Period, organized by category.[4]

**A.    Potential Newspaper Acquisition 1 — 2.20 hours — $1,980.00**

18. During the Compensation Period, Jones Day professionals reviewed and analyzed documents relating to content sharing and license agreements.

---

[3] The matter descriptions set forth herein are described generally as these matters involve sensitive non-public, confidential information. In that regard, the time entries attached hereto have also been redacted. Jones Day will make available unredacted time entries to the Court, the United States Trustee and the fee examiner appointed in these cases upon request.

[4] The summary set forth below is qualified in its entirety by reference to the time and services detail attached hereto as Exhibit A.

**B.     Advice on Antitrust Matters — 61.80 hours — $27,962.50**

19.     Jones Day professionals and paraprofessionals devoted time during the Compensation Period to the review of several potential ventures involving the Debtors' newspaper business. Jones Day professionals also attended meetings with the Debtors' management to discuss the antitrust aspects of such ventures. Jones Day professionals and paraprofessionals also devoted limited time to researching and reviewing market statistics relating to certain of the Debtors' properties in support of Jones Day's review of the contemplated ventures.

20.     Jones Day professionals and paraprofessionals also expended time and effort during the Compensation Period on matters regarding Jones Day's fee application for the period between and including July 1, 2009 through August 31, 2009 fee application filed on September 25, 2009 [Docket No. 2229], Jones Day's third interim fee application for the period between and including June 1, 2009 and August 31, 2009 filed on October 15, 2009 [Docket No. 2371] and a supplemental conflicts disclosure filed on November 5, 2009 [Docket No. 2501]. Jones Day professionals also expended limited time reviewing and responding to a letter from the fee examiner regarding Jones Day's fees.

## EXPENSES INCURRED BY JONES DAY

21.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. Accordingly, Jones Day seeks reimbursement for expenses ("Expenses") incurred in rendering services to the Debtors during the Compensation Period, in the amount of $312.87. A schedule of the Expenses is attached hereto as Exhibit B.

## CONCLUSION

22.     The fees and expenses requested herein by Jones Day are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market

23.     No agreement or understanding exists between Jones Day or any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Jones Day.

24.     All of the services for which compensation is requested hereunder were rendered at the request of and solely on behalf of the Debtors, and not on behalf of any other entity. In this regard, and incorporated herein by reference, the Certification of Phillip A. Proger in accordance with the Local Rules is attached hereto as Exhibit C.

## NOTICE

25.     Jones Day has served this Application in accordance with the Interim Compensation Orders, the Fee Examiner Order and the Local Rules. Any objections to this Application must be in writing and filed with the Court and served upon (i) Jones Day: 51 Louisiana Avenue, N.W. Washington, D.C. 20001-2113 attn: Phillip A. Proger; (ii) co-counsel to the Debtors: Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, attn: Kenneth P. Kansa; and Cole, Schotz, Meisel, Forman, & Leonard, P.A., 1000 N. West St., Suite 1200, Wilmington, DE 19801, attn: J. Kate Stickles; (iii) counsel to the Barclays Bank PLC, in its capacity as Lender, Funding Agent, and Administrative Agent; (iv) counsel to the administrative Agent for the Prepetition Lenders: Davis, Polk, & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017; (v) counsel to the Committee; and (vi) the Office of the United States Trustee

for the District of Delaware, so as to be received no later than 20 days after the date of service of the Application. Under the Interim Compensation Order, if no objections to a monthly fee application are made, the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses requested in the fee application.

WHEREFORE, Jones Day respectfully requests that the Court, in accordance with the Interim Compensation Order: (i) allow compensation of $23,954.00 (80% of $29,942.50) for services rendered in connection with these chapter 11 cases during the Compensation Period; (ii) allow reimbursement of Expenses incurred during the Compensation Period of $312.87; (iii) authorize the Debtors to pay to Jones Day such amounts in accordance with the Interim Compensation Order; and (iv) grant such other and further relief as the Court may deem proper.

Dated:  November 25, 2009
        Wilmington, Delaware

Respectfully submitted,

/s/ Phillip A. Proger
Phillip A. Proger
(OH I.D. 0025774, D.C. I.D. 929596)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939

ATTORNEYS FOR DEBTORS