## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 2645** |

## NOTICE OF AMENDED[2] AGENDA OF MATTERS SCHEDULED
## FOR HEARING ON DECEMBER 1, 2009 AT 10:00 A.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to appear telephonically at the hearing
must contact COURTCALL, LLC at 866-582-6878 to register to participate.

## CONTINUED MATTERS

1.      Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy
        Code (Filed February 20, 2009) (Docket No. 438)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] **Amendments appear in bold print.**

Objection Deadline: March 5, 2009 at 4:00 p.m.
On consent of the parties, the Objection Deadline was further extended to 4:00 p.m. on June 18, 2009 for the Debtors.

Responses Received:

(a)    Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 3, 2009) (Docket No. 465)

(b)    Joinder of the Official Committee of Unsecured Creditors in the Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 5, 2009) (Docket No. 475)

(c)    Certification of Counsel with Respect to Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with a Pretrial Settlement Conference with Respect to a Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Filed November 24, 2009) (Docket No. 2627)

**(d)    Order Approving Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with a Pretrial Settlement Conference with Respect to a Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Entered November 25, 2009) (Docket No. 2652)**

Status:    **The parties have agreed to adjourn this matter until the January 27, 2010 hearing. The Court entered an Order approving a stipulation which provides, in part, that the automatic stay shall be modified for the sole and limited purposes of permitting the parties to proceed with a Settlement Conference. This matter will not be going forward.**

2.    Revised Motion of CenterPoint Energy Services, Inc. for Allowance and Payment of § 503(b)(9) Administrative Expense Claim (Filed October 23, 2009) (Docket No. 2414)

Related Document(s):

(a)    Exhibit A to Amended Motion for Payment of Administrative Expenses (Filed October 29, 2009) (Docket No. 2456)

Objection Deadline: November 11, 2009 at 4:00 p.m.
On consent of the parties, the Objection Deadline has been extended to 4:00 p.m. on December 8, 2009 for the Debtors.

Responses Received: None.

46429/0001-6014557v3

Status:          On consent of the parties, this matter is continued to the December 15, 2009 hearing.  This matter will not be going forward.

3.      Motion for Entry of an Order (I) Authorizing Debtor Los Angeles Times Communications LLC to Assume a Certain Unexpired Lease of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code and (II) Setting Cure Amount with Respect Thereto (Filed November 11, 2009) (Docket No. 2547)

Related Document(s):

Objection Deadline:  November 23, 2009 at 4:00 p.m.

Responses Received:

        (a)      Lessor's [Diablo Investment Co.] Limited Objection to Specific Terms of Proposed Order (I) Authorizing Debtor Los Angeles Times Communications LLC to Assume its Unexpired Lease of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code and (II) Setting Cure Amount with Respect Thereto [2547] (Filed November 20, 2009) (Docket No. 2609)

Status:          On consent of the parties, this matter is continued to the December 15, 2009 hearing.  This matter will not be going forward.

## RESOLVED MATTERS

4.      Motion of Ariel B. Brignole for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (Filed September 2, 2009) (Docket No. 2068)

Related Document(s):

        (a)      Notice of Hearing (Filed September 2, 2009) (Docket No. 2069)

Objection Deadline:  September 17, 2009 at 4:00 p.m.

Responses Received:

        (a)      Debtors' Preliminary Response to Motion of Ariel B. Brignole for Relief from Automatic Stay (Filed September 17, 2009) (Docket No. 2144)

Status:          The parties have reached a settlement in principle subject to documentation.  This matter will not be going forward.

46429/0001-6014557v3

**CONTESTED MATTERS WITH CERTIFICATIONS OF COUNSEL**

5.    Debtors' Sixth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed October 30, 2009) (Docket No. 2466)

Related Document(s):

(a)    Certification of Counsel Regarding Debtors' Sixth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 25, 2009) (Docket No. 2638)

**(b)    Order Sustaining Debtors' Sixth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered November 25, 2009) (Docket No. 2668)**

Response Deadline:  November 23, 2009 at 4:00 p.m.
On consent of the parties, the Response Deadline was extended to 4:00 p.m. on November 24, 2009 for the Internal Revenue Service.

