UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

FEE EXAMINER'S FINAL REPORT
REGARDING SECOND INTERIM FEE APPLICATION OF
JONES DAY

Stuart Maue, in its capacity as fee examiner, submits this final report with respect to the Second Interim Fee Application of Jones Day ("Application"), for the period from March 1, 2009, through May 31, 2009, seeking approval of fees that total $41,280.00 and reimbursement of expenses that total $91.54. Jones Day is special counsel to the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## Background

1. Stuart Maue reviewed the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2. This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees are displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For the purpose of context, the other tasks within the same entries are also displayed but not underlined.

3. Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4. Stuart Maue issued a preliminary report of our findings to Jones Day, and in turn the firm provided a written response. After consideration of the firm's response, Stuart Maue prepared this final report to the Court for its consideration.

## Discussion of Findings

### Recomputation of Fees and Expenses

5.  Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and multiplied by that individual's hourly rate. The recomputation of fees and expenses revealed no difference between the amounts requested and the amounts computed.

### Review of Fees

6.  **Redactions.** The Application included 33 partially redacted time entries. The entries totaled 18.10 hours and $11,275.00 in associated fees. While the redaction of entries may be appropriate, the reason or necessity of redactions should be included in the narrative of the Application. The Application did not provide a specific explanation for the necessity of the redactions; however, the three matters were identified as "Potential Newspaper Acquisition 1," "Potential Joint Venture," and "Corporate Antitrust Advice." Based on the matter information provided by the firm, Stuart Maue requested no additional information from Jones Day regarding the redacted time entries.

7.  **Firm Staffing.** The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." The Application provided the names, positions, and hourly rates of the Jones Day professionals and paraprofessionals who billed to this matter. The matter was staffed with four professionals and one paraprofessional, consisting of one partner, three associates, and one legal assistant. A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm billed a total of 70.60 hours with associated fees of $41,280.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 25.90 | 37% | $23,310.00 | 57% |
| Associate | 35.70 | 50% | 15,720.00 | 38% |
| Legal Assistant | 9.00 | 13% | 2,250.00 | 5% |
| TOTAL | 70.60 | 100% | $41,280.00 | 100% |

The blended hourly rate for the Jones Day professionals is $633.60 and the blended hourly rate for professionals and paraprofessional is $584.70.

8.  **Hourly Rate Increases.**  Jones Day did not increase the hourly rates of timekeepers during the second interim period.

9.  **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that fee applications include complete and detailed activity descriptions and that each description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference."

Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. Activity descriptions for legal research should include the issues researched and the purpose of the research, and must be sufficiently detailed to allow a determination of whether the research is case related, the research is presumably familiar to experienced professionals, and the research is being performed by a professional with an appropriate experience level. Time entries that described the task

performed as "follow up" or "attention to" do not provide sufficient information regarding the actual activity (i.e., review, draft, revise, etc.).

Most of the firm's activity descriptions were sufficiently detailed. Four entries included the phrase "attention to" and did not describe the actual activity performed. The entries identified as vaguely described activities, totaling 1.40 hours with $1,260.00 in associated fees, were displayed in Exhibit B to the preliminary report. Stuart Maue requested that Jones Day provide sufficient detail for each entry in future applications.

Stuart Maue makes no recommendation for a fee reduction resulting from vaguely described time entries. Exhibit B is omitted from this report.

10. **Block Billing.** The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." (Section II.D.5). Jones Day did not block bill time entries.

11. **Conferences, Hearings, and Other Events.** Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" and Section II.D.5 of the Guidelines states "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994). Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees at conferences and hearings.

a. **Nonfirm Conferences, Hearings, and Events.** Stuart Maue identified five occasions when two or more Jones Day timekeepers billed to attend the same nonfirm conference, hearing, or other event. The entries, totaling 4.40 hours with $2,855.00 in associated fees, were displayed in Exhibit C to the preliminary report. The entries for all attendees, except the timekeeper

who appeared to be the most responsible at the event (i.e., the timekeeper who conducted a meeting rather than simply attended the meeting), totaled 2.60 hours with $1,235.00 in associated fees and were highlighted in bold and marked with an ampersand [&] in the exhibit. Stuart Maue makes no recommendation for a fee reduction resulting from multiple attendance, and Exhibit C is omitted from this report.

      b. **Intraoffice Conferences.** The fees billed by Jones Day for intraoffice conferences total 0.80 hour with $592.50 in associated fees, which computed to approximately 1% of the total fees requested in the Application. No two professionals and/or paraprofessionals billed to attend these same internal conferences.

  12. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Likewise, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit firm time entries and invoices. "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In Re CF & I Fabricators of Utah*, 131 B.R. 474, 485 (D. Utah 1991). Stuart Maue identified nine tasks in the Application, totaling 6.00 hours with $1,500.00 in associated fees that related to the review and edits of monthly fee statements. The entries were identified as potentially administrative activities and displayed in Exhibit D to the preliminary report.

  In response to the preliminary report, Jones Day stated it has not been the firm's practice in the course of Jones Day's extensive practice in the Delaware courts to write off as administrative the work contained in the entries set forth in Exhibit D to the preliminary report. Nonetheless, Jones Day was willing to voluntarily waive one-half of the fees identified as potentially

administrative. Accordingly, Stuart Maue recommends a fee reduction in the amount of $750.00 for the administrative activities displayed in Exhibit D to this report.

13. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel. Jones Day did not invoice fees for any clerical activities.

14. **Travel.** Local Rule 2016-2 (d)(viii) provides that "travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." The Application did not include any entries for travel time.

