UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

FEE EXAMINER'S FINAL REPORT
REGARDING SECOND INTERIM FEE APPLICATION OF
<u>REED SMITH LLP</u>

Stuart Maue, in its capacity as fee examiner, submits this final report with respect to the Second Interim Fee Application of Reed Smith LLP ("Application"), for the period from March 1, 2009, through May 31, 2009, seeking approval of fees that total $24,944.50 and reimbursement of expenses that total $1,254.97. Reed Smith LLP ("Reed Smith") is special counsel for certain insurance matters to the Debtors and Debtors in Possession.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## Background

1. Stuart Maue reviewed the firm's monthly fee statements and the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2. This report includes exhibits that detail and support the findings below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the category exhibit. The tasks included in a category are underlined in the exhibit; for purposes of context, other tasks in the same entry are displayed but not underlined.

3. Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4. Stuart Maue issued a preliminary report of our findings to Reed Smith, and in turn the firm submitted written response. After consideration of the firm's response, Stuart Maue prepared this final report to the Court for its consideration.

## Discussion of Findings

### Recomputation of Fees and Expenses

5. Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional or paraprofessional were totaled and multiplied by that individual's hourly rate. The recomputation of fees revealed that the requested amount is $29.00 more than the computed amount. The discrepancy is the result of task hours within one entry not equal to time billed for the entry as a whole. The discrepancy and the related entry are displayed below:

| Invoice Number | Entry Number | Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Overcharges | | | | | | | | | | | |
| 1844267-9 | 34 | Fee Applications | Lankford | 03/12/09 | $145.00 | 1.20 | 1.00 | $174.00 | $145.00 | 0.20 | $29.00 |
| | | | | | | | Total Overcharges | | | 0.20 | $29.00 |
| | | | | | | | Total Discrepancy | | | 0.20 | $29.00 |

The recomputation of expenses revealed no difference between the amount requested and the amount computed. The figures in the report and the accompanying exhibits reflect the fees and expenses computed by Stuart Maue.

Stuart Maue recommends a fee reduction in the amount of $29.00 as a result of the mathematical discrepancy.

### Review of Fees

6. **Firm Staffing.** The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." The Application provided the names, positions, and hourly rates of the Reed Smith professionals and paraprofessionals who billed to this matter. The matter was staffed with seven professionals and paraprofessionals, consisting of three partners,

-3-
Reed Smith Final Report – Second Interim Fee Application
Case No. 08-13141 (KJC)

two associates, one paralegal, and one practice group specialist. A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm billed a total of 70.90 hours with associated fees of $24,915.50.[2] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 37.20 | 52% | $19,057.00 | 77% |
| Associate | 6.80 | 10% | 2,076.00 | 8% |
| Paralegal | 5.90 | 8% | 737.50 | 3% |
| Practice Group Specialist | 21.00 | 30% | 3,045.00 | 12% |
| TOTAL | 70.90 | 100% | $24,915.50 | 100% |

The blended hourly rate for the Reed Smith professionals is $480.30 and the blended hourly rate for professionals and paraprofessionals is $351.42.

7. **Hourly Rate Increases.** Reed Smith did not increase the hourly rates of any timekeepers during this interim period.

8. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that fee applications include complete and detailed activity descriptions and that each description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference."

Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. Activity descriptions for legal research should include the issues researched and the purpose of

---

[2] This amount represents the fees computed by Stuart Maue.

the research, and must be sufficiently detailed to allow a determination of whether the research is case related, the research is presumably familiar to experienced professionals, and the research is being performed by a professional with an appropriate experience level. Contrary to the requirements of the Local Rules and the Guidelines, Stuart Maue identified activity descriptions in the Application that were not sufficiently detailed. The billing entries identified as vaguely described activities, totaling 2.60 hours with $858.00 in associated fees, were displayed in Exhibit B to the preliminary report. Stuart Maue requested that in future applications Reed Smith provide sufficient detail for each entry.

Stuart Maue makes no recommendation for a fee reduction resulting from vaguely described time entries. Exhibit B is omitted from this report.

9. **Block Billing.** The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." (Section II.D.5). Reed Smith did not block bill time entries.

