# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 140, 321, 362** |

## FOURTH SUPPLEMENTAL DECLARATION OF THOMAS E. HILL UNDER 11 U.S.C. § 327(a) AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | ss: |
| COUNTY OF COOK | ) | |

I, Thomas E. Hill, declare as follows:

1.      I am a Managing Director with Alvarez & Marsal North America, LLC (together with its wholly owned subsidiaries, affiliates (all of which are owned by Alvarez & Marsal North

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

America, LLC's parent company and employees), agents, independent contractors and employees, "A&M"), a financial advisory services firm with numerous offices throughout the country.  I am authorized to make this supplemental declaration (the "Fourth Supplemental Declaration") on A&M's behalf.

2.      On December 26, 2008, A&M filed its initial Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Initial Declaration") [Docket No. 140]

3.      On February 3, 2009, A&M filed the Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Supplemental Declaration") [Docket No. 321].

4.      On February 11, 2009, the United States Bankruptcy Court for the District of Delaware entered an Order Authorizing Retention of Alvarez & Marsal North America, LLC as Restructuring Advisors for the Debtors and Debtors in Possession effective as of December 8, 2008 [Docket No. 362].

5.      On June 2, 2009, A&M filed the Second Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Second Supplemental Declaration") [Docket No. 1282].

6.      On October 30, 2009, A&M filed the Third Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Third

Supplemental Declaration"; together with the Initial Declaration, the Supplemental Declaration

and the Second Supplemental Declaration, the "Prior Declarations") [Docket No. 2464].

  7.  I am submitting this Fourth Supplemental Declaration to disclose certain

additional information that has become available to A&M since the filing of the Declarations.

<h3 style="text-align:center">A&M Employee's Prior Connection</h3>

  8.  A part-time employee of A&M ("Employee A") worked for JPMorgan Chase Bank,

N.A. ("JPMC") in its restructuring and credit groups until January 2008[2].  While with JPMC,

Employee A performed certain services in connection with pre-petition financing provided by

JPMC to the Debtors (the "Loan Transactions").  The Loan Transactions are now under review

by the Debtors and the Official Committee of Unsecured Creditors for these Chapter 11 cases.

A&M is assisting the Debtors and its counsel in said review.  Employee A has not worked on the

Debtors' Chapter 11 cases for A&M, has not been provided with any information with respect

thereto and neither I, nor to the best of my knowledge, any other person at A&M that is working

on the Debtors' Chapter 11 cases has discussed any matters relating to the Debtors with

Employee A.  A&M has  instituted a information barrier designed to screen Employee A from

those working on the Debtors' engagement with respect to matters relating to the

Debtors.  Employee A was contacted by counsel to JPMC and had discussions with them

regarding the the Loan Transactions.  Employee A could be called by a party to testify as to

matters which occurred relating to the Loan Transactions.

  9.  Another employee of A&M ("Employee B") formerly led the workout group of

Citibank.  However, Employee B has represented that they were not involved in any matters

---

[2] Employee A worked as an independent contractor for A&M starting in April 2008 and
become a part-time employee of A&M in March 2009.

related to the Debtors while with Citibank and will not be involved in any such matters for A&M.

A&M does not believe that any of the additional disclosures described above create conflicts of interest regarding the Debtors or their chapter 11 cases. A&M continues to believe that it is "disinterested" within the meaning of the term as it is used in section 101(14) of title 11 of the United States Code.

10.    To the best of my knowledge, except as specifically disclosed in the Declarations, A&M neither holds nor represents an interest adverse to the Debtors. If any new material relevant facts or relationships are discovered or arise, A&M will promptly file a supplemental declaration pursuant to Rule 2014(a) of Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 4 day of December 2009

THOMAS E. HILL
A Managing Director with
Alvarez & Marsal North America, LLC