### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 Cases |
| | : | Case No. 08-13141 (KJC) |
| **TRIBUNE COMPANY, <u>et</u> <u>al.</u>,** | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

-------------------------------------------------------x

### LAW DEBENTURE TRUST COMPANY OF NEW YORK'S
### <u>NOTICE OF DEPOSITION OF JPMORGAN CHASE BANK</u>

PLEASE TAKE NOTICE THAT, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the **"Federal Rules"**), made applicable to these cases pursuant to Rules 7026, 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), Law Debenture Trust Company of New York, by its undersigned attorneys, will take the deposition of JPMorgan Case Bank ("**JPM**") at the offices of Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, New York 10019 on December 22, 2009 at 10:00 a.m., or on such other time and place as the parties shall agree or the Court may direct.

Pursuant to Bankruptcy Rules 9014 and 7030 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, JPM is required to designate one or more members, officers, directors, managing agents or other persons to testify, who have knowledge about the matters set forth in Exhibit A hereto.

Dated: December 7, 2009
      Wilmington, Delaware

                                    /s/ Garvan F. McDaniel
                                  Garvan F. McDaniel (No. 4167)
                                  **BIFFERATO GENTILOTTI LLC**
                                  800 N. King Street, Plaza Level
                                  Wilmington, Delaware 19801
                                  Tel:  (302) 429-1900
                                  Fax:  (302) 429-8600

– and –

David S. Rosner
Andrew K. Glenn
Sheron Korpus
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel:  (212) 506-1700

*Co-Counsel for Law Debenture Trust Company*
  *of New York*

<u>DEFINITIONS</u>

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.    "<u>Bankruptcy Cases</u>" means the jointly-administered Chapter 11 bankruptcy cases styled *In re Tribune Company, et al.*, Case No. 08-13141, pending in the Bankruptcy Court.

2.    "<u>The Bankruptcy Court</u>" means the United States Bankruptcy Court for the District of Delaware.

3.    "<u>Concerning</u>" means relating to, referring to, describing, evidencing or constituting.

4.    "<u>Credit Agreement</u>" means the senior secured credit agreement dated May 17, 2007, with JPMorgan Chase Bank, N.A., as Administrative Agent, Merrill Lynch Capital Corporation, as Syndication Agent, and Citicorp North America, Inc., Bank of America, N.A. and Barclays Bank PLC as Co-Documentation Agents, as the same has been amended, modified or supplemented.

5.    The "<u>Debtors</u>" means the debtors and debtor-in-possession in the Bankruptcy Cases and each of its directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

6.    "<u>Lenders Advisors</u>" means any or all advisors, including but not limited to, attorneys, financial advisors, or others, to any or all of the Lender Parties, including but not limited to, any "Steering Committee" of such lenders or assignees.

7.    "<u>Lender Parties</u>" means all lenders and/or agents under the Credit Agreement or

their assignees.

8.     "<u>Subsidiary Guarantees</u>" means the guarantee agreements entered into in June 2007 whereby certain of Tribune's subsidiaries guaranteed obligations arising under the Credit Agreement.

9.     "<u>TCV</u>" means Tribune (FN) Cable Ventures, Inc. and directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

10.     "<u>Tribune</u>" means Tribune Company, its directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

11.     "<u>Tribune Entities</u>" means, collectively, Tribune and all of its direct and indirect subsidiaries (including both debtors and non-debtors), and each of their directors, officers, employees, affiliates (as defined in the Bankruptcy Code), representatives, advisors, agents, attorneys, associates, associations or any other person acting on their behalf.

## EXHIBIT A – TOPICS OF DEPOSITION

1.      Any agreement by any Tribune Entities to pay and/or reimbursement the fees and/or expenses of Lenders Advisors.

2.      Consideration provided by the Lender Parties to any Tribune Entities in exchange for payment and/or reimbursement of the Lenders Advisors' fees and/or expenses.

3.      The reasons, if any, that any Tribune Entities paid and/or reimbursed or intends to pay and/or reimburse the Lenders Advisors' fees and/or expenses.

4.      The amount, date and recipient of all payments and/or reimbursements by the Tribune Entities of fees and/or expenses of Lenders Advisors.

5.      The nature of the Lenders Advisors' fees and/or expenses paid and/or reimbursed or to be paid and/or reimbursed by any Tribune Entities.

6.      Corporate authorization for any Tribune Entities to pay and/or reimburse Lenders Advisors' fees and/or expenses.

7.      Identity of all Tribune Entities' officers and/or directors who review or have reviewed and/or approve or have approved payment and/or reimbursement of Lenders Advisors' fees and/or expenses.

8.      The decision to seek or not seek authority from the Bankruptcy Court for Tribune Entities to pay and/or reimburse the Lenders Advisors' fees and/or expenses.

9.      Communications between any Lender Party and any Tribune Entity concerning enforcement of Lender Party rights against any Tribune Entity arising under the Credit Agreement and/or the Subsidiary Guarantees.

10.     Communications between any Lender Party and TCV regarding payment and/or reimbursement of the Lenders Advisors' fees and/or expenses.

11.     Communications between any Lender Party and the Food Network or any parties holding interests therein regarding payment and/or reimbursement of the Lenders Advisors' fees and/or expenses.

12.     Communications between any Tribune Entity and the Food Network or any parties holding interests therein regarding payment and/or reimbursement of the Lenders Advisors' fees and/or expenses.

13.     The decision to include or not to include TCV in the Bankruptcy Cases or other bankruptcy proceeding.

14.     The decision to disclose or not to disclose Tribune Entities' payment and/or reimbursement of the Lenders Advisors' fees and expenses to the Bankruptcy Court and/or Law Debenture.

15.     The Memorandum dated March 4, 2009 from Bryan Krakauer and Candice L. Kline of Sidley Austin LLP to Joe McMahon of the Office of the United States Trustee, or and the subject matters discussed therein.

16.     Disclosure of TCV's payment and/or reimbursement of the Lenders Advisors' fees and expenses to the Official Committee of Unsecured Creditors and/or the Office of United States Trustee.