# EXHIBIT C

# KAYE SCHOLER
## LLP

Joseph M. Drayton
212 836-7177
Fax 212 836-6576
jdrayton@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

June 26, 2009

**VIA EMAIL**

Thomas J. Hall, Esquire
Chadbourn & Parke LLP
30 Rockefeller Plaza
New York, New York 10112

Re:    <u>Tribune Company, et al. No. 08-13141 (Bankr. D. Del.)</u>

Dear Tom:

I enclose Merrill Lynch Capital Corporation's response to the informal Amended Request for Production dated May 14, 2008.

Truly yours,

Joseph M. Drayton

Enclosure

cc:    Madlyn G. Primoff, Esquire
David M. LeMay, Esquire
N. Theodore Zink, Esquire

New York    Chicago    Los Angeles    Washington, D.C.    West Palm Beach    Frankfurt    London    Shanghai

**MERRILL LYNCH CAPITAL CORPORATION'S OBJECTIONS
AND RESPONSES TO THE AMENDED INFORMAL REQUEST
FOR PRODUCTION BY THE TRIBUNE CREDITORS' COMMITTEE**

Merrill Lynch Capital Corporation ("Merrill"), for its objections and responses to the Amended Informal Request For Production in Connection with Analysis of the Merger ("Document Requests") made by the Official Committee of Unsecured Creditors of Tribune Company, et al. ("OCC"), respectfully states as follows:

Merrill's responses to OCC's Document Requests incorporate and are subject to the objections set forth below (the "General Objections"). These General Objections form a part of the response to each Document Request and are set forth here to avoid the duplication and repetition of restating them within each response. While these General Objections may be referred to specifically in response to individual document requests for purposes of clarity, the failure to specifically incorporate a General Objection should not be construed as a waiver of the objection. Likewise, any response and/or specific objection to a Document Request should not be construed as a waiver of these General Objections.

## GENERAL OBJECTIONS

1.  Merrill objects to each Document Request to the extent that it seeks (a) material not reasonably calculated to lead to the discovery of admissible evidence, (b) information not relevant to the OCC's present investigation, (c) material protected by the attorney-client privilege, the work-product doctrine and/or the joint interest or common interest privilege, or (d) material which otherwise exceed(s) the bounds of the Federal Rules of Civil Procedure ("FRCP") or the Federal Rules of Bankruptcy Procedure

31837857.DOC

("FRBP"). Any inadvertent production of documents or information which is privileged or immune from discovery shall not be deemed a waiver of any privilege or immunity with respect to such documents or information. Merrill reserves the right to demand the return of any document that may be produced inadvertently as part of Merrill's responses to the OCC's Document Requests if it determines that such document contains privileged information.

2.      Merrill objects to each of the OCC's instructions which purports to vary Merrill's rights and obligations under the FRCP or FRBP.

3.      Merrill objects to each Document Request to the extent responding to it would unduly burden or harass Merrill.

4.      Merrill objects to each of the OCC's Document Requests that are (a) vague or ambiguous with respect to the information sought, or (b) overly broad or unreasonably burdensome, or (c) duplicative.

5.      Merrill objects to as overly broad and unduly burdensome each of the OCC's Document Requests to the extent that they call for documents or information not within Merrill's possession, custody, or control.

6.      Merrill objects to each of the OCC's Document Requests that calls for documents that are already in the OCC's possession or are readily accessible from the "Debtors" and "Guarantor Subsidiaries" or are within the public domain.

7.      Merrill objects to each of the OCC's Document Requests that seeks production of trade secrets or confidential, proprietary or other sensitive information of Merrill or a third party. Such information as well as all documents produced in response

31837857.DOC                                   2

to the Document Requests will only be produced subject to a Protective Order governing the exchange of such information between the OCC and Merrill.  To the extent that Merrill inadvertently produces such information as part of Merrill's responses to the OCC's Document Requests, Merrill reserves the right to demand the return of any such document until a protective order is agreed upon and so ordered by the Court.

8.    Merrill objects to all definitions that are inconsistent with the FRCP or the FRBP.  Merrill's use of a particular definition provided by the OCC in responding to the OCC's Document Requests is not an admission of the accuracy of the particular definition.  Merrill further reserves its right to (a) dispute the OCC's interpretations, definitions and characterizations of terms and/or events and (b) assert its own interpretations, definitions and characterizations to such terms and/or events.

9.    Merrill objects to the OCC's Document Requests as they each request "all" and/or "any" documents, statements, reports, memoranda or indices relating to a particular subject matter.  Merrill will conduct a reasonable search for relevant records only in the business areas where the requested records would likely be kept.  All documents produced are produced solely for use in this matter, and for no other purpose, and are to be governed by the terms of the Protective Order agreed to by the parties. Merrill will not search for or produce any electronic mail.

10.    Merrill objects to Instruction No. 1 as unduly burdensome and vague and ambiguous.  Merrill will produce all documents within its actual custody or control. Merrill will not search the records of Bank of America, N.A.  or any other affiliate of Merrill that was not an affiliate of Merrill prior to 2007.

11.    Merrill objects to Instruction Nos. 2, 4, 6 and 7 as unduly burdensome.

12.    Merrill objects to Instruction Nos. 3 and 4 to the extent that Merrill redacts privileged or non-responsive information from documents, prior to production to the OCC, which contain a combination of responsive, non-responsive and/or privilege information.

13.    Merrill objects to Instruction No. 8.  Merrill intends to produce all electronically stored information consistent with its obligations under the FRCP and the FRBP.  Merrill will produce all electronically stored documents TIFF or PDF images with the appropriate load files for text searching.  Prior to production, Merrill reserves its right to demand that the OCC bear the cost of processing to produce TIFF or PDF images with the appropriate load files for text searching.

14.    Merrill objects to Instruction No. 9 as unduly burdensome and reserves the right to oppose any request by the OCC to further amend or supplement its Document Requests.

15.    Merrill objects to the definition of the words "You" and "Your" in Definition 1 in the DEFINITIONS section of the OCC's Document Requests as unduly burdensome and vague and ambiguous to the extent it improperly imposes obligations upon persons and entities that are not parties to this action and impose a duty upon Merrill to produce documents and things that are not within its possession, custody or control.

16.    Merrill objects to the definition of the words "related to," "relate to," "relating to," "concerning," and "refer to" in Definition 5 in the DEFINITIONS section

of the OCC's Document Requests as unduly burdensome, overly broad and vague and

ambiguous.  Merrill will use the ordinary English definition of these words to interpret

the OCC's Document Requests.

      17.     Merrill objects to the definition of the words "and" and "or" in Definition

7 in the DEFINITIONS section of the OCC's Document Requests as vague and

ambiguous.  Merrill will construe the words "and" and "or" either disjunctively or

conjunctively.

      18.     Merrill objects to the definition of the terms "Debtors," "Guarantor

Subsidiaries" and "Tribune Company" in Definitions 11, 12 and 18 in the DEFINITIONS

section of the OCC's Document Requests as overly burdensome and vague and

ambiguous.  Merrill will construe the term "Debtors" to mean the Tribune Company and

its affiliated debtors in the Chapter 11 cases.  Merrill will construe the term "Guarantor

Subsidiaries" to mean the guarantors of Tribune's obligations under the "Interim Credit

Agreement."

      19.     To the extent there are documents responsive to the Requests, Merrill will

make such documents available for inspection and copying either at a Merrill facility,

vendor facility or at the offices of Kaye Scholer LLP, 425 Park Ave., New York, NY

10022, or at a mutually convenient and agreed upon time, unless other arrangements are

agreed to by the OCC and Merrill.

      20.     Nothing contained herein may be construed as an admission relative to the

existence or non-existence of any documents, claim, fact or allegation and no response is

an admission with respect to the relevance or admissibility of any evidence or any statement or characterization contained in any Request.

21.     Subject to and without waiving the foregoing General Objections and the specific objections below, Merrill will produce responsive documents in its possession, custody or control.  Merrill's failure to object to a Request, or its statement that it will produce responsive documents, if any exist, is not an indication that responsive documents actually exist or are in Merrill's possession, custody or control.  Merrill reserves the right to supplement its responses or objections if in the course of this action it becomes aware of information and/or documents which are called for by the OCC's Document Requests but were not known or available at the time these responses were made.  Failure to object to any Request shall not constitute a waiver of any objection by Merrill to such Request and all of Merrill's rights to object are hereby preserved.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST NO. 1

All documents assessing, analyzing, addressing or investigating the solvency of the Debtors or the Guarantor Subsidiaries during the period January 1, 2007 through the Petition Date, including the adequacy of their capital with respect to their ongoing business or transactions (or any business or transactions in which they were about to engage) and their ability to pay its debts as they matured.

### RESPONSE TO REQUEST NO. 1

Subject to and without waiving its General Objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 2

All documents relating to the assets and liabilities of the debtors or the Guarantor Subsidiaries during the period January 1, 2007 through the Petition Date, including all balance sheets, financial statements, listings of all cash accounts held by the Debtors or the Guarantor Subsidiaries and the monthly balances for each account, summary and detail supporting all tangible and intangible assets, detailed inter-company receivable and inter-company payable balances and activity, summary and detail supporting all liabilities or each of the Debtors and Guarantor Subsidiaries, including short-term and long-term liabilities, and other information detailing such assets and liabilities.

## RESPONSE TO REQUEST NO. 2

Merrill objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Merrill understands that the OCC has agreed that Merrill need not produce documents responsive to this Request except that, subject to and without waiving its General Objections and specific objection, to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

31837857.DOC                                   7

**REQUEST NO. 3**

All documents relating to the book value of the assets and liabilities of the Debtors or the Guarantor Subsidiaries and the calculations thereof, including as calculated under GAAP during the period January 1, 2007 through the Petition Date.

**RESPONSE TO REQUEST NO. 3**

Merrill objects to this Request as vague and ambiguous as to the phrase "book value." Merrill further objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Merrill understands that the OCC has agreed that Merrill need not produce documents responsive to this Request except that, subject to and without waiving its General Objections and specific objections, to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 4**

All consolidated and consolidating financial statements of the Debtors or the Guarantor Subsidiaries for the period January 1, 2007 through the Petition Date, including those provided by Debtors to any actual or potential lenders during discussions or negotiations relating to the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes.

**RESPONSE TO REQUEST NO. 4**

Merrill objects to this Request as vague and ambiguous as to the phrase "consolidating financial statements." Merrill further objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Merrill understands that the OCC has agreed that Merrill need not produce documents responsive to this Request except that, subject to and without waiving its General Objections and specific objections, to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 5**

All documents prepared in connection with the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes, including documents relating to financial projections, cash flows, income statements, balance sheets, borrowing bases or operating metrics and documents prepared for or presented to the Board of Directors of Tribune, any committee thereof, or any Debtor in connection with the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes.

**RESPONSE TO REQUEST NO. 5**

Merrill objects to this Request as overly broad, unduly burdensome and vague and ambiguous as to the phrases "in connection with . . . ." and "operating metrics." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 6**

All reports by investment banks, underwriters, financial advisors or other financial analysts in connection with the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes during the period January 1, 2007 through the Petition Date.

**RESPONSE TO REQUEST NO. 6**

Merrill objects to this Request as overly broad, unduly burdensome and vague and ambiguous as to the phrase "in connection with . . . ." Subject to and without waiving its General Objections and specific objection, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

31837857.DOC

## REQUEST NO. 7

All documents concerning the actual or anticipated financial impact of the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes on Tribune or any of its subsidiaries.

## RESPONSE TO REQUEST NO. 7

Merrill objects to this Request as vague and ambiguous as to the phrase "anticipated financial impact." Subject to and without waiving its General Objections and specific objection, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 8

All documents relating to any fairness or solvency opinions or analyses of any of the Debtors, or of the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes, that you prepared, drafted, issued or contemplated, including:

  (a) all documents referenced therein;


  (b) all documents that you reviewed, considered or otherwise relied upon in connection therewith;

  (c) all work papers and analyses prepared in connection therewith;


  (d) all valuation analyses, including all methodologies that you considered for Tribune as a consolidated enterprise or for any Tribune subsidiaries;

(e) all underlying support for any of your valuation analyses, including but not limited to:

    (i)        calculations of the discount rates and support for inputs to the discount rates;

    (ii)       details behind the comparable public company approach;

    (iii)     details behind the market transaction approach; and

    (iv)     details behind any cost approach;

(f) comparable companies considered, even if not ultimately relied upon;

(g) transaction considered, even if not ultimately relied upon;

(h) analyses of Tribune's ability to pay debts as they came due and supporting cash flow analyses;

(i) analyses of the Tribune's capital adequacy;

(j) tax analyses and research;

(k) dynamic or live copies of electronic models;

(l) notes or memoranda of meetings or discussions with Tribune management;

(m) notes or memoranda of meetings or discussions with Tribune advisors;

(n) notes or memoranda of meetings or discussions with Samuel Zell;

(o) notes or memoranda of meetings or discussions with advisors to Samuel Zell;

(p) any document index that you compiled;

(q) any internal memoranda related to your analyses;

(r) copies of third party market research or analysis that you gathered;

(s) projections, forecasts or budgets upon which you relied;

(t) your analyses of any projections, forecasts or budgets, including but not limited to sensitivity and variance analyses; and

(u) projections or extensions of projections that you developed or that were developed with your input.

**RESPONSE TO REQUEST NO. 8**

Merrill objects to this Request as overly broad, unduly burdensome and vague and ambiguous as to the phrases "analyses," "relating to," "contemplated" and subparts (a)-(u).  Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 9**

All documents relating to presentations made in connection with the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes, including to the Tribune Board of Directors or any committees thereof, rating agencies, actual or proposed lenders, financial advisors, or the Tribune Employee Stock Ownership Plan or trustees thereof or advisors thereto.

**RESPONSE TO REQUEST NO. 9**

Merrill objects to this Request as overly broad, unduly burdensome and vague and ambiguous as to the phrase "relating to presentations made."  Subject to and without waiving its General Objections and specific objection, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 10**

All resumes, curriculums vitae or bios of your personnel involved in any analyses relating to any fairness or solvency opinion of any of the Debtors or of the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes.

**RESPONSE TO REQUEST NO. 10**

Merrill objects to this Request as vague and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence or information relevant to the OCC's present investigation. Merrill understands that the OCC has agreed to provide Merrill with a narrow subset of personnel, and Merrill will consider whether it can provide the information with respect to such personnel.

**REQUEST NO. 11**

All documents relating to the time spent and expenses incurred by you in connection with any fairness or solvency opinion or analyses of any of the Debtors, or of the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes, including but not limited to time records and billing statements.

**RESPONSE TO REQUEST NO. 11**

Merrill objects to this Request as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence or information relevant to the OCC's present investigation.

**REQUEST NO. 12**

All documents relating to any representation by any of the Debtors or the Guarantor Subsidiaries regarding their solvency or the solvency of any other Debtor or

Guarantor Subsidiary during the period January 1, 2007 through the Petition Date, including all financial statements, balance sheets, financial projections, documents provided by the Debtors to actual or proposed lenders under the Credit Agreement, the Interim Credit Agreement or the Zell Notes, and other financial information or projections relating to such representations.

**RESPONSE TO REQUEST NO. 12**

Merrill objects to this Request as overly broad, unduly burdensome and vague and ambiguous as to the phrase "relating to any representation." Merrill further objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Subject to and without waiving its General Objections and specific objections, to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 13**

All documents relating to any solvency opinion or analysis of any of the Debtors during the period January 1, 2007 through the Petition Date, including all financial statements, balance sheets, financial projections, and other financial information or projections relating to such solvency opinion or analysis, the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes.

**RESPONSE TO REQUEST NO. 13**

Merrill objects to this Request as overly broad, unduly burdensome and vague and ambiguous as to the phrase "relating to any solvency opinion or analysis . . . ." Subject to and without waiving its General Objections and specific objection, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 14**

All documents concerning any actual or proposed lender's review, analysis or consideration of the Credit Agreement and the Interim Credit Agreement and any actual or proposed transactions in connection therewith.

**RESPONSE TO REQUEST NO. 14**

Subject to and without waiving its General Objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 15**

All documents concerning the review of or consideration by any credit committee in connection with the Credit Agreement and the Interim Credit Agreement and any actual or proposed transaction in connection therewith.

**RESPONSE TO REQUEST NO. 15**

Merrill objects to this Request as overly broad, unduly burdensome as to the phrase "any credit committee." Subject to and without waiving its General

Objections and specific objection, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 16

All documents concerning any syndications, loan participations, or sales efforts, solicitations or transactions in connection with the Credit Agreement and the Interim Credit Agreement and any actual or proposed transaction in connection therewith.

## RESPONSE TO REQUEST NO. 16

Subject to and without waiving its General Objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 17

All documents concerning your consideration of the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes, including but not limited to documents or information considered, notes, emails and memoranda.

## RESPONSE TO REQUEST NO. 17

Merrill objects to this Request as overly broad and unduly burdensome as to the phrases "concerning your consideration" and "documents or information considered, notes, emails." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents (excluding emails) that it has located in the course of a reasonably diligent search.

31837857.DOC                                17

**REQUEST NO. 18**

All documents relating to offers or potential offers for the acquisition of any or all of the assets or liabilities of Debtors during the period January 1, 2007 through the Petition Date.

**RESPONSE TO REQUEST NO. 18**

Merrill objects to this Request as overly broad, unduly burdensome and vague and ambiguous as to the term "potential offers." Subject to and without waiving its General Objections and specific objection, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 19**

All documents relating to the estimation or projections of net and future cash flows of Debtors made during the period January 1, 2007 through the Petition Date.

**RESPONSE TO REQUEST NO. 19**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "relating to" and "estimation." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 20**

All documents relating to the Debtors' market capitalization during the period January 1, 2007 through the Petition Date, including but not limited to stock prices and number of outstanding shares.

**RESPONSE TO REQUEST NO. 20**

        Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to." Merrill understands that the OCC has acknowledged that the documents sought pursuant to this Request are publicly available or otherwise attainable through sources other than Merrill and, therefore, Merrill need not produce documents responsive to this Request.

**REQUEST NO. 21**

All documents relating to business plans for any Debtor or Guarantor Subsidiary prepared or in effect during the period January 1, 2007 through the Petition Date.

**RESPONSE TO REQUEST NO. 21**

        Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "relating to" and "in effect." Merrill further objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Subject to and without waiving its General Objections and specific objections, to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 22**

        All documents relating to information or analyses compiled or created by experts, advisors, consultants, analysts, investment or other bankers, or accountants hired

to conduct due diligence or analyses in relation to any Debtor's financial condition during the period January 1, 2007 through the Petition Date.

**RESPONSE TO REQUEST NO. 22**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "relating to" and "in relation to." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 23**

All documents relating to attempts to obtain credit, loans, equity contributions or other financing as an alternative to the Credit Agreement, the Interim Credit Agreement or the Zell Notes during the period January 1, 2007 through the Petition Date.

**RESPONSE TO REQUEST NO. 23**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "relating to" and "other financing." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 24**

All documents relating to the evaluation, calculation, analysis or estimation of the value to each of the Debtors of the availability of credit under the Credit Agreement, the Interim Credit Agreement or the Zell Notes.

**RESPONSE TO REQUEST NO. 24**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "relating to," evaluation," and "value." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 25**

All documents relating to any and all risk analyses prepared in connection with the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes.

**RESPONSE TO REQUEST NO. 25**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "relating to" and "risk analyses." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 26**

All documents relating to the evaluation, calculation, analysis or estimation of the actual or potential liability of each of the Debtors and the Subsidiary

Guarantors as a result of the obligations incurred with respect to the Merger or under the Credit Agreement, the Interim Credit Agreement or the Zell Notes, including any evaluation, calculation, analysis or estimation of the joint and several liability or contribution or indemnification rights of each of the Debtors and the Guarantor Subsidiaries.

**RESPONSE TO REQUEST NO. 26**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "relating to," "estimation" and "potential liability." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 27**

All documents relating to loan agreements, expense sharing arrangements, service agreements, contribution agreements, indemnification agreements, or tax sharing agreements between or among the Debtors, the Guarantor Subsidiaries, and any of their subsidiaries or affiliates prepared or in effect during any part of the period January 1, 2007 to the Petition Date.

**RESPONSE TO REQUEST NO. 27**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to loan agreements, expense sharing arrangements, service agreements, contribution agreements, indemnification agreements, or tax sharing agreements." Merrill further objects to this Request as unduly burdensome

31837857.DOC                                      22

as it requests documents in the possession of the "Debtors." Subject to and without

waiving its General Objections and specific objections, to the extent that documents

responsive to this Request have been altered by Merrill to reflect, for example,

handwritten notations of its employees or agents, Merrill will produce non-privileged

responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 28**

All opinion letters relating to the Merger, the Credit Agreement, the

Interim Credit Agreement or the Zell Notes.

**RESPONSE TO REQUEST NO. 28**

Merrill objects to this Request as overly broad, vague and ambiguous and

unduly burdensome as to the phrases "opinion letters" and "relating to" as well as overly

broad and unduly burdensome as to the request for "all opinion letters." Subject to and

without waiving its General Objections and specific objections, Merrill will produce non-

privileged responsive documents that it has located in the course of a reasonably diligent

search.

**REQUEST NO. 29**

All documents relating to any solvency opinions from Valuation Research

Corporation to Tribune, including all documents referenced therein.

**RESPONSE TO REQUEST NO. 29**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to." Merrill further objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Subject to and without waiving its General Objections and specific objection, to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 30**

All documents relating to any evaluation or analysis of the potential for the obligations incurred or consideration paid in connection with the Merger or under the Credit Agreement, the Interim Credit Agreement or the Zell Notes to be challenged or avoided as fraudulent conveyances under the Bankruptcy Code or state fraudulent conveyance law.

**RESPONSE TO REQUEST NO. 30**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to." Merrill further objects to this Request to the extent that it calls for a legal conclusion to be rendered in order to determine whether a document is responsive to this Request. Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

31837857.DOC                    24

**REQUEST NO. 31**

All documents concerning any reasonably equivalent or other value realized, or contemplated to be realized, by any of the Debtors as a result of the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes or any of the Debtors' obligations incurred in connection therewith.

**RESPONSE TO REQUEST NO. 31**

Merrill objects to the use of the phrase "reasonably equivalent or other value" to the extent that it calls for a legal conclusion to be rendered in order to determine whether a document is responsive to this Request. Merrill further objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "reasonably equivalent or other value realized, or contemplated to be realized." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 32**

All documents relating to borrowings by or extensions of credit to the Debtors under the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes, including documents relating to the purpose of and intended and actual use of such borrowings or extensions of credit.

**RESPONSE TO REQUEST NO. 32**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to." Merrill further objects to this Request

as unduly burdensome as it requests documents in the possession of the "Debtors."

Subject to and without waiving its General Objections and specific objections, to the

extent that documents responsive to this Request have been altered by Merrill, for

example, handwritten notes of its employees or agents, Merrill will produce non-

privileged responsive documents that it has located in the course of a reasonably diligent

search.

**REQUEST NO. 33**

   All documents relating to the distribution among the Debtors of the

proceeds of borrowings by or extensions of credit to any Debtor pursuant to the Credit

Agreement, the Interim Credit Agreement or the Zell Notes, including documents relating

to intercorporate contributions, transfers or loans of such proceeds or extensions of credit

from the direct recipient to other Debtors or cancellation or reduction of intercorporate

debt owed between Debtors as the result of receipt of such proceeds or extensions of

credit.

**RESPONSE TO REQUEST NO. 33**

   Merrill objects to this Request as overly broad, vague and ambiguous and

unduly burdensome as to the phrase "relating to." Merrill further objects to this Request

as unduly burdensome as it requests documents in the possession of the "Debtors."

Subject to and without waiving its General Objections and specific objections, to the

extent that documents responsive to this Request have been altered by Merrill, for

example, handwritten notes of its employees or agents, Merrill will produce non-

privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 34

All documents reflecting interest or principal payments made under the Credit Agreement, the Interim Credit Agreement or the Zell Notes on or prior to the Petition Date, including documents showing by whom or on whose behalf such payments were made, when such payments were made, the amounts of such payments, the dates of such payments and under which agreements the payments were made.

## RESPONSE TO REQUEST NO. 34

Merrill objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Subject to and without waiving its General Objections and specific objection, to the extent that documents responsive to this Request have been altered by Merrill, for example, handwritten notes of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 35

All documents relating to the expenses or financial obligations of the Debtors and the Guarantor Subsidiaries during the period January 1, 2007 through the Petition Date, including detailed accounts payable sub-ledger files showing all originating expense entries and all cash disbursements, and all bank reconciliations for the various accounts from which accounts payable checks were issued.

## RESPONSE TO REQUEST NO. 35

Merrill objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Subject to and without waiving its General Objections and specific objection, to the extent that documents responsive to this Request have been altered by Merrill, for example, handwritten notes of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

## REQUEST NO. 36

All documents concerning any meetings of, or deliberations by, the boards of directors, or any committees thereof, of any of the Debtors or Guarantor Subsidiaries relating to the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes.

## RESPONSE TO REQUEST NO. 36

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to." Merrill further objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Subject to and without waiving its General Objections and specific objection, to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents and/or prepared by Merrill, it will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

31837857.DOC                                    28

**REQUEST NO. 37**

All documents, including notes and emails, concerning the analysis, review or consideration by any director of any Debtor or Guarantor Subsidiary, of the Merger, the Credit Agreement, the Interim Credit Agreement or the Zell Notes, or any of the transactions contemplated thereunder.

**RESPONSE TO REQUEST NO. 37**

Merrill objects to the phrase "including notes and emails" as unduly burdensome. Merrill further objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors'" directors. Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 38**

All documents concerning income tax returns filed with any government tax authority by or on behalf of the Debtors or the Guarantor Subsidiaries for all or any part of 2007 and 2008 as well as any amended returns for the same periods.

**RESPONSE TO REQUEST NO. 38**

Merrill objects to this Request as unduly burdensome as it requests documents in the possession of the "Debtors." Subject to and without waiving its General Objections and specific objection, to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents, it will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

31837857.DOC

**REQUEST NO. 39**

      All documents relating to the sources of the funding for the Merger.

**RESPONSE TO REQUEST NO. 39**

      Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "relating to" and "sources of funding." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 40**

      All documents relating to any financial valuation, appraisal, analysis, opinion, review, statement or projection of any of the Debtors or Guarantor Subsidiaries, including their solvency or insolvency.

**RESPONSE TO REQUEST NO. 40**

      Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 41**

      All documents relating to any drawdowns under the Credit Agreement or the Interim Credit Agreement including the date and amount of such drawdowns.

31837857.DOC

**RESPONSE TO REQUEST NO. 41**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 42**

All documents relating to any letters of credit issued under the Credit Agreement, including the date issued, the amount of credit extended, and the identify of the party to whom the letter of credit was issued and the identity of the party on whose behalf the letter of credit was issued.

**RESPONSE TO REQUEST NO. 42**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrase "relating to." Subject to and without waiving its General Objections and specific objections, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search.

**REQUEST NO. 43**

All documents reflecting any or all of the flow of funds pursuant to the Credit Agreement, the Interim Credit Agreement or the Zell Notes.

**RESPONSE TO REQUEST NO. 43**

Merrill objects to this Request as overly broad, vague and ambiguous and unduly burdensome as to the phrases "reflecting" and "flow of funds." Subject to and

31837857.DOC

31

without waiving the foregoing General Objections and specific objections, Merrill will

produce non-privileged responsive documents.

## REQUEST NO. 44

 All documents relating to the financial conditions of the Debtors and the

Guarantor Subsidiaries during any or all of 2007 and 2008.

## RESPONSE TO REQUEST NO. 44

 Merrill objects to this Request as unduly burdensome as it requests

documents in the possession of the "Debtors." Merrill objects to this Request as overly

broad, vague and ambiguous and unduly burdensome as to the phrase "relating to."

Subject to and without waiving its General Objections and specific objections, to the

extent that documents responsive to this Request have been altered by Merrill to reflect,

for example, handwritten notations of its employees or agents, it will produce non-

privileged responsive documents that it has located in the course of a reasonably diligent

search.

Dated: June 26, 2009

31837857.DOC