IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: TBD<br>Obj. Deadline: TBD<br><br>Ref. No. _____ |

**MOTION PURSUANT TO DEL. BANKR. L.R. 9006-1(e) FOR AN
ORDER SHORTENING NOTICE WITH RESPECT
TO THE MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR AN ORDER REQUIRING
THE PRODUCTION BY DATE CERTAIN OF EMAIL
DOCUMENTS FROM MERRILL LYNCH CAPITAL CORPORATION
PURSUANT TO BANKRUPTCY RULE 2004**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion to Shorten"), pursuant to Rule 9006-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0004665.}

1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order shortening the time for notice to consider the Motion for an Order Requiring the Production By Date Certain of Email Documents from Merrill Lynch Capital Corporation Pursuant to Bankruptcy Rule 2004 (the "Motion").[2]

## BACKGROUND

1. On December 8, 2008 (the "Petition Date"), the Tribune Company (the "Company") and one hundred ten of its subsidiaries each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). An additional Debtor, Chicago National League Ball Club, LLC, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. Pursuant to orders of this Court, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. On December 18, 2008, the Office of the United States Trustee for Region 3 appointed the Committee. As a result of subsequent resignations and additional appointments, the membership of the Committee changes from time to time.

4. As set forth more fully in the Motion, a dispute has arisen between the Committee and Merrill Lynch Capital Corporation ("Merrill"), regarding Requests for Information sent to Merrill by the Committee. Substantial effort has been made to reach a resolution with regard to the Requests for Information.

5. At a hearing held before this court on December 1, 2009, Merrill asserted that it would take approximately twelve weeks for it to complete its email production, which production would begin on a rolling basis three and a half weeks from December 1, 2009, and proposed that they continue discussions with the Committee in an attempt to resolve various issues with respect to the Requests for Information. As the Court recognized, the timing of the production of these documents to the Committee is of the essence. As such, the Court asked that the Committee return to the Court and ask for relief on a shortened time frame if further discussions between Merrill and the Committee proved fruitless.

6. As set forth in the Motion, Merrill has been in contact with the Committee and has proposed a production schedule consistent with its representations at the Status Conference. However, after careful consideration, the Committee determined that it could only accept this proposed production of emails if Merrill could assure that the production would be completed in early January 2010, given that (i) substantive settlement negotiations regarding claims arising from the Merger is planned to commence sometime in the early part of January 2010 and (ii) the Debtors' exclusive period to propose a chapter 11 plan is set to expire on February 28, 2010, subject to further extension by this Court. Merrill's counsel has been so advised. Accordingly,

the Committee, in accordance with the Court's prior statements, now seeks a shorted time frame to hear the Motion.

**RELIEF REQUESTED**

7.   Local Rule 9006-1(c) provides for a fourteen (14) day notice period for motions, like motions pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), not otherwise governed by the Bankruptcy Rules or the Local Rules. Pursuant to Local Rule 9006-1(e), however, such periods may be shortened by Order of the Court upon written motion specifying the exigencies supporting shortened notice.

8.   As set forth in the Motion, on the record at the Status Conference on December 1, 2009, and above, the timing here is of the essence. In particular, at the December 1, 2009 Status Conference, the Debtors advised the Court of their resoluteness to make material progress on their plan process prior to expiration of exclusivity at the end of February. While the Committee is hopeful that the parties will propose and support a fully consensual plan, consensus may depend upon the Committee's investigation of and deliberations regarding the Leveraged ESOP Transaction and the Merger. With this as a backdrop, the timing of obtaining critical information looms large for the Committee, which has sought to complete its investigation with as little judicial intervention as possible. In order to best serve the interests of its constituents and proceed with its investigation (and hopefully settlement) of claims related to the Merger, the Committee can no longer remain hostage to Merrill's continued stonewalling.

9.   The Committee submits that there is sufficient cause to justify shortening the notice period for the hearing on the Motion. The Committee seeks examine the requested documents by early January 2010 when the Committee expects to undertake substantive discussions with Merrill and others, and before the next court hearing on the exclusivity period, which is scheduled for February 18, 2010. In order to timely obtain an order directing Merrill to

produce its emails by this date certain, the Committee seeks to have the Motion heard at the omnibus hearing scheduled for 10:00 a.m. on December 15, 2009. The Committee will provide notice of the Motion to the parties required to be served under Del. Bankr. LR 2004-1(c) by facsimile and email.

10. The Committee requests that the Court set an objection deadline of 4:00 p.m. (EST) on Friday, December 11, 2009, to respond to the Motion, which is three business days after service of the Motion and ten days after the status conference at which the impasse with Merrill over oral examinations was disclosed in open court.

11. Based on comments of Merrill's counsel at the December 1, 2009 Status Conference, it is conceivable that Merrill may allege that any delay in their production of emails and other electronic documents is a direct result of the number of search terms and email custodians requested by the Committee. The Committee would like to note that the Committee proposed substantially the same search terms to other financial institutions, including JPMorgan, all of whom were able to produce emails in a timely fashion. While this is not necessarily determinative, it indicates that the Committee's requests are substantively reasonable in the context of this investigation, are not unduly burdensome for a large financial institution and could easily be accomplished within a reasonable time period. Also, prior to the December 1, 2009 Status Conference, Merrill had not advised the Committee about their proposed timetable, therefore offering the Committee no opportunity to work with Merrill to speed up the process. Finally, conferences among counsel to resolve this matter following the December 1, 2009 Status Conference failed to solve the problem at hand. Taking into consideration these facts, as well as those set forth above and in the Motion, the Committee submits that the requested shortening of notice is justified under the circumstances and will not prejudice Merrill.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, scheduling a hearing on the relief requested in the Motion for an Order Requiring the Production of Date Certain of Email Documents from Merrill Lynch Capital Corporation Pursuant to Bankruptcy Rule 2004 for December 15, 2009 at 10:00 a.m. and establishing an objection deadline of December 11, 2009 at 4:00 p.m.

Dated: December 8, 2009

**LANDIS RATH & COBB LLP**

/s/ Rebecca L. Butcher
Adam G. Landis (No. 3407)
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Counsel to the Official Committee of Unsecured Creditors*

- and -

**ZUCKERMAN SPAEDER LLP**
Graeme W. Bush
James Sottile
Andrew N. Goldfarb
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800 (phone)
(202 822 8106 (facsimile)

- and -

/s/ Thomas G. Macauley
Thomas G. Macauley (No. 3411)
919 Market Street, Suite 990
Wilmington, DE 19801
(302) 427-0400 (phone)
(302) 427-8242 (facsimile)

*Special Counsel to the Official Committee of Unsecured Creditors*