# EXHIBIT A

# ACKNOWLEDGMENT

CH1 5091511v.7
46429/0001-6171806v1

## ACKNOWLEDGMENT

WHEREAS an Order dated ___ has been entered in the matter of *In re Tribune Company, et al.*, Case No. 08-13141(KJC), currently pending before the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), establishing a document depository ("Depository") containing certain documents (the "Discovery Documents") produced to the Official Committee of Unsecured Creditors ("Committee") in connection with the Committee's analysis of the series of transactions that returned Tribune Company to private ownership in 2007 (such transactions, collectively, the "Leveraged ESOP Transactions");

WHEREAS prior to placement in the Depository, the Discovery Documents were originally produced to the Committee by various individuals or entities (individually, a "Producing Party" and collectively, "Producing Parties");

WHEREAS the chapter 11 cases in the above referenced matter, together with any adversary proceedings and contested matters brought therein, are hereinafter collectively referred to as the "Cases"; and

WHEREAS the undersigned has been designated as an entity entitled to access to the Discovery Documents in the Depository and upon signing this Acknowledgment will be deemed a "Depository Designee";

The undersigned hereby acknowledges and agrees to the following terms and conditions:

1. Subject to the terms and conditions of this Acknowledgment, the undersigned shall have full and unfettered access to the Discovery Documents in the Depository.

2. The undersigned may provide for access to and/or use of the Discovery Documents in the Depository by its legal advisors (both outside and in-house attorneys) and/or financial advisors and up to three additional persons who shall be employees of the undersigned (collectively, the "Designated Representatives"), subject to the following conditions: (a) the undersigned shall inform the Debtors in a timely fashion of the names of the Designated Representatives to whom it has granted access and/or use; (b) those Designated Representatives shall agree to be bound by the terms of this Acknowledgment; and (c) the undersigned shall be held responsible for the failure of any such Designated Representatives to abide by, or otherwise breach, the terms of this Acknowledgment.

3. The Discovery Documents will be used by the undersigned and its Designated Representatives solely in connection with the Cases.

4. Discovery Documents that are stamped or otherwise designated as "Highly Confidential – Attorneys' Eyes Only" shall be considered documents that the Producing Party believes constitute or contain non-public information that is competitively sensitive and/or proprietary to the Producing Party or its respective clients, or from which competitively sensitive and/or proprietary information

CH1 5091511v.7
46429/0001-6171806v1

belonging to the Producing Party or its respective clients could be derived. Discovery Documents that are stamped or otherwise designated as "Confidential" shall be considered documents that the Producing Party believes constitute or contain non-public information, including, without limitation, to the Producing Party or its respective clients.

5. The undersigned and its Designated Representatives shall maintain Discovery Documents stamped or otherwise designated as "Highly Confidential – Attorneys' Eyes Only" as Highly Confidential, and shall not provide such Discovery Documents or any information contained in such Discovery Documents, or any information that can be derived from such Discovery Documents, including, without limitation, any information in the form of notes, spreadsheets, summaries, analyses, compilations, memoranda, minutes or other materials derived from, disclosing, discussing or otherwise using information (collectively, "Depository Information") to any person who is not a Depository Designee or a Designated Representative.

6. The undersigned and its Designated Representatives shall keep Discovery Documents stamped or otherwise designated as "Confidential," as Confidential, and shall not provide such Discovery Documents or Depository Information to any person or entity other than the Depository Designees (as may then exist) and their respective Designated Representatives.

7. The undersigned and its Designated Representatives may not use Discovery Documents or Depository Information stamped or otherwise designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" in a court filing in these Cases unless such documents are filed under seal. Nothing in this paragraph is meant to restrict or otherwise limit the undersigned's ability to object to any such designation pursuant to paragraph 10.

8. Subject to the provisions of paragraph 5, nothing in this Acknowledgment shall be interpreted to limit the ability of the undersigned or its Designated Representatives to exchange and/or discuss any and all of the Discovery Documents and/or Depository Information with any and all of the other Depository Designees (as may then exist) and their respective Designated Representatives.

9. Nothing in this Acknowledgment shall prohibit or preclude any individual or entity, regardless of whether such individual or entity is a Depository Designee, from accessing and/or using the Discovery Documents produced by a specific Producing Party pursuant to any other written agreement with such Producing Party.

10. If the undersigned objects on any basis to the designation of any Discovery Document or Depository Information as "Highly Confidential – Attorneys' Eyes Only" or "Confidential," or seeks a waiver of such designation, then it will initially contact the counsel to the Producing Party in a good faith

effort to resolve the dispute. If, after two business days, the dispute cannot be resolved, then the undersigned may apply to the Bankruptcy Court (or the United States District Court for the District of Delaware if then presiding over the Cases or the relevant proceeding within the Cases) for relief. Absent a written waiver or agreement from the Producing Party or an order of the court overseeing the Cases to the contrary, Discovery Documents or Depository Information marked or otherwise designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" may be used only in the matters otherwise permissible under this Acknowledgment.

11. Should access to Discovery Documents or Depository Information stamped or otherwise designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential," be sought from the undersigned, by any person or entity other than a Depository Designee (as may then exist) or their respective Designated Representatives, pursuant to subpoena or other legal process under applicable law, rule, or regulation, then the undersigned, unless prohibited by applicable law or regulation shall: (a) promptly notify the counsel to the Producing Party in writing of the requested access; and (b) prior to producing any such Discovery Documents or Depository Information, provide the Producing Party with a reasonable opportunity to seek a court order preventing or limiting the production of such Discovery Documents or Depository Information.

12. To the extent that the undersigned concludes that certain Discovery Documents contain privileged information that was inadvertently produced, such inadvertent production shall not constitute a waiver of any applicable privilege. Upon identifying the privileged but inadvertently produced materials, the undersigned will promptly notify the Producing Party, the Committee and the Debtors of such discovery. Upon receiving such notification, the Debtors shall remove the privileged but inadvertently produced materials from the Depository and notify the other Depository Designees (as may then exist) of the fact that the identified privileged materials have been inadvertently produced and request that they be returned to the Debtors. Upon being so notified, the other Depository Designees (as may then exist) shall return such privileged but inadvertently produced materials to the Producing Party. Such privileged but inadvertently produced materials shall not be used by undersigned, the Debtors, the Committee, or any other Depository Designee in the Bankruptcy Court or any other proceeding or forum.

13. Notwithstanding anything otherwise contained in any confidentiality agreement with any Producing Party, Committee member Pension Benefit Guaranty Corporation ("PBGC"), as a governmental agency, may disclose documents designated "Highly Confidential – Attorneys' Eyes Only" or "Confidential" and/or information contained therein: (i) to the Executive Branch of the United States, the PBGC and PBGC Board of Directors' officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities; (ii) in the context of a court proceeding relating to the termination of a defined benefit plan sponsored by any of the Debtors, after

PBGC has sought an order providing that such information shall be filed under seal and has given notice of the filing of such motion to the Debtors, the Committee, and the Producing Party, or (iii) upon request from Congress or any committee, joint committee or subcommittee thereof or the Comptroller General, provided, that in the event of disclosure pursuant to this subsection (iii), PBGC will attempt to give reasonable advanced notice under the circumstances to the Committee and Producing Party. Any party authorized to receive access to the Discovery Documents from the Pension Benefit Guaranty Corporation pursuant to this Acknowledgment shall be bound by the terms hereof.

14. The terms of this Acknowledgment shall apply to the use of any and all Discovery Documents notwithstanding the terms of any confidentiality agreement entered into previously by the undersigned.

15. Within sixty (60) days after the later to occur of (i) the consummation of a plan of reorganization for the Debtors pursuant to a final confirmation order that is no longer subject to appeal, (ii) the conclusion of any litigation in the Cases for which use of the Discovery Documents remains necessary, or (iii) the conversion, discharge, dismissal, or other such termination of the Cases, the Debtors shall close the Depository and the undersigned shall return all Discovery Documents, and all copies thereof, in their possession, to counsel for the Producing Party or, in lieu thereof, certify in writing that such Discovery Documents have been destroyed.

16. The undersigned acknowledges that irreparable damage would occur to the Producing Party if any of the provisions of this Acknowledgment were not performed in accordance with their specific terms or were otherwise breached and that remedies at law for any actual or threatened breach by it of the covenants contained in this Acknowledgment shall be inadequate and that the Producing Party will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Acknowledgment, in addition to all other remedies available to the Producing Party. During the pendency of the Cases, the undersigned consents to the jurisdiction and venue of the Bankruptcy Court (or the District Court if then presiding over the Cases or the relevant proceeding within the Cases) with respect to any controversy or claims arising out of or related to this Acknowledgment. Upon conclusion of the Cases, the undersigned consents to the jurisdiction and venue of the federal and state courts located in the State of New York with respect to any controversy or claims arising out of or related to this Acknowledgment. THE UNDERSIGNED HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT.

Dated:
_____, 20\_\_

_____