IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Requested Hearing Date:**<br>**December 15, 2009 at 10:00 a.m. EST**<br>**Proposed Objection Deadline:**<br>**December 11, 2009 at 4 p.m. EST** |

## MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS' EXPEDITED MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO ESTABLISH A DOCUMENT DEPOSITORY AND DIRECTING THE COMMITTEE TO DELIVER CERTAIN DOCUMENTS TO THE DEPOSITORY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND (II) ESTABLISHING SETTLEMENT NEGOTIATION PROTECTIONS PURSUANT TO 11 U.S.C. § 105(A)

Tribune Company ("Tribune") and its affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), by and through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

their undersigned counsel, hereby file this motion (the "Motion") for the entry of an order setting an expedited hearing for and shortening the notice period on the concurrently-filed Motion for an Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a) (the "Depository and Settlement Negotiation Motion"),[2] pursuant to Rules 2002(a)(2) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In further support hereof, the Debtors respectfully represent as follows:

## RELIEF REQUESTED

1. The Debtors respectfully request entry of an Order under Rule 2002(a)(2) scheduling the Depository and Settlement Negotiations Motion for hearing at the next regularly scheduled omnibus hearing date on December 15, 2009 at 10:00 a.m. (prevailing Eastern time), or such other date and time as the Court may direct, at the Court's earliest convenience, and establishing December 11, 2009 at 4:00 p.m. (prevailing Eastern time) as the deadline for filing objections to the Depository and Settlement Negotiations Motion.

## BASIS FOR RELIEF

2. Under Bankruptcy Rule 2002(a)(2), the Court may, for cause shown, shorten the otherwise applicable notice period. This authorization is also expressed in Bankruptcy Rule 9006(c)(1) ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Depository and Settlement Negotiation Motion.

cause shown may in its discretion with or without motion or notice order the period reduced.") Additionally, under Local Rule 9006-1(e), the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

3. The relief requested herein should be granted. Time is of the essence with respect to the Debtors' efforts to engage its key stakeholders in negotiations to consensually address issues in connection with the Leveraged ESOP Transactions and negotiations of a plan or plans of reorganization in these chapter 11 cases. As described in the Depository and Settlement Negotiations Motion, in order to promote meaningful settlement discussions among the principal negotiating parties, the Debtors believe that it is appropriate and helpful that such parties have an equal opportunity to access the Discovery Documents produced to the Committee in connection with its analysis of the Leveraged ESOP Transactions. Additionally, the Debtors seek to adopt the settlement negotiation protections described in the Depository and Settlement Negotiations Motion to encourage all negotiating parties to work productively and candidly in addressing possible resolutions of these chapter 11 cases.

4. The Debtors have also sought to minimize the impact of the centralized Depository program on the more than 45 Producing Parties that have provided Discovery Documents to the Committee. The confidentiality of the Discovery Documents will be preserved by the procedures and protocols set forth in the Depository and Settlement Negotiations Motion and the Acknowledgment for the access to and use of such Discovery Documents. To the extent that the Producing Parties have any objection to their documents being reviewed, on a confidential basis, by the parties designated by the Debtors to access the Discovery Documents, the Producing Parties have the ability to respond, voice such concerns, and object if necessary.

5. The Debtors' next omnibus hearing scheduled in these chapter 11 cases after December 15, 2009 is January 27, 2010, which is only one month prior to the current expiration of the Debtors' exclusive period to file a plan of reorganization. In light of this deadline, and the intervening holidays, the Debtors believe that it is in their best interests, and the best interests of their estates and other parties in interest in these cases to seek the Court's approval of the Depository and Settlement Negotiations Motion on December 15, 2009, or as soon thereafter as the Court's calendar permits.

6. For all the reasons specified above, the present circumstances satisfy the requirement of cause under Rules 2002(a)(2) and 9006(c)(1), and the exigencies required under Local Rule 9006-1(e).

## NOTICE

7. To ensure that all parties receive notice as soon as possible, notice of this Motion and the Depository and Settlement Negotiations Motion has been provided (a) by email and first class mail to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the Steering Committee; (iv) counsel to the administrative agent for the Debtors' postpetition loan facility; (v) counsel for the indenture trustees for the Debtors' prepetition notes; and (vi) counsel for any of the other Initial Negotiating Parties; and (b) by first class mail on (i) all Producing Parties known to the Debtors and/or their counsel; and (ii) all parties having requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that such notice constitutes due and sufficient notice of this Motion and that no other or further notice is necessary or required.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing date for the Depository and Settlement Negotiations Motion on December 15, 2009 at 10:00 a.m. (prevailing Eastern time); (ii) establishing December 11, 2009 at 4:00 p.m. (prevailing Eastern time) as the deadline for filing objections to the Depository and Settlement Negotiations Motion; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      December 9, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Kevin T. Lantry
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION