IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| TRIBUNE COMPANY, et al., | : Case No. 08-13141 (KJC) |
| Debtors. | : Jointly Administered |

**OBJECTION OF MERRILL LYNCH CAPITAL CORPORATION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO DEL. BANKR. L.R. 9006-1(E) FOR AN ORDER SHORTENING NOTICE WITH RESPECT TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER REQUIRING THE PRODUCTION BY DATE CERTAIN OF EMAIL DOCUMENTS FROM MERRILL LYNCH CAPITAL CORPORATION PURSUANT TO BANKRUPTCY RULE 2004**

Merrill Lynch Capital Corporation ("Merrill Lynch"), by its attorneys Kaye Scholer LLP and Potter, Anderson and Corroon LLP, for its objection to the motion (the "Motion to Shorten") by the Official Committee of Unsecured Creditors (the "Committee") for an order pursuant to Del. Bankr. L.R. 9006-1(e) shortening notice with respect to the Committee's motion (the "Rule 2004 Motion") for an order requiring the production by a date certain of email documents from Merrill Lynch pursuant to Bankruptcy Rule 2004, respectfully states as follows:

1. The Committee has misrepresented its "dispute" with Merrill Lynch to this Court.[1] The Committee previously communicated by email to counsel for Merrill Lynch that the Committee's target date for the completion of Merrill Lynch's email production is January 31, 2010, **not** January 8, 2010 as set forth in the Rule 2004 Motion. In an e-mail to counsel for Merrill Lynch dated December 4, 2009, the Committee stated that it "need[ed] Merrill's e-mail

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Shorten.

production completed by the end of January 2010." A copy of such email is attached hereto as Exhibit A. By email dated December 7, 2009, counsel for Merrill Lynch responded to the Committee's December 4, 2009 email. A copy of such email is attached hereto as Exhibit B. In that email, counsel for Merrill Lynch stated that Merrill Lynch's target date for completion of its email production is February 16, 2010, a **two week** difference from the Committee's target date, and explained why Merrill Lynch needed until February 16, 2010. **Significantly, even though no agreement had been reached between the Committee and Merrill Lynch, counsel for Merrill Lynch informed counsel for the Committee that Merrill Lynch had, in good faith, initiated the steps necessary to proceed with the production of emails; indeed, these processes are currently ongoing.**

2.   The December 15, 2009 hearing date requested by the Committee coupled with the Committee's requested December 11, 2009 date for Merrill Lynch to object to the Rule 2004 Motion deprives Merrill Lynch of due process to prepare its objection to the Rule 2004 Motion and prepare for the hearing with respect to the Rule 2004 Motion. The Committee's request for a December 15, 2009 hearing date is allegedly tied to the Committee's purported target date, January 8, 2010. However, based on the Committee's December 4, 2009 email, we know that the Committee's target date provided to Merrill Lynch is much later -- January 31, 2010. See Exhibit A. It is obvious that the Committee has materially changed its position on its need for Merrill Lynch's email production to justify its request for the December 15, 2009 hearing date and deny Merrill Lynch due process and sufficient time to prepare for the hearing with respect to the Rule 2004 Motion.

3.   The Committee failed to inform the Court that Merrill Lynch has, in fact, taken steps to decrease the time estimate provided to the Court at the December 1 status conference for

the completion of its production. See Exhibit B. On December 7, 2009, Merrill Lynch informed the Committee that it increased its document review staff from 10 to 15 reviewers and shortened its time estimate for completion of its production from 12 weeks to 10 weeks.[2] See Exhibit B. As Merrill Lynch pointed out to the Committee, the biggest impediment to further acceleration of the pace of production arises from the technical and quality control processes associated with the electronic production, not the number of document reviewers.[3] See Exhibit B.

4.   Contrary to the Committee's assertions in the Motion to Shorten and the Rule 2004 Motion, Merrill Lynch has cooperated with the Committee at all times with respect to the Committee's May 14, 2009 amended document requests. Merrill Lynch has voluntarily produced over 9,000 non-email documents to the Committee. With regard to email discovery, Merrill Lynch has continually negotiated with the Committee in good faith and has attempted repeatedly to reach a reasonable resolution for the completion of the production of emails requested by the Committee. Since the December 1 status conference before the Court, which Merrill Lynch voluntarily attended, Merrill Lynch has increased its document review staff and accelerated its estimate for the completion of its production. See Exhibit B. Despite not being able to reach an agreement with the Committee, Merrill Lynch has moved forward with its processing and review of emails. See Exhibit B. Merrill Lynch is presently reviewing emails

---

[2]  Merrill Lynch's email production schedule as communicated to the Creditors' Committee and the Court is not materially different from the email production schedule of JP Morgan Chase Bank, N.A. ("JPMorgan"). It is Merrill Lynch's understanding that the Committee negotiated an email discovery plan with JPMorgan in July 2009 and JPMorgan completed its production of email in November 2009.

[3]  The Committee has never attempted to work with Merrill Lynch to "speed up the process" of Merrill Lynch's email production. To the contrary, the Committee has yet to agree to narrow the 41 search terms it proposed. As a result, Merrill Lynch is faced with reviewing an enormous pool of some 300,000 email documents to identify emails responsive to the Committee's May 14, 2009 amended document requests.

and is committed to producing responsive, non-privileged emails on a rolling basis in order to meet its February 16, 2009 target date for the completion of its email production. In view of the foregoing, there is simply no prejudice whatsoever to the Committee in having its Rule 2004 Motion heard on December 22, 2009 consistent with Local Rule 2004(a)(1)(c).

5.      Merrill Lynch hereby respectfully submits that the Committee does not have sufficient cause to justify shortening the notice period for the hearing with respect to the Rule 2004 Motion. It is the Committee itself (not Merrill Lynch) that is responsible for the Committee's inability to meet internal deadlines and any inconvenience associated with the timing of the completion of Merrill Lynch's email production. The Committee did not request that Merrill Lynch produce email until September 18, 2009 when the Committee requested emails for an extraordinary **82 custodians** using 43 expansive search terms. The Committee then spent six weeks negotiating with Merrill Lynch on an email discovery plan in which the parties agreed that Merrill Lynch would collect email for 12 custodians. Merrill Lynch agreed to apply the 41 of the 43 search terms to the emails collected for the 12 custodians which resulted in the extraordinary set of 330,000 documents after the application of 41 of the Committee's 43 search terms, clearly demonstrating the unreasonableness of the Committee's initial proposal.[4]

6.      In order to provide Merrill Lynch with sufficient time to submit its objection, Merrill Lynch is amendable to setting the hearing on a day other than the next omnibus hearing date, which is January 27, 2010. Subject to the Court's calendar, Merrill Lynch suggests that the Court schedule a hearing on the Rule 2004 Motion on December 22, 2009 and that Merrill Lynch respond to the Rule 2004 Motion on December 18, 2009.

---

[4]     Even excluding the most expansive of the search terms, which Merrill Lynch will suggest in the context of the Rule 2004 Motion, there is still an extraordinary 277,000 documents to be reviewed.

WHEREFORE, Merrill Lynch respectfully requests that (i) the Court decline to enter any order approving the Motion to Shorten, (ii) the Court schedule a hearing on the Motion for December 22, 2009 with Merrill Lynch's objection to the Rule 2004 Motion due on December 18, 2009 (iii) for such other and further relief as the Court deems appropriate.

Dated: December 9, 2009
Wilmington, Delaware

POTTER ANDERSON & CORROON LLP

*/s/ R. Stephen McNeill*
Laurie Selber Silverstein (No. 2396)
R. Stephen McNeill (No. 5210)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801
(302) 984-6033

*Attorneys for Merrill Lynch Capital Corp.*

-and-

KAYE SCHOLER LLP
Madlyn Gleich Primoff
Joseph M. Drayton
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Merrill Lynch Capital Corp.*