## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF AGENDA OF MATTERS SCHEDULED
## FOR HEARING ON DECEMBER 15, 2009 AT 10:00 A.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to appear telephonically at the hearing
must contact COURTCALL, LLC at 866-582-6878 to register to participate.

## CONTINUED MATTERS

1.    Revised Motion of CenterPoint Energy Services, Inc. for Allowance and Payment of
      § 503(b)(9) Administrative Expense Claim (Filed October 23, 2009) (Docket No. 2414)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Related Document(s):

    (a)    Exhibit A to Amended Motion for Payment of Administrative Expenses (Filed October 29, 2009) (Docket No. 2456)

Objection Deadline:  November 11, 2009 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on January 20, 2010 for the Debtors.

Responses Received: None.

Status:    On consent of the parties, this matter is adjourned to the January 27, 2010 hearing.  This matter will not be going forward.

## CONTESTED MATTERS NOT GOING FORWARD

2.    Debtors' Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2559)

Related Document(s):

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2683)

Objection Deadline:  December 8, 2009 at 4:00 p.m.

Responses Received:

    (a)    Response by Howard W. Mylander to Debtors' Eighth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2738)

Status:    The Debtors intend to submit a proposed revised order, under certification of counsel, with respect to all claimants who did not contest or otherwise respond to the Objection.  This matter is adjourned to the January 27, 2010 hearing as to the claim of Mr. Mylander.  This matter will not be going forward.

3.    Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
      1 (Filed November 13, 2009) (Docket No. 2560)

      Related Document(s):

            (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Ninth
                   Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
                   502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
                   Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2684)

      Objection Deadline:  December 8, 2009 at 4:00 p.m.

      Responses Received:

            (a)    Response by Claudia Sanzeri to Debtors' Ninth Omnibus (Non-
                   Substantive) Objection to Claims (Filed December 8, 2009) (Docket No.
                   2765)

      Status:    The Debtors intend to submit a proposed revised order, under certification of
                 counsel, with respect to all claimants who did not contest or otherwise
                 respond to the Objection.  This matter is adjourned to the January 27, 2010
                 hearing as to the claim of Ms. Sanzeri.  This matter will not be going forward.

4.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
      1 (Filed November 13, 2009) (Docket No. 2561)

      Related Document(s):

            (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth
                   Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
                   502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
                   Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

      Objection Deadline:  December 8, 2009 at 4:00 p.m.

      Responses Received:

            (a)    Response by Karolyn M. Walker to Debtors' Tenth Omnibus (Non-
                   Substantive) Objection to Claims (Filed December 4, 2009) (Docket No.
                   2739)

            (b)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-
                   Substantive) Objection to Claims (Filed December 4, 2009) (Docket No.
                   2744)

46429/0001-6113878v1

     (c)    Response by Chris Parker to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 7, 2009) (Docket No. 2750)

     (d)    Response by Marc Silver to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 7, 2009) (Docket No. 2751)

     (e)    Informal Response received from GE Capital Fleet Services

     (f)    Informal Response received from Personal Plus Inc.

Status:    The Debtors intend to submit a proposed revised order, under certification of counsel, with respect to all claimants who did not contest or otherwise respond to the Objection. This matter is adjourned to the January 27, 2010 hearing as to the responding claimants listed above. This matter will not be going forward.

## STATUS CONFERENCE NOT GOING FORWARD

5.    Status Conference with respect to Adversary Proceeding No. 09-50486 (KJC), Tribune Media Services, Inc. v. Warren Beatty

Related Document(s):

     (a)    Memorandum (Entered November 9, 2009) (Adv. Case No. 09-50486) (Adv. Docket No. 38)

     (b)    Order (Entered November 9, 2009) (Adv. Case No. 09-50486) (Adv. Docket No. 39)

Status:    The parties intend to submit, under certification of counsel, a proposed stipulated order staying the adversary proceeding. This matter will not be going forward.

## UNCONTESTED MATTERS WITH CERTIFICATIONS OF NO OBJECTION

6.    Motion for Entry of an Order (I) Authorizing Debtor Los Angeles Times Communications LLC to Assume a Certain Unexpired Lease of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code and (II) Setting Cure Amount with Respect Thereto (Filed November 11, 2009) (Docket No. 2547)

Related Document(s):

     (a)    Certification of Counsel Regarding Motion for Entry of an Order (I) Authorizing Debtor Los Angeles Times Communications LLC to Assume a Certain Unexpired Lease of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code and (II) Setting Cure

4

Amount with Respect Thereto (Filed December 9, 2009) (Docket No. 2770)

Objection Deadline:  November 23, 2009 at 4:00 p.m.

Responses Received:

(a)     Lessor's [Diablo Investment Co.] Limited Objection to Specific Terms of Proposed Order (I) Authorizing Debtor Los Angeles Times Communications LLC to Assume its Unexpired Lease of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code and (II) Setting Cure Amount with Respect Thereto [2547] (Filed November 20, 2009) (Docket No. 2609)

(b)     Withdrawal of Lessor's [Diablo Investment Co.] Limited Objection to Specific Terms of Proposed Order (I) Authorizing Debtor Los Angeles Times Communications LLC to Assume its Unexpired Lease of Nonresidential Real Property Pursuant to Section 365 of the Bankruptcy Code and (II) Setting Cure Amount with Respect Thereto [2547] (Filed December 9, 2009) (Docket No. 2794)

Status:     A Certification of Counsel, together with a revised proposed Order, was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

7.     Debtors' Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2558)

Related Document(s):

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2682)

(b)     Certification of No Objection Regarding Debtors' Seventh Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 10, 2009) (Docket No. 2806)

Objection Deadline:  December 8, 2009 at 4:00 p.m.

Responses Received: None.

Status:     A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

46429/0001-6113878v1

8.   Debtors' Eleventh Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
     502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
     1 (Filed November 13, 2009) (Docket No. 2562)

     Related Document(s):

          (a)   Certification of No Objection Regarding Debtors' Eleventh Omnibus
                (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the
                Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule
                3007-1 (Filed December 10, 2009) (Docket No. 2807)

     Objection Deadline:  December 8, 2009 at 4:00 p.m.

     Responses Received: None.

     Status:     A Certification of No Objection was filed with the Court.  This matter will
                 not be going forward unless otherwise directed by the Court.

9.   Motion of Debtor Chicago Tribune Company for an Order Pursuant to Section 363 of the
     Bankruptcy Code Authorizing the Sale of Certain Real Property Located in Countryside,
     Illinois (Filed November 25, 2009) (Docket No. 2666)

     Related Document(s):

          (a)   Certification of No Objection Regarding Motion of Debtor Chicago
                Tribune Company for an Order Pursuant to Section 363 of the Bankruptcy
                Code Authorizing the Sale of Certain Real Property Located in
                Countryside, Illinois (Filed December 10, 2009) (Docket No. 2805)

     Objection Deadline:  December 8, 2009 at 4:00 p.m.

     Responses Received: None.

     Status:     A Certification of No Objection was filed with the Court.  This matter will
                 not be going forward unless otherwise directed by the Court.

46429/0001-6113878v1

**UNCONTESTED MATTERS GOING FORWARD**

10.     Notice of Hearing on Monthly Fee Requests and Quarterly Fee Application Requests for the First Interim Fee Period (Filed November 11, 2009) (Docket No. 2549)

**Fee Applications**:

A.     Cole, Schotz, Meisel, Forman & Leonard, P.A.

1.     First Interim Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A., Co-Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from December 8, 2008 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1035)

2.     Certification of No Objection Regarding First Interim Fee Application (Filed May 7, 2009) (Docket No. 1152)

3.     First Monthly Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A., Co-Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from December 8, 2008 through January 31, 2009 (Filed April 14, 2009) (Docket No. 1022)

4.     Certification of No Objection Regarding First Monthly Fee Application (Filed may 7, 2009) (Docket No. 1150)

5.     Second Monthly Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A., Co-Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from February 1, 2009 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1033)

6.     Certification of No Objection Regarding Second Monthly Fee Application (Filed May 7, 2009) (Docket No. 1151)

7.     Fee Examiner's Final Report Regarding First Interim Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A. (Filed November 18, 2009) (Docket No. 2589)

B.     Sidley Austin LLP

1.     First Quarterly Fee Application of Sidley Austin LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period of December 8, 2008 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1031)

2.    Certification of No Objection Regarding First Quarterly Fee Application (Filed May 7, 2009) (Docket No. 1155)

3.    First Monthly Fee Application of Sidley Austin LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period of December 8, 2008 through January 31, 2009 (Filed March 26, 2009) (Docket No. 819)

4.    Certification of No Objection Regarding First Monthly Fee Application (Filed April 20, 2009) (Docket No. 1053)

5.    Second Monthly Fee Application of Sidley Austin LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period of February 1, 2009 through February 28, 2009 (Filed April 9, 2009) (Docket No. 888)

6.    Certification of No Objection Regarding Second Monthly Fee Application (Filed May 1, 2009) (Docket No. 1125)

7.    Fee Examiner's Final Report Regarding First Quarterly Fee Application of Sidley Austin LLP (Filed November 18, 2009) (Docket No. 2590)

C.    Alvarez & Marsal North America

1.    First Interim Fee Application of Alvarez & Marsal North America, LLC in their Capacity as Restructuring Advisors to the Debtors and Debtors-in-Possession, for Compensation and Reimbursement of Expenses Incurred for the Period December 8, 2008 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1034)

2.    Certification of No Objection Regarding First Interim Fee Application (Filed May 7, 2009) (Docket No. 1158)

3.    First Monthly Fee Statement of Alvarez & Marsal North America, LLC in their Capacity as Restructuring Advisors to the Debtors and Debtors-in-Possession, for Compensation and Reimbursement of Expenses Incurred for the Period from December 8, 2008 Through January 31, 2009 (Filed March 20, 2009) (Docket No. 558)

4.    Certification of No Objection Regarding Monthly Fee Statement (Filed April 15, 2009) (Docket No. 1026)

5.    Second Monthly Fee Statement of Alvarez & Marsal North America, LLC in their Capacity as Restructuring Advisors to the Debtors and Debtors-in-Possession, for Compensation and Reimbursement of Expenses Incurred for the Period from February 1, 2009 Through February 28, 2009 (Filed April 3, 2009) (Docket No. 858)

6.      Certification of No Objection Regarding Second Monthly Fee Statement (Filed April 29, 2009) (Docket No. 1106)

7.      Fee Examiner's Final Report Regarding First Interim Fee Application of Alvarez & Marsal North America, LLC (Filed August 21, 2009) (Docket No. 1992)

D.      Jenner & Block LLP

1.      First Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1030)

2.      Certification of No Objection Regarding First Quarterly Application (Filed May 7, 2009) (Docket No. 1154)

3.      Fee Examiner's Final Report Regarding First Quarterly Application of Jenner & Block LLP (Filed July 29, 2009) (Docket No. 1862)

E.      Jones Day

1.      First Interim Fee Application of Jones Day for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through February 28, 2009 (Filed July 15, 2009) (Docket No. 1741)

2.      Certification of No Objection Regarding First Interim Fee Application (Filed August 6, 2009) (Docket No. 1907)

3.      First Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from December 8, 2008 through March 31, 2009 (Filed June 1, 2009) (Docket No. 1281)

4.      Certification of No Objection Regarding First Application (Filed June 24, 2009) (Docket No. 1625)

5.      Fee Examiner's Final Report Regarding First Interim Fee Application of Alvarez & Marsal North America, LLC (Filed August 17, 2009) (Docket No. 1972)

F.      Lazard Frères & Co. LLC

1.      First Interim Fee Application of Lazard Frères & Co. LLC, Investment Banker and Financial Advisor to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period

December 8, 2008 through February 28, 2009 (Filed May 12, 2009) (Docket No. 1190)

2.    Certification of No Objection Regarding First Interim Fee Application (Filed June 3, 2009) (Docket No. 1292)

3.    First Monthly Application of Lazard Frères & Co. LLC, Investment Banker and Financial Advisor to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through January 31, 2009 (Filed April 7, 2009) (Docket No. 873)

4.    Certification of No Objection Regarding First Monthly Application (Filed May 5, 2009) (Docket No. 1138)

5.    Second Monthly Application of Lazard Frères & Co. LLC, Investment Banker and Financial Advisor to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period February 1, 2009 through February 28, 2009 (Filed May 1, 2009) (Docket No. 1124)

6.    Certification of No Objection Regarding Second Monthly Application (Filed May 27, 2009) (Docket No. 1255)

7.    Fee Examiner's Final Report Regarding First Interim Fee Application of Lazard Freres & Co. LLC (Filed November 19, 2009) (Docket No. 2592)

G.    <u>McDermott Will & Emery</u>

1.    Combined Monthly and First Quarterly Fee Application of McDermott Will & Emery LLP, as Special Counsel to the Debtors for Domestic Legal Matters, for Compensation and Reimbursement of Expenses for the Period of December 8, 2008 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1029)

2.    Amended Certification of No Objection Regarding Combined Monthly and First Quarterly Fee Application (Filed June 16, 2009) (Docket No. 1571)

3.    Fee Examiner's Final Report Regarding Combined Monthly and First Quarterly Application of McDermott Will & Emery LLP (Filed November 12, 2009) (Docket No. 2555)

4.    Response to the Fee Examiner's Final Report Regarding Combined Monthly and First Quarterly Application of McDermott Will & Emery LLP (Filed December 10, 2009) (Docket No. 2798)

H.    <u>Paul, Hastings, Janofsky & Walker LLP</u>

10

1.      First Interim Fee Application Request (Filed April 17, 2009) (Docket No. 1052)

2.      Certification of No Objection Regarding First Interim Fee Application Request (Filed May 15, 2009) (Docket No. 1203)

3.      First Monthly Application of Paul, Hastings, Janofsky & Walker LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate and Related Matters for the Period from December 8, 2008 Through January 31, 2009 (Filed February 27, 2009) (Docket No. 459)

4.      Certification of No Objection Regarding First Monthly Application (Filed May 7, 2009) (Docket No. 1148)

5.      Second Monthly Application of Paul, Hastings, Janofsky & Walker LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate and Related Matters for the Period from February 1, 2009 through February 28, 2009 (Filed March 27, 2009) (Docket No. 820)

6.      Certification of No Objection Regarding Second Monthly Application (Filed May 7, 2009) (Docket No. 1149)

7.      Fee Examiner's Final Report Regarding First Interim Fee Application of Paul, Hastings, Janofsky & Walker LLP (Filed August 12, 2009) (Docket No. 1948)

I.      PricewaterhouseCoopers LLP

1.      First Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period December 8, 2008 through February 28, 2009 (Filed July 23, 2009) (Docket No. 1805)

2.      Certification of No Objection Regarding First Interim Fee Application (Filed August 17, 2009) (Docket No. 1973)

3.      First Monthly Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period December 8, 2008 through January 31, 2009 (Filed May 12, 2009) (Docket No. 1185)

4.      Certification of No Objection Regarding First Monthly Application (Filed June 3, 2009) (Docket No. 1290)

46429/0001-6113878v1

5.    Second Monthly Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period February 1, 2009 through February 28, 2009 (Filed May 12, 2009) (Docket No. 1187)

6.    Certification of No Objection Regarding Second Monthly Application (Filed June 3, 2009) (Docket No. 1291)

7.    Fee Examiner's Final Report Regarding First Interim Fee Application of PricewaterhouseCoopers LLP (Filed November 24, 2009) (Docket No. 2621)

J.    Reed Smith LLP

1.    First Interim Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period December 8, 2009 Through February 28, 2009 (Filed April 24, 2009) (Docket No. 1083)

2.    First Monthly Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period December 8, 2008 Through February 28, 2009 (Filed March 25, 2009) (Docket No. 811)

3.    Certification of No Objection Regarding First Monthly Fee Application (Filed April 24, 2009) (Docket No. 1082)

4.    Fee Examiner's Final Report Regarding First Interim Fee Application of Reed Smith LLP (Filed July 29, 2009) (Docket No. 1859)

K.    Mercer (US) Inc.

1.    First Quarterly Application of Mercer (US) Inc. as Compensation Consultant to the Debtors Seeking Allowance of Interim Compensation and for Interim Reimbursement of All Actual and Necessary Expenses Incurred for the Period of January 12, 2009 through February 28, 2009 (Filed July 14, 2009) (Docket No. 1731)

2.    Certification of No Objection Regarding First Quarterly Fee Application (Filed August 10, 2009) (Docket No. 1930)

3.    First Monthly Application of Mercer (US) Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Compensation Consultant to the Debtors and Debtors in Possession for the Period of

January 12, 2009 through January 31, 2009 (Filed July 14, 2009) (Docket No. 1729)

4.    Certification of No Objection Regarding First Monthly Fee Application (Filed August 10, 2009) (Docket No. 1928)

5.    Second Monthly Application of Mercer (US) Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Compensation Consultant to the Debtors and Debtors in Possession for the Period of February 1, 2009 Through February 28, 2009 (Filed July 14, 2009) (Docket No. 1730)

6.    Certification of No Objection Regarding Second Monthly Fee Application (Filed August 10, 2009) (Docket No. 1929)

7.    Fee Examiner's Final Report Regarding First Quarterly Fee Application of Mercer (US) Inc. (Filed November 12, 2009) (Docket No. 2554)

L.    Chadbourne & Parke LLP

1.    First Interim Application for Compensation for December 18, 2009 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1025)

2.    First Monthly Application for Compensation for period December 18, 2008 through January 31, 2009 (Filed February 25, 2009) (Docket No. 452)

3.    Certification of No Objection Regarding First Monthly Fee Application (Filed March 19, 2009) (Docket No. 548)

4.    Second Monthly Application for Compensation for period February 1, 2009 through February 28, 2009 (Filed March 25, 2009) (Docket No. 809)

5.    Certification of No Objection Regarding Second Monthly Fee Application (Filed April 16, 2009) (Docket No. 1046)

6.    Fee Examiner's Final Report Regarding First Interim Application of Chadbourne & Parke LLP (Filed August 12, 2009) (Docket No. 1946)

7.    Chadbourne & Parke's Response to Final Report of Fee Examiner (Filed August 27, 2009) (Docket No. 2036)

M.    Landis Rath & Cobb LLP

1.    First Interim Application for Compensation for December 18, 2008 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1024)

46429/0001-6113878v1

2. First Monthly Application for Compensation for period December 18, 2008 through January 31, 2009 (Filed February 25, 2009) (Docket No. 451)

3. Certification of No Objection Regarding First Monthly Fee Application (Filed March 19, 2009) (Docket No. 547)

4. Second Monthly Application for Compensation for period February 1, 2009 through February 28, 2009 (Filed March 25, 2009) (Docket No. 812)

5. Certification of No Objection Regarding Second Monthly Fee Application (Filed April 16, 2009) (Docket No. 1048)

6. Fee Examiner's Final Report Regarding First Interim Fee Application of Landis, Rath & Cobb LLP (Filed September 22, 2009) (Docket No. 2191)

7. Response of Landis Rath & Cobb LLP to Fee Examiner's Final Report Regarding First Interim Fee Application of Landis Rath & Cobb LLP (Filed October 7, 2009) (Docket No. 2292)

N. AlixPartners, LLP

1. First Interim Application for Compensation for December 19, 2008 through February 28, 2009 (Filed April 15, 2009) (Docket No. 1028)

2. First Monthly Application for Compensation for period December 19, 2008 through January 31, 2009 (Filed March 2, 2009) (Docket No. 460)

3. Certification of No Objection Regarding First Monthly Fee Application (Filed March 25, 2009) (Docket No. 808)

4. Second Monthly Application for Compensation for period February 1, 2009 through February 28, 2009 (Filed March 30, 2009) (Docket No. 828)

5. Certification of No Objection Regarding Second Monthly Fee Application (Filed April 22, 2009) (Docket No. 1065)

6. Fee Examiner's Final Report Regarding First Interim Fee Application of AlixPartners, LLP (Filed August 14, 2009) (Docket No. 1960)

O. Moelis & Company LLC

1. First Interim Application for Compensation for January 6, 2009 through February 28, 2009 (Filed April 16, 2009) (Docket No. 1040)

2. First Monthly Application for Compensation for period January 6, 2009 through January 31, 2009 (Filed April 16, 2009) (Docket No. 1038)

3.    Certification of No Objection Regarding First Monthly Fee Application (Filed May 8, 2009) (Docket No. 1162)

4.    Second Monthly Application for Compensation for period February 1, 2009 through February 28, 2009 (Filed April 16, 2009) (Docket No. 1039)

5.    Certification of No Objection Regarding Second Monthly Fee Application (Filed May 8, 2009) (Docket No. 1163)

6.    Fee Examiner's Final Report Regarding First Interim Fee Application of Moelis & Company LLC (Filed November 16, 2009) (Docket No. 2570)

P.    <u>Committee Members</u>

1.    First Monthly Application for Compensation of Committee Members for Reimbursement of Expenses (Filed February 25, 2009) (Docket No. 453)

2.    Certification of No Objection Regarding Application (Filed March 19, 2009) (Docket No. 549)

3.    Second Monthly Application for Compensation of Committee Members for Reimbursement of Expenses (Filed March 25, 2009) (Docket No. 810)

4.    Certification of No Objection Regarding Application (Filed April 16, 2009) (Docket No. 1047)

5.    Fee Auditor's Final Report Regarding First and Second Monthly Applications of Official Committee of Unsecured Creditors (Filed August 12, 2009) (Docket No. 1943)

6.    Official Committee of Unsecured Creditors' Response to Final Report of Fee Examiner (Filed August 26, 2009) (Docket No. 2027)

Response Deadlines:  See respective Applicants' monthly fee applications.

Responses Received:  None.

Status:    All fee applications are uncontested and all issues raised by the Fee Examiner with respect to the Applications have been resolved.  The Debtors intend to submit a proposed omnibus fee order, under certification of counsel, for the Court's consideration.  This matter will be going forward unless otherwise directed by the Court.

46429/0001-6113878v1

**CONTESTED MATTERS GOING FORWARD**

11.    Motion of the Debtors for an Order Pursuant to 11 U.S.C. Sections 105(a), 363(b) and Fed. R. Bankr. P. 9019(a) Approving a Settlement Agreement Between Certain Debtors and the Estate of E. Michael Gutman, M.D. (Filed November 11, 2009) (Docket No. 2548)

Objection Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

(a)    Official Committee of Unsecured Creditors' Objection to Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a), 363(b) and Fed. R. Bankr. P. 9019(a) Approving a Settlement Agreement Between Certain Debtors and the Estate of E. Michael Gutman, M.D. (Filed December 8, 2009) (Docket No. 2766)

Status:    This motion is contested. Counsel for Gutman has indicated that he wants to present a witness in support of the motion and counsel for the Creditors' Committee has indicated that the Committee wants to depose the witness. In addition, in light of the pending objection, the Debtors intend to present evidence in support of the motion, and the Committee has indicated that they may need to depose the Debtors' witness. The Debtors and the Committee submit that this matter should proceed as a scheduling conference pursuant to the Court's Chambers Procedures. The Debtors' counsel has attempted to confer with Gutman's counsel to see if he consents to the status conference but has been unable to confirm counsel's position on this matter.

12.    Motion of the Official Committee of Unsecured Creditors for an Order Requiring the Production by Date Certain of Email Documents from Merrill Lynch Capital Corporation Pursuant to Bankruptcy Rule 2004 (Filed December 8, 2009) (Docket No. 2767)

Related Document(s):

(a)    Motion Pursuant to Del. Bankr. L.R. 9006-1(e) for an Order Shortening Notice with Respect to the Motion of the Official Committee of Unsecured Creditors for an Order Requiring the Production by Date Certain of Email Documents from Merrill Lynch Capital Corporation Pursuant to Bankruptcy Rule 2004 (Filed December 8, 2009) (Docket No. 2768)

(b)    Order Shortening Notice with Respect to the Motion of the Official Committee of Unsecured Creditors for an Order Requiring the Production of Documents from Merrill Lynch Capital Corporation Pursuant to Bankruptcy Rule 2004 (Entered December 9, 2009) (Docket No. 2790)

(c)     Notice of Hearing on Motion (Filed December 10, 2009) (Docket No. 2796)

Objection Deadline:  December 15, 2009 at 10:00 a.m.

Responses Received:

(a)     Objection of Merrill Lynch Capital Corporation to the Motion Pursuant to Del. Bankr. L.R. 9006-1(e) for an Order Shortening Notice with Respect to the Motion of the Official Committee of Unsecured Creditors for an Order Requiring the Production by Date Certain of Email Documents from Merrill Lynch Capital Corporation Pursuant to Bankruptcy Rule 2004 (Filed December 9, 2009) (Docket No. 2787)

Status:         This matter will be going forward.

13.   Debtors' Expedited Motion for an Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a) (Filed December 9, 2009) (Docket No. 2781)

Related Document(s):

(a)     Motion to Set Expedited Hearing and Shorten Notice Period with Respect to Debtors' Expedited Motion for an Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a) (Filed December 9, 2009) (Docket No. 2782)

(b)     Order Setting Expedited Hearing and Shortening Notice Period with Respect to Debtors' Expedited Motion for an Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a) (Entered December 9, 2009) (Docket No. 2785)

(c)     Notice of Hearing on Motion (Filed December 9, 2009) (Docket No. 2789)

Objection Deadline:  December 11, 2009 at 4:30 p.m.

Responses Received:  None at this time.

Status:          This matter will be going forward.

Dated:  December 11, 2009

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Janet E. Henderson
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:    _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION