# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Joint Administration Requested |
| | **Objections Due: January 4, 2010 at 4:00 p.m.**<br>**Hearing Date:** *Only if Objections are filed* |

## MONTHLY FEE APPLICATION OF
## McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | September 1, 2009 to September 30, 2009 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $65,515.50 (80% of which is $52,412.40) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $117.99 |

This is an: _x_ monthly       __ interim       ___ final application

NYK 1233397-2.020336.0515

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[1] | 1029 | 12/8/08 – 3/13/09 | $530,504.50 | $6,808.20 | $[____] | $[____] |
| 7/31/09 | 1876 | 3/1/09 – 3/31/09 | $360,698.00[2] | $2,222.03 | $[____] | $[____] |
| 7/31/09 | 1877 | 4/1/09 – 4/30/09 | $279,111.00 | $1,624.80 | $[____] | $[____] |
| 10/7/09 | 2295 | 5/1/09 – 5/31/09 | $199,656.00 | $699.34[3] | $[____] | $[____] |
| 11/16/09 | 2571 | 6/1/09 – 6/30/09 | $123,100.00 | $54.47 | $[____] | $[____] |
| 11/16/09 | 2572 | 7/1/09 – 7/31/09 | $203,660.00 | $1,039.27 | $[____] | $[____] |
| 11/16/09 | 2573 | 8/1/09 – 8/31/09 | $38,725.00 | $218.96 | $[____] | $[____] |

## COMPENSATION FOR PROFESSIONALS
## AUGUST 1, 2009 THROUGH AUGUST 31, 2009

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar | $915 | 5.40 | $4,941.00 |

---

[1] The Combined Monthly and First Quarterly Application of McDermott Will & Emery LLP ("McDermott"), as Special Counsel to Debtors for Domestic Legal Matters for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 Through February 28, 2009 (the "Combined Monthly and First Quarterly Application") combined McDermott's monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[2] McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the above-captioned debtors and debtors in possession (the "Debtors"). Such amount resulted from the United States Trustee's (the "U.S. Trustee") concern regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") resolved the U.S. Trustee's concern by agreeing that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[3] Though McDermott sought reimbursement of expenses in the amount of $699.34, McDermott credited such request for reimbursement by the amount of $662.24 to reflect charges McDermott did not intend to include in its April fee statement. Accordingly, McDermott only sought expense reimbursement in the amount of $37.10 ($699.34 - $662.24).

| | | | | |
|---|---|---|---|---|
| | since 1987 | | | |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | 750 | 6.00 | $4,500.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | 580 | 2.80 | $1,624.00 |
| William W. Merten | Partner, Corporate, Member of Illinois Bar since 1985 | 715 | 6.20 | $4,433.00 |
| Gary O. Ravert | Partner, Restructuring & Insolvency, Member of New York Bar since 2001 | 585 | 6.90 | $4,036.50 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | 610 | 10.10 | $6,161.00 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | 715 | 16.60 | $11,869.00 |
| Susan M. Nash | Partner, Employee Benefits, Member of Illinois Bar since 1991 | 690 | .70 | $483.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | 715 | 4.90 | $3,503.50 |
| Luis L. Granados, III | Counsel, Employee Benefits, Member of District of Columbia Bar since 1985, Member of Maryland Bar since 1979 | 630 | .30 | $189.00 |
| Karen A. Simonsen | Partner, Employee Benefits, Member of Illinois Bar since 1988 | 715 | .30 | $214.50 |
| Brooks B. Gruemmer | Partner, Corporate, Member of Illinois Bar since 1990 | 690 | .80 | $552.00 |
| William J. Quinlan, Jr. | Counsel, Corporate, Member of Illinois Bar since 1966 | 695 | .30 | $208.50 |
| Daniel S. Fuchs | Associate, Tax, Member of Illinois Bar since 2006 | 315 | 1.60 | $504.00 |
| James G. Isaac | Associate, Employee Benefits, Member of Wisconsin Bar since 2008, Member of Illinois Bar since 2008 | 280 | 14.30 | $4,004.00 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since | 320 | 31.30 | $10,016.00 |

| | 2008 | | | |
|---|---|---|---|---|
| Jared D. Zajac | Associate, Restructuring & Insolvency, Membership to New York Bar pending | 305 | 20.70 | $6,313.50 |
| Jeffrey M. Holdvogt | Associate, Employee Benefits, Member of Illinois Bar since 2003 | 420 | 3.90 | $1,638.00 |
| Beverly Schafman | Corporate Professional | 325 | 1.00 | $325.00 |
| Grand Total: | | | 134.10 | $65,515.50 |
| Blended Rate: | | | | $488.57 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Welfare Plans | 26.40 | $11,234.00 |
| Non-Qualified Plans | 3.80 | $2,717.00 |
| ESOP | 28.40 | $19,077.50 |
| Newsday | 7.20 | $4,778.00 |
| Chapter 11 Restructuring | 68.30 | $27,709.00 |
| **TOTAL:** | 134.10 | $65,515.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Telecommunications | Conference Plus | $5.85 |
| Photocopies | In-House | $1.90 |
| Photocopies | Williams Lea Inc. | $7.58 |
| Business meal | | $101.78 |
| Postage | | $0.88 |
| **TOTAL** | | $117.99 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objections Due: January 4, 2010 at 4:00 p.m.** |
| | **Hearing Date:** *Only if Objections are filed* |

## MONTHLY FEE APPLICATION OF
## McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO
## DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
## COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD SEPTEMBER 1, 2009 THROUGH SEPTEMBER 30, 2009

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic

Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this Application

(the "Application") for approval and allowance of compensation for services rendered in the

amount of $65,515.50 (80% of which equals $52,412.40) and reimbursement for expenses

incurred in the amount of $117.99 during the period commencing September 1, 2009 through

September 30, 2009  (the "Application Period").  This Application is submitted pursuant to

sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the

Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§105(a) and 331 (the

"Compensation Order"), the Executive Office of United States Trustees' Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner

NYK 1233397-2.020336.0515

and Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner

Order"). In support of this Application, McDermott respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 330, 331

and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an

order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. The Debtors have continued in possession of their respective properties and have

continued in the management and operation of their businesses as a debtors in possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. No trustee has been appointed in these chapter 11 cases.

## McDERMOTT RETENTION

6. Prior to the Petition Date, Debtors retained McDermott as general legal counsel

and agreed to pay on a monthly basis the reasonable value of services rendered based on

McDermott's standard billing rates and pursuant to its standard reimbursement policies.

7.      On March 13, 2009, the Court authorized the employment and retention of

McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general

domestic legal matters, nunc pro tunc to December 8, 2008.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by McDermott were performed

for or on behalf of the Debtors.

9.      In compliance with Rule 2016-2, McDermott confirms that during the Application

Period McDermott received no payment and no promise of payment from any source for services

rendered or to be rendered in any capacity whatsoever in connection with the matters covered by

this Application.  There is no agreement or understanding between McDermott and any other

person, other than members of the firm, for sharing of compensation to be received for services

rendered in these cases.

10.      As of the Petition Date, McDermott held a retainer from the Debtors in the

amount of $67,777.26.  The Debtors reduced their first payment to McDermott by the amount of

the retainer and McDermott drew down on the retainer in connection with the payment pursuant

to the Combined Monthly and First Quarterly Application.  Accordingly, McDermott no longer

holds any retainer in connection with its retention in these cases.

## FEE STATEMENTS

11.      The time records for the Application Period are attached hereto as Exhibit A.  The

time records contain daily time logs describing the time spent by each attorney and

paraprofessional for the Application Period.  Attorneys and paraprofessionals of McDermott

have expended a total of 134.10 hours in connection with the matters during the Application

Period.  The reasonable value of services rendered by McDermott to the Debtors during the

NYK 1233397-2.020336.0515

Application Period is $65,515.50. Such an amount is a result of McDermott's normal hourly rates for work of this character. To the best of McDermott's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## SUMMARY OF SERVICES

12.    The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Application Period, organized by project category.

### Matter 0507 – Newsday

13.    McDermott completed general post-closing work related to the Newsday transaction, including a review and analysis of certain schedules and agreements related to the transaction.

### Matter 0515 – Chapter 11 Restructuring Tax Planning

14.    McDermott provided general tax advice for the Debtors, including the effect on the Debtors of making certain tax elections.

### Matter 0515 – Chapter 11 Retention/Fee Application

15.    McDermott gathered and prepared various billing information required for filing fee statements pursuant to the Compensation Order and the Guidelines.[4] McDermott also responded to the preliminary report of the fee examiner.

### Matter 0041 – Welfare Plans

16.    McDermott provided general legal advice regarding programs offered by the Debtors to their employees, including reviewing, analyzing, and revising various contractual

---

[4] A substantial portion of the fee-related services relates to the preparation of the June, July and August 2009 fee statements.

- 4 -

arrangements between the Debtors and their benefits providers.  Further, McDermott drafted

supplements for various plans offered by the Debtors.

### Matter 0042 – Non-Qualified Plans

17.    McDermott provided general legal advice regarding the Debtors' non-qualified

plans, including reviewing and revising such plans.

### Matter 0047 – ESOP

18.    During the Application Period, McDermott provided general legal advice on

issues concerning the Debtors' ESOP, including compliance with certain IRS guidelines.

McDermott also assisted the Debtors with a document production in connection with their ESOP.

### ACTUAL AND NECESSARY EXPENSES

19.    By this Application, McDermott seeks interim allowance for reimbursement of

expenses actually and necessarily incurred in connection with the rendition of such services in

the amount of $117.99.  The requested expenses are customarily charged to non-bankruptcy

clients of McDermott.  Due to the complexity of the Debtors' corporate and financial structure,

the Debtors have faced numerous critical and unique issues.  In order for McDermott to analyze

and address such issues properly, McDermott attorneys may have incurred expenses during the

Application Period, all of which were necessary to further the Debtors' reorganization and in the

best interests of the Debtors' estates.

20.    With respect to photocopying expenses, McDermott ordinarily charges all of its

clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors

the maximum permitted amount of $.10 per page.  With respect to facsimile expenses, in

compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

NYK 1233397-2.020336.0515

21.    In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required. These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates. Only clients who actually use services of the types set forth in the cover sheet to this Application are separately charged for such services.

22.    Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Such travel expenses, such as air fare, meals, and car service, are typically borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

23.    The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

24.    To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Application Period, but were not processed prior to the preparation of this Application, McDermott reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## CONCLUSION

25.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other

NYK 1233397-2.020336.0515

than in a case under this title.  McDermott has reviewed the requirements of Del. Bankr. L.R.
2016-2 and reasonably believes that this Application complies with that Rule.


WHEREFORE, McDermott respectfully requests that payment be made to McDermott
pursuant to the terms of the Compensation Order for the period of September 1, 2009 through
September 30, 2009 in the amount $52,412.40 (80% of $65,515.50) on account of professional
services rendered, and $117.99 for the reimbursement of expenses incurred in connection
therewith, for a total payment of $52,530.39.


Dated:  Washington, District of Columbia
        December  11  , 2009

                              McDERMOTT WILL & EMERY LLP

                              /s/  Blake D. Rubin

                              Blake D. Rubin (admitted pro hac vice)
                              600 13th Street, N.W.
                              Washington, D.C. 20005-3096
                              Telephone:  (202) 756-8424
                              Facsimile:  (202) 756-8087

                              and

                              Gary O. Ravert (admitted pro hac vice)
                              340 Madison Avenue
                              New York, NY. 10173-1922
                              Telephone:  (212) 547-5598
                              Facsimile:  (212) 547-5444


                              *Special Counsel for Domestic Legal Matters to Tribune
                              Company, et al.*

NYK 1233397-2.020336.0515