IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TRIBUNE COMPANY, *et al.*, | ) ) ) | Case No. 08-13141 (KJC) (Jointly Administered) |
| Debtors. | ) ) ) ) | Re: Docket Nos. 1334, 2781 **Hearing Date: December 15, 2009 at 10:00am** **Objection Deadline: December 11, 2009 at 4:30pm** |

**LIMITED OBJECTION TO DEBTORS' EXPEDITED MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO ESTABLISH A DOCUMENT DEPOSITORY AND DIRECTING THE COMMITTEE TO DELIVER CERTAIN DOCUMENTS TO THE DEPOSITORY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND (II) ESTABLISHING SETTLEMENT NEGOTIATION PROTECTIONS PURSUANT TO 11 U.S.C. § 105(A)**

The Robert R. McCormick Foundation ("McCormick Foundation") and Cantigny Foundation (together, the "Foundations"), by and through their undersigned counsel, hereby object, on a limited basis, to the Debtors' Expedited Motion for an Order (I) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a) [Docket No. 2781] ("Motion"). In support, the Foundations respectfully state:

## **INTRODUCTION**

1. On April 29, 2009, the McCormick Foundation received an informal request from the Committee to produce documents.

2. On May 19, 2009, the McCormick Foundation responded, requesting that the Committee file a motion seeking a Rule 2004 examination in order to provide the McCormick Foundation with an opportunity to explain its position to the Court.

3. On June 10, 2009, the Committee filed its Motion for 2004 Examination of Robert R. McCormick Tribune Foundation and the Cantigny Foundation and the Production of Documents Pursuant to Bankruptcy Rule 2004 [Docket No. 1334].

4. On August 24, 2009, the Court entered an Order Approving Stipulation Resolving Motion of the Official Committee of Unsecured Creditors Filed on June 10, 2009, for an Order Authorizing the Examination of Robert R. McCormick Tribune Foundation and the Cantigny Foundation and the Production of Documents Pursuant to Bankruptcy Rule 2004 [Docket No. 1997].

5. The Foundations began production of documents pursuant to that stipulation, which production continues.

6. On August 26, 2009, Law Debenture Trust Company of New York filed its Motion for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Tribune Company, Its Affiliates, and Certain Third Parties, or Alternatively, for the Appointment of an Examiner [Docket No. 2031].

7. On September 25, 2009, the Court entered an Order Approving Stipulation as Between the Debtors, the Unsecured Creditors Committee, J.P. Morgan Chase Bank , N.A., Citigroup Global Markets, Inc., Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith, Inc., Morgan Stanley & Co., Inc., Valuation Research Corporation, Robert R. McCormick Foundation, Cantigny Foundation, and Law Debenture Trust Company of New York, Law Debentures' Motion for Leave to Conduct Discovery Alternatively for the Appointment of an Examiner [Docket No. 2235].

8. Accordingly, the Foundations are "Producing Parties"[1] under the Motion.

---

[1] All terms not defined herein shall have the definitions ascribed to them in the Motion.

9. In their Motion, Debtors seek to establish a Document Depository in which all documents produced by the various Producing Parties will be placed, in order to by provide each of the Negotiating Parties with an equal opportunity to access the documents and avoid the necessity of negotiating with each Producing Party access for each reviewing party. *See* Motion, ¶ 8. However, at the same time Debtors attempt to create access to the documents produced by the Producing Parties for the "Negotiating Parties" – a group defined as the Initial Negotiating Parties (consisting of the Debtors, the Committee, and a small number of creditors, among which are some but not all of the Producing Parties) and "such persons . . . who appear to be material to the negotiations with regard to addressing the Leveraged ESOP Transactions and plan of reorganization, and who are designated by the Debtors from time to time [as 'Depository Designees'], in consultation with the Initial Negotiating Parties" – they make no provision for access to those documents by the remaining Producing Parties, including the Foundations. *See* Motion, p. 4 n.5. Rather than make the documents produced by the Producing Parties available to some parties designated by the Debtors but not to others, the Document Depository should also be accessible by all Producing Parties.

10. In addition, although recognizing the need of the Producing Parties to have an opportunity to object to proposed additional Depository Designees, the Debtors' proposed Order provides for an inadequate window of time within which to voice such objections: only three days. A period of five days (which would usually guarantee at least three business days) affords more meaningful protection of the Producing Parties' interests in objecting to further dissemination of their documents.

**ARGUMENT**

**I.     All Producing Parties Should Have Equal Access to the Document Depository.**

11.     The membership of Debtors' proposed group of entities privileged with access to the Document Depository is both ambiguous and potentially vast.  In the interest of providing equal access to any party that might aid in "reach[ing] a consensual resolution of all matters relating to the Leveraged ESOP Transaction," the Debtors' would keep the door open to add "such persons . . . who *appear [to the Debtors] to be material* to the negotiations with regard to addressing the Leveraged ESOP Transactions and plan of reorganization, and who are designated by the Debtors from time to time, in consultation with the Initial Negotiating Parties." *See* Motion, p. 4 n.5 (emphasis added).  The only known parties presently designated to have access to the documents produced by the Producing Parties are those parties named as the Initial Negotiating Parties, which include some but not all of the Producing Parties.  Debtors have provided no reason why those Producing Parties who are not among the Initial Negotiating Parties should not have equal access to the Document Depository.

12.     In the interest of ensuring equal access, all Producing Parties with documents included in the Document Depository should have access to the universe of documents, subject to the same restrictions preserving confidentiality as the Negotiating Parties.

**II.     Producing Parties Should Have Five Days to Inform the Debtors of Any Objection to a Proposed Depository Designee.**

13.     Although the Debtors recognize the need to provide Producing Parties with an opportunity to protect their interest in limiting the dissemination of their documents by objecting to disclosure of those documents to a proposed Depository Designee, the mechanism provided in the proposed order is inadequate to protect that interest.  The order provides only three days for a

Producing Party to inform the Debtors of its objection. Thus, a Producing Party receiving notice of a Depository Designee on Friday would have to inform the Debtors by Monday or have its documents disclosed to the designee. This is too narrow a window. To ensure that Producing Parties have a meaningful opportunity to register an objection to a Depository Designee, the Producing Parties should have at least five days after receipt of notice, thereby typically guaranteeing at least three business days following receipt of notice to consider their position and formulate their response.

WHEREFORE, for the foregoing reasons, the Robert R. McCormick Foundation and Cantigny Foundation respectfully request that the Court enter an order (i) granting each Producing Party access to the proposed Document Depository; (ii) providing a Producing Party five (5) days from its receipt of notice of a newly added Depository Designee in which to inform the Debtors of its objection to that Depository Designee; and (iii) granting such other and further relief as may be warranted under the circumstances.

Dated: December 11, 2009  
       Wilmington, Delaware

CIARDI CIARDI & ASTIN

 /s/ Carl D. Neff                             
Daniel K. Astin (No. 4068)  
Anthony M. Saccullo (No. 4141)  
Mary E. Augustine (No. 4477)  
Carl D. Neff (No. 4895)  
919 Market Street, Suite 700  
Wilmington DE 19801  
Telephone: (302) 658-1100  
Facsimile (302) 658-1300  
dastin@ciardilaw.com  
asaccullo@ciardilaw.com  
maugustine@ciardilaw.com  
cneff@ciardilaw.com

- and -

        Leonard S. Shifflett
        Faye B. Feinstein
        **QUARLES & BRADY LLP**
        300 North LaSalle Street, Suite 4000
        Chicago, Illinois 60654
        Telephone:  (312) 715-5000
        Facsimile:  (312) 715-5155
        leonard.shifflett@quarles.com
        faye.feinstein@quarles.com

        *Counsel to the Robert R. McCormick Foundation*
        *and Cantigny Foundation*