IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et al., | ) Case No. 08-13141 (KJC) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Re: Docket Nos. 2781 |
| | ) **Hearing Date**: December 15, 2009, at 10:00 a.m. (Eastern) |
| | ) **Objection Deadline**: December 11, 2009 |

### CREDIT AGREEMENT LENDERS' STATEMENT REGARDING DEBTORS' EXPEDITED MOTION FOR AN ORDER ESTABLISHING DOCUMENT DEPOSITORY AND SETTLEMENT NEGOTIATION PROTECTIONS

The Credit Agreement Lenders,[1] as holders of approximately $4.4 billion principal amount of indebtedness arising under the Tribune Company Senior Secured Credit Agreement, dated as of May 17, 2007 (as amended, the "Credit Agreement"), submit this Statement regarding the Debtors' "Expedited Motion For An Order (I) Authorizing The Debtors To Establish A Document Depository And Directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule Of Bankruptcy Procedure 2004 And (II) Establishing Settlement Negotiation Protections Pursuant To 11 U.S.C. § 105(a)" (the "Motion").

With one caveat noted below, the Credit Agreement Lenders support the Motion and the applaud the Debtors' efforts to cut the Gordian knot currently entangling efforts to obtain copies of documents and information provided to the Official Committee of Unsecured Creditors (the "Committee") in connection with its investigation of the Leveraged ESOP Transactions.

As explained at the recent discovery status conference, the Committee informally has requested information from more than forty-five entities and apparently has collected more than two million pages of documents. This is the information upon which critical decisions regarding litigation and reorganization will be made. As the Debtors observe in the Motion, "meaningful settlement discussions with regard to the Leveraged ESOP Transactions and negotiations of a

---

[1]  The Credit Agreement Lenders are the entities identified on *Exhibit A* hereto.

plan or plans of reorganization in these chapter 11 cases among the Debtors' key stakeholders will be greatly enhanced by providing the Negotiating Parties [defined to include several Credit Agreement Lenders] participating in such discussions with an equal opportunity to access the Discovery Documents produced to the Committee." Motion ¶ 8.

The Credit Agreement Lenders thus have attempted to access the information collected by the Committee so that they can be informed participants in such negotiations. The Committee, however, has declined to turn over that information, apparently because at least some of it (but not all) is protected by confidentiality agreements. Consequently, the Credit Agreement Lenders have had to seek the information from each of the 45+ parties contacted by the Committee and to attempt to negotiate individual confidentiality agreements with those parties. This effort is ongoing and, to date, has produced only moderate results – there are a number of producing parties who have not given, or even agreed to give, their documents to the Credit Agreement Lenders. The Debtors' summation is apt: "Negotiating access for the multiple Negotiating Parties with more than 45 separate Producing Parties is unwieldy, inefficient, time-intensive, and of great practical difficultly, and has resulted in unequal access to the Discovery Documents, which has inhibited, and if allowed to continue, will inhibit, negotiations." Motion ¶ 8.

Accordingly, the creation of a document depository housing the materials that have been and will be produced to the Committee, as requested in the Motion, is vital to the efficient resolution of these cases. The Credit Agreement Lenders' only objection to the relief requested is that it limits initial access to the depository to just three Credit Agreement Lenders (Angelo Gordon & Co., Oaktree Capital Management, L.P., and Kohlberg Kravis & Roberts & Co.).[2] The Credit Agreement Lenders understand the Debtors' apparent desire to limit access to a small group of interested parties. However, there are several additional Credit Agreement Lenders

---

[2] The Motion lists affiliates of these Credit Agreement Lenders. The appropriate "Negotiating Parties" are the entities identified herein.

holding substantial claims against the Debtors who will be involved in the negotiations and will require access to the discovery materials. Accordingly, the Credit Agreement Lenders request that initial access to the depository be expanded to include two additional Credit Agreement Lenders (to be identified at or before the hearing on the Motion), for a total of five Credit Agreement Lenders with access to the applicable information.[3] This will facilitate negotiations among important constituents and ultimately serve the stated objectives for the Motion.

Accordingly, the Credit Agreement Lenders respectfully request that the Court grant the Motion, modified as requested above.

Dated: December 11, 2009     YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert S. Brady
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telephone: (302) 571-6600
Telecopier: (302) 571-1253

*Proposed counsel to the Credit Agreement Lenders*

-and-

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua D. Morse
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Telecopier: (213) 694-1234

*Counsel to the Credit Agreement Lenders*

---

[3] The Credit Agreement Lenders reserve the right to request that other institutions be added as additional "Depository Designees" pursuant to the procedures set forth in the Motion.

**Exhibit A**

Anchorage Advisors, L.L.C.
Avenue Investments, LP
Avenue Special Situations Fund IV, L.P.
Avenue - CDP Global Opportunities Fund, L.P. (US)
Avenue International Master, LP (Master)
Avenue Special Situations Fund V, L.P.
Canyon Capital Advisors, LLC
Contrarian Funds LLC
CVI GVF (Lux) Master S.a.r.l.
Goldman Sachs Loan Partners
GoldenTree Credit Opportunities Financing I, Limited
GoldenTree 2004 Trust
GoldenTree Leverage Loan Master Fund, Ltd.
GoldenTree Credit Opportunities Second Financing, Limited
GoldenTree MultiStrategy Subsidiary, LLC
GoldenTree MultiStrategy Financing, Limited
GN3 SIP Limited
Greywolf Capital Partners II LP
Greywolf Capital Overseas Master Fund
Greywolf CLO I Ltd
James River Insurance
Northwoods Capital IV, Limited
Northwoods Capital V, Limited
Northwoods Capital VI, Limited
Northwoods Capital VII, Limited
Northwoods Capital VIII, Limited
Silver Oak Capital, LLC
KKR Financial CLO 2005-1, Ltd.
KKR Financial CLO 2006-1, Ltd.
KKR Financial CLO 2007-1, Ltd.
Oregon Public Employees Retirement Fund
KKR Financial Holdings III, LLC
KKR Strategic Capital Holdings I, L.P.
Knighthead Master Fund, L.P.
LMA SPC for and on behalf of MAP84 Segregated Portfolio
Latigo Master Fund Ltd.
LP MA1, Ltd.
SEG LP MA2, L.P.
SEG Latigo Master Fund Ltd.
Newstart Factors, Inc.

Oaktree Capital Management, L.P., and its affiliates as general partner or investment manager of certain funds and accounts
Scoggin Capital Management LP II
Scoggin International Fund LTD.
Scoggin Worldwide Distressed Fund, LTD
Taconic Market Dislocation Fund II LP
Taconic Market Dislocation Master Fund II LP
Taconic Capital Partners 1.5 LP
Taconic Opportunity Fund LP
Värde Investment Partners, L.P.
Viking Global Equities LP
Viking Global Equities II LP
VGE III Portfolio Ltd.
Waterstone Market Neutral Master Fund, Ltd
Waterstone Market Neutral Mac51 Fund, Ltd
York Capital Management, L.P.
Luxor Capital Group, L.P.