# EXHIBIT A

**CHADBOURNE
& PARKE** LLP

Robert A. Schwinger
direct tel (212) 408-5364  fax (646) 710-5364
rschwinger@chadbourne.com

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

June 30, 2009

Joseph M. Drayton, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

      Re:  Tribune Company, et al./Case No. 08-13141 (KJC) (Jointly Administered)

Dear Mr. Drayton:

      Because of impending trial commitments, my partner, Thomas Hall, has passed this matter along to me.

      I am writing to note certain issues raised by Merrill Lynch Capital Corporation's response (the "Response") to our Amended Request for Production in Connection with Analysis of the Merger dated May 14, 2009 (the "Amended Request") which we received from you on the evening of June 26, 2009. This letter is without prejudice to the rights of the Official Committee of Unsecured Creditors of Tribune Company, et al., and neither the inclusion in nor omission from this letter of any matter shall be deemed to waive any such rights, all of which are expressly reserved.

      To the extent you believe any follow-up would be helpful regarding any of the following items, we suggest that a telephone conference with myself and Ted Zink of our firm would be the most efficient and productive way to address such matters. Also, irrespective of any further discussion that might be needed on any of the following issues, we would appreciate if you could advise when you expect to start making Merrill's production and how soon it will be completed.

      We note the following issues from Merrill's Response:

      1. E-Mail. With regard to production of e-mails (see, e.g., General Objection 9 of the Response, and the Response to Request Nos. 17 and 37 of the Amended Request), we note that per our June 15, 2009 telephone discussion with you and Madlyn Primoff, we agreed that this would be addressed in a later wave of production, in the hope that the e-mail gathering could be informed through the identification of search terms and names of relevant persons based on a review of the initial production of non-e-mail material.

CHADBOURNE
& PARKE LLP

Joseph M. Drayton, Esq.                    -2-                    June 30, 2009

    2. <u>Resumes, CVs, etc.</u> With regard to the production of resumes, CVs and the like under Request No. 10, we indicated we were amenable to taking an approach similar to that which is being taken in regard to e-mail, i.e., having it informed through the identification of names of relevant persons based on a review of Merrill's initial production.

    3. <u>Bank of America</u>. Also in the June 15 conversation, we noted but reserved our rights with respect to the position that you informed us you intended to take regarding Bank of America (<u>see</u> General Objection 10 of the Response).

    4. <u>Limitation to Documents with Notations</u>. The response to several items of the Amended Request (<u>see</u> Responses to Requests Nos. 2-4, 12, 21, 27, 29, 31-36, 38, 44) stated that:

> "Merrill understands that the OCC has agreed that Merrill need not produce documents responsive to this Request except that, subject to and without waiving its General Objections and specific objection[s], to the extent that documents responsive to this Request have been altered by Merrill to reflect, for example, handwritten notations of its employees or agents, Merrill will produce non-privileged responsive documents that it has located in the course of a reasonably diligent search."

We believe this statement is slightly inaccurate in reflecting what was agreed. With respect to documents originally generated <u>by persons outside Merrill</u> that were received by Merrill personnel, we agreed that Merrill need not produce purely duplicative copies of the material that Merrill received absent any marginalia or other notations added to such documents by Merrill employees or agents. However, to the extent responsive documents were prepared or generated in the first instance <u>by Merrill personnel,</u> those documents need to be produced irrespective of whether notations were subsequently added to such documents by Merrill employees or agents.

    Furthermore, while we understand that the reference to "handwritten notations" was intended merely an illustrative example and not as an exhaustive listing, we believe that notations of any kind placed on a document by Merrill employees or agents necessitate the production of that document, e.g., "Comments" and "Track Changes" in electronic documents, electronic "post-its" and "text notes" on PDFs, inked rubber stamps on paper documents, etc.

    One area that needs to go beyond the foregoing is presented by Request No. 36, which seeks documents concerning certain board deliberations. While we agree that Merrill's unannotated copies of broadly distributed materials need not be produced, more individualized materials (e.g., a question to Merrill from a board member) should be

CHADBOURNE
& PARKE LLP

Joseph M. Drayton, Esq.　　　　　　　　-3-　　　　　　　　June 30, 2009

produced, irrespective of whether it bears any Merrill notations, because it is much more uncertain whether such a document reliably could be expected to be obtained from other sources.

　　　　5. Documents on Time and Expenses. We saw that Merrill objected to producing documents in response to Request No. 11 on relevance grounds. The relevance of this request lies in the fact that if the transactions in question are found to have been constructively fraudulent, or to have been a breach of fiduciary duty, fees paid to Merrill in connection with fairness or solvency opinions or analyses could be subject to claims for disgorgement. Accordingly, Request No. 11 is relevant and appropriate and responsive documents should be produced.

　　　　6. Market Cap Documents. The Response to Request No. 20 stated that "Merrill understands that the OCC has acknowledged that the documents sought pursuant to this Request are publicly available or otherwise attainable [sic] through sources other than Merrill and, therefore, Merrill need not produce documents responsive to this Request." This is somewhat of an overstatement. It is true that we do not need to obtain from Merrill simple data dumps of stock prices and numbers of outstanding shares on particular days, but Request No. 20 is not so limited. It seeks:

> "All documents relating to the Debtors' market capitalization during the period January 1, 2007 through the Petition Date, including but not limited to stock prices and number of outstanding shares."

Thus, documents such as analyses or discussion of the Debtors' market capitalization, which go beyond simply listing stock prices and number of outstanding shares, should be produced.

---

　　　　Thank you for your attention to the foregoing matters. Please advise as soon as possible when you anticipate Merrill's document production in this matter can begin.

　　　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　　　Robert A. Schwinger

VIA E-MAIL (jdrayton@kayescholer.com)

# CHADBOURNE
## & PARKE LLP

Joseph M. Drayton, Esq. -4- June 30, 2009

cc: Madlyn G. Primoff, Esq. (via e-mail, *mprimoff@kayescholer.com*)
    David M. LeMay, Esq.
    Howard Seife, Esq.
    N. Theodore Zink, Esq.
    Francisco Vazquez, Esq.