# EXHIBIT M

| | | |
|---|---|---|
| **Joseph Drayton/NY/US/KSFHH**<br>10/28/2009 07:46 PM<br>Document is Retained | To | "Schwinger, Robert A." <RSchwinger@chadbourne.com> |
| | cc | "Goldfarb, Andrew" <agoldfarb@zuckerman.com>; "Nellos, Alexandra" <ANellos@chadbourne.com>; "Vazquez, Francisco" <FVazquez@chadbourne.com>; "Seife, Howard" |
| | bcc | |
| | Subject | RE: Tribune/MLCC |

Robert,

Thank you for your email. Merrill has started the process of collecting email as set forth in the email discovery plan.

With regard to the Creditors' Committee's requests that Merrill provide it with any presentations by Merrill to the Tribune Board from June 1, 2006 to December 31, 2006, Merrill will produce presentations by Merrill to the Tribune Board from June 1, 2006 to December 31, 2006 from its hard copy files as well as any non-privileged attachments to email. For non-email electronically stored documents, Merrill objects to this request as overly burdensome and disagrees with the characterization of it as "manageable." Merrill has already collected, filtered, culled and reviewed non-email electronically stored documents from its files and produced responsive non-privileged, non-email documents according to terms agreed to by the Creditors' Committee. In order to comply with the Creditors' Committee's request, Merrill would have to essentially duplicate most of that effort at significant costs. Merrill notes, however, that the Creditors' Committee should be able to obtain the presentations it seeks from the Debtors.


Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)
"Schwinger, Robert A." <RSchwinger@chadbourne.com>

| | | |
|---|---|---|
| **"Schwinger, Robert A." <RSchwinger@chadbourne.com>**<br>10/26/2009 09:46 AM | To | "'Joseph Drayton'" <JDrayton@kayescholer.com> |
| | cc | "'mprimoff@kayescholer.com'" <mprimoff@kayescholer.com>; "Seife, Howard" <HSeife@chadbourne.com>; "Zink, N. Theodore" <TZink@chadbourne.com>; "Vazquez, Francisco" <FVazquez@chadbourne.com>; "Ashley, Marc D." <MAshley@chadbourne.com>; "Nellos, Alexandra" <ANellos@chadbourne.com>; "Goldfarb, Andrew" <agoldfarb@zuckerman.com> |
| | Subject | RE: Tribune/MLCC |

Dear Joe,

In the interests of moving forward, we are amenable to proceeding, on a without-prejudice/reservation-of-all-rights basis, with e-mail production by Merrill as set forth in your October 23, 2009 message below, i.e., based on the 12 custodians that Merrill previously identified, and for the time period starting June 1, 2006.

On a separate note, regarding the June 1-December 31, 2006 time period, the Committee would like to obtain copies of any Merrill presentations to the Tribune board during this time period, which we think is a very limited and manageable request. Please advise if Merrill is willing to make production of this material. Thank you.

Best regards,

   R. A. S.

**Robert A. Schwinger**
**Chadbourne & Parke LLP**
30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-5364 | **fax** 646-710-5364
rschwinger@chadbourne.com | http://www.chadbourne.com
vCard: http://www.chadbourne.com/vcard/rschwinger.vcf

Please consider the environment before printing this email.

> **From:** Joseph Drayton [mailto:JDrayton@kayescholer.com]
> **Sent:** Friday, October 23, 2009 11:50 AM
> **To:** Schwinger, Robert A.
> **Cc:** Goldfarb, Andrew; Nellos, Alexandra; Vazquez, Francisco; Seife, Howard; Ashley, Marc D.; 'mprimoff@kayescholer.com'; Zink, N. Theodore
> **Subject:** RE: Tribune/MLCC
>
> Dear Robert,
>
> We are in receipt of your email of October 20.
>
> Merrill is surprised by the Creditors' Committee's request to change to the start date of the agreed relevant time period for its amended request for production from January 1, 2007 to June 1, 2006. The Creditors' Committee has not provided Merrill with a plausible explanation as to why it could not have made this request in its amended request for production. The Creditors' Committee's investigation has been ongoing for 11 months, and the first set of document requests were delivered to Merrill over seven months ago. From its initial discussions with the Creditors' Committee, Merrill's position has always been that the relevant time period should end on December 20, 2007, the closing date of the Bridge Loan. Nonetheless, after several discussions between counsel, Merrill agreed, merely in the spirit of

cooperation, to set the relevant time period from January 1, 2007 to December 8, 2008, the petition date for Tribune's bankruptcy filing.

Merrill understood that it had a firm agreement with the Creditors' Committee as to the relevant time period. In reliance on that agreement, Merrill completed its non-email production six weeks ago and objects to any further production of non-email documents as overly burdensome. With regard to email documents, the requested change will likely add to Merrill's burden due to a 25% increase in the volume of email collected and processed for the additional seven month period. Notwithstanding, in the spirit of cooperation and as a further accommodation to the Creditors' Committee in an effort to finalize the proposed email discovery plan, Merrill is amenable to collecting email data for the date range June 1, 2006 - December 8, 2008. This compromise is contingent upon reaching an agreement on the proposed email discovery plan.

With regard to the proposed email discovery plan, you incorrectly state that Merrill structured "the custodian list around the premise that it should be capped at no more than 12 names." To the contrary, from the outset of our discussions with your office, Merrill has made it clear that it would thoughtfully identify the appropriate custodians to provide the Creditors' Committee with the vast majority of emails responsive to its amended requests. Toward that end, Merrill made an independent assessment concerning the level and nature of the involvement of its employees in the Tribune transactions. This independent assessment led, for example, to the identification of Jim Janover and Don Wilson, who were not on the Creditors' Committee's list.

Merrill selected its set of custodians based on their role as a decision-maker and/or the intensity of their involvement in the Tribune transactions. For example, Merrill selected three persons in its Leveraged Finance Group because that group played a key role in the Tribune transactions. To the extent that the Creditors' Committee has a different opinion on the selection of one or more custodians, it is free to substitute one or more employees for any of the 12 custodians. Additionally, to the extent that the Creditors' Committee has a preference that a custodian within a particular job function hold a certain title, it is free to substitute any custodian identified by Merrill for an employee with the desired title.

Merrill believes that the 12 custodians it has identified meet the Creditors' Committee's "goal of maximizing the capture of responsive e-mail." At the same time, the search and restoration of emails for these 12 custodians is plainly burdensome to Merrill. Given that the search and restoration of emails for the 12 custodians will maximize the capture of responsive email, it would be unduly burdensome for Merrill to do anything more. Merrill's position is simply that it will not collect and restore email data for more than number of custodians necessary for compliance with its obligations which, in this instance, is 12 custodians.

In its proposed email discovery plan, Merrill is clear that, based on its past experience, the use of the search string requested by the Creditors' Committee to filter the email of 12 custodians over a period of more than 30 months will likely result in an overly burdensome amount of email to cull, review and produce. The Creditors' Committee's proposed change to the relevant time period will increase the collection of email data by an additional 25% and will likely increase the costs associated with the production of email. As stated in its proposed email discovery plan, Merrill may conclude that the plan's search string yields an unduly burdensome amount of data to cull, review and produce. If so, Merrill will communicate its view to the Creditors' Committee and attempt to reach agreement on a less burdensome search string and/or a reduction in the number of custodians.

The reservation of rights by the Creditors' Committee and Merrill with respect to the proposed email discovery plan and process should protect each of our respective clients as we proceed with the plan and process going forward. Merrill is prepared to move forward with the proposed email discovery plan but awaits your approval and response to the matters addressed in this email.


Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)

\*   \*   \*   \*

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com