# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket No. 227 |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | |
| | : | ss.: |
| COUNTY OF ORANGE | ) | |

Daniel F. Fears, being duly sworn, deposes and says:

      1.      I am a founding partner of Payne & Fears LLP (the "Firm"), which maintains its principle offices at 4 Park Plaza, Suite 1100, Irvine, CA 92614.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.      This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about January 15, 2009, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3.      The Firm has represented and advised the Debtors as counsel with respect to certain aspects of the Debtors' business operations. The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4.      The Firm's current customary rates, subject to change from time to time are $420 - 475.00 per hour for partners, $270.00 - $395.00 per hour for principal attorneys, $210.00 - $250.00 for associate attorneys, and $150.00 -155.00 per hour for paralegals. In the normal course of its business, the Firm revises its billing rates on January 1 of each year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

5.      In the ordinary course of its business, the Firm maintains a database for purposes of performing "conflicts checks." The Firm's database contains information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the Debtors for purposes of searching the aforementioned database and determining the connection(s) which the Firm has with such entities. The Firm's search of the database identified the following entities and/or individuals whom the Firm has represented in the past or is currently representing:

2

**Debtors**: California Community News Corporation, Chicago Tribune Press Service, Los Angeles Times Communications LLC.

**Debtor's Current and Former Directors and Officers**: Steve Bentz, Russ Newton, Charles Ray.

**Debtor's Prepetition Lenders**: Fidelity Investments, Metropolitan Life Insurance, New York Life Insurance Company, Seneca Capital, Sumitomo Mutsui, Wells Fargo.

**Agents under Credit Agreements:** Bank of America N.A.

**Indenture Trustee:** Deutsche Bank.

**Official Committee of Unsecured Creditors:** Vertis, Inc.

**Insurance Carriers:** Ace American Insurance Company, Federal Insurance Company (Chubb), The Hartford Insurance Group.

**Debtor's Major Customers**: American Express Co., Bank of America, Carl's Jr., Circuit City, Corinthian Schools, Countrywide Financial, Disney, Everest College, Ford, Nissan, Pfizer, Quest, Qwest, Tristar, Subway, Verizon.

**Parties to Significant Litigation with the Debtors**: U.S. Bank National.

**Joint Venture Partners:** Microsoft, U.S. Bank National.

6.    Neither I nor any partner of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

7.    I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

8.      Neither I nor any partner of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.  If the Firm is not a law firm, the Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

9.      The Debtors owe the Firm $0.00 for prepetition services.  The Firm is not waiving any and all claims that it has or may have against the Debtors.

10.     The Firm currently holds a retainer from the Debtors in the approximate amount of $7,027.68.  The Firm will apply the outstanding retainer balance as fees and expenses become due pursuant to this Court's order authorizing the employment of "ordinary course" professionals.

11.     A copy of the services agreement that the Firm and the Debtors intend to govern their relationship after the Petition Date is attached as Exhibit 1 to this Affidavit.

12.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2009

_____
Affiant

Sworn to and subscribed before me
this _____ day of _____ 2009

_____
Notary Public

CH1 4840786v.1

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
   See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_Signature of Document Signer No. 1_          _Signature of Document Signer No. 2 (if any)_

State of California

County of _Orange_

Subscribed and sworn to (or affirmed) before me on this

___ day of _December_, 20 __, by

(1)_____Daniel C. James_____
               Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me ( ) ☒

                 (and

(2)_____
               Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____
                Signature of Notary Public

**DARBY J. KHUONG**
Commission # 1735117
Notary Public - California
Los Angeles County
My Comm. Expires Mar 29, 2011

_Place Notary Seal Above_

--- **OPTIONAL** ---

Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.

**Further Description of Any Attached Document**

Title or Type of Document _____

Document Date _____     Number of Pages _4_

Signer(s) Other Than Named Above _____

RIGHT THUMBPRINT
OF SIGNER #1

RIGHT THUMBPRINT
OF SIGNER #2

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT "1"


**PAYNE  FEARS**

DANIEL F. FEARS
(949) 797-1222
dff@paynefears.com

File No.: 2290.000

December 22, 2009

James P. Osick
Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

Re:     *Tribune Company*

Dear Mr. Osick:

    This letter will confirm that, upon all signatures, Payne & Fears LLP ("P&F") has been engaged to represent Tribune Company ("Tribune"), subject and limited to the terms of this letter.  We appreciate your retention of our firm.

    P&F is committed to providing efficient and responsive service to its clients in an atmosphere of mutual trust, confidentiality and candid communication.  In that spirit, this letter sets forth our agreement with you regarding our engagement and the firm's billing practices.

    P&F has been retained by Tribune to provide general employment advice, as well as representation in specific employment litigation matters, including the action *Edgar Wilburn, Jr. vs. Los Angeles Times*.  It is expressly understood that we are not retained to advise Tribune in any other matters.

    P&F has not been retained to represent Tribune with respect to pursuing and obtaining insurance coverage for any matter.  It is further understood and agreed that we have no responsibility to look into or to give advice to you regarding insurance, or to tender any matter to any insurer.  We do encourage you to promptly and carefully review all potential insurance coverage which you may have, and to obtain legal advice with respect thereto so that a prompt tender of any claims can be made to any potential insurance carrier.

    As we discussed, our billings will be at our Tribune discounted rates, which presently range from $270 to $420 per hour for Partners and Principal Attorneys and from $210 to $250 per hour for Associates.  These hourly rates are subject to periodic review and possible increase upon reasonable notice.  In an effort to reduce fees, we may from time to time engage paralegal and/or law clerk assistance which will be billed at $150 per hour.  Secretarial overtime, although seldom used, is presently billed at $40 per hour.  In addition, our monthly invoices will include such charges and disbursements as

James P. Osick
Tribune Company
December 22, 2009
Page 2

photocopying (at 18¢/page), long-distance telephone, facsimiles, parking, mileage at the IRS reimbursement rate, filing fees, postage, courier costs, travel expenses, and deposition transcript costs. Rather than paying larger items of disbursement ourselves, we may, as is our normal practice, forward such items to you for direct payment. In addition, fees or costs for electronic billing requested by Tribune, if any, are solely the responsibility of Tribune. You also agree that any fees paid to expert witnesses or consultants, witnesses or other costs shall be your responsibility and not that of P&F.

Although it is customary for our clients to provide a security retainer at the time of an engagement, we will not require you to provide a security retainer at this time due to Tribune's longstanding relationship with P&F.

Our fees are determined on the understanding that our statements will be paid within 30 days. If any of our billings are not paid on time, we may immediately stop work, and any continuation of work thereafter will not be a waiver of our right to stop work at any time thereafter. Any billings not paid after 30 days will accrue a finance charge of 10% per annum.

Any dispute relating to P&F's fees and costs incurred under this agreement may be submitted to arbitration in Orange County before the Orange County Bar Association in accordance with the provisions of Business & Professions Code Section 6200 *et seq.* All other disputes (including those involving fees and costs not resolved pursuant to Business & Professions Code Section 6200 *et seq*) between the parties hereto arising out of this agreement or the professional services rendered, errors or omissions, negligence, breach of fiduciary duty or other alleged wrongdoing by P&F and/or any of its attorneys or employees shall be resolved by binding arbitration in Orange County pursuant to the provisions of California Code of Civil Procedure Sections 1280 *et seq.* By signing this agreement, each of the parties hereto waives his/her and/or its right to a jury or court trial, the right to appeal and full discovery rights otherwise available with respect to any and all disputes between them and agrees to be bound by binding arbitration as described herein. The parties further agree that the time for commencement of arbitration shall be governed by statutes of limitation that would apply under the California Code of Civil Procedure to commencement of civil actions, and that no party may commence arbitration with respect to a claim that is not timely filed under those provisions. The parties further agree that the arbitrator shall have the discretion to order the losing party in the arbitration proceedings to reimburse the prevailing party for all costs incurred in connection with the arbitration including, without limitation, arbitrator's fees.

Please contact us immediately if there should be any question or concern of any kind about any of our billings. Open and candid communication about billings is critical, and you should not harbor any unexpressed concern. Often we can answer billing questions (and provide a more detailed description of time spent) from our notes, memories or other materials if the question is promptly raised. Unless promptly contacted by you upon receipt of one of our billings, it will be understood that our billing is acceptable.

James P. Osick
Tribune Company
December 22, 2009
Page 3

If you have not already done so, you should also search your files and records to locate any documents which could have any bearing on any case for which we have been retained. When in doubt, documents of any possible relevance should be brought to our attention, and any facts, information or documents which come to your attention in the future and which could have any possible relevance to any case, should promptly be brought to our attention. You should advise us immediately if you are served with or receive any documents relating to any case for which we have been retained. By signing below, you also consent to and approve of the use of electronic communications, such as voicemail and e-mail, with P&F. You also agree to use caution when transmitting sensitive information via e-mail or voicemail to P&F. Also, any employees of Tribune should be instructed that extreme caution should be used in discussing any matter for which we have been retained with anyone other than attorneys from P&F. If you request your file at any time, P&F will retain a copy at your expense. We are further authorized to destroy all of your files five (5) years after the closing of those files.

This engagement letter is an integrated agreement. If the contents of this letter are satisfactory, please sign and return this letter to us, retaining a copy for your own files. Upon receipt of this signed engagement letter our engagement will be complete and we will be able to proceed.

Thank you again for engaging Payne & Fears LLP. We look forward to continuing our working relationship with you.

Very truly yours,

Daniel F. Fears
PAYNE & FEARS LLP

AGREED AND APPROVED

this _____ day of _____, 2009.

TRIBUNE COMPANY

By: _____

Name: _____

Title: _____

4827-8499-9047.1