# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: January 27, 2010 at 10:00 a.m. EST |
| | Objection Deadline: January 20, 2010 at 4:00 p.m. EST |

## DEBTORS' TWELFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

### ("CLAIMS ASSERTED AGAINST NO DEBTOR OR IMPROPER DEBTOR")

> Claimants receiving this objection should locate their name(s) and claim number(s) on **Exhibit A** to this Objection. The grounds for the Objection are set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on <u>Exhibit A</u> of this Objection.

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby file this twelfth omnibus objection (the "<u>Objection</u>") to each of the claims (the "<u>Disputed Claims</u>") listed on <u>Exhibit A</u> attached hereto and to the proposed order submitted herewith (the "<u>Order</u>"), pursuant to Section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"). The relief requested herein is solely for the purpose of modifying the Disputed Claims to specify the correct Debtor(s) against which the claim is properly asserted, based upon the Debtors' review of the Disputed Claims and their own books and records. In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "<u>Bigelow Declaration</u>"), attached hereto as <u>Exhibit B</u>. In further support, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company ("<u>Tribune</u>") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

6202129v1            2

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee. The Committee has been apprised of the relief requested herein.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

**FACTUAL BACKGROUND OF THE DEBTORS' CLAIMS PROCESS**

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957] and on June 12, 2009 [Docket Nos. 1343-1453] (collectively, the "Schedules").[3]

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009. [CNLBC Docket Nos. 8 and 9]

date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4] The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith.

8.  Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

9.  To date, approximately 6,333 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

**RELIEF REQUESTED**

10. By this Objection, the Debtors seek entry of the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, modifying each of the Disputed Claims identified on Exhibit A as filed claims that either (i) fail to specify the particular Debtor against which the claim is asserted or (ii) are asserted against the

---

[4] No Bar Date has been set for the filing of Proofs of Claim against Tribune CNLBC, LLC.

6202129v1                                         4

incorrect Debtor, based on the Debtors' review of the documentation supporting the Proofs of Claim and their own books and records. The Debtors seek the relief requested herein solely to modify the Disputed Claims to specify the correct Debtor(s) against which the claim is properly asserted, and as indicated in the column on <u>Exhibit A</u> titled "Modified Case Number(s)". This Objection complies in all respects with Local Rule 3007-1.

## **BASIS FOR OBJECTION**

11. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

12. In the notice of the Bar Date that was sent to all creditors, the Debtors advised all creditors of the necessity of filing their claim (or claims) against the specific Debtor (or Debtors) that the creditor sought to hold liable for the claim:

> To be properly filed, a proof of claim must be filed in the bankruptcy case of the specific Debtor against which the claimant holds or asserts a claim. For example, if a claimant holds or asserts a claim against 435 Production Company, the proof of claim must be filed against 435 Production Company in case number 08-13142. If a claimant wishes to assert a claim against more than one Debtor, separate proof of claim forms must be filed against each applicable Debtor.

Several of the Disputed Claims were filed without any such specification, either because the applicable line on the Proof of Claim was left blank or a Debtors' trade name was used rather than the legal entity name. In other words, such Disputed Claims fail to specify a particular Debtor against which the claims are asserted. Others of the Disputed Claims were asserted

against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is owed by a different Debtor.

13. Accordingly, the Debtors propose that the Disputed Claims be modified solely to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor; and/or (ii) identified in the claimant's own supporting documentation attached to the claim or in the Debtors' books and records as having liability to the creditor. In some instances, as noted on Exhibit A, the Debtors propose to allocate the claimant's claim to more than one Debtor, in the amounts specified therein. This re-allocation of certain claim amounts is based upon the Debtors' review of the supporting documentation attached to the claim, including in instances where invoices against more than one Debtor were appended to a single Proof of Claim. The re-allocation of claim amounts to the particular Debtor having corresponding liability to the creditor does not in any way affect the total aggregate amount of the claim asserted and the Debtors reserve all rights to file future objections to such claims based on validity or amount.

14. The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases. If the relief sought in this Objection is granted, the creditor that filed the Disputed Claim will continue to have a claim against the Debtor(s) indicated in the column on Exhibit A titled "Modified Case Number(s)". The Debtors reserve the rights to object to such claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections.

## RESERVATION OF RIGHTS

15. The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on <u>Exhibit A</u> to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

16. Notwithstanding anything contained in this Objection or in <u>Exhibit A</u> attached to this Objection and to the Order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims.

## NOTICE

17. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for the Debtors' prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on <u>Exhibit A</u>; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

18. No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) modifying each of the Disputed Claims set forth on <u>Exhibit A</u> to assert such claims against the Debtor specified therein; (ii) authorizing the Claims Agent to modify the Disputed Claims on the Claims Register consistent with the modifications set forth on <u>Exhibit A</u>; and (iii) granting such other and further as the Court deems just and proper.

Dated: Wilmington, Delaware
December 22, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION