# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Ref. No. 2767, 2913 |

## ORDER REQUIRING THE PRODUCTION BY DATE CERTAIN OF E-MAIL DOCUMENTS FROM MERRILL LYNCH CAPITAL CORPORATION PURSUANT TO BANKRUPTCY RULE 2004

Upon the Motion of the Official Committee of Unsecured Creditors (the "Committee") for an Order Requiring the Production By Date Certain of E-Mail Documents from Merrill Lynch Capital Corporation ("Merrill Lynch") Pursuant to Bankruptcy Rule 2004, filed December 8, 2009 (the "Motion"),[2] the Objection of Merrill Lynch thereto filed December 14, 2009, all material filed in support of and in objection to the Motion, and the evidentiary hearing held by the Court on December 15, 2009,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9477); KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License. Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] All capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

2463150.2

IT IS HEREBY ORDERED this 28th day of December, 2009 that:

    a)    The Motion is GRANTED to the extent set forth herein.

    b)    In response to the Committee's May 14, 2009 Amended Request for Production (attached as Exhibit "B" to the Certification of Robert A. Schwinger dated December 8, 2009), and subject to Merrill Lynch's Objection and Responses to the Committee's Amended Request for Production dated June 26, 2009, as well as subsequent communications between the Committee and Merrill Lynch as it relates to production of e-mail (which term, as used herein, shall also include attachments), Merrill Lynch shall:

> (1) search the e-mail files of the custodians set forth on Exhibit 1 to this Order as filtered by the search terms set forth on Exhibit 2 to this Order (the "E-mail Set");
>
> (2) produce responsive and non-privileged emails within the E-Mail Set to the Committee on a rolling basis, custodian by custodian as each custodian's e-mail is reviewed and processed for production, starting no later than December 29, 2009; and
>
> (3) complete all production of responsive and non-privileged emails within the E-Mail Set no later than January 31, 2010.

    c)    The Committee shall have the right to direct Merrill Lynch regarding the sequence of the custodians listed in Exhibit 1 that should be followed for processing and review of the E-mail Set, subject to the understanding that prioritizing certain custodians over others may prevent Merrill Lynch from meeting the deadlines set forth above in this Order.

2463150.2

  d) A status conference shall be held on January 14, 2010 at 3:30 p.m. to review the progress of Merrill Lynch's email production and to address any issues that may have arisen relating thereto.  The hearing may be conducted telephonically or cancelled if Merrill Lynch and the Committee agree that it is appropriate.

  e) This Order is without prejudice to the ability of the Committee to seek other discovery from Merrill Lynch and without prejudice to the ability of Merrill Lynch to oppose any such other discovery.

Dated: December____, 2009

            _____
            The Honorable Kevin J. Carey
            Chief United States Bankruptcy Judge

2463150.2