## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x   Chapter 11
In re:                                                  :
                                                        :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                :
                                                        :   Jointly Administered
            Debtors.                                    :
                                                        :   Objections Due: January 18, 2010
                                                        :   @ 4:00 p.m.(ET)
------------------------------------------------------- x   Hearing Date:  N/A
```

### ELEVENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | November 1, 2009 through November 30, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $1,169,403.20   (80% of $1,461,754.00) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $99,575.80 |

This is a(n):    _x_ Monthly         ____ Interim         ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**November 1, 2009 through November 30, 2009**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE* | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner\*\*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $965 | 71.10 | $68,611.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 855 | 49.00 | 41,895.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 825 | 1.70 | 1,402.50 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 825 | 70.90 | 58,492.50 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 795 | 125.70 | 99,931.50 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 785 | 41.60 | 32,656.00 |
| Kevin Smith (2001) | Corporate | 1993 (NY) | 745 | 1.30 | 968.50 |
| Scott Berson (2004) | Corporate | 1996 (NY) | 695 | 1.10 | 764.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 695 | 114.80 | 79,786.00 |
| Dana Frix (2002) | Communications and Technology | 1997 (NY) | 675 | 8.00 | 5,400.00 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 650 | 2.40 | 1,560.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Richard Liskov | Insurance & Reinsurance | 1975 (NY) | 675 | 4.80 | 3,240.00 |
| Mark D. Ashley | Litigation | 1995 (NY) | 645 | 198.50 | 128,032.50 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 495 | 70.50 | 34,056.00 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE* | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 625 | 66.70 | 41,687.50 |
| Eric Przybylko | Litigation | 1997 (NY) | 625 | 11.10 | 6,937.50 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 625 | 72.50 | 45,312.50 |
| Kessar Nashat | Corporate | 2003 (NY) | 625 | 1.00 | 625.00 |
| Felipe E. Creazzo | Corporate | 1995 (Brazil) 2002 (DC) 2006 (NY) | 595 | 16.50 | 9,817.50 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 595 | 48.70 | 28,976.50 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 595 | 235.20 | 139,944.00 |
| Ted Castell | Corporate | 2003 (NJ) 2004 (NY) | 595 | 49.20 | 29,274.00 |
| Kimberly Giuliano | Corporate | 2005 (NY) | 595 | 8.10 | 4,819.50 |
| Tamara Stevenson | Litigation | 2005 (NY) | 595 | 65.80 | 39,151.00 |
| Paul Tanck | Corporate | 2005 (NY) | 595 | 106.30 | 63,248.50 |
| Turgut Cankorel | Corporate | 2007 (NY) | 515 | 57.80 | 29,767.00 |
| Ruslan Koretski | Corporate | 2007 (NY) | 515 | 1.00 | 515.00 |
| Marushka Bland | Corporate | 2008 (NY) | 475 | 2.00 | 950.00 |
| Benjamin Carson | Corporate | 2008 (NY) | 475 | 10.10 | 4,797.50 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 475 | 41.90 | 19,902.50 |
| Robert Kirby | Litigation | 2008 (NY) | 475 | 20.80 | 9,880.00 |
| Patrick Narvaez | Corporate | 2008 (NY) | 475 | 8.60 | 4,085.00 |
| Caroline Pignatelli | Litigation | 2007 (NJ) 2008 (NY) | 475 | 0.80 | 380.00 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 475 | 5.80 | 2,755.00 |
| Lara Aryani | Corporate | 2009 (NY) | 405 | 26.50 | 10,732.50 |
| Adrienne Duffy | Corporate | 2009 (NY) | 405 | 68.30 | 27,661.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE* | TOTAL HOURS | TOTAL |
|------|-----------|-------------------|-------------------|-------------|-------|
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 81.00 | 32,805.00 |
| Joshua Gold | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 79.90 | 32,359.50 |
| Alison Kronstadt | Corporate | 2009 (NY) | 405 | 22.20 | 8,991.00 |
| Rachel Kurth | Employee Benefits | 2009 (NY) | 405 | 8.30 | 3,361.50 |
| Faryal Malik | Corporate | 2007 (NJ) 2008 (NY) | 405 | 58.40 | 23,652.00 |
| Jonathan Noble | Litigation | 2009 (NY) | 405 | 50.00 | 20,250.00 |
| Francesca Perkins | Litigation | 2009 (NY) | 405 | 133.30 | 53,986.50 |
| Isaac Safier | Corporate | 2009 (NY) | 405 | 78.80 | 31,914.00 |
| Megan Strand | Communications and Technology | 2009 (NY) | 405 | 56.70 | 22,963.50 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 9.20 | 3,726.00 |
| Kimberly Zafran | Litigation | 2009 (NY) | 405 | 128.60 | 52,083.00 |
| Marc Roitman | Bankruptcy & Financial Restructuring | JD-2009 | 345 | 142.40 | 49,128.00 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| Lori Moloney | Litigation | n/a | 305 | 27.00 | 8,235.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 270 | 23.60 | 6,372.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 270 | 22.80 | 6,156.00 |
| Ellen Weissman | Litigation | n/a | 250 | 3.50 | 875.00 |
| Marisa Iacopelli | Litigation | n/a | 240 | 112.00 | 26,880.00 |
| | | | | | |
| **TOTAL:** | | | | **2,723.80** | **1,461,754.00** |

BLENDED RATE:    $537.00

\* Reflects rate increases effective November 1, 2009.

\*\* Includes year elected Partner at firm or joined firm as Partner.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x    Chapter 11

In re:                                                  :
                                                        :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                :
                                                        :    Jointly Administered
            Debtors.                                    :
                                                        :    Objections Due: January 18, 2010
                                                        :    @ 4:00 p.m.(ET)
------------------------------------------------------- x    Hearing Date:  N/A

### ELEVENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $1,461,754.00 (80% of which equals

$1,169,403.20) and reimbursement of expenses incurred in the amount of $99,575.80 during the

period commencing November 1, 2009 through and including November 30, 2009 (the

"Application Period").  This Application is submitted pursuant to sections 330 and 331 of title 11

of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals and Committee

Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of

the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,461,754.00.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

12.    The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.    Bankruptcy General (Matter 002)**

Fees: $31,570.50      Total Hours:   55.10

13.    During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.    Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.**     **Committee Meetings (Matter 003)**

Fees:  $53,143.50          Total Hours:    82.30

15.      Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

16.      During the Application Period, Chadbourne hosted one in-person meeting of the Committee on November 19, 2009.

**C.**     **Creditor Communications (Matter 004)**

Fees:  $1,193.00          Total Hours:    1.60

17.      Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in

telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.      DIP Financing (Matter 005)**

Fees:  $3,752.50          Total Hours:    4.70

18.      During the Application Period, Chadbourne considered the Debtors' plan to repay the existing amount outstanding under the DIP facility.  Efforts included the review of a repayment analysis prepared by the Committee's financial advisors and review of the proposed amendment on modification of the DIP.

**E.      Business Operations (Matter 007)**

Fees:  $71,075.50          Total Hours:   145.90

19.      During the Application Period, Chadbourne attorneys continued to review and monitor issues involving the Debtors' day-to-day business operations.  This included the review of weekly operations and financial reports prepared by the Committee's financial advisors.

20.      During this period, attorneys from Chadbourne's Communications and Technology Group expended considerable time researching the issues that must be addressed as a result of the Debtors' restructuring in order to assure compliance with the technical and operational rules and regulations of the Federal Communications Commission ("FCC").  Chadbourne incorporated its research in a comprehensive overview for review by the Committee which included (i) a timeline for the FCC change of control approval process; (ii) review of the applicable FCC rules (i.e., duopoly, attribution, foreign ownership and newspaper/broadcasting cross-ownership); and (iii) possible future ownership structures.

**F.**    **Asset Disposition (Matter 008)**

      Fees: $5,005.50       Total Hours:  7.80

      21.     During the Application Period, Chadbourne reviewed and verified certain Cubs

transaction closing steps, including those related to disposition of the proceeds following the

closing of the Cubs transaction on October 27, 2009.  Chadbourne confirmed that the

distributions were in accordance with the terms of the Order approving the Cubs transaction.

**G.**    **Claims Administration/Bar Date (Matter 009)**

      Fees: $8,223.00       Total Hours:  18.60

      22.     During the Application Period, the Debtors filed several omnibus objections to

claims on the assertion that the claims were substantive or non-substantive.  Chadbourne

attorneys reviewed the relief requested in the motions as well as the bases and processes

followed by the Debtors in pursuing the objections.  During this time, Chadbourne also

reviewed and provided comments on the Debtors' motion to establish certain claim procedures.

**H.**    **Fee/Retention Applications (Matter 010)**

      Fees: $13,724.00      Total Hours:  32.70

      23.     Chadbourne expended further time during the Application Period in compliance

with the Court's fee procedures in these cases.  Efforts included preparing and filing its tenth

monthly fee application and following up on establishing a hearing date on first quarterly fee

applications.  In addition, Chadbourne reviewed the Fee Examiner's initial report concerning

Chadbourne's second interim fee application and began preparation of a response to address his

concerns.

24. In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals. These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

**I.      Plan and Disclosure Statement (Matter 011)**

Fees:  $23,873.50          Total Hours:     31.10

25. During the Application Period, Chadbourne attorneys continued to be engaged in the plan and confirmation process. The Debtors have made significant progress finalizing a plan, but resolution of the 2007 ESOP Transaction examination remains a key outstanding issue. In this regard, Chadbourne participated in discussions with Debtors' counsel and other interested parties to address these issues and was engaged in reviewing further drafts of the plan and recovery analyses. Subsequently, in order to allow the time needed to adequately resolve concerns and file a plan that was fair to all major parties, the Debtors filed, with the support of the Committee, a motion requesting additional exclusive time in which to file its plan.

**J.      Executory Contracts (Matter 012)**

Fees:  $3,339.50          Total Hours:     7.10

26. During the Application Period, the Debtors continued the ongoing process of seeking approval to assume and/or reject certain leases and contracts. Efforts included review and analysis of the relief requested in the multiple motions as well as various underlying agreements and documents. Working with the Committee's financial advisors, Chadbourne

considered the economic effects of these motions on the Debtors' ongoing business operations and summarized its analyses and recommendations for review by the Committee.

**K.**     **Employee Issues (Matter 014)**

     Fees: $7,624.00      Total Hours:    14.20

27.     During the Application Period, the Debtor proposed modifications to its retirement plans which included termination of the employee stock ownership and cash balance pension plans as well as changes to its 401(k) plan. Professionals from Chadbourne's Employee Benefits group reviewed the proposed changes and performed certain legal research on same. As part of the process, the Committee's financial advisors prepared an analysis estimating the financial impact resulting from the changes to the plans.

**L.**     **Relief From Stay Issues (Matter 015)**

     Fees: $5,645.50      Total Hours:    11.10

28.     During the Application Period, Chadbourne attorneys reviewed the Debtors' request to enter into a settlement agreement with the Estate of Michael Gutman, M.D. The Debtors maintained that failing to accept the settlement proposal would result in a state court trial in which the Debtors would likely incur considerable defense costs. Chadbourne reviewed the terms of the settlement agreement including payout scenarios and considered the impact on the Debtors' estate. During this time, Chadbourne participated in frequent discussions with Debtors' counsel to explore settlement options that would be acceptable to the Committee.

**M.**    **General Litigation (Matter 017)**

   Fees:  $16,842.50          Total Hours:    30.90

29.      During the Application Period, Chadbourne continued to review and monitor the

filings in the District Court civil action proceedings and certain Bankruptcy Court adversary

proceedings and provided summary reports to the Committee on these matters.

30.      During this time, Chadbourne attorneys were engaged in preparing for the

December 1, 2009 hearing on Law Debenture of New York's motion regarding the

reimbursement by non-Debtor Tribune affiliates of certain LBO lenders' fees (the "Fee

Motion").  On behalf of the Committee, Chadbourne prepared and filed a formal response

clarifying certain points raised in the Fee Motion and reviewed several substantive objections

and responses filed by interested parties.

**N.**    **Travel (Matter 018)**

   Fees:  $841.50          Total Hours:    3.40

31.      During the Application Period, one of Chadbourne's Washington DC-based

attorneys travelled to New York to participate in an in-person Creditors' Committee meeting .

The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's

normal hourly rates.

**O.**    **Review of Prepetition Financings (Matter 019)**

   Fees:  $1,215,900.00          Total Hours:  2,277.30

32.      During the Application Period, Chadbourne attorneys expended substantial time

on the ongoing comprehensive review of the Debtors' prepetition financing documents and

capital structure as part of the Committee's review and analysis of potential challenges that could be asserted with respect to certain prepetition transactions.  In addition, Chadbourne attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto.  In this regard, Chadbourne attorneys expended considerable time summarizing its research and certain conclusions regarding such challenges and defenses in both a written report and special in-person presentation to the Committee.

33.     During this time, Chadbourne also continued its efforts to obtain information and documents informally from certain parties connected to the 2007 ESOP transaction. Chadbourne has reached informal agreements regarding the information to be produced with most of the parties.  Nevertheless, some matters, and in particular email production, continue to be the subject of ongoing discussions with certain parties.

34.     Chadbourne's team of professionals continued to receive and review a significant volume of produced documents during this time.  This ongoing document review is a substantial undertaking in which over 150,000 documents and computer records have been reviewed.  Chadbourne has established a specialized electronic discovery database in order to ensure that the document review proceed in the most thorough, expeditious and cost-effective manner.

35.     During the Application Period, Chadbourne and the Committee's professionals participated in meetings and discussions in a collective effort to address issues raised during the investigation process and discuss steps going forward.  Throughout this time, Chadbourne

continued to apprise Debtors' counsel on the progress of the investigation and discuss issues
raised by the process.

## ACTUAL AND NECESSARY EXPENSES

36.    A summary of the actual and necessary expenses and daily logs of expenses
incurred by Chadbourne during the Application Period in the amount of $99,575.80 is attached
hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For
purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.
Chadbourne customarily charges its clients $1.25/per page for out-going facsimile
transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

37.    Due to the national nature of the Debtors' business and the Committee's
participation in weekly meetings by telephone, long distance telephone and conference call
services have been required.  In accordance with the Guidelines, in seeking reimbursement for
long distance telephone charges, Chadbourne currently charges clients its approximate actual
cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call
services and requests reimbursement only for the amount billed to Chadbourne by the third-
party vendors.

38.    With respect to legal research expenses, Chadbourne has entered into flat-fee
contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order
to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis
and Westlaw are allocated among those clients based on the actual number and scope of
searches conducted on behalf of those clients.

39.     With respect to information retrieval fees, Chadbourne utilized the services of an outside vendor (West Business/GSI) to retrieve various SEC filings of the Debtors.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

40.     In connection with the ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS"). The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

41.     The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

42.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

43.     Attorneys and paraprofessionals of Chadbourne have expended a total of 3,433.60 hours in connection with the matter during the Application Period.  The nature of the work

performed by these persons is fully set forth on Exhibit A attached hereto.  These are

Chabourne's normal hourly rates for work of this character.  The reasonable value of services

rendered by Chadbourne to the Committee during the Application Period is $1,461,754.00

44.    To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Application Period, but were not processed prior to the

preparation of this Application, Chadbourne reserves the right to request additional

compensation for such services, and reimbursement of such expenses in a future application.

45.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable

given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the

services rendered, (d) the value of such services, and (e) the costs of comparable services other

than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del.

Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period November 1, 2009 through November 30, 2009:  (a) authorizing compensation in the amount of $1,461,754.00  (80% of which equals $1,169,403.20) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $99,575.80 for a total of $1,561,329.80; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:   December 23, 2009
         New York, New York

CHADBOURNE & PARKE LLP

By: _____
         Douglas E. Deutsch
         (A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Co-Counsel to The Official Committee of
Unsecured Tribune Company, et al.

## VERIFICATION

STATE OF NEW YORK    :
                           : ss:

COUNTY OF NEW YORK  :

        David M. LeMay, after being duly sworn according to law, deposes and says:

        (a)      I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 1982.

        (b)      I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

        (c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

                                                    _____
                                                   David M. LeMay

Sworn to before me this
23rd day of December 2009

Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010