# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF JEREMY P. SHERMAN

Jeremy P. Sherman declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney at law admitted and in good standing to practice law in the State of Illinois.

2. I am a partner in the law firm of Seyfarth Shaw LLP ("Seyfarth"), and I am duly authorized to make this declaration (the "Declaration") on behalf of Seyfarth. I make this Declaration, pursuant to Rules 2014 (a) and 2016(b) of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Procedure (the "Bankruptcy Rules"), in support of the Debtors' Application for an Order Authorizing Debtors to Employ and Retain Seyfarth as Special Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to December 1, 2009 (the "Application").

### Seyfarth's Retention as an Ordinary Course Professional

3. Seyfarth serves the Debtors as primary outside employment litigation and labor relations counsel. Seyfarth has been retained by the Debtors as employment litigation counsel in the ordinary course of the Debtors' business, with a Monthly Cap of $50,000, pursuant to this Court's Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "OCP Order") entered on January 15, 2009 [Docket No. 227].[2] The partners, counsel, and associates of Seyfarth, through Seyfarth's representation of the Debtors prior to the Petition Date and during the pendency of these chapter 11 cases, have become very familiar with the Debtors' labor arbitration and litigation matters.

4. In recent months, Seyfarth has represented the Debtors with respect to various labor arbitration and litigation matters that have arisen subsequent to the Debtors' petition date, which, taken together with Seyfarth's pre-existing representations of the Debtors in various disputed prepetition claims (collectively, the "Litigation Matters"), caused Seyfarth's fees to exceed its applicable Monthly Cap of $50,000 in each of October and November 2009. Moreover, following consultation with the Debtors, Seyfarth has determined that the Litigation Matters on which Seyfarth now represents the Debtors are now at a level of activity that may cause Seyfarth to exceed the existing Monthly Cap on a regular basis going forward.

---

[2] Seyfarth was initially retained as an Ordinary Course Professional with a Monthly Cap of $35,000, which was subsequently increased to $50,000. (Docket No. 544.) All capitalized terms not otherwise defined herein shall have that meaning ascribed to them in the OCP Order.

**Payment of Seyfarth's Fees and Expenses**

5. In connection with Seyfarth's retention being modified from retention as an Ordinary Course Professional to a retention not covered by the OCP Order, the Debtors have advised Seyfarth that Seyfarth will be required to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order"). Seyfarth has applied to this Court for the fees it has incurred in the month of October 2009 (Docket No. 2667) and will comply in all respects with the applicable requirements for seeking compensation and reimbursement of expenses in the future.

6. The Debtors and Seyfarth have agreed that, as was the case while Seyfarth rendered services to the Debtors as an Ordinary Course Professional and subject to the Court's approval, Seyfarth will continue to charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these cases.

7. Seyfarth's current customary rates, subject to change from time to time, range from $510.00 to $685.00 per hour for partners, $285.00 to $435.00 per hour for associates, and

$80.00 to $275.00 per hour for para-professionals. In the normal course of its business, Seyfarth revises its billing rates effective January 1st of each year, and the aforementioned rates may be revised to the regular hourly rates which will be in effect at that time. In addition to its hourly rates, Seyfarth customarily charges its clients for out-of-pocket expenses and internal charges incurred in the rendition of services, including mail and express mail charges, special and hand delivery charges, outside photocopying charges, travel expenses, expenses for "working meals," transcription costs, charges and fees of outside vendors, consultants and service providers, as well as non-ordinary overhead expenses.

8. As previously disclosed by Seyfarth in connection with its retention by the Debtors as an Ordinary Course Professional in these cases, Seyfarth held unallocated funds on account in the amount of $47,628.21 at the time it was retained as an Ordinary Course Professional, which funds were applied to the fees and expenses incurred during the month of December 2008. (See Supplemental Affidavit of Jeremy P. Sherman, filed February 13, 2009, Docket No. 527). Seyfarth has received approximately $2,526,255.00 from the Debtors and affiliates within one year prior to the Petition Date on account of services rendered with regard to the Litigation Matters.

### Seyfarth Does Not Represent or Hold any Adverse Interest with Respect to the Matters on Which it is to be Employed

9. In connection with the Debtors' retention of Seyfarth as an Ordinary Course Professional in these cases, the Debtors provided Seyfarth with a list of the entities identified in Rule 2014(a) (collectively, the "Interested Parties") for purposes of searching Seyfarth's database to determine connection(s) which Seyfarth has with the Interested Parties.

10. As disclosed in my previously filed Affidavits [Docket Nos. 387 and 527], Seyfarth does not hold or represent in these proceedings any interests adverse to the Debtors, or

to their estates in matters upon which Seyfarth continues to be engaged. All information with respect to Seyfarth's connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee is set forth in the previously filed Affidavits and is incorporated herein by reference.

11. In connection with the preparation of the Application, the Debtors subsequently provided Seyfarth with an additional list of entities to be searched in Seyfarth's database (the "Additional Interested Parties"). The List of Additional Interested Parties is attached hereto as **Exhibit 1**.

12. In preparing this Declaration, I used a set of procedures developed by Seyfarth to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of special counsel by a debtor under section 327(e) of the Bankruptcy Code (the "Disclosure Procedures"). Pursuant to the Disclosure Procedures, Seyfarth performed a conflicts search to determine whether Seyfarth or any of its attorneys has any connections with, or is currently representing potential parties in interest in these Chapter 11 cases.

13. Seyfarth's search of the Additional Interested Parties identified connections to current clients of Seyfarth and former clients of Seyfarth within the past year, which are disclosed on **Exhibit 2** attached hereto.

14. To the best of my knowledge, information and belief, Seyfarth does not hold or represent an interest adverse to the Debtors or their respective estates in the matters for which Seyfarth is proposed to be retained. Accordingly, I believe that Seyfarth satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

15. To the extent that I become aware of any additional connections and/or relations that may be relevant to Seyfarth's representation of the Debtors, I will file an additional supplemental declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 8, 2009

_____
Jeremy P. Sherman, Esq.

## EXHIBIT 1

## RULE 2014 LIST – CHICAGO NATIONAL LEAGUE BALL CLUB, LLC

## DEBTOR

Chicago National League Ball Club, LLC

## DEBTOR'S CURRENT AND FORMER DIRECTORS AND OFFICERS

Harry A. Amsden*
Chandler Bigelow III*
David P. Eldersveld*
Oneri Fleita
James J. Hendry
Crane H. Kenney
Brian F. Litman*
Michael R. Lufrano
Mark E. McGuire
John F. Poelking*
Jodi L. Reischl
Jack Rodden*
Patrick M. Shanahan*
Gerald A. Spector*

## TWENTY LARGEST UNSECURED CREDITORS

BD&A
Boise Hawks Baseball Club LLC
Bunzl
Chicago Cubs Charities
Chicago Transit Authority
Complejo Latinoamericana Baseball
Cubs Care
Daytona Cubs
Ernie Banks International Inc.
Hampton Inn and Suites
JP Morgan Chase Bank, NA*
Jose Serra
Luis Vizcaino
Major League Baseball
Merrill Lynch Capital Corporation*
Northwestern Memorial Hospital
Profinancial Services Inc.
Structural Shop Ltd.
The Langham Huntington Pasadena
Westin Diplomat Resort & Spa

---

* This party was included in the Rule 2014 list of Tribune Company, et al.

## COUNTERPARTIES TO FORMATION AGREEMENT

Chicago Cubs Dominican Baseball Operations, LLC
Chicago National League Ball Club, LLC
Diana-Quentin, LLC
RAC Education Trust OSA, LLC
Ricketts Acquisition LLC
Tribune Company*
Tribune Sports Network Holdings, LLC
Wrigley Field Premium Ticket Services, LLC

## EXHIBIT 2

## TRIBUNE COMPANY, *ET AL.*

## SCHEDULE OF INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE FORMERLY EMPLOYED SEYFARTH SHAW LLP IN MATTERS UNRELATED TO THE DEBTORS OR THEIR CHAPTER 11 CASES[1]

| INTERESTED PARTY | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| **PARTIES IN INTEREST (OR AFFILIATED ENTITIES) WHO ARE CURRENT CLIENTS OR WERE CLIENTS WITHIN THE LAST YEAR** | | |
| Hampton Inn and Suites | 20 Largest Unsecured Creditor | **Hampton Inn and Suites** is a current client |
| JP Morgan Chase Bank, NA | 20 Largest Unsecured Creditor | **JP Morgan Chase Bank, NA** is a current client |
| Merrill Lynch Capital Corporation | 20 Largest Unsecured Creditor | **Merrill Lynch Capital Corporation** is a current client |
| Tribune Company | Debtor | Creditor in a bankruptcy case for which a partner of Seyfarth is serving as Chapter 11 U.S. Trustee |

---

[1] The names of current clients of Seyfarth Shaw LLP will appear in bold.