UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

### FEE EXAMINER'S FINAL REPORT
### REGARDING FOURTH, FIFTH, AND SIXTH MONTHLY APPLICATIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Stuart Maue, in its capacity as fee examiner, submits this final report with respect to the Fourth, Fifth, and Sixth Monthly Applications of the Official Committee of Unsecured Creditors covering the period from June 1, 2009, through August 31, 2009 ("Applications"), seeking approval of expenses that total $20,635.80.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## Background

1.  Stuart Maue reviewed the Applications, including each of the expense entries for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

## Discussion of Findings

### Reconciliation of Expenses

2.  Stuart Maue recomputed the expenses requested in the Applications and the recomputation revealed a difference of $24.00 between the amount requested and the amount computed. The discrepancy is a result of twice billing for tips in the amount of $24.00 in the Sixth Monthly Application. Mr. Michael Thornton's expense summary totaled $153.00 for cab fares, which included $24.00 in tips. The $24.00 charge for tips was also listed as a separate item on the expense summary.

In response to the preliminary report, Douglas Deutsch agreed that the $24.00 tip expense was duplicated. As the duplicative cost was already paid by the Debtors, Mr. Deutsch proposed to subtract the sum of $24.00 from the next reimbursement submission made by Michael Thornton, a solution that appears appropriate to Stuart Maue.

### Review of Expenses

3.  **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state factors relevant to a determination that the expense is proper include "Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified

by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." The Applications provided itemized detail and supporting documentation for the expenses requested.

4. **Travel Meals.** Based on prior rulings of this Court, a ceiling for meal charges is $15.00 per person for breakfast, $25.00 per person for lunch, and $50.00 per person for dinner. The Applications included two meal charges in excess of the Court's ceiling: (i) the Fourth Monthly Application contains a breakfast charge from Zest Restaurant for two committee members in the amount of $47.71 ($17.71 in excess of the ceiling), and (ii) the Sixth Monthly Application contains a breakfast charge from Restaurant 44 in New York in the amount of $28.24 ($13.24 in excess of the ceiling). In addition, the Applications contain $39.62 resulting from hotel mini-bar snacks. The preliminary report stated Stuart Maue's intent to recommend that the amount incurred for the breakfast charges in excess of the ceiling (a total of $30.95) and the mini-bar charges be disallowed.

In response to the preliminary report, Douglas Deutsch stated (i) the meal guidelines are not fair and appropriate for normal New York or Chicago meals and (ii) that Committee members "should be given some additional leeway in such matters." His response did not address the hotel mini-bar charges. Stuart Maue applies rules and guidelines as directed by the Court and without further instruction from the Court is in no position to create an exemption for New York, Chicago, or the Committee. Accordingly, Stuart Maue recommends an expense reduction in the amount of $70.57.

### Conclusion

Stuart Maue submits this final report regarding the Applications and the expenses discussed above. Stuart Maue recommends reimbursement of expenses in the amount of $20,565.23 ($20,635.80 minus $70.57) for the period from June 1, 2009, through August 31, 2009. A summary of the fee auditor's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
John L. Decker, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:    (314) 291-3030
Facsimile:    (314) 291-6546
tribunebkr@smmj.com

**Fee Examiner**

APPENDIX A

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

### SUMMARY OF FINDINGS

#### Fourth, Fifth, and Sixth Monthly Applications (June 1, 2009 through August 31, 2009)

**A.    Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $        0.00 | |
| Expenses Requested | 20,635.80 | |
| TOTAL FEES AND EXPENSES REQUESTED | | $20,635.80 |
| Fees Computed | $        0.00 | |
| Expenses Computed | 20,611.80 | |
| TOTAL FEES AND EXPENSES COMPUTED | | $20,611.80 |
| Discrepancy in Expenses[2] | $      24.00 | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      24.00 |

**B.    Recommended Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Expenses Requested | $20,635.80 | | |
| *Recommended Reduction for Travel Meals* | | ($     70.57) | |
| Subtotal | | ($     70.57) | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | | $20,565.23 |

---

[2] Stuart Maue notes that Mr. Deutsch proposed to subtract the sum of $24.00 from the next reimbursement submission made by Michael Thornton.

-5-

Official Committee of Unsecured Creditors Final Report – Fourth, Fifth, and Sixth Monthly Applications
Case No. 08-13141 (KJC)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 12th day of January, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

_____
John L. Decker, Esq.