# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | : | Chapter 11 Cases |
| TOUSA, INC., *et al.*, | : | Case No. 08-10928-JKO |
| Debtors. | : | Jointly Administered |
| | : | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUSA, INC., *et al.*, | : | |
| Plaintiff, | : | Adv. Pro. No. 08-01435 |
| vs. | : | |
| CITICORP NORTH AMERICA, INC., *et al.*, | : | |
| Defendants. | : | |
| | : | |
| CITICORP NORTH AMERICA, INC., | : | |
| Third-Party Plaintiff, | : | |
| vs. | : | |
| TOUSA, INC., *et al.*, | : | |
| Third-Party Defendants. | : | |

**ANSWER TO THE COMPLAINT AND THIRD-PARTY COMPLAINT**
**BY CITICORP NORTH AMERICA, INC. IN ITS CAPACITY AS**
**ADMINISTRATIVE AGENT FOR THE FIRST LIEN TERM LOAN**

Defendant Citicorp North America, Inc. ("Citicorp"), in its capacity as

Administrative Agent for the First Lien Term Credit Agreement dated July 31, 2007,

respectfully submits the following answer to the adversary complaint of the Official

Committee of Unsecured Creditors of TOUSA, Inc., et al. (the "Committee").

1.      Citicorp denies the allegations in paragraph 1 of the complaint, except

lacks sufficient knowledge or information to form a belief as to the truth of the

allegations pertaining to the actions of parties other than Citicorp.

2.      Citicorp lacks sufficient knowledge or information on which to form a

belief as to the truth of the allegations in paragraph 2 of the complaint, except admits, on

information and belief, that TOUSA established the Transeastern JV to acquire

substantially all of the homebuilding assets of Transeastern Properties, Inc.

3.      Citicorp lacks sufficient knowledge or information on which to form a

belief as to the truth of the allegations in paragraph 3 of the complaint, except admits that

TOUSA and its subsidiaries are co-borrowers and guarantors under certain secured credit

facilities of which Citicorp was Administrative Agent, refers the Court to those credit

agreements for a complete and accurate statement of their contents, denies that such

lending was "part of the Transeastern Settlement," and avers that to the extent the

allegations in paragraph 3 of the complaint purport to assert a legal conclusion, no

response is required.

4.      Citicorp denies the allegations in paragraph 4 of the complaint.

5.      Citicorp denies the allegations in paragraph 5 of the complaint, except

admits that plaintiff seeks to avoid certain transfers, and avers that to the extent the

allegations in paragraph 5 of the complaint purport to state a legal conclusion, no response is required.

6.     Citicorp denies the allegations in paragraph 6 of the complaint, except admits that plaintiff seeks to avoid certain transfers, and avers that to the extent the allegations in paragraph 6 of the complaint purport to state a legal conclusion, no response is required.

7.     Citicorp makes no response to paragraph 7 of the complaint because it consists of legal conclusions to which no response is required.

8.     Citicorp denies the allegations in paragraph 8 of the complaint except admits, on information and belief, that the Debtors design, build and market residential properties in ten states and four geographic regions and that they filed petitions for relief under Chapter 11 of Title 11 of the United States Code on January 29, 2008, and lacks sufficient knowledge or information on which to form a belief as to the truth of the allegation that Debtor TOUSA, Inc. is a publicly traded company.

9.     Citicorp denies the allegations in paragraph 9 of the complaint, except admits that the Committee was appointed by the Office of the United States Trustee for the Southern District of Florida on February 13, 2008 and that the Committee, purporting to represent the unsecured creditors of the Debtors, brings the claims set forth in the complaint.

10.     Citicorp denies the allegations in paragraph 10 of the complaint, except admits that it is a corporation organized under the laws of the State of Delaware

and that it acts as Administrative Agent on behalf of the lenders on the Second Amended
and Restated Revolving Credit Agreement and the First Lien Term Credit Agreement,
and refers the Court to those agreements for a complete and accurate statement of their
contents.

11.    Citicorp lacks sufficient knowledge or information on which to form a
belief as to the truth of the allegations in paragraph 11 of the complaint, except admits, on
information and belief, that Wells Fargo is the successor Administrative Agent under the
Second Lien Term Credit Agreement.

12.    Citicorp lacks sufficient knowledge or information on which to form a
belief as to the truth of the allegations in paragraph 12 of the complaint, except admits
that plaintiff does not identify the lenders and avers that to the extent the allegations in
paragraph 12 of the complaint purport to state a legal conclusion, no response is required.

13.    Citicorp lacks sufficient knowledge or information on which to form a
belief as to the truth of the allegations in paragraph 13 of the complaint, except avers that
to the extent the allegations in paragraph 13 of the complaint purport to state a legal
conclusion, no response is required.

14.    Citicorp lacks sufficient knowledge or information on which to form a
belief as to the truth of the allegations in paragraph 14 of the complaint, except avers that
to the extent the allegations in paragraph 14 of the complaint purport to state a legal
conclusion, no response is required.

15.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 15 of the complaint, except avers that to the extent the allegations in paragraph 15 of the complaint purport to state a legal conclusion, no response is required.

16.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 16 of the complaint, except avers that to the extent the allegations in paragraph 16 of the complaint purport to state a legal conclusion, no response is required.

17.    Citicorp makes no response to paragraph 17 of the complaint because it consists of legal conclusions to which no response is required.

18.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 22 of the complaint

23.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 23 of the complaint.

24.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 24 of the complaint, except avers that to the extent the allegations in paragraph 24 of the complaint purport to state a legal conclusion, no response is required.

25.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 25 of the complaint, except admits, on information and belief, that the parties to the Transeastern Litigation entered into a settlement of that litigation and refers the Court to the applicable settlement papers for a complete and accurate statement of their contents.

26.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 26 of the complaint.

27.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 27 of the complaint.

28.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 28 of the complaint.

29.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 29 of the complaint.

30.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 30 of the complaint, except admits, on

information and belief, that the parties to the Transeastern Litigation entered into a

settlement of that litigation, refers the Court to the applicable settlement papers for a

complete and accurate statement of their contents, and avers that to the extent the

allegations in paragraph 30 of the complaint purport to state a legal conclusion, no

response is required.

31.     Citicorp denies the allegations in paragraph 31 of the complaint and

refers the Court to the Second Amended and Restated Revolving Credit Agreement, the

First Lien Term Credit Agreement, and the Second Lien Term Credit Agreement for a

complete and accurate statement of their contents, except lacks sufficient knowledge or

information on which to form a belief as to the truth of the allegations pertaining to the

amounts outstanding under the Second Lien Term Credit Agreement, and admits that (i)

as of the Petition Date, approximately $316.5 million and $199 million were outstanding

under the Revolver and First Lien Term Loan, respectively, and (ii) Wells Fargo replaced

Citicorp as Administrative Agent under the Second Lien Term Loan.

32.     Citicorp denies the allegations in paragraph 32 of the complaint and

refers the Court to the Second Amended and Restated Revolving Credit Agreement and

the First Lien Term Credit Agreement for a complete and accurate statement of their

contents, except lacks sufficient knowledge or information on which to form a belief as to

the truth of the allegations pertaining to the Second Lien Term Credit Agreement, and

avers that to the extent the allegations in paragraph 32 of the complaint purport to state a

legal conclusion, no response is required.

7

33.    Citicorp denies the allegations in paragraph 33 of the complaint and refers the Court to the agreements cited in paragraph 33 of the complaint for a complete and accurate statement of their contents, except lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations pertaining to the debtors' disposition of funds on the purported Transfer Date.

34.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 34 of the complaint, except denies that the Conveying Subsidiaries did not receive fair or reasonably equivalent value in exchange for incurring obligations under the credit agreements.

35.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 35 of the complaint, except denies that the Conveying Subsidiaries were insolvent at the time of, or became insolvent as a result of, the Transeastern Settlement.

36.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 36 of the complaint, except avers that to the extent the allegations in paragraph 36 of the complaint purport to state a legal conclusion, no response is required.

37.    In response to the allegations in paragraph 37 of the complaint, Citicorp repeats and realleges its responses to paragraphs 1 to 36 of the complaint.

38.    Citicorp denies the allegations in paragraph 38 of the complaint.

8

39.    Citicorp denies the allegations in paragraph 39 of the complaint except lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations pertaining to the subjective beliefs or intent of the Conveying Subsidiaries.

40.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 40 of the complaint, except avers that to the extent the allegations in paragraph 40 of the complaint purport to state a legal conclusion, no response is required.

41.    Citicorp denies the allegations in paragraph 41 of the complaint.

42.    Citicorp denies the allegations in paragraph 42 of the complaint.

43.    In response to the allegations in paragraph 43 of the complaint, Citicorp repeats and realleges its responses to paragraphs 1 to 42 of the complaint.

44.    Citicorp denies the allegations in paragraph 44 of the complaint.

45.    Citicorp denies the allegations in paragraph 45 of the complaint.

46.    Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 46 of the complaint, except avers that to the extent the allegations in paragraph 46 of the complaint purport to state a legal conclusion, no response is required.

47.    Citicorp denies the allegations in paragraph 47 of the complaint.

48.    Citicorp denies the allegations in paragraph 48 of the complaint.

49.    In response to the allegations in paragraph 49 of the complaint, Citicorp repeats and realleges its responses to paragraphs 1 to 48 of the complaint.

50.     Citicorp denies the allegations in paragraph 50 of the complaint.

51.     Citicorp denies the allegations in paragraph 51 of the complaint.

52.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 52 of the complaint, except avers that to the extent the allegations in paragraph 52 of the complaint purport to state a legal conclusion, no response is required.

53.     Citicorp denies the allegations in paragraph 53 of the complaint.

54.     Citicorp denies the allegations in paragraph 54 of the complaint.

55.     In response to the allegations in paragraph 55 of the complaint, Citicorp repeats and realleges its responses to paragraphs 1 to 54 of the complaint.

56.     Citicorp denies the allegations in paragraph 56 of the complaint.

57.     Citicorp denies the allegations in paragraph 57 of the complaint.

58.     Citicorp lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations in paragraph 58 of the complaint, except avers that to the extent the allegations in paragraph 58 of the complaint purport to state a legal conclusion, no response is required.

59.     Citicorp denies the allegations in paragraph 59 of the complaint.

60.     Citicorp denies the allegations in paragraph 60 of the complaint.

61.     In response to the allegations in paragraph 61 of the complaint, Citicorp repeats and realleges its responses to paragraphs 1 to 60 of the complaint.

62.     Citicorp denies the allegations in paragraph 62 of the complaint.

63.    Citicorp denies the allegations in paragraph 63 of the complaint, except lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations pertaining to the subjective beliefs or intent of the Conveying Subsidiaries.

64.    Citicorp denies the allegations in paragraph 64 of the complaint, except avers that to the extent the allegations in paragraph 64 of the complaint purport to state a legal conclusion, no response is required.

65.    Citicorp denies the allegations in paragraph 65 of the complaint.

66.    Citicorp denies the allegations in paragraph 66 of the complaint.

67.    In response to the allegations in paragraph 67 of the complaint, Citicorp repeats and realleges its responses to paragraphs 1 to 66 of the complaint.

68.    Citicorp denies the allegations in paragraph 68 of the complaint.

69.    Citicorp denies the allegations in paragraph 69 of the complaint.

70.    Citicorp denies the allegations in paragraph 70 of the complaint, except lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations pertaining to the subjective beliefs or intent of the Conveying Subsidiaries.

71.    Citicorp denies the allegations in paragraph 71 of the complaint.

72.    Citicorp denies the allegations in paragraph 72 of the complaint.

73.    Citicorp makes no response to the allegations in paragraph 73 of the complaint because it is not named in this Count of the complaint.

74.    Citicorp makes no response to the allegations in paragraph 74 of the complaint because it is not named in this Count of the complaint.

75.    Citicorp makes no response to the allegations in paragraph 75 of the complaint because it is not named in this Count of the complaint.

76.    Citicorp makes no response to the allegations in paragraph 76 of the complaint because it is not named in this Count of the complaint.

77.    Citicorp makes no response to the allegations in paragraph 77 of the complaint because it is not named in this Count of the complaint.

78.    Citicorp makes no response to the allegations in paragraph 78 of the complaint because it is not named in this Count of the complaint.

79.    Citicorp makes no response to the allegations in paragraph 79 of the complaint because it is not named in this Count of the complaint.

80.    Citicorp makes no response to the allegations in paragraph 80 of the complaint because it is not named in this Count of the complaint.

81.    Citicorp makes no response to the allegations in paragraph 81 of the complaint because it is not named in this Count of the complaint.

82.    Citicorp makes no response to the allegations in paragraph 82 of the complaint because it is not named in this Count of the complaint.

83.    Citicorp makes no response to the allegations in paragraph 83 of the complaint because it is not named in this Count of the complaint.

84.     Citicorp makes no response to the allegations in paragraph 84 of the complaint because it is not named in this Count of the complaint.

85.     Citicorp makes no response to the allegations in paragraph 85 of the complaint because it is not named in this Count of the complaint.

86.     Citicorp makes no response to the allegations in paragraph 86 of the complaint because it is not named in this Count of the complaint.

87.     Citicorp makes no response to the allegations in paragraph 87 of the complaint because it is not named in this Count of the complaint.

88.     Citicorp makes no response to the allegations in paragraph 88 of the complaint because it is not named in this Count of the complaint.

89.     Citicorp makes no response to the allegations in paragraph 89 of the complaint because it is not named in this Count of the complaint.

90.     Citicorp makes no response to the allegations in paragraph 90 of the complaint because it is not named in this Count of the complaint.

91.     Citicorp makes no response to the allegations in paragraph 91 of the complaint because it is not named in this Count of the complaint.

92.     Citicorp makes no response to the allegations in paragraph 92 of the complaint because it is not named in this Count of the complaint.

93.     Citicorp makes no response to the allegations in paragraph 93 of the complaint because it is not named in this Count of the complaint.

94.    Citicorp makes no response to the allegations in paragraph 94 of the complaint because it is not named in this Count of the complaint.

95.    Citicorp makes no response to the allegations in paragraph 95 of the complaint because it is not named in this Count of the complaint.

96.    Citicorp makes no response to the allegations in paragraph 96 of the complaint because it is not named in this Count of the complaint.

97.    Citicorp makes no response to the allegations in paragraph 97 of the complaint because it is not named in this Count of the complaint.

98.    Citicorp makes no response to the allegations in paragraph 98 of the complaint because it is not named in this Count of the complaint.

99.    Citicorp makes no response to the allegations in paragraph 99 of the complaint because it is not named in this Count of the complaint.

100.    Citicorp makes no response to the allegations in paragraph 100 of the complaint because it is not named in this Count of the complaint.

101.    Citicorp makes no response to the allegations in paragraph 101 of the complaint because it is not named in this Count of the complaint.

102.    Citicorp makes no response to the allegations in paragraph 102 of the complaint because it is not named in this Count of the complaint.

103.    Citicorp makes no response to the allegations in paragraph 103 of the complaint because it is not named in this Count of the complaint.

104.   Citicorp makes no response to the allegations in paragraph 104 of the complaint because it is not named in this Count of the complaint.

105.   Citicorp makes no response to the allegations in paragraph 105 of the complaint because it is not named in this Count of the complaint.

106.   Citicorp makes no response to the allegations in paragraph 106 of the complaint because it is not named in this Count of the complaint.

107.   Citicorp makes no response to the allegations in paragraph 107 of the complaint because it is not named in this Count of the complaint.

108.   Citicorp makes no response to the allegations in paragraph 108 of the complaint because it is not named in this Count of the complaint.

109.   In response to the allegations in paragraph 109 of the complaint, Citicorp repeats and realleges its responses to paragraphs 1 to 108 of the complaint.

110.   Citicorp makes no response to paragraph 110 of the complaint because it consists of legal conclusions to which no response is required.

111.   Citicorp makes no response to paragraph 111 of the complaint because it consists of legal conclusions to which no response is required.

112.   Citicorp denies the allegations in paragraph 112 of the complaint.

113.   Citicorp denies the allegations in paragraph 113 of the complaint, except admits that the debtors pledged a security interest in the Tax Refund, and avers that to the extent the allegations in paragraph 113 of the complaint purport to state a legal conclusion, no response is required.

114.    Citicorp denies the allegations in paragraph 114 of the complaint, except avers that to the extent the allegations in paragraph 113 of the complaint purport to state a legal conclusion, no response is required.

115.    Citicorp denies the allegations in paragraph 115 of the complaint.

116.    In response to the allegations in paragraph 116 of the complaint, Citicorp repeats and realleges its responses to paragraphs 1 to 115 of the complaint.

117.    Citicorp denies the allegations in paragraph 117 of the complaint, except admits that the lenders filed proofs of claims seeking allowance of the full amounts owed to them and that the Committee has objected to those claims.

118.    Citicorp denies the allegations in paragraph 118 of the complaint.

119.    Citicorp denies the allegations in paragraph 119 of the complaint, except admits that certain Conveying Subsidiaries executed Guaranty agreements on several occasions, including March 9, 2006 and July 31, 2007, and refers the Court to those Guaranty agreements and the agreements cited in paragraph 119 of the complaint for a complete and accurate statement of their contents.

120.    Citicorp denies the allegations in paragraph 120 of the complaint and refers the Court to the Credit Agreements and Guaranties for a complete and accurate statement of their contents, except lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations pertaining to legal positions to be taken by the lenders in the future.

121.    Citicorp denies the allegations in paragraph 121 of the complaint.

122.    Citicorp denies the allegations in paragraph 122 of the complaint.

123.    Citicorp lacks sufficient knowledge or information on which to form a

belief as to the truth of the allegations in paragraph 123 pertaining to the subjective

beliefs of the Committee and avers that to the extent the allegations in paragraph 123 of

the complaint purport to state a legal conclusion, no response is required.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, by 11 U.S.C.

§ 548(a)(1)(B), in that the Committee will be unable to prove that the Conveying

Subsidiaries received less than a reasonably equivalent value in exchange for the alleged

Transfers.

### THIRD AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, by 11 U.S.C.

§ 548(a)(1)(B) in that the Committee will be unable to prove that the Conveying

Subsidiaries were insolvent when the alleged Transfers were made, were rendered

insolvent as a result of the alleged Transfers, possessed unreasonably small capital, or

intended or believed they would incur debts beyond their ability to pay such debts as they

matured.

### FOURTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, by N.Y. Debt. & Cred. Law §§ 273, 274, and 275 in that the Committee will be unable to prove that (1) the Conveying Subsidiaries received less than fair consideration in exchange for the alleged Transfers, (2) the Conveying Subsidiaries were engaged, or about to engage, in a business or transaction for which their remaining property would constitute unreasonably small capital, or (3) the Conveying Subsidiaries intended or believed that they would incur debts beyond their ability to pay as they matured.

### FIFTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, by Fla. Stat. §§ 726.105 and 726.108 in that the Committee will be unable to prove that (1) the Conveying Subsidiaries received less than reasonably equivalent value in exchange for the alleged Transfers, (2) the Conveying Subsidiaries were engaged, or about to engage, in a business or transaction for which their remaining assets would be unreasonably small in relation to the business or transaction, or (3) the Conveying Subsidiaries intended or believed that they would incur debts beyond their ability to pay as they became due.

### SIXTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, by Fla. Stat. §§ 726.106 and 726.108 in that the Committee will be unable to prove that (1) the Conveying Subsidiaries received less than reasonably equivalent value in exchange for

the alleged Transfers, or (2) the Conveying Subsidiaries were insolvent at the time of the alleged Transfers or were rendered insolvent as a result of the alleged Transfers.

## SEVENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, estoppel, unjust enrichment, or other equitable doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, by the doctrine of release.

## NINTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, because Citicorp took the alleged Transfers for value, in good faith, and without knowledge of their alleged voidability or avoidability.

## TENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, because Citicorp has valid liens and claims and may retain any interest transferred or enforce any obligation incurred by virtue of the benefits it gave to the Conveying Subsidiaries.

## ELEVENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, because the Committee will be unable to prove that benefits to TOUSA, Inc. or any Conveying

Subsidiary did not benefit all Conveying Subsidiaries, as TOUSA, Inc., the Conveying

Subsidiaries, and their affiliates operate as a single business enterprise or as alter egos.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent the Committee's claims are not completely barred by

Citicorp's Eleventh Affirmative Defense or otherwise, the Committee's claims on behalf

of specific Debtor Conveying Subsidiaries are barred by application of the doctrine of

substantive consolidation.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, by the doctrine of

earmarking, because money loaned to a debtor for the specific purpose of repaying a

designated debt is not part of the estate available for distribution to creditors.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, because the

Committee will be unable to prove that the granting of a security interest in the Tax

Refund will result in Citicorp's receiving more than it would in a Chapter 7 case had the

granting of the security interest not occurred.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, because, under

Section 547(c)(1) of the Bankruptcy Code, the granting of a security interest in the Tax

Refund was intended by the Debtors and the creditors to or for whose benefit such

transfer was made to be a contemporaneous exchange for new value given to the Debtors, and was in fact a substantially contemporaneous exchange.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, because, under Section 547(c)(2) of the Bankruptcy Code, the granting of a security interest in the Tax Refund was in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the transferees, and such transfer was made in the ordinary course of business or financial affairs of the Debtor and the transferees, or made according to ordinary business terms.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, because, under Section 547(c)(3) of the Bankruptcy Code, the granting of a security interest in the Tax Refund secured new value that was given at or after the signing of a security agreement that contains a description of such property as collateral, was given by or on behalf of the secured party under such agreement, was given to enable the Debtors to acquire such property, was in fact used by the Debtors to acquire such property, and was perfected on or before 30 days after the Debtors received possession of such property.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, to the extent New York law and/or Florida law does not apply.

## NINETEENTH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, for failure to name necessary parties.

## TWENTIETH AFFIRMATIVE DEFENSE

The Committee's claims are barred, in whole or in part, because Citicorp acted solely as an intermediary and conduit for the actual lenders in the First Lien Term Loan.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Citicorp adopts the affirmative defenses asserted by the other defendants herein to the extent applicable to the claims against Citicorp.

## RESERVATION OF RIGHTS

Citicorp hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and, thus, reserves the right to amend its Answer to assert additional defenses.

\*    \*    \*    \*    \*

## THIRD-PARTY COMPLAINT

Citicorp, by and through its undersigned counsel, as and for its Third-Party Complaint against Debtors TOUSA, Inc., Engle Homes Residential Construction, L.L.C., Engle Homes Commercial Construction, LLC, Engle Sierra Verde P4, LLC, Engle/James LLC, LB/TE #1, LLC, Lorton South Condominium, LLC, McKay Landing LLC, Newmark Homes Purchasing, L.P., Newmark Homes, L.L.C., Newmark Homes,

22

L.P., Preferred Builders Realty, Inc., Reflection Key, LLC, Silverlake Interests, L.C.,

TOI, LLC, TOUSA/West Holdings, Inc., TOUSA Associates Services Co., TOUSA

Homes Arizona, LLC, TOUSA Homes Colorado, LLC, TOUSA Homes Florida, L.P.,

TOUSA Homes Investment #1, Inc., TOUSA Homes Investment #2, Inc., TOUSA

Homes Investment #2, LLC, TOUSA Homes Mid-Atlantic Holding, LLC, TOUSA

Homes Mid-Atlantic, LLC, TOUSA Homes Nevada, LLC, TOUSA Homes, Inc.,

TOUSA Homes, L.P., TOUSA Investment #2., Inc., TOUSA Mid-Atlantic Investment,

LLC, TOUSA Realty, Inc., and TOUSA, LLC (collectively, the "Third-Party

Defendants"), alleges:

## THE PARTIES

    1.     Defendant and Third-Party Plaintiff Citicorp North America, Inc.

("Citicorp") is a corporation organized under the laws of the state of Delaware and the

Administrative Agent for the First Lien Term Loan Credit Agreement (the "First Lien

Term Loan"), dated July 31, 2007, among itself and the Third-Party Defendants.

    2.     Third-Party Defendants TOUSA, Inc., Engle Homes Residential

Construction, L.L.C., Engle Homes Commercial Construction, LLC, Engle Sierra Verde

P4, LLC, Engle/James LLC, LB/TE #1, LLC, Lorton South Condominium, LLC, McKay

Landing LLC, Newmark Homes Purchasing, L.P., Newmark Homes, L.L.C., Newmark

Homes, L.P., Preferred Builders Realty, Inc., Reflection Key, LLC, Silverlake Interests,

L.C., TOI, LLC, TOUSA/West Holdings, Inc., TOUSA Associates Services Co., TOUSA

Homes Arizona, LLC, TOUSA Homes Colorado, LLC, TOUSA Homes Florida, L.P.,

TOUSA Homes Investment #1, Inc., TOUSA Homes Investment #2, Inc., TOUSA

Homes Investment #2, LLC, TOUSA Homes Mid-Atlantic Holding, LLC, TOUSA

Homes Mid-Atlantic, LLC, TOUSA Homes Nevada, LLC, TOUSA Homes, Inc.,

TOUSA Homes, L.P., TOUSA Investment #2., Inc., TOUSA Mid-Atlantic Investment,

LLC, TOUSA Realty, Inc., and TOUSA, LLC are signatories, co-borrowers, and co-

guarantors of the First Lien Term Loan.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157(a) and 1334(a) because the claims asserted in this third-party complaint arise in

the above-captioned Chapter 11 cases.  This proceeding is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C.

§§ 1408 and 1409.

### BACKGROUND

4.      Citicorp is the Administrative Agent for the First Lien Term Loan on

behalf of the lenders.  The First Lien Term Loan is a $200 million credit facility executed

on July 31, 2007 pursuant to which each lender severally agreed to make individual Term

Loans to the Third-Party Defendants, to be disbursed by Citicorp in its capacity as

Administrative Agent, upon receipt of written Notices of Borrowing by TOUSA, Inc. as

Administrative Borrower and financing of such borrowing by the lenders.

5.      Citicorp fulfilled its obligations under the First Lien Term Loan by
notifying each lender of its receipt of each Notice of Borrowing, collecting funds from
the lenders, and making such funds available to the Third-Party Defendants as Borrowers.

6.      One of the express, material conditions to the Third-Party Defendants'
access to credit under the First Lien Term Loan was their representation of solvency.
Specifically, each of the Third-Party Defendants represented and agreed:

> On the Effective Date [i.e., July 31, 2007] . . . and immediately after the
> consummation of the transactions to occur on the Effective Date . . . (a) the fair
> value of the assets of the Loan Parties (on a Consolidated basis with their
> Subsidiaries) [i.e., the Third-Party Defendants] will exceed its debts and
> liabilities, subordinated, contingent or otherwise; (b) the present fair saleable
> value of the assets of the Administrative Borrower (on a Consolidated basis with
> its Subsidiaries) will be greater than the amount of its debts and other liabilities,
> subordinated, contingent or otherwise; (c) the Administrative Borrower (on a
> Consolidated basis with its Subsidiaries) will be able to pay its debts and
> liabilities, subordinated, contingent or otherwise, as such debts and liabilities
> become absolute and matured; and (d) the Administrative Borrower (on a
> Consolidated basis with its Subsidiaries) will not have unreasonably small capital
> with which to conduct its business in which it is engaged as such business is now
> conducted and will be conducted following the Effective Date.

7.      On July 15, 2008, the Official Committee of Unsecured Creditors of
TOUSA, Inc. (the "Committee"), commenced the instant adversary proceeding against
Citicorp and other parties.  In its adversary complaint, the Committee alleges that the
Third-Party Defendants were already insolvent or became insolvent on the Effective Date
of July 31, 2007, which, if true, would represent a material breach by the Third-Party
Defendants of their obligations under the First Lien Term Loan.

**CLAIM BY CITICORP, IN THE ALTERNATIVE, AGAINST THE
THIRD-PARTY DEFENDANTS FOR BREACH OF CONTRACT**

8.    Citicorp repeats and realleges the allegations in paragraphs 1 to 7 of this Third-Party Complaint.

9.    The Third-Party Complaint as a whole and this Count in particular are expressly pleaded in the alternative to Citicorp's Answer, and to any defenses asserted therein, in which Citicorp denies that the Third-Party Defendants were insolvent on July 31, 2007, or were rendered insolvent on that date. For purposes of this Third-Party Complaint and this Cause of Action, Citicorp expressly excludes and disavows any and all averments it has made, is making, or will make, in its Answer or anywhere else, pertaining to the solvency of the Third-Party Defendants.

10.    The First Lien Term Loan was a valid contract between and among the parties.

11.    Citicorp and the lenders performed all of their obligations under the First Lien Term Loan.

12.    If and to the extent the Committee establishes its allegations of insolvency in this action, the Third-Party Defendants will have materially breached the First Lien Term Loan by, on the Effective Date of July 31, 2007, and immediately following the making of each Loan and after giving effect to the application of the proceeds of each Loan, (i) not having assets whose fair value exceeded their debts and liabilities, subordinated, contingent, or otherwise, (ii) not having assets whose fair saleable value

26

exceeded their debts and other liabilities, subordinated, contingent, or otherwise, (iii) not

being able to pay their debts and liabilities, subordinated, contingent, or otherwise, and/or

(iv) having unreasonably small capital with which to conduct their business.

13.    As a result of the Third-Party Defendants' breach and non-performance

under the First Lien Term Loan, if insolvency if established, Citicorp suffered damages.

14.    Citicorp has filed with the Court proofs of claims, by the time required by

the Court, which assert these claims as well as other claims not asserted herein.

WHEREFORE, Citicorp demands judgment as follows:

1.    Adjudging, finding, and declaring that the Third-Party Defendants have

materially breached the First Lien Term Loan.

2.    Awarding Citicorp damages in a sum to be determined at trial, together

with interest, attorneys' fees, and costs as fixed by the Court.

3.    Granting Citicorp such other and further relief as is just and proper.

Respectfully submitted,

**STICHTER, RIEDEL, BLAIN & PROSSER, P.A.**

By: _____ /s/ Amy D. Harris _____
    Amy D. Harris (634506)
    Harley Edward Riedel (183628)
    Richard Craig Prosser (354831)
    110 E. Madison Street, Suite 200
    Tampa, Florida 33602-4718
    Telephone: (813) 229-0144
    Facsimile: (813) 229-1811

**CHADBOURNE & PARKE LLP**
    Joseph H. Smolinsky (Admitted Pro Hace Vice)
    Thomas J. Hall (Admitted Pro Hace Vice)
    Thomas J. McCormack (Admitted Pro Hace Vice)
    30 Rockefeller Plaza
    New York, New York 10112
    Telephone: (212) 408-5100
    Facsimile: (212) 541-5369

*Attorneys for Citicorp North America, Inc., in its Capacity as Administrative Agent for the First Lien Term Credit Agreement*

August 13, 2008

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer to the

Complaint and Third Party Complaint by Citicorp North American, Inc. in its Capacity as

Administrative Agent for the First Lien Term Loan has been furnished by the Court's

CM/ECF system or U.S. Mail on this 13th day of August, 2008, to:

Patricia A. Redmond, Esquire
STEARNS WEAVER, MILLER, et al.
150 W. Flagler Street
Miami, Florida  33130

Lawrence S. Robbins, Esquire
ROBBINS, RUSSELL, ENGLERT, et al.
1801 K Street N.W., Ste. 411-L
Washington, DC  20006


        /s/ Amy D. Harris
Harley E. Riedel (Florida Bar No. 183628)
Richard C. Prosser (Florida Bar No. 354831)
Amy D. Harris (Florida Bar No. 634506)
Edward Peterson (Florida Bar No. 014612)
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
Phone: (813) 229-0144
Fax:    (813) 229-1811
Email: hriedel.ecf@srbp.com
Attorneys for Citicorp