IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: TBD<br>Related to D.I. # 3063 |

## DEBTORS' OBJECTION TO MOTION TO FIX HEARING DATE ON, LIMIT NOTICE AND SHORTEN TIME TO OBJECT OR RESPOND TO MOTION OF WILMINGTON TRUST COMPANY FOR APPOINTMENT OF EXAMINER PURSUANT TO SECTION 1104(C) OF THE BANKRUPTCY CODE

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby file this objection to the motion filed by Wilmington Trust Company ("Wilmington Trust") to shorten time for the hearing and the filing of responses (the "Motion to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Shorten Time") with respect to the Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Motion"). The appointment of an examiner can materially alter the course of a chapter 11 case, particularly when an examiner is appointed at this stage in these Debtors' cases. All constituencies, as well as this Court, should have a full opportunity to present and consider the evidence and arguments for and against the Examiner Motion. Accordingly, the Debtors' submit that the hearing on the Examiner Motion should be subject to the full notice period and be calendared for the omnibus hearing on February 18, 2010 for the following four reasons:

        1.      The Examiner Motion repeats the allegations set forth in a similar motion filed by Law Debenture Trust Company of New York ("Law Debenture") on August 26, 2009, which sought Rule 2004 discovery and the appointment of an Examiner ("Initial Examiner Motion") [D.I. #2031]. Wilmington Trust joined in the Initial Examiner Motion, but has not sought to further pursue the appointment of an examiner over the past four months, following Law Debentures decision to withdraw the Initial Examiner Motion upon entry of the Court's order on September 25, 2009 [D.I. #2217] approving the stipulation that allowed Law Debenture access to discovery materials in these cases. Wilmington Trust's failure to re-raise these issues or pursue this relief for the past four months does not constitute grounds for having its Examiner Motion heard on shortened time.

        2.      Wilmington Trust is the successor Indenture Trustee for the Exchangeable Subordinated Debentures which are generally referred to as the PHONES. The PHONES are contractually subordinated in right of payment to all of the other funded indebtedness of the Tribune Company. Wilmington Trust neglects to mention that in addition to being a member of the Creditors Committee, Wilmington Trust also asked in late December of 2009 to be allowed

access to the documents in the depository pursuant to this Court's order entered December 15, 2009 [D.I. #2858], creating a depository for the documents produced to the Creditors Committee in connection with the Creditor Committee's review of the leveraged buyout ("LBO"). The Debtors supported providing Wilmington Trust access to these documents, duly noticed the applicable parties of Wilmington Trust's request, and the notice period has now expired. Accordingly, upon Wilmington Trust's execution and delivery of the Acknowledgement, the vast majority of documents in that depository will be made available to Wilmington Trust for review in accordance with the Order's procedures.[2] In light of Wilmington Trust's status as a member of the Creditors Committee and its broad access to the documents collected by the Creditors Committee, the Debtors submit that Wilmington Trust is not being denied information allowing it to protect its own interests and creating an emergency need for a hearing on shortened notice.

3. The Court has already scheduled a hearing on February 18, 2010 to consider whether exclusivity should be further extended in these cases. This hearing should permit all the major constituencies to apprise the Court on their due diligence regarding the potential causes of action arising from the LBO, any other developments that have taken place since the lengthy December 1, 2009 hearing on this subject, and what they believe are the best ways to move these cases to a successful reorganization. The hearing on February 18 will provide the Court with the information that will be relevant to consider the relief sought by the Examiner Motion.

4. The Initial Examiner Motion that was filed on August 26, 2009 requested that the matter be heard on an expedited basis and proposed the next omnibus hearing on

---

[2] Only one financial institution raised any objection to Wilmington Trust's review of the documents and that objection solely relates to the documents produced by that financial institution.

September 4, 2009. Instead, the Court scheduled the Initial Examiner Motion following a full notice period for September 18, 2009 [D.I. #2033]. Wilmington Trust has offered no valid exigencies justifying shortened notice with respect to the relief requested in its Motion as required by Del. Bankr. L.R. 9006-1(e). Accordingly, the Debtors recommend that the Court take a similar course of action with respect to the Examiner Motion and schedule it to be heard at the regularly scheduled February 18 omnibus hearing.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>January 14, 2010 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kevin T. Lantry<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |

46429/0001-6248462V1