UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: TBD<br>Ref. No. 3063 |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO MOTION TO FIX HEARING DATE ON, LIMIT NOTICE AND SHORTEN TIME TO OBJECT OR RESPOND TO MOTION OF WILMINGTON TRUST COMPANY FOR APPOINTMENT OF EXAMINER PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE

The Official Committee of Unsecured Creditors (the "*Committee*") of Tribune Company and its various debtor-subsidiaries (collectively, the "*Debtors*") respectfully submits this Objection (the "*Objection*") to the Motion to Fix Hearing Date On, Limit Notice and Shorten

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0005336.2}

Time to Object or Respond to Motion of Wilmington Trust Company for Appointment of Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "**Motion to Shorten**"), and respectfully represents as follows:

## RELEVANT PROCEDURAL HISTORY

1. On August 26, 2009, Law Debenture Trust Company ("**Law Debenture**") filed its Motion for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Tribune Company, its Affiliates, and Certain Third Parties or Alternatively, for the Appointment of an Examiner ("**Motion for Leave and to Appoint Examiner**") (Docket No. 2031).

2. On September 21, 2009, Wilmington Trust Company ("**Wilmington Trust**") joined the Motion for Leave and to Appoint Examiner (the "**Joinder**"). See Docket No. 2172. By doing so, Wilmington Trust put its request for an examiner squarely before the Court almost four months ago.

3. On September 25, 2009, the Court entered an order approving a stipulation in which Law Debenture agreed, without prejudice and *inter alia,* to withdraw its Motion for Leave and to Appoint Examiner. See Docket No. 2235. Wilmington Trust did not object to that stipulation or otherwise seek to have its request for an examiner heard by the Court.

4. On January 13, 2010, four months after it filed the Joinder, Wilmington Trust filed a new Motion for Appointment of an Examiner (the "**New Examiner Motion**") (Docket No. 3062) and the instant Motion to Shorten. In its two page Motion to Shorten, Wilmington Trust claims that the hearing on the New Examiner Motion should be expedited to permit an examiner, once appointed, "to commence his or her investigation as soon as possible to avoid any undue delay" and that with the Debtors' exclusivity period set to expire on February 28, 2010 and

2

negotiations ongoing among various parties "it is critically important to have an independent third party in place sooner rather than later." *Id*. at ¶ 2.

## COMMITTEE'S OBJECTION

5. The Committee respectfully submits that the New Examiner Motion should be heard on ordinary notice, and no sooner than at the omnibus hearing presently scheduled for February 18, 2010.

6. Wilmington Trust has not provided sufficient basis in the Motion to Shorten for this Court to hear the New Examiner Motion on an expedited basis. To the contrary, the Motion to Shorten is baseless for several reasons. First and foremost, by its own inaction on the prior motion for over four months, Wilmington Trust has demonstrated that the alleged immediate need for "an examiner to commence his or her investigation as soon as possible to avoid any undue delay" is entirely without merit. To state the seemingly obvious, had an examiner actually been needed sooner, Wilmington Trust would have pursued its prior request. At best, the Motion to Shorten is a self-created pseudo-emergency.

7. Second, the investigation that Wilmington Trust claims must be commenced "as soon as possible" was commenced almost a year ago by the Creditors' Committee, was -- and is-- being pursued with utmost vigor, and has resulted in the production of approximately 2,500,000 million pages of documents from over 20 parties and the taking of numerous depositions, with more scheduled and to be scheduled. That work continues. Wilmington Trust is a member of the Creditors' Committee and is well aware of those facts. Moreover, and as Wilmington Trust readily acknowledges in the Motion to Shorten, negotiations are ongoing among the parties. The real problem here is that Wilmington Trust is the indenture trustee for a deeply subordinated constituency at the very bottom of the Debtors' debt structure. Wilmington Trust's request that the New Examiner Motion be heard on shortened notice is just the first of the predictable series

{698.001-W0005336.2}

of bombs that a constituency in that position sometimes throws in an attempt to improve its leverage. Improvement in leverage is not, however, a basis on which the Motion to Shorten should be granted.

8. Finally, putting aside the time that will be required to set the record straight with respect to the many inaccuracies and misleading factual claims set forth in the New Examiner Motion, the relief requested is of the type that requires full review and careful analysis, as well as discovery in order to develop the factual record surrounding the New Examiner Motion and the real motivations for its filing. The Committee should be afforded that opportunity, especially where any delay in the relief requested is entirely the movant's own responsibility.

9. Accordingly, the Committee submits that the Motion to Shorten should be denied and the New Examiner Motion should be heard on ordinary notice, no sooner than the omnibus hearing scheduled for February 18, 2010.

WHEREFORE, for the reasons set forth herein, the Committee respectively requests that the Court (a) deny Wilmington Trust's Motion to Shorten Time and (b) grant such other or further relief as the Court deems appropriate.

Dated:  January 14, 2010          **LANDIS RATH & COBB LLP**
   Wilmington, Delaware

*/s/ Adam G. Landis*
_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

- and -

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*