## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
|  | **Objection Deadline: February 4, 2010 at 4 p.m. (ET)** |

### THIRD QUARTERLY FEE APPLICATION OF DANIEL J. EDELMAN, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS AND INVESTOR RELATIONS CONSULTANTS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE <u>PERIOD SEPTEMBER 1, 2009 THROUGH NOVEMBER 30, 2009</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205; Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2532); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Name of Applicant:

Daniel J. Edelman, Inc.

Authorized to Provide
Professional Services to:

Debtors and Debtors-in-Possession

Date of Retention:

March 9, 2009, *nunc pro tunc* to
December 8, 2008

Period for Which Compensation
and Reimbursement is Sought:

September 1, 2009 through November 30, 2009

Amount of Compensation Sought
as Actual, Reasonable and Necessary:

$6,764.29

Amount of Expense Reimbursement

$0

Sought as Actual, Reasonable and Necessary:
This is a(n): __ monthly _X_ interim ___ final application.

Prior Interim Fee Applications:  Two

2

**FEE SUMMARY FOR THE PERIOD FROM**
**SEPTEMBER 1, 2009 THROUGH NOVEMBER 30, 2009**

| Name of Professional/ Individual | Position | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jeffrey Zilka | General Manager | $700 | 9.25 | $6,475.00 |
| Julie Crothers | Vice President | $476.08 | 0.5 | $238.04 |
| Cheryl Ricci | Senior Account Executive | $205 | 0.25 | $51.25 |
| | | | | |
| Grand Total | | | 10 | $6,764.29 |
| | | | | |

[remainder of page intentionally left blank]

## COMPENSATION BY PROJECT CATEGORY
## FOR THE PERIOD SEPTEMBER 1 2009 THROUGH NOVEMBER 30, 2009

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Post-Filing Administration & Media Services | 10 | $6,764.29 |
|  |  |  |
| **Totals:** | **10** | **$6,764.29** |

## EXPENSE SUMMARY
## SEPTEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| Total |  | $ 0 |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[2] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: February 4, 2010 at 4 p.m. (ET)** |

## THIRD QUARTERLY FEE APPLICATION OF DANIEL J. EDELMAN, INC. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CORPORATE COMMUNICATIONS AND INVESTOR RELATIONS CONSULTANTS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2532); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Daniel J. Edelman, Inc. ("Edelman"), Corporate Communications and Investor Relations Consultants for Tribune Company and its affiliated debtor companies (collectively, the "Debtors"), respectfully submits this quarterly fee application (the "Application") to this Court, pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order") [Docket No. 225] for approval and allowance of compensation for professional services rendered as corporate communications and investor relations consultants to the Debtors in the amount of $6,764.29 together with reimbursement for actual and necessary expenses incurred in the amount of $0 for the period commencing September 1, 2009 through and including November 30, 2009 (the "Interim Fee Period"). In support of this Application, Edelman represents as follows:

## FACTUAL BACKGROUND

1.      On December 8, 2008 (the "Petition Date"), the Debtors commenced these chapter 11 cases by each filing voluntary petitions under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). On December 10, 2008, the Court entered an order jointly administering the Debtors' chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On March 9, 2009, the Court approved the Debtors' retention of Edelman as corporate communications and investor relations consultants *nunc pro tunc* as of December 8, 2008.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code.

## BASIS FOR THE APPLICATION

3.      The Interim Compensation Order provides all professionals retained in these cases pursuant to section 327, 328 or 1103 of the Bankruptcy Code (the "Case Professionals") must file with the Court monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred (the "Monthly Fee Application"). The notice parties specified in the Interim Compensation Order (the "Notice Parties") have twenty (20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the applicable Case Professional must file a certification that no objection or partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whichever is applicable, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in its Monthly Fee Application or (ii) 80% of the fees and 100% of the expenses not subject to an objection.

4.      Pursuant to the procedures set forth in the Interim Compensation Order, Edelman prepared, filed with the Court, and served upon the Notice Parties Monthly Fee Applications for the periods September 1, 2009 through September 30, 2009, October 1, 2009 through October 31, 2009, and November 1, 2009 through November 30, 2009, which Monthly Fee Applications are incorporated herein by reference. Edelman has accordingly submitted all of its Monthly Fee Applications for the Debtors' chapter 11 cases for this Interim Fee Period.

5.      In addition, beginning with the three-month period ending February 28, 2009, and each three-month period thereafter, all Case Professionals must file with the Court and

serve on the Notice Parties interim applications for allowance of compensation and

reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during

such period (a "Quarterly Fee Application Request").  Quarterly Fee Application Requests must

include a summary of the Monthly Fee Applications that are the subject of the request and any

other information requested by the Court or required by the Local Rules.  This Application

represents the second Quarterly Fee Application Request that Edelman has filed with the Court

in connection with these chapter 11 cases, and it covers the period from September 1, 2009

through November 30, 2009, both dates inclusive.

### RELIEF REQUESTED

6.     By this Application, Edelman respectfully requests that the Court approve

the interim allowance and award of compensation for professional services rendered and

reimbursement of expenses incurred by Edelman as corporate communications and investor

relations consultants to the Debtors during the Interim Fee Period.

7.     The amount of fees sought for services rendered during the Interim Fee

Period is $6,764.29, representing approximately 10 hours in professional and paraprofessional

time for such services.  Reimbursement of actual necessary expenses incurred by Edelman

during the Fee Period in connection with these services is requested in the amount of $0.

Edelman seeks the interim allowance of such compensation, as well as this Court's authorization

for payment of such amounts by the Debtors to Edelman, less any amounts previously paid to

Edelman pursuant to the Monthly Fee Applications for the period covered by this Application

and the procedures set forth in the Interim Compensation Order.

8.     The hourly rates charged by Edelman professionals and paraprofessionals

during the Interim Fee Period covered by this Application are no greater than the customary

hourly rates for such individuals both inside and outside of bankruptcy cases.  The highest billing

rate that will be charged by any Edelman professional for services rendered under Edelman's current billing rates that became effective on December 31, 2008 and continuing until Edelman's next firm-wide rate adjustment will be $700 per hour. Edelman believes these rates are comparable to those charged by other professionals of other firms of comparable size, stature, and experience.

9.      Edelman has received no payment and no promises for payment from any source other than the Debtors for services rendered in these chapter 11 cases. There is no agreement between Edelman and any other party for the sharing of compensation to be received for the services rendered by Edelman in these chapter 11 cases. All professional and paraprofessional services for which compensation is sought herein were rendered solely on behalf of the Debtors in these cases.

<u>**SERVICES RENDERED**</u>

10.      Edelman has rendered substantial services to the Debtors in connection with these chapter 11 cases during the period covered by this Application, both in its capacity as corporate communications and investor relations consultants to the Debtors and continuing in its capacity as investor relations consultants to the Debtors in their ordinary course of business. The services performed by Edelman's professionals and paraprofessionals during the period covered by this Applications were necessary and have directly contributed to the effective administration of the Debtors' chapter 11 cases.

11.      A breakdown of the total hours expended by each professional on all matters and a breakdown of amounts sought by each matter category covered herein are included as a part of this Application above, as required by Local Rule 2016-2. A detailed description of the services provided to the Debtors is attached hereto as <u>Exhibit A.</u> The following is a summary

of the activities performed by Edelman's professionals and paraprofessionals during the Interim

Fee Period:

A.    Post-Filing Administration and Media Services (10 hours)

    12.    During the Interim Fee Period, Edelman's services performed in

connection with this category include, *inter alia* (i) providing communications counsel regarding

bankruptcy matters;  (ii) peer company research; and (iii) preparing Edelman's monthly fee

applications.

## EXPENSES INCURRED

    13.    Edelman has incurred out-of-pocket expenses in the amount of $0 in

connection with its services rendered to the Debtors during the Interim Fee Period.

## NOTICE

    14.    Notice of this Motion has been provided to: (i) the Office of the United

States Trustee; (ii) the Committee; (iii) counsel to the agent for the lenders under the prepetition

credit facilities; (iv) counsel to an ad hoc group of lenders under the prepetition credit facilities;

(v) counsel to the agent for the post petition lenders; (vi) counsel to an ad hoc group of

prepetition note holders; (vii) the indenture trustee for each series of notes; (viii) the Cash

Management Banks; and (ix) all parties requesting notice pursuant to Bankruptcy Rule 2002, in

accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the

Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

    15.    Other than the applicable Monthly Fee Applications, no previous

application for the relief requested herein has been made to this or any other Court.

## REVIEW OF APPLICABLE LOCAL RULE

16.    The undersigned has reviewed the requirements of Del. Bankr. LR 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with Rule 2016-2.

*[The remainder of this page left intentionally blank]*

17.    WHEREFORE, Daniel J. Edelman, Inc., requests the Court to approve compensation in the amount of $6,764.29, and reimbursement of expenses in the amount of $0 pursuant to 11 U.S.C. §§ 330 and 331, to authorize the Debtors to remit to Edelman any amounts due and owing in accordance with the Interim Compensation Order, and for such other and further relief as may be appropriate.

Dated:  January 15, 2010

DANIEL J. EDELMAN, INC.

Jeffrey R. Zilka, General Manager
Edelman
200 E Randolph Drive
Chicago, IL 60601
312-240-3389

13

CH1 4626928v.1