## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

In re:

TRIBUNE COMPANY et al.,

Debtors.

-------------------------------------------------------------x

Chapter 11

Case No. 08-13141 (KJC)

(Jointly Administered)

**Hearing Date:  (To be determined)**
**Objections Due: 2/4/2010 @ 4:00 p.m.**

## FIRST INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Applicant:  Zuckerman Spaeder LLP

Authorized to Provide Professional Services to:  The Official Committee of Unsecured Creditors

Date of Retention:  August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and

Reimbursement is sought:  August 6, 2009 through November 30, 2009

Amount of Compensation sought

as actual, reasonable and necessary:  $1,262,525.75

Amount of Expense Reimbursement sought

as actual, reasonable, and necessary:  $36,386.06

This is Applicant's First Interim Fee Application.  32.1 hours of time were expended during the Application Period in preparation of monthly and interim fee applications, and $10,851.50 is the corresponding compensation request.

ATTACHMENT

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| Roger E. Zuckerman | Partner, civil complex litigation; admitted 1968 | $800.00 | 0.50 | $400.00 |
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $725.00 | 421.65 | $305,696.25 |
| Marshall S. Wolff | Partner, business law, creditor rights and workouts; admitted 1976 | $675.00 | 102.80 | $69,390.00 |
| Peter R. Kolker | Partner, bankruptcy and civil litigation; admitted 1966 | $650.00 | 129.00 | $83,850.00 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $650.00 | 240.20 | $156,130.00 |
| Thomas G. Macauley (I.D. # 3411) | Partner, chapter 11 and bankruptcy litigation; admitted 1995 | $570.00 | 271.20 | $154,584.00 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $520.00 | 365.55 | $190,086.00 |
| Lisa J. Stevenson | Partner, civil litigation; admitted 1997 | $520.00 | 46.40 | $24,128.00 |
| Caroline Judge Mehta | Partner, civil litigation; admitted 1999 | $500.00 | 63.50 | $31,750.00 |
| Martin G. Deptula | Associate, 6th year, litigation; admitted 2000 | $465.00 | 130.60 | $60,729.00 |

2500255.1

1

| Laura Neish | Partner, litigation; admitted 2003 | $450.00 | 46.00 | $20,700.00 |
|---|---|---|---|---|
| Nathan M. Berman | Associate, 9th year, litigation; admitted 2000 | $425.00 | 90.00 | $38,250.00 |
| Lani Cossette | Associate, 6th year, litigation; admitted 2003 | $385.00 | 33.20 | $12,782.00 |
| Cory Way | Associate, 5th year, litigation; admitted 1999 | $375.00 | 12.60 | $4,725.00 |
| A. Paul Pineau | Associate, 2nd year, litigation; admitted 2007 | $300.00 | 66.50 | $19,950.00 |
| Virginia W. Guldi (I. D. # 2792) | Associate, 20th year, chapter 11 and bankruptcy litigation; admitted 1989 | $325.00 | 42.30 | $13,747.50 |
| Benjamin L. Krein | Senior Staff Attorney, 3rd year | $355.00 | 63.10 | $22,400.50 |
| Scott Hanna | Staff Attorney, 4th year | $280.00 | 243.60 | $68,208.00 |
| Jer-Wei (Jay) Chen | Paralegal, 8th year | $245.00 | 0.80 | $196.00 |
| Rey Caling | Litigation Analyst, 3rd year | $195.00 | 0.50 | $97.50 |
| Kimberley Wilson | Library assistant, 7 years experience | $165.00 | 3.90 | $643.50 |
| Jeanne Trahan Faubell | Library Director/Law Librarian, 3rd year | $165.00 | 5.70 | $940.50 |
| Diana Gillig | Paralegal Assistant, 10 years experience | $155.00 | 29.30 | $4,541.50 |

Grand Totals:[1]  2,418.50 hours and $1,235,165.50
Blended Rate: $510.73

---

[1] These amounts exclude non-working travel time.

2500255.1

2

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 - | Bank Claims | 2,259.20 | $1,204,249.00 |
| 0002 - | Retention/Fee Application | 73.50 | $ 30,916.50 |
| 0003 - | Non-Working Travel Time (charged ½ time) | 85.80 | $ 27,360.25 |
| | Totals: | 2,418.50 | $1,262,525.75 |

## ITEMIZED EXPENSES

EXPENSES

| | |
|---|---|
| Express Delivery – FedEx | $ 164.29 |
| Air/Train Travel | $ 10,914.84 |
| Hotel | $ 3,728.65 |
| Meals / Miscellaneous | $ 1,191.55 |
| Local Travel – Limousine | $ 152.00 |
| Taxi Service | $ 612.67 |
| In-house Copy | $ 2,186.60 |
| LEXIS Research | $ 3,569.78 |
| Westlaw Research | $ 13,465.20 |
| Reed Elsevier – Research | $ 24.91 |
| Docket Research – Pacer | $ 30.64 |
| Soundpath – Conference Call Service | $ 83.03 |
| Long Distance Telephone | $ 127.54 |
| Secretarial Overtime | $ 60.00 |
| Postage | $ 74.36 |
| TOTAL EXPENSES | $ 36,386.06 |

2500255.1

3

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy

Procedure, the law firm of Zuckerman Spaeder LLP (hereinafter "Zuckerman") hereby moves

this Court for an order awarding it reasonable compensation with respect to the above-captioned

chapter 11 cases for professional legal services rendered as special counsel to the Official

Committee of Unsecured Creditors (the "Committee") in the amount of $1,262,525.75 together

with reimbursement for actual and necessary expenses incurred in the amount of $36,386.06 for

the period August 6, 2009, through and including November 30, 2009 (the "Application

Period"), and respectfully represents as follows:

1.      Pursuant to an Order entered by this Court on September 3, 2009 (Docket No.

2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as

special counsel to the Committee in connection with these chapter 11 cases, effective as of

August 6, 2009.  The Retention Order authorized Zuckerman to be compensated on an hourly

basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2.      During the Application Period, Zuckerman has received no payment and no

promises for payment from any source for services rendered or to be rendered in any capacity

whatsoever in connection with this case.  There is no agreement or understanding between

Zuckerman and any other person, other than members of the firm, for the sharing of

compensation to be received for services rendered in this case.

3.      This First Interim Application seeks compensation for fees of $1,262,525.75 and

reimbursement of expenses of $36,386.06 incurred during the Application Period.  In accordance

with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable

given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the

services rendered, (d) the value of such services, and (e) the costs of comparable services other

than in a case under this title.

**SUMMARY OF SERVICES RENDERED**

4.       During the Application Period, Zuckerman provided services to the Committee

and worked closely with the Committee's general bankruptcy counsel and the Committee's

financial advisors.  The time detail for professional services provided by Zuckerman to the

Committee during the Application Period is divided by matter and set forth on Exhibit A to

Zuckerman's relevant monthly applications (Docket Nos. 2255, 2499, 2633 and 3044).[2]  The

primary services provided by matter are described by subject matter below.

5.       Bank Claims.  During the Application Period, Zuckerman commenced its

investigation of claims and potential causes of actions relating to the financing of the Debtors'

LBO in 2007.  Zuckerman reviewed publicly available materials and work product of the

Committee's professionals as well as the production of information by numerous parties after

---

[2] The total compensation requested by this Application is $21,399.50 less than the sum of the compensation requested by the four monthly fee applications because the matter 3 non-working travel time was mistakenly not charged at 50% of regular hourly rates in the three most recent monthly fee applications.

2500255.1

addressing confidentiality issues. Zuckerman researched and analyzed key issues and examined potential legal theories and potential recovery scenarios. Zuckerman met regularly with the Committee, its general bankruptcy counsel and financial advisors and mapped out a work plan to accomplish the Committee's directives. Zuckerman also met with other primary parties-in-interest and participated in a number of meetings with the various constituencies. Towards the end of the Application Period, Zuckerman began to prepare to start taking oral examination of witnesses from various parties. Finally, Zuckerman began taking steps to bring greater focus to and provide evidentiary support for the estates' potential claims.

6.      Retention/Fee Applications. During the Application Period, Zuckerman prepared and drafted a disclosure declaration in support of its retention by the Committee as special counsel. Zuckerman also reviewed and edited the Committee's application seeking to retain Zuckerman and prepared other necessary and related papers, including a supplemental disclosure declaration. As a result of Zuckerman's efforts, the Zuckerman retention application was approved without the need for a hearing on September 3, 2009. Also, during the Application Period, Zuckerman prepared and filed three monthly fee applications.

## DISBURSEMENTS

7.      Zuckerman's list of out-of-pocket disbursements during the Application Period contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, parking and expenses

2500255.1

6

for "working meals." The expense detail is set forth on Exhibit B to Zuckerman's relevant monthly fee applications.

8.      Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions, and there is no surcharge for computerized research.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman $1,262,525.75 in fees compensation and $36,386.06 for reimbursement of expenses incurred during the Application Period, and granting Zuckerman such other and further relief as is just.

Dated:  Wilmington, Delaware
        January 15, 2010

                                        ZUCKERMAN SPAEDER LLP

                                        _____
                                        Thomas G. Macauley (ID No. 3411)
                                        919 Market Street, Suite 990
                                        P.O. Box 1028
                                        Wilmington, DE 19899
                                        (302) 427-0400

                                                   - and -

                                        Graeme W. Bush
                                        1800 M Street, N.W.
                                        Washington, DC 20036
                                        (202) 778-1800

                                        Special Counsel to the Official Committee
                                        of Unsecured Creditors

2500255.1

7

## VERIFICATION

STATE OF DELAWARE      )
                                         )       SS:
NEW CASTLE COUNTY    )


Thomas G. Macauley, after being duly sworn according to law, deposes and says:

1.    I am a partner with the applicant firm, Zuckerman Spaeder LLP and have been

      admitted to the Bar of the Supreme Court of Delaware since 1995.

2.    I have personally performed the legal services rendered by Zuckerman Spaeder

      LLP as special counsel to the Committee and am thoroughly familiar with all

      work performed on behalf of the Committee.

3.    The facts set forth in the foregoing Application are true and correct to the best of

      my knowledge, information and belief.

                                   _____
                                   Thomas G. Macauley

2500255.1

8