# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 139, 267, 424, 2408, and 2483** |

## FIFTH SUPPLEMENTAL AFFIDAVIT OF JAMES F. CONLAN IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF SIDLEY AUSTIN LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

STATE OF ILLINOIS     )
                      ) ss.:
COUNTY OF COOK        )

JAMES F. CONLAN declares as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am a partner in the law firm of Sidley Austin LLP ("Sidley" or the "Firm") and am resident at its office located at One South Dearborn Street in Chicago, Illinois 60603. I make this fifth supplemental affidavit (the "Fifth Supplemental Affidavit") in support of the employment and retention of Sidley by each of the above-captioned entities, all of which are debtors and debtors in possession herein (collectively, the "Debtors"), as their general reorganization and bankruptcy counsel in the above-referenced chapter 11 cases, pursuant to sections 327(a) and 1107(a) of title 11 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, nunc pro tunc to the Debtors' petition date on December 8, 2008 (the "Petition Date"). Unless otherwise stated in this Fifth Supplemental Affidavit, I have personal knowledge of the facts set forth herein.

2. This Fifth Supplemental Affidavit augments the disclosures to the Court concerning Sidley's engagement in my original affidavit in support of Sidley's retention on December 26, 2008 ("Original Affidavit"), my first supplemental affidavit submitted on January 23, 2009, my second supplemental affidavit submitted on February 19, 2009, my third supplemental affidavit submitted on October 23, 2009; and my fourth supplemental affidavit submitted on November 3, 2009.

3. In my Original Affidavit, I disclosed that Angelo Gordon & Co. LP and/or certain of its affiliates (collectively, "Angelo Gordon"), one of the prepetition lenders to the Debtors, was a former client of Sidley. See Exhibit B to Original Affidavit. It has come to my attention that Sidley currently represents Angelo Gordon in certain matters unrelated to the Debtors and their chapter 11 cases, in addition to the former representations disclosed in the Original Affidavit. In addition, it has come to my attention that Sidley has in the past represented, and currently represents, Wilmington Trust Company, one of the prepetition lenders

2

to Tribune Company ("Tribune") and the successor indenture trustee for Tribune's Exchangeable Subordinated Debentures, and/or certain of its affiliates (collectively with Wilmington Trust Company, "Wilmington Trust"), in certain matters unrelated to the Debtors and their chapter 11 cases. Sidley may in the future represent Angelo Gordon and/or Wilmington Trust in connection with other matters unrelated to the Debtors and their chapter 11 cases. Sidley has not represented, and will not represent, either Angelo Gordon or Wilmington Trust in connection with any matters relating to the Debtors.

4. This Fifth Supplemental Affidavit is made without prejudice to Sidley's rights to supplement further its disclosures in the Debtors' chapter 11 cases.

I declare under penalty of perjury that the foregoing is true and correct.

_James F. Conlan_

Sworn to and subscribed before me
this 19th day of January 2010

_Bonnie Franson_
Notary Public

```
"OFFICIAL SEAL"
BONNIE FRANSON
Notary Public, State of Illinois
My Commission Expires February 22, 2013
```

3