**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------- x
In re:                                :    Chapter 11
                                      :    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,              :    (Jointly Administered)
                                      :
               Debtors.               :    Requested Hearing Date: February 2, 2010
------------------------------------- X    Requested Objection Deadline: January 29, 2010 at 4:00 p.m.
```

**EXPEDITED MOTION OF DEPOSITORY DESIGNEE WILMINGTON TRUST
COMPANY FOR ACCESS TO MERRILL LYNCH CAPITAL CORPORATION'S
DOCUMENTS IN THE DOCUMENT DEPOSITORY**

Pursuant to Sections 105(a), 343, 1109(b) of title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. Proc. 2004 ("Rule 2004"), and this Court's December 15, 2009 Order establishing a document depository (the "Document Depository Order"), Wilmington Trust Company ("Wilmington Trust") moves this Court for the entry of an order directing Merrill Lynch Capital Corporation ("Merrill") to permit Wilmington access to the documents in the Depository that have been or will be produced by Merrill.

**PRELIMINARY STATEMENT**

1.   Wilmington Trust is the Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029 in the aggregate principal amount of approximately $1.2 billion (the "PHONES") issued in April 1999 by Debtor Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors"). Wilmington Trust is a member of the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 cases (the "Official Committee").

2.   As the Court is aware, in connection with the investigation of Tribune's 2007 leveraged buyout (the "LBO"), the Court entered the Document Depository Order (D.I. 2858), upon motion by the Debtors, that arranged for a central location (the "Depository") in which the

Debtors would maintain and store certain discovery produced by various parties to the Official Committee relating to the LBO.[1]  The Document Depository Order set forth procedures for access to these discovery documents.  Wilmington Trust has signed the appropriate Confidentiality Agreement and has been designated as a "<u>Depository Designee</u>," thereby entitling it to review the documents in the Document Depository.

3. Numerous parties have produced documents to the Depository ("<u>Producing Parties</u>"). Only one Producing Party, an LBO lender and former member of the Official Committee, Merrill, objected to Wilmington Trust, as a Depository Designee, having access to the documents Merrill produced.

4. Wilmington Trust has not been provided with a reason for Merrill's objection and submits that there is no legitimate reason.  Instead, the objection appears to be simply yet another example of Merrill's attempts to delay access to its documents relevant to the LBO.[2]

5. Because Wilmington Trust is (1) compliant with the procedures set forth by this Court to inspect documents in the Depository; (2) a member of the Official Committee; and (3) a party in interest, the Court should direct that Merrill give access to the Merrill documents in the Depository to Wilmington Trust.

---

[1] A detailed recital of the facts and background of the LBO is set forth in Wilmington Trust's Motion to Appoint an Examiner, which Wilmington Trust hereby incorporates by reference.  (D.I. 3062, 3065, 3067, and 3068).

[2] <u>See, e.g.</u>, Order Requiring the Production by Date Certain of E-mail Documents From Merrill Lynch Capital Corporation Pursuant to Bankruptcy Rule 2004 (D.I. 2931); Motion of the Official Committee of Unsecured Creditors for an Order Requiring the Production by Date Certain of Email Documents from Merrill Lynch Capital Corporation Pursuant to Bankruptcy Rule 2004 (D.I. 2767) (noting at 5 that "Merrill's production has been delayed far more than that of virtually any other party in this matter, notwithstanding the fact that Merrill was among the earliest recipients of document requests from the Committee" and stating at 9 that "Merrill's approach to its document production has obstructed and delayed the Committee's efforts.")

**FACTUAL BACKGROUND**

6. In connection with its LBO investigation, the Official Committee has sought the production of documents from numerous parties[3]. On December 9, 2009, hoping to expedite the LBO investigation, and to make it more efficient, the Debtors filed a Rule 2004 motion for entry of an order authorizing the Debtors to establish and maintain the Depository to hold documents produced to the Official Committee in connection with its investigation of the LBO pursuant to Bankruptcy Rule 2004.  (D.I. 2781).

7. On December 15, 2009, this Court issued its Document Depository Order (D.I. 2858), which established the Depository and established certain parties as Depository Designees with access to the Depository, and also provided a procedure whereby additional parties could become Depository Designees.

8. Following that procedure, on December 23, 2009, Wilmington Trust requested that the Debtors designate it a Depository Designee.

9. On January 6, 2010, the Debtors agreed to designate Wilmington Trust a Depository Designee.  Pursuant to the terms of the Court's Document Depository Order, the Debtors also notified each Producing Party of Wilmington Trust's designation as an additional

---

[3] Additionally, on August 26, 2009, Law Debenture Trust Company of New York ("Law Debenture"), filed a motion, which Wilmington Trust joined, for Rule 2004 discovery and other relief. See Motion of Law Debenture Trust Company of New York for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of Tribune Company, its Affiliates, and Certain Third Parties, or Alternatively, for the Appointment of an Examiner (D.I. 2031); Wilmington Trust Company's Joinder to the Law Debenture Rule 2004/Examiner Motion.  (D.I. 2172).

On September 25, 2009, the Court entered an Order approving a Stipulation settling the Law Debenture Rule 2004/Examiner Motion (the "Stipulation").  (D.I. 2235).  Pursuant to the Stipulation, the Producing Parties were required to provide Law Debenture with copies of the documents they have produced and will produce to counsel for the Official Committee, subject to the provisions of the Confidentiality Agreement entered into by Law Debenture and the Producing Parties on September 23, 2009, to the extent such documents are produced in response to document requests.  (D.I. 2235, Exhibit A).  The Producing Parties also agreed that in the event the Official Committee takes depositions of current or former employees of the Producing Parties in this matter, Law Debenture's counsel may participate and ask non-duplicative questions.  Id.

Depository Designee.

10. On January 11, 2010, pursuant to the Document Depository Order, Wilmington Trust submitted an executed Confidentiality Agreement to the Debtors in order to gain access to the Depository.

11. On January 13, 2010, the Debtors notified Wilmington Trust that they had no objection to Wilmington Trust recovering a Depository Designee and that they had so notified all producing parties. However, one Producing Party and only one – Merrill – objected to Wilmington Trust's access to its documents in the Depository. The Debtors offered no reason for Merrill's objection, if any was offered by Merrill. Accordingly, in accordance with the Document Depository Order, Wilmington Trust requests that the Court resolve Wilmington Trust's ability to gain access to the Merrill documents in the Document Depository. The Document Depository Order states, in relevant part.

> If any Producing Party timely objects to a newly added Depository Designee review such Producing Party's Discovery Documents, then the Court shall resolve whether or not such newly added Depository Designee shall be able to review the documents of such producing Party on expedited motion of any of the Debtors, the Committee, such newly added Depository Designee, or such Producing Party, and such newly added Depository Designee shall not have access to the Discovery Documents of such Producing Party unless such Producing Party consents or a court order allows such access.

## RELIEF REQUESTED

12. Wilmington Trust respectfully requests entry of an order, pursuant to Sections 105(a), 343, and 1109(b) of the Bankruptcy Code, Bankruptcy Rule 2004, and the Document Depository Order granting Wilmington Trust full access to and use of all Merrill documents currently in and subsequently added to the Depository.

**ARGUMENT**

**THE COURT SHOULD GRANT WILMINGTON TRUST ACCESS TO THE MERRILL DOCUMENTS IN THE DOCUMENT DEPOSITORY.**

13. First, Wilmington Trust is entitled to view all other documents in the Depository under the Document Depository Order. Wilmington Trust has signed the same Confidentiality Agreement as other Depository Designees, and thus Merrill can have no objection on that issue.

14. Beyond its compliance with this Court's Document Depository Order, its designation as a Depository Designee under that order, and its right to view the documents of all other Producing Parties in the Depository, Wilmington Trust is entitled to view Merrill's documents relevant to the LBO pursuant to Rule 2004. As a fiduciary for one of the largest creditor constituencies in this case, and as a member of the Official Committee, Wilmington Trust is clearly a "party-in-interest" with standing to seek authorization for, and to undertake, a Rule 2004 investigation. See 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor, an equity security holder . . . may raise and may appear and be heard on any issue in a case under this chapter."). A Rule 2004 examination affords a party in interest an opportunity to conduct a wide-ranging examination with respect to a debtor's financial affairs. See In re Texaco Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987).

15. Further, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation. See In re Ionosphere Clubs, Inc., 156 B.R. 414 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994) (third party who has a relationship with the debtor may be subject to a Rule 2004 examination in order to aid in discovery of assets); Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 42 B.R. 362, 364 (S.D.N.Y. 1984) (discovery under Rule 2004 extends beyond the debtor to persons associated with him as well as to those persons who may have had business dealings with the debtor). Moreover, an

examination may be made of third parties having knowledge of the debtor's affairs.  See In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

16.     As a party in interest entitled to discovery under Rule 2004, Wilmington Trust is entitled access to any information Merrill produces to the Depository.  Merrill's information is precisely that required for production under Rule 2004 as it relates to:  "the acts, conduct, or property or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's estate . . . ."  Fed. R. Bankr. P. 2004(b).

17.     Moreover, as both a fiduciary for a major creditor constituency, and as a member of the Official Committee, Wilmington Trust is entitled to seek discovery directly from Merrill under Rule 2004.  However, because Merrill already has produced, and will continue to produce documents into the Depository, Wilmington Trust seeks access to the Merrill documents in the Depository in order to avoid reinventing the wheel by serving its own document requests on Merrill.  If such access is not granted, Wilmington Trust will be required to seek its own 2004 discovery against Merrill, but that would duplicate the discovery already obtained, thereby defeating the very purpose for which the Depository was established in the first place.  (See, e.g., Debtor's Motion, D.I. 2781 at ¶ 19).

18.     As a party-in-interest, Wilmington Trust needs immediate access to all of the documents in the Depository, including those produced by Merrill, to determine independently the best way to fulfill its fiduciary duty to the PHONES holders regarding claims arising from the LBO.  Such access is also necessary to effectuate the need for full, fair, and open court proceedings.  Because all Wilmington Trust is seeking is access to the documents that Merrill has already produced, or will produce, into the Depository, there is no undue burden on Merrill to give access to those documents to Wilmington Trust.

19.     Accordingly, Wilmington Trust respectfully requests that the Court grant it access to all Merrill's documents that are and will be in the Depository pursuant to the Document Depository Order.  Wilmington Trust also requests that this motion be heard telephonically on an expedited basis in accordance with the Discovery Order on February 2, 2010.  To the extent that the matter may not be heard on February 2, 2010, Wilmington Trust would request that it be heard at the earliest possible convenience of the Court pursuant to the relief requested in the Motion to Shorten filed contemporaneously herewith.

## NOTICE

20.     Notice of this Motion has been given to: (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee; and (d) counsel to Merrill.  In light of the nature of the relief requested herein, Wilmington Trust submits that no further or other notice is required.

## NO PRIOR REQUEST

21.     No previous request for the relief sought herein has been made by Wilmington Trust to this or any other Court.

## CERTIFICATION PURSUANT TO LOCAL RULE 2004-1

22.     Wilmington Trust certifies that a conference was held on the morning of January 22, 2009 in an attempt to resolve this matter, but no agreement was reached at such time.  Wilmington Trust provided Merrill with a deadline of 4:00 p.m. on today's date to withdraw its objection.  Having heard no response, Wilmington Trust files the within Motion.

**CONCLUSION**

23. For the reasons set forth above, Wilmington Trust respectfully requests that the Court grant it access to Merrill's documents, and grant further relief as this Court deems appropriate.

Dated: January 22, 2010

                          Respectfully submitted,

                          BENESCH, FRIEDLANDER, COPLAN
                              & ARONOFF LLP

By:   */s/ Jennifer R. Hoover*
       Jennifer R. Hoover, Esquire (No. 5111)
       222 Delaware Avenue, Suite 801
       Wilmington, DE  19801
       (302) 442-7010 (telephone)
       (302) 442-7012 (facsimile)
       jhoover@beneschlaw.com

       -and-

       BROWN RUDNICK LLP
       Martin S. Siegel, Esq.
       Robert J. Stark, Esq.
       Seven Times Square
       New York, New York  10036
       T:  (212) 209-4800
       F:  (212) 209-4801

       William M. Dolan III, Esq.
       Brown Rudnick LLP
       121 South Main Street
       Providence, RI 02903
       (401) 276-2600
       (401) 276-2601 Fax

       *Counsel to Wilmington Trust Company, as Successor Indenture Trustee*

# 1716936 v8