# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF AGENDA OF MATTERS SCHEDULED
## FOR HEARING ON JANUARY 27, 2010 AT 10:00 A.M.
## BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to appear telephonically at the hearing
must contact COURTCALL, LLC at 866-582-6878 to register to participate.

## ADJOURNED MATTERS

1.  Motion of Simone and Victoria Conigliaro for Relief from Automatic Stay to Permit the Continuation of State Court Action (Filed November 25, 2009) (Docket No. 2649)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Objection Deadline: January 20, 2010 at 4:00 p.m. On consent of the parties, the Objection Deadline is extended until 4:00 p.m. on February 11, 2010 for the Debtors.

Responses Received: None at this time.

Status:      The parties intend to negotiate a consensual resolution of the motion. This matter is adjourned to the February 18, 2010 hearing. This matter will not be going forward.

2.     Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed February 20, 2009) (Docket No. 438)

Objection Deadline: March 5, 2009 at 4:00 p.m.
On consent of the parties, the Objection Deadline was further extended to 4:00 p.m. on June 18, 2009 for the Debtors.

Responses Received:

(a)     Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 3, 2009) (Docket No. 465)

(b)     Joinder of the Official Committee of Unsecured Creditors in the Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 5, 2009) (Docket No. 475)

(c)     Certification of Counsel with Respect to Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with a Pretrial Settlement Conference with Respect to a Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Filed November 24, 2009) (Docket No. 2627)

(d)     Order Approving Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with a Pretrial Settlement Conference with Respect to a Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Entered November 25, 2009) (Docket No. 2652)

Status:        The Court previously approved a stipulation modifying the automatic stay for the sole and limited purpose of permitting the parties to proceed with a settlement conference. The settlement conference was not successful and the Debtors are proceeding with additional discovery. The parties anticipate submitting a proposed stipulation under certification of counsel for the Court's consideration. This matter will not be going forward.

## UNCONTESTED MATTERS WITH CERTIFICATIONS OF NO OBJECTION

3.      Debtors' Objection to Claim No. 5844 of Joanna Canzoneri McCormick Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed December 22, 2009) (Docket No. 2894)

Related Document(s):

(a)     Certification of No Objection Regarding Debtors' Objection to Claim No. 5844 of Joanna Canzoneri McCormick Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003, and 3007 (Filed January 22, 2010) (Docket No. 3173)

Objection Deadline: January 20, 2010 at 4:00 p.m.

Responses Received: None.

Status:        A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

4.      Debtors' Twelfth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 22, 2009) (Docket No. 2897)

Related Document(s):

(a)     Certification of No Objection Regarding Debtors' Twelfth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed January 22, 2010) (Docket No. 3169)

Objection Deadline: January 20, 2010 at 4:00 p.m.

Responses Received: None.

Status:        A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

46429/0001-6202903v1

5.      Debtors' Thirteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 22, 2009) (Docket No. 2899)

        Related Document(s):

        (a)     Certification of No Objection Regarding Debtors' Thirteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed January 22, 2010) (Docket No. 3170)

        Objection Deadline:  January 20, 2010 at 4:00 p.m.

        Responses Received: None.

        Status:     A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

6.      Motion of the Debtors Pursuant to Bankruptcy Code Sections 105(a) and 363(b) and Bankruptcy Rule 9019 for an Order Authorizing the Compromise and Settlement of the Working Capital Account and Related Amounts with Hearst Danbury Holdings, LLC et al. (Filed January 6, 2010) (Docket No. 3024)

        Related Document(s):

        (a)     Certification of No Objection Regarding Motion of the Debtors Pursuant to Bankruptcy Code Sections 105(a) and 363(b) and Bankruptcy Rule 9019 for an Order Authorizing the Compromise and Settlement of the Working Capital Account and Related Amounts with Hearst Danbury Holdings, LLC et al. (Filed January 22, 2010) (Docket No. 3171)

        Objection Deadline:  January 20, 2010 at 4:00 p.m.

        Responses Received: None.

        Status:     A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

46429/0001-6202903v1

7.  Motion of Debtors for an Order Authorizing Tribune Company to Purchase Tail Coverage Respecting the Debtors' Existing Directors and Officers and Fiduciary Liability Insurance Policies Pursuant to Section 363(b) of the Bankruptcy Code (Filed January 6, 2010) (Docket No. 3025)

Related Document(s):

(a)  Certification of No Objection Regarding Motion of Debtors for an Order Authorizing Tribune Company to Purchase Tail Coverage Respecting the Debtors' Existing Directors and Officers and Fiduciary Liability Insurance Policies Pursuant to Section 363(b) of the Bankruptcy Code (Filed January 22, 2010) (Docket No. 3175)

Objection Deadline:  January 20, 2010 at 4:00 p.m.

Responses Received: None.

Status:        A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

8.  Motion for an Order Pursuant to 11 U.S.C. § 365 and Federal Rule of Bankruptcy Procedure 9019 Authorizing the Debtors to Assume Certain Syndicated Program Agreements with NBC Universal and to Compromise Claims (Filed January 6, 2010) (Docket No. 3026)

Related Document(s):

(a)  Certification of No Objection Regarding Motion for an Order Pursuant to 11 U.S.C. § 365 and Federal Rule of Bankruptcy Procedure 9019 Authorizing the Debtors to Assume Certain Syndicated Program Agreements with NBC Universal and to Compromise Claims (Filed January 22, 2010) (Docket No. 3172)

Objection Deadline:  January 20, 2010 at 4:00 p.m.

Responses Received: None.

Status:        A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

46429/0001-6202903v1

9.      Application for an Order Authorizing Debtors to Employ and Retain Seyfarth Shaw LLP
        as Special Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C.
        §§ 327(e) and 1107, *Nunc Pro Tunc* to December 1, 2009 (Filed January 8, 2010)
        (Docket No. 3046)

        Related Document(s):

        (a)     Certification of No Objection Regarding Application for an Order
                Authorizing Debtors to Employ and Retain Seyfarth Shaw LLP as Special
                Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C.
                §§ 327(e) and 1107, *Nunc Pro Tunc* to December 1, 2009 (Filed January
                22, 2010) (Docket No. 3177)

        Objection Deadline:  January 20, 2010 at 4:00 p.m.

        Responses Received: None.

        Status:         A Certification of No Objection was filed with the Court.  This matter will
                        not be going forward unless otherwise directed by the Court.

## CONTESTED MATTERS GOING FORWARD

10.     Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009
        Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards
        to Certain Executives (Filed July 22, 2009) (Docket No. 1800)

        Related Document(s):

        (a)     Debtors' Reply to Objections to the Motion of the Debtors for an Order
                Authorizing the Debtors to Implement a 2009 Management Incentive Plan
                and to Pay Earned 2008 Management Incentive Plan Awards to Certain
                Executives (Filed August 6, 2009) (Docket No. 1903)

        (b)     Reply of the Debtors to Supplemental Objection of the Washington-
                Baltimore Newspaper Guild to the Motion of the Debtors to Implement a
                2009 Management Incentive Plan and to Pay Earned 2008 Management
                Incentive Plan Awards to Certain Executives (Filed September 18, 2009)
                (Docket No. 2151) [Filed Under Seal]

        (c)     Joint Pretrial Memorandum Regarding Motion of the Debtors for an Order
                Authorizing the Debtors to Implement a 2009 Management Incentive Plan
                and to Pay Earned 2008 Management Incentive Plan Awards to Certain
                Executives (Filed September 18, 2009) (Docket No. 2156) [Filed Under
                Seal]

        (d)     Certification of Counsel Regarding Bifurcation of Ruling on 2009
                Management Incentive Plan (Filed January 20, 2009) (Docket No. 3152)

46429/0001-6202903v1

(e)     Order Regarding Bifurcation of Ruling on 2009 Management Incentive
         Plan (Entered January 21, 2010) (Docket No. 3159)

Objection Deadline:  January 26, 2010 at 12:00 p.m. (noon) (objections to approval of the
2009 annual MIP component of the 2009 Management Incentive Plan, as requested in the
Debtors Certification of Counsel Regarding Bifurcation of Ruling on 2009 annual MIP
only).

Responses Received:

(a)     Letter from Chuck Philips (Filed August 4, 2009) (Docket No. 1886)

(b)     Objection of Washington-Baltimore Newspaper Guild to (1) the Motion of
         the Debtors for an Order Authorizing the Debtors to Implement a 2009
         Management Incentive Plan and to Pay Earned 2008 Management
         0Incentive Plan Awards to Certain Executives and (2) the Motion of the
         Debtors to File Under Seal an Exhibit to Motion of the Debtors for an
         Order Authorizing the Debtors to Implement a 2009 Management
         Incentive Plan and to Pay Earned 2008 Management Incentive Plan
         Awards to Certain Executives and Motion to Continue the August 11,
         2009 Hearing (Filed August 4, 2009) (Docket No. 1889)

(c)     Joinder of Newspaper Guild of New York, CWA Local 31003 to
         Objection of Washington-Baltimore Newspaper Guild to (1) the Motion of
         the Debtors for an Order Authorizing the Debtors to Implement a 2009
         Management Incentive Plan and to Pay Earned 2008 Management
         Incentive Plan Awards to Certain Executives and (2) the Motion of the
         Debtors to File Under Seal an Exhibit to Motion of the Debtors for an
         Order Authorizing the Debtors to Implement a 2009 Management
         Incentive Plan and to Pay Earned 2008 Management Incentive Plan
         Awards to Certain Executives and Motion to Continue the August 11,
         2009 Hearing [D.I. No. 1889] (Filed August 4, 2009) (Docket No. 1890)

(d)     Joinder of Teamsters Local Union No. 355 and Teamsters Local Union
         No. 888 to Objection of Washington-Baltimore Newspaper Guild to
         (1) the Motion of the Debtors for an Order Authorizing the Debtors to
         Implement a 2009 Management Incentive Plan and to Pay Earned 2008
         Management Incentive Plan Awards to Certain Executives and (2) the
         Motion of the Debtors to File Under Seal an Exhibit to Motion of the
         Debtors for An Order Authorizing the Debtors to Implement a 2009
         Management Incentive Plan and to Pay Earned 2008 Management
         Incentive Plan Awards to Certain Executives and Motion to Continue the
         August 11, 2009 Hearing [D.I. No. 1889] (Filed August 4, 2009) (Docket
         No. 1891)

46429/0001-6202903v1

(e)     The United States Trustee's (I) Response to the Debtors' Motion for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Awards to Certain Executives and (II) Objection to the Related Motion to Seal the Mercer Report (Docket Entry #s 1800, 1801) (Filed August 5, 2009) (Docket No. 1893)

(f)     Exhibit A to Objection of Washington-Baltimore Newspaper Guild to (1) the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives and (2) the Motion of the Debtors to File Under Seal an Exhibit to Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives and Motion to Continue the August 11, 2009 Hearing (Filed August 5, 2009) (Docket No. 1895)

(g)     International Brotherhood of Electrical Workers, Local 1212's Letter Objection to Motion to Implement and Pay Management Incentive Plan (Received August 4, 2009)

(h)     Supplemental Objection of the Washington-Baltimore Newspaper Guild to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives (Filed September 11, 2009) (Docket No. 2110) [Filed Under Seal]

(i)     Appendix of Exhibits re: D.I. Nos. 2109 & 2110 (Filed September 11, 2009) (Docket No. 2111) [Filed Under Seal]

(j)     Notice of Service of Expert Report of Edward A. Phillips in Support of Supplemental Objection of the Washington-Baltimore Newspaper Guild to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives (Filed September 11, 2009) (Docket No. 2112) [Filed Under Seal]

Status:     Pursuant to the Court's Order, entered January 21, 2010, this matter will be going forward as to the Debtors' request for approval of the 2009 annual MIP component of the 2009 Management Incentive Plan only.

46429/0001-6202903v1

11. Debtors' Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2559)

Related Document(s):

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2683)

(b) Order Sustaining Debtors' Eighth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3013)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

(a) Response by Howard W. Mylander to Debtors' Eighth Omnibus (Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2738)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. This matter will be going forward as to the claim of Howard W. Mylander only.

12. Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2560)

Related Document(s):

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2684)

(b) Order Sustaining Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3012)

Response Deadline: December 8, 2009 at 4:00 p.m.

46429/0001-6202903v1

Responses Received:

   (a)    Response by Claudia Sanzeri to Debtors' Ninth Omnibus (Non-
          Substantive) Objection to Claims (Filed December 8, 2009) (Docket No.
          2765)

Status:    The Court entered an Order sustaining the Objection with respect to all
           claimants who did not contest or otherwise respond to the Objection. This
           matter will be going forward as to the claim of Claudia Sanzeri only.

13.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
       502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
       1 (Filed November 13, 2009) (Docket No. 2561)

       Related Document(s):

          (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth
                 Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
                 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
                 Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

          (b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to
                 Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
                 Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010)
                 (Docket No. 3011)

       Response Deadline:  December 8, 2009 at 4:00 p.m.

       Responses Received:

          (a)    Response by Karolyn M. Walker to Debtors' Tenth Omnibus (Non-
                 Substantive) Objection to Claims (Filed December 4, 2009) (Docket No.
                 2739)

          (b)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-
                 Substantive) Objection to Claims (Filed December 4, 2009) (Docket No.
                 2744)

          (c)    Response by Chris Parker to Debtors' Tenth Omnibus (Non-Substantive)
                 Objection to Claims (Filed December 7, 2009) (Docket No. 2750)

          (d)    Response by Marc Silver to Debtors' Tenth Omnibus (Non-Substantive)
                 Objection to Claims (Filed December 7, 2009) (Docket No. 2751)

          (e)    Informal Response received from GE Capital Fleet Services

          (f)    Informal Response received from Personal Plus, Inc.

(g)     Withdrawal of Claim filed by Marc Silver (Filed December 29, 2009) (Docket No. 2957)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker. Claim No. 2998 of Marc Silver was withdrawn. This matter is adjourned as to GE Capital Fleet Services. This matter will be going forward as to the following responding claimants: Karolyn M. Walker, Robby S. Wells and Personal Plus, Inc.

Dated: January 25, 2010

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Janet E. Henderson
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:     _Kate Stickles_____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6202903v1