## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date:** *Only if Objections are filed* |
| | **Objection Date:** February 16, 2010 at 4:00 p.m. |

## APPLICATION OF SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS FOR THE PERIOD OF NOVEMBER 1, 2009 <u>THROUGH NOVEMBER 30, 2009</u>

Seyfarth Shaw LLP ("<u>Seyfarth</u>"), employment litigation counsel for the debtors

and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Court, pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "OCP Order"), (v) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended; and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the allowance and payment of fees in the amount of $73,156.05 and reimbursement of expenses in the amount of $6,104.99. In support of the Application, Seyfarth respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

3.    The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

4.    On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.    On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (the "OCP Motion"). [Docket No. 148.] In the OCP Motion, the Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of Ordinary Course Professionals sought to be retained by the

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

Debtors, including Seyfarth.[4]  On January 15, 2009, this Court granted the OCP Order approving

procedures for the employment, retention, and compensation of the Ordinary Course

Professionals.  [Docket No. 227.]

       7.      Retention and compensation of the Ordinary Course Professionals is

subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the

fees permitted to be paid to such Ordinary Course Professionals, per month on average over a

rolling three-month period.  Seyfarth has been retained by the Debtors as business litigation and

employment litigation counsel to the Debtors, in their ordinary course of business, with a

Monthly Cap of $50,000.[5]  The OCP Order provides that the fees incurred by any Ordinary

Course Professional with a Monthly Cap of $50,000 shall not exceed such Monthly Cap per

month on average over any consecutive two-month period.  [See OCP Order at 2.]

       8.      The OCP Order provides that in the event the fees incurred and invoiced

by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course

Professional shall be required to seek this Court's approval of all fees invoiced for that month

(including amounts below the cap) in accordance with sections 330 and 331 of the Bankruptcy

Code, all applicable Bankruptcy Rules and Local Rules, and the procedures set forth in the

Interim Compensation Order and the Fee Examiner Order.

       9.      In October 2009, Seyfarth exceeded the Monthly Cap.  Accordingly, on

November 25, 2009, Seyfarth filed its Monthly Application for Allowance and Payment of

Compensation for Services Rendered and Reimbursement of Expenses as Employment Litigation

---

[4] Exhibit A to the OCP Motion has been subsequently supplemented by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. [See Docket Nos. 544, 877, 1086, 1756, 1826, 1887, 2283 and 2412.]

[5] Seyfarth was initially retained as an Ordinary Course Professional with a Monthly Cap of $35,000, which was subsequently increased to $50,000.  [Docket No. 544]

Counsel to the Debtors in the Ordinary Course of Business for the Period October 1, 2009

through October 31, 2009. [Docket 2667].

        10.    In the month of November 2009, Tribune approved the payment of fees

incurred by Seyfarth in the amount of $73,156.05. In October 2009, Tribune approved the

payment of fees incurred by Seyfarth in the amount of $99,580.00. Seyfarth has exceeded its

Monthly Cap over the applicable two-month period.

## RELIEF REQUESTED

        11.    By this Application, Seyfarth Shaw LLP seeks the allowance and payment

of fees in the amount of $73,156.05 and reimbursement of expenses in the amount of $6,104.99

for employment litigation services rendered to the Debtors in the month of November 2009, in

accordance with sections 327, 331, and 503 of the Bankruptcy Code, all applicable Bankruptcy

Rules and Local Rules, and the procedures for the approval and payment of professional

compensation and consideration of fee applications set forth in the Interim Compensation Order

and the Fee Examiner Order. Additional information as required by Local Rule 2016-2(c), (d),

and (e) relating to the fees and expenses requested herein are provided on Exhibits A-D attached

hereto.

## BASIS FOR RELIEF REQUESTED

        12.    Seyfarth serves the Debtors as primary outside employment litigation

counsel. Seyfarth customarily performs employment and labor relations counsel to Debtors in

various litigation and adverse matters.[6]

---

[6] The OCP Order provides that in the event any Ordinary Course Professional exceeds or expects to exceed the Monthly Cap on an ongoing basis, the Debtors may immediately seek the retention of such Ordinary Course Professional by separate application pursuant to the relevant provisions of the Bankruptcy Code and applicable orders of this Court. [See OCP Order at 5.] Seyfarth and the Debtors determined that due to the substantial likelihood that Seyfarth would continue to exceed its applicable Monthly Cap on an ongoing basis while the above-

13.     Seyfarth has received no payment and no promises of payment from any source for services rendered in these chapter 11 cases.  There is no agreement between Seyfarth and any other party for the sharing of compensation to be received for the services rendered by Seyfarth to the Debtors.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

14.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

15.     The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

16.     No previous application with respect to the relief requested herein has been made to this or any other Court.

---

described litigation matters remain pending, it would be necessary to file an application for the retention of Seyfarth. Accordingly, on January 8, 2010, Seyfarth filed an Application to Employ and Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, Nunc Pro Tunc to December 1, 2009.  [Docket 3046].  The hearing on Seyfarth's retention application is set for January 27, 2010.

WHEREFORE, after appropriate notice and hearing, Seyfarth Shaw LLP respectfully requests the Court (i) to allow fees in the amount of $73,156.05 and reimbursement of expenses in the amount of $6,104.99 pursuant to 11 U.S.C. §§ 327, 331, and 503, and the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order, and (ii) to grant such further relief as is just and proper.

Dated: January 22, 2010

Respectfully submitted,

Jeremy P. Sherman
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: 312-460-5901
Facsimile: 312-460-7901

7