**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------- x   Chapter 11
                                                          :
In re:                                                    :
                                                          :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                  :
                                                          :   Jointly Administered
        Debtors.                                          :
                                                          :   Objections Due: February 16, 2010
                                                          :   @ 4:00 p.m.(ET)
--------------------------------------------------------- x   Hearing Date:  N/A


**TWELFTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS**
**CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**DECEMBER 1, 2009 THROUGH DECEMBER 31, 2009**


| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | December 1, 2009 through December 31, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,215,629.20   (80% of $1,519,536.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $72,274.74 |


This is a(n):    __x__ Monthly        _____ Interim        _____ Final Application

<u>Prior Applications Filed:</u>

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |

# TRIBUNE COMPANY, et al.

## SUMMARY OF HOURS

### December 1, 2009 through December 31, 2009

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE* | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner\*\*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $965 | 115.20 | $111,168.00 |
| Richard M. Leder (1988) | Tax | 1962 (NY) | 965 | 5.70 | 5,500.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 855 | 29.80 | 25,479.00 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 825 | 87.60 | 72,270.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 795 | 120.90 | 96,115.50 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 785 | 47.20 | 36,384.75 |
| Kevin Smith (2001) | Corporate | 1993 (NY) | 745 | 1.50 | 1,117.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 695 | 130.80 | 89,168.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Richard Liskov | Insurance & Reinsurance | 1975 (NY) | 675 | 4.50 | 3,037.50 |
| Mark D. Ashley | Litigation | 1995 (NY) | 645 | 152.80 | 94,266.75 |
| Lawrence E. Savell | Litigation | 1983 (NY) | 645 | 1.80 | 1,161.00 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 495 | 58.30 | 28,858.50 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE* | TOTAL HOURS | TOTAL |
|------|------------|-------------------|-------------------|-------------|-------|
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 625 | 99.30 | 62,062.50 |
| Eric Przybylko | Litigation | 1997 (NY) | 625 | 28.20 | 17,625.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 625 | 62.40 | 39,000.00 |
| Felipe E. Creazzo | Corporate | 1995 (Brazil) 2002 (DC) 2006 (NY) | 595 | 1.50 | 892.50 |
| Keith Levenburg | Litigation | 2003 (NY) | 595 | 26.50 | 15,767.50 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 595 | 68.60 | 40,817.00 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 595 | 207.30 | 123,343.50 |
| Ted Castell | Corporate | 2003 (NJ) 2004 (NY) | 595 | 12.80 | 7,616.00 |
| Kimberly Giuliano | Corporate | 2005 (NY) | 595 | 0.30 | 178.50 |
| Tamara Stevenson | Litigation | 2005 (NY) | 595 | 157.50 | 93,712.50 |
| Paul Tanck | Corporate | 2005 (NY) | 595 | 128.00 | 76,160.00 |
| Turgut Cankorel | Corporate | 2007 (NY) | 515 | 23.10 | 11,896.50 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 475 | 29.10 | 13,822.50 |
| Robert Kirby | Litigation | 2008 (NY) | 475 | 11.90 | 5,652.50 |
| Patrick Narvaez | Corporate | 2008 (NY) | 475 | 12.50 | 5,937.50 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 475 | 20.50 | 9,737.50 |
| Lara Aryani | Corporate | 2009 (NY) | 405 | 28.00 | 11,340.00 |
| Adrienne Duffy | Corporate | 2009 (NY) | 405 | 73.60 | 29,808.00 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 74.60 | 30,213.00 |
| Alison Kronstadt | Corporate | 2009 (NY) | 405 | 38.20 | 15,471.00 |
| Faryal Malik | Corporate | 2007 (NJ) 2008 (NY) | 405 | 104.80 | 42,444.00 |
| Jonathan Noble | Litigation | 2009 (NY) | 405 | 57.00 | 23,085.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2009 HOURLY RATE* | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Francesca Perkins | Litigation | 2009 (NY) | 405 | 107.50 | 43,537.50 |
| Isaac Safier | Corporate | 2009 (NY) | 405 | 90.20 | 36,531.00 |
| Megan Strand | Communications and Technology | 2009 (NY) | 405 | 33.00 | 13,365.00 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 47.10 | 19,075.50 |
| Kimberly Zafran | Litigation | 2009 (NY) | 405 | 54.10 | 21,910.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | JD-2009 | 355 | 112.80 | 39,547.00 |
| Marc Roitman*** | Bankruptcy & Financial Restructuring | JD-2009 | 355 | 151.90 | 53,924.50 |
| Laura Rowntree | Litigation | JD-2009 | 355 | 23.90 | 8,484.50 |
| | | | | | |

| Paraprofessionals: | | | | | |
|---|---|---|---|---|---|
| Lori Moloney | Litigation | n/a | 305 | 27.40 | 8,357.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 270 | 22.50 | 6,075.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 270 | 23.30 | 6,291.00 |
| Ellen Weissman | Litigation | n/a | 250 | 6.70 | 1,675.00 |
| Marisa Iacopelli | Litigation | n/a | 240 | 45.80 | 10,992.00 |
| Wale Bakare | Litigation | n/a | 230 | 5.50 | 1,265.00 |
| Jason Lopez | Litigation | n/a | 215 | 34.40 | 7,396.00 |
| | | | | | |
| **TOTAL:** | | | | **2,807.90** | **$1,519,536.50** |

BLENDED RATE:    $543.70

---

\*        Reflects rate increases effective November 1, 2009.

\*\*       Includes year elected Partner at firm or joined firm as Partner.

\*\*\*      Mr. Roitman's hourly rate was incorrectly stated in Chadbourne's November fee application.  The higher billing rate set forth herein reflects the correct billing rate for Mr. Roitman.  Chadbourne has not sought to recover the balance due for November had Mr. Roitman's billing rate been properly stated.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------  x   Chapter 11
In re:                                                  :
                                                        :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                :
                                                        :   Jointly Administered
            Debtors.                                    :
                                                        :   Objections Due: February 16, 2010
                                                        :   @ 4:00 p.m.(ET)
------------------------------------------------------  x   Hearing Date:  N/A
```

### TWELFTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 1, 2009 THROUGH DECEMBER 31, 2009

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $1,519,536.50 (80% of which equals

$1,215,629.20) and reimbursement of expenses incurred in the amount of $72,274.74 during the

period commencing December 1, 2009 through and including December 31, 2009 (the

"Application Period").  This Application is submitted pursuant to sections 330 and 331 of title 11

of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals and Committee

Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of

the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,519,536.50.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

3

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.     <u>Bankruptcy General (Matter 002)</u>**

Fees: $24,753.50        Total Hours:    51.50

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

15.     During the Application Period, Chadbourne attended the section 341 meeting of

creditors and prepared a summary analysis of same to advise the Committee of the proceedings.

**B.      Committee Meetings (Matter 003)**

    Fees: $38,097.50        Total Hours: 57.50

16.     Regular and special meetings of the Committee (the "Committee Meetings") were

held during the Application Period and generally occurred weekly, either by telephone

conference or in person, to review the Debtors' operational initiatives, the Debtors' finances,

pending motions, the ESOP investigation, options related to the Debtors' assets, tax issues and

numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings

continue to be the most effective and efficient way of providing a forum for Committee

members to express their views and to ensure that all members of the Committee are kept

informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each

Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys

prepared for these meetings and spent time, among other things, reviewing materials and

drafting agendas, preparing presentation materials, conducting the meetings, and drafting all

meeting minutes.

**C.      Creditor Communications (Matter 004)**

    Fees: $4,067.50        Total Hours:  5.30

17.     Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries.

During the Application Period, Chadbourne attorneys reviewed and responded to

correspondence and other inquiries received from unsecured creditors and participated in

telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.      Business Operations (Matter 007)**

Fees:  $64,080.00      Total Hours:  120.20

18.      During the Application Period, Chadbourne attorneys continued to review and monitor issues involving the Debtors' day-to-day business operations.  This included the review of weekly operations and financial reports prepared by the Committee's financial advisors.

19.      In continued efforts to facilitate the reorganization process, attorneys from Chadbourne's Communications and Technology Group continued to expend time on transfer of control matters to ensure regulatory compliance with the Federal Communications Commission ("FCC").  Among other things, Chadbourne professionals performed extensive industry and legal research on certain FCC regulations and prepared a detailed insert for a draft FCC application seeking waivers in certain markets.

20.      During the Application Period, the Committee considered the Debtors' request to purchase an extension under their existing directors and officers ("D&O") liability and fiduciary insurance policies in advance of confirmation ("Tail Coverage").  Chadbourne professionals held multiple meetings with the Debtors to discuss relevant D&O options, studied certain D&O policy documents and performed a detailed analysis of the economics of purchasing Tail Coverage outside of the plan process to ensure it would be in the best interests of the Debtors' estates.

**E.**     **Asset Disposition (Matter 008)**

Fees: $1,974.50          Total Hours:  4.70

21.     During the Application Period, Chadbourne reviewed and analyzed the Debtors'

motion seeking authorization of the sale of real property located in Countryside, Illinois which

was formerly used as a newspaper distribution center.  Chadbourne worked with the

Committee's financial advisors to confirm that the sale process was fair and appropriate and that

the offer of the prospective purchaser was reflective of the property's current market value.

**F.**     **Claims Administration/Bar Date (Matter 009)**

Fees: $3,744.50          Total Hours:   7.10

22.     During the Application Period, the Debtors filed two omnibus objections to

claims on the assertion that the claims were non-substantive and one specific objection on the

assertion that the claim was unsubstantiated.  Chadbourne attorneys reviewed the relief

requested in the motions as well as the bases and processes followed by the Debtors in pursuing

the objections and formalized its analysis in a written report to the Committee.

**G.**     **Fee/Retention Applications (Matter 010)**

Fees: $42,025.50          Total Hours:  90.40

23.     Chadbourne expended further time during the Application Period in compliance

with the Court's fee procedures in these cases.  Efforts included preparing and filing its eleventh

monthly fee application and preparing and filing the Committee's eighth request for

reimbursement of expenses.

24.    During this time, Chadbourne continued to research and address issues raised in the Fee Examiner's initial report on Chadbourne's second interim fee application and, subsequently, finalized and submitted its response to same.  Further, Chadbourne participated in discussions with the Fee Examiner to settle outstanding disputes on its first interim fee application in preparation for the December 15, 2009 hearing on same.

25.    During the Application Period, Chadbourne reviewed and considered the Committee's retention of a solvency expert in connection with its ongoing efforts in the investigation of the 2007 ESOP transaction.  Efforts included legal research on certain expert retention issues, reviewing background materials on potential experts and the drafting of initial drafts of the retention application.

26.    In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

**H.    Plan and Disclosure Statement (Matter 011)**

Fees:  $66,142.00        Total Hours:    94.20

27.    During the Application Period, Chadbourne attorneys continued to be engaged in the plan and confirmation process.  The Debtors have made significant progress finalizing a plan, but resolution of the 2007 ESOP Transaction examination remains a key outstanding issue.  In this context, Chadbourne attorneys researched issues related to the creation of a post-confirmation trust and began drafting the underlying trust agreement.  Chadbourne attorneys also began drafting plan provisions to incorporate creditor trust concepts.

I.      **Relief From Stay Issues (Matter 015)**

Fees:  $31,263.00          Total Hours:  57.60

28.      During the Application Period, Chadbourne attorneys continued to be engaged in reviewing the Debtors' request to resolve pending litigation with the Estate of Michael Gutman, M.D. ("Gutman").  Chadbourne reviewed and analyzed the proposed settlement agreement and performed legal research on the relevant issues to consider whether the settlement was in the best interest of the Debtors' estates.  Chadbourne participated in discussions with Debtors' counsel and Gutman's counsel in an attempt to reach a consensual agreement between the parties.  Subsequently, Chadbourne, on behalf of the Committee, prepared and filed an objection to the Gutman motion and reviewed the subsequent responsive pleadings filed on behalf of the Debtors and Gutman.   During this time, Chadbourne attended the hearing on the motion at which time the Court considered the issues and scheduled an evidentiary hearing for January 28, 2010.

J.      **General Litigation (Matter 017)**

Fees:  $24,211.50          Total Hours:    42.90

29.      During the Application Period, Chadbourne continued to review and monitor the filings in the District Court civil action proceedings and certain Bankruptcy Court adversary proceedings and provided summary reports to the Committee on these matters.

30.      During the Application Period, Chadbourne attorneys attended the December 1, 2009 hearing on Law Debenture of New York's motion regarding the reimbursement by non-Debtor Tribune affiliates of certain LBO lenders' fees (the "Fee Motion").  The Court raised

concerns over certain issues in the Fee Motion and subsequently scheduled an evidentiary

hearing for January 21, 2010 to resolve those issues.  Since the hearing, Chadbourne attorneys

have been actively engaged in monitoring and participating in the discovery activities being

pursued by the parties to the Fee Motion.  Efforts included review of produced materials and

responsive pleadings filed in response to discovery requests, and coordination and participation

in certain depositions.  During this time, Chadbourne provided the Committee status updates on

the discovery proceedings.

**K.**     **Travel (Matter 018)**

     Fees:  $7,191.00          Total Hours:  22.80

     31.     During the Application Period, Chadbourne attorneys travelled to Wilmington,

Delaware to attend omnibus hearings at the Bankruptcy Court as well as the section 341

meeting of creditors.  Chadbourne attorneys also travelled to Chicago, Illinois to attend

depositions.  The hours reflect non-working travel time and the fees requested are at 50% of

Chadbourne's normal hourly rates.

**L.**     **Review of Prepetition Financings (Matter 019)**

     Fees:  $1,211,986.00          Total Hours:   2,253.70

     32.     During the Application Period, Chadbourne attorneys expended substantial time

on the ongoing comprehensive review of the Debtors' prepetition financing documents and

capital structure as part of the Committee's review and analysis of potential challenges that

could be asserted with respect to certain prepetition LBO transactions.  In addition, Chadbourne

attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto.

33.     During this time, Chadbourne also continued its efforts to obtain information and documents informally from certain parties connected to the 2007 ESOP transaction. Chadbourne has reached informal agreements regarding the information to be produced with most of the parties.  However, some matters, and in particular email production, continue to be the subject of ongoing discussions with certain parties.  In this context, Chadbourne, on behalf of the Committee, assisted in the preparation and filing of a 2004 discovery motion against one party.  With the Court's assistance, we expect that matter will ultimately be resolved. Chadbourne professionals have also been actively engaged in preparing for and conducting depositions of certain parties.

34.     With respect to produced materials, Chadbourne's team of professionals continued to receive and review a significant volume of documents during this time.  This ongoing document review is a substantial undertaking; approximately 160,000 documents and computer records (over 2 million pages of materials) have been reviewed and analyzed since the discovery process began through the Application Period.  During this period, and after consultation with the Committee, the Debtors obtained Bankruptcy Court approval to establish and manage a document depository to allow all parties involved in negotiations related to the 2007 ESOP Transaction an opportunity to review the documents produced in connection with the Committee's investigation.  Chadbourne worked with the Debtors to create such a depository.

35.    As is clearly evident from the foregoing and from the amount of time expended in this matter, the 2007 ESOP Transaction review/investigation is a massive undertaking involving over 43 professionals and paraprofessionals working for Chadbourne alone.  This should not be surprising given what is at stake:  over $11 billion in claims.  Chadbourne has carefully divided this work within the firm to ensure that efforts are appropriately tasked without duplication of effort.  For example, individual professionals or paraprofessionals may be tasked with discovery and production analysis review, primary LBO investigation legal analysis, or third-party claim legal analysis, to name a few.  All of those matters include distinct projects, but all are also very inter-dependent.

36.    Chadbourne directs much of the investigation work but it does not work alone.  Other professional firms retained by the Committee are also putting forth great efforts on related fronts.  All of those efforts require coordination and teamwork.  Accordingly, the Chadbourne partners and counsel leading the various efforts meet together with other Committee professionals working on the LBO investigation and related matters at least once a week to track efforts and obtain direction.  While this weekly meeting requires the attendance of multiple Chadbourne timekeepers, it is time well spent to avoid duplication among the Committee's various professionals.

37.    During this period, Chadbourne and the Committee's professionals also continued to participate in meetings and discussions with key players in the 2007 ESOP Transaction in a collective effort to address issues raised during the investigation process and consider settlement strategies.  Again, given the number of difficult issues at stake, the complexity of the issues and the numerous parties involved in the 2007 ESOP Transaction, Chadbourne may

involve multiple case professionals in certain settlement meetings.  Chadbourne has carefully

selected these attendees based on their area of expertise and the need to have that expertise

available at the meeting in question.

## ACTUAL AND NECESSARY EXPENSES

38.     A summary of the actual and necessary expenses and daily logs of expenses

incurred by Chadbourne during the Application Period in the amount of $72,274.74 is attached

hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For

purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.

Chadbourne customarily charges its clients $1.25/per page for out-going facsimile

transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

39.     Due to the national nature of the Debtors' business and the Committee's

participation in weekly meetings by telephone, long distance telephone and conference call

services have been required.  In accordance with the Guidelines, in seeking reimbursement for

long distance telephone charges, Chadbourne currently charges clients its approximate actual

cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call

services and requests reimbursement only for the amount billed to Chadbourne by the third-

party vendors.

40.     With respect to legal research expenses, Chadbourne has entered into flat-fee

contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order

to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis

and Westlaw are allocated among those clients based on the actual number and scope of

searches conducted on behalf of those clients.

41.    In connection with the ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS"). The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

42.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.  No in-person Committee meetings were held during the Application period.

43.    In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

44.    Attorneys and paraprofessionals of Chadbourne have expended a total of 2,807.90 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,519,536.50

45.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

46.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period December 1, 2009 through December 31, 2009:  (a) authorizing compensation in the amount of $1,519,536.50  (80% of which equals $1,215,629.20) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $72,274.74 for a total of $1,591,811.24; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    January 25, 2010
          New York, New York

CHADBOURNE & PARKE LLP

By: _____
    Douglas E. Deutsch
    (A Member of the Firm)

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100

Co-Counsel to The Official Committee of
Unsecured Tribune Company, et al.

## VERIFICATION

STATE OF NEW YORK   :
                       : ss:
COUNTY OF NEW YORK  :

       Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 2009.

(b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch


Sworn to before me this
25th day of January 2010

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010