IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., ) | |
| ) | (Jointly Administered) |
| Debtors.[1] ) | Hearing Date: January 27, 2010 at 10:00 a.m. |
| ) | Re: D.I. Nos. 1800, 1889, 2109, 2110 & 3159 |

## SECOND SUPPLEMENTAL OBJECTION OF THE WASHINGTON-BALTIMORE NEWSPAPER GUILD TO THE MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A 2009 MANAGEMENT INCENTIVE PLAN AND TO PAY EARNED 2008 MANAGEMENT INCENTIVE PLAN AWARDS TO CERTAIN EXECUTIVES

Washington-Baltimore Newspaper Guild ("Guild"), by and through the undersigned counsel, pursuant to the January 21, 2010 Order of this Court, hereby submits this second supplemental objection to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives ("Motion").[2]

1. On September 25, 2009, this Court heard evidence and argument with respect to the Debtors request that it approve each of the three components of its 2009 Management Incentive

---

[1] The Debtors in these Chapter 11 cases are identified at D.I. No. 1800, pg.1, footnote1.

[2] The Guild hereby incorporates by reference the Objection of Washington-Baltimore Newspaper Guild to (1) the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives and (2) the Motion of the Debtors to File Under Seal an Exhibit to Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives and Motion to Continue the August 11, 2009 Hearing [D.I. No. 1889], Motion of Washington-Baltimore Newspaper Guild to Exclude the Report of Mercer (U.S.) and the Testimony of Debtors' Expert Witness in Support of the Debtors' 2009 Incentive Program [D.I. No. 2109], Supplemental Objection of the Washington-Baltimore Newspaper Guild to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives [D.I. No. 2110], the testimony from the hearing on September 25, 2009, and the exhibits moved into evidence at the hearing.

1

Plan ("Plan") - the Management Incentive Program ("MIP"), the Transition MIP ("TMIP") and the Key Operators Bonus ("KOB"). At the conclusion of the hearing, the Court posed the following question to the Debtors:

> If upon consideration, I were to determine that one or more, but not all of the components, should be approved, would the debtor prefer that I issue a decision in that framework; or, because the components were the subject of such extended and highly negotiated proceedings, would the debtor prefer to go back and start over again, or as I said, accept approval of one or more of the components but not all?

(Tr. 210.) By letter dated September 28, 2009, the Debtors replied that it was "critical" that the Plan be adjudged as a single unit. "The Debtors respectfully state that it is critical that the Plan be judged and ruled upon as an integrated whole, not in parts." (See Debtors' letter dated September 28, 2009.)

2. By a Certification of Counsel filed on January 20, 2010, the Debtors abruptly took the polar opposite position, asserting that the Court should now bifurcate the matter in order to rule on the MIP by itself, independent of the Court's ruling on the TMIP and KOB. As the Court's original question was posed to the Debtors, not to the Guild, the Certification reflects that the Guild took no position on the Debtors' change in strategy, and their present request for bifurcation.

3. As to the merits, however, the Guild continues to object to all three components of the Plan, including the 2009 MIP, for the reasons advanced at the hearing. The Debtors seek to portray the MIP as nothing more than an "annual" MIP, but it is evident, based on the record before this Court, that the only aspect of *this* MIP that is "annual" is the fact that at least since 1997 there has been a MIP each year. There has *never* been a MIP like this one: an unprecedented payout of millions of dollars to a smaller number of executives during a year in

which employee salaries were frozen to "share the sacrifice" and there was an historic low in operating cash flow. Indeed, prior MIPs over the past decade never exceeded 3.3% of operating cash flow; the 2008 MIP of $13.4 million, for example, represented 1.5% of OCF. Here, by contrast, the proposed 2009 MIP at the "max" level itself amounts to $45.6 million, an extraordinary 10.75% of OCF. The MIP is excessive by any measure. It is not an ordinary course transaction within the meaning of Section 363 (c)(1) of the Code, fails to meet the sound business judgment test and is not justified by the facts and circumstances of this case.

WHEREFORE, and for the reasons previously presented to this Court, the Washington-Baltimore Newspaper Guild respectfully requests that the Court issue an order denying the MIP or granting other and further relief consistent with this objection.

Dated: January 26, 2010  
       Wilmington, Delaware

CROSS & SIMON, LLC

By: _/s/ CPS_____  
Christopher P. Simon (No. 3697)  
Michael J. Joyce (No. 4563)  
Ryan M. Ernst (No. 4788)  
913 North Market Street, 11th Floor  
P.O. Box 1380  
Wilmington, Delaware 19899-1380  
(302) 777-4200 (Telephone)  
(302) 777-4224 (Facsimile)  
csimon@crosslaw.com  
mjoyce@crosslaw.com

-and-

Robert E. Paul, Esquire  
Zwerdling, Paul, Kahn & Wolly, P.C.  
1025 Connecticut Avenue NW, Suite 712  
Washington, D.C. 20036-5420  
(202) 857-5000 (Telephone)  
(202) 223-8417 (Facsimile)

*Counsel to Washington-Baltimore Newspaper Guild*