IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Objections Due: To be determined.<br><br>Hearing Date: January 28, 2010 at 10:00 a.m. |

**MOTION IN LIMINE TO EXCLUDE OR LIMIT DONNA GERHART GUTMAN'S TESTIMONY IN CONNECTION WITH MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b) AND FED. R. BANKR. P. 9019(a) APPROVING A SETTLEMENT AGREEMENT BETWEEN CERTAIN DEBTORS AND THE ESTATE OF E. MICHAEL GUTMAN, M.D.**

The Official Committee of Unsecured Creditors (the "**Committee**") of Tribune Company and its various debtor-subsidiaries (collectively, the "**Debtors**") respectfully submits this Motion in Limine to Exclude or Limit Donna Gerhart Gutman's ("**Mrs. Gutman**") Testimony in Connection With the Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a), 363(b)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and Fed. R. Bankr. P. 9019(a) Approving a Settlement Agreement Between Certain Debtors (the "**Motion**") and the Estate of E. Michael Gutman, M.D., Mike Gutman, M.D. (MPAC), Gutman Pain/Accident Center, Inc. a/k/a and/or d/b/a Back Pain Institute of Orlando, and their legal representatives (collectively, the "**Plaintiffs**").

## BACKGROUND

1. The Debtors' Motion, filed on November 11, 2009, seeks approval of a settlement with the Plaintiffs that would allow and immediately pay an unsecured claim that otherwise (and as required by the Bankruptcy Code) would not be paid until after confirmation of a plan of reorganization, along with all other allowed unsecured claims. In its Objection to the Motion, the Committee raised two issues: (a) the Debtors have failed to meet their burden that the settlement is reasonable, as required by Bankruptcy Rule 9019, and (b) the payment of an unsecured claim prior to confirmation of a plan is unjustified and impermissible under the Bankruptcy Code.

2. In response to the Objection, Mrs. Gutman restated the procedural posture of the underlying litigation and the terms of the settlement. *See* Reply of Donna Gerhart Gutman, Personal Representative of the Estate of Decedent E. Michael Gutman, M.D., Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc., to Official Committee of Unsecured Creditors Objection to Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a), 363(b) and Fed. R. Bankr. P. 9019(a) Approving a Settlement Agreement Between Certain Debtors and the Estate of E. Michael Gutman (the "**Reply**"), ¶¶ 2-11, filed on December 13, 2009. The Reply also asserted that the settlement is, as a legal matter, fair and reasonable (*see* Reply ¶¶ 20-25, 27) and that the Court has authority under 11 U.S.C. § 363(b) to approve the settlement (*see* Reply ¶¶ 28-29). In a sole two sentence paragraph in the Reply, Mrs.

Gutman asserts, as a factual contention, that "one of Plaintiff's [sic] objectives during mediation was to reach an agreement that would result in an immediate settlement" and that absent immediate payment in full "it is highly unlikely Plaintiffs would have settled the [underlying litigation] for an amount anywhere near the Settlement Amount." Reply, ¶ 26.

3. The original hearing date on the Motion was set for December 15, 2009. At that hearing the parties agreed to continue the hearing until January 28, 2010 to allow the Committee to conduct the depositions of Mrs. Gutman in relation to the Reply and of David Bralow with respect to a declaration in support of the Motion submitted on December 11, 2009. The Committee conducted Mrs. Gutman's deposition in Florida on January 19, 2010.

## ARGUMENT

4. Because there are no issues of contested fact that require Mrs. Gutman's testimony at the hearing on the Motion, Mrs. Gutman should be precluded from testifying in support of the Motion. In the Reply, Mrs. Gutman has asserted only two factual matters in support of the Motion, and while the Committee is prepared to argue the relevance and weight of these contentions, these matters can be made part of the record by stipulation. Specifically, the Committee does not object to Mrs. Gutman's factual assertion that the Plaintiffs sought an immediate settlement that would pay Plaintiffs' allowed claim immediately. While these facts may be considered by the Court, their significance (or lack thereof) may be argued by the parties in support of (or in opposition to) the approval of the Motion.

5. There are no other factual matters in the Reply or adduced in the Committee's deposition of Mrs. Gutman, that require her testimony at the hearing on the Motion. To the contrary, the parties' pleadings are in accord regarding the legal standard to be applied in determining whether a settlement should be approved under Fed. R. Bank. P. 9019. Indeed,

whether the settlement is fair, reasonable and in the best interests of the debtor's estate does not require further testimony from Mrs. Gutman; in making that determination, the parties agree there are four factors to be considered: 1) the probability of success on the merits of litigation, 2) the likely difficulties in collection, 3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it, and 4) the paramount interest of the creditors. *See* Motion ¶ 19, Objection ¶ 12, Reply ¶ 20. The parties also agree that the second element—difficulties in collection—is not at issue in assessing this settlement. *See* Motion ¶ 22, Reply ¶ 22.

6. In both her Reply and in her deposition, Mrs. Gutman offers no facts based on her personal knowledge that are relevant to the Court's inquiry into the four agreed upon factors listed above:

- The Plaintiffs' position on the probability of success of the underlying litigation has been set forth in multiple pleadings already before this Court and is not in dispute. The Reply contains no factual statements regarding the merits of the underlying litigation and Mrs. Gutman has testified at deposition that she has no personal knowledge of the facts regarding the merits of Plaintiffs' claims.

- Except for repeating the Debtors' estimate of the amount they have spent and anticpate they will spend in litigation, the Reply contains no factual statements regarding the complexity of the litigation and the expense, inconvenience and delay to the Debtors' estates necessarily attending it. In her deposition, Mrs. Gutman testified that she has no personal knowledge of the litigation's expense or effect on the Debtors' estates.

- The Reply contains no factual assertions regarding creditors' interests in approval of the Motion -- the Reply only parrots the Debtors' argument that avoiding litigation costs and a potential future judgment in excess of the settlement amount is in the best interests of creditors. At her deposition, Mrs. Gutman testified that she has no knowledge of how the proposed settlement would affect the creditors as a whole.

7.     Simply put, Mrs. Gutman's testimony at the hearing is not required to create a factual record in support of approval of the Motion. In light of the factual statements in the Reply, and her deposition testimony, prior to filing this motion, the Committee contacted Mrs. Gutman's counsel to discuss whether her testimony would be required at the hearing. Based on the foregoing assessment, the Committee offered to stipulate to any relevant facts Mrs. Gutman and her counsel believed had not been adequately presented to the Court. Mrs. Gutman has indicated through counsel that she is still intending to present testimony at the evidentiary hearing scheduled for January 28.

8.     Consequently, the Committee objects to the introduction of evidence through Mrs. Gutman's testimony at the hearing on the Motion. Mrs. Gutman has not demonstrated in her Reply or deposition personal knowledge of any facts that would assist the Court in the determination of whether the proposed settlement is fair and reasonable under the four part test all parties agree is applicable to the Motion.

9.     The Committee thus respectfully requests that Mrs. Gutman be excluded from testifying at the evidentiary hearing on the Motion. Alternatively, if the Court determines that Mrs. Gutman possesses factual information that will assist it in resolving the Motion, the Committee respectfully requests that her testimony be limited to her personal knowledge of facts directly related to determining whether the settlement is fair, reasonable and in the best interest of the Debtors' estates.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that the Court exclude or limit Mrs. Gutman's testimony regarding the Motion as set forth above and grant the Committee such other and further relief as the Court deems appropriate.

Dated: January 26, 2010
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

Adam G. Landis (No. 3407)
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and –

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*