IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: TBD<br>Obj. Deadline: TBD<br><br>Ref. No. _____ |

## MOTION FOR AN ORDER SETTING NOTICE WITH RESPECT TO THE MOTION IN LIMINE TO EXCLUDE OR LIMIT DONNA GERHART GUTMAN'S TESTIMONY IN CONNECTION WITH MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b) AND FED. R. BANKR. P. 9019(a) APPROVING A SETTLEMENT AGREEMENT BETWEEN CERTAIN DEBTORS AND THE ESTATE OF E. MICHAEL GUTMAN, M.D.

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion to Set"), for entry of an order setting the time for notice to consider the Motion in Limine to Exclude or Limit Donna Gerhart

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0005589.}

Gutman's Testimony ("Motion in Limine") in Connection with Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a), 363(b) and Fed. R. Bankr.P. 9019(a) Approving a Settlement Agreement between Certain Debtors and the Estate of E. Michael Gutman, M.D.(the "Motion").

## BACKGROUND

1. The Debtors' Motion, filed on November 11, 2009, seeks approval of a settlement with the Plaintiffs that would allow and immediately pay an unsecured claim that otherwise (and as required by the Bankruptcy Code) would not be paid until after confirmation of a plan of reorganization. In its Objection to the Motion, the Committee raised two issues: (a) the Debtors have failed to meet their burden that the settlement is reasonable, as required by Bankruptcy Rule 9019, and (b) the payment of an unsecured claim prior to confirmation of a plan is unjustified and impermissible under the Bankruptcy Code.

2. In response to the Objection, Mrs. Gutman restated the procedural posture of the underlying litigation and the terms of the settlement. *See* Reply of Donna Gerhart Gutman, Personal Representative of the Estate of Decedent E. Michael Gutman, M.D., Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc., to Official Committee of Unsecured Creditors Objection to Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a), 363(b) and Fed. R. Bankr. P. 9019(a) Approving a Settlement Agreement Between Certain Debtors and the Estate of E. Michael Gutman (the "Reply"), ¶¶ 2-11, filed on December 13, 2009.

3. The original hearing date on the Motion was set for December 15, 2009. At that hearing the parties agreed to continue the hearing until January 28, 2010 to allow the Committee to conduct the depositions of Mrs. Gutman in relation to the Reply and of David Bralow with

respect to a declaration in support of the Motion submitted on December 11, 2009. The Committee conducted Mrs. Gutman's deposition in Florida on January 19, 2010.

4. The Committee informed the Court at the December 15 hearing that there was a potential relevancy issue related to Mrs. Gutman's testimony in support of the Debtor's Motion. The Court allowed that the parties could present those issues prior to the hearing and the Court would resolve them at the evidentiary hearing on January 28.

5. After conducting Mrs. Gutman's deposition, counsel for the Committee contacted Mrs. Gutman's counsel to determine if the parties could resolve the Committee's objection to Mrs. Gutman's testimony through a stipulation as to certain facts or some other means. As of Monday, January 25, 2010, the Committee was informed Mrs. Gutman intended to proceed with her testimony at the evidentiary hearing on Debtor's Motion.

**RELIEF REQUESTED**

6. The Committee is filing its Motion in Limine to give all parties and the Court advance notice of the issues it intends to raise with the Court regarding the admission of fact testimony by Mrs. Gutman in support of the Debtor's Motion so that all parties may be prepared to address the issue at the evidentiary hearing on January 28.

7. The Committee submits that there is sufficient cause to justify setting the notice period for the Motion in Limine for the January 28 evidentiary hearing on the Debtors' Motion. The Motion in Limine specifically relates to evidence to be offered at the evidentiary hearing on Debtors' Motion and the conflict between the parties was not firmly defined until recently. The Committee seeks to have the Motion in Limine heard at the evidentiary hearing scheduled for 10:00 a.m. on January 28, 2010. The Committee will provide notice of the Motion in Limine to the Debtors, United States Trustee and Mrs. Gutman by facsimile and hand delivery.

8. The Committee requests that the Court allow oral or written objections to the Motion in Limine to be presented at the evidentiary hearing scheduled for January 28, 2010.

9. **WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, scheduling a hearing on the relief requested in the Motion in Limine for January 28, 2010 at 10:00 a.m. and allowing oral or written objections to the Motion in Limine to be presented at the hearing.

Dated: January 26, 2010
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

– and –

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
*Counsel to the Official Committee of Unsecured Creditors*