# EXHIBIT A

## STIPULATION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 438, 465, 475 and 2627 |

## STIPULATION MODIFYING THE AUTOMATIC STAY TO PERMIT DEBTOR CHICAGO TRIBUNE NEWSPAPERS, INC. AND ALLEN FRANCISCO TO PROCEED WITH CERTAIN LIMITED DISCOVERY WITH RESPECT TO A PERSONAL INJURY ACTION AGAINST CHICAGO TRIBUNE NEWSPAPERS, INC.

This Stipulation is entered into by and between Debtor Chicago Tribune Newspapers, Inc. (the "Chicago Tribune"), on the one hand, and Allen Francisco ("Francisco"), on the other hand (collectively, the "Parties").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A. On or about May 19, 2006, Francisco commenced a personal injury action in the Circuit Court of Cook County, Illinois County Department, Law Division entitled <u>Allen Francisco vs. Oscar R. Molina, et al.</u>, Case No. 06 L 5276 (the "<u>State Court Action</u>") by filing that certain Complaint at Law (the "<u>Complaint</u>") against Oscar Molina, individually and as an agent of Chicago Tribune, and Chicago Tribune, individually. The Compliant alleges injuries on account of an incident occurring on or about August 27, 2005.

B. At the time of the incident, Debtor Tribune Company, the ultimate parent company of Chicago Tribune, maintained certain insurance policies applicable to Chicago Tribune.

C. On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company and most of its wholly owned subsidiaries, including Chicago Tribune (collectively, the "<u>Debtors</u>"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").

D. On February 20, 2009, Francisco filed the Motion of Allen Francisco for Relief From Stay Under Section 362 of the Bankruptcy Code [Docket No. 438] (the "<u>Stay Relief Motion</u>") requesting relief from the automatic stay provided to Chicago Tribune pursuant to section 362 of the Bankruptcy Code. In the Stay Relief Motion, Francisco sought relief from the automatic stay to allow Francisco to prosecute the State Court Action.

E. On November 25, 2009, the Court entered an order approving the Stipulation Modifying the Automatic to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with a Pretrial Settlement Conference with Respect to a Personal

Injury Action Against Chicago Tribune Newspapers, Inc. [Docket No. 2627]. The pre-trial settlement conference occurred on December 8, 2009, but the Parties were unable to reach a settlement.

F.      The Parties desire to further modify the automatic stay to permit the Chicago Tribune to proceed with certain discovery. The Parties believe that this further discovery will assist in either reaching a settlement or deciding if it would be prudent to proceed to trial.

G.      NOW THEREFORE, in consideration of the foregoing and the promises and agreements set forth hereinafter, the Parties hereby stipulate and agree as follows:

## STIPULATION

1.      The automatic stay provided for under section 362 of the Bankruptcy Code shall be, and hereby is, modified for the sole and limited purposes of permitting the Parties to proceed with the following matters:

   a.   Chicago Tribune taking depositions of Francisco's treating psychologists, Richard Back and Enrique Gonzalez; and

   b.   Chicago Tribune seeking to obtain the release of medical, psychological and psychiatric records from the United States Army and various penal institutions in which Francisco was incarcerated.

2.      Nothing contained in this Stipulation shall be construed as allowing or permitting any other relief from the automatic stay concerning Francisco and the State Court Action. Consideration of any such further relief shall be continued until a date to be established by mutual agreement of the Parties, by the Court, or pursuant to motion by Francisco. Furthermore, nothing contained in this Stipulation shall be deemed an admission by either Party

to any of the allegations asserted by the other Party in the State Court Action, nor a waiver of any claims or defenses that may be available to such Party.

3. This Stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

4. The Bankruptcy Court shall retain jurisdiction over the parties in interest with respect to this Stipulation including, without limitation, for the purposes of interpreting, implementing and enforcing its terms and conditions.

[SIGNATURES ON NEXT PAGE]

**STIPULATED AND CONSENTED TO AS OF JANUARY 25, 2010 BY:**

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kerriann S. Mills
One South Dearborn Street
100 West Street, Suite 1440
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

ELLIOT GREENLEAF

By: _____ (No. 3726)
Rafael X. Zahralddin-Aravena (No. 4166)
Neil R. Lapinski (No. 3645)
1000 West Street, Suite 1440
Wilmington, DE 19899
Telephone: (302) 384-9400
Facsimile: (302) 656-3714

ATTORNEYS FOR FRANCISCO