IN THE UNITED BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 08-13141 (KJC) |
| | ) | |
| TRIBUNE COMPANY, et al., | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | Hearing Date: January 28, 2010 at 10:00 a.m. |
| Debtors. | ) | Ref. No.: 3228 |

**RESPONSE OF DONNA GERHART GUTMAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT E. MICHAEL GUTMAN, M.D., MIKE GUTMAN, M.D. (MPAC), P.A. AND GUTMAN PAIN/ACCIDENT CENTER, INC., TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION IN LIMINE TO EXCLUDE OR LIMIT TESTIMONY OF MRS. GUTMAN**

Donna Gerhart Gutman ("Mrs. Gutman"), Personal Representative of the Estate of Decedent E. Michael Gutman, M.D. (the "Decedent"), Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc (collectively, the "Plaintiffs"), by and through her undersigned counsel, hereby files this response (the "Response") to the Official Committee of Unsecured Creditors' (the "Committee") Motion in Limine to Exclude or Limit Donna Gerhart Gutman's Testimony in Connection with Motion of the Debtors for an Order Approving a Settlement Agreement Between Certain Debtors and the Estate of E. Michael Gutman, M.D. (the "Motion in Limine" or "Motion") [D.I. No. 3228].

1

**ARGUMENT**

1. The Committee seeks to prevent Mrs. Gutman from testifying before this Court regarding the reasonableness of the Settlement between Debtors and Decedent's estate. Without citing any case law to support its position, the Committee contends that "there are no issues of contested fact that require Mrs. Gutman's testimony at the hearing on the Motion [and] Mrs. Gutman should be precluded from testifying in support of the Motion." Motion, ¶ 4.

2. The Committee's Motion should be denied as Mrs. Gutman's testimony goes to the central issue presented to this Court – the reasonableness of the Settlement. The parties agree that factors relevant to determine reasonableness include probability of success on the merits, the complexity and expense of litigation, and the paramount interest of the creditors. Motion, ¶4. As representative of Decedent's estate, Mrs. Gutman is the one person capable of providing facts relevant to these issues.

3. Were she allowed to testify, Mrs. Gutman's direct examination will last no more than 30 minutes. As wife of the Decedent, Dr. Gutman, Mrs. Gutman has direct knowledge regarding the Debtors' defamatory publication concerning her husband and the effect Debtors' publication had on the Decedent and the Decedent's business. As a 13 year employee of the Gutman Pain and Accident Center, Mrs. Gutman witnessed first hand the effect the Tribune's publications had on Decedent's business, as well as the effect on Decedent's social standing and general well being.

4. Aside from the merits of the Florida Action, Mrs. Gutman has first hand knowledge of the events that transpired during the 17 hour mediation. It is difficult to understand why the Committee chose not to participate in mediation. This is especially true given the size of the Decedent's claim and the fact that the Committee aggressively opposed

Decedent's claim from the start. See Committee's Joinder in Objection to Relief from Stay [D.I. No. 1080], filed with the Court on April 23, 2009. Regardless of the Committee's absence, Mrs. Gutman's participation in the mediation allows her to testify as to why the parties agreed to the terms of the Settlement. Specifically, Mrs. Gutman will testify regarding why she significantly reduced the amount of her demand provided the settlement amount was paid in a short period of time.

5. Mrs. Gutman has knowledge regarding the complexity of the underlying litigation. As representative of Decedent's estate, she has taken responsibility for the continued operation of Decedent's business and the pursuit of the Florida Action. She also has a firm understanding of the facts that gave rise to the Florida Action. In order for this Court to assess whether the Settlement is truly reasonable, it should assess the credibility of Mrs. Gutman as a witness. Even the Debtors concede that the death of Dr. Gutman further complicates the claims and potential damages arising from the Florida Action.

6. Prior decisions in this district show the relevancy and necessity of Mrs. Gutman's testimony in support of the Settlement. In Marvel Entertainment Group, the Delaware District Court considered the creditor committee's objection to the reasonableness of a settlement. In re Marvel Entertainment Group, 222 B.R. 243 (D. Del. 198). The court in Marvel approved the settlement over the committee's objection, finding that "[n]o opposing party has presented evidence that creates substantial questions about [Debtors'] assessment that th[e] settlement benefits the estate." Id. at 250.

7. In Marvel, Judge McKelvie heard evidence from the Debtors' trustee that he had spent a substantial amount of time investigating the underlying litigation claims. Id. The Marvel trustee ultimately concluded that the claims that were the subject of the settlement presented

3

several "legal obstacles" resulting in "many 'problems' if they were litigated." Id. In approving the Marvel settlement, the court held that without "evidence that the provisions of the Settlement are unreasonable, the court will defer to the trustee's judgment." Id.

8. Applying Marvel to the Gutman Settlement, Mrs. Gutman can provide testimony to allow this Court to assess the reasonableness of the Settlement. She has knowledge regarding why the parties agreed to the Settlement and the facts giving rise to the underlying litigation that led to the Settlement. The Committee has not offered a witness who calls in to question the validity of the Settlement. Instead, the Committee asserts Mrs. Gutman lacks any personal knowledge that would assist the Court in determining whether the Settlement is reasonable. Motion, ¶ 8. The Committee is incorrect and has not established a basis for limiting or excluding Mrs. Gutman's testimony.

9. To conclude, Mrs. Gutman plans to provide only brief testimony (approximately 30 minutes) regarding the merits of the claims in the Florida Action and the basis for the underlying Settlement. Presently, Mrs. Gutman is en route from Florida to Delaware and would like the opportunity to present her live testimony to this Court. Given the relevancy of her testimony regarding the reasonableness of the Settlement, Mrs. Gutman respectfully requests that the Court allow her to be heard.

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court deny the Official Committee of Unsecured Creditors' Motion in Limine to Exclude or Limit Donna Gerhart Gutman's Testimony in Connection with Motion of the Debtors Approving a Settlement Agreement Between Certain Debtors and the Estate of Michael E. Gutman, M.D..

|  |  |
|---|---|
|  | **FOX ROTHSCHILD LLP**<br><br>/s/ L. JASON CORNELL, ESQUIRE<br>L. Jason Cornell, Esquire (No. 3821)<br>919 North Market Street, Suite 810<br>Wilmington, DE  19899-2323<br>302/654-7444; 302/656-8920 (fax)<br>jcornell@foxrothschild.com<br><br>*Attorneys for Donna Gutman, Estate Representative of Plaintiff E. Michael Gutman, M.D., Mike Gutman, M.D. (MPAC), P.A. and Gutman Pain/Accident Center, Inc.* |
| Dated:  January 27, 2010 |  |

WM1A 945719v1 01/27/10