# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT
## REGARDING THIRD INTERIM FEE APPLICATION OF
## JONES DAY

Stuart Maue, fee examiner in the above-referenced matter, submits this final report with respect

to the Third Interim Fee Application of Jones Day for the period from June 1, 2009, through

August 31, 2009 ("Application"), seeking approval of fees that total $46,925.00 and reimbursement of

expenses that total $43.69. Jones Day is special counsel to the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## Background

1.      Stuart Maue reviewed the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.      This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, are displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.      Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block-billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.      Stuart Maue prepared and submitted a preliminary report to Jones Day, and the firm provided a written response. After consideration of the firm's reply, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

## Reconciliation of Fees and Expenses

5.      Stuart Maue recomputed the fees and expenses requested in the Application.  The hours billed by each professional or paraprofessional were totaled and multiplied by the individuals' hourly rate.  The recomputation of fees revealed that the fees requested were $90.00 less than the fees computed.  The discrepancy is the result of task hours within one entry that did not equal the time billed for the entry as a whole.  The discrepancy and the related entry are displayed below:

| Invoice Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Undercharges | | | | | | | | | |
| 32135-1865 | Proger | 06/03/09 | $900.00 | 0.60 | 0.70 | $540.00 | $630.00 | (0.10) | ($90.00) |
| | | | | | | Total Undercharges | | (0.10) | ($90.00) |
| | | | | | | Net Total Discrepancy | | (0.10) | ($90.00) |

The figures in this report and the accompanying exhibits reflect the fees computed by Stuart Maue.  The recomputation of expenses revealed no difference between the amounts requested and the amounts computed.

## Review of Fees

6.      **Firm Staffing.**  The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."  The Application provided the names, positions, and hourly rates of the Jones Day professionals and paraprofessionals who billed to this matter.  The matter was staffed with five professionals and paraprofessionals, consisting of one partner, two associates, and two legal assistants.  A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm invoiced a total of 103.80 hours with associated fees of $47,015.00.[2] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 9.10 | 9% | $ 8,190.00 | 17% |
| Associate | 74.00 | 71% | 33,312.50 | 71% |
| Legal Assistant | 20.70 | 20% | 5,512.50 | 12% |
| TOTAL | 103.80 | 100% | $47,015.00 | 100% |

The blended hourly rate for the Jones Day professionals is $499.43 and the blended hourly rate for the professionals and the paraprofessional is $452.94.

7.    **Hourly Rate Increases.** Jones Day did not increase the hourly rate of any timekeeper during the third interim period.

8.    **Transient Timekeepers.** The activities of timekeepers whose participation appears to be limited and sporadic may be questionable if the value of their involvement and necessity of their contribution is unclear. The limited and sporadic contributions of one Jones Day professional, legal assistant Jean-Christophe Deverines, appear questionable on this basis. From a review of the activities performed by this timekeeper, considering the minimal involvement in the case, it appears as though the participation may have been unnecessary and potentially duplicative of other billers' roles. The billing entries were displayed in Exhibit B to the preliminary report and total 4.50 hours with $1,462.50 in associated fees. Stuart Maue requested that Jones Day provide additional information regarding the necessity of the timekeepers' billing activities.

In response to the preliminary report, Jones Day stated that Jean-Christophe Deverines is an industry analyst for the Jones Day Antitrust Group who possesses specialized expertise in analyzing markets by business type and location. The firm stated the expertise was necessary to perform a review of Tribune Company's properties in order to analyze the antitrust implications of certain transactions. Given the additional information provided by the firm, Stuart Maue makes no

---

[2] This amount represents the fees computed by Stuart Maue.

recommendation for a fee reduction resulting from the entries in question. Exhibit B is omitted from this report.

9. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Contrary to the requirements of the Local Rules and the Guidelines, many activity descriptions in the Application were not sufficiently detailed.

a. **Vaguely Described Conferences.** Stuart Maue identified three billing entries for conferences that did not include the name of the person(s) with whom the communication was held and/or the subject or purpose of the communication. The entries, totaling 1.70 hours with $1,105.00 in associated fees, were identified as vaguely described conferences and displayed in Exhibit C to the preliminary report. Stuart Maue requested that in future fee applications all fee entries describing conferences contain the requisite detail. As Stuart Maue makes no recommendation for a fee reduction, Exhibit C is omitted from this report.

b. **Other Vaguely Described Activities.** Activity descriptions for the review of documents and correspondence should identify the document or the person or party who prepared the document or correspondence and its subject matter. Activity descriptions for legal research should include the issues researched and the purpose of the research, and must be sufficiently detailed to allow a determination of whether the research is case related, the research is presumably familiar to experienced professionals, and the research is being performed by a professional with an appropriate experience level. The entries identified as other vaguely described activities, totaling 30.40 hours with

$16,012.50 in associated fees, were displayed in Exhibit D to the preliminary report and included tasks descriptions such as "Analyze draft *Redacted* preprint agreement."  All of the entries lack the specificity required to determine the exact nature of the activities being performed because the firm redacted the descriptions.

In response to the preliminary report, Jones Day stated the time entries identified in Exhibit D involved sensitive, non-public, confidential information and trade secrets.  In addition, the firm stated the exposure of the information could potentially cause great harm to the parties as the matters involve transactions between publicly traded companies.  While Stuart Maue makes no recommendation for a fee reduction resulting from the redacted entries, we point out that other case professionals provide unredacted entries under separate cover in order that we may ensure the fees are compliant and compensable.  If Jones Day intends to extensively redact time entries in future applications, we ask the firm to provide Stuart Maue with sufficient detail in a manner that preserves confidentiality.

10.    **Block Billing.**  The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry."  (Section II.D.5).  The fee entries in the Application were not block billed.

11.    **Conferences, Hearings, and Other Events.**  Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role," and Section II.D.5 of the Guidelines states that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 856 (3rd Cir. 1994).

a.    **Nonfirm Conferences, Hearings, and Events.**  Stuart Maue identified occasions when two or more timekeepers billed to attend the same nonfirm conference, hearing, or

other event.  Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries, totaling 7.30 hours with $4,487.50 in associated fees, were displayed in Exhibit E to the preliminary report. We identified the timekeeper who appeared most responsible for the matter and/or the particular event (*i.e.*, the attorney leading rather than observing a nonfirm conference).  The potentially duplicative and unnecessary timekeepers' entries total 4.90 hours with $2,327.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  Stuart Maue requested that the firm provide a brief explanation of the necessity of the multiple billers and their respective roles.

In response to the preliminary report, Jones Day stated the two attorneys in question occupy unique roles, so their joint presence at the conferences was necessary and appropriate. The firm described the role and experience provided by each attorney.  Given the additional information provided by Jones Day, Stuart Maue makes no recommendation for a fee reduction, and Exhibit E is omitted from this report.

      **b.**    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The fees billed by Jones Day for intraoffice conferences total 4.30 hours with $2,090.00 in associated fees, which computes to approximately 4% of the total fees requested in the Application.  The entries were displayed in Exhibit F to the preliminary report.  In some instances, two or more firm professionals and/or paraprofessionals billed to attend the same internal conference, totaling 1.20 hours with $535.00 in associated fees.  The entries describing intraoffice conferences attended by two or more firm personnel were highlighted in bold and marked with an ampersand [&] in Exhibit F.  Stuart Maue requested that Jones Day provide a brief explanation for the necessity of more than one participant billing for the same intraoffice conference.

In response to the preliminary report, Jones Day described the role and purpose of each of the timekeepers who billed for an intraoffice conference.  Given the additional information

provided by the firm, Stuart Maue makes no recommendation for a fee reduction, and Exhibit F is omitted from this report.

12.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm.  Stuart Maue did not identify any administrative activities.

13.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries or support personnel.  Stuart Maue did not identify any clerical activities.

14.    **Travel.**  Local Rule 2016-2 (d)(viii) provides that nonworking travel time "may be billed at no more than 50% of regular hourly rates."  The Application included no entries describing travel time.

15.    **Jones Day Retention/Compensation.**  Stuart Maue identified no entries related to the retention and compensation of Jones Day.

**Review of Expenses**

16.    **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3 provide that factors relevant to a determination that the expense is proper include "Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred."  Jones Day requested reimbursement for expenses, totaling $43.69, which included several conference and telephone charges.  The information provided with regard to the charges was sufficiently detailed.

## Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $47,015.00 ($46,925.00 plus $90.00) and reimbursement of expenses in the amount of $43.69 for the period from June 1, 2009, through August 31, 2009. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
John L. Decker, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile:  (314) 291-6546
tribunebkr@smmj.com

**Fee Examiner**

## APPENDIX A

### JONES DAY

#### SUMMARY OF FINDINGS

##### Third Interim Fee Application (June 1, 2009 through August 31, 2009)

###### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $46,925.00 | |
| Expenses Requested | 43.69 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $46,968.69 |
| | | |
| Fees Computed | $47,015.00 | |
| Expenses Computed | 43.69 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $47,058.69 |
| | | |
| Discrepancies in Fees | ($    90.00) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($    90.00) |

###### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $46,925.00 | |
| *Discrepancy in Fees* | *$90.00* | |
| Subtotal | *$90.00* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $47,015.00 |
| | | |
| Expenses Requested | $43.69 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 43.69 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $47,058.69 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 27th day of January, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David A. Hall, Esq.
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692

John L. Decker, Esq.

-11-

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jones Day**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 8010 | Proger, Phillip | PARTNER | $900.00 | $900.00 | 9.10 | $8,190.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $900.00 | | 9.10 | $8,190.00 |
| | | | | % of Total: | 8.77% | % of Total: 17.42% |
| 8379 | Thomas, Ryan | ASSOCIATE | $475.00 | $475.00 | 59.30 | $28,167.50 |
| 180 | Chi, Dennis | ASSOCIATE | $350.00 | $350.00 | 14.70 | $5,145.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $450.17 | | 74.00 | $33,312.50 |
| | | | | % of Total: | 71.29% | % of Total: 70.86% |
| 9161 | Sobczak, Arleta | LEGAL ASSISTANT | $250.00 | $250.00 | 16.20 | $4,050.00 |
| 2945 | Deverines, Jean-Christophe | LEGAL ASSISTANT | $325.00 | $325.00 | 4.50 | $1,462.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $266.30 | | 20.70 | $5,512.50 |
| | | | | % of Total: | 19.94% | % of Total: 11.72% |
| | Total No. of Billers: 5 | Blended Rate for Report: | $452.94 | | 103.80 | $47,015.00 |

EXHIBIT D

OTHER VAGUELY DESCRIBED ACTIVITIES

Jones Day

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Proger, P | 3.70 | 3,330.00 |
| Thomas, R | 26.70 | 12,682.50 |
| | 30.40 | $16,012.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Advice on Antitrust Matters | 0.60 | 285.00 |
| Corporate Antitrust Advice | 4.30 | 2,382.50 |
| Potential Newspaper Acquisition #1 | 25.50 | 13,345.00 |
| | 30.40 | $16,012.50 |

EXHIBIT D

OTHER VAGUELY DESCRIBED ACTIVITIES

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/01/09 Mon | Proger, P 32135-0001/27 | 0.40 | 0.40 | 360.00 | | F | 1 | *MATTER NAME: Corporate Antitrust Advice* COMMUNICATE WITH XANDERS ON CONFERENCE CALL WITH "REDACTED" REGARDING "REDACTED" CONTENT SHARING. |
| 06/01/09 Mon | Thomas, R 32135-1865/3 | 1.90 | 1.50 | 712.50 | 1.50 0.40 | F F | 1 2 | *MATTER NAME: Potential Newspaper Acquisition #1* REVIEW DRAFT TERM SHEET REGARDING DISTRIBUTION AGREEMENT WITH "REDACTED" (1.50); REVIEW PRIOR ANALYSIS OF SAME (.40). |
| 06/03/09 Wed | Proger, P 32135-1865/2 | 0.60 | 0.30 | 270.00 | 0.30 0.30 0.10 | F F F | 1 2 3 | *MATTER NAME: Potential Newspaper Acquisition #1* COMMUNICATE WITH XANDERS REGARDING "REDACTED" COVERAGE (.30); CONFERENCE CALL WITH THOMAS, STANTON AND XANDERS REGARDING CONTENT SHARING (.30); REVIEW AD OPERATIONS (.10). |
| 06/03/09 Wed | Thomas, R 32135-1865/5 | 0.60 | 0.20 | 95.00 | 0.20 0.40 | F F | 1 2 | *MATTER NAME: Potential Newspaper Acquisition #1* REVIEW CORRESPONDENCE REGARDING CONTENT SHARING PROJECT WITH "REDACTED" (.20); PARTICIPATE IN TELECONFERENCE WITH PROGER, STANTON, AND XANDERS REGARDING SAME (.40). |
| 06/04/09 Thu | Thomas, R 32135-1865/6 | 0.40 | 0.10 | 47.50 | 0.10 0.20 0.10 | F F F | 1 2 3 | *MATTER NAME: Potential Newspaper Acquisition #1* REVIEW CORRESPONDENCE REGARDING CONTENT SHARING PROJECT WITH "REDACTED" (.10); COMMUNICATE WITH XANDERS REGARDING SAME (.20); COMMUNICATE WITH PROGER REGARDING SAME (.10). |
| 06/05/09 Fri | Proger, P 32135-0001/20 | 0.10 | 0.10 | 90.00 | | F | 1 | *MATTER NAME: Corporate Antitrust Advice* COMMUNICATE WITH "REDACTED" REGARDING CONTENT SHARING WITH "REDACTED" . |
| 06/09/09 Tue | Thomas, R 32135-1865/8 | 2.10 | 1.90 | 902.50 | 0.20 1.50 0.40 | F F F | 1 2 3 | *MATTER NAME: Potential Newspaper Acquisition #1* REVIEW CORRESPONDENCE REGARDING TRIBUNE PROJECTS (.20); REVIEW LIST OF TRIBUNE PROPERTIES, ANALYZE BY GEOGRAPHIC AREA, AND COMMUNICATE WITH "REDACTED" REGARDING SAME (1.50); REVIEW DRAFT "REDACTED" PREPRINT TRANSACTION DOCUMENTS (.40). |
| 06/10/09 Wed | Thomas, R 32135-1865/9 | 2.10 | 0.40 | 190.00 | 0.20 1.50 0.40 | F F F | 1 2 3 | *MATTER NAME: Potential Newspaper Acquisition #1* REVIEW CORRESPONDENCE REGARDING TRIBUNE PROJECTS (.20); DRAFT CHART FOR SAME (1.50); REVIEW DRAFT "REDACTED" PREPRINT TRANSACTION DOCUMENTS (.40). |
| 06/12/09 Fri | Proger, P 32135-1865/10 | 0.20 | 0.20 | 180.00 | | F | 1 | *MATTER NAME: Potential Newspaper Acquisition #1* REVIEW AND ANALYZE UPDATED TERM SHEET FOR "REDACTED" PREPRINT TRANSACTION. |
| 06/12/09 Fri | Thomas, R 32135-1865/11 | 2.20 | 1.50 | 712.50 | 1.50 0.50 0.20 | F F F | 1 2 3 | *MATTER NAME: Potential Newspaper Acquisition #1* REVIEW DRAFT "REDACTED" PREPRINT TRANSACTION DOCUMENTS AND PRIOR ANALYSES OF SAME (1.50); COMMUNICATE WITH XANDERS, DITTOE, AND AVETISIAN REGARDING SAME (.50); COMMUNICATE WITH PROGER REGARDING SAME (.20). |

~  See the last page of exhibit for explanation

EXHIBIT D
OTHER VAGUELY DESCRIBED ACTIVITIES
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| | | | | | | | *MATTER NAME: Potential Newspaper Acquisition #1* |
| 06/16/09 | Thomas, R | 1.80 | 1.20 | 570.00 | 1.00 | F | 1 REVIEW PRODUCTION PROJECT WITH "REDACTED" (1.00); |
| Tue | 32135-1865/12 | | | | 0.20 | F | 2 COMMUNICATE WITH PROGER REGARDING SAME (.20); |
| | | | | | 0.20 | F | 3 REVIEW FILE REGARDING SAME (.20); |
| | | | | | 0.20 | F | 4 COMMUNICATE WITH XANDERS REGARDING "REDACTED" AND "REDACTED" (.20); |
| | | | | | 0.20 | F | 5 COMMUNICATE WITH PROGER REGARDING SAME (.20). |
| | | | | | | | *MATTER NAME: Potential Newspaper Acquisition #1* |
| 06/18/09 | Thomas, R | 0.40 | 0.30 | 142.50 | 0.30 | F | 1 REVIEW PRODUCTION PROJECT WITH "REDACTED" (.30); |
| Thu | 32135-1865/13 | | | | 0.10 | F | 2 COMMUNICATE WITH PROGER REGARDING SAME (.10). |
| | | | | | | | *MATTER NAME: Potential Newspaper Acquisition #1* |
| 06/22/09 | Thomas, R | 0.30 | 0.30 | 142.50 | | F | 1 REVIEW DRAFT OF DEFINITIVE "REDACTED" PREPRINT AGREEMENT. |
| Mon | 32135-1865/14 | | | | | | |
| | | | | | | | *MATTER NAME: Potential Newspaper Acquisition #1* |
| 06/24/09 | Thomas, R | 0.60 | 0.60 | 285.00 | | F | 1 REVIEW DRAFT OF DEFINITIVE "REDACTED" PREPRINT AGREEMENT, DISTRIBUTION AGREEMENT, AND COMMERCIAL DELIVERY LANGUAGE. |
| Wed | 32135-1865/15 | | | | | | |
| | | | | | | | *MATTER NAME: Corporate Antitrust Advice* |
| 06/25/09 | Thomas, R | 1.10 | 1.10 | 522.50 | | F | 1 ANALYZE PROPOSED PREPRINT OPTIMIZATION PROGRAM BY "REDACTED" AND "REDACTED" . |
| Thu | 32135-0001/34 | | | | | | |
| | | | | | | | *MATTER NAME: Potential Newspaper Acquisition #1* |
| 06/25/09 | Thomas, R | 2.10 | 2.10 | 997.50 | | F | 1 ANALYZE DRAFT OF DEFINITIVE "REDACTED" PREPRINT AGREEMENT, DISTRIBUTION AGREEMENT, AND COMMERCIAL DELIVERY LANGUAGE. |
| Thu | 32135-1865/19 | | | | | | |
| | | | | | | | *MATTER NAME: Potential Newspaper Acquisition #1* |
| 06/26/09 | Proger, P | 0.40 | 0.30 | 270.00 | 0.30 | F | 1 ANALYSIS OF DRAFT LANGUAGE REGARDING ASSUMPTION OF "REDACTED" COMMERCIAL DELIVERY CONTRACTS (.30); |
| Fri | 32135-1865/16 | | | | 0.10 | F | 2 DISCUSSION WITH THOMAS REGARDING SAME (.10). |
| | | | | | | | *MATTER NAME: Corporate Antitrust Advice* |
| 06/26/09 | Thomas, R | 1.60 | 1.50 | 712.50 | 1.50 | F | 1 ANALYZE PROPOSED PREPRINT OPTIMIZATION PROGRAM BY "REDACTED" AND "REDACTED" AND COMMUNICATE WITH PROGER (1.50); |
| Fri | 32135-0001/32 | | | | 0.10 | F | 2 COMMUNICATE WITH XANDERS REGARDING SAME (.10). |
| | | | | | | | *MATTER NAME: Corporate Antitrust Advice* |
| 06/29/09 | Proger, P | 0.30 | 0.10 | 90.00 | 0.10 | F | 1 ANALYZE "REDACTED" AND "REDACTED" POTENTIAL OVERLAPS FOR TRIBUNE 365 (.10); |
| Mon | 32135-0001/31 | | | | 0.20 | F | 2 COMMUNICATE WITH THOMAS REGARDING SAME (.20). |
| | | | | | | | *MATTER NAME: Corporate Antitrust Advice* |
| 06/29/09 | Thomas, R | 0.60 | 0.30 | 142.50 | 0.30 | F | 1 ANALYZE PROPOSED "REDACTED" NATIONAL SALES REPRESENTATION ARRANGEMENT AND REVIEW FILE, INCLUDING LEGAL GUIDELINES, REGARDING SAME (.30); |
| Mon | 32135-0001/33 | | | | 0.30 | F | 2 COMMUNICATE WITH PROGER AND CLIENT (.30). |
| | | | | | | | *MATTER NAME: Corporate Antitrust Advice* |
| 06/30/09 | Proger, P | 0.40 | 0.20 | 180.00 | 0.20 | F | 1 REVIEW AND ANALYZE DRAFT PRESS RELEASE REGARDING "REDACTED" (.20); |
| Tue | 32135-0001/41 | | | | 0.20 | F | 2 EMAIL XANDERS REGARDING COMMENTS ON DRAFT PRESS RELEASE (.20). |

~  See the last page of exhibit for explanation

EXHIBIT D

OTHER VAGUELY DESCRIBED ACTIVITIES

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|-----------|---|---|-------------|
| 06/30/09 Tue | Thomas, R 32135-0001/40 | 1.30 | 0.60 | 285.00 | 0.60 | F | 1 | MATTER NAME: *Corporate Antitrust Advice*<br>REVIEW DRAFT PRESS RELEASE REGARDING NATIONAL SALES RELATIONSHIP WITH "REDACTED" AND PROVIDE COMMENTS TO XANDERS (.60); |
| | | | | | 0.50 | F | 2 | REVISE PRESS RELEASE TO INCORPORATE VARIOUS COMMENTS (.50); |
| | | | | | 0.20 | F | 3 | REVIEW LEGAL MEMORANDUM ON TRIBUNE 365 GUIDELINES (.20). |
| 07/01/09 Wed | Thomas, R 50915-0001/35 | 0.40 | 0.10 | 47.50 | 0.10 | F | 1 | MATTER NAME: *Advice on Antitrust Matters*<br>REVIEW CORRESPONDENCE FROM XANDERS REGARDING POTENTIAL SALES RELATIONSHIP WITH "REDACTED" (.10); |
| | | | | | 0.30 | F | 2 | REVIEW LEGAL MEMORANDUM ON T365 GUIDELINES (.30). |
| 07/01/09 Wed | Thomas, R 50915-1865/1 | 0.40 | 0.10 | 47.50 | 0.10 | F | 1 | MATTER NAME: *Potential Newspaper Acquisition #1*<br>REVIEW CORRESPONDENCE FROM XANDERS REGARDING POTENTIAL DISTRIBUTION RELATIONSHIP WITH "REDACTED" (.10); |
| | | | | | 0.30 | F | 2 | REVIEW PRIOR ANTITRUST ANALYSES INVOLVING DISTRIBUTION AGREEMENTS (.30). |
| 07/02/09 Thu | Thomas, R 50915-0001/36 | 0.90 | 0.20 | 95.00 | 0.20 | F | 1 | MATTER NAME: *Advice on Antitrust Matters*<br>REVIEW CORRESPONDENCE FROM XANDERS REGARDING POTENTIAL SALES RELATIONSHIP WITH "REDACTED" (.20); |
| | | | | | 0.30 | F | 2 | REVIEW LEGAL MEMORANDUM ON T365 GUIDELINES (.30); |
| | | | | | 0.40 | F | 3 | COMMUNICATE WITH XANDERS REGARDING SAME (.40). |
| 07/02/09 Thu | Thomas, R 50915-1865/2 | 0.70 | 0.10 | 47.50 | 0.10 | F | 1 | MATTER NAME: *Potential Newspaper Acquisition #1*<br>REVIEW CORRESPONDENCE FROM XANDERS REGARDING POTENTIAL DISTRIBUTION RELATIONSHIP WITH "REDACTED" (.10); |
| | | | | | 0.20 | F | 2 | COMMUNICATE WITH XANDERS REGARDING SAME (.20); |
| | | | | | 0.40 | F | 3 | REVIEW PRIOR ANTITRUST ANALYSES INVOLVING DISTRIBUTION AGREEMENTS (.40). |
| 07/02/09 Thu | Thomas, R 50915-1865/3 | 0.80 | 0.30 | 142.50 | 0.30 | F | 1 | MATTER NAME: *Potential Newspaper Acquisition #1*<br>COMMUNICATE WITH XANDERS REGARDING AUDIT LANGUAGE IN "REDACTED" PREPRINT AGREEMENT (.30); |
| | | | | | 0.50 | F | 2 | COMMUNICATE WITH PROGER REGARDING SAME (.50). |
| 07/06/09 Mon | Thomas, R 50915-1865/4 | 1.30 | 0.50 | 237.50 | 0.50 | F | 1 | MATTER NAME: *Potential Newspaper Acquisition #1*<br>ANALYZE DRAFT "REDACTED" PREPRINT AGREEMENT (.50) |
| | | | | | 0.30 | F | 2 | AND COMMUNICATE WITH PROGER AND XANDERS REGARDING SAME (.30); |
| | | | | | 0.50 | F | 3 | REVIEW TERM SHEET (.50). |
| 07/07/09 Tue | Thomas, R 50915-1865/5 | 0.90 | 0.60 | 285.00 | 0.60 | F | 1 | MATTER NAME: *Potential Newspaper Acquisition #1*<br>ANALYZE DRAFT "REDACTED" PREPRINT AGREEMENT (.60) |
| | | | | | 0.30 | F | 2 | AND COMMUNICATE WITH PROGER AND XANDERS REGARDING SAME (.30). |
| 07/07/09 Tue | Thomas, R 50915-1865/6 | 0.50 | 0.30 | 142.50 | 0.30 | F | 1 | MATTER NAME: *Potential Newspaper Acquisition #1*<br>ANALYZE DRAFT "REDACTED" TERM SHEET (.30) |
| | | | | | 0.20 | F | 2 | AND COMMUNICATE WITH XANDERS AND DITTOE REGARDING SAME (.20). |
| 07/08/09 Wed | Thomas, R 50915-1865/7 | 0.80 | 0.50 | 237.50 | 0.50 | F | 1 | MATTER NAME: *Potential Newspaper Acquisition #1*<br>ANALYZE DRAFT "REDACTED" PREPRINT AGREEMENT (.50) |
| | | | | | 0.30 | F | 2 | AND COMMUNICATE WITH XANDERS, DITTOE, AND JAHNS REGARDING SAME (.30). |
| 07/09/09 Thu | Thomas, R 50915-1865/9 | 0.60 | 0.40 | 190.00 | 0.20 | F | 1 | MATTER NAME: *Potential Newspaper Acquisition #1*<br>REVIEW SUMMARY OF COST SAVING INITIATIVES (.20); |
| | | | | | 0.40 | F | 2 | ANALYZE DRAFT "REDACTED" PREPRINT AGREEMENT (.40). |

~ See the last page of exhibit for explanation

EXHIBIT D
OTHER VAGUELY DESCRIBED ACTIVITIES
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/10/09 Fri | Thomas, R 50915-1865/10 | 0.40 | 0.40 | 190.00 | | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 ANALYZE DRAFT "REDACTED" PREPRINT AGREEMENT. |
| 07/13/09 Mon | Thomas, R 50915-1865/13 | 0.20 | 0.20 | 95.00 | | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 ANALYZE DRAFT "REDACTED" PREPRINT AGREEMENT AND SEND COMMENTS TO XANDERS. |
| 07/14/09 Tue | Thomas, R 50915-1865/12 | 0.10 | 0.10 | 47.50 | | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 ANALYZE COMMERCIAL TERMS FOR PROPOSED "REDACTED" DISTRIBUTION TRANSACTION. |
| 07/15/09 Wed | Thomas, R 50915-1865/11 | 0.10 | 0.10 | 47.50 | | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 ANALYZE COMMERCIAL TERMS FOR PROPOSED "REDACTED" DISTRIBUTION TRANSACTION AND COMMUNICATE BY EMAIL WITH XANDERS REGARDING SAME. |
| 07/16/09 Thu | Thomas, R 50915-1865/14 | 0.30 | 0.30 | 142.50 | | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 ANALYZE PROPOSED PRE-PRINT AGREEMENT WITH "REDACTED". |
| 07/20/09 Mon | Thomas, R 50915-1865/15 | 1.10 | 1.10 | 522.50 | 0.30 | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 ANALYZE PROPOSED PRE-PRINT AGREEMENT WITH "REDACTED" AND COMMUNICATE BY EMAIL WITH XANDERS REGARDING SAME (.30); |
| | | | | | 0.80 | F | 2 | COMMUNICATE WITH XANDERS REGARDING PROPOSED "REDACTED" PREPRINT AGREEMENT AND "REDACTED" DISTRIBUTION AGREEMENT (.80). |
| 07/21/09 Tue | Thomas, R 50915-1865/16 | 1.80 | 1.60 | 760.00 | 0.60 | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 REVIEW DRAFTS OF "REDACTED" PREPRINT PRESS RELEASE (.60); |
| | | | | | 0.20 | F | 2 | COMMUNICATE WITH XANDERS REGARDING SAME (.20); |
| | | | | | 1.00 | F | 3 | REVIEW DRAFT "REDACTED" PREPRINT AGREEMENT (1.00). |
| 07/22/09 Wed | Thomas, R 50915-0001/40 | 0.30 | 0.30 | 142.50 | | F | 1 | MATTER NAME: Advice on Antitrust Matters REVIEW FILE REGARDING PROPOSED TMC COVERAGE FOR "REDACTED" AND SANTA BARBARA PAPERS. |
| 07/22/09 Wed | Thomas, R 50915-1865/17 | 0.20 | 0.20 | 95.00 | | F | 1 | COMMUNICATE WITH XANDERS REGARDING "REDACTED" PREPRINT PRESS COMMUNICATIONS. |
| 07/23/09 Thu | Thomas, R 50915-1865/18 | 0.50 | 0.30 | 142.50 | 0.30 | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 REVIEW MARKETING MATERIALS FOR "REDACTED" AND "REDACTED" WEEKLIES IN CONNECTION WITH "REDACTED" PREPRINT AGREEMENT (.30) |
| | | | | | 0.20 | F | 2 | AND COMMUNICATE WITH XANDERS REGARDING SAME (.20). |
| 07/24/09 Fri | Thomas, R 50915-1865/19 | 0.20 | 0.20 | 95.00 | | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 COMMUNICATE WITH XANDERS REGARDING "REDACTED" CIRCULATION COMMUNICATION. |
| 07/28/09 Tue | Thomas, R 50915-1865/20 | 0.20 | 0.20 | 95.00 | | F | 1 | MATTER NAME: Potential Newspaper Acquisition #1 REVIEW AND COMMUNICATE WITH XANDERS REGARDING "REDACTED" DISTRIBUTION STANDBY COMMUNICATION. |

~  See the last page of exhibit for explanation

EXHIBIT D
OTHER VAGUELY DESCRIBED ACTIVITIES
Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 07/30/09 Thu | Thomas, R 50915-1865/23 | 1.20 | 0.60 | 285.00 | | F | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | | F | 1 | ANALYZE PREPRINT MATERIALS FOR "REDACTED", "REDACTED", AND "REDACTED"; |
| | | | | | | F | 2 | COMMUNICATE WITH PROGER REGARDING SAME. |
| 07/31/09 Fri | Proger, P 50915-1865/21 | 0.70 | 0.30 | 270.00 | | | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | 0.30 | F | 1 | REVIEW "REDACTED" PREPRINT TERM SHEET (.30); |
| | | | | | 0.20 | F | 2 | REVIEW ANTITRUST ANALYSIS OF SAME (.20); |
| | | | | | 0.20 | F | 3 | TELEPHONE CALL WITH XANDERS REGARDING SAME (.20). |
| 07/31/09 Fri | Proger, P 50915-1865/22 | 0.40 | 0.20 | 180.00 | | | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | 0.20 | F | 1 | REVIEW ANTITRUST ANALYSIS OF (1) "REDACTED" AND "REDACTED", AND (2) "REDACTED" (.20); |
| | | | | | 0.20 | F | 2 | TELEPHONE CALL WITH XANDERS REGARDING SAME (.20). |
| 07/31/09 Fri | Thomas, R 50915-1865/24 | 2.20 | 2.20 | 1,045.00 | | | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | | F | 1 | PREPARE FOR AND PARTICIPATE IN TELECONFERENCE WITH XANDERS AND PROGER REGARDING PREPRINT AGREEMENTS WITH "REDACTED", "REDACTED", AND "REDACTED". |
| 08/03/09 Mon | Proger, P 50915-1865/25 | 2.00 | 1.60 | 1,440.00 | | | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | 0.60 | F | 1 | REVIEW PREPRINT "REDACTED" DOCUMENTS AND INFORMATION (.60); |
| | | | | | 0.40 | F | 2 | CONFERENCE CALL WITH THOMAS, CLIMBABLE AND DITTOE REGARDING SAME (.40); |
| | | | | | 0.40 | F | 3 | CONFERENCE CALL WITH MARX AND LOWE REGARDING "REDACTED" (.40); |
| | | | | | 0.60 | F | 4 | CONFERENCE CALL WITH CLIMBABLE, DITTOE AND XANDERS REGARDING "REDACTED" (.60). |
| 08/03/09 Mon | Thomas, R 50915-1865/26 | 4.30 | 0.60 | 285.00 | | | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | 3.30 | F | 1 | PREPARE FOR (3.30) |
| | | | | | 0.40 | F | 2 | AND PARTICIPATE IN TELECONFERENCE WITH XANDERS, MCKIBBEN, DITTOE, AND PROGER REGARDING PREPRINT AGREEMENT WITH "REDACTED" (.40); |
| | | | | | 0.20 | F | 3 | REVIEW "REDACTED" STRATEGY DOCUMENT (.20) |
| | | | | | 0.10 | F | 4 | AND COMMUNICATE WITH XANDERS REGARDING SAME (.10); |
| | | | | | 0.30 | F | 5 | COMMUNICATE WITH XANDERS REGARDING ANTITRUST ANALYSIS FOR OTHER DRAFT AGREEMENTS (.30). |
| 08/04/09 Tue | Thomas, R 50915-1865/27 | 0.30 | 0.20 | 95.00 | | | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | 0.20 | F | 1 | REVIEW "REDACTED" STRATEGY DOCUMENT (.20) |
| | | | | | 0.10 | F | 2 | AND COMMUNICATE WITH XANDERS REGARDING SAME (.10). |
| 08/18/09 Tue | Thomas, R 50915-1865/28 | 1.40 | 1.20 | 570.00 | | | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | 0.60 | F | 1 | REVIEW CORRESPONDENCE FROM XANDERS REGARDING PROPOSED CONTENT SHARING WITH "REDACTED"(.60); |
| | | | | | 0.60 | F | 2 | REVIEW PRIOR ANALYSIS REGARDING CIRCULATION AND ADVERTISING IN "REDACTED" (.60); |
| | | | | | 0.20 | F | 3 | COMMUNICATE WITH PROGER REGARDING SAME (.20). |
| 08/20/09 Thu | Thomas, R 50915-1865/29 | 0.10 | 0.10 | 47.50 | | F | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | | F | 1 | REVIEW CORRESPONDENCE FROM XANDERS REGARDING "REDACTED" PREPRINT TRANSACTION. |
| 08/24/09 Mon | Thomas, R 50915-1865/30 | 0.10 | 0.10 | 47.50 | | F | | MATTER NAME: Potential Newspaper Acquisition #1 |
| | | | | | | F | 1 | REVIEW CORRESPONDENCE FROM XANDERS REGARDING "REDACTED" PREPRINT TRANSACTION. |

~  See the last page of exhibit for explanation

EXHIBIT D

OTHER VAGUELY DESCRIBED ACTIVITIES

Jones Day

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|-------------|
|      |                 |             | 30.40 | $16,012.50 |        |   |             |

Total
Number of Entries:        54

EXHIBIT D

OTHER VAGUELY DESCRIBED ACTIVITIES

Jones Day

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Proger, P | 3.70 | 3,330.00 |
| Thomas, R | 26.70 | 12,682.50 |
| | 30.40 | $16,012.50 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Advice on Antitrust Matters | 0.60 | 285.00 |
| Corporate Antitrust Advice | 4.30 | 2,382.50 |
| Potential Newspaper Acquisition #1 | 25.50 | 13,345.00 |
| | 30.40 | $16,012.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F        FINAL BILL