## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT
### REGARDING SECOND INTERIM FEE APPLICATION OF
### ALVAREZ & MARSAL NORTH AMERICA, LLC

Stuart Maue, fee examiner in the above-referenced matter, submits this final report with respect to the Second Interim Fee Application of Alvarez & Marsal North America, LLC for the period from March 1, 2009, through May 31, 2009 ("Application"), seeking approval of fees that total $3,064,212.50 and reimbursement of expenses that total $26,710.50. Alvarez & Marsal North

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

America, LLC ("Alvarez Marsal") acts as restructuring advisors to the Debtors and Debtors-in-Possession.

## Background

1.    Stuart Maue reviewed the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.    This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, are displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.    Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block-billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.    Stuart Maue prepared and submitted a preliminary report to Alvarez Marsal, and the firm provided a detailed written response.    After consideration of the firm's reply, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings

### Reconciliation of Fees and Expenses

5.    Stuart Maue recomputed the fees and expenses requested in the Application.    The hours billed by each professional or paraprofessional were totaled and multiplied by the individuals' hourly rate.    The recomputation of fees revealed that the fees requested were $130.00 more than the fees computed.    The discrepancy is the result of task hours within one entry that did not equal the time billed for the entry as a whole.    The discrepancy and the related entry is displayed below:

| Matter | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| Overcharges | | | | | | | | | |
| Plan of Reorganization | Whittman | 05/28/09 | $650.00 | 2.40 | 2.20 | $1,560.00 | $1,430.00 | 0.20 | $130.00 |
| | | | | | | Total Overcharges | | 0.20 | $130.00 |
| | | | | | | Net Total Discrepancy | | 0.20 | $130.00 |

The figures in this report and the accompanying exhibits reflect the fees computed by Stuart Maue.    The recomputation of expenses revealed no difference between the amounts requested and the amounts computed.

In response to the preliminary report, Alvarez Marsal agreed to a fee reduction in the amount of $130.00 resulting from the mathematical discrepancy.

### Review of Fees

6.    **Firm Staffing.**    The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." The Application provided the names, positions, and

hourly rates of the Alvarez Marsal timekeepers who billed to this matter. The matter was staffed with 27 professionals and paraprofessionals, consisting of 4 managing directors, 1 senior director, 4 directors, 4 senior associates, 1 associate, 8 consultants, 4 analysts, and 1 paraprofessional. A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm invoiced a total of 7,990.40 hours with associated fees of $3,064,082.50.[2] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 1,213.40 | 15% | $   778,345.00 | 25% |
| Senior Director | 1.70 | * | 807.50 | * |
| Director | 1,224.40 | 15% | 511,682.50 | 17% |
| Senior Associate | 1,726.80 | 22% | 690,720.00 | 23% |
| Associate | 569.20 | 7% | 199,220.00 | 6% |
| Consultant | 1,531.20 | 19% | 400,667.50 | 13% |
| Analyst | 1,657.70 | 21% | 470,430.00 | 15% |
| Paraprofessional | 66.00 | * | 12,210.00 | * |
| **TOTAL** | 7,990.40 | 100% | $3,064,082.50 | 100% |

* Less than 1%

The blended hourly rate for the Alvarez Marsal professionals is $385.12 and the blended hourly rate for the professionals and the paraprofessional is $383.47.

7.    **Hourly Rate Increases.**    Alvarez Marsal did not increase the hourly rate of any timekeeper during the second interim period.

8.    **Potential Double Billing.**    Stuart Maue examined the Application for billing entries or entry activities that appear to be duplicated (i.e., on the same date by the same timekeeper with identical or nearly identical descriptions and time increments). Six entries were identified as potential double billing and displayed in Exhibit B to the preliminary report. The questioned tasks, totaling 6.70 hours with $1,887.50 in associated fees, were highlighted in bold and marked with an ampersand [&] in the exhibit. Stuart Maue requested that the firm review the entries and provide an explanation for the potential duplications.

---

[2] This amount reflects the fees computed by Stuart Maue.

In response to the preliminary report, Alvarez Marsal reviewed the three sets of potentially duplicative time entries. The entries for one timekeeper were the result of working on the same task for a long period of time and recording the time in two non-duplicative entries. Other tasks, however, were inadvertently billed twice due to a clerical error. The firm agreed to a voluntary fee reduction in the amount of $637.50. The related time entries are displayed in Exhibit B attached hereto.

9.    **Transient Timekeepers.** The activities of timekeepers whose participation appears to be limited and sporadic may be questionable if the value of their involvement and necessity of their contribution is unclear. The limited and sporadic contributions of two Alvarez Marsal timekeepers, Tom Behnke and George Koutouras, appeared questionable on this basis. Mr. Behnke's only activity was his attendance at a claims reconciliation meeting at Tribune which was also attended by other firm members. Mr. Koutouras billed for an intraoffice conference regarding a status update, and also invoiced time to review an unemployment tax issue. From a review of the activities performed by the timekeepers, considering their minimal involvement in the case, it appeared their participation may have been unnecessary and potentially duplicative of other billers' roles. The billing entries were displayed in Exhibit C to the preliminary report and total 4.70 hours with $2,907.50 in associated fees. Stuart Maue requested that Alvarez Marsal provide additional information regarding the necessity of the timekeepers' billing activities.

In response to the preliminary report, Alvarez Marsal stated the firm has a core team fully dedicated to the Tribune matter. However, in certain circumstances additional individuals are used due to their specific expertise and/or specific needs of the client. Specific to the two timekeepers identified above, Alvarez Marsal stated that Mr. Koutouras had specific tax knowledge that was necessary to address questions raised by constituents on the Tribune case and that was not possessed by other team members. Mr. Behnke possessed specific knowledge in helping to set up claims reconciliation procedures. However, the firm stated that as such matters were ultimately addressed by

other individuals Alvarez Marsal voluntarily agreed to reduce the fee request in the amount of $807.50 reflecting the fees invoiced by Mr. Behnke. The time entry is displayed in Exhibit C attached hereto.

10.    **Billing Increments.**  Subsections (iii) and (iv) of Local Rule 2016-2 (d) provide that activity descriptions shall be billed in tenths of an hour. Billing in greater than 0.10 hour increments is a practice that lends itself to the potential of increased rounding of time, thereby increasing the likelihood that the reported time charged is inflated. Consultant Elizabeth de Roziere billed 102 of her 119 entries in full-hour and half-hour increments (the entries were set forth in Exhibit D to the preliminary report). Stuart Maue requested that Alvarez Marsal eliminate the practice of invoicing half-hour time increments in order to present a more credible accounting of the work performed by all timekeepers, and in particular the activities invoiced by Ms. de Roziere.

In response to the preliminary report, Alvarez Marsal stated the firm keeps time in tenth of an hour increments, and the individual identified above was advised to be diligent in her timekeeping. Stuart Maue makes no recommendation for a fee reduction resulting from large billing increments, and Exhibit D is omitted from this report.

11.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Contrary to the requirements of the Local Rules and the Guidelines, many activity descriptions in the Application were not sufficiently detailed.

a.    **Vaguely Described Conferences.**  Stuart Maue identified a number of billing entries for conferences that did not include the name of the person(s) with whom the communication

was held and/or the subject or purpose of the communication.  The entries, totaling 28.57 hours with $9,679.58 in associated fees, were identified as vaguely described conferences and displayed in Exhibit E to the preliminary report.

In response to the preliminary report, Alvarez Marsal stated the firm's intent to improve the activity descriptions in future applications.  Regarding the specific entries questioned by Stuart Maue, the firm provided an exhibit containing additional detail and explanation of the activities. Given the additional information provided by Alvarez Marsal, Stuart Maue makes no recommendation for a fee reduction resulting from vaguely described conferences.  Exhibit E is omitted from this report.

      **b.**      **Other Vaguely Described Activities.**  Activity descriptions for the review of documents and correspondence should identify the document or the person/party who prepared the document or correspondence and its subject matter.  Activity descriptions for legal research should include the issues researched and the purpose of the research.  Stuart Maue identified vaguely described time entries totaling 86.86 hours with $37,367.92 in associated fees, which were displayed in Exhibit F to the preliminary report.  Stuart Maue requested that the firm provide sufficient detail for each billing entry.

In response to the preliminary report, Alvarez Marsal again stated the firm's intent to improve the activity descriptions in future applications.  Regarding the specific entries, the firm provided an exhibit containing additional detail and explanation of the activities in question.  Given the additional information provided by Alvarez Marsal, Stuart Maue makes no recommendation for a fee reduction resulting from vaguely described conferences.  Exhibit F is omitted from this report.

    12.    **Block Billing.**  The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry."  (Section II.D.5). The Application contained 978.00 hours of block-billed time; the entries at issue were displayed in Exhibit G to the preliminary report.

In response, Alvarez Marsal stated the firm understands the request to reduce block billing in the future and the firm will endeavor to do so. Stuart Maue makes no recommendation for a fee reduction resulting from block billing; Exhibit G is omitted from this report.

13.  **Conferences, Hearings, and Other Events.**  Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role," and Section II.D.5 of the Guidelines states that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 856 (3rd Cir. 1994).

a.  **Nonfirm Conferences, Hearings, and Events.**  Stuart Maue identified numerous occasions when two or more (and as many as six) timekeepers billed to attend the same nonfirm conference, hearing, or other event. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 326.28 hours with $172,977.92 in associated fees, were displayed in Exhibit H to the preliminary report. In each instance where more than one timekeeper attended a nonfirm conference or event, we identified the timekeeper who appeared most responsible for the matter and/or the particular event (*i.e.*, the timekeeper leading rather than observing a nonfirm conference). The potentially duplicative and unnecessary timekeepers' entries total 170.73 hours with $76,407.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. Stuart Maue requested that the firm provide a brief explanation of the necessity of the multiple billers and their respective roles.

In response to the preliminary report, Alvarez Marsal stated the firm endeavors to minimize the number of attendees at any meeting, but balances that with factors including the scope of the meeting (which may cover multiple issues), the requests of Debtor's management that certain

firm personnel attend a meeting, and the need for certain personnel to have a firsthand understanding of certain issues. The firm also provided additional detail concerning each individual whose role or purpose at a meeting was not immediately evident from the time entries. Given the additional information provided by Alvarez Marsal, Stuart Maue makes no recommendation for a fee reduction resulting from multiple attendance at meetings. Exhibit H is omitted from this report.

        **b.**    **Intraoffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Alvarez Marsal for intraoffice conferences total 267.66 hours with $109,242.50 in associated fees, which computes to approximately 4% of the total fees requested in the Application. The entries were displayed in Exhibit I to the preliminary report. In many instances, two or more firm professionals and/or paraprofessionals billed to attend the same internal conference, totaling 110.07 hours with $46,436.67 in associated fees. The entries describing intraoffice conferences attended by two or more firm personnel were highlighted in bold and marked with an ampersand [&] in Exhibit I. Stuart Maue requested that Alvarez Marsal provide a brief explanation for the necessity of more than one participant billing for the same intraoffice conference.

        In response to the preliminary report, Alvarez Marsal explained the need for intraoffice communication when dealing with a matter as complex as the Tribune bankruptcy and when addressing the requests of five separate financial advisory firms. The response explained the interactive process necessary to obtain and maintain information for an entity as large as the Tribune. Given the detail provided by the firm, Stuart Maue makes no recommendation for a fee reduction resulting from intraoffice conferences, and Exhibit I is omitted from this report.

       14.    **Administrative Activities.**  Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Likewise, activities relating to the training and assignment of tasks to staff members or the supervision of any administrative functions should be considered a cost of doing business and a factor

considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit time entries and invoices. "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991). Stuart Maue identified tasks, totaling 62.30 hours with $15,645.00 in associated fees, that appeared to describe administrative activities. The entries were displayed in Exhibit J to the preliminary report. The preliminary report stated that, pending additional information from Alvarez Marsal, it is Stuart Maue's intent to recommend a reduction in the requested fees for the administrative activities.

Alvarez Marsal provided a response to each time entry identified as potentially administrative. The firm explained how many of the activities were necessary and compensable work despite the description provided. However, the firm agreed that five time entries constituted administrative work and agreed to a voluntary fee reduction. In addition, the firm agreed that thirteen of the time entries constituted clerical work for which Alvarez Marsal now requests only partial payment of 50% of the resulting hours paid at the clerical rate of $80.00 per hour. In total, the firm agreed to a voluntary fee reduction in the amount of $6,265.00 resulting from the total or partial adjustment for entries displayed in Exhibit J attached hereto.

15.    **Clerical Activities.**  Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229

(1989). In this Court, there has been a practice of recommending that clerical activities be paid at the rate of $80.00 per hour and it is Stuart Maue's intent to follow that practice in this case. The entries describing clerical activities were displayed in Exhibit K to the preliminary report and total 117.24 hours with $35,908.00 in associated fees. The preliminary report stated that, pending additional information from the firm, it is Stuart Maue's intent to recommend that the entries be paid at the rate of $80.00 per hour.

In response, Alvarez Marsal addressed each of the time entries in question. The firm explained that many of the activities related to the creation of final schedules and statements within a database and the preparation of the statement of financial affairs. Other tasks merited individual explanations. However, the firm agreed that activities such as "prepare Fed Ex envelopes, copies of all paperwork" and "convert Sony KTLA contract to .pdf" constitute clerical work. Alvarez Marsal agreed to a voluntary fee reduction in the amount of $720.85 resulting from reducing time entries displayed in Exhibit K to this report to $80.00 per hour.

16.     **Travel.**  Local Rule 2016-2 (d)(viii) provides that non-working travel time "may be billed at no more than 50% of regular hourly rates." The Application included 16 entries describing non-working travel activities, all of which were billed at either one-half of the timekeepers' regular hourly rate or one-half of the travel time.

17.     **Alvarez Marsal Retention/Compensation.**  Stuart Maue identified entries related to the firm's retention and compensation. Alvarez Marsal billed 71.80 hours with associated fees of $15,680.00 to prepare the firm's retention documents and applications for compensation, which computes to less than 1% of the total fees billed by the firm. The fee entries describing retention/compensation activities were displayed in Exhibit L to the preliminary report. As Stuart Maue makes no fee recommendation for a fee reduction resulting from the retention/compensation activities, Exhibit L is omitted from this report.

**Review of Expenses**

18.    **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3 provide that factors relevant to a determination that the expense is proper include "Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Alvarez Marsal provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

19.    **Overhead Expenses.**  Section II.E.7 of the Guidelines provides that non-reimbursable overhead "includes, but is not limited to, word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges." Alvarez Marsal requested reimbursement of $115.56 for supplies.  The charge is displayed in the following table.

| Entry Date | Amount | Description |
|---|---|---|
| 04/03/09 | $115.56 | Binders for Tribune |

The supplies appear to be in the nature of an overhead expense.  The preliminary report stated that, pending additional information from the firm, it is Stuart Maue's intent to recommend that the firm's request for expense reimbursement be reduced by $115.56.

In response, Alvarez Marsal stated that the binders were purchased in order to house Tribune contracts and will be turned over to the client at the end of the engagement.  As the binders were not purchased for and will not be retained by the firm, Stuart Maue makes no recommendation for an expense reduction.

20.    **Wireless Usage Charges.**  Alvarez Marsal requested reimbursement of wireless usage charges totaling $3,924.07.  The Guidelines state that monthly car phone charges are considered overhead.  Stuart Maue requested that Alvarez Marsal provide an explanation of the charges and whether the expenses include any monthly service charges.  The wireless usage charges were displayed in Exhibit M to the preliminary report.

In response, Alvarez Marsal stated that though the firm believes the charges are appropriate, Alvarez Marsal agreed to a voluntary expense reduction of $3,924.07 resulting from the wireless usage charges.

21.    **Working Meals.**  Alvarez Marsal requested reimbursement of $7,937.98 for working meals.  In some instances it was not possible to determine if the meals related to meetings with people outside the firm or meals solely for Alvarez Marsal employees.  Stuart Maue requested that Alvarez Marsal provide an explanation of the purpose of the meal charges displayed in Exhibit N to the preliminary report.

In response, Alvarez Marsal stated that all the meals in question occurred at the client site – not at the firm's offices.  Accordingly, as all the meal charges were incurred while performing on-site services to the client the charges are appropriate, and Exhibit N is omitted from this report.  However, from the preliminary report Alvarez Marsal did identify several miscellaneous charges for soft drinks, coffee, or snacks that should not be charged to Tribune.  Accordingly, the firm agreed to a voluntary expense reduction in the amount of $243.54.

22.    **Vaguely Described Transportation.**  The firm requested reimbursement for travel related transportation ($1,754.97) and local transportation/parking ($2,532.80) which were sufficiently detailed in that the person who incurred the charge, the location, the date, and the amount of the expense were provided; however, the firm requested reimbursement for transportation expenses including parking and taxi services that were not sufficiently detailed.  For the parking and taxi expenses, the firm included the name of the person incurring the charge but did not include the location

where the charge was incurred, whether it was related to local or out-of-town travel, or the purpose or necessity of the charge. The charges in question, totaling $629.40, were displayed in Exhibit O to the preliminary report. Stuart Maue requested that Alvarez Marsal provide additional information regarding the transportation expenses displayed on the exhibit.

In response, Alvarez Marsal provided an exhibit containing additional information and detail to the expense items, all of which relate to (i) parking at Tribune, (ii) taxi fare to/from Tribune, or (iii) out of town transportation. Given the additional detail provided by the firm, Stuart Maue makes no recommendation for an expense reduction and Exhibit O is omitted from this report.

23.    **Overtime Transportation.** Alvarez Marsal requested reimbursement for transportation charges incurred by timekeepers to travel from the office to home. Although a firm may have a policy that personnel may be reimbursed for travel home when working late, such charges are generally considered part of the firm's overhead. The overtime transportation charges, totaling $625.50, were itemized in Exhibit P to the preliminary report. The preliminary report stated that, pending additional information from the firm, it is Stuart Maue's intent to recommend that the requested expense reimbursement be reduced by the overtime transportation charges.

In response, Alvarez Marsal stated that most of the questioned charges relate to transportation of firm personnel from the Tribune office rather than from the firm's office. Alvarez Marsal provided an exhibit with additional detail for the expense items. However, the firm identified four charges that did relate to transportation home from the office of Alvarez Marsal, and accordingly the firm agreed to a voluntary expense reduction in the amount of $53.00. Exhibit P is omitted from this report.

24.    **Overtime Meals.** Alvarez Marsal requested reimbursement for several dinners while working late. Although a firm may have a policy that personnel may be reimbursed for meals when working late, such charges are generally considered part of the firm's overhead. The overtime meal charges, totaling $216.77, were itemized in Exhibit Q to the preliminary report. The preliminary

report stated that, pending additional information from the firm, it is Stuart Maue's intent to recommend that the requested expense reimbursement be reduced by the overtime meal charges.

In response, Alvarez Marsal stated that, as with the items identified as working meals, all the questioned meal expenses were incurred while at the Tribune.   Stuart Maue makes no recommendation for an expense reduction, and Exhibit Q is omitted from this report.

25.    **Travel Meals.**  Alvarez Marsal requested reimbursement for travel meals in the amount of $750.30.  Based on prior rulings of this Court, meal charges should not exceed $15.00 per person for breakfast, $25.00 per person for lunch, and $50.00 per person for dinner.  Two of the charges incurred by Alvarez Marsal professionals exceed the ceiling amounts.  The entries in excess of the ceiling are displayed in the following table:

| Entry Date | Amount | Description | Meal Type | Ceiling (Multiplied by Number of Attendees) | Amount in Excess of Ceiling |
|---|---|---|---|---|---|
| 04/16/09 | $192.18 | Out of town dinner (Novak, Renee Berry). | Dinner | $100.00 | $92.18 |
| 04/22/09 | $180.00 | Out of town dinner (Hill, Novak). | Dinner | $100.00 | $80.00 |

The preliminary report stated that, pending additional information from the firm, it is Stuart Maue's intent to recommend that any amounts in excess of the ceilings, totaling $172.18, be disallowed.  In response, Alvarez Marsal agreed to a voluntary expense reduction in the amount of $172.18.

### Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above.  Stuart Maue recommends the approval of fees in the amount of $3,055,651.65 ($3,064,212.50 minus $8,560.85) and reimbursement of expenses in the amount of $22,317.71 ($26,710.50 minus $4,392.79) for the period from March 1, 2009, through May 31, 2009.  A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
     John L. Decker, Esq.
     3840 McKelvey Road
     St. Louis, Missouri  63044
     Telephone:  (314) 291-3030
     Facsimile:   (314) 291-6546
     tribunebkr@smmj.com

**Fee Examiner**

## APPENDIX A

## ALVAREZ & MARSAL NORTH AMERICA, LLC

### SUMMARY OF FINDINGS

#### Second Interim Fee Application (March 1, 2009 through May 31, 2009)

##### A.      Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $3,064,212.50 | |
| Expenses Requested | 26,710.50 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $3,090,923.00 |
| | | |
| Fees Computed | $3,064,082.50 | |
| Expenses Computed | 26,710.50 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $3,090,793.00 |
| | | |
| Discrepancy in Fees | $      130.00 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $      130.00 |

##### B.      Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $3,064,212.50 | |
| *Agreed Reduction for Discrepancy in Fees* | *($    130.00)* | |
| *Agreed Reduction for Potential Double Billing* | *(637.50)* | |
| *Agreed Reduction for Transient Timekeepers* | *(807.50)* | |
| *Agreed Reduction for Administrative Activities* | *(6,265.00)* | |
| *Agreed Reduction for Clerical Activities* | *(720.85)* | |
| Subtotal | *($8,560.85)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $3,055,651.65 |
| | | |
| Expenses Requested | $26,710.50 | |
| *Agreed Reduction for Wireless Usage Charges* | *($3,924.07)* | |
| *Agreed Reduction for Working Meals* | *(243.54)* | |
| *Agreed Reduction for Overtime Transportation* | *(53.00)* | |
| *Agreed Reduction for Travel Meals* | *(172.18)* | |
| Subtotal | *($4,392.79)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 22,317.71 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $3,077,969.36 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 29th day of January, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United Status Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Stuart M. Brown, Esq.
William E. Chipman Jr., Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. McClelland, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Thomas E. Hill, Esq.
Alvarez & Marsal North America, LLC
55 West Monroe Street, Suite 4000
Chicago, IL  60603

John L. Decker, Esq.

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES

**Alvarez & Marsal, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| BWHI | Whittman, Brian | MANAG DIRECTOR | $650.00 | $650.00 | 553.10 | $359,515.00 |
| THIL | Hill, Tom | MANAG DIRECTOR | $700.00 | $700.00 | 464.50 | $325,150.00 |
| SKOT | Kotarba, Steve | MANAG DIRECTOR | $475.00 | $475.00 | 192.80 | $91,580.00 |
| GKOU | Koutouras, George | MANAG DIRECTOR | $700.00 | $700.00 | 3.00 | $2,100.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $641.46 | | 1,213.40 | $778,345.00 |
| | | | | | % of Total:    15.19% | % of Total:    25.40% |
| TBEH | Behnke, Tom | SENIOR DIRECTOR | $475.00 | $475.00 | 1.70 | $807.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $475.00 | | 1.70 | $807.50 |
| | | | | | % of Total:    0.02% | % of Total:    0.03% |
| WSTO | Stotzer, William | DIRECTOR | $450.00 | $450.00 | 536.80 | $241,560.00 |
| PKIN | Kinealy, Paul | DIRECTOR | $375.00 | $375.00 | 523.90 | $196,462.50 |
| GHOW | Howard, Griffin | DIRECTOR | $500.00 | $500.00 | 109.10 | $54,550.00 |
| MZEI | Zeiss, Mark | DIRECTOR | $350.00 | $350.00 | 54.60 | $19,110.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $417.90 | | 1,224.40 | $511,682.50 |
| | | | | | % of Total:    15.32% | % of Total:    16.70% |
| RSTO | Stone, Richard | SR. ASSOCIATE | $400.00 | $400.00 | 633.40 | $253,360.00 |
| SKAU | Kaufman, Stuart | SR. ASSOCIATE | $400.00 | $400.00 | 499.40 | $199,760.00 |
| RSAL | Sallman, Robert | SR. ASSOCIATE | $400.00 | $400.00 | 300.50 | $120,200.00 |
| RNOV | Novak, Robert | SR. ASSOCIATE | $400.00 | $400.00 | 293.50 | $117,400.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $400.00 | | 1,726.80 | $690,720.00 |
| | | | | | % of Total:    21.61% | % of Total:    22.54% |
| MFRA | Frank, Matt | ASSOCIATE | $350.00 | $350.00 | 569.20 | $199,220.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Alvarez & Marsal, LLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $350.00 | | 569.20 | $199,220.00 |
| | | | | | % of Total: 7.12% | % of Total: 6.50% |
| SSTU | Stutz, Sara | CONSULTANT | $250.00 | $250.00 | 459.10 | $114,775.00 |
| ABER | Bergman, Angela | CONSULTANT | $250.00 | $250.00 | 380.40 | $95,100.00 |
| EDRO | de Roziere, Elizabeth | CONSULTANT | $250.00 | $250.00 | 267.80 | $66,950.00 |
| RNIE | Niemerg, Richard | CONSULTANT | $300.00 | $300.00 | 216.30 | $64,890.00 |
| RESP | Esposito, Robert | CONSULTANT | $300.00 | $300.00 | 85.50 | $25,650.00 |
| JSTR | Strohl, Jamie | CONSULTANT | $275.00 | $275.00 | 64.00 | $17,600.00 |
| LHOE | Hoeflich, Lauren | CONSULTANT | $275.00 | $275.00 | 47.10 | $12,952.50 |
| DMAR | Martinelli, David | CONSULTANT | $250.00 | $250.00 | 11.00 | $2,750.00 |
| | No. of Billers for Position: 8 | Blended Rate for Position: | $261.67 | | 1,531.20 | $400,667.50 |
| | | | | | % of Total: 19.16% | % of Total: 13.08% |
| MBER | Berger, Mark | ANALYST | $300.00 | $300.00 | 586.40 | $175,920.00 |
| SHOU | Hough, Sean | ANALYST | $300.00 | $300.00 | 533.70 | $160,110.00 |
| EJOH | Johnston, Elizabeth | ANALYST | $250.00 | $250.00 | 526.20 | $131,550.00 |
| KFEL | Feldman, Kate | ANALYST | $250.00 | $250.00 | 11.40 | $2,850.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $283.78 | | 1,657.70 | $470,430.00 |
| | | | | | % of Total: 20.75% | % of Total: 15.35% |
| MNAP | Napoliello, Mary | PARAPROFESSIONA | $185.00 | $185.00 | 66.00 | $12,210.00 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $185.00 | | 66.00 | $12,210.00 |
| | | | | | % of Total: 0.83% | % of Total: 0.40% |
| | Total No. of Billers: 27 | Blended Rate for Report: | $383.47 | | 7,990.40 | $3,064,082.50 |

EXHIBIT B

POTENTIAL DOUBLE BILLING

Alvarez & Marsal, LLC

POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Kinealy, P | 3.40 | 1,275.00 |
| | 3.40 | $1,275.00 |

POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Kinealy, P | 1.70 | 637.50 |
| | 1.70 | $637.50 |

EXHIBIT B
POTENTIAL DOUBLE BILLING
Alvarez & Marsal, LLC

POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
| --- | --- | --- |
| Disposition | 1.70 | 637.50 |
| Statements/Schedules | 1.70 | 637.50 |
| | 3.40 | $1,275.00 |

POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
| --- | --- | --- |
| Disposition | 1.70 | 637.50 |
| Statements/Schedules | 0.00 | 0.00 |
| | 1.70 | $637.50 |

EXHIBIT F

POTENTIAL DOUBLE BILLING

Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 04/07/09 Tue | Kinealy, P 043009-200/1931 | 1.70 | 1.70 | 637.50 | | | *MATTER NAME: Statements/Schedules*<br>1 REVIEW OF UPDATED NOTICE INFORMATION FOR UPCOMING SALE MOTION. |
| 04/07/09 Tue | Kinealy, P 043009-230/1613 | 1.70 | 1.70 | 637.50 | & | 1 | *MATTER NAME: Disposition*<br>REVIEW OF UPDATED NOTICE INFORMATION FOR UPCOMING SALE MOTION. |

|  | | | | |
|---|---|---|---|---|
| TOTAL OF ALL ENTRIES | | 3.40 | $1,275.00 |
| TOTAL ENTRY COUNT: | 2 | | |
| TOTAL TASK COUNT: | 2 | | |
| TOTAL OF & ENTRIES | | 1.70 | $637.50 |
| TOTAL ENTRY COUNT: | 1 | | |
| TOTAL TASK COUNT: | 1 | | |

EXHIBIT B

POTENTIAL DOUBLE BILLING

Alvarez & Marsal, LLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Kinealy, P | 3.40 | 1,275.00 |
| | 3.40 | $1,275.00 |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Kinealy, P | 1.70 | 637.50 |
| | 1.70 | $637.50 |

EXHIBIT B

POTENTIAL DOUBLE BILLING

Alvarez & Marsal, LLC

SUMMARY OF HOURS AND FEES BY MATTER FOR

POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Disposition | 1.70 | 637.50 |
| Statements/Schedules | 1.70 | 637.50 |
| | 3.40 | $1,275.00 |

SUMMARY OF HOURS AND FEES BY MATTER FOR

POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Disposition | 1.70 | 637.50 |
| Statements/Schedules | 0.00 | 0.00 |
| | 1.70 | $637.50 |

EXHIBIT C

TRANSIENT TIMEKEEPERS

Alvarez & Marsal, LLC

| TIMEKEEPER NAME | HOURS | FEES |
| --- | --- | --- |
| Behnke, T | 1.70 | 807.50 |
| | 1.70 | $807.50 |

| MATTER NAME | HOURS | FEES |
| --- | --- | --- |
| Claims | 1.70 | 807.50 |
| | 1.70 | $807.50 |

EXHIBIT C  PAGE 1 of 3

EXHIBIT C

TRANSIENT TIMEKEEPERS

Alvarez & Marsal, LLC

| TIMEKEEPER NAME | DATE | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|
| Behnke, T | 05/27/09    Wed 053109-60/594 | 1.70 | 1.70 | 807.50 | MATTER NAME: Claims |
| | | | | | 1  PREPARE FOR AND ATTEND THE CLAIMS RECONCILIATION MEETING AT THE TRIBUNE. |
| | NUMBER OF ENTRIES:    1 | | 1.70 | 807.50 | |
| Total | | | 1.70 | $807.50 | |
| Number of Entries:    1 | | | | | |

EXHIBIT C  PAGE 2 of 3

EXHIBIT C

TRANSIENT TIMEKEEPERS

Alvarez & Marsal, LLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Behnke, T | 1.70 | 807.50 |
| | 1.70 | $807.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Claims | 1.70 | 807.50 |
| | 1.70 | $807.50 |

EXHIBIT C  PAGE 3 of 3

EXHIBIT J

ADMINISTRATIVE ACTIVITIES

Alvarez & Marsal, LLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bergman, A | 1.30 | 325.00 |
| Johnston, E | 5.30 | 1,325.00 |
| Kinealy, P | 0.50 | 187.50 |
| Napoliello, M | 29.50 | 5,457.50 |
| Stutz, S | 0.60 | 150.00 |
| | 37.20 | $7,445.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 29.50 | 5,457.50 |
| Statements/Schedules | 7.70 | 1,987.50 |
| | 37.20 | $7,445.00 |

EXHIBIT J

ADMINISTRATIVE ACTIVITIES

Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 03/11/09 Wed | Napoliello, M 033109-130/1616 | 1.40 | 1.40 | 259.00 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT TIME DETAIL. |
| 03/13/09 Fri | Bergman, A 033109-200/1819 | 1.30 | 1.30 | 325.00 | MATTER NAME: Statements/Schedules<br>1 PHYSICALLY DELIVER PRINTED SOFA AND SCHEDULES FOR REVIEW. |
| 03/22/09 Sun | Napoliello, M 033109-130/1618 | 2.70 | 2.70 | 499.50 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT FEBRUARY TIME DETAIL. |
| 03/25/09 Wed | Napoliello, M 033109-130/1620 | 2.80 | 2.80 | 518.00 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT FEBRUARY TIME DETAIL. |
| 03/25/09 Wed | Stutz, S 033109-200/2587 | 0.60 | 0.60 | 150.00 | MATTER NAME: Statements/Schedules<br>1 DELIVER FINAL STATEMENTS AND SOFAS TO TRIBUNE TOWER. |
| 03/26/09 Thu | Napoliello, M 033109-130/1622 | 3.40 | 3.40 | 629.00 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT TIME DETAIL. |
| 03/26/09 Thu | Napoliello, M 033109-130/1623 | 2.30 | 2.30 | 425.50 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT FEBRUARY EXPENSE DATA. |
| 03/27/09 Fri | Napoliello, M 033109-130/1626 | 1.80 | 1.80 | 333.00 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT TIME DETAIL FOR FEBRUARY STATEMENT. |
| 03/27/09 Fri | Napoliello, M 033109-130/1627 | 2.20 | 2.20 | 407.00 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT EXPENSE DATA FOR FEBRUARY STATEMENT. |
| 04/14/09 Tue | Kinealy, P 043009-200/2084 | 0.50 | 0.50 | 187.50 | MATTER NAME: Statements/Schedules<br>1 REVIEW MARCH TIME ENTRIES FOR CMS. |
| 04/18/09 Sat | Napoliello, M 043009-130/1687 | 0.80 | 0.40 | 74.00 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT MARCH DATA;<br>2 SEND REMINDER EMAIL TO STAFF REQUESTING MISSING DATA. |
| 04/20/09 Mon | Johnston, E 043009-200/2189 | 3.50 | 3.50 | 875.00 | MATTER NAME: Statements/Schedules<br>1 REVIEW TIME ENTRIES FOR MOTION. |
| 04/20/09 Mon | Napoliello, M 043009-130/1688 | 2.60 | 2.60 | 481.00 | MATTER NAME: Fee Application<br>1 REVIEW AND EDIT MARCH TIME DATA. |

EXHIBIT J

ADMINISTRATIVE ACTIVITIES

Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
| 04/21/09 Tue | Johnston, E 043009-200/2218 | 1.80 | 1.80 | 450.00 | *MATTER NAME: Statements/Schedules*<br>1 COMPLETE REVIEW OF TIME ENTRIES FOR MOTION. |
| 04/24/09 Fri | Napoliello, M 043009-130/1690 | 2.50 | 2.50 | 462.50 | *MATTER NAME: Fee Application*<br>1 REVIEW AND EDIT MARCH TIME DETAIL. |
| 04/24/09 Fri | Napoliello, M 043009-130/1691 | 1.70 | 1.70 | 314.50 | *MATTER NAME: Fee Application*<br>1 REVIEW AND EDIT MARCH EXPENSE DETAIL. |
| 04/25/09 Sat | Napoliello, M 043009-130/1692 | 2.40 | 2.40 | 444.00 | *MATTER NAME: Fee Application*<br>1 REVIEW AND EDIT MARCH TIME ENTRIES. |
| 04/26/09 Sun | Napoliello, M 043009-130/1695 | 3.30 | 3.30 | 610.50 | *MATTER NAME: Fee Application*<br>1 REVIEW AND FORMAT TIME ENTRIES. |
| Total | | | 37.20 | $7,445.00 | |
| Number of Entries: | 18 | | | | |

EXHIBIT J

ADMINISTRATIVE ACTIVITIES

Alvarez & Marsal, LLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bergman, A | 1.30 | 325.00 |
| Johnston, E | 5.30 | 1,325.00 |
| Kinealy, P | 0.50 | 187.50 |
| Napoliello, M | 29.50 | 5,457.50 |
| Stutz, S | 0.60 | 150.00 |
| | 37.20 | $7,445.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Fee Application | 29.50 | 5,457.50 |
| Statements/Schedules | 7.70 | 1,987.50 |
| | 37.20 | $7,445.00 |

EXHIBIT K

CLERICAL ACTIVITIES

Alvarez & Marsal, LLC

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Frank, M | 0.20 | 70.00 |
| Johnston, E | 2.50 | 625.00 |
| Napoliello, M | 0.45 | 83.25 |
| Stotzer, W | 0.43 | 195.00 |
| Stutz, S | 0.20 | 50.00 |
| | 3.78 | $1,023.25 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| AP/Vendor Issues | 0.20 | 70.00 |
| Contract | 0.43 | 195.00 |
| Fee Application | 0.45 | 83.25 |
| Statements/Schedules | 2.70 | 675.00 |
| | 3.78 | $1,023.25 |

EXHIBIT K

CLERICAL ACTIVITIES

Alvarez & Marsal, LLC

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 03/13/09 Fri | Stutz, S 033109-200/2501 | 0.20 | 0.20 | 50.00 | | *MATTER NAME: Statements/Schedules*<br>1 SET UP USERS TO PRINT AT COMPANY OFFICE. |
| 03/18/09 Wed | Johnston, E 033109-200/2166 | 2.50 | 2.50 | 625.00 | | *MATTER NAME: Statements/Schedules*<br>1 ORGANIZE PRINTING PHYSICAL COPIES AND BIND COPIES OF SOFAS AND SCHEDULES FOR 5 DEBTORS, AND DELIVER TO COMPANY OFFICES. |
| 04/07/09 Tue | Napoliello, M 043009-130/1677 | 0.90 | 0.45 | 83.25 | | *MATTER NAME: Fee Application*<br>1 DOWNLOAD DATA;<br>2 FORMAT TIME AND EXPENSE FILE AND SEND TO LINDA COOPER (FEE EXAMINER). |
| 04/13/09 Mon | Frank, M 043009-30/375 | 0.60 | 0.20 | 70.00 | | *MATTER NAME: AP/Vendor Issues*<br>1 ISSUES RELATED TO UTILITY DEPOSIT CHECKS MAILINGS;<br>2 PREPARE FED EX ENVELOPES, COPIES OF ALL PAPERWORK;<br>3 FOLLOW UP CALLS TO CONFIRM ZIP CODE. |
| 04/21/09 Tue | Stotzer, W 043009-80/1149 | 0.30 | 0.20 | 90.00 | | *MATTER NAME: Contract*<br>1 CONVERT PROGRAMMING CONTRACTS TO .PDF FOR AROUND THE WORLD FOR FREE AND GINKO LEAF_CULTIVATING LIFE;<br>2 CONVERT SONY KTLA CONTRACT TO .PDF;<br>3 POST TO DATA SITE. |
| 04/29/09 Wed | Stotzer, W 043009-80/1338 | 0.70 | 0.23 | 105.00 | | *MATTER NAME: Contract*<br>1 READ AT&T CONTRACT FROM JOHN WOLAK (TRIBUNE) AND<br>2 CONVERT TO PDF DOCUMENT FOR UPLOADING TO THE CONTRACTS DATA SITE.<br>3 DISCUSS UNSIGNED AT&T CONTRACT WITH J. WOLAK (TRIBUNE). |
| Total | | | 3.78 | $1,023.25 | | |
| Number of Entries: | 6 | | | | | |

EXHIBIT K

CLERICAL ACTIVITIES

Alvarez & Marsal, LLC

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Frank, M | 0.20 | 70.00 |
| Johnston, E | 2.50 | 625.00 |
| Napoliello, M | 0.45 | 83.25 |
| Stotzer, W | 0.43 | 195.00 |
| Stutz, S | 0.20 | 50.00 |
| | 3.78 | $1,023.25 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| AP/Vendor Issues | 0.20 | 70.00 |
| Contract | 0.43 | 195.00 |
| Fee Application | 0.45 | 83.25 |
| Statements/Schedules | 2.70 | 675.00 |
| | 3.78 | $1,023.25 |

EXHIBIT M

Wireless Usage Charges

Alvarez & Marsal, LLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| 01/23/09 | 033109/74 | 63.31 | | 63.31 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES (DEC). - MISCELLANEOUS - FRANK |
| 02/01/09 | 033109/214 | 47.39 | | 47.39 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - SCHMALTZ |
| 03/15/09 | 033109/134 | 46.10 | | 46.10 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGE. - MISCELLANEOUS - JOHNSTON |
| 03/23/09 | 033109/226 | 19.15 | | 19.15 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGE. - MISCELLANEOUS - STONE |
| 03/23/09 | 033109/90 | 74.81 | | 74.81 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES (FEB). - MISCELLANEOUS - HILL |
| 03/23/09 | 033109/204 | 47.57 | | 47.57 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - NOVAK |
| 03/23/09 | 033109/203 | 47.57 | | 47.57 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES (FEB). - MISCELLANEOUS - NOVAK |
| 03/23/09 | 033109/126 | 95.51 | | 95.51 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - HOWARD |
| 03/23/09 | 033109/65 | 88.18 | | 88.18 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - DE ROZIERE |
| 03/23/09 | 033109/231 | 0.86 | | 0.86 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STROHL |
| 03/23/09 | 033109/232 | 25.22 | | 25.22 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES (FEB). - MISCELLANEOUS - WHITTMAN |
| 03/23/09 | 033109/89 | 32.01 | | 32.01 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES (FEB). - MEALS - FRANK |
| 03/23/09 | 033109/212 | 62.06 | | 62.06 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - SALLMANN |
| 03/31/09 | 033109/233 | 2.58 | | 2.58 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - ZEISS |
| 03/31/09 | 033109/230 | 90.56 | | 90.56 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STOTZER |
| 03/31/09 | 033109/195 | 40.02 | | 40.02 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - NIEMERG |
| 03/31/09 | 033109/188 | 24.27 | | 24.27 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - KOTARBA |
| 03/31/09 | 033109/187 | 40.39 | | 40.39 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - KINEALY |

EXHIBIT M

Wireless Usage Charges

Alvarez & Marsal, LLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| 03/31/09 | 033109/167 | 135.31 | | 135.31 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - KAUFMAN |
| 03/31/09 | 033109/144 | 37.62 | | 37.62 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGE. - MISCELLANEOUS - JOHNSTON |
| 03/31/09 | 033109/102 | 130.98 | | 130.98 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - HOUGH |
| 03/31/09 | 033109/91 | 138.84 | | 138.84 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES (JAN). - MISCELLANEOUS - HILL |
| 03/31/09 | 033109/55 | 19.08 | | 19.08 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - BERGMAN |
| 03/31/09 | 053109/131 | 4.37 | | 4.37 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STUTZ |
| 03/31/09 | 033109/1 | 29.11 | | 29.11 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES (FEB). - MISCELLANEOUS - ARNETT |
| 03/31/09 | 033109/46 | 78.26 | | 78.26 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - BERGER |
| 03/31/09 | 053109/31 | 10.66 | | 10.66 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - ESPOSITO |
| 04/15/09 | 043009/86 | 46.69 | | 46.69 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - JOHNSTON |
| 04/30/09 | 043009/184 | 106.49 | | 106.49 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - BERGER |
| 04/30/09 | 043009/185 | 54.74 | | 54.74 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - BERGMAN |
| 04/30/09 | 043009/186 | 18.09 | | 18.09 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - DE ROZIERE |
| 04/30/09 | 043009/187 | 45.35 | | 45.35 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - ESPOSITO |
| 04/30/09 | 043009/188 | 120.95 | | 120.95 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - FRANK |
| 04/30/09 | 043009/189 | 104.14 | | 104.14 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - HILL |
| 04/30/09 | 043009/190 | 12.15 | | 12.15 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - HOEFLICH |
| 04/30/09 | 043009/192 | 130.98 | | 130.98 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - HOUGH |

EXHIBIT M

Wireless Usage Charges

Alvarez & Marsal, LLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| 04/30/09 | 043009/193 | 77.51 | | 77.51 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - JOHNSTON |
| 04/30/09 | 043009/194 | 89.16 | | 89.16 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - KAUFMAN |
| 04/30/09 | 043009/195 | 81.67 | | 81.67 | MATTER NAME: Expenses - Expenses<br>WIRLESS USAGE CHARGES. - MISCELLANEOUS - KINEALY |
| 04/30/09 | 043009/196 | 7.99 | | 7.99 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - KOTARBA |
| 04/30/09 | 043009/197 | 39.94 | | 39.94 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - NIEMERG |
| 04/30/09 | 043009/198 | 33.03 | | 33.03 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - NOVAK |
| 04/30/09 | 043009/199 | 60.55 | | 60.55 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - SALLMANN |
| 04/30/09 | 043009/202 | 19.15 | | 19.15 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STONE |
| 04/30/09 | 043009/203 | 72.32 | | 72.32 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STOTZER |
| 04/30/09 | 043009/204 | 12.31 | | 12.31 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STROHL |
| 04/30/09 | 043009/205 | 76.64 | | 76.64 | MATTER NAME: Expenses - Expenses<br>WIRLESS USAGE CHARGES. - MISCELLANEOUS - STUTZ |
| 04/30/09 | 043009/206 | 28.16 | | 28.16 | MATTER NAME: Expenses - Expenses<br>WIRLESS USAGE CHARGES. - MISCELLANEOUS - WHITTMAN |
| 04/30/09 | 043009/207 | 2.45 | | 2.45 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - ZEISS |
| 05/15/09 | 053109/63 | 24.08 | | 24.08 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - JOHNSTON |
| 05/21/09 | 053109/107 | 5.36 | | 5.36 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - KINEALY |
| 05/23/09 | 053109/30 | 5.10 | | 5.10 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES - MISCELLANEOUS - DE ROZIERE |
| 05/23/09 | 053109/152 | 22.00 | | 22.00 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - WHITTMAN |
| 05/23/09 | 053109/128 | 0.32 | | 0.32 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES - MISCELLANEOUS - STROHL |

EXHIBIT M

Wireless Usage Charges

Alvarez & Marsal, LLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| 05/23/09 | 053109/126 | 45.35 | | 45.35 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STONE |
| 05/23/09 | 053109/125 | 10.49 | | 10.49 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - SALLMANN |
| 05/23/09 | 053109/123 | 24.32 | | 24.32 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - NOVAK |
| 05/23/09 | 053109/39 | 159.88 | | 159.88 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - FRANK |
| 05/29/09 | 053109/92 | 173.78 | | 173.78 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - AT CLIENT SITE. - MEALS - KAUFMAN |
| 05/29/09 | 053109/106 | 82.40 | | 82.40 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - KINEALY |
| 05/29/09 | 053109/29 | 57.29 | | 57.29 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - BERGMAN |
| 05/29/09 | 053109/108 | 60.63 | | 60.63 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES - MISCELLANEOUS - KOTARBA |
| 05/29/09 | 053109/112 | 8.28 | | 8.28 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - MARTINELLI |
| 05/29/09 | 053109/113 | 59.03 | | 59.03 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - NIEMERG |
| 05/29/09 | 053109/32 | 1.29 | | 1.29 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - ESPOSITO |
| 05/29/09 | 053109/156 | 12.76 | | 12.76 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES - MISCELLANEOUS - ZEISS |
| 05/29/09 | 053109/62 | 81.64 | | 81.64 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - JOHNSTON |
| 05/29/09 | 053109/47 | 132.01 | | 132.01 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - HOUGH |
| 05/29/09 | 053109/45 | 132.01 | | 132.01 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - HOUGH |
| 05/29/09 | 053109/44 | 1.77 | | 1.77 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - HOEFLICH |
| 05/29/09 | 053109/127 | 79.33 | | 79.33 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STOTZER |
| 05/29/09 | 053109/130 | 72.70 | | 72.70 | MATTER NAME: Expenses - Expenses<br>WIRELESS USAGE CHARGES. - MISCELLANEOUS - STUTZ |

EXHIBIT M
Wireless Usage Charges

Alvarez & Marsal, LLC

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
|      |                | $3,924.07     |               | $3,924.07      |             |