IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: Feb. 18, 2010 at 10:00 a.m. ET**<br>**Objection Deadline: Feb. 11, 2010 at 4:00 p.m. ET** |

## DEBTORS' MOTION FOR AN ORDER
## PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING
## DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE
## A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

Tribune Company ("Tribune") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the "Motion"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a/ Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order further extending the Debtors' exclusive periods to file a chapter 11 plan or plans of reorganization through and including June 8, 2010 and to solicit acceptances of such plan(s) through and including August 6, 2010.[2] In support of this Motion, Tribune and its affiliated Debtors[3] respectfully state as follows:

1. At the December 1, 2009 omnibus hearing, the Debtors described for the Court their "highly developed view" of a plan of reorganization characterized by a de-leveraged Tribune, where most of the "moving parts"—e.g., the organizational framework, mechanics and infrastructure—have been largely developed and the remaining issue centers on the allocation of distributable value between competing creditor groups. Negotiations on this central issue, informed by the parties' review of the leveraged ESOP transaction, continue to be active and ongoing, and the Debtors remain confident in their ability to bring these cases to resolution, a resolution that ensures the continued stability of their business operations, allows the businesses to emerge from chapter 11 protection intact and maximizes enterprise value for their creditor constituencies.

2. The Debtors are working toward filing their plan of reorganization prior to February 28, 2010. If a plan is not on file by the February 18 hearing, the Debtors will advise

---

[2] As may be extended by the Court, the debtors have an initial exclusivity period during which they have the exclusive right to file a plan (the "Exclusive Filing Period"), and if the debtors file a plan within the Exclusive Filing Period, they have an initial exclusivity period to solicit acceptance of such plan (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods"). 11 U.S.C. §§ 1121(b), (c)(3). The Debtors' Exclusive Periods have been extended three times, with the Exclusive Filing Period currently extended through February 28, 2010 and the Exclusive Solicitation Period extended through April 29, 2010 (Docket No. 2839).

[3] The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 1121(d) of the Bankruptcy Code, Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

the Court at the hearing of the status of their efforts in this regard and the proposed path (including timing) toward plan confirmation. The Debtors remain steadfast in their belief that a plan of reorganization proposed by the Debtors is the most appropriate, efficient and value maximizing manner in which to proceed. Whether the Debtors propose a global settlement (as is the Debtors' hope) or a framework to achieve a global resolution, the Debtors' process is infinitely preferable to a competing plan environment.

3. The Debtors understand that, as the time for filing a plan is drawing close, various factions are and will seek to jockey for tactical advantage. If exclusivity is terminated, disputes among creditor factions competing for their respective positions will almost certainly become the central focus of these cases. Such a turn of events would mire these cases in protracted and contested proceedings, and extend the Debtors' stay in chapter 11 at enormous expense to the estates and material damage to business operations, by, among other things, prejudicing their ability to provide assurances as to their future to business partners, customers, employees and vendors. Some Court determinations may ultimately be necessary to definitively address certain issues related to the leveraged ESOP transaction, but if that is the case, efforts to reach these determinations should be employed surgically, as a tool to achieve global resolution through a confirmable plan. The Debtors seek a fair and reasonable chance to complete their plan process within the Exclusive Periods, rather than prematurely opening the floodgates to alternative plans and free-for-all litigation. The proposed alternatives to the Debtors' plan process threaten to disrupt the Debtors' businesses and invite value destruction, effectively wiping out benefits from the plan negotiations.

**RELIEF REQUESTED**

4. Section 1121(d) permits this Court to extend the Exclusive Periods for "cause." By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that (i) the Exclusive Filing Period in which the Debtors have the exclusive right to file a chapter 11 plan be extended through and including June 8, 2010; and (ii) the Exclusive Solicitation Period in which the Debtors have the exclusive right to solicit acceptance of such plan be extended through and including August 6, 2010. The Debtors' request extends the Exclusive Periods to the statutory limits and, if granted in the duration requested, will constitute their last such request, in accordance with Bankruptcy Code section 1121(d)(2).

**BASIS FOR RELIEF**

5. The principal goal of chapter 11 is the successful rehabilitation of a debtor's business, which serves to, among other things, increase the pool of assets available for distribution to creditors. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 220 (1977). The provisions of chapter 11 reflect congressional intent that the principal means of successful rehabilitation should be a considered and consensual plan. See, e.g., Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987). Accordingly, the bankruptcy court may lengthen the Exclusive Periods for "cause" after notice and a hearing. 11 U.S.C. § 1121(d). The party requesting the extension bears the burden of establishing "cause." Bunch v. Hoffinger Indus. (In re Hoffinger Indus.), 292 B.R. 639, 643 (8th Cir. BAP 2003); In re Sharon Steel Corp., 78 B.R. 762, 765 (Bankr. W.D. Pa. 1987). A movant will have met its burden and a court should grant the extension based on a "showing of some promise of probable success for reorganization." Hoffinger, 292 B.R. at 643; see also In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989).

6.	It is well established that the decision to extend the Debtors' Exclusive Periods is committed to the sound discretion of the Court and should be based upon the facts and circumstances of each case. See First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986). Although the Bankruptcy Code does not define "cause," courts have looked to legislative history for guidance. See In re Gibson & Cushman Dredging Corp., 101 B.R. at 409; In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Congress intended that the Exclusive Periods be of adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan without the disruption to the business that would occur with competing plans. See Geriatrics Nursing Home v. First Fidelity Bank, N.A., 187 B.R. 128, 133 (D.N.J. 1995). Further, Congress recognized that in large and complex cases extensions will be necessary to afford a debtor sufficient time to formulate and negotiate a plan. H.R. Rep. No. 595, 95th Cong. 1st Sess. 232 (1977).

7.	The Debtors submit that "cause" to extend the Exclusive Periods is demonstrated by their efforts to date, the progress in these cases and the prospect for plan confirmation in the near term, as will be described for the Court in greater detail at the hearing on this Motion.[4] Termination of exclusivity, in contrast, will all but ensure that litigation by warring factions will supplant plan negotiations, resulting in a prolonged and value-eroding stalemate, until the litigation is eventually resolved. This result would not be in the best interests of these estates or any of the Debtors' constituencies.

---

[4] In the prior three exclusivity motions, the Debtors extensively discussed the various factors used to determine whether to grant extensions, including the large size and complexity of these cases, the Debtors' good faith progress toward a plan, the lack of prejudice toward creditors, among other considerations. For a discussion of the factors, see, e.g., Cont'l Cas. Co. v. Burns & Roe Enters., Inc. (In re Burns & Roe Enters., Inc.), 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); In re Central Jersey Airport Servs., LLC, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); In re R.G. Pharm., Inc., 374 B.R. 484, 487 (Bankr. D. Conn. 2007); In re Adelphia Commc'ns Corp., 352 B.R. 578,587 (Bankr. S.D.N.Y. 2006); In re Dow Corning Corp., 208 B.R. 661, 665-66 (Bankr. E.D. Mich. 1997). Here, so as not to burden the Court, the Debtors have concentrated on the critical issues at this juncture.

## NOTICE

8. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Official Committee; (vi) counsel to the Steering Committee; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[Remainder of this page intentionally left blank]

WHEREFORE, the Debtors respectfully request entry of an order substantially in the form of the proposed order attached hereto as Exhibit A (i) extending the Exclusive Filing Period through and including June 8, 2010, (ii) extending the Exclusive Solicitation Period through and including August 6, 2010 and (iii) granting such other relief as is just and proper.

Dated:  Wilmington, Delaware          Respectfully submitted,
        February 1, 2010

                                      SIDLEY AUSTIN LLP
                                      James F. Conlan
                                      Bryan Krakauer
                                      Janet E. Henderson
                                      Candice L. Kline
                                      One South Dearborn Street
                                      Chicago, IL 60603
                                      Telephone: (312) 853-7000
                                      Facsimile: (312) 853-7036

                                              -and-

                                      COLE, SCHOTZ, MEISEL,
                                      FORMAN & LEONARD, P.A.

                                      By: _____
                                      Norman L. Pernick (No. 2290)
                                      J. Kate Stickles (No. 2917)
                                      Patrick J. Reilley (No. 4451)
                                      500 Delaware Avenue, Suite 1410
                                      Wilmington, DE 19801
                                      Telephone: (302) 652-3131
                                      Facsimile: (302) 652-3117

                                      ATTORNEYS FOR DEBTORS AND
                                      DEBTORS IN POSSESSION