# **<u>EXHIBIT A</u>**

CH1 5139078v.9
46429/0001-6289711v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 476 |

## ORDER APPROVING STIPULATION MODIFYING THE AUTOMATIC STAY TO PERMIT ANDREW AND JENNIFER FAGGIO TO CONTINUE MEDIATION WITH RESPECT TO A PERSONAL INJURY ACTION AGAINST DEBTOR THE HARTFORD COURANT COMPANY

Upon consideration of the Stipulation Modifying the Automatic Stay to Permit Andrew and Jennifer Faggio to Continue Mediation With Respect to a Personal Injury Action Against Debtor The Hartford Courant Company (the "Stipulation"), a copy of which is annexed hereto as Exhibit A, it is hereby:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

ORDERED, that the Stipulation is approved.

Dated: Wilmington, Delaware
April 9, 2009

*[signature]*
Honorable Kevin J. Carey, Chief
United States Bankruptcy Judge

2

# EXHIBIT A

# STIPULATION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 476** |

## STIPULATION MODIFYING THE AUTOMATIC STAY TO PERMIT ANDREW AND JENNIFER FAGGIO TO CONTINUE MEDIATION WITH RESPECT TO A PERSONAL INJURY ACTION AGAINST DEBTOR THE HARTFORD COURANT COMPANY

This Stipulation is entered into by and between Debtor The Hartford Courant Company (the "Hartford Courant") on the one hand and Andrew and Jennifer Faggio (collectively, the "Faggios" and, together with Hartford Courant, the "Parties") on the other hand.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A. On or about December 29, 2004, the Faggios commenced a personal injury action in the Superior Court of Middlesex County at Middletown Connecticut entitled <u>Jennifer Faggio, Conservator of Andrew Faggio and Jennifer Faggio vs. Leon Brown, et al.</u>, Docket No. MMX-CV-05-4003488S (X04) (the "State Court Action"). On or about October 16, 2006, the Faggios filed that certain Third Amended Complaint against Leon Brown and Hartford Courant alleging injuries on account of an incident occurring on or about January 31, 2003.

B. At the time of the incident, Debtor Tribune Company, the ultimate parent company of Hartford Courant, maintained certain insurance policies applicable to Hartford Courant. The deductible obligation in connection with the aforementioned insurance coverage is $1 million.

C. On December 8, 2008 (the "Petition Date") Tribune Company and most of its wholly owned subsidiaries, including Hartford Courant (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

D. On the Petition Date, the Parties were scheduled to participate in non-binding mediation before the Honorable Robert Holzberg, Judge of the Superior Court, Middletown, Connecticut. The mediation and the State Court Action were automatically stayed pursuant to section 362(a) of the Bankruptcy Code.

E. As of the Petition Date, the Debtors had expended approximately $522,298.04 in relation to insurance deductible obligations under the insurance coverage

2

applicable to the State Court Action, leaving a remaining insurance deductible of $477,701.96 (the "Deductible Amount").

F.  On March 5, 2009 the Faggios filed a Motion For Relief From Stay [Docket No. 476] (the "Motion") requesting relief from the automatic stay provided to Hartford Courant pursuant to section 362 of the Bankruptcy Code. In the Motion, the Faggios sought relief from the automatic stay to allow the State Court Action to proceed to final judgment.

G.  The Parties desire to modify the automatic stay to permit the Faggios to (a) proceed with mediation of the State Court Action before the Honorable Robert Holzberg, Judge of the Superior Court, Middletown, Connecticut and (b) recover any settlements obtained thereby from applicable insurance proceeds.

H.  NOW THEREFORE, in consideration of the foregoing and the promises and agreements set forth hereinafter, the Parties hereby stipulate and agree as follows:

## STIPULATION

1.  The automatic stay provided for under section 362 of the Bankruptcy Code shall be, and hereby is, modified for the sole and limited purposes of permitting the Faggios to (a) proceed with mediation of the State Court Action and (b) recover any settlements obtained thereby solely from applicable insurance proceeds.

2.  Any settlements obtained in favor of the Faggios on account of mediation of the State Court Action shall not be enforced against any property or assets belonging to Hartford Courant, any of the other Debtors or their estates, and the Faggios hereby agree that (i) they shall not be entitled to recover any of the Deductible Amount and (ii) the Deductible Amount shall be subtracted from any agreed settlement amount that may be reached through the mediation contemplated by this Stipulation. Notwithstanding and without limiting the foregoing,

3

Hartford Courant shall advance the funds for defense costs during the mediation of the State Court Action up to the Deductible Amount.

3. Nothing contained in this Stipulation shall be construed as allowing or permitting any other relief from the automatic stay concerning the Faggios, including, but not limited to, allowing or permitting the Faggios to proceed with litigation of the State Court Action. Consideration of any such further relief shall be continued until a date to be established by mutual agreement of the Parties, by the Court or pursuant to motion by the Faggios. Furthermore, nothing contained in this Stipulation shall be deemed an admission by either Party to any of the allegations asserted by the other Party in the State Court Action, nor a waiver of any claims or defenses that may be available to such Party.

4. This Stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

5. The Bankruptcy Court shall retain jurisdiction over the parties in interest with respect to this Stipulation including, without limitation, for the purposes of interpreting, implementing and enforcing its terms and conditions.

STIPULATED AND CONSENTED TO AS OF APRIL 7, 2009 BY:

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kevin T. Lantry<br>Kerriann S. Mills<br>One South Dearborn Street<br>Chicago, IL  60603<br>Telephone:  (312) 853-7000<br>Facsimile:  (312) 853-7036 | SMITH KATZENSTEIN & FURLOW LLP<br><br>By: _____<br>Etta R. Wolfe (DE ID 4164)<br>The Corporate Plaza<br>800 Delaware Ave., 10th Floor<br>Wilmington, DE 19899<br>(302) 652-8400 (phone)<br>(302) 652-8405 (fax) |

-and-

ATTORNEY FOR THE FAGGIOS

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION