IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13141 (KJC) <br><br> Jointly Administered <br> **Requested Hearing Date:** <br> **February 18, 2010 at 10:00 a.m. ET** <br> **Proposed Objection Deadline:** <br> **February 11, 2010 at 4 p.m. ET** |

## MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND FED. R. BANKR. P. 9019(a) APPROVING SETTLEMENT AGREEMENTS BETWEEN CERTAIN DEBTORS AND JENNIFER FAGGIO, AND BETWEEN CERTAIN DEBTORS AND THE CITY OF NEW HAVEN

Tribune Company ("Tribune") and its affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion") for the entry of an order setting

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-6171816v1
CH1 5103413v.2

an expedited hearing for and shortening the notice period on the concurrently-filed Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 9019(a) Approving Settlement Agreements Between Certain Debtors and Jennifer Faggio, and Between Certain Debtors and the City of New Haven (the "Settlement Motion"),[2] pursuant to Rules 2002(a)(2) and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In further support hereof, the Debtors respectfully represent as follows:

## RELIEF REQUESTED

1. By this Motion, the Debtors request entry of an Order under Rule 2002(a)(2) scheduling the Settlement Motion for hearing at the next regularly scheduled omnibus hearing date on February 18, 2010 at 10:00 a.m. (prevailing Eastern time), or such other date and time as the Court may direct, at the Court's earliest convenience, and establishing February 11, 2010 at 4:00 p.m. (prevailing Eastern time) as the deadline for filing objections to the Settlement Motion.

## BASIS FOR RELIEF

2. Under Bankruptcy Rule 2002(a)(2), the Court may, for cause shown, shorten the otherwise applicable notice period. This authorization is also expressed in Bankruptcy Rule 9006(c)(1) ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.")

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Settlement Motion.

2

CH1 5103413v.2

Additionally, under Local Rule 9006-1(e), the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

3.  The Debtors submit that the facts justify shortening notice and that the relief requested herein should be granted. As set forth in the Settlement Motion, this Court approved a stipulation modifying the automatic stay to permit the Parties to participate in mediation. The mediation was successful and, on January 22, 2010, the Debtors and Faggio agreed to the terms of the Faggio Settlement Agreement which completely resolves their dispute. Subsequently, on January 29, 2010, the Hartford Courant and the City of New Haven entered into the New Haven Settlement Agreement. Thereafter, the Debtors promptly filed the Settlement Motion seeking approval of the Settlement Agreements. The Faggio Settlement Amount is necessary to provide Mr. Faggio, who is in a minimally conscious state, medical care. The Debtors believe this fact alone warrants shortening the notice period. In addition, Faggio has agreed that neither the Hartford Courant nor any of the Debtors shall pay any portion of the Total Settlement Amount and no portion of the Total Settlement Amount shall be enforced against any property or assets belonging to the Hartford Courant or any other Debtor. Lastly, the Creditors' Committee supports the granting of the relief requested in the Settlement Motion. The Debtors submit that the foregoing facts justify shortening notice.

4.  The Debtors' next omnibus hearing scheduled in these chapter 11 cases after the February 18, 2010 hearing is March 23, 2010. The Debtors believe that it is in the best interest of Faggio and the best interests of the Debtors and their estates to seek the Court's approval of the Settlement Motion on February 18, 2010, or as soon thereafter as the Court's calendar permits.

5. For all the reasons specified above, the present circumstances satisfy the requirement of cause under Rules 2002(a)(2) and 9006(c)(1), and the exigencies required under Local Rule 9006-1(e).

## **NOTICE**

6. Notice of this Motion has been provided to (i) counsel for Faggio; (ii) the Office of the United States Trustee; (iii) counsel for the Committee; (iv) counsel for the Steering Committee for the Debtors' prepetition loan facilities; (v) counsel for the administrative agent for the Debtors' postpetition financing facility; (vi) the Debtors' applicable insurers; (vii) the City of New Haven and (viii) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing date for the Settlement Motion on February 18, 2010 at 10:00 a.m. (prevailing Eastern time); (ii) establishing February 11, 2010 at 4:00 p.m. (prevailing Eastern time) as the deadline for filing objections to the Settlement Motion; and (iii) granting such other and further relief as the Court deems just and proper.

CH1 5103413v.2

Dated: Wilmington, Delaware
       February 1, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Geo. Tyler Coulson
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

5

CH1 5103413v.2