```
                  IN THE UNITED STATES BANKRUPTCY COURT
                      FOR THE DISTRICT OF DELAWARE



                                      )
IN RE:                                ) Chapter 11
                                      )
TRIBUNE COMPANY, et al.,              ) Case No. 08-13141 (KJC)
                                      )
                                      ) Courtroom 5
                                      ) 824 Market Street
_____Debtors._____ )       Wilmington, Delaware


                                 January 27, 2010
                                 10:04 a.m.



                       TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE KEVIN J. CAREY
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


For Debtors:                     Sidley Austin LLP
                                 BY:  KEVIN P. LANTRY, ESQ.
                                 BY:  JONATHAN LOTSOFF, ESQ.
                                 One South Dearborn
                                 Chicago, IL 60603
                                 (213) 896-6022

                                 Cole, Schotz, Meisel, Forman &
                                 Leonard, PA
                                 BY:  NORMAN PERNICK, ESQ.
                                 1000 North West Street
                                 Suite 1200
                                 Wilmington, DE 19801
                                 (302) 652-3131


ECRO:                            AL LUGANO

Transcription Service:           DIAZ DATA SERVICES
                                 331 Schuylkill Street
                                 Harrisburg, Pennsylvania 17110
                                 (717) 233-6664


Proceedings recorded by electronic sound recording; transcript
produced by transcription service
```

APPEARANCES:
(Continued)


For Washington Baltimore          Cross & Simon LLC
Newspaper Guild:                  BY:  CHRISTOPHER P. SIMON, ESQ.
                                  913 North Market Street
                                  11th Floor
                                  Wilmington, DE 19801
                                  (302) 777-4200



For The Creditors Committee:      Landis Rath & Cobb
                                  BY:  ADAM LANDIS, ESQ.
                                  919 Market Street Suite 1800
                                  P.O. Box 2087
                                  Wilmington, DE 19899
                                  (302) 467-4400

                                  Chadbourne & Park LLP
                                  BY:  DOUGLAS DEUTSCH, ESQ.
                                  30 Rockefeller Plaza
                                  New York, NY 10112
                                  (212) 408-5100


For U.S. Trustee:                 Office of the U.S. Trustee
                                  BY:  JOSEPH J. MCMAHON, ESQ.
                                  844 King Street, Suite 2207
                                  Lockbox 35
                                  Wilmington, DE 19801
                                  (302) 573-6491


For Great Banc:                   Womble Carlyle Sandridge & Rice
                                  BY:  THOMAS M. HORAN, ESQ.
                                  222 Delaware Avenue
                                  Wilmington, DE 19801
                                  (302) 252-4320


For JP Morgan Chase:              Richards Layton & Finger
                                  BY:  DREW G. SLOAN, ESQ.
                                  One Rodney King Square
                                  920 North King Street
                                  Wilmington, DE 19801
                                  (302) 651-7612

1    WILMINGTON, DELAWARE, WEDNESDAY, JANUARY 27, 2010, 10:04 A.M.

2              THE CLERK:  All rise.

3              Please be seated.

4              THE COURT:  Morning, everyone.

5         MR. PERNICK:  Morning, Your Honor.  Your Honor,

6    Norman Pernick on behalf of the debtors, Tribune.  Let me just,

7    if I can, go through the agenda and where we are.  We have

8    three matters going forward today and the rest have either been

9    continued or Your Honor's entered orders.

10             THE COURT:  I would like to first address the matter

11   that's listed on the agenda as Number 3.

12             MR. PERNICK:  Okay.

13             THE COURT:  It's the debtors' objection to Claim

14   Number 5844 of Joanna Canzoneri McCormick.  I did enter an

15   order based upon a certificate of no objection, sustaining the

16   debtors' objection.  I wanted to note for the record today that

17   there was other relief that had been requested in the initial

18   filing by Ms. McCormick, including a change of venue and an

19   extension of time to file a lawsuit, but I would say there was

20   sufficient fuzziness to the additional relief that was being

21   requested there.  In the absence of a response to the debtors'

22   objection, I didn't feel it was appropriate to schedule

23   anything further for hearing or to consider any other relief.

24   And that's all I'll say.

25             MR. PERNICK:  Okay.  Thank you, Your Honor.

1          I have this continued to the February 18th hearing,

2   Number 1, which was the Conigliaro Motion for Relief.  Number

3   12, the ninth omnibus objection, with respect to the Sanzeri

4   claim only.  Number 13, the tenth omnibus objection, with

5   respect to the GE Capital Fleet, the Walker and the Wells'

6   claims, all those continued to February 18th.  Your Honor

7   entered orders on Number 12 and 13 on the other matters prior

8   to the hearing.

9          THE COURT:  Although the agenda indicates that 13

10  will go forward, with respect to the Personal Plus claim.

11          MR. PERNICK:  That's correct.

12          THE COURT:  Okay.

13          MR. PERNICK:  And I was -- actually, sorry, I was

14  going to -- I bifurcated it and I should have told the Court.

15          THE COURT:  That's all right.

16          MR. PERNICK:  With --

17          THE COURT:  You told me in the agenda, which was

18  fine.

19          MR. PERNICK:  Thank you.

20          THE COURT:  All right.

21          MR. PERNICK:  We did submit a certification of

22  counsel on Number 2, the Francisco Section 362 motion, and that

23  was a certification and a stip modifying the automatic stay to

24  permit limited discovery.

25          THE COURT:  That was the second round of relief; is

1  that correct?

2          MR. PERNICK:  Correct, that was.  Your Honor entered

3  relief from stay for limited purpose of having settlement

4  discussions.

5          THE COURT:  Yeah, I signed the order late yesterday

6  evening.  I'm sure it's probably been docketed by now.

7          MR. PERNICK:  Okay.  Thank you.

8          You did enter orders on Numbers 3, 4, 5, 6, 7, 8 and

9  9.  And that leaves us with Item Number 10, which is the 2009

10 MIP Program.  Item Number 11, the eighth omnibus objection,

11 with respect to the Mylander claim.  And as Your Honor noted,

12 Number 13, the tenth omnibus objection, with respect to

13 Personal Plus' claim only.

14         So unless the Court would prefer a different order,

15 I would just propose that we go in the order of the agenda and

16 we can deal with --

17         THE COURT:  Let's take --

18         MR. PERNICK:  -- and we can deal with Number 10.

19         THE COURT:  Let's take the claim objections first.

20         MR. PERNICK:  Okay.  Then Mr. Lantry is going to

21 handle Number 11 and 13.

22         THE COURT:  Very well.

23         MR. LANTRY:  Good morning, Your Honor.  Kevin Lantry

24 of Sidley on behalf of the debtors.

25         With regard to Number 11, the eighth omnibus

6

1  objection basically objected to any duplicates that were filed

2  by individual noteholders because Deutsche Bank, consistent

3  with Your Honor's bar date, filed omnibus proofs of claim for

4  all of the noteholders in the eight various tranches.  Mr.

5  Mylander filed his own proof of claim, notwithstanding the fact

6  that the bar date order said he didn't need to.  We

7  communicated with him, I tried to explain how Deutsche Bank was

8  doing the filing on his behalf.  He didn't completely

9  understand the claims process, wasn't completely comfortable

10 with waiving any of his rights, but said he was perfectly fine

11 if we went forward with the Court, because he trusted the Court

12 more than us lawyers to be able to make a judgment call about

13 whether he was indeed losing any rights.

14         THE COURT:  Did you tell him that I used to be a

15 lawyer?

16     (Laughter)

17         MR. LANTRY:  At any rate, he was happy for us to go

18 forward, he just didn't want to voluntarily do anything because

19 he was afraid that might lose some right.

20         THE COURT:  Well, it's clear from the response that

21 he filed that he is a noteholder.  Let me just ask, for the

22 record, whether Mr. Mylander is present or on the telephone or

23 anyone on his behalf is present or on the phone?

24     (No audible response)

25         THE COURT:  I hear no response.  I'm prepared to

1    sustain the objection to his claim.

2            MR. LANTRY:  Thank you, Your Honor.  We'll submit it

3    an order.

4            THE COURT:  All right.

5            MR. LANTRY:  And regarding Number 13, the omnibus

6    objection -- our tenth omnibus objection went to claims that

7    did not have sufficient documentation.  Personal Plus asked for

8    us to continue because they wanted to see if they had a claim.

9    They investigated and found that they didn't have a claim, but

10   they thought they still might have an executory contract.  So

11   they were fine with us going forward, objecting their claim, so

12   long as we put on the record that if they indeed found that

13   they had an executory contract, that consistent with your

14   Court's bar date order they would have 30 days to file a proof

15   of claim.  And we assured them that that was the case and that

16   we would put that in the record.

17           Just for the record, Personal Plus provides temp

18   services for one of the debtors in California, California

19   Community News Corporation, but it's on a as-needed basis.  We

20   don't believe there's any contract, but if they find one, we're

21   happy to let them file a proof of claim if we were to reject.

22           THE COURT:  All right.  Thank you.  Based on that

23   explanation I don't have any questions and I'm prepared to

24   grant the relief that's been requested.

25           MR. LANTRY:  Thank you, Your Honor.  And we'll

1  submit an order that as well.

2          THE COURT:  Very well.  All right, let's address the

3  MIP Motion.  Give me a moment to pull myself together here.

4      (Pause in proceedings)

5          THE COURT:  All right.  At the conclusion of the

6  September 25th hearing, on the debtors' motion to -- for

7  authority to implement a three-part 2009 plan and to pay 2008

8  management incentive plan awards, I asked the debtor whether it

9  would be willing to have the Court consider the various parts

10 separately or whether it was the debtors' position it should

11 rise or fall together.

12          The debtor followed with a letter telling me that

13 they wanted to -- the Court to consider the whole and not to

14 rule on its various parts.  And as the Guild's attorney pointed

15 out in a September 29th letter, the debtors' letter that had

16 been sent to me, which is a September 28th letter, did indeed

17 inappropriately take the opportunity to order -- to offer

18 further argument.  But be that as it may, I took the debtor at

19 its word and took under advisement all three parts.

20          I have not ruled so far because I had intended to

21 write an opinion resolving the dispute, but due to the press of

22 business I have not yet been able to reach it.  Recently, as

23 the parties now know, the debtors changed their mind and said

24 the Court -- well, and asked the Court to consider the separate

25 components.  In the order that I entered setting the matter for

1  today, I indicated it was not necessary for parties to re-file

2  any objections to the -- what's called the transition MIP or

3  the KOB components of the 2009 Plan.

4         The parties who I'll call the two remaining

5  objectors, that is the Washington Baltimore Newspaper Guild and

6  the U.S. Trustee filed supplemental papers indicating that they

7  still objected to authorization to pay bonuses under the --

8  just the MIP component of the 2009 incentive plan.  I will tell

9  you, and some may have surmised from the question I asked at

10  the conclusion of the September 25th hearing, I was prepared

11  then to approve the MIP component based upon the record that

12  had been made.  I guess it's a good thing for management that

13  the debtor has changed its mind.  And I frankly suggest, and

14  I'll read a more detailed ruling in a moment, that it consider

15  taking the remaining two components and incorporating them into

16  a Chapter 11 Plan.  And I'm assuming that the debtor is getting

17  closer to having arrived at one, but I don't know that.  In any

18  event, until advised otherwise, the other two components will

19  remain in the queue for ruling and I cannot tell you when that

20  ruling will be issued.

21         But before I continue, let me ask if anyone wishes

22  to be heard?  I hear no response.

23         Debtors filed a motion for authority to pay 2008 MIP

24  awards.  These were previously approved by prior order after

25  the hearing without objection.  The remaining request for

1  relief in the debtors' motion, which was heard on September

2  25th of last year, involved three components of a 2009

3  incentive plan.  The first component is what the debtor

4  characterizes as a continuation of self-funding -- of a self-

5  funding ordinary course annual MIP, which covers approximately

6  720 management employees, including the debtors' top 10

7  executives, with a payout of up to $44.6 million.

8          The second component is comprised of what the debtor

9  describes as a pay-for-performance bonus opportunity for 21

10 core management individuals, including the top 10 executives,

11 plus 50 others.  That's referred to as the transition MIP.  The

12 third -- and that allows for payment of up to 12 million --

13 about $12 million.

14         The third component is what the debtor characterizes

15 as a pay-for-performance bonus opportunity for 23 leaders of

16 key operations of the debtor or the KOB component.  The subject

17 of today's ruling, as I said previously, is only the MIP, not

18 the transition MIP and not the KOB.

19         I take a more detailed description of the proposed

20 MIP from the debtors' motion and I'll paraphrase, it consists

21 of several subparts.  First, it is proposed an aggregate MIP

22 bonus pool be funded if the company achieves what's called a

23 planned operating cash flow.  Second, if there's achievement of

24 100 percent of the planned 2009 consolidated operating cash

25 flow, it results in a payout of 50 percent of the target pool.

1  Payout of 100 percent of the target requires achievement of

2  what the debtor characterizes as a stretch goal, that is 142

3  percent of planned operating cash flow.  Third, there's a

4  maximum performance, 200 percent of planned operating cash

5  flow, which would fund a maximum aggregate pro-forma bonus pool

6  capped at 130 percent of the pool.

7              The debtor says in its motion that the number of

8  participants and the aggregate cost of the ordinary course MIP

9  at both planned and stretched performance levels, remain at or

10 below levels for MIPs in prior years.  And fifth, that 2009

11 management incentive plan limits the debtors' discretion to

12 make ordinary course MIP awards when goals are not achieved as

13 compared to prior years.

14             The Guild and the debtors did stipulate to certain

15 facts.  They're not extensive and I will paraphrase some of the

16 stipulated facts, which were attached to the joint pre-trial

17 memorandum which was submitted prior to the hearing -- the

18 September 25th hearing on the motion.

19             As of the filing of the petition, the debtors

20 employed approximately 15,000 employees.  They operate eight

21 major market daily newspapers and twenty-three television

22 stations.  As of November 30, 2008, approximately 10 percent of

23 the employees in the debtors' publishing segment and

24 approximately 32 percent of the employees in the debtors'

25 broadcasting and entertainment segment were represented by a

1  labor organization, hereafter union or unions, for the purposes

2  of collective bargaining and are covered by a collective

3  bargaining agreement.  As of September 1, 2009 approximately 11

4  percent of the employees in the debtors' publishing segment and

5  approximately 33 percent of the employees in the debtors'

6  broadcasting and entertaining segment are represented by unions

7  for the purposes of collective bargaining and are covered by a

8  collective bargaining agreement.

9         During the pendency of the petition a number of

10  union contracts have approached their expiration dates or have

11  expired.  In those instances, the debtors have engaged in

12  collective bargaining negotiations over the terms of a

13  successor collective bargaining agreement with respect to

14  negotiation of union contracts that have approached their

15  expiration dates or expired during the pendency of the

16  petition, economic contract proposals made by the debtors

17  during 2009 to these unions reflect a zero percent increase in

18  wages for calendar year 2009.

19         Except for employees of the debtors covered by an

20  individual employment agreement, the debtors, in February 2009,

21  implemented a salary freeze for all non-union employees.  Since

22  the filing of the petition, the debtors eliminated 887 non-

23  management, non-supervisory positions, 23 supervisors and 104

24  managerial positions.  The debtors severed almost 2,000

25  positions in 2008.

1      The evidence from the debtors' witnesses, especially

2  Chief Financial Officer Chandler Bigelow, demonstrated the need

3  for incentives.  Debtors' expert, John Dempsey (phonetic),

4  among other things said, "It's a basic principal of human

5  resources management that incentives are a tool used to both

6  motivate people and to align the interests of people with the

7  company."  All major constituents of the debtors supported all

8  three components of the plan.

9      The remaining objectors, the Washington Baltimore

10  Newspaper Guild, who employees -- who has 237 employees of the

11  debtor, and the U.S. Trustee objected, and the objections were

12  similar.  Among other things, the objectors argued that the

13  minimum bench marks had already been met.  I think I mentioned

14  at the time of the hearing, but I'll say again now, with

15  respect to timing, the way Chapter 11 cases, in my experience

16  have developed, especially in recent times, is there are other

17  matters which are properly, I think, of greater importance at

18  the beginning of a case, other than figuring out how to pay

19  bonuses to management employees.

20      The process here was the subject of a hearing in

21  May, again in September, the process was ongoing, it was

22  intensive, the evidence demonstrated that it involved all of

23  the major constituents of the debtor, and the fact that time

24  has passed, I don't think, should count against the debtor or

25  its -- the subjects of the proposed bonuses as a result of how

1    the 11 developed.  I'm not saying there would never be a time

2    when it would come to be too late, but under these

3    circumstances, I determined that it's not.  There was dispute

4    in the evidence about whether the debtors' expert looked at the

5    wrong peer groups, whether the sample that was discussed and

6    submitted was a representative sample of other industry

7    constituents, and of course a significant objection was that

8    the cash flow devoted -- or to be set aside for the proposed

9    bonuses -- was a much larger percentage of historic cash flow

10   from prior plans.

11            The debtor responded by arguing, in my words not

12   theirs, but that rarely is there an exact fit with respect to

13   peer groups or representative samples and that was the case

14   here.  With respect to the argument that performance levels for

15   bonuses had been met -- at least the minimums had been met at

16   the time of hearing, the debtor responded, I think, in a way

17   that does gain some purchase with me, and that is they weren't

18   achieved when they were first established.  And the debtor

19   argued, I think, persuasively that it would not be fair to move

20   the goal post in the middle of the performance period.

21            The expert offered by the Guild, while helpful in

22   some respects, was not a compensation expert.  I did

23   incorporate, and if I didn't I do so now, the hearing record

24   from the May 12, 2009 hearing.  Mr. Bigelow testified that

25   salaries are set historically low, relative to the market.  One

1  component of the proposed plan that was the subject of some

2  dispute was that the bonuses were to be paid in cash, as

3  opposed to cash and equity, which had historically been the

4  practice of the company, but it's plain from the evidence that

5  the equity has de minimis or no value and would not be an

6  appropriate component of a bonus program.

7          He testified that costs are fixed, the company is

8  under intense revenue pressure, and it's harder to do things in

9  a Chapter 11.  He testified that all eight newspapers owned by

10  the company are cash flow positive and that the program that's

11  proposed was approved by three independent directors.  I mean,

12  it's undisputed that the debtor operates in a troubled

13  industry.  An industry, in the Court's view anyway, that

14  besides shedding debt has yet to find the ultimate solution for

15  how to succeed in a changing market in the distressed economy.

16  This is the third large media -- well, this is one of three

17  large media cases that I have.  I had the first days on my most

18  recent filing just yesterday.  The industry continues to be

19  troubled.

20          Here the evidence demonstrated that the debtor is

21  performing well, relative to its competitors.  So even though

22  there was some evidence that some in the industry retreated

23  with respect to their bonus programs, here I find that what's

24  been proposed is justified.  In looking at the legal standard

25  to be employed in determining whether the relief requested

1  should be granted, as I said earlier, I had intended to write

2  on this topic because I have not yet done so.  However, given

3  the passage of time and what I perceive as the need for a

4  ruling, at least on the component that I think is justified,

5  I'll rely at least in this case on the Dana Two (phonetic)

6  Factors.

7          And I conclude that here, the evidence shows there

8  is a reasonable relationship between the plan and its

9  objectives to enhance the company's chances of survival and

10 increased profitability.  The cost is reasonable as well.  The

11 scope is reasonable.  It covers the same management population

12 covered in previous plans, which is a critical core group.  The

13 plan was developed over time, as a result of extensive

14 negotiations by and among all of the major constituents of the

15 company and has the support of all the major constituents of

16 the company.

17          I will tell you -- he's not here today, but on this

18 topic I was struck by Mr. Lemay's closing argument, from which

19 I'll quote, not too extensively.  He said, "Business people in

20 the for-profit world have an understanding about what motivates

21 management, because all business people in the for-profit world

22 are in that world themselves.  And what motivates management is

23 a number of things, including pride in a job well done, but the

24 chance to make something for one's self and one's family.  Our

25 clients -- my clients don't wish to find out what would happen

1    if management didn't get these awards.  The suggestion has been

2    made that a company, because it's in Chapter 11, maybe

3    shouldn't pay bonuses just because it's in Chapter 11, and that

4    may be true when a company is in a life or death liquidity

5    situation, where there's simply you either pay the bonuses or

6    have to turn the lights.  That's really not the case here.

7    Liquidity is obviously an issue, but it's not a life or death

8    liquidity question.

9            So the question as a business matter then becomes,

10   what's in the best interest of the business and its owners?

11   I'd like to submit that being in Chapter 11 doesn't change at

12   all what management should be doing, it just changes who

13   they're doing it for.  Now ultimately they're going to be doing

14   it for the unsecured creditors.  It really just goes to the

15   question of who their ultimate constituents are in this case,

16   as in so many, it is almost inevitable.  Indeed, I would go so

17   far as to say inevitable that the equitable owners of the

18   business are now the creditors.  The creditors have an official

19   representative.  That representative is my client and that

20   client, which consists of a number of very canny business

21   people, has concluded that these incentives will ultimately put

22   more money in their pockets than the alternative."

23           The proposed plan was reviewed by an independent

24   committee of the board and validated, the evidence shows, by a

25   credible expert.  The plan that is proposed is similar enough

1  to the 2008 and prior plans, with the evidence showed,

2  appropriate adjustments to fit the change in the circumstances,

3  that it meets the 363 Ordinary Course standard.  Alternatively,

4  the evidence demonstrates that the debtor has also met the

5  503(c)(3) standard, a heightened business judgment standard,

6  and I conclude that the relief requested is justified by the

7  facts and circumstance of the case.  Neither 503(c)(1), which

8  relates to primarily retention-based bonus programs, or

9  503(c)(2) regarding severance, are applicable here.  The

10 objections are overruled and I'll ask the parties confer and

11 submit an order under certification.

12          Are there any questions?

13          MR. PERNICK:  No, Your Honor.

14          THE COURT:  Is there anything further for today?

15          MR. PERNICK:  No, Your Honor, not from the debtors.

16          THE COURT:  Thank you, all.  That concludes this

17 hearing.  Court will stand in recess.

18          MR. PERNICK:  Thank you, Your Honor.

19       (Whereupon at 10:30 a.m., the hearing was adjourned)

20

21

22

23

24

25

1                           CERTIFICATION

2           I   certify   that   the   foregoing   is   a   correct

3    transcript   from   the   electronic   sound   recording   of   the

4    proceedings in the above-entitled matter.

5

6

7    _____          February 1, 2010

8    Stephanie McMeel

9    AAERT Cert. No. 452

10   Certified Court Transcriptionist

11

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| 503(c)1(1) 18:7 | | bar(3) 6:3 6:6 7:14 | | claim(14) 3:13 4:4 4:10 5:11 5:13 5:19 | | date(3) 6:3 6:6 7:14 | |
| 503(c)2(1) 18:9 | | bargaining(6) 12:2 12:3 12:7 12:8 12:12 | | 6:3 6:5 7:1 7:8 7:9 7:11 7:15 7:21 | | dates(2) 12:10 12:15 | |
| 503(c)3(1) 18:5 | | 12:13 | | | | days(2) 7:14 15:17 | |
| _____debtors.___ 1:13 | | | | claims(3) 4:6 6:9 7:6 | | deal(2) 5:16 5:18 | |
| a.m(3) 1:16 3:1 18:19 | | based(3) 3:15 7:22 9:11 | | clear(1) 6:20 | | dearborn(1) 1:29 | |
| able(2) 6:12 8:22 | | basic(1) 13:4 | | clerk(1) 3:2 | | death(2) 17:4 17:7 | |
| about(4) 6:12 10:13 14:4 16:20 | | basically(1) 6:1 | | client(2) 17:19 17:20 | | debt(1) 15:14 | |
| above-entitled(1) 19:4 | | basis(1) 7:19 | | clients(2) 16:25 16:25 | | debtor(20) 8:8 8:12 8:18 9:13 9:16 10:3 | |
| absence(1) 3:21 | | because(9) 6:2 6:11 6:18 7:8 8:20 16:2 | | closer(1) 9:17 | | 10:8 10:14 10:16 11:2 11:7 13:11 13:23 | |
| achieved(2) 11:12 14:18 | | 16:21 17:2 17:3 | | closing(1) 16:18 | | 13:24 14:11 14:16 14:18 15:12 15:20 18:4 | |
| achievement(2) 10:23 11:1 | | becomes(1) 17:9 | | cobb(1) 2:14 | | | |
| achieves(1) 10:22 | | before(2) 1:20 9:21 | | cole(1) 1:33 | | debtors(33) 1:26 3:6 3:13 3:16 3:21 5:24 | |
| actually(1) 4:13 | | beginning(1) 13:18 | | collective(6) 12:2 12:2 12:7 12:8 12:12 | | 7:18 8:6 8:18 8:15 8:23 9:23 10:1 10:6 | |
| adam(1) 2:15 | | behalf(3) 3:6 5:24 6:8 6:23 | | 12:13 | | 10:20 11:11 11:14 11:19 11:23 11:24 12:4 | |
| additional(1) 3:20 | | believe(1) 7:20 | | | | 12:5 12:11 12:16 12:19 12:20 12:22 12:24 | |
| address(2) 3:10 8:2 | | below(1) 11:10 | | come(1) 14:2 | | 13:1 13:3 13:7 14:4 18:15 | |
| adjourned(1) 18:19 | | bench(1) 13:13 | | comfortable(1) 6:9 | | | |
| adjustments(1) 18:2 | | besides(1) 15:14 | | committee(2) 2:14 17:24 | | delaware(4) 1:2 1:13 2:37 3:1 | |
| advised(1) 9:18 | | best(1) 17:10 | | communicated(1) 6:7 | | demonstrated(3) 13:2 13:22 15:20 | |
| advisement(1) 8:19 | | between(1) 16:8 | | community(1) 7:19 | | demonstrates(1) 18:4 | |
| aert(1) 13:19 | | bifurcated(1) 4:14 | | company(10) 1:9 10:22 13:7 15:4 15:7 | | dempsey(1) 13:3 | |
| afraid(1) 6:19 | | bigelow(2) 13:2 14:24 | | 15:10 16:16 16:16 17:2 17:4 | | describes(1) 10:9 | |
| after(1) 9:24 | | board(1) 17:24 | | | | description(1) 10:19 | |
| again(2) 13:14 13:21 | | bonus(7) 10:9 10:15 10:22 11:5 15:6 | | company's(1) 16:9 | | detailed(2) 9:14 10:19 | |
| against(1) 13:24 | | 15:23 18:8 | | compared(1) 11:13 | | determined(1) 14:3 | |
| agenda(5) 3:7 3:11 4:9 4:17 5:15 | | | | compensation(1) 14:22 | | determining(1) 15:25 | |
| aggregate(3) 10:21 11:5 11:8 | | bonuses(8) 9:7 13:19 13:25 14:9 14:15 | | competitors(1) 15:21 | | deutsch(1) 2:22 | |
| agni(1) 13:6 | | 15:2 17:3 17:5 | | completely(2) 6:8 6:9 | | deutsche(2) 6:2 6:7 | |
| align(1) 13:6 | | | | component(9) 9:8 9:11 10:3 10:8 10:14 | | developed(3) 13:16 14:1 16:13 | |
| all(21) 3:2 3:24 4:6 4:15 4:20 6:4 7:4 | | both(2) 11:9 13:5 | | 10:16 15:1 15:6 16:4 | | devoted(1) 14:8 | |
| 7:22 8:2 8:5 8:19 12:21 13:7 13:7 13:22 | | box(1) 2:17 | | | | diaz(1) 1:44 | |
| 15:9 16:14 16:15 16:21 17:12 18:16 | | broadcasting(2) 11:25 12:6 | | components(6) 8:25 9:3 9:15 9:18 10:2 | | didn't(7) 3:22 6:6 6:8 6:18 7:9 14:23 17:1 | |
| | | business(8) 8:22 16:19 16:21 17:9 17:10 | | 13:8 | | different(1) 5:14 | |
| allows(1) 10:12 | | 17:18 17:20 18:5 | | | | directors(1) 15:11 | |
| almost(2) 12:24 17:16 | | | | comprised(1) 10:8 | | discovery(1) 4:24 | |
| already(1) 13:13 | | calendar(1) 12:18 | | conclude(2) 16:7 18:6 | | discretion(1) 11:11 | |
| also(1) 18:4 | | california(2) 7:18 7:18 | | concluded(1) 17:21 | | discussed(1) 14:5 | |
| alternative(1) 17:22 | | call(2) 6:12 9:4 | | concludes(1) 18:16 | | discussions(1) 5:4 | |
| alternatively(1) 18:3 | | called(2) 9:2 10:22 | | conclusion(2) 8:5 9:10 | | dispute(3) 8:21 14:3 15:2 | |
| although(1) 4:9 | | cannot(1) 9:19 | | confer(1) 18:10 | | distressed(1) 15:15 | |
| among(3) 13:4 13:12 16:14 | | canny(1) 17:20 | | conigliaro(1) 4:2 | | district(1) 1:2 | |
| annual(1) 10:5 | | canzoneri(1) 3:14 | | consider(5) 3:23 8:9 8:13 8:24 9:14 | | docketed(1) 5:6 | |
| any(10) 3:23 6:1 6:10 6:13 6:17 7:20 7:23 | | capital(1) 4:5 | | consistent(2) 6:2 7:13 | | documentation(1) 7:7 | |
| 9:2 9:17 18:12 | | capped(1) 11:6 | | consists(2) 10:20 17:20 | | doesn't(1) 5:14 | |
| | | carey(1) 1:20 | | consolidated(1) 10:24 | | don't(5) 7:20 7:23 9:17 13:24 16:25 | |
| anyone(2) 6:23 9:21 | | carlyle(1) 2:35 | | constituents(6) 13:7 13:23 14:7 16:14 | | douglas(1) 2:22 | |
| anything(3) 3:23 6:18 18:14 | | case(8) 1:9 7:15 13:18 14:13 16:5 17:6 | | 16:15 17:15 | | drew(1) 2:42 | |
| anyway(1) 15:13 | | 17:15 18:7 | | | | due(1) 8:21 | |
| applicable(1) 18:9 | | | | continuation(1) 10:4 | | duplicates(1) 6:1 | |
| approached(2) 12:10 12:14 | | cases(2) 13:15 15:17 | | continue(2) 7:8 9:21 | | during(3) 12:9 12:15 12:17 | |
| appropriate(3) 3:22 15:6 18:2 | | cash(9) 10:23 10:24 11:3 11:4 14:8 14:9 | | continued(4) 2:2 3:9 4:1 4:6 | | earlier(1) 16:1 | |
| approve(1) 9:11 | | 15:2 15:3 15:10 | | contract(4) 7:10 7:13 7:20 12:16 | | economic(1) 12:16 | |
| approved(2) 9:24 15:11 | | | | contracts(2) 12:10 12:14 | | economy(1) 15:15 | |
| approximately(6) 10:5 11:20 11:22 11:24 | | cert(1) 19:9 | | core(2) 10:10 16:12 | | ecro(1) 1:42 | |
| 12:3 12:5 | | certain(1) 11:14 | | corporation(1) 7:19 | | eight(3) 6:4 11:20 15:9 | |
| | | certificate(1) 3:15 | | correct(4) 4:11 5:1 5:2 19:2 | | eighth(2) 5:10 5:25 | |
| argued(2) 13:12 14:19 | | certification(4) 4:21 4:23 18:11 19:1 | | cost(2) 11:8 16:10 | | either(2) 3:8 17:5 | |
| arguing(1) 14:11 | | certified(1) 19:10 | | costs(1) 15:7 | | electronic(2) 1:50 19:3 | |
| argument(3) 8:18 14:14 16:18 | | certify(1) 19:2 | | counsel(1) 4:22 | | eliminated(1) 12:22 | |
| arrived(1) 9:17 | | chadbourne(1) 2:21 | | count(1) 13:24 | | employed(2) 11:25 | |
| as-needed(1) 7:19 | | chance(1) 16:24 | | course(5) 10:5 11:8 11:12 14:7 18:3 | | employees(11) 10:6 11:20 11:23 11:24 | |
| aside(1) 14:8 | | chances(1) 16:9 | | court(33) 1:1 3:4 3:10 3:13 4:9 4:12 4:14 | | 12:4 12:5 12:19 12:21 13:10 13:10 13:19 | |
| ask(3) 6:21 9:21 18:10 | | chandler(1) 13:2 | | 4:15 4:17 4:20 4:25 5:5 5:14 5:17 5:19 | | | |
| asked(4) 7:7 8:8 8:24 9:9 | | change(3) 3:18 17:11 18:2 | | 5:22 6:11 6:11 6:14 6:20 6:25 7:4 7:22 | | employment(1) 12:20 | |
| assuming(1) 9:16 | | changed(2) 8:23 9:13 | | 8:2 8:5 8:9 8:13 8:24 8:24 18:14 18:16 | | engaged(1) 12:11 | |
| assured(1) 7:15 | | changes(1) 17:12 | | 18:17 19:10 | | enhance(1) 16:9 | |
| attorney(1) 8:14 | | changing(1) 15:15 | | | | enough(1) 17:25 | |
| audible(1) 6:24 | | chapter(7) 1:7 9:16 13:15 15:9 17:2 17:3 | | court's(2) 7:14 15:13 | | enter(2) 3:14 5:8 | |
| austin(1) 1:26 | | 17:11 | | courtroom(1) 1:11 | | entered(4) 3:9 4:7 5:2 8:25 | |
| authority(2) 8:7 9:23 | | | | covered(4) 12:2 12:7 12:19 16:12 | | entertaining(1) 12:6 | |
| authorization(1) 9:7 | | characterizes(3) 10:4 10:14 11:2 | | covers(2) 10:5 16:11 | | entertainment(1) 11:25 | |
| automatic(1) 4:23 | | chase(1) 2:41 | | credible(1) 17:25 | | equitable(1) 17:17 | |
| avenue(1) 2:37 | | chicago(1) 1:30 | | creditors(4) 2:14 17:14 17:18 17:18 | | equity(2) 15:3 15:5 | |
| awards(4) 8:8 9:24 11:12 17:1 | | chief(1) 13:2 | | critical(1) 16:12 | | especially(2) 13:1 13:16 | |
| baltimore(2) 2:5 9:5 13:9 | | christopher(1) 2:6 | | cross(1) 2:5 | | esq(9) 1:27 1:28 1:35 2:6 2:15 2:22 2:29 | |
| banc(1) 2:35 | | circumstance(1) 18:7 | | daily(1) 11:21 | | 2:36 2:42 | |
| bank(2) 6:2 6:7 | | circumstances(2) 14:3 18:2 | | dana(1) 16:5 | | | |
| bankruptcy(2) 1:1 1:21 | | | | data(1) 1:44 | | established(1) 14:18 | |
| | | | | | | even(1) 15:21 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| evening(1) 5:6 | | handle(1) 5:21 | | just(10) 3:6 5:15 6:18 6:21 7:17 9:8 15:18 | | million(3) 10:7 10:12 10:13 | |
| event(1) 9:18 | | happen(1) 16:25 | | 17:3 17:12 17:14 | | mind(2) 8:23 9:13 | |
| everyone(1) 3:4 | | happy(2) 6:17 7:21 | | | | minimis(1) 15:5 | |
| evidence(10) 13:1 13:22 14:4 15:4 15:20 | | harder(1) 15:8 | | justified(3) 15:24 16:4 18:6 | | minimum(1) 13:13 | |
| 15:22 16:7 17:24 18:1 18:4 | | harrisburg(1) 1:46 | | kevin(1) 1:20 1:27 5:23 | | minimums(1) 14:15 | |
| | | having(2) 5:3 9:17 | | key(1) 10:16 | | mip(14) 5:10 8:3 9:2 9:8 9:11 9:23 10:5 | |
| exact(1) 14:12 | | he's(1) 16:17 | | king(3) 2:30 2:43 2:44 | | 10:11 10:17 10:18 10:20 10:21 11:8 11:12 | |
| except(1) 12:19 | | hear(2) 6:25 9:22 | | kjc(1) 1:9 | | | |
| executives(2) 10:7 10:10 | | heard(2) 9:22 10:1 | | know(2) 8:23 9:17 | | mips(1) 11:10 | |
| executory(2) 7:10 7:13 | | hearing(15) 3:23 4:1 4:8 8:6 9:10 9:25 | | kob(3) 9:3 10:16 10:18 | | modifying(1) 4:23 | |
| experience(1) 13:15 | | 11:17 11:18 13:14 13:20 14:16 14:23 | | labor(1) 12:1 | | moment(2) 8:3 9:14 | |
| expert(5) 13:3 14:4 14:21 14:22 17:25 | | 14:24 18:17 18:19 | | landis(2) 2:14 2:15 | | money(1) 17:22 | |
| expiration(2) 12:10 12:15 | | | | lantry(8) 1:27 5:20 5:23 5:23 6:17 7:2 | | more(4) 6:12 9:14 10:19 17:22 | |
| expired(2) 12:11 12:15 | | heightened(1) 18:5 | | 7:5 7:25 | | morgan(1) 2:41 | |
| explain(1) 6:7 | | helpful(1) 14:21 | | | | morning(3) 3:4 3:5 5:23 | |
| explanation(1) 7:23 | | hereafter(1) 12:1 | | large(2) 15:16 15:17 | | most(1) 15:17 | |
| extension(1) 3:19 | | him(2) 6:7 6:14 | | larger(1) 14:9 | | motion(9) 4:2 4:22 8:3 8:6 9:23 10:1 | |
| extensive(2) 11:15 16:13 | | his(5) 6:5 6:8 6:10 6:23 7:1 | | last(1) 10:2 | | 10:20 11:7 11:18 | |
| extensively(1) 16:19 | | historic(1) 14:9 | | late(2) 5:5 14:2 | | | |
| fact(2) 6:5 13:23 | | historically(1) 14:25 15:3 | | laughter(1) 6:16 | | motivate(1) 13:6 | |
| factors(1) 16:6 | | honor(12) 3:5 3:5 3:25 4:6 5:2 5:11 5:23 | | lawsuit(1) 3:19 | | motivates(2) 16:20 16:22 | |
| facts(3) 11:15 11:16 18:7 | | 7:2 7:25 18:13 18:15 18:18 | | lawyer(1) 6:15 | | move(1) 14:19 | |
| fair(1) 14:19 | | | | lawyers(1) 6:12 | | much(1) 14:9 | |
| fall(1) 8:11 | | honor's(2) 3:9 6:3 | | layton(1) 2:41 | | mylander(3) 5:11 6:5 6:22 | |
| family(1) 16:24 | | honorable(1) 1:20 | | leaders(1) 10:15 | | myself(1) 8:3 | |
| far(2) 8:20 17:17 | | horan(1) 2:36 | | least(3) 14:15 16:4 16:5 | | necessary(1) 9:1 | |
| february(4) 4:1 4:6 12:20 19:7 | | however(1) 16:2 | | leaves(1) 5:9 | | need(3) 6:6 13:2 16:3 | |
| feel(1) 3:22 | | human(1) 13:4 | | legal(1) 15:24 | | negotiation(1) 12:14 | |
| fifth(1) 11:10 | | i'd(1) 17:11 | | lemay's(1) 16:18 | | negotiations(2) 12:12 16:14 | |
| figuring(1) 13:18 | | i'll(8) 3:24 9:4 9:14 10:20 13:14 16:5 | | leonard(1) 1:34 | | neither(1) 18:7 | |
| file(3) 3:19 7:14 7:21 | | 16:19 18:10 | | let(4) 3:6 6:21 7:21 9:21 | | never(1) 14:1 | |
| filed(6) 6:1 6:3 6:5 6:21 9:6 9:23 | | | | let's(3) 5:17 5:19 8:2 | | new(1) 2:24 | |
| filing(5) 3:18 6:8 11:19 12:22 15:18 | | i'm(5) 5:6 6:25 7:23 9:16 14:1 | | letter(4) 8:12 8:15 8:15 8:16 | | news(1) 7:19 | |
| financial(1) 13:2 | | implement(1) 8:7 | | levels(3) 11:9 11:10 14:14 | | newspaper(3) 2:6 9:5 13:10 | |
| find(4) 7:20 15:14 15:23 16:25 | | implemented(1) 12:21 | | life(2) 17:4 17:7 | | newspapers(2) 11:21 15:9 | |
| fine(3) 4:18 6:10 7:11 | | importance(1) 13:17 | | lights(1) 17:6 | | ninth(1) 4:3 | |
| finger(1) 2:41 | | inappropriately(1) 8:17 | | like(2) 3:10 17:11 | | non(1) 12:22 | |
| first(6) 3:18 5:10 5:19 10:3 10:21 14:18 15:17 | | incentive(4) 8:8 9:8 10:3 11:11 | | limited(4) 4:24 5:3 | | non-supervisory(1) 12:23 | |
| fit(2) 14:12 18:2 | | incentives(3) 13:3 13:5 17:21 | | limits(1) 11:11 | | non-union(1) 12:21 | |
| fixed(1) 15:7 | | including(3) 3:18 10:6 10:10 16:23 | | liquidity(3) 17:4 17:7 17:8 | | norman(2) 1:35 3:6 | |
| fleet(1) 4:5 | | incorporate(1) 14:23 | | listed(1) 3:11 | | north(3) 1:36 2:7 2:44 | |
| floor(1) 2:8 | | incorporating(1) 9:15 | | llc(1) 2:5 | | note(1) 3:16 | |
| flow(7) 10:23 10:25 11:3 11:5 14:8 14:9 | | increase(1) 12:17 | | llp(2) 1:26 2:21 | | noted(2) 5:11 | |
| 15:10 | | increased(1) 16:10 | | lockbox(1) 2:31 | | noteholder(1) 6:21 | |
| followed(1) 8:12 | | indeed(4) 6:13 7:12 8:16 17:16 | | long(1) 7:12 | | noteholders(2) 6:2 6:4 | |
| for-profit(2) 16:20 16:21 | | independen(2) 15:11 17:23 | | looked(1) 14:4 | | notwithstanding(1) 6:5 | |
| foregoing(1) 19:2 | | indicated(1) 9:1 | | looking(1) 15:24 | | november(1) 11:22 | |
| forman(1) 1:33 | | indicates(1) 4:9 | | lose(1) 6:19 | | now(6) 5:6 8:23 13:14 14:23 17:13 17:18 | |
| forward(5) 3:8 4:10 6:11 6:18 7:11 | | indicating(1) 9:6 | | losing(1) 6:13 | | number(18) 3:11 3:14 4:2 4:2 4:4 4:7 | |
| found(2) 7:9 7:12 | | individual(2) 6:2 12:20 | | lotsoff(1) 1:28 | | 4:22 5:9 5:10 5:12 5:18 5:21 5:25 7:5 | |
| francisco(1) 4:22 | | individuals(1) 10:10 | | low(1) 14:25 | | 11:7 12:9 16:23 17:20 | |
| frankly(1) 9:13 | | industry(5) 14:6 15:13 15:13 15:18 15:22 | | lugano(1) 1:42 | | | |
| freeze(1) 12:21 | | inevitable(2) 17:16 17:17 | | made(3) 9:12 12:16 17:2 | | numbers(1) 5:8 | |
| fund(1) 11:5 | | initial(1) 3:17 | | major(5) 11:21 13:7 13:23 16:14 16:15 | | objected(3) 6:1 9:7 13:11 | |
| funded(1) 10:22 | | instances(1) 12:11 | | make(3) 6:12 11:12 16:24 | | objecting(1) 7:11 | |
| funding(1) 10:5 | | intended(2) 8:20 16:1 | | management(13) 8:8 9:12 10:6 10:10 | | objection(14) 3:13 3:15 3:16 3:22 4:3 4:4 | |
| further(3) 3:23 8:18 18:14 | | intense(1) 15:8 | | 11:11 12:23 13:15 13:19 16:11 16:21 16:25 | | 5:10 5:12 6:1 7:1 7:6 7:6 9:25 14:7 | |
| fuzziness(1) 3:20 | | intensive(1) 13:22 | | 17:1 17:12 | | | |
| gain(1) 14:17 | | interest(1) 17:10 | | managerial(1) 12:24 | | objections(4) 5:19 9:2 13:11 18:10 | |
| get(1) 17:1 | | interests(1) 13:6 | | many(1) 17:16 | | objectives(1) 16:9 | |
| getting(1) 9:16 | | into(1) 9:15 | | market(6) 1:12 2:7 2:16 11:21 14:25 15:1 | | objectors(3) 9:5 13:9 13:12 | |
| give(1) 8:3 | | investigated(1) 7:9 | | marks(1) 13:13 | | obviously(1) 17:7 | |
| given(1) 16:2 | | involved(2) 10:2 13:22 | | matter(4) 3:10 8:25 17:9 19:4 | | offer(1) 8:17 | |
| goal(2) 11:2 14:20 | | issue(1) 17:7 | | matters(3) 3:8 4:7 13:17 | | offered(1) 14:21 | |
| goals(1) 11:12 | | issued(1) 9:20 | | maximum(2) 11:4 11:5 | | office(1) 2:28 | |
| goes(1) 17:14 | | it's(13) 3:13 5:6 6:20 7:19 9:12 13:4 14:3 | | maybe(1) 17:2 | | officer(1) 13:2 | |
| going(5) 3:8 4:14 5:20 7:11 17:13 | | 15:4 15:8 15:12 16:22 17:2 17:3 17:7 | | mccormick(2) 3:14 3:18 | | official(1) 17:18 | |
| good(2) 5:23 9:12 | | | | mcmahon(1) 2:29 | | okay(5) 3:12 3:25 4:12 5:7 5:20 | |
| grant(1) 7:24 | | item(2) 5:9 5:10 | | mcmeel(1) 19:8 | | omnibus(8) 4:3 4:4 5:10 5:12 5:25 6:3 | |
| granted(1) 16:1 | | january(2) 1:15 3:1 | | mean(1) 15:11 | | 7:5 7:6 | |
| great(1) 2:35 | | joanna(1) 3:14 | | media(2) 15:16 15:17 | | | |
| greater(1) 13:17 | | job(1) 16:23 | | meets(1) 18:3 | | one(7) 1:29 2:43 7:18 7:20 9:17 14:25 | |
| group(1) 16:12 | | john(1) 13:3 | | meisel(1) 1:33 | | 15:16 | |
| groups(2) 14:5 14:13 | | joint(1) 11:16 | | memorandum(1) 11:17 | | | |
| guess(1) 9:12 | | jonathan(1) 1:28 | | mentioned(1) 13:13 | | one's(2) 16:24 16:24 | |
| guild(5) 2:6 9:5 11:14 13:10 14:21 | | joseph(1) 2:29 | | met(4) 13:13 14:15 14:15 18:4 | | ongoing(1) 13:21 | |
| guild's(1) 8:14 | | judge(1) 1:21 | | middle(1) 14:20 | | only(3) 4:4 5:13 10:17 | |
| | | judgment(2) 6:12 18:5 | | might(2) 6:19 7:10 | | operate(1) 11:20 | |
| | | | | | | operates(1) 15:12 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

operating(4) 10:23 10:24 11:3 11:4
operations(1) 10:16
opinion(1) 8:21
opportunity(3) 8:17 10:9 10:15
opposed(1) 15:3
order(12) 3:15 5:5 5:14 5:15 5:6 7:3 7:14 8:1 8:17 8:25 9:24 18:11
orders(3) 3:9 4:7 5:8
ordinary(4) 10:5 11:8 11:12 18:3
organization(1) 12:1
other(9) 3:17 3:23 4:7 9:18 13:4 13:12 13:16 13:18 14:6
others(1) 10:11
otherwise(1) 9:18
our(2) 7:6 16:24
out(3) 8:15 13:18 16:25
over(2) 12:12 16:13
overruled(1) 18:10
own(1) 6:5
owned(1) 15:9
owners(2) 17:10 17:17
p.o(1) 2:17
paid(1) 15:2
papers(1) 9:6
paraphrase(2) 10:20 11:15
park(1) 2:21
participants(1) 11:8
parties(4) 8:23 9:1 9:4 18:10
parts(3) 8:9 8:14 8:19
passage(1) 16:3
passed(1) 13:24
pause(1) 8:4
pay(6) 8:7 9:7 9:23 13:18 17:3 17:5
pay-for-performanc(2) 10:9 10:15
payment(1) 10:12
payout(3) 10:7 10:25 11:1
peer(2) 14:5 14:13
pendency(2) 12:9 12:15
pennsylvania(1) 1:46
people(5) 13:6 13:6 16:19 16:21 17:21
perceive(1) 16:3
percent(5) 10:24 10:25 11:1 11:3 11:4 11:6 11:22 11:24 12:4 12:5 12:17
percentage(1) 14:9
perfectly(1) 6:10
performance(4) 11:4 11:9 14:14 14:20
performing(1) 15:21
period(1) 14:20
permit(1) 4:24
pernick(17) 1:35 3:5 3:6 3:12 3:25 4:11 4:13 4:16 4:19 4:21 5:2 5:7 5:18 5:20 18:13 18:15 18:18
personal(4) 4:10 5:13 7:7 7:17
persuasively(1) 14:19
petition(4) 11:19 12:9 12:16 12:22
phone(1) 6:23
phonetic(2) 13:3 16:5
plain(1) 15:4
plan(7) 8:7 8:8 9:3 9:8 9:16 10:3 11:1 13:8 15:1 16:8 16:13 17:23 17:25
planned(5) 10:23 10:24 11:3 11:4 11:9
plans(4) 14:10 16:12 18:1
plaza(1) 2:23
please(1) 3:3
plus(5) 4:10 5:13 7:7 7:17 10:11
pockets(1) 17:22
pointed(1) 8:14
pool(4) 10:22 10:25 11:5 11:6
population(1) 16:11
position(1) 8:10
positions(3) 12:23 12:24 12:25
positive(1) 15:10
post(1) 14:20
ppearances(2) 1:23 2:1

practice(1) 15:4
pre-trial(1) 11:16
prefer(1) 5:14
prepared(3) 6:25 7:23 9:10
present(2) 6:22 6:23
press(1) 8:21
pressure(1) 15:8
previous(1) 16:12
previously(2) 9:24 10:17
pride(1) 16:23
primarily(1) 18:8
principal(1) 13:4
prior(7) 4:7 9:24 11:10 11:13 11:17 14:10 18:1
pro-forma(1) 11:5
probably(1) 5:6
proceedings(4) 1:19 1:50 8:4 19:4
process(3) 6:9 13:20 13:21
produced(1) 1:51
profitability(1) 16:10
program(3) 5:10 15:6 15:10
programs(2) 15:23 18:8
proof(3) 6:5 7:14 7:21
proofs(1) 6:3
properly(1) 13:17
proposals(1) 12:16
propose(1) 5:15
proposed(9) 10:10 10:21 13:25 14:8 15:1 15:11 15:24 17:23 17:25
provides(1) 7:17
publishing(1) 11:23 12:4
pull(1) 8:3
purchase(1) 14:17
purpose(1) 5:3
purposes(2) 12:1 12:7
put(3) 7:12 7:16 17:21
question(4) 9:9 17:8 17:9 17:15
questions(2) 7:23 18:12
queue(1) 9:19
quote(1) 16:19
rarely(1) 14:12
rate(1) 6:17
rath(1) 2:14
re-file(1) 9:1
reach(1) 8:22
read(1) 9:14
really(2) 17:6 17:14
reasonable(3) 16:8 16:10 16:11
recent(2) 13:16 15:18
recently(1) 8:22
recess(1) 18:17
record(7) 3:16 6:22 7:12 7:16 7:17 9:11 14:23
recorded(1) 1:50
recording(2) 1:50 19:3
referred(1) 10:11
reflect(1) 12:17
regard(1) 5:25
regarding(2) 7:5 18:9
reject(1) 7:21
relates(1) 18:8
relationship(1) 16:8
relative(2) 14:25 15:21
relief(10) 3:17 3:20 3:23 4:2 4:25 5:3 7:24 10:1 15:25 18:6
rely(1) 16:5
remain(2) 9:19 11:9
remaining(4) 9:4 9:15 9:25 13:9
representative(4) 14:6 14:13 17:19 17:19
represented(2) 11:25 12:6
request(1) 9:25
requested(5) 3:17 3:21 7:24 15:25 18:6
requires(1) 11:1
resolving(1) 8:21
resources(1) 13:5

respect(10) 4:3 4:5 4:10 5:11 5:12 12:13 13:15 14:12 14:14 15:23
respects(1) 14:22
responded(2) 14:11 14:16
response(5) 3:21 6:20 6:24 6:25 9:22
rest(1) 3:8
result(2) 13:25 16:13
results(1) 10:25
retention-based(1) 18:8
retreated(1) 15:22
revenue(1) 15:8
reviewed(1) 17:23
rice(1) 2:35
richards(1) 2:41
right(7) 4:15 4:20 6:19 7:4 7:22 8:2 8:5
rights(2) 6:10 6:13
rise(3) 3:2 8:11
rockefeller(1) 2:23
rodney(1) 2:43
round(1) 4:25
rule(1) 8:14
ruled(1) 8:20
ruling(5) 9:14 9:19 9:20 10:17 16:4
said(7) 6:6 6:10 8:23 10:17 13:4 16:1
salaries(1) 14:25
salary(1) 12:21
same(1) 16:11
sample(2) 14:5 14:6
samples(1) 14:13
sandridge(1) 2:35
sanzeri(1) 4:3
say(4) 3:19 3:24 13:14 17:17
saying(1) 14:1
says(1) 11:7
schedule(1) 3:22
schotz(1) 1:33
schuylkill(1) 1:45
scope(1) 16:11
seated(1) 3:3
second(3) 4:25 10:8 10:23
section(1) 4:22
segment(4) 11:23 11:25 12:4 12:6
self(2) 10:4 16:24
self-funding(1) 10:4
sent(1) 8:16
separate(1) 8:24
separately(1) 8:10
september(8) 8:6 8:15 8:16 9:10 10:1 11:18 12:3 13:21
service(2) 1:44 1:51
services(2) 1:44 7:18
set(2) 14:8 14:25
setting(1) 8:25
settlement(1) 5:3
several(1) 10:21
severance(1) 18:9
severed(1) 12:24
shedding(1) 15:14
should(5) 4:14 8:10 13:24 16:1 17:12
shouldn't(1) 17:3
showed(1) 18:1
shows(2) 16:7 17:24
sidley(2) 1:26 5:24
signed(1) 5:5
significant(1) 14:7
similar(2) 13:12 17:25
simon(2) 2:5 2:6
simply(1) 17:5
since(1) 12:21
situation(1) 17:5
sloan(1) 2:42
solution(1) 15:14
some(8) 6:19 9:9 11:15 14:17 14:22 15:1 15:22 15:22
something(1) 16:24

sorry(1) 4:13
sound(2) 1:50 19:3
south(1) 1:29
square(1) 2:43
stand(1) 18:17
standard(4) 15:24 18:3 18:5 18:5
states(2) 1:1 1:21
stations(1) 11:22
stay(2) 4:23 5:3
stephanie(1) 19:8
still(2) 7:10 9:7
stip(1) 4:23
stipulate(1) 11:14
stipulated(1) 11:16
street(7) 1:12 1:36 1:45 2:7 2:16 2:30
stretch(1) 11:2
stretched(1) 11:9
struck(1) 16:18
subject(3) 10:16 13:20 15:1
subjects(1) 13:25
submit(5) 4:21 7:2 8:1 17:11 18:11
submitted(2) 11:17 14:6
subparts(1) 10:21
succeed(1) 15:15
successor(1) 12:13
sufficient(2) 3:20 7:7
suggest(1) 9:13
suggestion(1) 17:1
suite(3) 1:37 2:16 2:30
supervisors(1) 12:23
supplemental(1) 9:6
support(1) 16:15
supported(1) 13:7
sure(1) 5:6
surmised(1) 9:9
survival(1) 16:9
sustain(1) 7:1
sustaining(1) 3:15
take(4) 5:17 5:19 8:17 10:19
taking(1) 9:15
target(2) 10:25 11:1
telephone(1) 6:22
television(1) 11:21
tell(4) 6:14 9:8 9:19 16:17
telling(1) 8:12
temp(1) 7:17
tenth(3) 4:4 5:12 7:6
terms(1) 12:12
testified(3) 14:24 15:7 15:9
than(3) 6:12 13:18 17:22
thank(8) 3:25 4:19 5:7 7:2 7:22 7:25 18:16 18:18
that's(8) 3:11 3:24 4:11 4:15 7:24 10:11 15:10 17:6
their(7) 7:11 8:23 12:10 12:14 15:23 17:15 17:22
theirs(1) 14:12
themselves(1) 16:22
there's(4) 7:20 10:23 11:3 17:5
they're(3) 11:15 17:13 17:13
thing(1) 9:12
things(4) 13:4 13:12 15:8 16:23
think(6) 13:13 13:17 13:24 14:16 14:19 16:4
third(4) 10:12 10:14 11:3 15:16
thomas(1) 2:36
though(1) 15:21
thought(1) 7:10
three(6) 3:8 8:19 8:10 12:3 15:11 15:16
three-part(1) 8:7
through(1) 3:7
time(7) 3:19 13:14 13:23 14:1 14:16 16:3 16:13
times(1) 13:16

| Word                    Page:Line | Word                              Page:Line |
|---|---|
| timing(1) 13:15 | willing(1) 8:9 |
| today(5) 3:8  3:16  9:1  16:17  18:14 | wilmington(8) 1:13  1:38  2:9  2:18  2:32 |
| today's(1) 10:17 | 2:38  2:45  3:1 |
| together(2) 8:3  8:11 | |
| told(2) 4:14  4:17 | wish(1) 16:25 |
| took(2) 8:18  8:19 | wishes(1) 9:21 |
| tool(1) 13:5 | without(1) 9:25 |
| top(2) 10:6  10:10 | witnesses(1) 13:1 |
| topic(2) 16:2  16:18 | womble(1) 2:35 |
| tranches(1) 6:4 | word(1) 8:19 |
| transcript(3) 1:19  1:50  19:3 | words(1) 14:11 |
| transcription(2) 1:44  1:51 | world(3) 16:20  16:21  16:22 |
| transcriptionist(1) 19:10 | would(14) 3:10  3:19  5:14  5:15  7:14  7:16 |
| transition(3) 9:2  10:11  10:18 | 8:9  11:5  14:1  14:2  14:19  15:5  16:25 |
| tribune(2) 1:9  3:6 | 17:16 |
| tried(1) 6:7 | write(2) 8:21  16:1 |
| troubled(2) 15:12  15:19 | wrong(1) 14:5 |
| true(1) 17:4 | yeah(1) 5:5 |
| trusted(1) 6:11 | year(2) 10:2  12:18 |
| trustee(4) 2:28  2:28  9:6  13:11 | years(2) 11:10  11:13 |
| turn(1) 17:6 | yesterday(2) 5:5  15:18 |
| twenty-three(1) 11:21 | yet(3) 8:22  15:14  16:2 |
| two(4) 9:4  9:15  9:18  16:5 | york(1) 2:24 |
| u.s(4) 2:28  2:28  9:6  13:11 | zero(1) 12:17 |
| ultimate(2) 15:14  17:15 | |
| ultimately(2) 17:13  17:21 | |
| under(5) 8:19  9:7  14:2  15:8  18:11 | |
| understand(1) 6:9 | |
| understanding(1) 16:20 | |
| undisputed(1) 15:12 | |
| union(3) 12:1  12:10  12:14 | |
| unions(3) 12:1  12:6  12:17 | |
| united(2) 1:1  1:21 | |
| unless(1) 5:14 | |
| unsecured(1) 17:14 | |
| until(1) 9:18 | |
| upon(2) 3:15  9:11 | |
| used(2) 6:14  13:5 | |
| validated(1) 17:24 | |
| value(1) 15:5 | |
| various(3) 6:4  8:9  8:14 | |
| venue(1) 3:18 | |
| view(1) 15:13 | |
| voluntarily(1) 6:18 | |
| wages(1) 12:18 | |
| waiving(1) 6:10 | |
| walker(1) 4:5 | |
| want(1) 6:18 | |
| wanted(3) 3:16  7:8  8:13 | |
| washington(3) 2:5  9:5  13:9 | |
| wasn't(1) 6:9 | |
| way(2) 13:15  14:16 | |
| we'll(2) 7:2  7:25 | |
| we're(1) 7:20 | |
| wednesday(1) 3:1 | |
| well(9) 5:22  6:20  8:1  8:2  8:24  15:16 | |
| 15:21  16:10  16:23 | |
| | |
| wells(1) 4:5 | |
| went(2) 6:11  7:6 | |
| were(9) 6:1  7:11  7:21  9:24  11:16  11:25 | |
| 13:11  14:18  15:2 | |
| | |
| weren't(1) 14:17 | |
| west(1) 1:36 | |
| what(9) 10:3  10:8  10:14  11:2  16:3  16:20 | |
| 16:22  16:25  17:12 | |
| | |
| what's(4) 9:2  10:22  15:23  17:10 | |
| whereupon(1) 18:19 | |
| whether(7) 6:13  6:22  8:8  8:10  14:4  14:5 | |
| 15:25 | |
| | |
| while(1) 14:21 | |
| who(5) 9:4  13:10  13:10  17:12  17:15 | |
| whole(1) 8:13 | |
| will(8) 4:10  9:8  9:18  9:20  11:15  16:17 | |
| 17:21  18:17 | |