# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, Inc., *et al.*,<br><br>Debtors. | Case No.: 08-13141 (KJC)<br><br>Chapter 11<br><br>Jointly Administered |

**MOTION FOR EXPEDITED CONSIDERATION OF AURELIUS CAPITAL MANAGEMENT, LP'S OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE ENTRY OF ORDER AUTHORIZING FILING OF EXHIBIT UNDER SEAL**

Aurelius Capital Management, LP ("ACM"), manager of funds that are beneficial owners of certain bonds issued by a Debtor in the above-captioned chapter 11 cases, hereby files this Motion for Expedited Consideration (the "Motion for Expedited Consideration") of Aurelius Capital Management, LP's Objection to Motion of the Official Committee of Unsecured Creditors (the "Committee") for the Entry of Order Authorizing Filing of Exhibit Under Seal and Request for Extension of Objection Deadline (the "Objection").[1] In support of this Motion for Expedited Consideration, ACM respectfully states:

## Background

1. On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On December 18, 2008, The United States Trustee for the District of Delaware, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of *all* unsecured creditors in these chapter 11 cases. On or about February 1, 2010, the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

Committee filed its (a) Motion for Entry of an Order Granting Leave, Standing, and Authority to Commence, Prosecute, and Settle Claims and Counterclaims of the Debtors' estates (the "Standing Motion") and (b) Motion for Entry of Order Authorizing Filing of Exhibit Under Seal (the "Motion to File Under Seal").  The Committee's Motion to File under Seal seeks permission to file under seal a draft complaint (the "Complaint") against the Lead Banks (as defined in the Standing motion) in connection with their participation in the LBO.

3. Concurrently herewith, ACM filed the Objection to the Motion to File Under Seal, in part, because the Committee has not provided any legally defensible basis for filing the Complaint under seal.  The granting of this Motion to Expedite is critical because, if the Motion to File Under Seal is heard the same day as the underlying Standing Motion, creditors will not have the opportunity to assess the Standing Motion.  ACM is not suggesting that the hearing on the Standing Motion be delayed.

4. Pursuant to Del. Bankr. L.R. 9006-1(e), parties are required to provide at least fourteen days' notice of all motions, unless approval of shortened notice is granted by the Court.  The Committee has scheduled its Standing Motion and Motion to File Under Seal, both on February 18, 2010 and set an objection deadline of February 11, 2010, with the objections to the Motion to File Under Seal purportedly to be heard concurrently with the Standing Motion.  ACM's, and other parties', ability to properly evaluate the Standing Motion is dependent on their ability to review the Complaint.  In order to do so, ACM requests that the Court hear its Objection on an expedited basis and prior to the hearing on the Standing Motion.[2]

## Basis for Relief Requested

5. Pursuant to the Objection, ACM seeks entry of an order denying the Committee's request to file the Complaint under seal.  For purposes of this Motion for

---

[2] An alternative would be to delay consideration of the Standing Motion until after the hearing on the Motion to File Under Seal.

Expedited Consideration, ACM seeks to shorten notice for a hearing on the Objection.

6. As set forth more fully in the Objection, the Committee has not established a proper basis for filing the Complaint under seal. The Complaint is an integral part of the Committee's Standing Motion and is needed to properly evaluate that motion, which potentially involves a large benefit to the estate. If permitted to file the Complaint under seal, the Committee will have taken another step toward conducting the entire LBO litigation under seal and without due process available to the creditors. There is no basis for such creeping confidentiality.

7. Accordingly, it is imperative for the Objection to be heard prior to the Standing Motion to allow the Complaint to be filed in time for parties in interest to evaluate the Standing Motion.

8. Pursuant to Del. Bankr. L.R. 9006-1(e), the Court may rule on this Motion for Expedited Consideration without need for a hearing, and ACM requests that the Motion for Expedited Consideration be granted without further hearing.

**Notice**

9. ACM has proved notice to this Motion to: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to the Official Committee of Unsecured Creditors; and (d) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. ACM submits that, in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

WHEREFORE, ACM respectfully requests the entry of an Order: (i) granting this Motion for Expedited Consideration; (ii) scheduling a hearing at the Court's earliest available opportunity sufficiently in advance of the February 18, 2010 hearing; (ii) granting such other and further relief as this Court deems just and proper.

3

Dated: February 9, 2010
      Wilmington, Delaware

                              GREENBERG TRAURIG, LLP

                              */s/ Scott D. Cousins*
                              Scott D. Cousins (DE Bar No. 3079)
                              Victoria W. Counihan (Bar No. 3488)
                              The Nemours Building
                              1007 North Orange Street, Suite 1200
                              Wilmington, Delaware 198-1
                              Telephone: (302) 661-7000
                              Facsimile: (302) 661-7360
                              Email: Cousinss@gtlaw.com
                                            Counihanv@gtlaw.com

                             and

                              Nancy A. Mitchell
                              MetLife Building
                              200 Park Avenue
                              New York, New York 10281
                              Telephone: (212) 801-9200
                              Facsimile: (212) 801-6400
                              Email: Mitchelln@gtlaw.com

                              ***Counsel to Aurelius Capital Management, LP***

4