# **EXHIBIT C**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In the matter of<br><br>SA TELECOMMUNICATIONS, INC., et al.,<br><br>Debtors. | )<br>)<br>)<br>) Case Nos. 97-2395<br>) through 97-2401(PJW)<br>) |

U.S. Bankruptcy Court
Sixth Floor
824 Market Street
Wilmington, Delaware

Friday, March 27, 1998
1:00 p.m.

BEFORE: HONORABLE PETER J. WALSH
United States Bankruptcy Judge

WILCOX & FETZER
1330 King Street - Wilmington Delaware 19801
(302) 655-0477

W&F
WILCOX & FETZER LTD.
Registered Professional Reporters

ORIGINAL

267

2/98D

1 period and hopefully we will never have to address it
2 because the parties will have been able to work it
3 out.  Thank you.
4     THE COURT:  Anyone else?
5     MR. DeNATALE:  Your Honor, I do have a
6 copy of the stipulation that was actually executed by
7 each of the parties and that I would hand up for the
8 Court to so order if the Court is so inclined.
9     THE COURT:  Let me look at it.  I
10 haven't ruled yet.
11     Interesting debate and I'm going to
12 approve the stipulation and deny the U.S. Trustee's
13 motion for the appointment of an examiner for the
14 following reasons:
15     First of all, Section 1104(c)(1)
16 authorizes the appointment of an examiner where it is
17 in the interest of the creditors, the equity holders,
18 or other interests of the estate.  We're all agreed
19 that there's no equity interests here.  And I don't
20 think there's really an interest of the estate in the
21 sense that this is a liquidation case.  This company
22 is going nowhere, it's over.  The only interests are
23 those of the creditors and in amount we have 90
24 percent of those people opposing the relief that the

1 trustee says they need. That doesn't make any sense
2 to me to appoint an examiner when the U.S. Trustee
3 says it's needed to protect the creditors when 90
4 percent in amount of those creditors say we don't want
5 this relief.
6 　　　　　Secondly, particularly in light of the
7 comment that Mr. DeNatale just made regarding Jay
8 Alix's assessment of what it would cost to find out
9 what the intercompany claims are and whether the eggs
10 can be unscrambled so as to have to avoid substantive
11 consolidation, we have the U.S. Trustee in order to
12 achieve his result putting a 30 day and $40,000 cap on
13 the examiner's effort. I think if you buy it that
14 cheaply and permit that short a time, I think you're
15 going to get what you pay for and that is nothing that
16 would be of any value to the proceedings that we're
17 engaged in. I think it will be a waste of $40,000 and
18 an unnecessary delay in the proceedings.
19 　　　　　Thirdly, based upon my experience with
20 examiners what you're going to do with an examiner is
21 produce a document which is only going to continue the
22 combat that the creditors have been engaged in for
23 some time, because as sure as we're all sitting here
24 whatever the examiner says one or more of these three

1  major creditors are going to disagree with it.  And so
2  the examiner's report would simply serve as perhaps a
3  convenient and concise statement of what the parties
4  will be litigating over and it's not going to solve
5  anything.  I think an examiner's report is an
6  invitation to litigation and we already have that.
7       Fourth, I take a different approach from
8  the U.S. Trustee's position.  He claims we need
9  someone independent who will look at the facts without
10 any bias and report accordingly.  My view is the best
11 way to develop facts is in an adversary proceeding and
12 that's what we do all the time in this Court.  And so
13 I think it's probably equally effective, if not more
14 effective, to have the fighting parties look at the
15 facts and take their positions, and if we're lucky it
16 will result in a settlement.  If not, we will be back
17 here and pick up where we would leave off today.
18       So for those reasons I don't think that
19 appointing an examiner would be in the best interests
20 of these proceedings, certainly not in the best
21 interests of the creditors.  And parties have observed
22 and it went without saying that this has been an
23 acrimonious four months since the case was filed.  And
24 to pile on an examiner shackled by a limited budget

1  and time frame I just think would be a waste.
2          Finally, this is not the beginning of
3  this case, it's the end of the case. And we're
4  looking at $44 million chasing a million and a half.
5  And I think it's time the parties realistically looked
6  at this nominal dividend that they are going to get
7  and reach an agreement that is going to settle it
8  without further debate about consolidation or
9  intercompany claims, because if we get to those issues
10 and we have hearings on the merits, the million and a
11 half is going to be spent in a matter of weeks.
12         In addition to the reasons I've already
13 given, in my view this is the wrong time and the wrong
14 case for the appointment of an examiner. So I'll deny
15 that motion.
16         MR. ASTIN: Your Honor, to clarify Your
17 Honor's ruling, is Your Honor ruling as to
18 1104(c)(2)? You mentioned best interests of the
19 creditors under (c)(1). Our request for relief was
20 pursuant to (c)(2), (c)(1) in the alternative.
21         THE COURT: My view is that (c)(2) is
22 not mandatory and for the same reasons I've already
23 given I'll deny the relief to the extent it is
24 premised on (c)(2).

```
 1              MR. ASTIN:  Thank you, Your Honor.
 2              MR. GWYNNE:  With respect to the two
 3   motions being continued, motion to appoint trustee and
 4   the motion for reconsideration on consolidation of the
 5   schedules, we are going to continue them to some time
 6   after the settlement period which would end on May
 7   11?
 8              MR. DeNATALE:  What we would ask is if
 9   your chambers could give us a date, say, 40 days out
10   for a settlement conference with the Court, kind of
11   report back on the results of this process and maybe
12   we will carry those motions to that date -- until
13   after the settlement, 50 days out maybe for the
14   motions that Mr. Gwynne wants to adjourn over and
15   maybe 40 days out for settlement conference with Your
16   Honor, if that's possible.
17              May 11th is the end of the settlement
18   period I'm told.
19              THE COURT:  So the first date you are
20   looking for is --
21              MR. DeNATALE:  Would be a few days
22   before the 11th, if that's available.
23              THE COURT:  How about 4:00 on the 7th?
24              MR. DeNATALE:  That would be fine.
```

W&F
WILCOX & FETZER LTD.
Registered Professional Reporters