# **EXHIBIT D**

KF 1544
.C368
v.2

# Chapter 11 Theory and Practice
## A Guide to Reorganization

Volume 2

Editors

James F. Queenan, Jr.
Philip J. Hendel
Ingrid M. Hillinger



LRP Publications
Horsham, Pennsylvania

**Trustees & Examiners** § 14.22

added some confusion by injecting an economic justification for rejecting the appointment of an examiner.[230]

Section 1104(b)(2) arguably stands for the following proposition: if an investigation is needed, the economic justification for the appointment is presumed to be present if the debtor's qualifying debt exceeds $5 million. The statute should not be read to require an appointment if there is no "appropriate" investigation to undertake. Requiring appointment of an examiner in the absence of any need to investigate will encourage courts to appoint examiners to examine the debtor's broom closet.

As noted, the legislative history seems to point in the other direction.[231] Section 1104(b)(2) was added during the drafting process to appease the Senate, which wanted a trustee appointed for all public companies without the need to establish cause. Viewed against this background, the appointment of an examiner under section 1104(b)(2) may not require cause for an investigation. Of course, if a court does not perceive a need for an investigation but nevertheless feels bound to appoint an examiner, it can always impose severe restrictions on the examiner's duties.

### § 14.22  Duties of Examiner

When a court decides an examiner is needed or must be appointed, it should set forth the specific duties assigned to the examiner in the order of appointment. Unless the court orders otherwise, the examiner must investigate the debtor's acts, conduct, liabilities, financial condition and business operations including the desirability of continuing that business.[232] The examiner may also investigate "any other matter relevant to the case or to the formulation of a plan."[233]

Upon completion of the investigation, the examiner must file a report of the investigation that sets forth any facts discovered relating to "fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the debtor's affairs."[234] The report can include facts relevant to any cause of action the estate might assert.[235] The examiner should furnish the report to any official committees, any indenture trustee and any other entity designated by the

---

[230] *In re* Shelter Resources Corp., 35 B.R. 304, 305, 11 BCD 811, 812 (Bankr. N.D. Ohio 1983).

[231] *See supra* § 14.03.

[232] 11 U.S.C. § 1106(b) (1988).

[233] *Id.* (incorporating § 1106(a)(3) and (4)).

[234] *Id.*

[235] *Id.*