**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------- x
: 
: 
In re: : Chapter 11
: 
: Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al., : (Jointly Administered)
: 
Debtors. : Re: Dkt. Nos. 3063 and 3281
: **Hearing Date: Feb. 18, 2010 at 10:00 a.m.**
: **Obj. Deadline: Feb. 11, 2010 at 4:00 p.m.**
: 
------------------------------------- x

**LIMITED JOINDER OF CITICORP NORTH AMERICA, INC. AND CITIGROUP GLOBAL MARKETS INC. TO (I) J.P. MORGAN CHASE BANK, N.A.'S RESPONSES AND (II) THE CREDIT AGREEMENT LENDERS' OBJECTIONS TO (A) MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE, PROSECUTE AND SETTLE CLAIMS AND COUNTERCLAIMS OF THE DEBTORS' ESTATES AND (B) MOTION OF WILMINGTON TRUST COMPANY FOR APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(C) OF THE BANKRUPTCY CODE**

Citicorp North America, Inc. and Citigroup Global Markets Inc. (collectively, "Citigroup") hereby file this Limited Joinder (the "Limited Joinder") to (a) (i) J.P. Morgan Chase Bank, N.A.'s ("JPMorgan") Response To Motion Of The Official Committee Of Unsecured Creditors For Entry Of An Order Granting Leave, Standing And Authority To Commence, Prosecute And Settle Claims And Counterclaims Of The Debtors' Estates [Dkt. No. 3281] (the "Standing Motion") and (ii) the Credit Agreement Lenders' Objection to the Standing Motion (collectively, the "Standing Responses") and (b) (i) JPMorgan's Response To Motion Of Wilmington Trust Company For Appointment Of An Examiner Pursuant To Section 1104(C) Of The Bankruptcy Code

[Dkt. No. 3063] (the "Examiner Motion") and (ii) the Credit Agreement Lenders' Objection to the Examiner Motion (collectively, the "Examiner Responses").[1]

In support of this Limited Joinder, Citigroup respectfully submits as follows:

## Background

1. Like JPMorgan and the Credit Agreement Lenders, Citicorp North America, Inc. ("Citicorp") and Citigroup Global Markets Inc. ("CGMI") are potential litigation targets and creditors in connection with the claims that are the subject of the UCC's Standing Motion. Specifically, Citicorp served as a co-documentation agent and CGMI served as a joint lead arranger and bookrunner with respect to the Senior Credit Agreement and the Bridge Facility. Citicorp also served as administrative agent with respect to the 2006 Bank Debt. Finally, CGMI served as financial advisor to the Debtors in connection with the Transactions.

## Response

*The Standing Responses*

2. As set forth in the Standing Responses, the UCC has failed to establish a colorable claim with respect to the Transactions. Mere allegations and summary conclusions cannot support the UCC's request for standing and authority to prosecute claims and counterclaims that belong to the Debtors. Nor has the UCC shown that the Debtors have breached their fiduciary duties or abused their discretion by not prosecuting such claims. Accordingly, this Court should deny the UCC's request for standing and authority to prosecute the claims and counterclaims.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Standing Responses or the Examiner Responses [Dkt. Nos. 3363, 3374, 3362 and 3373].

3. Moreover, even if the UCC could establish colorable claims (which Citigroup maintains that it cannot) and obtain derivative standing to prosecute those claims, the Debtors nevertheless must retain the authority to settle such claims until and unless a party makes a proper showing of misconduct by the Debtors. Here, no such showing has been made. For these reasons, Citigroup hereby joins the requests made by JPMorgan and the Credit Agreement Lenders that the Standing Motion be denied and incorporates by reference all arguments and assertions in the Standing Responses in support of those requests.

*The Examiner Responses*

4. As set forth in the Examiner Responses, the examination requested by Wilmington Trust would duplicate the UCC's ongoing investigation of the Transactions. The UCC has spent considerable time, effort and resources in its investigation to date. As such, an examiner is unnecessary under the circumstances. For this reason, Citigroup joins with, and incorporates by reference, the arguments and assertions in the Examiner Responses with respect to necessity and appropriateness of the appointment of an examiner in these chapter 11 cases.

WHEREFORE, for the reasons set forth herein, Citigroup respectfully requests that this Court deny the Standing Motion and the Examiner Motion.

Dated: February 11, 2010  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Wilmington, Delaware

By: /s/ *John P. DiTomo*

Stephen P. Lamb (#2053)
John P. DiTomo (#4850)
Brandywine Building
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 655-4410
Facsimile: (302) 655-4420

Charles Davidow
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Andrew Gordon
David W. Brown
Stephen J. Shimshak
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Citicorp North America, Inc.
and Citigroup Global Markets Inc.*