IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 Cases |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |

------------------------------------------------------x

**STATEMENT OF LAW DEBENTURE TRUST COMPANY OF NEW YORK IN RESPONSE TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(D) FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Law Debenture Trust Company of New York ("Law Debenture"), successor trustee under that certain Indenture, dated March 19, 1996, between Tribune Company ("Tribune" and with its subsidiaries the "Debtors"[1]) (successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7.25% Debentures due 2096 (as amended, the "Indenture"), as fiduciary for the interests of more than 18% of the Debtors' bondholders, by and through its undersigned counsel, hereby submits the following statement in response to the Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(D) Further Extending Debtors' Exclusive Periods within which to File A Chapter 11 Plan And Solicits Acceptances Thereof (the "Exclusivity Motion"):

1.      The Debtors have not filed a plan of reorganization, but they have indicated that they will do so in advance of the hearing on the Exclusivity Motion. Law Debenture understands that the plan may either "settle" potential litigation claims against the parties that financed or otherwise participated in the Debtors' 2007 leveraged buyout transaction (the "LBO") or that

---

[1]     For ease of reference Law Debenture uses the term "Debtors" to include Tribune's debtor and nondebtor guarantor affiliates.

1969455v1

imposes a schedule and structure of the litigation for such claims on the Official Committee of Unsecured Creditors (the "Committee"), which has sought approval to prosecute such claims on behalf of the estates. The Committee and other requisite stakeholders such as Law Debenture have not agreed to any settlement of LBO-related claims.

2.     Law Debenture has no objection to the requested extension of exclusivity. The Debtors, however, should use the extension to either negotiate a fully consensual resolution of the estates' valuable LBO claims or formulate a plan that allows the Debtors to emerge while allowing the LBO-related claims to be pursued by unconflicted parties in an unfettered manner. The Debtors should not use the extension to seek to impose a settlement to which the requisite harmed parties have not consented nor to impose a litigation "structure" on claims as to which the Debtors have substantial, documented conflicts of interest. The Committee has sought -- and must receive -- standing to prosecute claims relating to the LBO and must be able to prosecute such without interference from the Debtors.

3.     Law Debenture reserves all rights with respect to the Exclusivity Motion, including the right to supplement this Statement or to file an objection if the Debtors file a plan of reorganization before the hearing.

Dated: Wilmington, Delaware
       February 11, 2010

/s/ Garvan F. McDaniel
Garvan F. McDaniel (DE No. 4167)
Bifferato Gentilotti LLC
800 N. King St., Plaza Level
Wilmington, DE 19801
(302) 429-1900

– and –

1969455v1

David S. Rosner
Andrew K. Glenn
Sheron Korpus
Christine A. Montenegro
Matthew B. Stein
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Co-Counsel for Law Debenture Trust
Company of New York*