IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------x
:
In re:                              : Chapter 11
                                    : Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,             : (Jointly Administered)
                                    :
            Debtors.                : Re: Docket Nos. 3279, 3352, 3353
                                    : **Hearing Date: Feb. 18, 2010 at 10:00 a.m.**
                                    :
                                    :
------------------------------------x

**J.P. MORGAN CHASE BANK, N.A.'S (I) RESPONSE TO MOTION OF
AURELIUS CAPITAL MANAGEMENT, LP FOR EXPEDITED
CONSIDERATION OF OBJECTION TO MOTION FOR THE ENTRY OF AN
ORDER AUTHORIZING FILING OF EXHIBIT UNDER SEAL [DKT. NO. 3353];
AND (II) REPLY TO OBJECTION OF AURELIUS CAPITAL MANAGEMENT,
LP TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING FILING OF
EXHIBIT UNDER SEAL [DKT. NO. 3352]**

JPMorgan Chase Bank, N.A. ("JPMorgan") hereby submits this (i) response to the motion of Aurelius Capital Management, LP ("ACM") for expedited consideration ("Motion to Expedite") of its objection to the motion of the Official Committee of Unsecured Creditors (the "UCC") for the entry of an order authorizing the filing of Exhibit A (the "Draft Complaint") under seal ("Motion to File Under Seal") and (ii) reply to ACM's objection to the UCC's Motion to File Under Seal ("Objection to Motion to File Under Seal").

1. ACM's motion should be denied and its objection need not be considered. On December 15, 2009, this Court entered the Order (I) Authorizing the Debtors to Establish a Document Depository and Directing The Committee To Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II)

Establishing Settlement Negotiation Protections Pursuant To 11 U.S.C. § 105(A) (the "Order"). Paragraph f. of the Order provides that "No Depository Designee or its Designated Representatives may use Discovery Documents or Depository Information stamped or otherwise designated as 'Financial Institution Highly Confidential Documents', 'Highly Confidential-Attorneys' Eyes Only', or 'Confidential' in a court filing in these chapter 11 cases unless such documents are filed under seal."

2. The entry of the Order followed lengthy negotiations between and among the parties and addressed numerous facets of the voluntary production process. Among other things it provides limitations on the uses of the documents produced, provides a mechanism for challenges to designations, and provides for the use of confidential information in court filings if filed under seal.

3. The UCC is required to file under seal the proposed complaint if, as the UCC states, that complaint is based upon or includes designated documents and information. Although the UCC takes the position that the Order does not authorize the filing under seal, *see* Motion of the Official Committee of Unsecured Creditors for Entry of Order Authorizing Filing of Exhibit Under Seal at p. 2, JPMorgan believes that the UCC in its motion is being overly cautious in its reading of the Order and that in fact filing under seal of such documents and information is already authorized by paragraph f. of the Order.

4. Because the UCC's motion is unnecessary, the ACM motion should be denied or stricken as moot.

5. However, even if the UCC's motion were required because filing under seal were not authorized by the Order, ACM's Motion to Expedite and Objection to Motion to

2

File Under Seal should be denied as premature for the same reasons the UCC's motion for standing (the "Standing Motion") is premature. *See* JPMorgan's Response to Standing Motion ¶ 1.

6. Negotiations are currently taking place in the context of the Debtors' initiative to resolve the claims of divergent creditor interests through the formulation of a Chapter 11 plan. This process is actively ongoing and must be afforded a fair opportunity for success. ACM's endeavor to unseal the Draft Complaint smacks of a transparent attempt to interfere with this process—an attempt which, if successful, would undermine the Debtors' efforts to broker a consensual resolution and would open the floodgates to competing motions by other parties in quest of negotiating leverage.

7. The Court should allow the plan negotiations to play out without unnecessary disruption. *Cf. Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (in the context of Fed. R. Civ. P. 26, noting that the decision to seal is "an exercise of judgment"). ACM's arguments represent just one more attempt, in addition to the UCC's Standing Motion and Wilmington Trust's Examiner Motion, to manipulate and/or derail the process of settling claims within the context of a plan.

8. Moreover, contrary to ACM's assertions, it need not review a draft complaint in order to take a position on the UCC's standing motion. Such a review is not relevant to the question of whether the Debtors are disabled from pursuing any claims because they supposedly have abused their discretion or breached their fiduciary duties *See, e.g., In re National Forge Company*, 326 B.R. 532, 555 (W.D. Pa 2005). Hence, ACM's determination of its position on the Standing Motion hinges on its assessment of the Debtors' qualifications, belying the notion that access to the UCC's draft complaint is

necessary for parties to "properly evaluate the Standing Motion," or that an urgent need exists for the draft complaint to be unsealed prior to the Court's determination of the Standing Motion. *See* Objection to Motion to File Under Seal ¶ 21; Motion for Expedited Consideration ¶¶ 3, 6.

9. The materials contained in the draft complaint were produced to the UCC on a voluntary basis in a good faith belief that doing so would further the negotiation process. This type of voluntary cooperation should be encouraged. Thus even assuming, *arguendo*, that ACM requires access to the draft complaint (which it does not), the Court could satisfy that request by directing the UCC to file a redacted version of the Draft Complaint that would protect the information designated confidential in the massive voluntary 2004 document production.

WHEREFORE, for all the foregoing reasons, JPMorgan requests that the Court deny ACM's Motion to Expedite and grant the UCC's Motion to File Under Seal.

*[Remainder of page intentionally left blank]*

Dated: February 12, 2010
      Wilmington, Delaware

Respectfully submitted,

/s/ Robert J. Stearn, Jr.
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Dennis E. Glazer
Karen E. Wagner
Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10022
(212) 450-4500

*Attorneys for JPMorgan Chase Bank, N.A.*