IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al., <br><br> Debtors. | : Chapter 11 <br> : Case No. 08-13141 (KJC) <br> : (Jointly Administered) <br> : <br> : <br> : Hearing Date: February 18, 2010 at 10:00 a.m. (ET) <br> : Re Docket No. 3369 <br> : |

### OBJECTION OF MERRILL LYNCH CAPITAL CORPORATION TO WILMINGTON TRUST COMPANY'S MOTION TO FIX HEARING DATE ON, LIMIT NOTICE AND SHORTEN TIME TO OBJECT OR RESPOND TO ITS CROSS-MOTION TO INTERVENE

Merrill Lynch Capital Corporation ("Merrill Lynch"), by its attorneys Kaye Scholer LLP and Potter Anderson and Corroon LLP, submits this objection ("Objection") to the motion (the "Motion to Shorten Time"), dated February 11, 2010, of Wilmington Trust Company ("Wilmington Trust") for an order fixing a hearing date on, limiting notice of and shortening the time to object or respond to its cross-motion to intervene (the "Cross-Motion to Intervene") in any estate litigation arising from the motion (the "Standing Motion") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") for standing and authority to commence, prosecute and settle claims and counterclaims of the Debtors' estates, and respectfully states as follows:

1. Wilmington Trust has not provided any basis in the Motion to Shorten Time why the Cross-Motion to Intervene should be heard on an expedited basis. Wilmington Trust's purported reasons -- "no party will suffer any harm by the Court granting the relief requested" and its Cross-Motion to Intervene is "inextricably intertwined" with matters scheduled to be heard by the Court on February 18, 2009 -- simply lack any merit.

2.  The Cross-Motion to Intervene is premature and speculative, at best. Numerous parties in interest, including the Debtors, JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, and the Credit Agreement Lenders, have filed objections or joinders to objections to the Standing Motion, by which the Creditors Committee seeks standing to commence, prosecute and settle claims and counterclaims of the Debtors' estates. The Standing Motion is due to be heard on February 18, 2010. If the Court denies the Standing Motion, any Cross-Motion to Intervene will be moot. Moreover, even if the Court grants the relief sought by the Creditors' Committee, it does not necessarily follow that litigation will commence or, if it does, that intervention by Wilmington Trust -- a member of the Creditors' Committee -- as an additional plaintiff is at all warranted. In any event, there is an insufficient factual record for the Court to consider Wilmington Trust's Cross-Motion to Intervene at this time.

3.  Moreover, Wilmington Trust has not demonstrated any exigency, nor could it, to warrant depriving Merrill Lynch of the opportunity to fully consider the Cross-Motion to Intervene, submit a well reasoned response and, if necessary, conduct limited discovery into the facts alleged by Wilmington Trust to support its Cross-Motion to Intervene. Given that there is no pending litigation, there cannot possibly be any prejudice to Wilmington Trust if the Cross-Motion to Intervene is heard on ordinary notice. *See, e.g., Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369-70 (3d Cir. 1995) (timeliness of intervention motion depends on "what proceedings of substance on the merits have occurred") (cited by Wilmington Trust at p. 18 of Cross-Motion to Intervene).

**WHEREFORE,** Merrill Lynch respectfully requests that this Court deny the Motion to Shorten Time to object or respond to Wilmington Trust's Cross-Motion to Intervene.

Dated:   February 12, 2009
         Wilmington, Delaware

>                         **POTTER ANDERSON & CORROON LLP**
>
>                         By: /s/ Laurie Selber Silverstein
>                         Laurie Selber Silverstein (DE Bar 2396)
>                         P.O. Box 951
>                         1313 N. Market Street, 6th Floor
>                         Wilmington, Delaware 19899
>                         (302) 984-6000
>
>                                     -and-
>
>                         **KAYE SCHOLER LLP**
>                         Madlyn Gleich Primoff
>                         Jane W. Parver
>                         Joseph M. Drayton
>                         425 Park Avenue
>                         New York, New York 10022
>                         (212) 836-8000
>
>                         *Counsel for Merrill Lynch Capital Corporation*

Pac#953170