# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: TBD<br>Related to D.I. 3279, 3352 and 3353 |

## DEBTORS' RESPONSE TO AURELIUS CAPITAL MANAGEMENT, L.P.'S (I) OBJECTION TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER AUTHORIZING FILING OF EXHIBIT UNDER SEAL AND (II) MOTION FOR EXPEDITED CONSIDERATION OF OBJECTION

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") submit this response to Aurelius Capital Management, L.P.'s (i) objection ("Objection") to Motion of the Official Committee of Unsecured Creditors for Entry of Order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429-0001-6329156v1

Authorizing Filing of Exhibits Under Seal ("Seal Motion") and (ii) Motion for Expedited Consideration of Objection. In support of this response, the Debtors state as follows.

1. As set forth in the Committee's Seal Motion, the draft complaint contains information that one or more parties producing discovery in connection with the investigations of the Leverage ESOP Transactions has designated as confidential. Such information was produced subject to and in reliance upon confidentiality restrictions provided under prior orders of this Court.[2] If Aurelius is prepared to agree that it will receive the draft complaint subject to confidentiality restrictions (including an agreement that confidential information shall be used solely in connection with these cases), the Debtors would have no objection to the Committee sharing the draft complaint with Aurelius. To date, however, Aurelius has repeatedly refused to agree to any such restrictions. Absent its agreement to receive the draft complaint subject to appropriate confidentiality restrictions, Aurelius should not be provided access to the complaint.[3]

2. Aurelius has provided no justification for its alleged need to see the Committee's draft complaint <u>before</u> the Court has even determined whether the Committee should be granted standing to prosecute claims. Contrary to Aurelius' unsupported assertion, the draft complaint is unnecessary to evaluate the merits of the Standing Motion. The merits of the Standing Motion will be evaluated under the legal standards applicable to the relief requested, namely, whether the Committee has met its burden under established precedent for obtaining derivative standing to prosecute certain estate claims. Aurelius does not need to see the specific allegations set forth in the draft Complaint to assess whether the Committee has met this burden.

---

[2] See e.g. Order Authorizing Debtors to Establish a Document Depository entered on or about December 15, 2009.

[3] Additionally, the Debtors agreement, subject to appropriate confidentiality restrictions, is specifically limited to the draft complaint. Mindful that a vast amount of sensitive information is already subject to review by various parties representing the different creditor constituencies in these cases pursuant to the document depository protocol, the Debtors do not mean to imply that this process needs to be further extended.


Moreover, the claims for which the Committee seeks standing are described in the Standing Motion. Insofar as consideration of the Standing Motion is concerned, therefore, the draft complaint adds little or nothing beyond what the Committee has already set forth in its publicly-filed papers, and the relief requested by Aurelius is premature.[4]

3. Finally, the motion for expedited consideration is likewise without merit. Aurelius provides no support for its contention that "if the Motion to File Under Seal is heard the same day as the underlying Standing Motion, creditors will not have the opportunity to assess the Standing Motion." This simply does not follow. As noted, a review of the draft complaint is not necessary to the determination whether the Committee has met its burden under the Standing Motion. Further, the hearing on the Standing Motion is only days away. There is no reason why the Objection cannot timely be considered at the February 18 hearing. Under these circumstances, there is simply no reason for expedited consideration of the Objection, and Aurelius' motion for expedited treatment should be denied.

---

[4] Even in the event the Court were to grant the Standing Motion, the complaint would necessarily be redacted for confidential information prior to public disclosure.

46429/0001-6329156v1

Dated: Wilmington, Delaware
February 12, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Jillian K. Ludwig
Gregory V. Demo
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION