# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, Inc., *et al.*,<br><br>Debtors. | Case No.: 08-13141 (KJC)<br><br>Chapter 11<br><br>Jointly Administered<br><br>Re: Docket Nos. 3279, 3352, 3353, and 3382 |

**AURELIUS CAPITAL MANAGEMENT, LP'S REPLY TO (A) J.P. MORGAN CHASE BANK, N.A.'S (I) RESPONSE FOR EXPEDITED CONSIDERATION OF OBJECTION TO MOTION FOR THE ENTRY OF ORDER AUTHORIZING FILING OF EXHIBIT UNDER SEAL [DKT. NO. 3353] AND (II) REPLY TO OBJECTION OF AURELIUS CAPITAL MANAGEMENT, LP TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING FILING OF EXHIBIT UNDER SEAL [DKT. NO. 3352] AND (B) DEBTORS' RESPONSE TO AURELIUS CAPITAL MANAGEMENT, LP'S (I) OBJECTION TO MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING FILING OF EXHIBIT UNDER SEAL AND (II) MOTION FOR <u>EXPEDITED CONSIDERATION OF OBJECTION</u>**

Aurelius Capital Management, LP ("ACM"), manager of funds that are beneficial owners of certain bonds issued by a Debtor in the above-captioned chapter 11 cases, hereby files this reply (the "Reply") to (A) J.P. Morgan Chase Bank, N.A.'s ("JPM") (I) Response For Expedited Consideration Of Objection To Motion For The Entry Of Order Authorizing Filing Of Exhibit Under Seal [Dkt. No. 3353] and (II) Reply To Objection Of Aurelius Capital Management, LP To Motion For Entry Of An Order Authorizing Filing of Exhibit Under Seal [Dkt. No. 3352] (the "JPM Response") and (B) Debtors' Response to Aurelius Capital Management, LP's (I) Objection to Motion of Official Committee of Unsecured Creditors for Entry of an Order Authorizing Filing of Exhibit Under Seal and (II) Motion For Expedited Consideration of Objection (the "Debtors' Response"). This Reply is only with regard to the portion of the JPM Response and the Debtors' Response that address the request by ACM for expedited relief. In support of this Reply, ACM respectfully states:

1. The Official Committee of Unsecured Creditors (the "Committee") filed a

motion for entry of an order authorizing the Committee to file under seal Exhibit A (the "Complaint") to its motion seeking derivative standing to commence, prosecute and settle certain claims and counterclaims of the Debtors' estates (the "Motion To File Under Seal"). The request by the Committee to file the Complaint under seal was purportedly based on this Court's Order (I) Authorizing the Debtors to Establish a Document Depository and Directing The Committee To Deliver Certain Documents to the Depository Pursuant to Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant To 11 U.S.C. § 105(A) (the "Discovery Order") [Dkt. No. 2858].

2. The Discovery Order was entered by this Court on December 15, 2009 presumably in order to facilitate voluntary discovery, which has been ongoing in these cases for some time. However, the fact that the information was marked confidential in connection with voluntary discovery *cannot* preclude the Court from determining whether such information is entitled to confidentiality in the public proceedings.

3. Although the JPM Response contains unfounded (and irrelevant) accusations concerning the motives of ACM, none of the original Motion To File Under Seal, the JPM Response, or the Debtors' Response make a showing as to why *any* of the information in the Complaint meets the statutory standard required by section 107 of the Bankruptcy Code to file the Complaint under seal or redact portions thereof. The Committee must make such a showing in order for the Court to grant the Motion To File Under Seal.

4. Both the Debtors' Response and the JPM Response appear to try to shift the burden to ACM to demonstrate why a review of the Complaint is necessary. This inappropriate attempt to shift the burden of proof is clearly inconsistent with section 107 of the Bankruptcy Code which makes it clear that the burden is on the party requesting to file documents under seal. But, to the extent relevant, ACM explained in its original filings that review of the Complaint is necessary to understanding both the Committee's request for standing and to

generally understanding the case.

5. The JPM Response also asserts that the unsealing of the Complaint will doom plan negotiations. *See* Response, ¶ 6. ACM sincerely doubts that this is the case. However, if JPM's assertion is true, it raises the concern that the Debtors and JPM are attempting to reach a settlement in secrecy that could not otherwise gain creditor support. That assertion actually demonstrates the fundamental problem with allowing any portion of these proceedings to be conducted in secrecy. If, in fact, the allegations in the Complaint are material to settlement between the parties, ACM and other parties-in-interest should have the right to review and evaluate those allegations and any subsequent settlement for themselves. It is for exactly circumstances like this that section 107 of the Bankruptcy Code exists.

Dated: February 12, 2010
      Wilmington, Delaware

                                                  GREENBERG TRAURIG, LLP

                                                  /s/ T. Max Riffin
                                                  Scott D. Cousins (DE Bar No. 3079)
                                                  Victoria W. Counihan (Bar No. 3488)
                                                  T. Max Riffin (Bar No. 5225)
                                                  The Nemours Building
                                                  1007 North Orange Street, Suite 1200
                                                  Wilmington, Delaware 198-1
                                                  Telephone: (302) 661-7000
                                                  Facsimile: (302) 661-7360
                                                  Email: Cousinss@gtlaw.com
                                                               Counihanv@gtlaw.com
                                                               Riffinm@gtlaw.com

                                                and

                                                Nancy A. Mitchell
                                                MetLife Building
                                                200 Park Avenue
                                                New York, New York 10281
                                                Telephone: (212) 801-9200
                                                Facsimile: (212) 801-6400
                                                Email: Mitchelln@gtlaw.com

                                                ***Counsel to Aurelius Capital Management, LP***

DEL 86,306,166v3 2-12-10