IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------x
In re:                           :  Chapter 11
                                 :  Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,         :  (Jointly Administered)
                                 :
              Debtors.           :  Re: Docket No. 3286
                                 :
                                 :  **Hearing Date: Feb. 18, 2010 at 10:00 a.m. (ET)**
                                 :  **Objection Deadline: Feb. 15, 2010**
---------------------------------x  (as extended by the Debtors)

## JPMORGAN CHASE BANK, N.A.'S OBJECTION TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF (DOCKET NO. 3286)

JPMorgan Chase Bank, N.A. ("JPMorgan"), as Agent for the Debtors' pre-petition senior lenders, objects in part to the motion (the "Motion to Extend Exclusivity") of Tribune Company ("Tribune") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order further extending the Debtors' exclusive periods to file a Chapter 11 plan or plans of reorganization through and including June 8, 2010 and to solicit acceptances of such plan(s) through and including August 6, 2010.

1.  At the December 1, 2009 hearing before the Court (the "Hearing"), after nearly one year of relative inactivity, the Debtors requested a four month extension of the exclusivity period as "absolutely necessary" in order to allow sufficient time for ongoing negotiations regarding potential claims to run their course. *See* Hearing Tr. at 65, 71. At that time, JPMorgan argued, and the Court agreed, that such a prolonged extension would be counterproductive and that a shorter extension would provide a needed impetus to the

negotiations. Since that time, faced with an accelerated deadline and the need to appear before this Court to justify any additional extension, the parties have hastened to engage in constructive negotiations.

2. Once again, the Debtors are before this Court requesting a three month extension of exclusivity. JPMorgan supports the Debtors' efforts to broker a consensual resolution of potential claims, and firmly believes those efforts should be afforded a fair opportunity for success. However, as before, the best way to support those efforts is not to grant a lengthy extension, but rather to establish a brief extension that requires the parties to continue immediately to make progress and to report, and defend, that progress to the Court. An extension of exclusivity for more than three months, as the Debtors seek, will only serve to invite tactical activity, undermining the Debtors' goal of driving consensus. By contrast, limiting the extension of exclusivity to thirty days would place the parties on notice of their need to report continuing progress to the Court—thereby encouraging the parties to work more diligently toward a prompt resolution.

3. The key issue standing in the way of resolving the allocation of value of the Debtors among the parties in interest remains the resolution of potential disputes over the LBO Transactions and any associated claims. To that end, an expansive discovery program was undertaken. Witnesses from several key parties, including JPMorgan and Valuation Research Corporation ("VRC"), voluntarily submitted to depositions, which were just concluded on January 22, 2010. Moreover, twenty-five entities have produced more than 2.4 million pages of documents in response to the UCC's document requests and pursuant to the document depository program. Key parties in interest now have access to the documents produced to the UCC, including Law Debenture Trust Company

of New York and Centerbridge Credit Advisors, L.L.C., a substantial holder of Tribune's public bonds.

4. The motions by the UCC and Wilmington Trust suggest that there may not be consensus on the value of further negotiations, but JPMorgan urges the Court not to cut short the Debtors' efforts to reach a negotiated resolution at what may be a critical juncture in the process. As the UCC well knows, if there is to be a prompt, consensual resolution of these cases, it is precisely the wrong moment to incapacitate the Debtors by granting the UCC standing to file a complaint or authority to control any settlement. Wilmington Trust, for its part, is Indenture Trustee for deeply subordinated debt holders (the "PHONES"), and is, understandably, casting about for an opportunity to disrupt the process to enhance its leverage.

5. Given the state of the case, as we said in December, any extension of the Debtors' exclusive period should be calibrated to create incentives for the parties to act constructively to resolve the final issue standing in the way of a plan. Keeping everyone on a rather short leash had its intended positive effect during the most recent extension period, and the status quo should be maintained in all respects for a limited period of time to maintain pressure on all parties to continue to make and report their progress.

6. An extension of the debtor's exclusive period for thirty days serves this purpose, and, if tangible progress has been made by the end of that period, an additional extension can be sought.

7. Accordingly, JPMorgan objects to the Debtors' request for an extension of exclusivity through June 8, 2010 but supports a one month extension.

Dated: February 15, 2010
      Wilmington, Delaware

Respectfully submitted,

*/s/ Robert J. Stearn*

Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

-and-

Dennis E. Glazer
Karen E. Wagner
Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4500

*Attorneys for JPMorgan Chase Bank, N.A.*