## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### NOTICE OF AGENDA OF MATTERS SCHEDULED
### FOR HEARING ON FEBRUARY 18, 2010 AT 10:00 A.M.
### BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to appear telephonically at the hearing must contact COURTCALL, LLC via telephone (866-582-6878) or facsimile (866-533-2946) to register to participate.

## CONTINUED MATTERS

1.  Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2560)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN Inc. LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Related Document(s):

> (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2684)

> (b)    Order Sustaining Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3012)

Response Deadline:  December 8, 2009 at 4:00 p.m.

Responses Received:

> (a)    Response by Claudia Sanzeri to Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims (Filed December 8, 2009) (Docket No. 2765)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection.  This matter is adjourned to the March 23, 2010 hearing as to the claim of Claudia Sanzeri.  This matter will not be going forward.

2.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Related Document(s):

> (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

> (b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

Response Deadline:  December 8, 2009 at 4:00 p.m.

46429/0001-6157504v1

Responses Received:

    (a)    Response by Karolyn M. Walker to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2739)

    (b)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

    (c)    Informal Response received from GE Capital Fleet Services

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker. Claim No. 2998 of Marc Silver was withdrawn. Claim No. 5606 of Personal Plus, Inc. was resolved. This matter is adjourned to the March 23, 2010 hearing as to the claims of GE Capital Fleet Services, Karolyn M. Walker and Robby S. Wells. This matter will not be going forward.

3.    Motion of Simone and Victoria Conigliaro for Relief from Automatic Stay to Permit the Continuation of State Court Action (Filed November 25, 2009) (Docket No. 2649)

Objection Deadline: January 20, 2010 at 4:00 p.m. On consent of the parties, the Objection Deadline is extended until 4:00 p.m. on March 16, 2010 for the Debtors.

Responses Received:

    (a)    Debtors' Limited Response and Reservation of Rights with Respect to Motion for Relief from Stay Filed by Simone and Victoria Conigliaro (Filed February 11, 2010) (Docket No. 3367)

Status:    The Debtors are continuing their efforts to resolve this matter consensually in advance of the February 18 hearing. On consent of the parties, this matter is adjourned to the March 23, 2010 hearing. This matter will not be going forward.

## **UNCONTESTED MATTERS WITH CERTIFICATIONS OF NO OBJECTION**

4.    Debtors' Fourteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed January 19, 2010) (Docket No. 3141)

Related Document(s):

    (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Fourteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed February 4, 2009) (Docket No. 3311)

    (b)    Certification of No Objection Regarding Docket No. 3141 (Filed February 16, 2010) (Docket No. 3412)

Objection Deadline:  February 11, 2010 at 4:00 p.m.

Responses Received: None.

Status:    A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

5.    Debtors' Fifteenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed January 19, 2010) (Docket No. 3142)

Related Document(s):

    (a)    Certification of No Objection Regarding Docket No. 3142 (Filed February 16, 2010) (Docket No. 3413)

Objection Deadline:  February 11, 2010 at 4:00 p.m.

Responses Received: None.

Status:    A Certification of No Objection was filed with the Court.  This matter will not be going forward unless otherwise directed by the Court.

46429/0001-6157504v1

6.    Application of Horwood, Marcus & Berk Chartered for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Expenses as Tax Counsel to the Debtors in the Ordinary Course of Business for the Period of September 1, 2009 through September 30, 2009 (Filed January 27, 2010) (Docket No. 3249)

Related Document(s):

(a)    Certification of No Objection Regarding Docket No. 3249 (Filed February 16, 2010) (Docket No. 3414)

Objection Deadline: February 11, 2010 at 4:00 p.m.

Responses Received: None.

Status:        A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

7.    Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 9019(a) Approving Settlement Agreements Between Certain Debtors and Jennifer Faggio, and Between Certain Debtors and the City of New Haven (Filed February 1, 2010) (Docket No. 3288)

Related Document(s):

(a)    Order Setting Expedited Hearing and Shortening Notice Period wit Respect to Motion of the Debtors for an Order Pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 9019(a) Approving Settlement Agreements Between Certain Debtors and Jennifer Faggio, and Between Certain Debtors and the City of New Haven (Entered February 2, 2010) (Docket No. 3291)

(b)    Notice of Hearing on Motion (Filed February 2, 2010) (Docket No. 3295)

(c)    Certification of No Objection Regarding Docket No. 3288 (Filed February 16, 2010) (Docket No. 3415)

Objection Deadline: February 12, 2010 at 4:00 p.m.

Responses Received: None.

Status:        A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

46429/0001-6157504v1

**CONTESTED MATTERS GOING FORWARD**

8.    Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to
Section 1104(c) of the Bankruptcy Code (Filed January 13, 2010) (Docket No. 3062)

Related Document(s):

(a)    Motion to Fix Hearing Date on, Limit Notice and Shorten Time to Object
or Respond to Motion of Wilmington Trust Company for Appointment of
Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Filed
January 13, 2010) (Docket No. 3063)

(b)    Declaration of Robert J. Stark (Filed January 13, 2010) (Docket Nos.
3065, 3067 and 3068)

(c)    Order on Motion to Fix Hearing Date on, Limit Notice and Shorten Time
to Object or Respond to Motion of Wilmington Trust Company for
Appointment of an Examiner Pursuant to Section 1104(c) of the
Bankruptcy Code (Entered January 14, 2010) (Docket No. 3099)

(d)    Notice of Motion (Filed January 15, 2010) (Docket No. 3117)

Objection Deadline:  February 11, 2010 at 4:00 p.m.

Responses Received:

(a)    Debtors' Objection to Motion to Fix Hearing Date on, Limit Notice and
Shorten Time to Object or Respond to Motion of Wilmington Trust
Company for Appointment of an Examiner Pursuant to Section 1104(c) of
the Bankruptcy Code (Filed January 14, 2010) (Docket No. 3094)

(b)    Official Committee of Unsecured Creditors' Objection to Motion to Fix
Hearing Date on, Limit Notice and Shorten Time to Object or Respond to
Motion of Wilmington Trust Company for Appointment of Examiner
Pursuant to Section 1104(c) of the Bankruptcy Code (Filed January 14,
2010) (Docket No. 3096)

(c)    Objection of the Official Committee of Unsecured Creditors to Motion of
Wilmington Trust Company for Appointment of Examiner (Filed
February 11, 2010) (Docket No. 3360)

(d)    JPMorgan Chase Bank, N.A.'s Response to Motion of Wilmington Trust
Company for Appointment of Examiner Pursuant to Section 1104(c) of the
Bankruptcy Code [Dkt. No. 3063] (Filed February 11, 2010) (Docket No.
3362)

6

(e)     Joinder of Merrill Lynch Capital Corporation to J.P. Morgan Chase Bank, N.A.'s Response to Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Filed February 11, 2010) (Docket No. 3368)

(f)     Debtors' Response and Objection to the Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code [Dkt. No. 3063] (Filed February 11, 2010) (Docket No. 3372)

(g)     Credit Agreement Lenders' Objection to Motion of Wilmington Trust for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Filed February 11, 2010) (Docket No. 3373)

(h)     Joinder of TM Retirees to the Objection of the Official Committee of Unsecured Creditors to Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Filed February 11, 2010) (Docket No. 3375)

(i)     Limited Joinder of Citicorp North America, Inc. and Citigroup Global Markets Inc. to (I) J.P. Morgan Chase Bank, N.A.'s Responses and (II) the Credit Agreement Lenders' Objections to (A) Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates and (B) Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Filed February 11, 2010) (Docket No. 3376)

(j)     Limited Joinder of Bank of America, N.A. and Banc of America Securities LLC to J.P. Morgan Chase Bank, N.A.'s and the Credit Agreement Lenders' Responses to (I) Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates and (II) Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Filed February 12, 2010) (Docket No. 3389)

Status:     This matter will be going forward.

46429/0001-6157504v1

9.    Motion of the Official Committee of Unsecured Creditors for Entry of Order Authorizing Filing of Exhibit Under Seal (Filed February 1, 2010) (Docket No. 3279)

Objection Deadline:  February 11, 2010 at 4:00 p.m.

Responses Received:

    (a)    Aurelius Capital Management, LP's Objection to Motion of the Official Committee of Unsecured Creditors for Entry of Order Authorizing Filing of Exhibit Under Seal (Filed February 9, 2010) (Docket No. 3352)

    (b)    Motion for Expedited Consideration of Aurelius Capital Management, LP's Objection to Motion of the Official Committee of Unsecured Creditors for the Entry of Order Authorizing Filing of Exhibit Under Seal (Filed February 9, 2010) (Docket No. 3353)

    (c)    J.P. Morgan Chase Bank, N.A.'s (I) Response to Motion of Aurelius Capital Management, LP For Expedited Consideration of Objection to Motion for the Entry of an Order Authorizing Filing of Exhibit Under Seal [Dkt. No. 3353]; and (II) Reply to Objection of Aurelius Capital Management LP to Motion for Entry of an Order Authorizing Filing of Exhibit Under Seal [Dkt. No. 3352] (Filed February 12, 2010) (Docket No. 3382)

    (d)    Debtors' Response to Aurelius Capital Management, L.P.'s (I) Objection to Motion of the Official Committee of Unsecured Creditors for Entry of Order Authorizing Filing of Exhibit Under Seal and (II) Motion for Expedited Consideration of Objection (Filed February 12, 2010) (Docket No. 3392)

    (e)    Order Denying Motion for Expedited Consideration of Aurelius Capital Management, LP's Objection to Motion of the Official Committee of Unsecured Creditors for Entry of Order Authorizing Filing of Exhibit Under Seal (Entered February 12, 2010) (Docket No. 3398)

    (f)    Aurelius Capital Management, LP's Reply to (A) J.P. Morgan Chase Bank, N.A.'s (I) Response for Expedited Consideration of Objection to Motion for the Entry of Order Authorizing Filing of Exhibit Under Seal [Dkt. No. 3353] and (II) Reply to Objection of Aurelius Capital Management, LP to Motion for Entry of an Order Authorizing Filing of Exhibit Under Seal [Dkt. No. 3352] and (B) Debtors' Response to Aurelius Capital Management, LP's (I) Objection to Motion of Official Committee of Unsecured Creditors for Entry of an Order Authorizing Filing of Exhibit Under Seal and (II) Motion for Expedited Consideration of Objection (Filed February 12, 2010) (Docket No. 3406)

Status:    This matter will be going forward.

10.    Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting
       Leave, Standing and Authority to Commence, Prosecute and Settle Claims and
       Counterclaims of the Debtors' Estates (Filed February 1, 2010) (Docket No. 3281)

       Objection Deadline:  February 11, 2010 at 4:00 p.m.

       Responses Received:

       (a)    JPMorgan Chase Bank, N.A.'s Response to Motion of the Official
              Committee of Unsecured Creditors for Entry of an Order Granting Leave,
              Standing and Authority to Commence, Prosecute and Settle Claims and
              Counterclaims of the Debtors Estates [Dkt No. 3281] (Filed February 11,
              2009) (Docket No. 3363)

       (b)    Joinder of Merrill Lynch Capital Corporation to J.P. Morgan Chase Bank,
              N.A.'s Response to the Motion of the Official Committee of Unsecured
              Creditors for Entry of an Order Granting Leave, Standing and Authority to
              Commence, Prosecute and Settle Claims and Counterclaims of the
              Debtors' Estates [Dkt. No. 3281] (Filed February 11, 2009) (Docket No.
              3366)

       (c)    Debtors' Response and Objection to the Motion of the Official Committee
              of Unsecured Creditors for Entry of an Order Granting Leave, Standing,
              and Authority to Prosecute Causes of Action on Behalf of the Debtors'
              Estates (Filed February 11, 2010) (Docket No. 3371)

       (d)    Credit Agreement Lenders' Objection to Motion of the Official
              Committee of Unsecured Creditors for Entry of an Order Granting Leave,
              Standing and Authority to Commence, Prosecute and Settle Claims and
              Counterclaims of the Debtors' Estates (Filed February 11, 2010) (Docket
              No. 3374)

       (e)    Limited Joinder of Citicorp North America, Inc. and Citigroup Global
              Markets Inc. to (I) J.P. Morgan Chase Bank, N.A.'s Responses and (II) the
              Credit Agreement Lenders' Objections to (A) Motion of the Official
              Committee of Unsecured Creditors for Entry of an Order Granting Leave,
              Standing and Authority to Commence, Prosecute and Settle Claims and
              Counterclaims of the Debtors' Estates and (B) Motion of Wilmington
              Trust Company for Appointment of an Examiner Pursuant to Section
              1104(c) of the Bankruptcy Code (Filed February 11, 2010) (Docket No.
              3376)

       (f)    Response of Wilmington Trust Company, as Indenture Trustee, to the
              Official Creditors' Committee's Standing Motion and Cross-Motion for
              Order Authorizing Intervention in any Resulting Estate Litigation (Filed
              February 11, 2010) (Docket No. 3377)

9

(g)     Limited Joinder of Bank of America, N.A. and Banc of America Securities LLC to J.P. Morgan Chase Bank, N.A.'s and the Credit Agreement Lenders' Responses to (I) Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates and (II) Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Filed February 12, 2010) (Docket No. 3389)

(h)     Joinder of Law Debenture Trust Company of New York to the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors Estates (Filed February 12, 2010) (Docket No. 3393)

(i)     Joinder of Centerbridge Credit Advisors LLC to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates (Filed February 12, 2010) (Docket No. 3407)

(j)     Reply of the Official Committee of Unsecured Creditors in Support of Its Motion for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates (Filed February 15, 2010) (Docket No. 3410)

Status:     This matter will be going forward.

11.     Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof (Filed February 1, 2010) (Docket No. 3286)

Related Document(s):

Objection Deadline:  February 11, 2010 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 1:00 p.m. on February 15, 2010 for Credit Agreement Lenders and the Steering Committee.

Responses Received:

(a)     Statement of the Official Committee of Unsecured Creditors in Support Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Filed February 11, 2009) (Docket No. 3361)

46429/0001-6157504v1

      (b)      Statement of Law Debenture Trust Company of New York in Response to Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof (Filed February 11, 2010) (Docket No. 3378)

      (c)      Credit Agreement Lenders' Objection to Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof (Filed February 15, 2010) (Docket No. 3408)

      (d)      JPMorgan Chase Bank, N.A.'s Objection to Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Periods Within Which to File a Chapter 11 Plan and Solicit Acceptances Thereof (Docket No. 3286) (Filed February 15, 2010) (Docket No. 3409)

Status:      This matter will be going forward.

12.      Motion of Wilmington Trust Company for Entry of Order Authorizing Filing of Its Unredacted Response to the Committee's Standing Motion and Cross-Motion to Intervene and All Exhibits Thereto Under Seal (Filed February 11, 2010) (Docket No. 3364)

Related Document(s):

      (a)      Motion to Fix Hearing Date on, Limit Notice and Shorten Time to Object or Respond to Wilmington Trust Company's (I) Cross-Motion to Intervene; and (II) Motion to File Under Seal (Filed February 11, 2010) (Docket No. 3369)

      (b)      Order on Motion to Fix Hearing Date on, Limit Notice and Shorten Time to Object or Respond to Motion of Wilmington Trust Company's (I) Cross-Motion to Intervene; and (II) Motion to File Under Seal (Entered February 12, 2010) (Docket No. 3397)

Requested Objection Deadline:  February 16, 2010 at 4:00 p.m.

Responses Received:

      (a)      Objection of Merrill Lynch Capital Corporation to Wilmington Trust Company's Motion to Fix Hearing Date on, Limit Notice and Shorten Time to Object or Respond to Its Cross-Motion to Intervene (Filed February 12, 2010) (Docket No. 3383)

11

(b)     Joinder of JPMorgan Chase Bank N.A.'s to the Objection of Merrill Lynch Capital Corporation to Wilmington Trust Company's Motion to Fix Hearing Date on, Limit Notice and Shorten Time to Object or Respond to Its Cross-Motion to Intervene [Dkt. No. 3369] (Filed February 12, 2010) (Docket No. 3387)

Status:     Pursuant to the Court's February 12, 2010 Order, this matter will be going forward as a status hearing only.

Dated:  February 16, 2010

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Janet E. Henderson
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By:     _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6157504v1