IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, *et al.*, <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 08-13141 (KJC) <br> ) Jointly Administered <br> ) <br> ) <br> ) |

**MOTION OF WILMINGTON TRUST COMPANY FOR ENTRY OF AN ORDER AUTHORIZING FILING OF UNREDACTED DECLARATION OF MARTIN S. SIEGEL IN FURTHER SUPPORT OF THE MOTION OF WILMINGTON TRUST COMPANY FOR APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(C) OF THE BANKRUPTCY CODE AND CERTAIN EXHIBITS THERETO UNDER SEAL**

Wilmington Trust Company ("Wilmington Trust"), Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029 in the aggregate principal amount of approximately $1.2 billion (the "PHONES") issued in April 1999 by Debtor Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors"), by and through its undersigned counsel, hereby moves for entry of an order authorizing Wilmington Trust to file under seal the unredacted Declaration of Martin S. Siegel In Further Support of the Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code and certain exhibits thereto pursuant to 11 U.S.C. §§ 105 and 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedures and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. In support of this Motion, Wilmington Trust respectfully submits as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion raises a core matter under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief sought herein is found in 11 U.S.C. §§ 105(a) and 107 and Federal Rule of Bankruptcy Procedure 9018 and Local Rule 9018-1.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      On January 13, 2010, Wilmington Trust filed its Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code [Docket No. 3062] (the "Examiner Motion"). In further support of the Examiner Motion, a redacted Declaration of Martin S. Siegel ("Declaration") was filed concurrently herewith. The unredacted Declaration and certain exhibits referenced therein contain confidential information and Wilmington Trust hereby seeks to file them under seal.

5.      In connection with the prosecution of the Examiner Motion or otherwise, Wilmington Trust has obtained information on a confidential basis from the Debtors and many other parties that had a connection with the LBO transaction or its financing.

6.      On December 15, 2009, the Court entered an Order that, among other things, established a document depository for the retention of documents and other information produced pursuant to discovery requests in these cases [Docket No. 2858] (the "Depository Order"). Due to the confidential nature of the information contained in many of the documents, the Depository Order expressly provides:

> No Depository Designee or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents", "Highly Confidential — Attorneys' Eyes Only", or

>"Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal.

Depository Order 11 f, at 4. Wilmington Trust has been deemed a "Depository Designee" pursuant to the Depository Order. Accordingly, the Depository Order obligates Wilmington Trust to file under seal any document that contains such confidential information, such as the unredacted Declaration and certain of the exhibits thereto. Specifically, Wilmington Trust seeks to file, in addition to the unredacted Declaration, thirty-eight (38) of the exhibits referenced therein under seal.[1]

## RELIEF REQUESTED

7. Accordingly, by this Motion, Wilmington Trust respectfully requests that the Court enter an order authorizing Wilmington Trust to file the unredacted Declaration and certain of the exhibits thereto under seal.

## BASIS FOR RELIEF

8. Section 107(b) of the Bankruptcy Code authorizes the Court to "protect an entity with respect to trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 then sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. For information covered under section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application."

---

[1] Wilmington Trust seeks to file the following exhibits under seal marked as follows: (i) Confidential & Attorney's Eyes Only: 4, 5, 10, 11, 12, 13, 17, 18, 20, 26, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 44, 49, 50; (ii) Confidential: 6, 14, 15, 16, 41, 45, 46, 47, 51, 52; and (iii) Professional's Eyes Only: 28, 42, 48.
The following exhibits are marked Not Confidential and are filed of record with the Declaration: 1, 2, 3, 7, 8, 9, 19, 21, 22, 23, 24, 25, 39, 43, 53, 54, 55, 56, 57, and 58.

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

9. The Declaration contains quotations from and paraphrases information that one or more of the parties producing information have characterized under one of the descriptions set forth in Paragraph f of the Depository Order. Based on Wilmington Trust's obligation under the Depository Order, and in an effort to prevent disclosure of any confidential information contained therein, Wilmington Trust requests that the Court enter an accompanying order authorizing Wilmington Trust to file the unredacted Declaration and certain exhibits thereto under seal.

**WHEREFORE**, Wilmington Trust respectfully requests that the Court: (i) enter an order authorizing it to file the unredacted Declaration and certain exhibits thereto under seal; and (ii) grant such other and further relief as is just and proper under the circumstances.

Dated: February 16, 2010

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By:  */s/ Jennifer R. Hoover*
Raymond H. Lemisch, Esquire (No. 4204)
Jennifer R. Hoover, Esquire (No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, DE  19801
(302) 442-7010  telephone
(302) 442-7012  facsimile
rlemisch@beneschlaw.com
jhoover@beneschlaw.com

-and-

Robert J. Stark, Esquire
Martin S. Siegel, Esquire
BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
(212) 209-4800  telephone
(212) 209-4801  facsimile

<mark>
<mark>
<mark>- and -

William M. Dolan III, Esquire
BROWN RUDNICK LLP
121 South Main Street
Providence, RI 02903
(401) 276-2600  telephone
(401) 276-2601  facsimile

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee*

<mark><mark><mark><mark>