IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: March 23, 2010 at 1:00 p.m. EST<br>Objection Deadline: March 16, 2010 at 4:00 p.m. EST |

**DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

**("AMENDED CLAIMS")**

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on <u>Exhibit A</u> to this Objection. The grounds for the Objection are set forth herein.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A to this Objection.

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this seventeenth omnibus objection (the "Objection"), which Objection covers certain claims that that have been amended by claims subsequently filed by or on behalf of the same claimants in respect of the same liabilities, as so indicated on the face of the claims (the "Amended Claims") listed on Exhibit A attached hereto and to the proposed order submitted herewith, pursuant to Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  By this Objection, the Debtors request the entry of an order expunging and disallowing the Amended Claims as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "Bigelow Declaration"), attached hereto as Exhibit B.  In further support, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

2.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3.  The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

**FACTUAL BACKGROUND TO THE OBJECTION**

6.  On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957] and on June 12, 2009 [Docket Nos. 1343-1453] (collectively, the "Schedules").[3]

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009. [CNLBC Docket Nos. 8 and 9]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]  The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith.

8.      Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  See Affidavit of Mailing [Docket No. 1073] and Supplemental Affidavit of Mailing [Docket No. 1129].  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

9.      To date, approximately 6,390 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

---

[4] No Bar Date has been set for the filing of Proofs of Claim against CNLBC.

4

10. Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified thirty-six (36) claims,[5] in the aggregate amount of $397,613,822.74 which have been amended and superseded by subsequently-filed claims by the same claimant on account of the same liability. Those claims, which comprise the Amended Claims addressed by this Objection, are listed on Exhibit A attached hereto.

## RELIEF REQUESTED

11. By this Objection, the Debtors seek entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, disallowing in full and expunging each of the Amended Claims identified on Exhibit A as filed claims that have been amended and superseded by another claim subsequently filed against the Debtors by or on behalf of the same claimants in respect of the same liabilities.[6] This Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

12. Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

---

[5] The Debtors have previously filed omnibus objections to claims on the basis that such claims have been amended and superseded by subsequently-filed claims by the same claimant on account of the same liability. Each of these omnibus objections has been sustained. See Debtors' Second (Non-Substantive) Objection to Claims (Docket No. 2093), sustained by Order dated October 2, 2009 (Docket No. 2270); Debtors' Third (Non-Substantive) Objection to Claims (Docket No. 2094), sustained by Order dated October 2, 2009 (Docket No. 2272); and Debtors' Sixth (Non-Substantive) Objection to Claims (Docket No.2466), sustained by Order dated November 25, 2009 (Docket No. 2668).

[6] Certain of the Amended Claims assert unliquidated and/or undetermined amounts. The Debtors have attempted, where possible, to identify such claims on Exhibit A. This Objection shall (i) not preclude a claimant from pursuing the allowance of Remaining Claims, including any unliquidated and/or undetermined amounts asserted therein, nor (ii) preclude the Debtors from objecting to such Remaining Claims, including any unliquidated and/or undetermined amounts asserted therein.

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

13. The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, which have been superseded and remain on the Claims Register only as a technicality. Accordingly, the Debtors seek to disallow in full and expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

14. The claims set forth under the column heading "Remaining Claims" on Exhibit A (the "Remaining Claims") are claims that were subsequently filed by or on behalf of the same claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Remaining Claims. The Remaining Claims have thus amended and superseded the Amended Claims. By filing the Remaining Claims, the claimants liquidated, reduced, or otherwise modified the liability originally identified in the Amended Claims. Thus, the elimination of the Amended Claims is consistent with the apparent intent of the claimants in filing the Remaining Claims.

15. The Remaining Claims will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a). In other words, the Remaining Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Remaining

Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections.

16. For these reasons, the Debtors object to the allowance of each of the Amended Claims and request that such Amended Claims be disallowed in their entirety and expunged.

## RESERVATION OF RIGHTS

17. The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

18. Notwithstanding anything contained in this Objection or in Exhibit A attached to this Objection and to the order, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of claims subject to this Objection.

## NOTICE

19. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging each of the Amended Claims set forth on Exhibit A; (ii) authorizing the Claims Agent to expunge the Amended Claims from the Claims Register; and (iii) granting such other and further as the Court deems just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>February 19, 2010 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kevin T. Lantry<br>Kenneth P. Kansa<br>Bridget J. Hauserman<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: /s/ illegible<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |

46429/0001-6342774v1