IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>Hearing Date: March 23, 2010 at 1:00 p.m. EST<br>Objection Deadline: March 16, 2010 at 4:00 p.m. EST |

**MOTION OF DEBTORS FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 1112(B)(1) AND 105(A) DISMISSING CHAPTER 11 CASE OF NEW RIVER CENTER MAINTENANCE ASSOCIATION, INC., NUNC PRO TUNC TO THE PETITION DATE, AND DIRECTING THE USE OF AN AMENDED CAPTION IN THE DEBTORS' CASES**

Tribune Company, et al., as debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby jointly move this Court (the "Motion") for entry of an order (i) effecting the voluntary dismissal of the chapter 11 case of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a/ Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Debtor New River Center Maintenance Association, Inc., nunc pro tunc to the Petition Date, for cause, pursuant to sections 1112(b)(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (ii) following such dismissal, directing the use of an amended caption in the Debtors' chapter 11 cases pursuant to Bankruptcy Rules 1005, 2002(m) and 2002(n). In support of the Motion, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 112 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these cases.

4. On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein is section 1112(b)(1) of the Bankruptcy Code and Rules 1017 and 9014 of the Bankruptcy Rules.

## BACKGROUND

6. On the Petition Date, a chapter 11 petition was filed under the name of "New River Center Maintenance Association, Inc." ("New River"), together with all of the other Debtors' petitions, and assigned chapter 11 case number 08-13192. New River is a common maintenance association for a mixed use commercial and residential development in Ft. Lauderdale Florida ("New River Center") in which the various property owners are the members. One such member is Riverwalk Center I JV ("Riverwalk"), a partnership wholly owned by Debtors Sun-Sentinel Company and Tribune Company, whose sole asset is a parking lot in New River Center used by the Sun-Sentinel Company. By virtue of its ownership of this parking lot, Riverwalk holds a minority (25%) member interest in New River.

7. The Debtors recently received communications from counsel to New River, who questioned New River's status as a chapter 11 debtor and requested that the filing be dismissed. These communications prompted the Debtors to review their records and undertake extensive factual diligence. As a result, the Debtors have determined that the petition for New River should in fact be dismissed.

8. As noted, Riverwalk owns a 25% minority member interest in New River, an interest insufficient to cause the bankruptcy filing by New River. Accordingly, based upon all the relevant facts and circumstances, the Debtors seek to implement the appropriate corrective action and to have the New River petition dismissed nunc pro tunc to the Petition Date. No creditors or other parties interest will be prejudiced by the relief requested by this Motion.

**RELIEF REQUESTED**

9.  By this Motion, the Debtors request that the Court dismiss, for cause, the chapter 11 case of New River, case number 08-1319, nunc pro tunc to the Petition Date, and following such dismissal, direct the use of an amended caption that has been revised to exclude New River in the footnoted list of Debtors, as contained in Exhibit A attached to the order.

**BASIS FOR RELIEF**

10.  Section 1112(b)(1) of the Bankruptcy Code provides in pertinent part that "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested ... dismissal is not in the best interests of creditors and the estate, the court shall ... dismiss a case under this chapter ..., if the movant establishes cause." 11 U.S.C. § 1112(b)(1). Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.  Under all of the relevant facts and circumstances, including that the Debtors' only connection to New River is Riverwalk's 25% minority member interest therein and the failure of New River to otherwise seek the commencement of a chapter 11 case, it is clear that cause exists to dismiss the New River filing.[3] In Price v. Gurney, 324 U.S. 100, 104 (1945), the Supreme Court recognized that "the initiation of ... [bankruptcy] proceedings, like the run of the corporate activities, is left to the corporation itself, i.e., those who have the power of management." In such circumstances, "the bankruptcy court does not acquire jurisdiction unless those purporting to act for the corporation have authority under local law to institute the proceedings." Id. at 106. See also Hager v. Gibson, 108 F.3d 35, 41 (4th Cir. 1997). Under the

---

[3] Section 1112(b) lists a number of non-exclusive grounds upon which a motion to dismiss or convert a chapter 11 proceeding may be based.

extant facts, the New River filing appears to have been effectively a "legal nullity" and dismissal is warranted to restore the affected parties to their respective positions prior to when the petition was filed. See In re M&M Commercial Servs., Inc., 115 B.R. 212, 213 (Bankr. E.D. Mo. 1990); 11 U.S.C. § 349(b)(3) (providing that dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case"). Accordingly, pursuant to the Court's authority under Bankruptcy Code § 105(a), the Debtors also request that the dismissal of the New River case be retroactive to the Petition Date. As set forth below, such retroactive relief will prejudice no creditor or other party in interest.

12.    No "unusual circumstances" exist to establish that the requested relief is not in the best interests of creditors, and no substantial rights of any party in interest will be affected by the proposed dismissal. New River is a not-for-profit common maintenance association of the member-owners of New River Center, whose property management functions have apparently been unaffected by the bankruptcy filing. Only three (3) third-party proofs of claim were filed in the New River chapter 11 case, each of which is a duplicate claim filed by the respective creditors in each of the other 111 Debtor cases (except for the subsequently-filed chapter 11 case of Tribune CNLBC, LLC).[4] None of these claims is predicated on any independent business relationship with or liability incurred by New River and they appear to have been filed simply because they were filed in substantially all of the Debtors' cases. To assure that any party with a claim or interest in New River is apprised of this Motion, the Debtors shall provide notice to all known creditors of New River. And, as noted, New River has not only been apprised of the proposed dismissal, they have requested this relief.

---

[4] These claims are: Claim Nos. 4004 of Valuation Research Corp., 5474 of Clear Channel Broadcasting Inc., and 5197 of The Travelers Indemnity Company.

5

13.     Finally, the Debtors' use of the amended caption is necessary to accurately reflect the names and identities of the Debtors in these chapter 11 cases, consistent with Bankruptcy Rules 1005, 2002(m) and 2002(n). It is necessary and appropriate and in the best interest of the Debtors' estates, creditors and other parties-in-interest to modify the caption of the Debtors' chapter 11 cases, to remove "New River Center Maintenance Association, Inc. (5621)" in the footnoted list of Debtors.

14.     In addition, to New River, the Debtors have also apprised the Office of the United States Trustee, the Committee and the senior lender steering committee of the relief requested.

## NOTICE

15.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) the administrative agent for the Debtors' prepetition loan facilities; (vii) the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustee for the Debtors' prepetition notes; (ix) counsel for New River Center Maintenance Association, Inc.; (x) the members of New River Center Maintenance Association, Inc.; (xi) all creditors having filed proofs of claim in chapter 11 case number 08-13192; (xii) all creditors having been scheduled with potential claims in chapter 11 case number 08-13192; and (xiii) all parties having requested notice in the cases pursuant to Bankruptcy Rule 2002. In light of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

16.     No previous application for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) dismissing the chapter 11 case of New River Center Maintenance Association, Inc. nunc pro tunc to the Petition Date, and (ii) granting such other relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
February 24, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP  
Bryan Krakauer  
Janet E. Henderson  
Jillian K. Ludwig  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND  
DEBTORS IN POSSESSION