## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: March 23, 2010 at 1:00 p.m. EST**<br>**Objection Deadline: March 16, 2010 at 4:00 p.m. EST**<br>**Related to Docket Nos. 485, 792, 1303, 1613, 2477, and 2664** |

### MOTION PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULES 9006(b) AND 9027 FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' TIME TO FILE NOTICES OF REMOVAL OF CLAIMS AND CAUSES OF ACTION RELATED TO THE DEBTORS' CHAPTER 11 PROCEEDINGS

The debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court

for entry of an order pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") further extending by 120 days the Debtors' time to file notices of removal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

of claims and causes of action relating to the Debtors' chapter 11 proceedings pursuant to 28

U.S.C. § 1452 and Bankruptcy Rule 9027 (the "Motion").  In support of this Motion, the Debtors

respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and

certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code.  An additional Debtor, Chicago National League Ball Club, LLC ("CNLBC"),

filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12,

2009.  In all, the Debtors comprise 112 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes

only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43,

2333].

3.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an

official committee of unsecured creditors in these cases.  No request has been made for the

appointment of a trustee.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought

herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b)(2) and 9027.

5231623

## RELIEF REQUESTED

6.      By this Motion, the Debtors seek entry of an order, pursuant to Rule 9006(b) of

the Bankruptcy Rules, extending the time within which the Debtors may file notices of removal

by one hundred and twenty (120) days, through and including July 1, 2010, with respect to

claims and causes of action pending as of the Petition Date.  The Debtors request that the July 1,

2010 deadline to file removal actions apply to all matters specified in Bankruptcy Rule

9027(a)(2).  The Debtors further request that the relief requested herein be granted without

prejudice to the Debtors' right to seek further extensions of time within which to remove claims

and causes of action relating to the Debtors' chapter 11 proceedings.

## BASIS FOR RELIEF

7.      Section 1452 and Bankruptcy Rule 9027 govern the removal of claims and causes

of action pending as of the Petition Date.  Specifically, Section 1452 provides in pertinent part:

> A party may remove any claim or cause of action in a civil action
> other than a proceeding before the United States Tax Court or a
> civil action by a government unit to enforce such government
> unit's police or regulatory power, to the district court for the
> district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of
> this title.

28 U.S.C. § 1452.

8.      Bankruptcy Rule 9027 sets forth the time period in which a debtor may file

notices to remove claims or causes of action.  Specifically, Bankruptcy Rule 9027 provides in

pertinent part:

> If the claim or cause of action in a civil action is pending when a
> case under the Code is commenced, a notice of removal may be
> filed only within the longest of (A) 90 days after the order for
> relief in the case under the Code, (B) 30 days after entry of an
> order terminating a stay, if the claim or cause of action in a civil
> action has been stayed under § 362 of the Code, or (C) 30 days

5231623

> after a trustee qualifies in a chapter 11 reorganization case but not
> later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

9.      Bankruptcy Rule 9006 permits the court to extend the period in which a debtor

may file notices to remove claims or causes of action pursuant to Bankruptcy Rule 9027.

Specifically, Bankruptcy Rule 9006 provides in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision,
> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or by
> order of court, the court for cause shown may at any time in its
> discretion (1) with or without motion or notice order the period
> enlarged if the request therefor is made before the expiration of the
> period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

10.      It is well-established that this Court has authority to grant the relief requested and

extend the removal period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 pursuant to

Bankruptcy Rule 9006.  See, e.g., Caperton v. A.T. Massey Coal Co., Inc., 251 B.R. 322, 325

(S.D.W. Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for

removing actions under Bankruptcy Rule 9027); In re Jandous Elec. Constr. Corp., 106 B.R. 48

(Bankr. S.D.N.Y. 1989) (a court may extend the time in which to file motions to remove civil

actions pursuant to Bankruptcy Rule 9006); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39

(Bankr. S.D. Cal. 1987) (Bankruptcy Rule 9006 was designed to give bankruptcy judges the

authority to enlarge the removal periods under Bankruptcy Rule 9027(a)); Raff v. Gordon, 58

B.R. 988, 990 (E.D. Pa. 1986) (Bankruptcy Rule 9006 authorizes the expansion of time to file

notice of removal).

11.      Given the pending expiration of the Debtors' removal periods on March 3, 2010,

the Debtors intend that the operation of Local Rule of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware 9006-2 shall extend the time during

which the Debtors may remove actions from the March 3, 2010 expiration of the Debtors'

removal period until such time as this Motion shall be heard by this Court and an order entered

thereon.

<u>**CAUSE EXISTS TO EXTEND REMOVAL PERIOD**</u>

12.    This extension of the Debtors' removal periods is the fourth such extension

sought in these cases.  As previously mentioned, the Debtors' removal periods are currently set

to expire on March 3, 2010, pursuant to an order entered by this Court extending the Debtors'

removal periods through such date.

13.    The Debtors have been engaged on an ongoing basis since the Petition Date in

stabilizing their businesses, developing a multi-year business plan, conducting extensive

operational, financial and legal analyses relating to their businesses and a proposed plan of

reorganization, undertaking a number of significant transactions with the approval of the

Bankruptcy Court, and accomplishing most of the "case administration" tasks in their chapter 11

cases.  These efforts have resulted in substantial progress toward the development and filing of a

plan of reorganization that would resolve these bankruptcy cases.  In addition, the Debtors have

made significant progress in addressing the prepetition claims against their estates, with more

than fifteen omnibus claims objections having already been filed with and sustained essentially

in their entireties by the Bankruptcy Court.

14.    Given the magnitude of these tasks, together with the substantial existing effort

required to manage the Debtors' business enterprise, the demands on the Debtors' personnel and

professionals have been exceptional.  The Debtors accordingly have a legitimate need for

additional time to review their outstanding litigation matters and evaluate whether those matters

5231623

should properly be removed pursuant to Bankruptcy Rule 9027. In the absence of such relief, the Debtors would lose a potentially key element of their overall ability to manage litigation during these chapter 11 cases even before that litigation would reasonably have been evaluated, to the detriment of the Debtors, their estates, and their creditors as a whole.

15.    Requests by debtors for multiple extensions of the removal period have been routinely granted by courts in this District. See, e.g., In re Werner Holding Co. (DE), Inc., No. 06-10578 (Carey, J.) (Bankr. D. Del. Sept. 7, 2006, Jan. 30, 2007, March 20, 2007, and July 23, 2007) (granting each of the debtors' four motions to extend the time period to remove cases); In re FLYi, Inc., No. 05-20011 (Bankr. D. Del. Feb. 21, 2006, June 19, 2006, Oct. 20, 2006, and Feb. 21, 2007) (Walrath, J.) (granting each of the debtors' four motions to extend the time period to remove cases); In re Meridian Automotive Systems Composites Operations, Inc., No. 05-11168 (Bankr. D. Del. July 20, 2005, Oct. 17, 2005, Mar. 7, 2006, June 14, 2006, Oct. 24, 2006, and Apr. 12, 2007) (Walrath, J.) (granting each of the debtors' six motions to extend the time period to remove cases). The Debtors' request for a fourth 120-day extension to remove claims is thus well within the range granted by courts in this District and to other debtors in similar circumstances.

16.    The counterparties to any claim or cause of action relating to the Debtors' chapter 11 proceedings will suffer no discernible prejudice from the relief sought herein. Prepetition causes of action against the Debtors are stayed by operation of the automatic stay contained in Section 362(a) of the Bankruptcy Code, and the bar date for filing most claims against the Debtors expired on June 12, 2009. Accordingly, preserving the Debtors' ability to remove actions imposes no delay or unnecessary burdens on any counterparties to claims or other causes of action relating to the Debtors' chapter 11 proceedings.

5231623

## NO PRIOR REQUEST

17.    Other than the three prior requests to extend the removal period that were previously granted by the Court, no prior request respecting the relief sought herein has been made by the Debtors.

## NOTICE

18.    Notice of this Motion has been provided to:  (i) the Office of the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) the administrative agents for Tribune's prepetition loan facilities; (iv) the administrative agent for Debtors' post-petition loan facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

5231623

WHEREFORE, the Debtors respectfully request that the Court enter an order
(i) extending the period in which the Debtors may remove actions pursuant to 28 U.S.C. § 1452
by 120 days, through and including July 1, 2010, and (ii) granting such other relief as the Court
deems just and proper.

Dated: Wilmington, Delaware
      February 25, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Wendell M. Harp
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

5231623