## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:

TRIBUNE COMPANY, <u>et al.</u>,

　　　　　Debtors.

------------------------------------------------------- x

: Chapter 11
:
: Case No. 08-13141 (KJC)
:
: Jointly Administered
:
: Objections Due: March 17, 2010
: @ 4:00 p.m.(ET)
Hearing Date:  N/A

## THIRTEENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, <u>ET AL</u>. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD <u>JANUARY 1, 2010 THROUGH JANUARY 31, 2010</u>

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, <u>nunc pro tunc</u> to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | January 1, 2010 through January 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,568,531.60   (80% of $1,960,664.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $71,749.46 |

This is a(n):    _x_ Monthly        ____ Interim        ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |

# TRIBUNE COMPANY, et al.

## SUMMARY OF HOURS

### January 1, 2010 through January 31, 2010

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $965 | 135.90 | 131,143.50 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 855 | 53.60 | 45,828.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 825 | 14.00 | 11,550.00 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 825 | 116.50 | 96,112.50 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 795 | 170.90 | 135,865.50 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 785 | 10.00 | 7,850.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 695 | 147.40 | 101,157.25 |
| Dana Frix (2002) | Communications and Technology | 1989 (PA) 1991 (DC) 2001 (VA) | 675 | 3.50 | 2,362.50 |
| | | | | | |
| **Counsel:** | | | | | |
| Richard Liskov | Insurance & Reinsurance | 1975 (NY) | 675 | 1.70 | 1,147.50 |
| Mark D. Ashley | Litigation | 1995 (NY) | 645 | 222.60 | 142,803.00 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 495 | 25.80 | 12,771.00 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 625 | 111.40 | 69,625.00 |
| Eric Przybylko | Litigation | 1997 (NY) | 625 | 4.50 | 2,812.50 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 625 | 52.90 | 33,062.50 |
| Jonathan Cross | Corporate | 2002 (NY) | 625 | 5.50 | 3,437.50 |
| Felipe E. Creazzo | Corporate | 1995 (Brazil) 2002 (DC) 2006 (NY) | 595 | 79.10 | 47,064.50 |
| Keith Levenburg | Litigation | 2003 (NY) | 595 | 19.40 | 11,543.00 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 595 | 107.00 | 63,665.00 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 595 | 225.30 | 132,833.75 |
| Ted Castell | Corporate | 2003 (NJ) 2004 (NY) | 595 | 33.80 | 20,111.00 |
| Tamara Stevenson | Litigation | 2005 (NY) | 595 | 214.70 | 127,746.50 |
| Paul Tanck | Corporate | 2005 (NY) | 595 | 105.30 | 62,653.50 |
| Turgut Cankorel | Corporate | 2007 (NY) | 515 | 23.00 | 11,845.00 |
| Ruslan V. Koretski | Corporate | 2007 (NY) | 515 | 11.00 | 5,665.00 |
| Marushka Bland | Corporate | 2008 (NY) | 475 | 9.40 | 4,465.00 |
| Benjamin G. Carson | Corporate | 2008 (NY) | 475 | 20.10 | 9,547.50 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 475 | 96.60 | 45,885.00 |
| Robert Kirby | Litigation | 2008 (NY) | 475 | 46.40 | 22,040.00 |
| Patrick Narvaez | Corporate | 2008 (NY) | 475 | 29.20 | 13,870.00 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 475 | 16.20 | 7,695.00 |
| Lara Aryani | Corporate | 2009 (NY) | 405 | 41.50 | 16,807.50 |
| Adrienne Duffy | Corporate | 2009 (NY) | 405 | 61.30 | 24,826.50 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 56.20 | 22,761.00 |
| Alison Kronstadt | Corporate | 2009 (NY) | 405 | 58.10 | 23,530.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|-----------|-------------------|------------------|-------------|-------|
| Chiraag Kumar | Project Finance | 2009 (NY) | 405 | 46.20 | 18,711.00 |
| Faryal Malik | Corporate | 2007 (NJ) 2008 (NY) | 405 | 80.70 | 32,683.50 |
| Jonathan Noble | Litigation | 2009 (NY) | 405 | 48.50 | 19,642.50 |
| Francesca Perkins | Litigation | 2009 (NY) | 405 | 201.70 | 81,688.50 |
| Isaac Safier | Corporate | 2009 (NY) | 405 | 69.20 | 28,026.00 |
| Megan Strand | Communications and Technology | 2009 (NY) | 405 | 45.40 | 18,387.00 |
| Matthew Weinbaum | Project Finance | 2009 (NY) | 405 | 70.40 | 28,512.00 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 52.60 | 21,303.00 |
| Kimberly Zafran | Litigation | 2009 (NY) | 405 | 92.70 | 37,543.50 |
| Christopher Cusmano | Litigation | JD-2009 | 355 | 28.10 | 9,975.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | JD-2009 | 355 | 115.10 | 40,860.50 |
| Marc Roitman | Bankruptcy & Financial Restructuring | JD-2009 | 355 | 148.20 | 52,611.00 |
| Laura Rowntree | Litigation | JD-2009 | 355 | 68.30 | 24,246.50 |
| Nicholas Scannavino | Corporate | JD-2009 | 355 | 19.00 | 6,745.00 |
| Andrea Voekler | Litigation | JD-2009 | 355 | 35.80 | 12,709.00 |
| | | | | | |
| **Paraprofessionals:** | | | | | |
| Lori Moloney | Litigation | n/a | 305 | 12.40 | 3,782.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 270 | 29.30 | 7,911.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 270 | 34.80 | 9,396.00 |
| Sarah Chan | Corporate | n/a | 260 | 1.00 | 260.00 |
| Ellen Weissman | Litigation | n/a | 250 | 2.90 | 725.00 |
| Marisa Iacopelli | Litigation | n/a | 240 | 88.10 | 21,144.00 |
| Lissette Mendoza | Litigation | n/a | 240 | 16.60 | 3,984.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Wale Bakare | Litigation | n/a | 230 | 24.60 | 5,658.00 |
| Aram Hanessian | Bankruptcy & Financial Restructuring | n/a | 185 | 6.90 | 1,276.50 |
|  |  |  |  |  |  |
| **Librarian:** |  |  |  |  |  |
| Barbara Schubeck | n/a | n/a | 200 | 4.00 | 800.00 |
|  |  |  |  |  |  |
| **TOTAL:** |  |  |  | **3,672.30** | **1,960,664.50** |

BLENDED RATE:    $534.80

—————————————————————————

*  Includes year elected Partner at firm or joined firm as Partner.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------- | x | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: March 17, 2010 @ 4:00 p.m.(ET) |
| ------------------------------------------------------- | x | Hearing Date:  N/A |

## THIRTEENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JANUARY 1, 2010 THROUGH JANUARY 31, 2010

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $1,960,664.50 (80% of which equals

$1,568,531.60) and reimbursement of expenses incurred in the amount of $71,749.46 during the

period commencing January 1, 2010 through and including January 31, 2010 (the "Application

Period").  This Application is submitted pursuant to sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order").  In support of the

Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

2

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,960,664.50.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

3

12.    The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

A.    **Bankruptcy General (Matter 002)**

Fees: $18,901.00        Total Hours:    41.00

13.    During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.    Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.**     **Committee Meetings (Matter 003)**

Fees:  $90,983.50          Total Hours:  130.80

15.     Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, the LBO/ESOP investigation, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

**C.**     **Creditor Communications (Matter 004)**

Fees:  $3,399.00          Total Hours:  4.60

16.     Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries.  During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.    Business Operations (Matter 007)**

Fees:  $55,179.00        Total Hours:  119.60

17.    During the Application period, Chadbourne attorneys devoted time with respect to corporate and transactional matters concerning the Debtors' businesses.  Efforts included review of the Debtors' motions seeking relief to (i) settle the working capital account with respect to the Hearst Danbury sale, and (ii) assume certain program agreements and to compromise claims with NBC Universal.  Chadbourne analyzed the relief requested and performed extensive legal research to ensure the relief was appropriate, fair and beneficial to the Debtors' estates.

18.    In addition, attorneys from Chadbourne's corporate group expended time on a substantial new transaction involving Tribune's interest in Food Networks.  Chadbourne's diligence included an analytic review of the underlying Food Networks partnership agreement and related financial statements.  Chadbourne participated in discussions with the Debtors to address the current partnership structure and its affect on the proposed transaction.  Chadbourne currently awaits additional documentation and further information on the transaction in order to complete its due diligence.

19.    Attorneys from Chadbourne's Communications and Technology Group continued to expend time on transfer of control matters to ensure regulatory compliance with the Federal Communications Commission ("FCC").  This process has continued to involve extensive industry and legal research on certain FCC regulations.  Particular time was devoted during the Application Period to researching recent Third Circuit developments in connection with newspaper/broadcast cross-ownership rule.

E.    **Claims Administration/Bar Date (Matter 009)**

    Fees:  $5,763.50        Total Hours:   13.90

20.    During the Application Period, the Debtors filed several omnibus objections to claims.  Chadbourne attorneys reviewed the relief requested in the motions as well as the bases and processes followed by the Debtors in pursuing the objections and performed appropriate follow-up with the Debtors and the Committee's financial advisors where appropriate.  During this time, Chadbourne also reviewed and addressed certain claims trading issues raised by the U.S. Trustee.

F.    **Fee/Retention Applications (Matter 010)**

    Fees:  $28,382.50        Total Hours:   65.70

21.    Chadbourne expended further time during the Application Period in compliance with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparing and filing its twelfth monthly fee application and fourth quarterly fee application.

22.    During this time, Chadbourne reviewed the Fee Examiner's reports on the Committee's third through sixth requests for expense reimbursement.  Chadbourne reviewed the issues raised in the reports, participated in telephone conferences with the Fee Examiner and with certain Committee members and began preparing a response to address those issues.

23.    In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

G.    **Plan and Disclosure Statement (Matter 011)**

Fees:  $4,112.00          Total Hours:    6.60

24.    During the Application Period, Chadbourne attorneys continued to be engaged in the plan and confirmation process.  As part of the process, Chadbourne reviewed and analyzed certain employee/pension claims and considered plan provisions to incorporate treatment of those claims.

H.    **Employee Issues (Matter 014)**

Fees:  $6,237.50          Total Hours:    8.90

25.    During the Application Period, the Debtors decided to bifurcate and pursue approval of only one of the three incentive programs set forth in their filed Management Incentive Plan (the "MIP").  According to the Debtors, approval of the one MIP component (the "Modified MIP") would ensure that employee morale would be maintained as the Modified MIP payments were typically made at this time of year.  Chadbourne reviewed the Debtors' request with the Committee and reaffirmed its support for the Modified MIP.  Subsequently, Chadbourne attorneys prepared for and attended the January 27, 2010 hearing on the Modified MIP.  At that time, the Bankruptcy Court approved the Modified MIP.

**I.**    **Relief From Stay Issues (Matter 015)**

   Fees:  $45,716.00          Total Hours:  78.10

   26.    During the Application Period, Chadbourne attorneys devoted time to preparing for the evidentiary hearing on the Debtors request to enter into a settlement with the Estate of Michael Gutman, M.D. ("Gutman").  Efforts included preparation for and conducting the deposition of a key party to the initial settlement discussions, performing legal research on the standards for evaluating settlements in bankruptcy cases, and participation in discussions with Debtors' counsel and Gutman's counsel in an attempt to reach a consensual agreement between the parties.  At the January 28, 2010 hearing, Chadbourne attorneys presented the Committee's argument in opposition to the Gutman settlement.

   27.    During this time, Chadbourne reviewed another motion filed by a plaintiff seeking relief from the automatic stay to pursue a personal injury action pending against the Debtors. Chadbourne discussed the issues with Debtors' counsel and summarized its analysis on the relief requested along with its recommendations in a memorandum to the Committee.

**J.**    **General Litigation (Matter 017)**

   Fees:  $41,532.50          Total Hours:    68.70

   28.    During the Application Period, Chadbourne continued to review and monitor the filings in the District Court civil action proceedings and certain Bankruptcy Court adversary proceedings and provided summary reports to the Committee on these matters.

   29.    During this time, Chadbourne attorneys were engaged in review and analysis of the Wilmington Trust's motion to appoint an examiner in these Chapter 11 cases (the "Examiner

Motion"). Chadbourne attorneys began preparation of a response to the Examiner Motion and prepared and filed an objection to the related motion to expedite hearing on same.

30.    During the Application Period, Chadbourne attorneys continued their efforts in preparation for the rescheduled hearing on Law Debenture of New York's motion regarding the reimbursement by non-Debtor Tribune affiliates of certain LBO lenders' fees (the "Fee Motion"). Chadbourne continued to monitor and participate in the discovery activities being pursued by the parties to the Fee Motion.

**K.    Travel (Matter 018)**

Fees:  $3,279.50          Total Hours:  10.20

31.    During the Application Period, Chadbourne attorneys travelled to Wilmington, Delaware to attend omnibus hearings at the Bankruptcy Court. Chadbourne attorneys also travelled to Chicago, Illinois to attend a deposition. The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**L.    Review of Prepetition Financings (Matter 019)**

Fees:  $1,657,178.50          Total Hours:  3,124.20

32.    During the Application Period, Chadbourne attorneys expended substantial time on the ongoing comprehensive review of the Debtors' prepetition financing documents and capital structure as part of the Committee's review and analysis of potential challenges that could be asserted with respect to certain prepetition LBO/ESOP transactions. In addition, Chadbourne attorneys continue analyzing the legal standards and requirements of such potential challenges and any possible defenses and other considerations related thereto.

33.    With respect to produced materials, Chadbourne's team of professionals continued to receive and review a significant volume of documents during this time. This ongoing document review is a substantial undertaking; approximately 220,000 documents and computer records (over 3 million pages of materials) have been reviewed and analyzed since the discovery process began through the Application Period.

34.    As is clearly evident from the foregoing and from the amount of time expended in this matter, the 2007 LBO/ESOP Transaction review/investigation is a massive undertaking involving over 50 professionals and paraprofessionals working for Chadbourne alone. This should not be surprising given what is at stake: over $11 billion in claims. Chadbourne has carefully divided this work within the firm to ensure that efforts are appropriately tasked without duplication of effort. For example, individual professionals or paraprofessionals may be tasked with discovery and production analysis review, primary LBO/ESOP investigation legal analysis, or third-party claim legal analysis, to name a few. All of those matters include distinct projects, but all are also very inter-dependent.

35.    Chadbourne directs much of the investigation work but it does not work alone. Other professional firms retained by the Committee are also putting forth great efforts on related fronts. All of those efforts require coordination and teamwork. Accordingly, the Chadbourne partners and counsel leading the various efforts meet together with other Committee professionals working on the LBO/ESOP investigation and related matters at least once a week to track efforts and obtain direction. While this weekly meeting requires the attendance of multiple Chadbourne timekeepers, it is time well spent to avoid duplication among the Committee's various professionals.

36.     Over the last several months, Chadbourne has also spent substantial

energies focusing on what it has identified as "third party claims." Such claims do not directly

involve the Senior Lenders to the LBO transaction -- it is important to note that claims against

the Senior Lenders would be pursued by the Committee's special counsel and not by

Chadbourne -- but instead involve claims against certain former shareholders, Tribune directors

and officers, and other third parties for claims related to the LBO.

37.     As is indicated by this month's invoice, the Committee directed Chadbourne to

thoroughly investigate, and prepare to prosecute, such third party claims. Such work has, of

course, involved the review of targeted discovery materials, the drafting of various legal

memoranda and the preparing of appropriate court papers.   The Committee opted not to include

those allegations in the complaint it filed with the Bankruptcy Court on February 1, 2010

(which was attached to the Committee's standing motion).  Continuing discussions among the

parties fails to produce a fair outcome for the unsecured creditors, the Committee anticipates

that it will be required to seek standing to commence litigation against certain former

shareholders, officers and directors of the Company, as well as other third parties.  Because of

the amount of time devoted to these tasks, we have determined that it is appropriate to

separately classify these "third party claim" efforts in a new billing category.  All timekeepers

were alerted to this change at the end of January 2010.  Chadbourne's next invoice (which

reflects time beginning on February 1, 2010) will reflect this modification.

38.     During this period, Chadbourne and the Committee's other professionals  also

participated in meetings and discussions with key players in the 2007 LBO/ESOP Transaction

in a collective effort to address issues raised during the investigation process and consider

settlement options.  Again, given the number of difficult issues at stake, the complexity of the

issues and the numerous parties involved in the 2007 LBO/ESOP Transaction, Chadbourne

involved multiple case professionals in certain settlement meetings.  Chadbourne carefully

selected these attendees based on their area of expertise and the need to have that expertise

available at the meeting in question.

### ACTUAL AND NECESSARY EXPENSES

39.     A summary of the actual and necessary expenses and daily logs of expenses

incurred by Chadbourne during the Application Period in the amount of $71,749.46 is attached

hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For

purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.

Chadbourne customarily charges its clients $1.25/per page for out-going facsimile

transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

40.     Due to the national nature of the Debtors' business and the Committee's

participation in weekly meetings by telephone, long distance telephone and conference call

services have been required.  In accordance with the Guidelines, in seeking reimbursement for

long distance telephone charges, Chadbourne currently charges clients its approximate actual

cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call

services and requests reimbursement only for the amount billed to Chadbourne by the third-

party vendors.

41.     With respect to legal research expenses, Chadbourne has entered into flat-fee

contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order

to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis

and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

42.    With respect to Intralinks, Chadbourne seeks reimbursement for a yearly renewal fee so that members of the Committee can continue to access and utilize important and confidential materials secured in this document repository.   In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

43.    With respect to information retrieval fees, Chadbourne utilized the services of outside vendors (Thomson West and U.S. Document Retrieval Service) to retrieve court documents that were not accessible on-line.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

44.    In connection with the LBO/ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS").  The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

45.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings, settlement meetings and depositions hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

46.     In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

47.     Attorneys and paraprofessionals of Chadbourne have expended a total of 3,672.30 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,960,664.50

48.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

49.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period January 1, 2010 through January 31, 2010: (a) authorizing compensation in the amount of $1,960,664.50 (80% of which equals $1,568,531.60) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $71,749.46 for a total of $2,032,413.96; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    February 25, 2010
          New York, New York

                                              CHADBOURNE & PARKE LLP

                                              By: _____
                                                  Douglas E. Deutsch
                                                  (A Member of the Firm)

                                              Chadbourne & Parke LLP
                                              30 Rockefeller Plaza
                                              New York, New York  10112
                                              (212) 408-5100

                                              Co-Counsel to The Official Committee of
                                              Unsecured Tribune Company, et al.

## <u>VERIFICATION</u>

STATE OF NEW YORK    :

                               :  ss:

COUNTY OF NEW YORK  :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 2009.

(b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch

Sworn to before me this
25th day of February 2010

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010