# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket Nos. 3548 through 3599** |

## NOTICE OF AMENDMENT TO SCHEDULES OF ASSETS AND LIABILITIES

**PLEASE TAKE NOTICE THAT:**

On March 2, 2010, Tribune Company and each of the debtors and debtors in possession listed on Exhibit 1 (collectively, the "Debtors") filed the amended Schedules of Assets and Liabilities identified on Exhibit 1 (collectively, the "Amended Schedules") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a/ Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] The Amended Schedules and a copy of this Notice were each filed with the Bankruptcy Court pursuant to Rule 1009(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1009-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

The Amended Schedules reflect the assets and liabilities of each Debtor and their businesses as of December 8, 2008, except Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC, for which its assets and liabilities are as of October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors filed the Amended Schedules in order to: (i) modify the amount of certain Claims;[3] (ii) change the description, nature, or classification of certain Claims; (iii) remove certain Claims from the Schedules; and (iv) add new Claims to the Schedules.

This Notice of Amendment to Schedules of Assets and Liabilities (the "Notice") is being provided to you because you may have an actual or potential Claim that is affected by the Amended Schedules. If you have a Claim against any of the Debtors that arose prior to the Petition Date and that is affected by the Amended Schedules, you may need to file a proof of claim form ("Proof of Claim") or amend a previously filed Proof of Claim.

For your convenience, enclosed with this Notice is a customized Proof of Claim, which specifies (a) the identity of the Debtor against which the Claim is scheduled; (b) the amount of the scheduled Claim, if any; (c) whether the claim is listed as disputed, contingent, or unliquidated; and (d) whether the Claim is listed as a secured, unsecured priority, or unsecured nonpriority Claim, as the Claim appears in the Amended Schedules.

Copies of the Amended Schedules are available for inspection during regular business hours at the Office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Debtors' Amended Schedules may be obtained for a charge through Delaware Document Retrieval, 2 East 7th Street, 2nd Floor, Wilmington, Delaware 19801, or viewed on the Internet at the Bankruptcy Court's website, http://www.deb.uscourts.gov, by following the directions for accessing the ECF system on such website. Copies of the Amended Schedules may also be viewed and downloaded free of charge from the dedicated web page related to these chapter 11 cases: http://chapter11.epiqsystems.com/tribune.

### *Who Must File a Proof of Claim and the Applicable Deadlines*

On March 26, 2009, the Bankruptcy Court established procedures and deadlines for claimants to file Proofs of Claim against the Debtors (with the exception of Tribune CNLBC, LLC) (the "Bar Date Order") (Docket No. 813).[4] The Bar Date Order provides that if the Debtors amend their schedules, any affected claimant has 30 days after the claimant has received notice of the amendment in order to file a Proof of Claim or to amend any previously filed Proof of Claim.

---

[3] As used in this Notice, the term "Claim" shall have the meaning provided in the Bankruptcy Code: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

[4] No deadline has been set by the Bankruptcy Court for the filing of claims against Tribune CNLBC, LLC.

Accordingly, if you disagree with the amount or the priority of your Claim as it is listed on the Amended Schedules or if your Claim is listed in the Amended Schedules as "contingent," "unliquidated," or "disputed" you **must** file a Proof of Claim or amend any previously filed Proof of Claim with Epiq Bankruptcy Solutions, LLC ("Epiq"), the claims and noticing agent in these chapter 11 cases, so that it is **actually received by Epiq on or before April 6, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Amended Schedules Bar Date").[5]

This Notice and your right to file a Proof of Claim or amend any previously filed Proof of Claim prior to the Amended Schedules Bar Date **pertains solely to the Claim affected by the Amended Schedules and described in the Proof of Claim form provided with this Notice**. If you hold any other Claim(s) not affected by the filing of the Amended Schedules by the Debtors on March 2, 2010, you may not amend or revise or file a Proof of Claim for such Claim(s) and are barred from doing so, except for any Claims that may be held against Tribune CNLBC, LLC.

As provided for in the Bar Date Order, if you have a Claim that arises out of the rejection of an executory contract or unexpired lease pursuant to a Bankruptcy Court order entered prior to the confirmation of the Debtors' plan of reorganization, you must file a Proof of Claim so that it is actually received by Epiq on or before the later of (i) the Amended Schedules Bar Date or (ii) thirty (30) days after the effective date of the Bankruptcy Court order authorizing such rejection. The later of these dates is referred to in this Notice as the "Rejection Bar Date".

### *Who is Not Required to File a Proof of Claim*

The Bar Date Order provides that if your Claim is listed accurately (as to amount, priority, and as against the correct Debtor) and is not scheduled as "contingent," "unliquidated," or "disputed," you do **NOT** need to file a Proof of Claim.

You should not file a Proof of Claim if you do not have a Claim against one or more of the Debtors. The fact that you received this Notice does not necessarily mean that you have a Claim or that the Debtors believe that you have a Claim.

Additionally, the Bar Date Order establishes exemptions for certain classes of claimants from the requirement to file a Proof of Claim, some of which may be relevant to your Claim as amended by the Amended Schedules.

The following persons and Entities[6] need **NOT** file Proofs of Claim on or before the Amended Schedules Bar Date:

---

[5] Generally, if a Claim is designated as being "contingent," "unliquidated," or "disputed," the Claim amount is listed on the Amended Schedules as "undetermined" by the Debtors. Such Claims will appear on the customized proof of claim form in the amount of $0.00.

[6] As used in this Notice, the term "Entity" shall include individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit.

3

5177213
46429/0001-6361858v2

a.  any person or Entity that has already properly filed a Proof of Claim against the applicable Debtor(s) with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b.  any person or entity that has a Claim against any of the affiliates of the Debtors that did not file petitions for relief under chapter 11 of the Bankruptcy Code;[7]

c.  professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d.  any person or Entity that asserts an administrative expense claim against the Debtors pursuant to section 503(b) of the Bankruptcy Code; <u>provided, however</u>, that any person or Entity that has a Claim on account of goods received by the Debtors within twenty days of the Petition Date may (i) file a Proof of Claim with Epiq prior to the Amended Schedules Bar Date or (ii) file a request for payment of such Claim with the Court in accordance with section 503 of the Bankruptcy Code;

e.  current officers and directors[8] of the Debtors who assert Claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f.  current employees of the Debtors, or labor unions authorized by law to represent current employees, in each case with respect to any Claim that arose prior to the Petition Date (i) based on the payment of wages, vacation pay, reimbursable expenses, worker's compensation claims, and other benefits, etc. that were previously authorized to be paid by order of the Court, including the Wage Order approved by the Court on December 10, 2008,[9] or (ii) based on the ordinary course of their employment with

---

[7] The non-Debtor affiliates are: Tribune DB, LLC (f/k/a Chicago Cubs Dominican Baseball Operations, LLC); Tribune DQ, LLC (f/k/a Diana-Quentin, LLC); Fairfax Media, Inc.; Multimedia Insurance Company; Professional Education Publishers International (Africa) Pty Ltd.; TMS Entertainment Guides Canada Corp.; Tribune (FN) Cable Ventures Inc.; Tribune Employee Lease Company LLC; Tribune Hong Kong, Ltd.; Tribune Interactive, Inc.; Tribune Media Services, B.V.; Tribune National Marketing Company; Tribune ND, Inc.; Tribune Receivables, LLC; Tribune Sports Network Holdings, LLC; Tribune Technology, LLC; and Tribune WFPT, LLC (f/k/a Wrigley Field Premium Tickets and Services, LLC). Claims against the non-Debtor affiliates are not subject to the Bar Date Order.

[8] Current officers and directors shall include the officers and directors of the Debtors as of March 25, 2009 the date of the entry of the Bar Date Order (Docket No. 813).

[9] "<u>Wage Order</u>" means the Order Granting Debtors' Motion and (I) Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Payment of Prepetition Compensation Owed to Independent Contractors and Temporary Workers; (C) Reimbursement of Prepetition Employee Business Expenses; (D) Payments for Which Prepetition Payroll and Tax Deductions Were Made; (E) Contributions to Prepetition Employee Benefit Programs and Continuation of Such Programs in the Ordinary Course; (F) Payment of Workers'

   the Debtors and for which payment has not yet been authorized by order of the Court (e.g. various benefit plans and programs); <u>provided</u>, <u>however</u>, that if the Debtors provide written notice stating that the Debtors do not intend to pay any such Claim, the affected current employee shall have until the later of (i) the Amended Schedules Bar Date and (ii) thirty (30) days from the date of service of such written notice to file a Proof of Claim;

g. any person or Entity whose Claim against the Debtors has been allowed by an order of the Court entered on or before the Amended Schedules Bar Date.

### *Procedures for Filing a Proof of Claim*

Proofs of Claim sent by **first-class mail** must be sent to the following address:

> Tribune Company Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station
> P.O. Box 5069
> New York, NY 10150-5069

Proofs of Claim sent by **messenger** or **overnight courier** must be sent to the following address:

> Tribune Company Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, Third Floor
> New York, NY 10017

All Proofs of Claim must bear an original signature. Epiq will not accept Proofs of Claim sent by facsimile, telecopy, e-mail or other electronic submission.

To be properly filed, a Proof of Claim must be filed in the bankruptcy case of the specific Debtor against which a claimant holds or asserts a Claim. For example, if a claimant has a Claim against The Baltimore Sun Company, the Proof of Claim must be filed against The Baltimore Sun Company in case number 08-13209. If a claimant wishes to assert a Claim against more than one Debtor, separate Proofs of Claim must be filed against each applicable Debtor. A complete list of Debtors with corresponding case numbers is set forth in <u>Exhibit 1</u>.

Information relating to the Debtors' bankruptcy cases, including all documents referenced in this Notice and copies of a blank Proof of Claim are available free of charge on

---

Compensation Obligations; and (G) Payment to Third Parties of All Costs and Expenses Incident to the Foregoing Payments and Contributions; and (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn On the Debtors' Payroll Accounts to Make the Foregoing Payments (Docket No. 53).

Epiq's dedicated web page related to these cases: http://chapter11.epiqsystems.com/tribune. Questions concerning the contents of this Notice and requests for Proofs of Claim may be directed to Epiq at (800) 622-1125 between the hours of 9 a.m. and 5 p.m. (prevailing Eastern Time), Monday through Friday. Please note that Epiq's staff cannot give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.

Dated: March 2, 2010

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kerriann S. Mills
Jillian K. Ludwig
Candice L. Kline
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION