# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :
In re:                              :
                                    :  Chapter 11
TRIBUNE COMPANY et al.,             :  Case No. 08-13141 (KJC)
                                    :  (Jointly Administered)
              Debtors.              :
                                    :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### JPMORGAN CHASE BANK, N.A.'S RESPONSES AND OBJECTIONS TO LAW DEBENTURE TRUST COMPANY OF NEW YORK'S REQUEST FOR ADMISSIONS

JPMorgan Chase Bank, N.A. ("JPMorgan"), by its undersigned counsel, and

pursuant to Federal Rules of Civil Procedure 26 and 36 and Federal Rules of Bankruptcy

Procedure 7026, 7036, and 9014, hereby responds and objects to the Request for

Admissions from Law Debenture Trust Company of New York ("Law Debenture"),

dated January 25, 2010 (the "Request").

### GENERAL OBJECTIONS

JPMorgan asserts the following general objections ("General Objections"), each

of which is incorporated into the specific responses and objections set forth below.  The

assertion of the same, similar, or additional objections in any specific response does not

waive JPMorgan's General Objections.  JPMorgan reserves the right to supplement or

revise its responses and objections as may be necessary or appropriate.

    1.      JPMorgan objects to the Request to the extent it attempts or purports to

impose obligations on JPMorgan that exceed or are inconsistent with those imposed by

the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the

Local Rules of this Court, or any other applicable law, rule, or court order, and to the extent it seeks to alter the time periods set forth in those Rules.

2.      JPMorgan objects to the Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. Any inadvertent disclosure of privileged or protected information shall not constitute a waiver of JPMorgan's right to assert the applicability of any privilege or protection.

3.      JPMorgan objects to the Request to the extent it is overly broad or unduly burdensome, or seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4.      JPMorgan objects to the Request to the extent it contains individual requests that are vague and ambiguous or contain undefined terms susceptible to various interpretations. JPMorgan's responses to the Request do not constitute acceptance by JPMorgan of any definition or unstated meaning that Law Debenture may later attribute to an undefined term.

5.      JPMorgan objects to the Request to the extent it seeks confidential or proprietary information, information subject to the privacy rights of employees or other persons, or information subject to a confidentiality agreement.

6.      JPMorgan objects to the Request to the extent it seeks admissions about matters of law.

7.      JPMorgan objects to the Request to the extent it seeks information outside JPMorgan's possession, custody, or control. JPMorgan further objects insofar as the

2

Request seeks information from entities other than JPMorgan, or information that cannot be ascertained by JPMorgan upon reasonable inquiry.

8.      JPMorgan objects to the Request to the extent that:  (a) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) Law Debenture has obtained the information sought by any request or demand in any other proceeding or pursuant to any other means; or (c) the burden or expense of any request outweighs its likely benefit.

9.      JPMorgan objects to any implications raised in the Request, and further objects to any explicit or implicit characterization of facts, events, circumstances, or issues therein.  Any response by JPMorgan is not intended to indicate that JPMorgan agrees with any such implications or characterizations, or that such implications or characterizations are relevant to this litigation.

10.      JPMorgan submits these responses without conceding the relevance or materiality of the subject matter of any request.  JPMorgan expressly reserves and does not waive all available objections, including those relating to competence, relevance, materiality, privilege, and admissibility.

**RESPONSES AND OBJECTIONS TO
SPECIFIC REQUESTS FOR ADMISSION**

Subject to and without waiving the foregoing General Objections, which are incorporated by reference into JPMorgan's responses to the individual requests for admission, JPMorgan responds to the Request as follows:

3

**Request for Admission No. 1:**

Admit that on or about 7:41 P.M. on March 5, 2009, Damian S. Schaible ("Schaible") of Davis Polk & Wardwell LLP sent an email (the "March 5 Email") to Brian Krakauer ("Krakauer") of Sidley Austin LLP ("Sidley"), and to Donald Bernstein and Meyer Dworkin of Davis Polk with the subject line "Re: Tribune – Agent's Professional Fees".

**Response to Request No. 1:**

JPMorgan admits this request.

**Request for Admission No. 2:**

Admit that the March 5 Email states as follows: "Bryan, Based on your description of your conversation last week and Joe's description of the same conversation when we spoke, you didn't ask for his permission and you didn't tell him you were waiting for his consent (both correctly) but instead told him the non-debtors intended to pay around the middle of this week. We sent him the engagement letters he asked for last friday and haven't heard a word since. Why wouldn't you just pay at this point? Have there been further conversations I am not aware of?"

**Response to Request No. 2:**

JPMorgan admits this request.

**Request for Admission No. 3:**

Admit that the March 5 Email is a record of a conversation between Schaible and Krakauer made by Schaible near the time of that conversation.

**Response to Request No. 3:**

JPMorgan denies this request. The email does not record or purport to record a conversation between Mr. Schaible and Mr. Krakauer, although it references a communication between Mr. Schaible and Mr. Krakauer concerning a conversation between Mr. Krakauer and Mr. McMahon.

**Request for Admission No. 4:**

Admit that the March 5 Email is a record of a conversation between Schaible and Joseph McMahon made by Schaible near the time of that conversation.

**Response to Request No. 4:**

JPMorgan denies this request. The email does not record or purport to record a

conversation between Mr. Schaible and Mr. McMahon, although it references a

conversation between Mr. Schaible and Mr. McMahon concerning a conversation

between Mr. Krakauer and Mr. McMahon.

**Request for Admission No. 5:**

Admit that the March 5 Email is a record kept by Davis Polk in the course of its regularly conducted business activity.

**Response to Request No. 5:**

JPMorgan admits that the March 5 Email was kept by Davis Polk & Wardwell

LLP ("Davis Polk") in the course of its regularly conducted business activity.

**Request for Admission No. 6:**

Admit that it was regular practice in Davis Polk's regular conduct of business activity, to create records of conversations between its attorneys and third parties.

**Response to Request No. 6:**

JPMorgan denies that it is a regular practice of Davis Polk to create records of

conversations between attorneys and third parties.

Dated: February 1, 2010
  New York, New York

Respectfully submitted,


/s/ Sharon Katz     

Dennis Glazer
Karen E. Wagner
Sharon Katz
Michael Russano
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4500

-and-

Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

*Attorneys for JPMorgan Chase Bank, N.A.*