# EXHIBIT 19

| From: | Henderson, Janet E. |
|---|---|
| Sent: | Wednesday, October 28, 2009 7:07 PM |
| To: | Ducayet, James W. |
| Subject: | FW: Law Debenture - Tribune - Non-Debtor Guarantor Liabilities under Guarantees |
| Attachments: | Non-Debtor Guarantor Liability & Bankruptcy.DOC; EXHIBIT 01.pdf; EXHIBIT 06.pdf |

| From: | Kline, Candice |
|---|---|
| Sent: | Wednesday, October 28, 2009 11:31 AM |
| To: | Henderson, Janet E. |
| Subject: | FW: Law Debenture - Tribune - Non-Debtor Guarantor Liabilities under Guarantees |

**Redacted**

Thanks,
Candice

| From: | Kline, Candice |
|---|---|
| Sent: | Wednesday, March 04, 2009 9:01 AM |
| To: | 'McMahon, Joseph (USTP)' |
| Cc: | Krakauer, Bryan; Pernick, Norman |
| Subject: | Tribune - Non-Debtor Guarantor Liabilities under Guarantees |

  

Non-Debtor   EXHIBIT 01.pdf (8   EXHIBIT 06.pdf
Guarantor Liability...   MB)   (736 KB)

Joe,

Attached is a memorandum addressing non-debtor guarantor liabilities under the Guarantee Agreements. The Credit Agreement and Guarantee Agreement (entered into by each guarantor) are also attached for your reference.

Please contact us with any questions.

Thanks,
Candice

**Candice Kline**
Sidley Austin LLP | One South Dearborn | Chicago, IL 60603
candice.kline@sidley.com | 312.853.7778

1



SIDLEY AUSTIN LLP

# MEMORANDUM

TO:     Joe McMahon, Office of the United States Trustee

FROM:   Bryan Krakauer
        Candice L. Kline

RE:     Non-Debtor Guarantor Obligations under Senior Credit Facility Guarantee Agreements

DATE:   March 4, 2009

---

This memorandum reviews non-debtor obligations under Guarantee Agreements related to a Credit Agreement dated as of May 17, 2007 between the Tribune Company (the "Borrower"), the Agent, and the Lenders. The question addressed is whether the non-debtor guarantors are obligated to pay fees and expenses arising from enforcement of these agreements, whether or not allowed in the chapter 11 proceedings of the Borrower and its debtor affiliates.

## I.     Summary

The non-debtor guarantors are obligated to pay fees and expenses under the Guarantee Agreements. The non-debtor guarantors' obligations include fees and expenses related to the bankruptcy proceedings of the Borrower and its debtor affiliates, whether or not such fees and expenses are allowed in such bankruptcy proceedings. Non-debtor guarantor obligations remain enforceable notwithstanding the chapter 11 proceedings of the Borrower and its debtor affiliates, and are not subject to the automatic stay.

## II.    Credit and Guarantee Agreements

The Credit Agreement and the Guarantee Agreements together set forth the non-debtor guarantor obligations.

The Credit Agreement defines "Obligations" as unpaid principal and interest, all accrued and unpaid fees, and "all expenses, reimbursements, indemnities and other obligations of the Loan Parties [i.e., the Borrower and each Guarantor] to the Lenders ... (including interest and fees accruing after commencement of any bankruptcy or insolvency proceeding against any Loan Party, whether or not allowed in such proceeding)." The Credit Agreement in Section 8.04(a) further provides that the Borrower "agrees to pay promptly following demand all reasonable and documented out-of-pocket costs and expenses of the Agent ... and the Lenders, if any (including, without limitation, reasonable and documented counsel fees and expenses), in connection with

TRB_LD000250
CONFIDENTIAL

**SIDLEY AUSTIN LLP**
# SIDLEY

the enforcement (whether through negotiations, legal proceedings or otherwise) of this Agreement, the Notes and the other documents to be delivered hereunder ...." There is case law that retaining financial advisors is a reasonable cost incurred by an agent in connection with enforcement of a loan obligation. *In re Hedstrom Corp.*, 333 B.R. 815, 820 (Bankr. N.D. Ill. 2005) (concluding that lender's rights to hire a financial advisor was "undisputed" to enforce its interests under the loan and security agreements, although still subject to the reasonableness standard).[1]

The Guarantee Agreements in Section 1 establish that each guarantor unconditionally guarantees "as a primary obligor and not merely as a surety, all of (a) the Obligations, (b) the due and punctual performance of all covenants, agreements, obligations and liabilities of the Borrower and each Loan Party under or pursuant to the Credit Agreement and the other Loan Documents ... (collectively called the "Guaranteed Obligations)," thus obligating the guarantors to pay principal and interest as well as the liabilities arising under section 8.04 of the Credit Agreement.

The case law seems clear that non-debtor guarantors remain liable under the terms of the guarantee regardless of whether the bankruptcy proceedings of a primary obligor disallow, discharge, or release payment of fees, expenses, or postpetition interest as to a debtor. For example, non-debtor guarantors remain liable for postpetition interest because their liabilities are unaffected by the bankruptcy proceeding. *Nat'l Energy & Gas Transmission, Inc. v. Liberty Electric Power, LLC (In re Nat'l Energy & Gas Transmission, Inc.)*, 492 F.3d 297, 303 n.5 (4th Cir. 2007) (citing *In re Stoller's, Inc.*, 93 B.R. 628, 635 (Bankr. N.D. Ind. 1988) (Non-debtor guarantors liable for postpetition interest and attorney's fees according to the terms of the guarantee.)). Further, discharge of debtor's liabilities does not impact co-obligor and guarantor liabilities on the discharged debt. *Credit Suisse First Boston Mortg. Capital LLC v. Cohn*, 2004 U.S. Dist. LEXIS 16577, at *24-26 (S.D.N.Y. Aug. 19, 2004) (holding guarantors liable for postpetition interest, fees, and costs incurred in collecting under the Loan Agreement and Guaranty); *VFB L.L.C. v. Money's Trust (In re VF Brands, Inc.)*, 282 B.R. 134, 138 (Bankr. D. Del. 2002) ("Non-debtors are generally not entitled to releases or discharges of direct claims against them simply because a co-obligor is in bankruptcy.").

### III.    Non-Debtor Guarantors and the Bankruptcy Code

It is well-settled law that the automatic stay does not apply to non-debtor guarantors. *McCartney v. Integra Nat'l Bank North*, 105 F.3d 506, 509-10 (3d Cir. 1997) (noting clear language of 362(a) only applies to debtors); *Maintainco, Inc. v. Mitsubishi Caterpillar Forklift Am., Inc. (In re Mid-Atlantic Handling Sys., LLC)*, 304 B.R. 111, 128 (Bankr. D.N.J. 2003) ("[A]utomatic stay is generally not available to non-bankrupt co-defendants ...."); *In re Aldan Indus., Inc.*, 2000 WL 357719, at *3 (Bankr. E.D.Pa. Apr. 3, 2000) ("[A]s a general rule, the automatic stay does not affect proceedings against guarantors.") (unpublished decision); *Spirco*,

---

[1] *See also In re Worldwide Direct, Inc.*, 259 B.R. 56, 61 (Bankr. D. Del. 2001) (concluding that a committee is authorized to retain financial advisors and other professionals to assist the committee in performing its duties, especially in large cases).

2

TRB_LD000251
CONFIDENTIAL

# SIDLEY
SIDLEY AUSTIN LLP

*Inc. v. Copelin (In re Spirco, Inc.)*, 221 B.R. 361, 370 (W.D.Pa. 1998) (stating that guarantor's contractual obligation is "usually unaffected by bankruptcy proceedings"). Courts rarely extend injunctions to non-debtor guarantors because of the desire to preserve creditor expectations and the "benefit of the bargain." *McCartney*, 106 F.3d at 510 (ensuring that creditors obtain "the protection they sought and received when they required a third party to guaranty the debt" (quoting *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988))).

Injunctions concerning non-debtor guarantors are granted by courts under a "narrow exception" and in "unusual circumstances" pursuant to section 105. *McCartney*, 105 F.3d at 510; *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. at 129; *In re Aldan Indus., Inc.*, 2000 WL 357719, at *4. Non-debtor guarantors are obligated on the guarantee unless "unusual circumstances" apply. *McCartney*, 105 F.3d at 510 (providing examples such as same identity or essential to debtor's reorganization). Unusual circumstances do not appear to be present in this situation. *Id.* at 509-10 (factual or legal nexus to the debtor alone is not enough).

TRB_LD000252
CONFIDENTIAL