# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: March 23, 2010 at 10 a.m. EST**<br>**Objection Deadline: March 16, 2010 at 4:00 p.m. EST** |

## MOTION OF DEBTOR LOS ANGELES TIMES COMMUNICATIONS LLC FOR AN ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING SALE OF MEMBERSHIP INTEREST AND ENTRY INTO AND PERFORMANCE OF OBLIGATIONS UNDER LLC MEMBERSHIP INTEREST PURCHASE AGREEMENT

Los Angeles Times Communications LLC, one of the debtors and debtors in

possession in the above-captioned chapter 11 cases ("L.A. Times" or the "Company" and,

collectively with its affiliates who have commenced these chapter 11 cases, the "Debtors"), by

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an

order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code")

authorizing L.A. Times to enter into and perform its obligations under certain agreements

pursuant to which L.A. Times will sell its interest in a joint venture known as Zetabid Holdings

LLC, on the terms and conditions set forth in that certain LLC Membership Interest Purchase

Agreement (the "Purchase Agreement"), dated March 2, 2010, to be effective upon entry of the

order submitted herewith.  The Purchase Agreement is attached hereto as Exhibit A.  In support

of this Motion, L.A. Times respectfully states the following:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor,

Chicago National League Ball Club, LLC (n/k/a Tribune CNLBC, LLC), filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the

appointment of a trustee.

4.      On December 18, 2008, the United States Trustee for the District of

Delaware appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

46429/0001-6363285v1

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

sought herein are section 363 of the Bankruptcy Code and Rule 6004 of the Federal Rules of

Bankruptcy Procedure.

## BACKGROUND OF THE MOTION

6.      L.A. Times, a subsidiary of Debtor Tribune Company, publishes daily

newspapers in Southern California, operates the website Latimes.com, and produces

www.TheEnvelope.com, a year-round awards show website in the entertainment industry.  In

June 2008, L.A. Times, together with two other companies, created Zetabid Holdings LLC

("Zetabid") to expand access to the inventory of residential properties sold at auction and to open

the market to domestic and international buyers.  As of the Petition Date, Zetabid was owned and

operated jointly by L.A. Times, which as of the date of this Motion holds a 66.67% interest in

Zetabid, and Catalist Homes ("Catalist"), a Los Angeles firm with extensive experience in

foreclosure sales, which holds the remaining 33.33% interest.

7.      Zetabid is a national consumer brand that enables consumers to purchase

bank- and builder-owned properties at public auctions.  Through its national network of print,

broadcast, and online partners, Zetabid reaches a wide consumer audience to spread awareness of

auction inventory.  At present, the total assets of Zetabid are not substantial.  L.A. Times

currently manages Zetabid's marketing capabilities through the print and online editions of its

publications.  Catalist manages Zetabid's real estate capabilities, providing transaction expertise

and a scalable technology to manage the disposition of hundreds of properties during a single

auction event.

8.      Since Zetabid's inception, L.A. Times has incurred an overall loss on its

investment and the costs L.A. Times has incurred in connection with Zetabid, and the Company

believes it is unlikely such investment and costs will be recouped in the foreseeable future.

3

Indeed, additional investments may be required. L.A. Times has determined it cannot justify

continued investment of financial and creative resources in Zetabid, especially in light of L.A.

Times's need to invest elsewhere in its business operations. Accordingly, the management of

L.A. Times has determined that the Company's ownership of an interest in Zetabid, as well as

L.A. Times's continued commitment of resources to support Zetabid, is no longer beneficial or

necessary to the Company's business operations.

        9.      In light of these considerations, L.A. Times and Catalist have negotiated

the Purchase Agreement and related documents, which provide for the sale of L.A. Times's

interest in Zetabid. Specifically, the transaction contemplates that, pursuant to the Purchase

Agreement, Zetabid will purchase the total amount of L.A. Times's membership interest in

Zetabid (66.67% of the total membership interest) for the aggregate purchase price of $10 (ten

dollars). The Purchase Agreement also contemplates that L.A. Times and Zetabid (individually a

"Party," and together, the "Parties") will each grant certain mutual, customary releases.[2] As

additional consideration, the management committee and board of directors of Zetabid have

entered into a Joint Written Consent, dated March 2, 2010, authorizing Zetabid to make a special

distribution to L.A. Times in an amount equal to two-thirds the value of Zetabid's total assets,

which amounts to approximately $200,000.[3] The Joint Written Consent is attached hereto as

Exhibit B.

        10.     The Purchase Agreement further provides that, upon consummating the

sale of L.A. Times's interest in Zetabid, the Parties will terminate all current service agreements

---

[2] While the Parties may make minor amendments to the terms currently reflected in the Purchase Agreement, the Purchase Agreement will remain materially in the form attached to the Motion.

[3] The Purchase Agreement involves a dollar figure that brings the transaction well within the ordinary course of L.A. Times's business. Because the proposed transaction would result in the disposition of all L.A. Times's interest in a joint venture, however, the Company is seeking Court approval for the transaction out of an abundance of caution.

between Zetabid and L.A. Times related to L.A. Times's ownership of Zetabid. The service agreements are set forth in Exhibit A[4] to the Purchase Agreement. In exchange for terminating the service agreements, the Parties have agreed to grant each other a mutual release of any further duties or obligations in connection with such agreements.

11.    Finally, under the Purchase Agreement, Zetabid agrees to license to L.A. Times certain Licensed Matter (which relates to certain customer data), as defined in that certain License Purchase Agreement, dated March 2, 2010, and attached to the Purchase Agreement as Exhibit B.

## RELIEF REQUESTED

12.    By this Motion, L.A. Times respectfully seeks entry of an order authorizing it to (i) sell its 66.67% ownership in Zetabid (the "Zetabid Interest") on the terms set forth in the Purchase Agreement and related documents, free and clear of all liens, claims, and encumbrances, with any such liens, claims, and encumbrances attaching to the proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Zetabid Interest, subject to any claims and defenses L.A. Times may possess with respect thereto,[5] and (ii) enter into and perform its obligations under the Purchase Agreement and related agreements. L.A. Times further requests a waiver of the fourteen-day stay provided for by Bankruptcy Rule 6004(h), so that L.A. Times may complete the disposition of the Zetabid Interest as soon as practicable after the court enters its order.

---

[4] While L.A. Times has filed the Purchase Agreement as an exhibit to this Motion, the Debtors submit that the contents of the exhibits to the Purchase Agreement are not material to the consideration of whether approval to enter into the Purchase Agreement should be granted and, accordingly, those exhibits have not been filed together with the Motion.

[5] L.A. Times is not aware of any liens, claims, or encumbrances against the Zetabid Interest, nor should any language in this motion be construed as a statement by L.A. Times that any such liens, claims, or encumbrances exist. To facilitate the disposition of the Zetabid Interest, however, and out of an abundance of caution, L.A. Times seeks to ensure that the disposition of the Zetabid Interest is free and clear of liens, claims, and encumbrances.

46429/0001-6363285v1

## BASIS FOR RELIEF REQUESTED

13.     Section 363 of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Courts generally apply the "business judgment" standard in determining whether to approve a proposed transaction under section 363 of the Bankruptcy Code.  See, e.g., Meyers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, courts defer to the debtor's judgment concerning the proposed use of estate property under section 363(b) when there is a legitimate business justification); In re Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983) (same); In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (D. Del. 1991) (noting the Third Circuit has adopted the "sound business judgment" standard for transactions under section 363).

14.     Under the business judgment standard, the debtor has the initial burden of establishing that a valid business purpose exists for the use of estate property in a manner outside the debtor's ordinary course of business.  See Lionel, 722 F.2d at 1071.  Once the debtor articulates a valid business justification for the proposed transaction, courts will generally presume the debtor made the decision "on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company."  In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

15.     Thus, after the debtor satisfies its initial burden of establishing a valid business justification, the business judgment rule shields the debtor's management from judicial second-guessing and mandates that a court approve the debtor's business decision unless the decision is a product of bad faith or constitutes a gross abuse of discretion.  See, e.g., In re Global Crossing, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); see also In re Johns-Manville Corp., 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable

6

basis for its business decisions (as distinct from a decision made arbitrarily or capriciously),

courts will generally not entertain objections to the debtor's conduct.").  To impose more

exacting scrutiny would slow a debtor's reorganization, thereby increasing its cost and

undermining the "Bankruptcy Code's provisions for private control" of the estate's

administration.  Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303, 1311 (5th Cir.

1986).

A.   **The Court Should Approve the Disposition as a Proper Exercise of L.A. Times's Sound Business Judgment**

16.    There are substantial business justifications for L.A. Times's decision to

sell the Zetabid Interest on the terms set forth in the Purchase Agreement.  The Zetabid Interest

provides limited, if any, value to the Debtors' business operations.  When L.A. Times initially

established Zetabid together with its joint venture partners in 2008, foreclosures were peaking

and the business represented an attractive opportunity for L.A. Times in light of the housing

downturn.  After the joint venture was established, however, the United States government put

into effect several policy changes that had substantial adverse impacts on Zetabid's business,

including, among other restrictions, foreclosure moratoriums and loan modification

requirements.  While the housing market remains deeply troubled, the successful business

models for foreclosure sales are unclear and subject to more, different, and rapidly evolving

government intervention.

17.    L.A. Times has incurred losses in connection with its ownership of

Zetabid to date.  Moreover, L.A. Times could be required to invest additional funds in Zetabid in

connection with any continued ownership.  Given the uncertainty of the impact of new and

evolving policy on the housing and banking industries, L.A. Times believes continued ownership

7

of Zetabid presents a higher risk of incurring further losses than L.A. Times's management
believes is currently prudent to bear.

18.    Further, Zetabid's business is not a core element of L.A. Times's
operations, which are primarily focused on media and entertainment.  L.A. Times's management
believes it would currently be able to invest resources elsewhere in the Company with better
results than would likely be achieved by continued investment in Zetabid.  Accordingly, sale of
the Zetabid Interest and entry into certain representations and releases, as contemplated by the
Purchase Agreement, are well-justified exercises of L.A. Times's business judgment and should
be approved.

19.    The disposition of the Zetabid Interest as a private sale is appropriate
under the circumstances.  Federal Rule of Bankruptcy Procedure 6004(f)(1) provides that "sales
not in the ordinary course of business may be by private sale or by public auction."  Fed. R.
Bankr. P. 6004(f).  In the instant matter, L.A. Times believes there would be little or no interest
on the part of third-parties in acquiring the Zetabid Interest on terms that are better than those
afforded by the Purchase Agreement.  Moreover, given the comparatively limited value of the
Zetabid Interest, an auction process, if required, would result in substantial costs to L.A. Times
with no likely corresponding benefit.  Accordingly, L.A. Times believes treatment of the Zetabid
Interest in accordance with the terms of the Purchase Agreement is appropriate, and that an
auction process for the Zetabid Interest should not be required.  L.A. Times and Catalist have
negotiated the terms set forth in the Purchase Agreement in good faith and at arm's length, and
L.A. Times believes the transaction is fair and reasonable under the circumstances.

20.    The Purchase Agreement is the product of good faith, arms' length
negotiations among the parties.  Zetabid is not affiliated with, nor is it an insider of, L.A. Times

46429/0001-6363285v1

or any other Debtor.  The consideration Zetabid has agreed to tender to L.A. Times in exchange

for the Zetabid Interest is fair and reasonable under the circumstances.  Accordingly, L.A. Times

requests that this Court find Zetabid to be a good faith purchaser under section 363(m) of the

Bankruptcy Code.[6]  L.A. Times further requests the Court find that the disposition is not subject

to avoidance under section 363(n) of the Bankruptcy Code.[7]

**B.**    **The Sale Should Be Approved Free and Clear of Liens, Claims and Encumbrances**

21.    Pursuant to section 363(f) of the Bankruptcy Code, the Court may

authorize the sale of assets free and clear of existing liens, claims, interests, and encumbrances

where

> (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interests, (2) the entity holding the lien, claim, interest or encumbrance consents to the proposed sale, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property, (4) such interest is in bona fide dispute, or (5) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. § 363(f) (2010).

22.    L.A. Times seeks this Court's approval to sell the Zetabid Interest free and

clear of all existing liens, claims, and encumbrances that are not expressly assumed in the

Purchase Agreement.  L.A. Times is unaware of any secured claims with respect to the Zetabid

---

[6] Pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification on appeal of an authorization under sections 363(b) or 363(c) of the Bankruptcy Code does not affect the validity of a disposition under that authorization to an entity that has acted in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the relevant transaction were stayed pending the appeal.  See 11 U.S.C. § 363(m).

[7] Section 363(n) of the Bankruptcy Code provides:
> The trustee may avoid a sale under this section if the sale process was controlled by an agreement among the potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount.  In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection.

11 U.S.C. § 363(n) (2010).

Interest. Accordingly, a sale free and clear will not prejudice any of Zetabid's creditors.

Furthermore, L.A. Times requests that any existing liens, claims and encumbrances (if any) that

might be found to exist attach by means of the order approving this motion to the net proceeds of

the transaction in the order of their priority, with the same validity, force and effect which they

now have against the Zetabid Interest. Accordingly, L.A. Times may dispose of the Zetabid

Interest, free and clear of all liens, claims, and encumbrances pursuant to section 363(f) of the

Bankruptcy Code.

**C.**    **Provisions That May Implicate Local Rule 6004-1**

        23.    Local Rule 6004-1 requires, among other things, that certain provisions

contained in sale motions and sale orders be highlighted. L.A. Times believes certain provisions

of this Motion implicate Local Rule 6004-1 and that such provisions are necessary in the context

and circumstances of this case:

    (i)    <u>Copy of Asset Purchase Agreement</u>: A copy of the Purchase Agreement is attached hereto as <u>Exhibit A</u>.

    (ii)    <u>Proposed Sale Order</u>: A form of the proposed order approving this Motion has been filed contemporaneously herewith.

    (iii)    <u>Other Relevant Provisions:</u>

        a.    <u>Sale to an Insider</u>: L.A. Times as seller owns 66.67% of the membership interests in Zetabid. Following the closing of the transaction, L.A. Times will own 0% of the membership interests.

        b.    <u>Agreements with Management</u>: No agreements with management have been entered into in connection with the sale of L.A. Times' Zetabid Interest.

        c.    <u>Releases</u>: The Parties will each grant certain mutual, customary releases.

        d.    <u>Private Sale/No Competitive Bidding</u>: The Sale is a private sale with no competitive bidding. Nonetheless, L.A. Times believes the consideration to be paid under the Purchase Agreement and Written Consent is fair and reasonable, supported by a sound business purpose.

        e.    <u>Closing and Other Deadlines</u>: The Purchase Agreement and Written Consent will become effective upon entry of the order submitted herewith.

f.  <u>Good Faith Deposit</u>:  N/A

g.  <u>Use of Proceeds</u>:  The proceeds will become part of the general funds of L.A. Times' estate.

h.  <u>Sale of Avoidance Actions</u>: None.

i.  <u>Relief From Bankruptcy Rule 6004(h)</u>:  The Debtors are requesting relief from the fourteen day stay imposed by Rule 6004(h) (<u>see</u> ¶ 12 <u>supra</u>).

## **NOTICE**

24.    Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel to the administrative agent for the Debtors' postpetition loan facility; (v) counsel to Catalist; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, L.A. Times believes no other or further notice is necessary.

## **NO PRIOR REQUEST**

25.    L.A. Times has not sought the relief requested herein from this or any other Court.

46429/0001-6363285v1

WHEREFORE, L.A. Times respectfully requests that the Court enter an order (i) authorizing the Company to sell its Zetabid Interest pursuant to the terms described in the Purchase Agreement, (ii) authorizing L.A. Times to enter into and perform its obligations under the Purchase Agreement and any related agreements, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       March 2, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Alison L. Triggs
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION