# EXHIBIT B

# PAYOUT AND TERMINATION AGREEMENT

## PAYOUT AND TERMINATION AGREEMENT

This Payout and Termination Agreement (this "Agreement"), dated as of March 1, 2010 is among TRIBUNE RECEIVABLES, LLC, as Borrower (the "Borrower"), TRIBUNE COMPANY, as Servicer (in such capacity, the "Servicer") and as Parent (the "Parent"), the subsidiaries of Parent party hereto, BARCLAYS BANK PLC, as the administrative agent (in such capacity, the "Administrative Agent"). Capitalized terms that are used in this Agreement without definition, and that are defined in the RLA referred to below, shall have the meanings set forth in (or by reference in) the RLA.

## W I T N E S S E T H

WHEREAS, Borrower, Servicer, the Lenders, and the Administrative Agent are parties to that certain Receivables Loan Agreement, dated as of July 1, 2008 (as heretofore amended, the "RLA");

WHEREAS, Parent, the Servicer, the Sub-Originators and the Borrower are parties to that certain Receivables Purchase Agreement, dated as of July 1, 2008 (as heretofore amended, the "RPA"); and

WHEREAS, the Borrower desires that the Loans and all other amounts payable to the Lenders and the Administrative Agent be paid in full and that the RLA and the other Transaction Documents (excluding this Agreement and the Letter of Credit) be terminated;

NOW THEREFORE, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

1. Payout Amount. Reference is made to the notice, dated February 25, 2010 (the "Notice") given by the Borrower to the Agent in respect of the reduction of the Revolving Commitments to zero. Upon payment in full in immediately available funds to the Administrative Agent of $12,500.00 (the "Payout Amount") in accordance with the wire instructions set forth on Schedule I, the Administrative Agent acknowledges (on behalf of itself and the other Lenders) that: (a) the Loans shall have been paid in full, (b) notwithstanding any provision contained therein, the Facility Termination Date shall have occurred as of February 26, 2010 and the RLA and the other Transaction Documents (excluding this Agreement, the Guaranty, the Letter of Credit Agreement and any letter of credit issued pursuant thereto) shall be deemed to have been terminated as of February 26, 2010, (c) the Servicer shall not be required to satisfy the reporting requirements set forth in Section 2.3 of the Servicing Agreement as of the date that the Administrative Agent shall have received the Payout Amount and (d) the security interest of the Administrative Agent the in the Collateral described in Section 2.1 of the Security Agreement shall be deemed to have been released; provided that any term or provision of the RLA (or any other Transaction Document) that by its terms survives termination shall not be affected by this sentence.

3. Further Assurances. After the Administrative Agent has received (a) payment in full in immediately available funds of the Payout Amount in accordance with the instructions set forth on Schedule I hereto, and (b) signature pages signed by all of the other parties hereto, the Administrative Agent shall be deemed to have authorized the filing of UCC termination statements with respect to all UCC financing statements filed in connection with the RLA and the filing of UCC amendments or assignments with respect to all UCC financing statements filed

in connection with the RPA, and the Administrative Agent shall execute any documents for the termination of the Account Control Agreements and the Backup Servicing Agreement, reasonably acceptable to the Administrative Agent.

4. <u>Guaranty Claims and Bankruptcy Orders</u>. Reference is made to the Final Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and for Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter into a Letter of Credit Facility, (3) Modifying the Automatic Stay and (4) Granting Other Related Relief entered by the Bankruptcy Court on January 15, 2009 (the "Final Financing Order") [Docket No. 233] and the Order (A) Approving Amendments to Securitization Facility and Letter of Credit Facility and (B) Modifying the Final Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and for Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter into a Letter of Credit Facility, (3) Modifying the Automatic Stay and (4) Granting Other Related Relief entered by the Bankruptcy Court on April 8, 2009 [Docket No. 878] (the "Financing Orders"). The interest of the Administrative Agent and the Lenders in the Collateral (as defined in the Guaranty Security Agreement) described in Section 2 of the Guaranty Security Agreement and in the RLA Collateral (as defined in the Financing Orders) shall be released by this Agreement and shall have no further force and effect. Nothing herein is intended to modify or release any lien or interests of the Administrative Agent and the Lenders in the LC Cash Collateral (as defined in the Financing Orders) which shall continue in full force and effect. The Guaranty shall remain in effect with respect to any Transaction Party Obligations arising from such term or provision, notwithstanding the occurrence of the Final Payout Date, provided, however, that the Tribune and the Guarantors shall not be precluded from granting claims with priority equal or senior in priority to the Guaranty and other Superpriority Claims (as defined in the Financing Orders) in connection with any subsequent financing, lease, sale or similar transaction to the extent, upon notice and a motion, such claims are approved by the Bankruptcy Court; it being understood that the Administrative Agent and the Lenders reserve all rights with respect thereto.

5. <u>Costs and Expenses</u>. The Originators, the Guarantors, the Borrower and the Servicer, jointly and severally, agree to pay the reasonable costs and expenses (including, without limitation, attorneys' fees) incurred by the Lenders and the Administrative Agent in connection with the preparation, negotiation, execution and delivery of this Agreement and documents in the transactions contemplated hereby.

6. <u>Waivers and Amendments</u>. This Agreement shall not be waived, amended or otherwise modified except in writing, duly executed by all of the parties hereto.

7. <u>Section Captions</u>. Section captions used in this Agreement are for purposes of convenience and reference only and shall not affect the interpretation or construction of this Agreement.

8. <u>Governing Law; Submission to Jurisdiction; Appointment of Process Agent; Waiver of Jury Trial</u>.

(a) THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HERETO SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE

WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK, EXCEPT TO THE EXTENT GOVERNED BY THE BANKRUPTCY CODE.

(b)  EACH PARTY HERETO HEREBY IRREVOCABLY SUBMITS TO THE NON-EXCLUSIVE JURISDICTION OF ANY NEW YORK STATE OR FEDERAL COURT SITTING IN NEW YORK CITY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE TRANSACTION DOCUMENTS, AND EACH PARTY HERETO HEREBY IRREVOCABLY AGREES THAT ALL CLAIMS IN RESPECT OF SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN SUCH NEW YORK STATE COURT OR, TO THE EXTENT PERMITTED BY LAW, IN SUCH FEDERAL COURT.

(c)  THE PARTIES HERETO HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT THEY MAY EFFECTIVELY DO SO, THE DEFENSE OF INCONVENIENT FORUM TO THE MAINTENANCE OF SUCH ACTION OR PROCEEDING. THE PARTIES HERETO AGREE THAT A FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.

(d)  EACH OF THE PARTIES HERETO CONSENTS TO THE SERVICE OF ANY AND ALL PROCESS IN ANY SUCH ACTION OR PROCEEDING BY THE MAILING OF COPIES OF SUCH PROCESS TO IT AT ITS ADDRESS SPECIFIED HEREIN. NOTHING IN THIS CLAUSE 8(d) SHALL AFFECT THE RIGHT OF ANY PARTY TO SERVE LEGAL PROCESS IN ANY MANNER PERMITTED BY LAW.

(e)  THE SUBMISSION TO THE JURISDICTION OF THE COURTS REFERRED TO IN CLAUSE 8(b) SHALL NOT (AND SHALL NOT BE CONSTRUED SO AS TO) LIMIT THE RIGHT OF ANY PARTY TO TAKE PROCEEDINGS AGAINST ANY OTHER PARTY OR ANY OF ITS RESPECTIVE PROPERTY IN ANY OTHER COURT OF COMPETENT JURISDICTION NOR SHALL THE TAKING OF PROCEEDINGS IN ANY OTHER JURISDICTION PRECLUDE THE TAKING OF PROCEEDINGS IN ANY OTHER JURISDICTION, WHETHER CONCURRENTLY OR NOT.

(f)  EACH PARTY HERETO HEREBY WAIVES, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, TRIAL BY JURY IN ANY JUDICIAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER (WHETHER SOUNDING IN TORT, CONTRACT OR OTHERWISE) IN ANY WAY ARISING OUT OF, RELATED TO, OR CONNECTED WITH THIS AGREEMENT OR ANY OTHER TRANSACTION DOCUMENT.

9.  Successors and Assigns.  This Agreement shall be binding on the parties hereto and their respective successors and assigns; provided, however, that none of the Borrower, the Originators, the Guarantors or the Servicer may assign any of its rights or delegate any of its duties hereunder without the prior written consent of the Administrative Agent.

10.  Counterparts.  This Agreement may be executed by the parties hereto on different and separate counterparts, all of which when taken together shall constitute the same agreement.

11.  Survival.  Notwithstanding anything to the contrary contained in this Agreement, any indemnification, reimbursement, reinstatement and similar provision for the benefit of any Indemnified Party (and which are obligations of any party to the Transaction Documents) contained in the RLA or any other Transaction Document that by its terms survives termination

of the RLA or applicable Transaction Document shall not be affected by the execution, delivery and effectiveness of this Agreement.

**[Signatures Follow]**

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first written above.

TRIBUNE RECEIVABLES, LLC,
as Borrower

By: *[signature]*
Name: Jack Rodden
Title: VP

TRIBUNE COMPANY

By: *[signature]*
Name: Chandler Bigelow
Title: SVP/CFO

CHICAGOLAND TELEVISION NEWS, INC.
TRIBUNE BROADCAST HOLDINGS, INC.
TRIBUNE INTERACTIVE, INC.
TRIBUNE TELEVISION HOLDINGS, INC.
WGN CONTINENTAL BROADCASTING COMPANY
WPIX, INC.
TRIBUNE TELEVISION NEW ORLEANS, INC.
KSWB INC.
KTLA INC.
KIAH INC.
TOWER DISTRIBUTION COMPANY
TRIBUNE TELEVISION NORTHWEST, INC.
TRIBUNE TELEVISION COMPANY
CHANNEL 40, INC.
CHANNEL 39, INC.
LOS ANGELES TIMES COMMUNICATIONS LLC
WDCW BROADCASTING, INC.
ORLANDO SENTINEL COMMUNICATIONS COMPANY
SUN-SENTINEL COMPANY
GOLD COAST PUBLICATIONS, INC.
FORUM PUBLISHING GROUP, INC.
THE DAILY PRESS, INC.
CHICAGO TRIBUNE COMPANY
THE BALTIMORE SUN COMPANY
THE HARTFORD COURANT COMPANY
THE MORNING CALL, INC.
as Sub-Originators and as Guarantors

By: */s/ Chandler Bigelow III*
Name: Chandler Bigelow III
Title: Assistant Treasurer


TRIBUNE PUBLISHING COMPANY
INSERTCO, INC.
as Guarantors
By: */s/ Chandler Bigelow III*
Name: Chandler Bigelow III
Title: Treasurer

TMLS I, INC.
SOUTHERN CONNECTICUT NEWSPAPERS, INC.
as Guarantors
By: _____
Name: Chandler Bigelow III
Title: President and Assistant Treasurer

TIMES MIRROR LAND AND TIMBER COMPANY
as a Guarantor

By: _____
Name: Chandler Bigelow III
Title: President and Assistant Treasurer

SHEPARD'S INC.
TIMES MIRROR SERVICES COMPANY, INC.
CANDLE HOLDINGS CORPORATION
DISTRIBUTION SYSTEMS OF AMERICA, INC.
EAGLE NEW MEDIA INVESTMENTS, LLC
EAGLE PUBLISHING INVESTMENTS, LLC
FORTIFY HOLDINGS CORPORATION
GREENCO, INC.
JULIUSAIR COMPANY, LLC
JULIUSAIR COMPANY II, LLC
STAR COMMUNITY PUBLISHING GROUP, LLC
NBBF, LLC
TIMES MIRROR PAYROLL PROCESSING COMPANY, INC.
TRIBUNE FINANCE, LLC
TRIBUNE FINANCE SERVICE CENTER, INC.
TRIBUNE LICENSE, INC.
TRIBUNE LOS ANGELES, INC.
TRIBUNE MANHATTAN NEWSPAPER HOLDINGS, INC.
TRIBUNE NEW YORK NEWSPAPER HOLDINGS, LLC
TRIBUNE NM, INC.
PUBLISHERS FOREST PRODUCTS CO. OF WASHINGTON
SIGNS OF DISTINCTION, INC.
TRIBUNE BROADCASTING HOLDCO, LLC
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: President and Treasurer

FORSALEBYOWNER.COM REFERRAL SERVICES, LLC
INTERNET FORECLOSURE SERVICE, INC.
435 PRODUCTION COMPANY
5800 SUNSET PRODUCTIONS INC.
BALTIMORE NEWSPAPER NETWORKS, INC.
CALIFORNIA COMMUNITY NEWS CORPORATION
CHANNEL 20, INC.
CHICAGO AVENUE CONSTRUCTION COMPANY
CHICAGO RIVER PRODUCTION COMPANY
as Guarantors

By: *[signature]*
Name: Chandler Bigelow III
Title: Assistant Treasurer

CHICAGO TRIBUNE NEWSPAPERS, INC.
CHICAGO TRIBUNE PRESS SERVICE, INC.
CHICAGOLAND MICROWAVE LICENSEE, INC.
CHICAGOLAND PUBLISHING COMPANY
COURANT SPECIALTY PRODUCTS, INC.
DIRECT MAIL ASSOCIATES, INC.
FORSALEBYOWNER.COM CORP.
HEART & CROWN ADVERTISING, INC.
HOMEOWNERS REALTY, INC.
HOMESTEAD PUBLISHING CO.
HOY, LLC
HOY PUBLICATIONS, LLC
KPLR, INC.
KWGN INC.
LOS ANGELES TIMES INTERNATIONAL, LTD.
LOS ANGELES TIMES NEWSPAPERS, INC.
MAGIC T MUSIC PUBLISHING COMPANY
NEOCOMM, INC.
NEW MASS. MEDIA, INC.
NEWSCOM SERVICES, INC.
NEWSPAPER READERS AGENCY, INC.
NORTH MICHIGAN PRODUCTION COMPANY
NORTH ORANGE AVENUE PROPERTIES, INC.
OAK BROOK PRODUCTIONS, INC.
PATUXENT PUBLISHING COMPANY
SENTINEL COMMUNICATIONS NEWS VENTURES, INC.
STEMWEB, INC.
THE OTHER COMPANY LLC
TMLH 2, INC.
TMS ENTERTAINMENT GUIDES, INC.
TOWERING T MUSIC PUBLISHING COMPANY
TRIBUNE BROADCASTING COMPANY
TRIBUNE BROADCASTING NEWS NETWORK, INC.
TRIBUNE CALIFORNIA PROPERTIES, INC.
TRIBUNE DIRECT MARKETING, INC.
TRIBUNE ENTERTAINMENT COMPANY
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: Assistant Treasurer

TRIBUNE ENTERTAINMENT PRODUCTION COMPANY
TRIBUNE MEDIA NET, INC.
TRIBUNE MEDIA SERVICES, INC.
TRIBUNE NETWORK HOLDINGS COMPANY
VALUMAIL, INC.
VIRGINIA COMMUNITY SHOPPERS, LLC
VIRGINIA GAZETTE COMPANIES, LLC
WATL, LLC
WCWN LLC
WLVI INC
WTXX INC.
as Guarantors

By: _____
Name: Chandler Bigelow III
Title: Assistant Treasurer

BARCLAYS BANK PLC,
as Administrative Agent

By: _____
Name: *Cory Wiskengrad*
Title: *Manag...*

SCHEDULE I
TO
PAYOUT AND TERMINATION AGREEMENT

<u>Wire Transfer Instructions</u>

On the Calculation Date, wire transfer the aggregate amount of $12,500.00 to:

To:         Barclays Bank PLC
ABA #:      026002574
for credit to:   Clad Control Account
Account No.   050 01910 4
Ref:        Tribune Receivables
Attn:       Agency Desk