## EXHIBIT C

## AMENDMENT NO. 3 TO

## LETTER OF CREDIT AGREEMENT

*[EXECUTION VERSION]*

AMENDMENT NO. 3 TO LETTER OF CREDIT AGREEMENT

AMENDMENT NO. 3, dated as of March [●], 2010 (this "Amendment"), to the Letter of Credit Agreement, as defined in the recitals below, among TRIBUNE COMPANY, a Delaware Corporation (the "Company"), the Subsidiaries of the Company signatory hereto (the "Debtor Subsidiaries"), the Lenders (as so defined in the Letter of Credit Agreement) that are parties hereto and BARCLAYS BANK PLC, as Post-Petition Agent and as Issuing Bank (in such capacities, respectively, the "Post-Petition Agent" and the "Issuing Bank").

WITNESSETH:

WHEREAS, the Company, the Debtor Subsidiaries, the Lenders, the Post-Petition Agent and the Issuing Bank are parties to the Post-Petition Letter of Credit Agreement, dated as of December 8, 2008 (as amended by Amendment No. 1 to Letter of Credit Agreement, dated as of March 6, 2009 and Amendment No. 2 to Letter of Credit Agreement, dated as of April 6, 2009, the "Letter of Credit Agreement"); and

WHEREAS, the Company, the Debtor Subsidiaries, the Lenders party hereto, the Post-Petition Agent and the Issuing Bank wish to amend the Letter of Credit Agreement pursuant to Section 11.1 thereof as set forth herein.

NOW, THEREFORE, the parties hereto hereby covenant and agree as follows:

ARTICLE I
DEFINITIONS

SECTION 1.1. Certain Definitions. The following terms when used in this Amendment shall have the following meanings (such meanings to be equally applicable to the singular and plural forms thereof):

"Amendment" is defined in the preamble.

"Company" is defined in the preamble.

"Issuing Bank" is defined in the preamble.

"Letter of Credit Agreement" is defined in the first recital.

"Post-Petition Agent" is defined in the preamble.

SECTION 1.2. Other Definitions. Capitalized terms for which meanings are provided in the Letter of Credit Agreement (as amended hereby) are, unless otherwise defined herein, used in this Amendment with such meanings.

ARTICLE II
AMENDMENTS TO LETTER OF CREDIT AGREEMENT

Subject to the satisfaction of the applicable conditions set forth in Article III, the provisions of the Letter of Credit Agreement referred to below are hereby amended in accordance with this Article II.

SECTION 2.1.  The Letter of Credit Agreement is hereby amended as follows:

SECTION 2.1.1.  Section 1.1 of the Letter of Credit Agreement is hereby amended by inserting the following definitions in the appropriate alphabetical order:

"Amendment No. 3 to Letter of Credit Agreement means that certain Amendment No. 3 to this Agreement, dated as of March [●], 2010, among the Company, the Debtor Subsidiaries, the Lenders party hereto and Barclays, as Post-Petition Agent and Issuing Bank."

"Third Financing Order means an order of the Bankruptcy Court entered on a final basis, in form and substance satisfactory to the Post-Petition Agent, and after notice given and a hearing conducted in accordance with Bankruptcy Rule 4001(c), no later than April 9, 2010, (a) authorizing the amendments contemplated in Amendment No. 3 to Letter of Credit Agreement, (b) extending the existing modification of the automatic stay, inter alia, which order shall be in full force and effect and shall not have been stayed, reversed, vacated or otherwise modified without the prior written consent of the Required Lenders (subject to the proviso to Section 8.2.2)."

SECTION 2.1.2.  The following definitions set forth in Section 1.1 of the Letter of Credit Agreement are hereby amended and restated in their entirety as follows:

"Commitment Amount means $30,000,000."

"Financing Orders mean, collectively, the Interim Financing Order, the Final Financing Order, the Second Financing Order and the Third Financing Order."

"Termination Date means the earlier to occur of (a) April 10, 2011 or (b) such other date on which the Commitments terminate pursuant to Section 9."

SECTION 2.1.3.  The following definitions set forth in Section 1.1 of the Letter of Credit Agreement are hereby deleted in their entirety: "Budget", "Fiscal Quarter" and "Fiscal Year".

SECTION 2.1.4.  Section 4.2 of the Letter of Credit Agreement is hereby amended and restated as follows:

"4.2    Fee Letters.  The Company agrees to pay to Barclays for its own account the fees described in the fee letters dated as of April 6, 2009 and March [●], 2010 from Barclays to the Company, in the amounts and otherwise as set forth in said fee letters."

SECTION 2.1.5. Section 6.2 of the Letter of Credit Agreement is hereby amended to replace the references therein to "Second Financing Order" with "Third Financing Order".

SECTION 2.1.6. Section 7.1.1 and Section 7.1.2 of the Letter of Credit Agreement are hereby amended and restated as follows:

"7.1.1 <u>Monthly Operating Report</u>. Promptly when available, and in any event within 5 Business Days after filing with the Bankruptcy Court, a copy of the most recent monthly operating report of the Company and its Subsidiaries submitted to the Bankruptcy Court in form and detail substantially consistent with the monthly operating report of the Borrower and its Subsidiaries delivered to Barclays on February 4, 2010.

7.1.2 <u>Monthly Income Statement</u>. Promptly when available, and in any event within 30 days (or, in the case of the December calendar month, 60 days) after the end of each calendar month, a statement of income of the Borrower and its Subsidiaries in form and detail substantially consistent with the monthly income statement of the Borrower and its Subsidiaries delivered to Barclays on February 25, 2010."

SECTION 2.1.7. Section 7.1.5 of the Letter of Credit Agreement is hereby amended by deleting (i) the phrase "(which in the case of Budgets shall be not later than 1:00 p.m., New York time on every Friday)" now appearing therein and (ii) the phrase ", Budgets" now appearing therein.

SECTION 2.1.8. Section 7 of the Letter of Credit Agreement is hereby amended by deleting Section 7.6 in its entirety.

SECTION 2.1.9. Section 8.2.2 of the Letter of Credit Agreement is hereby amended and restated in its entirety as follows:

"8.2.2 <u>Orders</u>. The Second Financing Order and the Third Financing Order shall be in full force and effect and shall not have been vacated, stayed, reversed, modified or amended; <u>provided</u> that the Required Lenders may approve any amendment or modification to the Financing Orders (except that any amendment or modification to any Financing Order that would have the effect of revising provisions contained herein that require the consent of all of the Lenders pursuant to <u>Section 11.1</u> hereof will require the consent of all of the Lenders)."

SECTION 2.1.10. Section 8.2.3 of the Letter of Credit Agreement is hereby amended to replace the reference therein to "Second Financing Order" with "Second Financing Order and Third Financing Order".

SECTION 2.1.11. Section 9.1.8 of the Letter of Credit Agreement is hereby amended and restated in its entirety as follows:

"9.1.8 <u>Second Financing Order and Third Financing Order</u>. The Second Financing Order shall not have been entered by the Bankruptcy Court on or before April 10, 2009; or from and after the date of entry thereof, the Second Financing Order shall cease to be in full force and effect (or shall have been vacated, stayed, reversed, modified

or amended), in each case without the consent of the Required Lenders; or from and after the date of entry of the Third Financing Order, the Third Financing Order shall cease to be in full force and effect (or shall have been vacated, stayed, reversed, modified or amended), in each case without the consent of the Required Lenders"

SECTION 2.1.12. Section 9 of the Letter of Credit Agreement is hereby amended by deleting Section 9.1.17 in its entirety.

SECTION 2.1.13. Schedule 2.1 of the Letter of Credit Agreement is hereby amended by deleting all references to the amount of "$50,000,000" and replacing such amount with the amount of "$30,000,000".

ARTICLE III
CONDITIONS TO EFFECTIVENESS

SECTION 3.1. The amendments set forth in Article II shall become effective on the date when the conditions set forth in this Article III have been completed to the satisfaction of the Post-Petition Agent.

SECTION 3.1.1. The Post-Petition Agent shall have received counterparts hereof executed on behalf of the Company, the Debtor Subsidiaries, each Lender, the Post-Petition Agent and the Issuing Bank.

SECTION 3.1.2. Barclays and the Company shall have entered into a fee letter (the "Fee Letter"), dated on or about March [●], 2010.

SECTION 3.1.3. Barclays shall have received for its own account the fees described in the Fee Letter.

SECTION 3.1.4. The Third Financing Order shall have been entered by the Bankruptcy Court.

ARTICLE IV
RETENTION OF RIGHTS, ETC.

SECTION 4.1. Retention of Rights. Neither the execution, delivery nor effectiveness of this Amendment shall operate as a waiver of any present or future Event of Default or Unmatured Event of Default. As provided in Section 11.1 of the Letter of Credit Agreement, no failure on the part of any Lender or any Agent to exercise, and no delay in exercising, any right under the Letter of Credit Agreement shall operate as a waiver thereof; nor shall any single or partial exercise of any such right preclude any other or further exercise thereof or the exercise of any other right.

SECTION 4.2. Full Force and Effect; Limited Waiver. Except as expressly amended hereby, all of the representations, warranties, terms, covenants, conditions and other provisions of the Letter of Credit Agreement shall remain unchanged and shall continue to be, and shall remain, in full force and effect in accordance with their respective terms. The amendments set

forth herein shall be limited precisely as provided for herein to the provision expressly amended herein and shall not be deemed to be amendments to, waivers of, consents to or modifications of any other term or provision of the Letter of Credit Agreement or of any transaction or further or future action on the part of the Company which would require the consent of the Lenders under the Letter of Credit Agreement.

SECTION 4.3. Liens Unimpaired. After giving effect to this Amendment, neither the modification of the Letter of Credit Agreement effected pursuant to this Amendment nor the execution, delivery, performance or effectiveness of this Amendment will impair the validity, effectiveness or priority of the Liens granted pursuant to the Letter of Credit Agreement, and such Liens will continue unimpaired with the same priority to secure repayment of all Obligations, whether heretofore or hereafter incurred.

ARTICLE V

MISCELLANEOUS

SECTION 5.1. Representations and Warranties. The Company represents and warrants the following:

(a) after giving effect to this Amendment, no Event of Default or Unmatured Event of Default is continuing; and

(b) each representation and warranty contained in Section 6 of the Letter of Credit Agreement is correct on and as of the date hereof (or, if stated to have been made as of an earlier date, was true and correct as of such earlier date).

SECTION 5.2. Provision of Letter of Credit Agreement. This Amendment shall (unless otherwise expressly indicated herein) be construed, administered and applied in accordance with all of the terms and provisions of the Letter of Credit Agreement, including Section 1.2 thereof. For the avoidance of doubt, the parties hereto hereby acknowledge that the Amended and Restated RLA and the RLA have been terminated pursuant to their terms and references thereto remaining in the Letter of Credit Agreement are preserved for historical reference only.

SECTION 5.3. Successors and Assigns. This Amendment shall be binding upon and inure to the benefit of the parties hereto and to the Letter of Credit Agreement and their respective successors and permitted assigns.

SECTION 5.4. Execution in Counterparts. This Amendment may be executed by the parties hereto in several counterparts, each of which shall be an original and all of which shall constitute together but one and the same agreement.

SECTION 5.5. Governing Law. THIS AMENDMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK (NOT INCLUDING SUCH STATE'S CONFLICT OF LAWS PROVISIONS OTHER THAN SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW).

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Amendment as of the date first above written.

**TRIBUNE COMPANY**

By:_____
Name:
Title:

**BARCLAYS BANK PLC**, as Post-Petition Agent, as Issuing Bank and as a Lender

By:_____
Name: Diane Rolfe
Title: Director

**TRIBUNE PUBLISHING COMPANY**
as Debtor Subsidiary


By:_____
Name:
Title:


**TMLS I, INC.**
**SOUTHERN CONNECTICUT NEWSPAPERS, INC.**
as Debtor Subsidiaries


By:_____
Name:
Title:


**TIMES MIRROR LAND AND TIMBER COMPANY**
as Debtor Subsidiary


By:_____
Name:
Title:


**INSERTCO, INC.**
as Debtor Subsidiary


By:_____
Name:
Title:

SHEPARD'S INC.
TIMES MIRROR SERVICES COMPANY, INC.
CANDLE HOLDINGS CORPORATION
DISTRIBUTION SYSTEMS OF AMERICA, INC.
EAGLE NEW MEDIA INVESTMENTS, LLC
EAGLE PUBLISHING INVESTMENTS, LLC
FORTIFY HOLDINGS CORPORATION
GREENCO, INC.
JULIUSAIR COMPANY LLC
JULIUSAIR COMPANY II, LLC
STAR COMMUNITY PUBLISHING GROUP, LLC
NBBF, LLC
TIMES MIRROR PAYROLL PROCESSING
COMPANY, INC.
TRIBUNE FINANCE, LLC
TRIBUNE FINANCE SERVICE CENTER, INC.
TRIBUNE LICENSE, INC.
TRIBUNE LOS ANGELES, INC.
TRIBUNE MANHATTAN NEWSPAPER
HOLDINGS, INC.
TRIBUNE NEW YORK NEWSPAPER HOLDINGS,
LLC
TRIBUNE NM, INC.
PUBLISHERS FOREST PRODUCTS CO. OF
WASHINGTON
SIGNS OF DISTINCTION, INC.
TRIBUNE BROADCASTING HOLDCO, LLC
as Debtor Subsidiaries

By:_____
Name:
Title:

FORSALEBYOWNER.COM REFERRAL SERVICES LLC
INTERNET FORECLOSURE SERVICE, INC.
CHICAGOLAND TELEVISION NEWS, INC.
TRIBUNE BROADCAST HOLDINGS, INC.
TRIBUNE TELEVISION HOLDINGS, INC.
WGN CONTINENTAL BROADCASTING COMPANY
WPIX, INC.
TRIBUNE TELEVISION NEW ORLEANS, INC.
KSWB INC.
KTLA INC.
TOWER DISTRIBUTION COMPANY
TRIBUNE TELEVISION NORTHWEST, INC.
TRIBUNE TELEVISION COMPANY
CHANNEL 40, INC.
CHANNEL 39, INC.
LOS ANGELES TIMES COMMUNICATIONS LLC
WDCW BROADCASTING, INC.
ORLANDO SENTINEL COMMUNICATIONS COMPANY
SUN-SENTINEL COMPANY
GOLD COAST PUBLICATIONS, INC.
FORUM PUBLISHING GROUP, INC.
THE DAILY PRESS, INC.
CHICAGO TRIBUNE COMPANY
THE BALTIMORE SUN COMPANY
THE HARTFORD COURANT COMPANY
THE MORNING CALL, INC.
435 PRODUCTION COMPANY
5800 SUNSET PRODUCTIONS INC.
BALTIMORE NEWSPAPER NETWORKS, INC.
CALIFORNIA COMMUNITY NEWS CORPORATION
CHANNEL 20, INC.
CHICAGO AVENUE CONSTRUCTION COMPANY
CHICAGO RIVER PRODUCTION COMPANY
as Debtor Subsidiaries

By:_____
Name:
Title:

CHICAGO TRIBUNE NEWSPAPERS, INC.
CHICAGO TRIBUNE PRESS SERVICE, INC.
CHICAGOLAND MICROWAVE LICENSEE, INC.
CHICAGOLAND PUBLISHING COMPANY
COURANT SPECIALTY PRODUCTS, INC.
DIRECT MAIL ASSOCIATES, INC.
FORSALEBYOWNER.COM CORP.
HEART & CROWN ADVERTISING, INC.
HOMEOWNERS REALTY, INC.
HOMESTEAD PUBLISHING CO.
HOY, LLC
HOY PUBLICATIONS, LLC
KIAH INC.
KPLR, INC.
KWGN INC.
LOS ANGELES TIMES INTERNATIONAL, LTD.
LOS ANGELES TIMES NEWSPAPERS, INC.
MAGIC T MUSIC PUBLISHING COMPANY
NEOCOMM, INC.
NEW MASS. MEDIA, INC.
NEWSCOM SERVICES, INC.
NEWSPAPER READERS AGENCY, INC.
NORTH MICHIGAN PRODUCTION COMPANY
NORTH ORANGE AVENUE PROPERTIES, INC.
OAK BROOK PRODUCTIONS, INC.
PATUXENT PUBLISHING COMPANY
SENTINEL COMMUNICATIONS NEWS VENTURES, INC.
STEMWEB, INC.
THE OTHER COMPANY LLC
TMLH 2, INC.
TMS ENTERTAINMENT GUIDES, INC.
TOWERING T MUSIC PUBLISHING COMPANY
TRIBUNE BROADCASTING COMPANY
TRIBUNE BROADCASTING NEWS NETWORK, INC.
TRIBUNE CALIFORNIA PROPERTIES, INC.
TRIBUNE DIRECT MARKETING, INC.
TRIBUNE ENTERTAINMENT COMPANY
as Debtor Subsidiaries

By:_____
Name:
Title:

        TRIBUNE ENTERTAINMENT PRODUCTION COMPANY
        TRIBUNE MEDIA NET, INC.
        TRIBUNE MEDIA SERVICES, INC.
        TRIBUNE NETWORK HOLDINGS COMPANY
        VALUMAIL, INC.
        VIRGINIA COMMUNITY SHOPPERS, LLC
        VIRGINIA GAZETTE COMPANIES, LLC
        WATL, LLC
        WCWN LLC
        WLVI INC.
        WTXX INC.
as Debtor Subsidiaries

By:_____
Name:
Title: