# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141-KJC |
| Debtors. | Jointly Administered<br>Hearing Date: March 23, 2010 at 1:00 p.m. ET<br>Objection Deadline: March 16, 2010 at 4:00 p.m. ET |

## JOINT MOTION OF THE DEBTORS AND BARCLAYS BANK PLC FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE UNDER SEAL FEE LETTER RELATED TO AMENDED LETTER OF CREDIT FACILITY

The above-captioned debtors and debtors in possession (together, the "Debtors") and Barclays Bank PLC ("Barclays" or "LC Agent," together with the Debtors, the "Movants") hereby move the Court (the "Motion") for entry of an order (the "Order"), in substantially the form attached hereto as Exhibit A, authorizing the Movants to file under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a/ Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 4505424v.3

seal the Fee Letter (as defined below). In support of this Motion, the Movants respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Section 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

3. On December 8, 2008, the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), except Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC, which filed on October 12, 2009 (each date, as applicable, the "Petition Date"). The Debtors' Chapter 11 Cases are jointly administered for procedural purposes only.

4. On December 10, 2008, this Court entered an order granting the Debtors and Barclays joint motion to file under seal certain fee letters relating to the initial securitization facility and letter of credit facility (Docket No. 62).

5. On December 18, 2008, the United States Trustee appointed the official committee of unsecured creditors (the "Committee").

2

6. On April 7, 2009, this Court entered an order granting the Debtors and Barclays joint motion to file under seal certain fee letters relating to the amended and restated securitization facility and amended letter of credit facility (Docket No. 870).

7. The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

## THE AMENDED AND RESTATED FACILITY

8. Contemporaneously with the filing of this Motion, the Debtors have sought authority to amend its letter of credit facility (the "Amended L/C Facility Motion").

9. The Amended L/C Facility Motion seeks authority for Tribune Company and the other Debtors to enter into an amended letter of credit agreement in the amount of up to $30,000,000 (the "Amended Letter of Credit Facility") to be provided by Barclays, as post-petition agent and issuing bank in such capacity, together with a syndicate of other financial institutions. The terms of the Amended Letter of Credit Facility are described in detail in the Amended L/C Facility Motion. The obligations under the Amended Letter of Credit Facility will be secured by cash collateral in an amount equal to 105% of the face amount of the letters of credit.

## THE FEE LETTER

10. In connection with the provision of the proposed amended letter of credit facility, Debtor Tribune Company has, as is customary, agreed to pay certain fees and expenses to Barclays pursuant to a certain separate, confidential, fee letter (the "Fee Letter").

11. Pursuant to Rule 4001(c) of the Bankruptcy Rules and Rule 4001-2 of the Local Rules, a debtor is generally required to disclose a summary of the essential terms of any proposed use of cash collateral and/or financing. Fees that Debtor Tribune Company pays in connection with the financing of its operations would not, typically, be something that Barclays, as a Lender, or any other lender similarly situated, would disclose to anyone. Given the totality of the circumstances, however, and recognizing that a certain degree of transparency and public scrutiny is a necessary part of the bankruptcy process, prior to the hearing on this Motion, the Movants thought it reasonable and appropriate to disclose the Fee Letter to the United States Trustee, which they have done. The Court has granted this relief twice before as relating to the same financing and letter of credit facility upon the Movants' request.

## RELIEF REQUESTED

12. Accordingly, the Debtors respectfully request entry of the Order, pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, authorizing the Movants to file the Fee Letter under seal.

## BASIS FOR RELIEF

13. Pursuant to Section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Fee Letter under seal. Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . .

Fed. R. Bankr. P. 9018.

15. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in Section 107(b) of the Bankruptcy Court, "the court is required to protect a requesting interested party and has no discretion to deny the application. Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) (hereinafter, "Orion"). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." See In re Global Crossing, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury."). Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under Section 107(b) of the Bankruptcy Code. Orion, 21 F.3d at 28 (stating that Section 17(b)(1) creates an exception to the general rule that court records are open to examination by the public and that under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

16. The Movants respectfully request that this Court permit the Fee Letter to be filed under seal pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules because of the harm that would ensue if the highly confidential information contained in the Fee Letter became public information. Moreover, the Movants submit that creditors will not be prejudiced by this Motion. For these reasons, the Debtors believe the relief requested in this Motion should be granted by the Court.

## NOTICE

17. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) the administrative agents for the Debtors' prepetition loan facilities; (vii) the administrative agent for the Debtors' post-petition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (iv) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Movants respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Movants to file under seal the Fee Letter; and (b) granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>March 2, 2010 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>Bryan Krakauer<br>James F. Conlan<br>Candice L. Kline<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: _/s/_____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS AND<br>DEBTORS IN POSSESSION |

MAYER BROWN LLP
Brian Trust
Frederick D. Hyman
Jeffrey G. Tougas
Amit Trehan
Barbara Yan
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

-and-

EDWARDS ANGELL PALMER & DODGE LLP
Stuart M. Brown (No. 4050)
919 North Market Street, 15th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-7770
Facsimile: (302) 777-7263

ATTORNEYS FOR BARCLAYS BANK PLC