**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------x
In re:                                              :   Chapter 11 Cases
                                                    :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,          :   (Jointly Administered)
                                                    :   **Re: Docket Nos. 2407, 3657, 3660 and 3669**
            Debtors.                           :   **Hearing: March 26, 2010 at 10:00 a.m.**
                                                    :   **Objection Deadline: March 19, 2010 at 4:00 p.m. (ET)**
---------------------------------------------x

**MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK FOR AN ORDER AUTHORIZING FILING OF UNREDACTED SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO TERMINATE DEBTOR AFFILIATES' UNDISCLOSED PAYMENT OF LBO LENDERS' FEES AND EXPENSES, FOR AN ACCOUNTING, AND FOR DISGORGEMENT OF PAST PAYMENTS AND CERTAIN EXHIBITS THERETO UNDER SEAL**

Law Debenture Trust Company of New York ("Law Debenture"), successor trustee under that certain Indenture, dated March 19, 1996, between Tribune Company ("Tribune" and with its subsidiaries the "Debtors") (successor to The Times Mirror Company) and Citibank, N.A., for the 6.61% Debentures due 2027 and the 7.25% Debentures due 2096 (as amended, the "Indenture"), as fiduciary for the interests of more than 18% of the Debtors' bondholders, by and through its undersigned counsel, hereby moves for entry of an order authorizing Law Debenture to file under seal the unredacted Supplemental Brief in Further Support of its Motion to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments (the "Supplemental Brief") and certain exhibits thereto, pursuant to 11 U.S.C. §§ 105 and 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedures and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. In support of this Motion, Law Debenture respectfully submits as follows and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion raises a core matter under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicate for the relief sought herein is found in 11 U.S.C. §§ 105(a) and 107 and Federal Rule of Bankruptcy Procedure 9018 and Local Rule 9018-1.

**BACKGROUND**

3.  On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.  On October 23, 2009, Law Debenture filed its Motion of Law Debenture Trust Company of New York to Terminate Debtor Affiliates' Undisclosed Payment of LBO Lenders' Fees and Expenses, for an Accounting, and for Disgorgement of Past Payments [Docket No. 2407] (the "Disgorgement Motion").

5.  On February 18, 2010, this Court issued a scheduling order for arguments and briefs to be submitted on the Disgorgement Motion (the "Scheduling Order") [Docket No. 3478].

6.  On December 15, 2009, the Court entered an Order that, among other things, established a document depository for the retention of documents and other information produced pursuant to discovery requests in these cases [Docket No. 2858] (the "Depository Order"). Due to the confidential nature of the information contained in many of the documents, the Depository Order expressly provides:

> No Depository Designee or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents", "Highly Confidential — Attorneys' Eyes Only", or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal.

Depository Order 11 f, at 4.  Law Debenture has been deemed a "Depository Designee" pursuant to the Depository Order. Accordingly, the Depository Order obligates Law Debenture to file under seal any document that contains such confidential information, such as the unredacted Supplemental Brief and certain of the exhibits thereto.  Specifically, Law Debenture Trust seeks to file, in addition to the unredacted Supplemental Brief, five (5) of the exhibits referenced therein under seal.[1]

## RELIEF REQUESTED

6. Accordingly, by this Motion, Law Debenture respectfully requests that the Court enter an order authorizing Law Debenture to file the unredacted Supplemental Brief and certain of the exhibits thereto under seal.

## BASIS FOR RELIEF

7. Section 107(b) of the Bankruptcy Code authorizes the Court to "protect an entity with respect to trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b).  Bankruptcy Rule 9018 then sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

---

[1] Law Debenture seeks to file the following exhibits under seal marked as follows: 5, 22, 23, 24 and 25.  The following exhibits are marked Not Confidential and are filed of record with the Supplemental Brief: 1, 2, 3, 4, 5 (parts filed under seal), 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22.

3

Fed. R. Bankr. P. 9018. For information covered under section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application."

8.  The Supplemental Brief and certain exhibits thereto contain quotations from and paraphrases information that one or more of the parties producing information have characterized under one of the descriptions set forth in Paragraph f of the Depository Order. Based on Law Debenture's obligation under the Depository Order, and in an effort to prevent disclosure of any confidential information contained therein, Law Debenture requests that the Court enter an accompanying order authorizing Law Debenture to file the unredacted Supplemental Brief and certain exhibits thereto under seal.

WHEREFORE, Law Debenture respectfully requests that the Court (i) enter an order authorizing it to file the unredacted Supplemental Brief and certain exhibits thereto under seal; and (ii) grant such other and further relief as is just and proper under the circumstances.

Dated:  Wilmington, Delaware
March 2, 2010

/s/ Garvan F. McDaniel
Garvan F. McDaniel (DE No. 4167)
Bifferato Gentilotti LLC
800 N. King St., Plaza Level
Wilmington, DE 19801
(302) 429-1900

– and –

David S. Rosner
Andrew K. Glenn
Sheron Korpus
Daniel A. Fliman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Co-Counsel for Law Debenture Trust Company of New York*

4