**EXHIBIT B**

**Excerpts of Transcript of January 27, 2010 Hearing**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|                         |   |                           |
|-------------------------|---|---------------------------|
| IN RE:                  | ) | Chapter 11                |
|                         | ) |                           |
| TRIBUNE COMPANY, et al.,| ) | Case No. 08-13141 (KJC)   |
|                         | ) |                           |
|                         | ) | Courtroom 5               |
|                         | ) | 824 Market Street         |
| _____Debtors._____ ) | Wilmington, Delaware |

January 27, 2010
10:04 a.m.

EXCERPT OF

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


For Debtors:                    Sidley Austin LLP
                                BY:  KEVIN P. LANTRY, ESQ.
                                BY:  JONATHAN LOTSOFF, ESQ.
                                One South Dearborn
                                Chicago, IL 60603
                                (213) 896-6022

                                Cole, Schotz, Meisel, Forman &
                                Leonard, PA
                                BY:  NORMAN PERNICK, ESQ.
                                1000 North West Street
                                Suite 1200
                                Wilmington, DE 19801
                                (302) 652-3131


ECRO:                           AL LUGANO

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664


Proceedings recorded by electronic sound recording; transcript
produced by transcription service

2

APPEARANCES:
(Continued)


For Washington Baltimore            Cross & Simon LLC
Newspaper Guild:                    BY:  CHRISTOPHER P. SIMON, ESQ.
                                   913 North Market Street
                                   11th Floor
                                   Wilmington, DE 19801
                                   (302) 777-4200



For The Creditors Committee:        Landis Rath & Cobb
                                   BY:  ADAM LANDIS, ESQ.
                                   919 Market Street Suite 1800
                                   P.O. Box 2087
                                   Wilmington, DE 19899
                                   (302) 467-4400

                                   Chadbourne & Park LLP
                                   BY:  DOUGLAS DEUTSCH, ESQ.
                                   30 Rockefeller Plaza
                                   New York, NY 10112
                                   (212) 408-5100



For U.S. Trustee:                  Office of the U.S. Trustee
                                   BY:  JOSEPH J. MCMAHON, ESQ.
                                   844 King Street, Suite 2207
                                   Lockbox 35
                                   Wilmington, DE 19801
                                   (302) 573-6491


For Great Banc:                    Womble Carlyle Sandridge & Rice
                                   BY:  THOMAS M. HORAN, ESQ.
                                   222 Delaware Avenue
                                   Wilmington, DE 19801
                                   (302) 252-4320


For JP Morgan Chase:               Richards Layton & Finger
                                   BY:  DREW G. SLOAN, ESQ.
                                   One Rodney King Square
                                   920 North King Street
                                   Wilmington, DE 19801
                                   (302) 651-7612

1   submit an order that as well.

2          THE COURT:  Very well.  All right, let's address the

3   MIP Motion.  Give me a moment to pull myself together here.

4          (Pause in proceedings)

5          THE COURT:  All right.  At the conclusion of the

6   September 25th hearing, on the debtors' motion to -- for

7   authority to implement a three-part 2009 plan and to pay 2008

8   management incentive plan awards, I asked the debtor whether it

9   would be willing to have the Court consider the various parts

10  separately or whether it was the debtors' position it should

11  rise or fall together.

12         The debtor followed with a letter telling me that

13  they wanted to -- the Court to consider the whole and not to

14  rule on its various parts.  And as the Guild's attorney pointed

15  out in a September 29th letter, the debtors' letter that had

16  been sent to me, which is a September 28th letter, did indeed

17  inappropriately take the opportunity to order -- to offer

18  further argument.  But be that as it may, I took the debtor at

19  its word and took under advisement all three parts.

20         I have not ruled so far because I had intended to

21  write an opinion resolving the dispute, but due to the press of

22  business I have not yet been able to reach it.  Recently, as

23  the parties now know, the debtors changed their mind and said

24  the Court -- well, and asked the Court to consider the separate

25  components.  In the order that I entered setting the matter for

1  today, I indicated it was not necessary for parties to re-file

2  any objections to the -- what's called the transition MIP or

3  the KOB components of the 2009 Plan.

4          The parties who I'll call the two remaining

5  objectors, that is the Washington Baltimore Newspaper Guild and

6  the U.S. Trustee filed supplemental papers indicating that they

7  still objected to authorization to pay bonuses under the --

8  just the MIP component of the 2009 incentive plan.  I will tell

9  you, and some may have surmised from the question I asked at

10  the conclusion of the September 25th hearing, I was prepared

11  then to approve the MIP component based upon the record that

12  had been made.  I guess it's a good thing for management that

13  the debtor has changed its mind.  And I frankly suggest, and

14  I'll read a more detailed ruling in a moment, that it consider

15  taking the remaining two components and incorporating them into

16  a Chapter 11 Plan.  And I'm assuming that the debtor is getting

17  closer to having arrived at one, but I don't know that.  In any

18  event, until advised otherwise, the other two components will

19  remain in the queue for ruling and I cannot tell you when that

20  ruling will be issued.

21          But before I continue, let me ask if anyone wishes

22  to be heard?  I hear no response.

23          Debtors filed a motion for authority to pay 2008 MIP

24  awards.  These were previously approved by prior order after

25  the hearing without objection.  The remaining request for

1   to the 2008 and prior plans, with the evidence showed,

2   appropriate adjustments to fit the change in the circumstances,

3   that it meets the 363 Ordinary Course standard.  Alternatively,

4   the evidence demonstrates that the debtor has also met the

5   503(c)(3) standard, a heightened business judgment standard,

6   and I conclude that the relief requested is justified by the

7   facts and circumstance of the case.  Neither 503(c)(1), which

8   relates to primarily retention-based bonus programs, or

9   503(c)(2) regarding severance, are applicable here.  The

10  objections are overruled and I'll ask the parties confer and

11  submit an order under certification.

12          Are there any questions?

13          MR. PERNICK:  No, Your Honor.

14          THE COURT:  Is there anything further for today?

15          MR. PERNICK:  No, Your Honor, not from the debtors.

16          THE COURT:  Thank you, all.  That concludes this

17  hearing.  Court will stand in recess.

18          MR. PERNICK:  Thank you, Your Honor.

19      (Whereupon at 10:30 a.m., the hearing was adjourned)

20

21

22

23

24

25

1                          CERTIFICATION

2            I  certify  that  the  foregoing  is  a  correct

3    transcript  from  the  electronic  sound  recording  of  the

4    proceedings in the above-entitled matter.

5

6

7    _____        February 1, 2010

8    Stephanie McMeel

9    AAERT Cert. No. 452

10   Certified Court Transcriptionist

11