## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                          :    Chapter 11
:    Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                         :    (Jointly Administered)
:
Debtors.                     :
:    **Proposed Hearing Date: April 13, 2010 at 10:00 a.m.**
.    **Objection Deadline: March 24, 2010 at 4:00 p.m.**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MOTION OF JPMORGAN CHASE BANK, N.A. FOR ENTRY
## OF AN ORDER AUTHORIZING FILING OF THE MOTION FOR SANCTIONS
## AGAINST WILMINGTON TRUST COMPANY UNDER SEAL

JPMorgan Chase Bank, N.A. ("JPMorgan"), by and through its undersigned

counsel, hereby moves (the "Motion") for entry of an order authorizing JPMorgan to file

under seal its Motion for Sanctions Against Wilmington Trust Company for Improper

Disclosure of Confidential Information in Violation of Court Order (the "Sanctions

Motion") pursuant to 11 U.S.C. §§ 105(a) and 107, Rule 9018 of the Federal Rules of

Bankruptcy Procedure, and Rule 9018-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This Motion raises a core matter under 28 U.S.C. § 157(b)(2).  Venue of these

cases and of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are found in 11 U.S.C.

§§ 105(a) and 107, Federal Rule of Bankruptcy Procedure 9018, and Local Rule 9018-1.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), Debtor Tribune Company

("Tribune") and its Chapter 11 affiliates (collectively "Debtors") filed voluntary petitions

for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate

their businesses and manage their properties as debtors-in-possession pursuant to sections

1107 and 1108 of the Bankruptcy Code.

4.      On December 15, 2009, the Court entered an Order that, among other

things, established a document depository for the retention of documents and other

information produced pursuant to discovery requests in these cases (the "Depository

Order") [Docket No. 2858].  Due to the confidential nature of the information contained

in many of the documents, the Depository Order expressly provides:

> No Depository Designee or its Designated Representative may use
> Discovery Documents or Depository Information stamped or otherwise
> designated as "Financial Institution Highly Confidential Documents",
> "Highly Confidential – Attorneys' Eyes Only", or "Confidential" in a
> court filing in these chapter 11 cases unless such documents are filed
> under seal.

(Depository Order ¶ f, at 4.)  Accordingly, the Depository Order obligates Depository

Designees to file under seal any document that contains such confidential information.

5.      On January 11, 2010, Wilmington Trust Company, through its counsel

Brown Rudnick LLP, executed the Acknowledgment of the Depository Order thereby

agreeing to file information designated confidential by the producing parties under seal

and agreeing that "irreparable damage would occur to the Producing Party if any of the

provisions of this Acknowledgment were not performed in accordance with their specific

terms or were otherwise breached . . . ."  (Acknowledgment ¶ 16.)

2

6.      As described in the Sanctions Motion, Wilmington Trust Company

publicly revealed confidential information in violation of this Court's Depository Order

as well as Federal Rule of Civil Procedure 37.

### RELIEF REQUESTED

7.      By this Motion, JPMorgan respectfully requests that the Court enter an

order authorizing JPMorgan to file the Sanctions Motion under seal.

### BASIS FOR RELIEF

8.      Section 107(b) of the Bankruptcy Code authorizes the Court to "protect an

entity with respect to a trade secret or confidential research, development or commercial

information." 11 U.S.C. § 107(b).  Bankruptcy Rule 9018 then sets forth the procedure

by which a party in interest may obtain a protective order authorizing the filing of a

document under seal:

> On motion or on its own initiative, with or without notice, the court may
> make any order which justice requires (1) to protect the estate or any
> entity in respect of a trade secret or other confidential research,
> development, or commercial information . . . .

Fed. R. Bankr. P. 9018.  For information covered under section 107(b) of the Bankruptcy

Code, "the court is required to protect a requesting interested party and has no discretion

to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re

Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).

9.      The Sanctions Motion details the facts underlying Wilmington Trust

Company's failure to comply with the Court's Depository Order and the manner and

timing of this failure, which if not filed under seal could give rise to further public

disclosure of the confidential information. JPMorgan therefore requests that the Court

enter an order authorizing JPMorgan to file the Sanctions Motion under seal.

WHEREFORE, JPMorgan respectfully requests that the Court: (i) enter an order

authorizing JPMorgan to file the Sanctions Motion under seal; and (ii) grant such other

and further relief as is just and proper under the circumstances.

Dated: March 11, 2010
     Wilmington, Delaware          CROSS & SIMON, LLC

By:_____
Christopher P. Simon (No. 3697)
Patrick M. Brannigan (No. 4778)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200
(302) 777-4224 (facsimile)
csimon@crosslaw.com
pbrannigan@crosslaw.com

-and-

Dennis E. Glazer
Karen E. Wagner
Sharon Katz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10022
(212) 450-4500

*Attorneys for JPMorgan Chase Bank, N.A.*