IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>(Jointly Administered)<br><br>Hearing Date: April 13, 2010 at 10:00 a.m.<br>Objection Deadline: March 29, 2010 at 4:00 p.m.<br><br>Re: Docket No. 3724 |

**MERRILL LYNCH CAPITAL CORPORATION'S AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED'S MOTION PURSUANT TO BANKRUPTCY CODE SECTION 107(b) AND FED. R. BANKR. P. 9018, TO FILE UNDER SEAL THE JOINDER OF MERRILL LYNCH CAPITAL CORPORATION AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED TO J.P. MORGAN CHASE BANK, N.A.'S MOTION FOR SANCTIONS AGAINST WILMINGTON TRUST COMPANY FOR IMPROPER DISCLOSURE OF CONFIDENTIAL INFORMATION IN VIOLATION OF COURT ORDER [D.I 3724]**

Merrill Lynch Capital Corporation and Merrill Lynch, Pierce, Fenner & Smith Incorporated (together, "Merrill Lynch"), by their attorneys Kaye Scholer LLP and Potter Anderson and Corroon LLP, submits this motion (the "Motion to Seal") to file under seal that certain Joinder of Merrill Lynch Capital Corporation to J.P. Morgan Chase Bank, N.A.'s Motion for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order [D.I 3724] (the "Joinder"), and in support thereof states as follows.

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is § 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

2. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On December 15, 2009, the Court entered an Order that, among other things, established a document depository for the retention of documents and other information produced pursuant to discovery requests in these cases [D.I. 2858] (the "Depository Order"). Due to the confidential nature of the information contained in many of the documents, the Depository Order expressly provides:

> No Depository Designee or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents", "Highly Confidential – Attorneys' Eyes Only", or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal.

(Depository Order ¶ f, at 4.) Accordingly, the Depository Order obligates Depository Designees to file under seal any document that contains such confidential information.

4. On March 11, 2010, JPMorgan Chase Bank, N.A. filed, under seal, its Motion for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order [D.I. 3715] (the "Sanctions Motion"), in which Merrill Lynch now joins.

## RELIEF REQUESTED

5. By this Motion to Seal, Merrill Lynch respectfully requests entry of an order authorizing it to file the Joinder under seal.

## **BASIS FOR RELIEF REQUESTED**

6. Section 107(b) of the Bankruptcy Code provides the Court with the power to issue orders that will protect entities from potential harm that may result from the disclosure of confidential information.

7. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under § 107(b) of the Bankruptcy Code and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." Fed. R. Bankr. P. 9018. Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") requires that any party who seeks to file documents under seal must file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

8. Merrill Lynch submits that good cause exists for the Court to grant the relief requested herein. The Joinder identifies Wilmington Trust Company's failure to comply with the Depository Order and the manner and timing thereof. If the Joinder were not filed under seal, it is possible that there could be further public disclosure of the confidential information. Merrill Lynch, therefore, requests that it be permitted to file the Joinder under seal.

WHEREFORE, for the reasons set forth herein, Merrill Lynch seeks an Order of this Court permitting it to file the Joinder under seal, and for such other and further relief as the Court deems just and proper.

Dated: March 12, 2010

POTTER ANDERSON & CORROON LLP

*/s/ R. Stephen McNeill*
Laurie Selber Silverstein (DE No. 2396)
R. Stephen McNeill (DE No. 5210)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

- and -

KAYE SCHOLER LLP
Madlyn Gleich Primoff, Esquire
Jane W. Parver, Esquire
Joseph M. Drayton, Esquire
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000

*Attorneys for Merrill Lynch Capital Corporation and Merrill Lynch, Pierce, Fenner & Smith Incorporated*