IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, ) | |
| ) | (Jointly Administered) |
| Debtors.[1] ) | Hearing Date: March 23, 2010 at 11:00 a.m. |
| ) | Re: D.I. Nos. 1800, 1889, 2109, 2110, 3152, 3159, 3209, 3252, & 3682 |

**OBJECTION OF THE
WASHINGTON-BALTIMORE NEWSPAPER GUILD
TO THE MOTION OF THE DEBTORS FOR AN ORDER DISMISSING WITHOUT
PREJUDICE THEIR MOTION FOR AN ORDER AUTHORIZING
THE DEBTORS TO IMPLEMENT TRANSITIONAL MIP AND KEY OPERATORS
BONUS COMPONENTS OF 2009 MANAGEMENT INCENTIVE PLAN**

Washington-Baltimore Newspaper Guild ("Guild"), by and through the undersigned counsel, hereby submits this objection to the Motion of the Debtors for an Order Dismissing Without Prejudice their Motion for an Order Authorizing the Debtors to Implement Transitional MIP ("TMIP") and Key Operators Bonus ("KOB") Components of 2009 Management Incentive Plan (the "Motion to Dismiss") [D.I. No. 3682].[2]

---

[1] The Debtors in these Chapter 11 cases are identified at D.I. No. 1800, pg.1, footnote 1.

[2] The Guild hereby incorporates by reference the Objection of Washington-Baltimore Newspaper Guild to (1) the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives and (2) the Motion of the Debtors to File Under Seal an Exhibit to Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives and Motion to Continue the August 11, 2009 Hearing [D.I. No. 1889], Motion of Washington-Baltimore Newspaper Guild to Exclude the Report of Mercer (U.S.) and the Testimony of Debtors' Expert Witness in Support of the Debtors' 2009 Incentive Program [D.I. No. 2109], Supplemental Objection of the Washington-Baltimore Newspaper Guild to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives [D.I. No. 2110], the testimony from the hearing on September 25, 2009, the exhibits moved into evidence at the hearing, and Second Supplemental Objection of the Washington-Baltimore Newspaper Guild to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009

1. On September 25, 2009, this Court received evidence and argument with respect to the Debtors request that it approve each of the three components of its 2009 Management Incentive Plan ("Plan") - the Management Incentive Program ("MIP"), the Transition MIP ("TMIP") and the Key Operators Bonus ("KOB").  After the hearing, the Debtors informed the Court that it was critical that the three components of the Plan be adjudged as a single unit.
(See Debtors' letter dated September 28, 2009.)

2. By a Certification of Counsel filed on January 20, 2010, the Debtors reversed their position, and requested that this Court bifurcate the matter in order to rule on the MIP by itself, independent of the Court's ruling on the TMIP and KOB.   On January 27, 2010, the Court approved the MIP component of the Plan and stated that the remaining two components of the Plan - the TMIP and KOB - would "remain in the queue for ruling...." (See Hearing Transcript dated January 27, 2010, attached to the Motion to Dismiss.)

3. The Debtors now move for an Order dismissing their pending and fully litigated Motion with respect to the TMIP and KOB but "without prejudice." (Motion to Dismiss p. 6.). In support of their Motion, the Debtors reference this Court's statement from the bench at the January 27, 2010 hearing, that the Debtors consider "taking the remaining two components and incorporating them into a Chapter 11 plan." (See Motion to Dismiss ¶11; see also, January 27, 2010 Hrg. Tr.)

4. By this Objection, the Guild submits that, as a fully litigated matter, any dismissal of the 2009 TMIP and KOB should be approved only if the dismissal is "with prejudice." Debtors properly acknowledge that Bankruptcy Rules 7041 and 9014(c) incorporate the mandates of Rule 41 of the Fed. R. Civ. P.  Under Rule 41, a dismissal "without prejudice" is widely treated as if

---

Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives [D.I. No. 3209].

the action had not been brought in the first place. "As noted above, and as numerous federal courts have made clear, a voluntary dismissal without prejudice under rule 41(a) leaves the situation as if the action never had been filed." See 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §2367 (2008).

5. The Guild submits that a dismissal without prejudice might be appropriate if the matter had been withdrawn in an early stage. In the instant case, however, this matter was heavily litigated, has been fully tried as a contested matter, and is pending a ruling from this Court. The Guild devoted extraordinary resources to challenge the 2009 TMIP and KOB (and the MIP, as well), culminating in a full day evidentiary hearing before the Court. To permit the Debtors to simply withdraw their Motion, only later to incorporate the same TMIP and KOB in an emergence, Plan would be patently unfair to the Guild. Indeed, the Debtors suggest this "start from scratch" approach. ("All such parties have reserved their respective rights to review and respond to, in any manner they consider appropriate, any version of the TMIP and of the KOB (or any similar plan) that the Debtors may seek to incorporate into a Chapter 11 plan of reorganization." (Debtors Motion, ¶13).)

6. The Debtors argue in their Motion that this Court proposed this very course of action at the January 27, 2010 hearing. The Guild disagrees. The Guild recognizes and respects the words from this Court. The Guild disagrees that the Court's comment invited the Debtors to withdraw and re-file *this* very 2009 TMIP and KOB, word for word, in a Plan, particularly after the matter was fully litigated. Since the standards for the approval of a TMIP and KOB would be identical in the context of a plan as they are in the matter currently pending before the Court, the Guild did not construe the Court's comment as a device to put off for "tomorrow" the very issues now pending before this Court.

7. Notably, the Debtors seek to reserve a right to include in their plan either the TMIP and KOB, as presently constituted, or merely a "similar" plan. (Debtors Motion, ¶13.) The Guild does not, at this time, challenge the Debtors right to address compensation in an emergence plan; that, indeed, is an issue for another day. The Guild submits, however, that if the Debtors re-file a request for bonuses – in any form – the Guild will be forced to review, analyze and respond to such a request. If the Motion to Dismiss is granted, and the request for authorization to pay the 2009 TMIP and KOB is rescinded, then such withdrawal should be approved only if it is with prejudice. Alternatively, if the Court grants the Debtors motion to dismiss the TMIP and KOB without prejudice, and the Debtors include the TMIP and/or KOB in an emergence plan, the Guild requests that, without the necessity of filing another objection, this Court consider all of the evidence and argument previously presented to the Court in evaluating that aspect of any such plan. If, on the other hand, the Debtors do not include the TMIP and KOB in an emergence plan, and instead, "start from scratch," forcing the Guild to re-litigate issues regarding 2009 bonuses, the Debtors should, consistent with Fed. R. Civ. P. 41, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7041 and 9014(c), reimburse the Guild for its litigation costs incurred opposing the MIP, TMIP and the KOB.

WHEREFORE, and for the reasons previously presented to this Court, the Washington-Baltimore Newspaper Guild respectfully requests that the Court issue an order approving the withdrawal of the Debtors Motion for an Order Authorizing the Debtors to Implement Transitional MIP and Key Operators Bonus Components of 2009 Management Incentive Plan *with prejudice*.

Dated: March 16, 2010
      Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ CPS
Christopher P. Simon (No. 3697)
Michael J. Joyce (No. 4563)
Ryan M. Ernst (No. 4788)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200 (Telephone)
(302) 777-4224 (Facsimile)
csimon@crosslaw.com

-and-

Robert E. Paul, Esquire
Zwerdling, Paul, Kahn & Wolly, P.C.
1025 Connecticut Avenue NW, Suite 712
Washington, D.C. 20036-5420
(202) 857-5000 (Telephone)
(202) 223-8417 (Facsimile)

*Counsel to Washington-Baltimore Newspaper Guild*