UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | : Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | : |
| Debtors. | : Case Number 08-13141 (KJC) (Jointly Administered) |
|  | : |

Hearing Date: March 23, 2010 at 11:00 a.m.

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION TO DISMISS VOLUNTARILY AND WITHOUT PREJUDICE THEIR PENDING MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT TRANSITION MIP AND KEY OPERATORS BONUS COMPONENTS OF 2009 MANAGEMENT INCENTIVE PLAN
(DOCKET ENTRY # 3682)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

In support of her objection to the Debtors' motion (the "Motion") to dismiss voluntarily and without prejudice their pending motion for an order authorizing the Debtors to implement the transition MIP and key operators bonus components of their 2009 management incentive plan (the "Bonus Motion"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1.     Under (i) 28 U.S.C. § 1334, (ii) (an) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion.

2.     Under 28 U.S.C. § 586, the U.S. Trustee has an overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.     Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this response/objection.

## GROUNDS/BASIS FOR RELIEF

4.     The U.S. Trustee participated in the September 24, 2009 hearing regarding the Bonus Motion and objected to the relief requested, specifically noting in closing argument that the two elements of the Bonus Motion that are the subject of the instant Motion – the "transition management incentive plan" and the "key operators bonus" – were excessive and should not be

approved. The U.S. Trustee's position has not changed. Accordingly, to the extent that the Debtors intend to renew their request to have the bonuses paid as administrative expenses of the Debtors' estates in a chapter 11 plan, this Motion is simply delaying resolution of whether the Bonus Motion complies with Bankruptcy Code section 503(c). See 11 U.S.C. § 1129(a)(1, 2) (plan, plan proponent must comply with applicable provisions of Bankruptcy Code).

     5.     Further, the relief requested in the Motion is problematic for the following two reasons:

    (a.)    *Preservation/Limitation of the Record* – In the event that the Debtors request the same (or substantially similar) relief in the future, the Debtors do not address whether the record of the September 24 hearing will be preserved for the benefit of the objecting parties, or whether there will be limits placed upon the development of any supplemental record. The objectors should not have to try the same matter twice.

    (b.)    *Equitable Mootness and Severability* – The Debtors sought approval of the Bonus Motion outside of the plan process. Accordingly, the Debtors are estopped from arguing that approval of the same (or substantially similar) relief to what was requested in the Bonus Motion would be integral to confirmation of any subsequently-filed chapter 11 plan. In the event that the Debtors request the same (or similar) relief via a chapter 11 plan, the Motion does not address whether the request for approval of the bonuses would be expressly severable from the remainder of the plan in order to insulate the objectors from any claim of equitable mootness on appeal.

**[Continued on next page – space intentionally left blank]**

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court enter an order denying the Motion or granting other relief consistent with this objection.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **ACTING UNITED STATES TRUSTEE**


        **BY:**  /s/ Joseph J. McMahon, Jr.
            Joseph J. McMahon, Jr., Esquire (# 4819)
            Trial Attorney
            United States Department of Justice
            Office of the United States Trustee
            J. Caleb Boggs Federal Building
            844 King Street, Room 2207, Lockbox 35
            Wilmington, DE  19801
            (302) 573-6491
            (302) 573-6497 (Fax)

Date:  March 17, 2010