# EXHIBIT 1

## *STIPULATION*

46429/0001-6404410v1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 2649** |

## STIPULATION MODIFYING THE AUTOMATIC STAY TO PERMIT SIMONE AND VICTORIA CONIGLIARO TO PROCEED WITH MEDIATION OF A STATE COURT ACTION AGAINST CERTAIN DEBTORS

This Stipulation is entered into by and between Debtors Tribune Company

("Tribune Company"), Distribution Systems of America, Inc. ("DSA"), InsertCo, Inc.

("InsertCo") and Star Community Publishing Group LLC ("Star Community"), on the one hand,

and Simone and Victoria Conigliaro (collectively, the "Conigliaros"), on the other hand.  Tribune

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Company, DSA, InsertCo, Star Community, and the Conigliaros are referred to collectively

herein as the Parties.

## RECITALS

A.       On or about August 20, 2007, the Conigliaros commenced a personal

injury action in the Supreme Court of the State of New York, County of Queens entitled <u>Simone</u>

<u>Conigliaro and Victoria Conigliaro vs. J.C. Penny Corp., InsertCo, Inc., Star Community</u>

<u>Publishing, Distribution Systems of America, Tribune Company, and Newsday's Marketeer /</u>

<u>Queens et al.</u> (the "<u>State Court Action</u>").  The State Court Action alleges injuries on account of

an incident occurring on or about February 14, 2007.

B.       At the time of the incident, Tribune Company, the ultimate parent

company of each of the other Debtors (as defined below), maintained certain insurance policies

applicable to DSA, InsertCo, Star Community, which published *Newsday's Marketeer* (Queens),

and Tribune.[2]  The deductible obligation in connection with the aforementioned insurance

coverage is $1 million.

C.       On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company and most

of its wholly owned subsidiaries, including Star Community, InsertCo, and DSA (collectively,

the "<u>Debtors</u>"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of

Delaware (the "<u>Bankruptcy Court</u>").

D.       On November 5, 2009, the Conigliaros filed a Motion for Relief From

Stay [Docket No. 2649] (the "<u>Stay Relief Motion</u>") requesting relief from the automatic stay

provided to DSA, InsertCo, Star Community, and Tribune Company pursuant to section 362 of

---

[2] *Newsday's Marketeer* (Queens) is also named as a defendant in the State Court Action.

the Bankruptcy Code. In the Stay Relief Motion, the Conigliaros sought relief from the automatic stay to allow the State Court Action to proceed to final resolution.

E.      The Parties desire to modify the automatic stay to permit the Conigliaros to proceed with mediation of the State Court Action before a mutually agreed upon mediator.

F.      NOW THEREFORE, in consideration of the foregoing and the promises and agreements set forth hereinafter, the Parties hereby stipulate and agree as follows:

## STIPULATION

1.      The automatic stay provided for under section 362 of the Bankruptcy Code shall be, and hereby is, modified for the sole and limited purpose of permitting the Conigliaros to proceed with mediation of the State Court Action before a mutually agreed upon mediator.

2.      Any settlements obtained in favor of the Conigliaros on account of mediation of the State Court Action shall not be enforced against any property or assets belonging to DSA, InsertCo, Star Community, Tribune Company, any of the other Debtors or their estates.

3.      Nothing contained in this Stipulation shall be construed as allowing or permitting any other relief from the automatic stay concerning the Conigliaros. Consideration of any such further relief shall be pursuant to motion by the Conigliaros. Furthermore, nothing contained in this Stipulation shall be deemed an admission by either Party to any of the allegations asserted by the other Party in the State Court Action, nor a waiver of any claims or defenses that may be available to such Party.

4.      This Stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

5.      The Bankruptcy Court shall retain jurisdiction over the parties in interest with respect to this Stipulation including, without limitation, for the purposes of interpreting, implementing and enforcing its terms and conditions.

**STIPULATED AND CONSENTED TO AS OF MARCH \_\_, 2010 BY:**

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Kerriann S. Mills
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

THE BAILY LAW FIRM

By: _____
James P. Baily (DE ID 336)
Three Mill Road
Suite 306(A)
Wilmington, DE 19806
(302) 658-5686 (phone)

ATTORNEY FOR THE CONIGLIAROS