# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141-KJC<br>Jointly Administered<br>**Related to Docket Nos. 1800, 3152, 3159, 3252, 3682, 3741 and 3744**<br>**Hearing Date: March 23, 2010 at 1:00 p.m.**<br>**Objection Deadline: March 16, 2010 at 4:00 p.m.** |

## DEBTORS' CONSOLIDATED REPLY TO OBJECTIONS OF THE WASHINGTON-BALTIMORE NEWSPAPER GUILD AND THE OFFICE OF THE UNITED STATES TRUSTEE TO MOTION OF THE DEBTORS TO DISMISS VOLUNTARILY AND WITHOUT PREJUDICE THEIR PENDING MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT TRANSITION MIP AND KEY OPERATORS BONUS COMPONENTS OF 2009 MANAGEMENT INCENTIVE PLAN

Tribune Company ("Tribune") and most of its wholly-owned subsidiaries, each of which is a debtor and debtor in possession herein (each a "Debtor" and collectively, the "Debtors"), hereby reply to the Objections of the Washington-Baltimore Newspaper Guild (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Guild") [Docket No. 3741] and the Office of the United States Trustee (together with the Guild, the "Objectors") [Docket No. 3744] to the Motion of the Debtors to Dismiss Voluntarily and Without Prejudice Their Pending Motion for an Order Authorizing the Debtors to Implement Transition MIP and Key Operators Bonus Components of 2009 Management Incentive Plan (the "Motion") [Docket No. 3682].[2]

## ARGUMENT

1. The Guild's demand that the requested dismissal be *with* prejudice is both contrary to applicable law and inequitable. As the Guild concedes, the Federal Rules and the Bankruptcy Rules provide that a plaintiff's or a debtor's voluntary dismissal of a contested matter is *without* prejudice, unless the Court's order states otherwise. See Federal Rule 41(a)(2) (providing in relevant part that, "[u]nless the [Court's] order states otherwise, a dismissal under this paragraph (2) is without prejudice."); Bankruptcy Rule 7041 (providing that "Rule 41 F.R.Civ.P. applies in adversary proceedings . . . ."); Bankruptcy Rule 9014(c) (making Bankruptcy Rule 7041 applicable to contested matters).

2. There is no basis in this matter for repudiating the explicit legal presumption that a voluntary dismissal is without prejudice. The fact that the parties have litigated the 2009 Incentive Motion does not change that result. Indeed, by definition, Federal Rule 41(a)(2) (and thus Bankruptcy Rules 7041 and 9014(c)) apply in relevant part to cases where the issues have already been joined and the matter has been litigated, including dismissals sought even *after* a motion for summary judgment has been filed. See Federal Rule 41(a)(1)(A)(i) (permitting non-consensual dismissal without a court order "before the opposing

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

party serves either an answer or a motion for summary judgment."); Federal Rule 41(a)(2) (permitting voluntary dismissal pursuant to court order when Federal Rule 41(a)(1) does not apply). Even in such contested cases, Federal Rule 41(a)(2) is explicit that: "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice" (emphasis added).

3. The Guild's demand that dismissal be *with* prejudice also runs directly counter to this Court's suggestion at the January 27, 2010 Hearing, to the extent that such a dismissal allegedly would or could impair the Debtors' ability to incorporate the TMIP and the KOB into a Chapter 11 plan of reorganization. See, e.g., Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) ("Dismissal with prejudice constitutes an adjudication of the merits . . . ."); compare Transcript of January 27, 2010 Hearing (excerpts attached as Exhibit B to the Motion), at 9 ("And I frankly suggest, and I'll read a more detailed ruling in a moment, that it consider taking the remaining two components [the TMIP and the KOB] and incorporating them into a Chapter 11 Plan."). The Debtors should have a meaningful opportunity to incorporate the TMIP and KOB into a plan of reorganization after voluntarily dismissing the 2009 Incentive Motion as to such programs. To the extent the Objectors still object to those programs, they may seek to raise such concerns in an appropriate manner provided by law during the plan confirmation process. See, e.g., Guild Objection, at ¶ 7 ("The Guild does not, at this time, challenge the Debtors['] right to address compensation in an emergence plan; that, indeed, is an issue for another day.").

4. The Objectors' other objections are equally unfounded. The Debtors' intent is to incorporate the TMIP and the KOB into a plan of reorganization in the form in which those programs were proposed in the 2009 Incentive Motion. While they do not presently anticipate modifications to those programs (much less "starting from scratch" as to those

programs, to use the Guild's pejorative characterization), they should not be precluded from making any such modifications (which again would be subject to the plan confirmation process) if doing so becomes appropriate in the course of plan negotiations or otherwise.[3] The Objectors cite no authority for any such purported limitation, either on the Debtors' ability to incorporate the TMIP and the KOB in their original form, or with modifications.

5. The Debtors do not object to incorporating the record of the September 25, 2009 Hearing and the January 27, 2010 Hearing (including without limitation all pleadings, objections, arguments and orders associated therewith) into any future proceedings involving objections to the TMIP and/or the KOB in the plan confirmation context. The Debtors share the Objectors' (and the Court's) desire to conduct any such proceedings in an efficient manner that avoids duplication of effort. However, they cannot agree, and should not be subject, to artificial and unfair limitations (preemptive or otherwise) on their ability to supplement the record as appropriate in any future proceedings. For example, the Debtors of course cannot predict the specific objections, arguments or evidence, if any, that the Objectors may seek to assert or introduce in any such future proceedings. The Debtors cannot reasonably be expected to "tie their hands" and restrict their ability to respond appropriately to any such matters (including, for example, by introducing evidence of the Debtors' actual year-end performance for 2009, upon which the TMIP and the KOB are based).

---

[3] The Debtors' legitimate need for such flexibility is another reason why dismissal *with* prejudice would not be appropriate. The Debtors do not have sole control over the plan confirmation process and cannot predict exactly how that process may unfold. While, as noted, the Creditors Committee and the Steering Committee supported the TMIP and the KOB in the 2009 Incentive Motion and do not object to their incorporation into a plan of reorganization, they requested the language in Paragraph 13 of the Motion (which the Guild quotes) simply to preserve their rights: "All such parties have reserved their respective rights to review and to respond to, in any manner they consider appropriate, any version of the TMIP and of the KOB (or any similar plan) that the Debtors may seek to incorporate into a Chapter 11 plan of reorganization."

6.   Federal Rule 41(a)(2) and Bankruptcy Rules 7041 and 9014(c) again are devoid of any requirement that the Debtors agree to any such onerous and unreasonable evidentiary prerequisites as a condition of a voluntarily dismissal without prejudice. The Guild's request that the Debtors reimburse it for its litigation costs is unwarranted for this reason as well.

7.   Finally, the Debtors respectfully submit that the Objectors' other contentions are premature, have neither been placed in issue much less briefed, and should not be litigated or ruled upon at this juncture. This includes the applicable legal standard that would apply to consideration of the TMIP and the KOB in the plan confirmation context, and the Office of the United States Trustee's contention that "equitable mootness" purportedly bars the Debtors from contending that the TMIP and the KOB are integral to any future plan confirmation as opposed to being severable (none of which the Debtors are conceding or commenting upon here). Again, even the Guild essentially concedes this point: "The Guild does not, at this time, challenge the Debtors['] right to address compensation in an emergence plan; that, indeed, is an issue for another day." Guild Objection, at ¶ 7 (emphasis added). The Debtors are in the process of preparing a plan of reorganization for the Court's consideration. The foregoing matters can and should be left for the plan confirmation process when the specifics of the entire proposed plan of reorganization, including without limitation the TMIP and KOB provisions therein, are before the Court and the other parties in interest, and the Objectors have timely filed whatever objections they may intend to raise at that time.

## **CONCLUSION**

8.   The Debtors respectfully submit that the relief that they seek in the Motion is reasonable, should not be controversial, and is consistent with the Court's suggestion at the

January 27, 2010 Hearing. The Debtors therefore respectfully request that the Court grant the Motion and enter an order, in substantially the form attached thereto as Exhibit A, dismissing without prejudice their request in the 2009 Incentive Motion for entry of an order authorizing the implementation of the TMIP and the KOB, and granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>March 18, 2010 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>Bryan Krakauer<br>Kevin T. Lantry<br>Brian J. Gold<br>Jonathan D. Lotsoff<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |