# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>(Jointly Administered) |
| WILMINGTON TRUST COMPANY, as Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., et al.<br><br>Defendants. | Adv. No. 10-50732 (KJC)<br><br>**Proposed Hearing Date: March 23, 2010 at 1:00 p.m.**<br>**Proposed Objection Deadline: March 22, 2010 at 12:00 p.m. (noon)** |

## MOTION OF MERRILL LYNCH FOR THE ENTRY OF AN ORDER EXTENDING TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT OF WILMINGTON TRUST COMPANY

Merrill Lynch Capital Corporation and Merrill Lynch, Pierce, Fenner & Smith, Incorporated (collectively "Merrill Lynch"), by its attorneys Kaye Scholer LLP and Potter, Anderson and Corroon LLP, hereby moves (the "Motion to Extend Time") for the entry of an order, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending its time to answer or otherwise respond to the Complaint ("WT Complaint") filed by Wilmington Trust Company ("Wilmington Trust"), dated March 4, 2010, until thirty (30) days after this Court resolves all of the following pending motions (collectively,

the "Pending Motions") scheduled to be heard by this Court on April 13, 2010: (1) the Motion of the Debtors for an Order (I) Determining that Wilmington Trust Company Has Violated Automatic Stay, (II) Requiring Wilmington Trust Company to Show Cause Why It Should Not Be Held in Contempt of Court, and (III) Halting All Proceedings With Respect to the Complaint, dated March 18, 2010 (the "Debtors' Stay Violation Motion"); (2) the motion by JP Morgan Chase Bank, N.A. ("JP Morgan") for sanctions dated March 11, 2010 (the "Sanctions Motion"), with respect to which Merrill Lynch has filed a Joinder dated March 12, 2010; (3) the motion by Wilmington Trust for the appointment of an examiner, dated January 13, 2010 (the "Examiner Motion"); (4) the motion by the Official Committee of Unsecured Creditors (the "Creditors' Committee") for standing (the "Standing Motion") to commence litigation (the "Committee Litigation"), dated February 1, 2010; and (5) the cross-motion by Wilmington Trust, dated February 11, 2010, to intervene in the Committee Litigation (the "Cross-Motion to Intervene"), respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion to Extend Time pursuant to 28 U.S.C. §§ 157 and 1334. This Motion to Extend Time raises a core matter under 28 U.S.C. § 157(b)(2)(A) and (B). Venue of these cases and this Motion to Extend Time is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## NO PRIOR REQUEST

2. No previous application for the specific relief requested herein has been made to this or any other Court.

## RELIEF REQUESTED

3. By this Motion to Extend Time, Merrill Lynch respectfully requests that the Court enter an order: (a) extending, pursuant to Bankruptcy Rule 9006(b)(1), Merrill Lynch's time to answer or otherwise respond to the WT Complaint to thirty (30) days after this Court resolves all of the Pending Motions; and (b) granting such other and further relief as the Court deems appropriate.

## BASIS FOR RELIEF

4. Wilmington Trust served the WT Complaint and Summons on March 5, 2010 and, thus, pursuant to Bankruptcy Rule 7012(a), Merrill Lynch must answer or otherwise respond by April 5, 2010. Bankruptcy Rule 9006(b)(1) empowers this court "for cause shown . . . at any time in its discretion . . . with or without motion or notice [to] order the period enlarged if the request therefor is made before the expiration of the period originally prescribed. . . ."

5. The resolution of the Pending Motions may render the WT Complaint void, require the withdrawal of the WT Complaint, or necessitate substantial amendments to the WT Complaint. At the very least, the time for Merrill Lynch to answer or respond to the WT Complaint should be extended until the Court has had an opportunity to consider the various Pending Motions.[1]

6. First, in support of its pending Examiner Motion, which is scheduled to be heard at the April 13, 2010 hearing before this Court, Wilmington Trust asserts that "an examiner should investigate whether a claim of fraudulent transfer exists against the LBO Banks under section 548 of the Bankruptcy Code and applicable state law." (Examiner Motion at 32.) The

---

[1] On March 18, 2010, Merrill Lynch filed an objection (the "Objection") to the motion by Wilmington Trust, dated March 4, 2010, for the entry of an order authorizing Wilmington Trust to file under seal its unredacted WT Complaint ("Motion to File Under Seal"). Many of the same facts set forth in the Objection are also set forth in this Motion to Extend Time because those facts support both the denial of the Motion to File Under Seal and the granting of this Motion to Extend Time.

3

claims alleged in the WT Complaint are plainly grounded in the same purported facts and circumstances that Wilmington Trust demands this Court to appoint an examiner to investigate. Thus, by filing the Examiner Motion, Wilmington Trust implicitly acknowledges that further investigation is warranted -- the results of which may impact the allegations in the WT Complaint.

7. Second, the complaint (the "Committee Complaint") attached to the Standing Motion also alleges facts and circumstances that are the subject of the WT Complaint. Moreover, the Creditors' Committee expressly acknowledges in its Standing Motion that, to the extent that such facts and circumstances give rise to claims, the claims are derivative, and Court approval is a prerequisite to filing such claims. The Standing Motion is also scheduled to be heard before this Court on April 13, 2010. Merrill Lynch's response to the WT Complaint should be deferred at least until after that hearing.

8. Third, in its own Cross-Motion to Intervene in the Committee Litigation, Wilmington Trust also expressly acknowledges that the claims in the Committee Complaint are derivative. (Cross-Motion to Intervene at p. 19.) The Court has scheduled the Cross-Motion to Intervene for a status conference on April 13, 2010.

9. Thus, the WT Complaint, which purports to allege individual claims of Wilmington Trust, is woefully premature and should not be heard until, at the very least, the Court has determined whether (1) an examiner should be appointed, (ii) the Creditors' Committee should be given standing to bring derivative claims and (iii) Wilmington Trust, a member of the Creditors' Committee, should be permitted to intervene in the Committee Litigation.

10. Further, in the Sanctions Motion (to which Merrill Lynch has filed a Joinder), JPMorgan has moved for sanctions and other relief, including withdrawal of the WT Complaint, against Wilmington Trust for knowingly violating this Court's Depository Order. Here again, the Sanctions Motion may result in the withdrawal of the WT Complaint.

11. Finally, the Debtors have taken the position in the Debtors' Stay Violation Motion that the WT Complaint violates the automatic stay. Since the Debtors' papers may render the WT Complaint void or result in a stay of the WT Complaint, Merrill Lynch respectfully submits that this is an additional reason to extend its time to answer or otherwise respond to the WT Complaint.

12. Without an extension of time to answer or otherwise respond to the Complaint until the Pending Motions are resolved, Merrill Lynch may expend significant time and resources in connection with the preparation of a response to the WT Complaint that Wilmington Trust may be required to withdraw or substantially amend -- an inefficient use of time and a considerable waste of resources. Moreover, the filing of a responsive pleading or motion before the Court has had an opportunity to rule on the Debtors' Stay Violation Motion could constitute an act in furtherance of Wilmington Trust's stay violation. Accordingly, Merrill Lynch respectfully requests, based on sufficient cause shown above, that the Court grant the Motion to Extend Time.

## CERTIFICATION OF COUNSEL

13. Pursuant to Local Rule 7026-1, Merrill Lynch hereby certifies and avers that, on March 18, 2010, its counsel sought an extension of time to move or otherwise respond to the WT Complaint from Wilmington Trust's counsel. Wilmington Trust has not consented or even responded, necessitating this Motion to Extend Time.

14. For the reasons set forth herein, Merrill Lynch believes that an extension of time to respond to or answer the WT Complaint is warranted and justified under the circumstances and, therefore, respectfully requests that the Court enter an order granting the Motion to Extend Time substantially in the form attached hereto as Exhibit A.

## **CONCLUSION**

WHEREFORE, Merrill Lynch respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, extending Merrill Lynch's time to answer or otherwise respond to the Complaint to thirty (30) days after this Court resolves all of the Pending Motions and granting such other relief as may be just and proper.

Dated: March 18, 2010

                        POTTER ANDERSON & CORROON LLP

                        */s/ R. Stephen McNeill*
                        Laurie Selber Silverstein (DE No. 2396)
                        R. Stephen McNeill (DE No. 5210)
                        Hercules Plaza, 6th Floor
                        1313 N. Market Street
                        P.O. Box 951
                        Wilmington, Delaware 19899-0951
                        Telephone: (302)984-6000
                        Facsimile: (302) 658-1192

                              - and -

                        KAYE SCHOLER LLP
                        Madlyn Gleich Primoff, Esq.
                        Jane W. Parver, Esq.
                        Joseph M. Drayton, Esq.
                        425 Park Avenue
                        New York, New York 10022
                        Telephone: (212) 836-8000

                        *Attorneys for Merrill Lynch Capital Corporation*
                        *and Merrill Lynch, Pierce, Fenner & Smith*
                        *Incorporated*