# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket Nos. 3666, 3667, 3767 |

## ORDER AUTHORIZING DEBTORS TO AMEND THE LETTER OF CREDIT FACILITY PURSUANT TO SECTIONS 105, 362(d), 363(b)(1), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) AND 365 OF THE BANKRUPTCY CODE AND GRANTING OTHER RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned Debtors seeking an order of this Court authorizing Tribune Company and the other Debtors to enter into an Amendment No. 3 to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a/ Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2]     Capitalized terms used but not otherwise defined herein shall have the same meanings assigned thereto in the Motion.

Letter of Credit Agreement ("Amendment No. 3") which shall amend that certain Post-Petition Letter of Credit Agreement dated as of December 8, 2008 (as amended, supplemented or otherwise modified from time to time, and as amended pursuant to Amendment No. 1 to Letter of Credit Agreement dated as of March 6, 2009, and Amendment No. 2 to Letter of Credit Agreement dated as of April 6, 2009, and together with Amendment No. 3, the "Amended Letter of Credit Agreement)" among Barclays Bank PLC, as post-petition agent (in such capacity, the "LC Agent") and issuing bank (in such capacity, the "Issuing Bank") and the Debtors; scheduling a final hearing (the "Hearing") on the Motion to consider entry of a final order (this "Order") pursuant to Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and granting other related relief; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having considered the Motion and all documents related thereto, and after due deliberation and sufficient cause appearing therefor; the Hearing having been held on March 23, 2010; and all objections or responses, if any, to the Motion having been withdrawn or overruled either prior to the Hearing, or at the Hearing; and upon the record of the Hearing;

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code, except Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC, which filed on October 12, 2009 (the "Chapter 11 Cases"). The Debtors are continuing in possession of their property, and operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. On December 11, 2008, this Court entered its Interim Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and For Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter Into a Letter of Credit Facility, (3) Modifying the Automatic Stay and (4) Granting Other Related Relief (the "Interim Financing Order").

C. On January 15, 2009, this Court entered its Final Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and For Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter Into a Letter of Credit Facility, (3) Modifying the Automatic Stay and (4) Granting Other Related Relief (the "Final Financing Order").

D. On April 8, 2009, this Court entered its (A) Approving Amendments to Securitization Facility and Letter of Credit Facility and (B) Modifying the Final Order Pursuant to Sections 105, 362(d), 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d), 364(e) and 365 of the Bankruptcy Code (1) Authorizing the Debtors to Guarantee an Amended Securitization Facility and for Certain Debtors to Continue Selling Receivables and Related Rights Pursuant Thereto, (2) Authorizing the Debtors to Enter into a Letter of Credit Facility, (3) Modifying the Automatic Stay, and (4) Granting Other Related Relief (the "Second Financing Order") (Docket No. 878).

E. By entering into the Amended Letter of Credit Agreement, the Debtors seek to extend and otherwise modify the letter of credit facility authorized by the Final Financing Order and Second Financing Order (the "Existing Letter of Credit Facility") in order to assure

sufficient access to letter of credit financing to continue to obtain stand-by letters of credit necessary in the ordinary course of its, and certain of its subsidiaries', businesses. The Existing Letter of Credit Facility expires on or about April 10, 2010. Any interruption in the Existing Letter of Credit Facility would cause serious harm to the Debtors' business operations and their estates, which may include third parties declining to conduct business dealings with the Debtors. The preservation, maintenance and enhancement of the going concern value of the Debtors are of the utmost significance and importance to a successful reorganization of the Debtors under Chapter 11 of the Bankruptcy Code.

F.    Notice of the Hearing and the Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) the indenture trustees for the Debtors' prepetition notes; (viii) counsel to the LC Agent; (ix) counsel to the administrative agent for the Debtors' Receivables Facility; and (x) all parties having requested notice pursuant to Bankruptcy Rule 2002. Under the circumstances, such notice of the Hearing and the relief requested in the Motion complies with the requirements of Sections 102(1), 364(c) and 364(d) of the Bankruptcy Code and Rules 2002 and 4001(c) of the Bankruptcy Rules, and Local Rule 2002-1(b), and no further notice of, or hearing on, the Motion or this Order is necessary or required.

G.    The terms and conditions of the Amended Letter of Credit Agreement, and each of the other instruments and agreements executed or to be executed in connection therewith, are in the best interests of the Debtors and their estates, and the Debtors are expressly authorized and empowered to enter into the Amended Letter of Credit Agreement to which they are a party,

in substantially the form filed with this Court, and are further expressly authorized to perform and do all acts that may be required in connection with the Amended Letter of Credit Agreement. Upon execution and delivery thereof, the Amended Letter of Credit Agreement shall constitute valid and binding obligations of the Debtors, enforceable against each such Debtor in accordance with their respective terms. The terms and conditions of the Amended Letter of Credit Agreement have been negotiated in good faith and at arm's length and the transfers made or to be made and the obligations incurred or to be incurred shall be deemed to have been made for fair or reasonably equivalent value and in good faith (and without intent to "hinder, delay or defraud any creditor" of the Debtors) as those terms are used in the Bankruptcy Code and the transactions contemplated thereunder shall be deemed to have been made in "good faith," as that term is used in the Bankruptcy Code.

H.  Based upon the foregoing findings and conclusions, and upon the record made at the Hearing, and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED that:

1.  Except to the extent specifically modified in the Payout and Termination Agreement and pursuant to this Order, all of the terms, conditions, provisions, findings of fact and conclusions of law of the Final Financing Order and the Second Financing Order, and the documents and agreements approved pursuant thereto, as amended, amended and restated or otherwise modified, are hereby ratified and shall remain in full force and effect. Nothing in this Order shall (i) constitute a repayment or release of any indebtedness or obligations outstanding under the Amended Letter of Credit Agreement, which indebtedness and obligations shall be evidenced by the Amended Letter of Credit Agreement, or (ii) release any guaranty thereof or collateral securing such indebtedness, obligations or guaranty, which collateral and guaranties

shall secure and support indebtedness and obligations under the Amended Letter of Credit Agreement.

2. The Amended Letter of Credit Agreement is hereby approved and Tribune Company and the other Debtors are expressly authorized and empowered (i) to execute and deliver the Amended Letter of Credit Agreement and all related documents and instruments to be executed and delivered in connection therewith, (ii) to make, execute and deliver all instruments and documents and perform all other acts that may be required in connection with the Amended Letter of Credit Agreement and the transactions contemplated thereby, and (iii) to comply with and perform all of the terms and conditions of the Amended Letter of Credit Agreement, subject to the terms and conditions set forth therein and this Order.

3. In the event of any inconsistency between the terms of this Order, on the one hand, and the terms of the Final Financing Order, the Second Financing Order or the Amended Letter of Credit Agreement, the terms of this Order shall govern.

4. As is customary in commercial transactions of this nature, the Debtors will be required and are hereby authorized and directed (without the necessity of any further application being made to or Order being obtained from this Court) to pay or reimburse the LC Agent, the Issuing Bank and the Lenders and their respective affiliates and agents, respectively, for the payment of certain fees and expenses pursuant to the Amended Letter of Credit Agreement (the "Fees"). In addition, pursuant to the fee letter dated March 5, 2010 (the "Fee Letter"), Debtor Tribune Company has agreed and is hereby authorized and directed (without the necessity of any further application being made to, or Order being obtained from, this Court) to pay the fees

referred to in the Fee Letter in consideration of the LC Agent's services in structuring and negotiating the Amended Letter of Credit Agreement.

5. Pursuant to Bankruptcy Rules 6006(d), 9014, 9006(c) and 7062, this Order shall be an additional exception to Rule 62(a) of the Federal Rules of Civil Procedure. Specifically, pursuant to this Order, the fourteen-day automatic stay periods of Bankruptcy Rule 6006(d) is expressly inapplicable to this Order and the transactions including, without limitation, transfers contemplated hereby, and accordingly, this Order shall become operative immediately upon entry on the docket.

Dated: Wilmington, Delaware
March 10, 2010

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE