# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket No. 227 |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

| | | |
|---|---|---|
| STATE OF FLORIDA | ) | |
| | : | ss.: |
| COUNTY OF MIAMI-DADE | ) | |

Juan C. Enjamio, being duly sworn, deposes and says:

      1.      I am a Partner of Hunton & Williams LLP (the "Firm" or "Hunton & Williams"), which maintains offices at 1111 Brickell Avenue Suite 2500, Miami, Florida 33131.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (1088); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.      This Affidavit is submitted in connection with an Order of the United

States Bankruptcy Court for the District of Delaware, entered on January 15, 2009 [Docket No.

227], authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and

collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary

course of business during the pendency of these chapter 11 cases.

3.      The Firm has represented and advised the Debtors as Employment

Litigation Counsel with respect to certain aspects of the Debtors' business operations.  The

Debtors have requested, and the Firm has agreed, to continue to provide such services to the

Debtors on a postpetition basis during the course of these chapter 11 cases.

4.      The Firm's current customary rates, subject to change from time to time

are $122 - $950.  In the normal course of its business, the Firm revises its billing rates on April 1

of each year and requests that, effective April 1 of each year, the aforementioned rates be revised

to the regular hourly rates which will be in effect at that time.

5.      In the ordinary course of its business, the Firm maintains a database for

purposes of performing "conflicts checks."  The Firm's database contains information regarding

the Company's present and past representations.  Pursuant to Federal Rule of Bankruptcy

Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from counsel to the

Debtors, which list is annexed hereto as Exhibit A, for purposes of searching the aforementioned

database and determining the connection(s) which the Firm has with such entities.  The Firm's

search of the database identified the following connections:

6.      A partner in Hunton & Williams's Dallas, Texas office currently

represents Lawren Gross, the wife of United States Bankruptcy Judge Kevin Gross, in a trust and

estates matter in Texas that is unrelated to these chapter 11 cases.  That same partner represented

Judge Gross, solely as co-executor of an estate, in a related trust and estates matter that was concluded prior to the partner joining Hunton & Williams.

7.    Hunton & Williams currently represents the following list of entities in matters unrelated to these chapter 11 cases.  Hunton & Williams does not believe that such representations disqualify Hunton & Williams from serving as Employment Litigation Counsel to the Debtors.

Barclays Capital
J.P. Morgan Chase Bank, N.A.
Merrill Lynch
NBC Universal
Warner Music Group
Hampton Inn and Suites (Tidewater Hotel and Resorts)
Aegon U.S.A
AIG
Bank of America, N.A
Barclays Bank PLC.
Credit Suisse (N.Y.)
Deerfield Capital Corp.
Eaton Vance Mgmt EBF & Associates LP
Elliot Management Corporation
GE Asset Management Inc.
General Electric Capital Corporation
Goldman Sachs
John Hancock Financial Services Inc.
Knighthead Capital Management LLC
Massachusetts Financial Services Company
Metropolitan Life Insurance Company
Morgan Stanley
New York Life Insurance Company
Rabobank Nederland
Prudential Financial
Royal Bank of Scotland PLC
Sumitomo Mitsui Banking Corporation
Wachovia Bank National Association
Wells Fargo Bank, N.A.
Banc of America Securities LLC
Citigroup
JPMorgan Securities, Inc.
Citibank, N.A.
Alvarez & Marsal Canada ULC

Chubb Group of Insurance Companies
The Hartford Insurance Company
Lloyd's Bank PLC
Travelers
Anheuser Busch
Arby's Restaurants Ltd.
Carmax
Carnival Corp.
Countrywide Financial
Walt Disney Company Limited
Ford
GEICO
Johnson & Johnson
Kraft General Foods
Lowe's
McDonald's
Tropicana (Pepsi)
Pfizer
Procter & Gamble
Six Flags Over Texas Fund, Ltd.
Sprint/Nextel
Verizon Communications Inc.
U.S. Bank National Association
Citadel Investment Group, LLC
Hearst Corporation

     8.    Hunton & Williams previously represented within the last three years the

following list of entities in matters unrelated to these chapter 11 cases. Hunton & Williams does

not believe that such representations disqualify Hunton & Williams from serving as Employment

Litigation Counsel to the Debtors.

Bowater Inc.
Deutsche Bank National Trust Company
Bunzl
Major League Baseball Players Association
Bear Stearns & Co., Inc.
Davidson Kempner Capital Management LLC
Fidelity Investments
GM Pension Plan
Highland Capital Management LP
Marathon Asset Management LLC
Scotia Capital Inc.
Silver Point Capital LLC

Societe Generale
UBS AG
Bank of Montreal Trust Company
Alvarez & Marsal Holdings, LLC
Jenner & Block LLP
Navigant Consulting
PricewaterhouseCoopers LLP
Zurich American Insurance Company
AT&T
Cablevision Systems Corp.
Circuit City
General Motors
Pepsi Cola Sales & Distribution
Columbia Pictures Industries, Inc.
Target Stores
T-Mobile
Time Warner
Washington Mutual
Gannett Co., Inc.

9.    Neither I nor any other Partner, Counsel or Associate of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U.S.C. §504(b).

10.    I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

11.    Neither I nor any other Partner, Counsel, or Associate of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed. The Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

12.    The Debtors owe the Firm $ 1,147.04 for prepetition services.  The Firm is not waiving any claims that it has against the Debtors, including the amount referenced in the prior sentence.

13.    The Firm does not currently hold a retainer from the Debtors.

14.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22d day of March, 2010.

_____
Juan C. Enjamio

Sworn to and subscribed before me
this 22d day of March, 2010

_____
Notary Public

99900.12745 EMF_US 30200037v1