UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT
### REGARDING SECOND INTERIM APPLICATION OF
### <u>ALIXPARTNERS, LLP</u>

Stuart Maue, fee examiner in this proceeding, submits this final report with respect to the Second Interim Application of AlixPartners, LLP, for the period from March 1, 2009, through May 31, 2009 ("Application"), seeking approval of fees that total $1,582,226.25 and reimbursement of expenses that total $24,608.34. AlixPartners, LLP ("AlixPartners") is financial advisor to the Official Committee of Unsecured Creditors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

-1-

## Background

1.       Stuart Maue reviewed the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.       This report includes exhibits that detail and support the findings discussed below.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, are displayed in the exhibit.  The tasks included in a specific category are underlined in the fee exhibits.  For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.       Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications.  *See ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999).  Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice.  The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.       Stuart Maue issued a preliminary report of our findings to AlixPartners, and in turn the firm provided a detailed response that included spreadsheets and additional detail for fee and expense items in question.  After consideration of the new information and context provided by AlixPartners, and direct communication with the firm, Stuart Maue prepared this final report for the Court.

## Discussion of Findings

## Reconciliation of Fees and Expenses

5.       Stuart Maue recomputed the fees and expenses requested in the Application.  The hours billed by each timekeeper were totaled and multiplied by the individual's hourly rate.  The recomputation of fees and expenses revealed no difference between the amounts requested and the amounts computed.

## Review of Fees

6.       **Firm Staffing.**  The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."  The Application provided the names, positions, and hourly rates of the AlixPartners timekeepers who billed to this matter.  The matter was staffed with 20 individuals, consisting of 4 managing directors, 6 directors, 3 vice presidents, 3 associates, 1 analyst, 2 paraprofessionals, and 1 administrative.  A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm billed a total of 3,083.00 hours with associated fees of $1,582,226.25.  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Managing Director | 442.70 | 14% | $   331,693.75 | 21% |
| Director | 1,567.15 | 51% | 826,297.75 | 52% |
| Vice President | 708.20 | 23% | 310,070.00 | 20% |
| Associate | 339.70 | 11% | 109,612.25 | 7% |
| Analyst | 4.00 | * | 940.00 | * |
| Paraprofessional | 11.50 | * | 1,955.00 | * |
| Administrative | 9.75 | * | 1,657.50 | * |
| **TOTAL** | 3,083.00 | 100% | $1,582,226.25 | 100% |

* Less than 1%

The blended hourly rate for the AlixPartners professionals is $515.59 and the blended hourly rate for all timekeepers is $513.21.

7.    **Hourly Rate Increases.**    AlixPartners did not increase the hourly rate of any timekeeper during the second interim period.

8.    **Transient Timekeepers.**    The activities of timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear.    One AlixPartners timekeeper, analyst Deanna J. Postlewait, who did not bill during the prior interim period, appeared to be potentially transient.    Stuart Maue requested that AlixPartners provide additional information regarding the role of Ms. Postlewait, who invoiced 4.00 hours and $940.00 in associated fees and whose time entries were displayed in Exhibit B to the preliminary report.

In response, AlixPartners explained the role of Ms. Postlewait in analyzing potential avoidance actions related to the Debtors' leverage ESOP transaction.    Further, the firm notes that while her role was limited during the second interim period when she joined the team, her role expanded during the third interim period.    Given the additional information provided by AlixPartners, Stuart Maue makes no recommendations for a fee reduction.    Exhibit B is omitted from this report.

9.    **Complete and Detailed Task Descriptions.**    Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary."    The rules further provide that fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.    Section II.D.5 of the Guidelines states that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.    Time entries for court hearings and conferences should identify the subject of the hearing or conference."    Contrary to the requirements of the Local Rules and the Guidelines, many activity descriptions in the Application were not sufficiently detailed.

a.    **Vaguely Described Conferences.**    Stuart Maue identified time entries describing conferences that did not include the name of the person(s) with whom the communication was held and/or the subject or purpose of the communication.    Many of the entries include descriptive narrative akin to "review and discuss [work product]," violating the proscription on combining multiple billing activities within a single time increment.    Stuart Maue provided an exhibit to the preliminary report (omitted from this report) of the time entries at issue in order that the firm may take corrective action in future applications, and requests that the firm bill each activity separately, and provide additional billing narrative identifying the subject matter of any conferences and the participants.

b.    **Other Vaguely Described Activities.**    Stuart Maue identified only six billing entries lacking the requisite detail necessary to determine the nature of the services actually rendered by the timekeeper.    The vaguely described entries, totaling 7.85 hours with $5,763.00 in associated fees, were displayed in Exhibit D to the preliminary report for informational purposes.    Stuart Maue requested that AlixPartners provide sufficient detail for each entry in future applications, but makes no recommendation for a fee reduction given the limited number of insufficiently described entries. Exhibit D is omitted from this report.

10.    **Block Billing.**    The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." (Section II.D.5). AlixPartners often lumped or block billed numerous activity descriptions into one billing entry with a single time increment.    The block billed entries were displayed in Exhibit E and total 235.70 hours with $131,657.50 in associated fees.    The entries were identified to allow review by the firm so that corrective action may be taken to assure that future fee applications are void of block billed entries, and we make no recommendation for a fee reduction at this time.    Exhibit E is omitted from this report.

11.    **Conferences, Hearings, and Other Events.**    Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role," and Section II.D.5 of the Guidelines

states that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 856 (3rd Cir. 1994).

      a.    **Nonfirm Conferences, Hearings, and Events.** Stuart Maue identified occasions when two or more AlixPartners timekeepers billed for attendance at the same nonfirm conference, hearing, or other event. Contrary to Local Rule 2016-2, neither the Application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 408.90 hours with $199,840.00 in associated fees, were displayed in Exhibit F to the preliminary report. In each instance where more than one timekeeper attended a nonfirm conference or event, we identified the timekeeper who appeared most responsible for the matter and/or the particular event (i.e., the timekeeper leading rather than observing a nonfirm conference). The potentially duplicative and unnecessary timekeepers' entries total 243.55 hours with $111,760.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. Stuart Maue requested that the firm provide an explanation of the necessity of the multiple billers and their respective roles for each event attended by more than one timekeeper.

      In response to the preliminary report, AlixPartners provided a very detailed explanation that included (i) a general statement of the firm's management of it engagements, (ii) a breakdown of the meetings and events at issue into five categories, for which the firm provided a spreadsheet that included the classification of each time entry; and (iii) a statement describing the nature and purpose of the various categories of meetings and events and the necessity of including more than one firm timekeeper. Given the context and detail provided, Stuart Maue makes no recommendation for a fee reduction resulting from multiple attendance at meetings and events. Exhibit F is omitted from this report.

b.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by AlixPartners for intraoffice conferences total 100.05 hours with $58,759.00 in associated fees, which computes to approximately 4% of the total fees requested in the Application. The entries were displayed in Exhibit G to the preliminary report. In certain instances, two or more firm professionals and/or paraprofessionals billed to attend the same internal conference. The intraoffice conferences attended by more than one timekeeper total 84.45 hours with $48,945.50 in associated fees. The entries describing intraoffice conferences attended by two or more firm personnel were highlighted in bold and marked with an ampersand [&] in Exhibit G. Stuart Maue requested that AlixPartners provide a brief explanation for the necessity of more than one participant to bill for the same intraoffice conference.

In response, the firm offered the following statements: (i) AlixPartners has as few internal conferences as necessary to perform the work on an efficient basis and maintain high quality work product; (ii) the firm plans its work carefully to be as efficient as possible, and such planning requires a team approach; and (iii) AlixPartners personnel confer regarding technical matters in order to ensure quality and consistency. In addition, the firm provided an exhibit containing individual comments for the time entries describing intraoffice communication. Given the thorough explanation and justification provided by AlixPartners, Stuart Maue makes no recommendation for a fee reduction resulting from intraoffice conferences. Exhibit G is omitted from this report.

12.    **Administrative Activities.**    Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Likewise, activities relating to the training and assignment of tasks to staff members or the supervision of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit time entries and invoices. "Where the time entries require revision to

conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In Re CF & I Fabricators of Utah*, 131 B.R. 474, 485 (D. Utah 1991). Stuart Maue identified seven tasks in the Application, totaling 6.60 hours with $3,858.50 in associated fees, that appeared to describe administrative activities. The entries were displayed in Exhibit H to the preliminary report.

  In response, AlixPartners provided additional context for five of the time entries in question. The firm agreed to a voluntary fee reduction in the amount of $387.50 for the remaining two time entries, which are displayed in the attached Exhibit H.

  13. **Clerical Activities.** Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). In this Court, there has been a practice of recommending that clerical activities be paid at the rate of $80.00 per hour and it is Stuart Maue's intent to follow that practice in this case. The entries describing clerical activities were displayed in Exhibit I to the preliminary report and total 30.40 hours with $8,360.75 in associated fees.

  AlixPartners and Stuart Maue engaged in direct communication regarding clerical activities which included the firm providing additional detail for several of the time entries. As a result of our exchanges, AlixPartners agreed to a voluntary fee reduction for 12 of the 18 time entries in question. The entries subject to the fee reduction are displayed in Exhibit I attached hereto, and the result of applying the $80.00 per rate to the entries is a $2,015.50 reduction.

14.    **Travel.**  Local Rule 2016-2 (d)(viii) provides "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates."  Stuart Maue identified 34 billing entries that describe travel activities totaling 156.25 hours and $40,961.25 in associated fees.  All travel tasks were billed at 50% of the timekeeper's approved hourly rate.

15.    **AlixPartners Retention/Compensation.**  Stuart Maue reviewed and identified entries related to the firm's retention and compensation.  AlixPartners billed 58.85 hours with associated fees of $28,570.50 for activities related to firm's retention and applications for compensation, which computes to approximately 2% of the total fees billed.  For informational purposes, the fee entries describing retention/compensation activities were displayed in Exhibit J to the preliminary report.  As Stuart Maue makes no recommendation for a fee reduction, Exhibit J is omitted from this report.

**Review of Expenses**

16.    **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3. provide that the factors relevant to a determination that the expense is proper include "Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred."  With the exception of two charges, AlixPartners provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.  The two charges which are vaguely described totaled $32.74 and are displayed in the following table:

| Entry Date | Amount | Description |
|---|---|---|
| 04/21/09 | $16.37 | Other Kali Chowdhury |
| 04/22/09 | $16.37 | Other Kali Chowdhury |

Stuart Maue requested that AlixPartners provide additional information for the foregoing charges. In response, the firm stated the employee who incurred the charges is no longer with the firm so there is no means to obtain further detail. Accordingly, AlixPartners agreed to a voluntary expense reduction in the amount of $32.74.

17.    **Overhead Expenses.**    Section II.E.7. of the Guidelines states that nonreimbursable overhead "includes, but is not limited to, word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges." AlixPartners requested reimbursement in the amount of $39.95 for "computer supplies/support." Stuart Maue requested that AlixPartners provide an explanation for the necessity and purpose of the apparently overhead expenses.

In response, the firm stated the charge was for a software license and agreed to a voluntary expense reduction in the amount of $39.95.

18.    **Team Meals.**    AlixPartners requested reimbursement in the amount of $868.87 for team meals. It was not possible to determine whether the meals related to meetings with people outside the firm or were meals solely for employees of AlixPartners that were unrelated to travel. Stuart Maue requested that AlixPartners provide an explanation for the purpose of the meal charges, which were displayed in Exhibit K to the preliminary report.

In response, the firm provided additional information for each meal in question. The new detail showed that $474.31 of the meal charges arose from in-town lunches and dinners for firm personnel. AlixPartners considers such costs reimbursable, but regardless of any firm policy such charges are considered firm overhead absent unusual circumstances. Stuart Maue recommends an expense reduction in the amount of $474.31 resulting from the in-town meal charges incurred by AlixPartners personnel displayed in Exhibit K attached hereto.

19.    **Travel Expenses – Airfare and Related Expenses.**    AlixPartners requested reimbursement for airfare and related expenses in the amount of $8,784.67.    Each description for airfare charge reimbursement requested by AlixPartners stated that the charge reflected either coach or economy fare.

20.    **Travel Meals.**    AlixPartners requested reimbursement for meals in the amount of $2,510.77.    Of this amount, the descriptions for charges totaling $164.51 provided the names of the attendees but no location or type of meal (breakfast, lunch, or dinner).    Based on prior rulings of this Court, a ceiling for a breakfast is $15.00 per person, lunch is $25.00 per person and dinner is $50.00 per person.    Stuart Maue was unable to determine whether the meals exceeded the ceiling amounts because the type of meal was not provided.    The questioned meal charges were displayed in Exhibit L to the preliminary report.    Stuart Maue requested that AlixPartners provide further information for the charges listed in this exhibit, including the number of attendees, the location where the meal charge was incurred, and whether the meal was a breakfast, lunch or dinner.

In response, AlixPartners provided additional detail for each of the charges in question, and in doing so identified $145.51 resulting from in-town lunches and dinners for firm personnel.    For the reasons stated in the preceding paragraph, Stuart Maue recommends an expense reduction in the amount of $145.51 for the in-town meal expenses displayed in Exhibit L attached hereto.

In addition to the foregoing, the following table displays charges where the description provides the type of meal and the amount exceeded the ceiling amounts:

| Entry Date | Amount | Description | Meal Type | Ceiling (Multiplied by Number of Attendees) | Amount in Excess of Ceiling |
|---|---|---|---|---|---|
| 03/26/09 | $21.19 | Meals & Tips Brad Hall-breakfast | Breakfast | $15.00 | $6.19 |
| 03/27/09 | $27.91 | Meals & Tips Harold Lee-Lunch-Tribune | Lunch | $25.00 | $2.91 |
| 04/01/09 | $46.36 | Meals & Tips Kali Chowdhury-Breakfast | Breakfast | $15.00 | $31.36 |
| 04/06/09 | $131.76 | Meals & Tips Brad Hall-Dinner-Tribune-Brad Hall; Harold Lee | Dinner | $100.00 | $31.76 |
| 04/15/09 | $24.20 | Meals & Tips Mark Rule-Breakfast | Breakfast | $15.00 | $9.20 |
| 04/15/09 | $148.47 | Meals & Tips Mark Rule-Dinner-Tribune-Mark Rule; Kevin Carmody | Dinner | $100.00 | $48.47 |

| Entry Date | Amount | Description | Meal Type | Ceiling (Multiplied by Number of Attendees) | Amount in Excess of Ceiling |
|---|---|---|---|---|---|
| 04/24/09 | $202.78 | Meals & Tips Brad Hall-Dinner-Tribune-BH, MR, KC, HL | Dinner | $200.00 | $2.78 |
| 04/27/09 | $25.36 | Meals & Tips Albert Leung-Breakfast | Breakfast | $15.00 | $10.36 |
| 05/06/09 | $24.25 | Meals & Tips Harold Lee-Breakfast | Breakfast | $15.00 | $9.25 |

In response, AlixPartners stated that while the firm disagrees that the ceilings are "necessarily appropriate" the firm nonetheless agreed to a voluntary expense reduction in the amount of $152.28.

21.    **Travel – Hotel and Overnight Accommodation Charges.**    AlixPartners requested reimbursement for hotel and overnight accommodation costs in the amount of $7,466.97. Based on prior rulings of this Court, a ceiling for lodging is $350.00 per night (domestic). Several lodging charges appear to be in excess of $350.00 per night. The charges are displayed in the following table:

| Entry Date | Amount | Description | Amount in Excess of Ceiling |
|---|---|---|---|
| 04/06/09 | $413.14 | Lodging Brad Hall-Westin Hotels and Resorts-Chicago-4/5/2009-4/6/2009 | $63.14 |
| 04/06/09 | $413.14 | Lodging Harold Lee-Westin Hotels and Resorts-Chicago-4/5/2009-4/6/2009 | $63.14 |
| 04/21/09 | $403.33 | Lodging Albert Leung-Sheraton-New York-4/21/2009 | $53.33 |
| 04/22/09 | $357.28 | Lodging Brad Hall-Marriott Hotels-Hartford-4/22/2009 | $7.28 |
| 04/22/09 | $379.28 | Lodging Albert Leung-Marriott Hotels-Hartford-4/22/2009 | $29.28 |
| 04/29/09 | $1,383.51 | Lodging Kali Chowdhury-Sheraton-San Francisco-4/27/2009-4/29/2009 | $683.51 |

In response, AlixPartners provided a spreadsheet that indicated that the two lodging charges dated 04/06/09 encompassed two nights and therefore did not breach the ceiling. The spreadsheet also stated that the lodging charge dated 04/29/09 included three nights, so the amount in excess of the ceiling was $333.51 rather than $683.51. In total, the firm agreed to a voluntary expense reduction in the amount of $423.40 despite disagreeing with the $350.00 per night ceiling.

## Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $1,579,823.25 ($1,582,226.25 minus $2,403.00) and reimbursement of expenses in the amount of $23,340.15

($24,608.34 minus $1,268.19), for the period from March 1, 2009, through May 31, 2009. A summary of the findings is attached as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
    John L. Decker, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:    (314) 291-3030
    Facsimile:    (314) 291-6546
    tribunebkr@smmj.com

**Fee Examiner**

**APPENDIX A**

**ALIXPARTNERS, LLP**

### SUMMARY OF FINDINGS

#### Second Interim Application (March 1, 2009 through May 31, 2009)

##### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $1,582,226.25 | |
| Expenses Requested | 24,608.34 | |
| | | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | $1,606,834.59 |
| | | |
| Fees Computed | $1,582,226.25 | |
| Expenses Computed | 24,608.34 | |
| | | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | $1,606,834.59 |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $1,582,226.25 | |
| *Agreed Reduction for Administrative Activities* | ($  387.50) | |
| *Agreed Reduction for Clerical Activities* | (2,015.50) | |
| Subtotal | ($2,403.00) | |
| | | |
| **RECOMMENDED FEE ALLOWANCE** | | $1,579,823.25 |
| | | |
| Expenses Requested | $24,608.34 | |
| *Agreed Reduction for Vaguely Described Expenses* | ($   32.74) | |
| *Agreed Reduction for Overhead Expenses* | (39.95) | |
| *Recommended Reduction for Team Meals* | (474.31) | |
| *Recommended Reduction for Travel Meals (incurred in town)* | (145.51) | |
| *Agreed Reduction for Travel Meals (in excess of ceiling amounts)* | (152.28) | |
| *Agreed Reduction for Hotel and Overnight Accommodation Charges* | (423.40) | |
| Subtotal | ($1,268.19) | |
| | | |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | | 23,340.15 |
| | | |
| **TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | | $1,603,163.40 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 23rd day of March, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Alan D. Holtz, Esq.
Managing Director
AlixPartners, LLP
9 West 57th Street, Suite 3420
New York, NY  10019

John L. Decker, Esq.

EXHIBIT A

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**AlixPartners, LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| KMC | Carmody, Kevin M. | MANAG DIRECTOR | $342.50 | $685.00 | 174.80 | $117,717.25 |
| 1211 | Holtz, Alan | MANAG DIRECTOR | $790.00 | $790.00 | 116.00 | $91,640.00 |
| 553 | Murphy, Michael | MANAG DIRECTOR | $790.00 | $790.00 | 100.00 | $79,000.00 |
| RBD | Den Uyl, R. Bruce | MANAG DIRECTOR | $835.00 | $835.00 | 51.90 | $43,336.50 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $749.25 | | 442.70 | $331,693.75 |
| | | | | % of Total: | 14.36% | % of Total: 20.96% |
| 1244 | Hall, Brad | DIRECTOR | $297.50 | $595.00 | 535.50 | $297,202.50 |
| 1189 | Lee, Harold Y. | DIRECTOR | $255.00 | $510.00 | 571.20 | $286,951.50 |
| MFR | Rule, Mark F. | DIRECTOR | $255.00 | $510.00 | 241.25 | $120,551.25 |
| 1150 | Chiu, Kevin | DIRECTOR | $510.00 | $510.00 | 103.90 | $52,989.00 |
| MJB | Brown, Marc J. | DIRECTOR | $595.00 | $595.00 | 81.20 | $48,314.00 |
| MJH | Haftl, Michael | DIRECTOR | $595.00 | $595.00 | 34.10 | $20,289.50 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $527.26 | | 1,567.15 | $826,297.75 |
| | | | | % of Total: | 50.83% | % of Total: 52.22% |
| 398 | Leung, Albert | VICE PRESIDENT | $225.00 | $450.00 | 608.50 | $267,075.00 |
| 1484 | Kim, Young | VICE PRESIDENT | $450.00 | $450.00 | 65.70 | $29,565.00 |
| JK | Kopa, Jeffrey W. | VICE PRESIDENT | $395.00 | $395.00 | 34.00 | $13,430.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $437.83 | | 708.20 | $310,070.00 |
| | | | | % of Total: | 22.97% | % of Total: 19.60% |
| KC | Chowdhury, Kali | ASSOCIATE | $182.50 | $365.00 | 150.60 | $51,045.25 |
| CR | Rubel, Christopher | ASSOCIATE | $295.00 | $295.00 | 149.35 | $44,058.25 |
| AT | Tymowski, Adam | ASSOCIATE | $365.00 | $365.00 | 39.75 | $14,508.75 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $322.67 | | 339.70 | $109,612.25 |
| | | | | % of Total: | 11.02% | % of Total: 6.93% |
| DJP | Postlewait, Deanna J. | ANALYST | $235.00 | $235.00 | 4.00 | $940.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**AlixPartners, LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| | No. of Billers for Position: 1 | Blended Rate for Position: | $235.00 | | 4.00 | $940.00 |
| | | | | % of Total: | 0.13% | % of Total: 0.06% |
| EG | Green, Erin | PARAPROFESSIONA | $170.00 | $170.00 | 8.50 | $1,445.00 |
| CB | Bednarek, Catherine M. | PARAPROFESSIONA | $170.00 | $170.00 | 3.00 | $510.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $170.00 | | 11.50 | $1,955.00 |
| | | | | % of Total: | 0.37% | % of Total: 0.12% |
| JB | Braverman, Jennifer | ADMINISTRATIVE | $170.00 | $170.00 | 9.75 | $1,657.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $170.00 | | 9.75 | $1,657.50 |
| | | | | % of Total: | 0.32% | % of Total: 0.10% |
| | Total No. of Billers: 20 | Blended Rate for Report: | $513.21 | | 3,083.00 | $1,582,226.25 |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

AlixPartners, LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hall, B | 0.50 | 297.50 |
| Kim, Y | 0.20 | 90.00 |
| | 0.70 | $387.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Planning, Supervision and Review | 0.70 | 387.50 |
| | 0.70 | $387.50 |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 03/02/09 | Hall, B | 0.50 | 0.50 | 297.50 | | *MATTER NAME: Planning, Supervision and Review* |
| Mon | 052009-20/480 | | | | 1 | PLANNING FOR ADDITIONAL STAFFING REQUIRED. |
| 05/04/09 | Kim, Y | 0.20 | 0.20 | 90.00 | | *MATTER NAME: Planning, Supervision and Review* |
| Mon | 052009-20/1815 | | | | 1 | RECEIVED INSTRUCTIONS REGARDING PROJECT STATUS AND NEXT STEPS. |
| Total | | | 0.70 | $387.50 | | |
| | Number of Entries: | 2 | | | | |

EXHIBIT H

ADMINISTRATIVE ACTIVITIES

AlixPartners, LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Hall, B | 0.50 | 297.50 |
| Kim, Y | 0.20 | 90.00 |
| | 0.70 | $387.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Planning, Supervision and Review | 0.70 | 387.50 |
| | 0.70 | $387.50 |

EXHIBIT I

CLERICAL ACTIVITIES

AlixPartners, LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bednarek, C | 3.00 | 510.00 |
| Braverman, J | 9.75 | 1,657.50 |
| Green, E | 8.50 | 1,445.00 |
| Hall, B | 0.20 | 119.00 |
| | 21.45 | $3,731.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Avoidance Actions | 11.50 | 1,955.00 |
| Prospective Financials | 9.95 | 1,776.50 |
| | 21.45 | $3,731.50 |

EXHIBIT I  PAGE 1 of 4

EXHIBIT I
CLERICAL ACTIVITIES
AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|-------------|
| 03/31/09 Tue | Bednarek, C 052009-14/436 | 3.00 | 3.00 | 510.00 | 1 | *MATTER NAME: Avoidance Actions*<br>PRODUCED AND ORGANIZED TRIBUNE FINANCIAL DOCUMENTS FOR A. TYMOWSKI. |
| 03/31/09 Tue | Green, E 052009-14/439 | 2.50 | 2.50 | 425.00 | 1 | *MATTER NAME: Avoidance Actions*<br>PRINTED AND ORGANIZED TRIBUNE FINANCIAL DOCUMENTS FOR A. TYMOWSKI. |
| 04/07/09 Tue | Braverman, J 052009-05/769 | 1.00 | 1.00 | 170.00 | 1 | *MATTER NAME: Prospective Financials*<br>PREPARED SUPPORTING DOCUMENT BINDERS FOR DUE DILIGENCE VISIT. |
| 04/09/09 Thu | Braverman, J 052009-05/780 | 0.75 | 0.75 | 127.50 | 1 | *MATTER NAME: Prospective Financials*<br>PREPARED SUPPORTING DOCUMENT BINDERS FOR DUE DILIGENCE VISIT. |
| 04/10/09 Fri | Braverman, J 052009-05/785 | 0.75 | 0.75 | 127.50 | 1 | *MATTER NAME: Prospective Financials*<br>PREPARED SUPPORTING DOCUMENT BINDERS FOR DUE DILIGENCE VISIT. |
| 04/20/09 Mon | Braverman, J 052009-05/835 | 3.00 | 3.00 | 510.00 | 1 | *MATTER NAME: Prospective Financials*<br>PREPARED SUPPORTING DOCUMENT BINDERS FOR DUE DILIGENCE VISIT. |
| 04/23/09 Thu | Braverman, J 052009-05/873 | 0.75 | 0.75 | 127.50 | 1 | *MATTER NAME: Prospective Financials*<br>PREPARED SUPPORTING DOCUMENT BINDERS FOR DUE DILIGENCE VISIT. |
| 04/28/09 Tue | Braverman, J 052009-05/884 | 1.00 | 1.00 | 170.00 | 1 | *MATTER NAME: Prospective Financials*<br>PREPARED SUPPORTING DOCUMENT BINDERS FOR DUE DILIGENCE VISIT. |
| 04/29/09 Wed | Braverman, J 052009-05/885 | 2.50 | 2.50 | 425.00 | 1 | *MATTER NAME: Prospective Financials*<br>PREPARED SUPPORTING DOCUMENT BINDERS FOR DUE DILIGENCE VISIT. |
| 05/06/09 Wed | Green, E 052009-14/1720 | 4.50 | 4.50 | 765.00 | 1 | *MATTER NAME: Avoidance Actions*<br>PREPARED SUPPORTING DOCUMENTATION FOR ANALYSIS. |
| 05/07/09 Thu | Green, E 052009-14/1729 | 1.50 | 1.50 | 255.00 | 1 | *MATTER NAME: Avoidance Actions*<br>PREPARED SUPPORTING DOCUMENTATION FOR ANALYSIS. |
| 05/20/09 Wed | Hall, B 052009-05/1493 | 0.20 | 0.20 | 119.00 | 1 | *MATTER NAME: Prospective Financials*<br>SCHEDULED PHONE MEETINGS WITH TRIBUNE OPERATIONS IN BALTIMORE, HOUSTON, WGN - AMERICA AND TMS. |

EXHIBIT I PAGE 2 of 4

EXHIBIT I
CLERICAL ACTIVITIES
AlixPartners, LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|------|-----------------|-------------|-------|------|-------------|
|      |                 |             | 21.45 | $3,731.50 |         |
| Total |                |             |       |      |             |
| Number of Entries: | 12 |          |       |      |             |

EXHIBIT I  PAGE 3 of 4

EXHIBIT I

CLERICAL ACTIVITIES

AlixPartners, LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Bednarek, C | 3.00 | 510.00 |
| Braverman, J | 9.75 | 1,657.50 |
| Green, E | 8.50 | 1,445.00 |
| Hall, B | 0.20 | 119.00 |
| | 21.45 | $3,731.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Avoidance Actions | 11.50 | 1,955.00 |
| Prospective Financials | 9.95 | 1,776.50 |
| | 21.45 | $3,731.50 |

EXHIBIT I  PAGE 4 of 4

EXHIBIT

Team Meals

AlixPartners, LLP

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 02/10/09 | 052009/3 | 102.22 | | 102.22 | MEALS - ENGAGEMENT TEAM MICHAEL MURPHY [MICHAEL MURPHY]<br>*  IN TOWN WORKING DINNER FOR TRIBUNE TEAM |
| 02/21/09 | 052009/10 | 41.72 | | 41.72 | MEALS - ENGAGEMENT TEAM MICHAEL MURPHY [MICHAEL MURPHY]<br>*  IN TOWN WORKING DINNER FOR M. MURPHY |
| 03/09/09 | 052009/11 | 17.25 | | 17.25 | MEALS - ENGAGEMENT TEAM ALBERT LEUNG [ALBERT LEUNG]<br>*  IN TOWN WORKING DINNER FOR A. LEUNG |
| 03/10/09 | 052009/12 | 13.58 | | 13.58 | MEALS - ENGAGEMENT TEAM HAROLD LEE [HAROLD LEE]<br>*  IN TOWN WORKING DINNER FOR H. LEE |
| 03/20/09 | 052009/42 | 23.55 | | 23.55 | MEALS - ENGAGEMENT TEAM HAROLD LEE [HAROLD LEE]<br>*  IN TOWN WORKING DINNER FOR H. LEE |
| 03/23/09 | 052009/46 | 24.66 | | 24.66 | MEALS - ENGAGEMENT TEAM HAROLD LEE [HAROLD LEE]<br>*  IN TOWN WORKING DINNER FOR H. LEE |
| 03/23/09 | 052009/47 | 91.80 | | 91.80 | MEALS - ENGAGEMENT TEAM KEVIN CHIU [KEVIN CHIU]<br>*  IN TOWN WORKING DINNER FOR TRIBUNE TEAM |
| 03/24/09 | 052009/51 | 24.14 | | 24.14 | MEALS - ENGAGEMENT TEAM HAROLD LEE [HAROLD LEE]<br>*  IN TOWN WORKING DINNER FOR H. LEE |
| 03/26/09 | 052009/54 | 22.79 | | 22.79 | MEALS - ENGAGEMENT TEAM ALBERT LEUNG [ALBERT LEUNG]<br>*  IN TOWN WORKING DINNER FOR A. LEUNG |
| 03/30/09 | 052009/61 | 25.96 | | 25.96 | MEALS - ENGAGEMENT TEAM ALBERT LEUNG [ALBERT LEUNG]<br>*  IN TOWN WORKING DINNER FOR A. LEUNG |
| 04/01/09 | 052009/97 | 40.13 | | 40.13 | MEALS & TIPS ALBERT LEUNG-LUNCH-TRIBUNE TEAM [ALBERT LEUNG]<br>*  IN TOWN WORKING LUNCH FOR TRIBUNE TEAM |
| 04/02/09 | 052009/103 | 19.50 | | 19.50 | MEALS & TIPS ALBERT LEUNG-LUNCH-TRIBUNE TEAM [ALBERT LEUNG]<br>*  IN TOWN WORKING LUNCH FOR A. LEUNG |
| 04/20/09 | 052009/171 | 27.01 | | 27.01 | MEALS & TIPS ALBERT LEUNG-LUNCH-TRIBUNE TEAM-HAROLD LEE: BRAD HALL: ALBERT LEUNG [ALBERT LEUNG]<br>*  IN TOWN WORKING LUNCH FOR A. LEUNG, H. LEE, B. HALL |
| | | $474.31 | | $474.31 | |

Travel Meals (No Indication of Meal Type)

AlixPartners, LLP

| DATE | INVOICE/ENTRY | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|---------------|---------------|---------------|----------------|-------------|
| 02/15/09 | 052009/5 | 23.79 | | 23.79 | MEALS & TIPS YOUNG KIM [YOUNG KIM]<br>*  IN TOWN WORKING DINNER FOR Y. KIM |
| 02/17/09 | 052009/9 | 23.58 | | 23.58 | MEALS & TIPS YOUNG KIM [YOUNG KIM]<br>*  IN TOWN WORKING DINNER FOR Y. KIM |
| 03/24/09 | 052009/48 | 18.50 | | 18.50 | MEALS & TIPS ALBERT LEUNG [ALBERT LEUNG]<br>*  IN TOWN WORKING LUNCH FOR A. LEUNG |
| 03/27/09 | 052009/55 | 17.50 | | 17.50 | MEALS & TIPS ALBERT LEUNG [ALBERT LEUNG]<br>*  IN TOWN WORKING LUNCH FOR A. LEUNG |
| 03/29/09 | 052009/59 | 42.14 | | 42.14 | MEALS & TIPS ALBERT LEUNG [ALBERT LEUNG]<br>*  IN TOWN WORKING LUNCH FOR A. LEUNG, H. LEE, B. HALL AND K. CHIU |
| 04/07/09 | 052009/127 | 20.00 | | 20.00 | MEALS & TIPS HAROLD LEE TIP [HAROLD LEE]<br>*  IN TOWN WORKING DINNER FOR H. LEE |
| | | $145.51 | | $145.51 | |

EXHIBIT L  PAGE 1 of 1