IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket No. 3664, 3766 |

## ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR LOS ANGELES TIMES COMMUNICATIONS LLC TO SELL MEMBERSHIP INTEREST AND ENTER INTO AND PERFORM OBLIGATIONS UNDER LLC MEMBERSHIP INTEREST PURCHASE AGREEMENT

Upon the Motion[2] of debtor Los Angeles Times Communications LLC ("L.A. Times") for entry of an order pursuant to section 363 of the Bankruptcy Code authorizing L.A. Times to (i) sell its 66.67% ownership in Zetabid Holdings LLC (the "Zetabid Interest") on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

46429/0001-6363285V1

terms set forth in the LLC Membership Interest Purchase Agreement (the "Purchase Agreement"), free and clear of all liens, claims, and encumbrances, with any such liens, claims, and encumbrances attaching to the proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Zetabid Interest, subject to any claims and defenses L.A. Times may possess with respect thereto, and (ii) enter into and perform its obligations under the Purchase Agreement and any related agreements; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of L.A. Times, the other Debtors, their estates, creditors, and other parties-in-interest; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that any objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the approval of the Motion, and all reservations of rights included therein, are hereby denied and overruled with prejudice; and it is further;

ORDERED, that pursuant to section 363 of the Bankruptcy Code, L.A. Times is authorized to take any and all actions necessary to enter into and perform its obligations under the Purchase Agreement, including but not limited to selling the Zetabid Interest pursuant to the terms described in the Purchase Agreement; and it is further

ORDERED, that L.A. Times's disposition of the Zetabid Interest shall be free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances attaching

to the proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Zetabid Interest, subject to any claims and defenses L.A. Times may possess with respect thereto; and it is further

ORDERED, that this Order shall be binding in all respects upon L.A. Times, its estate, all creditors of, and holders of equity interests in, the L.A. Times, any holders of liens, claims or other interests in, against or on all or any portion of the Zetabid Interest (whether known or unknown), Zetabid and all successors and assigns of Zetabid, the Zetabid Interest and any trustees, if any, subsequently appointed in L.A. Times's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of L.A. Times's case. This order and the Purchase Agreement shall inure to the benefit of L.A. Times, its estates and creditors, Zetabid and the respective successors and assigns of each of the foregoing; and it is further;

ORDERED, that the transaction contemplated by the Purchase Agreement is undertaken by Zetabid without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Zetabid Interest shall not affect the validity of the sale, unless such authorization and such sale are duly stayed pending such appeal. Zetabid is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code; and it is further;

ORDERED, that the Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such

3

modification, amendment or supplement is either (a) not material, or (b) does not have a material adverse effect on L.A. Times' estate; and it is further

ORDERED, that the disposition of the Zetabid Interest is hereby authorized pursuant to Federal Rule of Bankruptcy Procedure 6004(f)(1); and it is further

ORDERED that the 14-day stay under Bankruptcy Rule 6004(h) is hereby waived, and this Order shall become effective and enforceable immediately upon entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
       March 23, 2010

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge

46429/0001-6363285V1