# EXHIBIT A

CH1 5256311V.4

BEFORE THE FRANCHISE TAX BOARD

OF THE STATE OF CALIFORNIA

In re:

Appeal of The Times Mirror Company – Taxable Years Ending 12/31/1997, 12/31/1998 and 12/31/1999

Corporation Tax - Claims for Refund

SETTLEMENT AGREEMENT

CLOSING THE TAXABLE YEARS

<u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement (hereinafter "this Agreement") is entered into by and between The Times Mirror Company (hereinafter "Times Mirror"), California Community News Corporation (hereinafter "California Community), Tribune Company, and the Franchise Tax Board of the State of California (hereinafter "FTB"), Times Mirror, California Community and Tribune Company being collectively referred to herein as "the Taxpayer" and the Taxpayer and FTB being collectively referred to herein as "the parties", and is made pursuant to the authority provided by California Revenue and Taxation Code section 19442.

RECITALS

A.  On November 12, 2002, Times Mirror filed claims for refund in the amounts of $2,784,506 and $605,225 for taxable years ending 12/31/1997 and 12/31/1998, respectively, and on May 13, 2003, Taxpayer filed a claim for refund in the amount of $608,247 for taxable year ending 12/31/1999.

B.  Notices of Action on Cancellation, Credit or Refund, dated March 7, 2008, were issued to Taxpayer, denying the claims for the taxable years ending 12/31/1997 and 12/31/1998, and partially denying the claims for the taxable year ending 12/31/1999. Taxpayer timely appealed such Notices (Appeal No. 450980).

C.  On April 17, 2009, the FTB issued a Notice of Proposed Assessment, number 00220515, for the taxable year ending 12/31/1998. On May 7, 2009, the FTB issued a Revised Notice of Proposed Assessment ("Revised Notice") for the taxable year ending 12/31/1998 in the amount of $19,827,057. The Revised Notice superseded the April 17, 2009 Notice of Proposed Assessment issued for the taxable year ending 12/31/1998. The Taxpayer timely protested the Revised Notice. The dispute that has arisen as a result of the protest of the Revised Notice is not addressed by this Agreement.

D.  Taxpayer's appeal has resulted in a dispute between Taxpayer and FTB with respect to the amount of tax and interest payable by Taxpayer under the Revenue and Taxation Code for taxable years ending 12/31/1997, 12/31/1998 and 12/31/1999, (hereinafter "the taxable years in issue").

E.  Tribune Company is the successor in interest of Times Mirror.

F.  Tribune Company filed a voluntary Chapter 11 bankruptcy petition on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware, thereby commencing Case No. 08-13141

(hereinafter the "Tribune Case").

G. On June 5, 2009, FTB filed a proof of claim (the "Claim") in the Tribune Case.

H. California Community filed a voluntary Chapter 11 bankruptcy petition on December 8, 2008 in the United States Bankruptcy Court for the District of Delaware, thereby commencing Case No. 08-13145 (hereinafter the "California Community Case").

I. The parties are entering into this Agreement to effect a final and complete settlement of the Taxpayer's liability for tax, penalties, and interest for the taxable years in issue (hereinafter "Taxpayer's California tax liability"), except as described in paragraph 6.

J. FTB finds that settlement upon the terms set forth herein is in the best interests of the State of California.

AGREEMENT

Accordingly, IT IS HEREBY STIPULATED AND AGREED between the parties:

1. The tax liability for the taxable years in issue, not including interest, is settled by the parties agreeing that Tribune Company is entitled to tax refunds for the taxable years ending 12/31/1997, 12/31/1998 and 12/31/1999 in the amounts of $413,854, $476,644 and $488,006, respectively.

2. The parties understand and agree that FTB has pending audits related to Taxpayer's liability for the taxable years 2002 through 2007 and that FTB will not pay the refunds unless and until it determines that it does not have and will not have any set-off or recoupment rights related to such refunds as a result of the audits or otherwise. Until such determination is made, the settlement refund amounts will be held on account as a tax deposit.

3. Interest shall continue to accrue on the settlement tax refund amount pursuant to the applicable provisions of the Revenue and Taxation Code, until paid, set-off or recouped.

4. Contemporaneously herewith, the parties shall execute a stipulation dismissing Times Mirror's appeal. Such stipulation shall be filed with the Board of Equalization upon approval of the settlement by the Franchise Tax Board, itself.

5. Except as expressly set forth herein, the settlement of Taxpayer's California tax liability set forth herein shall be final and conclusive with respect to all tax, penalties, interest or other additions to or refunds of Taxpayer's California tax liability for the taxable years in issue. The parties agree that, except as set forth

1  in Paragraph 6, neither party will raise or attempt to raise, by way of Notice(s) of Proposed Assessment,
2  claim(s) for refund, offset, and/or interest abatement, any further adjustment to Taxpayer's liability for taxes,
3  penalties, additions to tax and/or interest, for the taxable years in issue.

4      6. This Agreement is a final and complete resolution of the taxable years in issue, except for:

5          a. Further adjustments made to Taxpayer's California tax liability, which were not at issue in this
6            settlement, due to any final federal determination(s), as defined in Revenue and Taxation
7            Code section 18622, and,

8          b. Further adjustments made to Taxpayer's California tax liability, any associated interest,
9            and/or any penalties provided for under Revenue and Taxation Code sections 19164, 19774
10           or 19777 that relate to any abusive tax avoidance transaction(s), as defined in Revenue and
11           Taxation Code section 19753, subdivision (c); and,

12         c. Any penalty provided for in Revenue and Taxation Code section 19772 for a failure to
13           disclose a listed transaction or other reportable transaction; and,

14         d. Any amounts already due and payable by Taxpayer as of the date of Taxpayer's execution of
15           this Agreement.

16         e. The Revised Notice for the taxable year ending 12/31/1998.

17     7. This Agreement is a compromise settlement of certain disputed tax matters, including the
18 associated interest thereon. It is expressly understood and agreed by the parties that in agreeing to such
19 settlement neither party has made any concessions regarding the merits of its positions or the merits of the
20 other party's positions regarding such disputed tax matters. Except as otherwise expressly set forth herein,
21 this Agreement shall have no effect upon the correctness of Taxpayer's returns and/or claims for refund for
22 any year other than the taxable years in issue.

23     8. Notwithstanding paragraph 7 above, Tribune Company is entitled to depreciation deductions in
24 the amounts of $1,913,280 for the taxable year ending 12/31/2002, $440,065 for the taxable years
25 ending 12/31/2003 through 12/31/2006 and $203,916 for the taxable years ending 12/31/2007 and
26 12/31/2008. Additionally, it is agreed that California Community has a manufacturers' investment carryover
27 from the taxable year ending 12/31/1999 of $46,343, which will be available for subsequent taxable years.

28     9. As part of this Agreement, the parties further agree the communications, correspondence,

and/or documentation relating to the negotiations for and the terms and conditions of the settlement and this Agreement, are and shall remain confidential information, and neither party, nor any officer, employee, agent, attorney, accountant or representative of a party shall in any way, directly or indirectly, divulge or communicate to any third party such confidential information except, but only to the extent actually required:

    a. To fulfill the purposes of this Agreement; or,

    b. By the provisions of California Revenue and Taxation Code section 19442; or,

    c. By any rule or regulation of any governmental agency; or,

    d. To fulfill Taxpayer's financial reporting requirements; or,

    e. By law; or,

    f. By agreement, in writing, of the parties; or,

    g. By the terms of the Agreement Not to Disclose Settlement Communications and Workpapers previously entered into between the parties and Taxpayer's representative.

10. This Agreement represents the entire agreement of the parties concerning the subject matter hereof and supersedes all prior agreements or understandings, whether written or oral, of the parties hereto, excepting only the Agreement Not To Disclose Settlement Communications and Workpapers previously entered into between the parties and Taxpayer's representative.

11. This Agreement shall be construed and interpreted in accordance with the laws of the State of California. The parties, and each of them, hereby agree to submit to the jurisdiction of the California courts in any action relating to this Agreement or the enforcement or interpretation of the terms hereof.

12. Each party shall bear the fees and costs arising from the actions of its own counsel and/or representative in connection with this dispute and the settlement thereof, including but not limited to, those fees and/or costs related to the execution of this Agreement and the attendant responsibilities resulting therefrom.

13. Each party, on its own behalf, represents and warrants that the signatories to this Agreement have the authority to execute this Agreement on behalf of the respective party.

14. This Agreement is binding upon the parties and their subsidiaries, heirs, personal representatives, successors in interest and assigns, and each of them.

15. On or before July 1, 2010, Taxpayer shall obtain and provide to FTB (a) the original of this

1 | Agreement executed by or on behalf of the Taxpayer and (b) final, nonappealable entered orders of the Bankruptcy Court in the Tribune Case and the California Community Case approving this Agreement. Should the Taxpayer fail to do so, this Agreement will be without effect.

16. If FTB receives on or before July 1, 2010 both (a) the original of this Agreement executed by or on behalf of Taxpayer, and (b) the final, nonappealable entered orders of the Bankruptcy Court in the Tribune Case and the California Community Case, this Agreement will be solely conditioned upon the following being obtained within a reasonable period of time:

   a. The approval of the settlement by FTB's Legal Management; and,
   b. A conclusion by the Office of the Attorney General (where required by statute) that the settlement is reasonable from an overall perspective; and,
   c. The approval of the settlement by the Franchise Tax Board, itself.

Upon completion of the foregoing and the execution of this Agreement by an officer or employee of FTB, this Agreement shall become final, enforceable, and nonappealable, except upon a showing of fraud or misrepresentation of a material fact, as set forth in Revenue and Taxation Code section 19442.

17. Upon approval of this Agreement by the Franchise Tax Board, FTB is authorized to amend the Claim consistent with the terms of this settlement

Date: 3/19/10

THE TIMES MIRROR COMPANY

By: Patrick Shanahan

Title: Vice President of Taxes, Tribune Company

Date: 3/19/10

TRIBUNE COMPANY

By: Patrick Shanahan

Title: Vice President of Taxes, Tribune Company

/////
/////
/////
/////

5

| | | |
|---|---|---|
| 1 | Date: 3/19/10 | CALIFORNIA COMMUNITY NEWS |
| 2 | | [signature] |
| 3 | | By: Patrick Shanahan |
| 4 | | Title: Vice President of Taxes, Tribune Company |
| 5 | Date: _____ | FRANCHISE TAX BOARD |
| 6 | | |
| 7 | | By: Cindy L. Rogers |
| 8 | | Section Adm. |

28  Case Unit No. 1210190037338660
Settlement\Reports\Settlement Agreement

6