# Exhibit A

Settlement Agreement

# Department of Revenue Services, State of Connecticut
# CLOSING AGREEMENT

## TRIBUNE TELEVISION COMPANY AND AFFILIATES
## 435 N MICHIGAN AVE
## CHICAGO, IL 60611-4066
## CT Tax Reg. #5634381-901

(Taxpayer's name, address, and Social Security Number or Connecticut registration number)

Under section 12-2e of the Connecticut General Statutes, the Commissioner of Revenue Services and TRIBUNE TELEVISION COMPANY AND AFFILIATES [hereinafter, "the Taxpayer"] agree that the assessed liability of the taxpayer for the taxable period and type of tax listed in this Agreement is as follows:

| *Taxable period ending* | *Type of Tax* | *Tax* | *Interest* | *Total Liability* |
|---|---|---|---|---|
| 12/96 – 12/02 | Corporation | $ 177,980.00 | $ 150,247.00 | $ 328,227.00 |
| 12/03 – 12/07 | Corporation | $8,618,680.00 | $3,233,093.00 | $11,851,773.00 |

Interest on the total liability has accrued and is included in the above amounts through December 8, 2008.

This Agreement is final and conclusive, and the liability to which it relates and noted above shall not be reopened (or the Agreement modified) as to the matters agreed upon, and any determination, assessment, collection, payment, abatement, refund or credit made in accordance with this Agreement shall not be annulled, modified, set aside or disregarded in any suit, action or proceeding, except:

(1) the tax liability to which this Agreement relates may be reopened in the event of fraud, malfeasance, or misrepresentation of material fact by the Taxpayer, and

(2) this Agreement is subject to section 12-226 of the Connecticut General Statutes. Specifically, if the Taxpayer's income, profits or earnings have been adjusted or corrected by the Internal Revenue Service or an amended return has been filed with the Director of the Internal Revenue Service for the taxable periods addressed in this Agreement, the Taxpayer may have a greater tax liability and be required to pay additional tax, or be entitled to a refund, plus interest as allowed by statute for such period.

(3) the above taxable periods may be reopened if it is determined by the Department of Revenue Services that the taxpayer participated in an "abusive" tax shelter transaction designated by the Internal Revenue Service as a "listed transaction." For purposes of this Agreement, a "listed transaction" is a transaction that is the same as, or substantially similar to, one identified by the Internal Revenue Service under Internal Revenue Code §6011 and the Treasury Regulations thereunder, whether or not (a) the Internal Revenue Service had identified the transaction as a "listed transaction" at the time the taxpayer entered into the transaction, or (b) the transaction is (or was) required to be disclosed by the taxpayer as a "listed transaction" according to the Treasury Regulations (including temporary regulations) under Internal Revenue Code §6011.

CLOSING AGREEMENT UNDER CONN. GEN. STAT. §12-2c
TRIBUNE TELEVISION COMPANY AND AFFILIATES
TID #: 5634381-901
Taxable Period Ending: 12/96 through 12/07
Page 2

The parties recognize that Taxpayer and various of its affiliates have filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Chapter 11 cases of Taxpayer and its affiliates that have commenced such cases are jointly administered under Case No. 08-13141 (KJC). This Closing Agreement shall not become effective with respect to Taxpayer until the Agreement has been approved by the Bankruptcy Court.

The terms for repayment of this liability shall be determined in accordance with the provisions of the Bankruptcy Code, including sections 511 and 1129(a)(9)(C) and will be provided for in the Taxpayer's confirmed Plan of Reorganization. Payment of the total liabilities agreed to by the parties in this Closing Agreement in accordance with the terms of Taxpayer's confirmed Chapter 11 plan shall be in full and final satisfaction of any and all claims relating to liabilities of Taxpayer and its various affiliates for the payment of income taxes of the Department of Revenue Services, State of Connecticut, in Taxpayer's Chapter 11 cases, including, without limitation the following claims asserted in Proof of Claim No. 4148, filed by Connecticut Department of Revenue Services in Taxpayer's bankruptcy case (Copy attached as Exhibit A):

- Corporation Tax claim for the 12/02 tax period, in the amount of $4,551,250.92, and

- Corporation Tax claim for the 12/07 tax period, in the amount of $21,775,979.03;

provided, however, that to the extent such proofs of claim relate to income taxes for periods after December 2007, such proofs of claim are not satisfied or otherwise addressed by this Closing Agreement.

The parties expressly agree that neither party will seek to make a claim under the Connecticut Supreme Court decision in FDIC v. Commissioner, 251 Conn. 748, 741 A.2d 956 (1999), for any period or any issue covered by this Closing Agreement.

The parties also acknowledge there are no net operating loss carryovers or tax credit carryovers from the above taxable periods to taxable years ending after December 30, 2007.

The facts of and the terms of this Closing Agreement shall be maintained as confidential and shall not be disclosed by any of the parties and their legal and/or tax representatives, except that any of the terms of the Closing Agreement may be disclosed as required by law or by lawful process or to any regulating authority and may be disclosed to employees, affiliates, agents, or representatives of the parties, or to lenders or investors, to the extent that such information is required in the normal course of business, provided that such disclosure be accompanied by notice of the provisions of this section and a prohibition against redisclosure. Notwithstanding the foregoing, the parties agree that Taxpayer shall be entitled to disclose this Closing Agreement and the terms thereof in connection with obtaining Bankruptcy Court approval to enter into this Closing Agreement, and for any and all other purposes in Taxpayer's Chapter 11 cases, and that such disclosure does not breach any terms of this Closing Agreement.

By signing this Agreement, the parties certify that they have read and agreed to its terms.

CLOSING AGREEMENT UNDER CONN. GEN. STAT. §12-2e
TRIBUNE TELEVISION COMPANY AND AFFILIATES
TID #: 5634381-901
Taxable Period Ending: 12/96 through 12/07
Page 3

TRIBUNE TELEVISION COMPANY AND AFFILIATES:

By: *[signature]*  1/4/10
_____   Date signed

Asst Treasurer
_____
Title

Commissioner of Revenue Services:
By: *[signature] Scot R.*   1/6/10
_____   Date signed

Scot R. Anderson, Director, Appellate Division