UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

FEE EXAMINER'S FINAL REPORT
REGARDING THIRD QUARTERLY APPLICATION OF
JENNER & BLOCK LLP

Stuart Maue, fee examiner in this proceeding, submits this final report with respect to the Third

Quarterly Application of Jenner & Block LLP for the period from June 1, 2009, through

August 31, 2009 ("Application"), seeking approval of fees that total $84,368.46 and reimbursement of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

expenses that total $1,355.52. Jenner & Block LLP ("Jenner") is special counsel to the debtors for litigation matters.

## Background

1.      Stuart Maue reviewed the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.      This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees are displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.      Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.      Stuart Maue prepared and submitted a preliminary report to Jenner, and the firm provided a detailed written response. After consideration of the firm's reply, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

## Reconciliation of Fees and Expenses

5.      The Application stated that Equity Group Investments, LLC ("EGI") is responsible for paying one-fourteenth (1/14) of the legal fees and expenses due to Jenner on account of its representation of the Debtors in the *Neil* Litigation (but not any other matters). Thus, Jenner reduced the fee request by $495.54 and its expense request by $17.44, representing one-fourteenth of the fees and expenses invoiced to the *Neil* Litigation.

6.      After factoring in the EGI adjustment, the recomputation of fees and expenses revealed no difference between the amount requested and the amount computed

## Review of Fees

7.      **Firm Staffing.** The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." The Application provided the names, positions, and hourly rates of the Jenner timekeepers who billed to this matter. The matter was staffed with 22 professionals and paraprofessionals, consisting of 7 partners, 6 associates, 5 paralegals and project assistants, and 4 timekeepers from the "Litigation Support and Database Technology" category. A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm invoiced a total of 198.80 hours with associated fees of $84,864.00.[2]  The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 39.00 | 19% | $29,539.50 | 35% |
| Associate | 113.00 | 57% | 43,727.50 | 51% |
| Paralegal | 43.40 | 22% | 10,662.00 | 13% |
| Litigation Support/Database Technology | 3.40 | 2% | 935.00 | 1% |
| TOTAL | 198.80 | 100% | $84,864.00 | 100% |

The blended hourly rate for the Jenner professionals is $482.02 and the blended hourly rate for professionals and paraprofessionals is $426.88.

8.    **Hourly Rate Increases.**  Jenner did not increase the hourly rate of any timekeeper during the third interim period.

9.    **Transient Timekeepers.**  The activities of timekeepers whose participation appears to be limited and sporadic may be questionable if the value of their involvement and necessity of their contribution is unclear.  From a review of the activities performed by the timekeepers identified in Exhibit B to the preliminary report (totaling 18.70 hours with $7,265.50 in associated fees), considering the minimal involvement in the case, it appears their participation may have been unnecessary and potentially duplicative of other billers' roles.  Potentially transient timekeepers who performed paralegal and/or clerical services were not included within the exhibit.  Stuart Maue requested that the firm provide additional information regarding the role and necessity of the timekeepers' billing activities identified in the exhibit.

In response to the preliminary report, Jenner provided a detailed statement describing the experience, role, and necessity of six of the seven individuals at issue.  Given the additional information and context provided, Stuart Maue makes no recommendation for a fee reduction resulting from the six timekeepers addressed by the firm.  Jenner agreed to a voluntary fee reduction in the

---

[2] This is the fee amount computed by Stuart Maue with no adjustment for EGI's share.

amount of $400.00 resulting from the seventh timekeeper, whose billing entry is displayed in Exhibit B attached hereto.

10.    **Complete and Detailed Task Descriptions.**  Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity.  Section II.D.5 of the Guidelines states that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference."

a.    **Vaguely Described Conferences.**  Stuart Maue identified billing entries for conferences that did not include the subject or purpose of the communication.  The entries, totaling 1.90 hours with $1,662.50 in associated fees, were displayed in Exhibit C to the preliminary report. Stuart Maue requested additional detail from Jenner regarding the conferences, and that future fee applications contain the requisite specificity.

In response, the firm provided the missing detail regarding the conferences in question.  Stuart Maue makes no recommendation for a fee reduction, and Exhibit C is omitted from this report.

b.    **Other Vaguely Described Activities.**  Stuart Maue identified billing entries lacking requisite detail and provided the descriptions to Jenner in Exhibit D to the preliminary report. In response, the firm provided additional detail.  Stuart Maue makes no recommendation for a fee reduction due to the detail provided by the firm, but requests that future Jenner fee applications use more descriptive terms than "worked on" to describe the specific activity performed in each time entry. Exhibit D is omitted from this report.

11.     **Blocked Billing.**  The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." (Section II.D.5).  Jenner did not block bill time entries.

12.     **Conferences, Hearings, and Other Events.**  Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role," and Section II.D.5 of the Guidelines states that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees."  While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified.  *See In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833, 856 (3rd Cir. 1994).

a.     **Nonfirm Conferences, Hearings, and Events.**  Stuart Maue identified several occasions when two or more timekeepers billed to attend the same nonfirm conference, hearing, or other event.  Contrary to Local Rule 2016-2, neither the Application nor the activity descriptions explained the role of each participant or the need for multiple attendees.  The entries in question, totaling 9.00 hours with $5,300.00 in associated fees, were displayed in Exhibit E to the preliminary report.  In each instance where more than one timekeeper attended a nonfirm conference or event, we identified the timekeeper who appeared most responsible for the matter and/or the particular event (i.e., the attorney leading rather than observing a nonfirm conference).  The potentially duplicative and unnecessary timekeepers' entries total 6.50 hours with $3,187.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  Stuart Maue requested that the firm provide a brief explanation of the necessity of the multiple billers and their respective roles.

In response to the preliminary report, Jenner provided a detailed explanation of the role and necessity of the firm timekeepers who participated in each conference at issue.  Given the additional information provided, Stuart Maue makes no recommendation for a fee reduction, and Exhibit E is omitted from this report.

b.    **Intraoffice Conferences.**    Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Jenner for intraoffice conferences total 12.30 hours with $6,120.00 in associated fees, which computes to approximately 7% of the total fees requested in the Application. The entries were displayed in Exhibit F to the preliminary report. In certain instances, two or more firm professionals and/or paraprofessionals billed to attend the same internal conference (4.30 hours with $2,241.00 in associated fees). The entries describing intraoffice conferences attended by two or more firm personnel were highlighted in bold and marked with an ampersand [&] in the exhibit. Stuart Maue requested that the firm provide a brief explanation for the necessity of more than one participant billing for the same intraoffice conference.

In response to the preliminary report, Jenner provided an extensive explanation of the strategic nature of the intraoffice conferences and the need for firm personnel with various experience and knowledge to communicate with each other. Given the additional information provided, Stuart Maue makes no recommendation for a fee reduction resulting from intraoffice communication. Exhibit F is omitted from this report.

13.    **Clerical Activities.**    Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries or support personnel. Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). In this Court, there has been a practice of recommending that clerical activities be paid at the rate of $80.00 per hour and it is Stuart Maue's intent to follow that practice in this case.

The entries describing clerical activities were displayed in Exhibit G to the preliminary report and total 9.10 hours with $2,156.00 in associated fees.

In response, Jenner stated the activities in question could not be performed by clerical staff and that $80.00 per hour is not the market rate for these "professionals." However, as displayed in the attached Exhibit G, all entries in question relate to database work rather than the performance of legal work and/or the exercise of legal judgment. Stuart Maue recommends a fee reduction for the non-legal clerical entries set forth in exhibit; the recommended reduction amounts to $1,428.00 as a result of adjusting the entries to a rate of $80.00 per hour.

14.    **Travel.** Local Rule 2016-2 (d)(viii) provides that nonworking travel time "may be billed at no more than 50% of regular hourly rates." The Application included no time entries describing travel.

15.    **Jenner Retention/Compensation.** Stuart Maue reviewed and identified entries related to the firm's retention and compensation. Jenner billed 6.60 hours with associated fees of $2,880.00 to respond to the fee examiner's preliminary report to the firm's applications for compensation, which computes to approximately 3% of the total fees. For informational purposes, the fee entries identified as retention/compensation activities were displayed in Exhibit H to the preliminary report. The exhibit is omitted from this report as Stuart Maue makes no recommendation for a fee reduction.

**Review of Expenses**

16.    **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3. provide that factors relevant to a determination that the expense is proper include "Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Jenner provided an itemization for the firm expenses that

included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

17.  **Photocopies.**  Local Rule 2016-2 (e)(iii) provides that copying charges shall not exceed $0.10 per page.  Jenner stated in the Application that the firm's rate for duplication was $0.08 per page.  From the descriptions provided, it is unclear which copy charges represent internal photocopies billed at a rate of $0.08 per page and which charges were incurred through an outside vendor.  In addition, the Application did not provide a per-page rate associated with the charges described as "Network Printing."  Stuart Maue requested that Jenner provide additional information explaining the photocopy expenses displayed in Exhibit I to the preliminary report.

In response, Jenner stated that all photocopying expenses were internal and therefore billing at $0.08 per page, and that rate likewise applied to all charges described as "Network Printing."  Stuart Maue makes no recommendation for an expense reduction.

## Conclusion

Stuart Maue submits this final report regarding the Third Quarterly Application and the fees and expensed discussed above.  Stuart Maue recommends the approval of fees in the amount of $82,540.46 ($84,368.46 minus $1,828.00) and reimbursement of expenses in the amount of $1,355.52 for the period from June 1, 2009, through August 31, 2009.  A summary of the findings is attached as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____

     John L. Decker, Esq.
     3840 McKelvey Road
     St. Louis, Missouri  63044
     Telephone:   (314) 291-3030
     Facsimile:    (314) 291-6546
     tribunebkr@smmj.com

     **Fee Examiner**

## APPENDIX A

## JENNER & BLOCK LLP

### SUMMARY OF FINDINGS

#### Third Quarterly Application (June 1, 2009 through August 31, 2009)

##### A.    Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested | $84,368.46 | |
| Expenses Requested | 1,355.52 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $85,723.98 |
| | | |
| Fees Computed | $84,864.00 | |
| Expenses Computed | 1,372.96 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $86,236.96 |
| | | |
| Fees to be Paid by EGI | ($ 495.54) | |
| Expenses to be Paid by EGI | (17.44) | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | ($ 512.98) |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---:|---:|
| Fees Requested[3] | $84,368.46 | |
| *Agreed Reduction for Transient Timekeepers* | *($ 400.00)* | |
| *Recommended Reduction for Clerical Activities* | *(1,428.00)* | |
| Subtotal | *($1,828.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $82,540.46 |
| | | |
| Expenses Requested[4] | $1,355.52 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 1,355.52 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $83,895.98 |

---

[3]  Jenner accounted for the $495.54 in fees to be paid by EGI by reducing the reimbursement sought in the Application by that amount.

[4]  Jenner accounted for the $17.44 in expenses to be paid by EGI by reducing the reimbursement sought in the Application by that amount.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 30th day of March, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

David J. Bradford, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603

John L. Decker, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jenner & Block LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| MZH | Hankin, Marc B. | PARTNER | $725.00 | $725.00 | 19.40 | $14,065.00 |
| DJB | Bradford, David J. | PARTNER | $875.00 | $875.00 | 12.90 | $11,287.50 |
| DLB | Berman, Debbie L. | PARTNER | $625.00 | $625.00 | 2.30 | $1,437.50 |
| ASA | Amert, Amanda S. | PARTNER | $540.00 | $540.00 | 1.60 | $864.00 |
| JL | Leon, Jorge M. | PARTNER | $595.00 | $595.00 | 1.40 | $833.00 |
| CS | Steege, Catherine | PARTNER | $725.00 | $725.00 | 0.90 | $652.50 |
| WLS | Scogland, William L. | PARTNER | $800.00 | $800.00 | 0.50 | $400.00 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $757.42 | | 39.00 | $29,539.50 |
| | | | | % of Total: | 19.62% | % of Total: 34.81% |
| SEB | Biller, Sofia E. | ASSOCIATE | $325.00 | $325.00 | 39.40 | $12,805.00 |
| WAT | Thomson, Wade A. | ASSOCIATE | $475.00 | $475.00 | 21.30 | $10,117.50 |
| DHH | Hixson, David H. | ASSOCIATE | $400.00 | $400.00 | 16.90 | $6,760.00 |
| DAS | Sondgeroth, Douglas A. | ASSOCIATE | $525.00 | $525.00 | 12.70 | $6,667.50 |
| LSR | Raiford, Landon S. | ASSOCIATE | $325.00 | $325.00 | 16.00 | $5,200.00 |
| EPK | Kelly, Eamon P. | ASSOCIATE | $325.00 | $325.00 | 6.70 | $2,177.50 |
| | No. of Billers for Position: 6 | Blended Rate for Position: | $386.97 | | 113.00 | $43,727.50 |
| | | | | % of Total: | 56.84% | % of Total: 51.53% |
| MHM | Matlock, Michael H. | PARALEGAL | $270.00 | $270.00 | 27.20 | $7,344.00 |
| DKM1 | Morgan, Daniel K. | PARALEGAL | $230.00 | $230.00 | 7.10 | $1,633.00 |
| MXP | Patterson, Marc A. | PARALEGAL | $170.00 | $170.00 | 5.30 | $901.00 |
| EJR | Robertson, Eileen J. | PARALEGAL | $230.00 | $230.00 | 2.30 | $529.00 |
| PXR | Ramos, Panagiota | PARALEGAL | $170.00 | $170.00 | 1.50 | $255.00 |
| | No. of Billers for Position: 5 | Blended Rate for Position: | $245.67 | | 43.40 | $10,662.00 |
| | | | | % of Total: | 21.83% | % of Total: 12.56% |
| DXW | Wirkiroski, David | LIT SUPP/DB TEC | $275.00 | $275.00 | 1.60 | $440.00 |
| RRO | Ohton Jr., Robert R. | LIT SUPP/DB TEC | $275.00 | $275.00 | 1.00 | $275.00 |
| JXA | Anderson, Jennifer | LIT SUPP/DB TEC | $275.00 | $275.00 | 0.50 | $137.50 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Jenner & Block LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| ATG | Applied Tech Support, Group | LIT SUPP/DB TEC | $275.00 | $275.00 | 0.30 | $82.50 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $275.00 | | 3.40 | $935.00 |
| | | | | | % of Total: 1.71% | % of Total: 1.10% |
| | Total No. of Billers: 22 | Blended Rate for Report: | $426.88 | | 198.80 | $84,864.00 |

EXHIBIT B

TRANSIENT TIMEKEEPERS

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Scogland, W | 0.50 | 400.00 |
| | 0.50 | $400.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| DOL Subpoena | 0.50 | 400.00 |
| | 0.50 | $400.00 |

EXHIBIT B

TRANSIENT TIMEKEEPERS

Jenner & Block LLP

| TIMEKEEPER NAME | DATE | | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|---|
| Scogland, W | 08/09/09 146341-DOL/141 | Sun | 0.50 | 0.50 | 400.00 | MATTER NAME: DOL Subpoena<br>1  (L190) (A105) ADVISED ON RESPONSE TO DOL. |
| | NUMBER OF ENTRIES: | 1 | | 0.50 | 400.00 | |
| Total | | | | 0.50 | $400.00 | |
| Number of Entries: | 1 | | | | | |

EXHIBIT B

TRANSIENT TIMEKEEPERS

Jenner & Block LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Scogland, W | 0.50 | 400.00 |
| | 0.50 | $400.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| DOL Subpoena | 0.50 | 400.00 |
| | 0.50 | $400.00 |

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Anderson, J | 0.50 | 137.50 |
| Applied Tech Support, G | 0.30 | 82.50 |
| Morgan, D | 1.90 | 437.00 |
| Ohton Jr., R | 1.00 | 275.00 |
| Ramos, P | 1.50 | 255.00 |
| Robertson, E | 2.30 | 529.00 |
| Wirkiroski, D | 1.60 | 440.00 |
| | 9.10 | $2,156.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| DOL Subpoena | 6.70 | 1,634.00 |
| ESOP/Stay Issues | 2.40 | 522.00 |
| | 9.10 | $2,156.00 |

EXHIBIT G
CLERICAL ACTIVITIES
Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 06/01/09 Mon | Morgan, D 142708-ESI/3 | 0.30 | 0.30 | 69.00 | | | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) CONSULTED WITH APPLIED TECHNOLOGY GROUP RE ALTERATION NEEDED FOR SHAREPOINT SITE. |
| 06/10/09 Wed | Morgan, D 142708-ESI/7 | 0.50 | 0.50 | 115.00 | | | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) UPDATED SHAREPOINT SITE. |
| 06/12/09 Fri | Morgan, D 142708-ESI/9 | 0.80 | 0.80 | 184.00 | 0.20 0.40 0.20 | F F F | 1 2 3 | MATTER NAME: ESOP/Stay Issues (L140) (A110) SCANNED CORRESPONDENCE DOCUMENTS (.2); UPLOADED DOCUMENTS TO SHAREPOINT SITE AND ENTERED DATA FOR SAME (.4); UPDATED HARD COPY CASE AND CORRESPONDENCE FILES (.2). |
| 06/18/09 Thu | Ohton Jr., R 142709-DOL/24 | 0.50 | 0.50 | 137.50 | | | 1 | MATTER NAME: DOL Subpoena (L140) (A110) CONVERTED DATA AND LOADED SAME INTO THE CONCORDANCE DATABASE. ""CLIENT DOCUMENT-REVIEW."" |
| 06/18/09 Thu | Wirkiroski, D 142709-DOL/23 | 0.80 | 0.80 | 220.00 | 0.10 0.60 0.10 | F F F | 1 2 3 | MATTER NAME: DOL Subpoena (L140) (A110) CONFERRED WITH D. MORGAN RE TIFF CONVERSION AND DOCUMENT PRODUCTION PROJECT (.1); COPIED DATA TO SERVER FOR PROCESSING AND LOADING TO CONCORDANCE FOR ATTORNEY REVIEW AND PRODUCTION (.6); EMAILED DATA MANAGEMENT TEAM RE TIFF CONVERSION PROJECT SPECIFICATIONS (.1). |
| 06/19/09 Fri | Anderson, J 142709-DOL/27 | 0.20 | 0.20 | 55.00 | | | 1 | MATTER NAME: DOL Subpoena (L140) (A110) PERFORMED QUALITY CHECK ON CONVERSION OF DATA PROJECT. |
| 06/19/09 Fri | Ohton Jr., R 142709-DOL/26 | 0.50 | 0.50 | 137.50 | | | 1 | MATTER NAME: DOL Subpoena (L140) (A110) CREATED DATA PRODUCTION DATABASE. |
| 06/19/09 Fri | Ramos, P 142708-ESI/12 | 0.50 | 0.50 | 85.00 | | | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) RETRIEVED INSURANCE POLICIES AND ORGANIZED AND ASSEMBLED 4 SETS OF EXHIBITS PER S. MCGEE REQUEST. |
| 06/19/09 Fri | Wirkiroski, D 142709-DOL/25 | 0.80 | 0.80 | 220.00 | 0.60 0.10 0.10 | F F F | 1 2 3 | MATTER NAME: DOL Subpoena (L140) (A110) REVIEWED DATA LOADED TO THE CLIENT REVIEW DOCUMENTS DATABASE FOR INTEGRITY AND IN PREPARATION FOR PRODUCTION (.6); EMAILED D. MORGAN RE COMPLETION OF DATA LOADING PROJECT (.1); EMAILED DATA MANAGEMENT TEAM RE DOCUMENT PRODUCTION SPECIFICATIONS (.1). |
| 06/22/09 Mon | Anderson, J 142709-DOL/28 | 0.30 | 0.30 | 82.50 | | | 1 | MATTER NAME: DOL Subpoena (L140) (A110) PERFORMED QUALITY CHECK ON PRODUCTION VOLUME DATABASE. |
| 06/25/09 Thu | Ramos, P 142709-DOL/29 | 1.00 | 1.00 | 170.00 | | | 1 | MATTER NAME: DOL Subpoena (L140) (A110) UPDATED EMAIL AND CORRESPONDENCE FILES AND SHAREPOINT SITE. |
| 06/26/09 Fri | Morgan, D 142708-ESI/21 | 0.30 | 0.30 | 69.00 | | | 1 | MATTER NAME: ESOP/Stay Issues (L140) (A110) EDITED FORMAT OF SHAREPOINT SITE. |

~ See the last page of exhibit for explanation

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|--|-------------|
| 08/13/09 Thu | Applied Tech Support, G 146341-DOL/148 | 0.30 | 0.30 | 82.50 | | | | *MATTER NAME: DOL Subpoena* |
| | | | | | | | 1 | {L140} {A110} LOADED DATA VOLUME INTO CONCORDANCE DATABASE ""CLIENT DOCUMENT - REVIEW."" |
| 08/13/09 Thu | Robertson, E 146341-DOL/147 | 0.70 | 0.70 | 161.00 | 0.50 | F | 1 | {L140} {A100} OBTAINED AND PREPARED ADDITIONAL DOCUMENTS FOR PRODUCTION TO DEPARTMENT OF LABOR PER D. SONDGEROTH (.5); |
| | | | | | 0.20 | F | 2 | ELECTRONICALLY PREPARED DOCUMENTS TO BE LOADED INTO CONCORDANCE DATABASE TO EXPEDITE ATTORNEY REVIEW (.2). |
| 08/14/09 Fri | Robertson, E 146341-DOL/152 | 1.60 | 1.60 | 368.00 | | | | *MATTER NAME: DOL Subpoena* |
| | | | | | 0.50 | F | 1 | {L140} {A100} UPDATED INTERNAL SEARCHABLE DATABASES OF CASE MATERIALS (.5); |
| | | | | | 0.70 | F | 2 | ORGANIZED ELECTRONIC COMMUNICATIONS BETWEEN DOL AND COUNSEL (.7); |
| | | | | | 0.40 | F | 3 | PROCESSED AND ARCHIVED DIGITAL MATERIAL AND PRODUCTIONS TO EXPEDITE ATTORNEY REVIEW AND RETRIEVAL (.4). |
| Total | | | 9.10 | $2,156.00 | | | | |
| Number of Entries: | 15 | | | | | | | |

EXHIBIT G

CLERICAL ACTIVITIES

Jenner & Block LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Anderson, J | 0.50 | 137.50 |
| Applied Tech Support, G | 0.30 | 82.50 |
| Morgan, D | 1.90 | 437.00 |
| Ohton Jr., R | 1.00 | 275.00 |
| Ramos, P | 1.50 | 255.00 |
| Robertson, E | 2.30 | 529.00 |
| Wirkiroski, D | 1.60 | 440.00 |
| | 9.10 | $2,156.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| DOL Subpoena | 6.70 | 1,634.00 |
| ESOP/Stay Issues | 2.40 | 522.00 |
| | 9.10 | $2,156.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F      FINAL BILL

EXHIBIT I

Vaguely Described Photocopy Charges

Jenner & Block LLP

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|---------------|---------------|----------------|-------------|
| 06/01/09 | 142711-FA/1 | 4.86 | | 4.86 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 06/02/09 | 142711-FA/2 | 8.73 | | 8.73 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 06/03/09 | 142711-FA/3 | 11.97 | | 11.97 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 06/04/09 | 142711-FA/4 | 1.53 | | 1.53 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 06/09/09 | 142708-ESI/1 | 2.88 | | 2.88 | MATTER NAME: ESI - ESOP/Stay Issues<br>NETWORK PRINTING |
| 06/17/09 | 142708-ESI/2 | 18.90 | | 18.90 | MATTER NAME: ESI - ESOP/Stay Issues<br>NETWORK PRINTING |
| 06/18/09 | 142708-ESI/3 | 4.14 | | 4.14 | MATTER NAME: ESI - ESOP/Stay Issues<br>NETWORK PRINTING |
| 06/18/09 | 142708-ESI/6 | 16.56 | | 16.56 | MATTER NAME: ESI - ESOP/Stay Issues<br>PHOTOCOPY EXPENSE |
| 06/19/09 | 142708-ESI/4 | 10.08 | | 10.08 | MATTER NAME: ESI - ESOP/Stay Issues<br>NETWORK PRINTING |
| 06/21/09 | 142709-DOL/1 | 3.42 | | 3.42 | MATTER NAME: DOL - DOL Subpoena<br>NETWORK PRINTING |
| 06/22/09 | 142708-ESI/5 | 8.01 | | 8.01 | MATTER NAME: ESI - ESOP/Stay Issues<br>NETWORK PRINTING |
| 06/22/09 | 142712-MSS/1 | 1.08 | | 1.08 | MATTER NAME: MSS - Morgan Stanley Swap<br>PHOTOCOPY EXPENSE |
| 06/30/09 | 142708-ESI/7 | 14.34 | | 14.34 | MATTER NAME: ESI - ESOP/Stay Issues<br>PHOTOCOPY EXPENSE |
| 07/02/09 | 144125-DOL/1 | 240.39 | | 240.39 | MATTER NAME: DOL - DOL Subpoena<br>NETWORK PRINTING |
| 07/06/09 | 144127-FA/1 | 11.43 | | 11.43 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 07/09/09 | 144072-CUE/1 | 1.62 | | 1.62 | MATTER NAME: CUE - Cueto<br>PHOTOCOPY EXPENSE |
| 07/16/09 | 144127-FA/2 | 11.43 | | 11.43 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 07/20/09 | 144127-FA/3 | 2.16 | | 2.16 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |

EXHIBIT I PAGE 1 of 2

EXHIBIT I

Vaguely Described Photocopy Charges

Jenner & Block LLP

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 07/22/09 | 144127-FA/4 | 4.14 | | 4.14 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 07/22/09 | 144128-MSS/1 | 1.08 | | 1.08 | MATTER NAME: MSS - Morgan Stanley Swap<br>PHOTOCOPY EXPENSE |
| 07/23/09 | 144127-FA/5 | 8.64 | | 8.64 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 07/26/09 | 144128-MSS/2 | 2.16 | | 2.16 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 07/28/09 | 144127-FA/6 | 9.99 | | 9.99 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 08/03/09 | 146343-FA/1 | 2.25 | | 2.25 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| 08/03/09 | 146345-MSS/1 | 2.16 | | 2.16 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/04/09 | 146345-MSS/2 | 5.40 | | 5.40 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/05/09 | 146345-MSS/3 | 0.27 | | 0.27 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/10/09 | 146345-MSS/4 | 0.54 | | 0.54 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/20/09 | 146345-MSS/5 | 2.16 | | 2.16 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/23/09 | 146345-MSS/6 | 5.40 | | 5.40 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/24/09 | 146345-MSS/7 | 0.99 | | 0.99 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/26/09 | 146345-MSS/8 | 1.80 | | 1.80 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/27/09 | 146345-MSS/9 | 2.61 | | 2.61 | MATTER NAME: MSS - Morgan Stanley Swap<br>NETWORK PRINTING |
| 08/28/09 | 146343-FA/2 | 0.45 | | 0.45 | MATTER NAME: FA - Fee Application<br>NETWORK PRINTING |
| | | $423.57 | | $423.57 | |

EXHIBIT I  PAGE 2 of 2