UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

FEE EXAMINER'S FINAL REPORT
REGARDING THIRD INTERIM FEE APPLICATION OF
PRICEWATERHOUSECOOPERS LLP

Stuart Maue, fee examiner in this proceeding, submits this final report with respect to the Third Interim Fee Application of PricewaterhouseCoopers LLP ("Application"), for the period from June 1, 2009, through August 31, 2009, seeking approval of fees that total $617,876.50 ($555,000.00 in fixed fee services and $62,876.50 in hourly services) and reimbursement of expenses that total

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

$3,694.45. PricewaterhouseCoopers LLP ("PwC") serves as compensation and tax advisors and independent auditors to the debtors and debtors-in-possession.

## Background

1. Stuart Maue reviewed the firm's monthly fee statements and the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2. This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees are displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3. Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes*, 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.      Stuart Maue prepared and submitted a preliminary report to PwC, and the firm provided a detailed written response. After consideration of the firm's reply, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

### Fixed Services

5.      PwC previously indicated that the firm would seek compensation for Audit Engagement Letters based on a fixed fee structure and would provide a summary of hours by professional for the services. Overall, PwC estimated the fees in connection with the Audit Engagement Letters to be $1,815,000.00, not including reasonable out-of-pocket expenses.

6.      The Application requested a total of $555,000.00 for fixed fee services for the 2008 and 2009 Consolidated Audits and provided a summary displaying the professionals, their positions, and the associated hours, totaling 1,779.90. Stuart Maue makes no findings regarding the propriety of the fixed fee services.

### Recomputation of Hourly Fees and Expenses

7.      The Application requested $62,876.50 in hourly services and $3,694.45 in expenses. Stuart Maue recomputed the requested hourly fees by multiplying each timekeeper's total hours by the applicable hourly rate, and recomputed the requested expenses for accuracy. The recomputation of fees and expenses revealed no difference between the amounts requested and the amounts computed.

### Review of Hourly Fees

8.      **Firm Staffing.** The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." The Application provided the names, positions, and hourly rates of the PwC timekeepers who billed to this matter. The matter was staffed with

22 timekeepers, consisting of 4 partners, 2 senior managing directors, 3 directors, 1 senior manager, 2 managers, 3 senior associates, 4 associates, 2 professional assistants, and 1 administrative timekeeper. A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm invoiced a total of 212.50 hours with associated fees of $62,876.50 for the hourly services. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 6.00 | 3% | $ 3,793.00 | 6% |
| Senior Managing Director | 5.40 | 2% | 3,240.00 | 5% |
| Director | 16.50 | 8% | 7,425.00 | 12% |
| Senior Manager | 1.50 | * | 637.50 | 1% |
| Manager | 23.00 | 11% | 9,016.00 | 14% |
| Senior Associate | 116.10 | 55% | 32,090.50 | 51% |
| Associate | 13.20 | 6% | 2,929.50 | 5% |
| Professional Assistant | 27.30 | 13% | 3,412.50 | 5% |
| Administrative | 3.50 | 2% | 332.50 | * |
| TOTAL | 212.50 | 100% | $62,876.50 | 100% |

* Less than 1%

The blended hourly rate for the PwC professionals is $325.43 and the blended hourly rate for all timekeepers is $295.89.

9. **Hourly Rate Increases**. PwC did not increase the hourly rate of any timekeeper during the third interim period.

10. **Transient Timekeepers.** The activities of timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear. Stuart Maue identified eleven timekeepers whose contribution was limited, sporadic, and potentially unnecessary. Stuart Maue requested that PwC provide additional information regarding the necessity and role of the professional timekeepers identified in Exhibit B to the preliminary report who invoiced a total of 27.50 hours and $11,305.00 in fees. Stuart Maue recognizes that PwC previously commented on some of the identified billers' roles in prior responsive correspondence to Stuart Maue, but requests that PwC explain the necessity of the billers' roles in the context of the present fee application.

In response to the preliminary report, PwC provided an explanation of the role and necessity of the nine timekeepers in question who invoiced their time to the Claim Consulting Services project category. However, the firm acknowledged the role of one such individual was administrative in nature and the resulting fees ($162.00) should not have been billed. The firm provided the same information for the two remaining timekeepers at issue, both of whom invoiced their time to assist with the preparation of PwC's monthly fee applications, and also agreed to reduce the fee request by the amount incurred by the two timekeepers (an aggregate of $2,475.00). In total, PwC agreed to a voluntary fee reduction in the amount of $2,637.00 resulting from the entries of the three timekeepers displayed in Exhibit B attached hereto.

11. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." All but three of the activity descriptions in the Application were sufficiently detailed. Stuart Maue requested that PwC provide the requisite detail in all time entries in future fee applications.

12. **Block Billing.** The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." (Section II.D.5). With minimal exception, PwC complied with this Guideline.

13. **Conferences, Hearings, and Other Events.** Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role," and Section II.D.5 of the Guidelines states that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 856 (3rd Cir. 1994).

a. **Nonfirm Conferences, Hearings, and Events.** Stuart Maue identified three occasions when two or more timekeepers (and as many as five) billed to attend the same nonfirm conference, hearing, or other event. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 14.30 hours with $7,222.00 in associated fees, were displayed in Exhibit C to the preliminary report. In each instance where more than one timekeeper attended a nonfirm conference or event, we identified the timekeeper who appeared most responsible for the matter and/or the particular event (i.e., the individual leading rather than observing a nonfirm conference). The potentially duplicative and unnecessary timekeepers' entries total 11.10 hours with $5,395.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. Stuart Maue requested that the firm provide a brief explanation of the necessity of the multiple billers and their respective roles.

In response to the preliminary report, PwC provided an extensive and detailed explanation of the meetings in question and the role played by each firm timekeeper. PwC asserted the firm policy to limit the number of firm participants at both internal and external meetings, and when multiple timekeepers attended it was the most efficient way to provide the Debtors with PwC's collective knowledge. Given the specific detail provided for the meetings at issue, Stuart Maue makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

b. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The firm invoiced 20.50 hours with $7,038.00 in associated fees for intraoffice conferences, which computes to approximately 11% of the hourly fees billed by the firm during this interim period. The entries were displayed in Exhibit D to the preliminary report. Often two or more firm timekeepers billed to attend the same internal conference, representing 18.90 hours with $6,437.50 in associated fees. The entries describing intraoffice conferences attended by two or more firm personnel were

highlighted in bold and marked with an ampersand [&] in the exhibit. Stuart Maue requested that the firm provide an explanation for the necessity of more than one participant billing for the same intraoffice conference.

In response to the preliminary report, PwC repeated the statement offered in response to the multiple attendance issue, again asserting the firm's intent to minimize the number of participants at meetings. PwC stated that given certain individuals play a strategic role while others are responsible for the actual performance and review supporting the specific analysis, some intraoffice communication is necessary. The firm also provided a detailed breakdown of the topics discussed and the contribution and necessity of the various firm timekeepers. Given the additional information provided, Stuart Maue makes no recommendation for a fee reduction, and Exhibit D is omitted from this report.

14. **"Time Consolidator" Efforts.** Stuart Maue identified a substantial amount of time and fees related to the preparation of invoices and work with the "time consolidator" fee and expense program. The billing entries total 123.50 hours with $32,299.00 in associated fees, as displayed in Exhibit E to the preliminary report. Stuart Maue requested that PwC provide a detailed explanation regarding the nature and purpose of the activities in question.

In response, PwC provided a detailed explanation of the nature of the work performed and the fact that the billing requirements in the bankruptcy proceeding are very different than the firm's usual practice. The firm also noted the voluntary reduction taken for two individuals who performed time consolidator tasks but were identified as transient timekeepers. Given the additional information provided, Stuart Maue makes no recommendation for a fee reduction at this time, but notes that unfamiliarity with the billing requirements of the bankruptcy court does not exempt a case professional from full compliance with the rules. Exhibit E is omitted from this report.

15. **Clerical Activities.** Clerical activities are tasks that may be effectively performed by administrative assistants, secretaries or support personnel. Stuart Maue did not identify any billing entries describing clerical activities.

16. **PwC Retention/Compensation.** Exclusive of the tasks relating to "time consolidator" billing entries (see paragraph 13 above), PwC invoiced 25.20 hours with associated fees of $7,999.50 to prepare the firm's retention documents and applications for compensation. For informational purposes, the entries were provided to the firm in Exhibit F to the preliminary report. Stuart Maue makes no recommendation for a fee reduction, but we again note that regardless of PwC's lack of familiarity with the billing requirements, the firm must keep the costs associated with fee applications to an appropriate level. Exhibit F is omitted from this report.

## Review of Expenses

17. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3. provide that the factors relevant to a determination that the expense is proper include "Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." PwC provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

18. **Overtime Transportation.** PwC requested reimbursement of one overtime parking charge in the amount of $16.00. The charge is displayed in the following table:

| Entry Date | Amount | Description |
|---|---|---|
| 06/29/09 | $16.00 | MINNEAPOLIS GOVERNMENT CENTER PARKING GARAGE – PARKING CHARGE – WORKING LATE |

Although a firm may have a policy that personnel are reimbursed for expenses incurred when working late, such charges are generally considered part of the firm's overhead. In response to the preliminary report, PwC agreed to a voluntary expense reduction in the amount of $16.00.

### Conclusion

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above. Stuart Maue makes no findings or recommendation regarding the accuracy or compensability of the fixed fees invoiced in the amount of $555,000.00 for the 2008 and 2009 Consolidated Audits. We recommend the approval of hourly services fees in the amount of $60,239.50 ($62,876.50 minus $2,637.00) and reimbursement of expenses in the amount of $3,678.45 ($3,694.45 minus $16.00) for the period from June 1, 2009, through August 31, 2009. A summary of the findings is attached as Appendix A.

Respectfully submitted,

STUART MAUE

By: *[signature]*
John L. Decker, Esq.
3840 McKelvey Road
St. Louis, Missouri 63044
Telephone: (314) 291-3030
Facsimile: (314) 291-6546
tribunebkr@smmj.com

**Fee Examiner**

APPENDIX A

**PRICEWATERHOUSECOOPERS LLP**

**SUMMARY OF FINDINGS**

**Third Interim Fee Application (June 1, 2009 through August 31, 2009)**

### A. Amounts Requested and Computed

| | | |
|---|---:|---:|
| Fees Requested: | | |
| Fixed Fee Services | $555,000.00 | |
| Hourly Services | 62,876.50 | |
| Expenses Requested | 3,694.45 | |
| | | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | **$621,570.95** |
| | | |
| Hourly Fees Computed | $ 62,876.50 | |
| Expenses Computed | 3,694.45 | |
| | | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | **$66,570.95** |
| | | |
| Fixed Fee Services for the 2008 and 2009 Consolidated Audits | $555,000.00 | |
| | | |
| **TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES** | | **$555,000.00** |

### B. Recommended Fee Allowance and Expense Reimbursement

| | | | |
|---|---:|---:|---:|
| Fees Requested (Hourly Services) | $62,876.50 | | |
| *Agreed Reduction for Transient Timekeepers* | | ($2,637.00) | |
| Subtotal | | ($2,637.00) | |
| | | | |
| **RECOMMENDED HOURLY FEE ALLOWANCE** | | | **$60,239.50**[2] |
| | | | |
| Expenses Requested | $3,694.45 | | |
| *Agreed Reduction for Overtime Transportation* | | ($ 16.00) | |
| Subtotal | | ($ 16.00) | |
| | | | |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | | | **3,678.45** |
| | | | |
| **TOTAL RECOMMENDED HOURLY FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | | | **$63,917.95** |

---

[2] Stuart Maue makes no findings regarding the propriety of the fixed fee services totaling $555,000.00.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 31st day of March, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE 19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE 19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY 10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

William T. England, Esq.
PricewaterhouseCoopers LLP
One North Wacker
Chicago, IL 60606

_____
John L. Decker, Esq.

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**
**COMPUTED AT STANDARD RATES**
**PricewaterhouseCoopers LLP**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JASA | Sandmeier, John A. | PARTNER | $665.00 | $665.00 | 2.30 | $1,529.50 |
| JLKR | Krueger, Janet L. | PARTNER | $625.00 | $625.00 | 2.30 | $1,437.50 |
| MJMC | McDaniel, Melanie J. | PARTNER | $590.00 | $590.00 | 1.10 | $649.00 |
| RGIL | Gilman, Ralph | PARTNER | $590.00 | $590.00 | 0.30 | $177.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $632.17 | | 6.00 | $3,793.00 |
| | | | | % of Total: | 2.82% | % of Total: 6.03% |
| JTWI | Winks, J. Timothy | SR. MANAG DIREC | $600.00 | $600.00 | 3.10 | $1,860.00 |
| TMBY | Byrd, Timothy M. | SR. MANAG DIREC | $600.00 | $600.00 | 2.30 | $1,380.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $600.00 | | 5.40 | $3,240.00 |
| | | | | % of Total: | 2.54% | % of Total: 5.15% |
| ATHA | Thacher, Alex | DIRECTOR | $450.00 | $450.00 | 8.80 | $3,960.00 |
| WJOZ | Jozaitis, William | DIRECTOR | $450.00 | $450.00 | 4.60 | $2,070.00 |
| RLCO | Cook, Ronald L. | DIRECTOR | $450.00 | $450.00 | 3.10 | $1,395.00 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $450.00 | | 16.50 | $7,425.00 |
| | | | | % of Total: | 7.76% | % of Total: 11.81% |
| DDRO | Drobac, Dan | SR. MANAGER | $425.00 | $425.00 | 1.50 | $637.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $425.00 | | 1.50 | $637.50 |
| | | | | % of Total: | 0.71% | % of Total: 1.01% |
| ACSM | Smith, Andrea Clark | MANAGER | $400.00 | $400.00 | 20.70 | $8,280.00 |
| AKOL | Olson, Andrew K. | MANAGER | $320.00 | $320.00 | 2.30 | $736.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $392.00 | | 23.00 | $9,016.00 |
| | | | | % of Total: | 10.82% | % of Total: 14.34% |
| SMFI | Finseth, Shonda M. | SR. ASSOCIATE | $290.00 | $290.00 | 86.90 | $25,201.00 |

## SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL
## COMPUTED AT STANDARD RATES
### PricewaterhouseCoopers LLP

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JCFA | Fairley, Jamila Charlise | SR. ASSOCIATE | $240.00 | $240.00 | 21.30 | $5,112.00 |
| SILO | Lovitch, Samuel I. | SR. ASSOCIATE | $225.00 | $225.00 | 7.90 | $1,777.50 |
| | No. of Billers for Position: 3 | Blended Rate for Position: | $276.40 | | 116.10 | $32,090.50 |
| | | | | % of Total: | 54.64% | % of Total: 51.04% |
| SDEM | DeMarais, Sandra | ASSOCIATE | $225.00 | $225.00 | 6.70 | $1,507.50 |
| BHAG | Haag, Bethany | ASSOCIATE | $225.00 | $225.00 | 4.30 | $967.50 |
| SMST | Stendahl, Subashi M. | ASSOCIATE | $225.00 | $225.00 | 1.30 | $292.50 |
| AWON | Wong, Alina | ASSOCIATE | $180.00 | $180.00 | 0.90 | $162.00 |
| | No. of Billers for Position: 4 | Blended Rate for Position: | $221.93 | | 13.20 | $2,929.50 |
| | | | | % of Total: | 6.21% | % of Total: 4.66% |
| BRDA | Davis, Brian Randall | PROF ASSISTANT | $125.00 | $125.00 | 15.40 | $1,925.00 |
| JARO | Rosa, Juan Antonio | PROF ASSISTANT | $125.00 | $125.00 | 11.90 | $1,487.50 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $125.00 | | 27.30 | $3,412.50 |
| | | | | % of Total: | 12.85% | % of Total: 5.43% |
| BBON | Bonugli, Bruno | ADMINISTRATIVE | $95.00 | $95.00 | 3.50 | $332.50 |
| | No. of Billers for Position: 1 | Blended Rate for Position: | $95.00 | | 3.50 | $332.50 |
| | | | | % of Total: | 1.65% | % of Total: 0.53% |
| | Total No. of Billers: 22 | Blended Rate for Report: | $295.89 | | 212.50 | $62,876.50 |

EXHIBIT B

TRANSIENT TIMEKEEPERS

PricewaterhouseCoopers LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| DeMarais, S | 6.70 | 1,507.50 |
| Haag, B | 4.30 | 967.50 |
| Wong, A | 0.90 | 162.00 |
| | 11.90 | $2,637.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Claims Consulting Services | 0.90 | 162.00 |
| Monthly, Interim and Final Fee Applications | 11.00 | 2,475.00 |
| | 11.90 | $2,637.00 |

**EXHIBIT B**

TRANSIENT TIMEKEEPERS

PricewaterhouseCoopers LLP

| TIMEKEEPER NAME | DATE | | ENTRY HOURS | HOURS | FEES | DESCRIPTION |
|---|---|---|---|---|---|---|
| DeMarais, S | 06/17/09 062009-40/90 | Wed | 3.50 | 3.50 | 787.50 | *MATTER NAME: Monthly, Interim and Final Fee Applications*<br>1 0609H0087: REVIEW THE FILE PROVIDED BY RONALD COOK (PWC) AND INCORPORATE INTO THE MAY 2009 CONSOLIDATOR. |
| | 06/19/09 062009-40/83 | Fri | 3.20 | 3.20 | 720.00 | *MATTER NAME: Monthly, Interim and Final Fee Applications*<br>1 0609H0094: REVIEW THE FILE PROVIDED BY RONALD COOK (PWC) AND INCORPORATE INTO THE MAY 2009 CONSOLIDATOR. |
| | NUMBER OF ENTRIES: | | 2 | 6.70 | 1,507.50 | |
| Haag, B | 07/22/09 072009-40/72 | Wed | 4.30 | 4.30 | 967.50 | *MATTER NAME: Monthly, Interim and Final Fee Applications*<br>1 0709H0072: REVIEW THE TRIBUNE TIME CONSOLIDATOR, DETAILED TIME DESCRIPTIONS, AND PROJECT CATEGORIES. |
| | NUMBER OF ENTRIES: | | 1 | 4.30 | 967.50 | |
| Wong, A | 06/22/09 062009-20/9 | Mon | 0.90 | 0.90 | 162.00 | *MATTER NAME: Claims Consulting Services*<br>1 0609H0047: REVIEW PROJECT STATUS AND BILLING SUMMARY. |
| | NUMBER OF ENTRIES: | | 1 | 0.90 | 162.00 | |
| Total | | | | 11.90 | $2,637.00 | |
| Number of Entries: | 4 | | | | | |

EXHIBIT B

TRANSIENT TIMEKEEPERS

PricewaterhouseCoopers LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---:|---:|
| DeMarais, S | 6.70 | 1,507.50 |
| Haag, B | 4.30 | 967.50 |
| Wong, A | 0.90 | 162.00 |
| | 11.90 | $2,637.00 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---:|---:|
| Claims Consulting Services | 0.90 | 162.00 |
| Monthly, Interim and Final Fee Applications | 11.00 | 2,475.00 |
| | 11.90 | $2,637.00 |