# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Proposed Hearing Date: Apr. 13, 2010 at 10:00 a.m.**<br>**Proposed Obj. Deadline: Apr. 6, 2010 at 4:00 p.m.**<br><br>**Related to Docket No. 3533** |

## DEBTORS' MOTION FOR AN ORDER
## PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING
## DEBTORS' EXCLUSIVE PERIOD WITHIN WHICH TO FILE A CHAPTER 11 PLAN

Tribune Company ("Tribune") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the "Motion"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order further extending the Debtors' exclusive period to file a chapter 11 plan or plans of reorganization (the "Plan") through and including April 30, 2010.[2] A further short extension of exclusivity is warranted to allow plan negotiations to continue. The Debtors have been authorized to represent to the Court that the Official Committee of Unsecured Creditors ("Committee") also supports the relief requested in this Motion and agrees that an additional short extension of exclusivity is in the best interests of the estates. In further support of this Motion, Tribune and its affiliated Debtors[3] respectfully state as follows:

      1.    At the February 18, 2010 hearing on exclusivity, the Debtors advised the Court of their extensive negotiations with key creditor constituencies to resolve the LBO-related claims as part of a Plan. The Debtors continue to believe that a Plan that incorporates a settlement of these claims remains in the best interests of the Debtors, their estates, creditors and other parties in interest to avoid the extreme costs of protracted litigation and to maximize the going concern value of the Debtors' businesses among other important reasons. The Debtors and their major creditor constituencies have engaged in substantial negotiations during the time period since the February 18 hearing toward achieving a settlement plan. A further short

---

[2] As may be extended by the Court, the debtors have an initial exclusivity period during which they have the exclusive right to file a plan (the "Exclusive Filing Period"), and if the debtors file a plan within the Exclusive Filing Period, they have an initial exclusivity period to solicit acceptance of such plan (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods"). 11 U.S.C. §§ 1121(b), (c)(3). The Debtors' Exclusive Periods have been extended four times, with the Exclusive Filing Period currently extended through March 31, 2010 and the Exclusive Solicitation Period extended through May 31, 2010 (Docket No. 3533).

[3] The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 1121(d) of the Bankruptcy Code, Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2.

extension of exclusivity will facilitate the Plan process. Due to present confidentiality concerns, the Debtors are unable to set forth in this Motion the specifics of their discussions and progress with their material constituencies regarding the Plan, but will make supplemental filings with the Court in respect of the Plan prior to April 13.

## RELIEF REQUESTED

2. Section 1121(d) permits this Court to extend the Exclusive Periods for "cause." By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that the Exclusive Filing Period in which the Debtors have the exclusive right to file a chapter 11 plan be extended for an additional 30 days through and including April 30, 2010. The Debtors are not requesting an extension of the Exclusive Solicitation Period subsequent to the present expiry date of May 31, 2010 at this time, and reserve all rights to do so without prejudice to future extension requests.[4]

## BASIS FOR RELIEF

3. The principal goal of chapter 11 is the successful rehabilitation of a debtor's business, which serves to, among other things, increase the pool of assets available for distribution to creditors. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 220 (1977). The provisions of chapter 11 reflect congressional intent that the principal means of successful rehabilitation should be a considered and consensual plan. See, e.g., Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987). Accordingly, the bankruptcy court may lengthen the Exclusive Periods for "cause" after notice and a hearing. 11 U.S.C. § 1121(d). The party requesting the extension bears the burden of establishing "cause." Bunch v. Hoffinger Indus. (In re Hoffinger Indus.), 292 B.R. 639, 643 (8th Cir. BAP 2003); In re Sharon Steel Corp., 78 B.R.

---

[4] Pursuant to Rule 9006-2 of the Local Rules, the Debtors' Exclusive Filing Period is extended until the Court acts on this Motion.

3

762, 765 (Bankr. W.D. Pa. 1987). A movant will have met its burden and a court should grant the extension based on a "showing of some promise of probable success for reorganization." Hoffinger, 292 B.R. at 643; see also In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989).

4. It is well established that the decision to extend the Debtors' Exclusive Periods is committed to the sound discretion of the Court and should be based upon the facts and circumstances of each case. See First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986). Although the Bankruptcy Code does not define "cause," courts have looked to legislative history for guidance. See In re Gibson & Cushman Dredging Corp., 101 B.R. at 409; In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Congress intended that the Exclusive Periods be of adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan without the disruption to the business that would occur with competing plans. See Geriatrics Nursing Home v. First Fidelity Bank, N.A., 187 B.R. 128, 133 (D.N.J. 1995). Further, Congress recognized that in large and complex cases extensions will be necessary to afford a debtor sufficient time to formulate and negotiate a plan. H.R. Rep. No. 595, 95th Cong. 1st Sess. 232 (1977).

5. The Debtors submit that "cause" exists to extend the Exclusive Filing Period for another 30 days to provide the Debtors and their major creditor constituencies time to continue negotiations prior to filing the Plan. The additional time is necessary and appropriate and offers the best prospect for resolution of these chapter 11 cases in the near term.[5] Filing the

---

[5] In prior exclusivity motions, the Debtors extensively discussed the various factors used to determine whether to grant extensions, including the large size and complexity of these cases, the Debtors' good faith progress toward a plan, the lack of prejudice toward creditors, among other considerations. For a discussion of the factors, see, e.g., Cont'l Cas. Co. v. Burns & Roe Enters., Inc. (In re Burns & Roe Enters., Inc.), 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); In re Central Jersey Airport Servs., LLC, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); In re R.G. Pharm., Inc., 374 B.R. 484, 487 (Bankr. D. Conn. 2007); In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr.

Plan prematurely while critical negotiations are still ongoing may detract from resolution of these cases. This result would not be in the best interests of these estates or any of the Debtors' constituencies.

## NOTICE

6.  Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[Remainder of this page intentionally left blank]

---

S.D.N.Y. 2006); In re Dow Corning Corp., 208 B.R. 661, 665-66 (Bankr. E.D. Mich. 1997). Here, so as not to burden the Court, the Debtors have concentrated on the critical issues at this juncture.

WHEREFORE, the Debtors respectfully request entry of an order substantially in the form of the proposed order attached hereto as <u>Exhibit A</u> extending the Exclusive Filing Period through and including April 30, 2010, and granting such other relief as is just and proper.

Dated: Wilmington, Delaware
March 31, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
Candice L. Kline
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION