# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Proposed Hearing Date: Apr. 13, 2010 at 10:00 a.m.**<br>**Proposed Obj. Deadline: Apr. 6, 2010 at 4:00 p.m.** |
| | **Related to Docket No. _____** |

## DEBTORS' MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIOD WITHIN WHICH TO FILE A CHAPTER 11 PLAN

Tribune Company ("Tribune") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the "Motion") for the entry of an order setting an expedited hearing for and shortening the notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

period on the concurrently-filed Debtors' Motion for an Order Pursuant to 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Period within which to File a Chapter 11 Plan (the "Exclusivity Motion"),[2] pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In further support hereof, the Debtors respectfully represent as follows:

## BACKGROUND

1. By the Exclusivity Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that the Exclusive Filing Period in which the Debtors have the exclusive right to file a chapter 11 plan be extended for an additional 30 days through and including April 30, 2010.[3]

## RELIEF REQUESTED

2. By this Motion, the Debtors request entry of an Order shortening the notice period and scheduling the Exclusivity Motion for hearing at the next scheduled hearing date on April 13, 2010 at 10:00 a.m. (Eastern Time) and establishing April 6, 2010 at 4:00 p.m. (Eastern Time) as the deadline for filing objections to the Exclusivity Motion. The Debtors have been authorized to represent to the Court that the Official Committee of Unsecured Creditors ("Committee") supports the relief requested herein.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Exclusivity Motion.
[3] Pursuant to Rule 9006-2 of the Local Rules, the Debtors' Exclusive Filing Period is extended until the Court acts on the Exclusivity Motion.

40000/0598-6425475v2

## BASIS FOR RELIEF

3. Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days (and an additional three (3) days if service is by mail) prior to the hearing date." Del. Bankr. L. R. 9006-1(c)(i). Pursuant to Bankruptcy Rule 9006(b), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L. R. 9006-1(e).

4. The Debtors seek to shorten notice of the hearing on the Exclusivity Motion.[4] The Debtors submit that the facts justify shortening notice and that the relief requested herein should be granted. The Court will recall that, at the February 18, 2010 hearing on the Debtors' request for an extension of the exclusive periods, the Debtors advised of their extensive negotiations with key creditor constituencies to resolve the LBO-related claims as part of a Plan. The Debtors and their major creditor constituencies have engaged in substantial negotiations during the time period since the February 18 hearing toward achieving a settlement plan. The Debtors believe that a further short extension of the Exclusive Filing Period is warranted to

---

[4] The Debtors anticipate providing notice of this Motion via overnight mail, hand delivery, and/or first class mail upon the notice parties identified herein. In most instances, notice of the Motion will be received within a day of filing of the Motion and, consequently, 13 days notice of the Motion will be provided. Such notice is in addition to the notice of electronic filing issued by CM/ECF upon the filing of the Motion.

3

facilitate the plan process. The Debtors seek to shorten notice of the Exclusivity Motion so that the Court may address the issue at the next scheduled hearing.

5. The next hearing in these cases is scheduled for April 13, 2010 at 10:00 a.m. (Eastern Time). The Debtors believe that it is in the best interest of the Debtors and their estates to seek the Court's approval of the Exclusivity Motion on April 13, 2010, a specially scheduled hearing, to permit the Court to consider an extension of the Exclusive Filing Period at the next scheduled hearing and at the same time it considers related issues raised by the Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Docket No. 3062) and the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates (Docket No. 3281), rather than delay the Exclusivity Motion to the next regularly scheduled omnibus hearing. In addition, upon information and belief, the Debtors understand that the Court has allocated more time for matters scheduled on April 13 than the regularly scheduled omnibus hearing on April 19.

6. For all the reasons specified above, the Debtors submit that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

## **NOTICE**

7. To ensure that all parties receive notice as soon as possible, notice of this Motion and the Exclusivity Motion has been provided by overnight mail, hand delivery or first class mail to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative

4

agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[Remainder of this page intentionally left blank]

40000/0598-6425475v2

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing date for the Exclusivity Motion on April 13, 2010 at 10:00 a.m. (Eastern Time); (ii) establishing April 6, 2010 at 4:00 p.m. (Eastern Time) as the deadline for filing objections to the Exclusivity Motion; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       March 31, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
Candice L. Kline
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

40000/0598-6425475v2