IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | ) Chapter 11<br>) Case No. 08-13141 (KJC)<br>) Jointly Administered<br>) Re:  Docket No. 3903<br>) **Requested hearing date**:  April 13, 2010, at 10:00 a.m. (Eastern)<br>) **Requested objection deadline**:  April 6, 2010 |

**CREDIT AGREEMENT LENDERS' OBJECTION TO
DEBTORS' MOTION TO SET EXPEDITED HEARING AND
SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS' MOTION
FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING
DEBTORS' EXCLUSIVE PERIOD WITHIN WHICH TO FILE A CHAPTER 11 PLAN**

The Credit Agreement Lenders,[1] as holders of approximately $4.6 billion principal amount of indebtedness arising under the Tribune Company Senior Secured Credit Agreement, dated as of May 17, 2007, hereby object to the "Motion To Set Expedited Hearing And Shorten Notice Period With Respect To Motion For Entry Of An Order Pursuant To 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Period Within Which To File A Chapter 11 Plan" (the "Motion") filed by Tribune Company and its various debtor subsidiaries (the "Debtors").

By the Motion, the Debtors ask the Court to shorten time on their "Motion For Entry Of An Order Pursuant To 11 U.S.C. § 1121(d) Further Extending Debtors' Exclusive Period Within Which To File A Chapter 11 Plan" (the "Exclusivity Motion") so that it can be set for hearing on April 13, 2010.  For the reasons set forth below, the Credit Agreement Lenders do not object to the Exclusivity Motion being heard on April 13.  However, given the importance of the relief requested and the absolute lack of any substantive information or basis for the relief requested in the Exclusivity Motion, the Credit Agreement Lenders do object to the unduly short proposed deadline for objections.

---

[1] The Credit Agreement Lenders are the entities identified in the "Second Amended Joint Verified Statement Of Representation Of More Than One Creditor By Hennigan Bennett & Dorman LLP And Young, Conaway, Stargatt & Taylor, LLP" [docket # 3370].

The Exclusivity Motion represents the Debtors' *fifth* request for an extension of plan exclusivity. Paragraph 1 of the Exclusivity Motion sets forth the single alleged basis for a further extension: "The Debtors and their major creditor constituencies have engaged in substantial negotiations during the time period since the February 18 hearing toward achieving a settlement plan. A further short extension of exclusivity will facilitate the Plan process." Exclusivity Motion ¶ 1.

The Debtors, however, do not disclose anything about the state of those alleged negotiations. Rather, the Exclusivity Motion provides that, "[d]ue to confidentiality concerns, the Debtors are unable to set forth in this Motion the specifics of their discussions and progress with their material constituencies regarding the Plan, but will make supplemental filings with the Court in respect of the Plan prior to April 13." *Id.*

Thus, the Debtors have now asked the Court to shorten time on the Exclusivity Motion, providing a scant three business days for responses (over a period including the Court holiday on April 2 and Easter Sunday), while offering not a single substantive ground for the requested extension of exclusivity – grounds which, we are told, will be set forth in "supplemental filings" sometime before the April 13 hearing but undoubtedly after the requested April 6 objection deadline. This is indefensible.

The Credit Agreement Lenders – who have serious concerns about the requested extension of exclusivity – and all other parties in interest should not be forced to shoot in the dark with respect to the Exclusivity Motion. Rather, the Court should direct the Debtors to follow the normal course in which a movant sets forth actual grounds for its requested relief before creditors are compelled to respond. Specifically, the Credit Agreement Lenders request that the Court permit objections or responses to the Exclusivity Motion to be filed within three business days <u>after</u> the Debtors make their promised "supplemental filings" with respect to the Exclusivity Motion and the Plan. If the Debtors fail to make those filings by April 9, the Court should permit objections or responses to be filed at or at any time prior to the April 13 hearing.

- 3 -

The Debtors' procedural maneuvering is unnecessary and counterproductive, and the Motion should be denied to the extent set forth above.

Dated: March 31, 2010          YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ M. Blake Cleary
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telephone: (302) 571-6600
Telecopier: (302) 571-1253

　　　　　- and -

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua D. Morse
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:  (213) 694-1200
Telecopier:  (213) 694-1234

*Counsel to the Credit Agreement Lenders*