UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## FEE EXAMINER'S FINAL REPORT REGARDING SECOND INTERIM FEE APPLICATION OF DOW LOHNES PLLC

Stuart Maue, fee examiner in this proceeding, submits this final report with respect to the Second Interim Fee Application of Dow Lohnes PLLC ("Dow Lohnes") for the period from September 1, 2009, through November 30, 2009, seeking approval of fees that total $736,130.00 and reimbursement of expenses that total $5,473.88 ("Application"). Dow Lohnes serves as special regulatory counsel to the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

### Background

1. Stuart Maue reviewed the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2. This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees are displayed in the exhibit. The tasks included in a specific category are underlined in the fee exhibits. For purpose of context, other tasks within the same entry are also displayed but not underlined.

3. Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4. Stuart Maue prepared and submitted a preliminary report to Dow Lohnes, and the firm provided a written response. After consideration of the firm's reply, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

## Discussion of Findings

### Reconciliation of Fees and Expenses

5.  Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each timekeeper were totaled and multiplied by that individual's hourly rate. The recomputation of fees revealed that the requested amount is $1,294.50 less than the computed amount. The discrepancy is the result of task hours within certain entries that do not equal the time billed for the entries as a whole. The discrepancy and the related entries are displayed in Exhibit A. The recomputation of expenses revealed no difference between the amount requested and the amount computed. The figures in this report and the accompanying exhibits reflect the fees computed by Stuart Maue.

### Review of Fees

6.  **Firm Staffing.** The Guidelines in Section II.A.3 state that fee applications should identify the "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, [an] explanation of any changes in hourly rates from those previously charged, and [a] statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." The Application provided the names, positions, and hourly rates of the Dow Lohnes timekeepers who billed to this matter. The matter was staffed with 14 professionals and paraprofessionals, consisting of 6 members, 2 senior counsel, 2 associates, 1 communications coordinator, 1 cable specialist, and 2 paralegals. A summary of hours and fees billed by each timekeeper is displayed in Exhibit B.

The firm invoiced a total of 1,490.10 hours with associated fees of $737,424.50.[2] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

---

[2] This amount reflects the fees computed by Stuart Maue.

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Member | 725.60 | 49% | $440,212.50 | 60% |
| Senior Counsel | 564.50 | 38% | 236,186.00 | 32% |
| Associate | 176.10 | 12% | 55,993.50 | 8% |
| Communications Coordinator | 4.70 | * | 1,175.00 | * |
| Cable Specialist | 11.60 | * | 2,784.00 | * |
| Paralegal | 7.60 | * | 1,073.50 | * |
| TOTAL | 1,490.10 | 100% | $737,424.50 | 100% |

* Less than 1%

The blended hourly rate for the Dow Lohnes professionals is $499.52 and the blended hourly rate for the firm's professionals and paraprofessionals is $494.88.

7. **Hourly Rate Increases.** Dow Lohnes did not increase the hourly rate of any timekeeper during the second interim period.

8. **Transient Timekeepers.** Stuart Maue recognizes that some professionals or paraprofessionals have specialized knowledge or expertise and may be called upon to provide services to the case on a limited basis. However, the activities of timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear. Pursuant to our review of each timekeepers' role and participation in the matters, we question the involvement of the timekeeper identified in Exhibit C to the preliminary report, who invoiced 2.30 hours with $1,196.00 in associated fees. Stuart Maue requested that Dow Lohnes provide additional information regarding the purpose and necessity of the timekeeper in question.

In response to the preliminary report, Dow Lohnes stated the attorney in question is a communications and engineering/technical specialist with particular knowledge regarding FCC spectrum allocation and technology based issues in broadcast and telecommunications matters. Dow Lohnes explained the firm drew upon his knowledge and expertise in the limited manner needed to address specific issues. Given the additional information provided, Stuart Maue makes no recommendation for a fee reduction. Exhibit C is omitted from this report.

9. **Complete and Detailed Task Descriptions.** Local Rule 2016-2 (d) states that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." With minimal exceptions, Dow Lohnes provided sufficient detail in the billing narratives.

10. **Block Billing.** The Guidelines provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." (Section II.D.5). With minimal exceptions, Dow Lohnes did not block bill time entries.

11. **Conferences, Hearings, and Other Events.** Local Rule 2016-2 (d)(ix) provides that activity descriptions "shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role," and Section II.D.5 of the Guidelines states that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 856 (3rd Cir. 1994).

    a. **Nonfirm Conferences, Hearings, and Events.** Stuart Maue identified occasions when two or more timekeepers billed to attend the same nonfirm conference, hearing, or other event. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees. The entries, totaling 79.80 hours with $42,041.00 in associated fees, were displayed in Exhibit D to the preliminary report. In each instance where more than one timekeeper attended a nonfirm conference or event, we identified

the timekeeper who appeared most responsible for the matter and/or the particular event (i.e., the attorney leading rather than observing a nonfirm conference). The potentially duplicative and unnecessary timekeepers' entries total 46.60 hours with $21,752.00 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit. Stuart Maue requested that the firm provide an explanation of the necessity of the multiple billers at the various events and their respective roles.

In response to the preliminary report, Dow Lohnes provided both a general and specific explanation of the need for multiple timekeepers to attend certain events. The firm offered the general statement that in the role of special counsel the matter was staffed in an efficient, role-distributed fashion. Dow Lohnes then provided the specific role of each of the five timekeepers at issue, asserting the professional's roles are complimentary rather than overlapping. Given the additional information and the firm's statement that such information will be provided in the future, Stuart Maue makes no recommendation for a fee reduction. Exhibit D is omitted from this report.

  b. **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. Stuart Maue did not identify any fees resulting from intraoffice conferences between Dow Lohnes timekeepers.

12. **Administrative Activities.** Stuart Maue did not identify any entries in the Application describing administrative activities.

13. **Clerical Activities.** Stuart Maue did not identify any entries in the Application describing clerical activities.

14. **Travel.** Stuart Maue did not identify any entries in the Application describing travel.

15. **Dow Lohnes Retention/Compensation.** Stuart Maue reviewed and identified entries related to the retention and compensation of Dow Lohnes. The firm billed 45.50 hours with associated fees of $18,252.50 to prepare the firm's retention documents and applications for compensation, which

computes to approximately 2% of the total fees billed by the firm. For informational purposes, the fee entries identified as retention/compensation activities were displayed in Exhibit E to the preliminary report. Stuart Maue makes no recommendation for a fee reduction, and Exhibit E is omitted from this report.

## Review of Expenses

16. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 provide that the factors relevant to a determination that the expense is proper include "Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Dow Lohnes provided an itemization for the firm expenses that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

17. **Pre-Retention Expenses.** The Application included a request for reimbursement for expenses that were incurred prior to May 26, 2009, the firm's effective date of retention. The expenses are displayed in the following table.

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 518749-100 | 03/09/09 | $0.43 | Postage |
| 518749-100 | 03/16/09 | $2.52 | Reproduction [Number of units: 12][3] |
| 518749-100 | 03/25/09 | $191.27 | Reed Elsevier Inc. dba LexisNexis Courtlink charges for 2/1/09 - 2/28/09; Inv#EA-360166; dd 3/1/09. |
| 518749-100 | 04/29/09 | $221.48 | Reed Elsevier Inc. dba LexisNexis Courtlink; Inv#EA-364086; dd 4/1/09; Period 3/1/09 - 3/31/09. |
| 518749-100 | 05/01/09 | $221.35 | Reed Elsevier inv#EA-368069 - Period 4/1/09 - 4/30/09 |
| 518749-100 | 05/21/09 | $2.70 | Reproduction [Number of units: 27] |

---

[3] Stuart Maue notes this reproduction charge was calculated at a rate of $0.21 per page.

In response to the preliminary report, Dow Lohnes stated the firm was unable to determine the precise date the charges were incurred, and accordingly Dow Lohnes withdraws the request for reimbursement of the $639.75.

18.  **Photocopies.** Local Rule 2016-2 (e)(iii) provides that copying charges shall not exceed $0.10 per page. Dow Lohnes stated in the Application that the firm's rate for duplication is $0.10 per page. With the lone exception noted in the preceding paragraph, Dow Lohnes charged photocopies at a rate of $0.10 per page.

19.  **Computer Assisted Legal Research.** Local Rule 2016-2 (e)(iii) states that computer assisted legal research charges shall not be more than the actual cost to the firm. The Application indicated that "Charges for computer-assisted legal research are set at a rate that realizes no more than Dow Lohnes' actual cost."

20.  **Transportation.** Dow Lohnes requested reimbursement for one charge for "sedan rides" in the amount of $50.67. Stuart Maue requests that Dow Lohnes provide detailed information regarding the nature, purpose, and necessity of the charge referenced in the following table, including whether the transportation was related to local or out-of-town travel.

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 518749-100 | 09/15/09 | $50.67 | Red Top Cab inv#1060146 - Charge for sedan rides 8/27/09 - 9/12/09 |

The preliminary report stated that, pending the additional information provided by the firm, Stuart Maue may recommend an expense reduction for the transportation charge. In response, Dow Lohnes agreed to an expense reduction in the amount of $50.67.

### Conclusion

Stuart Maue submits this final report regarding the Second Interim Fee Application and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $737,424.50 ($736,130.00 plus $1,294.50) and reimbursement of expenses in the amount of $4,783.46

($5,473.88 minus $690.42) for the period from September 1, 2009, through November 30, 2009. A summary of the findings is attached as Appendix A.

          Respectfully submitted,

          STUART MAUE

          By: _____

          John L. Decker, Esq.
          3840 McKelvey Road
          St. Louis, Missouri  63044
          Telephone:  (314) 291-3030
          Facsimile:  (314) 291-6546
          tribunebkr@smmj.com

          Fee Examiner

## APPENDIX A

### DOW LOHNES PLLC

#### SUMMARY OF FINDINGS

##### Second Interim Fee Application (September 1, 2009 through November 30, 2009)

**A.  Amounts Requested and Computed**

| | | |
|---|---:|---:|
| Fees Requested | $736,130.00 | |
| Expenses Requested | 5,473.88 | |
| **TOTAL FEES AND EXPENSES REQUESTED** | | **$741,603.88** |
| Fees Computed | $737,424.50 | |
| Expenses Computed | 5,473.88 | |
| **TOTAL FEES AND EXPENSES COMPUTED** | | **$742,898.38** |
| Discrepancy in Fees | ($ 1,294.50) | |
| **TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES** | | **($ 1,294.50)** |

**B.  Recommended Fee Allowance and Expense Reimbursement**

| | | | |
|---|---:|---:|---:|
| Fees Requested | $736,130.00 | | |
| *Discrepancy in Fees* | | *$1,294.50* | |
| **RECOMMENDED FEE ALLOWANCE** | | | **$737,424.50** |
| Expenses Requested | $5,473.88 | | |
| *Agreed Reduction for Pre-retention Expenses* | | ($ 639.75) | |
| *Agreed Reduction for Transportation* | | (50.67) | |
| Subtotal | | ($ 690.42) | |
| **RECOMMENDED EXPENSE REIMBURSEMENT** | | | 4,783.46 |
| **TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT** | | | **$742,207.96** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on this 1st day of April, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.'
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
1000 N. West Street, Suite 1200
Wilmington, DE  19801
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for Prepetition Lenders, JP Morgan Chase Bank, N.A.)

John R. Feore, Esq.
Dow Lohnes PLLC
1200 New Hampshire Avenue, NW, Suite 800
Washington, DC  20036-6802

_____
John L. Decker, Esq.

# EXHIBIT A
## Discrepancy Schedule
## Dow Lohnes PLLC

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 517270-100 | 134 | Kirkpatrick | 09/15/09 | $335.00 | 8.10 | 8.00 | 2,713.50 | 2,680.00 | 0.10 | $ 33.50 |
| 517270-100 | 133 | Kirkpatrick | 09/17/09 | $335.00 | 7.70 | 7.10 | 2,579.50 | 2,378.50 | 0.60 | $ 201.00 |
| 517270-100 | 87 | Swanson | 09/23/09 | $575.00 | 3.50 | 3.40 | 2,012.50 | 1,955.00 | 0.10 | $ 57.50 |
| 517270-100 | 106 | Rademacher | 09/24/09 | $420.00 | 5.70 | 5.30 | 2,394.00 | 2,226.00 | 0.40 | $ 168.00 |
| 519259-100 | 96 | Rademacher | 11/05/09 | $420.00 | 7.70 | 7.60 | 3,234.00 | 3,192.00 | 0.10 | $ 42.00 |
| 519259-100 | 93 | Rademacher | 11/15/09 | $420.00 | 7.50 | 7.40 | 3,150.00 | 3,108.00 | 0.10 | $ 42.00 |
| | | | | | | | **Total Overcharges** | | **1.40** | **$ 544.00** |
| **Undercharges** | | | | | | | | | | |
| 518749-100 | 144 | Kirkpatrick | 10/05/09 | $335.00 | 8.70 | 9.50 | 2,914.50 | 3,182.50 | (0.80) | $ (268.00) |
| 518749-100 | 113 | Swanson | 10/13/09 | $575.00 | 4.70 | 5.90 | 2,702.50 | 3,392.50 | (1.20) | $ (690.00) |
| 518749-100 | 121 | Swanson | 10/22/09 | $575.00 | 5.50 | 6.30 | 3,162.50 | 3,622.50 | (0.80) | $ (460.00) |
| 518749-100 | 39 | Pila | 10/28/09 | $255.00 | 0.80 | 2.00 | 204.00 | 510.00 | (1.20) | $ (306.00) |
| 519259-100 | 22 | Feore | 11/20/09 | $725.00 | 0.90 | 1.00 | 652.50 | 725.00 | (0.10) | $ (72.50) |
| 519259-100 | 72 | Rademacher | 11/24/09 | $420.00 | 3.10 | 3.20 | 1,302.00 | 1,344.00 | (0.10) | $ (42.00) |
| | | | | | | | **Total Undercharges** | | **(4.20)** | **$ (1,838.50)** |
| | | | | | | | **Net Total Discrepancy** | | **(2.80)** | **$ (1,294.50)** |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**
**COMPUTED AT STANDARD RATES**
Dow Lohnes PLLC

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| MAS2 | Swanson, M. Ann | MEMBER | $575.00 | $575.00 | 403.80 | $232,185.00 |
| JRF | Feore, John R. | MEMBER | $725.00 | $725.00 | 130.90 | $94,902.50 |
| JSL | Logan, John S. | MEMBER | $645.00 | $645.00 | 88.60 | $57,147.00 |
| CH | Burrow, Christina H. | MEMBER | $510.00 | $510.00 | 75.60 | $38,556.00 |
| MDH1 | Hays, Michael D. | MEMBER | $665.00 | $665.00 | 24.40 | $16,226.00 |
| SSP2 | Patrick, Scott S. | MEMBER | $520.00 | $520.00 | 2.30 | $1,196.00 |
| No. of Billers for Position: 6 | | Blended Rate for Position: | $606.69 | | 725.60 | $440,212.50 |
| | | | | % of Total: | 48.69% | % of Total: 59.70% |
| JR4 | Rademacher, Jason E. | SENIOR COUNSEL | $420.00 | $420.00 | 519.30 | $218,106.00 |
| CLM2 | Meazell, Christopher L. | SENIOR COUNSEL | $400.00 | $400.00 | 45.20 | $18,080.00 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $418.40 | | 564.50 | $236,186.00 |
| | | | | % of Total: | 37.88% | % of Total: 32.03% |
| DK | Kirkpatrick, Daniel A. | ASSOCIATE | $335.00 | $335.00 | 138.60 | $46,431.00 |
| JNP | Pila, Joshua N. | ASSOCIATE | $255.00 | $255.00 | 37.50 | $9,562.50 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $317.96 | | 176.10 | $55,993.50 |
| | | | | % of Total: | 11.82% | % of Total: 7.59% |
| SEA | Anderson, Susan E. | COMMUN COORDIN | $250.00 | $250.00 | 4.70 | $1,175.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $250.00 | | 4.70 | $1,175.00 |
| | | | | % of Total: | 0.32% | % of Total: 0.16% |
| AEM2 | Mejia, Allyson E. | CABLE SPECIALIS | $240.00 | $240.00 | 11.60 | $2,784.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $240.00 | | 11.60 | $2,784.00 |
| | | | | % of Total: | 0.78% | % of Total: 0.38% |
| JML4 | Lubetkin, Jacob M. | PARALEGAL | $140.00 | $140.00 | 5.70 | $798.00 |

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Dow Lohnes PLLC**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| KEG | Gallagher, Krista E. | PARALEGAL | $145.00 | $145.00 | 1.90 | $275.50 |
| No. of Billers for Position: 2 | | Blended Rate for Position: | $141.25 | | 7.60 | $1,073.50 |
| | | | | % of Total: | 0.51% | % of Total: 0.15% |
| Total No. of Billers: 14 | | Blended Rate for Report: | $494.88 | | 1,490.10 | $737,424.50 |