## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: April 19, 2010 at 11:00 a.m. (ET)** |
| | **Objection Deadline: April 12, 2010 at 4:00 p.m. (ET)** |

### SUPPLEMENTAL APPLICATION FOR AN ORDER MODIFYING THE SCOPE OF THE RETENTION OF LAZARD FRÈRES & CO. LLC TO INCLUDE INVESTMENT BANKING AND FINANCIAL ADVISORY SERVICES RELATING TO CERTAIN TRANSACTIONS PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), AND 1107

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors") hereby submit this Supplemental Application

(the "Supplemental Application") for entry of an order, in substantially the form submitted

herewith, modifying the scope of the Debtors' already-authorized employment of Lazard Frères

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

& Co. LLC ("Lazard").  Lazard is currently retained by the Debtors pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to perform investment banking and financial advisory services for the Debtors in connection with these chapter 11 cases.  The terms of Lazard's existing retention by the Debtors are summarized in the Debtors' Application for an Order Authorizing Debtors to Employ and Retain Lazard Frères & Co. LLC as Investment Banker and Financial Advisor Pursuant to 11 U.S.C. §§ 327(a), 328(a), and 1107, Nunc Pro Tunc to the Petition Date, which was filed on December 26, 2008 [Docket No. 147] (the "Application") and subsequently approved by an order of this Court on March 13, 2009 [Docket No. 524] (the "Original Retention Order").  The Application is hereby incorporated by reference.[2]

The limited purpose of this Supplemental Application is to modify the existing retention of Lazard to encompass investment banking and financial advisory services relating to certain discrete transactions the Debtors are currently evaluating with respect to the Television Food Network partnership ("TVFN"), which are described in that certain supplemental engagement letter, dated as of March 5, 2010, by and between Lazard and the Debtors (the "Supplemental Engagement Letter"), a copy of which is annexed hereto as Exhibit A.  Such services are similar to the services currently performed by Lazard under the Application pursuant to the parties' existing engagement agreement dated as of December 2, 2008 (the "Existing Engagement Agreement") and indemnification letter dated December 2, 2008 (the "Indemnification Letter"), each as modified by the Original Retention Order.  However, the

---

[2] The Debtors also incorporate herein by reference the Declaration of James E. Millstein in Support of the Application, which was filed concurrently with the Application on December 26, 2008 [Docket No. 147], as supplemented by the Supplemental Declaration of James E. Millstein filed on February 19, 2009 [Docket No. 419], the Supplemental Declaration of David S. Kurtz filed on May 22, 2009 [Docket No. 1228], and the Supplemental Declaration of David S. Kurtz filed on June 19, 2009 [Docket No. 1593] (collectively, the "Lazard Declarations").

transactions described in the Supplemental Engagement Letter are not covered by the Existing

Engagement Agreement and were not included within the scope of services to be provided by

Lazard at the time the Application was originally filed with this Court, necessitating the filing of

this Supplemental Application.  In support of this Supplemental Application, the Debtors

respectfully represent as follows:

**STATUS OF THE CASE AND JURISDICTION**

1.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor,

Tribune CNLBC, LLC,[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code on October 12, 2009.  In all, the Debtors comprise 112 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket

Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the United States Trustee for the District of

Delaware appointed an official committee of unsecured creditors (the "Committee").  No request

has been made for the appointment of a trustee.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

---

[3] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

sought herein are sections 327(a), 328(a), and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND TO THE SUPPLEMENTAL APPLICATION

6.       Pursuant to the Original Retention Order, Lazard was authorized to provide certain investment banking and financial advisory services for the Debtors in connection with these chapter 11 cases, as necessary and requested, including the review and analysis of the Debtors' business operations, financial projections, valuation, capital structure, and strategies for negotiating with the Debtors' key creditor constituencies to achieve the Debtors' successful reorganization.  The scope of services described in the Existing Engagement Agreement likewise covers advice in connection with certain transactions contemplated in furtherance of such restructuring, but provides that in the event the Debtors request Lazard's assistance in connection with certain additional transactions not contemplated by the Existing Engagement Agreement, then the parties would mutually agree in good faith on the terms and compensation for services relating to such other transactions.

7.       Recently, Tribune Company ("Tribune") has been presented with an opportunity to participate in the launch of a new cable television network with its existing business partner, Scripps Networks Interactive ("Scripps"), involving TVFN, in which Tribune and Scripps are each partners.  Scripps has proposed contributing the majority of the assets and liabilities of the Fine Living Network, LLC ("FLN") to TVFN, and the business to which such assets and liabilities relate will, after such contribution, be re-branded and launched as The Cooking Channel ("TCC").  Assistance with the proposed TVFN transaction was not among Lazard's services for the Debtors contemplated under the Existing Engagement Agreement.

8.     Since the time of its initial engagement in December 2008, Lazard's professionals have worked closely with the Debtors' management and other professionals and have become well acquainted with the Debtors' operations, debt structure, creditors, business and operations and related matters.  Accordingly, the Debtors have selected Lazard to provide the investment banking and financial advisory services necessary to assist them in evaluating this proposed transaction.  The purpose of this Supplemental Application is to modify Lazard's existing retention for the limited purpose of authorizing Lazard to assist the Debtors with evaluating the proposed TVFN transaction from a financial perspective.  Specifically, Lazard will assist Tribune's management, as necessary and requested, to:

a.     Analyze the business, operations and financial projections of TVFN;

b.     Analyze the assets contemplated to be contributed to TVFN in connection with the launch of TCC;

c.     Analyze the business, operations, and financial projections of TCC;

d.     Assist Tribune in its valuation analysis of TVFN, both prior to and after the contribution of the FLN assets and liabilities;

e.     Analyze the potential financial impact on Tribune of meeting its proportional capital requirement in TVFN and thus retaining its current 31.3% interest in TVFN or of abstaining from investing and suffering economic dilution;

f.     Assist Tribune in its negotiations with Scripps relating to the launch of TCC;

g.     Assist Tribune in discussions with various creditor constituencies regarding Tribune's analysis and recommendations; and

h.     Assist Tribune with any other reasonable requests related to its evaluation and negotiations with respect to the transactions described above.

**RELIEF REQUESTED**

9.     By this Supplemental Application, the Debtors seek authorization to employ and retain Lazard to provide investment banking and financial advisory services as outlined in the Supplemental Engagement Letter annexed hereto as Exhibit A and in accordance

with the Existing Engagement Agreement and the Indemnification Letter, each as modified by the Original Retention Order.

10.    The Debtors' engagement of Lazard under the terms of the Supplemental Engagement Letter is consistent with the measured scope of the Debtors' engagement of Lazard prior to the date hereof.  Subject to the Court's approval, Lazard will charge the Debtors for its performance of the services contemplated by the Supplemental Engagement Letter on the basis described therein, in accordance with the applicable orders of this Court concerning the compensation of professionals in the Debtors' chapter 11 cases. See Application at ¶¶ 15-18. Specifically, in consideration of Lazard's services under the Supplemental Engagement Letter, Tribune has agreed to a flat fee of $750,000, payable upon the earlier of (i) the time when the Company invests in or contributes additional capital or other assets to TVFN; (ii) the time when the Board of Directors of the Company (or other relevant governing or decision-making body) has determined not to invest in or contribute additional capital or other assets to TVFN; (iii) September 30, 2010; and (iv) termination of this agreement by Tribune.  Tribune has also agreed to reimburse Lazard for its reasonable and documented expenses incurred in connection with the services described in the Supplemental Engagement Letter, in an amount not to exceed $50,000 without prior written approval from Tribune.

11.    Lazard intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the services performed under the Supplemental Engagement Letter, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders established by this Court and consistent with the proposed compensation set forth in the Supplemental Engagement Letter (the "Fee Structure").

Further, because the Debtors are seeking approval of the Fee Structure under section 328(a) of the Bankruptcy Code, the Debtors believe that Lazard's compensation should not be deemed to constitute a "bonus" or fee enhancement under applicable law.  The Debtors and Lazard further stipulate and agree that nothing herein or in the record relating to the Court's consideration of the Supplemental Application shall prejudice or otherwise affect the rights of the Office of the United States Trustee to challenge the reasonableness of Lazard's compensation under the Supplemental Engagement Letter under sections 330 and 331 of the Bankruptcy Code.[4]

## LEGAL AUTHORITY

12.    In the instant case, the retention of Lazard by the Debtors with respect to the services contemplated by the Supplemental Engagement Letter is in the best interests of the Debtors' estates and creditors, and satisfies all other standards for retention under sections 327(a), 328(a), and 1107.  The Debtors' existing retention of Lazard, and the proposed modification of that retention described herein, comply in all respects with section 327(a) of the Bankruptcy Code, which provides in relevant part that a debtor in possession, with the Court's approval, may employ professionals (such as attorneys or accountants) "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons."  11 U.S.C. § 327(a); 11 U.S.C. § 1107; see also In re BH&P, Inc., 949 F.2d 1300, 1314 (3d Cir. 1991) (citing In re Star Broadcasting, Inc., 81 B.R. 835, 838 (Bankr. D.N.J. 1988) (for a professional to be retained, such professional "must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person.').  A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect

---

[4] Such terms regarding the rights of the United States Trustee are consistent with the provisions that were incorporated in the Original Retention Order at the request of the Office of the United States Trustee, and are likewise incorporated in the proposed order attached hereto.

relationship with the debtor, or for any other reason.  See 11 U.S.C. § 101(14)(e).  To the best of

the Debtors' knowledge, information, and belief, and based on Lazard's representations in the

Lazard Declarations, Lazard is a "disinterested person" as defined in section 101(14) of the

Bankruptcy Code, eligible for employment in these cases.

13.     Given that Lazard's professionals have more than one year's experience of

providing investment banking and financial advisory services to the Debtors in connection with

their business operations, and that Lazard has developed a deep understanding during that period

of many aspects of the Debtors' business operations, the Debtors have selected Lazard to

perform the services described in the Supplemental Engagement Letter as well, and believe that

Lazard is particularly well-suited to assist the Debtors in evaluating the proposed TVFN

transaction and to perform the needed services efficiently and cost-effectively on behalf of the

Debtors.  The time and cost associated with engaging new consultants who are unfamiliar with

the Debtors and their assets would be both costly and inefficient, needlessly expending the

Debtors' assets.  The Debtors therefore request this Court's authorization to approve the

expansion of Lazard's services on behalf of the Debtors pursuant to the terms of the

Supplemental Engagement Letter.

14.     The terms of the Existing Engagement Agreement and the Indemnification

Letter, as such agreement and letter have been and may be modified by applicable orders of the

Bankruptcy Court, remain in full force and effect and are not modified by the parties' entry into

the Supplemental Engagement Letter.  The Debtors intend for the terms of the Indemnification

Letter, as modified by the Original Retention Order, to apply to the services provided by Lazard

under the Supplemental Engagement Letter.  Moreover, all provisions of the Original Retention

Order remain in full force and effect and are unaffected by this Supplemental Application.

## NOTICE

15.   Notice of this Supplemental Application has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) the administrative agents for Tribune's prepetition loan facilities; (iv) the administrative agent for Debtors' postpetition loan facility; (v) counsel to Lazard; and (vi) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

16.   The Debtors have not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto, (i) approving the Debtors' Supplemental Application and the retention of Lazard to provide investment banking and financial advisory services pursuant to sections 327(a), 328(a), and 1107 of the Bankruptcy Code and pursuant to the terms of the Supplemental Engagement Letter, and (ii) granting to the Debtors such other relief as may be just and proper.

Dated: April 1, 2010

> TRIBUNE COMPANY
> (for itself and on behalf of each Debtor)
>
> Nils E. Larsen
> Executive Vice President  / Chief Investment
> Officer