**PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. __** |

## ORDER MODIFYING THE SCOPE OF THE RETENTION OF LAZARD FRÈRES & CO. LLC TO INCLUDE INVESTMENT BANKING AND FINANCIAL ADVISORY SERVICES RELATING TO CERTAIN TRANSACTIONS PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), AND 1107

Upon the Supplemental Application[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") for an order modifying the scope of the retention of Lazard Frères & Co. LLC ("Lazard") to include investment banking and financial advisory services in connection with the transactions set forth

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Supplemental Application.

in the Supplemental Engagement Letter annexed to the Supplemental Application, pursuant to section 327(a), 328(a), and 1107 of the Bankruptcy Code; and upon consideration of the Supplemental Application and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Supplemental Application was due and proper under the circumstances; and it appearing that the relief requested in the Supplemental Application is in the best interests of the Debtors, their estates and creditors; and it appearing that Lazard neither holds nor represents any interest adverse to the Debtors or their estates with respect to the matters on which Lazard is to be employed; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Supplemental Application is granted; and it is further

ORDERED, that the modified retention and employment of Lazard to provide investment banking and financial advisory services pursuant to section 327(a) and 328(a) of the Bankruptcy Code on the terms set forth in the Supplemental Engagement Letter annexed to the Supplemental Application is hereby approved; and it is further

ORDERED, that, subject to the following paragraph of this Order, Lazard shall be compensated in accordance with the terms of the Supplemental Engagement Letter, and, in particular, all of Lazard's fees and expenses thereunder are approved pursuant to section 328(a) of the Bankruptcy Code; and it is further

ORDERED, that, notwithstanding anything to the contrary in this Order, the Office of the United States Trustee shall retain the right and be entitled to object to the fee provided in paragraph 3 of the Supplemental Engagement Letter based on the reasonableness standard under Bankruptcy Code sections 330 and 331. Nothing in this Order or the record shall

constitute a finding of fact or conclusion of law binding the Office of the United States Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's compensation; and it is further

ORDERED, that Lazard shall file fee applications for monthly, interim, and final allowance of compensation and reimbursement of expenses under the Supplemental Engagement Letter pursuant to the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and the Debtors are authorized to pay such compensation consistent with (and subject to the limitations of) the aforementioned authority; provided, however, that Lazard shall be compensated and reimbursed in accordance with the two prior paragraphs of this Order; and it is further

ORDERED, that none of the fees payable to Lazard under the Supplemental Engagement Letter shall constitute a "bonus" or be considered a fee enhancement under applicable law; and it is further

ORDERED, that the provisions of the Indemnification Letter (as modified by the Original Retention Order) shall apply to the Supplemental Engagement Letter and Lazard's engagement thereunder; and it is further

ORDERED, that all provisions of the Original Retention Order remain in full force and effect; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
      April _____, 2010

                                                                           _____
                                                                            The Honorable Kevin J. Carey
                                                                            Chief United States Bankruptcy Judge