IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------X
In re:                                         :     Chapter 11 Cases
                                               :     Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                       :     (Jointly Administered)
                                               :
     Debtors.                                  :     Hearing Date and Time:
                                               :     TBD
                                               :
------------------------------------------------X   Related to Docket No. 3942

**MOTION OF WILMINGTON TRUST COMPANY FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF (A) ITS UNREDACTED OBJECTION TO MOTION OF THE DEBTORS FOR AN ORDER (I) DETERMINING THAT WILMINGTON TRUST COMPANY HAS VIOLATED AUTOMATIC STAY, (II) REQUIRING WILMINGTON TRUST COMPANY TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT OF COURT, AND (III) HALTING ALL PROCEEDINGS WITH RESPECT TO THE COMPLAINT AND (B) ITS UNREDACTED EXHIBIT A THERETO UNDER SEAL**

Wilmington Trust Company, Successor Indenture Trustee, ("Wilmington Trust"), for the Exchangeable Subordinated Debentures due 2029 in the aggregate principal amount of approximately $1.2 billion (the "PHONES") issued in April 1999 by Debtor Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors"), by and through its undersigned counsel, hereby moves for entry of an order authorizing Wilmington Trust to file under seal (a) the unredacted Objection to Motion of the Debtors for an Order (i) Determining that Wilmington Trust Company Has Violated Automatic Stay, (ii) Requiring Wilmington Trust Company to Show Cause Why It Should Not Be Held in Contempt of Court, and (iii) Halting All Proceedings with Respect to the Complaint (the "Objection"); and (b) the unredacted Exhibit A to the Objection, pursuant to 11 U.S.C. §§ 105 and 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedures and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. In support of its Motion, Wilmington Trust respectfully

submits as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion raises a core matter under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   The statutory predicate for the relief sought herein is found in 11 U.S.C. §§ 105(a) and 107 and Federal Rule of Bankruptcy Procedure 9018 and Local Rule 9018-1.

## BACKGROUND

3.   On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.   In connection with the prosecution of certain motions or otherwise in these proceedings, Wilmington Trust has obtained information marked "confidential" pursuant to this Court's December 15, 2009 Order establishing a document depository [Docket No. 2858] (the "Depository Order") from the Debtors and many other parties that had a connection with the LBO transaction or its financing.

5.   On March 4, 2010, Wilmington Trust filed a redacted Complaint for Equitable Subordination and Disallowance of Claims, Damages, and Constructive Trust ("Complaint"). The unredacted Complaint contains information marked "confidential" in accordance with the Depository Order. On the same date, Wilmington Trust filed a Motion for Entry of an Order Authorizing Filing of Unredacted Complaint for Equitable Subordination and Disallowance of Claims, Damages, and Constructive Trust Under Seal, which such motion is currently pending in the adversary proceeding. [Docket No. 3].

6.Subsequent to the filing of the Complaint, the Debtors filed their Motion for an Order (I) Determining that Wilmington Trust Company Has Violated Automatic Stay, (II) Requiring Wilmington Trust Company to Show Cause Why It Should Not Be Held in Contempt of Court, and (III) Halting All Proceedings with Respect to the Complaint (the "Motion") [Docket No. 3759].

7.Contemporaneously herewith, Wilmington Trust filed its Objection to the Motion. Wilmington Trust's Objection and Exhibit A thereto contain information marked "Confidential" in accordance with the Depository Order. For the reasons set forth herein, and in accordance with the terms of the Depository Order, Wilmington Trust seeks to file its unredacted Objection and Exhibit A thereto under seal.

8.The Court entered the Depository Order that, among other things, established a document depository for the retention of documents and other information produced pursuant to discovery requests in these cases. Due to the confidential nature of the information contained in many of the documents, the Depository Order expressly provides:

> No Depository Designee or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents", "Highly Confidential — Attorneys' Eyes Only", or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal.

Depository Order ¶f, at 4. Wilmington Trust has been deemed a "Depository Designee" pursuant to the Depository Order. Accordingly, the Depository Order obligates Wilmington Trust to file under seal any document that contains information marked "confidential" in accordance with the Depository Order, such as the unredacted Objection and Exhibit A.

## RELIEF REQUESTED

9. Accordingly, by this Motion, Wilmington Trust respectfully requests that the Court enter an order authorizing Wilmington Trust to file the unredacted Objection and Exhibit A thereto under seal.

## BASIS FOR RELIEF

10. Section 107(b) of the Bankruptcy Code authorizes the Court to "protect an entity with respect to trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 then sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. For information covered under section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994).

11. The Objection and Exhibit A thereto contain quotations from and/or paraphrases information that one or more of the parties producing information have characterized under one of the descriptions set forth in Paragraph f of the Depository Order. Based on Wilmington Trust's obligation under the Depository Order, and in an effort to prevent disclosure of any confidential information contained therein, Wilmington Trust requests that the Court enter an accompanying order authorizing Wilmington Trust to file the unredacted Objection and Exhibit A under seal.

**WHEREFORE**, Wilmington Trust respectfully requests that the Court: (i) enter an order authorizing it to file the unredacted Objection and Exhibit A under seal; and (ii) grant such other and further relief as is just and proper under the circumstances.

Dated: April 5, 2010

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By: _/s/ Raymond H. Lemisch_
Raymond H. Lemisch, Esq. (Del. Bar No. 4204)
Jennifer R. Hoover, Esq. (Del. Bar No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: rlemisch@beneschlaw.com
Email: jhoover@beneschlaw.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
William M. Dolan III, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: wdolan@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*