# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 227 |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF ILLINOIS          )
                                          :     ss.:
COUNTY OF COOK          )

     I, Violet Goodheart, being duly sworn, deposes and says:

     1.    I am a partner of KPMG LLP ("KPMG" or the "Firm"), which maintains offices at 303 E. Wacker Drive, Chicago, Illinois 60601-5255. KPMG is the United States member firm of KPMG International, a Swiss cooperative.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.     This Affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on or about December 26, 2008, authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3.     The Firm has represented and advised the Debtors as tax consultants with respect to certain aspects of the Debtors' business operations.  The Debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4.     The majority of fees to be charged in this engagement reflect a reduction of approximately 30% from the Firm's normal and customary rates, depending on the types of services to be rendered:

| Tax Consulting Services | Discounted Rate |
|---|---|
| Partners | $510 |
| Senior Managers | $420 |
| Managers | $335 |
| Senior Associates | $245 |
| Associates | $195 |
| Para-Professionals | $105 |

5.     In the normal course of its business, the Firm revises its billing rates on October 1st of each year and requests that, effective October 1st of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.

6.    Based upon information supplied to the Firm, KPMG searched its client database from May 2, 2005 and forward to identify any connection or relationship with the parties listed on Exhibit "1," attached hereto.  The Firm's review consisted of queries of an internal computer database containing names of individuals and entities that are present or recent and former clients of the Firm in order to identify potential relationships.[2]  This database includes engagement activity or potential engagement activity from May 2, 2005 forward.  A summary of those current potential relationships that the Firm was able to identify using its reasonable efforts is reflected in Exhibit "2" attached hereto.[3]  To the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, the Firm neither holds nor represents an interest adverse to the Debtors' estates that would impair the Firm's ability to objectively perform professional services for the Debtors, in accordance with section 327 of the Bankruptcy Code.

7.    No commitments have been made or received by the Firm with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and there is no agreement or understanding between the Firm and any other entity, other than a member, partner or regular associate of the Firm, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

---

[2]  As set forth in paragraph 12, KPMG is the United States member firm of KPMG International, a Swiss cooperative of independent member firms.  While KPMG is a separate and distinct legal entity from all other member firms of KPMG International, in an attempt to identify conflicts among or between KPMG International member firms, KPMG International has a global conflict internal computer database related to the engagement activity or potential engagement activity of a majority of such member firms since May 2, 2005 that allows KPMG International member firms to identify potential conflicts between other KPMG International member firms. Financial information pertaining to engagement activity is the proprietary and confidential information of each individual member firm and KPMG does not have any legal right to access, or if accessed, disclose, such information relating to other KPMG International member firms.

[3]  Exhibit 2 contains a list of the relationships or potential relationships of all KPMG International member firms (as opposed to solely KPMG) and one or more of the parties set forth on the conflicts checklist.

3

8.    I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U.S.C. § 328(c) and applicable law.

9.    To the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, the Firm neither holds nor represents an interest adverse to the Debtors' estates that would impair the Firm's ability to objectively perform professional services for the Debtors, in accordance with section 327 of the Bankruptcy Code.

10.    The Debtors do not owe the Firm for prepetition services.

11.    As of the Petition Date, the Firm was not party to a services agreement with the Debtors. A copy of an agreement that the Firm and the Debtors intend to govern their relationship after the Petition Date is attached as Exhibit "3" to this Affidavit.

12.    KPMG is the United States member firm of KPMG International, a Swiss cooperative of member firms, each a separate legal entity, located worldwide. Only KPMG is being retained in this matter. KPMG cannot assure that an engagement will not be accepted by a foreign member firm of KPMG International for another party that may bear upon KPMG's engagement by the Debtors. If and when additional information becomes available with respect to any other relationships which may exist between the Firm, foreign member firms of KPMG International, or their partners and professionals and the Debtors, creditors, or any other parties in interest which may affect these cases, supplemental affidavits describing such information shall be filed with this Court.

4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April **6**, 2010

Violet Goodheart
Partner, KPMG LLP

Sworn to and subscribed before me
this **6TH.** day of **APRIL** 2010

Notary Public

OFFICIAL SEAL
THERESA M. REPOVZ
Notary Public - State of Illinois
My Commission Expires Feb 23, 2014

5