IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE COMPANY, et al., | ) | Case Number 08-13141 (KJC) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: April 19, 2010 at 11:00 am ET |
| | ) | Objection Deadline: April 12, 2010 at 4:00 pm ET |
| | ) | |
| Debtors. | ) | |
| | ) | |

<u>RESPONSE OF USDR (CLM #1670 ) TO DEBTOR'S NINETEENTH OMNIBUS OBJECTION TO CLAIMS (DOCKET # 3792)</u>; DECLARATION OF JON DICKINSON; DECLARATION OF SERVICE

## BACKGROUND

United States Debt Recovery III LP, ("USDR") a creditor via sale, and assignment of the claim(s) of CNI Corporation ("CNI") claim number 1670 responds to the debtor's Nineteenth Omnibus objection to claims as follows:

1. On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its affiliated debtors (the "Debtors") filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors continue to manage and operate their businesses as debtors in

possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. On December 10, 2008, the Court appointed Epiq bankruptcy Solutions LLC ("EPIQ") as claims, noticing, and balloting agent for the Debtors in these chapter 11 cases. (Docket #44)

4. On March 26, 2009 this Court entered that certain Order Establishing Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Docket No. 813]. The order set June 12, 2009 at the last date for filing claims.

The CNI Claim.

5. On April 23, 2010, CNI timely filed its Proof of Claim with EPIQ. The CNI Claim asserts a claim against Tribune and its estate (collectively "Tribune") in the amount of $5,000 for unpaid sums under annual software maintenance and upgrade contracts. EPIQ docketed the CNI as Claim No. 1670. The claim is based on a number of invoices which are attached to the proof of claim.

6. On or about January 8, 2010, CNI sold, transferred and assigned its claim to USDR. Pursuant to Bankruptcy Rule 3001(e)(2), notice of the transfer was provided by the claims agent and following such notice USDR became the holder of the claim. Docket # 3049.

7. The debtor has filed its Nineteenth Omnibus objection to various claims, including claim number 1670 now held by USDR. The objection asserts that "the Debtor's books and records show services were never performed during time frame of

claim, therefore no liability exists." CNI disputes this purported basis of this claim objection. See Declaration of Jon Dickinson filed concurrently herewith.

8. USDR objects to the Nineteenth Omnibus Objection and asserts that the debtor has its facts wrong. Among other things, CNI provides annual support and maintenance for corporate information service departments. CNI has had an ongoing business relationship with Tribune Company for many years.

9. At the request of Tribune Publishing Company, CNI provided annual support and maintenance for various Tribune Publishing sites including Chicago, Baltimore, Fort Lauderdale, Orlando and Newsday. The support agreement in question was an additional agreement with the Technology division of Tribune Corporate. This Technology Division is completely separate from the newspaper properties mentioned above.

10. The Technology Division is responsible for supporting web servers and infrastructure for the individual newspapers. CNI software runs on servers that the Technology Division is responsible for.

11. CNI supported that staff to ensure that the CNI AdDesk software was maintained and running 24 hours a day, 7 days a week, 365 days a year including the period March 1, 2009 until February 28, 2009 as set forth in proof of claim number 1670 filed in this case. The agreed upon rate was $1,000 annually for each site and five sites were included. These services are the basis of claim number 1670 filed in the amount of $5,000.

12. CNI actually provided support services and software upgrades as required under the agreement and during the time periods set forth in the proof of claim. The contention that services were never performed is not correct. Further, this was a support and maintenance agreement which required CNI to maintain personnel and expertise on an as needed basis as required by Tribune. The funds were due and owing regardless of the amount of usage by Tribune; nevertheless Tribune used the support and maintenance services under the agreement.

13. USDR asserts the debtor is liable for the delivery services consisting of freight for items ordered at the debtor's requests.

USDR requests that its counsel be permitted to appear telephonically in this case but may retain local counsel. Counsel for USDR is a licensed attorney in good standing in the State of California, State Bar #99025, a member of the American Bankruptcy Institute and generally familiar with Bankruptcy law and procedures. Counsel for USDR has no past or present disciplinary proceedings in any court.

Respectfully Submitted,

_/s/ Nathan E. Jones_

Nathan E. Jones, (CA State Bar #99025)

Attorney for United States Debt Recovery LLC
PO Box 5241
Incline Village, Nevada 89450
775 832-5250
775 832-5085  FAX
nate@usdrllc.com

## CERTIFICATE OF SERVICE

I, Nathan E. Jones, hereby certify and declare under penalty of perjury that on the 8th day of April, 20010, a copy of the following documents were served:

RESPONSE OF USDR (CLM #1670 ) TO DEBTOR'S NINETEENTH OMNIBUS OBJECTION TO CLAIMS (DOCKET # 3792); DECLARATION OF JON DICKINSON; DECLARATION OF SERVICE

By electronic notification through CM/ECF System for the United States bankruptcy Court for the District of Delaware and via Federal Express for delivery by April 12, 2010 to:

SIDLEY AUSTIN LLP
Attn: Bryan Krakauer, Kevin T. Lantry, Kenneth P. Kansa, Bridget J. Hauserman
One South Dearborn Street
Chicago IL 60603

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attn: Norman Pernick, J. Kate Stickles
500 Delaware Ave, Suite 1410
Wilmington Delaware 19801

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on April 8, 2010 at Incline Village, Nevada.

_____
Nathan E. Jones

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TRIBUNE COMPANY, et al., ) | Case Number 08-13141 (KJC) |
| ) | |
| ) | Jointly Administered |
| ) | Hearing Date: April 19, 2010 at 11:00 am ET |
| ) | Objection Deadline: April 12, 2010 at 4:00 pm ET |
| Debtors. ) | |
| _____ ) | |

**DECLARATION OF JON DICKINSON**

I, Jon Dickinson Declare:

1. I am an individual residing in New Hampshire, over the age of 21. The facts stated herein are true of my own personal knowledge except as to those facts stated on information and belief and as to those facts I believe them to be true.

2. I am the President of CNI Corporation a firm whose business address is 394 Elm Street, Milford New Hampshire 03055. Among other things, CNI provides annual support and maintenance for corporate information service departments. CNI has had an ongoing business relationship with Tribune Company for many years.

3. At the request of Tribune Publishing Company, CNI provided annual support and maintenance for various Tribune Publishing sites including Chicago, Baltimore, Fort Lauderdale, Orland and Newsday.

4. The support agreement in question was an _additional_ agreement with the Technology division of Tribune Corporate. This Technology Division is completely separate from the newspaper properties mentioned above.

5. The Technology Division is responsible for supporting web servers and infrastructure for the individual newspapers. CNI software runs on servers that the Technology Division is responsible for.

6. CNI supported that staff to ensure that the CNI AdDesk software was maintained and running 24 hours a day, 7 days a week, 365 days a year including the period March 1, 2009 until February 28, 2009 as set forth in proof of claim number 1670 filed in this case. The agreed upon rate was $1,000 annually for each site and five sites were included. These services are the basis of claim number 1670 filed in the amount of $5,000. This claim was sold and transferred to United States Debt Recovery III LP.

7. CNI actually provided support services and software upgrades as required under the agreement and during the time periods set forth in the proof of claim. The contention that services were never performed is not correct. Further, this was a support and maintenance agreement which required CNI to maintain personnel and expertise on an as needed basis as required by Tribune. The funds were due and owing regardless of the amount of usage by Tribune; nevertheless Tribune used the support and maintenance services under the agreement.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration is executed April 17, 2010 at Milford New Hampshire.

_____
Jon Dickinson