**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------X
In re:                                              :     Chapter 11 Cases
                                                    :     Case No. 08-13141 (KJC)
**TRIBUNE COMPANY, et al.,**                        :     (Jointly Administered)
                                                    :
    Debtors.                                        :     Requested Hearing Date: April 13, 2010 at 10:00 a.m.
                                                    :     Requested Response Deadline: April 12, 2010 at 4:00 p.m.
                                                    :
                                                    :
---------------------------------------------------X     Related to Docket No. 3979

**MOTION OF WILMINGTON TRUST COMPANY FOR ENTRY OF AN ORDER AUTHORIZING FILING OF UNREDACTED DECLARATION OF WILLIAM M. DOLAN IN FURTHER SUPPORT OF THE MOTION OF WILMINGTON TRUST COMPANY FOR APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(C) OF THE BANKRUPTCY CODE AND CERTAIN EXHIBITS THERETO UNDER SEAL**

Wilmington Trust Company, Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029 ("Wilmington Trust"), in the aggregate principal amount of approximately $1.2 billion (the "PHONES") issued in April 1999 by Debtor Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors"), by and through its undersigned counsel, hereby moves for entry of an order authorizing Wilmington Trust to file under seal the unredacted Declaration of William M. Dolan In Further Support of the Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code and certain exhibits thereto pursuant to 11 U.S.C. §§ 105 and 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedures and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. In support of this Motion, Wilmington Trust respectfully submits as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion raises a core matter under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicate for the relief sought herein is found in 11 U.S.C. §§ 105(a) and 107 and Federal Rule of Bankruptcy Procedure 9018 and Local Rule 9018-1.

**BACKGROUND**

3.     On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.     On January 13, 2010, Wilmington Trust filed its Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code [Docket No. 3062]  (the "Examiner Motion").  In connection with the prosecution of the Examiner Motion or otherwise in these proceedings, Wilmington Trust has obtained information marked "confidential" pursuant to this Court's December 15, 2009 Order establishing a document depository [Docket No. 2858] (the "Depository Order") from the Debtors and many other parties that had a connection with the LBO transaction or its financing.

5.     In further support of the Examiner Motion, a redacted Declaration of Martin S. Siegel (the "Siegel Declaration") was filed on February 16, 2010 [Docket No. 3422], with an accompanying motion to file under seal.  The unredacted Siegel Declaration and certain exhibits referenced therein contain information marked "confidential" in accordance with Depository Order and Wilmington Trust sought to file them under seal.   At the omnibus hearing on

February 18, 2010, the Court continued the Examiner Motion and accompanying motion to file under seal to the omnibus hearing currently scheduled for April 13, 2010.

6.  In support of, and in anticipation of, the hearing on April 13th, Wilmington Trust files a Declaration of William M. Dolan In Further Support of the Motion of Wilmington Trust Company for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Dolan Declaration") and certain exhibits thereto, which is intended to amend and replace the Siegel Declaration. The Dolan Objection and certain exhibits thereto contain information marked "confidential" in accordance with the terms of the Depository Order. For the reasons set forth herein, and in accordance with the terms of the Depository Order, Wilmington Trust seeks to file the unredacted Dolan Declaration and certain exhibits thereto under seal.

7.  The Court entered the Depository Order that, among other things, established a document depository for the retention of documents and other information produced pursuant to discovery requests in these cases. Due to the confidential nature of the information contained in many of the documents, the Depository Order expressly provides:

> No Depository Designee or its Designated Representative may use Discovery Documents or Depository Information stamped or otherwise designated as "Financial Institution Highly Confidential Documents", "Highly Confidential — Attorneys' Eyes Only", or "Confidential" in a court filing in these chapter 11 cases unless such documents are filed under seal.

Depository Order ¶ f, at 4. Wilmington Trust has been deemed a "Depository Designee" pursuant to the Depository Order. Accordingly, the Depository Order obligates Wilmington Trust to file under seal any document that contains such information marked "confidential" in accordance with the Depository Order, such as the unredacted Dolan Declaration and certain of

the exhibits thereto. Specifically, Wilmington Trust seeks to file, in addition to the unredacted Dolan Declaration, sixty-six (66) of the exhibits referenced therein under seal.[1]

## RELIEF REQUESTED

8. Accordingly, by this Motion, Wilmington Trust respectfully requests that the Court enter an order authorizing Wilmington Trust to file the unredacted Dolan Declaration and certain of the exhibits thereto under seal.

## BASIS FOR RELIEF

9. Section 107(b) of the Bankruptcy Code authorizes the Court to "protect an entity with respect to trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 then sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. For information covered under section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

---

[1] Wilmington Trust seeks to file the following exhibits under seal marked as follows: (i) Highly Confidential – Attorneys' Eyes Only: WT 4, WT 5, WT 6, WT 9, WT 17, WT 18, WT 19, WT 20, WT 21, WT 28, WT 29, WT 40, WT 42, WT 47, WT 48, WT 49, WT 50, WT 51, WT 52, WT 53, WT 54, WT 55, WT 56, WT 57, WT 59, WT 77; (ii) Confidential: WT 7, WT 11, WT 22, WT 24, WT 25, WT 26, WT 27, WT 32, WT 33, WT 34, WT 37, WT 61, WT 66, WT 70, WT 71, WT 72, WT 73, WT 74, WT 78, WT 79, WT 82; (iii) Professionals' Eyes Only: WT 13, WT 16, WT 23, WT 31, WT 46, WT 62, WT 63, WT 64, WT 65, WT 67, WT 68, WT 75; and (iv) Professionals' Eyes Only, Highly Confidential – Attorneys' Eyes Only: WT 14, WT 15, WT 30, WT 35, WT 36, WT 60, WT 76. The following exhibits are marked Not Confidential and are filed of record with the Declaration: WT 1, WT 2, WT 3, WT 8, WT 10, WT 12, WT 38, WT 39, WT 41, WT 43, WT 44, WT 45, WT 58, WT 69, WT 80, WT 81, WT 83, WT 84, WT 85.

10. The Dolan Declaration and certain exhibits thereto contain quotations from and/or paraphrase information that one or more of the parties producing information have characterized under one of the descriptions set forth in Paragraph f of the Depository Order. Based on Wilmington Trust's obligation under the Depository Order, and in an effort to prevent disclosure of any confidential information contained therein, Wilmington Trust requests that the Court enter an accompanying order authorizing Wilmington Trust to file the unredacted Dolan Declaration and certain exhibits thereto under seal.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Wilmington Trust respectfully requests that the Court: (i) enter an order authorizing it to file the unredacted Dolan Declaration and certain exhibits thereto under seal; and (ii) grant such other and further relief as is just and proper under the circumstances.

Dated: April 9, 2010

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:  /s/ Raymond H. Lemisch
Raymond H. Lemisch, Esq. (Del. Bar No. 4204)
Jennifer R. Hoover, Esq. (Del. Bar No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone:  (302) 442-7010
Facsimile: (302) 442-7012
Email: rlemisch@beneschlaw.com
Email: jhoover@beneschlaw.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
William M. Dolan III, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone  (212) 209-4800
Facsimile:  (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: wdolan@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*