**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, et al.,<br><br>                                    Debtors. | Chapter 11<br><br>Case No. 08 – 13141 (KJC)<br>Jointly Administered<br><br>Hearing Date:  April 13, 2010 at 10:00 a.m. (ET) |

**OBJECTION TO MOTION OF CREDIT AGREEMENT LENDERS FOR LEAVE TO
CONDUCT DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004 OF
CENTERBRIDGE PARTNERS, L.P., CENTERBRIDGE CREDIT ADVISORS LLC,
AND THEIR AFFILIATES**

Centerbridge Credit Advisors LLC, on behalf of its investment funds and accounts managed by itself and affiliates (collectively, "CCA"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the Motion of Credit Agreement Lenders for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004 ("Rule 2004") of Centerbridge Partners, L.P., Centerbridge Credit Advisors LLC, and Their Affiliates (the "Motion").

**INTRODUCTION**

1.      By their Motion, the non-debtor Credit Agreement Lenders[1] seek wide-ranging discovery of another non-debtor under Bankruptcy Rule 2004, in order to probe *theoretical litigation defenses* to putative fraudulent conveyance causes of action owned by the Debtors' estates.  As the Credit Agreement Lenders now know, these putative causes of action are the subject of a settlement agreement (the "Settlement") supported by the Official Creditors' Committee appointed in these cases and the Debtors, and will be incorporated into a plan of

---

[1] The Credit Agreement Lenders are the entities identified in the "Third Amended Joint Verified Statement of Representation of More than One Creditor by Hennigan Bennet & Dorman LLP and Young Conaway Stargatt & Taylor, LLP" [D.I. 3927].

reorganization to be filed by the Debtors on or before April 13, 2010 (the "Plan").[2] To allow the broad examination of a non-debtor third party's documents, as requested by the Credit Agreement Lenders, not only wastes resources in light of the Settlement, but is far beyond the scope and purpose of Rule 2004.

2. Whether the Credit Agreement Lenders intend to oppose the Settlement or any Plan embodying the Settlement is unclear. Nevertheless, should the Credit Agreement Lenders seek discovery in order to oppose the Settlement or Plan, such discovery should be permitted only in connection with a contested matter, subject to Bankruptcy Rules 9014 and 7026, which incorporate the Federal Rules of Civil Procedure governing discovery. Absent such an objection by the Credit Agreement Lenders, the discovery sought by the Credit Agreement Lenders has no bearing on these bankruptcy cases or the administration of the Debtors' estates.

3. Moreover, in an effort to resolve this dispute consensually and preserve estate and judicial resources, CCA offered to begin gathering potentially relevant, responsive documents immediately, and to respond to the Credit Agreement Lenders' requests within 30 days of service of the Motion, subject to the protections afforded by Federal Rule of Civil Procedure 26. The Credit Agreement Lenders declined this proposal, however, and insisted on proceeding with their 2004 Motion. In so doing, the Credit Agreement Lenders make clear that their true goal is to obtain scorched-earth discovery of a non-debtor third party, for their own private interests rather than those of the Debtors' estates. Such discovery is not permitted by Rule 2004. Accordingly, the Motion should be denied.

---

[2] A term sheet relating to the Settlement has been filed with the Court at D.I. 3970.

**BACKGROUND**

4.  By letter dated March 29, 2010, the Credit Agreement Lenders notified CCA that it intended to seek broad Rule 2004 discovery from CCA. The document requests proposed by the Credit Agreement Lenders included requests for:

- All communications in 2006 and 2007 concerning Tribune Company ("Tribune"), any equity interest in Tribune, any of its assets, any of its subsidiaries, or any of its subsidiaries' assets;

- All documents from 2006 and 2007 concerning Tribune, any of its assets, any of its subsidiaries or any of its subsidiaries' assets; and

- All documents from 2006 and 2007 concerning communications between CCA and any other person concerning Tribune, any equity interest in Tribune, any of its assets, any of its subsidiaries, any of its subsidiaries' assets, or any debt instrument issued by Tribune or by any of its subsidiaries.

5.  On April 2, 2010, after counsel for CCA indicated that such a fishing expedition of a non-debtor third party was outside the scope of Rule 2004, the Credit Agreement Lenders filed the Motion, seeking leave of the Court to engage in Rule 2004 discovery of CCA.

6.  On April 8, 2010, the Debtors announced the Settlement. Certain of the parties to the Settlement — Angelo Gordon and J.P. Morgan — are would-be defendants in the potential fraudulent conveyance action, as holders of claims under the Debtors' prepetition senior credit facility and the agent for the prepetition senior secured credit facilities. The other parties, CCA, as a substantial holder of the Debtors' senior notes, and Law Debenture, as the indenture trustee for such senior notes, are would-be beneficiaries of a successful pursuit of such causes of action. The Settlement is supported by the Debtors and the Official Committee of Unsecured Creditors appointed in these cases. If approved by the Court, the Settlement will settle all potential claims regarding the fraudulent conveyance causes of action relating to the Debtors' 2007 leveraged buyout transaction (the "LBO").

7. On April 8, 2010, counsel for CCA proposed to resolve the Motion by agreeing to respond to the proposed discovery by producing written responses and objections, as well as relevant responsive documents, within 30 days of service of the Motion, subject to the condition that the discovery would be governed by the Federal Rules of Civil Procedure, rather than the broader sweep of Rule 2004.[3]  Counsel for the Credit Agreement Lenders rejected this offer and insisted on pursuing their proposed discovery under Rule 2004.[4]

## ARGUMENT

### I. The Requested Discovery Is Outside The Scope Of Rule 2004

8. The purpose of Rule 2004 discovery is to allow a party to "investigate how to bring to light possession of assets of the debtor which might be intentionally concealed or overlooked in ignorance or haste." *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).  Rule 2004 is intended "to enable parties in interest to locate assets of the debtor and to make those assets available for the creditors of the estate." *In re Continental Forge Co.*, 73 B.R. 1005, 1007 (Bankr. W.D. Pa. 1987).  "The object of the examination of the bankrupt and other witnesses to show the condition of the estate is to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of creditors may be preserved." *In re GHR Energy Corp.*, 35 B.R. 534, 536-37 (Bankr. D. Mass. 1983) (citing *Cameron v. United States*, 231 U.S. 710, 717 (1914)).

9. Nevertheless, the Credit Agreement Lenders do not seek discovery regarding the nature or extent of the Debtors' assets as a mechanism to marshal assets in the bankruptcy proceeding.  To the contrary, the stated purpose of the Motion is to enable the Credit Agreement

---

[3] Declaration of Daniel H. Golden ("Golden Declaration") at ¶ 3 attached hereto as Exhibit 1.
[4] Golden Declaration at ¶ 4.

Lenders to conduct discovery of the view held by CCA — a non-debtor third party — of the Debtors' financial condition and the LBO during the period in which the LBO was formulated and consummated, in order to enable the Credit Agreement Lenders to discover putative litigation defenses to potential fraudulent conveyance actions that are now the subject of the Settlement.  Motion at ¶ 8.

10.    The Motion does not, because it cannot, cite any case law that supports the proposition that a third party may utilize Rule 2004 as a mechanism to investigate possible defensive litigation theories, or to mount an objection to a proposed settlement.  Rather, the Credit Agreement Lenders seek to impose a burden of resources and costs on the Debtors' estates, CCA and other creditors for discovery that will serve no identifiable practical purpose.  Permitting such broad discovery would directly contradict Rule 2004's purpose of aiding in the administration of the estate, by draining estate and judicial resources for the benefit of certain creditors who cannot demonstrate any potential concomitant benefit to the Debtors' estates.

## II. The Requested Discovery Should Be Taken, If At All, In Connection With A Contested Matter And Pursuant To The Federal Rules Of Civil Procedure

11.    Moreover, the Credit Agreement Lenders' attempt to utilize Rule 2004 to prematurely demand documents from third parties on the eve of the initiation of a contested matter, where the more stringent Federal Rules of Civil Procedure would apply, is improper.  Case law is clear that Rule 2004 discovery, which courts describe as akin to a "fishing expedition," cannot be a vehicle to circumvent the Federal Rules of Civil Procedure for discovery when a contested matter is pending.  *See, e.g., In re Valley Forge Plaza Assocs.*, 109 B.R. at 674 (holding that "once an adversary proceeding or a particular contested matter is under way, discovery sought in the furtherance of litigation is subject to F.R. Civ. P. rather than the broader bounds of R2004.").  Indeed, "[m]any courts have expressed distaste for efforts of

parties to utilize R2004 examinations to circumvent the restrictions of F.R. Civ. P. in the context of adversary proceedings or contested matters." *Id.*

12.     *In re Valley Forge Plaza Assocs.* is particularly instructive here.  In *Valley Forge*, the debtor sought discovery of creditors and their agents under Rule 2004 regarding valuations and analyses done of the debtor's estate.  *In re Valley Forge Plaza Assocs.*, 109 B.R. at 672-673. Similar to the timing of the requested 2004 discovery in this case, the debtor shared a proposed reorganization plan with the creditors while the Rule 2004 requests were pending.  *Id.* at 673. The creditors opposed the Rule 2004 discovery requests, arguing that a "round of contentious discovery and examinations would be counter-productive" in "reaching a consensus to a plan of reorganization." *Id.*

13.     The *Valley Forge* court held that the debtor could not proceed with Rule 2004 discovery, but could only obtain discovery subject to the restrictions of the Federal Rules of Civil Procedure.  *Id.* at 676.  In so holding, the court stated that "[t]he admonition that the F.R. Civ. P. in general apply to discovery in adversary proceedings and contested matters has been specifically applied to prevent attempts to avoid the proscriptions of F.R. Civ. P. 26(b)(4) by the use of R2004." *Id.* at 675.  The court found that if the debtor argued that the discovery regarding valuation was not related to the confirmation of the plan of reorganization, the discovery was premature to any potential proceeding.  Conversely, if the discovery was relevant to confirmation of the plan, the debtor's discovery tools were "limited by the F.R. Civ. P. under the principle that discovery in any contested matter is always so circumscribed." *Id.*

14.     Here, as in *Valley Forge*, if the discovery sought by the Credit Agreement Lenders is not relevant to approval of the Settlement or confirmation of the Plan, it is not related to the administration of the Debtors' estates and is impermissible under Rule 2004.  Conversely, if the

discovery relates to an objection to the Settlement and/or Plan, the discovery must be governed by Rule 26 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, CCA respectfully requests that this Court enter an Order denying the Motion.

Dated:   Wilmington, Delaware          Respectfully Submitted,
         April 9, 2010

By:   \_\_\_/s/ Mark M. Billion_____
Mark M. Billion
Pachulski Stang Ziehl & Jones LLP
919 North Market Street
17th Floor
Wilmington, DE  19899-8705
(302) 652-4100 (Telephone)
(302) 652-4400 (Facsimile)
mbillion@pszjlaw.com

-and-

Daniel H. Golden
Philip C. Dublin
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
dgolden@akingump.com
pdublin@akingump.com

*Counsel for Centerbridge Credit Advisors LLC*