# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08 – 13141 (KJC)<br>Jointly Administered |
| Debtors. | **Hearing Date:  April 13, 2010 at 10:00 a.m. (ET)** |

**DECLARATION OF DANIEL H. GOLDEN IN SUPPORT OF THE OBJECTION TO
MOTION OF CREDIT AGREEMENT LENDERS FOR LEAVE TO CONDUCT
DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004 OF CENTERBRIDGE
PARTNERS, L.P., CENTERBRIDGE CREDIT ADVISORS LLC,
<u>AND THEIR AFFILIATES</u>**

I, Daniel H. Golden, hereby declare that:

1.      I am a partner in the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin"), counsel to the Centerbridge Credit Advisors LLC, on behalf of its investment funds and accounts managed by itself and affiliates (collectively, "<u>CCA</u>").

2.      I have personal knowledge of the facts set forth in this declaration, and if called and sworn as a witness, I could and would testify competently to such facts.

3.      On April 8, 2010, I spoke with Michael Swartz, counsel to the Credit Agreement Lenders identified in the Third Amended Joint Verified Statement of Representation Of More Than One Creditor By Hennigan Bennet & Dorman LLP and Young, Conaway, Stargatt & Taylor LLP (the "<u>Credit Agreement Lenders</u>").  I informed Mr. Swartz that CCA would be amenable to providing relevant discovery responsive to the Credit Agreement Lenders' documents requests, provided that the Credit Agreement Lenders agreed that the discovery would be governed by Rule 26 of the Federal Rules of Civil Procedure (<u>Rule 26</u>") rather than Rule 2004 of the Federal Rules of Bankruptcy Procedure ("<u>Rule 2004</u>").

4.      Mr. Swartz declined my offer that the parties proceed with discovery under the protections of the Federal Rules of Civil Procedure. Later that day, Mr. Swartz sent me an email stating his belief that Rule 2004, rather than Rule 26, should govern the proposed discovery, and that "Centerbridge should simply stipulate to the requested Rule 2004 discovery and produce the requested documents."[1]

5.      In a subsequent email sent to Mr. Swartz by my colleague, Deborah Newman, Ms. Newman reiterated CCA's position that the discovery proposed by the Credit Agreement Lenders should be conducted pursuant to Rule 26, given that (i) the potential fraudulent conveyance action to which the discovery relates is subject to a settlement supported by the Debtors and to be incorporated into a plan of reorganization proposed by the Debtors, and (ii) a contested matter, in the form of an objection to that settlement or proposed plan of reorganization, was likely imminent. Ms. Newman stated further that if the Credit Agreement Lenders would agree that the Federal Rules of Civil Procedure would govern the discovery, CCA would begin producing responsive information, and written responses and objections, within 30 days from service of the requests. Ms. Newman also stated that while CCA is not trying to avoid producing relevant documents, it is not currently in a position to discuss any potential objections it may have, given the breadth of certain of the Credit Agreement Lenders' requests and that CCA has not yet begun to gather responsive documents. Accordingly, Ms. Newman proposed that the parties agree to meet and confer regarding any objections CCA may have following CCA's production of documents and written responses and objections.

6.      Mr. Swartz did not respond to Ms. Newman's email.

---

[1] A true and correct copy of the email correspondence between Mr. Swartz, Ms. Newman and myself is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 9th day of April, 2010 at New York, New York.

By: _____
Daniel H. Golden

3

# EXHIBIT A

## Newman, Deborah

| | |
|---|---|
| **From:** | Newman, Deborah |
| **Sent:** | Thursday, April 08, 2010 8:01 PM |
| **To:** | 'Michael Swartz (swartzm@hbdlawyers.com)' |
| **Cc:** | Golden, Daniel; Zensky, David |
| **Subject:** | RE: Rule 2004 request of Centerbridge |

Michael:

Our view is that given the recently announced proposed settlement agreement of the LBO issues and Tribune's stated intention to file a plan and disclosure statement before April 13, 2010 incorporating the terms of the proposed settlement, your 2004 discovery is not the proper vehicle to obtain discovery. While we realize that some of the requested documents may be relevant if a contested matter is initiated concerning the settlement, the plan and/or the disclosure statement, such discovery should be subject to the protections of the Federal Rules of Civil Procedure.

In an effort to be reasonable and not waste either the Court's or the parties' time because a contested matter is likely imminent, I offered to respond to the discovery requests so long as we agreed that the Federal Rules of Civil Procedure apply-- the protections which would be afforded our client in a contested matter.

Our proposal is if you agree that the Federal Rules of Civil Procedure would govern the discovery, Centerbridge would begin producing responsive information, and written responses and objections, within 30 days from service of the requests (April 28, 2010). We are not trying to avoid producing relevant documents; however, we are not in a position to discuss any potential objections we may have, as we have not yet begun to gather the documents, and some of the requests are certainly overbroad (for example, Requests No. 4, 6, and 11). Once we produce our responses and objections, we would meet and confer subject to the Federal Rules of Discovery regarding any objections, so that the parties may engage in meaningful discovery rather than engage in a fishing expedition for documents which may be entirely unrelated to the bankruptcy proceeding or the estate.

Deborah J. Newman
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-7481
Facsimile: (212) 872-1002
djnewman@akingump.com

---

**From:** Michael Swartz
**To:** Golden, Daniel
**Cc:** Bruce Bennett ; James O. Johnston ; Zensky, David; Dublin, Philip; Newman, Deborah
**Sent:** Thu Apr 08 16:55:45 2010
**Subject:** RE: Rule 2004 request of Centerbridge

Danny,

If I misunderstood your proposal in any way, please let me know.  I want to consider and respond to the proposal you intended to make.

-- Mike

---

**From:** Golden, Daniel [mailto:dgolden@AkinGump.com]
**Sent:** Thursday, April 08, 2010 1:12 PM
**To:** Michael Swartz
**Cc:** Bruce Bennett; James O. Johnston; Zensky, David; Dublin, Philip; Newman, Deborah
**Subject:** RE: Rule 2004 request of Centerbridge

Michael,  Since it is clear from your self serving written response that you have no interest in our proposal that we convert your 2004 request to a request under Rule 26 but rather to misconstrue what we discussed and to further advocate your view that you are entitled to 2004 discovery from Centerbridge, I will not bother trying to correct your inaccuracies or further argue with you.  For the record, we disagree with virtually all of your assertions contained in your e mail.  We don't know each other, but in the future please don't bother telling me what I should or should not be advising or providing to a Court in front of whom we are litigating.


Daniel H. Golden
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036
Phone:  (212) 872-8010
Fax:  (212) 872-1002

---

**From:** Michael Swartz [mailto:SwartzM@hbdlawyers.com]
**Sent:** Thursday, April 08, 2010 3:12 PM
**To:** Golden, Daniel
**Cc:** Bruce Bennett; James O. Johnston
**Subject:** Rule 2004 request of Centerbridge

Danny,

I write to follow-up on our discussions regarding your proposal to convert our Rule 2004 request into a Rule 26 request.

As an initial matter, I note that you have not contested the relevancy of the requested information.  As your client itself has stated, events leading up to Tribune's recapitalization and merger transactions in 2007, including contemporaneous valuations of Tribune by third parties as part of Tribune's auction process, are central to the bankruptcy proceedings.  There is no question that information in this regard, including that possessed by Centerbridge, is relevant and responsive.  The fact that Centerbridge is resisting the production of contemporaneous valuations and information confirms our expectation that Centerbridge itself concluded in 2006 and 2007 that Tribune was worth far more than the amount of the Credit Agreement debt incurred in connection with the recapitalization and merger transactions and that, as a consequence, the Credit Agreement obligations cannot be avoidable as a fraudulent conveyance or on any other ground.

When you initially presented the proposal to me, you focused on the timing aspects of Rule 26 production versus Rule 2004 production.  When I twice offered to negotiate a reasonable

schedule for production in response to the Rule 2004 request, you declined, asserting that the permitted scope of Rule 26 discovery is narrower than that permitted under Rule 2004 (and that Centerbridge should not be required to respond to a Rule 2004 request).

I appreciate your acknowledgement that the real substantive concern you have with our request is the scope of the material Centerbridge would be obliged to produce, and perhaps whether it would have to produce anything at all. But, when I asked you what difference in scope you perceived between Centerbridge's obligations under Rule 2004 and under Rule 26, you indicated only that you believe that there are differences and that you weren't prepared to discuss what they are. We cannot agree to proceed under Rule 26 when Centerbridge will not agree to produce specified categories of information. Our requests are narrowly tailored to a limited type of information produced within a limited timeframe. The requests are appropriate under either Rule 2004 or Rule 26, and you have given no reason for us to conclude otherwise.

Also, I do not understand there to be any basis for your procedural contention that Rule 2004 is unavailable for use by the Credit Agreement Lenders. Centerbridge cannot very well contend that a creditor cannot obtain Rule 2004 discovery. Centerbridge, and its indenture trustee Law Debenture, correctly contended earlier in this case that Law Debenture was entitled to Rule 2004 discovery based on its status (actually Centerbridge's status) as a creditor. Based on the request from Centerbridge and Law Debenture, the Court ordered that Law Debenture be allowed such Rule 2004 discovery. Discovery has now shown that Centerbridge itself likely has crucial information regarding the auction process and enterprise value of Tribune in 2007. That information is relevant, among other things, to assessing the nature and value of property of the estate and the nature and allowability of claims asserted against the estate (as Centerbridge has said, the question of whether or not the Credit Agreement debt is avoidable as a fraudulent conveyance is a central issue in these cases) and is therefore properly sought under Rule 2004 by the Credit Agreement Lenders as creditors. Just as Rule 2004 worked when Centerbridge wanted discovery, it works when discovery is sought from Centerbridge.

With respect to your contention that we should have used Rule 26, there is no basis for such a contention. The Credit Agreement Lenders are not party to any pending adversary proceeding or contested matter. As a result, we could not have justified Rule 26 discovery on that ground. While we may someday be joined in an adversary proceeding, or otherwise added as a party, that has not yet happened, and Rule 2004 is and remains the procedurally appropriate means to discover the relevant information sought by our request.

With respect to your contention that we should have used Rule 26 because there could be a contested matter to discuss the propriety of a "settlement," there was not a settlement when we served our Rule 2004 request, our clients are not parties to any proposed compromise and, for that matter, no pleadings have been filed regarding a settlement with anyone else. Even if they had been, Rule 2004 remains the appropriate procedural mechanism for discovering information about these allegedly-material and consequence causes of action and assets of the bankruptcy estate.

Centerbridge should simply stipulate to the requested Rule 2004 discovery and produce the requested documents. If our dispute is merely one about scheduling, we can work something out.

You indicated that you would be informing Judge Carey that you had made a proposal to

4/9/2010

convert the Rule 2004 request to a Rule 26 request. When you inform Judge Carey of your proposal, please also inform him that we provided this response and provide it to him with your papers.

Thanks. I look forward to meeting you and to seeing Judge Carey again.

--    Mike Swartz



## Hennigan Bennett & Dorman<sup>LLP</sup>

**865 South Figueroa Street**
**Suite 2900**
**Los Angeles, California 90017**
**Telephone: (213) 694-1200**
**Facsimile: (213) 694-1234**

---

This e-mail was sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

---

IRS Circular 230 Notice Requirement: This communication is not given in the form of

The information contained in this e-mail message is intended only for the personal a



## Hennigan Bennett & Dorman<sup>LLP</sup>

**865 South Figueroa Street**
**Suite 2900**
**Los Angeles, California 90017**
**Telephone: (213) 694-1200**
**Facsimile: (213) 694-1234**

---

This e-mail was sent by a law firm and may contain information that

4/9/2010

is privileged or confidential. If you are not the intended recipient, please
delete the e-mail and any attachments and notify us immediately.
Thank you.