Exhibit F

Mailing from
Circuit Court

Copies of all previous correspondence and related documents

**Dynamic In Situ Geotechnical Testing**
725 Cameron Woods Drive
Apex, North Carolina 27523

Phone: (919) 303-5801
E-Mail: hroberthenke@aol.com

October 3, 2008

Circuit Court for Baltimore City
Attention: Room 462
111 North Calvert Street
Baltimore, Maryland 21202

Subject: Defamation Complaint

Herein, I, Robert Henke, present a complaint I have against a newspaper, *The Baltimore Sun* ("*The Sun*") and a *Sun* reporter, Mr. Gadi Dechter. I am not an attorney; however, I am planning to represent myself until I obtain appropriate representation. I am following procedures described on October 2, 2008 by staff of the Circuit Court for Baltimore City. In the following sections, I first summarize my complaint. Then, I summarize the harm to my firm and me and the resulting harm to my family.

## Complaint

My complaint stems from a Sunday front page news article ("the article") published by *The Sun* on October 7, 2007. The article was entitled "A modern-day Ahab" and was written by Mr. Dechter. The article covered experiences of my small firm in bringing a new earthquake engineering technology to practice and effects of the undertaking on my family. My complaint follows.

The article appears to have been a material and well-crafted defamatory fabrication. Facts were created, facts were reshaped, and facts were omitted – on a large scale. For example, both the prominent theme of the article and compelling evidence for that theme were untrue. Evidence suggests that the untruths and misrepresentations were reckless and deliberate. I believe the defamation is the most recent of a string of injuries in a lengthy, intense, and well-shielded campaign ("the campaign") committed to driving my firm and me from our profession. I believe the campaign grew from my tenure (1985-89) as a faculty member at The Johns Hopkins University ("the University"). My tenure was marked by several controversies and I was dismissed from the University. I believe the campaign has inflicted unthinkable harm on my family, me, and my firm. I believe *The Sun*, which is close to the University, took part in the campaign and the article was intended to protect the campaign. Essentially, it appears that *The Sun* concealed the very real possibility of professional misconduct and maligned the victims. I believe *The Sun's* intent was to discourage further scrutiny of the matter; such scrutiny may have placed the University in an unfavorable light. I believe the article will do little more than further obstruct progress towards justice for my firm and me and, therefore, also for my family.

Much evidence suggests *The Sun's* lapses were intentional. For example, *The Sun* gained my family's cooperation through false pretenses; *The Sun* violated our privacy; *The Sun* carried out an insincere facts check; and *The Sun* misrepresented the origin of the article. Additionally, *The Sun* appears to have been pressured by the University.

Complaint – Circuit Court for Baltimore City
Page 2
October 3, 2008

## Damages

The article has harmed my firm's and my well-being, prospects, and standing and, so, those of my family and has obstructed our progress toward justice.

Before the article, my family, me, and my firm had already suffered immeasurable harm, evidence suggests, as a direct or indirect result of the campaign. Our ability to function as a family was greatly disrupted; we lost our home; my younger son, as a youth, experienced serious difficulties and now faces the possibility of a prison term; my older son experienced serious difficulties and we were not able to provide him the help that a family normally could; our firm – whose technology has shown great promise for contributing significantly to public safety - lies in ruins and I have been unable to progress with that technology; we suffered huge firm-related financial losses including our personal investment in our technology (roughly $1M) and patent-related losses; we were driven from our profession and have been denied the privilege of continuing to contribute to that profession; I have been blacklisted, it seems, and have been unable to secure positions for which I believe I am strongly qualified; I have no income or security; our professional, financial, and social standings have been blackened greatly; my wife and son have been subjected to immense legal indignities; we have endured great mental anguish; our health has suffered; and our relationships with our parents have been strained.

*The Sun's* article only intensified our plight. By obstructing progress towards a resolution to the matter, *The Sun* and any of its accomplices behind the article have caused my firm and me and, so, my family, to be continued to be deprived of justice. In turn, our well-being, prospects, and standing continue to deteriorate.

My request is driven by intangibles and my deep belief that the defamation is only the most recent expression of a long-standing retaliatory campaign. On the basis of the extraordinary levels of malice and recklessness to which I believe my firm and me and, so, my family have fallen victim; the duration and relentlessness of the campaign against us; and the irreversible harm to my family, my firm, and me, I am requesting a sum of $100M.

## Conclusion

I greatly appreciate your efforts in processing my complaint. As instructed, I have enclosed a check for the filing fee of $105.00 and have enclosed a self-addressed envelope. I will be sending a copy of this letter to Mr. Timothy E. Ryan; Publisher, President, and Chief Executive Officer; *The Baltimore Sun*; 501 North Calvert Street; Baltimore, Maryland; 21278. Please do not hesitate to contact me if you have any questions.

Sincerely,

Robert Henke

Cc: Mr. Timothy E. Ryan

ROBERT HENKE
725 Cameron Woods Dr
Apex, NC 27523

1233

66-21/530
BRANCH 18138

PAY TO THE ORDER OF  Circuit Court for Baltimore City  $ 105.00

— One hundred and five and 00/100 —  DOLLARS

WACHOVIA
Wachovia Bank, N.A.
wachovia.com

FOR  Complaint fee

⑆053000219⑆ 1010143576⑆786⑈ 1233

Oct 3, 2008

Circui
Atten
111 N
Baltin

Subject: Defamation Complaint

Herein, I, Robert Henke, present a complaint I have against a newspaper, *The Baltimore Sun* ("*The Sun*") and a *Sun* reporter, Mr. Gadi Dechter. I am not an attorney; however, I am planning to represent myself until I obtain appropriate representation. I am following procedures described on October 2, 2008 by staff of the Circuit Court for Baltimore City. In the following sections, I first summarize my complaint. Then, I summarize the harm to my firm and me and the resulting harm to my family.

## Complaint

My complaint stems from a Sunday front page news article ("the article") published by *The Sun* on October 7, 2007. The article was entitled "A modern-day Ahab" and was written by Mr. Dechter. The article covered experiences of my small firm in bringing a new earthquake engineering technology to practice and effects of the undertaking on my family. My complaint follows.

The article appears to have been a material and well-crafted defamatory fabrication. Facts were created, facts were reshaped, and facts were omitted – on a large scale. For example, both the prominent theme of the article and compelling evidence for that theme were untrue. Evidence suggests that the untruths and misrepresentations were reckless and deliberate. I believe the defamation is the most recent of a string of injuries in a lengthy, intense, and well-shielded campaign ("the campaign") committed to driving my firm and me from our profession. I believe the campaign grew from my tenure (1985-89) as a faculty member at The Johns Hopkins University ("the University"). My tenure was marked by several controversies and I was dismissed from the University. I believe the campaign has inflicted unthinkable harm on my family, me, and my firm. I believe *The Sun*, which is close to the University, took part in the campaign and the article was intended to protect the campaign. Essentially, it appears that *The Sun* concealed the very real possibility of professional misconduct and maligned the victims. I believe *The Sun's* intent was to discourage further scrutiny of the matter; such scrutiny may have placed the University in an unfavorable light. I believe the article will do little more than further obstruct progress towards justice for my firm and me and, therefore, also for my family.

Much evidence suggests *The Sun's* lapses were intentional. For example, *The Sun* gained my family's cooperation through false pretenses; *The Sun* violated our privacy; *The Sun* carried out an insincere facts check; and *The Sun* misrepresented the origin of the article. Additionally, *The Sun* appears to have been pressured by the University.

Copy of receipt for original money order

**MONEY ORDER RECEIPT - NON NEGOTIABLE**

Apply for your Western Union Prepaid Visa Card and the $9.95
Activation Fee will be waived No credit check Enroll today at
www.mycardplace.com/wuvisa2 Valid to: December 31, 2008

AGT 320737 LOC 001496 DT 101308 $105.00 **1HUNDRED5DOLLARS ***
AND NO CENTS***********************************************

Payable to:
RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Integrated Payment Systems Inc. (IPS) need not stop payment on, or
replace, or refund a lost or stolen IPS Money Order unless (1) you fill in the face of the Money Order at the time of purchase,
and (2) you report the loss or theft to Integrated Payment Systems Inc. in writing immediately, and (3) You provide IPS with this
original Money Order receipt issued by Integrated Payment Systems Inc., Englewood, Colorado. For customer service, call
1-800-999-9660.

✱ 0 8 9 5 4 1 8 7 7 3 5 ✱

LOAD THIS DIRECTION, THIS SIDE UP

LOAD THIS DIRECTION, THIS SIDE UP



USA FIRST-CLASS

Robert Henke
725 Cameron Woods Drive
Apex, North Carolina
27523

CIRCUIT COURT FOR BALTIMORE CITY
CIVIL DIVISION
Room 462 - Courthouse East
111 N. Calvert Street
Baltimore, Md., 21201



### UNITED STATES
### POSTAL SERVICE ®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **2301 3460 0001 8065 5686**
Status: **Delivered**

Your item was delivered at 11:33 AM on October 6, 2008 in
BALTIMORE, MD 21202 to CIRCUIT CT . The item was signed for by T
LANE.

( Additional Details > )   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

## Notification Options

### Track & Confirm by email
Get current event information or updates for your item sent to you or others by email.   ( Go > )

### Proof of Delivery
Verify who signed for your item by email, fax, or mail.   ( Go > )

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

**U.S. Postal Service Signature Confirmation Receipt**

Postage and Signature Confirmation fees must be paid before mailing.

SIGNATURE CONFIRMATION NUMBER: 2301 3460 0001 8065 5686

Article Sent To: (To be completed by mailer)

(Please Print Clearly)   *Court*

Waiver of Signature ☐ YES   ☐ NO

Postmark
Here

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☐ Priority Mail®
☐ Package Services

PS Form 153, July 2008

(See Reverse)



**UNITED STATES POSTAL SERVICE**®

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **2301 3460 0001 8065 5679**
Status: **Delivered**

Your item was delivered at 11:30 AM on October 17, 2008 in BALTIMORE, MD 21202 to CLERK BALT CITY CIR . The item was signed for by W ESTEP.

( Additional Details > )   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( Go > )

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail. ( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

**U.S. Postal Service Signature Confirmation Receipt**

Postage and Signature Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

(Please Print Clearly)    Ckt court - Balti

1/2 Flr #2

Waiver of Signature  ☐ YES  ☐ NO

SIGNATURE CONFIRMATION NUMBER:
2301 3460 0001 8065 5679

Postmark
Here

Delivered
11:30 AM
10/17/08
W Estep

**POSTAL CUSTOMER:**
Keep this receipt. For Inquiries:
Access Internet web site at
www.usps.com
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☐ Priority Mail®
☐ Package Services

PS Form 153, July 2001    (See Reverse)

| | | |
|---|---|---|
| ROBERT HENKE | : | IN THE |
| Plaintiff | : | CIRCUIT COURT |
| vs. | : | FOR BALTIMORE CITY |
| THE BALTIMORE SUN, et al. | : | |
| Defendant(s) | : | Case No.   24-C-09-000340 |

: : : : : : : : :

## ORDER CLARIFYING PLAINTIFF

It is this 23rd day of Plaintiff 2009 ORDERED that the Clerk is directed to list Plaintiff as Robert Henke only.  Dynamic In Situ Geotechnical Testing is NOT a plaintiff because  Md. Rule 2-131(a) provides that a corporation may enter its appearance only though an attorney and Mr. Henke is not an attorney

**Judge Evelyn Omega Cannon**
Judge's signature appears on
original document

ANNON

TRUE COPY
TEST

FRANK M. CONAWAY, CLERK

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street - Room 462
Baltimore, MD 21202-
410-333-3722 TTY for Deaf: (410)-333-4389

February 2, 2009                    Case Number: 24-C-09-000340 / OT /
                              Robert Henke vs The Baltimore Sun, et al

Robert Henke
725 Cameron Woods Drive
Apex, NC 27523

FOLD HERE

CIRCUIT COURT FOR BALTIMORE CI[
Clerk of the Circuit Court,
Frank M. Conaway
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD  21202

Received From:  Robert Henke
        Address:  725 Cameron Woods Drive
                  Apex, NC  27523

24-C-09-000340
 Clerk Fee - Civil Filing Fee - New Case  CK
 MLSC Surcharge  CK
 Sub Total

```
    ----MOP------------AMOUNT----

    CK                      $105.00

    -----------------------------

    TOTAL TENDERED     $105.00
    CASH RECEIVED        $0.00
    CASH DUE             $0.00
                       ---------------
    CHANGE               $0.00
```

Receipt #200900000868
Cashier: MST CCBCX82
01/12/09   5:40pm

CIRCUIT COURT FOR BALTIMORE CITY
Clerk of the Circuit Court,
Frank M. Conaway
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD  21202

Received From:  Robert Henke
       Address:  725 Cameron Woods Drive
                 Apex, NC
                 27523

DUPLICATE

24-C-09-000340
Clerk Fee - Civil Filing Fee -  CK
                                   $80.00
MLSC Surcharge  CK           $25.00
Sub Total                   $105.00

    ----MOP------------AMOUNT----

    CK                      $105.00

    -----------------------------

    TOTAL TENDERED     $105.00
    CASH RECEIVED        $0.00
    CASH DUE             $0.00
                       ---------------
    CHANGE               $0.00

Receipt #200900000868
Cashier: MST CCBCX82
1/12/09   5:40pm

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street - Room 462
Baltimore, MD 21202-
410-333-3722 TTY for Deaf: (410)-333-4389

January 15, 2009

Case Number: 24-C-09-000340 / OT
Robert Henke vs The Baltimore Sun, et al

Robert Henke
725 Cameron Woods Drive
Apex, NC 27523

FOLD HERE

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S

Case Number: 24-C-09-000340 OT
C I V I L

Robert Henke vs The Baltimore Sun, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

To: THE BALTIMORE SUN
Serve On: Timothy E Ryan Publisher,president & CEO
501 North Calvert Street
Baltimore, MD 21278


You are hereby summoned to file a written response by pleading or motion, within 30   days after service of this summons upon you, in this court, to the attached Complaint filed by:   Robert Henke
725 Cameron Woods Drive
Apex, NC 27523

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of Maryland

Date Issued:  01/15/09

Frank M. Conaway
Clerk of the Circuit Court, per


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

**\* \* \* \* S H E R I F F' S   R E T U R N \* \* \* \***

Case Number: 24-C-09-000340                    Old Case Number:


Robert Henke vs The Baltimore Sun, et al


To: THE BALTIMORE SUN
Event:                                                  Date/Time:

Sheriff fee:_____    By:_____

Served:_____

Time:_____    Date:_____

Unserved (Reason):_____

_____

Instructions to Private Process:

1. This summons is effective for service only if served within 60
   days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made,
   Please state the reasons.
3. Return of served or unserved process shall be made promptly.

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389

W R I T   O F   S U M M O N S

Case Number: 24-C-09-000340 OT
C I V I L

Robert Henke vs The Baltimore Sun, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

To: GADI DECHTER, Sun Reporter
The Baltimore Sun
501 N. Calvert Street
Baltimore, MD 21278

You are hereby summoned to file a written response by pleading or motion, within 30   days after service of this summons upon you, in this court, to the attached Complaint filed by:   Robert Henke
725 Cameron Woods Drive
Apex, NC 27523

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of Maryland

Date Issued:  01/15/09

Frank M. Conaway
Clerk of the Circuit Court, per _____

To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

* * * * S H E R I F F ' S   R E T U R N * * * *

Case Number: 24-C-09-000340                    Old Case Number:


Robert Henke vs The Baltimore Sun, et al


To: GADI DECHTER, SUN REPORTER
Event:                                          Date/Time:

Sheriff fee:_____    By:_____

Served:_____

Time:_____    Date:_____

Unserved (Reason):_____

_____

Instructions to Private Process:

1. This summons is effective for service only if served within 60
   days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made,
   Please state the reasons.
3. Return of served or unserved process shall be made promptly.

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S

Case Number: 24-C-09-000340 OT
C I V I L

Robert Henke vs The Baltimore Sun, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

        To: THE BALTIMORE SUN
Serve On: Timothy E Ryan Publisher,president & CEO
          501 North Calvert Street
          Baltimore, MD 21278


        You are hereby summoned to file a written response by pleading or motion,
   within 30   days after service of this summons upon you, in this court, to
   the attached Complaint filed by:  Robert Henke
                                     725 Cameron Woods Drive
                                     Apex, NC 27523

        WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
   Maryland

        Date Issued:  01/15/09

                                    Frank M. Conaway
                                    Clerk of the Circuit Court, per


   To the person summoned:

   FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
   BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

   Personal attendance in court on the day named is NOT required.

* * * * S H E R I F F ' S   R E T U R N * * * *

Case Number: 24-C-09-000340          Old Case Number:


Robert Henke vs The Baltimore Sun, et al


To: THE BALTIMORE SUN
Event:                                        Date/Time:

Sheriff fee:_____     By: _____

Served:_____

Time:_____     Date:_____

Unserved (Reason):_____

_____

Instructions to Private Process:

1. This summons is effective for service only if served within 60
   days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made,
   Please state the reasons.
3. Return of served or unserved process shall be made promptly.

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S

Case Number: 24-C-09-000340 OT
C I V I L

Robert Henke vs The Baltimore Sun, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

        To: GADI DECHTER, Sun Reporter
            The Baltimore Sun
            501 N. Calvert Street
            Baltimore, MD 21278


        You are hereby summoned to file a written response by pleading or motion,
within 30   days after service of this summons upon you, in this court, to
the attached Complaint filed by:  Robert Henke
                                  725 Cameron Woods Drive
                                  Apex, NC 27523

        WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
Maryland

        Date Issued:  01/15/09

                                  Frank M. Conaway
                                  Clerk of the Circuit Court, per _____


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

* * * * S H E R I F F ' S   R E T U R N * * * *

Case Number: 24-C-09-000340                    Old Case Number:


Robert Henke vs The Baltimore Sun, et al


To: GADI DECHTER, SUN REPORTER
Event:                                            Date/Time:

Sheriff fee:_____ By:_____

Served:_____

Time:_____ Date:_____

Unserved (Reason):_____

_____

Instructions to Private Process:

1. This summons is effective for service only if served within 60
   days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made,
   Please state the reasons.
3. Return of served or unserved process shall be made promptly.

# LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

WASHINGTON, D.C.          NEW YORK          PHILADELPHIA          DENVER

1050 SEVENTEENTH STREET, N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 508-1100 PHONE
(202) 861-9888 FAX
www.lskslaw.com

WRITER'S DIRECT DIAL
202-508-1184
nsiegel@lskslaw.com

February 17, 2009

*Exhibit G*

*Letter and enclosures.*

Civil Clerk's Office
Circuit Court of Baltimore City
Courthouse East
111 N. Calvert Street
Baltimore, MD 21202

Re:    **Henke v. The Baltimore Sun, No. 24-C-09-000340**

To the Clerk of Court:

Enclosed for filing in the above-referenced action please find two copies of (1) a Request for Entry of Appearance, (2) Notice of Filing of Voluntary Petition under Chapter 11 of the Bankruptcy Code, (3) Proposed Order, (4) Certificate of Service, and (5) Certification of Admission to Practice Law in Maryland.

Please date stamp one copy of each filing and return it to me in the enclosed, postage-paid envelope.

Thank you for your assistance.  Please do not hesitate to contact me if you have any questions.

Sincerely,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By _Nathan Siegel_ by NB
        Nathan E. Siegel

Enclosures

cc:    Robert Henke, *pro se*
        725 Cameron Woods Drive
        Apex, NC 27523

## IN THE CIRCUIT COURT FOR BALTIMORE CITY

**ROBERT HENKE,**

                        Plaintiff,

v.                                                    No. 24-C-09-000340

**THE BALTIMORE SUN, et al.,**

                        Defendant.


## REQUEST FOR ENTRY OF APPEARANCE

Pursuant to Rule 2-131, Nathan Siegel requests an entry of appearance for The Baltimore

Sun Company, as publisher of <u>The Baltimore Sun</u>, and the proper defendant in the above-

captioned action.


Dated:  February 17, 2009                    Respectfully submitted,

                                             Nathan Siegel

                                             Levine Sullivan Koch & Schulz, L.L.P.
                                             1050 17th Street, N.W., Suite 800
                                             Washington, D.C.  20036-5514
                                             (202) 508-1100
                                             (202) 861-9888 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of February, 2009, I directed that a true and correct copy of the foregoing (1) Request for Entry of Appearance and (2) Notice of Filing of Voluntary Petition Under Chapter 11 of the Bankruptcy Code by The Baltimore Sun Company be served by U.S. first-class mail, postage prepaid, on:

Robert Henke
725 Cameron Woods Drive
Apex, NC 27523

Nathan Siegel

## IN THE CIRCUIT COURT FOR BALTIMORE CITY

ROBERT HENKE,

                   Plaintiff,

v.

THE BALTIMORE SUN, et al.,

                   Defendant.

No. 24-C-09-000340

## NOTICE OF FILING OF VOLUNTARY PETITION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE BY DEFENDANT THE BALTIMORE SUN COMPANY

       The Baltimore Sun Company, as publisher of <u>The Baltimore Sun</u>, and the proper defendant in the above-captioned action (the "Defendant"), respectfully submits as follows:

       1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries (collectively, the "Debtors"), including the Defendant in the above-captioned action, filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. For the Court's reference, these cases are being jointly administered under Case No. 08-13141-KJC, and the president judge is the Honorable Kevin J. Carey.

       2.      Pursuant to section 362(a) of the Bankruptcy Code, all litigation involving the Debtors, including the Defendant herein, is stayed as of the Petition Date. Accordingly, the Defendant submits that the above-captioned action is stayed.

WHEREFORE, Defendant requests that the Court stay the above-captioned action in light of the Defendant's filing of voluntary bankruptcy petition, and grants such other and further relief the court deems just and proper under the circumstances.

Dated:  February 17, 2009

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: _____ by AJR
Nathan Siegel
1050 17th Street, N.W., Suite 800
Washington, D.C.  20036-5514
(202) 508-1100
(202) 861-9888 (facsimile)

## **CERTIFICATION OF ADMISSION TO PRACTICE LAW IN MARYLAND**

Pursuant to Md. Rule 1-313, I, Nathan Siegel, hereby certify that I am a member in good standing of the Bar of Maryland.

Dated: February 17, 2009

Nathan Siegel
1050 17th Street, N.W., Suite 800
Washington, D.C.  20036-5514
(202) 508-1100
(202) 861-9888 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of February, 2009, I directed that a true and correct copy of the foregoing (1) Request for Entry of Appearance and (2) Notice of Filing of Voluntary Petition Under Chapter 11 of the Bankruptcy Code by The Baltimore Sun Company be served by U.S. first-class mail, postage prepaid, on:

Robert Henke
725 Cameron Woods Drive
Apex, NC 27523

Nathan Siegel

## IN THE CIRCUIT COURT FOR BALTIMORE CITY

**ROBERT HENKE,**
                Plaintiff,

v.

**THE BALTIMORE SUN, et al.,**

              Defendant.

No. 24-C-09-000340

## ORDER

Upon consideration of the Notice of Filing of Voluntary Petition under Chapter 11 of the Bankruptcy Code by Defendant The Baltimore Sun Company, it is this _____ day of _____, 2009, by the Circuit Court for Baltimore City,

**ORDERED** that the above-captioned action is hereby **STAYED** and the proceedings deferred to the Bankruptcy Court in accordance with Section 362 of Title 11 of the United States Code, and it is

**FURTHER ORDERED** that the **STAY** herein is subject to Md Rule 2-507.

_____
Judge

cc:    Robert Henke, *pro se*
       Nathan Siegel, Esq.

*Exhibit H*
*Amended*
*request.*

ROBERT HENKE

             **Plaintiff**                          **IN THE**

                                                **CIRCUIT COURT**

**vs.**

                                                **FOR BALTIMORE CITY**

THE BALTIMORE SUN, et al.

                                                **Case No. 24–C–09-000340**

                   **Defendant(s)**


### [AMENDED] PLAINTIFF'S RESPONSE TO FEBRUARY 17, 2009 REQUESTS OF DEFENDANTS [SHOWS AMENDMENTS IN BRACKETS, [ ], AND BOLD]


**Introduction**


[1.] Herein, I, Robert Henke, plaintiff in the subject defamation complaint ("the complaint"), provide plaintiff's response to February 17, 2009 requests made of the Circuit Court for Baltimore City ("the Court") by defendants. The requests draw on section 362 of Title 11 of the United States Code ("the Bankruptcy Code"), which covers law regarding the stay of litigation triggered by a petition for bankruptcy. The following sections provide a background, plaintiff's interpretations of defendant**[s']** requests, plaintiff's understanding of relevant law, plaintiff's positions on the requests, and a conclusion.


**Relevant Background**


[2.] Early October 2008, plaintiff filed with the Court the subject complaint against *The Baltimore Sun* Company ("*The Sun*") **[and *Sun* reporter, Mr. Gadi Dechter]**. Plaintiff is not an attorney but will continue with self-representation until appropriate representation can be obtained. The

complaint apparently was issued on January 15, 2009. On February 19, 2009, plaintiff received

materials, dated February 17, 2009, which seem to have been a response from defendants to

the complaint. The materials were copies of materials the apparent counsel for defendants, Mr.

Nathan E. Siegel of Levine Sullivan Koch & Schulz, L.L.P., had sent to the Civil Clerk of the

Court.

[3.] With his correspondence, Mr. Siegel brought to the attention of the Court that, on December

8, 2008, *The Sun* had filed a voluntary petition for bankruptcy under Chapter 11 of the

Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware. He then made

requests of the Court in relation to the petition. It is several of those requests that are the

subject matter of this document.

**Defendant[s'] Requests of Interest**

[4.] It appears that Mr. Siegel requested 1) that a stay be imposed on the complaint in

accordance with section 362(a), 2) that the complaint be reassigned from the Circuit Court to

the Bankruptcy Court (presumably, that is what Mr. Siegel meant by "deferred" in his document

entitled "ORDER") in accordance with section 362, and 3) that the complaint, as stayed, be

subject to dismissal as set forth by Md. Rule 2-507.

**Relevant Law Regarding Stays**

[5.] Plaintiff's understanding is that section 362(a)(1) imposes a stay automatically on a subset

of all possible legal actions taken against a debtor who has filed a voluntary petition for

bankruptcy under Chapter 11. However, none of plaintiff's readings made it clear to plaintiff whether the stay applies broadly, to litigation in all courts, or narrowly, to litigation only within the Bankruptcy Court. Section 362(d)(1) provides for a party of interest to request the Court to grant relief from such a stay for cause.

**Issue of Stay with a Narrow Interpretation of Section 362**

[6.] In the event the Court favors a narrow interpretation of section 362 – that the stay applies only to litigation in the Bankruptcy Court, - plaintiff respectfully requests that the Court deny defendant[s'] request to have a stay imposed on the complaint. With this interpretation of section 362, it appears there is no legal basis for the stay since the complaint would be under the jurisdiction of the Circuit Court, not the Bankruptcy Court.

**Issue of Stay with a Broad Interpretation of Section 362**

[7.] In the event the Court favors a broad interpretation of section 362 – that the stay applies to litigation in all courts – and imposes a stay on the complaint, plaintiff respectfully requests the Court to grant relief from the stay for cause. In the following subsections, plaintiff presents arguments for the request.

[8.] **Legal Arguments** – There are compelling legal arguments for granting relief from a stay. The arguments are guided mainly by the explanations provided in Section 362, Subchapter IV, Chapter 3, Title 11, U.S. Code Collection, Legal Information Institute, Cornell University Law School (paragraph 8, page 2 of 10 and paragraph 3, page 3 of 10 of the February 20, 2009

Internet version of this reference).


[9.] Though defendants argue that, by section 362(a), "all litigation involving the Debtors.... is stayed...," plaintiff's readings of sections 362(a) and (d)(1) and the cited reference suggest that much litigation, including the complaint, is not meant to be stayed. **[In fact, section 362(b) lists specific litigation that is exempt from the automatic stay. And the cited reference]** suggests that the sole purpose of the stay is to protect debtors from creditors and states that the stay "stops all collection efforts, all harassment, and all foreclosure actions." The protection is said to be intended to allow debtors to address their financial difficulties more effectively. The reference suggests that, generally, the stay is not meant to block proceedings that are not related to the said purpose of the stay; that are not in the domain of the Bankruptcy Court but would be of value to complete; or that are not related to the bankruptcy proceedings.


[10.] Plaintiff believes the complaint meets each of these standards for relief from a stay. The complaint contends *The Sun* defamed plaintiff and did so in relation to a long-shielded campaign with the aim of driving plaintiff and his firm from their profession without legitimate cause. Plaintiff does not believe that the staying of this complaint of wrongdoing could reasonably be seen as protecting *The Sun* from its creditors. **[Since plaintiff's case has not yet been settled,]** plaintiff is not a creditor of *The Sun*; nor is the complaint being driven by any of its creditors. While plaintiff is seeking, amongst other things, substantial compensation from *The Sun,* that compensation is redress for what plaintiff believes to be particularly malicious defamation. Evidence suggests *The Sun* used deceit and its might to carry out a fatal character attack. Plaintiff believes the attack was intended to protect decades of unchecked misconduct – misconduct in which *The Sun* may have taken part. That misconduct, plaintiff believes, no less

than flagrantly violated his pursuit of happiness, without just cause, stripping him of past and existing well-being and future prospects and bringing him to a state of ruin. It would appear to follow that *The Sun* should not be provided protection against the complaint. Second, the complaint is not related to *The Sun's* bankruptcy proceedings. And, third, it would appear that the complaint does not fall under the domain of the Bankruptcy Court and that it would be of value to carry the corresponding proceedings to completion.

[11. Lastly, plaintiff believes the subject complaint qualifies for relief from the automatic stay on the basis of resemblance to litigation that is specifically exempted from the stay. Section 362(b)(2)(A)(iv) exempts from a stay proceedings "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate;..." Plaintiff sees a court's proceedings for a defamation as fundamentally and relevantly similar to a court's proceedings for a failed marriage. Generally, each of the proceedings has two separable and ordered components. The first aims to establish truth with justice in mind and addresses non-property remedies. The second addresses property remedies depending on the established truth. For a failed marriage, the cited section allows truth to be established and non-property remedies to be imposed, thereby avoiding unwarranted injury and delay of justice. However, the section stays the property component, apparently to protect the "property of the estate." The similarity between the defamation and the failed marriage suggests that, for the defamation, at the very least, the component to establish truth and address non-property remedies should also be allowed to proceed, to avoid unwarranted injury and delay of justice. That is, plaintiff argues that *The Sun* should not be arbitrarily granted the extraordinary privilege to prolong both injury and the denial of

justice.]

**[12.] Justice and Logic Arguments** – There are equally compelling justice and logic arguments for granting relief from the stay.

**[13.]** From a narrow standpoint, reason suggests it would not be in the interests of justice to set aside credible allegations of unusually egregious defamation (described in previous subsection) to allow *The Sun* to tend more effectively to financial difficulties, serious though they may be. Fueled by repeated past denials of justice, plaintiff's suffering has grown to unthinkable levels. While plaintiff sympathizes with *The Sun* for any sincere financial difficulties it may have and any hardships that may follow, plaintiff believes there is now an overriding need for justice to be served. To this end, plaintiff respectfully urges the Court to call on *The Sun*, as an institution of special standing within and with special responsibility to the community, to address the allegations directly, and in a forthright and timely manner.

**[14.]** From a broad standpoint, plaintiff's specific matter could easily be seen with many variations. Furthermore, it would seem that imposing stays on complaints of misconduct would give rise to glaring perversions of justice; for example, the practice of filing for bankruptcy not for protection from creditors but for protection against legitimate charges of wrongdoing.

**Issue of Reassignment of Complaint to the Bankruptcy Court**

**[15.]** Irrespective of the Court's ruling on the issue of the stay, plaintiff respectfully requests that the Court deny defendant[s'] apparent request to reassign the complaint to the Bankruptcy

**[Amended]** Response to Requests: Case No. 24-C-09-000340
Page 7
April 6, 2009 [(Amended May 19, 2009)]

Court. In essence, defendants did not provide a legal basis for the reassignment. Though defendants cited section 362 (in the document entitled "ORDER"), because of the length and complexity of that section, the precision missing in the citation undermines its value. Plaintiff **[sought but]** did not find a basis for the reassignment in section 362. Nor did defendants provide any other arguments for the reassignment. Plaintiff also opposes the reassignment because it would seem to greatly dim the prospects for justice; it would appear the Bankruptcy Court, with its apparent focus on financial matters, would be ill-equipped to address a defamation complaint.

**Issue of Md. Rule 2-507**

**[16.]** Plaintiff respectfully requests that the Court deny the defendant[s'] apparent request that the complaint, if stayed, be subject to Md. Rule 2-507, which provides for dismissal for "lack of jurisdiction or prosecution." Defendants provided no basis for the request. Plaintiff also opposes the request because it does not appear to be in the interests of justice 1) to subject a complaint that had been placed on hold by the Court to dismissal for failure to move forward with the complaint during the hold or 2) to subject a complaint that had been reassigned by one court to another court to dismissal because the complaint fell outside the jurisdiction of the reassigned court. **[Moreover, it appears to be inconsistent to subject to Maryland Rules a complaint that had been transferred to the Bankruptcy Court for the District of Delaware.]**

**Conclusion**

**[17.]** Should the Court side with a narrow interpretation of section 362 of the Bankruptcy Code,

[Amended] Response to Requests: Case No. 24-C-09-000340
Page 8
April 6, 2009 [(Amended May 19, 2009)]

plaintiff does not believe there is a legal basis to grant defendant[s'] request to impose a stay on the complaint. Alternatively, should the Court side with a broad interpretation of section 362 and impose a stay on the complaint, plaintiff believes legal, justice, and logic arguments overwhelmingly favor the Court's granting full relief from the stay.

[18.] Plaintiff believes there are overpowering arguments to deny defendant[s'] apparent request to reassign the complaint from the Circuit Court to the Bankruptcy Court.

[19.] Plaintiff believes there are solid grounds to deny defendant[s'] request to have imposed on the complaint, if stayed, Md. Rule 2-507, regarding dismissals.

[20.] Plaintiff deeply appreciates the Court's efforts in addressing plaintiff's requests and its patience with plaintiff's ignorance of legal matters. Plaintiff asks the Court not to hesitate to contact plaintiff if the Court has any questions or needs more information.

Robert Henke, Plaintiff

April 6, 2009 [(amended May 19, 2009)]

725 Cameron Woods Drive, Apex, North Carolina 27523

919-303-5801 (home telephone); 919-610-5865 (cell telephone)

*Exhibit I*

*Amendments to Original complaint.*

ROBERT HENKE

        Plaintiff                 IN THE

                                  CIRCUIT COURT

vs.

                                  FOR BALTIMORE CITY

THE BALTIMORE SUN, et al.

                                  Case No. 24–C–09-000340

        Defendant(s)


## AMENDMENTS TO ORIGINAL OCTOBER 3, 2008 COMPLAINT


1. In accordance with Md. Rule 2-341, I, Robert Henke, plaintiff in the above-captioned action, request that the Circuit Court for Baltimore City ("the Court") allow two amendments to my original October 3, 2008 complaint. I state the amendments on the page that follows.


2. Plaintiff deeply appreciates the Court's efforts in addressing his requests. Plaintiff asks the Court not to hesitate to contact him if the Court has any questions or needs more information.

Robert Henke, Plaintiff

May 19, 2009

725 Cameron Woods Drive, Apex, North Carolina 27523

919-303-5801 (home telephone); 919-610-5865 (cell telephone)