### Amendment #1 to October 3, 2008 Complaint

Plaintiff asks the Court to include as a defendant Mr. Timothy E. Ryan, Publisher, President, and Chief Executive Officer of *The Baltimore Sun*. Mr. Ryan's address is:

> Mr. Timothy E. Ryan
>
> Publisher, President, and Chief Executive Officer
>
> *The Baltimore Sun*
>
> 501 North Calvert Street
>
> Baltimore, Maryland 21278

### Amendment #2 to October 3, 2008 Complaint

Plaintiff is seeking, in addition to the monetary redress stated in the original October 3, 2008 complaint, the following:

> Legal and other appropriate assistance to restore, for plaintiff, to the extent possible, the sense of well-being and dignity, the standings (legal, social, financial, professional, and the like), the prospects (professional and the like), and the health that plaintiff believes have been taken unjustly from him in relation to the matters in question.

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| THE BALTIMORE SUN COMPANY | 08-13209 (KJC) |

*Exhibit J*
*Form plus instructions.*

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO)  SCHEDULE #: 209045860*****
ROBERT HENKE
725 CAMERON WOODS DRIVE
APEX, NC 27523

Telephone number: _____    Email Address: _____

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

**Filed on:** _____
109209

Your claim is scheduled by the Debtor as:

**UNSECURED
UNLIQUIDATED
DISPUTED**

Name and address where payment should be sent (if different from above)

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**  $ _____

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   ☐  Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

   ☐  Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $ _____

2. **Basis for Claim:** _____
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____

   Value of Property:  $_____    Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____    Basis for perfection: _____

   **Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

   **Amount entitled to priority:**

   $_____

   * Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*- The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the name of the debtor in the bankruptcy case and the bankruptcy case number. The full list of debtors is provided under the general information section on the Claims Agent's website http://chapter11.epiqsystems.com/tribune.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim. Also, check the appropriate box if all or a portion of your claim qualifies as an Administrative Expense priority under 11 U.S.C. § 503(b)(9) and provide the amount that is related to such priority.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments must be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ D E F I N I T I O N S _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at one of the following addresses:

*If by first-class mail:*
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

*If by hand delivery or overnight mail:*
Epiq Bankruptcy Solutions, LLC
Attn: Tribune Company Claims Processing Center
757 Third Avenue, 3rd Floor
New York, NY 10017

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.
A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials

of a minor's name and only the year of any person's date of birth.

## _____ I N F O R M A T I O N _____

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website: (http://chapter11.epiqsystems.com/tribune) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), and applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

*Exhibit K*

*Court order.*

| | | |
|---|---|---|
| ROBERT HENKE | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| vs. | * | FOR |
| THE BALTIMORE SUN, et al. | * | BALTIMORE CITY |
| | * | Case No.:   24-C-09-000340 |
| Defendant (s) | * | |

\*     \*     \*     \*     \*     \*     \*

### ORDER

Upon consideration of the Suggestion of Bankruptcy filed in this matter, it is this 6th day of March, 2009, by the Circuit Court for Baltimore City,

**ORDERED** that the above captioned action is hereby **STAYED** as to Defendant The Baltimore Sun and the proceedings deferred to the Bankruptcy Court in accordance with Section 362 of Title 11 of the United States Code, and it is

**FURTHER ORDERED** that the **STAY** herein is subject to Md Rule 2-507.

*Judge's Signature Appears on*
*Original Document*
_____
ÉVELYN OMEGA CANNON
JUDGE

cc:   Fran Meek, Civil Assignment
      Marilyn Bentley, DCM Coordinator

**TRUE COPY**
TEST

*[signature]*

FRANK M. CONAWAY, CLERK

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
410-333-3722, TTY for Deaf: (410)-333-4389

*Exhibit U*

*Court notification,*

Robert Henke
725 Cameron Woods Drive
Apex NC 27523

NOTIFICATION TO PARTIES OF CONTEMPLATED DISMISSAL

Case Number: 24-C-09-000340   OT

Robert Henke vs The Baltimore Sun, et al

    Pursuant to Maryland Rule 2-507, this proceeding will be "DISMISSED FOR LACK OF JURISDICTION WITHOUT PREJUDICE" as to:

Gadi Dechter

30 days after service of this notice unless, prior to that time, a written motion showing good cause to defer the entry of an order of dismissal is filed.

Costs will be assessed in accordance with Maryland Rules.

Direct all inquires to:                     410-333-3722, TTY for Deaf: (410

Frank M. Conaway
Clerk of the Circuit Court

Date Issued: 05/21/09

CC: Gadi Dechter

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| --- | --- |
| THE BALTIMORE SUN COMPANY | 08-13209 (KJC) |

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)        0000003697

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,SCHED_NO) SCHEDULE #: 209045860*****
ROBERT HENKE
725 CAMERON WOODS DRIVE
APEX, NC 27523

919-610-5865  hroberthenke@aol.com

Telephone number: _____  Email Address: _____

**Name and address where payment should be sent** (if different from above)

Telephone number: _____  Email Address: _____

THIS SPACE IS FOR COURT USE ONLY

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
(If known)

Filed on: _____
109209

Your claim is scheduled
by the Debtor as:

UNSECURED
UNLIQUIDATED
DISPUTED

☐ awn
☐ pro
☐ clai
☐ gin
☐ deb

_Exhibit M_

Form plus summary
and complaint
enclosure.

1. **Amount of Claim as of Date Case Filed:** $ _100 Million_

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $ _____

2. **Basis for Claim:** _Defamation lawsuit_
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____

Value of Property: $ _____   Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

**Specify the priority of the claim:**

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: _____

FOR COURT USE ONLY

FILED / RECEIVED

JUN 0 8 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: June 5, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
| --- | --- |

Robert Henke   Robert Henke, Ph.D.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Summary, Additional Issues, and Attachments for

Proof of Claim in Relation to

Tribune Company, et al., Case No. 08-13141(KJC):

The *Baltimore Sun* Company, Case No. 08-13209

by

Robert Henke

725 Cameron Woods Drive

Apex, North Carolina 27523

919-610-5865 or 919-303-5801

hroberthenke@aol.com

## Introduction

Herein, I, Robert Henke, provide information to the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court") as allowed by the Bankruptcy Court. I am providing this information to supplement the information I provided in the accompanying proof of claim form sent to me by the Tribune Company Claims Processing Center in relation to Tribune Company, et al., Chapter 11, Case No. 08-13141 (KJC). I received the form along with related materials on April 15, 2009. My claim is specifically against *The Baltimore Sun* Company, Case No. 08-13209, EID No. 95-4066880.

In the sections that follow, I first summarize the grounds for my claim. I then address two additional relevant issues and present a conclusion. Lastly, I provide, as attachments, supporting documents.

Summary: Robert Henke; Case Nos. 08-13141(KJC)/08-13209
Page 2
June 5, 2009

## Summary

My claim arises as a result of a defamation complaint I filed early October 2008 with the Circuit Court for Baltimore City ("the Court") against *The Baltimore Sun* Company ("*The Sun*") and *Sun* reporter, Mr. Gadi Dechter. I am not an attorney but I will represent myself until I obtain appropriate representation. The attachments provide copies of selected documents that chart the course of the corresponding proceedings to date.

My complaint (Attachment A) summarizes the matter. In short, I believe *The Sun* defamed me in a large, front page October 7, 2007 newspaper article. Much evidence suggests the defamation was the most recent expression of a decades-long and well-shielded campaign I believe existed and was committed to driving my firm and me from our profession without just cause. I believe the matter resembles whistleblower retaliation. *The Sun*, I believe, defamed me to protect the campaign, in which it may have taken part. The injuries I believe the campaign inflicted, including the defamation, have, I believe, brought my family, my firm, and me to a state of ruin.

Regarding the history of the case, to date, *The Sun* has not disputed my claims. Rather, in a February 17, 2009 response to my complaint, the apparent attorney for the defendants turned exclusively to bankruptcy issues; he requested that a stay be imposed on the complaint as a result of *The Sun's* December 8, 2008 bankruptcy petition, that the case be transferred to the Bankruptcy Court (my interpretation of the request), and that the stayed case be subject to rules of dismissal for the state of Maryland (Attachment B). On April 6, 2009, I submitted to the Court a request for relief from the stay, that the Court deny the transfer of the case to the Bankruptcy Court, and that the Court deny the request regarding rules for dismissal. On April 25, 2009, I

received notice that the Court granted most of defendants' requests but apparently allowed the case against Mr. Dechter to proceed (Attachment C). On May 19, 2009, I submitted to the Court an amended version of my April 6, 2009 requests (Attachment D) and amendments to my original complaint (Attachment E). On May 23, 2009, I received notice from the Court of a contemplated dismissal of the case against Mr. Dechter for lack of jurisdiction (Attachment F); apparently Mr. Dechter had not been served a Writ of Summons. I am now preparing a request to the Court to defer the dismissal and to allow the proceedings to continue as originally intended.

**Additional Issues**

I should note that, since my complaint has not yet been adjudicated, my claim is only a potential claim and that I am only a potential creditor.

In my May 19, 2009 submission, I amended my original October 3, 2008 complaint to state that, in addition to the monetary redress I had sought with the complaint, I am also seeking the following:

Legal and other appropriate assistance to restore, for me, to the extent possible, the sense of well-being and dignity, the standings (legal, social, financial, professional, and the like), the prospects (professional and the like), and the health that I believe have been taken unjustly from me in relation to the matters in question.

Summary: Robert Henke; Case Nos. 08-13141(KJC)/08-13209
Page 4
June 5, 2009

**Conclusion**

I greatly appreciate the Bankruptcy Court's effort regarding this matter. If the Bankruptcy Court has any questions, please do not hesitate to contact me.

Robert Henke

June 5, 2009

725 Cameron Woods Drive, Apex, North Carolina 27523

919-303-5801 (home telephone); 919-610-5865 (cell telephone)

**Dynamic In Situ Geotechnical Testing**
725 Cameron Woods Drive
Apex, North Carolina 27523

Phone: (919) 303-5801
E-Mail: hroberthenke@aol.com

RECEIVED
08 OCT -7 PH 8: 22
BALTIMORE COURT
CIVIL DIVISION

October 3, 2008

Circuit Court for Baltimore City
Attention: Room 462
111 North Calvert Street
Baltimore, Maryland 21202

Attachment A
Original complaint

Subject: Defamation Complaint

Herein, I, Robert Henke, present a complaint I have against a newspaper, *The Baltimore Sun* ("*The Sun*") and a *Sun* reporter, Mr. Gadi Dechter. I am not an attorney; however, I am planning to represent myself until I obtain appropriate representation. I am following procedures described on October 2, 2008 by staff of the Circuit Court for Baltimore City. In the following sections, I first summarize my complaint. Then, I summarize the harm to my firm and me and the resulting harm to my family.

## Complaint

My complaint stems from a Sunday front page news article ("the article") published by *The Sun* on October 7, 2007. The article was entitled "A modern-day Ahab" and was written by Mr. Dechter. The article covered experiences of my small firm in bringing a new earthquake engineering technology to practice and effects of the undertaking on my family. My complaint follows.

The article appears to have been a material and well-crafted defamatory fabrication. Facts were created, facts were reshaped, and facts were omitted – on a large scale. For example, both the prominent theme of the article and compelling evidence for that theme were untrue. Evidence suggests that the untruths and misrepresentations were reckless and deliberate. I believe the defamation is the most recent of a string of injuries in a lengthy, intense, and well-shielded campaign ("the campaign") committed to driving my firm and me from our profession. I believe the campaign grew from my tenure (1985-89) as a faculty member at The Johns Hopkins University ("the University"). My tenure was marked by several controversies and I was dismissed from the University. I believe the campaign has inflicted unthinkable harm on my family, me, and my firm. I believe *The Sun*, which is close to the University, took part in the campaign and the article was intended to protect the campaign. Essentially, it appears that *The Sun* concealed the very real possibility of professional misconduct and maligned the victims. I believe *The Sun's* intent was to discourage further scrutiny of the matter; such scrutiny may have placed the University in an unfavorable light. I believe the article will do little more than further obstruct progress towards justice for my firm and me and, therefore, also for my family.

Much evidence suggests *The Sun's* lapses were intentional. For example, *The Sun* gained my family's cooperation through false pretenses; *The Sun* violated our privacy; *The Sun* carried out an insincere facts check; and *The Sun* misrepresented the origin of the article. Additionally, *The Sun* appears to have been pressured by the University.

Complaint – Circuit Court for Baltimore City
Page 2
October 3, 2008

## Damages

The article has harmed my firm's and my well-being, prospects, and standing and, so, those of my family and has obstructed our progress toward justice.

Before the article, my family, me, and my firm had already suffered immeasurable harm, evidence suggests, as a direct or indirect result of the campaign. Our ability to function as a family was greatly disrupted; we lost our home; my younger son, as a youth, experienced serious difficulties and now faces the possibility of a prison term; my older son experienced serious difficulties and we were not able to provide him the help that a family normally could; our firm – whose technology has shown great promise for contributing significantly to public safety - lies in ruins and I have been unable to progress with that technology; we suffered huge firm-related financial losses including our personal investment in our technology (roughly $1M) and patent-related losses; we were driven from our profession and have been denied the privilege of continuing to contribute to that profession; I have been blacklisted, it seems, and have been unable to secure positions for which I believe I am strongly qualified; I have no income or security; our professional, financial, and social standings have been blackened greatly; my wife and son have been subjected to immense legal indignities; we have endured great mental anguish; our health has suffered; and our relationships with our parents have been strained.

*The Sun's* article only intensified our plight. By obstructing progress towards a resolution to the matter, *The Sun* and any of its accomplices behind the article have caused my firm and me and, so, my family, to be continued to be deprived of justice. In turn, our well-being, prospects, and standing continue to deteriorate.

My request is driven by intangibles and my deep belief that the defamation is only the most recent expression of a long-standing retaliatory campaign. On the basis of the extraordinary levels of malice and recklessness to which I believe my firm and me and, so, my family have fallen victim; the duration and relentlessness of the campaign against us; and the irreversible harm to my family, my firm, and me, I am requesting a sum of $100M.

## Conclusion

I greatly appreciate your efforts in processing my complaint. As instructed, I have enclosed a check for the filing fee of $105.00 and have enclosed a self-addressed envelope. I will be sending a copy of this letter to Mr. Timothy E. Ryan; Publisher, President, and Chief Executive Officer; *The Baltimore Sun*; 501 North Calvert Street; Baltimore, Maryland; 21278. Please do not hesitate to contact me if you have any questions.

Sincerely,

Robert Henke

Cc: Mr. Timothy E. Ryan

Exhibit N

Letter plus Motion.

**725 Cameron Woods Drive**
**Apex, North Carolina 27523**

_____

**Phone: (919) 303-5801**
**E-Mail: hroberthenke@aol.com**

June 12, 2009

Ms. Wencai Zheng
Circuit Court for Baltimore City
Civil Division – Room 448
Courthouse East
111 North Calvert Street
Baltimore, Maryland 21202

Subject: "Notification to Parties of Contemplated Dismissal" dated May 21, 2009:
Robert Henke vs. *The Baltimore Sun*, et al.; Case # 24-C-09-000340.

Dear Ms. Zheng:

As you instructed me on May 29, 2009 to do, I am writing to you to submit to the Circuit Court for Baltimore City a motion "to defer the entry of an order of dismissal" in relation to the subject notification. My motion is enclosed.

I greatly appreciate your patience and efforts regarding the motion. Please do not hesitate to contact me if you have any questions.

Sincerely,

Robert Henke

Enclosure

ROBERT HENKE

    Plaintiff          IN THE

                   CIRCUIT COURT

vs.

                   FOR BALTIMORE CITY

THE BALTIMORE SUN, et al.

                   Case No. 24–C–09-000340

    Defendant(s)


## MOTION BY PLAINTIFF TO DEFER ENTRY OF

## ORDER OF DISMISSAL


**Introduction**

1. Herein, in accordance with Md. Rule 2-507(e), I, Robert Henke, plaintiff in the subject defamation complaint ("the complaint"), request that the Circuit Court for Baltimore City ("the Court") defer the entry of an order of dismissal of the subject proceedings as to defendant Mr. Gadi Dechter and allow the proceedings to continue as originally intended. The following sections provide a relevant history, the bases for plaintiff's motion, and a conclusion. Supporting documents are attached.

Motion: Case No. 24-C-09-000340
Page 2
June12, 2009

**Relevant History**

**2.** Early October 2008, plaintiff filed the complaint against *The Baltimore Sun* Company ("*The Sun*") and *Sun* reporter, Mr. Gadi Dechter. Plaintiff is not an attorney but will continue with self-representation until appropriate representation can be obtained.

**3.** On February 4, 2009, plaintiff received from the Court a copy of the complaint and copies of a Writ of Summons and a Sheriff's Return for each of the two defendants. Attachment A provides a copy of each Writ of Summons and Sheriff's Return.

**4.** On February 19, 2009, plaintiff received materials, dated February 17, 2009, which seemed to have been a response from both defendants to the complaint and, as such, suggested to plaintiff that each had received a Writ of Summons. The materials were copies of materials the apparent counsel for the defendants, Mr. Nathan E. Siegel, had sent to the Court. With his correspondence, Mr. Siegel notified the Court that, on December 8, 2008, *The Sun* had filed a voluntary petition for bankruptcy and he made several related requests of the Court. Attachment B provides a copy of the notification/requests, a proposed order, and the attorney's request for entry of appearance.

**5.** So that he could respond appropriately to defendants' February 17, 2009 correspondence, on March 4, 2009, plaintiff submitted to the Court a request for information on Court procedures.

**6.** On April 1, 2009, plaintiff received from the Court the name of an Internet site that presented "Maryland Court Rules."

Motion: Case No. 24-C-09-000340
Page 3
June12, 2009

**7.** On April 6, 2009, plaintiff submitted to the Court requests (Attachment D provides an amended version with the amendments highlighted) that the Court deny defendants' main February 17, 2009 requests.

**8.** On April 25, 2009, plaintiff received a copy of a March 6, 2009 Court order (dated earlier than plaintiff's April 6, 2009 requests) signed by Judge Evelyn Omega Cannon that granted most of defendants' requests (Attachment C). However, the order apparently allowed the case against Mr. Dechter to proceed.

**9.** On May 19, 2009, plaintiff submitted to the Court an amended version of his April 6, 2009 requests (Attachment D) and amendments to his original complaint (Attachment E).

**10.** On May 23, 2009 plaintiff received from the Court a May 21, 2009 document entitled "Notification to Parties of Contemplated Dismissal" (Attachment F). The document stated that the Court would dismiss the subject proceedings against Mr. Dechter unless plaintiff submitted a written motion providing "good cause" not to do so.

**11.** On May 26, 2009, plaintiff telephoned the Court and inquired as to the cause for the contemplated dismissal. Ms. Wencai Zheng stated that plaintiff had not served Mr. Dechter a Writ of Summons within the 120 days allotted for this.

**12.** In summary, the above history indicates that, though defendants' February 17, 2009 correspondence suggested otherwise, Mr. Dechter had not been served a Writ of Summons.

Motion: Case No. 24-C-09-000340
Page 4
June 12, 2009

**Bases for Plaintiff's Motion**

13. Plaintiff does not believe a dismissal would be just. It appears the failure to serve Mr. Dechter a Writ of Summons was a non-substantive, non-obvious procedural misstep. Plaintiff has pursued the case diligently, but, because of circumstances, he did not detect the lapse. Until May 23, 2009, plaintiff believed the case was proceeding properly.

14. It seems as if plaintiff followed procedures respectably. In his complaint, plaintiff named two defendants, *The Sun* and Mr. Dechter. Plaintiff received from the Court copies of a Writ of Summons and a Sheriff's Return for each (see Attachment A). Maryland Rule 2-112 suggests that each Writ of Summons was to have been served by a sheriff if plaintiff did not designate another person, which he did not.

15. The fact that plaintiff received the February 17, 2009 response from defendants' apparent attorney (see paragraph 4 and Attachment B) suggests that a Writ of Summons had been served on at least *The Sun*. In turn, this tends to confirm that plaintiff followed appropriate procedures. However, the May 21, 2009 notification (Attachment F) and the May 26, 2009 conversation (see paragraph 11) suggest Mr. Dechter had not been served a Writ of Summons. Plaintiff assumes this to be the case in the discussions that follow.

16. Normally, such a misstep would have become evident quickly, allowing the plaintiff to undertake timely corrective measures. Specifically, the failure of a defendant to respond to a complaint within 30 days would have clearly indicated the possibility of a procedural mishap.

17. In contrast, the circumstances of the case at hand masked the problem, giving the impression all was well procedurally.

17.1 The response of the defendants' apparent attorney to the complaint (see Attachment B) suggested that he was responding for Mr. Dechter as well as for *The Sun*; that is, each had received a summons.

17.1.1 Instead of addressing plaintiff's allegations, the attorney focused on the bankruptcy issue and related matters. This did not require separate responses for *The Sun* and Mr. Dechter.

17.1.2. Though the attorney did not mention Mr. Dechter, his correspondence suggests he was representing and, so, responding for him. In the prominent caption, throughout, the attorney defined The Baltimore Sun, et al., as "Defendant" instead of "Defendant(s)," as the Court had (see Attachments B and C). To plaintiff, the attorney's "Defendant" meant *The Sun* and Mr. Dechter. As such, for example, his request for entry of appearance (see Attachment B) suggests he was representing and responding for both, implying each had been served a summons. Without the revision to the Court's caption ["Defendant(s)" to "Defendant"], the attorney's references to "Defendant" would have implied *The Sun* alone, that he was responding only for *The Sun*, and that Mr. Dechter may not have received a summons. Plaintiff believes, in the service of justice, the attorney should not have been ambiguous as to the extent of his representation

and response.

**17.2.** Plaintiff is under the impression that, by convention, it would have been abnormal for the attorney not to represent and respond for Mr. Dechter.

**17.3.** The March 6, 2009 Court order (Attachment C) showed no sign of the looming difficulty.

**17.4** There was no warning from the Court that Mr. Dechter had not been served a Writ of Summons.

As a result of these factors, plaintiff did not become aware of the lapse; plaintiff believed the case was proceeding properly.

**18.** Plaintiff believes it would be a perversion of justice to upend a credible complaint of wrongdoing simply due to a non-substantive, non-obvious procedural error. Plaintiff has been diligent in pursuing the case. Yet another obstacle to justice would unfairly and unnecessarily burden plaintiff still further, especially if the statute of limitations became an issue.

**Conclusion**

**19.** Plaintiff respectfully requests the Court to allow the proceedings against Mr. Dechter to continue as originally intended.

Motion: Case No. 24-C-09-000340
Page 7
June12, 2009

**20.** Plaintiff greatly appreciates the Court's efforts in addressing plaintiff's motion. Plaintiff asks the Court not to hesitate to contact him if the Court has any questions or needs more information.

Robert Henke, Plaintiff

June 12, 2009

725 Cameron Woods Drive, Apex, North Carolina 27523

919-303-5801 (home telephone); 919-610-5865 (cell telephone)

CIRCUIT COURT FOR BALTIMORE C          *Attachment A*
Frank M. Conaway                       *Writs of Summons*
Clerk of the Circuit Court             *and Sheriff's Returns*
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389

W R I T   O F   S U M M O N S

Case Number: 24-C-09-000340 OT
C I V I L

Robert Henke vs The Baltimore Sun, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

        To: THE BALTIMORE SUN
Serve On: Timothy E Ryan Publisher,president & CEO
          501 North Calvert Street
          Baltimore, MD 21278


        You are hereby summoned to file a written response by pleading or motion,
within 30   days after service of this summons upon you, in this court, to
the attached Complaint filed by:   Robert Henke
                                   725 Cameron Woods Drive
                                   Apex, NC 27523

        WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
        Maryland

        Date Issued:  01/15/09

                                   Frank M. Conaway
                                   Clerk of the Circuit Court, per_____


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

* * * * S H E R I F F ' S   R E T U R N * * * *

Case Number: 24-C-09-000340              Old Case Number:


Robert Henke vs The Baltimore Sun, et al


To: THE BALTIMORE SUN
Event:                                        Date/Time:

Sheriff fee:_____ By:_____

Served:_____

Time:_____ Date:_____

Unserved (Reason):_____

_____

Instructions to Private Process:

1. This summons is effective for service only if served within 60
   days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made,
   Please state the reasons.
3. Return of served or unserved process shall be made promptly.

CIRCUIT COURT FOR BALTIMORE CITY
Frank M. Conaway
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S

Case Number: 24-C-09-000340 OT
C I V I L

Robert Henke vs The Baltimore Sun, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

        To: GADI DECHTER, Sun Reporter
            The Baltimore Sun
            501 N. Calvert Street
            Baltimore, MD 21278


    You are hereby summoned to file a written response by pleading or motion,
within 30   days after service of this summons upon you, in this court, to
the attached Complaint filed by:  Robert Henke
                                  725 Cameron Woods Drive
                                  Apex, NC 27523

    WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
Maryland

    Date Issued:   01/15/09

Frank M. Conaway
Clerk of the Circuit Court, per _____


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

# * * * * S H E R I F F' S   R E T U R N * * * *

Case Number: 24-C-09-000340          Old Case Number:


Robert Henke vs The Baltimore Sun, et al


To: GADI DECHTER, SUN REPORTER
Event:                                          Date/Time:

Sheriff fee:_____  By:_____

Served:_____

Time:_____  Date:_____

Unserved (Reason):_____

_____

Instructions to Private Process:

1. This summons is effective for service only if served within 60
   days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and
   the particular place and manner of service. If service is not made,
   Please state the reasons.
3. Return of served or unserved process shall be made promptly.

## IN THE CIRCUIT COURT FOR BALTIMORE CITY

| | |
|---|---|
| ROBERT HENKE, | |
| Plaintiff, | |
| v. | No. 24-C-09-000340 |
| THE BALTIMORE SUN, et al., | |
| Defendant. | |

*Attachment B*
*Selections from*
*February 17, 2009*
*correspondence.*

## NOTICE OF FILING OF VOLUNTARY PETITION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE BY DEFENDANT THE BALTIMORE SUN COMPANY

The Baltimore Sun Company, as publisher of The Baltimore Sun, and the proper defendant in the above-captioned action (the "Defendant"), respectfully submits as follows:

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries (collectively, the "Debtors"), including the Defendant in the above-captioned action, filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. For the Court's reference, these cases are being jointly administered under Case No. 08-13141-KJC, and the president judge is the Honorable Kevin J. Carey.

2.      Pursuant to section 362(a) of the Bankruptcy Code, all litigation involving the Debtors, including the Defendant herein, is stayed as of the Petition Date. Accordingly, the Defendant submits that the above-captioned action is stayed.

WHEREFORE, Defendant requests that the Court stay the above-captioned action in light of the Defendant's filing of voluntary bankruptcy petition, and grants such other and further relief the court deems just and proper under the circumstances.

Dated:  February 17, 2009

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By: _____ by AJR
Nathan Siegel
1050 17th Street, N.W., Suite 800
Washington, D.C.  20036-5514
(202) 508-1100
(202) 861-9888 (facsimile)

## IN THE CIRCUIT COURT FOR BALTIMORE CITY

**ROBERT HENKE**,

               Plaintiff,

v.                                       No. 24-C-09-000340

**THE BALTIMORE SUN, et al.**,

               Defendant.

## REQUEST FOR ENTRY OF APPEARANCE

Pursuant to Rule 2-131, Nathan Siegel requests an entry of appearance for The Baltimore Sun Company, as publisher of The Baltimore Sun, and the proper defendant in the above-captioned action.

Dated:  February 17, 2009

                               Respectfully submitted,

                               Nathan Siegel

                               Levine Sullivan Koch & Schulz, L.L.P.
                               1050 17th Street, N.W., Suite 800
                               Washington, D.C.  20036-5514
                               (202) 508-1100
                               (202) 861-9888 (facsimile)

## IN THE CIRCUIT COURT FOR BALTIMORE CITY

**ROBERT HENKE,**

               Plaintiff,

v.

**THE BALTIMORE SUN, et al.,**

               Defendant.

No. 24-C-09-000340

## ORDER

Upon consideration of the Notice of Filing of Voluntary Petition under Chapter 11 of the Bankruptcy Code by Defendant The Baltimore Sun Company, it is this _____ day of _____, 2009, by the Circuit Court for Baltimore City,

**ORDERED** that the above-captioned action is hereby **STAYED** and the proceedings deferred to the Bankruptcy Court in accordance with Section 362 of Title 11 of the United States Code, and it is

**FURTHER ORDERED** that the **STAY** herein is subject to Md Rule 2-507.

_____
Judge

cc:   Robert Henke, *pro se*
      Nathan Siegel, Esq.

*Attachment C*
*Court Order*

| | | |
|---|---|---|
| ROBERT HENKE | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| vs. | * | FOR |
| THE BALTIMORE SUN, et al. | * | BALTIMORE CITY |
| | * | Case No.:    24-C-09-000340 |
| Defendant(s) | * | |
| | * | |

\* \* \* \* \* \* \*

## ORDER

Upon consideration of the Suggestion of Bankruptcy filed in this matter, it is this 6th day of March, 2009, by the Circuit Court for Baltimore City,

**ORDERED** that the above captioned action is hereby **STAYED** as to Defendant The Baltimore Sun and the proceedings deferred to the Bankruptcy Court in accordance with Section 362 of Title 11 of the United States Code, and it is

**FURTHER ORDERED** that the **STAY** herein is subject to Md Rule 2-507.

*Judge's Signature Appears on*
*Original Document*

EVELYN OMEGA CANNON
JUDGE

cc:    Fran Meek, Civil Assignment
       Marilyn Bentley, DCM Coordinator

TRUE COPY
TEST

FRANK M. CONAWAY, CLERK

ROBERT HENKE

*Attachment D*

*Amended version of plaintiff's requests*

Plaintiff                                      IN THE

CIRCUIT COURT

vs.

FOR BALTIMORE CITY

THE BALTIMORE SUN, et al.

Case No. 24–C–09–000340

Defendant(s)


## [AMENDED] PLAINTIFF'S RESPONSE TO FEBRUARY 17, 2009 REQUESTS OF DEFENDANTS [SHOWS AMENDMENTS IN BRACKETS, [ ], AND BOLD]


**Introduction**


[1.] Herein, I, Robert Henke, plaintiff in the subject defamation complaint ("the complaint"), provide plaintiff's response to February 17, 2009 requests made of the Circuit Court for Baltimore City ("the Court") by defendants. The requests draw on section 362 of Title 11 of the United States Code ("the Bankruptcy Code"), which covers law regarding the stay of litigation triggered by a petition for bankruptcy. The following sections provide a background, plaintiff's interpretations of defendant[s'] requests, plaintiff's understanding of relevant law, plaintiff's positions on the requests, and a conclusion.


**Relevant Background**


[2.] Early October 2008, plaintiff filed with the Court the subject complaint against *The Baltimore Sun* Company ("*The Sun*") [and *Sun* reporter, Mr. Gadi Dechter]. Plaintiff is not an attorney but will continue with self-representation until appropriate representation can be obtained. The

[Amended] Response to Requests: Case No. 24-C-09-000340
Page 2
April 6, 2009 [(Amended May 19, 2009)]

complaint apparently was issued on January 15, 2009. On February 19, 2009, plaintiff received materials, dated February 17, 2009, which seem to have been a response from defendants to the complaint. The materials were copies of materials the apparent counsel for defendants, Mr. Nathan E. Siegel of Levine Sullivan Koch & Schulz, L.L.P., had sent to the Civil Clerk of the Court.

[3.] With his correspondence, Mr. Siegel brought to the attention of the Court that, on December 8, 2008, *The Sun* had filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware. He then made requests of the Court in relation to the petition. It is several of those requests that are the subject matter of this document.

**Defendant[s'] Requests of Interest**

[4.] It appears that Mr. Siegel requested 1) that a stay be imposed on the complaint in accordance with section 362(a), 2) that the complaint be reassigned from the Circuit Court to the Bankruptcy Court (presumably, that is what Mr. Siegel meant by "deferred" in his document entitled "ORDER") in accordance with section 362, and 3) that the complaint, as stayed, be subject to dismissal as set forth by Md. Rule 2-507.

**Relevant Law Regarding Stays**

[5.] Plaintiff's understanding is that section 362(a)(1) imposes a stay automatically on a subset of all possible legal actions taken against a debtor who has filed a voluntary petition for

bankruptcy under Chapter 11. However, none of plaintiff's readings made it clear to plaintiff whether the stay applies broadly, to litigation in all courts, or narrowly, to litigation only within the Bankruptcy Court. Section 362(d)(1) provides for a party of interest to request the Court to grant relief from such a stay for cause.

**Issue of Stay with a Narrow Interpretation of Section 362**

[6.] In the event the Court favors a narrow interpretation of section 362 – that the stay applies only to litigation in the Bankruptcy Court, - plaintiff respectfully requests that the Court deny defendant[s'] request to have a stay imposed on the complaint. With this interpretation of section 362, it appears there is no legal basis for the stay since the complaint would be under the jurisdiction of the Circuit Court, not the Bankruptcy Court.

**Issue of Stay with a Broad Interpretation of Section 362**

[7.] In the event the Court favors a broad interpretation of section 362 – that the stay applies to litigation in all courts – and imposes a stay on the complaint, plaintiff respectfully requests the Court to grant relief from the stay for cause. In the following subsections, plaintiff presents arguments for the request.

[8.] **Legal Arguments** – There are compelling legal arguments for granting relief from a stay. The arguments are guided mainly by the explanations provided in Section 362, Subchapter IV, Chapter 3, Title 11, U.S. Code Collection, Legal Information Institute, Cornell University Law School (paragraph 8, page 2 of 10 and paragraph 3, page 3 of 10 of the February 20, 2009

Internet version of this reference).

[9.] Though defendants argue that, by section 362(a), "all litigation involving the Debtors.... is stayed...," plaintiff's readings of sections 362(a) and (d)(1) and the cited reference suggest that much litigation, including the complaint, is not meant to be stayed. **[In fact, section 362(b) lists specific litigation that is exempt from the automatic stay. And the cited reference]** suggests that the sole purpose of the stay is to protect debtors from creditors and states that the stay "stops all collection efforts, all harassment, and all foreclosure actions." The protection is said to be intended to allow debtors to address their financial difficulties more effectively. The reference suggests that, generally, the stay is not meant to block proceedings that are not related to the said purpose of the stay; that are not in the domain of the Bankruptcy Court but would be of value to complete; or that are not related to the bankruptcy proceedings.

[10.] Plaintiff believes the complaint meets ~~each of~~ these standards for relief from a stay. The complaint contends *The Sun* defamed plaintiff and did so in relation to a long-shielded campaign with the aim of driving plaintiff and his firm from their profession without legitimate cause. Plaintiff does not believe that the staying of this complaint of wrongdoing could reasonably be seen as protecting *The Sun* from its creditors. **[Since plaintiff's case has not yet been settled,]** plaintiff is not a creditor of *The Sun*; nor is the complaint being driven by any of its creditors. While plaintiff is seeking, amongst other things, substantial compensation from *The Sun,* that compensation is redress for what plaintiff believes to be particularly malicious defamation. Evidence suggests *The Sun* used deceit and its might to carry out a fatal character attack. Plaintiff believes the attack was intended to protect decades of unchecked misconduct – misconduct in which *The Sun* may have taken part. That misconduct, plaintiff believes, no less

[Amended] Response to Requests: Case No. 24-C-09-000340
Page 5
April 6, 2009 [(Amended May 19, 2009)]

than flagrantly violated his pursuit of happiness, without just cause, stripping him of past and existing well-being and future prospects and bringing him to a state of ruin. It would appear to follow that *The Sun* should not be provided protection against the complaint. Second, the complaint is not related to *The Sun's* bankruptcy proceedings. And, third, it would appear that the complaint does not fall under the domain of the Bankruptcy Court and that it would be of value to carry the corresponding proceedings to completion.

[11. Lastly, plaintiff believes the subject complaint qualifies for relief from the automatic stay on the basis of resemblance to litigation that is specifically exempted from the stay. Section 362(b)(2)(A)(iv) exempts from a stay proceedings "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate;..." Plaintiff sees a court's proceedings for a defamation as fundamentally and relevantly similar to a court's proceedings for a failed marriage. Generally, each of the proceedings has two separable and ordered components. The first aims to establish truth with justice in mind and addresses non-property remedies. The second addresses property remedies depending on the established truth. For a failed marriage, the cited section allows truth to be established and non-property remedies to be imposed, thereby avoiding unwarranted injury and delay of justice. However, the section stays the property component, apparently to protect the "property of the estate." The similarity between the defamation and the failed marriage suggests that, for the defamation, at the very least, the component to establish truth and address non-property remedies should also be allowed to proceed, to avoid unwarranted injury and delay of justice. That is, plaintiff argues that *The Sun* should not be arbitrarily granted the extraordinary privilege to prolong both injury and the denial of

[Amended] Response to Requests: Case No. 24-C-09-000340
Page 6
April 6, 2009 [(Amended May 19, 2009)]

justice.]

**[12.] Justice and Logic Arguments** – There are equally compelling justice and logic arguments for granting relief from the stay.

**[13.]** From a narrow standpoint, reason suggests it would not be in the interests of justice to set aside credible allegations of unusually egregious defamation (described in previous subsection) to allow *The Sun* to tend more effectively to financial difficulties, serious though they may be. Fueled by repeated past denials of justice, plaintiff's suffering has grown to unthinkable levels. While plaintiff sympathizes with *The Sun* for any sincere financial difficulties it may have and any hardships that may follow, plaintiff believes there is now an overriding need for justice to be served. To this end, plaintiff respectfully urges the Court to call on *The Sun*, as an institution of special standing within and with special responsibility to the community, to address the allegations directly, and in a forthright and timely manner.

**[14.]** From a broad standpoint, plaintiff's specific matter could easily be seen with many variations. Furthermore, it would seem that imposing stays on complaints of misconduct would give rise to glaring perversions of justice; for example, the practice of filing for bankruptcy not for protection from creditors but for protection against legitimate charges of wrongdoing.

**Issue of Reassignment of Complaint to the Bankruptcy Court**

**[15.]** Irrespective of the Court's ruling on the issue of the stay, plaintiff respectfully requests that the Court deny defendant[s'] apparent request to reassign the complaint to the Bankruptcy

Court. In essence, defendants did not provide a legal basis for the reassignment. Though defendants cited section 362 (in the document entitled "ORDER"), because of the length and complexity of that section, the precision missing in the citation undermines its value. Plaintiff **[sought but]** did not find a basis for the reassignment in section 362. Nor did defendants provide any other arguments for the reassignment. Plaintiff also opposes the reassignment because it would seem to greatly dim the prospects for justice; it would appear the Bankruptcy Court, with its apparent focus on financial matters, would be ill-equipped to address a defamation complaint.

**Issue of Md. Rule 2-507**

[16.] Plaintiff respectfully requests that the Court deny the defendant**[s']** apparent request that the complaint, if stayed, be subject to Md. Rule 2-507, which provides for dismissal for "lack of jurisdiction or prosecution." Defendants provided no basis for the request. Plaintiff also opposes the request because it does not appear to be in the interests of justice 1) to subject a complaint that had been placed on hold by the Court to dismissal for failure to move forward with the complaint during the hold or 2) to subject a complaint that had been reassigned by one court to another court to dismissal because the complaint fell outside the jurisdiction of the reassigned court. **[Moreover, it appears to be inconsistent to subject to Maryland Rules a complaint that had been transferred to the Bankruptcy Court for the District of Delaware.]**

**Conclusion**

[17.] Should the Court side with a narrow interpretation of section 362 of the Bankruptcy Code,

[Amended] Response to Requests: Case No. 24-C-09-000340
Page 8
April 6, 2009 [(Amended May 19, 2009)]

plaintiff does not believe there is a legal basis to grant defendant[s'] request to impose a stay on the complaint. Alternatively, should the Court side with a broad interpretation of section 362 and impose a stay on the complaint, plaintiff believes legal, justice, and logic arguments overwhelmingly favor the Court's granting full relief from the stay.

[18.] Plaintiff believes there are overpowering arguments to deny defendant[s'] apparent request to reassign the complaint from the Circuit Court to the Bankruptcy Court.

[19.] Plaintiff believes there are solid grounds to deny defendant[s'] request to have imposed on the complaint, if stayed, Md. Rule 2-507, regarding dismissals.

[20.] Plaintiff deeply appreciates the Court's efforts in addressing plaintiff's requests and its patience with plaintiff's ignorance of legal matters. Plaintiff asks the Court not to hesitate to contact plaintiff if the Court has any questions or needs more information.

Robert Henke, Plaintiff

April 6, 2009 [(amended May 19, 2009)]

725 Cameron Woods Drive, Apex, North Carolina 27523

919-303-5801 (home telephone); 919-610-5865 (cell telephone)