**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, et. al. | ) Case No.: 08-13141 (KJC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Response Deadline: April 12, 2010 at 4:00 p.m., |
| | ) Hearing Date:    April 19, 2010 at 4:00 p.m. EST |
| | ) |

**RESPONSE OF CISCO SYSTEMS CAPITAL CORPORATION TO DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Cisco Systems Capital Corporation ("Cisco"), by its counsel, White and Williams LLP and Bialson, Bergen & Schwab, as and for its response to the Nineteenth Omnibus Objection to Claims Pursuant To Section 502(b) Of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 ("Nineteenth Objection to Claim") filed by the debtors and debtors in possession in the above-captioned chapter 11 cases ("Debtors") respectfully alleges and represents as follows:

**SUMMARY OF RELIEF SOUGHT BY DEBTORS**

1.  The Debtors seek entry of an order that, *inter alia*, disallows Proof of Claim No. 4113 (as hereinafter identified) asserted by Cisco against the Debtor Los Angeles Times Communications LLC on the grounds that the Debtors' books and records do not show that the Debtor has liability for the asserted Claim.  *See* 19th Omnibus Objection, 13¶.  *See also Declaration of Chandler Bigelow III In Support Of Debtor's Nineteenth Omnibus (Substantive) Objection* (the "Bigelow Declaration") at ¶4 and 5.

**SUMMARY OF RELIEF SOUGHT BY CISCO**

2. Cisco seeks entry of an order denying the 19th Omnibus Objection as it pertains to Proof of Claim No. 4113 on the grounds that the Debtors have failed to carry their burden to overcome the *prima facie* evidence of the validity and amount of the claim evidenced by Proof of Claim No. 4113 and, accordingly, the Debtors are not entitled to the relief sought by the 19th Omnibus Objection. Moreover, Cisco's Proof of Claim No. 4113 includes a copy of the underlying agreement upon which liability is based and copies of invoices proving the amount of such claim.

**BACKGROUND**

3. On or about December 18, 2007, Cisco entered into that certain *Installment Payment Agreement* (the "Agreement") with Los Angeles Times Communications LLC ("LA Times") for the payment of certain monies due in connection with the provision of services by Cisco Systems, Inc.

4. The Debtors commenced their respective cases under Title 11 of the United States Code on December 8, 2008 (the "Petition Date").

5. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On June 9, 2009, Cisco filed its proof of claim asserting a claim against the Debtors (in the aggregate amount of $498,807.60 and due and payable after the Petition Date) arising pursuant to the Agreement. A true and accurate copy of Claim No. 4113 is attached hereto as Exhibit "A" and incorporated by reference herein as if fully set forth.

7. Cisco is informed by the 19th Omnibus Objection that this proof of claim has been denominated by the Debtors as Claim No. 4113 ("Claim No. 4113"). Cisco filed Claim No. 4113 to protect its rights under such Agreement and reserved its rights to amend such claim in the event that the Agreement is not assumed by the Debtors. As of this date, the full amount of Claim No. 4113 remains due and owing by the Debtors.

**LEGAL ARGUMENT**

<u>The Debtors Have Failed To Rebut The *Prima Facie* Validity and Amount of the Claim
As Evidenced By The Proof of Claim</u>

8.     The filing of a proof of claim constitutes *prima facie* evidence of its amount and validity.  *In re Planet Hollywood International*, 274 B.R. 391 394 (D. Del. 2001) *citing In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3rd Cir. 1992); *see* Fed. R. Bankr. P. 3001(f).   Pursuant to the express language of Rule 3001(f), "[a] party objecting to a claim has the initial burden of presenting a substantial factual basis to overcome the *prima facie* validity of a proof of claim [and] [t]his evidence must be of a probative force equal to that of the creditor's proof of claim."  *In re Hinkely*, 58 B.R. 339, 348 (Bankr. S.D. Tex. 1986), *aff'd*, 89 B.R. 608 (S.D. Tex. 1988), *aff'd* 879 F.2d 859 (5th Cir. 1989); *In re Lewis*, 80 B.R. 39, 40 (E.D. Pa. 1987).

9.     In order "to overcome this *prima facie* evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."   *In re Reilly,* 245 B.R. 768, 773 (2rd Cir. B.A.P. 2000), *aff'd* 242 F.3d 362 (2rd Cir. 2000).   Where a debtor simply makes a *pro forma* objection without any evidentiary support, a court may summarily overrule such objections.  *See e.g.*, *Garner v. Shier (In re Garner)*, 246 B.R. 617, 620, 623 (B.A.P. 9th Cir. 2000).

10.     The *prima facie* validity of a proof of claim is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. 387, 395 (Bankr. D. Mont. 2003).  In *Garner*, for instance, the debtor objected to a proof of claim by merely asserting that "there is no obligation to pay . . . and there are no written documents or other competent evidence of any valid obligations owed . . ." However, at the hearing, the debtor failed to offer any evidence in support of such assertions and, accordingly, the Bankruptcy Court held that the debtor did not

fulfill its burden of producing competent evidence rebutting the presumption of validity afforded the proof of claim. *See Garner,* 246 B.R. at 620.

11. In the case before this Court, the Debtors have failed to submit any competent factual evidence that satisfies its burden to adduce evidence to overcome the *prima facie* presumption of validity of Claim No. 4113. Instead, the Debtors attempt to carry their burden of rebutting the presumption of validity of Claim No. 4113 by filing a declaration of Chandler Bigelow. All Mr. Bigelow can attest to is that, after simply reviewing the Proofs of Claim and supporting documentation, the Debtors have determined that they have no liability for the Proofs of Claims listed on <u>Exhibit</u> A to the 19th Omnibus Objection. *See* Bigelow Declaration ¶4. However, Mr. Bigelow makes no representation that he has any personal knowledge of the Agreement or the business relationship between Cisco and the Debtors or any other factual evidence bearing on either the existence of a liability or its amount. Instead, the Bigelow Declaration only avers as to the process Mr. Bigelow or others at his direction undertook, generally, with regard to claims filed in this case. The only fact that he can attest to is that he found no record of the obligation represented by Claim No. 4113. He cannot – and has not – contended that such a claim does not exist or that the Debtors, in fact, conclusively are not indebted to Cisco. No, he can only attest that he found no evidence of that liability.

12. Standing alone, the Bigelow Declaration clearly does not satisfy the Debtors' burden of adducing competent evidence rebutting any element of the claim asserted by Claim No. 4113. As in *Garner*, the Debtors in this case have merely asserted that "there is no obligation to pay . . . and there are no written documents or other competent evidence of any valid obligations owed . . . ." 246 B.R. at 620. Essentially, the Bigelow Declaration represents nothing more than a bare assertion by Mr. Bigelow that he is familiar with the Debtors' books and records and that he

did not find support for Claim No. 4113. These conclusionary statements, standing alone, certainly do not "overcome th[e] *prima facie* evidence . . . [set forth in Claim No. 4113 because they do not constitute] evidence which, if believed, would refute at least one of the allegations essential to the claim." *In re Reilly,* 245 B.R. at 773. As *Garner* teaches, where a debtor simply makes a *pro forma* objection without competent evidentiary support, a court should summarily overrule such objections. *See Garner*, 246 B.R. at 623. Under these circumstances, the *prima facie* validity of a Claim No. 4113 is "strong enough to carry over a mere formal objection without more." *In re Schlehr*, 290 B.R. at 395.

WHEREFORE, Cisco seeks entry of an order denying the 19th Omnibus Objection to the extent that it seeks disallowance of Claim No. 4113 and such other and further relief as may be permitted by law or equity in this instance.

                                        **WHITE AND WILLIAMS LLP**

                                        /s/ James S. Yoder
                                      James S. Yoder (DE Bar 2643)
                                      824 N. Market Street, Suite 902
                                      Wilmington, DE 19801
                                      Telephone: (302) 467-4524
                                      Facsimile: (302) 467-4554
                                      Email: yoderj@whiteandwilliams.com
                                      Attorney for Cisco Systems Capital Corporation

Date: April 12, 2010