IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF THIRD SCREEN MEDIA, INC., D/B/A QUIGO TO DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1 (D.I. 3792)**

Third Screen Media, Inc., d/b/a Quigo ("Quigo") submits this response ("Response") to Debtors' Nineteenth Omnibus (Substantive ) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 ("Objection").

## INTRODUCTION

1.  On January 15, 2009, Quigo timely filed its claim (Claim No. 234) (the "Pre-Petition Claim") in the amount of $7,500 (the "Claimed Amount") for services rendered prepetition to the Debtors.

2.  Debtors do not dispute the validity of Quigo's Pre-Petition Claim. Instead, in their Objection, Debtors solely object to Quigo's Pre-Petition Claim on the ground that the Pre-Petition Claim has been "[p]aid via reference numbers 7700824070 on 10/31/2008, reference number 7700851589 on 12/26/2008 and reference number 77700839537 on 12/28/2008." (the "Asserted Payments"). Objection, Exhibit A at p. 14. However, Quigo does not have record of receiving the Asserted Payments.

3. The Debtors' Objection must be denied and the Pre-Petition Claim should be allowed in the Claimed Amount.

## ARGUMENT

4. Quigo respectfully submits that the Objection should be denied in the absence of proof that the Pre-Petition Claim has been satisfied.

5. Quigo's Pre-Petition Claim was filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  Accordingly, pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the Pre-Petition Claim constitutes prima facie evidence of the validity and amount of Quigo's Pre-Petition Claim. See Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.").

6. "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." In re Reilly, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (citing In re Allegheny Intl., Inc., 954 F.2d 167, 173 (3d Cir. 1992)); see also In re Garner, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000).

> The objecting party carries the burden of going forward with evidence in support of its objection which must be of probative force equal to that of the allegations of the creditor's proof of claim.

In re Kincaid, 388 B.R. 610, 613 (Bankr. E.D. Penn. 2008); see also In re Hinkley, 58 B.R. 339, 348 (Bankr. S.D. Tex.), affd., 879 F.2d 859 (5th Cir. 1986); In re King Resources Co., 20 B.R. 191, 197 (D. Colo. 1982).  For example, vague allegations of unreasonableness and/or unsubstantiated amounts; mere general averments are insufficient to puncture the prima facie presumption of validity of a creditor's claims. In re Lehning, 2007 WL 1200820, *4 (Bankr.

N.D.N.Y).  Similarly, the presumption of a prima facie validity is not rebutted to shift the burden to the creditor by merely saying "I don't know, I don't understand;" the debtor must come up with a substantive objection.  In re Patton, 388 B.R. 629, 635 (Bankr. E.D.Penn. 2008).

    7.    Here, the Debtors fail to satisfy their burden.  Debtors' Objection fails to rebut the prima facie validity of Quigo's Pre-Petition Claim.  While Debtors contend that the Asserted Payments were made, Debtors do not provide substantive support for this assertion.  Indeed, Quigo's books and records do not reflect any payments having been made on account of the Pre-Petition Claim.  Without substantive support, Debtors' Objection is insufficient to defeat the validity of the Pre-Petition Claim.  See Garner, 246 B.R. at 623; In re Circle J. Dairy, Inc., 112 B.R. 297, 299 (Bankr. W.D. Akr. 1990).

    8.    Quigo reserves the right to supplement this response at any time and to respond to any future objections filed by the Debtors or any other party on any ground whatsoever, whether substantive or procedural.

## CONCLUSION

    9.    Therefore, Quigo respectfully requests that the Court enter an order (i) denying the objection and allowing Quigo's Pre-Petition Claim in the amount of $7,500.00, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: April 13, 2010

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

<u>/s/Tiffany Strelow Cobb</u>
Tiffany Strelow Cobb (Ohio Bar No. 0067516)
52 East Gay Street
Columbus, Ohio 43216
Phone: (614) 464-8322
Fax:    (614) 719-4663

Attorneys for Third Screen Media, Inc., dba Quigo

## **Certificate of Service**

I hereby certify that on this the 13th day of April, 2010 the above and foregoing Response of Third Screen Media, Inc., d/b/a Quigo to Debtors' Nineteenth Omnibus (Substantive ) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 was served via the Court's ECF notification system and by U.S. Mail, postage prepaid upon the following:

Sidley Austin LLP
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Bridget J. Hauserman
One South Dearborn Street
Chicago, IL 60603

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Normal L. Pernick
J. Kate Stickles
Patrick J. Reilley
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801

<u>/s/Tiffany Strelow Cobb</u>
Tiffany Strelow Cobb