```
                IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE

IN RE:                        )    Case No. 08-13141 (KJC)
                              )
                              )
TRIBUNE COMPANY, a Delaware   )    Chapter 11
    corporation,              )
                              )    Courtroom 5
                              )    824 Market Street
            Debtor.           )    Wilmington, Delaware
                              )
                              )    February 20, 2009
                              )    10:04 a.m.


                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE KEVIN J. CAREY
               UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtor:                   Sidley Austin LLP
                              BY:  KEVIN P. LANTRY, ESQ.
                              One South Dearborn
                              Chicago, IL  60603
                              (213) 896-6022

                              Cole, Schotz, Meisel, Forman &
                              Leonard, PA
                              BY:  NORMAN L. PERNICK, ESQ.
                              BY:  J. KATE STICKLES, ESQ.
                              1000 N West Street, Suite 1200
                              Wilmington, DE 19801
                              (302)652-3131

For Committee:                Chadbourne & Parke LLP
                              BY:  DAVID LEMAY, ESQ.
                              30 Rockefeller Plaza
                              New York, NY 10112
                              (212) 408-5100

Transcription Service:        DIAZ DATA SERVICES
                              331 Schuylkill Street
                              Harrisburg, Pennsylvania 17110
                              (717) 233-6664

Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

APPEARANCES:
(Continued)

For Creditors Committee:          Landis Rath & Cobb LLP
                                  BY:   ADAM LANDIS, ESQ.
                                  919 Market Street, Suite 1800
                                  Wilmington, DE  19801-1611
                                  (302) 467-4400


For US Trustee:                   Office of the United States
                                  Trustee
                                  BY:   JOSEPH MCMAHON, ESQ.
                                  844 King Street, Suite 2207
                                  Wilmington, DE 19899-0035
                                  (302) 573-6491


For JP Morgan Bank:               Davis Polk Wardwell
                                  BY:   DAMIAN SCHAIBLE, ESQ.
                                  450 Lexington Avenue
                                  New York, New York 10017
                                  (212) 450-4580

For Lazard Freres & Co.:          Sonnenschein Nath & Rosenthal
                                  BY:   TOM LEBUDDA, ESQ.
                                  BY:   ARTHUR RUEGGER, ESQ.
                                  7800 Sears Tower
                                  233 South Wacker Drive
                                  Chicago, IL 60606-6404
                                  (312) 876-8000


For Moelis & Company LLC:         DLA Piper
                                  BY:   JEREMY JOHNSON, ESQ.
                                  1251 Avenue of the Americas
                                  New York, NY 10020-1104
                                  (211) 335-4762

1 WILMINGTON, DELAWARE, FRIDAY, FEBRUARY 20, 2009, 10:04 A.M.

2            THE CLERK:  All rise.

3            THE COURT:  Good morning, all.

4            MR. PERNICK:  Good morning, I apologize.  I lost

5  Mr. Lantry, but let me go through just the items that have

6  been continued and certifications filed, just so we can make

7  sure our records comport with Your Honor's.

8            I have items -- 1 through 3 are continued to

9  March 10th.  That's cash management, McDermott's retention,

10 and the 2015 extension motion.

11           THE COURT:  Okay.

12           MR. PERNICK:  Items number through 4 through 6.

13 Certifications were filed with the Court, that's Intelsat's

14 Adequate Assurance Motion, Intelsat's 362 Motion, and our

15 second omnibus lease rejection.

16           THE COURT:  All those orders have been signed.

17           MR. PERNICK:  Thank you, Your Honor.

18           You did -- you were kind enough to enter orders

19 on number 7, which is the 345 extension, and item number 8,

20 which is Comcast's 362 Motion.

21           And items number 16 and 17; 16 is Landis Rath's

22 retention and 17 is the Chadbourne retention.

23           THE COURT:  Orders have been entered on both of

24 those as well.

25           MR. PERNICK:  Thank you.  Mr. Lantry is going to

1   run through, starting with number 9, although most of the

2   matters today, Your Honor, are resolved.

3               THE COURT:  Thank you.

4               MR. PERNICK:  Or will be submitted on CFC.

5               THE COURT:  Very well.

6               MR. LANTRY:  Good morning, Your Honor.  Kevin

7   Lantry from Sidley on behalf of the debtors.

8               THE COURT:  Good morning.

9               MR. LANTRY:  Your Honor, on both items 9 and 10,

10  the engagement of PWC and Edelman, we believe that the

11  issues have been resolved with the U.S. Trustee.  Further

12  documentation and amended orders have yet to be finalized,

13  and so we would propose to go forward with those through the

14  certificate of counsel when that has been resolved with the

15  U.S. Trustee, but I think it's fair to say that the issues

16  in principal have been resolved.

17              THE COURT:  All right.  Thank you.  I don't have

18  any questions and I'll consider those orders once submitted

19  under certification.

20              MR. LANTRY:  Thank you, Your Honor.

21              With regard to number 11, counsel for JP Morgan

22  has one small little clarification of something that was

23  stated in the motion, but other than that it's of no moment.

24  But I wanted to just turn it over to them to make that

25  clarification.

1           THE COURT:  All right.  Thank you.

2           MR. SCHAIBLE:  Your Honor, Damian Schaible with

3 Davis Polk & Wardwell, representing JP Morgan; apologies for

4 taking Your Honor's time today.  There was a very slight

5 misstatement that most people probably wouldn't even notice

6 that was in the motion that I just wanted to correct on the

7 record just for technical perspective.

8           Paragraph 12 of the motion, when talking about

9 how JP Morgan Chase, which is a member of the Creditors'

10 Committee, which is walled off completely from JP Morgan

11 Securities, the members of the people who are doing the

12 engagement for the Cubs, it just states that JP Morgan

13 Chase, the Creditors' Committee member and co-chair will

14 recuse itself from any committee discussion of, in addition

15 to a vote on, a Cubs sale.  And it was not the intent of JP

16 Morgan or counsel to the Creditors' Committee, or the

17 Creditors' Committee that JP Morgan actually not take part

18 in any discussion.  All think that it will be better for JP

19 Morgan Chase to take part in discussion, but JP Morgan Chase

20 will recuse itself from any vote on any Cubs transactions.

21 So, apologies for taking up Your Honor's time.

22           THE COURT:  All right.  The only other thing I

23 wanted to do was just confirm my understanding that upon

24 assignment, the debtor entity or entities involved are

25 completely relieved of any liability --

1          MR. SCHAIBLE:  That is correct.

2          THE COURT:  -- in connection with the prior

3   agreement?

4          MR. SCHAIBLE:  That is correct, Your Honor.  As

5   of the effective date of the agreement, which I believe was

6   the filing date, all of the debtor entities are removed from

7   the agreement completely.

8          THE COURT:  All right.  Thank you.

9          MR. SCHAIBLE:  Thank you.

10          THE COURT:  Does anyone else care to be heard in

11  connection with this matter?

12          MR. LEMAY:  Good morning, Your Honor.  David

13  Lemay from Chadbourne & Park for the Creditors' Committee,

14  and merely to confirm that Mr. Schaible has correctly stated

15  the committees' position on what JP Morgan Chase can do with

16  respect to a Cubs sale.  The committee specifically

17  discussed their role and Mr. Schaible is correct that the

18  committee felt that, although they should be recused from

19  voting, they should not be excluded from participating in

20  discussions concerning that transaction.

21          THE COURT:  All right.  Thank you.  Does anyone

22  else care to be heard?

23          I hear no further response.  Do you have a form

24  of order for me?

25          MR. LANTRY:  Your Honor, I don't believe the form

1  of order has changed since what we attached with the motion.

2          THE COURT:  All right.  I have it.  The order has

3  been signed.

4          MR. LANTRY:  With regard to number 12, the Sidley

5  engagement.  Your Honor, we have been working with the U.S.

6  Trustee and are happy to report that we have resolved all

7  issues.  We submitted a second supplemental affidavit of my

8  partner, James Conlan, late last night, which addresses the

9  issue.  Just to summarize, although there's a number of

10  clarifications and/or further disclosures that have been

11  done in a first and now second supplemental affidavit, the

12  two principal moving parts are that Sidley has clarified

13  that no attorney will be more than $925 an hour, which is

14  the highest rate of any bankruptcy partner on the matter,

15  until such time as there might be some rate adjustments

16  during these proceedings.  At which no point, no one would

17  be higher, in terms of their billing rate, than the highest

18  bankruptcy partner.  And that's acceptable to the U.S.

19  Trustee.

20          Secondly, the U.S. Trustee had some concerns

21  about certain payments that were made to Sidley during the

22  90 days before the proceedings.  We gave the U.S. Trustee a

23  lot of information about that, both in terms of the pattern

24  of payments and all funds received.  In the end, the U.S.

25  Trustee felt that 324,000 and change was preferential,

1  although we provided evidence to the contrary and didn't

2  necessarily agree with their perspective we felt it was

3  prudent not to ask for judicial determination of that at

4  this stage in the case.  And have therefore agreed to pay

5  back to the debtors 324,000 and change, and to waive any

6  claim that might come from that.  And that's acceptable to

7  the U.S. Trustee.

8            THE COURT:  Ouch.  Okay.  That's fine with me.

9            MR. LANTRY:  Your Honor, we have amended the

10  order to reflect that it is modified by these items that are

11  in the second supplemental affidavit.  May I approach with

12  the revised order?

13            THE COURT:  You may.  And while you're doing

14  that, I'll just note that I have not changed my view about

15  rates of $1,000 per hour and higher.  So to the extent that

16  this applicant, or any other, hits that mark I will require

17  evidentiary support and evidence in support of that rate.

18  Thank you.

19            That order has been signed.

20            MR. LANTRY:  With regard to number 13, the

21  engagement of Jenner & Block.  Again, quite a bit of

22  dialogue between Jenner and the U.S. Trustee, as well as the

23  debtors participating.  A resolution has been reached.

24  Essentially the clarification that was -- is reflected in a

25  revised order is that Jenner's representation of the debtors

1   in some pending litigation will be limited to seeking and

2   enforcing the automatic stay.  Jenner represents a number of

3   other defendants, officers, and directors and the like in

4   that pending litigation, and the U.S. Trustee just wanted to

5   make sure that it's representation was limited to that

6   affect.  And the U.S. Trustee's find with the form of order,

7   if I may approach and you can see that limitation?

8              THE COURT:  Very well.

9              Thank you.  That order has been signed.

10             MR. LANTRY:  Thank you, Your Honor.

11             That brings us to number 14, engagement of

12  Lazard.  There has been an objection filed by the U.S.

13  Trustee and I think it would be probably easiest to pass the

14  lectern to counsel for Lazard and the U.S. Trustee in terms

15  of, kind of a status conference about where to go from here.

16             THE COURT:  Okay.

17             MR. PERNICK:  Your Honor, I'm not sure if it's

18  necessary for the hearing, but just out of an abundance of

19  caution, I'm happy to move for the purpose of the hearing

20  the admission of Thomas Lebuda from the Sonnenschein Firm,

21  and I believe his partner, Mr. Arthur Ruegger.  And Mr.

22  Lebuda is a member of good standing of the State Bar of

23  Illinois and Mr. Ruegger is of New York.

24             THE COURT:  All right.  I take it this will be

25  filed by written motion?

1          MR. PERNICK:  Your Honor, I think they're in the

2     process if this goes further of, they will retain their own

3     Delaware counsel and that's why, frankly, I'm doing it this

4     way.  I'm not sure that I'm the appropriate party to file a

5     motion pro hac for them since I represent the debtor, but as

6     a courtesy for this hearing I thought I would take care of

7     that.

8          THE COURT:  You're a good guy, Mr. Pernick.

9          MR. PERNICK:  Well, thank you, Your Honor.

10          THE COURT:  Welcome, sir.

11          MR. LEBUDA:  Thank you, Your Honor.  Thomas

12     Lebuda of Sonnenschein, Nath & Rosenthal on behalf of Lazard

13     Freres.  This is on a status hearing, Your Honor, but we

14     think it's helpful to advise the Court of the issue and how

15     the parties are going about it and asking guidance on how

16     you would like to proceed on this.

17          The Trustee has raised several objections to the

18     retention application.  There are several routine retention

19     issues that we believe we can resolve, but there is one

20     significant issue that we have not made progress on and we

21     do not think is likely to settle, and that issue relates to

22     Lazard's previous work for the Sun Times Media Group, the

23     Sun Times newspaper in Chicago.

24          THE COURT:  I see that was the subject of the

25     supplemental declaration.

1          MR. LEBUDA:  That's correct.  The first issue

2   that the U.S. Trustee raises is that that constitutes an

3   adverse interest.  That the prior work for the Sun Times

4   would require a denial of the application.  And, two, and

5   the more serious allegation from our perspective, is that

6   Lazard knowingly and willfully failed to disclose this work.

7   Your Honor, there was absolutely no merit to either of these

8   allegations, especially the latter one.  It's a serious

9   allegation that Lazard takes seriously and that's why we

10  filed the supplement declaration and will have Mr. Millstein

11  (phonetic) available, both for a deposition as well as a

12  hearing before Your Honor.

13          On that first point, as we've informed the U.S.

14  Trustee, Lazard's work for the Sun Times was entirely

15  unrelated to the debtors in these cases.  It was also a

16  highly publicized engagement.  It ended -- largely went

17  dormant last August, September, no work was done through the

18  fall, and then it officially terminated very recently, just

19  to close the ties there.  It was a different team of

20  bankers, as well, that did that work.  And contrary to the

21  U.S. Trustee's allegations, and we would like to file a

22  brief on this next week on the law for Your Honor, the work

23  for a competitor, from what we've looked, does not

24  constitute an adverse interest.  It's come up in several

25  major cases, retail cases and other cases, and the cases

1  that have been decided there have said they're not adverse

2  interests.

3           On the second point, however, which is the one --

4           MR. MCMAHON:  Your Honor, if I could just be

5  heard for a second.

6           THE COURT:  Yes, Mr. McMahon?

7           MR. MCMAHON:  Excuse me, sir.  Joseph McMahon for

8  the acting U.S. Trustee.  Your Honor, I thought we were

9  going to have a discussion about how we're going to proceed

10  procedurally.

11           THE COURT:  Well, actually the U.S. Trustee's

12  objection was not in the hearing binder, so I have not been

13  able to read it, so this would be helpful to me.

14           MR. MCMAHON:  Thank you, Your Honor.

15           THE COURT:  Thank you.

16           MR. LEBUDA:  On the second point of a knowing and

17  willful disclosure, Your Honor, I think it's helpful to walk

18  Your Honor through exactly what went on here.  Like in most

19  large cases --

20           THE COURT:  Well, I'm sorry, before we move to

21  the second issue.  It strikes me as -- at least as you

22  describe it, but in the law firm context, you know, we would

23  use to distinguish between a, you know, an ethical conflict

24  and a business or representational type of conflict, it

25  sounds like a potential business or representational type of

1    conflict.  That doesn't mean that it overcomes the U.S.

2    Trustee's objection, but I understand what you're saying.

3              Okay.  Move to the disclosure issue briefly.

4              MR. LEBUDA:  Like in most cases, the debtor

5    prepared for its professionals a list of potential

6    interested parties.

7              THE COURT:  Right.  And the supplemental

8    declaration indicates that that was not included among those

9    names and therefore, wasn't covered or reported.

10             MR. LEBUDA:  That -- that's right, Your Honor.

11   They took the list, they ran it through their complex

12   system, their electronic client files, and they reported

13   like they do in every case every hit that came up, but the

14   problem was that the United -- sometimes was not on that

15   list.  We explained that to the Trustee's counsel, but as

16   you'll hear, the Trustee's counsel does not accept that

17   somehow there wasn't still a knowing or willful failure to

18   disclose here.

19             I think that the most that can be said from the

20   documents that we've produced is that, Lazard knows its

21   clients.  It should have known that it was representing, or

22   had previously represented, the Sun Times, and it should

23   have disclosed it.  You know, and that somehow that was a

24   knowing and willful failure to disclose, there was some

25   conscience decision.  As I said before, that's not what

1  happened here.  They took the list from the debtors, a 1,000

2  names, they ran it through their conflicts check, and

3  reported that.  The allegation itself doesn't make a whole

4  lot of sense.  This was a public -- publicly known fact.

5  There was press reports on it, that's how the UST, I

6  believe, actually found it is, they had seen it in the

7  press, they reported it.  It's something moreover that --

8              THE COURT:  Well, thank goodness they did.

9              MR. LEBUDA:  It's something, as well, that Lazard

10 pointed out to the debtor when it was interviewing for this

11 work and highlighting its media expertise.  And saying, we

12 have expertise, we have experience in this industry, we've

13 represented x, y, z, and the Sun Times was one of them.  So

14 this clearly was nothing that Lazard was trying to hide.  It

15 was simply a matter of going through the list, reporting it.

16              In cases like this, there are new parties that

17 appear all the time in the case, executory contracts, and we

18 in fact know now that there are indeed some contracts with

19 the Sun Times.  And what happens in cases like this one,

20 when parties come up, supplemental declarations are filed,

21 which we filed on account of that and disclosed that there

22 was work for the Sun Times.  We disclosed, as Your Honor

23 saw, why it wasn't disclosed initially and we filed the

24 supplemental declaration.  There are undoubtedly the other

25 parties appear in the case throughout this case that all the

1  professionals will have to run through and there will be

2  more supplemental declarations.

3          THE COURT:  Well, what is it you anticipate in

4  terms of positioning the Court for resolution of this issue?

5  How much time do you need, what -- how many witnesses,

6  scheduling.  Give me your notion, anyway, of what that would

7  involve.

8          MR. LEBUDA:  Well, we would like to file early

9  next week a very short brief on the law, which we will have

10  done next week.  We have already produced various documents

11  to the Trustee and we are in the process of producing

12  additional documents.  We believe we will have all of those

13  documents produced by the end of next week.

14          I will say that we are talking with the Trustee's

15  counsel about various search terms and, you know, we're

16  optimistic we can work through that.  We want to cooperate,

17  give everything we can, however merely doing a search term

18  of Tribune in the e-mail system literally could --

19          THE COURT:  I understand.

20          MR. LEBUDA:  -- could be burdensome, but we're

21  hopeful we can do all that next week.  And perhaps the

22  following week then, produce Mr. Millstein for a deposition.

23  And then we would hope as soon as Your Honor could schedule

24  it after that, to have an evidentiary hearing on this if

25  necessary.  Whether Your Honor would want to do it in

1   connection with an omnibus or another date, we would ask

2   you, but we would like to move expeditiously on this so we

3   can move beyond the retention issues and actually work on

4   the restructuring issue.

5           THE COURT:  March 10 is the next omnibus date at

6   the present time.  An hour-and-half has been reserved.  I

7   don't know what else is on for the March 10 date, other than

8   that, which this agenda has been pushed over to that time,

9   and how much time you need.  How much time do you think

10  you'll need?

11          MR. LEBUDA:  Well, I think for argument, it

12  wouldn't be very long on our part, but it may be something

13  that the Trustee's counsel wants to comment on.  We would

14  envision needing only one witness, Mr. Millstein.

15          THE COURT:  All right.  Thank you.

16          MR. LEBUDA:  Thank you,  Your Honor.

17          THE COURT:  Mr. McMahon?

18          MR. MCMAHON:  Thank you, Your Honor, and good

19  morning.  Joseph McMahon for the acting U.S. Trustee.  Your

20  Honor, Lazard's counsel identified the significant issue

21  before the Court.  There are a host of other, I would call

22  more routine retention issues that Your Honor sees our

23  office bring to the floor.

24          A couple things here about Lazard's counsels

25  presentation.  First, I disagree with a number of Mr.

1   Lebuda's comments.  I think it goes without saying what

2   constitutes a representation "unrelated" to the debtors, we

3   can get to that at the substantive hearing.  The notion that

4   an affiant who has personal knowledge of a connection gets

5   to assert the, well it wasn't on the list in our New York

6   office, ran the list defense is another issue that we'll

7   address at the appropriate time with the Court.  Further, my

8   understanding of Rule 2014, disclosure obligations and the

9   case law is, frankly, quite clear about this point.  Is that

10  the U.S. Trustee, the Court, and other parties and interest

11  are not required to scour public records or other documents

12  outside of the province of the Court to figure out what a

13  professionals' connections with interested parties are.  The

14  case law is clear that it was Lazard's obligation in the

15  first instance to do that.

16          So in terms of proceeding, Your Honor, with the

17  hearing, I'm estimating that our presentation would take

18  about a hour to an hour-and-a-half.  In terms of discovery,

19  Your Honor, this process began, from our perspective, in

20  mid-January, way in advance of filing any papers with

21  respect to this.  In fact, Your Honor, the only reason why

22  our objection was filed earlier this week was because we

23  couldn't come to a resolution as to how today was going to

24  proceed.  We sent out a document request in mid-January,

25  Lazard has produced some responsive documents.  We're

1   willing to accept the balance of the responsive documents.

2   We would expect that the debtors would do their part and

3   produce whatever it is they have, of course, subject to

4   whatever agreements we can reach with them.

5           To the extent that that concludes by next Friday,

6   we would anticipate taking Mr. Millstein's deposition.  We

7   may need a second deposition of a Lazard representative,

8   depending on what Mr. Millstein says with respect to certain

9   issues, but I'm comfortable in saying that within reason

10  that we could be in a position and be ready by March 10th.

11          And, Your Honor, to the extent that there are

12  any, I guess, discovery disputes, I would request that we be

13  able to consult with the Court as needed.

14          THE COURT:  All right.  Thank you, Mr. McMahon.

15          MR. MCMAHON:  Thank you, Your Honor.

16          THE COURT:  Well, let me ask this, Mr. McMahon,

17  do you have any interest with respect to the balance -- any

18  of the balance of the items on the agenda today?

19          MR. MCMAHON:  Sorry, Your Honor, like any

20  interest in the contested issues?

21          THE COURT:  Or --

22          MR. MCMAHON:  Your Honor, we are --

23          THE COURT:  -- hearing what's going on or -- the

24  reason I ask the question is, I thought I might ask you and

25  Lazard's counsel to step outside and see if you can make

1    some agreement about scheduling and then come back in and

2    let me know.  I'm inclined to set it for a time other than

3    the omnibus date, but in such a way to come as close to

4    accommodating the parties' needs as I can.

5                MR. MCMAHON:  Thank you, Your Honor.  I have one

6    --

7                THE COURT:  But I didn't want you -- to ask you

8    to step out if you had something else you needed to address.

9                MR. MCMAHON:  I have one issue with Moelis, Your

10   Honor.  If we could just push Moelis to the end of the

11   agenda --

12                THE COURT:  Yes.

13                MR. MCMAHON:  -- and I will come back in.  I'm

14   comfortable with the representations that counsel will make

15   with respect --

16                THE COURT:  Okay.

17                MR. MCMAHON:  -- to the other matters.

18                THE COURT:  Very well.  Thank you.

19                MR. MCMAHON:  Thank you, Your Honor.

20                THE COURT:  All right.  So we'll come back to

21   that matter later.

22                MR. LANTRY:  Your Honor, Kevin Lantry again.  I

23   believe that brings us to number 15.  Again, Jones Day, I

24   believe all the issues raised by the U.S. Trustee have been

25   resolved, subject to the submission of some additional

1  supplementary affidavits and a revised order.  Parties are

2  working on that and we would suggest that we file a

3  certificate of counsel when that has been finally resolved

4  with U.S. Trustee.

5         THE COURT:  That's fine.  Just make sure that the

6  supplemental affidavits come with it.

7         MR. LANTRY:  Yes, Your Honor.

8         THE COURT:  All right.  Thank you.

9         MR. LANTRY:  That brings us to the next four

10 items, Your Honor, which involve counsel and engagement of

11 various professionals for the Creditors' Committee, and I

12 turn the lectern over to them.

13        THE COURT:  All right.  Thank you.

14        MR. LANDIS:  Good morning, Your Honor.  For the

15 record, Adam Landis from Landis Rath & Cobb on behalf of the

16 Creditors' Committee.  Items 16 and 17, Your Honor has

17 already entered orders for, those are the retentions of

18 Landis Rath & Cobb and Chadbourne & Park.

19        Item number 18 is the committees' application to

20 retain AlixPartners.  And the U.S. Trustee made inquiry of

21 the various professionals' ability to investigate and pursue

22 certain malpractice type causes of action and claims.  And

23 as I think Your Honor may have seen in connection with the

24 supplemental affidavits filed by Landis Rath & Cobb and

25 Chadbourne, we addressed those concerns for the U.S. Trustee

1 and filed our supplement affidavits.

2          With respect to AlixPartners, a supplemental

3 affidavit was filed this morning that also was discussed

4 with the U.S. Trustee and also addressed the U.S. Trustee's

5 concerns with respect to those types of claims, with regard

6 to investigation and pursuit.  I don't know if Your Honor

7 has seen that --

8          THE COURT:  I have not.  Do you have a copy?

9          MR. LANDIS:  I do have a copy and I'd like to

10 hand it up.  And as I approach, I'd also like to hand up a

11 copy of the clean and black-lined form of order that we've

12 worked out with the U.S. Trustee, much like we did with

13 Landis Rath & Cobb and Chadbourne.

14          THE COURT:  All right.  Thank you.

15          Thank you.

16      (Pause in proceedings.)

17          THE COURT:  All right.  I've had an opportunity

18 to review the first supplemental declaration.  Let me take a

19 look at the black-line.  All right.  I've reviewed the

20 black-line and the supplemental declaration and don't have

21 any questions.

22          Anyone else care to be heard in connection with

23 this matter?  I hear no response.

24          MR. LANDIS:  Thank you, Your Honor.  I didn't

25 want to speak over your review of the documents, but as you

1  can see from the supplemental declaration of Mr. Holtz,

2  there's similar issues to what were raised in connection

3  with Landis Rath & Cobb and Chadbourne have been addressed.

4  And as the U.S. Trustee's mentioned, he was satisfied with

5  the representations that have been made.  So I think we are

6  on full consent with the committees' retention of

7  AlixPartners.

8          THE COURT:  Yeah, the -- I will say the

9  difference it appears is that the connections are a little

10  more extensive, but I understand the resolution the parties

11  have reached for now.  And at least for now, it appears

12  appropriate under the circumstances, so I'm prepared to

13  grant the relief that's been requested.

14          MR. LANDIS:  And I think it probably bears

15  mentioning that language in the retention orders for all

16  three of these professionals clarifies that nothing in the

17  orders seeks to prejudice or augment the U.S. Trustee's

18  rights should the committee seek to employ and retain

19  additional professionals in the future.  And there was no

20  intent to do that in the order, but we clarified that for

21  the U.S. Trustee.

22          THE COURT:  All right.

23          MR. LANDIS:  Your Honor, with respect to item 19,

24  I see that Mr. McMahon has come back in, so I think we were

25  able to fill the time productively.  With respect to item

1  19, it's the committees' proposed retention of Moelis &

2  Company as its investment banker.  What I would like to do

3  in connection with this matter is try to score some of the

4  good guy points that Mr. Pernick scored by moving the

5  admission pro hac vice of Moelis' counsel, Jeremy Johnson

6  from DLA Piper for the purposes of this hearing only.  I

7  suspect if it goes further, DLA Piper will probably want to

8  retain local counsel, but for today --

9       THE COURT:  They'll probably be required to

10  retain counsel.

11       MR. LANDIS:  Certainly according to the rules

12  within 30 days of the first appearance, Your Honor.  So I --

13  they're aware of that, but I think for today's purposes, if

14  I could move the admission of Mr. Johnson to address the

15  Court, it would be helpful.

16       THE COURT:  All right.  Very well.  Welcome.

17       MR. JOHNSON:  Thank you, Your Honor.  For the

18  record, Jeremy Johnson from DLA Piper on behalf of Moelis &

19  Company, Your Honor.

20       Your Honor, there were no objections filed with

21  respect to the retention application of Moelis, but the U.S.

22  Trustee did provide several informal comments and requests.

23  We've been able to resolve the vast majority of those, Your

24  Honor, there are only two outstanding issues, which remain

25  unresolved as of today.

1          The first issue, Your Honor, is the issue of

2  whether it's going to be 328 or 330 review.  I think Your

3  Honor's probably familiar with this issue.  We've seen Your

4  Honor enter several orders retaining investment bankers and

5  financial advisors subject to 328 and providing in some

6  instances, limited review -- a limited 330 review for the

7  U.S. Trustee.  And that's a compromise that Moelis is

8  prepared to make, but it's our understanding that it's

9  apparently a new policy by the Office of the U.S. Trustee

10  where they're seeking 330 review for all parties and

11  interests, and that's something that we're not prepared to

12  agree to.  And I guess if Your Honor is inclined to sustain

13  this informal objection by the U.S. Trustee, then we'd like

14  to take an opportunity to brief that issue and show that

15  there's ample precedent for limiting 330 review, if at all

16  in these cases.  But it would be our compromise, Your Honor,

17  that we would agree to limited 330 review for the Office of

18  the U.S. Trustee, but we don't necessarily want to open up

19  to any party and interest.

20          In addition, Your Honor, we didn't receive that

21  comment or that request or -- by any other party and no

22  other objections were filed.  So, in our view, that seems to

23  be an appropriate resolution.

24          THE COURT:  Well, you know, depending on the

25  circumstances I don't think there's a -- well, there's a

1   black letter rule, Second Circuit recently came out with a

2   decision that reaffirmed that on 328(a), retentions.  And I

3   think the Third Circuit has spoken on it too, but I couldn't

4   tell you offhand what the latest on that is.  But I guess

5   the short way of saying it is, the appellate courts, at

6   least the ones that are most frequently encountering these

7   issues in Chapter 11 proceedings are pretty firm that the

8   opportunity to go back and second-guess is fairly limited.

9           So I can understand the U.S. Trustee's view that

10  328(a) representations ought to be limited, I guess, or at

11  least there ought to be some larger carve out then that

12  which typically might have been approved in the past.  I

13  don't know what the answer is.  I haven't written on the

14  topic myself.  As you point out, mostly everything gets

15  resolved.  Sometimes it's a carve out just for the U.S.

16  Trustee, sometimes for the committee, and sometimes for

17  others.

18          I guess my question is, well, I know what the

19  answer is, so I won't ask it.  I had a different question to

20  ask, and I'll ask both you and the U.S. Trustee.  Usually,

21  as many in the courtroom know, I'll review the affidavits

22  and look for an equivocal statement by the applicant that

23  the applicant is disinterested or doesn't hold an interest

24  adverse, et cetera, depending upon the nature of the

25  representation.  In the affidavit that was submitted with

1  this application I saw neither.  So it precipitated in my

2  mind a question that I really hadn't looked at this

3  specifically before, and that is with respect to a

4  committees' professional, in this case an investment banker,

5  what does the investment banker have to be, disinterested or

6  under 1103, simply not represent any other entity having an

7  adverse interest in connection with the case.  What's the

8  standard?

9          MR. LANDIS:  Your Honor, I believe it's that -- I

10 believe the standard is simply that you cannot represent any

11 other parties' interest adverse.  I don't think that's --

12 that would be a material issue in this case, Your Honor.  If

13 that was --

14         THE COURT:  I didn't say that it was, but the way

15 the affidavit --

16         MR. LANDIS:  Right.

17         THE COURT:  -- came in raised that question in my

18 mind.

19         MR. LANDIS:  No, Your Honor, I believe -- my

20 understanding is, that would be the standard, Your Honor.

21 No interest adverse, but in this case, Your Honor, I think

22 we can obviously, you know, cure any issues with respect to

23 that with -- by submitting a supplemental declaration just

24 to be very crystal clear on those issues.

25         THE COURT:  I looked at 328(c), which says in

1    part that the Court may deny allowance of compensation for

2    services, blah, blah, blah, if at any time during such

3    professional person's employment under 327 or 1103, which

4    this is 1103, such professional person is not a

5    disinterested person or represents or holds an interest

6    adverse to the interest of the estate with respect to the

7    matter on which such professional is employed.

8         Now should I read that to mean either if either

9    applies allowance can be denied or what it should have said

10   is 327 or 1103 not disinterested or not holds an adverse

11   interest, whichever is applicable or respectively?  You

12   know, I never had the question before and forgive me for

13   derailing you from your main dispute, but I was interested

14   in your input on that.

15        MR. JOHNSON:  Yeah, it's -- we've always handled

16   it, Your Honor, as if it's the only interest adverse, but I

17   think Your Honor points out, it appears to be at least

18   ambiguity in the draft with respect to 328(c).

19        THE COURT:  Okay.

20        MR. JOHNSON:  And, Your Honor, there's --

21        THE COURT:  And I always hesitate to raise an

22   issue that the parties haven't brought up, because it

23   usually means that I've missed something and they haven't,

24   but thank you for your response on that.

25        MR. JOHNSON:  Thank you, Your Honor.

1              THE COURT:  All right.

2              MR. JOHNSON:  Your Honor, there is one other

3    issue in addition to the 328, 330 issue, Your Honor, and

4    that's the -- there is a contribution cap with respect to

5    the indemnity.  And the contribution cap, Your Honor, I

6    think it's fairly common.  Once again, it's been approved in

7    this jurisdiction several times.  The cap merely says that

8    in the event -- in the extremely unlikely event in this

9    case, Your Honor, that the Tribune wouldn't be able to fully

10   indemnify Moelis for anything that's entitled to

11   indemnification for, there would be a cap on the amount that

12   Moelis would be forced to contribute, and that cap would be

13   the total amount of fees paid to Moelis on account of the

14   engagement.

15             THE COURT:  You know, if I've ever approved such

16   a cap, I'm unaware of it.  You know, there's a lot -- there

17   are a lot of things that pass through this office and we try

18   to catch as much as possible and the U.S. Trustee is very

19   helpful in that respect, as are others, but I don't ever

20   remember approving a cap of any professional with respect to

21   that which has been paid, possibly with exception of a

22   claims agent.  But I think lately I haven't even approved

23   those caps.

24             MR. JOHNSON:  And that's fair, Your Honor.  We'll

25   take that comment to heart and discuss it with the U.S.

1    Trustee after, but at this point, Your Honor, I guess the

2    328, 330 issue still remains and if the U.S. Trustee is

3    going to push for 330 review for any party and interest, and

4    this would appear to be some sort of new policy to the

5    parties involved, we'd like the opportunity to brief the

6    requirements.

7              THE COURT:  Okay.  Mr. McMahon?

8              MR. MCMAHON:  Your Honor, good morning again.  A

9    couple points very quickly.  Your Honor makes the

10   interesting observation regarding that legal issue, the

11   interplay between 1103 and 328(c).  I will tell the Court

12   that I have actually litigated that issue before this Court,

13   no published opinion in the last year.

14             THE COURT:  Who -- tell me, what's the right

15   issue?

16             MR. MCMAHON:  Well, Your Honor, I think the

17   answer for today is, in lieu of getting Mr. Landis, Mr.

18   Pernick and others in the courtroom a transcript that they

19   can, you know, stick in their bags somewhere, I would just

20   prefer to defer it to a day where I, at least in terms of my

21   position with respect to professional matters, I'm prepared

22   to go there if need be, is the answer.

23             With respect to the issue that Moelis' counsel

24   raised, this is our view on the 328, 330 point generally

25   here.  We have a case where the Committee is hiring an

1    investment banker.  Now, let's say -- it doesn't occur in

2    larger cases, but you have a big case.  You already have one

3    proposed market maker, Lazard, working for the debtors.

4    They have a very sophisticated financial adviser that the

5    Court has --

6              THE COURT:  Well, not yet.

7              MR. MCMAHON:  Well, I think I used the term

8    proposed.  If I didn't, that's my oversight.  We have a

9    sophisticated financial adviser working for the committee.

10   Our concern is that we don't know exactly what market making

11   function, what investment banking role, if any, Moelis has

12   to play yet; what the scope of it will be.

13             THE COURT:  Well, isn't that -- I mean, isn't

14   that a kind of issue that you confront regularly in trying

15   to limit sometimes the scope of professional activity or

16   representations?  And could that not be done here?

17             MR. MCMAHON:  Your Honor, that's -- it's an issue

18   that we encounter, but from our perspective what it comes

19   down to is this, Moelis is seeking approval of a seven-and-

20   a-half million dollar restructuring fee.  It's a substantial

21   amount of money.  Our approach to the application has been

22   that, you know -- well, we don't feel a compelling need to

23   question the committees' judgment at this stage with respect

24   to compensation.  But that being said, depending on how this

25   case plays out, depending on whether or not the committees'

1    investment banker has a role in going to market for, you

2    know, acquiring asset financing or something of that effect,

3    there may not be a need for that in this case.  In fact, the

4    -- one might argue that the most likely financing source is

5    maybe found sitting on the committee, but until we have this

6    case play out further, until we see what exactly occurs,

7    whether litigation ensues, what have you, I don't think

8    we're in a position to determine whether that seven-and-a-

9    half million dollar fee is reasonable today.  We're asking

10   the Court to defer that determination in light of the

11   circumstances of this case.

12             THE COURT:  Okay.  But, of course, the position

13   that you articulate does raise, I think, the overall legal

14   or policy question.  And that is, should an investment

15   banker -- should those employment -- should those

16   engagements be made under 328(a) or subject to 330 review.

17   And if you were to articulate the holding you'd like this

18   Court to make in connection with this matter, what would it

19   say?  What would it be?

20             MR. MCMAHON:  Okay.  You're getting to the

21   limitation issue now.  Moelis' counsel came up and said,

22   we're willing to give it to the U.S. Trustee.  Our concern,

23   Your Honor, is that in the event we were to get to a

24   situation where there was a need to challenge the fees, if

25   we were given limited 330 review, we question the appellate

1    advocacy of the carve out, I guess is our concern.  Moelis'

2    counsel characterized that as a change of policy.  I don't

3    like using the policy word myself, but a recent review of

4    the circumstances suggests that if we were to go up on

5    appeal, we don't know exactly where we would find ourselves

6    if we had a finding that the fees were reasonable as to 1.3

7    million parties and interest involved in a bankruptcy case.

8    But we're -- like I said, carved out as being value neutral

9    for the U.S. Trustee.  I mean, in other words, what the

10   preclusive effect of splitting that finding, not having it

11   apply to us, but having it apply to the rest of the parties

12   in interest, would have on the efficacy of any of our

13   efforts to challenge such fees.

14             THE COURT:  Well, aren't -- well, let me ask the

15   question this way.  Aren't issues in bankruptcy cases often

16   decided in which may affect all the constituents, but which

17   issues come to the Court by virtue of a single objector?

18             MR. MCMAHON:  They --

19             THE COURT:  And what would be the difference

20   here?

21             MR. MCMAHON:  Well, the issue is whether we would

22   have a finding today that the fee structure is reasonable

23   and insulated from review under the dictates of 328(a).

24             THE COURT:  It's not insulated from review, but

25   it's subject to limited review.

1          MR. MCMAHON:  Correct, Your Honor.  My -- my

2    phrasing was --

3          THE COURT:  Well, is what the U.S. Trustee

4    looking for here purity?  Meaning, the Court is being asked

5    to decide either there's 328 review only or there's 330

6    review for everyone.  I mean, that's basically what you're

7    asking.

8          MR. MCMAHON:  That -- that is, Your Honor.

9          THE COURT:  Be careful what you ask for, you may

10   get it.  Okay. I understand the issue and I'm not going to

11   decide it today, and I will take briefing on it.

12          Now the other -- it seems to me the implication

13   of the dispute may also involve a determination by the Court

14   of what the practices are of investment bankers in and out

15   of bankruptcy.  It seems to me that, in part, has to inform

16   the decision on whether the 328(a) engagement is

17   appropriate.  That usually involves evidence.  Have the

18   parties -- have you talked about this?  Have you -- okay.

19   Then I think you need to.

20          MR. JOHNSON:  We -- Jeremy Johnson on behalf of

21   Moelis, Your Honor.  We haven't had any discussions

22   regarding any evidentiary type of issues with respect to the

23   328, 330 dispute.

24          THE COURT:  Okay.  Do you agree or disagree with

25   me -- and feel free to disagree, that that's what I need in

1  order to get where you'd like me to go anyway?

2         MR. JOHNSON:  I'm not sure, Your Honor.  I think

3  I'd need to be able to review and see how the argument

4  shakes out.  I think at the end of the day, Your Honor, I

5  think there's ample legal precedent for limiting it and I

6  think that may take us out of the realm of requiring any

7  evidence, but if Your Honor feels differently then, of

8  course, we'd be willing to --

9         THE COURT:  Well, I gave you my preliminary view.

10 I haven't drilled down on it myself, so how about we do

11 this.  Want to brief the issue and then we'll decide where

12 to go from there?

13        MR. JOHNSON:  That sounds perfectly reasonable,

14 Your Honor.

15        THE COURT:  Mr. McMahon?

16        MR. MCMAHON:  Your Honor, just --

17        THE COURT:  Because tech -- there's no -- been no

18 formal objection of record.

19        MR. MCMAHON:  Your Honor correctly notes that.

20 And with respect to that, in terms of manner and proceeding,

21 could we take the liberty of discussing this with Moelis off

22 the record and perhaps coming back to the Court on the 10th

23 with a proposal?  I don't know if that fits with Meolis'

24 proposed schedule, but I think that that would be the best

25 way to proceed with the understanding, Your Honor, in the

1    event that we were able to resolve that issue that we could

2    report that to the Court.

3          MR. JOHNSON:  Your Honor, Jeremy Johnson on

4    behalf of Moelis.  I believe that's acceptable to Moelis,

5    Your Honor, but we'll have an off the record conversation

6    with the U.S. Trustee and see if we can work something out

7    with respect to that.

8          MR. LEMAY:  Your Honor, David Lemay from

9    Chadbourne, we represent, as you know, the Committee, and I

10    thought I'd get up because we're the ones who are actually

11    seeking to hire Moelis.

12          One factual matter that I think the Court and the

13    parties should be aware of, Moelis' involvement in the case

14    is not exclusively, although it will be also an end-of-the-

15    case matter.  Mr. McMahon referred to exit financing and I

16    could see a role for Moelis with respect possibly to exit

17    financing and with respect to plan issues, but they're

18    actually very busy right now.  It's not secret, it's been

19    publicly reported, that the debtors are in the midst of a

20    possible transaction involving a significant operating

21    subsidiary.  That transaction is not an end-of-the-case

22    matter.  It's a transaction where work is needed right now

23    and investment banking work is needed right now.  So I just

24    thought I'd get up and say that from the Committees' point

25    of view, this is quite an important and a necessary

1  engagement.  We've certainly heard from the committee

2  members that they don't feel that they would have the tools

3  to do their statutory job without this kind of skill set and

4  they're prepared, as they ultimately will, to be the ones

5  who pay for it.

6           THE COURT:  Well, let's do this.  I'd like to

7  return to matter number 14 to see what's been worked out

8  between counsel there.  Then, how about I take a short break

9  and allow this group to talk and see whether you can

10  resolve, for scheduling purposes, how things ought to go.

11  And, again, I'll accommodate your schedule as best I can.

12  So let's do that way.  Let's return to number 14.

13           MR. LEBUDA:  Thank you, Your Honor.  Again, Tom

14  Lebuda on behalf of Lazard.  We have discussed the logistics

15  and -- and this is where we stand.  We do intend to complete

16  the document production by the end of next week.  We are

17  talking about various search terms, but we believe we can

18  work that out consensually and have that done.  Have a

19  deposition the following week and Trustee's counsel has

20  indicated that based upon what -- what is said on that

21  deposition, there may be the need for one more.  But then we

22  would hope to have that resolved -- depositions, during the

23  week of March 1, so that following week, perhaps mid-to-late

24  week if Your Honor was not thinking the omnibus hearing, the

25  end of the week of March 9th or perhaps the following week if

1  Your Honor had any time.

2        THE COURT:  How about Thursday, March 12th, 1:00

3  o'clock in the afternoon?

4        MR. LEBUDA:  I think that would work, Your Honor.

5        MR. MCMAHON:  Your Honor, that's acceptable to

6  the United States Trustee.

7        THE COURT:  All right.  Would you put together a

8  scheduling order that makes that provision?  Nothing fancy,

9  just get something in for the record.

10       MR. LEBUDA:  Okay.

11       THE COURT:  All right.  Anything else on that

12 matter?

13       MR. LEBUDA:  No, Your Honor.

14       THE COURT:  All right.  Thank you, Counsel.

15       Now I do have a hearing scheduled for 11, but let

16 me recess briefly to permit you to have that discussion, on

17 what I think is the last remaining matter for today.

18       MR. LANTRY:  Yes, Your Honor, but if I could have

19 one moment for a housekeeping matter?

20       THE COURT:  You may.

21       MR. LANTRY:  Your Honor, last night the debtors

22 filed a motion to be heard on March 10 and there are two

23 items I wanted to run by you, just in terms of it having a

24 little bit of uniqueness.

25       First of all, we also filed a motion for

1    shortening time.  We were one day late of the usual rules.

2    We had talked with the committee who supports the underlying

3    relief being requested and they were fine with the

4    shortening time, and we also spoke with the U.S. Trustee and

5    they were fine with that.  So I just wanted to advise you of

6    that.

7          But, secondly, there's something a little bit

8    unique that we'd ask for some additional procedural

9    accommodations, which we are articulated in the motion

10   shortening time.  The substance of it is that in the first

11   day wage motion that Your Honor approved, you had granted

12   the debtors authority to pay certain continuing healthcare

13   benefits for a group of employees who were terminated pre-

14   petition for 90 days into this case, which would end on

15   March 8th.  In talking with the Creditors' Committee, the

16   debtors would like and the motion asks, to continue that for

17   another period of time while we talk about some larger

18   global issues about some other employee-related claims.

19         And so what we were -- would be asking in the

20   under -- what we ask in the underlying motion is to continue

21   these healthcare benefits to the cost of about $175,000

22   until a hearing roughly in mid-April.  I think you've given

23   us an April 15 date for the underlying issues that we hope

24   that we will work out.

25         So the slight idiosyncrasy is the healthcare

1    benefits stop on March 8.  If we have no objection to the

2    motion, which we don't because the Creditors' Committee

3    supports the motion, we'd ask that you -- when we submit

4    certificate of counsel indicating no objection, be able to

5    enter the order before the March 8 end of that relief.  Or

6    if there is some objection that you give us a two-day bridge

7    order to continue that healthcare benefit until March 10

8    when we have the ultimate determination on the motion.

9           All of this is spelled out in the order

10   shortening time, so you don't need to opine on it now, but I

11   just wanted to give you a description.  We have run this by

12   the U.S. Trustee and the Creditors' Committee and they're

13   fine with this procedural accommodation.

14          THE COURT:  Under the local rule, do you need a

15   bridge order?

16          MR. PERNICK:  Your Honor, I think a conservative

17   reading in that was no, but we wanted to make sure.  So

18   that's why we set it out in the motion to shorten.  And just

19   to clarify one thing that Mr. Lantry said, the U.S. Trustee

20   consented -- or didn't have an objection to the motion to

21   shorten.  I don't know if they have a position on the

22   underlying merits of the motion.

23          THE COURT:  Okay.  And are these benefits which

24   are otherwise required by COBRA or no?

25          MR. LANTRY:  No, Your Honor.  These are -- the

1   motivation behind it was that there are some collective

2   bargaining agreements that require us to provide these.  On

3   the other hand, they are pre-petition claims, so it wasn't

4   driven by COBRA, it was more collective bargaining

5   agreements.

6           THE COURT:  All right.  I understand.  Thank you.

7   Anything further?

8           MR. LANTRY:  No, Your Honor.

9           THE COURT:  All right.  Let me take a brief

10  recess and then have the parties come back to me on that

11  last remaining matter.

12          Court will stand in recess.

13      (Recess taken at 10:59 a.m.)

14      (Proceedings resume at 11:05 a.m.)

15      (Pause in proceedings.)

16          THE CLERK:  All rise.

17          MR. MCMAHON:  Your Honor, good morning.  Joseph

18  McMahon for the acting United States Trustee.  With respect

19  to the Committees' application to employ Moelis, after

20  discussing it with committee counsel and Moelis' counsel,

21  what we would like to do is discuss the matter informally

22  outside of the courtroom and report back to the Court on

23  March 10th.  To the extent that we have a -- I guess a

24  proposal for -- going forward with resolution of the matter,

25  to the extent that we reach an agreement between now and

1   then, would the Court accept a certification of counsel with

2   accompanying documentation?

3         THE COURT:  I normally would and if I have

4   questions, I'll reach out to the parties.

5         MR. MCMAHON:  Thank you, Your Honor.

6         MR. JOHNSON:  Thank you.

7         THE COURT:  All right.  Thank you all very much.

8   That concludes this hearing.  Court will stand in recess.

9      (Whereupon at 11:08 a.m., the hearing was adjourned)

10                      CERTIFICATION

11         I  certify  that  the  foregoing  is  a  correct

12   transcript  from  the  electronic  sound  recording  of  the

13   proceedings in the above entitled matter.

14

15

16   _____        February 26, 2009

17   Stephanie McMeel

18   AAERT Cert. No. 452

19   Certified Court Transcriptionist

20

21

22

23

| Word | Page:Line |
|---|---|
| a-half(1) 30:20 | |
| a.m(5) 1:14 3:1 40:13 40:14 41:9 | |
| ability(1) 20:21 | |
| able(8) 12:13 18:13 22:25 23:23 28:9 34:3 35:11 39:4 | |
| about(20) 5:8 7:21 7:23 8:14 9:15 10:15 12:9 15:15 16:24 17:9 17:18 19:1 33:18 34:10 36:8 36:17 37:2 38:17 38:18 38:21 | |
| above(1) 41:13 | |
| absolutely(1) 11:7 | |
| abundance(1) 9:18 | |
| accept(3) 13:16 18:1 41:1 | |
| acceptable(4) 7:18 8:6 35:4 37:5 | |
| accommodat(1) 36:11 | |
| accommodating(1) 19:4 | |
| accommodation(1) 39:13 | |
| accommodation(1) 38:9 | |
| accompanying(1) 41:2 | |
| according(1) 23:11 | |
| account(2) 14:21 28:13 | |
| acquiring(1) 9:18 | |
| acting(3) 12:8 16:19 40:18 | |
| action(1) 20:22 | |
| activity(1) 30:15 | |
| actually(5) 5:17 12:11 14:6 16:3 29:12 35:10 35:18 | |
| adam(2) 2:5 20:15 | |
| addition(3) 5:14 24:20 28:3 | |
| additional(4) 15:12 19:25 22:19 38:8 | |
| address(3) 17:7 19:8 23:14 | |
| addressed(3) 20:25 21:4 22:3 | |
| addresses(1) 7:8 | |
| adequate(1) 3:14 | |
| adjourned(1) 41:9 | |
| adjustments(1) 7:15 | |
| admission(3) 9:20 23:5 23:14 | |
| advance(1) 17:20 | |
| adverse(10) 11:3 11:24 12:1 25:24 26:7 26:11 26:21 27:6 27:10 27:16 | |
| advise(2) 10:14 38:5 | |
| adviser(2) 30:4 30:9 | |
| advisors(1) 24:5 | |
| advocacy(1) 32:1 | |
| aert(1) 41:18 | |
| affect(2) 9:6 32:16 | |
| affiant(1) 17:4 | |
| affidavit(6) 7:7 7:11 8:11 21:3 25:25 26:1 | |
| affidavits(5) 20:1 20:6 20:24 21:1 25:21 | |
| after(3) 15:24 29:1 40:19 | |
| afternoon(1) 37:3 | |
| again(7) 8:21 19:22 19:23 28:6 29:8 36:1 36:13 | |
| agenda(3) 16:8 18:18 19:11 | |
| agent(1) 28:22 | |
| agree(4) 8:2 24:12 24:17 33:24 | |
| agreed(1) 8:4 | |
| agreement(5) 6:3 6:5 6:7 19:1 40:25 | |
| agreements(3) 18:4 40:2 40:5 | |
| alixpartners(3) 20:20 21:2 22:7 | |
| all(44) 3:2 3:3 3:16 4:17 5:1 5:18 5:22 6:6 6:8 6:21 7:2 7:6 7:24 9:14 11:17 14:25 15:12 15:21 16:15 18:14 19:20 19:24 20:8 20:13 21:14 21:17 21:19 22:15 22:22 23:16 24:10 24:15 28:1 32:16 37:7 37:11 37:14 37:25 39:9 40:6 40:9 40:16 41:7 41:7 | |
| allegation(3) 11:5 11:9 14:3 | |
| allegations(2) 11:8 11:21 | |
| allow(1) 36:9 | |
| allowance(2) 27:1 27:9 | |
| already(3) 15:10 20:17 30:2 | |
| also(8) 6:11 15:21 21:3 21:4 21:10 33:13 35:14 37:25 38:4 | |

| Word | Page:Line |
|---|---|
| although(5) 4:1 6:18 7:9 8:1 35:14 | |
| always(2) 27:15 27:21 | |
| ambiguity(1) 27:18 | |
| amended(2) 4:12 8:9 | |
| americas(1) 2:36 | |
| among(1) 13:8 | |
| amount(3) 28:11 28:13 30:21 | |
| ample(2) 24:15 34:5 | |
| and/or(1) 7:10 | |
| another(3) 16:1 17:6 38:17 | |
| answer(4) 25:13 25:19 29:17 29:22 | |
| anticipate(2) 15:3 18:6 | |
| any(29) 4:18 5:14 5:18 5:20 5:20 5:25 7:14 8:5 8:16 17:20 18:12 18:17 18:17 18:19 21:21 24:19 24:21 26:6 26:10 26:22 27:2 28:20 29:3 30:11 32:12 33:21 33:22 34:6 37:1 | |
| anyone(4) 6:10 6:21 21:22 | |
| anything(5) 28:10 37:11 40:7 | |
| anyway(2) 15:6 34:1 | |
| apologies(2) 5:3 5:21 | |
| apologize(1) 3:4 | |
| apparently(1) 24:9 | |
| appeal(1) 32:5 | |
| appear(3) 14:17 14:25 29:4 | |
| appearance(1) 23:12 | |
| appears(3) 22:9 22:11 27:17 | |
| appellate(2) 25:5 31:25 | |
| applicable(1) 27:11 | |
| applicant(3) 8:16 25:22 25:23 | |
| application(7) 10:18 11:4 20:19 23:21 26:1 30:21 40:19 | |
| applies(1) 27:9 | |
| apply(2) 32:11 32:11 | |
| approach(4) 8:11 9:7 21:10 30:21 | |
| appropriate(5) 10:4 17:7 22:12 24:23 | |
| approval(1) 30:19 | |
| approved(5) 25:12 28:6 28:15 28:22 38:11 | |
| approving(1) 28:20 | |
| april(1) 38:23 | |
| aren't(2) 32:14 32:15 | |
| argue(1) 31:4 | |
| argument(2) 16:11 34:3 | |
| arthur(2) 2:27 9:21 | |
| articulate(2) 31:13 31:17 | |
| articulated(1) 38:9 | |
| ask(14) 8:3 16:1 18:16 18:24 18:24 19:7 25:19 25:20 25:20 32:14 33:9 38:8 38:20 39:3 | |
| asked(1) 33:4 | |
| asking(4) 10:15 31:9 33:7 38:19 | |
| asks(1) 38:16 | |
| assert(1) 17:5 | |
| asset(1) 31:2 | |
| assignment(1) 5:24 | |
| assurance(1) 3:14 | |
| attached(1) 7:1 | |
| attorney(1) 7:13 | |
| augment(1) 22:17 | |
| august(1) 11:17 | |
| austin(1) 1:22 | |
| authority(1) 38:12 | |
| automatic(1) 9:2 | |
| available(1) 11:11 | |
| avenue(2) 2:21 2:36 | |
| aware(2) 23:13 35:13 | |
| back(9) 8:5 19:1 19:13 19:20 22:24 25:8 34:22 40:10 40:22 | |
| bags(1) 29:19 | |
| balance(3) 18:1 18:17 18:18 | |
| bank(1) 2:19 | |
| banker(6) 23:2 26:4 26:5 30:1 31:1 31:15 | |
| bankers(1) 11:20 24:4 33:14 | |
| banking(2) 30:11 35:23 | |
| bankruptcy(7) 1:1 1:18 7:14 7:18 32:7 32:15 33:15 | |

| Word | Page:Line |
|---|---|
| bar(1) 9:22 | |
| bargaining(2) 40:2 40:4 | |
| based(1) 36:20 | |
| basically(1) 33:6 | |
| bears(1) 22:14 | |
| because(5) 17:22 27:22 34:17 35:10 39:2 | |
| before(10) 1:17 7:22 11:12 12:20 13:25 16:21 26:3 27:12 29:12 39:5 | |
| began(1) 17:19 | |
| behalf(7) 4:7 10:12 20:15 23:18 33:20 35:4 36:14 | |
| behind(1) 40:1 | |
| believe(14) 4:10 6:5 6:25 9:21 10:19 14:6 15:12 19:23 19:24 26:9 26:10 26:19 35:4 36:17 | |
| benefit(1) 39:7 | |
| benefits(4) 38:13 38:21 39:1 39:23 | |
| best(2) 34:24 36:11 | |
| better(1) 5:18 | |
| between(5) 8:22 12:23 29:11 36:8 40:25 | |
| beyond(1) 16:3 | |
| big(1) 30:2 | |
| billing(1) 9:22 | |
| binder(1) 12:12 | |
| bit(3) 8:21 37:24 38:7 | |
| black(1) 25:1 | |
| black-line(2) 21:19 21:20 | |
| black-lined(1) 21:11 | |
| blah(3) 27:2 27:2 27:2 | |
| block(1) 8:21 | |
| both(5) 3:23 4:9 7:23 11:11 25:20 | |
| break(1) 36:8 | |
| bridge(2) 39:6 39:15 | |
| brief(6) 11:22 15:9 24:14 29:5 34:11 40:9 | |
| briefing(1) 33:11 | |
| briefly(2) 13:3 37:16 | |
| bring(1) 16:23 | |
| brings(3) 9:11 19:23 20:9 | |
| brought(1) 17:22 | |
| burdensome(1) 15:20 | |
| business(1) 12:24 12:25 | |
| busy(1) 35:18 | |
| call(1) 16:21 | |
| came(4) 13:13 25:1 26:17 31:21 | |
| cannot(1) 26:10 | |
| cap(7) 28:4 28:5 28:7 28:11 28:12 28:16 28:18 | |
| caps(1) 28:23 | |
| care(4) 6:10 6:22 10:6 21:22 | |
| careful(1) 33:9 | |
| carey(1) 1:17 | |
| carve(3) 25:11 25:15 32:1 | |
| carved(1) 32:8 | |
| case(23) 1:4 8:4 13:13 14:17 14:25 14:25 17:9 17:14 26:4 26:7 26:12 26:21 28:9 29:25 30:2 30:25 31:3 31:6 31:11 32:7 35:13 35:15 38:14 | |
| cases(12) 11:15 11:25 11:25 11:25 11:25 12:19 13:4 14:16 14:19 24:16 30:2 32:15 | |
| cash(1) 3:9 | |
| catch(1) 28:18 | |
| causes(1) 20:22 | |
| caution(1) 9:19 | |
| cert(1) 41:18 | |
| certain(4) 7:21 18:8 20:22 38:12 | |
| certainly(2) 23:11 36:1 | |
| certificate(3) 4:14 20:3 39:4 | |
| certification(3) 4:19 41:1 41:10 | |
| certifications(2) 3:6 3:13 | |
| certified(1) 41:11 | |
| certify(1) 41:11 | |
| cetera(1) 25:24 | |
| cfc(1) 4:4 | |

| Word | Page:Line |
|---|---|
| chadbourn(8) 1:36 3:22 6:13 20:18 20:25 21:13 22:3 35:9 | |
| challenge(2) 31:24 32:13 | |
| change(3) 7:25 8:5 32:2 | |
| changed(2) 7:1 8:14 | |
| chapter(2) 1:7 25:7 | |
| characterized(1) 32:2 | |
| chase(5) 5:9 5:13 5:19 5:19 6:15 | |
| check(1) 14:2 | |
| chicago(3) 1:25 2:30 10:23 | |
| circuit(2) 25:1 25:3 | |
| circumstance(4) 22:12 24:25 31:11 32:4 | |
| claim(1) 8:6 | |
| claims(5) 20:22 21:5 28:22 38:18 40:3 | |
| clarification(4) 4:22 4:25 8:24 | |
| clarifications(1) 7:10 | |
| clarified(2) 7:12 22:20 | |
| clarifies(1) 22:16 | |
| clarify(1) 39:19 | |
| clean(1) 21:11 | |
| clear(3) 17:9 17:14 26:24 | |
| clearly(1) 14:14 | |
| clerk(3) 3:2 40:16 | |
| client(1) 13:12 | |
| clients(1) 13:21 | |
| close(2) 11:19 19:3 | |
| co-chair(1) 5:13 | |
| cobb(5) 2:4 20:15 20:18 20:24 21:13 22:3 | |
| cobra(2) 39:24 40:4 | |
| cole(1) 1:28 | |
| collective(2) 40:1 40:4 | |
| comcast's(1) 3:20 | |
| come(12) 8:6 11:24 14:20 17:23 19:1 19:3 19:13 19:20 20:6 22:24 32:17 40:10 | |
| comes(1) 30:18 | |
| comfortable(2) 18:9 19:14 | |
| coming(1) 34:22 | |
| comment(3) 16:13 24:21 28:25 | |
| comments(2) 17:1 23:22 | |
| committee(24) 1:36 2:4 5:10 5:13 5:14 5:16 5:17 6:13 6:16 6:18 20:11 20:16 22:18 25:16 29:25 30:9 31:5 35:9 36:1 38:2 38:15 39:2 39:12 40:20 | |
| committees'(9) 6:15 20:19 22:6 23:1 26:4 30:23 30:25 35:24 40:19 | |
| common(1) 28:6 | |
| company(4) 1:7 2:34 23:2 23:19 | |
| compelling(1) 30:22 | |
| compensation(2) 27:1 30:24 | |
| competitor(1) 11:23 | |
| complete(1) 36:15 | |
| completely(3) 5:10 5:25 6:7 | |
| complex(1) 13:11 | |
| comport(1) 3:7 | |
| compromise(2) 24:7 24:16 | |
| concern(3) 30:10 31:22 32:1 | |
| concerning(1) 6:20 | |
| concerns(3) 7:20 20:25 21:5 | |
| concludes(2) 18:5 41:8 | |
| conference(1) 9:15 | |
| confirm(2) 5:23 6:14 | |
| conflict(3) 12:23 12:24 13:1 | |
| conflicts(1) 14:2 | |
| confront(1) 30:14 | |
| conlan(1) 7:8 | |
| connection(10) 6:2 6:11 16:1 17:4 20:23 21:22 22:2 22:3 23:4 26:7 31:18 | |
| connections(2) 17:13 22:9 | |
| conscience(1) 13:25 | |
| consensually(1) 36:18 | |
| consent(1) 22:6 | |
| consented(1) 39:20 | |
| conservative(1) 39:16 | |
| consider(1) 4:18 | |

| Word | Page:Line |
|---|---|
| constituents(1) 32:16 | |
| constitute(1) 11:24 | |
| constitutes(2) 11:2  17:2 | |
| consult(1) 18:13 | |
| contested(1) 18:20 | |
| context(1) 12:22 | |
| continue(3) 38:16  38:20  39:7 | |
| continued(3) 2:2  3:6  3:8 | |
| continuing(1) 38:12 | |
| contracts(2) 14:17  14:18 | |
| contrary(2) 8:1  11:20 | |
| contribute(1) 28:12 | |
| contribution(2) 28:4  28:5 | |
| conversation(1) 35:5 | |
| cooperate(1) 15:16 | |
| copy(3) 21:8  21:9  21:11 | |
| corporation(1) 1:8 | |
| correct(7) 5:6  6:1  6:4  6:17  11:1  33:1 | |
| correctly(2) 6:14  34:19 | |
| cost(1) 38:21 | |
| couldn't(2) 17:23  25:3 | |
| counsel(27) 4:14  4:21  5:16  9:14  10:3  13:15  13:16  15:15  16:13  16:20  18:25  19:14  20:3  20:10  23:5  23:8  23:10  29:23  31:21  32:2  36:8  36:19  37:14  39:4  40:20  40:20  41:1 | |
| counsels(1) 16:24 | |
| couple(2) 16:24  29:9 | |
| course(3) 18:3  31:12  34:8 | |
| court(114) 1:1  3:3  3:11  3:13  3:16  3:23  4:3  4:5  4:8  4:17  5:1  5:22  6:2  6:8  6:10  6:21  7:2  8:8  8:13  9:8  9:16  9:24  10:8  10:10  10:14  10:24  12:6  12:11  12:15  12:20  13:7  14:8  15:3  15:4  15:19  16:5  16:15  16:17  16:21  17:7  17:10  17:12  18:13  18:14  18:16  18:21  18:23  19:7  19:12  19:16  19:18  19:20  20:5  20:8  20:13  21:8  21:14  21:17  22:8  22:22  23:9  23:15  23:16  24:24  26:14  26:17  26:25  27:1  27:19  27:21  28:1  28:5  29:7  29:11  29:12  29:14  30:5  30:6  30:13  31:10  31:12  31:18  32:14  32:17  32:19  32:24  33:3  33:4  33:9  33:13  33:24  34:9  34:15  34:17  34:22  35:2  35:12  36:6  37:2  37:7  37:11  37:14  37:20  39:14  39:23  40:6  40:9  40:12  40:22  41:1  41:3  41:7  41:8  41:19 | |
| courtesy(1) 10:6 | |
| courtroom(4) 1:9  25:21  29:18  40:22 | |
| courts(1) 25:5 | |
| covered(1) 13:9 | |
| creditors(6) 2:4  20:11  20:16  38:15  39:2  39:12 | |
| creditors'(5) 5:9  5:13  5:16  5:17  6:13 | |
| crystal(1) 26:24 | |
| cubs(2) 5:12  5:15  5:20  6:16 | |
| cure(1) 26:22 | |
| damian(2) 2:20  5:2 | |
| data(1) 1:42 | |
| date(7) 6:5  6:6  16:1  16:5  16:7  19:3  38:23 | |
| david(3) 1:37  6:12  35:8 | |
| davis(2) 2:19  5:3 | |
| day(5) 19:23  29:20  34:4  38:1  38:11 | |
| days(3) 7:22  23:12  38:14 | |
| dearborn(1) 1:24 | |
| debtor(7) 1:11  1:22  5:24  6:6  10:5  13:4  14:10 | |
| debtors(13) 4:7  8:5  8:23  8:25  11:15  14:1  17:2  18:2  30:3  33:5  33:19  37:21  38:12  38:16 | |
| decide(3) 33:5  33:11  34:11 | |
| decided(2) 12:1  32:16 | |
| decision(3) 13:25  25:2  33:6 | |
| declaration(8) 10:25  11:10  13:8  14:24  21:18  21:20  22:1  26:23 | |
| declarations(2) 14:20  15:2 | |
| defendants(1) 9:3 | |

| Word | Page:Line |
|---|---|
| defense(1) 17:6 | |
| defer(2) 29:20  31:10 | |
| delaware(5) 1:2  1:7  1:11  3:1  10:3 | |
| denial(1) 11:4 | |
| denied(1) 27:9 | |
| deny(1) 27:1 | |
| depending(5) 18:8  24:24  25:24  30:24 | |
| deposition(6) 11:11  15:22  18:6  18:7  36:19  36:21 | |
| depositions(1) 36:22 | |
| derailing(1) 27:13 | |
| describe(1) 12:22 | |
| description(1) 39:11 | |
| determination(4) 8:3  31:10  33:13  39:8 | |
| determine(1) 31:8 | |
| dialogue(1) 8:22 | |
| diaz(1) 1:42 | |
| dictates(1) 32:23 | |
| didn't(7) 8:1  19:7  21:24  24:20  26:14  30:8  39:20 | |
| difference(2) 22:9  32:19 | |
| different(2) 11:19  25:19 | |
| differently(1) 34:7 | |
| directors(1) 9:3 | |
| disagree(5) 16:25  33:24  33:25 | |
| disclose(3) 11:6  13:18  13:24 | |
| disclosed(4) 13:23  14:21  14:22  14:23 | |
| disclosure(2) 12:17  13:3  17:8 | |
| disclosures(1) 7:10 | |
| discovery(2) 17:18  18:12 | |
| discuss(2) 28:25  40:21 | |
| discussed(3) 6:17  21:3  36:14 | |
| discussing(1) 34:21  40:20 | |
| discussion(5) 5:14  5:18  5:19  12:9  37:16 | |
| discussions(2) 6:20  33:21 | |
| disinterested(4) 25:23  26:5  27:5  27:10 | |
| dispute(3) 27:13  33:13  33:23 | |
| disputes(1) 18:12 | |
| distinguish(1) 12:23 | |
| district(1) 1:2 | |
| dla(4) 2:34  23:6  23:7  23:18 | |
| document(1) 17:24  36:16 | |
| documentation(2) 4:12  41:2 | |
| documents(8) 13:20  15:10  15:12  15:13  17:11  17:25  18:1  21:25 | |
| doesn't(4) 13:1  14:3  25:23  30:1 | |
| dollar(2) 30:10  31:9 | |
| don't(5) 16:7  21:6  25:13  34:23  39:21 | |
| don't(15) 4:17  6:25  21:20  24:18  24:25  26:11  28:19  30:10  30:22  31:7  32:2  32:5  36:2  39:2  39:10 | |
| dormant(1) 11:17 | |
| down(2) 30:19  34:10 | |
| draft(1) 27:18 | |
| drilled(1) 34:10 | |
| drive(1) 1:29 | |
| driven(1) 40:4 | |
| during(4) 7:16  7:21  27:2  36:22 | |
| e-mail(1) 15:18 | |
| earlier(1) 17:22 | |
| early(1) 15:8 | |
| easiest(1) 9:13 | |
| edelman(1) 4:10 | |
| effect(2) 32:2  32:10 | |
| effective(1) 6:5 | |
| efficacy(1) 32:12 | |
| efforts(1) 32:13 | |
| either(4) 11:7  27:8  27:8  33:5 | |
| electronic(1) 1:47  13:12  41:12 | |
| else(6) 6:10  6:22  16:7  19:8  21:22  37:11 | |
| employ(2) 22:18  40:19 | |
| employed(1) 27:7 | |
| employee-related(1) 38:18 | |
| employees(1) 38:13 | |
| employment(2) 27:3  31:15 | |

| Word | Page:Line |
|---|---|
| encounter(1) 30:18 | |
| encountering(1) 25:6 | |
| end(8) 7:24  15:13  19:10  34:4  36:16  36:25  38:14  39:5 | |
| end-of-the(1) 35:14 | |
| end-of-the-case(1) 35:21 | |
| ended(1) 11:16 | |
| enforcing(1) 9:2 | |
| engagement(10) 4:10  5:12  7:5  8:21  9:11  11:16  20:10  28:14  33:16  36:1 | |
| engagements(1) 31:16 | |
| enough(1) 3:18 | |
| ensues(1) 31:7 | |
| enter(3) 3:18  24:4  39:5 | |
| entered(2) 3:23  20:17 | |
| entirely(1) 11:14 | |
| entities(2) 5:24  6:6 | |
| entitled(2) 28:10  41:13 | |
| entity(2) 5:24  26:6 | |
| envision(1) 16:14 | |
| equivocal(1) 25:22 | |
| especially(1) 11:8 | |
| esq(10) 1:23  1:30  1:31  1:37  2:5  2:13  2:20  2:26  2:27  2:35 | |
| essentially(1) 8:24 | |
| estate(1) 27:6 | |
| estimating(1) 17:17 | |
| ethical(1) 12:23 | |
| even(2) 5:5  28:22 | |
| event(4) 28:8  28:8  31:23  35:1 | |
| ever(2) 28:15  28:19 | |
| every(2) 13:13  13:13 | |
| everyone(1) 33:6 | |
| everything(2) 15:17  25:14 | |
| evidence(4) 8:1  8:17  33:17  34:7 | |
| evidentiary(3) 8:17  15:24  33:22 | |
| exactly(2) 12:18  30:10  31:6  32:5 | |
| exception(1) 28:21 | |
| excluded(1) 6:19 | |
| exclusively(1) 35:14 | |
| excuse(1) 12:7 | |
| executory(1) 14:17 | |
| exit(2) 35:15  35:16 | |
| expect(1) 18:2 | |
| expeditiously(1) 16:2 | |
| experience(1) 14:12 | |
| expertise(2) 14:11  14:12 | |
| explained(1) 13:15 | |
| extension(2) 3:10  3:19 | |
| extensive(1) 22:10 | |
| extent(5) 8:15  18:5  18:11  40:23  40:25 | |
| extremely(1) 28:8 | |
| fact(4) 14:4  14:18  17:21  31:3 | |
| factual(1) 35:12 | |
| failed(1) 11:6 | |
| failure(2) 13:17  13:24 | |
| fair(2) 4:15  28:24 | |
| fairly(2) 25:8  28:6 | |
| fall(1) 11:18 | |
| familiar(1) 24:3 | |
| fancy(1) 37:8 | |
| february(3) 1:13  3:1  41:16 | |
| fee(3) 30:20  31:9  32:22 | |
| feel(3) 30:22  33:25  36:2 | |
| feels(1) 34:7 | |
| fees(4) 28:13  31:24  32:6  32:13 | |
| felt(5) 6:18  7:25  8:2 | |
| figure(1) 17:17 | |
| file(4) 10:4  14:21  15:8  20:2 | |
| filed(16) 3:6  3:13  9:12  9:25  11:10  14:20  14:21  14:23  17:22  20:24  21:1  21:3  23:20  24:22  37:22  37:25 | |
| files(1) 13:12 | |
| filing(2) 6:6  17:20 | |
| fill(1) 22:25 | |

| Word | Page:Line |
|---|---|
| finalized(1) 4:12 | |
| finally(1) 20:3 | |
| financial(3) 24:5  30:4  30:9 | |
| financing(3) 31:2  31:4  35:15  35:17 | |
| find(2) 9:6  32:5 | |
| finding(3) 32:6  32:10  32:22 | |
| fine(5) 8:8  20:5  38:3  38:5  39:13 | |
| firm(3) 9:20  12:22  25:7 | |
| first(10) 7:11  11:1  11:13  16:25  17:15  21:18  23:12  24:1  37:25  38:10 | |
| fits(1) 34:23 | |
| floor(1) 16:23 | |
| following(4) 15:22  36:19  36:23  36:25 | |
| forced(1) 28:12 | |
| foregoing(1) 41:11 | |
| forgive(1) 27:12 | |
| form(4) 6:23  6:25  9:6  21:11 | |
| formal(1) 34:18 | |
| forman(1) 1:28 | |
| forward(2) 4:13  40:24 | |
| found(2) 14:6  31:5 | |
| four(1) 20:9 | |
| frankly(2) 10:3  17:9 | |
| free(1) 33:25 | |
| frequently(1) 25:6 | |
| freres(2) 2:25  10:13 | |
| friday(2) 3:1  18:5 | |
| full(1) 22:6 | |
| fully(1) 28:9 | |
| function(1) 30:11 | |
| funds(1) 7:24 | |
| further(8) 4:11  6:23  7:10  10:2  17:7  23:7  31:6  40:7 | |
| future(2) 22:19 | |
| gave(2) 7:22  34:9 | |
| generally(1) 29:24 | |
| get(7) 17:3  31:23  33:10  34:1  35:10  35:24  37:9 | |
| gets(2) 17:4  25:14 | |
| getting(2) 29:17  31:20 | |
| give(2) 15:6  15:17  31:22  39:6  39:11 | |
| given(2) 31:25  38:22 | |
| global(1) 38:18 | |
| goes(3) 10:2  17:1  23:7 | |
| going(12) 3:25  10:15  12:9  12:9  14:15  17:23  18:23  24:2  29:3  31:1  33:10  40:24 | |
| good(12) 3:3  3:4  4:6  4:8  6:12  9:22  10:8  16:18  20:14  23:4  29:8  40:17 | |
| goodness(1) 14:8 | |
| grant(1) 22:13 | |
| granted(1) 38:11 | |
| group(3) 10:22  36:9  38:13 | |
| guess(8) 18:12  24:12  25:4  25:10  25:18  29:1  32:1  40:23 | |
| guidance(1) 10:15 | |
| guy(1) 10:8  23:4 | |
| hac(2) 10:5  23:5 | |
| hadn't(1) 26:2 | |
| half(1) 31:9 | |
| hand(3) 21:10  21:10  40:3 | |
| handled(1) 27:15 | |
| happened(1) 14:1 | |
| happens(1) 14:19 | |
| happy(2) 7:6  9:19 | |
| harrisburg(1) 1:44 | |
| haven't(6) 25:13  27:22  27:23  28:22  33:21  34:10 | |
| having(4) 26:6  32:10  32:11  37:23 | |
| healthcare(4) 38:12  38:21  38:25  39:7 | |
| hear(3) 6:23  13:16  21:23 | |
| heard(6) 6:10  6:22  12:5  21:22  36:1  37:22 | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **hearing**(16) 9:18 9:19 10:6 10:13 11:12 12:12 15:24 17:3 17:17 18:23 23:6 36:24 37:15 38:22 41:8 41:9 | | **interest**(17) 11:3 11:24 17:10 18:17 18:20 24:19 25:23 26:7 26:11 26:21 27:5 27:6 27:11 27:16 29:3 32:7 32:12 | | **landis**(19) 2:4 2:5 3:21 20:14 20:15 20:15 20:18 20:24 21:9 21:13 21:24 22:3 22:14 22:23 23:11 26:9 26:16 26:19 29:17 | | **majority**(1) 23:23 | |
| **heart**(1) 28:25 | | **interested**(3) 13:6 17:13 27:13 | | **language**(1) 22:15 | | **make**(10) 3:6 4:24 9:5 14:3 18:25 19:14 20:5 24:8 31:18 39:17 | |
| **helpful**(5) 10:14 12:13 12:17 23:15 28:19 | | **interesting**(1) 29:10 | | **lantry**(11) 1:23 3:5 3:25 4:6 4:7 4:9 4:20 6:25 7:4 8:9 8:20 9:10 19:22 19:22 20:7 20:9 37:18 37:21 39:19 39:25 40:8 | | **maker**(1) 30:3 | |
| **hesitate**(1) 27:21 | | **interests**(2) 12:2 24:11 | | | | **makes**(2) 29:9 37:8 | |
| **hide**(1) 14:14 | | **interplay**(1) 29:11 | | | | **making**(1) 30:10 | |
| **higher**(2) 7:17 8:15 | | **interviewing**(1) 14:10 | | **large**(1) 12:19 | | **malpractice**(1) 20:22 | |
| **highest**(2) 7:14 7:17 | | **into**(1) 38:14 | | **largely**(1) 11:16 | | **management**(1) 3:9 | |
| **highlighting**(1) 14:11 | | **investigate**(1) 20:21 | | **larger**(3) 25:11 30:2 38:17 | | **manner**(1) 34:20 | |
| **highly**(1) 11:16 | | **investigation**(1) 21:6 | | **last**(6) 7:8 11:17 29:13 37:17 37:21 40:11 | | **many**(2) 15:5 25:21 | |
| **hire**(1) 35:11 | | **investment**(10) 23:2 24:4 26:4 26:5 30:1 30:11 31:1 31:14 33:14 35:23 | | **late**(2) 7:8 38:1 | | **march**(13) 3:9 16:5 16:7 18:10 36:23 36:25 37:2 37:22 38:15 39:1 39:5 39:7 40:23 | |
| **hiring**(1) 29:25 | | | | **lately**(1) 28:22 | | | |
| **his**(1) 9:21 | | | | **later**(1) 19:21 | | **mark**(1) 8:16 | |
| **hit**(1) 13:13 | | **involve**(3) 15:7 20:10 33:13 | | **latest**(1) 25:4 | | **market**(5) 1:10 2:6 30:3 30:10 31:1 | |
| **hits**(1) 8:16 | | **involved**(3) 5:24 29:5 32:7 | | **latter**(1) 11:8 | | **material**(1) 26:12 | |
| **hold**(1) 25:23 | | **involvement**(1) 35:13 | | **law**(5) 12:21 12:22 15:9 17:9 17:14 13:20 14:9 14:14 17:25 18:7 30:3 36:14 | | **matter**(19) 6:11 7:14 14:15 19:21 21:23 23:3 27:7 31:18 35:12 35:15 35:22 36:7 37:12 37:17 37:19 40:11 40:21 40:24 41:13 | |
| **holding**(1) 31:17 | | **involves**(1) 33:17 | | | | | |
| **holds**(2) 27:5 27:10 | | **involving**(1) 35:20 | | | | | |
| **holtz**(1) 22:1 | | **isn't**(2) 30:13 30:13 | | **lazard**(13) 2:25 9:12 9:14 10:12 11:6 11:9 | | **matters**(3) 4:2 19:17 29:21 | |
| **honor**(109) 3:17 4:2 4:6 4:9 4:20 5:2 6:4 6:12 6:25 7:5 8:9 9:10 9:17 10:1 10:9 10:11 10:13 11:7 11:12 11:22 12:4 12:8 12:14 12:17 12:18 13:10 14:22 15:23 15:25 16:16 16:18 16:20 17:16 17:16 17:19 17:21 18:11 18:15 18:19 18:22 19:5 19:10 19:19 19:22 20:7 20:10 20:14 20:17 20:23 21:6 21:24 22:23 23:12 23:17 23:19 23:20 23:24 24:1 24:4 24:12 24:16 24:20 26:9 26:12 26:19 26:20 26:21 27:16 27:17 27:20 27:25 28:2 28:3 28:5 28:9 28:24 29:1 29:8 29:9 29:16 30:17 31:3 33:1 33:8 33:21 34:2 34:4 34:7 34:14 34:16 34:19 34:25 35:3 35:5 35:8 36:13 36:24 37:1 37:4 37:5 37:13 37:18 37:21 38:11 39:16 39:25 40:8 40:17 41:5 | | **issue**(32) 7:9 10:14 10:20 10:21 11:1 12:21 13:3 15:4 16:4 16:20 17:6 19:9 24:1 24:1 24:3 24:14 26:12 27:22 28:3 28:3 29:2 29:10 29:12 29:15 29:23 30:14 30:17 31:21 32:21 33:10 34:11 35:1 | | **lazard's**(6) 10:22 11:14 16:20 16:24 17:14 18:25 | | **maybe**(1) 31:5 | |
| | | | | **lease**(1) 3:15 | | **mcdermott's**(1) 3:9 | |
| | | | | **least**(6) 12:21 22:11 25:6 25:11 27:17 29:11 | | **mcmahon**(38) 2:13 12:4 12:6 12:7 12:7 12:14 16:11 16:18 16:19 18:14 18:15 18:16 18:19 18:22 19:5 19:9 19:13 19:17 19:19 22:24 29:7 29:8 29:16 30:7 30:17 31:20 32:18 32:21 33:1 33:8 34:15 34:16 34:19 35:15 37:5 40:17 40:18 41:5 | |
| | | | | **lebuda**(18) 9:20 9:22 10:11 10:12 11:1 12:16 13:4 13:10 14:9 15:8 15:20 16:11 16:16 36:13 36:14 37:4 37:10 37:13 | | | |
| | | **issues**(20) 4:11 4:15 7:7 10:19 16:3 16:22 18:20 19:24 22:2 23:24 25:7 26:22 26:24 32:15 32:17 33:22 35:17 38:18 38:23 | | | | | |
| **honorable**(1) 1:17 | | | | **lebuda's**(1) 17:1 | | | |
| **honor's**(4) 3:7 5:4 5:21 24:3 | | | | **lebudda**(1) 2:26 | | **mcmeek**(1) 41:17 | |
| **hope**(3) 15:23 36:22 38:23 | | **item**(4) 3:19 20:19 22:23 22:25 | | **lectern**(2) 9:14 20:12 | | **mean**(5) 13:1 27:8 30:13 32:9 33:6 | |
| **hopeful**(1) 15:21 | | **items**(10) 3:5 3:8 3:12 3:21 4:9 8:10 18:18 20:10 20:16 37:23 | | **legal**(3) 29:10 31:13 34:5 | | **meaning**(1) 33:4 | |
| **host**(1) 16:21 | | | | **lemay**(5) 1:37 6:12 6:13 35:8 35:8 | | **means**(1) 27:23 | |
| **hour**(3) 7:13 8:15 17:18 | | | | **leonard**(1) 1:29 | | **media**(2) 10:22 14:11 | |
| **hour-and-a-half**(1) 17:18 | | **itself**(3) 5:14 5:20 14:3 | | **let**(7) 3:5 18:16 19:2 21:18 32:14 37:15 40:9 | | **meisel**(1) 1:28 | |
| **hour-and-half**(1) 16:6 | | **it's**(27) 4:15 4:23 9:5 9:17 10:14 11:8 11:24 12:17 14:7 14:9 23:1 24:2 24:8 24:8 25:15 26:9 27:15 27:16 28:6 28:6 30:17 30:20 32:24 32:25 35:18 35:18 35:22 | | | | **member**(3) 5:9 5:13 9:22 | |
| **housekeeping**(1) 37:19 | | | | **letter**(1) 25:1 | | **members**(2) 5:11 36:2 | |
| **however**(2) 12:3 15:17 | | | | **let's**(4) 30:1 36:6 36:12 36:12 | | **mentioned**(1) 22:4 | |
| | | | | **lexington**(1) 2:21 | | **mentioning**(1) 22:15 | |
| **identified**(1) 16:20 | | **i'd**(6) 21:9 21:10 34:3 35:10 35:24 36:6 | | **liability**(1) 5:25 | | **meolis's**(1) 34:23 | |
| **idiosyncrasy**(1) 38:25 | | **i'll**(6) 4:18 8:14 25:20 25:21 36:11 41:4 | | **liberty**(1) 34:21 | | **merely**(3) 6:14 15:17 28:7 | |
| **illinois**(1) 9:23 | | **i've**(4) 21:17 21:19 27:23 28:15 | | **lieu**(1) 29:17 | | **merit**(1) 11:7 | |
| **implication**(1) 33:12 | | **james**(1) 7:8 | | **light**(1) 31:10 | | **merits**(1) 39:22 | |
| **important**(1) 35:25 | | **jenner**(3) 8:21 8:22 9:2 | | **like**(25) 9:3 10:16 11:21 12:18 12:25 13:4 13:13 14:16 14:19 15:8 16:2 18:19 21:9 21:10 21:12 23:2 24:13 29:5 31:17 32:3 32:8 34:1 36:6 38:16 40:21 | | **mid-april**(1) 38:22 | |
| **inclined**(2) 19:2 24:12 | | **jenner's**(1) 8:25 | | | | **mid-january**(2) 17:20 17:24 | |
| **included**(1) 13:8 | | **jeremy**(5) 2:35 23:5 23:18 33:20 35:3 | | | | **mid-to-late**(1) 36:23 | |
| **indeed**(1) 14:18 | | **job**(1) 36:3 | | | | **midst**(1) 35:19 | |
| **indemnification**(1) 28:11 | | **johnson**(17) 2:35 23:5 23:14 23:17 23:18 27:15 27:20 27:25 28:2 28:24 33:20 33:20 34:2 34:13 35:3 35:3 41:6 | | **likely**(2) 10:21 31:4 | | **might**(5) 7:15 8:6 18:25 25:12 31:4 | |
| **indemnify**(1) 28:5 | | | | **limit**(1) 30:15 | | **million**(3) 30:20 31:9 32:7 | |
| **indemnity**(1) 28:5 | | | | **limitation**(2) 9:7 31:21 | | **millstein**(41) 11:10 15:22 16:14 18:8 | |
| **indicated**(1) 36:20 | | | | **limited**(9) 9:1 9:5 24:6 24:6 24:17 25:8 25:10 31:25 32:25 | | **millstein's**(1) 18:6 | |
| **indicates**(1) 13:8 | | **jones**(1) 19:23 | | | | **mind**(2) 26:2 26:18 | |
| **indicating**(1) 39:4 | | **joseph**(4) 2:13 12:7 16:19 40:17 | | | | **missed**(1) 27:23 | |
| **industry**(1) 14:12 | | **judge**(1) 1:18 | | **limiting**(2) 24:15 34:5 | | **misstatement**(1) 5:5 | |
| **inform**(1) 33:15 | | **judgment**(1) 30:23 | | **list**(7) 13:5 13:11 13:15 14:1 14:15 17:5 17:6 | | **modified**(1) 8:10 | |
| **informal**(2) 23:22 24:13 | | **judicial**(1) 8:3 | | | | **moelis**(19) 2:34 19:9 19:10 23:1 23:18 23:21 24:7 28:10 28:12 28:13 30:11 30:19 33:21 34:21 35:4 35:4 35:11 35:16 40:19 | |
| **informally**(1) 40:21 | | **jurisdiction**(1) 28:7 | | | | | |
| **information**(1) 7:23 | | **just**(25) 3:5 3:6 4:24 5:6 5:7 5:12 5:23 7:9 8:14 9:4 9:18 11:18 12:4 19:10 20:5 25:15 26:23 29:19 34:16 35:23 37:9 37:23 38:5 39:11 39:18 | | **literally**(1) 15:18 | | | |
| **informed**(1) 11:13 | | | | **litigated**(1) 29:12 | | | |
| **initially**(1) 14:23 | | | | **litigation**(3) 9:1 9:4 31:7 | | **moelis's**(6) 23:5 29:23 31:21 32:1 35:13 40:20 | |
| **input**(1) 27:14 | | | | **little**(4) 4:22 22:9 37:24 38:7 | | | |
| **inquiry**(1) 20:20 | | **kate**(1) 1:31 | | **llc**(1) 2:34 | | | |
| **instance**(1) 17:15 | | **kevin**(4) 1:17 1:23 4:6 19:22 | | **llp**(3) 1:22 1:36 2:4 | | **moment**(2) 4:23 37:19 | |
| **instances**(1) 24:6 | | **kind**(4) 3:18 9:15 30:14 36:3 | | **local**(2) 23:8 39:14 | | **money**(1) 30:21 | |
| **insulated**(2) 32:23 32:24 | | **king**(1) 2:14 | | **logistics**(1) 36:14 | | **more**(7) 7:13 11:5 15:2 16:22 22:10 36:21 40:4 | |
| **intelsat's**(2) 3:13 3:14 | | **kjc**(1) 1:4 | | **long**(1) 16:12 | | | |
| **intend**(1) 36:15 | | **know**(24) 12:22 12:23 13:23 14:18 15:15 16:7 19:2 21:6 24:24 25:13 25:18 25:21 26:22 27:12 28:15 28:16 29:19 30:10 30:22 31:2 32:5 34:23 35:9 39:21 | | **look**(2) 21:19 25:22 | | **moreover**(1) 14:7 | |
| **intent**(2) 5:15 22:20 | | | | **looked**(3) 11:23 26:2 26:25 | | **morgan**(11) 2:19 4:21 5:3 5:9 5:10 5:12 5:16 5:17 5:19 5:19 6:15 | |
| | | | | **looking**(1) 3:4 | | | |
| | | | | **lost**(1) 3:4 | | **morning**(10) 3:3 3:4 4:6 4:8 6:12 16:19 20:14 21:3 29:8 40:17 | |
| | | **knowing**(3) 12:16 13:17 13:24 | | **lot**(4) 7:23 14:4 28:16 28:17 | | | |
| | | **knowingly**(1) 11:6 | | **made**(5) 7:21 10:20 20:20 22:5 31:16 | | **most**(7) 4:1 5:5 12:18 13:4 13:19 25:6 25:14 | |
| | | **knowledge**(1) 17:4 | | **main**(1) 27:13 | | **mostly**(1) 25:14 | |
| | | **known**(2) 13:21 14:4 | | **major**(1) 11:25 | | | |
| | | **knows**(1) 13:20 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**motion**(22) 3:10 3:14 3:14 3:20 4:23 5:6 5:8 7:1 9:25 10:5 27:17 27:25 38:9 38:11 38:16 38:20 39:2 39:3 39:8 39:18 39:20 39:22
**motivation**(1) 40:1
**move**(6) 9:19 12:20 13:3 16:2 16:3 23:14
**moving**(2) 7:12 23:4
**much**(6) 15:5 16:9 16:9 21:12 28:18 41:7
**myself**(3) 25:14 32:3 34:10
**names**(2) 13:9 14:2
**nath**(2) 2:25 10:12
**nature**(1) 25:24
**necessarily**(2) 8:2 24:18
**necessary**(3) 9:18 15:25 35:25
**need**(14) 15:5 16:9 16:10 18:7 29:22 30:22 31:3 31:24 33:19 33:25 34:3 36:21 39:10 39:14
**needed**(4) 18:13 19:8 35:22 35:23
**needing**(1) 16:14
**needs**(1) 19:4
**neither**(1) 26:1
**neutral**(1) 32:8
**never**(1) 27:12
**new**(9) 1:39 2:22 2:22 2:37 9:23 14:16 17:5 24:9 29:4

**newspaper**(1) 10:23
**next**(9) 11:22 15:9 15:10 15:13 15:21 16:5 18:5 20:9 36:16

**night**(2) 7:8 37:21
**normally**(1) 41:3
**norman**(1) 1:30
**note**(1) 8:14
**notes**(1) 34:19
**nothing**(3) 14:14 22:16 37:8
**notice**(1) 5:5
**notion**(2) 15:6 17:3
**now**(14) 7:11 14:18 22:11 22:11 27:8 30:1 31:21 33:12 35:18 35:22 35:23 37:15 39:10 40:25

**number**(16) 3:12 3:19 3:19 3:21 4:1 4:21 7:4 7:9 8:20 9:2 9:11 16:25 19:23 20:19 36:7 36:12

**objection**(10) 9:12 12:12 13:2 17:22 24:13 34:18 39:1 39:4 39:6 39:20

**objections**(3) 10:17 23:20 24:22
**objector**(1) 32:17
**obligation**(1) 17:14
**obligations**(1) 17:8
**observation**(1) 29:10
**obviously**(1) 26:22
**occur**(1) 30:1
**occurs**(1) 31:6
**off**(3) 5:10 34:21 35:5
**offhand**(1) 25:4
**office**(6) 2:11 16:23 17:6 24:9 24:17 28:17
**officers**(1) 9:3
**officially**(1) 11:18
**often**(1) 32:15
**okay**(14) 3:11 8:8 9:16 13:3 19:16 27:19 29:7 31:12 31:20 33:10 33:18 33:24 37:10 39:23

**omnibus**(5) 3:15 16:1 16:5 19:3 36:24
**once**(2) 4:18 28:6
**one**(19) 1:24 4:22 7:16 10:19 11:8 12:3 14:13 14:19 16:14 19:5 19:9 28:2 30:2 31:4 35:12 36:21 37:19 38:1 39:19
**ones**(3) 25:6 35:10 36:4
**only**(7) 5:22 16:14 17:21 23:6 23:24 27:16 33:5
**open**(1) 24:18
**operating**(1) 35:20

**opine**(1) 39:10
**opinion**(1) 29:13
**opportunity**(4) 21:17 24:14 25:8 29:5
**optimistic**(1) 15:16
**order**(18) 6:24 7:1 7:2 8:10 8:12 8:19 8:25 9:6 9:9 20:1 21:11 22:20 34:1 37:8 39:5 39:7 39:9 39:15

**orders**(9) 3:16 3:18 3:23 4:12 4:18 20:17 22:15 22:17 24:4

**other**(21) 4:23 5:22 8:16 9:3 11:25 14:24 16:7 16:21 17:10 17:11 19:2 19:17 24:21 24:22 26:6 26:11 28:2 32:9 33:12 38:18 40:3
**others**(3) 25:17 28:19 29:18
**otherwise**(1) 39:24
**ouch**(1) 8:8
**ought**(3) 25:10 25:11 36:10
**our**(20) 3:7 3:14 11:5 16:12 16:22 17:5 17:17 17:19 17:22 21:1 24:8 24:16 24:22 29:24 30:10 30:18 30:21 31:22 32:1 32:1
**ourselves**(1) 32:5
**out**(25) 9:18 14:10 17:12 17:24 19:8 21:12 25:1 25:11 25:14 25:15 27:17 30:25 31:6 32:1 32:8 33:14 34:4 34:6 35:6 36:7 36:18 38:24 39:9 39:18 41:4

**outside**(3) 17:12 18:25 40:22
**outstanding**(1) 23:24
**over**(4) 4:24 16:8 20:12 21:25
**overall**(1) 31:13
**overcomes**(1) 13:1
**oversight**(1) 30:8
**own**(1) 10:2
**o'clock**(1) 37:3
**paid**(2) 28:13 28:21
**papers**(1) 17:20
**paragraph**(1) 5:8
**park**(2) 6:13 20:18
**parke**(1) 1:36
**part**(6) 5:17 5:19 16:12 18:2 27:1 33:15
**participating**(2) 6:19 8:23
**parties**(18) 10:15 13:6 14:16 14:20 14:25 17:10 17:13 20:1 22:10 22:10 27:22 29:5 32:7 32:11 33:18 35:13 40:10 41:4

**parties'**(2) 19:4 26:11
**partner**(4) 7:8 7:14 7:18 9:21
**parts**(1) 7:12
**party**(4) 10:4 24:19 24:21 29:3
**pass**(2) 9:13 28:17
**past**(1) 25:12
**pattern**(1) 7:23
**pause**(2) 21:16 40:15
**pay**(3) 8:4 36:5 38:12
**payments**(2) 7:21 7:24
**pending**(2) 9:1 9:4
**pennsylvania**(1) 1:44
**people**(2) 5:5 5:11
**per**(1) 8:15
**perfectly**(1) 34:13
**perhaps**(4) 15:21 34:22 36:23 36:25
**period**(1) 38:17
**permit**(1) 37:6
**pernick**(13) 1:30 3:4 3:12 3:17 3:25 4:4 9:17 10:1 10:8 10:9 23:4 29:18 39:16

**person**(2) 27:4 27:5
**personal**(1) 17:4
**person's**(1) 27:3
**perspective**(5) 5:7 8:2 11:5 17:19 30:18
**petition**(1) 38:14
**phonetic**(1) 11:11
**phrasing**(1) 33:2
**piper**(4) 2:34 23:6 23:7 23:18
**plan**(1) 35:17
**play**(2) 30:12 31:6

**plays**(1) 30:25
**plaza**(1) 1:38
**point**(9) 7:16 11:13 12:3 12:16 17:9 25:14 29:1 29:24 35:24

**pointed**(1) 14:10
**points**(3) 23:4 27:17 29:9
**policy**(5) 24:9 29:4 31:14 32:2 32:3
**polk**(2) 2:19 5:3
**position**(6) 6:15 18:10 29:21 31:8 31:12 39:21

**positioning**(1) 15:4
**possible**(2) 28:18 35:20
**possibly**(2) 28:21 35:16
**potential**(2) 12:25 13:5
**ppearances**(2) 1:20 2:1
**practices**(1) 33:14
**pre**(1) 38:13
**pre-petition**(1) 40:3
**precedent**(2) 24:5 34:5
**precipitated**(1) 26:1
**preclusive**(1) 32:10
**prefer**(1) 29:20
**preferential**(1) 7:25
**prejudice**(1) 22:17
**preliminary**(1) 34:9
**prepared**(6) 13:5 22:12 24:8 24:11 29:21 36:4

**present**(1) 16:6
**presentation**(2) 16:25 17:17
**press**(2) 14:5 14:7
**pretty**(1) 25:7
**previous**(1) 10:22
**previously**(1) 13:22
**principal**(2) 4:16 7:12
**prior**(2) 6:2 11:3
**pro**(2) 10:5 23:5
**probably**(6) 5:5 9:13 22:14 23:7 23:9 24:3
**problem**(1) 13:14
**procedural**(2) 38:8 39:13
**procedurally**(1) 12:10
**proceed**(4) 10:16 12:9 17:24 34:25
**proceeding**(2) 17:16 34:20
**proceedings**(9) 1:16 1:47 7:16 7:22 21:16 25:7 40:14 40:15 41:13

**process**(3) 10:2 15:11 17:19
**produce**(2) 15:22 18:3
**produced**(5) 1:48 13:20 15:10 15:13 17:25
**producing**(1) 15:11
**production**(1) 36:16
**productively**(1) 9:19
**professional**(7) 26:4 27:3 27:4 27:7 28:20 29:21 30:15

**professionals**(5) 13:5 15:1 20:11 22:16 22:19

**professionals'**(2) 17:13 20:21

**progress**(1) 10:20
**proposal**(2) 34:23 40:24
**propose**(1) 4:13
**proposed**(4) 23:1 30:3 30:8 34:24
**provide**(2) 23:22 40:2
**provided**(1) 8:1
**providing**(1) 24:5
**province**(1) 17:12
**provision**(1) 37:8
**prudent**(1) 8:3
**public**(2) 14:4 17:11
**publicized**(1) 11:16
**publicly**(2) 14:4 35:19
**published**(1) 29:13
**purity**(1) 33:4
**purpose**(1) 9:19
**purposes**(3) 23:6 23:13 36:10
**pursue**(1) 20:21

**pursuit**(1) 21:6
**push**(2) 19:10 29:3
**pushed**(1) 16:8
**put**(1) 37:7
**pwc**(1) 4:10
**question**(10) 18:24 25:18 25:19 26:2 26:17 27:12 30:23 31:14 31:25 32:15

**questions**(3) 4:18 21:21 41:4
**quickly**(1) 29:9
**quite**(3) 8:21 17:9 35:25
**raise**(2) 27:21 31:13
**raised**(5) 10:17 19:24 22:2 26:17 29:24
**raises**(1) 11:2
**ran**(3) 13:11 14:2 17:6
**rate**(4) 7:14 7:15 7:17 8:17
**rates**(1) 8:15
**rath**(6) 2:4 20:15 20:18 20:24 21:13 22:3
**rath's**(1) 3:21
**reach**(3) 18:4 40:25 41:4
**reached**(2) 8:23 22:11
**read**(2) 12:13 27:8
**reading**(1) 39:17
**ready**(1) 18:10
**reaffirmed**(1) 25:2
**really**(1) 26:2
**realm**(1) 34:6
**reason**(3) 17:21 18:9 18:24
**reasonable**(4) 31:9 32:6 32:22 34:13
**receive**(1) 24:20
**received**(1) 7:24
**recent**(1) 32:3
**recently**(2) 11:18 25:1
**recess**(5) 37:16 40:10 40:12 40:13 41:8
**record**(7) 5:7 20:15 23:18 34:18 34:22 35:5 37:9

**recorded**(1) 1:47
**recording**(2) 1:47 41:12
**records**(2) 3:7 17:11
**recuse**(2) 5:14 5:20
**recused**(1) 6:18
**referred**(1) 35:15
**reflect**(1) 8:10
**reflected**(1) 8:24
**regard**(4) 4:21 7:4 8:20 21:5
**regarding**(2) 29:10 33:22
**regularly**(1) 30:14
**rejection**(1) 3:15
**relates**(1) 10:21
**relief**(3) 22:13 38:3 39:5
**relieved**(1) 5:25
**remain**(1) 23:24
**remaining**(2) 37:17 40:11
**remains**(1) 29:2
**remember**(1) 28:20
**removed**(1) 6:6
**report**(3) 7:6 35:2 40:22
**reported**(5) 13:9 13:12 14:3 14:7 35:19
**reporting**(1) 14:15
**reports**(1) 14:5
**represent**(4) 10:5 26:6 26:10 35:9
**representation**(4) 8:25 9:5 17:2 25:25
**representational**(2) 12:24 12:25
**representations**(4) 19:14 22:5 25:10 30:16
**representative**(1) 18:7
**represented**(2) 13:22 14:13
**representing**(2) 5:3 13:21
**represents**(2) 9:2 27:5
**request**(4) 17:24 18:12 24:21
**requested**(2) 22:13 38:3
**requests**(1) 23:22
**require**(3) 8:16 11:4 40:2
**required**(3) 17:11 23:9 39:24
**requirements**(1) 29:6
**requiring**(1) 34:6
**reserved**(1) 16:6

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

resolution(6) 8:23 15:4 17:23 22:10 24:23 40:24
resolve(4) 10:19 23:23 35:1 36:10
resolved(9) 4:2 4:11 4:14 4:16 7:6 19:25 20:3 25:15 36:22
respect(26) 6:16 17:21 18:8 18:17 19:15 21:2 21:5 22:23 22:25 23:21 26:3 26:22 27:6 27:18 28:4 28:19 28:20 29:21 29:23 30:23 33:22 34:20 35:7 35:16 35:17 40:18
respectively(1) 27:11
response(3) 6:23 21:23 27:24
responsive(2) 17:25 18:1
rest(1) 32:11
restructuring(2) 16:4 30:20
resume(1) 40:14
retail(1) 11:25
retain(5) 10:2 20:20 22:18 23:8 23:10
retaining(1) 24:4
retention(11) 3:9 3:22 3:22 10:18 10:18 16:3 16:22 22:6 22:15 23:1 23:21
retentions(2) 20:17 25:2
return(2) 36:7 36:12
review(19) 21:18 21:25 24:2 24:6 24:6 24:10 24:15 24:17 25:21 29:3 31:16 31:25 32:3 32:23 32:24 32:25 33:5 33:6 34:3
reviewed(1) 21:19
revised(3) 8:12 8:25 20:1
right(31) 4:17 5:1 5:22 6:8 6:21 7:2 9:24 13:7 13:10 16:15 18:14 19:20 20:8 20:13 21:14 21:17 21:19 22:22 23:16 26:16 28:9 29:14 35:18 35:22 35:23 37:7 37:11 37:14 40:6 40:9 41:7
rights(1) 22:18
rise(3) 3:2 40:16
rockefeller(1) 1:38
role(6) 6:17 30:11 31:1 35:16
rosenthak(2) 2:25 10:12
roughly(1) 38:22
routine(1) 10:18 16:22
rueger(3) 2:27 9:21 9:23
rule(3) 17:8 25:1 39:14
rules(2) 23:11 38:1
run(4) 4:1 15:1 37:23 39:11

securities(1) 5:11
seek(1) 22:18
seeking(4) 9:1 24:10 30:19 35:11
seeks(1) 22:17
seems(3) 24:22 33:12 33:15
sees(1) 16:22
sense(1) 14:4
sent(1) 17:24
september(1) 11:17
serious(2) 11:5 11:8
seriously(1) 11:9
service(1) 1:42 1:48
services(2) 1:42 27:2
set(3) 19:2 36:3 39:18
settle(1) 10:21
seven-and(1) 30:19
seven-and-a(1) 31:8
several(6) 10:17 10:18 11:24 23:22 24:4 28:7
shakes(1) 34:4
short(3) 15:9 25:5 36:8
shorten(2) 39:18 39:21
shortening(4) 38:1 38:4 38:10 39:10
should(11) 6:18 6:19 13:21 13:22 22:18 27:8 27:9 31:14 31:15 31:15 35:13
show(1) 24:14
sidley(5) 1:22 4:7 7:4 7:12 7:21
signed(4) 3:16 7:3 8:19 9:9
significant(3) 10:20 16:20 35:20
similar(1) 22:2
simply(3) 14:15 26:6 26:10
since(2) 7:1 10:5
single(1) 32:17
sir(2) 10:10 12:7
sitting(1) 31:5
situation(1) 31:24
skill(1) 36:3
slight(2) 5:4 38:25
small(1) 4:22
some(17) 7:15 7:20 9:1 13:24 14:18 17:25 19:1 19:25 23:3 24:5 25:11 29:4 38:5 38:17 38:18 39:6 40:1
somehow(2) 13:17 13:23
something(11) 4:22 14:7 14:9 16:12 19:8 24:11 27:23 31:2 35:6 37:9 38:7
sometimes(5) 13:14 25:15 25:16 25:16 30:15
somewhere(1) 29:19
sonnenschein(3) 2:25 9:20 10:12
soon(1) 15:23
sophisticated(2) 30:4 30:9
sorry(1) 12:20 18:19
sort(1) 29:4
sound(1) 1:47 41:12
sounds(2) 12:25 34:13
source(1) 31:4
south(2) 1:24 2:29
speak(1) 21:25
specifically(2) 6:16 26:3
spelled(1) 39:9
splitting(1) 32:10
spoke(1) 38:4
spoken(1) 25:3
stage(2) 8:4 30:23
stand(3) 36:15 40:12 41:8
standard(3) 26:8 26:10 26:20
standing(1) 9:22
starting(1) 4:1
state(1) 9:22
stated(2) 4:23 6:14
statement(1) 25:22
states(6) 1:1 1:18 2:11 5:12 37:6 40:18
status(2) 9:15 10:13
statutory(1) 36:3

stay(1) 9:2
step(2) 18:25 19:8
stephanie(1) 41:17
stick(1) 29:19
stickles(1) 1:31
still(2) 13:17 29:2
stop(1) 39:1
street(5) 1:10 1:32 1:43 2:6 2:14
strikes(1) 12:21
structure(1) 32:22
subject(6) 10:24 18:3 19:25 24:5 31:16 32:25
submission(1) 19:25
submit(1) 39:3
submitted(4) 4:4 4:18 7:7 25:25
submitting(1) 26:23
subsidiary(1) 35:21
substance(1) 38:10
substantial(1) 30:20
substantive(1) 17:3
such(7) 7:15 19:3 27:2 27:4 27:7 28:15 32:13
suggest(1) 20:2
suggests(1) 32:4
suite(3) 1:32 2:6 2:14
summarize(1) 7:9
sun(8) 10:22 10:23 11:3 11:14 13:22 14:13 14:19 14:22
supplement(2) 11:10 21:1
supplemental(15) 7:7 7:11 8:11 10:25 13:7 14:20 14:24 15:22 20:6 20:24 21:2 21:18 21:20 22:1 26:23
supplementary(1) 20:1
support(2) 8:17 8:17
supports(2) 38:2 39:3
sure(7) 3:7 9:5 9:17 10:4 20:5 34:2 39:17
suspect(1) 23:7
sustain(1) 24:12
system(2) 13:12 15:18
take(13) 5:17 5:19 9:24 10:6 17:17 21:18 24:14 28:25 33:11 34:6 34:21 36:8 40:9
taken(1) 40:13
takes(1) 11:9
taking(3) 5:4 5:21 18:6
talk(2) 36:9 38:17
talked(2) 33:18 38:2
talking(4) 5:8 15:14 36:17 38:15
team(1) 11:19
tech(1) 34:17
technical(1) 5:7
tell(3) 25:4 29:11 29:14
term(2) 15:17 30:7
terminated(2) 11:18 38:13
terms(11) 7:17 7:23 9:14 15:4 15:15 17:16 17:18 29:20 34:20 36:17 37:23
than(5) 4:23 7:13 7:17 16:7 19:2
thank(39) 3:17 3:25 4:3 4:17 4:20 5:1 6:8 6:9 6:21 8:18 9:9 9:10 10:9 10:11 12:14 12:15 14:8 16:15 16:16 16:18 18:14 18:15 19:5 19:18 19:19 20:8 20:13 21:14 21:15 21:24 23:17 27:24 27:25 36:13 37:14 40:6 41:5 41:6 41:7
that's(1) 11:19
that's(25) 3:9 3:13 7:18 8:6 8:8 10:3 11:1 11:9 13:25 14:5 20:5 22:13 24:7 24:11 26:11 28:4 28:10 28:24 30:8 30:17 33:6 33:25 35:4 37:5 39:18
their(10) 6:17 7:17 8:2 10:2 13:11 13:12 14:2 18:2 29:19 36:3
therefore(2) 8:4 13:9

there's(12) 7:9 22:2 24:15 24:25 24:25 27:20 28:16 33:5 33:5 34:5 34:17 38:7
they'll(1) 23:9
they're(7) 10:1 12:1 23:13 24:10 35:17 36:4 39:12
thing(2) 5:22 39:19
things(3) 16:24 28:17 36:10
think(39) 4:15 5:18 9:13 10:1 10:14 10:21 12:17 13:19 16:9 16:11 17:1 20:23 22:5 22:14 22:24 23:13 24:2 24:25 25:3 26:1 26:21 27:17 28:6 28:22 29:16 30:7 31:7 31:13 33:19 34:2 34:4 34:5 34:6 34:24 35:12 37:4 37:17 38:22 39:16
thinking(1) 36:24
third(1) 25:3
thomas(2) 9:20 10:11
thought(5) 10:6 12:8 18:24 35:10 35:24
three(1) 22:16
through(14) 3:5 3:8 3:12 3:12 4:1 4:13 11:17 12:18 13:11 14:2 14:15 15:1 15:16 28:17
throughout(1) 14:25
thursday(1) 37:2
ties(1) 11:19
time(19) 5:4 5:21 7:15 14:17 15:5 16:6 16:8 16:9 16:9 17:7 17:9 19:2 22:25 27:2 37:1 38:1 38:4 38:10 38:17 39:10
times(9) 10:22 10:23 11:3 11:14 13:22 14:13 14:19 14:22 28:7
today(11) 4:2 5:4 17:23 18:18 23:8 23:25 29:17 31:9 32:22 33:11 37:17
today's(1) 23:13
together(1) 37:7
tom(2) 2:26 36:13
took(2) 13:11 14:1
tools(1) 36:2
topic(1) 25:14
total(1) 28:13
tower(1) 2:28
transaction(4) 6:20 35:20 35:21 35:22
transactions(1) 5:20
transcript(4) 1:16 1:48 29:18 41:12
transcription(2) 1:42 1:48
transcriptionist(1) 41:19
tribune(1) 1:7 15:18 28:9
trustee(47) 2:11 2:12 4:11 4:15 7:6 7:19 7:20 7:22 7:25 8:7 8:22 9:4 9:13 9:14 10:17 11:2 11:14 12:18 15:11 16:19 17:10 19:24 20:4 20:20 20:25 21:4 21:12 22:21 23:22 24:7 24:9 24:13 24:18 25:16 25:20 28:18 29:1 29:2 31:22 32:9 33:3 35:6 37:6 38:4 39:12 39:19 40:18
trustee's(13) 9:6 11:21 12:11 13:2 13:15 13:16 15:14 16:13 21:4 22:4 22:17 25:9 36:19
try(2) 23:3 28:17
trying(2) 14:14 30:14
turn(2) 4:24 20:12
two(7) 7:12 11:4 23:24 37:22
two-day(1) 39:6
type(4) 12:24 12:25 20:22 33:22
types(1) 21:5
typically(1) 25:12
u.s.(49) 4:11 4:15 7:5 7:18 7:20 7:22 7:24 8:7 8:22 9:4 9:6 9:12 9:14 9:16 11:2 11:13 11:21 12:11 13:1 16:19 17:10 19:24 20:4 20:20 20:25 21:4 21:12 22:4 22:17 22:21 23:21 24:7 24:9 24:13 24:18 25:9 25:15 25:20 28:18 28:25 29:2 31:22 32:9 33:3 35:6 38:4 39:12 39:19
ultimate(1) 39:8
ultimately(1) 36:4

| Word | Page:Line | Word | Page:Line |
|------|-----------|------|-----------|
| **unaware**(1) 28:16 | | **what**(42) 6:15 7:1 11:23 12:18 13:2 13:25 | |
| **under**(8) 4:19 22:12 26:6 27:3 31:16 | | 14:19 15:3 15:5 15:6 16:7 17:1 17:12 | |
| 32:23 38:20 39:14 | | 18:8 22:2 23:2 25:4 25:13 25:18 26:5 | |
| | | 27:9 30:10 30:11 30:12 30:18 31:6 31:7 | |
| **underlying**(4) 38:2 38:20 38:23 39:22 | | 31:18 31:19 32:9 32:19 33:3 33:6 33:9 | |
| **understand**(6) 13:2 15:19 22:10 25:9 | | 33:14 33:25 36:20 36:20 37:17 38:19 | |
| 33:10 40:6 | | 38:20 40:21 | |
| | | | |
| **understanding**(5) 5:23 17:8 24:8 26:20 | | **whatever**(2) 18:3 18:4 | |
| 34:25 | | **what's**(4) 18:23 26:7 29:14 36:7 | |
| | | **whereupon**(1) 41:9 | |
| **undoubtedly**(1) 14:24 | | **whether**(8) 15:25 24:2 30:25 31:7 31:8 | |
| **unique**(1) 38:8 | | 32:21 33:16 36:9 | |
| **uniqueness**(1) 37:24 | | | |
| **united**(6) 1:1 1:18 2:11 13:14 37:6 40:18 | | **whichever**(1) 27:11 | |
| **unlikely**(1) 28:8 | | **while**(2) 8:13 38:17 | |
| **unrelated**(1) 11:15 | | **who**(7) 5:11 17:4 29:14 35:10 36:5 38:2 | |
| **unresolved**(1) 23:25 | | 38:13 | |
| **until**(5) 7:15 31:5 31:6 38:22 39:7 | | | |
| **upon**(3) 5:23 25:24 36:20 | | **whole**(1) 14:3 | |
| **use**(1) 12:23 | | **why**(5) 10:3 11:9 14:23 17:21 39:18 | |
| **used**(1) 30:7 | | **will**(27) 4:4 5:13 5:18 5:20 7:13 8:16 9:1 | |
| **using**(1) 32:3 | | 9:24 10:2 11:10 15:1 15:1 15:9 15:12 | |
| **ust**(1) 14:5 | | 15:14 19:13 19:14 22:8 23:7 29:11 30:12 | |
| **usual**(1) 38:1 | | 33:11 35:14 36:4 38:24 40:12 41:8 | |
| **usually**(3) 25:20 27:23 33:17 | | | |
| **value**(1) 32:8 | | **willful**(3) 12:17 13:17 13:24 | |
| **various**(5) 15:10 15:15 20:11 20:21 36:17 | | **willfully**(1) 11:6 | |
| **vast**(1) 23:23 | | **willing**(3) 18:1 31:22 34:8 | |
| **vice**(1) 23:5 | | **wilmington**(5) 1:11 1:33 2:7 2:15 3:1 | |
| **view**(6) 8:14 24:22 25:9 29:24 34:9 35:25 | | **within**(2) 18:9 23:12 | |
| **virtue**(1) 32:17 | | **without**(2) 17:1 36:3 | |
| **vote**(2) 5:15 5:20 | | **witness**(1) 16:14 | |
| **voting**(1) 6:19 | | **witnesses**(1) 15:5 | |
| **wacker**(1) 2:29 | | **won't**(1) 25:19 | |
| **wage**(1) 38:11 | | **word**(1) 32:3 | |
| **waive**(1) 8:5 | | **words**(1) 32:9 | |
| **walk**(1) 12:17 | | **work**(17) 10:22 11:3 11:6 11:14 11:17 | |
| **walled**(1) 5:10 | | 11:20 11:22 14:11 14:22 15:16 16:3 35:6 | |
| **want**(7) 15:16 15:25 19:7 21:25 23:7 | | 35:22 35:23 36:18 37:4 38:24 | |
| 24:18 34:11 | | | |
| | | **worked**(2) 21:12 36:7 | |
| **wanted**(8) 4:24 5:6 5:23 9:4 37:23 38:5 | | **working**(4) 7:5 20:2 30:3 30:9 | |
| 39:11 39:17 | | **would**(51) 4:13 7:16 9:13 10:6 10:16 11:4 | |
| | | 11:21 12:13 12:22 15:6 15:8 15:23 15:25 | |
| **wants**(1) 16:13 | | 16:1 16:2 16:13 16:21 17:17 18:2 18:2 | |
| **wardwell**(2) 2:19 5:3 | | 18:6 18:12 20:2 23:2 23:15 24:16 24:17 | |
| **wasn't**(5) 13:9 13:17 14:23 17:5 40:3 | | 26:12 26:20 28:11 28:12 28:12 29:4 29:19 | |
| **way**(8) 10:4 17:20 19:3 25:5 26:14 32:15 | | 31:18 31:19 32:5 32:12 32:19 32:21 34:24 | |
| 34:25 36:12 | | 36:2 36:22 37:4 37:7 38:14 38:16 38:19 | |
| | | 40:21 41:1 41:3 | |
| **week**(14) 11:22 15:9 15:10 15:13 15:21 | | | |
| 15:22 17:22 36:16 36:19 36:23 36:23 | | **wouldn't**(3) 5:5 16:12 28:9 | |
| 36:24 36:25 36:25 | | **written**(2) 9:25 25:13 | |
| | | **yeah**(2) 22:8 27:15 | |
| **welcome**(2) 10:10 23:16 | | **year**(1) 29:13 | |
| **well**(32) 3:24 4:5 8:22 9:8 10:9 11:11 | | **yet**(3) 4:12 30:6 30:12 | |
| 11:20 12:11 12:20 14:8 14:9 15:3 15:8 | | **york**(6) 1:39 2:22 2:22 2:37 9:23 17:5 | |
| 16:11 17:5 18:16 19:18 23:16 24:24 24:25 | | **you'd**(2) 31:17 34:1 | |
| 25:18 29:16 30:6 30:7 30:13 30:22 32:14 | | **you'll**(2) 13:16 16:10 | |
| 32:14 32:21 33:3 34:9 36:6 | | **you're**(5) 8:13 10:8 13:2 31:20 33:6 | |
| | | **you've**(1) 38:22 | |
| **went**(2) 11:16 12:18 | | **"unrelated"**(1) 17:2 | |
| **were**(20) 3:13 3:18 7:21 12:8 14:24 22:2 | | | |
| 22:24 23:20 24:22 31:17 31:23 31:25 32:4 | | | |
| 32:6 35:1 38:1 38:3 38:5 38:13 38:19 | | | |
| | | | |
| **west**(1) 1:32 | | | |
| **we'd**(5) 24:13 29:5 34:8 38:8 39:3 | | | |
| **we'll**(5) 17:6 19:20 28:24 34:11 35:5 | | | |
| **we're**(10) 12:9 15:15 15:20 17:25 24:11 | | | |
| 31:8 31:9 31:22 32:8 35:10 | | | |
| | | | |
| **we've**(9) 11:13 11:23 13:20 14:12 21:11 | | | |
| 23:23 24:3 27:15 36:1 | | | |