IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTICE OF AGENDA OF MATTERS SCHEDULED
FOR HEARING ON APRIL 19, 2010 AT 11:00 A.M.
BEFORE THE HONORABLE KEVIN J. CAREY**

Any party who wishes to appear telephonically at the hearing
must contact COURTCALL, LLC at 866-582-6878 to register to participate.

## ADJOURNED MATTERS

1. Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed February 20, 2009) (Docket No. 438)

    Objection Deadline: March 5, 2009 at 4:00 p.m.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-6283181v1

On consent of the parties, the Objection Deadline was further extended to 4:00 p.m. on June 18, 2009 for the Debtors.

Responses Received:

(a) Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 3, 2009) (Docket No. 465)

(b) Joinder of the Official Committee of Unsecured Creditors in the Debtors' Objection to the Motion of Allen Francisco for Relief from Stay Under Section 362 of the Bankruptcy Code (Filed March 5, 2009) (Docket No. 475)

(c) Order Approving Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with a Pretrial Settlement Conference with Respect to a Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Entered November 25, 2009) (Docket No. 2652)

(d) Order Approving Stipulation Modifying the Automatic Stay to Permit Debtor Chicago Tribune Newspapers, Inc. and Allen Francisco to Proceed with Certain Limited Discovery with Respect to Personal Injury Action Against Chicago Tribune Newspapers, Inc. (Entered January 27, 2010) (Docket No. 3237)

Status: On consent of the parties, this matter is adjourned to the June 16, 2010 hearing to allow the parties additional time to complete discovery. This matter will not be going forward.

2. Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2560)

Related Document(s):

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2684)

(b) Order Sustaining Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3012)

Response Deadline: December 8, 2009 at 4:00 p.m.

46429/0001-6283181v1

Responses Received:

 (a) Response by Claudia Sanzeri to Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims (Filed December 8, 2009) (Docket No. 2765)

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. This matter is adjourned to the May 18, 2010 hearing as to the claim of Claudia Sanzeri. This matter will not be going forward.

3. Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Related Document(s):

 (a) Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

 (b) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

 (c) Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

 (a) Response by Karolyn M. Walker to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2739)

 (b) Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

 (c) Informal Response received from GE Capital Fleet Services

Status: The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection. In addition, (i) the Objection was withdrawn with respect to Claim No. 501 of Chris Parker, (ii) Claim No. 2998 of Marc Silver was withdrawn, and (iii) Claim No. 5606 of Personal Plus, Inc. was resolved. This matter is adjourned to the May 18, 2010 hearing as to the claims of (i) GE Capital Fleet Services, (ii) Karolyn M. Walker and (iii) Robby S. Wells. This matter will not be going forward.

4. Application for an Order Modifying the Scope of the Retention of Lazard Frères & Co. LLC to Include Investment Banking and Financial Advisory Services Relating to Certain Transactions Pursuant to 11 U.S.C. §§ 327(a), 328(a), and 1107 (Filed April 1, 2010) (Docket No. 3920)

Objection Deadline: April 12, 2010 at 4:00 p.m.
On consent of the parties, the Objection Deadline is extended to April 15, 2010 for the Official Committee of Unsecured Creditors.

Responses Received: None.

Status: The Debtors received an informal inquiry from the Creditors' Committee and have extended the objection deadline for the Creditors' Committee to respond to the Application. No other responses or objections were received to the Application. The Debtors and Lazard continue to work towards a consensual resolution of the Creditors' Committee's concerns and the Debtors anticipate filing a proposed order under certification of counsel. This matter is adjourned to the May 18, 2010 hearing. This matter will not be going forward.

5. Debtors' Objection to Claim No. 3697 of Robert Henke Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 (Filed March 19, 2010) (Docket No. 3796)

Objection Deadline: April 12, 2010 at 4:00 p.m.

Responses Received:

(a) Claimant's Response to Debtors' Objection to Claim No. 3697 of Claimant Robert Henke (Filed April 9, 2010) (Docket No. 3989)

Status: On consent of the parties, this matter is adjourned to the May 18, 2010 hearing. This matter will not be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

6.  Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 19, 2010) (Docket No. 3792)

    Related Document(s):

    (a)  Notice of Submission of Proofs of Claim Regarding Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 5, 2010) (Docket No. 3937)

    (b)  Certification of Counsel Regarding Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 15, 2010) (Docket No. 4048)

    Objection Deadline:  April 12, 2010 at 4:00 p.m.
    On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on April 13, 2010 for Third Screen Media, Inc.

    Responses Received:

    (a)  Response of USDR (Claim #1670) to Debtors' Nineteenth Omnibus Objection to Claims (Docket #3792) (Filed April 8, 2010) (Docket No. 3973)

    (b)  Response by Todd Umbarger (Filed April 9, 2010) (Docket No. 3987)

    (c)  Response of Cisco Systems Capital Corporation to Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 12, 2010) (Docket No. 4004)

    (d)  Response of Third Screen Media, Inc., d/b/a Quigo to Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (D.I. 3792) (Filed April 13, 2010) (Docket No. 4015)

Status: A Certification of Counsel, together with a revised proposed form of order with respect to all claimants who did not contest or otherwise respond to the Objection, was filed with the Court. The Objection is withdrawn with respect to the claims of Avaya, Inc., Todd Umbarger, North South Promotions II, Inc. and USDR. This matter is adjourned to the May 18, 2010 hearing as to the claims of Zenith Media, Cisco Systems Capital Corporation and Third Screen Media, Inc. This matter will not be going forward unless otherwise directed by the Court.

7. Debtors' Twentieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 19, 2010) (Docket No. 3793)

Related Document(s):

(a) Notice of Submission of Proofs of Claim Regarding Debtors' Twentieth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 5, 2010) (Docket No. 3938)

(b) Certification of No Objection Regarding Docket No. 3793 (Filed April 14, 2010) (Docket No. 4040)

Objection Deadline: April 12, 2010 at 4:00 p.m.

Responses Received: None.

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

8. Debtors' Twenty-First Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 19, 2010) (Docket No. 3794)

Related Document(s):

(a) Certification of Counsel Regarding Debtors' Twenty-First Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 14, 2010) (Docket No. 4049)

Objection Deadline: April 12, 2010 at 4:00 p.m.

Responses Received:

(a) Informal response of Tata America International Corp.

Status: A Certification of Counsel, together with a revised proposed form of Order with respect to all claimants who did not contest or otherwise respond to the Objection, was filed with the Court. The Objection is withdrawn with respect to the claim of Tata America International Corp. This matter will not be going forward unless otherwise directed by the Court.

9. Debtors' Twenty-Second Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 19, 2010) (Docket No. 3795)

   Related Document(s):

   (a) Certification of No Objection Regarding Docket No. 3795 (Filed April 14, 2010) (Docket No. 4042)

   Objection Deadline: April 12, 2010 at 4:00 p.m.

   Responses Received: None.

   Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

10. Motion of the Debtors for an Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019(a) Authorizing Entry Into and Performance of Obligations Under Settlement Agreement Between Certain Debtors and Franchise Tax Board of the State of California (Filed March 29, 2010) (Docket No. 3887)

    Related Document(s):

    (a) Certification of No Objection Regarding Docket No. 3887 (Filed April 14, 2010) (Docket No. 4050)

    Objection Deadline: April 12, 2010 at 4:00 p.m.
    On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on April 14, 2010 for the Official Committee of Unsecured Creditors.

    Responses Received: None.

    Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

11. Motion of Debtors for an Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019(a) Authorizing Entry Into and Performance of Obligations Under Settlement Agreement With State of Connecticut Department of Revenue Services (Filed March 29, 2010) (Docket No. 3888)

Related Document(s):

(a) Certification of No Objection Regarding Docket No. 3888 (Filed April 14, 2010) (Docket No. 4051)

Objection Deadline: April 12, 2010 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on April 14, 2010 for the Official Committee of Unsecured Creditors.

Responses Received: None.

Status: A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

Dated: April 15, 2010

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ Kate Stickles
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6283181v1