IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:

TRIBUNE COMPANY et al.,

Debtors.

------------------------------------------------------------x

Chapter 11

Case No. 08-13141 (KJC)

(Jointly Administered)

Hearing Date: (To be determined)
Objections Due: 5/5/2010 @ 4:00 p.m.

## SECOND INTERIM FEE APPLICATION OF ZUCKERMAN SPAEDER LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Applicant: Zuckerman Spaeder LLP

Authorized to Provide Professional Services to: The Official Committee of Unsecured Creditors

Date of Retention: August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and
Reimbursement is sought: December 1, 2009 through February 28, 2010

Amount of Compensation sought
as actual, reasonable and necessary: $1,000,919.75

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $1,031,725.76

This is Applicant's Second Interim Fee Application. 27.0 hours of time were expended during the Application Period in preparation of monthly and interim fee applications, and $8,291.00 is the corresponding compensation request.

2567788.1

ATTACHMENT

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation |
|---|---|---|---|---|
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $725.00 (2009) $765.00 (2010) | 123.50 226.90 | $89,537.50 $173,578.50 |
| Marshall S. Wolff | Partner, business law, creditor rights and workouts; admitted 1976 | $675.00 | 19.50 | $13,162.50 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $650.00 (2009) $675.00 (2010) | 72.40 171.30 | $47,060.00 $115,627.50 |
| Thomas G. Macauley (I.D. # 3411) | Partner, chapter 11 and bankruptcy litigation; admitted 1995 | $570.00 (2009) $580.00 (2010) | 75.30 200.00 | $42,921.00 $116,000.00 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $520.00 (2009) $550.00 (2010) | 146.00 257.60 | $75,920.00 $141,680.00 |
| Caroline Judge Mehta | Partner, civil litigation; admitted 1999 | $500.00 (2009) $525.00 (2010) | 6.00 4.80 | $3,000.00 $2,520.00 |
| Martin G. Deptula | Associate, 6th year, litigation; admitted 2000 | $465.00 | 144.00 | $66,960.00 |
| Lani Cossette | Associate, 6th year, litigation; admitted 2003 | $385.00 | 2.00 | $770.00 |
| Benjamin L. Krein | Staff Attorney, 9th year | $370.00 | 4.90 | $1,813.00 |
| Virginia W. Guldi (I. D. # 2792) | Associate, 20th year, chapter 11 and bankruptcy litigation; admitted 1989 | $325.00 | 88.40 | $28,730.00 |

2567800.1

| Name | Title | Rate | Hours | Total |
|---|---|---|---|---|
| Steven Herman | Associate, 3rd year | $325.00 | 65.30 | $21,222.50 |
| Kirtan Mehta | Associate, 3rd year | $325.00 | 23.70 | $7,702.50 |
| Scott Hanna | Staff Attorney, 4th year | $280.00 (2009) $300.00 (2010) | 130.50 146.00 | $36,540.00 $43,800.00 |
| Rey Caling | Litigation Analyst, 3rd year | $195.00 | 2.00 | $390.00 |
| Kimberley Wilson | Library assistant, 7 years experience | $165.00 | 2.30 | $379.50 |
| Jeanne Trahan Faubell | Library Director/Law Librarian, 3rd year | $165.00 | 1.00 | $165.00 |
| Diana Gillig | Paralegal Assistant, 10 years experience | $155.00 (2009) $160.00 (2010) | 5.80 25.10 | $899.00 $4,016.00 |

Grand Totals:[1]   1,837.30  hours and $967,445.00
Blended Rate:  $526.56

---

[1] These amounts exclude non-working travel time.

2567800.1

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 - | Bank Claims | 1,794.60 | $   952,261.50 |
| 0002 - | Retention/Fee Application | 42.70 | $     15,183.50 |
| 0003 - | Non-Working Travel Time (charged ½ time) | 107.00 | $     33,474.75 |
| | Totals: | 1,944.30 | $1,000,919.75 |

2567800.1

## ITEMIZED EXPENSES

EXPENSES

| | |
|---|---:|
| Litigation Expert | $ 976,773.10 |
| Court Costs | $ 50.00 |
| Witnesses | $ 40.00 |
| Depositions/ Transcripts – Esquire Depo Serv. | $ 9,629.21 |
| Express Delivery – FedEx | $ 1,695.37 |
| Air/Train Travel | $ 18,611.73 |
| Hotel | $ 4,170.25 |
| Meals / Miscellaneous | $ 1,666.85 |
| Local Travel – Limousine | $ 121.50 |
| Taxi Service | $ 582.65 |
| Courier Services (DC) | $ 108.63 |
| Courier Service – Parcels / Blue Marble | $ 58.00 |
| Outsourced Document Serv. – IKON | $ 1,202.75 |
| In-house Facsimile | $ 6.00 |
| In-house Copy | $ 4,226.80 |
| LEXIS Research | $ 2,607.55 |
| Westlaw Research | $ 8,832.22 |
| Reed Elsevier – Research | $ 212.00 |
| National Corporate Research | $ 84.80 |
| Docket Research – Pacer | $ 149.20 |
| Court Document Research | $ 372.17 |
| Soundpath – Conference Call Service | $ 198.73 |
| Long Distance Telephone | $ 112.80 |
| Secretarial Overtime | $ 135.00 |
| Postage | $ 78.45 |
| **TOTAL EXPENSES** | **$ 1,031,725.76** |

2567800.1

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP (hereinafter "Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $1,000,919.75 together with reimbursement for actual and necessary expenses incurred in the amount of $1,031,725.76 for the period December 1, 2009, through and including February 28, 2010 (the "Application Period"), and respectfully represents as follows:

1. Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009. The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2. During the Application Period, Zuckerman has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

3. This Second Interim Application seeks compensation for fees of $1,000,919.75

2567800.1

5

and reimbursement of expenses of $1,031,725.76 incurred during the Application Period. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## SUMMARY OF SERVICES RENDERED

4. During the Application Period, Zuckerman provided services to the Committee and worked closely with the Committee's general bankruptcy counsel and the Committee's financial advisors. The time detail for professional services provided by Zuckerman to the Committee during the Application Period is divided by matter and set forth on Exhibit A to Zuckerman's relevant monthly applications (Docket Nos. 3319, 3685 and 4011). The primary services provided by matter are described by subject matter below.

5. <u>Bank Claims</u>. During the Application Period, Zuckerman continued its investigation of claims and potential causes of actions relating to the financing of the Debtors' LBO in 2007. Zuckerman met regularly with the Committee, its general bankruptcy counsel and financial advisors and executed on a work plan to accomplish the Committee's directives. Zuckerman attended hearings at which LBO issues were raised and drafted and filed motions under Rule 2004 to obtain production of information from recalcitrant parties.

6. In connection with its investigation, Zuckerman reviewed information produced by numerous parties and addressed confidentiality issues. Zuckerman researched and analyzed key issues and examined potential legal theories and potential recovery scenarios. Zuckerman

2567800.1

drafted a multi-count complaint to assist its investigation and engaged a litigation expert to assist on insolvency and other financial distress issues. Zuckerman also prepared for and took seven oral examinations of witnesses from various parties.

7. Zuckerman also met with other primary parties-in-interest and participated in many meetings with the various constituencies to address potential resolution of the claims Zuckerman was investigating. Zuckerman worked with the Committee's other professionals to prepare an interim report on the investigation for the Committee. Zuckerman then made a presentation for the Committee addressing the merits of the claims. Zuckerman drafted and filed a motion for derivative standing to permit the filing of the complaint. Zuckerman promptly drafted a substantive reply to refute the objections made by several parties to the motion.

8. Retention/Fee Applications. During the Application Period, Zuckerman prepared and drafted and filed a second supplemental disclosure declaration in support of its retention by the Committee as special counsel. Also, Zuckerman prepared and filed two monthly fee applications and one interim fee application. Finally, Zuckerman analyzed issues regarding the engagement of a litigation expert.

## DISBURSEMENTS

9. Zuckerman's list of out-of-pocket disbursements during the Application Period contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, parking and expenses

for "working meals." The expense detail is set forth on Exhibit B to Zuckerman's relevant monthly fee applications.

10. Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions, and there is no surcharge for computerized research.

11. In connection with its representation of the Committee, Zuckerman engaged a litigation expert to assist Zuckerman with insolvency and other financial distress issues. Zuckerman requests that the amount of the litigation expert's invoices be allowed to Zuckerman as an expense.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman $1,000,919.75 in fees compensation and $1,031,725.76 for reimbursement of expenses incurred during the Application Period, and granting Zuckerman such other and further relief as is just.

Dated: Wilmington, Delaware
       April 15, 2010

ZUCKERMAN SPAEDER LLP

_____
Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

- and -

2567800.1

Graeme W. Bush
1800 M Street, N.W.
Washington, DC 20036
(202) 778-1800

Special Counsel to the Official Committee
of Unsecured Creditors

2567800.1

# VERIFICATION

STATE OF DELAWARE    )
                     )    SS:
NEW CASTLE COUNTY    )

Thomas G. Macauley, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Zuckerman Spaeder LLP and have been admitted to the Bar of the Supreme Court of Delaware since 1995.

2. I have personally performed the legal services rendered by Zuckerman Spaeder LLP as special counsel to the Committee and am thoroughly familiar with all work performed on behalf of the Committee.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Thomas G. Macauley

2567800.1