## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.*, | ) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) **Objections Due: May. 5, 2010 at 4:00 p.m.** |
|  | ) **Hearing Date: To be determined** |
|  | ) |

### FIFTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 1, 2009 THROUGH FEBRUARY 28, 2010

| | |
|---|---|
| Name of Applicant: | Jenner & Block LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | February 20, 2009, *nunc pro tunc* to March 1, 2009 |
| Period for which Compensation and Expense Reimbursement is Sought: | December 1, 2009 to February 28, 2010 |
| Amount of Compensation Sought As Actual, Reasonable and Necessary: | $199,975.00 |
| Amount Expenses Sought As Actual, Reasonable and Necessary: | $2,475.20 |

This is a Quarterly Application.

Prior Quarterly Applications Filed:

> First Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through February 28, 2009 seeking compensation in the amount of $463,471.00 and reimbursement of expenses in the amount of $12,013.37 (Docket No. 1030) (the "First Quarterly Application")

> Second Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 seeking compensation in the amount of $448,140.64 and

reimbursement of expenses in the amount of $11,721.03 (Docket No. 1743) (the "Second Quarterly Application")

Third Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 through August 31, 2009 seeking compensation in the amount of $484,368.46 and reimbursement of expenses in the amount of $1,355.52 (Docket No. 2349) (the "Third Quarterly Application")

Fourth Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2009 through November 30, 2009 seeking compensation in the amount of $188,859.03 and reimbursement of expenses in the amount of $2,498.60 (Docket No. 3125, as amended by Docket No. 3153) (the "Fourth Quarterly Application")

Summary of Time Recorded

December 1, 2009 through February 28, 2010

ATTORNEYS

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| David J. Bradford | Litigation | 1976 | 925 | 33.90 | 31,357.50 |
| | | | 875 | 17.90 | 15,662.50 |
| William L. Scogland | Employee Benefits | 1975 | 850 | 20.60 | 17,510.00 |
| Catherine L. Steege | Commercial | 1982 | 775 | 2.20 | 1,705.00 |
| | | | 725 | 1.00 | 725.00 |
| Barry Levenstam | Litigation | 1978 | 750 | 7.20 | 5,400.00 |
| Marc B. Hankin | Commercial | 1992 | 750 | 3.80 | 2,850.00 |
| Michael T. Wolf | Corporate | 1998 | 675 | 1.50 | 1,012.50 |
| Debbie L. Berman | Litigation | 1990 | 625 | .30 | 187.50 |
| Amanda S. Amert | Litigation | 2000 | 555 | 8.90 | 4,939.50 |
| **PARTNER TOTALS** | | | | **97.30** | **81,349.50** |

| Full Name | Department | Year of Admission | Rate | Total Hours | Amount |
|---|---|---|---|---|---|
| **ASSOCIATES** | | | | | |
| Melissa M. Hinds | Commercial | 2003 | 545 | 2.70 | 1,471.50 |
| Douglas Sondgeroth | Litigation | 2002 | 540 | 3.60 | 1,944.00 |
| | | | 525 | 8.00 | 4,200.00 |
| Wade A. Thomson | Litigation | 2004 | 510 | 5.80 | 2,958.00 |
| Reena R. Bajowala | Litigation | 2005 | 490 | 31.80 | 15,582.00 |
| April A. Otterberg | Litigation | 2008 | 445 | 14.30 | 6,363.50 |
| Julie A. Wenell | Employee Benefits | 2008 | 370 | 22.40 | 8,288.00 |
| Sofia E. Biller | Litigation | 2008 | 370 | 16.60 | 6,142.00 |
| Landon S. Raiford | Litigation | 2008 | 370 | 18.60 | 6,882.00 |
| | | | 325 | 3.50 | 1,137.50 |
| Brian L. Doughterty | Litigation | 2007 | 325 | 69.30 | 22,522.50 |
| Kyle A. Palazzolo | Litigation | 2008 | 325 | 36.30 | 11,797.50 |
| **ASSOCIATE TOTALS** | | | | **232.90** | **89,288.50** |

3

## PARALEGALS AND PROJECT ASSISTANTS

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Lowel T. Yap | 275.00 | 1.00 | 275.00 |
| Michael H. Matlock | 270.00 | 2.30 | 621.00 |
| Eileen J. Robertson | 230.00 | 54.90 | 12,627.00 |
| Brett J. Mullenbrock | 170.00 | .50 | 85.00 |
| Marc A. Patterson | 170.00 | 16.20 | 2,754.00 |
| Panagiota Ramos | 170.00 | 37.50 | 6,375.00 |
| **PARALEGAL AND PROJECT ASSISTANT TOTALS** | | **112.40** | **22,737.00** |

## LITIGATION SUPPORT AND DATABASE TECHNOLOGY

| Full Name | Rate | Time | Amount |
|---|---|---|---|
| Daryl Gardner - Technology Support | 275.00 | 1.80 | 495.00 |
| Jennifer Anderson - Technology Support | 275.00 | 1.00 | 275.00 |
| Tunde Holloway-Wusu - Technology Support | 275.00 | 10.30 | 2,832.50 |
| Margaret Small - Technology Support | 275.00 | 5.00 | 1,375.00 |
| Kelly A. Laughran - Technology Support | 275.00 | 2.30 | 632.50 |
| Lory I. Manheimer - Technology Support | 275.00 | 1.90 | 522.50 |
| Robert R. Ohton, Jr. - Technology Support | 275.00 | 1.00 | 275.00 |
| David Wirkiowski - Technology Support | 275.00 | .70 | 192.50 |
| **LITIGATION SUPPORT AND DATABASE TECHOLOGY TOTALS** | | **24.00** | **6,660.00** |

Total dollar amount of services rendered (Attorneys and Paraprofessionals):  $199,975.00

BLENDED HOURLY RATE:  $428.58

SUMMARY OF DISBURSEMENTS

| Description | Amount |
|---|---:|
| Out of Town Travel | 626.70 |
| Pacer Charges | 146.32 |
| Photocopy Expense | 741.81 |
| Special Messenger Service | 13.00 |
| UPS | 100.73 |
| Westlaw Research | 846.64 |
| **Total** | **2,475.20** |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |
|  | ) **Objections Due: May 5, 2010 at 4:00 p.m.** |
|  | ) **Hearing Date: To be determined** |
|  | ) |

**FIFTH QUARTERLY APPLICATION OF JENNER & BLOCK LLP, AS SPECIAL
COUNSEL TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>DECEMBER 1, 2009 THROUGH FEBRUARY 28, 2010</u>**

Jenner & Block LLP ("Jenner"), as Special Litigation Counsel for the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), hereby submits this application

(the "Application") for approval and allowance of compensation for services rendered in the

amount of $199,975.00 and reimbursement of expenses incurred in the amount of $2,475.20

during the period commencing December 1, 2009 through and including February 28, 2010 (the

"Application Period"). This Application is submitted pursuant to Sections 328, 330 and 331 of

Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"), the Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§

105(a) and 331 (the "Compensation Order"), and the Order Appointing Fee Examiner and

Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Applications (the "Fee Examiner Order"). In support of

the Application, Jenner respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested in this Application is 11 U.S.C. § 1103(a).

2.      The statutory bases for relief requested herein are Sections 328, 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee or examiner has been appointed in these chapter 11 cases.

6.      On February 20, 2009, this Court entered the Order Authorizing Debtors and Debtors in Possession to Employ and Retain Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C §§ 327(e) 1107, *nunc pro tunc* to the Petition Date (the "Retention Order").

7.      Pursuant to the Retention Order, Jenner is authorized to represent the Debtors as special counsel in connection with litigation matters.

8.     The Compensation Order and the Fee Examiner Order (collectively, the "Fee Orders"), direct Jenner to file with the Court and provide to the Fee Examiner and certain Notice Parties monthly applications for interim allowance for compensation for services rendered and reimbursement of expenses incurred, and time entries and itemized expenses ("Monthly Fee Applications").  Pursuant to the procedures set forth in the Fee Orders during the Application Period, Jenner prepared, filed with the Court, and served upon the Notice Partiers and the Fee Examiner Monthly Fee Application for the periods of December 1, 2009 through December 31, 2009 (Docket No. 3463), January 1, 2010 through January 31, 2010 (Docket No. 3850), and February 1, 2010 through February 28, 2010 (Docket No. 3986).    These Monthly Fee Applications are incorporated herein by reference.

9.     Further, the Fee Orders direct Jenner to file with the Court and provide to the Fee Examiner and certain Notice Parties quarterly fee applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications (a "Quarterly Fee Application").    Quarterly Fee Applications must include a summary of the Monthly Fee Applications that are the subject of the application and any other information requested by the Court or required by the Local Rules.    This Application is Jenner's fifth Quarterly Fee Request, and covers the period from December 1, 2009 through February 28, 2010.  On February 17, 2010, Jenner filed a monthly fee application seeking compensation in the amount of $74,294.11 for services rendered and $898.93 for expenses incurred during December 2009.  On March 25, 2010, Jenner filed a monthly fee application seeking compensation in the amount of $69,504.75 for services rendered and $1,314.61 for expenses incurred during January 2010.  On April 9, 2010, Jenner filed a monthly fee application seeking compensation in the

amount of $49,580.32 for services rendered and $158.54 for expenses incurred during February 2010.

10.     As noted above, this is Jenner's fifth quarterly fee application.  On April 15, 2009, Jenner filed its First Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 through February 28, 2009 seeking compensation in the amount of $463,471.00 and reimbursement of expenses in the amount of $12,013.37 (Docket No. 1030) (the "First Quarterly Application").  On May 7, 2009, Jenner filed its Certificate of No Objection with respect to the First Quarterly Application (Docket No. 1154).  On July 15, 2009, Jenner filed its Second Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 seeking compensation in the amount of $448,140.64 and reimbursement of expenses in the amount of $11,721.03 (Docket No. 1743) (the "Second Quarterly Application").  On August 6, 2009, Jenner filed its Certificate of No Objection with respect to the Second Quarterly Application (Docket No. 1909).  On October 15, 2009, Jenner filed its Third Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period June 1, 2009 through August 31, 2009 seeking compensation in the amount of $84,368.46 and reimbursement of expenses in the amount of $1,355.52 (Docket No. 2349) (the "Third Quarterly Application").  On November 6, 2009, Jenner filed its Certificate of No Objection with respect to the Third Quarterly Application (Docket No. 2515).  On January 15, 2010, Jenner filed its Fourth Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2009 through

November 30, 2009 seeking compensation in the amount of $188,859.03 and reimbursement of expenses in the amount of $2,498.60 (Docket No. 3125, as amended by Docket No. 3153) (the "Fourth Quarterly Application").  On February 12, 2010, Jenner filed its Certificate of No Objection with respect to the Fourth Quarterly Application (Docket No. 3399).

11.     Prior to the filing of the chapter 11 petitions, Jenner represented the Debtors and other defendants in the lawsuit *Neil et al. v. Zell, et al.* (the "*Neil* Litigation"), Case No. 08-cv-06833 in the United States District Court for the Northern District of Illinois (the "District Court").  In the *Neil* Litigation, certain of the Debtors' former employees are asserting two causes of action against certain of the Debtors and their board of directors under the Employee Retirement Security Act ("ERISA") related to The Tribune Company's Employee Stock Ownership Plans ("ESOP").  The plaintiffs are seeking class certification for their claims.  With respect to the *Neil* Litigation, the scope of Jenner's representation of the Debtor is limited to "(i) counsel in connection with enforcement of the automatic stay in the [*Neil*] litigation . . . and (ii) in the event that matters relating to application of the automatic stay are raised in [the Bankruptcy Court], providing assistance reasonably requested by Debtors' counsel employed under 11 U.S.C. § 327(a), provided that such assistance does not constitute representing the Debtors in conducting their bankruptcy cases."  (Retention Order at 2-3.)  The Debtors are no longer a party to the *Neil* Litigation.  Jenner continues to represent certain defendants in the *Neil* Litigation.

12.     Also prior to the Petition Date, Jenner represented the Debtors in the lawsuit *Cueto v. Chicago Tribune Company, et al.* (the "*Cueto* Litigation"), Case No. 07-L-80 in the Circuit Court of St. Clair County, Illinois (the "State Court").  In the *Cueto* Litigation, a former attorney has asserted five causes of action against certain of the Debtors and others, alleging that

the defendants invaded the plaintiffs' privacy and portrayed him in a false light by publishing materials regarding comments the plaintiff allegedly made about his relationship with judges in Illinois.

13.     On April 28, 2009 the Court entered an Order (Docket No. 1097) approving the Debtors' Supplemental Application for an Order Expanding the Scope of the Retention of Jenner & Block LLP as Special Counsel for Certain Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) and 1107, *Nunc Pro Tunc* to March 5, 2009 (the "Supplemental Retention Application").  The Supplemental Retention Application sought clarification of the scope of Jenner's representation to allow Jenner to assist the Debtors with responding to an inquiry by the Department of Labor (the "DOL") on March 2, 2009.  A DOL subpoena required the Debtors to produce an extensive range of documents relating to an investigation under ERISA.  Jenner continues to advise and assist the Debtors in connection with this inquiry.

14.     The Debtors also requested that Jenner represent them in a dispute related to a swap agreement the Debtors had entered into with Morgan Stanley (the "Morgan Stanley Matter").  After the Debtors filed their chapter 11 petitions, Morgan Stanley purported to set off amounts it owed to the Debtors under the swap agreement against amounts the Debtors owed to Morgan Stanley on account of bonds Morgan Stanley acquired.  Among the issues raised in this matter is whether Morgan Stanley could in fact exercise a right of set off, and whether Morgan Stanley has other liability to the Debtors.

15.     In addition, Jenner, in connection with its representation of the Debtors, has been asked to represent Debtor, *Los Angeles Times* in relation to structuring an appropriate payment surety or fidelity bonding program for the *Los Angeles Times*.  This Application does not include

a request for compensation and reimbursement for fees general and expenses disbursed in connection with Jenner's representation of the Debtors in this matter.

16.     Jenner has exhausted a retainer of $150,000 as an advance for services to be rendered and expenses to be incurred in connection with its representation of the Debtors.

## RELIEF REQUESTED

17.     By this Application, Jenner requests that the Court approve the interim allowance and award of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by Jenner as special counsel to the Debtors during the Application Period.  Further, Jenner seeks this Court's authorization for payment of such amounts to Jenner, less any amounts previously paid to Jenner pursuant to the Monthly Fee Applications for the Application Period.

18.     The amount of fees sought for services rendered during the Application Period is $199,475.20 representing 489.72 hours in professional and paraprofessional time, and reimbursement of actual, necessary expenses incurred by Jenner during the Application Period in the amount of $2,475.20.[1]  Jenner has previously been paid $59,435.29 for services rendered during this Application Period and has received $898.93 for reimbursement of expenses incurred during the Application Period.  Therefore, Jenner requests an allowance of $199,975.00 for services rendered and $2,475.20 for expenses incurred during the Application Period, and the Court's authorization for Jenner to receive $140,039.91 for Jenner's unpaid services and $1,576.27 for Jenner's non-reimbursed expenses during the Application Period.

---

[1] Jenner's December 2009, January 2010, and February 2010 Fee Applications incorrectly discounted 1/14th of Jenner's fees and expenses in the ESOP/Stay matter.  The Debtors are responsible for all fees and expenses incurred in connection with this matter.  Therefore, any discrepancy between this Application and Jenner's monthly fee applications for December 2009, January 2010 and February 2010 is a result of the Application correcting this error.

## COMPENSATION PAID AND ITS SOURCES

19.     All services for which compensation is requested by Jenner were performed for or on behalf of the Debtors.

20.     There is no agreement or understanding between Jenner and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

21.     The fee statements for the Application Period are attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Jenner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Local Rule 2016-2, the Compensation Order, and the Fee Examiner Order.

## SUMMARY OF SERVICES[2]

22.     As set forth in the detailed statements of fees attached hereto as Exhibit A, fees incurred by Jenner during the Application Period total $199,975.00. The services rendered by Jenner during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

---

[2] Due to the sensitivity of the matters involving Jenner' representation, at this time Jenner believes that in some instances it may not explain in greater detail the precise legal issues it is researching or that may be relevant to certain aspects of Jenner' representation of the Debtors.  Accordingly, Jenner has redacted discussion of these specific areas of research from its time entries included in Exhibit A that relate to the following project categories: DOL Subpoena, Morgan Stanley Swap, and ESOP/Stay Issues.

23.     The following is a summary of the activities performed by Jenner attorneys and paraprofessionals during the Application Period, organized by project category.

**A.     ESOP / Stay Issues**

Fees: $92,341.50     Total Hours:  162.60

24.     During the Application Period, Jenner attorneys expended time counseling the Debtors regarding how certain development in the *Neil* Litigation could affect the Debtors' bankruptcy case.   This category also includes the significant amount of time spent analyzing multiple legal issues connected to both the *Neil* Litigation and the Debtors' bankruptcy cases.

**B.     DOL Subpoena (Matter No. 10148)**

Fees:  $71,341.50     Total Hours:   227.70

25.     During the Application Period, Jenner assisted the Debtors' response to the DOL's inquiry regarding certain ERISA issues.   The services rendered by Jenner during the Application Period included Jenner's effort to assist the Company in responding to the DOL and to coordinate the Company's response with respect to DOL inquiries made to the ESOP Trustee and its advisor.   This time also includes Jenner's efforts to review and summarize documents related to the DOL's inquiry as well as time spent updating and maintaining a document database created for the Debtors' response to the DOL's inquiries.   Further, this category includes time spent communicating with the Debtors and/or the DOL regarding certain issues surrounding the DOL's inquiry.

**C.     Morgan Stanley Swap (Matter No. 10180)**

Fees:  $19,330.00     Total Hours:   34.20

During the Application Period, Jenner expended efforts negotiating with Morgan Stanley regarding a possible settlement.   This category includes time spent analyzing various settlement

strategies and options as well as Jenner's communications with the Debtors and Morgan Stanley regarding a possible settlement.

**D.      Cueto (Matter No. 10024)**

>    Fees:   $187.50        Total Hours:   .30

>    26.      During the Application Period, Jenner attorneys spent minimal time regarding the *Cueto* Litigation.  Specifically, Jenner attorneys reviewed and analyzed the plaintiff's second motion for reconsideration on the Illinois State Court's denial of the plaintiff's first motion for reconsideration as well as the Illinois State Court's subsequent order denying the motion.

**E.      Fee Applications (Matter No. 10164)**

>    Fees:   $16,774.50     Total Hours:   46.80

>    During the Application Period, Jenner attorneys and paraprofessionals prepared Jenner's monthly fee application for October, November and December 2009, including reviewing time entries for confidentiality and drafting the narrative portion of the fee application.  In addition, this time includes Jenner's preparation of Jenner's Fourth Quarterly Fee application as well as time preparing its time entries in the format required by the Fee Examiner Order.  In addition, Jenner attorneys spent time responding to the Fee Examiner's preliminary report regarding Jenner's Second and Third Quarterly Fee Applications.

**ACTUAL AND NECESSARY EXPENSES**

>    27.      A summary of the actual and necessary expenses and logs of expenses incurred by Jenner during the Application Period in the amount of $2,475.20 is attached hereto as Exhibit B. Jenner's standard charge for photocopies is $0.09 per page.  Jenner does not charge its clients for incoming or outgoing facsimile transmission charges.

28.     With respect to legal research expenses, charges to Jenner by Lexis/Nexis and Westlaw are based on the actual number and scope of searches.

29.     Also consistent with firm policy, attorneys and other employees of Jenner who worked late into the evenings or on weekends were reimbursed for their reasonable transportation costs.

## VALUATION OF SERVICES

30.     Attorneys and paraprofessionals of Jenner have expended a total of 489.72 hours in connection with the matter during the Application Period. The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto. These are Jenner's normal hourly rates for work of this character.  The reasonable value of services rendered by Jenner to the Debtors during the Application Period is $199,975.00.  To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Jenner reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

31.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Jenner is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Jenner has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Jenner respectfully requests that this Court enter an Order (a) authorizing that an allowance be made to Jenner pursuant to the terms of the Compensation Order for the period December 1, 2009 through February 28, 2010, with respect to the sum of $199,975.00 for

necessary professional services rendered and the sum of $2,475.20 as 100% reimbursement of actual necessary costs and expenses, for a total of $202,450.20; (b) authorization for the Debtors to pay Jenner for the professional services rendered and incurrence of necessary costs and expenses during the Application Period that have not yet been paid in the amount of $141,616.18 and (c) granting such other and further relief as this Court deems just and proper.

Dated: April 15, 2010                                   Respectfully submitted,


By: _____
One of the Attorneys for the Debtors

JENNER & BLOCK LLP
David J. Bradford
Craig C. Martin
353 N. Clark St.
Chicago, IL 60654-3456
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
Email:  dbradford@jenner.com
        cmartin@jenner.com

12