

HARRY A. PAYTON

T 305.372.3500 ⎮ F 305.577.4895 ⎮ payton@payton-law.com

Board Certified / Business Litigation and Civil Trial Practice

PAYTON & ASSOCIATES, LLC
One Biscayne Tower, 2 South Biscayne Blvd., Suite 1600
Miami, Florida 33131

January 19, 2010

Greg Healy
Vice President of Operations
ForSaleByOwner.com Corp.
435 N. Michigan Ave.
Level LL
Chicago, IL 60611

Steve Udelson
President
Owners Advantage, LLC
595 Market St.
Suite 2210
San Francisco, CA 94105

Re: *Brokerless, Inc. v. Owners Advantage, LLC and for Salebyowner.com Corp.*
Circuit Court Miami-Dade County, Case Number 10-0017-22

Dear Messrs. Healy and Udelson:

You have requested the law firm of Payton & Associates, LLC to represent you in the above-referenced matter. The firm agrees to undertake the representation according to the terms and conditions set forth in this letter, which serves as an agreement between you and the firm.

1. **Fee.** Our fee for the representation will be staged. We agree to represent you through the final hearing on a motion or motions to dismiss for the fixed fee of $15,000. We have provided you with the budget for services through a hearing on motion for summary judgment; however, you have requested that those services be billed at our customary hourly rates. Those hourly rates range from $225.00 to $450.00 per hour.

2. **Retainer.** To formally engage our firm, we will require a fee retainer of $7,500. Upon the conclusion of the final hearing on a motion or motions to dismiss, we will bill the balance of the agreed-upon fee, the same being $7,500. In the event the matter is not dismissed with prejudice, we will require a retainer of $7,500 to be held in our trust account pending conclusion of the matter.

3. **Billing for fees and costs.**

   A. **Periodic bill.** For services other than the agreed-upon flat fee through the motion to dismiss stage of the proceeding, we will bill for fees and costs on a monthly basis. There are some circumstances in which it may be appropriate to bill more frequently than monthly, and if these arise, we



EXHIBIT "1"

will discuss them with you. Please review the bill promptly upon receipt. Because we believe a satisfied client is essential to the continuing success of a professional practice, we invite you to ask any questions you may have about our bill and its contents. In the absence of any questions, we will assume that you are satisfied that the bill is correct and properly payable. We request that you promptly pay the bill.

Please understand that just as you may have limitations on your cash flow, we, likewise, have limitations on our abilities to defer fees for the work we have performed. We will do everything possible to schedule work so that the demands of this litigation present no unreasonable burdens on either of us.

B.   **Costs.** As our client, you are responsible for expenses which we incur in connection with the litigation. These out-of-pocket expenses include, but are not limited to: court fees; fees for service of process; witness fees; court reporter fees for attendance at hearings and depositions; deposition transcript costs; deposition computer disks; facsimile, telex and reproduction costs; long distance telephone and cellular phone charges; expert witnesses and consultants; travel expenses, which may include mileage, parking, food and lodging; computer file set up fees; administrative fees for extraordinary accounting services; extraordinary secretarial or word processing time; corporate service charges to search firms; as well as other costs customarily incurred in similar litigation. Some charges may include an overhead factor. We may request that you advance costs that we anticipate from time to time. We will advise you in advance of the expected expenditures and may defer incurring the expense until receiving the advance.

4.   **Employment of additional professionals.** There may come a time when we form the opinion that it is in the interest of your matter to employ additional professionals with specialized skills. If, after consultation, you deem it appropriate to do so, additional professionals will be employed by us. In such event, where appropriate, the law firm will employ the professionals in your name and on your behalf. Notwithstanding the form of employment of the professional, however, you are obligated to pay the fees of the professional in full, upon the rendering of a statement. We reserve the right to request and obtain an additional retainer to defray the fees and expenses of additional professionals employed in connection with your matter. All fees and expenses of additional professionals shall be subject to the security provisions and other applicable provisions of this engagement letter.

5.   **Our philosophy regarding payment.** The best professional relationship is that in which the attorney and the client are both satisfied that their respective expectations are met. You, as the client, expect that we will attend to your representation with diligence and will fairly charge for our services in accordance with the terms set out above. We gladly accept the representation upon those terms. We expect to be paid in a timely manner. We desire to spend our time practicing law on your behalf, free from concerns regarding late payments or no payments. Therefore we request that all matters regarding fees and billings be discussed promptly, resolved, and that payment be made promptly. That responsiveness makes the professional relationship work very well.

6.   **Lien for Fees.** In addition to permitting attorneys to stop work on matters for which they are unpaid, Florida law provides attorneys with liens upon materials coming into their possession to secure the payment of fees. This retaining lien, as well as appropriate charging liens, may be asserted in appropriate circumstances. We strive to make this the last discussion of the matter.

7.   **Dispute resolution.** NOTICE: This agreement contains provisions requiring arbitration of fee disputes. Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are

**important rights that should not be given up without careful consideration.**

Although we will make every effort to avoid it, in the event a dispute does arise in connection with the amount charged or the payment of fees, we agree that the matter will be settled by the Professional Fee Arbitration Committee or comparable body of The Florida Bar and the parties consent to the institution of such proceedings in accordance with the provisions of Chapter 14 and the Rules of Procedure for Arbitration Proceedings of the Rules Regulating The Florida Bar. By signing this engagement letter you agree to submit to the jurisdiction of such body and to arbitrate any dispute concerning fees in accordance herewith. In the event such arbitration is commenced, the award of the panel shall be final, conclusive and binding. The expenses of such arbitration shall be paid by the non-prevailing party as determined by the panel.

In the event of any judicial proceedings to enforce arbitration awards or otherwise, the prevailing party shall be entitled to recover its reasonable attorneys' fees and court expenses from the other party.

8. **Full disclosure.** We encourage you to read and reread this engagement letter from time to time, and to have a full and complete understanding of it prior to signing it. We are available to answer any questions concerning it. Our goal is to serve you and all of our clients to the best of our abilities, to the full extent of the law, and to avoid misunderstandings of any kind.

We look forward to this professional engagement and the opportunity to provide service of value to you.

Cordially yours,

*[signature: Harry A. Payton]*

Harry A. Payton

**Client's acceptance.** I have read the engagement letter and understand and agree to the terms and conditions of the engagement. I understand that my signature below creates a binding obligation.

FORSALEBYOWNER.COM CORP.

Dated: _____    By: _____
                                        Greg Healy, Vice President of Operations

OWNERS ADVANTAGE, LLC

Dated: 1-20-10    By: *[signature]*
                       Steve Udelson, President