# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: May 6, 2010 at 4:00 p.m. |

## FIFTH MONTHLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE <ins>PERIOD OF FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010</ins>

| | |
|---|---|
| Name of Applicant: | **Seyfarth Shaw LLP** |
| Authorized to Provide Professional Services in the Ordinary Course of Business to: | **Debtors** |
| Date of Professional Retention: | **January 25, 2010**, *nunc pro tunc* to **December 1, 2009** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| Period for Which Compensation and Reimbursement is Sought: | **February 1, 2010 through February 28, 2010** |

Amount of compensation sought as actual, reasonable and necessary:  **$64,713.60**

Amount of Expense Reimbursement sought as actual, reasonable and necessary  **$5,291.17**

This is a(n):    __X__ monthly    _____ interim    _____ final application

Requested Payment Amount:

Fees at 80%    **$51,770.88**

Expenses at 100%    **$5,291.17**

Prior Applications:

(The 1st and 2nd Applications are pursuant to retention as Ordinary Course Professional)

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Authorized Fees (100%/Expenses (100%) |
|---|---|---|---|---|
| 1st | 11/25/09 | 10/1/09 – 10/31/09 | $99,580.00/$1,516.15 | $99,580.00/$1,516.15 |
| 2nd | 1/25/10 | 11/1/09 – 11/30/09 | $73,156.05/$6,104.99 | $73,156.05/$6,104.99 |
| 3rd | 3/18/2010 | 12/1/09 – 12/31/09 | $64,713.60/$5,291.17 | Pending |
| 4th | 3/18/2010 | 1/1/09 - 1/31/09 | $170,504.00/2,138.26 | Pending |

2

## SUMMARY OF PROFESSIONAL FEES
### FROM FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010

| Professional | Position, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Edward Cerasia II | Partner Labor & Employment Admitted 1991 | $720.00 | .50 | $360.00 |
| Jeremy Sherman | Partner Labor & Employment Admitted 1976 | $685.00 | 12.60 | $8,631.00 |
| Camille Olson | Partner Labor & Employment Admitted 1983 | $680.00 | 1.50 | $1,020.00 |
| Jon Meer | Partner Labor & Employment Admitted 1989 | $570.00 | 29.40 | $16,758.00 |
| Kristin Michaels | Partner Labor & Employment Admitted 1991 | $570.00 | 42.80 | $24,396.00 |
| Timothy Rusche | Partner Labor & Employment Admitted 2000 | $435.00 | 15.70 | $6,829.50 |
| Karen Osgood | Associate Labor & Employment Admitted 2000 | $420.00 | 3.00 | $1,260.00 |
| Dennis Hyun | Associate Labor &Employment Admitted 2003 | $400.00 | 27.30 | $10,920.00 |
| Malerie Halperin | Paralegal Labor & Employment N/A | $275.00 | .30 | $82.50 |
| Jennifer McManus | Paralegal Bankruptcy N/A | $270.00 | 6.10 | $1,647.00 |
| **TOTALS** | | | **139.20** | **$71,904.00** |
| **10% discount** | | | | **$(7,190.40)** |
| | | | | **$64,713.60** |
| | | | **BLENDED RATE** | **$516.55** |

3

**COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD**
**FROM FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010**

| Matter Description | Total Hours | Total Fees |
|---|---|---|
| Chicago Tribune - Work Schedule Grievance (57634-04) | .10 | $57.00 |
| Chicago Tribune - JoAnn Parker v. (57634-06) | 1.80 | $756.00 |
| Los Angeles Times - Clement, Jayne (33175-20) | 15.70 | $6,829.50 |
| Los Angeles Times - Country Club (17832-34) | 1.50 | $1,020.00 |
| Baltimore Sun - Guild General (12575-28) | 1.80 | $1,026.00 |
| Baltimore Sun - Pay for Performance (12575-296) | 12.60 | $8,631.00 |
| Baltimore Sun - Columnist Reporting Assignments (12575-297) | 40.90 | $23,313.00 |
| Tribune - Debra Holmes (11089-34) | 1.20 | $504.00 |
| Chris Neuman v. Ira Goldstone; KTLA, Inc. (66929-2) | 57.00 | $27,760.50 |
| Tribune - Bankruptcy Fee Application (36377-07) | 6.10 | $1,647.00 |
| Tribune - Karen Scott (68308-03) | .50 | $360.00 |
| **TOTALS** | **139.20** | **$71,904.00** |
| **Less Discount** | | **$64,713.60** |

8941502V.2

**EXPENSE SUMMARY FOR THE PERIOD**
**FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Long Distance Telephone | | $1.04 |
| Copying @ .10/page | | $28.80 |
| Local Messenger | Nationwide Legal, Inc. | $178.50 |
| Courier/Messenger | Chicago Messenger Services, Nationwide Legal, Inc. | $80.39 |
| Online Research | Westlaw, Lexis | $186.90 |
| Travel | J. Sherman Southwest and United airfare, Intercontinental Hotel and K. Michaels airfare | $1,153.97 |
| Local Travel/Taxi | Taxi; Parking; Mileage | $291.50 |
| Meals | J. Sherman (out of town meals) | $62.27 |
| Deposition Transcripts | Hahn & Bowersock (Neuman) | $2,319.10 |
| Filing Fees | Nationwide Legal, Inc. | $397.00 |
| Attorney Services | Nationwide Legal, Inc. | $591.70 |
| **TOTALS** | | **$5,291.17** |

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: May 6, 2010 at 4:00 p.m.** |

## FIFTH MONTHLY FEE APPLICATION OF SEYFARTH SHAW LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS EMPLOYMENT LITIGATION COUNSEL TO THE DEBTORS FOR THE PERIOD OF FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010

Seyfarth Shaw LLP ("Seyfarth"), employment litigation counsel for the debtors

and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and

collectively, the "Debtors"), respectfully submits this application (the "Application") to this

Court, pursuant to (i) sections 328, 330, and 331 of title 11 of the United States Code (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the

Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of

Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the

"Compensation Order"), as amended; and (v) the Order Appointing Fee Examiner and

Establishing Related Procedures for Compensation and Reimbursement of Expenses for

Professionals and Consideration of Fee Application (the "Fee Examiner Order") for the

allowance and payment of fees in the amount of $64,713.60, subject to a twenty percent (20%)

holdback, and reimbursement of expenses in the amount of $5,291.17.  In support of the

Application, Seyfarth respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and

certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors

comprise 112 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes

only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket Nos. 43,

2333].

3.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee.

4.    On January 25, 2009, this Court entered the Order Authorizing Debtors to Employ and Retain Seyfarth Shaw LLP as Special Counsel for Certain Employment Litigation Matters Pursuant to 11 U.S.C. §§ 327(e) 1107, *nunc pro tunc* to February 1, 2010 (the "Retention Order").

5.    Pursuant to the Retention Order, Seyfarth is authorized to represent the Debtors as special counsel in connection with litigation matters.

6.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## RELIEF REQUESTED

7.    Pursuant to the Compensation Order and 331 of the Bankruptcy Code, Seyfarth seeks interim approval of compensation for professional services rendered, in the amount of $64,713.60, subject to a twenty percent (20%) holdback, and reimbursement of actual and necessary expenses incurred, in the amount of $5,291.17, in serving as employment litigation counsel to the Debtors and Debtors in Possession  during the period February 1, 2010 through February 28, 2010 (the "Application Period").  Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein are provided on the Summary of Fees and Expenses, attached hereto.

## ALLOWANCE OF COMPENSATION

8.    Attached hereto as <u>Exhibit A</u> is a detailed itemization, by project category, of all services performed by Seyfarth with respect to these matters from February 1, 2010 through February 28, 2010.

9.    The following is a summary of the activities performed by Seyfarth attorneys and paraprofessionals during the Application Period, organized by project category.

**A.    Chicago Tribune - Work Schedule Grievance (57634-04)**

Fees: $57.00                    Total Hours: .10

10.    During the Application Period, Seyfarth attorneys expended time responding to correspondence relating to grievance/arbitration.

**B.    Chicago Tribune - JoAnn Parker v. (57634-06)**

Fees: $756.00                    Total Hours: 1.80

11.    During the Application Period, Seyfarth attorneys expended time preparing for and attending a status conference relating to the litigation.

**C.    Los Angeles Times - Clement, Jayne (33175-20)**

Fees: $6,829.50                    Total Hours: 15.70

12.    During the Application Period, Seyfarth attorneys expended time in connection with a motion filed to dismiss the action.

**D.    Los Angeles Times - Country Club (17832-34)**

Fees: $1,020.00                    Total Hours: 1.50

13.    During the Application Period, Seyfarth attorneys expended time relating to circulation matters.

4

E.   **Baltimore Sun - Guild Labor (12575-28)**

Fees: $1,026.00          Total Hours: 1.80

14.   During the Application Period, Seyfarth attorneys expended time relating to labor relations advice.

F.   **Baltimore Sun - Pay for Performance (12575-296)**

Fees: $8,631.00          Total Hours: 12.60

15.   During the Application Period, Seyfarth attorneys expended time preparing for and representing the Debtor in an arbitration hearing.

G.   **Baltimore Sun - Columnist Reporting Assignments (12575-297)**

Fees: $23,313.00          Total Hours: 40.90

16.   During the Application Period, Seyfarth attorneys expended time preparing for an arbitration hearing in the pending case.

H.   **Tribune - Debra Holmes (11089-34)**

Fees: $504.00          Total Hours: 1.20

17.   During the Application Period, Seyfarth attorneys expended time preparing for and attending a status conference.

I.   **Chris Neuman v. Ira Goldstone; KTLA, Inc. (66929-2)**

Fees: $27,760.50          Total Hours: 57.00

18.   During the Application Period, Seyfarth attorneys expended time relating to a motion for summary judgment, discovery, pre-trial motions and other pre-trial matters.

J.   **Tribune - Bankruptcy Fee Application (36377-07)**

Fees: $1,647.00          Total Hours: 6.10

8941502V.2

19.     During the Application Period, Seyfarth professionals expended time (i) preparing Seyfarth's Quarterly Fee Application; (ii) finalizing and filing Seyfarth's Third Monthly Fee Application, and (iii) preparing Seyfarth's Fourth Monthly Fee Application, as special employment litigation counsel.

**K.    Tribune - Karen Scott (68308-03)**

Fees:  $360.00                        Total Hours:  .50

20.     During the Application Period, Seyfarth professionals expended time relating to labor and employee relations advice.

<u>REIMBURSEMENT OF EXPENSES</u>

21.     Included as part of <u>Exhibit A</u> is a description of the costs actually expended by Seyfarth in the performance of services rendered as special employment litigation counsel to the Debtors and Debtors in Possession.  The costs for which reimbursement is requested total $5,291.17.  The breakdown of costs includes the rate for long distance telephone, copying charges ($.10/page), online research, messenger service, travel, meals, deposition transcripts, and filing fees.  By this Application, Seyfarth does not seek expenses for incoming facsimile transmissions.

<u>BASIS FOR RELIEF REQUESTED</u>

22.     Seyfarth serves the Debtors as primary outside employment litigation counsel. Seyfarth customarily performs employment and labor relations counsel to Debtors in various litigation and adverse matters.

23.     Seyfarth has received no payment and no promises of payment from any source for services rendered in these Chapter 11 cases.  There is no agreement between Seyfarth and any other party for the sharing of compensation to be received for the services rendered by

8941502V.2

Seyfarth to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

24. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

## NO PRIOR REQUEST

25. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, Seyfarth Shaw LLP respectfully requests that the Court enter an Order: (i) granting the Application and authorizing allowance of compensation in the amount of $64,713.60, subject to a twenty percent (20%) holdback, for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $5,291.17; and (ii) granting such further relief as this Court deems necessary and just.

Dated: April 16, 2010

Respectfully submitted,

Jeremy V. Sherman
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: 312-460-5901
Facsimile: 312-460-7901

7

8941502V.2