## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: May 18, 2010 at 1:00 p.m. ET**<br>**Objection Deadline: May 11, 2010 at 4:00 p.m. ET** |

## DEBTORS' TWENTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

### ("NO LIABILITY CLAIMS")

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibit A to this Objection. The grounds for the Objection are set forth herein.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections to the claims listed on Exhibit A to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this twenty-fourth omnibus objection (the "Objection") to claims filed against the Debtors for which no liability is reflected in the Debtors' books and records (collectively, the "No Liability Claims"). The No Liability Claims are set forth on Exhibit A attached hereto and to the proposed order submitted herewith, and this Objection is submitted pursuant to Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order disallowing and expunging the No Liability Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the Declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "Bigelow Declaration"), attached hereto as Exhibit B. In further support of the Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.    On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC, [2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2.     The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6.     On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957], on June 12, 2009 [Docket Nos. 1343-1453], and on March 2, 2010 [Docket Nos. 3548-3599] (collectively, the "Schedules").[3]

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 [CNLBC Docket Nos. 8 and 9], which were subsequently amended on December 9, 2009 [Docket No. 2779].

7.    On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]  The Bar Date Order granted any claimants holding a claim affected by amendments to the Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory contract or unexpired lease an additional 30 days from the applicable amendment or supplement to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed proof of claim in connection therewith.

8.    Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

9.    To date, approximately 6,390 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10.    By this Objection, the Debtors seek entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

---

[4] No Bar Date has been set for the filing of Proofs of Claim against Tribune CNLBC, LLC.

disallowing and expunging in their entirety each of the No Liability Claims identified on <u>Exhibit</u>

<u>A</u> on the basis that, after reconciling each of the No Liability Claims and supporting materials

against their books and records, the Debtors have determined that they are not liable with respect

to the claims identified in <u>Exhibit A</u>.  Failure to disallow the No Liability Claims would result in

the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the

detriment of other creditors in this case.  Accordingly, the Debtors request entry of the Order

disallowing in full and expunging each of the No Liability Claims identified in <u>Exhibit A</u> to this

Objection and to the Order.  The Debtors further request that this Court waive Local Rule 3007-

1(f)(iii) to allow them to reserve their right to object in the future to any of the Proofs of Claim

listed on <u>Exhibit A</u> to this Objection on any ground, and to amend, modify, and/or supplement

this Objection, including, without limitation, to object to amended or newly-filed claims.  Except

for the requested waiver with respect to Local Rules 3007-1(f)(iii), this Objection complies in all

respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

11.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a
hearing, shall determine the amount of such claim in lawful
currency of the United States as of the date of the filing of the
petition, and shall allow such claim in such amount, except to the
extent that—
(1)    such claim is unenforceable against the debtor and
property of the debtor, under any agreement or applicable
law for a reason other than because such claim is
contingent or unmatured . . . .

11 U.S.C. § 502(b)(1). Section 502(b)(1) recognizes the settled principle that "[c]reditors'

entitlements in bankruptcy arise in the first instance from the underlying substantive law creating

the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code."

<u>Travelers</u>, 549 U.S. at 450-51 (citing <u>Raleigh v. Illinois Dep't of Revenue</u>, 530 U.S. 15, 20

(2000)).  Pursuant to section 558 of the Bankruptcy Code, "[t]he estate shall have the benefit of

any defense available to the debtor as against any entity other than the estate, including statutes

of limitation, statutes of frauds, usury, and other personal defenses."  11 U.S.C. § 558.

12.     In connection with their review of all Proofs of Claim filed to date against

the Debtors' estates, the Debtors have identified seventy-six (76) claims, in the aggregate amount

of approximately $16,406,949.56, as No Liability Claims.  The Debtors have diligently reviewed

their books and records and believe that they are not liable for the No Liability Claims because

the Debtors' books and records, which the Debtors believe to be accurate, do not reflect that any

prepetition amounts are due and owing on account of the No Liability Claims set forth on Exhibit

A for the reasons specified on Exhibit A for each respective claim.  Accordingly, the Debtors

object to the allowance of each of the No Liability Claims and request that such No Liability

Claims be disallowed in their entirety and expunged.  The Debtors also request that the Court

authorize the Claims Agent to expunge the No Liability Claims from the Claims Register as

sought by this Objection so that the Claims Register reflects more accurately the claims

legitimately asserted and outstanding against the Debtors.

## RESERVATION OF RIGHTS

13.     The Debtors hereby reserve their right to object in the future to any of the

Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify,

and/or supplement this Objection, including, without limitation, to object to amended or newly-

filed claims.  Separate notice and hearing will be provided and scheduled, respectively, for any

such objection.

14.     Notwithstanding anything contained in this Objection or in the Exhibits

attached to this Objection and to the order, nothing herein shall be construed as a waiver of any

rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of

the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise

their rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

15.      Notice of this Objection has been provided to:  (i) the Office of the United

States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for

Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the

Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; and (vi) all parties

requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).

In light of the nature of the relief requested herein, the Debtors submit that no other or further

notice is necessary.

## NO PRIOR REQUEST

16.      No previous application for the relief sought herein has been made to this

Court or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging the No Liability Claims as set forth on Exhibit A; (ii) directing the Claims Agent to expunge the No Liability Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
April 16, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kevin T. Lantry
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION