**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x   Chapter 11
In re:                                                    :
                                                          :   Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,                                  :
                                                          :   Jointly Administered
       Debtors.                                           :
                                                          :   Objections Due: May 17, 2010
                                                          :   @ 4:00 p.m.(ET)
------------------------------------------------------- x   Hearing Date:  N/A


**FIFTEENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
MARCH 1, 2010 THROUGH MARCH 31, 2010**


| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | March 1, 2010 through March 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,195,444.40    (80% of $1,494,305.50) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $110,300.89 |


This is a(n):    _x_ Monthly          ____ Interim          ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**March 1, 2010 through March 31, 2010**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner\*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $965 | 162.60 | $156,909.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 855 | 65.00 | 55,575.00 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 825 | 4.20 | 3,465.00 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 825 | 102.20 | 84,315.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 795 | 142.90 | 113,605.50 |
| Marjorie Glover (1999) | Employee Benefits | 1988 (MA) 1989 (NY) | 785 | 0.60 | 471.00 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 785 | 21.10 | 16,563.50 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 695 | 120.30 | 82,253.25 |
| Scott Berson (2004) | Corporate | 1996 (NY) | 695 | 4.20 | 2,919.00 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 650 | 1.80 | 1,170.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Richard Liskov | Insurance & Reinsurance | 1975 (NY) | 675 | 0.40 | 270.00 |
| Mark D. Ashley | Litigation | 1995 (NY) | 645 | 172.50 | 111,262.50 |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 625 | 132.20 | 82,625.00 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 495 | 33.50 | 16,582.50 |
| | | | | | |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Associate:** | | | | | |
| Jonathan Cross | Corporate | 2002 (NY) | 625 | 6.50 | 4,062.50 |
| Eric Przybylko | Litigation | 1997 (NY) | 625 | 3.60 | 2,250.00 |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 625 | 38.40 | 24,000.00 |
| Felipe E. Creazzo | Corporate | 1995 (Brazil) 2002 (DC) 2006 (NY) | 595 | 2.20 | 1,309.00 |
| Robert J. Gayda | Bankruptcy and Financial Restructuring | 2005 (NY) | 595 | 62.50 | 37,187.50 |
| Kimberly Giuliano | Intellectual Property | 2005 (NY) | 595 | 12.40 | 7,378.00 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 595 | 42.10 | 25,049.50 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 595 | 142.20 | 83,746.25 |
| Ted Castell | Corporate | 2003 (NJ) 2004 (NY) | 595 | 21.50 | 12,792.50 |
| Tamara Stevenson | Litigation | 2005 (NY) | 595 | 66.60 | 39,627.00 |
| Paul Tanck | Corporate | 2005 (NY) | 595 | 53.90 | 32,070.50 |
| Turgut Cankorel | Corporate | 2007 (NY) | 515 | 11.20 | 5,768.00 |
| Benjamin G. Carson | Corporate | 2008 (NY) | 475 | 12.50 | 5,937.50 |
| Elizabeth Grimaldi | Corporate | 2008 (NY) | 475 | 50.80 | 24,130.00 |
| Robert Kirby | Litigation | 2008 (NY) | 475 | 20.80 | 9,880.00 |
| Patrick Narvaez | Corporate | 2008 (NY) | 475 | 20.70 | 9,832.50 |
| Meghan Towers | Bankruptcy & Financial Restructuring | 2008 (NY) | 475 | 15.70 | 7,457.50 |
| Lara Aryani | Corporate | 2009 (NY) | 405 | 37.50 | 15,187.50 |
| Adrienne Duffy | Corporate | 2009 (NY) | 405 | 29.10 | 11,785.50 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 45.90 | 18,589.50 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Alison Kronstadt | Corporate | 2009 (NY) | 405 | 14.50 | 5,872.50 |
| Chiraag Kumar | Project Finance | 2009 (NY) | 405 | 26.40 | 10,692.00 |
| Rachel Kurth | Employee Benefits | 2009 (NY) | 405 | 1.20 | 486.00 |
| Faryal Malik | Corporate | 2007 (NJ) 2008 (NY) | 405 | 107.50 | 43,537.50 |
| Jonathan Noble | Litigation | 2009 (NY) | 405 | 11.70 | 4,738.50 |
| Francesca Perkins | Litigation | 2009 (NY) | 405 | 120.30 | 48,721.50 |
| Isaac Safier | Corporate | 2009 (NY) | 405 | 64.30 | 26,041.50 |
| Megan Strand | Communications and Technology | 2009 (NY) | 405 | 41.80 | 16,929.00 |
| Matthew Weinbaum | Project Finance | 2009 (NY) | 405 | 14.60 | 5,913.00 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 71.80 | 29,079.00 |
| Kimberly Zafran | Litigation | 2009 (NY) | 405 | 142.50 | 57,712.50 |
| Eric Daucher | Bankruptcy & Financial Restructuring | JD-2009 | 355 | 89.50 | 31,772.50 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 355 | 159.40 | 355.00 |
| Laura Rowntree | Litigation | 2009 (CT) 2010 (NY) | 355 | 40.80 | 14,484.00 |
| Andrea Voekler | Litigation | JD-2009 | 355 | 7.00 | 2,485.00 |
| | | | | | |

| Paraprofessionals: | | | | | |
|---|---|---|---|---|---|
| Lori Moloney | Litigation | n/a | 305 | 1.10 | 335.50 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 270 | 47.20 | 12,744.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 270 | 28.00 | 7,560.00 |
| Lissette Mendoza | Litigation | n/a | 240 | 41.50 | 9,960.00 |
| Aram Hanessian | Bankruptcy & Financial Restructuring | n/a | 185 | 3.50 | 647.50 |
| Kristen Garry | Litigation | n/a | 180 | 11.00 | 1,980.00 |
| | | | | | |
| **TOTAL:** | | | | **2,705.20** | **$1,494,305.50** |

BLENDED RATE:     $553.00

_____

\* Includes year elected Partner at firm or joined firm as Partner.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------ x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: May 17, 2010<br>@ 4:00 p.m.(ET) |
| ------------------------------------------------------ x | Hearing Date: N/A | |

**FIFTEENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS
CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
MARCH 1, 2010 THROUGH MARCH 31, 2010**

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee

of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the

"Debtors"), hereby submits this Application (the "Application") for approval and allowance of

compensation for services rendered in the amount of $1,494,305.50 (80% of which equals

$1,195,444.40) and reimbursement of expenses incurred in the amount of $110,300.89 during the

period commencing March 1, 2010 through and including March 31, 2010 (the "Application

Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the

United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the

Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and

1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the

Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural

purposes only.

4.      The Debtors have continued in possession of their respective properties and have

continued to operate and maintain their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the

Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009 the Bankruptcy Court authorized the employment and

retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      No trustee or examiner has been appointed in these chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.      All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.      During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.      The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.      As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,494,305.50.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

3

12.    The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

A.    **Bankruptcy General (Matter 002)**

Fees:  $26,112.50        Total Hours:    54.80

13.    During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.    Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

4

**B.**   **Committee Meetings (Matter 003)**

Fees: $97,448.00          Total Hours:   148.00

15.      Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, the LBO/ESOP investigation, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

**C.**   **Creditor Communications (Matter 004)**

Fees: $3,155.50          Total Hours:   4.30

16.      Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries.  During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.**    **DIP Financing (Matter 005)**

  Fees:  $6,585.50          Total Hours:  11.70

17.    During the Application Period, Chadbourne reviewed the Debtors motion to enter

into an amended letter of credit facility.  Chadbourne analyzed the relief requested, reviewed

the underlying documentation and advised the Committee of its analysis and recommendations.

**E.**    **Business Operations (Matter 007)**

  Fees:  $50,850.00          Total Hours:  102.40

18.    During the Application period, Chadbourne attorneys devoted time with respect to

corporate and transactional matters concerning the Debtors' businesses.  Efforts included

substantial additional time devoted by Chadbourne's corporate group to the analyses of the

potential transaction involving Tribune's interest in Food Networks and conferred with Debtors'

counsel to discuss its analyses and potential implications resulting therefrom.

19.    During the Application Period, substantial efforts continued to be exerted with

respect to Federal Communications Commission ("FCC") matters.  Among other things,

attorneys from Chadbourne's Communications and Technology Group reviewed and

commented on the numerous provisions in the Debtors' draft plan and disclosure statement

which relate to FCC matters.  These attorneys also continued to perform an analysis related to

the many structure issues and options related to the FCC approval issues.

20.    Additionally, Chadbourne reviewed and analyzed the Debtors' motions seeking

relief to (i) dismiss the Chapter 11 case of New River Center Maintenance Association,

(ii) extend the time to file notices of removal of claims and causes of action pending as of the

petition date in connection with the transfer of a lawsuit from state to federal court, and (iii) authorize the sale of its membership interests in Zetabid, an online auction business. Chadbourne analyzed the relief requested, performed legal research to ensure the relief was appropriate, fair and beneficial to the Debtors' estates and provided appropriate summaries to the Committee with respect to the foregoing.

21.     Finally, Chadbourne attorneys continued to review and monitor issues involving the Debtors' day-to-day business operations.  This included the review of weekly operations and financial reports prepared by the Committee's financial advisors as well as the Debtors' 2010 business plan.

**F.     Claims Administration/Bar Date (Matter 009)**

Fees:  $3,027.50          Total Hours:   6.90

22.     During the Application Period, Chadbourne attorneys continued to review the omnibus objections to claims filed by the Debtors.  Chadbourne reviewed and evaluated the relief requested in the motions as well as the bases and processes followed by the Debtors in pursuing the objections and performed appropriate follow-up with the Committees' financial advisors where appropriate.  Further, Chadbourne updated the Committee on the details of the requested relief by the Debtors and recommend a Committee course of action.

**G.**    **Fee/Retention Applications (Matter 010)**

    Fees:  $15,208.50        Total Hours:   41.50

23.    Chadbourne expended further time during the Application Period in compliance with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparing and filing its fourteenth monthly fee application, reviewing the Fee Examiner's initial report concerning Chadbourne's third interim fee application and preparation of a response to address concerns raised in the report.

24.    In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

**H.**    **Plan and Disclosure Statement (Matter 011)**

    Fees:  $245.60        Total Hours:   159,830.00

25.    During the Application Period, Chadbourne attorneys continued to be engaged in the plan and confirmation process.  Chadbourne expended time reviewing alternative plan strategies while facing the termination of the Debtors' exclusivity on March 31, 2010.  This work included extensive legal research on various alternatives to the case structure currently imagined to be the best route by the Debtors.  When a serious plan proposal was ultimately proffered by the Debtors to the Committee, a process was undertaken by the Committee to create a framework by which a global settlement could be fostered.  Those substantial efforts proved successful.

26.     During this time, a tentative agreement was reached among certain creditor constituencies on the LBO/ESOP investigation that was reflected in a settlement agreement and, subsequently, a revised draft plan.  Chadbourne reviewed and analyzed the Debtors' draft plan and researched numerous issues raised in the plan including, among other things, subordination of claims, pension/compensation matters, releases, and various FCC issues. Chadbourne and Debtors' counsel engaged in numerous discussions regarding the draft plan, during which terms were negotiated and Chadbourne proposed revisions to the draft plan.

27.     Finally, as the Committee believes that a settlement plan was in the best interests of the Debtors' estates, it supported the Debtors' request for an additional short extension on exclusivity to allow negotiations to continue and finalize the terms of the settlement.

## I.      **Executory Contracts (Matter 012)**

Fees:  $2,834.00          Total Hours:    6.00

28.     During the Application Period, the Debtors continued the ongoing process of seeking approval to assume and/or reject certain leases and contracts.  Chadbourne attorneys prepared a summation for review by the Committee of its analysis of the Debtors' motion to assume certain prepetition agreements with Marsh USA, Inc. in order to ensure the assumption is favorable to the Debtors' estates.

## J.      **Employee Issues (Matter 014)**

Fees:  $5,249.50          Total Hours:    7.90

29.     Following the Court's approval of one component of the 2009 Management Incentive Plan (the "MIP"), Chadbourne attorneys continued to work in collaboration with

Debtors' counsel in reviewing and providing comments on the motion dismissing the remaining portion of the MIP. During the Application Period, Chadbourne also reviewed and analyzed the presentation materials on a proposed 2010 management incentive plan formulated by an independent compensation consultant working in cooperation with the Debtors.

**K.    General Litigation (Matter 017)**

      Fees:  $157,276.00        Total Hours:    272.00

30.    During the Application Period, Chadbourne attorneys expended considerable efforts in connection with pending litigation matters, most significantly, matters in relation to actions taken by Wilmington Trust Company ("WTC"). Initially, Chadbourne was focused on addressing WTC's motion for appointment of an examiner as well as WTC's cross-motion to intervene in the Committee's standing motion. Before the Court could address these motions, WTC commenced an adversary proceeding by filing a complaint against JPMorgan Chase Bank, N.A. ("JPM") and the senior lenders (the "WTC Complaint").

31.    By the WTC Complaint, WTC requested the equitable subordination and disallowance of certain claims. Moreover, the WTC Complaint, as initially filed, was improperly redacted and potentially disclosed confidential information that would have been a violation of the Bankruptcy Court's Depository Order. Additionally, the Committee alleged that WTC usurped Chadbourne's work product reflected in the Committee's complaint that was filed under seal. Given the myriad of issues implicated by the filing of the WTC Complaint, including, among other things, automatic stay and standing issues, Chadbourne devoted extensive time reviewing and analyzing the legal and factual issues raised in the WTC Complaint.

32.     During this period, Chadbourne discussed alternative responses to the WTC

Complaint with Debtors' counsel and counsel to JPM.  Ultimately, the Debtors filed a motion

for violation of the automatic stay and JPM filed a motion for sanctions against WTC.  On

behalf of the Committee, Chadbourne attorneys expended time researching, preparing and filing

a statement in support of the Debtors' and JPM's filings.  As part of the process, Chadbourne

expended time preparing a comprehensive analysis for presentation to the Committee outlining

the WTC Complaint, subsequent filings and the Committee's options going forward.

33.     Finally, Chadbourne attorneys prepared for and attended the hearing on Law

Debenture of New York's motion regarding the reimbursement by non-Debtor Tribune affiliates

of certain LBO lenders' fees.  After hearing the evidence put forth by all parties, the Court took

the dispute under advisement.

**L.      Travel (Matter 018)**

Fees:  $2,218.00          Total Hours:  6.80

34.     During the Application Period, Chadbourne attorneys travelled to Wilmington,

Delaware to attend omnibus hearings at the Bankruptcy Court.  The hours reflect non-working

travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**M.      Review of Prepetition Financings (Matter 019)**

Fees:  $613,993.00        Total Hours:  1,253.30

35.     During the Application Period, Chadbourne attorneys expended substantial time

on the ongoing comprehensive review of the Debtors' prepetition financing documents and

capital structure as part of the Committee's review and analysis of potential challenges that

could be asserted with respect to certain prepetition LBO/ESOP Transaction.   Indeed,

Chadbourne's team of professionals continued to receive and review a significant volume of

documents during this time.  Ultimately, Chadbourne's team completed its initial review of

approximately 325,000 documents and computer records (over 3.9 million pages of materials)

since the discovery process began through the Application Period.  Finally, as noted above and

from the amount of time expended in this matter, the 2007 LBO/ESOP Transaction

review/investigation is a massive undertaking involving over 40 professionals and

paraprofessionals working for Chadbourne alone.  This should not be surprising given what is

at stake:  over $11 billion in claims.

36.     In addition, Chadbourne attorneys continue analyzing the legal standards and

requirements of such potential challenges and any possible defenses and other considerations

related thereto.  In particular, Chadbourne analyzed the validity of certain guarantees and the

affect of the avoidance thereof and the possibility of addressing the LBO/ESOP Transaction

claims in a plan of reorganization.

37.     Lastly, as noted above, serious plan and LBO/ESOP settlement discussions

ensued during this period.  The various settlement option permutations required great efforts by

a number of Chadbourne's LBO/ESOP investigation team.  The team spent time and was

instrumental in ensuring that all of the appropriate issues were addressed in what became a plan

term sheet.  The plan term sheet was ultimately converted into a draft plan.  It must be noted

that the draft plan is not supported by all major case constituencies.  Accordingly, the

Committee continues to ensure that it has alternatives available should such an option be

needed.

**N.**    **Shareholder Claims (Matter 020)**

      Fees:  $350,517.50        Total Hours:  544.00

38.     During the Application Period, Chadbourne continued to expend efforts on third party claims -- claims against certain former shareholders, Tribune directors and officers, and other third parties for claims related to the LBO/ESOP Transaction.  This ongoing process included the review of targeted discovery materials, preparation of various legal memoranda, drafting the necessary court papers, including the appropriate complaint and motion for order conferring standing on the Committee, and performing related legal research.  In addition, Chadbourne shared its views regarding such claims with the Committee during several meetings.

## ACTUAL AND NECESSARY EXPENSES

39.     A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $110,300.89 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.  Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

40.     Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call

services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

41.    With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services. In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

42.    In connection with the LBO/ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS"). The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format. In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

43.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings, settlement meetings and depositions hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

44.    In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends. Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## VALUATION OF SERVICES

45.     Attorneys and paraprofessionals of Chadbourne have expended a total of 2,705.20 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,494,305.50.

46.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

47.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period March 1, 2010 through March 31, 2010:  (a) authorizing compensation in the amount of $1,494,305.50 (80% of which equals $1,195,444.40 for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $110,300.89 for a total of $1,604,606.39; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:    April 26, 2010
          New York, New York

                                        CHADBOURNE & PARKE LLP

                                        By: _____
                                            Douglas E. Deutsch
                                            (A Member of the Firm)

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Co-Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

# VERIFICATION

STATE OF NEW YORK    :
                            : ss:
COUNTY OF NEW YORK  :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)     I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 2009.

(b)     I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)     I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch

Sworn to before me this
26th day of April 2010

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010