## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: May 18, 2010 at 1:00 p.m. EST**<br>**Objection Date: May 11, 2010 at 4:00 p.m. EST** |

### APPLICATION OF THOMAS & LOCICERO PL FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION MATTERS

Thomas & LoCicero PL ("T&L"), media law and First Amendment counsel for

the East Coast publishing and broadcasting operations of the affiliated companies that filed

voluntary petitions for relief in the above-captioned chapter 11 cases (collectively, the

"Debtors"), respectfully submits this application (the "Application") to this Court, pursuant to (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii)

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule

2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to

Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary

Course of Business (the "OCP Order"), (v) the Order Establishing Procedure for Interim

Compensation and Reimbursement of Expenses of Professionals and Committee Members

Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and

(vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation

and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the

"Fee Examiner Order") for (a) the allowance of fees in the aggregate amount of $168,370.29 and

expenses in the aggregate amount of $106.06 for services rendered to the Debtors in the three-

month period from November 1, 2009 through January 31, 2010, (b) authorizing T&L to retain

amounts previously paid to it by the Debtors on account of such fees (as discussed at paragraph

11, infra), and (c) for the limited waiver of the procedures for the approval and payment of

professional compensation and consideration of fee applications set forth in the Interim

Compensation Order and the Fee Examiner Order with respect to this Application (as discussed

at paragraph 15, infra).  In support of the Application, T&L respectfully states as follows:

## BACKGROUND OF THE CASES

1.      On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2.     The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3.     The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

4.     On December 18, 2008, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Committee").

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.     On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (the "OCP Motion"). [Docket No. 148.] In the OCP Motion, the

Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including T&L.[4] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. [Docket No. 227.]

7.     Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. T&L was retained by the Debtors to provide media law and First Amendment counsel for the Debtors' East Coast publishing and broadcasting operations in the ordinary course of business, with a Monthly Cap of $50,000.00.

8.     The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. [See Docket Nos. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, and 3861.]

9.    At the time the Debtors retained T&L as an Ordinary Course Professional, the Debtors and T&L negotiated a $50,000 per month flat-fee billing arrangement, pursuant to which Tribune Company's assistant general counsel, David Bralow, joined T&L as a partner and, together with one of the firm's associates, provided all legal services for the Debtors' East Coast publishing and broadcasting operations on a full-time basis.[5]  In November 2009, Debtor Orlando Sentinel Communications Company (the "Sentinel") was named in a civil defamation lawsuit (the "Bond Lawsuit").  T&L agreed to defend the Sentinel in the Bond Lawsuit, which representation commenced on or about November 25, 2009.  The Debtors and T&L agreed that the firm's representation of the Sentinel in connection with the Bond Lawsuit was outside the scope of the flat-fee billing arrangement.  T&L partner Gregg Thomas was lead counsel on the defense of the Bond Lawsuit.

10.    T&L has submitted two invoices for professional services rendered in connection with defending the Bond Lawsuit, for fees in the aggregate amount of $18,370.29 and expenses in the aggregate amount of $106.06.  Copies of these invoices and corresponding time detail are attached hereto as Exhibit A.  The first invoice, dated January 8, 2010, seeks payment of fees in the amount of $13,556.74 and expenses in the amount of $50.23 for services rendered in the months of November and December 2009.  The second invoice, dated March 4, 2010, seeks payment of fees in the amount of $4,813.55 and expenses in the amount of $55.83 for services rendered in the month of January 2010.

11.    In addition to the fees incurred in connection with defending the Bond Lawsuit, T&L also submitted monthly invoices for services rendered in the months of November 2009 through January 2010 pursuant to the flat-fee billing arrangement, each in the amount of

---

[5] The flat fee was negotiated based on two attorneys working 320 hours per month at a reduced hourly rate.

$50,000, for which T&L has received payment from the Debtors. Taken together, the professional fees of T&L that were earned and invoiced to the Debtors for the months of November 2009 through January 2010 total $168,370.29 in the aggregate, exceeding T&L's applicable monthly cap of $50,000.00 on a rolling two-month basis by the aggregate amount of $18,370.29. The Debtors have informed T&L that because the fees incurred for the months of November 2009 through January 2010 exceeded the firm's applicable Monthly Cap, T&L is required to seek this Court's allowance of the entire amount of the firm's November 2009 through January 2010 invoices. Accordingly, T&L seeks this Court's allowance of such fees.

## RELIEF REQUESTED

12.    By this Application, T&L seeks (i) the allowance of fees in the aggregate amount of $168,370.29 and expenses in the aggregate amount of $106.06 for services rendered to Debtors in the three-month period from November 1, 2009 through January 31, 2010; (ii) authorization for T&L to retain amounts previously paid to it by the Debtors on account of such fees; and (iii) the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees requested herein relating to the defense of the Bond Lawsuit are provided on Exhibits B and C to this Application.

## BASIS FOR RELIEF REQUESTED

13.    T&L has represented the Debtors since 2006 as the Debtors' primary media law and First Amendment counsel for the Debtors' Florida publications, including the Orlando Sentinel, the South Florida Sun-Sentinel, as well as other publications and broadcast stations on the East Coast, including the Baltimore Sun, the Allentown Morning Call, the Hartford Courant, and WPIX-TV. Prior to 2006, many of the firm's lawyers represented the

5289556                                              6

Debtors while at the firm of Holland & Knight. T&L handles matters concerning access to information, protection of reporters from subpoenas, newsgathering and pre-publication advice, and defense of defamation, invasion of privacy, and other content-related litigation.

14.    In late November 2009, the Sentinel was served with a civil defamation complaint commenced in circuit court in Orange County, Florida, captioned Bond Aviation and Larry Bond v. Orlando Sentinel. The plaintiffs contend that the Orlando Sentinel published false and defamatory information about Mr. Bond personally and his business, Bond Aviation, that caused significant monetary and reputational damage. After the initial evaluation of the case, T&L prepared and filed a motion to dismiss the Bond Lawsuit on both substantive and procedural grounds. In addition, T&L initiated discovery both from the plaintiffs and through public records and Freedom of Information Act requests to the Federal Aviation Authority and other involved entities. The information developed through discovery established the substantial truth of the stories published by the Orlando Sentinel. In April 2010, Larry Bond and Bond Aviation agreed to dismiss with prejudice the Bond Lawsuit against the Sentinel. T&L respectfully submits that the fees and expenses requested in connection with providing the defense of the Bond Litigation are reasonable for a defamation matter with allegations of substantial damages and that the firm's successful defense of the Bond Litigation contributed substantial benefit to the Debtors' estates.

15.    T&L respectfully submits that good cause exists for this Court to waive the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order. Specifically, T&L requests a limited waiver from such procedures solely for the purpose of permitting T&L to retain the amount of the payments made to it by the Debtors on

account of the parties' flat-fee arrangement and to allow the Debtors to pay T&L the full amount of T&L's fees and expenses in connection with defending the Bond Litigation, rather than requiring T&L to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report.

16.    T&L has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the Debtors in these chapter 11 cases.  There is no agreement between T&L and any other party for the sharing of compensation to be received for the services rendered by T&L to the Debtors.  All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

17.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

18.    The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

19.    No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, T&L respectfully requests

the Court enter an order (i) allowing fees in the aggregate amount of $168,370.29 and expenses

in the aggregate amount of $106.06 for services rendered to Debtors in the three-month period

from November 1, 2009 through January 31, 2010, (ii) authorizing T&L to retain amounts

previously paid to it by the Debtors on account of such fees, (iii) waiving the procedures for

compensation and reimbursement of expenses for professionals and consideration of fee

applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with

respect to this Application, and (iv) to grant such further relief as is just and proper.

Dated: April 27, 2010

Respectfully submitted,

Gregg D. Thomas
  Florida Bar No. 223913
THOMAS & LOCICERO PL
400 N. Ashley Drive, Suite 1100
Tampa, Florida 33602
Telephone:    (813) 984-3060
Facsimile:     (813) 984-3070