## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### FEE EXAMINER'S FINAL REPORT
### REGARDING SECOND INTERIM FEE APPLICATION OF
### COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

Stuart Maue, fee examiner in this proceeding, submits this preliminary report with respect to the Second Interim Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A. for the period from March 1, 2009, through May 31, 2009 ("Application"), seeking approval of fees that total $256,560.00 and reimbursement of expenses that total $17,090.58. Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz") is co-counsel to the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); ForSaleByOwner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; K.IAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## Background

1.      Stuart Maue reviewed the Application, including each of the billing and expense entries, for compliance with 11 U.S.C. § 330, Rule 2016–2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.      This report includes exhibits that detail and support the findings discussed below.  Each time entry associated with a specific category, as well as a summary of the total hours and fees, is displayed in the exhibit.  The tasks included in a category are underlined in the fee exhibits.  For purpose of context, the other tasks within the same entry are also displayed.

3.      Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing.  Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry.  As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry.  This methodology has been adopted by courts when evaluating fees and ruling on fee applications.  *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999).  Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice.  The alternative to using proportionalized time is to question the blocked entry in its entirety.

## Review of Fees

4.      **Recomputation of Fees and Expenses.**  Stuart Maue recomputed the fees and expenses requested in the Application.  The hours billed by each timekeeper were totaled and multiplied by the

individual's hourly rate. The recomputation of fees and expenses revealed no difference between the amount requested and the amount computed.

5.      **Firm Staffing.** The Guidelines in Section II.A.3 state that fee applications should identify the following information: "names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11." The Application provided the names, positions, and hourly rates of the Cole Schotz timekeepers who billed to this matter. The matter was staffed with 11 professionals and paraprofessionals, consisting of 7 firm members, 2 associates, and 2 paralegals. A summary of hours and fees billed by each timekeeper is displayed in Exhibit A.

The firm invoiced 656.00 hours with associated fees of $256,560.00. The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Member | 424.20 | 65% | $209,633.00 | 82% |
| Associate | 22.30 | 3% | 7,176.00 | 3% |
| Paralegal | 209.50 | 32% | 39,751.00 | 15% |
| TOTAL | 656.00 | 100% | $256,560.00 | 100% |

The blended hourly rate for the Cole Schotz professionals is $485.57 and the blended hourly rate for professionals and paraprofessionals is $391.10.

6.      **Hourly Rate Increases.** Cole Schotz did not increase the hourly rate of any timekeeper during the second interim period.

7.      **Potential Double Billing.** Potentially double billed entries are entries or activities that appear to be duplicated (i.e., on the same date by the same timekeeper with identical or nearly identical descriptions and time increments). The entries classified as potential double billing were displayed in

Exhibit B to the preliminary report.    The questioned tasks, totaling 1.60 hours and $768.00 in associated fees, were highlighted in bold and marked with an ampersand [&] in the exhibit.

In response to the preliminary report, Cole Schotz reviewed the actual time records and, as appropriate, certain e-mail referenced in the time entries, in order to determine whether time entries were duplicated.    The firm's review confirmed that four time entries were inadvertently duplicated, and accordingly Cole Schotz withdraws the request for compensation with respect to the highlighted time entries displayed in the attached Exhibit B.    The voluntary fee reduction amounts to $192.00.

8.    **Transient Timekeepers.**    The activities of timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear.    The following timekeepers identified as potentially transient billers in the current Application did not bill to the case in the first application:    Alan Rubin, Marion M. Quirk, and David M. Bass.    Three other timekeepers identified as transient in this Application billed less than ten hours in the first Application, namely Michael F. Bonkowski, Mark J. Politan, and Kimberly A. Stahl.    Stuart Maue recognizes that some timekeepers have specialized knowledge or expertise and they may be called upon to provide services to the case on a limited basis; however, it appears that certain individuals had minimal involvement in the case and billed for activities that may have been performed by other billers or timekeepers billing at a lower rate.    Stuart Maue requested that Cole Schotz provide additional information regarding the role of the timekeepers identified as potentially transient billers.    The billing entries of the timekeepers total 5.70 hours and $2,741.00 in associated fees and were displayed in Exhibit C to the preliminary report.

In response, Cole Schotz stated that the six individual were consulted due to their specific expertise or experience concerning a discrete legal issue or for purposes of addressing an isolated legal issue for the Debtors.    The firm also provided additional information regarding each of the six timekeepers and their areas of expertise.    After consideration of the additional detail provided by

Cole Schotz, Stuart Maue makes no recommendation for a fee reduction arising from potentially transient timekeepers. Exhibit C is omitted from this report.

9.   **Complete and Detailed Task Descriptions.**   Local Rule 2016-2(d) provides that activity descriptions "shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The Rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Stuart Maue's review of the fee entries revealed that Cole Schotz timekeepers described billing activities with adequate and sufficient detail, in compliance with the Local Rules.

10.   **Block Billing.**   The Guidelines in Section II.D.5 provide that "services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry." On occasion, Cole Schotz block billed activity descriptions into one entry with a single time increment. The blocked entries were displayed in Exhibit D to the preliminary report and totaled 37.70 hours with $17,670.50 in associated fees. Stuart Maue provided Cole Schotz with the exhibit to allow review by the firm so that corrective action may be taken to assure that future fee applications do not contain block billed time entries.

In response to the preliminary report, Cole Schotz stated the firm will make every effort to ensure that all professionals bill each discrete activity separately. As Stuart Maue makes no recommendation for a fee reduction, Exhibit D is omitted from this report.

11.   **Conferences, Hearings, and Other Events.**   Cole Schotz did not violate Local Rule 2016-2(d)(ix) or Section II.D.5 of the Guidelines prohibiting multiple attendance by firm timekeepers at meetings or hearings.

12.    **Intraofffice Conferences.**  Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel.  The fees billed by Cole Schotz for intraoffice conferences total 36.88 hours with $14,275.33 in associated fees, which computes to approximately 6% of the total fees requested in the Application.  The entries were displayed in Exhibit E to the preliminary report.  In a few instances, two or more firm timekeepers billed to attend the same internal conference.  The intraoffice conferences attended by more than one timekeeper total 15.50 hours with $5,876.50 in associated fees, and were highlighted in bold and marked with an ampersand [&] in the exhibit.  Stuart Maue requested that Cole Schotz provide a brief explanation for the necessity of more than one participant billing for the same intraoffice conference.

In response to the preliminary report, Cole Schotz provided a lengthy and detailed explanation of the purpose and necessity of the intraoffice communication identified in the exhibit.  The firm divided the conferences into three categories, and for each category supplied both general and specific context for the communications.  After consideration of the extensive information provided, Stuart Maue makes no recommendation for a fee reduction.  Exhibit E is omitted from this report.

13.    **Clerical Activities.**  Clerical activities are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.  Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying.  In this Court there has been a practice by Stuart Maue and other fee examiners of recommending that clerical activities be paid at the rate of $80.00 per hour, and Stuart Maue intends to follow that practice in this case.  The entries describing potential clerical activities were displayed in Exhibit F to the preliminary report and totaled 56.90 hours with $10,766.00 in associated fees.

In response, Cole Schotz noted that the majority of the time entries in question related to the electronic filing and service of motions, applications, reports, etc., and provided a detailed explanation as to the necessity and efficiency of the firm's utilization of a single paralegal to perform all

such tasks.  Cole Schotz also provided additional description of the work involved in entries describing docket information, the chart of ordinary course professionals, and the critical dates calendar.  Given the additional information provided and the role of Cole Schotz, Stuart Maue makes no recommendation for a fee reduction.  Exhibit F is omitted from this report.

14.     **Cole Schotz Retention/Compensation.**  The firm invoiced 41.30 hours with associated fees of $15,677.00 to prepare the firm's retention documents and applications for compensation, which computes to approximately 6% of the total fees billed by the firm.  For informational purposes, the fee entries describing retention/compensation activities were displayed in Exhibit G to the preliminary report.  Stuart Maue makes no recommendation for a related fee reduction, and Exhibit G is omitted from this report.

15.     **Other Firms' Retention/Compensation.**  Cole Schotz invoiced 88.55 hours with associated fees of $31,503.50 to review and prepare other firm's retention documents and applications for compensation, which computes to approximately 12% of the total fees billed by the firm.  For informational purposes, the related fee entries were provided in Exhibit H to the preliminary report.  Given the firm's role in this proceeding, Stuart Maue makes no recommendation for a related fee reduction, and Exhibit H is omitted from this report.

**Review of Expenses**

16.     **Complete and Detailed Itemization of Expenses.**  The Guidelines in Section II.E.3. provide that factors relevant to a determination that the expense is proper include "Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense.  Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred."  Cole Schotz provided an itemization for the firm expenses

that included the category, the date, the description, the amount, and the name of the timekeeper who incurred the charge.

17.    **Photocopies.**  The firm requested reimbursement of $2,713.40 for duplication charges at a rate of $0.10 per page, in compliance with Local Rule 2016-2(e)(iii).

**Conclusion**

Stuart Maue submits this final report regarding the Application and the fees and expenses discussed above.   Stuart Maue recommends the approval of fees in the amount of $256,368.00 ($256,560.00 minus $192.00) and reimbursement of expenses in the amount of $17,090.58 for the period from March 1, 2009, through May 31, 2009.   A summary of our findings is attached as Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
    John L. Decker, Esq.
    3840 McKelvey Road
    St. Louis, Missouri  63044
    Telephone:  (314) 291-3030
    Facsimile:   (314) 291-6546
    tribunebkr@smmj.com

**Fee Examiner**

APPENDIX A

## COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

### SUMMARY OF FINDINGS

#### Second Interim Fee Application (March 1, 2009 through May 31, 2009)

**A.**     **Amounts Requested and Computed**

| | | |
|---|---|---|
| Fees Requested | $256,560.00 | |
| Expenses Requested | 17,090.58 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $273,650.58 |
| | | |
| Fees Computed | $256,560.00 | |
| Expenses Computed | 17,090.58 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $273,650.58 |

**B.**     **Recommended Fee Allowance and Expense Reimbursement**

| | | |
|---|---|---|
| Fees Requested | $256,560.00 | |
| *Agreed Reduction for Potential Double Billing* | *($192.00)* | |
| Subtotal | *($192.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $256,368.00 |
| | | |
| Expenses Requested | $17,090.58 | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 17,090.58 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $273,458.58 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 28th day of April, 2010.

Joseph J. McMahon, Jr., Esq.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE  19801
(US Trustee)

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
(Counsel to Creditors' Committee)

Stuart M. Brown, Esq.
Edwards Angell Palmer & Dodge
919 North Market Street, Suite 1500
Wilmington, DE  19801
(Counsel to Barclays Bank PLC)

Mark D. Collins, Esq.
Katisha D. Fortune, Esq.
Richards, Layton & Finger, P.A.
920 N. King Street
P.O. Box 551
Wilmington, DE  19899-0511
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

Kenneth P. Kansa, Esq.
Jillian K. Ludwig, Esq.
Mr. James F. Conlan
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603
(Counsel to Debtors)

Howard Seife, Esq.
David M. LeMay, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
(Counsel to Creditors' Committee)

Brian Trust, Esq.
Amit K. Trehan, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY  10019-5820
(Counsel to Barclays Bank PLC)

Norman J. Pernick, Esq.
J. Kate Stickles, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
500 Delaware Ave., Suite 1400
Wilmington, DE  19801-1496
(Co-Counsel to Debtors)

Donald S. Bernstein, Esq.
James A. Florack, Esq.
Damian S. Schaible, Esq.
Davis, Polk, & Wardwell, LLP
450 Lexington Avenue
New York, NY  10017
(Counsel to Administrative Agent for
Prepetition Lenders, JP Morgan
Chase Bank, N.A.)

John L. Decker, Esq.

-10-

Cole Schotz Final Report – Second Interim Fee Application
Case No. 08-13141 (KJC)

**SUMMARY OF HOURS AND FEES BY POSITION AND INDIVIDUAL**

**COMPUTED AT STANDARD RATES**

**Cole, Schotz, Meisel, Forman & Leonard, P.A.**

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| JKS | Stickles, J. Kate | MEMBER | $480.00 | $480.00 | 384.00 | $184,320.00 |
| NLP | Pernick, Norman L. | MEMBER | $650.00 | $650.00 | 34.80 | $22,620.00 |
| MFB | Bonkowski, Michael F. | MEMBER | $525.00 | $525.00 | 4.10 | $2,152.50 |
| MJP | Politan, Mark J. | MEMBER | $365.00 | $365.00 | 0.70 | $255.50 |
| AR | Rubin, Alan | MEMBER | $525.00 | $525.00 | 0.20 | $105.00 |
| MMQ | Quirk, Marion M. | MEMBER | $475.00 | $475.00 | 0.20 | $95.00 |
| DMB | Bass, David M. | MEMBER | $425.00 | $425.00 | 0.20 | $85.00 |
| | No. of Billers for Position: 7 | Blended Rate for Position: | $494.18 | | 424.20 | $209,633.00 |
| | | | | % of Total: | 64.66% | % of Total: 81.71% |
| KMM | McKinley, Karen M. | ASSOCIATE | $315.00 | $315.00 | 12.20 | $3,843.00 |
| PJR | Reilley, Patrick J. | ASSOCIATE | $330.00 | $330.00 | 10.10 | $3,333.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $321.79 | | 22.30 | $7,176.00 |
| | | | | % of Total: | 3.40% | % of Total: 2.80% |
| PVR | Ratkowiak, Pauline Z. | PARALEGAL | $190.00 | $190.00 | 207.70 | $39,463.00 |
| KAS | Stahl, Kimberly A. | PARALEGAL | $160.00 | $160.00 | 1.80 | $288.00 |
| | No. of Billers for Position: 2 | Blended Rate for Position: | $189.74 | | 209.50 | $39,751.00 |
| | | | | % of Total: | 31.94% | % of Total: 15.49% |
| | Total No. of Billers: 11 | Blended Rate for Report: | $391.10 | | 656.00 | $256,560.00 |

POTENTIAL DOUBLE BILLING

Cole, Schotz, Meisel, Forman & Leonard, P.A.

POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Stickles, J | 0.80 | 384.00 |
| | 0.80 | $384.00 |

POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Stickles, J | 0.40 | 192.00 |
| | 0.40 | $192.00 |

EXHIBIT F

POTENTIAL DOUBLE BILLING

Cole, Schotz, Meisel, Forman & Leonard, P.A.


POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Automatic Stay Matters/Litigation | 0.20 | 96.00 |
| Cash Collateral and DIP Financing | 0.20 | 96.00 |
| Leases (Real Property) | 0.20 | 96.00 |
| Preparation for and Attendance at Hearings | 0.20 | 96.00 |
| | 0.80 | $384.00 |


POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Automatic Stay Matters/Litigation | 0.10 | 48.00 |
| Cash Collateral and DIP Financing | 0.10 | 48.00 |
| Leases (Real Property) | 0.10 | 48.00 |
| Preparation for and Attendance at Hearings | 0.10 | 48.00 |
| | 0.40 | $192.00 |

EXHIBIT F

POTENTIAL DOUBLE BILLING

Cole, Schotz, Meisel, Forman & Leonard, P.A.

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 03/25/09 Wed | Stickles, J 646850-20/71 | 0.10 | 0.10 | 48.00 | | 1 | *MATTER NAME: Automatic Stay Matters/Litigation*<br>REVIEW DOCKETED ORDER RE: VAN SENUS LIFT STAY MOTION |
| 03/25/09 Wed | Stickles, J 646850-20/74 | 0.10 | 0.10 | 48.00 | & | 1 | *MATTER NAME: Automatic Stay Matters/Litigation*<br>REVIEW DOCKETED ORDER RE: VAN SENUS LIFT STAY MOTION |
| 03/27/09 Fri | Stickles, J 646850-130/461 | 0.10 | 0.10 | 48.00 | | 1 | *MATTER NAME: Leases (Real Property)*<br>E-MAIL TO B. HAUSERMAN RE: 365(D)(4) NOTICE |
| 03/27/09 Fri | Stickles, J 646850-130/462 | 0.10 | 0.10 | 48.00 | & | 1 | *MATTER NAME: Leases (Real Property)*<br>E-MAIL TO B. HAUSERMAN RE: 365(D)(4) NOTICE |
| 05/22/09 Fri | Stickles, J 648300-50/272 | 0.10 | 0.10 | 48.00 | | 1 | *MATTER NAME: Cash Collateral and DIP Financing*<br>REVIEW E-MAIL FROM J. HENDERSON RE: CASH MANAGEMENT |
| 05/22/09 Fri | Stickles, J 648300-50/276 | 0.10 | 0.10 | 48.00 | & | 1 | *MATTER NAME: Cash Collateral and DIP Financing*<br>REVIEW E-MAIL FROM J. HENDERSON RE: CASH MANAGEMENT |
| 05/27/09 Wed | Stickles, J 648300-160/645 | 0.10 | 0.10 | 48.00 | | 1 | *MATTER NAME: Preparation for and Attendance at Hearings*<br>REVIEW E-MAIL FROM N. HUNT RE: MAY 28 HEARING |
| 05/27/09 Wed | Stickles, J 648300-160/648 | 0.10 | 0.10 | 48.00 | & | 1 | *MATTER NAME: Preparation for and Attendance at Hearings*<br>REVIEW E-MAIL FROM N. HUNT RE: MAY 28 HEARING |

TOTAL OF ALL ENTRIES              0.80        $384.00

TOTAL ENTRY COUNT:      8

TOTAL TASK COUNT:       8

TOTAL OF & ENTRIES                0.40        $192.00

TOTAL ENTRY COUNT:      4

TOTAL TASK COUNT:       4

EXHIBIT F

POTENTIAL DOUBLE BILLING

Cole, Schotz, Meisel, Forman & Leonard, P.A.

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Slickles, J | 0.80 | 384.00 |
|  | 0.80 | $384.00 |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR

POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Slickles, J | 0.40 | 192.00 |
|  | 0.40 | $192.00 |

EXHIBIT F

POTENTIAL DOUBLE BILLING

Cole, Schotz, Meisel, Forman & Leonard, P.A.

SUMMARY OF HOURS AND FEES BY MATTER FOR
POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Automatic Stay Matters/Litigation | 0.20 | 96.00 |
| Cash Collateral and DIP Financing | 0.20 | 96.00 |
| Leases (Real Property) | 0.20 | 96.00 |
| Preparation for and Attendance at Hearings | 0.20 | 96.00 |
| | 0.80 | $384.00 |

SUMMARY OF HOURS AND FEES BY MATTER FOR
POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| Automatic Stay Matters/Litigation | 0.10 | 48.00 |
| Cash Collateral and DIP Financing | 0.10 | 48.00 |
| Leases (Real Property) | 0.10 | 48.00 |
| Preparation for and Attendance at Hearings | 0.10 | 48.00 |
| | 0.40 | $192.00 |