## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| | ) Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Ref. No. 3928 |
| | ) |
| | ) |

## CERTIFICATION OF COUNSEL SUBMITTING STIPULATED ORDER ADJOURNING CREDIT AGREEMENT LENDERS' MOTION TO CONDUCT DISCOVERY OF CENTERBRIDGE

On April 2, 2010, the Credit Agreement Lenders[1] filed the Motion (the "Motion") for Leave to Conduct Discovery Pursuant to Bankruptcy Rule 2004 of Centerbridge Partners, L.P., Centerbridge Credit Advisors LLC, and their Affiliates (the "CCA") [Docket No. 3928]. A hearing with respect to the Motion was initially scheduled for April 13, 2010, but was adjourned to April 27, 2010 to permit the parties an opportunity to consensually resolve the Motion.

Prior to the hearing scheduled for April 27, 2010, the parties reached an agreement regarding the Motion that is reflected in the stipulated order (the "Stipulated Order") attached as Exhibit 1 to the proposed form of order (the "Proposed Order") attached hereto as Exhibit A. The Proposed Order has been agreed to by Wilmington Trust and CCA.

---

[1] The Credit Agreement Lenders are the entities identified in the "Fourth Amended Joint Verified Statement Of Representation Of More Than One Creditor By Hennigan Bennett & Dorman LLP And Young, Conaway, Stargatt & Taylor, LLP" [Docket No. 3998].

It is hereby respectfully requested that the Proposed Order attached hereto be entered at the earliest convenience of the Court.

Dated:  April 29, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ M. Blake Cleary
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telephone: (302) 571-6600
Telecopier: (302) 571-1253

- and -

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua D. Morse
865 S. Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:  (213) 694-1200
Telecopier:  (213) 694-1234

*Counsel to the Credit Agreement Lenders*

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>, | Case No. 08 – 13141 (KJC)<br>Jointly Administered |
| Debtors. | RE:  Docket No. 3928 |

## ORDER APPROVING STIPULATED ORDER ADJOURNING CREDIT AGREEMENT LENDERS' MOTION TO CONDUCT DISCOVERY OF CENTERBRIDGE

Upon the Motion (the "<u>Motion</u>") of the Credit Agreement Lenders,[1] pursuant to 11 U.S.C. §§ 105(a) and 1109(b) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing and directing discovery from Centerbridge Partners, L.P., Centerbridge Credit Advisors L.L.C., and their affiliates, and upon agreement of the Credit Agreement Lenders and Centerbridge Credit Advisors L.L.C., on behalf of Centerbridge Partners, L.P., its investment funds and accounts managed by itself and affiliates (collectively, "<u>CCA</u>"), and a resolution of the Motion having been reached between the Credit Agreement Lenders and CCA which has been memorialized in the Stipulated Order Adjourning Credit Agreement Lenders' Motion to Conduct Discovery of Centerbridge (the "<u>Stipulated Order</u>"); and no other or further notice is required; it is hereby **ORDERED**:

    1.  The Stipulated Order attached hereto as Exhibit 1 is hereby approved.

---

[1] The Credit Agreement Lenders are the entities identified in the "Fourth Amended Joint Verified Statement of Representation of More than One Creditor by Hennigan Bennett & Dorman LLP and Young Conaway Stargatt & Taylor, LLP" [Docket No. 3998].

2.   The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: April _____, 2010

_____
Kevin J. Carey
Chief United States Bankruptcy Judge

**EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08 – 13141 (KJC)<br>Jointly Administered |
| Debtors. | RE: Docket No. 3928 |

## STIPULATED ORDER ADJOURNING CREDIT AGREEMENT LENDERS' MOTION TO CONDUCT DISCOVERY OF CENTERBRIDGE

Upon the Motion (the "Motion") of the Credit Agreement Lenders,[1] pursuant to 11 U.S.C. §§ 105(a) and 1109(b) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing and directing discovery from Centerbridge Partners, L.P., Centerbridge Credit Advisors L.L.C., and their affiliates, and upon agreement of the Credit Agreement Lenders and Centerbridge Credit Advisors L.L.C., on behalf of Centerbridge Partners, L.P., its investment funds and accounts managed by itself and affiliates (collectively, "CCA"), it is hereby **STIPULATED AND AGREED**, subject to the approval of the Court that:

1. The Motion is adjourned pursuant to Paragraph 5 below.

2. Beginning on April 26, 2010, CCA shall provide the Credit Agreement Lenders, on a rolling basis, with "documents" and "communications" (as those terms are defined in the Document Request appended as Exhibit A to the proposed form of Order accompanying the Motion) in CCA's possession, custody or control that were created during the years 2006 and

---

[1] The Credit Agreement Lenders are the entities identified in the "Fourth Amended Joint Verified Statement of Representation of More than One Creditor by Hennigan Bennett & Dorman LLP and Young Conaway Stargatt & Taylor, LLP" [Docket No. 3998].

2007 concerning (as that term is defined in the Document Request appended as Exhibit A to the proposed form of Order accompanying the Motion) the following:

(a)    Tribune Company's stock purchases and the merger consummated in 2007 (the "<u>Transactions</u>"), including without limitation documents and communications concerning the valuation of Tribune Company, any of its assets, any of its subsidiaries, any equity interest in any of its subsidiaries or any of its subsidiaries' assets; and

(b)    the consideration or proposal of alternatives to the Transactions including, without limitation, any made in conjunction with Chandler Trust No. 1 or Chandler Trust No. 2, including without limitation documents and communications concerning the valuation of Tribune Company, any of its assets, any of its subsidiaries, any equity interest in any of its subsidiaries or any of its subsidiaries' assets;

in each case subject to the provisions of the Protective Order entered into by CCA, the Credit Agreement Lenders, and Wilmington Trust Company on April 27, 2010, attached hereto and incorporated herein, and in each case, not including information residing on non-searchable back-up tapes maintained by CCA.

3.    CCA shall endeavor in good faith to complete its production of the foregoing documents on or about May 10, 2010, and to produce a privilege log with respect to its production by May 20, 2010.

4.    CCA's production of the documents described in paragraph 1 shall be without waiver of the attorney-client privilege, work product protection, or any other applicable privilege

Agreement entered into by CCA and the Credit Agreement Lenders on April 26, 2010, attached hereto and incorporated herein.

     3.  CCA will endeavor in good faith to complete its production of the foregoing documents on or about May 10, 2010, and to produce a privilege log with respect to its production by May 20, 2010.

     4.  CCA's production of the documents described in paragraph 1 shall be without waiver of the attorney-client privilege, work product protection, or any other applicable privilege or protection.  CCA expressly reserves all rights regarding inadvertent production of privileged or work-product material provided under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the terms of the Confidentiality Agreement.

     5.  This Stipulation is entered into without prejudice to (i) the rights of the Credit Agreement Lenders to seek further discovery from CCA, and the right of CCA to object to any such further discovery on any grounds, and (ii) the rights of either the Credit Agreement Lenders or CCA to raise with the Court in the future, and/or to seek additional relief concerning, issues that were the subject of or related to the Motion or the Confidentiality Agreement, or to confer with one another in an attempt to resolve such issues in the future.

Dated:    Wilmington, Delaware     **PACHULSKI STANG ZIEHL & JONES LLP**
        April 26, 2010

By: _____
Mark M. Billion
919 North Market Street
17th Floor
Wilmington, DE  19899-8705
(302) 652-4100 (Telephone)
(302) 652-4400 (Facsimile)

Daniel H. Golden
Philip C. Dublin
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
dgolden@akingump.com
pdublin@akingump.com

*Counsel for CCA*


**YOUNG CONAWAY STARGATT & TAYLOR, LLP**


By:  _____
Robert S. Brady (Bar No. 2847)
M. Blake Cleary (Bar No. 3614)
The Brandywine Building
17th Floor
1000 West Street, P.O. Box 391
Wilmington, DE  19899-8705
(302) 571-6600 (Telephone)
(302) 571-1253 (Facsimile)

-and-

Bruce Bennett
James O. Johnston
**HENNIGAN, BENNETT LLP**
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
(213) 694-1200 (Telephone)
(212) 694-1234 (Facsimile)

*Counsel for the Credit Agreement Lenders*



IT IS SO ORDERED, on _____


_____
The Honorable Kevin J. Carey, Chief Judge

## PROTECTIVE ORDER

This Protective Order is entered into as of April 27, 2010, between and among the Credit Agreement Lenders,[1] Wilmington Trust Company ("**Wilmington Trust**"), and Centerbridge Credit Advisors LLC, on behalf of Centerbridge Partners, L.P., its investment funds and accounts managed by itself and its affiliates ("**CCA**").

## WITNESSETH

WHEREAS, Tribune and most of its subsidiaries filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on December 8, 2008, in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**," and the Chapter 11 cases, together with any adversary proceedings and contested matters pending therein are hereinafter collectively referred to as the "**Cases**"); and

WHEREAS, on April 2, 2010, the Credit Agreement Lenders filed a motion (the "**Motion**") pursuant to 11 U.S.C. §§ 105(a) and 1109(b) and Rule 2004 of the Federal Rules of Bankruptcy Procedure for entry of an order authorizing and directing discovery from Centerbridge Credit Advisors L.L.C., Centerbridge Partners L.P. and their affiliates concerning, among other things, (i) Tribune Company's stock purchases and the merger consummated in 2007 (the "**Transactions**"), and (ii) the consideration or proposal of alternatives to the Transactions including, without limitation, any made in conjunction with Chandler Trust No. 1 or Chandler Trust No. 2; and

WHEREAS, on April 9, 2010, CCA objected to the Motion; and

WHEREAS, CCA has agreed to produce certain information to the Credit Agreement Lenders, as set forth in the Stipulation dated April 26, 2010 and subject to the rights established therein; and

WHEREAS, CCA has also agreed to provide Wilmington Trust with copies of any information it produces to the Credit Agreement Lenders; and

WHEREAS, in producing such information to the Credit Agreement Lenders and Wilmington Trust, CCA will produce documents that it believes contain or constitute non-public information or confidential or proprietary business, technical or financial information belonging to CCA; and

WHEREAS, CCA believes that disclosure of such non-public or confidential or proprietary business, technical or financial information could be detrimental to its businesses, its investors, and other parties and therefore wishes to protect such information;

NOW, THEREFORE, the parties hereby agree as follows:

---

[1]    The Credit Agreement Lenders are the entities identified in the "Fourth Amended Joint Verified Statement of Representation of More than One Creditor by Hennigan Bennett & Dorman LLP and Young Conaway Stargatt & Taylor, LLP" [D.I. 3998].

1.      All documents produced by CCA in connection with the Stipulation (the "**Documents**") will be used by the Credit Agreement Lenders and Wilmington Trust solely in connection with the Cases.

2.      In producing Documents, CCA may stamp or otherwise designate as "Highly Confidential—Attorneys' Eyes Only" those Documents that CCA believes constitute or contain non-public information that is competitively sensitive and/or proprietary to CCA, or from which competitively sensitive and/or proprietary information belonging to CCA could be derived. This includes, without limitation, Documents containing information relating to CCA's confidential financial and/or business operations, business ventures, strategic plans, processes, designs, applications, trade secrets, models and/or other proprietary ideas. In addition, CCA may stamp or otherwise designate as "Confidential" those Documents that CCA believes constitute or contain non-public commercial information, including, without limitation, non-public information about CCA.

3.      Counsel for the Credit Agreement Lenders and counsel for Wilmington Trust shall keep Documents stamped or otherwise designated "Highly Confidential—Attorneys' Eyes Only" as Highly Confidential, and shall not provide such Documents or any information contained in such Documents, or any information that can be derived from such Documents, including, without limitation, any information in the form of notes, spreadsheets, summaries, analyses, compilations, memoranda, minutes or other materials derived from, disclosing, discussing or otherwise using information (collectively, "**Information**") to any person or entity other than the attorneys, financial advisors, clerical, paralegal and secretarial staff regularly employed by Hennigan Bennett, LLP ("**Hennigan Bennett**"), Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**"), Brown Rudnick LLP ("**Brown Rudnick**") or Benesch, Friedlander, Coplan & Aronoff LLP ("**Benesch, Friedlander**") who need to receive such information in connection with their review of the Transactions (as that term is defined in the Motion), and any financial advisors retained by Hennigan Bennett or Brown Rudnick who need to receive such Information in connection with their review of the Transactions and who sign the attached Exhibit A. Hennigan Bennett, Young Conaway, Brown Rudnick and Benesch, Friedlander shall not provide Documents stamped or otherwise designated "Confidential," or any Information contained in such Documents, or any Information that can be derived from such Documents, to any person or entity other than: (i) those persons authorized herein to review Documents designated "Highly Confidential—Attorneys' Eyes Only"; and (ii) the Credit Agreement Lenders, Wilmington Trust, and the employees of the Credit Agreement Lenders and Wilmington Trust who need to receive such Information in connection with their review of the Transactions. Hennigan Bennett, Young Conaway, Brown Rudnick and Benesch, Friedlander may use Documents or Information stamped or otherwise designated "Highly Confidential—Attorneys' Eyes Only" or "Confidential" in a court filing in the Cases by filing such Documents under seal (without waiving the right to challenge the designation as set forth in Paragraph 4).

4.      If Hennigan Bennett, Young Conaway, Brown Rudnick or Benesch, Friedlander object on any basis to the designation of any Documents or Information as "Highly Confidential—Attorneys' Eyes Only" or "Confidential," or seek a waiver of such designation, Hennigan Bennett, Young Conaway, Brown Rudnick or Benesch, Friedlander will initially contact the undersigned counsel to CCA in an effort to resolve the dispute and, if that effort is unsuccessful, may apply to the Bankruptcy Court (or the District Court for the District of

Delaware (the **"District Court"**) if then presiding over the Cases or the relevant proceeding within the Cases) for relief.  Absent a written waiver or agreement from CCA or an order of the court overseeing the Cases to the contrary, Documents or Information derived from Documents marked or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" may be used only in the manner set forth above in Paragraph 3.

5.      Should access to Documents or Information derived from Documents stamped or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" be sought from Hennigan Bennett, Young Conaway, Brown Rudnick, Benesch, Friedlander, the members of the Credit Agreement Lenders or Wilmington Trust by any person, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the entity from whom access is sought will, unless prohibited by applicable law or regulation:  (a) promptly notify counsel to CCA in writing of the requested access; and (b) prior to producing any such Documents or Information, provide CCA with a reasonable opportunity to seek a court order preventing or limiting the production of such Documents or Information.

6.      The inadvertent production of privileged information by CCA shall not constitute a waiver of any applicable privilege and any party receiving such information will return to the producing party any such materials inadvertently produced.  Such material, once identified by CCA as privileged, shall not be used by the receiving party in the Bankruptcy Court or any other proceeding or forum absent order of a court of competent jurisdiction.

7.      The terms of this Protective Order will apply to any Documents that may be produced by CCA.

8.      Within thirty (30) days after the later to occur of (i) the consummation of a plan of reorganization for Tribune and its debtor subsidiaries pursuant to a final confirmation order that is no longer subject to appeal, (ii) the conclusion of any litigation or contested matter in the Cases for which use of the Documents remains necessary, or (iii) the conversion, discharge, dismissal, or other such termination of the Chapter 11 cases, Hennigan Bennett, Young Conaway, Brown Rudnick and Benesch, Friedlander shall return all Documents stamped or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential," and all copies thereof in their possession, the Credit Agreement Lenders' possession, Wilmington Trust's possession, or the possession of any person who executes Exhibit A to this Protective Order, to counsel for CCA or, in lieu thereof, certify in writing that such Documents stamped or otherwise designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" have been destroyed , except that outside counsel may keep an office file of internal memoranda, discovery responses, pleadings, briefings, and deposition transcripts or exhibits notwithstanding that they contain Information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," provided that the treatment of such Information continues to be governed by the terms of this Protective Order.

9.      The Credit Agreement Lenders, Wilmington Trust, Hennigan Bennett, Young Conaway, Brown Rudnick and Benesch, Friedlander acknowledge that irreparable damage would occur to CCA if any of the provisions of this Protective Order were not performed in accordance with their specific terms or were otherwise breached and that remedies at law for any actual or threatened breach by it of the covenants contained in this Protective Order shall be

Error! Unknown document property name.

inadequate and that CCA will be entitled to equitable relief, including injunction and specific performance, in the event of any breach of the provisions of this Protective Order, in addition to all other remedies available to CCA at law or in equity.  During the pendency of the Cases, the parties hereto consent to the jurisdiction and venue of the Bankruptcy Court (or the District Court if then presiding over the Cases or the relevant proceeding within the Cases) with respect to any controversy or claims arising out of or related to this Protective Order.  Upon conclusion of the Cases, all parties consent to the jurisdiction and venue of the federal and state courts located in the State of New York with respect to any such controversy or claims.  EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS PROTECTIVE ORDER.

10.    This Protective Order may be executed by the parties in multiple original counterparts, and each such counterpart will constitute an original hereof.

[SIGNATURE PAGES FOLLOW]

Error! Unknown document property name.

Dated:     April ___ , 2010            For CCA
           New York, New York

                                       _____
                                       Mark M. Billion
                                       PACHULSKI STANG ZIEHL & JONES LLP
                                       919 North Market Street
                                       17th Floor
                                       Wilmington, DE 19899-8705
                                       (302) 652-4100 (Telephone)

                                       -and-

                                       Daniel H. Golden
                                       Philip C. Dublin
                                       AKIN GUMP STRAUSS HAUER & FELD LLP
                                       One Bryant Park
                                       New York, NY 10036
                                       (212) 872-1000 (Telephone)

                                       *Counsel for CCA*

                                       For the Credit Agreement Lenders

                                       _____
                                       Robert S. Brady (Bar No. 2847)
                                       M. Blake Cleary (Bar No. 3614)
                                       YOUNG CONAWAY STARGATT & TAYLOR, LLP
                                       The Brandywine Building, 17th Floor
                                       1000 West Street, P.O. Box 391
                                       Wilmington, DE 19899
                                       (302) 571-6600 (Telephone)

                                       -and-

                                       Bruce Bennett
                                       James O. Johnston
                                       Joshua D. Morse
                                       HENNIGAN, BENNETT & DORMAN LLP
                                       865 South Figueroa Street, Suite 2900
                                       Los Angeles, CA 90017
                                       (213) 694-1200 (Telephone)

Error! Unknown document property name.

*Counsel for the Credit Agreement Lenders*

For Wilmington Trust Company

Raymond H. Lemisch
Jennifer R. Hoover
BENESCH, FRIEDLANDER, COPLAN & ARONOFF
LLP
222 Delaware Avenue, Suite 801
Wilmington DE 19801
(302) 442-7010 (Telephone)

-and-

Robert J. Stark
Martin S. Siegel
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
(212) 209-4800 (Telephone)

*Counsel for Wilmington Trust Company, as Successor Indenture Trustee*

# EXHIBIT A

_____, of _____,
is an advisor to _____, and hereby represents that the undersigned
has read the Protective Order (the "**Order**") dated April 26, 2009 between the Credit Agreement
Lenders, Wilmington Trust Company ("**Wilmington Trust**"), and Centerbridge Credit Advisors
LLC, on behalf of Centerbridge Partners, L.P., its investment funds and accounts managed by
itself and its affiliates ("**CCA**") (capitalized terms not defined herein shall have the meanings
ascribed to those terms in the Protective Order).

1.      The undersigned (i) has been provided with a copy of the Order, (ii) has had an
opportunity to review the Order with its counsel, and (iii) is authorized to execute this Exhibit A
to the Order.

2.      To the extent that the Credit Agreement Lenders or Wilmington Trust provide the
undersigned with Documents stamped or otherwise designated as "Highly Confidential—
Attorneys' Eyes Only" or "Confidential" or Information from such Documents, the undersigned
agrees that such Documents and Information shall only be used in connection with a review of
the Transactions and that the undersigned will keep such Documents and Information
Confidential and will not provide such Documents, nor any Information contained in such
Documents, nor any Information that can be derived from such Documents, to anyone.

3.      Should access to Documents stamped or otherwise designated as "Highly
Confidential—Attorneys' Eyes Only" or "Confidential" or Information from such Documents be
sought from the undersigned by any person, pursuant to subpoena or other legal process under
applicable law, rule, or regulation, the undersigned agrees that, unless prohibited by applicable
law or regulation, the undersigned will: (a) promptly notify counsel to CCA in writing of the
requested access; and (b) prior to producing such Documents or Information, provide CCA with
a reasonable opportunity to seek a court order preventing or limiting the production of such
Documents or Information.

4.      The undersigned agrees that the production of privileged information by CCA
shall not constitute a waiver of any applicable privilege and that it will return to CCA any such
materials inadvertently produced.  Such material shall not be used by the receiving party in the
Bankruptcy Court or any other proceeding or forum.

Agreed and Accepted this \_\_\_\_ day of _____ , 2010.


_____
Name:
Title:

Error! Unknown document property name.