# EXHIBIT A

# Amsden Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF HARRY AMSDEN IN SUPPORT OF MOTION OF DEBTOR TRIBUNE COMPANY FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF THE AGREEMENT BETWEEN TRIBUNE COMPANY AND DUN & BRADSTREET, INC. PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

I, Harry Amsden, hereby state and declare as follows:

1. I am Senior Vice President of Financial Operations at Tribune Company ("Tribune"), a corporation organized under the laws of Delaware and one of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). I have held this position since April 2008.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (1352); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. I submit this declaration (the "Declaration") in support of Tribune's motion for an order pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the rejection of the Master Agreement and the related Preferred Pricing Plan, between Tribune and Dun & Bradstreet ("D&B").[2] Unless otherwise stated in this Declaration, I have personal knowledge of the facts as set forth herein, based both upon my knowledge and participation in day-to-day affairs of Tribune's business, and upon my familiarity with business records that relate to my areas of responsibility. I understand that the hearing on the Motion is scheduled for May 18, 2010 (the "Hearing"). If called to testify at the Hearing, I could and would testify competently to the facts set forth herein.

3. Tribune, acting through its management, has decided to reject the Agreement because Tribune has determined it can obtain services that are equally suited to Tribune's business and that will accomplish the tasks for which D&B's services are currently used from an alternative provider, Equifax Inc. ("Equifax"). Equifax is able to provide the necessary services for use in the Debtors' businesses, and any transition from D&B's products and services to those provided by Equifax will not disrupt Tribune's business. Most importantly, the services offered by Equifax, while similar in quality to D&B's, are being offered at a significantly lower price than the amounts charged under the Agreement. In addition to the immediate cost savings, the annual increase under the Equifax agreement is three percent (3%), which is substantially less than the annual increase of twelve percent (12%) in the contract price in the Agreement. Finally, the Equifax agreement's pricing allows Tribune to pay only for those services actually used, which, based on Tribune's estimated need for services, will substantially decrease the amount Tribune will spend when compared to the all-inclusive, flat fee structure

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

imposed by the Agreement. When all costs under the two (2) agreements are taken into account, Tribune expects to realize significant cost savings under the new agreement. As such, in Tribune's business judgment, rejection of the Agreement in favor of a new agreement with Equifax will provide Tribune the opportunity to save a significant amount of money, and is therefore in the best interests of Tribune's estate and creditors.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: April 26, 2010

_____
Harry Amsden
Senior Vice President of
Financial Operations