# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: May 20, 2010 at 10:00 a.m. ET**<br>**Objection Deadline: May 13, 2010 at 4:00 p.m. ET** |
| | **Related to Docket Nos. 3533 and 4017** |

## DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(d) FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIOD WITHIN WHICH TO SOLICIT ACCEPTANCE OF A CHAPTER 11 PLAN

Tribune Company ("Tribune") and its affiliated debtors and debtors in possession

in the above-captioned cases (collectively, the "Debtors"), hereby move this Court (the

"Motion"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order further extending the Debtors' exclusive period to solicit acceptance of a chapter 11 plan or plans of reorganization through and including August 8, 2010, the end of the 20-month exclusivity period under Bankruptcy Code section 1121(d)(2)(B).[2]  Another extension of exclusivity is warranted to facilitate solicitation and confirmation of the Plan (as defined below) as set forth in the Debtors' solicitation motion[3] scheduled to be heard concurrently herewith at the May 20, 2010 disclosure statement hearing.  In further support of this Motion, Tribune and its affiliated Debtors[4] respectfully state as follows:

1.      The Debtors have demonstrated good "cause" throughout these cases to justify extensions of their Exclusive Periods.  Following the February 18, 2010 hearing, the Debtors used their extended exclusivity period to formulate and file a Plan with diverse creditor support as evidenced by the Settlement Support Agreement filed on April 12, 2010 (Docket No. 4013) and implemented in their Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Plan"), filed together with an accompanying disclosure statement on April 12, 2010 (Docket No. 4008).  At the April 13, 2010 hearing, several major creditor constituencies

---

[2]  As may be extended by the Court, the debtors have an initial exclusivity period during which they have the exclusive right to file a plan (the "Exclusive Filing Period"), and if the debtors file a plan within the Exclusive Filing Period, they have an initial exclusivity period to solicit acceptance of such plan and no other party in interest may file a competing plan (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods").  11 U.S.C. §§ 1121(b), (c)(3); 7 Collier on Bankruptcy ¶ 1121.04 (16th ed. 2010).  The Debtors' Exclusive Periods have been extended five times, with the Exclusive Filing Period most recently extended to April 13, 2010 (Docket No. 4017) and the Exclusive Solicitation Period currently extended through May 31, 2010 (Docket No. 3533).  Thus, upon entry of an order granting this Motion any other party in interest is precluded from filing a plan during the Debtors' Exclusive Solicitation Period.

[3]  The Motion of the Debtors for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Joint Plan of Reorganization for Tribune Company and Its Subsidiaries; (II) Establishing Deadline for Return of Media Ownership Certifications; (III) Scheduling Confirmation Hearing; (IV) Establishing Notice and Objection Procedures in Respect of Confirmation of Joint Plan of Reorganization; and (V) Granting Related Relief (the "Solicitation Motion") was filed on April 29, 2010 and is scheduled for hearing on May 20, 2010 (Docket No. 4204).

[4]  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in

expressed their support for the settlement and Plan, including the related exclusivity extension, and the Court granted the Debtors' extension request. The Debtors also advised the Court of their intention to have this Motion heard with their Solicitation Motion to enable exclusivity to track the balloting and notice order, an intention that was restated at the April 19, 2010 hearing. A further exclusivity extension tracking the balloting and confirmation timeline preserves momentum and facilitates the orderly resolution of these cases through the existing Plan confirmation framework.

2.      As evidenced by the substantial progress made by the Debtors and their creditor constituencies, the Debtors' Plan process is well-developed and a confirmation hearing will likely occur in August. The Debtors therefore believe there is "cause" to extend their Exclusive Solicitation Period to ensure completion of solicitation and noticing protocols and requisite preparations for Plan confirmation. Solicitation and confirmation of the Plan incorporating the settlement of the various LBO-related claims and causes of action is in the best interests of the Debtors, their estates, creditors and other parties in interest to avoid the extreme costs of protracted litigation and to maximize the going concern value of the Debtors' businesses among other important reasons.

## RELIEF REQUESTED

3.      Bankruptcy Code section 1121(d) permits this Court to extend the Exclusive Periods for "cause." By this Motion, the Debtors respectfully request, pursuant to Bankruptcy Code section 1121(d), that the Exclusive Solicitation Period be extended through and including August 8, 2010, the end of the 20-month exclusive period under Bankruptcy Code section 1121(d)(2)(B).

---

this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1).

46429/0001-6497181v1

## BASIS FOR RELIEF

4.    The principal goal of chapter 11 is the successful rehabilitation of a debtor's business, which serves to, among other things, increase the pool of assets available for distribution to creditors. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 220 (1977). The provisions of chapter 11 reflect congressional intent that the principal means of successful rehabilitation should be a considered and consensual plan. See, e.g., Gaines v. Perkins (In re Perkins), 71 B.R. 294, 297 (W.D. Tenn. 1987). Accordingly, the bankruptcy court may lengthen the Exclusive Periods for "cause" after notice and a hearing. 11 U.S.C. § 1121(d). The party requesting the extension bears the burden of establishing "cause." Bunch v. Hoffinger Indus. (In re Hoffinger Indus.), 292 B.R. 639, 643 (8th Cir. BAP 2003); In re Sharon Steel Corp., 78 B.R. 762, 765 (Bankr. W.D. Pa. 1987). A movant will have met its burden and a court should grant the extension based on a "showing of some promise of probable success for reorganization." Hoffinger, 292 B.R. at 643; see also In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989).

5.    It is well established that the decision to extend the Debtors' Exclusive Periods is committed to the sound discretion of the Court and should be based upon the facts and circumstances of each case. See First Am. Bank of New York v. Southwest Gloves and Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986). Although the Bankruptcy Code does not define "cause," courts have looked to legislative history for guidance. See Gibson & Cushman Dredging Corp., 101 B.R. at 409; In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Congress intended that the Exclusive Periods be of adequate length, given the circumstances, for a debtor to formulate, negotiate and draft a viable plan without the disruption to the business that would occur with competing plans. See Geriatrics Nursing Home v. First

4

Fidelity Bank, N.A., 187 B.R. 128, 133 (D.N.J. 1995).  Further, Congress recognized that in

large and complex cases extensions will be necessary to afford a debtor sufficient time to

formulate and negotiate a plan.  H.R. Rep. No. 595, 95th Cong. 1st Sess. 232 (1977).

      6.     In determining "cause" to extend the exclusive periods under Bankruptcy

Code section 1121(d), a more lenient standard applies when the extension pertains to the

solicitation period to gain acceptance of a filed plan.  Perkins, 71 B.R. at 299 (concluding that "a

less stringent standard for cause is proper"); Cf. Hoffinger, 292 B.R. at 644-45 (extending the

exclusive period by five months to allow debtor in a complex case to obtain plan confirmation).

Delaware bankruptcy courts often grant extensions of the Exclusive Solicitation Period after a

plan has been filed in large chapter 11 cases to facilitate the plan confirmation process.  See, e.g.,

In re Spansion Inc., Case No. 09-10690 (KJC) (Bankr. D. Del. Apr. 16, 2010) (granting

extension concurrently with plan confirmation order); In re Merisant Worldwide, Inc., Case No.

09-10059 (PJW) (Bankr. D. Del. Nov. 18, 2009) (granting extension following approval of

disclosure statement and solicitation procedures); In re Tropicana Entm't, LLC, Case No. 08-

10856 (KJC) (Bankr. D. Del. Mar. 18, 2009) (granting extension after plans filed by debtors to

facilitate plan confirmation); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr. D.

Del. March 4, 2009) (granting extension after commencement of solicitation to cover plan

confirmation hearing).

      7.     The Debtors submit that "cause" exists to extend the Exclusive

Solicitation Period through and including August 8, 2010 to provide the Debtors time to

complete their balloting and notice milestones and fulfill the prerequisites for Plan confirmation.

The additional time is necessary and appropriate and offers the best prospect for resolving these

chapter 11 cases through the envisioned Plan process and timeline, culminating in the Debtors'

46429/0001-6497181v1

Plan confirmation hearing on August 16, 2010.[5] Termination of exclusivity while the Debtors are in the midst of soliciting votes on their Plan and working productively toward confirmation would seriously undermine the Plan process, and would not be in the best interests of these estates or any of the Debtors' constituencies. The Plan is the best approach to bring these cases to conclusion in a reasonable timeframe, and any other alternative would necessarily result in prolonged and costly litigation to the detriment of the Debtors, their businesses and estates, and all parties in interest.

## NOTICE

8.      Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

---

[5] In prior exclusivity motions, the Debtors extensively discussed the various factors used to determine whether to grant extensions, including the large size and complexity of these cases, the Debtors' good faith progress toward a plan and the lack of prejudice toward creditors, among other considerations.  For a discussion of the factors, see, e.g., Cont'l Cas. Co. v. Burns & Roe Enters., Inc. (In re Burns & Roe Enters., Inc.), 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); In re Central Jersey Airport Servs., LLC, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); In re R.G. Pharm., Inc., 374 B.R. 484, 487 (Bankr. D. Conn. 2007); In re Adelphia Commc'ns Corp., 352 B.R. 578,587 (Bankr. S.D.N.Y. 2006); In re Dow Corning Corp., 208 B.R. 661, 665-66 (Bankr. E.D. Mich. 1997). Here, so as not to burden the Court, the Debtors have concentrated on the critical issues at this juncture.

WHEREFORE, the Debtors respectfully request entry of an order substantially in the form of the proposed order attached hereto as Exhibit A extending the Exclusive Solicitation Period through and including August 8, 2010, and granting such other relief as is just and proper.

Dated:    Wilmington, Delaware          Respectfully submitted,
          April 30, 2010

                                        SIDLEY AUSTIN LLP
                                        James F. Conlan
                                        Bryan Krakauer
                                        Janet E. Henderson
                                        Kevin T. Lantry
                                        Candice L. Kline
                                        One South Dearborn Street
                                        Chicago, IL  60603
                                        Telephone:  (312) 853-7000
                                        Facsimile:  (312) 853-7036

                                             -and-

                                        COLE, SCHOTZ, MEISEL,
                                        FORMAN & LEONARD, P.A.

                                        By: _____
                                        Norman L. Pernick (No. 2290)
                                        J. Kate Stickles (No. 2917)
                                        Patrick J. Reilley (No. 4451)
                                        500 Delaware Avenue, Suite 1410
                                        Wilmington, DE  19801
                                        Telephone:  (302) 652-3131
                                        Facsimile:  (302) 652-3117

                                        ATTORNEYS FOR DEBTORS AND
                                        DEBTORS IN POSSESSION