IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| TRIBUNE COMPANY, et al., | CASE NO.: 08-13141(KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: May 11, 2010 at 4:00 p.m. (EDT) |
| | Hearing Date: May 18, 2010 at 1:00 p.m. (EDT) |

**RESPONSE BY NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE TO DEBTORS' TWENTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND <u>LOCAL RULE 3007-1</u>**

The New York State Department of Taxation and Finance ("DTF"), by and through New York State Attorney General Andrew M. Cuomo, responds to the Debtors' Twenty-Sixth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (the "Objection"), as follows:

1. The Objection seeks to expunge six (6) tax claims filed by DTF on the grounds that each of these claims have been amended and superseded by subsequent claims. The claims which are to be expunged are as follows:

| **CLAIM NO.** | **DATE FILED** |
|---|---|
| 3015 | May 21, 2009 |
| 3068 | May 22, 2009 |
| 35 | December 24, 2008 |
| 4895 | June 12, 2009 |
| 6429 | September 21, 2009 |
| 6268 | October 1, 2009 |

2. DTF subsequently filed the following claims (listed in the Objection under "Surviving Claims"), which are intended to amend and supersede each of the claims identified in paragraph "1" hereinabove:

| CLAIM NO. | DATE FILED | CLAIM WHICH IS AMENDED |
|---|---|---|
| 6307 | October 19, 2009 | 3015 |
| 6321 | October 28, 2009 | 3068 |
| 6329 | November 16, 2010 | 35 |
| 6442 | March 22, 2010 | 4895 |
| 6387 | January 28, 2010 | 6429 |
| 6425 | May 12, 2010 | 6268 |

3. Claim No. 6387 has been satisfied and is hereby withdrawn.

4. With respect to the five (5) remaining claims which are sought to be expunged, DTF will consent to the relief requested in the Objection so long as the Debtors, or any other party acting on their behalf, do not challenge DTF's surviving claims on the grounds of timeliness. DTF acknowledges that the surviving claims were all filed after the bar date. However, it is DTF's position that, with one exception, the tax liabilities set forth in the surviving claims relate back to the same types of taxes for the same periods that were set forth in previous claims which were timely filed, and that the surviving claims are therefore not subject to being disallowed as untimely. The one exception is the assessment against Tribune Company (Case No. 08-13141) for corporation income taxes for the period ending December 30, 2001, which first appears in Claim No. 6442.

5. DTF will therefore consent to the requested relief, provided that the Debtors stipulate, for themselves and anyone acting on their behalf, that with the exception of the 2001 corporate tax assessment in Claim No. 6442, DTF's surviving

claims will not be challenged in a future objection as untimely.  Otherwise, DTF will unjustly lose the right to pursue these tax claims based solely on non-substantive grounds.

Dated: May 5, 2010
      Albany, New York

                              Respectfully submitted,
                              Andrew M. Cuomo
                              Attorney General of the State of New York

                        By:  /s/ Norman P. Fivel
                             Norman P. Fivel
                             Assistant Attorney General
                             Litigation Bureau
                             The Capitol
                             Albany, New York   12224-0341
                             NDNY Bar Roll No.: 101660
                             Telephone No.:  (518) 473-6082
                             Facsimile No.:  (518) 473-1572
                             E-mail:  Norman.Fivel@ag.ny.gov

**"Printed on Recycled Paper"**