```
 1              IN THE UNITED STATES BANKRUPTCY COURT
 2                   FOR THE DISTRICT OF DELAWARE
 3   IN RE:                       :
                                  : Chapter 11
 4   TRIBUNE COMPANY, et al.,     :
                                  : Case No. 08-13141 (KJC)
 5                                :
        Debtors.                  : Jointly Administered
 6   . . . . . . . . . . . . . . .
 7                       Wilmington, Delaware
                         February 16, 2010
 8                           3:06 p.m
 9                       TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE KEVIN J. CAREY
10                  UNITED STATES BANKRUPTCY JUDGE
11   APPEARANCES:
12   VIA TELEPHONE:
13   For the Debtors:          Norman L. Pernick, Esquire
                                Cole, Schotz, Meisel, Forman &
14                              Leonard, P.A.
15                              James W. Ducayet, Esquire
                                Janet E. Henderson, Esquire
16                              Sidley, Austin, LLP
17                              Gary Weitman, Esquire
                                Tribune Company
18
     For the Official           Matthew B. McGuire, Esquire
19   Committee of Unsecured     Adam G. Landis, Esquire
     Creditors:                 Landis, Rath & Cobb, LLP
20
                                Douglas Deutsch, Esquire
21                              David LeMay, Esquire
                                Chadbourne & Parke, LLP
22
     For Interested Party,      Katherine Cruz, Esquire
23   David E. Blabey, Jr.:      Kramer, Levin, Naftalis & Frankel,
                                LLP
24
     For Law Debenture:         Garvan F. McDaniel, Esquire
25                              Bifferaqto, Gentilotti, LLC
```

| | | |
|---|---|---|
| 1 | For Perry Capital: | James Freeman |
| 2 | | Perry Capital |
| 3 | For Creditor Group of Bridge Facility Lenders: | Scott Greissman, Esquire White & Case, LLP |
| 4 | | |
| 5 | For Citi Group: | Lauren Shumejda, Esquire Stephen Shimshak, Esquire Stuart C. McPhail, Esquire |
| 6 | | Paul, Weiss, Rifkind, Wharton |
| 7 | For Dennis Prieto: | Dennis Prieto Aurelius Capital Management |
| 8 | | |
| 9 | For JP Morgan: | Sheron Katz, Esquire Dennis Glazer, Esquire Karen Wagner, Esquire |
| 10 | | Michael Russano, Esquire Davis, Polk & Wardwell |
| 11 | | |
| 12 | | Robert Stearn, Jr, Esquire Richards, Layton & Finger, P.A. |
| 13 | For Merrill Lynch: | Laurie Silverstein, Esquire Potter, Anderson & Carroon, LLP |
| 14 | | |
| 15 | | Joseph Drayton, Esquire Kaye, Scholer, LLP |
| 16 | For United States Trustee: | Joseph McMahon, Esquire U.S. Trustee Office of Wilmington |
| 17 | | |
| 18 | For Law Debenture Trust Company of New York: | Sheron Korpus, Esquire Daniel Fliman, Esquire Kasowitz, Benson, Torres & Friedman |
| 19 | | |
| 20 | For Oaktree Capital Management: | James O. Johnston, Esquire Hennigan, Bennett & Dorman, LLP |
| 21 | For GreatBanc Trust Company: | Francis Monaco, Esquire Womble, Carlyle, Sandridge & Rice |
| 22 | | |
| 23 | For Interested Party, Bloomberg, LP: | Steven H. Church, Esquire Bloomberg, LLP |
| 24 | | |
| 25 | | |

3

| | | |
|---|---|---|
| 1 | Court Recorder: | Al Lugano |
| 2 | Transcription Service: | Perfect Pages Transcription, Inc. |
| 3 | | 18 Tuckerton Road<br>Shamong, NJ 08088 |
| 4 | | www.perfecttranscripts.com<br>(609) 654-8880 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

1   (Call to order of the Court.)

2   THE COURT: Good afternoon, everyone. This is Judge
3   Carey. We're on the record in the Tribune Company Chapter 11.
4   This is a status and scheduling conference put together at the
5   request of counsel in connection with a hearing that has been
6   scheduled for this coming Friday. I'll turn it over to
7   counsel.

8   MR. KORPUS: Good afternoon, Your Honor. This is
9   Sheron Korpus of Kasowitz, Benson, counsel for Law Debenture,
10   the Movant in this matter.

11   Your Honor, since the last hearing the parties have made
12   considerable progress in terms of discovery and the documents
13   have been produced and depositions taken. In parallel with
14   that, the parties almost immediately after the hearing
15   commenced working on undisputed facts. And Your Honor will be
16   pleased to know that we have made substantial progress, in
17   fact, have agreements on undisputed facts that are about 20
18   pages long, that all parties believe will give the Court the
19   facts required for determining this Motion. So it seems to
20   all the parties in discussion that they might not -- that an
21   evidentiary hearing might not be the most efficient way to
22   proceed given the parties agreement.

23   And the reason for the scheduling conference is to float
24   past the Court the idea that we've all had of just presenting
25   the Court the undisputed facts, presenting the Court the

1   agreed exhibits, and we'll give the Court the deposition
2   transcripts that have been for the positions, but we think
3   that the Court can have them and refer to them if need be.
4   But we really think that most of the pertinent information
5   will be in the undisputed facts and then proceed just by an
6   oral argument, probably assess about two hours maximum for
7   oral argument at a time convenient to the Court, and we were
8   talking about possibly the first date available after March 2
9   or thereafter with some briefs in before then.  We were
10  thinking maybe a brief on February 22nd, and then reply briefs
11  on February 26th that will refer to the record and the
12  undisputed facts, and it seems to us that would be the best
13  way to tee this up for the Court.
14           THE COURT:  All right.  Now, so that I'm clear, and
15  I'm looking at the Agenda that was supplied in connection with
16  today's hearing, anyone who's participated is agreeing to this
17  or is joining in the request, and by that I mean, not just the
18  Movant, but Deutsche Bank, Center Bridge, the Committee, the
19  Unsecured Creditors' Committee, JP Morgan Chase, and if I
20  missed anybody, let me know.  But as I can -- as I look down
21  the Agenda, it looks like those are the parties who filed
22  pleadings in connection with this Motion.
23           MR. GLAZER:  Your Honor, Dennis Glazer, from Davis,
24  Polk, for JP Morgan Chase, and the answer to your question is
25  yes.  We're in agreement on this and has been worked out among

1  counsel.
2           MR. DUCAYET:  Your Honor, this Jim Ducayet on behalf
3  of the Debtors and we also agree to this procedure.
4           THE COURT:  Okay.  Well, let me say this: I'm
5  content to approve the process, and we'll talk about dates in
6  a moment that the parties have proposed, with the following
7  caveat, while it's often either clear or preferred by the
8  parties that the Court dispose of such a matter in this
9  fashion, sometimes I find that after I receive the materials
10 it just can't be done without oral testimony.  But I'll say
11 this, I'm content as an initial matter to give it a go this
12 way, and if I don't have any questions or issues with the
13 record and the form in which the parties wish to submit it,
14 I'll take that way.
15     Given my calendar, I will tell you it's going to be
16 difficult to fit something in I would say before the beginning
17 of April.
18          MR. GLAZER:  Well, given -- this is Dennis Glazer
19 again, Your Honor, for JP Morgan.  Given the fact that the
20 monies, we believe, should be reimbursed have not been
21 reimbursed in recent -- over several months, we would
22 encourage the Court to hear it as soon as possible, and was
23 hopeful -- we were hopeful that because it was only going to
24 be a couple of hours and we didn't need a full day for
25 testimony or otherwise or don't believe we do, we were hopeful

7

1   that the Court could find some time before that for us.
2          THE COURT:  Well, of course, you know, the time
3   that's also involved is in the time that I need to go through
4   the record before I would hear oral argument or else the
5   exercise won't be very meaningful to me.
6          MR. GLAZER:  Yes.
7          THE COURT:  Now, bear with me.
8       (Pause in proceedings.)
9          THE COURT:  March 26th at 10 o'clock really is the
10  earliest I have.
11         MR. GLAZER:  Friday, March 26th, Your Honor?
12         THE COURT:  Yes.  Are counsel available?
13         MR. GLAZER:  Works fine for Dennis Glazer from
14  Davis, Polk.
15         MR. KORPUS:  It works fine for Kasowitz, Benson.
16         MR. DUCAYET:  And it's fine for Sidley, Austin, on
17  behalf of the Debtors.
18         THE COURT:  Okay, then.  Now, in light of that, if
19  the parties wish to give themselves more room with respect to
20  briefing, that would be okay with me.
21         MR. KORPUS:  Your Honor, maybe it would be helpful
22  if you would tell us when you would want the last brief in and
23  we'll work back from there.
24         THE COURT:  Okay.  That's a fair request.  Well, how
25  about by March 15th?

|   |   |
|---|---|
| 1 | MR. GLAZER:  Sounds fine.  The counsel will work together to make sure we put together a schedule that makes sense and gets everything in by then. |
| 4 | THE COURT:  Okay. |
| 5 | MR. KORPUS:  And I think, Your Honor, with the first brief, we should be able to submit you, at that point, the undisputed facts and the documents and the depositions so you can get started with it if you'd like. |
| 9 | THE COURT:  Okay.  So, again, to reiterate, what would be the purpose of supplying the deposition transcripts? I wouldn't be asked to judge credibility, would I? |
| 12 | MR. KORPUS:  No, Your Honor. |
| 13 | THE COURT:  That's good. |
| 14 | MR. KORPUS:  But there might be -- we believe everything is in the undisputed facts, but there might be a portion of a deposition testimony that the party want to refer to in their brief, so you would have it there so you can refer to it and see it's there in black and white. |
| 19 | THE COURT:  All right. |
| 20 | MR. KORPUS:  And the documents, again, we believe it will all be in the undisputed facts, but if Your Honor wants to go back to the Court document and get it in context, you'll have it there. |
| 24 | THE COURT:  All right.  So, I think, it would be appropriate if counsel conferred and embodied this arrangement |

9

1  in a Form of Order to be submitted under Certification and
2  that it will obviate the need for a hearing, otherwise this
3  coming Friday, and I'd ask that, I guess, an Agenda be filed,
4  e-filed, which reflects the resolution that's been reached by
5  virtue of the parties agreement.
6      Are there any questions or is there anything further for
7  today?
8          MR. GLAZER:  I don't think so, Your Honor.
9          THE COURT:  All right.  Counsel, thank you very
10 much.  That concludes this hearing.  Court will stand
11 adjourned.
12     (Court adjourned at 3:15 p.m.)
13                          CERTIFICATE
14     I certify that the foregoing is a correct transcript
15 from the electronic sound recording of the proceedings in the
16 above-entitled matter.
17
18  _/s/April J. Foga_____            May 5, 2010
    April J. Foga, CET, CCR, CRCR
19
20
21
22
23
24
25