UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| *In re*  TRIBUNE COMPANY, *et al.*,[1]  Debtors. | Chapter 11  Case Number 08-13141 (KJC)  (Jointly Administered) |

## AMENDED VERIFIED STATEMENT OF KENNETH N. KLEE, ESQUIRE

I hereby verify that I have no connections with (i) the debtors, creditors, parties in interest, or their respective attorneys and accountants listed on Exhibit A attached hereto, (ii) the following four entities which provided services in connection with the Merger (as that term is defined in the Definitive Proxy Statement filed by Tribune Company on Schedule 14A pursuant to the Securities

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Exchange Act of 1934, as amended, dated July 13, 2007) and related transactions: Citigroup Global Markets Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley; and Valuation Research Corporation; or (iii) the United States Trustee for Region 3 and/or any person employed in the United States Trustee offices located in Region 3 listed on Exhibit B attached hereto, except as follows:

    I have personal investment accounts at Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley Smith Barney; and Bank of America. I have credit cards with Morgan Stanley Smith Barney and Citibank. I am a subscriber to the Los Angeles Times and am current in my subscription. I previously mediated an unrelated matter in which Wilmington Trust Corporation was a party. I previously have served as an expert witness (or consultant) in unrelated matters for: (i) various clients of Paul Hastings Janofsky & Walker LLP, (ii) PricewaterhouseCoopers; (iii) Nomura Asset Capital Corp. and Nomura Asset Securitization Corp., and (iv) Alvarez and Marsal.

    My law firm, Klee, Tuchin, Bogdanoff & Stern LLP (KTB&S), which I will seek to employ as my counsel in this matter if my appointment as Examiner is approved, has conducted a conflicts search, as a result of which I make the following additional disclosures:

    a.    KTB&S previously represented Sunset Studios Holdings, LLC and Sunset Bronson Entertainment Properties, who are the lessors to KTLA, Inc. (one of the Tribune debtors) with respect to KTLA's lease of real property located in Hollywood,

California. KTLA assumed the lease in June 2009 and paid the agreed upon cure amounts.  KTB&S has a conflict waiver that permits it to serve as counsel for the Examiner.  KTB&S is no longer representing Sunset Studios Holdings, LLC and Sunset Bronson Entertainment Properties with respect to the Debtors' cases.

   b. KTB&S previously represented Metro-Goldwyn-Mayer Studios, Inc. ("MGM") with respect to certain television programming with the Debtors. The last services were provided in November 2009.  KTB&S has a conflict waiver that permits it to serve as counsel for the Examiner.  KTB&S is no longer representing MGM with respect to the Debtors' cases, but does continue to represent MGM in unrelated matters .

   c. KTB&S previously represented CBS Corporation with respect to certain television programming with the Debtors. The last services were provided in July 2009. KTB&S has a conflict waiver that permits it to serve as counsel for the Examiner.   KTB&S is no longer representing CBS Corporation with respect to the Debtors' cases.  Additionally, KTB&S represents and has represented CBS Corporation and affiliated entities in unrelated matters, but is free to be adverse to them.

   d. KTB&S does not represent any of the Debtors, Wilmington Trust Company, JP Morgan Chase Bank, N.A., Morgan Securities Inc., Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith Incorporated, Citicorp North America, Inc., Citibank, N.A., Citigroup Global Markets, Inc., Bank of America, N.A., Banc of America Securities, LLC, Barclays Bank PLC or Morgan Stanley & Co. Inc. and is free to be adverse to any and all of them.  Moreover, to my knowledge, KTB&S does not represent any affiliates of the foregoing entities (including any officers and directors of the foregoing) and is free to be adverse to any such affiliates.

   e. KTB&S has represented in the past and currently represents Farallon Capital Management, LLC ("Farallon") in matters unrelated to these cases.  KTB&S may be adverse to Farallon in unrelated matters.

   f. KTB&S previously represented Franklin Advisors Inc. in an unrelated matter, but is free to be adverse to that entity.

   g. KTB&S represents and has represented Viacom and Paramount and affiliated entities in unrelated matters, but is free to be adverse to them.

  h. KTB&S represents The TCW Group, which may be affiliated with TCW Asset Management Co. in an unrelated matter, but is free to be adverse to that entity.

  i. KTB&S previously represented Levine Leichtman Capital Partners in unrelated matters, but is free to be adverse to that entity.

  j. KTB&S represents and previously has represented Wells Fargo Commercial Finance, LLC, formerly known as Wells Fargo Foothill, LLC in unrelated matters.  Also, KTB&S previously provided consultation services to Wells Fargo Bank in respect of an unrelated matter.   KTB&S is free to be adverse to the foregoing entities.

  k. KTB&S previously represented the Morgan Stanley Real Estate Fund in connection with an unrelated matter and is free to be adverse to that entity.

  l. A partner in the KTB&S, Daniel J. Bussel, previously served as an expert witness in unrelated litigation on behalf of certain Merrill Lynch affiliates.

  m. KTB&S currently represents and previously has represented Cerberus Capital Management L.P ("Cerberus") and its affiliates in connection with unrelated matters, and is free to be adverse to those entities.

n.      In connection with KTB&S's prior representation of the agent and lenders under an unrelated credit facility, KTB&S was directly engaged by the following lenders thereunder: (i) Babson CLO Ltd 2003-I, Babson CLO Ltd. 2005-I, and Babson CLO Ltd. 2005-III, for which Babson Capital Management LLC served as Collateral Manager; (ii) Massachusetts Mutual Life Insurance Company and Massmutual Asia Limited, for which Babson Capital Management LLC served as Investment Advisor; (iii) Lafayette Square CDO, Ltd., Monument Pak CDO Ltd., Union Square CDO Ltd., Essex Park CDO Ltd., Prospect Park CDO Ltd., Prospect Park CDO Ltd., and Inwood Park CDO Ltd., for which Blackstone Debt Advisors L.P. served as Collateral Manager;  (iv) Van Kampen Senior Loan Fund and Van Kampen Senior Income Trust, which were managed by Van Kampen Asset Management; and (v) Bridgeport CLO Ltd., Cumberland II CLO Ltd., Forest Creek CLO Ltd., Long Grove CLO Ltd., Market Square CLO Ltd., Marquette Park CLO Ltd., and Rosemont CLO Ltd., for which Deerfield Capital Management LLC served as Collateral Manager.  KTB&S is free to be adverse to all of these entities.

o.      KTB&S currently represents Silver Oak Capital, LLC, an affiliate of Angelo Gordon & Co. in an unrelated matter and is free to be adverse to that entity.

      p.     KTB&S previously has provided consultation services to Citadel Investment Group LLC and is free to be adverse to that entity.

      q.     Over the years, KTB&S has represented both formal and ad hoc groups of creditors in unrelated matters, in which parties listed on Exhibit A were members; provided that KTB&S did not serve as counsel to such parties unless otherwise noted herein. Likewise, KTB&S has represented agent-lenders and non-agent lenders, in lending facilities under which parties listed on Exhibit A also were agents and/or lenders but not client of KTB&S.

      r.     Since the formation of KTB&S over 10 years ago, and over the course of the lengthy careers of the lawyers comprising KTB&S (including mine), KTB&S and its attorneys have represented, now represent, and likely will represent in the future parties adverse to many of the creditors and other parties in interest in these cases.

I verify under penalty of perjury that the foregoing is true and correct.

Dated this 9th day of May, 2010.

*/s/ Kenneth N. Klee*

                    Kenneth N. Klee, Esquire