# Exhibit A

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 4120, 4212, 4213, 4261** |

## ORDER APPROVING WORK AND EXPENSE PLAN
## AND MODIFYING EXAMINER ORDER

Upon consideration of the "Work And Expense Plan Of Examiner-Designate Kenneth N. Klee, Esq." [Docket No. 4261] ("Work Plan") filed by Kenneth N. Klee, as the examiner appointed in these cases ("Examiner"), and upon the holding of a status conference regarding the appointment of the Examiner and the conduct by the examination pursuant to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOIIM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

593396.1 5/10/10

"Agreed Order Directing the Appointment of an Examiner" entered by the Court on April 20, 2010 [Docket No. 4120] ("Examiner Order"), and upon consideration of the statements of counsel at such status conference, and for the reasons set forth on the record at the status conference, the Court finds good cause to grant the relief set forth herein and makes and enters this Order ("Supplemental Order").

THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. The Work Plan is approved.

2. Wells Fargo Bank, N.A., as administrative agent, is deemed to be one of the "Parties" as defined in the Examiner Order (the Examiner having satisfied his obligation to meet and confer, as described paragraph 3 thereof, with such Party).

3. Paragraph 2(i) of the Examiner Order is modified as indicated below:

> (i) evaluate ~~whether there are~~ the potential claims and causes of action held by the Debtors' estates <u>that are asserted by Parties,</u> in connection with the leveraged buy-out of Tribune that occurred in 2007 (the "LBO") which may be asserted against any entity which may bear liability, including, without limitation, the Debtors, the Debtors' former and/or present management, including former/present members of Tribune's Board, the Debtors' lenders and the Debtors; advisors, said potential claims and causes of action including, but not being limited to, claims for fraudulent conveyance (including both avoidance of liability and disgorgement of payments), breach of fiduciary duty, aiding and abetting the same, and equitable subordination and ~~whether there are any~~ <u>the</u> potential defenses ~~which may be~~ <u>asserted by the Parties</u> to such potential claims and causes of action,

4. The delivery of any documents or information by any of the Parties, or by counsel or other professionals engaged by any of the Parties, to the Examiner or to any of the Parties in connection with the Investigation (as defined in the Examiner Order), does not constitute a waiver of attorney-client privilege, attorney work product protection, confidentiality or any other applicable privilege, protection, immunity, or confidentiality, and the delivery of such documents or information to the Examiner or to any of the Parties shall not be the basis for any third party or any other Party to assert that any of the Parties or their counsel or other professionals have

waived, in whole or in part, any privilege, protection, immunity, or confidentiality with respect to such documents or information or with respect to any other documents or information that may concern the same subject matter. Notwithstanding the preceding sentence, the Examiner is authorized to disclose to and discuss with any of the Parties, or other persons and entities in the course of his Investigation subject to any existing confidentiality order or obligation as modified in paragraph 7 below, the documents or information disclosed to the Examiner by any other Party (whether in order to verify factual assertions, obtain different points of view, or otherwise) and to incorporate any of the documents or information provided by the Parties into the Examiner's report; and in each such case, the Parties will not assert attorney-client privilege, attorney work product protection, or any other applicable privilege, protection or immunity with respect to the specific documents or information so disclosed or incorporated.

5. During the pendency of the Investigation, no discovery of any kind (whether by way of depositions, document production or otherwise) may be propounded upon the Examiner. Nothing herein shall be deemed or construed to subject the Examiner to any such discovery after completion of the Investigation, which matter shall be considered by the Court prior to the discharge of the Examiner of his engagement, or to waive or modify any immunity available to the Examiner under applicable law.

6. The Examiner shall be under no obligation to furnish to any Party or other person or entity any communications, documents or information received from any Party or other person or entity to the Examiner in the course of his Investigation and shall be under no obligation to invite any Party or other person or entity to participate in any meetings or conversations between the Examiner and such Party or other person or entity.

7. To the extent the Examiner seeks to furnish documents or information that is the subject of any existing confidentiality order to a person or entity that is not entitled to receive such document or information under the terms of such order, the Examiner may do so provided such person or entity agrees to be bound by the provisions governing confidentiality of such

order. Nothing in this Order shall be deemed or construed to prohibit the Examiner from seeking relief from any previously imposed confidentiality order.

8. As used in this Supplemental Order, reference to the Examiner includes the Examiner's professionals.

9. During the pendency of the Investigation, no discovery of any kind (whether by way of depositions, document production or otherwise) may be propounded upon any Party or any other person or entity to seek any communications, documents or other information exchanged between them and the Examiner. The Court will address any requests by the Parties or any other person or entity for such discovery following the completion of the Investigation.

10. The discussions, communications, comments and drafts between and amongst the Parties (as defined in the Examiner Order) in respect of the draft Basic Factual Statement (as defined in the Work Plan) shall be treated as "Settlement Material" within the meaning of the "Order (I) Authorizing the Debtors To Establish A Document Depository And directing The Committee To Deliver Certain Documents To The Depository Pursuant To Federal Rule of Bankruptcy Procedure 2004 and (II) Establishing Settlement Negotiation Protections Pursuant to 11 U.S.C. § 105(a)" [Docket No. 2858] ("Depository Order").

11. Subject to in all instances the preceding terms of this Order, any rights of the Parties and other persons and entities to conduct discovery (whether by way of depositions, document production or otherwise) are preserved.

Dated: May ___, 2010

THE HONORABLE KEVIN J. CAREY<br>
UNITED STATES BANKRUPTCY JUDGE