IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

ROBERT HENKE                                Chapter 11

       Claimant                         Case No. 08–13141 (KJC)

TRIBUNE COMPANY, et al.,

       Debtors

OBJECTION, BY CLAIMANT ROBERT HENKE,
TO DISCLOSURE STATEMENT

**1.** This document is an objection to the Disclosure Statement filed with the U.S. Bankruptcy Court for the District of Delaware ("the Bankruptcy Court") on April 12, 2010 by the debtors and the debtors in possession in the subject chapter 11 bankruptcy cases ("the debtors"). The objection is being filed by Robert Henke, claimant of Claim No. 3697 ("the claim") filed against debtor *The Baltimore Sun* Company ("*The Sun*").

## Contents that Follow

Relevant Background ------------------------------------------------------------------------- p. 1

Relevant Disclosure --------------------------------------------------------------------------- p. 2

Matter of Concern ----------------------------------------------------------------------------- p. 2

Conclusion -------------------------------------------------------------------------------------- p. 4

## Relevant Background

**2.** The claim is based on a defamation lawsuit claimant filed against *The Sun* two months before the Tribune Company filed its petition for bankruptcy protection. The redress claimant has sought includes $100M. Background on the lawsuit and the basis of claimant's redress request are provided in moderate detail in the April 7, 2010 document entitled "CLAIMANT'S RESPONSE TO DEBTORS' OBJECTION TO CLAIM NO. 3697 OF CLAIMANT ROBERT HENKE." Claimant filed this document with the Bankruptcy Court on April 9, 2010.

Objection, by Claimant Robert Henke: Case No. 08-13141(KJC)
Page 2
May 7, 2010

3. Claimant bases his objection to the Disclosure Statement on a copy of the statement provided to him on May 3, 2010 by Epiq Bankruptcy Solutions, LLC.

### Relevant Disclosure

4. Claimant should note that he is not well-informed on the matters at hand; he is not an attorney, has little knowledge of bankruptcy matters, and has no knowledge of financial accounting. Claimant apologizes for any missteps on his part that come about because of this.

### Matter of Concern

5. The matter that concerns claimant is his perception of the amount put forth by debtors under the classes of "2E through 111E - General Unsecured Claims." (According to the Disclosure Statement, the numerical prefix refers to a particular debtor; *The Sun* is debtor 81.) The debtors have estimated the allowed claims under these classes to total $85 to $150M and seem to have set a limit of $150M as to the amount to be paid out.

6. To claimant's limited understanding and knowledge, this appears to be inadequate, from several standpoints.

7. First, the amount put forth seems to fall well below the potential need. In the Disclosure Statement (under Article IV.D.4., Miscellaneous Other Litigation., p. 45), debtors state that, "pending against the D[d]ebtors," there were "approximately 50 prepetition personal injury cases," "at least 45 prepetition cases ... involving media-related claims, such as defamation, slander and libel," and "at least 15 employment-related cases (such as wrongful termination and breach of employment contract)." Debtors also state that a proof of claim was filed within the

deadline for roughly two-thirds of these. On the basis of the definition of "Classes 2E through 111E – General Unsecured Claims" provided in the Disclosure Statement (under Article IX.D.2.d. Classes 2E through 111E – General Unsecured Claims., p. 73), claimant has inferred that these cases fall under classes 2E – 111E. To claimant's understanding, it appears that, even considering only the pending cases, there is a very real possibility that the debtors' ultimate liability will greatly exceed that which they have allowed.

8. Second, to claimant's understanding, it seems that debtors' estimate violates the intent of bankruptcy law. In a government document entitled "Bankruptcy Basics" (http://www.uscourts.gov/bankruptcycourts/bankbasics.pdf), bankruptcy law is said to be intended to give "to the honest but unfortunate debtor …. a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." Claimant finds this to be a worthy aim.

9. Claimant, though, does not believe that bankruptcy law was meant to reward misconduct or negligence, for example, by discounting penalties for negligence or malice when there are other options. In fact, claimant believes it can be credibly argued that the obligation to provide redress for negligence or malice is stronger than that of fulfilling debts that have been secured. For instance, to claimant, the obligation to provide redress for gain through fraud, in general, appears to be stronger than the obligation to satisfy a secured debt. It appears to be so, claimant argues, because the victim in the former would likely have been less aware of true risk than the victim in the latter.

Objection, by Claimant Robert Henke: Case No. 08-13141(KJC)
Page 4
May 7, 2010

10. Third, time is a relevant issue. Claimant believes that, in cases of possible negligence or malice, debtors have already been awarded the extraordinary – and indefensible, claimant believes - privilege of being able to suspend progress towards justice, for a staggeringly long and harmful period of time. The figures debtors have advanced, claimant believes, will likely draw out that privilege further.

11. Fourth, claimant believes that discounting penalties for negligence or malice when there are other options would seem to encourage unsavory practices. These include relaxing standards of conduct in the face of looming bankruptcy protection.

## Conclusion

12. Assuming claimant to have interpreted matters correctly, claimant respectfully requests that the Bankruptcy Court require debtors to provide a respectable estimate for the potential value of the claims falling under "classes 2E through 111E – General Unsecured Claims" that does not discount values and payments of claims involving the possibility of negligence or malice.

13. Claimant greatly appreciates the Bankruptcy Court's efforts towards resolving this matter and its patience with his limited background.

Robert Henke, Claim No. 3697, claim amount is $100M

May 7, 2010

4104 Hearthside Drive, Apt. # 101

Wilmington, North Carolina  28412

919-610-5865;  hroberthenke@AOL.com