## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| | ) Case No.: 08-13141 (KJC) |
| TRIBUNE COMPANY, *et al.* [1] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) Response Deadline: May 11, 2010 at 4:00 p.m., EST |
| | ) Hearing Date:      May 18, 2010 at 1:00 p.m. EST |
| | ) |

## DECLARATION OF THOMAS CARLEY IN SUPPORT OF RESPONSE OF ORACLE TO DEBTOR'S TWENTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS [NO LIABILITY]

1. The Debtors in these chapter II cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); luliusAir Company, LLC (9479); luliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); W A TL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtors435 North Michigan Avenue, Chicago, Illinois 60611.

I, Thomas Carley, declare:

1.      I am a Services Sales Senior Manager for Oracle Corporation and Oracle America ("Oracle"), the successor-in-interest to Sun Microsystems, Inc. ("SMI"), and I am authorized to execute this Declaration in that capacity.   If called upon as a witness herein, I could and would competently testify to the facts, events, and transactions set forth herein based on my own personal knowledge of those facts, events and transactions.

2.      At all times pertinent hereto, I was a Support Services Sales Manager for SMI and, in that capacity, I am familiar with the SMI's provision of support services to the Debtors and the business relationship between the Debtors and SMI regarding the manner in which Debtors contracted for such services.  I have personal knowledge of the contracts and agreements by and between the parties and their understandings related to the claims at issue herein.

3.      As part of my job, I have access to, and I am familiar with, the various documents that are attached to this Declaration.  To the best of my knowledge, these documents were received, generated, recorded, and/or compiled in the ordinary course of SMI's business practice, which provided that such documents be prepared at the time of, or near the time, that the information was received or the event or transactions actually took place.

4.      This declaration is filed in support of the *Response of Oracle to Debtor's Twenty-Fourth Omnibus (Substantive) Objection To Claims Pursuant To 11 U.S.C. §§ 502(b) of The Bankruptcy Code, Bankruptcy Rules 3003 and 9007, And Local Rule 3007-1* (the "Response") filed in response to the *Debtor's Twenty-Fourth Omnibus (Substantive) Objection To Claims Pursuant To 11 U.S.C. §§ 502(b) of The Bankruptcy Code, Bankruptcy Rules 3003 and 9007, And Local Rule 3007-1.*

5.    I am informed that, on December 8, 2008 (the "Petition Date"), each of the

debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and

collectively, the "Debtors")[2] commenced their respective cases under Title 11 of the United

States Code, and that the above-referenced Court entered its order directing the above-referenced

bankruptcy cases be jointly administered, for procedural purposes only.

6.    On September 12, 2001, SMI and Tribune Company entered into that certain *Sun*

*Microsystems Customer Agreement, SMI Customer Agreement #AR-60755*, as supplemented by

various exhibits, schedules and statements of work and as amended from time to time, including

but not limited to, that certain *Product Exhibit* dated September 12, 2001 (collectively, the "SMI

Customer Agreement #AR-60755").    A true and accurate copy of the SMI Customer Agreement

#AR-60755 is attached hereto as Exhibit "A" and such document is incorporated by reference

herein as if fully set forth.    Pursuant to the Customer Agreement #AR-60755, SMI licensed

software (the "Licenses"), sold computer hardware (the "Hardware") and provided support,

consulting and educational services (the "Services") to the Tribune Company and its

subsidiaries, operating divisions and Affiliated Companies, including without limitation, the Los

Angeles Times Newspapers, Inc., the Los Angeles International, Ltd. and the Los Angeles Times

Communications LLC (collectively, the "LA Times Companies").    *See* ¶¶ A., B., C. and D, and

¶1.1 of the SMI Customer Agreement #AR-60755.    Further, the Tribune and the LA Times

Companies each are liable for payment of any Licenses granted, Hardware sold, and Services

provided pursuant to the SMI Customer Agreement #AR-60755 and any related agreement,

exhibit schedule and/or statement of work.    *Id.* at §§1.1, 2.1, and 3.1.

7.    Pursuant to SMI's usual business practices and SMI Customer Agreement #AR-

---

2  Certain of the jointly administered Debtors commenced their respective cases under Chapter 11 on subsequent dates.

DECLARATION OF THOMAS CARLEY IN SUPPORT OF
RESPONSE OF ORACLE TO DEBTORS' TWENTY-FOURTH
OMNIBUS OBJECTION TO CLAIMS

60755, SMI and LA Times Companies entered into that certain *Sun Preventive Services Statement of Work*, dated August 15, 2006 (the "LA Times SOW"). A true and accurate copy of the LA Times SOW is attached hereto as Exhibit "B" and incorporated by reference herein as if fully set forth. The LA Times SOW provides, in pertinent part, that (a) the term of the agreement is three years, effective July 30, 2006 through July 29, 2009, (b) the LA Times Companies will have the option to renew the contract at the end of the term, (c) the LA Times Companies will issue to SMI a purchase order fully funded at the start of each year and will issue additional purchase orders thereafter as needed, and (d) this agreement is subject to the terms and conditions of the General Terms AR-60-755BU between the parties, executed as of July 30,. 2006. *See* LA Times SOW at §3.1, §1, §3.1, §9, respectively.

8.      Pursuant to SMI Customer Agreement #AR-60755 and as supplemented by the LA Times SOW, SMI and the LA Times Companies entered into that certain *Support Services Agreement, Contract No. NK2025221* ("Contract NK2025221") whereby SMI undertook to provide support services with respect to certain Hardware and software identified on certain schedules (the "Schedules") with such services subject to renewal by the LA Times Companies on an annual basis commencing on August 1 and running through July 31 of each annual period when such services are ordered. The LA Times Companies initially acquired support services pursuant to Contract NK2025221 starting on August 1, 2006 through July 31, 2007 and, thereafter, renewed such services for the period starting on August 1, 2007 through July 31, 2008. A true and accurate copy of Contract NK2025221 covering the support services for this latter period is attached hereto as Exhibit "C" and is incorporated by reference herein as if fully set forth. Contract NK2025221 sets forth the specific Services provided to the LA Times

DECLARATION OF THOMAS CARLEY IN SUPPORT OF RESPONSE OF ORACLE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS

Companies and the prices associated with such Services.

9. In advance of the termination date of any service and support agreement (including but not limited to the LA Times Agreement at issue), SMI's usual practice provided for the SMI account representative to contact the customer prior to termination of the support and services agreement to confirm whether the customer desired to renew the support services as described in the customer's Support Services Agreement and, if so, to confirm that it intended to issue a new purchase order as funding for the renewal of the Agreement. In the event that a customer indicated it did not want to renew support services and that a new purchase order would not be issued, SMI's practice was to have the customer confirm that it wished to terminate support services in writing so that SMI and the customer had a clear understanding that the customer no longer wanted SMI to continue to provide what are typically important support services for the customer's hardware and software systems.

10. I am informed that, pursuant to SMI's usual business practices related to the renewal of Support Services Agreements, SMI representatives contacted the LA Times Companies regarding the renewal of Contract NK2025221 and the LA Times SOW and confirmed that each company desired (a) to renew the support services after the end of the August 1, 2007-July31, 2008 term of Contract NK2025221 and the LA Times SOW, (b) to continue receiving the support services specified in those agreements, and (c) to issue a new purchase order for payment of such support services as required by the SMI Customer Agreement #AR-60755, the LA Times SOW, and Contract NK2025221 (collectively, the "LA Times Agreement"). Accordingly, pursuant to the request of the LA Times Companies, SMI continued to provide support services to the LA Times Companies from and after August 1, 2008

and such companies utilized the support services and availed themselves of such support services continually from August 1, 2008 through April 23, 2009. *See* Usage Log included as part of an email from Sarah Farley, dated June 9, 2009, a true and accurate copy of which is attached hereto as Exhibit "D" and incorporated by reference as if fully set forth. I am aware that at no time either before or after July 31, 2008 did the LA Times Companies ever notify SMI in writing or otherwise that it no longer wanted to receive support services pursuant to the LA Times Agreement. Based on the aforementioned facts, the fees that would be associated with SMI's provision of support services pursuant to the LA Times Agreement would be no less than the amount that the LA Times Companies paid for such services for the period August 1, 2007 through July 31, 2008, which amount is reflected on Exhibit C on page 36 of 37 as $867,760.

11.     Pursuant to the LA Times Agreement, the LA Times Companies are indebted to Oracle, in not less than the amounts set forth on the following Proofs of Claim filed by SMI on June 11, 2009, for Services provided to such Debtors:

| LA Times Company/Debtor | Case No. | Claim No. | Pre-Petition Claim | Post-Petition Claim |
|---|---|---|---|---|
| Los Angeles Times Newspaper, Inc. | 08-13187 | 4748 | $ 293,156.21 | $ 536,316.79 |
| Tribune Company | 08-13141 | 4749 | $ 293,156.21 | $ 536,316.79 |
| Los Angeles Times International, Ltd. | 08-13186 | 4750 | $ 293,156.21 | $ 536,316.79 |
| Los Angeles Times Communications, LLC | 08-13185 | 4751 | $ 293,156.21 | $ 536,316.79 |

As of this date, the full amount of each such Proof of Claim remains due and owing by each respective LA Times Company.

12.    Oracle is informed, and thereupon asserts, that a copy of each of the above-referenced Proof of Claim has been provided to the Court in conjunction with the Objection, or that a copy of each such Proof of Claim will be provided prior to the hearing on this matter, by the Debtors.

This Declaration was executed May 10, 2010 in Broomfield, Colorado.   I declare under penalty of perjury that the foregoing is true and correct.

Thomas Carley