# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| TRIBUNE COMPANY, *et al.* [1] ) | Case No.: 08-13141 (KJC) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Response Deadline: May 11, 2010 at 4:00 p.m., EST |
| ) | Hearing Date: May 18, 2010 at 1:00 p.m. EST |
| ) | |

## DECLARATION OF THOMAS CARLEY IN SUPPORT OF RESPONSE OF ORACLE TO DEBTOR'S TWENTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS [NO LIABILITY]
[Tribune Company and Chicago Tribune Companies]

---

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicago Land Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); W A TL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

-1-    DECLARATION OF THOMAS CARLEY IN SUPPORT OF
RESPONSE OF ORACLE TO DEBTORS' TWENTY-FOURTH
OMNIBUS OBJECTION TO CLAIMS [Chicago Tribune
Companies]

I, Thomas Carley, declare:

1. I am a Services Sales Senior Manager for Oracle Corporation and Oracle America ("Oracle"), the successor-in-interest to Sun Microsystems, Inc. ("SMI"), and I am authorized to execute this Declaration in that capacity. If called upon as a witness herein, I could and would competently testify to the facts, events, and transactions set forth herein based on my own personal knowledge of those facts, events and transactions.

2. At all times pertinent hereto, I was a Support Services Sales Manager for SMI and, in that capacity, I am familiar with the SMI's provision of support services to the Debtors and the business relationship between the Debtors and SMI regarding the manner in which Debtors contracted for such services. I have personal knowledge of the contracts and agreements by and between the parties and their understandings related to the claims at issue herein.

3. As part of my job, I have access to, and I am familiar with, the various documents that are attached to this Declaration. To the best of my knowledge, these documents were received, generated, recorded, and/or compiled in the ordinary course of SMI's business practice, which provided that such documents be prepared at the time of, or near the time, that the information was received or the event or transactions actually took place.

4. This declaration is filed in support of the *Response of Oracle to Debtor's Twenty-Fourth Omnibus (Substantive) Objection To Claims Pursuant To 11 U.S.C. §§ 502(b) of The Bankruptcy Code, Bankruptcy Rules 3003 and 9007, And Local Rule 3007-1* (the "Response") filed in response to the *Debtor's Twenty-Fourth Omnibus (Substantive) Objection To Claims Pursuant To 11 U.S.C. §§ 502(b) of The Bankruptcy Code, Bankruptcy Rules 3003 and 9007, And Local Rule 3007-1*.

DECLARATION OF THOMAS CARLEY IN SUPPORT OF RESPONSE OF ORACLE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS [Chicago Tribune Companies]

5.  I am informed that, on December 8, 2008 (the "Petition Date"), each of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors")[2] commenced their respective cases under Title 11 of the United States Code, and that the above-referenced Court entered its order directing the above-referenced bankruptcy cases be jointly administered, for procedural purposes only.

6.  On September 12, 2001, SMI and Tribune Company entered into that certain *Sun Microsystems Customer Agreement, SMI Customer Agreement #AR-60755*, as supplemented by various exhibits, schedules and statements of work and as amended from time to time, including but not limited to, that certain *Product Exhibit* dated September 12, 2001 (collectively, the "SMI Customer Agreement #AR-60755").  A true and accurate copy of the SMI Customer Agreement #AR-60755 is attached hereto as Exhibit "A" and such document is incorporated by reference herein as if fully set forth.  Pursuant to the Customer Agreement #AR-60755, SMI licensed software (the "Licenses"), sold computer hardware (the "Hardware") and provided support, consulting and educational services (the "Services") to the Tribune Company and its subsidiaries, operating divisions and Affiliated Companies, including without limitation, the Chicago Tribune Company, the Tribune Company, the Chicago Tribune Newspapers, Inc., and the Chicago Tribune Press Service, Inc. (collectively, the "Chicago Tribune Companies").  *See* ¶¶ A., B., C. and D, and ¶1.1 of the SMI Customer Agreement #AR-60755.  Further, the Tribune Company and each of the Chicago Tribune Companies are liable for payment of any Licenses granted, Hardware sold, and Services provided pursuant to the SMI Customer Agreement #AR-60755 and any related agreement, exhibit schedule and/or statement of work.

---

2  Certain of the jointly administered Debtors commenced their respective cases under Chapter 11 on subsequent dates.

*Id.* at §§1.1, 2.1, and 3.1.

7. Pursuant to SMI Customer Agreement #AR-60755, SMI and the Chicago Tribune Companies entered into that certain *Support Services Agreement, Contract No. NK20275335* ("Contract NK20275335") whereby SMI undertook to provide support services with respect to certain Hardware and software identified on certain schedules (the "Schedules") with such services subject to renewal by the Chicago Tribune Companies on an annual basis commencing on July 1 and running through June 30 of each annual period when such services are ordered. The Chicago Tribune Companies initially acquired support services pursuant to Contract NK2025221 starting on July 1, 2006 through June 30, 2007 and, thereafter, renewed such services for the period starting on July 1, 2007 through June 30, 2008. A true and accurate copy of Contract NK20275335 covering the support services for this latter period is attached hereto as Exhibit "B" and is incorporated by reference herein as if fully set forth. Contract NK20275335 sets forth the specific Services provided to the Chicago Tribune Companies and the prices associated with such Services.

8. Based on my familiarity with SMI's usual business practices regarding the provision of support services and my personal knowledge concerning the Services provided to the Debtors, I am informed and thereupon state that the Chicago Tribune Companies (a) had the option to renew their Contract NK20275335 at the end of the term as of June 30, 2008 and (b) once they exercised that option they were required to issue to SMI a purchase order fully funded at the start of each year and to issue additional purchase orders thereafter as needed.

9. In advance of the termination date of any service and support agreement, SMI's usual practice provided for the SMI account representative to contact the customer prior to

- 4 -    DECLARATION OF THOMAS CARLEY IN SUPPORT OF RESPONSE OF ORACLE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS [Chicago Tribune Companies]

termination of the support and services agreement to confirm whether the customer desired to renew the support services as described in the customer's Support Services Agreement and, if so, to confirm that it intended to issue a new purchase order as funding for the renewal of the Agreement. In the event that a customer indicated it did not want to renew support services and that a new purchase order would not be issued, SMI's practice was to have the customer confirm that it wished to terminate support services in writing so that SMI and the customer had a clear understanding that the customer no longer wanted SMI to continue to provide what are typically important support services for the customer's hardware and software systems.

10. I am informed that, pursuant to SMI's usual business practices related to the renewal of Support Services Agreements, SMI representatives contacted the Chicago Tribune Companies regarding the renewal of Contract NK20275335 and confirmed that each company desired (a) to renew the support services after the end of the July 1, 2007 - June 30, 2008 term of Contract NK20275335 (b) to continue receiving the support services specified in this agreement, and (c) to issue a new purchase order for payment of such support services as required by the SMI Customer Agreement #AR-60755 and Contract NK20275335 (collectively, the "Chicago Tribune Agreement"). Accordingly, pursuant to the request of the Chicago Tribune Companies, SMI continued to provide support services to the Chicago Tribune Companies from and after July 1, 2008 and such companies utilized the support services and availed themselves of such support services continually from July 1, 2008 through at least January 28, 2009. A true and accurate copy of the Usage Log is attached hereto as Exhibit "C" and incorporated by reference as if fully set forth.

11. I am aware that at no time either before or after June 30, 2008 did the Chicago

DECLARATION OF THOMAS CARLEY IN SUPPORT OF RESPONSE OF ORACLE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS [Chicago Tribune Companies]

Tribune Companies ever notify SMI in writing or otherwise that it no longer wanted to receive support services pursuant to the Chicago Tribune Agreement. Based on the aforementioned facts, the fees that would be associated with SMI's provision of support services pursuant to the Chicago Tribune Agreement would be no less than the amount that the Chicago Tribune Companies paid for such services for the period July 1, 2007 through June 30, 2008 as stated on the Proofs of Claims filed by SMI against the Chicago Tribune Companies (as set forth below.

12.  Pursuant to the Chicago Tribune Agreement, the Chicago Tribune Companies are indebted to Oracle, in an aggregate amount not less than $1,001,426, as set forth on the following Proofs of Claim filed by SMI on June 11, 2009, for Services provided to such Debtors:

| Chicago Tribune Company/Debtor | Case No. | Claim No. | Pre-Petition Claim | Post-Petition Claim |
| --- | --- | --- | --- | --- |
| Chicago Tribune Company | 08-13152 | 4634 | $ 438,981.26 | $ 562,444.74 |
| Tribune Company | 08-13141 | 4735 | $ 438,981.26 | $ 562,444.74 |
| Chicago Tribune Newspaper, Inc. | 08-13153 | 4636 | $ 438,981.26 | $ 562,444.74 |
| Chicago Tribune Press Chicago Tribune Service, Inc. | 08-13185 | 4751 | $ 438,981.26 | $ 562,444.74 |

As of this date, the full amount of each such Proof of Claim remains due and owing by each respective ChicagoTribune Company.

-6-  DECLARATION OF THOMAS CARLEY IN SUPPORT OF RESPONSE OF ORACLE TO DEBTORS' TWENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS [Chicago Tribune Companies]

13. Oracle is informed, and thereupon asserts, that a copy of each of the above-referenced Proof of Claim has been provided to the Court in conjunction with the Objection, or that a copy of each such Proof of Claim will be provided prior to the hearing on this matter, by the Debtors.

This Declaration was executed May 10, 2010 in Broomfield, Colorado. I declare under penalty of perjury that the foregoing is true and correct.

_____
Thomas Carley