# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: June 16, 2010 at 11:00 a.m. EDT<br>Objection Date: June 9, 2010 at 4:00 p.m. EDT |

## APPLICATION OF OFFIT KURMAN FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DEBTORS FOR CERTAIN LABOR-RELATED MATTERS DURING THE PERIOD FROM FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010

Offit Kurman, Attorneys at Law ("Offit Kurman"), labor law and litigation counsel for The Baltimore Sun Company (the "Baltimore Sun"), one of the affiliated companies that filed voluntary petitions for relief in the above-captioned chapter 11 cases (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-6728270v1

"Debtors"), respectfully submits this application (the "Application") to this Court, pursuant to (i) sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "OCP Order"), (v) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order") for (a) the allowance of fees in the amount of $21,669.00 and expenses in the amount of $65.00 for services rendered to the Debtors during the period from February 1, 2010 through February 28, 2010, and (b) for the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 13, infra). In support of the Application, Offit Kurman respectfully states as follows:

## BACKGROUND OF THE CASES

1.  On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

**PROCEDURAL BACKGROUND FOR THE APPLICATION**

6. On December 26, 2008, the Debtors filed the Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code (the "OCP Motion"). [Docket No. 148.] In the OCP Motion, the

Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including Offit Kurman.[4] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. [Docket No. 227.]

7. Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. Offit Kurman was retained by the Debtors to provide labor law and litigation counsel for The Baltimore Sun Company in the ordinary course of business, with a Monthly Cap of $10,000.00.

8. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. [See Docket Nos. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, and 4214.]

46429/0001-6728270v1

9.  For the month of February 2010, the Debtors approved the payment of fees incurred by Offit Kurman in the amount of $21,669.00 and expenses in the amount of $65.00. In the prior two months, the Debtors approved the payment of fees and expenses incurred by Offit Kurman in the amounts of $13,333.00 and $1,384.00, respectively. Accordingly, Offit Kurman has exceeded its Monthly Cap over the applicable three-month period by $6,451.00. The Debtors have advised Offit Kurman that because the fees incurred in the month of February 2010 exceeded the firm's applicable Monthly Cap, Offit Kurman is required to seek the Court's allowance of the entire amount of the firm's February 2010 invoice.

## RELIEF REQUESTED

10. By this Application, Offit Kurman seeks (i) the allowance of fees in the amount of $21,669.00 and expenses in the amount of $65.00 for services rendered to Debtors during the period from February 1, 2010 through February 28, 2010; and (ii) the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A-C to this Application.

## BASIS FOR RELIEF REQUESTED

11. Offit Kurman has represented the Baltimore Sun since May 1989. Offit Kurman's services have been limited to the provision of labor/employment law advice including, but not limited to, advice and counsel regarding collective bargaining negotiations, litigation of arbitration cases with the unions that represent Baltimore Sun employees, and various employment-related litigation in state and federal court. Howard Kurman, one of the managing partners of Offit Kurman, was employed by the Baltimore Sun as its Director of Labor Relations

from 1981 to 1989 when he left to become a partner at the firm that is now known as Offit Kurman. Mr. Kurman's institutional knowledge and experience in the newspaper industry have greatly benefitted the Baltimore Sun during the last twenty-one years that Offit Kurman has represented the Baltimore Sun.

12. As reflected in the statements and invoices attached hereto, Offit Kurman has performed significant legal work of behalf of the Baltimore Sun on three labor arbitrations: (i) an arbitration in the Pressroom regarding method of payment to the Pressroom employees; (ii) an arbitration regarding the suspension of a Teamster driver (to which the majority of the fees and expenses covered by this Application related); and (iii) an arbitration regarding the termination of that same Teamster driver. The arbitrations have all been hotly contested by experienced labor counsel for the unions involved, and have required a correspondingly greater-than-normal expenditure of time and services by Offit Kurman.[5] Offit Kurman contends that the services rendered have been fair and reasonable and well within the range of fees that would be charged by any experienced labor counsel such as Howard Kurman, who has thirty-five years of applicable labor law experience.

13. Offit Kurman respectfully submits that good cause exists for the Court to waive the otherwise-applicable procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order. Specifically, Offit Kurman requests a limited waiver from such procedures solely for the purpose of permitting the Debtors to pay Offit Kurman the full amount of the fees and expenses it incurred during the period from February 1, 2010 through February

---

[5] Offit Kurman anticipates that its fees may be high in the next several months as these three labor arbitrations are scheduled to be tried by Offit Kurman on behalf of the Baltimore Sun during the May-June period. Accordingly, the Debtors intend to file a supplement to Exhibit A to the OCP Motion to increase the Monthly Cap applicable to Offit Kurman.

46429/0001-6728270v1

28, 2010, rather than requiring Offit Kurman to seek approval of its fee on an interim basis subject to a 20% holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis subject to the Fee Examiner's review and report.

14. Offit Kurman has received no payment and no promises of payment from any source other than the Debtors for services rendered as an Ordinary Course Professional to the Debtors in these chapter 11 cases. There is no agreement between Offit Kurman and any other party for the sharing of compensation to be received for the services rendered by Offit Kurman to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

15. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

16. The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

17. No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Offit Kurman respectfully requests the Court enter an order (i) allowing fees in the amount of $21,669.00 and expenses in the amount of $65.00 for services rendered to Debtors during the period from February 1, 2010 through February 28, 2010, (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (iii) granting such further relief as is just and proper.

Dated: 5/11/10, 2010

Respectfully submitted,

_____
Howard K. Kurman
OFFIT & KURMAN
8 Park Center Court, Suite 200
Owings Mills, MD 21117
Telephone: (443) 738.1500
Facsimile: (443) 738.1535