## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## EXAMINER'S MOTION FOR AN ORDER AUTHORIZING THE EXAMINER TO DEMAND AND ISSUE SUBPOENAS COMPELLING THE PRODUCTION OF DOCUMENTS AND ORAL EXAMINATION OF PERSONS AND ENTITIES

Kenneth N. Klee, Esq., the examiner (the "Examiner") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors"), hereby files this motion (the "Motion"), requesting entry of an order, substantially in the form attached hereto as **Exhibit 1**, pursuant to 11 U.S.C. §§ 105(a),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOIIM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1106(a)(3)-(4) & (b), 1109(b), Fed. R. Bankr. P. 2004 ("Rule 2004"), Rule 2004-1 of the Local

Rules of this Court (the "Local Rules"), and paragraph 9 of the *Agreed Order Directing*

*Appointment of an Examiner Pursuant to Section 1104(c)(2) of the Bankruptcy Code* [Docket #

4120] ("Examiner Order"), authorizing the Examiner, without further order of the Court, to

demand and compel by way of subpoena: (i) the oral examination, under oath, of persons and

entities that the Examiner believes may have information that is relevant to the Investigation (as

defined in the Examiner Order, as amended)  or that may lead the Examiner to such information

("Discovery Parties"), and (ii) the production of documents that may be relevant to the

Investigation or lead the Examiner to information that is relevant to the Investigation.   The

Examiner respectfully states and represents as follows:

## I.
## INTRODUCTION

1.      The Examiner seeks the relief requested in this Motion in an abundance of

caution, in order to ensure that the Investigation is timely and efficiently completed.   As the

Examiner has stated previously, the Examiner expects that the principal constituencies in the

Chapter 11 cases will cooperate with the Investigation by, among other things, voluntarily

identifying and providing the documents relevant to the Investigation and voluntarily submitting

themselves and/or their professionals to informal interviews with the Examiner and his

professionals.   The Examiner hopes that all of his fact finding will be conducted cooperatively

in this manner and that proceeding formally will not be necessary.

2.      Nevertheless, it is conceivable that a particular Discovery Party may elect not to

cooperate.  Because the Examiner Order contemplates that the Investigation be completed and a

report with respect thereto be filed by July 12, 2010, it would not be feasible or efficient for the

Examiner to wait until such non-cooperation occurs to seek authority to propound formal

discovery. There is simply not enough time. The Examiner respectfully submits that granting the requested relief will give him the tools he needs to deal with non-cooperation, increase the likelihood that parties will voluntarily cooperate in the first instance, and preserve the rights of parties to seek relief if they have legitimate grounds to object to any subpoena.

## II.
## STATUS OF CASE AND JURISDICTION

3.    On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

4.    The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested in the Motion are, inter alia, 11 U.S.C. §§ 105, 1106 and 1109(b); Rules 2004, 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and Rules 30 and 45 of the Federal Rules of Civil Procedure ("Civil Rules").

6.    This Application is made pursuant to the Examiner Order and applicable law, which provide that the Examiner is a party in interest in these Chapter 11 Cases that may seek relief and be heard by the Court.

### III.

### BACKGROUND

7.    On January 13, 2010, Wilmington Trust Company ("WTC") filed its *Motion for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Docket No. 3062]. On April 20, 2010, the Court entered the Examiner Order, directing the United States Trustee to appoint an examiner in these cases pursuant to Bankruptcy Code section 1104(c)(1).

8.    Pursuant to the Examiner Order, the Examiner is directed to conduct the Investigation and prepare a report in respect thereof ("Report"), to be filed on or before July 12, 2010 evaluating the following (all as more particularly described in the Examiner Order): (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

9.    On April 30, 2010, the United States Trustee filed her *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner, subject to Court approval. Contemporaneously therewith, the United States Trustee filed her *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

10.    On May 7, 2010, the Examiner filed the *Work And Expense Plan Of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan"). On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and the adoption of his Work Plan.

11.    On May 11, 2010, the Court entered its *Order Approving Appointment of Examiner* [Docket No. 4320] and its *Order Approving Work And Expense Plan And Modifying Examiner Order* [Docket No. 4321].

**IV.**

**RELIEF REQUESTED**

12.    By this Motion, the Examiner seeks entry of an Order, in substantially the form attached hereto as **Exhibit 1**, authorizing the Examiner, without further order of the Court, to demand and compel by way of subpoena: (i) the oral examination, under oath, of Discovery Parties and (ii) the production of documents that may be relevant to the Investigation or lead the Examiner to information that is relevant to the Investigation.

13.    Further, the Examiner proposes the following procedures in connection with the Examiner's issuance of any subpoena:

    (a)    Except as otherwise agreed by the Examiner, or subsequently ordered by the Court, a Discovery Party to which a subpoena which seeks documents (whether or not it also seeks testimony) is directed shall, within ten (10) days of service of such subpoena: (i) produce all non-privileged documents responsive to such subpoena, or (ii) file and serve a motion seeking a protective order, which the Court shall hear on shortened notice, no later than five (5) days from the filing of such motion;

    (b)    If a Discovery Party withholds any documents based upon a claim of privilege, he, she or it must provide the Examiner with a privilege log containing the information required under Bankruptcy Rule 7026, no later than ten (10) days after service of a subpoena upon such Discovery Party (unless otherwise agreed by the Examiner);

(c)    If the subpoena so directs, the Discovery Party may be required to appear for an oral examination within ten (10) days of service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable; provided the Discovery Party may voluntarily agree to appear for an oral examination sooner.

(d)    As necessary to implement the foregoing, the Examiner and his counsel are authorized to sign and issue a subpoena from any United States Bankruptcy Court for the applicable district in which a Discovery Party resides, does business, maintains documents or is found, both to obtain documents from a Discovery Party and to command the attendance of a Discovery Party at a deposition. The Examiner and his counsel also are authorized to take such actions as may be necessary in any other court in order to enforce subpoenas and otherwise effectuate the terms of the Court's order with respect to this Motion.

(e)    The relief requested herein and reflected in **Exhibit 1** is not intended to limit the substantive rights of any Discovery Party or other party under applicable law to object to or oppose any subpoena the Examiner may serve.

14.    This Motion is without prejudice to the Examiner's right to file further motions, as warranted, seeking additional documents and testimony pursuant to Bankruptcy Rule 2004 or any other applicable law.

## V.

## LEGAL AUTHORITY

15.    Having the authority to issue subpoenas to compel document production and oral examinations under Bankruptcy Rule 2004 is central to the Examiner's ability to fulfill his statutory and court-ordered obligations. The Bankruptcy Code authorizes and directs examiners to, "as soon as practicable[,]" investigate the "acts, conduct, assets, liabilities . . . and any other matter relevant to the case . . . " and then file a report chronicling "any fact ascertained

pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the debtor . . . ." *See* 11 U.S.C. § 1106(a)(3)-(4). Under the Examiner Order here, the Examiner is charged with conducting the Investigation and filing the Report no later than July 12, 2010 (unless such date is extended by the Court).

16.    In order to timely discharge these obligations by July 12, 2010, the Examiner requires timely access to documents and information that are relevant to the Investigation. As noted, the Examiner expects that most of that information will come voluntarily from parties in interest, and intends to honor the Court's mandate that as much be achieved cooperatively as possible. Nevertheless, the Examiner requires the ability to promptly propound discovery if a Discovery Party with relevant information declines to cooperate. Securing authority to propound discovery *now* should: (i) encourage parties to provide documents, information and access to individuals on a voluntary basis, (ii) minimize the time that would be consumed if the Examiner were required to file a motion (or worse yet, multiple motions) seeking this relief only after a particular need arises, and (iii) compel the production of documents or the oral examination of Discovery Parties that otherwise decline to voluntarily participate. Further, to the extent the Examiner may seek information from a public agency, a subpoena may be required by such agency as a prerequisite to its cooperation.

17.    This Court granted similar relief to the Examiner in *New Century TRS Holdings, Inc.* (Case No. 07-10416) (Bankr. D. Del.). This Court's October 16, 2007 Order is attached hereto as **Exhibit 2** (granting the Examiner pre-approval to issue Rule 2004 subpoenas). Other courts have extended similar relief to examiners.[2] *See SemCrude, L.P., et al.* (Case No. 08-

---

[2]    While modeled after other prior orders, the relief requested herein contains somewhat shortened deadlines. For instance, the period for response to a deposition subpoena in *Lehman* was a maximum of fifteen (15) days. This Motion proposes that a deposition subpoena by the Examiner may provide as little as ten (10)

11525) (Bankr. D. Del.); *Lehman Brothers Holdings Inc.* (Case No. 08-13555) (Bankr. S.D.N.Y.) (both granting pre-approval to issue Rule 2004 subpoenas).  The *SemCrude* and *Lehman* Orders are attached hereto as **Exhibits 3 and 4**, respectively.  The Examiner respectfully requests that the Court follow *New Century, SemCrude,* and *Lehman.*  The same considerations for expedience, thoroughness and fulfillment of statutory mandates apply here.

18.    Under Rule 2004(a), "the court may order the examination of any entity" based on the "motion of any party in interest."  Here, the Examiner Order expressly provides that "[t]he Examiner shall have the standing of a party in interest with respect to matters that are within the scope of the Investigation . . . ."  Examiner Order at ¶ 9.  A Rule 2004 subpoena may compel production of documents or attendance of entities or persons for deposition or other testimony. *See* Fed. R. Bankr. P. 2004(c).

19.    The scope of a Rule 2004 subpoena has been described as "very broad[,]" Rule 2004 adv. comm. notes, and "unfettered[,]" *In re Bazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1999) (citation omitted).  Under Rule 2004(a), subpoenas may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [or to] the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan."

20.    The latitude ordinarily permitted to parties-in-interest under Rule 2004 is particularly broad for examiners, given their significant statutory duties.  *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) ("[t]he

---

days' notice.  The Examiner respectfully submits that this modification is appropriate given the very short time frame of this investigation.

investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a 'fishing expedition,' as exploratory and groping as appears proper to the Examiner[]") (citation omitted).  "Any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *Id.*

21.    Moreover, the requested relief will not unduly prejudice any party that may become the subject of a subpoena issued by the Examiner.  The proposed order contemplates that the substantive rights of any party that becomes the subject of a subpoena to seek protective relief are fully preserved.

## VI.
### NOTICE

22.    Notice of this Motion has been provided to the Office of the United States Trustee, counsel for the Debtors, counsel for the Unsecured Creditors Committee and all parties requesting notice pursuant to Bankruptcy Rule 2002.

23.    The Examiner is aware that Local Rule 2004-1(c) ordinarily requires service of a Bankruptcy Rule 2004 application to any proposed examinee on their known counsel.  In this instance, however, literal compliance with Local Rule 2004-1(c) would be impossible because it would require the Examiner to serve the Motion on prospective Discovery Parties whom the Examiner has not yet identified or located.  Accordingly, the Examiner requests that this local requirement be waived with respect to the Motion and that service be limited to the parties listed above.  The Examiner notes that limiting service of the Motion is consistent with the Advisory Committee Notes for Bankruptcy Rule 2004, which expressly recognize  that a motion to examine an entity pursuant to Bankruptcy Rule 2004 may be heard *ex parte*.  Advisory Committee Notes to Fed. R. Bankr. P. 2004(a) (stating that a motion for authority to conduct a Rule 2004 examination "may be heard *ex parte* or it may be heard on notice").

## VII.

### CONCLUSION

WHEREFORE, based upon all of the foregoing, the Examiner respectfully requests that this Court enter an Order granting the relief requested herein.

Dated: May 12, 2010                    Respectfully Submitted,


                                       KLEE TUCHIN BOGDANOFF & STERN LLP
                                       Lee R. Bogdanoff (CA. Bar No. 119542)
                                       Martin R. Barash (CA Bar No. 162314)
                                       1999 Avenue of the Stars, 39th Floor
                                       Los Angeles, CA 90067-6059
                                       Telephone (310) 407-4000
                                       Facsimile (310) 407-9090

                                       Proposed Counsel to the Examiner

                                       and

                                       SAUL EWING LLP


                                       Mark Minuti (Bar No. 2659)
                                       222 Delaware Avenue, Suite 1200
                                       P.O. Box 1266
                                       Wilmington, DE  19899
                                       Telephone:  (302) 421-6840
                                       Facsimile:  (302) 421-5873
                                       Email: mminuti@saul.com

                                       Proposed Delaware Counsel to the Examiner