# Exhibit 4

Order *(In re Lehman Brothers Holdings Inc.)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

## ORDER GRANTING EXAMINER'S MOTION DIRECTING THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATIONS OF THE DEBTORS' CURRENT AND FORMER OFFICERS, DIRECTORS AND EMPLOYEES, AND OTHER PERSONS AND ENTITIES

Upon the Motion of Anton R. Valukas (the "Examiner") for an Order Directing the Production of Documents and Authorizing the Examination of the Debtors' Current and Former Officers, Directors and Employees, and Other Persons and Entities (the "Motion"); and the Court having reviewed the Motion and the exhibits submitted in support; and the Court being satisfied that adequate notice of the Motion has been provided in accordance with the procedures set forth in the order entered September 22, 2008 governing case management and administrative procedures [Docket # 285] (i) to the Court; (ii) counsel for the Debtors; (iii) the U.S. Trustee; (iv) counsel for the Official Committee of Unsecured Creditors; (v) counsel for the Debtors' postpetition lenders; (vi) the Securities and Exchange Committee; (vii) the Internal Revenue Service; (viii) the United States Attorney for the Southern District of New York; (ix) any person with a particularized interest in the subject matter of the Motion; and (x) all parties who have requested notice in these Chapter 11 Cases; and (xi) it appearing that no other or further notice of the Motion need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED

---

' Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

1. The Motion is granted.

2. The Examiner is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of Witnesses in connection with the Examiner's Investigation.

3. The Examiner shall serve each subpoena and a copy of this Order on the target of the subpoena, with copy to (i) the Debtor; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iii) the SIPA Trustee; and (iv) the United States Attorney for the Southern District of New York.

4. As directed in ¶ 8 of the Examiner Order, the Examiner shall cooperate fully with any government agencies including, but not limited to, any Federal, state or local government agency that currently or in the future may be investigating the Debtors, their management or their financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies. The Examiner will follow a protocol to be established with the governmental agencies for the sharing of information to the extent that such sharing benefits the Debtors' estates, and such sharing of information shall be subject to appropriate conditions to protect the Debtors' estates.

5. The Examiner shall file with the Court an affidavit or declaration of service for each subpoena he serves.

6. Unless otherwise agreed to by the Examiner, Witnesses shall have ten (10) days from the service of a subpoena to either (1) produce to the Examiner all responsive documents requested in the Examiner's subpoena, except as provided in ¶ 7 *infra*; or (2) file with the Bankruptcy Court an objection or response to the subpoena, with a hearing promptly scheduled.

7.  Unless otherwise agreed by the Examiner, if a Witness withholds any documents from the production based upon a claim of privilege, such Witness is directed to provide counsel for the Examiner with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days of the service of a subpoena upon the Witnesses.

8.  The Witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Examiner, in no event more than fifteen (15) days from the date of service of a deposition subpoena upon such Witness

9.  Nothing herein limits the substantive rights of Witnesses or other parties under applicable law to object to or oppose any subpoena the Examiner may serve.

10. This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

11. In accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed but otherwise in blank, as requested by the Examiner.

12. This Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

Dated: February 11, 2009
New York, New York

/s/ James M. Peck
UNITED STATES BANKRUPTCY JUDGE