# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MOTION FOR EXPEDITED CONSIDERATION OF EXAMINER'S MOTION FOR AN ORDER AUTHORIZING THE EXAMINER TO DEMAND AND ISSUE SUBPOENAS COMPELLING THE PRODUCTION OF DOCUMENTS AND ORAL EXAMINATION OF PERSONS AND ENTITIES

Kenneth N. Klee, the examiner (the "Examiner") appointed in the above-captioned bankruptcy cases, having filed the Examiner's Motion for an Order Authorizing the Examiner to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOII/M Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (1579); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Demand and Issue Subpoenas Compelling the Production of Documents and Oral Examination of Persons and Entities (the "2004 Motion") contemporaneously herewith, respectfully submits this motion (the "Motion for Expedited Consideration"), pursuant to 11 U.S.C. § 105, Fed. R. Bankr. P. 9006, and Rules 2004-1 and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order shortening the time for notice of the hearing to consider the 2004 Motion, so that the 2004 Motion may be heard during the hearing in these cases on May 20, 2010 at 10:00 a.m., with an objection deadline of May 17, 2010 at 4:00 p.m. In support of this Motion for Expedited Consideration, the Examiner respectfully sets forth and represents as follows:

1.  On April 20, 2010, the Court entered the Agreed Order Directing the Appointment of an Examiner [Docket No. 4120] (the "Examiner Order"). On April 30, 2010, the United States Trustee appointed Kenneth N. Klee, Esq. as the Examiner, which appointment was approved by the Court by order dated May 10, 2010 [Docket No. 4320].

2.  The Examiner Order directs the Examiner to prepare and file a report with respect to the Investigation, as defined therein, on or before July 12, 2010, unless such time shall be extended by order of the Court upon application by the Examiner. On May 7, 2010, as required by the Examiner Order, the Examiner filed the Work and Expense Plan of Examiner Designate Kenneth N. Klee, Esq. ("Work and Expense Plan"), which Work and Expense Plan was approved by the Court by Order Approving Work and Expense Plan and Modifying Examiner Order [Docket No. 4321] on May 11, 2010.

3.  Given the scope of the Investigation set forth in the Examiner Order and the July 12th deadline for the Examiner's report, the Examiner has a critical need to obtain information relevant to the Investigation as quickly as possible. As set forth in the 2004 Motion, the

Examiner hopes and expects that the principal constituencies in the Chapter 11 cases will cooperate with the Examiner in his Investigation. Nevertheless, it is conceivable that one or more parties in possession of documents and information relevant to the Investigation will not cooperate and the resort to formal discovery will be necessary. Given the scope of the Investigation and deadline for the Examiner's report, the Examiner simply cannot delay filing a 2004 Motion until any particular party informs the Examiner that he, she or it will not cooperate. The Examiner does not have the luxury of time. Instead, it is prudent for the Examiner to pursue the 2004 Motion now on an expedited basis so that the Examiner can avail himself of formal discovery when needed.

4. A hearing in these cases is currently scheduled for May 20, 2010 at 10:00 a.m. The Examiner hereby requests that this Court shorten notice on the 2004 Motion so that it can be considered by the Court at the hearing on May 20th. At the status conference with the Court on May 10, 2010, the Court authorized the Examiner to file this Motion for Expedited Consideration.

5. Local Rule 2004-1(c), permits the Court to consider a motion pursuant to Bankruptcy Rule 2004 to be considered by the Court on as little as nine days notice, with an objection deadline of as little as seven days from service of the motion. See Del. Bankr. L.R. 2004-1(c). Local Rule 9006-1(e), however, provides that a motion may be heard on less notice than as otherwise required "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Further, while 11 U.S.C. § 102(1) requires "notice and a hearing," 11 U.S.C. § 102(1) provides that "notice and a hearing" is an elastic phrase meant to take into account the "particular

circumstances" of a motion. See 11 U.S.C. § 102(1) ("'[A]fter notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . .").

6. Given the Examiner's critical need to quickly and efficiently conduct his Investigation, it is imperative that the Examiner obtain authority to engage in formal discovery, if necessary, as soon as possible. Further, the Examiner does not believe that any party-in-interest will be prejudiced if this Motion for Expedited Consideration is granted. Given the nature of the issues presented, eight days between service of the 2004 Motion and the proposed hearing should be sufficient time for any party-in-interest to raise any questions or objections to the 2004 Motion.

7. Notice of this Motion for Expedited Consideration has been provided to: (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Examiner respectfully requests the entry of an Order, substantially in the formed annexed hereto, (i) shortening the notice period and objection deadline with respect to the 2004 Motion as set forth therein; and (ii) granting such other relief as is just.

Dated: May 12, 2010

Respectfully Submitted,

KLEE TUCHIN BOGDANOFF & STERN LLP
Lee R. Bogdanoff (CA. Bar No. 119542)
Martin R. Barash (CA Bar No. 162314)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6059
Telephone (310) 407-4000
Facsimile (305) 407-9090

Proposed Counsel to the Examiner

and

SAUL EWING LLP

_____
Mark Minuti (Bar No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
Email: mminuti@saul.com

Proposed Delaware Counsel to the Examiner