IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

### APPLICATION OF THE EXAMINER FOR AN ORDER AUTHORIZING THE RETENTION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL TO THE EXAMINER *NUNC PRO TUNC* TO APRIL 30, 2010

Kenneth N. Klee, Esq., the examiner (the "Examiner") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors") by the Acting United States Trustee ("United States Trustee") on April 30, 2010 pursuant to the *Court's Agreed Order Directing the Appointment of an Examiner entered April*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FORUM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*20, 2010* [Docket No. 4120] (the "Examiner Order"), hereby submits this application (the "Application") for an order pursuant to 11 U.S.C. §§ 105(a) and 327 authorizing the Examiner to retain and employ Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm"), *nunc pro tunc* to April 30, 2010, as his legal counsel in the Chapter 11 Cases.

In support of the Application, the Examiner relies on the *Declaration of Martin R. Barash in Support of the Application of the Examiner Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* (the "Barash Declaration"), which has been submitted concurrently with the Application, and respectfully represents as follows:

I.

## STATUS OF CASE AND JURISDICTION

1. On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested herein are sections 105(a) and 327(a) of the Bankruptcy Code, as well as Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")

4. This Application is made pursuant to the Examiner Order, which provides that the Examiner may, subject to Court approval, retain counsel and other professionals at the expense of the estates, if the Examiner determines that such retention is necessary to discharge the Examiner's duties.

## II.

## BACKGROUND

5. On January 13, 2010, Wilmington Trust Company ("WTC") filed its "Motion for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code." On April 20, 2010, the Court entered the Examiner Order, directing the United States Trustee to appoint an examiner in these cases pursuant to Bankruptcy Code section 1104(c)(1).

6. Pursuant to the Examiner Order, the Examiner is directed to conduct an investigation (as defined therein, "Investigation") and prepare a report in respect thereof ("Report"), to be filed on or before July 12, 2010 evaluating the following (all as more particularly described in the Examiner Order): (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

7. On April 30, 2010, the United States Trustee filed her *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner, subject to Court approval. Contemporaneously therewith, the United States Trustee filed her *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213], which is pending before the Court.

8. On May 7, 2010, the Examiner filed the *Work And Expense Plan Of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan"). On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and the adoption of his Work Plan.

9. On May 11, 2010, the Court entered its *Order Approving Appointment of Examiner* [Docket No. 4320] and its *Order Approving Work And Expense Plan And Modifying Examiner Order* [Docket No. 4321].

## III.

## RELIEF REQUESTED

10. By this Application, the Examiner seeks entry of an order, pursuant to sections 105(a) and 327 of the Bankruptcy Code and the terms of Examiner Order, authorizing the employment and retention of KTB&S as his counsel, *nunc pro tunc* to April 30, 2010, to assist him in conducting the Investigation, preparing the Report, and discharging his other duties as Examiner. The Examiner is a partner in KTB&S and has selected KTB&S to serve as his principal counsel in the Chapter 11 Cases because the Firm has the extensive bankruptcy law experience, expertise and resources that are necessary and appropriate to assist the Examiner in this assignment.

### Retention of KTB&S

11. The Examiner has determined that the retention of KTB&S as counsel is necessary and appropriate to discharge his duties as Examiner and that the attorneys of KTB&S have the unique experience and expertise that are necessary and appropriate to perform the tasks necessary to his examination and the Investigation.

12. KTB&S is a premier, national business reorganization and corporate insolvency boutique law firm. KTB&S is composed of attorneys that limit their practice to corporate insolvency, restructuring and bankruptcy matters (both in and out of court), related litigation, appellate advocacy and expert witness services, as well as general commercial litigation and corporate finance transactions. KTB&S regularly represents debtors, creditors, equity holders, committees and trustees in complex and prominent bankruptcy cases in this Court and in other courts throughout the country.

13.     Attached as <u>Exhibit A</u> to the Barash Declaration are professional biographies for those KTB&S attorneys that the Examiner currently expects will be significantly involved in the conduct of the Investigation and the drafting of the Report.

14.     By retaining KTB&S as his principal counsel, the Examiner will be able to benefit from the Firm's experience, knowledge and expertise and, by virtue of his existing relationship with KTB&S, discharge his duties efficiently. The Examiner believes that KTB&S is amply qualified to represent and provide him assistance in connection with these Chapter 11 Cases.

### Services to be Provided by KTB&S

15.     Attached as <u>Exhibit B</u> to the Barash Declaration is a copy of the retention letter agreement between Kenneth N. Klee, as Examiner and KTB&S. The Examiner anticipates that the services to be provided by KTB&S will include the following:

- a.  take all necessary actions to assist and advise the Examiner in the discharge of his duties and responsibilities under the Examiner Order, other orders of this Court, and applicable law;

- b.  prepare on behalf of the Examiner all reports, pleadings, motions, applications, notices, orders and other documents necessary in the discharge of the Examiner's duties;

- c.  represent and advocate the interests of the Examiner at all hearings and other proceedings before this Court (and, to the extent necessary, any other court exercising jurisdiction over these cases, any proceedings herein, or any appeals therefrom) and at all proceedings before the United States Trustee;

- d.  analyze and advise the Examiner regarding such legal issues that may arise in connection with the discharge of his duties;

- e.  assist with interviews and examinations in connection with the Investigation and the drafting of the Report:

- f.  perform all other necessary legal services on behalf of the Examiner in connection with the Chapter 11 Cases; and

- g.  assist the Examiner in undertaking any additional tasks or duties that the Examiner may determine are necessary and appropriate to the discharge of his duties.

16. KTB&S intends to work closely with the Examiner's proposed Delaware counsel, Saul Ewing LLP, to minimize any duplication services performed or charged to the Debtors' estates, and to ensure that the Investigation is performed and the Report is drafted in an effective and efficient matter. As reflected in the Work Plan, the Examiner has proposed a plan for the Investigation that is designed to capitalize on the substantial investigative and analytical work undertaken to date by the principal constituencies in these cases, rather than attempting to launch the Investigation from scratch. The Examiner respectfully submits that his proposed work plan will save the estates significant resources, and enable KTB&S to approach the Investigation efficiently.

### Professional Compensation

17. KTB&S intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered in connection with the Chapter 11 Cases. Subject to Court approval and the orders governing compensation for professional services performed and reimbursement of expenses incurred in the Chapter 11 Case, and the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), compensation will be payable to KTB&S on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by KTB&S. KTB&S' professional billing rates for 2010 range as follows:

| | |
|---|---|
| Partners & Of-Counsel | $550-975 |
| Associates | $375-490 |
| Paralegals | $250 |

18. The foregoing rates have been set at a level designed to fairly compensate KTB&S for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Such rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities, and seniority of KTB&S's professionals, as well as general

economic factors. The Examiner respectfully submits that KTB&S's rates are reasonable and comparable to the rates charged by other firms for similar services.

19. The Examiner further understands that it is KTB&S's practice to charge its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage for large mailings, long distance telephone, computerized legal research facilities, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. Third party, out-of-pocket expenses incurred by KTB&S are charged at their actual cost to KTB&S and are not marked up. KTB&S does not charge its clients for word processing or secretarial overtime.

20. KTB&S shall file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and such other procedures as may be fixed by order of this Court.

### Disinterestedness of KTB&S

21. As described in the Barash Declaration, KTB&S undertook an investigation and determined that neither it nor Mr. Klee had any conflicts or connections with the following (i) the Debtors, creditors, other parties in interest in the Chapter 11 Cases and their respective attorneys and accountants, as listed on Exhibit C to the Barash Declaration, (ii) the following four entities which provided services in connection with the Merger (as that term is defined in the Definitive Proxy Statement filed by Tribune Company on Schedule 14A pursuant to the Securities Exchange Act of 1934, as amended, dated July 13 2007) and related transactions: Citigroup Global Markets, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley; and Valuation Research Corporation and (iii) the United States Trustee for Region 3 and/or any person employed in the United States Trustee offices located in Region 3 listed on Exhibit D to the Barash Declaration thereto (all of the foregoing constituting the "Identified Parties"), except as follows:

    a.    Mr. Klee has personal investment accounts at Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley Smith Barney; and Bank of America, and credit cards with Morgan Stanley Smith Barney and Citibank. Mr. Klee (and KTBS) are subscribers to the Los Angeles Times and are current in their subscriptions. Mr. Klee previously mediated an unrelated matter in which Wilmington Trust Corporation was a party. Mr. Klee also has served as an expert witness (or consultant) in unrelated matters for: (i) various clients of Paul Hastings Janofsky & Walker LLP, (ii) PricewaterhouseCoopers; (iii) Nomura Asset Capital Corp. and Nomura Asset Securitization Corp., and (iv) Alvarez and Marsal.

    b.    KTB&S previously represented Sunset Studios Holdings, LLC and Sunset Bronson Entertainment Properties, who are the lessors to KTLA, Inc. (one of the Tribune debtors) with respect to KTLA's lease of real property located in Hollywood, California. KTLA assumed the lease in June 2009 and paid the agreed upon cure amounts. KTB&S has a conflict waiver that permits it to serve as counsel for the Examiner. KTB&S is no longer representing Sunset Studios Holdings, LLC and Sunset Bronson Entertainment Properties with respect to the Debtors' cases.

    c.    KTB&S previously represented Metro-Goldwyn-Mayer Studios, Inc. ("MGM") with respect to certain television programming with the Debtors. The last services were provided in November 2009. KTB&S has a conflict waiver that permits it to serve as counsel for the Examiner. KTB&S is no longer representing MGM with respect to the Debtors' cases, but does continue to represent MGM in unrelated matters.

    d.    KTB&S previously represented CBS Corporation with respect to certain television programming with the Debtors. The last services were provided in July 2009. KTB&S has a conflict waiver that permits it to serve as counsel for the Examiner. KTB&S is no longer representing CBS Corporation with respect to the Debtors' cases. Additionally, KTB&S represents and has represented CBS Corporation and affiliated entities in unrelated matters, but is free to be adverse to them.

e.  KTB&S does not represent any of the Debtors, Wilmington Trust Company, JP Morgan Chase Bank, N.A., Morgan Securities Inc., Merrill Lynch Capital Corporation, Merrill, Lynch, Pierce, Fenner & Smith Incorporated, Citicorp North America, Inc., Citibank, N.A., Citigroup Global Markets, Inc., Bank of America, N.A., Banc of America Securities, LLC, Barclays Bank PLC or Morgan Stanley & Co. Inc. and is free to be adverse to any and all of them. Moreover, to my knowledge, KTB&S does not represent any affiliates of the foregoing entities (including any officers and directors of the foregoing) and is free to be adverse to any such affiliates.

f.  KTB&S has represented in the past and currently represents Farallon Capital Management, LLC ("Farallon") in matters unrelated to these cases. KTB&S may be adverse to Farallon in unrelated matters.

g.  KTB&S previously represented Franklin Advisors Inc. in an unrelated matter, but is free to be adverse to that entity.

h.  KTB&S represents and has represented Viacom and Paramount and affiliated entities in unrelated matters, but is free to be adverse to them.

i.  KTB&S represents The TCW Group, which may be affiliated with TCW Asset Management Co. in an unrelated matter, but is free to be adverse to that entity.

j.  KTB&S previously represented Levine Leichtman Capital Partners in unrelated matters, but is free to be adverse to that entity.

k.  KTB&S represents and previously has represented Wells Fargo Commercial Finance, LLC, formerly known as Wells Fargo Foothill, LLC in unrelated matters. Also, KTB&S previously provided consultation services to Wells Fargo Bank in respect of an unrelated matter. KTB&S is free to be adverse to the foregoing entities.

l.  KTB&S previously represented the Morgan Stanley Real Estate Fund in connection with an unrelated matter and is free to be adverse to that entity.

m.  A partner in the KTB&S, Daniel J. Bussel, previously served as an expert witness in unrelated litigation on behalf of certain Merrill Lynch affiliates.

n.  KTB&S currently represents and previously has represented Cerberus Capital Management L.P ("Cerberus") and its affiliates in connection with unrelated matters, and is free to be adverse to those entities.

o.  In connection with KTB&S's prior representation of the agent and lenders under an unrelated credit facility, KTB&S was directly engaged by the following lenders thereunder: (i) Babson CLO Ltd 2003-I, Babson CLO Ltd. 2005-I, and Babson CLO Ltd. 2005-III, for which Babson Capital Management LLC served as Collateral Manager; (ii) Massachusetts Mutual Life Insurance Company and Massmutual Asia Limited, for which Babson Capital Management LLC served as Investment Advisor; (iii) Lafayette Square CDO, Ltd., Monument Pak CDO Ltd., Union Square CDO Ltd., Essex Park CDO Ltd., Prospect Park CDO Ltd., Prospect Park CDO Ltd., and Inwood Park CDO Ltd., for which Blackstone Debt Advisors L.P. served as Collateral Manager; (iv) Van Kampen Senior Loan Fund and Van Kampen Senior Income Trust, which were managed by Van Kampen Asset Management; and (v) Bridgeport CLO Ltd., Cumberland II CLO Ltd., Forest Creek CLO Ltd., Long Grove CLO Ltd., Market Square CLO Ltd., Marquette Park CLO Ltd., and Rosemont CLO Ltd., for which Deerfield Capital Management LLC served as Collateral Manager. KTB&S is free to be adverse to all of these entities.

p.  KTB&S currently represents Silver Oak Capital, LLC, an affiliate of Angelo Gordon & Co. in an unrelated matter and is free to be adverse to that entity.

q.  KTB&S previously has provided consultation services to Citadel Investment Group LLC and is free to be adverse to that entity.

r.  Over the years, KTB&S has represented both formal and ad hoc groups of creditors in unrelated matters, in which parties listed on Exhibit C were members; provided that KTB&S did not serve as counsel to such parties unless otherwise noted herein. Likewise, KTB&S has represented agent-lenders and non-agent lenders, in lending facilities under which parties listed on Exhibit C also were agents and/or lenders but not client of KTB&S.

s.  Since the formation of KTB&S over 10 years ago, and over the course of the lengthy careers of the lawyers comprising KTB&S, KTB&S and its attorneys have represented, now represent, and likely will represent in the future parties adverse to many of the creditors and other parties in interest in these cases.

22. The Examiner does not believe that any such connections between KTB&S and the Identified Parties creates a disqualifying interest that is adverse to the Debtors or their estates in the matters upon which KTB&S is to be engaged by the Examiner.

23. Based upon the Barash Declaration and except as set forth therein, the Examiner submits that KTB&S, its partners, counsel and associates do not have any other known connections with the Identified Parties, and do not have any interest that is materially adverse to the interests of the Debtors or their estates, or any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in any of the Debtors, or for any other reason. Consequently, the Examiner respectfully submits that KTB&S is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

24. The Examiner understands that the disclosures by KTB&S set forth in the Barash Affidavit, and the exhibits thereto, have been made based upon a review of the best information available at the time. To the extent that any additional connections are discovered, KTB&S has agreed to file a supplemental declaration setting forth such disclosures.

## IV.

## NOTICE

25. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors; (iii) the Official Committee of Unsecured Creditors; and (iv) all parties having requested notices in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. After a hearing date on this Application has been set in accordance with Local Rule 2014-1(b), notice of such hearing will be served on the parties listed above, as well as any other parties as may be required by Local Rule

2002-1(b). The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be given.

## V.
## NO PRIOR REQUEST

26.  No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Examiner respectfully requests that this Court grant the Application and enter an order authorizing the Examiner to retain and employ KTB&S as counsel to the Examiner, *nunc pro tunc* to April 30, 2010, and granting such other and further relief as the Court deems just and proper.

Dated: May 12, 2010

/s/ Kenneth N. Klee
_____
Kenneth N. Klee
Examiner


Respectfully submitted:

/s/ Martin R. Barash
_____

Martin R. Barash (CA Bar No. 162314)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000
Facsimile:  (310) 407-9090

Proposed Attorneys to the Examiner