## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## DECLARATION OF MARTIN R. BARASH IN SUPPORT OF APPLICATION OF THE EXAMINER FOR AN ORDER AUTHORIZING THE RETENTION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP AS COUNSEL TO THE EXAMINER *NUNC PRO TUNC* TO APRIL 30, 2010

**I, MARTIN R. BARASH, declare as follows:**

1.     I am over eighteen years of age.  If called as a witness, I could and would competently testify to the matters set forth herein from my own personal knowledge.  I am a

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FORM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

partner in the firm of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm"), located at 1999 Avenue of the Stars, 39th Floor, Los Angeles, California, 90067-6059, and have been duly admitted to practice law in the State of California. A *pro hac vice* application for permission to appear before this Court in these cases has been submitted on my behalf and granted.

2.    This Declaration is submitted in support of the *Application of the Examiner for an Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* (the "Application"), which is being filed concurrently herewith.[2]

## Retention of KTB&S

3.    KTB&S is a premier, national business reorganization and corporate insolvency boutique law firm. KTB&S is composed of attorneys that limit their practice to corporate insolvency, restructuring and bankruptcy matters (both in and out of court), related litigation, appellate advocacy and expert witness services, as well as general commercial litigation and corporate finance transactions. KTB&S regularly represents debtors, creditors, equity holders, committees and trustees in complex and prominent bankruptcy cases in this Court and in other courts throughout the country.

4.    Attached as Exhibit A hereto are professional biographies for those KTB&S attorneys that KTB&S currently expects will be significantly involved in the conduct of the Investigation and the drafting of the Report.

## Services to be Provided by KTB&S

5.    Attached as Exhibit B hereto is a copy of the retention letter agreement between Kenneth N. Klee, as Examiner and KTB&S. KTB&S anticipates that the services to be provided by KTB&S will include the following:

a.    take all necessary actions to assist and advise the Examiner in the discharge of his duties and responsibilities under the Examiner Order, other orders of this Court,. and applicable law;

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

b.    prepare on behalf of the Examiner all reports, pleadings, motions, applications, notices, orders and other documents necessary in the discharge of the Examiner's duties;

c.    represent and advocate the interests of the Examiner at all hearings and other proceedings before this Court (and, to the extent necessary, any other court exercising jurisdiction over these cases, any proceedings herein, or any appeals therefrom) and at all proceedings before the United States Trustee;

d.    analyze and advise the Examiner regarding such legal issues that may arise in connection with the discharge of his duties;

e.    assist with interviews and examinations in connection with the Investigation and the drafting of the Report:

f.    perform all other necessary legal services on behalf of the Examiner in connection with the Chapter 11 Cases; and

g.    assist the Examiner in undertaking any additional tasks or duties that the Examiner may determine are necessary and appropriate to the discharge of his duties.

6.    KTB&S intends to work closely with the Examiner's proposed Delaware counsel, Saul Ewing LLP, to minimize any duplication services performed or charged to the Debtors' estates, and to ensure that the Investigation is performed and the Report is drafted in an effective and efficient matter. As reflected in the Work Plan, which KTB&S helped to develop, the Examiner has proposed a plan for the Investigation that is designed to capitalize on the substantial investigative and analytical work undertaken to date by the principal constituencies in these cases, rather than attempting to launch the Investigation from scratch.

### Professional Compensation

7.    KTB&S intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered in connection with the Chapter 11 Cases. Subject to Court approval and the orders governing compensation for professional services performed and reimbursement of expenses incurred in the Chapter 11 Cases, and the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"Local Rules"), KT&BS anticipates that compensation will be payable to KTB&S on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by KTB&S. KTB&S's professional billing rates for 2010 range as follows:

| Partners & Of-Counsel | $550-975 |
| Associates | $375-490 |
| Paralegals | $250 |

8.    The foregoing rates have been set at a level designed to fairly compensate KTB&S for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Such rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities, and seniority of KTB&S's professionals, as well as general economic factors.

9.    It is KTB&S's practice to charge its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage for large mailings, long distance telephone, computerized legal research facilities, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. Third party, out-of-pocket expenses incurred by KTB&S are charged at their actual cost to KTB&S and are not marked up. KTB&S does not charge its clients for word processing or secretarial overtime.

10.    KTB&S intends to file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and such other procedures as may be fixed by order of this Court.

11.    No promises have been received by the Firm or by any partner, of counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case, except among the partners, of counsel and associates of the Firm.

4

<u>KTB&S's Disinterestedness and Disclosure of Connections</u>

12.    KTB&S maintains computerized records of its clients, engagements and related parties. As a partner in KTB&S, I am familiar with these records are maintained and recorded. I believe these records are reliable and accurately reflect KTB&S's past and current clients. In connection with our proposed representation of the Examiner, I caused the staff of KTB&S to conduct a search of the aforementioned records to determine whether and in what capacity KTB&S has connections to the "Identified Parties," as defined below.

13.    Based upon my review of the results of those searches and related business records (*e.g.*, internal memoranda, retention agreements, and the like), consultations with attorneys at KTB&S (including Mr. Klee), I determined that neither KTB&S nor Mr. Klee has any conflicts or connections with the following (i) the Debtors, creditors, other parties in interest in the Chapter 11 Cases and their respective attorneys and accountants, as listed on <u>Exhibit C</u> hereto, (ii) the following four entities which provided services in connection with the Merger (as that term is defined in the Definitive Proxy Statement filed by Tribune Company on Schedule 14A pursuant to the Securities Exchange Act of 1934, as amended, dated July 13 2007) and related transactions: Citigroup Global Markets, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley; and Valuation Research Corporation and (iii) the United States Trustee for Region 3 and/or any person employed in the United States Trustee offices located in Region 3 listed on Exhibit D hereto (all of the foregoing constituting the "Identified Parties"), <u>except as follows:</u>

    a.    Mr. Klee has personal investment accounts at Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley Smith Barney; and Bank of America, and credit cards with Morgan Stanley Smith Barney and Citibank. Mr. Klee (and KTBS) are subscribers to the Los Angeles Times and are current in their subscriptions. Mr. Klee previously mediated an unrelated matter in which Wilmington Trust Corporation was a party. Mr. Klee also has served as an expert witness (or consultant) in unrelated matters for: (i) various clients of Paul Hastings Janofsky & Walker LLP, (ii)

5

PricewaterhouseCoopers; (iii) Nomura Asset Capital Corp. and Nomura Asset
Securitization Corp., and (iv) Alvarez and Marsal.

      b.     KTB&S previously represented Sunset Studios Holdings, LLC and Sunset
Bronson Entertainment Properties, who are the lessors to KTLA, Inc. (one of the Tribune
debtors) with respect to KTLA's lease of real property located in Hollywood, California.
KTLA assumed the lease in June 2009 and paid the agreed upon cure amounts. KTB&S
has a conflict waiver that permits it to serve as counsel for the Examiner. KTB&S is no
longer representing Sunset Studios Holdings, LLC and Sunset Bronson Entertainment
Properties with respect to the Debtors' cases.

      c.     KTB&S previously represented Metro-Goldwyn-Mayer Studios, Inc.
("MGM") with respect to certain television programming with the Debtors. The last
services were provided in November 2009. KTB&S has a conflict waiver that permits it
to serve as counsel for the Examiner. KTB&S is no longer representing MGM with
respect to the Debtors' cases, but does continue to represent MGM in unrelated matters .

      d.     KTB&S previously represented CBS Corporation with respect to certain
television programming with the Debtors. The last services were provided in July 2009.
KTB&S has a conflict waiver that permits it to serve as counsel for the Examiner.
KTB&S is no longer representing CBS Corporation with respect to the Debtors' cases.
Additionally, KTB&S represents and has represented CBS Corporation and affiliated
entities in unrelated matters, but is free to be adverse to them.

      e.     KTB&S does not represent any of the Debtors, Wilmington Trust
Company, JP Morgan Chase Bank, N.A., Morgan Securities Inc., Merrill Lynch Capital
Corporation, Merrill, Lynch, Pierce, Fenner & Smith Incorporated, Citicorp North
America, Inc., Citibank, N.A., Citigroup Global Markets, Inc., Bank of America, N.A.,
Banc of America Securities, LLC, Barclays Bank PLC or Morgan Stanley & Co. Inc. and
is free to be adverse to any and all of them. Moreover, to my knowledge, KTB&S does

not represent any affiliates of the foregoing entities (including any officers and directors of the foregoing) and is free to be adverse to any such affiliates.

     f.     KTB&S has represented in the past and currently represents Farallon Capital Management, LLC ("Farallon") in matters unrelated to these cases. KTB&S may be adverse to Farallon in unrelated matters.

     g.     KTB&S previously represented Franklin Advisors Inc. in an unrelated matter, but is free to be adverse to that entity.

     h.     KTB&S represents and has represented Viacom and Paramount and affiliated entities in unrelated matters, but is free to be adverse to them.

     i.     KTB&S represents The TCW Group, which may be affiliated with TCW Asset Management Co. in an unrelated matter, but is free to be adverse to that entity.

     j.     KTB&S previously represented Levine Leichtman Capital Partners in unrelated matters, but is free to be adverse to that entity.

     k.     KTB&S represents and previously has represented Wells Fargo Commercial Finance, LLC, formerly known as Wells Fargo Foothill, LLC in unrelated matters. Also, KTB&S previously provided consultation services to Wells Fargo Bank in respect of an unrelated matter.  KTB&S is free to be adverse to the foregoing entities.

     l.     KTB&S previously represented the Morgan Stanley Real Estate Fund in connection with an unrelated matter and is free to be adverse to that entity.

     m.     A partner in the KTB&S, Daniel J. Bussel, previously served as an expert witness in unrelated litigation on behalf of certain Merrill Lynch affiliates.

     n.     KTB&S currently represents and previously has represented Cerberus Capital Management L.P ("Cerberus") and its affiliates in connection with unrelated matters, and is free to be adverse to those entities.

     o.     In connection with KTB&S's prior representation of the agent and lenders under an unrelated credit facility, KTB&S was directly engaged by the following lenders thereunder: (i) Babson CLO Ltd 2003-I, Babson CLO Ltd. 2005-I, and Babson CLO Ltd.

2005-III, for which Babson Capital Management LLC served as Collateral Manager; (ii) Massachusetts Mutual Life Insurance Company and Massmutual Asia Limited, for which Babson Capital Management LLC served as Investment Advisor; (iii) Lafayette Square CDO, Ltd., Monument Pak CDO Ltd., Union Square CDO Ltd., Essex Park CDO Ltd., Prospect Park CDO Ltd., Prospect Park CDO Ltd., and Inwood Park CDO Ltd., for which Blackstone Debt Advisors L.P. served as Collateral Manager; (iv) Van Kampen Senior Loan Fund and Van Kampen Senior Income Trust, which were managed by Van Kampen Asset Management; and (v) Bridgeport CLO Ltd., Cumberland II CLO Ltd., Forest Creek CLO Ltd., Long Grove CLO Ltd., Market Square CLO Ltd., Marquette Park CLO Ltd., and Rosemont CLO Ltd., for which Deerfield Capital Management LLC served as Collateral Manager.  KTB&S is free to be adverse to all of these entities.

p.     KTB&S currently represents Silver Oak Capital, LLC, an affiliate of Angelo Gordon & Co. in an unrelated matter and is free to be adverse to that entity.

q.     KTB&S previously has provided consultation services to Citadel Investment Group LLC and is free to be adverse to that entity.

r.     Over the years, KTB&S has represented both formal and ad hoc groups of creditors in unrelated matters, in which parties listed on Exhibit A were members; provided that KTB&S did not serve as counsel to such parties unless otherwise noted herein.  Likewise, KTB&S has represented agent-lenders and non-agent lenders, in lending facilities under which parties listed on Exhibit A also were agents and/or lenders but not client of KTB&S.

s.     Since the formation of KTB&S over 10 years ago, and over the course of the lengthy careers of the lawyers comprising KTB&S (including mine), KTB&S and its attorneys have represented, now represent, and likely will represent in the future parties adverse to many of the creditors and other parties in interest in these cases.

14.   I do not believe that any such connections between KTB&S and the Identified Parties creates a disqualifying interest that is adverse to the Debtors or their estates in the matters

upon which KTB&S is to be engaged by the Examiner. Based on the foregoing, and except as set forth herein, to the best of my knowledge, KTB&S is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that KTB&S, its partners, of counsel and associates:

        a.      are not creditors, equity security holders or insiders of any of the Debtors;

        b.      are not and were not, within two (2) years before the date of the filing of the petition, a director, officer or employee of any of the Debtors; and

        c.      do not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

15.    The disclosures set forth herein have been made based upon my review of the best information available at the time, as indicated above. To the extent that any additional connections are discovered with respect to any Identified Party, KTB&S has will file a supplemental declaration disclosing such additional connections.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of May, 2010 at Los Angeles, California.

_____
Martin R. Barash

9