# Exhibit B

Retention Letter



**Klee,**
**Tuchin,**
**Bogdanoff &**
**Stern**
LLP

| 1999 Avenue of the Stars | voice: 310-407-4000 |
| Thirty-Ninth Floor | fax: 310-407-9090 |
| Los Angeles, California 90067 | www.ktbslaw.com |

E-mail: lbogdanoff@ktbslaw.com
Direct Dial:  310-407-4070

April 30, 2010

Mr. Kenneth N. Klee
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067

Re:  **Retainer Agreement between Klee, Tuchin, Bogdanoff & Stern**
**LLP and Kenneth N. Klee, As Examiner In The Tribune Company**
**Cases**

Dear Ken:

I am writing this letter to set forth the terms and conditions upon which Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S") will represent you in your capacity as Court-appointed Examiner ("Client") in connection with the chapter 11 cases of Tribune Company *et al.*, Case No. 08-13141(KC) (collectively, "Chapter 11 Cases") pending before the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

<u>Scope of Representation</u>.

KTB&S specializes in the areas of reorganization, bankruptcy, general commercial litigation, general corporate law, financings and acquisitions.  We limit our practice to those areas.

As set forth herein, KTB&S will act as CLIENT's counsel to render such ordinary and necessary legal services within our expertise as may be required to enable CLIENT to fulfill his duties as set forth in the "Agreed Order Directing the Appointment of An Examiner" ("Agreed Order") and such other orders that may be entered by the Court in connection with the Chapter 11 Cases.

<u>Financial Arrangements</u>.

KTB&S shall be entitled to compensation and reimbursement of expenses solely at the expense of the bankruptcy estates in the Chapter 11 Cases pursuant to the terms set forth in the Agreed Order and such other orders of the Bankruptcy Court as may be

122358.1

Mr. Kenneth N. Klee
April 30, 2010
Page 2

applicable to professionals retained by the Examiner. CLIENT shall have no personal liability whatsoever in connection therewith.

KTB&S's invoices will reflect charges for services rendered, calculated on the basis of KTB&S's hourly rates in effect at the time of such services. For attorney services, these rates currently range from $375 to $975 per hour. KTB&S's rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities, and seniority of KTB&S's professionals as well as general economic factors.

KTB&S's invoices also will include reasonable and customary charges for costs and expenses. Such costs and expenses will include, among others, charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage for large mailings, long distance telephone, computerized legal research facilities, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services.

Disclosures and Waivers.

Both CLIENT and KTB&S have submitted or will submit to the Office of the United States Trustee and the Bankruptcy Court written disclosures setting forth their respective contacts and affiliations in connection with parties in interest in the Chapter 11 Cases. The parties hereto acknowledge that CLIENT is a member of KTB&S and holds an ownership interest in the firm.

Some attorneys at KTB&S have relatives or significant others who are attorneys at other law firms. We have strict policies against disclosing confidential information to anyone outside of the firm, including spouses, parents, children, siblings, fiancés, and fiancées. You agree that you do not consider our representation of you to be inappropriate in light of any such relationships.

KTB&S maintains errors and omissions insurance coverage applicable to the services to be rendered hereunder which complies with the requirements imposed by California Business and Professions Code sections 6147(a)(6) and 6148(a)(4).

Discharge and Withdrawal.

CLIENT may discharge KTB&S at any time. KTB&S may withdraw at any time with CLIENT's consent or for good cause without CLIENT's consent. Good cause includes CLIENT's breach of this agreement, CLIENT's refusal or failure to cooperate with KTB&S, or any fact or circumstance that would render KTB&S's continuing representation unlawful or unethical.

Mr. Kenneth N. Klee
April 30, 2010
Page 3

Client Files.

After the termination of KTB&S's engagement, KTB&S will retain CLIENT's files in KTB&S's possession for a period of three years following such termination. If CLIENT does not request in writing the CLIENT files before the end of that three-year period, upon the expiration of such period, KTB&S will have no further obligation to retain the files and may, in KTB&S's discretion, destroy them without further notice to CLIENT.

No Other Agreement.

This constitutes the entire understanding between CLIENT and KTB&S regarding KTB&S's employment. By executing this agreement, CLIENT acknowledges that it has read carefully and understands all of its terms. The agreement cannot be modified except by further written agreement signed by each party.

Conclusion.

If CLIENT has any questions about the foregoing, please call me. Moreover, feel free to obtain independent legal advice regarding this agreement. If CLIENT is in agreement with the foregoing, and it accurately represents CLIENT's agreement with KTB&S, please execute the enclosed copy of this letter. If not, kindly contact me immediately.

Very truly yours,

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: Lee R. Bogdanoff

**THE FOREGOING IS APPROVED AND AGREED TO:**

Dated: April 30, 2010

Kenneth N. Klee, solely in the capacity as
Examiner in the Chapter 11 Cases

122356.1