# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Relate to Docket No. \_\_\_\_\_ |

## ORDER AUTHORIZING THE RETENTION OF LECG, LLC AS FINANCIAL ADVISOR TO THE EXAMINER *NUNC PRO TUNC* TO APRIL 30, 2010

Upon the application[2] (the "Application") of Kenneth N. Klee, the Examiner (the "Examiner") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors") by the United States Trustee on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOII/M Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

593488.1 5/12/10

April 30, 2010, for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 327 authorizing the Examiner LECG, LLC ("LECG"), *nunc pro tunc* to April 30, 2010, as his financial advisor in the Chapter 11 Cases; and the Court having considered the Application and all pleadings related thereto, including the *Declaration of F. Wayne Elggren in Support of the Application of the Examiner Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* (the "Elggren Declaration") and the *Declaration of Fernanda L. Schmid in Support of the Application of the Examiner Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* (the "Schmid Declaration") the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being due and proper, and no other or further notice being required; and the Court being satisfied that (i) except as otherwise set forth in the Application and the Schmid Declaration, LECG does not represent any interest adverse to the Debtors or their estates, (ii) LECG is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) and (iii) the employment of LECG is necessary and in the best interests of the Examiner, the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Application is GRANTED; and it is further

ORDERED, that the Examiner is authorized to retain LECG as his accounts and financial advisor, effective *nunc pro tunc* to April 30, 2010, on the terms and conditions set forth in the Application and the Elggren Declaration; and it is further

ORDERED, that LECG shall be compensated by the Debtors' bankruptcy estates, in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, and the Examiner shall have no liability to LECG in connection with fees and expenses incurred on behalf of the Examiner or in connection with these cases ; and it is further

ORDERED that any party receiving timely and sufficient notice of the Court's consideration of the Application that has failed to file and serve a timely objection to the relief requested in the Application shall, absent good cause shown, be deemed to have consented to the relief requested by the Application; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising form the implementation of this Order.

Dated: May ___, 2010

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE