# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## DECLARATION OF F. WAYNE ELGGREN IN SUPPORT OF APPLICATION OF THE EXAMINER FOR AN ORDER AUTHORIZING THE RETENTION OF LECG, LLC AS FINANCIAL ADVISOR TO THE EXAMINER *NUNC PRO TUNC* TO APRIL 30, 2010

**I, F. WAYNE ELGGREN, declare as follows:**

1. I am over eighteen years of age. If called as a witness, I could and would competently testify to the matters set forth herein from my own personal knowledge. I am a Director of LECG, LLC ("LECG").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FORUM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. I submit this declaration in support of the *Application of the Examiner for an Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* (the "Application"), which is being submitted concurrently herewith.[2]

### Retention of LECG

3. LECG is a California limited liability company whose parent company, LECG Corporation, is a Delaware corporation that is publicly traded (NASDAQ: XPRT). LECG provides experts services, including economic and financial analyses, expert testimony, litigation support, and strategic management consulting to a range of public and private enterprises. LECG delivers independent expert testimony, original authoritative studies and strategic advice to legislative, judicial, regulatory and business decision makers. LECG's other service offerings include factual and statistical analyses, report preparation and presentation, and electronic discovery and data collection.

4. Attached as Exhibit A hereto are professional biographies for those LECG professionals that LECG currently expects will be significantly involved in the conduct of the Investigation and the drafting of the Report.

### Services to be Provided by LECG

5. Attached as Exhibit B hereto is a copy of the retention letter agreement between Kenneth N. Klee, as Examiner and LECG. LECG anticipates that the services to be provided by LECG will include the following:

    a. assist the Examiner in identifying, investigating and analyzing the financial circumstances of the Debtors prior to and following the LBO;

    b. assist the Examiner in identifying, investigating and analyzing the financial circumstances surrounding and the various transactions implementing the LBO;

    c. assist the Examiner in data collection, document management and discovery support; and

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

d.  perform all other services necessary to fulfill the role of financial advisor to the Examiner that the Examiner may determine are necessary and appropriate to the discharge of his duties.

6. LECG intends to work closely with the Examiner's proposed counsel to minimize any duplication services performed or charged to the Debtors' estates, and to ensure that the Investigation is performed and the Report is drafted in an effective and efficient matter. As reflected in the Work Plan, the Examiner has proposed a plan for the Investigation that is designed to capitalize on the substantial investigative and analytical work undertaken to date by the principal constituencies in these cases, rather than attempting to launch the Investigation from scratch.

## Professional Compensation

7. LECG intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered in connection with the Chapter 11 Cases. Subject to Court approval and the orders governing compensation for professional services performed and reimbursement of expenses incurred in the Chapter 11 Cases, and the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), LECG anticipates that compensation will be payable to LECG on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by LECG. LECG's professional billing rates for 2010 range as follows:

| | |
|---|---|
| Director | $590 to $745 |
| Consultant/Principal | $330 to $590 |
| Associate | $245 to $330 |
| Accounting Analyst | $225 to $245 |
| Practice Management | $125 to $200 |

8. The foregoing rates have been set at a level designed to fairly compensate LECG for the work of its professionals and to cover fixed and routine overhead expenses. Such

rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities, and seniority of LECG's professionals, as well as general economic factors.

9. It is LECG's practice to charge its clients for expenses incurred in connection with the client's case. As provided in the LECG Agreement, the expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, travel expenses, postage, long distance telephone, investigative searches, and other charges customarily invoiced by accounting and financial advisory firms in addition to fees for professional services.

10. With respect to fees and charges incurred by LECG on behalf of the Examiner in connection with data collection, document management and discovery support services ("Discovery Support Services"), certain services are charged at an hourly rate (other than as noted above) and other charges are based upon a fixed fee schedule. Both the hourly rates and fixed fees for these services are set forth in Exhibit C hereto. LECG believes that LECG's rates for the Discovery Support Services are reasonable, and are comparable to the rates charged by other firms for similar services.

11. LECG intends to file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and such other procedures as may be fixed by order of this Court.

12. No promises have been received by LECG or any professional thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. LECG has no agreement with any other entity to share with such entity any compensation received by LECG in connection with this chapter 11 case, except among the

professionals of LECG.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12 day of May, 2010 at Chicago, Illinois 60603.

_____
F. Wayne Elggren