IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

DECLARATION OF FERNANDA L. SCHMID IN SUPPORT OF APPLICATION OF
THE EXAMINER FOR AN ORDER AUTHORIZING THE RETENTION OF
LECG, LLC AS FINANCIAL ADVISOR TO
THE EXAMINER *NUNC PRO TUNC* TO APRIL 30, 2010

**I, FERNANDA L. SCHMID, declare as follows:**

1. I am over eighteen years of age. If called as a witness, I could and would competently testify to the matters set forth herein from my own personal knowledge. I am the Associate General Counsel of LECG, LLC ("LECG").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FORUM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2. I submit this declaration in support of the *Application of the Examiner for an Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* (the "Application"), which is being submitted concurrently herewith.[2]

### Retention of LECG

3. LECG is a California limited liability company whose parent company, LECG Corporation, is a Delaware corporation that is publicly traded (NASDAQ: XPRT). LECG provides experts services, including economic and financial analyses, expert testimony, litigation support, and strategic management consulting to a range of public and private enterprises. LECG delivers independent expert testimony, original authoritative studies and strategic advice to legislative, judicial, regulatory and business decision makers. LECG's other service offerings include factual and statistical analyses, report preparation and presentation, and electronic discovery and data collection.

### LECG's Disinterestedness and Disclosure of Connections

4. LECG maintains computerized records of its clients, engagements and related parties. As the Associate General Counsel of LECG, I am familiar with how these records are maintained and recorded. I believe these records are reliable and accurately reflect LECG's past and current clients. In connection with our proposed services to the Examiner, I caused the staff of LECG to conduct a search of the aforementioned records to determine whether and in what capacity LECG has connections to the "Identified Parties," as defined below.

5. Based upon my review of the results of those searches and related business records (*e.g.*, internal memoranda, retention agreements, and the like) and consultations with professionals at LECG, I determined that LECG has no conflicts or connections with the following (i) the Debtors, creditors, other parties in interest in the Chapter 11 Cases and their respective attorneys and accountants, as listed on Exhibit A hereto, (ii) the following four entities which provided services in connection with the Merger (as that term is defined in the Definitive

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

Proxy Statement filed by Tribune Company on Schedule 14A pursuant to the Securities Exchange Act of 1934, as amended, dated July 13 2007) and related transactions: Citigroup Global Markets, Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Morgan Stanley; and Valuation Research Corporation and (iii) the United States Trustee for Region 3 and/or any person employed in the United States Trustee offices located in Region 3 listed on Exhibit B hereto (all of the foregoing constituting the "Identified Parties"), except as follows and as set forth in Exhibit C hereto:

    a. Craig Elson, a LECG professional who will be providing services in this matter, was interviewed by the Unsecured Creditors Committee Special Counsel with respect to the Chapter 11 Cases. Mr. Elson was not hired, and he did not receive any confidential information;

    b. LECG and its professionals provide services in many bankruptcies across the country in which some of the Identified Parties may have creditor claims in the bankruptcies; and

    c. Throughout its history, LECG and its professionals have provided services, now provide services, and likely will provide services in the future to parties adverse to many of the creditors and other parties in interest in these cases.

6. I do not believe that any such connections between LECG and the Identified Parties creates a disqualifying interest that is adverse to the Debtors or their estates in the matters upon which LECG is to be engaged by the Examiner. Based on the foregoing, and except as set forth herein, to the best of my knowledge, LECG is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that LECG and its professionals:

    a. are not creditors, equity security holders or insiders of any of the Debtors;

    b. are not and were not, within two (2) years before the date of the filing of the petition, a director, officer or employee of any of the Debtors; and

3

      c.      do not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

7.      The disclosures set forth herein have been made based upon my review of the best information available at the time, as indicated above. To the extent that any additional connections are discovered with respect to any Identified Party, LECG has will file a supplemental declaration disclosing such additional connections.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of May, 2010 at Los Angeles, California.

_____
Fernanda L. Schmid