# HARWOOD FEFFER LLP
### 488 MADISON AVENUE
### NEW YORK, NEW YORK 10022

TELEPHONE: (212) 935-7400
TELECOPIER: (212) 753-3630

May 12, 2010

**VIA FEDEX**

Clerk of the Bankruptcy Court
824 N. Market Street, 3rd Floor
Wilmington, DE 19801

**VIA TELECOPIER**

Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Attn: Kerriann S. Mills

Cole, Schotz, Meisel Forman & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Norman L. Pernick

The United States Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lock Box, 35
Wilmington, DE 19801
Attn: Joseph McMahon

Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY 10112
Attn: Douglas E. Deutsch

Landis, Rath & Cobb, LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
Attn: Adam G. Landis

Re: *In re Tribune Company, et al.*, Chapter 11, Case No. 08-13141(KJC)

Gentlemen/Ladies:

I am co-counsel for plaintiffs in the action captioned *Crabhouse of Douglaston Inc. d/b/a Douglaston Manor, et al., v. Newsday, Inc., et al.*, Case No. CV 04-558 (E.D.N.Y. Feb. 10, 2004) (the "Circulation Action"), referenced at page 42 of the Disclosure Statement for Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, dated April 12, 2010 (the "Disclosure Statement"), and write on their behalf.

Plaintiffs in the Circulation Action object to the description of that action. Plaintiffs object on the grounds that the description fails to disclose that: (a) Circulation Action defendant Hoy Publications LLC ("Hoy") has admitted to the fraud alleged in the Circulation Action and such claims cannot be discharged in this action; (b) Tribune ND is not a defendant in the Circulation Action; and (c) Newsday, Inc. ("Newsday") is a defendant in the Circulation Action.

The admission by Hoy and Newsday are contained in the attached agreement between Newsday, Hoy, and The U.S. Attorney's Office For The Eastern District of New York (the "Agreement"). As described below and in the Agreement, both Newsday and Hoy confessed to the

HARWOOD FEFFER LLP

Clerk of the Bankruptcy Court
Sidley Austin LLP
Cole, Schotz, Meisel, Forman & Leonard, P.A.
The United States Trustee
Chadbourne & Parke, LLP
Landis, Rath & Cobb, LLP
May 12, 2010
Page 2

substance of the predicate acts to the RICO fraud alleged in the Circulation Action.

The Agreement was entered into in a criminal proceeding, *In re Newsday Litig.*, 08-MC-096 (JBW) (the "Criminal Proceeding") in which nine defendants, seven employees of Newsday's and Hoy's circulation departments and two independent Newsday distributors, were charged with fraudulent schemes to overstate Newsday's and Hoy's circulation figures. Three of these individual defendants are named as defendants in this action and four are referenced but not named as defendants. The criminal charges arose from the same fraudulent scheme charged in the instant action.

While Newsday and Hoy were not named in the Criminal Proceeding, they entered into the Agreement with the U.S. Attorney for the Eastern District in which each admitted that it violated federal criminal law by engaging in schemes that defrauded their advertisers, by systematically inflating paid circulation numbers reported in their books and records and falsely representing the accuracy of the inflated numbers to the Audit Bureau of Circulations, an industry organization. *Id.* ¶ 2. In particular, Newsday (*Id.*, Ex. A) and Hoy (*Id.*, Ex. B), admitted in detail the substance of the alleged predicate RICO offenses and the Government agreed to defer prosecution. *Id.* ¶ 9. In addition, Newsday and Hoy acknowledge in the Agreement that they made payments "of approximately $83 million, to date, to entities that placed ads in Newsday and Hoy in settlement of pending or potential claims" related to the circulation fraud. *Id.* ¶ 8(e).

Plaintiffs in the Circulation Action are continuing their fraud action against Hoy and Distribution Systems of America, and, should plaintiffs be successful, their fraud claims will not have been discharged in this proceeding. The amount of plaintiffs' damages, and related legal fees, which they will seek from defendants in the Circulation Action, is currently undetermined.

The Circulation Action plaintiffs therefore object to the current description of that action in the Disclosure Statement and suggest it be modified to reflect accurately the status of the Circulation Action as described in this letter and the Agreement.

Very truly yours,

Samuel K. Rosen

SKR:jrg
Attachment