IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al | Case No. 08-13141 (KJC) |
| Debtors | Jointly Administered |
| | Related to Docket No. 227 |

## AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

STATE OF NEW JERSEY)
: ss.:
COUNTY OF OCEAN )

Martin S. Cole, being duly sworn, deposes and says:

1. I am an attorney in the State of New York, and maintain offices at 110 Wall Street, 11th Floor, New York, NY 10005, Tel. No. 212-909-0606.

2. This affidavit is submitted in connection with an Order of the United States Bankruptcy Court for the District of Delaware, entered on January 15, 2009 [Docket No. 227], authorizing the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors", to employ and compensate certain professionals in the ordinary course of business during the pendency of these chapter 11 cases.

3. The Firm has represented and advised the Debtors as WPIX, Inc. with respect to certain aspects of the Debtors' business operations. The debtors have requested, and the Firm has agreed, to continue to provide such services to the Debtors on a postpetition basis during the course of these chapter 11 cases.

4. I represent the debtor (WPIX, Inc.) in an action now pending in Supreme Court, New York County, under Index No. 111329-09, in which the defendants are Ultra Sash Window Factory, Inc. and U. S. Window Factory, Inc. The amount claimed in that action is the sum of

$31,500.00, for television advertising services rendered by WPIX to those defendants. My compensation is contingent, based upon any monies recovered by this office from the defendants. The compensation arrangement is 33⅓ percent of all monies so recovered. I am not billing or charging the debtor (WPIX, Inc.) on a time basis or any other basis, except for the foregoing contingent compensation. The amount now being claimed by me is the sum of $800.00 for court costs, expenses and disbursements expended by me on behalf of WPIX, Inc.

5.   In the ordinary course of its business, the Firm maintains records for purposes of performing "conflicts checks." The Firm's records contain information regarding the Company's present and past representations. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of the entities identified in Rule 2014(a) from the counsel to the Debtors for purposes of searching the aforementioned records and determining the connection(s) which the Firm has with such entities. The Firm's search of the records identified the following connections: NONE

6.   Neither I nor any principal, partner, director, officer of, or professional employed by, my Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm, as permitted by 11 U. S. C. §504(b).

7.   I understand that any compensation paid to the Firm is subject to disallowance and/or disgorgement under 11 U. S. C. §328© and applicable law.

8.   Neither I, nor any principal, partner, director, officer of, or professional employed by, my Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed. If the Firm is not a law firm, the Firm does not hold an interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in 11 U. S. C. §101(14).

9. The Debtors owe the Firm $800.00 for court costs and disbursements expended on Debtors' behalf. The Firm is not waiving any and all claims that it has against the Debtors, including the amount referenced in the prior sentence.

10. The Firm does not currently hold a retainer from the Debtors.

11. WPIX, Inc. had retained a collection agency, Harvey, Scott & St. Charles, Ltd., Meadowlands Corporate Center, 1099 Wall Street, Suite 271, Lyndhurst, NJ 07071 prior to August 2009 to attempt to effect collection without litigation against the two defendants in the New York County action. When the agency acting for WPIX, Inc. was not able to effect such collection, this Firm was retained by the agency on behalf of WPIX, Inc. to institute legal action in Supreme Court, New York County on a 33⅓ percent contingent fee basis. That contingent fee includes any monies due and payable to the agency itself.

12. The Firm has not been retained by any other creditors of the Debtors, and is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

The undersigned attorney hereby affirms the foregoing statement to be true under the penalties of perjury.

_____
MARTIN S. COLE

Dated: May 5, 2010