# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Hearing Date: June 16, 2010 at 11:00 a.m. ET**<br>**Objection Date: June 2, 2010 at 4:00 p.m. ET** |

## MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO SECTIONS 501, 502 AND 1111(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM IN THE TRIBUNE CNLBC, LLC BANKRUPTCY CASE AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") hereby move this Court (the "Motion") pursuant to sections 501, 502 and 1111(a) of the title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

(the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order (i) establishing July 26, 2010 at 4:00 p.m. (prevailing Eastern time) (the "Tribune CNLBC Bar Date") as the final date and time for filing proofs of claim against Tribune CNLBC, LLC (formerly known as Chicago National League Ball Club, LLC) ("Tribune CNLBC") and (ii) approving the form and manner of notice of the Tribune CNLBC Bar Date. In support of this Motion, the Debtors respectfully represent as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Initial Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Tribune CNLBC did not file a petition on the Initial Petition Date, but instead filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009 (the "Tribune CNLBC Petition Date"). In all, the Debtors comprise 111 entities.

2. The Debtors have continued in possession of their respective properties and have continued to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

3. On December 18, 2008, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

2

requested herein are sections 501, 502 and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a) and 3003(c)(3), and Local Rule 2002-1(e).

### RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order, in the form attached hereto (the "Tribune CNLBC Bar Date Order"), (i) establishing the Tribune CNLBC Bar Date as the final date and time for filing proofs of claim against Tribune CNLBC on account of claims arising, or deemed to have arisen pursuant to section 501(d) of the Bankruptcy Code, prior to the Tribune CNLBC Petition Date (the "Tribune CNLBC Prepetition Claims") and (ii) approving the form and manner of notice of the Tribune CNLBC Bar Date. Establishing the Tribune CNLBC Bar Date as proposed herein will enable Tribune CNLBC to obtain complete and accurate information regarding the nature, validity and scope of any and all Tribune CNLBC Prepetition Claims.

6. The relief sought herein is requested because no bar date has been set previously for the filing of claims against Tribune CNLBC. On March 6, 2009, the Debtors that filed for relief on the Initial Petition Date (the "Initial Debtors") filed their Motion of the Debtors for an Order Pursuant to Sections 501, 502 and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Initial Bar Date Motion"). The Court entered an order approving the Initial Bar Date Motion on March 26, 2009 (the "Initial Bar Date Order") and set the deadline for filing proofs of claim against the Initial Debtors as June 12, 2009 at 4 p.m. (the "Initial Bar Date"). Tribune CNLBC filed its petition for relief on October 12, 2009, several months after the Initial Bar Date, and therefore the Initial Bar Date

3

did not apply to claims asserted against Tribune CNLBC. The Debtors now seek to set a deadline for filing proofs of claim against Tribune CNLBC.

7. The Debtors expect that few, if any, proofs of claim will be filed against Tribune CNLBC. On October 27, 2009, Tribune CNLBC contributed substantially all of its assets and liabilities, other than certain specified assets and liabilities (for example, and as explained in more detail in the applicable transaction documents, tax liabilities, liabilities relating to Tribune CNLBC's guarantees of certain prepetition indebtedness of Tribune Company, and intercompany liabilities), to Chicago Baseball Holdings, LLC ("New Cubs"), on the terms and conditions set forth in that certain Formation Agreement entered into by Tribune CNLBC, among other entities, on August 21, 2009. That contribution of assets and liabilities, along with various other transactions, was approved pursuant to orders entered by the Court on September 24, 2009 and October 14, 2009 [Docket Nos. 2213 and 2332]. In connection with these transactions, the overwhelming majority of liabilities of Tribune CNLBC that arose prior to the Tribune CNLBC Petition Date were either paid in full or assumed by New Cubs, and, as a result, Tribune CNLBC expects to have few or no proofs of claim filed against its estate.[2] Nonetheless, in order to ensure the proper administration of Tribune CNLBC's estate, the Debtors seek to establish the Tribune CNLBC Bar Date.

8. Tribune CNLBC filed its Schedules of Assets and Liabilities (the "Tribune CNLBC Schedules") and Statement of Financial Affairs with the Bankruptcy Court on October 12, 2009. On December 9, 2009 and May 13, 2010, Tribune CNLBC filed amendments to the Tribune CNLBC Schedules to reflect, among other things, the assumption of the

---

[2] The October 14, 2009 order approving the disposition of Tribune CNLBC's business pursuant to the Formation Agreement also provided, among other things, that Tribune CNLBC was authorized to pay most of its liabilities in the ordinary course of business following the entry of that order until the transactions were consummated. This provides further reason to conclude that few proofs of claim are likely to be asserted against Tribune CNLBC.

4

overwhelming majority of its prepetition liabilities by New Cubs. Following those amendments to the Tribune CNLBC Schedules, the Debtors have now determined that establishing the Tribune CNLBC Bar Date is warranted and, accordingly, intend to provide a joint notice of the amendments to the Tribune CNLBC Schedules and of the Tribune CNLBC Bar Date as part of the Tribune CNLBC Bar Date notice attached to this Motion.

9.    The Debtors will provide notice of the Tribune CNLBC Bar Date and the amendments to the Tribune CNLBC Schedules, in the form attached hereto as <u>Exhibit B</u>, to all of those persons or entities identified as holders of claims in Tribune CNLBC's original Schedules filed with the Bankruptcy Court on October 12, 2009 and, where claims have been added to the Tribune CNLBC Schedules as a result of the amendments thereto, to the holders of such claims added by the amendments. In light of the provision of the joint notice of the Tribune CNLBC Bar Date and the amendments to the Tribune CNLBC Schedules, the Debtors respectfully request a waiver of Local Rule 1009-2 to the extent that such rule requires a debtor to provide notice of schedule amendments within fourteen days of such amendment and request that the Court authorize the Debtors to provide the joint notice of the Tribune CNLBC Bar Date and the amendments to the Tribune CNLBC Schedules within ten days following entry of the Tribune CNLBC Bar Date Order.

## ESTABLISHMENT OF THE BAR DATE

10.    Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Furthermore, Local Rule 2002-1(e) provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the filing of proofs of claim or interests." Del. Bankr. L.R. 2002-1(c).

## PARTIES REQUIRED TO FILE PROOFS OF CLAIM

11. The proposed Tribune CNLBC Bar Date Order provides that each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust or governmental unit) asserting a claim against Tribune CNLBC is required to file a proof of claim in Tribune CNLBC's bankruptcy case. Each proof of claim must substantially comply with Official Bankruptcy Form 10, attached hereto as Exhibit A (a "Proof of Claim"),[3] and must be <u>actually received</u> on or before the bar date associated with such claim by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Court-approved claims and noticing agent in these chapter 11 cases. Proofs of Claim sent to Epiq via first-class mail must be addressed to Tribune CNLBC Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, NY 10150-5069; whereas Proofs of Claim sent to Epiq by messenger or overnight courier must be delivered to the following address: Tribune CNLBC Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017. **Proofs of Claim will be deemed timely filed only if <u>actually received</u> by Epiq on or before the Tribune CNLBC Bar Date.**

12. The proposed Tribune CNLBC Bar Date Order further provides that if, on or after the date on which the Debtors serve the Tribune CNLBC Bar Date Notice, Tribune CNLBC amends or supplements the Tribune CNLBC Schedules to add a new claim to the Tribune CNLBC Schedules, the affected claimant must file a Proof of Claim or amend any previously filed Proof of Claim to the extent necessary in accordance with the procedures described herein so that it is received by Epiq on or before the later of (x) the Tribune CNLBC Bar Date or (y) twenty-one (21) days after the claimant is served with notice of the applicable

---

[3] Where a claimant has a claim reflected on the Tribune CNLBC Schedules as amended, such claimant will receive a customized proof of claim form stating the amount and classification of their claim, and whether such claim is contingent, unliquidated, or disputed, as set forth on the Tribune CNLBC Schedules (as amended).

amendment or supplement to the Tribune CNLBC Schedules in accordance with Local Rule 1009-2.

## PARTIES NOT REQUIRED TO FILE PROOFS OF CLAIM

13. Tribune CNLBC proposes that the following persons or entities are not required to file Proofs of Claim:

    a. any person or entity that has already properly filed a Proof of Claim against Tribune CNLBC in its chapter 11 case with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

    b. any person or entity (i) whose claim is listed in the Tribune CNLBC Schedules or any amendments thereto, <u>and</u> (ii) whose claim is <u>not</u> described therein as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of Tribune CNLBC) as set forth in the Tribune CNLBC Schedules;

    c. professionals retained by Tribune CNLBC or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

    d. any person or entity that asserts an administrative expense claim against Tribune CNLBC pursuant to section 503(b) of the Bankruptcy Code;

    e. current officers and directors[4] of Tribune CNLBC who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to Tribune CNLBC;

    f. any Debtor or wholly-owned non-Debtor subsidiary of a Debtor asserting a claim against Tribune CNLBC; and

    g. any person or entity whose claim against Tribune CNLBC has been allowed by an order of the Court entered on or before the Tribune CNLBC Bar Date.

14. The Debtors additionally propose for ease of administration that the administrative agents (the "<u>Administrative Agents</u>") for Tribune Company's prepetition loan

---

[4] Current officers and directors shall include the officers and directors of Tribune CNLBC as of the date of the Tribune CNLBC Bar Date Order.

facilities – specifically, (i) that certain Credit Agreement, dated as of May 17, 2007, and (ii) that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007 (in each case with its related security agreements, guarantees, and other documents and collectively, as amended, supplemented or otherwise modified, the "Prepetition Credit Agreements," with claims arising thereon or thereunder being referred to as "Bank Claims") – be deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is in form and substance identical to the Proof of Claim filed by the relevant Administrative Agent in the chapter 11 case of Tribune Company on account of the Bank Claims. As a result, JPMorgan Chase Bank, N.A., as administrative agent under the May 17, 2007 Credit Agreement, would be deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is identical in form and substance to claim no. 4464 against Tribune Company, and, in addition, Merrill Lynch Capital Corporation, as administrative agent under the December 20, 2007 Senior Unsecured Interim Loan Agreement, would be deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is identical in form and substance to claim no. 4331 against Tribune Company. The Debtors believe that deeming such Proofs of Claim to be filed will avoid needless duplication of effort on the part of the Administrative Agents and will accordingly enhance the efficient administration of the Debtors' estates.

## EFFECT OF FAILURE TO FILE PROOFS OF CLAIM

15. Tribune CNLBC proposes that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file a timely Proof of Claim in the form and manner specified in the Tribune CNLBC Bar Date Order and who fails to do so on or before the Tribune CNLBC Bar Date: (i) shall be forever barred, estopped, and enjoined from asserting such claim against Tribune CNLBC or thereafter filing a Proof of Claim with respect thereto in Tribune

CNLBC's chapter 11 case; (ii) shall not, with respect to such claim, be treated as a creditor of Tribune CNLBC for any purposes; and (iii) shall not receive or be entitled to receive any payment or distribution of property from Tribune CNLBC or their successors or assigns with respect to such claim.

### PROPOSED PROCEDURES FOR PROVIDING NOTICE OF TRIBUNE CNLBC BAR DATE AND OF PROCEDURES FOR FILING PROOFS OF CLAIM

16. Within ten (10) days following entry of the Tribune CNLBC Bar Date Order, Tribune CNLBC intends to provide notice of the Tribune CNLBC Bar Date, substantially in the form attached hereto as Exhibit B (the "Tribune CNLBC Bar Date Notice"), by mailing a copy of the Tribune CNLBC Bar Date Notice, together with a Proof of Claim form, by first-class U.S. mail to all known persons and entities holding potential prepetition claims against Tribune CNLBC, including all parties listed on the Tribune CNLBC Schedules when such schedules were originally filed on October 12, 2010. The mailing of the Tribune CNLBC Bar Date Notice will ensure that creditors receive appropriate notice of the Tribune CNLBC Bar Date, which notice will substantially exceed the minimum 21-day notice period provided by Bankruptcy Rule 2002(a)(7).

17. Tribune CNLBC proposes to send the Proof of Claim form to, among others, persons or entities scheduled on the Tribune CNLBC Schedules (both as originally filed and as amended). When sent to a creditor listed on the Tribune CNLBC Schedules as such schedules have been amended, the Proof of Claim form will be customized to specify (a) that claim is scheduled against Tribune CNLBC; (b) the amount of the scheduled claim, if any;

(c) whether the claim is listed as disputed, contingent, or unliquidated; and (d) whether the claim is listed as a secured, unsecured priority, or unsecured nonpriority claim.[5]

18. Furthermore, Tribune CNLBC intends to provide notice of the Tribune CNLBC Bar Date to unknown creditors by causing a copy of the notice attached hereto as Exhibit C (the "Publication Notice") to be published at least once no later than twenty (20) days prior to the Tribune CNLBC Bar Date in the Chicago Tribune. The Debtors believe that the Publication Notice is largely unnecessary given the assumption of nearly all of Tribune CNLBC's liabilities by New Cubs; however, they seek to provide the Publication Notice out of an abundance of caution.

19. The Tribune CNLBC Bar Date Notice and the Publication Notice will: (i) set forth the Tribune CNLBC Bar Date; (ii) notify creditors of the amendments to the Tribune CNLBC Schedules; (iii) advise creditors under what circumstances they must file a Proof of Claim under Bankruptcy Rules 3002(c)(2) and 3003(c)(3) or an order of this Court, as applicable; (iv) alert creditors to the consequences of failing to timely file a Proof of Claim, as set forth in Bankruptcy Rule 3003(c)(2) or an order of this Court, as applicable; (v) set forth the addresses to which Proofs of Claim must be sent for filing; and (vi) notify creditors that (a) Proofs of Claim must be filed with original signatures and (b) facsimile or e-mail filings of Proofs of Claim are not acceptable and are not valid for any purpose. Tribune CNLBC submits that the Tribune CNLBC Bar Date Notice and the Publication Notice will provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner.

---

[5] To the extent a creditor disagrees with the information on the customized Proof of Claim form, the creditor should correct the claim amount or make any other changes to the information on the pre-printed form regarding its claim.

46429/0001-6743958v1

## LEGAL BASIS FOR THE DEBTORS' NOTICE PROCEDURES

20.   In conjunction with the setting of the Tribune CNLBC Bar Date, Tribune CNLBC must ensure that interested parties receive appropriate notice of such date. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. See Chemetron Corp. v. Jones (In re Chemetron Corp.), 72 F.3d 341, 345 (3d Cir. 1995). As the Third Circuit in Chemetron explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." Id. at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." Id. (citing Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." Chemetron, 71 F.3d at 346 ((citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950)).

21.   In defining the efforts required to identify "known" creditors, the Third Circuit stated:

> Precedent demonstrates that what is required is not a vast, open-ended investigation . . . . The requisite search instead focuses on the debtor's own books and records. Efforts beyond a careful examination of these documents are generally not required. Only those claimants who are identifiable through a diligent search are 'reasonably ascertainable' and hence 'known' creditors.

Chemetron, 72 F.3d at 346-47 (citations omitted). As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" In re Grand Union Co., 204 B.R.

11

864, 871 (Bankr. D. Del. 1997) (citing Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.), 863 F.2d 393, 396 (5th Cir. 1989), cert. denied, 493 U.S. 811 (1989)).

22. The proposed notice procedures respecting the Tribune CNLBC Bar Date more than satisfy the Chemetron standard. In the instant matter, virtually all of Tribune CNLBC's liabilities were assumed by New Cubs as part of a transaction that was consummated nearly six months ago, and then-existing creditors of Tribune CNLBC received direct mailed notice of that transaction. The Debtors believe that most of the liabilities that were transferred to New Cubs as part of that transaction have been satisfied or otherwise addressed by New Cubs in the ordinary course of its business. The amended Tribune CNLBC Schedules show only tax-related liabilities, liabilities on account of its prepetition guarantee of certain of Tribune Company's indebtedness, liabilities related to uncashed prepetition checks, and intercompany claims. Accordingly, the Debtors expect that there will be few, if any, proofs of claim asserted against Tribune CNLBC in response to the Tribune CNLBC Bar Date.

23. Tribune CNLBC's Publication Notice respecting the Tribune CNLBC Bar Date has been tailored to provide notice of such Tribune CNLBC Bar Date on an extensive basis to any unknown potential creditors of Tribune CNLBC. Tribune CNLBC believes that such Publication Notice suffices to provide any claimants unknown to the Debtors that may potentially hold claims against Tribune CNLBC with adequate notice of the Tribune CNLBC Bar Date. In addition, Tribune CNLBC believes that the Publication Notice contemplated by this Motion constitutes good and sufficient notice to "unknown" creditors, as defined by the Third Circuit in Chemetron.

46429/0001-6743958v1

## NOTICE

24.     Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) counsel to the administrative agents for Tribune Company's prepetition credit facilities; (iv) counsel to the administrative agent for the Debtors' postpetition financing facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

25.     No prior request for the relief sought in this Motion has been made to this or any other Court.

[Remainder of page intentionally left blank.]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (i) establishing the Tribune CNLBC Bar Date as the deadline for filing Proofs of Claim against Tribune CNLBC, (ii) approving the form and manner of notice of the Tribune CNLBC Bar Date, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
May 14, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Allison E. Ross
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: /s/ illegible signature
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-6743958v1