# EXHIBIT A

**Proof of Claim Form**

46429/0001-6743958v1

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>Tribune Company Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5069<br>New York, NY 10150-5069 | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |
|---|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Telephone number:          Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

1. **Amount of Claim as of Date Case Filed:** $ _____

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $ _____

2. **Basis for Claim:** _____
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $ _____   Annual Interest Rate _____ %

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____   Basis for perfection: _____

   Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   **Amount entitled to priority:**

   $ _____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the name of the debtor in the bankruptcy case and the bankruptcy case number. The full list of debtors is provided under the general information section on the Claims Agent's website http://chapter11.epiqsystems.com/tribune.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim. Also, check the appropriate box if all or a portion of your claim qualifies as an Administrative Expense priority under 11 U.S.C. § 503(b)(9) and provide the amount that is related to such priority.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at one of the following addresses:

*If by first-class mail:*
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

*If by hand delivery or overnight mail:*
Epiq Bankruptcy Solutions, LLC
Attn: Tribune Company Claims Processing Center
757 Third Avenue, 3rd Floor
New York, NY 10017

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.
A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website: (http://chapter11.epiqsystems.com/tribune) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## _____INFORMATION_____

# EXHIBIT B

Tribune CNLBC Bar Date Notice and Notice of Schedule Amendments

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## NOTICE OF (I) AMENDMENT TO SCHEDULES OF ASSETS AND LIABILITIES AND (II) DEADLINE FOR FILING PROOFS OF CLAIM AGAINST TRIBUNE CNLBC, LLC

**PLEASE TAKE NOTICE THAT:**

On June __, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Tribune CNLBC Bar Date Order") establishing the deadline to file proofs of claim for all claims (as defined below) against Tribune CNLBC, LLC, formerly known as Chicago National League Ball Club, LLC ("Tribune CNLBC"), that arose prior to October 12, 2009 (the "Tribune CNLBC Petition Date").

**Note: General trade claims and most other claims against Tribune CNLBC were assumed by Chicago Baseball Holdings, LLC ("New Cubs") as part of the disposition of the Chicago Cubs Major League Baseball franchise and business to New Cubs on October 27, 2009. If your claim has already been satisfied by New Cubs or was previously satisfied by Tribune CNLBC, you do not need to file a claim.**

On the Tribune CNLBC Petition Date, Tribune CNLBC filed its Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "Tribune CNLBC Schedules") with the Bankruptcy Court. On December 9, 2009 and May 13, 2010, Tribune CNLBC filed amended Tribune CNLBC Schedules to reflect, among other things, the assumption of the overwhelming majority of Tribune CNLBC's prepetition liabilities by New Cubs.[1] This Notice of (I) Amendment of Schedules of Assets and Liabilities and (II) Deadline For Filing Proofs of Claim Against Tribune CNLBC, LLC (the "Notice") is being provided to you because you may have (or have had) an actual or potential claim against Tribune CNLBC that may be affected by the amendment to the Tribune CNLBC Schedules. If you have a claim that is affected by the amendment to the Tribune CNLBC Schedules, or a claim that has not been satisfied by New Cubs or by Tribune CNLBC, you may need to file a proof of claim form ("Proof of Claim") or amend a previously filed Proof of Claim.

---

[1] Copies of the Tribune CNLBC Schedules are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801. In addition, copies of the Tribune CNLBC Schedules may be viewed on the Internet at the Bankruptcy Court's website, http://www.deb.uscourts.gov, by following the directions for accessing the ECF system on such website. Copies of the Tribune CNLBC Schedules may also be viewed and downloaded free of charge from the dedicated web page related to these chapter 11 cases: http://chapter11.epiqsystems.com/tribune.

46429/0001-6743958v1

Pursuant to the terms of the Tribune CNLBC Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust, or governmental unit) that holds or asserts a claim against Tribune CNLBC must file a Proof of Claim with original signature, substantially conforming to the proof of claim form enclosed with this notice, so that it is **actually received** by Epiq Bankruptcy Solutions, LLC ("Epiq"), the Bankruptcy Court-approved claims and noticing agent in these chapter 11 cases, on or before **July 26, 2010**. Proofs of Claim sent by **first-class mail** must be sent to the following address:

> Tribune CNLBC Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> FDR Station
> P.O. Box 5069
> New York, NY 10150-5069

Proofs of Claim sent by **messenger** or **overnight courier** must be sent to the following address:

> Tribune CNLBC Claims Processing Center
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, Third Floor
> New York, NY 10017

If the Tribune CNLBC Schedules, as amended, show that you have an unsatisfied claim against Tribune CNLBC, you have received with this notice a Proof of Claim form customized to (a) identify your claim scheduled against Tribune CNLBC; (b) specify the amount of the scheduled claim, if any; (c) state whether the claim is listed as disputed, contingent, or unliquidated; and (d) stated whether the claim is listed as a secured, unsecured priority, or unsecured nonpriority claim. To the extent that you disagree with the information provided on the customized Proof of Claim form, you should substitute the pre-printed information with the information that you believe is correct and return the form to the address above so that it is received on or before July 26, 2010.

If you have not received a pre-printed Proof of Claim form, your claim is not listed on the Tribune CNLBC Schedules, as amended. If you believe that you have a claim against Tribune CNLBC you may download a form from Epiq's website (http://chapter11.epiqsystems.com/tribune), and submit such claim to the address and by the deadline specified above.

To be properly filed, a Proof of Claim must be filed in the bankruptcy case of Tribune CNLBC, case number 09-13496.

Proofs of Claim will be deemed timely filed only if actually received by Epiq on or before July 26, 2010. Further, Epiq will not accept Proofs of Claim sent by facsimile, telecopy, e-mail or other electronic submission.

46429/0001-6743958v1

For purposes of the Tribune CNLBC Bar Date Order and this Notice, the term "claim" means (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured as of the Tribune CNLBC Petition Date.

The following persons and entities need **NOT** file a Proof of Claim:

a. any person or entity that has already properly filed a Proof of Claim against Tribune CNLBC in its chapter 11 case with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

b. any person or entity (i) whose claim is listed in the Tribune CNLBC Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of Tribune CNLBC) as set forth in the Tribune CNLBC Schedules;

c. professionals retained by Tribune CNLBC or the Committee pursuant to orders of this Bankruptcy Court who assert administrative claims for fees and expenses subject to the Bankruptcy Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d. any person or entity that asserts an administrative expense claim against Tribune CNLBC pursuant to section 503(b) of the Bankruptcy Code;

e. current officers and directors[2] of Tribune CNLBC who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to Tribune CNLBC;

f. any person or entity whose claim against Tribune CNLBC has been allowed by an order of the Bankruptcy Court entered on or before the Tribune CNLBC Bar Date; and

g. the Administrative Agents under Tribune Company's Prepetition Credit Agreement, to the extent specified in the Tribune CNLBC Bar Date Order.

**Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that is required to file a timely Proof of Claim in the form and manner specified by the Tribune CNLBC Bar Date Order and this Notice and that fails to do so on or before July**

---

[2] Current officers and directors shall include the officers and directors of Tribune CNLBC as of the date of the Tribune CNLBC Bar Date Order.

3

26, 2010 (or other applicable date as may be fixed by the Bankruptcy Court), (i) shall be forever barred, estopped and enjoined from asserting such claim against Tribune CNLBC or thereafter filing a Proof of Claim with respect thereto in Tribune CNLBC's chapter 11 case; (ii) shall not, with respect to such claim, be treated as a creditor of Tribune CNLBC for any purposes; and (iii) shall not receive or be entitled to receive any payment or distribution of property from Tribune CNLBC or their successors or assigns with respect to such claim.

You should not file a Proof of Claim if you do not have a claim against Tribune CNLBC. As stated above, general trade claims and most other claims against Tribune CNLBC were assumed by New Cubs, and if your claim has already been satisfied by New Cubs or previously satisfied by Tribune CNLBC, you do not need to file a Proof of Claim. The fact that you received this Notice does not necessarily mean that you have a claim or that either Tribune CNLBC or the Bankruptcy Court believe that you have a claim.

Questions concerning the contents of this Tribune CNLBC Bar Date Notice and requests for Proofs of Claim should be directed to Epiq at (800) 622-1125 between the hours of 9 a.m. and 5 p.m. (Prevailing Eastern Time), Monday through Friday. Please note that Epiq's staff is not permitted to give legal advice. You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a Proof of Claim.

Dated: Wilmington, Delaware
_____ , 2010

BY ORDER OF THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Allison E. Ross
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Counsel to the Debtors and Debtors in Possession

5

# EXHIBIT C

**Publication Notice**

46429/0001-6743958v1

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

NOTICE OF ENTRY OF BAR DATE ORDER ESTABLISHING
DEADLINE FOR FILING PROOFS OF CLAIM TRIBUNE CNLBC, LLC

TO ALL CREDITORS AND PARTIES IN INTEREST:

**PLEASE TAKE NOTICE THAT:**

The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has entered an order, dated June __, 2010 (the "Tribune CNLBC Bar Date Order"), establishing deadlines for all persons and entities asserting a claim (as defined below) against Tribune CNLBC, LLC (formerly known as Chicago National League Ball Club, LLC) ("Tribune CNLBC") that arose prior to October 12, 2009, to file a proof of claim with respect to Tribune CNLBC with Epiq Bankruptcy Solutions, LLC ("Epiq"), the Bankruptcy Court-approved claims and noticing agent in these chapter 11 cases.

Pursuant to the terms of the Tribune CNLBC Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that asserts a claim against Tribune CNLBC **must** file a proof of claim so that it is **actually received** by Epiq **on or before July 26, 2010** at one of the following addresses: If by first-class mail: Tribune CNLBC Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, NY 10150-5069. If by messenger or overnight courier: Tribune CNLBC Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017. **Proofs of claim submitted by facsimile, telecopy, e-mail or other electronic submission will not be accepted.**

**Please note that general trade claims and most other claims against Tribune CNLBC were assumed by Chicago Baseball Holdings, LLC ("New Cubs") as part of the disposition of the Chicago Cubs Major League Baseball franchise and business to New Cubs on October 27, 2009. If your claim has already been satisfied by New Cubs or was previously satisfied by Tribune CNLBC, you do not need to file a proof of claim.**

46429/0001-6743958v1

**Any person or entity (including, without limitation, any individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit) that is required to file a timely proof of claim in the form and manner specified by the Tribune CNLBC Bar Date Order and this Notice and that fails to do so on or before July 26, 2010, (i) shall be forever barred, estopped, and enjoined from asserting such claim against Tribune CNLBC or thereafter filing a proof of claim with respect thereto in Tribune CNLBC's chapter 11 case; (ii) shall not, with respect to such claim, be treated as a creditor of Tribune CNLBC for the any purposes; and (iii) shall not receive or be entitled to receive any payment or distribution of property from Tribune CNLBC or their successors or assigns with respect to such claim.**

Copies of the Tribune CNLBC Schedules are available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801 or on Epiq's website (http://chapter11.epiqsystems.com/tribune).

Proof of claim forms along with instructions for completing and filing the proof of claim forms have been mailed to all known creditors in Tribune CNLBC's chapter 11 case. If you have not received that mailing and believe that you have a claim against Tribune CNLBC, you should contact Epiq at (800) 622-1125 between the hours of 9:00 a.m. and 5:00 p.m. (US Eastern Time), Monday through Friday.

Please note that Epiq's staff is not permitted to give legal advice.

Dated: Wilmington, Delaware
_____, 2010

BY ORDER OF THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Allison E. Ross
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel to the Debtors and Debtors in Possession