**Form of Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. _____ |

## ORDER PURSUANT TO SECTIONS 501, 502, AND 1111(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002 AND 3003(c)(3), AND LOCAL RULE 2002-1(e) ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM IN THE TRIBUNE CNLBC, LLC BANKRUPTCY CASE AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the Motion[2] of the Debtors for entry of an order pursuant to sections 501, 502, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e) for entry of an order (i) establishing the deadline for filing Proofs of Claim

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC (f/k/a Chicago National League Ball Club, LLC) (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

against Tribune CNLBC in these chapter 11 cases and (ii) approving the form and manner of notice thereof; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby:

ORDERED, that the relief requested in the Motion is granted; and it is further

ORDERED, that each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against Tribune CNLBC shall file a Proof of Claim in the bankruptcy case of Tribune CNLBC except as otherwise exempted by this Order; and it is further

ORDERED, that except as otherwise provided herein, any person and entity (including any governmental unit), asserting a claim against Tribune CNLBC in these chapter 11 cases shall file a Proof of Claim so that it is received by Epiq Bankruptcy Solutions, LLC ("Epiq") on or before **July 26, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "Tribune CNLBC Bar Date"); and it is further

ORDERED, that if, on or after the date on which the Debtors serve the Tribune CNLBC Bar Date Notice, Tribune CNLBC amends or supplements the Tribune CNLBC Schedules to add a new claim to the Tribune CNLBC Schedules, the affected claimant shall file a Proof of Claim or amend any previously filed Proof of Claim to the extent necessary in accordance with the procedures described herein so that it is received by Epiq on or before the

2

later of (x) the Tribune CNLBC Bar Date or (y) twenty-one (21) days after the claimant is served with notice of the applicable amendment or supplement to the Tribune CNLBC Schedules in accordance with Local Rule 1009-2; and it is further

ORDERED, that Proofs of Claim sent to Epiq via first-class mail shall be addressed to Tribune CNLBC Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5069, New York, NY 10150-5069; whereas Proofs of Claim sent to Epiq by messenger or overnight courier shall be delivered to Tribune CNLBC Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC; 757 Third Avenue, Third Floor, New York, NY 10017; and it is further

ORDERED, that Proofs of Claim mailed or delivered to Epiq will be deemed timely filed only if actually received by Epiq on or before the bar date associated with such claim at one of the applicable addresses listed above; and it is further

ORDERED, that Epiq shall not accept Proofs of Claim by facsimile, telecopy, e-mail or other electronic submission; and it is further

ORDERED, that the following persons or entities are not required to file Proofs of Claim:

  a. any person or entity that has already properly filed a Proof of Claim against Tribune CNLBC in its chapter 11 case with either Epiq or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

  b. any person or entity (i) whose claim is listed in the Tribune CNLBC Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim (including that the claim is an obligation of Tribune CNLBC) as set forth in the Tribune CNLBC Schedules;

  c. professionals retained by Tribune CNLBC or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses

          subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d.    any person or entity that asserts an administrative expense claim against Tribune CNLBC pursuant to section 503(b) of the Bankruptcy Code;

e.    current officers and directors[3] of Tribune CNLBC who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to Tribune CNLBC;

f.    any Debtor or wholly-owned non-Debtor affiliate of a Debtor asserting a claim against Tribune CNLBC;

g.    any person or entity whose claim against Tribune CNLBC has been allowed by an order of the Court entered on or before the Tribune CNLBC Bar Date;

and it is further

ORDERED, that each of the Administrative Agents under the Prepetition Credit Agreements is deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is in form and substance identical to the Proof of Claim filed by the relevant Administrative Agent in the chapter 11 case of Tribune Company on account of the Bank Claims and that, as a result, JPMorgan Chase Bank, N.A., as administrative agent under the May 17, 2007 Credit Agreement, is deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is identical in form and substance to claim no. 4464 against Tribune Company, and, in addition, Merrill Lynch Capital Corporation, as administrative agent under the December 20, 2007 Senior Unsecured Interim Loan Agreement, is deemed to have filed a Proof of Claim in Tribune CNLBC's chapter 11 case that is identical in form and substance to claim no. 4331 against Tribune Company; and it is further

ORDERED, that any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the

---

[3] Current officers and directors shall include the officers and directors of the Tribune CNLBC as of the date of the Tribune CNLBC Bar Date Order.

Tribune CNLBC Bar Date (i) shall be forever barred, estopped, and enjoined from asserting such claim against Tribune CNLBC or thereafter filing a Proof of Claim with respect thereto in Tribune CNLBC's chapter 11 case; (ii) shall not, with respect to such claim, be treated as a creditor of Tribune CNLBC for any purpose in these proceedings; and (iii) shall not receive or be entitled to receive any payment or distribution of property from Tribune CNLBC or their successors or assigns with respect to such claim; and it is further

ORDERED, that the Proof of Claim form, substantially in the form attached to the Motion as <u>Exhibit A</u>, and the Tribune CNLBC Bar Date Notice, substantially in the form attached to the Motion as <u>Exhibit B</u>, are hereby approved in all respects; and it is further

ORDERED, that the Debtors may provide a joint notice of the amendments to the Tribune CNLBC Schedules and of the Tribune CNLBC Bar Date as part of the Tribune CNLBC Bar Date Notice; and it is further

ORDERED, that, in light of the joint notice proposed in the Motion to be provided to holders of previously scheduled claims and claims set forth in the Tribune CNLBC Schedules as amended, the Local Rule 1009-2 requirement that the Debtors provide notice of the amendments to the Tribune CNLBC Schedules within fourteen days of such amendments is hereby waived; and it is further

ORDERED, that the Tribune CNLBC Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of Tribune CNLBC if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail no later than ten (10) days following entry of this Order, upon all known persons and entities holding potential claims against Tribune CNLBC (as set forth in Tribune CNLBC's Schedules, both as originally filed and as amended); and it is further

ORDERED, that the Debtors shall publish the Publication Notice, substantially in the form attached to the Motion as <u>Exhibit C</u>, in the <u>Chicago Tribune</u> at least once no later than twenty (20) days prior to the Tribune CNLBC Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the Tribune CNLBC Bar Date by publication; and it is further

ORDERED, that nothing in this Order shall prejudice the right of Tribune CNLBC or any other party-in-interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Tribune CNLBC Schedules as to amount, liability, characterization or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated; and it is further

ORDERED, that Tribune CNLBC is hereby authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June _____, 2010
       Wilmington, Delaware

                                                                    Honorable Kevin J. Carey
                                                                    Chief United States Bankruptcy Judge