UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| *In re* | : | Chapter 11 |
|  | : |  |
| TRIBUNE COMPANY, *et al.*,[1] | : |  |
|  | : | Case Number 08-13141 (KJC) |
| Debtors. |  | (Jointly Administered) |
|  | : |  |

**Hearing Date: May 20, 2010 at 10:00 A.M.**

## OBJECTION OF THE UNITED STATES TRUSTEE AND RESERVATION OF RIGHTS RELATED TO (A) THE DISCLOSURE STATEMENT FOR JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND (B) THE DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES; (II) ESTABLISHING DEADLINE FOR RETURN OF MEDIA OWNERSHIP CERTIFICATIONS; (III) SCHEDULING CONFIRMATION HEARING; (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF JOINT PLAN OF REORGANIZATION AND (V) GRANTING RELATED RELIEF (RELATED TO DOCKET ENTRY #s 4008, 4204)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

In support of her objection and reservation of rights related to (a) the disclosure statement and joint plan of reorganization for Tribune Company and its subsidiaries (the "Disclosure Statement") and (b) the Debtors' motion for an order (i) establishing procedures for solicitation and tabulation of votes to accept or reject joint plan of reorganization for Tribune Company and its subsidiaries; (ii) establishing deadline for return of media ownership certifications; (iii) scheduling confirmation hearing; (iv) establishing notice and objection procedures in respect of confirmation of joint plan of reorganization and (v) granting related relief (the "Motion"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

## INTRODUCTION

1.      Under 28 U.S.C. §§ 157(b)(2), 1334 and (an) applicable order(s) of the United States District Court for the District of Delaware, this Court has jurisdiction to hear and determine matters in connection with the Disclosure Statement, including the Motion.

2.      Under 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee is charged with monitoring plans and disclosure statements filed under chapter 11 of title 11 and filing with the court "comments with respect to such plans and disclosure statements."

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Disclosure Statement and the Motion.

## GROUNDS/BASIS FOR RELIEF

4.      The U.S. Trustee informally raised a number of issues relating to the adequacy of the information contained in the Disclosure Statement and the Motion.  The Debtors, in turn, committed to, *inter alia*, providing proposed supplemental text for insertion in the Disclosure Statement to address a number of those issues.  The U.S. Trustee reserves the right to raise such issues with the

2

Court in the event that the Debtors' responses do not ameliorate the concerns raised.[2]

5.    The discharge, exculpation, injunction, release and indemnity provisions proposed in the Plan, taken together, are extraordinary and objectionable. For example, and without limitation, on top of seeking an injunction preventing claimants and interest holders of the Debtors who have released claims against non-Debtor third parties from asserting same (Plan § 11.2.4), the Debtors seek a "bar order" (i) preventing all "Persons" from asserting non-contractual indemnity and contribution claims against the Released Parties "arising out of or reasonably flowing from any of the claims or allegations in any of the Released Claims . . . " and (ii) directing "court[s] and tribunal[s]" entering Judgments on Released Claims brought by estate representatives to adjust the amount of same (Plan § 11.3). Additionally, the Debtors seek to "supplement" their requested "discharge injunction" with a "Supplemental Injunction" (Plan § 11.4) which prevents "all entities" from asserting claims against one or more of the Released Parties "based upon, attributable to, or arising out of any Claim against or interest in the Debtors, whenever and wherever arising or asserted . . . ." Further, the Debtors seek approval of a "Plan Indemnity" which puts the Reorganized Debtors on the hook for certain Covered Claims asserted against the "Indemnified Parties," a term which includes both creditor constituencies that are party to the proposed "global" settlement as well as current/former officers and directors of the Debtors (Plan § 11.7.2). Finally, the Debtors also seek to indemnify "the present and former members of the Creditors' Committee and their respective Related Persons" in connection with liability for certain "Covered Claims" (Plan § 11.7.3). The U.S. Trustee intends to object to the above-referenced provisions in connection with Plan

---

2

For example, the promised "supplement" (see Disclosure Statement at 37) relating to the incorporation of the Debtors' Transition Management Incentive Plan and the Key Operators Bonus into the Plan had not been submitted to the U.S. Trustee or filed with this Court as of the time this Reservation/Objection was filed.

confirmation.

6.      One issue presented by the Motion that will likely not be resolved by the parties relates to the Debtors' solicitation of third-party releases via the proposed ballot form.  The Debtors are seeking approval of a "consensual" third-party release of claims against the Released Parties[3] that would bind "each Person (a) that has voted to accept the Plan or is deemed to have accepted the Plan, (b) that has not voted to accept the Plan but that has received a Ballot and that has not opted out of the releases in [Plan § 11.2.2], or (c) who otherwise agrees to provide the releases set forth in [Plan § 11.2.2]" (Plan § 11.2.2).  The proposed form of ballot contains an box allowing creditors voting against the Plan to "opt-out" of the third-party release.

7.      Ideally, consent to a third-party release would be measured by means that would separate approval of the release from a creditor's vote on the plan – in other words, creditors voting in favor of the plan would have the ability to separate their vote on the plan from acceptance of the proposed release.  Alternatively, to the extent that this Court determines that applicable law permits tying consent to a third-party release to an affirmative vote on a reorganization plan, the Debtors should not be permitted to apply a different set of rules to entities voting against the Plan by untying the release from a negative vote and separately soliciting a third-party release from rejecting voters.

---

[3]

The Plan term "Released Parties"

> means each of (a) the Debtors, their non-Debtor Affiliates including the Subsidiary Non-Debtors and the Reorganized Debtors, (b) the Creditors' Committee, in such capacity, and its present and former members, in their capacity as members of the Creditors' Committee, (c) the Senior Lenders, the Senior Loan Agent, the Senior Lender Settlement Committee, the Bridge Lenders, the Bridge Loan Agent, in each case in all of their respective capacities, (d) the EGI-TRB LLC Noteholders and the holders of the EGI-TRB Warrant, (e) Centerbridge, the Senior Noteholders, and the foregoing parties; provided, however, in each case only if the applicable party has not returned a Ballot opting out of the releases in Section 11.2.2 of the Plan and, if entitled to vote on the Plan, has voted to accept the Plan (Plan § 1.1.149).

In short, if this Court concludes that a "yes" vote on the Plan is sufficient evidence of consent to the third-party release in Plan § 11.2.2, a "no" vote on the Plan should be a "no" vote on the release provision.  *See generally In re Spansion, Inc.*, 2010 WL 1292837 at *22 (Bankr. D. Del. Apr. 1, 2010) ("Courts have determined that a third party release may be included in a plan if the release is consensual *and* binds only those creditors voting in favor of the plan" (citation omitted, emphasis added)); *In re Zenith Electronics Corp.*, 241 B.R. 92, 111 (Bankr. D. Del. 1999) (release of non-derivative, third-party claims cannot be obtained without "the affirmative agreement of the creditor affected").

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court issue an order consistent with her objection(s).

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**ACTING UNITED STATES TRUSTEE**

**BY:**  /s/ Joseph J. McMahon, Jr.
Joseph J. McMahon, Jr., Esquire (# 4819)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
Date:  May 15, 2010                 (302) 573-6497 (Fax)

5