## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 4402** |

### NOTICE OF AMENDED[2] AGENDA OF MATTERS SCHEDULED
### FOR HEARING ON MAY 18, 2010 AT 1:00 P.M.
### BEFORE THE HONORABLE KEVIN J. CAREY

### WITH THE COURT'S PERMISSION, THIS HEARING IS CANCELLED

Any party who wishes to appear telephonically at the hearing must contact COURTCALL, LLC via telephone (866-582-6878) or facsimile (866-533-2946) to register to participate.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] **Amendments appear in bold print.**

## ADJOURNED MATTERS

1.    Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2560)

Related Document(s):

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2684)

(b)    Order Sustaining Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3012)

Response Deadline:  December 8, 2009 at 4:00 p.m.

Responses Received:

(a)    Response by Claudia Sanzeri to Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims (Filed December 8, 2009) (Docket No. 2765)

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection.  This matter is adjourned to the June 16, 2010 hearing as to the claim of Claudia Sanzeri.  This matter will not be going forward.

2.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed November 13, 2009) (Docket No. 2561)

Related Document(s):

(a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

(b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010) (Docket No. 3011)

46429/0001-6461555v3

(c)     Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

(a)     Response by Karolyn M. Walker to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2739)

(b)     Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

(c)     Informal Response received from GE Capital Fleet Services

Status:   The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection.  In addition, (i) the Objection was withdrawn with respect to Claim No. 501 of Chris Parker, (ii) Claim No. 2998 of Marc Silver was withdrawn, and (iii) Claim No. 5606 of Personal Plus, Inc. was resolved.  This matter is adjourned to the June 16, 2010 hearing as to the claims of GE Capital Fleet Services, Karolyn M. Walker and Robby S. Wells.  This matter will not be going forward.

3.     Motion of JPMorgan Chase Bank, N.A. for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order (Filed March 11, 2010) (Docket No. 3715) [Unredacted]

Related Document(s):

(a)     Motion of JPMorgan Chase Bank, N.A. for Entry of an Order Authorizing Filing of the Motion for Sanctions Against Wilmington Trust Company Under Seal (Filed March 11, 2010) (Docket No. 3714)

(b)     Joinder of Merrill Lynch Capital Corporation and Merrill Lynch, Pierce, Fenner & Smith Incorporated to J.P. Morgan Chase Bank, N.A.'s Motion for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order (Filed March 12, 2010) (Docket No. 3724) [Unredacted]

(c)     Order (Entered April 1, 2010) (Docket No. 3913)

(d)     Notice of Adjournment of Hearing and Status Conference with Respect to Motion of JPMorgan Chase Bank, N.A. for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order (Filed April 1, 2010) (Docket No. 3921)

(e)     Notice of Adjournment of Hearing with Respect to Motion of JPMorgan Chase Bank, N.A. for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order (Filed May 7, 2010) (Docket No. 4257)

Objection Deadline:  March 24, 2010 at 4:00 p.m.
On consent of the Parties, the Objection Deadline was extended to one week after completion of discovery for Wilmington Trust Company.

Responses Received:

(a)     Statement of the Official Committee of Unsecured Creditors in Connection with (A) Motion of JPMorgan Chase Bank, N.A. for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order, and (B) Motion of the Debtors for an Order (I) Determining that Wilmington Trust Company has Violated Automatic Stay, (II) Requiring Wilmington Trust Company to Show Cause Why It Should Not Be Held in Contempt of Court, and (III) Halting All Proceedings with Respect to the Complaint (Docket No. 3968) (Filed April 7, 2010)

(b)     Motion for Leave to File Wilmington Trust Company's Response to the Official Committee's Statement in Support of Certain Motions Filed by JPMorgan Chase Bank, N.A. and the Debtors [Docket No. 3968]; and (II) the Debtors' Reply to Wilmington Trust's Objection to Motion to Halt Equitable Subordination Adversary Proceeding [Docket No. 3993] (Filed April 12, 2010) (Docket No. 4007)

Status:   This matter is subject to the Examiner's Investigation.  This matter is adjourned to a date to be determined.

46429/0001-6461555v3

4.    Motion of the Debtors for an Order (I) Determining that Wilmington Trust Company Has
Violated Automatic Stay, (II) Requiring Wilmington Trust Company to Show Cause
Why It Should Not Be Held in Contempt of Court, and (III) Halting All Proceedings with
Respect to the Complaint (Filed March 18, 2010) (Docket No. 3759)

Related Document(s):

(a)    Notice of Motion of the Debtors for an Order (I) Determining that
Wilmington Trust Company Has Violated Automatic Stay, (II) Requiring
Wilmington Trust Company to Show Cause Why It Should Not Be Held
in Contempt of Court, and (III) Halting All Proceedings with Respect to
the Complaint (Filed March 18, 2010) (Docket No. 3770)

(b)    Reply of Debtors in Support of Motion for an Order (I) Determining that
Wilmington Trust Company Has Violated Automatic Stay, (II) Requiring
Wilmington Trust Company to Show Cause Why It Should Not Be Held
in Contempt of Court, and (III) Halting All Proceedings with Respect to
the Complaint (Filed April 9, 2010) (Docket No. 3993)

Objection Deadline:  April 5, 2010 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on April 7,
2010 for the Official Committee of Unsecured Creditors.

Responses Received:

(a)    Objection of Wilmington Trust Company to the Motion of the Debtors for
an Order (I) Determining that Wilmington Trust Company Has Violated
the Automatic Stay, (II) Requiring Wilmington Trust Company to Show
Cause Why It Should Not Be Held in Contempt of Court, and (III) Halting
All Proceedings with Respect to the Complaint (Filed April 5, 2010)
(Docket No. 3942) [Unredacted]

(b)    Statement of the Official Committee of Unsecured Creditors in
Connection with (A) Motion of JPMorgan Chase Bank, N.A. for Sanctions
Against Wilmington Trust Company for Improper Disclosure of
Confidential Information in Violation of Court Order, and (B) Motion of
the Debtors for an Order (I) Determining that Wilmington Trust Company
has Violated Automatic Stay, (II) Requiring Wilmington Trust Company
to Show Cause Why It Should Not Be Held in Contempt of Court, and
(III) Halting All Proceedings with Respect to the Complaint (Docket No.
3968) (Filed April 7, 2010)

46429/0001-6461555v3

(c)     Motion for Leave to File Wilmington Trust Company's Response to the
Official Committee's Statement in Support of Certain Motions Filed by
JPMorgan Chase Bank, N.A. and the Debtors [Docket No. 3968]; and (II)
the Debtors' Reply to Wilmington Trust's Objection to Motion to Halt
Equitable Subordination Adversary Proceeding [Docket No. 3993] (Filed
April 12, 2010) (Docket No. 4007)

Status:   The matter is subject to the Examiner's Investigation.  This matter is adjourned
to a date to be determined.

5.   Debtors' Objection to Claim No. 3697 of Robert Henke Pursuant to Section 502(b) of the
Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 (Filed March 19, 2010)
(Docket No. 3796)

Objection Deadline:  April 12, 2010 at 4:00 p.m.

Responses Received:

(a)     Claimant's Response to Debtors' Objection to Claim No. 3697 of
Claimant Robert Henke (Filed April 9, 2010) (Docket No. 3989)

Status:   On consent of the parties, this matter is adjourned to the June 16, 2010 hearing.
This matter will not be going forward.

6.   Motion of Wilmington Trust Company for Entry of an Order Authorizing the Filing of
(A) Its Unredacted Objection to Motion of the Debtors for an Order (I) Determining that
Wilmington Trust Company Has Violated Automatic Stay, (II) Requiring Wilmington
Trust Company to Show Cause Why It Should Not Be Held in Contempt of Court, and
(III) Halting All Proceedings with Respect to the Complaint and (B) Its Unredacted
Exhibit A Thereto Under Seal (Filed April 5, 2010) (Docket No. 3943)

Related Document(s):

(a)     Order Granting Motion to Fix Hearing Date on, Limit Notice and
Shortening Time to Object or Respond to Wilmington Trust Company's
Motion to File Under Seal (Entered April 6, 2010) (Docket No. 3948)

(b)     Notice of Motion (Filed April 6, 2010) (Docket No. 3949)

Objection Deadline:  April 12, 2010 at 4:00 p.m.

Responses Received: None at this time.

Status:   This matter is related to Agenda Items 3 and 4.  This matter is adjourned to a
date to be determined.

**CERTIFICATIONS OF NO OBJECTION / COUNSEL**

7.   Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed March 19, 2010) (Docket No. 3792)

Related Document(s):

   (a)   Notice of Submission of Proofs of Claim Regarding Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 5, 2010) (Docket No. 3937)

   (b)   Order Sustaining Debtors' Nineteenth Omnibus (Substantive) Objection to Claims (Entered April 19, 2010) (Docket No. 4101)

   (c)   Certification of Counsel Regarding Order Sustaining Debtors' Nineteenth Omnibus (Substantive) Objection to Claims as Relates to Claim No. 234 of Third Screen Media Inc. d/b/a Quigo Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 13, 2010) (Docket No. 4393)

   (d)   **Order Sustaining Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4410)**

Objection Deadline:  April 12, 2010 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on April 13, 2010 for Third Screen Media, Inc.

Responses Received:

   (a)   Response of USDR (Claim #1670) to Debtors' Nineteenth Omnibus Objection to Claims (Docket #3792) (Filed April 8, 2010) (Docket No. 3973)

   (b)   Response by Todd Umbarger (Filed April 9, 2010) (Docket No. 3987)

   (c)   Response of Cisco Systems Capital Corporation to Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 12, 2010) (Docket No. 4004)

46429/0001-6461555v3

(d)     Response of Third Screen Media, Inc., d/b/a Quigo to Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (D.I. 3792) (Filed April 13, 2010) (Docket No. 4015)

(e)     Withdrawal of Response of Third Screen Media, Inc., d/b/a Quigo to Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (D.I. 3792) (Re: Dkt. 4015) (Filed April 16, 2010) (Docket No. 4083)

**Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and the claim of Third Screen Media, Inc. The Objection was withdrawn with respect to the claims of Avaya, Inc., Todd Umbarger, North South Promotions II, Inc. and USDR. This matter is adjourned to the June 16, 2010 hearing as to the claims of Zenith Media and Cisco Systems Capital Corporation. This matter will not be going forward.**

8.    Application for an Order Modifying the Scope of the Retention of Lazard Frères & Co. LLC to Include Investment Banking and Financial Advisory Services Relating to Certain Transactions Pursuant to 11 U.S.C. §§ 327(a), 328(a), and 1107 (Filed April 1, 2010) (Docket No. 3920)

Related Document(s):

(a)     Certification of Counsel Regarding Application for an Order Modifying the Scope of the Retention of Lazard Freres & Co. LLC to Include Investment Banking and Financial Advisory Services Relating to Certain Transactions Pursuant to 11 U.S.C. §§ 327(a), 328(a), and 1107 (Filed May 6, 2010) (Docket No. 4246)

(b)     **Order Modifying the Scope of the Retention of Lazard Frères & Co. LLC to Include Investment Banking and Financial Advisory Services Relating to Certain Transactions Pursuant to 11 U.S.C. §§ 327(a), 328(a), and 1107 (Entered May 14, 2010) (Docket No. 4409)**

Objection Deadline: April 12, 2010 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to April 15, 2010 for the Official Committee of Unsecured Creditors.

Responses Received: None.

**Status:    The Court entered an Order granting the Application. This matter will not be going forward.**

8

9.  Debtors' Twenty-Third Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4090)

Related Document(s):

(a)  Certification of No Objection Regarding Docket No. 4090 (Filed May 13, 2010) (Docket No. 4386)

(b)  **Order Sustaining Debtors' Twenty-Third Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4407)**

Objection Deadline:  May 11, 2010 at 4:00 p.m.

Responses Received: None.

**Status:   The Court entered an Order sustaining the Objection.  This matter will not be going forward.**

10.  Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4091)

Related Document(s):

(a)  Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

(b)  Certification of Counsel Regarding Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 14, 2010) (Docket No. 4395)

(c)  **Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4406)**

Objection Deadline:  May 11, 2010 at 4:00 p.m.

46429/0001-6461555v3

Responses Received:

    (a)    Response by 9090 Enterprises (Filed April 21, 2010) (Docket Nos. 4122 and 4130)

    (b)    Response by Maureen Dombeck (Filed April 26, 2010) (Docket No. 4156)

    (c)    Response by Terry Godbey (Filed May 10, 2010) (Docket No. 4272)

    (d)    Response of Oracle to Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims [No Liability][Tribune Company and Los Angeles Times Companies](Claims ## 4748, 4749, 4750, & 4751) (Filed May 11, 2010) (Docket No. 4326)

    (e)    Response of Oracle to Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims [No Liability][Tribune Company and Chicago Tribune Companies](Claims ## 4634, 4635, 4636, & 4640) (Filed May 11, 2010) (Docket No. 4327)

    (f)    Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No. 4349)

    (g)    Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

    (h)    Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

    (i)    Response by Spanlink Communications (Received April 21, 2010) (TBD)

    (j)    Informal Response by CNN Newsource Sales, Inc. (Received May 6, 2010)

**Status:**  **The Court entered an Order sustaining the Objection in its entirety, as modified thereby. This matter will not be going forward. This matter is adjourned to the June 16, 2010 hearing as to the claims of Maureen Dombeck, Terry Godbey, Oracle, Marbury von Briesen, Herbert Eye, and CNN Newsource. The Objection is withdrawn as to the claims of 9090 Enterprises and Spanlink Communications. This matter will not be going forward.**

46429/0001-6461555v3

11.     Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4092)

Related Document(s):

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4231)

(b)     Certification of Counsel Regarding Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 14, 2010) (Docket No. 4396)

(c)     **Order Sustaining Debtors' Twenty-Fifth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4405)**

Objection Deadline:  May 11, 2010 at 4:00 p.m.

Responses Received:

(a)     Informal Response by United States Debt Recovery III, LP (transferor: Catterton Printing) (Received April 24, 2010)

**Status:   The Court entered an Order sustaining the Objection in its entirety, as modified thereby.  This matter will not be going forward, unless otherwise directed by the Court.**

12.     Debtors' Twenty-Sixth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 16, 2010) (Docket No. 4093)

Related Document(s):

(a)     Certification of Counsel Regarding Debtors' Twenty-Sixth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 14, 2010) (Docket No. 4397)

(b)     **Order Sustaining Debtors' Twenty-Sixth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010) (Docket No. 4417)**

11

Objection Deadline:  May 11, 2010 at 4:00 p.m.

Responses Received:

    (a)    Response by the New York State Department of Taxation and Finance to Debtors' Twenty-Sixth Omnibus Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed May 5, 2010) (Docket No. 4236)

    (b)    United States' Response to Debtors' Twenty-Sixth Omnibus Objection to Claims (Filed May 13, 2010) (Docket No. 4367)

    (c)    Informal Response by EGI-TRB, L.L.C. (Received April 20, 2010)

**Status:   The Court entered an Order sustaining the Objection in its entirety, as modified.  This matter will not be going forward.**

13.    Application of Thomas & LoCicero PL for Allowance and Payment of Compensation for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (Filed April 27, 2010) (Docket No. 4180)

Related Document(s):

    (a)    Certification of No Objection Regarding Docket No. 4180 (Filed May 13, 2010) (Docket No. 4387)

    (b)    **Order Allowing Compensation to Thomas & CoCicero PL for Services Rendered as Ordinary Course Counsel to the Debtors for Certain Litigation Matters (Entered May 14, 2010) (Docket No. 4411)**

Objection Deadline:  May 11, 2010 at 4:00 p.m.

Responses Received: None.

**Status:   The Court entered an Order granting the Application.  This matter will not be going forward.**

14.    Motion of Debtor Tribune Company for Entry of an Order Authorizing Rejection of the Master Agreement Between Tribune Company and Dun & Bradstreet, Inc. Pursuant to Section 365 of the Bankruptcy Code (Filed April 29, 2010) (Docket No. 4201)

Related Document(s):

    (a)    Certification of No Objection Regarding Docket No. 4201 (Filed May 14, 2010) (Docket No. 4398)

      (b)    **Order Authorizing the Rejection of the Agreement Between Tribune Company and Dun & Bradstreet, Inc. Pursuant to Section 365 of the Bankruptcy Code (Entered May 14, 2010) (Docket No. 4412)**

Objection Deadline:  May 11, 2010 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on May 13, 2010 for the Official Committee of Unsecured Creditors.

Responses Received: None.

**Status:   The Court entered an Order granting the Motion.  This matter will not be going forward.**

15.    Supplemental Application for an Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Services Pursuant to 11 U.S.C. §§ 327(a) and 1107 *Nunc Pro Tunc* to February 8, 2010 (Filed April 30, 2010) (Docket No. 4216)

Related Document(s):

      (a)    Certification of No Objection Regarding Docket No. 4216 (Filed May 14, 2010) (Docket No. 4399)

      (b)    **Order Modifying the Scope of the Retention of PricewaterhouseCoopers LLP to Include Certain Advisory Services in Connection with the Application of Fresh Start Accounting Services Pursuant to 11 U.S.C. §§ 327(a) and 1107 *Nunc Pro Tunc* to February 8, 2010 (Entered May 14, 2010) (Docket No. 4414)**

Objection Deadline:  May 11, 2010 at 4:00 p.m.
On consent of the parties, the Objection Deadline was extended to 4:00 p.m. on May 13, 2010 for the Official Committee of Unsecured Creditors.

Responses Received: None.

**Status:   The Court entered an Order granting the Application.  This matter will not be going forward.**

46429/0001-6461555v3

**UNCONTESTED MATTERS GOING FORWARD**

16.     Notice of Hearing on Monthly Fee Requests and Quarterly Fee Application Requests for the Second Interim Fee Period (Filed April 22, 2010) (Docket No. 4136)

Related Document(s):

    (a)     Certification of Counsel Regarding Omnibus Order Approving Fee Applications for the Compensation Period March 1, 2009 Through and Including May 31, 2009 (Filed May 14, 2010) (Docket No. 4400)

Fee Applications:

A.     Cole, Schotz, Meisel, Forman & Leonard, P.A.

    1.     Second Interim Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A., Co-Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2009 through May 31, 2009 (Filed July 15, 2009) (Docket No. 1740)

    2.     Certification of No Objection Regarding Second Interim Fee Application (Filed August 6, 2009) (Docket No. 1906)

    3.     Third Monthly Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A., Co-Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2009 through March 31, 2009 (Filed May 21, 2009) (Docket No. 1223)

    4.     Certification of No Objection Regarding Third Monthly Fee Application (Filed June 12, 2009) (Docket No. 1565)

    5.     Fourth Monthly Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A., Co-Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from April 1, 2009 through April 30, 2009 (Filed May 29, 2009) (Docket No. 1274)

    6.     Certification of No Objection Regarding Fourth Monthly Fee Application (Filed June 22, 2009) (Docket No. 1602)

    7.     Fifth Monthly Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A., Co-Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from May 1, 2009 through May 31, 2009 (Filed July 14, 2009) (Docket No. 1728)

46429/0001-6461555v3

8.     Certification of No Objection Regarding Fifth Monthly Fee Application (Filed August 5, 2009) (Docket No. 1899)

9.     Fee Examiner's Final Report Regarding Second Interim Fee Application of Cole, Schotz, Meisel, Forman & Leonard, P.A. (Filed April 28, 2010) (Docket No. 4187)

B.     Sidley Austin LLP

1.     Second Quarterly Fee Application of Sidley Austin LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period of March 1, 2009 through May 31, 2009 (Filed July 16, 2009) (Docket No. 1757)

2.     Certification of No Objection Regarding Second Quarterly Fee Application (Filed August 7, 2009) (Docket No. 1918)

3.     Third Monthly Fee Application of Sidley Austin LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period of March 1, 2009 through March 31, 2009 (Filed April 28, 2009) (Docket Nos. 1098 and 1100)

4.     Certification of No Objection Regarding Third Monthly Fee Application (Filed June 19, 2009) (Docket No. 1592)

5.     Fourth Monthly Fee Application of Sidley Austin LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period of April 1, 2009 through April 30, 2009 (Filed May 29, 2009) (Docket No. 1273)

6.     Certification of No Objection Regarding Fourth Monthly Fee Application (Filed June 22, 2009) (Docket No. 1601)

7.     Fifth Monthly Fee Application of Sidley Austin LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtors and Debtors in Possession for the Period of May 1, 2009 through May 31, 2009 (Filed June 25, 2009) (Docket No. 1631)

8.     Certification of No Objection Regarding Fifth Monthly Fee Application (Filed July 17, 2009) (Docket No. 1760)

9.     Fee Examiner's Final Report Regarding Second Quarterly Fee Application of Sidley Austin LLP (Filed April 12, 2010) (Docket No. 4002)

46429/0001-6461555v3

C.    <u>Alvarez & Marsal North America</u>

1.    Second Interim Fee Application of Alvarez & Marsal North America, LLC in their Capacity as Restructuring Advisors to the Debtors and Debtors-in-Possession, for Compensation and Reimbursement of Expenses Incurred for the Period March 1, 2009 through May 31, 2009 (Filed July 10, 2009) (Docket No. 1707)

2.    Certification of No Objection Regarding Second Interim Fee Application (Filed August 3, 2009) (Docket No. 1882)

3.    Third Monthly Fee Statement of Alvarez & Marsal North America, LLC in their Capacity as Restructuring Advisors to the Debtors and Debtors-in-Possession, for Compensation and Reimbursement of Expenses Incurred for the Period from March 1, 2009 through March 31, 2009 (Filed April 29, 2009) (Docket No. 1115)

4.    Certification of No Objection Regarding Third Monthly Fee Statement (Filed May 22, 2009) (Docket No. 1227)

5.    Fourth Monthly Fee Statement of Alvarez & Marsal North America, LLC in their Capacity as Restructuring Advisors to the Debtors and Debtors-in-Possession, for Compensation and Reimbursement of Expenses Incurred for the Period from April 1, 2009 through April 30, 2009 (Filed June 5, 2009) (Docket No. 1301)

6.    Certification of No Objection Regarding Fourth Monthly Fee Statement (Filed June 30, 2009) (Docket No. 1666)

7.    Fifth Monthly Fee Statement of Alvarez & Marsal North America, LLC in their Capacity as Restructuring Advisors to the Debtors and Debtors-in-Possession, for Compensation and Reimbursement of Expenses Incurred for the Period from May 1, 2009 through May 31, 2009 (Filed July 7, 2009) (Docket No. 1691)

8.    Certification of No Objection Regarding Fifth Monthly Fee Statement (Filed July 30, 2009) (Docket No. 1870)

9.    Fee Examiner's Final Report Regarding Second Interim Fee Application of Alvarez & Marsal North America, LLC (Filed January 29, 2010) (Docket No. 3264)

46429/0001-6461555v3

D.    Daniel J. Edelman, Inc.

    1.    First Quarterly Fee Application of Daniel J. Edelman, Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Corporate Communications and Investor Relations Consultants for the Debtors and Debtors-in-Possession for the Period March 9, 2009 through May 31, 2009 (Filed July 15, 2009) (Docket No. 1750)

    2.    Certification of No Objection Regarding First Quarterly Application (Filed August 6, 2009) (Docket No. 1910)

    3.    First Monthly Application of Daniel J. Edelman, Inc. for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate and Related Matters for the Period from December 8, 2008 through March 31, 2009 (Filed May 11, 2009) (Docket No. 1176)

    4.    Certification of No Objection Regarding First Monthly Application (Filed June 3, 2009) (Docket No. 1289)

    5.    Second Monthly Application for Allowance of Compensation and Reimbursement of Expenses of Daniel J. Edelman, Inc., Corporate Communications and Investor Relations Consultants for the Debtors and Debtors in Possession, for Services Rendered and Expenses Incurred for the Period April 1, 2009 through April 30, 2009 (Filed June 4, 2009) (Docket No. 1295)

    6.    Certification of No Objection Regarding Second Monthly Application (Filed June 26, 2009) (Docket No. 1653)

    7.    Third Monthly Application for Allowance of Compensation and Reimbursement of Expenses of Daniel J. Edelman, Inc., Corporate Communications and Investor Relations Consultants for the Debtors and Debtors in Possession, for Services Rendered and Expenses Incurred for the Period May 1, 2009 through May 31, 2009 (Filed July 8, 2009) (Docket No. 1695)

    8.    Certification of No Objection Regarding Third Monthly Application (Filed July 30, 2009) (Docket No. 1872)

    9.    Fee Examiner's Final Report Regarding First Quarterly Fee Application of Daniel J. Edelman, Inc. (Filed August 19, 2009) (Docket No. 1983)

46429/0001-6461555v3

E.    Jenner & Block LLP

    1.    Second Quarterly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 (Filed July 15, 2009) (Docket No. 1743)

    2.    Certification of No Objection Regarding Second Quarterly Application (Filed August 6, 2009) (Docket No. 1909)

    3.    Monthly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through March 31, 2009 (Filed April 28, 2009) (Docket No. 1099)

    4.    Certification of No Objection Regarding Monthly Application (Filed May 27, 2009) (Docket No. 1254)

    5.    Monthly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period April 1, 2009 through April 30, 2009 (Filed June 3, 2009) (Docket No. 1286)

    6.    Certification of No Objection Regarding Monthly Application (Filed June 25, 2009) (Docket No. 1634)

    7.    Monthly Application of Jenner Block LLP, as Special Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period May 1, 2009 through May 31, 2009 (Filed July 9, 2009) (Docket No. 1699)

    8.    Certification of No Objection Regarding Monthly Application (Filed August 3, 2009) (Docket No. 1880)

    9.    Fee Examiner's Final Report Regarding Second Quarterly Application of Jenner & Block LLP (Filed January 29, 2010) (Docket No. 3263)

F.    Jones Day

    1.    Second Interim Fee Application of Jones Day for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 (Filed July 15, 2009) (Docket No. 1742)

    2.    Certification of No Objection Regarding Second Interim Fee Application (Filed August 6, 2009) (Docket No. 1908)

46429/0001-6461555v3

3.  First Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from December 8, 2008 through March 31, 2009 (Filed June 1, 2009) (Docket No. 1281)

4.  Certification of No Objection Regarding First Application (Filed June 24, 2009) (Docket No. 1625)

5.  Second Application of Jones Day for Allowance of Compensation and for Reimbursement of Expenses for the Period from April 1, 2009 through May 31, 2009 (Filed July 6, 2009) (Docket No. 1688)

6.  Certification of No Objection Regarding Second Application (Filed July 29, 2009) (Docket No. 1860)

7.  Fee Examiner's Final Report Regarding Second Interim Fee Application of Jones Day (Filed December 3, 2009) (Docket No. 2725)

G.  Lazard Frères & Co. LLC

1.  Second Interim Fee Application of Lazard Frères & Co. LLC, Investment Banker and Financial Advisor to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 (Filed October 15, 2009) (Docket No. 2350)

2.  Certification of No Objection Regarding Second Interim Fee Application (Filed November 6, 2009) (Docket No. 2516)

3.  Third Monthly Application of Lazard Frères & Co. LLC, Investment Banker and Financial Advisor to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through March 31, 2009 (Filed May 21, 2009) (Docket No. 1221)

4.  Certification of No Objection Regarding Third Monthly Application (Filed June 12, 2009) (Docket No. 1564)

5.  Fourth Monthly Application of Lazard Frères & Co. LLC, Investment Banker and Financial Advisor to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period April 1, 2009 through April 30, 2009 (Filed July 7, 2009) (Docket No. 1693)

6.  Certification of No Objection Regarding Fourth Monthly Application (Filed July 30, 2009) (Docket No. 1871)

7.  Fifth Monthly Application of Lazard Frères & Co. LLC, Investment Banker and Financial Advisor to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period May 1, 2009 through May 31, 2009 (Filed August 10, 2009) (Docket No. 1927)

8. Certification of No Objection Regarding Fifth Monthly Application (Filed September 2, 2009) (Docket No. 2067)

9. Fee Examiner's Final Report Regarding Second Interim Fee Application of Lazard Frères & Co. LLC (Filed May 3, 2010) (Docket No. 4220)

H. McDermott Will & Emery

1. Second Quarterly Fee Application of McDermott Will & Emery LLP, as Special Counsel to Debtors for Domestic Legal Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 (Filed October 9, 2009) (Docket No. 2313)

2. Certification of No Objection Regarding Second Quarterly Fee Application (Filed November 2, 2009) (Docket No. 2475)

3. Monthly Application of McDermott Will & Emery LLP, as Special Counsel to Debtors for Domestic Legal Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period March 1, 2009 through March 31, 2009 (Filed July 31, 2009) (Docket No. 1876)

4. Certification of No Objection Regarding Monthly Application (Filed August 25, 2009) (Docket No. 2019)

5. Monthly Application of McDermott Will & Emery LLP, as Special Counsel to Debtors for Domestic Legal Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period April 1, 2009 through April 30, 2009 (Filed July 31, 2009) (Docket No. 1877)

6. Certification of No Objection Regarding Monthly Application (Filed August 25, 2009) (Docket No. 2020)

7. Monthly Application of McDermott Will & Emery LLP, as Special Counsel to Debtors for Domestic Legal Matters, for Allowance of Compensation and Reimbursement of Expenses for the Period May 1, 2009 through May 31, 2009 (Filed October 7, 2009) (Docket No. 2295)

8. Certification of No Objection Regarding Monthly Application (Filed November 2, 2009) (Docket No. 2474)

9. Fee Examiner's Final Report Regarding Second Quarterly Application of McDermott Will & Emery LLP (Filed January 27, 2010) (Docket No. 3247)

46429/0001-6461555v3

I.    Paul, Hastings, Janofsky & Walker LLP

    1.    Second Interim Fee Application Request of Paul, Hastings, Janofsky & Walker LLP for the Period March 1, 2009 through May 31, 2009 (Filed July 16, 2009) (Docket No. 1758)

    2.    Certification of No Objection Regarding Second Interim Fee Application Request (Filed August 7, 2009) (Docket No. 1919)

    3.    Third Monthly Application of Paul, Hastings, Janofsky & Walker LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate and Related Matters for the Period from March 1, 2009 through March 31, 2009 (Filed May 11, 2009) (Docket No. 1175)

    4.    Certification of No Objection Regarding Third Monthly Application (Filed June 3, 2009) (Docket No. 1288)

    5.    Fourth Monthly Application of Paul, Hastings, Janofsky & Walker LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate and Related Matters for the Period from April 1, 2009 through April 30, 2009 (Filed June 26, 2009) (Docket No. 1648)

    6.    Certification of No Objection Regarding Fourth Monthly Application (Filed July 22, 2009) (Docket No. 1797)

    7.    Fifth Monthly Application of Paul, Hastings, Janofsky & Walker LLP for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel for General Real Estate and Related Matters for the Period from May 1, 2009 through May 31, 2009 (Filed June 30, 2009) (Docket No. 1667)

    8.    Certification of No Objection Regarding Fifth Monthly Application (Filed July 22, 2009) (Docket No. 1798)

    9.    Fee Examiner's Final Report Regarding Second Interim Fee Application of Paul, Hastings, Janofsky & Walker LLP (Filed January 29, 2010) (Docket No. 3265)

J.    PricewaterhouseCoopers LLP

    1.    Second Interim Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period March 1, 2009 through May 31, 2009 (Filed July 23, 2009) (Docket No. 1806)

2.      Certification of No Objection Regarding Second Interim Fee Application (Filed August 17, 2009) (Docket No. 1974)

3.      Third Monthly Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period March 1, 2009 through March 31, 2009 (Filed June 17, 2009) (Docket No. 1577)

4.      Certification of No Objection Regarding Third Monthly Application (Filed July 10, 2009) (Docket No. 1702)

5.      Fourth Monthly Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period April 1, 2009 through April 30, 2009 (Filed July 1, 2009) (Docket No. 1675)

6.      Certification of No Objection Regarding Fourth Monthly Application (Filed July 23, 2009) (Docket No. 1811)

7.      Fifth Monthly Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered and Reimbursement of Expenses as Compensation and Tax Advisors and Independent Auditors to the Debtors and Debtors in Possession for the Period May 1, 2009 through May 31, 2009 (Filed July 1, 2009) (Docket No. 1676)

8.      Certification of No Objection Regarding Fifth Monthly Application (Filed July 23, 2009) (Docket No. 1812)

9.      Fee Examiner's Final Report Regarding Second Interim Fee Application of PricewaterhouseCoopers LLP (Filed February 3, 2010) (Docket No. 3297)

K.      Reed Smith LLP

1.      Second Interim Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period March 1, 2009 through May 31, 2009 (Filed June 26, 2009) (Docket No. 1645)

2.      Second Monthly Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period March 1, 2009 through March 31, 2009 (Filed April 28, 2009) (Docket No. 1095)

46429/0001-6461555v3

3.    Certification of No Objection Regarding Second Monthly Fee Application (Filed May 28, 2009) (Docket No. 1262)

4.    Third Monthly Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period April 1, 2009 through April 30, 2009 (Filed June 2, 2009) (Docket No. 1284)

5.    Certification of No Objection Regarding Third Monthly Fee Application (Filed June 30, 2009) (Docket No. 1662)

6.    Fourth Monthly Application of Reed Smith LLP, Special Counsel for Certain Insurance Matters to the Debtors and Debtors in Possession, for Compensation and Reimbursement of Expenses for the Period May 1, 2009 through May 31, 2009 (Filed June 26, 2009) (Docket No. 1643)

7.    Certification of No Objection Regarding Fourth Monthly Fee Application (Filed July 24, 2009) (Docket No. 1819)

8.    Fee Examiner's Final Report Regarding Second Interim Fee Application of Reed Smith LLP (Filed December 3, 2009) (Docket No. 2731)

L.    Mercer (US) Inc.

1.    Second Quarterly Application of Mercer (US) Inc. as Compensation Consultant to the Debtors Seeking Allowance of Interim Compensation and for Interim Reimbursement of All Actual and Necessary Expenses Incurred for the Period of March 1, 2009 through May 31, 2009 (Filed July 15, 2009) (Docket No. 1747)

2.    Certification of No Objection Regarding Second Quarterly Fee Application (Filed August 10, 2009) (Docket No. 1935)

3.    Third Monthly Application of Mercer (US) Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Compensation Consultant to the Debtors and Debtors in Possession for the Period of March 1, 2009 through March 31, 2009 (Filed July 15, 2009) (Docket No. 1744)

4.    Certification of No Objection Regarding Third Monthly Fee Application (Filed August 10, 2009) (Docket No. 1932)

5.    Fourth Monthly Application of Mercer (US) Inc. for Compensation for Services Rendered and Reimbursement of Expenses as Compensation Consultant to the Debtors and Debtors in Possession for the Period of April 1, 2009 through April 30, 2009 (Filed July 15, 2009) (Docket No. 1745)

46429/0001-6461555v3

6.      Certification of No Objection Regarding Fourth Monthly Fee Application
        (Filed August 10, 2009) (Docket No. 1933)

7.      Fifth Monthly Application of Mercer (US) Inc. for Compensation for
        Services Rendered and Reimbursement of Expenses as Compensation
        Consultant to the Debtors and Debtors in Possession for the Period of
        May 1, 2009 through May 31, 2009 (Filed July 15, 2009) (Docket No.
        1746)

8.      Certification of No Objection Regarding Fifth Monthly Fee Application
        (Filed August 10, 2009) (Docket No. 1934)

9.      Fee Examiner's Final Report Regarding Second Quarterly Fee Application
        of Mercer (US) Inc. (Filed February 1, 2010) (Docket No. 3282)

M.   <u>Stuart Maue</u>

1.      First Interim Application for Compensation for March 1, 2009 through
        May 31, 2009 (Filed October 15, 2009) (Docket No. 2352)

2.      Certification of No Objection Regarding First Interim Application (Filed
        February 12, 2010) (Docket No. 3379)

3.      First Combined Monthly Fee Application for Compensation for period
        March 1, 2009 through April 30, 2009 (Filed July 14, 2009) (Docket No.
        1719)

4.      Certification of No Objection Regarding First Combined Monthly Fee
        Application (Filed August 5, 2009) (Docket No. 1897)

5.      Second Monthly Application for Compensation for period May 1, 2009
        through May 31, 2009 (Filed July 14, 2009) (Docket No. 1720)

6.      Certification of No Objection Regarding Second Monthly Fee Application
        (Filed August 5, 2009) (Docket No. 1898)

N.   <u>Chadbourne & Parke LLP</u>

1.      Second Interim Application for Compensation for March 1, 2009 through
        May 31, 2009 (Filed July 15, 2009) (Docket No. 1734)

2.      Third Monthly Application for Compensation for period March 1, 2009
        through March 31, 2009 (Filed April 27, 2009) (Docket No. 1087)

3.      Certification of No Objection Regarding Third Monthly Fee Application
        (Filed May 20, 2009) (Docket No. 1212)

46429/0001-6461555v3

4.     Fourth Monthly Application for Compensation for period April 1, 2009 through April 30, 2009 (Filed May 26, 2009) (Docket No. 1239)

5.     Certification of No Objection Regarding Fourth Monthly Fee Application (Filed June 17, 2009) (Docket No. 1578)

6.     Fifth Monthly Application for Compensation for period May 1, 2009 through May 31, 2009 (Filed June 26, 2009) (Docket No. 1649)

7.     Certification of No Objection Regarding Fifth Monthly Fee Application (Filed July 20, 2009) (Docket No. 1771)

8.     Fee Examiner's Final Report Regarding Second Interim Application of Chadbourne & Parke LLP (Filed January 12, 2010) (Docket No. 3058)

O.     <u>Landis Rath & Cobb LLP</u>

1.     Second Interim Application for Compensation for March 1, 2009 through May 31, 2009 (Filed July 15, 2009) (Docket No. 1736)

2.     Third Monthly Application for Compensation for period March 1, 2009 through March 31, 2009 (Filed April 27, 2009) (Docket No. 1089)

3.     Certification of No Objection Regarding Third Monthly Fee Application (Filed May 20, 2009) (Docket No. 1214)

4.     Fourth Monthly Application for Compensation for period April 1, 2009 through April 30, 2009 (Filed May 28, 2009) (Docket No. 1265)

5.     Certification of No Objection Regarding Fourth Monthly Fee Application (Filed June 19, 2009) (Docket No. 1594)

6.     Fifth Monthly Application for Compensation for period May 1, 2009 through May 31, 2009 (Filed June 25, 2009) (Docket No. 1633)

7.     Certification of No Objection Regarding Fifth Monthly Fee Application (Filed July 17, 2009) (Docket No. 1762)

8.     Fee Examiner's Final Report Regarding Second Interim Fee Application of Landis Rath & Cobb LLP (Filed March 29, 2010) (Docket No. 3878)

9.     Response of Landis Rath & Cobb LLP to Fee Examiner's Final Reports Regarding the Second and Third Interim Fee Applications of Landis Rath & Cobb LLP (Filed April 13, 2010) (Docket No. 4024)

46429/0001-6461555v3

P.    AlixPartners, LLP

1.    Second Interim Application for Compensation for March 1, 2009 through May 31, 2009 (Filed July 15, 2009) (Docket No. 1735)

2.    Third Monthly Application for Compensation for period March 1, 2009 through March 31, 2009 (Filed April 29, 2009) (Docket No. 1104)

3.    Certification of No Objection Regarding Third Monthly Fee Application (Filed May 21, 2009) (Docket No. 1218)

4.    Fourth Monthly Application for Compensation for period April 1, 2009 through April 30, 2009 (Filed May 26, 2009) (Docket No. 1240)

5.    Certification of No Objection Regarding Fourth Monthly Fee Application (Filed June 17, 2009) (Docket No. 1579)

6.    Fifth Monthly Application for Compensation for period May 1, 2009 through May 31, 2009 (Filed June 25, 2009) (Docket No. 1630)

7.    Certification of No Objection Regarding Fifth Monthly Fee Application (Filed July 17, 2009) (Docket No. 1761)

8.    Fee Examiner's Final Report Regarding Second Interim Fee Application of AlixPartners, LLP (Filed March 23, 2010) (Docket No. 3822)

Q.    Moelis & Company LLC

1.    Second Interim Application for Compensation for March 1, 2009 through May 31, 2009 (Filed July 23, 2009) (Docket No. 1816)

2.    Third Monthly Application for Compensation for period March 1, 2009 through March 31, 2009 (Filed April 29, 2009) (Docket No. 1103)

3.    Certification of No Objection Regarding Third Monthly Fee Application (Filed May 21, 2009) (Docket No. 1217)

4.    Fourth Monthly Application for Compensation for period April 1, 2009 through April 30, 2009 (Filed June 9, 2009) (Docket No. 1323)

5.    Certification of No Objection Regarding Fourth Monthly Fee Application (Filed July 1, 2009) (Docket No. 1674)

46429/0001-6461555v3

6. Fifth Monthly Application for Compensation for period May 1, 2009 through May 31, 2009 (Filed July 1, 2009) (Docket No. 1673)

7. Certification of No Objection Regarding Fifth Monthly Fee Application (Filed July 23, 2009) (Docket No. 1808)

8. Fee Examiner's Final Report Regarding Second Interim Fee Application of Moelis & Company LLC (Filed January 29, 2010) (Docket No. 3262)

R. <u>Committee Members</u>

1. Third Monthly Application for Compensation of Committee Members for Reimbursement of Expenses (Filed April 27, 2009) (Docket No. 1088)

2. Certification of No Objection Regarding Application (Filed May 20, 2009) (Docket No. 1213)

3. Fee Auditor's Final Report Regarding Third Monthly Application of Official Committee of Unsecured Creditors (Filed January 12, 2010) (Docket No. 3059)

Response Deadlines:  See respective Applicants' monthly fee applications.

Responses Received:  None.

**Status:    The Court has requested additional information regarding certain Fee Applications.  The Debtors anticipate that a form of order will be entered once the issues have been resolved to the Court's satisfaction.  This matter will not be going forward**

Dated:  May **17**, 2010

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Janet E. Henderson
Kevin T. Lantry
Kenneth P. Kansa
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

28