## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: June 16, 2010 at 11:00 a.m. ET**<br>**Response Deadline: June 9, 2010 at 4:00 p.m. ET** |

## DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

### ("LATE-FILED CLAIMS")

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Exhibit A to this Objection. The grounds for the Objection are set forth herein.**

The debtors and debtors in possession in the above-captioned chapter 11 cases

(each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

hereby submit this twenty-seventh omnibus objection (the "Objection") to claims filed against the Debtors that were filed after the applicable bar dates established in these chapter 11 cases (the "Late-Filed Claims"). The Late-Filed Claims are set forth on Exhibit A attached hereto and to the proposed order submitted herewith, and this Objection is submitted pursuant to Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request the entry of an order expunging and disallowing the Late-Filed Claims as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "Bigelow Declaration"), attached hereto as Exhibit B. In further support, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.     On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2.     The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket Nos. 43, 2333].

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE DEBTORS' CLAIMS PROCESS

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957], on June 12, 2009 [Docket Nos. 1343-1453], on March 2, 2010 [Docket Nos. 3548-3599], and on May 14, 2010 [Docket No. 4388] (collectively, the "Schedules").[3]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 [CNLBC Docket Nos. 8 and 9], which were subsequently amended on December 9, 2009 [Docket No. 2779] and May 14, 2010 [Docket No. 4389].

3

cases and (ii) approving the form and manner of notice of the Bar Date (the "Bar Date Notice").[4]
The Bar Date Order granted any claimants holding a claim affected by amendments to the
Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory
contract or unexpired lease an additional 30 days from the applicable amendment or supplement
to the Schedules or effective date of rejection to file a proof of claim or amend a previously filed
proof of claim in connection therewith.

8.      Written notice of the Bar Date was mailed to, among others, all known
creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties
who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date
Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar
Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and
*Los Angeles Times* on May 12, 2009.

9.      To date, approximately 6,468 Proofs of Claim have been filed in these
chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims
Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to
assist with claims processing in these chapter 11 cases (the "Claims Agent").

### RELIEF REQUESTED

10.     By this Objection, the Debtors seek entry of the Order, pursuant to Section
502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,
disallowing in full and expunging each of the Late-Filed Claims identified on Exhibit A as filed
claims representing a claim that was filed after the applicable Bar Date. This Objection complies
in all respects with Local Rule 3007-1.

---

[4] No Bar Date has been set for the filing of Proofs of Claim against Tribune CNLBC, LLC, although the Debtors
have submitted a motion requesting the establishment of such a bar date. [Docket No. 4408].

4

46429/0001-6747564v1

## BASIS FOR OBJECTION

11.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured

. . . .

(9)    proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide . . . .

11 U.S.C. § 502(b)(1), (9).

12.    The timeliness of claims asserted against the Debtors in these chapter 11 cases  is determined with reference to the Bar Date fixed by the court, in accordance with Rule 3003(c)(3) of the Bankruptcy Rules.  The Bar Date Notice delivered to all known creditors provided that "Proofs of claim will be deemed timely filed only if actually received by Epiq on or before the bar date associated with such claim."  See Bar Date Notice at 4.

13.    Since the initial Bar Date of June 12, 2009, 790 Proofs of Claim have been filed in these chapter 11 cases, as indicated by the "Received" date stamped on the face of each of the Proofs of Claim by the Claims Agent upon receipt.  The Debtors' personnel and their financial advisors have reviewed each of these Proofs of Claim to determine whether such claims

5

correspond to (i) one or more amendments to the Schedules; (ii) the rejection of an executory

contract or unexpired lease; (iii) a negotiated extension of the Bar Date (see, e.g., Order

Extending the Time for the Internal Revenue Service to File Proofs of Claim, Docket No. 2026;

Order Extending Time for Federal Communications Commission to File Proofs of Claim, Docket

No. 1338); or (iv) an amendment to a timely-filed claim that may render such claims timely

under the Bar Date Order.

14.    As a result of this analysis, the Debtors have identified 108 Proofs of

Claim for which there is no basis under the Bar Date Order to accept as timely.  Each of the

Late-Filed Claims listed in Exhibit A: (i) arose prior to the Petition Date; (ii) was filed by or on

behalf of a creditor who was served with the Bar Date Notice, either directly or through their

respective counsel; (iii) was subject to the requirement that Proofs of Claim be filed no later than

the Bar Date (as well as in accordance with the other provisions of the Bar Date Order); and (iv)

was nonetheless filed after the Bar Date, as indicated by the dates identified in the column

labeled "Date Filed" in Exhibit A.  None of the creditors holding claims identified on Exhibit A

have sought—much less obtained—relief from the Court pursuant to Rule 9006 of the

Bankruptcy Rules to file a late Proof of Claim.  Accordingly, the Late-Filed Claims listed in

Exhibit A are untimely under the Bar Date Order and should be disallowed in their entirety

pursuant to section 502(b)(9) of the Bankruptcy Code.[5]

15.    The Late-Filed Claims objected to in this Objection have an aggregate

face value of $62,555,113.14.  As a result, such Late-Filed Claims, if allowed, would have a

significant financial impact on the Debtors.  In addition, a failure by the Debtors to seek and

---

[5] Included among the Late-Filed Claims are 33 Proofs of Claim filed by Robert Brooks for uncashed checks, which were scheduled by the Debtors.  By this Objection, the Debtors seek to expunge the Late-Filed Claims and reinstate the amounts relating to Mr. Brooks's claims set forth in the Schedules, which more accurately support what Mr. Books is owed by the Debtors.

6

obtain disallowance of the Late-Filed Claims could result in the filing of additional Late-Filed

Claims, undermining the certainty that is intended to be afforded by the Bar Date Order and

negatively affecting the Debtors' legitimate creditors whose claims were either listed on the

Schedules or who complied with the Bar Date Order.

## RESERVATION OF RIGHTS

16.    The Debtors hereby reserve their right to object in the future to any of the

Proofs of Claim listed on Exhibit A attached to this Objection on any other ground, including in

the Debtors' subsequent substantive and non-substantive objections, and to amend, modify,

and/or supplement this Objection, including, without limitation, to object to amended or newly-

filed claims.  Separate notice and hearing will be provided and scheduled, respectively, for any

such objection.

17.    Notwithstanding anything contained in this Objection or in Exhibit A

attached to this Objection, nothing herein shall be construed as a waiver of any rights that the

Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy

Code against the holders of claims subject to the Objection; or (b) to exercise their rights of

setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

18.    Notice of this Objection has been provided to:  (i) the Office of the United

States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for

Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the

Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; and (vi) all parties

requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).

In light of the nature of the relief requested herein, the Debtors submit that no other or further

notice is necessary.

46429/0001-6747564v1

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, (i) disallowing in full and expunging each of the Late-Filed Claims set forth on Exhibit A; (ii) authorizing the Claims Agent to expunge the Late-Filed Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
         May 17, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION