# EXHIBIT A

# Millen Claims

46429/0001-6747611v1

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

Name of Debtor: *Tribune Company*

Case Number: *08-13141-KJC*

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): *Kevin Miller*

Name and address where notices should be sent: *Kevin Miller 1704 Lanier Lane Memphis, TN 38117*

Telephone number: *901-483-6619*

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: *08-5025716-5* (*If known*)

Filed on: *11/25/08*

Name and address where payment should be sent (if different from above): *Kevin Miller 1704 Lanier Lane Memphis, TN 38117*

Telephone number: *901-483-6619*

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ *250,000.00 1% 8% short of news expense* *$1,500 monthly income   annual gross*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

2. Basis for Claim: _____
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property:$_____ Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies orders, invoices, itemized statements of You may also attach a summary. Attach a security interest. You may also attach

DO NOT SEND ORIGINAL DOCUME SCANNING.

If the documents are not available, please explain.

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)          0000000526

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: *1/16/09*

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Kevin Miller   Kevin Miller   1704 Lanier Lane   Memphis, TN 38117*

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*9-*

*Kevin Millen*

*Vs.*                                                        **Docket #**    <u>*08-5025316-S*</u>

*The Hartford Courant*
          *In Re:*          *Tribune Company 08-13141-KJC*

### *Motion showing how Chapter 11 puts me first*

        Wherefore, the Hartford Courant has filed for Chapter 11 and since they do not have the funds to pay the claim, they filed bankruptcy. With the bankruptcy federal laws, I can show you that if we use 11 U.S.C. ss 362 (b)(1) the filing of a petition under subsection 301, 302, 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay--we see that under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor. They still have to stand up for what they have put in the paper and can not run behind the bankruptcy court.


*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*
*Pro-Se Petitioner*

602.

11 U.S.C. §362

(b) The filing of a petition under section 301, 302, 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay --

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

(C) Except as provided in subsection (d)(e)(f) and (h)

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer

(#) Upon Request of a party in interest, the cour
with or without a hearing, shall grant such
Relief from the stay provided under subsection(s
of this section as is necessary to prevent
irreparable damage to the interest of an
entity, if such interest will suffer such damage
before there is an opportunity for notice
and a hearing under subsection (d)or(e)
of this section

(g) In any hearing under subsection (d) or(e) of
this section concerning Relief from the stay of
any act under subsection (a) of this sectic
(1) the party Requesting such Relief has the
burden of proof on the issue of the debtor's
Equity in property; and
(2) the party opposing such Relief has the burden o

**Kevin Millen**

**Vs.**                                                    **Docket #** _____

**The Hartford Courant**

## The Facts

        The fact of the case is that the paper lied.  The printed false information and this is
destroying my life.  If we look at the book, The Elements of Malice in the Law of Libel
in Connecticut, Yale Law Journal we see that the Chief Justice wrote these powerful
words.  "A libel is a malicious defamation in printing or writing, by signs or pictures,
tending to injure the reputation of another; and everything written or published
concerning another renders him ridiculous, exposes him to public hatred or contempt and
tends to hindered mankind from associating with him is actionable."  The article has
made mankind despise me.  The fact is that this is defamation of character.  The fact is
that this is slander and the paper did not even contact me to justify the article.  We can
look at the case of Corrigan vs. Bobbs-Merrill Co. (1920) 228 N. Y. 58 126 N. E. 260, 10
A.L.R. 662, which is about defamatory statements and false writings.  If we use the case
of Mazzucco vs. Knall Coal & Oil Co. Inc., 374 A.2d 1047, 172 Conn. 355, it states I
have to have to proof to win.

*Kevin Millen*

**Kevin Millen**
**1704 Lanier Lane**
**Memphis, TN 38117**
**(901) 483-6619**

*Kevin Millen*

*Vs.*                                                          *Docket #* _____

*The Hartford Courant*

### *Complaint Against the Defendant*

Comes, the petitioner (Kevin Millen), who has been falsely accused to state that the Hartford Courant input lies to defame me. I have never been charged or copped to a stalking charge. The charges I was incarcered for are to be seen but this is not the charge. The reason for this complaint is that the newspaper is misconstruing my life and this is hampering me from getting jobs. This would be a malicious and heinous writing because the charge is very heavy. Many will fire you if they find out you have such a vicious charge. The paper has misconstrued me and with the statute of limitation being once you discovered, hopefully you will give me the right to sue. Tolling is an issue because it's been so long but this is what I have to do to get things right. If we look at the case of <u>Masson vs. New Yorker Magazine 501 U.S. 496, 111 S. Ct. 2419</u> this is a reason that makes it easy for me to sue. If given informa pauperis, I will most definitely win and the clarification of my name would be great.

*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*

*Kevin Millen*

*Vs.*                                                    *Docket #_____*

*The Hartford Courant*

### *Motion for Relief Sought*

What I would like the court to do is allow the paper the opportunity to make up for its mistakes. The paper is what many are basing their opinions on. Since this is ten years past due then I would ask for $250,000.00 dollars and a 15% share of the newspaper annual gross and lastly a monthly income of $4,500. I think they might have more to give but being greedy is not the purpose for me. We can look at the case dealing with Equitable Relief. This is show where you can receive payment for the damages that have been accrued and still accruing. Pound Equitable Relief Against Defamation and Injuries to Personality (1916) 29 Harvard L. Rev. 640, 641 Connecticut has the ability to pay and will if you prove your case. Punitive Damages can be awarded if the judge sees fit with the case of Markey vs. Santangelo 485 A.2d 1305, 195 Conn. 76.

*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*

21.  **The Hartford Courant** - November 5, 1998

**STARTING LINES**
Former Hoya Charged With Stalking Thompson A former Georgetown basketball player accused of stalking and making threatening phone calls to coach John Thompson was ordered held for a preliminary psychiatric evaluation, WTOP-AM in Washington reported Wednesday. Kevin Millen, who played for Georgetown in 1991-95, appeared in District of Columbia Superior Court after being detained by university police Monday. The arrest warrant stated Millen was upset over job opportunities arranged by...

Purchase Complete Article, of 474 words

**279-116**

## DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
## FACE SHEET No. 1

DATE
PREPARED

(Mo. Da. Yr.)

| DC Number | Name | Alias | Aliases |
|---|---|---|---|
| 279-116 | MILLER KEVIN P. | Yes ☐ No ☑ Used | |

| Institution | Prisoner | D.C. ☐ | Number of Previous | Commitment Date |
|---|---|---|---|---|
| CDF | Type | Federal ☑ | Commitments NO A/P? | 11-4-98 |

| House No. | Street Name | City | State |
|---|---|---|---|
| 404 | STILLWOOD | MEMPHIS | TE |

Race and Sex:
☐ White Male   ☐ Other Male   ☐ Negro Female
☑ Negro Male   ☐ White Female  ☐ Other Female

| Birth Date | Age | Birth Place |
|---|---|---|
| 5-5-73 | 26 | TEN |

Marital Status:
☐ Single   ☐ Divorced   ☐ Widowed
☑ Married  ☐ Separated  ☐ Unknown

Church: ☐ None   ☐ Protest.   ☐ Catholic   ☐ Jewish   ☐ Moslem   ☐ Black Muslim   ☐ Other   ☐ Unknown

Read and Write   Yes ☐   No ☐   Years of School 16   Occupation   Veteran Yes ☐ No ☐   Receiving Pension Yes ☐ No ☑

Disability: ☑ None  ☐ Physical  ☐ Mental  ☐ Both  ☐ Unknown
Treatment   Mental Hospitalization ☐ None
Surrender Valuables Yes ☐ No ☐
Searched By Walker

| Height | Weight | Eyes | Hair | Complexion | Build |
|---|---|---|---|---|---|
| 6-6 | 6-6 | BRN | BLK | BRN | MED |

Fingerprint Classification   Fingerprint Reference   Police I.D. No. 307-646   F.B.I. No

Offender Status   Driver's License No.   License State   Social Security No.

Narcotics: ☐ None  ☐ User  ☐ Certified User  ☐ Other  ☐ Unknown
Alcohol: ☐ None User  ☐ Moderate User  ☐ Frequent Use  ☐ Alcoholic  ☐ Unknown

Welfare/Benefits/Received: ☐ Federal  ☐ State  ☐ Local  ☐ None
Latest Hourly Wage   Detainer ☐ Yes ☐ No
Cash Surrendered 21.00

| CASE NO. | CHARGE | BOND AND FURTHER HEAR. | DISPOSITION AND DATE |
|---|---|---|---|
| 1/6/136-98 | Threat/Unlawful Entry Charges | N/B $2,500 c/s | |



| Intake Date 11/04/1998 | DCDC 279-116 | Last Name MILLER | First Name KEVIN |
|---|---|---|---|
| | | Last Name AKA | First Name AKA |

PDID#   DOB 05/05/73   Gender MALE   Race BLACK

Charge 1
THREATS/ UNLAWFUL ENTRY   Charges

Language ENGLISH SPEAKING

Inmate Address 404 STILLWOOD DR.   City MEMPHIS   State TE   Zip

FOR INSTITUTIONAL RECORD

Scheduled Release Date   Release ☐ By Court   Reason ☐ Bond Pd

279-116

# DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
## FACE SHEET No. 1

DATE
PREPARED

(Mo. Da. Yr.)

| Number 279-116 | Name (last, first, middle) MILTEN KEVIN S. | Alias Used Yes ☐ No ☑ | Aliases | |
|---|---|---|---|---|
| tion CDF | Prisoner Type | D.C. ☑ Federal ☐ | Number of Previous Commitments | Commitment Date 11-18-98 |

| No. 04 | Street Name STILLWOOD DR | Street Code | Quadrant | City MEMPHIS | State TENN |
|---|---|---|---|---|---|

| and Sex | ☐ White Male | ☐ Other Male | ☐ Negro Female | Birth Date 5-5-73 | Age 25 | Birth Place TENN |
|---|---|---|---|---|---|---|
| | ☑ Negro Male | ☐ White Female | ☐ Other Female | | | |
| | ☑ Single | ☐ Divorced | ☐ Widowed | Church | ☐ None ☐ Protest. ☐ Catholic | ☐ Jewish ☐ Moslem ☐ Black Muslim | ☐ Other ☐ Unknown |
| | ☐ Married | ☐ Separated | ☐ Unknown | | | |

| and Write | Yes ☑ No ☐ | Years of School 17 | Occupation TEACHER | Veteran Yes ☐ No ☐ | ☐ Receiving ☑ Pension | Yes ☐ No ☐ |
|---|---|---|---|---|---|---|

| ity | ☑ None ☐ Physical ☐ Mental | ☐ Both ☐ Unknown | Treatment | ☐ Mental ☐ Hospitalization ☑ None | Surrender Valuables | Yes ☐ No ☐ | Searched By WaKer |
|---|---|---|---|---|---|---|---|

| e [Height 4 | Weight 180 | Eyes BRN | Hair BLK | Complexion BRN | Build MED |
|---|---|---|---|---|---|

| Fingerprint Classification | Fingerprint Reference | Police I.D. No. | F.B.I. No. |
|---|---|---|---|

| Offender Status Register No. | Driver's License No. SAME | License State TENN | |
|---|---|---|---|

| | ☑ None ☐ User ☐ Certified User | ☐ Other ☐ Unknown | Alcohol | ☑ None User ☐ Moderate Use ☐ Frequent Use | ☐ Alcoholic ☐ Unknown |
|---|---|---|---|---|---|
| | ☐ Federal ☐ State ☐ Local | ☐ None | Latest Hourly Wage 6.25 | Detainer | ☐ Yes ☑ No | Cash Surrendered None |

| CASE NO. | CHARGE | BOND AND FURTHER HEAR. | DISPOSITION AND DATE |
|---|---|---|---|
| 6383-98 | Unlawful Entry | | WOR |
| | | | |
| movement 11-18-98 BO 12:30 pm | | Admin Cleared | 12:55 PM |

| od Release Date | Release ☐ By Court ☐ Fine Paid Reason ☐ Bond Paid ☐ Expiration | Date | Released By | Date |
|---|---|---|---|---|



## COLLEGES

# Former Hoya is arrested
## Raleigh-Egypt grad accused of stalking

From Our Press Services

A former Raleigh-Egypt High and Georgetown University basketball player accused of stalking and making threatening phone calls to coach John Thompson was ordered held for a preliminary psychiatric evaluation Tues-

Corin Millen, who played for Georgetown from 1991-95, appeared in District of Columbia Superior Court after being detained by university police Monday.

WTOP-AM radio reported the 6-foot-4 center issued Sept. 28 for Millen's arrest on a charge of stalking after Thompson was unable to get Millen to stop harassing the coach and his staff. The warrant stated that Millen was upset over job opportunities arranged after his coach that hadn't panned out, and that Millen made 37 threatening phone calls to the university from February to August, the station reported.

### NOTES

...until his evaluation is completed early today. WTOP reported.

Millen averaged 2 assists in 121 games, including three starts, for the Hoyas.

In other developments:

**REBELS PLAN IMPROVEMENT:** Ole Miss has announced plans for a new round of fund-raising for continued improvements to athletic facilities.

Athletic Director John Shafer said that phase call for an administrative offices, a weight room, an indoor facility for all sports, renovation of the athletic offices for training, and student services, a track stadium, golf locker rooms and offices, and renovation of C. M. "Tad" Smith Coliseum.

**MEAC OFFICIALS FINED:** Four Mid-Eastern Athletic Conference officials were fined after the supervisor of officials ruled they missed a critical call that led to the winning score in last weekend's William & Mary-Hampton game.

Umpire Leon Jones, field

...Ross...

**MEAC** ...Bramford Essential...the MEAC supervisor of officials, Johnny Goier, ...of the game was...receiver scored the final...down in the 41-34 game.

**CHAMPIONSHIP PREVIEW:** The meeting between the Northwest Mississippi Community College Rangers and Jones County Bobcats tonight in Scandobia, Miss., and the regular season that will be a once...will only merely serve as runway for the following season when the same two meet for the MEAC state champion ship. The Jones is ranked third...ship. Northwest is fourth in the NJCAA football poll. Both teams has 9-1 record.

**UMASS GUARD FACES COMPLAINT:** Massachusetts basketball player Monty Mack is accused of punching and shoving a woman student in a dining hall fight. A court hearing was set for Nov. 20.

# Maryland downs Aussies

### BASKETBALL

From Our Press Services

Government of the District of Columbia
DEPARTMENT OF CORRECTIONS

00059428

## CLOTHING, PERSONAL PROPERTY, AND CASH RECORDS NO.

*****FORENSIC*****

e _11/4/98_    Name _MILLEN  KEVIN_ _____ DCDC # _279-116_

me _THREATS /UNLAWFUL ENTRY_    Sentence _NO BOND_

### CLOTHING

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Scarf | | Tie | | |
| lt | Hat | Shirt | | T-Shirt | WHITE | |
| ots | Housecoat | Shoes | | Sweat Shirt | | |
| assiere | Jacket | TRING | Skirt | | Sweat Pants | NOSE |
| p | Keys | Slip | | Wig | | |
| ange Purse | Misc. Papers | Socks | | Other | SHT.YSEX | |
| at | Pants | S.S. Card | | Other | | |
| ress | Permit | Stockings | | Other | | |
| irdle | Purse | Sweater | | Other | | |
| loves | Raincoat | | | | | |

### PERSONAL PROPERTY (including Jewelry)

| | | | | |
|---|---|---|---|---|
| | | Rosary | Other | |
| illfold | Earrings | Tokens | Other | |
| Bracelet | Medallion | Watch | Other | |
| Check Book | Necklace | Other | Other | |
| Credit Cards | Rings | | | |
| Misc. Property Stored in Property Room | | | | |

### CASH

MILLEN  KEVIN    DCDC # _279-116_    Certify that

I, _____ 11/4/98 _____ I had $ _____

when received at the DC Jail on _____ cash and the property and clothing listed above. I fully understand any clothing or property unclaimed after fifteen (15) days of my commitment or returned by US Postal Service for any reason will be destroyed.

_____
Inmate Signature

_____    No. _____
Receiving Officers Signature

The D.C. Department of Corrections Detention Facility will not be responsible for any valuable worth more than fifty dollars ($50.00).

(White - R&DRecords , Green - Property Office, Yellow - Records Office Gold - Shipping Inventory Pink - Inmate Copy )

**Prisoner must keep a signed copy of this paper until released.**

00059428

**FORM B10** (Official Form 10) (4/01)

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF Delaware | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor<br>TRibuNE Company | Case Number<br>08-13141-125C | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Kevin Millen | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br>Kevin millen<br>17041 hamieu Lané<br>Memphis, TN 38017<br>Telephone number:   901-483-6619 | ☑ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| | THIS SPACE IS FOR COURT USE ONLY |

| | |
|---|---|
| Account or other number by which creditor identifies debtor:<br>08-5025316-S | Check here<br>if this claim ☐ replaces   a previously filed claim, dated: 11/25/08<br>☑ amends |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☑ Other  Libel

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)

  Your SS #: _____

  Unpaid compensation for services performed

  from _____ to _____
      (date)              (date)

**2. Date debt was incurred:** 11/25/08

**3. If court judgment, date obtained:** nonē

**4. Total Amount of Claim at Time Case Filed:**  $ 250,000.00  1590 Share of newspaper monthly
gross $4000 monthly - Income

☐ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other_____

Value of Collateral:  $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** T̶ ̶̶̶̶ of all payments on this claim has been credited and deducted for

Filed: USBC - District of Delaware
Tribune Company, Et Al.
08-13141 (KJC)                    0000000688

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**8. Supporting** promissory accounts, co of perfectio are not available, ~~~~~

*documents,* such as statements of running ity agreements, and evidence CUMENTS. If the documents inous, attach a summary.

**9. Date-Stamped Copy:**  To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

2009 FEB 27  AM 10: 5
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE
CLERK

| Date<br>02/23/09 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Kevin Millen   Kevin M. llen |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*Kevin Millen*

*Vs.*                                   *Docket #*    <u>*08-5025316-S*</u>

*The Hartford Courant*
        *In Re:*        *Tribune Company 08-13141-KJC*

*Motion for stay*

        Wherefore, the Hartford Courant has filed for Chapter 11 and since they do not have the funds to pay the claim, they filed bankruptcy.  With the bankruptcy federal laws, I can show you that if we use 11 U.S.C. ss 362 (b)(1) the filing of a petition under subsection 301, 302, 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay--we see that under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor.  They still have to stand up for what they have put in the paper and can not run behind the bankruptcy court.


*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*
*Pro-Se Petitioner*

## *Certificate of Service*

I hereby certify that a true and exact copy of the foregoing was sent by the United States mail, postage prepaid, by Kevin Millen:

David D. Bird
824 North Market Street
3rd Floor
Wilmington, Delaware 19801

on this day <u>23rd</u> of February, <u>2009.</u>

_____
Kevin Millen

*Kevin Millen*

*Vs.*                                                    *Docket #*        <u>*08-5025316-S*</u>

*The Hartford Courant*
          *In Re:*        *Tribune Company 08-13141-KJC*

### *Order Granting Motion to Stay*

        This matter having been brought before the Honorable Judge by pro-se counsel Kevin Millen, by way of a motion for entry of an Order Granting Motion to Stay. We see that with this Motion I am showing why the court should put me first because a libel suit has come in to play. We also can use 11 U.S.C. subsection 362 4) f) upon request of a party in interest, the court with or without a hearing, shall grant such relief from the stay provided... Also we can look at g) in any hearing under subsection (d) (e) of this section concerning relief from the stay of any act under subsection (a) of this section (1) the party requesting such relief has the burden of proof on the issue of the debtors equity in property;

*IT IS ON THIS* _____ *DAY OF* _____ *2009.*

Ordered that the Motion to be granted.

Ordered that a copy of this Order be served on all parties within 20 days of the date hereof.

                                        **HONORABLE Judge**

# Superior Court of the District of Columbia

## CIVIL DIVISION

Kevin Millew

_____
                                    **Plaintiff(s)**

0008410-08

                    vs.

                                    Civil Action No. _____

The C.t, Paper

_____

                                    **Defendant(s)**

FILED
CIVIL ACTIONS BRANCH

NOV _ _

SUPERIOR COURT
OF THE DISTRICT FOR COLUMBIA
WASHINGTON, DC

Upon consideration of ___ Ptf ___    **ORDER**    motion to proceed _in forma pauperis,_ it is this ___ 26ʰ ___

day of ___ November ___ , 200 8 ,

**ORDERED** that said motion is

☒   Granted, and the prepayment of court costs is hereby waived.

☐   Denied without prejudice, on the grounds that

It is further **ORDERED** that

Copies to:

Mary Ellen Abrecht

_____
                                    **JUDGE**

Kevin Miller
1704 kanien hane
Memphis, TN 38117

Kevin Miller
1704 kanien hane
Memphis, TN 38117



UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

# PROOF OF CLAIM

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| *Tribune Co / Hartford* | *08-13141-KJC* |

**Filed: USBC - District of Delaware**
Tribune Company, Et Al.
08-13141 (KJC)        0000001105

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF,Txnum2) Txnum2 #: 4000000686*****
KEVIN MILLEN
1704 LANIER LANE
MEMPHIS, TN 38117

Telephone number:                          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** *08-5025316-5*
*(if known)*

Filed on: *Nov. 08*
087851

Name and address where payment should be sent (if different from above)

*Kevin M Hero*
*1704 Lanier Lane*
*Memphis, TN 38117*
Telephone number: *501-483-6619*   Email Address: *KSM-1983@Yahoo.com*

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ *150,000   15% share of newspaper   4,500 monthly*

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

   If all or part of your claim is entitled to priority, complete Item 5.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

   ☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $

2. Basis for Claim: *Libel / Slander   Personal Injury Tort*
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: *3141*
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____

   Value of Property: $ _____   Annual Interest Rate ____ %

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $ _____   Basis for perfection: _____

   Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   **Amount entitled to priority:**

   $ _____

   * Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**APR 20 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date: *04/15/09* | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Kevin Millen* |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Kevin McNew
17044 hanner lane
Memphis, TN 3817

1015043063

MEMPHIS, TN 381
15 APR 2009 PM 2 L

United States APR 20 2009
Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station
P.O. Box 5069
New York, NY 10150-5069

<table>
<tr><td colspan="2">

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE<br>
Tribune Company Claims Processing Center<br>
c/o Epiq Bankruptcy Solutions, LLC<br>
FDR Station, P.O. Box 5069<br>
New York, NY 10150-5069

</td><td>

**PROOF OF CLAIM**

</td></tr>
</table>

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| THE HARFORD COURANT COMPANY | 08-13211 (KJC) |

Filed: USBC - District of Delaware<br>
Tribune Company, El Al.<br>
08-13141 (KJC)    0000001118

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

TRB (MERGE2.DBF, SCHED_NO) SCHEDULE #: 211026290*****<br>
KEVIN MILLEN<br>
1704 LANIER LANE<br>
MEMPHIS, TN 38117

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 08-3035316-5 *(if known)*

Filed on: Nov 08

Your claim is scheduled by the Debtor as:

**UNSECURED UNLIQUIDATED DISPUTED**

Telephone number:          Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>
☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

1. Amount of Claim as of Date Case Filed: $ 350,000  1850 shares of Company @ 4,500 a month

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.<br>
☐ Check this box if claim is for a claim related to goods delivered during the twenty (20) days prior to December 8, 2008 (the "Petition Date"), pursuant to 11 U.S.C. §503(b)(9). Please indicate amount entitled to 503(b)(9) $

2. Basis for Claim: Libel/Slander/tort
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 3211
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____

Value of Property: $_____  Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>
☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).<br>
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).<br>
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).<br>
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**
APR 20 2009
EPIQ BANKRUPTCY SOLUTIONS LLC

Date: 04/16/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Kevin Millen*

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

*Kevin Millen*

*Vs.*                                        *Docket # 08-13211*

*The Hartford Courant*

### *Motion to Show I'm a Secured Creditor*

Comes the Equity Shareholder to show proof by using 11 U.S.C. ss 1111. This is using a claim form and numerous have been sent. "Claim" in bankruptcy is defined as: (A) a right to payment, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (B) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. 11 U.S.C. § 101(5). This is why the company has to give the same rights as all creditors and previously sent motions show why they must put me first.

*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*

## *Certificate of Service*

I hereby certify that a true and exact copy of the foregoing was sent by the United States mail, postage prepaid, by Kevin Millen:

**David D. Bird**
**824 North Market Street**
**3rd Floor**
**Wilmington, Delaware 19801**

on this day <u>16th</u> of April, <u>2009.</u>

_____
Kevin Millen

*Kevin Millen*

*Vs.*                                          *Docket #*    <u>*08-5025316-S*</u>

*The Hartford Courant*
      *In Re:*     *Tribune Company 08-13141-KJC*

### *Order Granting Motion to that I'm a Secured Creditor*

      This matter having been brought before the Honorable Judge by pro-se counsel Kevin Millen, by way of a motion for entry of an Order Granting Motion to Show that I am a Secured Creditor.

We see that with this Motion I am showing why the court should put me first because a libel suit has come in to play.  We also can use <u>11 U.S.C. ss 1111</u> and also we must use <u>11 U.S.C. § 101(5)</u>.   These two laws help me to succeed in proving the outcome of this case.

*IT IS ON THIS* _____ *DAY OF* _____ *2009.*

Ordered that the Motion to be granted.

Ordered that a copy of this Order be served on all parties within 20 days of the date hereof.

                                          _____

                                          **HONORABLE Judge**



Kevin Millen
1704 Hancock Lane
Memphis, TN 38117

MEMPHIS TN 381
16 APR 2010 PM 1

20

United States Bankruptcy Court for the
District of Delaware
c/o Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5069
New York, NY 10150-5069

101505069

# **EXHIBIT B**

## **Complaint**

*Kevin Millen*

*Vs.*                                          *Docket #*_____

*The Hartford Courant*

## *Complaint Against the Defendant*

      Comes, the petitioner (Kevin Millen). who has been falsely accused to state that the Hartford Courant input lies to defame me. I have never been charged or copped to a stalking charge. The charges I was incarcerated for are to be seen but this is not the charge. The reason for this complaint is that the newspaper is misconstruing my life and this is hampering me from getting jobs. This would be a malicious and heinous writing because the charge is very heavy. Many will fire you if they find out you have such a vicious charge. The paper has misconstrued me and with the statute of limitation being once you discovered, hopefully you will give me the right to sue. Tolling is an issue because it's been so long but this is what I have to do to get things right. If we look at the case of Masson vs. New Yorker Magazine 501 U.S. 496, 111 S. Ct. 2419 this is a reason that makes it easy for me to sue. If given informa pauperis, I will most definitely win and the clarification of my name would be great.

*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*

ATTEST:
A TRUE COPY

NANCY F. MARINO
CONNECTICUT MARSHAL
HARTFORD COUNTY

*Kevin Millen*

*Vs.*                                                        *Docket #* _____

*The Hartford Courant*

## *The Facts*

      The fact of the case is that the paper lied. The printed false information and this is
destroying my life. If we look at the book, The Elements of Malice in the Law of Libel
in Connecticut, Yale Law Journal we see that the Chief Justice wrote these powerful
words. "A libel is a malicious defamation in printing or writing, by signs or pictures,
tending to injure the reputation of another; and everything written or published
concerning another renders him ridiculous, exposes him to public hatred or contempt and
tends to hindered mankind from associating with him is actionable." The article has
made mankind despise me. The fact is that this is defamation of character. The fact is
that this is slander and the paper did not even contact me to justify the article. We can
look at the case of Corrigan vs. Bobbs-Merrill Co. (1920) 228 N. Y. 58 126 N. E. 260, 10
A.L.R. 662, which is about defamatory statements and false writings. If we use the case
of Mazzucco vs. Knall Coal & Oil Co. Inc., 374 A.2d 1047, 172 Conn. 355, it states I
have to have to proof to win.

*Kevin Millen*
*1704 Lanier Lane*
*Memphis, TN 38117*
*(901) 483-6619*

ATTEST:
A TRUE COPY
NANCY F. MARINO
CONNECTICUT MARSHAL
HARTFORD COUNTY

**Kevin Millen**

**Vs.**                                              *Docket #* _____

**The Hartford Courant**

### *Motion for Relief Sought*

What I would like the court to do is allow the paper the opportunity to make up for its mistakes. The paper is what many are basing their opinions on. Since this is ten years past due then I would ask for $250,000.00 dollars and a 15% share of the newspaper annual gross and lastly a monthly income of $4,500. I think they might have more to give but being greedy is not the purpose for me. We can look at the case dealing with Equitable Relief. This is show where you can receive payment for the damages that have been accrued and still accruing. <u>Pound Equitable Relief Against Defamation and Injuries to Personality (1916) 29 Harvard L. Rev. 640, 641</u> Connecticut has the ability to pay and will if you prove your case. Punitive Damages can be awarded if the judge sees fit with the case of <u>Markey vs. Santangelo 485 A.2d 1305, 195 Conn. 76</u>.

**Kevin Millen**
**1704 Lanier Lane**
**Memphis, TN 38117**
**(901) 483-6619**

ATTEST:
A TRUE COPY
NANCY F. MARINO
CONNECTICUT MARSHAL
HARTFORD COUNTY

21. **The Hartford Courant** - November 5, 1998

**STARTING LINES**

Former Hoya Charged With Stalking Thompson A former Georgetown basketball player accused of stalking and making threatening phone calls to coach John Thompson was ordered held for a preliminary psychiatric evaluation, WTOP-AM in Washington reported Wednesday. Kevin Millen, who played for Georgetown in 1981-85, appeared in District of Columbia Superior Court after being detained by university police Monday. The arrest warrant stated Millen was upset over job opportunities arranged by...

*Purchase Complete Article, of 474 words*

**REDACTED**

**REDACTED**

12/10/08  16:07 FAX 212 210 2883          TRIBUNE LEGAL                          ☑010

DEC 08 2008 12:24 FR HARTFORD COURANT        8602413691 TO 912122102883      P. 10



## COLLEGES

# Former Hoya is arrested

### Raleigh Bynum grad accused of stalking

## Maryland downs Aussies

*From Our Press Services*

**BASKETBALL**

** TOTAL PAGE. 10 **

Received  12-10-2008  05:01pm    From-212 210 2883        To-TYLER COOPER + ALCOR    Page 010

# EXHIBIT C

**Opinion and Order, <u>Millen v. The Commercial Appeal</u>, Case No 08-2732 (JDT) (W.D. Tenn. Feb. 11, 2009)**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KEVIN MILLEN,                          )
                                       )
      Plaintiff,                       )
                                       )
VS.                                    )          No. 08-2732-JDT-tmp
                                       )
THE COMMERCIAL APPEAL,                 )
                                       )
      Defendant.                       )

---

ORDER GRANTING LEAVE TO FILE THE COMPLAINT *IN FORMA PAUPERIS*
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On October 24, 2008, Plaintiff Kevin Millen, a resident of Memphis, Tennessee, filed

a *pro se* complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983,

along with a motion seeking leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.)[1]

Based on the information contained in Plaintiff's affidavit, the motion to proceed *in forma*

*pauperis* is GRANTED.  The Clerk shall record the defendant as The Commercial Appeal.

The factual allegations of the complaint, in their entirety, are as follows:

The paper put work or news in the paper that was false and malicious. We
need to get this garbage off the net and out of the paper so I (Kevin Millen)
can begin living a great life.

---

[1]  The docket erroneously reflects that this § 1983 action involves a claim of employment discrimination.
The Clerk is directed to modify the docket to remove any reference to employment discrimination.

(D.E. 1 at 2.)  Plaintiff seeks a monthly income of $10,000 for the next twenty years, at which time he asks that his monthly income increase to $20,000, id. at 3.  A copy of the newspaper article that he claims is libelous is attached to the complaint, id. at 4.

In assessing whether the complaint in this case states a claim on which relief may be granted,

> [t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action.  The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); see also  Minadeo v. ICI Paints, 398 F.3d 741, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); Savage v. Hatcher, 109 F. App'x 759, 761 (6th Cir. 2004); Coker v. Summit County Sheriff's Dep't, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of pro se complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "[n]either this court nor the district court is required to create Payne's claim for her."); Found. for

2

Interior Design Educ. Research v. Savannah Coll. of Art & Design, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted); Mitchell v. Cmty. Care Fellowship, 8 F. App'x 512, 513 (6th Cir. 2001); Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

Although Plaintiff's complaint is filed on the form used for commencing actions for violation of civil rights pursuant to 42 U.S.C. § 1983, it is not entirely clear whether Plaintiff actually intends to invoke § 1983. If so, he has no claim. Section 1983 provides a right of action against state officials who violate a plaintiff's rights under the U.S. Constitution or federal law. "A § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997).

> There are three tests employed by the courts to determine whether the challenged conduct is fairly attributable to the state: (1) the public function test, (2) the state compulsion test and (3) the symbiotic relationship or nexus test. . . . The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." . . . The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." . . . Finally, under the symbiotic relationship test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be

3

fairly treated as that of the state itself."

Id. at 232 (quoting Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992)).    The

Commercial Appeal is a newspaper published by the Memphis Publishing Company, a

subsidiary of the E.W. Scripps Company.  The complaint provides no basis for concluding

that Defendant, a private corporation, acted under color of state law and, therefore, it cannot

be sued under § 1983.

The fact that the complaint asserts a claim for defamation suggests that Plaintiff

intends to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Diversity of

citizenship means that the action is between "citizens of different States."  § 1332(a).

Pursuant to § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by

which it has been incorporated and of the State where it has its principal place of business."

The Memphis Publishing Company is a Delaware corporation.  Because the business of The

Memphis Publishing Company is publishing The Commercial Appeal, it is likely that its

principal place of business is in Tennessee and that there is no diversity jurisdiction.

Even if this Court had subject-matter jurisdiction, the complaint fails to state a claim

upon which relief may be granted.  The Commercial Appeal article which is attached to the

complaint has no legible date, but it describes Plaintiff's appearance in the District of

Columbia Superior Court after he was accused of stalking and making threatening phone

calls to Georgetown University basketball coach John Thompson.  The article further states

that Plaintiff was held for a preliminary psychiatric evaluation.  (D.E. 1 at 4.)

A search of the archives of The Commercial Appeal reveals that the article Plaintiff

claims is defamatory was first published on November 5, 1998, almost ten years prior to the date Plaintiff filed his complaint. Assuming that the description of a public court proceeding is somehow false or defaming to Plaintiff, any libel action based on this publication is time barred, as there is a one-year statute of limitation for libel in Tennessee. Tenn. Code Ann. § 28-3-104(a)(1).[2] The fact that Plaintiff may have only recently discovered the article on the internet does not save the action. In Applewhite v. Memphis State Univ., 495 S.W.2d 190 (Tenn. 1973), the Tennessee Supreme Court held that in a cause of action for libel, "[t]he most reasonable and satisfactory date to mark the beginning of the statutory period would be the first time a publication is distributed in the county where the action is brought." Id. at 195-96. In this case, as stated, that date was November 5, 1998.

For all of the foregoing reasons, the Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1), for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must

_____

[2] Plaintiff confirms that his complaint is time-barred by a document he filed February 2, 2009 titled "Motion for Relief Sought." That document, in its entirety, states:

> What I would like the court to do is allow the paper the opportunity to make up for its mistakes. The paper is what many are basing their opinions on. I have to show everyone I am a formidable person so I will be employable. A just monetary award is due because this is slander. The paper is libel because they put false information and destroyed my character in the whole wonderful State of Tennessee. Since this is ten years past due then I would ask for $1,000,000.00 and a 15% share of the newspaper annual gross and lastly a monthly income of $6,500. I think they might have more to give but being greedy is not the purpose for me.

(D.E. 6) (emphasis added).

obtain pauper status under Fed. R. App. P. 24(a).  See Callihan v. Schneider, 178 F.3d 800,

803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in*

*forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without

further authorization unless the district court "certifies that the appeal is not taken in good

faith or finds that the party is not otherwise entitled to proceed in forma pauperis."  If the

district court denies pauper status, the party may file a motion to proceed *in forma pauperis*

in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

        The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438,

445 (1962).  The test under 28 U.S.C. § 1915(a)(3) for whether an appeal is taken in good

faith is whether the litigant seeks appellate review of any non-frivolous issue.  Id. at 445-46.

It would be inconsistent for a district court to determine that a complaint should be dismissed

prior to service on the defendant, but has sufficient merit to support an appeal *in forma*

*pauperis.*  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same

considerations that lead the Court to dismiss this case for failure to state a claim also compel

the conclusion that an appeal would not be taken in good faith.  It is therefore CERTIFIED,

pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be

taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis.*  Leave to

proceed on appeal *in forma pauperis* is, therefore, DENIED.  If Plaintiff files a notice of

appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma*

*pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit

within thirty (30) days.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

# EXHIBIT D

**Order, <u>Millen v. Kansas City Star</u>, Case No. 08-879 (SOW) (W.D. Mo. Feb. 2, 2009)**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN MILLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-0879-CV-W-SOW |
| | ) | |
| THE KANSAS CITY STAR, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

Before the Court is defendant Kansas City Star's Motion to Dismiss (Doc. # 11).

Plaintiff, proceeding pro se, seeks damages for defamation related to a newspaper article

published in 1998. Also before the Court are plaintiff's Motion for Relief Sought (Doc. # 15),

Motion for an Order Demanding Payment in Full (Doc. # 16) and Motion to Strike (Doc. # 17).

Plaintiff seeks damages related to the KC Star's publishing of a news wire service article

on November 5, 1998. Plaintiff filed his Complaint in this case on November 21, 2008 – more

than ten years after the alleged defamatory article was published by defendant KC Star. The

statute of limitations for plaintiff's defamation claim is governed by Mo. Rev. Stat. § 516.140.

Under this section, an appropriate claim for defamation must be brought within two years of

accrual. Plaintiff acknowledges that the statute of limitations for this claim has run. However,

plaintiff argues that the statute should be tolled because "[t]he article was just found."

Unfortunately for plaintiff, the applicable law in Missouri is clear that libel actions accrue "at the

time of the publication of the allegedly libelous statements." <u>White v. Fawcett Publications</u>, 324

F. Supp. 403, 404-5 (W.D. Mo. 1971).

In fact, it is irrelevant when plaintiff first saw the alleged defamatory article. "It does not

matter that plaintiff may not have seen the issue until later." Id.; Brown v. Chicago, Rock Island & Pacific Railroad Company, 212 F. Supp. 832, 835 (W.D. Mo. 1963) ("The fact that the person defamed had no knowledge of the defamation until shortly before he brought the action is of no consequence with respect to the question whether the action is barred by limitations."). It is undisputed that the alleged defamatory article was published by defendant KC Star in November 1998 and that plaintiff filed the above-captioned case over ten years after its publication. Plaintiff's Complaint is barred by the Statute of Limitations and the Court will end its inquiry on that issue. Upon further review, the Court granted plaintiff's Motion for Leave to Proceed in Forma Pauperis in error.

Accordingly, it is hereby

ORDERED that defendant Kansas City Star's Motion to Dismiss (Doc. # 11) is granted. The above-captioned case is hereby dismissed *with* prejudice. It is further

ORDERED that plaintiff's Motion for Relief Sought (Doc. # 15), Motion for an Order Demanding Payment in Full (Doc. # 16) and Motion to Strike (Doc. # 17) are all dismissed as moot.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: February 9, 2009

2

# EXHIBIT E

**Order, <u>Millen v. Wisconsin State Journal</u>, Case No. 09-512 (W.D. Wisc. Nov. 3, 2009)**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEVIN MILLEN,

ORDER

                    Plaintiff,

                                                    09-cv-512-slc

            v.

WISCONSIN STATE JOURNAL,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this proposed defamation action, I have given plaintiff Kevin Millen several

opportunities to show that he has met the requirements of Wis. Stat. § 895.05(2), which are

a condition precedent to filing a libel suit under Wisconsin law.  Schultz v. Sykes, 248 Wis.

2d 746, 789-90, 638 N.W.2d 604, 624 (Wis. Ct. App. 2001).  In an order entered on

October 21, 2009, I asked plaintiff specifically to inform the court whether he ever identified

for defendant the alleged false statements that were published about him and the facts that

he asserts are true and whether defendant ever responded to the letter or any other

correspondence from plaintiff. Dkt. #9.  Plaintiff has responded, stating only that defendant

never responded to his letter and claims that the post office often does not properly deliver

his mail.  Dkt. #10.

1

I assume that the letter to which plaintiff refers is the July 2009 letter that he previously submitted to the court, which fails to identify the alleged false statements that were published about him and the facts that he asserts are true.  As I have discussed in my previous orders, this letter fails to meet the requirements of § 895.05(2).  Accordingly, as I warned plaintiff, his complaint must be dismissed with prejudice for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Kevin Millen's request to proceed <u>in forma pauperis</u> is DENIED and his proposed complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.  The clerk of court is directed to close the file.

Entered this 3rd day of November, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

2

# EXHIBIT F

**Order, <u>Millen v. Tampa Tribune</u>, Case No. 09-1506 (M.D. Fla. Aug. 7, 2009)**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KEVIN MILLEN,

     Plaintiff,

v.                                                    CASE NO: 8:09-cv-1506-T-26EAJ

TAMPA TRIBUNE,

     Defendant.

_____/

## ORDER

Plaintiff, proceeding *pro se*, has filed a civil rights action against Defendant pursuant to 42 U.S.C. § 1983, accusing it of printing a vicious lie about him on January 29, 1999, which has caused him mental strain and loss of employment opportunities. Because Plaintiff is also seeking to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court has undertaken a review of his complaint to determine whether it states a claim for relief. In doing so, the Court has accepted all of the factual allegations of Plaintiff's complaint as true, has construed those allegations in his favor, and has scrutinized them more liberally than if drafted by an attorney. After doing so, the Court concludes that Plaintiff's complaint is due to be dismissed for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(A)(ii) (providing in pertinent part that "the court shall dismiss the case at

any time if the court determines that - the action or appeal - fails to state a claim on which relief may be granted..").

The complaint must be dismissed for two reasons.  First, it is obvious that Defendant is a private publishing company that was not acting under color of state law when it published the newspaper article Plaintiff claims libeled him.  Consequently, Defendant is not a state actor for purposes of sustaining a claim for relief pursuant to § 1983.  See Lloyd v. Carr, 283 Fed. Appx. 696, 699 (11th Cir. 2008) (observing that in a civil rights case brought under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution).

Second, Plaintiff's claim is clearly barred by Florida's four-year statute of limitations for bringing a civil rights claim because it was filed over ten years after the alleged defamatory article was published on January 29, 1999.  See Sairras v. Schleffer, 2009 WL 1741568 *1 (11th Cir. 2009) (upholding dismissal of civil rights complaint because plaintiff did not file his § 1983 claim within Florida's four-year statute of limitations for filing a personal injury action) (citing Wilson v. Garcia, 471 U.S. 261 (1985)).  Furthermore, Plaintiff has alleged insufficient facts justifying the tolling of the statute of limitations.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1)    Plaintiff's complaint is dismissed.

2)    The Motion to Proceed In Forma Pauperis (Dkt. 2) is denied.

-2-

3)      The clerk is directed to enter judgment for Defendant, term any pending

motions/deadlines, and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on August 7, 2009.

_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

-3-

# EXHIBIT G

**Transmittal from the United States Supreme Court to the Clerk of the United States Court of Appeals for the Sixth Circuit, dated December 14, 2009**

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

09-5210

RECEIVED

DEC 17 2009

LEONARD GREEN, Clerk

December 14, 2009

William K. Suter
Clerk of the Court
(202) 479-3011

DEC 1 8 2009

LEONARD GREEN, Clerk

Clerk
United States Court of Appeals for the Sixth Circuit
524 Potter Stewart Courthouse
100 East Fifth Street
Cincinnati, OH  45202


     Re: Kevin Millen
       v. The Commercial Appeal
       No. 09-7160
       (Your No. 09-5210)


Dear Clerk:

   The Court today entered the following order in the above-entitled case:

   The motion of petitioner for leave to proceed *in forma pauperis* is
denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8.
As the petitioner has repeatedly abused this Court's process, the Clerk is
directed not to accept any further petitions in noncriminal matters from
petitioner unless the docketing fee required by Rule 38(a) is paid and the
petition is submitted in compliance with Rule 33.1.  See *Martin* v. *District of
Columbia Court of Appeals*, 506 U.S. 1 (1992) *(per curiam)*.  Justice Stevens
dissents.  See *id.*, at 4, and cases cited therein.


         Sincerely,

         William K. Suter

         **William K. Suter**, Clerk

# EXHIBIT H

**Former Hoya Pleads Guilty Under Deal in Threat Case**, The Washington Post, Jan. 29, 1999 at B02

 **LexisNexis®**

Copyright 1999 The Washington Post
The Washington Post

January 29, 1999, Friday, Final Edition

**NAME:** KEVIN MILLEN; JOHN THOMPSON

**SECTION:** METRO; Pg. B02

**LENGTH:** 385 words

**HEADLINE:** Former Hoya Pleads Guilty Under Deal in Threat Case

**BYLINE:** John W. Fountain, Washington Post Staff Writer

**BODY:**

Former Georgetown University basketball player Kevin Millen, accused of threatening former head coach John Thompson, pleaded guilty in D.C. Superior Court yesterday under an agreement that would allow him to return home to Memphis to serve probation.

Millen's sentencing was postponed until Monday, providing time for the court to receive a report on a psychological examination he underwent in November and for the U.S. attorney's office to contact probation authorities in Memphis.

Wearing an orange jail jumpsuit, Millen, 25, pleaded guilty yesterday to one misdemeanor count of unlawful entry and to a misdemeanor count of stalking. He could receive up to three years' probation on each count, said Channing Phillips, a spokesman for the U.S. attorney's office. But D.C. Superior Court Judge Anita M. Josey-Herring could impose a jail term despite the plea agreement. Millen could receive a maximum term of 1 1/2 years, officials said.

Millen was first arrested on Nov. 3 and charged with two counts of misdemeanor threat and one misdemeanor count of unlawful entry. In exchange for yesterday's guilty plea, prosecutors agreed to drop the threat charges and not to charge Millen with nine counts of contempt growing out of alleged violations of court orders that he have no contact with Thompson -- who resigned as coach Jan. 8 -- or his staff.

After his arrest, Millen was accused of making threatening calls to Georgetown from a halfway house and was transferred to the D.C. jail. From jail, he sent threatening letters to the university, Phillips said.

Officials at Georgetown have said Millen called the athletic office 37 times over 11 months. Millen, who played for Georgetown from 1991 to 1995, has said Thompson treated him unfairly as a player and hurt his chances of making it to the National Basketball Association.

In court yesterday, the tall, unshaven young man stood with his hands behind his back, occasionally glancing across the courtroom at his family, sometimes smiling and answering, "Yes, ma'am," to the judge's questions. Outside, after the hearing, Millen's parents and siblings sat on a bench, saddened and still puzzled over the entire ordeal.

"Something went wrong, and we don't know" what, said his father, Richard Millen. "I hope to get him home soon."

**LOAD-DATE:** January 29, 1999