IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Hearing Date: June 16, 2010 at 11:00 a.m. ET**<br>**Response Deadline: June 9, 2010 at 4:00 p.m. ET** |

# DEBTORS' TWENTY-NINTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

## ("SUBSTANTIVE DUPLICATE CLAIMS")

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on <u>Exhibit A</u>, to learn the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors.**
>
> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this twenty-ninth omnibus objection to claims (the "Objection"), which Objection covers each of the claims (the "Duplicate Claims") set forth on Exhibit A attached hereto and to the proposed form of order, pursuant to Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  By this Objection, the Debtors request entry of an order disallowing and expunging the Duplicate Claims as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "Bigelow Declaration") in support of the Objection, attached hereto as Exhibit B.  In further support, the Debtors respectfully represent as follows:

## STATUS OF THE CASE

1.  On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND OF THE DEBTORS' CLAIMS PROCESS

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957], on June 12, 2009 [Docket Nos. 1343-1453], on March 2, 2010 [Docket Nos. 3548-3599], and on May 14, 2010 [Docket No. 4388] (collectively, the "Schedules").[3]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 [CNLBC Docket Nos. 8 and 9], which were subsequently amended on December 9, 2009 [Docket No. 2779] and May 14, 2010 [Docket No. 4389].

date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8. Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal*, *New York Times*, *Chicago Tribune*, and *Los Angeles Times* on May 12, 2009.

9. To date, approximately 6,468 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10. By this Objection, the Debtors seek entry of an order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing in full and expunging each of the Duplicate Claims identified on Exhibit A, as filed claims which, based on the Debtors' review of the Proofs of Claim and their books and records, each substantively duplicate another claim appearing on the Claims Register. The Debtors further request that this Court waive Local Rule 3007-1(f)(iii) to allow them to reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A to this Objection on any grounds, and to amend, modify, and/or supplement this Objection, including, without limitation,

---

[4] No Bar Date has been set for the filing of Proofs of Claim against Tribune CNLBC, LLC, although the Debtors have submitted a motion requesting the establishment of such a bar date. [Docket No. 4408].

4

to object to amended or newly-filed claims. Except for the requested waiver with respect to Local Rules 3007-1(f)(iii), this Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

11.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
> (1)     such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

12.     After reviewing their books and records and the other Proofs of Claim filed in these chapter 11 cases, the Debtors have identified 12 claims in the aggregate amount of $412,335.03, each of which is a substantive duplicate of one or more other claims filed by or on behalf of the same claimant (or a successor) in respect of the same liabilities, which is sufficient to support disallowance of the Duplicate Claims pursuant to section 502(b)(1) of the Bankruptcy Code. Those claims, which comprise the Duplicate Claims addressed by this objection, are set forth under the column heading "Claims To Be Disallowed" on Exhibit A. Each of the Duplicate Claims on Exhibit A appears to have the same basis for liability as another claim filed by the same creditor, either against the same Debtor or against multiple Debtors, as indicated by the column heading "Reason for Disallowance. Moreover, all but one of the Duplicate Claims are substantially identical claims asserting claims for a single liability, in the same amount, against multiple potentially responsible Debtors. The Debtors have reviewed each of these Duplicate Claims and determined the particular Debtor against which the claim is properly asserted. Holders of the Duplicate Claims will continue to have a Proof(s) of Claim pending against the

correct Debtor, subject to the Debtors' rights to object to such Proof(s) of Claim on any grounds in the future.

13. The Debtors should not be required to pay a claimant twice on the same obligation or debt. Moreover, elimination of redundant claims will enable the Claims Register to reflect more accurately the claims properly asserted against the Debtors. Accordingly, the Debtors seek to disallow in full and expunge the Duplicate Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

14. If the Debtors' objection to the Duplicate Claims is sustained, the claims listed under the column heading "Surviving Claims" on Exhibit A will remain on the Claims Register (the "Surviving Claims") as outstanding liabilities, subject to the Debtors' right to object on any other grounds that bankruptcy or non-bankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. See, e.g., 11 U.S.C. § 502(a).

15. The claimants will suffer no prejudice if the relief requested herein is granted because the Surviving Claims listed on Exhibit A will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the correct Debtor estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds, including other grounds set forth in the Debtors' subsequent Omnibus Objections. For these cumulative reasons, the Debtors object to the allowance of each of the Duplicate Claims and request that such Duplicate Claims be disallowed in their entirety and expunged.

## RESERVATION OF RIGHTS

16. The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

17. Notwithstanding anything contained in this Objection or in Exhibit A attached to this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

18. Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein and on the exhibit attached to the Order, the Debtors respectfully request that the Court enter the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1 (i) disallowing in full and expunging the Duplicate Claims as set forth on <u>Exhibit A</u>; (ii) authorizing the Claims Agent to expunge the Duplicate Claims from the Claims Register; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      May 17, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION