UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| **TRIBUNE COMPANY, et al.,** | ) |
| | ) Case No. 08-13141(KJC) |
| | ) |
| **Debtors.** | ) Jointly Administered |
| | ) |

**REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO VARIOUS OBJECTIONS TO THE DISCLOSURE STATEMENT**

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company ("Tribune") and its various debtor-subsidiaries (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this reply (the "Reply") to the various objections to the proposed Disclosure Statement for Joint Plan of Reorganization (the "Plan") for Tribune Company and its Subsidiaries [Docket No. 4008] (the "Disclosure Statement").[1] In support of this Reply, the Committee respectfully submits as follows:

---

[1] The Disclosure Statement referenced herein was filed by the Debtors on April 12, 2010. To ascertain the Debtors' intentions with regard to revisions to the Disclosure Statement (as explored in the text of this Reply), the Committee relied on subsequent correspondence and conversations with the Debtors. Accordingly, should the amended Disclosure Statement not be substantially as defined by the Debtors, the Committee reserves its right to amend this Reply and take any and all additional actions with respect to the amended Disclosure Statement.

**PRELIMINARY STATEMENT**

1. A number of objections to the Disclosure Statement have been filed asserting that the Disclosure Statement fails to provide adequate information with respect to the LBO-Related Matters (as defined below). These objections would seemingly require the Debtors to provide information from every conceivable point of view, rather than -- as is required -- simply provide information sufficient to enable a hypothetical investor to make an informed decision with respect to the Plan. Further, despite the Court's direction to the contrary, certain of the objecting parties seek to use their objections to set forth arguments that are properly made at the confirmation hearing. Accordingly, the Committee files this Reply urging the Court to overrule these objections as (a) the Disclosure Statement provides adequate information, especially with respect to the LBO-Related Matters, and (b) the Objectors (as defined below) seek inclusion of arguments that should properly be made at confirmation.

**BACKGROUND**

2. Several parties have filed objections to the Disclosure Statement. The issues identified in the objections fall into three main categories: (i) issues regarding the description of the LBO/ESOP transaction, the related investigation, the appointment of the Examiner and related issues (the "LBO-Related Matters"); (ii) requests for inclusion of information and for details related to the bankruptcy case (the "Information Inclusion Requests"); and (iii) issues related to the treatment of specific proof of claims or specific matters that are of interest to a singular claimant.

3. The objections that identify issues in the first two categories (LBO-Related Matters and Information Inclusion Requests) and which are the focus of this Reply (the "Objections"), were filed by: (a) Wilmington Trust Company, see Objection of Wilmington Trust Company [Docket No. 4385]; (b) the Credit Agreement Lenders,[2] see Objection of Credit Agreement Lenders [Docket No. 4376]; and (c) Wells Fargo Bank N.A., see Objection of Wells Fargo Bank N.A. [Docket No. 4382] (collectively, the "Objectors").

4. The Committee has encouraged the Debtors to resolve many of the issues identified in the Objections, including (i) by adding additional details and information requested by the Objectors, and (ii) with respect to LBO Related Matters, by asking the Objectors to each provide concise summaries of their positions for inclusion in the Disclosure Statement.

## REPLY

### A. The Disclosure Statement Provides Adequate Information

5. In the Objections, the Objectors often characterize "adequate information" as providing detailed analysis of every issue from every viewpoint. That view is unsupported in law and contrary to reason and policy.

6. The Bankruptcy Code's definition of "adequate information" requires that a disclosure statement include information in reasonably sufficient detail to enable a

---

[2] The Credit Agreement Lenders are the entities identified in the Sixth Amended Joint Verified Statement of Representation of More Than One Creditor by Hennigan Bennett & Dorman LLP and Young Conaway Stargatt & Taylor, LLP [Docket No. 4374].

"hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1). The standard for disclosure is, thus, flexible and what constitutes adequate information in any particular instance is determined on a case-by-case basis. See H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 409 (1977); In re Lisanti Foods, Inc., 329 B.R. 491 (D. N.J. 2005); accord Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988); In re A.H. Robins Co., Inc., 880 F.2d 694, 697 (4th Cir. 1989).

7.   If a party objecting to the disclosure statement alleges that the information that is missing "is not uncontested concrete facts, but rather the [objecting party's] interpretation of those facts", then such "information" is not obligatory. See In re Zenith Elecs. Corp. 241 B.R. 92, 99-100 (Bankr. D. Del. 1999). In particular, in such a situation, if the parties are sophisticated and "significant documents and information . . . were made available" to the parties during the bankruptcy case, the court should "readily conclude" that the disclosure statement contains adequate information. Id.

8.   When dealing specifically with the adequacy of litigation-related information, courts have held that "[a] disclosure statement is simply not the place to argue various theories of recovery or to demonstrate results of 'what if' kinds of proof." In re CDECO Maritime Const., Inc., 101 B.R. 499, 501 (Bankr. N.D. Ohio 1989). The Fifth Circuit similarly explained:

> While we acknowledge that the importance of the valuation and settlement of the various lawsuits between [certain parties] to the Plan was not emphasized in the Disclosure Statement, we find that the bankruptcy court did not abuse its discretion in holding that the Disclosure Statement nevertheless was adequate to enable a reasonable creditor to make an

> informed judgment about the Plan. The existence of the various lawsuits was duly noted in the Disclosure Statement, and a concise description of each suit was made. We cannot say that a reasonable creditor did not have adequate information to realize the importance of the settlement of the lawsuits to the Plan without being told this in so many words.

Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988).

9.  The Objectors seemingly want the Disclosure Statement to recite alternative factual and legal arguments from every conceivable point of view, which requirement courts have routinely rejected. The most common issue among the Objections is that the Disclosure Statement's description of the LBO Related Matters is inadequate. The initial version of the Disclosure Statement included a seven-page description of the LBO-Related Matters, which provided a concise summary of most of the issues raised by the Objectors. Nevertheless, the Debtors subsequently agreed to lengthen the Disclosure Statement description and also invited each of the Objectors to draft a two-page summary of their own analysis of the LBO-Related Matters to be included in the revised Disclosure Statement.

10. In addition to the foregoing, the Debtors are inserting a new section on the appointment of the Examiner (the Examiner had not been appointed when the Disclosure Statement was first filed). This section will note that the Examiner will complete his report on the LBO-Related Matters on July 12, 2010, and that the report will be available for review at a web site identified in the Disclosure Statement. Accordingly, as soon as it is available, all creditors will also have the benefit of the Examiner's report detailing, among other things, the merits of the potential claims and defenses asserted by various parties in connection with the

LBO-Related Matters. These changes will ensure that all parties will obtain complete information with respect to the LBO-Related Matters.

11. In summary, given the expanded analysis to be provided in the Disclosure Statement on LBO-Related Matters and the Debtors' offer to the Objectors to insert concise statements on LBO-Related Matters into the Disclosure Statement, the Disclosure Statement will contain information in sufficient detail to enable a "hypothetical investor of the relevant class to make an informed judgment about the plan," especially with respect to the LBO-Related Matters.

B. **Many of the Objections are Plan-Related and Therefore Not Appropriate at This Stage of the Cases**

12. In addition, some of the Objections do not seek to argue that the Disclosure Statement lacks adequate information, but instead are intended to advance arguments relating to the settlement of the LBO-Related Matters (the "Settlement") and the confirmation of the Plan.

13. Objections relating to a plan of reorganization should not be considered when determining whether to approve a disclosure statement. See In re Adell, 325 B.R. 883, 886 (Bankr. M.D. Fla. 2005) ("[C]onfirmation issues should be considered at the confirmation hearing and not the hearing on Disclosure Statement"). Unless a plan is "patently unconfirmable," such objections should not be considered until the confirmation hearing. See In re Quigley Co., Inc., 377 B.R. 110, 115-16 (Bankr. S.D.N.Y. 2007); In re Phoenix Petrol. Co., 278 B.R. 385, 394 (Bankr. E.D. Pa. 2001). The Plan is not "patently unconfirmable" and no party has alleged otherwise.

14.     To the extent the Objectors object to certain specific provisions, such as the viability of the Settlement and release and exculpation provisions, these are exactly the type of plan-related objections that courts have specifically held should be addressed at the confirmation hearing and not at the disclosure statement hearing. See, e.g., Nielsen v. Specialty Equip. Cos. Inc., No. 92-C-20142, 1992 WL 279262, at *3 (N.D. Ill. Sept. 25, 1992), aff'd In re Specialty Equip. Cos., Inc., 3 F.3d 1043 (7th Cir. 1993) (affirming, among other things, bankruptcy court's decision to leave issue of third-party release validity to plan confirmation hearing). In fact, at the April 19, 2010 hearing, the Court expressly stated that "[n]obody should feel compelled to bring an objection to the Disclosure Statement to give me a preview of what's coming at confirmation." See Transcript of Record at 28, In re Tribune Co., et al., No. 08-13141 (KJC) (Bankr. D. Del. Apr. 19, 2010).

15.     The Objections concerning provisions of the Plan and the Debtors' ability to confirm the Plan should not be considered by the Court at this time. Nor should this Court accede to the requests of certain Objectors to delay the commencement of plan solicitation.

## CONCLUSION

16. The Committee respectfully requests that the Court: (i) overrule the Objections and enter an order approving the Disclosure Statement and (ii) grant such other and further relief as the Court deems just and proper.

Dated: May 18, 2010
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and –

Howard Seife
David M. LeMay
Douglas E. Deutsch
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*