# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | D.I. 4354, 4474 |

## ORDER GRANTING EXAMINER'S MOTION FOR AN ORDER AUTHORIZING THE EXAMINER TO DEMAND AND ISSUE SUBPOENAS COMPELLING THE PRODUCTION OF DOCUMENTS AND ORAL EXAMINATION OF PERSONS AND ENTITIES

Upon the *Examiner's Motion For An Order Authorizing The Examiner To Demand And Issue Subpoenas Compelling The Production Of Documents And Oral Examination Of Persons*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FORUM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

593478.1 5/12/10

*And Entities* ("Motion")[2] filed by Kenneth N. Klee as examiner in these cases (the "Examiner"); and the Motion notice thereof having been served upon counsel for the Debtors, counsel for the Unsecured Creditors Committee, the Office of the United States Trustee and all other parties requesting notice pursuant to Fed. R. Bankr. P. 2002; the Court finding that such notice is good and sufficient under the circumstances; the Court having reviewed the Motion and other papers filed in respect thereof; and finding good cause to grant the Motion, it is

ORDERED, ADJUDGED and DECREED:

1. The Motion is granted.

2. The Examiner is hereby authorized, pursuant to Bankruptcy Rule 2004, to demand and compel by way of subpoena: (i) the oral examination, under oath, of Discovery Parties and (ii) the production of documents that may be relevant to the Investigation or lead the Examiner to information that is relevant to the Investigation.

3. The Examiner is hereby authorized to use the following procedures in connection with the Examiner's issuance of any subpoena:

    (a) Except as otherwise agreed by the Examiner, or subsequently ordered by the Court, a Discovery Party to which a subpoena which seeks documents (whether or not it also seeks testimony) is directed shall, within ten (10) days of service of such subpoena: (i) produce all non-privileged documents responsive to such subpoena, or (ii) file and serve a motion seeking a protective order, which the Court shall hear on shortened notice, no later than 5 days from the filing of such motion;

    (b) If a Discovery Party withholds any documents based upon a claim of privilege, he, she or it must provide the Examiner with a privilege log containing the

---

[2] Capitalized terms that are not otherwise defined herein are intended to have the same meaning attributed to them in the Motion.

information required under Bankruptcy Rule 7026, no later than ten (10) days after service of a subpoena upon such Discovery Party (unless otherwise agreed by the Examiner);

(c) If the subpoena so directs, the Discovery Party may be required to appear for an oral examination within ten (10) days of service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable; provided the Discovery Party may voluntarily agree to appear for an oral examination sooner.

(d) As necessary to implement the foregoing, the Examiner and his counsel are authorized to sign and issue a subpoena from any United States Bankruptcy Court for the applicable district in which a Discovery Party resides, does business, maintains documents or is found, both to obtain documents from a Discovery Party and to command the attendance of a Discovery Party at a deposition. The Examiner and his counsel also are authorized to take such actions as may be necessary in any other court in order to enforce subpoenas and otherwise effectuate the terms of the Court's order with respect to this Motion.

(e) Nothing herein limits the substantive rights of any Discovery Party or other party under applicable law to object to or oppose any subpoena the Examiner may serve.

9. This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

10. This Order is without prejudice to the Trustee's right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

So ORDERED THIS 19th DAY of May, 2010.

_____
The Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE