# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Related to Docket No. 4358, 4476 |

## ORDER PURSUANT TO SECTION 327 OF THE
## BANKRUPTCY CODE AUTHORIZING EMPLOYMENT OF
## SAUL EWING LLP AS DELAWARE COUNSEL TO THE EXAMINER
## *NUNC PRO TUNC* TO APRIL 30, 2010

Upon the application (the "Application") dated May 12, 2010 of Kenneth N. Klee, the Examiner appointed in the above-captioned chapter 11 cases, for entry of an order authorizing the employment of Saul Ewing LLP ("Saul Ewing") as Delaware counsel to the Examiner *nunc pro tunc* to April 30, 2010; and the Court having reviewed the Application and the Declaration of Mark Minuti (the "Minuti Declaration") and the exhibits thereto submitted in support thereof; and the Court being satisfied that (i) except as otherwise set forth in the Minuti Declaration, Saul Ewing does not represent any interests adverse to the Debtors or their estates; (ii) Saul Ewing and its attorneys are "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code; (iii) the employment of Saul Ewing is necessary and in the best interests of the Examiner, the Debtors, and their estates; (iv) adequate notice of the Application has been given to the parties designated pursuant to Local Bankruptcy Rule 2002-1; and (v) it appearing that no other or further notice of the Application need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Application is approved in all respects; and it is further

593348.4 5/12/10

ORDERED that the Examiner is hereby authorized to retain Saul Ewing as his Delaware counsel, effective *nunc pro tunc* to April 30, 2010, upon the terms and conditions set forth in the Application, the Minuti Declaration and the Engagement Letter; and it is further

ORDERED that Saul Ewing shall be compensated for its services and reimbursed for any related expenses, which are to be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330, upon the filing of appropriate applications for allowance of interim or final compensation in accordance with the procedures established in these cases; and it is further

ORDERED that compensation for Saul Ewing's services and reimbursement of Saul Ewing's expenses shall be paid by the Debtors' bankruptcy estates, in such amounts as the Court may allow and the Examiner shall under no circumstances have any liability whatsoever in connection with any of Saul Ewing's fees and expenses; and it is further

ORDERED that any party receiving timely and sufficient notice of the Court's consideration of the Application that has failed to file and serve a timely objection to the relief requested in the Application shall, absent good cause shown, be deemed to have consented to the relief requested by the Application; and it is further

ORDERED that this Court shall have exclusive jurisdiction with respect to any claim or controversy arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
May 19, 2010

SO ORDERED:

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE