IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case Nos. 08-13141 (KJC), *et seq.*<br>(jointly administered)<br><br>**Objections Due By: June 7, 2010, 4:00 p.m.**<br>**Hearing Date: June 16, 2010, 11:00 a.m.** |

## DECLARATION OF MICHAEL D. PALMER IN SUPPORT OF MOVANTS' MOTION FOR CLASS CERTIFICATION AND CLASS TREATMENT OF MOVANTS' CLASS PROOFS OF CLAIM

I, Michael D. Palmer, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am an attorney with Joseph, Herzfeld, Hester & Kirschenbaum LLP, counsel for James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao ("Movants").

2.      I submit this affirmation in support of Movants' Motion for Class Certification and Class Treatment of Movants' Class Proofs of Claim.

3.      Attached hereto as Exhibit A is a true and correct copy of the complaint filed by James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao against Tribune Company and Tribune New York Newspaper Holdings, LLC d/b/a AM New York and Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC and Morning Newspaper Delivery, Inc in the New York State Supreme Court, New York County ("State Court"). The action was titled *John Allen, et al. v. Tribune New York Newspaper Holdings, LLC, et al.*, Index No: 07-602801 ("State Court Action").

4.      Attached hereto as Exhibit B is a true and correct copy of the answer filed by Tribune Company and Tribune New York Newspaper Holdings, LLC d/b/a AM New York in the State Court Action.

5.      Shortly after Tribune Company and Tribune New York Holdings, LLC (collectively referred to as "Tribune") filed voluntary petitions for Chapter 11 relief, counsel for the two entities notified the court in the State Court Action of the bankruptcy filing.

6.      Upon learning of the bankruptcy filing, the State Court stayed the State Court Action.

7.      Movants moved the State Court to permit them to proceed against the non-bankrupt defendants in the State Court action; however, this motion was denied.

8.      Attached hereto as Exhibit C is a true and correct copy of the Class Proof of Claim filed by the Movants against debtor Tribune New York Newspaper Holdings, LLC.

9.      Attached hereto as Exhibit D is a true and correct copy of the Class Proof of Claim filed by the Movants against debtor Tribune Company.

10.     Attached hereto as Exhibit E is a true and correct copy of a document titled "Promoter Rules," which is Bates stamped "TD/Allen 00155." This document was produced by Tribune during discovery in the State Court Action.  (Discovery was in the early stages at the time the case was stayed.)

11.     Attached hereto as Exhibit F is a true and correct copy of a document titled "Promoter Open House – Agenda & Script," which is Bates stamped "TD/Allen 00161-00162." This document was produced by Tribune during discovery in the State Court Action.

12.     Attached to the Declaration of John Heywood as an exhibit is a document Bates stamped "TD/Allen 01243." This document was produced by Tribune during discovery in the State Court Action.

13.     I, Michael Palmer, am admitted to practice before the following Courts: United States District Courts, Western District, Southern District, Eastern District, and all New York state courts.

14.     I graduated from the New York University School of Law in May 2004.

15.     Joseph, Herzfeld, Hester & Kirschenbaum LLP specializes in wage/hour and employment discrimination, and has significant experience litigating class action cases.

16.     I have been an associate at Joseph, Herzfeld, Hester & Kirschenbaum since October 2004.   Throughout that time, my practice has focused almost exclusively on employment discrimination and wage/hour cases.   I have acted as lead counsel in numerous cases, including class actions.

17.     Charles Joseph is also an attorney representing the Movants in this case.

18.     Charles Joseph graduated from the New York University School of Law in May 1990.

19.     After seven years at Debevoise & Plimpton LLP, in 1997 Charles Joseph founded Joseph, Herzfeld, Hester & Kirschenbaum (at the time, it was called the Law Offices of Charles Joseph).

20.     Over the past five years, Joseph, Herzfeld, Hester & Kirschenbaum has handled over twenty-five wage wage-related class/collective actions.   We have been appointed lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA collective actions) in federal and state courts in New York and throughout the country.   Some of these cases include:

- *Trezvant et al. v. Fidelity Employer Servs. Corp. et al.,* No. 1:05-cv-10673 (D.Mass)

- *Webster v Smithfield Assocs. LLC,* No. 1:08-cv-00166 (S.D.N.Y)

- *Agofonova et al v. Nobu Corp. et al,* No. 1:07-cv-06926 (S.D.N.Y.)

- *Schaefer-Larose, et al. v. Eli Lilly & Co.,* No. 1:07-cv-01133 (S.D.Ind.)

- *Coultrip v. Pfizer, Inc.,* No.06cv09952 (S.D.N.Y.)

- *Gilliam v. Allied Hospital Servs, Inc.,* No. 09-cv-00280 (E.D.Va.)

- *Balyasny v. Bayer Corp.,* No. CV06-0759 (C.D.Cal.)

- *Jirak v. Abbott Labs., Inc,* No. 07C3626 (N.D. Ill.)

- *Fasanelli v. Heartland Brewery, Inc., et al.,* No. 1:07cv00319 (S.D.N.Y.)

- *Serrant v. Le Cirque, Inc., et al.,* No. 1:09cv00151 (S.D.N.Y.)

- *Sand et al v. Greenberg, et al,* No. 1:08cv07840 (S.D.N.Y.)

- *Mohammed v. MJS Management Corp.,* et al., No. 1:08cv07060 (S.D.N.Y.)

- *Farrell, et al. v. Little West 12th LLC,* et al., No. 1:08cv06438 (S.D.N.Y.)

- *Ahad, et al. v. BLT Steak LLC,* No. 1:08cv05528 (S.D.N.Y.)

- *Bricker, et al. v. Planet Hollywood New York, L.P.,* No. 1:08cv00443, (S.D.N.Y.)

- *Shahriar et al. v. Smith & Wollensky Rest. Group, Inc. et al,* No. 1:08cv00057 (S.D.N.Y.)

- *Pefanis v. Westway Diner, Inc.,* No. 1:08cv00002 (S.D.N.Y.)

- *Leung v. Home Boy Rest., Inc., et al.* No. 1:07cv08779 (S.D.N.Y.)

- *Gerafino et al v. Jean-Georges Enters., LLC, et al.,* No. 1:07cv06729 (S.D.N.Y.)

- *Aleyn, et al. v. Jean-Georges Enters.,* LLC, et al., No. 1:07cv06276 (S.D.N.Y.)

- *Ganzero v. Bensusan Rest. Corp.,* et al., 1:07cv05940 S.D.N.Y.

- *Williams v. Twenty Ones, Inc.,* et al., No. 1:07cv03978 (S.D.N.Y.)

- *Salus v. TSE Group, LLC*, 1:07cv03142 (S.D.N.Y.)

- *Uddin v. Radiante, LLC, et al.*, No. 1:07cv02158 (S.D.N.Y.)


21.    I will seek permission to appear *pro hac vice* in this matter before the United

States Bankruptcy Court for the District of Delaware.


Dated: New York, New York
       May 19, 2010

Michael D. Palmer
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
757 Third Avenue, 25th Floor
New York, New York 10017
(212) 688-5640
Fax: (212) 688-2548
mpalmer@jhllp.com

**Exhibit A**
(State Court Action Complaint)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------x

JAMES ALLEN, CHARLES EVANS, PEARL
EVANS, GARY GRANT, LORETTA GRANT, BILL      Index No.
MCNAIR, and SEAN SERRAO on behalf of themselves
and others similarly situated,

                Plaintiffs,

      -against-

TRIBUNE NEW YORK NEWSPAPER HOLDINGS,
LLC d/b/a AM NEW YORK; TRIBUNE COMPANY;
MITCHELL'S SUBSCRIPTION SERVICE LLC d/b/a
LBN CONSULTING, LLC; and MORNING
NEWSPAPER DELIVERY, INC.

                Defendants.
-------------------------------------------------------x

**CLASS ACTION
COMPLAINT**

The basis of the venue is
Plaintiffs' Residence and
the Location of Events
Described Herein

NEW YORK
COUNTY CLERK'S OFFICE

[AUG 20 2007

NOT COMPARED
WITH COPY FILE

Plaintiffs James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill

McNair, and Sean Serrao, on behalf of themselves and all others similarly situated, by and

through their attorneys, Joseph & Herzfeld LLP, as and for their Complaint against Defendants

Tribune New York Newspaper Holdings, LLC d/b/a AM New York; Tribune Company;

Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and Morning Newspaper

Delivery, Inc. alleges as follows:

## NATURE OF THE CASE

    1.    This is a "wage and hour" class action in which Plaintiffs claim that their

employer, Defendants, failed to pay them and the other members of the class the New York's

minimum wage for all hours worked.

    2.    In this pleading, "Defendants" means "Defendants and each of them" and refers

to the Defendants named in the particular claim for relief in which the word "Defendants"

appears.  Defendants include Tribune New York Newspaper Holdings, LLC d/b/a AM New

York; Tribune Company; Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and

Morning Newspaper Delivery, Inc. and all domestic affiliates and subsidiaries.

3.    The allegations in this pleading are made without any admission that, as to any

particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasions.  Plaintiffs

reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

4.    Jurisdiction is proper in this Court because the acts and/or omissions giving rise to

the causes of action alleged herein occurred in New York County.

5.    Venue is proper in this Court pursuant to New York Civil Practice Law and Rules

Section 503(a) because Plaintiffs reside in New York City.

## THE PARTIES

6.    Plaintiff James Allen is a New York resident and was employed as an AM New

York promoter within the last three years.

7.    Plaintiff Charles Evans is a New York resident and was employed as an AM New

York promoter within the last three years.

8.    Plaintiff Pearl Evans is a New York resident and was employed as an AM New

York promoter within the last three years.

9.    Plaintiff Gary Grant is a New York resident and was employed as an AM New

York promoter within the last three years.

10.    Plaintiff Loretta Grant is a New York resident and was employed as an AM New

York promoter within the last three years.

11.    Plaintiff Bill McNair is a New York resident and was employed as an AM New

York promoter within the last three years.

12.    Plaintiff Sean Serrao is a New York resident and was employed as an AM New York promoter within the last three years.

13.    Defendant Tribune New York Newspaper Holdings, LLC d/b/a AM New York is a Delaware corporation with its principal executive offices in New York, New York.  AM New York is a free daily newspaper that circulates in New York City.

14.    Defendant Tribune Company is a Delaware corporation with its principal executive offices in Chicago, Illinois.  Defendant Tribune Company is a parent company to Defendant Tribune New York Newspaper Holdings, LLC.

15.    Defendants Tribune New York Newspapers Holdings, LLC and Tribune Company are hereinafter collectively referred to as "AM New York."

16.    Upon information and belief, AM New York contracted within the last three years with Defendants Mitchell's Subscription Service, LLC and Morning Newspaper Delivery, Inc. that such Defendants would provide promoting/distributing services to AM New York, *i.e.* people to promote AM New York ("promoters").

17.    Upon information and belief, AM New York exercises sufficient control of promoters to be considered their employer under New York Labor Law.

18.    Defendant Mitchell's Subscription Service, LLC d/b/a LBN Consulting, LLC is a New York corporation with its executive offices in New York, New York.

19.    Defendant Morning Newspaper Delivery, Inc. is a New York corporation with its principal executive offices in Dix Hills, New York.

### STATEMENT OF FACTS

20.    Defendants committed the following acts knowingly and willfully.

21.    Defendants knew that nonpayment of minimum wages would economically injure Plaintiffs and violate New York law.

22.    Plaintiffs worked as promoters of AM New York newspaper.

23.    Throughout Plaintiffs' employment with Defendants, Defendants failed to pay them the New York's minimum wage for all time worked.

24.    Defendants did not and do not require hourly employees to clock in or clock out, and Defendants did not and do not maintain accurate records of time worked for hourly employees.

25.    Plaintiffs sustained substantial losses from Defendants' failure to pay them for all hours worked.

26.    Upon information and belief, other employees who worked for Defendants and who are members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

27.    The damages of the class exceed $100,000 exclusive of interest, costs, fees and disbursements.

## CLASS ACTION ALLEGATIONS

28.    Pursuant to Article 9 of the New York Civil Practice Law and Rules, Plaintiffs bring this section as a class action, on behalf of all employees of Defendant engaged in promoting newspapers by handing them out, including but not limited to promoters, employed by Defendants within six years before the filing of this complaint.

29.    **Ascertainable Class:** The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

30.    **Numerosity:** The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time. However, it is estimated that the number exceeds 100 individuals.

31.    **Typicality:** The claims of Plaintiffs (for overtime wages, interest and attorney's fees) are typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

32.    **Adequacy:** Plaintiffs are an adequate representatives of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel are competent and experienced in litigating large employment law class actions.

33.    **Superiority:** The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the other members of the Class for the wrongs alleged herein, as follows:

    a.  This case involves a large corporation Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

    b.  If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendant because of an appreciable and justifiable fear of retaliation;

d. The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of he Class against Defendant; would establish potentially incompatible standards of conduct for Defendant, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e. The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g. The costs to the court system of adjudication of such individualized litigation would be substantial.

34.    **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to members of the Class which predominate over questions affecting only individual members of the Class, including, but not limited to, the following:

a. Whether Defendants unlawfully failed to pay employees New York's minimum wage in violation of the New York Minimum Wage Act, New York Labor Law § 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b. Whether Defendants' conduct was willful under New York Labor Law § 663;

c. Whether Defendants unlawfully failed to keep and furnish Plaintiffs and the other members of the Class with records of hours worked, in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq.*, the Wage Payment Act, New York Labor Law § 190 *et seq.*, and the supporting

New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142; and

d.  Whether Plaintiffs and the other members of the Class are entitled to damages, and if so, the means of measuring such damages; and

e.  Whether Defendants are liable for attorneys' fees and costs.

35.    Plaintiffs intend to send notice to all members of the Class to the extent required by Article 9.

## FIRST CLAIM FOR RELIEF

### (For Minimum Wages Under New York Labor Law, § 650 *et seq.*, § 190 *et seq., and* 12 N.Y.C.R.R. Part 142)

36.    Plaintiffs, on behalf of themselves and the other members of the Class, incorporate all preceding paragraphs of this Complaint.

37.    At all relevant time, Defendants have been, and continue to be, "employers" within the meaning of New York Labor Law § 651.

38.    At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiffs and other members of the Class.

39.    New York labor law requires an employer, such as Defendants, to pay New York's minimum wage to all non-exempt employees for all hours worked.

40.    Plaintiffs and the other members of the Class are non-exempt employees entitled to be paid minimum wage for all hours worked.

41.    At all relevant times, Defendants had a policy and practice of failing and refusing to pay New York's minimum wage to Plaintiffs and to the other members of the Class for their hours worked in excess of forty hours per week.

42.     The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.,* the New York Wage Payment Act, Labor Law § 190 *et seq.,* and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

43.     Plaintiffs, on behalf of themselves and the other members of the Class, seek the amount of their underpayments based on Defendants' failure to pay New York's minimum wage for all hours worked, as provided by New York's labor laws, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

44.     Plaintiffs, on behalf of themselves and the other members of the Class, seek recovery of attorneys' fees and the costs of this action to be paid by Defendants as provided by New York Labor Law § 663(1).

45.     Plaintiffs and the other members of the Class do not seek liquidated damages.

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the Class, prays for relief as follows:

1.     certification of this action as a class action on behalf of the proposed Class;

2.     designation of the Plaintiffs as representatives of the Class;

3.     a declaratory judgment that the practices complained herein are unlawful under New York State law;

4.     appropriate equitable and injunctive relief to remedy Defendants' violations of New York law, including but not limited to an ordering enjoining Defendants from continuing its unlawful practices;

5.     an award of damages, exclusive of liquidated damages, to be paid by Defendants, according to proof;

6.     pre-judgment and post-judgment interest as provided by law;

7.    attorneys' fees and costs of suit, including expert fees and fees; and

8.    such other injunctive and equitable relief as the Court may deem necessary, just

and proper.

Dated:  August 17, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By:

D. Maimon Kirschenbaum (DK-2338)
Charles Joseph (CJ-9442)
757 Third Avenue, Suite 2500
New York, NY  10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

*Awaiting admission pro hac vice

**Exhibit B**
(Tribune's State Court Action Answer)

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JAMES ALLEN, CHARLES EVANS, PEARL :
EVANS, GARY GRANT, LORETTA GRANT, :
BILL MCNAIR, and SEAN SERRAO on :
behalf of themselves and others similarly :
situated, :
 :
              Plaintiff, :
 :        Index No: 07-602801
     -against- :
 :
TRIBUNE NEW YORK NEWSPAPER :
HOLDINGS, LLC d/b/a AM NEW YORK; :
TRIBUNE COMPANY; MITCHELL'S :
SUBSCRIPTION SERVICE LLS d/b/a LBN :
CONSULTING, LLC; and MORNING :
NEWSPAPER DELIVERY, INC., :
 :
            Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS TRIBUNE NEW YORK NEWSPAPER HOLDINGS, LLC
## d/b/a amNEW YORK AND TRIBUNE COMPANY'S
## ANSWER AND AFFIRMATIVE DEFENSES TO THE CLASS ACTION COMPLAINT

Defendants Tribune New York Newspaper Holdings, LLC d/b/a amNewYork

("amNewYork") and Tribune Company ("Tribune") (collectively, the "Tribune Defendants"), by

and through their attorneys, Morgan, Lewis & Bockius LLP, answer the Class Action Complaint

("Complaint") as follows:

## NATURE OF THE CASE

1.    The Tribune Defendants deny the allegations in paragraph 1 of the Complaint, except admit that plaintiffs purport to bring a wage and hour class action for alleged failure to pay minimum wage.  The Tribune Defendants further deny that they violated the New York Labor Law.

2.    Paragraph 2 of the Complaint does not contain factual allegations, and thus no response is required.

3.    Paragraph 3 of the Complaint does not contain factual allegations and states legal conclusions, and thus no response is required.

## JURISDICTION AND VENUE

4.    The Tribune Defendants deny the allegations in paragraph 4 of the Complaint, except admit that plaintiffs seek to invoke the Court's jurisdiction because the alleged acts and/or omissions giving rise to their cause of action purportedly occurred in New York County.

5.    The Tribune Defendants deny the allegations in paragraph 5 of the Complaint, except admit that venue is proper in this Court.

## PARTIES

6.    The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except admit that plaintiff James Allen promoted, "hawked" and/or distributed *amNewYork* as an independent contractor.

7.    The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admit that plaintiff Charles Evans, at times, promoted, "hawked" and/or distributed *amNewYork* as an independent contractor.

8.    The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except admit that plaintiff Pearl Evans, at times, promoted, "hawked" and/or distributed *amNewYork* as an independent contractor.

9.    The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admit that plaintiff Gary Grant, at times, promoted, "hawked" and/or distributed *amNewYork* as an independent contractor.

10.    The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admit that plaintiff Loretta Grant promoted, "hawked" and/or distributed *amNewYork* as an independent contractor.

11.    The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except admit that plaintiff Bill McNair, at times, promoted, "hawked" and/or distributed *amNewYork* as an independent contractor.

12.    The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except admit that plaintiff Sean Serrao, at times, promoted, "hawked" and/or distributed *amNewYork* as an independent contractor.

13.    The Tribune Defendants deny the allegations in paragraph 13 of the Complaint, except admit that Tribune New York Newspaper Holdings, LLC, which operates *amNewYork*, is a Delaware Limited Liability Company with its principal offices in New York, New York, and that *amNewYork* is a free, daily newspaper with circulation in New York City.

14.   The Tribune Defendants deny the allegations in paragraph 14 of the Complaint, except admit that Tribune Manhattan Newspaper Holdings, Inc. ("Tribune Manhattan"), a Delaware corporation with its principal offices in Chicago, Illinois, is the parent holding company for Tribune New York Newspaper Holdings, LLC and that Tribune Manhattan is a wholly owned-subsidiary of Tribune.

15.   The Tribune Defendants deny the allegations in paragraph 15 of the Complaint, except admit that plaintiffs purport to collectively refer to Tribune New York Newspaper Holdings, LLC and Tribune Company as "AM New York."

16.   The Tribune Defendants deny the allegations in paragraph 16 of the Complaint, except admit that amNewYork entered into a contract with MitchellsNY ("Mitchells") and with Morning Newspaper Delivery, Inc. ("Morning Newspaper"), under which Mitchells and/or Morning Newspaper distributed *amNewYork*, and that such contracts speak for themselves.

17.   Because the allegations in paragraph 17 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, the Tribune Defendants deny the allegations in paragraph 17 of the Complaint.

18.   The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, therefore, leave plaintiffs to their proof.

19.   The Tribune Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, leave plaintiffs to their proof.

## STATEMENT OF FACTS

20.   The Tribune Defendants deny the allegations in paragraph 20 of the Complaint.

21.    The Tribune Defendants deny the allegations in paragraph 21 of the Complaint.

22.    The Tribune Defendants deny the allegations in paragraph 22 of the Complaint, except admit that plaintiffs promoted, "hawked" and/or distributed *amNewYork*.

23.    The Tribune Defendants deny the allegations in paragraph 23 of the Complaint.

24.    The Tribune Defendants deny the allegations in paragraph 24 of the Complaint.

25.    The Tribune Defendants deny the allegations in paragraph 25 of the Complaint.

26.    The Tribune Defendants deny the allegations in paragraph 26 of the Complaint.

27.    The Tribune Defendants deny the allegations in paragraph 27 of the Complaint.

## CLASS ACTION ALLEGATIONS

28.    The Tribune Defendants deny the allegations in paragraph 28 of the Complaint, except admit that plaintiffs purport to bring a class action pursuant to Article 9 of the New York Civil Practice Law and Rules on behalf of individuals described in paragraph 28 of the Complaint.

29.    The Tribune Defendants deny the allegations in paragraph 29 of the Complaint.

30.    The Tribune Defendants deny the allegations in paragraph 30 of the Complaint.

31.    The Tribune Defendants deny the allegations in paragraph 31 of the Complaint.

32.    The Tribune Defendants deny the allegations in paragraph 32 of the Complaint.

33.    The Tribune Defendants deny the allegations in paragraph 33 of the Complaint, inclusive of subsections (a) through (g).

34.    The Tribune Defendants deny the allegations in paragraph 34 of the Complaint, inclusive of subsections (a) through (e).

35.    The Tribune Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 35 of the Complaint and, therefore, leave plaintiffs to their

proof.

## FIRST CLAIM FOR RELIEF

36.    With respect to paragraph 36 of the Complaint, the Tribune Defendants hereby incorporate their answers to paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.    Because the allegations in paragraph 37 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, the Tribune Defendants deny the allegations in paragraph 37 of the Complaint.

38.    The Tribune Defendants deny the allegations in paragraph 38 of the Complaint.

39.    Because the allegations in paragraph 39 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, the Tribune Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Because the allegations in paragraph 40 of the Complaint state a legal conclusion, no response is required.  To the extent a response is required, the Tribune Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.    The Tribune Defendants deny the allegations in paragraph 41 of the Complaint.

42.    The Tribune Defendants deny the allegations in paragraph 42 of the Complaint.

43.    The Tribune Defendants deny the allegations in paragraph 43 of the Complaint, except admit that plaintiffs purport to seek money damages, including legal and equitable relief. The Tribune Defendants further deny that plaintiffs are entitled to the relief requested in the Complaint or to any other relief.

44.    The Tribune Defendants deny the allegations in paragraph 44 of the Complaint, except admit that plaintiffs purport to seek attorneys' fees and costs. The Tribune Defendants further deny that plaintiffs are entitled to the relief requested or to any other relief.

45.    The Tribune Defendants deny the allegations in paragraph 45 of the Complaint, except admit that plaintiffs purport to waive their right to seek liquidated damages.  The Tribune Defendants further deny that plaintiffs are permitted to waive such relief.

## PRAYER FOR RELIEF

The Tribune Defendants deny that plaintiffs are entitled to any relief requested in the WHEREFORE clause on pages 8 and 9 of the Complaint or to any other relief.

## GENERAL DENIAL

The Tribune Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

At this time, the Tribune Defendants assert the following Affirmative Defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to sue Tribune Company.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, and any other individuals whom plaintiffs purport to represent in this action, are either not employees of the Tribune Defendants or have been, and continue to be, paid properly under New York law and its accompanying regulations.

## FIFTH AFFIRMATIVE DEFENSE

If the Tribune Defendants' alleged failure to pay minimum wage to plaintiffs, and any other individuals whom plaintiffs purport to represent in this action, was unlawful, although such is not admitted and is expressly denied, the Tribune Defendants had a good faith and reasonable belief that doing so was not unlawful.

## SIXTH AFFIRMATIVE DEFENSE

If the Tribune Defendants' alleged failure to pay minimum wage to plaintiffs, and any other individuals plaintiffs purport to represent in this action, was unlawful, although such is not admitted and is expressly denied, none of the Tribune Defendants' actions or omissions constitute a willful violation of the law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' law class action claim is prohibited by CPLR § 901(b).

**WHEREFORE,** the Tribune Defendants request that the Court enter judgment:

1.  dismissing the Complaint in its entirety and with prejudice;

2.  granting to the Tribune Defendants their costs and attorneys' fees; and

3.  granting to the Tribune Defendants such other relief as the Court may deem just

and proper.

Dated: New York, New York
       September 24, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _Edward Cerasia II_

Edward Cerasia II
Christie Del Rey-Cone
August W. Heckman III
101 Park Avenue
New York, New York  10178-0600
212.309.6000

Attorneys for the Tribune Defendants

## AFFIRMATION OF SERVICE

Christie Del Rey-Cone, an attorney and counselor at law admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury pursuant to CPLR § 2106:

1.    I am over the age of eighteen years and am not a party to this action.

2.    On September 24, 2007, I caused to be served, by regular mail, postage prepaid, a true and correct copy of the annexed Answer and Affirmative Defenses to the Class Action Complaint upon:

> Maimon Kirschenbaum, Esq.
> Joseph & Herzfeld LLP
> 757 Third Avenue, 25th Floor
> New York, New York 10017

_____
Christie Del Rey-Cone, Esq.

Sworn to me before this 24th day
of September, 2007

_____
Notary Public

**CHERYL L. LEUSCHNER**
**Notary Public, State of New York**
**No. 01HA6002969**
**Qualified in Onondaga County**
**Certified in New York County**
**Commission Expires February 17, 20 _10_**

10

**Exhibit C**

(Class Proof of Claim – filed against Debtor Tribune New York
Newspaper Holdings, LLC)

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | District of Delaware | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>TRIBUNE NEW YORK NEWSPAPER HOLDINGS, LLC | Case Number:<br>08-13238 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>James Allen et al, on behalf of themselves and all others similarly situated | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>J. Allen, C. Evans, P. Evans, G. Grant, L. Grant, B. McNair, and S. Serrao, on behalf of themselves and all others similarly situated,<br>c/o Joseph & Herzfeld, LLP, 757 Third Avenue, Suite 2500, New York, NY 10017<br><br>Telephone number:<br>(212) 688-5640 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**   $_____1,500,000.00_____<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**   Unpaid Wages<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>   **3a. Debtor may have scheduled account as:** _____<br>          (See instruction #3a on reverse side.) | ☑ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>**Value of Property:**$_____   **Annual Interest Rate**_____%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____   **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies o⌐⌐⌐⌐⌐⌐otes, purchase<br>orders, invoices, itemized statements of r⌐⌐⌐⌐⌐y agreements.<br>You may also attach a summary. Attach ⌐⌐⌐⌐⌐⌐n of<br>a security interest. You may also attach a⌐⌐⌐⌐ ⌐ reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMEN⌐⌐   AFTER<br>SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

Filed: USBC - District of Delaware<br>Tribune Company, Et Al.<br>08-13141 (KJC)          0000004938

| | |
|---|---|
| **Date:**<br>06/12/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Brian P. Fredericks, Esq., Joseph & Herzfeld, LLP, Attorneys for Class of Creditors | FILED / RECEIVED<br>/ FOR COURT USE ONLY<br><br>JUN 12 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-----------------------------------------------------------------x

In re:

Chapter 11

TRIBUNE NEW YORK NEWSPAPER HOLDINGS,    Case No.:  08-13238
LLC,

Debtor.

-----------------------------------------------------------------x

## CLASS PROOF OF CLAIM ON BEHALF OF CURRENT AND FORMER EMPLOYEES OF DEBTOR FOR UNPAID WAGES

This Proof of Claim is filed against the Debtor, pursuant to Rules 23(a), (b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure, Bankruptcy Rule 7023 and 29 U.S.C. § 2104(a)(5), by James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao (the "Representative Claimants"), on behalf of themselves and the other similarly situated current and former employees of the Debtor, each of whom was an employee of the Debtor and promoted and distributed AM New York, a free daily newspaper published by the Debtor (the "Class Claimants").

On or about August 20, 2007, the Representative Claimants, on behalf of themselves and all others similarly situated, filed a Class Action Complaint in the Supreme Court of the State of New York, County of New York, Index No. 07-602801, alleging that the Debtor failed to pay their employees a minimum wage as required under New York labor statutes.  The Representative Claimants and the other Class Claimants typically worked more than four hours per day but they are paid only a flat rate of $21 per day, regardless of the number of hours worked.  This falls below New York's minimum wage of $7.15 per hour.  *See* New York Labor Law §§ 650 *et seq.,* 190 *et seq.;* 12 N.Y.C.R.R. Part 142.

The Representative Claimants and the other Class Claimants constitute a class within the

meaning of Fed. R. Civ. P. 23(a), (b)(1)(B) and 23 (b)(3) and Bankruptcy Rule 7023.

The identity of each of the other Class Claimants is shown in the books and records of the Debtor.

The exact amount of the claims asserted on behalf of the Representative Claimants and each of the other Class Claimants is unknown to the Representative Claimants but is reflected in the Debtor's books and records, from which the exact amount of each such claim hereunder and the total claim hereunder can be calculated by the Debtor.


Dated: June 12, 2009

JOSEPH & HERZFELD, LLP
Brian P. Fredericks (BF-1873)
D. Maimon Kirschenbaum (DK-2338)
757 Third Avenue, Suite 2500
New York, New York 10017
(212) 688-5640

Attorneys for the Representative Claimants

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------x

JAMES ALLEN, CHARLES EVANS, PEARL
EVANS, GARY GRANT, LORETTA GRANT, BILL     Index No.
MCNAIR, and SEAN SERRAO on behalf of themselves
and others similarly situated,

                Plaintiffs,              **CLASS ACTION
COMPLAINT**

      -against-

TRIBUNE NEW YORK NEWSPAPER HOLDINGS,     The basis of the venue is
LLC d/b/a AM NEW YORK; TRIBUNE COMPANY;     Plaintiffs' Residence and
MITCHELL'S SUBSCRIPTION SERVICE LLC d/b/a     the Location of Events
LBN CONSULTING, LLC; and MORNING     Described Herein
NEWSPAPER DELIVERY, INC.

                 NEW YORK
             COUNTY CLERK'S OFFICE

            Defendants.           [AUG 2 0 2007

-------------------------------------------------------x

                                         NOT COMPARED
                                         WITH COPY FILE

      Plaintiffs James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill

McNair, and Sean Serrao, on behalf of themselves and all others similarly situated, by and

through their attorneys, Joseph & Herzfeld LLP, as and for their Complaint against Defendants

Tribune New York Newspaper Holdings, LLC d/b/a AM New York; Tribune Company;

Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and Morning Newspaper

Delivery, Inc. alleges as follows:

## NATURE OF THE CASE

      1.      This is a "wage and hour" class action in which Plaintiffs claim that their

employer, Defendants, failed to pay them and the other members of the class the New York's

minimum wage for all hours worked.

      2.      In this pleading, "Defendants" means "Defendants and each of them" and refers

to the Defendants named in the particular claim for relief in which the word "Defendants"

appears. Defendants include Tribune New York Newspaper Holdings, LLC d/b/a AM New

York; Tribune Company; Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and

Morning Newspaper Delivery, Inc. and all domestic affiliates and subsidiaries.

3.      The allegations in this pleading are made without any admission that, as to any

particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasions.  Plaintiffs

reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court because the acts and/or omissions giving rise to

the causes of action alleged herein occurred in New York County.

5.      Venue is proper in this Court pursuant to New York Civil Practice Law and Rules

Section 503(a) because Plaintiffs reside in New York City.

## THE PARTIES

6.      Plaintiff James Allen is a New York resident and was employed as an AM New

York promoter within the last three years.

7.      Plaintiff Charles Evans is a New York resident and was employed as an AM New

York promoter within the last three years.

8.      Plaintiff Pearl Evans is a New York resident and was employed as an AM New

York promoter within the last three years.

9.      Plaintiff Gary Grant is a New York resident and was employed as an AM New

York promoter within the last three years.

10.     Plaintiff Loretta Grant is a New York resident and was employed as an AM New

York promoter within the last three years.

11.     Plaintiff Bill McNair is a New York resident and was employed as an AM New

York promoter within the last three years.

12.    Plaintiff Sean Serrao is a New York resident and was employed as an AM New York promoter within the last three years.

13.    Defendant Tribune New York Newspaper Holdings, LLC d/b/a AM New York is a Delaware corporation with its principal executive offices in New York, New York.  AM New York is a free daily newspaper that circulates in New York City.

14.    Defendant Tribune Company is a Delaware corporation with its principal executive offices in Chicago, Illinois.  Defendant Tribune Company is a parent company to Defendant Tribune New York Newspaper Holdings, LLC.

15.    Defendants Tribune New York Newspapers Holdings, LLC and Tribune Company are hereinafter collectively referred to as "AM New York."

16.    Upon information and belief, AM New York contracted within the last three years with Defendants Mitchell's Subscription Service, LLC and Morning Newspaper Delivery, Inc. that such Defendants would provide promoting/distributing services to AM New York, *i.e.* people to promote AM New York ("promoters").

17.    Upon information and belief, AM New York exercises sufficient control of promoters to be considered their employer under New York Labor Law.

18.    Defendant Mitchell's Subscription Service, LLC d/b/a LBN Consulting, LLC is a New York corporation with its executive offices in New York, New York.

19.    Defendant Morning Newspaper Delivery, Inc. is a New York corporation with its principal executive offices in Dix Hills, New York.

## STATEMENT OF FACTS

20.    Defendants committed the following acts knowingly and willfully.

21.    Defendants knew that nonpayment of minimum wages would economically injure Plaintiffs and violate New York law.

22.    Plaintiffs worked as promoters of AM New York newspaper.

23.    Throughout Plaintiffs' employment with Defendants, Defendants failed to pay them the New York's minimum wage for all time worked.

24.    Defendants did not and do not require hourly employees to clock in or clock out, and Defendants did not and do not maintain accurate records of time worked for hourly employees.

25.    Plaintiffs sustained substantial losses from Defendants' failure to pay them for all hours worked.

26.    Upon information and belief, other employees who worked for Defendants and who are members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

27.    The damages of the class exceed $100,000 exclusive of interest, costs, fees and disbursements.

## CLASS ACTION ALLEGATIONS

28.    Pursuant to Article 9 of the New York Civil Practice Law and Rules, Plaintiffs bring this section as a class action, on behalf of all employees of Defendant engaged in promoting newspapers by handing them out, including but not limited to promoters, employed by Defendants within six years before the filing of this complaint.

29.    **Ascertainable Class:** The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

30. **Numerosity:** The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time. However, it is estimated that the number exceeds 100 individuals.

31. **Typicality:** The claims of Plaintiffs (for overtime wages, interest and attorney's fees) are typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

32. **Adequacy:** Plaintiffs are an adequate representatives of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel are competent and experienced in litigating large employment law class actions.

33. **Superiority:** The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the other members of the Class for the wrongs alleged herein, as follows:

    a. This case involves a large corporation Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

    b. If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendant because of an appreciable and justifiable fear of retaliation;

d. The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of he Class against Defendant; would establish potentially incompatible standards of conduct for Defendant, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e. The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g. The costs to the court system of adjudication of such individualized litigation would be substantial.

34. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to members of the Class which predominate over questions affecting only individual members of the Class, including, but not limited to, the following:

a. Whether Defendants unlawfully failed to pay employees New York's minimum wage in violation of the New York Minimum Wage Act, New York Labor Law § 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b. Whether Defendants' conduct was willful under New York Labor Law § 663;

c. Whether Defendants unlawfully failed to keep and furnish Plaintiffs and the other members of the Class with records of hours worked, in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq.*, the Wage Payment Act, New York Labor Law § 190 *et seq.,* and the supporting

New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142; and

d. Whether Plaintiffs and the other members of the Class are entitled to damages, and if so, the means of measuring such damages; and

e. Whether Defendants are liable for attorneys' fees and costs.

35.    Plaintiffs intend to send notice to all members of the Class to the extent required by Article 9.

## FIRST CLAIM FOR RELIEF

### (For Minimum Wages Under New York Labor Law, § 650 *et seq.*, § 190 *et seq., and* 12 N.Y.C.R.R. Part 142)

36.    Plaintiffs, on behalf of themselves and the other members of the Class, incorporate all preceding paragraphs of this Complaint.

37.    At all relevant time, Defendants have been, and continue to be, "employers" within the meaning of New York Labor Law § 651.

38.    At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiffs and other members of the Class.

39.    New York labor law requires an employer, such as Defendants, to pay New York's minimum wage to all non-exempt employees for all hours worked.

40.    Plaintiffs and the other members of the Class are non-exempt employees entitled to be paid minimum wage for all hours worked.

41.    At all relevant times, Defendants had a policy and practice of failing and refusing to pay New York's minimum wage to Plaintiffs and to the other members of the Class for their hours worked in excess of forty hours per week.

42.    The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.,* the New York Wage Payment Act, Labor Law § 190 *et seq.,* and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

43.    Plaintiffs, on behalf of themselves and the other members of the Class, seek the amount of their underpayments based on Defendants' failure to pay New York's minimum wage for all hours worked, as provided by New York's labor laws, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

44.    Plaintiffs, on behalf of themselves and the other members of the Class, seek recovery of attorneys' fees and the costs of this action to be paid by Defendants as provided by New York Labor Law § 663(1).

45.    Plaintiffs and the other members of the Class do not seek liquidated damages.

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the Class, prays for relief as follows:

1.    certification of this action as a class action on behalf of the proposed Class;

2.    designation of the Plaintiffs as representatives of the Class;

3.    a declaratory judgment that the practices complained herein are unlawful under New York State law;

4.    appropriate equitable and injunctive relief to remedy Defendants' violations of New York law, including but not limited to an ordering enjoining Defendants from continuing its unlawful practices;

5.    an award of damages, exclusive of liquidated damages, to be paid by Defendants, according to proof;

6.    pre-judgment and post-judgment interest as provided by law;

7.    attorneys' fees and costs of suit, including expert fees and fees; and

8.    such other injunctive and equitable relief as the Court may deem necessary, just

and proper.

Dated:  August 17, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By:

D. Maimon Kirschenbaum (DK-2338)
Charles Joseph (CJ-9442)
757 Third Avenue, Suite 2500
New York, NY  10017
Tel. (212) 688-5640
Fax (212) 688-2548


Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

*Awaiting admission pro hac vice

**Exhibit D**

(Class Proof of Claim – filed against Debtor Tribune Company)

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | District of Delaware | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>TRIBUNE COMPANY | Case Number:<br>08-13141 |
|---|---|

**NOTE:** *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
James Allen et al, on behalf of themselves and all others similarly situated

❏ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
J. Allen, C. Evans, P. Evans, G. Grant, L. Grant, B. McNair, and S. Serrao, on behalf of themselves and all others similarly situated,
c/o Joseph & Herzfeld, LLP, 757 Third Avenue, Suite 2500, New York, NY 10017

Telephone number:
(212) 688-5640

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):




Telephone number:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

❏ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**       $_____1,500,000.00_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

❏ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** __Unpaid Wages_____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate   ❏ Motor Vehicle   ❏ Other
Describe:

Value of Property:$_____   Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of... orders, invoices, itemized statements of run... You may also attach a summary. Attach red... a security interest. You may also attach a su...

DO NOT SEND ORIGINAL DOCUMENTS... SCANNING.

If the documents are not available, please explain:

*Filed: USBC - District of Delaware*
*Tribune Company, Et Al.*
*08-13141 (KJC)      0000004939*

...es, purchase
agreements.
of
*everse side.)*

...TER

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

❏ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❏ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>06/12/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Brian P. Fredericks, Esq., Joseph & Herzfeld, LLP, Attorneys for Class of Creditors | FILED / RECEIVED<br><br>JUN 1 2 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------------x

In re:

Chapter 11

TRIBUNE COMPANY,

Case No.: 08-13141

Debtor.

---------------------------------------------------------------x

### CLASS PROOF OF CLAIM ON BEHALF OF CURRENT AND FORMER EMPLOYEES OF DEBTOR FOR UNPAID WAGES

This Proof of Claim is filed against the Debtor, pursuant to Rules 23(a), (b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure, Bankruptcy Rule 7023 and 29 U.S.C. § 2104(a)(5), by James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill McNair, and Sean Serrao (the "Representative Claimants"), on behalf of themselves and the other similarly situated current and former employees of the Debtor, each of whom was an employee of the Debtor and promoted and distributed AM New York, a free daily newspaper published by the Debtor (the "Class Claimants").

On or about August 20, 2007, the Representative Claimants, on behalf of themselves and all others similarly situated, filed a Class Action Complaint in the Supreme Court of the State of New York, County of New York, Index No. 07-602801, alleging that the Debtor failed to pay their employees a minimum wage as required under New York labor statutes. The Representative Claimants and the other Class Claimants typically worked more than four hours per day but they are paid only a flat rate of $21 per day, regardless of the number of hours worked. This falls below New York's minimum wage of $7.15 per hour. *See* New York Labor Law §§ 650 *et seq.,* 190 *et seq.;* 12 N.Y.C.R.R. Part 142.

The Representative Claimants and the other Class Claimants constitute a class within the

meaning of Fed. R. Civ. P. 23(a), (b)(1)(B) and 23 (b)(3) and Bankruptcy Rule 7023.

The identity of each of the other Class Claimants is shown in the books and records of the Debtor.

The exact amount of the claims asserted on behalf of the Representative Claimants and each of the other Class Claimants is unknown to the Representative Claimants but is reflected in the Debtor's books and records, from which the exact amount of each such claim hereunder and the total claim hereunder can be calculated by the Debtor.

Dated: June 12, 2009

JOSEPH & HERZFELD, LLP
Brian P. Fredericks (BF-1873)
D. Maimon Kirschenbaum (DK-2338)
757 Third Avenue, Suite 2500
New York, New York 10017
(212) 688-5640

Attorneys for the Representative Claimants

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------x
JAMES ALLEN, CHARLES EVANS, PEARL
EVANS, GARY GRANT, LORETTA GRANT, BILL          Index No.
MCNAIR, and SEAN SERRAO on behalf of themselves
and others similarly situated,

                                                **CLASS ACTION**
                    Plaintiffs,                 **COMPLAINT**

        -against-

TRIBUNE NEW YORK NEWSPAPER HOLDINGS,            The basis of the venue is
LLC d/b/a AM NEW YORK; TRIBUNE COMPANY;         Plaintiffs' Residence and
MITCHELL'S SUBSCRIPTION SERVICE LLC d/b/a       the Location of Events
LBN CONSULTING, LLC; and MORNING                Described Herein
NEWSPAPER DELIVERY, INC.

                                                NEW YORK
                    Defendants.                 COUNTY CLERK'S OFFICE
--------------------------------------------------------x
                                                [AUG 20 2007

                                                NOT COMPARED
        Plaintiffs James Allen, Charles Evans, Pearl Evans, Gary Grant, Loretta Grant, Bill

McNair, and Sean Serrao, on behalf of themselves and all others similarly situated, by and

through their attorneys, Joseph & Herzfeld LLP, as and for their Complaint against Defendants

Tribune New York Newspaper Holdings, LLC d/b/a AM New York; Tribune Company;

Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and Morning Newspaper

Delivery, Inc. alleges as follows:

                            **NATURE OF THE CASE**

        1.      This is a "wage and hour" class action in which Plaintiffs claim that their

employer, Defendants, failed to pay them and the other members of the class the New York's

minimum wage for all hours worked.

        2.      In this pleading, "Defendants" means "Defendants and each of them" and refers

to the Defendants named in the particular claim for relief in which the word "Defendants"

appears.  Defendants include Tribune New York Newspaper Holdings, LLC d/b/a AM New

York; Tribune Company; Mitchell's Subscription Service LLC d/b/a LBN Consulting, LLC; and

Morning Newspaper Delivery, Inc. and all domestic affiliates and subsidiaries.

3.     The allegations in this pleading are made without any admission that, as to any

particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasions.  Plaintiffs

reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this Court because the acts and/or omissions giving rise to

the causes of action alleged herein occurred in New York County.

5.     Venue is proper in this Court pursuant to New York Civil Practice Law and Rules

Section 503(a) because Plaintiffs reside in New York City.

## THE PARTIES

6.     Plaintiff James Allen is a New York resident and was employed as an AM New

York promoter within the last three years.

7.     Plaintiff Charles Evans is a New York resident and was employed as an AM New

York promoter within the last three years.

8.     Plaintiff Pearl Evans is a New York resident and was employed as an AM New

York promoter within the last three years.

9.     Plaintiff Gary Grant is a New York resident and was employed as an AM New

York promoter within the last three years.

10.     Plaintiff Loretta Grant is a New York resident and was employed as an AM New

York promoter within the last three years.

11.     Plaintiff Bill McNair is a New York resident and was employed as an AM New

York promoter within the last three years.

12.     Plaintiff Sean Serrao is a New York resident and was employed as an AM New York promoter within the last three years.

13.     Defendant Tribune New York Newspaper Holdings, LLC d/b/a AM New York is a Delaware corporation with its principal executive offices in New York, New York.  AM New York is a free daily newspaper that circulates in New York City.

14.     Defendant Tribune Company is a Delaware corporation with its principal executive offices in Chicago, Illinois.  Defendant Tribune Company is a parent company to Defendant Tribune New York Newspaper Holdings, LLC.

15.     Defendants Tribune New York Newspapers Holdings, LLC and Tribune Company are hereinafter collectively referred to as "AM New York."

16.     Upon information and belief, AM New York contracted within the last three years with Defendants Mitchell's Subscription Service, LLC and Morning Newspaper Delivery, Inc. that such Defendants would provide promoting/distributing services to AM New York, *i.e.* people to promote AM New York ("promoters").

17.     Upon information and belief, AM New York exercises sufficient control of promoters to be considered their employer under New York Labor Law.

18.     Defendant Mitchell's Subscription Service, LLC d/b/a LBN Consulting, LLC is a New York corporation with its executive offices in New York, New York.

19.     Defendant Morning Newspaper Delivery, Inc. is a New York corporation with its principal executive offices in Dix Hills, New York.

## STATEMENT OF FACTS

20.     Defendants committed the following acts knowingly and willfully.

21.     Defendants knew that nonpayment of minimum wages would economically injure Plaintiffs and violate New York law.

22.     Plaintiffs worked as promoters of AM New York newspaper.

23.     Throughout Plaintiffs' employment with Defendants, Defendants failed to pay them the New York's minimum wage for all time worked.

24.     Defendants did not and do not require hourly employees to clock in or clock out, and Defendants did not and do not maintain accurate records of time worked for hourly employees.

25.     Plaintiffs sustained substantial losses from Defendants' failure to pay them for all hours worked.

26.     Upon information and belief, other employees who worked for Defendants and who are members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

27.     The damages of the class exceed $100,000 exclusive of interest, costs, fees and disbursements.

## CLASS ACTION ALLEGATIONS

28.     Pursuant to Article 9 of the New York Civil Practice Law and Rules, Plaintiffs bring this section as a class action, on behalf of all employees of Defendant engaged in promoting newspapers by handing them out, including but not limited to promoters, employed by Defendants within six years before the filing of this complaint.

29.     **Ascertainable Class:** The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

30.    **Numerosity:** The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time. However, it is estimated that the number exceeds 100 individuals.

31.    **Typicality:** The claims of Plaintiffs (for overtime wages, interest and attorney's fees) are typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

32.    **Adequacy:** Plaintiffs are an adequate representatives of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel are competent and experienced in litigating large employment law class actions.

33.    **Superiority:** The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the other members of the Class for the wrongs alleged herein, as follows:

   a.  This case involves a large corporation Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

   b.  If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

c.  Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendant because of an appreciable and justifiable fear of retaliation;

d.  The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of he Class against Defendant; would establish potentially incompatible standards of conduct for Defendant, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e.  The claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f.  Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g.  The costs to the court system of adjudication of such individualized litigation would be substantial.

34.  **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to members of the Class which predominate over questions affecting only individual members of the Class, including, but not limited to, the following:

a.  Whether Defendants unlawfully failed to pay employees New York's minimum wage in violation of the New York Minimum Wage Act, New York Labor Law § 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b.  Whether Defendants' conduct was willful under New York Labor Law § 663;

c.  Whether Defendants unlawfully failed to keep and furnish Plaintiffs and the other members of the Class with records of hours worked, in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq.*, the Wage Payment Act, New York Labor Law § 190 *et seq.*, and the supporting

42.    The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.,* the New York Wage Payment Act, Labor Law § 190 *et seq.,* and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

43.    Plaintiffs, on behalf of themselves and the other members of the Class, seek the amount of their underpayments based on Defendants' failure to pay New York's minimum wage for all hours worked, as provided by New York's labor laws, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

44.    Plaintiffs, on behalf of themselves and the other members of the Class, seek recovery of attorneys' fees and the costs of this action to be paid by Defendants as provided by New York Labor Law § 663(1).

45.    Plaintiffs and the other members of the Class do not seek liquidated damages.

WHEREFORE, Plaintiffs, on behalf of themselves and all other members of the Class, prays for relief as follows:

1.    certification of this action as a class action on behalf of the proposed Class;

2.    designation of the Plaintiffs as representatives of the Class;

3.    a declaratory judgment that the practices complained herein are unlawful under New York State law;

4.    appropriate equitable and injunctive relief to remedy Defendants' violations of New York law, including but not limited to an ordering enjoining Defendants from continuing its unlawful practices;

5.    an award of damages, exclusive of liquidated damages, to be paid by Defendants, according to proof;

6.    pre-judgment and post-judgment interest as provided by law;

7. attorneys' fees and costs of suit, including expert fees and fees; and

8. such other injunctive and equitable relief as the Court may deem necessary, just

and proper.


Dated: August 17, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By:

D. Maimon Kirschenbaum (DK-2338)
Charles Joseph (CJ-9442)
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548


Eric B. Kingsley*
Kingsley & Kingsley
16133 Venture Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

*Awaiting admission pro hac vice

## JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
Diane Hester
D. Maimon Kirschenbaum
Amy Zobel
Michael D. Palmer
Brian F. Fredricks
Denise A. Schulman

Counsel:
Michael DiChiara*
*Also admitted in NJ & MA

757 Third Avenue, 25th Floor
New York, NY 10017
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com



FILED / RECEIVED

JUN 12 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

June 12, 2009

**<u>VIA HAND DELIVERY</u>**

Tribune Company Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, Third Floor
New York, NY 10017

To Whom It May Concern:

Enclosed please find individual claim forms for James Allen, Patrick Anderson, Velma
Barnhardt, Victor Cruz, Charles Evans, Pearl Evans, Larry Fernandez, Gary Grant,
Loretta Grant, John Haywood, Mark Jackson, Phil Johnson, Victoria McLaughlin, Bill
McNair, Damion Reid, Sean Serrao, Jennifer Strange, and Tenisha Walcott against the
Tribune Company, case number 08-13141 and Tribune NY Newspaper Holdings LLC,
case number 08-13238 and a class proof of claim form on behalf of the above-mentioned
individuals against the Tribune Company, case number 08-13141, and Tribune New York
Holdings LLC, case number 08-13238.

Sincerely,

Brian Fredericks, Esq.

# Exhibit E
(*Promoter Rules*)

# <u>Promoter Rules</u>

1. No breaks. When in doubt, stay in your spot.

2. Dress code, including the red AMNY vest, must be followed at all times.

3. Hand out one copy at a time. If someone asks for more you can give them up to 10 copies.  For requests above 10 copies, direct them to the nearest box.

4. No dumping in trash cans, boxes, vehicles, trains and buildings.

5. We recycle! If a customer gives you a used paper, take it!  Say, "Thank You!" and keep them in a separate pile.

6. Do not insert anything in any of our clients' products.

7. You are not allowed to hand out any other products during your shift.

8. Wait for your zone leader to sign you out.  If you leave without signing out, you will not be paid.

9. 24hr. notice required for an "excused absence".  All unexcused absences may result in termination.

10. No smoking during your shift.

11. No flirting. See your handbook for a description of sexual harassment.

12. Say the promotion as described by your zone leader.

13. No cell phones or headphones

14.  We work in all weather conditions (rain, snow etc.).  Dress appropriately.

15. Clean up your spot before you sign out:
(a) Always pop straps and throw them away immediately.
(b) Put any damaged papers together and give them to your zone leader at the end of your shift.
 (c) Take down any racks and lock them up

CONFIDENTIAL

# Exhibit F
## (*Promoter Open House – Agenda & Script*)

# PROMOTER OPEN HOUSE
## Agenda & Script

**Rules**
**Goal:** Filter   **Concept:** Stay in your spot   **Function:** Show up/Hand Out   **Trait:** Respnsible
Gets a little negative, but we have to talk about them.
I look at Rules as the things that get in the way of us delivering what the client wants.
We are all human beings, prone to temptation & weakness, That's why we need rules, to direct us

1) No smoking
   a. Not even a puff

2) No drugs or Alcohol
   a. Don't even smell like it (cant do your job efficiently if you are intoxicated)

3) No eating or drinking of any beverages on the job
   a. Have breakfast before your shift or after

4) No Cell Phones
   a. Only in case of Emergency (difference between EMERGENCY & TAKING ADVANTAGE)

5) No Flirting
   a. This is not time to get phone numbers, its work
   b. Most women don't like to be objectified
   c. Don't think, "Most of them ignore me, but sometimes I get one" you should be thinking of all customers that way, regardless of sex. Give them papers, not get phone numbers (think of your mom or sister walking down the street being harassed)

6) No Breaks
   a. 3 hour shift, you have to hold it or go before or after
      i. Regular 8-hour job, when do you get a break?
      ii. Responsible people get up early enough to go to the bathroom before work
   b. Emergencies.... What is emergency & what is taking advantage?
   c. If good relationship with ZL, they will help you.

7) Get checked in – Stay until checked out
   a. Get to work on time, stay for entire shift
      i. Papers are in the box, you take them out & start hawking
      ii. ZL will come around to check you in YOU SHOULD BE THERE
      iii. You will see ZL numerous times during shift, but maybe only once or twice.
      iv. Don't get offended. And when in doubt, STAY IN YOUR SPOT.
   b. If you're not there when a supervisor shows up, you won't be paid for the day. And might loose your spot.
   c. Level of Trust – supervisor cannot watch you for 3 hours, you have to be able to work when he is not there
   d. Example of ZL getting on train. Picture in mind of guy doing what he is supposed to do.

8) Dress Code
   a. Comfortable clothes, just look presentable

5

TD/ALLEN 00161

# PROMOTER OPEN HOUSE
## Agenda & Script

    b.   Me must shave on a daily basis
    c.   Hair must be neat
    d.   VESTS – must be worn even in winter (put vest on), give vest at start, $15 if lost
    e.   No Hats & Do-rags
    f.   We're happy, friendly people, not gangsters

9) Have Fun
    a.   The more fun you have, the more likely people will be to take the paper
    b.   We try very hard to make sure you can have fun
    c.   Its up to you (RESPONSIBLE) and your relationship w/ ZL

6

CONFIDENTIAL

TD/ALLEN 00162