# EXHIBIT 2

## BLACK LINE AND CLEAN EXHIBITS

Exhibit A – Ballots
Exhibit B – Master Ballot
Exhibit C – Unimpaired Class Notice
Exhibit D – Rejecting Class Notice
Exhibit E – Confirmation Hearing Notice
Exhibit F – Publication Notice
Exhibit G – Credit/Refund Notice

# EXHIBIT A: BALLOTS

<u>Senior Loan Claims/Senior Loan Guaranty Claims – Classes 1C and 50C through 111C</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS C CLAIMS (<u>SENIOR</u> LOAN CLAIMS AND <u>SENIOR</u> LOAN GUARANTY CLAIMS) TO ACCEPT OR REJECT <u>AMENDED</u> JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS C <u>SENIOR</u> LOAN CLAIMS AND <u>SENIOR</u> LOAN GUARANTY CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**.  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.  PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the <u>Amended</u> Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated ~~April 12,~~<u>May 24,</u> 2010 (as may be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class C Senior Loan Claims and Senior Loan Guaranty Claims under the Plan are Claims arising under:

(i)     that certain Credit Agreement, dated as of May 17, 2007, among Tribune Company ("Tribune"), certain lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, Merrill Lynch Capital Corporation, as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A., as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time), together with those certain increase joinders, dated as of December 20, 2007, among Tribune, certain lenders party thereto and JPMorgan Chase Bank, N.A., as administrative agent (as amended, restated, supplemented or otherwise modified from time to time, the "Senior Loan Agreement");

(ii)     that certain Pledge Agreement, dated as of June 4, 2007, between Tribune and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time);

(iii)     that certain Guarantee Agreement, dated as of June 4, 2007, among Tribune, each of the subsidiaries of Tribune listed on Annex I thereto, and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time); and

(iv) that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, among Tribune, certain lenders party thereto, Merrill Lynch Capital Corporation, as administrative agent, JPMorgan Chase Bank, N.A., as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A. as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time, the "Bridge Loan Agreement");

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

~~(v) that certain Guarantee Agreement, dated as of December 20, 2007, among Tribune, each of the subsidiaries of Tribune listed on Annex I thereto, and Merrill Lynch Capital Corporation (as amended, restated, supplemented or otherwise modified from time to time); and~~

(iv)    ~~(vi)~~ in the case of claims asserted by Barclays Bank PLC, that certain 1992 ISDA Master Agreement, dated as of July 2, 2007, between Barclays Bank PLC and Tribune.

If you hold Claims against any of the Debtors other than Senior Loan Claims and Senior Loan Guaranty Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan. You must vote all Senior Loan Claims and Senior Loan Guaranty Claims of which you are a Holder either to accept or reject the Plan. Holders of Senior Loan Claims and Senior Loan Guaranty Claims will vote such Claims together under the Plan, with such votes to be counted as a vote to accept or reject the Plan in (i) Class 1C (against Tribune) and (ii) each of Classes 50C through 111C (against the Filed Subsidiary Debtors). In addition, the Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior ~~Loan Agreement and the Bridge~~ Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of this Ballot (a "Guarantor Non-Debtor"). Your vote to accept or reject the Plan as reflected on this Ballot will also be counted as a vote to accept or reject the Prepackaged Plan of any Guarantor Non-Debtor.

If the Plan (including any Prepackaged Plan) is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim/Senior Loan Guaranty Claim against Tribune Company and the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE.[3] The Holder of the Senior Loan Claim/Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

---

[3] Section 11.2.2 of the Plan provides that each Person ~~who~~ that votes to accept the Plan~~, or who votes to reject the Plan but does not check~~ or that checks the box in Item 3 of this Ballot~~,~~ shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

☐  to ACCEPT the Plan                    ☐  to REJECT the Plan

ITEM 3.   **RELEASES (OPTIONAL).  YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan ~~or if you do not cast a vote with respect to the Plan~~, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  ~~However, if~~If you vote to reject the Plan, you ~~are entitled to elect not to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  Election not to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot without this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law~~may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you ~~are electing not to grant the releases contained in Section 11.2.2 of the Plan.~~ will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2 of the Plan.~~11.2.2 of the Plan.**

☐  ~~The undersigned elects not to grant the releases contained in Section 11.2.2 of the Plan.~~ The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

~~ITEM 4.   CERTIFICATION.  By signing this Ballot, the Holder of the~~

ITEM 4.   CERTIFICATION.  By signing this Ballot, the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim identified in Item 1 certifies that it:

a.   is the Holder of the Senior Loan Claim/~~Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;~~ Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

b.   ~~has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and~~has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to

---

A vote to accept the Plan is also (i) an acceptance of the compromise and settlement set forth in the Plan, including, without limitation, section 11.2.5 of the Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Plan.  The Disclosure Statement and the Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Plan, if the Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

4

all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

c.    ~~has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.~~has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
         (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be actually received by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010,** unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Review and complete the certifications in Item 4;

   e) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

   f) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

   g) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010,** a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9.  If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| If By Mail: | If By Personal Delivery or Overnight Courier: |
|---|---|
| Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5014 New York, NY 10150-5014 | Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions 757 Third Avenue, Third Floor New York, NY 10017 |

**Bridge Loan Claims – Class 1D**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[4] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF CLASS 1D CLAIMS (BRIDGE LOAN CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1D BRIDGE LOAN CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession

---

[4]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

in the above-captioned chapter 11 cases (the "Debtors").[5]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [    ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class 1D Bridge Loan Claims under the Plan are Claims arising under  that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, among Tribune, certain lenders party thereto, Merrill Lynch Capital Corporation, as administrative agent, JPMorgan Chase Bank, N.A., as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A. as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time, the "Bridge Loan Agreement").

If you hold Claims against any of the Debtors other than Bridge Loan Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).  You may not split your vote on the Plan.  You must vote all Bridge Loan Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the aggregate unpaid amount set forth below.

$_____

_____  **The preprinted amount of your Claim as set forth above controls for voting purposes.**

---

[5]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 2.    VOTE.[6] The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

> ☐    to ACCEPT the Plan                   ☐    to REJECT the Plan

ITEM 3.    **RELEASES (OPTIONAL).  YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. **If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.** Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. **If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.**

☐        The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

> d.    is the Holder of the Bridge Loan Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;
>
> e.    has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and
>
> f.    has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

> Name: _____
>  (Print or Type)
>
> Signature: _____
>
> By: _____
>  (If Appropriate)

---

[6] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

Title:
 (If Appropriate)

Street Address:

_____

City, State, Zip Code:

Telephone Number:

Email: _____

Date Completed:

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully.  Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the box in Item 3 only if you voted to reject the Plan and elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.  Election ~~not~~ to grant such releases is at your option.  If you <u>do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  **If you** choose not to grant the releases contained in Section 11.2.2 of the Plan, you will not receive the benefit of the releases set forth in Section ~~11.2 of the Plan.~~ 11.2.2 of the Plan.** If you submit your Ballot ~~without~~with the box in Item 3 checked (or if you vote to accept ~~the Plan or do not cast a vote to accept or reject~~ the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)  Review and complete the certifications in Item 4;

    e)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

    f)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

    g)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").  A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order.  **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

2

Senior Noteholder Claims – Class 1DE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[47] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR BENEFICIAL OWNERS OF CLASS 1DE CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1DE CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS

---

[47] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "<u>Beneficial Ballot</u>") to cast your vote to accept or reject the <u>Amended</u> Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, <u>dated May 24, 2010</u> (as may be amended and supplemented from time to time, the "<u>Plan</u>"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>").[58] The Plan is <u>Exhibit A</u> to the Disclosure Statement (as may be amended or supplemented from time to time, the "<u>Disclosure Statement</u>"). The Plan and Disclosure Statement, together with other materials, accompany this Beneficial Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [        ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "<u>Solicitation Order</u>"), which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

<u>On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.</u>

Your Claim has been placed in Class 1~~D~~E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

---

[58] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

You may not split your vote on the Plan.  You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[62]  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan          ☐  to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan ~~or if you do not cast a vote with respect to the Plan~~, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  ~~However, if~~If you vote to reject the Plan, you ~~are entitled to~~may elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  ~~Election not to grant the releases is at your option.  If you vote to reject the Plan and submit~~If you do not return your Ballot ~~without this box checked,~~ you will be deemed not to have ~~consented to~~granted the releases set forth in Section 11.2.2 ~~to the fullest extent permitted by applicable law.~~ Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you ~~are electing not to grant~~will have consented to the releases ~~contained~~set forth in Section 11.2.2 of the Plan.  **If you ~~choose~~vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing** not to **grant the releases contained in Section 11.2.2** ~~of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2~~ **of the Plan.**

☐    The undersigned elects ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN ADDITIONAL ACCOUNTS.

---

[62] Section 11.2.2 of the Plan provides that each Person ~~who~~that votes to accept the Plan~~, or who votes to reject the Plan but does not check~~ or that checks the box in Item 3 of this Ballot~~,~~ shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims <u>or</u> (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots ("<u>Additional Ballots</u>") for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER CLASS 1~~D~~E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1~~D~~E Senior Noteholder Claims to either accept or reject the Plan. No split votes will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in respect of Class 1~~D~~E Senior Noteholder Claims, those votes will not be counted.

ITEM 5.   **CERTIFICATION.** By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.   is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all ~~othe~~<u>of the</u> terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.   has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.   is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
             (Print or Type)

Signature:_____

By:_____

4

(If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, any debt instruments. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot. Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED. PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

3. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan. Election ~~not~~ to grant such releases is at your option.  <u>If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan</u>.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~11.2.2 of the Plan.**  If you submit your Ballot ~~without~~with the box in Item 3 checked (or if you vote to accept the Plan ~~or do not cast a vote to accept or reject the Plan~~), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

   e) Review the certifications in Item 5;

   f) Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

   g) If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

   h) Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

6. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification,

the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8. Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9. After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

<u>Other Parent Claims – Class 1~~E~~F</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[710] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS 1~~E~~F CLAIMS (OTHER PARENT CLAIMS) TO ACCEPT OR REJECT <u>AMENDED </u>JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1~~E~~F CLAIMS (OTHER PARENT CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**.  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the <u>Amended </u>Joint Plan of Reorganization of Tribune Company and Its Subsidiaries<u>, dated May 24, 2010</u> (as may be amended or

---

[710] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[11]   The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").   The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [___], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1EF under the Plan because you have been identified as a Holder of an Other Parent Claim against Debtor Tribune Company.  If you hold Claims against any of the Debtors other than the Claims shown on this Ballot, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed Other Parent Claims against Tribune Company will receive an amount of Distributable Cash equal to 35.18% of the aggregate amount of such Holder's Allowed Other Parent Claim.

As a Holder of a Class 1EF Other Parent Claim against Tribune Company, you have the right to elect to have your Claim treated as a Class 1FG Convenience Claim under the Plan.  If you make this election (which is in Item 2 below), your Class 1EF Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000), and your Claim will receive the treatment set forth in the Plan for Class 1FG Convenience Claims instead of the treatment afforded to Class 1EF Other Parent Claims, and you will be automatically deemed to accept the Plan and your vote will not be counted.

You may not split your vote on the Plan.  You must vote all Other Parent Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[11]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Class 1~~F~~G Convenience Claim under the Plan.  Claims in Class 1~~F~~G (Convenience Claims) will be paid in full, provided that post-petition interest will not be paid on any Claim in Class 1~~F~~G.  Claims in Class 1~~F~~G are Unimpaired under the Plan and are presumed to accept the Plan.  Accordingly, if you elect to have your Claim treated as a Class 1~~F~~G Convenience Claim, you are automatically deemed to accept the Plan and your vote to accept or reject the Plan will not be counted.

☐  The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Class 1~~F~~G Convenience Claim under the Plan.

ITEM 3.    VOTE.[9][12]  (ONLY COMPLETE THIS ITEM IF YOU DID NOT CHECK THE BOX IN ITEM 2 ABOVE).  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan          ☐  to REJECT the Plan

ITEM 4.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU DID NOT MAKE THE CONVENIENCE CLASS ELECTION AND YOU VOTED TO REJECT THE PLAN IN ITEM 3 ABOVE.**  If you return a Ballot and vote to accept the Plan ~~or if you do not cast a vote with respect to the Plan~~, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you made the Convenience Class Election in Item 2 above, you also will have automatically consented to the releases contained in Section 11.2.2 of the Plan.  ~~However, if~~If you vote to reject the Plan, you ~~are entitled to~~may elect ~~not~~to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  ~~Election not to grant such releases is at your option.  If you vote to reject the Plan and submit~~If you do not return your Ballot ~~without this box checked~~, you will be deemed not to have ~~consented to~~granted the releases set forth in Section 11.2.2 of the Plan ~~to the fullest extent permitted by applicable law.~~  Election to grant such releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you**

---

[9][12] Section 11.2.2 of the Plan provides that each Person ~~who~~that votes to accept the Plan~~, or who votes to reject the Plan but does not check~~ or that checks the box in Item 3~~4~~ of this Ballot, shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2~~11.2.2~~ of the Plan.**

☐   The undersigned elects ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

    c.   has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
    (If Appropriate)

Title:_____
    (If Appropriate)

Street Address:_____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be actually received by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3. In order for your vote to count, you must:

    a) Verify the amount listed in Item 1;

    b) If desired, check the box in Item 2 if you elect to have your Class 1~~E~~F Other Parent Claim treated as a Class 1~~F~~G Convenience Claim under the Plan. If you make this election, your Class 1~~E~~F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000). In addition, if you make the Convenience Class Election in Item 2 of the Ballot, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Plan for Class 1~~F~~G Convenience Claims instead of the treatment afforded to Class 1~~E~~F Other Parent Claims; and (c) your vote to accept or reject the Plan will not be counted.

    c) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 3 only if you did not elect to have your Class 1~~E~~F Other Parent Claim treated as a Class 1~~F~~G Convenience Claim;

    d) If desired, check the box in Item 4 only if you voted to reject the Plan and elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan. Election ~~not~~ to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~11.2.2 of the Plan**. If you submit your Ballot ~~without~~with the box in Item 4 checked (or if you vote to accept the Plan ~~or do not cast a vote to accept or reject the Plan~~), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    e) Review and complete the certifications in Item 5;

    f) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

    g) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

    h) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by

the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

2

<u>**General Unsecured Claims against Filed Subsidiary Debtors – Classes 2E through 111E**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[~~10~~ 13] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS 2E THROUGH 111E CLAIMS (GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS) TO ACCEPT OR REJECT <u>AMENDED</u> JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASSES 2E THROUGH 111E GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT

---

[~~10~~ 13] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.

Please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the <u>Amended</u> Joint Plan of Reorganization of Tribune Company and Its Subsidiaries<u>, dated May 24, 2010</u> (as may be amended or supplemented from time to time, the "<u>Plan</u>"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>").[14]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "<u>Disclosure Statement</u>").  The Plan and the Disclosure Statement, among other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "<u>Solicitation Order</u>") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

<u>On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.</u>

Your Claims have been placed in one of Classes 2E through 111E under the Plan because you have been identified as a Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors.  The number of the particular Class into which your Claim has been placed corresponds to the number of the particular Filed Subsidiary Debtor against which your Claim may be asserted, according to the claims register maintained in the Debtors' chapter 11 cases or the Debtors' books and records, as applicable.  The number assigned to each Filed Subsidiary Debtor is set forth on Appendix A to the Plan. If you hold Claims against any of the Debtors other than General Unsecured Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed General Unsecured Claims against the Filed Subsidiary Debtors will receive payment in full in Cash on account of such Allowed General Unsecured Claims under the Plan, provided that such payment may be reduced in certain circumstances if the total amount of all Allowed General Unsecured Claims is estimated to exceed $150 million.  Post-petition interest will not be paid on account of any Allowed General Unsecured Claim.

You may not split your vote on the Plan.  You must vote all General Unsecured Claims against the Filed Subsidiary Debtors in Classes 2E through 111E of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[14]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.   AGGREGATE AMOUNT OF GENERAL UNSECURED CLAIMS.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of General Unsecured Claims against the relevant Filed Subsidiary Debtor in the aggregate unpaid amount set forth below.

Debtor _____
Class _____
$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE.~~12~~15  The Holder of the General Unsecured Claims set forth above hereby votes with respect to such Claim as follows (check one box only):

☐   to ACCEPT the Plan          ☐   to REJECT the Plan

ITEM 3.   RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan ~~or if you do not cast a vote with respect to the Plan~~, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. ~~However, if~~I~~f~~ you vote to reject the Plan, you ~~are entitled to~~may elect ~~not~~to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. ~~Election not to grant such releases is at your option. If you vote to reject the Plan and submit~~If you do not return your Ballot ~~without this box checked,~~ you will be deemed not to have ~~consented to~~granted the releases set forth in Section 11.2.2 of the Plan. Election to ~~the fullest extent permitted by applicable law~~grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~11.2.2 of the Plan.**

☐   The undersigned elects~~ not~~ to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.   CERTIFICATION.  By signing this Ballot, the Holder of the General Unsecured Claim identified in Item 1 certifies that it:

a.  is the Holder of the General Unsecured Claim(s) to which this Ballot pertains or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

---

~~12~~15 Section 11.2.2 of the Plan provides that each Person ~~who~~that votes to accept the Plan~~, or who votes to reject the Plan but does not check~~ or that checks the box in Item 3 of this Ballot~~,~~ shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

b.   has been provided with a copy of the Plan, the Disclosure Statement, and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

c.   has not submitted any other Ballots relating to its General Unsecured Claims that are inconsistent with the vote as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
     (If Appropriate)

Title:_____
       (If Appropriate)

Street Address: _____

       _____

City, State, Zip Code:_____

Telephone Number:_____

Email:_____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully.  Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on July 30, 2010, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the box in Item 3 only if you voted to reject the Plan and elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.  Election ~~not~~ to grant such releases is at your option.  <u>If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.</u>  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~<u>11.2.2</u> of the Plan.**  If you submit your Ballot ~~without~~<u>with</u> the box in Item 3 checked (or if you vote to accept the Plan ~~or do not cast a vote to accept or reject the Plan~~), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law~~.;~~

    d)  Review and complete the certifications in Item 4;

    e)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

    f)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    g)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules.  **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**<u>EXHIBIT A: BALLOTS</u>**

<u>Senior Loan Claims/Senior Loan Guaranty Claims – Classes 1C and 50C through 111C</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS C CLAIMS (SENIOR LOAN CLAIMS AND SENIOR LOAN GUARANTY CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS C SENIOR LOAN CLAIMS AND SENIOR LOAN GUARANTY CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

supplemented from time to time, the "<u>Plan</u>"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>").[2]  The Plan is <u>Exhibit A</u> to the Disclosure Statement (as may be amended or supplemented from time to time, the "<u>Disclosure Statement</u>").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [      ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "<u>Solicitation Order</u>") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "<u>Examiner</u>") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class C Senior Loan Claims and Senior Loan Guaranty Claims under the Plan are Claims arising under:

(i)      that certain Credit Agreement, dated as of May 17, 2007, among Tribune Company ("<u>Tribune</u>"), certain lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, Merrill Lynch Capital Corporation, as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A., as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time), together with those certain increase joinders, dated as of December 20, 2007, among Tribune, certain lenders party thereto and JPMorgan Chase Bank, N.A., as administrative agent (as amended, restated, supplemented or otherwise modified from time to time, the "<u>Senior Loan Agreement</u>");

(ii)     that certain Pledge Agreement, dated as of June 4, 2007, between Tribune and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time);

(iii)    that certain Guarantee Agreement, dated as of June 4, 2007, among Tribune, each of the subsidiaries of Tribune listed on Annex I thereto, and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time); and

(iv)     in  the case of claims asserted by Barclays Bank PLC, that certain 1992 ISDA Master Agreement, dated as of July 2, 2007, between Barclays Bank PLC and Tribune.

If you hold Claims against any of the Debtors other than Senior Loan Claims and Senior Loan Guaranty Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

You may not split your vote on the Plan. You must vote all Senior Loan Claims and Senior Loan Guaranty Claims of which you are a Holder either to accept or reject the Plan. Holders of Senior Loan Claims and Senior Loan Guaranty Claims will vote such Claims together under the Plan, with such votes to be counted as a vote to accept or reject the Plan in (i) Class 1C (against Tribune) and (ii) each of Classes 50C through 111C (against the Filed Subsidiary Debtors). In addition, the Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of this Ballot (a "Guarantor Non-Debtor"). Your vote to accept or reject the Plan as reflected on this Ballot will also be counted as a vote to accept or reject the Prepackaged Plan of any Guarantor Non-Debtor.

If the Plan (including any Prepackaged Plan) is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim/Senior Loan Guaranty Claim against Tribune Company and the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE.[3] The Holder of the Senior Loan Claim/Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐   to ACCEPT the Plan          ☐   to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

A vote to accept the Plan is also (i) an acceptance of the compromise and settlement set forth in the Plan, including, without limitation, section 11.2.5 of the Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Plan. The Disclosure Statement and the Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Plan, if the Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

3

contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim identified in Item 1 certifies that it:

    a.    is the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

    b.    has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

    c.    has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)
Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Review and complete the certifications in Item 4;

   e) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

   f) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

   g) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.
9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Bridge Loan Claims – Class 1D**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF CLASS 1D CLAIMS (BRIDGE LOAN CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1D BRIDGE LOAN CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class 1D Bridge Loan Claims under the Plan are Claims arising under  that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, among Tribune, certain lenders party thereto, Merrill Lynch Capital Corporation, as administrative agent, JPMorgan Chase Bank, N.A., as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A. as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time, the "Bridge Loan Agreement").

If you hold Claims against any of the Debtors other than Bridge Loan Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).  You may not split your vote on the Plan.  You must vote all Bridge Loan Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

2

ITEM 2.    VOTE.[3] The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐ to ACCEPT the Plan                    ☐ to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. **If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

d.    is the Holder of the Bridge Loan Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

e.    has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

f.    has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

3

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully.  Your Ballot must be actually received by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan.  Election to grant such releases is at your option.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**  If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Review and complete the certifications in Item 4;

   e) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

   f) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

   g) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order.  **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.
9.  If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class.  Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

Senior Noteholder Claims – Class 1E

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE"). IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and Disclosure Statement, together with other materials, accompany this Beneficial Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [      ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

You may not split your vote on the Plan. You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3] The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan          ☐  to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. **If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.**

☐        The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior Noteholder Claims to either accept or reject the Plan. No split votes will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

ITEM 5.    CERTIFICATION. By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.  is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.  has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.  has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.  is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
        (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
       (If Appropriate)

4

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, any debt instruments. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot. Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED. PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

3.  If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4.  You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)  Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

    e)  Review the certifications in Item 5;

    f)  Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

    g)  If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

    h)  Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

6.  If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the

votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.  Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9.  After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

Other Parent Claims – Class 1F

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS 1F CLAIMS (OTHER PARENT CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1F CLAIMS (OTHER PARENT CLAIMS) AGAINST TRIBUNE COMPANY. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010** (THE "**VOTING DEADLINE**"). DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2] The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement"). The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [     ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1F under the Plan because you have been identified as a Holder of an Other Parent Claim against Debtor Tribune Company. If you hold Claims against any of the Debtors other than the Claims shown on this Ballot, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed Other Parent Claims against Tribune Company will receive an amount of Distributable Cash equal to 35.18% of the aggregate amount of such Holder's Allowed Other Parent Claim.

As a Holder of a Class 1F Other Parent Claim against Tribune Company, you have the right to elect to have your Claim treated as a Class 1G Convenience Claim under the Plan. If you make this election (which is in Item 2 below), your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000), and your Claim will receive the treatment set forth in the Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims, and you will be automatically deemed to accept the Plan and your vote will not be counted.

You may not split your vote on the Plan. You must vote all Other Parent Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of May 17, 2010 (the "<u>Record Date</u>"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Class 1G Convenience Claim under the Plan.  Claims in Class 1G (Convenience Claims) will be paid in full, provided that post-petition interest will not be paid on any Claim in Class 1G.  Claims in Class 1G are Unimpaired under the Plan and are presumed to accept the Plan.  Accordingly, if you elect to have your Claim treated as a Class 1G Convenience Claim, you are automatically deemed to accept the Plan and your vote to accept or reject the Plan will not be counted.

☐ The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Class 1G Convenience Claim under the Plan.

ITEM 3.    VOTE.[3]  (ONLY COMPLETE THIS ITEM IF YOU DID NOT CHECK THE BOX IN ITEM 2 ABOVE).  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐ to ACCEPT the Plan          ☐ to REJECT the Plan

ITEM 4.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU DID NOT MAKE THE CONVENIENCE CLASS ELECTION AND YOU VOTED TO REJECT THE PLAN IN ITEM 3 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you made the Convenience Class Election in Item 2 above, you also will have automatically consented to the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant such releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐ The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 4 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

3

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Claim identified in Item 1 certifies that it:

    a.  is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

    b.  has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

    c.  has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully.  Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  If desired, check the box in Item 2 if you elect to have your Class 1F Other Parent Claim treated as a Class 1G Convenience Claim under the Plan.  If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000).  In addition, if you make the Convenience Class Election in Item 2 of the Ballot, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; and (c) your vote to accept or reject the Plan will not be counted.

    c)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 3 only if you did not elect to have your Class 1F Other Parent Claim treated as a Class 1G Convenience Claim;

    d)  If desired, check the box in Item 4 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan.  Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan**.  If you submit your Ballot with the box in Item 4 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    e)  Review and complete the certifications in Item 5;

    f)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

    g)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

    h)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010,** a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").  A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court

in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules.  **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7.  Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9.  If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class.  Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**                                         **If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center      Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC             c/o Epiq Bankruptcy Solutions
FDR Station, P.O. Box 5014                   757 Third Avenue, Third Floor
New York, NY 10150-5014                    New York, NY 10017

2

General Unsecured Claims against Filed Subsidiary Debtors – Classes 2E through 111E

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS 2E THROUGH 111E CLAIMS (GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASSES 2E THROUGH 111E GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, among other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claims have been placed in one of Classes 2E through 111E under the Plan because you have been identified as a Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors.  The number of the particular Class into which your Claim has been placed corresponds to the number of the particular Filed Subsidiary Debtor against which your Claim may be asserted, according to the claims register maintained in the Debtors' chapter 11 cases or the Debtors' books and records, as applicable.  The number assigned to each Filed Subsidiary Debtor is set forth on Appendix A to the Plan.  If you hold Claims against any of the Debtors other than General Unsecured Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed General Unsecured Claims against the Filed Subsidiary Debtors will receive payment in full in Cash on account of such Allowed General Unsecured Claims under the Plan, provided that such payment may be reduced in certain circumstances if the total amount of all Allowed General Unsecured Claims is estimated to exceed $150 million.  Post-petition interest will not be paid on account of any Allowed General Unsecured Claim.

You may not split your vote on the Plan.  You must vote all General Unsecured Claims against the Filed Subsidiary Debtors in Classes 2E through 111E of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.    AGGREGATE AMOUNT OF GENERAL UNSECURED CLAIMS.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of General Unsecured Claims against the relevant Filed Subsidiary Debtor in the aggregate unpaid amount set forth below.

Debtor  _____

Class  _____

$  _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE.[3]  The Holder of the General Unsecured Claims set forth above hereby votes with respect to such Claim as follows (check one box only):

☐    to ACCEPT the Plan            ☐    to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the General Unsecured Claim identified in Item 1 certifies that it:

a.    is the Holder of the General Unsecured Claim(s) to which this Ballot pertains or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

b.    has been provided with a copy of the Plan, the Disclosure Statement, and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

   c.  has not submitted any other Ballots relating to its General Unsecured Claims that are inconsistent with the vote as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
           (If Appropriate)

Title:_____
           (If Appropriate)

Street Address: _____

           _____

City, State, Zip Code:_____

Telephone Number:_____

Email:_____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on July 30, 2010, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Review and complete the certifications in Item 4;

   e) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

   f) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   g) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7.  Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.
8.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.
9.  If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**EXHIBIT B: MASTER BALLOT**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1DE SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "VOTING DEADLINE"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On [____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please review carefully the Plan and the Disclosure Statement, among other materials, that are contained on the CD-ROM accompanying this Master Ballot. Beneficial Owners that have not received hard copies of the Disclosure Statement, the Plan and their exhibits with the Beneficial Ballot may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2

available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtain by contacting the Voting Agent. Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

   is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and/or (2) opt out ofgrant the release provisionsreleases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Item 2 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of the Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

3

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan* | Principal Amount of Senior Notes Voted to REJECT the Plan* | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the Individual Beneficial Ballot, electing ~~not~~ to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| ~~8.~~ | ~~$~~ | ~~$~~ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes. Please use additional sheets of paper if necessary.

**Information to be transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |

---

*  Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

If space provided is insufficient, attach additional sheets in the same format.

**Item 5 - CERTIFICATION.** By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner. The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [_____], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

      The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

      If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan (provided on CD-ROM), Disclosure Statement (provided on CD-ROM), Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; (ii) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (iii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

      With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

      i.     Check the appropriate box in Item 1 on the Master Ballot;

      ii.     Indicate the total votes to accept or reject the Plan in Item 2;

      iii.     Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected ~~not~~ to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

      iv.     Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

      v.     Review the certification in Item 5 of the Master Ballot;

      vi.     Ensure that each Beneficial Ballot is signed and each certification is complete;

      vii.     Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.    Sign, date, and return the original Master Ballot;

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders of Senior Notes should not surrender their Senior Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

## EXHIBIT B: MASTER BALLOT

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "VOTING DEADLINE"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1)year from the Voting Deadline.

On [___], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please review carefully the Plan and the Disclosure Statement, among other materials, that are contained on the CD-ROM accompanying this Master Ballot. Beneficial Owners that have not received hard copies of the Disclosure Statement, the Plan and their exhibits with the Beneficial Ballot may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2

available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtain by contacting the Voting Agent.  Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

> is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

> is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

> has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and/or (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Item 2 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.**  The undersigned transmits the following votes of Beneficial Owners of the Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan* | Principal Amount of Senior Notes Voted to REJECT the Plan* | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the Individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes. Please use additional sheets of paper if necessary.

**Information to be transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

---

\* Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

|  |  |  |  |  |
|--|--|--|--|--|

If space provided is insufficient, attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner. The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [_____], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan (provided on CD-ROM), Disclosure Statement (provided on CD-ROM), Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; (ii) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (iii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

     i.    Check the appropriate box in Item 1 on the Master Ballot;

     ii.    Indicate the total votes to accept or reject the Plan in Item 2;

     iii.    Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

     iv.    Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

     v.    Review the certification in Item 5 of the Master Ballot;

     vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

     vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

    viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

    ix.    Sign, date, and return the original Master Ballot;

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders of Senior Notes should not surrender their Senior Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**EXHIBIT C: UNIMPAIRED CLASS NOTICE**

**Unimpaired Class Notice**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNCLASSIFIED CLAIMS AND UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

TO:   ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS AND INTERESTS IN CLASS 1A (PRIORITY NON-TAX CLAIMS), CLASS 1B (OTHER SECURED CLAIMS), CLASS 1FG (CONVENIENCE CLAIMS), CLASSES 2A THROUGH 111A (PRIORITY NON-TAX CLAIMS), CLASSES 2B THROUGH 111B (OTHER SECURED CLAIMS), AND CLASSES 2M THROUGH 111M (INTERESTS IN FILED SUBSIDIARY DEBTORS) AND

   ALL HOLDERS OF UNCLASSIFIED CLAIMS, PRIORITY NON-TAX CLAIMS, OTHER SECURED CLAIMS, GENERAL UNSECURED CLAIMS, AND INTERESTS IN (I) TRIBUNE NATIONAL MARKETING COMPANY, (II) TRIBUNE ND, INC., (III) TRIBUNE INTERACTIVE, INC., AND (IV) TRIBUNE (FN) CABLE VENTURES, INC.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      On ~~April 12,~~May 24, 2010, the debtors and debtors in possession in the above-captioned

chapter 11 cases (each a "Debtor" and collectively, the "Debtors") filed the Amended Joint Plan of

Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from

time to time, the "Plan").  Capitalized terms not defined herein have the meanings given to them in the

Plan.

2.      On [____], 2010, the United States Bankruptcy Court for the District of Delaware (the

"Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to

the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the

Debtors' procedures for soliciting votes on the Plan.

3.      You have been sent this notice because you may be a Holder of (a) a Claim against one of

the Debtors that has not been classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy

Code and, therefore, you are not entitled to vote to accept or to reject the Plan on account of such Claim;

or (b) a Claim or Interest in certain Classes under the Plan that are Unimpaired under section 1124 of the

Bankruptcy Code, which means generally that Allowed Claims and Interests in those Classes will retain

all of their legal rights under the Plan.  Specifically, Allowed Claims in (i) Class 1A (Priority Non-Tax

Claims against Tribune Company), (ii) Class 1B (Other Secured Claims against Tribune Company), (iii)

Class 1~~F~~G (Convenience Claims against Tribune Company), (iv) Classes 2A through 111A (Priority Non-

Tax Claims against Filed Subsidiary Debtors), and (v) Classes 2B through 111B (Other Secured Claims

against Filed Subsidiary Debtors) are Unimpaired under the Plan.  In addition, Holders of Interests in

Classes 2M through 111M (Interests in Filed Subsidiary Debtors) are Unimpaired under the Plan.  As a

result, pursuant to Section 1126(f) of the Bankruptcy Code, all Holders of Claims and Interests in those

Classes are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan.

4.      The Plan also constitutes a Prepackaged Plan of Reorganization (a "Prepackaged Plan")

for any Guarantor Non-Debtors that may commence chapter 11 cases, including (i) Tribune National

2

Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc. You may also have received this notice because the Debtors have identified you as a Holder of (a) a Claim against one of those entities that has not been classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code; or (b) a Priority Non-Tax Claim, Other Secured Claim, or General Unsecured Claim against, or Interest in, one of the above-referenced entities. The Prepackaged Plan provides that such Claims and Interests are Unimpaired under section 1124 of the Bankruptcy Code, which means generally that Allowed Claims and Interests in those Classes will retain all of their legal rights under the Prepackaged Plan.

       5.       4. This notice and the notice of Confirmation Hearing are provided to you for informational purposes only. If you have any questions regarding the status of your Claim(s)/Interest(s) or wish to obtain copies of the Disclosure Statement, the Plan, or the Solicitation Order, you may request such information by contacting the Voting Agent (i) by first class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400. Copies of the Disclosure Statement, the Plan, and the Solicitation

Order are also available on the Internet at http://chapter11.epiqsystems.com/tribune, or from the

Bankruptcy Court's website at http://www.deb.uscourts.gov.

Dated:  [____], 2010

SIDLEY AUSTIN LLP

James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel for Debtors and Debtors In Possession

4

## EXHIBIT C: UNIMPAIRED CLASS NOTICE

<u>Unimpaired Class Notice</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNCLASSIFIED CLAIMS AND UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

TO:    ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS AND INTERESTS IN CLASS 1A (PRIORITY NON-TAX CLAIMS), CLASS 1B (OTHER SECURED CLAIMS), CLASS 1G (CONVENIENCE CLAIMS), CLASSES 2A THROUGH 111A (PRIORITY NON-TAX CLAIMS), CLASSES 2B THROUGH 111B (OTHER SECURED CLAIMS), AND CLASSES 2M THROUGH 111M (INTERESTS IN FILED SUBSIDIARY DEBTORS) <u>AND</u>

ALL HOLDERS OF UNCLASSIFIED CLAIMS, PRIORITY NON-TAX CLAIMS, OTHER SECURED CLAIMS, GENERAL UNSECURED CLAIMS, AND INTERESTS IN (I) TRIBUNE NATIONAL MARKETING COMPANY, (II) TRIBUNE ND, INC., (III) TRIBUNE INTERACTIVE, INC., AND (IV) TRIBUNE (FN) CABLE VENTURES, INC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      On May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan"). Capitalized terms not defined herein have the meanings given to them in the Plan.

2.      On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

3.      You have been sent this notice because you may be a Holder of (a) a Claim against one of the Debtors that has not been classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and, therefore, you are not entitled to vote to accept or to reject the Plan on account of such Claim; or (b) a Claim or Interest in certain Classes under the Plan that are Unimpaired under section 1124 of the Bankruptcy Code, which means generally that Allowed Claims and Interests in those Classes will retain all of their legal rights under the Plan. Specifically, Allowed Claims in (i) Class 1A (Priority Non-Tax Claims against Tribune Company), (ii) Class 1B (Other Secured Claims against Tribune Company), (iii) Class 1G (Convenience Claims against Tribune Company), (iv) Classes 2A through 111A (Priority Non-Tax Claims against Filed Subsidiary Debtors), and (v) Classes 2B through 111B (Other Secured Claims against Filed Subsidiary Debtors) are Unimpaired under the Plan. In addition, Holders of Interests in Classes 2M through 111M (Interests in Filed Subsidiary Debtors) are Unimpaired under the Plan. As a result, pursuant to Section 1126(f) of the Bankruptcy Code, all Holders of Claims and Interests in those Classes are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan.

4.      The Plan also constitutes a Prepackaged Plan of Reorganization (a "Prepackaged Plan") for any Guarantor Non-Debtors that may commence chapter 11 cases, including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc. You may also have received this notice because the Debtors have identified you as a Holder of (a) a Claim against one of those entities that has not been classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code; or (b) a Priority Non-Tax Claim, Other Secured Claim, or General Unsecured Claim against, or Interest in, one of the above-referenced entities. The Prepackaged Plan provides that such Claims and Interests are Unimpaired under section 1124 of the Bankruptcy Code, which means generally that Allowed Claims and Interests in those Classes will retain all of their legal rights under the Prepackaged Plan.

2

5.      This notice and the notice of Confirmation Hearing are provided to you for informational purposes only.  If you have any questions regarding the status of your Claim(s)/Interest(s) or wish to obtain copies of the Disclosure Statement, the Plan, or the Solicitation Order, you may request such information by contacting the Voting Agent (i) by first class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400.  Copies of the Disclosure Statement, the Plan, and the Solicitation Order are also available on the Internet at http://chapter11.epiqsystems.com/tribune, or from the Bankruptcy Court's website at http://www.deb.uscourts.gov.

Dated:  [____], 2010

SIDLEY AUSTIN LLP

James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel for Debtors and Debtors In Possession

3

### EXHIBIT D:  REJECTING CLASS NOTICE

<u>Rejecting Class Notice</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS FOR
## IMPAIRED CLASSES DEEMED TO REJECT THE PLAN

TO:   ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASS 1I (EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1J (PHONES NOTES CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1L (SECURITIES LITIGATION CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1M (TRIBUNE INTERESTS), <u>CLASSES 50D THROUGH 111D (BRIDGE LOAN GUARANTY CLAIMS), AND</u>

CLASSES 2L THROUGH 111L (SECURITIES LITIGATION CLAIMS AGAINST THE FILED SUBSIDIARY DEBTORS)<u> AND ANY HOLDERS OF SECURITIES LITIGATION CLAIMS AGAINST (I) TRIBUNE NATIONAL MARKETING COMPANY, (II) TRIBUNE ND, INC., (III) TRIBUNE INTERACTIVE, INC., AND (IV) TRIBUNE (FN) CABLE VENTURES, INC.</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.   On ~~April 12,~~ May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan").  Capitalized terms not defined herein have the meanings given to them in the Plan.

2.   On [____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

3.   You have been sent this notice because you have been identified as a Holder of a Claim or Interest in certain Classes under the Plan in which Claims or Interests are Impaired by the Plan and in which the Holders of such Claims or Interests will not receive or retain any property under the Plan on account of their Claims or Interests.  This applies to Holders of (i) Claims in Class 1I (EGI-TRB Notes Claims against Tribune Company), (ii) Claims in Class 1J (PHONES Notes Claims against Tribune Company), (iii) Claims in Class 1L (Securities Litigation Claims against Tribune Company), (iv) Interests in Class 1M (Tribune Interests), (v) Claims in Classes 50D through 111D (Bridge Loan Guaranty Claims), and/or (~~v~~vi) Claims in Classes 2L through 111L (Securities Litigation Claims against Filed Subsidiary Debtors).  As a result, in accordance with the terms of the Plan and Section 1126(g) of the Bankruptcy Code, Holders of Claims and Interests in those Classes are conclusively presumed to reject the Plan and are not entitled to vote on the Plan.

4.   The Plan also constitutes a Prepackaged Plan of Reorganization (a "Prepackaged Plan") for any Guarantor Non-Debtors that may commence chapter 11 cases, including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc. You may also have received this notice because the Debtors have identified you as a Holder of a Securities Litigation Claim against one of those entities.  The Prepackaged Plan provides that such

Securities Litigation Claims will not receive or retain any property under the Prepackaged Plan on account of such Claims and, in accordance with the terms of the Prepackaged Plan and Section 1126(g) of the Bankruptcy Code, Holders of such Claims are conclusively presumed to reject the Prepackaged Plan and are not entitled to vote on the Prepackaged Plan.

5. 4. This notice and the Confirmation Hearing Notice are provided to you for informational purposes only.  If you have any questions regarding the status of your Claim(s) and/or Interest(s) or wish to obtain copies of the Disclosure Statement, the Plan, or the Solicitation Order, you may request such information by contacting the Voting Agent (i) by first class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400.  Copies of the Disclosure Statement, the Plan, and the Solicitation Order are also available on the Internet at http://chapter11.epiqsystems.com/tribune or from the Bankruptcy Court's website at http://www.deb.uscourts.gov.

Dated:  [___], 2010

SIDLEY AUSTIN LLP

James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:   (302) 652-3117

Counsel for Debtors and Debtors In Possession

3

**EXHIBIT D:  REJECTING CLASS NOTICE**

<u>Rejecting Class Notice</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS FOR
## IMPAIRED CLASSES DEEMED TO REJECT THE PLAN

TO:    ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASS 1I (EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1J (PHONES NOTES CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1L (SECURITIES LITIGATION CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1M (TRIBUNE INTERESTS), CLASSES 50D THROUGH 111D (BRIDGE LOAN GUARANTY CLAIMS), <u>AND</u>

CLASSES 2L THROUGH 111L (SECURITIES LITIGATION CLAIMS AGAINST THE FILED SUBSIDIARY DEBTORS) AND ANY HOLDERS OF SECURITIES LITIGATION CLAIMS AGAINST (I) TRIBUNE NATIONAL MARKETING COMPANY, (II) TRIBUNE ND, INC., (III) TRIBUNE INTERACTIVE, INC., AND (IV) TRIBUNE (FN) CABLE VENTURES, INC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.    On May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan").  Capitalized terms not defined herein have the meanings given to them in the Plan.

2.    On [____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

3.    You have been sent this notice because you have been identified as a Holder of a Claim or Interest in certain Classes under the Plan in which Claims or Interests are Impaired by the Plan and in which the Holders of such Claims or Interests will not receive or retain any property under the Plan on account of their Claims or Interests.  This applies to Holders of (i) Claims in Class 1I (EGI-TRB Notes Claims against Tribune Company), (ii) Claims in Class 1J (PHONES Notes Claims against Tribune Company), (iii) Claims in Class 1L (Securities Litigation Claims against Tribune Company), (iv) Interests in Class 1M (Tribune Interests), (v) Claims in Classes 50D through 111D (Bridge Loan Guaranty Claims), and/or (vi) Claims in Classes 2L through 111L (Securities Litigation Claims against Filed Subsidiary Debtors).  As a result, in accordance with the terms of the Plan and Section 1126(g) of the Bankruptcy Code, Holders of Claims and Interests in those Classes are conclusively presumed to reject the Plan and are not entitled to vote on the Plan.

4.    The Plan also constitutes a Prepackaged Plan of Reorganization (a "Prepackaged Plan") for any Guarantor Non-Debtors that may commence chapter 11 cases, including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc.  You may also have received this notice because the Debtors have identified you as a Holder of a Securities Litigation Claim against one of those entities.  The Prepackaged Plan provides that such Securities Litigation Claims will not receive or retain any property under the Prepackaged Plan on account of such Claims and, in accordance with the terms of the Prepackaged Plan and Section 1126(g) of the Bankruptcy Code, Holders of such Claims are conclusively presumed to reject the Prepackaged Plan and are not entitled to vote on the Prepackaged Plan.

5.    This notice and the Confirmation Hearing Notice are provided to you for informational purposes only.  If you have any questions regarding the status of your Claim(s) and/or Interest(s) or wish to obtain copies of the Disclosure Statement, the Plan, or the Solicitation Order, you may request such information by contacting the Voting Agent (i) by first class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400.  Copies of the Disclosure Statement, the Plan, and the Solicitation Order are also available on the Internet at http://chapter11.epiqsystems.com/tribune or from the Bankruptcy Court's website at http://www.deb.uscourts.gov.

Dated:  [____], 2010

| SIDLEY AUSTIN LLP | COLE SCHOTZ MEISEL FORMAN & LEONARD, P.A. |
|---|---|
| James F. Conlan | |
| Bryan Krakauer | Norman L. Pernick (No. 2290) |
| Janet E. Henderson | J. Kate Stickles (No. 2917) |
| Kenneth P. Kansa | Patrick J. Reilley (No. 4451) |
| D'Lisia E. Bergeron | 500 Delaware Avenue, Suite 1410 |
| One South Dearborn Street | Wilmington, Delaware 19801 |
| Chicago, Illinois 60603 | Telephone:  (302) 652-3131 |

Telephone:  (312) 853-0199                    Facsimile:   (302) 652-3117
Facsimile:  (312) 853-7036

Counsel for Debtors and Debtors In Possession

## EXHIBIT E: NOTICE OF CONFIRMATION HEARING

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND (II) VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN**

PLEASE TAKE NOTICE THAT on ~~April 12,~~ May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan") and the Disclosure Statement related to the Plan (as may be amended from time to time, the "Disclosure Statement"). Capitalized terms not defined in this Notice have the meanings given to them in the Plan.

PLEASE TAKE FURTHER NOTICE THAT:

1.      A hearing (the "Confirmation Hearing") will be held beginning on **August 16, 2010 at**

**10:00 a.m. Eastern Time** before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Plan. The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

2.    On [____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan. This notice was approved by the Court pursuant to the Solicitation Order in order to provide interested parties, such as Holders of Claims against and Interests in the Debtors, with information concerning the process by which the Debtors will seek the necessary approvals of the Plan.

**Voting on the Plan**

3.    If you hold a Claim against one of the Debtors as of May 17, 2010 (the "Record Date") and that Claim is in a Class under the Plan in which Holders are entitled to vote to accept or reject the Plan (and you are otherwise entitled to receive a Ballot on account of such Claim pursuant to the voting procedures established by the Bankruptcy Court in the Solicitation Order), you have received a Ballot and voting instructions appropriate for your claim with this Confirmation Hearing Notice. Although you should carefully read the Disclosure Statement and Plan and all noted documents, a summary of the treatment of Claims and Interests under the Plan is located on pages 7 – ~~13~~15 of the Disclosure Statement.

4.    If you are entitled to vote to accept or reject the Plan based on your Claim, for your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot to the address indicated on the Ballot so as to be received by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") **no later than 4:00 p.m. Eastern**

**Time on July 30, 2010, unless such time is extended** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

5.        If you have not received a form of Ballot and are entitled to vote on the Plan, you may request a form of Ballot and voting instructions appropriate for your Claim from the Voting Agent by e-mail at tabulation@epiqsystems.com and submit your Ballot as set forth above by the Voting Deadline. All submitted Ballots will be tabulated according to the rules set forth in the Solicitation Order.

6.        If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline, and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules (or, in the event you did not receive a Ballot, you shall not have a Ballot counted at all). **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

**Objections to Confirmation of the Plan**

7.        Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan; and (d) be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor, Wilmington, Delaware 19801 together with proof of service, and served so as to be **RECEIVED** on or

**before 4:00 p.m. Eastern Time on July 30, 2010** by the following: (i) Sidley Austin LLP, One South

Dearborn Street, Chicago, Illinois 60603, Facsimile (312) 853-7036, Attn: Jessica C.K. Boelter, (ii) Cole,

Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801,

Facsimile (302) 652-3177, Attn: Norman L. Pernick, (iii) The Office of the United States Trustee, J.

Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801,

Facsimile (302) 573-6497, Attn: Joseph McMahon, (iv) Chadbourne & Parke, LLP, 30 Rockefeller Plaza,

New York, NY 10112, Facsimile (212) 408-5100, Attn: Douglas E. Deutsch; (v) Landis, Rath & Cobb,

LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Facsimile (302) 467-4400, Attn: Adam G.

Landis; (vi)  Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Facsimile

(212) 607-7999, Attn: Donald S. Bernstein; and (vii) Richards, Layton & Finger, P.A., 920 North King

Street, Wilmington, Delaware 19801, Facsimile (302) 651-7701, Attn: Mark D. Collins.  Objections not

timely filed and served in the manner set forth in the Solicitation Order shall not be considered and shall

be deemed overruled.

**Media Ownership Certifications**

8.      If you believe that you are or may be eligible to receive five percent (5%) or more of the

New Common Stock in Reorganized Tribune under the Plan for any reason (including, without limitation,

as a result of the distribution of New Warrants or the distribution of New Class B Common Stock in lieu

of New Class A Common Stock, as contemplated in section 5.4.2 of the Plan), you are required pursuant

to the Solicitation Order to contact the Debtors and to complete, execute and submit to the Debtors a

Media Ownership Certification on or prior to **July 1, 2010 (the "Certification Deadline")**.  In the event

you do not submit a completed and executed Media Ownership Certification to the Debtors by July 1,

2010, you may, in the event you would ultimately be entitled under the Plan to receive more than 5% of

the New Class A Common Stock in Reorganized Tribune but for your failure to submit an executed

Media Ownership Certification by the Certification Deadline, receive New Class B Common Stock in lieu

of New Class A Common Stock to the extent deemed appropriate by Reorganized Tribune to ensure

compliance with the Communications Act or the rules of the Federal Communications Commission (the

4

"FCC") and/or to avoid a substantial delay in obtaining approvals from the FCC. Please review the

Disclosure Statement for additional information regarding the Media Ownership Certifications and the

Debtors' applications to the FCC.

**Additional Information About the Plan**

9.      The Disclosure Statement, the Plan, and the Solicitation Order are on file with the Clerk

of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801 and may be

examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during

business hours. In addition, any party in interest wishing to obtain copies of the Disclosure Statement, the

Plan, the Solicitation Order, or other information about the solicitation procedures may request such

information by contacting the Voting Agent (i) by first-class mail addressed to: Tribune Company Ballot

Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY

10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing

Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or

(iii) by telephoning the Voting Agent at (646) 282-2400. Copies of the Disclosure Statement, the Plan,

and the Solicitation Order are also available on the Internet free of charge at

http://chapter11.epiqsystems.com/tribune.

10.      The Plan also constitutes the~~a~~ Prepackaged Plan of Reorganization (the "Prepackaged

Plan") for any affiliates of Tribune Company that have executed guarantees of certain indebtedness of

Tribune Company but have not yet commenced chapter 11 cases (the "Guarantor Non-Debtors"),

including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc.,

and (iv) Tribune (FN) Cable Ventures, Inc. In the event any of such affiliates commences a chapter 11

case, additional notice and information will be provided to any parties holding claims against the relevant

Guarantor Non-Debtor.

11.      The Plan contemplates that the Debtors may enter into various Restructuring

Transactions in connection with their emergence from their chapter 11 cases. As part of these

Restructuring Transactions, some or all of the executory contracts and leases to which certain Debtors are a party will be assumed by, assigned to and/or vest in other affiliated Reorganized Debtors. These affiliated Reorganized Debtors shall become party to the applicable executory contract or lease, and the terms of such executory contract or lease shall remain in full force and effect (unless otherwise rejected pursuant to the terms of the Plan). Details concerning the Restructuring Transactions will be filed by the Debtors with the Bankruptcy Court as part of the Plan Supplement.

**12.     The Plan contains various injunctions and releases, including certain releases that will be granted by Holders of Claims and Interests unless such Holders vote to reject the Plan and opt out of such releases. The release and injunction provisions are set forth in Article XI of the Plan, and you are encouraged to read those provisions carefully in connection with any vote you may cast to accept or reject the Plan.**

Dated:  [_____], 2010
SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel for Debtors and Debtors In Possession

## EXHIBIT E: NOTICE OF CONFIRMATION HEARING

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND (II) VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN**

PLEASE TAKE NOTICE THAT on May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan") and the Disclosure Statement related to the Plan (as may be amended from time to time, the "Disclosure Statement"). Capitalized terms not defined in this Notice have the meanings given to them in the Plan.

PLEASE TAKE FURTHER NOTICE THAT:

1.      A hearing (the "Confirmation Hearing") will be held beginning on **August 16, 2010 at 10:00 a.m. Eastern Time** before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Plan.  The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

2.      On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.  This notice was approved by the Court pursuant to the Solicitation Order in order to provide interested parties, such as Holders of Claims against and Interests in the Debtors, with information concerning the process by which the Debtors will seek the necessary approvals of the Plan.

## Voting on the Plan

3.      If you hold a Claim against one of the Debtors as of May 17, 2010 (the "Record Date") and that Claim is in a Class under the Plan in which Holders are entitled to vote to accept or reject the Plan (and you are otherwise entitled to receive a Ballot on account of such Claim pursuant to the voting procedures established by the Bankruptcy Court in the Solicitation Order), you have received a Ballot and voting instructions appropriate for your claim with this Confirmation Hearing Notice.  Although you should carefully read the Disclosure Statement and Plan and all noted documents, a summary of the treatment of Claims and Interests under the Plan is located on pages 7 – 15 of the Disclosure Statement.

4.      If you are entitled to vote to accept or reject the Plan based on your Claim, for your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot to the address indicated on the Ballot so as to be received by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") **no later than 4:00 p.m. Eastern Time on July 30, 2010, unless such time is extended** (the "Voting Deadline").  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

5.      If you have not received a form of Ballot and are entitled to vote on the Plan, you may request a form of Ballot and voting instructions appropriate for your Claim from the Voting Agent by e-mail at tabulation@epiqsystems.com and submit your Ballot as set forth above by the Voting Deadline.  All submitted Ballots will be tabulated according to the rules set forth in the Solicitation Order.

6.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline, and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules (or, in the event you did not receive a Ballot, you shall not have a Ballot counted at all). **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

## Objections to Confirmation of the Plan

7.      Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan; and (d) be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor,

Wilmington, Delaware 19801 together with proof of service, and served so as to be **RECEIVED on or before 4:00 p.m. Eastern Time on July 30, 2010** by the following: (i) Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, Facsimile (312) 853-7036, Attn: Jessica C.K. Boelter, (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Facsimile (302) 652-3177, Attn: Norman L. Pernick, (iii) The Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Facsimile (302) 573-6497, Attn: Joseph McMahon, (iv) Chadbourne & Parke, LLP, 30 Rockefeller Plaza, New York, NY 10112, Facsimile (212) 408-5100, Attn: Douglas E. Deutsch; (v) Landis, Rath & Cobb, LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Facsimile (302) 467-4400, Attn: Adam G. Landis; (vi) Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Facsimile (212) 607-7999, Attn: Donald S. Bernstein; and (vii) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Facsimile (302) 651-7701, Attn: Mark D. Collins. Objections not timely filed and served in the manner set forth in the Solicitation Order shall not be considered and shall be deemed overruled.

## Media Ownership Certifications

8.     If you believe that you are or may be eligible to receive five percent (5%) or more of the New Common Stock in Reorganized Tribune under the Plan for any reason (including, without limitation, as a result of the distribution of New Warrants or the distribution of New Class B Common Stock in lieu of New Class A Common Stock, as contemplated in section 5.4.2 of the Plan), you are required pursuant to the Solicitation Order to contact the Debtors and to complete, execute and submit to the Debtors a Media Ownership Certification on or prior to **July 1, 2010 (the "Certification Deadline")**. In the event you do not submit a completed and executed Media Ownership Certification to the Debtors by July 1, 2010, you may, in the event you would ultimately be entitled under the Plan to receive more than 5% of the New Class A Common Stock in Reorganized Tribune but for your failure to submit an executed Media Ownership Certification by the Certification Deadline, receive New Class B Common Stock in lieu of New Class A Common Stock to the extent deemed appropriate by Reorganized Tribune to ensure compliance with the Communications Act or the rules of the Federal Communications Commission (the "FCC") and/or to avoid a substantial delay in obtaining approvals from the FCC. Please review the Disclosure Statement for additional information regarding the Media Ownership Certifications and the Debtors' applications to the FCC.

## Additional Information About the Plan

9.     The Disclosure Statement, the Plan, and the Solicitation Order are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801 and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours. In addition, any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order, or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first-class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephoning the Voting Agent at (646) 282-2400. Copies of the Disclosure Statement, the Plan, and the Solicitation Order are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

10.     The Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliates of Tribune Company that have executed guarantees of certain indebtedness of Tribune Company but have not yet commenced chapter 11 cases (the "Guarantor Non-Debtors"), including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc. In the event any of such affiliates commences a chapter 11 case,

additional notice and information will be provided to any parties holding claims against the relevant Guarantor Non-Debtor.

    11.    The Plan contemplates that the Debtors may enter into various Restructuring Transactions in connection with their emergence from their chapter 11 cases. As part of these Restructuring Transactions, some or all of the executory contracts and leases to which certain Debtors are a party will be assumed by, assigned to and/or vest in other affiliated Reorganized Debtors. These affiliated Reorganized Debtors shall become party to the applicable executory contract or lease, and the terms of such executory contract or lease shall remain in full force and effect (unless otherwise rejected pursuant to the terms of the Plan). Details concerning the Restructuring Transactions will be filed by the Debtors with the Bankruptcy Court as part of the Plan Supplement.

    **12.    The Plan contains various injunctions and releases, including certain releases that will be granted by Holders of Claims and Interests unless such Holders vote to reject the Plan and opt out of such releases. The release and injunction provisions are set forth in Article XI of the Plan, and you are encouraged to read those provisions carefully in connection with any vote you may cast to accept or reject the Plan.**

Dated: [____], 2010

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-0199
Facsimile: (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Counsel for Debtors and Debtors In Possession

CH1 5325382v.1

4

**EXHIBIT F:  PUBLICATION NOTICE**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

TRIBUNE COMPANY, et al.,

Debtors.

Chapter 11

Case No. 08-13141 (KJC)

Jointly Administered

| | | |
|---|---|---|
| Tribune Company | KPLR, Inc. | Towering T Music Publishing Company |
| 435 Production Company | KSWB Inc. | Tribune Broadcast Holdings, Inc. |
| 5800 Sunset Productions Inc. | KTLA Inc. | Tribune Broadcasting Company |
| Baltimore Newspaper Networks, Inc. | KWGN Inc. | Tribune Broadcasting Holdco, LLC |
| California Community News Corp. | Los Angeles Times Communications LLC | Tribune Broadcasting News Network, Inc., n/k/a |
| Candle Holdings Corporation | Los Angeles Times International, Ltd. | Tribune Washington Bureau Inc. |
| Channel 20, Inc. | Los Angeles Times Newspapers, Inc. | Tribune California Properties, Inc. |
| Channel 39, Inc. | Magic T Music Publishing Company | Tribune CNLBC, LLC f/k/a Chicago National |
| Channel 40, Inc. | NBBF, LLC | League Ball Club, LLC |
| Chicago Avenue Construction Company | Neocomm, Inc. | Tribune Direct Marketing, Inc. |
| Chicago River Production Company | New Mass. Media, Inc. | Tribune Entertainment Company |
| Chicago Tribune Company | Newscom Services, Inc. | Tribune Entertainment Production Co. |
| Chicago Tribune Newspapers, Inc. | Newspaper Readers Agency, Inc. | Tribune Finance, LLC |
| Chicago Tribune Press Service, Inc. | North Michigan Production Company | Tribune Finance Service Center, Inc. |
| ChicagoLand Microwave Licensee, Inc. | North Orange Avenue Properties, Inc. | Tribune License, Inc. |
| Chicagoland Publishing Company | Oak Brook Productions, Inc. | Tribune Los Angeles, Inc. |
| Chicagoland Television News, Inc. | Orlando Sentinel Communications Co. | Tribune Manhattan Newspaper Hldgs, Inc. |
| Courant Specialty Products, Inc. (9221); | Patuxent Publishing Company | Tribune Media Net, Inc. |
| Direct Mail Associates, Inc. | Publishers Forest Products Co. of Wash. | Tribune Media Services, Inc. |
| Distribution Systems of America, Inc. | Sentinel Communications News Ventures, Inc. | Tribune Network Holdings Company |
| Eagle New Media Investments, LLC | Shepard's Inc. | Tribune New York Newspaper Hldgs, LLC |
| Eagle Publishing Investments, LLC | Signs of Distinction, Inc. | Tribune NM, Inc. |
| forsalebyowner.com corp. | Southern Connecticut Newspapers, Inc. | Tribune Publishing Company |
| ForSaleByOwner.com Referral Serv, LLC | Star Community Publishing Group, LLC | Tribune Television Company |
| Fortify Holdings Corporation | Stemweb, Inc. | Tribune Television Holdings, Inc. |
| Forum Publishing Group, Inc. | Sun-Sentinel Company | Tribune Television New Orleans, Inc. |
| Gold Coast Publications, Inc. | The Baltimore Sun Company | Tribune Television Northwest, Inc. |
| GreenCo, Inc. | The Daily Press, Inc. | ValuMail, Inc. |
| Heart & Crown Advertising, Inc. | The Hartford Courant Company | Virginia Community Shoppers, LLC |
| Homeowners Realty, Inc. | The Morning Call, Inc. | Virginia Gazette Companies, LLC |
| Homestead Publishing Co. | The Other Company LLC | WATL, LLC |
| Hoy, LLC | Times Mirror Land and Timber Company | WCWN LLC |
| Hoy Publications, LLC | Times Mirror Payroll Processing Co., Inc. | WDCW Broadcasting, Inc. |
| InsertCo, Inc. | Times Mirror Services Company, Inc. | WGN Continental Broadcasting Company |
| Internet Foreclosure Service, Inc. | TMLH 2, Inc. | WLVI Inc. |
| JuliusAir Company, LLC | TMLS I, Inc. | WPIX, Inc. |
| JuliusAir Company II, LLC; | TMS Entertainment Guides, Inc. | WTXX Inc. |
| KIAH Inc. | Tower Distribution Company | |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN

**PLEASE TAKE NOTICE THAT** on ~~April 12,~~ May 24, 2010, the Debtors in the above-captioned chapter 11 cases filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended, the "Plan") and the Disclosure Statement related to the Plan (as may be amended, the "Disclosure Statement"). Capitalized terms not defined in this notice have the meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT:**

1. The deadline for voting to accept or reject the Plan is **4:00 p.m. Eastern Time on July 30, 2010**, unless such time is extended. Objections to the Plan must comply with the Solicitation Order and be filed by **4:00 p.m. Eastern Time on July 30, 2010.** A hearing to consider confirmation of the Plan will be held on **August 16, 2010 at 10:00 a.m. Eastern Time**, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801. That hearing may be continued from time to time without further notice.

2. On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement and the Debtors'

procedures for providing notice to parties in interest of the Plan and the hearing to confirm the Plan, and approving procedures for soliciting votes on the Plan.

<u>3.</u>    <u>The Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliates of Tribune Company that have executed guarantees of certain indebtedness of Tribune Company but have not yet commenced chapter 11 cases (the "Guarantor Non-Debtors"), including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc. In the event any of such affiliates commences a chapter 11 case, additional notice and information will be provided to any parties holding claims against the relevant Guarantor Non-Debtor.</u>

<u>4.</u>    ~~3.~~ Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order or other information about the solicitation procedures, or with questions about their ballot, or inquiries on obtaining a ballot, may request such information or materials by contacting the Voting Agent (i) by first-class mail addressed to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400. Copies of the Disclosure Statement, the Plan and the Solicitation Order, as well as additional information concerning the matters described in this notice, are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

Dated: [_____], 2010

SIDLEY AUSTIN LLP
James F. Conlan, Bryan Krakauer, Janet E. Henderson, Kenneth P. Kansa, D'Lisia E. Bergeron, One South Dearborn Street, Chicago, Illinois 60603, Tele: (312) 853-0199, Fax: (312) 853-7036

COLE SCHOTZ MEISEL FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290), J. Kate Stickles (No. 2917), Patrick J. Reilley (No. 4451), 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19201, Tele: (302) 652-3131, Fax: (302) 652-3117

Counsel for Debtors and Debtors In Possession

**EXHIBIT F:  PUBLICATION NOTICE**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>TRIBUNE COMPANY, et al.,<br>　　　　　　　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 08-13141 (KJC)<br>Jointly Administered |

Tribune Company
435 Production Company
5800 Sunset Productions Inc.
 Baltimore Newspaper Networks, Inc.
California Community News Corp.
Candle Holdings Corporation
Channel 20, Inc.
Channel 39, Inc.
Channel 40, Inc.
Chicago Avenue Construction Company
Chicago River Production Company
Chicago Tribune Company
Chicago Tribune Newspapers, Inc.
ChicagoLand Microwave Licensee, Inc.
Chicagoland Publishing Company
Chicagoland Television News, Inc.
Courant Specialty Products, Inc. (9221);
Direct Mail Associates, Inc.
Distribution Systems of America, Inc.
Eagle New Media Investments, LLC
Eagle Publishing Investments, LLC
forsalebyowner.com corp.
ForSaleByOwner.com Referral Serv, LLC
Fortify Holdings Corporation
Forum Publishing Group, Inc.
Gold Coast Publications, Inc.
GreenCo, Inc.
Heart & Crown Advertising, Inc.
Homeowners Realty, Inc.
Homestead Publishing Co.
Hoy, LLC
Hoy Publications, LLC
InsertCo, Inc.
Internet Foreclosure Service, Inc.
JuliusAir Company, LLC
JuliusAir Company II, LLC;
KIAH Inc.

KPLR, Inc.
KSWB Inc.
KTLA Inc.
KWGN Inc.
Los Angeles Times Communications LLC
Los Angeles Times International, Ltd.
Los Angeles Times Newspapers, Inc.
Magic T Music Publishing Company
NBBF, LLC
Neocomm, Inc.
New Mass. Media, Inc.
Newscom Services, Inc.
Newspaper Readers Agency, Inc.
North Michigan Production Company
North Orange Avenue Properties, Inc.
Oak Brook Productions, Inc.
Orlando Sentinel Communications Co.
Patuxent Publishing Company
Publishers Forest Products Co. of Wash.
Sentinel Communications News Ventures, Inc.
Shepard's Inc.
Signs of Distinction, Inc.
Southern Connecticut Newspapers, Inc.
Star Community Publishing Group, LLC
Stemweb, Inc.
Sun-Sentinel Company
The Baltimore Sun Company
The Daily Press, Inc.
The Hartford Courant Company
The Morning Call, Inc.
The Other Company LLC
Times Mirror Land and Timber Company
Times Mirror Payroll Processing Co., Inc.
Times Mirror Services Company, Inc.
TMLH 2, Inc.
TMLS I, Inc.
TMS Entertainment Guides, Inc.
Tower Distribution Company

Towering T Music Publishing Company
Tribune Broadcast Holdings, Inc.
Tribune Broadcasting Company
Tribune Broadcasting Holdco, LLC
Tribune Broadcasting News Network, Inc., n/k/a
Tribune Washington Bureau Inc.
Tribune California Properties, Inc.
Tribune CNLBC, LLC f/k/a Chicago National
League Ball Club, LLC
Tribune Direct Marketing, Inc.
Tribune Entertainment Company
Tribune Entertainment Production Co.
Tribune Finance, LLC
Tribune Finance Service Center, Inc.
Tribune License, Inc.
Tribune Los Angeles, Inc.
Tribune Manhattan Newspaper Hldgs, Inc.
Tribune Media Net, Inc.
Tribune Media Services, Inc.
Tribune Network Holdings Company
Tribune New York Newspaper Hldgs, LLC
Tribune NM, Inc.
Tribune Publishing Company
Tribune Television Company
Tribune Television Holdings, Inc.
Tribune Television New Orleans, Inc.
Tribune Television Northwest, Inc.
ValuMail, Inc.
Virginia Community Shoppers, LLC
Virginia Gazette Companies, LLC
WATL, LLC
WCWN LLC
WDCW Broadcasting, Inc.
WGN Continental Broadcasting Company
WLVI Inc.
WPIX, Inc.
WTXX Inc.

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN

**PLEASE TAKE NOTICE THAT** on May 24, 2010, the Debtors in the above-captioned chapter 11 cases filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended, the "Plan") and the Disclosure Statement related to the Plan (as may be amended, the "Disclosure Statement"). Capitalized terms not defined in this notice have the meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT:**

1. The deadline for voting to accept or reject the Plan is **4:00 p.m. Eastern Time on July 30, 2010**, unless such time is extended. Objections to the Plan must comply with the Solicitation Order and be filed by **4:00 p.m. Eastern Time on July 30, 2010**. A hearing to consider confirmation of the Plan will be held on **August 16, 2010 at 10:00 a.m. Eastern Time**, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801. That hearing may be continued from time to time without further notice.

2. On [____], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement and the Debtors'

procedures for providing notice to parties in interest of the Plan and the hearing to confirm the Plan, and approving procedures for soliciting votes on the Plan.

3.    The Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliates of Tribune Company that have executed guarantees of certain indebtedness of Tribune Company but have not yet commenced chapter 11 cases (the "Guarantor Non-Debtors"), including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc.  In the event any of such affiliates commences a chapter 11 case, additional notice and information will be provided to any parties holding claims against the relevant Guarantor Non-Debtor.

4.    Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order or other information about the solicitation procedures, or with questions about their ballot, or inquiries on obtaining a ballot, may request such information or materials by contacting the Voting Agent (i) by first-class mail addressed to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400.  Copies of the Disclosure Statement, the Plan and the Solicitation Order, as well as additional information concerning the matters described in this notice, are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

Dated: [_____], 2010

SIDLEY AUSTIN LLP
James F. Conlan, Bryan Krakauer, Janet E. Henderson, Kenneth P. Kansa, D'Lisia E. Bergeron, One South Dearborn Street, Chicago, Illinois 60603, Tele: (312) 853-0199, Fax: (312) 853-7036

COLE SCHOTZ MEISEL FORMAN & LEONARD, P.A.
Norman L. Pernick (No. 2290), J. Kate Stickles (No. 2917), Patrick J. Reilley (No. 4451), 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19201, Tele:  (302) 652-3131, Fax:   (302) 652-3117

Counsel for Debtors and Debtors In Possession

2

## EXHIBIT G: CREDIT/REFUND NOTICE

**Credit/Refund Notice**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE TO HOLDERS OF CERTAIN CUSTOMER PROGRAM CLAIMS CONCERNING VOTING AND TREATMENT OF SUCH CLAIMS UNDER AMENDED JOINT PLAN OF REORGANIZATION

1.      On ~~April 12,~~May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan"). Capitalized terms not defined herein have the meanings given them in the Plan.

2.      A hearing (the "Confirmation Hearing") will be held on **August 16, 2010 at 10:00 a.m. Eastern Time** before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 5, Wilmington,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Delaware 19801, to consider confirmation of the Plan, and for such other and further relief as may be just.  The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

3.      On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

4.      You have received this notice because the Debtors' books and records indicate that you may have a remaining subscription balance or advertising credit or other refund with one of the Debtors.  As a result, you may have a General Unsecured Claim against one of the Debtors and may be entitled to vote on the Plan.

5.      On December 10, 2008, the Court entered an order authorizing the Debtors, in their sole discretion and in the ordinary course of business, to honor and perform all obligations in respect to any Claim that arises from one of the Debtors' Customer Programs.[2]  Because the Debtors are authorized, but not required, to pay Customer Program Claims, and given the de minimis nature of the overwhelming majority of the Customer Program Claims and the Debtors' prior efforts to contact holders of Customer Program Claims, the Solicitation Order provides that the Debtors are not required to distribute copies of materials other than this notice to holders of Customer Program Claims.  Accordingly, you will not receive copies of the Plan and the Disclosure Statement, nor will you receive a Ballot for voting on the Plan, unless you request them from the Debtors.

---

[2] The "Customer Programs" are described more fully in the Motion of the Debtors for an Order Authorizing, but not Requiring, the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business [filed Dec. 8, 2008, Docket No. 8].   Nothing contained herein shall constitute, nor shall it be construed as, a request to assume or adopt any executory contract with respect to any customer.  The Debtors expressly reserve all rights with respect to the continuation or cessation of any contract with any customer and the assumption, adoption, modification or rejection of any executory contract with any customer.  Furthermore, the Debtors reserve the right to contest the amounts claimed to be due under any Customer Program, if any, by any customer in the ordinary course of business.

6.      If you would like to vote on the Plan, you may request copies of the Plan, the Disclosure

Statement, and an appropriate Ballot by contacting the Voting Agent and requesting a Tribune Customer Program

Voting Package.  You may make such a request in any of the following ways:  (i) by first-class mail addressed to

Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014,

New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing

Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; (iii) by

email at tribunevote@epiqsystems.com; or (iv) by telephone at (888) 287-7568.  You may also obtain copies of

the Plan and the Disclosure Statement free of charge from the Debtors' website at

http://chapter11.epiqsystems.com/tribune.  Any request from a Holder of a Customer Program Claim to vote on

the Plan must be received on or prior to **July 14, 2010 at 4:00 p.m. (prevailing Eastern time)**.

7.      Because the Debtors have already been granted authority by the Court to continue their Customer

Programs and to honor all of their obligations to Holders of Customer Program Claims, the Debtors reserve the

right to satisfy—and thereby eliminate—your Customer Program Claim, in which case, you will not be entitled to

vote on the Plan.

Dated:  [____], 2010
SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel for Debtors and Debtors In Possession

**EXHIBIT G: CREDIT/REFUND NOTICE**

**Credit/Refund Notice**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE TO HOLDERS OF CERTAIN CUSTOMER PROGRAM CLAIMS CONCERNING VOTING AND TREATMENT OF SUCH CLAIMS UNDER AMENDED JOINT PLAN OF REORGANIZATION

1.      On May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan"). Capitalized terms not defined herein have the meanings given to them in the Plan.

2.      A hearing (the "Confirmation Hearing") will be held on **August 16, 2010 at 10:00 a.m. Eastern Time** before the Other Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Plan, and for such other and further relief as may be just. The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

3.    On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

4.    You have received this notice because the Debtors' books and records indicate that you may have a remaining subscription balance or advertising credit or other refund with one of the Debtors. As a result, you may have a General Unsecured Claim against one of the Debtors and may be entitled to vote on the Plan.

5.    On December 10, 2008, the Court entered an order authorizing the Debtors, in their sole discretion and in the ordinary course of business, to honor and perform all obligations in respect to any Claim that arises from one of the Debtors' Customer Programs.[2] Because the Debtors are authorized, but not required, to pay Customer Program Claims, and given the de minimis nature of the overwhelming majority of the Customer Program Claims and the Debtors' prior efforts to contact holders of Customer Program Claims, the Solicitation Order provides that the Debtors are not required to distribute copies of materials other than this notice to holders of Customer Program Claims. Accordingly, you will not receive copies of the Plan and the Disclosure Statement, nor will you receive a Ballot for voting on the Plan, unless you request them from the Debtors.

6.    If you would like to vote on the Plan, you may request copies of the Plan, the Disclosure Statement, and an appropriate Ballot by contacting the Voting Agent and requesting a Tribune Customer Program Voting Package. You may make such a request in any of the following ways: (i) by first-class mail addressed to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; (iii) by email at tribunevote@epiqsystems.com; or (iv) by telephone at (888) 287-7568. You may also obtain copies of the Plan and the Disclosure Statement free of charge from the Debtors' website at http://chapter11.epiqsystems.com/tribune. Any request from a Holder of a Customer Program Claim to vote on the Plan must be received on or prior to **July 14, 2010 at 4:00 p.m. (prevailing Eastern time)**.

7.    Because the Debtors have already been granted authority by the Court to continue their Customer Programs and to honor all of their obligations to Holders of Customer Program Claims, the Debtors reserve the right to satisfy—and thereby eliminate—your Customer Program Claim, in which case, you will not be entitled to vote on the Plan.

Dated:  [___], 2010

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-0199
Facsimile: (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

Counsel for Debtors and Debtors In Possession

---

[2] The "Customer Programs" are described more fully in the Motion of the Debtors for an Order Authorizing, but not Requiring, the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business [filed Dec. 8, 2008, Docket No. 8]. Nothing contained herein shall constitute, nor shall it be construed as, a request to assume or adopt any executory contract with respect to any customer. The Debtors expressly reserve all rights with respect to the continuation or cessation of any contract with any customer and the assumption, adoption, modification or rejection of any executory contract with any customer. Furthermore, the Debtors reserve the right to contest the amounts claimed to be due under any Customer Program, if any, by any customer in the ordinary course of business.

2