# Exhibit A

```
              IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF DELAWARE


IN RE:                          )    Case No. 08-13141-KJC
                                )
                                )
TRIBUNE COMPANY,                )
                                )    Chapter 11
                                )
                                )    Courtroom 5
                                )    824 Market Street
          Debtors.              )    Wilmington, Delaware
                                )
                                )    March 23, 2010
                                )    10:58 a.m.

                  TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtors:           Cole, Schotz, Meisel, Forman
                           & Leonard, P.A.
                           BY: NORMAN PERNICK, ESQ.
                           500 Delaware Avenue
                           Suite 1410
                           Wilmington, DE 19801
                           (302) 652-3131
                                -AND-
                           Sidley Austin, LLP
                           BY: BRYAN KRAKAUER, ESQ.
                           BY: JONATHAN LOTSOFF, ESQ.
                           BY: CANDICE KLINE, ESQ.
                           BY: GABRIEL MACCONAILL, ESQ.
                           One South Dearborn
                           Chicago, IL 60603
                           (312) 853-7000

(Appearances continued.)

ECRO:                      Al Lugano

Transcription Service:     DIAZ DATA SERVICES
                           331 Schuylkill Street
                           Harrisburg, Pennsylvania 17110
                           (717) 233-6664

Proceedings recorded by electronic sound recording;
transcript produced by transcription service
```

1        We have agreed that the existing record with
2   respect to those programs may be incorporated into any
3   future proceedings and considered, and we think that that
4   addresses the majority of the objections as we understand
5   them.
6        With respect to the Guild's request that
7   dismissal be with prejudice, we don't think that's
8   appropriate under the applicable rules governing dismissals
9   and, also, we would object to that request in that it could
10  be deemed a denial on the merits which would be counter to
11  the suggestion that we incorporate these programs into a
12  POR.
13       THE COURT: Well -- so that I'm clear, regardless
14  of what my expressed words were at the hearing, I didn't
15  suggest that the part of the plan that was proposed and
16  which I had under advisement should or could be the same
17  plan that was under consideration or that I would approve it
18  in the context of the confirmation. I think it's
19  appropriate that whatever record was made would be included
20  in whatever presumably confirmation hearing record was made
21  if there were still objections to it.
22       But, you know, I -- let's put it this way. It
23  must have become obvious to the debtor and others that based
24  upon the record that was made I had some reluctance with
25  respect to the two components that I did not rule on, but

1 thought if the debtor got to the point of confirmation it
2 might -- it might be more appropriate to consider that or
3 whatever modified plans were proposed in that connection,
4 and I say that without any inclination of whether in that
5 context it should be approved or not. I say that just not
6 for your benefit or -- but for the benefit of the objectors.
7 	Okay. Anything further in support of the motion?
8 	MR. LOTSOFF: Nothing further, Your Honor.
9 	THE COURT: All right. Let me hear from others.
10 	MR. SIMON: Good morning, Your Honor. Chris
11 Simon on behalf of The Guild.
12 	Your Honor, first of all, The Guild just wants --
13 we appreciate the Court's indulgence of our objection on the
14 20 -- I think it was the 25th of September. And as you
15 know, it was a long day and The Guild put a lot of time and
16 effort into that objection and that hearing. And,
17 certainly, when The Guild was presented with a motion, one
18 of the key concerns it had was the cost and effort and time
19 that it would take to respond appropriately and give the
20 Court what we felt was an adequate and a well-founded
21 objection.
22 	And with the proposed dismissal now that the
23 debtor has filed, The Guild, I think, is concerned -- and I
24 think rightly so -- that it will face yet another request
25 and yet another requirement that it hold an evidentiary