IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Objection Deadline: June 9, 2010 at 4:00 p.m. (ET)**<br>**Hearing Date: June 16, 2010 at 11:00 a.m. (ET)**<br>Related to Docket No. 4620 |

## MOTION OF THE DEBTORS TO FILE UNDER SEAL AN EXHIBIT TO MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A MANAGEMENT INCENTIVE PLAN FOR 2010

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order pursuant to Section 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-5860396V2

Rules") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file under seal an unredacted copy of Mercer (U.S.), Inc.'s ("Mercer") report dated May 26, 2010 (such report referred to generally as the "Mercer Report," and such unredacted version of the Mercer Report referred to as the "Unredacted Mercer Report") reviewing and analyzing the Debtors' proposed 2010 Management Incentive Plan ("2010 MIP"). A redacted copy of the Mercer Report (the "Redacted Mercer Report") is attached as Exhibit D to the Motion of the Debtors for an Order Authorizing the Debtors to Implement a Management Incentive Plan for 2010 (the "Incentive Plan Motion"). As discussed below, in the Redacted Mercer Report, the Debtors have redacted certain confidential and proprietary information, including compensation and business information, that is set forth in the Unredacted Mercer Report. In support of this Motion, the Debtors respectfully represent and state as follows:

## STATUS OF CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), Tribune and certain of its subsidiaries each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

2. The Debtors have continued in possession of their respective properties and have continued to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On December 18, 2008, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Creditors

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Committee"). No request has been made for the appointment of a trustee. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are Section 107(b) of the Bankruptcy Code, along with Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## BACKGROUND TO MOTION

4. Concurrently with this Motion, the Debtors are filing the Incentive Plan Motion, seeking authorization to implement the 2010 MIP, as described in the Incentive Plan Motion.

5. In order to ensure that the proposed 2010 MIP and payment opportunities thereunder are reasonable and competitive relative to the market and appropriate for companies in bankruptcy, Tribune Company, under the leadership of the Compensation Committee of its Board of Directors, retained an outside compensation consultant, Mercer,[3] to independently review and evaluate the 2010 MIP and those payment opportunities. Mercer's analysis and conclusions are set out in the Mercer Report. As stated, the Redacted Mercer Report is attached as Exhibit D to the Incentive Plan Motion.

6. The Unredacted Mercer Report contains, among other data, information relating to the compensation of several management-level employees of the Debtors (and at least one non-Debtor management-level employee) that is not publicly available, including without limitation compensation information presented on an individualized basis. It also contains financial performance goals and related information for specific business units on an

---

[3] Mercer is one of the leading compensation consultants in the United States. Among other things, Mercer assists companies in analyzing and determining reasonable and equitable compensation packages and ranges to appropriately compensate and motivate executives, managers and other employees. See www.mercer.com.

3

individualized basis, which stem from the Debtors' operating plan. The Debtors respectfully submit that such compensation and business information and related analyses are confidential and warrant protection from public disclosure when the Incentive Plan Motion is filed. The Debtors have redacted confidential and proprietary information in the Redacted Mercer Report.

7. The redactions made in the Redacted Mercer Report are consistent with the redactions previously made to the Mercer report dated July 22, 2009 ("2009 Mercer Report"), which the Debtors filed in support of the Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives ("2009 MIP Motion") [D.I. 1800]. The 2009 Mercer Report contained confidential information comparable to that set forth in the current Mercer Report at issue in this Motion. For that reason, the Debtors filed a Motion of the Debtors to File Under Seal an Exhibit to Motion of the Debtors for an Order Authorizing the Debtors to Implement a 2009 Management Incentive Plan and to Pay Earned 2008 Management Incentive Plan Awards to Certain Executives ("2009 Seal Motion") [D.I. 1801]. By Order dated August 13, 2009 [D.I. 1954], this Court granted the 2009 Seal Motion with respect to all information redacted from the 2009 Mercer Report. In doing so, the Court described the redactions made by the Debtors to the 2009 Mercer Report as "principled" at the August 11, 2009 hearing on the 2009 Seal Motion (the "August 11, 2009 Hearing"). See Transcript of August 11, 2009 Hearing, at 20 (excerpts attached hereto as Exhibit B).

## RELIEF REQUESTED

8. The Debtors respectfully request that this Court enter an order authorizing the Debtors to file the Unredacted Mercer Report under seal and directing that the Unredacted Mercer Report remain under seal, confidential, and not be made available to anyone, except to (1) the United States Trustee, (2) the Creditors Committee, (3) the original Senior Lender Settlement Committee signatories to the Settlement Support Agreement with the Debtors (the "Settlement Committee Members"), and (4) those parties who have signed an appropriate confidentiality agreement with the Debtors and who the Debtors determine, in their sole discretion, have a reasonable basis for reviewing the Unredacted Mercer Report, as described more fully below, without further order of the Bankruptcy Court.[4] The Debtors further request that the Court order that all responses and/or objections, if any, to the Incentive Plan Motion that contain or reflect confidential information contained in the Unredacted Mercer Report but redacted in the Redacted Mercer Report, or any other confidential information supplied by the Debtors to various parties in conjunction with the Incentive Plan Motion, be filed with the Court under seal.

## BASIS FOR RELIEF REQUESTED

9. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –

---

[4] A copy of the Unredacted Mercer Report will be submitted to the Court in a separate prominently marked envelope as directed by Local Rule 9018-1(b).

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information. . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L. R. 9018-1(b).

11. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc., v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." See In re Orion Pictures Corp., 21 F.3d at 27.

12. The Debtors submit that the information contained in the Unredacted Mercer Report that is redacted in the Redacted Mercer Report satisfies Section 107(b) because it contains confidential and sensitive commercial information. Commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them

information as to the commercial operations of the debtor." In re Orion Pictures Corp., 21 F.3d at 27.

13. Absent the relief requested herein, the Unredacted Mercer Report would divulge confidential and sensitive information relating to the compensation of several officers and other management-level employees of the Debtors. Public dissemination of confidential compensation information would provide the Debtors' competitors with a substantial and unfair competitive advantage, including in the recruiting and hiring of key management employees away from the Debtors, to the severe detriment of the Debtors and their estates. Such information also could provide the Debtors' competitors with insights into the commercial operations and strategies of the Debtors with regard to employee compensation. Moreover, such information likely would affect employee morale as they compared their compensation to that of their peers, and could adversely impair the Debtors' ability to negotiate and maintain favorable employment terms in the future. Dissemination of business-unit-specific information, including regarding the Debtors' operating plan and performance goals, also would likely prejudice the Debtors' interests by giving their competitors insights into the Debtors' financial and operational planning and performance expectations. In order to safeguard against such prejudice, the Debtors respectfully submit that permitting the Debtors to file the Unredacted Mercer Report under seal is appropriate in this context. The Debtors further submit that no purpose would be served by the disclosure of the confidential compensation information to the general public.

14. The Debtors respectfully submit that granting this Motion is also consistent with this Court's Order dated August 13, 2009, which permitted the Debtors to file under seal an unredacted copy of the 2009 Mercer Report in support of the 2009 MIP Motion. As stated, the unredacted 2009 Mercer Report contained confidential information comparable to

that set forth in the Unredacted Mercer Report at issue in this Motion, and the Court found the Debtors' redactions from the 2009 Mercer Report to be "principled." See Exhibit B (Transcript of August 11, 2009 Hearing, at 20). The Debtors have made comparable redactions from the Mercer Report at issue in this Motion, and submit that granting of this Motion is warranted for the same reasons.

15. To ensure that the key constituencies in these cases receive adequate disclosure, the Debtors as noted have filed the Redacted Mercer Report as Exhibit D to the Incentive Plan Motion. The Redacted Mercer Report excludes information that is confidential and proprietary, with respect to which the Debtors seek protection under this Motion. The Debtors have already provided copies of the Unredacted Mercer Report to counsel for the Creditors Committee and counsel for the Settlement Committee Members pursuant to confidentiality agreements already in place. The Debtors also are providing a copy of the Unredacted Mercer Report to counsel to the United States Trustee. The Debtors will provide copies of the Unredacted Mercer Report to other interested parties so long as they provide assurances acceptable to the Debtors of confidentiality and, in the Debtors' sole judgment, have a reasonable basis for reviewing the Unredacted Mercer Report. The Debtors submit that such disclosure will provide sufficient safeguards to ensure that the relief requested in this Motion will not adversely affect the interests of parties to this Chapter 11 proceeding.

## NOTICE

16. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Creditors Committee; (vi) counsel to the Senior Lender Settlement Committee;

(vii) counsel to the administrative agent for the Debtors' postpetition financing facility; and (viii) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached as Exhibit A authorizing the Debtors to file the Unredacted Mercer Report under seal and granting such other and further relief as is justified and proper.

Dated: Wilmington, Delaware
May 26, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP

Bryan Krakauer
Kevin T. Lantry
Jonathan D. Lotsoff
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION