# EXHIBIT 2

## BLACK LINE AND CLEAN EXHIBIT A– BALLOTS

[Black Line Reflecting All Changes to Exhibit A
Filed with the Solicitation Motion on April 29, 2010]

**BLACK LINE EXHIBIT A**

## EXHIBIT A: BALLOTS

<u>**Senior Loan Claims/Senior Loan Guaranty Claims – Classes 1C and 50C through 111C**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS C CLAIMS (<u>SENIOR</u> LOAN CLAIMS AND <u>SENIOR</u> LOAN GUARANTY CLAIMS) TO ACCEPT OR REJECT <u>AMENDED</u> JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

   THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS C <u>SENIOR</u> LOAN CLAIMS AND <u>SENIOR</u> LOAN GUARANTY CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>").**  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.  PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.

   Please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the <u>Amended</u> Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated ~~April 12,~~ <u>May 24,</u> 2010 (as may be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [    ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class C Senior Loan Claims and Senior Loan Guaranty Claims under the Plan are Claims arising under:

(i)      that certain Credit Agreement, dated as of May 17, 2007, among Tribune Company ("Tribune"), certain lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, Merrill Lynch Capital Corporation, as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A., as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time), together with those certain increase joinders, dated as of December 20, 2007, among Tribune, certain lenders party thereto and JPMorgan Chase Bank, N.A., as administrative agent (as amended, restated, supplemented or otherwise modified from time to time, the "Senior Loan Agreement");

(ii)      that certain Pledge Agreement, dated as of June 4, 2007, between Tribune and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time);

(iii)      that certain Guarantee Agreement, dated as of June 4, 2007, among Tribune, each of the subsidiaries of Tribune listed on Annex I thereto, and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time); and

(iv) that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, among Tribune, certain lenders party thereto, Merrill Lynch Capital Corporation, as administrative agent, JPMorgan Chase Bank, N.A., as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A. as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time, the "Bridge Loan Agreement");

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

~~(v)  that certain Guarantee Agreement, dated as of December 20, 2007, among Tribune, each of the subsidiaries of Tribune listed on Annex I thereto, and Merrill Lynch Capital Corporation (as amended, restated, supplemented or otherwise modified from time to time); and~~

(iv)    ~~(vi)~~ in the case of claims asserted by Barclays Bank PLC, that certain 1992 ISDA Master Agreement, dated as of July 2, 2007, between Barclays Bank PLC and Tribune.

If you hold Claims against any of the Debtors other than Senior Loan Claims and Senior Loan Guaranty Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan.  You must vote all Senior Loan Claims and Senior Loan Guaranty Claims of which you are a Holder either to accept or reject the Plan.  Holders of Senior Loan Claims and Senior Loan Guaranty Claims will vote such Claims together under the Plan, with such votes to be counted as a vote to accept or reject the Plan in (i) Class 1C (against Tribune) and (ii) each of Classes 50C through 111C (against the Filed Subsidiary Debtors).  In addition, the Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior ~~Loan Agreement and the Bridge~~ Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of this Ballot (a "Guarantor Non-Debtor").  Your vote to accept or reject the Plan as reflected on this Ballot will also be counted as a vote to accept or reject the Prepackaged Plan of any Guarantor Non-Debtor.

If the Plan (including any Prepackaged Plan) is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim/Senior Loan Guaranty Claim against Tribune Company and the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE.[3]  The Holder of the Senior Loan Claim/Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

---

[3] Section 11.2.2 of the Plan provides that each Person ~~who~~that votes to accept the Plan~~, or who votes to reject the Plan but does not check~~ or that checks the box in Item 3 of this Ballot, shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

☐   to ACCEPT the Plan                    ☐   to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan ~~or if you do not cast a vote with respect to the Plan~~, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. ~~However, if~~If you vote to reject the Plan, you ~~are entitled to~~may elect ~~not~~to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. ~~Election not to grant the releases is at your option. If you vote to reject the Plan and submit~~If you do not return your Ballot ~~without this box checked~~, you will be deemed not to have ~~consented to~~granted the releases set forth in Section 11.2.2 of the Plan ~~to the fullest extent permitted by applicable law~~. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2~~11.2.2~~ of the Plan.**

☐    The undersigned elects ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION. By signing this Ballot, the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim identified in Item 1 certifies that it:

a.   is the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

b.   has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

c.   has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name:   _____
              (Print or Type)

Signature:_____

---

        A vote to accept the Plan is also (i) an acceptance of the compromise and settlement set forth in the Plan, including, without limitation, section 11.2.5 of the Plan, by and among the Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Plan. The Disclosure Statement and the Plan should be referenced for a complete description of all releases set forth therein.

        Whether or not you vote to accept the Plan, if the Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully.  Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the box in Item 3 only if you voted to reject the Plan and elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.  Election ~~not~~ to grant such releases is at your option.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~11.2.2 of the Plan.**  If you submit your Ballot ~~without~~<u>with</u> the box in Item 3 checked (or if you vote to accept the Plan ~~or do not cast a vote to accept or reject the Plan~~), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)  Review and complete the certifications in Item 4;

    e)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

    f)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

    g)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order.  **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Bridge Loan Claims – Class 1D**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[4] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF CLASS 1D CLAIMS (BRIDGE LOAN CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1D BRIDGE LOAN CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession

---

[4]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

in the above-captioned chapter 11 cases (the "Debtors").[5]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [    ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class 1D Bridge Loan Claims under the Plan are Claims arising under  that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, among Tribune, certain lenders party thereto, Merrill Lynch Capital Corporation, as administrative agent, JPMorgan Chase Bank, N.A., as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A. as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time, the "Bridge Loan Agreement),

If you hold Claims against any of the Debtors other than Bridge Loan Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).  You may not split your vote on the Plan.  You must vote all Bridge Loan Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the aggregate unpaid amount set forth below.

$_____

_____    **The preprinted amount of your Claim as set forth above controls for voting purposes.**

---

[5]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 2.    VOTE.[6]  The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

□  to ACCEPT the Plan          □  to REJECT the Plan

ITEM 3.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.4.2(b)(ii)(B) OF THE PLAN IF BRIDGE LOAN CLAIMS CLASS REJECTS THE PLAN.  Each Holder of a Bridge Loan Claim may, even if the Bridge Loan Claim Class fails to accept the Plan, elect for itself on account of its Bridge Loan Claim the Plan treatment offered by the Debtors to the Class of Holders of Bridge Loan if such Class had accepted.  You should therefore make one of the following choices, which shall apply only in the event that (i) the Class of Bridge Loan Claims fails to approve the Plan, and (ii) the Plan is confirmed and becomes effective nonetheless:

□  The undersigned elects to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan in the event the Bridge Loan Claims Class rejects the Plan.

□  The undersigned elects not to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan in the event the Bridge Loan Claims Class rejects the Plan.

Please note that if you do not check any box in Item 3 and the Bridge Loan Claims Class votes to reject the Plan, then: (i) if you vote to accept the Plan you will be deemed to have chosen to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan, and (ii) if you vote to reject the Plan, or if you do not return a Ballot, you will be deemed to have chosen not to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan.

ITEM 4.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  **If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.**

□  The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[6] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 4 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

3

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

    a.    is the Holder of the Bridge Loan Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

    b.    has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

    c.    has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
(Print or Type)

Signature: _____

By: _____
(If Appropriate)
Title: _____
(If Appropriate)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE**

**VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## <u>VOTING INSTRUCTIONS</u>

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be actually received by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the appropriate box in Item 3. The Plan provides in Section 3.4.2(b)(ii)(B) that each Holder of a Bridge Loan Claim may, even if the Bridge Loan Claims Class fails to accept the Plan, elect for itself on account of its Bridge Loan Claim, the Plan treatment offered by the Debtors to the Class of Holders of Bridge Loan Claims if such Class had accepted. That treatment, which is described in more detail in the Plan, includes, without limitation, having such Holder's Bridge Loan Claim treated as an Allowed Claim, obtaining releases and certain indemnities from the Reorganized Debtors, and receiving consideration with a value calculated to equal 0.44% of such Bridge Loan Claim. Please note that if you do not check any box in Item 3 and the Bridge Loan Claims Class votes to reject the Plan, then: (i) if you vote to accept the Plan you will be deemed to have chosen to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan, and (ii) if you vote to reject the Plan, or if you do not return a Ballot, you will be deemed to have chosen not to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan.

   d) If desired, check the box in Item 4 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 4 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   e) Review and complete the certifications in Item 5;

   f) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

   g) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

   h) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy

Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

<u>PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.</u>

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5014 New York, NY 10150-5014 | Tribune Company Ballot Processing Center c/o Epiq Bankruptcy Solutions 757 Third Avenue, Third Floor New York, NY 10017 |

<u>Senior Noteholder Claims – Class 1~~D~~E</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[47] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR BENEFICIAL OWNERS OF CLASS 1~~D~~E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT <u>AMENDED</u> JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1~~D~~E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**. IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "<u>VOTING NOMINEE</u>"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS

---

[47] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "<u>Beneficial Ballot</u>") to cast your vote to accept or reject the <u>Amended</u> Joint Plan of Reorganization of Tribune Company and Its Subsidiaries<u>, dated May 24, 2010</u> (as may be amended and supplemented from time to time, the "<u>Plan</u>"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>").[58] The Plan is <u>Exhibit A</u> to the Disclosure Statement (as may be amended or supplemented from time to time, the "<u>Disclosure Statement</u>"). The Plan and Disclosure Statement, together with other materials, accompany this Beneficial Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "<u>Solicitation Order</u>"), which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

<u>On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.</u>

Your Claim has been placed in Class 1~~D~~E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

---

[58] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

You may not split your vote on the Plan.  You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[62]  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐   to ACCEPT the Plan          ☐   to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan ~~or if you do not cast a vote with respect to the Plan~~, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. ~~However, if~~If you vote to reject the Plan, you ~~are entitled to~~may elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. ~~Election not to grant the releases is at your option.  If you vote to reject the Plan and submit~~If you do not return your Ballot ~~without this box checked~~, you will ~~be deemed not to~~ have ~~consented to~~granted the releases set forth in Section 11.2.2 of the Plan ~~to the fullest extent permitted by applicable law~~. Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you ~~are electing not to grant~~will have consented to the releases ~~contained~~set forth in Section 11.2.2 of the Plan.  **If you ~~choose~~vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing** not to grant the releases contained in Section 11.2.2 ~~of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2~~ of the Plan.

☐    The undersigned elects ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN ADDITIONAL ACCOUNTS.

---

[62] Section 11.2.2 of the Plan provides that each Person ~~who~~that votes to accept the Plan~~, or who votes to reject the Plan but does not check~~ or that checks the box in Item 3 of this Ballot~~,~~ shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots ("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER CLASS 1DE SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1DE Senior Noteholder Claims to either accept or reject the Plan. No split votes will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in respect of Class 1DE Senior Noteholder Claims, those votes will not be counted.

ITEM 5.    CERTIFICATION. By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.   is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all ~~othe~~of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.   has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.   is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
              (Print or Type)

Signature:_____

By:_____

4

(If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, any debt instruments. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot. Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED. PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

10. ~~1.~~ All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

11. ~~2.~~ Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

12. ~~3.~~ If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

13. ~~4.~~ You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

14. ~~5.~~ In order for your vote to count, you must:

    a) Verify the amount listed in Item 1;

    b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan. Election ~~not~~ to grant such releases is at your option. <u>If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.</u> **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~11.2.2 of the Plan.** If you submit your Ballot ~~without~~with the box in Item 3 checked (or if you vote to accept the Plan ~~or do not cast a vote to accept or reject the Plan~~), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d) Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

    e) Review the certifications in Item 5;

    f) Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

    g) If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

    h) Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

15. ~~6.~~ If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

16. ~~7.~~ To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification,

the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

17. 8. Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

18. 9. After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

19. 10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**Other Parent Claims – Class 1F̶E̶**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[710] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS 1F̶E̶ CLAIMS (OTHER PARENT CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1F̶E̶ CLAIMS (OTHER PARENT CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE").**  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or

---

[710] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[11] The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement"). The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [    ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1EF under the Plan because you have been identified as a Holder of an Other Parent Claim against Debtor Tribune Company. If you hold Claims against any of the Debtors other than the Claims shown on this Ballot, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed Other Parent Claims against Tribune Company will receive an amount of Distributable Cash equal to 35.18% of the aggregate amount of such Holder's Allowed Other Parent Claim.

As a Holder of a Class 1EF Other Parent Claim against Tribune Company, you have the right to elect to have your Claim treated as a Class 1FG Convenience Claim under the Plan. If you make this election (which is in Item 2 below), your Class 1EF Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000), and your Claim will receive the treatment set forth in the Plan for Class 1FG Convenience Claims instead of the treatment afforded to Class 1EF Other Parent Claims, and you will be automatically deemed to accept the Plan and your vote will not be counted.

You may not split your vote on the Plan. You must vote all Other Parent Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[11] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.  AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.  CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Class 1~~F~~G Convenience Claim under the Plan. Claims in Class 1~~F~~G (Convenience Claims) will be paid in full, provided that post-petition interest will not be paid on any Claim in Class 1~~F~~G. Claims in Class 1~~F~~G are Unimpaired under the Plan and are presumed to accept the Plan. Accordingly, if you elect to have your Claim treated as a Class 1~~F~~G Convenience Claim, you are automatically deemed to accept the Plan and your vote to accept or reject the Plan will not be counted.

☐  The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Class 1~~F~~G Convenience Claim under the Plan.

ITEM 3.  VOTE.[12] (ONLY COMPLETE THIS ITEM IF YOU DID NOT CHECK THE BOX IN ITEM 2 ABOVE).  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan          ☐  to REJECT the Plan

ITEM 4.  RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU DID NOT MAKE THE CONVENIENCE CLASS ELECTION AND YOU VOTED TO REJECT THE PLAN IN ITEM 3 ABOVE.**  If you return a Ballot and vote to accept the Plan ~~or if you do not cast a vote with respect to the Plan~~, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you made the Convenience Class Election in Item 2 above, you also will have automatically consented to the releases contained in Section 11.2.2 of the Plan. ~~However, if~~If you vote to reject the Plan, you ~~are entitled to~~may elect ~~not~~to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. ~~Election not to grant such releases is at your option.  If you vote to reject the Plan and submit~~If you do not return your Ballot ~~without this box checked~~, you will be deemed not to have ~~consented to~~granted the releases set forth in Section 11.2.2 of the Plan ~~to the fullest extent permitted by applicable law~~. Election to grant such releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan. **If you**

_____

[12] Section 11.2.2 of the Plan provides that each Person ~~who~~that votes to accept the Plan~~, or who votes to reject the Plan but does not check~~ or that checks the box in Item 3~~4~~ of this Ballot~~,~~ shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

3

**choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~11.2.2 of the Plan.**

☐  The undersigned elects ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Claim identified in Item 1 certifies that it:

a.  is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

b.  has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

c.  has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
            (If Appropriate)

Title:_____
            (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

4

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) If desired, check the box in Item 2 if you elect to have your Class 1~~E~~F Other Parent Claim treated as a Class 1~~E~~G Convenience Claim under the Plan. If you make this election, your Class 1~~E~~F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000). In addition, if you make the Convenience Class Election in Item 2 of the Ballot, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Plan for Class 1~~E~~G Convenience Claims instead of the treatment afforded to Class 1~~E~~F Other Parent Claims; and (c) your vote to accept or reject the Plan will not be counted.

   c) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 3 only if you did not elect to have your Class 1~~E~~F Other Parent Claim treated as a Class 1~~E~~G Convenience Claim;

   d) If desired, check the box in Item 4 only if you voted to reject the Plan and elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan. Election ~~not~~ to grant such releases is at your option.  <u>If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.</u>  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~<u>11.2.2</u> of the Plan**. If you submit your Ballot ~~without~~<u>with</u> the box in Item 4 checked (or if you vote to accept the Plan ~~or do not cast a vote to accept or reject the Plan~~), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   e) Review and complete the certifications in Item 5;

   f) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

   g) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

   h) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by

the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

2

**General Unsecured Claims against Filed Subsidiary Debtors – Classes 2E through 111E**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[~~10~~13] <br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS 2E THROUGH 111E CLAIMS (GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASSES 2E THROUGH 111E GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT

---

[~~10~~13] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Chicago National League Ball Club, LLC (0347); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the <u>Amended</u> Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, <u>dated May 24, 2010</u> (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[11][14]  The Plan is <u>Exhibit A</u> to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, among other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [     ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

<u>On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.</u>

Your Claims have been placed in one of Classes 2E through 111E under the Plan because you have been identified as a Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors.  The number of the particular Class into which your Claim has been placed corresponds to the number of the particular Filed Subsidiary Debtor against which your Claim may be asserted, according to the claims register maintained in the Debtors' chapter 11 cases or the Debtors' books and records, as applicable.  The number assigned to each Filed Subsidiary Debtor is set forth on Appendix A to the Plan. If you hold Claims against any of the Debtors other than General Unsecured Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed General Unsecured Claims against the Filed Subsidiary Debtors will receive payment in full in Cash on account of such Allowed General Unsecured Claims under the Plan, provided that such payment may be reduced in certain circumstances if the total amount of all Allowed General Unsecured Claims is estimated to exceed $150 million.  Post-petition interest will not be paid on account of any Allowed General Unsecured Claim.

You may not split your vote on the Plan.  You must vote all General Unsecured Claims against the Filed Subsidiary Debtors in Classes 2E through 111E of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[11][14]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.    AGGREGATE AMOUNT OF GENERAL UNSECURED CLAIMS.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of General Unsecured Claims against the relevant Filed Subsidiary Debtor in the aggregate unpaid amount set forth below.

Debtor _____

Class _____

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE.[1215]  The Holder of the General Unsecured Claims set forth above hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan            ☐  to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan ~~or if you do not cast a vote with respect to the Plan~~, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  ~~However, if~~If you vote to reject the Plan, you ~~are entitled to~~may elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  ~~Election not to grant such releases is at your option.  If you vote to reject the Plan and submit~~If you do not return your Ballot ~~without this box checked,~~ you will ~~be deemed not to~~ have ~~consented to~~granted the releases set forth in Section 11.2.2 of the Plan.  Election to ~~the fullest extent permitted by applicable law~~grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section ~~11.2~~11.2.2 of the Plan.**

☐    The undersigned elects ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the General Unsecured Claim identified in Item 1 certifies that it:

a.  is the Holder of the General Unsecured Claim(s) to which this Ballot pertains or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

---

[1215] Section 11.2.2 of the Plan provides that each Person ~~who~~that votes to accept the Plan, ~~or who votes to reject the Plan but does not check~~ or that checks the box in Item 3 of this Ballot, shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

b.   has been provided with a copy of the Plan, the Disclosure Statement, and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

c.   has not submitted any other Ballots relating to its General Unsecured Claims that are inconsistent with the vote as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name:   _____
            (Print or Type)

Signature:_____

By:_____
         (If Appropriate)

Title:_____
         (If Appropriate)

Street Address: _____

         _____

City, State, Zip Code:_____

Telephone Number:_____

Email:_____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully.  Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on July 30, 2010, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3. In order for your vote to count, you must:

    a) Verify the amount listed in Item 1;

    b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect ~~not~~ to grant the releases contained in Section 11.2.2 of the Plan.  Election ~~not~~to grant such releases is at your option.  <u>If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.</u>  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you will not receive the benefit of the releases set forth in Section ~~11.2~~11.2.2 of the Plan.**  If you submit your Ballot ~~without~~<u>with</u> the box in Item 3 checked (or if you vote to accept the Plan ~~or do not cast a vote to accept or reject the Plan~~), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law~~.~~;

    d) Review and complete the certifications in Item 4;

    e) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

    f) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    g) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>").  A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules.  **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**CLEAN EXHIBIT A**

## EXHIBIT A: BALLOTS

<u>**Senior Loan Claims/Senior Loan Guaranty Claims – Classes 1C and 50C through 111C**</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS C CLAIMS (SENIOR LOAN CLAIMS AND SENIOR LOAN GUARANTY CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS C SENIOR LOAN CLAIMS AND SENIOR LOAN GUARANTY CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2] The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement"). The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class C Senior Loan Claims and Senior Loan Guaranty Claims under the Plan are Claims arising under:

(i)    that certain Credit Agreement, dated as of May 17, 2007, among Tribune Company ("Tribune"), certain lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, Merrill Lynch Capital Corporation, as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A., as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time), together with those certain increase joinders, dated as of December 20, 2007, among Tribune, certain lenders party thereto and JPMorgan Chase Bank, N.A., as administrative agent (as amended, restated, supplemented or otherwise modified from time to time, the "Senior Loan Agreement");

(ii)    that certain Pledge Agreement, dated as of June 4, 2007, between Tribune and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time);

(iii)    that certain Guarantee Agreement, dated as of June 4, 2007, among Tribune, each of the subsidiaries of Tribune listed on Annex I thereto, and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time); and

(iv)    in the case of claims asserted by Barclays Bank PLC, that certain 1992 ISDA Master Agreement, dated as of July 2, 2007, between Barclays Bank PLC and Tribune.

If you hold Claims against any of the Debtors other than Senior Loan Claims and Senior Loan Guaranty Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

You may not split your vote on the Plan. You must vote all Senior Loan Claims and Senior Loan Guaranty Claims of which you are a Holder either to accept or reject the Plan. Holders of Senior Loan Claims and Senior Loan Guaranty Claims will vote such Claims together under the Plan, with such votes to be counted as a vote to accept or reject the Plan in (i) Class 1C (against Tribune) and (ii) each of Classes 50C through 111C (against the Filed Subsidiary Debtors). In addition, the Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of this Ballot (a "Guarantor Non-Debtor"). Your vote to accept or reject the Plan as reflected on this Ballot will also be counted as a vote to accept or reject the Prepackaged Plan of any Guarantor Non-Debtor.

If the Plan (including any Prepackaged Plan) is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim/Senior Loan Guaranty Claim against Tribune Company and the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE.[3] The Holder of the Senior Loan Claim/Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐ to ACCEPT the Plan          ☐ to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

A vote to accept the Plan is also (i) an acceptance of the compromise and settlement set forth in the Plan, including, without limitation, section 11.2.5 of the Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Plan. The Disclosure Statement and the Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Plan, if the Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

3

contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐　　　The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.　　CERTIFICATION.  By signing this Ballot, the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim identified in Item 1 certifies that it:

　　a.　is the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

　　b.　has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

　　c.　has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
　　　　(Print or Type)

Signature:_____

By:_____
　　　　(If Appropriate)
Title:_____
　　　　(If Appropriate)

Street Address:_____

　　　　_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

4

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)  Review and complete the certifications in Item 4;

    e)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

    f)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

    g)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7.  Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9.  If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**Bridge Loan Claims – Class 1D**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF CLASS 1D CLAIMS (BRIDGE LOAN CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1D BRIDGE LOAN CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE").** DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [      ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class 1D Bridge Loan Claims under the Plan are Claims arising under  that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, among Tribune, certain lenders party thereto, Merrill Lynch Capital Corporation, as administrative agent, JPMorgan Chase Bank, N.A., as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A. as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time, the "Bridge Loan Agreement").

If you hold Claims against any of the Debtors other than Bridge Loan Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).  You may not split your vote on the Plan.  You must vote all Bridge Loan Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 2.    VOTE.[3] The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐    to ACCEPT the Plan          ☐    to REJECT the Plan

ITEM 3.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.4.2(b)(ii)(B) OF THE PLAN IF BRIDGE LOAN CLAIMS CLASS REJECTS THE PLAN. Each Holder of a Bridge Loan Claim may, even if the Bridge Loan Claim Class fails to accept the Plan, elect for itself on account of its Bridge Loan Claim the Plan treatment offered by the Debtors to the Class of Holders of Bridge Loan if such Class had accepted. You should therefore make one of the following choices, which shall apply only in the event that (i) the Class of Bridge Loan Claims fails to approve the Plan, and (ii) the Plan is confirmed and becomes effective nonetheless:

☐    The undersigned elects to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan in the event the Bridge Loan Claims Class rejects the Plan.

☐    The undersigned elects not to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan in the event the Bridge Loan Claims Class rejects the Plan.

Please note that if you do not check any box in Item 3 and the Bridge Loan Claims Class votes to reject the Plan, then: (i) if you vote to accept the Plan you will be deemed to have chosen to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan, and (ii) if you vote to reject the Plan, or if you do not return a Ballot, you will be deemed to have chosen not to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan.

ITEM 4.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. **If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 4 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

ITEM 5.   CERTIFICATION.  By signing this Ballot, the Holder of the Bridge Loan Claim identified in Item 1 certifies that it:

    a.  is the Holder of the Bridge Loan Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

    b.  has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

    c.  has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
      (If Appropriate)
Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE**

**VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the appropriate box in Item 3. The Plan provides in Section 3.4.2(b)(ii)(B) that each Holder of a Bridge Loan Claim may, even if the Bridge Loan Claims Class fails to accept the Plan, elect for itself on account of its Bridge Loan Claim, the Plan treatment offered by the Debtors to the Class of Holders of Bridge Loan Claims if such Class had accepted. That treatment, which is described in more detail in the Plan, includes, without limitation, having such Holder's Bridge Loan Claim treated as an Allowed Claim, obtaining releases and certain indemnities from the Reorganized Debtors, and receiving consideration with a value calculated to equal 0.44% of such Bridge Loan Claim. Please note that if you do <u>not</u> check any box in Item 3 and the Bridge Loan Claims Class votes to reject the Plan, then: (i) if you vote to accept the Plan you will be deemed to have chosen to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan, and (ii) if you vote to reject the Plan, or if you do not return a Ballot, you will be deemed to have chosen <u>not</u> to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan.

    d)  If desired, check the box in Item 4 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 4 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    e)  Review and complete the certifications in Item 5;

    f)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

    g)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

    h)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy

Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7.  Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9.  If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

<u>Senior Noteholder Claims – Class 1E</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED.  THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "<u>VOTING NOMINEE</u>"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING
AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "<u>Beneficial Ballot</u>") to cast your vote to accept or reject the
Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as
may be amended and supplemented from time to time, the "<u>Plan</u>"), which is proposed by the debtors and
debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>").[2]  The Plan is <u>Exhibit A</u> to
the Disclosure Statement (as may be amended or supplemented from time to time, the "<u>Disclosure
Statement</u>").  The Plan and Disclosure Statement, together with other materials, accompany this
Beneficial Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the
Plan and their exhibits, you may obtain copies without charge by visiting
http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [____],
2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "<u>Solicitation
Order</u>"), which established certain procedures for the solicitation and tabulation of votes to accept or
reject the Plan.  The Solicitation Order contains important information regarding the balloting process.
Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to
submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the
"<u>Examiner</u>") to investigate certain matters, including certain potential claims and causes of action held by
the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner
will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be
available to you without cost on the Debtors' reorganization website at
http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.
You are encouraged to review the Examiner's report in connection with preparing and submitting your
Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a
Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series
of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those
Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other
Claim(s).

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Plan or the Solicitation Order, as applicable.

You may not split your vote on the Plan. You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3] The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐   to ACCEPT the Plan          ☐   to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. **If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.**

☐   The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior Noteholder Claims to either accept or reject the Plan. No split votes will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

ITEM 5.    **CERTIFICATION.** By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

a.    is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

b.    has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

c.    has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

d.    is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
       (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

4

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

10. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

11. Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

12. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

13. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

14. In order for your vote to count, you must:

    a) Verify the amount listed in Item 1;

    b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d) Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

    e) Review the certifications in Item 5;

    f) Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

    g) If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

    h) Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

15. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

16. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the

votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

17. Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

18. After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

19. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

<u>Other Parent Claims – Class 1F</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF CLASS 1F CLAIMS (OTHER PARENT CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1F CLAIMS (OTHER PARENT CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**.  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [      ], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1F under the Plan because you have been identified as a Holder of an Other Parent Claim against Debtor Tribune Company.  If you hold Claims against any of the Debtors other than the Claims shown on this Ballot, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed Other Parent Claims against Tribune Company will receive an amount of Distributable Cash equal to 35.18% of the aggregate amount of such Holder's Allowed Other Parent Claim.

As a Holder of a Class 1F Other Parent Claim against Tribune Company, you have the right to elect to have your Claim treated as a Class 1G Convenience Claim under the Plan.  If you make this election (which is in Item 2 below), your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000), and your Claim will receive the treatment set forth in the Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims, and you will be automatically deemed to accept the Plan and your vote will not be counted.

You may not split your vote on the Plan.  You must vote all Other Parent Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.    AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Class 1G Convenience Claim under the Plan.  Claims in Class 1G (Convenience Claims) will be paid in full, provided that post-petition interest will not be paid on any Claim in Class 1G.  Claims in Class 1G are Unimpaired under the Plan and are presumed to accept the Plan. Accordingly, if you elect to have your Claim treated as a Class 1G Convenience Claim, you are automatically deemed to accept the Plan and your vote to accept or reject the Plan will not be counted.

☐  The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Class 1G Convenience Claim under the Plan.

ITEM 3.    VOTE.[3]  (ONLY COMPLETE THIS ITEM IF YOU DID NOT CHECK THE BOX IN ITEM 2 ABOVE).  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan            ☐  to REJECT the Plan

ITEM 4.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU DID NOT MAKE THE CONVENIENCE CLASS ELECTION AND YOU VOTED TO REJECT THE PLAN IN ITEM 3 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you made the Convenience Class Election in Item 2 above, you also will have automatically consented to the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant such releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐  The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 4 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

3

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

    c.   has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
        (Print or Type)

Signature:_____

By:_____
     (If Appropriate)

Title:_____
     (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be <u>actually received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) If desired, check the box in Item 2 if you elect to have your Class 1F Other Parent Claim treated as a Class 1G Convenience Claim under the Plan. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000). In addition, if you make the Convenience Class Election in Item 2 of the Ballot, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; and (c) your vote to accept or reject the Plan will not be counted.

   c) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 3 only if you did not elect to have your Class 1F Other Parent Claim treated as a Class 1G Convenience Claim;

   d) If desired, check the box in Item 4 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 4 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   e) Review and complete the certifications in Item 5;

   f) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

   g) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

   h) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court

in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules.  **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class.  Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

<u>General Unsecured Claims against Filed Subsidiary Debtors – Classes 2E through 111E</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF CLASS 2E THROUGH 111E CLAIMS (GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASSES 2E THROUGH 111E GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, among other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [___], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claims have been placed in one of Classes 2E through 111E under the Plan because you have been identified as a Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors.  The number of the particular Class into which your Claim has been placed corresponds to the number of the particular Filed Subsidiary Debtor against which your Claim may be asserted, according to the claims register maintained in the Debtors' chapter 11 cases or the Debtors' books and records, as applicable.  The number assigned to each Filed Subsidiary Debtor is set forth on Appendix A to the Plan. If you hold Claims against any of the Debtors other than General Unsecured Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed General Unsecured Claims against the Filed Subsidiary Debtors will receive payment in full in Cash on account of such Allowed General Unsecured Claims under the Plan, provided that such payment may be reduced in certain circumstances if the total amount of all Allowed General Unsecured Claims is estimated to exceed $150 million.  Post-petition interest will not be paid on account of any Allowed General Unsecured Claim.

You may not split your vote on the Plan.  You must vote all General Unsecured Claims against the Filed Subsidiary Debtors in Classes 2E through 111E of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.    AGGREGATE AMOUNT OF GENERAL UNSECURED CLAIMS. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of General Unsecured Claims against the relevant Filed Subsidiary Debtor in the aggregate unpaid amount set forth below.

Debtor _____
Class _____
$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE.[3] The Holder of the General Unsecured Claims set forth above hereby votes with respect to such Claim as follows (check one box only):

☐    to ACCEPT the Plan          ☐    to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION. By signing this Ballot, the Holder of the General Unsecured Claim identified in Item 1 certifies that it:

a.    is the Holder of the General Unsecured Claim(s) to which this Ballot pertains or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

b.    has been provided with a copy of the Plan, the Disclosure Statement, and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

c.  has not submitted any other Ballots relating to its General Unsecured Claims that are inconsistent with the vote as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address: _____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email:_____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on July 30, 2010, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)  Review and complete the certifications in Item 4;

    e)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

    f)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    g)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |