# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 4658** |

## DEBTORS' REPLY TO WELLS FARGO BANK N.A.'S SECOND SUPPLEMENTAL OBJECTION TO APPROVAL OF THE DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") respectfully submit this reply to Wells Fargo Bank N.A.'s Second Supplemental Objection to (I) the Debtors' Further Modified Proposed Disclosure Statement for Proposed Joint Plan of Reorganization for Tribune Company and Its Subsidiaries and (II) the Debtors' Revised Proposed Order with Respect to Motion of the Debtors for an Order Establishing Procedures for Solicitation (the "Supplemental Objection") [Docket No. 4658] in the interest of narrowing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

issues for the Court and facilitating approval for the Debtors' Disclosure Statement.[2] The following sets forth the Debtors' responses to the specific issues indentified in the Supplemental Objection.

> 1. **Contention**: The Bridge Agent contends the Disclosure Statement fails to provide adequate information concerning the cram down treatment of the Bridge Lenders' claims because the Debtors have not specified what alternative cram down treatment the Court may find appropriate.
>
> **Response**: The Disclosure Statement describes cram down treatment the Debtors believe is legally sufficient and the likely recoveries and material factors relevant to such recoveries by the Bridge Lenders pursuant to this treatment. The Disclosure Statement also makes clear that if the Court finds some other cram down treatment is appropriate, the Plan may still be confirmed and become effective without the need for re-solicitation so long as the conditions to the Effective Date of the Plan are met or waived. Although the Debtors would likely have the right to proceed with cram down under such an alternative even without specific language so providing, the Disclosure Statement description makes this clear, thus allowing Bridge Lenders to be appraised of this uncertainty when they vote. The present disclosure on this point is adequate, and it is not reasonable for the Debtors to attempt to predict, as the Bridge Agent requests, what alternative treatment the Court may determine is appropriate. However, to further address this point, if the Court believes it

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement, Plan, or the Supplemental Objection, as applicable.

helpful, the Debtors propose adding the following sentences to the Disclosure Statement:

"The Plan provides that it will become Effective, without re-solicitation, in the event that the Court determines that an alternative treatment of the Bridge Loan Claim is appropriate, provided the conditions to the Plan Effective Date are met or waived. The Debtors cannot predict what other cram down treatment the Court may find is appropriate, and Bridge Loan Holders should take account of this risk in determining how to vote and what Plan treatment to elect."

2. **Contention**: The Bridge Agent contends the proposed Plan appears to exclude the Bridge Loan Claims from the existing Claims allowance procedures set forth in the Plan for all other Claims, and the Bridge Agent has "no idea" how such Claims "could be 'Allowed' but still be subject to objection."

**Response**: The Disclosure Statement itself is clear that, in the event of cram down, the Bridge Loan Claims will likely be subject to actions for avoidance, setoff, subordination and other defenses, and that the Bridge Loan Claims will not be Allowed until such actions or defenses are resolved. Neither the Plan nor the Disclosure Statement propose any procedures for such objections or actions that are different from the normally applicable procedures. However, to further address this point, if the Court believes it helpful, the Debtors propose adding the following sentences to the Disclosure Statement:

"The Bridge Loan Claims will be not treated as Allowed Claims until actions for avoidance, setoff, or subordination, and other defenses to such Claims are resolved by Final Order. Actions for avoidance, setoff, or subordination and assertion of other defenses shall be brought by adversary proceeding or by Claim objection as appropriate under the Bankruptcy Rules."

3

3. **Contention**: The Bridge Agent contends the Disclosure Statement fails to make clear how the Debtors propose to account for Allowed Claims of the Senior Lenders or the PHONES Notes Claims in determining an allocation of Tribune's distributable value.

   **Response**: The existing Disclosure Statement makes clear that the Senior Lenders' Claims are to be fully Allowed pursuant to the Plan and also that the Holders of PHONES Notes Claims are not receiving any value from Tribune pursuant to the Plan in respect of the PHONES Notes Claims. However, to further address this point, if the Court believes it helpful, the Debtors propose adding the following sentences to the Disclosure Statement:

"The Debtors propose to take into account the Claims of the Senior Lenders in the full amount Allowed pursuant to the Plan in calculating the Bridge Lenders' Pro Rata share of Tribune's distributable value. The Debtors also propose to take into account the Allowed Claims of the Holders of PHONES Notes in calculating the allocation of Tribune's distributable value to the extent the Bridge Loan Claims, if Allowed, and the other senior debt Allowed Claims would receive a benefit on account of any PHONES subordination ."

4. **Contention**: The Bridge Agent contends the Disclosure Statement treatment of Intercompany Claims is internally inconsistent and also inconsistent with the Plan.

   **Response**: The Plan and Disclosure Statement both consistently provide that a determination of Tribune's distributable value shall take into account Intercompany Claims. Objections to taking these Claims into account raise Confirmation issues, not Disclosure Statement issues. The manner in which Intercompany Claims are ultimately taken into account in

4

determining Tribune's distributable value is also a Plan confirmation issue, not a Disclosure Statement issue. However, to further address this point, if the Court believes it helpful, the Debtors propose adding the following sentences to the Disclosure Statement:

> "The Debtors propose to take into account Intercompany Claims against Tribune in determining Tribune's distributable value. However, the manner in which Intercompany Claims are to be taken into account, including what amounts to attribute to settlement and resolution and any discounting of such Intercompany Claims against Tribune in determining Tribune's distributable value, is subject to Court approval in connection with Plan confirmation."

5. **Contention**: The Bridge Agent also renews his prior assertions regarding a mutual reservation of rights and the extent of non-Debtor releases.

    **Response**: These contentions are Plan confirmation issues. These contentions were also addressed by the Court at the last Disclosure Statement hearing.

6. **Contention**: The Bridge Agent also for the first time asserts that the Disclosure Statement should include further details regarding the 2010 MIP Motion.

    **Response**: The Debtors believe that the Disclosure Statement's existing disclosure regarding the 2010 MIP program is adequate.[3] Any creditor wishing further detail can access the 2010 MIP Motion filed May 26, 2010 [Docket No. 4620] on the Court's docket.

---

[3] See Disclosure Statement, Article IV.C.1.

## **CONCLUSION**

7.      The Debtors respectfully submit that the Supplemental Objection should be overruled, and the Disclosure Statement should be approved as containing "adequate information," within the meaning of section 1125 of the Bankruptcy Code.

Dated: Wilmington, Delaware
       June 2, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
Kerriann S. Mills
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION