IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| TRIBUNE COMPANY, et al.,[1] | ) | Case No. 08-13141 (KJC) |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) | **Related to Docket No. 4666** |
|  | ) |  |
|  | ) |  |

**BRIDGE AGENT'S RESPONSE TO DEBTORS' REPLY TO SECOND
SUPPLEMENTAL OBJECTION TO APPROVAL OF THE
DISCLOSURE STATEMENT FOR THE JOINT PLAN OF REORGANIZATION
FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

NEWYORK 7676668 (2K)

Wells Fargo Bank, N.A., as successor administrative agent and not in its individual capacity (solely in such capacity, the "Bridge Agent") under that certain $1.6 billion Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, by and among Tribune Company ("Tribune" and, collectively with its affiliated debtors and debtors in possession, the "Debtors"), each lender from time to time party thereto (the "Bridge Lenders") and the other named parties thereto, hereby files this Response (the "Response") to the Debtors' Reply ([Docket No. 4666], the "Reply"), to the Bridge Agent's Second Supplemental Objection ([Docket No. 4658], the "Second Objection") to Approval of the Disclosure Statement for Joint Plan of Reorganization for Tribune Company and Its Subsidiaries ([Docket No. 4650], the "Current Disclosure Statement"). Capitalized terms used herein but not defined shall have the meanings set forth or incorporated by reference in the Second Objection.

## PRELIMINARY STATEMENT

1. Without invite from the Court and without any advance discussion or negotiation with the Bridge Agent[2], late yesterday the Debtors filed additional proposed amendments to the Current Plan and Current Disclosure Statement, forcing the Bridge Agent to play another round of "Beat the Clock" to review and assess the new changes and to attempt to communicate to the Court its position. Putting aside the unfairness of the Debtors' approach, the proposed further amendments do little to address the Bridge Agent's pending objections. What should be simple remains complicated; what should be made clear remains enshrouded in excess verbiage or is missing altogether; and, most importantly, bare essentials continue to be missing.

---

[2] The Bridge Agent's counsel is currently attempting to schedule a meeting with Debtors' counsel to see if the remaining issues can be resolved or narrowed consensually.

## BACKGROUND

2. At the hearing held on May 28, 2010 (the "Supplemental Disclosure Statement Hearing"), this Court, after considering the parties' filings and the argument of counsel, refused to approve the Debtors' latest (fourth) iteration of their disclosure statement. Instead, the Court directed the Debtors to file, by 10:00 a.m. on June 1, 2010, a fifth iteration of their disclosure statement and their plan of reorganization reflecting proposed resolutions of the Bridge Agent's pending objections, and directed the Bridge Agent to file a response thereto by 10:00 a.m. on June 2, 2010. The Court further indicated that it would reach out to the parties and, if necessary, have a (likely telephonic) conference. Hr'g Tr. May 28, 2010, 49:14-19.

3. The Debtors timely filed the Current Disclosure Statement and Current Plan, and the Bridge Agent timely filed the Second Objection.

4. After reading the Second Objection, the Debtors apparently recognized that their latest re-write of the Current Disclosure Statement and Current Plan continued to miss the mark. In an effort to address the continuing deficiencies, without first waiting, as directed, to hear from the Court in respect of the pleadings, and without first engaging the Bridge Agent in any further discussions or negotiations regarding the issues, the Debtors filed the Reply, modifying (now for the sixth time) their disclosure statement and plan.

## RESPONSE

5. Rather than repeating its pending objections as set forth in the Second Objection (which remain largely unaddressed), the Bridge Agent simply responds, by reference to the paragraph numbers in the Reply, to the Debtors' latest proposed modifications to their Current Plan and Current Disclosure Statement.

NEWYORK 7676668 (2K)

6. **Response to Reply Paragraph 1**. The Debtors' proposed modification to the Disclosure Statement regarding the Cram Down Treatment completely ignores the Bridge Agent's principal objection – the mere recitation in the Current Plan that the treatment of the Bridge Lenders' Claims may be whatever satisfies Section 1129(b) of the Bankruptcy Code is not a sufficiently specific treatment to permit the Bridge Lenders to properly exercise their voting rights. Put simply, the Bridge Lenders still have no idea what they will receive if they vote against the Current Plan.

7. As the Bridge Agent has repeatedly argued, and as the Court apparently agreed at the Supplemental Disclosure Statement Hearing, simple reference to the legal standard set forth in Section 1129(b) is not a proper plan treatment. This omission is not cured by the inclusion in the Current Plan of a hypothetical potential Cram Down Treatment which the Debtors admit may not be provided.

8. Until the treatment in the Current Plan is specified, no amount of additional disclosure regarding a hypothetical cram down treatment the Bridge Lenders might not actually receive will suffice; in fact, it is affirmatively misleading.

9. Nor is it sufficient disclosure, as the Debtors now remarkably suggest, to warn the Bridge Lenders in the Current Disclosure Statement that they might get some other, undisclosed and unexplained mystery treatment if they vote against the Current Plan. That is a scare tactic, not disclosure.

10. **Response to Reply Paragraphs 2, 3 and 4**. The Debtors have added language in the Current Disclosure Statement regarding how they intend for the allowance of the Bridge Lenders' Claims to be determined, and how the Debtors expect at least some of the distribution calculus on account of the Bridge Lenders' Allowed Claims to work.

11. This additional disclosure, however, is meaningless and perhaps misleading unless and until corresponding changes are made to the Current Plan, which is the binding document.

12. The Bridge Agent is concerned that non-binding disclosure statement language not be used to mask an improper attempt to drag the Current Plan and Current Disclosure Statement across the solicitation finish line, while keeping the Debtors' (and other parties') options open to take contrary positions at confirmation.

13. **Response to Reply Paragraphs 5 and 6**. Despite what would appear to be seemingly easy remedies, for unknown reasons, the Debtors continue to take the position that a mutual reservation of rights and additional disclosure about the 2010 MIP Program is unnecessary.

14. **Non-Debtor Releases.** The Debtors continue to ignore the Bridge Agent's argument that additional clarification and disclosure is required regarding the impact of the Current Plan on the Bridge Lenders' rights and remedies against various non-Debtor third parties. Without waiving its plan objections regarding non-consensual non-Debtor releases, the Bridge Agent believes that the Debtors are required to disclose what, if any, of the Bridge Lenders' rights, remedies and claims against non-Debtors will be taken away by the Current Plan regardless of whether or not the Bridge Lenders consent to such releases.

15. **Solicitation Order.** Any order regarding solicitation procedures should take into account the limited information available to the Bridge Agent and provide for appropriate confidentiality protections in respect of any information the Bridge Agent delivers to the Debtors for solicitation purposes.

## CONCLUSION

16. The Bridge Agent respectfully requests that (A) the Court direct modification of the Current Disclosure Statement and the Current Plan to address the objections contained in the Second Objection and as set forth herein, and (B) the Current Disclosure Statement not be approved until the Debtors do so.

Dated: June 3, 2010
      Wilmington, Delaware

FOX ROTHSCHILD LLP

By: _____
Jeffrey M. Schlerf, Esq. (No. 3047)
Eric M. Sutty, Esq. (No. 4007)
Citizens Bank Center
919 North Market Street, Suite 1600
Wilmington Delaware 19801
Telephone: (302) 654-7444

-and-

WHITE & CASE LLP
Thomas E Lauria
Gerard Uzzi
David Hille
Andrew Hammond
Scott Greissman
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 819-8113

Attorneys for the Bridge Agent