# EXHIBIT 1

**REVISED PROPOSED ORDER**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Ref. Docket Nos. 4008, 4009, 4204** |

## ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES; (III) ESTABLISHING DEADLINE FOR RETURN OF MEDIA OWNERSHIP CERTIFICATIONS; (IV) SCHEDULING CONFIRMATION HEARING; (V) ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION; AND (VI) GRANTING RELATED RELIEF

Upon the motion, dated April 29, 2010 (the "Motion"), of the Debtors,[2] for entry

of an order, pursuant to sections 105, 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement or the Motion, as applicable.

Rules 2002, 3003, 3017, 3018 and 3020 and Local Rule 3017-1, (i) establishing procedures for

the solicitation and tabulation of votes to accept or reject the Plan, including (a) fixing the

Record Date for purposes of determining which Holders of Claims against the Debtors are

entitled to vote on the Plan, (b) approving solicitation materials and procedures for distribution

of the Plan, the Disclosure Statement and related materials, (c) approving forms of notice to

Holders of Claims and Interests not entitled to vote to accept or reject the Plan; and (d)

approving the form of Ballots and Master Ballots and establishing procedures for voting on the

Plan; (ii) establishing a deadline for return of the Media Ownership Certifications; (iii)

scheduling the Confirmation Hearing; (iv) establishing notice and objection procedures in

respect of confirmation of the Plan; and (v) granting related relief, and it appearing that adequate

and sufficient notice of the Motion has been given under the circumstances; and upon the filing

by the Debtors of that certain Disclosure Statement, dated April 12, 2010, and that certain

Amended Disclosure Statement, dated May 24, 2010, relating to the Plan (as subsequently

revised); and the Court having jurisdiction over this matter; and it further appearing that adequate

and sufficient notice, pursuant to Bankruptcy Rules 2002(b) and 3017, of the hearing on the

Motion and of the hearing to consider approval of the Disclosure Statement has been given; and

all objections to the Motion and the Disclosure Statement having been withdrawn or overruled

for reasons stated on the record at the hearing to consider approval of the Disclosure Statement

and on the Motion; and after due deliberation and upon the Court's determinations that the

Disclosure Statement should be approved and that the relief requested in the Motion is in the best

interests of the Debtors, their Estates, creditors, and other parties in interest, and sufficient cause

appearing therefor,

**THE COURT FINDS AND DETERMINES THAT:**

A.    The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

B.    The forms of Ballots and Master Ballot annexed to this Order as Exhibits A and B, respectively, are (i) sufficiently consistent with Official Form No. 14 to be approved, (ii) adequately address the particular needs of these Chapter 11 Cases, and (iii) are appropriate for each Class of Claims entitled to vote to accept or reject the Plan.

C.    The Ballots, Beneficial Ballots and Master Ballots require the furnishing of sufficient information to assure that duplicate Ballots, Beneficial Ballots and Master Ballots are not submitted and tabulated and that the Master Ballots reflect the votes of the Beneficial Owners of the Debtors' Senior Notes.

D.    The Debtors need not provide Ballots to Holders of Claims and Interests in Class 1I (EGI-TRB LLC Notes Claims), Class 1J (PHONES Notes Claims), Class 1L (Securities Litigation Claims), Class 1M (Tribune Interests), Classes 50D through 111D (Bridge Loan Guaranty Claims), and Classes 2L through 111L (Securities Litigation Claims), given that the Plan provides that Holders of Claims and Interests in such Classes are Impaired, shall neither receive nor retain any property under the Plan on account of such Claims and Interests, are deemed to have rejected the Plan and, therefore, are not entitled to vote to accept or reject the Plan.

E.    The Debtors need not provide Ballots to Holders of Claims and Interests in Class 1A (Priority Non-Tax Claims), Class 1B (Other Secured Claims), Class 1G (Convenience Claims), Classes 2A through 111A (Priority Non-Tax Claims), Classes 2B through 111B (Other Secured Claims), and Classes 2M through 111M (Interests in Filed Subsidiary Debtors), given

that the Plan provides that Holders of such Claims are Unimpaired, are deemed to have accepted the Plan and, therefore, are not entitled to vote to accept or reject the Plan.

F.    As Debtors or affiliates of Debtors, Holders of Intercompany Claims are presumed to accept the Plan. Accordingly, Solicitation Packages need not be provided to Holders of such Claims.

G.    The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

H.    The voting procedures set forth in the Motion and the voting instructions attached to the forms of Ballots and Master Ballot provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

I.    The procedures associated with the Ballots and Master Ballot with respect to a party's right to grant the releases contained in section 11.2.2 of the Plan, and, in respect of Holders of Bridge Loan Claims in Class 1D, to make the election set forth in Section 3.4.2(b)(ii)(B) of the Plan, are fair and reasonable.

J.    The contents of the Solicitation Packages and other notices, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice of the Plan and the Confirmation Hearing to all interested parties.

K.    The combination of direct and published notice of the Plan and Confirmation Hearing, as set forth in the Motion, provides good and sufficient notice of the Plan, the Confirmation Hearing and the opportunity to vote on and/or object to the Plan and satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors.

L.    Except for Senior Loan Guaranty Claims, Bridge Loan Guaranty Claims, Intercompany Claims, and Securities Litigation Claims, the Prepackaged Plan included as part of the Plan provides that Claims against and Interests in any Guarantor Non-Debtor that becomes a Debtor are Unimpaired, and the Debtors need not provide Ballots to Holders of such Claims. The Prepackaged Plan provides that Senior Loan Guaranty Claims against Guarantor Non-Debtors are Impaired; however, the Debtors need not provide Ballots to Holders of such Claims and may count votes cast against Guarantor Debtors in Classes 50C through 111C as votes cast on the Prepackaged Plan of Subsidiary Non-Debtors that may become Debtors.  The Prepackaged Plan provides that Intercompany Claims are Impaired; however, as Debtors or affiliates of Debtors, Holders of such Claims are presumed to accept the Plan and, therefore, need not receive a Ballot to vote on the Prepackaged Plan.  The Plan provides that Bridge Loan Guaranty Claims and Securities Litigation Claims against Guarantor Non-Debtors that become Debtors are Impaired and will neither receive nor retain property under the Plan on account of such Claims, are deemed to have rejected the Plan and, therefore, are not entitled to vote to accept or reject the Plan.  Therefore, Holders of such Claims need not receive Ballots to vote on the Prepackaged Plan.

M.    The notice, solicitation, and voting procedures set forth in the Motion with respect to Holders of Claims against and Interests in any Guarantor Non-Debtors that commence Chapter 11 Cases provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted.

2.      The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

3.      <u>Record Date</u>.  **May 17, 2010** is established as the Record Date for purposes of determining (i) the Holders of Claims that are entitled to vote on the Plan, and (ii) the Holders of Claims and Interests that are entitled to receive Solicitation Packages or Non-Voting Packages.

4.      <u>Solicitation Package</u>.  The Debtors are authorized and empowered to distribute, or cause to be distributed, to Holders of Claims in the Voting Classes that have not been disallowed for voting purposes ("<u>Voting Claims</u>") by first-class mail, the Solicitation Package, which shall contain copies of:

    a.  a CD-ROM containing the Disclosure Statement, together with the Plan and other exhibits annexed thereto;

    b.  the Solicitation Order, excluding exhibits annexed thereto;

    c.  the Confirmation Hearing Notice;

    d.  an appropriate Ballot, together with a pre-paid return envelope;

    e.  a compendium of position statements from various parties in interest.

5.      The Debtors are authorized to distribute the Disclosure Statement and Plan, and all exhibits thereto, on CD-ROM; <u>provided</u>, <u>however</u>, that any party receiving the CD-ROM may request hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, without charge, from the Voting Agent; and <u>provided</u> <u>further</u>, that the Debtors may distribute hard copies of the Disclosure Statement, the Plan and other exhibits annexed thereto as part of the Solicitation Packages to the extent the Debtors deem it necessary.

6.      To the extent that the following parties have not otherwise received a Solicitation Package, as of the commencement of the solicitation process, the Debtors shall

distribute (a) a CD-ROM containing the Disclosure Statement, together with the Plan and other exhibits annexed thereto, (b) the Solicitation Order, excluding exhibits annexed hereto, and (c) the Confirmation Hearing Notice to:  (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel to the Loan Agents for Tribune Company's pre-petition loan facilities; (iv) counsel to the administrative agent for the Debtors' post-petition financing facility; and (v) all parties having requested notice pursuant to Bankruptcy Rule 2002.

   7.  A transferee of a Voting Claim shall be entitled to receive a Solicitation Package on account of a transferred Claim only if:  (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date, or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence such transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

   8.  Where a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) and, if applicable, any election(s) made on the Ballot by the Holder as of the Record Date of such transferred Claim.

   9.  <u>Notices to Holders of Unimpaired Claims and Interests</u>.  The Unimpaired Class Notice, substantially in the form annexed hereto as <u>Exhibit C</u>, is hereby approved.  The Debtors are not required to transmit Solicitation Packages to members of Class 1A (Priority Non-Tax Claims), Class 1B (Other Secured Claims), Class 1G (Convenience Claims), Classes 2A through 111A (Priority Non-Tax Claims), Classes 2B through 111B (Other Secured Claims), and Classes 2M through 111M (Interests in Filed Subsidiary Debtors) unless such party makes a specific request to the Voting Agent.  The Debtors shall instead mail, or cause to be mailed, to

each member of the Unimpaired Classes a Non-Voting Package containing (i) the Confirmation Hearing Notice, (ii) this Order, excluding the exhibits annexed hereto, and (iii) the Unimpaired Class Notice. If the Holder of a Claim in any of the Unimpaired Classes makes a specific request to the Voting Agent, such party shall receive a CD-ROM containing the Disclosure Statement, together with the Plan and other exhibits annexed thereto.

10.    Notices to Deemed Rejecting Classes. The Rejecting Class Notice, substantially in the form annexed hereto as Exhibit D, is hereby approved. The Debtors are not required to transmit Solicitation Packages to members of Class 1I (EGI-TRB LLC Notes Claims), Class 1J (PHONES Notes Claims), Class 1L (Securities Litigation Claims), Class 1M (Tribune Interests), Classes 50D through 111D (Bridge Loan Guaranty Claims), or Classes 2L through 111L (Securities Litigation Claims). The Debtors shall instead mail, or cause to be mailed, to each member of the Deemed Rejecting Classes a Non-Voting Package consisting of (i) the Confirmation Hearing Notice, (ii) this Order, excluding exhibits annexed hereto, and (iii) the Rejecting Class Notice. If the Holder of a Claim in any of the Deemed Rejecting Classes makes a specific request to the Voting Agent, such party shall receive a CD-ROM containing the Disclosure Statement, together with the Plan and other exhibits annexed thereto.

11.    Confirmation Hearing Notice. The Confirmation Hearing Notice, substantially in the form annexed hereto as Exhibit E, is hereby approved.

12.    Notices to Holders of Customer Program Claims. The Credit/Refund Notice, substantially in the form annexed hereto as Exhibit G, is hereby approved. The Debtors are not required to distribute copies of solicitation materials (including, but not limited to, Solicitation Packages and Ballots) other than the Credit/Refund Notice to Holders of Customer Program Claims; provided, however, that, upon written request to the Voting Agent on or prior

to **July 14, 2010 at 4:00 p.m. (prevailing Eastern Time)**, the Voting Agent shall provide a

Solicitation Package, including an appropriate Ballot, to a Holder of a Customer Program Claim

in order to vote to accept or reject the Plan; and <u>provided further</u> that notwithstanding the

foregoing, the Debtors shall have the right, but not the obligation, to satisfy any Customer

Program Claim pursuant to the authority granted to the Debtors under the Customer Programs

Order, in which case the Holder of any such Claim shall not be entitled to vote on the Plan.

       13.    <u>Notices to Holders of Claims Against and Interests in Guarantor Non-Debtors that Become Debtors, if Any</u>.  The Debtors are not required to transmit Solicitation

Packages to Holders of Claims against and Interests in any Guarantor Non-Debtor in connection

with the Prepackaged Plan.

       14.    <u>Non-Delivery of Solicitation Materials to Holders of Intercompany Claims</u>.  The Debtors are not required to distribute Solicitation Packages or Non-Voting

Packages to Holders of Intercompany Claims.

       15.    <u>Non-Delivery of Solicitation Materials to Undeliverable Addresses</u>.  With

respect to addresses from which notices of the hearing to approve the Disclosure Statement were

returned as undeliverable by the United States Postal Service, the Debtors are excused from

distributing Solicitation Packages or Non-Voting Packages or any other materials or notices

(including any updates, supplements, amendments or modifications thereto) to those persons or

entities listed at such addresses unless the Debtors have been or are provided with an accurate

address for any such entity prior to the distribution of the solicitation materials, and failure to

distribute Solicitation Packages or Non-Voting Notices to such persons or entities will not

constitute inadequate notice of the Confirmation Hearing or the Voting Deadline (as defined

below) or violate Bankruptcy Rule 3017(d).

16.     <u>Approving Forms of Ballots and Master Ballot, Distribution Thereof</u>.  The

Ballots and Master Ballot, which shall be substantially in the forms annexed hereto as <u>Exhibits A

and B</u>, respectively, are hereby approved.  In response to the Technical Comment on Voting

Procedures Motion filed by Bank of America on May 19, 2010, in the event the Debtors,

JPMorgan Chase Bank, N.A., and Bank of America determine that a Master Ballot for certain of

Bank of America's Senior Loan Claims is appropriate, Bank of America will be provided a

Master Ballot substantially in the form of the Master Ballot for Senior Noteholder Claims

attached to this Order as <u>Exhibit B</u> (which form is hereby approved), and Bank of America shall

be entitled to summarize on that Master Ballot otherwise valid votes of beneficial Holders of

Senior Loan Claims thereon.  In the event the parties do not agree on the appropriateness of

using such a Master Ballot or absence of need for such Master Ballot, any of the parties may

bring the matter before the Court, without prejudice from this Order, and each of the parties

agrees not to oppose an expedited hearing on the issue.

17.     The Voting Agent shall customize, to the extent possible, each Ballot to

include each Claim Holder's name, address, and the amount of such Claim Holder's Claim.

18.     Wherever possible, creditors who have more than one Claim against one

or more of the Debtors shall receive only one Solicitation Package and one or more Ballots, as

necessary.

19.     Solicitation Packages, which shall include Ballots or Beneficial Ballots, as

appropriate, shall be distributed to Holders of Voting Claims, as of the Record Date, in the

following Classes, which Classes are designated as Voting Classes under the Plan:

| Class | Description |
|---|---|
| 1C | Senior Loan Claims |
| 1D | Bridge Loan Claims |
| 1E | Senior Noteholder Claims |
| 1F | Other Parent Claims |
| 50C-111C | Senior Loan Guaranty Claims against Filed Subsidiary Debtors |
| 2E-111E | General Unsecured Claims against Filed Subsidiary Debtors |

20.     With respect to Solicitation Packages to be distributed to Holders of Senior Noteholder Claims, the Debtors shall distribute, or cause to be distributed, a reasonably sufficient number of Solicitation Packages, including Beneficial Ballots, to Voting Nominees for distribution to the Beneficial Owners of the Claims for whom such Voting Nominee acts. Upon written request with supporting documentation, the Debtors shall reimburse each Voting Nominee for its reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages.

21.     Each Voting Nominee is required to (i) forward the Solicitation Packages to Beneficial Owners, (ii) receive returned Beneficial Ballots from the Beneficial Owners, (iii) tabulate the results according to the instructions set forth in the Master Ballot, return such results in a Master Ballot by the Voting Deadline, and (iv) retain the underlying Beneficial Ballots received from the Beneficial Owners for inspection for a period of one (1) year following the Voting Deadline.

22.     For the avoidance of doubt, unless a Holder of a Claim or Interest otherwise agrees to grant the releases provided in Section 11.2.2 of the Plan, each such Holder whose Claim or Interest is in a Class of Claims or Interests that is deemed to reject the Plan shall not be deemed to provide such releases.

23.     The contents of the Solicitation Package and the manner of service of the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

24.    <u>Voting Deadline</u>. Ballots and Master Ballots must be properly executed and completed, and the originals thereof shall be delivered to the Voting Agent so as to be actually received by no later than **July 30, 2010 at 4:00 p.m. (prevailing Eastern Time)** by (a) first-class mail postage prepaid in the return envelope provided with the Ballot, or (b) personal delivery or overnight courier, in each case to the addresses provided in the Solicitation Packages.

25.    <u>Solicitation Commencement</u>. The Debtors shall use their reasonable best efforts to complete mailing of the solicitation materials within seven business days following entry of this Order.

26.    <u>Voting Agent</u>. Epiq Bankruptcy Solutions, LLC is authorized to perform all services related to solicitation of the Plan, consistent with the existing terms of its appointment by this Court as Voting Agent.

27.    The Bridge Loan Agent shall prepare and provide to counsel to the Debtors within two (2) business days following entry of this Order an electronic file containing the names, addresses, and principal amounts of the advances owing to each holder of a Bridge Loan Claim as of May 17, 2010. Wilmington Trust Company, in its capacity as successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029, shall prepare and provide to counsel to the Debtors within two (2) business days following entry of this Order an electronic file including the names, addresses, and account balances for each registered holder of the PHONES Notes as of May 17, 2010. In the event that the Bridge Loan Agent and/or Wilmington Trust Company do not provide such information to counsel to the Debtors as provided in this Order, the Debtors are authorized to provide Solicitation Packages and/or Non-Voting Notices, as applicable, to the Bridge Loan Agent or Wilmington Trust Company, as applicable, and the Bridge Loan Agent and/or Wilmington Trust, as applicable, shall distribute

such Solicitation Packages and/or Non-Voting Notices to Holders of the Bridge Loan Claims

and/or the PHONES Notes, and, notwithstanding any other provision of this Order, distribution

by the Debtors of Solicitation Packages to the Bridge Loan Agent and/or Non-Voting Notices to

Wilmington Trust Company shall constitute good and sufficient notice of the Disclosure

Statement, the Plan, the Confirmation Hearing and (in the case of Bridge Loan Claims) the

opportunity to vote to accept or reject the Plan.  In the event that either the Bridge Loan Agent or

Wilmington Trust Company incur fees and/or expenses in the distribution by them of Solicitation

Packages and/or Non-Voting Notices, as relevant, they shall be entitled to receive an

administrative expense claim for any such fees and/or expenses reasonably incurred or expended

in connection with such distribution.  Information provided by the Bridge Loan Agent pursuant

to this paragraph shall be maintained as confidential by the Debtors; provided, however, that

nothing herein shall be deemed to (i) restrict the Debtors from using such information for the

purpose of soliciting votes in connection with the Plan or filing an affidavit of service respecting

the solicitation of votes to accept or reject the Plan, or (ii) require the Debtors to maintain as

confidential any information obtained other than pursuant to this paragraph.

       28.    <u>Ballot Tabulation</u>.  Solely for purposes of voting to accept or reject the

Plan, and not for any other purposes, and without prejudice to the rights of the Debtors in any

other context, each Holder of a Voting Claim shall be entitled to vote the amount of such Claim

as set forth in the Debtors' filed Schedules (as may be amended from time to time) unless such

Holder has filed a proof of claim, in which event such Holder would be entitled to vote the

amount of such Claim as set forth in such proof of claim, subject to the following:

        a.   if a Claim is deemed "Allowed" pursuant to an agreement with
            the Debtors or an order of this Court or the Plan, such Claim
            shall be allowed for voting purposes in the "Allowed" amount
            set forth in this Court's order or the Plan, as applicable;

b.  if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only;

c.  if no proof of claim has been filed and the Claim has not been disallowed, then the vote amount shall be the non-contingent, liquidated, and undisputed amount as set forth in the Debtors' filed Schedules;

d.  if a proof of claim has been filed and the Claim has not been disallowed, and the Claim is not (i) the subject of a pending objection, (ii) contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Voting Agent), (iii) filed entirely in an unknown, unliquidated or undetermined amount (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Voting Agent), or (iv) deemed disputed under the Plan, the vote amount is the liquidated amount as set forth on the proof of claim;

e.  if a proof of claim has been filed and the Claim has not been disallowed, and the Claim is (i) contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Voting Agent), (ii) filed entirely in an unknown, unliquidated or undetermined amount (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Voting Agent), or (iii) deemed disputed under the Plan, such claim shall be temporarily allowed for voting purposes only, and not for any other purposes and without prejudice to the rights of the Debtors in any other context, at $1.00;

f.  if (i) a proof of claim has been filed and is the subject of a pending objection, or (ii) the Debtors have amended or supplemented the Schedules to (a) eliminate a Claim or (b) to change the nature or characterization of a Claim but the thirty (30) day period specified in the Bar Date Order for the relevant Holder of such Claim to file a proof of claim in response to such amendment has not yet passed, then such Claim shall be disallowed for voting purposes, except to the extent and in the manner as may be set forth in the objection, amendment, or supplement;

g.  to the extent that a Holder of Claims has filed or purchased duplicative Claims that are classified under the Plan in the same Class, such Holder shall be provided with a single Solicitation Package and a single Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to the allowance of such duplicate Claims;

h.  where a Holder of Claims has asserted its Claims against no particular Debtor, against multiple Debtors, or against all Debtors without filing separate proofs of claim against each Debtor as required by the Bar Date Order, and the Debtors are not able to determine which Debtor such Claims should properly be asserted against after the exercise of reasonable diligence, such Holder shall not be entitled to a vote on account of such Claims;

i.  Claims, whether scheduled or filed, for $0.00 will be disallowed for voting purposes; and

j.  if a proof of claim has been filed in a liquidated amount but also purports to include other, unliquidated amounts, the vote amount shall be solely the liquidated, non-disputed amount set forth on the proof of claim.

29.    If any Holder of a Claim wishes to have its Claim allowed for purposes of voting to accept or reject the Plan in a manner that is inconsistent with the amount or classification set forth on the Ballot it received or the tabulation rules set forth in this Order, or if any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such Holder must serve on the Debtors and file with the Bankruptcy Court, on or before **June 27, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth, with particularity, the amount and classification in which such Holder believes its Claim should be allowed for voting purposes and the evidence in support of its belief.

30.    In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by this Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the

Debtors and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to (i) the liquidated, non-contingent, and non-disputed amount of such Claim as set forth in the Schedules; (ii) if a proof of claim has been timely filed in respect of such claim, the liquidated, non-contingent, and non-disputed amount set forth in such proof of claim; or (iii) if neither (i) nor (ii) applies, such party shall not have a Ballot counted at all.

31.    **July 14, 2010 at 1:30 p.m. (prevailing Eastern time)** is established as the date for a hearing to consider any and all 3018 Motions.

32.    Whenever a Holder of a Claim or a Voting Nominee casts more than one Ballot or Master Ballot voting the same Claim(s) before the Voting Deadline, the last dated and valid Ballot or Master Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots or Master Ballots.

33.    If a Holder of Claims or a Voting Nominee casts multiple Ballots or Master Ballots (except in the case of supplemental Master Ballots) that are received by the Voting Agent on the same day but are voted inconsistently, such Ballots or Master Ballots will not be counted.

34.    Any Ballot that partially rejects and partially accepts the Plan will not be counted.

35.    Each Holder of Senior Loan Claims and Senior Loan Guaranty Claims shall be entitled to cast a single Ballot with respect to such Claims, with each vote to be counted as a vote to accept or reject the Plan in Class 1C and each of Classes 50C through 111C, and a vote to accept or reject the Prepackaged Plan of any Guarantor Non-Debtor that becomes a Debtor. A vote to accept the Plan in Class 1C and each of Classes 50C through 111C is also (i) an acceptance of the compromise and settlement set forth in the Plan by and among the

Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Plan.

36.     A Holder of Voting Claims in more than one Voting Class under the Plan must submit a separate Ballot on account of its vote(s) in each separate Voting Class of Claims in which it wishes to cast a vote to accept or reject the Plan.

37.     The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

a.     any Ballot or Master Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan;

b.     any Ballot or Master Ballot received after the Voting Deadline in the Debtors' sole discretion;

c.     any Ballot or Master Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

d.     any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

e.     any Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

f.     any Ballot or Master Ballot without a signature or an original signature; and

g.     any Ballot transmitted to the Voting Agent by facsimile or other electronic means.

38.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots, subject to any contrary order(s) of this Court:

a.    Delivery of Ballots and Master Ballots to the Voting Agent will be deemed made only when the original, executed Ballot or Master Ballot is actually received by the Voting Agent.

b.    The Debtors, in their sole discretion, may waive any defect in any Ballot or Master Ballot at any time, including failure to file such Ballot or Master Ballot in a timely manner, either before or after the close of voting, and without notice; provided, however, that the Debtors or the Voting Agent shall maintain a record of any waivers granted under this subsection. Unless the Ballot or Master Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole discretion, reject any defective or late-filed Ballot or Master Ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan.

c.    After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

d.    Defects or irregularities in connection with deliveries of Ballots or Master Ballots must be cured within such time as the Debtors (or the Court) determine, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

e.    Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots or Master Ballots, nor will any of them incur any liabilities for failure to provide such notification. Ballots or Master Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

39.    <u>Master Ballot Tabulation</u>. With respect to the tabulation of Master Ballots and Beneficial Ballots for Senior Noteholder Claims cast by Voting Nominees and Beneficial Owners, respectively, the principal amount held by Voting Nominees and Beneficial Owners on the Record Date, as evidenced by the record and depository listings, shall be used as the amount to tabulate acceptance or rejection of the Plan, although any principal amounts may be adjusted by the Voting Agent to account for prepetition interest.

40.    The following additional rules shall apply to the tabulation of Master Ballots and Beneficial Ballots cast by Voting Nominees and Beneficial Owners of Senior Notes:

a.    Votes cast by Beneficial Owners through a Voting Nominee will be applied against the positions held by such Beneficial Owners in the

applicable tranche of Senior Notes as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of Senior Notes held by such Voting Nominee.

b.   To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable tranche of Senior Notes.

c.   Where a Beneficial Owner holds its Senior Notes through more than one Voting Nominee, it must execute a separate Beneficial Ballot for each block of Senior Notes. However, such Beneficial Owner must vote all of its Senior Noteholder Claims in the same manner, to either accept or reject the Plan. Accordingly, if such Beneficial Owner returns more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

41.    The Voting Agent is required to file the results of its tabulation of votes to accept or reject the Plan no later than **August 6, 2010**.

42.    Media Ownership Certification Deadline. Any Holder of a Claim or Claims that (i) is anticipated to receive New Common Stock under the Plan, (ii) believes that the amount of its Claims (or Claims that it intends to acquire prior to the Effective Date of the Plan) may entitle it to receive (for any reason, including, but not limited to, as a result of the distribution by the Debtors of New Warrants or New Class B Common Stock in lieu of New Class A Common Stock to other Holders of Loan Claims/Loan Guaranty Claims or Senior Noteholder Claims, in accordance with section 5.4.2 of the Plan) five percent (5%) or more of the New Class A Common Stock under the Plan (a "Potential 5% Holder"), and (iii) wishes to remain eligible to receive 5% or more of the New Class A Common Stock is required to (a) contact the Debtors and complete, execute and submit to the Debtors a Media Ownership

Certification on or prior to **July 1, 2010** (the "Certification Deadline"), and (b) cooperate with the Debtors in the preparation of any amendment to the FCC Applications necessitated thereby.

43.    In the event a Potential 5% Holder does not submit an executed Media Ownership Certification by the Certification Deadline, in accordance with section 5.4.2 of the Plan, such Potential 5% Holder may, in the event it would ultimately be entitled under the Plan to receive more than five percent (5%) of the New Class A Common Stock but for the failure to submit an executed Media Ownership Certification by the Certification Deadline (and, thus, the failure to be made a "party" to the FCC Applications), receive New Class B Common Stock in lieu of New Class A Common Stock to the extent deemed appropriate by Reorganized Tribune to ensure compliance with the Communications Act or the FCC rules and/or to avoid substantial delay in obtaining the FCC Approval.  Further, Reorganized Tribune may issue shares of New Class B Common Stock in lieu of shares of New Class A Common Stock to a Potential 5% Holder if Reorganized Tribune determines, based on the Holder's Media Ownership Certification (or failure to provide the Media Ownership Certification or otherwise to comply with the applicable provisions of the Plan), that such Holder may have other media interests that could impair the ability of Reorganized Tribune to comply with the Communications Act or the FCC's rules.  The provisions of this paragraph are subject to confirmation of the Plan, and the rights of all parties to interpose an objection to the Plan or respecting the distribution and terms of the New Common Stock are preserved for the hearing on confirmation of the Plan; provided, however, that nothing in this paragraph shall be interpreted as conferring standing to raise such issues on any party not otherwise having standing with respect thereto.

44.    Confirmation of the Plan.  In accordance with the Discovery and Scheduling Order for Plan Confirmation [Docket No. 4366], the Confirmation Hearing shall be

held before this Court on **August 16, 2010 at 10:00 a.m. (prevailing Eastern Time)**.  The

Confirmation Hearing may be continued from time to time by the Court without further notice.

45.    Objections to confirmation of the Plan (including any supporting

memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party

and the nature of the claim or interest of such party; (iii) state with particularity the legal and

factual basis and nature of objection to confirmation of the Plan; and (iv) be filed with the Court,

together with proof of service, and served so that they are received on or before **July 30, 2010 at**

**4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") by the following parties:

Co-Counsel for the Debtors and Debtors in Possession

| | |
|---|---|
| Sidley Austin LLP | Cole, Schotz, Meisel, Forman & Leonard, P.A. |
| One South Dearborn Street | 500 Delaware Avenue, Suite 1410 |
| Chicago, Illinois 60603 | Wilmington, DE 19801 |
| Fax (312) 853-7036 | Fax (302) 652-3177 |
| Attn: Jessica C.K. Boelter | Attn: Norman L. Pernick |

-and-

The Office of the United States Trustee

J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801
Fax (302) 573-6497
Attn: Joseph McMahon

-and-

Co-Counsel to the Official Committee of Unsecured Creditors

| | |
|---|---|
| Chadbourne & Parke, LLP | Landis, Rath & Cobb, LLP |
| 30 Rockefeller Plaza | 919 Market Street, Suite 1800 |
| New York, NY 10112 | Wilmington, DE 19801 |
| Fax (212) 408-5100 | Fax (302) 467-4400 |
| Attn: Douglas A. Deutsch | Attn: Adam G. Landis |

46.    The Court shall consider only timely-filed written objections to

confirmation of the Plan.  All objections not timely filed and served in accordance with the

procedures described herein by the Objection Deadline shall be deemed overruled.

47.     The Debtors shall publish the Publication Notice, substantially in the form annexed hereto as <u>Exhibit F</u>, once each in the national editions of <u>The Wall Street Journal</u>, <u>The New York Times</u>, the <u>Los Angeles Times</u>, and the <u>Chicago Tribune</u> not less than twenty (20) days before the Objection Deadline.

48.     The forms of mailed and published notice of the Confirmation Hearing are approved in all respects.  The scope of mailed and published notice of the Confirmation Hearing is adequate and provides known and unknown claimants with good and sufficient notice of the Confirmation Hearing.

49.     The Debtors are authorized to make any non-substantive changes to the Disclosure Statement, voting procedures, Ballots, Master Ballots, Non-Voting Notices, Credit/Refund Notices and/or forms of mailed and published notice of the Confirmation Hearing without further order of the Court, including, without limitation, changes to correct typographical, grammatical, and/or formatting errors or omissions and to conform the Disclosure Statement and any other materials in the Solicitation Package to the Plan prior to mailing to parties in interest.

50.     The Debtors, and any party supporting the Plan, shall file responses, if any, to any objection to confirmation of the Plan on or before **August 11, 2010 at 4:00 p.m. (prevailing Eastern Time)**.  The Debtors shall also file with the Court their proposed findings of fact and conclusions of law and their memorandum of law in support of confirmation on or before such date.

51.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

52.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

Dated:  Wilmington, Delaware
        _____, 2010

                                    _____
                                    The Honorable Kevin J. Carey
                                    Chief United States Bankruptcy Judge

**<u>EXHIBIT A: BALLOTS</u>**

<u>**Senior Loan Claims/Senior Loan Guaranty Claims – Classes 1C and 50C through 111C**</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS C CLAIMS (SENIOR LOAN CLAIMS AND SENIOR LOAN GUARANTY CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS C SENIOR LOAN CLAIMS AND SENIOR LOAN GUARANTY CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> RECEIVED BEFORE THE VOTING DEADLINE.

Please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2] The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement"). The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [____], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class C Senior Loan Claims and Senior Loan Guaranty Claims under the Plan are Claims arising under:

(i)    that certain Credit Agreement, dated as of May 17, 2007, among Tribune Company ("Tribune"), certain lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, Merrill Lynch Capital Corporation, as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A., as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time), together with those certain increase joinders, dated as of December 20, 2007, among Tribune, certain lenders party thereto and JPMorgan Chase Bank, N.A., as administrative agent (as amended, restated, supplemented or otherwise modified from time to time, the "Senior Loan Agreement");

(ii)    that certain Pledge Agreement, dated as of June 4, 2007, between Tribune and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time);

(iii)    that certain Guarantee Agreement, dated as of June 4, 2007, among Tribune, each of the subsidiaries of Tribune listed on Annex I thereto, and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time); and

(iv)    in the case of claims asserted by Barclays Bank PLC, that certain 1992 ISDA Master Agreement, dated as of July 2, 2007, between Barclays Bank PLC and Tribune.

If you hold Claims against any of the Debtors other than Senior Loan Claims and Senior Loan Guaranty Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

You may not split your vote on the Plan. You must vote all Senior Loan Claims and Senior Loan Guaranty Claims of which you are a Holder either to accept or reject the Plan. Holders of Senior Loan Claims and Senior Loan Guaranty Claims will vote such Claims together under the Plan, with such votes to be counted as a vote to accept or reject the Plan in (i) Class 1C (against Tribune) and (ii) each of Classes 50C through 111C (against the Filed Subsidiary Debtors). In addition, the Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of this Ballot (a "Guarantor Non-Debtor"). Your vote to accept or reject the Plan as reflected on this Ballot will also be counted as a vote to accept or reject the Prepackaged Plan of any Guarantor Non-Debtor.

If the Plan (including any Prepackaged Plan) is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim/Senior Loan Guaranty Claim against Tribune Company and the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.    VOTE.[3] The Holder of the Senior Loan Claim/Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan          ☐  to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

A vote to accept the Plan is also (i) an acceptance of the compromise and settlement set forth in the Plan, including, without limitation, section 11.2.5 of the Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Plan. The Disclosure Statement and the Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Plan, if the Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐      The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION.  By signing this Ballot, the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim identified in Item 1 certifies that it:

a.    is the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

b.    has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

c.    has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
            (Print or Type)

Signature:_____

By:_____
            (If Appropriate)
Title:_____
            (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

4

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE _ACTUALLY_ _RECEIVED_ BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Review and complete the certifications in Item 4;

   e) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

   f) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

   g) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9.  If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class.  Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**Bridge Loan Claims – Class 1D**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                                    Chapter 11

TRIBUNE COMPANY, et al.,[1]                               Case No. 08-13141 (KJC)

                    Debtors.                              Jointly Administered

---

## BALLOT FOR HOLDERS OF CLASS 1D CLAIMS (BRIDGE LOAN CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1D BRIDGE LOAN CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

in the above-captioned chapter 11 cases (the "Debtors").[2] The Plan is Exhibit A to the Disclosure Statement (as may be amended and supplemented from time to time, the "Disclosure Statement"). The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [___], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class 1D Bridge Loan Claims under the Plan are Claims arising under  that certain Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, among Tribune, certain lenders party thereto, Merrill Lynch Capital Corporation, as administrative agent, JPMorgan Chase Bank, N.A., as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A. as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time, the "Bridge Loan Agreement").

If you hold Claims against any of the Debtors other than Bridge Loan Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s). You may not split your vote on the Plan. You must vote all Bridge Loan Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.    AMOUNT OF CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Bridge Loan Claim against Tribune Company in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 2.    VOTE.[3] The Holder of the Bridge Loan Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐    to ACCEPT the Plan          ☐    to REJECT the Plan

ITEM 3.    ELECTION TO RECEIVE TREATMENT SET FORTH IN SECTION 3.4.2(b)(ii)(B) OF THE PLAN IF BRIDGE LOAN CLAIMS CLASS REJECTS THE PLAN. Each Holder of a Bridge Loan Claim may, even if the Bridge Loan Claim Class fails to accept the Plan, elect for itself on account of its Bridge Loan Claim the Plan treatment offered by the Debtors to the Class of Holders of Bridge Loan if such Class had accepted. You should therefore make one of the following choices, which shall apply only in the event that (i) the Class of Bridge Loan Claims fails to approve the Plan, and (ii) the Plan is confirmed and becomes effective nonetheless:

☐    The undersigned elects to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan in the event the Bridge Loan Claims Class rejects the Plan.

☐    The undersigned elects not to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan in the event the Bridge Loan Claims Class rejects the Plan.

Please note that if you do not check any box in Item 3 and the Bridge Loan Claims Class votes to reject the Plan, then: (i) if you vote to accept the Plan you will be deemed to have chosen to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan, and (ii) if you vote to reject the Plan, or if you do not return a Ballot, you will be deemed to have chosen not to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan.

ITEM 4.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. **If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 4 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Bridge Loan Claim identified in
Item 1 certifies that it:

    a.    is the Holder of the Bridge Loan Claim to which this Ballot pertains or is an
authorized signatory and has full power and authority to vote to accept or reject the
Plan;

    b.    has been provided with a copy of the Plan, Disclosure Statement and Solicitation
Order and acknowledges that the vote set forth on this Ballot is subject to all of the
terms and conditions set forth in the Plan, Disclosure Statement and Solicitation
Order; and

    c.    has not submitted any other Ballots that are inconsistent with the vote set forth in this
Ballot or that, as limited by the terms of the Solicitation Order and the instructions
attached hereto, if such other Ballots were previously submitted, they either have
been or are hereby revoked or changed to reflect the vote set forth herein.


Name:    _____
         (Print or Type)

Signature:_____

By:_____
      (If Appropriate)
Title:_____
      (If Appropriate)

Street Address:_____


_____

City, State, Zip Code:_____

Telephone Number:_____

Email:  _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of
a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any
Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON
OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30,
2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY
FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE**

VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.

## <u>VOTING INSTRUCTIONS</u>

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. Your Ballot must be <u>actually received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the appropriate box in Item 3. The Plan provides in Section 3.4.2(b)(ii)(B) that each Holder of a Bridge Loan Claim may, even if the Bridge Loan Claims Class fails to accept the Plan, elect for itself on account of its Bridge Loan Claim, the Plan treatment offered by the Debtors to the Class of Holders of Bridge Loan Claims if such Class had accepted. That treatment, which is described in more detail in the Plan, includes, without limitation, having such Holder's Bridge Loan Claim treated as an Allowed Claim, obtaining releases and certain indemnities from the Reorganized Debtors, and receiving consideration with a value calculated to equal 0.44% of such Bridge Loan Claim. Please note that if you do <u>not</u> check any box in Item 3 and the Bridge Loan Claims Class votes to reject the Plan, then: (i) if you vote to accept the Plan you will be deemed to have chosen to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan, and (ii) if you vote to reject the Plan, or if you do not return a Ballot, you will be deemed to have chosen <u>not</u> to receive the treatment described in Section 3.4.2(b)(ii)(B) of the Plan.

    d)  If desired, check the box in Item 4 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 4 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    e)  Review and complete the certifications in Item 5;

    f)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

    g)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

    h)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy

Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

<u>Senior Noteholder Claims – Class 1E</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**. IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "<u>VOTING NOMINEE</u>"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (1425); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2] The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement"). The Plan and Disclosure Statement, together with other materials, accompany this Beneficial Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [___], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

You may not split your vote on the Plan. You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3] The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan              ☐  to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. **If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.**

☐      The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior Noteholder Claims to either accept or reject the Plan. No split votes will be permitted. Accordingly, if a Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

ITEM 5.   **CERTIFICATION.** By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

a.   is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

b.   has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

c.   has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they have been or are hereby revoked or changed to reflect the vote set forth herein; and

d.   is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
         (Print or Type)

Signature:_____

By:_____
         (If Appropriate)

Title:_____
         (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, any debt instruments. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot. Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED. PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

10. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

11. Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

12. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

13. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

14. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

   e) Review the certifications in Item 5;

   f) Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

   g) If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

   h) Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

15. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

16. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the

votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

17. Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

18. After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

19. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**Other Parent Claims – Class 1F**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR HOLDERS OF CLASS 1F CLAIMS (OTHER PARENT CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 1F CLAIMS (OTHER PARENT CLAIMS) AGAINST TRIBUNE COMPANY. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  The Plan and the Disclosure Statement, together with other materials, accompany this Ballot on CD-ROM.  If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on [___], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1F under the Plan because you have been identified as a Holder of an Other Parent Claim against Debtor Tribune Company.  If you hold Claims against any of the Debtors other than the Claims shown on this Ballot, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed Other Parent Claims against Tribune Company will receive an amount of Distributable Cash equal to 35.18% of the aggregate amount of such Holder's Allowed Other Parent Claim.

As a Holder of a Class 1F Other Parent Claim against Tribune Company, you have the right to elect to have your Claim treated as a Class 1G Convenience Claim under the Plan.  If you make this election (which is in Item 2 below), your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000), and your Claim will receive the treatment set forth in the Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims, and you will be automatically deemed to accept the Plan and your vote will not be counted.

You may not split your vote on the Plan.  You must vote all Other Parent Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.   AMOUNT OF OTHER PARENT CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of an Other Parent Claim in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   CONVENIENCE CLASS ELECTION (OPTIONAL).  Check this box if you elect to have your Other Parent Claim reduced in amount to One Thousand Dollars ($1,000) and treated as a Class 1G Convenience Claim under the Plan.  Claims in Class 1G (Convenience Claims) will be paid in full, provided that post-petition interest will not be paid on any Claim in Class 1G.  Claims in Class 1G are Unimpaired under the Plan and are presumed to accept the Plan. Accordingly, if you elect to have your Claim treated as a Class 1G Convenience Claim, you are automatically deemed to accept the Plan and your vote to accept or reject the Plan will not be counted.

☐  The undersigned elects to have the Other Parent Claim described above reduced in amount to $1,000 and treated as a Class 1G Convenience Claim under the Plan.

ITEM 3.   VOTE.[3]  (ONLY COMPLETE THIS ITEM IF YOU DID NOT CHECK THE BOX IN ITEM 2 ABOVE).  The Holder of the Other Parent Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan            ☐  to REJECT the Plan

ITEM 4.   RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU DID NOT MAKE THE CONVENIENCE CLASS ELECTION AND YOU VOTED TO REJECT THE PLAN IN ITEM 3 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you made the Convenience Class Election in Item 2 above, you also will have automatically consented to the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant such releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐  The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 4 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

ITEM 5.    CERTIFICATION.  By signing this Ballot, the Holder of the Claim identified in Item 1 certifies that it:

    a.   is the Holder of the Other Parent Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

    c.   has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
              (Print or Type)

Signature:_____

By:_____
              (If Appropriate)

Title:_____
              (If Appropriate)

Street Address:_____

         _____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**YOUR BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES**

**OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. Your Ballot must be <u>actually received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) If desired, check the box in Item 2 if you elect to have your Class 1F Other Parent Claim treated as a Class 1G Convenience Claim under the Plan. If you make this election, your Class 1F Other Parent Claim will be reduced in amount to One Thousand Dollars ($1,000). In addition, if you make the Convenience Class Election in Item 2 of the Ballot, (a) such election is an irrevocable and legally binding obligation; (b) your Claim will receive treatment set forth in the Plan for Class 1G Convenience Claims instead of the treatment afforded to Class 1F Other Parent Claims; and (c) your vote to accept or reject the Plan will not be counted.

   c) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 3 only if you did not elect to have your Class 1F Other Parent Claim treated as a Class 1G Convenience Claim;

   d) If desired, check the box in Item 4 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan**. If you submit your Ballot with the box in Item 4 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   e) Review and complete the certifications in Item 5;

   f) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

   g) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

   h) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court

in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules. **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7.  Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8.  After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9.  If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5014<br>New York, NY 10150-5014 | Tribune Company Ballot Processing Center<br>c/o Epiq Bankruptcy Solutions<br>757 Third Avenue, Third Floor<br>New York, NY 10017 |

<u>**General Unsecured Claims against Filed Subsidiary Debtors – Classes 2E through 111E**</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS 2E THROUGH 111E CLAIMS (GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASSES 2E THROUGH 111E GENERAL UNSECURED CLAIMS AGAINST FILED SUBSIDIARY DEBTORS.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.  PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.  DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2] The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement"). The Plan and the Disclosure Statement, among other materials, accompany this Ballot on CD-ROM. If you would like to receive hard copies of the Disclosure Statement, the Plan and their exhibits, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on [___], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claims have been placed in one of Classes 2E through 111E under the Plan because you have been identified as a Holder of a General Unsecured Claim against one of the Filed Subsidiary Debtors. The number of the particular Class into which your Claim has been placed corresponds to the number of the particular Filed Subsidiary Debtor against which your Claim may be asserted, according to the claims register maintained in the Debtors' chapter 11 cases or the Debtors' books and records, as applicable. The number assigned to each Filed Subsidiary Debtor is set forth on Appendix A to the Plan. If you hold Claims against any of the Debtors other than General Unsecured Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

Holders of Allowed General Unsecured Claims against the Filed Subsidiary Debtors will receive payment in full in Cash on account of such Allowed General Unsecured Claims under the Plan, provided that such payment may be reduced in certain circumstances if the total amount of all Allowed General Unsecured Claims is estimated to exceed $150 million. Post-petition interest will not be paid on account of any Allowed General Unsecured Claim.

You may not split your vote on the Plan. You must vote all General Unsecured Claims against the Filed Subsidiary Debtors in Classes 2E through 111E of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

ITEM 1.   AGGREGATE AMOUNT OF GENERAL UNSECURED CLAIMS.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of General Unsecured Claims against the relevant Filed Subsidiary Debtor in the aggregate unpaid amount set forth below.

Debtor _____

Class _____

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE.[3]  The Holder of the General Unsecured Claims set forth above hereby votes with respect to such Claim as follows (check one box only):

☐   to ACCEPT the Plan            ☐   to REJECT the Plan

ITEM 3.   RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐   The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.   CERTIFICATION.  By signing this Ballot, the Holder of the General Unsecured Claim identified in Item 1 certifies that it:

a.  is the Holder of the General Unsecured Claim(s) to which this Ballot pertains or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan;

b.  has been provided with a copy of the Plan, the Disclosure Statement, and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

c. has not submitted any other Ballots relating to its General Unsecured Claims that are inconsistent with the vote as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
           (Print or Type)

Signature:_____

By:_____
           (If Appropriate)

Title:_____
           (If Appropriate)

Street Address: _____

           _____

City, State, Zip Code:_____

Telephone Number:_____

Email:_____

Date Completed:_____

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein shall have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on July 30, 2010, unless such time is extended (the "<u>Voting Deadline</u>") or your Ballot will not be counted.

3.  In order for your vote to count, you must:

    a)  Verify the amount listed in Item 1;

    b)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)  If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you choose not to grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)  Review and complete the certifications in Item 4;

    e)  Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count;**

    f)  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    g)  Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed stamped envelope enclosed with this Ballot or by personal delivery or overnight courier at the address provided below.

4.  If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.

5.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules. July 13, 2010 has been established as the date for a hearing to consider any and all 3018 Motions.

6.  Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.

7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

| **If By Mail:** | **If By Personal Delivery or Overnight Courier:** |
|---|---|
| Tribune Company Ballot Processing Center | Tribune Company Ballot Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC | c/o Epiq Bankruptcy Solutions |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, Third Floor |
| New York, NY 10150-5014 | New York, NY 10017 |

**EXHIBIT B: MASTER BALLOT**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "VOTING DEADLINE"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated May 24, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1)year from the Voting Deadline.

On [___], 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please review carefully the Plan and the Disclosure Statement, among other materials, that are contained on the CD-ROM accompanying this Master Ballot. Beneficial Owners that have not received hard copies of the Disclosure Statement, the Plan and their exhibits with the Beneficial Ballot may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtain by contacting the Voting Agent. Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

> is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

> is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

> has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and/or (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Item 2 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of the Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the Individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

## Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information to be transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

| | | | | |
|---|---|---|---|---|

If space provided is insufficient, attach additional sheets in the same format.

**Item 5 - CERTIFICATION.**  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner. The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated [_____], 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

# VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time. To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan (provided on CD-ROM), Disclosure Statement (provided on CD-ROM), Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; (ii) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (iii) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Plan in Item 2;

    iii.    Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.    Sign, date, and return the original Master Ballot;

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline. You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes. After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders of Senior Notes should not surrender their Senior Notes at this time. The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee. Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

2

**EXHIBIT C: UNIMPAIRED CLASS NOTICE**

<u>Unimpaired Class Notice</u>

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNCLASSIFIED CLAIMS AND UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

TO:    ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS AND INTERESTS IN CLASS 1A (PRIORITY NON-TAX CLAIMS), CLASS 1B (OTHER SECURED CLAIMS), CLASS 1G (CONVENIENCE CLAIMS), CLASSES 2A THROUGH 111A (PRIORITY NON-TAX CLAIMS), CLASSES 2B THROUGH 111B (OTHER SECURED CLAIMS), AND CLASSES 2M THROUGH 111M (INTERESTS IN FILED SUBSIDIARY DEBTORS) AND

ALL HOLDERS OF UNCLASSIFIED CLAIMS, PRIORITY NON-TAX CLAIMS, OTHER SECURED CLAIMS, GENERAL UNSECURED CLAIMS, AND INTERESTS IN (I) TRIBUNE NATIONAL MARKETING COMPANY, (II) TRIBUNE ND, INC., (III) TRIBUNE INTERACTIVE, INC., AND (IV) TRIBUNE (FN) CABLE VENTURES, INC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.      On May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan").  Capitalized terms not defined herein have the meanings given to them in the Plan.

2.      On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

3.      You have been sent this notice because you may be a Holder of (a) a Claim against one of the Debtors that has not been classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and, therefore, you are not entitled to vote to accept or to reject the Plan on account of such Claim; or (b) a Claim or Interest in certain Classes under the Plan that are Unimpaired under section 1124 of the Bankruptcy Code, which means generally that Allowed Claims and Interests in those Classes will retain all of their legal rights under the Plan.  Specifically, Allowed Claims in (i) Class 1A (Priority Non-Tax Claims against Tribune Company), (ii) Class 1B (Other Secured Claims against Tribune Company), (iii) Class 1G (Convenience Claims against Tribune Company), (iv) Classes 2A through 111A (Priority Non-Tax Claims against Filed Subsidiary Debtors), and (v) Classes 2B through 111B (Other Secured Claims against Filed Subsidiary Debtors) are Unimpaired under the Plan.  In addition, Holders of Interests in Classes 2M through 111M (Interests in Filed Subsidiary Debtors) are Unimpaired under the Plan.  As a result, pursuant to Section 1126(f) of the Bankruptcy Code, all Holders of Claims and Interests in those Classes are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan.

4.      The Plan also constitutes a Prepackaged Plan of Reorganization (a "Prepackaged Plan") for any Guarantor Non-Debtors that may commence chapter 11 cases, including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc.  You may also have received this notice because the Debtors have identified you as a Holder of (a) a Claim against one of those entities that has not been classified under the Plan pursuant to section 1123(a)(1) of the Bankruptcy Code; or (b) a Priority Non-Tax Claim, Other Secured Claim, or General Unsecured Claim against, or Interest in, one of the above-referenced entities.  The Prepackaged Plan provides that such Claims and Interests are Unimpaired under section 1124 of the Bankruptcy Code, which means generally that Allowed Claims and Interests in those Classes will retain all of their legal rights under the Prepackaged Plan.

5.      This notice and the notice of Confirmation Hearing are provided to you for informational purposes only.  If you have any questions regarding the status of your Claim(s)/Interest(s) or wish to obtain copies of the Disclosure Statement, the Plan, or the Solicitation Order, you may request such information by contacting the Voting Agent (i) by first class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400.  Copies of the Disclosure Statement, the Plan, and the Solicitation Order are also available on the Internet at http://chapter11.epiqsystems.com/tribune, or from the Bankruptcy Court's website at http://www.deb.uscourts.gov.

Dated:  [____], 2010

SIDLEY AUSTIN LLP

James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:   (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:   (302) 652-3117

Counsel for Debtors and Debtors In Possession

3

**EXHIBIT D:  REJECTING CLASS NOTICE**

<u>Rejecting Class Notice</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS FOR
## <u>IMPAIRED CLASSES DEEMED TO REJECT THE PLAN</u>

TO: ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASS 1I (EGI-TRB LLC NOTES CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1J (PHONES NOTES CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1L (SECURITIES LITIGATION CLAIMS AGAINST TRIBUNE COMPANY), CLASS 1M (TRIBUNE INTERESTS), CLASSES 50D THROUGH 111D (BRIDGE LOAN GUARANTY CLAIMS), <u>AND</u>

CLASSES 2L THROUGH 111L (SECURITIES LITIGATION CLAIMS AGAINST THE FILED SUBSIDIARY DEBTORS) AND ANY HOLDERS OF SECURITIES LITIGATION CLAIMS AGAINST (I) TRIBUNE NATIONAL MARKETING COMPANY, (II) TRIBUNE ND, INC., (III) TRIBUNE INTERACTIVE, INC., AND (IV) TRIBUNE (FN) CABLE VENTURES, INC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.    On May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors") filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan").  Capitalized terms not defined herein have the meanings given to them in the Plan.

2.    On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

3.    You have been sent this notice because you have been identified as a Holder of a Claim or Interest in certain Classes under the Plan in which Claims or Interests are Impaired by the Plan and in which the Holders of such Claims or Interests will not receive or retain any property under the Plan on account of their Claims or Interests.  This applies to Holders of (i) Claims in Class 1I (EGI-TRB Notes Claims against Tribune Company), (ii) Claims in Class 1J (PHONES Notes Claims against Tribune Company), (iii) Claims in Class 1L (Securities Litigation Claims against Tribune Company), (iv) Interests in Class 1M (Tribune Interests), (v) Claims in Classes 50D through 111D (Bridge Loan Guaranty Claims), and/or (vi) Claims in Classes 2L through 111L (Securities Litigation Claims against Filed Subsidiary Debtors).  As a result, in accordance with the terms of the Plan and Section 1126(g) of the Bankruptcy Code, Holders of Claims and Interests in those Classes are conclusively presumed to reject the Plan and are not entitled to vote on the Plan.

4.    The Plan also constitutes a Prepackaged Plan of Reorganization (a "Prepackaged Plan") for any Guarantor Non-Debtors that may commence chapter 11 cases, including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc.  You may also have received this notice because the Debtors have identified you as a Holder of a Securities Litigation Claim against one of those entities.  The Prepackaged Plan provides that such Securities Litigation Claims will not receive or retain any property under the Prepackaged Plan on account of such Claims and, in accordance with the terms of the Prepackaged Plan and Section 1126(g) of the Bankruptcy Code, Holders of such Claims are conclusively presumed to reject the Prepackaged Plan and are not entitled to vote on the Prepackaged Plan.

5.    This notice and the Confirmation Hearing Notice are provided to you for informational purposes only.  If you have any questions regarding the status of your Claim(s) and/or Interest(s) or wish to obtain copies of the Disclosure Statement, the Plan, or the Solicitation Order, you may request such information by contacting the Voting Agent (i) by first class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400.  Copies of the Disclosure Statement, the Plan, and the Solicitation Order are also available on the Internet at http://chapter11.epiqsystems.com/tribune or from the Bankruptcy Court's website at http://www.deb.uscourts.gov.

Dated:   [___], 2010

SIDLEY AUSTIN LLP

James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131

Telephone:  (312) 853-0199                    Facsimile:   (302) 652-3117
Facsimile:  (312) 853-7036

Counsel for Debtors and Debtors In Possession

**<u>EXHIBIT E: NOTICE OF CONFIRMATION HEARING</u>**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND (II) VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN

PLEASE TAKE NOTICE THAT on May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan") and the Disclosure Statement related to the Plan (as may be amended from time to time, the "Disclosure Statement"). Capitalized terms not defined in this Notice have the meanings given to them in the Plan.

PLEASE TAKE FURTHER NOTICE THAT:

1.        A hearing (the "Confirmation Hearing") will be held beginning on **August 16, 2010 at 10:00 a.m. Eastern Time** before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (9479); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Plan. The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

2.      On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan. This notice was approved by the Court pursuant to the Solicitation Order in order to provide interested parties, such as Holders of Claims against and Interests in the Debtors, with information concerning the process by which the Debtors will seek the necessary approvals of the Plan.

## Voting on the Plan

3.      If you hold a Claim against one of the Debtors as of May 17, 2010 (the "Record Date") and that Claim is in a Class under the Plan in which Holders are entitled to vote to accept or reject the Plan (and you are otherwise entitled to receive a Ballot on account of such Claim pursuant to the voting procedures established by the Bankruptcy Court in the Solicitation Order), you have received a Ballot and voting instructions appropriate for your claim with this Confirmation Hearing Notice. Although you should carefully read the Disclosure Statement and Plan and all noted documents, a summary of the treatment of Claims and Interests under the Plan is located on pages 7 – 15 of the Disclosure Statement.

4.      If you are entitled to vote to accept or reject the Plan based on your Claim, for your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot to the address indicated on the Ballot so as to be received by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") **no later than 4:00 p.m. Eastern Time on July 30, 2010, unless such time is extended** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

5.      If you have not received a form of Ballot and are entitled to vote on the Plan, you may request a form of Ballot and voting instructions appropriate for your Claim from the Voting Agent by e-mail at tabulation@epiqsystems.com and submit your Ballot as set forth above by the Voting Deadline. All submitted Ballots will be tabulated according to the rules set forth in the Solicitation Order.

6.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 21, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline, and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules (or, in the event you did not receive a Ballot, you shall not have a Ballot counted at all). **July 13, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

## Objections to Confirmation of the Plan

7.      Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan; and (d) be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor,

Wilmington, Delaware 19801 together with proof of service, and served so as to be **RECEIVED on or before 4:00 p.m. Eastern Time on July 30, 2010** by the following: (i) Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, Facsimile (312) 853-7036, Attn: Jessica C.K. Boelter, (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Facsimile (302) 652-3177, Attn: Norman L. Pernick, (iii) The Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Facsimile (302) 573-6497, Attn: Joseph McMahon, (iv) Chadbourne & Parke, LLP, 30 Rockefeller Plaza, New York, NY 10112, Facsimile (212) 408-5100, Attn: Douglas E. Deutsch; (v) Landis, Rath & Cobb, LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Facsimile (302) 467-4400, Attn: Adam G. Landis; (vi) Davis Polk & Wardwell, 450 Lexington Avenue, New York, New York 10017, Facsimile (212) 607-7999, Attn: Donald S. Bernstein; and (vii) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Facsimile (302) 651-7701, Attn: Mark D. Collins.  Objections not timely filed and served in the manner set forth in the Solicitation Order shall not be considered and shall be deemed overruled.

## Media Ownership Certifications

8.    If you believe that you are or may be eligible to receive five percent (5%) or more of the New Common Stock in Reorganized Tribune under the Plan for any reason (including, without limitation, as a result of the distribution of New Warrants or distribution of New Class B Common Stock in lieu of New Class A Common Stock, as contemplated in section 5.4.2 of the Plan), you are required pursuant to the Solicitation Order to contact the Debtors and to complete, execute and submit to the Debtors a Media Ownership Certification on or prior to **July 1, 2010 (the "Certification Deadline")**.  In the event you do not submit a completed and executed Media Ownership Certification to the Debtors by July 1, 2010, you may, in the event you would ultimately be entitled under the Plan to receive more than 5% of the New Class A Common Stock in Reorganized Tribune but for your failure to submit an executed Media Ownership Certification by the Certification Deadline, receive New Class B Common Stock in lieu of New Class A Common Stock to the extent deemed appropriate by Reorganized Tribune to ensure compliance with the Communications Act or the rules of the Federal Communications Commission (the "FCC") and/or to avoid a substantial delay in obtaining approvals from the FCC.  Please review the Disclosure Statement for additional information regarding the Media Ownership Certifications and the Debtors' applications to the FCC.

## Additional Information About the Plan

9.    The Disclosure Statement, the Plan, and the Solicitation Order are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801 and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours.  In addition, any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order, or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first-class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephoning the Voting Agent at (646) 282-2400.  Copies of the Disclosure Statement, the Plan, and the Solicitation Order are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

10.    The Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliates of Tribune Company that have executed guarantees of certain indebtedness of Tribune Company but have not yet commenced chapter 11 cases (the "Guarantor Non-Debtors"), including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc.  In the event any of such affiliates commences a chapter 11 case,

additional notice and information will be provided to any parties holding claims against the relevant Guarantor Non-Debtor.

11.     The Plan contemplates that the Debtors may enter into various Restructuring Transactions in connection with their emergence from their chapter 11 cases.  As part of these Restructuring Transactions, some or all of the executory contracts and leases to which certain Debtors are a party will be assumed by, assigned to and/or vest in other affiliated Reorganized Debtors.  These affiliated Reorganized Debtors shall become party to the applicable executory contract or lease, and the terms of such executory contract or lease shall remain in full force and effect (unless otherwise rejected pursuant to the terms of the Plan).  Details concerning the Restructuring Transactions will be filed by the Debtors with the Bankruptcy Court as part of the Plan Supplement.

**12.     The Plan contains various injunctions and releases, including certain releases that will be granted by Holders of Claims and Interests unless such Holders vote to reject the Plan and opt out of such releases.  The release and injunction provisions are set forth in Article XI of the Plan, and you are encouraged to read those provisions carefully in connection with any vote you may cast to accept or reject the Plan.**

Dated:  [_____], 2010
SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel for Debtors and Debtors In Possession

## EXHIBIT F:  PUBLICATION NOTICE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

Tribune Company
435 Production Company
5800 Sunset Productions Inc.
 Baltimore Newspaper Networks, Inc.
California Community News Corp.
Candle Holdings Corporation
Channel 20, Inc.
Channel 39, Inc.
Channel 40, Inc.
Chicago Avenue Construction Company
Chicago River Production Company
Chicago Tribune Company
Chicago Tribune Newspapers, Inc.
Chicago Tribune Press Service, Inc.
ChicagoLand Microwave Licensee, Inc.
Chicagoland Publishing Company
Chicagoland Television News, Inc.
Courant Specialty Products, Inc. (9221);
Direct Mail Associates, Inc.
Distribution Systems of America, Inc.
Eagle New Media Investments, LLC
Eagle Publishing Investments, LLC
forsalebyowner.com corp.
ForSaleByOwner.com Referral Serv, LLC
Fortify Holdings Corporation
Forum Publishing Group, Inc.
Gold Coast Publications, Inc.
GreenCo, Inc.
Heart & Crown Advertising, Inc.
Homeowners Realty, Inc.
Homestead Publishing Co.
Hoy, LLC
Hoy Publications, LLC
InsertCo, Inc.
Internet Foreclosure Service, Inc.
JuliusAir Company, LLC
JuliusAir Company II, LLC;
KIAH Inc.

KPLR, Inc.
KSWB Inc.
KTLA Inc.
KWGN Inc.
Los Angeles Times Communications LLC
Los Angeles Times International, Ltd.
Los Angeles Times Newspapers, Inc.
Magic T Music Publishing Company
NBBF, LLC
Neocomm, Inc.
New Mass. Media, Inc.
Newscom Services, Inc.
Newspaper Readers Agency, Inc.
North Michigan Production Company
North Orange Avenue Properties, Inc.
Oak Brook Productions, Inc.
Orlando Sentinel Communications Co.
Patuxent Publishing Company
Publishers Forest Products Co. of Wash.
Sentinel Communications News Ventures, Inc.
Shepard's Inc.
Signs of Distinction, Inc.
Southern Connecticut Newspapers, Inc.
Star Community Publishing Group, LLC
Stemweb, Inc.
Sun-Sentinel Company
The Baltimore Sun Company
The Daily Press, Inc.
The Hartford Courant Company
The Morning Call, Inc.
The Other Company LLC
Times Mirror Land and Timber Company
Times Mirror Payroll Processing Co., Inc.
Times Mirror Services Company, Inc.
TMLH 2, Inc.
TMLS I, Inc.
TMS Entertainment Guides, Inc.
Tower Distribution Company

Towering T Music Publishing Company
Tribune Broadcast Holdings, Inc.
Tribune Broadcasting Company
Tribune Broadcasting Holdco, LLC
Tribune Broadcasting News Network, Inc., n/k/a
Tribune Washington Bureau Inc.
Tribune California Properties, Inc.
Tribune CNLBC, LLC f/k/a Chicago National
League Ball Club, LLC
Tribune Direct Marketing, Inc.
Tribune Entertainment Company
Tribune Entertainment Production Co.
Tribune Finance, LLC
Tribune Finance Service Center, Inc.
Tribune License, Inc.
Tribune Los Angeles, Inc.
Tribune Manhattan Newspaper Hldgs, Inc.
Tribune Media Net, Inc.
Tribune Media Services, Inc.
Tribune Network Holdings Company
Tribune New York Newspaper Hldgs, LLC
Tribune NM, Inc.
Tribune Publishing Company
Tribune Television Company
Tribune Television Holdings, Inc.
Tribune Television New Orleans, Inc.
Tribune Television Northwest, Inc.
ValuMail, Inc.
Virginia Community Shoppers, LLC
Virginia Gazette Companies, LLC
WATL, LLC
WCWN LLC
WDCW Broadcasting, Inc.
WGN Continental Broadcasting Company
WLVI Inc.
WPIX, Inc.
WTXX Inc.

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN

**PLEASE TAKE NOTICE THAT** on May 24, 2010, the Debtors in the above-captioned chapter 11 cases filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended, the "<u>Plan</u>") and the Disclosure Statement related to the Plan (as may be amended, the "<u>Disclosure Statement</u>"). Capitalized terms not defined in this notice have the meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT:**

1. The deadline for voting to accept or reject the Plan is **4:00 p.m. Eastern Time on July 30, 2010**, unless such time is extended. Objections to the Plan must comply with the Solicitation Order and be filed by **4:00 p.m. Eastern Time on July 30, 2010**. A hearing to consider confirmation of the Plan will be held on **August 16, 2010 at 10:00 a.m. Eastern Time**, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801. That hearing may be continued from time to time without further notice.

2. On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order (the "<u>Solicitation Order</u>") approving the Disclosure Statement and the Debtors'

procedures for providing notice to parties in interest of the Plan and the hearing to confirm the Plan, and approving procedures for soliciting votes on the Plan.

      3.    The Plan also constitutes a Prepackaged Plan of Reorganization (the "<u>Prepackaged Plan</u>") for any affiliates of Tribune Company that have executed guarantees of certain indebtedness of Tribune Company but have not yet commenced chapter 11 cases (the "<u>Guarantor Non-Debtors</u>"), including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc.  In the event any of such affiliates commences a chapter 11 case, additional notice and information will be provided to any parties holding claims against the relevant Guarantor Non-Debtor.

      4.    Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order or other information about the solicitation procedures, or with questions about their ballot, or inquiries on obtaining a ballot, may request such information or materials by contacting the Voting Agent (i) by first-class mail addressed to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephone at (646) 282-2400.  Copies of the Disclosure Statement, the Plan and the Solicitation Order, as well as additional information concerning the matters described in this notice, are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

Dated:  [_____], 2010

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>James F. Conlan, Bryan Krakauer, Janet E. Henderson, Kenneth P. Kansa, D'Lisia E. Bergeron, One South Dearborn Street, Chicago, Illinois 60603, Tele: (312) 853-0199, Fax: (312) 853-7036 | COLE SCHOTZ MEISEL FORMAN & LEONARD, P.A.<br>Norman L. Pernick (No. 2290), J. Kate Stickles (No. 2917), Patrick J. Reilley (No. 4451), 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19201, Tele:  (302) 652-3131, Fax:   (302) 652-3117 |

Counsel for Debtors and Debtors In Possession

**EXHIBIT G: CREDIT/REFUND NOTICE**

<u>Credit/Refund Notice</u>

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE TO HOLDERS OF CERTAIN CUSTOMER PROGRAM CLAIMS CONCERNING VOTING AND TREATMENT OF SUCH CLAIMS UNDER AMENDED JOINT PLAN OF REORGANIZATION

1.      On May 24, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "<u>Plan</u>"). Capitalized terms not defined herein have the meanings given to them in the Plan.

2.      A hearing (the "<u>Confirmation Hearing</u>") will be held on **August 16, 2010 at 10:00 a.m. Eastern Time** before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Plan, and for such other and further relief as may be just. The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

3.      On [___], 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

4.      You have received this notice because the Debtors' books and records indicate that you may have a remaining subscription balance or advertising credit or other refund with one of the Debtors. As a result, you may have a General Unsecured Claim against one of the Debtors and may be entitled to vote on the Plan.

5.      On December 10, 2008, the Court entered an order authorizing the Debtors, in their sole discretion and in the ordinary course of business, to honor and perform all obligations in respect to any Claim that arises from one of the Debtors' Customer Programs.[2] Because the Debtors are authorized, but not required, to pay Customer Program Claims, and given the de minimis nature of the overwhelming majority of the Customer Program Claims and the Debtors' prior efforts to contact holders of Customer Program Claims, the Solicitation Order provides that the Debtors are not required to distribute copies of materials other than this notice to holders of Customer Program Claims. Accordingly, you will not receive copies of the Plan and the Disclosure Statement, nor will you receive a Ballot for voting on the Plan, unless you request them from the Debtors.

6.      If you would like to vote on the Plan, you may request copies of the Plan, the Disclosure Statement, and an appropriate Ballot by contacting the Voting Agent and requesting a Tribune Customer Program Voting Package. You may make such a request in any of the following ways: (i) by first-class mail addressed to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; (iii) by email at tribunevote@epiqsystems.com; or (iv) by telephone at (888) 287-7568. You may also obtain copies of the Plan and the Disclosure Statement free of charge from the Debtors' website at http://chapter11.epiqsystems.com/tribune. Any request from a Holder of a Customer Program Claim to vote on the Plan must be received on or prior to **July 14, 2010 at 4:00 p.m. (prevailing Eastern time)**.

7.      Because the Debtors have already been granted authority by the Court to continue their Customer Programs and to honor all of their obligations to Holders of Customer Program Claims, the Debtors reserve the right to satisfy—and thereby eliminate—your Customer Program Claim, in which case, you will not be entitled to vote on the Plan.

Dated:  [___], 2010

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kenneth P. Kansa
D'Lisia E. Bergeron
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-0199
Facsimile:  (312) 853-7036

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:  (302) 652-3131
Facsimile:  (302) 652-3117

Counsel for Debtors and Debtors In Possession

---

[2] The "Customer Programs" are described more fully in the Motion of the Debtors for an Order Authorizing, but not Requiring, the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business [filed Dec. 8, 2008, Docket No. 8]. Nothing contained herein shall constitute, nor shall it be construed as, a request to assume or adopt any executory contract with respect to any customer. The Debtors expressly reserve all rights with respect to the continuation or cessation of any contract with any customer and the assumption, adoption, modification or rejection of any executory contract with any customer. Furthermore, the Debtors reserve the right to contest the amounts claimed to be due under any Customer Program, if any, by any customer in the ordinary course of business.