## **EXHIBIT B**

*Credit Agreement Lenders' First Request for Production*

*of Documents to JPMorgan Chase Bank, N.A.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 08-13141 (KJC)<br>)<br>) Jointly Administered<br>)<br>)<br>)<br>)<br>)<br>) |

**CREDIT AGREEMENT LENDERS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO JPMORGAN CHASE BANK, N.A.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, which are made applicable by Federal Rules of Bankruptcy Procedure 7026, 7034 and 9014, and pursuant to that certain "Discovery and Scheduling Order for Plan Confirmation" [Docket No. 4366], the Credit Agreement Lenders[1] hereby request that JPMorgan Chase Bank, N.A. serve a written verified response to this set of requests and produce the originals or copies of the designated documents for inspection and copying on or before June 7, 2010 at the offices of at the offices of Hennigan, Bennett & Dorman LLP, 865 South Figueroa Street, Suite 2900, Los Angeles, California 90017, attn: Bruce Bennett and James O. Johnston and Young Conaway Stargatt & Taylor, LLP, The Brandywine Building – 17th Floor, 1000 West Street, Post Office Box 391, Wilmington, Delaware 19899 0391, attn: Robert S. Brady and M. Blake Cleary, unless otherwise stipulated by counsel or ordered by the Court.

---

[1] The Credit Agreement Lenders are the entities identified in the "Sixth Amended Joint Verified Statement Of Representation Of More Than One Creditor By Hennigan Bennett & Dorman LLP And Young, Conaway, Stargatt & Taylor, LLP" [Docket No. 4374].

- 1 -

## **DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below:

A. "All" and "each" shall be construed as "all and each."

B. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

C. "Credit Agreement" means that certain $8.028 billion senior secured credit agreement, dated as of May 17, 2007 by and between Tribune and JPMorgan Chase Bank, N.A., as administrative agent and financial institutions from time to time party thereto, as amended from time to time.

D. "Disclosure Statement" means that "Proposed Disclosure Statement for Proposed Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries," dated as of May 19, 2010 [Docket No. 4472].

E. "Document" includes any written (hand-written, typed or printed), electronic (including, but not limited to, emails, word processing documents, spreadsheets or presentations) or recorded (including, but not limited to, photographs, audiotapes or videotapes) material, including, but not limited to, letters, reports, memoranda, term sheets, commitment letters, pitch books, offering circulars, financial statements, appointment books, calendars, journals, appraisals, contracts, account statements, charts, minutes, notations, notes, opinions, papers, pictures, projections, telephone records or things similar to any of the foregoing however denominated and is intended to have the broadest possible meaning under the Federal Rules of Civil Procedure and includes, without limitation, any writings, drawings, graphs, charts,

photographs, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original.

F.   "Payments" means any and all funds or other consideration received on or prior to the Petition Date in satisfaction of obligations due under the Credit Agreement.

G.   "Person" means any natural person or any other cognizable entity, including (without limitation) any corporation, partnership, limited liability company, limited liability partnership, joint venture, company, consortium, club, association, foundation, governmental agency or instrumentality, society or order.

H.   "Petition Date" means December 8, 2008.

I.   "You," and "your," means JPMorgan Chase Bank, N.A. and any of its directors, officers, agents, employees, representatives, managing agents, accountants, attorneys, investigators or affiliates, and any agent, employee or representative of any of the foregoing.

J.   The masculine gender shall be deemed to include the feminine.

K.   The past tense shall include the present tense and vice versa.

L.   The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.   This request calls for the production of all responsive documents in your possession, custody or control. You are deemed to be in control of a document if you have the right to secure the document or a copy thereof from another person having actual possession thereof. You must produce all responsive documents in your possession, custody or control,

regardless of whether they are possessed by (1) you, or (2) your director, officer, agent, employee, representative, subsidiary, managing agent, accountant, attorney or investigator, or (3) the agent, employee, representative of any of the foregoing.

2. With respect to the actual production of documents, any documents demanded shall either be produced as they are kept in the usual course of business, or be organized and labeled to correspond with the categories in the demand.

3. Documents attached to each other should not be separated. Documents that are located in files, folders, binders and the like must be produced in a manner that enables the Credit Agreement Lenders to determine which particular pages were contained in a given file, folder or binder. The labels of any files, folders or binders that contain responsive documents must also be copied.

4. If two specific requests overlap, or if a document is responsive to more than one specific request, the document need only be produced once.

5. Documents should be produced with serialized document production numbers.

6. The fact that a document is or has been produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

7. If you object to any part of any specific request, you shall state fully the nature of the objection. Notwithstanding any objections, you must comply fully with the other parts of the request not objected to.

## **REQUESTS**

1. Documents sufficient to establish the identify of all current holders of Credit Agreement debt. A single list of the current holders of Credit Agreement debt, together with their addresses, will suffice.

2. Documents sufficient to establish the identity and addresses of all entities who received Payments, including but not limited to the more than 900 recipients you reference in Exhibit D to the Disclosure Statement, including the amounts of such Payments. A list of such entities and their addresses, with the dates of Payments and amounts received will suffice.

Dated: May 25, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Robert S. Brady
Robert S. Brady (No. 2847)
M. Blake Cleary (No. 3614)
The Brandywine Building – 17th Floor
1000 West Street, Post Office Box 391
Wilmington, Delaware 19899 0391
Telephone: (302) 571-6600
Telecopier: (302) 571-1253

- and -

HENNIGAN, BENNETT & DORMAN LLP
Bruce Bennett
James O. Johnston
Joshua D. Morse
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Telecopier: (213) 694-1234

*Counsel to the Credit Agreement Lenders*