IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objections Due: July 1, 2010<br>Hearing Date: *Only if Objections are filed* |

## FOURTH QUARTERLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | September 1, 2009 to November 30, 2009 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $362,715.50 (80% of which is $290,172.40) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $2,425.85[1] |
| This is an: __ monthly     X interim     __ final application | |

---

[1] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott Will & Emery LLP ("McDermott"), As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought in its October fee application by $250.00. Thus, McDermott actually seeks reimbursement of expenses in the amount of $2,175.85 ($2,425.85-$250.00).

NYK 1307544-1.020336.0515

Prior Interim Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[2] | 1029 | 12/8/08 – 2/28/09 | $530,504.50 | $6,808.20 | $416,077.00 | $1,489.70 |
| 10/9/09 | 2313 | 3/1/09 – 5/31/09 | $839,465.00[3] | $3,883.93 | $838,826.50 | $3,631.33 |
| 12/11/09 | 2820 | 6/1/09 – 8/31/09 | $365,485.00 | $1,312.70 | $[____] | $[____] |

## COMPENSATION FOR PROFESSIONALS
## SEPTEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $915 | 84.10 | $76,951.50 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $750 | 100.40 | $75,300.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $580 | 40.60 | $23,548.00 |
| Robert A. Schreck, Jr. | Partner, Corporate, Member of Illinois Bar since 1978 | $695 | .30 | $208.50 |
| Philip J. Levine | Partner, Tax, Member of New York Bar since 1975, Member of District of Columbia Bar since 2002 | $835 | 21.90 | $18,286.50 |

---

[2] The Combined Monthly and First Quarterly Application combined McDermott's monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[3] By agreement with the above-captioned debtors and debtors in possession (the "Debtors"), McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the Debtors. Such reduction was to respond to the United States Trustee's (the "U.S. Trustee") comments regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") agreed that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

| Name | Title / Bar | Rate | Hours | Total |
|---|---|---|---|---|
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $715 | 49.30 | $35,249.50 |
| William W. Merten | Partner, Employee Benefits, Member of Illinois Bar since 1985 | $715 | 21.00 | $15,015.00 |
| Michael J. Wilder | Partner, Tax, Member of District of Columbia Bar since 1995 | $690 | 19.10 | $13,179.00 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | $610 | 31.60 | $19,276.00 |
| Gary O. Ravert | Partner, Restructuring & Insolvency, Member of New York Bar since 2001 | $585 | 20.40 | $11,934.00 |
| Susan M. Nash | Partner, Employee Benefits, Member of Illinois Bar since 1991 | $690 | .70 | $483.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | $715 | 17.60 | $12,584.00 |
| Michael T. Graham | Partner, Employee Benefits, Member of Illinois Bar since 1995, Member of Indiana Bar since 1995 | $565 | 2.00 | $1,130.00 |
| Daniel N. Zucker | Partner, Tax, Member of Illinois Bar since 1984 | $795 | .30 | $238.50 |
| Raymond M. Fernando | Partner, Employee Benefits, Member of Illinois Bar since 2002 | $570 | 2.00 | $1,140.00 |
| Brooks B. Gruemmer | Partner, Corporate, Member of Illinois Bar since 1990 | $690 | .80 | $552.00 |
| Karen A. Simonsen | Partner, Employee Benefits, Member of Illinois Bar since 1988 | $715 | .30 | $214.50 |
| William J. Quinlan, Jr. | Counsel, Corporate, Member of Illinois Bar since 1966 | $695 | .30 | $208.50 |
| Luis L. Granados, III | Counsel, Employee Benefits, Member of District of Columbia Bar since 1985, Member of Maryland Bar since 1979 | $630 | 3.60 | $2,268.00 |
| Daniel S. Fuchs | Associate, Tax, Member of Illinois Bar since 2006 | $315 | 1.60 | $504.00 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | $320 | 44.30 | $14,176.00 |

NYK 1307544-1.020336.0515

| | | | | |
|---|---|---|---|---|
| Timothy S. Shuman | Associate, Tax, Member of Illinois Bar since 2006, Member of District of Columbia Bar since 2007 | $320 | 35.70 | $11,424.00 |
| Jeffrey M. Holdvogt | Associate, Employee Benefits, Member of Illinois Bar since 2003 | $420 | 10.20 | $4,284.00 |
| James G. Isaac | Associate, Employee Benefits, Member of Wisconsin Bar since 2008, Member of Illinois Bar since 2008 | $280 | 23.70 | $6,636.00 |
| Jared D. Zajac | Associate, Restructuring & Insolvency, Membership to New York Bar pending | $325 | 52.80 | $16,746.00 |
| J. Watts | Professional | $325 | 1.00 | $325.00 |
| Brian C. Troyan | Professional, Library Clerk | $150 | .30 | $45.00 |
| Dan Senecoff | Professional Advisor, Employee Benefits | $605 | .80 | $484.00 |
| Beverly Schafman | Corporate Professional | $325 | 1.00 | $325.00 |
| Grand Total: | | | 587.70 | $362,715.50 |
| Blended Rate: | | | $617.28 | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| General Employee Benefits | .30 | $214.50 |
| Welfare Plans | 50.50 | $25,818.00 |
| Non-Qualified Plans | 3.80 | $2,717.00 |
| ESOP | 101.80 | $64,879.00 |
| Subchapter S Election | .30 | $274.50 |
| Corporate/Credit Agreement/PHONES | 10.40 | $7,887.00 |
| Newsday | 15.30 | $10,980.00 |
| Cubs Benefits | 9.60 | $6,486.00 |
| Chapter 11 Restructuring | 395.70 | $243,459.50 |
| **TOTAL:** | 587.70 | $362,715.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Express Mail | Federal Express | $10.47 |
| Photocopies | In-House | $15.50 |
| Photocopies | Williams Lea Inc. | $8.46 |
| Telecommunications | Conference Plus | $73.63 |
| Processing | TyMetrix, Inc. | $2,145.13 |
| Business Meals | | $101.78 |
| Document Production | | $70.00 |
| Postage | | $0.88 |
| **TOTAL** | | $2,425.85 |

NYK 1307544-1.020336.0515

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objections Due: July \_1\_\_, 2010<br>Hearing Date: *Only if Objections are filed* |

## FOURTH QUARTERLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP, AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH NOVEMBER 30, 2009

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this fourth quarterly application (the "Fourth Quarterly Application") for approval and allowance of compensation for services rendered in the amount of $362,715.50 (80% of which equals $290,172.40) and reimbursement for expenses incurred in the amount of $2,175.85, after taking into account the reduction mentioned in footnote one, during the period commencing September 1, 2009 through November 30, 2009 (the "Fourth Quarterly Application Period"). This Fourth Quarterly Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Application, McDermott respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Fourth Quarterly Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 330, and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only.

5. The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as a debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No trustee has been appointed in these chapter 11 cases.

### McDERMOTT RETENTION

7. Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8. On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008.

9. On October 14, 2009, the Court entered an Order Directing (I) Joint Administration of Chapter 11 Cases and (II) That Certain Orders and Other Pleadings Entered or Filed in the Chapter 11 Cases of Tribune Company, et al. Be Made Applicable to Chapter 11 Case of Chicago National League Ball Club, LLC (the "CNLBC Order") [Docket no. 2333]. Pursuant to the CNLBC Order, McDermott's retention was extended to include the Cubs.

### PROCEDURAL BACKGROUND

10. The Compensation Order and the Fee Examiner Order (collectively, the "Fee Orders") provide that all professionals retained in these cases pursuant to sections 327, 328, or 1103 of the Bankruptcy Code must file with the Court and provide the fee examiner monthly applications for interim allowance of compensation for services rendered and reimbursement of expenses incurred, together with the time entries and itemized expenses (the "Monthly Fee Application"). The notice parties specified in the Fee Orders (the "Notice Parties") have twenty

(20) days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). Upon expiration of the Objection Deadline, the professional must certify in writing to the Debtors that no objection or a partial objection has been filed with the Court relative to that professional's Monthly Fee Application, whereupon the Debtors are authorized to pay such professional an amount equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Application or (ii) 80 percent of the fees and 100 percent of the expenses not subject to an objection.

11. Pursuant to the procedures set forth in the Fee Orders, McDermott prepared, filed with the Court, and served upon the Notice Parties and the fee examiner Monthly Fee Applications for the periods of September 2009, October 2009, and November 2009,[4] which Monthly Fee Applications are incorporated herein by reference and addressed in this Fourth Quarterly Application.

12. In addition, beginning with the three-month period ending February 28, 2009, and for each three-month period thereafter, all professionals must file with the Court and serve on the Notice Parties interim applications for allowance of compensation and reimbursement of expenses of the amounts sought in the Monthly Fee Applications filed during such period (each a "Quarterly Fee Application Request"). Quarterly Fee Application Requests must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. As noted, this Fourth Quarterly Application represents the fourth Quarterly Fee Application Request that McDermott

---

[4] The docket numbers of McDermott's Monthly Fee Applications for September 2009, October 2009 and November 2009 are 2821, 3914, and 3915, respectively. McDermott also filed a supplemental fee application for November 2009 with respect to the Cubs, at docket number 4593.

has filed with the Court in connection with these chapter 11 cases, and it covers the period from September 1, 2009 through November 30, 2009.

### RELIEF REQUESTED

13. By this Fourth Quarterly Application, McDermott requests that the Court allow the interim allowance and award compensation for professional services rendered and reimbursement of actual and necessary expenses incurred by McDermott as general legal counsel to the Debtors during the Fourth Quarterly Application Period. Further, McDermott seeks this Court's allowance for payment of such amounts to McDermott, less any amounts previously paid to McDermott pursuant to the Monthly Fee Applications for the Fourth Quarterly Application Period.

14. During the Fourth Quarterly Application Period, attorneys and paraprofessionals of McDermott have expended a total of 587.70 hours in connection with these chapter 11 cases. The reasonable value of services rendered by McDermott to the Debtors during the Fourth Quarterly Application Period is $362,715.50. Such amount is a result of McDermott's normal hourly rates for work of this nature. To the best of McDermott's knowledge, this Fourth Quarterly Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

### COMPENSATION PAID AND ITS SOURCES

15. All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

16. In compliance with Rule 2016, McDermott confirms that during the Fourth Quarterly Application Period, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with

the matters covered by this Fourth Quarterly Application. There is no agreement or understanding between McDermott and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

17. As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26. The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment pursuant to the Combined Monthly and First Quarterly Application. Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

## SUMMARY OF SERVICES

18. The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Fourth Quarterly Application Period, organized by project category.

### Matter 0502 – Subchapter S Election

19. McDermott reviewed and assisted in responding to certain tax issues raised by the ESOP trustee.

### Matter 0504 – Corporate/Credit Agreement/PHONES

20. McDermott analyzed and evaluated the tax consequences of the retirement of certain financial products the Debtors previously issued to investors.

### Matter 0507 – Newsday

21. McDermott completed general post-closing work related to the Newsday transaction, including a review and analysis of certain schedules and agreements related to the transaction. McDermott also assisted in preparing responses to various questions raised by the Debtors' auditor in connection with the Newsday transaction.

NYK 1307544-1.020336.0515

### Matter 0515 – Chapter 11 Restructuring/Tax Planning

22.     McDermott provided general tax advice to the Debtors, including the consequences for the Debtors to make certain tax elections. McDermott also reviewed and advised the Debtors on its plan of reorganization and disclosure statement with regard to the tax implications of such plan of reorganization and disclosure statement. McDermott further advised the Debtors on tax consequences with respect to certain bankruptcy emergence structures.

### Matter 0515 – Chapter 11 Retention/Fee Application

23.     McDermott gathered and prepared various billing information required for filing fee statements pursuant to the Compensation Order and the Guidelines.[5] McDermott also responded to the preliminary report of the fee examiner.[6] In addition, McDermott prepared its supplemental disclosures for its retention by the Cubs.

### Matter 0016 – Cubs' Benefits Matters

24.     McDermott provided general legal advice regarding programs offered by the Cubs to their employees.

### Matter 0040 – General Employee Benefits Matters

25.     McDermott advised the Debtors on issues regarding the termination of certain employee benefits plans.

### Matter 0041 – Welfare Plans

26.     McDermott provided general legal advice regarding programs offered by the Debtors to their employees, including reviewing, analyzing, and revising various contractual arrangements between the Debtors and their benefits providers. McDermott reviewed various

---

[5] A portion of the fee-related services relates to the preparation of the June, July and August 2009 fee statements.
[6] A portion of this time includes services in connection with the March, April, and May fee statements, as well as McDermott's Second Quarterly Application.

financial statements associated with the Debtors' benefits plans, including financial statements of the Debtors' Voluntary Employees' Benefits Association. Further, McDermott drafted supplements for various plans offered by the Debtors.

**Matter 0042 – Non-Qualified Plans**

27. McDermott provided general legal advice regarding the Debtors' non-qualified plans, including reviewing and revising such plans.

**Matter 0047 – ESOP**

28. During the Application Period, McDermott provided general legal advice on issues relating to the Debtors' ESOP, including compliance with certain IRS guidelines and the analysis of certain valuation reports. McDermott assisted the Debtors with a document production in connection with their ESOP. McDermott also assisted the Debtors with analyzing issues concerning deferred compensation. McDermott further analyzed issues relating to and drafted an opinion letter for the Debtors regarding their ESOP. McDermott also analyzed various ERISA compliance issues for the Debtors.

## ACTUAL AND NECESSARY EXPENSES

29. McDermott seeks reimbursement of expenses actually and necessarily incurred in connection with the rendition of such services in the amount of $2,175.85, after taking into account the reduction mentioned in footnote one. The requested expenses are customarily charged to non-bankruptcy clients of McDermott. Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues. In order for McDermott to analyze and address such issues properly, McDermott attorneys may have performed computerized legal research and incurred other expenses during the Fourth

NYK 1307544-1.020336.0515

Quarterly Application Period, all of which was necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

30. With respect to photocopying expenses, McDermott ordinarily charges all of its clients $.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

31. In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required. These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates. Only clients who actually use services of this type.

32. Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Typically, such travel expenses are initially borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

33. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

34. To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Fourth Quarterly Application Period, but were not processed prior to the preparation of this Fourth Quarterly Application, McDermott reserves its rights to request additional compensation for such services, and reimbursement of such expenses in a future application.

NYK 1307544-1.020336.0515

## CONCLUSION

35.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. McDermott has reviewed the requirements of Del. Bankr. L.R. 2016-2 and reasonably believes that this Fourth Quarterly Application complies with that Rule.

NYK 1307544-1.020336.0515

WHEREFORE, McDermott respectfully seeks allowance of the amount set forth in the Fourth Quarterly Application for the period of September 1, 2009 through November 30, 2009 in the amount of $362,715.50 (80% of which equals $290,172.40) for professional services rendered, and reimbursement of expenses incurred in connection wherewith in the amount of $2,175.85, after taking into account the reduction mentioned in footnote one, for a total of $364,891.35.

Dated: Washington, District of Columbia
       June 10, 2010

                       McDERMOTT WILL & EMERY LLP

                       /s/ Blake D. Rubin
                       Blake D. Rubin (admitted *pro hac vice*)
                       600 13th Street, N.W.
                       Washington, D.C. 20005-3096
                       Telephone: (202) 756-8424
                       Facsimile: (202) 756-8087

                       and

                       Jared D. Zajac (admitted *pro hac vice*)
                       340 Madison Avenue
                       New York, NY 10173-1922
                       Telephone: (212) 547-5598
                       Facsimile: (212) 547-5444

                       *Special Counsel for Domestic Legal Matters to Tribune Company, et al.*