IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: July 14, 2010 at 1:30 p.m. ET<br>Response Deadline: July 7, 2010 at 4:00 p.m. ET |

## DEBTORS' THIRTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> Claimants receiving this Objection should locate their name(s) and claim number(s) on Schedule 1 attached hereto to learn which of the lettered exhibits, Exhibit A or Exhibit B, contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.

> Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on <u>Exhibit A</u> or <u>Exhibit B</u> to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), by and through their undersigned counsel, hereby submit this thirty-second omnibus objection to claims (the "<u>Objection</u>"), which Objection covers each of the claims (the "<u>Disputed Claims</u>") set forth on <u>Exhibit A</u> and <u>Exhibit B</u> attached hereto and to the proposed form of order, pursuant to Section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"). By this Objection, the Debtors request entry of an order modifying each of the Disputed Claims identified on <u>Exhibit A</u> and <u>Exhibit B</u> to reduce, fix, and/or reassign such claims as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "<u>Bigelow Declaration</u>") in support of the Objection, attached hereto as <u>Exhibit C</u>. In further support, the Debtors respectfully represent as follows:

## STATUS OF THE CASE

1. On December 8, 2008 (the "<u>Petition Date</u>"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the Debtors comprise 111 entities.

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

2

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. [Docket Nos. 43, 2333].

3. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). No request has been made for the appointment of a trustee.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND OF THE DEBTORS' CLAIMS PROCESS

6. On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957], on June 12, 2009 [Docket Nos. 1343-1453], on March 2, 2010 [Docket Nos. 3548-3599], and on May 14, 2010 [Docket No. 4388] (collectively, the "Schedules").[3]

7. On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 [CNLBC Docket Nos. 8 and 9], which were subsequently amended on December 9, 2009 [Docket No. 2779] and May 14, 2010 [Docket No. 4389].

3

date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8.  Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order. In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9.  To date, approximately 6,518 Proofs of Claim have been filed in these chapter 11 cases. The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

### RELIEF REQUESTED

10. By this Objection, the Debtors seek entry of an Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, granting the following relief with respect to the Disputed Claims:

 a) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit A (the "Modified Amount Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed after reconciling such claims with their books and records; and

 b) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit B (the "Modified Amount, Wrong Debtor Claims") to the dollar value listed under the column heading "Modified Amount," which

---

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC is July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 [Docket No. 4709].

4

corresponds to the amount the Debtors believe is owed after reconciling such claims with their books and records, also reassigning each of such claims to the Debtor entity listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim; and

c) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

11. The Debtors further request that this Court waive Local Rule 3007-1(f)(iii) to allow them to reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A or Exhibit B to this Objection on any grounds, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Except for the requested waiver with respect to Local Rules 3007-1(f)(iii), this Objection complies in all respects with Local Rule 3007-1.

## BASIS FOR OBJECTION

12. Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
    (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

13. _Modified Amount Claims_. After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified 89 claims in the aggregate amount of $138,397.53 (including certain undetermined amounts), each of which is either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) is asserted in an amount that is entirely undetermined;

however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed. If the relief requested herein is granted, the Modified Amount Claims will be reduced and/or fixed to and allowed at the dollar value listed on <u>Exhibit A</u> under the column heading "Modified Amount," in the aggregate amount of $113,560.34.

14. <u>Modified Amount, Wrong Debtor Claims</u>. The Debtors have identified an additional 18 claims in the aggregate amount of $399,097.82 (including certain undetermined amounts), each of which (a) is either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or Debtors' books and records reflect an amount that the Debtors agree is owed; and (b) fails to specify a particular Debtor against which the claim is asserted, in general because the applicable line on the Proof of Claim was left blank, a Debtor's trade name was used rather than the legal entity name, or a single Proof of Claim was improperly asserted against multiple Debtors. Others of the Modified Amount, Wrong Debtor Claims were asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is properly owed by a different Debtor.

15. The Debtors propose that the Modified Amount, Wrong Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor; and/or (ii) identified in the claimant's own supporting documentation attached to the claim or in the Debtors' books and records as having liability to the creditor. In some instances, as noted on <u>Exhibit B</u>, the Debtors propose to allocate the claimant's claim to more than one Debtor, in the amounts specified therein. This re-

allocation of certain claim amounts is based upon the Debtors' review of the supporting documentation attached to the claim, including in instances where invoices against more than one Debtor were appended to a single Proof of Claim. If the relief requested herein is granted, the Modified Amount, Wrong Debtor Claims will be reduced and/or fixed to and allowed at the dollar value listed on Exhibit B under the column heading "Modified Amount," in the aggregate amount of $268,817.69, against the Debtor specified on Exhibit B under the column heading "Modified Debtor."

16. In most instances, the difference in value between the amounts asserted in the Disputed Claims and the amounts reflected in the Debtors' books and records can be attributed to partial payments made to the creditors in the ordinary course of business prior to the commencement of these chapter 11 cases or to a variation in the calculation of the appropriate pro-rata split for invoices covering both the pre- and post-petition period. In other words, the Debtors believe that many of the Disputed Claims have been satisfied in part and that payment in full of the asserted amount of such claims would result in an overpayment to such creditors. In certain other instances, the Debtors' reconciliation of each of the Disputed Claims to the Debtors' books and records showed that a portion of the Disputed Claim was also asserted in a separate Proof of Claim, such that a reduction in value is necessary to avoid duplicate payments on account of the same underlying debt. In other instances the Disputed Claim was either filed without supporting documentation or was asserted as being undetermined in amount, while the Debtors' books and records reflect an amount that the Debtors agree is owed to such creditor.

17. Consequently, the Debtors believe that the amount of the Disputed Claims should be modified by reducing and/or fixing the value of such claims to the dollar values listed under the column titled "Modified Amount" on Exhibit A and Exhibit B. The Debtors believe

that Exhibit A and Exhibit B accurately reflect the amounts owed by the correct Debtors on account of the Disputed Claims. A failure to modify these claims as set forth herein and on Exhibit A or Exhibit B would result in a claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these chapter 11 cases. Moreover, the relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases.

## RESERVATION OF RIGHTS

18.     The Debtors hereby reserve their right to object in the future to any of the Proofs of Claim listed on Exhibit A or Exhibit B to this Objection on any ground, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims. Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

19.     Notwithstanding anything contained in this Objection or in Exhibit A or Exhibit B attached to this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

20.     The Debtors hereby reserve their right to adjourn the hearing on any Objection. In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

21.  Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the administrative agents for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on <u>Exhibit A</u> and <u>Exhibit B</u>; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, for the reasons set forth herein and on the exhibit attached to the Order, the Debtors respectfully request that the Court enter the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) modifying each of the Modified Amount Claims as set forth on Exhibit A; (ii) modifying each of the Modified Amount, Wrong Debtor Claims as set forth on Exhibit B; (iii) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the Order; (iv) waiving Local Rule 3007-1(f)(iii) to the extent requested herein; and (v) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware  
June 14, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP  
James F. Conlan  
Bryan Krakauer  
Kenneth P. Kansa  
Jillian K. Ludwig  
One South Dearborn Street  
Chicago, IL 60603  
Telephone: (312) 853-7000  
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,  
FORMAN & LEONARD, P.A.

By: _____  
Norman L. Pernick (No. 2290)  
J. Kate Stickles (No. 2917)  
Patrick J. Reilley (No. 4451)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Telephone: (302) 652-3131  
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS  
AND DEBTORS IN POSSESSION