# EXHIBIT B

*Responses and Objections of JPMorgan Chase Bank, N.A to the
Credit Agreement Lenders' First Request for Production of Documents*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------- x
                                      :
IN RE:                                :
                                      :
TRIBUNE COMPANY, *ET AL.*,             :   Chapter 11
                                      :   Case No. 08-13141 (KJC)
         Debtors.                     :   (Jointly Administered)
                                      :
                                      :
                                      :
                                      :
------------------------------------- x

## RESPONSES AND OBJECTIONS OF JPMORGAN CHASE BANK, N.A. TO THE CREDIT AGREEMENT LENDERS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

JPMorgan Chase Bank, N.A ("JPMorgan"), by its undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure, hereby responds and objects to the Credit Agreement Lenders ("Credit Agreement Lenders") First Request for Production of Documents, dated May 25, 2010 (the "Document Requests").

Subject to the below objections, and pursuant to an agreement to treat as confidential all materials, JPMorgan will make available for inspection a copy of the register for the recordation of the names of the Lenders, as referred to in Section 8.07(d) of the Credit Agreement, dated as of May 17, 2007, among Tribune Company, the Initial Lenders, JPMorgan, Merrill Lynch Capital Corporation, Citicorp North America, Inc., Bank of America, N.A., and Barclay's Bank PLC, as amended from time to time.

JPMorgan reserves the right to supplement, amend or otherwise revise its responses and objections as may be deemed appropriate upon further review of information or documents.

## GENERAL RESPONSES AND OBJECTIONS

In addition to the grounds for objection set forth in response to each particular topic below (the "Specific Responses and Objections"), JPMorgan, on its own behalf and on behalf of its legal and financial advisers, responds and objects generally (the "General Responses and Objections") with respect to each and every request as follows:

1. JPMorgan objects to the Document Requests (including, without limitation, the definitions, instructions, time period of demands and documents and things demanded) to the extent that they purport to impose obligations on JPMorgan not required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware, or any other applicable statute, rule or case law.

2. JPMorgan objects to the Credit Agreement Lenders' demand that JPMorgan produce all documents on or before June 7, 2010.

3. JPMorgan objects to the Document Requests to the extent that they seek documents or information protected from discovery by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the common interest privilege and/or any other applicable privilege, doctrine or immunity ("Privileged Material"). JPMorgan hereby claims such privileges and objects to the provision of information or production of any documents subject thereto. Such documents or information will not be produced. To the extent that any production of documents or information is made, any inadvertent production of any such documents or information in response to the Document Requests is not intended to constitute a waiver of any applicable privilege or protection. JPMorgan demands that the Credit Agreement

2

Lenders, its agents, and attorneys notify JPMorgan of the production of any such documents immediately upon discovery of such documents.

4. JPMorgan objects to the Document Requests to the extent that they seek information or the production of documents containing confidential financial, trade secret or proprietary information, the disclosure of which would or could adversely affect JPMorgan or customers or clients of JPMorgan or its legal or financial advisers, or containing information subject to the privacy rights of employees or other persons ("Confidential Material"). JPMorgan objects to the Document Requests to the extent that they require production of documents or information in contravention of any confidentiality agreement or obligations that would unduly violate the privacy interests of others.

5. JPMorgan objects to the Document Requests to the extent that they require production of documents or information in contravention of any confidentiality agreement or obligations that would unduly violate the privacy interests of others.

6. JPMorgan objects to the Document Requests to the extent that they are vague, ambiguous, capable of multiple interpretations, confusing, or incomprehensible and therefore require JPMorgan to engage in conjecture as to their meaning.

7. JPMorgan objects to the Document Requests to the extent that they are interposed for improper purposes, including without limitation, undue annoyance, harassment, burden, delay, embarrassment or to increase expense.

8. JPMorgan objects to the Document Requests to the extent that they purport to require the production of identical copies or drafts of the same document.

9. JPMorgan objects to the Document Requests to the extent that they seek documents from an unknown or unspecified time frame.

3

10.     JPMorgan objects to the Document Requests to the extent that they seek to impose any continuing obligation on JPMorgan to produce documents.

11.     No objection or limitation, or lack thereof, and no statement that JPMorgan will produce documents made in these Responses and Objections shall be deemed an admission by JPMorgan as to the existence or nonexistence of documents or information.

12.     JPMorgan's Responses and Objections to the Document Requests shall not be construed as an admission of the relevance, materiality or admissibility of any such documents or of the subject matter of any such documents, or as a waiver or abridgement of any applicable privilege or of any applicable objection set forth above or below, or as an agreement that requests for similar documents will be treated in a similar manner. The fact that JPMorgan responds or objects to a particular document request shall not be interpreted as implying that JPMorgan acknowledges the propriety of that request. JPMorgan submits these General Responses and Objections without conceding the competency, relevancy, materiality or admissibility of the subject matter of any document or information requested by the Document Requests, and JPMorgan reserves the right, without limitation:

(a)     to supplement, amend or correct all or any part of its responses or objections; and

(b)     to object, on any ground, to the admissibility in evidence of any part of the documents ultimately produced in response to the Document Requests or of any information contained in any such document.

4

13. JPMorgan's Responses and Objections to the Document Requests shall not constitute a waiver of any applicable objection and is without prejudice to JPMorgan's right to object later that the production of any such document was inadvertent.

### Objections to Definitions

14. JPMorgan objects to the Definitions to the extent that they purport to impose obligations on JPMorgan not required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of Delaware or any other applicable statute, rule or case law.

15. JPMorgan objects to the definition of "All" and "each" as vague, overbroad and unduly burdensome.

16. JPMorgan objects to the definition of "Document" as vague, overbroad and unduly burdensome.

17. JPMorgan objects to the definition of "Payments" on the ground that it is vague, overbroad and unduly burdensome.

18. JPMorgan objects to the definition of "Person" on the ground that it is vague, overbroad and unduly burdensome.

19. JPMorgan objects to the definition of "You" and "your" on the grounds that they are overbroad, vague and ambiguous, particularly insofar as it includes "any of its directors, officers, agents, employees, representatives, managing agents, accountants, attorneys, investigators or affiliates, and any agent, employee or representative of any of the foregoing."

### Objections to Instructions

20. JPMorgan objects to each of the Instructions to the extent that they impose any obligations that exceed the requirements of the Federal Rules of Civil Procedure, the Federal

Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the District of Delaware or any other applicable statute, rule or case law.

21. JPMorgan objects to each of the Instructions to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege or any other applicable privilege or applicable discovery protection.

22. JPMorgan objects to each of the Instructions to the extent that they require production of documents or information in contravention of any confidentiality agreement or obligations or would unduly violate the privacy interests of others.

23. JPMorgan objects to each of the Instructions to the extent that they are not limited to information reasonably in JPMorgan's possession.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the foregoing General Responses and Objections, which are incorporated herein by reference as if fully set forth in each response, JPMorgan objects and responds to the Document Requests as follows:

### Request No. 1

**Documents sufficient to establish the identify [sic] of all current holders of Credit Agreement debt. A single list of the current holders of Credit Agreement debt, together with their addresses, will suffice.**

### Response to Request No. 1

JPMorgan objects to this request to the extent that it requests "addresses" of the "current holders of Credit Agreement debt" on the grounds that it is unduly burdensome. JPMorgan further objects to this request to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6

**Request No. 2**

**Documents sufficient to establish the identity and addresses of all entities who received Payments, including but not limited to the more than 900 recipients you reference in Exhibit D to the Disclosure Statement, including the amounts of such Payments. A list of such entities and their addresses, with the dates of Payments and amounts received will suffice.**

**Response to Request No. 2**

Subject to all general objections, JPMorgan objects to this request to the extent that it requests "addresses of all entities" and the "amounts of such Payments" on the grounds that it is unduly burdensome. JPMorgan further objects to this request to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: June 7, 2010  
Wilmington, Delaware

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

_____
Mark D. Collins (Bar No. 2981)
Robert J. Stearn, Jr. (Bar No. 2915)
Drew G. Sloan (Bar No. 5069)
Travis A. McRoberts (Bar No. 5274)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700

-and-

DAVIS POLK & WARDWELL LLP
Dennis Glazer
Sharon Katz
Michael Russano
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for JPMorgan Chase Bank, N.A., and JPMorgan Securities, Inc.*