IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13141 (KJC) <br><br> Jointly Administered <br><br> **Related to Docket Nos. 4261 and 4321** |

SUPPLEMENT RE: EXAMINER'S WORK AND EXPENSE PLAN
OF COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ.

Kenneth N. Klee, the Examiner ("Examiner") appointed in the above-captioned chapter 11 cases of Tribune Company and its affiliates (collectively, the "Debtors"), by and through his undersigned counsel, respectfully submits this supplement in respect of his work and expense plan in these cases ("Examiner Work Plan").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOII/M Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); lnsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southem Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Moming Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLV1 Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

594767.1 6/16/10

On May 7, 2010, the Examiner filed the Examiner Work Plan in connection with his appointment as the examiner in these cases [Docket No. 4261]. On May 10, 2010, the Court held a status conference regarding the Examiner's appointment and the Examiner Work Plan. On May 11, 2010, the Court entered its order, among other things, approving the Examiner Work Plan [Docket No. 4321].

The Examiner and his professionals are working diligently to complete the investigation and submit a report by the July 12, 2010 deadline fixed by the Court.[2] As that work has progressed, and both the magnitude and complexity of the project have become clearer, the Examiner now has a better picture of the scope of this investigation and its attendant costs.

First, during the course of the investigation the Examiner learned that a relatively small number of Rule 2004 examinations have been conducted regarding the subject of the investigation. Given the highly factual nature of the issues that the Parties have raised to the Examiner, the Examiner determined that he would need to conduct interviews of percipient witnesses. Over the past thirty days, the Examiner and his professionals have prepared (and are continuing to prepare) for many interviews – in cities throughout the country. The Examiner does not believe it is appropriate to disclose the specific number of interviews, as they still are being organized and considerations of confidentiality caution against disclosure in any event. The Examiner has participated in all of the interviews conducted to date, either in person or, in one instance, by video conference. This process has been time consuming and required substantial legal and financial resources to adequately prepare for and conduct these interviews. In addition, information adduced during the interviews has lead the Examiner to request and receive additional documents, which must be analyzed.

---

[2] As noted previously, the Examiner reserves the right to request an extension of this deadline, if he determines that such an extension is necessary.

Second, although the Examiner sought to narrow the scope of his work by obtaining a limitation on his mandate to those issues specifically raised by the Parties, the Parties have raised to the Examiner all manner of legal and factual issues. The Parties' submissions raised dozens of discreet issues that had not been raised during the initial meet and confer process. Many of these issues are complex and nuanced and have necessitated lengthy legal and factual investigation and follow up. The Examiner and his professionals, moreover, have been required to review not just the documents accompanying the Parties' submissions (which number in the thousands), but tens of thousands of other documents that are relevant to understanding the Parties' submissions and placing them into context. This has required an enormous amount of time.

Third, although the Examiner's financial professionals have received information and analyses from the Parties' representatives, many of the legal and factual issues raised by the Parties in their submissions have necessitated that the Examiner's financial professionals evaluate a host of new issues. The Examiner's financial professionals also have had to sort through numerous highly divergent financial analyses from the Parties.

The Examiner Work Plan stated that that the Examiner's preliminary estimate at that time was approximately $4 to $5 million in fees and costs. As the Examiner stated in the Examiner Work Plan, and noted at the status conference, it was exceedingly difficult at that time to estimate the cost of the investigation and preparation of the Examiner's report before beginning work on the project in earnest. Now that the Examiner is in the midst of the investigation, and has a better appreciation for the work required to complete this task, the Examiner estimates that fees and expenses will exceed the original preliminary estimate and may well end up between $7.5 to $8 million. The Examiner has worked diligently to limit the activities of his professionals to those that are necessary to get the job done, but the scope of the Investigation is massive.

There is no request by the Examiner or his professionals currently before the Court with respect to compensation. Further, the Examiner does not believe it is appropriate at this stage of the investigation to go into detail regarding all of the reasons for the higher-than-anticipated cost. The Examiner and his professionals will provide a more detailed explanation of the work performed and the cost incurred in the Examiner's report and in the compensation applications that they ultimately will file with the Court. For the time being, however, the Examiner seeks by this Supplement simply to advise the Court of the status of his investigation and the estimated fees and costs of that investigation.

The Examiner and his counsel are available at the Court's convenience to address any questions it may have regarding the foregoing.

Dated: June 16, 2010                    Respectfully Submitted,

KLEE TUCHIN BOGDANOFF & STERN LLP

Lee R. Bogdanoff (CA. Bar No. 119542)
Martin R. Barash (CA Bar No. 162314)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6059
Telephone (310) 407-4000
Facsimile (305) 407-9090

*Counsel to the Examiner*

and

SAUL EWING LLP

Mark Minuti (Bar No. 2659)
Michael J. Farnan (Bar No. 5165)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
Email: mminuti@saul.com

Delaware Counsel to the Examiner

4