IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| **TRIBUNE COMPANY, et al.,**[1] | : Case No. 08-13141 (KJC) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

### NOTICE OF DEPOSITION OF CORPORATE REPRESENTATIVE(S) OF CENTERBRIDGE CREDIT PARTNERS MASTER, L.P., CENTERBRIDGE CREDIT PARTNERS, L.P., AND CENTERBRIDGE SPECIAL CREDIT PARTNERS, L.P.

**PLEASE TAKE NOTICE** that, pursuant to Rules 9014 and 7030 of the Federal Rules

of Bankruptcy Procedure and Rule 30(b)(6) of the Federal Rules of Civil Procedure, Wells Fargo

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Bank, N.A. (the "Administrative Agent"), by its undersigned counsel, will take the deposition of Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, L.P. and Centerbridge Special Credit Partners, L.P. (collectively, "Centerbridge") by its designated representative(s), upon oral examination to be recorded by stenographic and videographic means before a notary public or other officer duly authorized to administer oaths. The deposition shall take place on July 5, 2010 at 10:00 a.m., or such other date and time as the parties may mutually agree, at the offices of White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 and shall continue from day to day until completed.

Centerbridge shall designate one or more persons to testify on Centerbridge's behalf in accordance with this notice with respect to the areas of inquiry specified below. The Administrative Agent reserves the right to amend this Notice.

## DEFINITIONS

A. "Bridge Credit Agreement" means that certain $1.6 billion Senior Unsecured Interim Loan Agreement, dated as of December 20, 2007, by and among Tribune Company, each lender from time to time party thereto, JPMorgan Chase Bank, N.A., as Syndication Agent, inter alia, Citicorp North America, Inc. and Bank of America, N.A., as Co-Documentation Agents, and J.P. Morgan Securities Inc., Merrill Lynch & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc. and Banc of America Securities LLC, as Joint Lead Arrangers and Joint Bookrunners.

B. "Centerbridge" means Centerbridge Credit Partners Master, L.P., Centerbridge Credit Partners, L.P. and Centerbridge Special Credit Partners, L.P. and any of its corporate parents, partners, members, divisions, subsidiaries, officers, directors, representatives, trustees, agents, employees, affiliates, predecessors and successors.

C. "Chandler Trusts" means Chandler Trust No. 1 and Chandler Trusts No. 2.

D. "Communication" means the transmittal of information or attempted transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether orally, in writing, or by any other means or medium.

E. "Concerning" means relating to, referring to, describing, reflecting, evidencing or constituting.

F. "Document" shall be defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

G. "Global Settlement" means the settlement of the LBO-Related Causes of Action proposed by the Debtors in the above-captioned proceedings.

H. "Guarantor Subsidiaries" means the subsidiaries of Tribune Co. that have guaranteed Tribune Co.'s obligations under the Senior Credit Agreement and the Bridge Credit Agreement.

I. "Including" means "including, without limitation" or "including but not limited to."

J. "Leveraged ESOP Transactions" means the series of transactions culminating in the merger on December 20, 2007 in which Tribune Co. became a wholly-owned subsidiary of the Tribune Employee Stock Option Plan.

K. "LBO-Related Causes of Action" means any and all claims, causes of action, avoidance powers or rights, and legal or equitable remedies against any Person arising from any transaction related to the leveraged buy-out of Tribune that occurred in 2007, including, without

limitation, the purchase by Tribune of its common stock on or about June 4, 2007, the merger and related transactions involving Tribune on or about December 20, 2007, and any financing committed to, incurred or repaid in connection with any such transaction, regardless of whether such claims, causes of action, avoidance powers or rights, or legal or equitable remedies may be asserted pursuant to the Bankruptcy Code or any other applicable law.

L.  "Merger Agreement" means the Agreement and Plan of Merger made as of April 1, 2007 among Tribune Co., GreatBanc Trust Company, the Zell Entity, and Tesop Corporation.

M.  "Person" or "Persons" means natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

N.  "Petition Date" means December 8, 2008.

O.  "Plan" means the Joint Chapter 11 Plan of Reorganization for Tribune Company and its Subsidiaries filed as Exhibit A to the Disclosure Statement.

P.  "Relate" and its variants encompass the terms "refer," "reflect," and "concern" and shall be construed to bring within the scope of the Request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Request, including but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the Request.

Q.  "Releases" means the releases proposed to be granted in connection with the Global Settlement.

R.  "Settlement Support Agreement" means the agreement made as of April 8, 2010 among certain holders and indenture trustees for holders of claims against Tribune whereby such parties agreed to support a settlement of the LBO-Related Causes of Action on specified terms.

Case 08-13141-BLS   Doc 4809   Filed 06/16/10   Page 5 of 9

S.   "Settlement Term Sheet" means the Settlement Term Sheet attached as Exhibit A to the Settlement Support Agreement.

T.   "Settling Parties" means the parties to the Settlement Support Agreement and their advisors, attorneys, or other representatives.

U.   "Senior Credit Agreement" means the $8.028 billion senior secured credit agreement dated as of May 17, 2007, by and among Tribune, as borrower, the financial institutions party thereto as lenders, JPMorgan Chase Bank, N.A., as administrative agent, and other agents party thereto, as amended, restated, supplemented or otherwise modified from time to time.

V.   "Special Committee" means the special committee of the board of Tribune Co. that approved the Leveraged ESOP Transactions.

W.   "Tribune" refers collectively to Tribune Co. and its subsidiaries.

X.   "Valuation" means the actual, perceived, estimated or appraised worth of any entity, asset or property whatsoever, and includes without limitation enterprise value, going concern value, equity value, actual cash value, book value, intrinsic value, liquidation value, and market value.

Y.   "Zell Entity Purchase Agreement" means the Securities Purchase Agreement made as of April 1, 2007 among Tribune Co., the Zell Entity, and Samuel Zell.

Z.   Reference to a corporation, partnership, limited partnership, limited liability company, unincorporated association, joint venture, government entity, or other fictitious person shall be deemed to include each and all of its present or former subsidiaries, affiliates, predecessors and successors, and, with respect to each of the aforesaid entities, its present or

former officers, directors, shareholders, employees, partners, members, general partners, and/or limited partners.

## **DEPOSITION TOPICS**

1. The Global Settlement, Settlement Term Sheet and Settlement Support Agreement, including but not limited to all negotiations related thereto.

2. The LBO-Related Causes of Action, including but not limited to the resolution or potential resolution of the LBO-Related Causes of Action and any analysis regarding the value of the LBO-Related Causes of Action.

3. The Releases, including but not limited to all communications relating to the negotiation of the Releases and any analysis regarding the value of the Releases.

4. The basis for valuing Tribune at $6.1 billion as set forth in the Settlement Term Sheet, including any analysis regarding such value of Tribune.

5. All communications between Centerbridge and the Settling Parties regarding the Global Settlement, Settlement Term Sheet, Settlement Support Agreement, Releases and LBO-Related Causes of Action.

6. The allocation of value between Tribune and the Guarantor Subsidiaries under the Plan, including but not limited to the basis for allocating 8.8% of the value of Tribune for distribution to holders of claims against Tribune and allocating 91.2% of the value of Tribune for distribution to holders of claims against the Guarantor Subsidiaries as set forth in the Settlement Term Sheet.

7. Any offers or contemplated offers by Centerbridge to purchase Tribune or any portion of Tribune, including but not limited to any offers or contemplated offers made with the Chandler Trusts.

8. The settlement of intercompany claims between or amongst the Debtors, including but not limited to all communications regarding such settlement.

9. The intercompany account balances of Tribune and the Guarantor Subsidiaries, including any analyses related thereto.

10. The classification of claims against Tribune and the Guarantor Subsidiaries arising under the Senior Credit Agreement, the Bridge Credit Agreement and related loan documents, including communications regarding such classification.

11. The basis for classifying the senior loan claims and the bridge loan claims in the same class as set forth in the Settlement Term Sheet.

12. Creditor recoveries under the Global Settlement.

13. Creditor recoveries under any scenario other than the Global Settlement, including any analysis of the potential recoveries of creditors absent a settlement of the LBO-Related Causes of Action.

14. The basis for determining which class of creditor claims would pay for the Global Settlement, including but not limited to the basis for determining which class of creditor claims would receive a decreased recovery under the Global Settlement.

15. The valuation of Tribune and the Guarantor Subsidiaries for the period January 1, 2007 through the present, including but not limited to the analysis of any financial projections used to develop such valuation.

16. The Leveraged ESOP Transactions, Merger Agreement and Zell Entity Purchase Agreement.

8

17. Any analysis of the solvency of Tribune or the Guarantor Subsidiaries from January 1, 2007 through the Petition Date, including but not limited to the impact of the Leveraged ESOP Transactions on the solvency of Tribune or the Guarantor Subsidiaries.

18. Any analysis of the amount of funds, compensation and/or payments that Centerbridge will receive as a result of the Global Settlement, Settlement Term Sheet, Settlement Support Agreement and/or Plan.

19. Any investment or holdings that Centerbridge has in Tribune.

20. Centerbridge's production of documents in response to discovery requests propounded by the Administrative Agent and any matter relating to such documents.

*[Intentionally Left Blank]*

Dated: June 16, 2010
Wilmington, Delaware

**FOX ROTHSCHILD LLP**

*/s/ Jeffrey M. Schlerf*

Jeffrey M. Schlerf (No. 3047)
John H. Strock (No. 4965)
Citizens Bank Center
919 North Market Street, Suite 1600
Wilmington, Delaware 19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920

-and-

David G. Hille (admitted *pro hac vice*)
Scott Greissman (admitted *pro hac vice*)
Andrew W. Hammond (admitted *pro hac vice*)
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

-and-

Thomas E Lauria (admitted *pro hac vice*)
**WHITE & CASE LLP**
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
(305) 371-2700

Attorneys for Wells Fargo Bank, N.A.
as Administrative Agent under the
Bridge Credit Agreement