IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to DI Nos.: 143, 461, 892, 1681, 3318, 4216 and 4414 |

### SIXTH SUPPLEMENTAL DECLARATION OF WILLIAM T. ENGLAND FOR AN ORDER AUTHORIZING DEBTORS TO RETAIN AND EMPLOY PRICEWATERHOUSECOOPERS LLP AS COMPENSATION AND TAX ADVISORS AND INDEPENDENT AUDITORS PURSUANT TO 11 U.S.C. §§ 327(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

STATE OF ILLINOIS    )
                     ) ss:
COUNTY OF COOK       )

WILLIAM T. ENGLAND, being duly sworn, deposes and states:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1.  I am a Partner of PricewaterhouseCooper LLP ("PwC"), which has its principal office at One North Wacker, Chicago, Illinois, 60606. I am duly authorized to make and submit this sixth supplemental declaration (the "Sixth Supplemental Declaration") and, if called as a witness, would testify competently to those matters. Certain of the disclosures contained in this Third Supplemental Declaration relate to matters within the knowledge of other professionals at PwC and are based on information that they have provided.

2.  This Sixth Supplemental Declaration supplements the original Declaration of William T. England filed on December 26, 2008, the first Supplemental Declaration of William T. England filed on March 2, 2009, the second Supplemental Declaration of William T. England filed April 10, 2009, the third Supplemental Declaration of William T. England filed on July 2, 2009, the fourth Supplemental Declaration of William T. England filed on February 5, 2010 and the fifth Supplemental Declaration of William T. England filed on April 30, 2010. Dkt entry nos. 143, 461, 892, 1681, 3318 and 4216.

3.  Prior to the Petition Date, the Debtors engaged PwC to provide compensation and tax advisory services and independent audit services to the Debtors under the terms and conditions set forth within the five (5) separate engagement letters by which the Debtors intend for PwC to provide services to the Debtors subsequent to the Petition Date.

4.  Thereafter, on December 26, 2008, the Debtors filed the Application For an Order Authorizing Debtors to Retain and Employ PricewaterhouseCoopers LLP as Compensation and Tax Advisors and Independent Auditors to the Debtors Pursuant to 11 U.S.C. §§ 327(a) and 1107, *Nunc Pro Tunc* to the Petition Date. Dkt entry no. 143. In support of the Application, PwC filed the original declaration of William T. England.

5. On March 2, 2009, the Supplemental Declaration of William T. England was filed which provided final engagement letters, pre-petition payment information, as well as additional disclosures. Dkt entry no. 461.

6. On March 4, 2009, the Court entered an order pursuant to sections 327(a) and 1107 of the Bankruptcy Code, authorizing the Debtors to retain PwC as their compensation and tax advisors and independent auditors effective as of December 8, 2008 on the terms and conditions set forth in the Engagement Letters and as modified within the Order. Dkt entry no. 470

7. On April 10, 2009, the Second Supplemental provided an expanded engagement letter serving as an Addendum to the services under the Compensation Engagement Letter regarding the compensation services for the debtor. Dkt etry no. 892

8. On July 2, 2009, the Third Supplemental Declaration of William T. England which disclosed the expansion of the scope of services to include additional procedures for the 2008 Consolidated Audit as well as the Audit Committee approval for the 2009 Consolidated Audit. Dkt entry no. 1681

9. On February 5, 2010, the Fourth Supplemental Declaration of William T. England which disclosed the second expansion of the scope of services for the 2008 Consolidated Audit as well as the expansion of services associated with the preparation of the employee benefit and stock ownership plan audits. Dkt entry no. 3318

10. On April 30, 2010, the Fifth Supplemental Declaration of William T. England supported the Debtors' supplemental application to modify the scope of PwC's retention to include transaction advisory services related to the Debtors' evaluation and assessment of the

application of fresh start accounting services. This supplemental application was approved by the Court on May 14, 2010. Dkt entry no. 4414

### Additional Engagement Letters associated with the Original Retention Order

11.     On May 5, 2010, the Debtors and PwC expanded the scope of services associated with the 2009 consolidator audit services agreeing to additional estimated fees to complete the 2009 financial statement audits (the "2009 Audit Addendum"). These incremental fees represent additional time due to incremental audit procedures performed associated with the Cubs dispositions and related discontinued operations reporting, PHONES tax settlements and TIME Warner common shares income tax refund, as well as incremental audit time for specific items associated with bankruptcy reporting including liabilities subject to compromise, reorganization expense, debtor-in-possession financial statement disclosures and administrative services. These incremental fees have been approved by the Audit Committee of the Debtors' Board of Directors. This addendum supplements the engagement letter dated May 14, 2009. PwC has attached the 2009 Audit Addendum hereto as <u>Exhibit A</u>.

12.     On May 5, 2010, the Debtors and PwC expanded the scope of services for PwC to perform the integrated audit of the consolidated financial statements of the Debtors at December 26, 2010 and for the year then ending of the Debtors' internal control over financial reporting as of December 26, 2010 (the "2010 Audit Engagement Letter"). The services are similar to the Integrated Auditing Services of the Debtors at December 28, 2008 and December 27, 2009 and for the years then ending. PwC has attached the 2010 Audit Engagement Letter hereto as <u>Exhibit B</u>.

13. Neither I nor any partner of or professional employed by PwC, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect

14. PwC intends to supplement its disclosures further as and if it becomes aware of additional relationships requiring disclosures.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: June 21, 2010

_____
WILLIAM T. ENGLAND