# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: TBD[2]<br>Objection Deadline: TBD |

## MOTION OF COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ. FOR EXTENSION OF REPORT DEADLINE

Kenneth N. Klee, the examiner (hereinafter, the "Examiner") appointed in the above-captioned chapter 11 cases of Tribune Company and its affiliates (collectively, the "Debtors"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOII/M Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] The Examiner has filed simultaneously herewith a Motion to Shorten Notice of Court-Appointed Examiner, Kenneth N. Klee, Esq.'s Motion for Extension of Report Deadline.

595016.1 6/23/10

by and through his undersigned counsel, respectfully moves the Court to extend the deadline by which the Examiner must file the report setting forth the findings and conclusions of his investigation (the "Report"), through and including July 27, 2010, which constitutes an approximate two week extension of the existing deadline of July 12, 2010.

The Examiner has filed concurrently herewith a motion seeking a shortening of time on this Motion. The Examiner respectfully represents that over the next several weeks – when the Examiner requests that the Court hold any hearing it may determine to be necessary on this Motion – the Examiner and his professionals are either traveling or conducting witness interviews on most days. If the Court determines that a hearing on this Motion is necessary, however, the Examiner is available to appear in Court at any time on Thursday, July 1, 2010, or early in the morning on Wednesday, June 30, 2010. Alternatively, the Examiner respectfully requests that the Court conduct any hearing it deems necessary by teleconference, at any other date and time convenient to the Court, so that the matter may be considered and resolved as soon as possible.

I.

## STATUS OF CASE AND JURISDICTION

1. On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested herein are sections 105(a), 1104 and 1106 of the Bankruptcy Code.

4.  This Motion is made pursuant to the *Court's Agreed Order Directing the Appointment of an Examiner* entered April 20, 2010 [Docket No. 4120] (the "Examiner Order"), which provides that the deadline for the Examiner to file his report may be extended upon application to the Court, as discussed further below.

## II.

## BACKGROUND

5.  On January 13, 2010, Wilmington Trust Company ("WTC") filed its *Motion for Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code.* On April 20, 2010, the Court entered the Examiner Order, directing the United States Trustee to appoint an examiner in these cases pursuant to Bankruptcy Code section 1104(c)(1).

6.  Pursuant to the Examiner Order, the Examiner is directed to conduct an investigation (as defined therein, "Investigation") and prepare the Report in respect thereof, to be filed on or before July 12, 2010 evaluating the following (all as more particularly described in the Examiner Order): (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

7. On April 30, 2010, the United States Trustee filed her *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner, subject to Court approval. Contemporaneously therewith, the United States Trustee filed her *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

8. On May 7, 2010, the Examiner filed the *Work And Expense Plan Of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan"). On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and the adoption of his Work Plan.

9. On May 11, 2010, the Court entered its *Order Approving Appointment of Examiner* [Docket No. 4320] and its *Order Approving Work And Expense Plan And Modifying Examiner Order* [Docket No. 4321].

10. On June 16, 2010, the Examiner filed the *Supplement Re Examiner's Work and Expense Plan of Court-Appointed Examiner, Kenneth N. Klee* [Docket No. 4794] ("Work Plan Supplement"), wherein the Examiner reported, among other things, that the Investigation was requiring more work on the part of the Examiner and his professionals than contemplated prior to the beginning of that investigation.

## III.

## RELIEF REQUESTED

11. The Examiner respectfully requests entry of an Order extending the deadline by which the Examiner must file the Report through and including July 27, 2010.

IV.

**GROUNDS FOR RELIEF REQUESTED**

12. Paragraph 5 of the Examiner Order states as follows: "The Examiner shall prepare and file a report (the "Report"), as required by 11 U.S.C. § 1106(a)(4), on or before July 12, 2010, unless such time shall be extended by order of the Court upon application by the Examiner on notice to the Parties." As noted below, this Motion is being served on the "Parties" within the meaning of this Paragraph. On June 22, 2010, the undersigned counsel convened the Parties telephonically to discuss this request.

13. Since the entry of the Examiner Order, the Examiner and his professionals have been working diligently on the Investigation. Given the enormity of the documentary record that had to be reviewed prior to conducting interviews and given the need to coordinate schedules among the Examiner and his professionals on the one hand and the numerous interviewees and their professionals on the other, it was not possible to start interviews prior to June, and the bulk of the Examiner's interviews were scheduled to occur over the two-week period beginning on June 13, 2010.

14. As a result of information adduced during and after the interviews conducted to date, however, it has become apparent to the Examiner since the filing of the Work Plan Supplement that he is going to have to conduct more witness interviews than previously anticipated. These interviews will extend into the first week of July, at the earliest. These additional interviews are necessary as a matter of thoroughness and fairness of the Examiner's investigation. The Examiner has participated in and been physically present at most interviews to date to directly evaluate and assess the demeanor and credibility of the witnesses, and has made arrangements to continue to do so, when possible. After completion of the interviews, the

Examiner and his advisors will need to review the results of all of the interviews in the aggregate, formulate conclusions, and incorporate the results of that process into the Report.

15. The Examiner files this Motion reluctantly. From the inception of his appointment until the present, the Examiner and his team of professionals have worked diligently to conduct the Investigation and prepare the Report. A substantial amount of that work has been done and a substantial multi-hundred page draft of the Report is in progress. For the reasons discussed above, however, the Examiner does not believe that he can complete the Investigation and the Report with the degree of care required under the July 12 deadline. As a practical matter, the current schedule does not provide the Examiner and his professionals an opportunity to carefully assess and incorporate into the Report the information that the Examiner will gather from the additional interviews – which as noted above are being scheduled into early July (and are not all scheduled).

16. Accordingly, the Examiner respectfully requests that the Court extend the deadline to file the Report from July 12, 2010 to July 27, 2010, which is approximately two weeks later.

17. Prior to filing this Motion, the Examiner notified the Debtors and convened the Parties regarding the timetable necessary to complete the Report. The Examiner understands that the Debtors are prepared to extend the confirmation schedule on the Debtors' chapter 11 plan for a commensurate period of time, so that the Report can be meaningfully reviewed in advance of the voting deadline. The Examiner expects that the Debtors will seek appropriate relief to accomplish this extension. The Examiner's counsel also spoke with the Office of the United States Trustee before filing this Motion.

V.

## NOTICE

18. This Motion is being served on the "Parties" within the meaning of the Examiner Order, as well as such other parties as may be entitled to notice of papers filed in these cases.

VI.

## NO PRIOR REQUESTS

19. The Examiner has not previously sought the relief that is requested in this Motion.

VII.

## CONCLUSION

20. Based upon all of the foregoing, the Examiner respectfully requests that the Court enter an order extending the deadline by which the Examiner must file the Report through and including July 27, 2010.

Dated: June 23, 2010

Respectfully Submitted,

KLEE TUCHIN BOGDANOFF & STERN LLP

Lee R. Bogdanoff (CA. Bar No. 119542)
Martin R. Barash (CA Bar No. 162314)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6059
Telephone (310) 407-4000
Facsimile (305) 407-9090

*Counsel to the Examiner*

and

SAUL EWING LLP

_____
Mark Minuti (Bar No. 2659)
Michael J. Farnan (Bar No. 5165)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
Email: mminuti@saul.com

*Delaware Counsel to the Examiner*