# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13141 (KJC) <br><br> Jointly Administered <br><br> **Hearing Date: N/A** <br> **Objection Deadline: N/A** |

## MOTION TO SHORTEN NOTICE OF MOTION OF COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ., FOR EXTENSION OF REPORT DEADLINE

Kenneth N. Klee, the examiner (the "Examiner") appointed in the above-captioned chapter 11 cases of Tribune Company and its affiliates (collectively, the "Debtors"), by and through his undersigned counsel, having filed contemporaneously herewith the *Motion of Court-*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOIUM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (4014); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

*Appointed Examiner, Kenneth N. Klee, Esq., for Extension of Report Deadline* (the "Motion for Extension"), respectfully submits this motion (the "Motion to Shorten"), pursuant to 11 U.S.C. § 105, Fed. R. Bankr. P. 9006, and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order shortening the time for notice to consider the Motion for Extension, so that the Motion for Extension may be considered by the Court, alternatively, (i) without a hearing, (ii) at a hearing at any time on Thursday, July 1, 2010, or early in the morning on Wednesday, June 30, 2010, or (iii) a telephonic hearing at any other time that is convenient for the Court. In support of this Motion to Shorten, the Examiner respectfully sets forth and represents as follows:

1. As set forth in the Motion for Extension, the Examiner and his professionals are diligently pursuing the Investigation[2] and are in the process of reviewing documents and conducting numerous interviews. As a result of information adduced during and after the interviews conducted to date, however, it has become apparent to the Examiner, since the filing of the Work Plan Supplement, that he is going to have to conduct more witness interviews than previously anticipated. The existing deadline will not permit the Examiner and his advisors with sufficient time to carefully analyze all of the interviews and incorporate the Examiner's conclusions in the Report. For this reason, and by his Motion for Extension, the Examiner seeks to extend the deadline by which he must file the Report from July 12, 2010 to July 27, 2010.

2. Local Rule 9006-1(c)(i) requires that all motion papers be filed and served at least fourteen days prior to the proposed hearing, with an additional three days if service is by mail. Local Rule 9006-1(c)(ii) provides that objections, if any, to such a motion are to be received at

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion for Extension.

least seven days prior to the proposed hearing date. *See* Del. Bankr. L.R. 9006-1(c)(i), (ii). Local Rule 9006-1(e), however, provides that a motion may be heard on less notice than as otherwise required "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). While 11 U.S.C. § 102(1) requires a "notice and a hearing," 11 U.S.C. § 102(1) provides that "notice and a hearing" is an elastic phrase meant to take into account the "particular circumstances" of a motion. *See* 11 U.S.C. § 102(1) ("'[A]fter notice and a hearing', or similar phrase . . . means after such notice as is appropriate in the particular circumstances . . . .").

3. The exigencies of this particular circumstance justify the relief requested in this Motion to Shorten. Under the Local Rules, and absent expedited relief, the earliest date the Motion for Extension could be heard is July 6, 2010, less than two weeks prior to the Report deadline. If the Motion for Extension were heard in the ordinary course, the benefit to be derived from the motion (additional time to complete the Investigation and analyze and report the results), would be lost. Indeed, the Examiner would benefit from knowing the fate of the Motion for Extension as soon as possible, so that the Examiner may use the limited amount of time available to him in the most effective way possible.

4. In light of the above facts and circumstances, the Examiner respectfully requests that the Court enter an order shortening notice such that the Court consider the Motion for Extension, alternatively, (i) without a hearing or schedule, (ii) at hearing at any time on Thursday, July 1, 2010, or early in the morning on Wednesday, June 30, 2010, or (iii) a telephonic hearing at any other time that is convenient for the Court.

**WHEREFORE**, the Examiner respectfully requests that the Court enter an order (a) granting the Motion to Shorten and shortening the notice period and objection deadline with

respect to the Motion for Extension as set forth herein; and (b) granting the Examiner such further relief as is just and proper.

| | |
|---|---|
| Dated: June 23, 2010 | Respectfully Submitted, |

KLEE TUCHIN BOGDANOFF & STERN LLP

Lee R. Bogdanoff (CA. Bar No. 119542)
Martin R. Barash (CA Bar No. 162314)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6059
Telephone (310) 407-4000
Facsimile (305) 407-9090

*Counsel to the Examiner*

and

SAUL EWING LLP

_____
Mark Minuti (Bar No. 2659)
Michael J. Farnan (Bar No. 5165)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
Email: mminuti@saul.com

*Delaware Counsel to the Examiner*