# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Hearing Date: August 17, 2010 at 10:00 a.m. EDT**<br>**Objection Date: July 15, 2010 at 4:00 p.m. EDT** |

## APPLICATION OF LEVINE SULLIVAN KOCH & SCHULZ, L.L.P. FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED AS ORDINARY COURSE COUNSEL TO THE DEBTORS FOR CERTAIN LITIGATION MATTERS DURING THE PERIOD <u>FROM FEBRUARY 1, 2010 THROUGH FEBRUARY 28, 2010</u>

Levine Sullivan Koch & Schulz, L.L.P. ("<u>LSKS</u>"), litigation counsel for The

Baltimore Sun Company (the "<u>Baltimore Sun</u>"), Homestead Publishing Company ("<u>Homestead</u>")

and The Hartford Courant Company (the "<u>Courant</u>"), affiliated companies that filed voluntary

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

petitions for relief in the above-captioned chapter 11 cases (collectively, the "Debtors"),

respectfully submits this application (the "Application"), pursuant to (i) sections 327, 331, and

503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and

Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business

(the "OCP Order"), (v) the Order Establishing Procedure for Interim Compensation and

Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§

105(a) and 331 (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing

Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of

Expenses for Professionals and Consideration of Fee Applications (the "Fee Examiner Order")

for (a) the allowance of fees in the amount of $40,695.88 and expenses in the amount of

$2,414.61 for services rendered to the Debtors during the period from February 1, 2010 through

February 28, 2010, and (b) for the limited waiver of the procedures for the approval and payment

of professional compensation and consideration of fee applications set forth in the Interim

Compensation Order and the Fee Examiner Order with respect to this Application (as discussed

at paragraph 13, infra).  In support of the Application, LSKS respectfully states as follows:

## BACKGROUND OF THE CASES

      1.      On December 8, 2008 (the "Petition Date"), Tribune Company

("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the

Debtors comprise 111 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket

Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the

appointment of a trustee.

4.      On December 18, 2008, the Office of the United States Trustee appointed

an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the

Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.      On December 26, 2008, the Debtors filed the Motion for an Order

Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by

the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330

of the Bankruptcy Code (the "OCP Motion").  [Docket No. 148.]  In the OCP Motion, the

{00313901;v1}

Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including LSKS.[4] On January 15, 2009, this Court granted the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. [Docket No. 227.]

7.    Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals, per month on average over a rolling three-month period for Monthly Caps that are less than $50,000 per month, or a rolling two-month period for Monthly Caps of $50,000 per month. LSKS was retained by the Debtors to provide litigation counsel for, *inter alia*, the Baltimore Sun, Homestead, and the Courant in the ordinary course of business, with a Monthly Cap of $50,000.00.

8.    The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek the Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.

[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. [See Docket Nos. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, 4214, 4607, and 4614.]

{00313901;v1}

9.      For the month of February 2010, the Debtors approved the payment of fees incurred by LSKS in the amount of $40,695.88 and expenses in the amount of $2,414.61. In the prior month, the Debtors approved the payment of fees and expenses incurred by LSKS in the amount of $65,762.58. Accordingly, LSKS has exceeded its Monthly Cap over the applicable two-month period by $6,458.46. The Debtors have advised LSKS that because the fees incurred in the month of February 2010 exceeded the firm's applicable Monthly Cap, LSKS is required to seek the Court's allowance of the entire amount of the firm's February 2010 invoice.

## RELIEF REQUESTED

10.      By this Application, LSKS seeks (i) the allowance of fees in the amount of $40,695.88 and expenses in the amount of $2,414.61 for services rendered to Debtors during the period from February 1, 2010 through February 28, 2010; and (ii) the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application. Additional information as required by Local Rule 2016-2(c), (d), and (e) relating to the fees and expenses requested herein is provided on Exhibits A-C to this Application.

## BASIS FOR RELIEF REQUESTED

11.      LSKS has represented the Courant since 2005. As reflected in the attached invoices, we are currently defending the Courant in an important copyright action raising issues concerning the rights to use newsworthy material on an internet web site. In February, we were required to address a number of legal issues relating to plaintiff's withdrawal of its state court action for copyright infringement and other torts, and the refiling of those claims in federal court. Our work in February included the development of a litigation strategy and

5

discovery plan for the new federal action, drafting responsive pleadings and counter-claims, and negotiations with plaintiff's counsel over an initial scheduling order.

12.     LSKS has also represented Homestead since 2005.  We are currently defending Homestead in an action for trespass and related claims arising out of its delivery of newspapers to homeowners in suburban Maryland.  The plaintiff in *Worsham v. Homestead Publishing Co.*, contends that the unwanted delivery of free publications constitutes a public nuisance, and asserted claims for trespass and public nuisance.  Our work in February included researching and drafting a motion to dismiss the action.

13.     LSKS has represented the Baltimore Sun since 2002.  We act as counsel to the newsroom providing on-going advice pertaining to newsgathering, access, libel, privacy and related issues that arise in publishing the paper on a day to day basis.

14.     We also represent the newspaper in connection with a number of ongoing lawsuits including two that were active in the month of February.  As reflected in the statements and invoices attached hereto, LSKS has also performed additional legal work of behalf of the Baltimore Sun in *Mitchell v. Baltimore Sun* and *Bates v. Baltimore Sun*.  The *Mitchell* case was a long-dormant action for trespass, invasion of privacy, and related torts arising out of an interview of a former Congressman.  The case was dismissed in March 2009 for lack of prosecution, and issues arose in February concerning the status of the action in light of a proof of claim submitted on behalf of the plaintiff in these bankruptcy proceedings.  The *Bates* case involves libel and related claims brought by an attorney arising out of articles published in August 2008.  Plaintiff alleges that the articles falsely imply he engaged in witness tampering, and other improper conduct.  The action is stayed as to the Baltimore Sun, but remains pending against reporters

{00313901;v1}

employed by the Baltimore Sun.  In February we filed a motion to dismiss the action and

prepared a reply brief in support of that motion on behalf of the defendant reporters.

15.    Finally, in February LSKS performed services for a consortium of clients,

including the Baltimore Sun, in order to obtain access to juror information in a high profile trial

in Baltimore, *State of Maryland v. Dixon*.

16.    The net effect of the activity in all of these various matters has been a

correspondingly greater-than-normal expenditure of time and services by LSKS.  LSKS contends

that the services rendered have been fair and reasonable and well within the range of fees that

would be charged by any experienced litigation counsel, such as Robert Penchina, who is

handling the Courant litigation, and Nathan Siegel, who is responsible for the other active

lawsuits.  Mr. Penchina has 20 years of experience litigating copyright and intellectual property

claims.  Mr. Siegel has 17 years of experience as a newsroom advisor and litigator.

17.    LSKS respectfully submits that good cause exists for the Court to waive

the otherwise-applicable procedures for compensation and reimbursement of expenses for

professionals and consideration of fee applications set forth in this Court's Interim Compensation

Order and Fee Examiner Order.  Specifically, LSKS requests a limited waiver from such

procedures solely for the purpose of permitting the Debtors to pay LSKS the full amount of the

fees and expenses it incurred during the period from February 1, 2010 through February 28,

2010, rather than requiring LSKS to seek approval of its fee on an interim basis subject to a 20%

holdback and to seek the Court's allowance of such fees and expenses on a quarterly basis

subject to the Fee Examiner's review and report.

18.    LSKS has received no payment and no promises of payment from any

source other than the Debtors for services rendered as an Ordinary Course Professional to the

7

Debtors in these chapter 11 cases. There is no agreement between LSKS and any other party for the sharing of compensation to be received for the services rendered by LSKS to the Debtors. All professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtors.

## REVIEW OF APPLICABLE LOCAL RULE

19.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

20.     The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

21.     No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, LSKS respectfully requests the Court enter an order (i) allowing fees in the amount of $40,695.88 and expenses in the amount of $2,414.61 for services rendered to Debtors during the period from February 1, 2010 through February 28, 2010, (ii) waiving the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (iii) granting such further relief as is just and proper.

Dated: June 24, 2010

Respectfully submitted,

David A. Schulz
Levine Sullivan Koch & Schulz, L.L.P.
321 West 44th Street, Suite 510
New York, NY 10036
Telephone: (212) 850-6103
Facsimile: (212) 850-6299