## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------ x | Chapter 11 | |
| In re: | : | |
| | : | Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objections Due: July 15, 2010 @ 4:00 p.m.(ET) |
| ------------------------------------------------------ x | | Hearing Date: N/A |

## SEVENTEENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2010 THROUGH MAY 31, 2010

| | |
|---|---|
| Name of Applicant: | Chadbourne & Parke LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | February 20, 2009, nunc pro tunc to December 18, 2008 |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2010 through May 31, 2010 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary | $1,065,056.80    (80% of $1,331,321.00) |
| Amount of Expense Reimbursement is Sought as Actual, Reasonable and Necessary: | $57,905.29 |

This is a(n):    _x_ Monthly        ____ Interim        ____ Final Application

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 2/25/2009 | 452 | 12/18/08 - 1/31/09 | $1,025,328.00 | $20,199.48 | $820,262.40 | $20,199.48 |
| 3/25/2009 | 809 | 2/1/09 - 2/28/09 | $642,734.00 | $42,979.74 | $514,187.20 | $42,979.74 |
| 4/25/2009 | 1087 | 3/1/09 - 3/31/09 | $663,569.50 | $12,315.26 | $530,855.60 | $12,315.26 |
| 5/26/2009 | 1239 | 4/1/09 - 4/30/09 | $515,864.50 | $8,352.11 | $412,691.60 | $8,352.11 |
| 6/26/2009 | 1649 | 5/1/09 - 5/31/09 | $582,143.25 | $31,011.71 | $465,714.60 | $31,011.71 |
| 7/27/2009 | 1832 | 6/1/09 - 6/30/09 | $726,009.50 | $32,090.07 | $580,807.60 | $32,090.07 |
| 8/25/2009 | 2009 | 7/1/09 - 7/31/09 | $1,453,980.25 | $37,749.39 | $1,163,184.20 | $37,749.39 |
| 9/25/2009 | 2232 | 8/1/09 - 8/31/09 | $1,450,944.50 | $52,216.32 | $1,160,755.60 | $52,216.32 |
| 10/26/2009 | 2430 | 9/1/09 - 9/30/09 | $1,418,350.00 | $40,049.24 | $1,134,680.00 | $40,049.24 |
| 11/25/2009 | 2634 | 10/1/09 - 10/31/09 | $1,670,709.75 | $25,752.36 | $1,336,567.80 | $25,752.36 |
| 12/28/2009 | 2937 | 11/1/09 - 11/30/09 | $1,461,754.00 | $99,575.80 | $1,169,403.20 | $99,575.80 |
| 1/25/2010 | 3197 | 12/1/09 - 12/31/09 | $1,519,536.50 | $72,274.74 | $1,215,629.20 | $72,274.74 |
| 2/25/2010 | 3534 | 1/1/10 - 1/31/10 | $1,960,664.50 | $71,749.46 | $1,568,531.60 | $71,749.46 |
| 3/26/2010 | 3865 | 2/1/10 - 2/28/10 | $1,516,158.50 | $90,806.96 | $1,212,926.80 | $90,806.96 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4/26/2010 | 4160 | 3/1/10 - 3/31/10 | $1,494,305.50 | $110,300.89 | $1,195,444.40 | $110,300.89 |
| 5/25/2010 | 4601 | 4/1/10 - 4/30/10 | $918,260.75 | $59,270.50 | $734,608.60 | $59,270.50 |

**TRIBUNE COMPANY, et al.**

**SUMMARY OF HOURS**

**May 1, 2010 through May 31, 2010**

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| **Partner*** | | | | | |
| Howard Seife (1997) | Bankruptcy and Financial Restructuring | 1979 (NY) | $965 | 171.80 | 165,787.00 |
| David M. LeMay (2001) | Bankruptcy and Financial Restructuring | 1982 (NY) | 855 | 29.10 | 24,880.50 |
| Marc A. Alpert (1995) | Corporate | 1987 (NY) | 825 | 20.40 | 16,830.00 |
| Thomas J. McCormack (1992) | Litigation | 1983 (NY) | 825 | 127.20 | 104,940.00 |
| N. Theodore Zink, Jr. (1997) | Bankruptcy & Financial Restructuring | 1984 (MS) 1991 (IL) 1996 (NY) | 795 | 122.40 | 97,308.00 |
| Robert Schwinger (1994) | Litigation | 1985 (NY) | 785 | 5.20 | 4,082.00 |
| Douglas E. Deutsch (2009) | Bankruptcy and Financial Restructuring | 1997 (NY) | 695 | 155.80 | 105,396.75 |
| David Gallai (2008) | Employee Benefits | 2000 (NY) | 650 | 3.20 | 2,080.00 |
| | | | | | |
| **Counsel:** | | | | | |
| Mark D. Ashley | Litigation | 1995 (NY) | 645 | 220.70 | 141,803.25 |
| Francisco Vazquez | Bankruptcy and Financial Restructuring | 1995 (NJ) 1996 (NY) | 625 | 206.80 | 127,625.00 |
| James A. Stenger | Communications and Technology | 1978 (DC) | 495 | 7.60 | 3,762.00 |
| | | | | | |
| **Associate:** | | | | | |
| Christy L. Rivera | Bankruptcy and Financial Restructuring | 2002 (NY) | 625 | 0.80 | 500.00 |
| Robert J. Gayda | Bankruptcy and Financial Restructuring | 2005 (NY) | 595 | 138.20 | 82,229.00 |

| NAME | DEPARTMENT | YEAR OF ADMISSION | 2010 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|---|
| Kimberly Giuliano | Intellectual Property | 2005 (NY) | 595 | 6.50 | 3,867.50 |
| Elizabeth M. Miller | Real Estate | 1989 (CA) 1996 (DC) 1997 (NY) | 595 | 13.70 | 8,151.50 |
| Alexandra K. Nellos | Litigation | 2004 (NY) | 595 | 208.60 | 124,117.00 |
| Paul Tanck | Corporate | 2005 (NY) | 595 | 47.00 | 27,965.00 |
| Benjamin Carson | Corporate | 2008 (NY) | 475 | 3.60 | 1,710.00 |
| Robert Kirby | Litigation | 2008 (NY) | 475 | 46.70 | 22,182.50 |
| Blake Betheil | Tax | 2009 (NY) | 405 | 0.40 | 162.00 |
| Adrienne Duffy | Corporate | 2009 (NY) | 405 | 10.40 | 4,212.00 |
| Bonnie Dye | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 2.90 | 1,174.50 |
| Alison Kronstadt | Corporate | 2009 (NY) | 405 | 11.80 | 4,779.00 |
| Chiraag Kumar | Project Finance | 2009 (NY) | 405 | 24.00 | 9,720.00 |
| Rachel Kurth | Employee Benefits | 2009 (NY) | 405 | 6.20 | 2,511.00 |
| Faryal Malik | Corporate | 2007 (NJ) 2008 (NY) | 405 | 33.70 | 13,648.50 |
| Francesca Perkins | Litigation | 2009 (NY) | 405 | 46.10 | 18,670.50 |
| Megan Strand | Communications and Technology | 2009 (NY) | 405 | 5.20 | 2,106.00 |
| Matthew Weinbaum | Project Finance | 2009 (NY) | 405 | 19.60 | 7,938.00 |
| Young Yoo | Bankruptcy & Financial Restructuring | 2009 (NY) | 405 | 53.50 | 21,667.50 |
| Kimberly Zafran | Litigation | 2009 (NY) | 405 | 75.00 | 30,375.00 |
| Eric Daucher | Bankruptcy & Financial Restructuring | JD-2009 | 355 | 86.60 | 30,743.00 |
| Marc Roitman | Bankruptcy & Financial Restructuring | 2010 (NY) | 355 | 156.60 | 55,593.00 |
|  |  |  |  |  |  |

| **Paraprofessionals:** | | | | | |
|---|---|---|---|---|---|
| Lori Moloney | Litigation | n/a | 305 | 16.20 | 4,941.00 |
| David Bava | Bankruptcy & Financial Restructuring | n/a | 270 | 65.40 | 17,658.00 |
| Helen M. Lamb | Bankruptcy and Financial Restructuring | n/a | 270 | 23.30 | 6,291.00 |
| Ellen Weissman | Litigation | n/a | 250 | 18.20 | 4,550.00 |
| Marisa Iacopelli | Litigation | n/a | 240 | 90.80 | 21,792.00 |
| Lissette Mendoza | Litigation | n/a | 240 | 9.50 | 2,280.00 |
| Wale Bakare | Litigation | n/a | 230 | 3.90 | 897.00 |
| Jason Lopez | Litigation | n/a | 215 | 13.30 | 2,859.50 |
| Aram Hanessian | Bankruptcy & Financial Restructuring | n/a | 185 | 8.30 | 1,535.50 |
| | | | | | |
| | | | | | |
| **TOTAL:** | | | | **2,316.20** | **$1,331,321.00** |

BLENDED RATE:     $577.00

---

\* Includes year elected Partner at firm or joined firm as Partner.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:
                                                     
TRIBUNE COMPANY, et al.,

                Debtors.

------------------------------------------------------- x

|  |  |
|---|---|
| : | Chapter 11 |
| : | Case No. 08-13141 (KJC) |
| : | Jointly Administered |
| : | Objections Due: July 15, 2010 @ 4:00 p.m.(ET) |
| : | Hearing Date: N/A |

### SEVENTEENTH MONTHLY APPLICATION OF CHADBOURNE & PARKE LLP, AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TRIBUNE COMPANY, ET AL. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MAY 1, 2010 THROUGH MAY 31, 2010

Chadbourne & Parke LLP ("Chadbourne"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of Tribune Company et al. (collectively, the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $1,331,321.00 (80% of which equals $1,065,056.80) and reimbursement of expenses incurred in the amount of $57,905.29 during the period commencing May 1, 2010 through and including May 31, 2010 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Compensation Order"). In support of the Application, Chadbourne respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for relief requested herein are Sections 105(a), 330, 331 and 1103(a) of the Bankruptcy Code.

## BACKGROUND

3.      On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On December 18, 2009, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

6.      On February 20, 2009, the Bankruptcy Court authorized the employment and retention of Chadbourne as co-counsel for the Committee, nunc pro tunc to December 18, 2008.

7.      On May 10, 2010, the Bankruptcy Court authorized the appointment of Kenneth N. Klee, Esquire as Examiner in these Chapter 11 cases.

## COMPENSATION PAID AND ITS SOURCES

8.    All services for which compensation is requested by Chabourne were performed for or on behalf of the Committee.

9.    During the Application Period, Chadbourne has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Chadbourne and any other person, other than members of the firm, for sharing of compensation to be received for services rendered in these cases.

## FEE STATEMENTS

10.    The fee statement for the Application Period is attached hereto as Exhibit A.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional for this period.  To the best of Chadbourne's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the Office of the United States Trustee, Del. Bankr. L.R. 2016-2, and the Compensation Order.

## SUMMARY OF SERVICES

11.    As set forth in the detailed statement of fees attached hereto as Exhibit A, fees incurred by Chadbourne during the Application Period total $1,331,321.00.  The services rendered by Chadbourne during the Application Period are grouped into specific project categories as set forth in Exhibit A.  The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category.

3

12.     The following is a summary of the activities performed by Chadbourne attorneys and paraprofessionals during the Application Period, organized by project category.

**A.     Bankruptcy General (Matter 002)**

Fees:  $18,673.00        Total Hours:    45.60

13.     During the Application Period, Chadbourne devoted numerous hours to the fulfillment of its professional duties and responsibilities in connection with the administration of these chapter 11 cases including: (i) meetings with and addressing the inquiries of the Debtors and the Debtors' professionals, other Committee professionals, the United States Trustee and other parties in interest in these cases; (ii) monitoring of incoming correspondence, pleadings, and dockets; (iii) preparing for and attending various omnibus hearings and court conferences on behalf of the Committee; and (iv) disseminating information to the Committee and other various parties-in-interest.  Also, Chadbourne established and maintains an Intralinks account in order to provide a repository for memoranda and pleadings readily accessible by members of the Committee.

14.     Chadbourne's paraprofessionals have also been required to monitor and retrieve all newly filed pleadings from the Bankruptcy Court's docket, prepare and distribute daily status reports, maintain a current case calendar and post Committee-related pleadings and memoranda to Intralinks.  Chadbourne's paraprofessionals supervise the internal management of documents and the distribution of documents both to the professionals at Chadbourne and to the members of the Committee, coordinate receipt of pleadings, correspondence and other documents, assist attorneys in preparation of papers for electronic filing, and respond to third-party requests for documents.

**B.**     **Committee Meetings (Matter 003)**

      Fees:  $38,387.00          Total Hours:    60.90

      15.     Regular and special meetings of the Committee (the "Committee Meetings") were held during the Application Period and generally occurred weekly, either by telephone conference or in person, to review the Debtors' operational initiatives, the Debtors' finances, pending motions, the plan and disclosure statement, the LBO/ESOP investigation and related issues, options related to the Debtors' assets, tax issues and numerous other issues regarding the administration of the Debtors' cases.  Committee Meetings continue to be the most effective and efficient way of providing a forum for Committee members to express their views and to ensure that all members of the Committee are kept informed of the events occurring in the Debtors' cases.  Further, minutes are recorded at each Committee Meeting to provide an official record of those meetings.  Chadbourne attorneys prepared for these meetings and spent time, among other things, reviewing materials and drafting agendas, preparing presentation materials, conducting the meetings, and drafting all meeting minutes.

**C.**     **Creditor Communications (Matter 004)**

      Fees:  $764.50          Total Hours:    1.10

      16.     Chadbourne, as counsel to the Committee, is the focal point for creditor inquiries. During the Application Period, Chadbourne attorneys reviewed and responded to correspondence and other inquiries received from unsecured creditors and participated in telephone conferences with members of the Committee to discuss open issues and developments in the Debtors' cases.

**D.** **Business Operations (Matter 007)**

Fees: $29,552.50        Total Hours:    43.90

17.        During the Application Period, attorneys from Chadbourne continued to devote

time on the potential Food Network transaction between a Tribune affiliate and Scripps

Networks.  Attorneys from Chadbourne's corporate group continued to review and analyze the

transaction documents and participated in discussions with Debtors' counsel and counsel for

Scripps Networks to negotiate certain amendments to the underlying partnership agreement.

During this time, Chadbourne also reviewed and commented on a waiver letter agreement

which would allow the project to move forward prior to the execution of the definitive

documents in connection with the transaction.  Further, Chadbourne summarized the progress

of the transaction in a presentation to the Committee.

18.        During the Application Period, professionals from Chadbourne's Communications

and Technology Group expended time in connection with FCC-related objections to

the Disclosure Statement and Plan approval process.  Chadbourne reviewed related proceedings

at the FCC and in the U.S. Court of Appeals for the Third Circuit.

19.        Finally, Chadbourne attorneys continued to review and monitor issues involving

the Debtors' day-to-day business operations.  This included the review of weekly operations and

financial reports prepared by the Committee's financial advisors as well as the Debtors' 2010

business plan.

**E.**    **Claims Administration/Bar Date (Matter 009)**

Fees:  $4,693.00          Total Hours:    11.40

20.    During the Application Period, Chadbourne continued to expend efforts in connection with the claims process.  Efforts included reviewing the Debtors' twenty-seventh through thirty-first omnibus objections to claims.  Chadbourne reviewed and evaluated the relief requested in the motions as well as the bases and processes followed by the Debtors in pursuing the objections and summarized its review in a written report to the Committee.

21.    Chadbourne expended further time reviewing the motion for class certification filed by claimants in a pre-petition class action lawsuit filed in New York State Supreme Court (the "State Court Action") which was stayed when the Debtors filed their Chapter 11 cases. Chadbourne reviewed the relief requested as well as the Debtors' proposal to lift the automatic stay with respect to the State Court Action to allow the request to be decided in state court. Further, Chadbourne updated the Committee on the details of the requested relief and recommended a Committee course of action.

22.    Lastly, Chadbourne reviewed the Debtors' motion to establish a bar date for filing proofs of claim against Tribune CNLBC (formerly known as Chicago National League Ball Club, LLC).  Chadbourne reviewed the proposed procedures set forth in the motion and reported its findings to the Committee.

**F.**     **Fee/Retention Applications (Matter 010)**

Fees:  $21,337.00          Total Hours:   57.60

23.     During the Application Period, Chadbourne attorneys reviewed and analyzed various retention applications in order to ensure that their retention was fair and reasonable. Efforts included reviewing the Debtors' application to modify the scope of the existing retention of PricewaterhouseCoopers LLP to provide fresh start accounting and plan of reorganization adjustments upon the Debtors' emergence from bankruptcy.  Further, Chadbourne reviewed the applications filed by the Examiner appointed in these Chapter 11 cases to employ counsel, local counsel and financial advisors.  Chadbourne's analyses of the retention applications were summarized in detailed memoranda to the Committee.

24.     In continuance of an ongoing process, Chadbourne expended time on the treatment of ordinary course professionals.  These efforts included the review and analysis of filed affidavits to ensure qualification criteria were satisfied and the monitoring of spending and monthly fee caps in connection with same.

25.     Chadbourne expended further time during the Application Period in compliance with the Bankruptcy Court's fee procedures in these cases.  Efforts included preparing and filing its sixteenth monthly fee application.  In addition, Chadbourne prepared and filed the Committee's eleventh request for reimbursement of expenses.

26.     During this time, Chadbourne began to research and address issues raised in the Fee Examiner's initial report on Chadbourne's fourth interim fee application.  Further, Chadbourne participated in discussions with the Fee Examiner to settle outstanding disputes on its second interim fee application in preparation for the May 18, 2010 hearing on same.

**G.**    **Plan and Disclosure Statement (Matter 011)**

Fees:  $321,223.50          Total Hours:      514.40

27.      During the Application Period, Chadbourne professionals continued to engage in
ongoing telephone conferences, meetings and negotiations on behalf of the Committee and
certain creditor constituencies in addressing and finalizing terms of the disclosure statement and
accompanying plan of reorganization in view of the upcoming hearing on same.  In connection
therewith, Chadbourne performed legal research and analyses on a variety of issues raised by
the disclosure statement and plan.  During this time, a number of parties filed objections to the
disclosure statement and solicitation procedures motion.  Chadbourne reviewed and analyzed
the various issues raised in the pleadings, participated in discussions with Debtors' counsel on
their approach to address and resolve the issues in connection therewith, and began drafting a
response on behalf of the Committee.  Throughout this process, Chadbourne continued to
review and provide comments to the various iterations of the disclosure statement and plan (at
some points, these documents were revised by the Debtors multiple times a week) as it
continued to progress based on the foregoing analyses, research and negotiations.  Hearings on
the disclosure statement were held on May 20 and May 28, 2010.

28.      During this time, the Court entered an order (supported by Wilmington Trust
Company and certain other parties) establishing a schedule for purposes of discovery in respect
to the proposed plan.  In that regard, Chadbourne reviewed and analyzed the proposed
discovery schedule and reviewed ensuing discovery requests in connection therewith.

29.      In an effort to address the concerns of certain lender constituencies raised at the
disclosure statement hearing on May 20, 2010, the Court directed each of the main-case parties

to prepare a submission setting forth their views on the settlement and other LBO related matters that was to ultimately be included with the disclosure statement materials. The proposed submissions were the subject of numerous discussions and negotiations among the parties to ensure that they were factual, accurate and otherwise consistent with the requirements of the Bankruptcy Code.

30.     In preparation for the May 28, 2010 hearing, Chadbourne professionals continued to review and research certain discrete issues and reviewed and commented on further versions of the disclosure statement and plan in connection therewith. Further efforts were expended in preparing the Committee's submission as directed by the Court, and also preparing a separate statement on behalf of the Committee recommending that creditors support and accept the Debtors' plan which would be independently included in the plan solicitation materials. The substance of these documents was ultimately merged into one Committee support letter at the further direction of the Court.

31.     Subsequently, all disclosure issues were resolved at the May 28, 2010 hearing and, following the resolution of one last related objection, the disclosure statement was approved by the Court on June 7, 2010.

**H.     Executory Contracts (Matter 012)**

Fees: $1,739.50        Total Hours:     4.90

32.     During the Application Period, the Debtors continued the ongoing process of seeking approval to assume and/or reject certain leases and contracts. Accordingly, Chadbourne reviewed the Debtors' motion to reject a master agreement with Dunn & Bradstreet (the "D&B Agreement"). Chadbourne reviewed the relief requested in the motion as well as

additional due diligence performed by the Committee's financial advisors and considered the economic scenarios of continuing the D&B Agreement or entering into an agreement with an alternative provider.   As a result, Chadbourne summarized the details of its analysis along with its recommendations in a report to the Committee.

**I.     Employee Issues (Matter 014)**

     Fees:  $6,753.00        Total Hours:     12.60

33.     During the Application Period,  the Debtors filed a motion seeking approval to continue their Management Incentive Plan (the "2010 MIP") for certain management employees and top executives.  Chadbourne and the Committee's financial advisors reviewed and analyzed the report on the 2010 MIP developed by the Debtors' independent compensation consulting firm, participated in discussions with representatives of certain creditor constituencies and reviewed and provided comments to the motion.

**J.     General Litigation (Matter 017)**

     Fees:  $738,820.50        Total Hours:   1,237.40

34.     During the Application Period, professionals from Chadbourne's bankruptcy and litigation teams devoted considerable time in preparing the Committee's legal brief and related appendices (the "Submission") in response to requests by the Examiner appointed in these Chapter 11 cases.  In connection therewith, Chadbourne professionals prepared for and attended initial meetings with the Examiner to review and discuss, among other matters, the substance and scope of the Submission.

35.     Chadbourne's Submission ultimately addressed inquiries by the Examiner with regard to the following three primary topics:  (i) potential fraudulent transfer claims arising from the 2007 LBO/ESOP Transaction; (ii) potential third-party claims arising from the 2007 LBO/ESOP Transaction; and (iii) allegations that Wilmington Trust may have violated certain confidentiality requirements during the Chapter 11 Cases.

36.     Preparation of the Submission has required hundreds of hours of time and effort from Chadbourne's team of professionals and paraprofessionals to meet the requirements set forth by the Examiner in an accurate, efficient and timely manner.  Efforts included a comprehensive review of relevant underlying documentation resulting from the Committee's investigation of the 2007 LBO/ESOP Transaction (such as reports/presentations, draft complaints, court filings, deposition and hearing transcripts, as well as numerous key discovery documents, many of which were subject to the Depository Order).  Accordingly, confidentially and privilege concerns were reviewed and considered with respect to disclosure of such materials in the Submission.  Chadbourne professionals also performed extensive legal research and conferred with the Committee's professionals to review and address the factual and legal issues raised as a result of the Submission process.  Among other efforts, for example, Chadbourne reviewed and verified the facts contained in a summary of "anticipated" facts that was to be provided by the Debtors to the Examiner.  Numerous changes to the submission were requested by Chadbourne.  Further, Chadbourne and the Committee's professionals also prepared for and researched issues raised by the Examiner in order to engage in additional discussions and meetings with the Examiner and its advisors on certain discrete issues.

37.    During the course of this process, various iterations of the three-part Submission were reviewed and revised by Chadbourne's team of professionals.  Ultimately, the Committee furnished its Submission to the Examiner on May 24, 2010.  At that time, Chadbourne began to receive Submissions from other key parties and began to review and analyze same in contemplation of preparing its supplemental response to the Examiner.  A related report and analysis was prepared for the Committee's review.

38.    As set forth in the attached daily fee detail, the collection, review and preparation of the numerous documents appended to the Submission was a substantial undertaking.  In addition, the Examiner's Submission guidelines required, among other things, that the legal briefs be uploaded to an exclusive, secure website established by the Examiner, and that all references to appended documents, court filings and legal citations were to contain a hyperlink to the respective documents.  Much of this work was performed by Chadbourne's team of paraprofessionals.  Because of their knowledge and involvement in the Committee's investigation as well as their technical acumen, this work was accomplished in an efficient and timely manner and avoided duplication of effort.

**K.**    **Travel (Matter 018)**

Fees:  $5,057.50            Total Hours:    15.20

39.    During the Application Period, Chadbourne attorneys travelled to Wilmington, Delaware to attend omnibus hearings at the Bankruptcy Court.  Chadbourne attorneys also travelled to Chicago, Illinois to attend a meeting with the financial advisors to the Examiner. The hours reflect non-working travel time and the fees requested are at 50% of Chadbourne's normal hourly rates.

**L.**     **Review of Prepetition Financings (Matter 019)**

Fees:  $144,320.00        Total Hours:    311.20

40.        During the Application Period, Chadbourne professionals continued to devote time investigating the factual and legal bases on which the Committee may assert potential challenges in furtherance of the prepetition LBO/ESOP Transactions.  Chadbourne's team of professionals continued to receive and review documents during this time and reported on the relevant and noteworthy evidence obtained during its review.  As noted from the amount of time expended on this matter since the discovery process began, the LBO/ESOP Transactions review is a massive undertaking that has involved over 40 professionals and paraprofessionals working for Chadbourne alone.  To date, approximately 341,000 documents and computer records (over 4.1 million pages of materials) have been reviewed since the discovery process began through the Application Period.

## ACTUAL AND NECESSARY EXPENSES

41.        A summary of the actual and necessary expenses and daily logs of expenses incurred by Chadbourne during the Application Period in the amount of $57,905.29 is attached hereto as Exhibit B.  Chadbourne's standard charge for photocopies is $0.20/per page.  For purposes of these Chapter 11 cases, the firm has reduced this charge to $0.10/per page.  Chadbourne customarily charges its clients $1.25/per page for out-going facsimile transmissions.  For purposes of these cases, the firm has reduced this charge to $1.00/per page.

42.        Due to the national nature of the Debtors' business and the Committee's participation in weekly meetings by telephone, long distance telephone and conference call services have been required.  In accordance with the Guidelines, in seeking reimbursement for

long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.  Chadbourne utilizes outside vendors for conference call services and requests reimbursement only for the amount billed to Chadbourne by the third-party vendors.

43.    With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

44.    In connection with the LBO/ESOP transaction investigation, Chadbourne entered into a contract for electronic data discovery services with Complete Document Source Inc. ("CDS").  The CDS charges incurred during the Application Period represent a monthly hosting fee as well as processing fees for loading data and/or converting data to a searchable format.  In seeking reimbursement for these outside professional services, Chadbourne requests reimbursement for the actual costs incurred.

45.    The category of meal expenses represents (i) reimbursement of reasonable costs of meals of those Chadbourne attorneys and other employees who worked late into the evenings or on weekends and while travelling (which is consistent with firm policy) and (ii) the catering costs in connection with in-person Committee meetings, settlement meetings and depositions hosted by Chadbourne in which breakfast, lunch and/or other refreshments were served.

46.    In order to meet deadlines and satisfy the demands of these cases, attorneys and other employees of Chadbourne were required to work late in the evenings or on weekends.

Consistent with firm policy, reasonable transportation costs were reimbursed as well as paraprofessional overtime.

## **VALUATION OF SERVICES**

47.     Attorneys and paraprofessionals of Chadbourne have expended a total of 2,316.20 hours in connection with the matter during the Application Period.  The nature of the work performed by these persons is fully set forth on Exhibit A attached hereto.  These are Chabourne's normal hourly rates for work of this character.  The reasonable value of services rendered by Chadbourne to the Committee during the Application Period is $1,331,321.00.

48.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed prior to the preparation of this Application, Chadbourne reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

49.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Chadbourne is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.  Moreover, Chadbourne has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Chadbourne respectfully requests that this Court authorize that an allowance be made to Chadbourne pursuant to the terms of the Compensation Order for the period May 1, 2010 through May 31, 2010:  (a) authorizing compensation in the amount of $1,331,321.00 (80% of which equals $1,065,056.80) for professional services rendered, and reimbursement of expenses incurred in connection therewith in the amount of $57,905.29 for a total of $1,389,226.29; (b) authorizing and directing the Debtors to remit payment to Chadbourne as set forth herein; and (c) granting such other and further relief as this Court deems just and proper.

Dated:   June 22, 2010
         New York, New York

                                        CHADBOURNE & PARKE LLP

                                        By: _____
                                            Douglas E. Deutsch
                                            (A Member of the Firm)

                                        Chadbourne & Parke LLP
                                        30 Rockefeller Plaza
                                        New York, New York  10112
                                        (212) 408-5100

                                        Co-Counsel to The Official Committee of
                                        Unsecured Tribune Company, et al.

## VERIFICATION

STATE OF NEW YORK   :
                         : ss:
COUNTY OF NEW YORK   :

Douglas E. Deutsch, after being duly sworn according to law, deposes and says:

(a)      I am a partner with the applicant firm, Chadbourne & Parke LLP, and have been admitted to the bar of the State of New York since 2009.

(b)      I am familiar with the work performed on behalf of the Committee by the lawyers in the firm.

(c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. L.R. 2016-2 and submit that the Application substantially complies with such order.

_____
Douglas E. Deutsch

Sworn to before me this
22nd day of June 2010

_____
Francisco Vazquez
Notary Public, State of New York
No. 31-6013920
Qualified in New York County
Commission Expires December 27, 2010