# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: July 15, 2010 @ 4:00 p.m. (ET)<br>Hearing Date: N/A |

## SEVENTEENTH MONTHLY APPLICATION OF LANDIS RATH & COBB LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331

Name of Applicant:                                   Landis Rath & Cobb LLP

Authorized to Provide Professional
Services to:                                         Official Committee of Unsecured Creditors

Date of Retention:                                   *Nunc Pro Tunc* to December 18, 2008

Period for which compensation
and reimbursement sought:                            May 1, 2010 through May 31, 2010

Amount of monthly fees to be approved
as actual, reasonable and necessary:                 $ 108,029.50

Amount of monthly expenses sought
as actual, reasonable and necessary:                 $     2,334.45

This is a    X   monthly    ____ interim    ____ final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KJAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347) Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0008346.}

This application does not include any time related to the preparation of this application.

Prior Applications:

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| Dated Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 2/25/09 | 12/18/08 – 1/31/09 | $106,613.25 | $6,816.95 | $85,290.60 | $6,816.95 |
| 3/25/09 | 2/1/09 – 2/28/09 | $38,726.00 | $4,053.57 | $30,980.80 | $4,053.57 |
| 4/27/09 | 3/1/09 – 3/31/09 | $27,981.50 | $1,585.96 | $22,385.20 | $1,585.96 |
| 5/28/09 | 4/1/09 – 4/30/09 | $77,223.00 | $5,627.56 | $61,778.40 | $5,627.56 |
| 6/25/09 | 5/1/09 – 5/31/09 | $46,008.50 | $2,305.56 | $36,806.80 | $2,305.56 |
| 7/30/09 | 6/1/09 – 6/30/09 | $67,222.50 | $4,100.79 | $53,777.60 | $4,100.79 |
| 8/25/09 | 7/1/09 – 7/31/09 | $95,604.75 | $4,705.70 | $76,483.80 | $4,705.70 |
| 9/25/09 | 8/1/09 – 8/31/09 | $67,632.25 | $5,776.06 | $54,105.80 | $5,776.06 |
| 10/26/09 | 9/1/09 – 9/30/09 | $59,285.00 | $2,746.88 | $47,428.00 | $2,746.88 |
| 11/25/09 | 10/1/09 – 10/31/09 | $70,264.00 | $5,029.42 | $56,211.20 | $5,029.42 |
| 12/28/09 | 11/1/09 – 11/30/09 | $100,217.75 | $1,973.32 | $80,174.20 | $1,973.32 |
| 1/27/2010 | 12/1/09 – 12/31/09 | $85,506.00 | $13,267.73 | $68,404.80 | $13,267.73 |
| 2/26/2010 | 1/1/10 – 1/31/10 | $158,917.50 | $10,918.82 | $127,134.00 | $10,918.82 |
| 3/25/2010 | 2/1/10 – 2/28/10 | $106,905.50 | $7,543.68 | $85,524.40 | $7,543.68 |
| 4/26/2010 | 3/1/10 – 3/31/10 | $153,590.00 | $1,362.02 | $122,872.00 | $1,362.02 |
| 5/25/2010 | 4/1/10 – 4/30/10 | $ 135,727.00 | $5,707.10 | $108,581.60 | $5,707.10 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: July 15, 2010 @ 4:00 p.m. (ET)<br>Hearing Date: N/A |

## SEVENTEENTH MONTHLY APPLICATION OF LANDIS RATH & COBB LLP, CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330 AND 331

Landis Rath & Cobb LLP ("LRC"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Seventeenth Monthly Application of Landis Rath & Cobb LLP, Co-Counsel to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses Pursuant to 11 U.S.C. §§ 330 and 331 (the "Application") for legal services performed during the period commencing May 1, 2010 through and including May 31, 2010 (the "Application Period"). In support thereof, LRC respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); foresalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspapers Readers Agency, Inc. (7335); North Michigan Production Company (5466), North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0008346.}

## BACKGROUND

1. On December 8, 2008, (the "Petition Date"), the Debtors commenced these bankruptcy cases by each filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Committee. In addition, on December 18, 2008, the Committee met with and selected Chadbourne & Parke LLP ("Chadbourne") as its counsel and LRC as its co-counsel.

4. On February 20, 2009, the Court entered an order authorizing the employment and retention of LRC as co-counsel to the Committee *nunc pro tunc* to December 18, 2008.

5. On March 19, 2009, the Court entered an order appointing Stuart Maue as fee examiner for these chapter 11 cases *nunc pro tunc* to February 20, 2009.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

7. The statutory bases for relief requested herein are Bankruptcy Code Sections 105(a), 330 and 331.

## TERMS AND CONDITIONS OF COMPENSATION OF LRC

8. Subject to Court approval, LRC seeks payment for compensation on an hourly basis, plus reimbursement of actual, necessary expenses incurred by LRC during the Application Period. With the exception of copy charges (which are charged at a lower rate), the rates charged by LRC in these cases do not differ from the rates charged to LRC's non-bankruptcy clients.

9. A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Committee during the Application Period, the regular customary billing rates and the total value of time incurred by each of the LRC attorneys rendering services to the Committee is attached hereto as Exhibit "A." A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Guidelines"), is attached hereto as Exhibit "B." A statement of expenses incurred by LRC during the Application Period is attached hereto as Exhibit "C." All time entries and requested expenses are in compliance with Local Rule 2016-2.[2]

10. On January 15, 2009, this Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Administrative Order"). Pursuant to the Administrative Order, LRC and other professionals retained in these cases are authorized to file and to serve upon the Debtors and the parties identified in the Administrative Order monthly fee applications (a "Monthly Fee Application") with respect to their fees and expenses. After the

---

[2] LRC has also attempted to ensure that this Application complies with the Guidelines. To the extent that the Guidelines conflict with local rules, in particular, Local Rule 2016-2, LRC has chosen to comply with such local rule. LRC will supplement this Application with additional detail or information upon request.

{698.001-W0008346.}  3

expiration of a twenty (20) day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Fee Application, unless an objection has been lodged against specific fees and/or expenses, or the Court orders otherwise.

11. In accordance with the Administrative Order, LRC has filed and served upon the Debtors and other parties identified in the Administrative Order this Application with respect to fees and expenses incurred during the Application Period; to wit, fees in the amount of $108,029.50 and expenses in the amount of $2,334.45.

12. All services and costs for which compensation is requested by LRC in this Application were reasonable and necessary and were performed for and on behalf of the Committee during the Application Period.

## CASE STATUS

13. To the best of LRC's knowledge, the Debtors' monthly operating reports contain up-to-date information regarding the amount of cash on hand or on deposit in the Debtors' estates, the Debtors' operating profits or losses, and the amount of unencumbered funds in the Debtors' estates.

14. To the best of LRC's knowledge, the Debtors have paid to the UST their initial quarterly fees and have filed their monthly operating report for the period of March 29, 2010 through April 25, 2010.

## NARRATIVE SUMMARY OF SERVICES RENDERED ON A PROJECT SUMMARY BASIS

15. All of the professional services that LRC rendered to the Committee during the Application Period are set forth in detail in Exhibit "B," segregated according to project billing

{698.001-W0008346.} 4


categories pursuant to the Guidelines. A brief description of certain services deserving specific mention are highlighted below, by project category:

**(A)    Case Administration: (Total Hours: 12.20; Total Fees: $2,666.50)**

16.    Among other services provided in this category during the Application Period, LRC assisted in preparing and filing various pleadings submitted on behalf of the Committee. In its role as "clearinghouse" for information and communications to and from the Committee and the Court, LRC has kept the Committee informed, on a regular basis, as to important developments in these cases. In connection therewith, LRC created and maintained a critical dates calendar in order to track deadlines and significant events in these cases.

**(B)    LBO & Related Transactions: (Total Hours: 114.90; Total Fees: $48,368.00)**

17.    Among other services provided in this category during the Application Period, LRC continued the investigation of the roles of certain financial advisory firms with respect to the series of transactions during calendar year 2007 pursuant to which the Debtors became privately held (the "LBO"), as requested by the Committee.

18.    In connection therewith, LRC continued its research and analysis of the background documentation surrounding the LBO, participated in substantial discussions and meetings regarding the LBO and continued its investigation. LRC continued to research and analyze the public filings made by the financial advisory firms, conduct negotiations with the targets of the requests for discovery previously served upon the Debtors' former financial advisory firms, and review and analyze discovery materials obtained.

19.    Additionally, during the Application Period, LRC participated in numerous discussions regarding the appointment of an examiner by the UST and the related process for an examiner's investigation. In addition thereto, LRC expended significant time reviewing,

analyzing, and responding to the examiner's work plan and the examiner's confidential letter requesting statements from the various parties. In connection therewith, LRC participated in preparing a responsive confidential statement from the Committee and expended numerous hours reviewing and analyzing the confidential submissions of other parties.

      (C)    **Hearings**: (Total Hours: 43.20; Total Fees: $18,394.50)

20. Among other services provided in this category during the Application Period, LRC prepared for and attended several hearings scheduled by the Court, including hearings regarding the Debtors' proposed disclosure statement and solicitation procedures motion.

      (D)    **LRC Retention & Fee Matters**: (Total Hours: 14.50  Total Fees: $3,934.00)

21. Among other services provided in this category during the Application Period, LRC prepared its sixteenth monthly fee application. LRC also worked with the fee examiner to resolve certain issues raised in the examiner's final report regarding LRC's second interim fee application.

      (E)    **Creditors' Committee Meetings / Communications**: (Total Hours: 6.10; Total Fees: $2,824.50)

22. Among other services provided in this category during the Application Period, LRC prepared for and attended telephonic meetings with members of the Committee, the Committee's professionals, and the Debtors' professionals.

      (F)    **Non LRC Retention & Fee Matters**: (Total Hours: 9.30; Total Fees: $2,133.00)

23. Among other services provided in this category during the Application Period, LRC assisted with preparing the Fifteenth Monthly Fee Application submitted by Moelis & Company LLC and the Sixteenth Monthly Fee Application submitted by Chadbourne. LRC also

assisted with preparing the Sixteenth Monthly Fee Application submitted by AlixPartners, LLP. Additionally, LRC assisted with preparing the Committee's eleventh expense application.

   **(G)**  **Plan and Disclosure Statement:**  (Total Hours: 74.90; Total Fees: $27,718.00)

  24.  Among other services provided in this category during the Application Period, LRC expended significant time reviewing and commenting on the Debtors' amended disclosure statement and revised plan of reorganization. In addition thereto, LRC researched and analyzed potential solicitation issues and discussed the results of such with co-counsel. LRC also assisted in the preparation and finalization of the Committee's letter filed in support of the plan of reorganization.

  25.  Additionally, during the Application Period, LRC expended significant time reviewing and analyzing the numerous objections and responses received to the Debtors' disclosure statement and solicitation procedures motion.

## COMPENSATION REQUESTED

  26.  LRC expended 282.80 hours during the Application Period in furtherance of its efforts on behalf of the Committee. LRC requests allowance of compensation in the amount of $108,029.50 for legal services rendered during the Application Period at a blended hourly rate of $382.00. Pursuant to the Administrative Order, LRC requests payment of 80% of the total fees requested, or $86,423.60. None of the requested fees detailed herein have been paid.

## REIMBURSEMENT OF EXPENSES

  27.  During the Application Period, LRC incurred certain necessary expenses in rendering legal services to the Committee as set forth in Exhibit "C." Telecopying services completed in-house by LRC were charged at $1.00 per page for outgoing facsimiles only. LRC represents that its rate for duplication is $0.10 per page, consistent with the Local Rules and

Guidelines. In order to more efficiently handle the voluminous copying of pleadings served and filed in these cases, LRC on occasion retained third-party duplication service providers. LRC seeks reimbursement only for the actual expenses charged by such third-party service providers. Finally, LRC seeks reimbursement for computer assisted research, which is the actual cost of such charges.

28. LRC seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Application Period for the total amount of $2,334.45.

## LEGAL STANDARD

29. Bankruptcy Code Section 330(a)(1) allows the payment of:

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is driven by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. See Zolfo Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Building Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for firms to receive their customary rates." Zolfo Cooper, 50 F.3d at 259.

30. In accordance with its practices in non-bankruptcy matters, LRC has calculated its compensation requested in this Application by applying its standard hourly rates. LRC's calculation is based upon hourly rates that are well within the range of rates that are charged by

comparable firms in similar bankruptcy cases. Accordingly, LRC's rates should be determined to be reasonable under Bankruptcy Code Section 330.

31. LRC's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity and size of the Debtors' chapter 11 cases. LRC's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, LRC's fees are reasonable pursuant to Bankruptcy Code Section 330.

32. Bankruptcy Code Section 330(a)(1)(B) permits reimbursement for actual, necessary expenses. LRC's legal services and expenses incurred during the Application Period are set forth in this Application and constitute only those necessary expenses that were incurred for the benefit of the Debtors' estates. LRC has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

33. Except as permitted by Rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or understanding exists between LRC and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Committee.

34. Pursuant to the standards set forth in Bankruptcy Code Sections 330 and 331, LRC submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

35. The time records annexed to this Application constitute only a general statement of the services rendered and time expended without description of the pressure and constraints

under which LRC actually rendered these services. The considerable challenges of these cases have been attended to and managed by LRC at all levels, promptly, expertly and often to the exclusion of other matters in LRC's office. LRC submits, therefore, that its fees and expenses were actually, necessary, reasonable and justified, and should be allowed in full.

### NOTICE AND NO PRIOR APPLICATION

36.     No trustee has been appointed in these chapter 11 cases. Notice of this Application has been given to: (a) Co-counsel to the Debtors; (b) the UST; (c) John L. Decker, Esq. c/o Stuart Maue; (d) Co-counsel to Barclays Bank PLC; (e) Co-counsel to the Administrative Agent for the Prepetition Lenders; and (f) all parties required to be given notice in the Administrative Order. In light of the nature of the relief requested herein, LRC submits that no further or other notice is required.

37.     No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, LRC respectfully requests that the Court: (i) grant the Application; and (ii) grant such other and further relief as is just and proper.

Dated: June 25, 2010
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Rebecca L. Butcher
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

*Co-Counsel to the Official Committee of Unsecured Creditors*