**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------X
In re:                          :        Chapter 11 Cases
                                :        Case No. 08-13141 (KJC)
TRIBUNE COMPANY, et al.,        :        (Jointly Administered)
                                :
        Debtors.                :        Hearing Date: July 14, 2010 at 1:30 p.m.
                                :
                                :
-----------------------------------------------------X        Related to Docket No.  4707
```

**WILMINGTON TRUST COMPANY'S**
**MOTION FOR ESTIMATION AND TEMPORARY**
**ALLOWANCE OF CLAIMS PURSUANT TO BANKRUPTCY RULE 3018**

Wilmington Trust Company ("Wilmington Trust"), Successor Indenture Trustee for the Exchangeable Subordinated Debentures due 2029 in the aggregate principal amount of $1.2 billion (generally referred to as the "PHONES") issued in April 1999 by Tribune Company ("Tribune" and, together with its Chapter 11 affiliates, the "Debtors" or the "Company"), by and through its undersigned counsel, hereby respectfully submits this Motion pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") estimating and temporarily allowing the current accrued amount of indenture trustee fees of Wilmington Trust (the "Indenture Trustee Fees") for plan confirmation voting purposes.  In support thereof, Wilmington Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1.     The current proposed plan of reorganization (the "Plan") errors by improperly classifying Wilmington Trust's claim and silencing its vote.[1]  Wilmington Trust's claim has two components.  The first component, the largest and most important, is the principal amount owed by Tribune to the bondholders under the PHONES indenture (annexed hereto as Exhibit A, the "PHONES Indenture").  This portion of the PHONES claim is currently classified as the Class 1J PHONES Note Claim.  The second component is for the Indenture Trustee Fees of Wilmington Trust (including all fees, expenses and attorney's fees) and it is incorrectly classified with the amount due to the holders of the PHONES.

2.     Unlike the principal amount due to the holders of the PHONES, the fees of Wilmington Trust are **not** purportedly subordinated to any senior indebtedness; they are *pari passu* with the other unsecured debt of Tribune.  Other claims at the parent company level are receiving a distribution estimated to equal 35.18% of the value of their claim, and these claims are considered impaired and eligible to vote under the Plan.  The Indenture Trustee Fees must receive identical treatment under the Bankruptcy Code, and accordingly should be estimated and temporarily allowed for voting purposes.  Under the current class system, the Indenture Trustee Fees should be part of Class 1F – the class for miscellaneous "other parent claims." Consequently, this Court should enter an order allowing Wilmington Trust to vote the portion of its claim that constitutes Indenture Trustee Fees as part of Class 1F.

---

[1]     Wilmington Trust pointed this out to the Debtors in its *Objection to the Disclosure Statement* [Docket No. 4385].  In response, the Debtors noted that the classification of Wilmington Trust's two claims as one as done "solely for voting purposes" and "without prejudice to Wilmington Trust's rights to file a 3018 Motion …"  See Debtors' Omnibus Response to Objections to Approval of the Disclosure Statement for the Joint Plan of Reorganization ¶¶ 31-32 [Docket No. 4450].

## BACKGROUND

3.      In April 1999, Tribune issued unsecured bonds known as the PHONES in an aggregate principal amount of approximately $1.3 billion.  Wilmington Trust serves as successor Indenture Trustee in a fiduciary capacity for the holders of the PHONES.

4.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.    Wilmington Trust has actively and vigorously participated in these Chapter 11 proceedings, and has incurred expenses along with its fiduciary responsibility as trustee to the PHONES.

5.      On June 5, 2009, Wilmington Trust timely filed its proof of claim (the "Wilmington Trust Proof of Claim") with the Debtors (annexed hereto as Exhibit B, [Proof of Claim Docket No. 3523]).  In the Wilmington Trust Proof of Claim, Wilmington Trust expressly reserved its contractual right to "recover post-petition interest, fees, costs, counsel fees and charges" and noted that "[t]hese amounts are currently unliquidated and continue to accrue."  See Wilmington Trust Proof of Claim, Attachment pg. 2.

6.      There have been no objections to the Wilmington Trust Proof of Claim.

7.      On June 7, 2010, the Court entered an order approving the Debtors' proposed disclosure statement (the "Disclosure Statement") as well as associated voting procedures [Docket No. 4707].

## **LEGAL STANDARD**

8.      The Bankruptcy Code provides due process to creditors by affording them the right to vote on any proposed plan of reorganization.  Section 1126(a) states: "the holder of a claim or interest allowed under Section 502 of this title may accept or reject a plan.  11 U.S.C. § 1126(a).  Section 502(a) provides, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest…objects."  11 U.S.C. § 502(a).

9.       In the cases where a plan of reorganization otherwise disenfranchises a creditor, Bankruptcy Rule 3018 allows a judge to fashion a remedy.  See In re Century Glove, Inc., 88 B.R. 45, 46 (Bankr. D. Del. 1988) (noting that Rule 3018 was designed to provide the right to vote to all creditors).   The Rule provides that "notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bank. P. 3018(a).  The "spirit of Chapter 11" encourages creditor participation, and temporary allowance under Rule 3018 is appropriate even for claims that may eventually be disallowed for purposes of distribution.  See In re Amarex Inc., 61 B.R. 301, 302 (Bankr. W.D. Okla. 1985).

10.     The bankruptcy court has broad discretion in determining whether to allow a claim under Rule 3018.  See Pension Benefit Guarantee Corp. v. Enron Corp., No. 04 Civ. 5499, 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004); see also Bittner v. Borne Chemical Co., 691 F.2d 134, 136 (3d Cir. 1982) ("In reviewing the method by which a bankruptcy court has ascertained the value of a claim under section 502(c)(1), an appellate court may only reverse if the bankruptcy court has abused its discretion."); In re Kivler, 2009 WL 1545821, at * 1 (Bankr. D. N.J. 2009) ("Courts, including our own Third Circuit, have consistently ruled that a bankruptcy court may use whatever method and procedures are appropriate to estimate the particular claim given the particular contingencies at issue.").

## ARGUMENT

### A.     Wilmington Trust's Claim for Indenture Trustee Fees Is Contractually Distinct from the Amount Due to the PHONES.

11.     Wilmington Trust is contractually entitled to compensation for its services, as well as the fees and expenses of its agents and counsel incurred throughout these proceedings. Section 6.07 of the PHONES Indenture provides that the Tribune Company agrees to pay the PHONES indenture trustee "reasonable compensation in Dollars for all services rendered." The PHONES Indenture further obligates the Debtors to "reimburse the Trustee in Dollars upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of [the] Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel)." Id.  The PHONES Indenture also obligates the Tribune Company to indemnify the Trustee for expenses incurred arising out of or in connection with the administration of the trust, including claims and liabilities in connection with the performance of any of its powers under the PHONES Indenture. Id.

12.     On June 5, 2009, Wilmington Trust filed a proof of claim against Tribune, which expressly demanded "fees, costs, expenses (including professional fees and expenses) and other charges."  See Wilmington Trust Proof of Claim, Attachment pg. 2.  Wilmington Trust's claim for post-petition fees and indemnity is enforceable, and as expenses incur they are added to Wilmington Trust's claim against Tribune. See In re Oakwood Homes Corp., 394 B.R. 352, 356 (Bankr. D. Del. 2008) ("in the bankruptcy context, the Supreme Court has held that attorneys' fees authorized by prepetition contracts may be awarded even if they are incurred in post-petition litigation"); Ogle v. Fidelity & Deposit Co. of Md., 586 F.3d 143 (2d Cir. 2009) (unsecured creditor can recover attorneys fees incurred postpetition under prepetition credit documents;  In re SNTL Corp., 571 F.3d 826 (9th Cir. 2009) (same).

13.     Further, the Indenture Trustee Fees are not contractually subordinated.   See PHONES Indenture, §14.13 (subordination provisions do not "apply to claims of, or payments to, the Trustee under or pursuant to Section 6.07 [the trustee compensation section].")

### B.     The Indenture Trustee Fees Must Receive the Same Treatment As Other Non-Purportedly Subordinated Tribune Indebtedness, and Must Be Afforded the Right to Vote on the Plan.

14.     Thus, the Plan's grouping of the Indenture Trustee Fees and PHONES Claims is incorrect.   Class 1J currently encompasses all "Claims arising under or evidenced by the PHONES Notes Indenture and related documents."  Disclosure Statement at 61.  This class is afforded no distribution on account of its contractual subordination.  Id. at 109.  Yet, the Indenture Trustee Expenses are, per the contract, unsubordinated and should be treated identically to the other unsecured claims at the parent level.  See In re Combustion Eng'g, Inc., 391 F.3d 190, 239 (3d Cir. 2004) ("Bankruptcy Code furthers the policy of 'equality of distribution among creditors' by requiring that a plan of reorganization provide similar treatment to similarly situated claims") (internal citations omitted).

15.     The Plan does provide a general unsecured claim class at the parent level in Class 1F and this, or a similar class with the same distribution, is the proper class for the Indenture Trustee Fees.  Currently, an estimate of the amount owed to Wilmington Trust for expenses and fees is $10,000,000, but Wilmington Trust believes that number will increase substantially as this case marches towards conclusion.  However, in light of administrative considerations, Wilmington Trust requests the Court temporarily allow a claim in Class 1F, for the amount of $10,000,000, and that Wilmington Trust be permitted to vote that claim.  <u>See</u> <u>John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Assocs.</u>, 987 F.2d 154, 159 (3d Cir. 1993)  (similar claims should be classified together unless a reasonable justification is provided, otherwise classification schemes could be used for circumventing the requirements set out in the Bankruptcy Code).  Wilmington Trust expressly reserves the right to assert a final claim for the full amount of its expenses at the conclusion of these proceedings.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

**WHEREFORE**, Wilmington Trust respectfully requests that this Court: (1) temporarily allow the Indenture Trustee Fees for voting purposes in Class 1F; (2) and, grant Wilmington Trust any such further relief as is just and proper.

Dated: June 25, 2010

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

By:     _____/s/ Raymond H. Lemisch_____
Raymond H. Lemisch, Esq. (Del. Bar No. 4204)
Jennifer R. Hoover, Esq. (Del. Bar No. 5111)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone:  (302) 442-7010
Facsimile: (302) 442-7012
Email: rlemisch@beneschlaw.com
Email: jhoover@beneschlaw.com

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Martin S. Siegel, Esq.
William M. Dolan III, Esq.
Katherine S. Bromberg, Esq.
Seven Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801
Email: rstark@brownrudnick.com
Email: msiegel@brownrudnick.com
Email: wdolan@brownrudnick.com
Email: kbromberg@brownrudnick.com

*Counsel to Wilmington Trust Company, as Successor Indenture Trustee for the $1.2 Billion Exchangeable Subordinated Debentures Due 2029, Generally Referred to as the PHONES*