IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Hearing Date: July 1, 2010 at 10:00AM (ET)<br>Objection Deadline: June 29, 2010 at 4:00PM (ET)<br>Related Docket No: 4858 |

## REPLY OF THE DEBTORS AND DEBTORS IN POSSESSION IN SUPPORT OF MOTION OF COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ., FOR EXTENSION OF REPORT DEADLINE AND REQUEST THAT THE COURT ENTER THE AMENDED DEADLINE ORDER

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") hereby file this reply (the "Reply") in support of the Motion (the "Motion") of Court-Appointed Examiner, Kenneth N. Klee, Esq. (the "Examiner") for Extension of Report Deadline and request that the Court enter the proposed form of order attached hereto as Exhibit A (the "Amended Deadline Order") modifying certain deadlines in the Solicitation Order

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and Discovery Order (in each case, as defined herein). In support of this Reply, the Debtors respectfully state as follows:

1.  The Debtors support providing the Examiner sufficient time to complete his Report[2] and file this Reply solely to address an issue related to scheduling the modified voting deadline with respect to the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (the "Plan"). As described below, the Amended Deadline Order provides for an extension of the dates set forth in the Scheduling Orders[3] by an amount that is commensurate with the relief sought in the Motion with one exception—the voting deadline[4]. As detailed below, the Debtors are requesting that the extended voting deadline be scheduled for August 6, 2010, which is the business day immediately preceding the expiration of the Debtors' exclusive period. The Debtors have circulated the Amended Deadline Order among the major constituencies in these cases and believe that only the Credit Agreement Lenders have indicated a remaining objection to the voting deadline.

2.  Pursuant to the terms of the Examiner Order, the Examiner is required to file his Report on July 12, 2010 (the "Initial Report Deadline"), which deadline may be extended upon application to the Court. The Initial Report Deadline fit within the confirmation timeline envisioned by the Debtors and enabled the Examiner's investigative and reporting processes to run parallel with the solicitation of votes on the Plan. With the Initial Report Deadline in mind,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Plan, as applicable.

[3] The two orders that contain certain dates related to confirmation are (together, the "Scheduling Orders"): (A) Order (I) Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries; (III) Establishing Deadline for Return of Media Ownership Certifications; (IV) Scheduling Confirmation Hearing; (V) Establishing Notice and Objection Procedures in Respect of Confirmation of Amended Joint Plan of Reorganization; and (VI) Granting Related Relief (the "Solicitation Order"); and (B) Discovery and Scheduling Order for Plan Confirmation (the "Discovery Order").

[4] A related deadline, the deadline for the Voting Agent to file its tabulation of votes on the Plan, has been modified by the same number of days as the voting deadline.

the Debtors, in consultation with numerous parties in these cases—including the objecting parties—crafted a comprehensive schedule relating to confirmation of the Plan. This schedule, which is embodied in two orders of this Court, provides deadlines for solicitation, objections, and other Plan related pleadings and for scheduling of depositions, written discovery and expert witness disclosures. Pursuant to the Scheduling Orders, the Debtors contemplated that these deadlines would occur during the months of June and July (prior to the expiration of the Debtors' exclusive solicitation period) and would be followed by briefing in support of the Plan and, shortly thereafter, a confirmation hearing commencing on August 16, 2010. As was readily apparent and acknowledged in open court, this original schedule permitted the Debtors to complete a substantial portion of the confirmation process—importantly Plan solicitation—prior to the expiration of the Debtors' exclusivity.

3. As the Court is well-aware, the settlement embodied in the Plan is the result of months of negotiating effort among the Debtors and certain other key parties in interest in these chapter 11 cases. The Debtors believe that they should be afforded a full and fair opportunity to test the Plan among their voting constituents. In the Debtors' view, the timeline proposed in the Scheduling Orders provided parties more than sufficient time to review and examine the Plan and, as discussed below, review the Examiner's report, while permitting an exclusive time period for the Debtors to seek confirmation of the Plan as quickly as possible.

4. As noted in the Motion, during the several days preceding the filing of the Motion, the Examiner engaged the Debtors in discussions concerning an extension of the Initial Report Deadline. The Debtors are supportive of the relief requested in the Motion, but also believe it is critical to maintain a voting deadline that concludes prior to the expiration of their exclusivity. With this in mind, the Debtors prepared the Amended Deadline Order in a manner

that attempts to balance these potentially competing issues. In particular, the Amended Deadline Order proposes modifications to the dates related to Plan confirmation in order to permit parties to review the Report prior to voting on or objecting to the Plan. It also provides for an extension of certain confirmation-related discovery deadlines so that parties may modify their litigation preparation if necessary. In each case, these deadlines have been extended in an amount that is commensurate with the modified Report deadline (approximately two weeks) with the exception of the voting deadline.

5. On June 25, 2010, the Debtors circulated the Amended Deadline Order to all of the principal parties in interest in these cases and solicited feedback. In response, the Official Committee of Unsecured Creditors (the "UCC"), the Senior Loan Agent and Law Debenture asserted that they support the Debtors' proposed schedule, that parties will have more than ample opportunity to review the Examiner's Report under the proposed schedule and cast their ballots by August 6, 2010, and that a further delay will only result in confusion as voters may be faced with considering multiple plans of reorganization, without adequate information on the competing plans, prior to casting their ballot on the Plan. The Debtors also received three objections to the proposed schedule. First, counsel to the Bridge Loan Agent requested that all of the dates in the original schedule, in particular the voting deadline and the objection deadline (the latter was also initially proposed for August 6, 2010 together with the voting deadline), be delayed in a manner that is commensurate with the delay in filing the Report. The Debtors have informed the Bridge Loan Agent that they are amenable to extending further the Plan objection deadline from August 6, 2010 to August 13, 2010 (as reflected in the Amended Deadline Order) and understand from the Bridge Loan Agent that this modification resolves the Bridge Loan

4

Agent's objection.[5]  Second, counsel to Wilmington Trust Company objected to the date initially proposed for the Plan objection deadline and requested that it be scheduled for August 13, 2010. As noted, the Debtors have modified the Plan objection deadline, and the modified deadline of August 13, 2010 is reflected in the Amended Deadline Order.  Third, counsel for the Credit Agreement Lenders objected to the date proposed for the voting deadline and has asserted that it should instead be scheduled for August 13, 2010, purportedly to maintain a similar number of days between the filing of the Report and the voting deadline as provided in the original schedule.

6.  The Debtors concur with the sentiments expressed by the UCC, the Senior Loan Agent and Law Debenture.  The Debtors are not aware of any other objections to the Amended Deadline Order other than the Credit Agreement Lenders' objection to the voting deadline.  The Credit Agreement Lenders have stated previously that they intend to file a plan of reorganization upon expiration of the Debtors' exclusivity.  The Debtors believe that extending the voting deadline as requested by the Credit Agreement Lenders, while such parties or other parties file a competing plan of reorganization in the interim, will be confusing and disruptive to the Plan solicitation process and not in the best interests of the estates.  The Debtors should be permitted to complete the solicitation of votes on their Plan—which is the culmination of many months of negotiations by several parties in interest—uninterrupted by the disruption of a competing plan or plans of reorganization.  For these reasons, the Debtors believe that the Amended Deadline Order achieves an appropriate balancing of interests in these cases and respectfully request that the Court enter the Amended Deadline Order as proposed.

---

[5] The Bridge Loan Agent has informed the Debtors that its agreement to this resolution is without prejudice to the Bridge Loan Agent's rights that it previously had to raise scheduling matters in these cases.

WHEREFORE, the Debtors respectfully request that the Court enter an order in substantially in the form attached hereto as <u>Exhibit A</u> granting the relief requested herein and such other and further relief as is just and proper under the circumstances.

Dated: Wilmington, Delaware
June 29, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
Kevin T. Lantry
Jessica C.K. Boelter
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: <u>/s/ Norman L. Pernick</u>
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION