**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : Chapter 11 |
|---|---|
| In re: | : |
| | : Case No. 08-13141 (KJC) |
| TRIBUNE COMPANY, et al., | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : Re: Docket No. 4898 |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINDER OF CERTAIN SETTLEMENT SUPPORTERS TO REPLY OF THE DEBTORS AND DEBTORS IN POSSESSION IN SUPPORT OF MOTION OF COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ., FOR EXTENSION OF REPORT DEADLINE AND REQUEST THAT THE COURT ENTER THE AMENDED DEADLINE ORDER [DKT. NO. 4898]**

JPMorgan Chase Bank, N.A., Agent for the Debtors' prepetition senior lenders and a holder of senior loan claims, Angelo Gordon & Co LP, on behalf of certain funds and managed accounts holding senior loan claims, Law Debenture Trust Company of New York, solely in its capacity as successor indenture trustee for certain series of the Debtors' prepetition senior notes, Centerbridge Credit Advisors LLC, on behalf of certain funds and managed accounts holding senior notes claims, and the Official Committee of Unsecured Creditors (collectively, the "Settlement Supporters")[1] hereby submit this joinder to the reply of the Debtors to the motion of the Examiner for an extension of the Examiner's report deadline. The Settlement Supporters join the Debtors' request for entry of the proposed Amended Deadline Order attached as Exhibit A to the Debtors' Reply and respectfully state as follows:

---

[1] Numerous other Senior Lenders holding substantial claims have also expressed public support for the settlement underlying the Debtors' Plan and the Plan itself.

1.      The sole dispute among the Parties concerns the voting deadline. All of the other dates set forth in the Amended Deadline Order are agreed.

2.      With respect to the voting deadline, the Debtors and the Settlement Supporters believe the deadline should be extended from July 30, 2010 to August 6, 2010. The lone objector, the so-called Credit Agreement Lenders who oppose the Plan – believe the extension should be longer, to August 13, 2010.[2]

3.      The Credit Agreement Lenders have complained that an extension to August 6, 2010 is insufficient because voters would have "only" eleven days to review the Examiner's report before the voting deadline. The Settlement Supporters strongly disagree. Eleven days is more than enough time for all parties to review the Examiner's findings. There is simply no reason to extend the deadline for seven additional days to a date that would, by design, fall after the Credit Agreement Lenders and/or others file competing plans.

4.      In reality, the longer period demanded by the Credit Agreement Lenders has little to do with review time, and everything to do with expiration of the Debtors' exclusive period on August 8, 2010. The Credit Agreement Lenders have announced their intention to file a competing plan of reorganization immediately upon expiration of the Debtors' exclusive period. If the voting deadline is extended to August 13, 2010 as the Credit Agreement Lenders request, the voting deadline will not occur until after the

---

[2] The Debtors have indicated that through the meet and confer process, the Debtors have already agreed to the request of Wilmington Trust and the Bridge Loan Agent to extend the Plan objection deadline to August 13, 2010 and thus resolved their objections. The Settlement Supporters do not believe that extension is necessary but have endorsed the proposal so that the sole issue in dispute before the Court is the voting deadline.

expiration of the exclusivity period. Voters then will be reviewing not only the Examiner's Report, but at least one if not several additional plans as to which the Court has neither considered nor approved disclosure statements nor the solicitation of votes. The Credit Agreement Lenders were (understandably) careful during the meet and confer process not to identify this as a reason for opposing the proposed August 6 voting deadline, but under their proposal, voters potentially will be faced with having to consider the implications of a multiplicity of competing plans filed just a few days before the voting deadline – plans that this Court has not permitted to be distributed for voting.

5.  This outcome squarely defeats the purpose of voting *only* on the plan out for vote as to which the Court has approved the associated disclosure statement. It undermines the critical voting process in chapter 11 cases. Though creditor consideration of unsanctioned plans suits the objectives of the Credit Agreement Lenders, who wish to see the Debtors' Plan fail, the Credit Agreement Lenders' request is inconsistent with the orderly process the Court and the Parties have already put in place leading up to the Confirmation Hearing. Indeed, nothing could be better calculated to give voters insufficient time to make an informed decision than to have the voting deadline straddle by a couple of days the filing of several new plans – plans that will not be accompanied by any disclosure, much less "adequate information." Far from wanting to give voters time to adequately assimilate the examiners' report, the Credit Agreement Lenders want creditors to consider their competing plan prior to voting on the only Plan approved by this Court for a vote.

6.  The Credit Agreement Lenders' position is also inconsistent with this Court's instructions when appointing the Examiner. This Court previously stated that the Examiner's work would be a "parallel activity" and that the Debtors' confirmation schedule "is one that I would not intend to disturb for purposes of the examiner." Transcript of Hearing April 13, 2010 [Docket No. 4079] at 59. But extending the voting deadline until after the expiration of exclusivity would effect a major departure from the Debtors' confirmation schedule, which quite deliberately contemplated the solicitation of votes would be completed prior to the expiration of the Debtors' exclusive period.

7.  The schedule proposed by the Debtors permits, as it should, full and fair consideration of the Debtors' Plan in the context of the Examiner's report without the distraction or confusion of competing plans that will not be accompanied by adequate disclosure. The Examiner should be given the additional time necessary to complete his work in a manner and within the time that he deems necessary. However, there is no corresponding need for the vote on the Debtors' Plan to be disrupted (and for the Debtors' exclusivity to be effectively eviscerated) by the invitation for competing plans through an extension of the voting deadline beyond the date when the Debtors' exclusive period expires. Accordingly, the Debtors' proposed Amended Deadline Order should be adopted.

Dated: June 29, 2010
       Wilmington, Delaware

Respectfully submitted,

    */s/ Drew G. Sloan*
Mark D. Collins (Bar No. 2981)
Robert J. Stearn, Jr. (Bar No. 2915)
Drew G. Sloan (Bar No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone (302) 651-7700
Facsimile (302) 651 7701

-and-

Donald S. Bernstein
Damian S. Schaible
Elliot Moskowitz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4500

*Attorneys for JPMorgan Chase Bank, N.A.*

   */s/ Drew G. Sloan*
Mark D. Collins (Bar No. 2981)
Drew G. Sloan (Bar No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone (302) 651-7700
Facsimile (302) 651 7701

-and-

Andrew N. Goldman
WILMER CUTLER PICKERING HALE & DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800

*Attorneys for Angelo Gordon & Co LP*


   */s/ Garvan F. McDaniel*
Garvan F. McDaniel (Bar No. 4167)
BIFFERATO GENTILOTTI LLC
800 N. King Street, Plaza Level
Wilmington, Delaware 19801
(302) 429-1900
(302) 429-8600 (fax)
gmcdaniel@bglawde.com

-and-

David S. Rosner
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1726

*Attorneys for Law Debenture Trust Company of New York*

6

      */s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street
17th Floor
Wilmington, DE 19899-8705
(302) 652-4100 (Telephone)
(302) 652-4400 (Facsimile)
ljones@pszjlaw.com

-and-

Daniel H. Golden
Philip C. Dublin
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
dgolden@akingump.com
pdublin@akingump.com

*Attorneys for Centerbridge Credit Advisors LLC*

      */s/ Adam G. Landis*
Adam G. Landis (No. 3407)
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
Matthew B. McGuire (No. 4366)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and-

Howard Seife
David M. LeMay
Douglas E. Deutsch
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Attorneys for the Official Committee of Unsecured Creditors*