IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | : Case No. 08-13141 (KJC) |
| Debtors. | : (Jointly Administered) |

## REVISED NOTICE OF DEPOSITION OF CORPORATE REPRESENTATIVE(S) OF THE CHANDLER TRUSTS

**PLEASE TAKE NOTICE** that, pursuant to Rules 9014 and 7030 of the Federal Rules of Bankruptcy Procedure and Rule 30(b)(6) of the Federal Rules of Civil Procedure, Wells Fargo Bank, N.A. (the "Administrative Agent"), by its undersigned counsel, will take the deposition of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Chandler Trust No. 1 and Chandler Trust No. 2 (collectively, the "Chandler Trusts") by its designated representative(s), upon oral examination to be recorded by stenographic and videographic means before a notary public or other officer duly authorized to administer oaths. The deposition shall take place on July 27, 2010 at 10:00 a.m. at the offices of Gibson, Dunn & Crutcher LLP, 2029 Century Park East, Los Angeles, California 90067 and shall continue from day to day until completed.

The Chandler Trusts shall designate one or more persons to testify on the Chandler Trusts' behalf in accordance with this notice with respect to the areas of inquiry specified below. The Administrative Agent reserves the right to amend this Notice.

## DEFINITIONS

A.    "Communication" means the transmittal of information or attempted transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether orally, in writing, or by any other means or medium.

B.    "Concerning" means relating to, referring to, describing, reflecting, evidencing or constituting.

C.    "Document" shall be defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

D.    "Goldman Sachs" means Goldman Sachs and any of its corporate parents, partners, members, divisions, subsidiaries, officers, directors, representatives, trustees, agents, employees, affiliates, predecessors and successors.

E.  "Including" means "including, without limitation" or "including but not limited to."

F.  "Leveraged ESOP Transactions" means the series of transactions culminating in the merger on December 20, 2007 in which Tribune Co. became a wholly-owned subsidiary of the Tribune Employee Stock Option Plan.

G.  "LBO-Related Causes of Action" means any and all claims, causes of action, avoidance powers or rights, and legal or equitable remedies against any Person arising from any transaction related to the leveraged buy-out of Tribune that occurred in 2007, including, without limitation, the purchase by Tribune of its common stock on or about June 4, 2007, the merger and related transactions involving Tribune on or about December 20, 2007, and any financing committed to, incurred or repaid in connection with any such transaction, regardless of whether such claims, causes of action, avoidance powers or rights, or legal or equitable remedies may be asserted pursuant to the Bankruptcy Code or any other applicable law.

H.  "Merger Agreement" means the Agreement and Plan of Merger made as of April 1, 2007 among Tribune Co., GreatBanc Trust Company, the Zell Entity, and Tesop Corporation.

I.  "Person" or "Persons" means natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

J.  "Petition Date" means December 8, 2008.

K.  "Registration Rights Agreement" means the registration rights agreement among Tribune Co. and the Chandler Trusts dated April 1, 2007.

L.  "Relate" and its variants encompass the terms "refer," "reflect," and "concern" and shall be construed to bring within the scope of the Request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction

with, or were generated as a result of the subject matter of the Request, including but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review, report, or otherwise evidence the existence of the subject matter of the Request.

M.    "Rustic Canyon" means Rustic Canyon Partners and any of its corporate parents, partners, members, divisions, subsidiaries, officers, directors, representatives, trustees, agents, employees, affiliates, predecessors and successors.

N.    "Special Committee" means the special committee of the board of Tribune Co. that approved the Leveraged ESOP Transactions.

O.    "Tribune" refers collectively to Tribune Co. and its subsidiaries.

P.    "Underwriting Agreement" means the underwriting agreement among Goldman, Sachs & Co., Tribune Co. and certain stockholders of Tribune Co. enumerated on Exhibit A thereto (commonly known as Chandler Trusts).

Q.    "Valuation" means the actual, perceived, estimated or appraised worth of any entity, asset or property whatsoever, and includes without limitation enterprise value, going concern value, equity value, actual cash value, book value, intrinsic value, liquidation value, and market value.

R.    "Voting Agreement" means the voting agreement among Tribune Co. and the Chandler Trusts dated April 1, 2007.

S.    "Zell Entity" means EGI-TRB, L.L.C.

T.    "Zell Entity Purchase Agreement" means the Securities Purchase Agreement made as of April 1, 2007 among Tribune Co., the Zell Entity, and Samuel Zell.

U.    Reference to a corporation, partnership, limited partnership, limited liability company, unincorporated association, joint venture, government entity, or other fictitious person

NEWYORK 7689058 (2K)
WM1A 957246v1 06/29/10

shall be deemed to include each and all of its present or former subsidiaries, affiliates, predecessors and successors, and, with respect to each of the aforesaid entities, its present or former officers, directors, shareholders, employees, partners, members, general partners, and/or limited partners.

## DEPOSITION TOPICS

1. The Leveraged ESOP Transactions, Merger Agreement and Zell Entity Purchase Agreement, including but not limited to the Chandler Trusts' role in the negotiation or approval of the Leveraged ESOP Transactions, Merger Agreement and Zell Entity Purchase Agreement.

2. The analysis, review or consideration of the Leveraged ESOP Transactions, Merger Agreement, or Zell Entity Purchase Agreement, including any analysis, review or consideration by Rustic Canyon or Goldman Sachs.

3. Communications with Rustic Canyon and/or Goldman Sachs regarding the Leveraged ESOP Transactions, Merger Agreement, or Zell Entity Purchase Agreement.

4. The Voting Agreement, Underwriting Agreement, and Registration Rights Agreement and negotiations related thereto.

5. Any recapitalization transactions to the Leveraged ESOP Transactions proposed by the Chandler Trusts to Tribune prior to the approval and adoption of the Leveraged ESOP Transactions and Merger Agreement.

6. Any proposals by the Chandler Trusts to purchase Tribune or any portion of Tribune, including but not limited to Tribune's publishing business.

7. The valuation of Tribune and its subsidiaries for the period January 1, 2007 through the Petition Date, including but not limited to any analyses performed with respect to whether Tribune's financial projections were reasonable.

8. The Chandler Trusts' decision to vote all of its shares of Tribune common stock in favor of the approval and adoption of the Leveraged ESOP Transactions and Merger Agreement.

9. The communications regarding and the basis for the Chandler Trusts' representatives on Tribune's Board of Directors abstaining from voting on the Leveraged ESOP Transactions at the April 1, 2007 Board meeting.

10. Any analyses performed by the Chandler Trusts or its advisors regarding the financial impact of the Leveraged ESOP Transactions, Merger Agreement or Zell Entity Purchase Agreement on Tribune and its creditors, including any communications between or among the Chandler Trusts, Tribune, Mr. Zell, the Zell Entity, Rustic Canyon or Goldman Sachs related to such financial analysis.

11. Communications between or among the Chandler Trusts and Tribune, Sam Zell, the Zell Entity or Goldman Sachs regarding (i) the Leveraged ESOP Transactions; (ii) the LBO-Related Causes of Action; (iii) the Voting Agreement; (iv) the Zell Entity Purchase Agreement; (v) the Merger Agreement; and (vi) the Underwriting Agreement.

12. The amount of funds, compensation and/or payments received by the Chandler Trusts or any representative(s) of the Chandler Trusts in connection with the tender offer commenced by Tribune on April 25, 2007, the Underwriting Agreement and/or any other agreement or event related to the Leveraged ESOP Transactions, Merger Agreement and Zell Entity Purchase Agreement, including all communications with Rustic Canyon and Goldman Sachs and all negotiations thereto.

13. All communications between or among the Chandler Trusts and the Robert R. McCormick Foundation or the Cantigny Foundation regarding (i) the Leveraged ESOP

Transactions; (ii) the LBO-Related Causes of Action; (iii) the Merger Agreement; (iv) the Zell Entity Purchase Agreement; and (v) any recapitalization transaction regarding Tribune.

14. The Chandler Trusts' production of documents in response to discovery requests propounded by the Administrative Agent and any matter relating to such documents.

Dated: June 29, 2010
       Wilmington, Delaware

                              **FOX ROTHSCHILD LLP**

                              */s/ Jeffrey M. Schlerf*

                              Jeffrey M. Schlerf (No. 3047)
                              John H. Strock (No. 4965)
                              Citizens Bank Center
                              919 North Market Street, Suite 1600
                              Wilmington, Delaware 19801
                              (302) 654-7444

                                    -and-

                              Thomas E Lauria (admitted *pro hac vice*)
                              **WHITE & CASE LLP**
                              200 South Biscayne Boulevard, Suite 4900
                              Miami, Florida 33131
                              (305) 371-2700

                                    -and-

                              David G. Hille (admitted *pro hac vice*)
                              Scott Greissman (admitted *pro hac vice*)
                              Andrew W. Hammond (admitted *pro hac vice*)
                              **WHITE & CASE LLP**
                              1155 Avenue of the Americas
                              New York, NY 10036
                              (212) 819-8200

                              Attorneys for Wells Fargo Bank, N.A.
                              as Administrative Agent under the
                              Bridge Credit Agreement