UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| TRIBUNE COMPANY, et al.,[1] | ) Case No. 08-13141 (KJC) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Objection Deadline: July 20, 2010 @ 4:00pm |
|  | ) Hearing Date: N/A |

### SIXTEENTH MONTHLY APPLICATION OF MOELIS & COMPANY LLC FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS INCURRED FOR THE PERIOD APRIL 1, 2010 THROUGH APRIL 30, 2010

Pursuant to section 328 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (55 f 0); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc, (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc, (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc, (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPLX, Inc. (0191); and WTXX Inc, (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Reimbursement of Expenses of Professionals and Official Committee Members [Docket No. 225], Moelis & Company LLC ("Moelis"), investment banker to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above referenced cases, hereby submits its sixteenth monthly application (the "Application") for the allowance of compensation for professional services performed by Moelis for the period commencing April 1, 2010 through and including April 30, 2010 (the "Compensation Period"), and reimbursement of its actual and necessary expenses incurred during the Compensation Period and prior expenses not previously requested for reimbursement. In support of this Application, Moelis respectfully represents as follows:

## BACKGROUND

1. On December 8, 2008, (the "Petition Date"), the Debtors commenced these bankruptcy cases by each filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. On December 18, 2008, the Office of the United States Trustee for the District of Delaware (the "UST") appointed the Committee. In addition, on December 18, 2008, the Committee met with and selected Chadbourne & Park LLP ("Chadbourne") as its counsel and Landis Rath & Cobb LLP ("LRC") as its co-counsel.

4. On January 6, 2009, the Committee selected Moelis as its investment banker.

5. On March 13, 2009, this Court entered an order authorizing the employment and retention of Moelis as investment banker to the Committee *nunc pro tunc* to January 6, 2009.

6. On March 19, 2009, this Court appointed Stuart Maue as the Fee Examiner in these cases *nunc pro tunc* to February 20, 2009.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (M).

8. The statutory bases for relief requested herein are Bankruptcy Code Sections 105(a), 328, 330 and 331.

## TERMS AND CONDITIONS OF COMPENSATION OF MOELIS

9. The terms and conditions of Moelis' engagement in these cases, which are embodied in the Retention Order (the "Retention Order"), included in Exhibit "C", and approved by the Court, are based upon Moelis & Company's Engagement Letter with the Committee of January 6, 2009 (the "Engagement Letter"), included in Exhibit "D". Pursuant to the Engagement Letter, the Committee agreed to compensate Moelis monthly fees of $200,000 per month for the duration of the assignment.

10. In addition, the Engagement Letter entitled Moelis to receive reimbursement of all reasonable out-of-pocket expenses in connection with performing services pursuant to the Engagement Letter. Expenses incurred by Moelis for the Compensation Period and prior expenses not previously requested for reimbursement totaled $4,722.38

11. All fees and expenses for which compensation is requested by Moelis in this Application were reasonable and necessary and were performed for and on the behalf of the Committee during the application period.

## CASE STATUS

12. To the best of Moelis' knowledge, the Debtors' monthly operating reports contain up-to-date information regarding the amount of cash on hand or on deposit in the Debtors' estates, the Debtors' operating profits or losses, and the amount of unencumbered funds in the Debtors' estates.

13. To the best of Moelis' knowledge, the Debtors have paid to the United States Trustee their initial quarterly fees and have filed their initial monthly operating report

## SUMMARY OF SERVICES RENDERED DURING THE COMPENSATION PERIOD

14. Moelis summarized the tasks that it performed during the Compensation Period. The summary is not intended to be a detailed description of the work performed, as those day-to-day services and the approximate time expended in performing such services is attached hereto as Exhibit "A". Rather, the summary is merely a guideline offered to the Court and other interested parties with respect to the services performed by Moelis during the Compensation Period.

15. During the Compensation Period, the vast majority of Moelis' work on behalf of the Committee involved tasks which included:

    (a) **Review of Disclosure Statement and Plan of Reorganization.** Moelis has spent significant time reviewing the disclosure statement and plan of reorganization for the cases which were filed on the docket on April 12th. Moelis reviewed drafts prior to the filed version as well as the version submitted to the courts. Primarily focusing on the relevant financial / business matters,

Moelis spent a majority of its time reviewing the valuation, recovery and value allocation portions of the documents.

(b) **Review of Examiner appointment and process.** Moelis assisted the Committee and its professionals by participating in discussions regarding potential candidates and their qualifications. Moelis also reviewed the Examiner process / procedures and is working with the Committee professionals to assist the Examiner in its review.

(c) **Analysis of potential cable investments.** Moelis continued to discuss with professionals at the Company and its advisors a potential investment in the launch of a new cable network. Discussion topics included the retention of Lazard as financial advisor to the Debtor regarding the transaction, timing, potential amount of investment required, rationale and current views of the Company and its advisors.

(d) **Participating in meetings with the Committee and Professionals.** Moelis provided updates and reports on the status of its engagement on a regular basis as Committee meetings were scheduled. Additionally, Moelis was responsive to and conducted analysis based on the requests of the Committee. Moelis has been available and participated in each meeting with the Committee, as scheduled. Moelis has also held regular meetings with other Professionals to ensure workflows remain on track.

(e) **Working closely with other Committee professionals.** Moelis, AlixPartners, LLP ("Alix"), Chadbourne & Parke LLP ("Chadbourne"), Landis Rath & Cobb LLP ("LRC"), and Zuckerman Spaeder LLP ("Zuckerman") (together, the "Professionals") have worked closely analyzing pertinent issues of the Committee. To that end, the Professionals have held meetings on a frequent and regular basis to discuss issues facing the Committee that require the experience that each of the Professionals provide. This includes providing feedback to other professionals regarding their presentations to the UCC

16. Pursuant to the Retention Order, Moelis is excused from complying with the information requirements contained in Local Rule 2016-2(d), however a summary of the time expended by Moelis professionals during the Compensation Period is attached hereto as Exhibit "A". During the Compensation Period, Moelis rendered services on behalf of the Debtors totaling 206.0 hours.

## SUMMARY OF DISBURSEMENTS
## DURING THE COMPENSATION PERIOD

17. Moelis incurred reasonable and necessary out-of-pocket expenses during the Compensation Period and prior expenses not previously requested for reimbursement in the sum of $4,722.38. A summary of the total expenses incurred is attached as Exhibit "B".

18. The expenses incurred by Moelis include overnight delivery, travel expenses, local messenger service, meals, facsimiles, postage, duplicating and presentations charges, all of which Moelis normally bills to its non-bankruptcy clients at rates calculated to compensate Moelis for only the actual cost of the expense.

19. Moelis has made every effort to minimize its disbursements in these cases. The expenses incurred in the rendition of professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Committee.

20. Moelis believes that the Debtors have sufficient resources to pay the fees and expenses requested herein.

21. Moelis believes that this Sixteenth Monthly Application, together with the attachments hereto, substantially complies in all material respects with the Guidelines. To the extent this Sixteenth Monthly Application does not comply in every respect with the requirements of the Guidelines, Moelis respectfully requests a waiver for any such technical non-compliance.

22. Moelis has reviewed the requirements of Local Bankruptcy Rule 2016-2 and believes that this Sixteenth Monthly Application complies with the requirements of the same.

## COMPENSATION REQUESTED

23. WHEREFORE, Moelis respectfully requests that an allowance be made to Moelis for the 100% of the pro-rata fees of $200,000.00 and 100% of expenses of $4,722.38

incurred during the Compensation Period. Pursuant to the Administrative Order, Moelis respectfully requests payment for the sum of $160,000.00, representing 80% of pro-rata fees incurred during the Compensation Period, plus $4,722.38, representing 100% of expenses incurred during the Compensation Period and prior expenses not previously requested for reimbursement, for a total outstanding amount of $164,722.38 and that it be granted such other and further relief as the Court may deem just and proper.

## NOTICE AND NO PRIOR APPLICATION

24. No trustee has been appointed in these Chapter 11 cases. Notice of this Application has been given to: (a) Chadbourne; (b) LRC; (c) Sidley Austin LLP; counsel to debtors, Cole, Schotz, Meisel, Forman & Leonard P.A., co-counsel to debtors; (d) the UST; (e) Steven C. Schwendemann c/o Stuart Maue, fee examiner; (f) Co-counsel to Barclays Bank PLC; (g) Co-counsel to the Administrative Agent for the Prepetition Lenders; and (h) all parties required to be given notice in the Administrative Order. In light of the nature of the relief requested herein, Moelis submits that no further or other notice is required.

25. No previous application for the relief sought herein has been made to this or any other Court.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Dated: June 30, 2010
New York, New York

                              MOELIS & COMPANY LLC

                              By: _____
                              Name: Thane Carlston
                              Title: Managing Director
                              399 Park Avenue, 5th Floor
                              New York, New York 10022
                              (212) 883-3832

                              Investment Banker to the Official Committee of
                              Unsecured Creditors of Tribune Company, et al.