IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Re: Docket Nos. 144, 317, 1938, 2103, 2333<br>2404, 2728, 3064 |

## SEVENTH SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE OF RICHARD A. CHESLEY ON BEHALF OF PAUL, HASTINGS, JANOFSKY & WALKER LLP

STATE OF ILLINOIS    )
                     ) ss:
COUNTY OF COOK       )

I, Richard A. Chesley, being duly sworn, hereby depose and state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

LEGAL_US_E # 87820956.5

1. I am an attorney at law admitted and in good standing to practice in the States of Illinois and Ohio and before the United States Supreme Court, the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits, and the United States District Courts for the Northern District of Illinois and the Southern and Northern Districts of Ohio.

2. I am a member of the law firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings" or the "Firm"), located at 191 North Wacker Drive, 30th Floor, Chicago, Illinois 60606, and am duly authorized to make this declaration on behalf of Paul Hastings.

3. On December 8, 2008 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). On December 26, 2008, the Debtors filed their application [Dkt. No. 144] (the "Application") for an order authorizing the employment of Paul Hastings as special counsel for general real estate and related matters in the Debtors' jointly-administered chapter 11 cases (the "Bankruptcy Cases"). In support of the Application, the Debtors filed an affidavit executed by Richard A. Chesley on behalf of Paul Hastings in accordance with, *inter alia*, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. In connection with certain discussions Paul Hastings had with the Office of the United States Trustee for the District of Delaware (the "US Trustee"), Paul Hastings agreed, without changing the limited scope of its retention as set forth in the Application, to be retained in the Debtors' cases pursuant to section 327(a) instead of section 327(e) of the Bankruptcy Code.

LEGAL_US_E # 87820956.5

5. Pursuant to Bankruptcy Rules 2014(a) and 2016(b) and in connection with Paul Hastings' routine practices Paul Hastings conducted supplemental conflicts checks with respect to interested or potentially interested parties. In connection with Paul Hastings' agreement to be retained pursuant to section 327(a) and its supplemental conflict check, I submitted a supplemental affidavits on February 2, 2009 [Dkt. No. 317], August 11, 2009 [Dkt. No. 1938], September 10, 2009 [Dkt. No. 2103], October 22, 2009 [Dkt. No. 2404], and December 3, 2009 [Dkt. No. 2728] and January 13, 2010 [Dkt. No. 3064] with respect to certain interested or potentially interested parties. I now submit this additional supplemental declaration with respect to a certain additional interested or potentially interested party.

6. On or about April 1, 2010, Paul Hastings was approached by Angelo, Gordon & Co. ("Angelo Gordon"), a distressed debt investor with significant claims in these Bankruptcy Cases, in connection with pressing settlement negotiations with respect to the settlement of certain litigation issues in connection with a global settlement related to the Debtors' plan of reorganization. Given (i) the urgency of the situation and the need for work to commence immediately and (ii) that the work to be completed for Angelo Gordon had no relation to the general real estate matters for which Paul Hastings was specifically employed in these Bankruptcy Cases, Paul Hastings agreed to immediately commence work for Angelo Gordon while it sought a conflict waiver from the Debtors. On or about, April 13, 2010, Paul Hastings was informed that the Debtors would not grant Paul Hastings a conflict waiver in this particular circumstance. Accordingly, Paul Hastings immediately (i) informed Angelo Gordon that Paul Hastings would need to immediately cease performing services for Angelo Gordon and (ii) began transitioning such matters to alternative counsel for Angelo Gordon.

LEGAL_US_E # 87820956.5

7. After reviewing the results of the original conflict check and the supplemental conflict checks completed by Paul Hastings, to the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Paul Hastings nor any Partners or associate thereof holds or represents an interest adverse to the Debtors or their respective estates, and Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that: (a) Paul Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth in my original declaration and as set forth herein; (b) Paul Hastings is not a creditor, equity security holder or insider of the Debtors; (c) Paul Hastings is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Paul Hastings neither holds nor represents an interest materially adverse to the Debtors, their respective estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in Debtors, or for any other reason. Accordingly, I believe that Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

Executed on June 28, 2010

Respectfully submitted,

_____
Richard A. Chesley (Ill. Bar No. 6240877)

LEGAL_US_E # 87820956.5