# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: August 19, 2010 at 4:00 p.m. EDT<br>Objection Deadline: July 26, 2010 at 4:00 p.m. EDT |

## MOTION OF DEBTOR GREENCO, INC. FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 363 AND FED. R. BANKR. P. 9019(a) APPROVING SETTLEMENT STIPULATION BY AND BETWEEN GREENCO, INC. AND MEDIANEWS GROUP, INC.

GreenCo, Inc., one of the debtors and debtors in possession in the above-captioned chapter 11 cases ("GreenCo" and, collectively with its affiliates who have commenced these chapter 11 cases, the "Debtors"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for entry of an order pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 9019 approving

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

GreenCo's entry into a settlement stipulation between GreenCo and MediaNews Group, Inc., formerly known as Affiliated Media, Inc. ("MediaNews").[2] In support of this Motion, GreenCo respectfully states:

## STATUS OF THE CASE AND JURISDICTION

1. On December 8, 2008 (the "Petition Date"), each of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only. An additional Debtor, Chicago National League Ball Club, LLC, voluntarily commenced a chapter 11 case on October 12, 2009, and that case was procedurally consolidated with the other Debtors' chapter 11 cases by an order of the Bankruptcy Court entered October 14, 2009.

2. The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee.

3. On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases (the "Committee").

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

---

[2] The Debtors have been advised by counsel to MediaNews that MediaNews changed its name from Affiliated Media, Inc. effective March 19, 2010. For clarity, the Debtors refer to the company as MediaNews throughout this Motion.

herein are section 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND OF THE MOTION

5.  On January 30, 1998, GreenCo and Garden State Newspapers, Inc., a predecessor-in-interest to MediaNews, entered into that certain Option Purchase Agreement (the "Option Agreement"), which, among other terms, granted GreenCo an irrevocable option to purchase all of the assets and business operations of the L.A. Daily News, and certain other assets and/or businesses described in the Option Agreement (the "Option"), on the terms and conditions set forth in the Option Agreement, in consideration of a payment by GreenCo to MediaNews at the closing of the Option Agreement of $2,400,000.

6.  Under the Option Agreement, GreenCo had the right to exercise the Option upon not less than 60 days' notice and not more than 90 days' notice at any time from January 30, 2003 until January 30, 2010, whereupon the Option expired. Pursuant to the Option Agreement, if GreenCo were to fail to exercise the Option before it expired, the Option Cancellation Amount would be due, as defined by and calculated in accordance with the Option Agreement (the "Option Cancellation Amount"), to GreenCo. Specifically, the Option Agreement provides that the Option Cancellation Amount is equal to the sum of $8,400,000 and an additional amount derived from, among other things, the EBITDA of the L.A. Daily News over a particular time period.

7.  Prior to November 30, 2009 (i.e., approximately 60 days prior to the expiration of the Option), GreenCo advised MediaNews that it did not intend to exercise the Option. Consistent with that position, GreenCo did not, in fact, exercise the Option prior to its expiration on January 30, 2010. GreenCo initially made a demand upon MediaNews at the time it advised MediaNews that it did not intend to exercise the Option for payment of the Option

Cancellation Amount, which GreenCo asserted was in an amount not less than $8,400,000. MediaNews responded to GreenCo's demand by disputing the amount claimed by GreenCo, and asserting that GreenCo was liable to MediaNews under the Option Agreement to pay the Option Cancelation Amount in an amount not less than $55,600,000, which amount MediaNews demanded. Through subsequent correspondence, GreenCo disputed MediaNews's claim, reiterated its own claim, and sought further information from MediaNews necessary to calculate the final Option Cancellation Amount, while MediaNews continued to dispute GreenCo's claim and to assert its own claim.

8. On January 22, 2010, MediaNews filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, and sought confirmation of a prepackaged plan of reorganization. GreenCo objected to confirmation of MediaNews's prepackaged plan for the limited purpose of ensuring that its claim against MediaNews for the Option Cancellation Amount was preserved unaffected by MediaNews's plan, which MediaNews confirmed on the record at the confirmation hearing on its plan. (*See* Response and Limited Objection of Greenco, Inc. to Affiliated Media, Inc.'s Plan Confirmation and Reservation of Rights to Prosecute Option Purchase Agreement Claim, Docket No. 110, Case No. 10-10202.) MediaNews's chapter 11 plan of reorganization became effective on March 19, 2010.

9. On March 1, 2010, MediaNews filed a proof of claim in GreenCo's chapter 11 case for amounts it alleged were owed to it under the Option Agreement in the face amount of $55,780,199 (the "<u>Proof of Claim</u>"), which Proof of Claim was assigned number 6394 by the Debtors' claims agent. GreenCo disputes the Proof of Claim on numerous grounds,

4

including timeliness and the bases asserted by MediaNews for the amounts sought in the Proof of Claim.

10. In recent months, notwithstanding the claims and defenses asserted by each party, in an effort to avoid arbitration, counsel for MediaNews and GreenCo have discussed a potential resolution of the parties' claims under the Option Agreement. As a result of these discussions, the parties have entered into a stipulation (the "Settlement Stipulation") to resolve all of their potential claims and causes of action against each other relating to the Option Agreement. The Settlement Stipulation is attached to the Motion as Exhibit A.

## RELIEF REQUESTED

11. By this Motion, GreenCo respectfully requests the Bankruptcy Court enter an order, in the form submitted herewith, approving the Settlement Stipulation in all respects and authorizing GreenCo to carry out the terms of the Settlement Stipulation and take all other actions necessary or desirable to implement its provisions.

12. The following is a summary of the material terms of the Settlement Stipulation:

- Settlement Amount. In consideration of the settlement and releases contained in the Settlement Stipulation, within five (5) business days following receipt by MediaNews of written notice from GreenCo of the approval of the Settlement Stipulation by the Bankruptcy Court, MediaNews shall pay GreenCo $500,000 (the "Settlement Amount").

- Withdrawal of Proof of Claim. The Settlement Stipulation shall become effective upon approval by the Bankruptcy Court as requested in this Motion. Upon such approval, the Proof of Claim and any objections or other pleadings or notices filed with respect to the Proof of Claim shall be deemed withdrawn with prejudice, without the need for further action by any of the parties, and the Debtors' claims agent shall modify the Debtors' claims register to reflect withdrawal of the Proof of Claim without any further action by the parties.

- Termination of Option Agreement. MediaNews and GreenCo agree that the Option Agreement is terminated, with no further force and effect.

- <u>GreenCo Release of Claims</u>.  GreenCo, for and on behalf of itself and its respective predecessors, parents, partners, principals, members, affiliates, subsidiaries, officers, directors, managers, executives, owners, employees, agents, heirs, purchasers, successors and assigns, hereby releases and discharges MediaNews and its respective predecessors, parents, partners, principals, members, affiliates, subsidiaries, officers, directors, managers, executives, owners, stockholders, employees, agents, attorneys, heirs, purchasers, successors and assigns from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, specialties, liens, covenants, contracts, controversies, agreements, promises, damages, judgments, extents, executions, claims, attorneys' fees, liabilities, rights of action and any other claims for relief or remuneration whatsoever, whether known or unknown, mature or contingent, which such releasing persons or entities ever had, now has or have or hereafter can, shall or may have, arising out of or relating to the Option Agreement, including without limitation in respect of payment of the Option Cancellation Amount.

- <u>MediaNews Release of Claims</u>.  MediaNews, for and on behalf of itself and its respective predecessors, parents, partners, principals, members, affiliates, subsidiaries, officers, directors, managers, executives, owners, employees, agents, heirs, purchasers, successors and assigns hereby releases and discharges GreenCo and its respective predecessors, parents, partners, principals, members, affiliates, subsidiaries, officers, directors, managers, executives, owners, stockholders, employees, agents, attorneys, heirs, purchasers, successors and assigns from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, specialties, liens, covenants, contracts, controversies, agreements, promises, damages, judgments, extents, executions, claims, attorneys' fees, liabilities, rights of action and any other claims for relief or remuneration whatsoever, whether known or unknown, mature or contingent, which such releasing persons or entities ever had, now has or have or hereafter can, shall or may have, arising out of or relating to the Option Agreement, including without limitation in respect of payment of the Option Cancellation Amount.

## **BASIS FOR RELIEF REQUESTED**

13.     Section 363 of the Bankruptcy Code requires a hearing and court approval of a settlement between a debtor and an adverse party, and Federal Rule of Bankruptcy Procedure 9019 establishes the procedure by which a debtor may secure such approval. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 n.2 (3d Cir. 1996). Federal Rule of Bankruptcy Procedure 9019 provides, in relevant part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

14. In determining whether to approve a settlement pursuant to section 363 of the Bankruptcy Code and Rule 9019, a bankruptcy court is required to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. The bankruptcy court will consider four criteria in applying this balancing test: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986)); *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (relying on the same four factors to determine the fairness, reasonableness, and adequacy of a settlement). "The court must also consider 'all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.'" *Marvel*, 222 B.R. at 249 (citing *TMT Trailer*, 390 U.S. at 424). The ultimate inquiry is whether, in the court's discretion, the compromise embodied in the settlement "is fair, reasonable, and in the best interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

15. In this case, the value to the Debtors' estates from the acceptance of the Settlement Stipulation outweighs the value of the claim GreenCo will compromise under the Settlement Stipulation. GreenCo believes the settlement is justified for a number of reasons. First, GreenCo's probability of success in arbitration with MediaNews is uncertain. While

GreenCo is confident that its position would be sustained in any arbitration or litigation respecting the Option Agreement, GreenCo recognizes that proceeding to arbitration (as called for by the Option Agreement) or to litigation before this Court carries risks that GreenCo might obtain an unfavorable result. In contrast, the compromise embodied in the Settlement Stipulation represents, in GreenCo's view, a favorable resolution of the parties' mutual claims that eliminates any such risks and secures a near-term cash benefit for GreenCo's estate.

16.    Second, the complexity, expense, and inconvenience of arbitration and/or litigation also counsel in favor of settlement. Any such proceedings would inevitably entail substantial professional costs to GreenCo's estate, as well as requiring a significant commitment of time and resources on the part of the Debtors' management, at a time when the Debtors' management is focused principally on the considerable day-to-day demands of operating the Debtors' businesses and on securing confirmation of the Debtors' chapter 11 plan and emergence from these chapter 11 cases. The compromise contained in the Settlement Stipulation eliminates the disputes between MediaNews and GreenCo and enhances the ability of the Debtors' management and professionals to focus on operation of the Debtors' business and on the broader tasks at issue in these cases.

17.    The Settlement Stipulation is the product of arm's-length negotiations between the parties that took place over several months, involved numerous exchanges between and among the parties' management and counsel, and during which each party put forth facts and assertions in support of its position which were contrary to the other party's position. The end result of the negotiations is a compromise that GreenCo believes, in its business judgment, is fair and reasonable and should be approved by the Court.

## NO PRIOR REQUEST

18.     No previous request for the relief requested in this Motion has been made in this or any court.

## NOTICE

19.     Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent for the post-petition lenders; (iv) counsel to the administrative agents for Tribune Company's prepetition lenders; (v) counsel to MediaNews; and (vi) all parties entitled to receive notice in these Chapter 11 Cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, GreenCo submits no further notice need be given.

WHEREFORE, GreenCo respectfully requests that the Bankruptcy Court enter an order, in the form submitted herewith, approving the Settlement Stipulation and granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
      July 2, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
Bryan Krakauer
Kenneth P. Kansa
Alison L. Triggs
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION