EXHIBIT A

**(Settlement Stipulation)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## STIPULATION BETWEEN MEDIANEWS GROUP, INC. AND GREENCO, INC.

This stipulation is entered into by and between MediaNews Group, Inc., formerly known as Affiliated Media, Inc. ("MediaNews") and GreenCo, Inc. ("GreenCo") (the "Parties"), by their respective counsel.

## RECITALS

A. On January 30, 1998, GreenCo and Garden State Newspapers, Inc., a predecessor-in-interest to MediaNews, entered into that certain Option Purchase Agreement (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237), Chicagoland Television News, Inc. (1352), Courant Specialty Products, Inc. (9221), Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880), The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534), Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629), Tribune CNLBC, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530), WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

"Option Agreement"), which, among other terms, granted GreenCo an irrevocable option to purchase the assets and business operations of the L.A. Daily News and certain other assets and/or businesses described in the Option Agreement (the "Option") on the terms and conditions set forth in the Option Agreement in consideration of a payment by GreenCo to MediaNews at the closing of the Option Agreement of $2,400,000.

B.   Under the Option Agreement, GreenCo had the right to exercise the Option upon not less than 60 days' notice and not more than 90 days' notice at any time from January 30, 2003 until January 30, 2010, whereupon the Option expired. Pursuant to the Option Agreement, if GreenCo were to fail to exercise the Option before it expired, the Option Cancellation Amount would be due, as defined by and calculated in accordance with the Option Agreement (the "Option Cancellation Amount"), to GreenCo.

C.   On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its affiliates, including GreenCo (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

D.   Prior to November 30, 2009 (i.e., approximately 60 days prior to the expiration of the Option), GreenCo advised MediaNews that it did not intend to exercise the Option and made a demand upon MediaNews for payment of the Option Cancellation Amount, which GreenCo asserted was in an amount not less than $8,400,000. MediaNews disputed this demand and asserted that GreenCo was liable to MediaNews under the Option Agreement to pay the Option Cancellation Amount in an amount not less than $55,600,000, which amount MediaNews demanded and which demand GreenCo subsequently disputed.

2

E.    GreenCo did not exercise the Option prior to its expiration on January 30, 2010.

F.    On January 22, 2010, MediaNews (then known as Affiliated Media, Inc.) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The plan of reorganization in MediaNews's chapter 11 case did not impair or otherwise affect GreenCo's and MediaNews's claims against each other or GreenCo's and MediaNews's defenses thereto. MediaNews's chapter 11 plan of reorganization became effective on March 19, 2010.

G.    On March 1, 2010, MediaNews filed a proof of claim in GreenCo's chapter 11 case for amounts it alleged were owed to it under the Option Agreement in the face amount of $55,780,199 (the "Proof of Claim"), which Proof of Claim was assigned number 6394 by the Debtors' claims agent. GreenCo has disputed the Proof of Claim.

H.    The Parties have negotiated in good faith and at arm's length and have been represented by counsel of their choosing, and enter into this stipulation (the "Stipulation") to resolve all of their potential claims and causes of action against one another relating to the Option Agreement.

NOW, THEREFORE, MEDIANEWS AND GREENCO STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.    In consideration of the settlement and releases contained herein, within five (5) business days following receipt by MediaNews of written notice from GreenCo of the approval of this Stipulation by the Bankruptcy Court in GreenCo's chapter 11 case, MediaNews shall pay GreenCo $500,000 (the "Settlement Amount").

2. This Stipulation shall become effective upon approval by the Bankruptcy Court in GreenCo's chapter 11 case. Upon approval of this Stipulation by the Bankruptcy Court, the Proof of Claim and any objections or other pleadings or notices filed with respect to the Proof of Claim shall be deemed withdrawn with prejudice, without the need for further action by any of the Parties, and the Debtors' claims agent shall modify the Debtors' claims register to reflect withdrawal of the Proof of Claim without any further action by the Parties. GreenCo shall take all steps necessary to seek and obtain approval of the Bankruptcy Court of this Stipulation, and shall give MediaNews prompt written notice when such approval is granted.

3. MediaNews and GreenCo agree that the Option Agreement is hereby terminated, with no further force and effect.

4. GreenCo, for and on behalf of itself and its respective predecessors, parents, partners, principals, members, affiliates, subsidiaries, officers, directors, managers, executives, owners, employees, agents, heirs, purchasers, successors and assigns, hereby releases and discharges MediaNews and its respective predecessors, parents, partners, principals, members, affiliates, subsidiaries, officers, directors, managers, executives, owners, stockholders, employees, agents, attorneys, heirs, purchasers, successors and assigns from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, specialties, liens, covenants, contracts, controversies, agreements, promises, damages, judgments, extents, executions, claims, attorneys' fees, liabilities, rights of action and any other claims for relief or remuneration whatsoever, whether known or unknown, mature or contingent, which such releasing persons or entities ever had, now has or have or hereafter can, shall or may have, arising out of or relating to the Option Agreement, including without limitation in respect of payment of the Option Cancellation Amount.

5.  MediaNews, for and on behalf of itself and its respective predecessors, parents, partners, principals, members, affiliates, subsidiaries, officers, directors, managers, executives, owners, employees, agents, heirs, purchasers, successors and assigns hereby releases and discharges GreenCo and its respective predecessors, parents, partners, principals, members, affiliates, subsidiaries, officers, directors, managers, executives, owners, stockholders, employees, agents, attorneys, heirs, purchasers, successors and assigns from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bills, specialties, liens, covenants, contracts, controversies, agreements, promises, damages, judgments, extents, executions, claims, attorneys' fees, liabilities, rights of action and any other claims for relief or remuneration whatsoever, whether known or unknown, mature or contingent, which such releasing persons or entities ever had, now has or have or hereafter can, shall or may have, arising out of or relating to the Option Agreement, including without limitation in respect of payment of the Option Cancellation Amount.

6.  This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, and except as otherwise expressly provided herein, is not intended to confer upon any non-party any rights or remedies hereunder.

7.  The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8.  This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York, without regard to principles of conflict of laws.

10. This Stipulation may not be amended without express written consent of the Parties hereto.

11. This Stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns, and successors, including, without limitation, any bankruptcy trustee that might be appointed in the Debtors' chapter 11 cases.

12. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting. The parties waive any provision or principle of law that provides that a release does not extend to claims that are unknown, including without limitation under Section 1542 of the California Civil Code which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

13. The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

14. All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither MediaNews nor the Debtors admit or concede the validity of any claims or defenses and nothing herein shall be deemed an admission of fact or law.

6

HUGHES HUBBARD & REED LLP

By: _____

James Modlin
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4276

ATTORNEYS FOR MEDIANEWS GROUP, INC.

SIDLEY AUSTIN LLP

By: _____

Kevin T. Lantry
Kenneth P. Kansa
Alison L. Triggs
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION