# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13141 (KJC) <br><br> Jointly Administered <br><br> **Proposed Hearing Date: July 14, 2010 at 1:30 p.m. (ET)** <br> **Proposed Objection Deadline: July 12, 2010 at 9:00 a.m. (ET)** <br> **Related to Docket No.** |

## DEBTORS' MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE PERIOD WITH RESPECT TO DEBTORS' CROSS MOTION FOR ENTRY OF PRELIMINARY PRE-TRIAL SCHEDULING ORDER FOR THE PLAN CONFIRMATION HEARING

Tribune Company ("Tribune") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move this Court (the "Motion") for the entry of an order setting an expedited hearing for and shortening the notice period on the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

concurrently-filed Debtors' Cross Motion for Entry of Preliminary Pre-Trial Scheduling Order for the Plan Confirmation Hearing (the "Scheduling Motion"),[2] pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(c)(i) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In further support hereof, the Debtors respectfully represent as follows:

## BACKGROUND

1. The Court has scheduled July 14, 2010 as a status conference with respect to matters pertaining to confirmation of the Debtors' Plan. In addition, the July 14, 2010 hearing has been designated as the hearing on the Bridge Agent's Motion to Adjudicate. The Scheduling Motion, which was filed as a cross motion to the Motion to Adjudicate, requests that the Court enter a preliminary pretrial order addressing the timing and nature of the matters to be heard at the Confirmation Hearing, in particular with respect to the Global Settlement of the LBO-Related Causes of Action set forth in the Plan which are put at issue by the Bridge Agent's Motion to Adjudicate. As discussed below, the Debtors believe the Scheduling Motion should be addressed at the July 14 hearing. Although the Scheduling Motion addresses matters put at issue by the pending Motion to Adjudicate set for hearing on July 14, the Debtors are proceeding by cross motion as the matters at issue impact other parties in interest in these cases and concern more than just the Bridge Agent.

## RELIEF REQUESTED

2. By this Motion, the Debtors request entry of an Order shortening the notice period

---

[2] The Scheduling Motion was filed as a cross motion and included with the Debtors' Opposition (the "Opposition") to the Motion of the Bridge Agent for Entry of Orders (A) Establishing Procedures for Adjudicating the Debtors' Objections to the Bridge Loan Claims in Conjunction with Plan Confirmation Proceedings and (B) Allowing Such Claims in Full (the "Motion to Adjudicate"). Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Opposition/Scheduling Motion.

2

46429/0001-6858187v1

and setting the Scheduling Motion for hearing on July 14, 2010 at 1:30 p.m. (Eastern Time) and establishing July 12, 2010 at 9:00 a.m. (Eastern Time) as the deadline for filing objections to the Scheduling Motion.

## BASIS FOR RELIEF

3.    Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days (and an additional three (3) days if service is by mail) prior to the hearing date." Del. Bankr. L. R. 9006-1(c)(i). Pursuant to Bankruptcy Rule 9006(b), the Court may, for cause shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced"). This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L. R. 9006-1(e).

4.    The Debtors seek to shorten notice on the Scheduling Motion.[3] The Debtors submit that the facts justify shortening notice and that the relief requested herein should be granted. The Scheduling Motion pertains to matters that are directly related to the relief sought in the Bridge Agent's Motion to Adjudicate, which is scheduled to be heard on July 14, 2010. In particular, the Scheduling Motion addresses, in part, the scheduling and scope of the Confirmation Hearing, which were placed in issue by the Motion to Adjudicate. In addition, the

---

[3] The Debtors anticipate providing notice of this Motion via electronic mail, hand delivery, and/or first class mail upon the notice parties identified herein.

Court has designated July 14, 2010 as a status conference for matters pertaining to Plan confirmation. The timing of the Confirmation Hearing and the scope of testimony and expert reports concerning the LBO-Related Causes of Action are thus appropriate matters to be considered at the July 14 Plan status conference. Moreover, the Debtors believe that it is important for the Court to provide guidance with respect to these issues at the July 14, 2010 Plan status conference as opposed to the August 9, 2010 Plan status conference so that parties may prepare their confirmation presentations accordingly and ultimately ensure that the Confirmation Hearing is conducted in the most efficient and effective manner possible.

5.    For all the reasons specified above, the Debtors submit that the present circumstances satisfy the requirement of cause under Rule 9006(c)(1) and the exigencies required under Local Rule 9006-1(e).

## NOTICE

6.    To ensure that all parties receive notice as soon as possible, notice of this Motion and the Scheduling Motion has been provided by electronic mail, hand delivery or first class mail to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; and (ix) all parties having requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[Remainder of this page intentionally left blank]

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing date for the Scheduling Motion on July 14, 2010 at 1:30 p.m. (Eastern Time); (ii) establishing July 12, 2010 at 9:00 a.m. (Eastern Time) as the deadline for filing objections to the Scheduling Motion; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
      July 6, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Janet E. Henderson
Kevin T. Lantry
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION