# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket Nos. 3792 and _____** |

### ORDER (I) SUSTAINING IN PART DEBTORS' NINETEENTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS AS IT RELATES TO CLAIM NO. 4113 OF CISCO SYSTEMS CAPITAL CORPORATION AND (II) APPROVING STIPULATION BETWEEN CISCO SYSTEMS CAPITAL CORPORATION AND LOS ANGELES TIMES COMMUNICATIONS LLC

This matter having come before the Court on the Debtors' Nineteenth Omnibus (Substantive) Objection to Claims (the "Objection"),[2] by which the Debtors requested this Court to disallow and expunge, among other Proofs of Claim, Claim No. 4113 filed by Cisco Systems

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Debtors' Nineteenth Omnibus (Substantive) Objection to Claims.

Capital Corporation ("Cisco") against Los Angeles Times Communications LLC ("LATC"), on

the basis that no liability for such claims is reflected in the Debtors' books and records; and upon

consideration of the Objection, the Bigelow Declaration, the Debtors' Certification of Counsel

filed in connection herewith, and the Stipulation (the "Stipulation") between Cisco and LATC

resolving the Objection, a copy of which is attached hereto as Exhibit A; and it appearing that the

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and sufficient

cause appearing therefor; it is hereby

   ORDERED that the Stipulation is APPROVED; and it is further

   ORDERED that Claim No. 4113 of Cisco is hereby allowed as a general

unsecured claim against LATC in the reduced amount of $488,698.90; and it is further

   ORDERED that the Objection is withdrawn as it relates to Claim No. 4113 of

Cisco; and it is further

   ORDERED that the Claims Agent is authorized to amend the Claims Register to

comport with the entry of this Order; and it is further

   ORDERED that this Court shall retain jurisdiction over all affected parties with

respect to any matters, claims or rights arising from or related to the implementation and

interpretation of this Order.

Dated: Wilmington, Delaware
  July _____, 2010


         _____
         The Honorable Kevin J. Carey
         Chief United States Bankruptcy Judge

# EXHIBIT A

## STIPULATION

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
|  | **Related to Docket No. 3792** |

## STIPULATION BETWEEN CISCO SYSTEMS CAPITAL CORPORATION AND LOS ANGELES TIMES COMMUNICATIONS LLC REGARDING CLAIM NO. 4113 OF CISCO SYSTEMS CAPITAL CORPORATION

This stipulation between Cisco Systems Capital Corporation (the "Claimant") and

Los Angeles Times Communications LLC ("LATC") regarding Claim No. 4113 of Claimant is

entered into by and among LATC, by its counsel, and the Claimant, by its counsel (the

"Parties").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a  Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## RECITALS

A.    LATC and the Claimant entered into that certain Installment Payment
Agreement No. 6424-IP001-0 dated December 18, 2007 (the "Agreement"), pursuant to which
the Claimant provided financing to LATC in the aggregate amount of $733,048.39 for the
purchase of certain software and/or services from Spanlink Communications.  The Agreement
provides that LATC shall make three (3) annual installment payments to the Claimant of
$244,349.45, with the first payment due January 1, 2008, the second due January 1, 2009, and
the third due January 1, 2010.

B.    On December 8, 2008 (the "Petition Date"), Tribune Company and certain
of its affiliates, including LATC (collectively, the "Debtors"), each filed a voluntary petition for
relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

C.    On June 9, 2009, the Claimant filed a proof of claim, assigned Claim No.
4113 ("Claim No. 4113") in the Debtors' claims register, seeking the allowance of an
administrative priority claim in the aggregate amount of $498,807.60, consisting of $488,698.90
on account of the two installment payments due January 1, 2009 and January 1, 2010, and
$10,108.70 in interest.

D.    On March 19, 2010, the Debtors filed the Nineteenth Omnibus
(Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Docket No. 3792) (the "Objection"),
objecting to Claim No. 4113 on the basis that LATC's books and records showed no liability for
such claim.  On April 12, 2010, the Claimant filed its Response to the Objection (Docket No.
4004).  Thereafter, counsel for the Parties agreed to adjourn the hearing on the Objection as to
Claim No. 4113 in order to pursue a consensual resolution of the Objection.

E.      Upon further review by LATC of its books and records, and discussions with counsel for the Claimant, LATC has determined that it is liable to Claimant for $488,698.90 in principal amount due under the Agreement as a general unsecured claim.  However, the Parties agree that the Claimant is not entitled to a claim for unmatured interest that accrued after the Petition Date.

F.      Accordingly, LATC and the Claimant are entering into this stipulation (the "Stipulation") to resolve the Objection as it relates to Claim No. 4113 on the terms agreed to by the Parties.

NOW, THEREFORE, LATC AND THE CLAIMANT STIPULATE AND AGREE AS FOLLOWS:

## AGREEMENT

1.      The recitals set forth above are incorporated herein by reference.

2.      LATC agrees that the Claimant shall have an allowed general unsecured claim against LATC in the amount of $488,698.90 (the "Allowed Claim"), which Allowed Claim shall be paid in accordance with the provisions for the payment of general unsecured claims set forth in the chapter 11 plan of reorganization of LATC (the "Plan").  LATC further agrees that the Objection shall be immediately withdrawn as it relates to Claim No. 4113.

3.      The Claimant agrees that any and all other amounts owing or claims under or with respect to the Agreement, other than the Allowed Claim, are hereby waived, released, and extinguished.

4.      This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof, and except as otherwise expressly provided herein, is not intended to

confer upon any other person any rights or remedies hereunder.

      5.     The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

      6.     This Stipulation may be executed in counterparts, all of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

      7.     This Stipulation shall be governed by and construed in accordance with the laws of the State of California, without regard to principles of conflict of laws.

      8.     This Stipulation may not be amended without express written consent of the Parties hereto.

      9.     This Stipulation shall be binding upon the Parties hereto and upon their affiliates, assigns and successors, including, without limitation, any bankruptcy trustee that might be appointed in the Debtors' chapter 11 cases.

      10.     It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

      11.     The Bankruptcy Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

      12.     All contentions made in this Stipulation are made in furtherance of a proposed settlement and neither the Claimant nor the Debtors admit or concede the validity of any claims or defenses and nothing herein shall be deemed an admission of fact or law.

      13.     Each of the Debtors expressly reserves its right to object to any other

4

claims asserted by the Claimant.

Entered into this 9th day of July 2010

BIALSON, BERGEN & SCHWAB

By: _____

Gaye Nell Heck
2600 El Camino Real, Suite 300
Palo Alto, California 94306
Telephone: (650) 857-9500
Facsimile: (650) 494-2738

-and-

WHITE AND WILLIAMS LLP
James S. Yoder
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Telephone: (302) 467-4524
Facsimile: (302) 467-4554

ATTORNEYS FOR CLAIMANT

SIDLEY AUSTIN LLP

By: _____

Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

5