IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 4943 |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF THE DEBTORS' CROSS MOTION FOR ENTRY OF PRELIMINARY PRE-TRIAL SCHEDULING ORDER FOR THE PLAN CONFIRMATION HEARING**

The Official Committee of Unsecured Creditors (the "Committee") of Tribune Company and its various debtor-subsidiaries (collectively, the "Debtors") hereby respectfully submits this statement (the "Statement") in support of the Debtors' Cross Motion for Entry of Preliminary Pre-Trial Scheduling Order for the Plan Confirmation Hearing (the "Cross Motion"). The

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

{698.001-W0008664.}

Committee supports the request made in the Cross-Motion for an order that would (a) determine that testimony and expert reports pertaining to any potential LBO-Related Causes of Action shall be limited to the reasonableness of the settlement of such LBO-Related Causes of Action as informed by the Texaco/Martin factors, and (b) allocate time for the various parties to make their respective arguments and evidentiary presentations.

1. As discussed in the Official Committee of Unsecured Creditors' Objection to Motion (the "Wells Fargo Motion") of Bridge Agent for Entry of Orders (I) Establishing Procedures for Adjudicating the Debtors' Objection to the Bridge Loan Claims in Conjunction with Plan Confirmation Proceedings and (II) Allowing Such Claims in Full (Docket No. 4946) (the "Objection"), the relief sought in the Wells Fargo Motion threatens to transform the confirmation hearing into a prolonged and microscopic disassembly of every aspect of the LBO-Related Causes of Action. However, in the Third Circuit, bankruptcy courts are cautioned against holding trials or mini-trials on the merits when evaluating settlements, as doing so would nullify one of the major justifications for settling: the avoidance of the costs and inconveniences associated with litigating complex issues. Instead, bankruptcy courts "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness." See In re Spansion, Inc., No. 09-10690 (KJC), 2009 Bankr. LEXIS 1283, at *3 (Bankr. D. Del. June 2, 2009) (citing In re Exide Techs., 303 B.R. 48, 68 (Bankr. D. Del. 2003). The sprawling re-examination of the LBO-Related Causes of Action under the guise of the confirmation hearing is directly at odds with the thorough but limited canvassing approach previously adopted by this Court.

2. Bankruptcy courts are instructed to consider, among other things, "the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it" as

well as "the paramount interests of creditors" when evaluating proposed settlements. <u>Myers</u> v. <u>Martin</u> (<u>In re Martin</u>), 91 F.3d 389, 393 (3d Cir. 1996). Here, an unbounded confirmation hearing threatens to undermine the paramount interests of the creditors by devolving into a costly and prolonged litigation of the very issues that are being settled.

3. The statute of limitations on many if not most of the causes of action intended to be resolved by the Global Settlement will run as of December 3, 2010. <u>See</u> 11 U.S.C. §§ 546(a)(1)(A). The Committee will be forced to act should plan confirmation and consummation be significantly delayed. The Committee has already sought standing to pursue certain of the LBO-Related Causes of Action against the LBO Lenders through its Motion for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute and Settle Claims and Counterclaims of the Debtors' Estates (Docket No. 3281). If the statute of limitations threatens, the Committee will be required to renew that motion and to seek similar standing to pursue additional LBO-Related Causes of Action against potential third party defendants. If history is any guide, both of those motions would be heatedly contested. Given the practical timing constraints on litigating and determining such motions, unless a plan is confirmed and consummated by early fall, the Committee's hand could be forced, possibly making confirmation of the Plan now under consideration significantly more difficult. The imposition of such additional risks, delays and costs, to the direct detriment of the paramount interests of the creditors, simply cannot be squared with the principles laid down by the Third Circuit in <u>Martin</u>.

       **WHEREFORE**, the Committee respectfully requests that the Court grant the Cross Motion, enter a scheduling order substantially in the form attached to the Cross Motion as Exhibit A, and grant such other and further relief as is just and appropriate.

Dated: July 12, 2010  
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*

Adam G. Landis (No. 3407)  
Matthew B. McGuire (No. 4366)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

- and -

Howard Seife  
David M. LeMay  
Douglas E. Deutsch  
**CHADBOURNE & PARKE LLP**  
30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 408-5100  
Facsimile: (212) 541-5369

*Counsel to the Official Committee of Unsecured Creditors*