# EXHIBIT A

```
 1              IN THE UNITED STATES BANKRUPTCY COURT

 2                    FOR THE DISTRICT OF DELAWARE

 3   IN RE:                        :
                                   : Chapter 11
 4   TRIBUNE COMPANY, et al.,      :
                                   : Case No. 08-13141 (KJC)
 5                                 :
         Debtors.                  : Jointly Administered
 6   . . . . . . . . . . . . . . .  Related to Docket Number 4086

 7                         Wilmington, Delaware
                             April 19, 2010
 8                              11:01 a.m.

 9                        TRANSCRIPT OF HEARING
                  BEFORE THE HONORABLE KEVIN J. CAREY
10                  UNITED STATES BANKRUPTCY JUDGE

11   APPEARANCES:

12   For the Debtors:         Norman L. Pernick, Esquire
                              Cole, Schotz, Meisel, Forman &
13                            Leonard, P.A.

14                            James F. Conlan, Esquire
                              Sidley, Austin, LLP
15
     For the Creditors        Adam G. Landis, Esquire
16   Committee:               Landis, Rath & Cobb, LLP

17   For the Committee:       Graeme W. Bush, Esquire
                              James Sottile, Esquire
18                            Zuckerman, Spaeder, LLP

19                            Howard Seife, Esquire
                              Chadbourne & Parke, LLP
20
     For Aurelius Capital:    T. Max Riffin, Esquire
21                            Greenberg, Traurig, LLP

22   For Law Debenture:       Garvan F. McDaniel, Esquire
                              Bifferaqto, Gentilotti, LLC
23
     For Various Retiree      Adam Hiller, Esquire
24   Claimants:               Pinckney, Harris & Weidinger, LLC

25
```

Perfect Pages Transcription & Reporting, Inc.
(609) 654-8880

1  Motion with respect to Center Bridge.  We have our meet and
2  confer later this afternoon and I'm hopeful we get things
3  resolved, but I don't think we can cancel that hearing yet.
4      MR. CONLAN:  Pardon me, Your Honor, that's correct.
5  That was outside, frankly, of the Examiner Order issue and --
6      MR. BERNSTEIN:  And there's one other issue that Mr.
7  Stark wants to raise as well.
8      THE COURT:  Okay.  Well, to the extent there's a,
9  again, disagreement about the provision, you know, I'll
10 consider it at the Thursday hearing or in lieu of that a
11 conference call if everything else happens to fall through.
12 Okay.
13     MR. STARK:  There was one other issue that was
14 raised by JP Morgan in their last round markup of the Consent
15 Order and that was they wanted a provision to be added, which
16 is not in the provision now that we've been working on, that
17 stays our equitable subordination Complaint.  And what I said
18 to JP Morgan's counsel, and I'm prepared to put it on the
19 record, here's how we respond to that and if it's
20 insufficient, I'm sure Mr. Bernstein will create some colloquy
21 and we'll talk it further through.
22     We're prepared to litigate that Complaint right now.  We
23 think it's fully briefed on whether or not we violated the
24 automatic stay or whether or not as we contend that are direct
25 equitable subordination in other counts that we've asserted.

26

1  The parties would like the examiner to investigate that as
2  well, be within the ambit of everything that he's
3  investigating and that's okay with us, but there's three
4  things that emanate out of that.
5       First is, we're prepared to go forward on that basis of
6  -- along the dual track.  This is the litigation track, the
7  examination track is separately.  If you want to take this out
8  and put it on hold pending resolution of the examination, so
9  be it, but that's not at our request.  In other words, there's
10 a risk being assumed by the Debtors here.  If we're right that
11 we have direct causes of action that have been asserted in
12 that Complaint that are not property of the estate and cannot,
13 as we see the law, be settled by their plan, absent our
14 consent for a full adjudication, that's the risk that the
15 Debtors take on with the banks consent and that may be a
16 fundamental confirmation objection, and we're prepared to
17 litigate today and resolve that issue in advance.  But since
18 timing and calendering is very important to them, that risk --
19 the assumption of the risk falls squarely on them not on us.
20      The second is that, and I think the Order is pretty clear
21 on this, but let's clarify it for the record and make sure
22 it's pretty clear, that it's only that litigation being
23 stayed.  If we want to object to the Disclosure Statement, if
24 we want to object to confirmation, if we want to file further
25 2004's, any other normal and other motion practice, we still

1  have the right.
2          THE COURT: I don't think there's any question about
3  that.
4          MR. STARK: And then, finally, Your Honor, there
5  will be discovery that will be moving forward. If it makes
6  everybody comfortable, we'll call it discovery in the context
7  of our confirmation issues and not under that adversary
8  proceeding, but since it's all the same common nucleus of
9  operative fact, we'll be discovering the same stuff and it
10 should not be raised as a relevancy objection or any other
11 sort of objection to the context of the ability to produce
12 discovery to us and the notion that the things that we're
13 asking for as otherwise issues that were raised in the
14 Complaint as opposed to confirmation because in our minds it's
15 all one and the same. And I believe we've got agreement on
16 that point.
17         MR. BERNSTEIN: Your Honor, Don Bernstein, for JP
18 Morgan. We're not trying to preclude any legitimate discovery
19 in connection with the Disclosure Statement, confirmation,
20 what have you, we're not trying to preclude issues that are
21 relevant to the confirmation and that's what we agreed with
22 Mr. Stark. We do understand, however, that Mr. Stark is
23 agreeing that we do not have to answer the Complaint, that all
24 activity associated with the Complaint is suspended, so that
25 we can get on with the examiner and also get on, frankly, with

28

1  Disclosure Statement and confirmation.
2              THE COURT:  All right.  That raises an issue in my
3  mind that I'm assuming maybe it's a little bit early, but if
4  the parties haven't, I would like them to talk about a
5  confirmation discovery schedule and see if they can arrive at
6  an agreed protocol for that.
7              UNIDENTIFIED SPEAKER:  We'll get right on that, Your
8  Honor.
9              THE COURT:  Okay.
10             UNIDENTIFIED SPEAKER:  Thank you.
11             MR. CONLAN:  I think that's it.
12             THE COURT:  Okay.  Now, let me just make -- I don't
13 know -- let me say it this way.  Nobody should feel compelled
14 to bring an objection to the Disclosure Statement to give me a
15 preview of what's coming at confirmation.  I promise you, I
16 will pick it up quickly enough as confirmation approaches.  I
17 think, maybe I've done it more than once, but I think it's
18 only once have I ever denied approval of a Disclosure
19 Statement because the plan has been held to be patently
20 unconfirmable.  Now, I don't know whether someone has asserted
21 that here or not, but my hope would be that we can end up with
22 an approved Disclosure Statement on the day of the disclosure
23 hearing.  From my standpoint, it's almost always just a matter
24 of, you know, how we say on objection and in a case like this,
25 on a party the answer usually is, just put it in and the