**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, <u>et al.</u>, | ) Case No. 08-13141 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Re: Docket No. 4943 |
| | ) |
| | ) <u>**Hearing date**</u>: July 14, 2010, at 1:30 p.m. (Eastern) |
| | ) |
| | ) <u>**Objection deadline**</u>: July 12, 2010 |
| | ) |
| | ) |

**CREDIT AGREEMENT LENDERS' OBJECTION TO THE
DEBTORS' CROSS-MOTION FOR ENTRY OF PRELIMINARY
<u>PRE-TRIAL SCHEDULING ORDER FOR THE PLAN CONFIRMATION HEARING</u>**

The Credit Agreement Lenders[1] object to the Debtors' Cross-Motion For Entry Of

Preliminary Pre-Trial Scheduling Order For The Plan Confirmation Hearing (the "<u>Cross-</u>

<u>Motion</u>").

By the Cross-Motion, the Debtors seek the entry of "a preliminary pretrial order

specifying the matters to be heard" and "establish[ing] procedures regarding the conduct of the

Plan Confirmation Hearing."  Cross-Motion at 2 and ¶ 3.  In particular, the Debtors ask that the

Court limit the time for opening statements, presentation of evidence and closing arguments, and

that the Court order that "[e]xpert and fact testimony and expert reports pertaining to any

potential LBO Releated [sic] Causes of Action (as defined in the Plan) shall be limited to the

reasonableness of the settlement as informed by the *Texaco/Martin* factors."  Cross-Motion,

Ex. A at 2.

The Credit Agreement Lenders agree that, at the appropriate time, all efforts should be

made to organize and streamline the confirmation hearing.  There are, however, several

fundamental problems with the specific relief requested in the Cross-Motion.  The first is that it

---

[1] The Credit Agreement Lenders are the entities identified in the "Sixth Amended Joint
Verified Statement Of Representation Of More Than One Creditor By Hennigan Bennett &
Dorman LLP And Young, Conaway, Stargatt & Taylor, LLP".

068968.1001

is premature.  Consider that the Debtors seek to set in stone the parameters for the confirmation hearing –

- More than six weeks before the scheduled start of the hearing (*August 30*);

- More than four weeks before the deadline for objections to confirmation and filing of the tabulation of ballots (*August 13*);

- Four weeks before the start of expert discovery (*August 11*);

- More than three weeks before the status conference previously scheduled by the Court to consider issues relating to the confirmation hearing (*August 9*);

- More than three weeks before the deadline for voting on the Plan (*August 6*);

- Three weeks before the deadline for expert reports (*August 4*)

- Two weeks before the deadline for the Examiner's Report (*July 26*);

- Before any preliminary identification of experts is to be made (*July 15*); and

- While fact discovery regarding confirmation is ongoing.

At this time, a number of the basic facts that will dictate the appropriate course and contours of the confirmation hearing are not yet known.  Which classes (if any) will vote to accept the Plan?  Who will object to the Plan, and on what grounds?  What evidence and expert testimony will the parties seek to present?  What will the Examiner say about the causes of action that the Plan purports to settle?

It simply is too early to make informed decisions with respect to the nature of the confirmation hearing now, without this information available to the Court and the parties.  The Court already has directed that a joint pretrial memorandum with respect to the confirmation hearing be submitted by no later than August 25.  The Credit Agreement Lenders respectfully submit that the appropriate time for making those decisions and for setting parameters for the confirmation hearing is in connection with that pretrial memorandum.  Before then, any

requested division and limitation of the time for argument and presentation of evidence would be prejudicial and unfair.

The second problem with the Cross-Motion is the imprecise, and potentially far-reaching, request that the Court order that "[e]xpert and fact testimony and expert reports pertaining to any potential LBO Releated [sic] Causes of Action (as defined in the Plan) shall be limited to the reasonableness of the settlement as informed by the *Texaco/Martin* factors."  Specifically, regardless of whether or not the settlement embodied in the Plan satisfies the standards applied to a compromise of controversies under Rule 9019 of the Federal Rules of Bankruptcy Procedure, there are aspects of the settlement, and the Plan, that cannot and do not satisfy the requirements of section 1129 of the Bankruptcy Code and that will require denial of confirmation even if the Court concludes that the settlement otherwise comports with the *Texaco/Martin* factors.

For example, as previously highlighted by the Credit Agreement Lenders, the Plan and settlement provide expansive releases, indemnifications, injunctions, and exculpations in favor of a wide range of entities who are paying nothing, and contributing nothing, for such benefits – including current directors and officers of the Debtors and parties who received more than $2 billion in prepetition payments under the Credit Agreement – while current holders of Credit Agreement claims are forced to pay $425 million or more to "settle" avoidance claims relating to the Credit Agreement.  Wrapping those free releases and illegal injunctions in the cloak of a "settlement" does not remove them from the strictures of section 1129, yet that apparently is what the Debtors seek to accomplish by asking that the Court prohibit all evidence "pertaining" to any potential LBO Related Causes of Action other than evidence that relates to the "reasonableness" of the settlement.

The Credit Agreement Lenders submit that, if the Court sees fit to enter an order now with respect to the nature of evidence to be presented at a confirmation hearing that will not be commenced for more than six weeks (which, for the reasons stated above, the Credit Agreement Lenders believe would be inappropriate in any event), the Court should make clear that any limitation with respect to evidence "pertaining" to the LBO Related Causes of Action not apply

- 3 -

to or limit the evidence and arguments that parties may present with respect to whether or not the

Plan satisfies all of the requirements of section 1129 and other applicable provisions of the

Bankruptcy Code.


For all of these reasons, the Credit Agreement Lenders request that the Court deny the

Cross-Motion.


Dated:  July 12, 2010                              YOUNG CONAWAY STARGATT & TAYLOR, LLP


                                        _____/s/ Robert F. Brady_____
                                        Robert S. Brady (No. 2847)
                                        M. Blake Cleary (No. 3614)
                                        The Brandywine Building – 17th Floor
                                        1000 West Street, Post Office Box 391
                                        Wilmington, Delaware 19899 0391
                                        Telephone: (302) 571-6600
                                        Telecopier: (302) 571-1253

                                                    - and -

                                        HENNIGAN, BENNETT & DORMAN LLP
                                        Bruce Bennett
                                        James O. Johnston
                                        Joshua D. Morse
                                        865 South Figueroa Street, Suite 2900
                                        Los Angeles, California 90017
                                        Telephone:  (213) 694-1200
                                        Telecopier:  (213) 694-1234

                                        *Counsel to the Credit Agreement Lenders*

YCST01:9909229.1                                                        068968.1001