## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 4986** |

### NOTICE OF AMENDED[2] AGENDA OF MATTERS
### SCHEDULED FOR HEARING ON JULY 14, 2010 AT 1:30 P.M.
### BEFORE THE HONORABLE KEVIN J. CAREY

Any party who wishes to participate in the hearing via telephone must contact
CourtCall, LLC by telephone (866-582-6878) or facsimile (866-533-2946)
no later than 12:00 p.m. (EDT) one business day prior to the hearing, in accordance with the
Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2]  **Amendments appear in bold print.**

**ADJOURNED MATTERS**

1.    Debtors' Ninth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
      1 (Filed November 13, 2009) (Docket No. 2560)

      Related Document(s):

            (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Ninth
                   Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
                   502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
                   Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2684)

            (b)    Order Sustaining Debtors' Ninth Omnibus (Non-Substantive) Objection to
                   Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
                   Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010)
                   (Docket No. 3012)

      Response Deadline:  December 8, 2009 at 4:00 p.m.

      Responses Received:

            (a)    Response by Claudia Sanzeri to Debtors' Ninth Omnibus (Non-
                   Substantive) Objection to Claims (Filed December 8, 2009) (Docket No.
                   2765)

      Status:    The Court entered an Order sustaining the Objection with respect to all
                 claimants who did not contest or otherwise respond to the Objection.  The
                 hearing on the Objection is adjourned to the September 15, 2010 hearing
                 as to the claim of Claudia Sanzeri only.  This matter will not be going
                 forward.

2.    Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
      502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
      1 (Filed November 13, 2009) (Docket No. 2561)

      Related Document(s):

            (a)    Notice of Submission of Proofs of Claim Regarding Debtors' Tenth
                   Omnibus (Non-Substantive) Objection to Claims Pursuant to Section
                   502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
                   Local Rule 3007-1 (Filed December 1, 2009) (Docket No. 2685)

            (b)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to
                   Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
                   Rules 3003 and 3007, and Local Rule 3007-1 (Entered January 5, 2010)
                   (Docket No. 3011)

46429/0001-6794659v2

(c)    Order Sustaining Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims as Relates to Claim No. 5606 of Personal Plus, Inc. Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered February 24, 2010) (Docket No. 3526)

Response Deadline: December 8, 2009 at 4:00 p.m.

Responses Received:

(a)    Response by Karolyn M. Walker to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2739)

(b)    Response by Robby S. Wells to Debtors' Tenth Omnibus (Non-Substantive) Objection to Claims (Filed December 4, 2009) (Docket No. 2744)

(c)    Informal Response received from GE Capital Fleet Services

Status:    The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to Claim No. 5606 of Personal Plus, Inc. The Objection was withdrawn with respect to Claim No. 501 of Chris Parker and Claim No. 2998 of Marc Silver. The hearing on the Objection is adjourned to the September 15, 2010 hearing as to the claims of GE Capital Fleet Services, Karolyn M. Walker and Robby S. Wells. This matter will not be going forward.

3.    Debtors' Objection to Claim No. 3697 of Robert Henke Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rules 3001, 3003 and 3007 (Filed March 19, 2010) (Docket No. 3796)

Response Deadline: April 12, 2010 at 4:00 p.m.

Responses Received:

(a)    Claimant's Response to Debtors' Objection to Claim No. 3697 of Claimant Robert Henke (Filed April 9, 2010) (Docket No. 3989)

Status:    On consent of the parties, this matter is adjourned to the September 15, 2010 hearing. This matter will not be going forward.

46429/0001-6794659v2

4.      Debtors' Twenty-Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section
        502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
        1 (Filed April 16, 2010) (Docket No. 4091)

        Related Document(s):

                (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Twenty-
                        Fourth Omnibus (Substantive) Objection to Claims Pursuant to Section
                        502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and
                        Local Rule 3007-1 (Filed May 4, 2010) (Docket No. 4230)

                (b)     Order Sustaining Debtors' Twenty-Fourth Omnibus (Substantive)
                        Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
                        Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered
                        May 14, 2010) (Docket No. 4406)

        Response Deadline:  May 11, 2010 at 4:00 p.m.

        Responses Received:

                (a)     Response by Maureen Dombeck (Filed April 26, 2010) (Docket No. 4156)

                (b)     Response by Terry Godbey (Filed May 10, 2010) (Docket No. 4272)

                (c)     Response of Oracle to Debtors' Twenty-Fourth Omnibus (Substantive)
                        Objection to Claims [No Liability][Tribune Company and Los Angeles
                        Times Companies](Claims ## 4748, 4749, 4750, & 4751) (Filed May 11,
                        2010) (Docket No. 4326)

                (d)     Response of Oracle to Debtors' Twenty-Fourth Omnibus (Substantive)
                        Objection to Claims [No Liability][Tribune Company and Chicago
                        Tribune Companies](Claims ## 4634, 4635, 4636, & 4640) (Filed May 11,
                        2010) (Docket No. 4327)

                (e)     Response by Marbury L. von Briesen (Filed May 12, 2010) (Docket No.
                        4349)

                (f)     Response by Herbert E. Eye (Filed May 12, 2010) (Docket No. 4350)

                (g)     Response by Herbert E. Eye (Filed May 14, 2010) (Docket No. 4394)

                (h)     Informal Response received from CNN Newsource Sales, Inc. (Received
                        May 6, 2010)

Status:      The Court entered an Order sustaining the Objection with respect to all
             claimants who did not contest or otherwise respond to the Objection. The
             Objection was withdrawn as to the claims of 9090 Enterprises and
             Spanlink Communications. The hearing on the Objection is adjourned to
             the September 15, 2010 hearing as to the claims of Maureen Dombeck,
             Terry Godbey, Oracle, Marbury von Briesen, Herbert Eye, and CNN
             Newsource. This matter will not be going forward.

5.    Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims Pursuant to
      Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local
      Rule 3007-1 (Filed May 17, 2010) (Docket No. 4441)

      Related Document(s):

      (a)    Certification of Counsel Regarding Debtors' Twenty-Seventh Omnibus
             Objection (Non-Substantive) to Claims Pursuant to Section 502(b) of the
             Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule
             3007-1 (Filed June 14, 2010) (Docket No. 4766)

      (b)    Order Sustaining Debtors' Twenty-Seventh Omnibus (Non-Substantive)
             Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code,
             Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered
             June 14, 2010) (Docket No. 4774)

      (c)    **Certification of Counsel Regarding Order Sustaining in Part Debtors'
             Twenty-Seventh Omnibus Objection (Non-Substantive) to Claims as it
             Relates to Claim No. 5785 of Cawley Chicago Portfolio, LLC (Filed
             July 13, 2010) (Docket No. 4998)**

      Response Deadline: June 9, 2010 at 4:00 p.m.

      Responses Received:

      (a)    Response by Marcia Willette (Filed June 8, 2010) (Docket No. 4721)

      Status:   **The Court entered an Order sustaining the Objection with respect to all
                claimants who did not contest or otherwise respond to the Objection. The
                Objection was withdrawn as to the claims of the United States
                Environmental Protection Agency and Annapolis West Limited
                Partnership and continued as to the claims of Cawley Chicago Portfolio,
                LLC and Marcia Willette. A Certification of Counsel, together with a
                revised proposed form of order, was filed with respect to the claim of
                Cawley Chicago Portfolio, LLC. The hearing on the Objection is
                adjourned to the September 15, 2010 hearing as to the claim of Marcia
                Willette only. This matter will not be going forward.**

46429/0001-6794659v2

6.      Wilmington Trust Company's Motion for Estimation and Temporary Allowance of
        Claims Pursuant to Bankruptcy Rule 3018 (Filed June 25, 2010) (Docket No. 4886)

        Related Document(s):

                (a)     Notice of Adjourned Hearing (Filed July 2, 2010) (Docket No. 4932)

        Objection Deadline:  July 7, 2010 at 4:00 p.m.
        Pursuant to the Notice of Adjourned Hearing, the Objection Deadline is extended to 4:00
        p.m. on August 12, 2010.

        Responses Received: None at this time.

        Status:    This matter is adjourned to the August 19, 2010 hearing.  This matter will not
                   be going forward.

## CERTIFICATIONS OF NO OBJECTION / CERTIFICATIONS OF COUNSEL

7.      Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section
        502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-
        1 (Filed March 19, 2010) (Docket No. 3792)

        Related Document(s):

                (a)     Notice of Submission of Proofs of Claim Regarding Debtors' Nineteenth
                        Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of
                        the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule
                        3007-1 (Filed April 5, 2010) (Docket No. 3937)

                (b)     Order Sustaining Debtors' Nineteenth Omnibus (Substantive) Objection to
                        Claims (Entered April 19, 2010) (Docket No. 4101)

                (c)     Certification of Counsel Regarding Order Sustaining Debtors' Nineteenth
                        Omnibus (Substantive) Objection to Claims as Relates to Claim No. 234
                        of Third Screen Media Inc. d/b/a Quigo Pursuant to Section 502(b) of the
                        Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule
                        3007-1 (Filed May 13, 2010) (Docket No. 4393)

                (d)     Order Sustaining Debtors' Nineteenth Omnibus (Substantive) Objection to
                        Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy
                        Rules 3003 and 3007, and Local Rule 3007-1 (Entered May 14, 2010)
                        (Docket No. 4410)

                (e)     Notice of Partial Withdrawal of Debtors' Nineteenth Omnibus
                        (Substantive) Objection to Claims as Relates to Claim Nos. 4179 and 4180
                        of Zenith Media Filed Against Debtor Hoy, LLC (Filed June 7, 2010)
                        (Docket No. 4704)

(f)     Order Sustaining in Part Debtors' Nineteenth Omnibus (Substantive) Objection to Claims as Relates to Claim Nos. 4179 and 4180 of Zenith Media Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Entered June 7, 2010) (Docket No. 4708)

(g)     Certification of Counsel Regarding Order (I) Sustaining in part Debtors' Nineteenth Omnibus (Substantive) Objection to Claims as it Relates to Claim No. 4113 of Cisco Systems Capital Corporation and (II) Approving Stipulation Between Cisco Systems Capital Corporation and Los Angeles Times Communications LLC (Filed July 9, 2010) (Docket No. 4982)

Response Deadline:  April 12, 2010 at 4:00 p.m.
On consent of the parties, the Response Deadline was extended to 4:00 p.m. on April 13, 2010 for Third Screen Media, Inc.

Responses Received:

(a)     Response of Cisco Systems Capital Corporation to Debtors' Nineteenth Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed April 12, 2010) (Docket No. 4004)

Status:     The Court entered an Order sustaining the Objection with respect to all claimants who did not contest or otherwise respond to the Objection, and with respect to the claims of Third Screen Media, Inc. and Zenith Media. The Objection was withdrawn with respect to the claims of Avaya, Inc., Todd Umbarger, North South Promotions II, Inc., USDR and Zenith Media (in part).  The Debtors filed a certification of counsel, together with a proposed order seeking approval of a stipulation resolving the Objection to the claim of Cisco Systems Capital Corporation.  This matter will not be going forward unless otherwise directed by the Court.

8.     Debtors' Thirty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed June 14, 2010) (Docket No. 4785)

Related Document(s):

(a)     Notice of Submission of Proofs of Claim Regarding Debtors' Thirty-Second Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 (Filed June 30, 2010) (Docket No. 4910)

(b)     Certification of No Objection Regarding Docket No. 4785 (Filed July 9, 2010) (Docket No. 4980)

Response Deadline: July 7, 2010 at 4:00 p.m.

Responses Received: None.

Status:      A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

9.      Motion for an Order Pursuant to 11 U.S.C. § 365(a) Authorizing the Debtors to Assume Certain Syndicated Program Agreements with Carsey-Werner Distribution (Filed June 25, 2010) (Docket No. 4885)

Related Document(s):

(a)      Certification of No Objection Regarding Docket No. 4885 (Filed July 9, 2010) (Docket No. 4981)

Response Deadline: July 7, 2010 at 4:00 p.m.

Responses Received: None.

Status:      A Certification of No Objection was filed with the Court. This matter will not be going forward unless otherwise directed by the Court.

## CONTESTED MATTERS GOING FORWARD

10.      Motion of Ivan J. Bates for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (Filed June 8, 2010) (Docket No. 4725)

Related Document(s):

(a)      Amended Notice of Motion (Filed June 8, 2010) (Docket No. 4726)

Objection Deadline: July 7, 2010 at 4:00 p.m.

Responses Received:

(a)      Debtors' Objection to the Motion of Ivan J. Bates for Relief from the Automatic Stay (Filed July 7, 2010) (Docket No. 4951)

(b)      Joinder of the Official Committee of Unsecured Creditors to the Debtors' Objection to the Motion of Ivan J. Bates for Relief from the Automatic Stay (Filed July 7, 2010) (Docket No. 4952)

**Status:      On consent of the parties, this matter is adjourned to the August 19, 2010 hearing. This matter will not be going forward.**

46429/0001-6794659v2

11.    Motion of Bridge Agent for Entry of Orders (I) Establishing Procedures for Adjudicating
the Debtors' Objections to the Bridge Loan Claims in Conjunction with Plan
Confirmation Proceedings and (II) Allowing Such Claims in Full (Filed June 22, 2010)
(Docket No. 4852)

Objection Deadline:  July 7, 2010 at 4:00 p.m.

Responses Received:

(a)    Debtors' (I) Opposition to the Motion of Bridge Agent for Entry of Orders
(A) Establishing Procedures for Adjudicating the Debtors' Objections to
the Bridge Loan Claims in Conjunction with Plan Confirmation
Proceedings and (B) Allowing Such Claims in Full and (II) Cross Motion
for Entry of Preliminary Pre-Trial Scheduling Order for the Plan
Confirmation Hearing (Filed July 6, 2010) (Docket No. 4943)

(b)    Official Committee of Unsecured Creditors' Objection to Motion of
Bridge Agent for Entry of Orders (I) Establishing Procedures for
Adjudicating the Debtors' Objections to the Bridge Loan Claims in
Conjunction with Plan Confirmation Proceedings and (II) Allowing Such
Claims in Full (Filed July 7, 2010) (Docket No. 4946)

(c)    Objection of Certain Settlement Supporters to Motion of Bridge Agent for
Entry of Orders (I) Establishing Procedures for Adjudicating the Debtors'
Objections to the Bridge Loan Claims in Conjunction with Plan
Confirmation Proceedings and (II) Allowing Such Claims in Full [Dkt.
No. 4852] and Joinder to the Debtors' Cross Motion for Entry of
Preliminary Pre-Trial Scheduling Order for the Plan Confirmation Hearing
[Dkt. No. 4943] (Filed July 7, 2010) (Docket No. 4949)

(d)    **Bridge Agent's (I) Response to Objections to the Motion for Entry of
Orders (A) Establishing Procedures for Adjudicating Debtors'
Objections to the Bridge Loan Claims in Conjunction with Plan
Confirmation Proceedings and (B) Allowing Such Claims in Full and
(II) Objection to the Debtors' Cross Motion for Entry of Preliminary
Pre-Trial Scheduling Order for the Plan Confirmation Hearing (Filed
July 12, 2010) (Docket No. 4991)**

Status:    This matter will be going forward.

46429/0001-6794659v2

12.  Debtors' (I) Opposition to the Motion of Bridge Agent for Entry of Orders (A)
     Establishing Procedures for Adjudicating the Debtors' Objections to the Bridge Loan
     Claims in Conjunction with Plan Confirmation Proceedings and (B) Allowing Such
     Claims in Full and (II) Cross Motion for Entry of Preliminary Pre-Trial Scheduling Order
     for the Plan Confirmation Hearing (Filed July 6, 2010) (Docket No. 4943)

     Related Document(s):

        (a)   Order Setting Expedited Hearing and Shortening Notice Period with
              Respect to Debtors' Cross Motion for Entry of Preliminary Pre-Trial
              Scheduling Order of the Plan Confirmation Hearing (Entered July 7, 2010)
              (Docket No. 4948)

        (b)   Notice of Hearing on Cross Motion (Filed July 8, 2010) (Docket No.
              4961)

     Objection Deadline:  July 12, 2010 at 4:00 p.m.

     Responses Received:

        (a)   Objection of Certain Settlement Supporters to Motion of Bridge Agent for
              Entry of Orders (I) Establishing Procedures for Adjudicating the Debtors'
              Objections to the Bridge Loan Claims in Conjunction with Plan
              Confirmation Proceedings and (II) Allowing Such Claims in Full [Dkt.
              No. 4852] and Joinder to the Debtors' Cross Motion for Entry of
              Preliminary Pre-Trial Scheduling Order for the Plan Confirmation Hearing
              [Dkt. No. 4943] (Filed July 7, 2010) (Docket No. 4949)

        (b)   **Statement of the Official Committee of Unsecured Creditors in
              Support of the Debtors' Cross Motion for Entry of Preliminary Pre-
              Trial Scheduling Order for the Plan Confirmation Hearing (Filed
              July 12, 2010) (Docket No. 4989)**

        (c)   **Wilmington Trust Company's Objection to the Cross-Motion of the
              Debtors for Entry of a Preliminary Pretrial Scheduling Order for the
              Plan Confirmation Hearing (Filed July 12, 2010) (Docket No. 4990)**

        (d)   **Bridge Agent's (I) Response to Objections to the Motion for Entry of
              Orders (A) Establishing Procedures for Adjudicating Debtors'
              Objections to the Bridge Loan Claims in Conjunction with Plan
              Confirmation Proceedings and (B) Allowing Such Claims in Full and
              (II) Objection to the Debtors' Cross Motion for Entry of Preliminary
              Pre-Trial Scheduling Order for the Plan Confirmation Hearing (Filed
              July 12, 2010) (Docket No. 4991)**

46429/0001-6794659v2

    (e)    **Credit Agreement Lenders' Objection to the Debtors' Cross-Motion for Entry of Preliminary Pre-Trial Scheduling Order for the Plan Confirmation Hearing (Filed July 12, 2010) (Docket No. 4992)**

Status:    This matter will be going forward.

## STATUS CONFERENCES

13.    Status Conference with Respect to Examiner's Report

14.    Status Conference with Respect to Confirmation Hearing

Dated:  July 13, 2010

SIDLEY AUSTIN LLP
Bryan Krakauer
James F. Conlan
One South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone:  (302) 652-3131

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6794659v2