IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                                       Chapter 11

TRIBUNE COMPANY et al.,                                      Case No. 08-13141 (KJC)

                                                             (Jointly Administered)

                     Debtors.                         Hearing Date: (Negative Notice)
------------------------------------------------------------x    Objections Due: 08/03/2010 @ 4:00 p.m.

## TENTH MONTHLY APPLICATION OF ZUCKERMAN SPAEDER LLP FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Applicant: Zuckerman Spaeder LLP

Authorized to Provide Professional Services to: The Official Committee of Unsecured Creditors

Date of Retention: August 6, 2009 (Order entered September 3, 2009)

Period for which compensation and
Reimbursement is sought: May 1, 2010 through May 31, 2010

Amount of Compensation sought
as actual, reasonable and necessary: $284,922.50

Amount of Expense Reimbursement sought
as actual, reasonable, and necessary: $24,342.30

This is Applicant's tenth monthly fee application. 0.7 hours were expended during the Application Period in preparation of monthly and interim fee applications, and $238.00 is the corresponding fee request.

2647259.1

| Name of Professional Person | Position of Applicant | Hourly billing rate (incl. Changes) | Total billed hours | Total Compensation* |
|---|---|---|---|---|
| Graeme W. Bush | Partner, complex business and bankruptcy litigation; admitted 1976 | $765.00 | 122.20 | $93,483.00 |
| James Sottile | Partner, complex insurance and mass tort litigation; admitted 1986 | $675.00 | 137.20 | $92,610.00 |
| Marshall S. Wolff | Partner, business law, creditor rights and workouts; admitted 1976 | $675.00 | 3.00 | $2,025.00 |
| Thomas G. Macauley (I.D. # 3411) | Partner, chapter 11 and bankruptcy litigation; admitted 1995 | $580.00 | 24.60 | $14,268.00 |
| Andrew N. Goldfarb | Partner, bankruptcy and complex litigation; admitted 1996 | $550.00 | 119.10 | $65,505.00 |
| Lisa J. Stevenson | Partner, civil litigation; admitted 1997 | $525.00 | 4.50 | $2,362.50 |
| Semra A. Mesulam | Associate, 5th year, litigation; admitted 2005 | $370.00 | 4.40 | $1,628.00 |
| Jonathan M. Watkins | Associate, 4th year, Litigation; admitted 2006 | $370.00 | 8.80 | $3,256.00 |
| Scott Hanna | Staff Attorney, 2nd year, litigation; admitted 2008 | $300.00 | 25.30 | $7,590.00 |

---

* Excludes deduction for non-working travel time.

| John B. Timmer | Associate, 1st year, litigation; admitted 2009 | $295.00 | 10.80 | $3,186.00 |
| --- | --- | --- | --- | --- |
| Janet M. Braunstein | Paralegal, 20th year | $275.00 | 8.00 | $2,200.00 |
| Lisa Medoro | Paralegal, 4th year | $240.00 | 5.80 | $1,392.00 |
| Rey Caling | Litigation Analyst, 3rd year | $195.00 | 9.00 | $1,755.00 |
| Kimberley Wilson | Library assistant, 7 years experience | $165.00 | 0.50 | $82.50 |
| Diana Gillig | Paralegal Assistant, 11 years experience | $160.00 | 2.20 | $352.00 |

Grand Totals: 465.80 hours and $278,150.00
Blended Rate: $597.14 per hour
(excludes Non-Working travel time)

2647259.1

## COMPENSATION BY PROJECT CATEGORY

| MATTER | | TOTAL HOURS | TOTAL AMOUNT |
|---|---|---|---|
| 0001 - | Bank Claims | 462.70 | $ 276,604.00 |
| 0002 - | Retention/Fee Applications | 3.10 | $ 1,546.00 |
| 0003 - | Non-Working Travel Time (charged ½ time) | 19.60 | $ 6,772.50 |
| | Totals: | 485.40 | $ 284,922.50 |

ITEMIZED EXPENSES

EXPENSES

| | |
|---|---|
| Litigation Expert | $ 22,093.84 |
| Transportation – Train /Air | $ 2,075.90 |
| Taxi Service | $ 136.00 |
| In-House Photocopy | $ 21.80 |
| Long Distance Calls | $ 14.76 |
| **TOTAL EXPENSES** | **$ 24,342.30** |

## NARRATIVE

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, the law firm of Zuckerman Spaeder LLP (hereinafter "Zuckerman") hereby moves this Court for an order awarding it reasonable compensation with respect to the above-captioned chapter 11 cases for professional legal services rendered as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the amount of $284,922.50 together with reimbursement for actual and necessary expenses incurred in the amount of $24,342.30 for the period May 1, 2010, through and including May 31, 2010 (the "Application Period"), and respectfully represents as follows:

1. Pursuant to an Order entered by this Court on September 3, 2009 (Docket No. 2088) (the "Retention Order"), Zuckerman was employed under a general retainer to serve as special counsel to the Committee in connection with these chapter 11 cases, effective as of August 6, 2009. The Retention Order authorized Zuckerman to be compensated on an hourly basis and to be reimbursed for the actual and necessary out-of-pocket expenses that it incurred.

2. During the Application Period, Zuckerman has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case. There is no agreement or understanding between Zuckerman and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.

3. This Tenth Monthly Application seeks compensation for fees of $284,922.50 and

reimbursement of expenses of $23,342.30 incurred during the Application Period. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## SUMMARY OF SERVICES RENDERED

4. During the Application Period, Zuckerman provided services to the Committee and worked closely with the Committee's general bankruptcy counsel and financial advisors. The time detail for professional services provided by Zuckerman to the Committee during the Application Period is divided by matter and set forth on Exhibit A hereto.

## DISBURSEMENTS

5. Zuckerman's list of out-of-pocket disbursements during the Application Period contains categories of charges, including, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, parking and expenses for "working meals."

6. Zuckerman represents that its rate for duplication is $0.10 per page, its effective rate for outgoing facsimile transmissions is $1.00 per page (excluding related long distance transmission charges), there is no charge for incoming facsimile transmissions, and there is no

2647259.1

surcharge for computerized research.

7.      In connection with its representation of the Committee, Zuckerman has engaged a litigation expert to assist Zuckerman with insolvency and other financial distress issues. Zuckerman requests that the amount of the litigation expert's monthly invoice, after review and any modification by Zuckerman, be paid to Zuckerman as an expense.

WHEREFORE, Zuckerman requests that the Court enter an order allowing Zuckerman $284,922.50 in fees compensation and $23,342.30 for reimbursement of expenses incurred during the Application Period, and granting Zuckerman such other and further relief as is just.

Dated:  Wilmington, Delaware
        July 14, 2010

ZUCKERMAN SPAEDER LLP

_____
Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899
(302) 427-0400

- and -

Graeme W. Bush
1800 M Street, N.W.
Washington, DC 20036
(202) 778-1800

Special Counsel to the Official Committee
of Unsecured Creditors

2647259.1

## VERIFICATION

STATE OF DELAWARE      )
                       )     SS:
NEW CASTLE COUNTY      )

Thomas G. Macauley, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Zuckerman Spaeder LLP and have been admitted to the Bar of the Supreme Court of Delaware since 1995.

2. I have personally performed the legal services rendered by Zuckerman Spaeder LLP as special counsel to the Committee and am thoroughly familiar with all work performed on behalf of the Committee.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

_____
Thomas G. Macauley

2647259.1