# EXHIBIT A

## Engagement Letter

# LAZARD

LAZARD FRÈRES & CO. LLC
30 ROCKEFELLER PLAZA
NEW YORK, NY 10020
PHONE 212-632-6000
www.lazard.com

December 2, 2008

Tribune Company
435 North Michigan Ave.
Chicago, IL 60611

Attention:     Mr. Chandler Bigelow
               Senior Vice President & Chief Financial Officer

Dear Ladies and Gentlemen:

This letter agreement (the "Agreement") confirms the understanding and agreement between Lazard Frères & Co. LLC ("Lazard") and Tribune Company and its controlled subsidiaries (collectively with any entity formed or used for the purposes set forth herein, the "Company").

## Assignment Scope:

The Company hereby retains Lazard as its investment banker to provide the Company with general restructuring advice and to advise it in connection with any Restructuring and any Majority Disposition (each as defined below) and such other matters set forth herein, on the terms and conditions set forth herein.  As used in this Agreement, the term "Restructuring" shall mean, collectively, any restructuring, reorganization (whether or not pursuant to Chapter 11 of the United States Bankruptcy Code) and/or recapitalization of a majority of the Company's outstanding indebtedness (including bank debt, letters of credit, bond debt, and other on and off balance sheet indebtedness), trade claims, leases (both on and off balance sheet), asbestos and other litigation-related claims and obligations, unfunded pension and retiree medical liabilities, or other liabilities (collectively, the "Existing Obligations") that is achieved, without limitation, through amendment or solicitation of waivers and consents from the holders of Existing Obligations (collectively, the "Stakeholders"); rescheduling of the maturities of Existing Obligations; a change in interest rates; repurchase, settlement or forgiveness of Existing Obligations; conversion of Existing Obligations into equity; an exchange offer involving the issuance of new securities in exchange for Existing Obligations; the issuance of new securities, sale or disposition of assets, sale of debt or equity securities or other interests or other similar transaction or series of transactions.  As used in this Agreement, the term "Majority Disposition" means any transaction or series of transactions involving a sale, merger, consolidation, business combination or other transaction pursuant to which all or a majority of the business or assets, or all or a majority or controlling portion of the economic interests or voting power, of the Company are, directly or indirectly, combined with or transferred to another person, entity or group. By signing this Agreement, we hereby accept our appointment as your investment banker under the terms hereof.

LAZARD

### *Description of Services:*

1. Lazard agrees, in consideration of the compensation provided in Section 2 below, to perform such of the following investment banking services as the Company may reasonably request, including:

(a) Reviewing and analyzing the Company's business, operations and financial projections;

(b) Evaluating the Company's potential debt capacity in light of its projected cash flows;

(c) Assisting in the determination of a capital structure for the Company;

(d) Assisting in the determination of a range of values for the Company on a going concern basis;

(e) Advising the Company on tactics and strategies for negotiating with the Stakeholders;

(f) Rendering financial advice to the Company and participating in meetings or negotiations with the Stakeholders and/or rating agencies or other appropriate parties in connection with any Restructuring;

(g) Advising the Company on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to the Restructuring;

(h) Advising and assisting the Company in evaluating potential Financing[1] transactions by the Company, and, subject to Lazard's agreement so to act and, if requested by Lazard, to execution of appropriate agreements, on behalf of the Company, contacting potential sources of capital as the Company may designate and assisting the Company in implementing such a Financing;

(i) Assisting the Company in preparing documentation within our area of expertise that is required in connection with the Restructuring;

(j) Assisting the Company in identifying and evaluating candidates for a potential Majority Disposition and any, if requested by the Company, Other Disposition (as defined below), advising the Company in connection with negotiations and aiding in the consummation of a Majority Disposition and, if requested by the Company, any Other Disposition (as defined below);

---

[1] As used in this Agreement, the term "Financing" means any private issuance, sale, or placement of equity, equity-linked, or debt securities, instruments, or obligations of the Company constituting debtor-in-possession financing or exit financing in connection with a case under the Bankruptcy Code.

LAZARD

(k)    Attending meetings of the Company's Board of Directors and its committees with respect to matters on which we have been engaged to advise you;

(l)    Providing testimony, as necessary, with respect to matters on which we have been engaged to advise you in any proceeding before the Bankruptcy Court; and

(m)    Providing the Company with other financial restructuring advice.

*Fees:*

2.    As consideration for the services to be provided, the Company shall pay Lazard the following fees:

(a)    A monthly fee of $200,000 (the "Monthly Fee"), payable on execution of this Agreement and on the 1st day of each month thereafter until the expiration or termination of Lazard's engagement pursuant to Section 10. One half (50%) of all Monthly Fees paid in respect of any months following the 12th month of this engagement shall be credited (without duplication) against any Restructuring/Disposition Fee payable; provided, that, in the event of a Chapter 11 filing, such credit shall only apply to the extent that the Restructuring/Disposition Fee is approved in its entirety by the Bankruptcy Court.

(b)    A fee equal to $16,000,000, payable upon the earlier of consummation of a Majority Disposition or a Restructuring (the "Restructuring/Disposition Fee");

(c)    In the event that the Company requests Lazard's assistance in connection with any disposition of a portion of the business, assets or securities of the Company that would not constitute a Majority Disposition (each, an "Other Disposition"), other than the contemplated dispositions of all or a portion of the Company's interests in the Chicago Cubs (and associated assets), Television Food Network or CareerBuilder LLC, we will mutually agree in good faith on a fee to be paid to us on consummation of any such transaction, which fee will appropriately compensate us in light of the magnitude and complexity of the Other Disposition, the fees customarily paid to investment bankers of similar standing for similar transactions and the other fees payable to Lazard hereunder;

(d)    In addition to any fees that may be payable to Lazard and, regardless of whether any transaction occurs, the Company shall promptly reimburse Lazard for all: (A) reasonable out-of-pocket expenses (including travel and lodging, data processing and communications charges, courier services and other appropriate expenditures) and (B) other reasonable out-of-pocket fees and expenses, including out-of-pocket fees and expenses of

LAZARD

counsel which are approved by the Company in advance (such approval not be unreasonably withheld), if any;

(e)    As part of the compensation payable to Lazard hereunder, the Company agrees to the indemnification, contribution and related provisions (the "Indemnification Letter") attached to this Agreement as Addendum A and incorporated herein in their entirety;

(f)    All amounts referenced hereunder reflect United States currency and shall be paid promptly in cash after such amounts accrue hereunder.

*Retention in Chapter 11 Proceedings:*

3. In the event of the commencement of chapter 11 proceedings, the Company agrees that it will use best efforts to obtain prompt authorization from the Bankruptcy Court to retain Lazard on the terms and conditions set forth in this Agreement under the provisions of Section 328(a) of the Bankruptcy Code. Subject to being so retained, Lazard agrees that during the pendency of any such proceedings, it shall continue to perform its obligations under this Agreement and that it shall file interim and final applications for allowance of the fees and expenses payable to it under the terms of this Agreement pursuant to the applicable Federal Rules of Bankruptcy Procedure, and the local rules and order of the Bankruptcy Court. The Company shall supply Lazard with a draft of the application and proposed retention order authorizing Lazard's retention sufficiently in advance of the filing of such application and proposed order to enable Lazard and its counsel to review and comment thereon. Lazard shall be under no obligation to provide any services under this agreement in the event that the Company becomes a debtor under the Bankruptcy Code unless Lazard's retention under the terms of this Agreement is approved under section 328(a) of the Bankruptcy Code by final order of the Bankruptcy Court, which order is acceptable to Lazard. The application shall note that in so agreeing to seek Lazard's retention under Section 328(a) of the Bankruptcy Code, the Company acknowledges that it believes that Lazard's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of the Company in pursuing any Restructuring, Majority Disposition, Financing and, if applicable, Other Disposition, that the value to the Company of Lazard's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amount of the deferred Restructuring/Disposition Fee and, if applicable, Other Disposition fee are reasonable regardless of the number of hours to be expended by Lazard's professionals in the performance of the services to be provided hereunder, and that the deferred Restructuring/Disposition Fee and, if applicable, Other Disposition fee shall not be considered to be "bonuses" or fee enhancements under applicable law. Lazard acknowledges that the Company's obligations pursuant to this Agreement upon the commencement of any Chapter 11 proceedings for the Company are subject to approval of this Agreement by the Bankruptcy Court.

*Other:*

4. No fee payable to any other person, by you or any other party, shall reduce or otherwise affect any fee payable hereunder to us.

LAZARD

5. The Company will furnish or cause to be furnished to Lazard such current and historical financial information and other information regarding the business of the Company as Lazard may reasonably request in connection with this engagement. The Company agrees to keep Lazard advised of all developments materially affecting the Company or its financial position. In performing its services pursuant to this Agreement, including in connection with any valuation of the Company, Lazard shall be entitled to rely upon information furnished to it by the Company or that is publicly available, may assume the accuracy and completeness of such information and shall not assume any responsibility for independent verification of any such information. Lazard will not, as part of its engagement, undertake any independent valuation or appraisal of any of the assets or liabilities of the Company or of any third party, or opine or give advice to the Board of Directors, the Company or management or shareholders with respect thereto.

6. In performing its services pursuant to this Agreement, Lazard is not assuming any responsibility for the decision of the Company or any other party to pursue (or not to pursue) any business strategy or to effect (or not to effect) any Restructuring, Majority Disposition, Other Disposition, Financing or other transaction. Lazard shall not have any obligation or responsibility to provide "crisis management" for or business consultant services to the Company, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements; nor shall Lazard be responsible for providing any tax, legal or other specialist advice.

7. It is understood and agreed that nothing contained in this Agreement shall constitute an express or implied commitment by Lazard or Lazard Capital Markets LLC or any of their respective affiliates to underwrite, place or purchase any securities in a financing or otherwise, which commitment shall only be set forth in a separate underwriting, placement agency or purchase agreement, as applicable, relating to the financing.

8. Simultaneously herewith, the parties hereto are entering into the Indemnification Letter. The Indemnification Letter shall survive any termination or expiration of this Agreement.

9. In order to coordinate our efforts on behalf of the Company during the period of our engagement hereunder, the Company will promptly inform Lazard of any material discussions, negotiations, or inquiries regarding a potential transaction, including any such discussions or inquiries that have occurred during the six month period prior to the date of this Agreement. In the event that Lazard receives an inquiry concerning any transaction, we will promptly inform the Company of such inquiry.

10. Our engagement hereunder will automatically expire on consummation of a Restructuring or Majority Disposition and may be earlier terminated by you or us at any time without liability or continuing obligation to you or us, except that following such termination and any expiration of this Agreement (a) we shall remain entitled to any fees accrued pursuant to Section 2 but not yet paid prior to such termination or expiration, as the case may be, and to reimbursement of expenses incurred prior to such termination or expiration, as the case may be, and (b) in the case of termination by the Company (other than due to Lazard's gross negligence or bad faith) and any expiration of this Agreement, (but not, for the avoidance of doubt, in the case of termination by Lazard) we shall remain entitled to full payment of all fees contemplated

LAZARD

by Section 2 hereof in respect to any Restructuring, any Majority Disposition and, if requested to provide services with respect thereto prior to termination or expiration, any Other Disposition announced or resulting from negotiations occurring during the period from the date hereof until one year following such termination or expiration, as the case may be.

11. The Company recognizes that Lazard has been engaged only by the Company and that the Company's engagement of Lazard is not deemed to be on behalf of and is not intended to confer rights upon any shareholder, partner or other owner of the Company, any creditor, lender or any other person not a party hereto as against Lazard or any of its affiliates or any of their respective directors, officers, members, agents, employees or representatives. Unless otherwise expressly agreed, no one, other than senior management or the Board of Directors of Tribune Company is authorized to rely upon the Company's engagement of Lazard or any statements, advice, opinions or conduct by Lazard. Without limiting the foregoing, any advice, written or oral, rendered to the Company's Board of Directors or management in the course of the Company's engagement of Lazard are solely for the purpose of assisting senior management or the Board of Directors of Tribune Company, as the case may be, in evaluating the Restructuring, Majority Disposition, Financing or, if applicable, Other Disposition and does not constitute a recommendation to any stakeholder of the Company that such stakeholder might or should take in connection therewith. Any advice, written or oral, rendered by Lazard may not be disclosed publicly or made available to third parties without the prior written consent of Lazard (which shall not be unnecessarily withheld), provided, however, that disclosure may be made without Lazard's consent if required by order of the Bankruptcy Court or by applicable law. Notwithstanding the foregoing, nothing herein shall prohibit you from disclosing to any and all persons the tax treatment and tax structure of any transaction and the portions of any materials that relate to such tax treatment or tax structure. Lazard's role herein is that of an independent contractor; nothing herein is intended to create or shall be construed as creating a fiduciary relationship between Lazard and the Company or its Board of Directors.

12. In connection with the services to be provided hereunder, Lazard may employ the services of its affiliates and Lazard Capital Markets LLC and may share with any such entity any information concerning the Company, provided that Lazard and such entities shall hold any non-public information confidential in accordance with their respective customary policies relating to nonpublic information. Any such entity so employed shall be entitled to all of the benefits afforded to Lazard hereunder and under the Indemnification Letter and shall be entitled to be reimbursed for its costs and expenses on the same basis as Lazard.

13. The provisions hereof shall inure to the benefits of and be binding upon the successors and assigns of the Company, Lazard and any other person entitled to indemnity under the Indemnification Letter. You agree that the Company's obligations pursuant to this Agreement shall be joint and several. This Agreement and the related Indemnification Letter embody the entire agreement and understanding among the parties hereto and supersedes any and all prior agreements, arrangements, and understandings, related to the matters provided for herein.

14. This Agreement and any claim related directly or indirectly to this Agreement (including any claim concerning advice provided pursuant to this Agreement) shall be governed by and construed in accordance with the laws of the State of New York without regard to the

LAZARD

principle of conflicts of law.  No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York or in the United States District Court or Bankruptcy Court for the District of Delaware, and each of the parties hereby submits to the jurisdiction of such courts.  The Company hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding.  The Company waives all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of the engagement of Lazard pursuant to, or the performance by Lazard of the services contemplated by, this Agreement.

LAZARD

Tribune Company
December 2, 2008
Page 8

If the foregoing Agreement is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _____

John Chachas
Managing Director

Accepted and Agreed to as of the date first written above.

TRIBUNE COMPANY, on behalf of itself
and its controlled subsidiaries

By. _____

Chandler Bigelow
Senior Vice President & Chief Financial Officer

# EXHIBIT B

# Retention Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 147** |

## CONSENT ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN LAZARD FRÈRES & CO. LLC AS INVESTMENT BANKER AND FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. §§ 327(a), 328(a) AND 1107, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of the above-captioned debtors and debtors in possession

(each a "Debtor" and collectively, the "Debtors") for an order authorizing the employment and

retention of Lazard Frères & Co. LLC ("Lazard") as investment banker to the Debtors pursuant

to sections 327(a), 328(a) and 1107 of title 11 of the United States Code (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (1351); KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

Code"), nunc pro tunc to the Petition Date; and upon consideration of the Application and all

pleadings related thereto, including the Millstein Declaration and the Supplemental Declaration

of James E. Millstein in support of the Application (D.I. 419); and the Court finding that (a) the

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Application

was due and proper under the circumstances; and it appearing that the relief requested in the

Application is in the best interests of the Debtors, their estates and creditors; and it appearing that

Lazard neither holds nor represents any interest adverse to the Debtors or their estates with

respect to the matters on which Lazard is to be employed and is a "disinterested person" as

required by section 327(a); and after due deliberation, and good and sufficient cause appearing

therefore, it is hereby

ORDERED, that the Application is granted as provided herein; and it is

further

ORDERED, that, as modified by this Order, and in accordance with

Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014, and Local Rule 2014-1,

the Debtors are authorized to employ and retain Lazard in accordance with the terms and

conditions set forth in the Application, the Engagement Letter and the Indemnification Letter,

effective nunc pro tunc to the Petition Date; and it is further

ORDERED, that subject to the following "ORDERED" paragraph of this

Order, Lazard shall be compensated in accordance with the terms of the Lazard Agreement, and,

in particular, all of Lazard's fees and expenses in these cases, excepting Other Disposition Fees,

which remain subject to further notice and Court approval, but including without limitation the

Monthly Fee and the Restructuring/Disposition Fee (as defined in the Engagement Letter and

further modified by this Order), are approved pursuant to Bankruptcy Code section 328(a); and it is further

ORDERED that, notwithstanding anything to the contrary in this Order, the U.S. Trustee shall retain the right and be entitled to object to the Monthly Fees, the Restructuring/Disposition Fee and any Other Disposition Fee based on the reasonableness standard under Bankruptcy Code sections 330 and 331. The Debtors and Lazard further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Lazard's compensation under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Lazard's compensation; and it is further

ORDERED, that notwithstanding anything in the Engagement Letter to the contrary, Lazard shall file fee applications for monthly, interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, and the Debtors are authorized to pay such compensation consistent with (and subject to the limitations of) the aforementioned authority; provided, however, that Lazard shall be compensated and reimbursed in accordance with the two prior "ORDERED" paragraphs of this Order; and it is further

ORDERED, that the Restructuring/Disposition Fee is reduced from $16 million to $14 million; and it is further

ORDERED, that Lazard shall not seek reimbursement for the fees and

expenses of its counsel that were incurred in connection with the prosecution of the Application;

and it is further

ORDERED, that paragraph 4 of the Engagement Letter shall not preclude

this Court from ordering appropriate remedies in the event that these cases are found to be

administratively insolvent; and it is further

ORDERED, that nothing in the Application, the Millstein Declaration, or

the Engagement Letter shall be construed to authorize the sharing of compensation in

contravention of Bankruptcy Code section 504; and it is further

ORDERED, that none of the fees payable to Lazard shall constitute a

"bonus" or be considered a fee enhancement under applicable law; and it is further

ORDERED, that notwithstanding anything to the contrary in the

Bankruptcy Code, the Bankruptcy Rules, orders of this Court, or any guidelines regarding

submission and approval of fee applications, in light of services to be provided by Lazard and the

structure of Lazard's compensation pursuant to the Engagement Letter, Lazard and its

professionals shall be granted a limited waiver of the information requirements set forth in Local

Rule 2016-2 to keep time records in 1/2-hour increments; and it is further

ORDERED, that the provisions set forth in the Indemnification Letter are

approved, subject during the pendency of these cases to the following:

> (a) subject to the provisions of subparagraph (d), _infra_, the Debtors are
> authorized to indemnify, and to provide contribution and reimbursement
> to, and shall indemnify, and provide contribution and reimbursement to,
> the Indemnified Persons (as defined in the Indemnification Letter) in
> accordance with the Indemnification Letter for any claim arising from,
> related to, or in connection with the services provided for in the
> Engagement Letter;

(b) notwithstanding any provisions of the Indemnification Letter to the contrary, the Debtors shall have no obligation to indemnify Lazard or provide contribution or reimbursement to Lazard (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Lazard's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Lazard's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to In re United Artists Theatre Company, et. al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (d), infra, to be a claim or expense for which Lazard should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Letter, as modified by this Order;

(c) if during the pendency of the Debtors' cases the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above and Lazard makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso set forth in the second sentence of the contribution provisions in the Indemnification Letter shall not apply; and

(d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Lazard believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Letter (as modified by this Order), including without limitation the advancement of defense costs, Lazard must file an application therefor in this Court, and the Debtors may not pay any such amounts to Lazard before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for compensation and expenses by Lazard for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Lazard.

and it is further;

ORDERED, that the Debtors are authorized and empowered to take, and shall take, all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that notwithstanding the possible applicability of Bankruptcy

Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be

immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
           , 2009

_____
UNITED STATES BANKRUPTCY JUDGE


SIDLEY AUSTIN LLP

James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Candice L. Kline
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036


By:_____
   Attorneys for Tribune Company

SONNENSCHEIN NATH & ROSENTHAL LLP

Thomas A. Labuda, Jr.
7800 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
312-876-8000
312-876-7934


By: _____
   Attorneys for Lazard Frères & Co. LLC

ORDERED, that notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
March 13, 2009

_____
UNITED STATES BANKRUPTCY JUDGE


**SIDLEY AUSTIN LLP**

James F. Conlan
Bryan Krakauer
Kevin T. Lantry
Candice L. Kline
One South Dearborn Street
Chicago, Illinois 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036


By: _____
Attorneys for Tribune Company


**SONNENSCHEIN NATH & ROSENTHAL LLP**

Thomas A. Labuda, Jr.
7800 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
312-876-8000
312-876-7934


By: _____
Attorneys for Lazard Frères & Co. LLC

# EXHIBIT C

## Details of Hours Expended

**Tribune Company**
**Lazard Frères & Co. LLC**
**April 1, 2010 - April 30, 2010**
Summary of Services Rendered by Project

| Project # | Project Description | April |
|---|---|---|
| 1 | Interface with Professionals, Official Committees, and Other Parties-In-Interest | 36.5 |
| 2 | Business Operations Planning, Monitoring, Reporting and Analysis, and Projections | 0.0 |
| 3 | Preparation and/or Review of Court Filings | 11.0 |
| 4 | Court Testimony/Deposition and Preparation | 5.0 |
| 5 | Valuation Analysis | 26.0 |
| 6 | Capital Structure Review and Analysis | 0.0 |
| 7 | Merger & Acquisition Activity | 0.0 |
| 8 | Financing Including DIP and Exit Financing | 0.0 |
| 9 | General Corporate Finance, Research and Analysis, and Other Due Diligence | 5.0 |
| 10 | Fee Application, Engagement | 1.5 |
| 11 | Employee Retention Program | 0.0 |
| **TOTAL** | | **85.0** |

Summary of Services Rendered by Professional

| Name | April |
|---|---|
| David S. Kurtz, Managing Director | 28.0 |
| Suneel Mandava, Director | 21.3 |
| Ricardo Llanos, Director | 12.5 |
| Amit Gaind, Analyst | 12.5 |
| Jacob Chase, Analyst | 10.8 |
| **TOTAL** | **85.0** |

**Tribune Company**
Time Detail
Lazard Frères & Co. LLC
David Kurtz - Managing Director

| Date: | Description of Work: | Hours: | Code |
|---|---|---|---|
| 04/12/10 | Travel to Wilmington | 3.5 | 1 |
| 04/12/10 | Prepare for Hearing | 1.5 | 1 |
| 04/13/10 | Pepare for and attend court hearing | 5.0 | 4 |
| 04/16/10 | Travel to New York | 3.5 | 1 |
| 04/16/10 | Meeting with settlement parties and Wilmington Trust | 3.0 | 1 |
| 04/17/10 | Return to Chicago | 4.0 | 1 |
| 04/25/10 | Travel to Los Angeles | 5.0 | 1 |
| 04/26/10 | Meeting with Company and Oaktree regarding plan | 2.5 | 1 |
| **April Hours** | | **28.0** | |

**Tribune Company**
Time Detail
Lazard Frères & Co. LLC
Suneel Mandava - Director

| Date: | Description of Work: | Hours: | Code |
|-------|----------------------|--------|------|
| 04/04/10 | Call with Sidley and A&M re plan support agreement | 1.0 | 1 |
| 04/05/10 | Call with Sidley and bank agent advisors re plan terms | 1.0 | 1 |
| 04/05/10 | Review value/currency allocation model | 1.0 | 9 |
| 04/05/10 | Review plan support agreement | 2.0 | 3 |
| 04/06/10 | Review POR | 1.0 | 3 |
| 04/08/10 | Update valuation ds write up and discussion with company | 0.5 | 3 |
| 04/09/10 | Review DS comments and call with Company and advisors to discuss | 1.5 | 3 |
| 04/10/10 | Review DS/POR comment | 1.5 | 3 |
| 04/12/10 | Travel to Wilmington | 4.5 | 1 |
| 04/12/10 | Meeting with sidley to prepare for hearing | 0.5 | 1 |
| 04/12/10 | Review settlement matrix materials | 1.5 | 9 |
| 04/14/10 | Call with creditor | 1.0 | 1 |
| 04/15/10 | Call with creditors to discuss WTC meeting | 1.0 | 1 |
| 04/15/10 | Review warrant analysis | 1.0 | 9 |
| 04/16/10 | Prep call for meeting with WTC | 1.0 | 1 |
| 04/16/10 | Meeting with WTC | 1.3 | 1 |
| **April Hours** | | **21.3** | |

**Tribune Company**
Time Detail
Lazard Frères & Co. LLC
Ricardo Llanos - Director

| Date: | Description of Work: | Hours: | Code |
|-------|---------------------|--------|------|
| 04/14/10 | Internal call to discuss valuation | 1.5 | 5 |
| 04/14/10 | Update TCC valuation | 10.0 | 5 |
| 04/22/10 | TCC - Call to discuss revised valuation | 1.0 | 5 |
| | **April Hours** | **12.5** | |

**Tribune Company**
Time Detail
Lazard Frères & Co. LLC
Amit Gaind - Analyst

| Date: | Description of Work: | Hours: | Code |
|---|---|---|---|
| 04/14/10 | Internal call to discuss valuation | 1.5 | 5 |
| 04/14/10 | Update TCC valuation | 10.0 | 5 |
| 04/22/10 | TCC - Call to discuss revised valuation | 1.0 | 5 |
| **April Hours** | | **12.5** | |

**Tribune Company**
Time Detail
Lazard Frères & Co. LLC
Jacob Chase - Analyst

| Date: | Description of Work: | Hours: | Code |
|-------|----------------------|--------|------|
| 04/12/10 | Review Senior Lenders Objection | 0.5 | 3 |
| 04/12/10 | Produce hearing back-up materials | 4.0 | 3 |
| 04/14/10 | Call to discuss valuation | 1.0 | 5 |
| 04/14/10 | Review & update fee applications | 1.5 | 10 |
| 04/15/10 | Call with creditors to discuss WTC meeting | 1.0 | 1 |
| 04/15/10 | Produce warrant analysis | 1.5 | 9 |
| 04/16/10 | Meeting with WTC | 1.3 | 1 |
| **April Hours** | | **10.8** | |

# EXHIBIT D

## Fee Calculation

**Tribune Co.**
**Monthly Statement**
**Lazard Frères & Co. LLC**

**April 1, 2010 - April 30, 2010**

### Fee Calculation

| Item | Amount Incurred |
|------|---------------:|
| Monthly Fees: April 1, 2010 - April 30, 2010 | 200,000.00 |
| **TOTAL** | **$200,000.00** |

### Summary of Out-of-Pocket Expenses [1]

| Item | Amount Incurred |
|------|---------------:|
| Car Services and Taxis | $1,443.22 |
| Courier/Shipping | 33.75 |
| Electronic Information Service | 706.44 |
| Employee Meals | 630.30 |
| Meals-Meetings/Travel | 97.19 |
| Photocopying Costs | 144.20 |
| Telephone/Telex/Fax-Usage | 115.71 |
| Temporary Wages | 0.00 |
| Travel | 7,163.62 |
| **TOTAL** | **$10,334.43** |

[1]    *Additional expense detail will be furnished upon request.*

Tribune_NYC03862_Apr 10.XLS

# L A Z A R D

Currency: USD - US Dollar

Expense Details

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03862 - Tribune Co.

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| OPENING BALANCE | 1/1/1900 | | 0.00 |
| **Car Services and Taxis** | | | |
| | 4/8/2010 | Chase-C 02/05/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/8/2010 | Chase-C 02/09/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/8/2010 | Chase-C 02/10/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/8/2010 | Chase-C 02/15/2010 00:00 Origin: 190 S LaSalle Dest: 2020 N Lincoln Park / UNITED DISPATCH | 10.65 |
| | 4/8/2010 | Chase-C 02/15/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 18.00 |
| | 4/8/2010 | Chase-C 02/16/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.80 |
| | 4/8/2010 | Chase-C 02/17/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.00 |
| | 4/8/2010 | Chase-C 02/18/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/8/2010 | Chase-C 02/19/2010 00:00 Origin: 190 S LaSalle Dest: N Dayton/2020 N LP / UNITED DISPATCH | 20.00 |
| | 4/8/2010 | Chase-C 02/24/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/8/2010 | Chase-C 02/25/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.80 |
| | 4/9/2010 | Chase-C 03/04/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/9/2010 | Chase-C 03/08/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/9/2010 | Chase-C 03/11/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.00 |
| | 4/23/2010 | Chase-C 03/11/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/23/2010 | Chase-C 03/15/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/23/2010 | Chase-C 03/16/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/23/2010 | Chase-C 03/20/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 19.00 |
| | 4/23/2010 | Chase-C 03/23/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/23/2010 | Chase-C 03/26/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/23/2010 | Chase-C 03/30/2010 00:00 Origin: 190 S LaSalle Dest: 516 W Melrose / UNITED DISPATCH | 17.50 |
| | 4/13/2010 | Chase-Cab Co. Chgo from Trib 2/24 02/24/2010 | 8.00 |
| | 4/13/2010 | Chase-Cab Co. to Trib 3/10 03/10/2010 | 8.00 |
| | 4/13/2010 | Chase-Taxi Affl Chgo from Trib 2/25 02/25/2010 | 7.00 |
| | 4/13/2010 | Chase-Taxi Affl Chgo to home 2/21 02/21/2010 | 18.00 |
| | 4/13/2010 | Chase-Taxi Affl Chgo to home 3/13 03/13/2010 | 18.00 |
| | 4/13/2010 | Chase-Taxi Asso Chgo to home 2/20 02/20/2010 | 18.00 |
| | 4/13/2010 | Chase-Taxi Asso Chgo to Trib 2/24 02/24/2010 | 8.00 |
| | 4/13/2010 | Chase-Taxi Asso Chgo to Trib 2/25 02/25/2010 | 8.00 |
| | 4/12/2010 | Kurtz-CHI Office to O'Hare 02/02/2010 | 75.00 |
| | 4/12/2010 | Kurtz-CHI O'Hare to Home 02/04/2010 | 75.00 |
| | 4/12/2010 | Kurtz-DelrayBeach to FtLaud Airport 02/17/2010 | 74.94 |

Tribune_NYC03862_Apr 10.XLS

# L A Z A R D

Expense Details

Currency: USD - US Dollar

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03862 - Tribune Co.

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| **Car Services and Taxis** | | | |
| | 4/12/2010 | Kurtz-NYC Hotel to Laguardia 03/02/2010 | 70.00 |
| | 4/12/2010 | Kurtz-NYC Hotel-LGA 03/09/2010 | 70.00 |
| | 4/12/2010 | Kurtz-Phila Airport to Wlmgton Hotel 02/18/2010 | 76.77 |
| | 4/28/2010 | Kurtz-R 03/01/2010 15:00 Origin: LGA AIRPORT Dest: 51 ST/MADISON / ROYAL DISPATCH | 73.73 |
| | 4/28/2010 | Kurtz-R 03/08/2010 14:01 Origin: LGA AIRPORT Dest: 455 MADISON AVE / ROYAL DISPATCH | 73.73 |
| | 4/12/2010 | Kurtz-Wilm Court to Phila Airport 02/18/2010 | 78.38 |
| | 4/12/2010 | Kurtz-Wilm Court to Phila Airport 02/18/2010 | 78.00 |
| | 4/12/2010 | Kurtz-WPBeach Apt to Boca Hotel 02/19/2010 | 62.41 |
| | 4/23/2010 | Llanos-Roldan-Taxi to meeting 02/08/2010 | 5.80 |
| | 4/13/2010 | Mandava-CHI Home to O'Hare 02/02/2010 | 72.00 |
| | 4/13/2010 | Mandava-CHI Home to O'Hare 02/17/2010 | 72.00 |
| | 4/28/2010 | Sinatra-R 03/27/2010 21:07 Origin: 50 W 50TH ST Dest: E HOUSTON ST / ROYAL DISPATCH | 27.72 |
| | | Subtotal: | 1,443.22 |
| **Couriers / Shipping** | | | |
| | 4/20/2010 | MESSENGER SERVICE / N.Y. MINUTE MESSENGER | 33.75 |
| | | Subtotal: | 33.75 |
| **Electronic Information Service** | | | |
| | 4/9/2010 | BARRA CHARGEBACKS JAN 10 / BARRA INC | 120.66 |
| | 4/12/2010 | BARRA CHARGEBACKS DEC 09 / BARRA INC | 67.83 |
| | 4/13/2010 | INVESTEXT JAN 10 DELHI USAGE / THOMSON REUTERS (MARKETS) LLC | 487.52 |
| | 4/26/2010 | LEXIS NEXIS MAR 10 USAGE / LEXIS-NEXIS | 22.91 |
| | 4/28/2010 | PACER Q1 2010 1/1/10-3/31/10 / PACER SERVICE CENTER | 7.52 |
| | | Subtotal: | 706.44 |
| **Employee Meals** | | | |
| | 4/13/2010 | Chase-7-ELVN Chgo Din for 1 2/19 02/19/2010 | 10.57 |
| | 4/13/2010 | Chase-CHPTL Chgo Din for 1 3/11 03/11/2010 | 13.63 |
| | 4/13/2010 | Chase-CHPTL Chgo lunc for 1 3/13 03/13/2010 | 11.34 |
| | 4/13/2010 | Chase-CHPTLE Chgo Din for 1 2/19 02/19/2010 | 11.88 |
| | 4/13/2010 | Chase-CHPTLE Chgo lunc for 1 2/15 02/15/2010 | 11.88 |
| | 4/13/2010 | Chase-ELEPHANT CHI Din 3 people 3/14 03/14/2010 | 20.00 |
| | 4/13/2010 | Chase-ELPHNT Chgo Din 6 ppl 3/12 03/12/2010 | 20.00 |
| | 4/13/2010 | Chase-FRESH Chgo Din for 2/13 02/13/2010 | 14.05 |
| | 4/13/2010 | Chase-FRESH Chgo Din for 1 2/17 02/17/2010 | 20.00 |
| | 4/13/2010 | Chase-FRESH Chgo Din for 1 3/8 03/08/2010 | 20.00 |
| | 4/13/2010 | Chase-Maggiano Chgo Din 11 ppl 3/4 03/05/2010 | 20.00 |

Tribune_NYC03862_Apr 10.XLS

# L A Z A R D

Currency: USD - US Dollar

Expense Details

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03862 - Tribune Co.

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| **Employee Meals** | 4/13/2010 | Chase-ROSE Chgo Din 1 person 2/15 02/15/2010 | 20.00 |
| | 4/13/2010 | Chase-ROSE Chgo Din 2 ppl 2/18 02/18/2010 | 20.00 |
| | 4/13/2010 | Chase-ROSE Chgo Din for 1 2/26 02/26/2010 | 20.00 |
| | 4/13/2010 | Chase-ROSE Chgo Din for 1 3/10 03/10/2010 | 20.00 |
| | 4/13/2010 | Chase-TEA Chgo lunc for 1 2/20 02/20/2010 | 9.77 |
| | 4/27/2010 | Gaind-M 01-APR-2010 Akdeniz / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 05-APR-2010 Serafina at the / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 07-APR-2010 Akdeniz / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 08-APR-2010 Aceluck / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 15-APR-2010 Unsav / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 16-APR-2010 AJ Maxwell's / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 22-MAR-2010 Blake & Todd / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 24-MAR-2010 Energy Kitchen (/ SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 29-MAR-2010 Akdeniz / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Gaind-M 30-MAR-2010 Aceluck / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/26/2010 | Gaind-SUBWAY 102325232551 NEW YORK 03/15/2010 | 16.36 |
| | 4/26/2010 | Gaind-SUBWAY 102325232551 NEW YORK 03/23/2010 | 16.02 |
| | 4/26/2010 | Gaind-SUBWAY 102325232551 NEW YORK 03/31/2010 | 15.93 |
| | 4/26/2010 | Gaind-SUBWAY 102325232551 NEW YORK 04/06/2010 | 18.87 |
| | 4/27/2010 | Levy-M 02-APR-2010 Blockheads Burri / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/13/2010 | Maloney-ELPHNT Chgo Din 6 ppl 3/12 03/12/2010 | 20.00 |
| | 4/13/2010 | Mandava-CPK Chgo Din 5 ppl 2/16 02/17/2010 | 20.00 |
| | 4/27/2010 | Silaski-M 06-APR-2010 Amish Market Wes / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | 4/27/2010 | Sinatra-M 27-MAR-2010 Lilli and Loo / SEAMLESSWEB PROFESSIONAL | 20.00 |
| | | Subtotal: | 630.30 |
| **Meals-Meetings/Travel** | 4/12/2010 | Kurtz-NYC Bkfst (1) Room Service 03/02/2010 | 15.00 |
| | 4/12/2010 | Kurtz-NYC Bkfst (1) Room Service 03/08/2010 | 15.00 |
| | 4/12/2010 | Kurtz-NYC Dinner (1) Istana 03/08/2010 | 27.54 |
| | 4/12/2010 | Kurtz-Wilm Bkfst (1) Room Service 02/18/2010 | 15.00 |
| | 4/12/2010 | Kurtz-CHI Bkfst (1) Ciao O'Hare 03/01/2010 | 14.73 |
| | 4/13/2010 | Mandava-Phil Lunch (1) Cosi 02/17/2010 | 9.92 |
| | | Subtotal: | 97.19 |

Tribune_NYC03862_Apr 10.XLS

# L A Z A R D

Currency: USD - US Dollar

Expense Details

## DEAL OPEN ITEMS BY CATEGORY

### ALL EXPENSES

### NYC03862 - Tribune Co.

| EXPENSE TYPE | TRANS DATE | DESCRIPTION | BALANCE |
|---|---|---|---|
| **Photocopying Costs** | | | |
| | 4/30/2010 | CPYCNTR JOBS DONE IN 03/10 / NON VENDOR (AP JOURNALS) | 144.20 |
| | | Subtotal: | 144.20 |
| **Telephone/Telex/Fax-Usage/Re** | | | |
| | 4/8/2010 | CONFERENCE CALLS (MAR '10) / PREMIERE GLOBAL SERVICES | 12.29 |
| | 4/19/2010 | CONFERENCE CALLS (FEB '10) / PREMIERE GLOBAL SERVICES | 103.42 |
| | | Subtotal: | 115.71 |
| **Travel** | | | |
| | 4/12/2010 | Kurz-FtLaud - Phil (Coach) United 02/17/2010 | 912.70 |
| | 4/12/2010 | Kurz-Phila-WPBeach (Co) USAirways 02/18/2010 | 909.70 |
| | 4/12/2010 | Kurz-CHI-NYC (Coach) United 03/08/2010 | 729.70 |
| | 4/12/2010 | Kurz-NYC-CHI (Coach) United 03/09/2010 | 729.70 |
| | 4/12/2010 | Kurz-CHI-NYC (Coach) United 03/01/2010 | 729.70 |
| | 4/12/2010 | Kurz-NYC-CHI (Coach) United 03/02/2010 | 729.70 |
| | 4/12/2010 | Kurz-Wilm 1nt DuPont Hotel BR $350 02/17/2010 | 399.52 |
| | 4/12/2010 | Kurz-NYC 1nt NY Palace BR $305 03/08/2010 | 353.49 |
| | 4/12/2010 | Kurz-NYC 1nt NY Palace BR $305 03/01/2010 | 353.49 |
| | 4/13/2010 | Mandava-CHI-Phil (Coach) United 02/17/2010 | 644.70 |
| | 4/13/2010 | Mandava-Wilm 1nt Hotel DuPont BR $350 02/19/2010 | 399.52 |
| | 4/13/2010 | Mandava-Phila-CHI (Coach) United 02/18/2010 | 229.70 |
| | 4/13/2010 | Mandava-Phila - Wilmgton Amtrak 02/17/2010 | 42.00 |
| | | Subtotal: | 7,163.62 |

CLOSING BALANCE as of 4/30/2010  10,334.43