## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

Hearing Date: August 19, 2010 at 4:00 p.m. ET
Response Deadline: August 12, 2010 at 4:00 p.m. ET

### DEBTORS' THIRTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this Objection should locate their name(s) and claim number(s) on Schedule 1 attached hereto to learn which of the lettered exhibits, Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, or Exhibit H contains the grounds for the objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **Your rights may be affected by this Objection and by any further objection that may be filed by the Debtors.**
>
> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, or Exhibit H to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this thirty-fourth omnibus objection to claims (the "Objection"), which Objection covers each of the claims (the "Disputed Claims") set forth on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, and Exhibit H attached hereto and to the proposed form of order submitted herewith, pursuant to Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). By this Objection, the Debtors request entry of an order modifying each of the Disputed Claims identified on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, and Exhibit H to reduce, fix, reassign, change the classification of and/or change the priority of such claims as indicated in further detail below. In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "Bigelow Declaration"), attached hereto as Exhibit I. In further support, the Debtors respectfully represent as follows:

## STATUS OF THE CASE

1.      On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy

2

Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  [Docket Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties and have continued to operate and maintain their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").  No request has been made for the appointment of a trustee.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND OF THE DEBTORS' CLAIMS PROCESS

6.      On March 23, 2009, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently amended on April 13, 2009 [Docket Nos. 894-957], on June 12, 2009 [Docket Nos. 1343-1453],

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

on March 2, 2010 [Docket Nos. 3548-3599], and on May 14, 2010 [Docket No. 4388] (collectively, the "Schedules").[3]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i) establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final date and time for all persons and entities holding or asserting a claim against the Debtors arising on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11 cases and (ii) approving the form and manner of notice of the Bar Date.[4]

8.      Written notice of the Bar Date was mailed to, among others, all known creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the *Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9.      To date, approximately 6,564 Proofs of Claim have been filed in these chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to assist with claims processing in these chapter 11 cases (the "Claims Agent").

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 [CNLBC Docket Nos. 8 and 9], which were subsequently amended on December 9, 2009 [Docket No. 2779] and May 14, 2010 [Docket No. 4389].

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC is July 26, 2010.  See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 [Docket No. 4709].

4

## RELIEF REQUESTED

10.     By this Objection, the Debtors seek entry of an Order, pursuant to Section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1,

granting the following relief with respect to the Disputed Claims:

      a)    reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit A (the "Modified Amount Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount Claims after reconciling such claims with their books and records;

      b)    (i) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit B (the "Modified Amount, Modified Debtor Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Debtor Claims after reconciling such claims with their books and records, and (ii) reassigning each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim;

      c)    (i) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit C (the "Modified Amount, Reclassified Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Reclassified Claims after reconciling such claims with their books and records, and (ii) reclassifying, in whole or in part, each of such claims from secured to unsecured as indicated under the column heading "Modified Classification Status";

      d)    (i) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit D (the "Modified Amount, Modified Priority Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Priority Claims after reconciling such claims with their books and records, and (ii) modifying the priority, in whole or in part, of each of such claims from priority to non-priority as indicated under the column heading "Modified Priority Status";

      e)    (i) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit E (the "Modified Amount, Reclassified, Modified

5

Priority Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Reclassified, Modified Priority Claims after reconciling such claims with their books and records, (ii) reclassifying, in whole or in part, each of such claims from secured to unsecured and (iii) modifying the priority, in whole or in part, of each of such claims from priority to non-priority, each as indicated under the column heading "Modified Classification and Priority Status";

f)    (i) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit F (the "Modified Amount, Modified Debtor, Reclassified Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount , Modified Debtor, Reclassified Claims after reconciling such claims with their books and records, (ii) reassigning each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim, and (iii) reclassifying, in whole or in part, each of such claims from secured to unsecured as indicated under the column heading "Modified Classification Status";

g)    (i) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit G (the "Modified Amount, Modified Debtor, Modified Priority Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Debtor, Modified Priority Claims after reconciling such claims with their books and records, (ii) reassigning each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim, and (iii) modifying the priority, in whole or in part, of each of such claims from priority to non-priority as indicated under the column heading "Modified Priority Status";

h)    (i) reducing and/or fixing the value of each of the Disputed Claims identified on Exhibit H (the "Modified Amount, Modified Debtor, Reclassified, Modified Priority Claims") to the dollar value listed under the column heading "Modified Amount," which corresponds to the amount the Debtors believe is owed by the applicable Debtor on account of the Modified Amount, Modified Debtor, Reclassified, Modified Priority Claims after reconciling such claims with their books and records, (ii) reassigning each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim, (iii) reclassifying, in whole or in part, each of such claims from secured to unsecured and (iv) modifying the priority, in whole or in part, of each of such claims from priority to non-priority, each

as indicated under the column heading "Modified Classification and Priority Status"; and

i)    authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed Order.

11.    This Objection complies in all respects with Local Rule 3007-1.  To the extent that this Objection does not comply in all respects with Local Rule 3007-1, the Debtors submit that such deviations are not material and respectfully request that such requirement be waived.

## BASIS FOR OBJECTION

12.    Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1)    such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1).

13.    The Debtors have objected to each of the 132 Disputed Claims, in the aggregate amount of $2,746,728.84 (including certain undetermined amounts), identified on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, and Exhibit H attached hereto, on the basis that each of such claims was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed.  If the relief requested herein is granted, the Disputed Claims will be reduced and allowed at the

aggregate amount of $1,648,194.44, reflecting an aggregate reduction of $1,098,534.40 from the

amount currently set forth on the Debtors' Claims Register.

14.    In addition to modifying the claim amount, the Debtors seek to further

modify each of the Disputed Claims identified on Exhibit B through Exhibit H on one or more of

the following other grounds:

> (i) to modify the Debtor in instances where the claim was filed against the incorrect Debtor or failed to specify the particular Debtor against which the claim is properly asserted;
>
> (ii) to reclassify the claim in instances where the claim was filed as secured but where the supporting documentation, the Debtors' books and records, and/or applicable law indicate the claim is unsecured, and
>
> (iii) to modify the priority of the claim in instances where the claim was filed as priority but where the supporting documentation, the Debtors' books and records, and/or applicable law indicate the claim is non-priority.

15.    In most instances, the difference in value between the amounts asserted in

the Disputed Claims and the amounts reflected in the Debtors' books and records can be

attributed to partial payments made to the creditors in the ordinary course of business prior to the

commencement of the Debtors' chapter 11 cases or to a variation in the calculation of the

appropriate pro-rata split for invoices covering both the pre- and post-petition period.  In other

words, the Debtors believe that many of the Disputed Claims have been satisfied in part and that

payment in full of the asserted amount of such claims would result in an overpayment to such

creditors.  In certain other instances, the Disputed Claim was either filed without supporting

documentation or was asserted as being undetermined in amount, while the Debtors' books and

records reflect an amount that the Debtors agree is owed to such creditor.  Finally, certain of the

Disputed Claims assert the same underlying liability in multiple places on the face of the Proof

of Claim, e.g., as a general unsecured liability, a secured liability, and/or a priority liability, such

that the total "calculated claim amount" as it appears in the Claims Register is many times higher

8

than what the Debtors believe was the claimant's intended claim amount. The Debtors have included such claims in the Objection to correct the Claims Register.

16.     Consequently, the Debtors believe that the amount of the Disputed Claims should be modified by reducing and/or fixing the value of such claims to the dollar values listed under the column titled "Modified Amount" on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, and Exhibit H. The Debtors believe that the amounts listed under the column heading "Modified Amount" on Exhibit A though Exhibit H accurately reflect the amounts owed by the correct Debtors on account of the Disputed Claims at the correct classification and priority for each of such claims. A failure to modify these claims as set forth herein and on Exhibit A though Exhibit H would result in a claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these chapter 11 cases.

A.     **Modified Amount Claims**

17.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the 42 Modified Amount Claims on Exhibit A hereto, in the aggregate amount of $309,481.75 (including certain undetermined amounts), each of which is either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) is asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed. If the relief requested herein is granted, the Modified Amount Claims on Exhibit A will be reduced and/or fixed at and allowed in the aggregate amount of $178,347.28, at the dollar value listed for each such claim under the column heading "Modified Amount."

**B.**     **Modified Amount, Modified Debtor Claims**

18.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the 53 Modified Amount, Modified Debtor Claims on Exhibit B hereto, in the aggregate amount of $2,055,956.99 (including certain undetermined amounts), each of which (a) was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed; and (b) failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted.

19.     In general, the Debtors seek to modify the Debtor on the Modified Amount, Modified Debtor Claims because the applicable line on the Proof of Claim was left blank and no Debtor was asserted, a Debtor's trade name was used rather than the legal entity name, or a single Proof of Claim was improperly asserted against multiple Debtors. Others of the Modified Amount, Modified Debtor Claims were asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is properly owed by a different Debtor. The Debtors propose that the Modified Amount, Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as having liability to the creditor, as indicated on Exhibit B under the column heading "Modified Debtor." In some instances, as noted on Exhibit B, the Debtors propose to allocate the claimant's claim to more than one Debtor, in the amounts specified therein. This re-allocation of

10

certain claim amounts is based upon the Debtors' review of the supporting documentation attached to the claim, including in instances where invoices against more than one Debtor were appended to a single Proof of Claim.

20.     The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases.  If the relief requested herein is granted, the Modified Amount, Modified Debtor Claims on <u>Exhibit B</u> will be reduced and/or fixed at and allowed in the aggregate amount of $1,409,760.91, at the dollar value listed for each such claim under the column heading "Modified Amount," against the Debtor specified under the column heading "Modified Debtor."

C.     <u>Modified Amount, Reclassified Claims</u>

21.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the 7 Modified Amount, Reclassified Claims on <u>Exhibit C</u> hereto, in the aggregate amount of $52,083.33 (including certain undetermined amounts), each of which (a) was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed; and (b) asserted that all or a portion of the claim is entitled to secured status, which the Debtors have determined is inaccurate.

22.     Specifically, the Debtors have determined that the Modified Amount, Reclassified Claims are not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the secured status set forth in the Proof of Claim.  In many instances, the documentation submitted in support of the Proof of Claim is insufficient to allow the Debtors to determine the

11

nature or perfection of the purported security interest, the property against which such purported security interest is asserted, and/or the basis for the purported security interest. As a result, the Debtors believe that these claims should be reclassified, in whole or in part, from secured to unsecured as indicated under the column heading "Modified Classification Status" on <u>Exhibit C</u>.

23.    The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases at the appropriate classification. If the relief requested herein is granted, the Modified Amount, Reclassified Claims on <u>Exhibit C</u> will be reduced and/or fixed at and allowed in the aggregate amount of $14,035.43, at the dollar value listed for each such claim under the column heading "Modified Amount," at the classification specified under the column heading "Modified Classification Status."

**D.    Modified Amount, Modified Priority Claims**

24.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the 16 Modified Amount, Modified Priority Claims on <u>Exhibit D</u> hereto, in the aggregate amount of $31,119.38 (including certain undetermined amounts), each of which (a) was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed; and (b) asserted that all or a portion of the claim is entitled to secured status, which the Debtors have determined is inaccurate.

25.    Specifically, the Debtors have determined that the Modified Amount, Modified Priority Claims are not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the priority set forth in the Proof of Claim. In most instances, the

12

documentation submitted in support of the Proof of Claim is insufficient to allow the Debtors to

determine the statutory basis for the asserted priority.  In other instances, the statutory basis for

priority is either not indicated on the fact of the Proof of Claim or is not applicable to such claim.

As a result, the Debtors believe that the priority of these claims should be modified, in whole or

in part, from priority to non-priority as indicated under the column heading "Modified Priority

Status" on Exhibit D.

        26.      The relief requested in this Objection is necessary to permit the Debtors to

reconcile their Claims Register so that it accurately reflects the total liability asserted against

each particular Debtor in these chapter 11 cases at the appropriate priority.  If the relief requested

herein is granted, the Modified Amount, Modified Priority Claims on Exhibit D will be reduced

and/or fixed at and allowed in the aggregate amount of $8,995.00, at the dollar value listed for

each such claim under the column heading "Modified Amount," and at the priority specified

under the column heading "Modified Priority Status."

        **E.**      **Modified Amount, Reclassified, Modified Priority Claims**

        27.      After reviewing their books and records and the Proofs of Claim filed in

these chapter 11 cases, the Debtors have identified the 5 Modified Amount, Reclassified,

Modified Priority Claims on Exhibit E hereto, in the aggregate amount of $492.68 (including

certain undetermined amounts), each of which (a) was either (i) asserted in an amount that is

higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in

an amount that is entirely undetermined; however, the documentation filed in support of such

claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed;

(b) asserted that all or a portion of the claim is entitled to secured status, which the Debtors have

determined is inaccurate; and (c) asserted that all or a portion of the claim is entitled to priority,

which the Debtors have also determined is inaccurate.

13

28.    Specifically, the Debtors have determined that the Modified Amount, Reclassified, Modified Priority Claims are not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to either the secured or priority status set forth in the Proof of Claim. As to the claim classification, in many instances, the documentation submitted in support of the Proof of Claim is insufficient to allow the Debtors to determine the nature or perfection of the purported security interest, the property against which such purported security interest is asserted, and/or the basis for the purported security interest. As to the claim priority, in most instances, the documentation submitted in support of the Proof of Claim is insufficient to allow the Debtors to determine the statutory basis for the asserted priority. In other instances, the statutory basis for priority is either not indicated on the fact of the Proof of Claim or is not applicable to such claim. As a result, the Debtors believe that these claims should be reclassified, in whole or in part, from secured to unsecured that the priority of these claims should be modified, in whole or in part, from priority to non-priority, each as indicated under the column heading "Modified Classification and Priority Status" on Exhibit E.

29.    The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases at the appropriate classification and priority. If the relief requested herein is granted, the Modified Amount, Reclassified, Modified Priority Claims on Exhibit E will be reduced and/or fixed at and allowed in the aggregate amount of $369.77, at the dollar value listed for each such claim under the column heading "Modified Amount," and at the classification specified and at the priority specified under the column heading "Modified Classification and Priority Status."

46429/0001-6886373V1

F.    **Modified Amount, Modified Debtor, Reclassified Claims**

30.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the 2 Modified Amount, Modified Debtor, Reclassified Claims on Exhibit F hereto, in the aggregate amount of $49,863.12 (including certain undetermined amounts), each of which (a) was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed; (b) failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted; and (c) asserted that all or a portion of the claim is entitled to secured status, which the Debtors have determined is inaccurate.

31.    The Debtors seek to modify the Debtor on the Modified Amount, Modified Debtor, Reclassified Claims because either (i) the applicable line on the Proof of Claim was left blank and no Debtor was specified, or (ii) the claim was asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is properly owed by a different Debtor.  The Debtors propose that the Modified Amount, Modified Debtor, Reclassified Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the claimant's own supporting documentation attached to the claim, and/or (iii) reflected in the Debtors' books and records as having liability to the creditor, as indicated on Exhibit F under the column heading "Modified Debtor."

32.     Additionally, the Debtors have determined that the Modified Amount, Modified Debtor, Reclassified Claims are not entitled, under the Bankruptcy Code or applicable non-bankruptcy law, to the secured status set forth in the Proof of Claim.  In many instances, the documentation submitted in support of the Proof of Claim is insufficient to allow the Debtors to determine the nature or perfection of the purported security interest, the property against which such purported security interest is asserted, and/or the basis for the purported security interest. As a result, the Debtors believe that these claims should be reclassified, in whole or in part, from secured to unsecured as indicated under the column heading "Modified Classification Status" on Exhibit F.

33.     The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases at the appropriate classification.  If the relief requested herein is granted, the Modified Amount, Modified Debtor, Reclassified Claims on Exhibit F will be reduced and/or fixed at and allowed in the aggregate amount of $14,915.75, at the dollar value listed for each such claim under the column heading "Modified Amount," against the Debtor specified under the column heading "Modified Debtor, and at the classification specified under the column heading "Modified Classification Status."

**G.      Modified Amount, Modified Debtor, Modified Priority Claims**

34.     After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the 5 Modified Amount, Modified Debtor, Modified Priority Claims on Exhibit G hereto, in the aggregate amount of $243,561.59 (including certain undetermined amounts), each of which (a) was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support

16

of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed; (b) failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted; and (c) asserted that all or a portion of the claim is entitled to priority, which the Debtors have determined is inaccurate.

35.    In general, the Debtors seek to modify the Debtor on the Modified Amount, Modified Debtor, Modified Priority Claims because the applicable line on the Proof of Claim was left blank and no Debtor was specified, a Debtor's trade name was used rather than the legal entity name, or a single Proof of Claim was improperly asserted against multiple Debtors. Others of the Modified Amount, Modified Debtor Claims were asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is properly owed by a different Debtor. The Debtors propose that the Modified Amount, Modified Debtor, Modified Priority Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the claimant's own supporting documentation attached to the claim, and/or (iii) reflected in the Debtors' books and records as having liability to the creditor, as indicated on Exhibit G under the column heading "Modified Debtor." In some instances, as noted on Exhibit G, the Debtors propose to allocate the claimant's claim to more than one Debtor, in the amounts specified therein. This re-allocation of certain claim amounts is based upon the Debtors' review of the supporting documentation attached to the claim, including in instances where invoices against more than one Debtor were appended to a single Proof of Claim.

36.    Additionally, the Debtors have determined that the Modified Amount, Modified Debtor, Modified Priority Claims are not entitled, under the Bankruptcy Code or

17

applicable non-bankruptcy law, to the priority set forth in the Proof of Claim. In many instances, the documentation submitted in support of the Proof of Claim is insufficient to allow the Debtors to determine the statutory basis for the asserted priority. In other instances, the statutory basis for priority asserted in the Proof of Claim is not applicable to such claim. As a result, the Debtors believe that the priority of these claims should be modified, in whole or in part, from priority to non-priority as indicated under the column heading "Modified Priority Status" on Exhibit G.

37.    The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases at the appropriate priority. If the relief requested herein is granted, the Modified Amount, Modified Debtor, Modified Priority Claims on Exhibit G will be reduced and/or fixed at and allowed in the aggregate amount of $19,925.30, at the dollar value listed for each such claim under the column heading "Modified Amount," against the Debtor specified under the column heading "Modified Debtor," and at the priority specified under the column heading "Modified Priority Status."

**H.    Modified Amount, Modified Debtor, Reclassified, Modified Priority Claims**

38.    After reviewing their books and records and the Proofs of Claim filed in these chapter 11 cases, the Debtors have identified the 2 Modified Amount, Modified Debtor, Reclassified, Modified Priority Claims on Exhibit H hereto, in the aggregate amount of $4,170.00 (including certain undetermined amounts), each of which (a) was either (i) asserted in an amount that is higher than the amount of liability reflected in the Debtors' books and records, or (ii) asserted in an amount that is entirely undetermined; however, the documentation filed in support of such claim and/or the Debtors' books and records reflect an amount that the Debtors agree is owed; (b) failed to specify a particular Debtor or failed to identify the correct Debtor

18

against which the claim is properly asserted; (c) asserted that all or a portion of the claim is

entitled to secured status, which the Debtors have determined is inaccurate; and (d) asserted that

all or a portion of the claim is entitled to priority, which the Debtors have likewise determined is

inaccurate.

39.    The Debtors seek to modify the Debtor on the Modified Amount,

Modified Debtor, Reclassified, Modified Priority Claims because either (i) the applicable line on

the Proof of Claim was left blank and no Debtor was asserted, or (ii) the claim was asserted

against a particular Debtor; however, upon review of the documentation supporting the Proofs of

Claim and their own books and records, the Debtors have determined that the liability for such

claims is properly owed by a different Debtor.  The Debtors propose that the Modified Amount,

Modified Debtor, Reclassified Claims be modified to specify that the claim is asserted against

the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii)

identified in the claimant's own supporting documentation attached to the claim; and/or (iii)

reflected in the Debtors' books and records as having liability to the creditor, as indicated on

Exhibit H under the column heading "Modified Debtor."

40.    Additionally, the Debtors have determined that the Modified Amount,

Modified Debtor, Reclassified, Modified Priority Claims are not entitled, under the Bankruptcy

Code or applicable non-bankruptcy law, to either the secured or priority status set forth in the

Proof of Claim.  As to the claim classification, in many instances, the documentation submitted

in support of the Proof of Claim is insufficient to allow the Debtors to determine the nature or

perfection of the purported security interest, the property against which such purported security

interest is asserted, and/or the basis for the purported security interest.  As to the claim priority,

in most instances, the documentation submitted in support of the Proof of Claim is insufficient to

allow the Debtors to determine the statutory basis for the asserted priority.  In other instances, the statutory basis for priority is either not indicated on the fact of the Proof of Claim or is not applicable to such claim..  As a result, the Debtors believe that these claims should be reclassified, in whole or in part, from secured to unsecured and that the priority of these claims should be modified, in whole or in part, from priority to non-priority, each as indicated under the column heading "Modified Classification and Priority Status" on Exhibit H.

41.     The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases, at the appropriate classification and priority.  If the relief requested herein is granted, the Modified Amount, Modified Debtor, Reclassified, Modified Priority Claims on Exhibit H will be reduced and/or fixed at and allowed in the aggregate amount of $1,845.00, at the dollar value listed for each such claim under the column heading "Modified Amount," against the Debtor specified under the column heading "Modified Debtor," and at the classification specified and the priority specified under the column heading "Modified Classification and Priority Status."

## RESERVATION OF RIGHTS

42.     The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

43.     Notwithstanding anything contained in this Objection or in Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, or Exhibit H attached to this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the

holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

44.     The Debtors hereby reserve their right to adjourn the hearing on this Objection as it pertains to any or all of the Disputed Claims.  In the event that the Debtors so adjourn the hearing, they will state that the hearing on the Objection and/or any response filed in connection therewith has been adjourned on the agenda for the hearing, which agenda will be served on any party affected by such adjournment.

## NOTICE

45.     Notice of this Objection has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, and Exhibit H; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

46429/0001-6886373V1

WHEREFORE, for the reasons set forth herein and on the exhibit attached to the Order, the Debtors respectfully request that the Court enter the Order, pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) modifying each of the Modified Amount Claims as set forth on Exhibit A; (ii) modifying each of the Modified Amount, Modified Debtor Claims as set forth on Exhibit B; (iii) modifying each of the Modified Amount, Reclassified Claims as set forth on Exhibit C; (iv) modifying each of the Modified Amount, Modified Priority Claims as set forth on Exhibit D; (v) modifying each of the Modified Amount, Reclassified, Modified Priority Claims as set forth on Exhibit E; (vi) modifying each of the Modified Amount, Modified Debtor, Reclassified Claims as set forth on Exhibit F; (vii) modifying each of the Modified Amount, Modified Debtor, Modified Priority Claims as set forth on Exhibit G; (viii) modifying each of the Modified Amount, Modified Debtor, Reclassified, Modified Priority Claims as set forth on Exhibit H; (ix) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the Order; and (x) granting such other and further relief as the Court deems just and proper.

46429/0001-6886373V1

Dated: Wilmington, Delaware
      July 19, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-6886373V1