# **PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Related to Docket No.** ____ |

## ORDER SUSTAINING DEBTORS' THIRTY-FOURTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon consideration of the Debtors' Thirty-Fourth Omnibus (Substantive) Objection to Claims, by which the Debtors[2] request entry of an order pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, modifying each of the Disputed Claims set forth on Schedule 1 attached hereto, as specified on Exhibit A,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Objection.

Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, and Exhibit H; and upon consideration of the Bigelow Declaration; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and due and adequate notice of this Objection having been given under the circumstances; and sufficient cause appearing therefor; it is hereby

ORDERED that the Objection is sustained; and it is further

ORDERED that the value of each of the Modified Amount Claims set forth on the attached Exhibit A is fixed and allowed at the dollar value listed under the column heading "Modified Amount;" and it is further

ORDERED that the value of each of the Modified Amount, Modified Debtor Claims set forth on the attached Exhibit B is fixed and allowed at the dollar value listed under the column heading "Modified Amount" and each such claim is reassigned to the Debtor specified under the column heading "Modified Debtor;" and it is further

ORDERED that the value of each of the Modified Amount, Reclassified Claims set forth on the attached Exhibit C is fixed and allowed at the dollar value listed under the column heading "Modified Amount" and the classification of each of such claims is modified to the classification specified under the column heading "Modified Classification Status;" and it is further

ORDERED that the value of each of the Modified Amount, Modified Priority Claims set forth on the attached Exhibit D is fixed and allowed at the dollar value listed under the column heading "Modified Amount" and the priority of each of such claims is modified to the priority as indicated under the column heading "Modified Priority Status;" and it is further

ORDERED that the value of each of the Modified Amount, Reclassified, Modified Priority Claims set forth on the attached Exhibit E is fixed and allowed at the dollar value listed under the column heading "Modified Amount," and the classification and the priority of each of such claims are modified to the classification and priority as indicated under the column heading "Modified Classification and Priority Status;" and it is further

ORDERED that the value of each of the Modified Amount, Modified Debtor, Reclassified Claims set forth on the attached Exhibit F is fixed and allowed at the dollar value listed under the column heading "Modified Amount," each of such claims is reassigned to the Debtor specified under the column heading "Modified Debtor," and the classification of each of such claims is modified to the classification specified under the column heading "Modified Classification Status;"and it is further

ORDERED that the value of each of the Modified Amount, Modified Debtor, Modified Priority Claims set forth on the attached Exhibit G is fixed and allowed at the dollar value listed under the column heading "Modified Amount," each of such claims is reassigned to the Debtor specified under the column heading "Modified Debtor," and the priority of each of such claims is modified to the priority specified under the column heading "Modified Priority Status;" and it is further

ORDERED that the value of each of the Modified Amount, Modified Debtor, Reclassified, Modified Priority Claims set forth on the attached Exhibit H is fixed and allowed at the dollar value listed under the column heading "Modified Amount," each of such claims is reassigned to the Debtor specified under the column heading "Modified Debtor," and the classification and the priority of each of such claims are modified to the classification and

3

priority as indicated under the column heading "Modified Classification and Priority Status;" and it is further

ORDERED that the Claims Agent is authorized to modify the Claims Register to comport with the entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation and interpretation of this Order.

Dated: Wilmington, Delaware
       August _____, 2010

                                    The Honorable Kevin J. Carey
                                    Chief United States Bankruptcy Judge