## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: August 19, 2010 at 4:00 p.m. ET** |
| | **Objection Date: August 12, 2010 at 4:00 p.m. ET** |

### APPLICATION OF DOWNEY, SMITH & FIER FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED TO DEBTOR LOS ANGELES TIMES COMMUNICATIONS, LLC IN THE ORDINARY COURSE OF BUSINESS

Downey, Smith & Fier, state and local tax advisors for Los Angeles Times

Communications, LLC (the "Los Angeles Times"), one of the affiliated companies that filed

voluntary petitions for relief in the above-captioned chapter 11 cases (collectively, the

"Debtors"), respectfully submits this application (the "Application") to this Court, pursuant to (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); Hoy, LLC (8033); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS 1, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

sections 327, 331, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Order Authorizing the Debtors to Retain, Employ, and Compensation Certain Professionals Utilized by the Debtors in the Ordinary Course of Business (the "OCP Order"), (v) the Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§ 105(a) and 331 (the "Interim Compensation Order"), as amended, and (vi) the Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Application (the "Fee Examiner Order") for (a) the allowance and payment of (i) a contingent fee in the amount of $110,186.78 relating to sales and use tax recoveries obtained on behalf of the Los Angeles Times from the California State Board of Equalization ("BOE"), and (ii) hourly fees in the amount of $1,510.00 for sales and use tax consulting services rendered during the period of March 1, 2010 through April 30, 2010; and (b) for the limited waiver of the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application (as discussed at paragraph 15, infra).  In support of the Application, Downey, Smith & Fier respectfully states as follows:

## BACKGROUND OF THE CASES

1.    On December 8, 2008 (the "Petition Date"), Tribune Company and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code on October 12, 2009.  In all, the Debtors comprise 111

entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket

Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the

appointment of a trustee.

4.      On December 18, 2008, the United States Trustee for the District of

Delaware appointed an official committee of unsecured creditors (the "Committee").

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief

sought herein are sections 327, 331, and 503 of the Bankruptcy Code, Rule 2016 of the

Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## PROCEDURAL BACKGROUND FOR THE APPLICATION

6.      On December 26, 2008, the Debtors filed the Motion for an Order

Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by

the Debtors in the Ordinary Course of Business Pursuant to Sections 105(a), 327, 328, and 330

of the Bankruptcy Code (the "OCP Motion").  [Docket No. 148.]  In the OCP Motion, the

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

Debtors sought approval of this Court to employ and retain the Ordinary Course Professionals[3] to provide services to the Debtors as necessary for the day-to-day operations of the Debtors' businesses on terms substantially similar to those in effect prior to the Petition Date. Exhibit A to the OCP Motion contained a list of such Ordinary Course Professionals sought to be retained by the Debtors, including Downey, Smith & Fier.[4] On January 15, 2009, this Court entered the OCP Order approving procedures for the employment, retention, and compensation of the Ordinary Course Professionals. [Docket No. 227.]

7.      Retention and compensation of the Ordinary Course Professionals is subject to the terms and conditions described in the OCP Order, including a Monthly Cap on the fees permitted to be paid to such Ordinary Course Professionals. The OCP Order provides that in the event the fees incurred and invoiced by any Ordinary Course Professional exceed the applicable Monthly Cap, such Ordinary Course Professional shall be required to seek this Court's approval of all fees invoiced for that month in accordance with the procedures set forth in the Interim Compensation Order and the Fee Examiner Order.

8.      The Debtors retained Downey, Smith & Fier as an Ordinary Course Professional on the same terms as in the parties' Tax Consulting Agreement, as amended, a copy of which is attached hereto as <u>Attachment 1</u>. The Tax Consulting Agreement provides that the fees payable to Downey, Smith & Fier will be twenty percent (20%) of any tax refunds and/or credits actually received by the Los Angeles Times under the agreement. Accordingly, Downey,

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the OCP Motion and OCP Order.
[4] Exhibit A to the OCP Motion has been subsequently supplemented and amended by the Debtors to add additional Ordinary Course Professionals or to seek increases to the Monthly Cap applicable to existing Ordinary Course Professionals. [<u>See</u> Docket Nos. 544, 877, 1086, 1756, 1826, 1887, 2283, 2412, 2865, 3222, 3861, and 4214.]

Smith & Fier was listed on Exhibit A to the OCP Motion as having a 20% contingency fee, rather than a fixed Monthly Cap.

9.      On July 8, 2010, the Los Angeles Times received a California sales and use tax refund in the amount of $550,933.90, which was obtained on its behalf by Downey, Smith & Fier. The contingency fee payable by the Los Angeles Times on account of this refund, after adjustments, is $110,186.78. Downey, Smith & Fier's invoice, together with the California BOE notice of refund and a copy of the check paid to the Los Angeles Times, are attached hereto as Attachment 2. Although Downey, Smith & Fier does not have a fixed Monthly Cap on fees that may be paid to it and believes that the Los Angeles Times is authorized to pay the contingency fee in the ordinary course of its business pursuant to the OCP Order, given the size of the contingency fee requested, Downey, Smith & Fier seeks this Court's allowance of the contingency fee out of an abundance of caution.

10.      In addition, Downey, Smith & Fier provided California sales and use tax consulting services to the Los Angeles Times, in the ordinary course of business, during the period from March 1, 2010 to April 20, 2010. Downey, Smith & Fier charged a flat rate of $225.00 per hour for such consulting services and the total fees requested total $1,510.00. Downey, Smith & Fier's invoice for the consulting services is attached hereto as Attachment 3. Downey, Smith & Fier does not have a Monthly Cap applicable to fees incurred on an hourly basis that are unrelated to its sales and use tax recovery services. Accordingly, Downey, Smith & Fier seeks this Court's allowance of the hourly fees as well.[5]

---

[5] Downey, Smith & Fier is informed that the Debtors intend to file a supplement to Exhibit A to the OCP Motion to provide for an appropriate Monthly Cap applicable to future services rendered by the firm that are subject to hourly rates as opposed to contingency fees.

**RELIEF REQUESTED**

11.      By this Application, Downey, Smith & Fier seeks the allowance and payment of (i) a contingent fee in the amount of $110,186.78 relating to sales and use tax recoveries obtained on behalf of the Los Angeles Times from the California State Board of Equalization ("BOE"), and (ii) hourly fees in the amount of $1,510.00 for sales and use tax consulting services rendered during the period of March 1, 2010 through April 30, 2010. Downey, Smith & Fier respectfully requests that the Court waive the procedures for the approval and payment of professional compensation and consideration of fee applications set forth in the Interim Compensation Order and the Fee Examiner Order with respect to this Application and authorize the payment of the contingency fee to Downey, Smith & Fier in full upon the entry of the Court's order approving the Application.

**BASIS FOR RELIEF REQUESTED**

12.      Downey, Smith & Fier specializes in providing state and local tax consulting services to corporate clients. Among the many services offered by the firm is tax recovery, which entails the analysis of tax payments and validation of all exemptions or credits that have been claimed to identify recoveries and to obtain cash refunds from the state taxing authorities. Downey, Smith & Fier has provided the Los Angeles Times with California state sales and use tax recovery and audit support services on a periodic basis over the past seven years.

13.      Beginning in July 2009, Lyle Downey and Scott Smith analyzed the Los Angeles Times' sales and use tax payments for the periods of July 1, 2006 through June 30, 2008. Following their review and analysis, Downey and Smith prepared and filed schedules and supporting documentation with the California BOE auditors, supervisors, and district personnel in support of a claim for overpayment of state sales and use tax on behalf of the Los Angeles

Times.  As a result of these efforts, by letters from the State dated February 22, 2010, the refund requests were placed on the BOE calendar for June 15, 2010 for review and approval by the full Board.  In preparation for the Board meeting, Downey, Smith & Fier worked with the BOE district supervisor and auditor to respond to questions and provide all data required to support the claim.

14.     On June 15, 2010, the BOE reviewed the claim for refund submitted on behalf of the Los Angeles Times and approved the request without objection.  On July 8, 2010, the state controller issued a refund check to the Los Angeles Times for $550,933.90.

15.     Given the contingent nature of the work performed by Downey, Smith & Fier, the absence of any hourly fee or expense statements to review and consider, and the substantial benefit to the Los Angeles Times' estate and creditors from the refund obtained through the efforts of Downey, Smith & Fier, the firm respectfully submits that good cause exists for this Court to waive the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order.  Specifically, Downey, Smith & Fier requests a waiver from the requirement to seek approval of its fee on an interim basis subject to a 20% holdback and on a quarterly basis subject to the Fee Examiner's review and report, and requests that the Court authorize the Los Angeles Times to pay the contingency fee in full upon the Court's entry of an order approving this Application.

16.     Downey, Smith & Fier has received no payment and no promises of payment from any source for services rendered in these chapter 11 cases.  There is no agreement between Downey, Smith & Fier and any other party for the sharing of compensation to be received for the services rendered by Downey, Smith & Fier to the Los Angeles Times.  All

professional and paraprofessional services for which compensation is sought herein were rendered solely for or on behalf of the Debtor Los Angeles Times.

## REVIEW OF APPLICABLE LOCAL RULE

17.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge and belief that this Application complies with the requirements of Local Rule 2016-2.

18.    The undersigned further certifies that the Debtors have had an opportunity to review this Application before it was filed with the Court.

## NO PRIOR REQUEST

19.    No previous application with respect to the relief requested herein has been made to this or any other Court.

WHEREFORE, after appropriate notice and hearing, Downey, Smith & Fier respectfully requests the Court (i) to allow its contingent fee in the amount of $110,186.78 and its hourly fee in the amount of $1,510.00, pursuant to 11 U.S.C. §§ 327, 331, and 503, (ii) to authorize the Los Angeles Times to pay such contingent fee to Downey, Smith & Fier in full upon the entry of an order approving this Application, (iii) to waive the procedures for compensation and reimbursement of expenses for professionals and consideration of fee applications set forth in this Court's Interim Compensation Order and Fee Examiner Order with respect to this Application, and (iv) to grant such further relief as is just and proper.

Dated: July __, 2010

Respectfully submitted,

Lyle A. Downey
Scott Smith
DOWNEY, SMITH & FIER
4010 Watson Plaza Drive # 190
Lakewood, CA 90712-4046
Telephone: (562) 249-6001

9