# Exhibit C

E-mail dated June 14, 2010 from Examiner's Counsel

| | |
|---|---|
| **From:** | Lee R. Bogdanoff |
| **Sent:** | Monday, June 14, 2010 6:14 PM |
| **To:** | 'Stier, David A.'; Kenneth N. Klee; Martin R. Barash |
| **Cc:** | 'Mark Minuti (mminuti@saul.com)'; 'James F. Conlan (jconlan@sidley.com)'; James W. Ducayet (jducayet@sidley.com); 'hseife@chadbourne.com'; 'Graeme W. Bush (gbush@zuckerman.com)'; Stark, Robert J.; 'Bruce Bennett (bennettb@hbdlawyers.com)'; 'David S. Rosner'; 'dgolden@akingump.com'; Deborah Newman (djnewman@akingump.com); 'Thomas E Lauria (tlauria@whitecase.com)'; 'agordon@paulweiss.com'; Joseph Drayton (jdrayton@kayescholer.com); Goldman, Andrew; Glazer, Dennis E.; Katz, Sharon; Russano, Michael J. |
| **Subject:** | RE: In re Tribune Company et al., Case No. 08-13141 (KJC) |
| **Attachments:** | Order Approving Work and Expense Plan and Modifying Examiner Order.pdf |

To the Parties:

Receipt is acknowledged of various letters from Parties designating certain documents as confidential in conjunction with the Examiner's report to be filed on or about July 12, 2010. Reference is made in particular to the letter dated June 14, 2010 from Dennis Glazer on behalf of JP Morgan Chase Bank, N.A. ("JP Morgan"). In that letter, which identifies in an Exhibit certain documents that JP Morgan maintains should remain confidential, Mr. Glaser states that: " . . . consistent with the Court's order, all documents designated as confidential under the Depository Order shall continue to retain their confidentiality designations and privilege protections under such order with respect to all *other parties* until such time as JP Morgan consents in writing to the disclosure of such materials or the Court so orders" (emphasis added).

Please note the Court's Order Approving Work Plan and Modifying Examiner Order ("Work Plan Order") (enclosed for your convenience) approved the Examiner's Work and Expense Plan of Examiner-Designate Kenneth N. Klee" ("Work Plan"). In his Work Plan, the Examiner stated: "In an effort to reconcile this conflict [between the existing confidentiality orders and the Court's stated desire that the Examiner's report be filed publicly], the Examiner has proposed to the Parties that following the formal exchange of briefs and documents described above, each of them shall identify to the Examiner those particular documents that the Party believes in good faith are entitled to protection from public disclosure under applicable law and as to which the Examiner should not publicly disclose in his report. Absent relief prior to July 12, 2010, the report publicly filed on such date will be redacted so as not to disclose the contents of the documents designated by the Parties for protection in response to a deadline that will be established by the Examiner." In accordance with the Work Plan and Work Plan Order, and the requests set forth in the Examiner's May 10 and 14 letters to the Parties, each Party was required to identify by today those specific documents accompanying the Parties' May 24 and June 7, 2010 submission that such Party maintains must be maintained confidential in the Examiner's report to be filed on or about July 12, 2010. In accordance with the preceding, absent relief from the Court obtained before the filing of the report, the Examiner will preserve the confidentially of the specific documents identified by Parties today. However, the

7/18/2010

Examiner will be free to refer to or disclose in his report any other document that accompanied the May 24 and June 7 submissions. As suggested in Mr. Glaser's letter, nothing in the Work Plan and Work Plan Order relieves any other Party of the obligations imposed under the existing confidentiality orders of the Court.

In their submissions today, Parties have pointed out that the Examiner may have received and may determine to use or refer to documents previously designated as confidential but which did not accompany the May 24 and June 7, 2010 submissions. In the days ahead, we will post via our secure web site any additional such documents and set a deadline for each Party to advise the Examiner whether such Party maintains that such document or any reference to such document in the report must be redacted in the version initially filed with the Court. We will post those additional documents as soon as possible, recognizing that preparation of the Investigation still is in process.

If any Party has any questions or wishes to discuss the foregoing, please contact me at your earliest convenience.

Thank you.

Lee R. Bogdanoff

Lee R. Bogdanoff, Esq.
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars
Thirty-Ninth Floor
Los Angeles, CA 90067-6049
Telephone: (310) 407-4000 Fax: (310) 407-9090
Direct: (310) 407-4070
E-mail: lbogdanoff@ktbslaw.com Web:http://www.ktbslaw.com>

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and/or include attorney work product privileged material, and as such is privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

To comply with IRS regulations, we advise you that any discussion of Federal tax issues in this e-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

7/18/2010