# Exhibit H

Order Establishing Procedure to Unseal Examiner's
Report filed in *In re Lehman Brothers Holdings, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re                                           :        Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :        Case No. 08-13555 (JMP)
                                                :
                                 Debtors.        :        (Jointly Administered)

---------------------------------------------------------------------x

### ORDER TO ESTABLISH A PROCEDURE TO UNSEAL THE EXAMINER'S REPORT, TO ESTABLISH A BRIEFING SCHEDULE TO RESOLVE REMAINING CONFIDENTIALITY ISSUES, AND TO ESTABLISH A PROCEDURE TO PROVIDE ACCESS TO DOCUMENTS CITED IN THE EXAMINER'S REPORT

Upon the Examiner's Motion to Establish Procedures to Unseal the Examiner's Report (the "Motion") and related documents filed by parties in interest; a hearing on the Motion held on March 11, 2010 upon due notice; the Court having heard and considered all comments made by parties in interest to the Motion; and the Court being satisfied that: (a) on February 8, 2010, the Examiner filed under seal the report of his investigation and appendices thereto (collectively, the "Report"); (b) the Examiner has previously notified interested persons that the Report may reference information that such persons may claim to be entitled to non-disclosure (the "Identified Information"); (c) the Court established a deadline of 4:00 p.m. on March 4, 2010 for parties to file objections to the Motion; (d) no substantive objections to the Motion were filed, although certain parties filed statements in support of the Examiner's Motion and other parties filed responses reserving rights and proposing alternative procedures for determining whether and to what extent materials in and supporting the Report may be kept confidential; (e) by letter to the Court on March 9, 2010, counsel to the Examiner reported that of 3,158 documents cited in the Report, the Examiner was able to resolve confidentiality issues as to all but five documents (the "Disputed Documents") that consist of seven pages produced by the CME Group and that concern only a few

pages of the 2,200-page Report; (f) in order to resolve confidentiality issues other than those interposed by the CME Group, the Examiner agreed to redactions in the underlying documents and the description of those documents in the Report to eliminate disclosure of sensitive personal or proprietary information where the Examiner determined that the information has no relevance to his Report; (g) the redactions, though limited, alter the Report as currently filed under seal; (h) the Examiner therefore sought leave to withdraw the Report as filed on February 8, 2010, and substitute a final Report that was presented to the Court at the hearing on the Motion on March 11, 2010; (i) the Report to be substituted contains redactions in accordance with the agreements by the Examiner as well as corrections of clerical errors in the Report filed on February 8, 2010 that the Examiner has identified in the course of reviewing possible redactions with interested parties; and (j) that due and proper notice of the Motion has been provided in accordance with the procedures set forth in the amended order entered in the above-captioned cases on February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) counsel for the Debtors; (ii) the U.S. Trustee; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) parties producing documents to the Examiner ("Producing Parties" or "Producing Party"); (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the United States Attorney for the Eastern District of New York; (ix) the United States Attorney for the District of New Jersey; (x) persons who have identified themselves to the Examiner as having a particularized interest in the subject matter of the Motion; and (xi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice of the Motion need be provided; and after due deliberation and sufficient cause appearing therefor;

It is hereby ORDERED:

2

1.      The Motion is granted as set forth herein.

2.      The following procedure with respect to unsealing the Examiner's Report shall be

followed:

A.      Any person who has received notice of the Motion (other than the CME Group)

shall be deemed to have waived any claim that the Identified Information should

prevent public release of the Report;

B.      The Examiner is authorized to substitute the Report dated March 11, 2010 for the

Report originally filed on February 8, 2010, which substituted Report will be filed

under seal;

C.      The Examiner is authorized to file on this Court's docket and make available to the

public the substituted Report dated March 11, 2010 with additional redactions of

those portions of the Report respecting the CME Group that derive from the

Disputed Documents;

D.      The CME Group, which has interposed an objection to the unsealing of that portion

of the Report deriving from the Disputed Documents on the ground that some or all

of its identified information is confidential or privileged, shall file that objection on

or before March 19, 2010 at 5:00 p.m. (Prevailing Eastern Time) and provide a copy

to the Examiner;

E.      The CME Group objection shall specify the basis for a claim of privilege or

confidentiality with particularity sufficient for the Court to determine the validity of

the claim;

F.      If the CME Group in good faith deems it appropriate to file its objection under seal,

in order to provide particularity, it may do so without further leave of this Court,

3

provided that the Examiner is given an unredacted copy of the objection; the CME Group shall simultaneously file a "public version' of its objection, with redactions to be made on a good-faith basis, pursuant to the limited exceptions to disclosure set forth in 11.U.S.C. Sections 107(b) and (c);

G.   The Examiner and any other party that wishes to respond should file its response to the CME Group objection on or before March 25, 2010 at 5:00 p.m. (Prevailing Eastern Time); and

H.   A further hearing on the CME Group objections shall be held on April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time).

3.   The following procedure shall be followed with respect to making publicly available the documents cited in the Report (the "Underlying Documents"):

A.   Although no persons other than the CME Group continue to object to disclosure of the Identified Information in the Report itself, some persons have not waived their right to object to the public disclosure of the Underlying Documents.

B.   Any person who objects to making publicly available an Underlying Document on the ground that some or all of the Identified Information contained therein is confidential or privileged shall file that objection on or before March 25, 2010 at 5:00 p.m. (Prevailing Eastern Time);

C.   Any such objection shall specify the basis for a claim of privilege or confidentiality with particularity sufficient for the Court to determine the validity of the claim;

D.   If any Producing Party in good faith deems it appropriate to file its objection under seal in order to provide particularity, it may do so without further leave of Court, provided that the Examiner is given an unredacted copy of the objection;

4

E.  Any other objection to making publicly available the Underlying Documents should be filed on or before March 25, 2010 at 5:00 p.m. (Prevailing Eastern Time);

F.  In the absence of a timely objection, any person who has received notice of this Order and the Motion shall be deemed to have waived any claim that the Underlying Document is entitled to non-disclosure;

G.  After receiving objections, the Examiner will continue to work toward an agreed resolution, but the Examiner, and any other party that wishes to do so, may file a response to the objections on or before April 1, 2010 at 5:00 p.m. (Prevailing Eastern Time). At the Examiner's discretion, the response may consist of directing the Court to the relevant sections of the Report and supplying copies of the relevant documents *in camera*. A further hearing on any remaining objections to making publicly available any of the Underlying Documents shall be held on April 14, 2010 at 10:00 a.m. (Prevailing Eastern Time); and

H.  Once all objections are finally resolved, as soon as practicable:

   a.  If one or more Underlying Documents are found to be entitled to non-disclosure, the Examiner will redact that material and publicly make available a redacted version of the Underlying Document as so redacted; and if no non-disclosure issues remain, the Examiner will make such Underlying Document publicly available; and

   b.  The Examiner shall advise the Court on or before April 14, 2010 of the arrangements for making the Underlying Documents publicly available.

4.     This Court shall retain jurisdiction to hear and determine all matters arising from

the implementation of this Order.


Dated:  March 11, 2010
New York, New York


_/s/ James M. Peck_____
UNITED STATES BANKRUPTCY JUDGE