# Exhibit B

Order Discharging Examiner filed in *In re New Century TRO Holdings, Inc.*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | (Jointly Administered) |
| **NEW CENTURY TRS HOLDINGS,** | : | |
| **INC.,** *et al.*[1] | : | Case No. 07-10416 (KJC) |
| Debtors | : | |
| | : Re: docket nos 8665 and 9044 | |

## ORDER DISCHARGING MICHAEL J. MISSAL AS EXAMINER
### AND
## GRANTING, IN PART, THE EXAMINER'S MOTION REGARDING THIRD-PARTY DISCOVERY AND PROCEDURES FOR THE DISPOSITION AND SHARING OF CERTAIN DOCUMENTS AND INFORMATION
### AND
## GRANTING NEW CENTURY LIQUIDATING TRUSTEE'S MOTION REGARDING THE TRANSFER OF CERTAIN DOCUMENTS FROM THE FORMER OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE LIQUIDATING TRUSTEE

Upon consideration of the "Motion of Michael J. Missal, Examiner for Order Discharging the Examiner, Granting Relief From Third Party Discovery, and Establishing Procedures for the Disposition and Sharing of Certain Documents and Information (docket no. 8665) (the "Examiner's Motion"), and

---

[1]The Debtors are the following entities: New Century Financial Corporation (f/k/a New Century REIT, Inc.), a Maryland corporation; New Century TRS Holdings, Inc. (f/k/a New Century Financial Corporation), a Delaware corporation; New Century Mortgage Corporation (f/k/a JBE Mortgage) (d/b/a NCMC Mortgage Corporate, New Century Corporation, New Century Mortgage Ventures, LLC), a California corporation; NC Capital Corporation, a California corporation; Home123 Corporation (f/k/a The Anyloan Corporation, 1800anyloan.com, Anyloan.com), a California corporation; New Century Credit Corporation (f/k/a Worth Funding Incorporated), a California corporation; NC Asset Holding, L.P. (f/k/a NC Residual II Corporation), a Delaware limited partnership; NC Residual III Corporation, a Delaware corporation; NC Residual IV Corporation, a Delaware corporation; New Century R.E.O. Corp., a California corporation; New Century R.E.O. II Corp., a California corporation; New Century R.E.O. III Corp., a California corporation; New Century Mortgage Ventures, LLC (d/b/a Summit Resort Lending, Total Mortgage Resource, Select Mortgage Group, Monticello Mortgage Services, Ad Astra Mortgage, Midwest Home Mortgage, TRATS Financial Services, Elite Financial Services, Buyers Advantage Mortgage), a Delaware limited liability company; NC Deltex, LLC, a Delaware limited liability company; and NCoral, L.P., a Delaware limited liability partnership. These entities are referred to herein as the "Debtors" or "New Century," collectively.

upon consideration of the objections to the Examiner's Motion filed by KPMG LLC, certain former officers and underwriters of New Century, the New York State Teachers' Retirement System (the "NYSTS"), and the New Century Liquidating Trust and Reorganized New Century Warehouse Corporation (the "Liquidating Trustee"); and the responses of the Liquidating Trustee and the Examiner thereto; and

upon consideration of the "Motion by the New Century Liquidating Trustee and Reorganized New Century Warehouse Corporation for an Order Permitting the Transfer to the Liquidating Trustee of Certain Documents by the Former Official Committee of Unsecured Creditors" (docket no. 9044) (the "Liquidating Trustee's Motion"); and

upon consideration of KPMG LLC's Objection to the Liquidating Trustee's Motion; and

the Court having conducted hearings on September 18, 2008, and November 19, 2008, during which interested parties were given the opportunity to be heard with respect to the Examiner's Motion and the Liquidating Trustee's Motion; and

after due deliberation and sufficient cause appearing therefore; it is hereby ORDERED:

1.    The Examiner's Motion is GRANTED, in part, to the extent provided herein.

2.    The Examiner is discharged from his duties under the terms of the Order Denying in Part and Granting in Part Motion of the United States Trustee for an Order Directing the Appointment of a Chapter 11 Trustee, or in the Alternative, an Examiner dated June 1, 2008 (the "June 1 Order"), as subsequently amended, and his appointment as Examiner is hereby terminated.

3.    Notwithstanding paragraph 2, above, the Examiner shall continue to cooperate as contemplated in the June 1 Order, with governmental agencies, the United States

Trustee, her counsel and staff and the Liquidating Trustee and his professionals

provided, however, that the payment of fees and expenses incurred by the

Examiner and his professionals under this paragraph will be subject to the cap as

set forth in paragraph 9 herein.

4.     The Examiner shall transfer to the Liquidating Trustee, as requested by the

Liquidating Trustee, copies of all of (a) the documents that were produced to the

Examiner by a number of parties, including the Debtors, the Debtors' independent

auditors, KPMG LLP ("KPMG"), and the Debtors' independent directors

(collectively, the "Investigative Record") and (b) the documents that were created

and compiled by the Examiner and his professionals, Kirkpatrick & Lockhart

Preston Gates Ellis LLP (now K&L Gates LLP) ("K&L Gates"), Saul Ewing LLP

("Saul"), and BDO Seidman LLP ("BDO") (collectively, the "Professionals"), in

connection with the Examiner's investigation, including but limited to, requests

for information received by the Examiner or his Professionals from government

agencies and any materials or communications provided in response to those

requests (the "Other Investigative Materials" and collectively with the

Investigative Record, the "Examiner's Materials").  The Examiner is not required

by this Order to transfer documents (or parts of documents, as the case may be)

that contain privileged and otherwise confidential or protected communications

and interaction between the Examiner and the Professionals of the type as

described generally by the Examiner's counsel at the September 18, 2008 hearing

3

before this Court (the "Protected Materials").[2]  To the extent that such transfer of

the Examiner's Materials is not permitted under prior orders of this Court (the

October 10, 2007 Order (docket no. 3261) or the August 21, 2007 Order (docket

no. 2368) regarding the KPMG documents), the Court modifies its prior orders to

permit this transfer.

5.        The Examiner shall provide the Liquidating Trustee with a description by category

of the Protected Materials as requested by the Liquidating Trustee.  The

Liquidating Trustee reserves all rights, on any grounds, to request that the

Examiner provide him with copies of any of the Protected Materials and, if such

request is refused, to move this Court, or other forum, to direct the production of

such refused Protected Materials subject to the terms of this Order applicable to

Examiner's Materials.  The Examiner reserves all rights, on any grounds including

that of privilege, to refuse to provide any of the Protected Materials to the

Liquidating Trustee and to oppose any motion by the Liquidating Trustee to direct

the production thereof.

6.        Subject to his obligations under paragraphs 3 and 4 above, the Examiner and his

Professionals are relieved from any duty to produce documents or information to

third parties gathered by, produced to, or created by the Examiner or his

Professionals, [e.g., the Examiner's Materials], in response to any formal or

informal discovery requests, including, but not limited to, any subpoena, request

for production of documents, request for admissions, interrogatories, request for

---

[2]*See* Tr. 9/18/2008 at 33.

4

testimony or any other discovery of any kind related to this proceeding and/or the

Examiner's investigation, except that this prohibition:

a)      shall not apply to requests for information and materials that the third

party demonstrates that it cannot obtain through discovery from any other

source so long as such production would not violate any protective or

other order of this Court and the requests do not seek the production of

documents protected by the attorney-client privilege, the work product

doctrine or any other applicable privilege or protection; it being

understood that nothing herein is intended to create a privilege or

protection in favor of the Examiner and/or his Professionals that did not

already exist; and, further, with all rights to dispute the attorney-client

privilege, the work product doctrine or any other applicable privilege or

protection as asserted by the Examiner being preserved; and

b)      shall not apply to requests related to the compensation and reimbursement

applications submitted by the Examiner and his Professionals to this court.

7.     Upon receipt of a formal or informal discovery request related to the above-

caption cases, the Examiner shall provide the proponent of the request with a

copy of this Order within a reasonable period of time after receiving the request

and, at the same time and to the extent permitted by law, provide the Liquidating

Trustee with a copy of the formal or informal discovery request.

8.     The Examiner shall retain the Examiner's Materials and Protected Materials

(collectively the "Records") for a period of two (2) years from the date of this

5

Order (the "Initial Retention Period"). After the Initial Retention Period, and upon written consent of the Liquidating Trustee and the United States Trustee, the Examiner may move this Court for an order permitting his destruction of the Records (the "Destruction Motion"). Notice of the Destruction Motion shall be provided by the Examiner no less than thirty (30) days prior to the scheduled hearing date of the Destruction Motion to counsel of record for those parties who have filed objections to the Examiner's Motion, the Liquidating Trustee, the United States Trustee, and any other party as the Court may direct. Any and all objections to the Destruction Motion shall be served upon the Examiner, the Liquidating Trustee and the United States Trustee and filed at least ten (10) days prior to the scheduled hearing date of the Destruction Motion or as otherwise directed by this Court.

9.    The Examiner and his Professionals shall be reimbursed for reasonable time and expenses incurred from and after the date of entry of this order in (a) handling of the Records as provided herein, (b) cooperating with the entities and persons specified in paragraph 3, and (c) responding to any formal or informal discovery requests to the extent such requests are served, notwithstanding the prohibitions set forth in this Order, upon the submission of invoices to the Liquidating Trust without the necessity of filing further fee applications, provided, however, that payment of the first $100,000 of fees and expenses incurred by the Examiner and his Professionals will be the responsibility of the Liquidating Trust (the "Paragraph 9 Cap") and the payment of fees and expenses thereafter incurred by

6

the Examiner and his Professionals in excess of the Paragraph 9 Cap shall be the sole responsibility of the party requesting the Examiner's cooperation or services. This Court shall retain jurisdiction to resolve professional compensation issues for the Examiner and his Professionals in connection with these bankruptcy cases.

10.   To the extent there is any dispute concerning the payment of all or any part of any such invoices, the undisputed portion of the invoices will be paid and the Court will retain jurisdiction to hear and determine any such dispute on motion of the former Examiner or his counsel, and after notice and a hearing.

11.   To the extent the Examiner's Motion seeks an order providing that its sharing of documents with governmental agencies, the office of the United States Trustee, and the Liquidating Trustee does not constitute a waiver of any applicable protections belonging to the Examiner and his Professionals, such request is hereby denied, without prejudice.

12.   If KPMG and the Liquidating Trustee become parties to an arbitration and as to that portion of the Investigative Record to be provided by the Examiner and/or the former Official Committee of Unsecured Creditors to the Liquidating Trustee hereunder that consists of documents that were produced by KPMG to the Examiner and/or the former Official Committee of Unsecured Creditors (the "KPMG Investigative Record"), nothing in this Order is intended to address or decide any positions taken or arguments advanced in such arbitration by either KPMG or the Liquidating Trustee as to the KPMG Investigative Record with respect to the provision in the engagement letter between KPMG and New

7

Century which reads: "[d]iscovery shall be permitted in connection with the arbitration only to the extent, if any, expressly authorized by the arbitration panel upon a showing of substantial need by the party seeking discovery".

13.    In addition to the Document Retention policy described in paragraph 33 of the Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated as of April 23, 2008, the Liquidating Trustee shall preserve and maintain any and all documents and electronic data, including the Records, provided to the Liquidating Trustee by the Examiner and/or the former Official Committee of Unsecured Creditors pursuant to this Order and the Liquidating Trustee shall not destroy or otherwise abandon any or all of the Records absent further order of the Bankruptcy Court after a hearing upon notice to parties in interest and an opportunity to be heard, in the same manner as prescribed in paragraph 8 hereof.

14.    The Liquidating Trustee's Motion, to the extent it is not rendered moot by the decision with respect to Examiner's Motion, is GRANTED.

15.     The Court reserves jurisdiction as to all matters related to and arising from the

implementation, interpretation and enforcement of this Order including, without

limitation, any requested revision or modification thereof.

BY THE COURT:

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: May 1, 2009

cc: David W. Carickhoff, Jr., Esquire[1]

---

[1]Counsel shall serve a copy of this Order and the accompanying Memorandum upon all
interested parties and file a Certificate of Service with the Court.