# Exhibit C

Order Granting Termination of Examiner filed in *In re Semcrude, L.P.*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- x
In re:                                  : Chapter 11
SEMCRUDE, L.P., et al.                  : Case No. 08 - 11525 (BLS)
          Debtors                       : Jointly Administered
                                        :
                                        : RE: Docket No. 4149
--------------------------------------------------------- x

**ORDER GRANTING IN PART THE EXAMINER'S MOTION FOR ENTRY OF AN ORDER REGARDING CERTAIN PROCEDURAL ISSUES IN CONNECTION WITH THE TERMINATION OF THE EXAMINATION OF SEMCRUDE, L.P., ET AL.**

Upon the Motion of Louis J. Freeh, the Examiner, with Respect to Certain Procedural Issues in Connection with the Termination of the Examination of SemCrude, L.P., et al. (the "Motion"); and adequate and sufficient notice of the Motion having been provided to all parties in interest; and the Court having conducted a hearing during which interested parties were given the opportunity to be heard with respect to the Motion; and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion is granted in part.[1]

2. The Examiner[2] is discharged from his duties under the terms of the Examiner Order, and his appointment as Examiner in the Debtors' cases is hereby terminated.

3. Notwithstanding paragraph 2 above, the Examiner (a) shall continue to cooperate as contemplated in the Examiner Order with the governmental agencies, the UST, and the estate representatives including the Debtors, the Creditors Committee, the Oil Producers Committee,

---

[1] The remainder of the relief requested in the Motion will be addressed in a separate order.

the Agent, and any litigation trustee that is created on the effective date of the Debtors' plan of reorganization subject to any limitations contained in the Confidentiality Agreements and Informal Confidentiality Agreements and other confidential, protected or privileged information of the Examiner; and (b) shall remain subject to this Court's jurisdiction for the purpose of resolving professional compensation issues in connection with the Debtors' cases. Nothing in this Order shall constitute a determination that any information or material provided to or of the Examiner is confidential, protected or privileged and the rights of any creditor, party in interest or third party to challenge any such designation in this Court or another court of competent jurisdiction is reserved.

4. The Examiner and the Examiner's Professionals shall retain all materials produced to or by the Examiner or the Examiner's Professionals in connection with the Examination conducted pursuant to the Examiner's Order, including, but not limited to, documents, e-mails, electronic communications and other information produced or maintained electronically, memoranda of witness interviews, deposition transcripts and requests for information by any third parties (collectively, the "Records") for a period of two years from the date of this Order (the "Initial Retention Period"). After the Initial Retention Period, the Examiner may file a motion with the Court for an order permitting the destruction of the Records or, in accordance with any applicable Confidentiality Agreement or Informal Confidentiality Agreement, permitting the return the of the Records to the party that produced them (the "Disposal Motion"). Notice of the Disposal Motion shall be provided by the Examiner no less than sixty (60) days prior to the scheduled hearing date of the Disposal Motion to counsel of record for those parties who have filed objections to the Motion, the United States Trustee, the SEC, the United States Attorney's Office for the Northern District of Oklahoma, the United

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation (Oklahoma), the Federal Bureau of Investigation (New York), the United States Commodities Futures Trading Commission, the United States Department of Justice (Fraud Section), the United States Department of the Treasury (Office of the Comptroller of the Currency), the New York County District Attorney's Office, the Debtors, the Creditors Committee, the Oil Producers Committee, the Agent, parties to the Confidentiality Agreements and Informal Confidentiality Agreements, and any other party as the Court may direct. Any and all objections to the Disposal Motion shall be served upon the Examiner, the Examiner's counsel, and the United States Trustee and filed at least ten (10) days prior to the scheduled hearing date of the Disposal Motion or as otherwise directed by this Court. The Examiner may only dispose of the Records in accordance with the further order of this Court in connection with the Disposal Motion. The Examiner and the Examiner's Professionals have the right to and may oppose any efforts by a party to require the retention of the Records after the Initial Retention Period.

5. The Examiner's Professionals shall be entitled to reimbursement for their reasonable fees and actual costs after the date of the entry of this Order for (a) handling of the Records as provided herein including, without limitation, the prosecution of the Disposal Motion; (b) cooperating with the entities and persons specified in paragraph 3; (c) the prosecution of the Motion in connection with the remainder of the relief sought therein; (d) responding to any formal or informal discovery requests served upon the Examiner or the Examiner's Professionals; (e) the preparation and prosecution of interim and final fee applications; and (f) such other actions undertaken by the Examiner or the Examiner's Professionals at the request or direction of the Court.

6. Neither the Examiner nor the Examiner's Professionals shall have or incur any liability with respect to any act taken or omitted to be taken, statement or representation arising out of, relating to, or involving in any way, the Examination or any report, pleading or other writing filed by the Examiner or the Examiner's Professionals in connection with, related to, or arising out of the Debtors' bankruptcy cases including, without limitation, the Report; provided, however, that nothing contained in this paragraph shall be construed to limit the liability of the Examiner or the Examiner's Professionals for violation of any applicable disciplinary rule or code of professional responsibility or for any acts of willful misconduct or gross negligence as determined in a final and non-appealable order of a court of competent jurisdiction or release the Examiner or any of the Examiner's Professionals from compliance with any obligations arising under any confidentially order, including the Order Approving the Debtors' Confidentiality Agreement or the Confidentiality Agreements; and, provided further, that nothing contained herein shall preclude the Fee Auditor from filing advisory reports with respect to the fees incurred by the Examiner or the Examiner's Professionals.

7. The final fee applications of the Examiner and the Examiner's Professionals shall be filed by August 31, 2009. Objections, if any, to the final fee applications of the Examiner and the Examiner's Professionals must be filed by September 28, 2009. A hearing to consider the final fee applications of the Examiner and the Examiner's Professionals will be held on October 8, 2009, unless otherwise noticed.

8. In the event of a conflict between this Order and any provision of a plan of reorganization confirmed in the Debtors' cases, this Order shall control as it pertains to the rights, duties and obligations of the Examiner and the Examiner's Professionals.

9.  This Court shall retain jurisdiction to resolve professional compensation issues for the Examiner's Professionals in connection with the Debtors' cases.

10. The Court reserves jurisdiction as to all matters related to and arising from the implementation, interpretation and enforcement of this Order including, without limitation, any requested revision or modification thereof.

DATED:  Wilmington, Delaware
        July 27, 2009

HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

ny-879214                              5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                  : Chapter 11
SEMCRUDE, L.P., et al.                  : Case No. 08 - 11525 (BLS)
          Debtors                       : Jointly Administered
                                        :
                                        : Re: Docket No. 4149
------------------------------------------------------------ x

**SUPPLEMENTAL ORDER GRANTING IN PART THE EXAMINER'S MOTION FOR ENTRY OF AN ORDER REGARDING CERTAIN PROCEDURAL ISSUES IN CONNECTION WITH THE TERMINATION OF THE EXAMINATION OF SEMCRUDE, L.P., ET AL.**

Upon consideration of the Motion of Louis J. Freeh, the Examiner, with Respect to Certain Procedural Issues in Connection with the Termination of the Examination of SemCrude, L.P., et al. (the "Motion"); and adequate and sufficient notice of the Motion having been provided to all parties in interest; and upon consideration of Westback Purchasing Co., LLC's Response and Partial Objection to Motion, the Limited Objection of Lead Plaintiff to the Motion, Gregory C. Wallace's (1) Partial Objection to the Motion; and (2) Request to Clarify Committee's Obligations Regarding Examiner and Third-Party Documents (the "Wallace Partial Objection"), Thomas L. Kivisto's Joinder in the Wallace Partial Objection, and Gregory C. Wallace's Sur-Reply in Partial Objection to Examiner's Motion for an Order Regarding Certain Procedural Issues; and the Court having conducted hearings on July 14, 2009 and September 9, 2009, during which interested parties were given the opportunity to be heard with respect to the Motion; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.     The Motion is granted in part as set forth herein[1].

2.     Subject to the provisions of paragraph 4, the Examiner[2] shall transfer to the litigation trustee appointed pursuant to the confirmation order approving the Debtors' plan of reorganization (the "Litigation Trustee") copies of: (A) all documents produced by third parties to the Examiner in connection with the Examination that are not subject to written or informal confidentiality agreements and/or stipulations (collectively, "Confidentiality Agreements"), unless the producing party has consented in writing to the Examiner's transfer of the documents to the Litigation Trustee; (B) all transcripts of Bankruptcy Rule 2004 Examinations conducted in connection with the Examination; (C) any written presentations regarding the Examination prepared by the Examiner or the Examiner's Professionals that were produced to any governmental agency; (D) any documents produced by third parties to the Examiner in connection with the Examination that the Examiner produced to any governmental agencies; (E) any documents that were created and/or compiled by the Examiner or the Examiner's Professionals that were shared with or produced to third parties; and (F) a list of the parties with whom the Examiner entered into Confidentiality Agreements.

3.     Any creditor, party in interest to these cases, or third party is hereby precluded from issuing or serving upon the Examiner or the Examiner's Professionals any formal or informal discovery request, including but not limited to, any subpoena, request for production of documents, requests for admissions, interrogatories, subpoenas *duces tecum*, requests for testimony, letters rogatory or any other discovery of any kind whatsoever in any way related to the Debtors, the nondebtor affiliates of the Debtors, the bankruptcy cases, the Report, or the

---

[1] The reminder of the relief requested in the Motion is addressed in a separate Order of this Court dated July 27, 2009. [Docket No. 4766]

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Examination with respect to any knowledge or documents (as defined by Bankruptcy Rule 7034(c)) or any other material in the possession, custody or control of the Examiner or the Examiner's Professionals regarding, concerning or in any way related to the Debtors, the nondebtor affiliates of the Debtor, the Debtors' bankruptcy cases, the Examiner Order, the Report or the Examination; except that this prohibition:

    a.    shall not apply in the event a federal district court presiding over a criminal proceeding in which a party in interest is a defendant issues an order finding that the Examiner or the Examiner's Professionals are obliged to produce documents in their possession under the principals of *Brady v. Maryland*, 373 U.S. 83 (1963), as embodied in subsequent case law and the Federal Rules of Criminal Procedure, this Order shall not preclude such production as the federal district court may require. This Order in no way establishes or provides that obligations under *Brady* are applicable to the Examiner or the Examiner's Professionals. The Examiner and the Examiner's Professionals have the right to and may oppose any efforts by a party to secure such an order from a federal district court on any basis, including the applicability of *Brady* to the Examiner or the Examiner's Professionals, and seek reimbursement for any fees and costs associated with such opposition from the Debtors' estates;

    b.    shall not apply in the event a party in interest, after the filing of a motion upon at least thirty (30) days notice to the Examiner and the Examiner's counsel, demonstrates to this Court or another court of competent jurisdiction that it cannot obtain the requested documents from any other source, that the production would not violate any order of this Court including, without limitation, the Order Approving the Debtors' Confidentiality Agreement with the Examiner, and the request does not seek the production of documents that are determined to be protected by the attorney-client privilege, the work product doctrine or another applicable

privilege or protection. The Examiner and the Examiner's Professionals have the right to and may oppose any efforts by a party to secure such information and seek reimbursement for any fees and costs associated with such opposition from the Debtors' estates; and

        c.     shall not apply to requests related to the compensation and reimbursement applications submitted by the Examiner and the Examiner's Professionals submitted to this Court.

    4.     Notwithstanding anything to the contrary contained herein, and notwithstanding any provision of any plan of reorganization that is or may be confirmed in these cases, the Examiner and the Examiner's Professionals shall not be required to produce to any party, including the Debtors, the Creditors Committee, the Oil Producers Committee or the Litigation Trustee (or any successor to the Debtors or any other party) any material comprising the work product of the Examiner and/or the Examiner's Professionals and/or any material protected by the attorney-client privilege or other applicable privileges or protections. Nothing in this Order shall constitute a determination that any information or material provided to or of the Examiner or the Examiner's Professionals is confidential, protected or privileged and, subject to the limitations contained in paragraph 3 of this Order regarding the right to obtain discovery from the Examiner and the Examiner's Professionals, the rights of any creditor, party in interest or third party to challenge such designation in this Court or another court of competent jurisdiction is reserved.

    5.     To the extent that the Examiner or the Examiner's Professionals are directed to produce documents pursuant to paragraph 3 of this Order and the Examiner or the Examiner's Professionals withhold the production of documents based upon a claim of attorney-client privilege, the work product doctrine or any other applicable privilege or protection, the Examiner

shall provide a privilege log, containing the information required under Bankruptcy Rule 7026(b)(5)(A) within thirty (30) days of the entry of an order directing the Examiner to produce the discovery.

6. In the event of a conflict between this Order and any provision of a plan of reorganization confirmed in the Debtors' cases, this Order shall control as it pertains to the rights, duties and obligations of the Examiner and the Examiner's Professionals.

7. Except as otherwise set forth in this Order, the Court reserves jurisdiction as to all matters related to and arising from the implementation, interpretation and enforcement of this Order including, without limitation, any requested revision or modification thereof.

DATED:   Wilmington, Delaware
         October 21, 2009

HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE