# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TRIBUNE COMPANY, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-13141 (KJC) <br><br> Jointly Administered <br><br> Related to Docket No. ____ |

## ORDER APPROVING MOTION OF COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ., FOR ORDER (I) DISCHARGING EXAMINER; (II) GRANTING RELIEF FROM THIRD-PARTY DISCOVERY; (III) APPROVING THE DISPOSITION OF CERTAIN DOCUMENTS AND INFORMATION; AND (IV) GRANTING CERTAIN ANCILLARY RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOПM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

596059.1 7/23/10

Upon consideration of the Motion of Kenneth N. Klee, Esq. ("Examiner"), by and through his attorneys, for an Order granting the *Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief* (the "Motion"); and, after due deliberation and sufficient cause appearing therefore; it is hereby ORDERED[2]:

1. The Motion is GRANTED.

2. The Examiner is discharged from his duties under the Examiner Order, and his appointment as Examiner is hereby terminated.

3. The Examiner shall transfer the Investigative Record to _____

_____

_____.

4. Neither the Examiner nor his Professionals shall have or incur any liability with respect to (a) any act taken or omitted to be taken, (b) any statement or representation arising out of, relating to, or involving in any way, the Investigation, or (c) any report, pleading or other writing filed by the Examiner or the Examiner's Professionals in connection with, related to, or arising out of the Debtors' Chapter 11 Cases including, without limitation, the Report. Nothing contained in this paragraph, however, shall be construed to limit the liability of the Examiner or the Examiner's Professionals for violation of any applicable disciplinary rule or code of professional conduct or for any acts of willful misconduct or gross negligence.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

5.  The Examiner and his Professionals are relieved from any formal or informal discovery process and all persons and entities are enjoined from issuing or serving any discovery request on the Examiner or his Professionals, except as authorized (i) by this Court upon notice of motion to, and an opportunity to object by, the Examiner, the Examiner's Professionals, the Debtors, the Committee and parties in interest, and upon demonstration by the requesting party that such materials or information cannot be reasonably obtained from any other source, or (ii) by an order of a federal district court presiding over a criminal proceeding in which a party in interest is a defendant, which finds that the Examiner or his Professionals are obliged to produce documents or other materials to said defendant under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), as embodied in subsequent caselaw and the Federal Rules of Criminal Procedure. This injunction and prohibition against discovery from the Examiner and his Professionals shall not prevent the discovery of information related to compensation applications filed by the Examiner or his Professionals.

6.  The Examiner and his Professionals shall be entitled to reimbursement from the Debtors, their estates, and their successors in interest, for their reasonable fees and actual costs after the date of the entry of this Order for (a) the disposition of the Investigative Record as set forth herein; (b) responding to any formal or informal discovery requests served on the Examiner or the Examiner's Professionals; (c) the preparation and prosecution of interim and final fee applications; and (d) such other actions undertaken by the Examiner or the Examiner's Professionals at the request or direction of the Court. To the extent that the Examiner and his Professionals are entitled to payment or reimbursement of their reasonable fees and costs incurred subsequent to the time period covered by their final fee applications, the Debtors are

authorized and directed to pay or reimburse the Examiner and his Professionals without the need to file fee applications and without the need for Court approval.

7.      The final fee applications of the Examiner and the Examiner's Professionals shall be filed by _____, 2010. Objections, if any, to the final fee applications of the Examiner and the Examiner's Professionals must be filed by _____, 2010. A hearing to consider the final fee applications of the Examiner and the Examiner's Professionals will be held on _____, 2010, unless otherwise noticed.

8.      In the event of a conflict between this Order and any provision of a plan of reorganization confirmed in the Debtors' cases, this Order shall control as it pertains to the rights, duties and obligations of the Examiner and the Examiner's Professionals.

9.      This Court shall retain jurisdiction to resolve professional compensation issues for the Examiner or his Professionals in connection with the Debtors' cases.

10. The Court reserves jurisdiction as to all matters related to and arising from the implementation, interpretation and enforcement of this Order including, without limitation, any requested revision or modification thereof.

Dated: Wilmington, Delaware
_____, 2010

_____
Kevin J. Carey
United States Bankruptcy Judge