# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## MOTION TO AUTHORIZE THE DISCLOSURE OF THE EXAMINER'S REPORT, EXHIBITS CITED IN REPORT, AND PROFESSIONALLY TRANSCRIBED, SWORN TRANSCRIPTS OF WITNESS INTERVIEWS TO THE PARTIES AND INTERVIEWEES PURSUANT TO THE TERMS OF THE DOCUMENT DEPOSITORY ORDER

The above-captioned debtors and debtors in possession (the "Debtors"), through their

counsel, respectfully move this Court for an Order Authorizing the Disclosure of the Examiner's

Report, Exhibits to Report, and Professionally Transcribed, Sworn Transcripts of Witness

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-6896223v1

Interviews to the Parties[2] and Interviewees Pursuant to the Terms of the Document Depository Order. In support of this motion, the Debtors state as follows:

1. On April 20, 2010, this Court directed the U.S. Trustee to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c)(1). (Dkt. 4120.) On April 30, 2010, the U.S. Trustee appointed Kenneth N. Klee, Esquire, as the Examiner in this proceeding. (Dkt. 4212.) On May 10, 2010, this Court approved the appointment of Mr. Klee as the Examiner. (Dkt. 4320.)

2. In its April 20, 2010 order directing the appointment of the Examiner, the Court stated that the Examiner should "(i) evaluate whether there are potential claims and causes of action held by the Debtors' estates in connection with the leveraged buy-out of Tribune that occurred in 2007..., (ii) evaluate whether Wilmington Trust Company violated the automatic stay under 11 U.S.C. § 362 by its filing, on March 3, 2010, of its Complaint..., (iii) evaluate the assertions and defenses made by certain of the Parties in connection with the Motion of JPMorgan Chase Bank, N.A., for Sanctions Against Wilmington Trust Company..., and (iv) otherwise perform the duties of an examiner." (Dkt. 4120 ¶ 2.) The Court also directed the Examiner to "prepare and file a report ..., as required by 11 U.S.C. § 1106(a)(4)." (*Id.* ¶ 5.)

3. The Court's order also granted the Examiner full access to the documents in the depository (the "Document Depository") set up by the Order (i) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to

---

[2] As used herein, "Parties" is defined as the Debtors, the Official Committee of Unsecured Creditors, JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, the Credit Agreement Lenders, Citicorp North America, Inc./Citigroup Global Markets, Inc., Bank of America, N.A. and Banc of America Securities LLC, Law Debenture Trust Company of New York, Centerbridge Credit Advisors LLC, Wells Fargo Bank, N.A. and Wilmington Trust Company.

the Depository and (ii) Establishing Settlement Negotiation Protections (Dkt. 2858) ("the "Document Depository Order"). (Dkt. 4120 ¶¶ 10-11.)

4. As set forth in the Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., For Order (1) Temporarily Authorizing The Filing of the Examiner's Entire Report and Certain Documents Under Seal And; (2) Overruling the Claims of Confidentiality With Respect to The Report and Its Exhibits (Dkt. 5114) ("Seal Motion"), in conducting his examination, the Examiner requested and received documents not only from the Document Depository, but also in response to his own requests to the Parties and other involved entities. In addition, the Examiner conducted a number of interviews. Certain of these interviews were professionally transcribed and taken under oath (collectively, "Transcripts"). In accordance with the April 20, 2010 order, the Examiner has not made available to the Parties, or any other entity, any part of his examination, including any documents received by the Examiner, other than providing Transcripts to those Parties of interviews in which a Party's current or former employees were interviewed under oath. (Dkt. 4120 ¶ 6.) Further, the Examiner's report is expected to include information derived both from these documents as well as from the interviews. (*See* Dkt. 5114 ¶ 27.). Finally, the Examiner's report is expected to cite to, and excerpt from, documents (collectively, "Exhibits"). (*Id.*)

5. The Examiner is due to post his report on Monday, July 26, 2010. As set forth in the Seal Motion, however, certain of the Parties and other entities who provided documents and/or gave testimony have designated various portions of these materials as confidential and have objected to the public disclosure of this information in connection with the Examiner's report. (Dkt. 5114 ¶¶ 27-28.) In addition, similar such objections could be raised regarding statements made in the interviews that were not transcribed but that may be referred to in the

report.[3] As a consequence, the Examiner filed the Seal Motion, which seeks leave to file the entire report, certain documents, and Transcripts under seal pending resolution of the various claims of confidentiality. The Seal Motion requests that the Court address all issues relating to confidentiality at the scheduled August 9, 2010 hearing (which the Court previously had set aside to address such issues and other matters relating to the examination).

6. As further explained by the Examiner in his motion, the redactions that would be necessary given the nature of the objections that have been or could be raised are substantial. (Dkt. 5114 ¶ 39.) Consequently, it is the Debtors' understanding, as confirmed in conversations with the Examiner's counsel, that significant portions of the Examiner's report, including the Examiner's detailed analysis of any potential claims relating to the leveraged buy-out of Tribune in 2007, will be filed under seal and thus not available to the public until the above-noted confidentiality issues are resolved by the Court. (*Id.* ¶¶ 39-41.)[4]

7. In addition, the Examiner has further indicated that, as a result of the various assertions of confidentiality, he is not in a position to provide to the Parties with a full, unredacted copy of the report (referred to hereinafter as the ("Report"), the Exhibits, or the Transcripts, without authorization from the Court.

8. It is critical that the Parties be provided with the Report, the Exhibits, and the Transcripts at the earliest possible opportunity once filed with the Court. The Parties need this

---

[3] Whether such objections might be raised with respect to such statements will not be known until the Examiner's report is complete and the specific statements included in the report are disclosed to the interviewees. One of the potential benefits of this Motion is that it will help expedite the process of determining whether any additional claims of confidentiality may be asserted, by making the report available to the interviewees on a confidential basis so that they will be in a position to raise any objections that might exist in advance of the scheduled hearing on the Examiner's motion.

[4] It is the Debtors' understanding that a summary of the Examiner's conclusions will be made available publicly, but that the specific analysis will be filed under seal pending resolution of the confidentiality issues. (Dkt. 5114 ¶¶ 40-41.)

information in connection with their preparations for the hearing on Plan confirmation, scheduled for August 30, 2010. Indeed, any delay in this regard – particularly to as late as August 9, 2010 – could be highly disruptive to the plan confirmation schedule. For instance, under the current schedule, various of the Parties have designated experts, and expert reports are due August 4, 2010, with expert depositions to start on August 11, 2010. If the Parties' experts are unable to see the Report, the Exhibits, and the Transcripts before their expert reports are due, they will likely be forced to supplement their reports at a later date, and the Parties are unlikely to proceed with expert depositions until such supplements are provided. Likewise, the Parties are unlikely to be willing to proceed with fact discovery until they have an opportunity to see the Report, the Exhibits, and the Transcripts. Given that the August 30, 2010 hearing date is fast approaching, this will compress what is already an extremely tight schedule.

9. The Debtors believe that an order from this Court authorizing the immediate disclosure of the Report, the Exhibits, and the Transcripts to the Parties pursuant to the terms of the Document Depository Order will adequately protect the confidentiality concerns raised by those objecting to the public disclosure of these items. Each of the Parties is already an authorized party to the Document Depository, and permitting the disclosure of the Report, the Exhibits, and the Transcripts subject to the protections of the Document Depository will ensure that any confidential designations will be maintained as confidential pending resolution of this issue on August 9, 2010.

10. In order to facilitate resolution of any additional confidentiality issues, the Examiner has further requested that any individual or entity who was interviewed by the Examiner (the "Interviewees") be allowed to receive the full Report, the Exhibits, and the Transcripts, subject to agreeing to be bound by the terms of the Document Depository Order.

46429/0001-6896223v1

The Examiner has advised that each of the Interviewees, individually or through the institutions employing them, either already signed the Acknowledgment agreeing to be bound by the terms of the Document Depository in connection with his or her interview either before the Examiner commenced his investigation or immediately before the commencement of his or her interview. As such, Debtors have no objection (and do not see any reason why any of the parties would have any objection) to providing the Report, the Exhibits, and the Transcripts in unredacted form to the Interviewees.

11. During the examination, the Examiner established a secure document website ("Secure Website") which Parties as well as Interviewees periodically accessed to review specified documents made available by the Examiner for purposes of fleshing out confidentiality issues and to furnish information to the Examiner. The Examiner has advised through counsel that he is prepared to furnish access to the Parties and the Interviewees to the Report, the Exhibits, and the Transcripts on the Secure Website, provided that, upon entry of the accompanying Order and before receiving such access, counsel for each such Party and Interviewee desiring access furnishes to the Examiner's counsel, whether in writing or electronic form, the name and the email address of the individual on behalf of such Party and Interviewee who will be entitled to access the Report, the Exhibit, and the Transcripts. The transmittal of such communication to the Examiner shall constitute a reaffirmation, without further act, that such Party, Interviewee, and their respective counsel are subject to, and are receiving access to such documents, pursuant to the Document Depository Order, or such other order of the Court as may hereafter be entered concerning access to such documents. The Examiner shall be entitled to rely upon such notification for purposes of furnishing such access. The Examiner's counsel has advised the Debtors that the Examiner will proceed promptly to furnish access in accordance

with the preceding procedures. The Examiner's counsel also has made it clear, in the Seal Motion, that the Examiner maintains that the entirety of the Report, the Exhibits, and the Transcripts should be made available generally to all creditors and interested parties.

12. Counsel for the Debtors has attempted to reach counsel for as many of the Parties and other interested parties as possible to ensure that they would be agreeable to the procedure set forth herein. As of the time of filing, counsel for JPMorgan, the Official Committee of Unsecured Creditors, Law Debenture, Centerbridge, Citi, the Credit Agreement Lenders and certain of the Interviewees have indicated that they concur with the relief being sought by this Motion. Merrill Lynch has indicated that it is opposed to having Transcripts of its witnesses provided to the Parties.

WHEREFORE, the Debtors respectfully move this Court to enter an Order Authorizing the Disclosure of the Examiner's Report, Exhibits, and Interview Transcripts to Parties and Interviewees Pursuant to the Terms of the Document Depository Order.

Dated: Wilmington, Delaware
July 26, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
James F. Bendernagel, Jr.
James W. Ducayet
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

46429/0001-6896223v1