**PROPOSED ORDER**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. ____** |

### ORDER ON MOTION TO AUTHORIZE THE DISCLOSURE OF THE EXAMINER'S REPORT, EXHIBITS CITED IN REPORT, AND PROFESSIONALLY TRANSCRIBED, SWORN TRANSCRIPTS OF WITNESS INTERVIEWS TO THE PARTIES AND INTERVIEWEES PURSUANT TO THE TERMS OF THE DOCUMENT DEPOSITORY ORDER

Upon the motion of the debtors and debtors in possession in the above-captioned chapter

11 cases (the "Debtors") to Authorize the Disclosure of the Examiner's Report, Exhibits Cited in

Report, and Professionally Transcribed, Sworn Transcripts of Witness Interviews to the Parties

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

and Interviewees Pursuant to the Terms of the Document Depository Order (the "Motion" or

"Authorization Motion"); and upon consideration of the Motion and all pleadings related thereto;

and due and proper notice of the Motion having been given under the circumstances; and it

appearing that no other or further notice is required; and it appearing that the Court has

jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334(b); and it

appearing that the relief requested is in the best interest of the Debtors and their estates; and after

due deliberation, and sufficient cause appearing therefor, it is hereby

      ORDERED that the Authorization Motion is granted; and it is further

      ORDERED that the captialized terms used herein shall have the same meaning as

the Authorization Motion; and it is further

      ORDERED that the Examiner is authorized to furnish access to the Parties and

the Interviewees to the Report, the Exhibits, and the Transcripts on the Secure Website, provided

that, upon entry of this Order and before receiving such access, counsel for each such Party and

Interviewee desiring access furnishes to the Examiner's counsel, whether in writing or electronic

form, the name and the email address of the individual on behalf of such Party and Interviewee

who will be entitled to access the Report, the Exhibit, and the Transcripts; the transmittal of such

communication to the Examiner shall constitute a reaffirmation, without further act, that such

Party, Interviewee, and their respective counsel are subject to, and are receiving access to such

documents pursuant to, the Document Depository Order, or such other order of the Court as may

hereafter be entered concerning access to such documents; the Examiner shall be entitled to rely

upon such notification for purposes of furnishing such access; and it is further further

ORDERED that the Examiner and his advisors shall be entitled to rely on the authorization specified in this Order in connection with the furnishing of access to the Report, the Exhibits, and the Transcripts; and it is further

ORDERED the procedures specified herein will be the sole mechanism by which the Examiner shall make the Report, the Exhibits, and the Transcripts available to the Parties and the Interviewees; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.


Dated:  Wilmington, Delaware

     July ___, 2010


                                                _____
                                                The Honorable Kevin J. Carey
                                                Chief United States Bankruptcy Judge

46429/0001-6896223v1