**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 5116** |

**MOTION TO SET EXPEDITED HEARING AND SHORTEN NOTICE
PERIOD ON MOTION TO AUTHORIZE THE DISCLOSURE OF
THE EXAMINER'S REPORT, EXHIBITS CITED IN REPORT, AND
PROFESSIONALLY TRANSCRIBED, SWORN TRANSCRIPTS OF
WITNESS INTERVIEWS TO THE PARTIES AND INTERVIEWEES
<u>PURSUANT TO THE TERMS OF THE DOCUMENT DEPOSITORY ORDER</u>**

The above-captioned debtors and debtors in possession (the "Debtors"), through their counsel, respectfully move this Court for an order setting an expedited hearing for and shortening the notice period on the Debtors' concurrently-filed Motion To Authorize The

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Disclosure Of The Examiner's Report, Exhibits Cited In Report, And Professionally Transcribed, Sworn Transcripts Of Witness Interviews To The Parties And Interviewees Pursuant To The Terms Of The Document Depository Order (the "Authorization Motion").[2] In support of this motion, the Debtors state as follows:

1. By this motion, the Debtors request entry of an order, pursuant to 11 U.S.C. § 105, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), scheduling the Authorization Motion for hearing on Wednesday, July 28, 2010, or such other date and time as the Court may direct, at the Court's earliest convenience, and establishing a shortened deadlines for filing any responses or objections to the Authorization Motion.

2. Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days (and an additional three (3) days if service is by mail) prior to the hearing date." Del. Bankr. L. R. 9006-1(c)(i). Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." This authorization is also expressed in Local Rule 9006-1(e), which provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L. R. 9006-1(e).

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Authorization Motion.

2

3.      The Debtors believe that the circumstances here justify setting an expedited hearing for and shortening the notice period on the Authorization Motion. As set out more fully in the Authorization Motion, on account of confidentiality objections made by certain of the Parties and other entities, the Examiner has filed a motion to file his Report, certain Exhibits and Transcripts under seal and to address continuing claims of confidentiality asserted by various Parties and other entities. Further, as explained below, the Examiner has indicated that until the confidentiality objections are resolved, he will not provide any of the Parties a copy of the full, unredacted report without authorization of the Court.

4.      It is critical that the Parties be provided with the Report, the Exhibits, and the Transcripts at the earliest possible opportunity once filed with the Court. The Parties need this information in connection with their preparations for the hearing on Plan confirmation, scheduled for August 30, 2010. Indeed, any delay in this regard – particularly to as late as August 9, 2010 – could be highly disruptive to the plan confirmation schedule. For instance, under the current schedule, various of the Parties have designated experts, and expert reports are due August 4, 2010, with expert depositions to start on August 11, 2010. If the Parties' experts are unable to see the full Report, Exhibits and Transcripts before their expert reports are due, they will likely be forced to supplement their reports at a later date, and the Parties are unlikely to proceed with expert depositions until such supplements are provided. Likewise, the Parties are unlikely to be willing to proceed with fact discovery until they have an opportunity to see the full Report, Exhibits and Transcripts. Given that the August 30, 2010 hearing date is fast approaching, this will compress what is already an extremely tight schedule.

5.      The Parties had originally anticipated that they would be receiving unredacted versions of these materials on Monday, when the full Report was to be filed. However, for the

reasons set forth in the Seal Motion, the Examiner, through counsel, informed Debtors' counsel late last week that the Examiner had determined that he could not do so without potentially violating claims of confidentiality. This Motion seeks to have Debtors' Authorization Motion heard at the first possible opportunity the Court is available, which Debtors understand is Wednesday, July 28, 2010.

6. Because of the substantial harm that could arise from the undue delay of providing the Parties with full, unredacted copies of the Report, Exhibits and Transcripts, the Debtors submit that the present circumstances satisfy the requirement of cause under Rule 9006 and the exigencies required under Local Rule 9006-1(e).

7. To ensure that all parties receive notice as soon as possible, notice of this Motion and the Authorization Motion is being provided by electronic mail, hand delivery or first class mail to: (i) the Office of the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the Committee; (vi) counsel to the administrative agents for the Debtors' prepetition loan facilities; (vii) counsel to the administrative agent for the Debtors' postpetition loan facility; (viii) the indenture trustees for the Debtors' prepetition notes; (ix) counsel for the Parties and the Interviewees; (x) the Examiner; and (xi) all parties having requested notice pursuant to Bankruptcy Rule 2002. Given the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request that this Court enter an order, in substantially the form attached hereto, (i) setting a hearing date for the Authorization Motion on Wednesday, July 28, 2010 or as soon thereafter as the Court may direct; (ii) establishing a shortened deadline for the filing of responses or objections to the Authorization Motion; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
July 26, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
James F. Bendernagel, Jr.
James W. Ducayet
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION