EXHIBIT A

## EVIDENCE OF TRANSFER OF CLAIM

TO: Clerk, United States Bankruptcy Court, District of Delaware

**Chris Neuman** with an address care of Moskowitz Law Group, 1333 Beverly Green Drive, Los Angeles, CA. 90035 ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim Agreement dated as of the date hereof, does hereby certify that he has unconditionally and irrevocably sold, transferred and assigned to **Avenue TC Fund, L.P.**, its successors and assigns, with offices at 535 Madison Avenue, 15th Floor, New York, New York 10022, ("Buyer"), all of his rights, title and interest in and to the allowed general unsecured claim of Seller in the aggregate amount of Three Hundred Thousand Dollars ($300,000.00) (the "Claim") against KTLA, Inc., a debtor-in-possession in the chapter 11 reorganization case, In re: **Tribune Company**, et al., Case No. 08-13141 (KJC) (jointly administered) in the United States Bankruptcy Court for the District of Delaware.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Evidence of Transfer of Claim as an unconditional assignment and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated the 30 day of June, 2010.

SELLER

By: _____
    Chris Neuman

BUYER

AVENUE TC FUND, L.P.

By: Avenue TC GenPar, LLC,
    Its General Partner
By: GL TC Partners, LLC,
    Its Managing Member

By: _____
    Name: Sonia E. Gardner
    Title: Member

EXHIBIT A

**EVIDENCE OF TRANSFER OF CLAIM**

TO:   Clerk, United States Bankruptcy Court, District of Delaware

**Chris Neuman** with an address care of Moskowitz Law Group, 1333 Beverly Green Drive, Los Angeles, CA. 90035 ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim Agreement dated as of the date hereof, does hereby certify that he has unconditionally and irrevocably sold, transferred and assigned to **Avenue TC Fund, L.P.**, its successors and assigns, with offices at 535 Madison Avenue, 15th Floor, New York, New York 10022, ("Buyer"), all of his rights, title and interest in and to the allowed general unsecured claim of Seller in the aggregate amount of Three Hundred Thousand Dollars ($300,000.00) (the "Claim") against KTLA, Inc., a debtor-in-possession in the chapter 11 reorganization case, In re: **Tribune Company**, et al., Case No. 08-13141 (KJC) (jointly administered) in the United States Bankruptcy Court for the District of Delaware.

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Evidence of Transfer of Claim as an unconditional assignment and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, dated the 1st day of July 2010.

SELLER

By: _____
    Chris Neuman

BUYER

AVENUE TC FUND, L.P.

By: Avenue TC GenPar, LLC,
    Its General Partner
By: GL TC Partners, LLC,
    Its Managing Member

By: _____
    Name: Sonia L. Gardner
    Title: Member

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into between Plaintiff Chris Neuman ("Plaintiff"), on the one hand, and Defendants KTLA, Inc., Tribune Company, and Tribune Broadcasting Company (collectively the "KTLA Defendants"), on the other, upon the following terms and conditions:

1. <u>Factual Recitals</u>.

   WHEREAS, Plaintiff separated from employment with KTLA, Inc. on or about March 14, 2008.

   WHEREAS, differences and disputes (collectively, the "Disputes") have arisen between Plaintiff, on the one hand, and the KTLA Defendants on the other, relating to Plaintiff's employment with KTLA, Inc. and separation therefrom.

   WHEREAS, in connection with the Disputes, Plaintiff filed administrative charges with the Department of Fair Employment and Housing ("DFEH"), (the "Administrative Charges") and an action against the KTLA Defendants and Ira Goldstone in Los Angeles Superior Court, entitled <u>Chris Neuman v. Ira Goldstone, et al.</u>, BC406704, in which a Second Amended Complaint alleging (1) Breach of Contract; (2) Defamation; (3) Intentional Interference with Prospective Business Advantage; (4) Retaliation in Violation of the California Fair Employment and Housing Act; (5) Violations of Labor Code Section 6310; and (6) Wrongful Termination in Violation of Public Policy is at issue (the "Action").

   WHEREAS, Plaintiff filed three proofs of claim in the jointly administered case denominated <u>In Re: Tribune Company</u>, Case No. 08-13141 (KJC) (the "Bankruptcy") pending before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

   WHEREAS, the KTLA Defendants deny that they have any liability to Plaintiff whatsoever.

   WHEREAS, without conceding the validity or accuracy of each other's positions, Plaintiff and the KTLA Defendants, by this Agreement, seek amicably to fully and finally resolve and settle the Disputes upon the terms and conditions set forth herein below.

   WHEREAS, the parties reached a mediated agreement on May 12, 2010, which they hereby reduce to this formal, written agreement.

   WHEREAS, the parties have read, understood, and considered this Agreement, have been advised by counsel, and have signed this Agreement knowingly and voluntarily.

2. <u>Conditions to Effectiveness and Effective Date</u>. This Agreement is subject to the Defendants' utilization of the notice procedures set forth in the Bankruptcy Court's "Order Granting Debtors (I) Limited Waive of Requirements of Local Rule 3007-1(f) and

(II)Authority to Settle Disputed Claims" dated November 25, 2009 ("Claims Settlement Order"). In particular, (i) by no later than two business day following the parties' execution of the Agreement, the Defendants shall serve notice of this Agreement in compliance with the Claims Settlement Order ("Notice of Agreement"), and so long as it is not otherwise revoked pursuant to paragraph 10 below (ii) by no later than two business day following the expiration of the notice period under the Claims Settlement Order following Notice of the Agreement, the Defendants shall file with the Bankruptcy Court the Notice of Settlement Pursuant to Claims Settlement Order. This Agreement shall become binding and effective upon the filing of the Notice of Settlement Pursuant to Claims Settlement Order ("Effective Date").

3. Monetary Consideration. In consideration of the covenants and obligations in this Agreement, the parties hereto agree that Plaintiff shall have an allowed claim in the amount of $300,000.00 dollars (three hundred thousand dollars) against KTLA, Inc. for disputed claims alleged in the Action (the "Allowed Claim") that shall be paid the same distributions as other allowed general unsecured pre-petition claims under the Plan of Reorganization for KTLA, Inc. All claims against Tribune Company and Tribune Broadcasting Company that Plaintiff filed in the Bankruptcy Court shall be deemed withdrawn as of the Effective Date of this Agreement.

4. No Dismissal of Goldstone. The KTLA Defendants acknowledge that Plaintiff will continue to prosecute the Action against Ira Goldstone, his agents, attorneys, assigns, insurers and/or heirs, and any Doe defendants acting in concert with him or at his request. This Agreement and Release is not intended to in any way impair Plaintiff's ability to pursue Goldstone, his agents, attorneys, assigns, insurers and/or heirs, or Doe defendants acting in concert with him or at his request. The KTLA Defendants will comply with California law in responding to non-party discovery in the Action.

5. Neutral Employment Reference/No Re-hire. The KTLA Defendants agree that any inquiry from prospective or future employers of Plaintiff shall be directed to Barbara Lopez-Nash or other Human Resource management employee familiar with this Agreement and that KTLA will respond to any such inquiry with Plaintiff's date of hire, date of separation and last position held only. Plaintiff agrees he will not seek re-employment with (a) KTLA, (b) Tribune, (c) Tribune Broadcasting, or (d) any subsidiary of any KTLA Defendant listed in Exhibit A to this Agreement (each an "Affiliate"), except that this provision shall cease to apply to Tribune, Tribune Broadcasting, or any Affiliate if such entity undergoes a Change in Control (as defined herein) after the effective date of the Agreement. A "Change in Control," for purposes of this paragraph, shall occur if a third party, unaffiliated with any KTLA Defendant, acquires ownership of more than 50% of the common stock or, as applicable, controlling equity securities of such Affiliate. This provision shall not apply to a Change in Control resulting from approval of the Plan of Organization in Bankruptcy.

6. General Release of Defendants other than Defendant Ira Goldstone by Plaintiff. Except for the obligations arising out of this Agreement and subject to paragraph 5 herein, Plaintiff, for himself and on behalf of each and all his respective legal agents, assigns, heirs, and representatives (collectively referred to herein as the "Plaintiff Releasors"), does hereby fully and forever release, discharge, absolve, and covenant not to sue the

2

KTLA Defendants and/or any and all of their legal predecessors, successors, assigns, fiduciaries, parent companies, subsidiaries, and affiliated entities, and the past, present, and future officers, directors, employees, agents, attorneys, trustees, administrators, executors, and representatives of each of them (collectively referred to herein as the "KTLA Defendants Released Parties") from, of, and for, any and all claims, demands, damages, debts, controversies, liabilities, losses, accounts, obligations, costs, expenses, attorneys' fees, actions, liens, causes, and/or causes of action, at law or in equity, whether known or unknown, which the Plaintiff Releasors now have, have ever had, or may have in the future against the KTLA Defendants Released Parties, or any of them, based upon, arising out of, concerning, relating to, or resulting from any act, omission, matter, fact, occurrence, transaction, thing, event, claim, or contention occurring or existing at any time in the past up to and including the date Plaintiff has signed this Agreement arising out of or relating to Plaintiff's hiring by, employment with, or separation from KTLA, Inc., including without limitation any acts of Goldstone during or after the period of Goldstone's employment with any of the KTLA Defendants. Without limiting the generality of the foregoing, this General Release applies to the Disputes, the claims alleged in the Action against the KTLA Defendants, any and all claims that were or could have been asserted by Plaintiff under any federal, state, or local law, regulation, ordinance, or order, including, but not limited to, the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the California Fair Employment and Housing Act, the Age Discrimination in Employment Act (ADEA), the Investigative Consumer Reporting Act, the Americans with Disabilities Act, the California Labor Code, the California Constitution, any claim under any common law or equity-based theory, or any claim arising out of or relating to Plaintiff's hiring by, employment with, or separation from KTLA, Inc. Nothing in this Agreement shall affect (i) Plaintiff's rights, if any, to indemnification under Labor Code Section 2802, (ii) Plaintiff's rights, if any, to file claims for workers' compensation or unemployment insurance benefits, (iii) Plaintiff's vested retirement or pension benefits, if any, or (iv) Plaintiff's rights under any applicable state or federal law that creates rights that may not be compromised or waived. Nothing herein shall be construed as a waiver against or release of any claim or action against Ira Goldstone, his agents, attorneys, assigns, heirs or representatives, who are not among the KTLA Defendants Released Parties.

6.1. <u>Covenant not to Sue</u>. Plaintiff represents and warrants that, other than the Action, there are no claims, lawsuits, actions, administrative charges, or the like pending against the KTLA Defendants or any of the other Defendant Released Parties, and Plaintiff agrees that, to the extent permitted by applicable law, he will not file any lawsuit or judicial proceeding in the future asserting matters released herein. If any agency or court assumes jurisdiction of any proceeding based upon any such claim against any of the KTLA Defendants on Plaintiff's behalf, then Plaintiff shall promptly request that the agency or court dismiss the claim, charge, or complaint with prejudice. If said agency or court does not dismiss the claim, charge, or complaint, Plaintiff agrees that he shall not take any benefit or damages as a result of that claim, charge, or complaint.

7. <u>General Release of Plaintiff by Defendants other than Defendant Ira Goldstone</u>. Except for the obligations arising out of this Agreement, the KTLA Defendants and each of their respective legal predecessors, successors, assigns, attorneys, trustees, administrators,

3

executors, and parent companies, subsidiaries, and affiliated entities to the extent permitted by applicable law corporate by-laws and articles of incorporation, (collectively referred to herein as the "KTLA Defendant Releasors"), do hereby fully and forever release, discharge, absolve, and covenant not to sue Plaintiff, his agents, attorneys, assigns, representatives and heirs (collectively "Plaintiff's Released Parties") from, of, and for, any and all claims, demands, damages, debts, controversies, liabilities, losses, accounts, obligations, costs, expenses, attorneys' fees, actions, liens, causes, and/or causes of action, at law or in equity, whether known or unknown, which the KTLA Defendant Releasors now have, have ever had, or may have in the future against Plaintiff and Plaintiff's Released Parties based upon, arising out of, concerning, relating to, or resulting from any act, omission, matter, fact, occurrence, transaction, thing, event, claim, or contention occurring or existing at any time in the past up to and including the date the KTLA Defendants signed this Agreement arising out of or in any way relating to Plaintiff's hiring by, employment with, or separation from KTLA, Inc.. Without limiting the generality of the foregoing, this General Release applies to the Disputes, any claim under any common law or equity-based theory, or any claim arising out of or relating to Plaintiff's hiring by, employment with, or separation from KTLA, Inc. Nothing herein shall be construed as a waiver against Plaintiff or release of any claim or action against Plaintiff, by Defendant Ira Goldstone who is not among the KTLA Defendants Releasors.

    7.1.    <u>Covenant not to Sue</u>. The KTLA Defendants represent and warrant that there are no claims, lawsuits, actions, administrative charges, or the like pending against Plaintiff, and the KTLA Defendants agree that, to the extent permitted by applicable law, they will not file any lawsuit or judicial proceeding in the future asserting matters released herein. If any agency or court assumes jurisdiction of any proceeding based upon any such claim against Plaintiff on any KTLA Defendants Releasor's behalf, then such KTLA Defendants Releasor shall promptly request that the agency or court dismiss the claim, charge, or complaint with prejudice. If said agency or court does not dismiss the claim, charge, or complaint, such KTLA Defendants Releasor agrees that he/she/it shall not take any benefit or damages as a result of that claim, charge, or complaint.

8.    <u>Waiver of Civil Code § 1542</u>. The parties have read and understood the following language contained in Section 1542 of the California Civil Code:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

But for the obligations arising from this Agreement, having reviewed this provision, the parties nevertheless hereby voluntarily waive and relinquish any and all rights or benefits they may have under this provision, or any other statutory or non-statutory law with similar effect, and fully release each other and/or any of the other Released Parties above from any and all unknown claims arising out of or in any way relating to Plaintiff's hiring by, employment with, or separation from KTLA, Inc.

9. <u>Tax Withholding and Settlement Indemnity.</u> The Allowed Claim represents a payment for alleged but disputed emotional distress arising out of Plaintiff's claims for wrongful termination against KTLA. The parties have agreed that no withholding be taken from the payment for tax purposes, and that an applicable Form 1099 MISC shall be issued to Plaintiff with respect to the Allowed Claim. Plaintiff agrees that he will be solely responsible for evaluating, calculating, reporting, and paying the appropriate amount of federal, state, or other taxes or other withholding payments of any kind, if any, due on account of the Allowed Claim, and any interest or penalties which may be assessed on the failure to make or withhold any such tax or other payments in a timely manner. Plaintiff further acknowledges that neither the KTLA Defendants nor any of the other KTLA Defendants Released Parties are expressly agreeing to or ensuring any particular tax consequence to Plaintiff and that neither Defendants, any of the other Defendant Released Parties, nor their counsel, Sidley Austin LLP, has provided Plaintiff with any tax or other form of advice. Plaintiff represents and warrants that he has consulted or will consult his personal tax advisors regarding the Allowed Claim, and that he understands that he should do so. Plaintiff agrees to indemnify and hold the KTLA Defendants and the other KTLA Defendants Released Parties harmless against, for, and from any claim or tax assessment, including penalty or interest, by the Internal Revenue Service, the California Franchise Tax Board, or any other taxing authority in connection with the payment of the Allowed Claim to the fullest extent permitted by law, provided Plaintiff is provided notice and, to the extent provided by law, an opportunity to contest any such assessment before it is paid.

10. <u>Revocation.</u> Plaintiff may revoke this Agreement within seven (7) calendar days following the day he signs this Agreement (the "Revocation Period"). To be effective, any such revocation within the Revocation Period must be submitted in writing to the Amy Foran, Tribune Company, by personal hand delivery to 435 Michigan Avenue, Chicago, IL 60611 or time stamped facsimile at (312) 222-3860, such that it is received by her within seven (7) calendar days after Plaintiff signs this Agreement. This Agreement shall not become effective or enforceable until the Revocation Period has expired (without any revocation by Plaintiff). If the last day of the Revocation Period is a Saturday, Sunday, or legal holiday in California, then the Revocation Period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday. If Plaintiff revokes this Agreement in accordance with this Paragraph, it shall be null and void and Plaintiff shall not receive any payment under this Agreement, nor shall any of its other terms and conditions be enforceable. This paragraph does not alter the Effective Date of this Agreement as defined above in paragraph 2.

11. <u>Consultation with Legal Counsel and Review Period.</u> Plaintiff acknowledges that he has been advised by competent legal counsel in connection with the execution of this Agreement, that this Paragraph constitutes written notice to him of his right to be advised by legal counsel in connection with this Agreement, and that he understands his respective rights and obligations. Plaintiff declares that he has completely read this Agreement, fully understands the terms and contents thereof, and freely, voluntarily and without coercion enters into this Agreement. Plaintiff acknowledges that he has up to twenty-one (21) calendar days to consider the meaning and effect of this Agreement and whether to execute this Agreement. Further, Plaintiff agrees and acknowledges that the waiver and release of his rights and claims under this Agreement, including without

5

limitation under the Age Discrimination in Employment Act of 1967, is knowing and voluntary.

12. <u>No Admission</u>. This Agreement is made in settlement of claims and allegations which are denied, disputed, and contested. Neither this Agreement nor anything contained in this Agreement shall be construed as an admission by any party hereto of any wrongdoing, fact, issue, liability, and/or violation of any legal obligation. The parties acknowledge that they have not executed this Agreement in reliance on any promise, representation, statement, warranty or agreement other than those expressed herein.

13. <u>Representations and Warranties</u>. The parties represent and warrant that each has signed this Agreement voluntarily and without duress or undue influence and that each understands that each is providing a full release of the legal claims as set forth herein. The parties each represent and warrant that, as of the Effective Date, each has not assigned or transferred to any person not a party to this Agreement any matter or any part or portion or any matter released under this Agreement and each will indemnify and hold harmless the other party from any and against any claim based on or in connection with or arising out of any such assignments or transfer made.

14. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the substantive laws of the State of California. During the pendency of the Bankruptcy, venue shall be before the United States Bankruptcy Court for the District of Delaware, except that if such court declines jurisdiction or venue, venue shall be before any other California state or federal court of competent jurisdiction. Thereafter, venue for any dispute shall be before any California state or federal court of competent jurisdiction. The language of this Agreement shall be construed as a whole according to its fair meaning, and not strictly for or against any of the parties hereto.

15. <u>Severability/Modification</u>. This constitutes the entire agreement between the parties concerning the subject matter hereof and supersedes all prior agreements and discussions. Every clause and provision in this Agreement is severable from every other clause and provision so that if any is found to be illegal or unenforceable for any reason such will not affect the enforceability of the remainder of this Agreement. The parties agree that no waiver by any party of any particular provision or right under this Agreement shall be deemed to be a waiver of any other provision or right herein. This Agreement may be modified only by written instrument executed by the parties hereto.

16. <u>Enforcement</u>. The parties herein agree that they have reached a full and final settlement of all claims. This Agreement is binding and it contains the material terms of the agreement between the parties. By signing this Agreement, the parties understand that the court will dismiss the Action as to the KTLA Defendants and retain jurisdiction to enforce the settlement pursuant to <u>Code of Civil Procedure</u> §664.6.

17. This agreement may be signed in counterparts, and either original, email or facsimile signatures shall be treated for all purposes as if they were original.

6

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year indicated below.

June 10, 2010                                    _____
                                                              Chris Neuman


June ___, 2010                                   _____
                                                              KTLA, Inc.

                                          By: _____


June ___, 2010                                   _____
                                                           The Tribune Company

                                          By: _____


June ___, 2010                                   _____
                                                       Tribune Broadcasting Company

                                          By: _____

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year indicated below.

June ___, 2010

_____
Chris Neuman

June _10_, 2010

_____
KTLA, Inc.
By: President, Tribune Broadcast Company

June _10_, 2010

_____
The Tribune Company
By: President, Tribune Broadcast Company

June _10_, 2010

_____
Tribune Broadcasting Company
By: President, Tribune Broadcast Company

7

# EXHIBIT A

## Tribune Company Television Stations

- WPIX-TV (CW) NEW YORK
- KTLA-TV (CW) LOS ANGELES
- WGN-TV (CW) CHICAGO
- CLTV CHICAGOLAND TELEVISION 24-HOUR NEWS
- WPHL-TV (MY) PHILADELPHIA
- KDAF-TV (CW) DALLAS
- WDCW-TV (CW) WASHINGTON DC
- KIAH-TV (CW) HOUSTON
- KCPQ-TV (FOX) SEATTLE
- KMYQ-TV (MY) SEATTLE
- WSFL-TV (CW) SOUTH FLORIDA
- KWGN-TV (CW) DENVER
- KTXL-TV (FOX) SACRAMENTO
- KPLR-TV (CW) ST. LOUIS
- KRCW-TV (CW) PORTLAND
- WXIN-TV (FOX) INDIANAPOLIS
- WTTV-TV (CW) INDIANAPOLIS
- KSWB-TV (FOX) SAN DIEGO
- WTIC-TV (FOX) HARTFORD
- WTXX-TV (CW) HARTFORD
- WXMI-TV (FOX) GRAND RAPIDS
- WPMT-TV (FOX) HARRISBURG
- WGNO-TV (ABC) NEW ORLEANS
- WNOL-TV (CW) NEW ORLEANS

Docket Number: 4892

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 2657** |

## NOTICE OF SETTLEMENT PURSUANT TO
## CLAIMS SETTLEMENT ORDER

PLEASE TAKE NOTICE that, on November 25, 2009, the Court entered that certain Order Granting Debtors (i) Limited Waiver of Requirements of Local Rule 3007-1(f) and (ii) Authority to Settle Disputed Claims (the "Claims Settlement Order") [Docket No. 2657].

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Claims Settlement Order, the Debtors are authorized to settle or compromise Disputed Claims in accordance with the following Settlement Procedures:

    A.    If the proposed settlement amount of a Disputed Claim is less than $50,000, the Debtors are authorized to settle such Disputed Claim and execute

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

46429/0001-6479614v1

necessary documents, including a stipulation of settlement or release, without prior notice to any party and without further order of the Court;

    B.    If the proposed settlement amount of a Disputed Claim is equal to or greater than $50,000 but less than $1,000,000, the Debtors are authorized to settle such Disputed Claim and execute necessary documents, including a stipulation of settlement or release, upon ten (10) business days' prior written notice to counsel to the U.S. Trustee, the Committee, and counsel to the Steering Committee, and if no objection to the proposed settlement is received from any of those parties within the ten-day period, the proposed settlement shall become effective without further order of the Court; and

    C.    If the proposed settlement amount of a Disputed Claim is equal to or greater than $1,000,000, the Debtors are authorized to settle the Disputed Claim and execute necessary documents, including a stipulation of settlement or release, following approval of the Bankruptcy Court in accordance with Bankruptcy Rule 9019.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Claims Settlement Order, on June 10, 2010, a Settlement Agreement and Mutual Release (the "Agreement") was entered into between Plaintiff Chris Neuman ("Plaintiff") and Defendants KTLA, Inc., Tribune Company, and Tribune Broadcasting Company (collectively the "KTLA Defendants") resolving certain Disputes (as defined in the Agreement) between the Plaintiff and the KTLA Defendants, including, but not limited to, the resolution of three (3) proofs of claim filed by Plaintiff in the jointly administered case denominated In Re: Tribune Company.

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Claims Settlement Order, because the proposed settlement amount of the Disputed Claim is greater than $50,000 but less than $1,000,000, the Debtors provided ten (10) business days' prior written notice to the U.S. Trustee, counsel to the Committee, and counsel to the Steering Committee of the proposed settlement as set forth in the Agreement, and no objection to the proposed settlement was received from any of those parties within the ten-day period.

Accordingly, the proposed settlement as reflected in the Agreement shall become effective without further order of the Court. Pursuant to the terms and conditions of the Agreement, KTLA acknowledges that Plaintiff holds an allowed general unsecured claim against KTLA in the amount of $300,000 and Plaintiff acknowledges that it holds no other claims against KTLA or the other KTLA defendants and that his other, previously filed Proofs of Claim shall be deemed withdrawn.

| | |
|---|---|
| Dated: June 28, 2010 | SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>Kevin T. Lantry<br>Kenneth P. Kansa<br>Jillian K. Ludwig<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: /s/ illegible<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS<br>AND DEBTORS IN POSSESSION |