# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br>**Hearing Date: TBD**<br>**Objection Deadline: TBD**<br><br>Related to Docket No. 5116 |

## RESPONSE OF COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ., TO MOTION TO AUTHORIZE THE DISCLOSURE OF THE EXAMINER'S REPORT, EXHIBITS CITED IN REPORT, AND PROFESSIONALLY TRANSCRIBED, SWORN TRANSCRIPTS OF WITNESS INTERVIEWS TO THE PARTIES AND INTERVIEWEES PURSUANT TO THE TERMS OF THE DOCUMENT DEPOSITORY ORDER

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOII/M Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Kenneth N. Klee, Esq., the examiner (the "Examiner") appointed in the above-captioned chapter 11 cases of Tribune Company and its affiliates (collectively, the "Debtors"), by and through his undersigned counsel, hereby files this response (the "Response") to the Debtors' Motion to authorize the Disclosure of the Examiner's Report, Exhibits Cited in Report, and Professionally Transcribed, Sworn Transcripts of Witness Interviews to the Parties and Interviewees Pursuant to the Terms of the Document Depository Order (the "Motion"),[2] as follows:

1. On July 23, 2010, the Examiner filed the Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order (1) Temporarily Authorizing the Filing of the Examiner's Entire Report and Certain Documents Under Seal and; (2) Overruling the Claims of Confidentiality With Respect to the Report and Its Exhibits [Docket No. 5114] (the "Seal Motion"). As discussed in the Seal Motion, the Examiner will file his Report today, but must redact large sections of the Report from public purview because of assertions of confidentiality. By the Seal Motion, the Examiner seeks the entry of an order, *inter alia*, overruling these assertions of confidentiality and unsealing, and authorizing the public filing of, the Report, the Exhibits and the Transcripts. The Seal Motion is scheduled for hearing on August 9, 2010 at 1:00 p.m. EDT (the "Seal Motion Hearing").

2. Earlier today, on July 26, 2010, the Debtors filed the Motion seeking the entry of an order authorizing the Examiner to furnish access to the Report, the Exhibits and the Transcripts to the Parties and the Interviewees. The Motion provides that the Debtors were able to reach many of the Parties and other interested parties, that many concur in the relief requested

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Motion.

596118.1 7/26/10

in the Motion, but that "Merrill Lynch has indicated that it is opposed to having Transcripts of its witnesses provided to the Parties." *See* Motion at ¶ 12.

3. The Examiner supports the relief requested in the Motion, and as made clear in the Seal Motion, strongly believes that the entire Report, the Exhibits and the Transcripts should be made available to the public at large. As also detailed in the Seal Motion, the Examiner believes that any remaining claims of confidentiality with respect to the Report, the Exhibits or the Transcripts are not well founded.

4. As for Merrill Lynch's objection to sharing the Transcripts with the Parties (and, presumably, making them available to the public), the Examiner respectfully refers the Court to paragraphs 32 through 38 of the Seal Motion. Simply stated, the Court's order [Docket No. 4321] approving the Examiner's work plan makes clear that information provided to the Examiner can be used in his Report and made public, subject only to resolution as to claims of confidentiality, which should occur at the Seal Motion Hearing. In the interim, if the Debtors' Motion is granted, the Transcripts will be released only to the Parties and the Interviewees, all of whom are bound by the confidentiality provisions of the Document Depository Order.

5. The Examiner does not agree that the existence of Transcripts for some, but not all, of his interviews operates to the detriment of any party. Regardless, any such concerns are heavily outweighed by the strong public policy favoring the public disclosure of Court proceedings in general, and the content and context of examiner reports in particular.

6. Finally, and as noted in the Seal Motion, the Examiner has not yet had an opportunity to provide Interviewees, whose interviews were not professionally transcribed, with an opportunity to raise any confidentiality concerns as to quotes or information in the Report attributed to such Interviewees. If the Court were to grant the relief requested in the Debtors'

596118.1 7/26/10

Motion, and these Interviewees are provided access to the full Report, the Examiner would request that the Court direct such Interviewees to raise any such concerns by timely responding to the Seal Motion.

WHEREFORE, the Examiner requests that the Court enter an order (a) approving the Debtors' Motion; (b) requiring the Interviewees, who have not previously been provided with an opportunity to raise confidentiality concerns, to raise such concerns, if any, in the context of responding to the Seal Motion; and (c) granting the Examiner such further relief as is just and proper.

Dated: July 26, 2010

Respectfully Submitted,

KLEE TUCHIN BOGDANOFF & STERN LLP

Lee R. Bogdanoff (CA. Bar No. 119542)
Martin R. Barash (CA Bar No. 162314)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6059
Telephone (310) 407-4000
Facsimile (305) 407-9090

*Counsel to the Examiner*

and

SAUL EWING LLP

Mark Minuti (Bar No. 2659)
Michael J. Farnan (Bar No. 5165)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
Email: mminuti@saul.com

*Delaware Counsel to the Examiner*