UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| TRIBUNE COMPANY, *et al.*,[1] | : | |
| | : | Case No. 08-13141 (KJC) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: July 29, 2010 @ 11:00 a.m. |
| | : | Objection Deadline: At the Hearing |

**UNITED STATES TRUSTEE'S RESPONSE TO DEBTORS' MOTION TO AUTHORIZE THE DISCLOSURE OF THE EXAMINER'S REPORT, EXHIBITS CITED IN REPORT, AND PROFESSIONALLY TRANSCRIBED, SWORN TRANSCRIPTS OF WITNESS INTERVIEWS TO THE PARTIES AND INTERVIEWEES PURSUANT TO THE TERMS OF THE DOCUMENT DEPOSITORY ORDER
(DOCKET ENTRY #5116)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); new River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

In response to the Motion of the Debtors to Authorize the Disclosure of the Examiner's Report (the "Report"), Exhibits Cited in the Report (the "Exhibits"), and Professionally Transcribed, Sworn Transcripts of Witness Interviews to the Parties[2] and Interviewees Pursuant to the Terms of the Document Depository Order (the "Motion"), Roberta A. DeAngelis, United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, submits:

## Summary

The U.S. Trustee supports the full disclosure of the Report and the Exhibits as soon as possible, and urges this Court to either schedule an immediate hearing to determine the issues of confidentiality raised by the parties or to adjourn the dates by which creditors must vote on and object to the Debtors' Joint Plan of Reorganization. The U.S. Trustee disagrees with the Debtors' position as set out in the Motion that the Report and the Exhibits should first be made available to the limited group of "Parties" as defined herein in footnote 2. The full Report and the Exhibits should be made publicly available as soon as the Court can hear and determine the assertions of and merits of any confidentiality issues. The confirmation hearing and voting and objection deadlines for the Plan are fast approaching. As currently scheduled, the deadlines for creditors to vote on and object to the Plan are August 6, 2010 and August 13, 2010 respectively. The voting deadline currently would precede the date set for the hearing on the Examiner's motion to unseal the Report and the Exhibits, and the objection deadline would only be four days after this hearing. This issue is of paramount importance and must be addressed by the Court immediately in order to give parties

---

[2] The Debtors define "Parties" as the following: the Debtors, the Official Committee of Unsecured Creditors, JPMorgan Chase Bank, N.A., Merrill Lynch Capital Corporation, the Credit Agreement Lenders, Citicorp North America, Inc./Citigroup Global Markets, Inc., Bank of America, N.A. and Banc of America Securities LLC, Law Debenture Trust Company of New York, Centerbridge Credit Advisors LLC, Wells Fargo Bank, N.A. and Wilmington Trust Company.

sufficient time to review the unredacted Report and Exhibits prior to voting on and/or objecting to the Plan.

### Introduction

1.      Under (i) an applicable order of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a) and (ii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Motion.

2.      Under 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the United States trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States trustee as a "watchdog").

### Background

3.      On December 8, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee").

5.      On April 12, 2010, the Debtors filed the Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (the "Plan"). On June 7, 2010, this Court approved the Disclosure Statement related to the Plan, and additionally scheduled the confirmation hearing on the Plan to

commence on August 30, 2010. The deadline for voting on the Plan is August 6, 2010. The deadline to object to the Plan is August 13, 2010.

6. On April 20, 2010, the Court entered the *Agreed Order Directing the Appointment of Examiner*, directing the U.S. Trustee to appoint an examiner in these cases pursuant to Bankruptcy Code section 1104(c)(1). On April 30, 2010, the U.S. Trustee filed the *Notice of Appointment of Examiner*, appointing Kenneth N. Klee, Esq. as the Examiner (the "Examiner"). By order dated July 1, 2010, the deadline for the Examiner to file his Report was 11:59 p.m. on July 26, 2010.

7. On July 23, 2010, the Examiner filed the Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq. For Order (1) Temporarily Authorizing the Filing of the Examiner's Entire Report and Certain Documents Under Seal; and (2) Overruling the Claims of Confidentiality With Respect to the Report and Its Exhibits (Docket No. 5114) (the "Seal Motion"). In the Seal Motion, the Examiner requests that the Court temporarily seal the Report and the Exhibits until confidentiality issues of various parties are consensually resolved or ruled upon by the Court. The Examiner asserts in the Seal Motion his position that the Report and the Exhibits should be made publicly available as soon as possible. The Seal Motion was scheduled for hearing on August 9, 2010.

8. On July 26, 2010, the Debtors filed the Motion, which seeks full and immediate disclosure of the Report, the Exhibits, and transcripts of witness interviews to a select group of parties in the case. The Parties consist of the Debtors, the Committee and various of the major secured and unsecured creditors. The Debtors do not, however, request that the full Report and the Exhibits be made public.

9. On July 26, 2010, the Examiner filed the Report, most of which was filed under seal.

The Examiner publicly filed Volume One of the Report – the Summary of Principal Conclusions, Overview and Conduct of the Examination, and Factual Background.

**Response**

10.     The U.S. Trustee supports the Examiner in his quest to file an unredacted Report, with the Exhibits, as soon as possible. While the filing of the Seal Motion is unavoidable from the Examiner's perspective, the issues of confidentiality related to the Report must be resolved as soon as possible to allow full review of the Report and the Exhibits by all parties and the public prior to the Plan voting and objection deadlines. An unredacted, publicly-filed Report is also in line with this Court's stated directive that the Report should be made public.

11.     The immediate disclosure of the Report and the Exhibits is critical because of the condensed timeline related to confirmation. The Debtors present this argument in the Motion and the U.S. Trustee agrees that immediate disclosure is imperative in this case. The U.S. Trustee is concerned that if the Seal Motion is not heard until August 9, 2010, then all creditors and other parties will be prevented from reviewing the entire Report and the Exhibits prior to the voting deadline for the Plan. Also under the current schedule, there will only be four (4) days between the hearing on the Seal Motion and the objection deadline for the Plan. The U.S. Trustee agrees with the Debtors' general proposition that disclosure of the unredacted Report and the Exhibits should happen now and not wait until the August 9 hearing.

12.     The U.S. Trustee, however, disagrees with the Debtors' position that the unredacted Report and the Exhibits should only be provided to the Parties at this time. The U.S. Trustee again asserts that the full Report and the Exhibits should be immediately made public and that confidentiality issues should be resolved now. If the Parties receive the full Report and the Exhibits,

then everyone should be given access to review the full Report and the Exhibits. By not doing so, the Court's goal of having a public Report will not be achieved and numerous parties will be at a disadvantage during this condensed confirmation process. The U.S. Trustee believes that the only fair process is for the Court to resolve all confidentiality issues now and have an unredacted Report and Exhibits filed immediately thereafter.

WHEREFORE the U.S. Trustee requests that this Court schedule an immediate hearing to determine the issues of confidentiality related to the Report and the Exhibits, or if the Court's calender does not permit the scheduling of an immediate hearing, then the Court should extend the deadlines for both voting on and objecting to the Plan.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**


BY:   /s/ David M. Klauder
David M. Klauder, Esquire
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207, Lockbox 35
Wilmington, DE  19801
(302) 573-6491
(302) 573-6497 (Fax)

Date: July 27, 2010