# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Hearing Date: September 15, 2010 at 11:00 a.m. ET**<br>**Objection Deadline: September 8, 2010 at 4:00 p.m. ET** |

## DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3001, 3003, AND 3007, AND LOCAL RULE 3007-1

> **Claimants receiving this objection should locate their name(s) and claim number(s) on Schedule 1, to learn which of the lettered exhibits, Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, or Exhibit F, contains the grounds for objection pertaining to their claim(s) and the relief being sought by the Debtors.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

> **The relief sought herein is without prejudice to the Debtors' rights to pursue further substantive or non-substantive objections against the Claims listed Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, and Exhibit F to this Objection.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this thirty-fifth omnibus objection to claims (the "Objection"), which Objection covers each of the claims (the "Disputed Claims") identified on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, and Exhibit F attached hereto and to the proposed form of order submitted herewith, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  By this Objection, the Debtors request the entry of an order disallowing and/or modifying each of the Disputed Claims as set forth on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, and Exhibit F and as indicated in further detail below.  In support of this Objection, the Debtors rely on the declaration of Chandler Bigelow III, Senior Vice President and Chief Financial Officer of Tribune Company (the "Bigelow Declaration"), attached hereto as Exhibit G.  In further support of this Objection, the Debtors respectfully state as follows:

## STATUS OF THE CASE AND JURISDICTION

1.      On December 8, 2008 (the "Petition Date"), Tribune Company ("Tribune") and certain of its subsidiaries each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  An additional Debtor, Tribune CNLBC, LLC,[2] filed a voluntary

---

[2] Tribune CNLBC, LLC was formerly known as Chicago National League Ball Club, LLC.

CH1 5385409v.3

petition for relief under chapter 11 of the Bankruptcy Code on October 12, 2009. In all, the

Debtors comprise 111 entities.

2.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). [Docket

Nos. 43, 2333].

3.      The Debtors have continued in possession of their respective properties

and have continued to operate and maintain their businesses as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 18, 2008, the United States Trustee for the District of

Delaware appointed an official committee of unsecured creditors (the "Committee"). No request

has been made for the appointment of a trustee.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this

Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief

sought herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and

3007, and Local Rule 3007-1.

## FACTUAL BACKGROUND TO THE OBJECTION

6.      On March 23, 2009, the Debtors filed their schedules of assets and

liabilities and statements of financial affairs [Docket Nos. 567-789], which were subsequently

amended on April 13, 2009 [Docket Nos. 894-957], on June 12, 2009 [Docket Nos. 1343-1453],

on March 2, 2010 [Docket Nos. 3548-3599], and on May 14, 2010 [Docket No. 4388]

(collectively, the "Schedules").[3]

7.      On March 26, 2009, the Court entered an order (the "Bar Date Order") (i)

establishing June 12, 2009 at 4:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the final

date and time for all persons and entities holding or asserting a claim against the Debtors arising

on or before the Petition Date to file proofs of claim (the "Proofs of Claim") in these chapter 11

cases and (ii) approving the form and manner of notice of the Bar Date (the "Bar Date Notice").[4]

The Bar Date Order granted any claimants holding a claim affected by amendments to the

Schedules and any claimants holding a claim relating to a Debtor's rejection of an executory

contract or unexpired lease an additional 30 days from the applicable amendment or supplement

to the Schedules or effective date of rejection to file a Proof of Claim or amend a previously filed

Proof of Claim in connection therewith.

8.      Written notice of the Bar Date was mailed to, among others, all known

creditors listed on the Schedules, as amended, and the Bar Date Order was served on all parties

who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date

Order.  In addition to mailing such actual notice, the Debtors also published notice of the Bar

Date in the National Editions of the *Wall Street Journal* and the *New York Times* and in the

*Chicago Tribune* and *Los Angeles Times* on May 12, 2009.

9.      To date, approximately 6,564 Proofs of Claim have been filed in these

chapter 11 cases.  The Proofs of Claim are recorded on the official claims register (the "Claims

---

[3] Tribune CNLBC, LLC filed its schedules of assets and liabilities and statements of financial affairs on October 12, 2009 [CNLBC Docket Nos. 8 and 9], which were subsequently amended on December 9, 2009 [Docket No. 2779] and May 14, 2010 [Docket No. 4389].

[4] The Bar Date for the filing of Proofs of Claim against Tribune CNLBC, LLC was July 26, 2010. See Order Establishing Bar Date for Filing Proofs of Claim in the Tribune CNLBC, LLC Bankruptcy Case and Approving the Form and Manner of Notice Thereof entered on June 7, 2010 [Docket No. 4709].

Register") maintained by Epiq Bankruptcy Solutions, LLC, the agent retained by the Debtors to

assist with claims processing in these chapter 11 cases (the "Claims Agent").

## RELIEF REQUESTED

10.    By this Objection, the Debtors seek entry of an order, pursuant to section

502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003, and 3007, and Local Rule 3007-

1, granting the following relief with respect to the Disputed Claims:

(a) disallowing in full and expunging each of the claims identified on Exhibit A (the "Amended Claims") as claims that have been amended and superseded by one or more claim(s) subsequently filed against the same Debtor by or on behalf of the same claimant in respect of the same liabilities;

(b) disallowing in full and expunging each of the claims identified on Exhibit B (the "Duplicate Claims") as claims that represent a duplicate claim for the same debt, in the same amount, as already represented by another claim filed against the same Debtor by the same creditor;

(c) disallowing in full and expunging each of the claims identified on Exhibit C (the "Late-Filed Claims") as claims that were filed after the applicable Bar Date established in these chapter 11 cases;

(d) disallowing in full and expunging each of the claims identified on Exhibit D (the "No Supporting Documentation Claims") as claims that were filed without any supporting documentation to substantiate the claims and as to which the Debtors' books and records do not demonstrate any basis for the claims;

(e) disallowing in full and expunging each of the claims identified on Exhibit E (the "Insufficient Documentation Claims") as claims that were filed with insufficient supporting documentation to substantiate the claims and as to which the Debtors' books and records do not demonstrate any basis for the claims;

(f) modifying each of the claims identified on Exhibit F (the "Modified Debtor Claims") to reassign each of such claims to the Debtor listed under the column heading "Modified Debtor," which corresponds to the particular Debtor that is liable for such claim; and

(g) authorizing the Claims Agent to modify each of the Disputed Claims on the Claims Register in accordance with the proposed order.

11.    This Objection complies in all respects with Local Rule 3007-1.

5

## BASIS FOR OBJECTION

12.     Section 502(b) of the Bankruptcy Code provides in pertinent part:

[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

> (1)     such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured
>
> . . . .
>
> (9)     proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726 (a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide . . . .

11 U.S.C. § 502(b)(1), (9).

### A.     Amended Claims

13.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the twenty-nine (29) Amended Claims listed on Exhibit A, in the aggregate amount of $8,914,629.17, as filed claims that have been amended and superseded by a subsequently-filed claim by the same claimant on account of the same liability. The relief requested in this Objection is necessary to prevent the allowance of the Amended Claims, each of which has been superseded and remains on the Claims Register only as a technicality.  Accordingly, the Debtors seek to disallow in full and expunge the Amended Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single

obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

14.    The claims set forth under the column heading "Surviving Claims" on Exhibit A (the "Surviving Claims") represent the claims that were subsequently filed by or on behalf of the claimants in respect of the same liabilities as the Amended Claims, as so indicated on the face of the Surviving Claims. The Surviving Claims have thus amended and superseded the Amended Claims. By filing the Surviving Claims, the claimants liquidated or otherwise modified the liability originally identified in the Amended Claims. Thus, the elimination of the Amended Claims is consistent with the apparent intent of the claimants in filing the Surviving Claims.

15.    The Surviving Claims identified on Exhibit A will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court. See generally, 11 U.S.C. § 502(a). In other words, the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds.

**B.    Duplicate Claims**

16.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the eight (8) Duplicate Claims listed on Exhibit B, in the aggregate amount of $1,243,193.09, as filed claims that are exact duplicates of other claims filed by or on behalf of the same claimant in respect of the same liabilities. The Debtors should not be required to pay a claimant twice on the same obligation or debt. Moreover, elimination of redundant claims will enable the Claims Register to reflect more accurately the

claims asserted against the Debtors.  Accordingly, the Debtors seek to disallow in full and expunge the Duplicate Claims and thereby (i) prevent the claimants from obtaining a double recovery on account of any single obligation and (ii) limit the claimants to a single claim for those amounts currently asserted by the claimant in respect of the same liabilities.

17.    The Surviving Claims identified on <u>Exhibit B</u> will remain on the Claims Register as outstanding liabilities, subject to the Debtors' right to object on any grounds that bankruptcy or nonbankruptcy law permits or until withdrawn by the claimants or disallowed by the Court.  <u>See generally</u>, 11 U.S.C. § 502(a).  In other words, the Surviving Claims will be unaffected by the relief sought in this Objection, and the claimants' rights to assert these liabilities against the Debtors' estates will be preserved, subject to the Debtors' ongoing rights to object to the Surviving Claims on any other applicable grounds.

C.    <u>Late-Filed Claims</u>

18.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the three (3) Late-Filed Claims listed on <u>Exhibit C</u>, in the aggregate amount of $14,855.64 as claims that were filed after the applicable Bar Date (based on the date of filing shown on the face of each of the Late-Filed Claims), and because there is no basis under the Bar Date Order to accept as timely.  Each of the Late-Filed Claims listed in <u>Exhibit C</u>: (i) arose prior to the Petition Date; (ii) was filed by or on behalf of a creditor who was served with the Bar Date Notice, either directly or through their respective counsel; (iii) was subject to the requirement that Proofs of Claim be filed no later than the Bar Date (as well as in accordance with the other provisions of the Bar Date Order); and (iv) was nonetheless filed after the Bar Date, as indicated by the dates identified in the column labeled "Date Filed" in <u>Exhibit C</u>.  None of the creditors holding claims identified on <u>Exhibit C</u> has sought—much less obtained—relief from the Court pursuant to Rule 9006 of the Bankruptcy Rules to file a late

8

Proof of Claim. Accordingly, the Late-Filed Claims listed in <u>Exhibit C</u> are untimely under the

Bar Date Order and should be disallowed in their entirety pursuant to section 502(b)(9) of the

Bankruptcy Code. A failure by the Debtors to seek and obtain disallowance of the Late-Filed

Claims could result in the filing of additional Late-Filed Claims, undermining the certainty that

is intended to be afforded by the Bar Date Order and negatively affecting the Debtors' legitimate

creditors whose claims were either listed on the Schedules or who complied with the Bar Date

Order.

**D.**    <u>**No Supporting Documentation Claims**</u>

19.    Upon review of the Proofs of Claim filed against the Debtors in these

chapter 11 cases, the Debtors have identified the three (3) No Supporting Documentation Claims

listed on <u>Exhibit D</u>, in the aggregate amount of $850.00, as claims that were filed without any

documentation to support or substantiate the claim as required by Bankruptcy Rule 3001. The

No Supporting Documentation Claims therefore fail to provide <u>prima facie</u> evidence of the

validity and amount of the claim, as required by section 502 of the Bankruptcy Code and

Bankruptcy Rule 3001(f).

20.    In addition, the Debtors have reviewed their books and records and, after

reasonable efforts, have been unable to locate any documentation that would substantiate the No

Supporting Documentation Claims set forth on <u>Exhibit D</u>. Accordingly, the Debtors object to the

allowance of each of the No Supporting Documentation Claims and request that such No

Supporting Documentation Claims be disallowed in their entirety. The Debtors also request that

the Court authorize the Claims Agent to expunge the No Supporting Documentation Claims from

the Claims Register as sought by this Objection so that the Claims Register reflects more

accurately the claims asserted and outstanding against the Debtors.

CHI 5385409v.3

Case 08-13141-BLS    Doc 5148    Filed 07/27/10    Page 10 of 15


21.    In the event that a holder of a No Supporting Documentation Claim provides the Debtors with documentation or new information in response to this Objection prior to the Court's entry of an order sustaining this Objection with respect to such No Supporting Documentation Claim, the Debtors will continue the Objection in order to evaluate the newly-provided information.  During the continuance of the Objection, the Debtors reserve all rights to reassert any objection contained herein or raise further objections if the newly-provided documentation or information is determined by the Debtors not to support the claim in question.

**E.    Insufficient Documentation Claims**

22.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the thirteen (13) Insufficient Documentation Claims listed on Exhibit E, in the aggregate amount of $7,711.87, as claims that have been filed without sufficient documentation to substantiate the claims as required by Bankruptcy Rule 3001.  The Insufficient Documentation Claims therefore fail to provide prima facie evidence of the validity and amount of the claim, as required by section 502 of the Bankruptcy Code and Bankruptcy Rule 3001(f).  The Debtors' books and records also do not reveal any basis for the Insufficient Documentation Claims that would substantiate the Proof of Claim submitted by the claimant.

23.    In some instances, the Insufficient Documentation Claims provided contact information for the claimant but no additional supporting documentation.  In those instances, the Debtors attempted to contact the claimant to request additional documentation to support the claim; however, the claimant failed to provide any such supporting documentation prior to the date of this Objection.

24.    The Debtors have reviewed their books and records and, after reasonable efforts, have been unable to locate any documentation that would substantiate the Insufficient Documentation Claims set forth on Exhibit E, whether in full or in part.  Accordingly, the Debtors

CHI 5385409v.3

object to the allowance of each of the Insufficient Documentation Claims and request that such Insufficient Documentation Claims be disallowed in their entirety and expunged. The Debtors also request that the Court authorize the Claims Agent to expunge the Insufficient Documentation Claims from the Claims Register as sought by this Objection so that the Claims Register reflects more accurately the claims asserted and outstanding against the Debtors.

25.    In the event that a holder of an Insufficient Documentation Claim provides the Debtors with documentation or new information in response to this Objection prior to the Court's entry of an order sustaining this Objection with respect to such Insufficient Documentation Claim, the Debtors will continue the Objection in order to evaluate the newly-provided information. During the continuance of the Objection, the Debtors reserve all rights to reassert any objection contained herein or raise further objections if the newly-provided information is determined by the Debtors not to support the claim in question.

F.    **Modified Debtor Claims**

26.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified the eighteen (18) Modified Debtor Claims listed on Exhibit F as claims that failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted.

27.    In general, the Debtors seek to modify the Debtor on the Modified Debtor Claims because the applicable line on the Proof of Claim was left blank and no Debtor was asserted, a Debtor's trade name was used rather than the legal entity name, or a single Proof of Claim was improperly asserted against multiple Debtors. Others of the Modified Debtor Claims were asserted against a particular Debtor; however, upon review of the documentation supporting the Proofs of Claim and their own books and records, the Debtors have determined that the liability for such claims is properly owed by a different Debtor. The Debtors propose

11

that the Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' books and records as having liability to the creditor, as indicated on Exhibit F under the column heading "Modified Debtor." The re-allocation of claim amounts to the particular Debtor having corresponding liability to the creditor does not in any way affect the aggregate amount of the claim asserted and the Debtors reserve all rights to file future objections to such claims based on validity or amount.

28.    The relief requested in this Objection is necessary to permit the Debtors to reconcile their Claims Register so that it accurately reflects the total liability asserted against each particular Debtor in these chapter 11 cases.  If the relief requested herein is granted, the Modified Debtor Claims on Exhibit F will be modified so that such claims are properly asserted against the Debtor specified under the column heading "Modified Debtor."

## **RESERVATION OF RIGHTS**

29.    The Debtors hereby reserve their right to amend, modify, and/or supplement this Objection, including to object to any of the Proofs of Claim listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, and Exhibit F to this Objection on any additional grounds, prior to the entry of an order sustaining this Objection.  Additionally, with respect to the No Documentation Claims on Exhibit D and the Insufficient Documentation Claims on Exhibit E, the Debtors reserve their right to raise further objections to such claims if any new documentation or information provided by a claimant in response to this Objection is determined by the Debtors not to support the claim in question.  Finally, with respect to the Modified Debtor Claims on Exhibit F, the Debtors reserve their right to object to such claims in the future on any

CHI 5385409v.3

applicable ground.  Separate notice and hearing will be provided and scheduled, respectively, for any such objection.

30.     Notwithstanding anything contained in this Objection or in <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, <u>Exhibit E</u>, or <u>Exhibit F</u> attached to this Objection, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of claims subject to this Objection.

## NOTICE

31.     Notice of this Objection has been provided to:  (i) the Office of the United States Trustee; (ii) counsel for the Committee; (iii) counsel for the Steering Committee for Tribune Company's prepetition loan facilities; (iv) counsel for the administrative agent for the Debtors' postpetition financing facility; (v) the claimants listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, <u>Exhibit E</u>, and <u>Exhibit F</u>; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

CHI 5385409v.3

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001 and 3007, and Local Rule 3007-1, (i) disallowing in full the Amended Claims set forth on <u>Exhibit A</u>; (ii) disallowing in full each of the Duplicate Claims set forth on <u>Exhibit B</u>; (iii) disallowing in full the Late-Filed Claims set forth on <u>Exhibit C</u>; (iv) disallowing in full the No Supporting Documentation Claims set forth on <u>Exhibit D</u>; (v) disallowing in full the Insufficient Documentation Claims set forth on <u>Exhibit E</u>; (vi) modifying the Modified Debtor Claims set forth on <u>Exhibit F</u>; (vii) authorizing the Claims Agent to expunge the Amended Claims, Duplicate Claims, Late-Filed Claims, No Supporting Documentation Claims, and Insufficient Documentation Claims from the Claims Register and modifying the Modified Debtor Claims on the Claims Register; and (viii) granting such other and further relief as the Court deems just and proper.

CHI 5385409v.3

Dated: Wilmington, Delaware
     July 27, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile:  (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile:  (302) 652-3117

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

CHI 5385409v.3