# EXHIBIT G

## Bigelow Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## DECLARATION OF CHANDLER BIGELOW III IN SUPPORT OF DEBTORS' THIRTY-FIFTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS

I, Chandler Bigelow III, declare as follows:

1. I am Senior Vice President and Chief Financial Officer of Tribune Company, one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), and the ultimate parent of the other Debtors. In this position I am responsible—together with other members of the Debtors' management—for the management and oversight of the Debtors' restructuring efforts and business operations. I am

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347);Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

CH1 5385409v.3

generally familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amount thereof owed to their creditors.

2. I have read the Debtors' Thirty-Fifth Omnibus (Non-Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3001, 3003 and 3007-1, and Local Rule 3007-1 (the "Objection")[2] and am directly, or by and through the Debtors' personnel and advisors, familiar with the information contained therein and the Exhibits attached thereto. I am authorized to submit this declaration (the "Declaration") in support of the Objection.

3. All matters set forth in this Declaration are based on: (a) my personal knowledge, (b) my review of relevant documents, (c) my view, based on my experience and knowledge of the Debtors' operations and personnel, (d) information supplied to me by others at the Debtors' request, or (e) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance on the advice of counsel or other advisors to the Debtors. If called upon to testify, I could and would testify competently to the facts set forth herein.

4. Considerable time and resources have been expended to review and reconcile the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases. Upon review of the Proofs of Claim filed in these chapter 11 cases and supporting documentation attached thereto, the Debtors have determined that the Disputed Claims listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, and Exhibit F to the Objection and to the proposed form of order are not properly asserted pursuant to section 502(b) of the Bankruptcy Code, Rules 3001, 3003, and 3007 of the Federal Rules of Bankruptcy Procedure, Local Rule 3007-1, and applicable orders of the Bankruptcy Court.

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

2

CH1 5385409v.3

### A. **Amended Claims**

5. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Amended Claims listed on <u>Exhibit A</u> to the Objection are not properly asserted pursuant to section 502(b) of the Bankruptcy Code and applicable orders of the Bankruptcy Court because each of such claims has, on its face, been amended and superseded by the claim identified on <u>Exhibit A</u> as the "Surviving Claim."

### B. **Duplicate Claims**

6. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Duplicate Claims listed on <u>Exhibit B</u> to the Objection are not properly asserted pursuant to section 502(b) of the Bankruptcy Code and applicable orders of the Bankruptcy Court because such claims represent exact duplicate claims filed by the same creditor against the same debtor, in the same amount, and in respect of the same liability as the claims identified on <u>Exhibit B</u> as the "Surviving Claims."

### C. **Late-Filed Claims**

7. To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Late-Filed Claims listed on <u>Exhibit C</u> to the Objection are not properly asserted pursuant to section 502(b)(9) of the Bankruptcy Code because such claims were filed after the applicable Bar Date (based on the date of filing shown on the face of each of the Late-Filed Claims), and because there is no basis under the Bar Date Order to accept such claims as timely. Specifically, each of the Late-Filed Claims listed in <u>Exhibit C</u>: (i) arose prior to the Petition Date; (ii) was filed by or on behalf of a creditor who was served with the Bar Date Notice, either directly or through their respective counsel; (iii) was subject to the requirement that Proofs of Claim be filed no later than the Bar Date (as well as in accordance

with the other provisions of the Bar Date Order); and (iv) was nonetheless filed after the Bar Date, as indicated by the dates identified in the column labeled "Date Filed" in Exhibit C.

### D.  No Documentation Claims

8.  To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the No Documentation Claims listed on Exhibit D to the Objection are claims that were filed without any supporting documentation. Further, the Debtors and their advisors have undertaken a reasonable review of the Debtors' Books and Records and have found nothing to support the No Documentation Claims identified on Exhibit D.

### E.  Insufficient Documentation Claims

9.  To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Insufficient Documentation Claims listed on Exhibit E to the Objection are claims that were filed without sufficient documentation to substantiate the claims. Further, the Debtors and their advisors have undertaken a reasonable review of the Debtors' Books and Records and have found nothing to support the Insufficient Documentation Claims identified on Exhibit E.

### F.  Modified Debtor Claims

10.  To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, the Modified Debtor Claims listed on Exhibit F to the Objection are claims that failed to specify a particular Debtor or failed to identify the correct Debtor against which the claim is properly asserted, in general because the applicable line on the Proof of Claim was left blank and no Debtor was asserted, a Debtor's trade name was used rather than the legal entity name, or a single Proof of Claim was improperly asserted against multiple Debtors. Others of the Modified Debtor Claims were asserted against a particular Debtor;

4

however, upon review of the documentation supporting the Proofs of Claim and their Books and Records, the Debtors have determined that the liability for such claims is properly owed by a different Debtor. The Debtors propose that the Modified Debtor Claims be modified to specify that the claim is asserted against the particular Debtor that is (i) scheduled as having corresponding liability to the creditor, (ii) identified in the claimant's own supporting documentation attached to the claim; and/or (iii) reflected in the Debtors' Books and Records as having liability to the creditor, as indicated on <u>Exhibit F</u> under the column heading "Modified Debtor."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of July 2010

By: Chandler Bigelow III

CHI 5385409v 3

5