IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| TRIBUNE COMPANY., et al.,[1] | : | Case No. 08-13141 (KJC) |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Hearing Date: August 9, 2010 @ 1:00 p.m.
Objection Deadline : August 2, 2010 @4:00 p.m.

### JOINDER OF CHICAGO TRIBUNE COMPANY IN MOTION OF COURT-APPOINTED EXAMINER FOR ORDER OVERRULING CLAIMS OF CONFIDENTIALITY WITH RESPECT TO EXAMINER'S REPORT AND ITS EXHIBITS (D.I. 5114)

Chicago Tribune Company ("**Chicago Tribune**"), as publisher of the *Chicago Tribune*, by and through its undersigned counsel, hereby submits this Joinder in the pending Motion of Court-Appointed Examiner, Kenneth N. Klee, Esquire, insofar as it seeks an Order overruling

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); Chicagoland Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOIL/M Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Steamweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting New Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment production Company (5393); Tribune Finance, LLC (2537; Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago Illinois 60611.

the claims of confidentiality with respect to the Examiner's Report and all of its exhibits, which are now filed under seal. In support hereof, Chicago Tribune respectfully states as follows:

1. Chicago Tribune publishes the daily *Chicago Tribune*, which is circulated nationwide and reports on numerous topics and events in the Chicago metropolitan area and Illinois, as well as globally. For more than a century, *Chicago Tribune* has worked painstakingly to provide comprehensive, accurate accounts of newsworthy events and matters of interest to the public. Since 1932, its journalists have won twenty-four Pulitzer Prizes and numerous accolades for their investigative journalism and other important reporting to the public. Chicago Tribune is a party to this proceeding as Debtor but, as publisher of the *Chicago Tribune,* has unique and significant interests in this proceeding, independent of those held by other Debtors.

2. On April 20, 2010, this Court directed the United States Trustee to appoint an examiner pursuant to 11 U.S.C. §1104(c)(1) (the **"Examiner Order"**). (D.I. 4120.) On April 30, 2010, the Trustee appointed Kenneth N. Klee, Esq., as the Examiner in this proceeding (the **"Examiner"**). (D.I. 4212.) On May 10, 2010, this Court approved the appointment. (D.I. 4320.)

3. In the Examiner Order, the Court directed the Examiner to "(i) evaluate whether there are potential claims and causes of action held by the Debtors' estates in connection with the leveraged buy-out of Tribune that occurred in 2007…, (ii) evaluate whether Wilmington Trust Company violated the automatic stay under 11 U.S.C. §362 …, (iii) evaluate the assertions and defenses made by certain of the Parties in connection with the Motion of JPMorgan Chase Bank, N.A., for Sanctions Against Wilmington Trust Company…, and (iv) otherwise perform the duties of an examiner." (D.I. 4120, Par. 2.) The Court also directed the Examiner to "prepare and file a report …, as required by 11 U.S.C. §1106(a)(4)." (*Id.* Par. 5)

4. As the Examiner was finalizing his report (the **"Report"**), he faced the predicament of writing a public report based on extensive interviews and documents that were the subject of claims of confidentiality, which sometimes "verged on the absurd." *Motion of Examiner for Order (1) Temporarily Authorizing the Filing of the Examiner's Entire Report and Certain Documents Under Seal and (2) Overruling the Claims of Confidentiality with Respect to the Report and Its Exhibits*" ("**Examiner's Motion**") ¶ 18. (D.I. 5114). The hearing on the Examiner's request to unseal the Report and its exhibits has been scheduled for August 9, 2010. (*Id.*)

5. On July 26, 2010, the Examiner filed the Report, along with all exhibits, under seal. (D.I. 5130-5133) He also filed a truncated summary of the Report, which is available for public inspection. (D.I. 5130)

6. The Examiner's Motion sets out the strong legal grounds supporting public disclosure of the entire contents of the Report, including its extensive exhibits. Examiner's Motion ¶¶ 45-54. As the Examiner also notes, this Court in the Examiner Order (¶ 5) and its comments in these proceedings, has stated its view that the Report "should be a public document." Examiner's Motion ¶¶ 20, 27. In addition, the Examiner's Motion reflects the Examiner's view that, based on the records at issue, many of the claims of confidentiality are not "well-founded or asserted in good faith." *Id.* ¶ 31. Indeed, the Examiner leaves no doubt that the claims of confidential materially impair the public's understanding of his conclusions:

> These documents, the information contained therein, and the Examiner's observations and conclusions with respect thereto are highly relevant to the Investigation and are discussed throughout the Report. *Putting aside the time and expense, this information cannot be redacted from the Report without severely impairing the substance and quality of the Report, and rendering it of little value to the reader.* The information in these documents is direct evidence bearing on the lenders' state of mind with respect to the value of the Debtors at the closing of each of the steps to the Leveraged ESOP transactions in 2007.

Id. ¶ 30 (emphasis added).

7. The Examiner's Motion sets out the well-established common law and rule-based jurisprudence supporting public disclosure here. Examiner's Motion, ¶¶ 45-54. In addition, now that the Report has been filed, it is a judicial document subject to the constitutional presumption of access. *See N. Jersey Media Group, Inc. v. Ashcroft*, 308 F.3d 198, 206 (3rd Cir. 2002) ("First Amendment implicitly incorporates a right of access to civil trials"); *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) ("well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records"); *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659 (3d Cir. 1991) (both First Amendment and common law "protect the public's right of access" to judicial records); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066, 1070-71 (3d Cir. 1984) (finding that the "First Amendment guarantees to the public and to the press the right of access . . . to civil proceedings" and that the common law right of access is "beyond dispute"). These rights of access extend with full force to documents filed in connection with Bankruptcy proceedings. *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994) (noting strong presumption of access to bankruptcy records "rooted in the public's [F]irst [A]mendment right to know about the administration of justice");[2] *In re Mid-Valley, Inc.*, 288 F. App'x 784, 785 (3d Cir. 2008) (recognizing common law right of access to judicial records as "well-settled"); *In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993) ("strong presumption in favor of public access to

---

[2] The Second Circuit also has observed that there are "purely practical" reasons for avoiding the sealing of bankruptcy court records: "Mechanical and logistical problems of sealing the files, finding extra space in the vault, satisfying all the handling requirements, plus the related direct and indirect costs, impose substantial burdens on the clerk's office and on a judge's staff" and thus provide further justification "for open access to court records in the bankruptcy court." *Id.*

judicial records and papers . . . . has statutory, common law and First Amendment underpinnings").

8. In addition, as the Examiner explains, the right of access to these proceedings is embodied in Section 107(a) of the Bankruptcy Code, which directs that *any* "paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). The "policy of open inspection" embraced in Section 107 "evidences congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994) ("*Orion*"); *see also In re Joyce*, 399 B.R. 382, 385 (Bankr. D. Del. 2009) ("Pursuant to 11 U.S.C. § 107(a), . . . all papers filed in bankruptcy cases . . . are public documents subject to examination by members of the public"); *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) ("section 107(a) creates a presumption that papers filed in bankruptcy court are public records").

9. Given the well-established jurisprudence supporting disclosure, the importance of the Report to the public and the Examiner's contention that assertions of confidentiality have materially impaired his ability to publicly communicate his conclusions and the basis for those conclusions, Chicago Tribune joins in the Examiner's Motion seeking public disclosure of the Report and all of its exhibits.

## CONCLUSION

For each of the foregoing reasons, Chicago Tribune respectfully joins in the Examiner's Motion and requests that the Court enter an order overruling the claims of confidentiality regarding the Examiner's Report and its exhibits and unsealing these documents in their entirety.

Dated: July 28, 2010             Respectfully submitted,

                                                 MARGOLIS EDELSTEIN

                                                 /s/ Amy D. Brown
                                                 Amy D. Brown (#4077)
                                                 750 Shipyard Drive, Suite 102
                                                 Wilmington, DE 19801
                                                 Telephone: (302) 888-1112
                                                 Facsimile: (302) 888-1119
                                                 abrown@margolisedelstein.com

                                                                and

                                                 LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.


                                                 Gayle C. Sproul
                                                 2112 Walnut Street, Third Floor
                                                 Philadelphia, PA 19103
                                                 Tel: (215) 988-9778
                                                 Fax: (215) 988-9750

                                                 *Counsel for the Chicago Tribune Company*