IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRIBUNE CO., et al, | ) | No.  08-bk-13141 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Re: Docket No. 4008 |
| | ) | |
| | ) | Objections Due: July 30, 2010 4:00 pm |
| | ) | |
| | ) | Hearing: August 16, 2010 10:00 am |

UNITED STATES' OBJECTION TO CONFIRMATION OF PLAN

The United States, on behalf of its agency the Internal Revenue Service, in support of its objection to the Debtors' Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 2012] ("Plan"), avers as follows:

1. The United States objects to the provisions of the Plan regarding payment of Priority Tax Claims (including but not limited to Section 2.3 of the Plan) because the Plan fails to provide for full payment of its Priority Tax Claim in monthly or quarterly distributions within five years of the petition date (if not paid in full on the Effective Date).  As a priority claimant, the United States is entitled to "some degree of financial certitude that its claim will be paid promptly and in full under the plan of reorganization." In re Inventive Packaging Corp., 81 B.R. 74, 79 (Bankr. D. Colo. 1987). Ordinarily, payment in frequent installments is necessary. Id. (monthly payments necessary).  Here, while providing for an immediate partial payment to certain general creditors (See, e.g., Sections 3.2.3 et seq.), the plan does not provide for any frequency of

4633554.1

installment payments of priority tax claims. The United States contends that under these circumstances, equal payments on a monthly or quarterly basis are necessary to ensure that its priority claim is actually paid in full.

2. The United States further objects to the provisions of the Plan regarding payment of Priority Tax Claims (including but not limited to Section 2.3 of the Plan) because the Plan calls for any interest on deferred tax payments to compound annually, whereas applicable nonbankruptcy law, which governs the rate of interest, see 11 U.S.C. § 511, requires that the interest compound daily. 26 U.S.C. § 6622.

3. The United States objects to the provisions of the Plan concerning releases (including but not limited to Section 11.2.2 of the Plan) because the Plan would preemptively bar the Internal Revenue Service, in violation of the Anti-Injunction and Declaratory Judgment Acts, 26 U.S.C. § 7421; 28 U.S.C. 2201(a), from asserting valid claims against any Released Party, including but not limited to the Service's claim for excise taxes resulting from the LBO transaction referenced in Section 11.2.2.[1]

4. The United States objects to Sections 11.1.1(b) and 11.1.2 of the Plan to the extent they would bar it from assessing and collecting taxes resulting from any taxable transactions that occurred prior to the Petition Date but did not become assessable until after the Petition date. These provisions violate the Anti-Injunction Act. It also objects

---

[1] The United States further notes that it disputes the accuracy of the Disclosure Statement's claim that "[t]he IRS did not file a proof of claim relating to the ERISA issues being investigated by the DOL," since the IRS did file a claim for excise taxes arising out of the same LBO- related transaction that the DOL is investigating.

- 2 -

to these provisions to the extent they attempt to effect a discharge of taxes that the Bankruptcy Code renders nondischargeable.

    5. The United States objects to any provisions of the Plan (including but not limited to Sections 7.4 and 11.1.1(a)) to the extent the Plan would deprive it of the right to interest on taxes entitled to administrative priority, as it has the right to receive underpayment interest on such taxes to the extent they are not timely paid.

    6. The United States further objects to those portions of the Plan, including but not limited to in Section 11.1.2(iv), which fail to preserve the setoff and recoupment rights of the IRS of the Plan. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. <u>United States v. Continental Airlines (In re Continental Airlines)</u>, 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998), and "[t]he government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." <u>United States v. Munsey Trust Co. of Washington, D.C.</u>, 332 U.S. 234 (1947) (citing <u>Gratiot v. United States</u>, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" <u>Marre v. United States</u>, 117 F.3d 297, 302 (5th Cir. 1997) (quoting <u>United States v. Tafoya</u>, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. <u>Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.)</u>, 66 F.3d 1560, 1569 (10th Cir. 1995); <u>Palm Beach County</u>

Bd. Of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972).

The Plan makes no provision for these rights. Such treatment is impermissible, because 11 U.S.C. § 553 preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d. Cir. 1979), courts do not interfere with its exercise, see, e.g., New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Accordingly, the Plan must provide for and preserve the government's setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

/ /

/ /

/ /

/ /

/ /

Wherefore, the United States respectfully requests that confirmation of the Plan be denied.

Dated: July 30, 2010.

>DAVID C. WEISS
>United States Attorney
>
>*/s/ Yonatan Gelblum*
>YONATAN GELBLUM
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Ben Franklin Station, P.O. Box 227
>Washington, D.C. 20044
>Telephone: (202) 305-3136
>yonatan.gelblum@usdoj.gov
>Counsel for United States of America

CERTIFICATE OF SERVICE

I certify that I served true and accurate copies of the foregoing objection to confirmation of plan on counsel for the Debtors, the U.S. Trustee, and the Official Committee of Unsecured Creditors through the Court's ECF system, and by first class mail and facsimile addressed to the following:

Sidley Austin LLP
One South Dearborn Street
Chicago. Illinois 60603
Attn: Jessica C.K. Boelter
Fax (312) 853-7036

Cole. Schotz, Meisel, Fonnan & Leonard, P.A.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Nonnan L. Pernick
Fax (302) 652-3177

Office of the U.S. Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801
Attn: Joseph McMahon
Fax (302) 573-6497

Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY 10112
Attn: Douglas A. Deutsch
Fax (212) 408-5100

Landis, Rath & Cobb, LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
Attn: Adam G. Landis
Fax (302) 467-4400

/s/ Yonatan Gelblum
Yonatan Gelblum