IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br>Jointly Administered<br>Hearing Date: August 9, 2010 at 1:00 p.m. EDT<br>Objection Deadline: August 5, 2010 at 4:00 p.m. EDT<br>Related to Docket No. 4928 |

## MOTION TO AMEND DISCOVERY AND SCHEDULING ORDER
## FOR PLAN CONFIRMATION

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court to amend the Discovery and Scheduling Order for Plan Confirmation. In support of this motion, Debtors state as follows:

1. On May 13, 2010, this Court entered the Discovery and Scheduling Order for Plan Confirmation, requiring the parties in interest to comply with the requirements of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Bankruptcy Rule 7026 and Federal Rule of Civil Procedure 26(a)(2) by July 21, 2010 with respect to proposed expert witnesses, and permitting expert depositions to commence on or after July 28, 2010. (Dkt. 4366.)

2. On July 1, 2010, in light of the Examiner's request for additional time to file his report, the Court amended the Discovery and Scheduling Order for Plan Confirmation (as amended, the "Scheduling Order") to require compliance with Bankruptcy Rule 7026 and Rule 26(a)(2) by August 4, 2010, and to permit expert depositions to commence on or after August 11, 2010. (Dkt. 4928.)

3. As discussed in Debtors' Supplement with Respect to Their (I) Opposition to the Motion of Bridge Agent for Entry of Orders (A) Establishing Procedures for Adjudicating Debtors' Obligations to the Bridge Loan Claims in Conjunction with Plan Confirmation Proceedings and (B) Allowing Such Claims in Full and (II) Cross Motion for Entry of Preliminary Pre-Trial Scheduling Order for the Plan Confirmation Hearing, filed herewith, the dates set in the Scheduling Order, however, contemplated that the experts would have had access to the full, unredacted Examiner's Report on July 26, 2010. The Examiner filed his full report under seal on July 26, 2010, with a summary and heavily-redacted version filed publicly. As a result of the Court's Order (Dkt. 5193), the parties have just late yesterday afternoon, July 29, 2010, obtained a full, unredacted version of Examiner's Report, along with the exhibits, and related transcripts and financial models.

4. Additionally, it was not anticipated that the Examiner's Report would consist of more than 1,000 pages, not including the extensive supporting materials that includes interview transcripts, financial models, and over 1100 exhibits. Given this delay, the sheer size of the record created by the Examiner and the potential implications of the Examiner's conclusions

based on that record, the parties' experts clearly need additional time to analyze and meaningfully review the materials and then incorporate them into a written report reflecting their considered and expert opinions.

5.  Moreover, the Parties may well conclude that their designated experts do not need to submit reports, but instead, a party may be willing to rely on the findings of the Examiner on a particular issue. That determination, in turn, could be informed by what the contours of the Confirmation Hearing look like, which will be the subject of the anticipated meet and confer process described in the Debtors' Supplement as well as the status conference set for August 9, 2010.

6.  As such, Debtors respectfully submit that it is appropriate to adjust the dates by which the designated experts shall be required to submit their written reports in compliance with Rule 26(a)(2) and, as a result, the date on which expert depositions may commence.

7.  Therefore, Debtors respectfully request this Court amend the Scheduling Order so that the parties are required to comply with Bankruptcy Rule 7026 and Rule 26(a)(2) by August 11, 2010, and to permit expert depositions to commence on or after August 13, 2010. Debtors do not move at this time to alter any other dates set in the Scheduling Order.[2]

---

[2] In light of the fact that this Motion is scheduled to be heard on August 9, 2010, the Debtors are relying on the automatic extension provided by Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy for the District of Delaware.

WHEREFORE, Debtors respectfully move this Court to enter an order, in substantially the form as attached hereto, amending the Scheduling Order and requiring the parties to comply with Bankruptcy Rule 7026 and Rule 26(a)(2) by August 11, 2010, and permitting expert depositions to commence on or after August 13, 2010.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>July 30, 2010 | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>James F. Conlan<br>Bryan Krakauer<br>James F. Bendernagel, Jr.<br>James W. Ducayet<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>-and-<br><br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By: /s/ _____<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR DEBTORS AND<br>DEBTORS IN POSSESSION |