# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Related to Docket No. 5114** |

## ORDER (1) AUTHORIZING COURT-APPOINTED EXAMINER, KENNETH N. KLEE, ESQ., TO TEMPORARILY FILE HIS ENTIRE REPORT UNDER SEAL; AND (2) UNSEALING THE ENTIRE REPORT, THE EXHIBITS AND RELATED TRANSCRIPTS

Upon consideration of the Motion of Court-Approved Examiner, Kenneth N. Klee, Esq., for Order (1) Temporarily Authorizing the Filing of the Examiner's Entire Report and Certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); FOIIM Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

595915.7 8/3/10

Documents Under Seal; and (2) Overruling the Claims of Confidentiality With Respect to the Report and its Exhibits ("Motion") filed by Kenneth N. Klee, Esq., as the examiner appointed in these cases ("Examiner"), and the Motion notice thereof having been served upon the Parties,[2] the Non-Party Producing Entities, the non-Party interviewees or their counsel; and all other parties requesting notice pursuant to Federal Rule of Bankruptcy Procedure 2002; and the Court finding that such notice is good and sufficient under the circumstances; and the Court having entered its Order Approving Motion to Authorize the Disclosure of the Examiner's Report, Exhibits Cited in Report, and Professionally Transcribed, Sworn Transcripts of Witness Interviews to the Parties and Interviewees Pursuant to the Terms of the Document Depository Order on July 29, 2010 [Docket No. 5193] (the "Parties Order"); and the Examiner having provided the Parties, the Interviewees, and the Office of the United States Trustee, with access to the Report, the Exhibits and the Transcripts (each as defined in the Parties Disclosure Order) on July 29, 2010 with specific instructions to raise any confidentiality concerns prior to the hearing on the Motion; and the Court finding that the Parties and the Interviewees had good and sufficient notice under the circumstances to assert any remaining confidentiality concerns relating to the Report, the Exhibits and the Transcripts; and the Court having reviewed the Motion and other papers filed in respect thereof; and finding good cause to grant certain of the relief contained in the Motion, it is ORDERED, ADJUDGED and DECREED:

1. The Motion is GRANTED as set forth herein.

2. The Examiner's filing of the entire Report under seal on July 26, 2010 is hereby approved.

---

[2] Capitalized terms not otherwise defined in this order shall have the meaning set forth in the Motion.

3.  Any remaining claims of confidentiality as to the Report, the Exhibits and the Transcripts, to the extent not resolved, are hereby overruled.

4.  The Examiner shall promptly file publicly the Report without the Exhibits and Transcripts.

5.  The Examiner shall promptly provide the Debtors' noticing and claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), with electronic access to the Report, the Exhibits and the Transcripts. Epiq shall promptly electronically post the Report, the Exhibits and Transcripts to the Epiq website dedicated to the Debtors' bankruptcy cases, such that the Report, the Exhibits and Transcripts shall be available to the public. Once Epic has publicly posted the Report, the Exhibits and Transcripts, the Examiner shall serve and file an appropriate notice (the "Epiq Notice"), informing parties-in-interest of the posting of the Report, Exhibits and Transcripts with Epiq and instructions on how to access the Report, Exhibits and Transcripts. In lieu of filing the Exhibits and the Transcripts with the Court Clerk, the Examiner shall file the Epiq Notice only. Upon filing of the Epiq Notice, the Exhibits and Transcripts shall be deemed filed with the Court Clerk.

Dated: Aug 3, 2010
Wilmington, Delaware

_____
Kevin J. Carey
United States Bankruptcy Judge