# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: August 9, 2010 at 1:00 p.m. (ET)<br>Related to Docket Nos. 4620, 4621 and 5112 |

## JOINT PRETRIAL MEMORANDUM REGARDING MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A MANAGEMENT INCENTIVE PLAN FOR 2010

Tribune Company (the "Company") and most of its wholly-owned subsidiaries, each of which is a debtor and debtor in possession herein (each a "Debtor" and collectively, the "Debtors"), Wells Fargo Bank, N.A., solely as successor administrative agent and not individually (in such capacity, the "Bridge Agent") under that certain $1.6 billion Senior

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Unsecured Interim Loan Agreement, dated as of December 20, 2007, by and among the Company, each lender from time to time party thereto and the other named parties thereto, and the United States Trustee (the "U.S. Trustee"), respectfully submit this Joint Pretrial Memorandum, pursuant to the Court's General Order dated February 21, 2007,[2] in connection with the Motion of the Debtors for an Order Authorizing the Debtors to Implement a Management Incentive Plan for 2010 [D.I. 4620] (such Plan referred to as the "2010 MIP" and such Motion referred to as the "2010 MIP Motion"):[3]

### A. Basis of Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. Statements of Uncontested Facts and Facts Which Are In Dispute

While there no doubt will be certain uncontested facts in this matter, the parties respectfully submit that, in the interests of time, their written submissions to the Court and the evidence to be presented at the August 9, 2010 hearing on the 2010 MIP Motion (the "August 9, 2010 Hearing") will identify any further areas of agreement and dispute among the parties.

---

[2] At an August 14, 2009 hearing relating to the Debtors' motion for approval of the 2009 Management Incentive Plan, the Court stated that the parties could submit a "pared down" Joint Pretrial Memorandum relative to the Court's standard requirements. The parties respectfully have used a comparable format for the instant Joint Pretrial Memorandum involving the August 9, 2010 hearing on the 2010 MIP Motion.

[3] All references to the 2010 MIP include the revisions to such Plan as set forth in the Debtors' Notice of Revision to 2010 Management Incentive Plan [D.I. 5112] ("Notice of Revision to 2010 MIP").

### C. Damages or Other Relief

The Debtors seek entry of an Order granting the 2010 MIP Motion in its entirety, and have submitted a proposed Order as Exhibit B to the Debtors' Notice of Revision to 2010 MIP. A copy of that Order is attached hereto for convenience as Exhibit 1.

The Bridge Agent seeks entry of an Order denying the 2010 MIP Motion in its entirety or, in the alternative, adjourning the hearing on the 2010 MIP Motion until the confirmation hearing or some other later date.

The U.S. Trustee reserves the right to seek all or part of the relief sought by the Bridge Agent at the close of the record.

### D. Legal Issues Presented

The principal legal issues presented in this matter include the following:

1. Whether the hearing on the 2010 MIP Motion should be adjourned and/or consolidated with the confirmation hearing.

2. Whether the 2010 MIP is an ordinary course transaction under Section 363(c) of Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 363(c), or a transaction outside the ordinary course of business under Section 363(b) of the Bankruptcy Code.

3. If the 2010 MIP is found not to constitute an ordinary course transaction, whether the Debtors have satisfied the requirements for relief pursuant to Section 363(b) of the Bankruptcy Code for transactions outside the ordinary course with respect to implementation of such 2010 MIP.

4.     If the 2010 MIP is found not to constitute an ordinary course transaction, whether implementation of the 2010 MIP comports with Section 503(c)(3) of the Bankruptcy Code.

5.     Whether implementation of the 2010 MIP comports with Section 503(c)(1) of the Bankruptcy Code.

6.     The Bridge Agent believes the following issue should also be considered: Should the 2010 MIP be subject to review under, and be approved only if determined to comply with, applicable provisions of Section 1129 of the Bankruptcy Code, including the absolute priority rule, in connection with the Debtors' proposed Amended Joint Plan of Reorganization? If yes, does the 2010 MIP so comply? The Debtors disagree that this is an issue that is relevant to this Motion.

E.     **Witnesses**

Debtors:

1.     Randy Michaels, Chief Executive Officer, Tribune Company; Brian Litman, Vice President/Controller, Tribune Controller: The Debtors intend to call one or more of the foregoing witnesses as a fact witness in their direct case. Principal areas of such testimony generally are anticipated to include a description of the 2010 MIP provisions, including initial and revised performance goals and award opportunities thereunder; the facts and circumstances justifying the 2010 MIP; and the Debtors' historical compensation practices.

2.     John Dempsey, Partner, Mercer (U.S.), Inc.: The Debtors intend to call Mr. Dempsey as a fact and an expert witness in their direct case. Principal areas of Mr.

Dempsey's testimony generally are anticipated to include his background and experience in the field of management compensation consulting, including for companies undergoing restructuring; the facts and circumstances justifying the 2010 MIP; actions undertaken by Mr. Dempsey and Mercer to evaluate and "benchmark" the incentive compensation opportunities under the 2010 MIP; and the facts, conclusions and opinions set forth in Mercer's report dated May 26, 2010 (attached as Exhibit D to the 2010 MIP Motion) and in Mercer's supplemental report dated July 23, 2010 (attached as Exhibit A to the Notice of Revision to 2010 MIP), including Mr. Dempsey's opinions as to the reasonableness of the 2010 MIP and the reasons and bases therefor.

3. The Debtors also reserve the right to call any of the Bridge Agent's or the U.S. Trustee's witnesses and to call rebuttal witness(es).

Bridge Agent:

1. The Bridge Agent reserves the right to call any of the Debtors' or the U.S. Trustee's witnesses and to call rebuttal witness(es).

U.S. Trustee:

1. <u>Michael C. West, Bankruptcy Analyst</u>: The U.S. Trustee reserves the right to call Michael C. West, Bankruptcy Analyst, to the extent that there is any dispute regarding the admissibility of any exhibits which the U.S. Trustee may offer into evidence.

2. The U.S. Trustee also reserves the right to call any of the Debtors' or the Bridge Agent's witnesses and to call rebuttal witness(es).

F.   **List of Exhibits**[4]

Debtors: The Debtors presently intend to offer into evidence the following exhibits in their direct case:

1. Tribune Company Incentive Compensation Plan (Restated as of 2004)

2. July 23, 2010 Supplemental Mercer Report re: 2010 MIP

3. May 26, 2010 Mercer Report re: 2010 MIP

4. 2010 MIP Comparison Statistics vs. Prior Years

5. Dow Jones Industrial Average Graph (11/09 to 8/10)

6. Chart Comparing Initial and Revised 2010 MIP Metrics and Payouts

7. Tribune 2010 1st-Half Operating Results and 2nd-Half Projection (incl. 2010 Plan)

8. January 2010 Operating Results

9. Publishing Group Performance Charts – Joint Exhibit:

   a. Publishing Ad Revenue – 1st 6 Weeks of 2010

   b. National Publishing Ad Revenue – 1st 6 Weeks of 2010

   c. LA Times Total Ad Revenue – 1st 6 Weeks of 2010

   d. Movie Ad Revenue – 1st 6 Weeks of 2010

---

[4] By executing this Joint Pretrial Memorandum, no party is agreeing that any other party's listed exhibits are relevant or otherwise admissible in evidence, or waiving any objections with respect thereto, at the hearing on this matter.

10. J.P. Morgan Analyst Report for New York Times Company (2/10/10)

11. Wells Fargo Securities Analyst Report for New York Times Co. (4/23/10)

12. New York Times Co. Press Release re: 2010 1st Quarter Results (4/22/10)

13. New York Times Co. Form 10-Q (filed 4/30/10)

14. Conor Dougherty and James R. Hagerty, "Recovery Loses Momentum," *The Wall Street Journal*, July 31 – August 1, 2010

15. The Debtors reserve the right to introduce any exhibits identified by the U.S. Trustee or the Bridge Agent, and any rebuttal exhibits.

Bridge Agent: The Bridge Agent presently intends to offer into evidence the following exhibits in its direct case:

1. Certain portions of the Examiner's report, exhibits and/or transcripts as evidence and/or for purposes of cross examination without prejudice to the Bridge Agent's right to contest the admissibility of any portion of the Examiner's report, exhibits and/or transcripts at any future time, including at the hearing on confirmation.

2. The Bridge Agent reserves the right to introduce any exhibits identified by the Debtors or the U.S. Trustee and any rebuttal exhibits.

<u>U.S. Trustee</u>: The U.S. Trustee presently intends to offer into evidence the following exhibits in its direct case:

1. The Examiner's report, exhibits and transcripts.

2. The U.S. Trustee reserves the right to introduce any exhibits identified by the Debtors or the Bridge Agent, and any rebuttal exhibits.

### G. **Other Issues**

The parties will work in good faith to discuss the handling and treatment of confidential and proprietary information at the August 9, 2010 Hearing. To the extent all such issues are not consensually resolved, the parties anticipate that the matter will need to be addressed at the above hearing.

| Respectfully submitted, | Respectfully submitted, | Respectfully submitted, |
|---|---|---|
| SIDLEY AUSTIN LLP<br>Bryan Krakauer<br>Kevin T. Lantry<br>Brian J. Gold<br>Jonathan D. Lotsoff<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br>-and-<br>COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.<br><br>By:<br>/s/ J. Kate Stickles<br>Norman L. Pernick (No. 2290)<br>J. Kate Stickles (No. 2917)<br>Patrick J. Reilley (No. 4451)<br>500 Delaware Ave., Ste.1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br><br>ATTORNEYS FOR<br>DEBTORS AND DEBTORS<br>IN POSSESSION | WHITE & CASE LLP<br>Thomas E. Lauria<br>Gerard Uzzi<br>David Hille<br>Andrew Hammond<br>Scott Greissman<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 819-8200<br>Facsimile: (212)819-8113<br>- and -<br>FOX ROTHSCHILD LLP<br><br>By:<br>/s/ Eric M. Sutty<br>Jeffrey M. Schlerf (No. 3047)<br>Eric M. Sutty (No. 4007)<br>John H. Strock (No. 4965)<br>Citizens Bank Center<br>919 North Market Street<br>Suite 1600<br>Wilmington, DE 19801<br>Telephone: (302) 654-7444<br><br>ATTORNEYS FOR THE<br>BRIDGE AGENT | OFFICE OF THE UNITED<br>STATES TRUSTEE<br><br>By:<br>/s/ David M. Klauder<br>David M. Klauder<br>United States Dept. of Justice<br>J. Caleb Boggs Federal Bldg.<br>844 King Street, Suite 2207,<br>Lockbox 35<br>Wilmington, DE 19801<br>Telephone: (302) 573-6539<br>Facsimile: (302) 573-6497<br><br>ATTORNEY FOR THE<br>UNITED STATES<br>TRUSTEE |

Dated: August 4, 2010