# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Re: Docket Nos. 144, 317, 1938, 2103, 2333, 2404, 2728, 3064, 4918 |

## EIGHTH SUPPLEMENTAL AFFIDAVIT AND DISCLOSURE OF RICHARD A. CHESLEY ON BEHALF OF PAUL, HASTINGS, JANOFSKY & WALKER LLP

STATE OF ILLINOIS    )
                     ) ss:
COUNTY OF COOK       )

I, Richard A. Chesley, being duly sworn, hereby depose and state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company 11, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am an attorney at law admitted and in good standing to practice in the States of Illinois and Ohio and before the United States Supreme Court, the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits, and the United States District Courts for the Northern District of Illinois and the Southern and Northern Districts of Ohio.

2. I am a member of the law firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings" or the "Firm"), located at 191 North Wacker Drive, 30th Floor, Chicago, Illinois 60606, and am duly authorized to make this declaration on behalf of Paul Hastings.

3. On December 8, 2008 (the "Petition Date"), all of the above-captioned debtors and debtors-in-possession (collectively, the "Initial Debtors") except for Chicago National League Ball Club, LLC ("CNLBC") each filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 USC §§ 101-1532 (as amended, the "Bankruptcy Code"). On December 26, 2008, the Initial Debtors filed their application [Dkt. No. 144] (the "Application") for an order authorizing the employment of Paul Hastings as special counsel for general real estate and related matters in the Debtors' jointly-administered chapter 11 cases. In support of the Application, the Initial Debtors filed an affidavit executed by myself on behalf of Paul Hastings in accordance with, *inter alia*, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. In connection with certain discussions Paul Hastings has had with the Office of the United States Trustee for the District of Delaware (the "US Trustee"), Paul Hastings agreed, without changing the scope of their retention as set forth in the Application, to be retained in the Initial Debtors' cases pursuant to section 327(a) instead of section 327(e) of the Bankruptcy Code. Additionally, pursuant to Bankruptcy Rules 2014(a) and 2016(b) and in

connection with Paul Hastings' routine practices, Paul Hastings conducted supplemental conflict checks with respect to interested or potentially interested parties. In connection with Paul Hastings' agreement to be retained pursuant to section 327(a) and its supplemental conflict check, I have submitted supplemental affidavits on February 2, 2009 [Dkt. No. 317], August 11, 2009 [Dkt. No. 1938], September 10, 2009 [Dkt. No. 2103], October 22, 2009 [Dkt. No. 2404], December 3, 2009 [Dkt. No. 2728], January 13, 2010 [Dkt. No. 3064] and July 1, 2010 [Dkt. No. 4918] with respect to certain additional interested or potentially interested parties.

5. On October 12, 2009 CNLBC filed its voluntary petition under Chapter 11 of the Bankruptcy Code. On October 14, 2009, the court entered an order [Dkt. No. 2333] directing, among other things, that the chapter 11 case of CNLBC be jointly administered with the cases of the Initial Debtors (collectively, the "Debtors") and that the relief granted under the professional retention orders in the Initial Debtors' cases be extended to CNLBC without need for further order or hearing if (i) such professionals submitted a supplemental disclosure by November 3, 2009 (the "Disclosure Deadline") and (ii) no objections were received within the twenty days following the Disclosure Deadline. Paul Hastings submitted its supplemental disclosure on October 22, 2009 [Dkt. No. 2404]. As no objections were received within twenty days of the Disclosure Deadline, the order approving Paul Hastings' retention in these chapter 11 cases was extended to CNLBC.

6. After reviewing the results of the original conflict check and the supplemental conflict checks completed by Paul Hastings, to the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Paul Hastings nor any Partners or associate thereof holds or represents an interest adverse to the Debtors or their respective estates, and Paul Hastings is a "disinterested person," as defined in

section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, in that: (a) Paul Hastings has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth in my original declaration, my supplemental affidavits and as set forth herein; (b) Paul Hastings is not a creditor, equity security holder or insider of the Debtors; (c) Paul Hastings is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) Paul Hastings neither holds nor represents an interest materially adverse to the Debtors, their respective estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in Debtors, or for any other reason. Accordingly, I believe that Paul Hastings is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

[remainder of this page left intentionally blank]

7.   Attached hereto as <u>Exhibit A</u> is a supplemental list of current and former clients and affiliates thereof that have been or are being represented by Paul Hastings in matters unrelated to the Debtors' cases. <u>Exhibit A</u> supplements the affidavit I submitted in connection with the Application, as well as the supplemental affidavits I submitted to the Court on February 2, 2009 [Dkt. No. 317], August 11, 2009 [Dkt. No. 1938], September 10, 2009 [Dkt. No. 2103], October 22, 2009 [Dkt. No. 2404], December 3, 2009 [Dkt. No. 2728], January 13, 2010 [Dkt. No. 3064] and July 1, 2010 [Dkt. No. 4918].

Executed on August 9, 2010                    Respectfully submitted,

_____
Richard A. Chesley (Ill. Bar No. 6240877)

**Exhibit A**

LEGAL_US_E # 88541450.2

## INTERESTED PARTIES THAT CURRENTLY EMPLOY OR HAVE FORMERLY EMPLOYED PAUL HASTINGS IN MATTERS UNRELATED TO THE DEBTORS OR THEIR CHAPTER 11 CASES

| INTERESTED PARTY OR ITS AFFILIATE | RELATIONSHIP TO THE DEBTORS | CLIENTS AND THEIR AFFILIATES |
|---|---|---|
| Cisco Systems Capital Corporation | Claimant | Cisco Systems Capital Corporation is not a client, but certain related affiliates are clients of the firm. |
| Third Screen Media, Inc. | Claimant | Third Screen Media, Inc. is not a client, but certain related affiliates are clients of the firm. |
| CBS Television Stations, Inc. | Claimant | The parent of CBS Television Stations, Inc. is a former client (Closed 06/12/1997), and certain related affiliates are current clients of the firm. |
| Jefferies Leveraged Credit Products, LLC | Claimant | Jefferies Leveraged Credit Products, LLC is not a client, but certain related affiliates are clients of the firm. |
| Turner Broadcasting System, Inc. | Party-in-interest | Turner Broadcasting System, Inc. is a client of the firm. |
| Turner Properties, Inc. | Party-in-interest | Turner Properties, Inc. is not a client, but certain related affiliates are clients of the firm. |
| Oracle Corporation | Claimant | Oracle Corporation is a client of the firm. |
| The ACE Companies | Insurer | The ACE Companies is not a client, but certain related affiliates are clients of the firm. |