IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objection Deadline: August 30, 2010 at 4:00 p.m. ET<br>Hearing Date: Scheduled Only If Necessary |

## COVER SHEET FOR FIRST MONTHLY FEE APPLICATION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO KENNETH N. KLEE, THE EXAMINER, FOR THE PERIOD OF APRIL 30, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S") |
| Authorized to Provide Professional Services to: | Kenneth N. Klee, as the Examiner approved in the above-captioned cases |
| Date of Retention: | May 19, 2010, (nunc pro tunc to April 30, 2010) |
| Period for Which Compensation and Reimbursement is Sought: | April 30, 2010 (the "Period") |
| Amount of Compensation sought as actual, reasonable and necessary: | $14,830.40 (80% of $18,538.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is a(n):   ☒ Monthly   ☐ Interim   ☐ Final Application.

## FEE SUMMARY FOR THE PERIOD OF APRIL 30, 2010

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Lee R. Bogdanoff | Partner 1999; Member of CA Bar Since 1985 | Bankruptcy | $895.00 | 7.10 | $6,354.50 |
| Martin R. Barash | Partner 2001; Member of CA Bar Since 1992 | Bankruptcy | $715.00 | 5.20 | $3,718.00 |
| Matthew C. Heyn | Partner 2010; Member of CA Bar Since 2003 | Bankruptcy Litigation | $550.00 | 0.30 | $165.00 |
| Brian M. Metcalf | Of Counsel 2008; Member of CA Bar Since 1999 | Bankruptcy Litigation | $625.00 | 4.10 | $2,562.50 |
| Danielle Brown | Associate 2009; Member of CA Bar Since 2004 | Bankruptcy Litigation | $490.00 | 11.20 | $5,488.00 |
| Shanda D. Pearson | Paralegal 2007 | Bankruptcy | $250.00 | 1.00 | $250.00 |

**Grand Total:** $18,538.00
**Total Hours:** 28.90
**Blended Rate:** $641.45[2]

---

[2] KTB&S wrote off $14,169.00 in fees for professional services rendered prior to the commencement of the Period, representing 18.60 hours of service, which write-offs are reflected in the foregoing chart and in this calculation.

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours Billed | Total Fees |
|---|---|---|
| 010 – Case Administration | 14.00 | $6,963.50 |
| 040 – Fee/ Employment Applications | 6.60 | $4,701.00 |
| 080 – Asset Analysis and Recovery | 8.30 | $6,873.50 |
| **Total:** | **28.90** | **$18,538.00** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| **Total:** | $-0- |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: August 30, 2010 at 4:00 p.m. ET<br>Hearing Date: Scheduled Only If Necessary |

**FIRST MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF KLEE, TUCHIN, BOGDANOFF & STERN LLP,
AS COUNSEL TO KENNETH N. KLEE, THE EXAMINER,
FOR THE PERIOD OF APRIL 30, 2010**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "Interim Compensation Order"), and that certain *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Considerations of Fee Applications* [Docket No. 546] (the "Fee Examiner Order"), Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm"), counsel to Kenneth N. Klee, Esq., the examiner (the "Examiner") approved in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors" or "Tribune"), hereby submits its *First Monthly Application for Compensation and for Reimbursement of Expenses of Klee, Tuchin, Bogdanoff & Stern LLP, as Counsel to Kenneth N. Klee, the Examiner, for the Period of April 30, 2010* (the "Application").

By this Application, KTB&S seeks approval and payment of interim monthly compensation for professional services rendered for the period of April 30, 2010 (the "Period") in an amount equal to $14,830.40 (an amount equal to 80% of $18,538.00, the total amount of fees for services rendered for the Period).[2] In support of this Application, KTB&S respectfully represents as follows:

## I.
## BACKGROUND

1. On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2. On April 20, 2010, the Court entered that certain *Agreed Order Directing the Appointment of an Examiner entered April 20, 2010* [Docket No. 4120] (the "Examiner Order") which, among other things, directed the Office of the United States Trustee (the "United States Trustee") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

---

[2] KTB&S is not seeking reimbursement of any expenses for the Period in this Application.

124256_2.DOC                         2

3. Pursuant to the Examiner Order, the Court ordered that an examiner be appointed to conduct an investigation (as defined therein, the "Investigation") and prepare a report in respect thereof (the "Report") evaluating: (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

4. On April 30, 2010, the United States Trustee filed that certain *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner. Contemporaneously therewith, the United States Trustee filed that certain *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

5. On May 7, 2010, the Examiner filed that certain *Work and Expense Plan of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan"). On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and adopted the Work Plan.

6. On May 11, 2010, the Court entered that certain *Order Approving Appointment of Examiner* [Docket No. 4320] and that certain *Order Approving Work and Expense Plan and Modifying Examiner Order* [Docket No. 4321].

7. On May 12, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4356]. On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4498], a copy of which is attached hereto as Exhibit A.

8. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested herein are sections 105(a) and 330 of the Bankruptcy Code, as well as Rules 2016 and 2016-2 of the Bankruptcy Rules and Local Rules, respectively.

## II.

## COMPENSATION PAID AND ITS SOURCE

9. All services for which KTB&S requests compensation were performed for or on behalf of the Examiner.

10. KTB&S has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between KTB&S and any other person, other than the partners of KTB&S of which the Examiner is also a partner, for the sharing of compensation to be received for services rendered in these cases.

## III.

## SUMMARY OF SERVICES

11. To the best of KTB&S's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and the Fee Examiner Order. Copies of KTB&S's detailed time entries for the Period, which are sorted by activity category and identify the names of the professionals who rendered services in these cases during the Period along with the number of hours for each individual and the total compensation sought for each category, are attached hereto as Exhibit B.

12. KTB&S was retained by the Examiner as his counsel in connection with the Investigation, the preparation of the Report and other matters described in the Examiner Order. The services rendered by KTB&S during the Period are grouped into categories as set forth below. KTB&S placed the services provided in the category that best relates to such services. Because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category. The services performed are generally described below and sorted by activity category, with a more detailed identification of the actual services rendered on Exhibit B.

A. **Case Administration -- 010.**

13. KTB&S devoted time in this category addressing various administrative matters necessary for the Examiner to conduct the Investigation and discharge his duties in connection

therewith including, without limitation, analyzing and developing the framework for the Investigation and preparing pleadings related to the appointment of the Examiner.

Fees: $6,936.50;   Hours: 14.00

### B. Fee/Employment Applications -- 040

14. KTB&S devoted time in this category preparing the pleadings and documents related to the appointment of the Examiner and retention of his legal and financial advisors, including preparation and revision of the verified statements of the Examiner, and the preparation of the Examiner's applications to employ KTB&S and LECG.

Fees: $4,701.00;   Hours: 6.60

### C. Asset Analysis and Recovery -- 080.

15. KTB&S devoted time in this category analyzing issues and reviewing documents related to the Tribune leveraged buy out transactions and other disputes that were the subject of the Investigation, and preparing correspondence and memorandums to the Examiner and his advisors concerning the scope and framework for conducting the Investigation.

Fees: $6,873.50;   Hours: 8.30

## IV.
## CONCLUSION

16. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, KTB&S respectfully submits that its fees are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. KTB&S has also reviewed the requirements of Rule 2016, Local Rule 2016-2, the Interim Compensation Order, and the Fee Examiner Order, and believes that this Application complies with such rules and orders.

**WHEREFORE**, KTB&S respectfully requests that, for the period of April 30, 2010: the Court (1) approve interim monthly compensation for professional services rendered during the Period in an amount equal to $14,830.40 (an amount equal to 80% of $18,538.00, the total amount of fees for services rendered for the Period), (2) authorize and direct the Debtors to remit to KTB&S a payment in the amount of $14,830.40, and (3) grant such other and further relief as it deems just and proper.

Dated: August 10, 2010
Los Angeles, California

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: _____
Jonathan S. Shenson, Esq.

1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

Counsel to the Examiner

## VERIFICATION

STATE OF CALIFORNIA          :
                             :
COUNTY OF LOS ANGELES        :

  I, Jonathan S. Shenson, Esq., after being duly sworn according to law, deposes and says:

  a) I am a partner with the applicant law firm Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S").

  b) I am familiar with the legal services rendered by KTB&S as counsel to the Examiner and am thoroughly familiar with the work performed on behalf of the Examiner by other professionals at KTB&S.

  c) I have reviewed the foregoing Application. The facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

                   _____
                    Jonathan S. Shenson, Esq.

SWORN AND SUBSCRIBED
before me this 6th day of August 2010.

_____
Notary Public
My Commission Expires:

APRYL CAROL BOND
Commission # 1871893
Notary Public - California
Los Angeles County
My Comm. Expires Nov 22, 2013