# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: August 30, 2010 at 4:00 p.m. ET<br>Hearing Date: Scheduled Only If Necessary |

## COVER SHEET FOR SECOND MONTHLY FEE APPLICATION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO KENNETH N. KLEE, THE EXAMINER, FOR THE PERIOD MAY 1, 2010 THROUGH MAY 31, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S") |
| Authorized to Provide Professional Services to: | Kenneth N. Klee, as the Examiner approved in the above-captioned cases |
| Date of Retention: | May 19, 2010 (nunc pro tunc to April 30, 2010) |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2010 through May 31, 2010 (the "Monthly Period") |
| Amount of Compensation sought as actual, reasonable and necessary: | $980,741.60 (80% of $1,225,927.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $24,580.28 |

This is a(n):  ☒ Monthly    ☐ Interim    ☐ Final Application.

## PRIOR APPLICATIONS FILED

| Date Filed | Application Period | Fees Requested | Expenses Requested | CNO Docket No. | Fees Approved | Expenses Approved | 20% Holdback |
|---|---|---|---|---|---|---|---|
| 8/10/2010 | 4/30/2010 | $18,538.00 | $-0- | Pending | Pending | Pending | Pending |

## FEE SUMMARY FOR THE PERIOD MAY 1, 2010 THROUGH MAY 31, 2010

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| David M. Stern | Partner 2000; Member of CA Bar Since 1975 | Bankruptcy Litigation | $895.00 | 90.00 | $80,550.00 |
| Lee R. Bogdanoff | Partner 1999; Member of CA Bar Since 1985 | Bankruptcy | $895.00 | 267.30 | $239,233.50 |
| Lee R. Bogdanoff (50% Travel Rate) | Partner 1999; Member of CA Bar Since 1985 | Bankruptcy | $447.50 | 11.50 | $5,146.25 |
| Martin R. Barash | Partner 2001; Member of CA Bar Since 1992 | Bankruptcy | $715.00 | 231.10 | $165,236.50 |
| Martin R. Barash (50% Travel Rate) | Partner 2001; Member of CA Bar Since 1992 | Bankruptcy | $357.50 | 22.10 | $7,900.75 |
| Ronn S. Davids | Partner 2004; Member of CA Bar Since 1995 | Corporate | $680.00 | 178.40 | $121,312.00 |
| Jonathan S. Shenson | Partner 2006; Member of CA Bar Since 1996 | Bankruptcy | $680.00 | 79.40 | $53,992.00 |
| David A. Fidler | Partner 2003; Member of CA Bar Since 1997 | Bankruptcy | $680.00 | 159.00 | $108,120.00 |
| David A. Fidler (50% Travel Rate) | Partner 2003; Member of CA Bar Since 1997 | Bankruptcy | $340.00 | 14.80 | $5,032.00 |
| Jennifer L. Dinkelman | Partner 2007; Member of CA Bar Since 1999 | Corporate | $625.00 | 189.20 | $118,250.00 |
| Matthew C. Heyn | Partner 2010; Member of CA Bar Since 2003 | Bankruptcy Litigation | $550.00 | 42.20 | $23,210.00 |
| Brian M. Metcalf | Of Counsel 2008; Member of CA Bar Since 1999 | Bankruptcy Litigation | $625.00 | 149.10 | $93,187.50 |
| Robert J. Pfister | Of Counsel 2010; Member of CA Bar Since 2001 | Bankruptcy Litigation | $595.00 | 139.60 | $83,062.00 |
| Efrat B. Zisblatt | Associate 1999; Member of CA Bar Since 1997 | Bankruptcy | $595.00 | 7.70 | $4,581.50 |
| Danielle Brown | Associate 2009; Member of CA Bar Since 2004 | Bankruptcy Litigation | $490.00 | 192.80 | $94,472.00 |
| Matthew K. Larssen | Law Clerk | Bankruptcy | $170.00 | 8.60 | $1,462.00 |
| Kathryn T. Zwicker | Law Clerk | Bankruptcy | $170.00 | 28.70 | $4,879.00 |
| Shanda D. Pearson | Paralegal 2007 | Bankruptcy | $250.00 | 65.20 | $16,300.00 |

**Grand Total:** $1,225,927.00
**Total Hours:** 1,876.70
**Blended Rate:** $653.23[2]

---

[2] In the exercise of its billing discretion, KTB&S voluntarily wrote off $28,551.50 in fees for the Monthly Period, representing 59.10 hours of service, which write-offs are reflected in the foregoing chart and in this calculation.

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours Billed | Total Fees |
|---|---|---|
| 010 – Case Administration | 137.60 | $73,280.00 |
| 020 – Meetings and Communications | 207.10 | $149,661.00 |
| 040 – Fee/ Employment Applications | 35.00 | $23,034.50 |
| 080 – Asset Analysis and Recovery | 1,049.20 | $723,244.00 |
| 095 – Legal Research re Investigation | 186.30 | $106,445.50 |
| 096 – Questions 2 & 3 | 119.10 | $72,649.00 |
| 097 – Witness Interviews/ Discovery | 69.60 | $44,788.00 |
| 120 – Litigation | 24.40 | $14,746.00 |
| 900 – Non-Working Travel | 48.40 | $18,079.00 |
| **Total:** | **1,876.70** | **$1,225,927.00** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Duplicating | $9,798.80 |
| Parking | $167.22 |
| Travel - Meals | $696.76 |
| Travel | $13,917.50 |
| **Total:** | **$24,580.28** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objection Deadline: August 30, 2010 at 4:00 p.m. ET<br>Hearing Date: Scheduled Only If Necessary |

**SECOND MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF KLEE, TUCHIN, BOGDANOFF & STERN LLP,
AS COUNSEL TO KENNETH N. KLEE, THE EXAMINER,
FOR THE PERIOD MAY 1, 2010 THROUGH MAY 31, 2010**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

124306.2

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "Interim Compensation Order"), and that certain *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Considerations of Fee Applications* [Docket No. 546] (the "Fee Examiner Order"), Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S" or the "Firm"), counsel to Kenneth N. Klee, Esq., the examiner (the "Examiner") approved in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors" or "Tribune"), hereby submits its *Second Monthly Application for Compensation and for Reimbursement of Expenses of Klee, Tuchin, Bogdanoff & Stern LLP, as Counsel to Kenneth N. Klee, the Examiner, for the Period May 1, 2010 through May 31, 2010* (the "Application").

By this Application, KTB&S seeks approval and payment of interim monthly compensation in the amount of $1,005,321.88 for the period May 1, 2010 through May 31, 2010 (the "Monthly Period"), comprised of $980,741.60 for professional services rendered (an amount equal to 80% of $1,225,927.00 the total amount of fees for services rendered for the Monthly Period) and $24,580.28 for reimbursement of 100% of the expenses incurred by KTB&S during the Monthly Period. In support of this Application, KTB&S respectfully represents as follows:

## I.
## BACKGROUND

1. On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2. On April 20, 2010, the Court entered that certain *Agreed Order Directing the Appointment of an Examiner Entered April 20, 2010* [Docket No. 4120] (the "Examiner Order"),

which, among other things, directed the Office of the United States Trustee (the "United States Trustee") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

3. Pursuant to the Examiner Order, the Court ordered that an examiner be appointed to conduct an investigation (as defined therein, the "Investigation") and prepare a report in respect thereof (the "Report") evaluating: (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

4. On April 30, 2010, the United States Trustee filed that certain *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner. Contemporaneously therewith, the United States Trustee filed that certain *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

5. On May 7, 2010, the Examiner filed that certain *Work and Expense Plan of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan"). On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and adopted the Work Plan.

6. On May 11, 2010, the Court entered that certain *Order Approving Appointment of Examiner* [Docket No. 4320] and that certain *Order Approving Work and Expense Plan and Modifying Examiner Order* [Docket No. 4321].

7. On May 12, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4356]. On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4498], a copy of which is attached hereto as Exhibit A.

8. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for relief requested

herein are sections 105(a) and 330 of the Bankruptcy Code, as well as Rules 2016 and 2016-2 of the Bankruptcy Rules and Local Rules, respectively.

## II.

## COMPENSATION PAID AND ITS SOURCE

9. All services for which KTB&S requests compensation were performed for or on behalf of the Examiner.

10. KTB&S has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between KTB&S and any other person, other than the partners of KTB&S of which the Examiner is also a partner, for the sharing of compensation to be received for services rendered in these cases.

## III.

## SUMMARY OF SERVICES

11. To the best of KTB&S's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and the Fee Examiner Order. Copies of KTB&S's detailed time entries for the Monthly Period, which are sorted by activity category and identify the names of the professionals who rendered services in these cases during the Monthly Period along with the number of hours for each individual and the total compensation sought for each category, are attached hereto as Exhibit B.

12. KTB&S was retained by the Examiner as his counsel in connection with the Investigation, the preparation of the Report and other matters described in the Examiner Order. The services rendered by KTB&S during the Monthly Period are grouped into categories as set forth below. KTB&S placed the services provided in the category that best relates to such services. Because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category. The services performed are generally described below and sorted by activity category, with a more detailed identification of the actual services rendered on Exhibit B.

### A. Case Administration -- 010.

13. During the Monthly Period, KTB&S devoted time in this category addressing various matters necessary to efficiently conduct the Investigation and prepare the Report. The work performed by KTB&S included, among other things, identifying, analyzing and developing the initial parameters of the Investigation and outlining the numerous issues to be evaluated, coordinating the sequence of the Investigation and division and delegation of work among the Examiner's counsel and financial advisors, and preparing work plans.

14. In addition, KTB&S communicated with the principal parties involved in the Chapter 11 Cases and the United States Trustee regarding the scope of the Investigation, confidentiality issues and the appointment of the Examiner, and drafted and prepared pleadings and attended hearings regarding the appointment of the Examiner, approval of his work plan, and related matters. Further, KTB&S managed, updated and coordinated the Investigation schedule among the Examiner and his advisors, and established and managed a central document depository and database of the voluminous documents related to the Investigation.

Fees: $73,280.00;    Hours: 137.60

### B. Meetings and Communications -- 020.

15. During the Monthly Period, KTB&S devoted substantial time in this category conducting and attending several in-person meetings with the parties involved in the Investigation during which they presented their respective positions to the Examiner, and engaging in communications with such parties regarding the submission of briefs and related procedural issues. In addition, KTB&S conducted and attended in-person and teleconference meetings with the Examiner, his counsel and financial advisors regarding the subject matter of the Investigation and associated issues, and regularly communicated with the Examiner's team of professionals in order to efficiently and effectively coordinate and conduct the Investigation. KTB&S also communicated with the United States Trustee concerning the appointment of the Examiner and the Investigation, and conducted regular weekly meetings among the Examiner and his advisors regarding the progress of the Investigation and matters under examination.

Fees: $149,661.00;   Hours: 207.10

**C.    Fee/Employment Applications -- 040**

16.    KTB&S devoted time in this category preparing the pleadings and documents related to the appointment of the Examiner and retention of his legal and financial advisors, including revising the verified statements of the Examiner, preparing the KTB&S and LECG employment applications, supporting affidavits and disclosures and associated pleadings, and communicating with the Examiner, his professionals and the United States Trustee regarding the foregoing matters.

Fees: $23,034.50;   Hours: 35.00

**D.    Asset Analysis and Recovery -- 080.**

17.    During the Monthly Period, KTB&S devoted substantial time in this category performing the various tasks necessary to develop and prepare the factual and legal findings, analyses and conclusions of the Examiner with respect to question one of the Investigation (the evaluation of potential claims and causes of action arising from the Tribune leveraged buy out transactions and corresponding disputes among the parties), and drafting and preparing the sections of the Report related to such matters.

18.    This area of the Investigation was significant in scope and involved complicated transactions and complex factual and legal issues. To address this portion of the Investigation, KTB&S spent significant time closely reviewing and analyzing the thousands of documents in the document depository related to the Tribune leveraged buy out transactions and substantial amounts of additional materials, including very complicated transactional documents, solvency reports and valuation analyses, witness interview transcripts, communications among the parties, reports and briefs prepared and submitted by the parties, and other sources of information.

19.    KTB&S also spent significant time analyzing the numerous complex and complicated legal issues implicated by the Tribune leveraged buy out transactions, developing the factual and legal analyses associated with the claims and defenses identified by the parties, and preparing, drafting and revising internal summaries and memorandums based on the analyses and review of available and

recently obtained documents and information. KTB&S further spent significant time drafting, revising and preparing the sections of the Report related to question one of the Investigation.

Fees: $723,244.00;    Hours: 1,049.20

E.   **Legal Research re Investigation -- 095.**

20.   KTB&S spent significant time in this category conducting legal research regarding various issues raised in the Investigation, the potential claims and causes of actions related to the Tribune leveraged buy out transactions and associated potential defenses, including fraudulent transfer claims and the tests for insolvency and capital adequacy, defenses to fraudulent transfer claims under Bankruptcy Code section 546(e), good faith defenses to fraudulent transfer claims and reasonably equivalent value, treatment and characterization of intercompany claims, illegal dividends, choice of law issues, and related matters.

Fees: $106,445.50;    Hours: 186.30

F.   **Questions 2 & 3 -- 096.**

21.   KTB&S devoted time in this category analyzing and researching factual and legal issues related to question two (the allegations that WTC violated the automatic stay) and question three (the allegations that WTC violated certain orders of the Court governing confidential documents and breached its fiduciary duties as a member of the creditors' committee), including application of the automatic stay to fraudulent transfer and equitable subordination claims, the scope of property of the estate, the standards governing violations of discovery orders and potential sanctions in connection with any such violations, the fiduciary duties of creditors' committee members, and numerous related issues. KTB&S also spent time in this category drafting, preparing and revising the volume of the Report related to question two and question three.

Fees: $72,649.00;    Hours: 119.10

G.   **Witness Interviews / Discovery -- 097.**

22.   KTB&S devoted time in this category interviewing parties and other witnesses and engaging in discovery relevant to the Investigation in order to develop the record and factual background required for the Examiner's findings, analyses and conclusions. This category also

includes time spent by KTB&S preparing for witness interviews, including drafting interview outlines, preparing interview summaries for the Examiner and his professionals, scheduling and conducting multiple in-person and video conference witness interviews, and reviewing documents and other materials produced and obtained through discovery.

Fees: $44,788.00;    Hours: 69.60

**H.    Litigation -- 120.**

23.    KTB&S spent time in this category preparing a motion and related pleadings to obtain entry of an order permitting the Examiner to employ Bankruptcy Rule 2004 to facilitate discovery in support of the Investigation, which was granted on May 19, 2010, and attending hearings and engaging in communications related to the request for relief.

Fees: $14,746.00;    Hours: 24.40

**I.    Non-Working Travel -- 900.**

24.    During the Monthly Period, KTB&S was required to travel for witness interviews, hearings and other meetings related to the Investigation. To the extent that KTB&S did not or was unable to engage in other work during such travel, such time has been charged to this category at (50%) of such professional's rate as non-working travel.

Fees: $18,079.00;    Hours: 48.40

**IV.**

**ACTUAL AND NECESSARY EXPENSES**

25.    KTB&S is seeking reimbursement of $24,580.28 in costs and expenses it incurred during the Monthly Period. The following is a description of KTB&S's accounting procedures for the general categories of costs and expense for which it is seeking reimbursement. These costs and expenses are being billed to the Debtors' estates at the same rates that KTB&S customarily bills its non-debtor clients. An itemized statement of such costs and expenses are set forth on <u>Exhibit C</u> attached hereto.

**A.     Duplicating.**

26.   In accordance with Rule 2016-2 of the Local Rules of this Court, KTB&S charged the Debtors' estates $0.10 per page for its internal duplicating projects. The total amount of duplicating expenses incurred by KTB&S during the Monthly Period was $9,798.80.

**B.     Parking.**

27.   This category includes costs incurred by KTB&S for parking fees at various meetings, interviews and Court hearings. The total amount of parking expenses incurred by KTB&S during the Monthly Period was $167.22.

**C.     Travel – Meals.**

28.   KTB&S incurred incidental costs for out-of-the-area meals. The total amount of meals expenses incurred by KTB&S during the Monthly Period was $696.76.

**D.     Travel.**

29.   This category includes taxi and/or car service used to/from the airport and meetings, mileage reimbursement, and hotel and airfare (lowest refundable rate) expenses. KTB&S seeks only reimbursement for actual charges in this category. The total amount of travel expenses incurred by KTB&S during the Monthly Period was $13,917.50.

## V.

## CONCLUSION

30.   In accordance with the factors enumerated in section 330 of the Bankruptcy Code, KTB&S respectfully submits that its fees are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, KTB&S also has reviewed the requirements of Rule 2016, Local Rule 2016-2, the Interim Compensation Order, and the Fee Examiner Order and believes that this Application complies with such rules and orders.

**WHEREFORE**, KTB&S respectfully requests that, for the period May 1, 2010 through May 31, 2010: the Court (1) approve interim monthly compensation in the amount of $1,005,321.88 for the Monthly Period, comprised of $980,741.60 for professional services rendered (an amount equal to 80% of $1,225,927.00 the total amount of fees for services rendered for the Monthly Period) and $24,580.28 for reimbursement of 100% of the expenses incurred by KTB&S during the Monthly Period, (2) authorize and direct the Debtors to remit to KTB&S a payment in the amount of $1,005,321.88, and (3) grant such other and further relief as it deems just and proper.

Dated: August 10, 2010
Los Angeles, California

KLEE, TUCHIN, BOGDANOFF & STERN LLP

By: /s/ Jonathan S. Shenson
Jonathan S. Shenson

1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

Counsel to the Examiner

## VERIFICATION

STATE OF CALIFORNIA          :

                             :

COUNTY OF LOS ANGELES        :

      I, Jonathan S. Shenson, Esq., after being duly sworn according to law, deposes and says:

      a)     I am a partner with the applicant law firm Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S").

      b)     I am familiar with the legal services rendered by KTB&S as counsel to the Examiner and am thoroughly familiar with the work performed on behalf of the Examiner by other professionals at KTB&S.

      c)     I have reviewed the foregoing Application. The facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

                                                                         Jonathan S. Shenson, Esq.

SWORN AND SUBSCRIBED
before me this 10th day of August 2010.

_____
Notary Public
My Commission Expires:

[Notary Seal: APRYL CAROL BOND, Commission # 1871893, Notary Public - California, Los Angeles County, My Comm. Expires Nov 22, 2013]