## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 30, 2010 at 4:00 p.m. ET**<br>**Hearing Date: Scheduled Only If Necessary** |

## COVER SHEET FOR FIRST MONTHLY FEE APPLICATION OF KENNETH N. KLEE, THE EXAMINER, FOR THE PERIOD OF APRIL 30, 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxnet Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (5863); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Kenneth N. Klee, Esq., as the Examiner appointed in the above-captioned cases |
| Date of Appointment: | April 30, 2010 (Order entered May 11, 2010) |
| Period for Which Compensation and Reimbursement is Sought: | April 30, 2010 (the "Period") |
| Amount of Compensation sought as actual, reasonable and necessary: | $5,538.00 (80% of $6,922.50) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $-0- |

This is a(n):    ☒ Monthly      ☐ Interim      ☐ Final Application.

## FEE SUMMARY FOR THE PERIOD OF APRIL 30, 2010

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Kenneth N. Klee, Esq. | Partner 1999; Member of CA Bar Since 1974 | Bankruptcy | $975.00 | 7.10 | $6,922.50 |

**Grand Total:**       $6,922.50[2]

**Total Hours:**          7.10

---

[2]   The Examiner wrote off $10,140.00 in fees for professional services rendered prior to the commencement of the Period, representing 10.40 hours of service, which write-offs are reflected in the foregoing chart and in this calculation.

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours Billed | Total Fees |
|---|---|---|
| 010 – Case Administration | 0.30 | $292.50 |
| 020 – Meetings and Communications | 0.80 | $780.00 |
| 040 – Fee/ Employment Applications | 1.00 | $975.00 |
| 080 – Asset Analysis and Recovery | 5.00 | $4,875.00 |
| **Total:** | **7.10** | **$6,922.50** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| **Total:** | $-0- |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 30, 2010 at 4:00 p.m. ET**<br>**Hearing Date: Scheduled Only If Necessary** |

**FIRST MONTHLY APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF KENNETH N. KLEE, THE EXAMINER,
FOR THE PERIOD OF APRIL 30, 2010**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "Interim Compensation Order"), and that certain *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Considerations of Fee Applications* [Docket No. 546] (the "Fee Examiner Order"), Kenneth N. Klee, Esq., the examiner (the "Examiner") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors" or "Tribune"), hereby submits his *First Monthly Application for Compensation and for Reimbursement of Expenses of Kenneth N. Klee, the Examiner, for the Period of April 30, 2010* (the "Application").

By this Application, the Examiner seeks approval and payment of interim monthly compensation for professional services rendered for the period of April 30, 2010 (the "Period") in an amount equal to $5,538.00 (an amount equal to 80% of $6,922.50, the total amount of fees for services rendered for the Period).[2]   In support of this Application, the Examiner respectfully represents as follows:

## I.

## BACKGROUND

1.      On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2.      On April 20, 2010, the Court entered that certain *Agreed Order Directing the Appointment of an Examiner Entered April 20, 2010* [Docket No. 4120] (the "Examiner Order"), which, among other things, directed the Office of the United States Trustee (the "United States Trustee") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

---

[2]    The Examiner is not seeking reimbursement of any expenses for the Period in this Application.

124286_2.DOC                                          2

3.      Pursuant to the Examiner Order, the Court ordered that an examiner be appointed to conduct an investigation (as defined therein, the "Investigation") and prepare a report in respect thereof (the "Report") evaluating: (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

4.      On April 30, 2010, the United States Trustee filed that certain *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner. Contemporaneously therewith, the United States Trustee filed that certain *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

5.      On May 7, 2010, the Examiner filed that certain *Work and Expense Plan of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan"). On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and adopted the Work Plan.

6.      On May 11, 2010, the Court entered that certain *Order Approving Appointment of Examiner* [Docket No. 4320] (the "Examiner Order"), a copy of which is attached hereto as Exhibit A, and that certain *Order Approving Work and Expense Plan and Modifying Examiner Order* [Docket No. 4321].

7.      On May 12, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4356]. On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4498].

8.      On May 15, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Saul Ewing LLP as Delaware Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4358]. On May 19, 2010, the Court entered that certain *Order*

*Pursuant to Section 327 of the Bankruptcy Code Authorizing the Employment of Saul Ewing LLP as Delaware Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4499].

9.    On May 15, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4360].   On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4500].

10.    This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).   The statutory predicates for relief requested herein are sections 105(a) and 330 of the Bankruptcy Code, as well as Rules 2016 and 2016-2 of the Bankruptcy Rules and Local Rules, respectively.

## II.

## COMPENSATION PAID AND ITS SOURCE

11.    All services for which the Examiner requests compensation were performed by the Examiner pursuant to the authorization and direction set forth in the Examiner Order.

12.    The Examiner has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.   There is no agreement or understanding between the Examiner and any other person for sharing of compensation to be received for serviced rendered in these cases, other than the partners of Klee, Tuchin, Bogdanoff & Stern LLP, of which the Examiner is a partner and who serves as his counsel in these Chapter 11 Cases.

## III.

## SUMMARY OF SERVICES

13.    To the best of the Examiner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and the Fee Examiner Order.   Copies of the Examiner's detailed time entries for the Period,

which are sorted by activity category during the Period, along with the number of hours and the total compensation sought for each category, are attached hereto as Exhibit B.

14.    The Examiner's appointment was approved by the Court in connection with the Investigation. The services rendered by the Examiner during the Period are grouped into the categories set forth below. The Examiner placed the services provided in the category that best relates to such services. Because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category. The services performed are generally described below and sorted by activity category, with a more detailed identification of the actual services rendered on Exhibit B.

A.    **Case Administration -- 010.**

15.    The Examiner devoted time in this category addressing administrative matters with his legal and financial advisors and the United States Trustee regarding the budget for the Investigation and lists of creditors and parties in interest.

Fees: $292.50;        Hours: 0.30

B.    **Meetings and Communications -- 020.**

16.    The Examiner devoted time in this category to communicating with his legal and financial advisors, the United States Trustee and certain parties in interest concerning the timing of the Investigation, production of the Report and matters related to Examiner's appointment.

Fees: $780.00;        Hours: 0.80

C.    **Fee/Employment Applications -- 040**

17.    The Examiner devoted time in this category reviewing and preparing verified statements and associated documents related to his appointment, analyzing and revising pleadings and agreements related the retention of legal and financial advisors, and communicating with such professionals regarding their engagement.

Fees: $975.00;        Hours: 1.00

D.    **Asset Analysis and Recovery -- 080.**

18.    The Examiner devoted time in this category analyzing issues and reviewing documents related to the Tribune leveraged buy out transactions and other disputes that were the subject of the Investigation, and communicating with his legal and financial advisors concerning such matters.

Fees: $4,875.00;    Hours: 5.00

**IV.**

**CONCLUSION**

19.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the Examiner respectfully submits that his fees are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, the Examiner also has reviewed the requirements of Rule 2016, Local Rule 2016-2, the Interim Compensation Order, and the Fee Examiner Order, and he believes that this Application complies with such rules and orders.

**WHEREFORE**, the Examiner respectfully requests that, for the period of April 30, 2010: the Court (1) approve interim monthly compensation for professional services rendered during the Period in an amount equal to $5,538.00 (an amount equal to 80% of $6,922.50, the total amount of fees for services rendered for the Period), (2) authorize and direct the Debtors to remit to the Examiner a payment in the amount of $5,538.00, and (3) grant such other and further relief as it deems just and proper.

Dated:    August 9, 2010
        Los Angeles, California

By: _Kenneth N. Klee, Examiner_
    Kenneth N. Klee, Esq.
    KLEE, TUCHIN, BOGDANOFF & STERN LLP
    1999 Avenue of the Stars, 39th Floor
    Los Angeles, CA 90067
    Telephone: (310) 407-4000
    Facsimile: (310) 407-9090

    *The Examiner*

# **VERIFICATION**

STATE OF CALIFORNIA              :

                                            :

COUNTY OF LOS ANGELES        :

I, Kenneth N. Klee, Esq., after being duly sworn according to law, deposes and says:

a)      I am the Court-approved Examiner in the above-captioned cases.

b)      I am familiar with the work I performed as Examiner during the Period.

c)      I have reviewed the foregoing Application.  The facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

Kenneth N. Klee, Esq.

SWORN AND SUBSCRIBED
before me this 9th day of August 2010.

Notary Public
My Commission Expires:

APRYL CAROL BOND
Commission # 1871893
Notary Public - California
Los Angeles County
My Comm. Expires Nov 22, 2013