## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 30, 2010 at 4:00 p.m. ET**<br>**Hearing Date: Scheduled Only If Necessary** |

## COVER SHEET FOR SECOND MONTHLY FEE APPLICATION OF KENNETH N. KLEE, THE EXAMINER, FOR THE PERIOD MAY 1, 2010 THROUGH MAY 31, 2010

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

| | |
|---|---|
| Name of Applicant: | Kenneth N. Klee, Esq., as the Examiner appointed in the above-captioned cases |
| Date of Appointment: | April 30, 2010 (Order entered May 11, 2010) |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2010 through May 31, 2010 (the "Monthly Period") |
| Amount of Compensation sought as actual, reasonable and necessary: | $141,141.00 (80% of $176,426.25) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $3,791.40 |

This is a(n):     ☒ Monthly      ☐ Interim      ☐ Final Application.

## PRIOR APPLICATIONS FILED

| Date Filed | Application Period | Fees Requested | Expenses Requested | CNO Docket No. | Fees Approved | Expenses Approved | 20% Holdback |
|---|---|---|---|---|---|---|---|
| 8/10/2010 | 4/30/2010 | $6,922.50 | $-0- | Pending | Pending | Pending | Pending |

## FEE SUMMARY FOR THE PERIOD MAY 1, 2010 THROUGH MAY 31, 2010

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Year of Obtaining License to Practice | Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Kenneth N. Klee, Esq. | Partner 1999; Member of CA Bar Since 1974 | Bankruptcy | $975.00 | 194.00 | $176,426.25 |

**Grand Total:** $176,426.25[2]

**Total Hours:** 194.00

---

[2]    In the exercise of his billing discretion, the Examiner voluntarily wrote off $1,852.50 in fees for the Monthly Period, representing 1.90 hours of service, which write-offs are reflected in the foregoing chart and in this calculation.

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours Billed | Total Fees |
|---|---|---|
| 010 – Case Administration | 12.80 | $12,480.00 |
| 020 – Meetings and Communications | 46.60 | $45,435.00 |
| 040 – Fee/ Employment Applications | 6.90 | $6,727.50 |
| 080 – Asset Analysis and Recovery | 67.70 | $66,007.50 |
| 095 – Legal Research re Investigation | 10.20 | $9,945.00 |
| 096 – Questions 2 & 3 | 7.80 | $7,605.00 |
| 097 – Witness Interviews/ Discovery | 15.90 | $15,502.50 |
| 900 – Non-Working Travel | 26.10 | $12,723.75 |
| **Total:** | **194.00** | **$176,426.25** |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Travel | $3,791.40 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| TRIBUNE COMPANY, *et al.*,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: August 30, 2010 at 4:00 p.m. ET**<br>**Hearing Date: Scheduled Only If Necessary** |

### SECOND MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF KENNETH N. KLEE, THE EXAMINER, FOR THE PERIOD MAY 1, 2010 THROUGH MAY 31, 2010

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8655); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago National League Ball Club n/k/a Tribune CNLBC, LLC (0347); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo., Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH, Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Brook Productions, Inc. (2598); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, Inc. (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc. f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

124320.2

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 225] (the "Interim Compensation Order"), and that certain *Order Appointing Fee Examiner and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Considerations of Fee Applications* [Docket No. 546] (the "Fee Examiner Order"), Kenneth N. Klee, Esq., the examiner (the "Examiner") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Tribune Company and its affiliates (collectively, the "Debtors" or "Tribune"), hereby submits his *Second Monthly Application for Compensation and for Reimbursement of Expenses of Kenneth N. Klee, the Examiner, for the Period May 1, 2010 through May 31, 2010* (the "Application").

By this Application, the Examiner seeks approval and payment of interim monthly compensation in the amount of $144,932.40 for the period May 1, 2010 through May 31, 2010 (the "Monthly Period"), comprised of $141,141.00 for professional services rendered (an amount equal to 80% of $176,426.25, the total amount of fees for services rendered for the Monthly Period) and $3,791.40 for reimbursement of 100% of the expenses incurred by the Examiner during the Monthly Period. In support of this Application, the Examiner respectfully represents as follows:

## I.

## BACKGROUND

1.      On December 8, 2008, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 10, 2008, the Court entered an order providing for the joint administration of the Chapter 11 Cases.

2.      On April 20, 2010, the Court entered that certain *Agreed Order Directing the Appointment of an Examiner entered April 20, 2010* [Docket No. 4120] (the "Examiner Order"), which among other things, directed the Office of the United States Trustee (the "United States Trustee") to appoint an examiner in these cases pursuant to section 1104(c)(1) of the Bankruptcy Code.

3.      Pursuant to the Examiner Order, the Court ordered that an examiner be appointed to conduct an investigation (as defined therein, the "Investigation") and prepare a report in respect thereof (the "Report") evaluating: (i) potential claims, causes of action, and defenses asserted in respect of the leveraged buy-out of Tribune that occurred in 2007, (ii) whether Wilmington Trust Company ("WTC") violated the automatic stay by filing the complaint in Adversary Proceeding No. 10-50732, and (iii) the assertions and defenses made in connection with a certain motion of JPMorgan Chase Bank, N.A. for sanctions against WTC based on the alleged disclosure of confidential information.

4.      On April 30, 2010, the United States Trustee filed that certain *Notice of Appointment of Examiner* [Docket No. 4212] appointing Kenneth N. Klee, Esq. as the Examiner.  Contemporaneously therewith, the United States Trustee filed that certain *Application of the United States Trustee for Order Approving Appointment of Examiner* [Docket No. 4213].

5.      On May 7, 2010, the Examiner filed that certain *Work and Expense Plan of Examiner-Designate Kenneth N. Klee, Esq.* [Docket No. 4261] ("Work Plan").  On May 10, 2010, the Court held a status conference regarding the appointment of the Examiner and adopted the Work Plan.

6.      On May 11, 2010, the Court entered that certain *Order Approving Appointment of Examiner* [Docket No. 4320] (the "Examiner Order"), a copy of which is attached hereto as Exhibit A, and that certain *Order Approving Work and Expense Plan and Modifying Examiner Order* [Docket No. 4321].

7.      On May 12, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4356].  On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4498].

8.      On May 15, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of Saul Ewing LLP as Delaware Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4358].  On May 19, 2010, the Court entered that certain *Order*

*Pursuant to Section 327 of the Bankruptcy Code Authorizing the Employment of Saul Ewing LLP as Delaware Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4499].

9.  On May 15, 2010, the Examiner filed that certain *Application of the Examiner for an Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4360].   On May 19, 2010, the Court entered that certain *Order Authorizing the Retention of LECG, LLC as Financial Advisor to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4500].

10.  This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The statutory predicates for relief requested herein are sections 105(a) and 330 of the Bankruptcy Code, as well as Rules 2016 and 2016-2 of the Bankruptcy Rules and Local Rules, respectively.

## II.

## COMPENSATION PAID AND ITS SOURCE

11.  All services for which the Examiner requests compensation were performed by the Examiner pursuant to the authorization and direction set forth in the Examiner Order.

12.  The Examiner has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between the Examiner and any other person for sharing of compensation to be received for serviced rendered in these cases, other than the partners of Klee, Tuchin, Bogdanoff & Stern, LLP, of which the Examiner is a partner and who serves as his counsel in these Chapter 11 Cases.

## III.

## SUMMARY OF SERVICES

13.  To the best of the Examiner's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and the Fee Examiner Order.  Copies of the Examiner's detailed time entries for the Monthly

Period, which are sorted by activity category during the Monthly Period, along with the number of hours and the total compensation sought for each category, are attached hereto as <u>Exhibit B</u>.

14.    The Examiner's appointment was approved by the Court in connection with the Investigation. The services rendered by the Examiner during the Monthly Period are grouped into the categories set forth below. The Examiner placed the services provided in the category that best relates to such services. Because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category. The services performed are generally described below and sorted by activity category, with a more detailed identification of the actual services rendered on <u>Exhibit B</u>.

**A.    Case Administration -- 010.**

15.    The Examiner devoted time in this category addressing various matters necessary to efficiently conduct the Investigation and prepare the Report, including developing and establishing the initial parameters and scope of the Investigation and the Report, preparing his own work plan and consulting with his legal and financial advisors concerning their respective work plans, analyzing and addressing confidentiality issues and other matters incidental to the Examiner's appointment, and conferring with professionals and the United States Trustee regarding such matters.

Fees: $12,480.00;    Hours: 12.80

**B.    Meetings and Communications -- 020.**

16.    The Examiner devoted time in this category attending several in person meetings with parties involved in the Investigation during which they presented their respective positions regarding the various assertions and issues subject to the Investigation, and communicating with such parties and the United States Trustee regarding matters related to the Investigation. The Examiner also regularly communicated with his legal and financial advisors regarding the Investigation and matters under examination, and attended several in person meetings with such professionals in order to address issues related to the Investigation and the work to be performed in connection therewith.

Fees: $45,435.00;    Hours: 46.60

**C.**      **Fee/Employment Applications -- 040**

17.      The Examiner devoted time in this category analyzing and preparing data and security forms and verified statements related to his appointment, analyzing and revising engagement letters and pleadings related to the retention of his financial and legal advisors, and communicating with professionals and the United States Trustee regarding the foregoing matters.

Fees: $6,727.50;      Hours: 6.90

**D.**      **Asset Analysis and Recovery -- 080.**

18.      The Examiner devoted substantial time reviewing and analyzing numerous materials related to the Tribune leveraged buy out transactions, including transactional documents, witness interview and hearing transcripts, reports and briefs prepared and submitted by the parties, communications among the parties, and other sources of information, including documents and memorandums prepared by his legal and financial advisors.    The Examiner also regularly communicated with his legal and financial advisors concerning such matters and additional information and documents to be obtained from the parties to conduct the Investigation and make appropriate findings, analyses and conclusions.  In addition, the Examiner reviewed and revised initial drafts of sections of the Report.

Fees: $66,007.50;      Hours: 67.70

**E.**      **Legal Research re Investigation -- 095.**

19.      The Examiner conducted legal research related to the potential claims and causes of actions related to the Tribune leveraged buy out transactions and associated potential defenses, including fraudulent transfer claims and applicable defenses, application of Bankruptcy Code section 546(e), and related matters.

Fees: $9,945.00;      Hours: 10.20

**F.**      **Questions 2 & 3 -- 096.**

20.      The Examiner analyzed factual and legal issues related to question two (the allegations that WTC violated the automatic stay) and question three (the allegations that WTC violated certain orders of the Court governing confidential documents and breached its fiduciary duties as a member of

the creditors' committee), including the briefs submitted by the parties on such matters. The Examiner also regularly communicated with his legal advisors and reviewed their analyses concerning issues related to question two and question three.

Fees: $7,605.00;      Hours: 7.80

**G.      Witness Interviews / Discovery -- 097.**

21.      The Examiner devoted time in this category planning witness interviews and areas of discovery, analyzing witness interview outlines and documents, establishing witness interview protocols and communicating with his legal advisors concerning matters related to witness interviews and discovery related to the Investigation.

Fees: $15,502.50;      Hours: 15.90

**H.      Non-Working Travel -- 900.**

22.      The Examiner traveled for multiple witness interviews, hearings and other meetings related to the Investigation. To the extent the Examiner did not or was unable to engage in other work during such travel, it has been charged to this category at a reduced hourly rate (50%) as non-working travel.

Fees: $12,723.75;      Hours: 26.10

**IV.**

**ACTUAL AND NECESSARY EXPENSES**

23.      The Examiner is seeking reimbursement of $3,791.40 in costs and expenses he incurred during the Monthly Period.

24.      The following is a description of the Examiner's accounting procedures for the general categories of costs and expense for which he is seeking reimbursement. These costs and expenses are being billed to the Debtors' estates at the same rates that are customarily billed to non-debtor clients. An itemized statement of such costs and expenses are set forth on <u>Exhibit C</u> attached hereto.

**A.      Travel.**

25.      This category includes taxi and/or car service used to/from the airport and meetings, mileage reimbursement, and hotel and airfare (lowest refundable rate) expenses. The Examiner seeks only

reimbursement for actual charges in this category. The total amount of travel expenses incurred by the Examiner during the Monthly Period was $3,791.40.

## V.

## CONCLUSION

26.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the Examiner respectfully submits that his fees are fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, the Examiner also has reviewed the requirements of Rule 2016, Local Rule 2016-2, the Interim Compensation Order, and the Fee Examiner Order, and he believes that this Application complies with such rules and orders.

**WHEREFORE**, the Examiner respectfully requests that, for the period May 1, 2010 through May 31, 2010: the Court (1) approve interim monthly compensation in the amount of $144,932.40 for the Monthly Period, comprised of $141,141.00 for professional services rendered (an amount equal to 80% of $176,426.25, the total amount of fees for services rendered for the Monthly Period) and $3,791.40 for reimbursement of 100% of expenses incurred by the Examiner during the Monthly Period, (2) authorize and direct the Debtors to remit to the Examiner a payment in the amount of $144,932.40, and (3) grant such other and further relief as it deems just and proper.

Dated:  August 9, 2010
        Los Angeles, California

By:  _Kenneth N. Klee_, Examiner
     Kenneth N. Klee, Esq.
     KLEE, TUCHIN, BOGDANOFF & STERN LLP
     1999 Avenue of the Stars, 39th Floor
     Los Angeles, CA 90067
     Telephone:  (310) 407-4000
     Facsimile:  (310) 407-9090

     *The Examiner*

## **VERIFICATION**

STATE OF CALIFORNIA          :

                                                    :

COUNTY OF LOS ANGELES      :

       I, Kenneth N. Klee, Esq., after being duly sworn according to law, deposes and says:

     a)     I am the Court-approved Examiner in the above-captioned cases.

     b)     I am familiar with the work I performed as Examiner during the Monthly Period.

     c)     I have reviewed the foregoing Application.  The facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed the Local Bankruptcy Rules for the District of Delaware and submit that the Application substantially complies with such rules.

                                                    Kenneth N. Klee, Esq.

SWORN AND SUBSCRIBED
before me this _9th_ day of August 2010.

_____
Notary Public
My Commission Expires:

APRYL CAROL BOND
Commission # 1871893
Notary Public - California
Los Angeles County
My Comm. Expires Nov 22, 2013