## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRIBUNE COMPANY, *et al.*, | ) Case No. 08-13141 (KJC) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) |
| | ) |

## EGI-TRB LLC'S CONDITIONAL OBJECTION
## TO CONFIRMATION OF THE DEBTORS' AMENDED
## JOINT PLAN OF REORGANIZATION FOR
## TRIBUNE COMPANY AND ITS SUBSIDIARIES (AS MODIFIED)

EGI-TRB LLC ("EGI-TRB") respectfully submits its Conditional Objection (the "Objection") to confirmation of the Debtors' Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries (As Modified) (the "Plan"), and states:

### INTRODUCTION

On August 3, 2010, Kenneth N. Klee (the "Examiner") filed his Report (the "Report") (Docket Nos. 5247, 5238, 5249, 5250). In his Report, the Examiner opines that:

- EGI-TRB engaged in good faith arms-length bargaining and there is no reasonable basis to subordinate or avoid its rights to recovery under the EGI-TRB Initial Note and/or EGI-TRB Exchangeable Note;

- Under several recovery scenarios, EGI-TRB and/or the Bank of Montreal Trust Company (the "Bank") as trustee for certain securities (the "PHONES Securities") are entitled to recovery on their claims against the Debtors.

(Report, Vol. II at 303-07; Appendix B-30, 32, 34, 36, 38.)

The Examiner made clear, however, that his Report did not attempt to address inter-creditor priority. Because EGI-TRB has clear contractual priority over the PHONES Securities, EGI-TRB files this Conditional Objection to the Debtor's Plan to place the

Court and other parties in interest on notice that if the Plan provides or is amended to provide any recoveries for the holders of the PHONES Securities then EGI-TRB's claims must be paid in full.

## ARGUMENT

The Court may only confirm the Debtor's Plan if it is fair and equitable with respect to EGI-TRB's claims. A plan of reorganization fails to satisfy the "fair and equitable" test with respect to a class of unsecured claims if it does not comply with the absolute priority rule. 11 U.S.C. § 1129 (b)(2)(B)(ii). The absolute priority rule requires that senior creditors be paid in full before a junior creditor may be allocated any payment on account of its junior interest. *See, e.g., Group of Institutional Investors v. Chicago M., St. P. & Pac. R.R.*, 318 U.S. 523, 565 (1943) (absolute priority rule is met if "each security holder in the order of his priority receives from that which is available for the satisfaction of his claim the equitable equivalent of the rights surrendered."); *In re WebSci Techs., Inc.*, 234 Fed. Appx. 26, 30 (3d Cir. 2007) ("...the absolute priority rule [] requires that senior classes receive full compensation for their claims before other classes can participate.").

Applying these principles to EGI-TRB's claims and the PHONES Securities requires that EGI-TRB be paid in full before the PHONES Securities receive any recoveries. Both the EGI-TRB notes and the PHONES Securities are subordinated unsecured claims. The PHONES Securities, however, are subordinated to EGI-TRB's claims. The indenture dated April 1, 1999 which provides for the creation of the PHONES Securities (the "PHONES Indenture") states that the PHONES Securities are "subordinated

to Senior Indebtedness ...." (PHONES Indenture at 61 (Ex. A hereto))[1]. Senior Indebtedness is defined broadly as any obligation of Tribune with four exceptions. Of these four exceptions only the first has direct applicability to the priority between EGI-TRB and the PHONES Securities.[2] This first exception provides that the PHONES Securities are not subordinated to a debt of Tribune where the underlying instrument "expressly provides that [the debt] shall be subordinated to or pari passu with [the PHONES Securities]." (*Id.* at 62.) In short, the PHONES Securities are subordinated to every other debt of Tribune unless the documents governing that other debt expressly state that the debt is subordinated to or equal to the PHONES Securities.

On December 20, 2007, EGI-TRB and Tribune entered into the Subordinated Promissory Note (the "EGI-TRB Note" (Ex. B hereto).) In a Subordination Agreement (the "EGI-TRB Agreement") also dated December 20, 2007, EGI-TRB subordinated its right to payment on the EGI-TRB Note to "all Senior Obligations." (EGI-TRB Agreement at 2 (Ex. C hereto).)[3] The EGI-TRB Agreement defines "Senior Obligations" as "all obligations, indebtedness and other liabilities of [Tribune] other than (i) any such obligations, indebtedness or liabilities that by their express terms rank pari passu or junior to [Tribune's] obligations under the [Note]." (*Id.* at 1.)

---

1 The PHONES Indenture states that it and the PHONES Securities "shall be governed by and construed in accordance with the laws of the State of Illinois . . . ." (PHONES Indenture at 11.)

2 The other three exceptions are: Other debt of Tribune with respect to the PHONES Securities, "trade payables arising in the ordinary course of [Tribune's] business," and any debt Tribune may have to a Tribune subsidiary. (PHONES Indenture at 62.)

3 Both the EGI-TRB Note and the EGI-TRB Agreement state that they are to "be governed by and interpreted in accordance with the laws of the State of Delaware, without giving effect to any laws or principles of conflicts of laws that would cause the laws of any other jurisdiction to apply." (EGI-TRB Note at 3; EGI-TRB Agreement at 4.)

As a general principle, subordination agreements and clauses are to be strictly construed according to their terms. *Guarantee Bank v. Magness Const. Co.*, 462 A.2d 405, 408-09 (Del. 1983) ("In construing the terms of a subordination clause ... Delaware law requires such agreement to be strictly construed where their terms are unambiguous."); *Masten Lumber & Supply Co. v. Suburban Builders, Inc.*, 269 A.2d 252, 254 (Del. Super. Ct. 1970) (subordination agreement "must be strictly construed" because under a "liberal construction ... a judicial decision would almost always be required to establish priority ... as factual situations vary and lending institutions ... would be in an intolerable position."); *PPM Fin., Inc. v. Norandal USA, Inc.*, 297 F. Supp. 2d 1072, 1081 (N.D. Ill. 2004) ("A subordination agreement [] is nothing more than a contractual modification of lien priorities and must be construed according to the expressed intention of the parties and its terms.") (internal quotations omitted); *Bank of Am. v. North LaSalle St. LP (In re 203 N. LaSalle St. P'ship.)*, 246 B.R. 325, 329 (Bankr. N.D. Ill. 2000) ("Illinois law provides that, in the absence of ambiguity, the terms of subordination agreements are to be construed according to their plain language.") The plain language of both the PHONES Indenture and the EGI-TRB Agreement show that EGI-TRB has priority over the PHONES Securities.

As noted above, the PHONES Securities are subordinated to any other Tribune debt as long as that debt does not expressly provide that it is subordinated to the PHONES Securities. Therefore, the PHONES Securities could have priority over two types of debt instruments. First, the PHONES Securities could have priority over any debt instrument that expressly stated that it was subordinated to the PHONES Securities. Second, the

PHONES Securities could have priority over any debt instrument that provided that it was subordinated to every other claim against Tribune without exception. The EGI-TRB Agreement neither expressly provides that EGI-TRB's claims are to be subordinated to the PHONES Securities nor does it state that it is subordinated to every other claim against Tribune. The lack of any such provisions in the EGI-TRB Agreement is evidence that Tribune and EGI-TRB did not intend for EGI-TRB to be subordinated to the PHONES Securities. *See Grove v. Winter*, 197 Ill. App. 3d 406, 409 (Ill. App. Ct. 1990) (absence of provision from contract is evidence of an intent to exclude such provision); *Domeyer v. O'Connell*, 4 N.E. 2d 830, 832 (Ill. 1936) (same); *New Zealand Kiwifruit Marketing Bd. v. City of Wilmington*, 825 F.Supp. 1180, 1195 (D. Del. 1993) (Delaware law does not condone a court implying a term in a contract as the "absence of a [] provision is ... assumed to be clearly intended."); *Conley v. Dan-Webforming Intern. A/S (Ltd.)*, 1992 WL 401628 at *14 (D. Del. Dec. 29, 1992) (refusing to "supply an omission in [a contractual] provision.") (applying Delaware law). Consequently, the EGI-TRB Agreement does not fit into the narrow subordination exception created by the Bank's Indenture and EGI-TRB's claims therefore have priority over the PHONES Securities.

On the other hand, the PHONES Securities comfortably fall within the subordination exception contained in the EGI-TRB Agreement. Unlike the PHONES Indenture, the EGI-TRB Agreement does not require another debt instrument to specifically state that it is subordinated to EGI-TRB's claims. Instead, the EGI-TRB Agreement looks to the overall priority structure of the other debt instrument to determine EGI-TRB's priority. Given that the PHONES Indenture provides priority in limited and

discrete circumstances -- circumstances not met by the terms of the EGI-TRB Agreement -- the PHONES Indenture's "express terms rank" the PHONES Securities below EGI-TRB's claims.  (EGI-TRB Agreement at 1.)

In addition, the PHONES Indenture was drafted in a way that contemplated that the PHONES Securities would be subordinated to Tribune's future debt.  Specifically, the PHONES Indenture states that Senior Indebtedness, which the PHONES Securities are subordinated to, includes all debts of Tribune "incurred, assumed or guaranteed by [Tribune], whether outstanding on the date of [the PHONES Indenture] or hereafter incurred . . . ."  (PHONES Indenture at 62.)  Given the PHONES Indenture's intent to broadly subordinate the PHONES Securities even to debt that had not yet been incurred, it is not surprising that the PHONES Indenture requires another debt instrument to unambiguously subordinate itself to the PHONES Securities.  Given these terms, the PHONES Indenture is subordinated to the EGI-TRB Agreement.

The Debtors, in these bankruptcy cases, also have acknowledged EGI-TRB's priority over the PHONES Securities.  The Debtors have represented in their court filings that "the PHONES [Securities] . . . are contractually subordinated to all other funded indebtedness at Tribune."  (Docket No. 19 at 8).  The priority between EGI-TRB's claims and the PHONES Securities is also clarified by the Debtors as the Debtors explained that "[EGI-TRB's claims] is subordinate to the indebtedness under the Credit Agreement, the Bridge Facility and the Notes" but not to the PHONES Securities.  (*Id*. at 9.)  Likewise, the Examiner's Report notes that the "PHONES [Securities] are contractually subordinated to all funded indebtedness at the Tribune level (in other words, all obligations represented by

-6-

notes or indebtedness for borrowed money) . . . ." (Report, Vol. II at 4). The Debtors and the Examiner, therefore, have represented to the Court what the underlying documents clearly show to be true -- that the PHONES Indenture is subordinated to the EGI-TRB Agreement.

Given EGI-TRB's priority over the PHONES Securities, the Debtor's Plan must provide that EGI-TRB will be paid in full before any distribution is made on account of the PHONES Securities in order to comply with the absolute priority rule and § 1129(b)(2)(B) of the Bankruptcy Code.

**CONCLUSION**

For all of the foregoing reasons, EGI-TRB respectfully requests that if the Plan is amended to provide recoveries for the holders of the PHONES Securities that the Court deny confirmation unless EGI-TRB's notes are also paid in full.

Respectfully submitted

EGI-TRB, LLC

By:    /s/ *David Carickhoff*
       David Carickhoff (DE No. 3715)
       BLANK ROME LLP
       1201 Market Street, Suite 800
       Wilmington, DE 19801
       Telephone: (302) 425-6400
       Facsimile: (302) 425-6464

and

David J. Bradford (admitted *pro hac vice)*
Catherine L. Steege (admitted *pro hac vice)*
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-04844

*Counsel for EGI-TRB, LLC*