IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered<br>Related to Docket Nos. 4358, 4499 and 4867 |

## SECOND SUPPLEMENTAL DECLARATION OF MARK MINUTI

MARK MINUTI hereby declares:

1. I am a partner in the law firm of Saul Ewing LLP ("Saul Ewing"), which maintains offices for the practice of law at 222 Delaware Avenue, Wilmington, Delaware 19801, as well as in Philadelphia, Harrisburg, and Chesterbrook, Pennsylvania; Newark and Princeton, New Jersey; Baltimore, Maryland; and Washington, D.C. This Second Supplemental Declaration is submitted in support of the Application of the Examiner for an Order Authorizing the Retention of Saul Ewing LLP as Delaware Counsel to the Examiner *Nunc Pro Tunc* to April 30, 2010 (the "Application") [Docket No. 4358], which was approved by the Court by order dated May 19, 2010 [Docket No. 4499]. On June 24, 2010, I filed my first Supplemental Declaration in support of the Application [Docket No. 4867].

2. Attached to the Application at Exhibit A was my original declaration in support of the Application (the "Original Declaration"). In my Original Declaration, I disclosed that my firm previously represented The Baltimore Sun Company ("BSC") in matters wholly unrelated to the above-captioned debtors (the "Debtors") bankruptcy cases. *See* Original Declaration, Exhibit 2.

3.  Specifically, members of my firm's litigation department in our Baltimore, Maryland office represented BSC in connection with two matters. First, our firm represented BSC in connection with a small matter involving two deposition subpoenas directed to current and former BSC employees (the "Subpoena Matter"). Second, our firm represented BSC, and one of its drivers, in defense of a tort claim (the "Tort Matter"). BSC was dismissed from the Tort Matter in January of 2010.

4.  I disclosed BSC as a previous representation in my Original Declaration because (a) our firm never filed an affidavit to become an approved ordinary course professional for BSC subsequent to the Debtors' petition date; and (b) I was informed that the work for BSC had been concluded.

5.  With respect to the Subpoena Matter, I have now learned that 5.5 hours of work was performed and billed on the matter in May of 2010, including 0.9 hours subsequent to the filing of my Original Affidavit. Specifically, time was entered for the Subpoena Matter on Friday, May 13th (0.6) and Wednesday, May 19th (0.3) for a total of 0.9 hours. The work undertaken in May of 2010 was largely of an administrative nature (making final changes to the affidavits and circulating the executed affidavits to the parties involved). In addition, the attorney in my firm handling the Subpoena Matter responded to an inquiry from his contact at BSC regarding the matter for total of 0.4 of an hour on June 15, 2010.

6.  I have also learned that, notwithstanding the fact that the Tort Matter was settled as to BSC's driver in April 2010, the attorney in my firm handling the matter billed a total of four-tenths of an hour for time on May 5, 2010 (0.1), May 19, 2010 (0.1) and May 24, 2010 (0.2), ensuring that the stipulation of dismissal for BSC's driver was filed.

7.  Saul Ewing has returned the fees it had received in connection with the time described above and withdrew its unpaid invoices for the work performed.

I hereby declare under the penalty of perjury that the foregoing is true and correct. Executed on August 10, 2010.

_____
Mark Minuti