# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al., | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Objections Due: August 31, 2010 |
| | Hearing Date: *Only if Objections Are Filed* |

## MONTHLY FEE APPLICATION OF McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 1, 2010 THROUGH MARCH 31, 2010

| | |
|---|---|
| **Name of applicant:** | McDermott Will & Emery LLP |
| **Authorized to provide professional services to:** | Tribune Company, et al. |
| **Date of retention:** | March 13, 2009 nunc pro tunc to December 8, 2008 |
| **Period for which compensation and reimbursement is sought:** | March 1, 2010 to March 31, 2010 |
| **Amount of compensation sought as actual, reasonable and necessary:** | $173,048.50 (80% of which is $138,438.80) |
| **Amount of expense reimbursement sought as actual, reasonable and necessary:** | $404.41 |

This is a: _x_ monthly     __ interim     __ final application

NYK 1317405-1.020336.0515

Prior Applications Filed:

| Date Filed | Docket No. | Period Covered | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|---|---|
| 4/15/09[1] | 1029 | 12/8/08 – 2/28/09 | $530,504.50 | $6,808.20 | $416,077.00 | $1,489.70 |
| 7/31/09 | 1876 | 3/1/09 – 3/31/09 | $360,698.00[2] | $2,222.03 | $360,698.00 | $2,222.03 |
| 7/31/09 | 1877 | 4/1/09 – 4/30/09 | $279,111.00 | $1,624.80 | $279,111.00 | $1,624.80 |
| 10/7/09 | 2295 | 5/1/09 – 5/31/09 | $199,656.00 | $699.34[3] | $199,656.00 | $37.10 |
| 11/16/09 | 2571 | 6/1/09 – 6/30/09 | $123,100.00 | $54.47 | $123,100.00 | $54.47 |
| 11/16/09 | 2572 | 7/1/09 – 7/31/09 | $203,660.00 | $1,039.27 | $203,660.00 | $1,039.27 |
| 11/16/09 | 2573 | 8/1/09 – 8/31/09 | $38,725.00 | $218.96 | $38,725.00 | $218.96 |
| 12/11/09 | 2821 | 9/1/09 – 9/30/09 | $65,515.50 | $117.99 | $65,515.50 | $117.99 |
| 4/1/2010 | 3914 | 10/1/09 – 10/31/09 | $162,590.50 | $2,283.89[4] | $162,590.50 | $2,033.89 |
| 4/1/2010 | 3915 | 11/1/09 – 11/30/09 | $128,123.50 | $23.27 | $128,123.50 | $23.27 |
| 5/21/2010 | 4593[5] | 11/1/09 – 11/30/09 | $6,486.00 | $0.70 | $6,486.00 | $0.70 |

---

[1] The Combined Monthly and First Quarterly Application of McDermott Will & Emery ("McDermott"), as Special Counsel to Debtors for Domestic Legal Matters for Allowance of Compensation and Reimbursement of Expenses for the Period December 8, 2008 Through February 28, 2009 (the "Combined Monthly and First Quarterly Application") combined McDermott's monthly fee statements and quarterly fee application for the period of December 8, 2008 through February 28, 2009.

[2] McDermott reduced its compensation sought by $110,867.50 due to an inadvertent overpayment by the above-captioned debtors and debtors in possession (the "Debtors"). Such amount resulted from the United States Trustee's (the "U.S. Trustee") concern regarding McDermott's Combined Monthly and First Quarterly Application. The U.S. Trustee and McDermott (together, the "Parties") resolved the U.S. Trustee's concern by agreeing that McDermott would not seek payment of the disputed fees, in the amount of $110,867.50 (the "Disputed Fees"), at that time. The Parties agreed, however, that McDermott reserved its right to seek payment of the Disputed Fees at a later time.

[3] Though McDermott sought reimbursement of expenses in the amount of $699.34, McDermott credited such request for reimbursement by the amount of $662.24 to reflect charges McDermott did not intend to include in its April fee statement. Accordingly, McDermott only sought expense reimbursement in the amount of $37.10 ($699.34 - $662.24).

[4] Due to an inadvertent expense submission in the Second Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought by $250.00. Thus, McDermott actually sought reimbursement of expenses in the amount of $2,033.89 ($2,283.89 - $250.00).

| 6/30/2010 | 4710 | 12/01/09 – 12/31/09 | $160,024.50 | $61.52[6] | $[____] | $[____] |
| 6/30/2010 | 4711 | 1/1/10 – 1/31/10 | $387,234.50 | $1,160.66 | $[____] | $[____] |
| 6/30/2010 | 4712 | 2/1/10 – 2/28/10 | $272,320.00 | $554.74 | $[____] | $[____] |

## COMPENSATION FOR PROFESSIONALS
## MARCH 1, 2010 THROUGH MARCH 31, 2010

| Name of Professional Person | Position of the Applicant, Area of Expertise, Year of Obtaining License to Practice | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
| --- | --- | --- | --- | --- |
| Blake D. Rubin | Partner, Tax, Member of Pennsylvania Bar since 1980, Member of District of Columbia Bar since 1987 | $915 | 52.00 | $47,580.00 |
| Andrea M. Whiteway | Partner, Tax, Member of Maryland Bar since 1992, Member of District of Columbia Bar since 1993 | $750 | 66.80 | $50,100.00 |
| Jon G. Finkelstein | Partner, Tax, Member of New York Bar since 2001, Member of District of Columbia Bar since 2002 | $580 | 1.50 | $870.00 |
| William W. Merten | Partner, Employee Benefits, Member of Illinois Bar since 1985 | $715 | 26.50 | $18,947.50 |
| Alan D. Nesburg | Partner, Employee Benefits, Member of Illinois Bar since 1972 | $715 | .20 | $143.00 |
| Daniel N. Zucker | Partner, Tax, Member of Illinois Bar since 1984 | $795 | .30 | $238.50 |
| John P. Tamisiea | Partner, Corporate, Member of Illinois Bar since 1990 | $695 | 1.50 | $1,042.50 |
| Brooks B. | Partner, Corporate, Member of | $690 | 4.90 | $3,381.00 |

---

[5] This fee application only includes services rendered by McDermott to Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. for the month of November 2009. A separate fee application has been submitted for fees and expenses rendered by McDermott to the Debtors for the month of November 2009 (D.E. 3915).

[6] Due to an inadvertent expense submission in the Third Quarterly Fee Application Of McDermott, As Special Counsel To Debtors For Domestic Legal Matters, For Allowance Of Compensation And Reimbursement Of Expenses For The Period March 1, 2009 Through May 31, 2009, McDermott reduced the amount of expense reimbursement sought by $58.40. Thus, McDermott actually sought reimbursement of expenses in the amount of $3.12 (61.52 – 58.40).

| | | | | |
|---|---|---|---|---|
| Gruemmer | Illinois Bar since 1990 | | | |
| Susan M. Nash | Partner, Employee Benefits, Member of Illinois Bar since 1991 | $690 | 1.90 | $1,311.00 |
| Derek J. Meyer | Partner, Litigation, Member of Illinois Bar since 1991 | $680 | .30 | $204.00 |
| Amy M. Gordon | Partner, Employee Benefits, Member of New Jersey Bar since 1991, Member of New York Bar since 1993, Member of Illinois Bar since 2001 | $610 | 1.50 | $915.00 |
| Mark A. Bilut | Partner, Employee Benefits, Member of Illinois Bar since 1995 | $595 | 3.70 | $2,201.50 |
| Gary O. Ravert | Partner, Restructuring & Insolvency, Member of New York Bar since 2001 | $585 | 2.30 | $1,345.50 |
| Nava Hazan | Partner, Restructuring & Insolvency, Member of New York Bar since 2000 | $570 | 2.60 | $1,482.00 |
| Michael T. Graham | Partner, Employee Benefits, Member of Illinois Bar since 1995, Member of Indiana Bar since 1995 | $565 | 2.0 | $1,130.00 |
| Raymond M. Fernando | Partner, Employee Benefits, Member of Illinois Bar since 2002 | $570 | 2.0 | $1,140.00 |
| Susan Peters Schaefer | Partner, Employee Benefits, Member of Illinois Bar since 1989 | $715 | 16.60 | $11,869.00 |
| Paul J. Compernolle | Partner, Employee Benefits, Member of Illinois Bar since 1978 | $715 | 14.10 | $10,081.50 |
| Ryan D. Harris | Partner, Corporate, member of Illinois Bar since 2002 | $515 | 6.60 | $3,399.00 |
| Gale E. Chan | Associate, Tax, Member of California Bar since 2007, Member of District of Columbia Bar since 2008 | $320 | 12.20 | $3,904.00 |
| Daniel S. Fuchs | Associate, Tax, Member of Illinois Bar since 2006 | $315 | 9.80 | $3,087.00 |
| Jared D. Zajac | Associate, Restructuring & Insolvency, Member of New York Bar since 2009 | $325 | 18.40 | $5,980.00 |
| Patrick J. McCurry | Associate, Tax, Member of Illinois Bar since 2007 | $305 | .40 | $122.00 |

| Kathleen I. Edwards | Associate, Corporate, Member of Illinois Bar since 2008 | $300 | 1.60 | $480.00 |
|---|---|---|---|---|
| Brian J. Tiemann | Associate, Employee Benefits, Member of Illinois Bar since 2009 | $280 | 1.80 | $504.00 |
| Jeffrey M. Holdvogt | Associate, Employee Benefits, Member of Illinois Bar since 2003 | $420 | .80 | $336.00 |
| Kay Kemp | Professional, Associate Director – Compensation and Benefits Advisory Services | $410 | 2.50 | $1,025.00 |
| Marlyss Bloom | Paralegal, Corporate | $255 | .90 | $229.50 |
| Grand Total: | | | 255.70 | $173,048.50 |
| Blended Rate: | | | $676.76 | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Cubs Restructuring | 4.90 | $3,213.50 |
| Cubs Post Closing Matters | 25.50 | $17,334.00 |
| Welfare Plans | 5.90 | $3,251.00 |
| ESOP | 58.40 | $40,461.00 |
| Newsday | 71.80 | $57,520.50 |
| Newsday/Benefits | 4.0 | $3,264.00 |
| Chapter 11 Restructuring | 75.40 | $44,805.00 |
| BuzzDash | 9.80 | $3,199.50 |
| **TOTAL:** | 255.70 | $173,048.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider | Total Fees |
|---|---|---|
| Express Mail | Federal Express | $183.74 |
| Telecommunications | Conference Plus | $137.19 |
| Business Meal | | $53.73 |
| Messenger/Courier | U.S. Messenger & Logistics, Inc. | $19.87 |
| Photocopies | In-House | $9.00 |
| Postage | | $0.88 |
| **TOTAL** | | $404.41 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>Objections Due: August 31, 2010<br>Hearing Date: *Only if Objections Are Filed* |

**MONTHLY FEE APPLICATION OF
McDERMOTT WILL & EMERY LLP AS SPECIAL COUNSEL TO
DEBTORS FOR DOMESTIC LEGAL MATTERS, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD MARCH 1, 2010 THROUGH MARCH 31, 2010**

McDermott Will & Emery LLP ("McDermott"), as Special Counsel for Domestic Legal Matters to the Tribune Company, et al. (the "Debtors"), hereby submits this Application (the "Application") for approval and allowance of compensation for services rendered in the amount of $173,048.50 (80% of which equals $138,438.80) and reimbursement for expenses incurred in the amount of $404.41 during the period commencing March 1, 2010 through March 31, 2010 (the "Application Period"). This Application is submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Committee Members Pursuant to 11 U.S.C. §§105(a) and 331 (the "Compensation Order"), the Executive Office of United States Trustees' Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated March 22, 1995 (the "Guidelines"), and the Order Appointing Fee Examiner

- 1 -

and Establishing Related Procedures for Compensation and Reimbursement of Expenses for Professionals and Consideration of Fee Applications, dated March 19, 2009 (the "Fee Examiner Order"). In support of this Application, McDermott respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a), 330 and 331 of the Bankruptcy Code, and Bankruptcy Rule 2016.

## BACKGROUND

3. On December 8, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). On December 10, 2008, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

4. On October 12, 2009, Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, Inc. (the "Cubs" and one of the Debtors) filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. On October 14, 2009, the Court entered an order consolidating the Cubs' chapter 11 case with the Debtors' chapter 11 cases for procedural purposes only (the "Cubs Order").

5. The Debtors have continued in possession of their respective properties and have continued in the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. No trustee has been appointed in these chapter 11 cases.

NYK 1317405-1.020336.0515

## McDERMOTT RETENTION

7. Prior to the Petition Date, the Debtors retained McDermott as general legal counsel and agreed to pay on a monthly basis the reasonable value of services rendered based on McDermott's standard billing rates and pursuant to its standard reimbursement policies.

8. On March 13, 2009, the Court authorized the employment and retention of McDermott pursuant to sections 105(a) and 327(a) as special counsel to the Debtors for general domestic legal matters, nunc pro tunc to December 8, 2008. McDermott's retention was extended to include the Cubs pursuant to the Cubs Order.

## COMPENSATION PAID AND ITS SOURCES

9. All services for which compensation is requested by McDermott were performed for or on behalf of the Debtors.

10. In compliance with Rule 2016-2, McDermott confirms that during the Application Period, McDermott received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between McDermott and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

11. As of the Petition Date, McDermott held a retainer from the Debtors in the amount of $67,777.26. The Debtors reduced their first payment to McDermott by the amount of the retainer and McDermott drew down on the retainer in connection with the payment pursuant to the Combined Monthly and First Quarterly Application. Accordingly, McDermott no longer holds any retainer in connection with its retention in these cases.

NYK 1317405-1.020336.0515

## FEE STATEMENTS

12. The time records for the Application Period are attached hereto as Exhibit A. The time records contain daily time logs describing the time spent by each attorney and paraprofessional for the Application Period. Attorneys and paraprofessionals of McDermott have expended a total of 255.70 hours in connection with the matters during the Application Period. The reasonable value of services rendered by McDermott to the Debtors during the Application Period is $173,048.50. Such an amount is a result of McDermott's normal hourly rates for work of this nature. To the best of McDermott's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Compensation Order.

## SUMMARY OF SERVICES

13. The following is a summary of the activities performed by McDermott attorneys and paraprofessionals during the Application Period, organized by project category.

### Matter 0507 – Newsday

14. McDermott completed general post-closing work related to the Newsday transaction, including a review and analysis of the possible modification of the structure of the transaction. McDermott also provided general tax advice regarding the Newsday transaction, including advice on issues in connection with a potential tax audit.

### Matter 0509 – Newsday/Benefits

15. McDermott provided the Debtors with general legal advice regarding their benefit plans.

### Matter 0515 – Chapter 11 Restructuring Tax Planning

16. McDermott provided general tax advice to the Debtors, including a review of the Debtors' financial statements. McDermott also reviewed and analyzed the Debtors' proposed disclosure statement and plan of reorganization. McDermott also assisted the Debtors' other professionals in developing and reviewing various alternative structures for reorganizing the Debtors, including researching and analyzing many novel tax issues arising in connection with the various alternatives. Additionally, McDermott researched and advised the Debtors on tax issues related to the Debtors' ESOP.

### Matter 0515 – Chapter 11 Retention/Fee Application

17. McDermott gathered and prepared various billing information required to file fee statements pursuant to the Compensation Order and the Guidelines. McDermott also drafted and revised fee statements for submission in accordance with the Compensation Order. McDermott also responded to the preliminary report of the fee examiner.

### Matter 0517 - BuzzDash

18. McDermott provided general corporate advice to the Debtors, including reviewing, revising and finalizing certain purchase agreements.

### Matter 0016 – Cubs Restructuring

19. McDermott provided general corporate advice to the Cubs, including reviewing certain benefit plans and analyzing issues in connection thereto.

### Matter 0021 – Cubs Post Closing Matters

20. McDermott completed general post-closing work related to the partnership transaction involving the Chicago Cubs baseball team, including reviewing certain formation

documents and financial statements. McDermott also assisted the Cubs in responding to various notices with regards to the partnership transaction.

### Matter 0041 – Welfare Plans

21. McDermott provided general legal advice regarding programs offered by the Debtors to their employees.

### Matter 0047 – ESOP

22. McDermott provided general legal advice on issues concerning the Debtors' ESOP. McDermott reviewed and analyzed the Debtors' proposed plan of reorganization and disclosure statement regarding the treatment of the Debtors' ESOP. McDermott further researched and analyzed the consequences of various alternative treatments of the Debtors' ESOP under the proposed plan of reorganization and disclosure statement. McDermott also reviewed and analyzed various strategic issues related to ongoing litigation and the Debtors' bankruptcy involving the Debtors' ESOP.

## ACTUAL AND NECESSARY EXPENSES

23. By this Application, McDermott seeks interim allowance for reimbursement of expenses actually and necessarily incurred in connection with the rendition of its services in the amount of $404.41. The requested expenses are customarily charged to non-bankruptcy clients of McDermott. Due to the complexity of the Debtors' corporate and financial structure, the Debtors have faced numerous critical and unique issues. In order for McDermott to analyze and address such issues properly, McDermott attorneys may have incurred expenses during the Application Period, all of which were necessary to further the Debtors' reorganization and in the best interests of the Debtors' estates.

24. With respect to photocopying expenses, McDermott ordinarily charges all of its clients $0.20 per page, but pursuant to Local Rule 2016-2(e), McDermott has charged the Debtors the maximum permitted amount of $0.10 per page. With respect to facsimile expenses, in compliance with the Guidelines, McDermott charges $1.00 per page for facsimile transmissions.

25. In addition, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, certain long distance telephone calls and conference calls may have been required. These charges are intended to cover McDermott's direct operating costs, which costs are not incorporated into the McDermott hourly billing rates. Only clients who actually use services of the types are separately charged for such services.

26. Further, because of the nature of the Debtors' businesses and the location of certain key constituents in these cases, travel may have been required for certain matters. Such travel expenses, such as air fare, meals, and car service, are typically borne by the attorney, then reimbursed by the firm and charged to the appropriate client and matter.

27. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

28. To the extent that time or disbursement charges for services rendered or disbursements incurred related to the Application Period, but were not processed prior to the preparation of this Application, McDermott reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

NYK 1317405-1.020336.0515

- 8 -

## CONCLUSION

29.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by McDermott is fair and reasonable given (a) the complexity of the legal matters, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title. McDermott has reviewed the requirements of Del. Bankr. L.R. 2016-2 and reasonably believes that this Application complies with that rule.

WHEREFORE, McDermott respectfully requests that payment be made to McDermott pursuant to the terms of the Compensation Order for the period of March 1, 2010 through March 31, 2010 in the amount $138,438.80 (80% of $173,048.50) on account of professional services rendered, and $404.41 for the reimbursement of expenses incurred in connection therewith, for a total payment of $138,843.21.

Dated: Washington, District of Columbia
       August 11, 2010

        McDERMOTT WILL & EMERY LLP

/s/ *Blake D. Rubin*
Blake D. Rubin (admitted *pro hac vice*)
600 13th Street, N.W.
Washington, D.C. 20005-3096
Telephone: (202) 756-8424
Facsimile: (202) 756-8087

and

Jared D. Zajac (admitted *pro hac vice*)
340 Madison Avenue
New York, NY. 10173-1922
Telephone: (212) 547-5639
Facsimile: (212) 547-5444

*Special Counsel for Domestic Legal Matters to Tribune Company, et al.*