## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Hearing Date: August 20, 2010 at 10:00 a.m. ET<br>Related to Docket Nos. 4906 and 5065 |

### DEBTORS' OMNIBUS OPPOSITION TO PLEADINGS FILED BY KEVIN MILLEN

The debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this omnibus opposition (the "Opposition") to certain pleadings filed in the Debtors' chapter 11 cases by pro se claimant Kevin Millen, entitled: (i) "Kevin Millen Showing that I am an Administrative Secured Holder Rule 3018 Also, Judicial Canons for Delaware..."

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[Docket No. 4906] ("Millen Pleading One") and "Kevin Millen Response to Debtor's Ludicrous and Venal Way of Trying to Destroy Mr. Kevin "Successful" Millen Life, I Object to the Tribune Company Administrative & Whole Plan…" [Docket No. 5065] ("Millen Pleading Two," and, together with Millen Pleading One, the "Millen Pleadings"). In support of this Opposition, the Debtors respectfully state as follows:

1. The Debtors ask the Court to deny the relief sought by Mr. Millen in the Millen Pleadings on the grounds that Mr. Millen does not appear to seek any relief that may be granted by this Court and has not demonstrated any basis on which he may be entitled to whatever relief he may be seeking. While the Debtors are mindful and respectful of Mr. Millen's pro se status, the Millen Pleadings on their face do not permit either the Debtors or the Court to understand precisely what relief Mr. Millen may be seeking. The nature of the Millen Pleadings, in turn, frustrates the Debtors' ability to articulate a cogent response for the Court. The Debtors have attempted in good faith to comprehend the relief sought in the Millen Pleadings and discussions between counsel to the Debtors and Mr. Millen have shed no light on the matter. Accordingly, the Debtors have no other options but to submit this Opposition to the Millen Pleadings and request that the Court deny whatever relief may be sought in the Millen Pleadings.

2. It may be that the Millen Pleadings each represent a belated effort by Mr. Millen to collaterally attack this Court's order dated June 14, 2010, which disallowed and expunged each of the four proofs of claim filed by Kevin Millen against the Debtors' estates. See Order Sustaining Debtors' Twenty-Eighth Omnibus Objection (Substantive) to Claims [Docket No. 4775] (the "June 14 Order"). However, even assuming for the sake of argument that Mr. Millen is now opposing the June 14 Order, it nonetheless remains that the Millen Claims are facially without merit. Among many legal and factual bases supporting disallowance of the

Millen Claims was that such claims were asserted on account of an alleged defamatory article that was published more than ten (10) years prior to when Mr. Millen's Complaint was filed against the Hartford Courant Company and were thus time-barred under the applicable statute of limitation by more than eight (8) years. See Debtors' Twenty-Eighth Omnibus Objection (Substantive) to Claims [Docket No. 4442] (the "Claim Objection").[2] Mr. Millen did not file a response to the Claim Objection and has not sought this Court's reconsideration of the June 14 Order. The time for filing an appeal of the June 14 Order has expired and it is now a final order of this Court.

        3.     Moreover, aside from the fact that the titles of the Millen Pleadings contain references to "Rule 3018" and an "Object[ion]" to the Debtors' plan, respectively, as far as the Debtors are able to discern, Millen Pleading One appears to be unrelated to a request for relief under Federal Rule of Bankruptcy Procedure 3018 and Millen Pleading Two likewise appears to be unrelated to any objection to the Debtors' proposed plan of reorganization. These facts, plus the nature of the Millen Pleadings themselves, make it impossible for the Debtors to offer a meaningful objection to, or even to understand, whatever it is Mr. Millen may be seeking. It is apparent, however, that the assertions in the Millen Pleadings are without merit on their face, irrelevant to any matter before the Court, and are in any event substantively and procedurally foreclosed by the Court's June 14 Order. Accordingly, the Debtors request that the Court deny both of the Millen Pleadings.

---

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Claim Objection.

46429/0001-6936062v1

## CONCLUSION

4. For all the reasons stated above, the Debtors respectfully request that the Court deny the Millen Pleadings and grant the Debtors such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
August 12, 2010

Respectfully submitted,

SIDLEY AUSTIN LLP
James F. Conlan
Bryan Krakauer
Kenneth P. Kansa
Jillian K. Ludwig
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: _____
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

46429/0001-6936062v1