UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

## AFFIDAVIT OF SOLICITATION MAILING

STATE OF NEW YORK   )
                                        )   ss.:
COUNTY OF NEW YORK  )

James F. Daloia, being duly sworn, deposes and says, under the penalty of perjury:

1. I am a Consultant at Epiq Bankruptcy Solutions, LLC, ("Epiq"), located at 757 Third Avenue, New York, New York 10017. I am authorized to submit this affidavit on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

behalf of Epiq. Unless otherwise stated, I have personal knowledge of the facts hereinafter set forth.

2. I supervised service of the following materials:

a. a bound book containing (i) the Disclosure Statement for Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, dated June 4, 2010 (the combined exhibits to which were provided on a separate CD (the "Exhibit CD"); and (ii) the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries, dated June 4, 2010 (the "Disclosure Statement Book") [Docket No. 4690];

b. Notice of (I) Hearing to Consider Confirmation of Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries and (II) Voting and Objection Deadlines Relating to the Plan, dated June 16, 2010 (the "Confirmation Hearing Notice"), a copy of which is attached hereto as Exhibit 1;

c. Order (I) Approving Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries; (III) Establishing Deadline for Return of Media Ownership Certifications; (IV) Scheduling Confirmation Hearing; (V) Establishing Notice and Objection Procedures in Respect of Confirmation of Amended Joint Plan of Reorganization; and (VI) Granting Related Relief, dated June 7, 2010, (the "Disclosure Statement Order"), a copy of which is attached hereto as Exhibit 2;

d. a letter from the Official Committee of Unsecured Creditors of Tribune Company, et al; dated June 1, 2010 (the "Committee Letter"), a copy of which is attached hereto as Exhibit 3;

e. a Compendium of Submissions by Certain Creditors or Creditor Representatives Respecting the LBO-Related Causes of Action and the Global Settlement (the "Compendium"), a copy of which is attached hereto as Exhibit 4;

f. Notice of Non-Voting Status for Impaired Classes Deemed to Reject the Plan, dated June 16, 2010 (the "Non-Voting Impaired Notice"), a copy of which is attached hereto as Exhibit 5;

g. Notice of Non-Voting Status with Respect to Unclassified Claims and Unimpaired Classes Deemed to Accept the Plan, dated June 16, 2010 (the "Non- Voting Unimpaired Notice"), a copy of which is attached hereto as Exhibit 6;

    h.    Notice to Holders of Certain Customer Program Claims Concerning Voting and Treatment of Such Claims Under Amended Joint Plan of Reorganization, dated June 16, 2010 (the "Credit Refund Notice"), a copy of which is attached hereto as Exhibit 7;

    i.    Ballot for Holders of Class 1D Bridge Loan Claims (the "Class 1D Ballot"), a sample of which is attached hereto as Exhibit 8;

    j.    Ballot for Holders of Class 1F Other Parent Claims (the "Class 1F Ballot"), a sample of which is attached hereto as Exhibit 9;

    k.    Ballot for Holders of Class C Senior Loan Claims and Senior Loan Guaranty Claims (the "Class C Ballot"), a sample of which is attached hereto as Exhibit 10;

    l.    Ballot for Holders of Class 2E through 111E General Unsecured Claims Against Filed Subsidiary Debtors (the "Class 2E Through 111E Ballot"), a sample of which is attached hereto as Exhibit 11;

    m.    the appropriate form of the Ballot for Beneficial Owners of Class 1E Senior Noteholder Claims (the "Beneficial Owner Ballot"), samples of which are attached hereto as Exhibit 12;

    n.    the appropriate form of Master Ballot for intermediary record holders ("Nominees") of Beneficial Owners of Class 1E Senior Noteholder Claims (the "Master Ballot"), samples of which is attached hereto as Exhibit 13; and

    o.    a pre-addressed, postage-paid return envelope ("Return Envelope"), a sample of which is not attached hereto.

3.    Unless otherwise noted, on June 15, 2010, I caused true and correct copies of the above documents to be served by first class mail as follows:

    a.    the Disclosure Statement Book, the Exhibit CD, the Confirmation Hearing Notice, the Committee Letter, the Compendium, the Disclosure Statement Order, the Class 1D Ballot, and a Return Envelope were served on the Class 1D parties listed on Exhibit 14 attached hereto;

    b.    the Disclosure Statement Book, the Exhibit CD, the Confirmation Hearing Notice, the Committee Letter, the Compendium, the Disclosure Statement Order, the Class 1F Ballot, and a Return Envelope were served on the Class 1F parties listed on Exhibit 15 attached hereto;

c. the Disclosure Statement Book, the Exhibit CD, the Confirmation Hearing Notice, the Committee Letter, the Compendium, the Disclosure Statement Order, the Class C Ballot, and a Return Envelope were served on the Class C parties listed on Exhibit 16 attached hereto;

d. the Disclosure Statement Book, the Exhibit CD, the Confirmation Hearing Notice, the Committee Letter, the Compendium, the Disclosure Statement Order, the Class 2E through 111E Ballot, and a Return Envelope were served on the Class 2E Through 111E parties listed on Exhibit 17 attached hereto;

e. the Disclosure Statement Book, the Exhibit CD, the Confirmation Hearing Notice, the Committee Letter, the Compendium, the Disclosure Statement Order, the appropriate form of Beneficial Owner Ballot, and a Return Envelope were served  were served via hand delivery or next-business-day service on the Nominees listed on Exhibit 18 attached hereto. The Nominees were provided with instructions and sufficient quantities to distribute the aforementioned materials to the Class 1E beneficial owners;

f. the Disclosure Statement Book, the Exhibit CD, the Confirmation Hearing Notice, the Committee Letter, the Compendium, the Disclosure Statement Order, the appropriate form of Beneficial Owner Ballot, and a Return Envelope were served on the Class 1E registered holders listed on Exhibit 19 attached hereto;

g. the Confirmation Hearing Notice, the Disclosure Statement Order and the Non-Voting Unimpaired Notice were served on the parties listed on Exhibit 20 attached hereto;

h. the Confirmation Hearing Notice, the Disclosure Statement Order and the Non-Voting Impaired Notice were served on the parties listed on Exhibit 21, and by Hand Delivery or next-business-day service on the Nominees listed on Exhibit 22 attached hereto. The Nominees were provided with instructions and sufficient quantities to distribute the aforementioned materials to the impaired beneficial owners;

i. the Disclosure Statement Book, the Exhibit CD, the Disclosure Statement Order, and the Confirmation Hearing Notice were served on the 2002 parties listed on Exhibit 23 attached hereto;

j. the Confirmation Hearing Notice was served on the parties listed on Exhibit 24 and Exhibit 25 attached hereto;

k. the Credit Refund Notice was served on the parties listed on Exhibit 26 and, on June 16, 2010, to the parties listed on Exhibit 27 attached hereto;

    l.    in accordance with customary practice for securities, the Master Ballots were served separately and after the initial solicitation mailing. On June 22, 2010, the Master Ballots were served via next-business-day on the Nominees listed on <u>Exhibit 28</u> attached hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
James F. Daloia

SUBSCRIBED AND SWORN TO BEFORE ME
this /S/ day of July, 2010.

_____
Notary Public

```
CHRISTINE AZZARO
Notary Public - State of New York
No. 02AZ6095795
Qualified in Suffolk County
My Comm. Expires Jul. 21, 2011
```