**Exhibit 1**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## NOTICE OF (I) HEARING TO CONSIDER CONFIRMATION OF AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES AND (II) VOTING AND OBJECTION DEADLINES RELATING TO THE PLAN

PLEASE TAKE NOTICE THAT on June 4, 2010, the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors"), filed the Amended Joint Plan of Reorganization for Tribune Company and Its Subsidiaries (as may be amended or supplemented from time to time, the "Plan") and the Disclosure Statement related to the Plan (as may be amended from time to time, the "Disclosure Statement"). Capitalized terms not defined in this Notice have the meanings given to them in the Plan.

PLEASE TAKE FURTHER NOTICE THAT:

1.      A hearing (the "Confirmation Hearing") will be held beginning on **August 16, 2010 at 10:00 a.m. Eastern Time** before the Honorable Kevin J. Carey, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC (KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

Courtroom No. 5, Wilmington, Delaware 19801, to consider confirmation of the Plan.  The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

2.      On June 7, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.  This notice was approved by the Court pursuant to the Solicitation Order in order to provide interested parties, such as Holders of Claims against and Interests in the Debtors, with information concerning the process by which the Debtors will seek the necessary approvals of the Plan.

## Voting on the Plan

3.      If you hold a Claim against one of the Debtors as of May 17, 2010 (the "Record Date") and that Claim is in a Class under the Plan in which Holders are entitled to vote to accept or reject the Plan (and you are otherwise entitled to receive a Ballot on account of such Claim pursuant to the voting procedures established by the Bankruptcy Court in the Solicitation Order), you have received a Ballot and voting instructions appropriate for your Claim with this Confirmation Hearing Notice.  Although you should carefully read the Disclosure Statement and Plan and all noted documents, a summary of the treatment of Claims and Interests under the Plan is located on pages 7 – 16 of the Disclosure Statement.

4.      If you are entitled to vote to accept or reject the Plan based on your Claim, for your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot, and return the completed Ballot to the address indicated on the Ballot so as to be received by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") **no later than 4:00 p.m. Eastern Time on July 30, 2010, unless such time is extended** (the "Voting Deadline").  Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

5.      If you have not received a form of Ballot and are entitled to vote on the Plan, you may request a form of Ballot and voting instructions appropriate for your Claim from the Voting Agent by e-mail at tabulation@epiqsystems.com and submit your Ballot as set forth above by the Voting Deadline.  All submitted Ballots will be tabulated according to the rules set forth in the Solicitation Order.

6.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 27, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief.  If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline, and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules (or, in the event you did not receive a Ballot, you shall not have a Ballot counted at all).  **July 14, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.

## Objections to Confirmation of the Plan

7.      Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan; and (d) be filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor,

Wilmington, Delaware 19801 together with proof of service, and served so as to be **RECEIVED on or before 4:00 p.m. Eastern Time on July 30, 2010** by the following: (i) Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, Facsimile (312) 853-7036, Attn: Jessica C.K. Boelter, (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Facsimile (302) 652-3177, Attn: Norman L. Pernick, (iii) The Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Facsimile (302) 573-6497, Attn: Joseph McMahon, (iv) Chadbourne & Parke, LLP, 30 Rockefeller Plaza, New York, NY 10112, Facsimile (212) 408-5100, Attn: Douglas E. Deutsch; and (v) Landis, Rath & Cobb, LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Facsimile (302) 467-4400, Attn: Adam G. Landis.  Objections not timely filed and served in the manner set forth in the Solicitation Order shall not be considered and shall be deemed overruled.

### Media Ownership Certifications

8.      If you believe that you are or may be eligible to receive five percent (5%) or more of the New Common Stock in Reorganized Tribune under the Plan for any reason (including, without limitation, as a result of the distribution of New Warrants or the distribution of New Class B Common Stock in lieu of New Class A Common Stock, as contemplated in section 5.4.2 of the Plan), you are required pursuant to the Solicitation Order to contact the Debtors and to complete, execute and submit to the Debtors a Media Ownership Certification on or prior to **July 1, 2010 (the "Certification Deadline")**.  In the event you do not submit a completed and executed Media Ownership Certification to the Debtors by July 1, 2010, you may, in the event you would ultimately be entitled under the Plan to receive more than 5% of the New Class A Common Stock in Reorganized Tribune but for your failure to submit an executed Media Ownership Certification by the Certification Deadline, receive New Class B Common Stock in lieu of New Class A Common Stock to the extent deemed appropriate by Reorganized Tribune to ensure compliance with the Communications Act or the rules of the Federal Communications Commission (the "FCC") and/or to avoid a substantial delay in obtaining approvals from the FCC.  Please review the Disclosure Statement for additional information regarding the Media Ownership Certifications and the Debtors' applications to the FCC.

### Additional Information About the Plan

9.      The Disclosure Statement, the Plan, and the Solicitation Order are on file with the Clerk of the Bankruptcy Court, Third Floor, 824 Market Street, Wilmington, Delaware 19801 and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours.  In addition, any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order, or other information about the solicitation procedures may request such information by contacting the Voting Agent (i) by first-class mail addressed to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, PO Box 5014, New York, NY 10150-5014; (ii) by personal delivery or overnight courier to: Tribune Company Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, Third Floor, New York, NY 10017; or (iii) by telephoning the Voting Agent at (646) 282-2400.  Copies of the Disclosure Statement, the Plan, and the Solicitation Order are also available on the Internet free of charge at http://chapter11.epiqsystems.com/tribune.

10.      The Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliates of Tribune Company that have executed guarantees of certain indebtedness of Tribune Company but have not yet commenced chapter 11 cases (the "Guarantor Non-Debtors"), including (i) Tribune National Marketing Company, (ii) Tribune ND, Inc., (iii) Tribune Interactive, Inc., and (iv) Tribune (FN) Cable Ventures, Inc.  In the event any of such affiliates commences a chapter 11 case, additional notice and information will be provided to any parties holding claims against the relevant Guarantor Non-Debtor.

11.     The Plan contemplates that the Debtors may enter into various Restructuring Transactions in connection with their emergence from their chapter 11 cases.  As part of these Restructuring Transactions, some or all of the executory contracts and leases to which certain Debtors are a party will be assumed by, assigned to and/or vest in other affiliated Reorganized Debtors.  These affiliated Reorganized Debtors shall become party to the applicable executory contract or lease, and the terms of such executory contract or lease shall remain in full force and effect (unless otherwise rejected pursuant to the terms of the Plan).  Details concerning the Restructuring Transactions will be filed by the Debtors with the Bankruptcy Court as part of the Plan Supplement.

**12.     The Plan contains various injunctions and releases, including certain releases that will be granted by Holders of Claims and Interests unless such Holders vote to reject the Plan and opt out of such releases.  The release and injunction provisions are set forth in Article XI of the Plan, and you are encouraged to read those provisions carefully in connection with any vote you may cast to accept or reject the Plan.**

Dated:  June 16, 2010

| | |
|---|---|
| SIDLEY AUSTIN LLP | COLE SCHOTZ MEISEL FORMAN |
| James F. Conlan | & LEONARD, P.A. |
| Bryan Krakauer | Norman L. Pernick (No. 2290) |
| Janet E. Henderson | J. Kate Stickles (No. 2917) |
| Kenneth P. Kansa | Patrick J. Reilley (No. 4451) |
| D'Lisia E. Bergeron | 500 Delaware Avenue, Suite 1410 |
| One South Dearborn Street | Wilmington, DE  19801 |
| Chicago, Illinois 60603 | Telephone:  (302) 652-3131 |
| Telephone:  (312) 853-0199 | Facsimile:  (302) 652-3117 |
| Facsimile:   (312) 853-7036 | |

Counsel for Debtors and Debtors In Possession