**Exhibit 10**

Case 08-13141-BLS   Doc 5372-10   Filed 08/12/10   Page 2 of 8

Tribune Company, et al.
Class 1C Senior Loan Claims and Classes 50C - 111C Senior Loan Guaranty Claims Ballot

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDERS OF CLASS C CLAIMS (SENIOR LOAN CLAIMS AND SENIOR LOAN GUARANTY CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF <u>REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES</u>**

THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS C SENIOR LOAN CLAIMS AND SENIOR LOAN GUARANTY CLAIMS. PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") BY **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "<u>VOTING DEADLINE</u>")**. DO NOT MAIL BALLOTS DIRECTLY TO THE DEBTORS. PLEASE RETURN YOUR BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**A**

Tribune Company, et al.
Class 1C Senior Loan Claims and Classes 50C - 111C Senior Loan Guaranty Claims Ballot

Please use this ballot (the "Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2] The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement"). Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM. If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote. In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Solicitation Order contains important information regarding the balloting process. Please read the Solicitation Order and the instructions sent with this Ballot prior to submitting this Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Class C Senior Loan Claims and Senior Loan Guaranty Claims under the Plan are Claims arising under:

(i) that certain Credit Agreement, dated as of May 17, 2007, among Tribune Company ("Tribune"), certain lenders party thereto, JPMorgan Chase Bank, N.A., as administrative agent, Merrill Lynch Capital Corporation, as syndication agent, and Citicorp North America, Inc. and Bank of America, N.A., as co-documentation agents (as amended, restated, supplemented or otherwise modified from time to time), together with those certain increase joinders, dated as of December 20, 2007, among Tribune, certain lenders party thereto and JPMorgan Chase Bank, N.A., as administrative agent (as amended, restated, supplemented or otherwise modified from time to time, the "Senior Loan Agreement");

(ii) that certain Pledge Agreement, dated as of June 4, 2007, between Tribune and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time);

(iii) that certain Guarantee Agreement, dated as of June 4, 2007, among Tribune, each of the subsidiaries of Tribune listed on Annex I thereto, and JPMorgan Chase Bank, N.A. (as amended, restated, supplemented or otherwise modified from time to time); and

(iv) in the case of claims asserted by Barclays Bank PLC, that certain 1992 ISDA Master Agreement, dated as of July 2, 2007, between Barclays Bank PLC and Tribune.

If you hold Claims against any of the Debtors other than Senior Loan Claims and Senior Loan Guaranty Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

---

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**A**

Tribune Company, et al.
Class 1C Senior Loan Claims and Classes 50C - 111C Senior Loan Guaranty Claims Ballot

You may not split your vote on the Plan. You must vote all Senior Loan Claims and Senior Loan Guaranty Claims of which you are a Holder either to accept or reject the Plan. Holders of Senior Loan Claims and Senior Loan Guaranty Claims will vote such Claims together under the Plan, with such votes to be counted as a vote to accept or reject the Plan in (i) Class 1C (against Tribune) and (ii) each of Classes 50C through 111C (against the Filed Subsidiary Debtors). In addition, the Plan also constitutes a Prepackaged Plan of Reorganization (the "Prepackaged Plan") for any affiliate of Tribune Company that has guaranteed the obligations of Tribune Company under the Senior Loan Agreement and has not yet commenced a chapter 11 case, but does so after the date of this Ballot (a "Guarantor Non-Debtor"). Your vote to accept or reject the Plan as reflected on this Ballot will also be counted as a vote to accept or reject the Prepackaged Plan of any Guarantor Non-Debtor.

If the Plan (including any Prepackaged Plan) is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

ITEM 1.   AMOUNT OF CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Holder of a Senior Loan Claim/Senior Loan Guaranty Claim against Tribune Company and the Guarantor Debtors in the aggregate unpaid amount set forth below.

$ _____

**The preprinted amount of your Claim as set forth above controls for voting purposes.**

ITEM 2.   VOTE.[3]  The Holder of the Senior Loan Claim/Senior Loan Guaranty Claim set forth above hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan          ☐  to REJECT the Plan

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

A vote to accept the Plan is also (i) an acceptance of the compromise and settlement set forth in the Plan, including, without limitation, section 11.2.5 of the Plan, by and among the Guarantor Non-Debtors, on the one hand, and the holders of Senior Loan Guaranty Claims, on the other hand (the "Guarantor Non-Debtor Compromise and Release") and (ii) a grant of authority to the Loan Agents (as such term is defined in the Plan) to enter into any and all agreements and take any and all actions that such Loan Agents deem necessary or appropriate to effectuate the Guarantor Non-Debtor Compromise and Release and all other terms of the Plan. The Disclosure Statement and the Plan should be referenced for a complete description of all releases set forth therein.

Whether or not you vote to accept the Plan, if the Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, the Guarantor Non-Debtor Compromise and Release will be binding on you.

**A**

3

Case 08-13141-BLS   Doc 5372-10   Filed 08/12/10   Page 5 of 8

Tribune Company, et al.
Class 1C Senior Loan Claims and Classes 50C - 111C Senior Loan Guaranty Claims Ballot

ITEM 3.   RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐   The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

ITEM 4.   CERTIFICATION.  By signing this Ballot, the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim identified in Item 1 certifies that it:

   a. is the Holder of the Senior Loan Claim/Senior Loan Guaranty Claim to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan;

   b. has been provided with a copy of the Plan, Disclosure Statement and Solicitation Order and acknowledges that the vote set forth on this Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement and Solicitation Order; and

   c. has not submitted any other Ballots that are inconsistent with the vote set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name: _____
(Print or Type)

Signature: _____

By: _____
(If Appropriate)
Title: _____
(If Appropriate)

Street Address: _____

_____

City, State, Zip Code: _____

Telephone Number: _____

Email: _____

Date Completed: _____

**A**

4

Tribune Company, et al.
Class 1C Senior Loan Claims and Classes 50C - 111C Senior Loan Guaranty Claims Ballot

This Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE 4:00 P.M. EASTERN TIME ON THE VOTING DEADLINE (JULY 30, 2010), OR YOUR VOTE WILL NOT BE COUNTED. BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**A**

Tribune Company, et al.
Class 1C Senior Loan Claims and Classes 50C - 111C Senior Loan Guaranty Claims Ballot

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.
2. Please read and follow these instructions carefully. Your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent (whose address is listed below) no later than 4:00 p.m. Eastern Time on **July 30, 2010**, unless such time is extended (the "<u>Voting Deadline</u>"), or your Ballot will not be counted.
3. In order for your vote to count, you must:

    a) Verify the amount listed in Item 1;

    b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d) Review and complete the certifications in Item 4;

    e) Sign the Ballot — **Your original signature is required on the Ballot in order for your vote to count**;

    f) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and, if subsequently requested, provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no mailing label is attached to the Ballot; and

    g) Return the completed Ballot to the Voting Agent in the postage prepaid, pre-addressed envelope enclosed with this Ballot or by personal delivery or overnight courier to the address provided below.

4. If you believe you received the wrong form of Ballot, or if you need additional Ballots, please contact the Voting Agent immediately.
5. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before **June 27, 2010**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification in which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. If you file a 3018 Motion by the deadline above, your Ballot will be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules set forth in the Solicitation Order. **July 14, 2010** has been established as the date for a hearing to consider any and all 3018 Motions.
6. Any Ballot that is illegible or that contains insufficient information to permit the identification of the Holder will not be counted.
7. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.
8. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.
9. If you hold Claims in more than one Voting Class under the Plan, you may receive more than one Ballot for each different Voting Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**A**

Tribune Company, et al.
Class 1C Senior Loan Claims and Classes 50C - 111C Senior Loan Guaranty Claims Ballot

PLEASE MAIL YOUR BALLOT PROMPTLY.  BALLOTS SUBMITTED BY FACSIMILE OR OTHER ELECTRONIC SUBMISSION WILL NOT BE COUNTED.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.

**YOU MAY USE THE PRE-PAID RETURN ENVELOPE PROVIDED WITH THE BALLOT, OR YOU MAY RETURN YOUR BALLOT BY PERSONAL DELIVERY, OVERNIGHT COURIER, OR FIRST CLASS MAIL TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:**

**If By Mail:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5014
New York, NY 10150-5014

**If By Personal Delivery or Overnight Courier:**

Tribune Company Ballot Processing Center
c/o Epiq Bankruptcy Solutions
757 Third Avenue, Third Floor
New York, NY 10017

**A**