**Exhibit 12**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**C-1**

NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM.  If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**C-1**

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan.  You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3]  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐    to ACCEPT the Plan            ☐    to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐        The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**C-1**

6.25% Notes
CUSIP 89605HBY9

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots ("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior Noteholder Claims to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

**C-1**

6.25% Notes
CUSIP 89605HBY9

ITEM 5.    **CERTIFICATION.**  By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.   is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.   has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.   is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
          (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

**C-1**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**C-1**

6.25% Notes
CUSIP 89605HBY9

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is actually received by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "Voting Deadline").

3. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

   e) Review the certifications in Item 5;

   f) Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

   g) If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

   h) Return the completed Beneficial Ballot to the Voting Nominee and NOT to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

6. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification,

**C-1**

the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.  Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9.  After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**C-1**

6.25% Notes
CUSIP 89605HBY9

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

7.25% Notes
CUSIP 887364AA5

<u>NOMINEE</u>"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY</u> <u>RECEIVED</u> BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "<u>Beneficial Ballot</u>") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended and supplemented from time to time, the "<u>Plan</u>"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>").[2]  The Plan is <u>Exhibit A</u> to the Disclosure Statement (as may be amended or supplemented from time to time, the "<u>Disclosure Statement</u>").  Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM.  If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "<u>Solicitation Order</u>") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "<u>Examiner</u>") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**C-2**

7.25% Notes
CUSIP 887364AA5

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan.  You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3]  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐   to ACCEPT the Plan          ☐   to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐      The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**C-2**

7.25% Notes
CUSIP 887364AA5

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN
ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial
Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder
Claims <u>or</u> (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots
("<u>Additional Ballots</u>") for Senior Noteholder Claims have been submitted as follows (please
use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior
Noteholder Claims to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a
Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in
respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

**C-2**

7.25% Notes
CUSIP 887364AA5

ITEM 5.    **CERTIFICATION.**  By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.    is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.    has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.    has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.    is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
           (Print or Type)

Signature:_____

By:_____
           (If Appropriate)

Title:_____
           (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

**C-2**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

> **THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**C-2**

7.25% Notes
CUSIP 887364AA5

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is actually received by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "Voting Deadline").

3. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5. In order for your vote to count, you must:

   a)   Verify the amount listed in Item 1;

   b)   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c)   If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d)   Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

   e)   Review the certifications in Item 5;

   f)   Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

   g)   If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

   h)   Return the completed Beneficial Ballot to the Voting Nominee and **NOT** to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

6. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification,

## C-2

the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.  Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9.  After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**C-2**

7.25% Notes
CUSIP 887364AA5

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**C-3**

7.5% Notes
CUSIP 887364AB3

BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM.  If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**C-3**

7.5% Notes
CUSIP 887364AB3

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan. You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3] The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐    to ACCEPT the Plan            ☐    to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan. **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**C-3**

7.5% Notes
CUSIP 887364AB3

Tribune Company, et al.
Class 1E Beneficial Owner Ballot

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN
ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial
Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder
Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots
("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please
use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior
Noteholder Claims to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a
Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in
respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

**C-3**

7.5% Notes
CUSIP 887364AB3

ITEM 5.    **CERTIFICATION.**  By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.    is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.    has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.    has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.    is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____

       (Print or Type)

Signature:_____

By:_____

       (If Appropriate)

Title:_____

       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

**C-3**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**C-3**

7.5% Notes
CUSIP 887364AB3

### VOTING INSTRUCTIONS

1. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is actually received by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "Voting Deadline").

3. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5. In order for your vote to count, you must:

    a)    Verify the amount listed in Item 1;

    b)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)    If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)    Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

    e)    Review the certifications in Item 5;

    f)    Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

    g)    If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

    h)    Return the completed Beneficial Ballot to the Voting Nominee and NOT to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

6. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent

**C-3**

that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.  Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9.  After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**C-3**

7.5% Notes
CUSIP 887364AB3

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**C-4**

NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM.  If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**C-4**

6.61% Notes
CUSIP 887364AF4

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan.  You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.   AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.   VOTE.[3]  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐   to ACCEPT the Plan          ☐   to REJECT the Plan

ITEM 3.   RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐   The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

_____

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**C-4**

6.61% Notes
CUSIP 887364AF4

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN
            ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial
Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder
Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots
("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please
use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior
Noteholder Claims to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a
Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in
respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

**C-4**

6.61% Notes
CUSIP 887364AF4

ITEM 5.     **CERTIFICATION.**  By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

a.   is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

b.   has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

c.   has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

d.   is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
        (Print or Type)

Signature:_____

By:_____
        (If Appropriate)

Title:_____
        (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

**C-4**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**C-4**

6.61% Notes
CUSIP 887364AF4

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully.  For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

3.  If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot.  You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4.  You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan.  Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5.  In order for your vote to count, you must:

    a)    Verify the amount listed in Item 1;

    b)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)    If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan.  Election to grant such releases is at your option.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**  If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)    Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

    e)    Review the certifications in Item 5;

    f)    Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

    g)    If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

    h)    Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own.  Please do not return any debt instruments with your Beneficial Ballot.

6.  If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification,

**C-4**

the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8. Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9. After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**C-4**

6.61% Notes
CUSIP 887364AF4

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM.  If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**C-5**

7.25% Notes
CUSIP 887360AT2

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan.  You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3]  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐    to ACCEPT the Plan            ☐    to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**C-5**

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN
ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial
Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder
Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots
("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please
use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior
Noteholder Claims to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a
Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in
respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

**C-5**

ITEM 5.    **CERTIFICATION.**  By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.    is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.    has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.    has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.    is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
          (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

**C-5**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**C-5**

7.25% Notes
CUSIP 887360AT2

### VOTING INSTRUCTIONS

1. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

3. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

   e) Review the certifications in Item 5;

   f) Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

   g) If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

   h) Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

6. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification,

the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.  Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9.  After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**C-5**

7.25% Notes
CUSIP 887360AT2

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED.  THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**C-6**

BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2] The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM.  If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**C-6**

4.875% Notes
CUSIP 896047AE7

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan. You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.   AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM. The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.   VOTE.[3] The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐   to ACCEPT the Plan            ☐   to REJECT the Plan

ITEM 3.   RELEASES (OPTIONAL). **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.** If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan. If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. Election to grant the releases is at your option. If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan. If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan. **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐   The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**C-6**

4.875% Notes
CUSIP 896047AE7

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots ("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior Noteholder Claims to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

**C-6**

4.875% Notes
CUSIP 896047AE7

ITEM 5.    **CERTIFICATION.**  By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.   is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.   has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.   is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
           (Print or Type)

Signature:_____

By:_____
       (If Appropriate)

Title:_____
       (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

**C-6**

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**C-6**

4.875% Notes
CUSIP 896047AE7

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully.  For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

3. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot.  You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan.  Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5. In order for your vote to count, you must:

   a)    Verify the amount listed in Item 1;

   b)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c)    If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan.  Election to grant such releases is at your option.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**  If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d)    Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

   e)    Review the certifications in Item 5;

   f)    Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

   g)    If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

   h)    Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own.  Please do not return any debt instruments with your Beneficial Ballot.

6. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent

**C-6**

that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8. Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9. After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**C-6**

4.875% Notes
CUSIP 896047AE7

Case 08-13141-BLS    Doc 5372-12    Filed 08/12/10    Page 50 of 65

Tribune Company, et al.
Class 1E Beneficial Owner Ballot

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM.  If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent. You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
| --- | --- |
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**C-7**

5.25% Notes
CUSIP 896047AF4

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan.  You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3]  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐    to ACCEPT the Plan            ☐    to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**C-7**

5.25% Notes
CUSIP 896047AF4

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN
ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial
Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder
Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots
("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please
use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior
Noteholder Claims to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a
Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in
respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

**C-7**

5.25% Notes
CUSIP 896047AF4

ITEM 5.    CERTIFICATION.  By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.   is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.   has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.   is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
(Print or Type)

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

**C-7**

5.25% Notes
CUSIP 896047AF4

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> ON OR BEFORE THE VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**C-7**

5.25% Notes
CUSIP 896047AF4

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2.  Please read and follow these instructions carefully.  For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is <u>actually received</u> by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "<u>Voting Deadline</u>").

3.  If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot.  You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4.  You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan.  Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5.  In order for your vote to count, you must:

    a)    Verify the amount listed in Item 1;

    b)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    c)    If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan.  Election to grant such releases is at your option.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**  If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

    d)    Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

    e)    Review the certifications in Item 5;

    f)    Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

    g)    If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

    h)    Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own.  Please do not return any debt instruments with your Beneficial Ballot.

6.  If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent

**C-7**

that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.  Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9.  After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**C-7**

5.25% Notes
CUSIP 896047AF4

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## BALLOT FOR BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES

THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS 1E CLAIMS (SENIOR NOTEHOLDER CLAIMS) AGAINST TRIBUNE COMPANY.  PLEASE COMPLETE, SIGN AND DATE THE BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE AS DIRECTED. THE DEADLINE BY WHICH THE MASTER BALLOT CAST ON YOUR BEHALF MUST BE ACTUALLY RECEIVED BY EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT"), IS **4:00 P.M. EASTERN TIME ON JULY 30, 2010 (THE "VOTING DEADLINE")**.  IF YOU HAVE RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BROKER, BANK, COMMERCIAL

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

BANK, TRUST COMPANY, DEALER, OR OTHER AGENT OR NOMINEE (THE "VOTING NOMINEE"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED BEFORE THE VOTING DEADLINE.

Please use this beneficial ballot (the "Beneficial Ballot") to cast your vote to accept or reject the Amended Joint Plan of Reorganization of Tribune Company and Its Subsidiaries, dated June 4, 2010 (as may be amended and supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").[2]  The Plan is Exhibit A to the Disclosure Statement (as may be amended or supplemented from time to time, the "Disclosure Statement").  Hard copies of the Plan and Disclosure Statement (without exhibits) accompany this Ballot; however, exhibits to the Disclosure Statement are provided on CD-ROM.  If you would like to receive hard copies of the exhibits to the Disclosure Statement, you may obtain copies without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.

You should review the Disclosure Statement and the Plan before you vote.  In addition, on June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order") that established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  The Solicitation Order contains important information regarding the balloting process.  Please read the Solicitation Order and the instructions sent with this Beneficial Ballot completely prior to submitting this Beneficial Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available to you without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune, or you may obtain a copy by contacting the Voting Agent.  You are encouraged to review the Examiner's report in connection with preparing and submitting your Ballot.

Your Claim has been placed in Class 1E under the Plan because you have been identified as a Holder of a Senior Noteholder Claim against Tribune Company.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or the Solicitation Order, as applicable.

**C-8**

5.67% Notes
CUSIP 89604KAN8

If you hold Claims against any of the Debtors other than Senior Noteholder Claims, and those Claims are in Classes entitled to vote on the Plan, you will receive a separate Ballot for voting such other Claim(s).

You may not split your vote on the Plan.  You must vote all Senior Noteholder Claims of which you are a Holder either to accept or reject the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.

ITEM 1.    AGGREGATE PRINCIPAL AMOUNT OF SENIOR NOTEHOLDER CLAIM.  The undersigned certifies that as of May 17, 2010 (the "Record Date"), the undersigned was the Beneficial Owner of a Senior Noteholder Claim in the following aggregate unpaid principal amount (for purposes of this Beneficial Ballot, you should not adjust the principal amount for any accrued or unmatured interest).

$ _____

ITEM 2.    VOTE.[3]  The Beneficial Owner of the aggregate principal amount of the Senior Noteholder Claim identified in Item 1 hereby votes with respect to such Claim as follows (check one box only):

☐  to ACCEPT the Plan            ☐  to REJECT the Plan

ITEM 3.    RELEASES (OPTIONAL).  **YOU MAY COMPLETE THIS ITEM ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**  If you return a Ballot and vote to accept the Plan, you are automatically deemed to have accepted the releases contained in Section 11.2.2 of the Plan.  If you vote to reject the Plan, you may elect to grant the releases contained in Section 11.2.2 of the Plan by checking the box below.  If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan.  Election to grant the releases is at your option.  If you vote to reject the Plan and submit your Ballot with this box checked, you will have consented to the releases set forth in Section 11.2.2 of the Plan.  If you vote to reject the Plan and submit your Ballot without this box checked (or do not return your Ballot), you are electing not to grant the releases contained in Section 11.2.2 of the Plan.  **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.**

☐    The undersigned elects to grant the releases contained in Section 11.2.2 of the Plan.

---

[3] Section 11.2.2 of the Plan provides that each Person that votes to accept the Plan or that checks the box in Item 3 of this Ballot shall be deemed to have unconditionally released each and all of the Released Parties (as such term is defined in the Plan) of and from any and all claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action and liabilities of any nature whatsoever (including, without limitation, the LBO-Related Causes of Action (as such term is defined in the Plan) and those arising under the Bankruptcy Code, including any avoidance claim), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, existing or hereafter arising, in law, equity, or otherwise, that are or may be based in whole or in part upon any act, omission, transaction, event or other occurrence taking place or existing on or before the Effective Date that are in connection with the Debtors or any of them, or their respective assets, property and Estates, the Chapter 11 Cases or the Plan, Disclosure Statement or the Restructuring Transactions (as such term is defined in the Plan).

**C-8**

5.67% Notes
CUSIP 89604KAN8

ITEM 4.    CERTIFICATION REGARDING SENIOR NOTEHOLDER CLAIMS HELD IN
ADDITIONAL ACCOUNTS.

By signing this Beneficial Ballot, the undersigned certifies that either (a) this Beneficial
Ballot is the only Beneficial Ballot submitted by the undersigned for Senior Noteholder
Claims or (b) in addition to this Beneficial Ballot, one or more Beneficial Ballots
("Additional Ballots") for Senior Noteholder Claims have been submitted as follows (please
use additional sheets of paper if necessary).

**COMPLETE THIS SECTION ONLY IF YOU HAVE VOTED OTHER
CLASS 1E SENIOR NOTEHOLDER CLAIMS BENEFICIAL BALLOTS**

| Account Number of Other Senior Noteholder Claims | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims | CUSIP Number of Other Senior Noteholder Claims | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

To be counted, a Beneficial Owner's Beneficial Ballot must vote all of its Class 1E Senior
Noteholder Claims to either accept or reject the Plan.  No split votes will be permitted.  Accordingly, if a
Beneficial Owner casts conflicting votes on this Beneficial Ballot and any other Beneficial Ballots in
respect of Class 1E Senior Noteholder Claims, those votes will not be counted.

**C-8**

5.67% Notes
CUSIP 89604KAN8

ITEM 5.    **CERTIFICATION.**  By returning this Beneficial Ballot, the voter certifies and/or acknowledges that it:

    a.   is the Holder of the Senior Noteholder Claim to which this Beneficial Ballot pertains or is an authorized signatory and has full power and authority to accept or reject the Plan;

    b.   has been provided with a copy of the Plan, Disclosure Statement, and Solicitation Order and that the vote set forth on this Beneficial Ballot is subject to all of the terms and conditions set forth in the Plan, Disclosure Statement, and Solicitation Order;

    c.   has not submitted any other Beneficial Ballots relating to the Claims voted herein that are inconsistent with the votes as set forth in this Beneficial Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Beneficial Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein; and

    d.   is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable).

Name: _____
             (Print or Type)

Signature:_____

By:_____
      (If Appropriate)

Title:_____
      (If Appropriate)

Street Address:_____

_____

City, State, Zip Code:_____

Telephone Number:_____

Email: _____

Date Completed:_____

**C-8**

5.67% Notes
CUSIP 89604KAN8

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Beneficial Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, any debt instruments.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.  Moreover, this Beneficial Ballot shall not constitute or be deemed to be (a) a proof of claim or equity interest or an assertion of a claim or equity interest or (b) an admission by the Debtors of the nature, validity or amount of any Claim.

---

**THE VOTING DEADLINE IS 4:00 P.M. EASTERN TIME ON JULY 30, 2010, UNLESS SUCH TIME IS EXTENDED.  PLEASE RETURN YOUR BENEFICIAL BALLOT TO YOUR VOTING NOMINEE IN SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO PROCESS YOUR BALLOT AND SUBMIT A MASTER BALLOT TO THE VOTING AGENT SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE THE VOTING DEADLINE.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BENEFICIAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT AT (646) 282-2400.**

**C-8**

5.67% Notes
CUSIP 89604KAN8

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Beneficial Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to them in the Plan or Solicitation Order, as applicable.

2. Please read and follow these instructions carefully. For your Beneficial Ballot to be counted, it must be sent to your Voting Nominee so that it is received by the Voting Nominee to allow sufficient time for your Voting Nominee to complete the Master Ballot and forward the Master Ballot so that it is actually received by the Voting Agent no later than 4:00 p.m. prevailing Eastern Time on **July 30, 2010**, unless such time is extended by the Debtors (the "Voting Deadline").

3. If you hold Senior Noteholder Claims through more than one Voting Nominee, you may receive more than one Beneficial Ballot. You should execute a separate Beneficial Ballot for each block of Senior Noteholder Claims that you hold through any Voting Nominee and return the Beneficial Ballot to the respective Voting Nominee that holds the Senior Noteholder Claims in street name.

4. You must vote all of your Senior Noteholder Claims in the same manner, either to accept or reject the Plan. Accordingly, if you return more than one Beneficial Ballot to more than one Voting Nominee voting different Senior Noteholder Claims and the Beneficial Ballots are not voted in the same manner, as reflected by the separate Master Ballots, such votes will not be counted.

5. In order for your vote to count, you must:

   a) Verify the amount listed in Item 1;

   b) Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

   c) If desired, check the box in Item 3 only if you voted to reject the Plan and elect to grant the releases contained in Section 11.2.2 of the Plan. Election to grant such releases is at your option. If you do not return your Ballot, you will be deemed not to have granted the releases set forth in Section 11.2.2 of the Plan. **If you do not grant the releases contained in Section 11.2.2 of the Plan, you shall not receive the benefit of the releases set forth in Section 11.2.2 of the Plan.** If you submit your Ballot with the box in Item 3 checked (or if you vote to accept the Plan), you will have consented to the releases set forth in Section 11.2.2 of the Plan to the fullest extent permitted by applicable law;

   d) Only complete Item 4 if you are the Beneficial Owner of Senior Noteholder Claims in other accounts or other record names and only if you have voted Ballots other than this Beneficial Ballot;

   e) Review the certifications in Item 5;

   f) Sign the Beneficial Ballot — **Your original signature is required on the Beneficial Ballot in order for your vote to count;**

   g) If you are completing the Beneficial Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if subsequently requested, provide proof of your authorization to so sign; and

   h) Return the completed Beneficial Ballot to the Voting Nominee and <u>NOT</u> to the Debtors, the Voting Agent or the Indenture Trustee for the Senior Notes that you own. Please do not return any debt instruments with your Beneficial Ballot.

6. If you believe you received the wrong form of Ballot, or if you need additional Beneficial Ballots, please immediately contact your Voting Nominee or the Voting Agent.

7. To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees. To the extent

**C-8**

that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

8.  Any Beneficial Ballot that is illegible or that contains insufficient information to permit the identification of the Beneficial Owner will not be counted.

9.  After the Voting Deadline, no Beneficial Ballot may be withdrawn or modified without the prior consent of the Debtors unless by order of the Bankruptcy Court.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot and/or Beneficial Ballot you receive.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT OR THE VOTING PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-2400.**

**C-8**

5.67% Notes
CUSIP 89604KAN8