**Exhibit 13**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "VOTING DEADLINE"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**MB-C-1**

6.25% Notes
CUSIP 89605HBY9

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement"), and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please review carefully the Plan and the Disclosure Statement, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Disclosure Statement, the Plan, and their exhibits without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtained by contacting the Voting Agent. Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-1**

6.25% Notes
CUSIP 89605HBY9

Tribune Company, et al.
Class 1E Master Ballot

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐   is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.**  The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

**MB-C-1**

6.25% Notes
CUSIP 89605HBY9

Tribune Company, et al.
Class 1E Master Ballot

| | | | |
|---|---|---|---|
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Other Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**MB-C-1**

6.25% Notes
CUSIP 89605HBY9

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated June 7, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

**MB-C-1**

6.25% Notes
CUSIP 89605HBY9

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time. To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan, Disclosure Statement, Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Plan in Item 2;

    iii.    Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-1**

6.25% Notes
CUSIP 89605HBY9

viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders of Senior Notes should not surrender their Senior Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**MB-C-1**

6.25% Notes
CUSIP 89605HBY9

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.   IF THIS MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "VOTING DEADLINE"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**MB-C-2**

7.25% Notes
CUSIP 887364AA5

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement"), and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please review carefully the Plan and the Disclosure Statement, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Disclosure Statement, the Plan, and their exhibits without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtained by contacting the Voting Agent. Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-2**

7.25% Notes
CUSIP 887364AA5

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐   is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____  have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.**  The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

**MB-C-2**

7.25% Notes
CUSIP 887364AA5

Tribune Company, <u>et al.</u><br>Class 1E Master Ballot

| | | | |
|---|---|---|---|
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

<b>Information transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial<br>Ballots cast in respect of Senior Noteholder Claims</b>

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Other Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**MB-C-2**

7.25% Notes<br>CUSIP 887364AA5

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated June 7, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

**MB-C-2**

7.25% Notes
CUSIP 887364AA5

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan, Disclosure Statement, Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

  i.    Check the appropriate box in Item 1 on the Master Ballot;

  ii.   Indicate the total votes to accept or reject the Plan in Item 2;

  iii.  Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

  iv.   Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

  v.    Review the certification in Item 5 of the Master Ballot;

  vi.   Ensure that each Beneficial Ballot is signed and each certification is complete;

  vii.  Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-2**

viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders of Senior Notes should not surrender their Senior Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**MB-C-2**

7.25% Notes
CUSIP 887364AA5

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

### MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF <u>REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES</u>

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "<u>VOTING DEADLINE</u>"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "<u>Voting Nominee</u>") for Beneficial Owners of Senior

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

## MB-C-3

7.5% Notes
CUSIP 887364AB3

Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots.  For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement"), and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  Please review carefully the Plan and the Disclosure Statement, among other materials, that accompany this Master Ballot.  Beneficial Owners may obtain copies of the Disclosure Statement, the Plan, and their exhibits without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.  The Solicitation Order also contains important information regarding the balloting process.  Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtained by contacting the Voting Agent.  Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-3**

7.5% Notes
CUSIP 887364AB3

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐    is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐    is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐    has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.**  The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |

_____

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

**MB-C-3**

7.5% Notes
CUSIP 887364AB3

Tribune Company, et al.
Class 1E Master Ballot

| 3. | $ | $ | ☐ |
|---|---|---|---|
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

## Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

### Information transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Other Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**MB-C-3**

7.5% Notes
CUSIP 887364AB3

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated June 7, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

**MB-C-3**

7.5% Notes
CUSIP 887364AB3

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan, Disclosure Statement, Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

i.    Check the appropriate box in Item 1 on the Master Ballot;

ii.    Indicate the total votes to accept or reject the Plan in Item 2;

iii.    Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

iv.    Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

v.    Review the certification in Item 5 of the Master Ballot;

vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-3**

7.5% Notes
CUSIP 887364AB3

ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders of Senior Notes should not surrender their Senior Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**MB-C-3**

7.5% Notes
CUSIP 887364AB3

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR
NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF
REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO
EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING
ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY
SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.   IF THIS
MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY
30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "VOTING
DEADLINE"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE
COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE
MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**MB-C-4**

6.61% Notes
CUSIP 887364AF4

Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots.  For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement"), and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  Please review carefully the Plan and the Disclosure Statement, among other materials, that accompany this Master Ballot.  Beneficial Owners may obtain copies of the Disclosure Statement, the Plan, and their exhibits without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.  The Solicitation Order also contains important information regarding the balloting process.  Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtained by contacting the Voting Agent.  Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-4**

6.61% Notes
CUSIP 887364AF4

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐   is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

**MB-C-4**

6.61% Notes
CUSIP 887364AF4

| | | | |
|---|---|---|---|
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial
Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Other Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**MB-C-4**

6.61% Notes
CUSIP 887364AF4

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated June 7, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

**MB-C-4**

6.61% Notes
CUSIP 887364AF4

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

     The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

     If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan, Disclosure Statement, Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

     With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Plan in Item 2;

    iii.    Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

    viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-4**

ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders of Senior Notes should not surrender their Senior Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**MB-C-4**

6.61% Notes
CUSIP 887364AF4

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR
NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF
REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO
EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "VOTING AGENT") AT THE FOLLOWING
ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY
SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS
MASTER BALLOT HAS NOT BEEN ACTUALLY RECEIVED BY THE VOTING AGENT BY JULY
30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "VOTING
DEADLINE"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE
COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE
MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**MB-C-5**

7.25% Notes
CUSIP 887360AT2

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots.  For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement"), and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  Please review carefully the Plan and the Disclosure Statement, among other materials, that accompany this Master Ballot.  Beneficial Owners may obtain copies of the Disclosure Statement, the Plan, and their exhibits without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent.  The Solicitation Order also contains important information regarding the balloting process.  Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company.  The Examiner will file a report concerning that investigation no later than July 12, 2010.  When filed, that report will be available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtained by contacting the Voting Agent.  Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

# MB-C-5

7.25% Notes
CUSIP 887360AT2

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐   is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐   is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐   has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.**  The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

**MB-C-5**

7.25% Notes
CUSIP 887360AT2

Tribune Company, et al.
Class 1E Master Ballot

| | | | |
|---|---|---|---|
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial
Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Other Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**MB-C-5**

7.25% Notes
CUSIP 887360AT2

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated June 7, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

**MB-C-5**

7.25% Notes
CUSIP 887360AT2

### VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan, Disclosure Statement, Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Plan in Item 2;

    iii.    Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.    Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

    vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-5**

viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders of Senior Notes should not surrender their Senior Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**MB-C-5**

7.25% Notes
CUSIP 887360AT2

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, <u>et al.</u>,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR
NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF
<u>REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES</u>**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO
EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING
ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY
SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS
MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY
30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "<u>VOTING
DEADLINE</u>"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE
COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE
MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268).  The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**MB-C-6**

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement"), and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please review carefully the Plan and the Disclosure Statement, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Disclosure Statement, the Plan, and their exhibits without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtained by contacting the Voting Agent. Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-6**

4.875% Notes
CUSIP 896047AE7

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐  is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐  is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐  has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.**  The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

**MB-C-6**

4.875% Notes
CUSIP 896047AE7

Tribune Company, et al.
Class 1E Master Ballot

| | | | |
|---|---|---|---|
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Other Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**MB-C-6**

4.875% Notes
CUSIP 896047AE7

4

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated June 7, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

# MB-C-6

4.875% Notes
CUSIP 896047AE7

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan, Disclosure Statement, Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

  i.    Check the appropriate box in Item 1 on the Master Ballot;

  ii.   Indicate the total votes to accept or reject the Plan in Item 2;

  iii.  Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

  iv.   Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

  v.    Review the certification in Item 5 of the Master Ballot;

  vi.   Ensure that each Beneficial Ballot is signed and each certification is complete;

  vii.  Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-6**

4.875% Notes
CUSIP 896047AE7

     viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

     ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders of Senior Notes should not surrender their Senior Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**MB-C-6**

4.875% Notes
CUSIP 896047AE7

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

**MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF <u>REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES</u>**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "<u>VOTING DEADLINE</u>"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**MB-C-7**

5.25% Notes
CUSIP 896047AF4

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement"), and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please review carefully the Plan and the Disclosure Statement, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Disclosure Statement, the Plan, and their exhibits without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtained by contacting the Voting Agent. Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

# MB-C-7

5.25% Notes
CUSIP 896047AF4

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.**  The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐    is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐    is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐    has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.**  The undersigned certifies that:

**Acceptances.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.**  _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.**  The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

**MB-C-7**

5.25% Notes
CUSIP 896047AF4

Tribune Company, et al.
Class 1E Master Ballot

| | | | |
|---|---|---|---|
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Other Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**MB-C-7**

5.25% Notes
CUSIP 896047AF4

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated June 7, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email
_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

**MB-C-7**

5.25% Notes
CUSIP 896047AF4

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan, Disclosure Statement, Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

     i.    Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Plan in Item 2;

   iii.    Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

   iv.    Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

    v.    Review the certification in Item 5 of the Master Ballot;

   vi.    Ensure that each Beneficial Ballot is signed and each certification is complete;

   vii.    Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

## MB-C-7

    viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

    ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

<u>PLEASE NOTE:</u>

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders of Senior Notes should not surrender their Senior Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**MB-C-7**

5.25% Notes
CUSIP 896047AF4

Tribune Company, et al.
Class 1E Master Ballot

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## MASTER BALLOT FOR VOTING NOMINEES OF HOLDERS OF CLASS 1E SENIOR NOTEHOLDER CLAIMS TO ACCEPT OR REJECT AMENDED JOINT PLAN OF <u>REORGANIZATION FOR TRIBUNE COMPANY AND ITS SUBSIDIARIES</u>

### PLEASE READ AND FOLLOW THE INSTRUCTIONS CAREFULLY.

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT TO EPIQ BANKRUPTCY SOLUTIONS, LLC (THE "<u>VOTING AGENT</u>") AT THE FOLLOWING ADDRESS: TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017. IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED (THE "<u>VOTING DEADLINE</u>"), THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED. THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

**MB-C-8**

5.67% Notes
CUSIP 89604KAN8

This Master Ballot[2] is to be used by you, as a broker, bank, commercial bank, trust company, dealer, or other agent or nominee (each of the foregoing, a "Voting Nominee") for Beneficial Owners of Senior Noteholder Claims against Tribune Company, to transmit the votes of such creditors in respect of their Senior Noteholder Claims to accept or reject the Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries, dated June 4, 2010 (as may be amended or supplemented from time to time, the "Plan"), which is proposed by the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors").

You or the Beneficial Owners for whom you are the Voting Nominee may wish to seek legal advice concerning the Plan and the classification and treatment of the Senior Noteholder Claims under the Plan.

Senior Noteholder Claims against Tribune Company are all Claims based on the following series of Senior Notes issued by Tribune Company:

| Series of Notes | CUSIP # |
|---|---|
| 6.25% Notes due November 10, 2026 | (CUSIP # 89605HBY9) |
| 7.25% Notes due March 1, 2013 | (CUSIP # 887364AA5) |
| 7.5% Notes due July 1, 2023 | (CUSIP # 887364AB3) |
| 6.61% Notes due September 15, 2027 | (CUSIP # 887364AF4) |
| 7.25% Notes due November 15, 2096 | (CUSIP # 887360AT2) |
| 4.875% Notes due August 15, 2010 | (CUSIP # 896047AE7) |
| 5.25% Notes due August 15, 2015 | (CUSIP # 896047AF4) |
| 5.67% Notes due December 8, 2008 | (CUSIP #89604KAN8) |

Votes to accept or reject the Plan from Beneficial Owners of Senior Noteholder Claims will be returned to you on Beneficial Ballots. For each completed, executed Beneficial Ballot returned to you by a Beneficial Owner, you must retain a copy of such Beneficial Ballot in your files for at least one (1) year from the Voting Deadline.

On June 7, 2010, the United States Bankruptcy Court for the District of Delaware signed an order (the "Solicitation Order"), which approved the Disclosure Statement with respect to the Plan (as may be amended or supplemented from time to time, the "Disclosure Statement"), and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please review carefully the Plan and the Disclosure Statement, among other materials, that accompany this Master Ballot. Beneficial Owners may obtain copies of the Disclosure Statement, the Plan, and their exhibits without charge by visiting http://chapter11.epiqsystems.com/tribune or by contacting the Voting Agent. The Solicitation Order also contains important information regarding the balloting process. Please also read the Solicitation Order and the instructions sent with this Master Ballot completely prior to submitting this Master Ballot.

On April 20, 2010, the Bankruptcy Court entered an order appointing an examiner (the "Examiner") to investigate certain matters, including certain potential claims and causes of action held by the Debtors' estates in connection with the 2007 leveraged buyout of Tribune Company. The Examiner will file a report concerning that investigation no later than July 12, 2010. When filed, that report will be available without cost on the Debtors' reorganization website at http://chapter11.epiqsystems.com/tribune or may be obtained by contacting the Voting Agent. Beneficial Owners are encouraged to review the Examiner's report in connection with preparing and submitting their Ballots.

---

[2] All capitalized terms used in this Master Ballot or the attached instructions but not otherwise defined herein or therein shall have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-8**

5.67% Notes
CUSIP 89604KAN8

**Item 1 - CERTIFICATION OF AUTHORITY TO VOTE.** The undersigned certifies that as of May 17, 2010, (the "Record Date"), the undersigned (please check applicable box):

☐ is a broker, bank, or other agent or nominee for the Beneficial Owners of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below that are the registered holders of such Senior Notes; or

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other agent or nominee that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 below; or

☐ has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Senior Notes listed in Items 2 and 3 and, accordingly, has full power and authority to (1) vote to accept or reject the Plan and (2) grant the releases contained in Section 11.2.2 of the Plan, each on behalf of the Beneficial Owners of the Senior Notes described in Items 2 and 3 below.

**Item 2 - TABULATION OF BENEFICIAL OWNER VOTING.** The undersigned certifies that:

**Acceptances.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **ACCEPT** the Plan; and

**Rejections.** _____ Beneficial Owners of Senior Notes in the aggregate unpaid principal amount of $_____ have delivered duly completed Beneficial Ballots to the undersigned (or such information was derived from Beneficial Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to **REJECT** the Plan.

**Item 3 – TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS.** The undersigned transmits the following votes of Beneficial Owners of Senior Notes and certifies that the following are Beneficial Owners, as of the Record Date, and have delivered to the undersigned, as Voting Nominee, Beneficial Ballots casting such votes (indicate in each column the aggregate principal amount voted for each account):

| Your Customer Name or Account Number for Each Beneficial Owner and Name of Each Beneficial Owner Voting on the Plan | Principal Amount of Senior Notes Voted to ACCEPT the Plan[*] | Principal Amount of Senior Notes Voted to REJECT the Plan[*] | Check if the Beneficial Owner voted to reject the Plan and checked the Box in Item 3 of the individual Beneficial Ballot, electing to grant the releases contained in section 11.2.2 of the Plan |
|---|---|---|---|
| 1. | $ | $ | ☐ |
| 2. | $ | $ | ☐ |

---

[*] Please note that each Beneficial Owner must vote all of his, her, or its Claims either to accept or to reject the Plan and may not split such vote.

**MB-C-8**

5.67% Notes
CUSIP 89604KAN8

| | | | |
|---|---|---|---|
| 3. | $ | $ | ☐ |
| 4. | $ | $ | ☐ |
| 5. | $ | $ | ☐ |
| 6. | $ | $ | ☐ |
| 7. | $ | $ | ☐ |
| TOTALS | $ | $ | |

If the space provided is insufficient, attach additional sheets in same format.

**Item 4 – ADDITIONAL INFORMATION SUBMITTED BY BENEFICIAL OWNERS**

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 4 of each Beneficial Ballot received from a Beneficial Owner of the Senior Notes.  Please use additional sheets of paper if necessary.

**Information transcribed from Item 4 of the Beneficial Ballots regarding other Beneficial Ballots cast in respect of Senior Noteholder Claims**

| Your Customer Name or Account Number for Each Beneficial Owner who completed Item 4 of the Beneficial Ballot | Account Number of Other Senior Notes | Name of Registered Holder or Voting Nominee of Other Senior Noteholder Claims Voted | CUSIP Number of Other Senior Noteholder Claims Voted | Principal Amount of Other Senior Noteholder Claims Voted in Additional Ballot(s) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

If space provided is insufficient, attach additional sheets in the same format.

**MB-C-8**

5.67% Notes
CUSIP 89604KAN8

**Item 5 - CERTIFICATION**.  By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Owner of Senior Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Order and a Beneficial Ballot for voting its Claim; (b) it is the registered holder of the Senior Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Owner listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Order, dated June 7, 2010.

_____
Name of Voting Nominee

_____
Participant Number

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Street Address

_____
City, State and Zip Code

_____
Telephone Number

_____
Email

_____
Date Completed

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.  IF THIS MASTER BALLOT HAS NOT BEEN <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY JULY 30, 2010 AT 4:00 P.M. EASTERN TIME, UNLESS SUCH TIME IS EXTENDED, THE VOTES AND RELEASE ELECTIONS OF YOUR CUSTOMERS WILL NOT BE COUNTED.  THEREFORE, YOU MUST ALLOW SUFFICIENT TIME TO BE SURE THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS OR RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

**MB-C-8**

5.67% Notes
CUSIP 89604KAN8

## VOTING INSTRUCTIONS

**VOTING DEADLINE:**

The Voting Deadline is **July 30, 2010** at 4:00 p.m. Eastern Time.  To have the vote of your customers count, you must complete, sign, and return the Master Ballot so that it is received by the Voting Agent at the address set forth in the Master Ballot on or before the Voting Deadline.[1]

**HOW TO VOTE:**

If you are transmitting the votes of any Beneficial Owners of Senior Notes other than yourself, you must (i) deliver a Beneficial Ballot to such Beneficial Owner(s), along with the Plan, Disclosure Statement, Solicitation Order, Confirmation Notice, and other materials requested to be forwarded; and (ii) (a) take the necessary actions to enable such Beneficial Owners to complete and execute such Beneficial Ballot voting to accept or reject the Plan, and (b) return the completed, executed Beneficial Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline.

With respect to all of the Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

    i.     Check the appropriate box in Item 1 on the Master Ballot;

    ii.    Indicate the total votes to accept or reject the Plan in Item 2;

    iii.   Transcribe the votes from the Beneficial Ballots in Item 3 and indicate whether each Beneficial Owner voted to accept or reject the Plan and, in the case of any Beneficial Owners that voted to reject the Plan, whether each such Beneficial Owner elected to grant the releases contained in section 11.2.2 of the Plan;

IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES.  EACH BENEFICIAL OWNER MUST VOTE ALL OF HIS, HER, OR ITS SENIOR NOTEHOLDER CLAIMS EITHER TO ACCEPT OR REJECT THE PLAN.  IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT EACH BENEFICIAL OWNER TO CORRECT ITS BALLOT OR THE VOTING AGENT IMMEDIATELY.

    iv.   Transcribe from Item 4 of each Beneficial Ballot the information provided by the Beneficial Owners into Item 4;

    v.    Review the certification in Item 5 of the Master Ballot;

    vi.   Ensure that each Beneficial Ballot is signed and each certification is complete;

    vii.  Independently verify and confirm the accuracy of the information provided with respect to each Beneficial Owner of Senior Notes;

---

[1] All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein or herein have the meanings ascribed to such terms in the Plan or Solicitation Order, as applicable.

**MB-C-8**

5.67% Notes<br>CUSIP 89604KAN8

viii.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

ix.    Sign, date, and return the original Master Ballot.

You must deliver the completed, executed Master Ballot so that it is actually received by the Voting Agent on or before the Voting Deadline.  You must retain a copy of each completed, executed Beneficial Ballot returned to you by a Beneficial Owner in your files for at least one year from the Voting Deadline.

Votes cast by Beneficial Owners through a Voting Nominee will be compared to the holdings of the Senior Notes of such Beneficial Owners as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the Senior Notes held by such Voting Nominee.

For the purpose of tabulating votes, each Beneficial Owner shall be deemed to have voted the principal amount of its Senior Notes.  To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the Voting Nominees.  To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the Senior Notes.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

PLEASE NOTE:

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders of Senior Notes should not surrender their Senior Notes at this time.  The Voting Agent will not accept delivery of any such instruments surrendered together with a Master Ballot or Beneficial Ballot.

No Beneficial Ballot or Master Ballot shall constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees or commissions or other remuneration will be payable to any Voting Nominee.  Upon written request with supporting documentation, however, the Debtors will reimburse you for reasonable, actual, and necessary out-of-pocket expenses associated with the distribution of the Solicitation Packages to your clients, the tabulation of the Ballots and the completion of this Master Ballot.

**IF YOU BELIEVE THAT YOU ARE MISSING ANY MATERIALS FROM THE SOLICITATION PACKAGE OR THAT YOU HAVE RECEIVED THE WRONG BALLOT, OR IF YOU HAVE QUESTIONS REGARDING THIS MASTER BALLOT, OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (646) 282-1800.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT TO THE VOTING AGENT AT THE FOLLOWING ADDRESS:  TRIBUNE COMPANY BALLOT PROCESSING CENTER, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, 757 THIRD AVENUE, THIRD FLOOR, NEW YORK, NY 10017.**

**MB-C-8**

5.67% Notes
CUSIP 89604KAN8