# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered<br><br>**Related to Docket Nos. 140, 321, 362, 1282, 2464, 2743, 4870** |

## SIXTH SUPPLEMENTAL DECLARATION OF THOMAS E. HILL UNDER 11 U.S.C. § 327(a) AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

STATE OF ILLINOIS    )
                     ) ss:
COUNTY OF COOK       )

I, Thomas E. Hill, declare as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCCT, Inc., f/k/a WTXX Inc. (1268); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); and WPIX, Inc. (0191). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

1. I am a Managing Director with Alvarez & Marsal North America, LLC (together with its wholly owned subsidiaries, affiliates (all of which are owned by Alvarez & Marsal North America, LLC's parent company and employees), agents, independent contractors and employees, "A&M"), a financial advisory services firm with numerous offices throughout the country. I am authorized to make this supplemental declaration (the "Sixth Supplemental Declaration") on A&M's behalf.

2. On December 26, 2008, A&M filed its initial Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Initial Declaration") [Docket No. 140]

3. On February 3, 2009, A&M filed the Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Supplemental Declaration") [Docket No. 321].

4. On February 11, 2009, the United States Bankruptcy Court for the District of Delaware entered an Order Authorizing Retention of Alvarez & Marsal North America, LLC as Restructuring Advisors for the Debtors and Debtors in Possession effective as of December 8, 2008 [Docket No. 362].

5. On June 2, 2009, A&M filed the Second Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Second Supplemental Declaration") [Docket No. 1282].

6. On October 30, 2009, A&M filed the Third Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Third Supplemental Declaration") [Docket No. 2464].

7. On December 4, 2009, A&M filed the Fourth Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Fourth Supplemental Declaration") [Docket No. 2743].

8. On June 24, 2010, A&M filed the Fifth Supplemental Declaration of Thomas E. Hill in Support of the Application of the Debtors for Entry of an Order Authorizing the Employment of Alvarez & Marsal North America, LLC as Restructuring Advisors (the "Fifth Supplemental Declaration"; together with the Initial Declaration, the Supplemental Declaration, the Second Supplemental Declaration, the Third Supplemental Declaration, and the Fourth Supplemental Declaration, the "Prior Declarations") [Docket No. 4870].

9. I am submitting this Sixth Supplemental Declaration to disclose certain additional information that has become available to A&M since the filing of the Prior Declarations.

### Relationship Disclosure

10. A&M becomes aware, from time to time, of relationships it or its affiliates have with parties-in-interest to the Debtors' cases ("Parties-In-Interest"). In addition to the matters disclosed in the Prior Declarations, the following relationship with a Party-In-Interest has come to our attention since the filing of the last Prior Declaration:

> Centerbridge Partners, LP ("Centerbridge") or its affiliates or managed funds are a significant bondholder of Tribune Company or its affiliates. In August 2010, an

A&M affiliate was engaged to advise Centerbridge in a matter wholly unrelated to the Debtors or their chapter 11 cases. In addition, it has come to my attention that Centerbridge or its affiliates or managed funds are significant equity holders of two other clients of A&M or its affiliates on matters wholly unrelated to Debtors or their chapter 11 cases.

A&M does not believe that any of the additional disclosures described above create conflicts of interest regarding the Debtors or their chapter 11 cases. A&M continues to believe that it is "disinterested" within the meaning of the term as it is used in section 101(14) of title 11 of the United States Code.

To the best of my knowledge, except as specifically disclosed in this Sixth Declaration and the Prior Declarations, A&M neither holds nor represents an interest adverse to the Debtors. If any new material relevant facts or relationships are discovered or arise, A&M will promptly file a supplemental declaration pursuant to Rule 2014(a) of Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 18 day of August 2010

_____
THOMAS E. HILL
A Managing Director with
Alvarez & Marsal North America, LLC