# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |
| | Related to Docket No. 3062, 4112 |

## AGREED ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER

Upon the Motion[2] of Wilmington Trust Company ("WTC") in the above-captioned chapter 11 cases for appointment of an examiner pursuant to § 1104(c) of the Bankruptcy Code; the Court having reviewed the objections, responses and/or statements related to the Motion filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc., n/k/a Tribune Washington Bureau Inc. (1088); Tribune California Properties, Inc. (1629); Tribune CNLBC, LLC, f/k/a/ Chicago National League Ball Club, LLC (0347); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

1

46429/0001-6470778v2

or made by the above-captioned debtors and debtors in possession (the "Debtors"), the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"), JPMorgan Chase Bank, N.A. ("JPMC"), Merrill Lynch Capital Corporation ("MLCC"), the Credit Agreement Lenders (the "Credit Agreement Lenders"), certain retirees (the "TM Retirees"), Citicorp North America, Inc./Citigroup Global Markets Inc. (together, "Citigroup"), Bank of America, N.A. and Banc of America Securities LLC (together, "BofA"), Law Debenture Trust Company of New York, as Indenture Trustee ("Law Debenture"), Centerbridge Credit Advisors LLC ("Centerbridge") (collectively the "Parties"), and the Office of the United States Trustee (the "U.S. Trustee"), and considered the arguments and representations of counsel made thereon; and due and proper notice having been given under the circumstances; and it appearing that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Parties having consented to appointment of an examiner, it is hereby ORDERED as follows:

1.   The U.S. Trustee is directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c)(1).

2.   The Examiner shall (i) evaluate whether there are potential claims and causes of action held by the Debtors' estates in connection with the leveraged buy-out of Tribune that occurred in 2007 (the "LBO") which may be asserted against any entity which may bear liability, including, without limitation, the Debtors, the Debtors' former and/or present management, including former/present members of Tribune's Board, the Debtors' lenders and the Debtors' advisors, said potential claims and causes of action including, but not being limited to, claims for fraudulent conveyance (including both avoidance of liability and disgorgement of payments), breach of fiduciary duty, aiding and abetting the same, and equitable subordination and whether

there are any potential defenses which may be asserted to such potential claims and causes of action, (ii) evaluate whether Wilmington Trust Company violated the automatic stay under 11 U.S.C. § 362 by its filing, on March 3, 2010, of its Complaint for Equitable Subordination and Disallowance of Claims, Damages, and Constructive Trust (docketed at Adv. No. 10-50732, D.I. 1), (iii) evaluate the assertions and defenses made by certain of the Parties in connection with the Motion of JPMorgan Chase Bank, N.A., for Sanctions Against Wilmington Trust Company for Improper Disclosure of Confidential Information in Violation of Court Order (D.I. 3714), and (iv) otherwise perform the duties of an examiner set forth in 11 U.S.C. §§ 1106(a)(3) and (4) (as limited by this Order) (collectively, the "Investigation").

3. The Examiner shall, before commencing the Investigation, meet and confer with the Parties, and the U.S. Trustee, if the U.S. Trustee requests participation. The Parties shall use their respective best efforts to coordinate with the Examiner and to avoid unnecessary interference with, or duplication of, the Investigation, and the Examiner, in his or her conduct of the Investigation, shall use best efforts to utilize relevant materials obtained by the Parties via informal and/or formal discovery to avoid unnecessary duplication of work performed to date. Nothing in this Order shall be deemed to require any Party to waive any applicable privilege.

4. Within seven (7) days after the later of entry of this Order or the date on which the U.S. Trustee files a notice of the Examiner's appointment, the Examiner shall propose a work and expenses plan (the "Work and Expenses Plan"), which shall include a good faith estimate of the fees and expenses of the Examiner and the Examiner's proposed professionals for conducting the Investigation (the "Budget"). The Court will hold a status conference on May 10, 2010 at 11:00 a.m. to (i) consider the Work and Expenses Plan (along with any responses thereto,

3

including an opportunity for any of the Parties to be heard on the appropriateness of the Budget) and (ii) order, if appropriate, further relief as will aid the Examiner in the performance of the Examiner's duties and/or to accommodate the needs of the estates. Notwithstanding the foregoing, the Examiner is authorized to commence the Investigation after the "meet and confer" referenced in the prior paragraph of this Order.

5. The Examiner shall prepare and file a report (the "Report"), as required by 11 U.S.C. § 1106(a)(4), on or before July 12, 2010, unless such time shall be extended by order of the Court upon application by the Examiner on notice to the Parties.

6. Until the Examiner has filed the Report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Examiner's duties, except in hearings before the Court; provided, however, that neither any information asserted to be confidential pursuant to applicable agreement or treated as confidential pursuant to court order, nor any evaluation of the strengths or weaknesses of any potential claim or right of action the estates may have or suggested litigation strategy in connection therewith, shall be disclosed publicly without further order of this Court.

7. The Examiner may retain counsel and other professionals if the Examiner determines that such retention is necessary to discharge the Examiner's duties, with such retention to be subject to Court approval after notice under standards equivalent to those set forth in 11 U.S.C. § 327.

8. The Examiner and any professionals retained by the Examiner pursuant to order of this Court shall be compensated and reimbursed for their expenses pursuant to any procedures for interim compensation and reimbursement of expenses of professionals which are established

in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

9. The Examiner shall have the standing of a party in interest with respect to matters that are within the scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases.

10. The Debtors and all of the Debtors' affiliates, subsidiaries and other companies and the Examiner shall mutually coordinate and cooperate in connection with the performance of the Examiner's duties. In addition to full access to the documents in the depository as set forth below, the Debtors shall provide to the Examiner all other non-privileged documents and information relevant to the Investigation that the Examiner requests. Nothing herein shall prohibit the Debtors from objecting to requests, including, without limitation, on the ground that the documents or information requested are beyond the scope of the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtors assert a claim of privilege or have objected and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution. The Debtors' and the Committee's privileges, including, but not limited to, the attorney-client privilege and attorney work-product privilege, remain and are not deemed waived or in any way impaired by this Order.

11. Subject to any applicable confidentiality agreement and orders entered by this Court, the Parties will as promptly as practicable take all necessary and appropriate steps to give

the Examiner and professionals retained by the Examiner access to the document depository referenced in the Order (i) Authorizing the Debtors to Establish a Document Depository and Directing the Committee to Deliver Certain Documents to the Depository and (ii) Establishing Settlement Negotiation Protections (D.I. 2858) (the "Depository Order"). The Examiner and professionals retained by the Examiner shall have full and complete access to all documents in the depository, notwithstanding the rights of Producing Parties (as that term is defined in the Depository Order) to object to the review of documents produced by such Producing Party. Notwithstanding any other provision of this Order, documents in the Depository and other information subject to orders of this Court relating to confidentiality shall not be disclosed by the Examiner, except in accordance with such orders or further order of this Court. The Parties shall reasonably cooperate with the Examiner.

12. Subject to the requirements for mutual cooperation and coordination set forth herein, nothing contained in this Order shall diminish the powers and authority of the Debtors or the Committee under the Bankruptcy Code, including the powers to investigate transactions and entities, to commence adversary proceedings and contested matters, and to object to claims.

13. Nothing in this Order shall impede the rights of the U.S. Trustee, the Parties (including WTC), or any other party in interest to request any other lawful relief, including but not limited to a request to further expand the scope of the Investigation, if during such Investigation other relevant matters are revealed which the Examiner or other party believes should be brought to the attention of the Court, or to have the Report (or parts thereof) filed under seal.

Dated: Wilmington, Delaware
April 20, 2010

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE