```
<DOCUMENT>
<TYPE>EX-4.13
<SEQUENCE>10
<FILENAME>0010.txt
<DESCRIPTION>FIRST SUPPLEMENTAL INDENTURE TO 1/30/95 INDENTURE
<TEXT>
```

EXHIBIT 4.13

---

FIRST SUPPLEMENTAL INDENTURE

Dated as of June 12, 2000

SUPPLEMENTING AND AMENDING

THE

INDENTURE

Dated as of January 30, 1995

Between

THE TIMES MIRROR COMPANY

AND

THE BANK OF NEW YORK
(successor to Wells Fargo Bank, N.A.,
a successor to
First Interstate Bank of California),
as Trustee

---

4.5a

<PAGE>

FIRST SUPPLEMENTAL INDENTURE (this "FIRST SUPPLEMENTAL INDENTURE"), dated as of June 12, 2000, between Tribune Company, a Delaware corporation ("TRIBUNE" or "SUCCESSOR"), The Times Mirror Company, a Delaware corporation (the "COMPANY"), and The Bank of New York, a national banking association duly incorporated and existing under the laws of the United States of America (successor to Wells Fargo Bank, N.A., a successor to First Interstate Bank of California), as trustee (the "TRUSTEE").

RECITALS

The Company has heretofore executed and delivered to the Trustee a certain Indenture dated as of January 30, 1995, (herein called the "INDENTURE") providing for the issuance of its 7.25% Debentures due March 1, 2013 and its 7.5% Debentures due July 1, 2023 (collectively, herein called the "SECURITIES"). All capitalized terms used in this First Supplemental Indenture and not defined herein shall have the meanings assigned to them in the Indenture.

Pursuant to an Agreement and Plan of Merger, dated as of March 13, 2000 between the Company and Tribune, the Company has been merged with and into Tribune effective as of the date hereof (the "MERGER") under the General Corporation law of the State of Delaware with Tribune being the surviving corporation.

Section 801 of the Indenture provides that in the event the Company shall consolidate with or merge into a successor company, the successor company shall expressly assume, by an indenture supplemental to the Indenture, executed and delivered to the Trustee, in form satisfactory to the Trustee, the due and punctual payment of the principal of and interest on all the Securities and the performance or observance of every covenant of the Indenture to be performed or observed by the Company.

Section 901(1) of the Indenture provides that a supplemental indenture may be entered into by the Company and the Trustee without the consent of any Holders to evidence the succession of another Person to the Company, and the assumption by any such successor of the covenants of the Company in the Indenture and in the Securities.

The Company has furnished the Trustee with (i) an Officers' Certificate and (ii) an Opinion of Counsel, each stating that all conditions precedent provided for in the Indenture with respect to this First Supplemental Indenture have been complied with, and (iii) a copy of the Board Resolution authorizing the execution of supplemental indentures including this First Supplemental Indenture.

All things necessary to authorize the assumption by the Successor of the Company's obligations under the Indenture and to make this First Supplemental Indenture when executed by the parties hereto a valid and binding amendment of and supplement to the Indenture have been done and performed.

NOW, THEREFORE, for and in consideration of the premises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby mutually covenant and agree as follows:

<PAGE>

SECTION 1. The Successor hereby expressly assumes, from and after the consummation of the Merger, the due and punctual payment of the principal of and interest on all the Securities and the performance of every obligation of the Company to be performed or observed by the Company under the Indenture.

SECTION 2. The Successor shall, from and after the consummation of the Merger, by virtue of the aforesaid assumption and the delivery of this First Supplemental Indenture, succeed to, and be substituted for, and may exercise every right and power of, the Company under the Indenture with the same effect as if the Successor had been named as the Company in the Indenture.

SECTION 3. The Successor makes and reaffirms as of the date of execution of this First Supplemental Indenture all of the Company's representations, warranties, covenants and agreements set forth in the Indenture.

SECTION 4. All covenants and agreements in this First Supplemental Indenture made by the Successor shall bind its successors and assigns, whether so expressed or not.

SECTION 5. Clause (2) of Section 105 of the Indenture is hereby amended and

restated in its entirety as follows:

> (2) Tribune Company by the Trustee or by any Holder shall be sufficient for every purpose hereunder (except as otherwise provided by Section 501) if in writing and mailed, first-class postage prepaid, to the Secretary of Tribune Company at the following address: Tribune Company, 435 North Michigan Avenue, Chicago, Illinois 60611.

SECTION 6. This First Supplemental Indenture shall become effective on the date the Merger becomes effective and duly executed counterparts hereof shall have been signed by the Trustee, the Company and Tribune.

SECTION 7. In case any provision in this First Supplemental Indenture shall be invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not at any way be affected or impaired thereby.

SECTION 8. Nothing in this First Supplemental Indenture, express or implied, shall give to any Person, other than the parties hereto and their successors under the Indenture and the Holders of the Securities, any benefit or any legal or equitable right, remedy or claim under the Indenture.

SECTION 9. This First Supplemental Indenture supplements the Indenture and shall be a part and subject to all the terms thereof. Except as supplemented hereby, the Indenture shall continue in full force and effect.

SECTION 10. This First Supplemental Indenture shall be governed by and construed in accordance with the laws of the State of New York.

\* \* \* \*

<PAGE>

This First Supplemental Indenture may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this First Supplemental Indenture to be duly executed, and their respective corporate seals to be hereunder affixed and attested, all as of the day and year first above written.

TRIBUNE COMPANY, a Delaware corporation

By: /s/ Crane H. Kenney
-----------------------------------
Name: Crane H. Kenney
Title: Senior Vice President,
General Counsel and Secretary

[SEAL]

Attest:

By: /s/ Mark W. Hianik
--------------------------------
    Name: Mark W. Hianik
    Title: Assistant Secretary

THE TIMES MIRROR COMPANY, a Delaware corporation

By: /s/ William A. Niese
--------------------------------
    Name: William A. Niese
    Title: Vice President
           and General Counsel

[SEAL]

Attest:

By: /s/
--------------------------------
    Name:
    Title:

<PAGE>

THE BANK OF NEW YORK, as Trustee

By: /s/ Van K. Brown
--------------------------------
    Name: Van K. Brown
    Title: Assistant Vice President

[SEAL]

Attest:

By: /s/ Terence Rawlins
--------------------------------
    Name: Terence Rawlins
    Title: Assistant Vice President

</TEXT>
</DOCUMENT>