```
<DOCUMENT>
<TYPE>EX-4.12
<SEQUENCE>9
<FILENAME>0009.txt
<DESCRIPTION>SECOND SUPPLEMENTAL INDENTURE TO 3/19/96 INDENTURE
<TEXT>
```

4.66

SECOND SUPPLEMENTAL INDENTURE

Dated as of June 12, 2000

SUPPLEMENTING AND AMENDING

THE

INDENTURE

Dated as of March 19, 1996

Between

THE TIMES MIRROR COMPANY

AND

CITIBANK, N.A.,
as Trustee

<PAGE>
     SECOND SUPPLEMENTAL INDENTURE (this "SECOND SUPPLEMENTAL INDENTURE"), dated as of June 12, 2000, between Tribune Company, a Delaware corporation ("TRIBUNE" OR "SUCCESSOR"), The Times Mirror Company, a Delaware corporation (the "Company"), and Citibank, N.A., a national banking association duly incorporated and existing under the laws of the United States of America, as trustee (the "TRUSTEE").

                              R E C I T A L S

     The Company has heretofore executed and delivered to the Trustee a certain Indenture dated as of March 19, 1996, (herein called the "INDENTURE") providing for the issuance of (i) its 4.25% Premium Equity Participating Securities due March 15, 2001, (ii) its 6.65% Debentures due October 15, 2001, (iii) its 7.45% Debentures due October 15, 2009, (iv) its 7.25% Debentures due November 15, 2096 and (v) its 6.61% Debentures due September 15, 2027 (collectively, herein called

the "SECURITIES"). All capitalized terms used in this Second Supplemental Indenture and not defined herein shall have the meanings assigned to them in the Indenture.

Pursuant to an Agreement and Plan of Merger, dated as of March 13, 2000 between the Company and Tribune, the Company has been merged with and into Tribune effective as of the date hereof (the "MERGER") under the General Corporation law of the State of Delaware with Tribune being the surviving corporation.

Section 801 of the Indenture provides that in the event the Company shall consolidate with or merge into a successor company, the successor company shall expressly assume, by an indenture supplemental to the Indenture, executed and delivered to the Trustee, in form satisfactory to the Trustee, the due and punctual payment of the principal of and any premium and interest on all the Securities and the performance or observance of every covenant of the Indenture to be performed or observed by the Company and shall provide for conversion rights in accordance therewith.

Section 901(1) of the Indenture provides that a supplemental indenture may be entered into by the Company and the Trustee without the consent of any Holders to evidence the succession of another Person to the Company, and the assumption by any such successor of the covenants of the Company in the Indenture and in the Securities.

The Company has furnished the Trustee with (i) an Officers' Certificate and (ii) an Opinion of Counsel, each stating that all conditions precedent provided for in the Indenture with respect to this Second Supplemental Indenture have been complied with, and (iii) a copy of the Board Resolution authorizing the execution of supplemental indentures including this Second Supplemental Indenture.

All things necessary to authorize the assumption by the Successor of the Company's obligations under the Indenture and to make this Second Supplemental Indenture when executed by the parties hereto a valid and binding amendment of and supplement to the Indenture have been done and performed.

1

<PAGE>
NOW, THEREFORE, for and in consideration of the premises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby mutually covenant and agree as follows:

SECTION 1. Defined Terms; Amended Provisions.

1.1 Section 101 of the Indenture is hereby amended by adding the following definitions:

"Tribune" means Tribune Company, a Delaware corporation.

"Tribune Common Stock" means common stock, par value $.01 per share, of Tribune.

1.2 All references in the Indenture (including any and all exhibits thereto) to the defined term Series A Common Stock shall be deemed to be references to the defined term Tribune Common Stock.

1.3 Clause (2) of Section 105 of the Indenture is hereby amended and restated in its entirety as follows:

(2) Tribune by the Trustee or by any Holder shall be sufficient for every purpose hereunder (unless otherwise herein expressly provided) if in writing and mailed, first-class postage prepaid, to Tribune addressed to it to the attention of its Treasurer at the following address: Tribune Company, 435 North Michigan Avenue, Chicago, Illinois 60611.

SECTION 2. If pursuant to Section 301 of the Indenture any series of Securities is convertible into the Company's Series A Common Stock, each holder of the Securities shall have the right, during the period such Security shall be convertible as specified in Section 1301 of the Indenture, to convert such Security only into the kind and amount of securities, cash and other property receivable upon consummation of the Merger by a holder of the number of shares of Series A Common Stock of the Company into which such Security might have been converted immediately prior to the Merger, assuming such holder of Series A Common Stock of the Company failed to exercise his or her rights of election, if any, as to the kind or amount of securities, cash and other property receivable upon consummation of the Merger (provided that if the kind or amount of securities, cash and other property receivable upon consummation of the Merger is not the same for each share of Series A Common Stock of the Company in respect of which such rights of election shall not have been exercised ("non-electing share"), then for the purpose of such Section the kind and amount of securities, cash and other property receivable upon consummation of the Merger by each non-electing share shall be deemed to be the kind and amount so receivable per share by a plurality of the non-electing shares).

SECTION 3. This Second Supplemental Indenture shall become effective on the date the Merger becomes effective and duly executed counterparts hereof shall have been signed by the Trustee, the Company and Tribune.

2

<PAGE>

SECTION 4. Subject to the terms of this Second Supplemental Indenture, the Successor hereby expressly assumes, from and after the consummation of the Merger, the due and punctual payment of the principal of and any premium and interest on all the Securities and the performance or observance of every obligation of the Company to be observed or performed by the Company under the Indenture.

SECTION 5. The Successor shall, from and after the consummation of the Merger, by virtue of the aforesaid assumption and the delivery of, and subject to the terms of, this Second Supplemental Indenture, succeed to, and be substituted for, and may exercise every right and power of, the Company under the Indenture with the same effect as if the Successor had been named as the Company in the Indenture.

SECTION 6. Subject to the terms of this Second Supplemental Indenture, the Successor makes and reaffirms as of the date of execution of this Second Supplemental Indenture all of the Company's representations, warranties, covenants and agreements set forth in the Indenture.

SECTION 7. All covenants and agreements in this Second Supplemental Indenture made by the Successor shall bind its successors and assigns, whether so expressed or not.

SECTION 8. In case any provision in this Second Supplemental Indenture shall be invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or

impaired thereby.

SECTION 9. Nothing in this Second Supplemental Indenture, express or implied, shall give to any Person, other than the parties hereto and their successors under the Indenture and the Holders of the Securities, any benefit or any legal or equitable right, remedy or claim under the Indenture.

SECTION 10. The Second Supplemental Indenture supplements the Indenture and shall be a part and subject to all the terms thereof. Except as supplemented hereby, the Indenture shall continue in full force and effect.

SECTION 11. This Second Supplemental Indenture shall be governed by and construed in accordance with the laws of the State of New York.

* * * *

3

<PAGE>

This Second Supplemental Indenture may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused this Second Supplemental Indenture to be duly executed, and their respective corporate seals to be hereunder affixed and attested, all as of the day and year first above written.

TRIBUNE COMPANY, a Delaware corporation

By: /s/ Crane H. Kenney
--------------------------------
Name: Crane H. Kenney
Title: Senior Vice President,
       General Counsel and Secretary

[SEAL]

Attest:

By: /s/ Mark W. Hianik
--------------------------------
Name: Mark W. Hianik
Title: Assistant Secretary

THE TIMES MIRROR COMPANY, a Delaware corporation

By: /s/ William A. Niese
--------------------------------

```
                                        Name:  William A. Niese
                                        Title: Vice President
                                               and General Counsel
[SEAL]

Attest:

By: /s/
   ---------------------------
   Name:
   Title:


            [Signature Page to the Second Supplemental Indenture]


<PAGE>
                                        CITIBANK, N.A., as Trustee


                                        By: /s/ Nancy Forte
                                           ---------------------------------
                                           Name:  Nancy Forte
                                           Title: Senior Trust Officer


[SEAL]


Attest:

By: /s/ Wafaa Orfy
   ---------------------------
   Name:  Wafaa Orfy
   Title: Assistant Vice President


            [Signature Page to the Second Supplemental Indenture]


</TEXT>
</DOCUMENT>
```