**CHANDLER TRUST NO. 1**
**CHANDLER TRUST NO. 2**

October 2, 2006

The Board of Directors
The Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611

Dear Fellow Directors,

    The Chandler Trusts are pleased with the Board's decision at the last meeting to approve the distributions which reduced Tribune's interest in the two TMCT entities to 5%. The transaction has been well-received in the market as fair and clearing the way for a strategic action that would have significant benefit for all stockholders. In addition it eliminates whatever unwarranted suspicion may have existed that the Chandler Trusts might have had an ulterior motivation in advocating strategic action by Tribune. With the TMCT issues out of the way, it is apparent to all that the Chandler Trusts' sole interest in Tribune is to maximize the value of the stockholders' investment.

    The review of strategic alternatives which the board authorized is now of the utmost importance to the Trusts and all other stockholders. The energy, focus and means by which that process is conducted by the special committee will have a dramatic effect on the value of stockholders' investments. We welcome this opportunity to share our views on some important matters that will require the special committee's prompt attention.

    Tribune's announcement of the review of strategic alternatives included our Chairman's statement that the Chandler Trusts now expect to work collaboratively with management and the board to enhance value for all stockholders   We appreciate Bill Osborn's call to Bill Stinehart last week, in this connection. We believe such collaboration is important to assure that the Chandler Trusts will be in a position to support the conclusions of the special committee. This is especially important since several of the alternatives under consideration would likely require a vote of the stockholders and possibly other affirmative action by the Trusts.

As you know, the actions of the Tribune board will likely be subject to "enhanced scrutiny" under Delaware law. This means that the customary protections of the business judgment rule cannot be relied upon, and both the board's diligence in obtaining all necessary information and the reasonableness of the board's decisions themselves may be subject to court review. No less intense will be the scrutiny by shareholders. Whether the board's conclusions are, in the end, respected will be a function of the integrity of its process and the board's diligence in acting independently and energetically to advance the single purpose of maximizing stockholder value.

In this connection, there are important threshold decisions which you must make as a special committee. The following list illustrates some of the most important, but it is by no means exhaustive.

- *Will the special committee effectively take charge of the process?* We are frankly concerned by language in the Tribune's Thursday September 29 press release that "Management and its financial advisors will present strategic alternatives to the independent special committee ..." While we have no objection to management presenting its views to the special committee, we would consider it entirely inappropriate for the special committee to merely review alternatives presented by management. Indeed, in light of management's personal financial interest in the transactions being considered, and that of Merrill Lynch and Citigroup as financing sources in such transactions, the role of management and their financial advisors must be strictly circumscribed. Among other things critical decisions involving negotiating strategy, and potential competing transaction opportunities must be made solely by those who have no financial interest in the outcome apart from their interest as Tribune stockholders. Similarly, contacts with potential third parties should be managed by the special committee and its independent financial advisor – not by those who may be participants in a transaction.

- *What process will be established to assure that credible parties with a potential interest in potential transactions involving Tribune, in whole or in part, will have the opportunity to obtain and consider non-public information?* The conflicts of interest faced by management, Merrill Lynch and Citibank are of acute concern in this connection.

- *Are any limitations to be placed on the process that will preclude the receipt of offers for particular kinds of transactions, such as (for example) a sale or sponsored spin-off of one or more newspapers or television stations?* We recognize that the greater the range of alternatives for which proposals are obtained, the greater will be the complexity of the special committee's task and the greater the potential burdens of the process. On the other hand, the availability of credible alternatives may enhance the competitiveness of the process; and may be critical if the price obtainable in a management buyout proves disappointing.

Confidential

CITI-TRIB-CC 00017344

- *What timetable will be established for third parties to complete due diligence and provide the special committee with indications of interest, so that the special committee can be fully informed as to the alternative possibilities available?*

- *What assurances will be required as to the certainty and timeliness of financing and regulatory approvals?*

At the board meeting on September 21, the Chandler Trusts were advised of the other directors' desire that neither of Messr's Chandler, Goodan nor Stinehart serve on the special committee, notwithstanding the provision of Tribune's bylaws which states:

> "at least one CT director shall serve on each of the committees of the Board of Directors, unless otherwise agreed by the CT Nominating Committee"

The Chandler Trusts are willing to acquiesce in the request not to participate on the special committee, provided that they are assured full and bona fide cooperation and regular communication between the special committee and its advisors and the Chandler Trusts and their advisors. This must include, at a minimum, the opportunity to discuss with the special committee and its advisors important issues such as those referred to above, in order that the views of the Chandler Trust may be considered by the special committee as it proceeds.

We would appreciate hearing from you at your earliest convenience as to what the special committee has done to date, and its views on these matters.

Sincerely yours,

CHANDLER TRUST NO. 1 and
CHANDLER TRUST NO. 2

By: /s/ William Stinehart, Jr.
Name: William Stinehart, Jr.

Title:  Trustee

Confidential

CITI-TRIB-CC 00017345