*ROBERT R. MCCORMICK TRIBUNE FOUNDATION*
*Advisory Committee of Independent Directors*

March 1, 2007

Independent Special Committee of the Board of Directors
Tribune Company
435 North Michigan Avenue
Chicago, IL 60611
Attention: William A. Osborn, Lead Independent Director

Dear Mr. Osborn:

Re: Response to Request for Our Observations on the ESOP Proposal Under Consideration

You have requested the Advisory Committee of the Robert R. McCormick Tribune Foundation ("Foundation") observations to the ESOP proposal that is now under consideration by the Special Committee, the Board of Directors and the management of Tribune Company. This Proposal (the "ESOP Proposal"), as we understand it, is described in a summary term sheet of February 22, 2007 and in a power point presentation to the Special Committee dated February 28, 2007 and entitled "Financial Analysis of Zell Proposal".

We are providing you our present observations on the ESOP Proposal. The Special Committee, however, should understand that the determination of what is best for Tribune Company and its stockholders rests solely with the Special Committee and the Board of Directors of Tribune Company and not with the Advisory Committee. Please do not substitute our views for your judgment. The Advisory Committee owes its loyalty to the Foundation to preserve and enhance the value of the Foundation's assets and our views should be read in light of that responsibility.

Since last Saturday when we were asked by you for our comments on the ESOP Proposal, we and our financial and legal advisors have engaged in extensive analysis and, in particular, with respect to the terms of the ESOP Proposal as well as the ESOP and FCC considerations that have now become central. In this connection, we have had extensive telephone conversations with Tribune's ESOP and FCC advisors as well as the Special Committee and Tribune financial and legal advisors. We have not had any contact with the potential trustee nor with the Zell group. We have also added to our team both ESOP and FCC legal expertise.

For purposes of our response, we have assumed that ESOP trustee's due diligence will be completed favorably and that the ESOP trustee, Tribune Company and the Zell interests will reach an agreement on the terms of the ESOP Proposal substantially similar to the Term Sheet. We do not, however, know when this process will be completed and remain concerned about the timeframe to determining whether an agreement can be reached by all parties.

CONFIDENTIAL

CITI-TRIB-CC 00033813

Based on our analysis to date (which is continuing) and the advice of our financial and legal advisors, we, from the Foundation's perspective, have important concerns regarding the ESOP Proposal and whether it should be pursued for the reasons that follow, namely, Price, Timing and Execution Risk in comparison to the self-help proposal presently under consideration.

Price. The present ESOP Proposal contemplates a price of $33 cash per share for each of Tribune Company outstanding common shares. This price, however, has to be evaluated in light of "when" and "if" it will ever be paid to Tribune stockholders. First, the time value of money dictates that that price is considerably less than the $33 face value. Second, as described below, the execution risks involved in the ESOP Proposal further discount the $33 face value. We believe the Special Committee should make its own assessment as to what discount to apply, but we believe that whatever discount is applied, the ESOP price may be less valuable than the terms of the self-help proposal.

Timing. Timing is of paramount consideration. After lengthy discussions with Tribune FCC lawyers and ours, we believe that the ESOP Proposal will not close (assuming the FCC approves it) for nine to 12 months from the date the FCC publishes notice of the proceeding, which publication may not be made until sometime in April at the earliest. This timeline, of course, creates a discount from the $33 per share face value. Very importantly, moreover, it also will continue for a considerable period of time the unhealthy status quo for Tribune management and its Board of Directors. To us, this itself is a very negative factor.

Execution Risk. Both the ESOP and FCC considerations create, in our view, serious impediments to the successful execution of the ESOP Proposal. With respect to the ESOP requirements, a bring-down fairness opinion to the ESOP trustee is required at closing. In most situations, we are informed, this does not pose serious problems because the time from signing to closing is normally three months. Here, however, the timeline will be nine to twelve months making the bring-down opinion more problematic especially in an industry that is in transition and which may deteriorate between now and closing. The financing for the ESOP Proposal, moreover, no matter how "locked-up" it can be will more than likely have some material adverse change provisions that could come into play if Tribune business results decline. The execution risks from the FCC standpoint is that no one can today with 100% accuracy forecast what conditions, if any, the FCC may impose on approval of the license transfers. We have been told that the Zell interest will accept this risk, but will they accept "all risks"? In addition, we assume the ESOP trustee will also have to be satisfied with any conditions that the FCC imposes and we believe the trustee cannot agree now to this unknown, but will have to examine them at the time of closing.

Based on this analysis, you should be aware that the Foundation is not willing to sign a voting agreement in favor of the Zell/ESOP transaction as we now understand it.

\*    \*    \*

CONFIDENTIAL

CITI-TRIB-CC 00033814

For the reasons described above, we believe the self-help proposal as presently negotiated should be pursued by the Special Committee and Board of Directors of Tribune Company.

In this regard, we have been informed that one of the principal goals of the strategic alternative analysis that is being conducted by the Special Committee is to establish a stable board and stockholder environment so that Tribune executives can return to full-time management of the business without any distractions. In fact, we have been led to believe by the Special Committee that the Foundation's purchase of certain Tribune shares from the Chandlers is a material fact in the Special Committee's consideration of the self-help proposal. The self-help proposal, which was extremely difficult to negotiate, satisfies this goal on a more timely basis than the ESOP Proposal. If the ESOP Proposal fails to close, we cannot predict whether the self-help proposal can be resurrected at all. Indeed, the opportunity to sign the self-help proposal is presently subject to market conditions that could make it disappear quickly. In our view, the timing to sign the self-help proposal is a critical factor to be weighed heavily.

We would also appreciate Special Committee's attention with respect to one aspect of the self-help proposal. We are aware that a key factor in the willingness of the Chandler Trusts to enter into a purchase agreement with the Foundation with respect to the sale of 25 million of their Tribune shares is the timely implementation of a shelf registration on their behalf. We understand that they remain frustrated by the lack of progress in this regard. We believe that the Special Committee should encourage the Company to pursue all alternatives to help satisfy this request and that a sense of urgency should be given to this task.

We and our advisors are available to discuss with our reasoning with the Special Committee in more detail. Please feel free to contact us at any time.

Very truly yours,

**ROBERT R. McCORMICK TRIBUNE FOUNDATION**
**Advisory Committee of Independent Directors**

By: *John W. Madigan /s/*
John W. Madigan

By: *James C. Dowdle /s/*
James C. Dowdle

CONFIDENTIAL                                                         CITI-TRIB-CC 00033815