**CHANDLER TRUST NO. 1**

**CHANDLER TRUST NO. 2**

March 2, 2007

Special Committee of the
Board of Directors of Tribune Company
c/o William Osborne, Chairman
Northern Trust Corporation
50 South LaSalle Street
Chicago, IL 60603

Dear Bill:

As you know, you informed me last Saturday of an ESOP proposal sponsored by Sam Zell (the "ESOP Proposal") being considered by Tribune Company ("Tribune") and requested our views on such proposal. Since then, Chandler Trust No. 1 and Chandler Trust No. 2 (collectively, the "Chandler Trusts") and our advisors have participated in a number of conference calls with Tribune and its advisors to obtain information about the ESOP Proposal and its structure so that we could get an understanding of various aspects of the ESOP Proposal. Although the information we received is far short of all the material terms and conditions of the proposed transaction, it exposed to us a number of very significant problems associated with the ESOP Proposal. We were previously close to agreement regarding a self-help plan that you had proposed and we strongly suggest that you pursue the self-help transaction rather than the ESOP Proposal.

Our main concern with the ESOP Proposal is the length of time it would take to consummate a transaction and the execution risk that this involves. Completion of the ESOP Proposal would require approval from the Federal Communications Commission. There is uncertainty as to whether the approval would be granted in light of current cross-ownership rules and, if granted, about both the form that this approval would take and whether it would be acceptable to the proponent of the ESOP Proposal. More importantly, while Tribune's management estimated that it would take six months to receive such approval, a conversation with Tribune's outside counsel revealed that such approval would more realistically take nine to twelve months. It has been represented to us that the proponent of the Proposal would bear any risk of required divestiture by the Federal Communications Commission, but we have not seen any agreed language to this effect and are concerned that it would be less than completely "water tight." Another problem with the ESOP Proposal is the statutory requirement that the price paid by the ESOP not exceed fair market value at the time of the closing. If the value of Tribune stock were to decline during the interim period this would make it impossible to complete the transaction at the agreed valuation. This problem is magnified by the exceptionally long time horizon for the transaction due to the regulatory approval described above. Given these risks and uncertainties, we do not believe the ESOP Proposal is in the best interests of any of Tribune's stockholders and we are not prepared to enter into a voting agreement to support the ESOP Proposal.

GHLY CONFIDENTIAL

**Professionals' Eyes Only
Highly Confidential - Attorneys' Eyes Only**

MS_TRIB000002

**TRIB-G0052084**

While there may be a possibility of signing documents in connection with the ESOP Proposal within the next few weeks, it could take much longer, as compared to the documents related to the self-help transaction that could realistically be completed and announced within a few days. We are prepared to continue to work collaboratively with Tribune and the McCormick Foundation to pursue the self-help transaction. We are also open to working with Tribune and the McCormick Foundation to see how an ESOP or other measures could be added to the proposed self-help transactions in order to increase the value payable to Tribune's stockholders.

As we have discussed, please note that our participation in any self-help transaction is subject to the last open issue of our receiving the benefit of a shelf registration statement upon the terms we have proposed, including that the registration statement be effective and available for sales of shares by the Chandler Trusts upon announcement of the self-help transaction. We and our advisors strongly believe that it is in the best interests of all of the Tribune stockholders for the Chandler Trusts to be able to sell all of their remaining shares as promptly as possible to eliminate an overhang in the market and a long term depression of the trading price of Tribune's shares.

A question has arisen as to the financial disclosure required for such shelf registration statement, including provision of unaudited pro forma financial information related to the proposed spin-off transaction. Although we are aware of similar situations where a seller shelf registration was not interrupted with pro forma financial statements, the lawyers for all of the parties agree that, at the most, such a registration statement will only require unaudited pro forma financial information. As a result, such statements can be readily derived from Tribune's current segment reporting in a very short period of time. Enclosed are examples of pro forma financial statements prepared in connection with a spin-off transaction that demonstrate that the required information is unaudited and that cost allocations are only estimated.

We look forward to continuing to work with you and Tribune to successfully complete the self-help transactions that have been proposed. Please do not hesitate to contact me should you have any questions regarding this letter.

Sincerely yours,

William Stinehart, Jr. as Co-Trustee
Chandler Trust No. 1 and Chandler Trust No. 2

cc: Paul Taubman
    Charles W. Mulaney Jr.

2

GHLY CONFIDENTIAL

MS_TRIB000003

Professionals' Eyes Only
Highly Confidential - Attorneys' Eyes Only

TRIB-G0052085