CONFIDENTIAL

To be disclosed only to
Members of the Special Committee

TRIBUNE COMPANY

SPECIAL COMMITTEE OF THE

BOARD OF DIRECTORS MEETING

APRIL 1, 2007

Pursuant to notice, a telephonic meeting of the Special Committee (the "Committee") of Tribune Company (the "Company") was held at 10:00 A.M. on April 1, 2007. The following members of the Committee were in attendance: William A. Osborn, Chairman, Enrique Hernandez, Jr., Betsy D. Holden, Robert S. Morrison, J. Christopher Reyes and Miles D. White. Also in attendance were Messrs. Dennis J. FitzSimons and Crane H. Kenney of the Company; Mr. Charles W. Mulaney, Jr. of Skadden, Arps, Slate, Meagher & Flom LLP; Mr. Thomas A. Cole of Sidley Austin LLP; Mr. Steven A. Rosenblum of Wachtell, Lipton, Rosen & Katz; Mr. William W. Merten of McDermott Will & Emery, LLP; Mr. Michael Costa of Merrill Lynch & Co.; Ms. Christina Mohr of Citigroup; and Messrs. Paul Taubman and Thomas Whayne of Morgan Stanley.

Mr. Osborn called the meeting to order and reported on his negotiations with Mr. Zell since the Committee's last meeting on Friday regarding improvements in the terms of Mr. Zell's proposal. Mr. Osborn then asked Mr. FitzSimons and Mr. Kenney to provide an overview of Mr. Zell's current proposal. Mr. FitzSimons and Mr. Kenney reported on the significant efforts of the Company, the Zell Group and GreatBanc and their legal and financial advisors since Friday. Mr. Kenney reported that following extensive discussions between Mr. Osborn and Mr. Zell and between the Company and the Zell Group, Mr. Zell agreed to increase the purchase price to $34 per share and to accept a $25 million "break-up fee." Mr. Kenney reported that the increase in purchase price was being funded by an increase in Mr. Zell's equity contribution. Mr. Kenney also reported that documentation for the Zell/ESOP transaction was nearing completion. Mr. Rosenblum confirmed the status of the various transaction documents, referred to materials previously distributed to the Committee members summarizing such documents and identified a few remaining open issues.

Mr. Kenney then explained that the increase in Mr. Zell's equity contribution necessitated further discussions between GreatBanc and Mr. Zell regarding the terms of the ESOP's and Mr. Zell's equity ownership of the Company following the merger and that such discussions were expected to occur later on Sunday. Questions and a discussion ensued.

TRIB 002651
HIGHLY CONFIDENTIAL

Professionals' Eyes Only
Highly Confidential - Attorneys' Eyes Only

TRIB-G0008794

The Committee then asked Mr. Mulaney to review the recent letters that Messrs. Broad and Burkle sent to the Board of Directors of the Company (the "Board") regarding their interest in pursuing a transaction with the Company involving an ESOP that Broad/Burkle indicated would offer $34 per share to stockholders of the Company. Mr. Mulaney first reviewed the circumstances under which Broad/Burkle ceased their efforts regarding a possible transaction with the Company in early February and then summarized the letters Broad/Burkle sent to the Board. After reviewing the letters, Mr. Mulaney reported on the numerous contacts the Company's advisors had with Broad/Burkle's advisors following the receipt of the first letter with regards to facilitating Broad/Burkle's renewed interest in a possible transaction involving the Company. Mr. Mulaney further reported on the numerous other communications that had taken place with Broad/Burkle's advisors over the last week and since Friday regarding the steps that Broad/Burkle should take to submit financing commitments and other documentation relating to a firm proposal for consideration by the Committee. Mr. Costa also reported on his discussions with the Broad/Burkle group regarding the availability of financing from Merrill Lynch and Citigroup for their proposal and the other terms of a transaction involving an ESOP. Questions and a full discussion ensued.

**REDACTED**

Mr. Taubman then commented on the economics and other factors that would come into play in the event that the Committee or the Board desired to consider an alternative transaction following execution of a definitive merger agreement for the Zell/ESOP transaction. In response to questions, Mr. FitzSimons confirmed that management was prepared to work with other bidders to facilitate the structuring of a similar ESOP proposal. Questions and a full discussion followed.

Following such discussion, it was the sense of the Committee that the meeting should be adjourned pending further discussions between GreatBanc and Mr. Zell and the Company and its advisors.

The meeting was then adjourned until 10:00 P.M.

At 10:00 P.M., the Committee reconvened with those present at the 10 A.M. session in attendance.

Mr. Osborn called the reconvened meeting to order and reported on the further negotiations regarding the Zell/ESOP proposal that had taken place on Sunday afternoon. Mr. Osborn then asked Mr. FitzSimons and Mr. Kenney to report on the details of the final Zell/ESOP proposal. Mr. Kenney reported on the negotiations that took place between Zell and GreatBanc regarding the terms of Zell's and the ESOP's ownership of the Company following the merger and the agreement reached by Zell and the ESOP with respect to the terms of such

TRIB 002652
HIGHLY CONFIDENTIAL

Professionals' Eyes Only
Highly Confidential - Attorneys' Eyes Only

TRIB-G0008795

investment. Mr. Kenney also reported that the transaction documents were substantially complete as the remaining open issues were resolved. Questions and a full discussion ensued.

In response to a question, Mr. Costa and Ms. Mohr confirmed that, subject to maintaining the rating agency rating for the financing, the current financing package for the Zell/ESOP transaction would be available to other bidders who contributed similar amounts of equity to pursue an ESOP transaction with the Company. In response to a question, Mr. FitzSimons also confirmed again that management was prepared to work with other bidders to facilitate the structuring of a similar ESOP proposal. Mr. Rosenblum outlined the relevant transaction documents and their terms. Questions and a full discussion followed.

Mr. Mulaney then reported on the receipt of a letter regarding a possible proposal by a third party not previously involved in the Company's review of strategic alternatives.

At Mr. Osborn's request, Mr. Whayne reviewed Morgan Stanley's analysis with respect to the fairness to shareholders of the merger consideration offered in the Zell/ESOP transaction. Referring to materials that had been previously distributed to the members of the Committee, Mr. Whayne reviewed the various analyses that Morgan Stanley had conducted, including (i) an analysis of the recent trading range of the Company's stock, (ii) a review of selected equity research analyst financial targets, including stock price, for the Company, (iii) a review of selected public market trading comparables, (iv) an analysis of multiples paid in selected private market precedent transactions, (v) a review of the terms of the McClatchy acquisition of Knight Ridder, (vi) discounted cash flow analyses of the Company's businesses using different financial assumptions, including assumptions based on management's plan and research analysts' forecasts and (vii) an analysis of premiums paid in other public-to-private transactions.

Mr. Whayne reviewed with the Committee the assumptions and qualifications underlying Morgan Stanley's opinion and stated that as of that date and based on the assumptions described to the Committee, it was the opinion of Morgan Stanley that the merger consideration to be received by the holders of shares of the Company's common stock in the merger is fair from a financial point of view to such holders. Questions and a full discussion followed.

Following discussion, upon a motion duly made and seconded, the Committee unanimously resolved to recommend that the Board approve the Zell/ESOP transaction to acquire the Company for $34 per share.

Following further discussion, the meeting was adjourned.

TRIB 002653
HIGHLY CONFIDENTIAL

Professionals' Eyes Only
Highly Confidential - Attorneys' Eyes Only

TRIB-G0008796