DUFF & PHELPS, LLC • 311 SOUTH WACKER DRIVE, SUITE 4200 • CHICAGO, IL 60606 • TEL 312-697-4600 • FAX 312-697-0112

# DUFF&PHELPS

March 31, 2007

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan
1301 W. 22nd Street
Suite 800
Oak Brook, IL 60523

Attention:    Mrs. Marilyn Marchetti

Dear Trustee:

This letter sets forth the terms of an agreement whereby Duff & Phelps, LLC ("Duff & Phelps") will serve as independent financial advisor to assist GreatBanc Trust Company, as Trustee (the "Trustee") of a newly formed employee stock ownership plan (the "ESOP") of Tribune Company (the "Company"), in its due diligence review of the Company on behalf of the participants of the ESOP. Duff & Phelps will provide advice to the Trustee, in the form of an opinion (the "Opinion"), as to the financial viability of the Company, as a going concern, and on a going-forward basis, following the closing of the ESOP's purchase of all or substantially all of the Company's shares and the transactions related thereto (collectively, the "ESOP Transaction" and such closing, the "Closing").

The ESOP Transaction is a part of a transaction in which Equity Group Investments ("EGI") will take the Company private through a merger. The EGI transaction will be funded with bank financing and senior notes. The ESOP will purchase shares in the Company with the proceeds of a loan from the Company.

In the letter agreement dated March 8, 2007, by and among Duff & Phelps, the Trustee and the Company (the "March 8 Letter"), the parties to that letter agreement acknowledged that Duff & Phelps was engaged by the Company's board of directors (the "Board") to provide certain opinions as to the solvency and capitalization of the Company after giving effect to certain proposed transactions, including the ESOP Transaction (such engagement, the "Solvency Engagement" and such opinions, collectively, the "Board Solvency Opinion"). The parties to the March 8 Letter then went on to agree that in the event a solvency opinion was required in connection with the transaction contemplated in the March 8 Letter that Duff & Phelps would be engaged to render the solvency opinion directly to the Trustee and the Board would be given the right to rely on such opinion (the "Trustee Solvency Opinion"). Neither the Opinion nor the Bring-Down Opinion (defined below) referenced herein shall be deemed to be the Board Solvency Opinion or the Trustee Solvency Opinion and the Board shall not be entitled to rely on either the Opinion or the Bring-Down Opinion.

www.duffandphelps.com

CHILIB-950659.6-MLMoore-323419-00008

Professionals' Eyes Only

TRB0101001

GreatBanc Trust Company,
 as Trustee of the Tribune Company
 Employee Stock Ownership Plan
March 31, 2007
Page 2

Please review this letter agreement, including the attached Terms of Retention (collectively, the "Agreement") as it will govern our engagement (the "Engagement").

**Nature and Scope of Engagement.**

Specifically, subject to the assumptions and qualifications set forth in the Opinion and the Bring-Down Opinion, we will determine whether following the Closing, and after taking into consideration the savings to be realized by the Company as a result of the ESOP Transaction (including, without limitation, the savings resulting from the elimination of the Company's 401(k) cash contributions and public company cost reductions and the tax savings resulting from the Company's contemplated 2008 S-election) (such savings contemplated as of the date hereof being the "Anticipated Savings"):

1) The fair market value of the Company's assets will exceed the value of its liabilities, including all contingent and other liabilities; and

2) The Company, as a going concern, and on a going-forward basis, should be able to pay its liabilities, including all contingent and other liabilities, as they become absolute and mature.

(the determinations (1) and (2) above being collectively referred to herein as the "Determinations")

For the purposes of our Engagement and the Opinion and the Bring-Down Opinion, the following terms and phrases will be defined as follows:

"Fair market value" means, with respect to the Company's assets, the price, as of the date of our Opinion or Bring-Down Opinion, as applicable, at which such assets would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell, and both having reasonable knowledge of relevant facts, and where such buyer is able to realize upon the Anticipated Savings and where such seller is interested in disposing of the entire operation as a going concern, presuming the Company's business will be continued.

"Liabilities, including all contingent and other liabilities" have the meanings that are generally determined in accordance with applicable federal laws governing determinations of the insolvency of debtors. "Contingent and other liabilities" means the contingent and other liabilities as either publicly disclosed, set forth in written materials delivered to Duff & Phelps by the Company or identified to us by officers or representatives of the Company.

Duff & Phelps makes no representation as to the legal sufficiency for any purpose of the above definitions. Such definitions are used solely for setting forth the scope of the advice provided in the Opinion and the Bring-Down Opinion.

Professionals' Eyes Only

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan
March 31, 2007
Page 3

Notwithstanding the foregoing or anything to the contrary herein, we will not determine, and cannot and will not make any assurances that, the Company will be able to realize all or any portion of the Anticipated Savings.

Duff & Phelps and the Trustee acknowledge and agree that Duff & Phelps has been engaged by the Trustee to assist the Trustee in its due diligence review of the Company on behalf of the participants of the ESOP and not for any other purpose. Duff & Phelps and the Trustee further acknowledge and agree that the Determinations are not intended to be, and do not conform to, (a) determinations of insolvency as promulgated by § 101(29)(A) of the U.S. Bankruptcy Code or (b) determinations of fraudulent transfers under the Uniform Fraudulent Transfer Act and other state laws dealing with fraudulent conveyance and that the Determinations do not include the standard analyses and determinations typically included in a standard Duff & Phelps solvency opinion.

Our determinations will be set forth in the Opinion, which will be delivered to the Trustee (with a copy made available to the Company) in advance of any official public announcement regarding the ESOP Transaction (with such announcement being expected to occur on or about March 31, 2007). Duff & Phelps also agrees to provide, at closing of the ESOP Transaction, a bring-down opinion to the Trustee as to the matters set forth in the Opinion (the "Bring-Down Opinion").

Prior to issuing the Opinion or the Bring-Down Opinion, our findings, analysis, and conclusions will be reviewed by certain of our internal review committees. Each of the Opinion and the Bring-Down Opinion will be set out in writing, will be in a customary form and will set forth the scope of our assignment, the principal materials reviewed, the assumptions and qualifications upon which we have relied, and such other matters as Duff & Phelps in its sole discretion deems appropriate.

**Neither the Opinion nor the Bring-Down Opinion will be, and neither should be construed as, a valuation opinion, investment advice, investment recommendation, solvency opinion, tax-related opinion, credit rating, fairness opinion and/or an accounting opinion. Without limiting the foregoing, neither the Opinion nor the Bring-Down Opinion will be, and neither should be construed as, an audit of the Company and/or an analysis of the relative merits of the ESOP Transaction and any alternatives to the ESOP Transaction or any other aspect of the ESOP Transaction.**

In rendering the Opinion and the Bring-Down Opinion, Duff & Phelps will conduct such reviews, analyses, and inquiries and will consider such information and data deemed necessary and appropriate based on the facts and circumstances of the Engagement. Our qualitative analysis will be based on discussions with senior management of the Company concerning the history, current operations and future outlook of the Company. Our financial analysis will be based on available historical financial statements for the Company, as well as internal operating documents, including financial projections for the Company. We will review transaction documents relating to the ESOP Transaction and the transactions related thereto, including the agreements with prospective lenders. We will also review industry and comparative public

Professionals' Eyes Only

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan
March 31, 2007
Page 4

company financial data, to the extent available, obtained from published or other available sources. We will use generally accepted valuation and analytical techniques as the basis for our analysis and the Opinion and the Bring-Down Opinion.

**Each of the Opinion and the Bring-Down Opinion will make many assumptions, including the assumptions that the Company will be able to realize upon the Anticipated Savings, the assumption that the Company will not have any material contingent liabilities, and the assumption that there has not been, and there will not be any change, effect, event, occurrence or state of facts that could reasonably be expected to be materially adverse to (i) the business, condition (financial or otherwise), assets, liabilities, prospects or results of operations of the Company, and/or (ii) the currently proposed form of the ESOP Transaction, and/or (iii) the Company's ability to realize upon the Anticipated Savings. Furthermore, the Opinion and the Bring-Down Opinion will make many assumptions included in those of the Company's financial models which have been delivered to Duff & Phelps.**

<u>Fees.</u>

Notwithstanding that Duff & Phelps has been engaged by the Trustee to render advice which may only be relied upon by the Trustee, the Company agrees to pay Duff & Phelps professional fees for this engagement of $750,000 payable as follows: (i) a non-refundable retainer of $250,000 upon execution of this Agreement which such amount shall be deemed earned when paid; (ii) $250,000 upon Duff & Phelps informing the Company that we are prepared to deliver the Opinion; and (iii) $250,000 upon Duff & Phelps informing the Company that we are prepared to deliver the Bring-Down Opinion. Notwithstanding the foregoing, in the event the form of the ESOP Transaction is changed from what was originally contemplated, the Company and Duff & Phelps agree that that they will renegotiate, in good faith, the timing of the payment of fees in excess of the retainer as appropriate for the revised form of transaction. No portion of these fees is contingent upon the consummation of a transaction or the conclusion reached in the Opinion or Bring-Down Opinion. In addition to professional fees, the Company agrees to promptly reimburse Duff & Phelps, from time to time upon request, for its reasonable out-of-pocket expenses (including travel, meals, lodging, telephone, document reproduction, telecopying, computer charges, and database access fees) and, to the extent agreed in writing in advance by the Company, for reasonable fees and expenses of counsel, consultants, and advisers retained by Duff & Phelps, in each case incurred in connection with the Engagement. In the event that the terms of the Engagement are modified after substantial completion of the analysis by Duff & Phelps in preparation of its Opinion and/or the Bring-Down Opinion and such modification requires substantial additional analysis or other services by Duff & Phelps, the Company agrees to negotiate in good faith the terms of additional compensation to Duff & Phelps.

**Deleted:** Such reasonable fees and expenses of counsel shall include, but not be limited to, the fees incurred in connection with drafting this Agreement, the Bring-Down Opinion and the Opinion.

In the event that the responsibilities of Duff & Phelps, as required to complete the engagement described herein are expanded significantly beyond the scope contemplated by this Agreement due to unanticipated circumstances which arise subsequent to the date of this Agreement, and which are outside the control of the parties to this Agreement, or if this assignment extends

Professionals' Eyes Only

TRB0101004

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan
March 31, 2007
Page 5

beyond December 31, 2007, due to unanticipated circumstances, the Company and Duff & Phelps agree that they will renegotiate, in good faith, the fees in excess of the retainer provided herein.

**Term.**

Either of the Trustee or Duff & Phelps may terminate the Engagement at any time by written notice. After termination, Duff & Phelps will no longer be obligated to render any additional services, and the Company will only be liable for paying us for our professional time and reimbursing us for expenses incurred through the date of termination. However, the other terms of this Agreement will remain in effect, including the terms of the Indemnification and Contribution Agreement referenced in the Terms of Retention.

Professionals' Eyes Only

TRB0101005

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan
March 31, 2007
Page 6

If this Agreement, including the Terms of Retention, is acceptable to you, please arrange to have the Agreement fully executed and returned to us along with the retainer.

**DUFF & PHELPS, LLC**

By: _/s/ Bob Bartell_____
    Robert A. Bartell, CFA
    Managing Director

By: _/s/ Christopher Janssen_____
    Christopher Janssen
    Managing Director

**AGREED TO AND ACCEPTED:**

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan

By: _____   Date: _____

Solely with respect to the two paragraphs under the heading "Fees" and the terms of the attached Terms of Retention applicable to the Company.

Tribune Company

By: _____   Date: _____
    Don Grenesko

Professionals' Eyes Only
TRB0101006

## DUFF & PHELPS, LLC
### Terms of Retention

The following terms set out the agreements under which Duff & Phelps is being engaged by GreatBanc Trust Company, as Trustee (the "Trustee") of a newly formed employee stock ownership plan (an "ESOP") of Tribune Company (the "Company"), in connection with its due diligence review of the Company on behalf of the participants of the ESOP. Capitalized terms used in these Terms of Retention but not defined herein have the meanings ascribed thereto in the letter agreement to which these Terms of Retention are attached.

Information; Certain Limitations. The Company agrees to furnish, or use its best efforts to cause to be furnished, to Duff & Phelps all reasonably requested data and information concerning the Company and the ESOP Transaction and all other such data, material and information as Duff & Phelps shall reasonably request. The Company warrants and represents that all information provided or otherwise made available to Duff & Phelps by or on behalf of the Company will be complete and correct in all material respects and will not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements therein not misleading in light of the circumstances under which they are made. The Company further warrants and represents that any projections provided by it to Duff & Phelps will have been prepared in good faith and will be based upon assumptions that, in light of the circumstances under which they are made, are reasonable. In rendering its services hereunder, Duff & Phelps will not independently verify the accuracy or completeness of any provided information, data, advice, opinions or representations, whether obtained from public or private sources. Duff & Phelps also will not independently evaluate, appraise or physically inspect any of the Company's specific assets or liabilities (contingent or otherwise). Duff & Phelps further will not independently investigate any legal matters involving the Company. By executing the Agreement, the Trustee acknowledges and agrees that in rendering its services hereunder Duff & Phelps will be using and relying on the information provided by and on behalf of the Company without independent verification thereof by Duff & Phelps. Notwithstanding the foregoing, in rendering the Opinion and the Bring-Down Opinion we will confirm that nothing has come to our attention in the course of the Engagement which would lead us to believe that (i) any of the information provided by and/or on behalf of the Company is insufficient or inaccurate in any material respect or (ii) that it is unreasonable for us to use and rely on such information. Duff & Phelps assumes no responsibility for the accuracy or completeness of any information provided by or on behalf of the Company. The Opinion and Bring-Down Opinion will not address any related transaction, and will not constitute a recommendation as to how any stockholder should vote or act with respect to any matters relating to the ESOP Transaction or any related transactions. Duff & Phelps assumes no responsibility for the accuracy or completeness of any information provided by or on behalf of the Company or any other information provided or otherwise made available to Duff & Phelps regarding the Company or the ESOP Transaction or any related transaction. The Opinion and Bring-Down Opinion will be based upon Duff & Phelps's assessment of general economic, financial, and market conditions as they exist and can be evaluated by Duff & Phelps as of the date of the Opinion and Bring-Down Opinion, as applicable. The advice to be provided in the Opinion and Bring-Down Opinion is inherently subjective; reasonable professionals or individuals reviewing the same information could reach different conclusions. The Opinion and Bring-Down Opinion will specifically set forth these and other reasonable limitations and will state that, to the extent that any of these assumptions or any of the facts on which the Opinion and Bring-Down Opinion, as applicable, are based proves to be untrue in any material respect, the Opinion and/or Bring-Down Opinion, as applicable, could not and should not be relied upon. As a financial advisor to the Trustee, Duff & Phelps will provide the services described herein but will not act as agent or broker to any person. Duff & Phelps will not solicit the purchase or sale of securities.

Coordination; Legal Matters. For Duff & Phelps to be effective, it will need the cooperation of the Company, the Trustee and their respective other advisers. Each of the Trustee and the Company acknowledges that it will need to retain counsel for review of legal matters. Duff & Phelps may rely upon the fact that each of the Company and the Trustee has been advised by counsel as to all legal matters. Duff & Phelps will not make, and assumes no responsibility to make, any representation, or render any opinion, as to any legal matter.

Confidentiality. Duff & Phelps will use any non-public or proprietary information provided by the Company ("Confidential Information") solely in the course of this Engagement and in a manner which Duff & Phelps believes in good faith is consistent with the Company's interests or is required by law. To allow Duff & Phelps to comply with this obligation, all Confidential

Professionals' Eyes Only

TRB0101007

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan
Page 2

Information whose sensitivity and confidentiality is not obvious must be marked "confidential." Each of the Trustee and the Company agrees that Duff & Phelps has the right to place advertisements in financial and other newspapers and journals at its own expense describing its services to the Trustee and the Company, as applicable, hereunder, but only upon the consummation of the ESOP Transaction. Prior to the publication of any such advertisement, Duff & Phelps shall obtain the Trustee's and/or the Company's, as applicable, prior written approval of such advertisement, such approval not to be unreasonably withheld.

<u>Use of Advice</u>. It is understood that the advice rendered by Duff & Phelps is for the information of the Trustee in connection with its due diligence review of the Company on behalf of the participants of the ESOP and may not be used for any other purpose or made available to or relied upon by any other person without Duff & Phelps' prior written consent, which consent shall not be unreasonably withheld. Notwithstanding the foregoing or anything to the contrary in the Agreement, in no event shall the Board be entitled to rely on the advice rendered by Duff & Phelps. In giving any consent described in the immediately preceding sentences, Duff & Phelps does not hereby admit that it comes within the category of a person whose consent is required under Section 7 or Section 11 of the Securities Act of 1933, as amended, or the rules and regulations adopted by the Securities and Exchange Commission thereunder, nor does Duff & Phelps admit that it is an expert with respect to any part of such filing within the meaning of the term "experts" as used in the Securities Act of 1993, as amended or the rules and regulations of the Securities and Exchange Commission thereunder if required by a governmental entity. The Trustee may summarize or otherwise reference the existence of the Opinion or Bring-Down Opinion to anyone who is a party to this Agreement and/or any of its/their respective attorneys and/or advisors, provided that any such summary or referenced language shall be subject to prior approval of Duff & Phelps (not to be unreasonably withheld). Except as otherwise set forth immediately above, no public reference to this Agreement may be made by Duff & Phelps or the Trustee without the express written consent of the other party (not to be unreasonably withheld). In addition, for purposes of clarity, no public reference to this Agreement may be made by the Company without the express written consent of Duff & Phelps and the Trustee (which shall not be unreasonably withheld), unless such public disclosure is legally required by the SEC <u>or unless the SEC requests to review such Opinion on a non-public confidential basis</u>.

<u>Potential Conflicts</u>. We have undertaken a review of our records to determine Duff & Phelps' professional relationship with the Trustee, and other parties of interest, and have identified no current relationships that would preclude us from accepting this engagement. However, Duff & Phelps may represent (in unrelated matters) parties interested in the Company, the ESOP Transaction and/or any related transaction, or persons who are the Company's or the Trustee's competitors or creditors, or whose interests otherwise conflict with those of the Company and/or the Trustee. In addition, Duff & Phelps may acquire information from them of interest to the Trustee. Duff & Phelps will not have any obligation to disclose any unrelated representation or any information it learns in the course of any unrelated representation to the Trustee, or to use that information in connection with the Engagement.

<u>Corporate Obligation</u>. The obligations of Duff & Phelps are solely corporate obligations. None of its directors, officers, employees, agents, shareholders, or controlling persons will individually be subject to any liability to the Trustee or anyone else, and the Trustee will not assert any such claim.

<u>Disputes</u>. We do not anticipate any disputes between us, but it is always prudent to provide a rational process to resolve any that may occur. The parties hereto agree that any legal action or proceeding with respect to this agreement may be brought in the courts of the State of Illinois or of any United States District Court located in the State of Illinois, and each consents to the non-exclusive jurisdiction of those courts. The parties hereto also irrevocably waive any objection, including any objection to the laying of venue or based on the grounds of forum non conveniens, which it may now or hereafter have to the bringing of any action or proceeding in such jurisdiction in respect of this agreement. Each party hereto waives personal service of any summons, complaint, or other process, which may be made by any other means permitted by the law of such state. Each of the parties hereto waives its constitutional right to a jury trial. Solely for purposes of enabling Duff & Phelps to enforce the indemnification obligations of the Company with respect to this Engagement, each of the Trustee and the Company hereby consents to personal jurisdiction, service of process, and venue in any court in which any threatened or pending investigation, lawsuit, action, claim, proceeding or dispute, including securityholder action (whether or not Duff & Phelps or any of its affiliates

Professionals' Eyes Only

TRB0101008

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan
Page 3

or any of its or their respective directors, officers, attorneys or other agents, stockholders, employees and controlling persons (each, an Indemnified Person") is a potential or actual named party or witness), for which the Company may have indemnification obligations, is brought against Duff & Phelps or any other Indemnified Person. Each party hereto agrees that any legal proceeding arising from or in connection with this engagement (or any variation or addition thereto) must be commenced within one year from the date when such party becomes aware of or ought reasonably to have become aware of the facts which give rise to the alleged liability and in any event not later than two years after any alleged breach of contract or act of gross negligence or commission of any other tort.

**Indemnification.** In connection with Duff & Phelps's performance under this Agreement, the Company agrees to extend the terms of the Indemnification and Contribution Agreement attached hereto for all services provided under this Agreement. In the event of a termination of this Agreement, the Indemnification and Contribution Agreement shall remain in full force for all services provided by Duff & Phelps under the Agreement.

**Miscellaneous.** Notice given pursuant to any of the provisions of this Agreement shall be in writing and shall be mailed or delivered: (a) if to the Trustee, at its offices at 1301 W. 22nd Street, Suite 800, Oak Brook, IL 60523, Attention: Marilyn Marchetti; (b) if to the Company, at its offices at 435 North Michigan Avenue, Chicago, IL 60611, Attention: Crane Kenney; and (c) if to Duff & Phelps, at its offices at 311 S. Wacker Drive, Suite 4200, Attention: Edward Forman, General Counsel. This Agreement has been and is made solely for the benefit of the Trustee and Duff & Phelps and their respective successors and assigns, and no other person shall acquire or have any right under or by virtue of this Agreement.

This Agreement (including these Terms of Retention and the related engagement letter and the attachments hereto) (i) contains all of the understandings between the parties hereto with respect to the subject matter hereof, and no party can rely upon or be bound by any understanding or statement, oral or otherwise, not specifically in this Agreement; (ii) cannot be modified or changed except by a written instrument signed by each party hereto; (iii) shall be governed by the law of Illinois without regard to any conflicts of law provisions; (iv) may be executed in counterparts; and (v) shall inure to the benefit of, and shall be binding upon, the respective successors and assigns of the parties hereto. If any term, provision, covenant, or restriction contained in this Agreement is unenforceable, the remainder of this Agreement shall remain in full force and effect and shall not be affected, impaired, or invalidated in any way.

CHILIB-950659.6-ML Moore-323419-00008

Professionals' Eyes Only

TRB0101009

GreatBanc Trust Company,
  as Trustee of the Tribune Company
  Employee Stock Ownership Plan
Page 4

### Indemnification and Contribution Agreement[1]

**See Attached**

---

[1] NOTE: The final, executed copy of this engagement letter will have as attached a copy of the Indemnification and Contribution Agreement which was attached to the March 8 Engagement Letter among the Trustee, the Company and Duff & Phelps (that Indemnification and Contribution Agreement contains the provisions of this attached sample Indemnification and Contribution Agreement).

CHILIB-950659.6-MLMoore-323419-00008

Professionals' Eyes Only

TRB0101010