# PROMISSORY DEMAND NOTE

U.S.  $3,000,000,000.00

June 4, 2007  Chicago, Illinois

FOR VALUE RECEIVED, each of the entities signatory hereto (each, a "Borrower") promises to pay to the order of TRIBUNE FINANCE, LLC ("Tribune Finance") on demand at the principal office of Tribune Finance at 435 North Michigan Avenue, 6th Floor, Chicago, Illinois 60611, or at such other place as the holder of this note ("Note') may from time to time designate in writing, the principal sum of all loans and advances made by Tribune Finance to such Borrower under this Note together with interest on the principal amount thereof from time to time outstanding at the rates and in the manner specified hereinbelow. All payments on this Note shall be made in lawful money of the United States and in immediately available and freely transferable funds at the place of payment and shall be paid on the date when due, without set-off or deduction of any kind.

Tribune Finance shall, and is hereby authorized to, record on the schedule attached hereto as Schedule I, or to otherwise record in accordance with its usual practice, the date and amount of each loan and advance to each Borrower and the date and amount of each principal payment hereunder; *provided, however*, that any failure to so record shall not affect such Borrower's obligations under this Note.

Interest on this Note shall be payable (i) at a per annum rate equal to the rate of interest applicable to the funds contributed to Tribune Finance by Tribune Company pursuant to the Credit Agreement dated as of May 17, 2007 (the "Credit Agreement"; capitalized terms used but not defined herein shall have the meanings ascribed thereto in the Credit Agreement) entered into among Tribune Company, as borrower, the lenders from time to time party thereto (the "Lenders") and JPMorgan Chase Bank, N.A., as administrative agent to the Lenders (the "Administrative Agent") and (ii) on the dates on which interest is payable by Tribune Company under the Credit Agreement.

Each Borrower hereby expressly waives presentment, demand, protest or notice of any kind with respect to this Note.

This Note is an Intercompany Junior Subordinated Note referred to in the Credit Agreement, and is subject to the terms thereof. Tribune Finance hereby acknowledges and agrees that the Administrative Agent may exercise all rights provided in the Credit Agreement with respect to this Note.

Anything in this Note to the contrary notwithstanding, the indebtedness evidenced by this Note owed by any Borrower to Tribune Finance shall be subordinate and junior in right of payment, to the extent and in the manner hereinafter set forth, to all Obligations of Tribune Company under the Credit Agreement and to Tribune Finance's guarantee of the Obligations under the Credit Agreement (such Obligations and other indebtedness and obligations in connection with any renewal, refunding, restructuring or refinancing thereof, including interest thereon accruing after the commencement of any proceedings referred to in clause (i) below, whether or not such

interest is an allowed claim in such proceeding, being hereinafter collectively referred to as "Senior Indebtedness")):

(i) in the event of any insolvency or bankruptcy proceedings, and any receivership, liquidation, reorganization or other similar proceedings in connection therewith, relative to any Borrower or to its creditors, as such, or to its property, and in the event of any proceedings for voluntary liquidation, dissolution or other winding up of such Borrower, whether or not involving insolvency or bankruptcy, then (x) the holders of Senior Indebtedness shall be paid in full in cash in respect of all amounts constituting Senior Indebtedness before Tribune Finance is entitled to receive (whether directly or indirectly), or make any demands for, any payment on account of this Note unless the payments or other amounts received by Tribune Finance on account of this Note are distributed to Tribune Company and applied by Tribune Company to Senior Indebtedness and (y) until the holders of Senior Indebtedness are paid in full in cash in respect of all amounts constituting Senior Indebtedness, any payment or distribution to which Tribune Finance would otherwise be entitled shall be made to the holders of Senior Indebtedness, unless any such payment or distribution to which Tribune Finance is entitled is distributed by Tribune Finance to Tribune Company and applied by Tribune Company to Senior Indebtedness;

(ii) if any default occurs and is continuing with respect to any Senior Indebtedness (including any Default under the Credit Agreement), then no payment or distribution of any kind or character shall be made by or on behalf of any Borrower or any other Person on its behalf with respect to this Note unless any such payment or distribution paid to Tribune Finance on account of this Note is distributed to Tribune Company and applied by Tribune Company to Senior Indebtedness; and

(iii) if any payment or distribution of any character, whether in cash, securities or other property, in respect of this Note shall (despite these subordination provisions) be received by Tribune Finance in violation of clause (i) or (ii) before all Senior Indebtedness shall have been paid in full in cash, such payment or distribution shall be held in trust for the benefit of, and shall be paid over or delivered to, the holders of Senior Indebtedness (or their representatives), ratably according to the respective aggregate amounts remaining unpaid thereon, to the extent necessary to pay all Senior Indebtedness in full in cash.

To the fullest extent permitted by law, no present or future holder of Senior Indebtedness shall be prejudiced in its right to enforce the subordination of this Note by any act or failure to act on the part of any Borrower or by any act or failure to act on the part of such holder or any trustee or agent for such holder. Tribune Finance and each Borrower hereby agree that the subordination of this Note is for the benefit of the Administrative Agent and the Lenders and the Administrative Agent and the Lenders are obligees under this Note to the same extent as if their names were written herein as such and the Administrative Agent may, on behalf of the itself and the Lenders, proceed to enforce the subordination provisions herein.

Nothing contained in the subordination provisions set forth above is intended to or will impair, as between each Borrower and Tribune Finance, the obligations of such Borrower, which are absolute and unconditional, to pay to Tribune Finance the principal of and interest on this Note as and when due and payable in accordance with its terms, or is intended to or will affect the

relative rights of Tribune Finance and other creditors of such Borrower other than the holders of Senior Indebtedness.

The indebtedness evidenced hereby may be prepaid in whole or in part at any time and from time to time without premium or penalty.

The failure of Tribune Finance to exercise any of its rights, powers or remedies hereunder in any instance shall not constitute a waiver thereof in that or any other instance and no single or partial exercise by Tribune Finance of any right, power or remedy shall preclude other or further exercise thereof or any exercise of any other rights, powers or remedies.

* * * * *

This Note shall be governed by, and construed in accordance with, the internal laws of the Sate of New York.

THE BALTIMORE SUN COMPANY,
as a Borrower

By: *[signature]*
Name: Chandler Bigelow
Title:   Assistant Treasurer

CHICAGO TRIBUNE COMPANY,
as a Borrower

By: *[signature]*
Name: Chandler Bigelow
Title:   Assistant Treasurer

THE DAILY PRESS, INC., as a Borrower

By: *[signature]*
Name: Chandler Bigelow
Title:   Assistant Treasurer

THE HARTFORD COURANT COMPANY,
as a Borrower

By: *[signature]*
Name: Chandler Bigelow
Title:   Assistant Treasurer

ORLANDO SENTINEL COMMUNICATIONS COMPANY, as a Borrower

By: *[signature]*
Name: Chandler Bigelow
Title:   Assistant Treasurer

Signature Page to
Promissory Demand Note

SUN-SENTINEL COMPANY, as a Borrower

By: *[signature]*
Name: Chandler Bigelow
Title: Assistant Treasurer

NEWSDAY, INC., as a Borrower

By: *[signature]*
Name: Chandler Bigelow
Title: Assistant Treasurer

LOS ANGELES TIMES COMMUNICATIONS LLC, as a Borrower

By: *[signature]*
Name: Chandler Bigelow
Title: Assistant Treasurer

Schedule I to

Promissory Demand Note Dated June 4, 2007

_____

to

TRIBUNE FINANCE, LLC

| Borrower | Date | Amount of Loan | Amount of Principal Paid | Unpaid Principal Balance |
|---|---|---|---|---|
| The Baltimore Sun Company | June 4, 2007 | $300,000,000 | | |
| Chicago Tribune Company | June 4, 2007 | $850,000,000 | | |
| The Daily Press, Inc. | June 4, 2007 | $25,000,000 | | |
| The Hartford Courant Company | June 4, 2007 | $200,000,000 | | |
| Sun-Sentinel Company | June 4, 2007 | $300,000,000 | | |
| Newsday, Inc. | June 4, 2007 | $200,000,000 | | |
| Orlando Sentinel Communications Company | June 4, 2007 | $125,000,000 | | |
| Los Angeles Times Communications LLC | June 4, 2007 | $1,000,000,000 | | |