# PROMISSORY NOTE

**$400,000,000**                                                                    **March 24, 1997**

**FOR VALUE RECEIVED,** the undersigned, TOWER ACQUISITION COMPANY, INC., a Delaware corporation ("Debtor"), hereby promises to pay to the order of TRIBUNE COMPANY, a Delaware corporation ("Holder"), or its assigns, at its principal place of business located at 435 N. Michigan Avenue, Chicago, Illinois 60611, or at such other place as the Holder of this Promissory Note ("Note") may designate from time to time in writing, on or prior to March 24, 2007, the principal sum of FOUR HUNDRED MILLION DOLLARS ($400,000,000) plus accrued interest thereon.

Debtor promises to pay interest on the unpaid principal amount hereof at a rate of eight and one-half percent (8-1/2%) from the date of issuance of this Note until such principal amount is paid in full. Interest shall be payable semi-annually commencing on October 1, 1997 and continuing on each April 1 and October 1 thereafter through and including the date of repayment of this Note. Interest on this Note shall be computed on the basis of the actual days in a month and a year of 365 days. If any payment hereunder becomes due and payable on a Saturday, Sunday or legal holiday under the laws of the State of Illinois, the due date thereof shall be extended to the next succeeding business day, and interest shall be payable thereon during such extension at the rate specified herein.

Any unpaid principal amount plus accrued interest thereon may, at the option of Debtor, be paid in full or in part, without premium, penalty or fees at any time. Payments received by Holder from Debtor on this Note shall be applied first to the payment of interest which is due and payable and only thereafter to the outstanding principal balance. Upon payment in full of amounts due hereunder, this Note shall be surrendered promptly to Debtor for cancellation.

The Holder's failure at any time or times hereafter to require strict performance by Debtor of any of the provisions, terms and conditions contained in this Note or in any other note, security agreement, agreement, guaranty, instrument or document, now or at any time or times hereafter executed by Debtor to the Holder, shall not waive, affect or diminish any right of the Holder at any time or times to demand strict performance thereof and such right shall not be deemed to have been waived by any act or knowledge of the Holder or its agents, officers or employees, unless such waiver is in writing signed by an officer of the Holder and directed to Debtor specifying such waiver. No waiver by the Holder of any default shall operate as a waiver of any other default or the same default on a future occasion. No delay or omission on the part of the Holder in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Holder of any right or remedy shall preclude other or further exercise thereof or the exercise of any other right or remedy.

The occurrence of any one or more of the following events for any reason whatsoever (and whether such occurrence shall be voluntary or involuntary or be effected by operation of law or pursuant to any judgment, decree or order of any court or any order, rule or regulation of any administrative or governmental body) shall constitute an "Event of Default" under this Note:

(i)  the failure of Debtor to pay when due or declared due any principal or interest due hereunder;

(ii)  any breach by the Debtor of any of the terms and conditions contained in this Note; or

(iii)  a petition for relief under any federal or state bankruptcy or insolvency law shall have been filed by or against the Debtor; or the Debtor shall make a general assignment for the benefit of its creditors; or the Debtor shall consent to the appointment of or taking possession by a receiver, liquidator, assignee, sequestrator, trustee, custodian or similar official of the Debtor or of all or any substantial part of its property; or the Debtor shall have admitted to its insolvency or inability to pay, or shall have failed to pay, its debts generally as such debts become due; or the directors or majority stockholders, as the case may be, shall take any action looking to the dissolution or liquidation of the Debtor.

In case an Event of Default shall occur, the Holder of this Note may proceed to protect and enforce its rights by suit in equity, action at law or other appropriate proceeding, whether for the specific performance of any covenant contained in this Note or in aid of the exercise of any power granted in this Note or may proceed to enforce the payment of this Note or to enforce any other legal or equitable right of any Holder of this Note, and may by notice in writing to the Debtor declare the unpaid principal amount of this Note then outstanding, together with any interest accrued and unpaid thereon, to be immediately due and payable; and thereupon such principal amount and interest shall become due and payable without presentation, protest or further demand or notice of any kind, all of which are hereby expressly waived.

The undersigned hereby waives presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this Note.

The obligations of the Debtor under this Note may not be transferred or assigned by the Debtor to any person without the prior written consent of the Holder, and any such action without such consent shall be void ab initio.

This Note shall be governed by and interpreted in accordance with the substantive laws of the State of Illinois.

Wherever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provisions shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

**TOWER ACQUISITION COMPANY, INC.**

By: _____
Name: Crane Kenney
Its: Secretary

# ALLONGE

This Allonge is made to that certain $400,000,000 Promissory Note (the "Note") dated March 24, 1997 by Tower Acquisition Company, Inc. (n/k/a Tribune Television Company), a Delaware corporation ("Debtor"), and Tribune Company, a Delaware corporation ("Tribune").

Debtor and Tribune agree that:  (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Shortland Publications, Inc., a Delaware corporation ("Shortland"), (ii) the semi-annual interest payment dates are revised to June 20 and December 20 of each year commencing June 20, 1998 and (iii) the interest payable on the principal sum balance shall be computed on the basis of the actual days in a month and a year of 360 days.  Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by Shortland as the new Holder in accordance with its terms.

Dated:  As of May 1, 1998

TRIBUNE TELEVISION COMPANY

By: _____
    Gerald W. Agema, Vice President

TRIBUNE COMPANY

By: _____
    Crane H. Kenney, Vice President

ACKNOWLEDGED AND AGREED:

SHORTLAND PUBLICATIONS, INC.

By: _____
    Crane H. Kenney, Secretary

mhianik/shortlnd/ttcalnge

## ALLONGE

This Allonge is made to that certain $400,000,000 Promissory Note (the "Note") dated March 24, 1997 by Tower Acquisition Company, Inc. (n/k/a Tribune Television Company), a Delaware corporation ("Debtor"), as modified and amended by the Allonge dated May 1, 1998.

Debtor, Tribune Company, Shortland Publications, Inc. ("Shortland") and Tribune Education Company agree that all of Shortland's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"). Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Holder in accordance with its terms.

Dated: As of June 19, 2000

TRIBUNE TELEVISION COMPANY

By: _____
      Gerald W. Agema, Vice President

TRIBUNE COMPANY

By: _____
      Crane H. Kenney, Senior Vice
      President

TRIBUNE EDUCATION COMPANY

By: _____
      Crane H. Kenney, Secretary

SHORTLAND PUBLICATIONS, INC

By: _____
      Crane H. Kenney, Secretary

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
      William H. Barlow

# PROMISSORY NOTE

Maximum Principal Amount:                                   December 26, 1997
U.S. $550,000,000                                          Chicago, Illinois


FOR VALUE RECEIVED, the undersigned, Tribune Television Company, a Delaware corporation (the "Borrower"), HEREBY PROMISES TO PAY to the order of Tribune Company, a Delaware corporation, (the "Lender") the principal amount of FIVE HUNDRED FIFTY MILLION DOLLARS ($550,000,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 8.50% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 26, 2007. Accrued interest shall be payable semi-annually, in arrears, on each succeeding July 1, and January 1, respectively, commencing July 1, 1998.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Illinois.

TRIBUNE TELEVISION COMPANY

By: _____
Crane Kenney, Secretary

(Seal)

ATTEST:

_David J. Granat_

# ALLONGE

This Allonge is made to that certain $550,000,000 Promissory Note (the "Note") dated December 26, 1997 by Tribune Television Company, a Delaware corporation ("Debtor"), and Tribune Company, a Delaware corporation ("Tribune").

Debtor and Tribune agree that: (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Shortland Publications, Inc., a Delaware corporation ("Shortland") and (ii) the semi-annual interest payment dates are revised to June 20 and December 20 of each year commencing June 20, 1998. Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by Shortland as the new Holder in accordance with its terms.

Dated: As of May 1, 1998

**TRIBUNE TELEVISION COMPANY**

By: _____
Gerald W. Agema, Vice President

**TRIBUNE COMPANY**

By: _____
Crane H. Kenney, Vice President

**ACKNOWLEDGED AND AGREED:**

**SHORTLAND PUBLICATIONS, INC.**

By: _____
Crane H. Kenney, Secretary

mhianik/shortlnd/ttcalng2

## ALLONGE

This Allonge is made to that certain $550,000,000 Promissory Note (the "Note") dated December 26, 1997 by Tribune Television Company, a Delaware corporation ("Debtor"), as modified and amended by the Allonge dated May 1, 1998.

Debtor, Tribune Company, Shortland Publications, Inc. ("Shortland") and Tribune Education Company agree that all of Shortland's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"). Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Holder in accordance with its terms.

Dated: As of June 19, 2000

TRIBUNE TELEVISION COMPANY

By: _____
Gerald W. Agema, Vice President

TRIBUNE COMPANY

By: _____
Crane H. Kenney, Senior Vice President

TRIBUNE EDUCATION COMPANY

By: _____
Crane H. Kenney, Secretary

SHORTLAND PUBLICATIONS, INC

By: _____
Crane H. Kenney, Secretary

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
William H. Barlow

# THE DAILY PRESS, INC.

## Note due June 30, 2007

FOR VALUE RECEIVED, the undersigned, The Daily Press, Inc. (the "Company"), a Delaware corporation hereby promises to pay to Tribune Company (the "Payee"), a Delaware corporation, or holder, the principal sum of Forty-Two Million Two Hundred Fourteen Thousand and Fifty-Four Dollars ($42,214,054) on June 30, 2007, with interest as set forth herein.

The Company promises to pay to the Payee interest on the unpaid daily balance of the principal amount hereof at the interest rate for the Interest Period (hereinafter defined) at the average effective per annum interest rate paid by Tribune Company, computed as of the first day of such Interest Period, on Tribune Company's then outstanding long-term debt from the date hereof, payable on the first day of each Interest Period.  For purposes hereof, Interest Period means each 4 or 5-week accounting period of Payee during the term of this Note, commencing with the first Interest Period occurring after the execution of this Note until the principal hereof shall have become due and payable.  All interest payments shall be payable, to the extent due, on the basis of a year of 364 days, the yearly rate of interest to which such interest rate is equivalent is such interest rate multiplied by such number of days in the calendar year for which such calculation is made divided by 364.

This Note may not be prepaid in whole or in part except with the written consent of the Payee in each instance, on such terms as may be specified by the Payee.  Upon any prepayment of the Note, the Company shall pay the principal amount then being prepaid, together with accrued interest to but excluding the date of such prepayment.  On the date agreed upon for prepayment of this Note the holder of this Note shall surrender this Note for cancellation by the Company and, to the extent this Note is not prepaid in full, the Company shall issue to the holder a new note on the same terms as this Note other than the issue date and principal amount hereof and other than any other changes agreed upon by the Company and the holder.  In the event the holder does not so surrender this Note for cancellation, the Company may deposit the amount payable hereunder in an account for the benefit of the holder.  This Note shall cease to bear interest on and after the date fixed for such prepayment except to the extent the Company shall fail to pay (or deposit in accordance with the previous sentence) any amount payable on such prepayment date in respect of the Note on or before the date fixed for such prepayment, in which event the unpaid principal amount of this Note shall bear interest from and after such date until paid at the rate per annum equal to the applicable rate per annum set forth above, and so far as may be lawful, any overdue installment of interest shall bear interest at the same per annum rate.

This Note constitutes an unsecured obligation of the Company, ranking with all other unsecured indebtedness of the Company, except for amounts owed by the Company which, pursuant to the terms of the instrument evidencing the same, are subordinate in right of payment to this Note.  Payments of both principal and interest are to be made at the office of Payee, or such other place as the holder hereof shall designate to the Company in writing, in lawful money of the United States of America.



In the event any principal or interest shall not be paid when due, the entire outstanding amount of this Note may be declared due and payable.

Upon payment in full of all amounts due under this Note, this Note shall be surrendered promptly to the undersigned for cancellation.

The Company agrees to pay, and save the holder hereof harmless against, any liability for the payment of any costs and expenses arising in connection with the enforcement by the holder hereof of any of its rights under this Note.

This Note may not be assigned in whole or in part by the holder hereof without the prior written consent of the undersigned.

The undersigned hereby waives demand and presentment, notice of nonpayment and dishonor, protest and notice of protest.

The obligation of the undersigned to pay the principal of and interest on this Note at the place and the respective times prescribed herein is absolute and unconditional.

This Note may not be amended without the written consent of the undersigned.

IN WITNESS WHEREOF, the undersigned has caused this Note to be duly executed and delivered as of 27 June, 1997

THE DAILY PRESS, INC.

By: _____

Name: JACK W. DAVIS, JR.

Title: PRESIDENT

h:\edryfhout\tpk\dailynot

# ALLONGE

This Allonge is made to that certain $42,214,054 Promissory Note (the "Note") dated June 27, 1997 by The Daily Press, Inc., a Delaware corporation ("Debtor") and Tribune Company, a Delaware corporation ("Tribune").

Debtor and Tribune agree that: (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Shortland Publications, Inc., a Delaware corporation ("Shortland") and (ii) paragraph 2 of the Note is hereby deleted in its entirety and the following is substituted therefor:

> "Debtor promises to pay interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 8.5% per annum. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing June 20, 1998."

Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by Shortland as the new Holder in accordance with its terms.

Dated: As of May 1, 1998

THE DAILY PRESS, INC.

By: _Eugene J Park_____

Eugene J. Park, Vice President

TRIBUNE COMPANY

By: _Crane Kenney_____

Crane H. Kenney, Vice President

ACKNOWLEDGED AND AGREED:

SHORTLAND PUBLICATIONS, INC.

By: _Crane Kenney_____

Crane H. Kenney, Secretary

mhianik/shortlnd/tdpalnge

## ALLONGE

This Allonge is made to that certain $42,214,000 Promissory Note (the "Note") dated June 27, 1997 by The Daily Press, Inc., a Delaware corporation ("Debtor"), as modified and amended by the Allonge dated May 1, 1998.

Debtor, Tribune Company, Shortland Publications, Inc. ("Shortland") and Tribune Education Company agree that all of Shortland's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"). Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Holder in accordance with its terms.

Dated: As of June 19, 2000

THE DAILY PRESS, INC.

By: _____
    Crane H. Kenney, Secretary

TRIBUNE COMPANY

By: _____
    Crane H. Kenney, Senior Vice
    President

TRIBUNE EDUCATION COMPANY

By: _____
    Crane H. Kenney, Secretary

SHORTLAND PUBLICATIONS, INC

By: _____
    Crane H. Kenney, Secretary

ACKNOWLEDGED AND AGREED:


LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
    William H. Barlow

# PROMISSORY NOTE

Maximum Principal Amount:                                            May 1, 1998
U.S. $725,000,000                                                   Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, Tribune Broadcasting Company, a Delaware corporation (the "Borrower"), HEREBY PROMISES TO PAY to the order of Shortland Publications, Inc., a Delaware corporation (the "Lender"), the principal amount of SEVEN HUNDRED TWENTY-FIVE MILLION DOLLARS ($725,000,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 8.50% per annum. The principal indebtedness evidenced hereby shall be payable in full on April 30, 2008. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing June 20, 1998.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Illinois.

TRIBUNE BROADCASTING COMPANY

By: _____
Gerald W. Agema, Vice President

ATTEST:

_____
Mark W. Hianik, Assistant Secretary

mhianik/shortlnd/tbcnote

## ALLONGE

This Allonge is made to that certain $725,000,000 Promissory Note (the "Note") dated May 1, 1998 by Tribune Broadcasting Company, a Delaware corporation ("Debtor").

Debtor, Tribune Company, Shortland Publications, Inc. ("Shortland") and Tribune Education Company agree that all of Shortland's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"). Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Holder in accordance with its terms.

Dated: As of June 19, 2000

TRIBUNE BROADCASTING COMPANY

By: _____
    Gerald W. Agema, Vice President

TRIBUNE COMPANY

By: _____
    Crane H. Kenney, Senior Vice
    President

TRIBUNE EDUCATION COMPANY

By: _____
    Crane H. Kenney, Secretary

SHORTLAND PUBLICATIONS, INC

By: _____
    Crane H. Kenney, Secretary

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
    William H. Barlow



# PROMISSORY NOTE

Maximum Principal Amount:
U.S. $100,000,000

December 28, 1998
Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, KHTV INC., a Delaware corporation (the "Borrower"), HEREBY PROMISES TO PAY to the order of Shortland Publications, Inc., a Delaware corporation (the "Lender"), the principal amount of ONE HUNDRED MILLION DOLLARS ($100,000,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 7.50% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 31, 2008. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing June 20, 1999.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Illinois.

KHTV INC.

By: _____
       Gerald W. Agema, Treasurer

ATTEST:

_____
Mark W. Hianik, Assistant Secretary

mhianik/shortlnd/khtvnote

## ALLONGE

This Allonge is made to that certain $100,000,000 Promissory Note (the "Note") dated December 28, 1998 by KHTV Inc., a Delaware corporation ("Debtor").

Debtor, Tribune Company, Shortland Publications, Inc. ("Shortland") and Tribune Education Company agree that all of Shortland's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"). Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Holder in accordance with its terms.

Dated: As of June 19, 2000

**KHTV INC.**

By: _____
Gerald W. Agema, Treasurer

**TRIBUNE COMPANY**

By: _____
Crane H. Kenney, Senior Vice
President

**TRIBUNE EDUCATION COMPANY**

By: _____
Crane H. Kenney, Secretary

**SHORTLAND PUBLICATIONS, INC**

By: _____
Crane H. Kenney, Secretary

**ACKNOWLEDGED AND AGREED:**

**LOS ANGELES TIMES INTERNATIONAL, LTD.**

By: _____
William H. Barlow

# PROMISSORY NOTE

Maximum Principal Amount:                                    December 28, 1998
U.S. $70,000,000                                                  Chicago, Illinois

     **FOR VALUE RECEIVED,** the undersigned, WGNX INC., a Delaware corporation (the "Borrower"), HEREBY PROMISES TO PAY to the order of Shortland Publications, Inc., a Delaware corporation (the "Lender"), the principal amount of SEVENTY MILLION DOLLARS ($70,000,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 7.50% per annum.  The principal indebtedness evidenced hereby shall be payable in full on December 31, 2008.  Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing June 20, 1999.

     Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds.  Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

     The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority:  (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

     This Promissory Note shall be governed by and construed in accordance with the laws of the State of Illinois.

                                 **WGNX INC.**

                                 By: _____
                                     Gerald W. Agema, Treasurer

ATTEST:

_____
Mark W. Hianik, Assistant Secretary

## ALLONGE

This Allonge is made to that certain $70,000,000 Promissory Note (the "Note") dated December 28, 1998 by WGNX Inc. (n/k/a KCPQ Inc.), a Delaware corporation ("Debtor").

Debtor, Tribune Company, Shortland Publications, Inc. ("Shortland") and Tribune Education Company agree that all of Shortland's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"). Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Holder in accordance with its terms.

Dated: As of June 19, 2000

KCPQ INC.

By: _____
Gerald W. Agema, Treasurer

TRIBUNE COMPANY

By: _____
Crane H. Kenney, Senior Vice
President

TRIBUNE EDUCATION COMPANY

By: _____
Crane H. Kenney, Secretary

SHORTLAND PUBLICATIONS, INC

By: _____
Crane H. Kenney, Secretary

**ACKNOWLEDGED AND AGREED:**

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
William H. Barlow

# PROMISSORY NOTE

Maximum Principal Amount:                                                    December 28, 1998
U.S. $45,000,000                                                                   Chicago, Illinois

      **FOR VALUE RECEIVED,** the undersigned, WGNO INC., a Delaware corporation (the "Borrower"), HEREBY PROMISES TO PAY to the order of Shortland Publications, Inc., a Delaware corporation (the "Lender"), the principal amount of FORTY-FIVE MILLION DOLLARS ($45,000,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 7.50% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 31, 2008. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing June 20, 1999.

      Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

      The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

      This Promissory Note shall be governed by and construed in accordance with the laws of the State of Illinois.

WGNO INC.

By: _____
        Gerald W. Agema, Treasurer

ATTEST:

_____
Mark W. Hilnik, Assistant Secretary

# ALLONGE

This Allonge is made to that certain $45,000,000 Promissory Note (the "Note") dated December 28, 1998 by WGNO Inc., a Delaware corporation ("Debtor").

Debtor, Tribune Company, Shortland Publications, Inc. ("Shortland") and Tribune Education Company agree that all of Shortland's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"). Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Holder in accordance with its terms.

Dated: As of June 19, 2000

WGNO INC.

By: _____
      Gerald W. Agema, Treasurer

TRIBUNE COMPANY

By: _____
      Crane H. Kenney, Senior Vice
      President

TRIBUNE EDUCATION COMPANY

By: _____
      Crane H. Kenney, Secretary

SHORTLAND PUBLICATIONS, INC

By: _____
      Crane H. Kenney, Secretary

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
      William H. Barlow

# PROMISSORY NOTE

Maximum Principal Amount:                                                December 20, 1999
U.S. $100,000,000                                                        Chicago, Illinois

     **FOR VALUE RECEIVED**, the undersigned, WBDC Broadcasting, Inc., a Delaware corporation (the "Borrower"), HEREBY PROMISES TO PAY to the order of Shortland Publications, Inc., a Delaware corporation (the "Lender"), the principal amount of ONE HUNDRED MILLION DOLLARS ($100,000,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 7.50% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 20, 2009. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing June 20, 2000.

     Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

     The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

     This Promissory Note shall be governed by and construed in accordance with the laws of the State of Illinois.

WBDC BROADCASTING, INC.

By: _____

    Gerald W. Agema, Vice President &
                Treasurer

ATTEST: _____

Mark W. Hianik, Assistant Secretary

mhianik/shortlnd/wbdcnote

## ALLONGE

This Allonge is made to that certain $100,000,000 Promissory Note (the "Note") dated December 20, 1999 by WBDC Broadcasting, Inc., a Delaware corporation ("Debtor").

Debtor, Tribune Company, Shortland Publications, Inc. ("Shortland") and Tribune Education Company agree that all of Shortland's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"). Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Holder in accordance with its terms.

Dated: As of June 19, 2000

WBDC BROADCASTING, INC.

By: _____
    Gerald W. Agema, Vice President

TRIBUNE COMPANY

By: _____
    Crane H. Kenney, Senior Vice
    President

TRIBUNE EDUCATION COMPANY

By: _____
    Crane H. Kenney, Secretary

SHORTLAND PUBLICATIONS, INC

By: _____
    Crane H. Kenney, Secretary

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
    William H. Barlow

# PROMISSORY NOTE

Maximum Principal Amount:                                   As of June 12, 2000
U.S. $965,000,000                                              Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, Newsday, Inc., a New York corporation
("Borrower"), HEREBY PROMISES TO PAY to the order of Tribune Company, a Delaware
corporation (the "Lender"), the principal amount of NINE HUNDRED SIXTY FIVE MILLION
DOLLARS ($965,000,000.00) together with interest (computed on the basis of a year of 365
days for the actual number of days elapsed) on the principal amount hereunder outstanding from
and including the date hereof until said principal amount is paid in full, at an interest rate equal at
all times to 10.0% per annum. The principal indebtedness evidenced hereby shall be payable in
full on June 12, 2010. Accrued interest shall be payable semi-annually, in arrears, on each
succeeding June 30 and December 31, commencing December 31, 2000.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on
the day for payment thereof in lawful money of the United States of America to the Lender in
immediately available funds. Whenever any payment to be made hereunder shall be otherwise
due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a
"Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time.
If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be
applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and
(b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of
the State of Delaware.

NEWSDAY, INC.

By: _____
R. Mark Mallory
Assistant Treasurer

ATTEST:

_____
Crane H. Kenney
Secretary

mvainisi/tco-corp/tax/not-nday

## ALLONGE

This Allonge is made to that certain $965,000,000.00 Promissory Note (the "Note") dated as of June 12, 2000 by Newsday, Inc., a New York corporation ("Borrower"), in favor of Tribune Company, a Delaware corporation ("Tribune").

Borrower and Tribune agree that: (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"); (ii) interest on the Note shall henceforth at all times equal 7.25% per annum; (iii) henceforth accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing December 20, 2001; and (iv) the interest payable on the principal sum balance shall be computed on the basis of the actual days in a month and a year of 360 days. Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Lender in accordance with its terms.

Dated: As of June 20, 2001

NEWSDAY, INC.

By: _____
R. Mark Mallory, Assistant Treasurer

TRIBUNE COMPANY

By: _____
Crane H. Kenney, Senior Vice President

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
James D. Shaw, Treasurer

mvainisi/tco-corp/tax/alg-nday



# PROMISSORY NOTE

Maximum Principal Amount:                                    As of June 12, 2000
U.S. $525,000,000                                                Chicago, Illinois

     **FOR VALUE RECEIVED,** the undersigned, The Baltimore Sun Company, a Maryland corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Tribune Company, a Delaware corporation (the "Lender"), the principal amount of FIVE HUNDRED TWENTY FIVE MILLION DOLLARS ($525,000,000.00) together with interest (computed on the basis of a year of 365 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 10.0% per annum. The principal indebtedness evidenced hereby shall be payable in full on June 12, 2010. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 30 and December 31, commencing December 31, 2000.

     Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

     The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

     This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

THE BALTIMORE SUN COMPANY

By: _____
    R. Mark Mallory
    Assistant Treasurer

ATTEST:

_____
Crane H. Kenney
Secretary

mvainisi/tco-corp/tax/not-bsun

## ALLONGE

This Allonge is made to that certain $525,000,000.00 Promissory Note (the "Note") dated as of June 12, 2000 by The Baltimore Sun Company, a Maryland corporation ("Borrower"), in favor of Tribune Company, a Delaware corporation ("Tribune").

Borrower and Tribune agree that: (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"); (ii) interest on the Note shall henceforth at all times equal 7.25% per annum; (iii) henceforth accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing December 20, 2001; and (iv) the interest payable on the principal sum balance shall be computed on the basis of the actual days in a month and a year of 360 days.  Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Lender in accordance with its terms.

Dated: As of June 20, 2001

THE BALTIMORE SUN COMPANY

By: _____

R. Mark Mallory, Assistant Treasurer

TRIBUNE COMPANY

By: _____

Crane H. Kenney, Senior Vice President

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____

James D. Shaw, Treasurer

mvainisi/tco-corp/tax/alg-bsun

# PROMISSORY NOTE

Maximum Principal Amount:
U.S. $355,000,000

As of June 12, 2000
Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, The Hartford Courant Company, a Connecticut corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Tribune Company, a Delaware corporation (the "Lender"), the principal amount of THREE HUNDRED FIFTY FIVE MILLION DOLLARS ($355,000,000.00) together with interest (computed on the basis of a year of 365 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 10.0% per annum.  The principal indebtedness evidenced hereby shall be payable in full on June 12, 2010.  Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 30 and December 31, commencing December 31, 2000.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds.  Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time.  If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority:  (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

THE HARTFORD COURANT COMPANY

By: _____
R. Mark Mallory
Assistant Treasurer

ATTEST:

_____
Crane H. Kenney
Secretary

## ALLONGE

This Allonge is made to that certain $355,000,000.00 Promissory Note (the "Note") dated as of June 12, 2000 by The Hartford Courant Company, a Connecticut corporation ("Borrower"), in favor of Tribune Company, a Delaware corporation ("Tribune").

Borrower and Tribune agree that: (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"); (ii) interest on the Note shall henceforth at all times equal 7.25% per annum; (iii) henceforth accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing December 20, 2001; and (iv) the interest payable on the principal sum balance shall be computed on the basis of the actual days in a month and a year of 360 days.  Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Lender in accordance with its terms.

Dated: As of June 20, 2001

THE HARTFORD COURANT
COMPANY

By: _____

R. Mark Mallory, Assistant Treasurer

TRIBUNE COMPANY

By: _____

Crane H. Kenney, Senior Vice President

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____

James D. Shaw, Treasurer

mvainisi/tco-corp/tax/alg-hcou

# PROMISSORY NOTE

Maximum Principal Amount:  
U.S. $205,000,000

As of June 12, 2000  
Chicago, Illinois

---

FOR VALUE RECEIVED, the undersigned, The Morning Call, Inc., a Pennsylvania corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Tribune Company, a Delaware corporation (the "Lender"), the principal amount of TWO HUNDRED FIVE MILLION DOLLARS ($205,000,000.00) together with interest (computed on the basis of a year of 365 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 10.0% per annum. The principal indebtedness evidenced hereby shall be payable in full on June 12, 2010. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 30 and December 31, commencing December 31, 2000.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

THE MORNING CALL, INC.

By: _____  
R. Mark Mallory  
Assistant Treasurer

ATTEST:

_____  
Crane H. Kenney  
Secretary

## ALLONGE

This Allonge is made to that certain $205,000,000.00 Promissory Note (the "Note") dated as of June 12, 2000 by The Morning Call, Inc., a Pennsylvania corporation ("Borrower"), in favor of Tribune Company, a Delaware corporation ("Tribune").

Borrower and Tribune agree that: (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"); (ii) interest on the Note shall henceforth at all times equal 7.25% per annum; (iii) henceforth accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing December 20, 2001; and (iv) the interest payable on the principal sum balance shall be computed on the basis of the actual days in a month and a year of 360 days. Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Lender in accordance with its terms.

Dated: As of June 20, 2001

THE MORNING CALL, INC.

By: _____

R. Mark Mallory, Assistant Treasurer

TRIBUNE COMPANY

By: _____

Crane H. Kenney, Senior Vice President

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____

James D. Shaw, Treasurer

mvainisi/tco-corp/tax/alg-mcal

# PROMISSORY NOTE

| | |
|---|---|
| Maximum Principal Amount: | As of June 12, 2000 |
| U.S. $50,000,000 | Chicago, Illinois |

FOR VALUE RECEIVED, the undersigned, Southern Connecticut Newspapers, Inc., a Connecticut corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Tribune Company, a Delaware corporation (the "Lender"), the principal amount of FIFTY MILLION DOLLARS ($50,000,000.00) together with interest (computed on the basis of a year of 365 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 10.0% per annum. The principal indebtedness evidenced hereby shall be payable in full on June 12, 2010. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 30 and December 31, commencing December 31, 2000.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

SOUTHERN CONNECTICUT NEWSPAPERS, INC.

By _____
R. Mark Mallory
Assistant Treasurer

ATTEST:

_____
Crane H. Kenney
Secretary

mvainisi/tco-corp/tax/not-scni

## ALLONGE

This Allonge is made to that certain $50,000,000.00 Promissory Note (the "Note") dated as of June 12, 2000 by Southern Connecticut Newspapers, Inc., a Connecticut corporation ("Borrower"), in favor of Tribune Company, a Delaware corporation ("Tribune").

Borrower and Tribune agree that: (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"); (ii) interest on the Note shall henceforth at all times equal 7.25% per annum; (iii) henceforth, accrued interest shall be payable semi-annually, in arrears on each succeeding June 20 and December 20, commencing December 20, 2001; and (iv) the interest payable on the principal sum balance shall be computed on the basis of the actual days in a month and a year of 360 days. Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Lender in accordance with its terms.

Dated: As of June 20, 2001

SOUTHERN CONNECTICUT
NEWSPAPERS, INC.

By: _____
R. Mark Mallory, Assistant Treasurer

TRIBUNE COMPANY

By: _____
Crane H. Kenney, Senior Vice President

ACKNOWLEDGED AND AGREED:

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
James D. Shaw, Treasurer

mvainisi/tco-corp/tax/alg-scni

# PROMISSORY NOTE

Maximum Principal Amount:                                              As of June 12, 2000
U.S. $1,250,000,000                                                       Chicago, Illinois

    **FOR VALUE RECEIVED**, the undersigned, Los Angeles Times Communications LLC, a Delaware limited liability company ("Borrower"), HEREBY PROMISES TO PAY to the order of Tribune Company, a Delaware corporation (the "Lender"), the principal amount of ONE BILLION TWO HUNDRED FIFTY MILLION DOLLARS ($1,250,000,000.00) together with interest (computed on the basis of a year of 365 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 10.0% per annum. The principal indebtedness evidenced hereby shall be payable in full on June 12, 2010. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 30 and December 31, commencing December 31, 2000.

    Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

    The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

    This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

LOS ANGELES TIMES COMMUNICATIONS LLC

By: _____

       Crane H. Kenney
       Vice President

ATTEST: _____

_____

       Mark W. Hianik
       Secretary

## ALLONGE

This Allonge is made to that certain $1,250,000,000.00 Promissory Note (the "Note") dated as of June 12, 2000 by Los Angeles Time Communications LLC, a Delaware limited liability company ("Borrower"), in favor of Tribune Company, a Delaware corporation ("Tribune").

Borrower and Tribune agree that: (i) all of Tribune's right, title and interest in the Note be, and by this instrument is, assigned to Los Angeles Times International, Ltd., a California corporation ("LATI"); (ii) interest on the Note shall henceforth at all times equal 7.25% per annum; (iii) henceforth accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing December 20, 2001; and (iv) the interest payable on the principal sum balance shall be computed on the basis of the actual days in a month and a year of 360 days. Except as modified and amended in this Allonge, the Note remains in full force and effect, fully enforceable by LATI as the new Lender in accordance with its terms.

Dated: As of June 20, 2001

LOS ANGELES TIMES
COMMUNICATIONS LLC

By: _____
Crane H. Kenney, Vice President

TRIBUNE COMPANY

By: _____
Crane H. Kenney, Senior Vice President

**ACKNOWLEDGED AND AGREED:**

LOS ANGELES TIMES INTERNATIONAL, LTD.

By: _____
James D. Shaw, Treasurer

mvainisi/tco-corp/tax/alg-latc

# PROMISSORY NOTE

Maximum Principal Amount:  
U.S. $25,000,000

As of December 20, 2001  
Chicago, Illinois

**FOR VALUE RECEIVED**, the undersigned, Virginia Gazette Companies, LLC, a Delaware limited liability company ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of TWENTY FIVE MILLION DOLLARS ($25,000,000.00) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 7.10% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 20, 2011. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing June 20, 2002.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

VIRGINIA GAZETTE COMPANIES, LLC

By: _____  
R. Mark Mallory  
Assistant Treasurer

ATTEST:

_____  
Mark W. Hianik  
Assistant Secretary

# PROMISSORY NOTE

Maximum Principal Amount:
U.S. $5,000,000

As of December 20, 2001
Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, WTXX, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of FIVE MILLION DOLLARS ($5,000,000.00) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 7.10% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 20, 2011. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing June 20, 2002.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

WTXX, INC.

By: _R. Mark Mallory_
R. Mark Mallory
Assistant Treasurer

ATTEST:

_Mark W. Hianik_
Mark W. Hianik
Assistant Secretary

mvainisi/corporate/tax/wtxx note

# PROMISSORY NOTE

Maximum Principal Amount:
U.S. $84,000,000

As of December 20, 2001
Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, Tower Distribution Company, a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of EIGHTY FOUR MILLION DOLLARS ($84,000,000.00) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 7.10% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 20, 2011. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing June 20, 2002.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

TOWER DISTRIBUTION COMPANY

By: _____

R. Mark Mallory
Assistant Treasurer

ATTEST:

_____

Mark W Hianik
Assistant Secretary

# PROMISSORY NOTE

Maximum Principal Amount:  
U.S. $100,000,000

As of March 21, 2003  
Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, KPLR, Inc., a Missouri corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 4.84% per annum. The principal indebtedness evidenced hereby shall be payable in full on March 21, 2013. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing December 20, 2003.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Missouri.

KPLR, INC.

By: _____  
R. Mark Mallory  
Assistant Treasurer

ATTEST:

_____  
Mark W. Hianik  
Assistant Secretary

# PROMISSORY NOTE

Maximum Principal Amount:
U.S. $10,000,000

As of March 21, 2003
Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, Tribune Broadcast Holdings, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of TEN MILLION DOLLARS ($10,000,000.00) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 4.84% per annum. The principal indebtedness evidenced hereby shall be payable in full on March 21, 2013. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing December 20, 2003.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

TRIBUNE BROADCAST HOLDINGS, INC.

By: _____
R. Mark Mallory
Assistant Treasurer

ATTEST: _____
Mark W. Hianik
Assistant Secretary

mvainisi/corporate/tax/tribunebchold

# PROMISSORY NOTE

Maximum Principal Amount:
U.S. $80,000,000

As of January 1, 2003
Chicago, Illinois

**FOR VALUE RECEIVED,** the undersigned, Tribune Broadcast Holdings, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of EIGHTY MILLION DOLLARS ($80,000,000.00) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 4.99% per annum.   The principal indebtedness evidenced hereby shall be payable in full on January 1, 2013.  Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, commencing December 20, 2003.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds.  Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority:  (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

TRIBUNE BROADCAST HOLDINGS, INC.

By: _R. Mark Mallory_____
    R. Mark Mallory
    Assistant Treasurer

ATTEST:

_____
Mark W. Hianik
Assistant Secretary

mvainisi/corporate/tax/tribunebchold1

# PROMISSORY NOTE

Maximum Principal Amount:                                    January 1, 2003
U.S. $233,313,323                                            Chicago, Illinois


FOR VALUE RECEIVED, the undersigned, Tribune National Marketing Company, a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of TWO HUNDRED THIRTY THREE MILLION THREE HUNDRED THIRTEEN THOUSAND THREE HUNDRED TWENTY THREE DOLLARS ($233,313,323) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times at 4.99% per annum. The principal indebtedness evidenced hereby shall be payable in full on January 1, 2013. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing December 20, 2003.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United State of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

TRIBUNE NATIONAL MARKETING COMPANY

By _____

R. Mark Mallory, Assistant Treasurer


ATTEST:

_____
Mark W. Hianik, Assistant Secretary

# PROMISSORY NOTE

Maximum Principal Amount:
U.S. $53,000,000

July 24, 2003
Chicago, Illinois

FOR VALUE RECEIVED, the undersigned, Tribune Media Services, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of FIFTY THREE MILLION DOLLARS ($53,000,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times to 4.82% per annum. The principal indebtedness evidenced hereby shall be payable in full on July 24, 2013. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing December 20, 2003.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United State of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

TRIBUNE MEDIA SERVICES, INC.

By: _____
R. Mark Mallory, Assistant Treasurer

ATTEST:

_____
Mark W. Hianik, Assistant Secretary

# PROMISSORY NOTE

Maximum Principal Amount:                              December 20, 2006
U.S. $6,600,000                                        Chicago, Illinois

FOR VALUE RECEIVED, the undersigned, Tribune Media Net, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of SIX MILLION SIX HUNDRED THOUSAND DOLLARS ($6,600,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times at 7.5% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 20, 2016. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing December 20, 2006.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

TRIBUNE MEDIA NET, INC.

By: _____
    R. Mark Mallory, Assistant Treasurer

ATTEST:

_____
Mark W. Hianik, Assistant Secretary

# PROMISSORY NOTE

Maximum Principal Amount:                                   December 20, 2006
U.S. $142,000,000                                            Chicago, Illinois

FOR VALUE RECEIVED, the undersigned, Tribune Media Net, Inc., a Delaware corporation ("Borrower"), HEREBY PROMISES TO PAY to the order of Los Angeles Times International, Ltd., a California corporation (the "Lender"), the principal amount of ONE HUNDRED FORTY TWO MILLION DOLLARS ($142,000,000) together with interest (computed on the basis of a year of 360 days for the actual number of days elapsed) on the principal amount hereunder outstanding from and including the date hereof until said principal amount is paid in full, at an interest rate equal at all times at 7.5% per annum. The principal indebtedness evidenced hereby shall be payable in full on December 20, 2016. Accrued interest shall be payable semi-annually, in arrears, on each succeeding June 20 and December 20, respectively, commencing December 20, 2006.

Both principal and interest hereunder are payable prior to 11:00 a.m. (Chicago time) on the day for payment thereof in lawful money of the United States of America to the Lender in immediately available funds. Whenever any payment to be made hereunder shall be otherwise due on a Saturday, Sunday or public or bank holiday in Chicago, Illinois (any other day being a "Business Day"), such payment shall be made on the preceding Business Day.

The principal and all accrued interest hereunder may be prepaid by Borrower at any time. If less than the full amount of principal and accrued interest is prepaid, the amount paid shall be applied in the following order of priority: (a) first, on all accrued, unpaid interest hereunder, and (b) then, on the principal amount due hereunder.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of Delaware.

TRIBUNE MEDIA NET, INC.

By: _____
    R. Mark Mallory, Assistant Treasurer

ATTEST:

_____
Mark W. Hianik, Assistant Secretary