# TRIBUNE COMPANY
# BOARD OF DIRECTORS MEETING
# DECEMBER 12, 2006

The Tribune Company Board of Directors met at 9:40 a.m. on Tuesday, December 12, 2006 at Tribune Tower, Chicago, Illinois, pursuant to notice. The meeting was attended by Jeffrey Chandler, Dennis J. FitzSimons, Roger Goodan, Enrique Hernandez, Jr., Betsy D. Holden, Robert S. Morrison, William A. Osborn, J. Christopher Reyes, William Stinehart, Jr., Dudley S. Taft and Miles D. White.

Portions of the meeting were attended by Donald C. Grenesko, Crane H. Kenney, Timothy J. Landon, Thomas D. Leach, Luis E. Lewin, Ruthellyn Musil, John E. Reardon and Scott C. Smith. Tom Cole of Sidley Austin, Michael Costa of Merrill Lynch, Christina Mohr and Mike Schell of Citigroup, Chip Mulaney of Skadden Arps and Paul Taubman of Morgan Stanley also participated in portions of the meeting.

Mr. FitzSimons acted as chairman of the meeting and Mr. Kenney acted as secretary.

Mr. FitzSimons called the meeting to order at 9:40 a.m.

## EXECUTIVE SESSION

The directors met in executive session at the beginning of the meeting. Messrs. Grenesko, Kenney, Leach, Cole, Mulaney Whayne, Taubman and Costa and Ms. Mohr were present when the meeting was called to order. At the conclusion of executive session, Messrs. Landon, Lewin, Reardon and Smith and Ms. Musil joined the meeting.

## APPROVAL OF MINUTES

A motion was made, seconded and approved to adopt the minutes of the October 18, 2006 meeting of the Board of Directors.

## 2007 ANNUAL MEETING DATE

Mr. FitzSimons recommended a date and location for the Company's 2007 annual meeting of stockholders. A motion was made, seconded and approved to adopt the following resolution:

> RESOLVED, that the 2007 Annual Meeting of Stockholders of the Company shall be held at 11:00 a.m. on Wednesday, May 9, 2007 at Tribune Tower, 435 North Michigan Avenue, Chicago, Illinois and that the close of business on March 14, 2007 is hereby fixed as the record date for the determination of stockholders of the Company entitled to notice of, and to vote at said meeting.

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434077

## COMPANY PERFORMANCE

**2006 Projected Operating Results and Stock Performance Report**

Mr. Grenesko reviewed the projected financial performance of the Company for the fourth quarter and complete fiscal year. Mr. Grenesko reviewed operating profit by line of business and presented information regarding earnings per share and return on invested capital estimates. He then contrasted the Company's projected performance with the consensus estimates of Wall Street investment analysts. A discussion followed Mr. Grenesko's presentation.

**2007 Operating Plan**

Mr. Grenesko next reviewed the Company's proposed 2007 Operating Plan. A discussion followed Mr. Grenesko's presentation.

## DEVELOPMENT UPDATE

Mr. Leach discussed a written report submitted to the Board prior to the meeting regarding the status of current development activities. A discussion followed Mr. Leach's presentation.

## SOUTHERN CONNECTICUT NEWSPAPERS

Mr. Smith presented management's request for authority to sell Southern Connecticut Newspapers, In

## COMPENSATION & ORGANIZATION COMMITTEE REPORT

Mr. Morrison reported on the business discussed at the Compensation & Organization Committee held on Monday, December 12, 2005. Mr. Morrison first reported that the Committee reviewed a preliminary draft of the Committee's report on compensation to be included in the 2006 proxy statement.

Mr. Morrison then reported that management recommended accelerating vesting of certain "underwater" stock options given the little retention value of these options and as a means of reducing compensation expense. The Committee approved management's request to (i) accelerate the vesting of the 2005 employee stock option grants for all optionees and accelerate vesting of employee stock options from 2003 and 2004 for those executives whose grants were not previously accelerated and (ii) provide cash retention awards and severance arrangements to certain Broadcasting employees in advance of a potential transaction involving the Broadcasting Group.

Mr. Morrison reported that George B. Paulin of Frederic W. Cook & Co., Inc. advised the

2

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434078

Committee regarding certain compensation recommendations. The Committee discussed preliminary bonus projections for 2005, the use of restricted stock to retain key employees, market-based compensation adjustments and a proposal to use restricted stock as part of the Company's long-term incentive compensation.

**AUDIT COMMITTEE REPORT**

Mr. Osborn reported on the business discussed at the Audit Committee held earlier in the day. Mr. Osborn reported that the Committee reviewed with management the Company's process for evaluating income tax reserves. Mr. Osborn also reported on an SEC comment letter the Company received regarding the Company's 2004 10-K and the second quarter 2005 10-Q.

Mr. Osborn next reported that the Committee reviewed management's annual impairment review of intangible assets, the status of the Company's internal controls certification project, the internal audit status report, and the status of the Company's business continuity plans.

Mr. Osborn next reported on a management report on enterprise risk management. Finally, Mr. Osborn reported that the Committee performed its annual review and reassessment of the Committee charter and approved an amended and restated version to be submitted to the Board for approval at the February Board meeting.

At this point, Messrs. Dejanovic and Williamson joined the meeting.

**MATTHEW BENDER TAX APPEAL**

Messrs. Kenney and Williamson updated the Board on the status of the Matthew Bender tax appeal and answered questions from the Board. Mr. Williamson then departed the meeting.

**NEWSDAY LABOR UPDATE**

Mr. Lewin reported on the status of labor negotiations at Newsday. He discussed the open issues, schedule for resolving these issues, financial impact of various alternatives and business impact a workforce disruption would have on Newsday. A discussion followed Mr. Lewin's report.

**CIRCULATION UPDATE**

Mr. Smith presented an update on the circulation results for the Company's newspapers for the six-month ABC reporting period ended September 2005, and projected 4th quarter results for 2005. A discussion followed Mr. Smith's report.

**EDITORIAL SYSTEM REPLACEMENT PROJECT**

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434079

Mr. Dejanovic presented management's request for authority to invest $33 million in a new common editorial system that will transform the way content is edited in all ten Tribune Publishing newspaper markets. Mr. Dejanovic reviewed the cost components of the project, the cost savings to be achieved over time, the operational efficiencies that will result, the timing of implementation and alternatives to the project. Following discussion, a motion was made, seconded and approved to adopt the following resolutions:

> RESOLVED, that the Board of Directors of the Company hereby authorizes the Company (or any affiliate thereof) to invest up to $33 million in a new common editorial system benefiting all Tribune Publishing units;
>
> FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer, any Senior Vice President or any Vice President of the Company or the President, any Senior Vice President or any Vice President of Tribune Publishing Company be, and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such amounts, to purchase all such machinery and equipment, and to take all such actions as they may deem advisable or necessary in connection with the foregoing resolution and in order to fully effectuate the purposes of the foregoing resolution; and
>
> FURTHER RESOLVED, that all actions previously taken by or on behalf of the Company (or any affiliate thereof) in connection with the matters set forth in these resolutions be, and hereby are, ratified, confirmed and approved in all respects.

**SERVICE CENTER OVERVIEW**

A written report was submitted to the Board prior to the meeting regarding the status of the Company's three corporate service centers. Messrs. Dejanovic and Grenesko answered questions from the Board. Mr. Dejanovic then departed the meeting.

At this point, Mr. Ferguson joined the meeting.

**2006 INTERACTIVE FUNDING/CAREERBUILDER UPDATE**

Messrs. Landon and Ferguson presented a report on CareerBuilder and other Tribune Interactive initiatives. Mr. Landon first reviewed the operating and financial performance of Classified Ventures, ShopLocal and Topix. He also reviewed the funding requirements for ShopLocal and

4

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434080

Topix and answered questions from the Board on each interactive operation.

Mr. Ferguson then reviewed the performance of CareerBuilder in 2005, comparing its job postings, audience and revenues to Monster.com and other competitors. Mr. Ferguson discussed CareerBuilder's marketing and traffic arrangements and 2006 operating and financial goals. He also reviewed CareerBuilder's cash funding requirements for 2006. Messrs. Landon and Ferguson answered questions form the Board regarding CareerBuilder.

Following further discussion, a motion was made, seconded and approved to adopt the following resolutions for an additional investment in CareerBuilder:

> RESOLVED, that the Board of Directors of the Company hereby authorizes the Company (or any affiliate thereof) to invest up to an additional $15 million in CareerBuilder, LLC (the "Investment");
>
> FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer, any Senior Vice President or any Vice President of the Company, the President, any Senior Vice President or any Vice President of Tribune Publishing Company, the President or any Vice President of Tribune Interactive, Inc., or the President or any Vice President of Tribune National Marketing Company (the "Authorized Officers"), be and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to negotiate the terms of, document and execute agreements and instruments evidencing the Investment as such Authorized Officer executing the same may approve, such approval to be conclusively evidenced by such officer's execution thereof;
>
> FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such amounts, and to take all such actions as they may deem advisable or necessary in connection with the foregoing resolutions and in order to fully effectuate the purposes of the foregoing resolutions; and
>
> FURTHER RESOLVED, that all actions previously taken by or on behalf of the Company (or any affiliate thereof) in connection with the matters that are subject to these resolutions be, and hereby are, ratified, confirmed and approved in all respects.

Following discussion, a motion was made, seconded and approved to adopt the following resolutions for an additional investment in ShopLocal:

5

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434081

RESOLVED, that the Board of Directors of the Company hereby authorizes the Company (or any affiliate thereof) to invest up to an additional $13 million in ShopLocal, LLC (the "Investment");

FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer, any Senior Vice President or any Vice President of the Company, the President, any Senior Vice President or any Vice President of Tribune Publishing Company, the President or any Vice President of Tribune Interactive, Inc., or the President or any Vice President of Eagle New Media Investments, LLC (the "Authorized Officers"), be and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to negotiate the terms of, document and execute agreements and instruments evidencing the Investment as such Authorized Officer executing the same may approve, such approval to be conclusively evidenced by such officer's execution thereof;

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434082

amounts, and to take all such actions as they may deem advisable or necessary in connection with the foregoing resolutions and in order to fully effectuate the purposes of the foregoing resolutions; and

FURTHER RESOLVED, that all actions previously taken by or on behalf of the Company (or any affiliate thereof) in connection with the matters that are subject to these resolutions be, and hereby are, ratified, confirmed and approved in all respects.

Following discussion, a motion was made, seconded and approved to adopt the following resolutions for additional investment in Topix LLC:

RESOLVED, that the Board of Directors of the Company hereby authorizes the Company (or any affiliate thereof) to invest up to an additional $2 million in Topix LLC (the "Investment");

FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer, any Senior Vice President or any Vice President of the Company, the President, any Senior Vice President or any Vice President of Tribune Publishing Company, the President or any Vice President of Tribune Interactive, Inc. or the President or any Vice President of Eagle New Media Investments, LLC (the "Authorized Officers"), be and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to negotiate the terms of, document and execute agreements and instruments evidencing the Investment as such Authorized Officer executing the same may approve, such approval to be conclusively evidenced by such officer's execution thereof;

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such amounts, and to take all such actions as they may deem advisable or necessary in connection with the foregoing resolutions and in order to fully effectuate the purposes of the foregoing resolutions; and

FURTHER RESOLVED, that all actions previously taken by or on behalf of the Company (or any affiliate thereof) in connection with the matters that are subject to these resolutions be, and hereby are, ratified, confirmed and approved in all respects.

Mr. Ferguson then departed the meeting and Messrs. Costa, O'Grady and Faulstich joined the meeting.

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434083

**Broadcasting Update/ Merrill Lynch Report**

Mr. FitzSimons called the meeting to order following the recess and Mr. Leach provided an update regarding strategic alternatives for the Broadcasting Group. Mr. Leach reviewed a report provided to the Board regarding a variety of structural alternatives as well as potential transactions impacting the Company's ownership and affiliation with the WB television network. Mr. Leach then introduced Messrs. Costa, O'Grady and Faulstich.

Mr. Costa reviewed a report provided to the directors that analyzed a range of strategic alternatives for the Company. Mr. Costa reviewed the structure of possible transactions, likely valuation, uses of proceeds, synergies, tax impacts, equity market reaction, shareholder return and risks. Mr. O'Grady and Mr. Faulstich commented on the capital structure resulting from each alternative and capital market receptivity to the transactions. Throughout the presentation, the Board questioned Messrs. Costa, O'Grady and Faulstich.

After further discussion regarding the strategic alternatives described by management and Merrill Lynch, Messrs. Costa, Faulstich, Grenesko, Kenney, Landon, Leach, Lewin, O'Grady, Reardon and Smith and Ms. Musil departed the meeting.

**EXECUTIVE SESSION**

The directors then met in executive session with Mr. FitzSimons at the end of the meeting. Following discussion regarding the Merrill Lynch report, the Board authorized Mr. FitzSimons to further consider a spin-off of the Broadcasting Group and pursue a work plan that would enable such a transaction. The Board also discussed management's request for additional stock repurchase authority and a motion was made, seconded and approved to adopt the following resolutions:

> RESOLVED, that the Chairman, President and Chief Executive Officer, the Senior Vice President/Finance and Administration and the Vice President and Treasurer of Tribune Company (the "Company") are severally authorized to cause the Company to repurchase from time to time up to $1 billion of the Company's outstanding Common Stock (inclusive of $160 million of remaining authority under the most recent stock repurchase authorization);
>
> FURTHER RESOLVED, that all such repurchases shall be made by the Company or by any of the Company's subsidiaries either (a) in accordance with Rule 10b-18 under the Securities Exchange Act of 1934, as amended, including specifically the price limitations

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434084

thereof, or (b) in privately negotiated transactions, provided that in the case of private transactions (i) the price paid shall be no higher than two percent above the price at which repurchases pursuant to Rule 10b-18 could be made, and (ii) no purchases from "affiliates" of the Company (as the term is used in Rule 144 under the Securities Act of 1933, as amended) shall be made without approval in the specific case by a majority of disinterested directors of the Company;

FURTHER RESOLVED, that any shares of Common Stock so repurchased shall, at management's discretion, either be canceled and retired or added to the Company's treasury stock (directly or indirectly) and, if so added, may be used for sales to employees under the Company's Employee Stock Purchase Plan, for the exercise of stock options granted to employees of the Company and its subsidiaries and for other employee benefit plans;

FURTHER RESOLVED, that the Board of Directors adopts the form of any resolution consistent with the foregoing resolutions requested by any bank, trust company, broker, dealer or other person in connection with such repurchases, provided that the Secretary or the Assistant Secretary of the Company approves the resolution and inserts it in the minute book of the Company; and

FURTHER RESOLVED, that all action heretofore taken by the officers of the Company with respect to the foregoing matters is ratified and approved. The Chairman, President and Chief Executive Officer, any Senior Vice President, any Vice President, the Secretary, the Assistant Secretary, the Treasurer and the Controller of the Company are severally authorized and empowered to take such steps and do such things (including, without limitation, the payment of fees, charges and expenses), and to execute and file or deliver such documents, as may be required by law or as may be deemed necessary or advisable in their judgment or the judgment of counsel for the Company in connection with the matters set forth in these resolutions.

**ADJOURNMENT**

There being no further business to come before the Board, the meeting was adjourned at 2:10 p.m.

_____
Secretary

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434085