Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

May 9, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), the following representation is being made with respect to the assets and liabilities of **Tribune Company**, on a consolidated basis with all of its direct and indirect subsidiaries and equity interests (collectively "Tribune"). This representation is being made by a responsible officer of Tribune who can attest to the correctness of the following:

The undersigned, in his capacity as a responsible officer of Tribune represents to VRC that there have not been any material adverse changes in the assets or liabilities of Tribune between April 1, 2007 (the most recent draft balance sheet furnished to VRC) and the date hereof, that may materially affect, without limitation, Tribune's business operations or condition (financial or otherwise), except as listed below. If no material adverse changes have occurred, please state "none." Please provide an additional attachment if required.

<u>Description of Material Adverse Changes</u>

None

Respectfully Submitted,

Donald C. Grenesko
Senior Vice President/Finance & Administration

EXHIBIT
_Rucker 10_
_12/3/09 LS_

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

May 9, 2007

Valuation Research Corporation
500 Fifth Avenue, 39th Floor
New York, NY  10110

Ladies and Gentlemen:

Pursuant to the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), we provide the following representation regarding the statutory capital (as defined by applicable laws of the State of Delaware) of Tribune Company, on a consolidated basis with all of its direct and indirect subsidiaries, (collectively the "Company").

The undersigned, in his capacity as a duly authorized officer of the Company, represents to VRC that the statutory capital of the Company determined in accordance with the applicable provisions of the Delaware General Corporation Law, as of the date hereof and after giving effect to the proposed Step One Transactions (as defined in your opinion letter of even date), is accurately stated as follows:

As of April 1, 2007 Immediately Prior to the Step One Transactions:
| | |
|---|---|
| Shares of Capital Stock Issued | 388,328,005 |
| Per Share Par Value of Capital Stock (or Assigned Capital for No Par Shares) | $.01 |
| Aggregate Par Value of Capital Stock (or Assigned Capital for No Par Shares) (Total Statutory Capital) | $3,883,280 |

As of May 30, 2007 Immediately After and Giving Effect to the Consummation of the Step One Transactions:
| | |
|---|---|
| Shares of Capital Stock Issued | 388,328,005 |
| Per Share Par Value of Capital Stock (or Assigned Capital for No Par Shares) | $.01 |
| Aggregate Par Value of Capital Stock (or Assigned Capital for No Par Shares) (Total Statutory Capital) | $3,883,280 |

Respectfully Submitted,

Donald C. Grenesko
Senior Vice President/Finance and Administration

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

May 9, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), we provide the following representation with respect to **Tribune Company** ("Tribune"). This representation is being made by a duly authorized officer of Tribune who can attest to the correctness of the following:

> The provided financial forecasts of Tribune, on a consolidated and pro-forma basis, (as represented in the financial forecast model (ESOP Transaction Model dated April 4, 2007) provided to VRC reflect Management's best estimates, and, while such forecasts are subject to many factors outside Management's control, in Management's view they are reasonable and obtainable based on Management's involvement and understanding of the business operations, its markets, the strategic vision, the competitive landscape, and regulatory and economic trends.

Respectfully Submitted,

Donald C. Grenesko
Senior Vice President/Finance & Administration

Donald C. Grenesko
Senior Vice President/Finance
and Administration
312/222-3766

# TRIBUNE

Tribune Company
435 North Michigan Avenue
Chicago, Illinois 60611-4001

May 9, 2007

Valuation Research Corporation
500 Fifth Avenue
39th Floor
New York, NY 10110

Ladies and Gentlemen:

Pursuant to, and solely for the purpose of, the performance of certain procedures in connection with the solvency opinion of Valuation Research Corporation ("VRC"), the following representation is being made with respect to the Identified Contingent Liabilities (defined below) of **Tribune Company**, on a consolidated basis with all of its direct and indirect subsidiaries and equity interests, ("Tribune"). This representation is being made by a responsible officer of Tribune who can attest to the correctness of the following:

Identified Contingent Liabilities are defined as the reasonably estimated contingent liabilities that may result from, without limitation, threatened or pending litigation, asserted claims and assessments, environmental conditions, guaranties, indemnities, uninsured risks, purchase obligations, taxes and other contingent liabilities as identified and explained to VRC in terms of their nature, expected timing and estimated dollar amount by a responsible officer of Tribune. Identified Contingent Liabilities may not meet the criteria for accrual under Statement of Financial Accounting Standards No. 5 and, therefore, may not be recorded as liabilities under Generally Accepted Accounting Principles in the United States.

The undersigned, in his capacity as a responsible officer of Tribune, represents to VRC that all of the material Identified Contingent Liabilities of Tribune have been adequately provided for on Tribune's draft balance sheet as of April 1, 2007 (the most recent balance sheet furnished to VRC), with the exception of the following list, which represents all other material Identified Contingent Liabilities, and that there are no other material Identified Contingent Liabilities of Tribune expected to have a material adverse effect on Tribune. If no other material Identified Contingent Liabilities are present please state "none." Please provide an additional attachment if required.

Valuation Research Corporation
May 9, 2007
Page 2

| Description of Identified Contingent Liabilities Amount ($) | Expected Timing | Estimated |
|---|---|---|

[See Annex A Attached]

---

Respectfully Submitted,

Donald C. Grenesko
Senior Vice President/Finance & Administration

## Annex A: Identified Contingent Liabilities

1.   The payment of the earn-out for ForSaleByOwner.com (dependent upon achievement of specified EBITDA targets and capped at $32.5 million; current best estimate of ultimate liability is approximately $12 million).

2.   The payment of the earn-out for Island-Metro Publications (dependent upon achievement of certain cash flow targets and capped at $300,000).

3.   The obligations of the Company and its Subsidiaries, as applicable, under certain lease agreements are guaranteed by the Company or one of its Subsidiaries. (These obligations are not material in number or financial impact to the Company and, to the best of the Company's knowledge, are not expected to have a significant impact on the Company's financial condition on a going forward basis.)

4.   The payment of the Company's pro rata portion of the earn-out for NewCars.com (dependent upon achievement of certain performance targets and the Company's pro rata portion of such earn-out amount is capped at $2.8 million; current best estimate of ultimate liability is zero).

5.   As of March 5, 2007, the Company and its Subsidiaries had outstanding standby letters of credit in an aggregate amount of $59.6 million.

6.   The Company and its Subsidiaries, as applicable, have ongoing indemnification obligations in recent sale transactions, including, but not limited to, the sale of WATL-TV (Atlanta), the sale of WCWN-TV (Albany), the sale of WLVI-TV (Boston), the sale of an equity interest in BrassRing, LLC, the sale of *Hoy*, New York, the sale of the Interactive Program Guide patent portfolio, the sale of the San Fernando Valley printing facility and the sale of Southern Connecticut Newspapers, Inc. (These obligations are generally capped at negotiated maximums expressed as a percentage of the respective sales prices (typically less than 25% of the sales price absent fraud) and, to the best of the Company's knowledge, are not expected to result in any payouts by the Company.)

7.   In connection with the March 2005 acquisition of Topix LLC, beginning in March 2010, the Company may become obligated for its pro rata share (currently 42.5%) of the purchase price for the 20.69% minority interest owned by Topix management upon the exercise of the management put right (becoming exercisable anytime after March 2010 and until March 2015) or the TKG Internet Holdings II, LLC call right (becoming exercisable anytime after March 2011 and until March 2016). The purchase price for the 20.69% minority interest will be the fair market value of the interest at the time of the exercise of the put or call option, respectively. Based on the valuation from the last financing round in October 2006, this liability would be approximately $6.3 million.

8.   In connection with a potential investment by Microsoft Corporation of up to 5% in CareerBuilder, LLC, it is contemplated that Microsoft will have the ability to put its interest in CareerBuilder back to CareerBuilder at the end of seven years (earliest possible date would be January 1, 2014). As part of the investment

transaction, the Company will agree to fund up to 50% of the purchase price for Microsoft's contemplated investment of up to 5% in CareerBuilder in the event CareerBuilder does not have sufficient funds to consummate the purchase of the interest pursuant to the put option. (Maximum potential liability for this guaranty is $55.7 million).

9.    In connection with the inquiry of the United States Attorney for the Eastern District of New York (the "U.S. Attorney") into the circulation practices at *Newsday* and *Hoy*, New York (as disclosed in the Company's most recent Annual Report on Form 10-K) (the "Newsday/Hoy Matter"), the U.S. Attorney recently proposed a settlement in the Newsday/Hoy Matter by means of a deferred prosecution agreement with the Company and payment by the Company of a fine in the amount of $20 million. The Company reserves the right to continue to negotiate with the U.S. Attorney regarding the terms of a possible settlement in the Newsday/Hoy Matter and ultimately enter into a settlement agreement or other arrangement on no less favorable terms than those proposed by the U.S. Attorney.