After a brief recess, the full Board of Directors reconvened. Mr. Osborn reviewed the deliberations for the benefit of the Chandler Trust directors and Mr. Osborn asked whether the Chandler Trusts or their advisors planned to participate in the strategic process other than as shareholders. Mr. Stinehart responded that the Chandler Trusts had no plan to participate and he was not aware of their advisors participating. The Board then unanimously approved the engagement of Merrill Lynch and Citigroup to lead the review of strategic alternatives for the Company and the formation of a special committee to oversee the strategic review process. After discussion, it was unanimously agreed that the special committee would consist of Messrs. Hernandez, Morrison, Osborn, Reyes, Taft and White and Ms. Holden, with Mr. Osborn acting as chairman of the committee.

After further discussion, a motion was made, seconded and approved to adopt the following resolutions related to the TMCTs:

> RESOLVED, that the Board of Directors of Tribune Company (the "Company") deems it advisable and in the best interest of the stockholders of the Company to enter into a series of transactions whereby certain shares of (i) the Company's Common Stock and Series C Preferred Stock currently held by TMCT, LLC ("TMCT") and (ii) the Company's Common Stock, Series D-1 Preferred Stock and Series D-2 Preferred Stock currently held by TMCT II, LLC ("TMCT II") will be distributed to the Company and certain of its subsidiaries and affiliates (collectively, the "Distribution Transactions"), in each case in accordance with the Distribution Agreements (as defined below);

> FURTHER RESOLVED, that (i) the Distribution Agreement (the "TMCT Distribution Agreement"), among the Company, TMCT, Candle Holdings Corporation, Fortify Holdings Corporation, Chandler Trust No. 1 ("Trust No. 1") and Chandler Trust No. 2 ("Trust No. 2" and, together with Trust No. 1, the "Trusts") and (ii) the Distribution Agreement, among the Company, TMCT II, Fortification Holdings Corporation, Wick Holdings Corporation, Eagle New Media Investments, LLC, Eagle Publishing Investments, LLC, Trust No.1 and Trust No. 2 (the "TMCT II Distribution Agreement" and, together with the TMCT Distribution Agreement, the "Distribution Agreements"), each in substantially the form presented at this meeting and the transactions contemplated thereby, be and hereby are approved;

> FURTHER RESOLVED, that (i) the Amended and Restated Limited Liability Company Agreement of TMCT, LLC (the "Amended TMCT LLC Agreement") and (ii) the Second Amended and Restated Limited Liability Company Agreement of TMCT II, LLC (the "Amended TMCT II LLC Agreement" and, together with the Amended TMCT LLC Agreement, the "Amended LLC Agreements"), each in substantially the form presented at this meeting, be and hereby are approved;

> FURTHER RESOLVED, that (i) the letter agreement from the Trusts addressed to the Company and relating to certain put and call rights with respect to the Company's

6

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

remaining ownership interests in TMCT (the "TMCT Put/Call Agreement") and (ii) the letter agreement from the Trusts addressed to the Company and relating to certain put and call rights with respect to the Company's remaining ownership interests in TMCT II (the "TMCT II Put/Call Agreement" and, together with the TMCT Put/Call Agreement, the "Put/Call Agreements"), each in substantially the form presented at this meeting and the transactions contemplated thereby, be and hereby are approved;

FURTHER RESOLVED, that the Amended and Restated Lease Agreement, between the Company and TMCT (the "Amended Lease"), in substantially the form presented at this meeting and the transactions contemplated thereby, be and hereby is approved;

FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer, any Senior Vice President or any Vice President of the Company, or the President or any Vice President of any of the Company's subsidiaries or affiliates who are parties to any of the documents to be delivered in connection with the Distribution Transactions (the "Authorized Officers"), be and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to negotiate, document and execute such Distribution Agreements, Amended LLC Agreements, Put/Call Agreements, the Amended Lease and the related agreements, documents or instruments contemplated thereby with such changes therein as such officer or officers may deem necessary or advisable, all such determinations to be evidenced conclusively by such officer's or officers' execution thereof (such agreements, documents and instruments, as executed, the "Executed Agreements");

FURTHER RESOLVED, that the Authorized Officers of the Company be and hereby severally are authorized and directed to execute and deliver in the name and on behalf of the Company any amendments to the Executed Agreements and any of the related agreements referred to therein as such officer or officers may deem necessary or advisable, all such determinations to be evidenced conclusively by such officer's or officers' execution thereof;

FURTHER RESOLVED, that the transactions expressly contemplated by the Executed Agreements, including the Distribution Transactions and the distributions described in Section 4.6(a) of the TMCT Distribution Agreement and Section 4.6(a) of the TMCT II Distribution Agreement, be and hereby are approved for purposes of Section 203 of the Delaware General Corporation Law and for purposes of the Rights Agreement, dated as of December 12, 1997, between the Company and First Chicago Trust Corporation of New York, as Rights Agent, as amended by Amendment No. 1 to the Rights Agreement, dated as of June 12, 2000 (the "Rights Agreement"), and the Company be and hereby is authorized to enter into an amendment to the Rights Agreement, if necessary, to clarify that none of TMCT, TMCT II, Trust No. 1, Trust No. 2, or any of the trustees of such

7

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

trusts whose beneficial ownership of Tribune common stock is aggregated with such trusts shall be deemed to be an Acquiring Person under the Rights Agreement as a result of such transactions;

FURTHER RESOLVED, that following the Distribution Transactions, none of the Company's authorized 8% Cumulative Convertible Preferred Stock, Series C, without par value (the "Series C Preferred Stock"), will be outstanding, and the Company shall not issue any shares of the Series C Preferred Stock subject to the Amended Certificate of Designation of the Preferred Stock, Series C (without par value) of the Company, dated February 13, 2001, that has been previously filed by the Company with the Secretary of State of the State of Delaware;

FURTHER RESOLVED, that following the Distribution Transactions, none of the Company's authorized Preferred Stock, Series D-2, without par value (the "Series D-2 Preferred Stock"), will be outstanding, and the Company shall not issue any shares of the Series D-2 Preferred Stock subject to the Amended Certificate of Designation of the Preferred Stock, Series D-2 (without par value) of the Company, dated February 13, 2001, that has been previously filed by the Company with the Secretary of State of the State of Delaware;

FURTHER RESOLVED, that the Authorized Officers of the Company be and hereby severally are, authorized to engage such attorneys, accountants, consultants and other professionals as they, in their business judgment, deem necessary to effectuate the transactions contemplated herein, including the payment of fees in connection with services rendered pursuant to such engagements;

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such amounts, and to take all such actions as they may deem advisable or necessary in connection with the matters set forth in these resolutions and in order to fully effectuate the purposes of these resolutions; and

FURTHER RESOLVED, that all actions previously taken by or on behalf of the Company (or any affiliate thereof) in connection with the matters set forth in these resolutions be, and hereby are, ratified, confirmed and approved in all respects.

The Board then reviewed a press release announcing the commencement of the strategic review process and the TMCT distribution.

8

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**

**TRB-UR-0434055**

**ADJOURNMENT**

There being no further business to come before the Board, the meeting was adjourned at 6:00 p.m.

_____
Secretary

9

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only