executing the same may approve, such approval to be conclusively evidenced by such officer's execution thereof;

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such amounts, and to take all such actions as they may deem advisable or necessary in connection with the foregoing resolutions and in order to fully effectuate the purposes of the foregoing resolutions; and

FURTHER RESOLVED, that all actions previously taken by or on behalf of the Company (or any affiliate thereof) in connection with the matters that are subject to these resolutions be, and hereby are, ratified, confirmed and approved in all respects.

Following discussion, a motion was made, seconded and approved to adopt the following resolutions relating to the purchase of an additional equity interest in Topix:

RESOLVED, that the Board of Directors of the Company hereby authorizes the Company (or any affiliate thereof) to purchase up to an additional one-eighth interest in TKG Internet Holdings II, LLC for a purchase price of up to $11 million in connection with the Company's exercise of the call option contained in the TKG Internet Holdings II, LLC Limited Liability Company Agreement dated as of March 18, 2005 triggered by the acquisition of Knight-Ridder, Inc. by The McClatchy Company (the "Transaction");

FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer, any Senior Vice President or any Vice President of the Company, the President, any Senior Vice President or any Vice President of Tribune Publishing Company, the President or any Vice President of Tribune Interactive, Inc. or the President or any Vice President of Eagle New Media Investments, LLC (the "Authorized Officers"), be and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to negotiate the terms of, document and execute agreements and instruments evidencing the Investment as such Authorized Officer executing the same may approve, such approval to be conclusively evidenced by such officer's execution thereof;

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such amounts, and to take all such actions as they may deem advisable or necessary in connection with

6

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**

TRB0434036

the foregoing resolutions and in order to fully effectuate the purposes of the foregoing resolutions; and

FURTHER RESOLVED, that all actions previously taken by or on behalf of the Company (or any affiliate thereof) in connection with the matters that are subject to these resolutions be, and hereby are, ratified, confirmed and approved in all respects.

## BOARD APPROVAL MODIFICATION

Mr. Kenney presented management's request for approval to increase the Chairman, President and Chief Executive Officer's authority to approve divestitures from the current limit of $10 million to $25 million.  Following discussion, a motion was then made, seconded and approved to adopt the following resolutions:

RESOLVED, that the Chairman, President and Chief Executive Officer of the Company be, and hereby is, authorized, without further authorization or approval from this Board of Directors, in the name and on behalf of the Company (or any affiliate thereof) to approve the sale, transfer or other disposition by the Company (or any affiliate thereof) of assets of the Company (or any affiliate thereof), including the stock or other equity interests of any subsidiary of the Company or any affiliate thereof, in an amount not to exceed $25 million in any transaction or group of related transactions;

FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer be, and hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to negotiate, document and execute agreements and instruments evidencing any such sale, transfer or other disposition by the Company (or any affiliate thereof);

FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer be, and hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such amounts, and to take all such actions as he or she may deem advisable or necessary in connection with the matters set forth in these resolutions and in order to fully effectuate the purposes of these resolutions; and

FURTHER RESOLVED, the foregoing resolutions supersede the investment authority relating to dispositions adopted on May 7, 1996.

7

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

## LOS ANGELES TIMES INQUIRIES

Mr. FitzSimons reported that three parties inquired regarding the availability of the *Los Angeles Times* and referenced letters provided to the Board in that regard. Mr. Stinehart then reviewed conversations that representatives of the Chandler Trusts had with certain of the interested parties.

Mr. FitzSimons then introduced Christina Mohr to review strategic alternatives for the *Los Angeles Times*. Ms. Mohr then reviewed financial implications of the sale of the *Los Angeles Times*. Mr. Smith also commented on the operating implications of separating the *Los Angeles Times* from the Publishing Group. The Board responded with questions regarding Ms. Mohr's presentation.

Members of the Board questioned the efficacy of considering inquiries for the Company's assets on an individual basis before considering strategic alternatives for the Company as a whole. After discussion, it was agreed that Merrill Lynch and Citigroup should provide such a strategic review prior to the October Board meeting, that their analyses should be conducted independently of each other and that Messrs. Osborn, Stinehart, Morrison, Hernandez and Ms. Holden should be contacted prior to the meeting to ensure the review considers all potential alternatives.

The Board then authorized Mr. FitzSimons to respond to the inquiries that the Board unanimously agreed that the *Los Angeles Times* is not for sale at this time. The Board also requested that management work to assess whether a transaction to redeem its interests in the TMCTs could be reached that was in the best interest of all shareholders.

## COMPENSATION & ORGANIZATION COMMITTEE REPORT

Mr. Morrison reported on the business discussed at the Compensation & Organization Committee meeting held earlier in the day.

The Committee recommended that the Board approve management's recommendation to amend the Transitional Compensation Plan for Executive Employees to create a new Tier III level of benefits for 25 people. Following discussion, a motion was then made, seconded and approved to adopt the following resolutions:

> RESOLVED, that the Board of Directors of the Company hereby authorizes the amendment of the Tribune Company Transitional Compensation Plan for Executive Employees (the "Plan") to add a new Tier III level of benefits, consisting of (i) one times salary and one times target bonus, (ii) continuation of medical, life and disability insurance for one year, (iii) a protection period of 18 months and (iv) such other

8

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**

TRB0434038

provisions as the Compensation & Organization Committee shall approve, for executive employees designated by the Compensation & Organization Committee from time to time;

FURTHER RESOLVED, that the Tribune Company Employee Benefits Committee ("EBC") be, and hereby is, authorized (with full power of delegation), in the name and on behalf of the Board of Directors, to amend and make such changes to the Plan as the EBC considers necessary or desirable to effectuate the intent of the foregoing resolution; and

FURTHER RESOLVED, that the Secretary or Assistant Secretary of the Company is hereby authorized and empowered to take all steps necessary to effect the foregoing resolutions, including executing, delivering and filing such documents as may be required by law or as may be deemed necessary or proper in connection with the matters set forth in these resolutions.

Mr. Morrison then reported that the Committee discussed the responses to the Committee performance questionnaire distributed at the May Board meeting and summarized the responses for the Board. A discussion followed Mr. Morrison's report.

### NOMINATING & GOVERNANCE COMMITTEE REPORT

Mr. Hernandez reported on the business discussed at the Nominating & Governance Committee meeting held earlier in the day.

Mr. Hernandez reported that the Committee reviewed the Board's size, structure and meeting frequency and agreed that no changes were required at this time. Mr. Hernandez reported that following Ms. Maynard's retirement and Mr. Reyes election to the Audit Committee, the Committee recommended that Mr. Reyes be relieved of his duties on the Compensation & Organization Committee. The Board approved the recommendation regarding Mr. Reyes.

Mr. Hernandez also reported that the Committee reviewed the Board's Governance Guidelines in light of recent commentary on majority voting and after discussion, agreed that no changes were required at this time.

Mr. Hernandez then reported that the Committee discussed the Chandler Trust letter of July 17, 2006 and the obligations of all directors regarding confidentiality and the use of Board material. Mr. Hernandez reported that the Committee was advised by Tom Cole of Sidley Austin and the Chandler Trusts were represented at the meeting by Andy Bogen of Gibson Dunn & Crutcher. Mr. Hernandez stated that after much discussion, the Committee requested Messrs. Cole and Bogen to attempt to distill to writing all legal requirements regarding use of Board material and submit any areas of disagreement to an independent third law firm that the Committee would retain. A discussion followed Mr. Hernandez's report.

9

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**

**EXECUTIVE SESSION**

The directors then met in a second executive session.

**ADJOURNMENT**

There being no further business to come before the Board, the meeting was adjourned at 1:55 p.m.

_____
Secretary

10

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**

**TRB0434040**