# TRIBUNE COMPANY
## BOARD OF DIRECTORS MEETING
## OCTOBER 18, 2006

The Tribune Company Board of Directors met at 12:00 p.m. on Wednesday, October 18, 2006, at Tribune Tower, Chicago, Illinois, pursuant to notice.  The meeting was attended by Jeffrey Chandler, Dennis J. FitzSimons, Roger Goodan, Enrique Hernandez, Jr., Betsy D. Holden, Robert S. Morrison, William A. Osborn, J. Christopher Reyes, William Stinehart, Jr. and Miles D. White.

Portions of the meeting were attended by Donald C. Grenesko, Crane H. Kenney, Timothy J. Landon, Thomas D. Leach, Luis E. Lewin, Ruthellyn Musil, John E. Reardon and Scott C. Smith. Tom Cole of Sidley Austin LLP, Chip Mulaney of Skadden, Arps, Slate, Meagher & Flom LLP, Michael Costa of Merrill Lynch, Christina Mohr of Citigroup and Tom Whayne and Paul Taubman of Morgan Stanley also participated in portions of the meeting.

Mr. FitzSimons acted as chairman of the meeting and Mr. Kenney acted as secretary.

Mr. FitzSimons called the meeting to order at 12:00 p.m.

## EXECUTIVE SESSION

The directors met in executive session at the beginning of the meeting.  Messrs. Grenesko, Kenney, Leach, Cole, Mulaney, Whayne, Taubman and Costa and Ms. Mohr were present when the meeting was called to order.

Mr. Costa reviewed the status of the strategic review process and following discussion, a motion was made, seconded and approved to adopt the following resolutions:

> WHEREAS, the Company is in the process of evaluating various potential strategic transactions; and

> WHEREAS, the Board of Directors (the "Board") of the Company deems it advisable to establish a committee of the Board to oversee the process of seeking, reviewing and evaluating any proposed strategic transaction involving the Company (a "Potential Transaction");

> NOW, THEREFORE, BE IT:

> RESOLVED, that, pursuant to Section 141(c) of the Delaware General Corporation Law and Section 3.9.5 of the Company's By-Laws, as amended, a special committee of the Board (the "Special Committee") be, and it hereby is, created for the purpose of (i) overseeing the process of seeking, reviewing and evaluating Potential Transactions and (ii) if the Special Committee deems it appropriate, making a recommendation to the

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**

Board whether the terms of any Potential Transaction are in the best interests of stockholders of the Company and should be approved, if applicable, by the Board and/or by such stockholders;

FURTHER RESOLVED, that Enrique Hernandez, Jr., Betsy D. Holden, Robert S. Morrison, William A. Osborn, J. Christopher Reyes, Dudley S. Taft and Miles D. White be, and they hereby are, appointed to serve as members of the Special Committee, with William A. Osborn, the Company's lead independent director, to act as Chairman of the Special Committee;

FURTHER RESOLVED, that, the approval of these resolutions by the CT Directors (as defined in the Company's By-Laws, as amended), constitutes the agreement by the CT Directors to the composition of the Special Committee contemplated by Section 8.5 of the Company's By-Laws, as amended;

FURTHER RESOLVED, that the Special Committee be, and it hereby is, authorized to retain, at the Company's expense, legal counsel, financial advisors and such other advisors as the Special Committee shall deem necessary, appropriate or advisable, and to execute engagement letters and such other agreements on behalf of the Company in connection with the foregoing in such form as the Special Committee shall approve;

FURTHER RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed to, and to cause the Company's counsel, advisors and consultants to, inform the Special Committee and its counsel, advisors and consultants of any and all information requested by the Special Committee, its counsel, advisors and consultants;

FURTHER RESOLVED, that the Special Committee be, and it hereby is, authorized (i) to take, or cause to be taken, any and all action it deems necessary, appropriate or advisable in connection with the exercise of its authority pursuant to these resolutions and (ii) to direct the officers of the Company, or any of them, in the name and on behalf of the Company, to negotiate, execute and deliver in the name and on behalf of the Company, and to cause the performance of, any agreements or other documents and take any and all actions as the Special Committee may deem necessary, appropriate or advisable in connection with the foregoing;

FURTHER RESOLVED, that the Special Committee be, and it hereby is, authorized to adopt such procedures concerning its operation as it deems necessary, appropriate or advisable;

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

TRB0434066

FURTHER RESOLVED, that the Special Committee shall make such reports to the Board with respect to its activities at such times and in such manner as it considers appropriate;

FURTHER RESOLVED, that, to the fullest extent permitted by applicable law, the deliberations and records of the Special Committee shall be confidential and, without limiting the generality of the foregoing, all statutory and common law privileges shall be available with respect to legal advice rendered to, and documents prepared by counsel to assist, the Special Committee in its deliberations;

FURTHER RESOLVED, that each member of the Special Committee shall be entitled to be indemnified by the Company to the fullest extent permitted by applicable law and the Company's Amended and Restated Certificate of Incorporation (such right to indemnification to include the advancement of expenses and the right to bring suit to enforce such rights to indemnifications and advancement of expenses, all as provided in the Company's Amended and Restated Certificate of Incorporation); and

FURTHER RESOLVED, that the officers of the Company be, and each of them hereby is, authorized and directed to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further documents and agreements in the name and on behalf of the Company, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable in order to carry out filly the intent and purposes of the foregoing resolutions.

At the conclusion of the executive session Mr. Costa and Ms. Mohr departed the meeting. Messrs. Landon, Lewin, Reardon and Smith and Ms. Musil joined the meeting.

## APPROVAL OF MINUTES

A motion was made, seconded and approved to adopt the minutes of the July 19 and September 21, 2006 Board of Directors meetings.

## COMMON STOCK AND PREFERRED STOCK DIVIDENDS

A motion was made, seconded and approved to adopt the following resolutions:

RESOLVED, that there is hereby declared a dividend of $.18 per share on the common stock of the Company payable on December 14, 2006 to stockholders of record at the close of business on November 30, 2006; and

FURTHER RESOLVED, that there is hereby declared a dividend of $8.6375 per share on the Series D-1 Convertible Preferred Stock of the Company payable on December 14, 2006 to stockholders of record at the start of business on December 14, 2006.

3

Professionals' Eyes Only
Highly Confidential -- Attorneys' Eyes Only

## THIRD QUARTER OPERATING RESULTS AND PROJECTIONS

Mr. Grenesko reviewed the third quarter operating results of each of the Company's lines of business and commented on factors impacting the results.  Mr. Grenesko next reviewed the performance of the Company's stock and market factors affecting the stock.  Mr. Grenesko also reviewed operating performance trends for the Company compared to its industry peers.  Mr. Grenesko then answered questions from the Board.

## WEB WIDTH REDUCTION CAPITAL REQUEST

Mr. Smith presented management's request for approval for a $24.5 million capital investment to reduce printing press web widths at seven Tribune Publishing newspaper business units. Following discussion, a motion was made, seconded and approved to adopt the following resolutions:

> RESOLVED, that the Board of Directors of the Company hereby authorizes the Company (or any affiliate thereof) to invest up to $24.5 million to reduce printing press web widths at certain of the Tribune Publishing Company newspaper business units;

> FURTHER RESOLVED, that the Chairman, President and Chief Executive Officer, any Senior Vice President or any Vice President of the Company or the President, any Senior Vice President or any Vice President of Tribune Publishing Company be, and each of them hereby is, authorized (with full power of delegation) in the name and on behalf of the Company (or any affiliate thereof) to make all such arrangements, to do and perform all such acts and things, to execute and deliver all such agreements, certificates, instruments and documents, to make all governmental, regulatory or other filings, to pay all such amounts, to purchase all such machinery and equipment, and to take all such actions as they may deem advisable or necessary in connection with the foregoing resolution and in order to fully effectuate the purposes of the foregoing resolution; and

> FURTHER RESOLVED, that all actions previously taken by or on behalf of the Company (or any affiliate thereof) in connection with the matters set forth in these resolutions be, and hereby are, ratified, confirmed and approved in all respects.

## DEVELOPMENT UPDATE

Mr. Leach discussed a written report submitted to the Board prior to the meeting regarding the status of other current development activities.  A discussion followed Mr. Leach's presentation.

## INTERACTIVE STRATEGIC REVIEW

Mr. Landon discussed a written report submitted to the Board prior to the meeting regarding the status of current online initiatives.  A discussion followed Mr. Landon's presentation.

4

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**

Messrs. Landon, Leach, Lewin, Reardon and Smith and Ms. Musil departed the meeting.

**AUDIT COMMITTEE REPORT**

Mr. Osborn reported on the business discussed at the Audit Committee meeting held earlier in the day.

Mr. Osborn reported that the Committee reviewed third quarter financial results and a draft of the press release to be issued the following morning.

The Committee also reviewed the status of the internal controls certification project. Mr. Osborn noted that the overall results of this year's review have been good. To date, no material weaknesses requiring disclosure have been identified and the two significant deficiencies reported to the Committee in February have been resolved.

Mr. Osborn next reported that the Committee reviewed the internal audit status report. Mr. Osborn noted that, in light of recent media attention and SEC scrutiny regarding option backdating, the Committee requested that Internal Audit conduct a review of the Company's stock option practices. The review found no issues with the Company's stock option practices.

Mr. Osborn reported on an investigation being conducted by Internal Audit and Tribune's legal department into certain fraudulent schemes perpetrated by the former director of finance and other former employees of the Los Angeles Times' Recycler subsidiary. Mr. Osborn also reported on the status of management's strategic alternatives review for Recycler.

The Committee next reviewed with management a report summarizing the accounting policies relating to Tribune's interactive businesses. The Committee requested the report as part of its ongoing effort to better understand the Company's significant accounting policies.

The Committee also discussed the results of the annual audit of executive expense reports and travel logs for the Company jet. The Committee determined that the executives complied with the Company's travel and entertainment policies and usage of the Company plane was appropriate and adequately documented.

Mr. Osborn then reported that the Committee reviewed (i) the Company's procedures for handling complaints relating to accounting, internal controls or auditing matters and (ii) the Company's policies regarding hiring current of former employees of its independent accountants. The Committee determined the Company's practices and policies in these two areas were satisfactory.

5

**Professionals' Eyes Only**
**Highly Confidential -- Attorneys' Eyes Only**