Responses Received:

(a)    Response by New York State Department of Taxation and Finance to Debtors' Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 20, 2009) (Docket No. 2595)

**(b)    United States' Response to Debtors' Sixth Omnibus Objection to Claims (Filed November 25, 2009) (Docket No. 2653)**

**Status:        The Court entered an Order sustaining the Objection.  This matter will not be going forward.**

**UNCONTESTED MATTERS WITH CERTIFICATIONS OF NO OBJECTION**

6.    Debtors' Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed October 30, 2009) (Docket No. 2465)

Related Document(s):

(a)    Certification of No Objection Regarding Debtors' Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 25, 2009) (Docket No. 2637)

46429/0001-6014557v3

  **(b)**   **Order Sustaining Debtors' Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered November 25, 2009) (Docket No. 2665)**

Objection Deadline:  November 23, 2009 at 4:00 p.m.

Responses Received: None.

**Status:**   **The Court entered an Order sustaining the Objection.  This matter will not be going forward.**

7.   Motion Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Proceedings (Filed November 2, 2009) (Docket No. 2477)

  Related Document(s):

  **(a)**   Certification of No Objection Regarding Motion Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Proceedings (Filed November 25, 2009) (Docket No. 2639)

  **(b)**   **Order Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027 for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Proceedings (Entered November 25, 2009) (Docket No. 2664)**

Objection Deadline:  November 23, 2009 at 4:00 p.m.

Responses Received: None.

**Status:**   **The Court entered an Order granting the Motion.  This matter will not be going forward.**

46429/0001-6014557v3

8.    Motion of Debtors and Debtors in Possession for an Order Directing the Use of an
      Amended Caption in the Debtors' Cases Pursuant to Section 105(a) of the Bankruptcy
      Code and Bankruptcy Rules 1005, 2002(m) and 2002(n) (Filed November 10, 2009)
      (Docket No. 2539)

      Related Document(s):

            (a)    Certification of Counsel Regarding Motion of Debtors and Debtors in
                   Possession for an Order Directing the Use of an Amended Caption in the
                   Debtors' Cases Pursuant to Section 105(a) of the Bankruptcy Code and
                   Bankruptcy Rules 1005, 2002(m) and 2002(n) (Filed November 24, 009)
                   (Docket No. 2629)

            **(b)    Order Directing the Use of an Amended Caption in the Debtors'
                   Cases Pursuant to Section 105(a) of the Bankruptcy Code and
                   Bankruptcy Rules 1005, 2002(m) and 2002(n) (Entered November 25,
                   2009) (Docket No. 2659)**

      Objection Deadline:  November 23, 2009 at 4:00 p.m.

      Responses Received: None.

            **Status:        The Court entered an Order granting the Motion.  This matter will
                        not be going forward.**

9.    Motion of Debtor Tribune Company for Entry of an Order Authorizing Rejection of the
      Service Agreement Between Tribune Company and Kenexa BrassRing, Inc. Pursuant to
      Section 365 of the Bankruptcy Code (Filed November 10, 2009) (Docket No. 2542)

      Related Document(s):

            (a)    Certification of No Objection Regarding Motion of Debtor Tribune
                   Company for Entry of an Order Authorizing Rejection of the Service
                   Agreement Between Tribune Company and Kenexa BrassRing, Inc.
                   Pursuant to Section 365 of the Bankruptcy Code (Filed November 25,
                   2009) (Docket No. 2640)

            **(b)    Order Authorizing Rejection of the Service Agreement Between
                   Tribune Company and Kenexa BrassRing, Inc. Pursuant to Section
                   365 of the Bankruptcy Code (Entered November 25, 2009) (Docket
                   No. 2658)**

      Objection Deadline:  November 23, 2009 at 4:00 p.m.

      Responses Received: None.

            **Status:        The Court entered an Order granting the Motion.  This matter will
                        not be going forward.**

46429/0001-6014557v3

10. Motion of Debtors and Debtors in Possession for an Order Granting the Debtors (I) a Limited Waiver of the Requirements of Local Rule 3007-1(f) and (II) Authority to Settle Disputed Claims (Filed November 13, 2009) (Docket No. 2557)

Related Document(s):

    (a) Certification of No Objection Regarding Motion of Debtors and Debtors in Possession for an Order Granting the Debtors (I) a Limited Waiver of the Requirements of Local Rule 3007-1(f) and (II) Authority to Settle Disputed Claims (Filed November 25, 2009) (Docket No. 2641)

    **(b) Order Granting the Debtors (I) a Limited Waiver of the Requirements of Local Rule 3007-1(f) and (II) Authority to Settle Disputed Claims (Entered November 25, 2009) (Docket No. 2657)**

Objection Deadline:  November 23, 2009 at 4:00 p.m.

Responses Received: None.

**Status:** **The Court entered an Order granting the Motion.  This matter will not be going forward.**

11. Motion of Debtor Tribune Publishing Company for an Order Authorizing Assumption of Amended Master Services Agreement with Hewlett-Packard Company (Filed November 13, 2009) (Docket No. 2564)

Related Document(s):

    (a) Certification of No Objection Regarding Motion of Debtor Tribune Publishing Company for an Order Authorizing Assumption of Amended Master Services Agreement with Hewlett-Packard Company (Filed November 25, 2009) (Docket No. 2642)

    **(b) Order Authorizing Assumption of Amended Master Services Agreement with Hewlett-Packard Company (Entered November 25, 2009) (Docket No. 2656)**

Objection Deadline:  November 23, 2009 at 4:00 p.m.

Responses Received: None.

**Status:** **The Court entered an Order granting the Motion.  This matter will not be going forward.**

46429/0001-6014557v3

12.    Joint Motion of Debtor Tribune Publishing Company and Hewlett-Packard Company for Entry of an Order Authorizing them to File Amended Master Services Agreement Under Seal (Filed November 13, 2009) (Docket No. 2565)

Related Document(s):

   (a)    Certification of No Objection Regarding Joint Motion of Debtor Tribune Publishing Company and Hewlett-Packard Company for Entry of an Order Authorizing them to File Amended Master Services Agreement Under Seal (Filed November 25, 2009) (Docket No. 2643)

   **(b)    Order Authorizing Debtor Tribune Publishing Company and Hewlett-Packard Company to File Amended Master Services Agreement Under Seal (Entered November 25, 2009) (Docket No. 2669)**

Objection Deadline:  November 23, 2009 at 4:00 p.m.

Responses Received: None.

**Status:        The Court entered an Order granting the Motion.  This matter will not be going forward.**

## CONTESTED MATTERS GOING FORWARD

13.    Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed October 23, 2009) (Docket No. 2407)

Related Document(s):

   (a)    Re-Notice of Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed October 23, 2009) (Docket No. 2413)

   (b)    Joinder and Response of Deutsche Bank Trust Company of Americas, Indenture Trustee Under the 1992 Indenture, the 1996 Indenture and the 1997 Indenture in the Relief Sought by Law Debenture Trust Company of New York in its Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 24, 2009) (Docket No. 2620)

8

    (c)      Joinder of Centerbridge Credit Advisors LLC to Law Debenture Trust Company of New York's (I) Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments, and (II) Response to the Debtors' Motion to Extend Their Exclusivity Periods (Filed November 24, 2009) (Docket No. 2630)

    (d)      Reply of Law Debenture Trust Company of New York in Support of its Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 24, 2009) (Docket No. 2631)

    **(e)**      **Exhibit to Reply of Law Debenture Trust Company of New York in Support of its Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 25, 2009) (Docket No. 2648)**

Objection Deadline:  November 10, 2009 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to November 20, 2009 for the Official Committee of Unsecured Creditors, JPMorgan Chase Bank, N.A., Credit Agreement Lenders and the Debtors.

Responses Received:

    (a)      Response of the Official Committee of Unsecured Creditors to the Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 20, 2009) (Docket No. 2596)

    (b)      JPMorgan Chase Bank, N.A. 's Objection to "Motion of Law Debenture Trust Company of New York to Terminate Debtors Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments" [Dkt. No. 2407] (Filed November 20, 2009) (Docket No. 2597)

    (c)      Credit Agreement Lenders' Statement and Joinder in JPMorgan Chase Bank N.A. 's Opposition to Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 20, 2009) (Docket No. 2602)

    (d)      Debtors' Response to Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (Filed November 20, 2009) (Docket No. 2603)

9

Status:         This matter will be going forward.

14.    Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof (Filed November 13, 2009) (Docket No. 2566)

Related Document(s):

    (a)    Official Committee of Unsecured Creditors' Statement in Support of Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof (Filed November 23, 2009) (Docket No. 2610)

Objection Deadline:  November 23, 2009 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to November 24, 2009 for Law Debenture Trust Company of New York, Credit Agreement Lenders, JPMorgan Chase Bank N.A., Centerbridge Credit Advisors LLC, and the Official Committee of Unsecured Creditors.

Responses Received:

    (a)    Law Debenture Trust Company of New York's Response to the Debtors' Motion to Extend Their Exclusivity Periods (Filed November 24, 2009) (Docket No. 2616)

    (b)    Credit Agreement Lenders' Objection to Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof (Filed November 24, 2009) (Docket No. 2617)

    (c)    JPMorgan Chase Bank N.A.'s Objection to Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof (Docket No. 2566) (Filed November 24, 2009) (Docket No. 2619)

Status:         This matter will be going forward.

46429/0001-6014557v3

**STATUS CONFERENCE**

15.     Status Conference with respect to Adversary Proceeding No. 09-50486 (KJC), Tribune
        Media Services, Inc. v. Warren Beatty

        Related Document(s):

        (a)     Memorandum (Entered November 9, 2009) (Adv. Case No. 09-50486)
                (Adv. Docket No. 38)

        (b)     Order (Entered November 9, 2009) (Adv. Case No. 09-50486) (Adv.
                Docket No. 39)

        **Status:**      **The parties anticipate submitting a proposed order under certification
                         of counsel.  With the Court's approval, this matter is being adjourned
                         to the December 15, 2009 hearing.  This matter will not be going
                         forward.**

16.     Motion of the Debtors for a Status Conference Pursuant to 11 U.S.C. § 105(d) Regarding
        the Leveraged ESOP Transactions and Outstanding Discovery Requests Thereto (Filed
        November 13, 2009) (Docket No. 2567)

        Related Document(s):

        (a)     Order Pursuant to 11 U.S.C. § 105(d) Scheduling a Status Conference
                Regarding the Leveraged ESOP Transactions and Outstanding Discovery
                Requests Thereto (Entered November 19, 2009) (Docket No. 2593)

        Objection Deadline:  November 23, 2009 at 4:00 p.m.

        Responses Received:

        (a)     Credit Agreement Lenders' Status Conference Statement Regarding
                Leveraged ESOP Transactions and Outstanding Discovery Requests
                Thereto (Filed November 24, 2009) (Docket No. 2618)

        Status:          The Debtors requested the status conference to provide the court with an
                         overview of pending discovery related to a pre-petition leveraged buyout
                         transaction and an update on outstanding issues.  As a general matter
                         discovery has progressed in a satisfactory manner and there are only a few
                         discrete issues that remain involving the Debtors, the Official Committee
                         of Unsecured Creditors, and Merrill Lynch.  Consequently, the Debtors
                         only intend to proceed on those issues and other parties involved in the
                         discovery need not attend.  To the extent not previously covered, the
                         Debtors will provide the Court with an update of matters remaining to be
                         addressed as the case progresses to a plan.

46429/0001-6014557v3

Dated:  November **30**, 2009

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Janet E. Henderson
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6014557v3