15. **Jones Day Retention/Compensation.** Stuart Maue reviewed and identified entries related to the compensation of Jones Day. The firm billed 19.60 hours with associated fees of $6,147.50 to prepare the firm's applications for compensation, which computes to approximately 15% of the total fees billed by the firm. The fee entries identified as retention/compensation activities were displayed in Exhibit E to the preliminary report. Stuart Maue makes no recommendation for a fee reduction resulting from the retention/compensation activities, and Exhibit E is omitted from this report.

## Review of Expenses

16. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 provide: "Factors relevant to a determination that the expense is proper include ... whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Jones Day requested reimbursement for expenses, totaling

$91.54, which included several conference and telephone charges, one United Parcel Service charge, and one PACER charge. The information provided with regard to the charges was sufficiently detailed.

### Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $40,530.00 ($41,280.00 minus $750.00) and reimbursement of expenses in the amount of $91.54 for the period from March 1, 2009, through May 31, 2009.

Respectfully submitted,

**STUART MAUE**

By: /s/ John L. Decker

John L. Decker, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:   (314) 291-3030
Facsimile:    (314) 291-6546
tribunebkr@smmj.com

**Fee Examiner**

## APPENDIX A

**JONES DAY**

### SUMMARY OF FINDINGS

#### Second Interim Fee Application (March 1, 2009 through May 31, 2009)

**A.  Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $41,280.00 | |
| Expenses Requested | 91.54 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $41,371.54 |
| Fees Computed | $41,280.00 | |
| Expenses Computed | 91.54 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $41,371.54 |

**B.  Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested | $41,280.00 | | |
| *Agreed Reduction for Administrative Activities* | | *($750.00)* | |
| Subtotal | | *($750.00)* | |
| RECOMMENDED FEE ALLOWANCE | | | $40,530.00 |
| Expenses Requested | $91.54 | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 91.54 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $40,621.54 |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of December, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

David A. Hall, Esq.
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692

_____
John L. Decker, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**
**COMPUTED AT STANDARD RATES**
**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 8010 | Proger, Phillip | PARTNER | $900.00 | $900.00 | 25.90 | $23,310.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $900.00 | | 25.90 | $23,310.00 |
| | | | | | % of Total: 36.69% | % of Total: 56.47% |
| 8379 | Thomas, Ryan | ASSOCIATE | $475.00 | $475.00 | 24.30 | $11,542.50 |
| 180 | Chi, Dennis | ASSOCIATE | $350.00 | $350.00 | 9.90 | $3,465.00 |
| 2514 | Hall, David | ASSOCIATE | $475.00 | $475.00 | 1.50 | $712.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $440.34 | | 35.70 | $15,720.00 |
| | | | | | % of Total: 50.57% | % of Total: 38.08% |
| 9161 | Sobczak, Arleta | LEGAL ASSISTANT | $250.00 | $250.00 | 9.00 | $2,250.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $250.00 | | 9.00 | $2,250.00 |
| | | | | | % of Total: 12.75% | % of Total: 5.45% |
| | Total No. of Billers: 5 | Blended Rate for Report: | $584.70 | | 70.60 | $41,280.00 |

EXHIBIT D
ADMINISTRATIVE ACTIVITIES
Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Sobczak, A | 6.00 | 1,500.00 |
| | 6.00 | $1,500.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Corporate Antitrust Advice | 6.00 | 1,500.00 |
| | 6.00 | $1,500.00 |

EXHIBIT D
ADMINISTRATIVE ACTIVITIES
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 05/14/09 Thu | Sobczak, A 24065-0001/42 | 2.50 | 2.50 | 625.00 | 2.30 0.10 0.10 | F F F | 1 2 3 | MATTER NAME: Corporate Antitrust Advice REVIEW AND REVISE DECEMBER 2008 THROUGH MARCH 2009 MONTHLY FEE STATEMENTS (2.30); E-MAILS WITH CHI REGARDING SAME (.10); E-MAIL EDITS TO SCHAEFER AND CHI (.10). |
| 05/18/09 Mon | Sobczak, A 24065-0001/43 | 1.00 | 1.00 | 250.00 | 0.80 0.20 | F F | 1 2 | MATTER NAME: Corporate Antitrust Advice ADDITIONAL REVIEW OF AND EDITS TO FEE DECEMBER, JANUARY AND MARCH FEE STATEMENTS (.80); E-MAILS WITH PROGER, DINH AND SMITH REGARDING SAME (.20). |
| 05/20/09 Wed | Sobczak, A 24065-0001/56 | 1.50 | 1.50 | 375.00 | 1.30 0.20 | F F | 1 2 | MATTER NAME: Corporate Antitrust Advice REVIEW AND REVISE FEE STATEMENTS (1.30); E-MAILS WITH CHI, SCHAEFER AND DINH REGARDING SAME (.20). |
| 05/21/09 Thu | Sobczak, A 24065-0001/54 | 1.00 | 1.00 | 250.00 | 0.80 0.20 | F F | 1 2 | MATTER NAME: Corporate Antitrust Advice REVIEW AND MAKE EDITS TO FEE STATEMENTS (.80); E-MAILS AND PHONE CONFERENCE WITH CHI AND SCHAEFER REGARDING SAME (.20). |
| | | | 6.00 | $1,500.00 | | | | |

Total
Number of Entries:    4

~ See the last page of exhibit for explanation

EXHIBIT D
ADMINISTRATIVE ACTIVITIES
Jones Day

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---:|---:|
| Sobczak, A | 6.00 | 1,500.00 |
| | 6.00 | $1,500.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---:|---:|
| Corporate Antitrust Advice | 6.00 | 1,500.00 |
| | 6.00 | $1,500.00 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS
F      FINAL BILL