10. **Conferences, Hearings, and Other Events.** Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role" and Section II.D.5 of the Guidelines states "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994).

    a. **Nonfirm Conferences, Hearings, and Events.** Stuart Maue did not identify any occasions when two or more Reed Smith timekeepers bill to attend the same nonfirm conference, hearing, or other event.

    b. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Reed Smith for intraoffice conferences total 4.10 hours with $1,418.50 in associated fees,

which represents approximately 6% of the total fees requested in the Application. The entries were displayed in Exhibit C to the preliminary report. In some instances, two or more firm professionals and/or paraprofessionals bill to attend the same internal conference. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees at these conferences and hearings. The intraoffice conferences attended by more than one timekeeper total 3.20 hours with $1,068.00 in associated fees. The entries describing intraoffice conferences attended by two or more firm personnel are highlighted in bold and marked with an ampersand [&] in Exhibit C to the preliminary report.

Stuart Maue makes no recommendation for a fee reduction for the intraoffice conference time entries invoiced by Reed Smith. Exhibit C is omitted from this report.

11. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Stuart Maue did not identify any entries billing for administrative activities.

12. **Clerical Activities.** Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). However, other courts have determined that clerical activities are billable at a clerical rate. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3rd 833, (3rd Cir. 1994). In this Court there has been a practice by Stuart Maue and other fee auditors of recommending that clerical activities be paid at the rate of $80.00 per hour. It is Stuart Maue's intent to follow that same practice in this case.

The entries identified as clerical activities are displayed in Exhibit D and total 4.70 hours with $635.50 in associated fees.

Stuart Maue recommends a fee reduction in the amount of $259.50 for clerical activities. The reduction reflects the fees resulting from all time entries displayed in Exhibit D to this report reduced to an hourly rate of $80.00 per hour.

13. **Travel**. Local Rule 2016-2 (d)(viii) provides that "travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates." The Application did not include any entries for travel time.

14. **Reed Smith Retention/Compensation.** Stuart Maue reviewed and identified entries related to the firm's retention and compensation. Reed Smith billed 24.60 hours with associated fees of $4,789.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 19% of the total fees billed by the firm. The fee entries identified as retention/compensation activities were displayed in Exhibit E to the preliminary report.

Stuart Maue makes no recommendation for a fee reduction for the retention/compensations activities invoiced by Reed Smith. Exhibit E is omitted from this report.

### Review of Expenses

15. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 provide: "Factors relevant to a determination that the expense is proper include ... whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Reed Smith provided an itemization for the firm's expenses that included the category, the date, the description, the amount, and the name of the timekeeper incurring the charge.

Stuart Maue noted that one expense appears to have an incorrect description. In the Second Monthly Application (for March 1, 2009, through March 31, 2009) an expense in the amount of $114.35 was described as "Outside Duplicating Bankruptcy Mailouts/Mailouts – Envelopes." The Expense Summary attached to the Application, however, included a charge in this amount described as "Telephone – Outside" with a service provider of "Chorus Call/SoundPath." It was unclear whether this expense is a photocopy charge or a telephone charge.

In response to the preliminary report, Reed Smith informed Stuart Maue that the Expense Summary contained an error, and the correct categorization of the charges was on the invoice.

16. **Photocopies.** Local Rule 2016-2 (e)(iii) states that copying charges shall not exceed $0.10 per page. The firm requested reimbursement of $17.30 for duplication charges. Reed Smith stated in the Application that its rate for duplication is $0.10 per page, in compliance with the Local Rules.

17. **Computer-Assisted Legal Research**. Local Rule 2016-2 (e)(iii) limits computer assisted legal research charges to the actual cost incurred by the firm. Reed Smith billed $806.34 for computer-assisted legal research and the Application does not state that it was billed at actual cost; however, in response to the preliminary report for the first interim fee application, the firm stated that "Reed Smith bills for computer-assisted legal research at cost to the firm."

### Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $24,656.00 ($24,944.50 minus $288.50) and reimbursement of expenses in the amount of $1,254.97 for the period from March 1, 2009, through May 31, 2009.

Respectfully submitted,

**STUART MAUE**

By: _[signature: John L. Decker]_

John L. Decker, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

**Fee Examiner**

-9-
Reed Smith Final Report – Second Interim Fee Application
Case No. 08-13141 (KJC)

**APPENDIX A**

**REED SMITH LLP**

### SUMMARY OF FINDINGS

#### Second Interim Fee Application (March 1, 2009 through May 31, 2009)

**A.     Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $24,944.50 | |
| Expenses Requested | 1,254.97 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $26,199.47 |
| Fees Computed | $24,915.50 | |
| Expenses Computed | 1,254.97 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $26,170.47 |
| Discrepancy in Fees | $ 29.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $ 29.00 |

**B.     Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested | $24,944.50 | | |
| *Discrepancy in Fees* | | ($ 29.00) | |
| *Recommended Reduction for Clerical Activities* | | (259.50) | |
| Subtotal | | ($288.50) | |
| RECOMMENDED FEE ALLOWANCE | | | $24,656.00 |
| Expenses Requested | $1,254.97 | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | 1,254.97 |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | | $25,910.97 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 3rd day of December, 2009.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

John D. Shugrue, Esq.
Partner
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago IL 60606-7507

_/s/ John L. Decker_
John L. Decker, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### Reed Smith LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JDS | Shugrue, John D. | PARTNER | $515.00 | $515.00 | 32.80 | $16,892.00 |
| PRW | Walker-Bright, Paul R. | PARTNER | $495.00 | $495.00 | 4.20 | $2,079.00 |
| TPL | Law, Timothy P. | PARTNER | $430.00 | $430.00 | 0.20 | $86.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $512.28 | | 37.20 | $19,057.00 |
| | | | | % of Total: | 52.47% | % of Total: 76.49% |
| DR | Rosenfield, David M. | ASSOCIATE | $300.00 | $300.00 | 6.20 | $1,860.00 |
| JCF | Falgowski, J. C. | ASSOCIATE | $360.00 | $360.00 | 0.60 | $216.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $305.29 | | 6.80 | $2,076.00 |
| | | | | % of Total: | 9.59% | % of Total: 8.33% |
| SS | Somoza, S. | PARALEGAL | $125.00 | $125.00 | 5.90 | $737.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $125.00 | | 5.90 | $737.50 |
| | | | | % of Total: | 8.32% | % of Total: 2.96% |
| LL | Lankford, Lisa A. | PRAC GROUP SPEC | $145.00 | $145.00 | 21.00 | $3,045.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $145.00 | | 21.00 | $3,045.00 |
| | | | | % of Total: | 29.62% | % of Total: 12.22% |
| | Total No. of Billers: 7 | Blended Rate for Report: | $351.42 | | 70.90 | $24,915.50 |

EXHIBIT D
CLERICAL ACTIVITIES
Reed Smith LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Lankford, L | 2.40 | 348.00 |
| Somoza, S | 2.30 | 287.50 |
| | 4.70 | $635.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Crime Claim | 0.70 | 87.50 |
| Fee Applications | 2.40 | 348.00 |
| Insurance Counseling | 1.10 | 137.50 |
| Reliance/Times Mirror | 0.20 | 25.00 |
| Shannon Claim | 0.30 | 37.50 |
| | 4.70 | $635.50 |

EXHIBIT D
CLERICAL ACTIVITIES
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *MATTER NAME: Reliance/Times Mirror* |
| 03/03/09 Tue | Somoza, S 1857489-4/1 | 0.20 | 0.20 | 25.00 | | | 1 | REVIEWED, ANALYZED AND CATALOGUED CORRESPONDENCE CASE FILE. |
| | | | | | | | | *MATTER NAME: Crime Claim* |
| 03/05/09 Thu | Somoza, S 1844267-1/3 | 0.70 | 0.70 | 87.50 | | | 1 | ORGANIZED AND PREPARED D. ROSENFIELD WORKING FILES TO SEND TO OFF SITE STORAGE. |
| | | | | | | | | *MATTER NAME: Shannon Claim* |
| 03/06/09 Fri | Somoza, S 1844267-3/8 | 0.30 | 0.30 | 37.50 | | | 1 | ORGANIZED AND CATALOGUED CORRESPONDENCE FILES. |
| | | | | | | | | *MATTER NAME: Insurance Counseling* |
| 03/10/09 Tue | Somoza, S 1844267-5/15 | 0.20 | 0.20 | 25.00 | | | 1 | ORGANIZED AND CATALOGUED CORRESPONDENCE. |
| | | | | | | | | *MATTER NAME: Insurance Counseling* |
| 03/11/09 Wed | Somoza, S 1844267-5/17 | 0.60 | 0.60 | 75.00 | | | 1 | ORGANIZED AND CATALOGUED AND PREPARED SUB FILES PER J. SHUGRUE. |
| | | | | | | | | *MATTER NAME: Fee Applications* |
| 04/24/09 Fri | Lankford, L 1857489-9/22 | 1.50 | 0.70 | 101.50 | 0.30 | F | 1 | E-MAIL CORRESPONDENCE WITH J. SHUGRUE AND C. FALGOWSKI (.3); |
| | | | | | 0.10 | F | 2 | REVISIONS TO CNO REGARDING 1ST MONTHLY (.1); |
| | | | | | 0.30 | F | 3 | E-FILED AND PERFECTED SERVICE OF SAME (.3); |
| | | | | | 0.40 | F | 4 | REVIEWED AND REVISED 1ST INTERIM (.4); |
| | | | | | 0.40 | F | 5 | E-FILED AND PERFECTED SERVICE OF SAME (.4). |
| | | | | | | | | *MATTER NAME: Fee Applications* |
| 04/28/09 Tue | Lankford, L 1857489-9/26 | 3.30 | 1.40 | 203.00 | 0.20 | F | 1 | REVIEWED INVOICE (.2); |
| | | | | | 1.00 | F | 2 | REVIEWED AND REVISED 2ND FEE APPLICATION (1.0); |
| | | | | | 0.10 | F | 3 | CONFERRED WITH M. ECKARD (.1); |
| | | | | | 0.20 | F | 4 | E-MAIL CORRESPONDENCE TO C. FALGOWSKI (.2); |
| | | | | | 1.20 | F | 5 | E-FILED AND PERFECTED SERVICE OF SAME (1.2); |
| | | | | | 0.20 | F | 6 | CALENDARED DATES FOR CNO (.2); |
| | | | | | 0.40 | F | 7 | DRAFTED CNO REGARDING SAME (.4). |
| | | | | | | | | *MATTER NAME: Insurance Counseling* |
| 05/08/09 Fri | Somoza, S 1870266-5/10 | 0.30 | 0.30 | 37.50 | | | 1 | REVIEWED AND CATALOGUED CORRESPONDENCE FILE. |
| | | | | | | | | *MATTER NAME: Fee Applications* |
| 05/28/09 Thu | Lankford, L 1870266-9/33 | 1.30 | 0.30 | 43.50 | 0.10 | F | 1 | REVISIONS TO CNO REGARDING RS'S 2ND MONTHLY FEE APPLICATION (.1); |
| | | | | | 0.10 | F | 2 | E-MAIL REGARDING SAME (.1); |
| | | | | | 0.30 | F | 3 | E-FILE AND PERFECT SERVICE OF SAME (.3); |
| | | | | | 0.80 | F | 4 | DRAFTED RS'S 3RD MONTHLY FEE APPLICATION (.8). |

~ See the last page of exhibit for explanation

EXHIBIT D
CLERICAL ACTIVITIES
Reed Smith LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| | | | 4.70 | $635.50 | | | |
| Total Number of Entries: | 9 | | | | | | |

EXHIBIT D
CLERICAL ACTIVITIES
Reed Smith LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Lankford, L | 2.40 | 348.00 |
| Somoza, S | 2.30 | 287.50 |
| | 4.70 | $635.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Crime Claim | 0.70 | 87.50 |
| Fee Applications | 2.40 | 348.00 |
| Insurance Counseling | 1.10 | 137.50 |
| Reliance/Times Mirror | 0.20 | 25.00 |
| Shannon Claim | 0.30 | 37.50 |
| | 4.70 | $635.50 |

(~) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL